

| | | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Acting Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | **BRACHAH GOYKADOSH**<br>*Senior Counsel*<br>bgoykado@law.nyc.gov<br>Phone:  (212) 356-3523<br>Fax:  (212) 356-1148 |

November 10, 2020

**By ECF**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Jarrett Payne, et al. v. Mayor Bill de Blasio, et al.*, 20 Civ. 8924 (CM)

Your Honor:

      I am a Senior Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, and the attorney assigned to represent defendants City of New York, Mayor Bill de Blasio, Police Commissioner Dermot Shea, and Chief of Department Terence Monahan.  In that capacity, I write to respectfully request that the Court: (1)  extend defendants' time to answer or otherwise respond to the Complaint; (2) extend the time to file the scheduling order; and (3) adjourn the initial conference currently scheduled for January 29, 2021.

      This case involves eleven plaintiffs, over forty defendants, various dates of incident, and 184 paragraphs of serious accusations of civil rights violations.  Plaintiffs initiated this action pursuant to 42 U.S.C. § 1983 on October 26, 2020 against defendants, the identities of most of whom are unknown.  ECF No. 1.  All eleven plaintiffs claim violations of their constitutional rights by members of the New York City Police Department at protests during the spring of 2020.  ECF No. 1.  As a result of these actions, plaintiffs purport to have suffered damages, ranging from significant emotional distress to a fractured right arm.  ECF No. 1.

      Because this action was initiated pursuant to 42 U.S.C. § 1983, certain provisions of Local Civil Rule 83.10 govern this action.  *See* Local Civil Rule 83.10.  Specifically, plaintiffs are required to provide releases—§ 160.50 releases unsealing the arrest and prosecution records related to this lawsuit and medical releases—when serving defendants with the Complaint.  Plaintiffs have not yet done so.  On Monday, November 9, 2020, plaintiffs informed defendants that they would serve these required releases by the end of this week or by the beginning of next week. As eleven plaintiffs bring this action, however, the deadlines in Local Civil Rule 83.10, such as the eighty-day extension of time to answer, do not automatically apply.

Defendants now request that the Court extend their time to answer or otherwise respond to the Complaint until eighty-days after receiving the required releases from plaintiffs. The answer is currently due on November 18, 2020 for defendants City of New York and Mayor de Blasio; it is due on November 19, 2020 for defendants Commissioner Shea and Chief Monahan. ECF No. 20. This is defendants' first request of this kind. Plaintiffs do not consent to this request because plaintiffs believe an eighty-day extension is excessive. Plaintiffs instead propose a forty-five-day extension of time. But an eighty-day extension of time is reasonable and not excessive. There are several reasons to grant defendants' request.

First, this extension is necessary as it will give the defense a chance to investigate, evaluate, and respond to the allegations in the Complaint. To sufficiently investigate and respond to the allegations, the undersigned must obtain and review certain documents. As plaintiffs have not identified thirty-four of the individual officers, the undersigned must request information and records from the appropriate custodial agencies. The defense cannot access these documents without the required releases from plaintiffs. Once defendants receive the required releases, the releases will be promptly forwarded to the appropriate agencies for access to and production of the relevant records.

Second, this extension of time is necessary in light of the continuing COVID-19 public health crisis. Due to the global pandemic, the agencies that defendant City of New York must regularly communicate and coordinate with continue to face communication and access challenges. These challenges cause extensive delays in the agencies' ability to fulfill document and information requests. This prevents defendants from having the information necessary to assess this matter and otherwise conduct regular business as quickly as prior to the pandemic.

Third, eighty days is the standard amount of time granted in these types of cases, most of which only have a single plaintiff. This case has eleven plaintiffs. Particularly given that this case will be document-intensive and because of the continuing pandemic, more than forty-five days is necessary to obtain all the documents, review the documents, and respond to the Complaint. Indeed, if the drafters of Local Civil Rule 83.10 believed that eighty days was a reasonable amount of time during a normal time in a case with a single plaintiff, then surely, *a fortiori*, an eighty-day extension of time in this case is reasonable. The purpose of Local Civil Rule 83.10 is efficient litigation. There is no reason to deviate from the Local Civil Rule 83.10 timeline here. Defendants respectfully encourage the Court to designate this case for full participation in Local Civil Rule 83.10. But if not, at the very least, the Court should grant an eighty-day extension of time to respond to the Complaint.

Defendants also request that the Court extend the deadline to file the pre-trial scheduling order until after a response to the Complaint is filed and similarly adjourn the initial conference. ECF No. 16. The pre-trial scheduling order is due on November 27, 2020 and the initial conference is currently scheduled for January 29, 2021 at 9:45 a.m. ECF No. 16. The reason for these requests is that defendants cannot meaningfully complete a pre-trial scheduling order without first assessing the full scope of documents that exist in this case. Furthermore, the defense cannot meaningfully attend and participate in an initial conference without first

evaluating the allegations in the Complaint. Plaintiffs do not consent to this request[1] as plaintiffs believe it is excessive and wish to litigate this case on an efficient timeline. [2]

Finally, a stay of this matter may be appropriate. Defendants respectfully inform the Court that they have learned that at least four of the plaintiffs in this action have initiated Civilian Complaint Review Board investigations.[3] While these investigations are open, this Office may not be able to speak to any of the officers who are the subjects of those investigations. This further limits the amount of information available to the defense and hinders the defense's ability to fully participate in discovery. Furthermore, should any of the individual officers who are being investigated be named as defendants, this Office cannot determine representation until the investigation is complete. The defense may need to request a stay of this matter if these disciplinary investigations have not been resolved by the time the answer is due. Plaintiffs have informed defendants that "[i]n terms of the suggested stay pending the CCRB investigations, [plaintiffs] would object to any such stay and do not believe that it could be justified by the circumstances of the case."

Therefore, defendants respectfully request that the Court extend defendants' time to answer or otherwise respond to the Complaint to eighty days after receiving the required releases from plaintiffs. Defendants also respectfully request that the Court extend the time by which the pre-trial scheduling order is due and the similarly adjourn the initial conference to after the answer or any response to the Complaint has been filed.

Thank you for your consideration herein.

Respectfully submitted,

Brachah Goykadosh
*Senior Counsel*
Special Federal Litigation Division

---

[1] Given that November 27, 2020 is the day after Thanksgiving, plaintiffs would consent to a reasonable extension of time to file the pre-trial scheduling order only.

[2] As plaintiffs have not yet provided the releases, defendants cannot provide the Court with a proposed revised scheduling order. Should it please the Court, the defense will provide the Court with a proposed revised scheduling order upon receiving all the required releases from plaintiff. But assuming that defendants receive all the releases by November 16, 2020, an eighty-day extension of time would mean the answer would be due on February 4, 2021. Should it be convenient for the Court, the pre-trial scheduling order and the initial conference could be as early as the week of February 8, 2020. Therefore, adjourning the initial conference or date by which the pre-trial order is due only very marginally affects this action's timeline.

[3] This Office does not yet know whether any of the plaintiffs have initiated Internal Affairs Bureau investigations, which would have the same impact on this litigation.

cc: Christopher Thomas Dunn
    Molly Knopp Biklen
    Jessica Perry
    New York Civil Liberties Union
    125 Broad Street, 17th floor
    New York, New York 10004

Corey Stoughton
Jennvine Wong
Legal Aid Society
199 Water Street
New York, New York 10036