

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**BRACHAH GOYKADOSH**
*Senior Counsel*
bgoykado@law.nyc.gov
Phone: (212) 356-3523
Fax: (212) 356-1148

January 13, 2021

**By ECF**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Jarrett Payne, et al. v. Mayor Bill de Blasio, et al.*, 20 Civ. 8924 (CM)
              *Charles Henry Wood v. City of New York, et al.*, 20 Civ. 10541 (CM)

Your Honor:

      I am a Senior Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, and the attorney assigned to the defense in the two above-referenced matters. I write to respectfully request the Court de-consolidate these matters as they are not appropriate for consolidation.

      Plaintiff filed the *Wood* action pursuant to 42 U.S.C. § 1983 on December 14, 2020, alleging that his civil rights were violated by members of the New York City Police Department at a protest during the spring. ECF No. 1.[1] On that same date, plaintiff also filed a Statement of Relatedness, explaining that this case was related to *Payne* because, according to plaintiff, in essence, both cases "present systemic challenges to the NYPD's response to the George Floyd / Black Lives Matter demonstrations in the summer of 2020" and "[t]he two cases are likely to involve very similar discovery[.]" ECF No. 3. The cases were accepted as related. *See* ECF Entry dated December 15, 2020. On December 21, 2020, defendant City of New York was served with process in *Wood*.[2] ECF No. 24. Defendant City of New York requested that *Wood* be designated for participation in the Local Civil Rule 83.10 Plan. ECF No. 26. On January 11, 2021, the Court *sua sponte* consolidated *Wood* with *Payne*. ECF No. 27. The Court

---

[1] The ECF entries referred to herein are those in the *Wood* action only.
[2] Pursuant to Rule 4(d)(1) of the Federal Rules of Civil Procedure, the individual defendants in *Wood* were served with a waivers of service on December 22, 2020. In accordance with Rule 4(d)(1)(F), the waivers of service are due on January 21, 2021; and in accordance with Rule 4(d)(3), the response to the Complaint on behalf of these defendants is due on February 22, 2021.

noted this consolidation was "for all purposes" and that *Wood* was exempted from Local Civil Rule 83.10. ECF No. 27.

Respectfully, *Wood* should not be consolidated with *Payne* for all purposes. As an initial matter, consolidation would not serve Rule 1 or Rule 42 of the Federal Rules of Civil Procedure. First, starting with Rule 1, which emphasizes that a civil action should be "just, speedy, and inexpensive," consolidating these actions may hinder this goal. This is because *Payne*, an eleven plaintiff case, will require more intensive fact discovery and a lengthier fact discovery period than *Wood*. Furthermore, because a number of plaintiffs in *Payne* have outstanding Civilian Complaint Review Board complaints, which are still being investigated, a stay may be necessary in that case. Thus, the *Wood* case can move more speedily and inexpensively if it is not consolidated with *Payne*. Second, turning now to Rule 42, *Wood* does not involve a common question of law or fact to *Payne*. Indeed, there is no claim for municipal liability asserted in *Payne*.[3] The facts in each case are different.[4] Both cases simply happen to involve encounters between law enforcement and protestors. That the same high-ranking members of service are being sued in both cases does not automatically mean there are the same questions of law and fact in both cases, particularly when those questions of law are not even asserted. Thus, consolidation would not serve the Federal Rules of Civil Procedure.

To be sure, to the extent both *Wood* and *Payne* both proceed to discovery, there may be some utility in consolidation for limited discovery purposes at that point.[5] However, this assumes that any claims against high-ranking officials will survive motion practice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; in light of the Second Circuit's very recent decision in *Tangreti v. Bachmann*, No. 19-3712, 2020 U.S. App. LEXIS 40392 (2d Cir. Dec. 28, 2020); and in accordance with the Court's Individual Rules of Practice, which specifically require motions asserting qualified immunity prior to interposing an answer. Moreover, while consolidation for discovery may be appropriate at a later juncture, now it is too early to make that determination.

---

[3] The only claims asserted in *Payne* are excessive force (first and second causes of action); First Amendment (third cause of action); state law right to speech (fourth cause of action); and false arrest (fifth and sixth cause of action). Furthermore, in *Payne,* only one of the eleven plaintiffs has complied with the state law requirements pursuant to New York General Municipal Law, which are necessary to pursue their claims.

[4] According to the allegations in *Payne*, two of the plaintiffs in that action were presumably at the same protest as the plaintiff in *Wood*. That protest is the June 4, 2020 protest in Mott Haven, New York.

[5] For instance, in eight Occupy Wall Street protest cases, where the plaintiffs alleged that they were arrested and/or affected by pepper spray which was discharged by a single high-ranking member of service at a single incident on September 24, 2011, the late Honorable Robert W. Sweet consolidated the cases "for discovery purposes, with all non-*Monell* fact discovery to be given priority over discovery related to *Monell* claims." *See* Order dated November 30, 2012, annexed hereto as Exhibit "A."

Thus, defendant City of New York respectfully requests that the Court de-consolidate *Wood* from *Payne* for all purposes. To the extent consolidation would be appropriate during discovery and would serve the interest of efficiency, defendants would not object to considering limited consolidation for discovery purposes at that juncture.

Thank you for your consideration herein.

Respectfully submitted,

Brachah Goykadosh
*Senior Counsel*
Special Federal Litigation Division

cc: Douglas Edward Lieb, Esq.
*Attorney for Plaintiff in Wood*
Kaufman Lieb Lebowitz & Frick LLP
10 East 40th Street
Suite 3307
New York, New York 10016

Christopher Thomas Dunn
Molly Knopp Biklen
Jessica Perry
*Attorneys for Plaintiffs in Payne*
New York Civil Liberties Union
125 Broad Street, 17th floor
New York, New York 10004

Corey Stoughton
Jennvine Wong
*Attorneys for the Plaintiffs in Payne*
Legal Aid Society
199 Water Street
New York, New York 10036