

January 22, 2021

**By ECF**

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Jarrett Payne*, *et al.*, *v. Mayor Bill de Blasio*, *et al.*, 20 Civ. 8924 (CM)
       *Charles Henry Wood v. City of New York, et al.*, 20 Civ. 10541 (CM)
       *State of New York v. City of New York, et al.*, 21 Civ. 322 (CM)

Dear Chief Judge McMahon:

We represent the plaintiffs in *Payne, et al. v. de Blasio, et al.*, 20 Civ. 8924 (CM), who bring claims under the First and Fourth Amendment and the state constitution against Mayor Bill de Blasio, Police Commissioner Dermot Shea, Chief of Department Terence Monahan, the City of New York, and several individual police officers.[1] The *Payne* plaintiffs do not object to defendants' motion to deconsolidate *Payne* and *Charles Henry Wood v. City of New York*, *et al.,* 20 Civ. 10541. Regardless of whether *Payne* and *Wood* remain consolidated, the plaintiffs do not believe that further consolidation with *State of New York*, 21 Civ. 322, is appropriate. Instead, after consultation with the plaintiffs in all three related cases, plaintiffs submit that a joint scheduling order, joint discovery where appropriate, and close coordination of motion practice on common issues will be sufficient to avoid unnecessary cost or delay in these matters.[2]

Rule 42(a) provides that if "actions before the court involve common questions of law or fact, the court may" consolidate or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Hall v. Hall*, 138 S. Ct. 1118, 1124 (2018) (noting that courts may take one of three measures under Rule 42 for cases involving common questions of law or fact). This Court has significant discretion "to determine whether consolidation is appropriate." *BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 141 (S.D.N.Y. 2000) (citation omitted). Here, the related cases contain several common issues of law and fact regarding the policies and practices of the

---

[1] A typo in plaintiffs' letter dated January 15, ECF No. 26, mistakenly referred to their Fourth Amendment claim as one under the Fourteenth Amendment.

[2] Plaintiffs understand that another case, *Sow et al. v. City of New York et al*, 21 Civ. 533, has been filed as related on January 21, 2021, but counsel for the *Payne* plaintiffs have not yet had an opportunity to consult with their counsel.

New York City Police Department with respect to excessive force against and unlawful arrest and detention of demonstrators at protests in the wake of George Floyd's death. Given the scope of the State of New York's case, however, and the distinctions among the plaintiffs, a case management order to avoid duplicative discovery and provide for coordinated briefing schedules on common issues will be more efficient than consolidation in all respects.

The plaintiffs understand that the Court has set a conference for February 5, 2021, and will be prepared to discuss how to proceed without unnecessary delay.

Thank you for your attention to this matter.

Respectfully submitted,

By: /s/ Molly K. Biklen
Molly K. Biklen
Jessica Perry
Daniel R. Lambright
Lisa Laplace
Christopher T. Dunn
New York Civil Liberties Union
    Foundation
125 Broad Street, 19th Floor
New York, N.Y. 10004
(212) 607-3300
mbiklen@nyclu.org
jperry@nyclu.org
dlambright@nyclu.org
llaplace@nyclu.org
cdunn@nyclu.org

By: /s/ Corey Stoughton
Corey Stoughton
Jennvine Wong
The Legal Aid Society
199 Water Street
New York, N.Y. 10038
(212) 577-3367
cstoughton@legal-aid.org
jwong@legal-aid.org

*Attorneys for Plaintiffs in 20 Civ. 8924*

CC:   Douglas E. Lieb
      Kaufman Lieb Lebowitz & Frick LLP
      C*ounsel for plaintiff in 20 Civ. 10541*

      Jessica Clarke, *Chief of Civil Rights Bureau*
      Lillian Marquez, *Assistant Attorney General*
      Morenike Fajana, *Special Counsel*
      Travis England, *Assistant Attorney General*
      Gregory Morril, *Assistant Attorney General*
      Office of the New York State Attorney General
      *Counsel for plaintiff in 21 Civ. 322*