

GEORGIA M. PESTANA
*Acting Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

BRACHAH GOYKADOSH
*Senior Counsel*
bgoykado@law.nyc.gov
Phone:  (212) 356-3523
Fax:  (212) 356-1148

February 3, 2021

**By ECF**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

> Re:     *Jarrett Payne, et al. v. Mayor Bill de Blasio, et al.*, 20 Civ. 8924 (CM)
> *Charles Henry Wood v. City of New York, et al.*, 20 Civ. 10541 (CM)
> *People of the State of New York v. City of New York, et al.*, 21 Civ. 322 (CM)

Your Honor:

I am a Senior Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, and the attorney assigned to represent defendants City of New York, Mayor Bill de Blasio, Police Commissioner Dermot Shea, and Chief of Department Terence Monahan in the three above-referenced matters.  In that capacity, I write to respectfully request that the Court *sine die* extend defendants' time to respond to the Complaints in these actions until after the conference.   This requested extension does not affect any other dates or deadlines.

As the Court is aware, the three above-reference actions, as well as *Sow, et al. v. City of New York*, 21 Civ. 533 (CM), have been designated as related.  *See* ECF No. 30.[1]  Plaintiffs initiated these actions pursuant to 42 U.S.C. § 1983 claiming various violations of their constitutional rights by members of the New York City Police Department following the Racial Justice protests in May 2020 and June 2020.[2]  On January 11, 2021, the Court *sua sponte* consolidated *Payne* and *Wood*.  ECF No. 24.  Defendants moved to de-consolidate these actions.  ECF No. 25.  Plaintiffs did not object to defendants' motion to de-consolidate and noted that they did not believe that consolidation of *Payne* and *People* would be appropriate.  ECF No. 29.  The Court scheduled an in-person conference for the week of  February 16, 2021[3] to understand

---

[1] All citations to Electronic Case Filing in this letter refer to the *Payne* Docket Sheet.

[2] The protests are referred to by different monikers in the different actions.  *People* refers to the protests as the "2020 Racial Justice protests."  For consistency and simplicity's sake, the defense will refer to the protests as the "Racial Justice protests."

[3] A specific date for the conference has not yet been set.

"how to manage these cases and start them moving."  ECF No. 30.  The Court instructed the parties to "be prepared to discuss anticipated motions, coordinated discovery, and reasons why these cases should or should not be consolidated."[4]  ECF No. 30.  Defendants now seek a *sine die* extension of time, until after the conference, to answer or otherwise respond to the Complaints in these three actions.[5]

Each of these three cases has slightly different deadlines and positions from counsel concerning an extension of time.  The response to the Complaint in *Payne* is due on February 8, 2021; the response to the Complaint in *Wood* is due on February 22, 2021; and the response to the Complaint in *People* is due on February 11, 2021.  Plaintiffs in *Payne* and *Wood* do not consent to this request at all.  Plaintiffs in *Payne* have withheld consent because "[t]he *Payne* complaint was filed on October 26, 2020, and further delay without end would substantially prejudice the plaintiffs."  Plaintiff in *Wood* has withheld consent because "the current deadline for the City's response is itself the result of an extension to which [counsel] previously consented and falls after the scheduled conference anyway [and] [s]ince [defense counsel] have not articulated a specific reason for a further extension, especially an indefinite one[.]"  Plaintiff in *People* do not consent a *sine die* extension of time; however, plaintiff in *People* would consent to an approximately 30 day extension of time from the date of the conference.

Each of these cases also has a slightly different procedural history with regards to extension of time.  This is essentially the first request for an extension of time in two out of the three actions.  In *People*, this is the first request for an extension of time to respond to the Complaint for all the defendants, including the City of New York.  In *Wood*, this is the first request for an extension of time to respond to the Complaint for all of the defendants, except for the City of New York.[6]  *Payne* is different; in *Payne*, defendants requested an eighty day extension of time to respond to the Complaint from the date of receiving all the required releases from plaintiffs.  ECF No. 21.  The Court granted the request in *Payne*.  ECF No. 22.

There are three reasons why defendants' request for a *sine die* extension of time should be granted.  The first reason is efficiency.  The second reason is necessity.  The third reason is the interests of justice.  Starting with efficiency, filing responses to the Complaints prior to the

---

[4] The Court also permitted the parties to file letters not exceeding three pages at least five days prior to the Court. The defense intends to file a letter to that effect.

[5] The Office of Corporation Counsel has not yet made a representation decision concerning Officer Hernandez Carpio, a defendant in *Wood*.  *See Mercurio v. City of New York*, 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting *Williams v. City of New York*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law). As this Office does not represent this individual, this request is not made on his behalf; however, for the same reasons articulated herein, the defense hopes that the Court may *sua sponte* also extend this officer's time to respond to the Complaint in *Wood*.  This would serve the purposes of efficiency as all the defendants in *Wood* could interpose a joint response.  This would also ensure that this individual's defenses are not jeopardized while issues of representation are being determined.

[6] Plaintiff in *Wood* has consented to defendant City of New York filing its response to the Complaint on February 22, 2021.  The answer for defendant City of New York in *Wood* would have been due on January 8, 2021.  Thus, defendants respectfully request that the Court *nunc pro tunc* extend defendant City's time to respond to the Complaint in *Wood* until at the very least February 22, 2021.

conference would be inefficient.  Indeed, as the defense understands the Court order dated January 25, 2021, the upcoming conference is an opportunity for the Court and the parties to develop a plan to litigate these related actions.  ECF No. 30.  After any conference, the defense will have more clarity on how these actions—two of which are currently consolidated—will proceed.[7]  Moreover, plaintiffs themselves may also have more clarity on further steps that they wish to take after the upcoming conference, such as filing an amended complaints.  Turning to necessity, at least in *People*, defense counsel requires additional time to explore and evaluate the allegations in the Complaint in accordance with her Rule 11 obligations.  While the Court has previously granted an eighty day extension of time in *Payne* and defendants have sixty days to respond to the Complaint in *Wood*,[8] given the ongoing pandemic, obtaining documents has been challenging—for an 11 plaintiff case plus an additional case—and the defense would benefit from additional time.

Looking at the interests of justice and considering plaintiffs' objections, an extension is warranted.  Indeed, there is no articulable prejudice that plaintiff will suffer if defendants' time to respond is extended until after the conference.  No discovery schedule has been set yet. A *sine die* extension of time until shortly after the conference will not substantially impact any of these matters. Plaintiffs cannot meaningfully claim prejudice in these cases as these cases are moving forward: indeed, defense counsel has appeared on behalf of defendants; has begun obtaining documents and investigating the allegations; has been conferring with plaintiffs' counsel; and will be present at the upcoming conference.  Defendants are merely seeking an extension of time to file the responsive pleading—a formality—not an extension of the litigation at a whole.  To put it simply, responding to the Complaints now or shortly after the conference will not significantly alter the course of any of these three cases.  But it will promote efficiency. Depending on what happens at the conference, defendants anticipate that an approximately 30 day extension of time should be sufficient for them to respond to the all three Complaints.

Therefore, defendants respectfully request that the Court *sine die* extend defendants of time to respond to the Complaints in these three actions until after the conference.

Thank you for your consideration herein.

Respectfully submitted,

Brachah Goykadosh
*Senior Counsel*
Special Federal Litigation Division

cc:     Counsel in *Payne, People,* and *Wood* (by ECF only)

---

[7] The Court's Individual Rules and Practices require motions for qualified immunity to be made pre-answer.  *See* Rule V.F.4.  Defendants will briefly detail any anticipated motions pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in advance of the conference for discussion at the conference.

[8] Because plaintiff sent waivers of service to the individual defendants in this case, pursuant to Rule 4(d)(3), the response to the Complaint is due within 60 days from when the waivers were sent.  Both parties agree that the date when the response is due is February 22, 2021.