

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

February 15, 2021

**By ECF**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *Jarrett Payne, et al. v. Mayor Bill de Blasio, et al.*, 20 Civ. 8924 (CM)
              *Charles Henry Wood v. City of New York, et al*., 20 Civ. 10541 (CM)
              *People of the State of New York v. City of New York, et al.*, 21 Civ. 322 (CM)
              *Sow, et al* v. *City of New York, et al.*, 21 Civ. 533 (CM)

Your Honor:

    We are Senior Counsels in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, and the attorneys assigned the defense in the above-referenced matters. We write in response to the Court order dated January 25, 2021 to respectfully outline the defense's position in these cases[1] in advance of the conference scheduled February 22, 2021.[2]

### I.    Defendants' Anticipated Motion Practice.

#### A.  *Motions Pursuant to Rule 12 and Qualified Immunity.*

The claims in these actions are ripe for (at least partial) dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure.

    First, the Second Circuit's decision in *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020)—holding that a plaintiff must plead and prove that government officials through their own actions violated the Constitution—supports dismissal of the claims against Mayor de Blasio, Commissioner

---

[1] Defense counsel does not substantively discuss *Sow, et al. v. City of New York*, No. 21 Civ. 533. The City of New York was only recently served with the Summons and 559 paragraph Class Action Complaint, and has not had sufficient time to thoroughly review and investigate the claims, nor make strategic decisions regarding possible motion practice.  *See Sow*, ECF Nos. 29, 30.  While Dara Weiss has appeared on behalf of the City and Mayor Bill de Blasio in *Sow*, she is a supervisor and not the attorney assigned to the case. *See Sow*, ECF No. 31. While Brachah Goykadosh is assigned to the other three above-referenced matters, she is not assigned to *Sow*.  Due to the City's limited resources due to budgetary concerns, no attorney has been assigned to *Sow* yet.

[2] These cases are still in their nascent stages.  Thus, while the defense has tried to lay out its positions as precisely as possible, the defense respectfully reserve its right to revisit the issues outlined herein and/or raise any additional motions or issues at a later point.

Shea, and Chief Monahan as there is no allegation that they were directly involved in any constitutional violation.

Second, suing these high-ranking officials plus the City is redundant. Although in *Payne* and *People*, plaintiffs never actually plead a standalone *Monell* claim; and the *Monell* claim in *Wood* is not well pled;[3] even if plaintiffs had adequately pled *Monell*, suing high-ranking officials would "add nothing" to these lawsuits. *Davis v. Stratton*, 360 F. App'x 182, 183 (2d Cir. 2010); *McMillian v. Monroe Cty.*, 520 U.S. 781, 785 n.2 (1997).

Third, plaintiffs in *Payne* and *People* purport to be pursuing a panoply of state law claims. But as they have not complied with the state law requirements—filing timely notices of claim and sitting for hearings—they are barred pursuing these claims.[4] GEN. MUN. L. §§ 50-k(6), 50-h.

Fourth, defendants intend to pursue their qualified immunity defense, to the extent appropriate after thoroughly researching its applicability in each case. Given the unique circumstances that policing mass protests in a pandemic present, it cannot be said that the law is clearly established. *See Liberian Cmty. Ass'n of Conn. v. Lamont*, 970 F.3d 174, 186 (2d Cir. 2020).[5] Defendants may argue plaintiffs also fail to state claims for constitutional violations.

Fifth, in *People*, the defense may argue that the Attorney General lacks standing to pursue her lawsuit. The defense is evaluating the allegations in the Complaint and whether the *parens patriae* doctrine is an appropriate vehicle to bring a lawsuit pursuant to 42 U.S.C § 1983.

### B. *Motion to Stay* Payne *due to the Ongoing CCRB & IAB Investigations.*

A motion to stay the proceedings in *Payne* may be appropriate. Five out of the eleven plaintiffs have ongoing CCRB and IAB investigations.[6] A court can stay a civil action pending the outcome of a related proceeding. *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). Courts routinely stay a federal action when there is an ongoing investigation into the underlying facts. *See e.g Estate of Miguel Antonio Richards v. City of New York, et al.*, No. 18 Civ. 11287 (PAE), ECF Nos. 8, 10. (granting a stay as a FID investigation was pending); *Lloyd v. Castillo*, No. 15 Civ. 8273 (RA) (DCF), ECF No. 31 (granting a stay when plaintiff filed a CCRB complaint mid-litigation); *Ortiz v. City of New York, et al.*, No. 13 Civ. 7367 (LTS), ECF No. 17 (granting stay due to ongoing CCRB investigation); *cf. Lopez v. City of New York,* No. 20 Civ. 93 (CM). If plaintiffs wish to avoid a stay, they can merely withdraw their claims without prejudice and re-file at a later date.

---

[3] The defense has raised this issue before. *See Payne*, ECF No. 25. In response, plaintiffs asserted that it was "abundantly clear from the face of the complaint" that they adequately pled *Monell*. *Payne*, ECF No. 26. But mere allegations do not morph into a *Monell* claim, for which plaintiffs must plead "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007).

[4] Only one out of the eleven plaintiffs in *Payne* appears to have complied with the state law requirements.

[5] The Court's Individual Rules and Practices require motions for qualified immunity to be filed at the pre-answer stage. Rule V.E.4. The Court requires that defendants file a notice of motion and depose the plaintiff within 30 days and then file a motion within 30 days. Given that there are 4 separate cases and 23 named plaintiffs in these actions, the defendants will respectfully request that this timeframe be significantly enlarged.

[6] Plaintiffs Vidal Guzman, Colleen McCormack-Maitland, and Andie Mali and Camila Gini have open CCRB investigations. Plaintiff Charlie Monlouis-Anderle has an open IAB investigation.

### II.     Defendants' Concerns about Discovery in These Matters.

Should any of these cases proceed to discovery, this will be a tremendous undertaking. There are three aspects of discovery the Court may wish to consider at the conference: bifurcation, consolidation of any discovery about municipal liability, and the scope of discovery.

#### A.  Bifurcation of the Underlying Claims and Any Claim for *Monell* Is Appropriate.

Beginning with bifurcation, fact discovery and discovery into any *Monell* claim should be bifurcated. *See* FED. R. CIV. P. 42(b). Bifurcation may be "appropriate where . . . . the litigation of the first issue might eliminate the need to litigate the second issue." *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999) (citation omitted). Courts in this Circuit favor bifurcation. *See Tabor v. City of New York*, et al., No. 11-cv-0195 (FB), 2012 U.S. Dist. LEXIS 29004, at *31-32 (E.D.N.Y. Feb. 23, 2012) (collecting cases). Here, bifurcation makes sense. Plaintiffs must first prove that they suffered a constitutional harm; only then can they try to prove that this constitutional harm was a result of the City's policies. Expending limited governmental resources on intense *Monell* discovery—including Rule 30(b)(6) depositions and voluminous paper discovery—would not serve the interests of economy, expediency, or convenience. Nor would there be any logic to it if plaintiffs have not proven a violation of their rights.

#### B.  Consolidating *Monell Discovery* Among These Actions May Be Appropriate.

Turning to consolidation, as detailed in defendants' letter dated January 13, 2021, these matters should not be consolidated for all purposes. *Payne*, ECF No. 25. But, should *Monell* discovery proceed, there may be utility in consolidating limited discovery about municipal liability. The parties can work cooperatively to coordinate the depositions of any high-ranking officials or Rule 30(b)(6) witnesses, or any other witnesses that may be appropriate for consolidated depositions. The defense can also produce the same sets of documents in all actions. At this juncture, it may be too early to determine what consolidation may look like in practice. Should these actions proceed to discovery, the defense respectfully suggests that the parties confer at that time to develop a consolidation plan. This would ensure that limited judicial resources are not wasted.

#### C.  The Scope and Length of Time Necessary for Fact Discovery.

Turning to fact discovery, this will be a time-consuming process in *Payne* and *People*. There are twelve plaintiffs in these two cases[7]. Producing all the police documents in *Payne* for the plaintiffs will be intensive; and defendants anticipate that requesting and obtaining all the documents for the individuals referenced in *People* will be similarly intensive. Moreover, assuming that plaintiffs in *Payne* identify any or all of the John Doe defendants, they may wish to conduct upwards of 40 depositions.[8] Thus, any discovery schedule in *Payne* and *People* should account for the large amount of fact discovery that may need to be conducted. Contrastingly, in *Wood*, a single plaintiff case, it is anticipated that discovery on the underlying claims can be conducted within a much more reasonable time period.

---

[7] As the *Sow* matter is a purported class action, presumably there will be class discovery, class certification motion practice and then fact discovery. There are 10 named plaintiffs and 6 named defendants, with many more to be named once John and Jane Does 1-40 are identified.

[8] Defendants would object to more than ten depositions being conducted by plaintiffs in any of these actions pursuant to Rule 30(a)(2)(A)(i).

Accordingly, defendants will be prepared to discuss these issues in further detail with the Court at the conference scheduled for February 22, 2021.

Thank you for your consideration herein.

                                                                                   Respectfully submitted,

                                                                                   Brachah Goykadosh
                                                                                   Elissa Jacobs
                                                                                  Dara Weiss
                                                                                  *Senior Counsels*
                                                                                  Special Federal Litigation Division

cc:      Counsel in *Payne, People, Wood and Sow* (by ECF only)