**Kaufman Lieb Lebowitz & Frick**
attorneys at law

(212) 660-2332
10 E. 40th St., Suite 3307
New York, NY 10016
www.kllf-law.com

February 16, 2021

**By ECF**

Hon. Colleen McMahon
Chief Judge
United States District Court
Southern District of New York

      Re:    *Wood v. City of New York*, No. 1:20-CV-10541
             [*rel. Payne et al. v. City of New York*, No. 1:20-cv-8924]

Your Honor:

      I represent Plaintiff Henry Wood. I write to state Mr. Wood's positions on issues before the Court in the several related NYPD George Floyd Protest Response cases scheduled for a conference on Monday, February 22.

**I.    Bifurcation of Discovery**

      For two reasons, the Court should not bifurcate the municipal or supervisory liability claims for discovery or trial.

      First, bifurcation would be inefficient. In some cases, bifurcation conserves resources by obviating the need for further proceedings if the plaintiff obtains complete relief against the individual officers. The opposite is true here. Given the nature of the events and the likely absence of use-of-force paperwork, there is a strong possibility that Mr. Wood and other Plaintiffs will never be able to identify the individual Doe defendants who assaulted them. If so, Plaintiffs would have to proceed against the City and/or the supervisory defendants to prevail on their constitutional claims and to obtain complete relief, including costs and attorneys' fees under 42 U.S.C. § 1988. Bifurcation would guarantee duplicative proceedings instead of avoiding them.

      Second, bifurcation would miss the point of why we are all here. To state the obvious, the cases before the Court are not one-off claims arising from isolated events. They are brought by parties and counsel who have a good-faith basis to believe that the City responded unconstitutionally to the George Floyd Protests as a whole and who are committed to pursuing accountability and reform through this litigation. The City and the supervisory defendants are of course entitled to vigorously defend themselves. But why pretend that these cases are about something other than what they are?

**II.    Anticipated Motion to Dismiss**

      *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), is an Eighth Amendment deliberate indifference case in which the Second Circuit held that a plaintiff cannot rely

on special rules for supervisors to escape the *mens rea* requirement that would otherwise apply to such a claim. Rather, the plaintiff must prove that a supervisory defendant—like any other defendant—had "subjective knowledge of a substantial risk of serious harm" to the plaintiff, as is necessary to establish deliberate indifference under the Eighth Amendment. *Id.* at 612.

This holding has no impact on Mr. Wood's excessive force claims against the supervisory defendants here, which are governed purely by a standard of objective reasonableness and have no subjective component. It emphatically is not the law that a defendant must throw the punch or wield the baton to be held liable for excessive force against an arrestee. To the contrary, it is clearly established that any defendant, supervisory or otherwise, can be held liable for acts that proximately cause the use of objectively unreasonable force by others. *See, e.g.*, *Terebesi v. Torreso*, 764 F.3d 217, 233-35 (2d Cir. 2014) (denying qualified immunity to defendants who devised deficient tactical plan for executing warrant, foreseeably resulting in use of excessive force against plaintiff); *Figuero v. Mazza*, 825 F.3d 89, 106-07 (2d Cir. 2016) (liability for failure to intervene). Nothing about *Tangreti* changes any of this.

Here, Mr. Wood and the other Plaintiffs plausibly allege—in considerable detail—that Mayor de Blasio, Commissioner Shea, and Chief Monahan personally devised and/or authorized a policing strategy for the George Floyd Protests that proximately and foreseeably caused the widespread use of objectively unreasonable force.[1] Chief Monahan also personally directed, on the scene, the use of force at the protest at which Mr. Wood was arrested and assaulted. These allegations, based on the supervisors' own acts, are more than sufficient to state Fourth Amendment claims against them.

With respect to municipal liability, if the Plaintiffs' allegations in these related cases do not suffice to state a *Monell* claim, it is difficult to envision how such a claim could ever exist. The pleadings allege in painstaking detail that the NYPD adopted a policy of kettling and assaulting peaceful protesters who posed no danger and were not resisting. Any defense motion arguing that the pleadings fail to allege the existence of a municipal policy or custom should be discouraged, and denied if ultimately made.

---

[1] Defendants grossly misrepresent *Davis v. Stratton*, 360 F. App'x 182, 182 (2d Cir. 2010), which suggests that it "add[s] nothing" to add a municipal policymaker *in his official capacity* as a defendant in a suit for injunctive relief. *Id.* at 183. That may be true, but it is an entirely separate matter from whether high-ranking officials can be sued for damages in their *individual capacities* for their own unconstitutional acts—which they can and should be. The Court should reject out of hand Defendants' apparent suggestion that the Mayor, the Police Commissioner, and the Chief Department are somehow above being held personally accountable for their own conduct.

### III.  Consolidation

Mr. Wood has no objection to consolidated (or closely coordinated) discovery in the several related cases before the Court. It is premature to consolidate any cases for trial, and the Court should defer any ruling on that issue until discovery is complete.

### IV.  Court's Individual Rule V.E.4

To the extent that the Supervisory Defendants intend to make a motion on the basis of qualified immunity, Mr. Wood respectfully submits that the Court's Individual Rule V.E.4, requiring plaintiffs to be deposed before such a motion is briefed, may not apply. As we understand the purpose of that rule, it ensures that the plaintiff's version of the defendant's conduct is fully elaborated and that any such motion is based solely on the plaintiff's version of events. Here, however, the "version of events" concerning the Supervisory Defendants' acts that they must accept for purposes of any such motion is largely beyond Plaintiffs' personal knowledge and is instead set forth in the pleadings and the publicly available materials referenced therein. Requiring all Plaintiffs to be deposed before such a motion is made would therefore seem to serve little purpose.

The Supervisory Defendants should make any pre-answer motion on the basis of the pleadings, and reciprocal discovery among the parties should proceed in the ordinary course in the meantime.

                                                      Respectfully submitted,

                                                      /s/

                                                      Douglas E. Lieb

cc.     All counsel of record in *Wood* and *Payne* (by ECF)
        Counsel for Plaintiffs in *People*, *Sow*, and *Sierra* (by email)