

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Anthony Paul Coles
T  (212) 335-4844
E  anthony.coles@us.dlapiper.com

February 16, 2021

Hon. Colleen McMahon
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *People of the State of New York v. City of New York et al.* (No. 1:21-cv-00322)
       *Payne et al. v. De Blasio et al.* (No. 1:20-cv-08924)
       *Sow et al. v. City of New York et al.* (No. 1:21-cv-00533)
       *Wood v. De Blasio et al.* (No. 1:20-cv-10541)

Dear Judge McMahon:

On behalf of the Sergeants Benevolent Association ("SBA"), a labor union representing approximately 13,000 active and retired police sergeants employed by the New York City Police Department, we are writing in connection with the upcoming conference in these actions to advise the Court that the SBA anticipates moving to intervene under Fed. R. Civ. P. 24(a) and (b).

The Court asked to be informed about "anticipated motions" in its January 25, 2021 Order. (*E.g.*, No. 1:21-cv-00322, Doc. 22.)  Although the SBA does not expect to make a final decision regarding intervention until it reviews the defendants' answers or motions in response to each complaint, the SBA currently believes none of the existing parties can adequately represent the SBA's significant interests at stake in these cases.  We are available to attend the conference if the Court believes it is appropriate, either electronically or in person.  We understand other police unions may seek to intervene to protect the rights of their members as well.

As would be more fully explained in the motions, the SBA expects to intervene because it and its members have "direct, substantial, and legally protectable" interests in the disputes and potential relief at stake.  *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010); *see* Fed. R. Civ. P. 24(a)(2).  The requested injunctive relief has the potential to make substantial changes in police policies and practices, including terms and conditions of employment affecting the personal safety of officers.  In particular, the systemic remedies sought in *People* may affect officer conduct and safety during large protests or riots.  We also believe the SBA will be helpful to the Court in assessing the pending claims.

None of the existing parties in these actions represents the interests of affected officers. The complaints describe and depict individual officers, but the City of New York is unlikely to adequately represent their interests or the SBA's interests.  Mayor De Blasio, who is a defendant



Hon. Colleen McMahon
February 16, 2021
Page 2

in each case, publicly responded to the Attorney General's complaint by announcing that he "couldn't agree more that there are pressing reforms that must–and will–be made this year."[1]  The City is also unlikely to adequately represent the interests of individual officers who may face collateral consequences for actions described in the Attorney General's complaint.

      Full development of reasons for intervention involves more, of course, and should also take into account the answers, defenses, or other responses by the defendants to the complaints. However, even at this early stage, the SBA's stake in these cases and its anticipated motions should be part of how the Court views these cases.

      Thank you for your Honor's attention to these matters.

Very truly yours,

Anthony Paul Coles

cc:   All counsel of record (*via* ECF)

---

[1] Janelle Griffith, *New York attorney general sues NYPD to install monitor, alleges years of civil rights abuses*, NBC News (Jan. 14, 2021), https://www.nbcnews.com/news/nbcblk/new-york-attorney-general-sues-nypd-install-federal-monitor-alleges-n1254288.