

February 16, 2021

**VIA ECF**
The Honorable Colleen McMahon
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Payne, et al. v. Mayor Bill de Blasio, et al.*, 20 Civ. 8924 (CM)
             *Wood v. City of New York, et al.*, 20 Civ. 10541 (CM)
             *Sierra, et al. v. City of New York, et al.*, 20 Civ. 10291 (CM)
             *People of the State of New York v. City of New York, et al.*, 21 Civ. 322 (CM)
             *Sow, et al. v. City of New York, et al.*, 21 Civ. 533 (CM)

Dear Chief Judge McMahon:

      We write on behalf of the plaintiffs in *Payne, et al. v. Mayor Bill de Blasio, et al.*, 20 Civ. 8924 (CM), pursuant to the Court's January 25, 2020 Order, to set forth the plaintiffs' position on management of the above-captioned related cases in advance of the conference scheduled for February 22, 2021. The *Payne* plaintiffs agree that close coordination of discovery, and even some degree of consolidation of specific discovery tasks, is warranted in these cases but urge the Court not to consolidate pre-trial practice or dispositions. The consolidation of these activities would prejudice the *Payne* plaintiffs by further delaying the resolution of their case, which was filed almost four months ago.

      In exercising its discretion to consolidate and manage related cases, the Court should "balance the interest of judicial convenience against any delay, confusion, or prejudice that might result from such consolidation." *Sheet Metal Contractors Ass'n of N. New Jersey v. Sheet Metal Workers' Int'l Ass'n*, 978 F. Supp. 529, 531 (S.D.N.Y. 1997); *see also Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 136 (S.D.N.Y. 2016) ("Before granting consolidation, a court must determine that the parties will not be prejudiced from it." (internal quotation marks omitted)). Here, there are already differences in the procedural postures of the related cases and those differences are likely to grow, particularly between the individual-plaintiff actions, such as *Payne*, and the putative class actions, *Sierra* and *Sow*. The risk of prejudicial delay to the individual-plaintiff cases weighs against full consolidation.

      The *Payne* plaintiffs' complaint was filed on October 26, 2020. *See* ECF No. 1. Defendants' deadline to respond to the complaint was extended to February 8, 2021, but the week before that deadline arrived the case was stayed pending resolution of the relationship among the

more recently filed related cases. The *Payne* plaintiffs are prepared immediately to meet and confer with Defendants about a pre-trial order and to begin the discovery process.[1] The *Payne* plaintiffs are further prepared to amend their complaint no later than March 12, 2021. The amendment would not change the causes of action and should provide no cause for further delay in the *Payne* proceedings. Given that the *Payne* plaintiffs are prepared to proceed with discovery and litigation of any motion to dismiss Defendants wish to file, any coordination or consolidation of these related cases that subjects the individual claims to delay resulting from the complex discovery and motions practice required by the putative class actions would be unduly prejudicial.[2]

Coordinated discovery among the related cases could efficiently address overlapping issues, in particular discovery into the policies, practices, and/or customs of the New York Police Department relating to excessive force, false arrest and prolonged detention, and retaliation against First Amendment-protected activity at the racial justice protests that have arisen in the City since March 2020. Counsel for the *Payne* plaintiffs are fully prepared to work with counsel in the related cases on coordinating discovery demands and depositions related to these issues and have already met with counsel in each of the related cases to begin discussing how such coordination could be managed.

Further, this Court should reject Defendants' request to bifurcate discovery as to the individual claims and the *Monell* claim against the City. *See* City's Letter Re Consolidation, ECF No. 34. Rule 42(b) "affords a trial court the discretion to order separate trials where such an order will further convenience, avoid prejudice, or promote efficiency." *Amato v. City of Saratoga Springs*, N.Y., 170 F.3d 311, 316 (2d Cir. 1999). Bifurcation is inappropriate here as it will not promote efficiency or further convenience. First, given the unique posture of these cases, bifurcation will not promote efficiency or save resources. Given that two of the related cases are putative class actions, and *People* seeks only injunctive and declaratory relief, Defendants will

---

[1] Defendants' suggestion that a stay of the proceeding in *Payne* may be appropriate is without merit and would further prejudice the plaintiffs. A stay of civil litigation is an extraordinary remedy, for which Defendants have the burden to establish their need. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97-98 (2d Cir. 2012). A stay is unwarranted "where there is no evidence of undue prejudice or substantial interference with the defendant's constitutional rights." *McLellan v. City of New York*, No. 15 CIV. 6758 (TPG), 2016 WL 107489, at *1 (S.D.N.Y. Jan. 8, 2016). Here, the CCRB and IAB investigations cited by Defendants are civil investigations and do not create the type of concerns that justify a stay where a parallel criminal proceeding is concerned. *See, e.g.*, *Franks v. City of New York*, No. 16 CV. 9938 (ER), 2017 WL 5624280, at *4 (S.D.N.Y. Nov. 21, 2017). Local Civil Rule 83.10 plainly contemplates that a CCRB or IAB investigation could be open while litigation proceeds.

[2] Plaintiffs in *Payne* do not here respond to Defendants' arguments regarding their anticipated motion practice. However, as explained in a previous letter to the Court (ECF No. 26), contrary to Defendants' assertion in their letter dated February 15, (ECF No. 34), that Plaintiffs in *Payne* do not assert a claim for municipal liability, it is abundantly clear from the face of the complaint that Plaintiffs have adequately pled a claim for municipal liability against municipal Defendants. *See* ECF No. 1 ¶¶ 2–4, 19–22, 35–69, 164–76, 179–83.

have to go through extensive discovery into the City's policies and practices regardless of whether the discovery in *Payne* is bifurcated. Second, all of the cases currently before this Court seek to hold the City and other Defendants accountable for an unconstitutional response to the racial justice protests as a whole, so it is implausible that *Monell* discovery will not be appropriate in some if not all of the cases. In other words, bifurcation will not save the City time or resources and will only result in prolonged and duplicative discovery.

\* \* \*

The *Payne* plaintiffs are ready to proceed in this matter and are prepared to work cooperatively with the plaintiffs in the related cases to coordinate discovery and briefing on common issues of law to litigate these matters efficiently.

Respectfully submitted,

By: /s/ Molly K. Biklen
Molly K. Biklen
Jessica Perry
Daniel R. Lambright
Lisa Laplace
Christopher T. Dunn
New York Civil Liberties Union
   Foundation
125 Broad Street, 19th Floor
New York, N.Y. 10004
(212) 607-3300
mbiklen@nyclu.org
jperry@nyclu.org
dlambright@nyclu.org
llaplace@nyclu.org
cdunn@nyclu.org

By: /s/ Corey Stoughton
Corey Stoughton
Jennvine Wong
The Legal Aid Society
199 Water Street
New York, N.Y. 10038
(212) 577-3367
cstoughton@legal-aid.org
jwong@legal-aid.org

*Attorneys for Plaintiffs in Payne v. de Blasio, 20 Civ. 8924*