UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In Re: New York City Policing During Summer 2020    Civil Action No.:
Demonstration    20-CV-8924
    (CM) (GWG)

-----------------------------------------------------------------x

This filing is related to    Civil Action No.:
    21-CV-0322
*People v. City of New York, et al.*    (CM) (GWG)

-----------------------------------------------------------------x

## ATTORNEY DECLARATION IN SUPPORT

**STEPHEN MC QUADE**, an attorney admitted to practice in the United States District Court for the Southern District of New York, declares, pursuant to 28 U.S.C. §1746, under the penalty of perjury, the following:

1. I am Of Counsel with the law firm of Pitta LLP, counsel for Proposed Intervenor Detectives Endowment Association (hereinafter "DEA" or "Union") in the above-captioned matter; and as such, I am fully familiar with the facts and circumstances set forth herein.

2. I submit the instant declaration in support of the Motion for Intervention, dated March 3, 3021, filed on behalf of the DEA.

3. The factual basis upon which this Court may rely in deciding the instant application is set forth in the Affidavit of Paul DiGiacomo, dated March 3, 2021, as he is the President of the DEA (hereinafter "DiGiacomo Affidavit"), as well as the exhibits that are annexed hereto. Annexed hereto as Exhibit 1 is a true and accurate copy of the DiGiacomo Affidavit.

4. The collective bargaining agreement by and between the City of New York (hereinafter "City") and DEA covers the time period from April 1, 2012 to March 31, 2019, and

{00682866-1}

is currently in *status quo* (hereinafter "CBA" or "Agreement"). Annexed hereto as Exhibit 2 is a true and accurate copy of the Agreement.

5. Annexed hereto as Exhibit 3 is a true and accurate copy of the Consent Judgment in *Nunez v. City of New York*, Docket No.: 11-CV-5845 (LTS) (JCF).

6. In that matter, a group of inmates filed a civil rights action against the City, as well as the New York City Department of Correction (hereinafter "DOC"), which, pursuant to a Consent Judgment entered therein, the Court, as well as a federal monitor, still oversee the implementation of said judgment.

7. The Court in *Nunez* permanently altered the manner which DOC employees handle uses of force incidents, outlined acceptable and unacceptable use of force tactics, set forth disciplinary penalties for DOC employees, and created new predicates for discipline.

8. Practically, the Consent Judgment micromanaged the duties of a DOC employee when confronted with a possible or actual use of force incident, so much so that these individuals are told who they should alert to an incident, when to intervene in an incident, and how to do so.

9. As a result of the Consent Judgment and the DOC's new, *Nunez*-compliant use of force policy, the three unions representing uniformed DOC employees who are most greatly affected by the Consent Judgment in *Nunez*, the Correction Officers Benevolent Association, the Correction Captains Association, and the Assistant Deputy Wardens/Deputy Wardens Association, filed improper practice petitions against the City and DOC with the New York City Office of Collective Bargaining (hereinafter "OCB").[1]

---

[1] In those improper practice petitions, those unions claim that the City and DOC breached its statutory obligation to collectively negotiate in good faith regarding mandatory subjects of bargaining, in violation of § 12-306(a)(4) of the New York City Collective Bargaining Law (New York City Administrative Code, Title 12, Chapter 3) (hereinafter "NYCCBL"). In their defense, the City and DOC claim that those unions are prohibited from bargaining over the

{00682626-1}

10. As of the date of the instant declaration, the Board has not ruled on these petitions, although the evidentiary record has been closed and post-hearing briefs have been submitted.

11. Nevertheless, that litigation should inform the Court that, since those unions were not party to *Nunez*, the issuance of the Consent Judgment was simply the first step in protracted litigation on multiple fronts.

12. As cited to in the accompanying memorandum of law, please find annexed to the instant motion the following decisions of the New York City Board of Collective Bargaining (hereinafter "BCB" or "Board")[2] that may not be readily searchable on Westlaw and/or Lexis, as per Section V(D) of Your Honor's Individual Practices and Procedures:

13. Annexed hereto as Exhibit 4 is a true and accurate copy of the BCB Decision in *District Council 37*, 5 OCB2d 8 (BCB 2012).

14. Annexed hereto as Exhibit 5 is a true and accurate copy of the BCB Decision in *Uniformed Firefighters Association*, 10 OCB2d 5 (BCB 2017).

15. Annexed hereto as Exhibit 6 is a true and accurate copy of the BCB Decision in *Uniformed Firefighters Association*, 3 OCB2d 16 (BCB 2010).

16. Annexed hereto as Exhibit 7 is a true and accurate copy of the BCB Decision in *Sergeants Benevolent Association*, 23 OCB 6 (BCB 1979).

17. Annexed hereto as Exhibit 8 is a true and accurate copy of the BCB Decision in *EMS Superior Officers Association*, 79 OCB 7 (BCB 2007).

---

contents of the new, *Nunez*-compliant DOC use of force policy because the Consent Judgment precludes all negotiations related thereto and because § 12-307(b) of the NYCCBL, the management rights provision, authorizes the DOC to unilaterally implement said policy.

[2] At the outset, the DEA would like to apprise this Court that the administrative decisions issued by the BCB can be found either in the Administrative Materials library on Lexis or through a searchable database maintained on the OCB's website, which is: http://www.ocb.ocb-nyc.org/general-info.

{00682626-1}

18. Annexed hereto as Exhibit 9 is a true and accurate copy of the BCB Decision in *Assistant Deputy Wardens/Deputy Wardens Association*, 7 OCB2d 26 (BCB 2014).

19. Annexed hereto as Exhibit 10 is a true and accurate copy of the BCB Decision in *District Council 37*, 4 OCB2d 19 (BCB 2011).

20. Annexed hereto as Exhibit 11 is a true and accurate copy of the BCB Decision in *Local 333, United Marine Division*, 6 OCB2d 25 (BCB 2013).

21. Annexed hereto as Exhibit 12 is a true and accurate copy of the BCB Decision in *Correction Officers Benevolent Association*, 49 OCB 40 (BCB 1992).

22. Annexed hereto as Exhibit 13 is a true and accurate copy of the BCB Decision in *Uniformed Firefighters Association*, 49 OCB 39 (BCB 1992).

23. Annexed hereto as Exhibit 14 is a true and accurate copy of the BCB Decision in *EMS Superior Officers Association*, 75 OCB 15, at 16 (BCB 2005).

24. Annexed hereto as Exhibit 15 is a true and accurate copy of the BCB Decision in *Uniformed Firefighters Association*, 43 OCB 70 (BCB 1989).

25. Finally, pursuant to Rule 24(c) of the Federal Rules of Civil Procedure, which requires a proposed pleading be submitted in conjunction with a motion to intervene, annexed hereto as Exhibit 16 is a true and accurate copy of the Proposed Answer to Plaintiff's Complaint. (*See* Dkt. 1).

Dated: New York, New York
March 3, 2021

**PITTA LLP**

By: _____

Stephen McQuade, Esq.
Vincent F. Pitta, Esq.
Attorneys for Proposed Intervenor
*Detectives Endowment Association*
120 Broadway, 28th Floor
New York, New York 10271
(212) 652-3885
smcquade@pittalaw.com
vpitta@pittalaw.com

TO:   Gregory Morril, Esq.
      Lillian Marie Martinez, Esq.
      Morenike Fajana, Esq.
      Philip Levitz, Esq.
      Travis W. England, Esq.
      Jessica Clarke, Esq.
      New York State Office of the Attorney General
      28 Liberty Street, 14th Floor
      New York, New York 10005
      *Attorneys for Plaintiff*

      Brachah Goykadosh, Esq.
      Dara L. Weiss, Esq.
      New York City Law Department
      100 Church Street
      New York, New York 10007
      *Attorneys for Defendants*

{00682626-1}