UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: NEW YORK CITY POLICING DURING SUMMER 2020 DEMONSTRATIONS | |
| JARRETT PAYNE; ANDIE MALI; CAMILA GINI; VIDAL GUZMAN; VIVIAN MATTHEW KING-YARDE; CHARLIE MONLOUIS-ANDERLE; JAIME FRIED; MICAELA MARTINEZ; JULIAN PHILLIPS; NICHOLAS MULDER; and COLLEEN MCCORMACK-MAITLAND, <br><br> Plaintiffs, <br><br> v. <br><br> MAYOR BILL DE BLASIO; POLICE COMMISSIONER DERMOT SHEA; CHIEF OF DEPARTMENT TERENCE MONAHAN; CITY OF NEW YORK; SERGEANT GYPSY PICHARDO; SERGEANT KEITH CHENG; OFFICER MATTHEW TARANGELO; OFFICER MATTHEW L. PERRY; LIEUTENANT THOMAS R. HARDELL; DETECTIVE DAMIAN RIVERA; OFFICER JACQUELINE VARGAS; OFFICER JOSEPH DECK; LIEUTENANT MICHAEL BUTLER; OFFICER AARON HUSBANDS; SERGEANT THOMAS E. MANNING; OFFICERS JOHN DOE 1-26; OFFICER JANE DOE 1; OFFICER DOE ESPOSITO; and SERGEANT DOE CARABALLO, <br><br> Defendants. | 1:20-cv-08924 (CM) (GG) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO TOWAKI KOMATSU'S MOTION TO INTERVENE**

## TABLE OF CONTENTS

ARGUMENT ................................................................................................................................. 1

    A.  Towaki Komatsu has Failed to Demonstrate a Right to Intervene in this Litigation. ........ 1

    B.  This Court Should also Deny Towaki Komatsu's Motion for Permissive Intervention. .... 3

CONCLUSION ............................................................................................................................. 4

i

# TABLE OF AUTHORITIES

*Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171 (2d Cir. 2001) ....................... 2

*Catanzano by Catanzano v. Wing*, 103 F.3d 223 (2d Cir. 1996) ...................................... 3

*Dorsett v. County of Nassau*, 283 F.R.D. 85 (E.D.N.Y. 2012) .......................................... 3

*Floyd v. City of New York*, 770 F.3d 1051 (2d Cir. 2014) ................................................ 3

*Great Atl. & Pac. Tea Co. v. Town of E. Hampton*, 178 F.R.D. 39 (E.D.N.Y. 1998) ..................... 3

*Kamdem-Ouaffo v. Pepsico, Inc.,* 314 F.R.D. 130 (S.D.N.Y. 2016) ............................... 1

*Kearns v. Cuomo*, No. 1:19-CV-00902 EAW, 2019 WL 5060623 (W.D.N.Y. Oct. 9, 2019) ........ 4

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377 (2d Cir. 2006) ......................... 1

*New York v. United States Dep't of Educ.*, No. 20-CV-4260 (JGK), 2020 WL 3962110 (S.D.N.Y Jul. 10, 2020) ................................................................................................................ 3

*Sec. Pac. Mortg. & Real Est. Servs., Inc. v. Republic of Philippines*, 962 F.2d 204 (2d Cir. 1992) ................................................................................................................ 2

*Tymoshenko v. Firtash,* No. 11 CIV. 2794 RJS, 2011 WL 5059180 (S.D.N.Y. 2011) ................... 4

*U. S. Postal Serv. v. Brennan*, 579 F.2d 188 (2d Cir. 1978) ............................................. 2

*United States v. City of New York*, 179 F.R.D. 373 (E.D.N.Y. 1998), *aff'd*, 198 F.3d 360 (2d Cir. 1999) ................................................................................................................... 4

*Women for Am. First v. De Blasio*, No. 20 CIV. 5746 (LGS), 2020 WL 4904057 (S.D.N.Y. 2020) ............................................................................................................................ 2

**Statues, Rules and Regulations**

Fed. R. Civ. P. 24(a)(2) ............................................................................................. *passim*

Fed. R. Civ. P. 24(b)(1)(B) ........................................................................................ *passim*

# ARGUMENT

Towaki Komatsu moves to intervene as a right pursuant to Federal Rule of Civil Procedure Rule 24(a)(2) and, in the alternative, permissively pursuant to Federal Rule of Civil Procedure 24(b)(1)(B). *See* ECF No. 11, Mot. to Intervene at 1. This Court should reject his motion.

### A.  Towaki Komatsu has Failed to Demonstrate a Right to Intervene in this Litigation.

While Mr. Komatsu has alleged a variety of troubling allegations against the New York City Police Department related to his First Amendment protected activities, *see id.* at 5-12, he has failed to meet his burden to establish that any interest that he has would be impaired or impeded without intervention in this lawsuit and that his interests are not adequately represented by the plaintiffs. *See Kamdem-Ouaffo v. Pepsico, Inc.,* 314 F.R.D. 130, 134 (S.D.N.Y. 2016) ("The burden to demonstrate a right to intervene . . . is at all times on the applicant.").

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, intervention as a right is appropriate where a proposed intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." This Circuit has interpreted this language to mean that a proposed intervenor must (1) file a timely motion; (2) assert an interest relating to the transaction that is the subject of the action; (3) demonstrate that without intervention, disposition of the action may impair or impede the ability to protect its interest; and (4) show that its interest is not adequately represented by the parties. *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006).

Assuming that Mr. Komatsu does have a valid interest in "having a federal judge immediately intervene on behalf of New Yorkers by imposing a strict set of rules of engagement

1

upon the NYPD to prevent that mob from continuing to violate the civil rights of New Yorkers in public forums," *see* Mot. to Intervene at 5, he does not explain how this litigation would impede or impair the ability to protect this interest. To the extent that Mr. Komatsu does have claims against the NYPD for assaulting him at protests in 2020, there is no indication from his motion that he is barred from bringing such claims in a separate lawsuit. *See Women for Am. First v. De Blasio*, No. 20 CIV. 5746 (LGS), 2020 WL 4904057, at *2 (S.D.N.Y. 2020) ("As Mr. Komatsu can bring a separate cause of action relating to any claims he may have against Defendants, these claims are not grounds for intervention as of right."); *see also Sec. Pac. Mortg. & Real Est. Servs., Inc. v. Republic of Philippines*, 962 F.2d 204, 208 (2d Cir. 1992) ("[The proposed intervenor] ... admits that these other causes can be brought in a separate action and thus are not grounds for intervention as of right."). While Mr. Komatsu has claimed that "Judge Schofield illegally refused to allow [him] to exercise [his] right" to add his claims to his existing lawsuit against the City, presumably he can still bring these claims in a separate lawsuit. *See* Mot. to Intervene at 14-15.

Further, Mr. Komatsu has failed to establish that the plaintiffs are unable to adequately represent his interests. A proposed intervenor must make a "rigorous showing" of inadequacy to overcome the presumption of adequate representation that arises when it has the same ultimate objective as a party to the existing suit. *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001); *U. S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). Allegations of "collusion, adversity of interest, nonfeasance, or incompetence" can overcome this presumption. *Butler, Fitzgerald & Potter*, 250 F.3d at 180. To the extent that Mr. Komatsu and the *Payne* plaintiffs share the same objectives to prevent the NYPD from violating the First Amendment rights of protestors, *see* First Amended Complaint at 61 ("Enjoin Defendants from further violations of Plaintiffs' constitutional rights, including but not limited to issuing an injunction

ordering Defendants to take appropriate measures to refrain from their unconstitutional policies and practices of employing excessive force, unlawful arrests, excessive detention, and retaliation against Plaintiffs for their protected activity under the First Amendment"), Mr. Komatsu must meet the higher standard. However, nowhere in his motion has Mr. Komatsu alleged infirmities in the representation of these constitutional interests by the *Payne* plaintiffs. In fact, the plaintiffs are "ready, willing and able to vigorously defend" these common interests. *Great Atl. & Pac. Tea Co. v. Town of E. Hampton*, 178 F.R.D. 39, 45 (E.D.N.Y. 1998).

In sum, even assuming that Mr. Komatsu could show that he has interest in these proceedings, and that this action would impair his ability to bring litigation to protect his interest, which he cannot, he has not met his burden to establish that the plaintiffs are inadequate to protect the common constitutional interests. Accordingly, his motion to intervene as of right should be denied.

> **B.    This Court Should also Deny Towaki Komatsu's Motion for Permissive Intervention.**

Mr. Komatsu has alternatively asked for this Court to grant his motion to intervene under Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure. This Court has "broad discretion" to deny permissive intervention. *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 234 (2d Cir. 1996).

The standard for permissive intervention is similar to the standard for intervention as a right under Rule 24(a)(2) and the same considerations militate against intervention. Fed. R. Civ. P. 24(b). *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014); *Dorsett v. County of Nassau*, 283 F.R.D. 85, 90 (E.D.N.Y. 2012). Thus, this Court should deny the motion for permissive intervention for the same reasons that intervention of right is unwarranted. *See New York v. United States Dep't of Educ.*, No. 20-CV-4260 (JGK), 2020 WL 3962110, at *4, (S.D.N.Y Jul. 10, 2020) ("As an initial matter, the considerations that render [the movant] ineligible for

3

intervention as of right under Rule 24(a) . . . militate strongly as well against granting permissive intervention under Rule 24(b)." (internal citation and quotation marks omitted); *Kearns v. Cuomo*, No. 1:19-CV-00902 EAW, 2019 WL 5060623, at *6 (W.D.N.Y. Oct. 9, 2019) (denying permissive intervention in part because "the ultimate objective of the . . . proposed intervenors is being vigorously and competently pursued by Defendants").

Further, Mr. Komatsu's additional arguments about matters particular to his situation would serve complicate this lawsuit by introducing extraneous matters, while not adding to the development of the record in the current dispute. *See United States v. City of New York*, 179 F.R.D. 373, 381 (E.D.N.Y. 1998) (denying permissive intervention where the claimed interests, "although broadly related to the subject matter of this action, [were] extraneous to the issues before the court"), *aff'd*, 198 F.3d 360 (2d Cir. 1999). Intervention is therefore not appropriate. *See Tymoshenko v. Firtash,* No. 11 CIV. 2794 RJS, 2011 WL 5059180, at *3 (S.D.N.Y. 2011) (denying permissive intervention where it would force the Court "to resolve collateral legal questions").

## CONCLUSION

For the foregoing reasons, the plaintiffs respectfully request that the Court deny Mr. Komatsu's motion to intervene.


Dated: New York, New York
       March 19, 2021

**NEW YORK CIVIL LIBERTIES UNION FOUNDATION**

*s/ Daniel R. Lambright*
DANIEL R. LAMBRIGHT
MOLLY K. BIKLEN
JESSICA PERRY
LISA LAPLACE
CHRISTOPHER T. DUNN
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
dlambright@nyclu.org
mbiklen@nyclu.org
jperry@nyclu.org
llaplace@nyclu.org
cdunn@nyclu.org


**THE LEGAL AID SOCIETY**

*s/ Corey Stoughton*
COREY STOUGHTON
JENNVINE WONG
199 Water Street
New York, NY 10038
(212) 577-3367
cstoughton@legal-aid.org
jwong@legal-aid.org

*Counsel for Plaintiffs in Payne v. De Blasio, 20 Civ. 8924*