UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x

In Re: New York City Policing                                No. 20 Civ. 8924 (CM) (GWG)
During Summer 2020 Demonstrations
———————————————————————x

This filing is related to                                    No. 21 Civ. 322 (CM) (GWG)
*People v. City of New York et al.*
———————————————————————x

### REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION
### BY SERGEANTS BENEVOLENT ASSOCIATION
### TO INTERVENE UNDER FEDERAL RULE OF CIVIL PROCEDURE 24

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

REPLY ARGUMENT .............................................................................................................. 3

I.   The SBA is entitled to intervene under Rule 24(a)(2).............................................. 3

    A.   Intervention is necessary to protect multiple interests from being impaired in this litigation................................................................................................................ 3

        1.   Interest in court findings and declarations that will affect disciplinary, civil, or criminal proceedings of individual officers ........................................... 3

        2.   Interest in remedies that may affect officer safety and job performance ........... 7

        3.   Interest in protecting collective bargaining rights .............................................. 7

    B.   The City will not adequately represent these interests. ................................... 8

II.   The SBA should be granted permissive intervention under Rule 24(b)............................... 10

CONCLUSION........................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brennan v. N.Y.C. Bd. of Educ.*,
   260 F.3d 123 (2d Cir. 2001) ...................................................................................................8

*Floyd v. City of New York*,
   302 F.R.D. 69 (S.D.N.Y. 2014) .................................................................................2, 6, 7, 9

*Floyd v. City of New York*,
   770 F.3d 1051 (2d Cir. 2014) ....................................................................................2, 3, 6, 8

*Hartford Fire Ins. Co. v. Mitlof*,
   193 F.R.D. 154 (S.D.N.Y. 2000) ............................................................................................5

*Maryland Cas. Co. v. W.R. Grace & Co.*,
   No. 88 CIV. 4337 (JSM), 1996 WL 34154 (S.D.N.Y. Jan. 30, 1996) ....................................4

*Oneida Indian Nation of Wis. v. New York*,
   732 F.2d 261 (2d Cir. 1984) ...................................................................................................5

*United States v. City of Los Angeles*,
   288 F.3d 391 (9th Cir. 2002) ......................................................................................3, 6, 7, 8

*Vulcan Soc'y of Westchester Cnty., Inc. v. Fire Dep't of White Plains*,
   79 F.R.D. 437 (S.D.N.Y. 1978) .............................................................................................9

**Other Authorities**

Fed. R. Civ. P. 24 ..............................................................................................................1, 4, 10

Fed. R. Civ. P. 24(a)(2) .........................................................................................................1, 3, 4

Fed. R. Civ. P. 24(b) ...................................................................................................................10

**PRELIMINARY STATEMENT**

Plaintiffs and the City claim the Sergeants Benevolent Association (SBA) should not be allowed to intervene because the sergeants' interests are allegedly "too remote" and "speculative" to be protectable under Rule 24, and because the City allegedly has no conflict with the interests of the sergeants and can fully represent them in this litigation. Plaintiffs and the City are wrong:

*First*, the Plaintiffs and the City are wrong that the sergeants' interests are too "remote" to justify intervention. (Doc. 90, Pl. Opp. at 5, 9-10.) The amended complaint in *People* seeks findings by this Court on dozens of specific incidents where individually identifiable police officers allegedly committed violent unlawful actions. Those allegations of NYPD officer misconduct are at the very heart of "the subject of the action," which is when Rule 24(a)(2) allows intervention as of right. NYPD sergeants not currently named as defendants have a direct, immediate, and high personal stake in the Court's findings on those allegations. Those judicial findings on identifiable officers will "as a practical matter" (Rule 24(a)(2)) have a direct serious impact on NYPD disciplinary actions and potential civil actions against officers. That "practical" impairment of interests is exactly when Rule 24(a)(2) allows intervention. There is nothing "remote" about officers' interests in specific highly prejudicial adverse judicial findings on specific allegations of unlawful conduct by individually identifiable officers.

*Second*, Plaintiffs and the City are wrong on what Rule 24(a)(2) requires to show the litigation may "as a practical matter" impair the interests of sergeants. Plaintiffs claim there is no risk of sergeants' rights or interests being impaired because there is no danger of stare decisis, res judicata, or collateral estoppel binding sergeants. (Pl. Opp. at 1, 13.) But since Rule 24 was amended in 1966, a proposed intervenor need not show, as required by the pre-amendment rule, that he or she would be legally bound by the disposition of the action. Rule 24(a)(2) requires only

- 1 -

the potential impairment of an interest "as a practical matter." Here, the practical effect on officers is undeniable because the City and others will not simply ignore this Court's findings and rulings on alleged unlawful conduct of individually identifiable police officers.

*Third*, Plaintiffs and the City are wrong that the City can represent sergeants, because the City's interests already sharply diverge from the sergeants' interests. The City and NYPD are currently "pursuing at least 50 disciplinary investigations and proceedings against NYPD sergeants in connection with the 2020 protests." (Doc. 47-1, Mullins Aff. ¶¶ 1, 15.) The SBA has filed a proposed Answer to the *People* complaint asserting in some 240 places that it "denies that any sergeants acted unlawfully." (Ex. A, SBA Proposed Answer to Amended Complaint ¶¶ 7-10 and *passim*.) But the City and NYPD have conspicuously failed to affirm that no sergeant acted unlawfully. The City has incentives to blame officers. The City and Plaintiffs have no substantive response to the City's ethical conflicts explained by Professor Bruce Green. (Doc. 47-2.)

*Fourth*, Plaintiffs and the City are wrong in relying on *Floyd v. City of New York*, 770 F.3d 1051 (2d Cir. 2014) as a basis for denying intervention in this case. *Floyd* is largely irrelevant because the principal interest asserted for intervention in *Floyd* was general police "reputation," which is unlike the situation here. Here the interests are not in general "reputation," but in judicial findings on specific alleged misconduct by individually identifiable officers not named as defendants that will have direct consequences for disciplinary proceedings, potential liability, and indemnification. In *Floyd* there was no concern about individual discipline and liability because the statute of limitations had passed and any claims against individual defendants had been withdrawn, which is unlike the situation here. *Floyd v. City of New York*, 302 F.R.D. 69, 105 (S.D.N.Y. 2014), *aff'd in part*, 770 F.3d 1051 (2d Cir. 2014). *Floyd* confirms that intervention by a union can be justified where the interests are "more direct and substantial than the reputational

interest asserted by the unions here." *Floyd*, 770 F.3d at 1061 n.33 (citing as an example *United States v. City of Los Angeles*, 288 F.3d 391, 399 (9th Cir. 2002).)

*Fifth*, Plaintiffs and the City are wrong that intervention can be deferred because the sergeants' strong interest in having any ultimate injunction properly protect the sergeants' personal safety, collective bargaining, and other interests allegedly can be considered in a later "motion to intervene at that later stage." (Pl. Opp. at 9 n.3.) The time for intervention is now. In *Floyd*, the Second Circuit affirmed the denial of intervention at a later stage because the motion to intervene had not been made earlier. 770 F.3d at 1058.

This Court should welcome the SBA so that the Court has all the facts presented by those who do not have mixed interests like the City. The voice of the sergeants should not be filtered by the City, which is engaged in disciplining and blaming officers. The SBA will assist the Court.

## REPLY ARGUMENT

### I.     The SBA is entitled to intervene under Rule 24(a)(2).

#### A.     Intervention is necessary to protect multiple interests from being impaired in this litigation.

NYPD sergeants have direct, compelling interests in this litigation. The sergeants' interests are not identical with the City's interests. Without SBA intervention the outcome of this litigation "may as a practical matter impair or impede" the sergeants' interests. Fed. R. Civ. P. 24(a)(2).

##### 1.     Interest in court findings and declarations that will affect disciplinary, civil, or criminal proceedings of individual officers

Rule 24(a)(2) provides for intervention when the "subject of the action" relates to the interests of the proposed intervenor, and existing parties "may as a practical matter" not fully protect those interests. Here the "subject of the action" is the alleged unlawful conduct of NYPD officers, including the sergeants represented by the SBA. The Amended Complaint in *People*

makes those allegations about officer conduct the very reason for the requested injunctive and declaratory relief. The amended complaint uses <u>hundreds</u> of paragraphs to provide specific alleged facts about NYPD officer conduct. It does this because without judicial findings on those fact predicates, there will be no basis for the requested relief. There is nothing hypothetical about what is at issue: it is specific findings about specific officer conduct at specific times and places.

Those necessary judicial findings will concern individually identifiable NYPD officers, including sergeants, even when those officers are not named as defendants. Consider, for example, paragraphs 126-170 in the *People* Amended Complaint, which allege that NYPD officers unlawfully beat protesters. There are specific details concerning individually identifiable officers, including photographs and allegations that these incidents were filmed (*e.g.*, ¶ 150). Unnamed but individually identifiable officers, including sergeants, have a high personal stake in this litigation. Their interests must be properly represented and protected.

Plaintiffs claim the SBA is not entitled to intervene because any judicial findings and declarations in this action will not have stare decisis, res judicata, or collateral estoppel effect binding sergeants who are not named as defendants (Pl. Opp. 13-14), but Rule 24 intervention does not require that kind of preclusion. Original Rule 24(a)(2) "made it a condition of intervention that 'the applicant is or may be bound by a judgment in the action,'" but the 1966 amendment deleted the "bound" language and "frees the rule from undue preoccupation with strict considerations of res judicata." Fed. R. Civ. P. 24, Advisory Comm. Notes for 1966 Amendment. The amended Rule 24 test rests on impairment "as a practical matter." Fed. R. Civ. P. 24(a)(2); *see e.g.*, *Maryland Cas. Co. v. W.R. Grace & Co.*, No. 88 CIV. 4337 (JSM), 1996 WL 34154, at *2 (S.D.N.Y. Jan. 30, 1996) (Rule 24 requires "an inquiry into the practical disadvantage suffered" but "does not require the would-be intervenor to go so far as to show that res judicata principles

would affect any later suit they might bring"); *Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154, 162 (S.D.N.Y. 2000) (interests would be impaired by a decision in favor of the plaintiff because proposed intervenor "would at least find itself waging an uphill battle in seeking indemnification from" plaintiff). Plaintiffs mischaracterize the *Oneida Indian Nation* case, which does not say that a stare decisis effect is *required* but instead holds that the relevant test is whether "disposition of the action might *as a practical matter* impair its interest." *Oneida Indian Nation of Wis. v. New York*, 732 F.2d 261, 265 (2d Cir. 1984) (italic emphasis added). Moreover, although a stare decisis risk is not required to show potential impairment of rights, here a decision and appeal may have a stare decisis effect impairing the sergeants' interests.

The City cannot fully and ethically represent the sergeants' interests because the City has actual and potential conflicts. The City is currently judging sergeants for discipline and is not taking the position that no sergeant acted unlawfully. (Pl. Mem. 10.) "At the same time the City and NYPD claim they can represent the sergeants' interests, the City and NYPD are pursuing at least 50 disciplinary investigations and proceedings against NYPD sergeants in connection with the 2020 protests." (Doc. 47-1, Mullins Aff. ¶¶ 1, 15.) The SBA has filed a proposed Answer to the *People* complaint asserting in some 240 places that it "denies that any sergeants acted unlawfully." (Ex. A, SBA Proposed Answer to Amended Complaint ¶¶ 7-10 and *passim*.) The City and NYPD have failed to affirm that no sergeant acted unlawfully.

As Professor Green has explained, "the City has an array of interests, none of which include serving the best interests of any given officer or of officers collectively." (Green Aff. ¶ 15, Doc. 47-2.) The City's involvement in ongoing investigations and disciplinary proceedings is an irreconcilable conflict of interest so long as "the City reserves the right to blame individual

officers." (Green Aff. ¶ 21.) The City's conflict is confirmed by its failure to adopt the SBA's Proposed Answer and its denial that any sergeant acted unlawfully.

The Second Circuit's decision in *Floyd* does not provide a basis for denying intervention. (Pl. Opp. 13; Doc. 93, City Opp. 5 [8 of 13].) *Floyd* concerned the late timing of the motion to intervene and the interests of the intervenors were based on a general interest in "reputation," which is different from the interests here. Here identifiable officers who are not named as defendants have immediate interests that are directly threatened by factual findings on specific violent conduct that will impact disciplinary proceedings, liability, and indemnification. *Floyd* specifically confirms that intervention by a union can be justified where the interests are "more direct and substantial than the reputational interest asserted by the unions here." *Floyd*, 770 F.3d at 1061 n.33 (citing as an example *United States v. City of Los Angeles*, 288 F.3d 391, 399 (9th Cir. 2002), where the intervening union had interests in both the liability merits and the relief). As Judge Torres of this district explained in her analysis of *City of Los Angeles*, the Police League's "members had been accused of misconduct, they could still face liability based on that misconduct, and the existing municipal defendant had no interest in defending the conduct." *Floyd v. City of New York*, 302 F.R.D. 69, 107 (S.D.N.Y.), *aff'd in part*, 770 F.3d 1051 (2d Cir. 2014). In *Floyd* there was no concern about individual discipline and liability because the statute of limitations had passed and any claims against individual defendants had been withdrawn. *Floyd v. City of New York*, 302 F.R.D. at 105. *Floyd* is not like the situation here.

Plaintiffs and the City are also wrong that the SBA need not worry because the City is moving to dismiss the complaint. A motion to dismiss may not be granted, and does not cure the conflict created by the City's disciplinary investigations and its failure to confirm in this litigation what the SBA has asserted: that no sergeant acted unlawfully. Nor is the conflict resolved because

"Corporation Counsel has concluded that at least some defendants were acting within the scope of their employment" based on her having appeared on behalf of "at least one of the NYPD's policymakers." (Pl. Opp. at 12.) The Attorney General's sweeping complaint covers many currently unnamed officers. The City can decline to indemnify officers who are defendants in civil litigation upon determining the officer was not acting within the scope of employment. The City has not stipulated that all officers responding to the protests were acting within the scope of employment. This action exposes officers to lawsuits and potential defense costs in civil actions. *See Floyd*, 302 F.R.D. at 107 n.20 (discussing subsequent criminal and civil proceedings faced by officers based on allegations in *City of Los Angeles*).

### 2. Interest in remedies that may affect officer safety and job performance

The need for SBA intervention is emphasized by Plaintiffs' view that NYPD officer safety and policing performance "are not only attenuated but are secondary to the core legal issue in this action." (Pl. Opp. at 22.) On this motion the evidence is that "During the protests, frontline police were confronted with a chaotic scene of virulent anti-police sentiment marked by direct assaults against members of service: police vehicles were surrounded and lit on fire, officers were repeatedly pelted by projectiles, pepper sprayed, spat upon, and in one well-publicized case, were the targets of Molotov cocktails." (Decl. of Edward D. Mullins, Doc. 47-1, at ¶ 13.) The safety of lawful protesters is of course at issue, but equally at issue is how police officers can be kept safe when protests turn violent. The City's opposition to intervention is silent on this. Officer interests in their personal safety are real and must be recognized and represented. (*See* Mot. at 13-14.)

### 3. Interest in protecting collective bargaining rights

Plaintiffs and the City claim protection of collective bargaining rights are not an interest that justifies SBA intervention because any relief or proposed relief does not implicate collective

bargaining rights, and that it is "speculative" to be concerned about relief or settlement. (Pl. Opp. 5-9, City. Opp. 6-10.) But none of this can be a ground for rejecting intervention at this time, because it depends entirely on specific terms in an injunction which have not yet been specified. The SBA should be allowed to intervene to ensure that an injunction (including any consent decree or settlement) in fact does not overreach to infringe on collective bargaining rights. Meaningful protection of those rights requires intervention now, not deferred until later. (*See* Pl. Opp. at 9 n.3.) In *Floyd*, the Second Circuit affirmed the denial of intervention at a later stage because the motion to intervene had not been made earlier. 770 F.3d at 1058.

### B. The City will not adequately represent these interests.

Plaintiffs and the City are wrong in claiming the City can represent all sergeants' interests.

*First*, Plaintiffs are wrong in claiming the SBA is required to make a "rigorous showing of inadequacy" because the SBA and the City have "an *identity* of interest" and share "*the same* ultimate objective" in this case. (Pl. Opp. at 16 (emphasis added).) As explained in Point I.A.1 and further below, because interests and objectives of the SBA and the City are in direct conflict, this higher standard does not apply. Plaintiffs also claim the SBA must overcome a "particularly compelling" presumption of adequate representation because the City is a governmental entity. (Pl. Opp. at 16.) But that presumption does not apply where the governmental entity is acting as an *employer*, in which case it may "behave like a stakeholder rather than an advocate" for employee interests. *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 133 (2d Cir. 2001) (finding no "congruence of interests" between Board of Education and group of white male employees in Title VII lawsuit brought by the United States); *see also United States v. City of Los Angeles*, 288 F.3d 391, 401-02 (9th Cir. 2002) (the "presumption arises when the government is acting on behalf of a constituency that it represents" but "[t]he situation is different when the government acts as an

employer"). At a minimum, the City, as employer, would not represent the views of officers on the central issues "with the same vigor and advocacy as would the unions themselves." *Vulcan Soc'y of Westchester Cnty., Inc. v. Fire Dep't of White Plains*, 79 F.R.D. 437, 441 (S.D.N.Y. 1978). Here adequate representation cannot be presumed, and the SBA need only make a "minimal" showing that the City's representation of its interests "may be" inadequate. (Mot. at 13.)

*Second*, actual and potential conflicts between City and the sergeants are already confirmed. As noted in Point I.A.1, the City is judging sergeants for disciplinary action, and has failed to confirm that no sergeant acted unlawfully (as asserted in the SBA Proposed Answer, Ex. A). But the simple fact that the City acts as a defendant and plans to move to dismiss the complaints does not align its interests and objectives with those of the SBA. If the City were aligned, it would adopt the denials in the SBA's proposed answer.

As Professor Green explains, "the City can defend itself without defending the lawfulness of the officers' conduct; because in the City's view, the public interest may ultimately be best served by negotiating for a resolution that includes acknowledging individual officers' wrongdoing; and because the City may favor a remedy that disserves the future interests of SBA members at the expense of other City interests." (Doc. 47-2 at 8.) Both on the merits and at the remedial stage, the City will have "every reason to distance itself from the officers' conduct." *Floyd v. City of New York*, 302 F.R.D. 69, 107 (S.D.N.Y. 2014).

*Third*, it is irrelevant that the City "routinely defends" officers in section 1983 cases. (City Opp. at 8 [11 of 13]; *see also* Pl. Opp. at 18.) This is not a case where the City determines it can represent the interests of officers named as defendants. This case involves allegations by the State of New York about unnamed but identifiable officers who are not parties. The City has an ethical conflict of interest because of its prosecutorial stance in both pending and potential disciplinary

actions against officers. The City's authority to represent officers does not displace its ethical obligations to officers it represents. Corporation Counsel will either leave officers, and their interests, unrepresented, or it will represent them in a manner that prioritizes the City's interests, so that their interests will be represented only insofar as they happen to align with those of the City.

## II. The SBA should be granted permissive intervention under Rule 24(b).

*First*, SBA intervention will not cause undue delay. The SBA will follow the existing expedited schedule and will not inject extraneous issues. The SBA will present noncumulative evidence the City may have less incentive to introduce, including evidence of violent and confrontational conduct by protesters. It will introduce necessary context for testimony of NYPD leadership about policies and training and the enhancements necessary for safety of both the public and officers. It will address the adequacy of training to sergeants and rank-and-file officers.

*Second*, the interests asserted by the SBA are not "collateral to the core interests at stake in this action" or "attenuated" from the "core legal issue" of "whether the NYPD's policing practices related to the protests are constitutionally permissible." (Pl. Opp. at 22.) The sergeants' and other officer conduct is an essential part of this case and at the heart of the merits and remedies.

*Third*, Plaintiffs' suggestion that the SBA participate as an *amicus* (Pl. Opp. 23) fails to give the sergeants the means to fully collect, present, and contest evidence. None of the cases cited by Plaintiffs where courts invited *amicus* submissions after denying intervention involved denial of intervention to employees or a labor union in a lawsuit against a public employer.

## **CONCLUSION**

The Court should grant the SBA's motion to intervene under Fed. R. Civ. P. 24.

| | |
|---|---|
| Dated: March 26, 2021<br>New York, New York | Respectfully Submitted,<br><br>/s/ *Anthony P. Coles*<br>Anthony P. Coles<br>**DLA PIPER LLP (US)**<br>1251 6th Avenue<br>New York, NY 10020<br>Telephone: (212) 335-4844<br>Facsimile: (212) 884-8644<br>Email: anthony.coles@dlapiper.com<br><br>*Attorneys for Proposed Intervenor Sergeants Benevolent Association* |

*Of Counsel*:
Andrew C. Quinn, Esq.
The Quinn Law Firm
399 Knollwood Road, Suite 220
White Plains, NY 10603
Telephone: (914) 997-0555
Facsimile: (914) 997-0550
Email: aquinn@quinnlawny.com

## **CERTIFICATE OF SERVICE**

I, Anthony P. Coles, hereby certify that, on this 26th day of March, 2021, I caused the foregoing to be served on all counsel of record in these cases by filing on the CM/ECF system.

/s/ *Anthony P. Coles*
Anthony P. Coles