March 30, 2021

**By ECF**
Honorable Magistrate Judge Gabriel W. Gorenstein
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: *In re: New York City Policing During Summer 2020 Demonstrations,*
       *1:20-CV-8924 (CM) (GWG)*
       *This Filing Is Related to All Cases*

Dear Judge Gorenstein:

  We write on behalf of counsel for all Plaintiffs in the consolidated cases to seek the Court's assistance in resolving a dispute between the parties regarding a protective order. Counsel for the parties agree on the need for a protective order that will allow the parties to designate certain information and documents disclosed in discovery as "confidential." But, after conferring in good faith, the parties have been unable to resolve a dispute concerning revisions suggested by the Defendants to the Plaintiffs' Proposed Protective Order (hereinafter "Proposed Protective Order" or "Exhibit A"). Apart from this dispute, the parties have otherwise reached agreement on all other terms of the Proposed Protective Order.

  On March 3, 2021, Plaintiffs provided Defendants with a draft Proposed Protective Order, which incorporates language required in such orders by § VI of Chief Judge McMahon's Individual Practices and Procedures. On March 8, 2021, Defendants informed Plaintiffs by email that they wanted to adopt the protective order set forth in Exhibit C of the 1983 Plan ("the Plan"), to which Plaintiffs objected and subsequently requested a meet-and-confer. Counsel for Plaintiffs certify that, on March 10, 2021, Lillian Marquez and Travis England, for the Plaintiffs, attended a telephonic meet-and-confer for approximately thirty minutes with Dara Weiss, counsel for the Defendants. During the conference, the parties agreed on significant portions of the draft Proposed Protective Order. Following the meet-and-confer, a number of emails with proposed edits were then exchanged and subsequently agreed upon. Then, on March 17, Defendants proposed by email additional revisions to the Protective Order (attached as "Exhibit B"). The parties reached agreement on one of these proposed changes, and on March 29, Plaintiffs' counsel provided Defendants a revised draft of the Plaintiffs' Proposed Protective Order (attached as "Exhibit A"), incorporating all previously agreed upon revisions. Counsel for Plaintiffs additionally certify that on March 30, Lillian Marquez, Molly Biklen, Jessica Perry, and Jennvine Wong, for the Plaintiffs, attended a telephonic meet-and-confer for approximately twenty minutes with Elissa Jacobs and Brachah Goykadosh, counsel for Defendants, in a further attempt to resolve the dispute. The parties were unable to reach an agreement regarding the confidentiality of NYPD personnel and disciplinary records, and Plaintiffs informed Defendants they believed the parties to be at an impasse and would therefore seek the assistance of the Court to resolve this dispute.

Specifically, Defendants have proposed to add to the definition of "Confidential Materials," "(d) NYPD personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies." *See* Ex. B. In the subsequent sentence, "[d]ocuments shall not be designated 'Confidential Materials' to the extent that they . . . can be obtained by the parties pursuant to the New York Freedom of Information Law ('FOIL'), or are otherwise publicly available," Defendants also seek to replace "can be" with "are." Defendants further propose removing Plaintiffs' proposed requirement that, "[w]here the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated." Plaintiffs oppose Defendants' proposed revisions because Defendants cannot meet their burden for such an overly broad and unwarranted protective order, and as such, we respectfully request that Plaintiffs' Proposed Protective Order, attached as Exhibit A, should be ordered by this Court.[1]

Under Rule 26(c)(1), protective orders may be issued "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A party seeking a protective order "has the burden of showing that good cause exists for issuance of that order." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (quoting *In re "Agent Orange" Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987)). The movant must submit a specific, non-conclusory demonstration of fact in order to establish good cause. The movant must also show that the disclosure will result in "a clearly defined, specific and serious injury." Therefore, sweeping allegations of harm that are unsubstantiated by specific examples will not satisfy the Rule 26(c) test. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 72 (S.D.N.Y. 2007) (internal citations and quotation marks omitted).

First, Defendants cannot possibly establish good cause for a blanket gag order over *all* police personnel and disciplinary records. Defendants' position is particularly indefensible given that the vast majority of NYPD personnel and disciplinary records are now subject to New York's Freedom of Information Law ("FOIL") following the June 12, 2020 repeal of New York Civil Rights Law § 50-a ("§ 50-a").[2] *See Uniformed Fire Officers Ass'n v. De Blasio*, No. 20-2789-CV,

---

[1] Defendants initially proposed applying the protective order set forth in Exhibit D of the 1983 Plan ("the Plan") based on Paragraph 11 of the Plan, which mandates use of the Plan's protective order. This Paragraph does not apply to the consolidated actions because the complaints at issue fall under the exceptions provided under the Local Rules. Specifically, these actions are "class actions;" "actions brought by six or more plaintiffs;" "complaints requesting systemic equitable reform;" or "actions requesting immediate injunctive relief." *See* Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Local Civil Rule 83.10 (Oct. 29, 2018); *see also Payne* FAC, ECF 54*; People* FAC, ECF 94; *Sow* FAC, ECF 96*; Sierra* FAC, ECF 98; *Wood* FAC, ECF 100; *Yates* Compl., 1:21-cv-01904, ECF 1. Accordingly, the applicable standard in this case is Rule 26(c)(1) of the Federal Rules of Civil Procedure.

[2] On June 12, 2020, New York's simultaneous repeal of Civil Rights Law § 50-a and enactment of sweeping revisions to FOIL took effect. *See* S.B. 8496, 243rd Leg., Reg. Sess. (N.Y. 2020); N.Y. Pub. Off. L. §§ 86(6) through 86(9); 87(4-a); 87(4-b); 89(2-b); and 89(2-c). As a result, all "law enforcement disciplinary records" within the meaning of FOIL § 86(6), including records of "law enforcement disciplinary proceeding[s]" within the meaning of FOIL § 86(7), are now presumptively subject to disclosure under FOIL. *See* N.Y. Pub. Off. L §§ 86(6), 86(7); *see also, e.g.*, *Schenectady Police Benevolent Ass'n v. City of Schenectady*, 2020 NY Misc. LEXIS 10947, 2020 NY Slip Op 34346[U], at 8-11 (Sup. Ct., Schenectady Cnty. 2020); *Buffalo Police Benevolent Ass'n, Inc. v. Brown*, 69 Misc. 3d 998, 1004 (Sup. Ct., Erie Cnty. 2020).

2

2021 WL 561505 (2d Cir. Feb. 16, 2021) (affirming Judge Failla's denial of a preliminary injunction sought by police unions seeking to prevent the disclosure of disciplinary records and removing a temporary stay allowing the records—including allegations that are unsubstantiated, unfounded, and non-final—to be released to the public). Even before the Second Circuit's ruling, a growing consensus of district courts throughout New York have denied confidentiality protections for police employment and disciplinary records since the repeal of § 50-a, holding that there is no longer good cause within the meaning of Rule 26(c)(1) for shielding law enforcement records from disclosure with a protective order. *See Mingo v. City of New York*, No. 19 Civ. 5806 (FB) (VMS), 2020 WL 7085359 (E.D.N.Y. Dec. 3, 2020) (denying Defendants' motion for a protective order for police disciplinary records and performance evaluations and allowing only "limited redaction of highly sensitive personal information such as Officer Defendants' home addresses and telephone numbers, social security numbers and the like"); *Casaccia v. City of Rochester*, No. 17-CV-6323 (FPG) (MJP) at *2 (W.D.N.Y. July 7, 2020) (prohibiting defendants from marking "any police personnel or disciplinary records, complaints of misconduct, internal investigatory records, or training materials as 'confidential' as such records are now publicly available"); *see also Walls v. City of New York*, No. 19 Civ. 337 (RPK) (VMS), 2020 WL 6899996, at *6–7 (E.D.N.Y. Nov. 24, 2020) (discussing the impact of the repeal of § 50-a on public access to police disciplinary records)).

Defendants argue that the repeal of § 50-a does not govern federal discovery practice and does not change the designation of police personnel and disciplinary records as confidential.[3] State freedom of information laws indisputably affect the scope of records that are publicly available, and consequently, the appropriateness of a protective order. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 791 (3d Cir. 1994) (holding that to the extent the information is subject to disclosure under freedom-of-information or right-to-know laws, "a strong presumption exists against granting or maintaining an order of confidentiality"); *see also King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (explaining that, while state law does not govern federal discovery, the designation of police employment records as confidential could be based on comity with state privacy protections under § 50-a). In determining that all law enforcement disciplinary records should be public, with the exception of certain narrow and enumerated redactions that may be made on privacy grounds,[4] the New York legislature explicitly, and carefully, balanced New York law enforcement officers' privacy interests in protecting such records from disclosure against the strong public interest in disclosure of such law enforcement personnel and disciplinary records, and determined that continuing the regime of secrecy created by former § 50-a would be "contrary to public policy." S.B. 8496, 243rd Leg., Reg. Sess. (N.Y. 2020). Accordingly, the resulting applicability of FOIL to police personnel and disciplinary records renders all such records

---

[3] Defendants represented during the March 30, 2021, meet-and-confer that allegations that are already in the "public sphere" either now or going forward, including those that have been "released either by CCRB or IAB," will not bear any confidentiality marks.

[4] In repealing § 50-a, the legislature amended FOIL to require the redaction of certain specific information prior to disclosing such records, *see* N.Y. Pub. Off. L §§ 87(4-a) and 89(2-b), and otherwise permits the withholding of only such records related to "minor" or "technical infraction[s]" that "do not involve interactions with members of the public," "are not of public concern," and "are not otherwise connected to [the officer's] investigative, enforcement, training, supervision, or reporting responsibilities," *see* N.Y. Pub. Off. L §§ 86(9), 87(4-b), 89(2-c).

presumptively public and therefore inappropriate for categorical inclusion under a protective order. *King*, 121 F.R.D. at 187.

Second, Defendants reject the proposed language that would limit the designation of documents as confidential if they "can be obtained by the parties" through FOIL because "none of [us] have the authority to say what" police disciplinary records "'can be' obtained through FOIL . . . we only know for sure what we do in fact obtain through FOIL." Ex. B. This is mere sophistry. What "'can be' obtained through FOIL" has been determined by the state legislature and judicial interpretation—Defendants' proposal has the sole purpose of conforming the language of the paragraph to its aim of deeming all disciplinary records categorically confidential. Notably, Defendants' current arguments contradict positions Defendants repeatedly took in the *Uniformed Fire Officers Association* case. For example, in a July 17, 2020 letter to the District Court in that matter, Defendants' counsel argued that the union Plaintiffs were "attempting to subvert the clear intent of that legislative action [in repealing CRL § 50-a and amending the FOIL], which was to increase transparency by permitting the disclosure of . . . disciplinary records" including "unsubstantiated, exonerated, and unfounded allegations." *Uniformed Fire Officers Association v. De Blasio*, 20 Civ. 054411 (KPF) (July 17, 2020), Dkt. No. 7, at 1; *see also* Br. for City Appellees at 11, *Uniformed Fire Officers Association v. De Blasio*, No. 20-2789-CV, Dkt. No. 269 (2d Cir. Oct. 29, 2020) (explaining that the repeal legislation "repealed § 50-a, making disciplinary records presumptively public, like other government records, without creating any carve-out for records relating to pending or unsubstantiated disciplinary cases"). Indeed, the Civilian Complaint Review Board and NYPD have both publicly published some portion of disciplinary histories of members of service in recent weeks.[5] Defendants do not dispute that these already published records would not be confidential, yet, contrary to FOIL's plain language, rationalize that personnel and disciplinary records that are not yet otherwise public should still be treated as categorically confidential.[6]

Finally, Defendants' claim that including Plaintiffs' proposed language requiring that where "the confidential portion" of a record "is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated," would be "likely to make productions much too burdensome" is also without merit. The City and its various agencies are routinely responsible for assessing what records are available to the public under FOIL and complying with the law. The City's responsibility to assess records is far from being so burdensome as to justify a blanket confidentiality order over NYPD personnel and disciplinary records. Defendants cannot rely on a blanket designation of records as confidential under a protective order as a means to avoid the work of separating confidential from non-confidential materials in their discovery production. Simply put, this Court should not allow Defendants to

---

[5] The CCRB published a searchable database containing allegation histories for members of service since 2000, including of complaints that were ultimately unfounded, unsubstantiated or exonerated. *See* NYPD Member of Service Histories, https://www1.nyc.gov/site/ccrb/policy/MOS-records.page (last visited Mar. 30, 2021). On March 8, 2021, the NYPD made public an online dashboard containing profiles of all 35,000 active NYPD members, *see* NYPD Online, Officer Profile (2020), https://nypdonline.org/link/2, as well as redacted copies of more than 200 NYPD administrative trial decisions, *see* NYPD Online, Trial Decisions Library (2020), https://nypdonline.org/link/1016.

[6] Defendants aver that the Second Circuit's ruling affects merely resumes of police personnel, and the narrower release of misconduct allegations against officers only, excluding all other underlying records of such misconduct.

disclose such records one day when it suits them, then claim the next day, without substantiation, that disclosing them would suddenly cause harm. Nor should the Court take Defendants at their word that such records should be treated as confidential given their recent position in the *Uniformed Fire Officers Association* case, the legislative intent in recent changes to the law, and public release of broad swaths of the very sorts of records at issue in this dispute.

Rather, Plaintiffs' Proposed Protective Order suffices to allow Defendants to designate such materials as confidential and to make appropriate redactions should they contain information that is justifiably sensitive or private. By contrast, Defendants' proposed definition of "Confidential Materials" is at odds with the presumption against confidentiality in Rule VI of Chief Judge McMahon's Individual Practices and Procedures and is likely to create additional administrative burdens in this case, by leading to further disputes about when disciplinary records designated as confidential must be filed under seal. Such disputes will inevitably slow down this case and take up more of this Court's resources.

In sum, Defendants cannot demonstrate good cause for a protective order rendering disciplinary records, most of which are publicly available under FOIL, as confidential. For the reasons stated herein, Plaintiffs respectfully request that the Court accept Plaintiffs' Proposed Protective Order, included as Exhibit A. We also respectfully request the opportunity to participate in oral argument remotely, related to these disputes.

Respectfully submitted,

/s/*Jennvine Wong*
Jennvine Wong
Corey Stoughton
THE LEGAL AID SOCIETY
199 Water Street
New York, NY 10038
(212) 577-3367
cstoughton@legal-aid.org
jwong@legal-aid.org

/s/ *Gideon Orion Oliver*
Gideon Orion Oliver
277 Broadway, Suite 1501
New York, NY 10007
(718) 783-3682
Gideon@GideonLaw.com

*Counsel for Plaintiffs in Sow v. City of New York, 21-cv-00533*

/s/*Jessica Perry*
Jessica Perry
Molly K. Biklen
Daniel R. Lambright
Lisa Laplace
Christopher T. Dunn
NEW YORK CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
jperry@nyclu.org

*Counsel for Plaintiffs in Payne v. De Blasio, 20 Civ. 8924*