**Exhibit B**

**From:** Weiss, Dara (Law) <daweiss@law.nyc.gov>
**Sent:** Wednesday, March 17, 2021 10:15 AM
**To:** Marquez, Lillian <Lillian.Marquez@ag.ny.gov>
**Subject:** RE: Draft protective order

Hi Lillian,

We have some further changes we would like to make to paragraph 2. We would like it to read:

"Confidential Materials" shall mean any portion of documents that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others, including but not limited to: (a) home addresses, non-business phone numbers, or personal e-mail addresses contained in New York City Police Department ("NYPD") records; (b) plaintiffs' and witness' medical records; (c) records related to plaintiffs' sealed arrests that were not related to the incident(s) underlying the Complaints; ==and (d) NYPD personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies== . Documents shall not be designated "Confidential Materials" to the extent that they relate to the incident(s) underlying the Complaints in the Actions, or ~~can be~~ ==are== obtained by the parties pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available. ~~Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.~~

We propose adding section "d" as it is still included in the SDNY Rule 83.10 Protective Order, despite the repeal of 50(a), which, as you are aware, relates to FOIL, not to federal lawsuits. We also propose removing the last sentence of the same paragraph , as it is likely to make productions much too burdensome if we are required to separate out confidential from non-confidential portions on what is likely to be thousands upon thousands of pages of documents the defendants expect to produce throughout the course of the litigation
We changed the "can be" to "are" with respect to FOIL documents, because none of have the authority to say what documents "can be" obtained through FOIL…we only know for sure what we do in fact obtain through FOIL so to avoid any issues there, the change makes sense
And a small change to paragraph 4, which we insist must include the words "use or" before the work "disclose" in the first sentence

Please let me know your thoughts