

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ELISSA B. JACOBS**
Senior Corporation Counsel
Phone: (212) 356-23540012
Fax: (212) 356-3509
Email: ejacobs@law.nyc.gov

April 1, 2021

**BY ECF**
Honorable Gabriel M. Gorenstein
Southern District of New York
Daniel Patrick Moynihan United States Courthouse 500 Pearl Street
New York, New York 10007

> Re:  *In re: New York City Policing During Summer 2020 Demonstrations,*
> **1:20-CV-8924 (CM) (GWG)**
> *This Filing Is Related to All Cases*

Your Honor:

I am a Senior Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, representing defendants in these consolidated actions. I write, pursuant to Your Honor's Individual Rules, in response to plaintiffs' letter of March 30, 2021 regarding the parties' disputes as to the Proposed Confidentiality Order. Specifically, defendants write to request that the Court enter the attached hereto as Exhibit A, which 1) designates as confidential police personnel records not otherwise made public; 2) carves out an exception for those documents that have been obtained through the FOIL process, as opposed to plaintiffs' speculative proposal for documents that "can be" obtained through FOIL; and 3) allows defendants to mark as confidential those documents where the confidential portion cannot reasonably be separated from the non-confidential portions. The question here is not what to do in light of the repeal of 50-a, as plaintiffs erroneously frame it. The question is what to do with those documents that would *only* be produced through federal discovery. They should remain confidential.

**A. Non-Public Police Personnel and Disciplinary Records Should Be Designated as Confidential.**

As an initial matter, plaintiffs are requesting a broad swath of documents in those discovery requests that have already been propounded. Plaintiffs are seeking not only allegations of misconduct against officers, but, *inter alia*, files underlying those allegations; psychological profiles of officers; complete personnel files and academy training records. Despite plaintiffs' representations, defendants have made clear that allegations against officers already publicly released and currently found in public-facing databases released by the Civilian Complaint

Review Board and the NYPD, will not be marked as confidential. There is no support for plaintiff's position that the repeal of §50-a mandates wholesale disclosure of the types of documents plaintiffs seek without protections, and it should not be granted here.

Plaintiffs argue that because §50-a New York Civil Rights Law has been repealed, all law enforcement disciplinary and personnel files must be made available without a protective order. The repeal of 50-a removed a blanket protection of law enforcement officers' personnel records that was mandated under state law. The elimination of the state law's blanket protection does not mean that all police personnel records must be made widely available, nor that litigants in a federal civil suits are now precluded from seeking protections for disciplinary records and personnel files. The repeal of 50-a simply made police officers' personnel records subject to the same analysis and protections as the personnel records of other government employees under state law. Privacy and other considerations that would warrant a protective order for a teacher's personnel records are no less relevant to police officers.

Civil Rights Law 50-a never governed discovery in federal court and its repeal should have no impact on federal discovery. "[T]he repeal of 50-a governs what the public can access, not litigants' obligations under the Federal Rules of Civil Procedure." *See Fowler-Washington v. City of New York*, No. 19-CV-6590(KAM)(RER), 2020 U.S. Dist. LEXIS 231544, at *11 (E.D.N.Y. Dec. 9, 2020) The repeal of 50-a, which affects disclosure of law enforcement officers' personnel records under state law does not mean litigants in federal civil lawsuits are now precluded wholesale from any protection whatsoever for public disclosure of their disciplinary, personnel, and employment records, as plaintiffs suggest. *See id.,* at 8. Federal courts have consistently held that Section 50-a has no effect on discovery in federal court. *See, e.g., King v. Conde*, No. 87 Civ. 3317, 2359 (JBW), 121 F.R.D. 180, 187 (E.D.N.Y. June 15, 1988) (because "New York state law does not govern discoverability and confidentiality in federal civil rights actions," and "direct application of the state rule would be undesirable and improper," CRL § 50-a did not determine the discoverability of police records such as disciplinary actions or internal investigations); *see also*, *Crosby v. City New York*, 269 F.R.D. 267, 274 (S.D.N.Y. 2010) (citing Fed. R. Evid. 501 and collecting cases) ("in cases presenting federal questions, such as [§ 1983], discoverability, privileges, and confidentiality are governed by federal law, not state law.").

The question is not what to do in light of the repeal of 50-a. The question is what to do with those documents that would *only* be produced through federal discovery. That is the precise question answered by Judge Matsumoto in *Fowler-Washington*, when she ruled that, "the scope of discovery under Federal Rule of Civil Procedure 26 is likely much broader than New York's Freedom of Information Law, and so Plaintiff here will have access to more documents than he would as a member of the public, even after the repeal of Section 50-a. Thus, the repeal of Section 50-a does not allow Plaintiff to publicly share any and all material produced in discovery." *Id.* at *8. Without allowing for the protective order provision requested by defendants, that is exactly what would happen here.

Judge Matsumoto is not the only judge in this Circuit to see the distinction. Judge Buchwald considered and rejected similar arguments from a plaintiff who was seeking to de-designate documents as confidential that had been produced in accordance with Local Rule

83.10.  *See Elliot v. City of New York*, 20-CV-702 (NRB)(S.D.N.Y. Nov. 18, 2020).  She found that there was good cause under federal law, not 50-a, to designate police disciplinary records as confidential, and that repeal of the law had no impact on the protective order under the Local Rule.  *Id.*  *See also Franklin v. City*, 20-CV-3815 (MKV)(S.D.N.Y. Oct. 9, 2020) (Finding that Section 50-a was not binding on federal courts when the statute was in effect and its repeal does not require changing Local Civil Rule 83.10 procedures); *Benjamin v. City of New York*, 20-CV-2069 (RJD) (PK),(E.D.N.Y., ECF No. 21, Transcript of September 22, 2020 Hearing) (directing a protective order where the documents sought were broader than what was publically available and included underlying files);  *See also Saavedra v. City of New York*, 19-CV-7491 (JPC) (S.D.N.Y. Jan. 12, 2021) (finding that the repeal of 50-a does not govern discoverability or confidentiality in Federal Civil Rights actions).

In fact, the two cited by plaintiffs which dealt with NYPD records only addressed a small portion of the types documents plaintiffs demand be produced without protections in this case. In *Mingo*, the plaintiff sought only performance evaluations and disciplinary indices, not personnel files or underlying disciplinary documents.  *See Mingo v. City of New York*, No. 19 Civ. 5806 (FB) (VMS), 2020 WL 7085359 (E.D.N.Y. Dec. 3, 2020).  In *Walls*, the records sought were even more limited, merely the disciplinary indices.  *See* Walls *v. City of New York*, No. 19 Civ. 337 (RPK) (VMS), 2020 WL 6899996, at *6–7 (E.D.N.Y. Nov. 24, 2020).  Far from a growing consensus, plaintiffs cite to no Courts that have ordered the City to produce the types or scope of documents requested here without protections.
.
Finally, the Second Circuit's recent decision in UFOA provides no basis for plaintiffs' request that the individual defendants' *full* disciplinary, personnel, and employment records be disclosed without a protective order in this matter.  In UFOA, several unions brought suit asserting, *inter alia*, that due process and privacy interests prevented public disclosure of nonfinal disciplinary records. *See Uniformed Fire Officers Assoc. v. De Blasio*, No. 20-CV-2789(L), 2021 U.S. App. LEXIS 4266 (2d Cir. Feb. 16, 2021). The Circuit found that a provision in the unions' collective bargaining agreements that allowed certain complaints to be removed from individual personnel files did not conflict with the City's planned public disclosures. *Id.* at *6-7. Defendants respectfully submit that whether or not disciplinary records *may, as a general matter,* lawfully be disclosed is not relevant to whether any particular records *must* be disclosed in litigation without a protective order. This is not a "blanket gag order" as plaintiffs misrepresent. ECF No. 112 at 2. This is nuance.

Moreover, plaintiffs would not be prejudiced by having these documents produced to them with a protective order. The only difference to them would be an inability to share the documents with parties outside this litigation. Should that be their aim, they can file a FOIL request for the same records and, if they obtain them, will be free to share them outside the litigation. If, however, their goal in seeking these documents is to use them to prosecute their suit, affording the documents protections would have <u>no</u> impact on their ability to do so

Should the Court find that 50-a previously played a role in federal discovery, its repeal should not mean *carte blanche* production of officers' disciplinary records and personnel files without any protections whatsoever, as plaintiffs request.  The repeal did not remove other considerations.  Even under New York Freedom of Information Law (FOIL), defendants have

the discretion to withhold disciplinary records in appropriate circumstances if any of the exemptions from disclosure permitted under FOIL apply (*e.g.* personal privacy exemption (6 N.Y. Pub. Officers L. § 87(2)(b), the law enforcement exemption (6 N.Y. Pub. Officers L. § 87(2)(e)), the life or safety exemption (6 N.Y. Pub. Officers L. § 87(2)(f)) or the inter-agency exemption (6 N.Y. Pub. Officers L. § 87(2)(g)). Moreover, the Federal Rules of Civil Procedure governing discovery still apply in full force. That is, discovery must be proportional to the needs of a case and the burden of discovery must not outweigh its benefit. Fed. R. Civ. P. 26(b)(1). Accordingly, in light of the lack of prejudice towards the plaintiffs, and the defendants' continuing privacy interests, defendants request that the Court endorse the proposed Confidentiality Order attached hereto.

### B. Plaintiffs Should Not Be Permitted to Speculate or Litigate what records are available under FOIL.

Plaintiffs also request that documents that "can be" obtained through FOIL procedures be exempted from the protective order. This attempt to incorporate litigation over what is available to be disclosed under the Freedom of Information Laws into these consolidated lawsuits should not be permitted. First, as discussed above, discovery and confidentiality in Federal Court is governed by the Federal law. Plaintiffs' provision would encourage the parties to speculate about whether certain documents would theoretically be provided through FOIL, and then ask this Court to pre-emptively endorse one view or another. Simply put, this it not the appropriate forum for these disputes. Defendants' proposal – that only those documents that have already been made publicly available or are actually made available to them or others through FOIL including certain allegations of misconduct – will allow for certainty and less need for Court intervention.[1] In addition, defendants are conscious of the short discovery schedule in this case. Plaintiffs' proposal will encourage litigation over a peripheral issue and unnecessarily make it more challenging to meet the Courts' deadline.

### C. Defendants Should Be Permitted to Mark as Confidential Documents Where the Confidential Portion Cannot Reasonably be Separated from the Non-Confidential Portions.

Finally, plaintiffs' proposed language requesting that where the confidential portions can be separated from non-confidential portions of documents, documents shall not be marked as confidential should not be accepted by the Court. This clause is a creature of plaintiffs' invention. While Local Civil Rule 83.10 and the standing confidentiality order may not apply to these cases, the proposed protective order by plaintiffs closely models the standing confidentiality stipulation associated with Local Civil Rule 83.10. The exception to that is that plaintiffs have tacked this sentence to the end of ¶7. Plaintiffs attempt to justify the clause by vaguely pointing to the existence of FOIL and attempting to attack defense counsel's work

---

[1] Plaintiffs cite to a letter filed by the City in *Uniformed Fire Officers Assoc. v. De Blasio*, claiming that the City's position is inconsistent. 20 Civ. 5441 (KPF) (July 17, 2020), Dkt. No. 7, at 1. This is untrue. Here, plaintiffs are seeking a far more than allegations made against officers at issue in UFOA, and plaintiffs' claim that that case addressed the broad category of documents at issue here is without support. *Id.*

ethic. 2 Each of these strategies is without merit. This sort of conflation and plaintiffs' strange and unsubstantiated ad hominin attacks about defendants "avoiding the work" are without merit. Though plaintiffs attempt to lean on Judge McMahon's Individual Rules and Practices, it provides them with minimal support. Plaintiffs fail to point to any specific paragraph within Section VI, but perhaps they are referring to the portion that states: "The Court operates under a presumption that the entire record should be publicly available." At the same time, they request that the entirety of plaintiffs' medical records be treated as confidential, recognizing that, despite their assertions, there are limits to this presumption. Obviously, plaintiffs do not believe that all records produced in discovery should be publically available. Instead, plaintiffs are attempting to impose a double standard and manipulate the District Judge's rules to suit their particular needs. That is not intellectually honest.

Indeed, the language that plaintiffs' seek to include will make discovery in this case—which is on a rocket docket—more burdensome. Defendants litigate in good faith, and of course, if a document need not be designated as confidential, defendants will not mark it as such. To the extent plaintiffs object to the designation of any document as confidential, there is a clause in the proposed protective order dealing with that. ECF No. 112-1, ¶7. In sum, there is no need for plaintiff's additional clause concerning redactions and plaintiff provide no meaningful explanation for the inclusion of their invented language.

Thank you for your consideration herein.

Respectfully submitted,

*Elissa B. Jacobs*
Elissa B. Jacobs
Brachah Goykadosh
Dara M. Weiss
*Senior Counsels*

cc: **Via ECF:**
All Counsel of Record

---

[2] To date, most of the plaintiffs have not produced a single document. They have not provided a computation of damages as is required by Rule 26. They have also indicated that they may refuse to sit for depositions. While these issues are not ripe for judicial attention as the parties have not yet conferred in accordance with the Court's Individual Rules and Practices, it seems ironic—perhaps even poetic?—that plaintiffs are accusing defendants of shirking work. There are over thirty attorneys collectively on the other table. There are only three attorneys at the defense table—only one of whom is a line attorney. And defendants have complied with all their obligations. So the insinuation that defendants are flip about their responsibilities is not only incorrect. It is also offensive.