```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In Re: New York City Policing During Summer    :       ORDER
2020 Demonstrations                                    20 Civ. 8924 (CM) (GWG)
                                               :
---------------------------------------------------------------X
                                               :
This filing is related to
                                               :
ALL CASES:
                                               :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

The Court has considered the parties' recent letters (Docket # 112, 113) on a proposed confidentiality order.  The parties raise three issues.  The Court rules as follows:

1.  <u>Addition of Clause on Personnel, Disciplinary, and Investigation Records</u>

Defendants have proposed adding to the definition of "Confidential Materials," the following provision

> (d) NYPD personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies.

Letter from Jennvine Wong, filed March 30, 2021 (Docket # 112), at 2 ("Pl. Let").

One of the purposes of a confidentiality order is to spare the Court from making rulings on the designation of materials as confidential unnecessarily and to instead institute a process by which such disputes are brought to the Court's attention only when necessary and only in the context of actual records that have been designated.  <u>See</u> generally <u>Auction Houses Antitrust Litigation</u>, 2001 WL 690042, at *1 (S.D.N.Y. June 19, 2001); <u>Decarlo v. Archie Comic Publications, Inc.</u>, 2000 WL 781863, at *1 (S.D.N.Y. June 20, 2000).  The fact that a party designates material as confidential is not entitled to any weight if it ever comes to pass that a Court must review that designation.  <u>See</u> <u>Greater Miami Baseball Club Ltd. Partnership v. Selig</u>, 955 F. Supp. 37, 39 (S.D.N.Y. 1997).  Thus, it is usually simplest for the parties not to attempt to stipulate to categories of documents that are protectible but rather to allow designation of <u>any</u> matter that the designating party in good faith believes is protectible under Fed. R. Civ. P. 26(c)(1).

The Court sees no reason to depart from normal practice — particularly given that the parties' letters group together types of documents that may warrant differing treatment.  Accordingly, the Court will eliminate the proposed language.  The defendants remain free to

designate material as confidential that they believe in good faith is protectible under the case law governing Fed. R. Civ. P. 26(c)(1).  In the Court's view, the existing language in paragraph 2 already permits such good faith designations and thus there is no need to add additional language to make this clear.

2. <u>Applicability of New York Freedom of Information Law ("FOIL")</u>

Defendants proposed that in the following sentence the words "can be" be replaced with "are":

Documents shall not be designated 'Confidential Materials' to the extent that they . . . can be obtained by the parties pursuant to the New York Freedom of Information Law ('FOIL'), or are otherwise publicly available.

Pl. Let. at 2.

To designate material as confidential, a party normally must show that disclosure will result in a "clearly defined, specific and serious injury."  <u>John Wiley & Sons, Inc. v. Book Dog Books</u>, LLC, 298 F.R.D. 184, 186 (S.D.N.Y. 2014).  It would certainly be impossible for such a showing to be made for materials that are publicly available.  And while the Court has difficulty imagining a situation where such a showing could be made for documents that can unquestionably be obtained through the FOIL process, the Court once again does not believe that this is an issue that should be decided at this stage of the case.  The Court will not accept defendants' use of the words "are" inasmuch as we do not see how the parties could know what documents have actually been obtained by all other parties in this case through FOIL.  Accordingly, we have deleted  the reference to FOIL entirely. The term "publicly available" is sufficient.

3.  <u>Segregability</u>

Defendants propose removing plaintiffs' proposed requirement that, "[w]here the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated." Pl. Let. at 2.  The Court is at a loss to understand the objection to this language as it seems to accurately describing a producing party's obligation.  Only material that meets the requirements of Rule 26(c)(1) may be designated as confidential.  There is no warrant to designate as confidential material that does not meet Rule 26(c)(1)'s requirements.  If this requirement imposes an extraordinary and undue burden in some particular category of documents, it should be the subject of a discussion among the parties and, if necessary, an application to the Court.

The Court has made some other revisions to the proposed confidentiality order that should have no substantive effect.  If there is any objection to the Court's revisions, they may be raised in accordance with the Court's Individual Practices.

SO ORDERED.

Dated: April 2, 2021
      New York, New York

                                            GABRIEL W. GORENSTEIN
                                            United States Magistrate Judge