

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

April 6, 2021

**By ECF**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Re:    *In re: New York City Policing During Summer 2020 Demonstrations*,
No. 20 Civ. 8924
*This Filing Relates to All Cases*

Your Honor:

We are Senior Counsels in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, and the attorneys assigned the defense in the above-referenced matters. We write in response to plaintiffs' request for an extension of time to file an opposition and for extra pages. Both requests should be denied.

On February 22, 2021, this Court set a short briefing schedule for defendants' anticipated motion to dismiss. ECF No. 40. The Court also gave defendants only 4 days to provide all plaintiffs with a letter detailing the basis for any anticipated motion to dismiss the municipal liability claims laid out in the consolidated cases. (Conf. Trans. 17:4-12.) Defendants did so. On March 5, 2021, plaintiffs then amended their complaints. Despite the tremendous burden, which the Court has recognized, that the rocket docket and tight motion schedule has imposed on defense counsel, defense counsel worked diligently to: (1) condense six separate complaints and draft one consolidated motion; and (2) adhere to the Court's schedule. (Conf. Trans. 25:16-21.) Now plaintiffs—whose table is fully staffed with presumably competent counsel—places defendants at a disadvantage by asking for more time and more pages.

The Court should not allow it. Plaintiffs offer no meaningful reason why this extension of time is necessary beyond "coordination" and allowing all plaintiffs to respond. ECF No. 116 at 1. But the opposition is not due until April 16, 2021, nearly a week and a half from today. And plaintiffs were served with the motion more than a week ago. They have had, and still have, more than enough time to "coordinate." And defendants limited their arguments to 25 pages despite the fact they were moving to dismiss claims set forth in six complaints. So it is unclear why plaintiffs may need more pages than that to respond. Plaintiffs' letter is simply devoid of any real reasons.

Instead, half of plaintiffs' letter appears to be an attempt to reiterate and undercut defendants' position. ECF No. 116 at 2. To be sure, defendants certainly could have asked more time or more papers. But defendants did not. Rather, defendants took the Courts Individual Rules of Practice and strong instructions at the conference to heart. Defendants followed the rules and the Court's clear order. Defendants got the job done on time and in 25 pages. That defendants are represent by one law firm (three attorneys) and not multiple law firms (thirty attorneys) should not be exploited as a reason to grant plaintiffs' request.[1] It should be a reason to deny it.[2]

Even more troubling is that *Sow* plaintiffs have indicated that they will be filing their own request for an extension of time and own opposition. The Court should dissuade them from doing so and disregard any opposition that is filed separately from the consolidated brief. To the extent the *Sow* plaintiffs file any such request, defendants will formally oppose it.

Defendants would be prejudiced by this request for extra pages and time. While defendants explain why the request for extra time is prejudicial in the paragraph below, defendants address the extra pages here. Simply, defendants limited their arguments. Defendants did so in breadth and scope: raising the defense's best arguments for dismissal and winnowing the rest.[3] Had defendants known that the Court would freely grant more pages, defendants would have asked for 50, maybe more." Defendants responded to six complaints—7 pages; 30 pages; 37 pages; 62 pages; 83 pages and 89 pages; equaling 308 pages in total—in 25 pages. Defendants did so by restraining their arguments and carefully following the Court's Individual Rules and Practices, which provide guidance on how to comply with the page limits. Plaintiffs should do the same. Should the Court grant plaintiffs' request, the Court would be allowing plaintiffs to put forth a more robust opposition than the moving papers that defendants have submitted (and in more time). That is unjust. Defendants should not be penalized for simply following the rules that the Court set.

---

[1] Plaintiffs say that defendants received and requested additional time for the individual defendants to file a motion. ECF No. 116. That is not totally accurate.  Defendants request was to "answer or otherwise respond." ECF No. 108. That request did not in any way disrupt the briefing schedule at hand; nor did it somehow impact the amount of pages. That request is not relevant to the instant one.  Regardless, most of the individual officers have not even been served with process yet.

[2] Moreover, plaintiffs say defendants had the benefit of a "substantial extension" to respond to several of the complaints. Again, this is not relevant. And not true. In all of these cases, plaintiffs filed amended complaints on March 5, 2021. Pursuant to Rule 15(a)(3), defendants' answer would be due in 14 days; the motion was due in 21 days. A seven day enlargement of time— granted *sua sponte* by the Court—is certainly not "substantial" nor is it an "extension," per se. (Even if plaintiffs are referring to the original complaints, in *Sierra*, defendants were not served until January 28, 2021, so any answer would not be due February 18, 2021. *Sierra*, ECF No. 20, 21. At which point, these actions were staying pending the conference. ECF No. 33.)

[3] For instance, the *Sow* plaintiffs bring a selective enforcement claim. While defendants may have chosen to move to dismiss it, due to page limitations, defendants did not.

If the Court is inclined to grant plaintiffs' request, then the proposed schedule that plaintiffs have provided is not practical for defendants. That schedule assumed that plaintiffs would file one consolidated opposition that was 25 pages long on April 16, 2021. That schedule did not account for one 35 page opposition in five of the consolidated cases and a perhaps 25 page opposition in the sixth case. Moreover, defense counsel has adjusted their schedule to accommodate for this motion's briefing schedule, which has required planning and time allocation. So forcing defendants to file a reply to an essentially 60 page opposition on May 7, 2021 is not only unfair, it is also truly undoable. Should the Court allow plaintiffs to do as they request—more time, more pages—then defendants need until May 28, 2021 to reply and defendants need at least 25 pages for any reply.

Thus, the Court should deny plaintiffs' request for an extension of time to file an opposition; and request for excess pages; and any request by the *Sow* plaintiffs to file a separate opposition.

Thank you for your consideration herein.

Respectfully submitted,

Brachah Goykadosh
Elissa Jacobs
Dara Weiss
*Senior Counsels*
Special Federal Litigation Division