

<div align="right">April 7, 2021</div>

Hon. Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., New York, NY 10007-1312

<u>By Electronic Filing.</u>

Re: <u>In Re: New York City Policing During Summer 2020 Demonstrations, 20 Civ. 8924 (CM)(GWG)</u>

Your Honor

  We write to clarify any confusion with respect to *Sow's* presumptive right to submit a separate opposition to the City's recently filed motion to dismiss.

  On April 6, 2021, the City submitted a letter to the Court opposing *People* counsel's application, made on behalf of counsel in *Payne, Sierra, People, Wood,* and *Yates*, for an extension of time of 7 days and an enlargement of page length by an additional 10 pages related to their opposition to Defendants' motion to dismiss (*People* Dkt. 116). A footnote in *People* counsel's letter-application correctly states: "Plaintiffs in *Sow* intend to file separate opposition to Defendants' motion to dismiss." In their response to this request, Defendants have opposed *People* counsel's application entirely — and pre-emptively asked the Court to "dissuade" the *Sow* Plaintiffs from filing their own, separate opposition to Defendants' motion to dismiss.

  We now write to confirm that we do indeed intend to file our own, separate opposition to Defendants' motion to dismiss, and to request that, if the Court grants *People* counsel's application for an extension of time of 7 days, the Court also grant *Sow* counsel the same extension.

  The City's pre-emptive effort to seek a ruling from this Court that *Sow* has no right to file their separate opposition to the City's motion to dismiss should be denied. At the February 22, 2021 conference, this Court affirmed that it was consolidating these related cases for discovery purposes, not as to dispositive motions that the parties might seek to file. Also at that conference, the Court repeatedly referred to contemplated motions to dismiss — plural — rather than a single, consolidated motion to dismiss. *See, e.g.,* Tr. 7:21-22 ("I understand there will be multiple motions to dismiss"); Tr. 21:20-21 ("I realize that the defendants intend to file motions to dismiss"); Tr. 22:3-5 ("Motions to dismiss due March 26. …Responses, April 16. Reply papers due April 30"). The related scheduling order also repeatedly contemplates the filing of "motions to dismiss the complaints, as well as "responsive papers" and "replies" — plural. *Sow* Dkt. 39 ¶¶ 6, 8.

  Instead of filing multiple motions, as they could have, Defendants chose to file a single, combined motion to dismiss in all of the related cases. Rather than making an application to file their own opposition papers, the *Sow* Plaintiffs now intend to exercise what Plaintiffs' counsel view as our

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385   ·   t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com

Case 1:20-cv-08924-CM   Document 118   Filed 04/07/21   Page 2 of 2



clients' rights, consistent with this Court's statements at the February 22, 2021 conference and in the subsequent scheduling order, to file separate opposition papers.

There are good reasons for *Sow* counsel to file separately. *Sow* pleads the broadest class action allegations of all of the cases, including certain claims that Defendants have acknowledged are either unique to *Sow*, or pleaded differently than similar claims in the other cases. We believe that our clients will be best served if we file papers that give our clients' experiences, and the pleadings in *Sow*, singularly focused treatment. Additionally, although we are coordinating with all Plaintiffs' counsel, that is different than agreeing to and joining in all of the same arguments.

As to our request that the Court grant the *Sow* Plaintiffs the same extension of time within which to submit our opposition papers that the Court may grant to the other Plaintiffs' counsel, we believe that a uniform schedule would be most convenient for all parties, and to the Court. Granting *Sow* Plaintiffs' counsel the same extension would keep all briefing related to Defendants' motions to dismiss on the same schedule, including Defendants' reply papers, which would in turn maximize coordination among counsel and minimize overlap and duplication of work. With respect to the request to extend the page limitation for the opposition briefs, *Sow* counsel does not seek that relief at this time.

In sum, we believe that it is both appropriate and what the Court contemplated for the parties to file separate oppositions to what are, in any practical framing, multiple motions to dismiss separate sets of claims. We ask the Court to reject Defendants' request to bar us from briefing their motion on behalf of our clients. Additionally, in the interest of everyone's convenience, we ask the Court to keep all briefing on the same schedule.

Thank you for your attention to this matter.

Respectfully submitted,

/s/
_____
J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for <u>Sow</u> Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

COHEN&GREEN — Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com