

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

April 7, 2021

**By ECF**
Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *In re: New York City Policing During Summer 2020 Demonstrations*
             No. 20 Civ. 8924, *This Filing Relates to All Cases*

Your Honor:

    We are Senior Counsels in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, and the attorneys assigned the defense in the above-referenced matters. We write in response to *Sow* plaintiffs' request to file their own opposition to defendants' motion, separate and apart from all the other consolidated cases. This request should be denied, like the Court denied the request by all other plaintiffs for extra pages. ECF No. 116, 118, 119. The Court should disregard any opposition that is not part of the consolidated brief.

    By way of background, all plaintiffs besides the *Sow* plaintiffs requested extra time and extra pages for their opposition to defendants' motion. ECF No. 116. While the Court granted the request for extra time, the Court denied the request for extra pages. ECF No. 119. However, by filing a separate opposition to defendants' twenty-five pages memorandum of law, *Sow* plaintiffs have essentially granted themselves 25 extra pages. But as no one besides Your Honor can dictate the length of any papers filed, *Sow* plaintiffs' apparent belief that they are entitled to file a separate opposition is improper and inappropriate.

    *Sow* plaintiffs' reasoning for why they are entitled to file their own opposition—despite the fact that these cases are consolidated—is clever wordplay. Plaintiffs say that the Court's language at the conference—describing motions and replies, in the plural sense of the word—somehow was code that defendants should file six separate motions to dismiss in these cases which the Court consolidated for all purposes. That makes little sense. That does not serve judicial economy or efficiency. Why would defendants assume, when the Court specifically consolidated these cases—*sua sponte*— that the Court would want to read six separate motions?

    But no matter. Even if there was some logic to what *Sow* plaintiffs are now saying (and there is not), the point is that defendants only filed one motion to dismiss all six complaints. So there should only be one opposition. Not six separate oppositions. And not even two separate oppositions. Plaintiffs in all five other cases—represented by the NYCLU, Legal Aid, the State of New York, as well as a number of law firms—all appear to understand that only one

opposition brief should be filed. It is unclear why the *Sow* plaintiffs believe otherwise and deviate from the understanding that everyone else has.

What *Sow* plaintiffs describe as "good reasons" for them to file a separate opposition are not "good reasons" or even really a "reason." ECF No. 118 at 2. They say that they have the broadest allegations. ECF No. 118 at 2. That is of no moment. Defendants addressed all the allegations in all six cases—broad and narrow—in twenty five pages and in a consolidated manner. There is no reason for *Sow* plaintiffs to file their own opposition. *Sow* plaintiffs say their clients would be best served if their cases got "singularly focused treatment." ECF No. 118. But according to Your Honor, though there are "a lot of lawyers" and "a lot of parties," "this is all one case." (Conf. Trans. at 15:21-25.) So *Sow* plaintiffs do not get to be singular, despite their assertions. Therefore, *Sow* plaintiffs' reasoning for why they should file a separate opposition is not persuasive. And the Federal Rules of Civil Procedure do not support *Sow* plaintiffs' position. Rule 1 emphasizes that the rules should be employed to secure "the just, speedy, and inexpensive determination of every action and proceeding." Two separate oppositions to one single motion is not inexpensive. The inverse is true. *Sow* plaintiffs are multiplying the proceedings.[1]

If the Court is inclined to consider two separate oppositions to one single motion, then defendants will need more time to draft a reply and also more pages. This is understandable, given that the opposition is, in essence going to be 50 pages: 25 from *Sow* plaintiffs and 25 from everyone else. Of course, defendants do not want to ask for more time or more pages, but defendants are left with no other choice, in the event the Court will entertain two oppositions. If the Court will not disregard a separate opposition by *Sow* plaintiffs, defendants require until May 28, 2021[2] to file any reply and 20 pages to reply.[3]

*Sow* plaintiffs' request runs in contravention of the Court's statements at the conference and in contravention of the Federal Rules. The Court should disregard any oppositions that are filed separately from the consolidated opposition brief. To the extent the Court will allow *Sow* plaintiffs to file their own opposition, defendants should be granted more time and more pages to respond to what may be, in essence, a 50 page opposition.

Thank you for your consideration herein.

Respectfully submitted,

*[signature]*

Brachah Goykadosh
Elissa Jacobs
Dara Weiss
*Senior Counsels*
Special Federal Litigation Division

---

[1] All plaintiffs have already slowed down the proceedings by asking for more time to oppose.

[2] The briefing schedule gives defendants two weeks to reply. If defendants must reply to two oppositions, defendants require double that amount of time.

[3] The Court's Individual Rule's allow for replies that are 10 pages long. If defendants must reply to two oppositions, defendants need 20 pages.