# THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.

392 Central Avenue # 7803　　　14 Wall Street, Suite 1603　　　josh@moskovitzlaw.com
Jersey City, New Jersey 07307　　New York, New York 10005　　　Fax (888) 398-0032
Tel. (201) 565-0961　　　　　　Tel. (212) 380-7040　　　　　www.moskovitzlaw.com
*Admission pending in New Jersey

April 27, 2021

**BY ECF**

Hon. Colleen McMahon
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

   Re: *In Re: New York City Policing During Summer 2020 Demonstrations*,
     20 Civ. 8924 (CM)(GWG)
     This filing is related to:
     *Sierra v. City of New York*, 20 Civ. 10291 (CM)(GWG)
     *Sow v. City of New York*, 21 Civ. 533 (CM)(GWG)
     *Yates v. City of New York*, 21 Civ. 1904 (CM)(GWG)

Your Honor:

  We represent the plaintiffs in *Sierra* and we write jointly with counsel for plaintiffs in *Sow* and *Yates* to address Your Honor's questions about service of the individual defendants (Doc. 138).[1]  (The defendants raised no issues regarding service in *Payne*, *Wood*, or *People*.  *See* Doc. 136 at 1 n.1.)

  Defendants contend that the reason they did not comply with the Court's Order to move or answer for the individual officers by April 23, 2021 (*see* Doc. 110) is that "only 13 of the 21 named officers were properly served with process" (Doc. 136).  That is incorrect.  All eight of the defendants at issue were served with process or provided a request for waiver of service between January and March 2021 (and many are currently in default):

- Andre Jeanpierre was served January 26, 2021 (*Sierra* Doc. 24).
- Alfredo Jeff was served January 26, 2021 (*Sierra* Doc. 25).
- Umid Karimov was served January 26, 2021 (*Sierra* Doc. 26).
- Debora Matias was served January 28, 2021 (*Sierra* Doc. 27).
- Talha Ahmad was served February 8, 2021 (*Sow* Doc. 40).
- Kevin Argo was served March 1, 2021 (*Sow* Doc. 61).

---

[1] Unless otherwise noted, all docket references are to the consolidated docket in 20 Civ. 8924 per the Court's February 22, 2021 Scheduling Order (Doc. 34).

THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.                             Hon. Colleen McMahon
                                                                     April 27, 2021

- Edward Carrasco was served March 8, 2021 (*Sow* Doc. 54).
- Fausto Pichardo was mailed a request for waiver of service on March 4, 2021 (*Yates*).

After receiving defense counsel's April 23, 2021 letter (Doc. 136), *Sow* counsel contacted defense counsel, who said it is their position the *amended* complaints must be personally served on the individual officers before they can answer. This argument is incorrect under either Fed. R. Civ. P. 5(a)(2), which provides "[n]o service is required on a party who is in default"; or Fed. R. Civ. P. 5(b)(1), which requires service of amended pleadings on a party's attorney. Defense counsel – without attempting to meet and confer – did not need to wait until after the close of business on the deadline set by the Court to raise an issue about service that could have been resolved a month ago.[2]

On March 26, 2021 – three weeks after the Amended Complaints were filed – defense counsel moved, on behalf of "defendants," for additional time "to respond to the Amended Complaints" (Doc. 108). As indicated in defense counsel's letter, the *Payne*, *Sierra*, *Sow*, *Woods* and *Yates* plaintiffs all consented to that request. Defense counsel never said the individual defendants needed to be personally served with the amended complaints before they could answer. Nor did defense counsel's March 26 letter motion say – as the City Law Department often says – that the extension of time was needed to make representation determinations. Defense counsel had known about these cases for months and their March 26 letter was filed by "the attorney assigned to represent defendants in the six above referenced matters" (Doc. 108).[3] Thus, we understood representation decisions had been made, and service of the amended complaints on defense counsel was required by Fed. R. Civ. P. 5(b)(1).

Although it is unclear why defense counsel is now taking the position that some (but not all) of the individual defendants need to be served with the amended complaints,[4] litigating this issue is not sensible. Plaintiffs in the three affected cases are preparing amended summonses for the Clerk and we will expeditiously serve the eight affected officers with the amended complaints.

---

[2] It is surprising that defense counsel waited to raise this issue considering the Court's previous admonishment to defendants for making a belated request for additional time to respond to the amended complaints (*see* Doc. 110) ("This could have been raised with me as early as March 8. Please don't make this error again. You have until April 23 to move or answer on behalf of the named officers.").

[3] Indeed, to obtain defense and indemnification from the City, an employee must "deliver[] to the corporation counsel at the office of the law department of the city . . . the original or a copy of *any* summons, complaint, process, notice, demand or pleading *within ten days after he is served with such document*." General Municipal Law § 50-k(4) (emphasis added). Thus, the Corporation Counsel should have received demands for defense from all individual defendants at least a month ago and as early as February.

[4] Defense counsel did not insist that Defendants de Blasio, Shea, and Monahan be personally served with the amended complaints before Corporation Counsel appeared for them.

THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.            Hon. Colleen McMahon
April 27, 2021

Sincerely,

Joshua S. Moskovitz

cc: All counsel of record

3