

300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

Hon. Judge Gabriel W. Gorenstein  June 4, 2021
United States District Court, SDNY
500 Pearl Street
New York, NY 10007-1312
(by ECF)

Re:  In RE New York City Policing
During Summer 2020 Demonstrations
*Payne v. DeBlasio*, 20-CV-8924 (CM)(GWG)
*People v. City of New York*, 21-CV-322
*Sierra v. City of New York*, 20-CV-10291
*Wood v. De Blasio*, 20-CV-10541
*Yates v. New York City*, 21-CV-1904
*Sow v. City of New York*, 21-CV-533

Your Honor-

My firm is counsel to Cameron Yates in one of the above referenced matters. I write on behalf of the consolidated, non-stayed plaintiffs, and with Corporation Counsel's consent, requesting that the Court sign the attached Proposed Order to unseal, for the purposes of this litigation, certain documents and information that are sealed under New York Criminal Procedure Law §§ 160.50, 160.55. (Please see attached Proposed Order).

The documents covered by the Proposed Order relate to the stops, arrests, and prosecutions of people who were "involved in or witnesses to protests at issue in the above-captioned matters ('the putative class members and non-parties')." In recognition of the privacy interests of those putative class members and non-parties whose stops, arrests, and/or prosecutions resulted in statutory sealing, the Proposed Order requires parties who receive documents unsealed as a result of the Proposed Order to treat the "personally identifying information of the putative class members and non-parties (other than employees of the Defendant City of New York) contained in such records, including their names, pedigree information (including dates of birth and social security numbers), and contact information (including addresses, phone numbers, and e-mail addresses), … as Confidential Materials under the Protective Order" entered and filed April 2, 2021 in these consolidated actions (Document 115).

"In cases presenting federal questions, such as here, discoverability, privileges, and confidentiality are governed by federal law, not state law. Federal courts can and commonly do order production

of documents sealed under Section 160.50. When a plaintiff asserts federal claims the state sealing statute does not govern." *Schomburg v. New York City Police Department*, 298 F.R.D. 138, 141-42 (S.D.N.Y. 2014) (cleaned up) (citing cases). Indeed, "state privilege rules should not be permitted to frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983." *MacNamara v. City of New York*, 2006 WL 3298911, 04-CV-9216 (KMK)(JCF) (Docket # 87), at *8 (S.D.N.Y. Nov. 13, 2006) (cleaned up). Similar unsealing requests in mass protest cases have been granted in this District; *see, MacNamara*, cited above (*citing cases*); *Callaghan v. City of New York,* 07-CV-9611 (PKC) (Docket # 60); *Schomburg*, 298 F.R.D. at 141-42; *Arbuckle v. City of New York,* 14-CV-10348 (ER)(DF) (Docket # 73); *Caravalho v. City of New York,* 13-CV-04174 (PKC)(MHD) (Docket ## 172, 173); *Case v. City of New York,* 14-CV-9148 (AT)(BCM) (Docket ## 99, 103); *Marom v. City of New York*, 15-CV-2017 (PKC)(SN) (Docket ## 86, 109), 2016 U.S. Dist. LEXIS 165536 (S.D.N.Y. Nov. 30, 2016), *reconsideration denied,* 2017 U.S. Dist. LEXIS 60969 (S.D.N.Y. April 21, 2017); and *Packard, et al. v. City of New York,* 15-CV-7130 (AT)(RLE) (Docket # 95).

Plaintiffs seek the records and information in question to support their claims – including, among others, their First, Fourth, and Fourteenth Amendment-based challenges to the uses of force and mass arrest techniques that the NYPD deployed against Plaintiffs and other protesters – as well as to challenge Defendants' asserted defenses.

Thank you for your consideration.

Sincerely Yours,

Andrew B. Stoll
Stoll, Glickman & Bellina L.L.P.