UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

In Re: New York City Policing During Summer 2020
Demonstrations

**ORDER**

20-CV-8924(CM)(GWG)

This filing is related to:

*Payne v. DeBlasio*, 20-CV-8924
*People v. City of New York*, 21-CV-322
*Sierra v. City of New York*, 20-CV-10291
*Wood v. De Blasio*, 20-CV-10541
*Yates v. New York City*, 21-CV-1904
*Sow v. City of New York*, 21-CV-533

------------------------------------------------------------------------X

**UPON THE APPLICATION OF PLAINTIFFS IN THE ABOVE CAPTIONED MATTER, WITH DEFENDANTS' CONSENT,** for the unsealing of records pertaining to the stops and/or arrests and/or prosecutions of non-party individuals who were involved in or witnesses to the protests at issue in the above-captioned matters (the "putative class members and non-parties") that might otherwise be protected from disclosure by New York Criminal Procedure Law ("CPL") §§ 160.50 and/or 160.55;

**WHEREAS** such records are material and relevant to the above-captioned civil actions currently pending the Southern District of New York, being defended by the Corporation Counsel of the City of New York; and

**WHEREAS** the Court has the authority to unseal these records in connection with these actions;

**IT IS HEREBY ORDERED** that the records in the possession, custody or control of the following entities pertaining to the stops and/or arrests and/or prosecutions of the putative class members and non-parties during the protests at issue in the above-captioned matters that are sealed

pursuant to CPL §§ 160.50 and 160.55 are hereby unsealed for use in these civil actions consistent with this Order: (1) New York City Police Department; (2) New York County District Attorney's Office; (3) Bronx County District Attorney's Office; (4) Queens County District Attorney's Office; (5) Kings County District Attorney's Office; (6) Richmond County District Attorney's Office; (7) Supreme, Criminal, and/or Family Courts of New York County, State and/or City of New York; (8) Corporation Counsel of the City of New York; (9) New York City Civilian Complaint Review Board; (10) New York City Department of Investigation; (11) New York City Council; (12) Office of the Mayor of New York City; and (12) any other New York City agency;

**IT IS FURTHER ORDERED** that each entity listed above shall not be subject to the statutory sealing requirements of CPL §§ 160.50 and 160.55 as to sealed records regarding stops and/or arrests and/or prosecutions of the putative class members and non-parties that are in the entity's possession, related to reviewing such records for potential disclosure and disclosing such records to counsel for the parties in the course of discovery in the above-captioned matters;

**IT IS FURTHER ORDERED** that each entity listed above may disclose sealed records of stops and/or arrests and/or prosecutions of the putative class members and non-parties that are in the entity's possession to counsel for the parties in the course of discovery in the above-captioned matters for use in those actions consistent with this Order;

**IT IS FURTHER ORDERED** that records unsealed pursuant to this Order and produced by the entities listed above to counsel for the parties in the above-captioned matters shall be produced without redaction of personally identifying information related to putative class members and non-parties; and

**IT IS FURTHER ORDERED** that records produced pursuant to this Order and the information contained in them shall not be deemed Confidential Materials under the Protective

Order entered and filed April 2, 2021 in these consolidated actions (Document 115) ("the Protective Order") as a result of this Order, except that personally identifying information of the putative class members and non-parties (other than employees of the Defendant City of New York) contained in such records, including their names, pedigree information (including dates of birth and social security numbers), and contact information (including addresses, phone numbers, and e-mail addresses), shall be treated as Confidential Materials under the Protective Order. Information regarding on-duty employees of the Defendant City of New York contained in records produced pursuant to this Order shall not be treated as Confidential Materials under the Protective Order as a result of this Order.

DATED:   New York, NY
         June 7, 2021

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge