

June 9, 2021

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

By Electronic Filing.

    Re:    In re: New York City Policing During Summer 2020 Demonstrations,
              1:20-CV-8924 (CM) (GWG)
              This Letter Relates to All Cases

Dear Judge Gorenstein:

We write on behalf of the Plaintiffs in these Consolidated Actions to request a conference pursuant to Local Civil Rule 37.2 to discuss Defendants' failure to comply with their discovery obligations and to request an order compelling compliance. So far, other than certain videos concerning the Plaintiffs' arrests, Defendants have not produced a single document in response to Plaintiffs' First Consolidated Sets of Interrogatories and Document Requests; and while Defendants acknowledged dozens of deficiencies in their responses, they have not remedied them in a timely manner. Defendants' counsel also said that the NYPD had still not provided the Law Department with relevant records—including records the NYPD previously provided to the Corporation Counsel during its pre-suit investigation of these same events. Defendants' delays are preventing Plaintiffs from meeting the demanding discovery deadlines in these cases.

During a conference yesterday, defense counsel said that due to the disruption of the Law Department's computer systems—which the Law Department says has shut down their entire computer system, making even the most basic litigation tasks impossible—she could not say when Defendants will begin producing documents. Counsel had no specific information concerning the technical issues in her office, which appear to be caused by a hacker, nor an expected timeline for resolving them. Yet, counsel said Defendants do not intend to ask the Court to extend the discovery schedule. Because Defendants' delays—even before the hack—have made a new scheduling order necessary, we ask the Court to direct a person with knowledge of the Law Department's technical issues to appear at the conference so that the Court can order the production of documents immediately or as soon as technologically feasible.

## Background

Plaintiffs served their first consolidated set of discovery requests on March 25, 2021, Exhibit A; Defendants responded on April 26, 2021, Exhibit B ("the Responses"). Defendants produced no



documents with these responses.[1] Nor have Defendants made a single production to date.

Plaintiffs sent a deficiency letter on May 10, 2021, requesting a prompt meet and confer (see Ex. C).[2] Two days later, defense counsel emailed that she had not yet reviewed Plaintiffs' letter and was not available to confer until the following week, *i.e.*, eight days after Plaintiffs asked to confer. On May 16, to facilitate the parties' discussion, Plaintiffs sent a supplemental letter identifying each of the deficiencies in Defendants' Responses in detail. Ex. D.

On May 21, 2021, counsel for the parties conferred.[3] At that time, Defendants agreed to begin *weekly* rolling productions of documents. This was consistent with defense counsel's statement in an April 15, 2021 email that "we have spoken about and agreed, on several occasions, to produce documents on a rolling basis." They also agreed to remedy the vast majority of deficiencies in their responses by clarifying in new discovery responses what they were and were not producing, and when, and stating in amended responses "exactly what documents will be withheld, and if so, based on what *specific* objections." This agreement was memorialized in an email. Ex. E.

However, Defendants did not fulfill their agreement. They did not begin rolling productions; did not state when they would do so; and did not provide appropriately amended responses. On June 4, 2021, Defendants produced Amended Responses. Ex. F. They changed almost nothing. Exhibit G is a comparison of Defendants' initial and amended responses, showing as much. The same day, Plaintiffs asked to confer, and on June 8, the parties conferred once again.[4] At the meet and confer on June 8, Plaintiffs' counsel requested a definite and specific timeline for the production of documents on a rolling basis starting promptly. We also requested amended discovery responses that complied with the federal rules, as well as a responsive and properly verified interrogatory responses.

Defendants' counsel stated that, because of the disruption of their office's computer systems, they

---

[1] Defendants produced roughly 500 pages of materials, with substantial redactions, as part of their Rule 26(a) initial disclosures. Other than certain arrest videos, Defendants have produced no documents in response to Plaintiffs' requests.

[2] Among other deficiencies, Defendants' responses included numerous boilerplate objections without specifying whether information was being withheld based on those objections, lacked critical information (*e.g.*, the identity of key witnesses), and Defendants' Interrogatory Responses were not verified by the individual defendants. At the most recent meet and confer, Defendants' counsel refused to provide any information on what process was followed in generating the interrogatory responses. For example, counsel refused to disclose whether any discussion took place with Mayor de Blasio's office as to what Mayor's Office personnel were present at protests this summer (*e.g.*, Interrogatory 11). Defendants' counsel indicated that verifications would be provided, but could not give a date when that will happen.

[3] That conference took place by video from 10:00 a.m. until approximately noon. On the call were J. Remy Green and Wylie Stecklow for the *Sow* plaintiffs, Rob Rickner and Joshua Moskovitz for the *Sierra* plaintiffs, Travis England for the *People* plaintiffs, Corey Stoughton for the *Payne* plaintiffs, Doug Lieb for the *Wood* plaintiff, and other plaintiffs' attorneys; Dara Weiss participated for the Defendants.

[4] That conference took place by video from noon until approximately 1:00 p.m. On the call were J. Remy Green and Jonathan Moore for the *Sow* plaintiffs, Rob Rickner and Joshua Moskovitz for the *Sierra* plaintiffs, Lillian Marquez for the *People* plaintiffs, Jennvine Wong and Molly Biklen for the *Payne* plaintiffs, Alison Frick for Wood, and other plaintiffs' attorneys; Dara Weiss participated for the Defendants.

   Page 2 of 10

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



could provide no date (or even estimate) when they would produce documents. Defendants' counsel said they had already reviewed some number of documents but it was not clear whether those were ready for production or whether their office's technological problems prevented those documents from being produced. Regardless, counsel declined to promise to immediately produce those documents. Defense counsel acknowledged that they had not yet received responsive documents from the NYPD—including documents that the NYPD previously produced to the Corporation Counsel during his investigation of the events at issue. Despite their failure to produce even the most basic discovery, defense counsel indicated they did not intend to ask for an extension of the Court's scheduling order because they believed they will have complied with the Court's orders so long as they produced documents by July 31.[5] Defendants' counsel said she would review Defendants' amended discovery responses and, if necessary, provide further amendments, and produce verified interrogatory responses. However, counsel could not say when those things would be done.

The parties confirmed an impasse on the timeline for the production of documents and information, and the sufficiency of Defendants' current, amended discovery responses.

> I. **Defendants' Delay in Producing Documents Must Be Remedied and They Must Begin Producing Documents on a Rolling Basis.**

Today marks 99 days since the Court issued its scheduling order and made clear these cases would proceed on a "rocket docket." It has been more than ten weeks since Plaintiffs served their discovery requests. And yet, other than certain videos of the protests, Defendants have produced not a *single* document in response to Plaintiffs' discovery requests. More disturbing, despite the known demands of the discovery schedule in this matter, the NYPD has not even provided defense counsel with all of the documents it previously produced to the Corporation Counsel, the Inspector General or the Office of the Attorney General during their respective investigations of these events—let alone all documents relevant to these matters.

Defendants' unreasonable delays have prejudiced Plaintiffs' ability to conduct further discovery and begin scheduling defense depositions. For instance, important witnesses have not been identified—*e.g.*, members of the Mayor's staff who attended certain protests and reported to him about the NYPD activities there—and as such, their depositions cannot be noticed and requests for their emails and other electronically stored information cannot be served. Moreover, the Parties' current deadline to identify experts is July 1, but Defendants have not produced any of the documents (*e.g.*, training documents and discipline/supervision histories) that Plaintiffs need to meaningfully consult with potential experts.

Since April, Defendants have said they will make a rolling production of documents, but those have never materialized. Defendants' unreasonable delay in producing documents has prejudiced Plaintiffs' ability to complete discovery and depositions necessary to meet the current September 1 deadline to exchange expert reports and the September 10 deadline to file class certification motions.

---

[5] Of course, given the current computer issues, defense counsel had no way of predicting whether her office could meet even that July 31 deadline.

   Page 3 of 10

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Defense counsel has said they cannot give any date by which they will produce documents due to the technological issues in their office. But defense counsel has not provided any explanation of when they expect to be able to move forward with meeting their discovery obligations in this case.

The Court should also order Defendants to: (1) make weekly document productions until all responsive documents are produced, and (2) in weeks where no production is made, file a status letter explaining why, as well as providing updates on the status of preparing documents for production. In addition, based on Defendants' inability to state when productions may begin based on their delay and present technological difficulties, it may be necessary for the Court to revisit the schedule — and Plaintiffs respectfully suggest that the Court call a conference to address how to manage this issue.

## II.    Defendants' Objections Do Not Comply with the 2015 Amendments to the Federal Rules, Which Require Objections Be Made with Specificity.

Since 2015, the Federal Rules have required parties to say, with specificity, what they are producing, what they object to, and the precise basis for any objection. Under Federal Rule 34(b)(2)(C), "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection" and that an "objection to part of a request must specify the part and permit inspection of the rest." *Michael Kors, L.L.C. v. Su Yan Ye*, No. 18-CV-2684 (KHP), 2019 WL 1517552, at *3 (S.D.N.Y. Apr. 8, 2019). Objections must also be specific; an objection that a request is overbroad, for example, must delineate what the proper scope would be. See *Fischer v. Forrest, No.* 14-CV-1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017)("From now on in cases before this Court, any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege).").

Defendants' boilerplate objections violate this rule, preventing Plaintiffs from identifying issues, conferring, and narrowing disputes for resolution. For example, in Document Requests 1 through 5, Plaintiffs demanded documents regarding NYPD policies and procedures relevant to Plaintiffs' *Monell* claims. Defendants produced no documents in response to these requests and their Amended Responses include boilerplate objections. It is impossible to tell from Defendants' objections what documents they agree to produce in response to these Requests—or even what they object to.

It may be that Defendants object to producing many of the policies and procedures Plaintiffs have requested, but right now, Plaintiffs will not know if any documents are withheld until Defendants have finished their production on July 31, 2021, at which point Plaintiff will review the documents and try to discern what might be missing. And even then, it may take multiple depositions to discover that in fact the Defendants did withhold documents based on the boilerplate, vague objections they have interposed in Response to Requests 1 through 5. Particularly given the delays in actually producing documents, Responses that comply with the Rules are necessary here: otherwise, Plaintiffs will not even know what Defendants have and have not searched for until July 31. That is not acceptable.

Defendants' counsel needs to meet with each relevant custodian at the NYPD, discuss in detail what

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



documents are or are not available, and then provide detailed objections that make it clear what is or is not being produced immediately. Plaintiffs ask that the Court order Defendants to provide complete responses complying with the federal rules, so Plaintiff can meet and confer regarding any objections well before the July 31, 2021 deadline by which Defendants agreed to finish producing documents. To meet this Court's schedule, July 31 must truly mark the *end* of document production, not the start of the parties' discussions about the substance of the production.

### III. The Interrogatory Responses Must Be Answered Completely and Verified Under Oath by Each Defendant.

Defendants' Interrogatory Responses almost entirely fail to provide the names of witnesses, which is delaying Plaintiffs' ability to notice relevant depositions and conduct further ESI discovery. The Amended Responses suffer the same deficiency. At the June 8 meet and confer, Defendants could not provide a date by which they would produce meaningful Interrogatory Responses. This failure delays depositions, as Plaintiffs cannot notice or subpoena these witnesses without knowing their identities. It also delays ESI discovery, because we need to know whose email accounts need to be searched. The continued failure to provide substantive interrogatory responses is prejudicing Plaintiffs' ability to meet this Court's discovery schedule.

### Conclusion

By refusing to follow clear discovery rules—particularly where those rules are designed to prevent the exact delay and obfuscation at issue here—Defendants have prejudiced Plaintiffs' ability to begin taking depositions that are needed to keep up with the Court's discovery schedule. In sum, Plaintiffs ask that the Court Order that:

1. Defendants shall make a production of all documents ready for production, every single week on Thursday, to complete all productions by July 31 or upon a date determined by the Court following conference with the Parties,
2. In any week until all discovery has been produced, if Defendants do not produce documents, Defendants shall file a letter on the docket stating in detail why they are unable to produce documents, as well as providing the status of both gathering and reviewing documents;
3. Defendants shall, within 5 business days of this Order, amend their responses to Plaintiffs' document requests and interrogatories to conform to the 2015 Amendments to the Federal Rules of Civil Procedure, in that they shall state with specificity the basis of each objection, whether — on an objection-by-objection basis — they are withholding documents or information based on that objection, and otherwise stating precisely what documents Defendants do intend to produce. Any objection not made in this manner will be deemed waived; and
4. The parties shall appear for a conference regarding scheduling at a time convenient for the Court, and a person with knowledge of the Law Department's technical issues shall appear at that conference.

COHEN&GREEN

Page 5 of 10

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



        Respectfully submitted,

        /s/
        _____

J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

**[Full signatures on following pages]**

Enclosures.

cc:
All relevant parties by electronic filing, and by private email to counsel for Defendants.

COHEN&GREEN     Page 6 of 10

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



**BELDOCK LEVINE & HOFFMAN LLP**

By: _/s/ Jonathan C. Moore_

    Jonathan C. Moore
    David B. Rankin
    Luna Droubi
    Marc Arena
    Deema Azizi
    Rebecca Pattiz
    Katherine "Q" Adams
    Regina Powers

99 Park Avenue, PH/26th Floor
New York, New York 10016
   t: 212-490-0400
   f: 212-277-5880
   e: jmoore@blhny.com
     drankin@blhny.com
     ldroubi@blhny.com
     marena@blhny.com
     dazizi@blhny.com
     rpattiz@blhny.com
     qadams@blhny.com
     rpowers@blhny.com

**GIDEON ORION OLIVER**

_/s/ Gideon Orion Oliver_

277 Broadway, Suite 1501
New York, NY  10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

**COHEN&GREEN P.L.L.C.**

By: _/s/_

Elena L. Cohen
J. Remy Green
Jessica Massimi

1639 Centre Street, Suite 216
Ridgewood (Queens), NY 11385
   t: (929) 888-9480
   f: (929) 888-9457
   e: elena@femmelaw.com
     remy@femmelaw.com
     jessica@femmelaw.com

**WYLIE STECKLOW PLLC**

_/s/ Wylie Stecklow_

By: Wylie Stecklow
Wylie Stecklow PLLC
231 West 96th Street
Professional Suites 2B3
NYC NY 10025
t: 212 566 8000
Ecf@wylielaw.com

**LORD LAW GROUP PLLC**

_/s/ Masai I. Lord_

Masai I. Lord
14 Wall St., Ste 1603
New York, NY 10005
P: 718-701-1002
E: lord@nycivilrights.nyc

_Counsel for Plaintiffs in Sow v. City of New York, No. 21-cv-533_



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



|  | LETITIA JAMES |
|---|---|
|  | *Attorney General of the State of New York* |
| Anisha S. Dasgupta | By: /s/ _____ |
| *Deputy Solicitor General* | Jessica Clarke, *Chief of Civil Rights Bureau* |
| Philip J. Levitz | Lillian Marquez, *Assistant Attorney General* |
| *Assistant Solicitor General* | Swati Prakash, *Assistant Attorney General* |
|  | Travis England, *Assistant Attorney General* |
|  | Jaclyn Grodin, *Assistant Attorney General* |
|  | Gregory Morril, *Assistant Attorney General* |
|  | Office of the New York State Attorney General |
|  | 28 Liberty Street, 20th Floor |
|  | New York, NY 10005 |
|  | (212) 416-8250 |
|  | Jessica.Clarke@ag.ny.gov |

*Counsel for Plaintiff in People of the State of New York v. City of New York, No. 21-cv-322*

NEW YORK CIVIL LIBERTIES UNION FOUNDATION

/s/ _____
Jessica Perry
Molly Biklen
Daniel E. Lambright
Robert Hodgson
Lisa Laplace
Christopher T. Dunn
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
mbiklen@nyclu.org
jperry@nyclu.org
dlambright@nyclu.org
llaplace@nyclu.org
cdunn@nyclu.org

*Co-Counsel for Plaintiffs in Payne v. De Blasio, No. 20-cv-8924*

Page 8 of 10

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



THE LEGAL AID SOCIETY

/s/ _____
Corey Stoughton
Jennvine Wong
199 Water Street
New York, NY 10038
(212) 577-3367
cstoughton@legal-aid.org
jwong@legal-aid.org

*Co-Counsel for Plaintiffs in Payne v. De Blasio, No. 20-cv-8924*


HAMILTON CLARKE LLP

/s/ _____
Lance A. Clarke, Esq.
Jason Clark, Esq.
Michael L. Spiegel, Esq.
48 Wall Street, Suite 1100
New York, NY 10005
(212) 729-0952

*Co-Counsel for Plaintiffs in Sierra et al v. City of New York, No. 20-cv-10291*


THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.

/s/ _____
Joshua S. Moskovitz, Esq.
14 Wall Street, Suite 1603
New York, NY 10005
(212) 380-7040

*Co-Counsel for Plaintiffs in Sierra et al v. City of New York, No. 20-cv-10291*

Page 9 of 10

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



RICKNER PLLC

/s/_____
Rob Rickner
14 Wall Street
Suite 1603
NY NY 10005

*Co-Counsel for Plaintiffs in Sierra et al v. City of New York, No. 20-cv-10291*


KAUFMAN LIEB LEBOWITZ & FRICK LLP

/s/ _____
Douglas E. Lieb
Ali Frick
10 East 40th Street, Suite 3307
New York, NY 10016
(212) 660-2332
dlieb@kllf-law.com

*Counsel for Plaintiff in Wood v. de Blasio, et al, No. 20-cv-10541*


STOLL, GLICKMAN & BELLINA, LLP

/s/ _____
Andrew B. Stoll
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
(718) 852-3710
astoll@stollglickman.com

*Counsel for Plaintiff Cameron Yates, No. 21-cv-1904*

COHEN&GREEN                                                                 Page 10 of 10

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com