# Exhibit C





May 10, 2021

**By E-Mail Only**

Dara Weiss
Senior Counsel
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007

> Re:  *In re: New York City Policing During Summer 2020 Demonstrations,*
> **1:20-CV-8924 (CM) (GWG)**
> *This Is Related to All Cases*

Dear Ms. Weiss:

We write on behalf of counsel for all Plaintiffs in the consolidated cases regarding the numerous and significant deficiencies in Defendants' responses to Plaintiffs' First Consolidated Sets of Requests for Documents and Interrogatories dated April 26, 2021, as well as Defendants' failure to invoke privilege properly with regard to documents Defendants have produced with significant redactions. We provide representative examples of some of those deficiencies below, but this letter is not an exhaustive account of them. Please let us know when you are available later this week to meet and confer about the deficiencies in Defendants' responses so that we can resolve them promptly without seeking judicial intervention.

### 1.  Defendants Improperly Assert Non-specific, Vague, and Boilerplate Objections.

As an initial matter that cuts across Defendants' responses to requests for production (the "Requests" or "RFPs"), Defendants interpose vague and boilerplate responses that fail to conform to the Rules of Civil Procedure. Defendants have objected, for example, to numerous Requests with vague and invalid objections such as "compound," "overbroad," or that a request seeks "policies, training materials, and other materials in the same request." *See, e.g.*, Responses to RFP Nos. 1-5, 7, 9, 11, 12, 16, 25, 36-38, 42. There is no limitation in the number of document requests a party may seek, and the fact that these Requests seek multiple types of documents pertaining to relevant subjects does not render them objectionable. Defendants' boilerplate argument, that the burden and expense of searching for all documents outweighs the likely value, *see, e.g.*, Response to RFP Nos. 1-4, 7 -13, 15-16, 19, 20, 25, is similarly insufficient. *See* Fed. R. Civ. P. 26 Advisory Committee's Note (2015). Defendants do not even attempt to specify the nature or extent of the claimed burden. *See generally Barella v. Village of Freeport*, 296 F.R.D. 102, 105 (E.D.N.Y. 2013) ("The party objecting to the discovery demands must, with some degree of specificity, illustrate the nature and extent of the burden of production.").

1

Further, Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure requires that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." *See Michael Kors, L.L.C. v. Su Yan Ye*, No. 1:18-CV-2684 (KHP), 2019 WL 1517552, at *3 (S.D.N.Y. Apr. 8, 2019) ("Rule 34 imposes the responsibility on a responding party to state what it is withholding or describe the scope of the production it is willing to make, including the parameters of the search to be made (i.e., custodians, sources, date ranges and search terms, or search methodology)."). Defendants cannot interpose multiple, overlapping objections that make it impossible to know what is being withheld (if anything) based on each specific objection. Defendants' vague objections do not make clear what, if anything, they intend to produce by July 31 and what they are withholding. Such responses are inadequate and operate to waive of any objections for vagueness, relevance, proportionality, burden, and breadth. *See Fischer v. Forrest*, No. 14-CV-1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("From now on in cases before this Court, any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege)."). Please cure this deficiency with respect to all of Defendants' responses.

### 2. Defendants' Improper Objections to Time Period and Scope.

In many of their responses to Plaintiffs' Interrogatories and Requests, Defendants object to the time period or scope, and have limited their responses to a small part of the relevant time period and some of protests at issue, or have responded with regard to only the named plaintiffs or defendants. There is no basis for these objections and limited responses, and Defendants must correct these deficiencies and respond fully with regard to all of the Protest Locations on Schedule A.

First, Defendants have arbitrarily and inexplicably limited their responses to the period of May 28 or 29 to June 9, 2020 with respect to Requests 8, 13-15, 17-19, 21, 38, and others, and the period of May 29 to June 14, 2020 for their response to Interrogatories 2 and 3. But it is clear from both Schedule A and the amended complaints in this matter, which include protests between May 28, 2020 to January 18, 2021, that a broader time period is plainly relevant.[1] Defendants cannot seriously claim that the time periods relevant to the parties' complaints are not at issue.

Second, Defendants have objected to the scope and number of the protests at issue in Schedule A, but this objection is without merit. *See, e.g.,* Responses to RFP Nos. 7, 8 and 24; Responses to Interrogatories 1, 4, and 6. For each Protest Location listed in Schedule A, Plaintiffs identified the paragraph(s) of the complaints associated with each protest, and the Defendants' actions with respect to these protests are central to Plaintiffs' claims. Whether the City was put on notice with respect to a broad pattern of the NYPD's excessive use of force at the protests is relevant to establish whether Defendants acted with deliberate indifference, and thus the documents and information requested are both relevant and proper in scope. *See Marlin v. City of*

---

[1] Plaintiffs reserve the right to obtain documents created after January 18, 2021 to the extent that they are relevant to the Plaintiffs' claims.

*New York*, No. 15 Civ. 2235 (CM), 2016 WL 4939371, at *20 (S.D.N.Y. Sept. 7, 2016) (McMahon, C.J.) (finding that the City was put on notice "and did nothing about the NYPD's pattern of excessive force").

Third, in many cases Defendants have objected to identifying relevant witnesses and producing complete documents at each Protest Location listed in on Schedule A. For example, Requests 7 and 8 seek information including "documents sufficient to identify the intended roles or functions, deployments, commands, and instructions provided to" all Officers assigned to or who responded to the protests (Request 7), as well as a variety of documents that were likely created in connection with the protests (Request 8). Defendants' objection that these requests are "beyond the scope of this litigation" is baseless as all of the protests at issue in Schedule A are relevant to Plaintiffs' claims, as are the Defendants' staffing and deployment responses to those protests.

Similarly, Interrogatory 6 and Request 9 seek information and regarding the identity of every person "who NYPD personnel stopped, detained, questioned or Arrested . . . at or near such Protest Location." Defendants arbitrarily limit their responses to "the plaintiffs who were arrested," completely ignoring the numerous individuals identified in *People*, and disregarding the factual allegations in several of the Complaints alleging a pattern and practice of unlawful detentions and arrests of countless members of several putative classes. In addition to being putative class members in *Sow* and *Sierra*—and Defendants have raised no objection (waiving it under *Fischer*) to the discovery of class members' identities *qua* class members —such individuals are percipient witnesses to Defendants' practices of utilizing excessive force and unlawful arrests and detentions at the Protests. Identification of these individuals who were also "stopped, detained, [and] questioned" is plainly relevant to the cases that allege Defendants maintained a policy and practice of "excessive and unreasonable detention at certain demonstrations—particularly those that focus on misconduct by the NYPD—but not others" and thus within the scope of Rule 26(b)(1). *See, e.g.*, *Sow*, FAC ¶¶ 1-7.

Further, in response to many Requests, Defendants object to producing documents on the basis of N.Y. Crim. Proc. Law § 160.50. *See, e.g.*, Responses to RFP Nos. 7-11, 13, 14, 16, 38. But "[i]n cases presenting federal questions, such as here, discoverability, privileges, and confidentiality are governed by federal law, not state law." *Crosby v. City of New York*, 269 F.R.D. 267, 274 (S.D.N.Y. 2010); *see also Schomburg v. New York City Police Dep't*, 298 F.R.D. 138, 141 (S.D.N.Y. 2014) ("Federal courts can and commonly do order production of documents sealed under Section 160.50."). Here, there is already a confidentiality order in place governing production of these documents, and Defendants can redact as appropriate to comply with applicable laws governing sealed records. As noted, information regarding arrests at the Protest Locations is central to Plaintiffs' claims, and responding with respect to only the named plaintiffs is therefore improper and must be corrected promptly.

### 3. Examples of Deficiencies in Defendants' Responses to Specific Document Requests

Defendants have unilaterally, and improperly, objected that certain requests are not relevant or outside of the scope of discovery relevant to the claims and defenses in these lawsuits,

including, for example, records regarding Defendants' policies, procedures, practices, and training that are clearly relevant to Plaintiffs' claims and Defendants' defenses. *See, e.g.,* Requests 1-6, 12, 25, 36, 39-42. Requests 1 and 2, each seek "policies, procedures, directives, and training materials" related to the core issues in this case – the use of force, use of tactics or objects to control crowds, disorder control training, use of kettling during protests, and TARU video and audio recording during a demonstration or protests, *inter alia* – during the period prior (Request 1) and during or after the Protests (Request 2). Each such category of information and records is relevant to Plaintiffs' claims and Defendants' defenses: the nature and extent of NYPD policies and training in the relevant topics, as well as whether and when NYPD members received such training, is relevant to determining whether the police actions and responses were "reasonable" within the meaning of Plaintiffs' core claims. Defendants object to parts of these requests that seek polices related to Officers' use of racial profiling, racial bias, slurs, and connections with groups that promote racism as not relevant to protests. But Plaintiffs have alleged that the NYPD targeted these protests because of their message of racial justice and against racially-biased policing. *See, e.g.*, *Payne* FAC, *Sierra* FAC, *Sow* FAC. Defendants also object to the extent that Request 1 seeks documents for the time period of January 1, 2018 to the present. This time period is limited in scope and appropriately tailored to Plaintiffs' well-pleaded *Monell* claim.

Requests 5 and 6 seek documents relating to training materials, specifically, documents sufficient to identify the dates certain "trainings were held, all persons who attended, any statistical reports of the ranks of members of the service that attended, and any certifications issued to such attendees" (Request 5) and for each Officer identified in response to Interrogatory 1, "documents sufficient to show whether and, if so, the date(s) that the Officer received training related to the subjects described in Request No 1" (Request 6). Defendants' objections seem to dispute the relevance of these Requests, but Defendants' training or lack thereof of NYPD officers deployed to protests is clearly relevant to Plaintiffs' *Monell* claims and thus plainly within the scope of this lawsuit. While Plaintiffs are willing to confer over the scope of documents that Defendants produce in response to these requests, Defendants' vague objections, again, do not make clear what, if anything, they intend to produce by July 31 and what they are withholding, which is an inadequate response under *Fischer* and will result in a waiver of any objections.

Request 14 seeks documents concerning any incidents subject to investigation or referred for investigation by the NYPD and Request 15 seeks the same type of documents subject to investigation by the CCRB. Defendants improperly limit their responses to "substantiated and completed disciplinary proceedings." But discoverability does not turn on whether a disciplinary proceeding is "substantiated and completed." *Gibbs v. City of New York*, 243 F.R.D. 95, 96 (S.D.N.Y. 2007) ("[T]he fact that CCRB complaints are unsubstantiated does not make them irrelevant and undiscoverable[.]"). Incidents under investigation plainly relate to Plaintiffs' allegations that Defendants maintain policies or engage in a pattern of using excessive force and unlawful arrest at protests against police brutality as well as their real time notice of such alleged conduct. And allegations and complaints that are *not* substantiated and completed are not only relevant, but are direct evidence of Plaintiffs' claims that NYPD officers rarely if ever face meaningful discipline for violence and misconduct at protests. That is, the nature and allegations involved in unsubstantiated claims of misconduct that NYPD has rejected is relevant to whether NYPD has failed to properly impose discipline it *should have.*

4

Along those lines, Requests 18-21 and 24**,** and others, seek records and information, including internal NYPD communications and communications among Defendants, reports, and reviews, identifying Defendants and NYPD members, and others, including percipient witnesses, who were involved in planning for or responding to the protests, including those who were present at the protests and Protest Locations. Those records also memorialize facts, statements, and other relevant information about the planning for policing the protests, the events that occurred at the Protest Locations, and Defendants' responses (or lack thereof). For example, Requests 18 and 19 seek communications about protests among the individual policymaker Defendants an Defendant City officials who were involved in planning for policing the protests. Request 20 seeks documents "received by, referenced, or reviewed by Mayor de Blasio, Commissioner Shea, and/or Chief Monahan, Borough Commanders, Deputy Commissioner of Intelligence John Miller, and Incident Commanders documenting occurrences and/or interactions between Officers and civilians" at the Protest Locations, and Request 21 seeks communications among Defendants and other NYPD members who were commanding or supervising the police responses at the Protest Locations.

Defendants interpose numerous specious objections on vagueness and ambiguity, and claim that the requests are overly broad and not proportional to the needs of the case. As noted, these objections are not supported by any evidence of the burden and are improper. *Barella v. Village of Freeport*, 296 F.R.D. 102, 105 (E.D.N.Y. 2013) ("The party objecting to the discovery demands must, with some degree of specificity, illustrate the nature and extent of the burden of production."). Significantly, Mayor de Blasio, Commissioner Shea, Chief Monahan, and other NYPD senior leaders were each involved in planning for, implementing, supervising, investigating, and otherwise personally involved in Defendant City's police responses to the protests. Discovery related to these requests are also relevant to Plaintiffs' claims that certain Defendants- including policymaker Defendants – created or had real-time notice of problems, which they knew or should have known about, and failed to stop or fix. The involvement of the individual Defendants and the Defendant City policymakers in, and knowledge of, the widespread police misconduct described in the pleadings are clearly relevant, and documents relating to that police misconduct that they reviewed or received are proportional to the needs of these matters. Plaintiffs are ready to confer over search terms and otherwise to assist Defendants in complying with their discovery obligations, if that would be helpful.

Further, Requests 26 to 29 seek documents regarding disciplinary actions against Chief Monahan and Deputy Inspector Winsky, as well as and the verdicts and payment of damages in court cases involving these individuals. Defendants' object on the ground of relevance and cite *Simms v. City of New York*, 480 F. App'x 627 (2d Cir. 2012), but this reliance is misplaced. In *Simms*, the Court granted a motion to dismiss a failure to train-based *Monell* claim, pleaded in three allegations, that relied in substantial part on apparently unrelated facts, where the plaintiff never explained how the thinly-peaded allegations supported an inference that his injuries had been caused by any particular failure to train. Here, in stark contrast, Plaintiffs have already explained

why discovery of such records and information are relevant in the context of opposing Defendants' motion to dismiss.[2]

Please cure these deficiencies promptly.

### 4. Deficiencies in Defendants' Responses to Specific Interrogatories

Defendants' responses to the Interrogatories are woefully deficient and fail to provide complete responses signed under oath as required by Rule 33. First, Rule 33(b) of the Federal Rules of Civil Procedure requires that responses to interrogatories be answered under oath and signed by the person making the answers, in addition to the attorney asserting objections. No such verification was received from *any* defendant.

Second, Defendants' responses to Interrogatory Nos. 1, 2, 3, 4, 10, 11, 12, 14 and others are all either incomplete or nonresponsive. Rule 33(b)(3) requires that each interrogatory response be answered "fully." If an interrogatory cannot be answered fully, "despite conducting a diligent inquiry," "any efforts utilized should be set forth in detail to ensure a sufficient response is interposed." *Harris v. Bronx Parent Hous. Network, Inc.*, No. 18-CV-11681 (GBD)(SN), 2020 WL 763740, at *2 (S.D.N.Y. Feb. 14, 2020); *Zanowic v. Reno*, No. 97 Civ. 5292 (JGK)(HBP), 2000 WL 1376251, at *3 n.1 (S.D.N.Y. Sept. 25, 2000) ("[A] party's failure to describe his efforts to obtain the information sought by plaintiffs renders his responses insufficient."). Responses to Interrogatories 1, 4, and 12, for example, provide an incomplete response by referring Plaintiffs to Defendants' initial disclosures, the first production, and/or stating that the City is "currently searching for additional responsive information and will provide further responsive, relevant information, to the extent it exists, as soon as possible." But Defendants' disclosures of some records they may use to support their claims or defenses to satisfy their Rule 26(a)(1)(A) is no substitute for interrogatory responses sworn by each Defendant providing the responses to the specific interrogatories posed, which are themselves evidence and can be used at each Defendant's deposition, at summary judgment, and at trial.

Third, Defendants' responses to Interrogatory Nos. 2 and 3 cite to the attached chart, which is limited to the period May 29 through June 14, heavily redacted, and do not make clear what, if any, additional information will be produced. Similarly, Responses to Interrogatories Nos. 10, 11, and 14 merely state that Defendants are "currently searching for additional responsive information." Defendants have not identified any steps taken to secure the missing information or give a date by which they will provide full responses and must do so immediately. We therefore demand that each Defendant provide appropriate, signed, verified interrogatory responses-based on all of the information available to them and their counsel, no later than May 17, 2021.

---

[2] Defendants raise the same *Simms*-based objections to other requests, including Requests 36 - 38 regarding NYPD responses to other mass protests, and they are equally inapplicable for similar reasons.

Third, Interrogatory No. 5 seeks the identity of SRG officers who were assigned to the Protest Locations in Schedule A or "who performed any of the 'Assignments' described in Sections I and II of the March 2019 SRG Guide." Defendants completely fail to answer this request, objecting on the basis of overbreadth and relevance as well as because "Section 1 of the March 2019 SRG Guide is inapplicable to this matter." However, Section I of the SRG Guide relates to "SRG Patrol" including "Mobilizations" such as those Defendants have claimed in their motion to dismiss were required to respond to "unscheduled" demonstrations and other events, including the Protest Locations. And Section II – which Defendants do not mention in their response or objections – relates to "Public Order" including "Disorder Control Operations" an "Mass Arrests." The identities of SRG officers assigned to the Protest Locations or performing assignments at them are plainly relevant given that the amended complaints specifically refer to the active presence of SRG at the protests that form the basis of the litigation. *See, e.g. People* FAC ¶¶ 85-97; *Payne* FAC ¶¶ 76-80. To the extent that Defendants believe that section 1 of the SRG guide is not applicable, Defendants should explain how and why, along with responses disclosing relevant information.

Fourth, Interrogatory No. 7 seeks the identities of individuals who submitted complaints to any agency regarding NYPD at or near the Protest Locations (including the CCRB, DOI and the Law Department) and Interrogatory No. 8 seeks the identities of officers subject to those complaints. Further, Interrogatory No. 9 seeks the identities of officers who were disciplined for conduct occurring at or related to any of the Protests. Defendants object to Interrogatory No. 7 to the extent that it seeks information that is in the possession of City agencies "not represented by the Office of the Corporation Counsel in this litigation" but do not identify which agencies they are. In any event, this Interrogatory seeks complaints filed with other agencies that were forwarded to the NYPD and thus are plainly in the custody and control of Defendants. Defendants further refuse to answer these interrogatories on the basis of burden and relevance, citing *Simms v. City of New York*, 480 F. App'x 627 (2d Cir. 2012). *Simms* is inapposite as these interrogatories are not seeking information wholly unrelated to the incidents in the complaint. In fact, they are limited to complaints and discipline related to the very Protest Locations and protests that form the basis of the consolidated cases. Complaints made against officers and officer discipline at the protests in controversy are plainly relevant to the Plaintiffs' *Monell* claims and claims for injunctive relief. Nor is this information unduly burdensome as Defendants have made no effort to substantiate these claims and the identity of individuals making complaints, the officers involved, and any discipline imposed is available to the City upon reasonable inquiry.

### 5. Failure to Produce a Privilege Log

On April 7, 2021, Defendants produced documents DEF000001-DEF000498 as part of their initial disclosures. Many of these documents contained redactions and Defendants appear to have withheld documents in their responses to the Requests and Interrogatories based on privilege, but Defendants have not identified the basis for these redactions and/or produced a privilege log. Rule 26(b)(5)(A) of the Federal Rule of Civil Procedure provides that a party withholding discoverable information on the grounds of privilege or subject to protection as trial preparation material must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without

revealing information itself privileged or protected, will enable other parties to assess the claim." *See also* Local Civil Rule 26.2.  Here, Defendants have not made any express claim of privilege let alone provided the type of information that would allow Plaintiffs the ability to assess the claim. Please provide a privilege log for the documents already produced no later than May 17, 2021. In the future, please provide the required privilege logs along with any future productions.

*   *   *

Please cure these deficiencies and let us know when you are available to discuss later this week so that we may resolve these matters promptly.

Sincerely,

By: /s/ Molly K. Biklen
Molly K. Biklen
Jessica Perry
Daniel R. Lambright
Robert Hodgson
Lisa Laplace
Christopher T. Dunn
New York Civil Liberties Union
    Foundation
125 Broad Street, 19th Floor
New York, N.Y. 10004
(212) 607-3300
mbiklen@nyclu.org

By: /s/ Corey Stoughton
Corey Stoughton
Jennvine Wong
The Legal Aid Society
199 Water Street
New York, N.Y. 10038
(212) 577-3367
cstoughton@legal-aid.org

*Attorneys for Plaintiffs in 20 Civ. 8924*