# Exhibit G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In Re: New York City Policing During Summer 2020
Demonstrations.

20 Civ. 8924 (CM)(GWG)
20 Civ. 10291(CM)(GWG)
20 Civ. 10541(CM)(GWG)
21 Civ. 322(CM)(GWG)
21 Civ. 533(CM)(GWG)
21 Civ. 1904(CM)(GWG)

------------------------------------------------------------------x

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
CONSOLIDATED SET OF REQUESTS FOR DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local
Rule 26.3 of this Court, defendants City, Mayor Bill de Blasio, Commissioner Dermot Shea
and Chief of Department Terence Monahan respond and object to Plaintiffs' First Consolidated Set
of Document Requests, as follows:

**GENERAL STATEMENTS**

1.      By responding to any request, defendants do not concede the materiality of
the subject to which it refers.  Defendants' responses are made expressly subject to, and without
waiving or intending to waive, any questions, or objections as to the competency, relevancy,
materiality, privilege, or admissibility as evidence or for any other purpose, of any of the
documents or information produced, or of the subject matter thereof, in any proceeding including
the trial of this action or any subsequent proceeding.

2.      Inadvertent production of any document or information which is
privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery,
shall not constitute a waiver of any privilege or of another ground for objecting to discovery with
respect to that document or any other document, or its subject matter, or the information
contained therein, or of defendants' right to object to the use of any such document or the
information contained therein during any proceeding in this litigation or otherwise.

3.      Defendants will provide, under separate cover, a privilege index and/or
redaction log, if appropriate.

**RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:**

Provide all Documents concerning policies, procedures, directives, and training
materials promulgated by NYPD relating to Officers' treatment of and response to
demonstrations and protests (including mass protests), crowd control, crowd management, and/or
"disorder control" that were created and/or in force prior to May 28, 2020, including, but not
limited to, policies concerning:

a) Officers' use of tactics or objects to control crowds during a demonstration or
protest;

b) Officers' use of force during a demonstration or protest;

c) Use of force reporting and investigations related to uses of force during a
demonstration or protest;

d) Officers' use of batons or other instruments during a demonstration or protest;

e) Officers' tactical use of other objects, such as shields and bicycles, during a
demonstration or protest;

f) Officers' use of Oleoresin Capsicum (also known as "OC" or "pepper spray")
during a demonstration or protest;

g) Technical Assistance Response Unit ("TARU") video and audio recording
related to a demonstration or protest;

h) Strategic Response and Strategic Response Group ("SRG") operations;

i) Disorder Control Training;

j) Officers' use of body worn cameras during a demonstration or protest;

k) Officers' use of zip-ties or flex cuffs during a demonstration or protest;

l) Officers' use of Kettling during a demonstration or protest;

m) Officers' interaction with, and treatment of, Legal Observers during a
demonstration or protest;

n) Officers' interaction with, and treatment of, journalists, reporters,
photographers, and members of the press during a demonstration or protest;

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In Re: New York City Policing During Summer 2020
Demonstrations.

20 Civ. 8924 (CM)(GWG)
20 Civ. 10291(CM)(GWG)
20 Civ. 10541(CM)(GWG)
21 Civ. 322(CM)(GWG)
21 Civ. 533(CM)(GWG)
21 Civ. 1904(CM)(GWG)

------------------------------------------------------------------x

**DEFENDANTS' AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST CONSOLIDATED SET OF REQUESTS FOR DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local
Rule 26.3 of this Court, defendants City, Mayor Bill de Blasio, Commissioner Dermot Shea
and Chief of Department Terence Monahan serve the following Amended Responses to Plaintiffs'
First Consolidated Set of Document Requests, as discussed during the May 21, 2021 meet-and-
confer, as follows:

**GENERAL STATEMENTS**

1.      By responding to any request, defendants do not concede the materiality of
the subject to which it refers.  Defendants' responses are made expressly subject to, and without
waiving or intending to waive, any questions, or objections as to the competency, relevancy,
materiality, privilege, or admissibility as evidence or for any other purpose, of any of the
documents or information produced, or of the subject matter thereof, in any proceeding including
the trial of this action or any subsequent proceeding.

2.      Inadvertent production of any document or information which is
privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery,
shall not constitute a waiver of any privilege or of another ground for objecting to discovery with
respect to that document or any other document, or its subject matter, or the information
contained therein, or of defendants' right to object to the use of any such document or the
information contained therein during any proceeding in this litigation or otherwise.

3.      Defendants will provide, under separate cover, a privilege index and/or
redaction log, if appropriate.

**RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:**

Provide all Documents concerning policies, procedures, directives, and training
materials promulgated by NYPD relating to Officers' treatment of and response to
demonstrations and protests (including mass protests), crowd control, crowd management, and/or
"disorder control" that were created and/or in force prior to May 28, 2020, including, but not
limited to, policies concerning:

a) Officers' use of tactics or objects to control crowds during a demonstration or
protest;

b) Officers' use of force during a demonstration or protest;

c) Use of force reporting and investigations related to uses of force during a
demonstration or protest;

d) Officers' use of batons or other instruments during a demonstration or protest;

e) Officers' tactical use of other objects, such as shields and bicycles, during a
demonstration or protest;

f) Officers' use of Oleoresin Capsicum (also known as "OC" or "pepper spray")
during a demonstration or protest;

g) Technical Assistance Response Unit ("TARU") video and audio recording
related to a demonstration or protest;

h) Strategic Response and Strategic Response Group ("SRG") operations;

i) Disorder Control Training;

j) Officers' use of body worn cameras during a demonstration or protest;

k) Officers' use of zip-ties or flex cuffs during a demonstration or protest;

l) Officers' use of Kettling during a demonstration or protest;

m) Officers' interaction with, and treatment of, Legal Observers during a
demonstration or protest;

o) Officers' enforcement of any applicable curfews in place during a demonstration or protest;

p) Incident command, chain of command, and command and control during a demonstration or protest;

q) Facilitation, accommodation, and escort of demonstrations or protests;

r) First Amendment, Fourth Amendment, and Fourteenth Amendment principles applicable to policing demonstrations or protests, including the requirements that content-neutral restrictions on speech are narrowly tailored and provide ample alternatives for expression, as well as the need to provide fair warning before making certain Arrests or engaging in certain uses of force;

s) The need to give dispersal orders and a meaningful opportunity to comply with them before making certain Arrests at a demonstration or protest;

t) Policies, procedures, or protocols relating to racial profiling;

u) Officers' use of race in law enforcement decisions and/or implicit bias;

v) Officers' use of racial slurs or epithets;

w) Officers' affiliation with or participation in groups or website that promote racists views;

x) Officers' Arrest of individuals during a demonstration or protest, including procedures for effecting and processing large-scale or mass arrests;

y) Probable cause to Arrest for a Protest-Related Violation or Offense;

z) Discretion to Arrest for a Protest-Related Violation or Offense;

aa) When to process an Arrest for a Protest-Related Violation or Offense for release with a summons or Desk Appearance Ticket, or for arraignment, including during a demonstration or a protest;

bb) Officers' transportation of people Arrested during or after a demonstration or protest;

cc) Officers' use of mass or large-scale arrest processing (including the use of a Mass Arrest Processing Center), including related to a demonstration or a protest;

dd) Officers' provision of medical aid to civilians injured during a demonstration or protest;

ee) Officers' wearing of face coverings when interacting with the public during or after a demonstration or protest, including during arrest processing; and

ff) Any other policies, procedures, directives or training associated with policing large-scale events, including protests, demonstrations, and events involving civil disobedience.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendants object to Document Request No. 1 on the grounds that it is compound in that it seeks policies, training materials, and other documents in the same request and it has 32 discrete subparts; it is not sufficiently limited in time as it seeks documents from January 1, 2018, which is more than two years before the Incidents; and it is not sufficiently limited in scope as subsections "t" though "w" are not specifically related to protests. Defendants also object to this document request on the grounds that it seeks documents, such as the Patrol Guide, that are publicly available, and thus, equally available to plaintiffs. Defendants further object that this request is overbroad insofar as it seeks documents that were not in effect on the dates in question. Defendants further object that this request is not proportional to the needs of the case because plaintiffs can access some of the requested documents and the burden and expense of searching for and producing "all" of the requested policies and training materials, including those that were not in effect on the dates in question, far outweigh any likely benefit to plaintiffs. Defendants further object insofar as any documents or portions of documents are protected from disclosure by the law enforcement privilege because they would reveal information that would interfere with ongoing investigations.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the NYPD patrol guide, which is publically available. Defendants are not currently withholding documents on the basis of any privilege, but if any such documents are identified, defendants will supplement this response and provide a privilege log. Defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 2:**

Provide all Documents concerning policies, procedures, directives, and training materials promulgated by NYPD during or after the Protests and relating to any and all subjects

---

n) Officers' interaction with, and treatment of, journalists, reporters, photographers, and members of the press during a demonstration or protest;

o) Officers' enforcement of any applicable curfews in place during a demonstration or protest;

p) Incident command, chain of command, and command and control during a demonstration or protest;

q) Facilitation, accommodation, and escort of demonstrations or protests;

r) First Amendment, Fourth Amendment, and Fourteenth Amendment principles applicable to policing demonstrations or protests, including the requirements that content-neutral restrictions on speech are narrowly tailored and provide ample alternatives for expression, as well as the need to provide fair warning before making certain Arrests or engaging in certain uses of force;

s) The need to give dispersal orders and a meaningful opportunity to comply with them before making certain Arrests at a demonstration or protest;

t) Policies, procedures, or protocols relating to racial profiling;

u) Officers' use of race in law enforcement decisions and/or implicit bias;

v) Officers' use of racial slurs or epithets;

w) Officers' affiliation with or participation in groups or website that promote racists views;

x) Officers' Arrest of individuals during a demonstration or protest, including procedures for effecting and processing large-scale or mass arrests;

y) Probable cause to Arrest for a Protest-Related Violation or Offense;

z) Discretion to Arrest for a Protest-Related Violation or Offense;

aa) When to process an Arrest for a Protest-Related Violation or Offense for release with a summons or Desk Appearance Ticket, or for arraignment, including during a demonstration or a protest;

bb) Officers' transportation of people Arrested during or after a demonstration or protest;

cc) Officers' use of mass or large-scale arrest processing (including the use of a Mass Arrest Processing Center), including related to a demonstration or a protest;

dd) Officers' provision of medical aid to civilians injured during a demonstration or protest;

ee) Officers' wearing of face coverings when interacting with the public during or after a demonstration or protest, including during arrest processing; and

ff) Any other policies, procedures, directives or training associated with policing large-scale events, including protests, demonstrations, and events involving civil disobedience.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendants object to Document Request No. 1 on the grounds that it is not sufficiently limited in time as it seeks documents from January 1, 2018, which is more than two years before the Incidents; and it is not sufficiently limited in scope as subsections "t" though "w" are not specifically related to protests. Defendants also object to this document request on the grounds that it seeks documents, such as the Patrol Guide, that are publicly available, and thus, equally available to plaintiffs. Defendants further object that this request is overbroad insofar as it seeks documents that were not in effect on the dates in question. Defendants further object that this request is not proportional to the needs of the case because plaintiffs can access some of the requested documents and the burden and expense of searching for and producing "all" of the requested policies and training materials, including those that were not in effect on the dates in question, far outweigh any likely benefit to plaintiffs. Defendants further object insofar as any documents or portions of documents are protected from disclosure by the law enforcement privilege because they would reveal information that would interfere with ongoing investigations.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the NYPD patrol guide, which is publically available. Defendants are not currently withholding documents on the basis of any privilege, but if any such documents are identified, defendants will supplement this response and provide a privilege log. Defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

described in **Request No. 1**, including but not limited to training provided during or after October 2020, including recordings of such training, and any critique, evaluation, or review of the effectiveness of such training.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendants object to Document Request 2 on the grounds that it is compound in that it seeks policies, training materials, other documents, and videos in the same request and it has 32 discrete subparts; it is vague and ambiguous as to whether "recordings" means recordings used during trainings or recordings of trainings; and it is not sufficiently limited in scope as subsections "t" though "w" are not specifically related to protests. Defendants also object to this request on the grounds that it seeks documents not within defendants' possession, custody, or control insofar as any "critique, evaluation, or review" of trainings were made by non-NYPD employees. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents and materials outweigh any likely benefit to plaintiffs. Defendants further object insofar as any recordings, documents, or portions of documents are protected from disclosure by the law enforcement privilege because they would reveal information that would interfere with ongoing investigations and/or law enforcement techniques and procedures. Defendants further object as any critique, evaluation or review may be protected by the deliberative process, attorney-client or attorney work product privileges.

Defendants are not currently withholding documents on the basis of any privilege, but if any such documents are identified, defendants will supplement this response and provide a privilege log. Subject to and without waiving any of the above objections, defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 3:**

Provide all Documents concerning policies, procedures, directives, and training materials relating to any and all subjects described in **Request No. 1** promulgated during or following any protest events in the past 10 years concerning the deaths of persons in police custody or whose deaths were otherwise caused by an Officer, including, but not limited to, Ramarley Graham, Akai Gurley, Eric Garner, Delrawn Small, and Sean Bell.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to Document Request No. 3 on the grounds that it is compound in that it seeks policies, training materials, and other documents in the same request and it has 32 discrete subparts; it is not sufficiently limited in time because it seeks documents dating back to nine years before the dates in question; and it is duplicative of Document Request Nos. 1 & 2, which already sought these documents. Defendants also object to this document request on the grounds that it is not sufficiently limited in scope as subsections "t" though "w" are not specifically related to protests. Defendants further object that it seeks documents, such as the Patrol Guide, that are publicly available, and thus, equally available to plaintiffs. Defendants further object that this request is overbroad insofar as it seeks documents that were not in effect on the dates in question. Defendants further object that this request is not proportional to the needs of the case because plaintiffs can access some of the requested documents and the burden and expense of searching for and producing "all" of the requested policies and training materials, including those that were not in effect on the dates in question, far outweigh any likely benefit to plaintiffs. Defendants further object insofar as any documents or portions of documents are protected from disclosure by the law enforcement privilege because they would reveal information that would interfere with ongoing investigations and/or law enforcement techniques and procedures.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the NYPD patrol guide, which is publically available. Defendants are not currently

**DOCUMENT REQUEST NO. 2:**

Provide all Documents concerning policies, procedures, directives, and training materials promulgated by NYPD during or after the Protests and relating to any and all subjects described in **Request No. 1**, including but not limited to training provided during or after October 2020, including recordings of such training, and any critique, evaluation, or review of the effectiveness of such training.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendants object to Document Request 2 on the grounds that it is vague and ambiguous as to whether "recordings" means recordings used during trainings or recordings of trainings; and it is not sufficiently limited in scope as subsections "t" though "w" are not specifically related to protests. Defendants also object to this request on the grounds that it seeks documents not within defendants' possession, custody, or control insofar as any "critique, evaluation, or review" of trainings were made by non-NYPD employees. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents and materials outweigh any likely benefit to plaintiffs. Defendants further object insofar as any recordings, documents, or portions of documents are protected from disclosure by the law enforcement privilege because they would reveal information that would interfere with ongoing investigations and/or law enforcement techniques and procedures. Defendants further object as any critique, evaluation or review may be protected by the deliberative process, attorney-client or attorney work product privileges.

Defendants are not currently withholding documents on the basis of any privilege, but if any such documents are identified, defendants will supplement this response and provide a privilege log. Subject to and without waiving any of the above objections, defendants further state that they are continuing to search for documents responsive to this request and will

supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 3:**

Provide all Documents concerning policies, procedures, directives, and training materials relating to any and all subjects described in **Request No. 1** promulgated during or following any protest events in the past 10 years concerning the deaths of persons in police custody or whose deaths were otherwise caused by an Officer, including, but not limited to, Ramarley Graham, Akai Gurley, Eric Garner, Delrawn Small, and Sean Bell.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to Document Request No. 3 on the grounds that it is not sufficiently limited in time because it seeks documents dating back to nine years before the dates in question; and it is duplicative of Document Request Nos. 1 & 2, which already sought these documents. Defendants also object to this document request on the grounds that it is not sufficiently limited in scope as subsections "t" though "w" are not specifically related to protests. Defendants further object that it seeks documents, such as the Patrol Guide, that are publicly available, and thus, equally available to plaintiffs. Defendants further object that this request is overbroad insofar as it seeks documents that were not in effect on the dates in question. Defendants further object that this request is not proportional to the needs of the case because plaintiffs can access some of the requested documents and the burden and expense of searching for and producing "all" of the requested policies and training materials, including those that were not in effect on the dates in question, far outweigh any likely benefit to plaintiffs. Defendants further object insofar as any documents or portions of documents are protected from disclosure by the law enforcement privilege because they would reveal information that would interfere with ongoing investigations and/or law enforcement techniques and procedures.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the NYPD patrol guide, which is publically available. Defendants are not currently

withholding documents on the basis of any privilege, but if any such documents are identified, defendants will supplement this response and provide a privilege log.  Defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 4:**

Provide all Documents concerning policies, procedures, directives, and training materials relating to any and all subjects described in **Request No. 1** promulgated during or following protests regarding the 2004 Republican National Convention or any of the lawsuits related to the policing of those protests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants object to Document Request No. 4 on the grounds that it is compound in that it seeks policies, training materials, and other documents in the same request and it has 32 discrete subparts; it is not sufficiently limited in time because it seeks documents dating back to 15 years before the dates in question; and it is not sufficiently limited in scope as subsections "t" though "w" are not specifically related to protests.  Defendants also object to this document request on the grounds that it seeks documents, such as the Patrol Guide, that are publicly available, and thus, equally available to plaintiffs.  Defendants further object that this request is duplicative of Document Request Nos. 1, 2, & 3 because it seeks documents already requested by those requests.  Defendants further object that this request is overbroad insofar as it seeks documents that were not in effect on the dates in question.  Defendants further object that this request is not proportional to the needs of the case because plaintiffs can access some of the requested documents and the burden and expense of searching for and producing "all" of the requested policies and training materials, including those that were not in effect on the dates in question, far outweigh any likely benefit to plaintiffs.  Defendants further object insofar as any documents or portions of documents are protected from disclosure by the law enforcement privilege because they would reveal information that would interfere with ongoing investigations and/or law enforcement techniques and procedures.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the NYPD patrol guide, which is publically available.  Defendants are not currently withholding documents on the basis of any privilege, but if any such documents are identified, defendants will supplement this response and provide a privilege log.  Defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 5:**

For any and all training materials, presentations, or other similar materials responsive to **Request Nos. 1-4** above, Documents sufficient to identify the dates trainings were held, all persons who attended, any statistical reports of the ranks of members of the service that attended, and any certifications issued to such attendees.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendants object to Document Request No. 1 on the grounds that it is compound in that it seeks statistical reports and certifications all in the same request; it is not sufficiently limited in time because it seeks records going back 15 years before the dates in question; and it seeks documents that are not relevant and beyond the scope of this litigation because it seeks records for retired members of service and others who have no knowledge about the plaintiffs.  Defendants also object to this document request on the grounds that the public can view officers' trainings online, and thus, this information is equally available to plaintiffs.  Defendants further object that this request is overbroad insofar as it seeks documents that were not in effect on the dates in question.  Defendants further object that this request is not proportional to the needs of the case because plaintiffs can access some of the requested information and the burden and expense of searching for and producing "all" of the requested documents, including those that

withholding documents on the basis of any privilege, but if any such documents are identified, defendants will supplement this response and provide a privilege log.  Defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 4:**

Provide all Documents concerning policies, procedures, directives, and training materials relating to any and all subjects described in **Request No. 1** promulgated during or following protests regarding the 2004 Republican National Convention or any of the lawsuits related to the policing of those protests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants object to Document Request No. 4 on the grounds that it is not sufficiently limited in time because it seeks documents dating back to 15 years before the dates in question; and it is not sufficiently limited in scope as subsections "t" though "w" are not specifically related to protests.  Defendants also object to this document request on the grounds that it seeks documents, such as the Patrol Guide, that are publicly available, and thus, equally available to plaintiffs.  Defendants further object that this request is duplicative of Document Request Nos. 1, 2, & 3 because it seeks documents already requested by those requests.  Defendants further object that this request is overbroad insofar as it seeks documents that were not in effect on the dates in question.  Defendants further object that this request is not proportional to the needs of the case because plaintiffs can access some of the requested documents and the burden and expense of searching for and producing "all" of the requested policies and training materials, including those that were not in effect on the dates in question, far outweigh any likely benefit to plaintiffs.  Defendants further object insofar as any documents or portions of documents are protected from disclosure by the law enforcement privilege because they would reveal information that would interfere with ongoing investigations and/or law enforcement techniques and procedures.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the NYPD patrol guide, which is publically available.  Defendants are not currently withholding documents on the basis of any privilege, but if any such documents are identified, defendants will supplement this response and provide a privilege log.  Defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 5:**

For any and all training materials, presentations, or other similar materials responsive to **Request Nos. 1-4** above, Documents sufficient to identify the dates trainings were held, all persons who attended, any statistical reports of the ranks of members of the service that attended, and any certifications issued to such attendees.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendants object to Document Request No. 1 on the grounds that it is not sufficiently limited in time because it seeks records going back 15 years before the dates in question; and it seeks documents that are not relevant and beyond the scope of this litigation because it seeks records for retired members of service and others who have no knowledge about the plaintiffs.  Defendants also object to this document request on the grounds that the public can view officers' trainings online, and thus, this information is equally available to plaintiffs.  Defendants further object that this request is overbroad insofar as it seeks documents that were not in effect on the dates in question.  Defendants further object that this request is not proportional to the needs of the case because plaintiffs can access some of the requested information and the burden and expense of searching for and producing "all" of the requested documents, including those that were not in effect on the dates in question, far outweigh any

were not in effect on the dates in question, far outweigh any likely benefit to plaintiffs. Defendants further object that it assumes that there were trainings on only the 32 requested topics in regards to protests (as opposed to general trainings that covered some or all of the requested topics).

Subject to and without waiving any of the above objections, defendants will not interpose any further response to this request beyond these objections and response at this time.

**DOCUMENT REQUEST NO. 6:**

For each Officer identified in response to **Interrogatory No. 1 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants**, provide Documents sufficient to show whether and, if so, the date(s) that the Officer received training related to the subjects described in **Request No. 1**.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendants object to Document Request No. 6 on the grounds that it is subsumed by Document Request No. 5 because any responsive documents to this request would have been produced in response to Document Request No. 5. Thus, Defendants refer plaintiffs to defendants' objections and response to Document Request No. 5.

**DOCUMENT REQUEST NO. 7:**

For each Protest Location listed in the **attached Schedule A**, Documents sufficient to identify the intended roles or functions, deployments, commands, and instructions provided to each and every Officer who was assigned to, or who responded to, the Protest Location, including but not limited to documents identifying:

a) The commanding Officer for each location;

b) The full name, shield number, tax identification number, assigned command, and rank of each Officer deployed;

c) Each Officer's assignment post, including the assignment address and borough;

d) Any and all Officers assigned to supervise or oversee such deployment;

e) Any attorneys from either the NYPD or the NYC Law Department at each location;

f) All Threat Response Inquiry ("TRI"), Officer Injury Reports, Complaints, or other written documentation of any kind related to such deployment;

g) All Unusual Incident or Occurrence Reports (PD370-152; UF-49);

h) All instructions or directives regardless of form regarding police equipment and uniforms (including disorder control gear, face coverings, and so-called "mourning bands") to be worn or possessed by Officers during the assignment;

i) Any communications relating to the decision to deploy Officers from the SRG and any instructions or directives provided to the SRG or Officers assigned to such deployments.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants object to Document Request No. 7 on the grounds that it is compound in that it seeks various documents and materials for different subject matters all in the same request; it seeks documents already in plaintiffs' possession, custody, or control by virtue of defendants' previous disclosures; and it is overbroad because some of the requested documents would not contain commands or instructions to officers. Defendants also object that it seeks documents that are not relevant and beyond the scope of this litigation insofar as it seeks documents for instructions or commands to officers who have no connection to the plaintiffs. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, including those that do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object insofar as "this request is overbroad as Schedule A" purports to identify protests that are outside the scope of this litigation. Defendants further object insofar as any documents for injured officers are protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA"). Defendants further object that it is vague and ambiguous as to the generic term "Complaints."

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the documents produced as part of Defendants' Initial Disclosures. Defendants

---

likely benefit to plaintiffs. Defendants further object that it assumes that there were trainings on only the 32 requested topics in regards to protests (as opposed to general trainings that covered some or all of the requested topics).

Subject to and without waiving any of the above objections, defendants state that they are withholding documents based upon all of the foregoing objections.

**DOCUMENT REQUEST NO. 6:**

For each Officer identified in response to **Interrogatory No. 1 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants**, provide Documents sufficient to show whether and, if so, the date(s) that the Officer received training related to the subjects described in **Request No. 1**.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendants object to Document Request No. 6 on the grounds that it is subsumed by Document Request No. 5 because any responsive documents to this request would have been produced in response to Document Request No. 5. Thus, Defendants refer plaintiffs to defendants' objections and response to Document Request No. 5.

**DOCUMENT REQUEST NO. 7:**

For each Protest Location listed in the **attached Schedule A**, Documents sufficient to identify the intended roles or functions, deployments, commands, and instructions provided to each and every Officer who was assigned to, or who responded to, the Protest Location, including but not limited to documents identifying:

a) The commanding Officer for each location;

b) The full name, shield number, tax identification number, assigned command, and rank of each Officer deployed;

c) Each Officer's assignment post, including the assignment address and borough;

d) Any and all Officers assigned to supervise or oversee such deployment;

e) Any attorneys from either the NYPD or the NYC Law Department at each location;

f) All Threat Response Inquiry ("TRI"), Officer Injury Reports, Complaints, or other written documentation of any kind related to such deployment;

g) All Unusual Incident or Occurrence Reports (PD370-152; UF-49);

h) All instructions or directives regardless of form regarding police equipment and uniforms (including disorder control gear, face coverings, and so-called "mourning bands") to be worn or possessed by Officers during the assignment;

i) Any communications relating to the decision to deploy Officers from the SRG and any instructions or directives provided to the SRG or Officers assigned to such deployments.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants object to Document Request No. 7 on the grounds it seeks documents already in plaintiffs' possession, custody, or control by virtue of defendants' previous disclosures; and it is overbroad because some of the requested documents would not contain commands or instructions to officers. Defendants also object that it seeks documents that are not relevant and beyond the scope of this litigation insofar as it seeks documents for instructions or commands to officers who have no connection to the plaintiffs. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has not been provided to defendants. This objection may be withdrawn upon the entry of an unsealing order. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, including those that do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object insofar as any documents for injured officers are protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA"). Defendants further object that it is vague and ambiguous as to the generic term "Complaints."

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the documents produced as part of Defendants' Initial Disclosures. Defendants further state that they are continuing to search for documents responsive to this request and will

further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 8:**

For each Protest listed on the **attached Schedule A**, provide the following Documents:

a) Any and all intelligence reports, threat assessments, and information compiled and/or reviewed in advance of and during the Protests, including all Documents reflecting Officers' planning for policing the Protests, and any spreadsheets or other lists of "scheduled" and "unscheduled" events during the time period surrounding each Protest;

b) Any and all communications, tactical decisions, intelligence alerts, policies or other directives issued by any Officer as a result of such intelligence reports, assessments, or other information pertaining to the Protests;

c) News clips, social media postings, and internet links gathered by the NYPD, including but not limited to such information and records gathered or created by the Office of the Deputy Commissioner for Public Information ("DCPI"), the Intelligence Division, or otherwise, related to any Protest;

d) Requests for detail, Operations Unit (including Detail Section) records, "204s", "Who's Who," "Force Figures," "Detail Overview," roll calls, tactical plans, detail rosters, assignment sheets, internal communications, and other documents) concerning NYPD's deployment or assignment of Officers and resources relating to the Protests;

e) Command Log(s) and other records created as a result of or related to the operation any Incident Command Post utilized in connection with policing a Protest;

f) Records reflecting whether and, if so, by whom, when, and to what extent, dispersal orders or other warnings and opportunities to disperse or comply were given before enforcement action was taken at each Protest where force was used or detentions or Arrests were made;

g) All To/From Memoranda, Unusual Occurrence Reports, U.F. 49s, Mass Arrest Reports and/or any other Documents consisting of summaries, reviews, recaps, evaluations, critiques, after-action reports, or other reports following any Protest, including but not limited to Joint Operations Center reports;

h) All videos, including TARU videos, bodyworn camera videos, and Aviation Unit videos;

i) All audio recordings, including audio recordings of NYPD Citywide and other radio communications;

j) SPRINT reports related to recorded communications (and documents sufficient to decipher such SPRINT reports);

k) Internal NYPD communications, including, but not limited to, e-mails, text messages, records regarding telephone calls made or received;

l) Any and all TRI Reports, and any and all Incident Worksheets (PD370-154), and any and all TRI Incident-Investigating Supervisor's Assessment Reports (PD370-154A), any and all TRI Interaction Reports, all Unusual Incident Reports, including any and all other Documents relating to such reports and worksheets;

m) Command Log(s) from each arrest processing location to which a person arrested in connection with a Protest was brought, including any Mass Arrest Processing Center ("MAPC");

n) MAPC intake and processing records;

o) Documents sufficient to identify all Arrests by Officers based on alleged conduct occurring at each Protest Location, including Documents sufficient to identify the number of such Arrests voided by the NYPD;

p) For any Officer who was injured during any Protest, any related Line of Duty injury paperwork, including but not limited to AIDED Report(s), witness statement(s), and medical records;

q) For any non-Officer injured related to a Protest, all records related to such injury, including any AIDED Report, Medical Treatment of Prisoner Form, Central Booking Medical Screening Form, Ambulance Call Report, Computer Aided Dispatch, FDNY Pre-Hospital Care Report, and other documents related to such injury;

r) Documents concerning press inquiries received by Defendants and/or press releases or statements to the press made by individual Defendants or their agents related to any Protest, including such statements made in electronic communications such as e-mail or text messages.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendants object to Document Request No. 8 on the grounds that it is compound in that it seeks video, police records, emails, text messages, and other materials all in the same request and it has 18 discrete subparts; subsection "k" is not limited in scope to any particular subject matter because it simply asks for "internal NYPD communications;" and it is overbroad because not every individual and officer present at the 83 Protest Locations have relevant knowledge to this litigation. Defendants also object to this document request on the grounds that it seeks documents that are already in plaintiffs' possession, custody, or control by virtue of

---

supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 8:**

For each Protest listed on the **attached Schedule A**, provide the following Documents:

a) Any and all intelligence reports, threat assessments, and information compiled and/or reviewed in advance of and during the Protests, including all Documents reflecting Officers' planning for policing the Protests, and any spreadsheets or other lists of "scheduled" and "unscheduled" events during the time period surrounding each Protest;

b) Any and all communications, tactical decisions, intelligence alerts, policies or other directives issued by any Officer as a result of such intelligence reports, assessments, or other information pertaining to the Protests;

c) News clips, social media postings, and internet links gathered by the NYPD, including but not limited to such information and records gathered or created by the Office of the Deputy Commissioner for Public Information ("DCPI"), the Intelligence Division, or otherwise, related to any Protest;

d) Requests for detail, Operations Unit (including Detail Section) records, "204s", "Who's Who," "Force Figures," "Detail Overview," roll calls, tactical plans, detail rosters, assignment sheets, internal communications, and other documents) concerning NYPD's deployment or assignment of Officers and resources relating to the Protests;

e) Command Log(s) and other records created as a result of or related to the operation any Incident Command Post utilized in connection with policing a Protest;

f) Records reflecting whether and, if so, by whom, when, and to what extent, dispersal orders or other warnings and opportunities to disperse or comply were given before enforcement action was taken at each Protest where force was used or detentions or Arrests were made;

g) All To/From Memoranda, Unusual Occurrence Reports, U.F. 49s, Mass Arrest Reports and/or any other Documents consisting of summaries, reviews, recaps, evaluations, critiques, after-action reports, or other reports following any Protest, including but not limited to Joint Operations Center reports;

h) All videos, including TARU videos, bodyworn camera videos, and Aviation Unit videos;

i) All audio recordings, including audio recordings of NYPD Citywide and other radio communications;

j) SPRINT reports related to recorded communications (and documents sufficient to decipher such SPRINT reports);

k) Internal NYPD communications, including, but not limited to, e-mails, text messages, records regarding telephone calls made or received;

l) Any and all TRI Reports, and any and all Incident Worksheets (PD370-154), and any and all TRI Incident-Investigating Supervisor's Assessment Reports (PD370-154A), any and all TRI Interaction Reports, all Unusual Incident Reports, including any and all other Documents relating to such reports and worksheets;

m) Command Log(s) from each arrest processing location to which a person arrested in connection with a Protest was brought, including any Mass Arrest Processing Center ("MAPC");

n) MAPC intake and processing records;

o) Documents sufficient to identify all Arrests by Officers based on alleged conduct occurring at each Protest Location, including Documents sufficient to identify the number of such Arrests voided by the NYPD;

p) For any Officer who was injured during any Protest, any related Line of Duty injury paperwork, including but not limited to AIDED Report(s), witness statement(s), and medical records;

q) For any non-Officer injured related to a Protest, all records related to such injury, including any AIDED Report, Medical Treatment of Prisoner Form, Central Booking Medical Screening Form, Ambulance Call Report, Computer Aided Dispatch, FDNY Pre-Hospital Care Report, and other documents related to such injury;

r) Documents concerning press inquiries received by Defendants and/or press releases or statements to the press made by individual Defendants or their agents related to any Protest, including such statements made in electronic communications such as e-mail or text messages.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendants object to Document Request No. 8 on the grounds that subsection "k" is not limited in scope to any particular subject matter because it simply asks for "internal NYPD communications;" and it is overbroad because not every individual and officer present at the 83 Protest Locations have relevant knowledge to this litigation. Defendants object to this document request on the grounds that it seeks documents that are already in plaintiffs' possession, custody, or control by virtue of defendants' previous disclosures and/or plaintiffs' criminal prosecutions. Defendants further object that this request is not proportional to the needs of the case because plaintiffs already have some of the requested documents and the burden and expense of searching for and producing "all" of the requested materials, including those that do

defendants' previous disclosures and/or plaintiffs' criminal prosecutions.  Defendants further object that this request is not proportional to the needs of the case because plaintiffs already have some of the requested documents and the burden and expense of searching for and producing "all" of the requested materials, including those that do not pertain to plaintiffs, far outweigh any likely benefit to plaintiffs.  Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable release has been provided to defendants.  Defendants further object that it seeks medical records of non-parties that are protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA") and for which defendants have not received suitable authorizations.  Defendants further object that it is duplicative of Document Request No. 7, which already requested TRI and Unusual Occurrence Reports for each Protest Location. Defendants further object insofar as any of the requested documents contain information protected from disclosure by the law enforcement privilege because they contain information of confidential sources.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the documents identified as part of Defendants' Initial Disclosures and defendants will also produce by July 31, 2021:

- 24-hour recap binders;
- Intel Protest Spreadsheets;
- Minneapolis TAPU Index;
- Extremists Across Ideological Spectrum Exploit Ongoing Protests in Recent Propaganda Campaigns Aimed at Inciting Violence;
- Significant Intelligence Bureau Inv. Violent Protests;
- Intelligence Bureau Incident Summary/Significant Criminal Incidents During Violent Protests;
- Safety Alerts;

- Intelligence SITREPS file 1 and 2 covering May 29-June 9;
- Significant Incidents Involving Suspicious Activity and Threats against Off-Duty Law Enforcement Officers Amid Ongoing Civil Unrest; and
- Targeted Attacks against Law Enforcement Officers and Property Nationwide Amid Violent Protests and Unlawful Activities.

**DOCUMENT REQUEST NO. 9:**

For each person identified in response to **Interrogatory No. 6 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants**, provide the following Documents:

a) Any and all records created by Officers related to each person Arrested, including all arrest processing paperwork;

b) Online Booking System ("OLBS") Report (including handwritten/scratch version);

c) Online Booking System Arrest Worksheet (PD244-159) (including handwritten/scratch version);

d) Arrest Report – Supplement (PD244-157);

e) Prisoner Pedigree Card (PD244-092);

f) Arrest processing photographs, including digital movement slips and photographs taken as part of NYPD large-scale or mass arrest processing;

g) Mass Arrest Pedigree Label (244-093);

h) Complaint Report (313-152) (including handwritten/scratch version);

i) Complaint Report Worksheet (313-152A) and Omniform Complaint Revision (including handwritten/scratch versions);

j) Online Prisoner Arraignment ("OLPA") Report;

k) Property Clerk Invoice (521-141);

l) Records reflecting the disposition of property recorded in each such Property Clerk Invoice;

m) Medical Treatment of Prisoner (244-150);

n) Activity Logs (112-145) and other similar logs for the tour during which the incident occurred for any and all Officers involved;

o) Scratch and/or memo book or activity log entries for any and all officers involved;

not pertain to plaintiffs, far outweigh any likely benefit to plaintiffs.  Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable release has <mark>not</mark> been provided to defendants.  <mark>This objection may be withdrawn upon entry of an unsealing order.</mark>  Defendants further object that it seeks medical records of non-parties that are protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA") and for which defendants have not received suitable authorizations.  Defendants further object that it is duplicative of Document Request No. 7, which already requested TRI and Unusual Occurrence Reports for each Protest Location.  Defendants further object insofar as any of the requested documents contain information protected from disclosure by the law enforcement privilege because they contain information of confidential sources.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the documents identified as part of Defendants' Initial Disclosures and defendants will also produce by July 31, 2021:

- 24-hour recap binders;
- Intel Protest Spreadsheets;
- Minneapolis TAPU Index;
- Extremists Across Ideological Spectrum Exploit Ongoing Protests in Recent Propaganda Campaigns Aimed at Inciting Violence;
- Significant Intelligence Bureau Inv. Violent Protests;
- Intelligence Bureau Incident Summary/Significant Criminal Incidents During Violent Protests;
- Safety Alerts;
- Intelligence SITREPS file 1 and 2 covering May 29-June 9;
- Significant Incidents Involving Suspicious Activity and Threats against Off-Duty Law Enforcement Officers Amid Ongoing Civil Unrest; and

- Targeted Attacks against Law Enforcement Officers and Property Nationwide Amid Violent Protests and Unlawful Activities.

<mark>Defendants will continue to search for additional responsive documents and will provide them, on a rolling basis prior to July 31, 2021, to the extent they exist.  Defendants may be withholding documents based on one or more of the aforementioned objections, specifics will be determined and provided upon completion of the search.</mark>

**DOCUMENT REQUEST NO. 9:**

For each person identified in response to **Interrogatory No. 6 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants**, provide the following Documents:

a) Any and all records created by Officers related to each person Arrested, including all arrest processing paperwork;

b) Online Booking System ("OLBS") Report (including handwritten/scratch version);

c) Online Booking System Arrest Worksheet (PD244-159) (including handwritten/scratch version);

d) Arrest Report – Supplement (PD244-157);

e) Prisoner Pedigree Card (PD244-092);

f) Arrest processing photographs, including digital movement slips and photographs taken as part of NYPD large-scale or mass arrest processing;

g) Mass Arrest Pedigree Label (244-093);

h) Complaint Report (313-152) (including handwritten/scratch version);

i) Complaint Report Worksheet (313-152A) and Omniform Complaint Revision (including handwritten/scratch versions);

j) Online Prisoner Arraignment ("OLPA") Report;

k) Property Clerk Invoice (521-141);

l) Records reflecting the disposition of property recorded in each such Property Clerk Invoice;

m) Medical Treatment of Prisoner (244-150);

n) Activity Logs (112-145) and other similar logs for the tour during which the incident occurred for any and all Officers involved;

p) C-Summons;

q) Desk Appearance Ticket (PD 260-121);

r) Desk Appearance Ticket Investigation Sheets (360-091);

s) Records provided to any local prosecutor;

t) DA Datasheets;

u) Decline to Prosecute Forms;

v) Criminal Court Complaint; and

w) Body worn camera footage associated with their Arrest, including associated audit trails and activity logs.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants object to Document Request No. 9 on the grounds that it is compound in that seeks police records, records from District Attorneys' Offices, and videos all in the same request and it has 23 discrete subparts; it is overbroad because not every individual stopped or arrested at the 83 Protest Locations has relevant knowledge as to this litigation; and this request is unintelligible insofar as Interrogatory No. 6 also asked defendants to identify officers. Defendants also object to this document request on the grounds that it se seeks documents that are already in plaintiffs' possession, custody, or control by virtue of defendants' previous disclosures and/or plaintiffs' criminal prosecutions. Defendants further object that this request is not proportional to the needs of the case because plaintiffs already have or have custody over some of the requested documents and the burden and expense of searching for and producing "all" of the requested materials, including those that do not pertain to plaintiffs, far outweigh any likely benefit to plaintiffs. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants. Defendants further object that it seeks medical records of non-parties that are protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA") and for which defendants have not received suitable authorizations. Defendants further object that it is duplicative of Document Request No. 8, which already requested medical treatment of prisoner forms and body worn camera footage.

Subject to and without waiving any of the above objections, and limiting their response to the plaintiffs who were arrested, defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 10:**

For each Protest Location listed in the **attached Schedule A**, provide Documents sufficient to identify all persons stopped by Officers during the Protests, including:

a) the date, time, and location of the encounter;

b) the name, rank, shield number, and command of any and all Officers involved;

c) the supervising Officer that made the decision and/or gave the order to stop the person;

d) the identity of the person stopped; and

e) the total number of stops disaggregated by race, date the stops occurred, and the precinct of the Officers involved.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendants object to Document Request No. 10 on the grounds that it is not a proper request because it does not state with particularity the documents being requested or asks defendants to create a document; it assumes that a supervising officer gave the order to stop an individual; and it is overbroad because not every individual stopped at the 83 Protest Locations have knowledge relevant to this litigation. Defendants also object to this document request on the grounds that it seeks documents that are already in plaintiffs' possession, custody, or control by virtue of defendants' previous disclosures and/or plaintiffs' criminal prosecutions. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing the requested documents, including those that do not pertain to plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New

o) Scratch and/or memo book or activity log entries for any and all officers involved;

p) C-Summons;

q) Desk Appearance Ticket (PD 260-121);

r) Desk Appearance Ticket Investigation Sheets (360-091);

s) Records provided to any local prosecutor;

t) DA Datasheets;

u) Decline to Prosecute Forms;

v) Criminal Court Complaint; and

w) Body worn camera footage associated with their Arrest, including associated audit trails and activity logs.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants object to Document Request No. 9 on the grounds that it is compound in that seeks police records, records from District Attorneys' Offices, and videos all in the same request and it has 23 discrete subparts; it is overbroad because not every individual stopped or arrested at the 83 Protest Locations has relevant knowledge as to this litigation; and this request is unintelligible insofar as Interrogatory No. 6 also asked defendants to identify officers. Defendants also object to this document request on the grounds that it se seeks documents that are already in plaintiffs' possession, custody, or control by virtue of defendants' previous disclosures and/or plaintiffs' criminal prosecutions. Defendants further object that this request is not proportional to the needs of the case because plaintiffs already have or have custody over some of the requested documents and the burden and expense of searching for and producing "all" of the requested materials, including those that do not pertain to plaintiffs, far outweigh any likely benefit to plaintiffs. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants. This objection will be withdrawn when an unsealing order is entered. Defendants further object that it seeks medical records of non-parties that are protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA") and for which defendants have not received suitable authorizations. Defendants further object that it is duplicative of Document Request No. 8, which already requested medical treatment of prisoner forms and body worn camera footage.

Subject to and without waiving any of the above objections, and limiting their response to the plaintiffs who were arrested, defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021. Defendants have provided body work camera footage for several plaintiffs and will continue to do so, on a rolling basis, prior to each plaintiff's deposition.

**DOCUMENT REQUEST NO. 10:**

For each Protest Location listed in the **attached Schedule A**, provide Documents sufficient to identify all persons stopped by Officers during the Protests, including:

a) the date, time, and location of the encounter;

b) the name, rank, shield number, and command of any and all Officers involved;

c) the supervising Officer that made the decision and/or gave the order to stop the person;

d) the identity of the person stopped; and

e) the total number of stops disaggregated by race, date the stops occurred, and the precinct of the Officers involved.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendants object to Document Request No. 10 on the grounds that it is not a proper request because it does not state with particularity the documents being requested or asks defendants to create a document; it assumes that a supervising officer gave the order to stop an individual; and it is overbroad because not every individual stopped at the 83 Protest Locations have knowledge relevant to this litigation. Defendants also object to this document request on the grounds that it seeks documents that are already in plaintiffs' possession, custody, or control by virtue of defendants' previous disclosures and/or plaintiffs' criminal prosecutions. Defendants further object that this request is not proportional to the needs of the case because the

York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants.

Subject to, and without waiving any of the above objections, defendants refer plaintiffs to the documents identified as part of Defendants' Initial Disclosures and defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 11:**

For each Protest Location listed in the **attached Schedule A**, provide Documents sufficient to identify all Arrests by Officers at such Protest Location, including but not limited to:

a) the total number of Arrests;

b) the total number of summonses related to those Arrests issued disaggregated by race, the summons was issued, and the command of the issuing Officers;

c) the total number of DATs issued elated to those Arrests disaggregated by race, date the DAT was issued, and the command of the issuing Officers;

d) the total number of arrests processed on-line related to those Arrests disaggregated by race, date of arrest, and the command of the arresting Officers;

e) the summons number, DAT number, and/or arrest number associated with each Arrest;

f) the full name, shield number, and tax identification number of the issuing or arresting Officer;

g) the identity of the person Arrested;

h) location where the Arrest occurred (*i.e.*, borough and address);

i) length of time of custodial detention, including date and time of stop and date and time of release;

j) criminal charge(s); and

k) disposition of any such charge(s).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to Document Request No. 11 on the grounds that it is not a proper request because it does not state with particularity the documents being requested or asks

defendants to create a document; it is compound in that it seeks arrest reports, Desk Appearance Tickets ("DATs"), summonses, and other records in the same request; and it is duplicative of Document Request No. 9, which already requested DATs, summonses, arrest reports and other arrest documents. Defendants also object to this document request on the grounds that it seeks documents that are already in plaintiffs' possession, custody, or control by virtue of defendants' previous disclosures and/or plaintiffs' criminal prosecutions. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, including those that do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants.

Subject to and without waiving any of the above objections, and limiting their response to summons, DATs, arrest reports, mass arrest reports, and OLPA for arrests from the Protest Locations, defendants refer plaintiffs to the documents identified as part of Defendants' Initial Disclosures and defendants  further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 12:**

Provide all Documents relating to policies, procedures, directives, and training materials regarding use of force reporting and investigation, including the completion of the TRI Incident Worksheets (370-154) and the TRI Incident-Investigating Supervisor's Assessment Reports (370-154A), including but not limited to the Data Entry Guide for Threat, Resistance or Injury (TRI) Incident Worksheet (SP542).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to Document Request No. 12 on the grounds that it is compound in that it seeks policies, training materials, and other documents in the same request; it

burden and expense of searching for and producing the requested documents, including those that do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants, or an unsealing order has been entered.

Subject to, and without waiving any of the above objections, defendants refer plaintiffs to the documents identified as part of Defendants' Initial Disclosures and defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 11:**

For each Protest Location listed in the **attached Schedule A**, provide Documents sufficient to identify all Arrests by Officers at such Protest Location, including but not limited to:

a) the total number of Arrests;

b) the total number of summonses related to those Arrests issued disaggregated by race, date the summons was issued, and the command of the issuing Officers;

c) the total number of DATs issued elated to those Arrests disaggregated by race, date the DAT was issued, and the command of the issuing Officers;

d) the total number of arrests processed on-line related to those Arrests disaggregated by race, date of arrest, and the command of the arresting Officers;

e) the summons number, DAT number, and/or arrest number associated with each Arrest;

f) the full name, shield number, and tax identification number of the issuing or arresting Officer;

g) the identity of the person Arrested;

h) location where the Arrest occurred (*i.e.*, borough and address);

i) length of time of custodial detention, including date and time of stop and date and time of release;

j) criminal charge(s); and

k) disposition of any such charge(s).

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to Document Request No. 11 on the grounds that it is not a proper request because it does not state with particularity the documents being requested or asks defendants to create a document; it is compound in that it seeks arrest reports, Desk Appearance Tickets ("DATs"), summonses, and other records in the same request; and it is duplicative of Document Request No. 9, which already requested DATs, summonses, arrest reports and other arrest documents. Defendants also object to this document request on the grounds that it seeks documents that are already in plaintiffs' possession, custody, or control by virtue of defendants' previous disclosures and/or plaintiffs' criminal prosecutions. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, including those that do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants. This objection will be withdrawn when an unsealing order has been entered.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the documents identified as part of Defendants' Initial Disclosures and defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, once an unsealing order has been entered, should such documents become available, but by no later than July 31, 2021.

**AMENDED DOCUMENT REQUEST NO. 12:**

Provide all Documents relating to policies, procedures, directives, and training materials regarding use of force reporting and investigation, including the completion of the TRI Incident Worksheets (370-154) and the TRI Incident-Investigating Supervisor's Assessment Reports (370-154A), including but not limited to the Data Entry Guide for Threat, Resistance or Injury (TRI) Incident Worksheet (SP542).

is not sufficiently limited in time because it seeks documents dating back to two years before the dates in question; and it is overbroad insofar as it seeks documents that were not in effect on the dates in question. Defendants also object to this document request on the grounds that it seeks documents, such as the Patrol Guide, that are publicly available, and thus, equally available to plaintiffs. Defendants further object that this request is not proportional to the needs of the case because plaintiffs can access some of the requested documents and the burden and expense of searching for and producing "all" of the requested policies and training materials, including those that were not in effect on the dates in question, far outweighs any likely benefit to plaintiffs. Defendants further object that this request is duplicative of Document Request No. 1, which already sought training materials on use of force.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the NYPD patrol guide, which is publically available. Defendants are not currently withholding documents on the basis of any privilege, but if any such documents are identified, defendants will supplement this response and provide a privilege log. Defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 13:**

For each Protest Location listed in the **attached Schedule A**, provide Documents sufficient to identify each and every use of force by an Officer, including but not limited to information sufficient to show:

a) the type of force used;

b) date/time when used;

c) the full name, shield number, and tax identification number of the Officer using force;

d) the assigned command of the Officer using force;

e) supervising Officer(s);

f) whether the Officer was on-duty or off-duty;

g) the location where the incident occurred (including borough);

h) the race and gender of individual against whom force was used; and

i) the factual circumstances surrounding the force used.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants object to Document Request No. 13 on the grounds that it is not a proper request because it does not specify the document(s) that it seeks; it is overbroad because not all of the 83 Protest Locations is relevant to this litigation; and it is unduly burdensome to produce documentation for "every" use of force as there could be multiple uses of force in the same incident. Defendants further object insofar as the definition of "use of force" is unclear. Defendants also object to this document request on the grounds that it seeks documents that are already in plaintiffs' possession, custody, or control by virtue of defendants' previous disclosures. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, including those that do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, et seq. and an applicable 160.50 release has been provided to defendants.

Subject to and without waiving any of the above objections, and limiting their response to uses of force by on duty offices from May 29, 2020 to June 9, 2020, defendants refer plaintiffs to the documents identified as part of Defendants' Initial Disclosures. Defendants further state that they are continuing to search for documents responsive to this request, including but not limited to TRI reports and Body Worn Camera footage, and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to Document Request No. 12 on the grounds that it is not sufficiently limited in time because it seeks documents dating back to two years before the dates in question; and it is overbroad insofar as it seeks documents that were not in effect on the dates in question. Defendants also object to this document request on the grounds that it seeks documents, such as the Patrol Guide, that are publicly available, and thus, equally available to plaintiffs. Defendants further object that this request is not proportional to the needs of the case because plaintiffs can access some of the requested documents and the burden and expense of searching for and producing "all" of the requested policies and training materials, including those that were not in effect on the dates in question, far outweighs any likely benefit to plaintiffs. Defendants further object that this request is duplicative of Document Request No. 1, which already sought training materials on use of force.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the NYPD patrol guide, which is publically available. Defendants are not currently withholding documents on the basis of any privilege, but if any such documents are identified, defendants will supplement this response and provide a privilege log. Defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 13:**

For each Protest Location listed in the **attached Schedule A**, provide Documents sufficient to identify each and every use of force by an Officer, including but not limited to information sufficient to show:

a) the type of force used;

b) date/time when used;

c) the full name, shield number, and tax identification number of the Officer using force;

d) the assigned command of the Officer using force;

e) supervising Officer(s);

f) whether the Officer was on-duty or off-duty;

g) the location where the incident occurred (including borough);

h) the race and gender of individual against whom force was used; and

i) the factual circumstances surrounding the force used.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants object to Document Request No. 13 on the grounds that it is not a proper request because it does not specify the document(s) that it seeks; it is overbroad and unduly burdensome to produce documentation for "every" use of force as there could be multiple uses of force in the same incident. Defendants further object insofar as the definition of "use of force" is unclear. Defendants also object to this document request on the grounds that it seeks documents that are already in plaintiffs' possession, custody, or control by virtue of defendants' previous disclosures. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, including those that do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, et seq. and an applicable 160.50 release has been not provided to defendants, and an unsealing order has not been entered.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the documents identified as part of Defendants' Initial Disclosures. Defendants further state that they are continuing to search for documents responsive to this request, including but not limited to TRI reports and Body Worn Camera footage, and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

.

**DOCUMENT REQUEST NO. 14:**

For each Protest Location listed in the **attached Schedule A**, provide all Documents concerning any incidents currently or formerly under investigation or referred for internal investigation by the NYPD (including but not limited to the Internal Affairs Bureau ("IAB"), the Chief of Department ("COD"), Department Advocates Office, Office of the Chief of the Department, Risk Management Bureau, and/or Patrol Bureau Investigations) including all related complaints, log entries, record reviews, video and audio recordings, all recordings of interrogations of the members of service, interviews of any and all non-members of service as well as members of services, body-worn camera footage and associated audit trails and activity logs, and radio transmissions, TARU recordings and any other recordings (such as Argus videos) and/or, and any other Documents collected, considered, or reviewed, and any determinations, disciplinary recommendations, settlement offers, case analysis, or other outcome recommendations made by any person within the NYPD with respect to any occurrence that happened at such Protest Location.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to Document Request No. 14 on the grounds that it is overboad because it seeks documents for "any" incident under investigation, which may include incidents that have no bearing on the claims at issue; it is vague and ambiguous as to the meaning of "related complaints"; and it is duplicative of Document Request Nos. 7 & 8, which already sought all NYPD videos and audio recordings of the Protest Locations. Defendants also object that this request is unduly burdensome to search for, obtain, and produce "all documents concerning any incident" under investigation for the 83 Protest Locations. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of obtaining and producing all of the requested materials, which may include investigation outside the scope of this litigation, far outweighs any likely benefit to plaintiffs. Defendants further object that it seeks documents that are not relevant insofar as any investigation is against a non-party officer. Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein. Defendants further object to this request insofar as any documents for "case analysis" were prepared by an attorney on the grounds that such documents are protected from disclosure by the attorney work product privilege. Defendants further object insofar as any of these investigations remain open and are therefore protected from disclosure. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants. Defendants further object that it seeks medical records of non-parties that are protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA") and for which defendants have not received suitable authorizations.by Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

Subject to and without waiving any of the above objections, and limiting this response to substantiated and completed disciplinary proceedings related to incidents that occurred between May 29, 2020 and June 9, 2020, defendants state that they are continuing to search for documents responsive to this request, and will produce these files subject to the confidentiality order in place in this case this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 15:**

For each Protest Location listed in the **attached Schedule A**, provide all Documents concerning any incidents currently or formerly under investigation or referred for investigation by the Civilian Complaint Review Board ("CCRB") including all related complaints, video (including Argus video) and audio recordings, body-worn camera footage and

**DOCUMENT REQUEST NO. 14:**

For each Protest Location listed in the **attached Schedule A**, provide all Documents concerning any incidents currently or formerly under investigation or referred for internal investigation by the NYPD (including but not limited to the Internal Affairs Bureau ("IAB"), the Chief of Department ("COD"), Department Advocates Office, Office of the Chief of the Department, Risk Management Bureau, and/or Patrol Bureau Investigations) including all related complaints, log entries, record reviews, video and audio recordings, all recordings of interrogations of the members of service, interviews of any and all non-members of service as well as members of services, body-worn camera footage and associated audit trails and activity logs, and radio transmissions, TARU recordings and any other recordings (such as Argus videos) and/or, and any other Documents collected, considered, or reviewed, and any determinations, disciplinary recommendations, settlement offers, case analysis, or other outcome recommendations made by any person within the NYPD with respect to any occurrence that happened at such Protest Location.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to Document Request No. 14 on the grounds that it is overboad because it seeks documents for "any" incident under investigation, which may include incidents that have no bearing on the claims at issue; it is vague and ambiguous as to the meaning of "related complaints"; and it is duplicative of Document Request Nos. 7 & 8, which already sought all NYPD videos and audio recordings of the Protest Locations. Defendants also object that this request is unduly burdensome to search for, obtain, and produce "all documents concerning any incident" under investigation for the 83 Protest Locations. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of obtaining and producing all of the requested materials, which may include investigation outside the scope of this litigation, far outweighs any likely benefit to plaintiffs. Defendants further object that it seeks documents that are not relevant insofar as any investigation is against a non-party officer. Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein. Defendants further object to this request insofar as any documents for "case analysis" were prepared by an attorney on the grounds that such documents are protected from disclosure by the attorney work product privilege. Defendants further object insofar as any of these investigations remain open and are therefore protected from disclosure. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants, and an unsealing order has not been entered. Defendants further object that it seeks medical records of non-parties that are protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA") and for which defendants have not received suitable authorizations.by Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

Subject to and without waiving any of the above objections, and limiting this response to substantiated and completed disciplinary proceedings related to incidents that occurred on the dates on the schedule, defendants state that they are continuing to search for documents responsive to this request, and will produce these files subject to the confidentiality order in place in this case this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 15:**

For each Protest Location listed in the **attached Schedule A**, provide all Documents concerning any incidents currently or formerly under investigation or referred for investigation by the Civilian Complaint Review Board ("CCRB") including all related

radio transmissions. investigator notes and reports, and any other Documents collected, considered, or reviewed, an any determinations, disciplinary recommendations, or other outcome recommendations made by the NYPD or CCRB with respect to any occurrence that happened at such Protest Location.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendants object to Document Request No. 15 on the grounds that it is overbroad because it seeks documents for "any" incident under investigation, which may include incidents that have no bearing on the claims at issue; it is unduly burdensome to search for, obtain, and produce "all documents concerning any incident" under investigation for the 83 Protest Locations; and it seeks documents that are not relevant insofar as any investigation is against a non-party officer. Defendants also object that this request is duplicative of Document Request Nos. 7 & 8, which already requested all NYPD videos and audio recordings, including body worn camera footage. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of obtaining and producing all of the requested materials, which may include investigation outside the scope of this litigation, far outweighs any likely benefit to plaintiffs. Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. _See_ Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

Subject to and without waiving any of the above objections, and limiting this response to substantiated and completed disciplinary proceedings related to incidents that occurred between May 28, 2020 and June 9, 2020, defendants state that they are continuing to search for documents responsive to this request, and will produce these files subject to the confidentiality order in place in this case this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 16:**

For each Officer identified in response to **Interrogatory Nos. 8 and/or 9 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants**, all personnel-related records in the possession of the NYPD or the City of New York, including but not limited to:

a) Records reflecting the Officer's histories as to CCRB and IAB investigations, as well as underlying records;

b) The Academy Transcript and all training logs and other records reflecting the NYPD training each Officer received at the NYPD Academy and after graduating the NYPD Academy;

c) Central Personnel Index ("CPI") file records or similarly defined records;

d) Any and all records concerning internal NYPD disciplinary action, letters in the personnel file, command discipline, chares and specifications, transfers, and/or warnings and admonishments;

e) Performance profiles, or similarly defined records;

f) Psychological Services Unit ("PSU") records or similarly defined records;

g) Risk Assessment Information Liability System ("RAILS") records;

h) Early warning or intervention records or similarly defined records;

i) Supervisor complaint reports or command discipline election reports;

j) Any and all letters requesting sealing of disciplinary records or charges;

k) Any and all documents related to performance monitoring;

l) _Giglio_ profiles and/or similar resume providing information regarding all internal NYPD and CCRB complaints, investigations, and dispositions, including the Police Commissioner's case analysis;

m) Records from the Internal Affairs Bureau, Inspectional Services Division, Office of the Chief of the Department, or Department Advocates Office;

n) The caption, complaint, and records reflecting the disposition of any and all lawsuits against each such Officer;

o) To the extent not covered in the preceding sub-paragraphs, all Documents relating to any civilian or departmental-generated complaints of police misconduct, dereliction of duty or violation of the New York State penal laws or regulations of the NYPD, including but not limited, physical brutality, verbal abuse, and violence or abuse.

complaints, video (including Argus video) and audio recordings, body-worn camera footage and radio transmissions. investigator notes and reports, and any other Documents collected, considered, or reviewed, an any determinations, disciplinary recommendations, or other outcome recommendations made by the NYPD or CCRB with respect to any occurrence that happened at such Protest Location.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendants object to Document Request No. 15 on the grounds that it is overbroad because it seeks documents for "any" incident under investigation, which may include incidents that have no bearing on the claims at issue; it is unduly burdensome to search for, obtain, and produce "all documents concerning any incident" under investigation for the 83 Protest Locations; and it seeks documents that are not relevant insofar as any investigation is against a non-party officer. Defendants also object that this request is duplicative of Document Request Nos. 7 & 8, which already requested all NYPD videos and audio recordings, including body worn camera footage. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of obtaining and producing all of the requested materials, which may include investigation outside the scope of this litigation, far outweighs any likely benefit to plaintiffs. Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. _See_ Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

Subject to and without waiving any of the above objections, and limiting this response to substantiated and completed disciplinary proceedings related to incidents that occurred on the dates on the Schedule, defendants state that they are continuing to search for documents responsive to this request, and will produce these files subject to the confidentiality order in place in this case this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 16:**

For each Officer identified in response to **Interrogatory Nos. 8 and/or 9 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants**, all personnel-related records in the possession of the NYPD or the City of New York, including but not limited to:

a) Records reflecting the Officer's histories as to CCRB and IAB investigations, as well as underlying records;

b) The Academy Transcript and all training logs and other records reflecting the NYPD training each Officer received at the NYPD Academy and after graduating the NYPD Academy;

c) Central Personnel Index ("CPI") file records or similarly defined records;

d) Any and all records concerning internal NYPD disciplinary action, letters in the personnel file, command discipline, chares and specifications, transfers, and/or warnings and admonishments;

e) Performance profiles, or similarly defined records;

f) Psychological Services Unit ("PSU") records or similarly defined records;

g) Risk Assessment Information Liability System ("RAILS") records;

h) Early warning or intervention records or similarly defined records;

i) Supervisor complaint reports or command discipline election reports;

j) Any and all letters requesting sealing of disciplinary records or charges;

k) Any and all documents related to performance monitoring;

l) _Giglio_ profiles and/or similar resume providing information regarding all internal NYPD and CCRB complaints, investigations, and dispositions, including the Police Commissioner's case analysis;

m) Records from the Internal Affairs Bureau, Inspectional Services Division, Office of the Chief of the Department, or Department Advocates Office;

n) The caption, complaint, and records reflecting the disposition of any and all lawsuits against each such Officer;

o) To the extent not covered in the preceding sub-paragraphs, all Documents relating to any civilian or departmental-generated complaints of police misconduct, dereliction of duty or violation of the New York State penal laws or

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendants object to Document Request No. 16 on the grounds that it is overbroad because it seeks "all" personnel records and lawsuits against officers, including those that do not pertain to the allegations at issue; it is compound in that it seeks NYPD underlying investigation files, CCRB records, lawsuits, and training records all in the same request and has 14 discrete subparts; and it is unduly burdensome to search for, obtain, and produce "all personnel-related records." Defendants also object to this document request on the grounds that it seeks documents, such as the caption and complaint of lawsuits against officers that are publicly available, and thus, plaintiffs have equal access to those documents. Defendants further object that it seeks documents that are not relevant insofar as any investigation or lawsuit is against a non-party officer. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of obtaining and producing all of the requested materials, which plaintiffs may already have or have access to and may include investigations of alleged misconduct outside the scope of this litigation, far outweighs any likely benefit to plaintiffs. Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. *See* Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

Subject to and without waiving any of the above objections, and limiting this request to the named defendants, defendants state that they will produce substantiated and unsubstantiated allegations of misconduct within the past ten years related to the claims in these cases or truthfulness. To the extent the allegations are not otherwise public, defendants will produce this allegations pursuant to the Confidentiality Order in place in this case.

**DOCUMENT REQUEST NO. 17:**

Provide all Documents concerning Officers receiving discipline for misconduct occurring during the Protests, or who have been recommended to receive discipline for such misconduct.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendants object and cannot respond to Document Request No.17 on the grounds that it is unintelligible because it does not state with particularity the documents being requested. To the extent that plaintiffs are seeking personnel records of officers, defendants refer plaintiffs to their objections and responses to Document Request No. 16. To the extent that plaintiffs are seeking the investigation files of the alleged misconduct, defendants refer plaintiffs to their objections and responses to Document Request Nos. 14 & 15.

**DOCUMENT REQUEST NO. 18:**

Provide all Documents concerning communications from May 25, 2020 to present between and among any and all NYPD personnel and personnel of the Office of the Mayor, including Mayor de Blasio or his designees, and the Mayor's Office of Criminal Justice, regarding NYPD's planning for and response to any protest anticipated to take place in New York City following the death of George Floyd, including but not limited to the Protests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendants object to Document Request No. 18 on the grounds that it is subsumed by Document Request No. 19 below because any responsive documents to Request No. 18 would be produced under Request No. 19. Defendants refer plaintiffs to their objections and responses therein.

---

regulations of the NYPD, including but not limited, physical brutality, verbal abuse, and violence or abuse.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendants object to Document Request No. 16 on the grounds that it is overbroad because it seeks "all" personnel records and lawsuits against officers, including those that do not pertain to the allegations at issue and it is unduly burdensome to search for, obtain, and produce "all personnel-related records." Defendants also object to this document request on the grounds that it seeks documents, such as the caption and complaint of lawsuits against officers that are publicly available, and thus, plaintiffs have equal access to those documents. Defendants further object that it seeks documents that are not relevant insofar as any investigation or lawsuit is against a non-party officer. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of obtaining and producing all of the requested materials, which plaintiffs may already have or have access to and may include investigations of alleged misconduct outside the scope of this litigation, far outweighs any likely benefit to plaintiffs. Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. *See* Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

Subject to and without waiving any of the above objections, and limiting this request to the named defendants, defendants state that they will produce substantiated and unsubstantiated allegations of misconduct within the past ten years related to the claims in these cases or truthfulness. To the extent the allegations are not otherwise public, defendants will produce these allegations pursuant to the Confidentiality Order in place in this case. Defendants will be withholding all other responsive documents pursuant to the aforementioned objections.

**DOCUMENT REQUEST NO. 17:**

Provide all Documents concerning Officers receiving discipline for misconduct occurring during the Protests, or who have been recommended to receive discipline for such misconduct.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendants object and cannot respond to Document Request No.17 on the grounds that it is unintelligible because it does not state with particularity the documents being requested. To the extent that plaintiffs are seeking personnel records of officers, defendants refer plaintiffs to their objections and responses to Document Request No. 16. To the extent that plaintiffs are seeking the investigation files of the alleged misconduct, defendants refer plaintiffs to their objections and responses to Document Request Nos. 14 & 15.

**DOCUMENT REQUEST NO. 18:**

Provide all Documents concerning communications from May 25, 2020 to present between and among any and all NYPD personnel and personnel of the Office of the Mayor, including Mayor de Blasio or his designees, and the Mayor's Office of Criminal Justice, regarding NYPD's planning for and response to any protest anticipated to take place in New York City following the death of George Floyd, including but not limited to the Protests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendants object to Document Request No. 18 on the grounds that it is subsumed by Document Request No. 19 below because any responsive documents to Request No. 18 would be produced under Request No. 19. Defendants refer plaintiffs to their objections and responses therein.

**DOCUMENT REQUEST NO. 19:**

Provide all Documents concerning communications about any protest anticipated to take place in New York City following the death of George Floyd, including but not limited to the Protests from May 25, 2020 to present, by Defendants Mayor de Blasio, Commissioner Shea, Chief Monahan, and all Borough Commanders, and Deputy Commissioner of Intelligence John Miller.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendants object to Document Request No. 19 on the grounds that it is not sufficiently limited in time because it seeks ongoing protests; it is vague and ambiguous because it seeks documents "concerning communications" and it is unclear whether plaintiffs are seeking communications themselves or other documents; and it is not sufficiently limited in scope because the subject of anticipated protests is too generalized. Defendants also object on the grounds that it is overbroad because it seeks all communications from certain individuals regardless of the recipient. Defendants further object that it is not proportional to the needs of the case because the burden and expense of obtaining and producing all of the communications from the requested individuals for a period of almost one year outweighs any likely benefit to plaintiffs. Defendants further object that it seeks documents that are protected from disclosure by the attorney client privilege insofar as any communications are with the Office of Corporation Counsel or NYPD Legal Bureau.

Subject to and without waiving any of the above objections, and limiting this response to communications that occurred between May 28, 2020 and June 9, 2020, defendants state that they are continuing to search for documents responsive to this request, and will produce these documents response on a rolling basis, should such documents become available.

**DOCUMENT REQUEST NO. 20:**

Provide all documents received by, referenced, or reviewed by Mayor de Blasio, Commissioner Shea, and/or Chief Monahan, Borough Commanders, Deputy Commissioner of

Intelligence John Miller, and Incident Commanders documenting occurrences and/or interactions between Officers and civilians at any and all Protest Locations from May 28, 2020, to present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendants object to Document Request No. 20 on the grounds that it is vague and ambiguous as to "occurrences and/or interactions" because it is unclear what interactions plaintiffs are seeking; it is not a proper request because it does not state with particularity the documents that plaintiffs are seeking; and it is overbroad and it seeks documents that are not relevant because it seeks all interactions between officers and civilians, which include interactions that are not at issue in this action. Defendants also object on the grounds that it is vague and ambiguous as to what plaintiffs are seeking when they request documents "received" or "referenced" by the listed individuals. Defendants further object that it is not sufficiently limited in time because the request is for ongoing documents. Defendants further object that it is not proportional to the needs of the case because the burden and expense of producing all documents "received, referenced, or reviewed by" the requested individuals for a period of almost one year outweighs any likely benefit to plaintiffs.

Subject to and without waiving any of the above objections, defendants will not interpose any further response to this request beyond these objections and response at this time.

**DOCUMENT REQUEST NO. 21:**

For each Protest Location listed in the **attached Schedule A**, provide all communications between and among any Officers supervising, commanding, or otherwise directing NYPD's response to the Protests at each Protest Location, including but not limited to communications between and among Borough Commanders, SRG Command, and Deputy Commissioner of Intelligence John Miller.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendants object to Document Request No.21 on the grounds that it is overbroad because it seeks communications that pertain to subjects other than the arrest or use of force

---

**DOCUMENT REQUEST NO. 19:**

Provide all Documents concerning communications about any protest anticipated to take place in New York City following the death of George Floyd, including but not limited to the Protests from May 25, 2020 to present, by Defendants Mayor de Blasio, Commissioner Shea, Chief Monahan, and all Borough Commanders, and Deputy Commissioner of Intelligence John Miller.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendants object to Document Request No. 19 on the grounds that it is not sufficiently limited in time because it seeks ongoing protests; it is vague and ambiguous because it seeks documents "concerning communications" and it is unclear whether plaintiffs are seeking communications themselves or other documents; and it is not sufficiently limited in scope because the subject of anticipated protests is too generalized. Defendants also object on the grounds that it is overbroad because it seeks all communications from certain individuals regardless of the recipient. Defendants further object that it is not proportional to the needs of the case because the burden and expense of obtaining and producing all of the communications from the requested individuals for a period of almost one year outweighs any likely benefit to plaintiffs. Defendants further object that it seeks documents that are protected from disclosure by the attorney client privilege insofar as any communications are with the Office of Corporation Counsel or NYPD Legal Bureau.

Subject to and without waiving any of the above objections, and limiting this response to communications that occurred concerning anticipated protests regarding the death of George Floyd/Black Lives Matter on or about the dates listed in the Schedule , defendants state that they are continuing to search for documents responsive to this request, and will produce these documents response on a rolling basis, should such documents become available.

**DOCUMENT REQUEST NO. 20:**

Provide all documents received by, referenced, or reviewed by Mayor de Blasio, Commissioner Shea, and/or Chief Monahan, Borough Commanders, Deputy Commissioner of Intelligence John Miller, and Incident Commanders documenting occurrences and/or interactions between Officers and civilians at any and all Protest Locations from May 28, 2020, to present.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendants object to Document Request No. 20 on the grounds that it is vague and ambiguous as to "occurrences and/or interactions" because it is unclear what interactions plaintiffs are seeking; it is not a proper request because it does not state with particularity the documents that plaintiffs are seeking; and it is overbroad and it seeks documents that are not relevant because it seeks all interactions between officers and civilians, which include interactions that are not at issue in this action. Defendants also object on the grounds that it is vague and ambiguous as to what plaintiffs are seeking when they request documents "received" or "referenced" by the listed individuals. Defendants further object that it is not sufficiently limited in time because the request is for ongoing documents. Defendants further object that it is not proportional to the needs of the case because the burden and expense of producing all documents "received, referenced, or reviewed by" the requested individuals for a period of almost one year outweighs any likely benefit to plaintiffs.

Subject to and without waiving any of the above objections, defendants are withholding documents based upon the foregoing objections and will not interpose any further response to this request beyond these objections and response at this time.

**DOCUMENT REQUEST NO. 21:**

For each Protest Location listed in the **attached Schedule A**, provide all communications between and among any Officers supervising, commanding, or otherwise directing NYPD's response to the Protests at each Protest Location, including but not limited to

involving protesters; it is not limited in time to the date of the protests; and it is unduly burdensome to produce "all" communications between an unspecified number of officers for 83 Protest Locations. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, as they do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object insofar as any documents or portions of documents are protected from disclosure by the law enforcement privilege because they would reveal information that would interfere with ongoing investigations and/or law enforcement techniques and procedures.

Subject to and without waiving any of the above objections, and limiting this response to documents recorded between May 28, 2020 and June 9, 2020 defendants will produce recorded radio runs on a rolling basis, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 22:**

Provide all Documents, including all non-privileged communications, in Defendants' possession, custody, or control concerning the December 30, 2020 Corporation Counsel Report Pursuant to Executive Order 58 (June 20, 2020) Directing an Analysis of Factors Impacting the George Floyd Protests in New York City, including any and all Documents received or reviewed by Corporation Counsel in preparing such report.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendants object to Document Request No. 22 on the grounds that it is vague and ambiguous as to what documents plaintiffs are seeking by asking for documents "concerning" another document; it is not limited in time in any way; and it is overbroad because it seeks documents that do not include incidents with plaintiffs. Defendants also object that this request is not proportional to the needs of the case because the burden and expense of obtaining and producing all of the requested documents, especially those that do not pertain to the plaintiffs or Protests at issue, outweigh any likely benefit to plaintiffs. Defendants further object to this request on the grounds that it seeks documents protected from disclosure by attorney work

product, deliberative process, and/or other applicable privileges. Defendants further object insofar as the documents reviewed by DOI are publicly available or otherwise obtainable from another source, and thus, equally obtainable by plaintiffs

Subject to and without waiving any of the above objections, defendants state that they will produce all non-privileged documents relied upon or referenced in the Corporation Counsel report before July 31, 2021.

**DOCUMENT REQUEST NO. 23:**

Provide all Documents, including all non-privileged communications, in Defendants' possession custody, or control concerning the December 2020 Report by the New York City Department of Investigation ("DOI") titled: Investigation into NYPD Response to the George Floyd Protests, including any and all Documents received or reviewed by DOI in preparing such report.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendants object to Document Request No. 23 on the grounds that it is overbroad because it seeks documents that do not pertain to incidents with plaintiffs; it is vague and ambiguous as to what documents plaintiffs are seeking by asking for documents "concerning" another document; and it is not limited in time in any way. Defendants also object that it is not proportional to the needs of the case because the burden and expense of obtaining and producing all of the requested documents, especially those that do not pertain to the plaintiffs or Protests at issue, outweighs any likely benefit to plaintiffs.. Defendants further object insofar as the documents reviewed by DOI are publicly available or otherwise obtainable from another source, and thus, equally obtainable by plaintiffs.

Subject to and without waiving any of the above objections, defendants state that they will produce all non-privileged documents relied upon or referenced in the DOI report before July 31, 2021.,

communications between and among Borough Commanders, SRG Command, and Deputy Commissioner of Intelligence John Miller.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendants object to Document Request No.21 on the grounds that it is overbroad because it seeks communications that pertain to subjects other than the arrest or use of force involving protesters; it is not limited in time to the date of the protests; and it is unduly burdensome to produce "all" communications between an unspecified number of officers for 83 Protest Locations. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, as they do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object insofar as any documents or portions of documents are protected from disclosure by the law enforcement privilege because they would reveal information that would interfere with ongoing investigations and/or law enforcement techniques and procedures.

Subject to and without waiving any of the above objections, and limiting this response to documents recorded between May 28, 2020 and June 9, 2020 defendants will produce recorded radio runs on a rolling basis, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 22:**

Provide all Documents, including all non-privileged communications, in Defendants' possession, custody, or control concerning the December 30, 2020 Corporation Counsel Report Pursuant to Executive Order 58 (June 20, 2020) Directing an Analysis of Factors Impacting the George Floyd Protests in New York City, including any and all Documents received or reviewed by Corporation Counsel in preparing such report.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendants object to Document Request No. 22 on the grounds that it is vague and ambiguous as to what documents plaintiffs are seeking by asking for documents "concerning" another document; it is not limited in time in any way; and it is overbroad because

it seeks documents that do not include incidents with plaintiffs. Defendants also object that this request is not proportional to the needs of the case because the burden and expense of obtaining and producing all of the requested documents, especially those that do not pertain to the plaintiffs or Protests at issue, outweigh any likely benefit to plaintiffs. Defendants further object to this request on the grounds that it seeks documents protected from disclosure by attorney work product, deliberative process, and/or other applicable privileges. Defendants further object insofar as the documents reviewed by DOI are publicly available or otherwise obtainable from another source, and thus, equally obtainable by plaintiffs

Subject to and without waiving any of the above objections, defendants state that they will produce all non-privileged documents relied upon or referenced in the Corporation Counsel report before July 31, 2021.

**DOCUMENT REQUEST NO. 23:**

Provide all Documents, including all non-privileged communications, in Defendants' possession custody, or control concerning the December 2020 Report by the New York City Department of Investigation ("DOI") titled: Investigation into NYPD Response to the George Floyd Protests, including any and all Documents received or reviewed by DOI in preparing such report.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendants object to Document Request No. 23 on the grounds that it is overbroad because it seeks documents that do not pertain to incidents with plaintiffs; it is vague and ambiguous as to what documents plaintiffs are seeking by asking for documents "concerning' another document; and it is not limited in time in any way. Defendants also object that it is not proportional to the needs of the case because the burden and expense of obtaining and producing all of the requested documents, especially those that do not pertain to the plaintiffs or Protests at issue, outweighs any likely benefit to plaintiffs.. Defendants further object insofar

**DOCUMENT REQUEST NO. 24:**

Provide all Documents concerning any communications between any NYPD personnel, including from the Community Affairs Bureau and/or any other neighborhood policing liaisons and organizers of the Protests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendants object to Document Request No. 24 on the grounds that it is vague and ambiguous because it seeks documents "concerning communications" and it is unclear whether plaintiffs are seeking communications themselves or other documents; it is not limited in time and scope to the protests at issue; and it is overbroad because it seeks "any" communications. Defendants also object that it seeks documents that are equally available to plaintiffs because they can obtain the requested documents from third parties. Defendants further object that it seeks documents that are not relevant because it seeks documents that pertain to subjects other than the arrest or use of force involving protesters at issue in this action. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, as they do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs and to the extent hat it is requesting any communication from any member of the NYPD to any neighborhood policing liaisons or organizers. Defendants will not interpose a further response to this request at this time.

**DOCUMENT REQUEST NO. 25:**

Provide all Documents concerning reports, reviews, communications, discussions, assessments, and analyses, including but not limited to after-action reviews, Sentinel Event reviews, postmortem reviews, and project debriefs, concerning the NYPD's deployment of officers to protests related to Occupy Wall Street (2011-2012) and in response to the death of Eric Garner (2014-2015).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendants object to Document Request No. 25 on the grounds that it is compound in that it seeks various documents for different protests in the same request; it is overbroad because it seeks documents that pertain to subjects other than the arrest or use of force involving protesters at issue in this action; and this request seeks documents that are not relevant because they have no bearing on the instant litigation. Defendants also object on the grounds that it is vague and ambiguous because it seeks documents "concerning" reports, reviews, communications, discussions, etc. and it is unclear whether plaintiffs are seeking the documents themselves or other documents. Defendants further object that this request is not sufficiently limited in time because it seeks documents dating back to nine years before the dates in question. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, as they do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object insofar as any documents or portions of documents are protected from disclosure by the law enforcement privilege because they would reveal information that would interfere with ongoing investigations and/or law enforcement techniques and procedures. Defendants further object that it seeks documents that are protected from disclosure by the attorney client privilege or attorney work product, insofar as any communications or discussions are with the Office of Corporation Counsel or NYPD Legal Bureau.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the NYPD patrol guide, which is publically available. Defendants are not currently withholding documents on the basis of any privilege, but if any such documents are identified, defendants will supplement this response and provide a privilege log. Defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

as the documents reviewed by DOI are publicly available or otherwise obtainable from another source, and thus, equally obtainable by plaintiffs.

Subject to and without waiving any of the above objections, defendants state that they will produce all non-privileged documents relied upon or referenced in the DOI report before July 31, 2021.,

**DOCUMENT REQUEST NO. 24:**

Provide all Documents concerning any communications between any NYPD personnel, including from the Community Affairs Bureau and/or any other neighborhood policing liaisons and organizers of the Protests.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendants object to Document Request No. 24 on the grounds that it is vague and ambiguous because it seeks documents "concerning communications" and it is unclear whether plaintiffs are seeking communications themselves or other documents; it is not limited in time and scope to the protests at issue; and it is overbroad because it seeks "any" communications. Defendants also object that it seeks documents that are equally available to plaintiffs because they can obtain the requested documents from third parties. Defendants further object that it seeks documents that are not relevant because it seeks documents that pertain to subjects other than the arrest or use of force involving protesters at issue in this action. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, as they do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs and to the extent that it is requesting any communication from any member of the NYPD to any neighborhood policing liaisons or organizers. Defendants will not search for or produce responsive documents based upon the objection that the burden and expense of conduction the search is not proportion to the needs of the case.

**DOCUMENT REQUEST NO. 25:**

Provide all Documents concerning reports, reviews, communications, discussions, assessments, and analyses, including but not limited to after-action reviews, Sentinel Event reviews, postmortem reviews, and project debriefs, concerning the NYPD's deployment of officers to protests related to Occupy Wall Street (2011-2012) and in response to the death of Eric Garner (2014-2015).

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendants object to Document Request No. 25 on the grounds that it is overbroad because it seeks documents that pertain to subjects other than the arrest or use of force involving protesters at issue in this action; and this request seeks documents that are not relevant because they have no bearing on the instant litigation. Defendants also object on the grounds that it is vague and ambiguous because it seeks documents "concerning" reports, reviews, communications, discussions, etc. and it is unclear whether plaintiffs are seeking the documents themselves or other documents. Defendants further object that this request is not sufficiently limited in time because it seeks documents dating back to nine years before the dates in question. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, as they do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object insofar as any documents or portions of documents are protected from disclosure by the law enforcement privilege because they would reveal information that would interfere with ongoing investigations and/or law enforcement techniques and procedures. Defendants further object that it seeks documents that are protected from disclosure by the attorney client privilege or attorney work product, insofar as any communications or discussions are with the Office of Corporation Counsel or NYPD Legal Bureau.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the NYPD patrol guide, which is publically available. Defendants are not currently

**DOCUMENT REQUEST NO. 26:**

Provide all Documents concerning the decision by then-District Judge Richard Sullivan concerning defendant Monahan's actions as reported in *Dinler v. City of New York*, No. 04 Civ. 7921 (RJS) (JCF), 2012 U.S. Dist. LEXIS 141851, at *27-39 (S.D.N.Y. Sept. 30, 2012), including but not limited to discipline of defendant Monahan, changes in policies, directives, orders, and/or instructions concerning group arrests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendants object to Document Request No. 26 on the grounds that it is not a proper request as it does not state with particularity the documents being requested. Defendants further object that this request is not limited in time; and it is not limited in scope to the same type of claims as in this action. Defendants further object insofar as it seeks documents related to the referenced actions that are protected from disclosure by the attorney client privilege or attorney work product. Defendants further object that it seeks allegations of misconduct that were not substantiated; did not result in a finding of misconduct; are not similar in nature to the allegations herein. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. *See Simms v. City of New York*, 480 F. App'x 627 (2d Cir. 2012). Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents and materials outweigh any likely benefit to plaintiffs. Defendants will not interpose a further response to this request at this time.

**DOCUMENT REQUEST NO. 27:**

Provide all Documents concerning the jury's verdict against defendant Monahan in *Abdell v. City of New York*, No. 05 Civ. 8453 (RJS) (S.D.N.Y.), including but not limited to discipline of defendant Monahan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendants object to Document Request No. 27 on the grounds that it is not a proper request because it does not sufficiently state with particularity the documents being requested, insofar as "concerning the jury's verdict" is unclear what documents plaintiffs are seeking. Defendants further object that this request is not limited in time; and it is not limited in scope to the same type of claims as in this action. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents and materials outweigh any likely benefit to plaintiffs. Defendants further object insofar as it seeks documents related to the referenced actions that are protected from disclosure by the attorney client privilege or attorney work product. Defendants further object that it seeks document that are not relevant because it seeks allegations of misconduct that were not substantiated; did not result in a finding of misconduct; are not similar in nature to the allegations herein. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. *See Simms v. City of New York*, 480 F. App'x 627 (2d Cir. 2012). Defendants will not interpose a further response to this request at this time.

**DOCUMENT REQUEST NO. 28:**

Provide all Documents concerning the payment of the punitive damages awarded in *Abdell v. City of New York*, No. 05 Civ. 8453 (RJS) (S.D.N.Y.).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendants object and cannot respond to Document Request No. 28 on the grounds that it is unintelligible because it does not state with particularity the documents being requested. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs

withholding documents on the basis of any privilege, but if any such documents are identified, defendants will supplement this response and provide a privilege log. Defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 26:**

Provide all Documents concerning the decision by then-District Judge Richard Sullivan concerning defendant Monahan's actions as reported in *Dinler v. City of New York*, No. 04 Civ. 7921 (RJS) (JCF), 2012 U.S. Dist. LEXIS 141851, at *27-39 (S.D.N.Y. Sept. 30, 2012), including but not limited to discipline of defendant Monahan, changes in policies, directives, orders, and/or instructions concerning group arrests.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendants object to Document Request No. 26 on the grounds that it is not a proper request as it does not state with particularity the documents being requested. Defendants further object that this request is not limited in time; and it is not limited in scope to the same type of claims as in this action. Defendants further object insofar as it seeks documents related to the referenced actions that are protected from disclosure by the attorney client privilege or attorney work product. Defendants further object that it seeks allegations of misconduct that were not substantiated; did not result in a finding of misconduct; are not similar in nature to the allegations herein. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. *See Simms v. City of New York*, 480 F. App'x 627 (2d Cir. 2012). Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents and materials outweigh any likely benefit to plaintiffs. Notwithstanding the aforementioned objections, and based upon the clarification provided at the May 21, 2021 meet-and-confer, at which plaintiffs explained that they were seeking information concerning changes made at NYPD or discipline to Chief Monahan after the *Dinler* decision, defendants state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 27:**

Provide all Documents concerning the jury's verdict against defendant Monahan in *Abdell v. City of New York*, No. 05 Civ. 8453 (RJS) (S.D.N.Y.), including but not limited to discipline of defendant Monahan.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendants object to Document Request No. 27 on the grounds that it is not a proper request because it does not sufficiently state with particularity the documents being requested, insofar as "concerning the jury's verdict" is unclear what documents plaintiffs are seeking. Defendants further object that this request is not limited in time; and it is not limited in scope to the same type of claims as in this action. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents and materials outweigh any likely benefit to plaintiffs. Defendants further object insofar as it seeks documents related to the referenced actions that are protected from disclosure by the attorney client privilege or attorney work product. Defendants further object that it seeks document that are not relevant because it seeks allegations of misconduct that were not substantiated; did not result in a finding of misconduct; are not similar in nature to the allegations herein. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. *See Simms v. City of New York*, 480 F. App'x 627 (2d Cir. 2012).

and policies and thus cannot support a claim against the City.  See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

**DOCUMENT REQUEST NO. 29:**

Provide all Documents concerning any disciplinary action taken regarding Deputy Inspector Edward Winski concerning his actions during Occupy Wall Street protests, which were the subject of several litigations: Vincent v. Winski, No. 14 Civ. 7744; Gersbacher v. Winski, No. 14 Civ. 7600.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendants object to Document Request No. 29 on the grounds that it assumes that Inspector Winski committed misconduct during the Occupy Wall Street Protests. Defendants also object that this request is not proper insofar as it does not state with particularity the documents being requested.  Defendants further object that this request is not limited in time; and it is not limited in scope to the same type of claims as in this action.  Defendants further object insofar as it seeks documents related to the referenced actions that are protected from disclosure by the attorney client privilege or attorney work product.  Defendants further object that it seeks allegations of misconduct that were not substantiated; did not result in a finding of misconduct; are not similar in nature to the allegations herein. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City.  See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

Defendants will not interpose a further response at this time.

**DOCUMENT REQUEST NO. 30:**

Provide all Documents concerning any complaint made to, or investigation by the NYPD or CCRB, of any NYPD officer displaying a "white power" symbol during any of the Protests listed on the **attached Schedule A**.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendants object to Document Request No. 30 on the grounds that it is duplicative of and subsumed by Document Request Nos. 14, 15, & 16, which already called for the production of the requested documents.  In response to this request, defendants refer plaintiffs to defendants' objections and responses to those document requests.

**DOCUMENT REQUEST NO. 31:**

Provide all Documents concerning any complaint made to or investigation by the NYPD or CCRB, of any NYPD officer for making racist statements or for racist conduct, including but not limited to, racial profiling.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendants object to Document Request No. 31 on the grounds that it is duplicative of and subsumed by Document Request Nos. 14, 15, & 16, which already called for the production of the requested documents.  In response to this request, defendants refer plaintiffs to defendants' objections and responses to those document requests.

**DOCUMENT REQUEST NO. 32:**

Provide all Documents concerning any investigation into, or assessments of, NYPD officers' possible affiliations with racist or white supremacist organizations, including but not limited to IAB, Intelligence or Anti-terrorism unit investigations or assessments.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendants object to Document Request No. 32 on the grounds that it is not a proper request because it does not state with particularity the documents being requested; it is not sufficiently limited in time because it seeks documents dating back to two years before the dates in question; and it is overbroad because it asks for "any investigation" and that includes officers who could not possibly be defendants to this action.  Defendants also object that this request is not proportional to the needs of the case because the burden and expense of obtaining and producing the requested documents outweighs any likely benefit to plaintiffs. Defendants further

Notwithstanding the aforementioned objections, and based upon the clarification provided at the May 21, 2021 meet-and-confer, at which plaintiffs explained that they were seeking information concerning changes made at NYPD or discipline to Chief Monahan after the Abdell decision,  defendants state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 28:**

Provide all Documents concerning the payment of the punitive damages awarded in Abdell v. City of New York, No. 05 Civ. 8453 (RJS) (S.D.N.Y.).

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendants object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City.  See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).  Notwithstanding the objection, defendants state the City of New York paid the punitive damages award in the Abdell case.

**DOCUMENT REQUEST NO. 29:**

Provide all Documents concerning any disciplinary action taken regarding Deputy Inspector Edward Winski concerning his actions during Occupy Wall Street protests, which were the subject of several litigations: Vincent v. Winski, No. 14 Civ. 7744; Gersbacher v. Winski, No. 14 Civ. 7600.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendants object to Document Request No. 29 on the grounds that it assumes that Inspector Winski committed misconduct during the Occupy Wall Street Protests. Defendants also object that this request is not proper insofar as it does not state with particularity the documents being requested.  Defendants further object that this request is not limited in time; and it is not limited in scope to the same type of claims as in this action.  Defendants further object insofar as it seeks documents related to the referenced actions that are protected from disclosure by the attorney client privilege or attorney work product.  Defendants further object that it seeks allegations of misconduct that were not substantiated; did not result in a finding of misconduct; are not similar in nature to the allegations herein. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City.  See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012). Notwithstanding the above objections, defendants state there was no disciplinary action taken against Inspector Winski concerning his actions at Occupy Wall Street demonstrations.

**DOCUMENT REQUEST NO. 30:**

Provide all Documents concerning any complaint made to, or investigation by an NYPD officer displaying a "white power" symbol during any of the Protests listed on the **attached Schedule A**.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendants object to Document Request No. 30 on the grounds that it is duplicative of and subsumed by Document Request Nos. 14, 15, & 16, which already called for the production of the requested documents.  In response to this request, defendants refer plaintiffs to defendants' objections and responses to those document requests.

**DOCUMENT REQUEST NO. 31:**

Provide all Documents concerning any complaint made to or investigation by the NYPD or CCRB, of any NYPD officer for making racist statements or for racist conduct, including but not limited to, racial profiling.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendants object to Document Request No. 31 on the grounds that it is duplicative of and subsumed by Document Request Nos. 14, 15, & 16, which already called for

object that it is vague and ambiguous as to which groups plaintiffs mean by the "racist or white supremacist organizations."

Subject to and without waiving any of the above objections, defendants state that NYPD Intelligence Bureau has no responsive documents.

**DOCUMENT REQUEST NO. 33:**

Provide all Documents concerning investigations into, or assessments of, NYPD officers' possible affiliations with Proud Boys, Oath Keepers, Three Percenters, or other far-right or neo- Nazi organizations, including but not limited to IAB, Intelligence or Anti-terrorism unit investigations or assessments.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendants object to Document Request No. 33 on the grounds that it is duplicative of Document Request No. 32, insofar as the listed groups are "racist or white supremacist organizations." Defendants also object that this request is not a proper request because it does not state with particularity the documents being requested; it is not sufficiently limited in time because it seeks documents dating back two years before the dates in question; and it is overbroad because it asks for "any investigation" and that includes officers who could not possibly be defendants to this action. Defendants also object that this request is not proportional to the needs of the case because the burden and expense of obtaining and producing the requested documents outweighs any likely benefit to plaintiffs.

Subject to and without waiving any of the above objections, defendants state that NYPD Intelligence Bureau has no responsive documents.

**DOCUMENT REQUEST NO. 34:**

All Documents concerning any investigation into NYPD officers' participation in online far-right/racist message boards, such as the Law Enforcement Rant site Deputy Inspector James Kobel posted on (*see Sierra* First Amended Complaint at ¶¶ 166-168).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendants object to Document Request No. 34 on the grounds that it is duplicative of Document Request No. 32, insofar as the listed groups are "racist or white supremacist organizations." Defendants also object that this request is not a proper request because it does not state with particularity the documents being requested; it is not sufficiently limited in time because it seeks documents dating back two years before the dates in question; and it is overbroad because it asks for "any investigation" and that includes officers who could not possibly be defendants to this action. Defendants also object that this request is not proportional to the needs of the case because the burden and expense of obtaining and producing the requested documents outweighs any likely benefit to plaintiffs.

Subject to and without waiving any of the above objections, defendants state that NYPD Intelligence Bureau has no responsive documents.

**DOCUMENT REQUEST NO. 35:**

Provide all Documents concerning any discipline of any NYPD officer for use of racist language during the Protests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendants object to Document Request No. 35 on the grounds that it is duplicative of and subsumed by Document Request Nos. 14, 15, & 16, which already called for the production of the requested documents. In response to this request, defendants refer plaintiffs to defendants' objections and responses to those document requests.

**DOCUMENT REQUEST NO. 36:**

Provide all Unusual Incident reports (UF-49s), after-action reports, to/from memoranda, and Mass Arrests Reports, made or maintained at any time, concerning the following protests:

 a) World Economic Forum protests in 2002;

 b) Republican National Convention protests in 2004;

the production of the requested documents. In response to this request, defendants refer plaintiffs to defendants' objections and responses to those document requests.

**DOCUMENT REQUEST NO. 32:**

Provide all Documents concerning any investigation into, or assessments of, NYPD officers' possible affiliations with racist or white supremacist organizations, including but not limited to IAB, Intelligence or Anti-terrorism unit investigations or assessments.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendants object to Document Request No. 32 on the grounds that it is not a proper request because it does not state with particularity the documents being requested; it is not sufficiently limited in time because it seeks documents dating back to two years before the dates in question; and it is overbroad because it asks for "any investigation" and that includes officers who could not possibly be defendants to this action. Defendants also object that this request is not proportional to the needs of the case because the burden and expense of obtaining and producing the requested documents outweighs any likely benefit to plaintiffs. Defendants further object that it is vague and ambiguous as to which groups plaintiffs mean by the "racist or white supremacist organizations."

Subject to and without waiving any of the above objections, defendants state that NYPD Intelligence Bureau has no responsive documents. Defendants are searching for responsive documents within IAB and Anti-terrorism and will provide responsive documents, to the extent they exist, by July 31, 2021.

**DOCUMENT REQUEST NO. 33:**

Provide all Documents concerning investigations into, or assessments of, NYPD officers' possible affiliations with Proud Boys, Oath Keepers, Three Percenters, or other far-right or neo- Nazi organizations, including but not limited to IAB, Intelligence or Anti-terrorism unit investigations or assessments.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendants object to Document Request No. 33 on the grounds that it is duplicative of Document Request No. 32, insofar as the listed groups are "racist or white supremacist organizations." Defendants also object that this request is not a proper request because it does not state with particularity the documents being requested; it is not sufficiently limited in time because it seeks documents dating back two years before the dates in question; and it is overbroad because it asks for "any investigation" and that includes officers who could not possibly be defendants to this action. Defendants also object that this request is not proportional to the needs of the case because the burden and expense of obtaining and producing the requested documents outweighs any likely benefit to plaintiffs.

Subject to and without waiving any of the above objections, defendants state that NYPD Intelligence Bureau has no responsive documents. Defendants are searching for responsive documents within IAB and Anti-terrorism and will provide responsive documents, to the extent they exist, by July 31, 2021.

**DOCUMENT REQUEST NO. 34:**

All Documents concerning any investigation into NYPD officers' participation in online far-right/racist message boards, such as the Law Enforcement Rant site Deputy Inspector James Kobel posted on (*see Sierra* First Amended Complaint at ¶¶ 166-168).

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendants object to Document Request No. 34 on the grounds that it is duplicative of Document Request No. 32, insofar as the listed groups are "racist or white supremacist organizations." Defendants also object that this request is not a proper request because it does not state with particularity the documents being requested; it is not sufficiently limited in time because it seeks documents dating back two years before the dates in question; and it is overbroad because it asks for "any investigation" and that includes officers who could not possibly be defendants to this action. Defendants also object that this request is not

c) Occupy Wall Street in 2011 and 2012;

d) Black Lives Matter protests between 2013 and 2020;

e) Pro-Trump car caravans on November 1, 2020.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendants object to Document Request No. 36 on the grounds that it is compound in that it seeks various documents for five different protests spanning 18 years; it is not sufficiently limited in time because it seeks documents dating back to 18 years before the dates in question and for a period of seven years; and this request seeks documents that are not relevant because they have no bearing on the instant litigation. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, as they do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012). Defendants will not interpose a further response to this request at this time.

**DOCUMENT REQUEST NO. 37:**

Provide all Documents concerning complaints, made at any time, alleging NYPD excessive force and use of racial epithets during policing of each protest listed in **Request No. 36**.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendants object to Document Request No. 37 on the grounds that it is compound in that it seeks; it is vague and ambiguous as to the generic term "complaints," it does not specify to whom the complaints were made; and it is not sufficiently limited in time because it seeks documents dating back to 18 years before the dates in question. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, as they do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012). Defendants will not interpose a further response to this request at this time.

**DOCUMENT REQUEST NO. 38:**

Provide all Documents sufficient to identify all Arrests effected by Officers at each protest listed in **Request No. 36**, including the following information:

a) the total number of Arrests;

b) the total number of summonses related to those Arrests issued disaggregated by race, date the summons was issued, and the command of the issuing Officers;

c) the total number of DATs issued elated to those Arrests disaggregated by race, date the DAT was issued, and the command of the issuing Officers;

d) the total number of arrests processed on-line related to those Arrests disaggregated by race, date of arrest, and the command of the arresting Officers;

e) the summons number, DAT number, and/or arrest number associated with each Arrest;

f) the full name, shield number, and tax identification number of the issuing or arresting Officer;

g) the identity of the person Arrested;

h) location where the Arrest occurred (i.e., borough and address);

i) length of time of custodial detention, including date and time of stop and date and time of release;

j) criminal charge(s); and

k) disposition of any such charge(s).

proportional to the needs of the case because the burden and expense of obtaining and producing the requested documents outweighs any likely benefit to plaintiffs.

Subject to and without waiving any of the above objections, defendants state that NYPD Intelligence Bureau has no responsive documents. Defendants are searching for responsive documents within IAB and Anti-terrorism and will provide responsive documents, to the extent they exist, by July 31, 2021.

**DOCUMENT REQUEST NO. 35:**

Provide all Documents concerning any discipline of any NYPD officer for use of racist language during the Protests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendants object to Document Request No. 35 on the grounds that it is duplicative of and subsumed by Document Request Nos. 14, 15, & 16, which already called for the production of the requested documents. In response to this request, defendants refer plaintiffs to defendants' objections and responses to those document requests.

**DOCUMENT REQUEST NO. 36:**

Provide all Unusual Incident reports (UF-49s), after-action reports, to/from memoranda, and Mass Arrests Reports, made or maintained at any time, concerning the following protests:

a) World Economic Forum protests in 2002;

b) Republican National Convention protests in 2004;

c) Occupy Wall Street in 2011 and 2012;

d) Black Lives Matter protests between 2013 and 2020;

e) Pro-Trump car caravans on November 1, 2020.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendants object to Document Request No. 36 on the grounds that it is compound in that it seeks various documents for five different protests spanning 18 years; it is not sufficiently limited in time because it seeks documents dating back to 18 years before the dates in question and for a period of seven years; and this request seeks documents that are not relevant because they have no bearing on the instant litigation. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, as they do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012). Notwithstanding the aforementioned objections, defendants will produce Unusual Incident reports (UF-49s), after-action reports, to/from memoranda, and Mass Arrests Reports from Occupy Wall Street demonstrations, Black Lives Matter protests, and Pro-Trump car caravan, properly redacted, by July 31, 2021. Defendants will withhold documents concerning WEF and RNC based upon the aforementioned objections.

**DOCUMENT REQUEST NO. 37:**

Provide all Documents concerning complaints, made at any time, alleging NYPD excessive force and use of racial epithets during policing of each protest listed in **Request No. 36**.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendants object to Document Request No. 37 on the grounds that it is compound in that it seeks; it is vague and ambiguous as to the generic term "complaints," it does not specify to whom the complaints were made; and it is not sufficiently limited in time because it seeks documents dating back to 18 years before the dates in question. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, as they do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object that this

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendants object to Document Request No. 38 on the grounds that it is not a proper request because it does not state with particularity the documents being requested or asks defendants to create a document; it is compound in that it seeks arrest reports, Desk Appearance Tickets ("DATs"), summonses, and other records in the same request; and it is not sufficiently limited in time because it seeks documents dating back 18 years before the dates in question. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, as they do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants for this litigation. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

Subject to and without waiving any of the above objections, and limiting these responses to protests from May 28, 2020 to June 9, 2020, defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 39:**

Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding who is authorized to determine when a person related to a protest or demonstration may be released with a Summons or DAT, including any relevant NYPD Patrol Guide provisions.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendants object to Document Request No. 39 on the grounds it is vague and ambiguous as to what is meant by related as used in a "person related to a protest.". Defendants also object that this request seeks documents, like the Patrol Guide, that are publicly available and thus, equally available to plaintiffs. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, including those that do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs.

Defendants are not currently withholding documents on the basis of any privilege, but if any such documents are identified, defendants will supplement this response and provide a privilege log. Subject to and without waiving any of the above objections, defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 40:**

Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding the steps involved in processing an Arrest for a Protest-Related Violation or Offense outside of a protest or demonstration.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendants object to Document Request No. 40 on the grounds that it is unintelligible as to how one could have an arrest for a protest-related violation outside of a protest or demonstration. Defendants also object that it is vague and ambiguous as to the undefined terms of a "Protest-Related Violation of Offense." Defendants further object that it is not sufficiently limited in time because it seeks documents dating back to two years before the dates in question. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested

request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012). Defendants are withholding documents based upon the aforementioned objections.

**DOCUMENT REQUEST NO. 38:**

Provide all Documents sufficient to identify all Arrests effected by Officers at each protest listed in **Request No. 36**, including the following information:

a) the total number of Arrests;

b) the total number of summonses related to those Arrests issued disaggregated by race, date the summons was issued, and the command of the issuing Officers;

c) the total number of DATs issued elated to those Arrests disaggregated by race, date the DAT was issued, and the command of the issuing Officers;

d) the total number of arrests processed on-line related to those Arrests disaggregated by race, date of arrest, and the command of the arresting Officers;

e) the summons number, DAT number, and/or arrest number associated with each Arrest;

f) the full name, shield number, and tax identification number of the issuing or arresting Officer;

g) the identity of the person Arrested;

h) location where the Arrest occurred (*i.e.*, borough and address);

i) length of time of custodial detention, including date and time of stop and date and time of release;

j) criminal charge(s); and

k) disposition of any such charge(s).

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendants object to Document Request No. 38 on the grounds that it is not sufficiently limited in time because it seeks documents dating back 18 years before the dates in question. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, as they do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants for this litigation, or an unsealing order is entered. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

Subject to and without waiving any of the above objections, defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 39:**

Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding who is authorized to determine when a person related to a protest or demonstration may be released with a Summons or DAT, including any relevant NYPD Patrol Guide provisions.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendants object to Document Request No. 39 on the grounds it is vague and ambiguous as to what is meant by related as used in a "person related to a protest.". Defendants also object that this request seeks documents, like the Patrol Guide, that are publicly available and thus, equally available to plaintiffs. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and

documents, including those that do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object that this request is overbroad because it seeks documents that expressly are "outside" of a protest or demonstration.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the NYPD patrol guide, which is publically available. Defendants are not currently withholding documents on the basis of any privilege, but if any such documents are identified, defendants will supplement this response and provide a privilege log. Defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 41:**

Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding the steps involved in processing an Arrest for a Protest-Related Violation or Offense related to a protest or demonstration.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 41:**

Defendants object to Document Request No. 41 on the grounds that it assumes that there are different steps for an arrest related to a "protest-related violation" as opposed to other violations. Defendants also object that it is vague and ambiguous as to the undefined terms of a "Protest-Related Violation of Offense." Defendants further object that it is not sufficiently limited in time because it seeks documents dating back to two years before the dates in question. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, including those that do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the NYPD patrol guide, which is publically available. Defendants are not currently withholding documents on the basis of any privilege, but if any such documents are identified,

defendants will supplement this response and provide a privilege log. Defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 42:**

Provide the Academy Transcript and all training logs and other records reflecting the NYPD training each named Defendant received at the NYPD Academy and after graduating the NYPD Academy.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 42:**

Defendants object to Document Request No. 42 on the grounds that it is not limited in time because it seeks documents dating back long before the events in question; it is compound in that it seeks Academy records, training logs, and other records all in the same request; and it is overbroad in that it seeks training records on subjects that have no connection to the plaintiffs. Defendants also object that it seeks information that is available because the training courses of officers are now available online. Defendants also object that it is vague and ambiguous as to "training logs." Defendants further object that this request is not proportional to the needs of the case because plaintiffs can access some of the requested information and the burden and expense of searching for and producing "all" of the requested documents, including those that were not in effect on the dates in question, far outweigh any likely benefit to plaintiffs. Defendants further object that it is not limited in scope because it seeks documents on subjects that have no bearing on this litigation. Defendants further object to the extent that such training documents may be protected by the law enforcement privilege.

Subject to and without waiving any of the above objections, defendants refer plaintiff to the documents that are publically available which list trainings received by all officers.

producing "all" of the requested documents, including those that do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs.

Defendants are not currently withholding documents on the basis of any privilege, but if any such documents are identified, defendants will supplement this response and provide a privilege log. Subject to and without waiving any of the above objections, defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 40:**

Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding the steps involved in processing an Arrest for a Protest-Related Violation or Offense outside of a protest or demonstration.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendants object to Document Request No. 40 on the grounds that it is unintelligible as to how one could have an arrest for a protest-related violation outside of a protest or demonstration. Defendants also object that it is vague and ambiguous as to the undefined terms of a "Protest-Related Violation of Offense." Defendants further object that it is not sufficiently limited in time because it seeks documents dating back to two years before the dates in question. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, including those that do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs. Defendants further object that this request is overbroad because it seeks documents that expressly are "outside" of a protest or demonstration.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the NYPD patrol guide, which is publically available. Defendants are not currently withholding documents on the basis of any privilege, but if any such documents are identified,

defendants will supplement this response and provide a privilege log. Defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 41:**

Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding the steps involved in processing an Arrest for a Protest-Related Violation or Offense related to a protest or demonstration.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 41:**

Defendants object to Document Request No. 41 on the grounds that it assumes that there are different steps for an arrest related to a "protest-related violation" as opposed to other violations. Defendants also object that it is vague and ambiguous as to the undefined terms of a "Protest-Related Violation of Offense." Defendants further object that it is not sufficiently limited in time because it seeks documents dating back to two years before the dates in question. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, including those that do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the NYPD patrol guide, which is publically available. Defendants are not currently withholding documents on the basis of any privilege, but if any such documents are identified, defendants will supplement this response and provide a privilege log. Defendants further state that they are continuing to search for documents responsive to this request and will supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 43:**

For each and every dataset produced pursuant to these Requests or in response to any of Plaintiffs' Interrogatories, provide any and all data dictionaries identifying and defining all terms and codes used in each field of the dataset.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendants object to Document Request No. 43 on the grounds that it is not limited in time and because it assumes that datasets will or have been produced.  Defendants further object insofar as this request asks for the creation of documents.  Subject to and without waiving any of the above objections,  defendants state that there are no datasets produced pursuant to this request or Plaintiffs' Interrogatories.

**DOCUMENT REQUEST NO. 44:**

Provide all documents identified or relied upon in responding to Plaintiffs' Interrogatories served in these Actions.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

In response to Document Request No. 44, defendants refer plaintiffs to their objections and responses to Interrogatory Nos. 1 through 14.

Dated: New York, New York
April 26, 2021

> GEORGIA PESTANA
> Acting Corporation Counsel of the
>   City of New York
> *Attorney for Defendants City, de Blasio, Shea,*
> *Monahan*
> 100 Church Street
> New York, New York 10007
>
> By:   *Dara L. Weiss*
>           Dara L. Weiss
>           *Senior Counsel*

TO:   **By Electronic Mail**
         Counsel for all Plaintiffs

---

**DOCUMENT REQUEST NO. 42:**

Provide the Academy Transcript and all training logs and other records reflecting the NYPD training each named Defendant received at the NYPD Academy and after graduating the NYPD Academy.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 42:**

Defendants object to Document Request No. 42 on the grounds that it is not limited in time because it seeks documents dating back long before the events in question; it is compound in that it seeks Academy records, training logs, and other records all in the same request; and it is overbroad in that it seeks training records on subjects that have no connection to the plaintiffs.  Defendants also object that it seeks information that is available because the training courses of officers are now available online.  Defendants also object that it is vague and ambiguous as to "training logs." Defendants further object that this request is not proportional to the needs of the case because plaintiffs can access some of the requested information and the burden and expense of searching for and producing "all" of the requested documents, including those that were not in effect on the dates in question, far outweigh any likely benefit to plaintiffs.  Defendants further object that it is not limited in scope because it seeks documents on subjects that have no bearing on this litigation.  Defendants further object to the extent that such training documents may be protected by the law enforcement privilege.

Subject to and without waiving any of the above objections, defendants refer plaintiff to the documents that are publically available which list trainings received by all officers.

**DOCUMENT REQUEST NO. 43:**

For each and every dataset produced pursuant to these Requests or in response to any of Plaintiffs' Interrogatories, provide any and all data dictionaries identifying and defining all terms and codes used in each field of the dataset.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendants object to Document Request No. 43 on the grounds that it is not limited in time and because it assumes that datasets will or have been produced.  Defendants further object insofar as this request asks for the creation of documents.  Subject to and without waiving any of the above objections,  defendants state that there are no datasets produced pursuant to this request or Plaintiffs' Interrogatories.

**DOCUMENT REQUEST NO. 44:**

Provide all documents identified or relied upon in responding to Plaintiffs' Interrogatories served in these Actions.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

In response to Document Request No. 44, defendants refer plaintiffs to their objections and responses to Interrogatory Nos. 1 through 14.

Dated: New York, New York
June 4, 2021

> GEORGIA PESTANA
> Acting Corporation Counsel of the
>   City of New York
> *+Attorney for Defendants City, de Blasio, Shea,*
> *Monahan*
> 100 Church Street
> New York, New York 10007
>
> By:   *Dara L. Weiss*
>           Dara L. Weiss
>           *Senior Counsel*

TO:   **By Electronic Mail**
         Counsel for all Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

In Re: New York City Policing During Summer 2020 Demonstrations.

20 Civ. 8924 (CM)(GWG)
20 Civ. 10291(CM)(GWG)
20 Civ. 10541(CM)(GWG)
21 Civ. 322(CM)(GWG)
21 Civ. 533(CM)(GWG)
21 Civ. 1904(CM)(GWG)

----------------------------------------------------------------------x

### DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST CONSOLIDATED SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.3 of this Court, defendants City, Mayor Bill de Blasio, Commissioner Dermot Shea and Chief of Department Terence Monahan respond and object to Plaintiffs' First Consolidated Set of Interrogatories, as follows:

#### GENERAL STATEMENTS

1.    By responding to any request, defendants do not concede the materiality of the subject to which it refers.  Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.    Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

#### OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

For each Protest Location listed on the **attached Schedule A**, identify each and every Officer present, deployed, or otherwise involved in performing official duties at or near such Protest Location, including but not limited to the Officer's full name, shield number, tax identification number, assigned command, and rank of each Officer, and their assignment post, including the time present at each Protest Location.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to Interrogatory No. 1 on the grounds that it is unduly burdensome to identify every officer present for all 83 Protest Locations; it is not proportional to the needs of the case because the burden and expense of identifying each and every officer for present at or near all 83 Protest Locations outweighs any likely benefit to plaintiffs; and it is compound in that it seeks the identity of officers, their assignments, and the times they were present at each Protest Location all in the same interrogatory.  Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence.  Defendants further object that it is overbroad because it seeks the identity of officers who were near the Protest Locations but have no knowledge of the Incidents in the Complaints. Defendants further object that it seeks information already known to the plaintiffs by virtue of their criminal prosecutions and/or defendants' prior disclosures.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to the documents produced as part of defendants' Initial Disclosures produced on March 18, 2021 and documents to be produced in response to plaintiffs' First Consolidated Set of Requests for Documents for the identity of the officers involved in the requested Protest Locations.

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

In Re: New York City Policing During Summer 2020 Demonstrations.

20 Civ. 8924 (CM)(GWG)
20 Civ. 10291(CM)(GWG)
20 Civ. 10541(CM)(GWG)
21 Civ. 322(CM)(GWG)
21 Civ. 533(CM)(GWG)
21 Civ. 1904(CM)(GWG)

----------------------------------------------------------------------x

### DEFENDANTS' AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST CONSOLIDATED SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.3 of this Court, defendants City, Mayor Bill de Blasio, Commissioner Dermot Shea and Chief of Department Terence Monahan serve the following Amended Responses and Objections to Plaintiffs' First Consolidated Set of Interrogatories, as discussed during the May 21, 2021 meet-and-confer, as follows:

#### GENERAL STATEMENTS

1.    By responding to any request, defendants do not concede the materiality of the subject to which it refers.  Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.    Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

#### OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

For each Protest Location listed on the **attached Schedule A**, identify each and every Officer present, deployed, or otherwise involved in performing official duties at or near such Protest Location, including but not limited to the Officer's full name, shield number, tax identification number, assigned command, and rank of each Officer, and their assignment post, including the time present at each Protest Location.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to Interrogatory No. 1 on the grounds that it is unduly burdensome to identify every officer present for all 83 Protest Locations; it is not proportional to the needs of the case because the burden and expense of identifying each and every officer for present at or near all 83 Protest Location all in the same interrogatory.  Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence.  Defendants further object that it is overbroad because it seeks the identity of officers who were near the Protest Locations but have no knowledge of the Incidents in the Complaints. Defendants further object that it seeks information already known to the plaintiffs by virtue of their criminal prosecutions and/or defendants' prior disclosures.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to the documents produced as part of defendants' Initial Disclosures produced on March 18, 2021 and documents to be

**INTERROGATORY NO. 2:**

For each Protest Location listed on the **attached Schedule A**, identify each and every Incident Commander(s) in command.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to Interrogatory No. 2 on the grounds that it is vague and ambiguous as to "Incident Commander" as it is an undefined term; it is duplicative of Interrogatory No. 1, which already sought "every Officer" and that includes higher ranking officers responsive to this interrogatory; and it is burdensome to identify every "Commander" present for all 83 Protest Locations.

Subject to and without waiving any of the above objections, please see attached chart for incident commanders for the identified protests from May 29-June 14, 2020. To the extent there were incident commanders for the remaining protests, their identities will be provided.

**INTERROGATORY NO. 3:**

For each Protest Location listed on the **attached Schedule A**, identify the Highest Ranking Patrol Service Borough Uniformed member on scene.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 on the grounds it is duplicative of Interrogatory No. 1, which already sought "every Officer" and that includes higher ranking officers responsive to this interrogatory, and it is duplicative of Interrogatory No. 2, which already sought "Incident Commanders" insofar as that person is also the highest ranking uniformed officer on scene; and it is burdensome to identify the highest ranking uniformed officer on scene for all 83 Protest Locations.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the chart referenced in the response to interrogatory No. 3. To the extent any higher-ranking officers were present, their names will be provided when they are identified.

**INTERROGATORY NO. 4:**

For each Protest Location listed on the **attached Schedule A**, identify each and every Officer from the NYPD Legal Bureau who was involved in the police response.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to Interrogatory No. 4 on the grounds that it is duplicative of Interrogatory No. 1, which already sought "every Officer" and that includes members from the NYPD Legal Bureau responsive to this interrogatory; it assumes that members of the NYPD Legal Bureau were present at each of the 83 Protest Locations; and it is burdensome to identify every officer from the NYPD Legal Bureau present for all 83 Protest Locations.

Subject to and without waiving any of the above objections, defendants state they are currently attempting to identify which members, if any, of the NYPD Legal Bureau were involved in the police response, and their names will be provided if, and when, they are identified

**INTERROGATORY NO. 5:**

For each Protest Location listed on the **attached Schedule A**, identify each and every NYPD Strategic Response Group ("SRG") Officer assigned or who performed any of the "Assignments" described in Sections I and II of the March 2019 SRG Guide.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Interrogatory No. 5 on the grounds that it is duplicative of Interrogatory No. 1, which already sought "every Officer" and that includes the officers responsive to this interrogatory; it assumes that NYPD SRG officers were present at each of the 83 Protest Locations; and it is burdensome to identify every such officer present for all 83 Protest Locations. Defendants also object that this interrogatory is not sufficiently limited in scope because as Section I of the March 2019 SRG Guide is inapplicable to this matter. Defendants also object in that this interrogatory is overbroad and irrelevant in that it assumes that every SRG

---

produced in response to plaintiffs' First Consolidated Set of Requests for Documents for the identity of the officers involved in the requested Protest Locations.

**INTERROGATORY NO. 2:**

For each Protest Location listed on the **attached Schedule A**, identify each and every Incident Commander(s) in command.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to Interrogatory No. 2 on the grounds that it is vague and ambiguous as to "Incident Commander" as it is an undefined term; it is duplicative of Interrogatory No. 1, which already sought "every Officer" and that includes higher ranking officers responsive to this interrogatory; and it is burdensome to identify every "Commander" present for all 83 Protest Locations.

Subject to and without waiving any of the above objections, please see attached chart for incident commanders for the identified protests from May 29-June 14, 2020. To the extent there were incident commanders for the remaining protests, their identities will be provided.

**INTERROGATORY NO. 3:**

For each Protest Location listed on the **attached Schedule A**, identify the Highest Ranking Patrol Service Borough Uniformed member on scene.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 on the grounds it is duplicative of Interrogatory No. 1, which already sought "every Officer" and that includes higher ranking officers responsive to this interrogatory, and it is duplicative of Interrogatory No. 2, which already sought "Incident Commanders" insofar as that person is also the highest ranking uniformed officer on scene; and it is burdensome to identify the highest ranking uniformed officer on scene for all 83 Protest Locations.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the chart referenced in the response to interrogatory No. 3. To the extent any higher-ranking officers were present, their names will be provided when they are identified.

**INTERROGATORY NO. 4:**

For each Protest Location listed on the **attached Schedule A**, identify each and every Officer from the NYPD Legal Bureau who was involved in the police response.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to Interrogatory No. 4 on the grounds that it is duplicative of Interrogatory No. 1, which already sought "every Officer" and that includes members from the NYPD Legal Bureau responsive to this interrogatory; it assumes that members of the NYPD Legal Bureau were present at each of the 83 Protest Locations; and it is burdensome to identify every officer from the NYPD Legal Bureau present for all 83 Protest Locations.

Subject to and without waiving any of the above objections, defendants state they are currently attempting to identify which members, if any, of the NYPD Legal Bureau were involved in the police response, and their names will be provided if, and when, they are identified

**INTERROGATORY NO. 5:**

For each Protest Location listed on the **attached Schedule A**, identify each and every NYPD Strategic Response Group ("SRG") Officer assigned or who performed any of the "Assignments" described in Sections I and II of the March 2019 SRG Guide.

**AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Interrogatory No. 5 on the grounds that it is duplicative of Interrogatory No. 1, which already sought "every Officer" and that includes the officers responsive to this interrogatory; it assumes that NYPD SRG officers were present at each of the 83 Protest Locations; and it is burdensome to identify every such officer present for all 83 Protest Locations. Defendants also object that this interrogatory is not sufficiently limited in scope

Officer assigned or who performed duties has relevant information or is in some way relevant to the claims or defenses in these lawsuits.

**INTERROGATORY NO. 6:**

For each Protest Location listed on the **attached Schedule A**, identify each and every person who NYPD personnel stopped, detained, questioned, or Arrested (including those released and issued summonses or desk appearance tickets, or who were processed "on-line") at or near such Protest Location, including but not limited to:

      a) the person's full name, address, phone number, date of birth, arrest number, summons number, New York State Identification Number (NYSID), desk appearance ticket identifier, Stop Report number, and any other personal or NYPD identifying information; and

      b) the full name, rank, shield number, tax identification number, and assigned command, of all Officers involved in each of the encounters with persons identified in this interrogatory.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to Interrogatory No. 6 on the grounds that it is compound in that it seeks that identity of civilians and members of service in the same interrogatory; it is duplicative of Interrogatory No. 1, which already sought "every Officer" and that includes the officers responsive to this interrogatory; and it is vague and ambiguous as to "questioned" as that term is undefined. Defendants also object to this interrogatory on the grounds that it is unduly burdensome to identify every person "stopped, detained, questioned, or Arrested" for all 83 Protest Locations. Defendants further object that it is not proportional to the needs of the case insofar as the burden and expense of identifying the requested information for civilians and officers outweighs any likely benefit to plaintiffs. Defendants further object that it seeks information already known to the plaintiffs by virtue of their criminal prosecutions and/or defendants' prior disclosures. Defendants further object insofar as the requested information

about civilians is protected from disclosure pursuant to New York Criminal Procedure Law sections 160.50, *et seq.* Defendants further object that it is overbroad because not every single person stopped or arrested has relevant knowledge. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 insofar as it seeks discrete incidents unrelated to plaintiffs in the Complaints because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to the documents produced as part of defendants' Initial Disclosures produced on March 18, 2021 and documents to be produced in response to plaintiffs' First Consolidated Set of Requests for Documents for the identity of the officers involved in the requested Protest Locations.

**INTERROGATORY NO. 7:**

Identify each and every individual who has submitted a complaint to any agency of the City (including but not limited to the Civilian Complaint Review Board ("CCRB"), the NYC Department of Investigation ("DOI"), or the NYC Law Department), and/or NYPD by any means, directly or indirectly including complaints filed with other New York City agencies that were forwarded to the NYPD or any other entity for investigation or reference, regarding any interaction with or observation of NYPD personnel at or near the Protest Locations listed on **the attached Schedule A.**

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to Interrogatory No. 7 on the grounds that it is overbroad insofar as it seeks information that is in possession by entities or agencies that are not represented by the Office of Corporation Counsel in this litigation; it is unduly burdensome to identify every individual who made a complaint by any means to any City agency; and it is not proportional to the needs of the case because the burden and expense of identifying every person who filed a complaint to any City agency outweighs any likely benefit to plaintiffs. Defendants

---

because as Section I of the March 2019 SRG Guide is inapplicable to this matter. Defendants also object in that this interrogatory is overbroad and irrelevant in that it assumes that every SRG Officer assigned or who performed duties has relevant information or is in some way relevant to the claims or defenses in these lawsuits.

Subject to and without waiving any of the above objections, defendants state that relevant and responsive detail rosters will be provided within 45 days.

**INTERROGATORY NO. 6:**

For each Protest Location listed on the **attached Schedule A**, identify each and every person who NYPD personnel stopped, detained, questioned, or Arrested (including those released and issued summonses or desk appearance tickets, or who were processed "on-line") at or near such Protest Location, including but not limited to:

      a) the person's full name, address, phone number, date of birth, arrest number, summons number, New York State Identification Number (NYSID), desk appearance ticket identifier, Stop Report number, and any other personal or NYPD identifying information; and

      b) the full name, rank, shield number, tax identification number, and assigned command, of all Officers involved in each of the encounters with persons identified in this interrogatory.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to Interrogatory No. 6 on the grounds that it is compound in that it seeks that identity of civilians and members of service in the same interrogatory; it is duplicative of Interrogatory No. 1, which already sought "every Officer" and that includes the officers responsive to this interrogatory; and it is vague and ambiguous as to "questioned" as that term is undefined. Defendants also object to this interrogatory on the grounds that it is unduly burdensome to identify every person "stopped, detained, questioned, or Arrested" for all 83

Protest Locations. Defendants further object that it is not proportional to the needs of the case insofar as the burden and expense of identifying the requested information for civilians and officers outweighs any likely benefit to plaintiffs. Defendants further object that it seeks information already known to the plaintiffs by virtue of their criminal prosecutions and/or defendants' prior disclosures. Defendants further object insofar as the requested information about civilians is protected from disclosure pursuant to New York Criminal Procedure Law sections 160.50, *et seq.* Defendants further object that it is overbroad because not every single person stopped or arrested has relevant knowledge. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 insofar as it seeks discrete incidents unrelated to plaintiffs in the Complaints because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to the documents produced as part of defendants' Initial Disclosures produced on March 18, 2021 and documents to be produced in response to plaintiffs' First Consolidated Set of Requests for Documents for the identity of the officers involved in the requested Protest Locations.

**INTERROGATORY NO. 7:**

Identify each and every individual who has submitted a complaint to any agency of the City (including but not limited to the Civilian Complaint Review Board ("CCRB"), the NYC Department of Investigation ("DOI"), or the NYC Law Department), and/or NYPD by any means, directly or indirectly including complaints filed with other New York City agencies that were forwarded to the NYPD or any other entity for investigation or reference, regarding any interaction with or observation of NYPD personnel at or near the Protest Locations listed on **the attached Schedule A.**

also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence, insofar as it seeks discrete incidents unrelated to plaintiffs in the Complaints. Defendants further object that this interrogatory is not sufficiently limited in scope because it seeks complaints of any misconduct even that which is not relevant to the Complaints. Defendants further object as to the generic term "complaint." Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

**INTERROGATORY NO. 8:**

Identify each and every Officer associated with or otherwise involved in the factual circumstances giving rise to any and all Complaints by persons identified in response to **Interrogatory No. 7** above.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to Interrogatory No. 8 on the grounds that it is duplicative of Interrogatory No. 1, which already sought "every Officer" and that includes the officers responsive to this interrogatory; it is not proportional to the needs of the case because the burden and expense of identifying every officer involved in complaints brought by persons who are not parties to this matter outweighs any likely benefit to plaintiffs; and it is overbroad because it seeks the identities of officers who may have no information in regards to the plaintiffs. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 insofar as it seeks discrete incidents unrelated to plaintiffs in the Complaints because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of

unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

**INTERROGATORY NO. 9:**

Identify each and every Officer who was disciplined, or recommended to receive such discipline, for conduct occurring at or relating to any of the Protests occurring at or near the Protest Locations listed on the **attached Schedule A**.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to Interrogatory No. 9 on the grounds that it is overbroad because it seeks discipline of any officer relating to the Protest Locations, which can include those having no connection to the plaintiffs; it is vague and ambiguous because it is unclear who is recommending that officers receive discipline; and it is not sufficiently limited in scope because it seeks any discipline for any reason, even that which is not relevant to the Complaints. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence. Defendants further object that it is an unwarranted invasion of privacy into non-parties who have no connection to the Complaints insofar as it seeks officers who have no connection to the plaintiffs. Defendants further object that this interrogatory is duplicative of Interrogatory Nos. 1, 6, and 8, which already asked for the identities of officers. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

.

**INTERROGATORY NO. 10:**

Identify each and every individual employed by the City or any of its agencies, including the Office of the Mayor, who communicated with NYPD personnel regarding the

**AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to Interrogatory No. 7 on the grounds that it is overbroad insofar as it seeks information that is in possession by entities or agencies that are not represented by the Office of Corporation Counsel in this litigation; it is unduly burdensome to identify every individual who made a complaint by any means to any City agency; and it is not proportional to the needs of the case because the burden and expense of identifying every person who filed a complaint to any City agency outweighs any likely benefit to plaintiffs. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence, insofar as it seeks discrete incidents unrelated to plaintiffs in the Complaints. Defendants further object that this interrogatory is not sufficiently limited in scope because it seeks complaints of any misconduct even that which is not relevant to the Complaints. Defendants further object as to the generic term "complaint." Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012). Defendants will be withholding responsive documents and information based upon all the foregoing objections.

**INTERROGATORY NO. 8:**

Identify each and every Officer associated with or otherwise involved in the factual circumstances giving rise to any and all Complaints by persons identified in response to **Interrogatory No. 7** above.

**AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to Interrogatory No. 8 on the grounds that it is duplicative of Interrogatory No. 1, which already sought "every Officer" and that includes the officers responsive to this interrogatory; it is not proportional to the needs of the case because the burden

and expense of identifying every officer involved in complaints brought by persons who are not parties to this matter outweighs any likely benefit to plaintiffs; and it is overbroad because it seeks the identities of officers who may have no information in regards to the plaintiffs. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 insofar as it seeks discrete incidents unrelated to plaintiffs in the Complaints because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012). Defendants will be withholding responsive documents and information based upon all of the foregoing objections.

**INTERROGATORY NO. 9:**

Identify each and every Officer who was disciplined, or recommended to receive such discipline, for conduct occurring at or relating to any of the Protests occurring at or near the Protest Locations listed on the **attached Schedule A**.

**AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to Interrogatory No. 9 on the grounds that it is overbroad because it seeks discipline of any officer relating to the Protest Locations, which can include those having no connection to the plaintiffs; it is vague and ambiguous because it is unclear who is recommending that officers receive discipline; and it is not sufficiently limited in scope because it seeks any discipline for any reason, even that which is not relevant to the Complaints. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence. Defendants further object that it is an unwarranted invasion of privacy into non-parties who have no connection to the Complaints insofar as it seeks

NYPD's response to the Protests occurring at or near the Protest Locations listed on the **attached Schedule A**.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to Interrogatory No. 10 on the grounds that it is vague and ambiguous as to the generalness of "NYPD's response to the Protests;" it is overbroad because it seeks individuals who did not communicate with NYPD regarding the plaintiffs in the Complaints; and it is unduly burdensome to identify every City employee who communicated with any NYPD personnel regarding the 83 Protest Locations. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence, insofar as it seeks individuals who communicated with NYPD about discrete incidents unrelated to the plaintiffs in the Complaints. Defendants further object that it is not sufficiently limited in scope because the subject matter of the conversations between the City employee and NYPD is overly broad. Defendants further object that it is not proportional to the needs of the case because the burden and expense of identifying every City employee who spoke with any member of NYPD about the 83 Protest Locations far outweighs any likely benefit to plaintiffs.

Subject to and without waiving any of the above objections, defendants state that they are currently searching for this information and will provide responsive, relevant information, to the extent it exists, as soon as possible.

**INTERROGATORY NO. 11:**

Identify any and all personnel of the Office of the Mayor or the Mayor's Office of Criminal Justice present at any of the Protests listed on the **attached Schedule A**.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to Interrogatory No. 11 on the grounds that it is vague and ambiguous as to whether the interrogatory is asking for personnel in their official or individual capacity. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3

because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence, insofar as it seeks individuals who have no specific knowledge about the plaintiffs in the Complaints. Defendants further object that this is an unwarranted invasion of privacy into non-parties who have no connection to the instant litigation.

Subject to and without waiving any of the above objections, defendants state that they are currently searching for this information and will provide responsive, relevant information, to the extent it exists, as soon as possible.

**INTERROGATORY NO. 12:**

For each plaintiff or person identified in the Complaints, and for each other person identified in response to **Interrogatory No. 6** above, identify each and every Officer who directly observed that person or their conduct.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to Interrogatory No. 12 on the grounds that it is overbroad because ; unduly burdensome to identify every officer who merely "observed" an individual who was stopped, arrested, or detained by NYPD at the 83 Protest Locations; and it is not proportional to the needs of the case because the burden and expense of identifying every officer who "observed" someone that was stopped, arrested, or detained by NYPD at the 83 Protest Locations far outweighs any likely benefit to plaintiffs. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence, insofar as it seeks discrete incidents unrelated to plaintiffs in the Complaints. Defendants further object that this request is duplicative of Interrogatory Nos. 1, 6, & 8, which asked for the identities of officers at the Protest Locations.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to the documents produced

officers who have no connection to the plaintiffs. Defendants further object that this interrogatory is duplicative of Interrogatory Nos. 1, 6, and 8, which already asked for the identities of officers. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

Defendants will be withholding responsive documents and information based upon all of the foregoing objections.

.

**INTERROGATORY NO. 10:**

Identify each and every individual employed by the City or any of its agencies, including the Office of the Mayor, who communicated with NYPD personnel regarding the NYPD's response to the Protests occurring at or near the Protest Locations listed on the **attached Schedule A**.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to Interrogatory No. 10 on the grounds that it is vague and ambiguous as to the generalness of "NYPD's response to the Protests;" it is overbroad because it seeks individuals who did not communicate with NYPD regarding the plaintiffs in the Complaints; and it is unduly burdensome to identify every City employee who communicated with any NYPD personnel regarding the 83 Protest Locations. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence, insofar as it seeks individuals who communicated with NYPD about discrete incidents unrelated to the plaintiffs in the Complaints. Defendants further object that it is not sufficiently limited in scope because the subject matter of the conversations between the City employee and NYPD is overly broad. Defendants further object that it is not proportional to the needs of the

case because the burden and expense of identifying every City employee who spoke with any member of NYPD about the 83 Protest Locations far outweighs any likely benefit to plaintiffs.

Subject to and without waiving any of the above objections, defendants state that they are currently searching for this information and will provide responsive, relevant information, to the extent it exists, as soon as possible.

**INTERROGATORY NO. 11:**

Identify any and all personnel of the Office of the Mayor or the Mayor's Office of Criminal Justice present at any of the Protests listed on the **attached Schedule A**.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to Interrogatory No. 11 on the grounds that it is vague and ambiguous as to whether the interrogatory is asking for personnel in their official or individual capacity. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence, insofar as it seeks individuals who have no specific knowledge about the plaintiffs in the Complaints. Defendants further object that this is an unwarranted invasion of privacy into non-parties who have no connection to the instant litigation.

Subject to and without waiving any of the above objections, defendants state that they are currently searching for this information and will provide responsive, relevant information, to the extent it exists, as soon as possible.

**INTERROGATORY NO. 12:**

For each plaintiff or person identified in the Complaints, and for each other person identified in response to **Interrogatory No. 6** above, identify each and every Officer who directly observed that person or their conduct.

as part of defendants' Initial Disclosures produced on March 18, 2021 and documents to be produced in response to plaintiffs' First Consolidated Set of Requests for Documents. Defendants further state that they are currently searching for additional responsive information and will provide further responsive, relevant information, to the extent it exists, as soon as possible..

**INTERROGATORY NO. 13:**

For each plaintiff or person identified in the Complaints, and for each other person identified in response to **Interrogatory No. 6** above, identify each and every Officer who determined there was probable cause to Arrest that person, prior to their Arrest.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to Interrogatory No. 13 on the grounds that it is overbroad because it concerns events beyond the plaintiffs in the Complaints; it is not proportional to the needs of the case because the burden and expense of identifying all such officers outweighs any likely benefit to plaintiffs; and it is unduly burdensome to identify every officer who determined that there was probable cause, other than the arresting officers. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence, insofar as it seeks discrete incidents unrelated to plaintiffs in the Complaints. Defendants further object that it seeks information already known to the plaintiffs by virtue of their criminal prosecutions and/or defendants' prior disclosures. Defendants further object that it is duplicative of Interrogatory Nos. 1, 6, 8, & 12, which already asked for the identities of officers at the Protest Locations.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to the arrest reports and c-summons produced as part of defendants' Initial Disclosures produced on March 18, 2021 and

arrest reports to be produced in response to plaintiffs' First Consolidated Set of Requests for Documents for the identity of the arresting officers.

**INTERROGATORY NO. 14:**

Identify each event since 2000 in connection with which the NYPD opened up or utilized a Mass Arrest Processing Center, including in compliance with the NYPD Patrol Guide provisions and other policies related to making and processing mass and/or large-scale arrests.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:**

Defendants object to Interrogatory No. 14 on the grounds that it is not sufficiently limited in time because it seeks events dating back to 2000, which is twenty years prior to the events at issue; it is not proportional to the needs of the case because the burden of identifying all such "events" outweighs any likely benefit to plaintiffs; and it is vague and ambiguous as to the term "event." Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence. Defendants further object that it seeks information that is not relevant and beyond the scope of this litigation because it seeks "events" that have no bearing on the Incidents in the Complaints.

Subject to and without waiving any of the above objections, defendants state that Defendants further state that they are currently searching for additional responsive information

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to Interrogatory No. 12 on the grounds that it is overbroad because ; unduly burdensome to identify every officer who merely "observed" an individual who was stopped, arrested, or detained by NYPD at the 83 Protest Locations; and it is not proportional to the needs of the case because the burden and expense of identifying every officer who "observed" someone that was stopped, arrested, or detained by NYPD at the 83 Protest Locations far outweighs any likely benefit to plaintiffs. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence, insofar as it seeks discrete incidents unrelated to plaintiffs in the Complaints. Defendants further object that this request is duplicative of Interrogatory Nos. 1, 6 & 8, which asked for the identities of officers at the Protest Locations.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to the documents produced as part of defendants' Initial Disclosures produced on March 18, 2021 and documents to be produced in response to plaintiffs' First Consolidated Set of Requests for Documents. Defendants further state that they are currently searching for additional responsive information and will provide further responsive, relevant information, to the extent it exists, as soon as possible..

**INTERROGATORY NO. 13:**

For each plaintiff or person identified in the Complaints, and for each other person identified in response to **Interrogatory No. 6** above, identify each and every Officer who determined there was probable cause to Arrest that person, prior to their Arrest.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to Interrogatory No. 13 on the grounds that it is overbroad because it concerns events beyond the plaintiffs in the Complaints; it is not proportional to the

needs of the case because the burden and expense of identifying all such officers outweighs any likely benefit to plaintiffs; and it is unduly burdensome to identify every officer who determined that there was probable cause, other than the arresting officers. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence, insofar as it seeks discrete incidents unrelated to plaintiffs in the Complaints. Defendants further object that it seeks information already known to the plaintiffs by virtue of their criminal prosecutions and/or defendants' prior disclosures. Defendants further object that it is duplicative of Interrogatory Nos. 1, 6, 8, & 12, which already asked for the identities of officers at the Protest Locations.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to the arrest reports and c-summons produced as part of defendants' Initial Disclosures produced on March 18, 2021 and arrest reports to be produced in response to plaintiffs' First Consolidated Set of Requests for Documents for the identity of the arresting officers.

**INTERROGATORY NO. 14:**

Identify each event since 2000 in connection with which the NYPD opened up or utilized a Mass Arrest Processing Center, including in compliance with the NYPD Patrol Guide provisions and other policies related to making and processing mass and/or large-scale arrests.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:**

Defendants object to Interrogatory No. 14 on the grounds that it is not sufficiently limited in time because it seeks events dating back to 2000, which is twenty years prior to the events at issue; it is not proportional to the needs of the case because the burden of identifying all such "events" outweighs any likely benefit to plaintiffs; and it is vague and ambiguous as to the term "event." Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge

and will provide further responsive, relevant information, to the extent it exists, as soon as possible.

Dated: New York, New York
April 26, 2021

GEORGIA PESTANA
 Acting Corporation Counsel of the
 City of New York
*Attorney for Defendants City, de Blasio, Shea,
Monahan*
100 Church Street
New York, New York 10007

By:  *Dara L. Weiss*
 Dara L. Weiss
 *Senior Counsel*

TO:  **By Electronic Mail**
 Counsel for all Plaintiffs

and the description and location of physical evidence.  Defendants further object that it seeks information that is not relevant and beyond the scope of this litigation because it seeks "events" that have no bearing on the Incidents in the Complaints.

Subject to and without waiving any of the above objections, defendants state that Defendants further state that they are currently searching for additional responsive information and will provide further responsive, relevant information, to the extent it exists, as soon as possible.

Dated: New York, New York
June 4, 2021

GEORGIA PESTANA
 Acting Corporation Counsel of the
 City of New York
*Attorney for Defendants City, de Blasio, Shea,
Monahan*
100 Church Street
New York, New York 10007

By:  *Dara L. Weiss*
 Dara L. Weiss
 *Senior Counsel*

TO:  **By Electronic Mail**
 Counsel for all Plaintiffs