

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**DARA L. WEISS**
*Senior Counsel*
daweiss@law.nyc.gov
Phone:  (212) 356-3517
Fax:  (212) 356-1148

June 11, 2021

**By ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re:  *New York City Policing During Summer 2020 Demonstrations*,
             No. 20 Civ. 8924 (CM) (GWG)
             This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York and I am among counsel for the defense in the above-referenced matter. I write in accordance with Rule 2.A of the Court's Individual Practices to respectfully oppose plaintiffs' letter motion pursuant to Local Civil Rule 37.2 to request a discovery conference.[1] ECF No. 136. Plaintiffs' four requests are without merit and should be denied. Contrary to plaintiffs' assertions, defendants have followed all discovery rules and Court orders.

      **Relevant Facts & Procedural History.**

      As the Court is aware, the New York City Law Department identified unauthorized access within the NYC Law Department's IT environment earlier this week. *See* Benjamin Weiser and Ashley Southhall, *New York City's Law Dept. Is Struck by Cyberattack; Extent of Breach Is Unclear*, N.Y. Times, June 8, 2021, at A19. As a result, the Law Department's computer systems were taken off-line and staff was unable to access systems, including not only email, but also electronic files and address books. This lack of access slowed communications with clients like the NYPD.

---

[1] Plaintiffs improperly filed their motion as a "motion to compel." ECF No. 163. The motion is not one to compel, but one seeking a conference. Plaintiffs' filing also runs in contravention of the Court's Individual Practices, which dictate that these sorts of request should be filed as a "letter" and not a "letter motion." *See* Rule 2.A.

While the events of the last few days have hampered the ability to move forward with certain parts of discovery, it has by no means halted discovery in this case, as discussed below. Moreover, as of this morning, e-mail service has been restored to many attorneys and documents and other services are available to those attorneys working in the office. By the end of the day, it is anticipated that most attorneys in the Special Federal Litigation Division will have access to all their files and emails in the office and to their emails when working remotely.

### I. The Court Should Deny Plaintiffs' Request for a Person with Knowledge of Security Breach to Appear at Any Conference. (Request No. 4.)

One would expect that when plaintiffs learned of this unauthorized access— and the resulting unanticipated challenges for City lawyers—counsel for plaintiffs would conduct themselves with civility[2]. Unfortunately, plaintiffs have chosen to engage in gamesmanship. Counsel suddenly decided now is a good time to inundate defendants with a barrage of new discovery requests[3].

Even more disturbing, plaintiffs request that the Court order a "person with knowledge of the Law Department's technical issues" to appear at any conference. ECF No. 136. Plaintiffs say that this representative should appear at the conference so "the Court can order the production of documents immediately or as soon as technologically feasible." As defendants have not missed any deadlines or requested an adjournment of the discovery deadline, there is no basis for Plaintiffs' request.

As noted above, attorneys in my division expect to be able to work in the office. Further, the defense attorneys assigned to this case have been forthcoming with the information so far. For instance, yesterday when many members of the Law Department were able to access their emails, defense counsel immediately informed plaintiffs. Prior to that, the undersigned provided Wylie Stecklow, one of the plaintiffs' attorneys, with her personal email address so that counsel could contact her, and then created and shared a new email address to ensure she would not miss any attempted contact in these cases.

Most importantly, regardless of current challenges, discovery in this case is not at a standstill. Plaintiffs paint the misleading picture that discovery has come to a complete halt. Not so. Despite the technological challenges defense counsel has confronted this week, by close of

---

[2] Plaintiffs' counsel's conduct runs in contravention of the Standards of Civility. Specifically, Rule IV dictates that papers should not be served in a time or manner designed to inconvenience an adversary. It is troubling, therefore, that plaintiffs chose to file their motion on Wednesday afternoon, two days after learning about the security breach. While it is understandable that there is some uncertainty surrounding this situation, this uncertainty should not be a trigger for immediately seeking judicial intervention; nor should the timing be an invitation to serve numerous new discovery requests and subpoenas, as plaintiffs have done.

[3] The additional discovery includes subpoenas for dozens of members of service, including the Mayor, Commissioner, current and former Chief, and other high-ranking officials, despite the parties' agreement that plaintiffs would prioritize. Some of these subpoenas were set for dates where defense counsel had advised plaintiffs that defendants were unavailable. Plaintiffs also sent nonparty subpoenas. And finally plaintiffs sent a letter demanding metadata on body-worn camera footage.

business today, June 11, 2021, defendants will have conducted 6 depositions this week. This is to say, though there have been technology challenges, defense counsel have not been sitting on their hands.

In sum, rather than litigating with civility, counsel for plaintiffs are trying to exploit a most unfortunate circumstance[4]. But as evidenced by the extensive discovery defendants have conducted so far and continue to conduct, there has been no obstruction by defendants. Defendants remain committed to meeting the July 31, 2021 deadline. Defendants do not wish to delay this matter or alter the scheduling order. Plaintiffs' sarcastic comment should be disregarded. See ECF No. 163 at 3, footnote 5.

## II. The Court Should Deny Plaintiff's Request for Weekly Production of Documents or Weekly Status Updates. (Request Nos. 1 and 2.)

Defendants did in fact agree to produce documents on a rolling basis, and will, in fact, do so. During the May 21, 2021 meet-and-confer, counsel for plaintiffs requested that defendants produce documents on a weekly basis, on a set day of the week. The undersigned has been advised that a production every two weeks would be more efficient, because the process of actually preparing a large production to meet the specifications agreed to by the parties is quite onerous, and doing so on a weekly basis is simply not practicable. Counsel for plaintiffs were so advised and were seemingly agreeable to a bi-weekly production schedule. Suddenly, when the Law Department faces a new, temporary, challenge, counsel has decided this arrangement is no good.

Indeed, throughout the course of this litigation, plaintiffs have made a number of unilateral, absurd demands. For example, during the June 8, 2021 meet-and-confer, counsel for plaintiffs "demanded" that defendants ask for an extension of time to produce discovery, despite the fact that defendants were not interested in asking for more time.

Although plaintiffs are correct that during the June 8th meet-and-confer they "demanded" a definitive timeline for production of documents, they knew full well that defense counsel could not possibly give them an answer at that moment. They responded with outrageous accusations of improper *ex parte* communications with the Court when told them that the Chief Judges of both the Southern and Eastern Districts had been informed, obviously, of the Law Department connectivity issues.

Plaintiffs' insinuation that defendants have not produced "even the most basic discovery" is simply incorrect and bellicose. Hundreds of pages of discovery were produced with defendants' initial disclosures, hours upon hours of body-worn camera footage were produced, and defendants have been taking depositions of plaintiffs almost every day since mid-May. Moreover, it should be pointed out that the New York Attorney General, a party to this lawsuit, has in her possession tens of thousands of documents related to the events at issue which were provided to Ms. James last summer in order for her to complete her investigation and write her report. Additionally, there are hundreds of hours of video available on-line, and thousands of

---

[4] Indeed, one of the attorneys for plaintiff, Mr. Joshua Moskovitz, Esq., has given a quote to the press expressing his views on the hack and the facts available to Law Department attorneys.

pages of documents and information referred to in the reports generated by the Department of Investigation, Attorney General and Corporation Counsel, so plaintiffs' counsel certainly cannot say they are bereft of information. Nonetheless, as required, and as promised, defendants will produce all the documents requested in plaintiffs' discovery demands, on a rolling basis, every two weeks.

### III. The Court Should Deny Plaintiffs' Request for Revised Responses as Moot. (Request No. 3.)

With respect to plaintiffs' request for amended responses to Plaintiffs' document requests and interrogatories within 5 days, it should be pointed out that during the June 8 meet-and-confer, the undersigned offered to provide an amended response by Friday, June 11, but plaintiffs refused, unless defendants "withdrew 90% of their objections." While defendants could not agree to such a blanket withdrawal the undersigned agreed to look over the responses and objections to see what, if anything was not in compliance with Rule 26 and make any changes as necessary. It is quite surprising that they are now asking Your Honor to order defendants to do just what they offered to do two days ago. As such, it is not necessary for the Court to order the defendants to provide amended responses; defendants will do so within 5 business days of today.

### IV. Conclusion.

Therefore, plaintiffs' motion/request for conference should be denied in its entirety.

Thank you for your consideration herein.

                                                Respectfully submitted,

                                                Dara L. Weiss
                                                *Senior Counsel*
                                                Special Federal Litigation Division