BELDOCK LEVINE & HOFFMAN LLP
99 PARK AVENUE, PH/26TH FLOOR
NEW YORK, N.Y. 10016

CYNTHIA ROLLINGS
JONATHAN MOORE
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MARC A. CANNAN
DAVID B. RANKIN
LUNA DROUBI
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
KAREN L. DIPPOLD
JEFFREY A. GREENBERG
MARJORY D. FIELDS
EMILY JANE GOODMAN
    (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

REF: 8443.01

WRITER'S DIRECT DIAL:
212-277-5825

**VIA ECF**

June 17, 2021

Hon. Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   *Sow et al. v. City Of New York et al.*
           Index No. 21-cv-00533 (CM)(GWG)

           *In re: New York City Policing During Summer 2020 Demonstrations*,
           Index No. 20-cv-8924 (CM) (GWG)

Your Honor:

      We are counsel to the *Sow* plaintiffs. We seek to represent the broadest putative class of individuals in the consolidated actions who were subjected to the unconstitutional acts by the City of New York during their Policing During Summer 2020 Demonstrations.

      We come before Your Honor seeking an extension of time to designate expert witnesses and to file for class certification. This is the first request for this relief and the **defendants consent to these requests.**[1]

|  | Current Date: | Proposed Date: |
|---|---|---|
| Designation of Expert Witnesses | July 1, 2021 | September 1, 2021 |
| Expert Reports Exchanged | September 1, 2021 | November 1, 2021 |
| Class certification motions | September 10, 2021 | October 15, 2021 |

---

[1] Sierra, Woods and Yates counsel all join in these requests. The People and Payne neither join nor oppose these requests.

BELDOCK LEVINE & HOFFMAN LLP

Hon. Colleen McMahon
June 17, 2021
Page 2

The basis for this request is the defendants' failure to meaningfully engage in the discovery process. A full explanation of their recalcitrance, and the efforts to address the same, can be found at Dkt. No. 163. The defendants have produced only a handful of documents in response to plaintiffs' combined discovery demands and currently defendants are attempting to adequately respond to plaintiffs' interrogatories after their first two attempts have been wholly deficient.[2] The defendants have failed to even produce the documents the NYPD provided to the New York City Department of Investigation or to the Corporation Counsel which formed the basis of reports issued by those City entities in 2020.[3] And defendants have refused to produce a single witness until July.

Plaintiffs require an extension of time to designate expert witnesses as we do not have information on what policies of the defendants were in place during the relevant period, other than general references to the patrol guide. We are unable to fully vet and retain potential expert witnesses without this information. The first question we anticipate from prospective experts will be a request for policies to review. We do not have an answer to that question or relevant documents to share. Without this information, we cannot decide who should be retained to opine on the defendants' policies.

Similarly, Plaintiffs require an extension of time to file for class certification for largely the same reason. The eleven plaintiffs in *Sow* were arrested in demonstrations from May 30th to June 4th at various locations throughout the City. We seek damages as well as declaratory and injunctive relief on behalf of putative classes that would include all individuals arrested between May 28th and November 2020, as well as all people who have been or will be subjected to the NYPD's practices of violently disrupting protests in the future. To zealously represent this class of Plaintiffs and effectively brief these issues for Your Honor, we require both (i) fulsome and sufficient discovery, and (ii) the necessary time to process and organize that discovery into a comprehensive class certification motion.

Plaintiffs have diligently sought discovery from the defendants. All Plaintiffs served their first consolidated set of discovery requests on March 25, 2021. Defendants' initial response on April 26, 2021 consisted solely of written objections with NO production of documents. Plaintiffs sent a deficiency letter on May 10, 2021, requesting a prompt meet and confer. Plaintiffs sent a second deficiency letter detailing all of the problems with the defendants' objections and lack of production.  The parties met and conferred on multiple dates, and reached numerous agreements.  One such agreement was for the Defendants to immediately begin weekly (and subsequently bi-weekly) rolling productions of documents. Unfortunately, the deficiency letters and meet and confers may have been a waste of hours and calendar time as the defendants did not begin weekly or bi-weekly rolling production or abide by many of the other

---

[2] The defendants have produced some body-worn camera (BWC) footage for the plaintiffs who are being deposed as a condition of Plaintiffs' counsel producing their clients to testify. However, the defense has not produced all BWC and the schedule that was worked out to complete Plaintiff depositions by July 1 is in jeopardy as well.

[3] Due to this failure and in an effort to exhaust all options to obtain the relevant discovery as soon as possible, Plaintiffs' counsel in the consolidated actions have served various third-party document subpoenas.

agreements reached at the May 21, 2021 meet and confer. The Plaintiffs quickly filed a motion to compel before Judge Gorenstein (Docket 163).

At the conference before Judge Gorenstein, the defendants would not commit to a timetable for producing documents or responses to the discovery demands. A letter is due by the end of this week and Defendants made their first production of a little over 20 documents on Wednesday. While we are cautiously optimistic that the process before Judge Gorenstein will ultimately end the defendants' recalcitrance and meaningful document production will finally begin, even with swift production, the temporal prejudice caused by the defendants' lack of responses and discovery delay to date have forced Plaintiffs to make this request. The Plaintiffs do not make this request lightly, and continue to work diligently to comply with the discovery schedule set by your Honor. However, it would be incredibly unfair for the delay of the Defense be rewarded by prejudicing Plaintiffs' rights regarding their expert and class certification.

We thank the Court for its consideration of this matter.

Respectfully submitted,

| | |
|---|---|
| **BELDOCK LEVINE & HOFFMAN LLP** | **GIDEON ORION OLIVER** |
| By: *[signature]* Jonathan C. Moore<br>David B. Rankin<br>Luna Droubi<br>Marc Arena<br>Deema Azizi<br>Rebecca Pattiz<br>Katherine "Q" Adams<br>Regina Powers | *[signature]*<br>277 Broadway, Suite 1501<br>New York, NY 10007<br>t: 718-783-3682<br>f: 646-349-2914<br>Gideon@GideonLaw.com |
| 99 Park Avenue, PH/26th Floor<br>New York, New York 10016<br>  t: 212-490-0400<br>  f: 212-277-5880<br>  e: jmoore@blhny.com<br>    drankin@blhny.com<br>    ldroubi@blhny.com<br>    marena@blhny.com<br>    dazizi@blhny.com<br>    rpattiz@blhny.com<br>    qadams@blhny.com<br>    rpowers@blhny.com | **COHEN&GREEN P.L.L.C.**<br><br>By: *[signature]*<br>Elena L. Cohen<br>J. Remy Green<br>Jessica Massimi<br><br>1639 Centre Street, Suite 216<br>Ridgewood (Queens), NY 11385<br>  t: (929) 888-9480<br>  f: (929) 888-9457<br>  e: elena@femmelaw.com<br>    remy@femmelaw.com<br>    jessica@femmelaw.com |

Hon. Colleen McMahon
June 17, 2021
Page 4

**WYLIE STECKLOW PLLC**

By: Wylie Stecklow
Wylie Stecklow PLLC
Temporary Remote Office
231 West 96th Street
Professional Suites 2B3
NYC NY 10025
t: 212 566 8000
Ecf@wylielaw.com

**LORD LAW GROUP PLLC**

_____
Masai I. Lord
14 Wall St., Ste 1603
New York, NY 10005
P: 718-701-1002
E: lord@nycivilrights.nyc

cc: All Counsel (by ECF)