# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations. | 20 Civ. 8924 (CM)(GWG)<br>20 Civ. 10291(CM)(GWG)<br>20 Civ. 10541(CM)(GWG)<br>21 Civ. 322(CM)(GWG)<br>21 Civ. 533(CM)(GWG)<br>21 Civ. 1904(CM)(GWG) |

------------------------------------------------------------------------x

## DEFENDANTS' SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST CONSOLIDATED SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.3 of this Court, defendants City, Mayor Bill de Blasio, Commissioner Dermot Shea and Chief of Department Terence Monahan serve the following Amended Responses and Objections to Plaintiffs' First Consolidated Set of Interrogatories, as discussed during the May 21, 2021 meet-and-confer, as follows:

### GENERAL STATEMENTS

1. By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained

therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

For each Protest Location listed on the **attached Schedule A**, identify each and every Officer present, deployed, or otherwise involved in performing official duties at or near such Protest Location, including but not limited to the Officer's full name, shield number, tax identification number, assigned command, and rank of each Officer, and their assignment post, including the time present at each Protest Location.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:

Defendants object to Interrogatory No. 1 on the grounds that it is unduly burdensome to identify every officer present for all 83 Protest Locations and it is not proportional to the needs of the case because the burden and expense of identifying each and every officer for present at or near all 83 Protest Locations outweighs any likely benefit to plaintiffs.  Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence.  Defendants further object that it is overbroad because it seeks the identity of officers who were near the Protest Locations but have no knowledge of the Incidents in the Complaints.  Defendants further object that it seeks information already known to the plaintiffs by virtue of their criminal prosecutions and/or defendants' prior disclosures.

Defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to the documents produced as part of defendants' Initial Disclosures produced on March 18, 2021 and documents produced and to be produced in response to plaintiffs' First Consolidated Set of Requests for Documents for the identity of the officers involved in the requested Protest Locations.  Defendants further refer plaintiffs to the chart of incident

commanders produced on June 16, 2021, the mass arrest chart, also produced June 16, 2021, for a list of arresting officers present at the Mott Haven Protest (listed under column titled "A/O"), and the previously produced "Operations Unit Briefing" starting at Bates No. DEF000340 for additional information responsive to this interrogatory.

Defendants will continue to search for additional information responsive to this interrogatory, such as information regarding officers who witnesses the interactions with plaintiffs and/or who are identified by plaintiffs on photographs/videos, but the burden of identifying all officers at all 83 demonstrations outweighs the likely benefit to plaintiffs.

**INTERROGATORY NO. 2:**

For each Protest Location listed on the **attached Schedule A**, identify each and every Incident Commander(s) in command.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to Interrogatory No. 2 on the grounds that it is vague and ambiguous as to "Incident Commander" as it is an undefined term; it is duplicative of Interrogatory No. 1, which already sought "every Officer" and that includes higher ranking officers responsive to this interrogatory.

Defendants refer plaintiffs to the unredacted chart produced on June 16, 2021.

**INTERROGATORY NO. 3:**

For each Protest Location listed on the **attached Schedule A**, identify the Highest Ranking Patrol Service Borough Uniformed member on scene.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 on the grounds it is duplicative of Interrogatory No. 1, which already sought "every Officer" and that includes higher ranking officers responsive to this interrogatory, and it is duplicative of Interrogatory No. 2, which already sought "Incident Commanders" insofar as that person is also the highest ranking

uniformed officer on scene; and it is burdensome to identify the highest ranking uniformed officer on scene for all 83 Protest Locations.

Defendants refer plaintiffs to the unredacted chart produced on June 16, 2021. To the extent any higher-ranking officers were present, their names will be provided when they are identified.

**INTERROGATORY NO. 4:**

For each Protest Location listed on the **attached Schedule A**, identify each and every Officer from the NYPD Legal Bureau who was involved in the police response.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to Interrogatory No. 4 on the grounds that it is duplicative of Interrogatory No. 1, which already sought "every Officer" and that includes members from the NYPD Legal Bureau responsive to this interrogatory; it assumes that members of the NYPD Legal Bureau were present at each of the 83 Protest Locations; and it is burdensome to identify every officer from the NYPD Legal Bureau present for all 83 Protest Locations.

Defendants state they are currently attempting to identify which members, if any, of the NYPD Legal Bureau were involved in the police response, and their names will be provided if, and when, they are identified

**INTERROGATORY NO. 5:**

For each Protest Location listed on the **attached Schedule A**, identify each and every NYPD Strategic Response Group ("SRG") Officer assigned or who performed any of the "Assignments" described in Sections I and II of the March 2019 SRG Guide.

**AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Interrogatory No. 5 on the grounds that it is duplicative of Interrogatory No. 1, which already sought "every Officer" and that includes the officers responsive to this interrogatory; it assumes that NYPD SRG officers were present at each of the 83 Protest Locations; and it is burdensome to identify every such officer present for all 83 Protest

Locations. Defendants also object that this interrogatory is not sufficiently limited in scope because as Section I of the March 2019 SRG Guide is inapplicable to this matter. Defendants also object in that this interrogatory is overbroad and irrelevant in that it assumes that every SRG Officer assigned or who performed duties has relevant information or is in some way relevant to the claims or defenses in these lawsuits.

Subject to and without waiving any of the above objections, defendants state they have provided body worn camera and TARU video which depicts SRG officers, and are in the process of identifying officers who were involved in incidents with plaintiffs, and are searching for additional information regarding the identity of SRG officers involved in incidents with plaintiffs and will provide it upon receipt, prior to July 31, 2021.

**INTERROGATORY NO. 6:**

For each Protest Location listed on the **attached Schedule A**, identify each and every person who NYPD personnel stopped, detained, questioned, or Arrested (including those released and issued summonses or desk appearance tickets, or who were processed "on-line") at or near such Protest Location, including but not limited to:

- a) the person's full name, address, phone number, date of birth, arrest number, summons number, New York State Identification Number (NYSID), desk appearance ticket identifier, Stop Report number, and any other personal or NYPD identifying information; and
- b) the full name, rank, shield number, tax identification number, and assigned command, of all Officers involved in each of the encounters with persons identified in this interrogatory.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to Interrogatory No. 6 on the grounds that it is compound in that it seeks that identity of civilians and members of service in the same interrogatory; it is

duplicative of Interrogatory No. 1, which already sought "every Officer" and that includes the officers responsive to this interrogatory; and it is vague and ambiguous as to "questioned" as that term is undefined. Defendants also object to this interrogatory on the grounds that it is unduly burdensome to identify every person "stopped, detained, questioned, or Arrested" for all 83 Protest Locations. Defendants further object that it is not proportional to the needs of the case insofar as the burden and expense of identifying the requested information for civilians and officers outweighs any likely benefit to plaintiffs. Defendants further object that it seeks information already known to the plaintiffs by virtue of their criminal prosecutions and/or defendants' prior disclosures. Defendants further object that it is overbroad because not every single person stopped or arrested has relevant knowledge. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 insofar as it seeks discrete incidents unrelated to plaintiffs in the Complaints because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to the documents produced as part of defendants' Initial Disclosures produced on March 18, 2021, and the documents produced on June 16, 2021 and documents to be produced in response to plaintiffs' First Consolidated Set of Requests for Documents for the identity of the officers involved with the plaintiffs' arrests in the requested Protest Locations and the Mott Haven protest. Defendants are currently searching for information on the names of arrestees and their arresting officers at the other protests on Schedule A and will provide them when they are received, but prior to July 31, 2021.

**INTERROGATORY NO. 7:**

Identify each and every individual who has submitted a complaint to any agency of the City (including but not limited to the Civilian Complaint Review Board ("CCRB"), the NYC Department of Investigation ("DOI"), or the NYC Law Department), and/or NYPD by any

means, directly or indirectly including complaints filed with other New York City agencies that were forwarded to the NYPD or any other entity for investigation or reference, regarding any interaction with or observation of NYPD personnel at or near the Protest Locations listed on **the attached Schedule A**.

**AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to Interrogatory No. 7 on the grounds that it is overbroad insofar as it seeks information that is in possession by entities or agencies that are not represented by the Office of Corporation Counsel in this litigation; it is unduly burdensome to identify every individual who made a complaint by any means to any City agency; and it is not proportional to the needs of the case because the burden and expense of identifying every person who filed a complaint to any City agency outweighs any likely benefit to plaintiffs.  Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence, insofar as it seeks discrete incidents unrelated to plaintiffs in the Complaints.  Defendants further object that this interrogatory is not sufficiently limited in scope because it seeks complaints of any misconduct even that which is not relevant to the Complaints.  Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City.  See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

Defendants will produce the requested information, to the extent it exists, in relation to the named plaintiffs and defendants, as soon as it is received, but prior to July 31, 2021.

**INTERROGATORY NO. 8:**

Identify each and every Officer associated with or otherwise involved in the factual circumstances giving rise to any and all Complaints by persons identified in response to **Interrogatory No. 7** above.

**AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to Interrogatory No. 8 on the grounds that it is duplicative of Interrogatory No. 1, which already sought "every Officer" and that includes the officers responsive to this interrogatory; it is not proportional to the needs of the case because the burden and expense of identifying every officer involved in complaints brought by persons who are not parties to this matter outweighs any likely benefit to plaintiffs; and it is overbroad because it seeks the identities of officers who may have no information in regards to the plaintiffs. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 insofar as it seeks discrete incidents unrelated to plaintiffs in the Complaints because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

Defendants will produce the requested information, to the extent it exists, in relation to the named plaintiffs and defendants, as soon as it is received, but prior to July 31, 2021.

**INTERROGATORY NO. 9:**

Identify each and every Officer who was disciplined, or recommended to receive such discipline, for conduct occurring at or relating to any of the Protests occurring at or near the Protest Locations listed on the **attached Schedule A**.

**AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to Interrogatory No. 9 on the grounds that it is overbroad because it seeks discipline of any officer relating to the Protest Locations, which can include those having no connection to the plaintiffs; it is vague and ambiguous because it is unclear who is recommending that officers receive discipline; and it is not sufficiently limited in scope because it seeks any discipline for any reason, even that which is not relevant to the Complaints. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence. Defendants further object that it is an unwarranted invasion of privacy into non-parties who have no connection to the Complaints insofar as it seeks officers who have no connection to the plaintiffs. Defendants further object that this interrogatory is duplicative of Interrogatory Nos. 1, 6, and 8, which already asked for the identities of officers. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

Defendants will produce the requested information, to the extent it exists, in relation to the named plaintiffs and defendants, as soon as it is received, but prior to July 31, 2021.

**INTERROGATORY NO. 10:**

Identify each and every individual employed by the City or any of its agencies, including the Office of the Mayor, who communicated with NYPD personnel regarding the NYPD's response to the Protests occurring at or near the Protest Locations listed on the **attached Schedule A**.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to Interrogatory No. 10 on the grounds that it is vague and ambiguous as to the generalness of "NYPD's response to the Protests;" it is overbroad because it seeks individuals who did not communicate with NYPD regarding the plaintiffs in the Complaints; and it is unduly burdensome to identify every City employee who communicated with any NYPD personnel regarding the 83 Protest Locations.  Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence, insofar as it seeks individuals who communicated with NYPD about discrete incidents unrelated to the plaintiffs in the Complaints.  Defendants further object that it is not sufficiently limited in scope because the subject matter of the conversations between the City employee and NYPD is overly broad.  Defendants further object that it is not proportional to the needs of the case because the burden and expense of identifying every City employee who spoke with any member of NYPD about the 83 Protest Locations far outweighs any likely benefit to plaintiffs.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the Incident Commanders Chart, the Mass Arrest Chart and the Operations Unit Briefing, and any previously produced documents for the names of individuals who communicated with NYPD personnel concerning at least one of the protests in Schedule A, and further state that they are currently searching for the names of individuals who communicated with NYPD personnel and have information relevant to the claims in these lawsuits and will provide them prior to July 31, 2021.

**INTERROGATORY NO. 11:**

Identify any and all personnel of the Office of the Mayor or the Mayor's Office of Criminal Justice present at any of the Protests listed on the **attached Schedule A**.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to Interrogatory No. 11 on the grounds that it is vague and ambiguous as to whether the interrogatory is asking for personnel in their official or individual capacity. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence, insofar as it seeks individuals who have no specific knowledge about the plaintiffs in the Complaints. Defendants further object that this is an unwarranted invasion of privacy into non-parties who have no connection to the instant litigation.

Subject to and without waiving any of the above objections, defendants state that they are currently searching for this information and will provide responsive, relevant information, to the extent it exists, as soon as possible.

**INTERROGATORY NO. 12:**

For each plaintiff or person identified in the Complaints, and for each other person identified in response to **Interrogatory No. 6** above, identify each and every Officer who directly observed that person or their conduct.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to Interrogatory No. 12 on the grounds that it is overbroad because ; unduly burdensome to identify every officer who merely "observed" an individual who was stopped, arrested, or detained by NYPD at the 83 Protest Locations; and it is not proportional to the needs of the case because the burden and expense of identifying every officer who "observed" someone that was stopped, arrested, or detained by NYPD at the 83 Protest Locations far outweighs any likely benefit to plaintiffs. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence, insofar as it seeks discrete incidents unrelated to plaintiffs in the Complaints.

Defendants further object that this request is duplicative of Interrogatory Nos. 1, 6, & 8, which asked for the identities of officers at the Protest Locations.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to the documents produced as part of defendants' Initial Disclosures produced on March 18, 2021, documents produced in response to plaintiffs' First Consolidated Set of Requests for Documents, and documents produced on June 16, 2021. Defendants further state that they are currently searching for additional responsive information and will provide further responsive, relevant information, to the extent it exists, as soon as possible..

**INTERROGATORY NO. 13:**

For each plaintiff or person identified in the Complaints, and for each other person identified in response to **Interrogatory No. 6** above, identify each and every Officer who determined there was probable cause to Arrest that person, prior to their Arrest.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to Interrogatory No. 13 on the grounds that it is overbroad because it concerns events beyond the plaintiffs in the Complaints; it is not proportional to the needs of the case because the burden and expense of identifying all such officers outweighs any likely benefit to plaintiffs; and it is unduly burdensome to identify every officer who determined that there was probable cause, other than the arresting officers. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence, insofar as it seeks discrete incidents unrelated to plaintiffs in the Complaints. Defendants further object that it seeks information already known to the plaintiffs by virtue of their criminal prosecutions and/or defendants' prior disclosures. Defendants further object that it is duplicative of Interrogatory Nos. 1, 6, 8, & 12, which already asked for the identities of officers at the Protest Locations.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to the arrest reports and c-summons produced as part of defendants' Initial Disclosures produced on March 18, 2021, documents produced on June 16, 2021 and arrest reports to be produced in response to plaintiffs' First Consolidated Set of Requests for Documents for the identity of the arresting officers.

**INTERROGATORY NO. 14:**

Identify each event since 2000 in connection with which the NYPD opened up or utilized a Mass Arrest Processing Center, including in compliance with the NYPD Patrol Guide provisions and other policies related to making and processing mass and/or large-scale arrests.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:**

Defendants object to Interrogatory No. 14 on the grounds that it is not sufficiently limited in time because it seeks events dating back to 2000, which is twenty years prior to the events at issue and it is not proportional to the needs of the case because the burden of identifying all such "events" outweighs any likely benefit to plaintiffs. Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence. Defendants further object that it seeks information that is not relevant and beyond the scope of this litigation because it seeks "events" that have no bearing on the Incidents in the Complaints.

Subject to and without waiving any of the above objections, defendants state that state that they are currently searching for responsive information and will provide further responsive, relevant information, with respect to a period of time five years prior to the date of incident, to the extent it exists, as soon as possible.

**Dated:** New York, New York
        June 18, 2021

                              GEORGIA PESTANA
                              Acting Corporation Counsel of the
                                City of New York
                              *Attorney for Defendants City, de Blasio, Shea, Monahan*
                              100 Church Street
                              New York, New York 10007


                        By:    *Dara L. Weiss*
                                Dara L. Weiss
                                *Senior Counsel*

TO:    **<u>By Electronic Mail</u>**
         Counsel for all Plaintiffs