

| GEORGIA M. PESTANA<br>*Acting Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | DARA L. WEISS<br>*Senior Counsel*<br>daweiss@law.nyc.gov<br>Phone: (212) 356-3517<br>Fax: (212) 356-1148 |
|---|---|---|

July 1, 2021

**By ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

       In Re: *New York City Policing During Summer 2020 Demonstrations*,
             No. 20 Civ. 8924 (CM) (GWG)
             This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York and I am among counsel for the defense in the above-referenced matter. I write in accordance with Rule 2.A of the Court's Individual Practices to respectfully oppose plaintiffs' letter dated June 29, 2021 which requests a Court order directing defendants to comply with a manifestly unjust and unduly burdensome proposed deposition schedule.

### **Plaintiffs Continue to Engage in Gamesmanship**

      Once again, plaintiffs' counsel are engaging in gamesmanship, asking this Court to Order defendants to produce and defend the depositions of more than 20 defendants and witnesses in the course of just eight business days. Plainly, this is an impossible task, unfair to both the individual defendants and their counsel, and for which there is no justification, other than pure harassment. Judge McMahon's scheduling order allows until the end of the year for discovery to completed—including depositions. Plaintiffs have asked for—and received—an extension of time to designate experts and make their class certification motions. Depositions in this case are not scheduled to be completed until December 3, 2021—five months from now—but plaintiffs have insisted that everything must happen immediately. In addition, plaintiffs are now insisting on keeping an unspecified number of unidentified depositions open, claiming yet to be disclosed deficiencies. Plaintiffs cannot point to any specific deficiencies, so that defendants can attempt to cure those alleged deficiencies in advance of depositions. Nor can they specify which depositions they would want to keep open. There is no legitimate reason to require defendants to produce 20 witnesses in less than two weeks, and keep the deposition open, other than to harass, annoy, and bully the defendants.

Despite the onerousness of plaintiffs' demands and plaintiffs' repeated mischaracterizations of the history of this litigation in their filings with the Court, defendants are not "recalcitrant" and plaintiffs are suffering absolutely no prejudice—let alone "serious prejudice." For example on the evening of June 24, 2021, Your Honor directed defendants to produce certain documents and information. Resources at both the Law Department and the NYPD concentrated on complying with that Order, and indeed, defendants complied with that Order. This is hardly evidence of a "recalcitrant" party, contrary to plaintiffs' accusations.

Now plaintiffs are moving from to accusing defendants of being "recalcitrant" regarding documents to being "recalcitrant" regarding depositions. This accusation is false. For example, defendants advised plaintiffs' counsel via email on Monday, June 28, 2021 that defendants were unable to complete the entire deposition schedule at that point, but could line up a witness for July 1, 2021, and were working diligently to line up additional witnesses. Plaintiffs refused to depose that witness, or even work cooperatively with defense counsel. Instead, plaintiffs threatened to move for sanctions and subsequently wrote to Your Honor. This is gamesmanship.

### Defendants' Proposed Deposition Protocol

Defendants are able to confirm that 10 of the 20 witnesses plaintiffs seek to depose are in fact available before July 19, 2021 for depositions. Defendants are in the process of confirming dates for other individuals demanded by plaintiffs. However, plaintiffs' proposal that defendants need to produce two individuals per day, in the *exact* order and on the *exact* dates as they demand is simply not feasible. As one example, some of these individuals are on vacation (which are selected by police officers far in advance of the actual vacation dates). Moreover, speaking of prejudice, it would simply be unduly prejudicial to force depositions before there is adequate time to prepare a defendant/witness. To that end, defendants will soon request that Your Honor issue an order waiving the fee for attorneys to be admitted *pro hac vice* to be available defend these depositions.

In addition, in an effort to make deposition discovery more efficient, defendants propose the protocol implemented by the Honorable Magistrate Judge Kuo in the Eastern District of New York. See Bellamy v. City of New York, Docket No. 12 CV 1025 (AMD)(PK), Docket Entry No. 138 (E.D.N.Y. February 18, 2016). This protocol addresses the burdens of the depositions and more likely ensures that any individual defendants have an opportunity to fully and properly prepare for the depositions. In *Bellamy*, the Court directed a protocol where the plaintiffs were to provide the topics to be covered, the incidents to be discussed, and the documents to be used with (or sought from) each witness in advance of each deposition. Defendants urge the same protocol to be used here, Otherwise, as it stands now, plaintiffs' latest deposition notice would allow any deponent to be questioned about protests covering 10 months, 83 locations, 45,000 documents and hours of video footage. This is not efficient. Contrastingly, defendants' proposed protocol would help to facilitate the production of witnesses at the pace contemplated by plaintiffs.

While it is true that a meet and confer did take place on June 21, 2021, counsel for plaintiffs omits important background information, which shows, yet again, a pattern. On June 2, 2021 plaintiffs requested the depositions of more than 200 members of service. After a meet and confer on the topic, during which counsel for the defendants objected, stating that the number and scope

of the depositions was overly broad and not proportional to the needs of the case, defendants agreed that since there are six cases in this consolidated action, and Rule 30(a) of the Federal Rules of Civil Procedure anticipates 10 depositions in a federal case, that perhaps 60 depositions might be more appropriate. Plaintiffs promised to prioritize the depositions in an approximate order so that defendants could start scheduling.  Plaintiffs also knew full well from prior correspondence that no counsel for defendants would be available before July 1, 2021 to begin prepping officers and defending their depositions.  Nonetheless, plaintiffs unilaterally demanded depositions starting on June 22, 2021—and often two per day—of 65 defense witnesses. Plaintiffs have never affirmatively indicated that they are not going to notice and/or subpoena additional defendants or witnesses, despite defendants' insistence that conducting over 200 depositions is wholly unreasonable in this case.

### **Conclusion**

Finally, at the initial conference in this consolidated action, defendants interpreted the Judge's tight schedule as a desire to rapidly conclude this case.  Indeed, Judge McMahon urged the parties to discuss the most rapid way to conclude this case—to discuss settlement. Defendants, at around that time, asked plaintiffs for a demand—what they want. After all, plaintiffs had and have at their disposal three investigations, including one completed by the Attorney General herself, a party in this very case. Nonetheless, plaintiffs provided no meaningful response. Defendants have since deposed nearly all the named plaintiffs in this consolidated action—and still no word on a demand.

***

Plaintiffs' counsel gamesmanship should not be tolerated. Plaintiffs' request for depositions to be so-ordered should be denied in its entirety.  Furthermore, plaintiff's nonsensical demand that defendants identify individuals in timeframe not contemplated by the Federal Rules of Civil Procedure and that defendants identify any scheduling conflicts for the next five months has no basis in the law or fact. Nor has there been any conferral about these issues. The Court should deny all of plaintiffs' requests.

Thank you for your consideration herein.

Respectfully submitted,

*Dara L. Weiss s/*
Dara L. Weiss
*Senior Counsel*
Special Federal Litigation Division