# THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.

392 Central Avenue # 7803         14 Wall Street, Suite 1603          josh@moskovitzlaw.com
Jersey City, New Jersey 07307     New York, New York 10005                 Fax (888) 398-0032
Tel. (201) 565-0961                Tel. (212) 380-7040                 www.moskovitzlaw.com
*Admission pending in New Jersey

July 13, 2021

**BY ECF**

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

   Re: *In re: New York City Policing During Summer 2020 Demonstrations*,
     No. 20-CV-8924 (CM) (GWG)
     This Letter Relates to All Cases

Your Honor:

  I write as one of the attorneys for the *Sierra* plaintiffs, jointly with counsel for plaintiffs in the other consolidated actions, to request a discovery conference pursuant to Local Civil Rule 37.2 concerning the City's decision to withhold Civilian Complaint Review Board ("CCRB") records related to (a) "open" investigations of police officer misconduct at last summer's demonstrations and (b) complaint/disciplinary histories for non-party officers. The City does not claim these records are privileged in any way; and the City did not object to producing these records in response to Plaintiffs' discovery requests. Nor did the City say that it was withholding these records based on its objections as required by Federal Rule of Civil Procedure 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). Even after the Court ordered the City to provide Plaintiffs with a letter "to make clear under the amendments to the rules whether it's withholding anything under these objections," the City did not say it was withholding these records based on its objections. The City waived its belated objections to producing these records – and, in any event, those objections are not a legally sound basis for withholding these records.

**I. Background**

  Document Request 15 of Plaintiffs' first set of discovery requests, served on March 25, 2021, requested all CCRB records about complaints and investigations of officer misconduct at the summer protests. Ex. 1 at 17-18. Other requests complemented this request. *See id.* at 18 (Doc. Req. 16(a)); *id.* at 22-23 (Doc. Reqs. 30-35); *id.* at 7-8 (Interrogatories 7-9).

  In its initial responses, dated April 26, 2021; amended responses, dated June 4, 2021; and second amended responses, dated June 18, 2021, the City interposed general relevance, burden, and proportionality objections to these requests, but nowhere did it object to producing records of

THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.                    Hon. Gabriel W. Gorenstein
                                                            July 13, 2021

open CCRB investigations. *See* Ex. 2 at 24-25, 82-83, 140-41 (Obj. & Resp. to Doc. Req. 15). Nor did the City state it was withholding such records. *Id.* By contrast the City expressly objected to producing open investigation records in response to Plaintiffs' Document Request 14 concerning internal investigations by the NYPD. *See* Ex. 2 at 23, 81, 139-40.

On June 9, 2021, Plaintiffs requested a discovery conference to address deficiencies in the City's discovery responses and a lack of progress in producing responsive documents (Dkt. 163). One of the problems Plaintiffs raised was that Defendants' discovery objections did not specify what records they were withholding (Dkt. 163 at 4). The Court held a conference on June 15, 2021, and noted the lack of transparency in the City's discovery responses:

> THE COURT: . . . [W]hat I would like to see is . . . some way to give more transparency to the plaintiffs as to what the defendant's process is. So here the defendant gets a number of interrogatories. It thinks some are burdensome, overbroad, various other objections, ***it certainly is going to have to make clear under the amendments to the rules whether it's withholding anything under these objections*** . . . . [W]hat I don't want to have happen is to find, for the plaintiffs to learn for the first time on July that, you know, some whole category or some avenue of production was not pursued that they think they have a right to have pursued, and then they don't find out for six week something that they could have found out tomorrow.
>
> MS. WEISS: . . . We are certainly more than happy to, you know, as you put it, give them the algorithm of what we're thinking we're going to produce ***and provide more specificity on what we won't produce and why, be it privilege, or burden, or whatever it may be.***
>
> THE COURT: Okay, well the algorithm doesn't necessarily align with objections, so ***the more information you can give on the objections and what they mean and whether they mean the withholding of documents, I certainly want that,*** and it sounds like you're planning to do that . . . ."

6/15/21 Conf. Tr. at 6:2-9:21 (emphasis added).

On June 21, 2021, the City provided Plaintiffs' counsel with a letter that said: "Document Request 15: We have requested information from the CCRB and are awaiting a response" (Dkt. 173-1, at 3). The City did not state that it was withholding CCRB records. Although this aspect of the City's letter was clear, the letter failed in many other respects to provide information ordered by the Court. Accordingly, Plaintiffs wrote to the Court on June 23, 2021 to explain that it remained unclear what records the City was withholding (*see* Dkt. 173).

The Court held another conference on June 24, 2021. During that conference, Plaintiffs addressed the City's response to Document Request 15 and the City's delay in producing CCRB records. *See* 6/24/21 Conf. Tr. 31:9-17. During the colloquy that followed, the City did not say it was withholding open CCRB investigation records, nor any other CCRB records. Instead, when

2

THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.               Hon. Gabriel W. Gorenstein
                                                         July 13, 2021

the Court asked "who has control over the [CCRB's] documents," the City confused matters by claiming not to know the legal relationship of the CCRB and the City. *Id.* at 32:3-35:8.[1]

Based on the City's representations, the Court said, "if this was a city agency, a normal city agency, I would treat this in one way. It's something else apparently . . . I know I can order the City to do something, but it sounds like you're telling me that you have no control over the CCRB." *Id.* at 33:15-18, 35:16-19. Accordingly, the Court ordered the City to provide further information:

> THE COURT: . . . I want a letter from the CCRB by Monday that says exactly when these documents are going to be produced. And I don't mean produced to you; I mean produced. Whoever's producing them. Okay, so that needs to be given to the plaintiffs by Monday, Ms. Weiss, do you understand that?

*Id.* at 36:3-9.

In response to the Court's Order, the City forwarded emails from the CCRB General Counsel on June 28 and 30, 2021. However, neither email explained who had control of the CCRB's documents (as asked by the Court at the June 24 conference). Nor did either email explain when the CCRB's records would be produced, which was specifically ordered by the Court. *See supra*. Instead, the General Counsel's emails stated, "the CCRB will provide the Law Department" records from closed investigations on a rolling basis to be completed by July 28 (three days before the City's July 31 deadline to produce all relevant documents to plaintiffs). Ex. 3. But, for complaints that are still open, the General Counsel said, "the CCRB will produce the closing reports and any documents that existed at the time that the CCRB closed its investigation, *but will not supplement production until after the prosecution is completed*." *Id.* (emphasis added). According to the General Counsel: "The CCRB objects to the production of documents related to open investigations. Once these investigations are completed, we can provide the closing reports and investigative materials to the Law Department." *Id.*

Because these communications failed to provide the information ordered by the Court during the June 24 conference, and asserted for the very first time that the City was withholding open CCRB investigation records, Plaintiffs wrote to defense counsel and requested a conference. *See* Ex. 4. On July 6, 2021, the City responded to Plaintiffs' letter. *See* Ex. 5.[2] In accordance

---

[1] The representation that the City did not control the CCRB was misleading. "Without question, the CCRB is under the purview and control of the City of New York." *See Martinez v. City of N.Y.*, 2008 N.Y. Misc. LEXIS 9679, at *5 (Sup. Ct. N.Y. Cnty., Sept. 11, 2008). The CCRB has been a chartered City agency for nearly three decades. *See* N.Y. City Charter, Ch. 18-A. Indeed, the City has argued, in opposing a subpoena to CCRB in a case where the City was a defendant, that the subpoena should be quashed because the CCRB is an agency of the City. *Heller v. City of N.Y.*, 2008 U.S. Dist. LEXIS 59081, at *2 (E.D.N.Y. July 31, 2008). And this Court's Local Civil Rule 83.10 requires the City to produce CCRB records at the outset of certain § 1983 cases.

[2] The City sent another letter dated July 8, 2021, but it marked the letter "confidential," which prevents Plaintiffs from referring to the contents in this public filing (Dkt. 115 ¶ 8). But nothing in that letter changes the parties' positions.

3

THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.            Hon. Gabriel W. Gorenstein
                                                                                                     July 13, 2021

with Fed. R. Civ. P. 37(a)(1) and ¶ 2(A) of Your Honor's Individual Practices, the parties conferred by telephone on July 7, 2021, starting at 11:30 a.m. and continuing for approximately one hour.[3] Ms. Weiss stated that the City would not produce records concerning open CCRB investigations or disciplinary histories for non-defendant officers. I informed Ms. Weiss that Plaintiffs believed the parties were at an impasse and Ms. Weiss agreed. I further informed Ms. Weiss that Plaintiffs would be requesting a conference with the Court.

## II.   Argument

During the parties' meet-and-confer, Ms. Weiss acknowledged that the City's initial and amended discovery responses encompassed the CCRB's records. As noted, neither set of discovery responses objected to producing open CCRB investigation records nor stated that such records were being withheld. By failing to raise any of their present objections to producing records related to open CCRB investigations, and failing to state that they were withholding such records – even after the Court directed Defendants to do so, *see supra* – the City waived any objections to producing these records.

Where a party objects to any part of a document request, Federal Rule of Civil Procedure 34(b)(2)(C) requires the party to "state whether any responsive materials are being withheld on the basis of that objection." *See also Michael Kors, L.L.C. v. Su Yan Ye*, No. 18-CV-2684 (KHP), 2019 U.S. Dist. LEXIS 60057, at *3 (S.D.N.Y. Apr. 8, 2019) ("Rule 34 imposes the responsibility on a responding party to state what it is withholding . . . A failure to comply with this responsibility carries serious consequences. A number of courts have held that an objection that does not appropriately explain its grounds is forfeited."); *Fischer v. Forrest*, No. 14 Civ. 1304 (PAE) (AJP), 2017 U.S. Dist. LEXIS 28102, at *9 (S.D.N.Y. Feb. 28, 2017) ("The December 1, 2015 amendments to the Federal Rules of Civil Procedure are now 15 months old. . . . From now on in cases before this Court, any discovery response that does not comply with Rule 34's requirement to state objections with specificity (*and to clearly indicate whether responsive material is being withheld on the basis of objection*) will be deemed a waiver of all objections (except as to privilege)." (emphasis added)).

The City's belated arguments for withholding CCRB open files are baseless. The City has cited no legal authority, and we are aware of none, that supports their claim for withholding these records. The City's reason for withholding such records sounds like a claim of "law-enforcement privilege." *See In re Dep't of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988) ("The purpose of this privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation."). But the City has never asserted this privilege – nor any privilege at all – which it had to do "expressly" to make such a claim. *See* Fed. R. Civ. P. 26(b)(5)(A) ("When a party

---

[3] The attorneys who participated included Joshua Moskovitz (for the *Sierra* plaintiffs), Gideon Oliver and Remy Green (for the *Sow* plaintiffs), Ali Frick (for the *Wood* plaintiffs), Travis England (for the Attorney General), and Dara Weiss (for the City of New York).

THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.                              Hon. Gabriel W. Gorenstein
                                                                      July 13, 2021

withholds information otherwise discoverable by claiming that the information is privileged . . . the party must . . . expressly make the claim . . . ."").[4]

The problem with withholding these records is patent. Involved in a CCRB investigation are interviews of civilians and police officers. These interviews are recorded. Open investigations, by their nature, involve complaints that the CCRB has already substantiated. *See* Ex. 3 ("for twelve (12) of these complaints, the CCRB's Board voted Charges and Specifications, and, therefore, these complaints are still open"). Thus, the records that are being withheld include recordings of interviews of officers and, very likely, civilian victims and witnesses. It is deeply prejudicial for the City to have access to these records while depriving Plaintiffs of the same.

Moreover, we know there are open CCRB investigations for the incidents involving Plaintiffs Cameron Yates, Andie Mali and Camila Gini. This tells us two things. First, these investigations could remain "open" for years. The discovery schedule does not accommodate waiting that long to receive this information. Second, there is likely important evidence in the CCRB's files for these investigations, and others. Among other things, the CCRB file should have recordings of interviews of the officers involved in the incidents with these plaintiffs, interviews with civilian witnesses, videos, and more. Plaintiffs must move forward with deposing officers involved in these incidents and this information should be available to them.

In addition, the City has refused on relevance grounds to provide complaint or disciplinary histories for officers who are not named defendants. But whether an officer is a named party does not diminish the relevance of complaints about that officer's misconduct—or the City's response or lack thereof to such misconduct. In its decision on the motion to dismiss, the Court cited Plaintiffs' allegations "that Defendants have shown deliberate indifference by failing to discipline officers in any meaningful way" to sustain Plaintiffs' *Monell* claims (Dkt. 191, at 24-25). The Court noted that Plaintiffs "allege numerous instances of the NYPD's ignoring CCRB disciplinary recommendations following complaints of police misconduct." *Id.* at 24. According to the Court, "[t]aken together, these allegations give rise to an inference that Defendants ratified the actions taken by the NYPD by publicly praising, failing to discipline, and, at times, even rewarding officers for their conduct." *Id.* at 25. Courts routinely allow discovery of officer complaint history on well-pled *Monell* claims. *See, e.g.*, *Alwan v. City of N.Y.*, 311 F. Supp. 3d 570, 583 (E.D.N.Y. 2018) ("Courts in the Second Circuit routinely hold that multiple civilian complaints against an officer regarding conduct similar to that exhibited toward a plaintiff is enough for a jury to find the requisite degree of indifference to support failure to supervise liability under *Monell*."). Thus, there is no basis for the City to withhold complaint or disciplinary histories based on party status.

---

[4] The most the City's argument suggests is that open CCRB investigation records should be kept confidential, but not withheld from disclosure. The Court's Protective Order provided a process for that, but the City did not avail itself of it. Instead, the City silently withheld these records, without informing the Plaintiffs or the Court that it was doing so, and now months have elapsed during which time this issue could have been resolved.

**THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.**  Hon. Gabriel W. Gorenstein
July 13, 2021

We appreciate the Court's attention to this matter and Plaintiffs' request for a conference.

Sincerely,

Joshua S. Moskovitz

cc: All Counsel of Record