# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations | 20 Civ. 8924 (CM)(GWG) |
| This filing is related to: ALL CASES | |

**PLAINTIFFS' FIRST CONSOLIDATED SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York, plaintiffs in these consolidated actions[1] ("Plaintiffs") request that defendants City of New York, Mayor Bill de Blasio, New York City Police Department ("NYPD") Police Commissioner Dermot F. Shea, and other defendants named in the pleadings in these actions ("Defendants") produce for examination, inspection and copying, within thirty (30) days of the service hereof, or such shorter time as the Court orders or the parties stipulate, all documents described below at the New York State Office of the Attorney General, Civil Rights Bureau, 28 Liberty Street, 20th  Floor, New York, New York 10005, or at such other place or time, or in such other manner, as the parties mutually agree.

---

[1] Pursuant to the Court's February 22, 2021 Order (ECF No. 40), the following cases have been consolidated for pretrial purposes: *Payne, et al, v. Mayor Bill De Blasio*, No. 20 Civ. 8924; *Sierra, et al, v City of New York*, No. 20 Civ. 10291; *Wood v. City of New York*, No. 20 Civ. 10541; *People of the State of New York v City of New York*, No. 21 Civ. 322; *Sow, et al, v. City of New York*, 21 Civ. 533; and *Yates v. City of New York et al*, 21 Civ. 1904. Plaintiffs in all consolidated actions hereby serve their first consolidated set of Requests for Production of Documents to all Defendants in the consolidated actions without prejudice to plaintiffs in any of these actions supplementing these consolidated Requests with additional case-specific Requests for Production of Documents.

**DEFINITIONS**

1. Plaintiffs incorporate by reference herein the Uniform Definitions in Discovery Requests set out in Rule 26.3(c) of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York (the "Local Civil Rules").

2. "Arrest" means an Officer's seizure, detention, or arrest of a person, including but not limited to for the purpose of issuing them a C-Summons ("summons") or Desk Appearance Ticket ("DAT") or fully processing them for arraignment.

3. "Complaints" means the Complaint, or any superseding amended Complaint, filed in each of these consolidated actions: *Payne, et al, v. Mayor Bill De Blasio*, No. 20 Civ. 8924; *Sierra, et al, v. City of New York*, No. 20 Civ. 10291; *Wood v. City of New York*, No. 20 Civ. 10541; *People of the State of New York v. City of New York*, No. 21 Civ. 322; and *Sow, et al, v. City of New York*, 21 Civ. 533; *Yates v. City of New York et al*, 21 Civ. 1904 (together, the "Actions").

4. "Date" means the exact day and time, month, and year if ascertainable, or if not, the best approximation (including relationship to other events).

5. "Defendants" include each and every defendant named in the Complaints.

6. "Document(s)" shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3(c), and for purposes of these Requests shall be deemed to include "electronically stored information" ("ESI") as also defined in Rule 34. Examples of documents include, but are not limited to, all writings in any form, calendars, correspondence, diaries, manuals, memoranda, notes, log entries, reports, records, drawings, graphs, charts, photographs, sound recordings, images, video recordings, telephone records, Bloombergs, FINEST messages, electronic mail messages, telephonic text messages (including SMS and MMS, iMessages, WhatsApp messages and

2

all instant messages sent and received by whatever means or platform), spreadsheets, databases, all other forms of electronic communication, and other data or data compilations of whatever nature stored in any medium (including those from which information can be obtained or translated if necessary into a reasonably useable form). For the avoidance of doubt, document(s) shall include all originals of any nature whatsoever and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise.

7. "Kettling," "kettling tactics" or "encirclement" means any and all plans, methods, procedures, tactics, strategies, or approaches, by whatever name or characterization, utilized by NYPD to control crowds, address disorderly conduct, and/or effectuate mass arrests and detentions, whether intentional or not, whereby Officers physically surround or otherwise contain members of the public within an area, leaving them few or no routes of egress without direct contact with Officers.

8. "Legal Observer" means an individual who attends a public demonstration to observe and document interactions between law enforcement and demonstrators.

9. "Officer" means a member of service of the NYPD, regardless of rank, including but not limited to any and all officers, detectives, sergeants, lieutenants, captains, chiefs, and/or deputy commissioners.

10. "Person" means any natural person, association, business, group, organization, legal entity, government entity, or other entity.

11. "Protests" means any and all protests, demonstrations, or gatherings at the Protest Locations identified on the **attached Schedule A** and/or referenced in any of the Complaints.

12. "Protest-Related Violation or Offense" means an alleged violation of any of the following laws during a demonstration or protest: New York State Vehicle and Traffic Law ("VTL") Section 1156(a) (Pedestrians in Roadways); New York State Penal Law ("PL") Section 240.05 (Riot in the Second Degree); PL Section 240.10 (Unlawful Assembly); PL Section 205.30 (Resisting Arrest); PL Section 195.05 (Obstruction of Governmental Administration in the Second Degree); PL Section 240.20(5) (Disorderly Conduct – Blocking Vehicular or Pedestrian Traffic); PL Section 240.20(6) (Disorderly Conduct – Refusing to Obey a Lawful Dispersal Order); New York City Administrative Code ("NYAC") Section 3-108 (Executive Order Violation); and NYAC Section 10-110(c) (Parading Without a Permit), and any other offenses with which any individual who participated in any Protested was actually Arrested for and/or charged.

## **INSTRUCTIONS**

1. In addition to following the rules of construction in Rule 26.3(d) of the Local Civil Rules, whenever necessary to bring within the scope of these Requests Documents that might otherwise be construed to be outside its scope: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; and (b)  the use of the feminine, masculine, or neuter genders shall include all genders.

2. No paragraph herein shall be construed with reference to any other paragraph for the purpose of limitation.

3. Unless otherwise indicated, the relevant time period for purposes of these Requests is between January 1, 2018, and the present.

4. All Documents shall be produced in the manner in which they are maintained in the usual course of business.  A request for a Document shall be deemed to include a request for any and all file folders or binders within which the Document was contained, transmittal

sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to
the Document itself.

5.  Any Request that calls for production of specific documents or forms where the
information contained within such documents or forms is maintained in electronic
databases or similar repositories, Plaintiffs request production of the underlying data in
lieu of the documents or forms themselves, unless the documents or forms contain
additional or unique information, in which case the Request encompasses both the
underlying data and the documents and forms.

6.  Provide all ESI in the forms and manner specified in the **attached Schedule B** - ESI
Production Specifications.

7.  In the event Defendants withhold any Document called for by these Requests on the basis
of a claim of privilege, Defendants shall provide the information required by Rule 26.2 of
the Local Civil Rules.

8.  In the event that any Document called for by these Requests has been destroyed or
discarded, Defendant shall provide an affidavit by a person with personal knowledge
identifying the Document so lost, discarded, or destroyed as completely as possible,
providing at least the following information: (i) the type of Document withheld; (ii) any
author, addressor and/or addressee; (iii) any indicated or blind copy recipients; (iv) the
Document's date, subject matter, number of pages, and attachments or appendices; (v) all
persons to whom the Document was distributed, shown or explained; (vi) the Document's
date of destruction or discard, manner of destruction or discard, and reason for
destruction or discard; and (vii) the persons authorizing and carrying out such destruction
or discard.

9. If objection is made to any of the Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive Documents will occur notwithstanding such objection.

10. If there are no Documents responsive to any particular request, the response shall state so in writing.

11. These Requests are continuing in nature.  In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, Defendants are required promptly to serve supplementary responses and produce additional documents if Defendants obtain further or different information.

## **DOCUMENTS REQUESTED**

**Request No. 1:**

Provide all Documents concerning policies, procedures, directives, and training materials promulgated by NYPD relating to Officers' treatment of and response to demonstrations and protests (including mass protests), crowd control, crowd management, and/or "disorder control" that were created and/or in force prior to May 28, 2020, including, but not limited to, policies concerning:

   a) Officers' use of tactics or objects to control crowds during a demonstration or protest;

   b) Officers' use of force during a demonstration or protest;

   c) Use of force reporting and investigations related to uses of force during a demonstration or protest;

   d) Officers' use of batons or other instruments during a demonstration or protest;

e) Officers' tactical use of other objects, such as shields and bicycles, during a demonstration or protest;

f) Officers' use of Oleoresin Capsicum (also known as "OC" or "pepper spray") during a demonstration or protest;

g) Technical Assistance Response Unit ("TARU") video and audio recording related to a demonstration or protest;

h) Strategic Response and Strategic Response Group ("SRG") operations;

i) Disorder Control Training;

j) Officers' use of body worn cameras during a demonstration or protest;

k) Officers' use of zip-ties or flex cuffs during a demonstration or protest;

l) Officers' use of Kettling during a demonstration or protest;

m) Officers' interaction with, and treatment of, Legal Observers during a demonstration or protest;

n) Officers' interaction with, and treatment of, journalists, reporters, photographers, and members of the press during a demonstration or protest;

o) Officers' enforcement of any applicable curfews in place during a demonstration or protest;

p) Incident command, chain of command, and command and control during a demonstration or protest;

q) Facilitation, accommodation, and escort of demonstrations or protests;

r) First Amendment, Fourth Amendment, and Fourteenth Amendment principles applicable to policing demonstrations or protests, including the requirements that content-neutral restrictions on speech are narrowly tailored and provide ample alternatives for

7

expression, as well as the need to provide fair warning before making certain Arrests or engaging in certain uses of force;

s)  The need to give dispersal orders and a meaningful opportunity to comply with them before making certain Arrests at a demonstration or protest;

t)  Policies, procedures, or protocols relating to racial profiling;

u)  Officers' use of race in law enforcement decisions and/or implicit bias;

v)  Officers' use of racial slurs or epithets;

w)  Officers' affiliation with or participation in groups or website that promote racists views;

x)  Officers' Arrest of individuals during a demonstration or protest, including procedures for effecting and processing large-scale or mass arrests;

y)  Probable cause to Arrest for a Protest-Related Violation or Offense;

z)  Discretion to Arrest for a Protest-Related Violation or Offense;

aa) When to process an Arrest for a Protest-Related Violation or Offense for release with a summons or Desk Appearance Ticket, or for arraignment, including during a demonstration or a protest;

bb) Officers' transportation of people Arrested during or after a demonstration or protest;

cc) Officers' use of mass or large-scale arrest processing (including the use of a Mass Arrest Processing Center), including related to a demonstration or a protest;

dd) Officers' provision of medical aid to civilians injured during a demonstration or protest;

ee) Officers' wearing of face coverings when interacting with the public during or after a demonstration or protest, including during arrest processing; and

ff) Any other policies, procedures, directives or training associated with policing large-scale events, including protests, demonstrations, and events involving civil disobedience.

**Request No. 2:**

Provide all Documents concerning policies, procedures, directives, and training materials promulgated by NYPD during or after the Protests and relating to any and all subjects described in **Request No. 1**, including but not limited to training provided during or after October 2020, including recordings of such training, and any critique, evaluation, or review of the effectiveness of such training.

**Request No. 3:**

Provide all Documents concerning policies, procedures, directives, and training materials relating to any and all subjects described in **Request No. 1** promulgated during or following any protest events in the past 10 years concerning the deaths of persons in police custody or whose deaths were otherwise caused by an Officer, including, but not limited to, Ramarley Graham, Akai Gurley, Eric Garner, Delrawn Small, and Sean Bell.

**Request No. 4:**

Provide all Documents concerning policies, procedures, directives, and training materials relating to any and all subjects described in **Request No. 1** promulgated during or following protests regarding the 2004 Republican National Convention or any of the lawsuits related to the policing of those protests.

**Request No. 5:**

For any and all training materials, presentations, or other similar materials responsive to **Request Nos. 1-4** above, Documents sufficient to identify the dates trainings were held, all persons who attended, any statistical reports of the ranks of members of the service that attended, and any certifications issued to such attendees.

9

**Request No. 6:**

For each Officer identified in response to **Interrogatory No. 1 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants**, provide Documents sufficient to show whether and, if so, the date(s) that the Officer received training related to the subjects described in **Request No. 1**.

**Request No. 7:**

For each Protest Location listed in the **attached Schedule A**, Documents sufficient to identify the intended roles or functions, deployments, commands, and instructions provided to each and every Officer who was assigned to, or who responded to, the Protest Location, including but not limited to documents identifying:

a) The commanding Officer for each location;

b) The full name, shield number, tax identification number, assigned command, and rank of each Officer deployed;

c) Each Officer's assignment post, including the assignment address and borough;

d) Any and all Officers assigned to supervise or oversee such deployment;

e) Any attorneys from either the NYPD or the NYC Law Department at each location;

f) All Threat Response Inquiry ("TRI"), Officer Injury Reports, Complaints, or other written documentation of any kind related to such deployment;

g) All Unusual Incident or Occurrence Reports (PD370-152; UF-49);

h) All instructions or directives regardless of form regarding police equipment and uniforms (including disorder control gear, face coverings, and so-called "mourning bands") to be worn or possessed by Officers during the assignment;

i)  Any communications relating to the decision to deploy Officers from the SRG and any instructions or directives provided to the SRG or Officers assigned to such deployments.

**Request No. 8:**

For each Protest listed on the **attached Schedule A**, provide the following Documents:

a)  Any and all intelligence reports, threat assessments, and information compiled and/or reviewed in advance of and during the Protests, including all Documents reflecting Officers' planning for policing the Protests, and any spreadsheets or other lists of "scheduled" and "unscheduled" events during the time period surrounding each Protest;

b)  Any and all communications, tactical decisions, intelligence alerts, policies or other directives issued by any Officer as a result of such intelligence reports, assessments, or other information pertaining to the Protests;

c)  News clips, social media postings, and internet links gathered by the NYPD, including but not limited to such information and records gathered or created by the Office of the Deputy Commissioner for Public Information ("DCPI"), the Intelligence Division, or otherwise, related to any Protest;

d)  Requests for detail, Operations Unit (including Detail Section) records, "204s", "Who's Who," "Force Figures," "Detail Overview," roll calls, tactical plans, detail rosters, assignment sheets, internal communications, and other documents) concerning NYPD's deployment or assignment of Officers and resources relating to the Protests;

e)  Command Log(s) and other records created as a result of or related to the operation any Incident Command Post utilized in connection with policing a Protest;

f)  Records reflecting whether and, if so, by whom, when, and to what extent, dispersal orders or other warnings and opportunities to disperse or comply were given before

11

enforcement action was taken at each Protest where force was used or detentions or Arrests were made;

g) All To/From Memoranda, Unusual Occurrence Reports, U.F. 49s, Mass Arrest Reports and/or any other Documents consisting of summaries, reviews, recaps, evaluations, critiques, after-action reports, or other reports following any Protest, including but not limited to Joint Operations Center reports;

h) All videos, including TARU videos, bodyworn camera videos, and Aviation Unit videos;

i) All audio recordings, including audio recordings of NYPD Citywide and other radio communications;

j) SPRINT reports related to recorded communications (and documents sufficient to decipher such SPRINT reports);

k) Internal NYPD communications, including, but not limited to, e-mails, text messages, records regarding telephone calls made or received;

l) Any and all TRI Reports, and any and all Incident Worksheets (PD370-154), and any and all TRI Incident-Investigating Supervisor's Assessment Reports (PD370-154A), any and all TRI Interaction Reports, all Unusual Incident Reports, including any and all other Documents relating to such reports and worksheets;

m) Command Log(s) from each arrest processing location to which a person arrested in connection with a Protest was brought, including any Mass Arrest Processing Center ("MAPC");

n) MAPC intake and processing records;

o) Documents sufficient to identify all Arrests by Officers based on alleged conduct occurring at each Protest Location, including Documents sufficient to identify the number of such Arrests voided by the NYPD;

p) For any Officer who was injured during any Protest, any related Line of Duty injury paperwork, including but not limited to AIDED Report(s), witness statement(s), and medical records;

q) For any non-Officer injured related to a Protest, all records related to such injury, including any AIDED Report, Medical Treatment of Prisoner Form, Central Booking Medical Screening Form, Ambulance Call Report, Computer Aided Dispatch, FDNY Pre-Hospital Care Report, and other documents related to such injury;

r) Documents concerning press inquiries received by Defendants and/or press releases or statements to the press made by individual Defendants or their agents related to any Protest, including such statements made in electronic communications such as e-mail or text messages.

**Request No. 9:**

For each person identified in response to **Interrogatory No. 6 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants**, provide the following Documents:

a) Any and all records created by Officers related to each person Arrested, including all arrest processing paperwork;

b) Online Booking System ("OLBS") Report (including handwritten/scratch version);

c) Online Booking System Arrest Worksheet (PD244-159) (including handwritten/scratch version);

d) Arrest Report – Supplement (PD244-157);

e) Prisoner Pedigree Card (PD244-092);

f) Arrest processing photographs, including digital movement slips and photographs taken as part of NYPD large-scale or mass arrest processing;

g) Mass Arrest Pedigree Label (244-093);

h) Complaint Report (313-152) (including handwritten/scratch version);

i) Complaint Report Worksheet (313-152A) and Omniform Complaint Revision(including handwritten/scratch versions);

j) Online Prisoner Arraignment ("OLPA") Report;

k) Property Clerk Invoice (521-141);

l) Records reflecting the disposition of property recorded in each such Property Clerk Invoice;

m) Medical Treatment of Prisoner (244-150);

n) Activity Logs (112-145) and other similar logs for the tour during which the incident occurred for any and all Officers involved;

o) Scratch and/or memo book or activity log entries for any and all officers involved;

p) C-Summons;

q) Desk Appearance Ticket (PD 260-121);

r) Desk Appearance Ticket Investigation Sheets (360-091);

s) Records provided to any local prosecutor;

t) DA Datasheets;

u) Decline to Prosecute Forms;

v) Criminal Court Complaint; and

w) Body worn camera footage associated with their Arrest, including associated audit trails and activity logs.

**Request No. 10:**

For each Protest Location listed in the **attached Schedule A**, provide Documents sufficient to identify all persons stopped by Officers during the Protests, including:

a) the date, time, and location of the encounter;

b) the name, rank, shield number, and command of any and all Officers involved;

c) the supervising Officer that made the decision and/or gave the order to stop the person;

d) the identity of the person stopped; and

e) the total number of stops disaggregated by race, date the stops occurred, and the precinct of the Officers involved.

**Request No. 11:**

For each Protest Location listed in the **attached Schedule A**, provide Documents sufficient to identify all Arrests by Officers at such Protest Location, including but not limited to:

a) the total number of Arrests;

b) the total number of summonses related to those Arrests issued disaggregated by race, date the summons was issued, and the command of the issuing Officers;

c) the total number of DATs issued elated to those Arrests disaggregated by race, date the DAT was issued, and the command of the issuing Officers;

d) the total number of arrests processed on-line related to those Arrests disaggregated by race, date of arrest, and the command of the arresting Officers;

e) the summons number, DAT number, and/or arrest number associated with each Arrest;

   f)  the full name, shield number, and tax identification number of the issuing or arresting Officer;

   g)  the identity of the person Arrested;

   h)  location where the Arrest occurred (*i.e.*, borough and address);

   i)  length of time of custodial detention, including date and time of stop and date and time of release;

   j)  criminal charge(s); and

   k)  disposition of any such charge(s).

**Request No. 12:**

Provide all Documents relating to policies, procedures, directives, and training materials regarding use of force reporting and investigation, including the completion of the TRI Incident Worksheets (370-154) and the TRI Incident-Investigating Supervisor's Assessment Reports (370-154A), including but not limited to the Data Entry Guide for Threat, Resistance or Injury (TRI) Incident Worksheet (SP542).

**Request No. 13:**

For each Protest Location listed in the **attached Schedule A**, provide Documents sufficient to identify each and every use of force by an Officer, including but not limited to information sufficient to show:

   a)  the type of force used;

   b)  date/time when used;

   c)  the full name, shield number, and tax identification number of the Officer using force;

   d)  the assigned command of the Officer using force;

   e)  supervising Officer(s);

f) whether the Officer was on-duty or off-duty;

g) the location where the incident occurred (including borough);

h) the race and gender of individual against whom force was used; and

i) the factual circumstances surrounding the force used.

## Request No. 14:

For each Protest Location listed in the **attached Schedule A**, provide all Documents concerning

any incidents currently or formerly under investigation or referred for internal investigation by

the NYPD (including but not limited to the Internal Affairs Bureau ("IAB"), the Chief of

Department ("COD"), Department Advocates Office, Office of the Chief of the Department,

Risk Management Bureau, and/or Patrol Bureau Investigations) including all related complaints,

log entries, record reviews, video and audio recordings, all recordings of interrogations of the

members of service, interviews of any and all non-members of service as well as members of

services, body-worn camera footage and associated audit trails and activity logs, and radio

transmissions, TARU recordings and any other recordings (such as Argus videos) and/or, and

any other Documents collected, considered, or reviewed, and any determinations, disciplinary

recommendations, settlement offers, case analysis, or other outcome recommendations made by

any person within the NYPD with respect to any occurrence that happened at such Protest

Location.

## Request No. 15:

For each Protest Location listed in the **attached Schedule A**, provide all Documents concerning

any incidents currently or formerly under investigation or referred for investigation by the

Civilian Complaint Review Board ("CCRB") including all related complaints, video (including

Argus video) and audio recordings, body-worn camera footage and radio transmissions,

investigator notes and reports, and any other Documents collected, considered, or reviewed, and any determinations, disciplinary recommendations, or other outcome recommendations made by the NYPD or CCRB with respect to any occurrence that happened at such Protest Location.

**Request No. 16:**

For each Officer identified in response to **Interrogatory Nos. 8 and/or 9 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants**, all personnel-related records in the possession of the NYPD or the City of New York, including but not limited to:

a) Records reflecting the Officer's histories as to CCRB and IAB investigations, as well as underlying records;

b) The Academy Transcript and all training logs and other records reflecting the NYPD training each Officer received at the NYPD Academy and after graduating the NYPD Academy;

c) Central Personnel Index ("CPI") file records or similarly defined records;

d) Any and all records concerning internal NYPD disciplinary action, letters in the personnel file, command discipline, chares and specifications, transfers, and/or warnings and admonishments;

e) Performance profiles, or similarly defined records;

f) Psychological Services Unit ("PSU") records or similarly defined records;

g) Risk Assessment Information Liability System ("RAILS") records;

h) Early warning or intervention records or similarly defined records;

i) Supervisor complaint reports or command discipline election reports;

j) Any and all letters requesting sealing of disciplinary records or charges;

k) Any and all documents related to performance monitoring;

l)   *Giglio* profiles and/or similar resume providing information regarding all internal NYPD and CCRB complaints, investigations, and dispositions, including the Police Commissioner's case analysis;

m)  Records from the Internal Affairs Bureau, Inspectional Services Division, Office of the Chief of the Department, or Department Advocates Office;

n)   The caption, complaint, and records reflecting the disposition of any and all lawsuits against each such Officer;

o)   To the extent not covered in the preceding sub-paragraphs, all Documents relating to any civilian or departmental-generated complaints of police misconduct, dereliction of duty or violation of the New York State penal laws or regulations of the NYPD, including but not limited, physical brutality, verbal abuse, and violence or abuse.

**Request No. 17:**

Provide all Documents concerning Officers receiving discipline for misconduct occurring during the Protests, or who have been recommended to receive discipline for such misconduct.

**Request No. 18:**

Provide all Documents concerning communications from May 25, 2020 to present between and among any and all NYPD personnel and personnel of the Office of the Mayor, including Mayor de Blasio or his designees, and the Mayor's Office of Criminal Justice, regarding NYPD's planning for and response to any protest anticipated to take place in New York City following the death of George Floyd, including but not limited to the Protests.

**Request No. 19:**

Provide all Documents concerning communications about any protest anticipated to take place in New York City following the death of George Floyd, including but not limited to the Protests,

19

from May 25, 2020 to present, by Defendants Mayor de Blasio, Commissioner Shea, Chief

Monahan, and all Borough Commanders, and Deputy Commissioner of Intelligence John Miller.

**Request No. 20:**

Provide all documents received by, referenced, or reviewed by Mayor de Blasio, Commissioner

Shea, and/or Chief Monahan, Borough Commanders, Deputy Commissioner of Intelligence John

Miller, and Incident Commanders documenting occurrences and/or interactions between Officers

and civilians at any and all Protest Locations from May 28, 2020, to present.

**Request No. 21:**

For each Protest Location listed in the **attached Schedule A**, provide all communications

between and among any Officers supervising, commanding, or otherwise directing NYPD's

response to the Protests at each Protest Location, including but not limited to communications

between and among Borough Commanders, SRG Command, and Deputy Commissioner of

Intelligence John Miller.

**Request No. 22:**

Provide all Documents, including all non-privileged communications, in Defendants' possession

custody, or control concerning the December 30, 2020 Corporation Counsel Report Pursuant to

Executive Order 58 (June 20, 2020) Directing an Analysis of Factors Impacting the George

Floyd Protests in New York City, including any and all Documents received or reviewed by

Corporation Counsel in preparing such report.

**Request No. 23:**

Provide all Documents, including all non-privileged communications, in Defendants' possession

custody, or control concerning the December 2020 Report by the New York City Department of

Investigation ("DOI") titled: Investigation into NYPD Response to the George Floyd Protests, including any and all Documents received or reviewed by DOI in preparing such report.

**Request No. 24:**

Provide all Documents concerning any communications between any NYPD personnel, including from the Community Affairs Bureau and/or any other neighborhood policing liaisons and organizers of the Protests.

**Request No. 25:**

Provide all Documents concerning reports, reviews, communications, discussions, assessments, and analyses, including but not limited to after-action reviews, Sentinel Event reviews, post-mortem reviews, and project debriefs, concerning the NYPD's deployment of officers to protests related to Occupy Wall Street (2011-2012) and in response to the death of Eric Garner (2014-2015).

**Request No. 26:**

Provide all Documents concerning the decision by then-District Judge Richard Sullivan concerning defendant Monahan's actions as reported in *Dinler v. City of New York*, No. 04 Civ. 7921 (RJS) (JCF), 2012 U.S. Dist. LEXIS 141851, at *27-39 (S.D.N.Y. Sept. 30, 2012), including but not limited to discipline of defendant Monahan, changes in policies, directives, orders, and/or instructions concerning group arrests.

**Request No. 27:**

Provide all Documents concerning the jury's verdict against defendant Monahan in *Abdell v. City of New York*, No. 05 Civ. 8453 (RJS) (S.D.N.Y.), including but not limited to discipline of defendant Monahan.

**Request No. 28:**

Provide all Documents concerning the payment of the punitive damages awarded in *Abdell v. City of New York*, No. 05 Civ. 8453 (RJS) (S.D.N.Y.).

**Request No. 29:**

Provide all Documents concerning any disciplinary action taken regarding Deputy Inspector Edward Winski concerning his actions during Occupy Wall Street protests, which were the subject of several litigations: *Vincent v. Winski*, No. 14 Civ. 7744; *Gersbacher v. Winski*, No. 14 Civ. 7600.

**Request No. 30:**

Provide all Documents concerning any complaint made to, or investigation by the NYPD or CCRB, of any NYPD officer displaying a "white power" symbol during any of the Protests listed on the **attached Schedule A**.

**Request No. 31:**

Provide all Documents concerning any complaint made to or investigation by the NYPD or CCRB, of any NYPD officer for making racist statements or for racist conduct, including but not limited to, racial profiling.

**Request No. 32:**

Provide all Documents concerning any investigation into, or assessments of, NYPD officers' possible affiliations with racist or white supremacist organizations, including but not limited to IAB, Intelligence or Anti-terrorism unit investigations or assessments.

**Request No. 33:**

Provide all Documents concerning investigations into, or assessments of, NYPD officers' possible affiliations with Proud Boys, Oath Keepers, Three Percenters, or other far-right or neo-

Nazi organizations, including but not limited to IAB, Intelligence or Anti-terrorism unit investigations or assessments.

**Request No. 34:**

All Documents concerning any investigation into NYPD officers' participation in online far-right/racist message boards, such as the Law Enforcement Rant site Deputy Inspector James Kobel posted on (*see Sierra* First Amended Complaint at ¶¶ 166-168).

**Request No. 35:**

Provide all Documents concerning any discipline of any NYPD officer for use of racist language during the Protests.

**Request No. 36:**

Provide all Unusual Incident reports (UF-49s), after-action reports, to/from memoranda, and Mass Arrests Reports, made or maintained at any time, concerning the following protests:

  a) World Economic Forum protests in 2002;

  b) Republican National Convention protests in 2004;

  c) Occupy Wall Street in 2011 and 2012;

  d) Black Lives Matter protests between 2013 and 2020;

  e) Pro-Trump car caravans on November 1, 2020.

**Request No. 37:**

Provide all Documents concerning complaints, made at any time, alleging NYPD excessive force and use of racial epithets during policing of each protest listed in **Request No. 36**.

**Request No. 38:**

Provide all Documents sufficient to identify all Arrests effected by Officers at each protest listed in **Request No. 36,** including the following information:

a) the total number of Arrests;

b) the total number of summonses related to those Arrests issued disaggregated by race, date the summons was issued, and the command of the issuing Officers;

c) the total number of DATs issued elated to those Arrests disaggregated by race, date the DAT was issued, and the command of the issuing Officers;

d) the total number of arrests processed on-line related to those Arrests disaggregated by race, date of arrest, and the command of the arresting Officers;

e) the summons number, DAT number, and/or arrest number associated with each Arrest;

f) the full name, shield number, and tax identification number of the issuing or arresting Officer;

g) the identity of the person Arrested;

h) location where the Arrest occurred (*i.e.*, borough and address);

i) length of time of custodial detention, including date and time of stop and date and time of release;

j) criminal charge(s); and

k) disposition of any such charge(s).

**Request No. 39:**

Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding who is authorized to determine when a person related to a protest or demonstration may be released with a Summons or DAT, including any relevant NYPD Patrol Guide provisions.

**Request No. 40:**

Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding the steps involved in processing an Arrest for a Protest-Related Violation or Offense outside of a protest or demonstration.

**Request No. 41:**

Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding the steps involved in processing an Arrest for a Protest-Related Violation or Offense related to a protest or demonstration.

**Request No. 42:**

Provide the Academy Transcript and all training logs and other records reflecting the NYPD training each named Defendant received at the NYPD Academy and after graduating the NYPD Academy.

**Request No. 43:**

For each and every dataset produced pursuant to these Requests or in response to any of Plaintiffs' Interrogatories, provide any and all data dictionaries identifying and defining all terms and codes used in each field of the dataset.

**Request No. 44:**

Provide all documents identified or relied upon in responding to Plaintiffs' Interrogatories served in these Actions.

Dated: March 25, 2021

/s/ Travis W. England
Jessica Clarke
  *Chief of Civil Rights Bureau*
Lillian Marquez, *Assistant Attorney General*
Travis England, *Assistant Attorney General*
Gregory Morril, *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street, 20th Floor
New York, NY 10005
Phone: (212) 416-8250
Jessica.Clarke@ag.ny.gov


*Counsel for Plaintiff in People of the State of New York v. City of New York et al,
No. 21 Civ. 322*


/s/ Molly K. Biklen
Molly K. Biklen
Jessica Perry
Daniel R. Lambright
Lisa Laplace
Christopher T. Dunn
NEW YORK CIVIL LIBERTIES UNION
  FOUNDATION
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
mbiklen@nyclu.org
jperry@nyclu.org
dlambright@nyclu.org
llaplace@nyclu.org
cdunn@nyclu.org

/s/ Corey Stoughton
Corey Stoughton
Jennvine Wong
THE LEGAL AID SOCIETY
199 Water Street
New York, NY 10038
(212) 577-3367

cstoughton@legal-aid.org
jwong@legal-aid.org


*Co-Counsel for Plaintiffs in Payne v. de Blasio, 20 Civ. 8924*


Lance A. Clarke, Esq.
Jason Clark, Esq.
Michael L. Spiegel, Esq.
Joshua S. Moskovitz, Esq.
48 Wall Street, Suite 1100
New York, NY 10005
(212) 729-0952

*Co-Counsel for Plaintiffs in Sierra et al v. City of New York, et al, No. 20 Civ. 10291*


Douglas E. Lieb
10 East 40th Street, Suite 3307
New York, NY 10016
(212) 660-2332
dlieb@kllf-law.com


*Counsel for Plaintiff Charles Henry Wood v. de Blasio, et al, No. 20 Civ. 10541*


Stoll, Glickman & Bellina, LLP
Andrew B. Stoll (AS8808)
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
(718) 852-3710
astoll@stollglickman.com

*Counsel for Plaintiff in Yates v. City of New York et al, No. 21 Civ. 01904*

**BELDOCK LEVINE & HOFFMAN LLP**

By: _____

Jonathan C. Moore
David B. Rankin
Luna Droubi
Marc Arena
Deema Azizi
Rebecca Pattiz
Katherine "Q" Adams
Regina Powers

99 Park Avenue, PH/26th Floor
New York, New York 10016
    t: 212-490-0400
    f: 212-277-5880
    e:  jmoore@blhny.com
       drankin@blhny.com
       ldroubi@blhny.com
       marena@blhny.com
       dazizi@blhny.com
       rpattiz@blhny.com
       qadams@blhny.com
       rpowers@blhny.com

**GIDEON ORION OLIVER**

_____

277 Broadway, Suite 1501
New York, NY  10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

**COHEN&GREEN P.L.L.C.**

By: _____

Elena L. Cohen
J. Remy Green
Jessica Massimi

1639 Centre Street, Suite 216
Ridgewood (Queens), NY 11385
    t: (929) 888-9480
    f: (929) 888-9457
    e: elena@femmelaw.com
       remy@femmelaw.com
       jessica@femmelaw.com

**WYLIE STECKLOW PLLC**

_____

By: Wylie Stecklow
Wylie Stecklow PLLC
231 West 96th Street
Professional Suites 2B3
NYC NY 10025
t: 212 566 8000
Ecf@wylielaw.com

**LORD LAW GROUP PLLC**

_____

Masai I. Lord
14 Wall St., Ste 1603
New York, NY 10005
P: 718-701-1002
E: lord@nycivilrights.nyc

*Co-Counsel for Plaintiffs in Sow et al v. City of New York et al, No. 21 Civ. 00533*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations | 20 Civ. 8924 (CM)(GWG) |
| This filing is related to: ALL CASES | |

## PLAINTIFFS' FIRST CONSOLIDATED SET OF INTERROGATORIES TO ALL DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rules 26.3 and 33.3 of the Southern District of New York, plaintiffs in these consolidated actions[1] ("Plaintiffs") request that defendants City of New York, Mayor Bill de Blasio, New York City Police Department ("NYPD") Police Commissioner Dermot F. Shea, and other defendants named in the pleadings in these actions ("Defendants"), answer the following interrogatories under oath, and separately and fully in writing, within thirty (30) days of service hereof, or such shorter time as the Court orders or the parties stipulate.

---

[1] Pursuant to the Court's February 22, 2021 Order (ECF No. 40), the following cases have been consolidated for pretrial purposes: *Payne, et al, v. Mayor Bill De Blasio*, No. 20 Civ. 8924; *Sierra, et al, v City of New York*, No. 20 Civ. 10291; *Wood v. City of New York*, No. 20 Civ. 10541; *People of the State of New York v City of New York*, No. 21 Civ. 322; *Sow, et al, v. City of New York*, 21 Civ. 533 and *Yates v. City of New York et al*, 21 Civ. 1904. Plaintiffs in all consolidated actions hereby serve their first consolidated set Interrogatories to all Defendants in the consolidated actions without prejudice to plaintiffs in any given action supplementing these consolidated Interrogatories with additional case-specific Interrogatories.

## DEFINITIONS

1. Plaintiffs incorporate by reference herein the Uniform Definitions in Discovery Requests set out in Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York (the "Local Civil Rules").

2. "Arrest" means an Officer's seizure, detention, or arrest of a person, including but not limited to for the purpose of issuing them a C-Summons ("summons") or Desk Appearance Ticket ("DAT") or fully processing them for arraignment.

3. "City" and "NYPD" are to be construed to include each other, such that a request for the names of certain NYPD employees, *e.g.*, should be construed to include employees of any agency of the City of New York.

4. "Complaints" means the Complaint, or any superseding amended Complaint, filed in each of these consolidated actions: *Payne, et al, v. Mayor Bill De Blasio*, No. 20 Civ. 8924; *Sierra, et al, v. City of New York*, No. 20 Civ. 10291; *Wood v. City of New York*, No. 20 Civ. 10541; *People of the State of New York v. City of New York*, No. 21 Civ. 322; and *Sow, et al, v. City of New York*, 21 Civ. 533; *Yates v. City of New York et al*, 21 Civ. 904 (together, the "Actions").

5. "Date" means the exact day and time, month, and year if ascertainable, or if not, the best approximation (including relationship to other events).

6. "Defendants" include each and every defendant named in the Complaints.

7. "Identify" means, in addition to any specific instructions or requested information in an Interrogatory, the response must state:

    a.  when referring to an oral communication, the date, subject matter, communicator, recipient of the communication, nature of the communication, whether it was recorded, and identity of any witness thereto.

    b.  when referring to a document, the type of document (e.g. letter, memorandum, email, excel chart, etc.), date, author or originator, addressee(s), signatories, title or subject matter, present location, and the name and address of the current custodian of such document or, if unknown, the present custodian of any copy thereof and the last known address of each such custodian.

    c.  when referring to a person, to the extent known, the person's full name, present or last known complete address, and, in addition, when referring to a natural person, the person's present or last known place of employment or business affiliation (including complete address), position, and the person's place of employment during the relevant time period, defined in the Instructions below.

8. "Officer" means a member of service of the NYPD, regardless of rank, including but not limited to any and all officers, detectives, sergeants, lieutenants, captains, chiefs, and/or deputy commissioners.

9. "Person" means any natural person, association, business, group, organization, legal entity, government entity, or other entity.

10. "Protests" means any and all protests, demonstrations, or gatherings at the Protest Locations identified on the **attached Schedule A** and/or referenced in any of the Complaints.

## INSTRUCTIONS

1. Each interrogatory operates and shall be responded to independently, and unless otherwise indicated, no interrogatory limits the scope of any other interrogatory.

2. If an objection is made to any part of an interrogatory, the response shall state that there is an objection to the interrogatory and the legal and factual basis for such objection.

3. No part of an interrogatory shall be left unanswered merely because an objection is made to another part of the interrogatory.

4. If any interrogatory demands an answer that any Defendant claims may be withheld due to privilege, work product or any other privilege or immunity from disclosure, Defendants shall answer any portion of the interrogatory that is not subject to such a claim, and shall indicate with specificity and particularity the basis of said withholding, including:

   a. the identity of the person(s) having knowledge of the information;

   b. the identity of all persons to whom the information was communicated or otherwise made available;

   c. the job title or position of every person identified in response to subparagraphs (a)and (b);

   d. the date(s) on which the information was received or became known by each person having knowledge of its existence;

   e. a brief description of the nature and subject matter of the information; and the statute, rule or decision that is claimed to give rise to the privilege.

5. If the response to any interrogatory consists in whole or in part of an objection based upon undue burden, then with respect to such response: (a) provide such information as

4

can be ascertained without undue burden; and (b) state with particularity the basis for such objection, including a description of the process or method required to obtain the response to the interrogatory and the estimated cost and time required to obtain the response to the interrogatory.

6. If Defendants cannot answer any interrogatory in full after exercising due diligence to secure the information to do so, please so state and answer the interrogatory to the extent possible, explaining any inability to answer the remainder of any such interrogatory and stating all information or knowledge presently available to Defendants concerning the unanswered portion of said interrogatory.

7. Unless otherwise indicated, the relevant time period for purposes of these Interrogatories is between May 1, 2020, until the present.

8. In addition to following the rules of construction in Rule 26.3(d) of the Local Civil Rules, whenever necessary to bring within the scope of the interrogatory responses that might be otherwise construed outside to be outside their scope, construe:

   a. the use of the singular form of any word as including the plural and vice versa;

   b. the use of a verb in any tense as the use of that verb in all other tenses; and

   c. the use of the feminine, masculine, or neuter genders as including all genders.

9. The Interrogatories are continuing in nature. In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, Defendants are required promptly to serve supplementary responses and produce additional documents if Defendants obtain further or different information.

## INTERROGATORIES

**Interrogatory No. 1:**

For each Protest Location listed on the **attached Schedule A**, identify each and every Officer present, deployed, or otherwise involved in performing official duties at or near such Protest Location, including but not limited to the Officer's full name, shield number, tax identification number, assigned command, and rank of each Officer, and their assignment post, including the time present at each Protest Location.

**Interrogatory No. 2:**

For each Protest Location listed on the **attached Schedule A**, identify each and every Incident Commander(s) in command.

**Interrogatory No. 3:**

For each Protest Location listed on the **attached Schedule A**, identify the Highest Ranking Patrol Service Borough Uniformed member on scene.

**Interrogatory No. 4:**

For each Protest Location listed on the **attached Schedule A**, identify each and every Officer from the NYPD Legal Bureau who was involved in the police response.

**Interrogatory No. 5:**

For each Protest Location listed on the **attached Schedule A**, identify each and every NYPD Strategic Response Group ("SRG") Officer assigned or who performed any of the "Assignments" described in Sections I and II of the March 2019 SRG Guide.

**Interrogatory No. 6:**

For each Protest Location listed on the **attached Schedule A**, identify each and every person who NYPD personnel stopped, detained, questioned, or Arrested (including those released and

issued summonses or desk appearance tickets, or who were processed "on-line") at or near such

Protest Location, including but not limited to:

    a)  the person's full name, address, phone number, date of birth, arrest number, summons

          number, New York State Identification Number (NYSID), desk appearance ticket

          identifier, Stop Report number, and any other personal or NYPD identifying information;

          and

    b)  the full name, rank, shield number, tax identification number, and assigned command, of

          all Officers involved in each of the encounters with persons identified in this

          interrogatory.

**Interrogatory No. 7:**

Identify each and every individual who has submitted a complaint to any agency of the City

(including but not limited to the Civilian Complaint Review Board ("CCRB"), the NYC

Department of Investigation ("DOI"), or the NYC Law Department), and/or NYPD by any

means, directly or indirectly including complaints filed with other New York City agencies that

were forwarded to the NYPD or any other entity for investigation or reference, regarding any

interaction with or observation of NYPD personnel at or near the Protest Locations listed on **the

attached Schedule A**.

**Interrogatory No. 8:**

Identify each and every Officer associated with or otherwise involved in the factual

circumstances giving rise to any and all Complaints by persons identified in response to

**Interrogatory No. 7** above.

**Interrogatory No. 9:**

Identify each and every Officer who was disciplined, or recommended to receive such discipline, for conduct occurring at or relating to any of the Protests occurring at or near the Protest Locations listed on the **attached Schedule A**.

**Interrogatory No. 10:**

Identify each and every individual employed by the City or any of its agencies, including the Office of the Mayor, who communicated with NYPD personnel regarding the NYPD's response to the Protests occurring at or near the Protest Locations listed on the **attached Schedule A**.

**Interrogatory No. 11:**

Identify any and all personnel of the Office of the Mayor or the Mayor's Office of Criminal Justice present at any of the Protests listed on the **attached Schedule A**.

**Interrogatory No. 12:**

For each plaintiff or person identified in the Complaints, and for each other person identified in response to **Interrogatory No. 6** above, identify each and every Officer who directly observed that person or their conduct.

**Interrogatory No. 13:**

For each plaintiff or person identified in the Complaints, and for each other person identified in response to **Interrogatory No. 6** above, identify each and every Officer who determined there was probable cause to Arrest that person, prior to their Arrest.

**Interrogatory No. 14:**

Identify each event since 2000 in connection with which the NYPD opened up or utilized a Mass Arrest Processing Center, including in compliance with the NYPD Patrol Guide provisions and other policies related to making and processing mass and/or large-scale arrests

Dated: March 25, 2021

*/s/ Travis W. England*
Jessica Clarke
  *Chief of Civil Rights Bureau*
Lillian Marquez, *Assistant Attorney General*
Travis England, *Assistant Attorney General*
Gregory Morril, *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street, 20th Floor
New York, NY 10005
Phone: (212) 416-6233
Travis.England@ag.ny.gov

*Counsel for Plaintiff in People of the State of New York v. City of New York et al,
No. 21 Civ. 322*

*/s/ Molly K. Biklen*
Molly K. Biklen
Jessica Perry
Daniel R. Lambright
Lisa Laplace
Christopher T. Dunn
NEW YORK CIVIL LIBERTIES UNION
  FOUNDATION
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
mbiklen@nyclu.org
jperry@nyclu.org
dlambright@nyclu.org
llaplace@nyclu.org
cdunn@nyclu.org

*/s/ Corey Stoughton*
Corey Stoughton
Jennvine Wong
THE LEGAL AID SOCIETY
199 Water Street
New York, NY 10038
(212) 577-3367
cstoughton@legal-aid.org
jwong@legal-aid.org

*Co-Counsel for Plaintiffs in Payne v. de Blasio, 20 Civ. 8924*

Lance A. Clarke, Esq.
Jason Clark, Esq.
Michael L. Spiegel, Esq.
Joshua S. Moskovitz, Esq.
48 Wall Street, Suite 1100
New York, NY 10005
(212) 729-0952

*Co-Counsel for Plaintiffs in Sierra et al v. City of New York, et al, No. 20 Civ. 10291*


Douglas E. Lieb
10 East 40th Street, Suite 3307
New York, NY 10016
(212) 660-2332
dlieb@kllf-law.com

*Counsel for Plaintiff in Wood v. de Blasio, et al, No. 20 Civ. 10541*


Stoll, Glickman & Bellina, LLP
Andrew B. Stoll (AS8808)
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
(718) 852-3710
astoll@stollglickman.com

*Counsel for Plaintiff in Yates v. City of New York et al, No. 21 Civ. 01904*

**BELDOCK LEVINE & HOFFMAN LLP**

By:

Jonathan C. Moore
David B. Rankin
Luna Droubi
Marc Arena
Deema Azizi
Rebecca Pattiz
Katherine "Q" Adams
Regina Powers

99 Park Avenue, PH/26th Floor
New York, New York 10016
　　t: 212-490-0400
　　f: 212-277-5880
　　e: jmoore@blhny.com
　　　drankin@blhny.com
　　　ldroubi@blhny.com
　　　marena@blhny.com
　　　dazizi@blhny.com
　　　rpattiz@blhny.com
　　　qadams@blhny.com
　　　rpowers@blhny.com

**WYLIE STECKLOW PLLC**

By: Wylie Stecklow
Wylie Stecklow PLLC
231 West 96th Street
Professional Suites 2B3
NYC NY 10025
t: 212 566 8000
Ecf@wylielaw.com

**GIDEON ORION OLIVER**

277 Broadway, Suite 1501
New York, NY 10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

**COHEN&GREEN P.L.L.C.**

By:

Elena L. Cohen
J. Remy Green
Jessica Massimi

1639 Centre Street, Suite 216
Ridgewood (Queens), NY 11385
　　t: (929) 888-9480
　　f: (929) 888-9457
　　e: elena@femmelaw.com
　　　remy@femmelaw.com
　　　jessica@femmelaw.com

**LORD LAW GROUP PLLC**

Masai I. Lord
14 Wall St., Ste 1603
New York, NY 10005
P: 718-701-1002
E: lord@nycivilrights.nyc

*Co-Counsel for Plaintiffs in Sow et al v. City of New York et al, No. 21 Civ. 00533*

11

## Schedule A: List of Protest Locations[2]

| Protest No. | Date | Approximate Location | Complaint Allegations |
|---|---|---|---|
| 1 | May 28, 2020 | Lafayette Street to City Hall, Manhattan | *People*, ¶ 51<br>*Sow*, ¶ 65 |
| 2 | May 28, 2020 | Union Square, Manhattan | *People*, ¶¶ 128-132<br>*Payne*, ¶ 44<br>*Sow*, ¶ 65 |
| 3 | May 29, 2020 | Foley Square Manhattan to Near Barclays Center, Brooklyn via Brooklyn Bridge | *People*, ¶¶ 52, 193-195, 196-202<br>*Payne*, ¶ 45<br>*Sow*, ¶ 65<br>*Wood*, ¶¶ 45-47 |
| 4 | May 29, 2020 | Clinton Hill, Brooklyn | *People*, ¶¶ 52, 133-140, 223-226 |
| 5 | May 29, 2020 | Fort Greene, Brooklyn | *People*, ¶ 52 |
| 6 | May 29, 2020 | Bedford-Stuyvesant, Brooklyn (Herbert von King Park), Brooklyn | *People*, ¶¶ 141-149, 161-163 |
| 7 | May 29, 2020 | Pacific Street and Flatbush Avenue, Brooklyn | *People*, ¶¶ 215-219<br>*Wood*, ¶¶ 48-50 |
| 8 | May 29, 2020 | Union Square, Manhattan | *People*, ¶ 52 |
| 9 | May 29, 2020 | Herald Square, Manhattan | *People*, ¶ 52 |
| 10 | May 30, 2020 | Jackson Heights, Queens | *People*, ¶ 53 |
| 11 | May 30, 2020 | Park Slope, Brooklyn | *People*, ¶ 53 |
| 12 | May 30, 2020 | East Flatbush, Brooklyn | *People*, ¶¶ 53, 312-317<br>*Sow*, ¶ 67 |
| 13 | May 30, 2020 | Near Bedford & Tilden Aves., Brooklyn | *People*, ¶¶ 178-192, 235-236 |
| 14 | May 30-31, 2020 | Barclays Center to Flatbush Extension, Brooklyn | *People*, ¶¶ 203-207, 107-114<br>*Payne*, ¶¶ 47-48, 107-115 |
| 15 | May 30, 2020 | Harlem / West Side Highway, Manhattan | *People*, ¶¶ 402-407 |
| 16 | May 30, 2020 | Union Square to FDR Drive/Lower East Side, Manhattan | *Payne*, ¶¶ 50, 117-123<br>*Sow*, ¶¶ 130-151 |
| 17 | May 30, 2020 | City Hall to Brooklyn Bridge, Manhattan | *Sow*, ¶¶ 152-177 |
| 18 | May 31, 2020 | Near Barclays Center, Brooklyn | *People*, ¶ 54<br>*Sow*, ¶ 68 |

---

[2] The allegations listed in this table reference those in the Amended Complaints in *People*, No. 21 Civ. 322 (ECF No. 51), *Payne*, No. 20 Civ. 8224 (ECF No. 54), *Sierra*, No. 20 Civ. 10291 (ECF No. 38), *Sow*, 21 Civ. 533 (ECF No. 49) and *Wood*, 20 Civ. 10541 (ECF No. 48) and the Complaint in *Yates*, No. 21 Civ. 1904 (ECF No. 1).

| Protest No. | Date | Approximate Location | Complaint Allegations |
|---|---|---|---|
| 19 | May 31, 2020 | Downtown Brooklyn to multiple bridges | *People*, ¶ 54 |
| 20 | May 31, 2020 | Brooklyn Bridge | *People*, ¶ 54 |
| 21 | May 31, 2020 | From Manhattan Bridge to Chinatown, Church Avenue, and/or across Canal Street, Manhattan | *People*, ¶ 54<br>*Yates*, ¶¶ 13-21<br>*Wood*, ¶¶ 51-54 |
| 22 | May 31, 2020 | Near Williamsburg Bridge, Manhattan | *People*, ¶ 54 |
| 23 | May 31, 2020 | Broadway to E. 11th St. & Near Union Square, Manhattan | *People*, ¶¶ 155-160, 231-234<br><br>*Payne*, ¶¶ 125-130 |
| 24 | May 31, 2020 | Times Square, Manhattan | *People*, ¶ 54 |
| 25 | May 31, 2020 | F.D.R. Drive, Manhattan | *People*, ¶¶ 208-210 |
| 26 | June 1, 2020 | Midtown, Manhattan | *People*, ¶¶ 55, 227-230<br>*Payne*, ¶ 53<br>*Sow*, ¶¶ 208-219 |
| 27 | June 1, 2020 | East Village, Manhattan | *People*, ¶ 55 |
| 28 | June 1, 2020 | Near Union Square Park, Manhattan | *People*, ¶ 55<br>*Payne*, ¶ 53 |
| 29 | June 1, 2020 | Near Barclays Center, Brooklyn, Crossing Manhattan Bridge into Times Square & Near Port Authority, Manhattan | *People*, ¶ 55<br>*Sow*, ¶¶ 180-206 |
| 30 | June 1, 2020 | Fordham Manor, Bronx | *People*, ¶ 55 |
| 31 | June 1, 2020 | Astoria Park, Queens | *People*, ¶ 55 |
| 32 | June 1, 2020 | Flushing, Queens | *People*, ¶ 55 |
| 33 | June 2, 2020 | Lower Manhattan/Foley Square to Central Park, Manhattan | *People*, ¶¶ 56, 318-323<br>*Payne*, ¶¶ 131-136 |
| 34 | June 2, 2020 | Union Square, Manhattan | *People*, ¶¶ 56 |
| 35 | June 2, 2020 | Near Barclays Center, Brooklyn to Manhattan Bridge | *People*, ¶¶ 330-336 |
| 36 | June 2, 2020 | Upper West Side, Manhattan | *People*, ¶¶ 56, 423-430 |
| 37 | June 2, 2020 | Astor Place, Manhattan | *People*, ¶ 56 |
| 38 | June 2, 2020 | Chelsea, Manhattan | *People*, ¶ 56<br>*Payne*, ¶ 54 |
| 39 | June 2, 2020 | Near West Side Highway, Manhattan | *Payne*, ¶ 54<br>*Sow*, ¶¶ 220-237, 239-282 |
| 40 | June 2, 2020 | Bryant Park to Midtown, Manhattan | *People*, ¶ 57<br>*Wood*, ¶¶ 55-59 |
| 41 | June 3, 2020 | Cadman Plaza, Brooklyn | *People*, ¶¶ 57, 164-168, 337-346<br>*Payne*, ¶¶ 55, 143-159 |

| Protest No. | Date | Approximate Location | Complaint Allegations |
|---|---|---|---|
| | | | *Sow*, ¶ 83<br>*Wood*, ¶¶ 65-66 |
| 42 | June 3, 2020 | Maria Hernandez Park, Brooklyn | *People*, ¶ 57 |
| 43 | June 3, 2020 | Midtown East/Upper East Side, Manhattan | *People*, ¶¶ 57, 237-246, 347-354<br>*Sow*, ¶ 84-85, 284-309<br>*Wood*, ¶¶ 60-64 |
| 44 | June 4, 2020 | Mott Haven, Bronx | *People*, ¶¶ 58, 169-170, 247-255, 284-310, 366-387<br>*Wood*, ¶¶ 116-167<br>*Payne*, ¶¶ 59-65, 161-173, 182-192, 194-200<br>*Sierra*, ¶¶ 41-124<br>*Sow*, ¶¶ 86-93, 310-329, 332-345, 348-390, 392-418 |
| 45 | June 4, 2020 | McCarren Park to South Williamsburg, Brooklyn | *People*, ¶¶ 355-365<br>*Payne*, ¶¶ 58, 202-206<br>*Wood*, ¶¶ 67-68<br>*Sow*, ¶ 84-85 |
| 46 | June 4, 2020 | Clinton Hill and Prospect Heights, Brooklyn | *People*, ¶ 59 |
| 47 | June 4, 2020 | Flatbush, Brooklyn | *People*, ¶ 59 |
| 48 | June 4, 2020 | Brooklyn Bridge | *People*, ¶ 59 |
| 49 | June 4, 2020 | Midtown, Manhattan | *People*, ¶ 59 |
| 50 | June 4, 2020 | Flushing, Queens | *People*, ¶ 59 |
| 51 | June 4, 2020 | Central Park West, Manhattan | *People*, ¶ 59 |
| 52 | June 5, 2020 | Crown Heights, Brooklyn | *People*, ¶ 60 |
| 53 | June 5, 2020 | Sunset Park, Brooklyn | *People*, ¶ 60 |
| 54 | June 5, 2020 | Staten Island | *People*, ¶ 60 |
| 55 | June 5, 2020 | Near Gracie Mansion, Manhattan | *People*, ¶ 60 |
| 56 | June 5, 2020 | Barclays Center to Downtown Brooklyn | *People*, ¶ 60 |
| 57 | June 5, 2020 | Nostrand Ave., Brooklyn | *Payne*, ¶ 71 |
| 58 | June 6, 2020 | Financial District, Manhattan | *People*, ¶ 61 |
| 59 | June 7, 2020 | Upper East Side, Manhattan | *People*, ¶ 61 |
| 60 | June 8, 2020 | Times Square, Manhattan | *People*, ¶ 61 |
| 61 | June 14, 2020 | Times Square, Manhattan | *Payne*, ¶ 74 |
| 62 | June 28, 2020 | Foley Square to West Village, Manhattan (incl. Washington Square Park) | *People*, ¶ 62<br>*Payne*, ¶¶ 78, 174-180, 209-210 |
| 63 | June 23-30, 2020 | City Hall Park, Manhattan | *Payne*, ¶ 74 |

| Protest No. | Date | Approximate Location | Complaint Allegations |
|---|---|---|---|
| 64 | July 3, 2020 | City Hall Park, Manhattan | *People*, ¶ 63 |
| 65 | July 11, 2020 | Dyker Heights, Brooklyn | *Sow*, ¶ 101 |
| 66 | July 12, 2020 | Bay Ridge, Brooklyn | *Sow*, ¶ 102 |
| 67 | July 15, 2020 | Brooklyn Bridge Pedestrian Path | *People*, ¶¶ 408-421 |
| 68 | July 28, 2020 | Kips Bay, Manhattan | *People*, ¶ 64 |
| 69 | September 11, 2020 | McCarren Park, Brooklyn | *People*, ¶ 65 |
| 70 | September 17, 2020 | Foley Square, Manhattan | *Payne,* ¶ 76 |
| 71 | September 19, 2020 | Times Square, Manhattan | *Payne,* ¶ 77 |
| 72 | September 26, 2020 | Washington Square Park and Near Sixth Precinct Stationhouse, Manhattan | *People*, ¶ 66 |
| 73 | October 6, 2020 | Borough Park, Brooklyn | *Sow*, ¶ 103 |
| 74 | October 7, 2020 | Bedford-Stuyvesant, Brooklyn | *People*, ¶ 67 |
| 75 | October 25, 2020 | Coney Island, Brooklyn to near Trump Tower, Manhattan, to Brooklyn Park | *Sow,* ¶ 104 |
| 76 | November 1, 2020 | Hell's Kitchen, Manhattan | *Sow*, ¶ 105 |
| 77 | November 4, 2020 | Washington Square Park, W. 8th and Greenwich Ave., Manhattan | *People*, ¶¶ 68, 388-389 |
| 78 | November 4, 2020 | Central Park to Union Square, Manhattan | *People*, ¶ 68, 390-393 *Payne*, ¶ 78 |
| 79 | November 5, 2020 | West Village to Union Square, Manhattan | *People*, ¶ 69 *Payne*, ¶ 79 |
| 80 | December 2, 2020 | Staten Island | *Sow,* ¶ 106 |
| 81 | December 11, 2020 | Downtown Brooklyn | *People*, ¶ 70 |
| 82 | January 12-16, 2021 | Downtown Brooklyn | *Payne,* ¶ 138 |
| 83 | January 18, 2021 | Barclays Center, Brooklyn to City Hall Park, Manhattan | *People*, ¶¶ 71, 112-113 394-398 *Payne*, ¶¶ 80, 139-140 |