# EXHIBIT 4

# THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.

| | | |
|---|---|---|
| 392 Central Avenue # 7803 | 14 Wall Street, Suite 1603 | www.moskovitzlaw.com |
| Jersey City, New Jersey 07307 | New York, New York 10005 | Fax (888) 398-0032 |
| Tel. (201) 565-0961 | Tel. (212) 380-7040 | josh@moskovitzlaw.com |
| *Admission pending in New Jersey | | |

July 1, 2021

**BY EMAIL**

Dara L. Weiss, Esq.
Senior Counsel
New York City Law Department
Special Federal Litigation
100 Church Street
New York, New York 10007
Daweiss@law.nyc.gov

Matthew Kadushin, Esq.
General Counsel
Civilian Complaint Review Board
100 Church Street
New York, New York 10007
mkadushin@ccrb.nyc.gov

      Re:    *In Re: New York City Policing During Summer 2020 Demonstrations*,
             20 Civ. 8924 (CM) (GWG)
             This letter is related to All Cases

Dear Dara and Matthew,

      We write concerning your June 28 and 30, 2021, emails about relevant CCRB records. We have questions about the information provided, but first, we need answers to the following foundational questions: (1) who has control of the CCRB documents; and (2) who is representing the CCRB? The Court asked these questions during the June 24 conference and the City could not answer them then.[1] Judge Gorenstein noted that the answers to these questions dictate how the Plaintiffs and the Court must proceed to obtain these documents.[2] Your June 28 and 30 emails do not answer these questions.

---

[1] *See* 6/24/21 Conf. Tr. 32:9-14 ("THE COURT: . . . Is the CCRB completely within, the documents of the CCRB completely in the control of the Mayor of the City of New York? MS. WEISS: I actually do not know the answer to that question, Your Honor."); *id.* 33:15-24 ("THE COURT: . . . I don't know if they [the CCRB] need to be subpoenaed, I don't know, maybe they need to be in front of us? I guess is it correct, Ms. Weiss, you're representing them right now? MS. WEISS: I don't know that I'm representing them. I don't know that I have any call to represent them.").

[2] *See id.* 34:8-35:19 ("THE COURT: I'm talking about the plaintiffs, you can only make document requests of parties. So did they properly proceed or not? I mean they can issue a subpoena tomorrow. It's not terribly hard. Someone has to be able to say to me here's what's going in the CCRB and here's their timetable. Are you saying you're not that person? Because I need that person. . . . I mean if [the CCRB is] prepared to submit to the Court's

**THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.**  Dara Weiss and Matthew Kadushin
July 1, 2021
Page 2

We think it is clear that the documents Plaintiffs have requested that are with the CCRB are within the City's custody and control. The CCRB is an agency of the City of New York and it is within the control of the City. *See* N.Y. City Charter Ch. 18-A; *Martinez v. City of N.Y.*, 2008 N.Y. Misc. LEXIS 9679, at *5 (Sup. Ct. N.Y. Cnty. Sept. 11, 2008) ("Without question, the CCRB is under the purview and control of the City of New York."). The City itself has argued, in opposing a subpoena served on CCRB in a federal case where the City of New York was a defendant, that the subpoena should be quashed because the CCRB is an agency of the City. *See Heller v. City of N.Y.*, 2008 U.S. Dist. LEXIS 59081, at *2 (E.D.N.Y. July 31, 2008). The *Heller* court recognized that "counsel for plaintiff could have requested this discovery [from CCRB] directly rather than by subpoena." 2008 U.S. Dist. LEXIS 59081, at *3 n.1. Federal courts routinely dismiss claims brought against the CCRB because it is "an agency of the City of New York" and therefore "is not an entity that can be sued." *E.g.*, *Madison v. City of N.Y.*, 2019 U.S. Dist. LEXIS 93174, at *5 (S.D.N.Y. May 29, 2019) (citing *Carmody v. City of N.Y.*, 2006 U.S. Dist. LEXIS 25308, at *7 (S.D.N.Y. May 11, 2006) ("NYPD and CCRB are agencies of City of New York."); *see also Walker v. City of N.Y.*, 2021 U.S. Dist. LEXIS 87548, at *13 (E.D.N.Y. May 7, 2021) ("claims against agencies of the City of New York, including the NYPD, IAB, the CCRB, and Corporation Counsel, are not allowed").

Thus, the City's response to Plaintiffs' document requests and interrogatories must encompass documents and information held by the CCRB. The City said nothing in its amended discovery responses to suggest that it did not encompass CCRB records and information. However, the City's statements during the June 24 conference suggest that the City's discovery and interrogatory responses do *not* encompass information and documents from the CCRB. We need to know which it is, and what has been done to identify and collect CCRB information and documents that are responsive to Plaintiffs' discovery requests.

Additionally, although your June 28 email explains when the CCRB expects to provide to the Law Department some documents responsive to Plaintiffs' Document Request 15, you have not said when those documents will be produced to the Plaintiffs. Judge Gorenstein specifically ordered the City to provide this information during the June 24 conference.[3] Your emails are also silent about Defendants' efforts to respond to Plaintiffs' other discovery requests that encompass CCRB records (for example, Plaintiffs' Document Requests 16(a) and 30-32 and Plaintiffs' Interrogatories 7-9).

---

jurisdiction now, great. If they want a subpoena, we'll do that tomorrow. But they need to, I think, Ms. Bicklen, it makes sense for them to send you a letter or whoever's representing them to send you a letter immediately saying what the status of the request is because Ms. Weiss is taking the position that she can just request from them and has to wait. Because they're an independent agency. . . . But you [Ms. Weiss] need to know what's going on at the CCRB, and if your answer is I have no control, all I can do is find out what they're doing, then we need to do something else. We need to have a subpoena so that I can order them to do something. I know I can order the City to do something, but it sounds like you're telling me that you have no control over the CCRB.").

[3] *See id.* 36:3-9 ("THE COURT: I want a letter from, if, Ms. Weiss, you can't do it, I want a letter from the CCRB by Monday that says exactly when these documents are going to be produced. *And I don't mean produced to you; I mean produced.* Whoever's producing them. Okay, so that needs to be given to the plaintiffs by Monday, Ms. Weiss, do you understand that?" (emphasis added)).

THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.        Dara Weiss and Matthew Kadushin
July 1, 2021
Page 3

In terms of the information that was provided in your June 28 and 30 emails, we have several preliminary questions:

1.    The "Snapshot" attached to your June 28 email lists fourteen (14) penalty recommendations of "charges," but your email says, "for twelve (12) of these complaints, the CCRB's Board voted Charges and Specifications." Please confirm the number of complaints that resulted in a recommended penalty of Charges and Specifications.

2.    What are the dates and protest locations of the investigations identified in the "Snapshot" as substantiated and the investigations that remain pending?

3.    Do the documents that will be produced include documents concerning the statement in the "Snapshot" that "[t]he CCRB has seen unprecedented challenges in investigating these complaints particularly around the identification of officers due to the failure to follow proper protocols, officers covering their names and shield, officers wearing protective equipment that did not belong to them, the lack of proper use of body worn cameras, as well as incomplete and severely delayed paperwork." Such documents are encompassed by Plaintiffs' Document Request 15.

4.    What is the basis for withholding documents and information related to open CCRB investigations, and which specific documents and information are being withheld (related to open cases or otherwise)?

5.    In terms of the assertion that "CCRB can easily search its database (CTS+) by complainant's name, officer name, and CCRB complaint number" but a "search by location is a time intensive process," we need to know how relevant CCRB documents and information (including electronically stored information) are stored, indexed, and searchable and, among other related questions, how a search based on location differs from a search based on a complainant's name.

We request a conference on these issues pursuant to Fed. R. Civ. P. 37(a)(1), and paragraph 2(A) of Judge Gorenstein's Individual Practices, which provides: "A party must respond within one business day to any request from another party to confer unless an emergency prevents such a response."

Sincerely,

Joshua S. Moskovitz

cc:    All Counsel of Record