# EXHIBIT 5



**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**DARA L. WEISS**
*Senior Counsel*
daweiss@law.nyc.gov
Phone: (212) 356-3517
Fax: (212) 356-1148

July 6, 2021

**By Email**
All Counsel

        In Re:  *New York City Policing During Summer 2020 Demonstrations*,

Counsel:

        Please allow this correspondence to serve as a response to Mr. Moskovitz's emailed letter of July 1. At the outset, we do not believe that answers to the questions he posed in the opening paragraph of his letter are relevant.  More specifically, the documents and information in the possession of the CCRB, to the extent they are responsive, relevant and not privileged, will be produced by the City.  No subpoenas or other requests directly to the CCRB are necessary. Nonetheless, we will confirm that (1) the CCRB has control if its documents and (2) this office is representing the CCRB, at this time, for the limited purpose of producing requested documents.

        Mr. Moskovitz's letter accurately asserts that my June 28th email specified when the CCRB would provide my office with documents rather than when my office would produce documents to plaintiffs.  Judge Gorenstein directed the defendants to advise plaintiffs when these documents and information would be produced.  I apologize for this error and also want to stress the transcript was not yet available when I provided my response, although plaintiffs did have a copy when writing their letter.  To remedy this unintentional error, defendants now state that the CCRB documents and information referred to in our June 28th correspondence and more fully explained in response to your questions 1-5 below will be produced in the July 29th 2021 production. Additionally, CCRB records for the named defendants will be provided in the July 15th, 2021 production.

        Finally, to answer your questions 1-5 on the third page of your letter, please see responses as follows:

        1. A CCRB "complaint" can include several allegations and more than one officer. The CCRB's "Snapshot" indicated that the Board recommended "Charges and Specifications" in 12 complaints. These 12 complaints included allegations against 14 officers. Please note that since the "Snapshot" was issued, two more "complaints" have closed with Charges and Specifications recommended, totaling 14 complaints and 16 officers.

2. See attached

3. The documents that will be produced include "officer unidentified" dispositions. As indicated in the "Snapshot," officers were unable to be identified for several reasons, including, but not limited to, "the failure to follow proper protocols, officers covering their names and shield, officers wearing protective equipment that did not belong to them, the lack of proper use of body worn cameras[.]" CCRB closing reports, along with the enclosed records, document the difficulties that CCRB investigators had with identifying officers in these cases. Additionally, as indicated in the "Snapshot," the CCRB documented that it received "incomplete and severely delayed paperwork" from the NYPD. Once you receive the case files, you can compare the dates on the document request receipts with the timestamp in the file name.

4. The CCRB objects to the disclosure of any other information about open cases as the investigations are ongoing and the CCRB is still trying to collect evidence and identify persons who may be witnesses or subjects in these investigations. The disclosure of information about these incomplete investigations can result, for example, in the loss of evidence and the inability to access witnesses with potentially material information.

Further, sometimes officers are listed as subject officers, and after further investigation they are determined to not have been involved, or only to have been witness officers. The opposite is also true, where an officer believed only to be a witness may, after further investigation, have allegations filed against him or her. Likewise, the allegations pled against an officer might change during the course of the investigation. Allegations that were initially pled may be removed or additional allegations may be added based on new evidence uncovered during the course of the investigation. As the CCRB is still in the information gathering stage of these open investigations, the evidence is still evolving and no conclusions can yet be drawn about the officers involved or the conduct alleged to have committed. Moreover, because open investigations are continually evolving, it would be unduly burdensome for the CCRB to continually send new information in response to this disclosure every time a case was updated. That would have to be done manually for each case, which would be unduly time consuming, and would be ongoing.

Finally, only the CCRB's Board has the authority to make final agency findings and recommendations about officer misconduct. A case is considered closed when the board makes these final findings and determinations. Once that board determination is made, then the CCRB will be able to provide court with its assessment of the evidence and its determinations about officer conduct.

It should also be noted that the CCRB cannot provide the documents in open cases that it can in closed cases. As explained in the CCRB's June 28 letter, the CCRB will be providing closing reports in closed cases, which are the investigative recommendations written by the investigators prior to the case being submitted to the board prior to its voting on the complaint. As the closing recommendation report is written and finalized after the investigation is complete, a final closing report will not exist in most open cases. That is why the CCRB explained that as these cases close, they can supplement the disclosure and provide the closing report and final board findings and determinations for each case, as those are not created until the investigation is complete and the case voted on by the board.

5. As you can see from the response to Question 2, there is no standardization with which locations are recorded. For example, the location of Atlantic Avenue and Flatbush Avenue and the location of Barclay's Center are probably the same location. However, without knowing exactly how each investigator labeled the location, the CCRB would have to go through each case individually to confirm that they refer to a particular location. As previously indicated, "CCRB (a) objects to the production of open cases, and (b) is producing all closed protest cases, CCRB maintains that its recommended production is the most efficient way to proceed." The attached spreadsheet in response to Question 2 will be produced for all closed protest complaints.

Sincerely,

*Dara L. Weiss s/*
Dara L. Weiss
*Senior Counsel*
Special Federal Litigation Division

attachment