**Kaufman Lieb Lebowitz & Frick**
attorneys at law

(212) 660-2332
10 E. 40th St., Suite 3307
New York, NY 10016
www.kllf-law.com

July 15, 2021

**Via ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York

> Re:  In re: New York City Policing During Summer 2020 Demonstrations,
> No. 20-CV-8924
> *This Filing is Related to All Cases*

Dear Judge Gorenstein:

We write on behalf of counsel for all Plaintiffs in these consolidated actions to respectfully request that the Court address, at the scheduled July 20, 2021 discovery conference, Defendants' continued failure to produce officers for depositions.

Of the ten depositions promised before July 19th, two remain open pending outstanding calls for production of documents, one has been unilaterally cut short by Defendants and the deponent, two have been canceled with no alternative date offered or confirmed by Defendants, and three were never scheduled by Defendants in the first place. Counsel for the parties met and conferred about Defendants' failure to produce sufficient witnesses for deposition by WebEx on Tuesday, July 12 at 1:00 pm and agreed that they were at an impasse on that issue. Defendants' obstruction and premature termination of depositions were also addressed on the record at the relevant depositions.

To ensure that depositions proceed as necessary, the Court should so-order the proposed order attached as Exhibit A.

### I. Defendants Have Improperly Obstructed and Terminated Early Depositions

In violation of the Court's orders and Federal Rule of Civil Procedure 30(d)(2), Defendants improperly cut short one of the first three defendant officer depositions that went forward this week and repeatedly demanded Plaintiffs complete a second by 1pm. On July 14, 2021, during the deposition of Officer Andre Jean-Pierre, who is a named defendant in *Sierra*, after approximately four hours of testimony, Defendants unilaterally ended the deposition because Officer Jean-Pierre's "tour" was ending and he did not know if he would be paid overtime if he stayed.[1] Because Officer Jean-Pierre's

---

[1] The rough transcript provided by the court reporter on an expedited basis contains the following statement from Officer Jean-Pierre: "I don't even think I can stay for another hour. I have to leave in the next like 30 minutes. I have to head back to Brooklyn. I don't think I can get overtime for this so. We'll

testimony is relevant to the other consolidated cases, at least five other attorneys had arranged to appear for the deposition. Plaintiffs objected to Defendants unilaterally ending the deposition, which was entirely improper. *See, e.g.*, *ACLI Gov't Secs. v. Rhoades*, No. 81 Civ. 2555(MEL), 1991 WL 270450, at *4 (S.D.N.Y. Dec. 5, 1991) ("walking out of [a] deposition without seeking a court ruling was inexcusable").

Moreover, prior to the deposition, Defendants had not produced Officer Jean-Pierre's relevant Activity Logs (known formerly as "memobooks"), the Desk Appearance Tickets ("DAT") he prepared for the protesters he processed (including Plaintiff Alex Gutierrez), or his full body-worn camera ("BWC") video (only a portion had been produced). Officer Jean-Pierre testified that he provided those items to the Law Department over a month ago and reviewed them prior to his deposition.[2] Plaintiffs' counsel had requested these materials in advance of the deposition and offered at the beginning of the deposition to review them during a break if Defendants produced them. At 12:24 p.m., Senior Counsel Dara Weiss (who was not defending the deposition) emailed Officer Jean-Pierre's Activity Log, but did not send the DATs or the full BWC video.[3] Those materials have still not been produced. Defense counsel's actions unnecessarily delayed and interfered with the deposition of Officer Jean-Pierre.

On Tuesday, the day before Defendants unilaterally ended Officer Jean-Pierre's deposition, Assistant Corporation Counsel Curt Beck called *Sow* counsel Remy Green at 4:17 pm and stated that Det. Harish Mansharamani would not be able to attend his deposition past 1:00 p.m. on Thursday due to an unspecified, but purportedly "immovable," conflict[4]. During his deposition today, Det. Mansharamani testified that

---

probably have to reschedule another day. I'm not going to have enough time. There's no way I can stay for like another hour." Defense counsel later stated: "So the defendants would stipulate at this point to holding this deposition open for the remaining time that the defendants are entitled to under the federal rules . . . . Additionally the reason that we're ending this deposition is that Officer Jean-Pierre, his tour is ending and he needs to check back into his command."

[2] Plaintiffs' counsel wrote to defense counsel last week to request these specific materials in advance of Officer Jean-Pierre's deposition. Having received no response, nor the requested materials, Plaintiffs' counsel wrote to defense counsel again on July 13 reiterating their request. Defense counsel did not respond to Plaintiffs' counsel's July 13 email, nor did they produce these materials before the deposition began. In the spirit of the Court's Individual Rule 2.A, we have not attached these communications here but will provide them if helpful.

[3] When Plaintiffs' counsel asked why those items were being withheld, defense counsel stated: "I don't think I have access to those. There's a team working on this I can send you the activity log if you want to hold this open you know then try to bring officer Jean-Pierre back. You can have that discussion with Dara. All I can do is the activity log right now."

[4] When Det. Mansharamani was questioned about the immovable conflict during the deposition, Mr. Beck claimed a law enforcement privilege and instructed his client not to answer the question.

he only learned of today's deposition earlier this week, and that Corporation Counsel first asked for his schedule on July 13.[5]

## II. Defendants Have Violated the Court's Instruction to Provide Available Deposition Dates for Low-Level Officers

Defendants have repeatedly failed to honor their promises to the Court and Plaintiffs in their scheduling of officer depositions. Defendants initially objected to the depositions noticed to take place in June due to understaffing, as detailed in Plaintiffs' June 29 letter to the Court. ECF No. 178. After Defendants promised but failed to provide alternative dates for those depositions, or a date to meet and confer about scheduling, Plaintiffs requested a conference before Your Honor. *Id.* In their letter response, Defendants stated for the first time that "10 of the 20 witnesses plaintiffs seek to depose are in fact available before July 19, 2021." ECF No. 184 at 2. At the July 2, 2021, conference held to address the issue, Defendants went further, representing to the Court that the 20 witnesses were line officers who they "are definitely ready to go with."[6] 7/2/21 Tr. at 11:4.

The Court directed Defendants to promptly provide the proposed schedule for ten depositions before July 19. *Id.* at 14:2-14 ("The Court: Well, I think they've offered you ten depositions before July 19. . . . Okay, do that."). Regarding the remaining lower-level officers, the Court "told the City they should be making proposals for depositions through August" and ordered Defendants to provide that second tranche of ten additional dates to Plaintiffs by July 9. *Id.* at 18:16; *see also id.* at 28:18-20.

Defendants did not comply with these instructions. Instead, they have identified 12, not 20, dates and have since canceled or cut short five of those depositions. In a July 2 email, Defendants proposed dates for ten depositions through July 22, not July 19, as ordered by the Court. On July 9, instead of providing additional dates, Defendants proposed by email to designate only "Tuesdays and Thursday as depositions days, starting the week of July 26th and going forward through the end of December." This is despite the fact that the Court has ordered that all depositions be completed by December 3rd. ECF No. 43. On July 13, 2021, Defendants offered only two additional officers to be deposed on the final Tuesday and Thursday of July, in keeping with Defendants' unilaterally imposed two-per-week schedule.[7]

---

[5] Defendants' failure to treat these depositions with appropriate seriousness is not limited to scheduling and document production. During today's deposition, for example, Detective Mansharamani was testifying from a cellular phone in a car.

[6] There are in fact over 40 officers who are noticed because of their direct involvement in an arrest or assault against a plaintiff or protestor. All except Fausto Pichardo and Terence Monahan, former NYPD chiefs, had the rank of Captain or below at the time of the relevant incidents.

[7] Defendants have previously raised the notion of a protocol for identifying topics and exhibits in advance of depositions, citing a wrongful conviction case called *Bellamy*. The parties have conferred on this issue. Defendants confirmed that their concern was mainly about higher-ranking deponents on

Even these meager offerings quickly fell apart. After rejecting two dates for Sgt. Majer Saleh, a witness noticed by the People of the State of New York, Defendants offered July 13. On 3:14 pm on July 12, Defendants' counsel Elissa Jacobs stated in an email simply that she was adjourning the deposition. Only when prompted by the People and three hours later did Ms. Jacobs provide a reason for the adjournment request—Sgt. Saleh's purported inability to participate in deposition preparation because he had been on vacation. Ms. Jacobs provided no explanation as to why Corporation Counsel lacked awareness of the conflict when it first provided the date two weeks ago, or why Defendants waited to advise the People of this foreseeable conflict until less than 24 hours before the deposition, causing the People to incur a cancellation fee for the requested and reserved court reporter, as well as the time and resources wastefully allocated for deposition preparation.

Although the City has still not provided alternative deposition dates, it has unreasonably rejected the one offered by the People. On the evening of July 12, the People advised Ms. Jacobs that it would agree to adjourn Sgt. Saleh's deposition to Monday, July 19, and so noticed the deposition on July 14 unless Sgt. Saleh had an "immovable conflict" on that date and the City so advised People by 5:30 PM on July 13. *Id.* The City raised no objection to the adjustment by the stated deadline. Ms. Jacobs waited until after receiving that notice to advise that Sgt. Saleh was "not working on Mondays and so is unavailable on [July 19]." *Id.* But there is no condition in any applicable agreement or stipulation in this case, let alone the Federal Rules, that a party's ability to depose an officer of the NYPD be limited to that officer's work schedule.

This pattern has already extended to future dates. Later on July 14, 2021, Ms. Weiss emailed *Sow* counsel, asserting that the "deposition of Officer Pjetri, scheduled for July 19, 2021 will have to be moved, as she has to appear for jury duty that day" and that "[a]ny new date will be dependent on when she is released from jury duty." Ms. Weiss also declared that the "deposition of Officer Montesino scheduled for July 20, 2021 will have to be moved, as he has an immovable conflict. He can appear instead on July 21, July 27, or August 5." *Id.* The City has never articulated what the "immovable conflict" is, or why it was unaware of it before scheduling the deposition for July 20.

### III.   The Court Should Order Appropriate Relief

Defendants' conduct has violated the Court's July 2nd orders and demonstrates their inability or unwillingness to timely provide a schedule and stick to it. Defendants have squandered the month they had to confirm officers' schedules in order to avoid the situation in which we now find ourselves: scrambling to reschedule last minute cancellations and facing a continually dwindling pool of available deposition dates.

To shore up the dates we do have and ensure a workable protocol going forward, Plaintiffs respectfully request that the Court so-order the attached proposed order,

---

*Monell* issues and committed to both identifying the deponents for whom they want such a protocol and providing a proposal for adapting the *Bellamy* protocol to fit this case.

which provides: (a) the currently scheduled deposition dates; (b) the rescheduled dates for deponents whose depositions have been cancelled or improperly adjourned; (c) that deponents be made available for the seven hours provided for under the Rules unless otherwise agreed to by the parties; (d) that Defendants provide Plaintiffs with dates of availability for ten lower-level officers (plus Defendant Fausto Pichardo solely as to his personal involvement in the *Yates* case) each week; and (e) that Defendants pay the costs of Officer Jean-Pierre's continued deposition and produce all documents and videos that Officer Jean-Pierre provided to them by July 20, 2021, *see Sicurelli v. Jeneric/Pentron, Inc.*, No. 03-CV-4934 (SLT) (KAM), 2005 U.S. Dist. LEXIS 38943, at *22 (E.D.N.Y. Dec. 30, 2005) (directing party to pay for re-deposing witness after the party walked out of the initial deposition).

Respectfully submitted,

/s/

Douglas E. Lieb
Alison Frick

*Counsel for Plaintiff Charles Henry Wood, on behalf of All Plaintiffs*

CC. All counsel of record (by ECF)