

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**DARA L. WIESS**
*Senior Counsel*
daweiss@law.nyc.gov
Phone:  (212) 356-3517
Fax:  (212) 356-1148

July 15, 2021

**By ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re:  *New York City Policing During Summer 2020 Demonstrations*,
      No. 20 Civ. 8924 (CM) (GWG)
      This filing is related to all cases

Your Honor:

    I am a Senior Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter.  I write in accordance with Rule 2.A of the Court's Individual Practices to respectfully oppose the arguments in plaintiffs' letter dated July 13, 2021 ("Letter"), requesting a discovery conference pursuant to Local Civil Rule 37.2 to address defendants' longstanding and legally valid objections to producing: (i) files from the Civilian Complaint Review Board's "open" investigations[1] into allegations of police misconduct during summer 2020 demonstrations; and

---

[1] As used herein, a CCRB investigation into a civilian's CCRB complaint is considered "complete" when CCRB investigators finish their investigation process, prepare a closing report that includes a summary of all investigatory steps taken as well as investigative findings and recommendations; forward that to the CCRB Board, and the CCRB Board votes as to the disposition of each allegation contained in the civilian's overall complaint (dispositions may be "exonerated," "substantiated," "unsubstantiated," etc.).  By contrast, a CCRB investigation is considered "open" when CCRB investigators are still actively undergoing their process of searching for and reviewing evidence and interviewing witnesses to evaluate a civilian's allegations, and the CCRB Board has not yet voted as to the disposition of the allegation or allegations of the civilian's complaint against the subject officer. Accordingly, plaintiffs' statement at page 5 of their Letter that "[o]pen investigations, by their nature, involve complaints that the CCRB has already substantiated," is not true.  "Open" CCRB investigations never contain dispositions for any allegations of misconduct. Defendants express their sincere

(ii) CCRB and disciplinary histories for members of the NYPD who are not parties to and have no known connection to the instant litigation.[2] Plaintiffs' claims that defendants have waived such objections by failing to timely raise them[3] are belied by Exhibit 2 to plaintiffs' Letter; this compilation of defendants' discovery responses[4] establishes that beginning in March 2021 and repeatedly thereafter, defendants specifically objected to plaintiffs' request for production of incomplete CCRB investigation files or those pertaining to allegations that had not been substantiated or were brought against non-party officers.

### I.     Defendants Timely And Repeatedly Objected to Producing Incomplete CCRB Investigation Files

In plaintiffs' words, Document Request No. 15 of their first set of discovery requests, served on March 25, 2021, generally sought "all CCRB records about complaints and investigations of officer misconduct at the summer protests." (Dkt no. 23 at 1) (Ex. 1 at 17-18) Defendants' initial discovery responses dated April 26, 2021 articulated several specific objections to the production of certain CCRB investigation files that fell into the sweeping category presented by request, including that: the request was "overbroad because it seeks documents for 'any' incident under investigation, which may include incidents that have no bearing on the claims at issue;" it would be "unduly burdensome to search for, obtain, and produce 'all documents concerning any incident' under investigation for the 83 Protest Locations;" it sought "documents that are not relevant insofar as any investigation is against a non-party officer;" and it sought "documents that are not relevant because they concern

---

apologies to the Court and the plaintiffs in the event defendants or their communications with the CCRB unintentionally caused this misunderstanding.

[2] Earlier on the date of this writing, July 15, 2021, the Court issued an Order scheduling a Discovery Hearing for July 20, 2021 at 5:00 P.M. (Dkt no. 196)

[3] Plaintiffs' additional claim that defendants' objections are not "legally sound" is easily dismissed. See Ex. 1 at 17-18 (plaintiff's initial discovery request, document request number 15); Ex. 2 at 24-25, 82-83, 140-141 (defendants' initial responses to plaintiffs' initial discovery requests, compiled with defendants' amended and second amended responses to plaintiffs' discovery requests, objecting to plaintiffs' document request no. 15 on grounds of, *inter alia*, undue burden, irrelevance and lack of proportion). See also Levin v. Johnson & Johnson, No. 16-cv-6631 (JFB)(AYS), 2017 U.S. Dist. LEXIS 192090, at *7-9 (E.D.N.Y. Nov. 20, 2017) (denying motion to compel discovery response where non-moving party objected on grounds of undue burden, irrelevance, and lack of proportion).

[4] Note that plaintiffs filed Exhibit 2, a compilation of ALL of defendants' discovery responses – initial, amended, and second amended – to create an exhibit totaling 178 pages, so that they could cite to a mere 9 pages of it (Ex. 2 at 23-25, 81-83, 139-141)] This is yet another example of their gamesmanship, as there was no plausible reason to file defendants entire discovery responses on the public docket.

allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein." (Ex. 2 at 24)

Defendants' initial response to plaintiffs' Document Request 15 also clearly indicated that they would withhold CCRB investigation files that fit within their stated objections, and it explicitly set forth the criteria for the CCRB investigation files they would produce: "Subject to and without waiving any of the above objections, and limiting this response to <u>substantiated and completed disciplinary proceedings relating to incidents that occurred between May 28, 2020 and June 9, 2020,</u> defendants state that they are continuing to search for documents responsive to this request, and will produce these files…." (emphasis added). (Ex. 2 at 24-25) Defendants' amended discovery responses and second amended discovery responses, dated June 4 and June 18, 2021, respectively, both reiterated the full list of specific objections delineated in their initial responses as well as the well-defined and reasonably limited scope of CCRB investigation files defendants agreed to produce on a rolling basis. (<u>Id.</u> at 82-83, 140-141)  As such, Plaintiffs' claim that defendants have waived their opportunity to object to producing CCRB files for investigations that are incomplete and not yet final, which obviously includes open investigations, is completely baseless.

## II.     Defendants Will Produce the Contents of Closed Investigatory Files

Contrary to the assertions in plaintiffs' letter, as clarified above, plaintiffs will be served with all the previously indicated investigatory materials for all closed CCRB investigations.  The undersigned informed plaintiffs of this on numerous occasions.  These investigatory materials contain documents such as interviews of officers and civilian witnesses, body worn camera footage and other video footage, and NYPD paperwork, in addition to closing reports that summarize overall investigative activities and findings.  This office is currently in possession of these documents and will produce them with our July 29, 2021 production, as was made clear to counsel for plaintiffs. It should be noted that much of the CCRB investigation files are likely duplicative of productions already made or being made by the City, including  arrest/complaint reports, summonses, injury to inmate reports, body worn camera and TARU video, so plaintiffs are already in possession of a fair amount of this material.  Nonetheless, this office is in the process of reviewing the files, and they will be produced.

## III.     Valid Objections to Producing Open CCRB Investigation Files

Defendants object to producing the contents of open investigation files for a number of reasons.  As clarified above, "open investigations/cases" are those in which the allegations of misconduct against one or more NYPD employees by a member of the public are still being investigated by the CCRB and no determination has been made as to the validity of those allegations.  The information in those files, while still open, is unreliable and not useful, as explained in the undersigned's July 6th letter to plaintiffs.  For example, officers who are named as "subjects" of complaints may have been misidentified by civilians and later exonerated and

replaced with other subject officers. On one hand, certain allegations raised by a civilian may be deemed "unfounded," while on the other hand, various other allegations not raised by the civilian may be added by CCRB investigators and substantiated against the NYPD employee. In other words, the subject, allegations and information in an "open" complaint is constantly changing and unreliable.

Moreover, if the contents of an "open" complaint were produced, they would have to be constantly updated, which is unduly burdensome, based upon the minimal staffing at the CCRB. The defendants will, however, agree to an interim production of the investigatory file for open CCRB investigations of incidents involving plaintiffs Yates, Mali, and Gini. Such a limited production, that is clearly relevant as it related directly to named plaintiffs, while burdensome, is much more practicable.

### IV. Plaintiffs' *Monell* Claim For Failure to Discipline Claim Does Not Render Non-Party Officers' Disciplinary Histories Relevant

Defendants do not concede that plaintiffs' *Monell* claim premised on the theory of failure to discipline means that, effectively, the CCRB -- or other disciplinary history -- for any and all officers ever involved in the process of a CCRB investigation of an allegation of misconduct in any capacity, whether as the subject of a complaint or mentioned as a possible witness to the alleged misconduct, automatically opens up that witness officer's own disciplinary history to scrutiny. In other words, there is no reason for plaintiffs to have an open book into the entire disciplinary history of any officer mentioned in these lawsuits, or even seen on video.

But, as plaintiffs are well aware, every NYPD officer's CCRB history is publicly available on the CCRB's website. They certainly can look up complaints against any officer they choose. If, after viewing an officer's publicly available CCRB history, plaintiffs have a good faith basis to request more information about a certain investigation against a certain officer, if, for example, it seems like a complaint was substantiated against an officer that seems very similar to an allegation against that officer in these lawsuits, then it may be appropriate to disclose further information about that investigation. But simply providing all records of all allegations against all officers even mentioned as part of these cases[5] is overbroad, irrelevant, and unduly burdensome.

Based on the forgoing, the requests for relief made in plaintiffs' letter of July 14, 2021, should be denied in their entirety.

---

[5] There are many. For example, plaintiffs are seeking to depose over 200 NYPD employees and have informed defendants that they will likely seek to depose even more.

Thank you for your consideration herein.

                                                                                   Respectfully submitted,

                                                                                   *Dara L. Weiss s/*

                                                                                    Dara Weiss
                                                                                    *Senior Counsel*
                                                                                    Special Federal Litigation Division

cc:     ALL COUNSEL (via ECF only)