UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

JARRETT PAYNE; ANDIE MALI; CAMILA
GINI; VIDAL GUZMAN; VIVIAN MATTHEW
KING-YARDE; CHARLIE MONLOUIS-
ANDERLE; JAIME FRIED; MICAELA
MARTINEZ; JULIAN PHILLIPS; NICHOLAS
MULDER; and COLLEEN MCCORMACK-
MAITLAND,

                               Plaintiffs,

                -against-

MAYOR BILL DE BLASIO; POLICE
COMMISSIONER DERMOT SHEA; CHIEF OF
DEPARTMENT TERENCE MONAHAN; CITY OF
NEW YORK; SERGEANT GYPSY PICHARDO;
SERGEANT KEITH CHENG; OFFICER
MATTHEW TARANGELO; OFFICER
MATTHEW L. PERRY; LIEUTENANT THOMAS
R. HARDELL; DETECTIVE DAMIAN RIVERA;
OFFICER JACQUELINE VARGAS; OFFICER
JOSEPH DECK; LIEUTENANT MICHAEL
BUTLER; OFFICER AARON HUSBANDS;
SERGEANT THOMAS E. MANNING; OFFICERS
JOHN DOE 1-26; OFFICER JANE DOE 1;
OFFICER DOE ESPOSITO; and SERGEANT DOE
CARABALLO,

                               Defendants.

-----------------------------------------------------------------------x

**ANSWER TO
FIRST AMENDED
COMPLAINT**

No. 20-cv-08924(CM) (GWG)

        Defendants City of New York ("City"), Mayor Bill de Blasio, and NYPD Chief of

Department Terence Monahan,[1] ("defendants")[2] by their attorney, **GEORGIA M. PESTANA**,

---

[1] Defendants Gypsy Pichardo, Keith Cheng, Matthew Tarangelo, Matthew L. Perry, Thomas R. Hardell, Damian Rivera, Jacqueline Vargas, Joseph Deck, Michael Butler, Aaron Husbands, and Thomas E. Manning filed their answer to the First Amended Complaint on April 23, 2021 (Dkt no. 135).

[2] The Court's Memorandum Decision and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the Amended Complaints, dated July 9, 2021 (Dkt no. 191),

Acting Corporation Counsel of the City of New York, as and for their answer to the First Amended Complaint, respectfully allege as follows:

1.      Deny the allegations set forth in paragraph "1" of the first amended complaint.

2.      Deny the allegations set forth in paragraph "2" of the Amended Complaint.

3.      Deny the allegations set forth in paragraph "3" of the Amended Complaint.

4.      Deny the allegations set forth in paragraph "4" of the Amended Complaint.

5.      Deny the allegations set forth in paragraph "5" of the Amended Complaint.

6.      Deny the allegations set forth in paragraph "6" of the Amended Complaint except admit that the plaintiffs in this action who were arrested were lawfully arrested while attending protests.

7.      Deny the allegations set forth in paragraph "7" of the Amended Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the first amended complaint, except deny that plaintiff was falsely arrested and subjected to excessive force and excessive detention

---

dismissed former defendant NYPD Commissioner Dermot F. Shea from this action; defendants respectfully request that the case caption be amended accordingly.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the first amended complaint, except admit that plaintiff Andie Mali was arrested on May 30, 2020.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the first amended complaint, except admit that plaintiff Camila Gini was arrested on May 30, 2020.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the first amended complaint.

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the first amended complaint, except admit that plaintiff King-Yarde was arrested on May 31, 2020.

13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the first amended complaint, except admit that plaintiff Monlouis-Anderle was arrested on June 3, 2020.

14.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the first amended complaint, except admit that plaintiff Fried was arrested on June 4, 2020.

15.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the first amended complaint, except admit that plaintiff Martinez was arrested on June 4, 2020.

16.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the first amended complaint, except admit that plaintiff Phillips was arrested on June 4, 2020.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the first amended complaint, except admit that plaintiff Mulder was arrested on June 4, 2020.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the first amended complaint.

19.     Deny the allegations set forth in paragraph "19" of the Amended Complaint except admit that defendant de Blasio is the Mayor of New York City and is responsible for appointing the New York City Police Commissioner.

20.     Deny the allegations set forth in paragraph "20" of the Amended Complaint except admit that defendant Shea is the Police Commissioner of New York City.

21.     Deny the allegations set forth in paragraph "21" of the Amended Complaint except admit that defendant Monahan was the Chief of Department of the NYPD at all times relevant to the complaint.

22.      Deny the allegations set forth in paragraph "22" of the Amended Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and that it maintains a police department.

23.     Deny the allegations set forth in paragraph "23" of the Amended Complaint except admit that defendant Pichardo is or was a police officer employed by the NYPD at all times relevant to the first amended complaint.

24.     Deny the allegations set forth in paragraph "24" of the Amended Complaint except admit that defendant Cheng is or was a police officer employed by the NYPD at all times relevant to the first amended complaint.

25.     Deny the allegations set forth in paragraph "25" of the Amended Complaint except admit that defendant Tarangelo is or was a police officer employed by the NYPD at all times relevant to the first amended complaint.

26.     Deny the allegations set forth in paragraph "26" of the Amended Complaint except admit that defendant Perry is or was a police officer employed by the NYPD at all times relevant to the first amended complaint.

27.     Deny the allegations set forth in paragraph "27" of the Amended Complaint except admit that defendant Hardelll is or was a police officer employed by the NYPD at all times relevant to the first amended complaint.

28.     Deny the allegations set forth in paragraph "28" of the Amended Complaint except admit that defendant Rivera is or was a police officer employed by the NYPD at the time alleged in paragraphs 167-70 of the first amended complaint.

29.     Deny the allegations set forth in paragraph "29" of the Amended Complaint except admit that defendant Vargas is or was a police officer employed by the NYPD at all times relevant to the first amended complaint.

30.     Deny the allegations set forth in paragraph "30" of the Amended Complaint except admit that defendant Deck is or was a police officer employed by the NYPD at all times relevant to the first amended complaint.

31.     Deny the allegations set forth in paragraph "31" of the Amended Complaint except admit that defendant Butler is or was a police officer employed by the NYPD at all times relevant to the first amended complaint.

32.     Deny the allegations set forth in paragraph "32" of the Amended Complaint except admit that defendant Husbands is or was a police officer employed by the NYPD at all times relevant to the first amended complaint.

33.     Deny the allegations set forth in paragraph "33" of the Amended Complaint except admit that defendant Manning is or was a police officer employed by the NYPD at all times relevant to the first amended complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the first amended complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the first amended complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the first amended complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the first amended complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the first amended complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the first amended complaint.

40.     Deny the allegations set forth in paragraph "40" of the Amended Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Amended Complaint and respectfully refer the Court to the August 12, 2013 Opinion and Order of the Honorable Shira A. Scheindlin in the civil action captioned Floyd v. City of New York, No. 08-Civ.-1034 (SAS) (S.D.N.Y.), for its content and context..

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the first amended complaint and respectfully refer the Court to the cited articles for their content and context.

44.     Deny the allegations set forth in paragraph "44" of the Amended Complaint except admit that a demonstration took place in Manhattan on May 28, 2020 and respectfully refer the Court to the cited Attorney General's report for its content and context..

45.     Deny the allegations set forth in paragraph "45" of the Amended Complaint except admit that on May 29. 2020 there were demonstrations in Manhattan and Brooklyn, and a number of participants were arrested and respectfully refer the Court to the cited article for its content and context.

46.     Deny the allegations set forth in paragraph "46" of the Amended Complaint except admit that defendant Shea commented publicly on the protest activity, and respectfully refer the Court to the cited article for its content and context..

47.     Deny the allegations set forth in paragraph "47" of the Amended Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Amended Complaint and respectfully refer the Court to the citations in the first amended complaint for their content and context.

49.     Deny the allegations set forth in paragraph "49" of the Amended Complaint except admit that defendant Shea sent a Twitter message to the members of the NYPD and respectfully refer the Court to defendant Shea's cited Twitter account for the content and context of the cited Twitter message.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Amended Complaint except admit that a demonstration took place on May 31, 2020 in lower Manhattan and respectfully refer the Court to the cited articles and media reports for their content and context.

51.     Deny the allegations set forth in paragraph "51" of the Amended Complaint and state that any Emergency Executive Orders issued speak for themselves.

52.     Deny the allegations set forth in paragraph "52" of the Amended.

53.     Deny the allegations set forth in paragraph "53" of the Amended Complaint and respectfully refer the Court to the cited articles for their content and context.

54.     Deny the allegations set forth in paragraph "54" of the Amended Complaint and respectfully refer the Court to the cited articles for their content and context.

55.     Deny the allegations set forth in paragraph "55" of the Amended Complaint and respectfully refer the Court to the cited article for its content and context.

56.     Deny the allegations set forth in paragraph "56" of the Amended Complaint except admit that Mayor De Blasio spoke at a press conference on June 4, 2020 and respectfully refer the Court to the articles cited for their full content and context.

57.     Deny the allegations set forth in paragraph "57" of the Amended Complaint except admit that defendant Commissioner Shea  spoke at a press conference on June 4, 2020

58.     Deny the allegations set forth in paragraph "58" of the Amended Complaint.

59.     Deny the allegations set forth in paragraph "59" of the Amended Complaint.

60.     Deny the allegations set forth in paragraph "60" of the first amended complaint.

61.     Deny the allegations set forth in paragraph "61" of the Amended Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Amended Complaint and respectfully refer the Court to the cited article for its content and context.

63.     Deny the allegations set forth in paragraph "63" of the Amended Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Amended Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Amended Complaint except admit that officials from the NYPD Legal Bureau were present near the scene of the demonstration activity in Mott Haven, Bronx on June 4, 2020 and respectfully refer the Court to the cited articles and videos for their content and context.

66.     Deny the allegations set forth in paragraph "66" of the Amended Complaint and respectfully refer the Court to the cited articles for their content and context.

67.     Deny he allegations set forth in paragraph "67" of the Amended Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Amended Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Amended Complaint except admit that defendants Mayor deBlasio and Commissioner Shea spoke at a press conference on June 5, 2020 and respectfully refer the Court to the cited articles for their content and context.

70.     Deny the allegations set forth in paragraph "70" of the Amended Complaint except admit that defendants Mayor de Blasio and Commissioner Shea spoke at a press conference on June 5, 2020 and respectfully refer the Court to the cited articles for their content and context.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the first amended complaint, and respectfully refer the Court to the cited article for its content and context.

72.     Deny the allegations set forth in paragraph "72" of the Amended Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Amended Complaint except admit that defendant Mayor de Blasio spoke at a news conference on June 7, 2020 and respectfully refer the Court to the cited articles for their content and context.

74.     Deny the allegations set forth in paragraph "74" of the Amended Complaint except admit that protests took place during June 2020 and respectfully refer the Court to the cited articles for their content and context.

75.     Deny the allegations set forth in paragraph "75" of the Amended Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Amended Complaint.

77.     Deny the allegations set forth in paragraph "77" of the Amended Complaint.

78.     Deny the allegations set forth in paragraph "78" of the Amended Complaint.

79.     Deny the allegations set forth in paragraph "79" of the Amended Complaint.

80.     Deny the allegations set forth in paragraph "80" of the Amended Complaint except admit that on January 18, 2021, Martin Luther King, Jr. Day, a group of protesters marched over the Brooklyn Bridge into Manhattan and respectfully refer to the cited article for its content and context.

81.     Deny the allegations set forth in paragraph "81" of the Amended Complaint.

82.     Deny the allegations set forth in paragraph "82" of the Amended Complaint.

83.     Deny the allegations set forth in paragraph "83" of the Amended Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Amended Complaint.

85.     Deny the allegations set forth in paragraph "85" of the Amended Complaint except admit that during a City Council hearing on February 16, 2021, Chief of Patrol Juanita Holmes made statements regarding the NYPD's internal review undertaken in July 2020

and respectfully refer the Court to the minutes of the City Council hearing for the content and context of Chief Holmes's statements.

86.     Deny the allegations set forth in paragraph "86" of the Amended Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Amended Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Amended Complaint.

89.     Deny the allegations set forth in paragraph "89" of the Amended Complaint.

90.     Deny the allegations set forth in paragraph "90" of the Amended Complaint, except admit that Chief Monahan communicated with members of Mayor deBlasio and Commissioner Shea's offices.

91.     Deny the allegations set forth in paragraph "91" of the Amended Complaint.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the Amended Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Amended Complaint but admit a document entitled "Floyd Demo Quick Reference" was created, the contents and context of which speak for itself.

94.     Deny the allegations set forth in paragraph "94" of the Amended Complaint.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the first amended complaint, but admit that Attorney General James instituted an investigation into the NYPD's practices during protests in the summer of 2020.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the first amended complaint, and respectfully refer the Court to the cited report for its content and context.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the first amended complaint, and respectfully refer the Court to the cited report for its content and context.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the first amended complaint, and respectfully refer the Court to the cited report for its content and context.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the first amended complaint, and respectfully refer the Court to the cited report for its content and context.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the first amended complaint, and respectfully refer the Court to the cited report for its content and context.

101.    Deny the allegations set forth in paragraph "101" of the Amended Complaint and respectfully refer the Court to the cited report for its content and context.

102.    Deny the allegations set forth in paragraph "102" of the Amended Complaint and respectfully refer the Court to the cited report for its content and context.

103.    Deny the allegations set forth in paragraph "103" of the Amended Complaint except admit that the DOI Report makes a statement similar to the altered and truncated quotation set forth in paragraph number "103" of the first amended complaint and respectfully refer the Court to the cited report at page 30 (as opposed to page 29, which is incorrectly cited by plaintiffs in footnote number 56 of the first amended complaint), for the full and correct content and context of the referenced statement.

104.    Deny the allegations set forth in paragraph "104" of the Amended Complaint except admit that the DOI Report engages in an analysis similar to the broad oversimplification set forth in paragraph "104" of the first amended complaint and respectfully refer the Court to the cited DOI Report at page 33, for the full and correct content and context of the excerpted quotations.

105.    Deny the allegations set forth in paragraph "105" of the Amended Complaint except admit that the DOI Report sets forth similar observations which reveal the excerpts set forth in paragraph "105" of the first amended complaint as oversimplified and incomplete and respectfully refer the Court to pages 34-35 of the DOI Report for the full and accurate content and context of the excerpted statements..

106.    Deny the allegations set forth in paragraph "106" of the Amended Complaint and respectfully refer the Court to the Section of the DOI Report from which plaintiffs have removed from context and mischaracterized the quotation set forth in paragraph "106" of the first amended complaint, i.e., the DOI Report Section titled, "Finding 4: NYPD Deployed Officers Who Lacked Sufficient Recent Training on Policing Protests" (pp. 56-63) -- in particular the following statement at p. 62: "Although DOI did not identify specific links between a lack of training and improper police conduct, inadequate training raises concerns that

officers lack the tools to make the necessary discretionary or tactical judgments during protests, particularly those as complex as the Floyd protests.".

107.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the first amended complaint.

108.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the first amended complaint.

109.     Deny the allegations set forth in paragraph "109" of the first amended complaint.

110.     Deny the allegations set forth in paragraph "110" of the first amended complaint.

111.     Deny the allegations set forth in paragraph "111" of the first amended complaint.

112.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the first amended complaint.

113.     Deny the allegations set forth in paragraph "113" of the Amended Complaint except admit that plaintiffs Mali and Gini both received summonses on May 31, 2020.

114.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the first amended complaint, except deny any alleged injuries sustained were caused by defendants

115.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the first amended complaint, except deny plaintiffs were "brutalized" by defendants.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the first amended complaint.

117.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the first amended complaint

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the first amended complaint

119.    Deny the allegations set forth in paragraph "119" of the first amended complaint.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the first amended complaint, including anything plaintiff Guzman may have experienced on May 30, 2020.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the first amended complaint.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the first amended complaint.

123.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the first amended complaint, except deny any injuries allegedly sustained were caused by defendants.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the first amended complaint.

125.    Deny the allegations set forth in paragraph "125" of the first amended complaint.

126.    Deny the allegations set forth in paragraph "126" of the first amended complaint.

127.    Deny the allegations set forth in paragraph "127" of the first amended complaint.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the first amended complaint.

129.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" of the first amended complaint, except deny and injuries allegedly sustained were caused by defendants.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the first amended complaint.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the first amended complaint, except deny plaintiff was subjected to violence by defendants.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the first amended complaint.

133.    Deny the allegations set forth in paragraph "133" of the first amended complaint.

134.    Deny the allegations set forth in paragraph "134" of the first amended complaint.

135.    Deny the allegations set forth in paragraph "135" of the first amended complaint.

136.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the Amended Complaint except admit that plaintiff Payne received summonses on June 2, 2020.

137.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the first amended complaint, except deny plaintiff was subjected to brutality by defendants.

138.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the first amended complaint, except deny that defendant Cheng "forcefully and repeatedly shoved [plaintiff Payne] in his chest.

139.     Deny the allegations set forth in paragraph "139" of the Amended Complaint except admit that defendant Tarangelo arrested plaintiff Payne on January 18, 2020.

140.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "140" of the Amended Complaint except admit that plaintiff Payne was arrested on January 18, 2020, and deny that plaintiff was "violently arrested.".

141.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the first amended complaint, except deny plaintiff's alleged injuries were caused by defendants.

142.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the first amended complaint.

143.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the first amended complaint.

144.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the first amended complaint.

145.     Deny the allegations set forth in paragraph "145" of the Amended Complaint.

146.     Deny the allegations set forth in paragraph "146" of the first amended complaint.

147.     Deny the allegations set forth in paragraph "147" of the first amended complaint.

148.     Deny the allegations set forth in paragraph "148" of the first amended complaint.

149.     Deny the allegations set forth in paragraph "149" of the first amended complaint.

150.     Deny the allegations set forth in paragraph "150" of the first amended complaint.

151.     Deny the allegations set forth in paragraph "151" of the first amended complaint.

152.     Deny the allegations set forth in paragraph "152" of the first amended complaint.

153.     Deny the allegations set forth in paragraph "153" of the first amended complaint.

154.     Deny the allegations set forth in paragraph "154" of the first amended complaint.

155.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the first amended complaint.

156.    Deny the allegations set forth in paragraph "156" of the Amended Complaint except admit that defendant Perry was present at the New York Presbyterian Brooklyn Methodist Hospital.

157.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the first amended complaint.

158.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the first amended complaint, but admit that defendant Perry wrote plaintiff Monlouis-Anderle a summons and then exited the hospital while plaintiff Monlouis-Anderle was still there.

159.    Deny the allegations set forth in paragraph "159" of the first amended complaint.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "160" of the first amended complaint, except deny plaintiff was a victim of police violence.

161.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the first amended complaint.

162.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the first amended complaint.

163.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "163" of the first amended complaint.

164.    Deny the allegations set forth in paragraph "164" of the first amended complaint.

165.    Deny the allegations set forth in paragraph "165" of the first amended complaint.

166.    Deny the allegations set forth in paragraph "166" of the first amended complaint.

167.    Deny the allegations set forth in paragraph "167" of the Amended Complaint.

168.    Deny the allegations set forth in paragraph "168" of the Amended Complaint.

169.    Deny the allegations set forth in paragraph "169" of the Amended Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what plaintiff Fried alleges to have observed.

170.    Deny the allegations set forth in paragraph "170" of the Amended Complaint except admit that plaintiff Fried was loaded onto a van for transport to another location for arrest processing, at which time their personal possessions were vouchered for safe-keeping .

171.    Deny the allegations set forth in paragraph "171" of the first amended complaint.

172.    Deny the truth of what plaintiff Fried claims to have observed, but admit that plaintiff Fried so alleges.

173.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the Amended Complaint except admit that plaintiff Fried was issued summonses on June 4, 2020.

174.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174 of the first amended complaint.

175.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "175" of the first amended complaint.

176.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "176" of the first amended complaint.

177.     Deny the allegations set forth in paragraph "177" of the Amended Complaint.

178.     Deny the allegations set forth in paragraph "178" of the Amended Complaint.

179.     Deny the allegations set forth in paragraph "179" of the Amended Complaint.

180.     Deny the allegations set forth in paragraph "180" of the first amended complaint.

181.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "181" of the first amended complaint, except deny plaintiff was a victim of police violence.

182.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "182" of the first amended complaint.

183.    Deny the allegations set forth in paragraph "183" of the Amended Complaint.

184.    Deny the allegations set forth in paragraph "184" of the Amended Complaint.

185.    Deny the allegations set forth in paragraph "185" of the Amended Complaint.

186.    Deny the allegations set forth in paragraph "186" of the Amended Complaint.

187.    Deny the allegations set forth in paragraph "187" of the Amended Complaint except admit that plaintiff was handcuffed using plastic flexcuffs.

188.    Deny the allegations set forth in paragraph "188" of the Amended Complaint except admit that defendant Deck approached plaintiff Martinez where she had been waiting, previously handcuffed by another officer, and that defendant Deck acknowledged plaintiff Martinez complained that her flexcuffs were too tight.

189.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "189" of the first amended complaint, except admit that defendant Deck walked plaintiff Martinez to a NYPD bus, where defendant Deck stood with Martinez as she waited in the line to board the bus, during which time defendant Deck removed Martinez's flexcuffs and replaced them with another set of looser flexcuffs.

190.    Deny the allegations set forth in paragraph "190" of the first amended complaint.

191.    Deny the allegations set forth in paragraph "191" of the first amended complaint.

192.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "192" of the first amended complaint, except admit that plaintiff Martinez received a summons for her conduct on June 4, 2020.

193.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "193" of the first amended complaint, except deny plaintiff was subjected to wrongful conduct by defendants at Mott Haven.

194.    Deny the allegations set forth in paragraph "194" of the Amended Complaint.

195.    Deny the allegations set forth in paragraph "195" of the first amended complaint.

196.    Deny the allegations set forth in paragraph "196" of the first amended complaint.

197.    Deny the allegations set forth in paragraph "197" of the first amended complaint.

198.    Deny the allegations set forth in paragraph "198" of the first amended complaint

199.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "199" of the first amended complaint, except admit plaintiff Phillips received a summons.

200.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "200" of the first amended complaint, except deny any alleged injuries were caused by defendants.

201.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "201" of the first amended complaint, except deny plaintiff was subjected to any wrongful conduct by defendants at Mott Haven.

202.    Deny the allegations set forth in paragraph "202" of the first amended complaint.

203.    Deny the allegations set forth in paragraph "203" of the Amended Complaint.

204.    Deny the allegations set forth in paragraph "204" of the Amended Complaint.

205.    Deny the allegations set forth in paragraph "205" of the Amended Complaint except admit that plaintiff Mulder was transported on an NYPD to Central Booking in Brooklyn for processing by his assigned arresting officer, defendant Husbands..

206.    Deny the allegations set forth in paragraph "206" of the Amended Complaint except admit that plaintiff Mulder received a criminal summons for violating the City-wide curfew.

207.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "207" of the first amended complaint.

208.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "208" of the first amended complaint, except deny plaintiff was assaulted by defendants.

209.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "209" of the first amended complaint.

210.    Deny the allegations set forth in paragraph "210" of the Amended Complaint.

211.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "211" of the first amended complaint, except deny plaintiff was trapped or pepper sprayed by NYPD officers.

212.    Deny the allegations set forth in paragraph "212" of the Amended Complaint.

213.    Deny the allegations set forth in paragraph "213" of the Amended Complaint.

214.    Deny the allegations set forth in paragraph "214" of the Amended Complaint.

215.    Deny the allegations set forth in paragraph "215" of the Amended Complaint.

216.    Deny the allegations set forth in paragraph "216" of the Amended Complaint.

217.    Deny the allegations set forth in paragraph "217" of the Amended Complaint.

218.    Deny the allegations set forth in paragraph "218" of the Amended Complaint.

219.    Deny the allegations set forth in paragraph "219" of the Amended Complaint.

220.    Deny the allegations set forth in paragraph "220" of the Amended Complaint.

221.    Deny the allegations set forth in paragraph "221" of the Amended Complaint.

222.    Deny the allegations set forth in paragraph "222" of the Amended Complaint.

223.    Deny the allegations set forth in paragraph "223" of the Amended Complaint.

224.    Deny the allegations set forth in paragraph "224" of the Amended Complaint.

225.    Deny the allegations set forth in paragraph "225" of the Amended Complaint.

226.    Paragraph "226" is a demand for a jury trial and therefore no response is required.

227.    Deny the allegations set forth in paragraph "227" of the first amended complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

228.    Deny the allegations set forth in paragraph "228" of the first amended complaint, except admit that plaintiffs purport to base venue as stated therein.

229.    Deny the allegations set forth in paragraph "229" of the Amended Complaint.

230.    Deny the allegations set forth in paragraph "230" of the Amended Complaint.

231.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "231" of the first amended complaint.

232.    Deny the allegations set forth in paragraph "232" of the Amended Complaint.

233.    Deny the allegations set forth in paragraph "233" of the Amended Complaint.

234.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "234" of the first amended complaint.

235.    Deny the allegations set forth in paragraph "235" of the Amended Complaint.

236.    Deny the allegations set forth in paragraph "236" of the Amended Complaint.

237.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "237" of the first amended complaint.

## FIRST AFFIRMATIVE DEFENSE:

238.    The first amended complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

239.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable and/or the negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

## THIRD AFFIRMATIVE DEFENSE:

240.    Defendants de Blasio and Monahan did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE:

241.    Defendants City of New York, de Blasio, and Monahan have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants City, de Blasio, Shea, and Monahan violated any act of Congress providing for the protection of civil rights.

## FIFTH AFFIRMATIVE DEFENSE:

242.    To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

## SIXTH AFFIRMATIVE DEFENSE:

243.    Punitive damages cannot be assessed against defendant City.

## SEVENTH AFFIRMATIVE DEFENSE:

244.    Plaintiffs provoked any incident.

## EIGHTH AFFIRMATIVE DEFENSE:

245.    Plaintiffs may have failed to mitigate their alleged damages.

## NINTH AFFIRMATIVE DEFENSE:

246.    Plaintiffs has failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

## TENTH AFFIRMATIVE DEFENSE:

247.    At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on state law claims.

## ELEVENTH AFFIRMATIVE DEFENSE:

248.     At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

## TWELFTH AFFIRMATIVE DEFENSE:

249.     Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

## THIRTEENTH AFFIRMATIVE DEFENSE:

250.     Plaintiff's claims may be barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

**WHEREFORE,** Defendants City of New York, Mayor de Blasio, and Chief Monahan request judgment dismissing the first amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
             July 23, 2021

GEORGIA PESTANA
Acting Corporation Counsel
      of the City of New York
 *Attorney for Defendants City, de Blasio,*
      *and Monahan*
100 Church Street,
New York, New York 10007
(212) 356-3517
daweiss@law.nyc.gov

By:   *Dara L. Weiss s/*
      _____
      Dara L. Weiss

cc:   **BY ECF**
       Molly K. Biklen, Esq., *Attorney for Plaintiffs*
       Corey Stoughton, Esq., *Attorney for Plaintiffs*

No. 20-cv-08924 (CM)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAYNE, et al.,

Plaintiffs,

-against-

DE BLASIO, et al.,

Defendants.

## ANSWER TO AMENDED COMPLAINT

### *GEORGIA M. PESTANA*

Acting Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room ***Attorney's Room No***
New York, New York  10007-2601

Of  Counsel:  Dara L. Weiss
Tel.:  212-356-3517

*Service of which is hereby acknowledged:*

........................................, N.Y.  Dated:  ........................................

Signed:  ...........................................................................................

Print Name: ......................................................................................

Attorney for: ....................................................................................