# Rickner PLLC

Rob Rickner | rob@ricknerpllc.com

August 3, 2021

**Via ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York

> Re:     *In re: New York City Policing During Summer 2020 Demonstrations,*
> *No. 20-CV-8924*
> *This Filing is Related to All Cases*

Dear Judge Gorenstein:

We represent the Plaintiffs in *Sierra* and write on behalf of counsel for all Plaintiffs in these consolidated actions to respectfully request a discovery conference pursuant to Local Civil Rule 37.2, where Plaintiffs will ask the Court to enforce compliance with the Court's July 20, 2021 Order requiring production of Citizen's Complaint Review Board ("CCRB") files, and to Order production of Internal Affairs Bureau ("IAB") files.

### Background

On March 25, 2021, Plaintiffs served Consolidated Requests on the Defendants, seeking among other things, files from the CCRB investigations (Request 15) and files from IAB investigations (Request 14) related to the policing of protests, uses of force, and false arrests at issue in these Consolidated Cases. In the Defendants' most recent Responses to these requests, on June 4, 2021, the Defendants provided an identical response to both requests, following a litany of objections:

> [D]efendants state that they are continuing to search for documents responsive to this request, and will produce these files subject to the confidentiality order in place in this case this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

Ex. A (relevant portion of Responses). This July 31, 2021 production date was agreed to by the parties (Dkt. 42) and repeatedly represented to Plaintiffs and this Court as the date by which Defendants would complete production of documents responsive to Plaintiffs' initial consolidated discovery requests. *See, e.g.,* Transcript of June 24, 2021 Discovery Conference Transcript, Dkt. 179 at 10, 14-17 (Gorenstein, J., reminding Defendants: "you made a commitment at the last conference and I think before that to have it all done by July 31. So I'm going to hold you to that commitment.").

Following a meet and confer process, Defendants promised to produce all CCRB files related to closed investigations, but the parties refused to produce CCRB files related to open

Rickner PLLC

investigations. The parties reached an impasse as to open CCRB files and wrote the Court. (Dkts. 193, 198). During the July 20, 2021 Conference, after Defendants represented that they would produce documents regarding closed CCRB investigations, the Court overruled Defendants' objections to providing CCRB records for open investigations, and the Court Ordered Defendants to *produce* CCRB records these investigations. *See* Ex. B (Jul. 20, 2021 Discovery Conference Transcript "Jul. 20 Tr.") at 9-10, 21-22. Following this ruling, counsel for Defendants requested more time beyond the July 31, 2021 deadline for producing documents so the files could be reviewed. The Court then reminded defense counsel that the CCRB had already admitted the review is not burdensome:

> [W]hat I heard from Ms. Jamieson [the CCRB attorney] was that it was eight attorneys' days to do 190 something closed files. Since we're talking, you know, 15 about 60 percent of that, so I think we're looking at more like five attorneys' days, I think you have to be able to find that on a sooner basis.

Jul. 20 Tr. at 22. That, the Defendants admitted, was true, but they requested time to do a second review of the files by the Corporation Counsel, after the CCRB attorneys finished their review. Tr. at 22-24. The Court then  ordered a "production date of August 13 for all the open investigations." Tr. at 24.

On July 29, 2021, however, Defendants for the first time notified Plaintiffs that they will not be producing any records from either the CCRB or IAB in accordance with their representations, the Court's June 20, 201 order, or the Parties' agreed-upon stipulation, which provides specifications for production of voluminous documents, ESI, and associated metadata. Instead, they wrote that:

> Furthermore, pursuant to Rule 33(d), defendants have prepared for inspection Complete CCRB files of closed investigations and related to the protests and IAB files related to the protests. Plaintiffs are invited to the Office of the Corporation Counsel at 100 Church Street to inspect those documents in a conference room on a computer, on a date and time convenient to all parties, and advice this office which documents/pages/videos and audio files you would like reproduced.

Ex. C (July 29 Letter). Plaintiffs immediately initiated a meet and confer. Plaintiffs' counsel, including Rob Rickner and Gideon Oliver, spoke with Dara Weiss today for approximately 20 minutes regarding the Defendants' new position.[1] In that meet and confer the Defendants clarified that their position was that they were not producing *any* CCRB or IAB investigation files (open or closed) because reviewing them was too burdensome, given that they comprise approximately 4 terabytes of data, including numerous video and audio files. Instead, Defendants proposed that Plaintiffs from each of the six consolidated litigations could make appointments to review these files, which are all stored on a single laptop at the Law Department, in person. Defendants proposed that Plaintiffs could then request that the Law Department copy and produce desired files, to be provided at some later date. Plaintiffs rejected this procedure and

---

[1] Also in attendance were Plaintiffs' counsel Lillian Marquez, Travis England, Daniel Lambright, Jennvine Wong, Wylie Stecklow, J. Remy Green, and Jonathan Moore.

Rickner PLLC

suggested it would be more efficient for Defendants to copy the files onto a hard drive (which costs about $110 on Amazon) or to let Plaintiffs do it. But Defendants would not agree, and Plaintiffs confirmed an impasse on this issue.

### Argument

Defendants' position is untenable for multiple reasons.

*First*, Defendants have already been Ordered to produce the 129 open CCRB files. Defendants already presented their views on the alleged burdens of their desire to conduct two levels of review of these documents (by CCRB and Corporation Counsel), and the Court then allowed until August 13, 2021 to *produce* the files. The Defendants themselves asked for the extra time to "get them to plaintiffs." Tr. at 22. They never mentioned forcing Plaintiffs to review the documents in their office first. And while the Defendants represented they would produce closed CCRB files at the Conference, and IAB files were not discussed at all at the Conference, it makes little sense to treat them differently.

*Second*, Defendants' proposal is unduly burdensome and makes little sense in practice. If the files are being made available for in-person review by Plaintiffs, then Defendants' review must be sufficient. The initial review, which Defendants stated is being performed by the CCRB for its files and the NYPD for IAB files, is already finished, given that the files are at the Law Department. If Plaintiffs are now allowed access to the files, Defendants presumably are comfortable with Plaintiffs actually seeing what is in those files. Any privilege is waived if Plaintiff reviews the files. And there is no need to review these files for responsiveness because Plaintiffs demanded the entire file for each investigation, not parts of the files. The relevant investigations have been identified, collected, and reviewed. To the extent Defendants raised objections based on the alleged expense of producing these documents in accordance with the Parties' stipulated discovery production specifications, Plaintiffs proposed a solution: all that is needed to produce these files is for Defendants to copy them onto an inexpensive hard drive, which Plaintiffs' counsel would then distribute among ourselves.

Defendants rejected this proposal and insisted Plaintiffs' counsel come in person to review documents on a single laptop, and then inform Defendants of counsel's preferred documents to then be produced on a piecemeal basis—simultaneously providing Defendants a clear window into the thoughts and mental impressions of counsel for Plaintiffs, placing a significant burden on Plaintiffs, and needlessly delaying discovery. There are hours and hours of video and audio, and Plaintiffs have a substantial team reviewing discovery. Requiring Plaintiffs to review files, one person at a time, is unnecessary, unduly burdensome, and simply unworkable in light of the present schedule of this litigation.

*Third*, even if Defendants' proposal for in-person inspection were somehow acceptable, Defendants have waived any argument that they can withhold these files until Plaintiffs inspect them in person first. Defendants always took the position that they were actually producing the documents, until July 29, 2021, two days before their production was supposed to be completed. Federal Rule of Civil Procedure 34(b)(2)(B) clearly differentiates between a party agreeing to "produce copies" in lieu of allowing an "inspection," Defendants' responses clearly state that

Rickner PLLC

they chose to produce documents, and they have repeatedly told Plaintiffs (and this Court) they would be producing documents, without mentioning their plan to make them available for limited inspection and copying instead.[2] Further, at the Court Conference on July 20, 2021, the Defendants said they were producing the CCRB files, after being Ordered to do so. If the Defendants were going to propose this novel production procedure for these files, they should have done it months ago – and certainly no later than at the July 20, 2021 Conference about the production of these documents.

***And finally***, Defendants misstate the procedure for allowing inspection of documents, instead of producing them. Although it is rarely used anymore, when documents are available for inspection, it is the inspecting party who makes the copies. *See, e.g., Lenard v. Greenville Mun. Separate Sch. Dist.*, 75 F.R.D. 448, 451 (N.D. Miss. 1977) (finding that the party inspecting the documents can make copies; the other party has no duty to do so). So if Defendants are actually making these files available for inspection pursuant to the Federal Rules, Plaintiffs should be free to bring a hard drive to the inspection and copy them all.

**Conclusion**

Defendants should be Ordered to simply copy the CCRB and IAB files they have collected on to a hard drive and give that drive to the Plaintiffs immediately. The deadline for much of this production was July 31, 2021, and it is now late. And the Court should award Plaintiffs fees for the time spent litigating this issue. Defendants' position is in violation of this Court's Orders, both to produce CCRB files and to produce the IAB and closed CCRB files by July 31, 2021, so sanctions are warranted. *See John v. City of New York*, No. 11-CV-5610(RPP), 2012 WL 2719154, at *7 (S.D.N.Y. July 9, 2012) (sanctioning the City of New York for failing to follow court discovery orders); *Fleming v. City of New York*, No. 01-CV-8885(RCC)(RLE), 2006 WL 2322981, at *5 (S.D.N.Y. Aug. 9, 2006) (same).

Respectfully,

/s/

Rob Rickner

---

[2] Defendants' reference to Federal Rule of Civil Procedure 33(d) in their letter is strange; Plaintiffs made a request under Federal Rule of Civil Procedure Rule 34 for the production of documents, not an interrogatory.