UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations. | 20 Civ. 8924 (CM)(GWG)<br>20 Civ. 10291(CM)(GWG)<br>20 Civ. 10541(CM)(GWG)<br>21 Civ. 322(CM)(GWG)<br>21 Civ. 533(CM)(GWG)<br>21 Civ. 1904(CM)(GWG) |

------------------------------------------------------------------------x

## DEFENDANTS' AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST CONSOLIDATED SET OF REQUESTS FOR DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.3 of this Court, defendants City, Mayor Bill de Blasio, Commissioner Dermot Shea and Chief of Department Terence Monahan serve the following Amended Responses to Plaintiffs' First Consolidated Set of Document Requests, as discussed during the May 21, 2021 meet-and-confer, as follows:

### GENERAL STATEMENTS

1.   By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.   Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information

**DOCUMENT REQUEST NO. 14:**

For each Protest Location listed in the **attached Schedule A**, provide all Documents concerning any incidents currently or formerly under investigation or referred for internal investigation by the NYPD (including but not limited to the Internal Affairs Bureau ("IAB"), the Chief of Department ("COD"), Department Advocates Office, Office of the Chief of the Department, Risk Management Bureau, and/or Patrol Bureau Investigations) including all related complaints, log entries, record reviews, video and audio recordings, all recordings of interrogations of the members of service, interviews of any and all non-members of service as well as members of services, body-worn camera footage and associated audit trails and activity logs, and radio transmissions, TARU recordings and any other recordings (such as Argus videos) and/or, and any other Documents collected, considered, or reviewed, and any determinations, disciplinary recommendations, settlement offers, case analysis, or other outcome recommendations made by any person within the NYPD with respect to any occurrence that happened at such Protest Location.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to Document Request No. 14 on the grounds that it is overbroad because it seeks documents for "any" incident under investigation, which may include incidents that have no bearing on the claims at issue; it is vague and ambiguous as to the meaning of "related complaints;" and it is duplicative of Document Request Nos. 7 & 8, which already sought all NYPD videos and audio recordings of the Protest Locations. Defendants also object that this request is unduly burdensome to search for, obtain, and produce "all documents concerning any incident" under investigation for the 83 Protest Locations. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of obtaining and producing all of the requested materials, which may include investigation outside the scope of this litigation, far outweighs any likely benefit to plaintiffs. Defendants further object that it seeks documents that are not relevant insofar as any

investigation is against a non-party officer. Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein. Defendants further object to this request insofar as any documents for "case analysis" were prepared by an attorney on the grounds that such documents are protected from disclosure by the attorney work product privilege. Defendants further object insofar as any of these investigations remain open and are therefore protected from disclosure. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants, and an unsealing order has not been entered. Defendants further object that it seeks medical records of non-parties that are protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA") and for which defendants have not received suitable authorizations.by Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

Subject to and without waiving any of the above objections, and limiting this response to substantiated and completed disciplinary proceedings related to incidents that occurred on the dates on the schedule, defendants state that they are continuing to search for documents responsive to this request, and will produce these files subject to the confidentiality order in place in this case this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 15:**

For each Protest Location listed in the **attached Schedule A**, provide all Documents concerning any incidents currently or formerly under investigation or referred for investigation by the Civilian Complaint Review Board ("CCRB") including all related

complaints, video (including Argus video) and audio recordings, body-worn camera footage and radio transmissions. investigator notes and reports, and any other Documents collected, considered, or reviewed, an any determinations, disciplinary recommendations, or other outcome recommendations made by the NYPD or CCRB with respect to any occurrence that happened at such Protest Location.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendants object to Document Request No. 15 on the grounds that it is overbroad because it seeks documents for "any" incident under investigation, which may include incidents that have no bearing on the claims at issue; it is unduly burdensome to search for, obtain, and produce "all documents concerning any incident" under investigation for the 83 Protest Locations; and it seeks documents that are not relevant insofar as any investigation is against a non-party officer.  Defendants also object that this request is duplicative of Document Request Nos. 7 & 8, which already requested all NYPD videos and audio recordings, including body worn camera footage.  Defendants further object that this request is not proportional to the needs of the case because the burden and expense of obtaining and producing all of the requested materials, which may include investigation outside the scope of this litigation, far outweighs any likely benefit to plaintiffs.  Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City.  See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

Subject to and without waiving any of the above objections, and limiting this response to substantiated and completed disciplinary proceedings related to incidents that occurred on the dates on the Schedule, defendants state that they are continuing to search for

documents responsive to this request, and will produce these files subject to the confidentiality order in place in this case this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 16:**

For each Officer identified in response to **Interrogatory Nos. 8 and/or 9 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants**, all personnel-related records in the possession of the NYPD or the City of New York, including but not limited to:

a) Records reflecting the Officer's histories as to CCRB and IAB investigations, as well as underlying records;

b) The Academy Transcript and all training logs and other records reflecting the NYPD training each Officer received at the NYPD Academy and after graduating the NYPD Academy;

c) Central Personnel Index ("CPI") file records or similarly defined records;

d) Any and all records concerning internal NYPD disciplinary action, letters in the personnel file, command discipline, chares and specifications, transfers, and/or warnings and admonishments;

e) Performance profiles, or similarly defined records;

f) Psychological Services Unit ("PSU") records or similarly defined records;

g) Risk Assessment Information Liability System ("RAILS") records;

h) Early warning or intervention records or similarly defined records;

i) Supervisor complaint reports or command discipline election reports;

j) Any and all letters requesting sealing of disciplinary records or charges;

k) Any and all documents related to performance monitoring;

l) *Giglio* profiles and/or similar resume providing information regarding all internal NYPD and CCRB complaints, investigations, and dispositions, including the Police Commissioner's case analysis;

m) Records from the Internal Affairs Bureau, Inspectional Services Division, Office of the Chief of the Department, or Department Advocates Office;

n) The caption, complaint, and records reflecting the disposition of any and all lawsuits against each such Officer;

o) To the extent not covered in the preceding sub-paragraphs, all Documents relating to any civilian or departmental-generated complaints of police misconduct, dereliction of duty or violation of the New York State penal laws or

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendants object to Document Request No. 43 on the grounds that it is not limited in time and because it assumes that datasets will or have been produced. Defendants further object insofar as this request asks for the creation of documents. Subject to and without waiving any of the above objections, defendants state that there are no datasets produced pursuant to this request or Plaintiffs' Interrogatories.

**DOCUMENT REQUEST NO. 44:**

Provide all documents identified or relied upon in responding to Plaintiffs' Interrogatories served in these Actions.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

In response to Document Request No. 44, defendants refer plaintiffs to their objections and responses to Interrogatory Nos. 1 through 14.

Dated: New York, New York
June 4, 2021

> GEORGIA PESTANA
> Acting Corporation Counsel of the
>   City of New York
> +*Attorney for Defendants City, de Blasio, Shea, Monahan*
> 100 Church Street
> New York, New York 10007
>
> By: *Dara L. Weiss*
>     Dara L. Weiss
>     *Senior Counsel*

TO: **By Electronic Mail**
    Counsel for all Plaintiffs