

| **GEORGIA M. PESTANA**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **DARA L. WEISS**<br>*Senior Counsel*<br>daweiss@law.nyc.gov<br>Phone: (212) 356-3517<br>Fax: (212) 356-1148 |
|---|---|---|

**By ECF**  
Honorable Gabriel W. Gorenstein  
United States Magistrate Judge  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

August 5, 2021

      In Re:  *New York City Policing During Summer 2020 Demonstrations*,  
              No. 20 Civ. 8924 (CM) (GWG)  
              This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York and I am among counsel for the defense in the above-referenced matter. I write in accordance with Rule 2.A of the Court's Individual Practices to respectfully oppose plaintiffs' letter motion pursuant to Local Civil Rule 37.2[1].

---

[1] Defendants are once more compelled to note plaintiffs' gamesmanship, here, by publicly filing inappropriate and gratuitous material as exhibits on the docket. Defendants previously addressed this practice by plaintiffs in their letter filed July 15, 2021 (Dkt no. 198), opposing plaintiff's letter motion filed on July 13, 2021 (Dkt no. 193). Plaintiffs had annexed the complete set of defendants' responses to Plaintiffs' Consolidated Discovery Requests. See Dkt nos. 193, 193-2, 198 at n.4. In total, "Exhibit 2" was 178 pages long; however, plaintiffs' letter in support of which the exhibit was purportedly filed only cited to nine (9) pages of this 178-page exhibit. Further, there were no redactions to the material, such that all 178 pages' worth of defendants' discovery were available for public viewing, despite plaintiffs' very limited reference to it. Not only was this act ethically dubious and evident of gamesmanship by plaintiffs, who appear set on using and abusing every opportunity afforded by their Rule 37.2 motions to make as much of defendants' discovery material available for public show, it also violated Local Civil Rule 5.1 of the Southern District of New York, "Filing of Discovery Materials," which states: "A party seeking or opposing relief under Fed. R. Civ. P. 26 through 37 inclusive, or making or opposing any other motion or application, **shall quote or attach only those portions of the depositions, interrogatories, requests for documents, requests for admissions, or other discovery or disclosure materials, together with the responses and objections thereto, that are the subject of the discovery motion or application, or that are cited in papers submitted in connection with any other motion or application**. See also Civil Local Rule 37.1." (emphasis added). Here again,, in connection with plaintiffs' August 3, 2021 Letter (Dkt no. 219), they have filed gratuitous material on the public docket -- specifically, the full transcript of the parties' conference before this Court on July 20, 2021, which is annexed as "Exhibit B" to plaintiffs' Rule 37.2 letter motion. Similar to plaintiffs' public filing of a 178-page exhibit of which they cited to just nine (9) pages, the July 20 transcript, or "Exhibit B," totals 68 pages, yet plaintiffs only cite to five (5) pages of it. There was no legitimate reason for plaintiffs to have filed the entire transcript on the docket.

With respect to plaintiffs' first point, it must be made clear that defendants have no objection to producing for inspection, and in fact have had ready to produce for inspection at our office, the 129 closed CCRB files as well as the IAB files that were contained in the DOI's files, in accordance with Your Honor's Orders. The open CCRB files, which are not due to be produced until mid-August, will be produced and available for inspection on or about August 9, 2021. Defendants have invited counsel for plaintiffs to come and inspect these voluminous documents and advise us which they would like copied, pursuant to the provisions of Federal Rule of Civil Procedure 34. Plaintiffs have simply refused to avail themselves of the opportunity to inspect the documents, and instead have, once again, sought court intervention.

Plaintiffs fail to adequately support their second argument, in which they claim that inspecting the requested CCRB and IAB records on a computer in defendants' offices would be "unduly burdensome and makes little sense in practice." (Dkt no. 219 at 3). Where a party has offered to permit an in-person inspection, "…unless and until such an inspection is undertaken…and is shown to be unduly burdensome or otherwise inefficient..." an offer to permit an inspection comports with discovery requests. *Sky Med. Supply Inc. v. SCS Support Claim Servs.,* No. 12-CV-6883 (JFB)(AKT), 2016 U.S. Dist. LEXIS 121215, at *16 (E.D.N.Y. Sept. 7, 2016). A party objecting to on-site inspection as "unduly burdensome" must demonstrate specifically "why and how it would be so" -- a showing that is glaringly lacking from plaintiffs' letter. See *Seife v. United States Dep't of State*, 298 F. Supp. 3d 592, 611 (S.D.N.Y 2018) In *Seife*, a FOIA case, a government agency submitted the declaration of an agency official averring that searching for the records requested for inspection by the opposing party would be "incredibly burdensome;" however, the court held that the official's explanation of his objection was insufficient, noting, "[the agency official] provides no information regarding the total number of email accounts that would need to be searched, or the level of difficulty of, or amount of time required by, the search process itself. Absent such or similar information describing with reasonable specificity the actual burden imposed by the request, the Court cannot conclude that a response to [the opposing party's] request would in fact be unduly burdensome"). Id. at 612. Cf. *Norton v. Town of Islip*, No. 04-CV-3079 (PKC)(SIL), 2018 U.S. Dist. LEXIS 177811, at *32 (EDNY Oct. 16, 2018) (court denied as unduly burdensome a discovery request for a second on-site inspection which would "require the physical separation of a significant number of privileged and non-privileged documents"). Here, there is little burden to plaintiffs' counsel, who would merely need to sit in a conference room at the offices of the Corporation Counsel and view files on a computer, while advising defendants which files they would like copied. As counsel was advised, there is approximately four terabytes of information, much of which is likely not necessary to be reproduced[2]. Rather than just a time consuming and wholesale copying of information, a targeted reproduction of truly needed materials, once the files are reviewed, may be in order here. It makes one wonder if the reason they don't want to inspect the documents at the offices of the Corporation Counsel is because with the tremendous volume of documents already in their possession, plaintiffs' counsel don't really need or want much of the duplicative documents in the CCRB and IAB files[3] and don't want to spend time

---

[2] Including, but not limited to, written and audio recordings of voicemails left for witnesses who were not cooperative with investigations, duplicates of videos that have already been produced, NYPD documents that have already been produced, etc.

[3] Generally, the only unique and useful information that would be contained in these files is closing reports which tend to be just a few pages long and officer/witness interviews.

actually reviewing what they know is likely useless, unimportant, irrelevant and duplicative material.

Plaintiff's third argument, that defendants have "waived" the opportunity to provide the requested CCRB and IAB records for inspection by plaintiffs because defendants previously agreed to "produce" these records, is belied by the plain language of Rule 34 of the Federal Rules of Civil Procedure, which plaintiffs inaptly cite in support of their failed argument.  Specifically, plaintiffs contend, "Federal Rule of Civil Procedure 34(b)(2)(B) clearly differentiates between a party agreeing to 'produce copies' in lieu of allowing an 'inspection,' Defendants' responses clearly state that they chose to produce documents, and they have repeatedly told Plaintiffs (and this Court) they would be producing documents, without mentioning their plan to make them available for limited inspection and copying instead." (Dkt no. 219 at 3-4)  This argument relies upon faulty reasoning and a mistaken reading of Rule 34.  Rule 34 does not require a party responding to discovery requests to choose between either "producing" to the requesting party or permitting the requesting party to inspect documents or electronically stored information (ESI).  Rather, as is immediately evident from the title of Rule 34, "Producing Documents, Electronically Stored Information, and Tangible Things... for Inspection and Other Purposes," the concepts of "producing" and "inspecting" are not mutually exclusive for purposes of Rule 34.  Fed. R. Civ. P. 34 (emphasis added).

This reading is reinforced by Rule 34(a)(1)(A), which reads: "(a) In General.  A party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information..."  Fed. R. Civ. P. 34(a)(1)(A) (emphasis added).  Again, this language indicates that a party may both "produce" documents and/or ESI and make the same available for "inspection."  In fact, this clause suggests that "production" may be a necessary part of the process in making the requested documents/ESI available for "inspection."

The clause that plaintiffs cite in a misguided effort to support their argument that defendants may not produce the CCRB and IAB files for inspection by plaintiffs, Rule 34(b)(2)(B), applies to a party's responses to discovery requests, stating: "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection...."  Fed. R. Civ. P. 34(b)(2)(B) (emphasis added).  One reason that plaintiffs' interpretation of this clause is so far off-base may be that they failed to consider its meaning within the context of the rest of the Rule.  Because a plain reading of Rule 34, starting with its very title and continuing with clause 34(a)(1)(A), makes clear that producing requested discovery material and making requested discovery material available for inspection are not always two distinct concepts as contemplated by Rule 34 -- and in fact, such processes may overlap with another, as suggested by clause 34(a)(1)(A), see supra, it is important to read clause 34(b)(2)(B) with this in mind.  Clause 34(b)(2)(B) simply signifies that, if a party responding to a discovery request to both "produce and permit the requesting party...to inspect, copy, [etc.]...any designated documents or electronically stored information," has an objection to making the requested items available for inspection, that party must "state its

objections with specificity.[4]" (Fed. R. Civ. P. 34(b)(2)(B)). That responding party also "may state that it will produce copies of documents or of electronically stored information instead of permitting inspection." Id. (emphasis added).  Thus, the responding party that objects to providing requested discovery material for inspection has the option of producing hard copies of documents or ESI rather than permitting the requesting party to inspect the same.  However, this is obviously not required of the responding party but rather is left to its discretion (the operative word being "may").

It is also significant that this clause, and only this clause, within Rule 34 makes reference to producing "copies of documents [or ESI]." (Fed. R. Civ. P. 34(b)(2)(B). Every other time the term "produce" (or any other variation of the term) appears within Rule 34, it clearly has a general meaning which may vary depending on the specific context; for example, in clause 34(a)(1)(A), it appears to encompass the process of making documents and/or ESI available for inspection, i.e., "[a] party may serve on any other party a request within the scope of Rule 26(b)...to produce and permit the requesting party...to inspect, copy, [etc.]....any designated documents or electronically stored information..." Fed. R. Civ. P. 34(a)(1)(A) (emphasis added). In clause 34(b)(2)(B), however, the reference to "copies of documents [or ESI]" distinguishes this particular use of the term "produce" as referring, in this specific context, to production of hard copy documents.  The fact that only this singular use of the term "produce" within the whole of Rule 34 is defined by the addition of the words "copies of documents or of electronically stored information" evidences the fact that the drafters of Rule 34 did not intend for the term "produce" to strictly refer to the production of hard copy documents or ESI every time it appears in the text of Rule 34.

Finally, plaintiffs' fourth argument is wrongheaded and irrelevant, as it relies upon a mischaracterization of an out-of-circuit case which is wholly inapposite.  The case plaintiffs cite, *Lenard v. Greenville Mun. Separate Sch. Dist*., 75 F.R.D. 448 (N.D. Miss. 1977), in no way stands for the proposition that "the party inspecting the documents can make copies..." (Dkt no. 219 at 4). Rather, the holding of *Lenard* turned on the fact that the records the requesting party (the plaintiff) sought to inspect were publicly available, which relieved the defendants of the obligation to produce them to plaintiff in discovery. See *id*. at 451 ("These reports are available for inspection and/or copying by plaintiff in the clerk's office. They are also available for inspection and/or copying by plaintiff in the business office of the district. The availability of the records should solve this problem. The court does not feel that the district should be required to make copies for the use of plaintiff, since she can secure her own, if such she desires.").  The holding in that case had nothing at all to do with the "proper procedure" for inspection of documents in the discovery process, or which party should be responsible for making copies of records inspected.  And plaintiffs' baseless statement that defendants have "misstate[d] the procedure for allowing inspection of documents" is simply incorrect.

Defendants' production is not late.  It was available for inspection prior to the July 31, 2021 document discovery deadline.  Plaintiffs simply chose not to accept defendants' invitation and avail themselves of the opportunity to inspect.  Fees and sanctions are certainly not appropriate, as shown *supra*, defendants' decision to make certain discovery materials available

---

[4] (citing Fed. R. Civ. P. 34(a)(1)(A)) (emphasis added);

for inspection is permissible under Rule 34. As such, plaintiffs' application should be denied in its entirety.

Thank you for your consideration herein.

Respectfully submitted,

*Dara L. Weiss* s/

Dara Weiss
*Senior Counsel*
Special Federal Litigation Division

cc: ALL COUNSEL (via ECF only)