```
                     UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF NEW YORK

In the matter of:                     :
                                            Docket #20cv8924
 IN RE NEW YORK CITY POLICING         :
 DURING SUMMER 2020 DEMONSTRATIONS      New York, New York
                                      : July 20, 2021

------------------------------------- : TELEPHONE CONFERENCE

                         PROCEEDINGS BEFORE
                 THE HONORABLE GABRIEL W. GORENSTEIN,
                    UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Sow Plaintiffs:        COHEN & GREEN
                           BY:  REMY GREEN, ESQ.
                           1639 Centre Street, Suite 216
                           Ridgewood, New York 11385

For Payne Plaintiffs:      LEGAL AID SOCIETY
                           BY:  COREY STOUGHTON, ESQ.
                           199 Water Street
                           New York, New York 10036

For Sierra Plaintiffs:     LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.
                           BY:  JOSHUA MOSKOVITZ, ESQ.
                           392 Central Avenue, #7803 07307
                           Jersey City, New Jersey 07307

For Wood Plaintiffs:       KAUFMAN LIEB LEBOWITZ & FRICK LLP
                           BY:  DOUGLAS LIEB, ESQ.
                           10 East 40th Street, Suite 3307
                           New York, New York 10016

For Yates Plaintiff:       STOLL, GLICKMAN & BELLINA, LLP
                           BY:  ANDREW STOLL, ESQ.
                           300 Cadman Plaza West, 12th Floor
                           Brooklyn, New York 11201


Transcription Service: Carole Ludwig, Transcription Services
                       155 East Fourth Street #3C
                       New York, New York 10009
                       Phone:  (212) 420-0771
                       Email:  Transcription420@aol.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

APPEARANCES (CONTINUED):

| | |
|---|---|
| For Plaintiff People of the State of New York: | NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL<br>BY:  LILLIAN MARQUEZ, ESQ.<br>28 Liberty Street<br>New York, New York 10005 |
| For Defendants: | NEW YORK CITY LAW DEPARTMENT<br>BY:  DARA WEISS, ESQ.<br>100 Church Street<br>New York, New York 10007 |
| For CCRB: | CIVILIAN COMPLAINT REVIEW BOARD<br>BY:  KERRY JAMIESON, ESQ.<br>         ASSISTANT GENERAL COUNSEL<br>100 Church Street, Tenth Floor<br>New York, New York 10007 |

```
 1                                                            24
 2              MS. WEISS:   We still feel that we have an
 3   obligation to look at them.  I mean the attorneys at the
 4   CCRB have other cases and other things they need to do
 5   besides this, so, yes, even if it's five attorney days and
 6   there is more than that left until the discovery deadline,
 7   I don't know that they can drop all of their other
 8   obligations to do this.
 9              THE COURT:   All right, I'm going to give you a
10   production date of August 13 for all the open
11   investigations.
12              MS. WEISS:   Thank you.
13              THE COURT:   Okay, Mr. Moskovitz, we dealt with
14   the open investigations now?
15              MR. MOSKOVITZ:   Yes, Your Honor, and, you know,
16   I'll speak with Ms. Weiss after the conference about
17   conferring with regards to, if I understand and my math is
18   right, there's about 420 complaints that aren't encompassed
19   by the 330 that we just covered.  So I guess we'll confer
20   about documents that are available from CCRB and any
21   information that we can get about those complaints.
22              THE COURT:   Okay.  All right, now we have the
23   complaint or disciplinary history.  Mr. Moskovitz, if you
24   want to turn it entirely over to another attorney, I'm
25   willing to do that.  The attorney has to then deal with
```

```
                                                            25
 2  everything I ask on that.  Is it going to be you or the
 3  other attorney?
 4           MR. MOSKOVITZ:  No, that's fine, Your Honor,
 5  I'll continue speaking about this issue.
 6           THE COURT:  All right.  Okay, so I'm trying to
 7  understand what officers we're talking about who are not
 8  defendants who you're seeing disciplinary history for.
 9           MR. MOSKOVITZ:  So, Your Honor, if I could say
10  at the outset of this issue, the City and the plaintiffs
11  have not had the opportunity to confer about the scope of
12  which officers' disciplinary histories would be
13  proportional or would not be burdensome, would be agreeable
14  amongst the parties.  And the reason is because the City
15  has given so far only a blanket objection to producing
16  disciplinary histories for any non-named defendant
17  officers.  So this has a tremendous impact, for instance,
18  on the Attorney General's case where there are no named
19  defendant officers and yet their case involves a
20  substantial Monell claim with regards to the City's failure
21  to discipline officers, and Judge McMahon cited those
22  specific allegations in sustaining the Monell claims in
23  these various cases.
24           And so I don't believe the issue is particularly
25  keyed up for the Court today to address which specific
```

```
 1                                                           26
 2   officers' disciplinary histories are at issue here.  We
 3   sort of need to get past the first logjam of does the City
 4   need to produce disciplinary histories for any officers who
 5   aren't named defendants.
 6           THE COURT:  Oh, okay.  So we're more in a
 7   general level as to the principle of whether disciplinary
 8   history could be relevant, that's where you think the
 9   disagreement is?
10           MR. MOSKOVITZ:  That is the only issue that we
11   have come to impasse as a preliminary matter.  The City's
12   taken the position that officers who are not named as
13   defendants in cases should not have their disciplinary
14   histories disclosed at all.
15           THE COURT:  Okay, because the way I read it, the
16   City had its own characterization of this, as you're
17   seeking history for any and all officers ever in a CCRB
18   investigation, whatever capacity, whether the subject or
19   the witness and so forth and so forth.  So that doesn't
20   sound like that's really the issue.  It sounds like the
21   issue from your point of view is is it ever going to be
22   relevant an officer's history, which the City has obviously
23   conceded for the named defendants.  I'm not really sure
24   what we're arguing about.
25           I mean obviously disciplinary – one of your
```

```
                                                              27
  claims is, and as upheld by Judge McMahon, was that one of
  the aspects of deliberate indifference being alleged is
  that the City was not disciplining officers and, therefore,
  maybe with respect to protests or not, I'm not sure, but it
  resulted in the officers behaving in a certain way in terms
  of policing the protests that might not have happened had
  the discipline process been performed in the way plaintiffs
  think it should have been performed.
            So if you read Judge McMahon's decision, it seems
  obvious that there's relevance to the history.  You seem to
  recognize that.  Do you think we can make any headway today
  as to, I mean if you're taking the position that it's only
  going to be relevant for an actual named defendant, I'm
  certainly rejecting that.  I guess I'll hear from you if
  that's truly your position.  Is that truly your position?
            MS. WEISS:  Well, I guess it's hard for the
  defendants to state their positions because I guess we
  don't know the extent of what plaintiffs are looking for.
  But as we stated in our letter, disciplinary histories are
  public.  They're on City websites, they're on CCRB
  websites, they're on private websites.  Plaintiffs or
  anybody can look and see what's there.  And as I think I
  put in my letter, if they take a look and see something
  that they believe is relevant with respect to an officer
```

```
 1                                                              28
 2   who is a defendant or a witness or someone who's in charge
 3   or something, you know, at that point we can discuss
 4   perhaps giving over that officer's disciplinary history.
 5             But from what we understand, what they want is so
 6   broad that we don't even know where to get started.  You
 7   know, if an officer, you know, lost his memo book 12 years
 8   ago, how does that become, you know, an officer who
 9   happened to, you know, be standing there at a protest and
10   is shown on someone's body cam footage and they're able,
11   the plaintiffs are able to identify that officer by his
12   badge number which is shown in the footage.  I think that
13   Mr. Moskovitz is right that maybe this isn't quite ripe for
14   this conference because we're not really sure what
15   plaintiffs are looking for.
16             I don't think that that was ever, you know, we're
17   not opposed to perhaps providing some relevant disciplinary
18   histories, but I think perhaps the first step for
19   plaintiffs would be to look at all the public websites for
20   officers that they are interested in and go from there and
21   then come back and speak to us about it, and if they see
22   something on there that looks like it might be relevant, we
23   can look further into that.
24             MR. MOSKOVITZ:  Your Honor, if I could respond
25   to that.
```

```
 1                                                                29
 2              THE COURT:    Well, I mean I realize now that I
 3   re-read the letters is I don't even know what discovery
 4   request is at issue here.   Are there specific requests, Mr.
 5   Moskovitz, that we're trying to address here?
 6              MR. MOSKOVITZ:    It's discovery request, document
 7   request 16A from the plaintiffs.
 8              THE COURT:    Okay, if it's quoted in your letter,
 9   I'll find it easily.   If not, you're going to have to read
10   it to me.
11              MR. MOSKOVITZ:    I don't believe it's quoted in
12   our letter, and I'll read to you – it's tied to
13   interrogatories where we ask for the identities of officers
14   who had received complaints about their conduct at
15   protests.   So the way that the document requests reads, and
16   this is on page 25 of exhibit 2, our letter.   For each of
17   those officers identified in interrogatories 8 and 9, all
18   personnel related records in the possession of the NYPD or
19   the City of New York, including, but not limited to – it's
20   paragraph A, records reflecting the officers' histories at
21   the CCRB and IAB investigations, as well as the underlying
22   records, but we're not at that point of the underlying
23   records.
24              THE COURT:    Okay, but the group we're talking
25   about is, what, officers who had complaints?   Say it again.
```

```
 1                                                          30
 2              MR. MOSKOVITZ:   Yes, let me go back to
 3    interrogatories 8 and 9 so I can give you – (pause) –
 4    sorry, just one second, Your Honor.
 5              THE COURT:   Take your time.
 6              MR. MOSKOVITZ:   Okay, so interrogatory, so the
 7    request encompassed any of the officers identified in
 8    interrogatory 8 which is each and every officer associated
 9    with or otherwise involved in the circumstances in the
10    various complaints in these cases.
11              THE COURT:   Okay, those are the names
12    defendants.  I don't have to worry about those people I
13    assume, or they're not the named defendants?
14              MR. MOSKOVITZ:   I apologize, just one second.
15    We have some cross-referenced discovery requests, so it
16    takes a little bit of work for me to --
17              THE COURT:   Take your time.
18              MR. MOSKOVITZ:   -- on the fly.
19              THE COURT:   I'm not in a rush.
20              MR. MOSKOVITZ:   So interrogatory 7 and 8
21    actually work together.  So in interrogatory 7 we ask for,
22    and this sort of dovetails with our earlier discussion
23    about the CCRB complaint.  So interrogatory 7 addressed the
24    identities of any individual who had submitted a complaint
25    to the CCRB having to do with any of the summer protests.
```

31

THE COURT: Okay, but that's the complainants.

MR. MOSKOVITZ: Right. And then interrogatory 8 asks for the identities of any of the officers involved and the factual circumstances of those complaints.

THE COURT: Okay, and are we suing the CCRB as the repository of such complaints or are there other places to complain?

MR. MOSKOVITZ: We did identify in the interrogatory, and this is number 7, CCRB, DOI, the City Law Department, but it was a not limited to list. So I think fairly the NYPD, CCRB, DOI, the New York City Law Department would encompass the vast majority of what we're looking for.

THE COURT: So I mean I think, and have you gotten an answer as to who these people are?

MR. MOSKOVITZ: No, Your Honor.

THE COURT: Okay. So at some point – let me just think big picture here. I don't know that I need to make a ruling on this yet because I don't think it's been sufficiently fleshed out. But for me the big picture is there's going to be a set of officers who certainly are not necessarily the named defendants who will be accused of behaving improperly at the protests, presumably either excessive force or false arrest, something of that nature.

                                                              32

And those will be the officers whom the plaintiffs will want to use as their set of people about whom they will make arguments that they were not properly trained, and, therefore, bad things that they're accused of ensued.

So for those – when that developed, for those people, certainly their disciplinary history with respect to, you know, false arrests or excessive force are going to be relevant, not losing a memo book or having taken an improper vacation or something like sick leave or something like that.  That's my big picture.  I don't know if you need anymore for me right now.  Mr. Moskovitz, do you think that takes us far enough for today?

MR. MOSKOVITZ:  I certainly think that moves the ball forward, yes, Your Honor, and the big picture issue that we think that resolves the dispute about is named defendants versus non-named defendants.  There's one small additional point that I think would be greatly helpful, particularly in the next few days and in the next week, which is we have depositions lined up, in fact, we've had depositions for the last week where we don't even have the disciplinary histories for those officers.  And so it would be greatly helpful in achieving what the City wants to achieve which is having these depositions go forward and be completed, which we've been unable to do since we don't

                                                                33

have all of the documents available to us before those depositions.

So if we could start on a rolling basis receiving from the City, and at this point I'm only talking about the notice (indiscernible) issues to discuss about depositions. But at this point in regards to the complaint histories, if we could have those produced in advance of the depositions, that would certainly move things forward.

THE COURT: These are officers who are accused of excessive force or false arrest?

MR. MOSKOVITZ: Including named defendants in the various cases.

THE COURT: Who may not be accused of it, who may be higher up people?

MR. MOSKOVITZ: Right, but so far the only depositions that we've been taking are of line officers.

THE COURT: Who are accused of false arrest or excessive force?

MR. MOSKOVITZ: Yes, Your Honor, being involved in the protest events of either using excessive force on the plaintiffs or engaging in the arrests of the plaintiffs, right.

THE COURT: Okay. So, Ms. Weiss, it seems to me that the disciplinary history of such officer, I mean I've

                                                                34

already ruled, as have many other courts in similar

circumstances, that when you have an officer accused of

false arrest, excessive force, discipline for that conduct

is something that should be produced.  So --

           MS. WEISS:  Yes.  We --

           THE COURT:  That needs to be produced, and you

should be producing it for line officers.  I assume that's

not overly burdensome --

           MS. WEISS:  Yes, Your Honor, we --

           THE COURT:  -- to at least give a list of the

incidents of that type.

           MS. WEISS:  We do have those documents, and we

are producing them and we will, we're trying to produce

them in a batch as plaintiffs had originally requested, but

to the extent that we can't get them that batch out prior

to each deposition, we'll make sure to get that officer's

disciplinary histories prior to that deposition.  We can

certainly do that.  And I --

           THE COURT:  I didn't understand what you just

said.  First, you told me that you suggested you wouldn't

be able to get it out, then you said you would be able to

get it out, but maybe you were talking about two different

things.

           MS. WEISS:  What I was trying to say, I

```
                                                            35
 1
 2   apologize, what I was trying to say was that we have the
 3   disciplinary histories of the named police officers who are
 4   currently being deposed.  Plaintiffs had originally asked
 5   for all productions that we would not produce documents
 6   piecemeal, that we produce them in large batches.  So we
 7   were hoping to get out all of the disciplinary documents in
 8   a large batch.  Clearly, it's not going to get out prior to
 9   these depositions which are occurring, you know, as soon as
10   tomorrow.  So we will produce them prior to the depositions
11   just for that officer rather than in the large batch to
12   ensure that plaintiff's counsel has them prior to the
13   depositions of the officers.
14           THE COURT:  Yes, that's critical obviously.  I
15   think it's so obvious, I don't know it would be questioned.
16   If they're deposing an officer, they should have all the
17   documents relating to that officer or that arrest,
18   including the disciplinary history.
19           Okay, are we done, Mr. Moskovitz, with your
20   application?
21           MR. MOSKOVITZ:  Yes, Your Honor.
22           THE COURT:  All right, Ms. Weiss, anything else
23   on Mr. Moskovitz's application?
24           MS. WEISS:  No, Your Honor. Just actually to go
25   back slightly on the disciplinary histories of the officers
```