```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
ALEXANDER CARAVALHO et al.,
                                  :
              Plaintiffs,                    ORDER
                                  :
       -against-                          13 cv. 4174 (PKC)(MHD)
                                  :
CITY OF NEW YORK et al.,
                                  :
              Defendants.
---------------------------------x
```

3/23/15

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

Plaintiffs have moved for an order compelling disclosure of additional entries from documents of the Police Department Internal Affairs Bureau ("IAB") and the Civilian Complaint Review Board ("CCRB") pertaining to the individual defendants. Both sides suggested in camera review, which we have now undertaken.

The pertinent standards, which we confirmed at oral argument on March 19, 2015, require production of items related to the claims of misconduct in this case -- thus allegations of improper arrests and use of excessive force -- as well as entries that suggest false or misleading statements or other acts of dishonesty. See, e.g., Zhao v. City of New York, 2007 WL 4205856, *1-2 (S.D.N.Y. Nov. 21, 2007); accord Brown v. City of New York, 2011 WL 4594276, *2 (E.D.N.Y. Sept. 30, 2011). On our review of the

1

submitted unredacted IAB and CCRB documents, we found a number of withheld entries that should be disclosed. In addition, there were a large number of entries that were not self-explanatory, and for which defendants must provide an explanation of their nature if they wish to justify their redaction. We list each category below:

Entries that must be disclosed (Bates number in parentheses):

I. IAB documents

Ahmed: IA ## 11-30632, 12-13639 (D587)

Bovell: IA ## 08-07813, 09-36128 (D583a-84a)

Esposito: IA ## 05-04249, 06-07793, 06-11212, 06-14447 (D1773).

Galgano: IA # 08-36795 (D581)

Papamichael: IA ## 98-03742, 12-44123 (D592)

Winski: IA ## 11-35422, 11-35523, 12-20665 (D590)

II. CCRB documents

Bovell: # 201215153 (D342)

Esposito: ## 8604267, 9102219, 9502629, 9900462, 200008989, 200604323 (D1770-71)

Winski: # 200307363 (D576)

Entries that must be explained (Bates numbers in parentheses):

I.  IAB documents

    Bovell: IA ## 05-25349, 05-31049, 05-34100, 06-23572, 08-22807, 09-59358, 10-30562, 10-59996, 12-45858 (582a)

    Esposito: IA ## 94-08862, 02-18690, 05-02266, 05-02445, 05-04148, 05-05505 (compare to 05-06863), 06-01258 (D1772-73)

    Rodriguez: IA ## 07-30668, 11-08231 (D588a)

    Viviano: IA ## 07-39141, 09-21317 (D580)

    Winski: IA ## 02-29773, 08-50786, 10-31784, 10-44051, 12-04029, 12-33291 (D589)

II. CCRB documents

    Bovell: # 201016880 (D341)

We further order defendants to reveal the summary information regarding total number of charges and cases found at the end of each officer's CCRB report.

Defendants are to submit their explanation of the entries so identified above by March 27, 2015. They are to produce to plaintiff the entries that we have specified by March 30, 2015.

Dated: New York, New York
      March 23, 2015

SO ORDERED.

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Order have been mailed this day to:

Gideon Orion Oliver, Esq.
Gideon Orion Oliver
277 Broadway, Suite 1501
New York, NY 10007

Meghan Dupuis Maurus, Esq.
Maurus & Heinegg
48 Wall Street 11th Floor
New York, NY 10005

Andrew Joseph Lucas, Esq.
Angharad Wilson, Esq.
Joy Tolulope Anakhu, Esq.
NYC Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
JOHN SCOTT DEKUYPER,                     :
                                         :
                    Plaintiff,           :
                                         :    14cv8249 (DLC)
            -v-                          :
                                         :       ORDER
                                         :
THE CITY OF NEW YORK, NEW YORK CITY      :
POLICE DEPARTMENT ("NYPD") CHIEF OF      :
DEPARTMENT JOSEPH ESPOSITO, NYPD         :
OFFICER PATRICK MULLANE, SHIELD NO.      :
5171, NYPD OFFICER FNU/LNU SHIELD NO.    :
867 (believed to be either PEDRO CABAL   :
or SHREEGANES MEADE), and NYPD           :
OFFICERS JOHN and JANE DOE #1-5 (The     :
names being fictitious, as the true      :
names and shield numbers are no          :
presently known) in their individually   :
and official capacities,                 :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```



DENISE COTE, District Judge:

On August 1, 2016, the plaintiff submitted a letter requesting: (1) leave to file under seal documents produced by the defendants, bates-numbered D859-863; (2) an order compelling the defendants to produce closing reports and/or summaries of relevant incidents listed in the CCRB, IAB, and CPO indices relating to defendant Joseph Esposito ("Esposito"); and (3) an order compelling the defendants to produce transcripts of deposition testimony given by Esposito in other lawsuits involving claims of excessive force or false arrest. It is

hereby

ORDERED that the plaintiff's request to file documents bates-numbered D859-863 under seal is granted.

IT IS FURTHER ORDERED that the defendants shall promptly produce to the plaintiff closing reports and/or summaries for incidents involving Esposito occurring no more than ten years prior to the incident at issue in this case in which there was a complaint involving excessive force or false arrest, or entries that suggest false or misleading statements or other acts of dishonesty by Esposito. Responsive documents shall be produced whether or not there was a finding of misconduct. In the event the defendants redact or withhold any responsive documents, they shall provide a privilege log to the plaintiff contemporaneously with their production.

IT IS FURTHER ORDERED that the defendants shall promptly produce to the plaintiff transcripts of any depositions of Esposito in other lawsuits with claims that Esposito used excessive force or participated in a false arrest on the same day on which the plaintiff was arrested. The defendants shall, by August 12, identify all depositions given by Esposito in lawsuits filed against Esposito that involve both (1) allegations of excessive force or false arrests and (2)

incidents that occurred no more than ten years prior to the incident at issue in this case.

Dated: New York, New York
August 8, 2016

_____
DENISE COTE
United States District Judge