AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 20-CV-8924 (CM) (GWG) |
| In re: New York City Policing During Summer 2020 Demonstrations | ) ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Sean Smoot
Illinois Police Benevolent & Protective Association, 840 Spring Street Suite A, Springfield IL 62704

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached rider.

| Place: Kaufman Lieb Lebowitz & Frick LLP<br>10 East 40th Street, Suite 3307<br>New York, NY 10016 | Date and Time:<br>06/30/2021 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/09/2021

*CLERK OF COURT*

OR          *[signature]*

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
Charles Henry Wood_____, who issues or requests this subpoena, are:
Douglas E. Lieb, 10 East 40th Street, Suite 3307, New York NY 10016, (212) 660-2332, dlieb@kllflaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20-CV-8924 (CM) (GWG)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____ .

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: 6/10/21

*Server's signature*
**JOHN J PENNELL**

*Printed name and title*
Illinois Process Servers
40 Hickory Point
Springfield, IL 62712

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# RIDER TO SUBPOENA FOR PRODUCTION OF DOCUMENTS TO SEAN SMOOT

## DEFINITIONS

1. This subpoena hereby incorporates by reference the Uniform Definitions in Discovery Requests set out in Rule 26.3(c) of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York (the "Local Rules").

2. "Corporation Counsel Report" refers to the Corporation Counsel Report Pursuant to Executive Order 58 (June 20, 2020) Directing an Analysis of Factors Impacting George Floyd Protests in New York City, publicly released by the New York City Law Department on or about December 30, 2020, and publicly available at https://www1.nyc.gov/assets/law/downloads/pdf/ProtestReport-np.pdf.

3. "Corporation Counsel Investigation" refers to any and all work performed by the New York City Law Department, its designees, its agents, and/or any outside consultants assisting or contributing to its work in response to Executive Order 58 of June 20, 2020, culminating in the issuance of the Corporation Counsel Report. The Corporation Counsel Investigation includes, but is not limited to, these actions described on page 1 of the Corporation Counsel Report, such as: (a) the "review" of a "broad range" of Documents or other "materials"; (b) "conversations" with police officials and other persons; and (c) "consult[ation] with third-party subject matter experts."

4. "Document(s)" shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3(c), and for purposes of these Requests shall be deemed to include "electronically stored information" ("ESI") as also defined in Rule 34. Examples of documents include, but are not limited to, all writings in any form, calendars, correspondence, diaries, manuals, memoranda, notes, log entries, reports, records, drawings,

graphs, charts, photographs, sound recordings, images, video recordings, telephone records, electronic mail messages, telephonic text messages (including SMS and MMS, iMessages, WhatsApp messages and all instant messages sent and received by whatever means or platform), spreadsheets, databases, all other forms of electronic communication, and other data or data compilations of whatever nature stored in any medium (including those from which information can be obtained or translated if necessary into a reasonably useable form). For the avoidance of doubt, document(s) shall include all originals of any nature whatsoever and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise.

## **INSTRUCTIONS**

1.  In addition to following the rules of construction in Rule 26.3(d) of the Local Civil Rules, whenever necessary to bring within the scope of any commend to produce Documents that might otherwise be construed to be outside its scope: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; and (b) the use of the feminine, masculine, or neuter genders shall include all genders.

2.  All Documents shall be produced in the manner in which they are maintained in the usual course of business. A command to produce a Document shall be deemed to include a request for any and all file folders or binders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

3.  Provide all ESI in the forms and manner specified in the **attached Schedule A - ESI Production Specifications**.

4.      In the event you withhold any Document called for by any commend to produce on the basis of a claim of privilege, provide a privilege log the information required by Rule 26.2 of the Local Civil Rules.

## **COMMAND TO PRODUCE**

Produce, to the extent within your possession, custody or control:

1.      All Documents provided to you by the New York City Law Department in connection with the work performed by you on the Corporation Counsel Investigation and/or Corporation Counsel Report.

2.      All Documents provided to you by the New York City Police Department in connection with the work performed by you on the Corporation Counsel Investigation and/or Corporation Counsel Report.

3.      All communications between you and any employee of the New York City Law Department concerning the Corporation Counsel Investigation and/or Corporation Counsel Report.

4.      All communications between you and any employee of the New York City Police Department concerning the Corporation Counsel Investigation and/or Corporation Counsel Report.

5.      All Documents reflecting any revisions, comments, suggestions, edits, proposed changes, or other feedback provided by you to the New York City Law Department on the Corporation Counsel Report.

## SCHEDULE A – ESI PRODUCTION SPECIFICATIONS

**FILE FORMATS**

1. Each document shall be provided with all of its attachments with family relationships indicated using the BegBatesAttach and EndBatesAttach metadata fields described in 4.1 below. Delivery should be via secure file transfer to the following email addresses: travis.england@ag.ny.gov.

2. All documents shall be produced by custodian.

3. All documents shall be produced in standard single-page Group IV TIFF format (or, with respect to documents containing responsive information that is only coherently viewable in color, JPG format), except that the following shall be produced in native format: (a) any audio, audiovisual, video, and any other file that is unreadable or has limited accessibility in the Group IV TIFF format; (b) Microsoft Excel files and other spreadsheets; and (c) Powerpoint files.

4. Documents produced in TIFF format shall be produced with Bates numbers stamped on each page. Bates numbers shall be of constant length, be sequential across a document and its attachments, be unique across the entire production, and contain no special characters except dashes.

5. Any native files that are produced shall also be produced with a one-page Bates-numbered TIFF image slip-sheet stating "Document has been produced in native format."

6. You shall make reasonable efforts to ensure that documents produced in TIFF format are readable.

7. You shall make reasonable efforts to process fully all documents for production. For any documents not fully processed, produce a TIFF image with the reason the document was not processed.

8. A Concordance-compatible load file and image load file (i.e., DAT and OPT load files) shall be included.

9. Any redactions applied to documents shall contain text indicating the basis for redaction (e.g., "Privileged").

**EXTRACTED TEXT**

10. For each document, provide a text file containing the text extracted directly from the native electronic version of that document, unless the document was redacted, is an image file, is a scanned hardcopy document, or is in another format from which text cannot be reasonably extracted. In these instances, provide a text file created using optical character recognition (OCR) to the extent reasonably practicable.

11. The text file name containing the extracted or OCR text should be named with the BegBates number of the document.

**DEDUPLICATION**

12. A document is an exact duplicate of another document only if it and all its family members have the same MD5 or SHA-1 hash values as the other document and its family members.

13. If a document and its exact duplicates are associated with the same custodian, you shall withhold the exact duplicates from production.

14. If a document and its exact duplicates are associated with different custodians, you shall withhold the exact duplicates from production and provide a metadata field for the produced document indicating the custodians for whom duplicates were withheld.

**METADATA**

15. For each document, provide the metadata specified below, to the extent they can reasonably be extracted or otherwise provided, in a delimited text file.

| Metadata Field | Description | Examples |
| --- | --- | --- |
| **Production Metadata Fields for All Documents** | | |
| BegBates | Bates number for the first page of the document | [Bates Prefix]-00000001 |
| EndBates | Bates number for the last page of the document | [Bates Prefix]-00000010 |
| BegBatesAtt | Bates number for the first page of the parent document (i.e., an email or other document containing attachments) | [Bates Prefix]-00000001 |
| EndBatesAtt | Bates number of the last page of the last attachment to the parent document | [Bates Prefix]-00000015 |
| Custodians_All | Name of the custodian or custodians who possessed this item or exact duplicates thereof. | Jones, Barbara |
| RecordType | Type of item being produced | Email, Email Attachment, Electronic Document, Hardcopy Document |
| FilePath | Original location of the file when collected from the source custodian or system | C:\My Documents\Deal Documents |
| FileSize | Size of the native file document/email in KB | 3,547 |

| Prod_Native | File path to the native file on the production media if applicable (a.k.a. production file path) | Prefix001\NATIVES\000\Prefix00000001.msg |
|---|---|---|
| Prod_Text | File path to the extracted text file on the production media | Prefix001\TEXT\000\Prefix00000001.msg |
| MD5Hash | The MD5 hash value for the item | |
| SHA1Hash | The SHA-1 hash value for the item | |
| Designation | The confidentiality designation of the document, if any | Confidential, Highly Confidential |
| Redaction | For documents containing redactions, the basis for such redactions | Privileged, Personal, Proprietary |
| **Additional Document Metadata Fields for Electronic Documents and Attachments** | | |
| FileName | Original name of the file when collected from the source custodian or system | exampledoc.doc, file.xls |
| FileExt | File type extension of native file | xls, doc, ppt, mp3 |
| FileType | File type or application used to create the underlying native file | Excel, Word, PowerPoint, MP3 |
| Title | Title of the document | Purchase Agreement |
| Author | Author of the document | Barbara Jones |
| TimeZone | The time zone in which electronic documents were standardized during conversion. | GMT |
| MasterDate | For emails and their attachments, the sent date of the parent email | MM/DD/YYYY |
| MasterTime | For emails and their attachments, the sent time of the parent email, using a 24-hour clock | HH:MM:SS |
| DateCreated | Date the item was created | MM/DD/YYYY |

| TimeCreated | Time the item was created, using a 24-hour clock | HH:MM:SS |
|---|---|---|
| DateLastModified | Date the item was last modified | MM/DD/YYYY |
| TimeLastModified | Time the item was last modified, using a 24-hour clock | HH:MM:SS |
| **Additional Document Metadata Fields for Email and Other Electronic Communications** | | |
| DateSent | Date the email message was sent, using a 24-hour clock | MM/DD/YYYY |
| TimeSent | Time the email message was sent, using a 24-hour clock | HH:MM:SS |
| Date Received | Date the email message was received, using a 24-hour clock, in Greenwich Mean Time (GMT) | MM/DD/YYYY |
| TimeReceived | Time the email message was received, using a 24-hour clock | HH:MM:SS |
| To | Addressee(s) of the email message | Barbara Jones barbarajones@co.com |
| From | Name and email address of the person who sent the email message | Barbara Jones barbarajones@co.com |
| CC | Recipient(s) included in the "cc" line of the email message | Barbara Jones barbarajones@co.com |
| BCC | Recipient(s) included in the "bcc" line of the email message | Barbara Jones barbarajones@co.com |
| Subject | Subject line of the email message | FW: your message |
| EmailPath | The original location of email | Personal Folders\Sent Items\ |
| Conversation Index | A field indicating whether an email message is part of a conversation thread with other email messages. | |