

August 23, 2021

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

By Electronic Filing.

  Re: In re: New York City Policing During Summer 2020 Demonstrations, 1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases

Dear Judge Gorenstein:

  I write on behalf of the Plaintiffs in the consolidated case above, following up on the matters the Court directed the parties to confer on at the August 19, 2021 conference. This letter addresses the issues with document production for depositions, while the issues related to Captain Zelikov will be addressed after an exchange of documents (as agreed by the parties).[1]

  After a meet and confer on August 20, by and large, the parties have agreed on a path forward. But one issue remains: the exact process by which Defendants generate the list of (or, as the Court put it, "the answers" to (7-21 Tr. 34-35)) what protests officers attended. The parties agree that Defendants must show officers the list of protests on Schedule A. And that Defendants must have the officer review their activity logs for May 28th through June 8th. Finally, once the list of protests exists, the parties agree that Defendants will use that list to determine which activity logs are produced.

  But Defendants refuse to identify (or, more precisely, refuse to include on the list of protests) protests that an officer clearly attended after June 8, but that the officer does not identify from memory and their review of Schedule A. Thus, for example if there is body worn camera from a protest on Schedule A that an officer attended, for example, Defendants have refused to list that protest and produce related documents.

  To make the issue more concrete, consider Officer Montesino's deposition. Defendants produced activity logs for May 29th through June 8th.[2] But they produced body camera footage — at

---

[1] And similarly, any outstanding issues related to documents for already-deposed officers will be addressed after a production of those documents and the parties confer.

[2] Defendants intended to produce a log for May 28th, but Officer Montesino accidentally printed out a log for May 28th 20*21*. So, the activity log for May 28th, 2020 was missing.



roughly the same time[3] — that showed definitively that Officer Montesino was at a protest the night of November 4, 2020 near Union Square (that is, Protest 78 on Schedule A). The footage was Officer Montesino's body camera (Defendants knew as much, since that was the reason they produced it), the video shows protesters, and the video is in Union Square.

As to what protest was involved, the file name even included the date. But Defendants did not connect the dots — and with that failure to connect the dots, Plaintiffs did not receive any other necessary documentation for that date. That is, Plaintiffs received no activity logs, no arrest records, no DATs, no summonses, etc. And thus, Plaintiffs could not fully question Officer Montesino about that protest.

In the meet and confer, Defendants acknowledged that there was no meaningful burden to connecting these dots. Nor could they plausibly claim there was one: it's simply a matter of Defendants' looking at one document *already in front of them* and copying a date. All Defendants claim is that somehow, the collective burden is too much. But that fails: the information sought here is relevant, necessary for effective and efficient depositions, and simply not burdensome.

Thus, this falls into the category of information where the Court warned Defendants that if "it turns out that you could have just done a search … and you didn't do it and you went forward with this deposition, then there's going to be some kind of consequence to the City for that." 7-21 Tr. 30:5-12. All Defendants have to do is look at the date of a document they are already producing, copy it to a list, and include that date in what they're already printing. So Plaintiffs ask the Court to order Defendants to include this information — and any other information that somehow happens to be in front Defendants as they prepare the list — on the list.

We thank the Court for its continued time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

[3] Aside from the removed redaction produced after the deposition, for the Monday, August 9 deposition, Defendants produced Officer Montesino's BWC footage at 2:41 p.m. on Friday, August 6; the limited activity logs at 8:11 p.m. on Thursday, August 5; and a supplemental production of a subset of the missing documents on Saturday, August 7, at 7:57 a.m.

COHEN&GREEN                                                                 Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com