UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations. | 20 Civ. 8924 (CM)(GWG)<br>20 Civ. 10291(CM)(GWG)<br>20 Civ. 10541(CM)(GWG)<br>21 Civ. 322(CM)(GWG)<br>21 Civ. 533(CM)(GWG)<br>21 Civ. 1904(CM)(GWG) |

------------------------------------------------------------------------x

## DEFENDANTS' AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST CONSOLIDATED SET OF REQUESTS FOR DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.3 of this Court, defendants City, Mayor Bill de Blasio, Commissioner Dermot Shea and Chief of Department Terence Monahan serve the following Amended Responses to Plaintiffs' First Consolidated Set of Document Requests, as discussed during the May 21, 2021 meet-and-confer, as follows:

## GENERAL STATEMENTS

1. By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information

likely benefit to plaintiffs.  Defendants further object that it assumes that there were trainings on only the 32 requested topics in regards to protests (as opposed to general trainings that covered some or all of the requested topics).

Subject to and without waiving any of the above objections, defendants state that they are withholding documents based upon  all of the foregoing objections.

## DOCUMENT REQUEST NO. 6:

For each Officer identified in response to **Interrogatory No. 1 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants**, provide Documents sufficient to show whether and, if so, the date(s) that the Officer received training related to the subjects described in **Request No. 1**.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:

Defendants object to Document Request No. 6 on the grounds that it is subsumed by Document Request No. 5 because any responsive documents to this request would have been produced in response to Document Request No. 5.   Thus, Defendants refer plaintiffs to defendants' objections and response to Document Request No. 5.

## DOCUMENT REQUEST NO. 7:

For each Protest Location listed in the **attached Schedule A**, Documents sufficient to identify the intended roles or functions, deployments, commands, and instructions provided to each and every Officer who was assigned to, or who responded to, the Protest Location, including but not limited to documents identifying:

a) The commanding Officer for each location;

b) The full name, shield number, tax identification number, assigned command, and rank of each Officer deployed;

c) Each Officer's assignment post, including the assignment address and borough;

d) Any and all Officers assigned to supervise or oversee such deployment;

e) Any attorneys from either the NYPD or the NYC Law Department at each location;

f) All Threat Response Inquiry ("TRI"), Officer Injury Reports, Complaints, or other written documentation of any kind related to such deployment;

g) All Unusual Incident or Occurrence Reports (PD370-152; UF-49);

h) All instructions or directives regardless of form regarding police equipment and uniforms (including disorder control gear, face coverings, and so-called "mourning bands") to be worn or possessed by Officers during the assignment;

i) Any communications relating to the decision to deploy Officers from the SRG and any instructions or directives provided to the SRG or Officers assigned to such deployments.

**AMENDED OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants object to Document Request No. 7 on the grounds it seeks documents already in plaintiffs' possession, custody, or control by virtue of defendants' previous disclosures; and it is overbroad because some of the requested documents would not contain commands or instructions to officers.  Defendants also object that it seeks documents that are not relevant and beyond the scope of this litigation insofar as it seeks documents for instructions or commands to officers who have no connection to the plaintiffs.  Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has not been provided to defendants.  This objection may be withdrawn upon the entry of an unsealing order. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents, including those that do not pertain to the plaintiffs, far outweighs any likely benefit to plaintiffs.  Defendants further object insofar as any documents for injured officers are protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA").  Defendants further object that it is vague and ambiguous as to the generic term "Complaints."

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the documents produced as part of Defendants' Initial Disclosures.  Defendants further state that they are continuing to search for documents responsive to this request and will

supplement this response on a rolling basis, should such documents become available, but by no later than July 31, 2021.

**DOCUMENT REQUEST NO. 8:**

For each Protest listed on the **attached Schedule A**, provide the following Documents:

a) Any and all intelligence reports, threat assessments, and information compiled and/or reviewed in advance of and during the Protests, including all Documents reflecting Officers' planning for policing the Protests, and any spreadsheets or other lists of "scheduled" and "unscheduled" events during the time period surrounding each Protest;

b) Any and all communications, tactical decisions, intelligence alerts, policies or other directives issued by any Officer as a result of such intelligence reports, assessments, or other information pertaining to the Protests;

c) News clips, social media postings, and internet links gathered by the NYPD, including but not limited to such information and records gathered or created by the Office of the Deputy Commissioner for Public Information ("DCPI"), the Intelligence Division, or otherwise, related to any Protest;

d) Requests for detail, Operations Unit (including Detail Section) records, "204s", "Who's Who," "Force Figures," "Detail Overview," roll calls, tactical plans, detail rosters, assignment sheets, internal communications, and other documents) concerning NYPD's deployment or assignment of Officers and resources relating to the Protests;

e) Command Log(s) and other records created as a result of or related to the operation any Incident Command Post utilized in connection with policing a Protest;

f) Records reflecting whether and, if so, by whom, when, and to what extent, dispersal orders or other warnings and opportunities to disperse or comply were given before enforcement action was taken at each Protest where force was used or detentions or Arrests were made;

g) All To/From Memoranda, Unusual Occurrence Reports, U.F. 49s, Mass Arrest Reports and/or any other Documents consisting of summaries, reviews, recaps, evaluations, critiques, after-action reports, or other reports following any Protest, including but not limited to Joint Operations Center reports;

h) All videos, including TARU videos, bodyworn camera videos, and Aviation Unit videos;

i) All audio recordings, including audio recordings of NYPD Citywide and other radio communications;

j) SPRINT reports related to recorded communications (and documents sufficient to decipher such SPRINT reports);

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendants object to Document Request No. 43 on the grounds that it is not limited in time and because it assumes that datasets will or have been produced. Defendants further object insofar as this request asks for the creation of documents. Subject to and without waiving any of the above objections, defendants state that there are no datasets produced pursuant to this request or Plaintiffs' Interrogatories.

**DOCUMENT REQUEST NO. 44:**

Provide all documents identified or relied upon in responding to Plaintiffs' Interrogatories served in these Actions.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

In response to Document Request No. 44, defendants refer plaintiffs to their objections and responses to Interrogatory Nos. 1 through 14.

Dated: New York, New York
      June 4, 2021

GEORGIA PESTANA
Acting Corporation Counsel of the
  City of New York
+*Attorney for Defendants City, de Blasio, Shea,
Monahan*
100 Church Street
New York, New York 10007

By:   *Dara L. Weiss*
       ————————————————
       Dara L. Weiss
       *Senior Counsel*

TO:  **By Electronic Mail**
      Counsel for all Plaintiffs