UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations.<br><br>This document relates to Yates v. New York City et al., No. 21-CV-1904 | 20 Civ. 8924 (CM)(GWG)<br>20 Civ. 10291(CM)(GWG)<br>20 Civ. 10541(CM)(GWG)<br>21 Civ. 322(CM)(GWG)<br>21 Civ. 533(CM)(GWG)<br>21 Civ. 1904(CM)(GWG) |

------------------------------------------------------------------------x

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF YATES ' SECOND SET OF INTERROGATORIES AND REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM NEW YORK CITY AND FROM FAUSTO PICHARDO**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.3 of this Court, defendants City, and Pichardo serve the following Responses and Objections to Plaintiff Yates' Second Set of Set of Interrogatories and Requests for Production of Documents, as follows:

**GENERAL STATEMENTS**

1. By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not

constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify by full name, shield number, present command, and last known address if no longer employed by the New York City Police Department ("NYPD") each of the 23 NYPD employees described in the table in Attachment A, who was present on Church Street, just south of Canal Street, in Manhattan on May 31, 2020, between 9:12 PM and 9:15 PM; for any individual you are unable to identify, so state. For your assistance, where possible members are already identified by the helmet number they are wearing in the discovery previously provided.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendants object as this interrogatory is overbroad and irrelevant as plaintiff has not indicated how, or if these individuals are involved in this action. Defendants further object that it is duplicative of Interrogatory Nos. 1, 6, 8, & 12 of the consolidated interrogatories, which already asked for the identities of officers at the Protest Locations. Defendants have not been able to confirm the identities of the 23 individuals described in the table, but continue to attempt to identify them. Providing an actual screenshot, rather than a link that expires and is difficult to forward to individuals who can assist in the identification procedure can help to speed up the process.

**INTERROGATORY NO. 2:**

2. Answer the following questions regarding helmet numbers of SRG members:

    **a. do they match the officer's shield number?**

    **b. do they match the officer's tax number?**

    **c. is there a record(s) identifying what officer is wearing what helmet number?**

    **d. If the answer to c, above, is yes, what record(s) would that be?**

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to interrogatory no. 2 as is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence, and that it is more appropriately asked at a deposition. Notwithstanding, defendants respond as follows:

a. SRG member's shield numbers are on the visors of their helmets. The numbers on the side of the helmet are SRG specific numbers, but not shield numbers.

b. No

c. Yes

d. A log is kept of the SRG specific numbers on the side of the helmet.

**Dated:** **New York, New York**
July 16, 2021

                                                    GEORGIA PESTANA
Acting Corporation Counsel of the
  City of New York
*Attorney for Defendants City, Pichardo* 100 Church Street
New York, New York 10007


By:   *Dara L. Weiss s/*
       Dara L. Weiss
       *Senior Counsel*

TO:   **By Electronic Mail**
       Counsel for all Plaintiffs