

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**ELISSA B. JACOBS**
*Senior Counsel*
ejacobs@law.nyc.gov
Phone: (212) 356-3540
Fax: (212) 356-1148

August 25, 2021

**By ECF**
Honorable Garbirel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re:  *New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924-CM-GWG

      I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York and I write on behalf of defendants in the above-referenced matters in opposition to plaintiffs' letter, filed on August 23, 2021 (ECF No. 241).  Plaintiffs' motion should be denied as moot, as defendants will do exactly as plaintiffs request – check the dates of Body Worn Camera footage and confirm that an officer was present on that date.

      As an initial matter, plaintiffs' motion should be denied as it fails to conform with the meet and confer requirements set out in Your Honor's Individual Rules.  Plaintiffs' letter fails to conform with Your Honor's Individual Rule 2(A), which requires a party to confirm they informed an adversary that they believed there was an impasse and that they would bring the issue in front of the Court.  This is not a mere oversight by plaintiffs – neither of these things happened.  On Friday, August 20th, the parties met to discuss additional processes by which defendants would be able to identify dates on which officers attended protests, without adding to the already significant burden placed on defendants in preparing for ongoing depositions.  The parties' agreement is set out in plaintiffs' letter.  Plaintiffs requested defendants double-check dates for which Body Worn Camera footage had been provided, and ensure that any relevant documents for those dates be provided.  This specific request had not previously been raised, and defendants expressed concern about the additional burden this would place on defendants, in addition to the burdens already imposed by the number and rapidity of ongoing depositions.  However, at no time did the parties agree there was an impasse.  Plaintiffs merely moved on to other matters and, without further discussion, filed a letter with the Court.  Thus, plaintiff's motion should be denied for failure to comply with the Court's Individual Rules.

      In addition, plaintiffs' motion should be denied as defendants are in fact willing to do exactly as plaintiffs request.  Following the meet and confer on Friday, defense counsel was able to confer internally and with our clients, and determined that the burden of checking the dates for

which we have Body Worn Camera was not in fact too great.  Had plaintiffs complied with Your Honor's rules, motion practice could have been avoided.

      Therefore, as there is no dispute, this request should be denied.

Thank you for your attention to this matter.

                                          Respectfully,

                                          *Elissa B Jacobs*

                                          Elissa B. Jacobs
                                          *Senior Counsel*
                                          Special Federal Litigation Division


CC:    All Counsel of Record