


September 3, 2021

By ECF

The Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

> Re: *In re: New York City Policing During Summer 2020 Demonstrations,*
> **1:20-CV-8924 (CM) (GWG)**
> *This letter is related to all cases*

We write on behalf of counsel for all Plaintiffs in these consolidated actions to respectfully request that the Court schedule a conference to compel Defendants to produce witnesses in response to Plaintiffs' Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) served on July 2, 2021.

After pledging in July to begin producing 30(b)(6) witnesses by mid-August, Defendants abruptly changed course on August 25 and announced that they would not produce any 30(b)(6) witnesses and would move to quash the notice in its entirety. Because Defendants refused to tell Plaintiffs when it would file that motion, and have not done so, and because of the urgency created by the Defendants' sudden and belated change in position, Plaintiffs seek the Court's intervention and ask the Court to find that Defendants have defaulted on any objections to the notice and order Defendants to produce witnesses addressing all topics for the last two weeks of September.

As set forth below, counsel for Plaintiffs and Defendants have met and conferred in good faith on this issue several times, most recently on August 25 for approximately 15 minutes of an hour-long meeting covering several topics, during which conference the parties reached the impasse described below. In attendance at that meeting were Elissa Jacobs, Rachel Kaufmann and Anthony Disenso for the Defendants and Ali Frick, Remy Green, Swati Prakash, Lillian Marquez, Wylie Stekow, Andrew Stoll, Rob Rickner and Bobby Hodgson for the Plaintiffs.

**Background**

Plaintiffs served their first 30(b)(6) notice on July 2, listing seven topics (with sub-topics), and noticing the depositions for July 16. (Exhibit A). Defendants initially objected to the timing

of the service of the notice but, following a meet and confer on July 9, Defendants withdrew that objection and Plaintiffs agreed to adjourn the notice with the understanding that the City would endeavor to produce a deponent or deponents by mid-August. (Exhibit B). During that meet and confer, Defendants generally reserved the right to make future objections to the notice, but counsel did not raise any particular objections to the topics or the notice as a whole at that time.

In meetings among counsel throughout July on other deposition-related matters, Plaintiffs' understanding that 30(b)(6) depositions would commence in mid-August was reaffirmed on multiple occasions. On none of these occasions did Defendants suggest they would move to quash Plaintiffs' 30(b)(6) notice or take the opportunity to raise any specific objections to that notice. On July 12, the parties agreed to delay scheduling of "higher-up" fact witnesses until mid-August, in part to align with the scheduling of 30(b)(6) depositions, in recognition of the possibility that some of the "higher-ups" noticed by Plaintiffs might be designated by Defendants as 30(b)(6) witnesses. Later that week, Defendants made their demand—since rejected by this Court—to immediately limit the overall number of depositions. When the parties met and conferred on that issue, Plaintiffs specifically noted that upcoming 30(b)(6) depositions would be helpful in potentially enabling Plaintiffs to narrow the overall number of noticed depositions. Likewise, since late July the parties have met and conferred several times about the process for 30(b)(6) and "higher-level" depositions, including Defendants' request for a protocol governing topics and questioning. The parties' discussion on that matter continues in the hope of reaching an agreement; for purposes of this motion, the critical point is that on none of those occasions did Defendants suggest they had broader objections that might interfere with producing 30(b)(6) witnesses in mid-August.

On August 6 – having not heard from Defendants on any specific mid-August dates for 30(b)(6) depositions – Plaintiffs emailed requesting Defendants provide two dates in August for each deponent identified for the topics listed in the notice. (Exhibit C). Defendants did not respond to that request. On August 12, Plaintiffs emailed again, asking to meet and confer on Defendants' failure to designate any witnesses or schedule any depositions relating to the notice, despite the agreement to do so and hold those depositions by mid-August. *Id.* During the subsequent meet and confer on August 18, Defendants asserted that Topics 4 and 5 were inappropriate "discovery on discovery" and stated their intent to move to quash those topics within one week, but articulated only vague burden and vagueness objections to Topics 1-3 and 6-7 and refused to provide any dates for witnesses to address those topics. Frustrated by Defendants' refusal to provide dates (or objections) on any other topics, Plaintiffs informed the City that if it did not provide dates for at least some 30(b)(6) depositions by the following Wednesday, August 25, the parties would be at an impasse.

On August 25, instead of filing the narrow motion to quash relating to Topics 4 and 5 that they had promised to file, Defendants for the first time asserted a categorical objection to Plaintiffs' July 2 notice and informed Plaintiffs they intended to move to quash the entire notice, not just Topics 4 and 5. When pressed to engage in some discussion of the grounds for its specific objections and how the notice might be narrowed to accommodate them, the parties again discussed Topic 5 (relating to data retention and ESI), and plaintiffs expressed a willingness to consider waiting until ESI production was complete to see if those documents might inform a narrowing of that topic, but the parties did not reach agreement on that proposal because

Defendants refused to move past their categorical objection to the notice as a whole. In light of Defendants' stated intent to move to quash the entire notice, the parties agreed they had reached an impasse. (Exhibit D).

On August 30, Plaintiffs emailed Defendants to confirm their position that they would move to quash the 30(b)(6) notice in its entirety and, in light of the serious threat this and other delays created by Defendants' lax approach to discovery poses to the schedule, to demand that they move no later than September 1, 2021. (Exhibit E). On September 1, Defendants replied to confirm its position on the motion to quash but refused to provide any date certain for the motion. *Id.* As a result, Plaintiffs have come before the Court.

**ARGUMENT**

Plaintiffs have served a satisfactory Rule 30(b)(6) notice regarding central issues in these cases and Defendants must identify and produce witnesses to respond. Having refused to do so, they have waived any objection to the scope of Plaintiffs July 2, 2021 Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) and must immediately provide dates for depositions covering all topics listed in that notice during the last two weeks of September.

1. The 30(b)(6) Notice Seeks Relevant Topics with Reasonable Particularity

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "It is well-settled that any possibility that the sought-after information may be relevant to the subject-matter of the action will satisfy Rule 26(b)(1)'s requirements. It is also established that the discovery rules are to be given a broad and liberal construction to effectuate their purpose of ensuring that civil trials are not conducted in the dark." *Dealer Computer Servs., Inc. v. Curry*, No. 12 CIV. 3457 JMF JLC, 2013 WL 499520, at *1 (S.D.N.Y. Feb. 7, 2013) (cleaned up).

The seven topics listed in Plaintiffs' notice relate to issues central to this case – namely, the development and review of policies governing policing protests and training on those policies, including crowd control, arrest procedure, use of force and other matters (Topics 1-3); NYPD document retention and data storage policies (Topics 4 and 5); chain of command and operational control during protest events (Topic 6); and supervision, review and monitoring of policing protests (Topic 7). Such a notice is well within the boundaries of proportionate discovery given the specific context of this case. *See Alheid v. Target Corp.*, No. 16CIV6980PGGHBP, 2017 WL 4174929, at *1 (S.D.N.Y. Aug. 29, 2017) (largely denying a motion to quash a 43-topic 30(b)(6) notice in a single-plaintiff personal injury case arising out of a slip-and-fall at a Target store, narrowing only 3 of the 43 topics).

The relevance to this case of how the NYPD develops and reviews policies and training relating to the policing of protests (Topics 1-3) as well as operational issues relating to policing protests (Topic 6) and post-hoc supervision and review of protest events (Topic 7) is self-evident. While the definitions section lists a substantial number of such policies, all of the items on that list relate to specific allegations of police misconduct and the cause of that misconduct in the

consolidated complaints in these actions, making the breadth of the topic proportionate to the scope of these several cases.

The subject matter of Topics 4 and 5, relating to NYPD document retention and data storage policies, is critical to ensure that discovery is comprehensive and timely, to help Plaintiffs identify potentially relevant information, and to avoid misunderstanding or delay in the identification and production of relevant materials. On several occasions, counsel for Defendants have been unable to explain why certain materials known to exist have not been produced. For example, Defendants have informed Plaintiffs that NYPD-owned CCTV video footage (known as "ARGUS footage") of the protests was not retained for events after June 8, 2020 – but have not been able to explain who made that decision or why. There have also been multiple disputes over the policies governing storage of body-worn camera video that could be resolved (and future similar disputes avoided) if Plaintiffs had access to clearer information about how these systems operate – information that counsel for Defendants have been unable to provide, as it appears that collection and review of this material has largely been conducted by the NYPD Legal Bureau rather than the New York City Law Department. By way of specific example of once such (ongoing) dispute, the parties' efforts to meet and confer about whether the City should produce audit trails for BWC video have been hampered by both sides' relative ignorance about how such trails are stored and how easily they can be produced. Given the straightforward nature of these topics and the accumulating record of counsel for Defendants being unable to clarify such matters, they are also a proportionate discovery demand in this case.

2. Defendants' Failure to Timely Move to Quash or for a Protective Order Waives any Objections

It is well established that once the deposing party issues a 30(b)(6) notice specifying the topics with "reasonable particularity," the responding party "has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf.'" *Reilly v. Natwest Markets Group, Inc.,* 181 F.3d 253, 268 (2d Cir.1999) (quoting *Austin v. Healey,* 5 F.3d 598, 601 (2d Cir.1993)). Having received a satisfactory 30(b)(6) notice, Defendants sat on their hands for over a month, did not make any formal objections, and still – two months after the notice was served – have not moved to quash or for a protective order with respect to any of the topics.  Accordingly, any of Defendants' objections are waived. *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09 CIV. 3701 JPO JCF, 2013 WL 6439069, at *2 (S.D.N.Y. Dec. 9, 2013)("The weight of the authority holds that a party believing it has received a flawed 30(b)(6) notice may not merely rest upon its objections, but must move for a protective order.").

The City of New York has a pattern familiar to these Plaintiffs, and even demonstrated in case law, of telling plaintiffs it will move to quash a deposition notice but then failing to do so in a timely manner, forcing plaintiffs to move to compel. *See Alli v. Steward-Bowden*, No. 11 CIV. 4952 PKC KNF, 2013 WL 6053481, at *1-*2 (S.D.N.Y. Nov. 7, 2013) (upholding an order of costs to plaintiff on motion to compel 30(b)(6) depositions where the "the City failed to make a timely objection to the scope of the request, did not make a factual showing that the request was unduly burdensome, and did not to seek a protective order until after plaintiff filed

his motion to compel.") In light of the "rocket docket" in this case, Defendants can no longer delay producing 30(b)(6) witnesses and have waived the additional time it would take to negotiate whatever marginal objections Defendants may have to Plaintiffs' plainly relevant topics.

Procedural default is also appropriate in this case because Plaintiffs are at a disadvantage on this motion in not knowing what the basis for Defendants' objections to the notice are, particularly Topics 1-3 and 6-7, about which Defendants have steadfastly declined to offer any particular objection. This is a result both of Defendants' refusal to engage in specific discussions of those objections to enable the parties to explore compromise and of Defendants' unreasonable failure to promptly file a motion listing their grounds with particularity.

For the foregoing reasons, the Court should find that Defendants have defaulted on any objections to the notice and compel Defendants to produce witnesses addressing all topics for the last two weeks of September.

Respectfully,

Corey Stoughton
The Legal Aid Society
199 Water Street
New York, N.Y. 10038
(212) 577-3367
cstoughton@legal-aid.org

cc: all counsel