

September 8, 2021

Hon. Gabriel W. Gorenstein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

By Electronic Filing.

    Re:    <u>In re: New York City Policing During Summer 2020 Demonstrations,</u>
           1:20-CV-8924 (CM) (GWG)
           This Letter Relates to All Cases

Dear Judge Gorenstein:

      As the Court is aware, my firm and others represent the putative *Sow* class in this consolidated matter. I write on behalf of all (non-stayed) Plaintiffs.

      Defendants have not produced any electronically stored communications — which the parties have been discussing under Judge McMahon's special rules for electronically stored information (ESI).[1] Defendants have refused to provide a date certain when such production will begin, and essentially said that they will not produce any ESI until at least October.[2] This makes it impossible to complete depositions of higher-level fact witnesses for whom meaningful review of communications in advance of depositions is critical. This delay has already prevented depositions from moving forward meaningfully at all past a limited number of non-line level officers (particularly in light of Defendants' refusal to produce 30(b)(6) witnesses, which Plaintiffs have separately raised with the Court). So Plaintiffs ask the Court to direct that all electronically stored communications be produced no later than a week following the Court's order, and provide various other appropriate relief.

      As required by the Court's Individual Practices, Plaintiffs have met and conferred (repeatedly) with Defendants on this issue. At the three most recent meet and confers, Plaintiffs specifically informed Defendants that they intended to seek relief and confirmed a final impasse on timing issues at the September 3 and September 8 meet and confers. A partial list of the meet and confers where the relevant issues have been discussed (along with the details required by the Court's

---

[1] This dispute specifically covers only communication ESI (that is, essentially, text messages and emails). There are separate issues that relate to other ESI that may be raised later. For convenience throughout this letter, however, "ESI" should be understood to refer to communication ESI.

[2] As described below, Defendants said that it would be making a "wild guess" to state when Plaintiffs would have documents. And at a meet and confer today, Defendants confirmed it was unrealistic to think Plaintiffs would have documents in October — but it may be longer still.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385   ·   t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Practices[3]) is:

- September 8, 2021 at 10 a.m. (for approximately 2.0 hours). Attendance included Elissa Jacobs and Rachel Kaufman for Defendants (along with NYPD personnel there to discuss other issues); and myself, Jennvine Wong, Wylie Stecklow, Daniel Lambright, Molly Biklen, Gideon Oliver, Travis England, and Rob Rickner for the Plaintiffs.
- September 3, 2021 at 10:30 a.m. (for approximately 1.2 hours). Attendance included Anthony DiSenso, Elissa Jacobs, and Rachel Kaufmann for Defendants; and myself, Swati Prakash, Ali Frick, Daniel Lambright, Wylie Stecklow, Rob Ricker, Travis England, and Gideon Oliver for Plaintiffs.
- August 25, 2021, at 10:30 a.m. (for approximately 1.3 hours). Attendance included Anthony DiSenso, Elissa Jacobs, and Rachel Kaufmann for Defendants; and myself, Wylie Stecklow, Andrew Stoll, Bobby Hodgson, Ali Frick, Lillian Marquez, and Swati Prakash for Plaintiffs.
- August 18, 2021, at noon (for approximately 1.7 hours). Attendance included Dara Weiss and Elissa Jacobs for Defendants; and myself, Gideon Oliver, Wylie Stecklow, Swati Prakash, Andrew Stoll, Rob Ricker, and Travis England for Plaintiffs.
- June 23, 2021, at 4:00 p.m. (for approximately 1.8 hours). Attendance included Anthony DiSenso, Rachel Kaufman, and Dara Weiss for Defendants; and myself, Wylie Stecklow, Andrew Stoll, Ali Frick, Gideon Oliver, Jennvine Wong, Marc Arena, Rob Rickner, Lisa Laplace, and JP Perry for Plaintiffs.
- May 21, 2021, at 10:00 a.m. (for approximately 2.1 hours). Attendance included Dara Weiss for Defendants; and myself, Wylie Stecklow, Travis England, Rob Rickner, Doug Lieb, and Corey Stoughton for Plaintiffs.
- March 23, 2021, at 10:00 a.m. (for approximately 0.4 hours). Attendance included Anthony DiSenso and Dara Weiss for Defendants; and myself, Travis England, Josh Moskovitz, and Doug Lieb for Plaintiffs.

## Background

The movement of ESI already has a tortured history here. In the first instance, after directing Defendants to provide a proposed date for the completion of all document production (ECF No. 43 ¶ 3), on April 8, Defendants sent an email stating that "it is impossible to predict when we can complete document production" and saying only that they would "endeavor to produce the bulk of the documents thus far requested on or before July 31, 2021." After pushback, Defendants clarified that they wanted to be "very clear that defendants are committing to produce the documents requested by plaintiffs on or before July 31." But then Defendants began to insist that this Court-directed deadline did not apply to *any* communication ESI. And by moving the goalposts several weeks at a time here and there, Defendants managed to move to where we are now: sitting

---

[3] Except that Defendants' positions (item (2)(A)(4)) are stated below in the Background and Discussion sections.

   Page 2 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



in September, with not even the *beginning* of communication ESI production in sight. A detailed accounting of that process follows.

At the outset, Defendants initially indicated that they did not plan to comply with Judge McMahon's rules on ESI, which require parties to mutually disclose a list of custodians and other information crucial to effective collection of ESI communications. Weeks later, after conferring on the issue, Defendants indicated they *would* comply — but on a delayed time frame. Defendants finally made the basic disclosures required by Judge McMahon's ESI rules on May 7, 2021, disclosing just over a hundred NYPD custodians.

After weeks of silence, Defendants subsequently revealed at a meet and confer that they hadn't yet *begun* collecting documents from those custodians. And they insisted both that (1) it was *Plaintiffs'* job to propose collection terms;[4] but that (2) Defendants were under no obligation to confer with Plaintiffs or agree with Plaintiffs on those collection terms. After being reminded of Judge McMahon's rules, Defendants then agreed to negotiate collection terms. So, on June 29, 2021, Plaintiffs provided a proposal.[5] Defendants responded some two weeks later, on July 12[6] — by among other things, claiming that more than 70 of the NYPD custodians Defendants had designated didn't have *any* relevant information (without any explanation as to how that mistake was made). And when Plaintiffs attempted to get basic information about what searches Defendants intended to do or what sources Defendants had collected documents from,[7] Defendants responded that, "In particular, with respect to what you refer to as the 'algorith[]m' we disagree that discovery into defendants' search methodology is warranted." Plaintiffs proposed a final version of an initial collection protocol (subject to revision based on what the actual documents revealed[8]) on July 30, and Defendants accepted it on August 6.

Defendants have provided no additional clear information to Plaintiffs about their search and collection of ESI communications since then. Defendants revealed at the September 3 meet and confer that first level review has not yet even begun and that there are no documents Defendants are prepared to produce. And Defendants revealed at the September 8 meet and confer that at least one major hurdle to timing (and a part of what has slowed down the process to date) is

---

[4] "Collection terms" here being distinct from search terms designed to narrow review of already collected documents. Most large cases involve a mass collection, followed by searches to narrow what documents are actually reviewed.

[5] That proposal, sent as a letter, is attached as **Exhibit A**.

[6] The response, sent as a letter, is attached as **Exhibit B**.

[7] Defendants claimed that certain collections made it unnecessary to run requested searches.

[8] By way of example, Defendants have claimed that members of service rarely if ever *text* about work matters. But the body-worn camera footage produced shows officers routinely texting, coordinating protest coverage through text messages, and so on. So it seems likely that some text message search and production protocol will need to be added. Similarly, there are entire commands and divisions — including the Intelligence Division, various relevant precincts, the Counter-Terrorism Bureau, the Communications Division, the Technical Assistance Response Unit (or "TARU"), and the Office of Management Assistance and Planning — that do not appear to be represented by any custodian. Thus, though Defendants have insisted at meet and confers that there is no reasonable chance that any relevant email will be omitted from production, new, necessary custodians are likely to be revealed by virtue of who shows up on relevant email threads.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



staffing — and that they are still planning how to staff review. Defendants also conceded that if not for apparent budget concerns, the review could get done very quickly. While Defendants initially agreed to provide (as is common in ESI protocols) hit reports for various search terms, they have now refused to do so. So Plaintiffs are left staring at a black box, with time running out to get documents, review them, and prepare for critical depositions of ESI custodians, which include almost all of the "higher level" depositions Plaintiffs have noticed in this case. Put differently, Plaintiffs are staring down deposing "higher level" NYPD officials without a single email or text message in hand.

At a meet and confer on August 25, Defendants committed to providing an estimated date for the completion of ESI production by the middle of the week of August 30 (after Plaintiffs pressed for a solid commitment). They failed to do so. At the most recent meet and confer — on September 8 —Defendants emphasized that a "sampling" of the material had only just begun and but could confirm that they would not be able to produce all of the ESI by October. And at the meet and confer before that — on September 3 — Defendants characterized any estimate of when they would complete production as involving "wild guesses." When asked for some indication of what the basic timeframe would be — including whether information could start rolling by the next week and whether production would be complete before October so that depositions could be scheduled — Defendants simply said they did not yet even know how the review of documents would be staffed and thus could not commit to any timing for when production would begin (or, for that matter, end).

Plaintiffs thus confirmed an impasse on timing: Defendants do not know when they're going to be able to begin (let alone complete) producing documents that should have been in Plaintiffs' hands, at the latest, on July 31. They are unwilling to share basic information such as hit reports that might help Plaintiffs prepare for document review. And Plaintiffs will be prejudiced at this stage by delaying depositions that cannot be taken until communication ESI has been sorted, tagged, and reviewed (by Plaintiffs).

## Discussion

This case is on a rocket docket. The Court has repeatedly told Defendants that the Law Department's understaffing of this case will not be permitted to delay the schedule — and even ordered Defendants to provide staffing numbers in updates to Plaintiffs.[9] And Defendants have repeatedly caused delay after delay on production of their communications ESI. Thus, it is now unclear whether Plaintiffs will even have communications ESI complete before the final date to take

---

[9] Since a part of a likely possible solution going forward will be that Defendants are again directed to provide staffing information, Plaintiffs ask the Court to direct Defendants *not* to designate such information confidential (which makes it significantly more difficult to raise that information). In the past, Defendants have designated that information (and with it, the entirety of the algorithm letters the Court ordered) confidential and "attorney's eyes only" (despite no such designation existing in this case). And the parties reached an impasse on that practice — though events overtook the need to raise it with the Court. But there is no possible justification for such a designation. So it would be appropriately resolved in any order in which the Court directs Defendants to provide staffing information.

COHEN&GREEN                                                                                                        Page 4 of 5

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



depositions — and it seems certain Plaintiffs won't have all of it before the date to file a class certification motion (now October 15), Plaintiffs *didn't* have it before the date to designate experts (September 1), and may not even have it before the expert report deadline (November 1), to say nothing of having it in time for an expert to meaningfully review materials in preparing their report. *See* ECF No. 175. That's simply not tenable.

To remedy these deficiencies and ensure that Defendants are fully transparent in their process moving forward, Plaintiffs propose the following, which Defendants have declined to agree to thus far:

- Defendants must complete their review and production of the documents they have collected[10] within 7 days of the order resolving this dispute.
- Defendants must provide a detailed description of the resources they are dedicating to this task within one day of any order resolving this dispute, in order to provide transparency; and
- Defendants must pay Plaintiffs' attorneys' fees for needing to bring this application.

We thank the Court for its continued time and attention on this matter.

Respectfully submitted,

/s/
_____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

Enclosures.

cc:
All relevant parties by electronic filing.

---

[10] Defendants have indicated that they do not intend to *start* that review for some weeks yet. While Defendants have not given exact numbers (despite Plaintiffs' requests), they have given rough estimates adding up to the high six figures.



Page 5 of 5

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com