

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**ELISSA B. JACOBS**
*Senior Counsel*
ejacobs@law.nyc.gov
Phone: (212) 356-3540
Fax: (212) 356-1148

July 12, 2021

Counsel,

I write in response to your letter dated June 29, 2021 regarding plaintiffs' proposed search parameters for defendants' electronically stored information ("ESI").

As an initial matter, defendants have considered plaintiffs' proposal regarding appropriate custodians, search terms, and date range. For purposes of email collection, defendants agree to plaintiffs' proposed date range for collection and to all proposed City Hall custodians. Certain of the NYPD custodians proposed are not appropriate because their only involvement with these matters was to assist in preservation and collection of responsive information; we have removed these individuals from our proposed custodians list. Defendants' modified list is attached hereto as Exhibit A. Defendants reserve the right to further modify the custodians and date range to the extent it becomes apparent that the review would be disproportionate to the needs of the case.

Defendants are still evaluating plaintiffs' search term request and will supplement this response by Friday, July 16th, however, as this office made clear during our last meet and confer on ESI, we are considering plaintiffs' proposal in the context of using the terms to collect data from the email systems on which it is stored. Because the data is not currently in a review platform, we are not able to provide hit reports prior to collection. To the extent defendants believe further narrowing is necessary after collection, this office will provide plaintiffs with a hit report that specifies, for each term: (i) the number of document hits; (ii) the number of document hits with families; and (iii) the number of documents with unique hits. Defendants will also provide the total number of hits for all terms as well as the total number of hits with families and identify problematic terms that require narrowing.

With respect to the other data sources requested, defendants cannot agree to plaintiffs' various demands regarding what sources defendants <u>must</u> collect and how defendants <u>must</u> review ESI collected from these sources. Defendants, as the responding party, are "'best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information.'" *See Hyles v. New York City*, 2016 U.S. Dist. LEXIS 100390, at *6 (S.D.N.Y. Aug. 1, 2016) (quoting The Sedona Principles: Second Edition, Best Practices Recommendations & Principles for Addressing Electronic Document Production, Principle 6). There is no basis for collecting and reviewing "**all** ESI created, sent, or received from May 25, 2020 to July 25, 2020" for the Police Commissioner and the Chief of

Department, including both "Email and Personal Devices." Pls. June 29th Letter at 2 (emphasis in original). The demand is not limited to material reasonably believed to be potentially responsive to one or more document requests and plaintiffs offer no justifications for why defendants should collect and review clearly non-responsive information. Furthermore, collecting <u>all</u> ESI (including all email and personal devices) for these custodians and hosting it on third-party servers is not only an unwarranted invasion of their privacy, but it would also create an unreasonable and unnecessary security risk because of the highly sensitive, law enforcement privileged information that these custodians routinely deal with that are wholly unrelated to the claims in these matters.

Plaintiffs' request that defendants search the FORMS database with keywords is duplicative of efforts already undertaken. Defendants have already collected records from FORMS for the date range May 28, 2020 to July 31, 2020 without search term limiters. Similarly, defendants are already in the process of collecting materials from network drives with the help of individuals familiar with how and where responsive documents are stored. Running the requested searches across all network drives, as plaintiffs demand, would require collecting, indexing, and hosting terabytes of data simply to run reliable searches. Accordingly, plaintiffs' request is not only duplicative of defendants own efforts, but is neither reasonable nor proportional to the needs of the case, particularly where there has not been a showing of a deficiency in defendants' production. *See Blackrock Allocation Target Shares: Series S Portfolio v. Bank of N.Y. Mellon*, 14 Civ. 9372 (GBD) (HBP), 2018 U.S. Dist. LEXIS 81840, at *28 (S.D.N.Y. May 14, 2018) ("Accordingly, judges in this District have instructed that 'the standard [in ESI discovery] is not perfection…, but whether the search is reasonable and proportional.'" (quoting *Hyles v. New York City*, 10 Civ. 3119 (ATF)(AJP), 2016 U.S. Dist. LEXIS 100390, at *3 (S.D.N.Y. Aug. 1, 2016) (Peck, M.J.) and collecting cases)).

Finally, because of the decentralized nature of many of the other sources[1] requested by plaintiffs, collecting them for all custodians would be extraordinarily burdensome and expensive, and would likely require multiple hours of forensic work for each custodian. Moreover, indiscriminately collecting from personal email and mobile devices would unreasonably intrude upon the custodians' privacy. Accordingly, defendants are in the process of determining through custodial interviews whether any of these sources may contain unique, responsive information for any custodians. To the extent any custodian has unique, responsive information in one of these sources, defendants will collect and review that information using an appropriate workflow.

                                                               Sincerely,

                                                               *Elissa B. Jacobs*

                                                                Elissa B. Jacobs
                                                                *Senior Counsel*
                                                                Special Federal Litigation Division

---

[1] Specifically, work-issued mobile devices and tablets; personal email and mobile devices (for certain custodians); and Microsoft Teams chats.

# Exhibit A

NYPD Custodians
1. PC Dermot Shea
2. Chief of Dept Terence Monahan
3. Deputy Chief Eward Mullane – OCD Ops Commander
4. Chief of Patrol Fausto Pichardo
5. AC Stephen Hughes – CO PBMS
6. DC James Kehoe – XO PBMS
7. Inspector Brian McGinn – PBMS Special Events Inspector
8. DI Kenneth Aube – CO WTCC - PBMS
9. DC Salvatore Comodo – XO Operations – PBMS
10. DI Elias Nikas - PBMS
11. AC Kathleen O'Reilly – CO PBMN
12. Captain Edison Guiterriez – XO 28 PCT - PBMN
13. Captain Thomas Palmer – XO 34 PCT - PBMN
14. DI Lourdes Soto – 30 PCT - PBMN
15. AC Kenneth Lehr – CO PBBX
16. DI Robert Gallitelli – CO 40 PCT - PBBX
17. Captain James Hynes – XO 40 PCT - PBBX
18. Captain Thomas Fraser – CO 45 PCT - PBBX
19. Captain Denis O'Hanlon – XO 44 PCT - PBBX
20. Captain Anthony Lombardo – PBBX
21. AC Brian Conroy – CO PBBS
22. DC Timothy Bugge – XO, Operations PBBS
23. Captain Vitaliy Zelikov - XO 70 PCT - PBBS
24. Captain Jason Hagestad (66 PCT) - PBBS
25. Captain Robert Conwell (69 PCT) - PBBS
26. DC Jeffrey Maddrey – CO PBBN
27. DI William Glynn – CO 81 PCT - PBBN
28. DI John Mastronardi – CO 75 PCT - PBBN
29. DI Timothy Skretch – CO 79 PCT - PBBN
30. Inspector Rafael Mascol – PBBN Special Projects
31. Captain Tony Wong - PBBN
32. AC Reuben Beltran – CO PBQS
33. AC Galen Frierson – CO PBQN
34. AC Kenneth Corey – CO PBSI
35. DC John D'Adamo – CO SRG
36. Captain Joseph Taylor – SRG 3 Brooklyn
37. Captain David Miller – CO Disorder Control Unit

City Hall Custodians
1. Mayor Bill de Blasio
2. Dean Fuleihan
3. Freya Rigterink

- 2 -

4. Kayla Arslanian
5. Emma Wolfe
6. America Canas
7. Persephone Tan
8. Pinchas Ringel
9. Marco Carrion
10. Jenny Sobelman