## 30(b)(6) objections

**Jacobs, Elissa (Law)** <ejacobs@law.nyc.gov>
Mon 8/23/2021 8:09 PM

**To:** Sow-Legal <Sow-Legal@blhny.com>; wood@kllflaw.com <wood@kllflaw.com>; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; Sierra Team <sierrateam@moskovitzlaw.com>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Andrew Stoll <astoll@stollglickman.com>
**Cc:** Weiss, Dara (Law) <daweiss@law.nyc.gov>

Counselors,

In preparing for making our motion, we realized that there were a number of other grounds for our motion to quash. In order to complete our meet and confer obligations, we wanted to raise these with you first. Please let me know when you have time to meet and discuss our added objections,

Elissa

### Objections to Topic No. 1

**- Irrelevant:** The process of the NYPD's creation, revision, and finalization of the purported "Relevant Policies and Procedures" identified by plaintiffs in "Attachment A" at No. 8 bears no probative value, nor any other possible relevance to the allegations in plaintiffs' complaints, whether or not the alleged conduct of any officers allegedly involved is claimed to have conformed with any particular policy (or policies) and/or procedure (or procedures). Nor is the origin of any NYPD policies and/or procedures at all relevant to plaintiffs' Monell claim, as the only pertinent inquiry there is whether a municipal policy or procedure (official or otherwise) caused a plaintiff to suffer a constitutional violation; how official policies and procedures were created does not factor into a court's evaluation of a Monell claim.

**- Overly burdensome:** This Topic encompasses 32 discrete subparts purporting to identify specific NYPD policies and procedures, designated as letters (a) through (ff). However, some of the specified "policies and procedures" contain subparts, such as letter "o," while others, such as letter "r," represent compound requests seeking information on multiple NYPD policies and procedures.

**- Overbroad:** As an initial matter, this Topic is overbroad and not sufficiently limited in time, as no time frame is provided for the information sought regarding the so-called "Relevant Policies and Procedures." Even if defendants were to construe the request as limited to the designated policies and procedures in effect at the time period covered by the incidents in the complaints, this request would still be irrelevant, overly burdensome, and overbroad for the aforementioned reasons.

**- Not proportional to the needs of the case:** Finally, the request is not proportional to the needs of this case, as the negligible possible relevance, if any, that the origin stories of the specified NYPD policies and procedures may have to this case is far outweighed by the burden, time, and expense it would require

defendants to search for multiple NYPD officials with the requisite knowledge regarding the numerous and varied 32+ policies and procedures, and/or the time and capacity to educate themself just to address all of the details requested by plaintiffs in this single Topic, which is only the first of 7.

**Objections to Topic No. 2**

- As to "*records documenting the process for developing, soliciting or providing input into, modifying or revising, reviewing, and approving, as well as the identities of the individuals involved in drafting, developing, modifying, providing input into, and/or approving, each one of the Relevant Policies and Procedures,*" these requests are:

  - **Irrelevant** -- The information sought is not relevant to any party's claim or defense in this litigation (see Rule 26(b)(1));
  - **Overly burdensome**, for the same reasons articulated in objection to Topic No. 1, insofar as Topic No. 2 seeks even more detailed background information on the greater than 32 NYPD policies and procedures enumerated by plaintiffs;
  - **Overbroad**, for the same reasons articulated in defendants' objection to Topic No. 1;
  - **Not proportional to the needs of the case**, for the same reasons articulated in defendants' objection to Topic No. 1.

- **As to the requests for "***[t]he nature and extent of***" the records sought by Topic No. 2, as well as the "***location(s) and manner(s) in which such documents and information are stored***," defendants object that such requests seek impermissible "discovery on discovery."** Since this information is entirely irrelevant to any party's claim or defense in this litigation (see Rule 26(b)(1)), plaintiffs' only possible purpose in seeking the same is to probe defendants' methodology for retaining, searching for and producing materials in fulfillment of their discovery obligations. Plaintiffs are not entitled to such "discovery on discovery," as there has been no allegation of any deficiency in defendants' production in this litigation; in fact, any such allegation would be premature at this stage as defendants' production is ongoing.

- **As to the requests for "***any drafts, versions, and revisions thereof, including, but not limited to, correspondence, memoranda, to/from communications, meeting minutes, agendas, calendar entries, and other such documents reflecting the dates, times, and locations of related meetings and communications***," defendants object that such material is protected from disclosure by the deliberative process privilege.** Moreover, requests for minutiae such as "*calendar entries, and other such documents reflecting the dates, times, and locations of related meetings*" are clearly irrelevant.

**Objections to Topic No. 3**

- For the same reasons articulated above, in defendants' objections to Topics Nos. 1-2 which also concern the NYPD's process of creating and developing the greater than 32 policies and procedures enumerated in "Attachment A" at No. 8, **defendants object to the information sought in Topic No. 3 as:**

  - **Irrelevant**

- **Overly burdensome**
- **Overbroad**
- **Not proportional to the needs of the case**

**Defendants further object to the requests set forth in Topic No. 3 to the extent they are:**

- **Duplicative of Topic No. 1**
- **Impracticable /not feasible**

- **As to the requests for the "*location(s) and manner(s) in which such documents and information are stored,*" defendants object that plaintiffs seek impermissible "discovery on discovery," for the same reasons articulated in response to the same language in Topic No. 2, above.**

### Objections to Topics Nos. 4 & 5

- **Irrelevant:** None of the information requested in either Topic 4 or 5 is probative of any of party's claim or defense in the instant litigation.

- **Seeking impermissible "discovery on discovery":** Since the information sought in Nos. 4-5 is entirely irrelevant to any party's claim or defense in this litigation (see Rule 26(b)(1)), plaintiffs' only possible purpose in seeking the same is to probe defendants' methodology for retaining, searching for and producing materials in fulfillment of their discovery obligations. Plaintiffs are not entitled to such "discovery on discovery," as there has been no allegation of any deficiency in defendants' production in this litigation; in fact, any such allegation would be premature at this stage as defendants' production is ongoing.

- **Not proportional to the needs of the case:** The impermissible "discovery on discovery" sought by plaintiffs is not tailored to remedy any alleged deficiency in defendants' production; rather, it seeks an overbroad, free-ranging inquiry into defendants' search methodology, document retention and production processes with respect to every possible source of defendants' production. Even if plaintiffs had put forth sufficient evidence of a deficiency in defendants' production, the scope of any "discovery on discovery" that might be considered appropriate would be exponentially more minute because it would be tailored specifically to address that particular deficiency. Thus, Topics Nos. 4-5 are not proportional to the needs of the case.

- **Unduly burdensome:** Insofar as responding to Topics Nos. 4-5 would require defendants to prepare multiple witnesses to address a litany of 30(b)(6) topics, defendants object that these Topics are unduly burdensome.

### Objections to Topic No. 6

Defendants object to Topic No. 6 as it is cumulative / duplicative of evidence previously produced by defendants in discovery, including in the form of document production (including written NYPD policies and procedures, such as Patrol Guide sections), as well as in testimonial form during plaintiffs' depositions of individuals they subpoenaed.

### Objections to Topic No. 7

Defendants object to Topic No. 7 as cumulative / duplicative of evidence previously produced by defendants, for the same reasons articulated in response to Topic No. 6, above

Sent from my iPhone