# Rickner PLLC

Rob Rickner | rob@ricknerpllc.com

September 10, 2021

**Via ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York

      Re:    *In re: New York City Policing During Summer 2020 Demonstrations*,
             No. 20-CV-8924
             *This Filing is Related to All Cases*

Dear Judge Gorenstein:

We represent the Plaintiffs in Sierra and write on behalf of counsel for all Plaintiffs in these consolidated actions. Defendants' September 8, 2021 request for a discovery conference pursuant to Local Civil Rule 37.2 was styled as a cross-motion to quash Plaintiffs' 30(b)(6) notice. Accordingly, Plaintiffs submit this brief response.

For the topics 1 through 3, 6 and 7, we rest on the points in our initial letter, and ask that this Court resolve this issue without further briefing. These topics seek information about policies and procedures at the center of this litigation. Plaintiffs need this deposition testimony in time for their experts to analyze it and work it into reports due on November 1, 2021—less than seven weeks from now. We are on a "rocket docket" and there is simply no more time.

For topics 4 and 5, the requests for information about the universe of relevant documents, so Plaintiffs can identify gaps in the production, we recognize that further briefing might be necessary.[1] Defendants did not do a meaningful rolling production. Defendants produced more than 95% of the documents of their documents in two batches, on July 18th and July 31st, *i.e.* at the very end. And this did not include the CCRB and IAB files, more than 40,000 documents, which were not produced until August 12th, after this Court ordered the production. Plaintiffs have worked at a breakneck speed to review this material, and have uncovered substantial deficiencies. Explaining both these deficiencies and why 30(b)(6) testimony from the NYPD itself on the scope of relevant documents is necessary does not readily fit in a five page letter. So if the Court does want more detail in a formal motion to quash before ruling, we simply ask for a quick schedule. There is very little time left in discovery and Plaintiffs are being severely prejudiced by the delays.

Finally, we would like to address the Defendants' claim in their Conclusion that Plaintiffs did not adequately meet and confer or "work cooperatively with the City" before filing their letter. We

---

[1] We should note that Defendants' arguments that such discovery is categorically improper conflict with Judge McMahon's Rules Governing Electronic Discovery (at ¶ 6), which caution that "[i]n order to avoid later accusations of spoliation, a FED. R. CIV. P. 30(b)(6) deposition of each party's retention coordinator may be appropriate" (and there are document retention issues in this case).

Rickner PLLC

did. After lengthy delays, Defendants sent an email, attached to their motion as Exhibit 2. Plaintiffs demanded a prompt meet and confer to discuss the City's new positions. At the meet and confer on August 25th, Defendants made it clear that they would not produce any witnesses on any topics. This was a total impasse, and we confirmed that explicitly (more than once). We also told them they needed to file immediately. But they never did. So Plaintiffs, unable to accept any further delays, took the initiative and filed the September 3rd letter seeking a conference to compel the testimony.

Put simply, we did not have time to wait for Defendants to file a motion. And we do not have time to start the meet and confer process anew, now that Defendants have changed their position and apparently believe there is more to discuss on this topic (even though they are also moving to quash the 30(b)(6) notice entirely and still insist there is no aspect of the notice they will produce witnesses on).

We thank the Court for considering this matter.


Respectfully,

/s/

Rob Rickner

cc:

All parties via ECF.