

| | | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **DARA L. WIESS**<br>*Senior Counsel*<br>daweiss@law.nyc.gov<br>Phone: (212) 356-3517<br>Fax: (212) 356-1148 |

September 14, 2021

**By ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    In Re:  *New York City Policing During Summer 2020 Demonstrations*,
           No. 20 Civ. 8924 (CM) (GWG)
           This filing is related to all cases

Your Honor:

       I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. I write to respectfully request the Court's permission to file the annexed, corrected version of defendants' Letter in Opposition to Motion, filed last week on September 8, 2021 (Dkt no. 258) ("September 8th filing"), in place of their prior filing; defendants further respectfully request that the Court delete their September 8th filing from the docket. Upon review of defendants' September 8th filing, it became apparent that an unfinalized draft version of defendants' intended submission was inadvertently filed. The publicly filed draft letter contains, among other things, a visible comment by a defense attorney regarding the substance of defendants' draft opposition letter, revealing that attorney's thought process regarding preparation of the letter; thus, the draft letter should be subject to the work-product privilege. (Dkt no. 258 at 4) Apart from deleting the privileged comment and correcting minor errors such as typos, defendants' proposed, corrected letter is identical to their September 8th filing; it does not differ substantively in any way.

       As the Court is aware, Rule 26 of Federal Rules of Civil Procedure holds that the work-product privilege applies to all documents or "other tangible things" that are "prepared in anticipation of litigation or for trial by or for another party or its representative…" Fed. R. Civ. P. 26(b)(3). This doctrine "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting Hickman v. Taylor, 329 U.S. 495, 511 (1947)). "'[A]t its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.'" In re Leslie Fay Cos. Sec. Litig., 161 F.R.D. 274, 279 (S.D.N.Y. 1995) (quoting United States v. Nobles, 422 U.S. 225, 238 (1975)). Accordingly, work

2

product privilege unequivocally and undisputedly applies to the defense attorney's comment regarding preparation of defendants' draft opposition letter that is currently visible to plaintiffs' counsel as well as to the general public, in the version of defendants' submission mistakenly filed on September 8th.  It is in large part for this reason that defendants respectfully request that the Court remove their September 8th submission from the docket, and permit defendants to file the annexed, corrected and finalized version of the very same letter, in its place.

  Thank you for your consideration herein.

              Respectfully submitted,

              *Dara L. Weiss s/*

              Dara Weiss
              *Senior Counsel*
              Special Federal Litigation Division

cc: ALL COUNSEL (via ECF only)