



September 17, 2021

**VIA ECF**
The Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

> **Re:**   *In re: New York City Policing During Summer 2020 Demonstrations,*
> **1:20-CV-8924 (CM) (GWG)**
> *This letter is related to all cases*

Dear Judge Gorenstein:

We write on behalf of counsel for all Plaintiffs in these consolidated actions and jointly with Defendants to report on the progress the parties have made as directed by this Court. *See* ECF No. 261. Despite our good faith efforts to meet and confer on the matters raised in ECF Nos. 256, 258, and 264, we continue to have significant disagreement necessitating court involvement to resolve this important and time-sensitive dispute.

As set forth more fully below, counsel for Plaintiffs and Defendants met and conferred on Defendants' objections to Plaintiffs' Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) (dated July 2, 2021) (ECF No. 256-1, "30(b)(6) Notice") on September 15, 2021 at 10 a.m. for just over 1.5 hours. In attendance at that meeting were Dara Weiss, Stephanie Breslow, Anthony DiSenso, and Rachel Kaufman for the Defendants, and Molly Biklen, Corey Stoughton, Remy Green, Swati Prakash, Wylie Stecklow, Ali Frick, JP Perry, Daniel Lambright, Travis England, and Rob Rickner for the Plaintiffs. After exchanging some e-mail correspondence, counsel for Plaintiffs and Defendants again met on September 17, 2021 at 9:30 a.m. for approximately 1 hour to continue to discuss the 30(b)(6) Notice, among other disputes. In attendance at that meeting were Dara Weiss, Stephanie Breslow, Anthony DiSenso, Rachel Kaufman, and Ted Smith for the Defendants, and Molly Biklen, Remy Green, Wylie Stecklow, Gideon Oliver, Lillian Marquez, JP Perry, Rob Rickner, Swati Prakash, Travis England, and Andrew Stoll for the Plaintiffs. During these meetings, the parties made some progress as is described more fully below in the parties' agreements but reached numerous impasses that make it impossible to move forward.

**Parties' Agreements**

After lengthy discussion, the parties jointly agreed to the following during the September 15, 2021 meeting. First, the parties discussed whether Defendants were willing to produce a 30(b)(6) witness as to Topics 1-3 in the 30(b)(6) Notice. Defendants presented objections to the

definition of "Relevant Policies and Procedures" in Definition No. 8 of the 30(b)(6) Notice (ECF No. 256-1, at 8-11). Defendants agreed that all definitions in No. 8 were appropriate except raised specific objections as to these subsections: (d), (k), (l), (o), (p), (u), and (cc) as duplicative or covered by another subsection. With respect to subsection (r), Plaintiffs agreed to clarify the definition. The parties believe they can reach agreement on all Definitions in the 30(b)(6) Notice.

During the September 15 meet and confer, Defendants also agreed to produce a 30(b)(6) witness(es) to testify as to Topic Nos. 6 and 7 of the 30(b)(6) Notice.

**Remaining Disputes**

**A. Plaintiffs' Position**

Despite the agreement on the Definitions in the 30(b)(6) Notice and Defendants' repeated assurances that they have "no problem producing a witness" on various policies and procedures in the September 15 meeting, Defendants surprisingly refused to agree to identify any witnesses or even provide a date certain by which they would be prepared to do this for any of the 7 topics in the 30(b)(6) Notice. Even where Defendants admit that they do not have any basis for objection, it is clear that they have not made efforts to identify or prepare a witness to testify on a topic and appear to be stalling for additional time.

As to Topics 1-3, Defendants objected that these topics were too specific in the information sought and were therefore burdensome to Defendants and their clients. Without raising any more specific objections to Topics 1-3 or proposing a narrowing that would be acceptable to Defendants, Ms. Weiss stated that Defendants did not know how much information any witness or combination of witnesses would be able to provide, that it would be a burdensome undertaking to prepare witnesses, and that while Defendants "generally" expect to provide a witness(es) on some aspects of Topics 1-3, she could not say on what aspects. Shockingly, when asked what work had been done thus far to start to identify and begin to prepare witnesses for Topics 1-3 — as is Defendants' "affirmative duty," *Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) — Ms. Weiss responded that she "has not been involved" in work on the 30(b)(6), and when asked who had been involved, responded, "I can't tell you." Ms. Weiss eventually stated Defendants could only agree to "do our best" and reach out to their clients by the morning of September 17 but refused to agree to a date by which they would be able to identify a witness for Topics 1-3. When asked when Defendants would know what they are willing to agree to regarding Topics 1-3, Ms. Weiss stated, "This is the first time I'm talking about this. I'm not making any promises."

On the evening of September 15, Defendants appeared to reconsider their position and sent an email requesting a revision to Topics 1-3 by the end of the day on September 16. *See* Ex. A at 6-8. In an effort to resolve the matter, Plaintiffs sent Defendants a revised proposal as early as feasible in light of the holiday observance on September 17. *See* Ex. A at 3-6. Defendants sent a response the afternoon of September 17 seeking clarification about one aspect of Plaintiffs' proposed revised Topic 1 to which Plaintiffs responded. *See* Ex. A at 2-3. Plaintiffs are hopeful the parties will reach an agreement regarding Topics 1-3 by early next week.

Defendants further stated during the September 15 meeting that they would not agree to produce a witness in response to Topic 4, which seeks a 30(b)(6) witness to testify on the retention policies and procedures of various agency custodians (as contemplated by Judge McMahon's Rules Governing Electronic Discovery ¶ 6 ("In order to avoid later accusations of spoliation, a Fed. R. Civ. P. 30(b)(6) deposition of each party's retention coordinator may be appropriate.")). Given this position, the parties reaffirmed that they were at an impasse on Topic 4 during the September 15 meeting. Defendants then stated in an e-mail, for the first time, at the end of the day on September 15 that they were willing to cooperate with Plaintiffs in addressing purported deficiencies with respect to Topic 4. *See* Ex. A at 6-8. Plaintiffs therefore offered a compromise during the September 17 meeting that the relevant agency custodians responsible for preserving evidence in this case, including NYPD Legal, the Office of the Mayor, the Office of Emergency Management, and the Department of Transportation, could provide letters describing the steps they had taken to preserve evidence. During that meeting, Defendants flatly refused to agree to provide such letters and again refused to agree to produce a 30(b)(6) witness in response to Topic 4, exhausting all additional efforts to confer in good faith on this issue and confirming that the issues raised in the Plaintiffs' motion to compel are ripe for resolution by this Court. Plaintiffs ask that the Court compel a 30(b)(6) deposition on Topic 4, or, in the alternative, order Defendants to produce letters from all relevant custodians that fully describe the steps that they took to preserve evidence relevant to this litigation.

On Topic 5, Plaintiffs and Defendants had agreed at the September 15 meeting to try to make progress on narrowing this topic through discussion on specific deficiencies in Defendants' document production raised by Plaintiffs in a Deficiency Letter dated September 10 (Ex. B) and for which the parties had arranged a meet and confer on September 17.[1] The reason for this was clear to both parties: much of the substance of what Plaintiffs seek in Topic 5 overlaps with the issues raised in the Deficiency Letter. Thus, rather than attempting to resolve the questions prior to that meeting, the parties agreed it made more sense to discuss Topic 5 once first-hand information was provided about the searches conducted. None of Defendants' counsel apparently have such first-hand information and were unable to speak to the searches done during the September 17 meeting.

That did not happen. Instead, Defendants sent an e-mail (Ex. C) to Plaintiffs minutes before the September 17 meeting stating they were not prepared to discuss the Deficiency Letter, which the parties had agreed was necessary to resolve the Topic 5 disputes. During that meeting, Ms. Weiss also retracted the offer to ensure that the NYPD representative(s) who conducted the searches would be present at any subsequent meeting. The parties have rescheduled the meeting to discuss the deficiencies and Topic 5 on Monday, September 20, but despite Plaintiffs' best efforts, have not made any meaningful progress on this issue. Plaintiffs are also deeply skeptical

---

[1] Plaintiffs had previously served the attached Deficiency Letter (Ex. B) on Defendants on Friday, September 10, and requested a prompt meet and confer on issues that suggest Defendants have nearly completely failed to search for documents in discovery in this case — and instead simply re-produced (at a trickle) documents already produced to the AG or the DOI. Defendants then agreed to meet on September 17 to discuss the Deficiency Letter, and both Ms. Weiss and Mr. DiSenso subsequently agreed that the representative(s) from the NYPD who conducted the searches would be present.

— based on past experience — that meaningful progress can be made without an NYPD representative with first-hand knowledge of the searches conducted at this meeting.

For Topics 6 and 7, Defendants stated on September 15 that they will produce a 30(b)(6) witness but declined to identify a witness, provide deposition dates, or even provide a date by which they would be able to identity a witness and a deposition date. Defendants have taken this same position as it relates to four topics in Plaintiffs' second 30(b)(6) notice (dated August 6, 2021), for which the City has agreed to produce witnesses. During the meeting on the morning of September 17, Defendants stated they had put in a request to their clients regarding possible witnesses for Topics 6 and 7 but had not heard back from them. Thus, even where Defendants have agreed to produce witnesses, the parties have not been able to make any progress on actually identifying those witnesses and scheduling those depositions.

As of the filing of this letter, Defendants have failed to agree to a date by which they will identify and produce even a single witness for any of the 7 topics in the 30(b)(6) Notice. As the Court is aware, this 30(b)(6) testimony is essential to Plaintiffs' claims and must take place in advance of the fast-approaching deadlines for both Class Certification and Expert Reports. Given the rocket docket in this case, it is unacceptable for Defendants to further impede this litigation through their inexcusable months-long delay in identifying, prepping, and producing 30(b)(6) witnesses.

We therefore ask the Court to order Defendants to immediately produce witnesses addressing all 7 topics with depositions to be scheduled during the last two weeks of September.

## B. Defendants' Position

Defense counsel concur with plaintiffs' counsels' assessment, above, that the two meet-and-confers held this week, on September 15th and September 17th, were disappointingly unproductive. Defense counsel sought to clarify and explain certain of their objections to the 30(b)(6) deposition notice served on July 2nd with greater specificity than they had done previously, in attempt to persuade plaintiffs' counsel to narrow those discovery requests to a scope within the bounds of discovery permitted by the Federal Rules. However, rather than make an effort to listen and understand any of defense counsels' objections, plaintiffs' counsel dismissed each one outright. They relentlessly pressed defense counsel to identify exactly what information defendants planned to produce, which defendants found highly challenging, if not impossible, to do before the parties reached an agreement on the terms of discovery sought.

Since plaintiffs served their July 2nd 30(b)(6) deposition notice, defense counsel have expended substantial time and effort working closely with legal counsel at the NYPD to identify specific departments, sub-units, and individuals who would be equipped, with additional education and preparation as needed, to provide testimony on several of the Topics listed in the July 2nd deposition notice. These include Topic No. 6 and Topic Nos. 1 through 3, *if* pared down as to be appropriately tailored and proportional to the needs of this litigation, as required by the Federal Rules. Several individuals previously designated as fact witnesses in this litigation, all of whom are high-level NYPD officials whose depositions are pending, are among those individuals who

4

have been identified to provide 30(b)(6) testimony on various subjects.  As touched upon briefly during the September 15th meet-and-confer, defendants propose to cross-designate a number of their fact witnesses as 30(b)(6) witnesses, specifically with respect to information sought in Topic Nos. 1-3 and 6 of the deposition notice in question.

Defendants have not yet identified any of these individuals to plaintiffs' counsel, in large part because they have been waiting for plaintiffs' counsel to meaningfully respond to defendants' many valid objections to certain Topics enumerated in the 30(b)(6) deposition notice, such as by narrowly tailoring their requests to encompass only subjects that are reasonable, relevant, not unduly burdensome, and proportional to the needs of the case.  Defense counsel cannot designate or identify to plaintiffs with certainty ***any*** 30(b)(6) witnesses until the parties agree on an appropriate list of Topics for testimony.  Additionally, defendants are currently preparing to produce email discovery, and there have been indications that plaintiffs require the email production and other pending discovery before they depose 30(b)(6) witnesses.

In a more positive development, this afternoon plaintiffs' counsel sent defense counsel an email containing: (i) amended language for the discovery requests set forth in Topic No. 1 of the deposition notice, reflecting a more narrowly tailored approach; (ii) a proposition that, provided defendants "agree timely" to produce witnesses to testify as to plaintiffs' amended version of Topic No. 1, plaintiffs will cease pursuit of testimony regarding Topic No. 2; and (iii) an assertion that the information sought in Topic No. 3 is more appropriately subsumed by the amended version of Topic No. 1.  Defense counsel have replied to plaintiffs' counsel seeking one minor clarification before they can substantively respond; as of this writing, defense counsel have yet to receive an answer from plaintiffs' counsel. However, defense counsel are appreciative of plaintiffs' counsels' demonstrated recognition of their objections and their willingness to work with defense counsel toward a mutually amenable result.  Defense counsel are optimistic that the parties will reach an agreement as to this issue early next week (beginning Monday, Sept. 20).

Plaintiffs' unbounded request in Topic No. 4 for Rule 30(b)(6) testimony on every document retention and maintenance policy at two large City agencies (NYPD and Office of the Mayor) is not warranted.  The case law is clear that absent evidence of spoliation, such collateral discovery is impermissible.  And even if plaintiffs proffered evidence of spoliation as to a particular data source, such discovery would only be permissible as to the retention and maintenance policies applicable to that data source.  In an attempt to reach a compromise on Topic No. 4, defendants asked plaintiffs to identify any alleged preservation deficiencies by the close of business on September 16, 2021.  To date, plaintiffs have alleged a preservation issue with respect to a single data source: NYPD's ARGUS footage.  During the September 17, 2021 meet and confer, despite the fact that plaintiffs failed to allege any additional preservation deficiencies, plaintiffs offered a "compromise" that actually expanded the scope of Topic No. 4.  Plaintiffs proposed that rather than produce witnesses to provide 30(b)(6) testimony about the document retention and maintenance policies at *two* City agencies, defendants could provide formal written statements about the document retention and maintenance policies at *four* City agencies (NYPD, Office of the Mayor, Department of Transportation, and Office of Emergency Management).  Given plaintiffs' failure to identify additional purported preservation issues, it is defendants' position that any collateral discovery on Topic No. 4 should be limited to ARGUS

footage.  Defendants will agree to investigate the alleged issue with ARGUS preservation and provide a written statement to plaintiffs explaining the circumstances that led to the loss of any relevant ARGUS footage.  Beyond that, plaintiffs have made no allegation of any other preservation or retention issues that would warrant this expansive collateral discovery – whether in the form of 30(b)(6) testimony or written statements.

Plaintiffs' request for Rule 30(b)(6) testimony on detailed technical information for 18 specific NYPD data sources that defendants included in their initial ESI disclosure is not warranted.  Absent specific evidence of preservation, collection, or production issues, such collateral discovery is impermissible.  As with Topic No. 4, even if plaintiffs proffered such evidence with respect to a particular data source, collateral discovery would only be permissible as to that data source.  Late on September 10, 2021, plaintiffs sent a letter detailing alleged deficiencies in defendants' production.  Plaintiffs listed more than thirty broad categories of documents that they believe were not produced by defendants and seek confirmation that ten other categories of documents were produced.  Defendants have agreed to investigate these alleged issues and, to the extent there is an actual deficiency, defendants will produce any responsive, non-privileged documents that were not included in defendants' prior productions.  Defendants believe that any purported deficiencies can be remedied through the cooperation of the parties and Rule 30(b)(6) testimony about Topic No. 5 is neither necessary nor appropriate at this time.  Further, given the number of categories listed in plaintiffs' letter, the timing of the delivery of the letter, and the expansive nature of the listed categories, defendants will need sufficient time to investigate.

Respectfully submitted,


/s/ Jessica Perry
Jessica Perry
Molly K. Biklen
Daniel R. Lambright
Robert Hodgson
Lisa Laplace
Christopher T. Dunn
NEW YORK CIVIL LIBERTIES
UNION
   FOUNDATION
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
jperry@nyclu.org

/s/ Corey Stoughton
Corey Stoughton
Jennvine Wong
Rigodis Appling
THE LEGAL AID SOCIETY
199 Water Street
New York, NY 10038
(212) 577-3367
cstoughton@legal-aid.org


**cc: all counsel**