# Exhibit A

| | |
|---|---|
| **From:** | Molly Biklen |
| **To:** | Breslow, Stephanie (Law); DiSenso, Anthony (Law); Travis England; Sow-Legal; sierrateam@moskovitzlaw.com; Payne Litigation Team; Andrew Stoll; wood@kllflaw.com; AG-NYPDLitigation |
| **Cc:** | Kaufman, Rachel (LAW); Weiss, Dara (Law); Jacobs, Elissa (Law) |
| **Subject:** | RE: In re: Protests - September 15 Meet and Confer Follow-Up |
| **Date:** | Friday, September 17, 2021 6:08:28 PM |

Stephanie,

We think this is generally encompassed with the amended topic 1. To the extent documents and information were reviewed or considered in developing, modifying, revising or approving policies and procedures and have not been produced, we will seek to inquire as to the locations of those and the manner of their storage (e.g., electronic, paper, etc.).

I hope that helps,

Molly

---

**From:** Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>
**Sent:** Friday, September 17, 2021 4:19 PM
**To:** Molly Biklen <mbiklen@nyclu.org>; DiSenso, Anthony (Law) <adisenso@law.nyc.gov>; Travis England <Travis.England@ag.ny.gov>; Sow-Legal <sow-legal@blhny.com>; sierrateam@moskovitzlaw.com; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; Andrew Stoll <astoll@stollglickman.com>; wood@kllflaw.com; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>
**Cc:** Kaufman, Rachel (LAW) <RKaufman@law.nyc.gov>; Weiss, Dara (Law) <daweiss@law.nyc.gov>; Jacobs, Elissa (Law) <ejacobs@law.nyc.gov>
**Subject:** Re: In re: Protests - September 15 Meet and Confer Follow-Up

Molly and Counsel,

Defendants thank you for your email below setting forth proposed revisions to Topic Nos. 1-3 of the 30(b)(6) deposition notice served on defendants on July 2, 2021. These revisions include amended language for Topic No. 1; plaintiffs' stated intent to cease pursuit of testimony as to the requests set forth in Topic No. 2, provided defendants "agree timely to produce witnesses" on the amended Topic No. 1 (timely being defined as "no later than September 27"); and plaintiffs' indication that the information sought by Topic No. 3 has been subsumed by the amended Topic No. 1. Thus, defendants understand that plaintiffs seek their agreement as to a single Topic, *i.e.*, the amended version of Topic No. 1.

Before defendants can substantively respond, we seek one minor clarification. Specifically, defendants would like to confirm which portions of Topic No. 3 plaintiffs understand to be included in the amended version of Topic No. 1. In your email, you describe the information sought by Topic No. 3 (and now subsumed by the amended Topic No. 1) as, "the documents and information that were reviewed and considered in the development, revision, and approval of such policies and procedures…" However, this language does not include the entirety of the information initially sought in Topic No. 3, which additionally requests, "the

location(s) and manner(s) in which such documents and information are stored."

Kindly inform defendants if plaintiffs consider this quoted portion of Topic No. 3 as among the information sought by the amended Topic No. 1.

Best,

Stephanie M. Breslow
*Senior Counsel*
Special Federal Litigation Division
New York City Law Department
Office of the Corporation Counsel
100 Church Street, Room 3-139
New York, NY 10007
(212) 356-2660
sbreslow@law.nyc.gov

---

**From:** Molly Biklen <mbiklen@nyclu.org>
**Sent:** Friday, September 17, 2021 11:30 AM
**To:** DiSenso, Anthony (Law) <adisenso@law.nyc.gov>; Travis England <Travis.England@ag.ny.gov>; Sow-Legal <sow-legal@blhny.com>; sierrateam@moskovitzlaw.com <SierraTeam@moskovitzlaw.com>; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; Andrew Stoll <astoll@stollglickman.com>; wood@kllflaw.com <wood@kllflaw.com>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>
**Cc:** Kaufman, Rachel (LAW) <RKaufman@law.nyc.gov>; Weiss, Dara (Law) <daweiss@law.nyc.gov>; Jacobs, Elissa (Law) <ejacobs@law.nyc.gov>; Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>
**Subject:** [EXTERNAL] RE: In re: Protests - September 15 Meet and Confer Follow-Up

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).

Counsel,

I write to follow up on our discussion this morning with Dara, Stephanie, Anthony and others.  First, we confirm the 1pm meeting on Monday to discuss the issues raised in the letter dated September 10, 2021 and that we had been scheduled to discuss this morning. I will forward a link for that meeting by separate email.

Second, with regard to 30(b)(6) deposition topics 1-3, as discussed, we understand that Defendants generally have agreed to produce witnesses to testify about the development, revision and approval of the subject policies and procedures.  If defendants can timely identify witnesses, which must be

by no later than September 27, we propose the following specific language:

Amended Topic 1
The process of drafting, developing, modifying or revising, reviewing and approving each of the Relevant Policies and Procedures (as agreed at the meet and confer), including the identities of the individuals that developed, drafted, modified or revised and/or approved each Relevant Policy and Procedure and the identities of those who had authority over final approval of each Relevant Policy and Procedure.

If Defendants agree timely to produce witnesses on this revised topic, we will not seek to enforce on topic 2. With respect to topic 3, we believe that the documents and information that were reviewed and considered in the development, revision, and approval of such policies and procedures is fairly included in the scope of Amended Topic 1 and part of subject matter for the designated witness's testimony.

We believe that this proposal is more than sufficient to resolve any concerns that Defendants raised with regard to these topics. Please confirm your agreement on this today so that we may inform the court in the status letter.

Regards,

**Molly K. Biklen**
Deputy Legal Director
Pronouns: she, her
New York Civil Liberties Union
125 Broad St., Fl. 19, New York, NY 10004
212.607.3380
*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

**From:** Molly Biklen
**Sent:** Thursday, September 16, 2021 5:18 PM
**To:** DiSenso, Anthony (Law) <adisenso@law.nyc.gov>; Travis England <Travis.England@ag.ny.gov>; Sow-Legal <sow-legal@blhny.com>; sierrateam@moskovitzlaw.com; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; Andrew Stoll <astoll@stollglickman.com>; wood@kllflaw.com; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>
**Cc:** Kaufman, Rachel (LAW) <RKaufman@law.nyc.gov>; Weiss, Dara (Law) <daweiss@law.nyc.gov>; Jacobs, Elissa (Law) <ejacobs@law.nyc.gov>; Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>
**Subject:** RE: In re: Protests - September 15 Meet and Confer Follow-Up

Anthony and Counsel:

We write in response to your email below and to clarify what was agreed to at our meet and confer yesterday with regard to Plaintiffs' first 30(b)(6) notice, served on July 2.

As noted below, Defendants agreed to many of the policies and procedures outlined in Exhibit A, Definition (8) of Relevant Policies & Procedures. Specifically, except as noted below, Defendants confirmed they do not dispute the relevance or appropriateness of the defined Policies and Procedures:

- (d) Defendants stated that this subsection was included under subsection (b) and the parties agreed that those could be treated together;
- (*l*) Defendants object to the term "kettling" but agreed to this subsection generally, including the use of any line or physical formations, and that it was already included under topic (i);
- (o) Defendants noted that (o) contains subparts but did not have any substantive concern with this general topic area;
- (p) Defendants noted that this area would also be covered by Deposition Topic 6;
- (r) Defendants claimed that the wording is confusing and plaintiffs explained that this refers to policies and procedures regarding the constitutional rights of protesters under the 1st, 4th, and 14th amendments. Defendants requested and plaintiffs agreed to clarify the wording;
- (u) Defendants stated that this subsection was included under subsection (t) and the parties agreed that those could be treated together;
- (cc) Defendants stated that this subsection was included under subsection (x) and the parties agreed that those could be treated together.

After we spent approximately one hour discussing the City's objections to the definitions of Relevant Policies and Procedures, counsel for Defendants then explained that while the City maintains numerous objections to Topics 1 through 3, it expects to produce a witness to testify on these Topics, although it could not identify which aspect of these topics or an approximately timeline for producing those witnesses. At our conference, we pressed for specifics on what had been done to identify witnesses who could testify related to *any* of the Topics in 1-3 related to the development, revision and approval of policies and procedures but counsel did not provide this information. We emphasized our need to make *any* progress and start with *any* area in which defendants would produce a witness.  We are pleased to receive your post-conferral email below explaining that Defendants see how unworkable the prior position is and are willing to produce witnesses on these issues. We reiterate our requests to identify those witnesses and inform us by Friday as to what efforts have been made thus far.

As we received your post-conferral email during a holiday in which many of plaintiffs' counsel are not available, it is not possible to respond to your request for revised language today.

With regard to topics 4 and 5, at the conference, we understood that you refused to produce anyone to testify on a 30(b)(6) on these topics and, in fact, with respect to topic 4, the parties had declared an impasse.  Regarding topic 5, we agree to see how we can narrow this topic after the

meet and confer on Friday.

We strongly disagree with your contention that Plaintiffs did not provide their position or suggest areas where they were willing to compromise and/or narrow their request. During our entire conference, we endeavored to find *any* area in which Defendants would produce witnesses so that we could move forward on those areas of agreement.

Your email does not address our agreements on topics 6 and 7, which after considerable discussion, Defendants agreed to produce witnesses on. Plaintiffs emphasized the need to identify those witnesses and when they could be produced. We re-confirmed our prior agreement that Defendants could cross designate witnesses Plaintiffs have already noticed as fact witness to also serve as 30(b)(6) witnesses. Dara stated that she would put in a request to the client and would get back to us on Friday morning as to what progress has been made. We further requested that City send us language for the status letter about what they have done since July 2 to identify knowledgeable people and sources of information, and to educate witnesses. Dara agreed to request this information but could not commit to getting any information to us by Friday.

Finally, we requested the status of Defendants' responses to second set of document requests, responses to *Sierra*'s demands, the helmet index, the Aviation video, Responses to Interrogatories 2-6, 11, the scope of the privilege log. As noted on the call, we are at an impasse as to timing on those given defendants' ongoing failure to produce responses.

Regards,

**Molly K. Biklen**
Deputy Legal Director
Pronouns: she, her
New York Civil Liberties Union
125 Broad St., Fl. 19, New York, NY 10004
o. 212.607.3300 **|** d. 212.607.3380



*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

**From:** DiSenso, Anthony (Law) <adisenso@law.nyc.gov>
**Sent:** Wednesday, September 15, 2021 6:53 PM
**To:** Travis England <Travis.England@ag.ny.gov>; Sow-Legal <sow-legal@blhny.com>; sierrateam@moskovitzlaw.com; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; Andrew Stoll <astoll@stollglickman.com>; wood@kllflaw.com; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>

**Cc:** Kaufman, Rachel (LAW) <RKaufman@law.nyc.gov>; Weiss, Dara (Law) <daweiss@law.nyc.gov>; Jacobs, Elissa (Law) <ejacobs@law.nyc.gov>; Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>
**Subject:** In re: Protests - September 15 Meet and Confer Follow-Up

Counsel,

Thank you for speaking with us this morning. As discussed, defendants agree that many of the policies outlined in Exhibit A are policies the City would be willing to provide witness testimony on. To be clear, if, as Ms. Biklen stated this morning, Topic Nos. 1, 2, and 3 of plaintiffs' 30(b)(6) deposition notice simply seeks testimony regarding the process for creating and developing the policies identified in Attachment A, defendants have no objection to providing witness testimony. The gravamen of defendants' objections concern the detailed information about how and where documents were stored, what communication methods were used to formulate policy, the location and existence of agenda, calendar entries, and other material, the identities of every individual who contributed to any step of the creation process, be it through development, revision, input, or any of the other specified means of contributing -- "including by communicating data, information, reports, or recommendations orally or in writing", all "[d]ocuments and information that were reviewed or considered". While some of those topics may be appropriate areas of inquiry during a fact deposition, they create significant challenges for witness preparation as plaintiffs are seeking official NYPD policy positions on these ministerial matters and would likely require the preparation of multiple witnesses. In an effort to resolve this dispute, to the extent a fact witness has requisite knowledge of these topics, defendants will allow that witness to answer in his or her personal capacity.

With respect to Topic Nos. 4 and 5, setting aside the issues related to the timing and motivation for service of these requests, defendants offered to cooperate with plaintiffs in addressing purported deficiencies, which plaintiffs identified on Friday in the letter from Travis and today during the meet and confer (discussion of ARGUS video). We have also committed to including NYPD representatives in those discussions to the extent they are needed to address issues that cannot be resolved between counsel. To the extent there are other specific deficiencies that plaintiffs are alleging, we request that plaintiffs identify them no later than close of business on Thursday, September 16th.

During the meet-and-confer, plaintiffs did not provide their position or suggest areas where they were willing to compromise and/or narrow their request. It is vital that defendants understand what your clients' position is on these issues as soon as possible. Please let us know if there are areas of potential compromise with respect to Topic Nos. 1, 2, 3, 4, or 5 by close of business on Thursday. If it would be helpful, Rachel, Stephanie, and I are willing to a have another meet-and-confer tomorrow to discuss.

Regards,
Anthony

**Anthony M. DiSenso**
Senior Counsel/E-Discovery Counsel
E-Discovery Division
New York City Law Department

100 Church Street
New York, New York 10007
Office:  (212) 356-2640
Cell:  (646) 330-8778
adisenso@law.nyc.gov

Confidentiality Notice: This e-mail communication, and any attachments, contains confidential and privileged information for the exclusive use of the recipient(s) named above. If you are not an intended recipient, or the employee or agent responsible to deliver it to an intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify me immediately by replying to this message and delete this communication from your computer. Thank you.