

| | | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Corporation Counsel* | T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small><br>**L<small>AW</small> D<small>EPARTMENT</small>**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **DARA L. WIESS**<br>*Senior Counsel*<br>daweiss@law.nyc.gov<br>Phone: (212) 356-3517<br>Fax: (212) 356-1148 |

September 21, 2021

**By ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  In Re: *New York City Policing During Summer 2020 Demonstrations*,
  No. 20 Civ. 8924 (CM) (GWG)
  This filing is related to all cases

Your Honor:

  I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. I write to respectfully oppose plaintiffs' letter motion filed on September 17, 2021, seeking "a discovery conference or, in lieu thereof, an order compelling Defendants to produce certain disciplinary and promotion records for Captain Vitaliy Zelikov by a date certain," because any such conference or motion is unnecessary and would serve only to waste the time and resources of this Court and all parties to this litigation. See Letter to Magistrate Judge Gorenstein dated Sept. 17, 2021 re: Compelling Production of Captain Zelikov's Disciplinary and Promotion Records (Dkt no. 266) (hereinafter, "Sept. 17 Letter"), at 1.

  As plaintiffs' Sept.17 Letter indicates, during the Court conference on August 19, 2021, the Court directed the parties to meet and confer in attempt to reach an agreement "as to what records Defendants could produce" regarding Capt. Zelikov's disciplinary history at the NYPD and his subsequent promotion. Sept. 17 Letter, at 1. The Court did *not* order defendants to produce these records by any given date.

  As plaintiffs' counsel further acknowledge in their Sept. 17 Letter, defendants previously informed plaintiffs on September 1, 2021 that defendants would produce all existing documentation regarding Capt. Zelikov requested by plaintiffs, and accordingly, defense counsel had already requested that their client, the custodian of those documents, locate and provide them to defense counsel, so that defense counsel may produce the same to plaintiffs. Id. at 1-2. Specifically, defense counsel Elissa Jacobs relayed to plaintiffs' counsel via e-mail on September 1 that defendants had requested for production: "the Internal Affairs Bureau and Department Advocate's investigative files and Captain Zelikov's performance monitoring file," as well as,

"records pertaining to Captain Zelikov's promotion and application to the Career Advancement Review Board." Id. at 2.[1]

As plaintiffs' own letter states, defense counsel have indeed requested that the custodians of the specific documents and categories of documents regarding Capt. Zelikov's disciplinary history and his subsequent promotion, identified above, locate and provide to defense counsel all such records in order that defendants may produce all of the same to plaintiffs.  Defendants have made appropriate follow-up inquiries in order to ensure that these document requests are being actively and continuously pursued and do not fall by the wayside.  Defendants, like plaintiffs, continue to await provision of all such documents. Significantly, the custodians of the documents identified herein as well as in plaintiffs' Sept. 17 Letter are simultaneously working tirelessly to identify, locate, and provide defense counsel with documents for production in response to numerous other Court Orders and discovery demands by plaintiffs.

Thank you for your consideration herein.

Respectfully submitted,

*Dara L. Weiss s/*

Dara Weiss
*Senior Counsel*
Special Federal Litigation Division

cc:     ALL COUNSEL (via ECF only)

---

[1] Plaintiffs' Sept. 17 Letter states verbatim that, in Ms. Jacobs's e-mail to plaintiffs on September 1, she indicated that, "[defense] ***counsel*** was still searching for records pertaining to Captain Zelikov's promotion and application to the Career Advancement Review Board…." Sept. 17 Letter at 2 (emphasis added).  However, defendants wish to clarify that defense counsel were not personally searching for such records, but instead their ***client***, the custodian of such records, was searching for the documentation in question, at the request of defense counsel.