

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**ELISSA B. JACOBS**
*Senior Counsel*
ejacobs@law.nyc.gov
Phone:  (212) 356-3540
Fax:  (212) 356-1148

October 8, 2021

**By ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

>          In Re:  *New York City Policing During Summer 2020 Demonstrations*,
>          No. 20 Civ. 8924 (CM) (GWG)
>          This filing is related to all cases

Your Honor:

          I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter.  I write in response to plaintiffs' letter motion filed on September 29, 2021, to respectfully oppose plaintiffs' request for a Court Order compelling defendants to produce numerous materials identified therein, as well as in plaintiffs' letter to defense counsel dated September 10, 2021, annexed to plaintiffs' letter motion as Exhibit D.  (Dkt nos. 277; 277-4) As addressed *infra*, defendants have already produced certain of the specified materials, and are in the process of producing all outstanding, responsive material.  Thus, plaintiffs' request for an order to compel is moot, as is their request for a discovery conference regarding the same, which would only waste this Court's time and resources.

**I.       Defendants Conducted a Complete Search For Responsive Documents, and Plaintiffs Are Not Entitled to the Requested Collateral Discovery**

          Plaintiffs correctly assert that defendants *commenced* the process of responding to plaintiffs' discovery requests by re-producing to plaintiffs all materials previously produced to the Department of Investigation ("DOI") and New York State Office of the Attorney General ("OAG").  Defendants determined that this was the most efficient way to begin the lengthy and complex process required to appropriately respond to plaintiffs' extensive and, as this Court observed, "broad" discovery requests (Ex. A, Dkt no. 277-1, at 6:5-12). Defendants' approach was entirely proper and, significantly, plaintiffs do not allege that any of these particular materials produced by defendants were unresponsive or irrelevant to their discovery requests.

Plaintiffs' claim that re-producing the prior DOI and OAG productions represented the entirety of defendants' efforts to provide requested discovery materials in this litigation is false, inaccurate, and wholly unsupported.  In addition to producing the DOI and OAG materials, defendants have initiated comprehensive searches for additional responsive materials, including from the DOI and the NYPD, with repeated and ongoing followed ups.[1]  As set forth in detail at Points II-III herein, defendants' good faith efforts to supplement their prior productions in order to provide plaintiffs with comprehensive and accurate responses to their discovery requests are continuing, with production of many categories of materials pending.

While defendants do not dispute that, during a discovery conference on June 15, 2021, this Court ordered defendants to "give more transparency" (Ex. A, at 6:2-5) to plaintiffs regarding defendants' production process, this was a much more limited directive than plaintiffs represent. Contrary to plaintiffs' mischaracterization, the Court did *not* require defendants to disclose detailed information regarding their procedures (or any of their clients' procedures) for searching for, identifying, and producing responsive material; rather, the Court simply called for defendants to provide plaintiffs with information such as which requested materials defendants intended to withhold subject to objection as required by the Federal Rules (id. at 6:5-12).  Indeed, as plaintiffs note, during the June 15 conference, defense counsel reported to the Court that they had previously offered to provide plaintiffs with amended discovery responses containing greater specificity as to which materials defendants consented to produce and which they would not produce (id. at 7:15-22).  Defendants honored that commitment by providing the amended responses to plaintiffs and by answering plaintiffs' numerous follow-up inquiries over the ensuing months.

Plaintiffs' requests for "details about how the Defendants searched for documents" (Dkt no. 277 at 1), including their request that this Court compel production of a representative of defendant City of New York to provide in-depth descriptions and details about NYPD's processes and procedures for searching for responsive material, seek improper collateral discovery for which plaintiffs have failed to allege the requisite basis.  *See*, *e.g., Powers v. Mem'l Sloan Kettering Cancer Ctr.*, No. 20-CV-2625 (LGS), 2020 U.S. Dist. LEXIS 214341, at *2 (S.D.N.Y. Nov. 16, 2020) (a party seeking discovery-on-discovery "must provide an adequate factual basis to justify the discovery"); *Freedman v. Weatherford Int'l*, No. 12 Civ. 2121 (LAK) (JCF), 2014 U.S. Dist. LEXIS 133950, at *9 (S.D.N.Y. Sep. 12, 2014) (finding that failure to produce a few relevant documents was not an adequate factual basis for allowing collateral discovery).  Additionally, production of an NYPD representative is unnecessary because, as defendants previously relayed to plaintiffs' counsel in meet-and-confers, defense counsel has maintained close and frequent contact with the individuals at NYPD responsible for implementing searches for responsive materials as directed by defense counsel, and counsel have provided information about their production efforts and those of NYPD, to the extent such information is relevant and discoverable.

Plaintiffs' citation of a statement by the Honorable Kevin P. Castel, uttered during a court conference among counsel in an unrelated case, is irrelevant.  Obviously, opinions expressed by a judge, published only in the transcript of a court conference, bear no authority over this Court. Further, when viewed in their full context, Judge Castel's remarks concerned altogether different

---

[1] Defendants are working with their client to confirm that the totality of responsive material defendants previously requested of these entities has been produced.  To the extent any such productions have been incomplete, defendants will provide supplemental productions.  *See* Ex. D at 7-8.

and readily distinguishable circumstances from the instant litigation.  In Judge Castel's case, counsel for the City represented to opposing counsel that NYPD was unable to locate requested audio recording, but later informed counsel that, upon further investigation, the audio recording in question had been destroyed.  (Ex. G, Dkt no. 277-6, at 8:10-9:18) No such incident, nor anything comparable, has occurred in this litigation.

## II.     Defendants Previously Produced Certain of the Requested Materials to Plaintiffs

Defendants have already produced a number of the 31 categories of responsive materials that plaintiffs allege are "missing" from defendants' production (Ex. D at 5-7).  To the extent that any responsive materials have yet to be produced, defendants are working with NYPD to obtain and produce those materials,[2] with the exception of privileged documents or those that defendants have previously indicated their objections to producing, including in defendants' discovery responses.

Moreover, plaintiffs' Sept. 10 "deficiency letter" to defendants (Ex. D) was not a genuine attempt to identify deficiencies in defendants' production.   It appears that plaintiffs indiscriminately cut and pasted general categories and descriptions from their document requests without making any effort to identify *specific* materials that are missing.  For example, plaintiffs claim that defendants have not produced any voided Arrest Reports, when in fact they were included in prior productions. (RFP No. 8(o), Ex. D at 5) If plaintiffs contend that specific responsive materials have not been produced, to the extent that defendants have not previously objected to producing them, plaintiffs need to provide more specific information.

## III.    Defendants' Prior Privilege Log Was Accurate and Complete and Will be Supplemented With an Updated Privilege Log Once Production is Finished

The privilege log defendants previously provided to plaintiffs was complete and accurate as of the date it was provided.  Plaintiffs are correct that the privilege log did not include any documents from the Office of the Mayor ("OTM"), as defendants had not yet produced any documents from OTM.  As plaintiffs are aware, defendants are in the process of reviewing and preparing electronic communications from OTM to produce to plaintiffs by the parties' agreed upon deadline.  Once defendants' production is finished, they will provide an updated privilege log encompassing their production of documents from OTM and any other newly produced materials.

## IV.    Defendants Will Provide Responses to the *Sierra* Discovery Requests by October 22

Defendants are in the process of responding to the *Sierra* discovery requests and will provide their complete responses within two (2) weeks, by Friday, October 22, 2021.

---

[2] This includes the requested footage from NYPD's Aviation Unit. (Dkt no. 277 at 5)

Thank you for your consideration herein.

Respectfully submitted,

*Elissa B. Jacobs /s*

Elissa B. Jacobs
*Senior Counsel*
Special Federal Litigation Division

cc:     ALL COUNSEL (via ECF only)