

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**STEPHANIE M. BRESLOW**
*Senior Counsel*
sbreslow@law.nyc.gov
Phone: (212) 356-2660
Fax: (212) 356-1148

October 25, 2021

**VIA ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    In Re:  *New York City Policing During Summer 2020 Demonstrations*,
    No. 20 Civ. 8924 (CM) (GWG)
    This filing is related to all cases

Your Honor:

    I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. I write pursuant to the Court's Memorandum Order issued September 24, 2021 (Dkt no. 271) ("Order" or "9/24 Order") regarding defendants' motion to quash a subpoena served by plaintiffs on non-party, Mr. Sean Smoot. Mr. Smoot is a police practices expert whom the team from the Office of the Corporation Counsel ("OCC") retained as an outside consultant to assist with preparation of the OCC's report issued in December 2020, analyzing police response to the summer 2020 protests in New York City and issuing recommendations for NYPD policy reforms.

    In the Court's 9/24 Order, Your Honor directed defendants to: "submit a sworn statement addressing the nature of the Smoot documents (including a statement of whether they involved purely factual material), and what role Smoot played in making recommendations to OCC. The City shall also supply a copy of the documents to the Court in electronic form for *in camera* review." (Dkt no. 271 at 7)[1]

    Last Friday, October 22, 2021, defendants served upon this Court via United States Mail: (i) the Declaration of Gavin B. Mackie, Esq., in Support of Defendants' Motion to Quash the Subpoena Directed to Sean Smoot (together with Exhibit A cited therein); (ii) a CD-ROM containing all documents for *in camera* review by the Court, including the materials responsive to

---

[1] Defendants' submissions were originally due to Court by October 8, 2021 (Id.), but on October 12, 2021, the Court endorsed defendants' request for an extension of that deadline until October 22, 2021. (Dkt. No. 284)

the Smoot subpoena which defendants assert are protected from disclosure by the deliberative process privilege; (iii) and a cover letter describing the aforementioned enclosures.

Also on Friday, October 22, 2021, in accordance with instructions from the Court relayed by Your Honor's clerk, Mr. Kevin Coleman, defendants served upon all plaintiffs' counsel via e-mail a copy of the cover letter mailed to the Court along with the materials required by the 9/24 Order.

Unfortunately, defendants misread the language of the Court's 9/24 Order, believing that **both** the set of documents responsive to plaintiffs' subpoena to Mr. Smoot, and the "sworn statement addressing the nature of the Smoot documents…and what role Smoot played in making recommendations to OCC," were meant to be submitted *in camera*, for review by the Court only. Therefore, defendants did not serve the Mackie Affidavit on plaintiffs on October 22, at the time they served the cover letter accompanying their production to the Court of that date.

Upon receipt of an e-mail from plaintiffs' counsel today, Monday, October 25, 2021, defendants realized their mistake, and hastened to: (i) serve copies of the Mackie Affidavit and accompanying Exhibit A upon plaintiffs via e-mail (the latter, Mr. Smoot's Non-Disclosure Agreement executed with the Office of the Corporation Counsel, having been designated "Confidential" at the time of that transaction, has been provided subject to the Confidentiality Agreement in the instant litigation); (ii) and file the annexed Mackie Affidavit on the docket.[2]

Thank you for your consideration herein.

Respectfully submitted,

*Stephanie M. Breslow* /s

Stephanie M. Breslow
*Senior Counsel*
Special Federal Litigation Division

cc:   ALL COUNSEL (Via ECF)

---

[2] As previously noted, because Exhibit A to the Mackie Affidavit was designated "Confidential" by the OCC at the time it retained Mr. Smoot's services as an outside consultant in 2020, it has not been filed on the public docket, but it has previously been served upon the Court via U.S. mail on October 22, 2021.