UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In Re: New York City Policing During
Summer 2020 Demonstrations

INDEX NO 20-CV-8924(CM)(GWG)

------------------------------------------------------------x

**AFFIDAVIT OF GAVIN B. MACKIE IN SUPPORT OF DEFENDANTS' MOTION TO QUASH THE SUBPOENA DIRECTED TO SEAN SMOOT**

Gavin B. Mackie, being duly sworn, deposes and says:

1. I am an Assistant Corporation Counsel ("ACC") in the office of GEORGIA M. PESTANA, Corporation Counsel of the City of New York, attorney for defendants. I submit this affidavit in support of defendants' motion to quash the subpoena to Sean Smoot. I am familiar with the facts and circumstances stated herein based upon personal knowledge, the books and records of the City of New York, and conversations with its agents and employees.

2. In December 2020, then Corporation Counsel James E. Johnson issued a report, pursuant to Executive Order 58, analyzing factors impacting the protests that took place throughout New York City between the murder of George Floyd in late May 2020 through June 20, 2020, and making certain policy recommendations to the Mayor and to NYPD (the "Corporation Counsel Report").

3. Executive Order 58 directed the Corporation Counsel, in tandem with the Commissioner of Investigation, to conduct a "review into the response of the New York City Police Department ("NYPD") to the protests that took place throughout the City from May 28, 2020" through June 20, 2020. Specifically, the Corporation Counsel was directed to conduct an

analysis of "factors that may have impacted the events at protests during the Review period," and to identify "any recommendations … about any additional areas of study and engagement worth pursuing." EO 58 at § 1(c)(2)-(3).

4. To assist in this analysis and preparation of this report, Corporation Counsel Johnson assembled a small team of ACCs (the "Review Team") and outside consultants.

5. I was a member of the Review Team.

6. Sean Smoot ("Smoot") was one of the outside consultants retained to work on this analysis and report.

7. In connection with his work on the Corporation Counsel Report, Smoot signed a Non-Disclosure Agreement, a copy of which is annexed hereto as Exhibit A.

8. The NDA requires Smoot to "keep all Confidential Information strictly confidential and not disclose it to any person…" and specifies that he "shall not use any Confidential Information, except as required to work on" the Corporation Counsel Report. Ex. A § 2.a.-b.

9. The term "Confidential Information" is defined as "all information acquired by [Smoot] as a result of [his] employment with NYCLAW including documents and deliverables produced by [him] in connection with said employment." Ex. A § 1.a.

10. During the scope of Smoot's engagement with the Review Team, he received a large volume of material, much of which is confidential under the terms of the NDA and applicable law.

11. In Smoot's role as an outside consultant, he participated in discussions regarding the scope of the review and the strategies that the Review Team would pursue. Smoot helped shape document requests and other inter-agency communications. He assisted in

developing framing questions and had access to and participated in the Review Team's internal deliberations and conversations at every step of the analysis. Some of the documents in Smoot's possession, in particular document requests and responses, reflect the notes of these deliberations and were prepared in order to assist in making predecisional recommendations. These documents represent the Review Team's analytical strategy and do not contain any factual information.

12. In Smoot's role as an outside consultant, he had access to and provided feedback on memoranda developed by the Review Team that summarized the ACCs' thoughts and impressions regarding various materials they received and reviewed in the course of the analysis. Some of the documents in Smoot's possession include these attorney memos as well as some of the underlying documents and interview transcripts that the Review Team received from NYPD and the Department of Investigation. While some of the underlying materials may be considered to be purely factual information, they demonstrate the material and areas the team explored and the analysis of the compilations is part of the process of generating policy recommendations.

13. In Smoot's role as an outside consultant, he reviewed and provided feedback on the work product of other outside experts. Some of the documents in Smoot's possession include drafts of the work product of these outside consultants that were shared with him. These documents may contain some factual information but consist mostly of the analysis of these other consultants.

14. In Smoot's role as an outside consultant, he also reviewed and provided feedback on drafts of the Corporation Counsel Report. Some of the documents in Smoot's possession include these drafts, along with comments from Smoot and the other outside consultants.

15. All of the work described above in paragraphs 11-14 of this affidavit was done to aid the Review Team in developing policy recommendations that were ultimately presented in the Corporation Counsel Report.

16. The vast majority of Smoot's interactions with the Review Team occurred via phone or video conferences. He occasionally exchanged emails with certain members of the team, mostly dealing with scheduling. Smoot identified some emails maintained on a Gmail server as potentially responsive, copies of which are being produced for in-camera review.

17. In support of Defendants' motion to quash the Smoot subpoena, Defendants are also producing to the Court for in-camera review emails that were collected from the Law Department's internal servers that are not directly responsive to the subpoena (as they were not maintained by Smoot) but which may otherwise help to inform the Court as to the nature of Smoot's involvement with the Review Team.

Dated: New York, New York
October 22, 2021

Gavin B. Mackie

Subscribed and sworn to before me
this 22nd day of October, 2021.

ELI HILLIARD JACOBSON
Notary Public, State of New York
No. 01JA6320037
Qualified in New York County
Commission Expires Feb. 23, 2023