

September 28, 2021

**Via ECF**                                                 **MEMORANDUM ENDORSED**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *In re: New York City Policing During Summer 2020 Demonstrations,*
               *No. 20-CV-8924*
               *This Filing is Related to All Cases*

Dear Judge Gorenstein:

      We write on behalf of counsel for all Plaintiffs in these consolidated actions and jointly with Defendants to provide the parties' joint proposal for an amended discovery schedule, pursuant to the Court's instructions at the conference held on September 20, 2021, *see* Sept. 20 Tr. 31:17-19. After a series of productive negotiations, the parties have come to an agreement and jointly propose the following amended schedule:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Currently noticed 30(b)(6) Witnesses Identified and Scheduled | --- | Oct. 8 (as ordered by the Court on Sept. 20, *see* Tr.38:18) |
| Interim Rolling ESI Email Production Deadlines | --- | Nov. 12 – Production 1 of 3[1]<br>Dec. 10 – Production 2 of 3[2] |
| All Previously-Noticed Depositions Scheduled | --- | Nov. 17 |
| Final ESI Email Production Deadline | --- | Jan. 14, 2022 – Production 3 of 3 |
| Plaintiffs' Damages Expert Reports Served | --- | Jan. 31 |

---

[1] The parties have agreed that this will comprise a complete set of responsive emails from the Office of the Mayor or following review of approximately one third of total emails in all Defendants' review sets.
[2] The parties have agreed that this will comprise responsive emails identified from review of approximately one half of total emails in NYPD email review sets.

| Defendants' Damages Rebuttal Reports Served | --- | Mar. 31 |
|---|---|---|
| Depositions Completed (non-expert) | December 3, 2021 | Apr. 22 |
| Plaintiffs' Liability Expert Reports Served | November 1, 2021 | May 16 |
| Defendants' Liability Rebuttal Reports Served | --- | June 20 |
| Letters to Court on Summary Judgment | November 15, 2021 | June 14 |
| Close of All Discovery/Close of Expert Depositions | December 31, 2021 | July 29 |
| Class Certification Motions | October 15, 2021 | July 29 |

    The parties respectfully submit that this proposed amended schedule reasonably balances the Court's and the parties' interest in efficiently moving the consolidated cases forward with the limitations presented by the time it will take Defendants to produce the ESI email discovery as more fully set forth in their prior letters to the Court, as well as during the conference before Your Honor earlier this month. Specifically, over the course of our negotiations, Defendants have repeatedly represented to Plaintiffs that they cannot agree to an ESI email production deadline any earlier than January 14, 2022. Plaintiffs had previously proposed an earlier date for completion of all discovery based on Defendants' earlier estimate that they could complete ESI email production by early December, 2021, *see* Dkt. No. 267 at 2, Sept. 20 Tr. at 8:10-11. However, based on Defendants' position that they would not agree to a date earlier than January 14, 2022, Plaintiffs believe that the dates listed above would enable the parties to complete discovery in these consolidated actions in as timely and efficient a manner as possible.

    To that end, the parties have agreed to a series of rolling ESI email productions aimed at ensuring, prior to January 14, 2022, that meaningful progress is being made towards Defendants' final production deadline. During that same period, Plaintiffs will continue to take fact depositions, work with Defendants on ongoing non-email discovery issues, and make meaningful progress on all aspects of these consolidated cases that are not dependent on the final ESI email production deadline. The parties have also agreed to set November 17 as a deadline for the scheduling—though not the completion—of all previously-noticed depositions, in order to avoid the prospect of last-minute scheduling conflicts disrupting the depositions of higher-level key deponents in the months that follow or further delaying the completion of discovery.

    Following January 14, 2022, the parties have proposed deadlines aimed at ensuring steady and speedy progress towards the completion of discovery. Within two weeks of that date, Plaintiffs will serve their damages-related expert reports. The parties will complete all fact depositions within 14 weeks of Defendants' final production of ESI email discovery, a tight deadline for Plaintiffs to review and analyze the voluminous set of potentially hundreds of thousands of

documents on which many of those depositions will rely.[3] Plaintiffs' expert reports follow promptly a month later—a reasonable if tight timeline to engage with the depositions and document production that will have been completed—with rebuttal expert reports one month after that and the final close of discovery approximately six weeks later.

For all these reasons, on behalf of all parties, Plaintiffs respectfully ask that the Court approve the parties' joint proposed amended discovery schedule.

Respectfully submitted,

By: s/*Molly K. Biklen*
Molly K. Biklen
Robert Hodgson
Jessica Perry
Daniel R. Lambright
Lisa Laplace
Christopher T. Dunn
New York Civil Liberties Union
    Foundation
125 Broad Street, 19th Floor
New York, N.Y. 10004
(212) 607-3300
rhodgson@nyclu.org

By: /s/*Corey Stoughton*
Corey Stoughton
Jennvine Wong
The Legal Aid Society
199 Water Street
New York, N.Y. 10038
(212) 577-3367
cstoughton@legal-aid.org

*Attorneys for Plaintiffs in 20 Civ. 8924*

An acceptable protocol having been submitted (Docket # 302) as required by Docket # 279 , the proposed amended schedule is hereby approved.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

October 27, 2021

---

[3] Although Defendants have agreed to make an interim production of NYPD emails, their proposal to integrate technology-assisted-review into their email production means that complete sets of responsive documents for each of its custodians may not be available to Plaintiffs prior to the final production date of January 14, 2022.