

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**JENNY WENG**
*Senior Counsel*
jweng@law.nyc.gov
Phone: (212)356-2648
Fax: (212)356-1148

October 28, 2021

**VIA ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

     In Re:  *New York City Policing During Summer 2020 Demonstrations*,
     No. 20 Civ. 8924 (CM) (GWG)
     This filing is related to all cases

Your Honor:

     I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter.  I write in accordance with the Court's Individual Practices, to respectfully request that the Court schedule a conference regarding defendants' motion to disqualify plaintiffs' proffered expert witness, Mr. Edward Maguire, and to preclude the use of Maguire's report and/or testimony in this matter.  In the alternative, defendants respectfully request permission to file their motion to disqualify Maguire forthwith, in the absence of a conference.  The Court should disqualify Maguire as plaintiffs' expert because he has a prior confidential relationship with City attorneys and defendants, he received confidential information which lies at the very heart of this litigation, and public interest in maintaining judicial integrity and the integrity of governmental deliberations preclude him from working in a capacity adversarial to the City in this matter.

<u>Background</u>

     In December 2020, then Corporation Counsel James E. Johnson issued a report pursuant to Mayor de Blasio's Executive Order 58, analyzing police conduct during a series of protests that took place throughout the City in the summer of 2020 and issuing recommendations for NYPD policy reforms ("The Corporation Counsel Report").  The Corporation Counsel enlisted the assistance of both City attorneys (the "Review Team") and outside experts, including Maguire, in preparing the Corporation Counsel Report.  In the course of preparing the Corporation Counsel Report, Maguire had a confidential relationship with the Review Team and received a number of confidential documents and information concerning the very issues which are the subject of this litigation – *i.e.*, NYPD conduct during the summer 2020 protests.

On June 16, 2021, counsel for The People of the State of New York sent a letter to defendants informing them of their intention to engage Maguire as an expert in the above-referenced litigation and requesting that defendants inform plaintiffs' counsel of their position regarding any conflict of interest.  On June 23, 2021, defendants informed plaintiffs' counsel that a conflict existed, and they attempted to resolve the issue without involving the Court.  On June 28, 2021, defense counsel, Ms. Elissa Jacobs, attended a meet and confer on this issue with Ms. Lillian Marquez and Ms. Jaclyn Grodin from the Office of the Attorney General.  Defendants explained that a conflict of interest prevented Maguire from serving as plaintiffs' expert where the defendants had a pre-existing confidential relationship with Maguire and he received confidential information concerning the very issues which are the subject of this litigation.  Counsel for The People did not believe any such conflict existed and requested additional factual information in support of defendants' position.  The meet and confer conference lasted approximately thirty minutes, and no resolution was reached.

A second meet and confer was held on July 7, 2021.  That conference was attended by Ms. Jacobs and Karen Griffin, Chief Ethics Officer for the Office of Corporation Counsel, on behalf of defendants, as well as the aforementioned attorneys from the Office of the Attorney General.  The parties reiterated their prior positions, and the conference also lasted approximately one-half hour.  Defendants made clear that if plaintiffs named him as an expert, they would move to disqualify him.  Subsequently, the parties engaged in correspondence regarding the dispute and remaining factual issues via e-mail until July 15, 2021.  There still being no resolution between the parties, plaintiffs named Maguire as an expert on September 1, 2021.

Witness Disqualification, Generally

"The Court has the inherent power to disqualify an expert witness when such relief is warranted." *Rodriguez v. Pataki*, 293 F. Supp. 2d 305, 311 (S.D.N.Y. 2003), *aff'd*, 293 F. Supp. 2d 315 (S.D.N.Y. 2003) (citation omitted). "Disqualification is designed to protect the integrity of the judicial process by ensuring that experts to do not use, even unwittingly, confidential information that they learned from a party in the course of an earlier engagement against that party in a later lawsuit." *Local 3621, Ems Officers Union v. City of New York*, No. 18-cv-4476 (LJL)(SLC), 2021 U.S. Dist. LEXIS 104810, at *10 (S.D.N.Y. June 2, 2021), *R&R adopted by*, 2021 U.S. Dist. LEXIS 126420 (S.D.N.Y. July 7, 2021) (citation omitted). The courts of the Second Circuit have generally adopted a three-part test to consider whether an expert should be disqualified. The courts consider: "(1) was it objectively reasonable for the first party who retained the expert to conclude that a confidential relationship existed; (2) was any confidential or privileged information disclosed by the first party to the expert; and (3) does the public have an interest in allowing or not allowing the expert to testify." *Grioli v. Delta Int'l Mach. Corp.*, 295 F. Supp. 2d 11, 13-14 (E.D.N.Y. 2005). "To the extent the nature of the disclosures is disputed, courts also consider whether the confidential information revealed is relevant to the current litigation." *Auto-Kaps, LLC v. Clorox Co.*, No. 15-cv-1737 (BMC), 2016 U.S. Dist. LEXIS 37097, at *7 (E.D.N.Y. Mar. 22, 2016).

Maguire Should be Disqualified

It was objectively reasonable for defendants to conclude that a confidential relationship existed between defendants and Maguire. When Maguire was retained by the Corporation Counsel to work on the Corporation Counsel Report, he signed a non-disclosure agreement (NDA) with the New York City Law Department that specifically prevented him from disclosing any confidential information or from using it in connection with any other matter. Maguire agreed to be bound by the NDA as part of his work for the City and understood that he could not use the information he obtained in connection with his work on the Corporation Counsel Report in any future work engagements. This agreement and understanding established a confidential relationship.

That Maguire received confidential information relevant to the issues in this litigation is also beyond dispute. Indeed, Maguire's discussions with the Review Team helped shape the scope of the review and the strategies to be pursued in investigating, analyzing, and formulating the content of the report with respect to the police conduct at the summer 2020 protests, as well as the recommendations for NYPD policy reform, that ultimately comprised the Corporation Counsel Report. In sum, Maguire was instrumental to the Review Team's development of the report at every step of the process.

It is of no moment whether or not Maguire intends to disclose to plaintiffs any confidential information that may have been provided to him as part of the Corporation Counsel Report. "The inquiry is not into what confidential information the expert has disclosed, but what was disclosed to him." *Auto-Kaps*, 2016 U.S. Dist LEXIS 37097, at *9. His conflict cannot be remedied, therefore, by an assertion by plaintiffs that Maguire will not disclose information covered by the NDA or that he will review documents and events with a fresh eye. The fact that Maguire had a confidential relationship with defendants and that he received confidential information relevant to this lawsuit renders him ineligible to serve as an expert witness for plaintiffs in this matter.

Finally, the public interest weighs in favor of disqualifying Maguire. Allowing plaintiffs to retain Maguire as an expert witness in this litigation would only dissuade the City and other government entities from relying on independent experts in future internal reviews for fear that those same experts would be used against them in litigation. Such a prospect is contrary to the public interest.

In light of the above, the Court should grant defendants' request to move to disqualify Maguire as an expert witness for plaintiffs.

Thank you for your consideration herein.

Respectfully submitted,

*Jenny Weng* /s

Jenny Weng
*Senior Counsel*
Special Federal Litigation Division

cc:     ALL COUNSEL (Via ECF)