UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In Re: New York City Policing During Summer   :   ORDER
2020 Demonstrations                                                      20 Civ. 8924 (CM) (GWG)
   :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

On September 24, 2021, this Court issued an order on the City of New York's motion to quash a subpoena to Sean Smoot, a police practices expert retained by the Office of the Corporation Counsel ("OCC"), that largely accepted the City's argument that the documents sought were protected by the deliberative process privilege. See Memorandum Order, filed September 24, 2021 (Docket # 271). However, because the City had failed to produce a "privilege log or any statement from a person with knowledge" explaining "Smoot's role and the nature of his contributions" to the OCC Report, the Court required the City to "submit a sworn statement addressing the nature of the Smoot documents (including a statement of whether they involved purely factual material), and what role Smoot played in making recommendations to OCC." Id. at 7. The Court also required production of the documents for in camera review. See id. at 6-7.

In response, the City filed an affidavit from Gavin B. Mackie, an attorney for the OCC, which details Smoot's role in crafting the OCC Report. See Affidavit of Gavin B. Mackie ¶ 6, dated October 22, 2021, annexed as Exh. A to Letter from Stephanie M. Breslow, dated October 25, 2021 (Docket # 299). The City has also transmitted to the Court many dozens of e-mails and e-mail attachments that Smoot sent or received during his time working on the OCC Report.

Mackie avers that Smoot "participated in discussions regarding the scope of the review and the strategies that [OCC] would pursue," "participated in . . . internal deliberations and conversations at every step of the analysis," and provided feedback on internal memoranda and drafts of the OCC Report. Id. at ¶¶ 11-14. Mackie notes that the bulk of Smoot's communications with the OCC took place via phone and video conferences and thus the e-mails submitted to the Court present only a limited window into Smoot's contributions to the OCC Report. See id. at ¶ 16. While not very helpful on the question of whether Smoot compiled purely factual material as part of his engagement, the affidavit can only be read to indicate that this was not the purpose of the Smoot engagement.

In any event, we have now reviewed the Smoot documents in camera and conclude that the documents come within the deliberative process privilege. Consistent with Mackie's affidavit and Smoot's qualifications as a police practices expert, Smoot's contributions generally consisted of offering advice on police practices. Smoot's focus was on analyzing policing tactics and crafting recommendations, not compiling factual material. While there is some purely factual material included, it was plainly marshaled for the purpose of making a "policy-oriented judgment." See National Sec. Archive v. C.I.A., 752 F.3d 460, 465 (D.C. Cir. 2014); see also Color of Change v. Dep't of Homeland Sec., 325 F. Supp. 3d 447, 456 (S.D.N.Y. 2018) (factual materials were within the privilege where they were "compiled and arranged . . . to support the positions" the writers espoused). In other words, this is not a situation where the documents reflect merely "objective and retrospective recitation of historical facts." See Plaintiffs'

Consolidated Memorandum of Law in Opposition to Defendants' Motion to Quash Plaintiffs' Third-Party Subpoena at 7, filed August 27, 2021 (Docket #250) (quoting Hennessey v. U.S. Agency For Int'l Dev., 1997 WL 537998 (4th Cir. 1997)).  Rather, the factual material was part and parcel of "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated."  Dep't of the Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001).

The Court therefore adheres to its previous order granting the motion to quash.

SO ORDERED.

Dated: November 2, 2021
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge