



October 28, 2021

**Via ECF**
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

**MEMORANDUM ENDORSEMENT**

Re:   *In re: New York City Policing During Summer 2020 Demonstrations,*
      *No. 20-CV-8924*
      *This Filing is Related to All Cases*

Dear Judge Gorenstein:

We write on behalf of all Plaintiffs in these consolidated actions respectfully to request that the Court schedule a conference to: (i) compel Defendants to identify 30(b)(6) witnesses in accordance with this Court's Order of September 20, (ii) order the deposition of Sergeant Majer Saleh in accordance with this Court's Order of July 21, and (iii) respond to Plaintiffs' repeated requests to meet and confer in conformity with the Court's Individual Rule 2(a). Plaintiffs also request a pre-motion conference to move for sanctions for Defendants' failure to comply with this Court's orders.

As set forth below, Plaintiffs repeatedly have sought to meet and confer in good faith with Defendants on their failures to comply with the amended September 24 deadline to depose Sgt. Saleh and the October 8 deadline to identify their 30(b)(6) witnesses for those topics agreed to by the parties as well as outstanding discovery disputes, most recently on October 18, 20, and 25. *See* Exs. A & B. But Defendants have ignored these efforts, either not responding at all or not agreeing on a date to confer. Plaintiffs now seek assistance from the Court.

**BACKGROUND**

**1. Defendants' Failure to Identify 30(b)(6) Witnesses**

On September 20, this Court held a discovery conference on outstanding disputes related to Plaintiffs' first notice of a deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure dated July 2 and Defendants' failure to schedule the number of depositions of line-level officers ordered by the Court at a July 21 conference. ECF Nos. 193, 197, Minute Entry (July 20, 2021). Prior to the conference, the parties conferred and Defendants agreed to produce witnesses to Topics 1 (as amended), 6 and 7. ECF No. 268, Sept. 20, 2021 Tr. at 34:4-15. Defendants also

1

agreed to produce witnesses with respect to Topics 12, 13, 14 and 16 from the Plaintiffs' second 30(b)(6) notice dated August 6. At the conference, this Court ordered Defendants to identify the witnesses to the agreed-upon topics by October 8. Sept 20, 2021 Tr. at 38:12-20. The parties incorporated this deadline into their proposed scheduling order. ECF No. 274.

Despite the Court's order and the parties' agreement, Defendants did not identify any 30(b)(6) witnesses on October 8. On October 18, in response to Plaintiffs' request to identify the witnesses or meet and confer, Defendants identified four witnesses with respect to parts of amended Topic 1 and did not agree to meet and confer.[1] Ex. A. On October 18, 20, and 25, Plaintiffs followed up by email requesting witnesses on the remaining topics that the parties had agreed to and to meet and confer, including over the remaining disputed topics in the second 30(b)(6) notice but Defendants similarly have not responded. *See* Exs. A & B.

## 2. Defendants' Failure to Produce So-Ordered Line Officer Deponents

Defendants similarly failed to respond to repeated requests to meet and confer regarding their obligation to schedule the depositions of certain noticed line-level officers, including the *People*'s witness, Sergeant Majer Saleh. On the afternoon of July 12, Defendants cancelled Sgt. Saleh's July 13 deposition, scheduled by Defendants, because Sgt. Saleh was on vacation. Ex. C. Counsel for *People* attempted to notice two alternative dates (July 19 and 21), the first which Defendants rejected. The *People* then noticed the alternate date, July 21, which Defendants ignored until July 20 when it canceled the deposition a second time. Ex. D. Defense counsel promised to offer a new date but did not do so, prompting plaintiffs to seek Court intervention.

At a July 21 conference, the Court so-ordered the following deposition protocol: Defendants were to provide, with at least one week's notice, dates on which they would produce Sgt. Saleh and other noticed line-level officers and complete these depositions within a five-week period. *See* July 21, 2021 Tr. at 5:12-17, 40:3-7. The Court also ordered Defendants to produce a set of documents relevant to the deponent within a day of their deposition, *id.*, and then amended its order to require production two business days before any deposition. *See* Aug. 19, 2021 Tr. at 16:19-23. At Defendants' request, the parties extended the completion period to September 24.

When Defendants failed to provide a deposition date for Sgt. Saleh by September 14, *People*'s counsel, Lillian Marquez, emailed Defendants' counsel, requesting a meet and confer regarding Defendants' non-compliance with the Court's Orders. Ex. E. Defendants did not respond to that meet and confer request and, instead, on September 20, offered October 28 for Sgt. Saleh's deposition. Ex. F. Ms. Marquez objected to the date as beyond the Court-ordered deadline and agreed-to extension, but to avoid burdening the Court with yet another motion regarding deposition scheduling, the *People* accepted the October 28 deposition date. Ex. F.

Less than 48 hours prior to Sgt. Saleh's October 28 deposition, defense counsel Amy Robinson emailed plaintiffs' counsel, stating that Defendants must "cancel Sgt. Saleh's

---

[1] Defendants identified four witnesses to testify to various policy topics in amended Topic 1. Senior Counsel Dara Weiss noted that they still were searching for witnesses with respect to "the racial profiling and implicit bias related topics" but did not address Topics 6 and 7, to which the parties had agreed.

deposition as [they] are currently unable to reach him." Ex. G. Counsel for *People* objected to the now-third unexplained cancellation and demanded that Defendants immediately produce the outstanding documents required by the Court's July 21 and August 19 Orders, but Defendants have yet to produce those documents.

### 3.  Defendants' Continued Refusal to Respond to Plaintiffs' Meet and Confer Requests

Defendants' refusal to meet and confer on their failure to comply fully with the 30(b)(6) and deposition deadlines are not isolated occurrences. A more fulsome summary of the outstanding meet and confer requests is outlined in Exhibit B, but to highlight a few examples, over at least the last month, Defendants have ignored numerous requests to meet and confer over discovery disputes, including requests dating from September 20 through October 15 to meet regarding their responses to Plaintiffs' Second Consolidated Discovery Requests. Defendants have also ignored an October 22 request to confer over their failure timely to supplement discovery concerning the identity of an officer involved in Cameron Yates' incident and confirming a deposition date.

Additionally, Defendants have failed to schedule meetings to which they already agreed. For example, on September 21, Defendants produced documents regarding the deposition of Sgt. Zinstein, but failed to produce responsive disciplinary files, so the parties jointly agreed to adjourn the deposition pending the document production. On October 12, Defendants then stated that a meet and confer was required, which Plaintiffs attempted to schedule on October 12, 13, and 15, but received no response.[2] Another example is on September 15, Plaintiffs requested certain body-worn camera audit trails and ARGUS footage and eventually requested a meet and confer on October 15 after Defendants failed to provide the requested documents. Defense counsel Elissa Jacobs responded to requests on October 15, 20, and 22 and agreed to meet on October 26, but then withdrew as counsel. Defendants only proposed an alternate date of Monday, November 1, late this afternoon.

### ARGUMENT

Plaintiffs have served Rule 30(b)(6) notices regarding central issues in these cases and this Court has ordered Defendants to identify their witnesses on the topics to which the parties have agreed by October 8. The Court has also ordered Defendants to produce Sgt. Saleh to be deposed by a date certain, as well as his relevant documents. Defendants have not fully identified such witnesses or produced Sgt. Saleh or pertinent documents, and they have ignored multiple requests to meet and confer over these failures and numerous other disputes. Plaintiffs therefore request that Defendants be compelled to comply with this Court's orders and pay the costs of making this motion.

---

[2] Additionally, on October 27, the parties met for approximately one hour pursuant to this Court's directive at the discovery conference on October 19 to confer over the categories of missing documents that Plaintiffs had identified. This meeting had to end early due to a family emergency for Defendants' counsel and Defendants were not able to continue it on October 28.  Plaintiffs understand that emergencies arise and do not intend to penalize Defendants for such circumstances, but this incident and the failure to meet and confer raises a concern of whether Defendants' counsel have sufficiently staffed this matter so that the litigation can proceed.

1. **Defendants have violated a court order mandating the disclosure of 30(b)(6) witnesses and the production of Sgt. Saleh and must comply.**

This Court's order requiring Defendants to identify their 30(b)(6) witnesses to Plaintiffs by October 8 is clear. *See* Sept. 20, 2021 Tr. at 38:12-20 ("Ms. Weiss, it seems to me if I give you two weeks from Friday, there's no reason you couldn't figure out who's going to be your witnesses on these topics. . . . So October 8 tell them who we're talking about . . . ."). Although Defendants responded on October 18 identifying four witnesses regarding several of the policies in amended Topic 1, they ignored Topics 6 and 7 and as well as the topics they agreed to in Plaintiffs' second deposition notice. Such failure is willful, as Plaintiffs repeatedly have requested the identities of such witnesses. *See Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318(GBD)(BCM), 2017 WL 3671036, at *21 (S.D.N.Y. July 18, 2017) ("Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control."), *report and recommendation adopted*, No. 16-CIV-1318(GBD)(BCM), 2017 WL 4712639 (S.D.N.Y. Sept. 28, 2017). Defendants have not identified any basis for their noncompliance with this Court's order to identify witnesses. Accordingly, they must identify the remaining witnesses immediately and promptly meet and confer over the outstanding issues.

This Court's July 21 and August 19 orders compelling Defendants to produce Sgt. Saleh by September 10, as well as the deposition-relevant documents at least two business days prior to the deposition are similarly clear. Despite the *People*'s multiple attempts to accommodate any burden Defendants had in scheduling line-level officers, Defendants have abused those offers, only to cancel depositions (for which counsel was prepared to proceed) last-minute and without production of the necessary documents. The *People*'s counsel repeatedly have reminded Defendants' counsel of their obligations to provide a firm date for Sgt. Saleh's deposition and these documents—obligations made clear by the Court at numerous conferences and which Defendants have met with regard to other deponents—yet Defendants have willfully failed to comply. *See Joint Stock Co. Channel One Russia Worldwide*, 2017 WL 3671036, at *21. Accordingly, Defendants should be ordered to produce Sgt. Saleh on November 10, 2021 and directed to immediately produce the documents relevant to his deposition.

2. **Defendants have repeatedly and without justification ignored requests to meet and confer.**

This Court's Rule is clear that a "party must respond within one business day to any request from another party to confer unless an emergency prevents such a response." Individual Practices of Magistrate Judge Gabriel W. Gorenstein, Rule 2(a). Over at least the last month, Defendants have repeatedly and without justification failed to respond to requests to meet and confer. *See* Ex. B. By ignoring these requests, Defendants have stymied the parties from resolving disputes among themselves and making progress on discovery in these consolidated cases. Simply put, Plaintiffs cannot make progress if they cannot get Defendants to meet with them. Plaintiffs therefore request an order compelling Defendants to comply with this Court's rule and promptly respond to and schedule requests to meet and confer.

3. **Sanctions are appropriate for Defendants' failures to obey a court order and to comply with this Court's Individual Rules.**

Courts have broad authority to impose sanctions on parties who deliberately fail to comply with discovery orders. Fed. R. Civ. P. 37; *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999). As relevant here, Rule 37 provides that "if a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). In addition to the specific sanctions listed in Rule 37, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(c). "Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." *Seena Int'l, Inc. v. One Step Up, Ltd.*, No. 15CV01095PKCBCM, 2016 WL 2865350, at *11 (S.D.N.Y. May 11, 2016); *see also Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1066 (2d Cir. 1979) (noting that monetary sanctions are the "mildest" sanction).

Here, sanctions in the form of expenses and attorney's fees for making this motion and the time seeking meet and confers are appropriate as Defendants willfully have violated the Court's order and have unjustifiably multiplied the proceedings. The Court's orders to identify 30(b)(6) witnesses and produce Sgt. Saleh, as well as his documents, are clear and Defendants were on notice of the deadlines. Nor is this the first time that Defendants have missed a clear deadline to produce discovery. As this Court is aware, Defendants have failed to produce numerous documents in accordance with the July 31 deadline and to produce email ESI in a timely manner. *See, e.g.*, ECF No. 277. Defendants' conduct is part of a larger pattern of delay and failure to comply with discovery obligations. Viewed on its own or in the full course of this litigation, Defendants' failure to comply fully with the deadlines for 30(b)(6) witnesses, to produce line officer witnesses, or to meet and confer is deliberate. *See Martinez v. City of New York*, No. 16 CV 79 (AMD)(CLP), 2018 WL 604019, at *26 (E.D.N.Y. Jan. 24, 2018) ("Given the repeated and numerous violations and examples of noncompliance with this Court's Orders, the element of willfulness has clearly been established.").

Further, Defendants' conduct is without justification. Defendants have not offered any basis for their failures to respond or even sought an extension from Plaintiffs. Where Defendants have requested an extension or explained the need for additional time, Plaintiffs have consented and sought to cooperate to advance the litigation. Accordingly, sanctions are appropriate here to ensure compliance with the Court's Orders.

\* \* \*

For the foregoing reasons, Plaintiffs respectfully request a discovery conference to compel Defendants to comply with this Court's order to identify 30(b)(6) witnesses, to produce Sgt. Saleh and for Sgt. Saleh to appear for deposition on November 10, to produce all documents relevant to his deposition immediately, to meet and confer with Plaintiffs, and for sanctions for these failures to comply with the Court's September 20 and July 21 Orders and Individual Rules.

Respectfully submitted,

NEW YORK CIVIL LIBERTIES UNION                  THE LEGAL AID SOCIETY
    FOUNDATION

By: _s/ Jessica Perry_                           By: _s/ Corey Stoughton_
    Jessica Perry                                    Corey Stoughton
    Molly K. Biklen                                  Jennvine Wong
    Daniel R. Lambright                              Rigodis Appling
    Robert Hodgson                                   199 Water Street
    Lisa Laplace                                     New York, NY 10038
    Christopher T. Dunn                              (212) 577-3367
    125 Broad Street, 19th Floor                     cstoughton@legal-aid.org
    New York, NY 10004                               jwong@legal-aid.org
    (212) 607-3300                                   rappling@legal-aid.org
    jperry@nyclu.org
    mbiklen@nyclu.org
    dlambright@nyclu.org
    rhodgson@nyclu.org
    llaplace@nyclu.org
    cdunn@nyclu.org

_Attorneys for the Payne Plaintiffs_


Cc: All counsel of record

**The Court does not believe a conference is needed at this time.  It appears that the specific matters raised have been resolved or are likely about to be resolved.  There is no basis for sanctions.  The Court does, however, direct as follows.  First, a party must comply with deadlines for production or responses given during a Court conference unless a different deadline is stipulated in writing or obtained from the Court.  See Fed. R. Civ. P. 29(b).  Second, the City must make itself reasonably available to confer on issues involving discovery and must respond promptly to requests to confer (though the plaintiffs should make all efforts to combine requests so as not to overly-burden the City).  The parties may wish to consider having a single person from each side who is responsible for arranging all discovery conferences.  Third, before sending a letter to the Court raising a discovery dispute under paragraph 2.A of the Court's Individual Practices, the sending party shall send a draft of the letter to the other side and wait 24 hours (or if there is an intervening weekend/ holiday, the next business day) before actually filing it with the Court.  During the intervening period, the sending party should make itself available for an additional conference if the opposing party seeks it and, should such a conference take place, should reconsider its position if that seems appropriate.  Finally, regarding Sgt. Saleh, to the extent that the City is able to produce the required documents without Sgt. Saleh's involvement, it should do so by November 22, 2021. Obviously, the City shall continue to make reasonable efforts to secure the appearance of Sgt. Saleh, and shall ensure that plaintiffs are aware of those efforts.**

**SO ORDERED.**

GABRIEL W. GORENSTEIN
United States Magistrate Judge
**November 8, 2021**

6