

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/2021

**GEORGIA M. PESTANA**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**DARA L. WIESS**
*Senior Counsel*
dawiess@law.nyc.gov
Phone: (212) 356-3517
Fax: (212) 356-1148

November 12, 2021

**By ECF**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

In Re: *New York City Policing During Summer 2020 Demonstrations*,
No. 20 Civ. 8924 (CM) (GWG)
This filing is related to: *Krystin Hernandez, et al. v. City of New York, et al.*,
No. 21 Civ. 7406 (CM) (GWG)

Your Honor: MEMO ENDORSED

I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. I write to respectfully request a *sua sponte* enlargement of three weeks, from November 15, 2021 until December 6, 2021, for the individual defendant police officers who have been served in this action as of the date of this writing, to answer or otherwise respond to the Complaint; these defendants are NYPD Assistant Chief Kenneth Lehr and Police Officer Harvey Rabel. The extension will allow this Office the time needed to complete its investigations mandated by New York General Municipal Law ("G.M.L.") § 50-k in order to make fully informed, lawful representation determinations as to those defendants in connection with this matter. As set forth in detail below, plaintiffs' counsel, including Mr. Gideon Oliver and several attorneys from the law firm of Cohen & Green P.L.L.C., take no position as to this request.

On October 4, 2021, this Court issued an Order granting defendant City's prior letter motion seeking a 45-day extension of time, from September 30, 2021 until November 15, 2021, for defendants City of New York, Mayor Bill de Blasio, NYPD Commissioner Dermot Shea, and former NYPD Chief of Department Terence Monahan, to answer or otherwise respond to the Complaint. (Dkt no. 20) In granting the City's letter motion, the Court likewise *sua sponte* extended the time for all individual officers to respond or otherwise answer the Complaint, until November 15, 2021. *Id.* However, attorneys from this Office are currently unable to answer on behalf of Assistant Chief ("A.C.") Lehr and Officer Rabel, as they are still in the process of carrying out their legal duties pursuant to the G.M.L. to investigate the claims and allegations against these officers, in order to determine whether this Office may lawfully represent the officers in connection with this matter. Additional time is required for this Office to, among other things,

acquire all relevant records and speak with the defendants. Accordingly, this Office does not presently represent A.C. Lehr or Officer Rabel, and submits this request for an enlargement *sua sponte* in the interest of efficiency and judicial economy.

        In response to defendants' request for consent to this request, plaintiffs submitted the following statement, today, at 4:30 p.m.:

> "Plaintiffs take no position on the request, having only been informed that Defendants would not be answering at 1:00 p.m. today (November 12). Defendants' claim that they are 'still in the process of discharging our duties pursuant to the General Municipal Law to investigate the claims and allegations against these officers' is concerning given the Court's prior order. *Cf. Martinez v. City of N.Y.*, No. 16 CV 79 (AMD) (CLP), 2018 U.S. Dist. LEXIS 13409, at *86 n.21 (E.D.N.Y. Jan. 24, 2018).[1] It is also concerning given that certain defendants are already represented by the Law Department in this consolidated action (Kenneth Lehr, for example),[2] and for those Defendants, the request that the Court act '*sua sponte*' – coming from their own lawyers in the consolidated case – makes no sense at all."

        For the foregoing reasons, this Office respectfully requests that the time for defendants AC Lehr and Officer Rabel to answer or otherwise respond to the complaint be *sua sponte* enlarged to and including December 6, 2021.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[1] In *Martinez*, City attorneys were egregiously delinquent in discovery for nearly two years, in which the Court issued 14 orders directing them to comply with their obligations, before they finally, "on the eve of the expiration of the statute of limitations and the conclusion of discovery,…disclosed, for the first time," evidence implicating additional defendants and key witnesses. *Martinez,* 2018 U.S. Dist. LEXIS 13409, at

*1-2. The footnote plaintiffs cite concerns those attorneys' pattern of discovery failures, as well as their initial failure to thoroughly investigate and identify possible defendants; the former issue is inapplicable here, while the latter, if anything, presents the converse situation. *Id.* at *86 n.21.

[2] While plaintiffs are correct that this Office has assumed legal representation of A.C. Lehr in connection with another matter in the consolidated litigation, that fact does not entitle him to automatic representation in any and all related actions in which he may be named as a defendant; nor does it relieve this Office of its legal obligations under the G.M.L. to investigate the claims and allegations of this particular matter.

Thank you for your consideration herein.

Respectfully submitted,

*Dara L. Weiss s/*

Dara Weiss
*Senior Counsel*
Special Federal Litigation Division

cc:    All *Hernandez* Counsel (By ECF)