Kaufman Lieb Lebowitz & Frick
attorneys at law

(212) 660-2332
10 E. 40th St., Suite 3307
New York, NY 10016
www.kllf-law.com

December 1, 2021

**Via ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York

  Re: *In re: New York City Policing During Summer 2020 Demonstrations,*
    *No. 20-CV-8924*
    *This Filing is Related to All Cases*

Your Honor:

  I write on behalf of all Plaintiffs in these consolidated actions. Once again, a court-ordered deadline has passed without compliance by Defendants or a valid reason for their noncompliance. The Court should order that Defendants shall, no later than **December 8, 2021**, propose deposition dates for *all* deponents noticed prior to September 28, 2021.

  In their September 28, 2021 joint status letter (ECF No. 274), the parties jointly proposed that "all previously noticed depositions [be] scheduled"—meaning that the depositions would be calendared, not that they would occur—by November 17. The Court so-ordered this deadline on October 27. ECF No. 303.

  "All previously noticed depositions" meant *all*, including the depositions of high-level NYPD officials and City policymakers noticed in Plaintiffs' revised consolidated deposition notice dated June 30. As the parties explained to the Court in their joint submission, the purpose of this interim deadline was to "to avoid the prospect of last-minute scheduling conflicts disrupting the depositions of higher-level key deponents in the months that follow or further delaying the completion of discovery." ECF No. 274 at 2. The parties expressly contemplated that the burdensome logistical work of scheduling high-level deponents would happen now, well in advance and well before the parties were scrambling to prepare for and take the depositions once Defendants completed their ESI production.

  On November 17, Defendants proposed deposition dates for nine lower-level NYPD fact witnesses, including two police officers and three sergeants. Defendants did not propose dates for any of the high-level NYPD or City witnesses whose depositions were previously noticed. Defendants thus violated their agreement and the Court's order to schedule "all" such depositions—or even simply begin the process of scheduling them—by November 17. Plaintiffs requested a meet-and-confer about this deficiency on November 18. Defendants did not respond.

Alanna Kaufman* • Douglas E. Lieb‡ • David A. Lebowitz • Alison Frick*

Adam Strychaluk • Alyssa Isidoridy

*Also admitted to practice in New Jersey  ‡Also admitted to practice in California and Connecticut

Kaufman Lieb Lebowitz & Frick  December 1, 2021
Page 2 of 2

On November 24, we provided Defendants with an advance copy of this letter motion and informed them of our intention to file it after the Thanksgiving holiday absent a resolution of this issue. *See* ECF No. 317. In response, Defendants did not "seek[]" an "additional conference" on this issue, *id.*, but rather asserted that the November 17 deadline pertained only to "lower-level officers who had already been noticed and scheduled," and that they had complied with their obligations by providing dates for the nine lower-level deponents only.

Defendants' assertion is impossible to square with the plain meaning of the word "all." It is especially untenable in light of the parties' express representation to the Court in a painstakingly negotiated joint letter that they wanted to schedule "the depositions of ***higher-level key deponents***" well in advance to avoid delay and disruption. ECF No. 274 at 2 (emphasis added). Nor does it make sense that Plaintiffs would have negotiated to give Defendants 50 days to perform the basic task of scheduling the remaining handful of low-level depositions, all of which were already supposed to be complete. *See* ECF No. 212 (7/21/21 Tr.) at 5:12-17, 40:3-7 (ordering such depositions to occur within five-week period).

Defendants' final ESI production deadline of January 14, 2022 is fast approaching after the holidays. Plaintiffs will be ready to depose previously noticed high-level witnesses within a few weeks of complete ESI production. As the parties agreed, now is the time to consult those witnesses' schedules, work out scheduling issues among counsel, and get deposition dates on the calendar to avoid delay.

The Court should set a firm deadline of **December 8, 2021**, on pain of appropriate enforcement measures, for Defendants to comply with their previous commitment and the Court's October 27 order to propose dates for "all previously noticed depositions." ECF No. 303. Plaintiffs regret the need to bring this issue to the Court's attention and believe it is inappropriate for Defendants to continue requiring us to expend the parties' and the Court's resources to enforce blown Court-ordered deadlines. We nonetheless thank the Court for considering our request.

Respectfully submitted,

/s/

Douglas E. Lieb

CC.    All counsel of record (by ECF)