UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

In Re: New York City Policing During Summer 2020 Demonstrations

Index No. 20-cv-8924(CM)(GWG)

------------------------------------------------------------------ x

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISQUALIFY PLAINTIFFS' EXPERT WITNESS

GEORGIA M. PESTANA
Corporation Counsel of the
 City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007

By:  Jenny Weng
     *Senior Counsel*
     Special Federal Litigation Division
     (212) 356-2648

Dated:   New York, New York
         December 3, 2021

**PRELIMINARY STATEMENT**

Defendants' motion to disqualify Maguire established that Maguire had a confidential relationship with Defendants, that he received confidential and privileged information relevant to the instant litigation, and that the public interest favors disqualifying Maguire as an expert in this litigation. As such, disqualification is warranted here. Plaintiffs seek to confuse the issue by citing case law that is irrelevant to the matter at hand, by adding an element of "prejudice" that is not supported by case law, and by downplaying the role that Maguire had in the production of the Corporation Counsel Report. Plaintiffs do not dispute that Maguire had a confidential relationship with Defendants, rather they argue that the information shared with Maguire, which was covered by the NDA, does not meet their contrived definition of "confidential or privileged information." Plaintiffs further argue that the public interest weighs in their favor because, despite their consideration of a number of other experts who specialize in the relevant field, Maguire is the only expert in the United States that can meet their needs and thus the public interest necessarily weighs in their favor. Plaintiffs' argument fails on both points. This court should not allow Plaintiffs to employ an expert previously retained by Defendants for the same subject matter based on their flawed argument that he did not review the right kind of "confidential or privileged information." Moreover, the public interest clearly supports governments' ability to retain outside experts to engage in conscientious self-assessment and attempts at improvement without the threat of these experts being used as weapons against them on the very matters on which they were retained to work. No remedy short of disqualification is appropriate here, where the subject matter of the litigation so closely overlaps the subject matter of the deliberative process in which Maguire participated with Defendants.

**DISCUSSION**

I. **Maguire's Receipt of Confidential and Privileged Information by the Defendants and the Public Interest Requires His Disqualification in This Matter**

The standard under which courts in this Circuit consider expert disqualification is clear: "(1) was it objectively reasonable for the first party who retained the expert to conclude that a confidential relationship existed; (2) was any confidential or privileged information disclosed by the first party to the expert; and (3) does the public have an interest in allowing or not allowing the expert to testify." *Grioli v. Delta Int'l Mach. Corp.*, 395 F. Supp. 2d 11, 13-14 (E.D.N.Y. 2005). Courts may also inquire into "whether the confidential information revealed is relevant to the current litigation." *Auto-Kaps, LLC v. Clorox Co.*, No. 15-cv-1737 (BMC), 2016 U.S. Dist. LEXIS 37097, at * 7 (E.D.N.Y. Mar. 22, 2016).

Plaintiffs concede that the first prong – that Maguire had a confidential relationship with Defendants – is not in dispute. *See* Plaintiffs' Memo of Law, ECF No. 321 ("Plaintiffs' Memo") at 7. Instead, they dispute the second prong by erroneously attempting to insert an additional "prejudice" prong that is entirely unsupported by case law and by asking this Court to find that "confidential or privileged information" does not include information protected by the deliberative process privilege. In addition, plaintiffs dispute the final prong – the public interest prong – by discussing Maguire's qualifications. But plaintiffs are silent on the heart of the issue -- the public's interest in ensuring that local governments are able to conduct rigorous self-assessment free from a fear that their retained experts will later be used against them in court. As such, Plaintiffs' Opposition is unpersuasive and the Court should grant Defendants' motion.

### A. Maguire Received Confidential And Privileged Information Relevant to the Subject Matter of This Litigation

Plaintiffs in their Opposition attempts to muddy the second prong by narrowing the definition of confidential or privileged information and by adding the element of "prejudice" to the standard for disqualification that has not been recognized by any court in this Circuit. *See Grioli*, 395 F. Supp. 2d at 13-14. The analysis of this prong, however, is simple and is in favor of Defendants. This Court has already found that much of the information that the outside consultants, which includes Maguire, had access to is privileged under the deliberative process privilege. *See* Memorandum and Order of Judge Gorenstein, No. 20-cv-8924, September 24, 2021, Document 271 at 3. Plaintiffs arguments to the contrary are unpersuasive.

Plaintiffs, in arguing that information protected by the deliberative process privilege should not qualify as "privileged information" for the purposes of expert disqualification, point to *Raba v. Suozzi*, No 06-CV-1109, 2006 WL 8435604, 2006 U.S. Dist. LEXIS 92813 (E.D.N.Y. Nov. 17, 2006). However, *Raba* is distinguishable from the instant case on a number of grounds. First, the *Raba* court was addressing a motion to disqualify an *attorney*, rather than an expert. As such, much of the court's reasoning that disqualification "has an immediate adverse effect on the client by separating it from counsel of its choice" simply does not apply here. *Id.* at *18 (citation omitted). Second, the *Raba* court conducted a fact-specific inquiry, just as Defendants ask this Court to do here, and found that movants had not offered sufficient evidence that the attorney had actually received any specific confidential or privileged information. *Id.* at * 21-30. Here, Your Honor already found that much of the information that the outside consultants, which includes Maguire, had access to is privileged under the deliberative process privilege. *See* Memorandum and Order of Judge Gorenstein, No. 20-cv-8924, September 24, 2021, Document 271 at 3. Finally, the *Raba* court found arguments

3

regarding the deliberative process privilege to be "boot-strapping analysis" and generally noted that the privilege was qualified and did not apply when the agency's deliberations are actually at issue in the case. *Id.* at 64-66. Here, the Corporation Counsel Report and deliberations about it are not actually at issue in this case – rather the State seeks to capitalize on the Review Team's analysis of the events that were the subject of both the review and of Plaintiffs' claims by retaining an expert who was privy to privileged conversations and to use that expert against Defendants in this litigation.

As discussed in Defendants' original memorandum of law, the deliberative process privilege "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front-page news, and its object is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001) (internal citations omitted). While it is true that the privilege "may be inapplicable where the agency's deliberations are among the central issues in the case," *Natural Resources Defense Council, Inc. v. Fox*, No. 94-CV-8424, 1998 U.S. Dist. LEXIS 4575, 1998 WL 158671, at *5 (S.D.N.Y. Apr. 6, 1998); *see also ACORN v. Cnty. of Nassau*, No. 05-CV-2301, 2008 WL 708551, at *4 (E.D.N.Y. Mar. 14, 2008), Plaintiffs' Memo at 12, the Review Team's deliberations themselves are not at issue in this case, and Plaintiffs have not raised any other reason that the deliberative process privilege should not apply to the documents that Maguire reviewed during his engagement. Maguire participated in a government review and assisted in preparing a report and recommendations regarding the very events for which the State now seeks to have him offer testimony. *See* Decl. of Gavin B. Mackie (Mackie Decl.) at ¶ 3,7, 12-14.

4

Next, Plaintiffs attempt to narrow the definition of confidential or privileged information to a degree that this Court should not countenance. Pointing largely to cases dealing with attorney-disqualification, Plaintiffs argue that confidential information should be considered a term of art relating only to attorney-client communications, attorney work product, and certain trade secrets. Plaintiffs' Memo at 7-10. While it is true that many cases that courts in this Circuit have had the opportunity to address have related to these areas, no court has suggested that these are the only possible kinds of confidential or privileged information that qualifies for protection.

Indeed, none of the cases Plaintiffs cite suggest that attorney-client communications, attorney work product, and certain trade secrets are the only potential categories of confidential or privileged information. Rather, the cases demonstrate an individualized, fact-based inquiry into the kind of information the expert received and its relevance to the case at hand. Here, such an individualized inquiry reveals that Maguire received the type of confidential and privileged information that supports disqualification. Contrary to Plaintiffs' suggestion that Maguire merely contributed a checklist based on his prior knowledge, Plaintiffs' Memo at 3, 9, he in fact "participated in the Review Team's internal deliberations and conversations at every step of the analysis," Mackie Decl. ¶ 12, and he "participated in discussions regarding the scope of the review and the strategies that the Review team would pursue" as well as "shap[ing] document requests" and "assist[ing] in developing framing questions." *Id.* "Maguire also had access to and provided feedback on memoranda developed by the Review Team … all of which were produced as part of the process of developing policy recommendations." *Id.* at ¶ 13.

Finally, Plaintiffs improperly attempt to add an additional element of "prejudice" to the standard for disqualification that has not been recognized by any court in this Circuit. *See*

5

*Grioli*, 395 F. Supp. 2d at 13-14. To the extent that these courts discuss the idea of prejudice, they do so either in the context of stating that actual disclosure of confidential information is not necessary because the risk of possible exposure creates a prejudice, *see Id.* (noting that disqualification "is not to provide a remedy or punishment for a confidential disclosure, but to prevent the risk of prejudice from possible disclosure") (citation omitted), or in assessing whether disqualification of an expert would prejudice the non-moving party (because the expert has some specialized skill or the timing is too late), s*ee, e.g., Pellerin v. Honeywell Int'l Inc.,* 2012 U.S. Dist. LEXIS 3781, at *9 (S.D. Cal. January 12, 2012) (noting that the non-movant "has not shown how it would be prejudiced by losing" its chosen expert). Plaintiffs attempt to insert an additional element of prejudice into this test that is not required by courts in this Circuit should be rejected.

### B. Public Interest Favors Disqualifying Maguire

The public interest also strongly favors disqualification of Maguire as a witness in this matter. Despite Plaintiffs' attempts to highlight Maguire's resume as grounds to deny disqualification, they have not demonstrated that there is no other expert or combination of experts they could retain to prove their claims at trial, nor have they offered any evidence that disqualification in this case would deprive Maguire of his professional calling. *See Auto-Kaps,* 2016 U.S. Dist. LEXIS 37097 at *14. Moreover, any public interest in a litigants' ability to retain the expert of their choice is heavily outweighed by the public's interest in promoting conscientious self-assessment and attempts at improvement in local municipal government agencies.

In arguing that public policy favors their position, Plaintiffs repeatedly emphasize Maguire's qualifications. But no one doubts that Maguire is an expert in the fields of crowd

6

dynamics and policing – indeed that is why he was retained as an expert consultant by the Corporation Counsel. Plaintiffs have not proven, however, that there are no other experts who could serve a similar role. Instead, Plaintiffs have asserted that Maguire is their *preferred* expert. Plaintiff's Memo at 15-16. Plaintiffs themselves have said that there were at least thirteen other experts they considered to work on this matter, Plaintiff's Memo at 4, and Maguire could undoubtedly recommend other scholars with similar academic backgrounds that Plaintiffs could consult about these matters.

In any event, Maguire's disqualification is clearly in the public interest in this matter. The public interest is best served when public institutions take it upon themselves to diligently assess their performance and adjust to any actual or perceived shortcomings. To be most effective, such self-assessment often requires the input of independent third party experts, who can offer insight from their particular field of expertise that would otherwise not be available to public servants as well as an outside perspective. A holding that these experts could later be subpoenaed or retained as an expert in litigation regarding the very subject matter that they were hired to analyze would only serve to deter governments and other public entities from conducting any such review in the first place, or from being fully transparent and forthcoming with their retained expert. At the very least, it would dissuade such entities from consulting top experts in the relevant field and would force them to rely on internal guidance in any review they did chance to undertake; a harm that would extend well beyond this case. Such a prospect is clearly contrary to the public's interest in good government.

**II.     Disqualification Is the Appropriate Remedy**

Plaintiffs argue that, should the Court find that Defendants have established that Maguire received confidential information that should be protected, nevertheless the Court

7

should not disqualify Maguire but should impose some lesser remedy. No lesser remedy is appropriate here, where the subject matter of Maguire's engagement with Defendants so closely overlaps with Plaintiffs' claims.

Plaintiffs suggest that the Court might impose a protective order or some limiting instructions to prevent the disclosure of confidential information. But such a solution is completely divorced from the reasons for disqualification. "Disqualification is designed to protect the integrity of the judicial process by ensuring that experts to do not use, even unwittingly, confidential information that they learned from a party in the court of an earlier engagement against that party in a later lawsuit." *Local 3621, Ems Officers Union v. City of New York*, 2021 U.S. Dist. LEXIS 104810 *10 (S.D.N.Y. 2021), *aff'd*, 2021 U.S. Dist LEXIS 126420 (S.D.N.Y. 2021) (citation omitted). "The inquiry is not into what confidential information the expert has disclosed, but what was disclosed to him." *Auto-Kaps*, 2016 U.S. Dist LEXIS 37097 at *9. Defendants' concern here is not that Maguire will share some piece of technical information or trade secret in his testimony, but that his entire report and testimony is necessarily influenced by the discussions he was part of and internal memos and drafts that he reviewed during his engagement with the Review Team. *See Pellerin v. Honeywell Int'l Inc., 2012 U.S. Dist. LEXIS 3781 at* *9 (rejecting the idea that an expert could ignore what he learned from the moving party and noting the "substantial risk he may inadvertently use confidential information" because "the human brain does not compartmentalize information in that manner").

Moreover, the cases cited by Plaintiffs in support of their request are all plainly distinguishable from the issue at hand. *Agron v. Trustees of Columbia University in the City of New York*, 174 F.R.D. 445 (S.D.N.Y. 1997), for example, approved limiting instructions not to discuss prior retention by the plaintiff where the only concern the movant raised was that a jury

may be prejudiced by hearing such testimony. Similarly, the Court in *In re Namenda Direct Purchaser Antitrust Litigation*, 2017 U.S. Dist LEXIS 113356, at *20-23 (S.D.N.Y July 20, 2017) suggested that a motion *in limine* may be more appropriate than a motion to disqualify where the movant failed to point to any confidential information that was shared with the expert. Finally, *Wang Laboratories, Inc. v. CFR Associates, Inc.*, 125 F.R.D. 10 (D. Mass 1989) and *Space Systems/Loral v. Martin Marietta Corp.*, 1995 U.S. Dist. LEXIS 22305 (N.D. Cal. November 15, 1995) both applied different legal standards than that at issue here, and both included individualized fact finding indicating that full disqualification was not appropriate under the applicable legal test. This Court should heed the warning that experts cannot compartmentalize information in such a way as to ignore what they learned in their privileged communications, s*ee Pellerin*, 2012 U.S. Dist. LEXIS 3781 at *9, and should reject Plaintiffs' request to allow Maguire's testimony with some limiting instruction. Disqualification of Maguire is the only appropriate remedy here.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion to disqualify Maguire as an expert witness.

Dated: New York, New York
December 3, 2021

GEORGIA M. PESTANA
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street,
New York, New York 10007
(212) 356-2648
By: *Jenny Weng*   /s
      Jenny Weng
      *Senior Counsel*