

| | THE CITY OF NEW YORK | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **DARA L. WEISS**<br>*Senior Counsel*<br>daweiss@law.nyc.gov<br>Phone: (212) 356-3517<br>Fax: (212) 356-1148 |

**By ECF**  December 6, 2021

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re:  *New York City Policing During Summer 2020 Demonstrations*,
              No. 20 Civ. 8924 (CM) (GWG)

Your Honor:

      I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York and I am among counsel for the defense in the above-referenced matter. I write in accordance with Rule 2.A of the Court's Individual Practices to respectfully oppose plaintiffs' December 1, 2021 letter motion pursuant to Local Civil Rule 37.2.

      On November 18, 2021, counsel for Plaintiffs emailed the undersigned setting forth a number of issues, and attaching a proposed letter to Your Honor which they intended to file if the issues could not be resolved.  Rather than spending time on what would likely be a lengthy meet-and-confer, the undersigned simply wrote an email responding to each of the issues.  Apparently, Plaintiffs were satisfied with Defendants' responses to each of the issues, except the one Plaintiffs write about now.  Defendants did not fail to respond to Plaintiffs' suggestion of a meet and confer, they simply responded to Plaintiffs' concerns in writing.

      As for the substance of Plaintiffs' motion, Defendants, at no time when discussing the contents of the September 28, 2021 status letter with Plaintiffs, intended to provide deposition dates for "higher ranking" NYPD and City employees.  Defendants maintain that they agreed to provide dates for the depositions of the "line officers" or lower-level officers who had already been noticed and scheduled, and for one reason or another, their depositions had not gone forward.  First and foremost, Plaintiffs, in essence, withdrew their notices for the higher-ranking individuals as they were awaiting further discovery, including, but not limited to, the email discovery which Defendants are currently in the process of producing.  In fact, Plaintiffs advised the Court that they would not be able to go forward with the depositions of higher-ranking individuals until after they received the emails and had an opportunity to review them.   Defendants maintain that it would make little sense to give dates for these depositions at this point, when Plaintiffs were insistent that they have much work to do before they are ready to actually conduct these depositions.

Additionally, Defendants take issue with Plaintiffs' assertion regarding scheduling "'the depositions of higher-level key deponents' well in advance to avoid delay and disruption." Due to the very nature of the responsibilities of these higher-level proposed deponents, the fact that they may have a free day on their calendar now for early next year is no guarantee that the day will remain free as we approach that date. Most of the proposed deponents are in roles where avoiding last-minute scheduling conflicts is dependent on the needs of the City and of the immediate geographic areas of their command at that moment. Plaintiffs quote an earlier letter stating the purpose of the deadline was "to avoid the prospect of last-minute scheduling conflicts disrupting the depositions of higher-level key deponents in the months that follow or further delaying the completion of discovery." The possibility of last-minute issues always exists, and such advance scheduling while possible, is unlikely to actually lead to a deposition on the scheduled day. Scheduling closer to the actual deposition date will result in a higher probability of the deposition going forward as planned.

On the topic of depositions of NYPD and City witnesses, Plaintiffs have noticed approximately 73 depositions so far in these consolidated cases. This does not include any depositions which the Plaintiffs in the newly-consolidated actions, *Gray* and *Hernandez*, may seek to conduct. As discussed earlier in this litigation, Defendants maintain that with respect to the original 6 consolidated cases (*State of NY, Payne, Sow, Sierra, Wood* and *Yates*), the Plaintiffs should be permitted to take a total of 60 depositions, or the 10 per case as contemplated by Fed. R. Civ. Pro Rule 30(a)(2)(A)(i), plus a "few more" based upon the complexity of these cases. The six original cases have reached, and in fact exceeded, their limitation of 10 depositions per case. In addition, Plaintiffs have served three notices for 30(b)(6) depositions, five witnesses have already been named, and we anticipate designating additional witnesses once the specifics of the notices have been worked out. As such, since the deposition limit has been reached, we expect that Plaintiffs will not be noticing any additional depositions.

Finally, Defendants would like to advise the Court that the parties have begun discussing a structure for settlement negotiations and are in the early phases of considering potential mediators. In light of the Court's involvement in this matter, Defendants are amendable to involving Your Honor in discussing resolution in the first instance.

Based upon the forgoing, Defendants respectfully request that Plaintiffs' motion be denied in its entirety and that Defendants be permitted to propose deposition dates for the higher-ranking NYPD and City witnesses closer in time to the dates they will be deposed.

Thank you for your consideration herein.

Respectfully submitted,

*Dara L. Weiss s/*

Dara Weiss
Senior Counsel
Special Federal Litigation Division

cc:   ALL COUNSEL (via ECF only)