# Rickner PLLC

Rob Rickner | rob@ricknerpllc.com

December 8, 2021

**Via ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York

      Re:      *In re: New York City Policing During Summer 2020 Demonstrations,*
               *No. 20-CV-8924*
               *This Filing is Related to All Cases*

Dear Judge Gorenstein:

We write on behalf of counsel for all Plaintiffs in these consolidated actions to ask that this Court hold a Conference under Rule 37.2 and take all necessary steps to ensure that the Defendants comply with the Order requiring production of aviation footage.

    **I.**    **Defendants Fail to Produce Aviation Unit Video, Plaintiffs Move to Compel, and the Court Orders Production.**

On September 29, 2021, Plaintiffs moved to compel the Defendants to produce footage from the NYPD's Aviation Unit. *See* Dkt. No. 277. There were helicopters, equipped with powerful cameras, that recorded the protests from the sky—a unique view that is not captured by any other cameras. In their motion, Plaintiffs explained that these videos were vital evidence for all the protests: "This footage is critical, particularly for the claims regarding the Mott Haven protest, as well as at other large protests where the NYPD engaged in kettling." *Id.* at 5. This video should have been produced by July 31, 2021—the Defendants' own self-imposed deadline to finish the production.

Defendants did not oppose the motion. Instead, they told the Court that: "To the extent that any responsive materials have yet to be produced, defendants are working with NYPD to obtain and produce those materials," and then clarified in a footnote, "This includes the requested footage from NYPD's Aviation Unit." *See* Dkt No. 283.

At the subsequent October 19, 2021 Conference, the Defendants admitted that the Aviation Unit footage was easy to produce. "The aviation footage does not have to be reviewed, and it's with the vendor as we speak getting ready for a production." *See* Exhibit A (October 19 Transcript) at 21:15-17. Plaintiffs pressed for a hard deadline for this production, and this Court Ordered the production by October 26, 2021:

> MR. RICKNER: Understood, Your Honor. And can we get a deadline for the time for which the City will produce the aviation footage that it is producing?
>
> THE COURT: Ms. Weiss.
>
> MS. WEISS: It will be, it should be ready the end of this week, but just in case there's a technical issue, if we could have one week from today.

> THE COURT: Okay, have it produced as soon as you have it, but in any event no matter than October 26 unless the parties agree otherwise.

Exhibit A at 35:11-20.

## II. Defendants Violate the Court's Order.

On October 21, 2021, the Defendants produced a single video. Plaintiffs asked to meet and confer, given that it was implausible to think that Defendants only preserved one Aviation Unit video. At that meet and confer, on November 3, 2021, Defendants readily admitted that there was a substantial number of additional Aviation Unit videos that had not been produced. Plaintiffs never agreed to any extension to the deadline to produce these videos, and Defendants never moved the Court for additional time to comply with the Order.

The only conclusion is that the Defendants violated this Court's Order. They represented that the Aviation Unit videos were "with the vendor as we speak getting ready for a production" and yet they produced almost nothing. Exhibit A at 21:16-17.

After another one of Plaintiffs' discovery motions, on November 8, 2021, this Court reiterated the importance of following Court Orders: "[A] party must comply with deadlines for production or responses given during a Court conference unless a different deadline is stipulated in writing or obtained from the Court." Dkt. No. 317. Defendants ignored this Order as well.

## III. Defendants Admit They Never Planned on Complying with the Court's Order.

As of December 2, 2021, the Aviation Unit videos still had not been produced. Plaintiffs submitted a copy of this letter to Defendants, following the procedure outlined in the November 8, 2021 Order. The Defendants asked to meet and confer, and on December 6, 2021, Plaintiffs' counsel Rob Rickner, Wylie Stecklow, and Daniel Lambright spoke with Defendants' counsel Dara Weiss for roughly seven minutes.

During this brief meet and confer, Defendants stated that they did not know when the Aviation Unit video could be produced. For the first time, Defendants told Plaintiffs that all of the video was being held by Lower Manhattan Security Initiative ("LMSI"), an NYPD initiative overseen by the Counterterrorism Bureau. Defendants said that the NYPD had not accessed the data. And neither the NYPD nor LMSI had a hard drive they could use to copy the data. Defendants never disclosed this issue to the Court or Plaintiffs previously. Plaintiffs asked why they told the Court the video was ready for production, and Defendants said that they believed the Order was limited to aviation footage of the Mott Haven protest only, video the Law Department already happened to have in its possession.

On December 7, 2021, the Defendants emailed with additional information, responding to questions that arose during the meet and confer. Apparently the NYPD liaison—someone from the NYPD's legal department who searches for and then provides material to the Law Department for production—asked LMSI for the video on July 27, 2021, October 7, 2021, and October 18, 2021. The NYPD liaison has only recently gained direct access to the video, but they do not have a 4

terabyte hard drive to copy it, and as of now, they cannot commit to a firm deadline when they will produce the video.

### IV. Aviation Unit Video Should Be Produced Immediately and Defendants Should be Sanctioned.

Defendants' position is indefensible. Plaintiffs asked for all the Aviation Unit video for every one of the protests at issue: "For each Protest listed on the attached Schedule A, provide the following Documents: … h) All videos, including … Aviation Unit videos." *See* Exhibit B, Req. No. 8. In a September 10, 2021 letter to Defendants outlining their production deficiencies, Plaintiffs specifically highlighted the missing Aviation Unit video for all protests. *See* Exhibit C. at 5. And Plaintiffs attached both the document requests and deficiency letter to their September 29, 2021 letter motion demanding production of the Aviation Unit video. *See* Dkt. No. 277-4 & 277-9. At oral argument, Plaintiffs stated that they were worried about Aviation Unit video being spoliated from "May or June." *See* Exhibit A at 33:8. No reasonably attorney could believe that this discussion, and the subsequent Order, was limited to a single video from Mott Haven.

Further, if Defendants really did only plan on producing one video from Mott Haven, they should have told the Court that this was all they could produce and that all the rest of the video had not yet been collected. "All attorneys conducting discovery owe the court a heightened duty of candor." *Jianjun Chen v. 2425 Broadway Chao Rest., LLC*, 331 F.R.D. 568, 571 (S.D.N.Y. 2019) (quotation omitted). Defendants cannot withhold material information that obviously would have been vital to the discussion and the Court's ruling.

Worse, Defendants now admit that the NYPD liaison did not even request the Aviation Unit video internally until July 27th, four days before they promised to produce it initially. They admit that the NYPD liaison did not follow up until Plaintiffs made their initial motion to compel production of the video. And they admit that after the last conference, the NYPD liaison did not follow up with LMSI again, after the Court Ordered the prompt production.

Unfortunately, this dispute over the Aviation Unit video is indicative of the Defendants' conduct throughout discovery. The Law Department is not actually handling the nuts and bolts of discovery, the NYPD liaison from their legal department is. Thus, the Law Department typically cannot answer basic questions in meet and confers, because they are not actually collecting the documents and video for production, and are otherwise unprepared. They promise to provide answers to questions that arise in meet and confers later, but those answers take weeks, months, or never come at all until Plaintiffs threaten (or actually file) motions. Defendants also regularly miss deadlines without asking for an extension. And Defendants make it very difficult to rely on what they say, because often they are not fully answering the questions posed or are providing inaccurate information. This cannot continue.

Consequently, Defendants should be Ordered to produce the Aviation Unit videos, in their entirety, within 72 hours. Defendants admit that no review is necessary, and Plaintiffs will accept the files in native format.

Further, Defendants should be sanctioned for their baffling failure to follow this Court's Order and for misleading Plaintiffs and the Court. Defendants said, in open court, that the videos were with the vendor and nearly ready for production, when in fact they only had one video ready and had not

Rickner PLLC

even collected all the rest. *See John v. City of New York*, No. 11-CV-5610-RPP, 2012 WL 2719154, at *7 (S.D.N.Y. July 9, 2012) (sanctioning the City of New York and Dara Weiss individually for evasive conduct in discovery, for failing to timely produce relevant documents, and for failing to provide accurate information to the court).

We thank the Court for considering these issues.

Respectfully,

/s/

Rob Rickner