

| GEORGIA M. PESTANA<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | DARA L. WEISS<br>*Senior Counsel*<br>daweiss@law.nyc.gov<br>Phone:  (212) 356-3517<br>Fax:  (212) 356-1148 |
|---|---|---|

**By ECF**  December 10, 2021

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re:  *New York City Policing During Summer 2020 Demonstrations*,
              No. 20 Civ. 8924 (CM) (GWG)

Your Honor:

      I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York and I am among counsel for the defense in the above-referenced matter. I write in accordance with Rule 2.A of the Court's Individual Practices to respectfully oppose plaintiffs' bad-faith December 8, 2021 letter motion pursuant to Local Civil Rule 37.2.

      On December 6, 2021, a meet and confer was conducted, led by Rob Rickner and Wiley Stecklow for the plaintiffs[1].  At that meet-and-confer, the production of footage from NYPD's aviation unit was discussed.  Counsel for the plaintiffs brought up, in an accusatory manner, the fact that the undersigned informed the Court at a conference that aviation footage was "with the vendor" and nearly ready to be produced.  Counsel conveniently forgot that once that footage was produced, and they noted that it was only footage from the Mott Haven protest, defendants advised them that it was our understanding that it was in fact only the Mott Haven footage that was at issue at the time of the conference.  Since they were, at the time of that conversation, advising us that they had a different understanding of what footage was to be produced, defendants agreed that they would work on obtaining aviation footage from every other protest where it existed.  At the December 6th meet-and-confer, plaintiffs seemed surprised when the undersigned reminded them that there had been prior discussions on the production of the Mott Haven footage only, and alleged that it was never previously mentioned.  That is simply untrue.  The undersigned's notes from a November 3rd, 2021 meet-and-confer indicates this very issue was discussed.

      Nonetheless, during the December 6th meet and confer, plaintiffs' counsel asked three questions, all of which the undersigned promptly answered after conferring with NYPD liaisons.

---

[1] Plaintiffs seem to be stressing that the meet-and-confer was brief, as if that means it was ineffective or problematic. The meet-and-confer was refreshingly brief simply because there was very little that needed to be discussed, and few disagreements to be resolved.

We advised plaintiffs' counsel that our liaison was now able to access the aviation videos, which they first requested in July, 2021, and that in order to download them for production, they would need at least a 4-terabyte hard drive. The videos were maintained on a certain type of system which does not allow for easy access, and once technological issues were worked out, they finally became accessible. The videos, which are comprised of extremely high-resolution images, contain huge amounts of data that are not easily prepared and copied. Defendants are currently in the process of attempting to obtain a hard drive that is large enough to be able to hold the data, so defendants can produce it to plaintiffs. Defendants at no time indicated that they were not going to produce the video, but admittedly could not give a definite time frame when it would be produced, because of the technology issues the production presents. Instead of engaging in further discussions regarding a possible timeline for production, plaintiffs wrote to the Court.

Neither defendants nor the undersigned at any time intentionally misled the Court or plaintiffs. During the October 19, 2021 conference cited to by Mr. Ricker in his letter, the undersigned committed to producing the aviation footage that was available, the footage from the Mott Haven protest which is the protest at issue in the *Sierra* case, in which Mr. Ricker is one of the attorneys of record. Defendants understood that the aviation video they were required to produce was the Mott Haven footage only, and they in fact did so in compliance with the Court's direction. Now, defendants intend to produce aviation footage from other protests, as soon as it is possible technologically.

There was no reason for plaintiffs to have filed their December 8, 2021 letter, and certainly no good cause for sanctions to be requested (yet again), much less imposed. It is unfortunate that Mr. Rickner has repeatedly engaged in personal attacks and bad faith actions, now by citing a more than decade-old sanctions order, and doing so completely out of context, with a wholly incorrect parenthetical. Defendants have consistently demonstrated good faith through the entirety of this litigation, yet are met by plaintiffs with bullying tactics and make-work tasks in what amounts to little more than opportunities for plaintiffs' counsel to add billable hours to their timesheets. And, knowing these cases are followed closely by the media, Mr. Rickner adds inappropriate comments in his pursuit of personal self-aggrandizement he hopes will embarrass defense counsel.

Based upon the forgoing, Defendants respectfully request that Plaintiffs' motion be denied in its entirety and that Defendants be permitted to produce the requested aviation videos as soon as their available technology allows them to do so.

Thank you for your consideration herein.

Respectfully submitted,

*Dara L. Weiss s/*

Dara Weiss
Senior Counsel
Special Federal Litigation Division

cc:   ALL COUNSEL (via ECF only)