

January 3, 2022

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

> Re: **In re: New York City Policing During Summer 2020 Demonstrations, 1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases**

Dear Judge Gorenstein:

I write on behalf of the Plaintiffs in the consolidated case above. Plaintiffs seek a discovery conference on Defendants' deficient objections and responses to Plaintiffs' second consolidated requests for production of documents, which Plaintiffs served on Defendants five months ago. (attached as **Exhibit 1**).

Plaintiffs have repeatedly attempted to engage Defendants about these deficiencies for months. In the first exchange on this, Defendants committed to amending their responses by *September 24*. That never happened. After receiving Defendants' initial responses and objections several weeks after their deadline, the parties met and conferred on by phone, on September 30, 2021, for about 9 minutes.[1] Following that, Defendants ignored the many emails[2] I sent asking to confer on this and when I have separately pressed for updates at conferrals on other topics, Defendants' counsel refused to provide any substantive updates stating she was "not the attorney working on that." Defendants also missed some three or four self-imposed deadlines — with no email, request for extension, or production. With that history of Defendants' failures to confer in good faith, on December 7, after Plaintiffs followed the procedure set out in ECF 317, Defendants' counsel agreed to serve revised objections and responses, along with responsive documents and a privilege log by December 30. But instead, Defendants provided minimally (and not substantively) amended objections (attached as **Exhibit 2**, with a redline showing just how minimal the changes were as **Exhibit 3**), and provided neither documents nor a privilege log.

Plaintiffs now seek a conference with the Court to address the numerous deficiencies in Defendants' responses that remain outstanding.

First, Defendants' supplemental objections and responses fail to address the deficiencies Plaintiffs raised months earlier. After receiving the initial responses, Plaintiffs immediately began attempting

---

[1] At this meeting were myself and Elissa Jacobs. *But see* ECF No. 296.
[2] Defendants did not respond to requests sent on September 26, September 30, October 13, and October 15, and have not followed up after their representation to the Court that all outstanding requests for meet and confer were being scheduled.



to follow up because the responses produced failed to comply with the 2015 amendments: not a single response stated whether documents are being withheld, and if so, based on **which specific objections**. This is remarkable because the parties have already litigated this issue in this case[3] — and the Court has already spoken on this. *See, e.g.,* 2021-6-15 Tr. at 6:4-8 (If [Defendants] thinks some [requests] are burdensome, overbroad, various other objections, [they] certainly [are] going to have to make clear under the amendments to the rules whether [they're] withholding anything under these objections.") (attached as **Exhibit 4**). As the Court cautioned then, "I'm assuming compliance with all rules and we'll take it from there if it doesn't happen." *Id.* at 27:12-14.

Second, Defendants understand that they are required to actually produce documents and a privilege log, but they have failed to do so. Their amended responses state that certain unspecified documents have already been produced, but fail to state in which production(s) these documents purportedly reside — or whether there are *other* documents Defendants *are* withholding.

These deficiencies persist despite Plaintiffs putting Defendants on clear notice as to each of them. On Monday, December 3, I provided Defendants with a copy of this letter (with the verbatim criticisms included below) as the Court directed in ECF 317 and gave them 24 hours to respond. Defendants were unable to meet in the timeframe provided, but ultimately committed to providing "responses that comport with the 2015 amendments (e.g., that state whether objections are the basis for withholding, that state what you're giving us, that actually explain any claims of burden with specificity); a complete production of documents; and a privilege log" — and confirmed they "understand that if they miss this deadline, and do not have those documents to Plaintiffs by the time higher-level depositions start, Plaintiffs will be calling those witnesses back." **Exhibit 5** at 1-3. But then Defendants sent a set of minimal revisions — that do not comport with the 2015 Amendments, and left untouched *most* of the responses specifically critiqued in the draft letter (to say nothing of the others). *See generally*, Ex. 3.

On the substance of the responses — which Defendants have refused to meet about —- the current responses are facially deficient in too many ways to detail in five pages. *Cf.* ECF No. 163-4 (setting out, in 32 single-spaced pages, what was missing from Defendants' similar, initial responses to Plaintiffs' First Requests). And that only accounts for **known** unknowns — the nature of discovery (and *purpose* of the 2015 Amendments) is that Defendants are the only ones who know whether documents exist that are responsive to certain kinds of requests, so Plaintiffs would have no way of knowing whether in saying (for example) "Defendant refer plaintiffs to documents already produced, and publicly available media sources" (Ex. 1/2, Req. 53), Defendants are saying that **no** documents exist beyond what has already been produced. Or that they believe it is too burdensome for them to find out (without making that objection). And that says nothing of how it is impossible to evaluate a claim of (for example) burden without Defendants actually describing the burden. *See, e.g.* Req. 76.

---

[3] Given this, Plaintiffs do not raise the specific issues with the objections in the document — but many make little sense in the context of Federal discovery. For example, in 19 instances, Defendants "refer plaintiffs to … publicly available media sources" without specifying the source, why it is reliable, or explaining why that source is being referred to instead of documents that would obviously be in the City or NYPD's control.



With that said, Plaintiffs offer the following examples as illustrative of the apparent-from-the-face-of-it-type substantive deficiencies in the responses (changes in amended responses in bold):

**Document Request 56:**  Produce all documents concerning the City of New York's contention that, "police seized hammers, lighter fluid, gas masks, and fireworks from protesters headed to the Mott Haven protests on June 4, 2020," as stated on page 6 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106).
**Response:**  Defendants object to this request as vague and overbroad. Defendant[s] refer plaintiffs to documents already produced, and publicly available media sources, and the NYPD and City of New York's public websites.[4] **Defendants also note that additional documents will be furnished in the electronic discovery that will be provided.**
>    **Explanation:**  The NYPD, if it did in fact seize the items described, would generate all kinds of relevant paperwork — including documents containing non-public information about the incidents at issue.  Defendants have not produced such paperwork or any other type of evidence/chain of custody documentation.  Thus, the response is inadequate — and appears to not reflect any serious attempt to figure out what documents exist that are responsive to the request.

**Document Request 86:**  Produce any and all documents concerning policy or practice changes, changes in training, or FINEST messages that were in some way a response to the settlement of the RNC cases, including but not limited to *MacNamara, et al., v. City of New York, et al.*, 04 Civ. 9216 (KMK)(JCF) (S.D.N.Y.).
**Response:**  Defendants object to Document Request No. 86 on the grounds that it is not a proper request as it does not state with particularity the documents being requested. […[5]] Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents and materials outweigh any likely benefit to plaintiffs.
>    **Explanation:**  Defendants have wholesale refused to search for or produce directly relevant documents to Plaintiffs' *Monell* claims. As the Court has already explained, if there was no discipline after the RNC and related proceedings, that would "give rise to an inference that Defendants ratified the actions taken by the NYPD by publicly praising, failing to discipline, and, at times, even rewarding officers for their conduct."  *In re N.Y.C. Policing During Summer 2020 Demonstrations*, No. 20-cv-8924 (CM)(GWG), 2021 U.S. Dist. LEXIS 128437, at *41 (S.D.N.Y. July 9, 2021).  Thus, exactly *how* any changes to policy — if any took place — were communicated to NYPD officers after the RNC cases is vital to this case.  But Defendants' response does not indicate whether documents exist, and if so, whether those documents are being withheld.  The objections themselves — without any detail at all about purported burden — do not excuse Defendants from responding.  And the *Simms* objection makes no sense at all in the shadow of the Court's motion to dismiss decision.

**Document Request 90**:  Produce all documents concerning the alleged stabbing of an NYPD officer at the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A), including but not

---

[4] This response, nearly verbatim, appears about 20 times in the responses.
[5] Some generic objections and privilege claims without a log omitted for space.



Page 3 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



limited to videos depicting such an act, records concerning medical treatment for the injury, documents concerning the weapon that was used, and the identity of the perpetrator and any arrest or prosecution documents.
**Response:**  Defendants object to this request as vague and overbroad. Defendant refer plaintiffs to documents already produced, and publicly available media sources **and emails to be produced. Personal medical information on a non-party officer will not be produced**.
   **Explanation:**  The simple public availability of relevant documents does not excuse Defendants — who are the ones who made the relevant assertion — from showing its basis.  Or at a *bare* minimum, pointing to the "publicly available media sources" they are relying on.  That said, if an officer was actually stabbed, the seeming suggestion that Defendants have *no* records in their own control recording that fact borders on absurd and bad faith.

**Document Request 91:**  Produce all documents, including, but not limited to, NYPD and CCRB documents, and documents reflecting communications between the NYPD and CCRB, concerning the CCRB's "unprecedented challenges in investigating" complaints arising from the Protests, including, but not limited to, the CCRB's inability to identify "officers due to the failure to follow proper protocols, officers covering their names and shield, officers wearing protective equipment that did not belong to them, the lack of proper use of body worn cameras, as well as incomplete and severely delayed paperwork" (from CCRB 2020 Protest Data Snapshot -- June 21, 2021).
**Response:**  Defendants object to this request as vague and overbroad. Defendant refer plaintiffs to documents already produced.
   **Explanation**:  Defendants have not produced documents actually responsive to this request.  The request is in no way "vague" — or for that matter, "overbroad" — it identifies a specific claim made in a record produced by Defendants, and asks them for the basis of the claim.  A claim in an official record does not just spring into being.  This response seemingly reflects a decision by counsel to simply not ask questions of their client.

**Document Request 92:**  Produce all radio transmissions concerning the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A) in complete form, i.e., not a combined set of transmissions, but the complete transmission from each source point.
**Response:**  Defendants object to this request as vague, overbroad and unintelligible as to the meaning of "not a combined set of transmissions, but the complete transmission from each source point."
   **Explanation:**  Defendants are wrong that the request is unintelligible:  it seeks a single, complete audio record of radio transmissions (rather than individual, smaller clips).  But even to the extent it was somehow "unintelligible" in that regard, Defendants' response is to simply pretend *none* of the request was intelligible.  The objection stated provides no basis at all for Defendants to withhold radio transmissions — which they are apparently doing.

**Document Request 94:**  Produce all documents concerning all NYPD investigations into the conduct of Sergeant Edward Mullins concerning his distribution of a racist video clip in August 2019, and concerning the February 2021 CCRB substantiation of three complaints against him for offensive language and abuse of authority.
**Response:**  Defendants object to Document Request No. 94 on the grounds that it is overbroad because it seeks documents for "all" investigation, which may include incidents that have no bearing

Page 4 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



on the claims at issue. Defendants further object that it seeks documents that are not relevant insofar as any investigation is against a non-party officer. Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, et seq and an unsealing order has not been entered. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

> **Explanation**: There is no question that the matter sought — in a case that involves allegations of racially motivated misconduct, and a consistent, long-term strategy of failing to discipline officers for such conduct — is of core relevance. Whether the NYPD acted on the substantiation of these allegations by the CCRB is both relevant and a well defined subject for exploration in discovery. But Defendants do not even state *if* they are withholding documents — let alone what documents they are withholding. And the other generic objections seem to have very little to do with the actual records sought.[6]

Again, these objections are only intended to be illustrative of the approach Defendants have taken. But as the Court can see, they do not indicate whether documents are being produced or withheld. They often seem to have little to do with the requests made. And they do not **once** articulate an actual burden — let alone articulate it in an "affidavit or declaration" "from a responsible official within the agency who has personal knowledge of the principal matters." *King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1988) (citation omitted). In short, they look very much like something put together by an attorney without consulting with any client. And that is troubling.

Given all of this, along with the expedited docket and delay Plaintiffs have already faced on this, we ask that the Court direct Defendants to produce the documents requested within 10 business days of an order, and find all objections that do not state whether they are withholding documents or specify the nature of the objection (for example, explaining the burden) waived. *Fischer v. Forrest*, No. 14-CV-1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("From now on in cases before this Court, any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege)."). Finally, we ask that the Court order Defendants to schedule a meet and confer within 7 business days of serving amended responses, at which they must have someone knowledgeable about the searches they have conducted.[7]

---

[6] For example, Defendants reference the sealing statute. But there are no criminal charges (as far as Plaintiffs are aware) that were involved in the CCRB charges discussed.

[7] While Plaintiffs would like to meet and confer on the substance of the objections, doing so with the objections as they exist would be difficult because it is not at all clear what objections are the basis for withholding documents (especially since Defendants' counsel does not have the personal knowledge necessary to discuss the substance of document gathering, etc.).

COHEN&GREEN    Page 5 of 6

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



We thank the Court for its continued time and attention.

                                                Respectfully submitted,

                                                      /s/
                                              _____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

COHEN&GREEN    Page 6 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com