UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- x

In Re: New York City Policing

During Summer 2020 Demonstrations

_____

This filing is related to:

ALL CASES

-------------------------------------------------- x

**DEFENDANT(S') SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND CONSOLIDATED SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS**

20 Civ. 8924 (CM)(GWG)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant(s) respond and object to plaintiffs' Second Consolidated Set of Requests for Production of Documents to all Defendants as follows:

## GENERAL STATEMENT

1.   By responding to any request, defendant(s) do not concede the materiality of the subject to which it refers.  Defendant(s') responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.   Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendant(s') right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3.   With respect to the request for the production of documents, defendant(s) will provide, under separate cover, a privilege index, if appropriate.

## REQUESTS FOR DOCUMENTS

**DOCUMENT REQUEST NO. 45:**

Produce all the documents identified in Defendants' Initial Disclosures to the extent they have not been produced.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 45:**

Upon information and belief, all documents identified in Defendants' Initial Disclosures have been produced, to the extent they are not privileged or have not been objected to.

**DOCUMENT REQUEST NO. 46:**

Produce copies of all subpoenas Defendants served on any party, or any individual or entity, concerning this litigation.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 46:**

Defendants have not served any subpoenas concerning this litigation.

**DOCUMENT REQUEST NO. 47:**

Produce all documents received in response to any subpoenas served.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 47:**

See objections and response to Document Request No. 46.

**DOCUMENT REQUEST NO. 48:**

Produce any and all organizational chart(s) or other similar documents showing or explaining the organizational structure of the NYPD, including information providing identification of the leadership and the command structure of every component part or organizational unit within NYPD.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 48:**

Defendants object to this request as overbroad and irrelevant.  Defendants also object to this document request on the grounds that it seeks documents, such as the Patrol Guide, that are publicly available, and thus, equally available to plaintiffs. Defendants state command structure and leadership information can be found on the NYPD public website and in the NYPD Patrol Guide.

**DOCUMENT REQUEST NO. 49:**

Produce all documents concerning the City of New York's contention that, "[c]lose to 400 NYPD personnel were injured," at Protests as stated on page 1 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 49:**

Defendants object to this request as vague, overbroad and irrelevant.  Defendants further object that it seeks medical records of non-parties that are protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA") and for which defendants have not received suitable authorizations. Defendants further object that it seeks personal health information form non-parties.  Defendants further state that with permission of the individual NYPD personnel, such documents will be disclosed, to the extent not already produced in prior productions. Defendants further state that documents responsive to this request have been provided and refer plaintiffs to the documents already produced. Defendants also note that additional documents will be furnished in the electronic discovery that will be provided.

**DOCUMENT REQUEST NO. 50:**

Produce all documents concerning any NYPD officer who was injured at a Protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 50:**

See objections and response to Document Request No. 49.

**DOCUMENT REQUEST NO. 51:**

Produce all HIPAA releases for all medical providers that treated any NYPD officer who was injured at a Protest, including the 4 officers whose photos are on page 5 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 51:**

Defendants object as there is no requirement to produce HIPPA releases for non-parties.

**DOCUMENT REQUEST NO. 52:**

Produce all documents concerning the City of New York's contention that, "[p]rotestors set police cars ablaze; vandalized precinct houses; threw rocks, bricks, bottles at officers; stabbed, punched, bit officers; and hurled Molotov cocktails at officers," as stated on page 1 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 52:**

Defendants object to this request as vague and overbroad.  Defendant refer plaintiffs to documents already produced, and publicly available media sources. Defendants also note that additional documents will be furnished in the electronic discovery that will be provided.

**DOCUMENT REQUEST NO. 53:**

Produce all documents concerning any violence by participants of any Protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 53:**

Defendants object to this request as vague and overbroad.  Defendant refer plaintiffs to documents already produced, and publicly available media sources. Defendants also note that additional documents will be furnished in the electronic discovery that will be provided.

**DOCUMENT REQUEST NO. 54:**

        Produce all documents concerning the City of New York's contention that, "The City of New York already has committed to implementing numerous changes to the NYPD, recommended in the wake of these unprecedented protests, and is also finalizing a Reform and Reinvention Plan, required by the State of New York of all localities receiving state funds," as stated on page 1 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 54:**

        Defendants object to this request as vague and overbroad.  Defendant refer plaintiffs to documents already produced, and publicly available media sources, and the NYPD and City of New York's public websites.

**DOCUMENT REQUEST NO. 55:**

        Produce all documents concerning the City of New York's contention that, "there is no history of unlawful policing [by the NYPD] at protests" and "there is no history of unconstitutional policing at protests by NYPD," as stated on page 2 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 55:**

        Defendant refer plaintiffs to documents already produced, publicly available media sources, and the jury verdicts/settlements in lawsuits against the City of New York/ NYPD officers arising from Occupy Wall Street Protests, WEF Protests and Anti-War Protests.

**DOCUMENT REQUEST NO. 56:**

        Produce all documents concerning the City of New York's contention that, "police seized hammers, lighter fluid, gas masks, and fireworks from protesters headed to the Mott Haven

protests on June 4, 2020," as stated on page 6 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 56:**

Defendants object to this request as vague and overbroad.  Defendant refer plaintiffs to documents already produced, and publicly available media sources, and the NYPD and City of New York's public websites. Defendants also note that additional documents will be furnished in the electronic discovery that will be provided.

**DOCUMENT REQUEST NO. 57:**

Produce all documents concerning the City of New York's contention that, "[i]n response to the unprecedented protests and at the Governor's directive, the City of New York is revamping policing, including policing at protests," as stated on page 6 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 57:**

Defendants object to this request as vague and overbroad.  Defendant refer plaintiffs to documents already produced, and publicly available media sources, and the NYPD and City of New York's public websites.

**DOCUMENT REQUEST NO. 58:**

Produce all drafts of any "plans for reinventing the police," as stated on page 6 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106), submitted by the Mayor, and all documents concerning those drafts.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 58:**

Defendants object to this request to the extent it implicates materials that are subject to the deliberative process privilege.  Defendants further object to this request as vague and overbroad.  Defendant refer plaintiffs to documents already produced, and publicly available

- 6 -

media sources, and the NYPD and City of New York's public websites. Defendants additionally refer plaintiffs to the email discovery already provided from OTM, and further note that additional documents will be furnished in the electronic discovery that will be provided.

**DOCUMENT REQUEST NO. 59:**

Produce all documents concerning the City of New York's contention that it accepted "all 30 collective recommendations from both agencies" as stated on Page 7 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106), as well as documents concerning those recommendations.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 59:**

Defendants object to this request to the extent it implicates materials that are subject to the deliberative process privilege.  Defendants further object to this request as vague and overbroad.  Defendant refer plaintiffs to documents already produced, and publicly available media sources, and the NYPD, City of New York ,and  other public websites.

**DOCUMENT REQUEST NO. 60:**

Produce all documents concerning the City of New York's contention that it accepted "the City has implemented (and is considering implementing) a plethora of actions, including drafting a new policy concerning First Amendment rights at protests and disorder control tactics; assessing existing training to develop new content related to protest, de-escalation, and crowd psychology," as stated on Page 7 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106), as well as documents concerning those policies and trainings.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 60:**

Defendants object to this request to the extent it implicates materials that are subject to the deliberative process privilege.  Defendants further object to this request as vague and

overbroad.  Defendant refer plaintiffs to documents already produced, and publicly available media sources, and the NYPD, City of New York ,and  other public websites.

## DOCUMENT REQUEST NO. 61:

Produce all documents concerning the nature and structure of each of the below-listed databases and/or information systems, including, but not limited to, documents sufficient to identify the database(s) or other location(s) in which the underlying data housed in or accessible through each NYPD front-end system are stored, and including documents concerning: the information contained in each database and system; the fields in each database and system; the manner in which changes to the database/information system are logged; how audit logs are created and stored in the database and system; documentation of what information is stored in the database and system and how it is stored; all of the ways in which the database and system can be searched and queried; how information can be exported from the database and system; and any and all documents concerning training materials used in training users of the database or system.

a.  NYPD's Crime Database Warehouse (CDW) and any related database(s);

b.  NYPD's Domain Awareness System (DAS) and any related database(s);

c.  NYPD's Omniform System and any related database(s);

d.  NYPD's Real Time Crime Center (RTCC) and any related database(s);

e.  NYPD's Electronic Case Management System (ECMS) and any related database(s);

f.  NYPD's Property and Evidence Tracking System (PETS) and any related database(s);

g.  NYPD's Activity Log - Electronic memo book application and any related database(s);

h.  NYPD's Department iPhones and iPads;

i.  NYPD's Finest Online Records Management System (FORMS) and related database(s);

j.   NYPD's Automated Roll Call System (ARCS) and related database(s); and

k.   NYPD camera ESI storage systems and related database(s), including, but not limited to, such systems and databases related to Body Worn Cameras (BWC) footage; Technical Assistance and Response Unit (TARU) footage (including the TARU Job Tracker system); Aviation Unit footage; ARGUS closed circuit television (CCTV) systems; and NYPD facility camera footage (including Mass Arrest Processing Center (MAPC) footage).

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 61:

Defendants object to Document Request No. 61 on the grounds that it is not sufficiently limited in time because it does not specify a time frame; and it is overbroad insofar as it seeks information on databases that may not have been in effect on the dates in question. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents on the more than 11 listed (plus "related" databases") far outweighs any likely benefit to plaintiffs insofar as there are no claims in these lawsuits that the listed databases were the cause of plaintiffs' alleged damages.   Defendants further object that this request is irrelevant in that the databases listed have no relevance to the claims herein.  Defendants further object and rely on the arguments set forth in their September 8, 2021 letter.

## DOCUMENT REQUEST NO. 62:

Produce all documents concerning how Body Worn Camera video is collected and stored, including all documents concerning the protocols for preserving this video, the software used to house and/or manage this video, how this video is exported from the Body Worn Camera devices, and what audit trails and metadata are available regarding the Body Worn Camera devices and the video they create.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 62:**

Defendants object to Document Request No. 62 on the grounds that it is not sufficiently limited in time because it does not specify a time frame; and it is overbroad insofar as it seeks information on databases that may not have been in effect on the dates in question. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents far outweighs any likely benefit to plaintiffs insofar as there are no claims in these lawsuits that the listed databases were the cause of plaintiffs' alleged damages, or that there is a deficiency in the database. Defendants further object that this request is irrelevant in that the databases listed have no relevance to the claims herein.  Defendants further object and rely on the arguments set forth in their September 8, 2021 letter. Subject to, and without waiving or in any way limiting these objections, defendants state that the information requested in this request was provided during a meet and confer with Alison Arenson earlier this fall.

**DOCUMENT REQUEST NO. 63:**

Produce all documents concerning the applications available on, data stored on, and usage of the tablets and smartphones provided to individual members of the NYPD, including, but not limited to, training materials used in training tablet and smartphone users.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 63:**

Defendants object to Document Request No. 63 on the grounds that it is not sufficiently limited in time because it does not specify a time frame; and it is overbroad insofar as it seeks information on databases that may not have been in effect on the dates in question. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents far outweighs any likely benefit to plaintiffs insofar as there are no claims in these lawsuits that the listed

databases were the cause of plaintiffs' alleged damages, or that there is a deficiency in the database. Defendants further object that this request is irrelevant in that the databases listed have no relevance to the claims herein.  Defendants further object and rely on the arguments set forth in their September 8, 2021 letter. Subject to, and without waiving or limiting these objections, defendants refer plaintiffs to documents already produced.

**DOCUMENT REQUEST NO. 64:**

Produce all documents reflecting the deployment and use of video/photographic equipment in connection with each of the Protests that are required to be created under NYPD Patrol Guide 212-71 ("Guidelines for the Use of Video/Photographic Equipment by Operational Personnel at Demonstrations") and PG 212-72 ("Guidelines for Uniformed Members of the Service Conducting Investigations Regarding Political Activities"), including, but not limited to: the report required to be submitted to the NYPD's Legal Bureau according to ¶¶ 1-4 of PG 212-71 and all documents created as a result of or in response to it (such as Legal Bureau and Intelligence Division records reflecting compliance with the *Handschu v. Special Services Division* consent decree); the serially numbered log maintained by the NYPD's Technical Assistance Response Unit ("TARU") under ¶¶ 5-6 of PG 212-71 related to all TARU deployments on each date on which one of the Protests took place; TARU Job Reports from the TARU Job Tracker system, or other, similar documents, related to each use of video/photographic equipment related to one of the Protests; all records regarding requests made to obtain or review such recordings or photographs made in writing to the Deputy Commissioner, Legal Matters and whether such requests were granted; and all other documents required to be created under PG 212-71 that are in the possession of the NYPD's TARU, Legal Bureau, Chief of Department's Office, Operations Unit, and within each Bureau or Borough Command that requested the use of video or photographic equipment related to any Protest(s).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 64:**

Defendants object to Document Request No. 64 on the grounds that it is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents far outweighs any likely benefit to plaintiffs insofar as there are no claims in these lawsuits that the listed databases/documents were the cause of plaintiffs' alleged damages, or that there is a deficiency in the databases.   Defendants further object that this request is irrelevant in that the databases listed have no relevance to the claims herein.   Defendants additionally object insofar as any of the documents or portions of the documents sought are protected from disclosure by the law enforcement, attorney client or deliberative process privileges. Subject to and without waiving or limiting or limiting these objections, defendants refer plaintiffs to the documents already produced which include and, upon information and belief, constitute the entirety of, responsive and non-privileged TARU video and training materials in defendants' possession.

**DOCUMENT REQUEST NO. 65:**

Produce all documents concerning the NYPD's use of data analytics and predictive policing as it relates to the policing of protesting, including how this technology was used to respond to the Protests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 65:**

Defendants object to Document Request No. 65 on the grounds that it is overbroad because it seeks documents for protests in general, which may include incidents that have no bearing on the claims at issue; it is vague and ambiguous as to the meaning of "data analytics" and "predictive policing;" and that it assumes facts not in evidence. Subject to and without waiving or in any way limiting these objections, defendants state that, upon information and belief, there was

no NYPD use of "data analytics and predictive policing" to respond to the Protests and that

defendants are consequently not in possession of documents responsive to this request.  Defendants

additionally state that, to the extent "data analytics" is taken to mean reviews of open source social

media, defendants object on the grounds that such documents are publicly available, and thus,

equally available to plaintiffs.

**DOCUMENT REQUEST NO. 66:**

Produce all documents concerning the NYPD's Surveillance of participants of

Protests online and their online activities, including all Surveillance by the NYPD's Social Media

Analysis Research Team (SMART), Intelligence Division, or Counter-Terrorism Bureau.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 66:**

Defendants object to Document Request No. 66 on the grounds that it is irrelevant,

and it is overbroad because it seeks documents for protests in general, which may include incidents

that have no bearing on the claims at issue, and that it assumes facts not in evidence, as there is no

evidence that there was "surveillance" of participants of protests.  Defendants further object to the

extent it calls for documents subject to the law enforcement privilege. Subject to, and without

waiving or in any way limiting these objections, defendants state that any responsive documents

will be in email discovery, and to the extent they exist and are privileged, a privilege log will be

produced.

**DOCUMENT REQUEST NO. 67:**

Produce all documents concerning the use of facial recognition software on any

video or photographs of the Protests, including the Dataworks Plus software and any such work

by the NYPD's Facial Identification Center or Intelligence Division.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 67:**

Defendants object to Document Request No. 67 on the grounds that it is irrelevant, and it is overbroad because it seeks documents for protests in general, which may include incidents that have no bearing on the claims at issue, and that it assumes facts not in evidence.  Defendants further object to the extent it calls for documents subject to the law enforcement privilege. Subject to and without waiving or limiting these objections, defendants state that, upon info and belief, no such software was used.

**DOCUMENT REQUEST NO. 68:**

Produce all documents concerning any searches of cell phones obtained from participants at the Protests, including: any documents or logs that were created relating to the search; any documents identifying what happened to the data extracted from these cell phones and the location of where this data was stored; documents identifying how this data was cross-referenced with any other data in any other database.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 68:**

Defendants object to Document Request No. 68 on the grounds that it is irrelevant, and it is overbroad because it seeks documents for protests in general, which may include incidents that have no bearing on the claims at issue, and that it assumes facts not in evidence. Subject to and without waiving or limiting these objections, defendants state that,  upon info and belief,  such searches were not conducted.

. **DOCUMENT REQUEST NO. 69:**

Produce all documents concerning the use of Stingray devices, or any other device that monitors cell phones, at the Protests, as well as documents concerning any information obtained using one of these devices, identifying the location of where such information is stored, and describing how it is analyzed.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 69:**

Defendants object to Document Request No. 69 on the grounds that it is irrelevant, and it is overbroad because it seeks documents for protests in general, which may include incidents that have no bearing on the claims at issue, and that it assumes facts not in evidence.  Defendants further object to the extent it calls for documents subject to the law enforcement privilege. Subject to and without waiving or limiting these objections, defendants state that,  upon info and belief, such devices were not used.

**DOCUMENT REQUEST NO. 70:**

Produce all documents concerning the Mayor's contention that "what happened in Mott Haven . . . is something that the NYPD saw coming," including all documents concerning the Surveillance preceding the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A) and all documents concerning any decision regarding the use of force at that Protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 70:**

Defendants object to Document Request No. 70 on the grounds that it is irrelevant, and it is overbroad because it seeks documents which may include incidents that have no bearing on the claims at issue, and that it assumes facts not in evidence.  Defendants further object to the extent it calls for documents subject to the law enforcement privilege.  Defendant refer plaintiffs to documents already produced, and publicly available media sources, and the NYPD, City of New York ,and  other public websites, and to the email discovery produced, some of which may be privileged.

**DOCUMENT REQUEST NO. 71:**

Produce all documents concerning the Mayor's contention that "the NYPD has acted appropriately," after video emerged showing an NYPD SUV driving into a crowd of protestors on May 30, 2020.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 71:**

Defendants object to Document Request No. 71 on the grounds that it is irrelevant, and it is overbroad because it seeks documents which may include incidents that have no bearing on the claims at issue.  Defendant refer plaintiffs to documents already produced, and publicly available media sources, and the NYPD, City of New York ,and  other public websites, and to the email discovery produced, some of which may be privileged.

**DOCUMENT REQUEST NO. 72:**

Produce all documents concerning videos of Protests, from May 28, 2020 to June 3, 2020, that the Mayor viewed or that were shown to the Mayor on or before June 4, 2020.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 72:**

Defendants object to Document Request No. 72 on the grounds that it is irrelevant, vague, and it is overbroad because it seeks documents which may include incidents that have no bearing on the claims at issue, and that it assumes facts not in evidence.  Defendant refer plaintiffs to documents already produced, and publicly available media sources, and the NYPD, City of New York, and  other public websites, and email documents to be produced shortly.  Defendants state that they continue to search for additional responsive documents.

**DOCUMENT REQUEST NO. 73:**

Produce all documents concerning videos of protests from June 4, 2020, including, but not limited to, the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A), that the Mayor viewed or that were shown to the Mayor on or after June 4, 2020.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 73:**

Defendants object to Document Request No. 73 on the grounds that it is irrelevant, vague, and it is overbroad because it seeks documents which may include incidents that have no bearing on the claims at issue, and that it assumes facts not in evidence.  Defendant refer plaintiffs

to documents already produced, and publicly available media sources, and the NYPD, City of New York, and other public websites, and email documents to be produced shortly. Defendants state that they continue to search for additional responsive documents.

**DOCUMENT REQUEST NO. 74:**

Produce all documents concerning videos of Protests on Schedule A that occurred after June 4, 2020, that the Mayor viewed or that were shown to the Mayor.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 74:**

Defendants object to Document Request No. 74 on the grounds that it is irrelevant, vague, and it is overbroad because it seeks documents which may include incidents that have no bearing on the claims at issue, and that it assumes facts not in evidence. Defendant refer plaintiffs to documents already produced, and publicly available media sources, and the NYPD, City of New York, and other public websites, and email documents to be produced shortly. Defendants state that they continue to search for additional responsive documents.

**DOCUMENT REQUEST NO. 75:**

Produce all documents concerning Commissioner Dermot Shea's June 5, 2020 statement that the NYPD response to the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A) was "executed nearly flawlessly," including any investigations into this statement and any discipline or recommendations of discipline that were made.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 75:**

Defendants object to Document Request No. 75 on the grounds that it is irrelevant, and it is overbroad because it seeks documents which may include incidents that have no bearing on the claims at issue, and it assumes facts not in evidence. Defendant refer plaintiffs to documents already produced, and publicly available media sources, and the NYPD, City of New York ,and

other public website, the NYPD Patrol Guide, and the email discovery to be produced, and the

CCRB/IAB records previously produced.

**DOCUMENT REQUEST NO. 76:**

Produce all documents concerning potential changes to policies or practices related

to protest and/or disorder policing that Defendants considered or implemented as a result of

evaluations of or recommendations related to Defendants' responses to the Protests, including, but

not limited to, any internal NYPD evaluations or recommendations, evaluations or

recommendations by Defendant de Blasio or any agency of Defendant City (such as the Office of

the Inspector General, the Law Department, or the CCRB), or other evaluations, and including,

but not limited to, responsive documents from the NYPD's Chief of Department, Operations Unit,

Criminal Justice Bureau, Strategic Response Group, Disorder Control Unit, Legal Bureau, and

Office of Management and Planning.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 76:**

Defendants object to Document Request No. 76 on the grounds that on the grounds that it seeks

documents, that are publicly available, and thus, equally available to plaintiffs.  Defendants

further object that this request is impermissibly vague, overbroad, and compound.  Defendants

further object that this request is not proportional to the needs of the case because plaintiffs can

access some of the requested documents and the burden and expense of searching for and

producing "all" of the requested documents far outweigh any likely benefit to plaintiffs.

Defendants further object insofar as any documents or portions of documents are protected from

disclosure by the deliberative process privilege. Subject to and without waiving or in any way

limiting these objections, defendants refer plaintiffs to the training materials for the new

constitutional policing at community events that were already produced.

**DOCUMENT REQUEST NO. 77:**

Produce all documents concerning the Office of the Inspector General of the New York City Police Department's ("OIG-NYPD") June 26, 2019 report entitled, "Complaints of Biased Policing in New York City:  An Assessment of NYPD's Investigations, Policies, and Training," including all documents collected and reviewed during the course of investigating and then drafting the report.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 77:**

Defendants object to Document Request No. 77 on the grounds that this request is impermissibly vague and overbroad.  Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents far outweigh any likely benefit to plaintiffs.  Defendants further object insofar as any documents or portions of documents are protected from disclosure by the deliberative process privilege. Subject to and without waiving or in any way limiting these objections, defendants refer plaintiffs to the documents previously produced, which upon information and belief, constitute all non-privileged responsive material underlying the Department of Investigation investigation in defendants' possession.

**DOCUMENT REQUEST NO. 78:**

Produce all documents concerning the NYPD's decision to reject the three recommendations by the OIG-NYPD presented in the June 26, 2019 report, which stated: (1) the "NYPD should amend its Patrol Guide policies to explicitly require NYPD officers and non-uniformed employees to report instances of biased policing upon observing or becoming aware of such conduct"; (2) the "NYPD should amend its Patrol Guide policies so that complaints alleging the use of offensive or derogatory language associated with an individual's actual or perceived protected status, such as racial slurs, are classified as biased policing if there is a discriminatory

intent"; and (3) the "NYPD should amend its written investigative procedures related to biased policing so that offensive or derogatory language associated with an individual's actual or perceived protected status, such as an officer's use of racial slurs, is classified, investigated, and adjudicated as a biased policing matter."

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 78:**

Defendants object to Document Request No. 78 on the grounds that this request is impermissibly vague and overbroad.  Defendants further object that this request is not proportional to the needs of the case the burden and expense of searching for and producing "all" of the requested documents far outweigh any likely benefit to plaintiffs. Defendants additionally object to the extent that the documents sought are publicly available, and thus, equally available to plaintiffs. Defendants further object insofar as any documents or portions of documents are protected from disclosure by the deliberative process privilege.

**DOCUMENT REQUEST NO. 79:**

Produce all documents concerning the President of the NYPD Sergeants Benevolent Association's circulation of a racist video in August 2019, as described in paragraph 157 of the *Sierra* First Amended Complaint (Dkt 98), including any investigations into this action and any discipline or recommendations of discipline that were made.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 79:**

Defendants object to Document Request No. 79 on the grounds that it is overbroad because it seeks documents for "any" investigation, which may include incidents that have no bearing on the claims at issue. Defendants further object that it seeks documents that are not relevant insofar as any investigation is against a non-party officer.  Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to

the allegations herein.  Defendants further object insofar as any documents are sealed by operation

of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, et seq and an unsealing

order has not been entered. Defendants further object and state that unrelated actions, premised on

different sets of factual allegations, cannot support an inference of the existence of unconstitutional

customs and policies and thus cannot support a claim against the City.  See Simms v. City of New

York, 480 F. App'x 627 (2d Cir. 2012).

**DOCUMENT REQUEST NO. 80:**

Produce every document that shows which officers wore what helmet numbers on

the days on which the Protests occurred; if you are unable to conclude the answer with certainty,

provide every log and other document that reflects which helmet numbers were assigned to what

officers on the days of the protests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 80:**

Defendants refer plaintiffs to documents previously provided with respect to the

officers/locations at issue. Defendants further object that this request is not proportional to the

needs of the case because the burden and expense of searching for and producing "every" of the

requested documents far outweigh any likely benefit to plaintiffs.

**DOCUMENT REQUEST NO. 81:**

Produce every document concerning Defendants' policies and practices concerning

distribution of protective gear by SRG officers and SRG protective helmet numbers.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 81:**

Defendants object to this request as vague and overbroad as to the term "every".

Defendants further object as this request calls for documents that are irrelevant, as the log of helmet

numbers has been provided, and it calls for information that can be better asked of a SRG officer

at his/her deposition. Subject to, and without waiving or in any way limiting these objections,

defendants state that the requested information has been provided verbally during meet-and-confers.

**DOCUMENT REQUEST NO. 82:**

Produce all documents concerning the NYPD's 2021 First Amendment Policy ("Response to First Amendment Activities" available at https://www1.nyc.gov/assets/nypd/downloads/pdf/public_information/draft-1a-activities-forpublic- comment-2021-05-27a.pdf), its request for comment on the draft policy, the NYPD's consideration of such comments (and other factors) in developing the First Amendment Policy, and the final policy adopted.~

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 82:**

Defendants object to this request to the extent it implicates materials that are subject to the deliberative process privilege.  Defendants further object to this request as vague and overbroad.  Defendant refer plaintiffs to documents already produced, and publicly available media sources, and the NYPD and City of New York's public websites.

Defendants further state that additional information will be contained in the electronic discovery to be provided.

**DOCUMENT REQUEST NO. 83:**

   Produce documents concerning the NYPD's activities relating to any marches, protests, or demonstrations occurring on or about June 26-27, 2021, including but not limited to any such documents relating to protests organized by the Reclaim Pride Coalition.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 83:**

   Defendants object to Document Request No. 83 on the grounds that this request is vague and overbroad insofar as it does not specify the types of documents it seeks, simply "documents. "  Defendants further object that this request is not proportional to the needs of the case because plaintiffs can access some of the requested documents and the burden and expense of searching for and producing "all" of the requested documents, far outweigh any likely benefit to plaintiffs.  Defendants further object insofar as any documents or portions of documents are protected from disclosure by the law enforcement privilege because they would reveal information that would interfere with ongoing investigations.

   Subject to and without waiving any of the above objections, defendants are continuing to search for documents responsive to this request and will supplement this response should such documents become available, within 30 days.  Defendants are not currently withholding documents on the basis of any privilege, but if any such documents are identified, defendants will supplement this response and provide a privilege log.

**DOCUMENT REQUEST NO. 84:**

   Produce any and all documents or communications between Defendants and any borough District Attorney's Office relating to mass arrests that resulted in dispositions that include decline to prosecute.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 84:**

Defendants object to Document Request No. 84 on the grounds that this request is vague and

overbroad insofar as it does not specify the types of documents//communications it seeks, simply "documents." Defendants further object insofar as any documents or portions of documents are protected from disclosure by the law enforcement, attorney client or deliberative process privileges. Defendants refer plaintiffs to documents previously provided, to documents to be provided in upcoming email disclosures, and documents provide by the District Attorneys' Offices pursuant to the subpoenas plaintiffs have served.

**DOCUMENT REQUEST NO. 85:**

Produce any and all documents concerning policy or practice changes, changes in training, or FINEST messages that were in some way a response to the judgment in *Abdell v. City of New York*, No. 05 Civ. 8453 (RJS) (S.D.N.Y.) and/or *Gersbacher v. Winski*, No. 14 Civ. 7600 (S.D.N.Y.); the settlement in *Rodriguez, Williams, James, et al v. City of New York*, 12-cv-03389 (S.D.N.Y.); or the District Court summary judgment decision in *Dinler v. City of New York* 1:04-cv-7921 (S.D.N.Y.) (Dkt. No. 312 therein).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 85:**

Defendants object to Document Request No. 85 on the grounds that it is not a proper request as it does not state with particularity the documents being requested. Defendants further object that this request is not limited in time; and it is not limited in scope to the same type of claims as in this action. Defendants further object insofar as it seeks documents related to the referenced actions that are protected from disclosure by the attorney client privilege or attorney work product. Defendants further object that it seeks allegations of misconduct that were not substantiated; did not result in a finding of misconduct; are not similar in nature to the allegations herein. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See *Simms v. City of New York*, 480 F.

App'x 627 (2d Cir. 2012). Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents and materials outweigh any likely benefit to plaintiffs.

## DOCUMENT REQUEST NO. 86

Produce any and all documents concerning policy or practice changes, changes in training, or FINEST messages that were in some way a response to the settlement of the RNC cases, including but not limited to *MacNamara, et al., v. City of New York, et al.*, 04 Civ. 9216 (KMK)(JCF) (S.D.N.Y.).

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 86:

Defendants object to Document Request No. 86 on the grounds that it is not a proper request as it does not state with particularity the documents being requested. Defendants further object that this request is not limited in time; and it is not limited in scope to the same type of claims as in this action. Defendants further object insofar as it seeks documents related to the referenced actions that are protected from disclosure by the attorney client privilege or attorney work product. Defendants further object that it seeks allegations of misconduct that were not substantiated; did not result in a finding of misconduct; are not similar in nature to the allegations herein. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See *Simms v. City of New York*, 480 F. App'x 627 (2d Cir. 2012). Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents and materials outweigh any likely benefit to plaintiffs.

**DOCUMENT REQUEST NO. 87:**

Produce any and all documents concerning policy or practice changes, changes in training, or FINEST messages that were considered or adopted in some way a response to the events and lawsuits described in ¶¶ 421-429 of the Sow First Amended Complaint (Dkt 96).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 87:**

Defendants object to Document Request No. 87 on the grounds that it is not a proper request as it does not state with particularity the documents being requested.  Defendants further object that this request is not limited in time; and it is not limited in scope to the same type of claims as in this action.  Defendants further object insofar as it seeks documents related to the referenced actions that are protected from disclosure by the attorney client privilege or attorney work product.  Defendants further object that it seeks allegations of misconduct that were not substantiated; did not result in a finding of misconduct; are not similar in nature to the allegations herein.  Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City.  See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).  Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "all" of the requested documents and materials outweigh any likely benefit to plaintiffs.  Subject to and without waiving or in any way limiting these objections, defendants refer plainitffs to the answers to the requests above about changing policing.

**DOCUMENT REQUEST NO. 88:**

Produce all documents concerning persons at the June 4, 2020, Mott Haven Protest (Protest No. 44 on Schedule A) throwing plastic bottles containing liquids and/or Molotov cocktails (including but not limited to identifying videos depicting such acts).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 88:**

        Defendants object to this request as vague and overbroad.  Defendant refer plaintiffs to documents already produced, and publicly available media sources, and to the emails to be produced.

**DOCUMENT REQUEST NO. 89:**

        Produce all documents concerning an attempt by someone at the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A) to throw a wheelbarrow onto members of the service (including but not limited to identifying videos depicting such an act).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 89:**

        Defendants object to this request as vague and overbroad.  Defendant refer plaintiffs to documents already produced, and publicly available media sources and to the emails to be produced.

**DOCUMENT REQUEST NO. 90:**

        Produce all documents concerning the alleged stabbing of an NYPD officer at the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A), including but not limited to videos depicting such an act, records concerning medical treatment for the injury, documents concerning the weapon that was used, and the identity of the perpetrator and any arrest or prosecution documents.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 90:**

        Defendants object to this request as vague and overbroad.  Defendant refer plaintiffs to documents already produced, and publicly available media sources and to the emails to be produced. Personal medical information on a non-party officer will not be produced.

- 27 -

**DOCUMENT REQUEST NO. 91:**

Produce all documents, including, but not limited to, NYPD and CCRB documents, and documents reflecting communications between the NYPD and CCRB, concerning the CCRB's "unprecedented challenges in investigating" complaints arising from the Protests, including, but not limited to, the CCRB's inability to identify "officers due to the failure to follow proper protocols, officers covering their names and shield, officers wearing protective equipment that did not belong to them, the lack of proper use of body worn cameras, as well as incomplete and severely delayed paperwork" (from CCRB 2020 Protest Data Snapshot -- June 21, 2021).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 91:**

Defendants object to this request as vague and overbroad.  Defendant refer plaintiffs to documents already produced.

**DOCUMENT REQUEST NO. 92:**

Produce all radio transmissions concerning the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A) in complete form, i.e., not a combined set of transmissions, but the complete transmission from each source point.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 92:**

Defendants object to this request as vague,  overbroad and unintelligible as to the meaning of "not a combined set of transmissions, but the complete transmission from each source point."

**DOCUMENT REQUEST NO. 93:**

Produce all documents concerning Aviation Surveillance of the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A), including but not limited to orders, directives, instructions, and communications.

- 28 -

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 93:**

Defendants object to Document Request No. 93 on the grounds that this request is vague and overbroad insofar as it does not specify the types of documents it seeks, simply "documents. " Defendants further object that it assumes facts not in evidence in that there is no evidence that there was "Aviation "Surveillance." Defendants further object insofar as any documents or portions of documents are protected from disclosure by the law enforcement privilege because they would reveal information that would interfere with ongoing investigations. Subject to and without waiving any of these objections, defendants refer plaintiffs to the materials that defendants previously produced, including aviation footage of Mott Haven from June 4, 2020.

**DOCUMENT REQUEST NO. 94:**

Produce all documents concerning all NYPD investigations into the conduct of Sergeant Edward Mullins concerning his distribution of a racist video clip in August 2019, and concerning the February 2021 CCRB substantiation of three complaints against him for offensive language and abuse of authority.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 94:**

Defendants object to Document Request No. 94 on the grounds that it is overbroad because it seeks documents for "all" investigation, which may include incidents that have no bearing on the claims at issue. Defendants further object that it seeks documents that are not relevant insofar as any investigation is against a non-party officer. Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, et seq and an unsealing order has not been entered. Defendants further object and state that unrelated actions, premised on

different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City.  See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

**DOCUMENT REQUEST NO. 95:**

Produce all documents concerning any NYPD investigation into the display of a "white power" symbol by any NYPD officer since January 1, 2014.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 95:**

Defendants object to Document Request No. 95 on the grounds that it is overbroad because it seeks documents for "any" investigation, which may include incidents that have no bearing on the claims at issue. Defendants further object that it seeks documents that are not relevant insofar as any investigation is against a non-party officer.  Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein.  Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, et seq and an unsealing order has not been entered. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City.  See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

**DOCUMENT REQUEST NO. 96:**

Produce all documents concerning any NYPD investigations into the statements and conduct of Deputy Inspector James Kobel.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 96:**

   Defendants object to Document Request No. 96 on the grounds that it is overbroad because it seeks documents for "any" investigation, which may include incidents that have no bearing on the claims at issue. Defendants further object that it seeks documents that are not relevant insofar as any investigation is against a non-party officer.  Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein.  Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, et seq and an unsealing order has not been entered. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City.  See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

**DOCUMENT REQUEST NO. 97:**

   Produce all documents concerning complaints of biased policing by NYPD officers since January 1, 2014.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 97:**

   Defendants object to Document Request No. 97 on the grounds that it is overbroad because it seeks documents for "all" investigations, which may include incidents that have no bearing on the claims at issue. Defendants further object that it seeks documents that are not relevant insofar as any investigation is against a non-party officer.  Defendants further object that this request is overly burdensome and not proportional to the needs of the case as it requests unspecified and potentially many types of complaints pertaining the more that 30,000 NYPD officers over the course of 7 years, which could potentially be found over dozens of databases,

many of which are not accessible to defendants, and could include complaints against officers long since retired or resigned.  Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein.  Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, et seq and an unsealing order has not been entered. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City.  See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).  Notwithstanding, responsive documents may be contained in the email discovery to be produced.

**DOCUMENT REQUEST NO. 98:**

Produce all documents concerning oral or written statements by NYPD officers reflecting racial bias by that officer since January 1, 2014.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 98:**

See objections and response to Document Request No. 97

**DOCUMENT REQUEST NO. 99:**

Produce all complaints to the NYPD (whether formal or simply a report of information to the NYPD) and investigations since January 1, 2014, concerning racist statements or conduct by an NYPD officer, regardless of whether the statement or conduct took place during, or outside of, the officer's course of employment.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 99:**

See objections and response to Document Request No. 97

**DOCUMENT REQUEST NO. 100:**

Produce all Documents created by the New York City Emergency Management (NYCEM) concerning any of the Protests, including but not limited to emails and/or alerts from the NYCEM Watch Command.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 100:**

Defendants object to Document Request No. 100 on the grounds that this request is vague and overbroad insofar as it does not specify the types of documents it seeks, simply "documents. " Defendants further object that this request is not proportional to the needs of the case because plaintiffs can access some of the requested documents and the burden and expense of searching for and producing "all" of the requested documents, far outweigh any likely benefit to plaintiffs. Defendants further object insofar as any documents or portions of documents are protected from disclosure by the law enforcement privilege because they would reveal information that would interfere with ongoing investigations. Subject to and without waiving any of the above objections, Defendants note that additional documents will be furnished in the electronic discovery that will be provided.

**DOCUMENT REQUEST NO. 101:**

Produce all documents referenced in your Answers to the Complaints to the extent they have not been produced in response to other Requests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 101:**

    Defendants object to Document Request No. 101 on the grounds that this request

is vague and overbroad insofar as it does not specify the documents plaintiffs contend  have not

been produced.


Dated:   New York, New York
      December 29, 2021


          GEORGIA M. PESTANA
          Corporation Counsel of the
           City of New York
          *Attorney for Defendants*
          100 Church Street
          New York, New York 10007
          (212) 356-2659



       By:   /s/
          Daniel M. Braun
          *Assistant Corporation Counsel*


TO:  ALL COUNSEL IN CONSOLIDATED CASES