

January 6, 2022

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

    Re:    <u>In re: New York City Policing During Summer 2020 Demonstrations,
                  1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases</u>

Dear Judge Gorenstein:

    I write on behalf of the Plaintiffs in the consolidated case above. This motion concerns records and other discovery related to the, "NYPD's 'arsenal' for dealing with political protests for th[e] past two decades." *In re NY City Policing During Summer 2020 Demonstrations*, 2021 US Dist LEXIS 128437, at *33 (SDNY July 9, 2021) ("MTD Decision").[1]

    Broadly put, Plaintiffs have sought documents reflecting the origins of and changes to the policies, practices, and training they are challenging in these lawsuits, which Plaintiffs' pleadings trace back to around 2000, including, but not limited to, records reflecting the substance of the relevant policies, practices, and training, as well as relevant NYPD deposition testimony (and exhibits) from prior lawsuits directly relevant to those policies, practices, and training. Plaintiffs have been following up on this issue since July. Defendants have established a pattern of self-imposed deadlines that pass with no action, leaving Plaintiffs without documents that should have been produced on July 31, that Defendants have agreed to produce since at least December 10, and that are critical to preparation for upcoming depositions scheduled to begin as early as next month. So Plaintiffs seek a Local Rule 37.2 conference and an order compelling production—along with appropriate sanctions given Defendants' continued "recalcitrance about discovery" (6-24-2021 Tr. 6:22-23) and apparent inability to perform even basic tasks without the incentive of sanctions.

---

[1] In the interest of clarity, Defendants did produce a relatively small number of older training documents, dating back to around the RNC in 2004, on December 17 — as part of a separate dispute track and a separate promised-for-months production.

    Those older training documents, while valuable, relevant, and helpful, are only a small part of the documents Plaintiffs are seeking relating to prior protests. Still missing are basically all factual records — for example (without limitation), after-action reports, transcripts of prior relevant depositions and exhibits, investigation and disciplinary records arising from the prior protests the parties have identified, records of any changes made to the relevant policies, practices, or training over time, including based on various liability findings, memos, and the like (Doc. Req. 38 asks specifically for documents that provide certain kinds of information that Plaintiffs do not currently have). Put differently, it appears that Defendants have searched for and produced *some* training-related records dating back to the RNC, but nothing else. And Defendants confirmed they share the understanding that the prior protest production is still outstanding, in a January 4 email saying, "I assure you I am working on the prior protest documents."

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385   ·   t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Plaintiffs served their first set of discovery requests (**Exhibit 1**) on March 25, 2021. By agreed order, Defendants served a set of responses before production, with production to be completed by July 31, 2021. Upon receiving a set of requests that completely failed to comply with the Rules, Plaintiffs sent an omnibus deficiency letter on May 16 (**Exhibit 2**). After some motion practice, Defendants amended their responses, and at an early conference, were Ordered to provide a series of "algorithm letters" describing their search and review process.

In Plaintiffs' first document requests served in March, Plaintiffs sought documents related to how the NYPD responded to prior protests dating back to around 2000, including "the protests that took place in 2003, 2004, and 2011" (MTD Decision at *33) and related policies, practices, and training. For example, Plaintiffs sought "Documents concerning policies, procedures, directives, and training materials … promulgated during or following protests regarding the 2004 Republican National Convention or any of the lawsuits related to the policing of those protests," *see* Doc. Req. 4, and various documents from a series of protests, beginning with the 2002 World Economic Forum, *see* Doc. Req. 36. *See also,* Doc. Reqs. 3, 25, 26, 27, 28, 29, 37, and 38.

Defendants' written objections (**Exhibit 3**) lack specificity, but suggest that Defendants found nearly any discovery into past protests objectionable. In one of the Court-Ordered algorithm letters (**Exhibit 4**), Defendants said that they believed (at least prior to the MTD Decision) that "a period of 20 years prior to the dates of incident is on its face improper," and imposed restrictions on their searches and answers like a "period of five years prior to May 2020." Ex. 4 at 5.[2]

On July 13 (before the production was due), just after the Court entered its decision on the motion to dismiss, Plaintiffs sought to meet and confer with Defendants to contest these time-based limitations. We explained, in some detail, that the Court's observations about (for example) how there was "kettling that took place as long ago as 2003 and 2004 during large-scale protests" (MTD Decision at *32) made Defendants' time limitations untenable. Defendants agreed to revisit their position the same day—promising a response, but not specifying any time frame. Plaintiffs followed up on July 27, and Defendants promised to "have an answer … early next week" on July 30. That never came. Plaintiffs followed up on August 5, and at a meet and confer that day,[3] Defendants agreed that they would change their answer to every discovery request Plaintiffs identified as seeking documents going back in time beyond the summer 2020 protests themselves— though they might ultimately argue some subset of the past protests were irrelevant. Defendants promised responses and documents in 30 days on August 6.[4] While Plaintiffs raised this issue repeatedly at more than a

---

[2] While other answers *seem* to suggest Defendants might have searched for more, as explained in the letter related to how Defendants simply re-produced the AG and DOI productions instead of undertaking meaningful document searches, they have not. *See* ECF No. 277.

[3] At that meeting were me, Gideon Oliver, Andrew Stoll, Lillian Marquez, Wylie Stecklow, Jennvine Wong, Andrew Stoll, Rob Rickner, Lily Novak, and Jonathan Moore for Plaintiffs, and Dara Weiss for Defendants. The meeting lasted for approximately 16 minutes.

[4] 30 days from August 6 was September 5, a Saturday, making the response due Monday, September 7.



half dozen meet and confers — and Defendants *repeatedly* promised to provide new responses and productions — no further answer ever arrived.  Plaintiffs followed up on December 2, threatening to make a motion.  And followed up ***again*** on December 7.  And Defendants once again made an "early next week" promise.  Finally, on December 10, Defendants promised to "have updated responses to include documents dating back from the RNC [in 2004] on or before 12/17/21."

That deadline, too, has come and gone. Plaintiffs thus followed up once more in the morning on December 20 — before sending a draft of this motion as required by the Court's Order at ECF 317 on December 21.[5]  Defendants initially responded by stating that Dara Weiss (who has made clear this is not her issue in various meet and confers[6]) was on vacation and they could not respond until she returned in January.  Thus, they asked — not withstanding the text of ECF 317 ("During the intervening [24-hour] period, the sending party should make itself available for an additional conference if the opposing party seeks it")— if Defendants could hold off in even providing a date to meet about these issues until the first week of January.  I offered my cell phone number to discuss.  Defendants stated they could not discuss the issue and "cannot tell you who will be taking the lead on this until Dara returns, because I do not want to duplicate efforts."  Defendants also, despite having a draft of this letter, claimed they needed Plaintiffs to "explain what this issue is" before falling radio silent for two weeks.  Once Ms. Weiss returned to the office, all she has been able to say (after several follow up emails) was "I assure you I am working on the prior protest documents," with no explanation for why Defendants' self-imposed deadline came and went nearly a month earlier — and no commitment to any deadline.

Plaintiffs followed up again, and sent another draft of this letter — along with a caution that we would be strictly following the 24 hour period set in ECF 317.  Defendants did not respond or otherwise seek "an additional conference" on these issues during "[d]uring the intervening period" of 24 hours.  ECF 317.  So this motion followed.

Frustratingly, there does not even appear to be a substantive dispute over Plaintiffs'

---

[5] Defendants appear to have taken from the Court's order in ECF 317 that they do not need to engage in meet and confers on discovery issues until Plaintiffs send a draft letter motion.  On multiple occasions when Plaintiffs have sought to meet and confer since the Court's order, Defendants either ignore Plaintiffs' request entirely or respond "we will get back to you" and then do not get back to Plaintiffs until a draft letter motion is sent — and even then, they do not respond in anything resembling the timeframe set by that order.  For example, Plaintiffs have sent three emails since December 7 asking to meet and confer on Defendants' failure to identify witnesses for a handful of remaining Rule 30(b)(6) topics, and Defendants have ignored all of those emails.

[6] It remains unclear who at Corporation Counsel is working on this issue.  Ms. Weiss has repeatedly said it is not her issue.  Previously, Elissa Jacobs (who has since withdrawn) was working on it briefly.  And when we've asked Defendants to let us know whose issue it is, they have been silent.  From all appearances, it looks like this has just fallen through the cracks entirely:  Defendants keep asking for more time, then neglect to assign an attorney to take care of this issue.

COHEN&GREEN                                                                                           Page 3 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



entitlement to these documents:[7] Everyone agrees that Plaintiffs should get documents going back something like the "two decades" the Court identified as relevant in the MTD Decision. The issue is that, as the Court has observed on other occasions, Defendants cannot seem to meet deadlines — and do not seem to have an adequate incentive to comply with their discovery obligations in the normal course. Plaintiffs respectfully suggest that, if the Court does not impose some consequences for the repeated failure to meet and confer and take timely, coherent positions in discovery, then Corporation Counsel will continue to stall and delay the progress of this case.

The Court should order immediate production of these materials. They are necessary to the upcoming depositions starting in February — as well as at least one deposition in January — and Plaintiffs need time to review them. These documents include extremely valuable things like the depositions of various upcoming deponents and other City and NYPD witnesses who have testified under Fed.R.Civ.P. 30(b)(c) and otherwise as fact witnesses about the relevant policies, practices, and training, as well as their own conduct during prior protests. *See* MTD Decision at *40 (discussing the relevance of Plaintiffs' allegation that "NYPD failed to discipline then-Deputy Chief Monahan after he directed the use of force and mass arrests without probable cause to subdue protesters at the 2004 RNC protest" to their broader claims).

In terms of further consequences, Plaintiffs suggest that it would be appropriate to find Defendants have waived any objection to the timeframe of Plaintiffs' original request and order them to produce documents dating back to at least the World Economic Forum in 2002, rather that the City's proffer of producing documents dating back to the RNC, planning for which began in around January of 2003. The difference between this and Defendants' apparent position is minimal in terms of burden — but would be significant in terms of Plaintiffs' ability to prove their case and, as a sanction, may disincentivize further failures to meet discovery obligations. Plaintiffs also ask that the Court set a deadline for the production of these documents no later than January 15, in order to ensure time to prepare for depositions, along with an escalating monetary penalty if Defendants miss that deadline. Finally, Defendants should pay the fees on this application. Those moderate, but serious consequences should help ensure future compliance with the Court's Orders — as well as ensure Defendants keep their promises.

We thank the Court for its continued time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs and for*

---

[7] As noted below, Plaintiffs believe the documents from the World Economic Forum in 2003 are relevant, and an appropriate sanction for Defendants' dilatory conduct would be finding any objection to timeframe waived, but that dispute is not yet ripe because Plaintiffs don't even have Defendants' actual position nearly a year after serving discovery.

Page 4 of 5

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



*Hernandez/Minett Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com