

| | | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | **DARA L. WEISS**<br>*Senior Counsel*<br>daweiss@law.nyc.gov<br>Phone: (212) 356-3517<br>Fax: (212) 356-1148 |

**By ECF**  
Honorable Gabriel W. Gorenstein  
United States Magistrate Judge  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007  

January 7, 2022

      In Re: *New York City Policing During Summer 2020 Demonstrations*,
            No. 20 Civ. 8924 (CM) (GWG)
            This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York and I am among counsel for the defense in the above-referenced matter. I write in accordance with Rule 2.A of the Court's Individual Rules in response to plaintiff's January 3, 2022 motion for a discovery conference and to compel certain discovery responses. (Dkt # 337).  Plaintiffs' application should be denied for multiple reasons.

      First, yet again, Plaintiffs are engaging in nothing more than pure gamesmanship. They imply that they are dissatisfied with Defendants' objections, but that is a mere cover for what they are really trying to do…inundate Defendants with busywork to make it more difficult for them to comply with deadlines.  Specificity of objections is far from what is truly important in this litigation.  What is important are the documents themselves that defendants are working diligently to ensure have all been produced.  What's also important is arranging and conducting the many, many depositions that Plaintiffs claim to require, both fact and 30(b)(6).  What's important is conducting the necessary discovery in the three more- recently consolidated cases in an attempt to catch them up with the original group of cases.  And what is important is moving forward with settlement discussions, and having Plaintiffs confer among themselves and finally present Defendants, more than a year after bringing their cases, with a settlement demand.

That being said, although there has not recently been a formal "meet and confer" on the issues that Plaintiffs raise in their letter, the parties have communicated about Plaintiffs' stated problems with Defendants' responses and objections on numerous occasions. Plaintiffs are well aware that the attorneys for the Defendants are deeply entrenched in the e-discovery production due January 14th, 2022, scheduling and preparing for the depositions of dozens of witnesses, and attempting to respond to Plaintiffs' seemingly never-ending discovery requests (including a request containing 79 interrogatories and several duplicative document requests.)  Additionally, more than 70 other cases arising out of these protests have been filed in both the Eastern and Southern District court, a number of which were brought by some of the attorneys representing plaintiffs in these cases, which must be defended.  Defendants simply cannot keep up with Plaintiff's constant harassment.

With respect to the objections and responses themselves, Defendants stand by their responses.  Throughout this litigation, counsel for the Plaintiffs have quibbled with nearly every response propounded by the Defendants.  Much of it is simply semantics.  Just to address a few of the examples cited by Plaintiffs' counsel in their letter, a number of the 56 requests propounded by Plaintiffs (which are "supplemental" requests, served after an initial round of 44 requests) were responded to by either referring to earlier documents produced, documents/emails that were in the process of being produced, or to publicly available sources (such as mainstream news media).  As noted previously, simply because Plaintiffs' counsel thinks something "should" exist or assert that an event "would generate all kinds of paperwork" doesn't make it so.  Additionally, requests like Number 56 were duplicative of other requests previously propounded.  Request Number 92 was unclear and the objection so stated.   Plaintiffs made no attempts to clarify.  Plaintiffs may not be satisfied with the responses they received, but many of their requests were problematic, therefore justifying the objections made by Defendants.

Defendants would be happy to take part in a reasonable, measured conversation with opposing counsel in an attempt to come to some sort of agreement on some of these matters.  Defendants are in no way implying that they are refusing to provide any non-objectionable documents, to the extent they exist.  And pursuant to their continuing obligations under Rule 26 to supplement disclosures if responsive materials are found.  But nearly every meet-and-confer the undersigned has attended in this case results in little more than providing Plaintiffs' counsel with an hour-long opportunity to bully and berate Defendants and their counsel.  It is often a waste of time, unproductive, and highly unprofessional.

Defendants will agree to go back and review their responses once again to confirm that their responses are appropriate.  If any modifications are made or if any responses are to be supplemented, plaintiffs will be advised promptly.

Thank you for your consideration herein.

Respectfully submitted,

*Dara L. Weiss s/*

Dara Weiss
*Senior Counsel*
Special Federal Litigation Division

cc: ALL COUNSEL (via ECF only)