

Rob Rickner | rob@ricknerpllc.com

January 10, 2022

**Via ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York

    Re:    In re: *New York City Policing During Summer 2020 Demonstrations,*
                No. 20-CV-8924
                *This Filing is Related to All Cases*

Dear Judge Gorenstein:

We write on behalf of counsel for all Plaintiffs in these consolidated actions to ask that this Court deny the Defendants' motion for an extension of the time to produce Aviation Unit video, and to renew our motion for sanctions.

Plaintiffs do not consent to an extension of the January 7, 2022 deadline for producing the Aviation Unit video. Defendants never objected to producing the Aviation Unit video, and originally promised to produce it by July 31, 2021. That deadline was not met. On September 29, 2021, Plaintiffs moved to compel the Defendants to produce video. *See* Dkt. No. 277. Defendants did not oppose this motion, *see* Dkt. No. 283, and at the subsequent Conference, Defendants told the Court that, "The aviation video does not have to be reviewed, and it's with the vendor as we speak getting ready for a production." *See* Dkt. No. 300 at 21:15-17.

The Defendants only produced a single video, so after a meet and confer and attempts to secure production without court intervention, Plaintiffs had to move for production of the video again. *See* Dkt. No. 331. In opposition, the Defendants stated that they thought the original Order only covered the Mott Haven video—even though it was obvious that Plaintiffs had demanded all the Aviation Unit video. *See* Dkt. No. 332. Defendants could not say when the remaining video would be produced, but stated that the only impediment to production was their lack of a 4 terabyte hard drive. *Id.*

The Court was baffled by the City's inability to state how long it would take to produce the video, and noted that "a 4-terabyte hard drive is hardly an impediment as such hard drives cost less than $150." Dkt. No. 334. The Court gave Defendants until January 7, 2022 to produce "the complete videos" and warned Defendants that another extension would not be readily granted: "The Court will not entertain any application for an extension of this deadline in the absence of sworn affidavits from individuals with personal knowledge as to the technological impediments to meeting the January 7, 2022 deadline." *Id.*

On January 7, 2022 Defendants produced 12 files of Aviation Unit video, for only a handful of protests on only five days. Defendants admit that this is not at all a complete production. And the same day, after sundown, Defendants moved for an extension for the time to finish this production. In the attached affidavit, Officer John Biskup explained that there was only 1 terabyte of data, not the 4 terabytes the Defendants told the Court earlier. *See* Dkt. No. 342-1, ¶4. And the affidavit

claims that it will take an additional two weeks to review all the footage, and move it between the various proprietary systems. *Id.* at ¶¶4-6. He also admitted that he had first received this request for footage in October, but provided no explanation why this two-weeks' worth of work did not start then. *Id.* at ¶2. Nor did he provide any explanation for why that two-weeks' worth of work did not start in mid-December when the Court entered its second order compelling production. Instead, last week was the first time these set of potential issues or delays had ever been disclosed, despite two motions and multiple meet and confers.

This affidavit is troubling for multiple reasons. *First*, Defendants, in opposing the prior motion, claimed that, in November and December meet and confers, they told Plaintiffs that the only footage at issue in the Court's Order was the footage from Mott Haven. *See* Dkt. 332. But the affidavit from Biskup readily admits he had been asked to collect footage from multiple protests in October, which contradicts the Defendants' claim that they always believed the only footage at issue was from Mott Haven. *See* Dkt. No. 342-1, ¶2. *Second*, Defendants originally claimed that all footage would be produced by July 31, 2021, and have known that Plaintiffs wanted all the Aviation Unit video of protests since document requests were served in March 2020. But they did not actually take meaningful steps to collect this footage until after two motions to compel, even though they have never objected to producing it in the first place. *And third*, Defendants' explanation that the only impediment to the production was lack of a 4 terabyte drive—in response to a motion for sanctions—was not accurate. Defendants have entirely shifted their position as to why the footage has not yet been produced.

Consequently, given that the Aviation Unit video was not all produced on January 7, 2022, as Ordered, Plaintiffs object to any *nunc pro tunc* extension of this deadline. Plaintiffs are suffering real prejudice from this delay, and the delays in almost all other aspects of discovery. High level depositions are starting on February 7, 2022. Plaintiffs are still missing multiple categories of documents, and video from multiple sources. And the final ESI production is due on January 14, 2022. *See* Dkt. No. 303. Getting the Aviation Unit video, which requires meticulous review to prepare for depositions, on January 26, 2022, severely exacerbates the discovery traffic jam the Defendants have created through numerous delays.

Thus, Plaintiffs renew their motion for sanctions. There is no justification for Defendants violating this Court's Order and providing inaccurate information in response the prior motion for sanctions, and, Plaintiffs submit, there should be consequences to ensure it does not happen again.

We thank the Court for considering these issues.


Respectfully,

/s/

Rob Rickner