```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In Re: New York City Policing During Summer      :           ORDER
2020 Demonstrations                                          20 Civ. 8924 (CM) (GWG)
                                                 :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

     There are many problems with City's response (Docket # 343) to the application made in Docket # 337.  First, the City's letter improperly accuses plaintiffs' counsel of acting unprofessionally (e.g., by asserting that this discovery dispute was raised solely for purposes of "harassment") without providing any basis for the accusation.  Such accusations shall not be repeated in the future.  Second, the letter improperly refers to settlement discussions.  Any efforts at settlement have no bearing on discovery obligations in this case.  Third, the letter implies that the City is unwilling to meet and confer because it has been "bull[ied]" and "berate[d]" during conferences in the past and because plaintiffs' counsel acted "unprofessional[ly]."  If this actually occurred, it should have been the subject of an application to the Court that identified specific instances of such conduct.  It is not a reason to refuse to meet and confer as required by the Court's Individual Practices.  Finally, the City never gives an adequate explanation of what seems to be the critical issue in this dispute: the failure of its objections to make clear what documents it is producing and what it is not willing to search for (on grounds of burdensomeness or anything else).

     It may well be that the City has valid burdensomeness or relevance objections to some or all of the requests.  But the City must make plain whether such objections apply to the entire request or not, and whether it remains willing to use certain means to search for the requested documents but not others.  The Court accepts that the ongoing e-discovery process may be directed at providing documents in response to some or all of the discovery requests.  But to the extent it is not doing so, or is not expected to encompass all documents within a request, the City must make clear what it is going to search for and what it is objecting to as too burdensome or irrelevant.  The Court believes that it is more efficient to discuss these matters during a meet-and-confer, rather than by requiring another written response.  Accordingly, the Court directs the parties to meet-and-confer, as it appears that this has never happened.  Certainly, the City must bring to the conference either the persons responsible for conducting the searches or those with direct personal knowledge of how the searches are conducted.  The parties must go through each disputed discovery request so that the plaintiffs knows exactly what the City's position is.  The Court expects both sides to act cordially and without expressing personal animosity.  Any instances of unprofessional conduct shall be reported to the Court immediately.  The meet and confer shall take place no later than January 18, 2021, unless the parties agree otherwise.

SO ORDERED.

Dated: January 11, 2022
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge