

<table>
<tr><td>GEORGIA M. PESTANA<br><i>Corporation Counsel</i></td><td align="center">THE CITY OF NEW YORK<br><b>LAW DEPARTMENT</b><br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007</td><td>DARA L. WEISS<br><i>Senior Counsel</i><br>daweiss@law.nyc.gov<br>Phone:  (212) 356-3517<br>Fax:  (212) 356-1148</td></tr>
</table>

<u>**By ECF**</u>                                                      January 12, 2022

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

>    In Re: *New York City Policing During Summer 2020 Demonstrations*,
>    No. 20 Civ. 8924 (CM) (GWG)
>    This filing is related to all cases

Your Honor:

I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York and I am among counsel for the defense in the above-referenced matter. I write in accordance with Rule 2.A of the Court's Individual Rules in response to plaintiff's January 6, 2022 to compel certain discovery responses. (Dkt # 341). Defendants concede that they have agreed to produce certain documents requested by plaintiffs, but do not agree as to the scope of the documents that plaintiffs request, nor the deadline for production plaintiffs propose.

Defendants initially objected to plaintiffs' requests for certain documentation regarding prior protests, dating back nearly 20 years.  The requested documents were far too remote in time to the incidents that are the basis of the instant actions for them to possibly be relevant, despite plaintiffs' assertion that these documents are necessary to support their *Monell* claims.  Then, after Judge McMahon ruled on defendants' Motion to Dismiss (Dkt. #191), the parties began discussing the possible relevance of documents dating back to the policing of protests at the Republican National Convention in 2004.  This was only because Judge McMahon's Decision and Order noted that certain plaintiffs' complaints plausibly stated a *Monell* claim based, in part, upon the defendants' policing of prior protests.  Defendants agreed that they would provide certain training and policy documents dating back to 2004, as well as certain protest-related documents, such as after-action reports from the RNC protests, Occupy Wall Street demonstrations, and Black Lives Matter protests.  Defendants have provided training materials, and are in the process of

procuring additional responsive documents.   Many are in the possession of the undersigned's office, as the RNC and OWS demonstrations led to litigation, defended by this office, and materials were collected in the process of defending those matters.  Rather than further burdening our liaisons at NYPD with collecting the documents, we are attempting to locate them in-house.

Defendants have no objection to a meet-and-confer with plaintiffs' counsel to discuss this matter further.  Due to vacations over the holidays and illnesses on the team, as well as working to meet other court-imposed deadlines, we have not been able to respond to plaintiffs as promptly as hoped during the last several weeks, for which we apologize. Defendants nonetheless do not agree that certain documents cited to in plaintiffs' January 6, 2021 letter should be produced, as they are not relevant to plaintiffs' claims herein, or even can be produced, such as arrest-related documents of non-parties which may be sealed.  Defendants will propose dates/times for a meet and confer on this topic by tomorrow, January 13, 2021, and we hope to be able to resolve the issues herein at the meet and confer.

Thank you for your consideration herein.

Respectfully submitted,

*Dara L. Weiss s/*

Dara Weiss
*Senior Counsel*
Special Federal Litigation Division

cc:     ALL COUNSEL (via ECF only)