

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE  
CIVIL RIGHTS BUREAU

January 18, 2022

**By Electronic Filing**

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

      **Re:**   *In re: New York City Policing During Summer 2020 Demonstrations,*
              *No. 20-CV-8924*
              This Letter is Related to All Cases

Dear Judge Gorenstein:

We write on behalf of Plaintiffs in these consolidated cases regarding Defendants' ongoing failure to fully respond to Plaintiffs' First Consolidated Set of Interrogatories and Requests for Production of Documents (the "First Requests" – attached as **Ex. 1**), which Plaintiffs served on Defendants on March 25, 2021. Plaintiffs ask that this Court hold a conference and take all necessary steps to ensure that Defendants timely comply with their obligations to search for, collect, and produce by a date certain, all documents responsive to the First Requests.

Plaintiffs also note that Defendants' continued unreasonable delay of discovery poses substantial risks to the agreed-upon discovery schedule. As set out below, despite clear directions from the Court to move quickly, it took more than a month for Defendants to schedule enough meet and confer time to make it through the small fraction of issues we did — and Defendants *still* have not produced *or* identified what searches they've conducted for any documents in the majority of categories identified by Plaintiffs in September of last year as missing. Plaintiffs note this because if they cannot get the documents they were supposed to have by July 31 of last year well before higher-level depositions start just weeks from now, more disputes and, inevitably, more delays will surely follow.

      I.     **SUMMARY OF THE PARTIES' CONFERRALS**

At a conference on October 19, 2021, your honor directed the Parties to confer "as soon as possible" (Oct. 19, 2021 Tr., 19:10-11) on the substance of Plaintiffs' September 10 letter to Defendants (**Ex. 2**), in which Plaintiffs raised the concern that Defendants had failed to respond to dozens of items sought in the First Requests and, instead, merely reproduced certain materials that

had previously been collected and provided in 2020 to the New York City Department of Investigation ("DOI") and the New York State Office of the Attorney General ("OAG"). Defendants admitted that they had "initiated comprehensive searches for additional responsive materials" and that "production of many categories of materials [was] pending," (ECF No. 283, at 2), but provided no assurance in their papers or at the conference as to the date by which they would complete those searches and produce all responsive documents.

Now, some three months later, that conferral process has largely fallen apart, and Defendants have provided no date certain by which they will produce outstanding materials. In the last few weeks, Plaintiffs have returned to court several times to seek orders compelling Defendants to produce narrower categories of relevant discovery responsive to the First Requests that they admittedly possessed but had not yet produced. *See, e.g.*, ECF No. 331 (aviation footage); ECF No. 341 (documents relating to prior protest events). But the fact remains: Defendants have yet to produce (and in many cases, even fully search for) a wide range of responsive materials. In short, Defendants still have not even searched for most of the documents that should have been produced in July of last year.

Despite several hours-long conferrals and multiple requests for written follow-up, Plaintiffs have yet to receive from Defendants meaningful and complete answers to the status of Defendants searches for most of the categories of documents enumerated in their September 10 letter. And for those categories for which they have provided information, Defendants have yet to provide a date certain by which they will produce any documents. Indeed, aside from the previously ordered ESI productions and a handful of small productions of specific documents related to scheduled depositions, Defendants' only substantial production since July 31, 2021 has been a tranche of long-promised training documents, certain documents that Plaintiffs called for at depositions held weeks or months ago, and a scattershot of additional documents (that should have been produced by the July 31 deadline).

Most of the categories of documents from Plaintiffs' September 10 letter remain outstanding, and Plaintiffs' attempts to pry basic information about the status of Defendants' searches for them have been met with Defendants' ongoing obfuscation at each attempted conferral. In an attempt to close this gap, Plaintiffs' counsel emailed counsel for Defendants on December 2 a list of promised productions that Defendants had not yet provided, and outstanding questions regarding the status of Defendants' searches for many of the categories of documents from Plaintiffs' September 10 Letter. *See* **Ex. 3**. This inquiry included a bullet point list of 14 outstanding items on which Defendants had previously promised to follow up, and attached a table requesting information on 15 items about which Defendants had yet to provide *any* update. *See id*.

Nearly two weeks later, Defendants sent a series of emails providing the following minimal updates to Plaintiffs: that a production of training documents promised months ago was nearly ready for production, that command logs from arrest processing centers had finally been searched for and collected, and that certain arrest-related documents about which Plaintiffs had inquired purportedly did not exist or had already been destroyed. *See* **Ex. 4**. As for the remainder of Plaintiffs' inquiries, Defendants stated that "several documents are being prepared for production, and will be produced shortly. . . . and [unspecified] documents responsive to additional responses

[] are/will be contained in the email productions from the NYPD." *Id*. Counsel promised to "continue to keep [Plaintiffs] updated." *Id*. Since mid-December, no further updates have come about the status of numerous items about which Plaintiffs inquired, including, but not limited to, the following items:

| Discovery Request | Last Status Update from Defendants |
|---|---|
| **Request No. 8(h)** - All videos, including TARU videos, body-worn camera videos, and Aviation Unit videos | Regarding TARU videos, Defendants produced some TARU videos but have not confirmed they have produced all or what their search for videos entailed.<br><br>The parties met and conferred regarding ARGUS video last year and agreed that plaintiffs would provide maps showing the geographic area of the protests they would like to prioritize Defendants' search and the attendant time span. Plaintiffs provided an initial cache of protest maps to Defendants on December 15, 2021, but have received no response from Defendants. Plaintiffs requested a meet and confer on this issue on January 11, 2021 but Defendants have not responded to that request.<br><br>Further issues regarding Defendants' response to Plaintiffs' request for body-worn camera footage is detailed below. |
| **Request No. 8(j)** - Written reports of dispatch/radio calls during protests | This request seeks ICAD/SPRINT reports – which are in sum time-stamped event chronologies that are recorded in code - related to recorded NYPD communications and documents necessary to read and understand those reports. Plaintiffs have explained to Defendants that while they are in possession of a handful of these reports, they have not received them for all protests listed on Schedule A. Defense counsel has confirmed that it is in possession of additional responsive documents for this request but it has not produced those documents to Plaintiffs or offered any detail on which events the withheld documents pertain to. |
| **Request No. 8(n)** – MAPC intake processing records | Defendants have not provided any information regarding the search, collection, or production of these records. |

| **Request No. 8(o)** – Arrests by Officers based on alleged conduct at Protests and Arrests voided by the NYPD | Defendants have not provided any information regarding the search, collection, or production of these records. |
|---|---|
| **Request Nos. 9(e)** – Prisoner Pedigree Card documents (PD244-092) | Defendants have claimed that this information is on the MAPC command logs but have provided no other information about whether these documents exist or have been searched for or collected. |
| **Request No. 9(f)** – Arrest processing photographs | As part of the NYPD large-scale arrest processing Defendants employed, Defendants created numerous digital photographs of each arrestee, as well as photographs of each arrestee with the NYPD member(s) associated with them. Such photographs are routinely preserved and produced in criminal defense cases and civil litigation. Defendants have produced almost none of the thousands of arrest processing photographs that were taken related to the Protests.  Defense counsel has asserted that all such arrest processing photos were destroyed, but has not provided any details regarding the reason for that assertion or the circumstances surrounding, or protocols for, deletion of such photographs. |
| **Request No. 9(g)** – Mass Arrest Pedigree Label documents (NYPD244-093) | Defendants have claimed that this information is on the MAPC command logs but have provided no other information about whether these documents exist or have been searched for or collected. |
| **Request No. 9(i)** – Complaint worksheets and related documents | No update provided. |
| **Request No. 9(j)** – Online Prisoner Arraignment Reports | No update provided. |
| **Request No. 9(k)-(l)** – Records reflecting handling and disposition of arrestee property | No update provided. |
| **Request No. 9(q)-(r)** – Desk Appearance Tickets and related records | No update provided. |
| **Request No. 10** – Stop reports | No update provided. |

In addition, Plaintiffs requested but have received *no* information from Defendants on whether and how they have sought to supplement the following categories of documents, which thus far have only included documents previously collected and provided to OAG/DOI during their 2020 investigations:

| RFP No. | Specific Documents Requested |
|---|---|
| 8(a) | Intelligence reports, threat assessments, and information compiled and/or reviewed in advance of and during the Protests, including all Documents reflecting Officers' planning for policing the Protests, and any spreadsheets or other lists of "scheduled" and "unscheduled" events during the time period surrounding each Protest. |
| 8(c) | News clips, social media postings, and internet links gathered by the NYPD, including but not limited to such information and records gathered or created by the Office of the Deputy Commissioner for Public Information, the Intelligence Division, or otherwise, related to any Protest. |
| 8(d) | Requests for detail, Operations Unit (including Detail Section) records, "204s", "Who's Who," "Force Figures," "Detail Overview," roll calls, tactical plans, detail rosters, assignment sheets, internal communications, and other documents) concerning NYPD's deployment or assignment of Officers and resources relating to the Protests. |
| 8(e) | Command Log(s) and other records created as a result of or related to the operation any Incident Command Post utilized in connection with policing a Protest. |
| 8(f) | Records reflecting whether and, if so, by whom, when, and to what extent, dispersal orders or other warnings and opportunities to disperse or comply were given before enforcement action was taken at each Protest where force was used or detentions or Arrests were made. |
| 8(l) | TRI Reports, and any and all Incident Worksheets (PD370-154), and any and all TRI Incident-Investigating Supervisor's Assessment Reports (PD370-154A), any and all TRI Interaction Reports, all Unusual Incident Reports, including any and all other Documents relating to such reports and worksheets. |
| 9(c) | Online Booking System Arrest Worksheet (PD244-159) (including handwritten/scratch version). |
| 11 | Mass Arrest Reports. |
| 14 | Documents concerning incidents under investigation by Defendants. |
| 22 | Documents pertaining to the Corporation Counsel report. |
| 17, 30, 31, 35 | These requests variously seek responsive complaint and disciplinary records. Defense counsel has claimed that any responsive records sought here would be included in the IAB and CCRB productions that Defendants have previously produced. Plaintiffs, however, explained in their September 10 letter that Defendants' productions from IAB files merely reproduced productions made to the OAG or DOI in 2020 – meaning they have been limited to records that were extant a few weeks after the Protests had taken place. Defendants have subsequently refused to explain what, if any, steps they have taken to search for documents responsive to these requests that were not searched for, collected, and produced to the OAG or DOI in 2020, including but not limited to the many missing IAB records, and any other such documents pertaining to protests on Plaintiffs' Schedule A occurring after the time of the OAG and DOI productions. |

Similarly, Defendants are still delaying the necessary meet and confers regarding the metadata for the body worn camera videos, known as the audit trail logs. Plaintiffs moved to compel production of the audit trail logs on August 23, 2021. *See* Dkt. No. 242. Defendants objected by claiming that it was too burdensome to produce these logs, and the Court Ordered a meet and confer on the issue and encouraged the Defendants to bring someone who knew the technology to assist the conversation. *See* Dkt. No. 252. Defendants did, and during the conversation an NYPD officer who handles body worn camera productions admitted that the audit trail logs could be downloaded and produced in bulk. Defendants withdrew their objection as to burden, but still refused to produce the audit trail logs, now claiming they are not relevant. Plaintiffs dispute this, but to help resolve the dispute, proposed having the NYPD produce three example audit trail logs for three videos chosen by Plaintiffs, so the parties could have a more concrete discussion. Defendants agreed, and Plaintiffs provided three examples on September 16, 2021. But months have gone by and Defendants have still not provided the example logs they promised, despite multiple emails reminding them. They should be Ordered to produce these example audit trail logs within a week, and further Ordered to meet and confer regarding the audit trail logs shortly after. Defendants have recently produced hundreds of body worn camera files, some they produced before and some new, with no way to sort out which is which. The audit trail logs are key to sorting out this massive amount of video.

Finally, on Thursday, January 13, pursuant to the procedure set out in ECF 317, Plaintiffs sent a draft of this letter motion to Defendants, providing them with another opportunity to meet and confer on these issues. Though the 24-hour period set out in ECF 317 expired on Friday, Defendants have not yet responded in any way.

## II. THE COURT SHOULD ORDER DEFENDANTS TO PRODUCE ALL OUTSTANDING DOCUMENTS BY A DATE CERTAIN AND FULLY DISCLOSE WHETHER ANY SEARCHES REMAIN OUSTANDING

Defendants should be ordered to immediately produce those documents in their possession which they have already agreed to disclose and to meaningfully engage in the collection, review, and production of responsive documents covered by any other outstanding items in the Plaintiffs' First Requests as soon as practicable. Any further delay from Defendants in producing responsive documents, or even in articulating appropriate, specific objections, would further prejudice Plaintiffs' efforts to prepare for rapidly approaching depositions and ultimately ready their cases for trial.

Plaintiffs understand that this letter exceeds the five-page limit from Your Honor's rules, but respectfully request that you nevertheless accept it due to the number of outstanding items addressed above.

Sincerely,

*/s/ Conor Duffy*

Conor Duffy, Assistant Attorney General

                                                      Office of the New York State Attorney General
                                                      Civil Rights Bureau

CC: All counsel of record