Exhibit 2



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMESDIVISION OF SOCIAL JUSTICE
ATTORNEY GENERALCIVIL RIGHTS BUREAU

September 10, 2021

**By Email**

Dara L. Weiss
Senior Counsel
New York City Law Department
100 Church Street, New York, NY 10007
daweiss@law.nyc.gov

**In Re: New York City Policing During Summer 2020 Demonstrations**

Dear Dara,

  Plaintiffs have reviewed Defendants' productions in response to Plaintiffs' First Consolidated Sets of Interrogatories and Requests for Production of Documents (the "Requests"), which Plaintiffs served on Defendants on March 25, 2021. Although Defendants claim to have completed production of all documents responsive to the Requests, Plaintiffs have identified a number of significant remaining deficiencies, including numerous categories of documents missing from Defendants' productions. Plaintiffs write to request an immediate conferral regarding the deficiencies summarized below with persons from the Law Department, New York City Police Department (NYPD), and/or Office of the Mayor (OTM) who have personal knowledge of the nature and extent of Defendants' searches for documents (including ESI) responsive to the Requests.

  **I.**  **Defendants' Responses and Objections to the Requests**

  Following several conferrals among the parties in late May and early June, Defendants served their Second Amended Responses and Objections to the Requests on June 18, 2021. In numerous responses, Defendants claimed that they were "not currently withholding documents," that they were "continuing to search for additional documents," and they would supplement their response on a rolling basis by no later than July 31, 2021.

Defendants subsequently provided a series of rolling productions in response to the Requests[1], as summarized in the table below:

| Date of Production | No. Docs | Bates Range |
| --- | --- | --- |
| April 7, 2021 | 104 | DEF000001-DEF000498 |
| May 26, 2021 | 517 | DEFVID_00000001-DEFVID_00000517 |
| June 30, 2021 | 2,312 | DEF0000499-DEF0029778 |
| July 1, 2021 | 78 | DEF0029779-DEF0031033 |
| July 8, 2021 | 113 | DEF0031034-DEF0046134 |
| July 15, 2021 | 10,001 | DEF0046135-DEF0075579 |
| July 22, 2021 | 29,957 | DEF0075580-DEF0157434 |
| July 30, 2021 | 32,638 | DEF0157572-DEF0281483 |
| August 4, 2021 | 631 | DEF0281484-DEF0282114 |
| August 14, 2021 | 1,725 | DEF0282115-DEF0286985 |
| August 14, 2021 | 42,924 | Bates numbers forthcoming[2] |

Simultaneously, and pursuant to an order of the Court, Defendants produced periodic "algorithm" letters[3] that provided updates to Plaintiffs regarding the search progress made by Defendants. In these letters, Defendants represented that they were reviewing documents produced to the Department of Investigation ("DOI") and the New York State Office of the Attorney General ("OAG"), and described their "ongoing" searches for other documents responsive to the Requests. Defendants' final letter, on July 29, 2021, stated that they had "completed [their] review of the 45,000 documents that we previously listed were in [their] possession, and they have all been produced." Defendants described the following documents as having been produced:

> Administrative Bulletins regarding the curfew, unusual disorder guides, MAPC training memos, requests for department helicopters . . .various patrol guide sections and FINEST messages, including messages regarding displaying a shield and interacting with the press, gear distribution policies; Chief of Department arrest statistics from May 28, 2020 to June 7, 2020; Information regarding TACTICS course certifications; internal analyses of arrests, summonses, and injuries; various spreadsheets from Intel regarding the May-June 2020 protests; various video and radio recordings, including certain radio audio from the Mott Haven protests; medical division statistics; . . . a list of Operation commanders, borough commanders and incident commanders for May 28, 2020 through June 20, 2020; .

---

[1] Defendants have separately provided individual productions of documents pertaining to witnesses being deposed by Plaintiffs. Many of these documents are separately responsive to the Requests with a bates range of DEF_DEP_000001-DEF_DEP000907, but are not included in the summary table below.

[2] Defendants produced some responsive files held by the Civilian Complaint Review Board ("CCRB") in native format pursuant to an August 9, 2021 Order from the Court, but Defendants did not apply bates numbers to these documents. Plaintiffs have applied bates numbers pursuant to the parties' production specifications stipulation, with color images produced as JPEGs to preserve image integrity, and will be re-producing the CCRB documents to Defendants.

[3] Defendants sent five such letters: June 21, 2021; July 1, 2021; July 8, 2021; July 19, 2021; and July 29, 2021.

> . . . documents relied upon in the creation of the Corporation Counsel report, including training documents, old and current patrol guide sections, operations reports, protest deployment numbers and muster point locations, arrest statistics from previous years, various non-NYPD documents regarding trauma and mental health, bereavement leave[;] . . . Intel Daily briefings from June 2020, operations recaps from June 2020, Intel Situation Reports, tactical plans, reports of damage to property, TARU video from protests after July 2020, social media information related to the protests; [and] documents received from the tapes and records department, which includes 911 reports for all 83 protest locations, audio and video records from the protests and incident recreations from the protests, where they were completed.

Defendants did not indicate that any further search for or review of documents was ongoing, other than that they were "in the process of collecting ESI material." When Plaintiffs have raised concerns about, or asked questions regarding, non-communications ESI collections and searches in previous meet and confers and communications, Defendants have taken the position that Plaintiffs are not entitled to know what collections and searches have been conducted.

## II. Plaintiffs' Review of Defendants' Productions

Defendants purport to have completed their production of all responsive documents. But Plaintiffs' review of the productions has revealed that the vast majority of the documents that Defendants have produced to date constitute mere reproductions of documents produced by the NYPD in 2020 to the New York City Department of Investigation ("DOI") and the New York State Office of the Attorney General ("OAG"), or documents recently provided directly from the CCRB. To wit, the table below summarizes the source of all documents within Defendants' productions to date:

| Source | No. Docs | Percent of Production |
|---|---|---|
| Files Produced by NYPD in 2020 to OAG | 38,707 | 32.2%[4] |
| Files Produced by NYPD in 2020 to DOI & DOI Investigative Files | 31,553 | 26.2% |
| IAB Files Produced to DOI & OAG | 1,725 | 1.4% |
| Open and Closed CCRB Investigative Files | 43,003 | 35.8% |
| Files from NYPD Deputy Commissioner, Public Information | 3,027 | 2.5% |
| OTHER | 863 | .7% |
| TARU Video Footage | 1,148 | .9% |

---

[4] Based on a metadata comparison, nearly 79,000 (approximately 65%) of all files Defendants have produced with bates numbers in this litigation are duplicative of documents that either the NYPD or CCRB previously produced to the OAG during its pre-suit investigation between June and December 2020. While this table lists 32.2% were produced to OAG, some pre-suit documents collected by OAG were also duplicates of documents in the IAB, CCRB, and DOI productions listed separately in this table.

3

As summarized above, more than 95% of the documents that Defendants have produced to date with bates numbers are either a reproduction of files already provided to government agencies in 2020, TARU videos, or the recently produced open and closed CCRB files. Among the remaining files, most are from the NYPD Office of the Deputy Commissioner for Public Information. Only approximately 863 (less than 1%) appear to be from other sources that Defendants have searched independently from their collection of documents already gathered and produced in 2020.

This raises several questions. First, why did it take Defendants more than 5 months to re-produce to Plaintiffs the approximately 70,000 documents that they had already collected and produced in 2020? And to what extent have Defendants engaged in searches for documents (including ESI) that are responsive to the Requests, but which were not previously produced to DOI or OAG?

It is apparent to Plaintiffs that the answer to the latter of these questions is that Defendants have failed to engage in any serious search for such documents in responding to the Requests. That is clear, because Plaintiffs have identified a large number of categories of documents described specifically in the Requests that are not in Defendants' productions, and to which Defendants have not specifically objected, or accounted for in their algorithm letters.

While many or most of the documents previously produced to DOI and OAG are clearly responsive and relevant to the claims and defenses at issue in this litigation, they alone do not constitute a complete response to the Requests.[5] By way of example, whereas DOI requested certain limited subsets of operational documents pertaining to some protests (*see, e.g.*, DEF_000164094—requesting arrest reports, TRI reports, command logs, medical treatment of prisoner forms), Plaintiffs' Requests in this litigation are far broader and have specifically identified multiple categories of responsive documents created by NYPD during the protests. In addition, Plaintiffs' requests include protests that occurred *after* the production of documents to DOI and OAG, and so those productions will obviously not include documents pertaining to such protests. Because the majority of Defendants' productions are simply repackaging of prior collections of documents gathered in Fall 2020, they omit clearly responsive documents.[6]

And so Plaintiffs have identified a large number of categories of documents that have not been included in Defendants' production. Specifically, Plaintiffs' review indicates that Defendants have not produced at least the following categories of responsive documents:

---

[5] Defendants produced 10 separate DOI requests made to NYPD dated between June 5, 2020 and November 22, 2020 at DEF_00164088-DEF00164107, DEF_000228533-DEF_00228534.

[6] Indeed, Defendants' July 8, 2021 algorithm letter underscores this point, stating that Defendants' forthcoming production would include certain categories of responsive documents for periods only covering portions of the dates listed on schedule A. For example, Arrest Reports (6/8-7/31), Summonses (5/29-7/29), TRIs (6/8-7/31), zOLPA arrests (6/21-7/31), MTP forms (5/28-6/8). Defendants have not supplemented the production to include documents for all protests listed on Schedule A, instead relying on what had been previously provided to DOI and OAG.

| RFP No. | Specific Documents Requested |
|---|---|
| 3 | Documents concerning policies, procedures, directives, and training materials relating to any and all subjects described in Request No. 1 promulgated during or following any protest events in the past 10 years concerning the deaths of persons in police custody or whose deaths were otherwise caused by an Officer, including, but not limited to, Ramarley Graham, Akai Gurley, Eric Garner, Delrawn Small, and Sean Bell. |
| 4 | Documents concerning policies, procedures, directives, and training materials relating to any and all subjects described in Request No. 1 promulgated during or following protests regarding the 2004 Republican National Convention or any of the lawsuits related to the policing of those protests. |
| 8(h)-(i) | All videos, including TARU videos, bodyworn camera videos, and Aviation Unit videos; All audio recordings, including audio recordings of NYPD Citywide and other radio communications. |
| 8(j) | SPRINT reports related to recorded communications (and documents sufficient to decipher such SPRINT reports). |
| 8(m) | Command Log(s) from each arrest processing location to which a person arrested in connection with a Protest was brought, including any Mass Arrest Processing Center ("MAPC"). |
| 8(n) | MAPC intake and processing records. |
| 8(o) | Documents sufficient to identify the number of such Arrests voided by the NYPD. |
| 8(p) | For any Officer who was injured during any Protest, any related Line of Duty injury paperwork, including but not limited to AIDED Report(s), witness statement(s), and medical records. |
| 8(q) | For any non-Officer injured related to a Protest, all records related to such injury, including any AIDED Report, Medical Treatment of Prisoner Form, Central Booking Medical Screening Form, Ambulance Call Report, Computer Aided Dispatch, FDNY Pre-Hospital Care Report, and other documents related to such injury. |
| 9(c)-(d) | Online Booking System Arrest Worksheet (PD244-159) (including handwritten/scratch version); Arrest Report – Supplement (PD244-157). |
| 9(e) | Prisoner Pedigree Cards (PD244-092). |
| 9(f) | Arrest processing photographs, including digital movement slips and photographs taken as part of NYPD large-scale or mass arrest processing. |
| 9(g) | Mass Arrest Pedigree Label (244-093). |
| 9(i) | Complaint Report Worksheet (313-152A) and Omniform Complaint Revision (including handwritten/scratch versions). |
| 9(j) | Online Prisoner Arraignment ("OLPA") Reports. |
| 9(k)-(l) | Property Clerk Invoice (521-141); Records reflecting the disposition of property recorded in each such Property Clerk Invoice. |
| 9(q)-(r) | Desk Appearance Ticket (PD 260-121); Desk Appearance Ticket Investigation Sheets (360-091). |

| | |
|---|---|
| 10 | Stop Reports. |
| 17 | Documents concerning Officers receiving discipline for misconduct occurring during the Protests, or who have been recommended to receive discipline for such misconduct. |
| 18 | Documents concerning communications from May 25, 2020 to present between and among any and all NYPD personnel and personnel of the Office of the Mayor, including Mayor de Blasio or his designees, and the Mayor's Office of Criminal Justice, regarding NYPD's planning for and response to any protest anticipated to take place in New York City following the death of George Floyd, including but not limited to the Protests. |
| 19 | Documents concerning communications about any protest anticipated to take place in New York City following the death of George Floyd, including but not limited to the Protests from May 25, 2020 to present, by Defendants Mayor de Blasio, Commissioner Shea, Chief Monahan, and all Borough Commanders, and Deputy Commissioner of Intelligence John Miller. |
| 20 | Documents received by, referenced, or reviewed by Mayor de Blasio, Commissioner Shea, and/or Chief Monahan, Borough Commanders, Deputy Commissioner of Intelligence John Miller, and Incident Commanders documenting occurrences and/or interactions between Officers and civilians at any and all Protest Locations from May 28, 2020, to present. |
| 25 | Documents concerning reports, reviews, communications, discussions, assessments, and analyses, including but not limited to after-action reviews, Sentinel Event reviews, postmortem reviews, and project debriefs, concerning the NYPD's deployment of officers to protests related to Occupy Wall Street (2011-2012) and in response to the death of Eric Garner (2014-2015). |
| 26 | Documents concerning the decision by then-District Judge Richard Sullivan concerning defendant Monahan's actions as reported in *Dinler v. City of New York*, No. 04 Civ. 7921 (RJS) (JCF), 2012 U.S. Dist. LEXIS 141851, at *27-39 (S.D.N.Y. Sept. 30, 2012), including but not limited to discipline of defendant Monahan, changes in policies, directives, orders, and/or instructions concerning group arrests. |
| 27 | Documents concerning the jury's verdict against defendant Monahan in *Abdell v. City of New York*, No. 05 Civ. 8453 (RJS) (S.D.N.Y.), including but not limited to discipline of defendant Monahan. |
| 28 | Documents concerning the payment of the punitive damages awarded in *Abdell v. City of New York*, No. 05 Civ. 8453 (RJS) (S.D.N.Y.). |
| 30 | Documents concerning any complaint made to, or investigation by the NYPD or CCRB, of any NYPD officer displaying a "white power" symbol during any of the Protests. |
| 31 | Documents concerning any complaint made to or investigation by the NYPD or CCRB, of any NYPD officer for making racist statements or for racist conduct, including but not limited to, racial profiling. |
| 35 | Documents concerning any discipline of any NYPD officer for use of racist language during the Protests. |
| 36 | Unusual Incident reports (UF-49s), after-action reports, to/from memoranda, and Mass Arrests Reports, made or maintained at any time, concerning the following protests: |

|    |    |
|----|----|
|    | a) World Economic Forum protests in 2002;<br>b) Republican National Convention protests in 2004;<br>c) Occupy Wall Street in 2011 and 2012;<br>d) Black Lives Matter protests between 2013 and 2020;<br>e) Pro-Trump car caravans on November 1, 2020. |
| 37 | Documents concerning complaints, made at any time, alleging NYPD excessive force and use of racial epithets during policing of each protest listed in Request No. 36. |

Crucially, in addition to these missing categories of documents, it is unclear whether Defendants have sufficiently searched for and collected documents that may additionally be responsive but which were not included in the 2020 productions to DOI and OAG. Because NYPD's productions of documents to DOI and OAG were made in batches during the protest period and only up to the final months of 2020, they also would not contain documents that have subsequently been created or identified that are responsive but which were not produced to DOI or OAG, or which pertain to protests from Schedule A occurring after these productions were made in 2020. This is particularly relevant for disciplinary records, IAB investigation records, and CCRB records, but other types of documents such as after-action reports or any other documents looking back at the protests would not have been in any production made in 2020.[7] To that end, we need Defendants to confirm whether all documents responsive to the below Requests have been searched for and produced:

| RFP No. | Specific Documents Requested |
|---------|------------------------------|
| 8(a) | intelligence reports, threat assessments, and information compiled and/or reviewed in advance of and during the Protests, including all Documents reflecting Officers' planning for policing the Protests, and any spreadsheets or other lists of "scheduled" and "unscheduled" events during the time period surrounding each Protest |
| 8(c) | News clips, social media postings, and internet links gathered by the NYPD, including but not limited to such information and records gathered or created by the Office of the Deputy Commissioner for Public Information, the Intelligence Division, or otherwise, related to any Protest; |
| 8(d) | Requests for detail, Operations Unit (including Detail Section) records, "204s", "Who's Who," "Force Figures," "Detail Overview," roll calls, tactical plans, detail rosters, assignment sheets, internal communications, and other documents) concerning NYPD's deployment or assignment of Officers and resources relating to the Protests |
| 8(e) | Command Log(s) and other records created as a result of or related to the operation any Incident Command Post utilized in connection with policing a Protest; |
| 8(f) | Records reflecting whether and, if so, by whom, when, and to what extent, dispersal orders or other warnings and opportunities to disperse or comply were given before enforcement action was taken at each Protest where force was used or detentions or Arrests were made |

---

[7] Plaintiffs have separately inquired about Defendants' search for IAB files that were not previously produced to DOI or OAG.

| 8(l) | TRI Reports, and any and all Incident Worksheets (PD370-154), and any and all TRI Incident-Investigating Supervisor's Assessment Reports (PD370-154A), any and all TRI Interaction Reports, all Unusual Incident Reports, including any and all other Documents relating to such reports and worksheets; |
|---|---|
| 9(c) | Online Booking System Arrest Worksheet (PD244-159) (including handwritten/scratch version); |
| 11 | Mass Arrest Reports |
| 14 | Documents concerning incidents under investigation by Defendants. |
| 22 | Documents pertaining to the Corporation Counsel report. |

Lastly, as should be apparent from the above, Plaintiffs wish to emphasize that no documents appear to have been collected from the OTM or any other agency of Defendant City aside from the NYPD, CCRB, and DOI. While Defendants have advised that they are collecting and reviewing ESI communications from OTM, Plaintiffs see no reason why the productions to date have not included any non-ESI documents from the office of one of the primary defendants in this litigation. Please be prepared at our meet and confer to address this core deficiency, including what searches for responsive documents have been performed, when they were performed, and whether any responsive documents have been identified and/or withheld.

### III.  Missing CCRB Files

Plaintiffs also note the absence of files pertaining to a number of CCRB investigations from Defendants' August production of open and closed CCRB files. Specifically, we were unable to locate any files pertaining to the following CCRB investigations that should have been included in Defendants' production:

- CCRB # 202004278 (Rayne Valentine)
- CCRB# 202004705 (Colleen McCormack-Maitland)

As Plaintiffs' review of these files remains ongoing, Plaintiffs may identify further omissions of responsive CCRB files and reserve their right to add to this list at that time.

### IV.  Request for Immediate Meet & Confer

We request an immediate meet & confer on Defendants' failure to produce these documents. To ensure that the parties' conferral is meaningful, Defendants must bring persons specifically knowledgeable about the nature, extent, and methods Defendants have engaged in searches for documents responsive to the Requests. Please advise of your availability to confer on Monday or Tuesday of next week.

Sincerely,
*/s/ Travis England*
Travis W. England
Deputy Bureau Chief
Civil Rights Bureau