

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*\*Not for service*

January 24, 2022

**BY ECF**
Hon. Colleen McMahon
Hon. Lewis A. Kaplan
United States District Court - Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *In Re: New York City Policing During Summer 2020 Demonstrations*,
                 20 Civ. 8924 (CM)(GWG) – This filing relates to all cases

                 *Britvec, et al. v. City of New York, et al.,* 21-cv-10759 (LAK)(KNF)

                 <u>*Casablanca-Torres v. City of New York, et al.*, 21-cv-10832 (LAK)(JLC)</u>

Your Honors:

      I am co-counsel for the Plaintiffs in the *Sow, et al. v. City of New York, et al.*, 21 Civ. 533 (CM)(GWG); *Hernandez, et al. v. City of New York, et al.*, 21 Civ. 7406 (CM)(GWG)*;* and *Minett v. City of New York, et al.*, 21 Civ. 8161 (CM)(GWG), cases that are consolidated for pre-trial purposes, along with several other cases, before Judge McMahon and Hon. Gabriel W. Gorenstein under the *In Re: New York City Policing During Summer 2020 Demonstrations* docket, 20 Civ. 8924 (the "Consolidated Actions"). I am also co-counsel for the Plaintiffs in six cases that were originally filed in the Supreme Court of the State of New York, in New York County on behalf of a number of individual Plaintiffs who, for various reasons, would opt out of any class this Court might one day certify related to the Consolidated Actions and decided to file their own lawsuits in the Stat e of New York (collectively, the "Removed Actions")[1], which Defendant City and several other individual Defendants in the Removed Actions who are named as Defendants in the Consolidated Actions removed to this Court in late December 2021. The Removed Actions include the *Britvec* and *Casablanca* cases that are the subject of this letter, which, as seen below, Judge Kaplan directed Plaintiffs' counsel to write following the recent initial pretrial conferences in those matters. Since this letter is written in response to Judge Kaplan's order in the *Britvec* and *Casablanca* matters, it only addresses the potential relationships among *Britvec/Casablanca* and the Consolidated Actions.

---

[1] In addition to the *Casablanca* and *Britvec* matters, those cases are: *Sharma v. City of New York*, 21 Civ. 10892 (ER) (BCM); *DeLuca v. City of New York,* 21 Civ. 10777 (AJN) (KHP); *Sukana v. City of New York*, 21 Civ. 10899 (LJL) (BCM); and *Rodriguez v. City of New York*, 21 Civ. 10815 (PKC) (DCF).

1

**Relevant Factual Background on the Consolidated Actions and the Removed Actions**

The six *Britvec* and *Casablanca* Plaintiffs were injured and arrested on June 3, 2020 by New York City Police Department ("NYPD") members while attending the same Black Lives Matter demonstration near Gracie Mansion in Manhattan. Both Complaints name a number of high-level New York City and NYPD officials, who are also named as Defendants in the Consolidated Actions. In both the *Britvec* and *Casablanca* cases, one Defendant – NYPD Officer Ryan Costello – was assigned to process the arrests of the named Plaintiffs, and he is a main "line officer" in common in both cases, who processed their arrests and eventually swore out charges against them. Beyond that, the events at the *Britvec/Casablanca* protest location, and the experiences of various parties and witnesses in the Consolidated Actions against whom NYPD members used force and who were arrested by NYPD members at that location, feature prominently in several of the flagship pleadings in the Consolidated Actions. *See, e.g., Sow* FAC, ¶¶ 84-85, 284-309; FAC in *People of the State of New York v. City of NY, et al.*, Dkt. 94, ¶¶ 57, 237-246, 347-354; FAC in *Wood, et al. v. City of NY, et al.*, Dkt. 100, ¶¶ 60-64.

With the exception of the allegations specific to the experiences of the *Britvec* and *Casablanca* Plaintiffs and the conduct of the individual Defendants in those cases who interacted with them, *see, e.g., Britvec* Complaint ¶¶ 49-97 and *Casablanca* Complaint ¶¶ 2; 55-137, the allegations in the *Britvec* and *Casablanca* Complaints are virtually the same as the allegations in the *Sow* FAC. Although the experiences of the *Britvec* and *Casablanca* Plaintiffs are, obviously, unique to them, they arose in the context of a mass arrest that is the subject of litigation in the Consolidated Actions. Specifically, the protest date, time, and location at which the *Britvec* and *Casablanca* Plaintiffs were arrested is listed as Protest No. 43 in the "Schedule A" list of protest locations about which Plaintiffs' counsel in the Consolidated Actions have sought, and Defendants have eventually provided (or promised to provide), extensive document discovery – often after significant litigation and, ultimately, rulings from Judge Gorenstein – and about which the parties in the Consolidated Actions have conducted, and in some cases are still conducting, relevant depositions.

Additionally, both the *Britvec* and *Casablanca* Complaints plead *Monell* claims identical to those in *Sow* – and those claims are supported by the exact same allegations pleaded in *Sow*. Compare, *e.g., Sow* FAC ¶¶ 421-509 *with Britvec* Complaint ¶¶ 98-204 *and Casablanca* Complaint ¶¶ 146-231. In support of those *Monell* claims, both *Britvec* and *Casablanca* also purport to incorporate by reference the allegations in the operative pleadings in the Consolidated Actions. In the Consolidated Actions, Defendant City and a number of other individual Defendants who are also named in the Removed Actions moved to dismiss the majority of the *Monell* claims pleaded in the *Sow* Complaint, which the *Britvec* and *Casablanca* Complaints plead in the same words. *See* 2021 US Dist LEXIS 128437 (SDNY July 9, 2021) (the "MTD Decision"). Following the MTD Decision, in the Consolidated Actions, Defendants have eventually provided (or promised to provide) extensive document discovery related to the *Monell* claims pleaded in *Sow* and the other Consolidated Actions – often after significant litigation and, ultimately, rulings from Judge Gorenstein. Beyond that, in the Consolidated Actions, dozens of high-level NYPD depositions, including fact witnesses and witnesses who will testify pursuant to Fed.R.Civ.P. 30(b)(6), are slated to begin in the coming weeks as to the *Monell* claims in the Consolidated Actions.

**Relevant Procedural History of *Britvec* and *Casablanca***

Within a few days of Defendants' removing the Removed Actions in late December, on December 28, 2021, Plaintiffs' counsel in *Britvec* and *Casablanca* wrote the various lead counsel for Defendants in the Consolidated Actions, as well as all defense counsel who had appeared in the Removed Actions, to inform them of Plaintiffs' position that the Removed Actions were at least potentially related within the meaning of Local Civil Rule 1.6 ("Rule 1.6") and Rule 13 of the Rules for the Division of Business Among District Judges ("Rule 13") to the Consolidated Actions. We also informed defense counsel of our position that Local Civil Rule 1.6(a) and Rule 13(b)(1) obligated Defendants to inform the Court of the potential relatedness among the Removed Actions, including *Britvec* and *Casablanca*, and the Consolidated Actions, when Defendants filed for removal of the Removed Actions, to enable the Court to make a determination about the potential relatedness issues as soon as possible. On January 4, 2022, counsel for Defendant City responded:

> By sending your emails on several removed cases asking if this office will be marking those cases as potentially related, you acknowledge that you are aware of what you believe is a potential relationship, so defendants assert that it is your duty under the rule to bring it to the attention of the court. We do not agree that the cases are related. It is our contention that each individual case is just that; individual. Just because they all arose out of protests does not make them related, in our view. Defendants do not agree that the cases are even potentially related, so we will not be notifying the court of any relatedness.

Plaintiffs' counsel then reached out to and conferred with the four individual Assistant Corporation Counsels assigned to *Britvec* and *Casablanca,* who confirmed that was the Law Department's position in these cases. Notably, in meeting and conferring with opposing counsel for the Rule 26(f) conferences in *Britvec* and *Casablanca*, it did not appear counsel had either access to or familiarity with the discovery that has been exchanged, or other aspects of the litigation that has taken place, in the Consolidated Actions. Rather, it appeared counsel in *Britvec* and *Casablanca* were essentially starting from scratch in their investigations into the allegations and claims involved in the pleadings and access to discovery their clients have already produced in the Consolidated Actions. For example, although Judge Gorenstein has issued unsealing orders covering myriad records related to the summer 2020 protests, defense counsel in *Britvec* and *Casablanca* have required releases to (re-)unseal (just the) *Britvec* and *Casablanca* Plaintiffs' records and claimed the need for those releases to begin investigation and responding to the allegations in the pleadings.

On December 20 and 21, 2021, Judge Kaplan scheduled initial pretrial conferences in *Britvec* and *Casablanca* for January 20, 2022. On January 20, 2022, Judge Kaplan presided over a joint initial pretrial conference in both the *Britvec* and *Casablanca* matters. Near the outset of the conference, I said in substance that I believed the two cases were certainly related to each other, and that they were also at least potentially related to the Consolidated Actions. Judge Kaplan subsequently directed that Plaintiffs' counsel file a letter by today addressed to both of Your Honors setting out the *Britvec* and *Casablanca* Plaintiffs' positions as to relatedness, to be followed by a similar letter from defense counsel in those cases. *See Britvec* Dkt., January 20, 2022 Minute Order.

3

### *Britvec* and *Casablanca* are related to each other and Potentially Related to the Consolidated Actions

*Britvec* and *Casablanca* are related to each other and at least potentially related to the Consolidated Actions within the meaning of Local Civil Rule 1.6(a) and Rule 13(a)(1). Plaintiffs respectfully submit that the relationship between *Britvec* and *Casablanca* is clear. As to *Britvec*/*Casablanca* and the Consolidated Actions, each of the factors in Rule 13(a)(1) weighs in favor of recognizing the potential relationship, and the Courts' sorting out how the potential relationship merits treating the cases moving forward. The remainder of Plaintiffs' comments in this section relate to the potential relationship between *Britvec*/*Casablanca* and the Consolidated Actions.

The first two factors to be considered under Rule 13(a)(1) are whether "(A) The actions concern the same or substantially similar parties, property, transactions, or events" and "(B) there is substantial factual overlap." *See* Rule 13(a)(1)(A) and (B). *Britvec, Casablanca,* and the Consolidated Actions all share the same high-level New York City and NYPD Defendants, against whom discovery is proceeding in the Consolidated Actions. The Complaints in *Britvec, Casablanca,* and a number of the flagship Consolidated Actions plead allegations regarding the same events: a June 3, 2020 mass kettle involving excessive force and mass arrests in which Plaintiffs from both *Britvec* and *Casablanca* as well as Plaintiffs and witnesses in the Consolidated Actions were brutalized and arrested at the same date, time, and location, then subjected to lengthy mass arrest processing, ultimately ending in their release with false charges – in the case of Mr. Britvec and Mr. Casablanca, sworn out by the same NYPD member. And both the *Britvec* and *Casablanca* actions plead *Monell* claims that are identical to those pleaded in *Sow.* There is therefore substantial factual overlap, both because the *Britvec* and *Casablanca* Plaintiffs, and Plaintiffs and witnesses in the Consolidated Actions, experienced similar NYPD misconduct at the same date, time, and location, which has been and is the subject of discovery in the Consolidated Actions, and because, as seen above, the *Britvec* and *Casablanca* Plaintiffs' *Monell* claims are identical to those that also have been and are the subject of substantial and ongoing discovery in the Consolidated actions.

The third and fourth factors to be considered under Rule 13(a)(1) are whether "(C) the parties could be subject to conflicting orders" and "(D) there would be a substantial duplication of efforts and expense, delay, or undue burden on the Court, parties, or witnesses" absent a determination as to potential relatedness. *See* Rule 13(a)(1)(C) and (D). There is real – and, indeed, imminent – danger that the parties will be subject to conflicting orders, duplication of efforts, expense, delay, and burden if the Removed Actions are litigated as if they have no relationship to the litigation in the Consolidated Actions. For example, defense counsel in *Casablanca* has stated that Defendants may move for a stay on the grounds that there are pending NYPD Internal Affairs Bureau ("IAB") and/or New York City Civilian Complaint Review Board ("CCRB") investigations. However, in the Consolidated Actions, Judge McMahon in substance informed defense counsel that the Court would not issue such a stay, and Defendants ultimately did not move for one. And later, when defense counsel resisted producing records regarding ongoing CCRB and IAB investigations – including records that would cover the arrest location at issue in *Britvec* and *Casablanca* - in the Consolidated Actions, Judge Gorenstein ordered Defendants to produce the contested CCRB and IAB records, including in open cases. Moreover, defense counsel in

*Casablanca* has said the *Casablanca* Defendants may make a motion to dismiss related to the *Monell* claims – the very claims Judge McMahon ruled on in the MTD Decision. Beyond that, in the Consolidated Actions, the parties have litigated, and/or Judge Gorenstein has entered into orders related to, clawing back discovery, unsealing records in the possession of the NYPD, other governmental agencies, and local prosecutors' offices, and various confidentiality orders, as well as a weft of discovery disputes. Relatedly, the hotly contested discovery in the Consolidated Actions, ably supervised by Judge Gorenstein, has resulted in the production of records, including, but not limited to, arrest and arrest processing records, body-worn camera and other NYPD video, records regarding CCRB and IAB investigations, and extensive *Monell* discovery, to name a few categories of discovery, all of which, it seems to Plaintiffs' counsel, should be readily in play in *Britvec* and *Casablanca*. Even past that, there are "line officer" and supervisor fact witness depositions that have taken place, as well as higher-level, including *Monell*-related, depositions scheduled to take place, in the Consolidated Actions, that are relevant to the *Britvec* and *Casablanca* Plaintiffs' claims. However, as noted above, defense counsel in the *Britvec* and *Casablanca* cases appear to be in sum starting from scratch in terms of their access to information and documents from their clients related to Plaintiffs' core claims in the *Britvec* and *Casablanca* matters, and have not appeared familiar with what has and has not been gathered/disclosed in the Consolidated Action. Under these circumstances, Plaintiffs' counsel respectfully submits that several sets of attorneys litigating the same claims based on the same facts before several different United States District Judges and United States Magistrate Judges is likely to lead to substantial duplication of efforts and expense, delay, and burden, if not conflicting orders, unless there is a high level of coordination and supervision.

If the Court determines that the *Britvec/Casablanca* cases are sufficiently related to the Consolidated Actions such that they should be transferred to Judge McMahon and Judge Gorenstein, we ask that the Court not stay *Britvec/Casablanca*, as we understand the Court has done with some other cases that the Court has accepted as related. At a minimum, Plaintiffs' counsel believe there is discovery related to the *Britvec/Casablanca* Plaintiffs' individual experiences and core claims specifically related to those experiences that the parties could, and should, conduct. Some of that discovery – such as obtaining records and information sufficient to identify the John and Jane Does named in the operative pleadings – Plaintiffs would strongly prefer to conduct sooner rather than later, if possible, with the benefit of the litigation and discovery that has taken place in the Consolidated Actions. Notably, counsel for the parties in a number of cases that the Court accepted as related to, and which were consolidated into, the Consolidated Actions, have negotiated agreements, which Judge Gorenstein has endorsed, under which the parties are pursuing certain discovery on the same schedule as the fact discovery in the Consolidated Actions, with the exception that other discovery specifically related to the individual experiences of the Plaintiffs in those cases shall close three months after the close of fact discovery in the Consolidated Actions. *See Gray, et al. v. City of New York, et al.,* 21-cv-6610 (CM)(GWG), Dkt. 28; *Hernandez, et al. v. City of New York, et al.,* 21-cv-7406 (CM)(GWG), Dkt. 28; *Minett v. City of New York, et al.,* 21-cv-8161 (CM)(GWG), Dkt. 21.

However the Court rules on the relatedness issue, given the direct overlap between the pleadings, claims, and discovery, Plaintiffs' counsel have been, and continue to be, baffled that the Law Department has refused to treat the cases as at least *potentially* related, including by ensuring that the investigations and discovery that have occurred related to the

5

Consolidated Actions are available to the attorneys litigating the Removed Actions. Because the Removed Actions were, at face value, at least potentially related to the Consolidated Actions, Rule 13(b)(1) required that, when the case was "removed…the person [or people]…removing" – in this case, the removing Defendants - were required to disclose "on form JSC44C" – the Civil Cover Sheet – "any contention of relatedness" and "file a Related Case Statement stating clearly and succinctly the basis for the contention." *See* Rule 13(b)(1). Although both parties have obligations under Rule 1.6(a) and Rule 13 to inform the Court of potentially related cases, in this matter, it was Defendant City (and other individual Defendants represented by the Law Department) who removed the Removed Actions to this Court, then refused to treat the Removed Actions as even potentially related. We believe, and respectfully submit that, relief under Local Civil Rule 1.6(b) is appropriate on these facts.

Plaintiffs and Plaintiffs' counsel thank the Court for the Court's attention to these matters.

Respectfully submitted,

/S/

Gideon Orion Oliver

cc: Opposing counsel of record (by ECF)