

| | | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **AMY ROBINSON**<br>*Senior Counsel*<br>arobinso@law.nyc.gov<br>Phone: (212) 356-3518<br>Fax: (212) 356-1148 |

**By ECF**                                                                                                      January 31, 2022
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   In Re: *New York City Policing During Summer 2020 Demonstrations*,
     No. 20 Civ. 8924 (CM) (GWG)
     Pertaining to *Gray, et al., v City of New York, et al.*, 21-cv-6610 (CM)

Your Honor:

  I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York and I am among counsel for the defense in the above-referenced matter. I write in response to plaintiffs' letter motion to compel dated January 20, 2022 (Dkt. No. 356) regarding Topics 24 and 26 of the *Gray* 30(b)(6) notice. Defendants herein seek a protective order with respect to Topic 26.

  Topic 24 of the *Gray* 30(b)(6) notice seeks, *inter alia*, testimony pertaining to, "the investigation, review, and/or revision by the NYPD and/or City of New York of any policies, procedures, directives, or training materials relating to the issues descried in Topic 23, as well [as] the bases for any such investigation, review, and/or revision." Defendant expressed its concern that the language used by plaintiffs implicates the deliberative process privilege and asked for a revision of the language. Plaintiffs refused the alter the language but agreed to add a proviso to Topic 24 to read, "…to the extent it does not violate the deliberative process privilege." Defendants agree to this addition to the language of Topic 24 in resolution to this topic.

  Topic 26 of the *Gray* 30(b)(6) notice seeks, in its entirety, "[d]isciplinary actions taken against Officers from 1999 to the present following allegations or complaints that such officers arrested, assaulted, or unreasonable interfered with any member of the press engaged in newsgathering." Defendants object to this Topic on the grounds that the notice does not describe with reasonable particularity the matters for examination as is required under Fed. R. Civ. Proc. 30(b0(6) in that it seeks testimony on all disciplinary actions covering a wide range of allegations over a twenty-three year period of time.

"Reasonable particularity" requires the topics listed to be specific as to subject area and to have discernible boundaries. *Winfield v. City of New York*, 2018 U.S. Dist. LEXIS 22996 at *15 (S.D.N.Y. 2018) citing *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 125 (D.D.C. 2005); *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000). All disciplinary actions taken pertaining to any allegations or complaints against officers who arrested, assaulted, or unreasonably interfered with any member of the press is no way stated with reasonable particularity.

Moreover, defendants further object to Topic 26 on the grounds that it is overburdensome and not proportional to the needs of this case, because it is not possible to locate or to educate a witness to testify as to every allegation against every officer as it pertains to any member of the press over a span of twenty-three years even if it were possible to obtain the underlying records. Defendants note that complying with this Topic requires identification of those investigations and a search for each such file going back decades. Furthermore, the application of sealing statutes, such as New York Criminal Procedure Law sections 160.50 and 160.55, may limit testimony of such matters even if the files can be located. Thus, the burden, expense and tie involved in searching for the tremendously voluminous records outweighs any likely benefit to plaintiffs.

In short, defendants respectfully request that the Court deny Plaintiffs' application and seek a protective order pertaining to Topic 26 as it is not stated with particularity as required under the Rules and is overburdensome.

Thank you for your consideration herein.

Respectfully submitted,

*Amy Robinson s/*

Amy Robinson
Senior Counsel
Special Federal Litigation Division

cc:   ALL COUNSEL (via ECF only)