

February 1, 2022

**Via ECF**
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *In re: New York City Policing During Summer 2020 Demonstrations,*
              No. 20-CV-8924
              *This Filing is Related to Payne v. De Blasio*, 20-cv-08924

Dear Judge Gorenstein:

      We represent the Plaintiffs in *Payne* and write respectfully to request that the Court schedule a conference to compel Defendants to respond to Plaintiffs' second supplemental discovery requests and to produce documents and video timely in response to the third supplemental requests. As set forth below, *Payne* Plaintiffs have made several efforts to meet and confer with Defendants over their failure to produce responses, not least on December 6, 14, and 17, 2021 and January 18 and 21, 2022. Plaintiffs sent versions of this letter on December 17, 2021 and January 26, 2022 in accordance with this Court's Order. *See* ECF No. 317. In response to the January 26 letter, Defendants responded with an offer to meet and confer first on January 27 and then on January 31, but then cancelled the proposed meeting and did not produce any responses.[1]

**Background**

      On October 15, 2021, Plaintiffs served a set of supplemental discovery requests seeking the identities of two officers pictured in screenshots taken from videos related to the incidents in the case ("Second Requests"). *See* Ex. A. For example, Interrogatory 16[2] seeks the identity of the officer pictured holding plaintiff Micaela Martinez on June 4, 2020 at the Mott Haven protest as taken from a video produced by Defendants. The accompanying document requests sought the standard set of documents and videos for each of the identified officers that Defendants have produced for each officer in advance of their depositions, including training transcripts and activity logs from the protests in question. *See* Aug. 19 Tr. 5:19-8:13 (setting forth the parties' agreement to produce these items and so-ordering them). On November 1, Plaintiffs served an additional set

---

[1] Plaintiffs consented to moving the proposed meeting from January 27 to January 31 due to the funeral on January 27.
[2] The numbering is continued from Plaintiffs' First Set of Interrogatories.

1

of supplemental requests ("Third Requests") seeking the identities of specific NYPD officers as pictured in screenshots or as described by other officers in their depositions. *See* Ex. B. For each of the officers identified in response to those interrogatories, Plaintiffs seek the standard production of documents and video Defendants have produced for other officers. Plaintiffs also sought the standard production of documents and video for several named officers whose identities were disclosed in the course of discovery.

On December 6 and 14, Plaintiffs sent emails to Defendants' counsel requesting that they respond to the overdue supplemental requests. On December 17, we sent Defendants a version of this letter in accordance with this Court's Order. In response to that letter, for the first time since they were served, Defendants requested an extension of the time to respond. Plaintiffs agreed to an extension until January 14. *See* Ex. C. Plaintiffs consented to that extension of time understanding that Defendants would respond fully by that date.

On January 14, Defendants produced responses and objections to the Third Requests but did not respond in any way to the Second Requests. Moreover, regarding the Third Requests, they did not produce any documents, instead improperly asserting vague, non-specific, and boilerplate objections regarding burden and the "overbroad" nature of Plaintiffs' requests without specifying the nature or extent of the claimed burden and, where they did agree to produce anything, stating that it would be done in 60 days. *See* Ex. D.

As noted, having not received any responses to the Second Requests, on January 18, *Payne* Plaintiffs emailed Defendants regarding their failure and requested that they respond. On January 21, *Payne* Plaintiffs then sent a letter detailing the deficiencies with Defendants' responses to the Third Request and failure to produce documents, as well as a reminder regarding the failure to respond to the Second Requests. Defendants did not respond. On January 26, *Payne* Plaintiffs then sent a version of this letter, seeking immediate production of the Second Requests.

After attempting to meet with counsel for Defendants on January 27 and January 31 and having received no further responses, Plaintiffs again informed Defendants of the apparent need to seek court intervention. On January 31, Defendants' counsel for the first time stated that they objected to the relevance of these requests:

> First, I understand that you want certain officers identified that you have viewed in videos. We would like to know what relevance these officers have to your clients' claims before going through the time, expense and personnel hours required to attempt to identify them. In addition, without knowing the reasons you would like these officers identified, we don't know if it's necessarily appropriate to provide the voluminous documents you are requesting for each identified officer. Moreover, without knowing the reasons why you want the same voluminous documents from the officers you do have the names of, or why they are relevant to the claims in this case, we can't and won't simply produce said documents.

Although Defendants offered to meet and confer, their belated objection to even responding or producing documents on the basis of relevance makes clear that their prior request for an extension was not made with any plan to respond to Plaintiffs' Second Requests. We now move this Court for an order requiring Defendants to respond fully to Plaintiffs' Second and Third Requests within five days.

1. **Defendants Must Respond to Plaintiffs' Second Requests and Have Waived Any Objections.**

*Payne* Plaintiffs' supplemental discovery requests are targeted and proportional requests that seek to identify unnamed officers involved in the arrests and use of force against Plaintiffs. Defendants' failure to serve responses at all to the Second Requests is without justification and their purported belated objection to even responding at all based on relevance is without merit.

Each of Plaintiffs' requests is relevant to a key factual question at issue: the identities of the officers who used force or effected the arrests of the *Payne* Plaintiffs. In some cases, Plaintiffs have a picture of an officer but no name; and in others, the name of an officer but not sufficient information to determine their role with respect in the client's arrest or injury. The interrogatories and document requests are limited to answering these questions and supporting documentation and videos for the incidents at issue. Defendants cannot seriously dispute that the identities of officers who arrested and/or used force against our clients is not relevant to the Plaintiffs' claims. This is the type of mine-run discovery applicable in cases involving unnamed police officers and to which the Defendants can have no legitimate grounds to object. Indeed, it is exactly the type of discovery that Plaintiffs must seek to exercise due diligence to identify defendants by name. *See, e.g.*, *Hogan v. Fischer*, 738 F.3d 509, 519 (2d Cir. 2013) (explaining that the plaintiff seeking to identify John Doe defendants exercised due diligence for purposes of relating back where he submitted "multiple discovery requests" on the issue).

Accordingly, Plaintiffs request that they be ordered to respond immediately and that any objections to the Second Requests be deemed waived. *See generally Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) ("A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available.") (citing cases).

2. **Defendants' Objections to the Third Requests are Without Merit**

With respect to the Third Supplemental Requests, although Defendants did provide some incomplete responses on January 14, they object to producing much of the basic documents and video and will not produce whatever it is they plan to for 60 days. As an initial matter, such a timeline is completely unworkable given the Court's schedule, with non-expert depositions due to be concluded by April 22. This would leave a little over a month to resolve any disputes, identify unnamed officers, and schedule and complete depositions. Such a protracted delay is highly prejudicial. Plaintiffs urgently need these documents to assess who, if any, of these individuals should be deposed, and who might have knowledge relevant to Plaintiffs' claims.

Further, Defendants' objections are misplaced. Requests for Production 1, 2, 3 and Interrogatory Nos. 18, 19, 20, all seek information about John Doe defendants and witnesses with direct knowledge of the allegations in Plaintiffs' complaint. To assist Defendants' search, the requests included specific details about the various officers whom they seek to identify, including screenshots of Defendants' own TARU and AXON body footage. Defendants previously invited exactly these types of Interrogatories and asked for these details. At the parties' May 21, 2021, meet and confer regarding Defendants' failure to respond to Plaintiffs' Interrogatory Nos. 1-10, 13, and 14—which requested the identities of many of the same officers—Defendants had agreed to aid Plaintiffs' own attempts to identify John Doe defendants and witnesses by reviewing video that Plaintiffs sent showing specific as-yet-unidentified officers for whom Plaintiffs sought a name. *See* Exhibit E (Letter from Robert Hodgson to Dara Weiss, May 25, 2021). That is what Plaintiffs have done here, and Defendants' objections to participating in the process they invited are perplexing.

Defendants also improperly object to various document requests on the grounds that "many of the requested documents and video are required in the pre-deposition production protocol established by the Court." *See* Ex. D, Response to RFP Nos. 1, 2, 4-7. But Plaintiffs are under no obligation to depose a person to obtain relevant discovery related to them, and the production of these materials may obviate the need for certain depositions. Indeed, Defendants have actively sought to limit the number of officer depositions scheduled, objecting to *Payne* Plaintiffs' notice of additional officer depositions.[3] Defendants' refusal both to produce additional officers for depositions *and* to respond to targeted and appropriate discovery requests that could render those depositions unnecessary has completely frustrated the discovery process.

In response to RFPs 10 and 11, which seek CCRB and IAB files relating to the incidents involving Plaintiffs Andie Mali and Camila Gini, Defendants also improperly assert that Plaintiffs would not be entitled to documents relating to any open cases. As Plaintiffs have explained in previous letters, discoverability may not turn on whether a disciplinary proceeding is "substantiated and completed." *Gibbs v. City of New York*, 243 F.R.D. 95, 96 (S.D.N.Y. 2007) ("[T]he fact that CCRB complaints are unsubstantiated does not make them irrelevant and undiscoverable[.]"). These investigations plainly relate to Plaintiffs Andi Mali and Camila Gini's individual claims, and ongoing investigations are also relevant to Plaintiffs' claims that NYPD officers rarely, if ever, face meaningful discipline for violence and misconduct at protests. In their January 31 email, Defendants disclosed that these documents had been requested, suggesting that they would be produced. Plaintiffs therefore respectfully request that these be produced within five days.

\* \* \*

For the foregoing reasons, Plaintiffs respectfully request a discovery conference to compel Defendants to respond fully to Plaintiffs' Second and Third Requests within five days.

---

[3] On November 10, 2021, *Payne* Plaintiffs noticed additional line officer depositions related to their attempts to identify officers. Defendants objected to these depositions and have refused to schedule these officers.

Respectfully submitted,

| NEW YORK CIVIL LIBERTIES UNION FOUNDATION | THE LEGAL AID SOCIETY |
|---|---|
| By: *s/Jessica Perry*<br>　Jessica Perry<br>　Molly K. Biklen<br>　Daniel R. Lambright<br>　Robert Hodgson<br>　Lisa Laplace<br>　Christopher T. Dunn<br>　125 Broad Street, 19th Floor<br>　New York, NY 10004<br>　(212) 607-3300<br>　jperry@nyclu.org<br>　mbiklen@nyclu.org<br>　dlambright@nyclu.org<br>　rhodgson@nyclu.org<br>　llaplace@nyclu.org<br>　cdunn@nyclu.org | By: *s/ Corey Stoughton*<br>　Corey Stoughton<br>　Jennvine Wong<br>　Rigodis Appling<br>　199 Water Street<br>　New York, NY 10038<br>　(212) 577-3367<br>　cstoughton@legal-aid.org<br>　jwong@legal-aid.org<br>　rappling@legal-aid.org |

*Attorneys for the Payne Plaintiffs*

Cc: All counsel of record