# EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JARRETT PAYNE; ANDIE MALI; CAMILA GINI; VIDAL GUZMAN; VIVIAN MATTHEW KING-YARDE; CHARLIE MONLOUIS-ANDERLE; JAIME FRIED; MICAELA MARTINEZ; JULIAN PHILLIPS; NICHOLAS MULDER; and COLLEEN MCCORMACK-MAITLAND,

        Plaintiffs,

    v.

MAYOR BILL DE BLASIO; POLICE COMMISSIONER DERMOT SHEA; CHIEF OF DEPARTMENT TERENCE MONAHAN; CITY OF NEW YORK; SERGEANT GYPSY PICHARDO; SERGEANT KEITH CHENG; OFFICER MATTHEW TARANGELO; OFFICER MATTHEW L. PERRY; LIEUTENANT THOMAS R. HARDELL; DETECTIVE DAMIAN RIVERA; OFFICER JACQUELINE VARGAS; OFFICER JOSEPH DECK; LIEUTENANT MICHAEL BUTLER; OFFICER AARON HUSBANDS; SERGEANT THOMAS E. MANNING; OFFICERS JOHN DOE 1-26; OFFICER JANE DOE 1; OFFICER DOE ESPOSITO; and NYPD SERGEANT DOE CARABALLO,

        Defendants.

1:20-cv-08924 (CM) (GWG)

## PLAINTIFFS' SUPPLEMENTAL SET OF INTERROGATORIES AND REQUEST FOR THE PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and Local Civil Rules 26.3 and 33.3 of the Southern District of New York, Plaintiffs Jarrett Payne, Andie Mali, Camila Gini, Vidal Guzman, Vivian Matthew King-Yarde, Charlie Monlouis-Anderle, Jaime Fried, Micaela Martinez, Julian Phillips, Nicholas Mulder, and Colleen

McCormack-Maitland hereby request that defendants City of New York, Mayor Bill De Blasio, Chief of Department Terence A. Monahan, Sergeant Gypsy Pichardo, Sergeant Keith Cheng, Officer Matthew Tarangelo, Officer Matthew L. Perry, Lieutenant Thomas R. Hardell, Detective Damian Rivera, Officer Jacqueline Vargas, Officer Joseph Deck, Lieutenant Michael Butler, Officer Aaron Husbands, Sergeant Thomas E. Manning, NYPD Officers John Doe 1-26, NYPD Officer Jane Doe 1, Officer Doe Esposito, and Sergeant Doe Caraballo (collectively, "Defendants"), produce documents and answer the following interrogatories under oath, and separately and fully in writing, within thirty (30) days of service hereof, or such shorter time as the Court orders or the parties stipulate. Defendants are required to answer the Interrogatories separately and fully in writing, under oath, and are further required to serve a copy of their answers and objections to these Interrogatories within thirty (30) days of service by electronic delivery to Plaintiffs' counsel via means of secure electronic transfer, with notice to paynelitigationteam@nyclu.org.

The Interrogatories and Discovery Requests shall be deemed continuing, and if Defendants or their counsel discovers, between the time answers are made and the conclusion of trial, additional information as to matters inquired of in the Interrogatories, supplemental or amended answers must be made at the earliest practicable date informing counsel for Plaintiffs of such information.

## DEFINITIONS

1. Plaintiffs incorporate by reference herein the Uniform Definitions in Discovery Requests set out in Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York (the "Local Civil Rules").

2. "Concern," "concerning," "evidence," "evidencing," "refer," "relate to," referring," or "relating to" any given subject means all documents which assess, concern, constitute, contain, describe, discuss, embody, evidence, identify, record, reflect, regard, show, state, or refer or relate, directly or indirectly, in any way, to the subject matter identified.

3. "Date" means the exact day and time, month, and year if ascertainable, or if not, the best approximation (including relationship to other events).

4. "Defendants" include each of the Defendants listed in the Complaints: City of New York, Mayor Bill de Blasio, Chief of Department Terence A. Monahan, Sergeant Gypsy Pichardo, Sergeant Keith Cheng, Officer Matthew Tarangelo, Officer Matthew L. Perry, Lieutenant Thomas R. Hardell, Detective Damian Rivera, Officer Jacqueline Vargas, Officer Joseph Deck, Lieutenant Michael Butler, Officer Aaron Husbands, Sergeant Thomas E. Manning, NYPD Officers John Doe 1-26, NYPD Officer Jane Doe 1, Officer Doe Esposito, and Sergeant Doe Caraballo.

5. "Identify" means, in addition to any specific instructions or requested information in an Interrogatory, the response must state:

   a. when referring to an oral communication, the date, subject matter, communicator, recipient of the communication, nature of the communication, whether it was recorded, and identity of any witness thereto.

   b. when referring to a document, the type of document (e.g. letter, memorandum, email, excel chart, etc.), date, author or originator, addressee(s), signatories, title or subject matter, present location, and the name and address of the current custodian of such document or, if unknown, the present custodian of any copy thereof and the last known address of each such custodian.

c.  when referring to a person, to the extent known, the person's full name, present or last known complete address, and, in addition, when referring to a natural person, the person's present or last known place of employment or business affiliation (including complete address), position, and the person's place of employment during the relevant time period, defined in the Instructions below.

6.  "Officer" means a member of service of the NYPD, regardless of rank, including but not limited to any and all officers, detectives, sergeants, lieutenants, captains, chiefs, and/or deputy commissioners.

7.  "Person" means any natural person, association, business, group, organization, legal entity, government entity, or other entity.

8.  "Schedule A" refers to Schedule A attached to Plaintiffs' First Consolidated Discovery Requests.

## **INTERROGATORIES**

**Interrogatory No. 16:**

Identify the Officer holding plaintiff Micaela Martinez on June 4, 2020, at the Mott Haven protest in the screenshot attached as exhibit A, taken from the TARU video produced by Defendants and identified as DEFVID000432.

**Interrogatory No. 17**

Identify the Officer with a tattoo on his left arm present on the evening of June 4, 2020, at the protest in the Williamsburg section of Brooklyn, New York at Penn Street and Wythe Street in the screenshot attached as exhibit B, taken from the video identified as PAYNE000000358 and produced on May 14, 2021.

## <u>DOCUMENT REQUESTS</u>

1. For each Officer identified in response to Interrogatory Nos. 16 and 17, produce the

   following:

   a. NYPD training transcripts;
   b. Body worn camera footage from 6/4/2020;
   c. TRI reports related to the Officer from 6/4/20;
   d. Activity log from 6/4/20;
   e. List of Schedule A protests the Officer attended;
   f. Activity logs from each of the Schedule A protests the Officer attended;
   g. Body worn camara footage from each of the Schedule A protests the Officer attended ;
   h. Arrest/OLBS reports the Officer created during the relevant time period;
   i. Summonses the Officer created during the relevant time period;
   j.  DATs the Officer created during the relevant time period;
   k.  AIDED reports related to the Officer during the relevant time period; and
   l. TRI reports related to the Officer during the relevant time period.

Dated:  October 15, 2021
            New York, NY

NEW YORK CIVIL LIBERTIES UNION            THE LEGAL AID SOCIETY
  FOUNDATION

By:  *s/ Jessica Perry*                              By:  *s/ Jennvine Wong*
      Molly K. Biklen                                      Corey Stoughton
      Jessica Perry                                          Jennvine Wong
      Daniel R. Lambright                              199 Water Street
      Lisa Laplace                                          New York, NY 10038
      Christopher T. Dunn                            (212) 577-3367
      125 Broad Street, 19th Floor                cstoughton@legal-aid.org
      New York, NY 10004                          jwong@legal-aid.org
      (212) 607-3300
      mbiklen@nyclu.org
      jperry@nyclu.org
      dlambright@nyclu.org
      llaplace@nyclu.org
      cdunn@nyclu.org

*Attorneys for the Plaintiffs*

Attached to Requests as Ex. A



Attached to requests as Ex. B.

