# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- x

JARRETT PAYNE; ANDIE MALI;
CAMILA GINI; VIDAL GUZMAN;
VIVIAN MATTHEW KING-YARDE;
CHARLIE MONLOUIS-ANDERLE;
JAIME FRIED; MICAELA
MARTINEZ; JULIAN PHILLIPS;
NICHOLAS MULDER; and COLLEEN
MCCORMACK-MAITLAND,

                Plaintiffs,

       -against-

MAYOR BILL DE BLASIO; POLICE
COMMISSIONER DERMOT SHEA;
CHIEF OF DEPARTMENT TERENCE
MONAHAN; CITY OF NEW YORK;
SERGEANT GYPSY PICHARDO;
SERGEANT KEITH CHENG;
OFFICER MATTHEW TARANGELO;
OFFICER MATTHEW L. PERRY;
LIEUTENANT THOMAS R.
HARDELL; DETECTIVE DAMIAN
RIVERA; OFFICER JACQUELINE
VARGAS; OFFICER JOSEPH DECK;
LIEUTENANT MICHAEL BUTLER;
OFFICER AARON HUSBANDS;
SERGEANT THOMAS E. MANNING;
OFFICERS JOHN DOE 1-26; OFFICER
JANE DOE 1; OFFICER DOE
ESPOSITO; and NYPD SERGEANT
DOE CARABALLO,

                Defendants.

-------------------------------------------------- x

**DEFENDANTS' RESPONSES AND
OBJECTIONS TO PLAINTIFFS'
THIRD SUPPLEMENTAL SET OF
INTERROGATORIES AND REQUEST
FOR THE PRODUCTION OF
DOCUMENTS TO ALL DEFENDANTS**

1:20-cv-08924 (CM) (GWG)

      Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendants

City of New York, Bill De Blasio, Dermot Shea, Terence Monahan, Sgt. Keith Cheng, Lt. Michael

Butler, P.O. Matthew Tarangelo, P.O. Thomas E. Manning, Sgt. Gypsy Pichardo, P.O. Matthew

L. Perry, Lt. Thomas R. Hardell, P.O. Damian Rivera, P.O. Aaron Husbands, P.O. Jacqueline

Vargas, and Joseph Deck (hereinafter, "Defendants") responds and object to Plaintiffs' Third Supplemental Set of Interrogatories and Request for the Production of Documents to All Defendants as follows:

## GENERAL STATEMENT

1. By responding to any request, defendant(s) do not concede the materiality of the subject to which it refers. Defendant(s') responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendant(s') right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3. With respect to the request for the production of documents, defendant(s) will provide, under separate cover, a privilege index, if appropriate.

## INTERROGATORIES

## INTERROGATORY NO. 18:

Identify the following police officers related to plaintiff Charlie Monlouis-Anderle and the protest that took place on June 3, 2020, at or near Cadman Plaza in Brooklyn, New York:

a. The police officer in a black or blue uniform and helmet standing to the left of plaintiff Charlie Monlouis-Anderle in the screenshot attached as <u>Exhibit A</u>, taken from the body-worn camera video produced by Defendants and identified in the September 8, 2021 deposition of Officer Taylor Corcoran as Corcoran Exhibit 5 (Police Officer Taylor Corcoran body-worn camera footage, 2020-06-03, Axon Body 3 X60306945), Corcoran Exhibit 6 (Police Officer Maxime Archange body-worn camera footage, 2020-06-04, Axon Body 2 X81459639), and the Axon log related to Charlie-Monlouis-Anderle (Axon Body 3 Video 2020-06-03 2117 and Axon Body 2 Video 2020-06-03 2115), attached as <u>Exhibit B</u>;

b. The police officer in a white shirt who walked up to plaintiff Charlie Monlouis-Anderle and is pointing with their left hand in the screenshot attached as <u>Exhibit C</u>, taken from the body-worn camera video produced by Defendants and identified in the September 8, 2021 deposition of Officer Taylor Corcoran as Corcoran Exhibit 6 (Police Officer Maxime Archange body-worn camera footage, 2020-06-04, Axon Body 2 X81459639) and the Axon log related to Charlie-Monlouis-Anderle (Axon Body 2 Video 2020-06-03 2115), attached as <u>Exhibit B</u>; and

c. The police officer in a black or blue uniform and helmet who walked up to plaintiff Charlie Monlouis-Anderle and is depicted standing in front of them in the screenshot attached as <u>Exhibit D</u>, taken from the body-worn camera video produced by Defendants and identified in the September 8, 2021 deposition of Officer Taylor Corcoran as Corcoran Exhibit 5 (Police Officer Taylor Corcoran body-worn camera footage, 2020-06-03, Axon Body 3 X60306945) and the Axon log related to Charlie-Monlouis-Anderle (Axon Body 3 Video 2020-06-03 2117), attached as <u>Exhibit B</u>.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 18:

Defendants object to Interrogatory No. 18 on the grounds that it is compound and constitutes three separate interrogatories, on the grounds that the terms "related" and "at or near" are vague and ambiguous, and to the extent that "white shirt" combined with a purported dark image from nighttime omits information that renders the interrogatory impossible to answer as written. Defendants state that the officer referenced in subsection a. of this interrogatory appeared to have shield number 16441, which belonged to P.O. Mario Cannariatio, 957419, 84 Precinct. Defendants further state that the remainder of this interrogatory omits information which renders it impossible to answer as written.

## INTERROGATORY NO. 19:

Identify all officers that are depicted in TARU video footage at 12:14 to 13:14 engaged in arresting and/or interacting with any civilian or protestor, taken at the protest that took place on June 4, 2020 in the Mott Haven neighborhood of the Bronx, New York, and identified as DEFVID_000000427 and the screenshots attached as Exhibit E. including each officer's name, shield number, and tax identification number.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 19:

Defendants object to Interrogatory No. 19 on the grounds that it is overbroad and unduly burdensome insofar as it seeks to identify "all" officers "engaged in arresting and/or interacting with any civilian", on the grounds that "interacting with any civilian" is vague and ambiguous, on the grounds the information sought is not proportional to the needs of this case considering the importance of discovery in resolving the issues and insofar as the burden and/or expense of identifying "all" officers, including ones who had no alleged interaction with plaintiffs, outweighs any likely benefit to plaintiff. Insofar as officers appeared in the distant background or shield numbers were not legible, Defendants object to this interrogatory on the grounds that it

omits information which renders it impossible to answer as written. Defendants identify the following officers based on shield numbers that were sufficiently visible in the materials referenced by this interrogatory: Sgt. Michael Quinto, Tax 953283, Shield 4259; Det. Oniel Miller, Tax 915145, Shield 6319; P.O. Paul Velez, Tax 955632, Shield 31986; Thomas Mosher, Shield 469; Danny Romero, Tax 957101, Shield 666; DI Andrew Ventrella, Tax 896907; Leonel Giron, Tax 959658, Shield 414, Anthony Perez, Shield 952104, Tax 716; Miguel Gutierrez, Tax 926918, Shield 193.

**<u>INTERROGATORY NO. 20:</u>**

Identify the following police officers related to plaintiff Vivian Matthew King-Yarde and the protest that took place on May 31, 2020, at or near the intersection of 12th Street and Broadway, near Union Square, in Manhattan, New York:

a. The plain-clothes lieutenant who handed the arrested plaintiff Vivian Matthew King-Yarde to Officer Bryan Rozanski on May 31, 2020 at approximately 10 pm near the intersection of 12th Street and Broadway before heading south on Broadway. The lieutenant was described as a white male, approximately in his mid-thirties, who had his lieutenant's badge on his waistband and likely was not a member of the Ninth Precinct. *See* Rozanski Deposition Tr. at 86-89;

b. The plain-clothes detective who, along with the aforementioned plain-clothes lieutenant, handed the arrested plaintiff Vivian Matthew King-Yarde to Officer Rozanski on May 31, 2020 at approximately 10 pm near the intersection of 12th Street and Broadway before heading south on Broadway. The detective was described as a male, approximately in his mid-thirties, who had his detective's badge on his waistband and likely was

not a member of the Ninth Precinct. See Rozanski Deposition Tr. at 86-89; and

    c.    All plain-clothes or undercover officers who were present at the Union Square protest, or at 12th Street and Broadway in Manhattan, New York, from approximately 9 pm to 11 pm on May 31, 2020.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 20:**

Defendants object to Interrogatory No. 20 on the grounds that it is compound and constitutes three separate interrogatories, on the grounds that it exceeds 25 interrogatories, on the grounds that it assumes facts not established, on the grounds that the terms "related" and "at or near" are vague and ambiguous. Defendants further object to the extent that the request omits information which makes it impossible to respond the interrogatory as written. Defendants cannot respond to this interrogatory because the information omitted renders it impossible to answer as written.

# DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1:

For every Officer identified in response to Interrogatory No. 18, produce the following:

a.  NYPD training transcripts;

b.  Body-worn camera footage from 6/3/20-6/4/20;

c.  TRI reports related to the Officer from 6/3/20-6/4/20;

d.  Activity log from 6/3/20-6/4/20;

e.  List of Schedule A protests the Officers attended;

f.  Activity logs from each of the Schedule A protests the Officers attended;

g.  Body-worn camara footage from each of the Schedule A protests the Officers attended;

h.  Arrest/OLBS reports the Officers created during the relevant time period;

i.  Summonses the Officers created during the relevant time period;

j.  DATs the Officers created during the relevant time period;

k.  AIDED reports related to the Officers during the relevant time period;

l.  TRI reports related to the Officers during the relevant time period;

m.  Any notes memorialized in the Officers' department-issued cell phones;

n.  Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and

o.  Complete, up-to-date CCRB and IAB files related to the Officers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendants refer plaintiffs to their objections and responses to plaintiffs' Interrogatory No. 18. Defendants further object on the grounds that it is premature as it seeks documents pertaining to officers whom plaintiffs have yet to identify. Defendants additionally object to this request as it is not sufficiently limited in scope and is overbroad as it seeks in its 15 parts and subparts many dozens of varied types of documents, all pertaining to non-parties, who even if identified, may or may not be possible witnesses to a particular incident. Defendants further object to this request on the grounds that many of the requested documents and video are required in the pre-deposition production protocol established by the Court, and these officers have not been identified, their involvement, if any has yet to be determined and as such they have not been noticed for deposition in this matter. Defendants further object that this request is not proportional to the needs of the case, because, even if the non-party officers are identified, the sheer burden and expense of searching for "every" document contained in numerous categories of documents and "every" document within the numerous subcategories of documents requested – all pertaining to non-parties, far outweighs any likely benefit to plaintiffs. Defendants additionally object on the grounds that producing complete CCRB and IAB files are not proportional to the needs of the case, on the grounds that the request assumes facts not established, and to the extent that this request seeks privileged documents including any protected by law enforcement privilege. Defendants additionally object on the grounds that this request assumes facts not established. Subject to, and without waiving or limiting these objections, defendants are searching for documents responsive to this request with respect to any Schedule A protests the referenced Officers attended, and will produce documents within 60 days, including any responsive IAB closing reports as well as training records to the extent that they are not subject to privilege,

including, but not limited to, law enforcement privilege. Defendants additionally refer plaintiffs to the responsive CCRB files which defendants have already produced.

## DOCUMENT REQUEST NO. 2:

For every Officer identified in response to Interrogatory No. 19, produce the following:

a. NYPD training transcripts;

b. Body-worn camera footage from 6/4/2020;

c. TRI reports related to the Officers from 6/4/20;

d. Activity logs from 6/4/20;

e. List of Schedule A protests the Officers attended;

f. Activity logs from each of the Schedule A protests the Officers attended;

g. Body-worn camara footage from each of the Schedule A protests the Officers attended;

h. Arrest/OLBS reports the Officers created during the relevant time period;

i. Summonses the Officers created during the relevant time period;

j. DATs the Officers created during the relevant time period;

k. AIDED reports related to the Officers during the relevant time period;

l. TRI reports related to the Officers during the relevant time period;

m. Any notes memorialized in the Officers' department-issued cell phones;

n. Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and

o. Complete, up-to-date CCRB and IAB files related to the Officers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendants refer plaintiffs to their objections and responses to plaintiffs' Interrogatory No. 19. Defendants further object on the grounds that it is premature as it seeks documents pertaining to officers whom plaintiffs have yet to identify. Defendants additionally object to this request as it is not sufficiently limited in scope and is overbroad as it seeks in its 15 parts and subparts many dozens of varied types of documents, all pertaining to non-parties, who even if identified, may or may not be possible witnesses to a particular incident. Defendants further object to this request on the grounds that many of the requested documents and video are required in the pre-deposition production protocol established by the Court, and these officers have not been identified, their involvement, if any has yet to be determined and as such they certainly have not been noticed for deposition in this matter. Defendants further object that this request is not proportional to the needs of the case, because, even if the non-party officers are identified, the sheer burden and expense of searching for "every" document contained in numerous categories of documents and "every" document within the numerous subcategories of documents requested – all pertaining to non-parties, far outweighs any likely benefit to plaintiffs. Defendants additionally object on the grounds that the "relevant time period" of May 28, 2020-January 18, 2021 is overbroad and that complete CCRB and IAB files are unduly burdensome, on the grounds that the request assumes facts not established, and to the extent that this request seeks privileged documents including any protected by law enforcement privilege. Defendants additionally object on the grounds that this request  assumes facts not established, and to the extent that it is duplicative. Subject to, and without waiving or limiting these objections, defendants are searching for documents responsive to this request with respect to any Schedule A protests the referenced Officers attended, and will produce documents within 60 days, including any responsive IAB closing reports as well as training records to the extent that they are not subject to privilege,

including, but not limited to, law enforcement privilege. Defendants additionally refer plaintiffs to the responsive CCRB files which defendants have already produced.

## DOCUMENT REQUEST NO. 3:

For every Officer identified in response to Interrogatory No. 20, produce the following:

a. NYPD training transcripts;

b. Body-worn camera footage from 5/31/20;

c. TRI reports related to the Officers from 5/31/20;

d. Activity log from 5/31/20;

e. List of Schedule A protests the Officer attended;

f. Activity logs from each of the Schedule A protests the Officer attended;

g. Body-worn camara footage from each of the Schedule A protests the Officer attended;

h. Arrest/OLBS reports the Officer created during the relevant time period;

i. Summonses the Officer created during the relevant time period;

j. DATs the Officer created during the relevant time period;

k. AIDED reports related to the Officer during the relevant time period;

l. TRI reports related to the Officer during the relevant time period;

m. Any notes memorialized in the Officers' department-issued cell phones;

n. Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and

o. Complete, up-to-date CCRB and IAB files related to the Officers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants refer plaintiffs to their objections and responses to Document Request No. 2. Subject to, and without waiving or limiting these objections, Defendants state that the referenced interrogatory omitted information which makes this Document Request impossible to answer as written.

**DOCUMENT REQUEST NO. 4:**

For Sergeant Thomas E. Manning (Tax ID 930644), produce the following:

a. NYPD training transcripts;

b. Body-worn camera footage from 6/28/2020;

c. TRI reports related to the Officer from 6/28/20;

d. Activity log from 6/28/20;

e. List of Schedule A protests the Officer attended;

f. Activity logs from each of the Schedule A protests the Officer attended;

g. Body-worn camara footage from each of the Schedule A protests the Officer attended;

h. Arrest/OLBS reports the Officer created during the relevant time period;

i. Summonses the Officer created during the relevant time period;

j. DATs the Officer created during the relevant time period;

k. AIDED reports related to the Officer during the relevant time period;

l. TRI reports related to the Officer during the relevant time period;

m. Any notes memorialized in the Officers' department-issued cell phones;

n. Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and

o. Complete, up-to-date CCRB and IAB files related to the Officers.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:

Defendant's object to Document Request No. 4 on the grounds that it is not sufficiently limited in scope and is overbroad as it seeks in its 15 parts and subparts many dozens of varied types of documents pertaining to a named party who has not been noticed for deposition. Defendants further object to this request on the grounds that many of the requested documents and video are required in the pre-deposition production protocol established by the Court, and again, this party has not been noticed for deposition in this matter. Defendants further object on the grounds that it seeks documents that do not pertain to any individual officer, including Unusual Incident or Occurrence Reports and Detail Memoranda. Defendants further object on the grounds that it seeks documents that are obsolete, such as Supervisor Assessment Reports. Defendants further object that this request is not proportional to the needs of the case, because the sheer burden and expense of searching for "every" document contained in numerous categories of documents and "every" document within the numerous subcategories of documents requested, that goes far beyond even the pre-deposition production protocol established by the Court for witnesses who are to be deposed, far outweigh any likely benefit to plaintiffs. Defendants object to Document Request No. 4 on the grounds that complete CCRB and IAB files are unduly burdensome, on the grounds that the request assumes facts not established, and to the extent that this request seeks privileged documents including any protected by law enforcement privilege. Defendants additionally object on the grounds that this request is compound, that it assumes facts not established, and to the extent that it is duplicative. Subject to, and without waiving or limiting these objections, defendants are searching for documents responsive to this request with respect to any Schedule A protests the referenced Officers attended, and will produce documents within 60 days, including any responsive IAB closing reports as well as training records to the extent that they are not subject to privilege, including, but not limited to, law enforcement privilege. Defendants

further state that, upon information and belief, Sgt. Thomas Manning has no body-worn camera footage from 6/28/2020. Defendants additionally refer plaintiffs to the responsive CCRB files which defendants have already produced.

**DOCUMENT REQUEST NO. 5:**

For Police Officer Maxime Archange (60th Precinct, Shield #15412, Tax ID 960169) and Police Officer Stephanie Chen (60th Precinct, Shield #12943, Tax ID 962087), produce the following:

a. NYPD training transcripts;

b. Body-worn camera footage from 6/3/20-6/4/20;

c. TRI reports related to the Officers from 6/3/20-6/4/20;

d. Activity logs from 6/3/20-6/4/20;

e. List of Schedule A protests the Officers attended;

f. Activity logs from each of the Schedule A protests the Officers attended;

g. Body-worn camara footage from each of the Schedule A protests the Officers attended;

h. Arrest/OLBS reports the Officers created during the relevant time period;

i. Summonses the Officers created during the relevant time period;

j. DATs the Officers created during the relevant time period;

k. AIDED reports related to the Officers during the relevant time period;

l. TRI reports related to the Officers during the relevant time period;

m. Any notes memorialized in the Officers' department-issued cell phones;

n. Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and

o. Complete, up-to-date CCRB and IAB files related to the Officers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendants refer plaintiffs to their objections and responses to Document Request No. 4. Defendants additionally state that they will produce P.O. Maxime Archange's body-worn camera footage from 6/3/20-6/4/20 within 60 days. Defendants further state that, upon information and belief, there is no body-worn camera footage for P.O. Stephanie Chen from 6/3/20-6/4/20.

**DOCUMENT REQUEST NO. 6:**

For Lieutenant Douglas Kautter (Tax ID 935093), produce the following:

a. NYPD training transcripts;

b. Body-worn camera footage from 6/2/2020;

c. TRI reports related to the Officer from 6/2/20;

d. Activity log from 6/2/20;

e. List of Schedule A protests the Officer attended;

f. Activity logs from each of the Schedule A protests the Officer attended;

g. Body-worn camara footage from each of the Schedule A protests the Officer attended;

h. Arrest/OLBS reports the Officer created during the relevant time period;

i. Summonses the Officer created during the relevant time period;

j. DATs the Officer created during the relevant time period;

k. AIDED reports related to the Officer during the relevant time period;

l. TRI reports related to the Officer during the relevant time period;

m. Any notes memorialized in the Officers' department-issued cell phones;

n. Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and

o. Complete, up-to-date CCRB and IAB files related to the Officers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

*See* Objections and Response to Document Request No. 4. Defendants additionally object to Document Request No. 6 on the grounds that complete CCRB and IAB files are unduly burdensome, on the grounds that the request assumes facts not established, and to the extent that this request seeks privileged documents including any protected by law enforcement privilege. Defendants additionally object on the grounds that this request assumes facts not established, and to the extent that it is duplicative. Subject to, and without waiving or limiting these objections, defendants are searching for documents responsive to this request with respect to any Schedule A protests the referenced Officers attended, and will produce such documents within 60 days, including any responsive CCRB and IAB closing reports as well as training records to the extent that they are not subject to privilege, including, but not limited to, law enforcement privilege. Defendants additionally state that, upon information and belief, there is no body-worn camera footage from Lt. Douglas Kautter for 6/2/2020.

**DOCUMENT REQUEST NO. 7:**

For Lieutenant Mark Kosta (Tax ID 949180), Police Officer Yahaira Perez-Guitierrez (Tax ID 967647), and Police Officer Zakie Karimzada (Tax ID 960745), produce the following:

    a.  NYPD training transcripts;

    b.  Body-worn camera footage from 5/30/20-5/31/20;

    c.  TRI reports related to the Officers from 5/30/20-5/31/20;

    d.  Activity log from 5/30/20-5/31/20;

    e.  List of Schedule A protests the Officers attended;

    f.  Activity logs from each of the Schedule A protests the Officers attended;

    g.  Body-worn camara footage from each of the Schedule A protests the Officers

attended;

h.  Arrest/OLBS reports the Officers created during the relevant time period;

i.  Summonses the Officers created during the relevant time period;

j.  DATs the Officers created during the relevant time period;

k.  AIDED reports related to the Officers during the relevant time period;

l.  TRI reports related to the Officers during the relevant time period;

m.  Any notes memorialized in the Officers' department-issued cell phones;

n.  Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and

o.  Complete, up-to-date CCRB and IAB files related to the Officers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants refer plaintiffs to their objections and responses to Document Request No. 4 with respect to Officers Perez-Gutierrez and Karimzada. With respect to Lieutenant Kosta, Defendants state that within 48 hours of Lieutenant Kosta's deposition, they will provide the documents and video requested to the extent required by the pre-deposition production protocol established by the Court. Defendants additionally state that, upon information and belief, there is no body-worn camera footage from either Lt. Mark Kosta or P.O. Yahaira Perez-Guitierrez from 5/30/20-5/31/20. Defendants further state that they will produce within 60 days the body-worn camera footage from P.O. Zakie Karimzada from 5/30/20-5/31/20.

**DOCUMENT REQUEST NO. 8:**

For the Police Officer in possession of the body-worn camera associated with Axon Body 2 X81418494 on May 31, 2020, attached as <u>Exhibit F</u>, produce documents sufficient to identify the following:

a.  Name;

b. Tax ID;

c. NYPD training transcripts;

d. Body-worn camera footage from 5/30/20-5/31/20;

e. TRI reports related to the Officers from 5/30/20-5/31/20;

f. Activity log from 5/30/20-5/31/20;

g. List of Schedule A protests the Officers attended;

h. Activity logs from each of the Schedule A protests the Officers attended;

i. Body-worn camara footage from each of the Schedule A protests the Officers attended;

j. Arrest/OLBS reports the Officers created during the relevant time period;

k. Summonses the Officers created during the relevant time period;

l. DATs the Officers created during the relevant time period;

m. AIDED reports related to the Officers during the relevant time period;

n. TRI reports related to the Officers during the relevant time period;

o. Any notes memorialized in the Officers' department-issued cell phones;

p. Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and

q. Complete, up-to-date CCRB and IAB files related to the Officers.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:

Defendants refer plaintiffs to their objections and responses to Document Request No. 1. Defendants additionally state that, upon information and belief, the referenced-officer is Jeffrey Heilig, Tax 941886, and defendants will produce within 60 days his body-worn camera footage from 5/30/20-5/31/20.

**DOCUMENT REQUEST NO. 9:**

        For the police officer in possession of the body-worn camera associated with Axon Body 2 X81365488 on May 31, 2020, attached as <u>Exhibit F</u>, produce the following information:

    a.  Name;

    b.  Tax ID;

    c.  NYPD training transcripts;

    d.  Body-worn camera footage from 5/30/20-5/31/20;

    e.  TRI reports related to the Officers from 5/30/20-5/31/20;

    f.  Activity log from 5/30/20-5/31 /20;

    g.  List of Schedule A protests the Officers attended;

    h.  Activity logs from each of the Schedule A protests the Officers attended;

    i.  Body-worn camara footage from each of the Schedule A protests the Officers attended;

    j.  Arrest/OLBS reports the Officers created during the relevant time period;

    k.  Summonses the Officers created during the relevant time period;

    l.  DATs the Officers created during the relevant time period;

    m.  AIDED reports related to the Officers during the relevant time period;

    n.  TRI reports related to the Officers during the relevant time period;

    o.  Any notes memorialized in the Officers' department-issued cell phones;

    p.  Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and

    q. Complete, up-to-date CCRB and IAB files related to the Officers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants refer plaintiffs to their objections and response to Document Request No. 1. Defendants additionally state that, upon information and belief, the referenced-officer is Joel Ayala, Tax 954509, and defendants will produce within 60 days his body-worn camera footage from 5/31/20. Defendants further state that, upon information and belief, there is no body-worn camera footage from Officer Ayala from 5/30/20.

**DOCUMENT REQUEST NO. 10:**

Produce the complete and up-to-date Civilian Complaint Review Board investigation filed by Plaintiffs Andie Mali and Camila Gini, identified as CCRB complaint No. 202005197, including but not limited to investigator interview summaries or reports, recordings of officer interviews, and all other related documents.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendants state that, upon information and belief, CCRB Case File #202005197 is still open and under investigation, and consequently, defendants additionally object to the request on the grounds that it seeks documents not within defendants' possession, custody, or control and to the extent that this request seeks documents that are protected by deliberative process privilege. Defendants will supplement their response prior to the close of discovery if necessary.

**DOCUMENT REQUEST NO. 11:**

Produce the complete and up-to-date Internal Affairs Bureau investigation relating to the incident involving Plaintiffs Andie Mali and Camila Gini, identified by IAB Number C21-875, including but not limited to investigator interview summaries or reports, recordings of officer interviews, and all other related documents.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to document request no. 11 on the grounds that "IAB number C21-875 is vague and ambiguous insofar as it lacks officers' tax numbers, and to the extent that it may seek documents relating to an open case and thus subject to protection under the deliberative process privilege. Subject to, and without waiving or limiting these objections, defendants state that they are continuing to search, and will supplement their response prior to the close of discovery if necessary.

**DOCUMENT REQUEST NO. 12:**

Produce all body-worn camera footage for all Ninth Precinct police officers at the Union Square protest on May 31, 2020, from 9 pm until 11 pm at or near the vicinity of Broadway and 12th Street or Fourth Avenue and 12th Street.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to plaintiffs' Document Request No. 12 on the grounds that "at or near the vicinity" is vague and ambiguous, and that the request is overly burdensome insofar as it seeks "all" body-worn camera footage, which likely includes irrelevant footage. Subject to, and without waiving these objections, defendants refer plaintiffs to the body-worn camera footage already produced and will also supplement their response prior to the close of discovery if necessary.

Dated:  New York, New York
        January 14, 2022

                        GEORGIA M. PESTANA
                        Corporation Counsel of the
                         City of New York
                        *Attorney for Defendants*
                        100 Church Street, Room 3-149
                        New York, New York 10007
                        (212) 356-2659
                        dbraun@law.nyc.gov


                By:    /s/
                       _____
                       DANIEL BRAUN
                       *Assistant Corporation Counsel*


TO:   *s/ Jessica Perry*
      Molly K. Biklen
      Jessica Perry
      Daniel R. Lambright
      Robert Hodgson
      Lisa Laplace
      Christopher T. Dunn
      NEW YORK CIVIL LIBERTIES UNION FOUNDATION
      125 Broad Street, 19th Floor
      New York, NY 10004
      (212) 607-3300
      jperry@nyclu.org
      mbiklen@nyclu.org

dlambright@nyclu.org
rhodgson@nyclu.org
llaplace@nyclu.org
cdunn@nyclu.org

*s/ Jennvine Wong*
Corey Stoughton
Jennvine Wong
Rigodis Appling
THE LEGAL AID SOCIETY
199 Water Street
New York, NY 10038
(212) 577-3367
jwong@legal-aid.org
cstoughton@legal-aid.org
rappling@legal-aid.org

*Attorneys for the Payne Plaintiffs*