# Rickner PLLC

Rob Rickner | rob@ricknerpllc.com

February 2, 2022

**Via ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York

      Re:      *In re: New York City Policing During Summer 2020 Demonstrations,*
                 No. 20-CV-8924
                 *This Filing is Related to All Cases*

Dear Judge Gorenstein:

We write on behalf of counsel for all Plaintiffs in these consolidated actions to ask that this Court hold a Conference under Rule 37.2 and then order Defendants to produce documents related to any investigation into a racist email sent in 2019 by Edward D. Mullins, a veteran NYPD officer and leader of the Sergeants Benevolent Association.

In August 2019, Mullins sent an email, with a video, to thousands of fellow NYPD officers telling them: "Pay close attention to every word. You will hear what goes through the mind of real policemen every single day on the job. This is the best video I've ever seen telling the public the absolute truth."[1] The video is 15 minutes of a police shooting with a racist rant by an unknown police officer who reiterates some of the worst stereotypes police officers have about the communities they police. The unknown officer calls Black people "monsters," calls public housing a "war zone," and claims that the Black people who live in public housing are "Section 8 scam artists and welfare queens [who] have mastered the art of gaming the taxpayer. Bounce from baby mama to baby mama, impregnate as many women as possible."[2]

In an interview with Gothamist, after the email became public, Mullins admitted that the video had "racist components" but insisted that there was nothing seriously wrong with the video. *Id.* Mullins also noted that, "I have Black friends." *Id.*

Unfortunately, this was not the end of Mullins' offensive conduct. On June 1, 2020, Mullins tweeted the mayor's daughter's home address and called protestors "rioting anarchists."[3] A few months later, Mullins called South Bronx City Councilman Richie Torres, now a U.S. Representative, a "first class whore" and claimed he, "[p]asses laws to defund police, supports criminals, & now because he's running for office he blames the police to protect what he voted for. Remember Little Ritchie? Meet

---

[1] *See* https://nypost.com/2019/08/13/nypd-union-boss-sent-members-overtly-racist-video-in-email/
[2] *See* https://gothamist.com/news/nypd-police-union-boss-sorry-for-sharing-racist-video-i-have-black-friends
[3] *See* https://nypost.com/2020/06/01/nypd-sergeants-union-tweets-out-chiara-de-blasios-arrest-report/

Rickner PLLC

LYING RITCHIE."[4] The racist email resulted in tepid discipline, but after the offensive social media posts, the CCRB recommended he be fired. But NYPD Deputy Commissioner Jeff S. Adler and NYPD Commissioner Dermot Shea disagreed and Mullins was allowed to retire.

The *Sierra* plaintiffs were arrested in Mott Haven, in the South Bronx, while protesting police misconduct following the death of George Floyd. The *Sierra* plaintiffs claim that the Mott Haven protest was targeted for a brutal crackdown because it was a lower income neighborhood, with only a 1.7% white population, and several public housing developments. The NYPD choose to make an example of this neighborhood precisely because of these demographics. In the Order denying the motion to dismiss, Judge McMahon noted that, "the Sierra plaintiffs also allege that the City has a policy of racially biased policing … in violation of the Fourteenth Amendment," and noted that the Defendants did not even try to move to dismiss the claim. *In re New York City Policing During Summer 2020 Demonstrations*, No. 20-CV-8924 (CM)(GWG), 2021 WL 2894764, at *13 (S.D.N.Y. July 9, 2021). It "remains in the case." *Id.*

Mullins' racist and offensive conduct could not be more relevant. The offensive stereotypes in the video he called, "the best video I've ever seen telling the public the absolute truth" specifically target and denigrate neighborhoods like Mott Haven. Undeterred by the public outcry, he then called protestors, including the mayor's own daughter, "rioting anarchists," and insulted Congressman Torres who represents Mott Haven.

Plaintiffs are entitled to know what, if anything, the NYPD did to investigate and address Mullins' racist email, only months before the protests started. But Defendants have refused. In the Plaintiffs' Second Consolidated Set of Requests for Production of Documents to All Defendants, Request 79, Plaintiffs demanded:

> [A]ll documents concerning the President of the NYPD Sergeants Benevolent Association's circulation of a racist video in August 2019, as described in paragraph 157 of the Sierra First Amended Complaint (Dkt 98), including any investigations into this action and any discipline or recommendations of discipline that were made.

And in Request 94 demanded:

> [A]ll documents concerning all NYPD investigations into the conduct of Sergeant Edward Mullins concerning his distribution of a racist video clip in August 2019, and concerning the February 2021 CCRB substantiation of three complaints against him for offensive language and abuse of authority.

*See* Ex. A. Initially, Defendants submitted a collection of boilerplate objections in response to each Request. *Id.* But after a Court Ordered meet and confer, on January 18, the Defendants agreed to revise these objections,[5] and in a January 22 email, the Defendants narrowed the objections, abandoning most of them, and limiting their objections to both Requests to relevance:

---

[4] *See* https://nypost.com/2020/09/04/nypd-union-head-calls-councilman-torres-a-first-class-whore/

[5] The parties met for approximately 2.8 hours, on multiple issues.  In attendance were Remy Green, Wylie Stecklow, Molly Biklen, Lillian Marquez, MK Kaishian, Corey Stoughton, David Rankin,

Rickner PLLC

> Defendants are withholding responsive documents on the relevance grounds stated, and that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies.

*See* Ex. B. Plaintiffs confirmed the parties were at an impasse.

The leader of the Sergeants Benevolent Association sending racist material claiming it was an exemplar of police experience, denigrating the neighborhoods like Mott Haven, to thousands of NYPD officers, and then claiming that there was nothing seriously wrong with the video, is directly relevant to Plaintiffs' claims, particularly the claims by the *Sierra* Plaintiffs. This is NYPD leadership promoting the kind of racism among police that the Black Lives Matter movement and the protests during the Summer of 2020 seek to eliminate. And the NYPD's response (or lack thereof) to Mullins' actions is key evidence of how the NYPD treats racism amongst its ranks generally.

Moreover, all Plaintiffs allege that the NYPD violated the First Amendment by retaliating against them based upon the content of their speech. Specifically, Plaintiffs allege that the NYPD sought to punish anti-police-brutality protesters with excessive force and unlawful arrests because it did not like the protesters' message (among others) that the NYPD is racist and oppresses communities of color. *See generally* 2021 WL 2894764 at *8-13 (sustaining Plaintiffs' First Amendment retaliation claims). That Defendants had retaliatory animus toward Plaintiffs' protected speech is an element of Plaintiffs' claims. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). Evidence that senior NYPD officials tolerated or tacitly endorsed explicit racism by a high-profile colleague would support Plaintiffs' claim that those same officials disliked their message that the NYPD is racist.

Plaintiffs' provided a copy of this letter to Defendants, by emailing it to six of their attorneys, on January 31, 2022 at 1 p.m., with a note that Plaintiffs would make themselves available for a meet and confer whenever Defendants were available, but warning them that we would file if we did not receive a response, as this Court Ordered in the Minute Entry in docket number 317. Defendants did not respond.

Defendants should be Ordered to produce the responsive documents immediately. We thank the Court for considering these issues.

Respectfully,

/s/

Rob Rickner

---

Daniel Lambright, Dapna Spivack, and Jennvine Wong for Plaintiffs, and Dara Weiss, Bridgit Fitzpatrick (NYPD Legal Bureau's Managing Attorney), and Pete Callaghan (NYPD Agency Attorney) for Defendants.