UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x

In Re: New York City Policing During Summer 2020 Demonstrations

_____

This filing is related to:

ALL CASES

------------------------------------------------------ x

**DEFENDANT(S') SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND CONSOLIDATED SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS**

20 Civ. 8924 (CM)(GWG)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant(s) respond and object to plaintiffs' Second Consolidated Set of Requests for Production of Documents to all Defendants as follows:

## GENERAL STATEMENT

1. By responding to any request, defendant(s) do not concede the materiality of the subject to which it refers. Defendant(s') responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendant(s') right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

intent"; and (3) the "NYPD should amend its written investigative procedures related to biased policing so that offensive or derogatory language associated with an individual's actual or perceived protected status, such as an officer's use of racial slurs, is classified, investigated, and adjudicated as a biased policing matter."

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 78:**

Defendants object to Document Request No. 78 on the grounds that this request is impermissibly vague and overbroad. Defendants further object that this request is not proportional to the needs of the case the burden and expense of searching for and producing "all" of the requested documents far outweigh any likely benefit to plaintiffs. Defendants additionally object to the extent that the documents sought are publicly available, and thus, equally available to plaintiffs. Defendants further object insofar as any documents or portions of documents are protected from disclosure by the deliberative process privilege.

**DOCUMENT REQUEST NO. 79:**

Produce all documents concerning the President of the NYPD Sergeants Benevolent Association's circulation of a racist video in August 2019, as described in paragraph 157 of the *Sierra* First Amended Complaint (Dkt 98), including any investigations into this action and any discipline or recommendations of discipline that were made.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 79:**

Defendants object to Document Request No. 79 on the grounds that it is overbroad because it seeks documents for "any" investigation, which may include incidents that have no bearing on the claims at issue. Defendants further object that it seeks documents that are not relevant insofar as any investigation is against a non-party officer. Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to

the allegations herein. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, et seq and an unsealing order has not been entered. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

**DOCUMENT REQUEST NO. 80:**

Produce every document that shows which officers wore what helmet numbers on the days on which the Protests occurred; if you are unable to conclude the answer with certainty, provide every log and other document that reflects which helmet numbers were assigned to what officers on the days of the protests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 80:**

Defendants refer plaintiffs to documents previously provided with respect to the officers/locations at issue. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of searching for and producing "every" of the requested documents far outweigh any likely benefit to plaintiffs.

**DOCUMENT REQUEST NO. 81:**

Produce every document concerning Defendants' policies and practices concerning distribution of protective gear by SRG officers and SRG protective helmet numbers.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 81:**

Defendants object to this request as vague and overbroad as to the term "every". Defendants further object as this request calls for documents that are irrelevant, as the log of helmet numbers has been provided, and it calls for information that can be better asked of a SRG officer at his/her deposition. Subject to, and without waiving or in any way limiting these objections,

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 93:**

Defendants object to Document Request No. 93 on the grounds that this request is vague and overbroad insofar as it does not specify the types of documents it seeks, simply "documents. " Defendants further object that it assumes facts not in evidence in that there is no evidence that there was "Aviation "Surveillance." Defendants further object insofar as any documents or portions of documents are protected from disclosure by the law enforcement privilege because they would reveal information that would interfere with ongoing investigations. Subject to and without waiving any of these objections, defendants refer plaintiffs to the materials that defendants previously produced, including aviation footage of Mott Haven from June 4, 2020.

**DOCUMENT REQUEST NO. 94:**

Produce all documents concerning all NYPD investigations into the conduct of Sergeant Edward Mullins concerning his distribution of a racist video clip in August 2019, and concerning the February 2021 CCRB substantiation of three complaints against him for offensive language and abuse of authority.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 94:**

Defendants object to Document Request No. 94 on the grounds that it is overbroad because it seeks documents for "all" investigation, which may include incidents that have no bearing on the claims at issue. Defendants further object that it seeks documents that are not relevant insofar as any investigation is against a non-party officer. Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, et seq and an unsealing order has not been entered. Defendants further object and state that unrelated actions, premised on

different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

**DOCUMENT REQUEST NO. 95:**

Produce all documents concerning any NYPD investigation into the display of a "white power" symbol by any NYPD officer since January 1, 2014.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 95:**

Defendants object to Document Request No. 95 on the grounds that it is overbroad because it seeks documents for "any" investigation, which may include incidents that have no bearing on the claims at issue. Defendants further object that it seeks documents that are not relevant insofar as any investigation is against a non-party officer. Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, et seq and an unsealing order has not been entered. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

**DOCUMENT REQUEST NO. 96:**

Produce all documents concerning any NYPD investigations into the statements and conduct of Deputy Inspector James Kobel.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 101:**

Defendants object to Document Request No. 101 on the grounds that this request is vague and overbroad insofar as it does not specify the documents plaintiffs contend have not been produced.

Dated: New York, New York
December 29, 2021

GEORGIA M. PESTANA
Corporation Counsel of the
 City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2659

By: /s/
Daniel M. Braun
*Assistant Corporation Counsel*

TO: ALL COUNSEL IN CONSOLIDATED CASES