UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In Re: New York City Policing During Summer        :        ORDER
2020 Demonstrations                                                            20 Civ. 8924 (CM) (GWG)
                                                                              :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

  The Court has reviewed the parties' submissions regarding the Gray plaintiffs' proposed Rule 30(b)(6) deposition topics (Docket ## 356 and 368).

  As to Topic 24, the City's response reflects that it agrees to plaintiffs' proposal that the parties may proceed with a deposition as to this topic as long as the City can invoke the deliberative process privilege during the course of the deposition. The City obviously had this right all along, so it is unclear why the issue was presented to the Court. Accordingly, the City shall produce a witness on Topic 24. The City may wish to enter into a stipulated order under Fed. R. Evid. 502(d) with respect to this deposition to ensure that any privilege objections it makes are as narrow as possible.

  Regarding Topic 26, we reject the City's suggestion that the topic is insufficiently particular. The topic may cover a lengthy time period, but it is quite clear what plaintiffs are seeking. That said, the Court agrees that a deposition is an unnecessarily burdensome way to obtain information about past disciplinary actions relating to encounters with journalists. In the usual police practices case, information about the contents of disciplinary records is obtained from the records themselves, not from a deponent regurgitating the contents of those records in oral testimony. Accordingly, the request to require the City to prepare a deponent on this topic is denied.

  It is unclear if plaintiffs have already sought the information at issue through a document request. The Court does not think it appropriate to opine at this time regarding the burdensomeness of such a document request since that issue is not before the Court. The Court will offer some guidance, however, because the plaintiffs have broached the issue in their letter (which seems to recognize that any Rule 30(b)(6) witness would have to be educated by means of such documents). The Court notes that the City's responsive letter fails to address the question of whether it is in fact the case that the City could search for the disciplinary records by the means suggested in plaintiffs' letter: that is, by searching for disciplinary records that (1) reference specific section numbers of the patrol guide; or (2) relate to the specific incidents identified by plaintiffs, which apparently include names and dates. The Court is not resolving the issue of any document request, however, since it is not before the Court. But if the matter is pursued, this is obviously an issue the City would have to address.

  SO ORDERED.

Dated: February 2, 2022
   New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge