


**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**DARA L. WEISS**
*Senior Counsel*
daweiss@law.nyc.gov
Phone: (212) 356-3517
Fax: (212) 356-1148

<u>By ECF</u>                                                                                           February 2, 2022
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court                   MEMORANDUM ENDORSED.
Southern District of New York
500 Pearl Street
New York, New York 10007

   In Re:  *New York City Policing During Summer 2020 Demonstrations*,
           No. 20 Civ. 8924 (CM) (GWG)

Your Honor:

   I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York and I am among counsel for the defense in the above-referenced matter. I write in accordance with Rule 2.A of the Court's Individual Practices to respectfully advise the Court that Defendants would like to submit their letter in response to plaintiffs' January 31, 2022 letter (Dkt. # 369) on Friday, February 4, 2022.

   The undersigned contacted Remy Green, one of plaintiffs' counsel before 8:30 am this morning for their position, and noted that it would be a better use of defendants' time to continue to provide the outstanding documents, a number of which were produced yesterday, than to take that time to respond to their letter.

   Finally, at 6:00 pm this evening, Mx. Green provided plaintiffs' position, as follows:

   *Plaintiffs object to the Defendants' request for an extension of the time to respond to the first section of Plaintiffs' motion regarding the Defendants' failure to follow this Court's Orders. (Defendants stated that they do not plan to respond to the Reply / Motion for Reconsideration section of the motion.) Defendants have failed to comply with multiple Court Orders. The Order to produce documents regarding prior protests by January 30th, or to submit an affidavit explaining why meeting this deadline is impossible, is only the most recent example. Defendants do not, and cannot, argue that they have actually complied with this Order. So the only question for the Court is what to do to address this failure.*

   *Plaintiffs are facing a brutal schedule, with many complex depositions that must be completed in little more than two months. This schedule would be challenging even if Defendants had already finished their document production. But they have not. So each time Plaintiffs are*

*forced to make a motion to compel - which is the only way to get Defendants to timely comply with their discovery obligations - and Defendants fail to meet the subsequent Court-Ordered deadlines, the prejudice is compounded.*

*This prejudice, Plaintiffs submit, must be addressed immediately. Defendants have been scrambling to produce the documents they were Ordered to produce last Friday, and it may be they want to finish scrambling through the production before they respond to the motion. But that misses the point. These delays are a global problem across the litigation and Plaintiffs, respectfully, would like a conference to discuss a comprehensive solution. Delaying this discussion unnecessarily, so Defendants can have more time to respond to arguments that only amount to one page of the recent motion, only makes the problem worse.*

Thank you for your consideration herein.

Respectfully submitted,

*Dara L. Weiss s/*

Dara Weiss
Senior Counsel
Special Federal Litigation Division

cc:   ALL COUNSEL (via ECF only)

---

Extension to February 4, 2022, granted on the condition that defendants' letter responds substantively to all arguments made in Docket # 369.
So Ordered.
February 2, 2022

GABRIEL W. GORENSTEIN
United States Magistrate Judge