# Rickner PLLC

Rob Rickner | rob@ricknerpllc.com

February 3, 2022

**Via ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York

  Re: *In re: New York City Policing During Summer 2020 Demonstrations*,
     No. 20-CV-8924
     *This Filing is Related to All Cases*

Dear Judge Gorenstein:

Defendants have violated yet another Court Order. On January 25, 2022, this Court Ordered them to produce example audit trail logs for officers' body-worn camera ("BWC") videos by February 2, 2022. Defendants did not comply with the Order or ask the Court for an extension. Defendants have shown utter contempt for this Court's Orders, in both the legal and colloquial sense of the word. Sanctions are warranted. So we, counsel for the Plaintiffs in *Sierra*, write on behalf of all Plaintiffs in these consolidated actions to respectfully request a discovery conference pursuant to Local Civil Rule 37.2 to order production of the audit trail logs and for sanctions.

Plaintiffs moved to compel production of the audit trail logs on August 23, 2021—more than five months ago. Dkt. No. 242. Defendants objected by claiming that it was too burdensome to produce these logs. The Court Ordered a meet-and-confer on the issue and encouraged the Defendants to bring someone who knew the technology to assist the conversation. Dkt. No. 252. During the meet-and-confer, an NYPD officer who handles body worn camera productions admitted that the audit trail logs could be downloaded and produced in bulk. In fact, producing these logs is as easy clicking a button in the application during the export. *See* Ex. A (BWC Manual Excerpt). After the meet and confer, Defendants withdrew their burdensomeness objection.

But now Defendants are refusing to produce the audit trail logs claiming they are irrelevant. To help resolve the dispute, Plaintiffs proposed that the NYPD produce the audit trail logs for just three videos Plaintiff chose, to serve as examples to ground the parties' discussion of the issue. Defendants agreed, and on September 16, 2021, Plaintiffs provided three BWC videos for which they sought example audit trail logs. Months went by, but Defendants never produced those logs. Plaintiffs were forced to move to compel yet again, as part of larger motion. Dkt. No. 354. This Court Ordered Defendants to provide the sample audit trail logs by February 2, 2022.

Like so many deadlines in this case, February 2nd came and went with Defendants neither providing the documents nor an explanation for their failure.

Rickner PLLC

At a meet-and-confer on February 3, 2022, held to discuss multiple outstanding categories of documents, Plaintiffs asked why the audit trail logs were not produced. Defendants responded that they could not figure out which officers were wearing the cameras for the video examples we provided, so they could not produce the corresponding logs. This was a shocking and unbelievable response because the reason Plaintiffs demanded the logs in the first place was because we needed the logs to help determine which officers took which BWC videos.

The audit trail logs will provide this and other crucial information. We know from our investigation that the officers' names and badge numbers are included in the logs. They also include tags (short written phrases like the hashtags on Twitter) and other notations made by the officers themselves. Plaintiffs have also learned that officers were instructed to use specific tags for their BWC videos at some protests, and those tags, and any other notations, are relevant and discoverable. In addition, the audit trial logs show whether a video was edited or partially deleted. We have found at least one example where it appears the BWC video produced was edited from a longer video. In fact, that video was one of the three for which we requested sample logs. And finally, the audit trail logs show when the video was viewed by the officer. This is important because it shows whether or not an officer viewed their BWC video before filling out arrest, injury, or other police reports.

Further, Defendants recently produced a mass of over 600 BWC videos. Defendants have stated that some are repeats of prior productions, and some are new—but have refused to specify which are which. The audit trail logs for this production will be very helpful in trying to determine which videos are newly produced, and which videos Plaintiffs may have already reviewed. Trying to catalog the information in these videos manually would take Plaintiffs a substantial amount of time and we should not be forced to do so when Defendants can simply export the same data with the click of a button.

In sum, these audit trail logs are relevant, useful, and easy to produce. Plaintiffs have spent more than five months trying to meet and confer on this subject, and the three example logs were an accommodation to Defendants in an effort to make some sort of progress. That accommodation got us nowhere. At this point, after two motions and the Defendants' failure to comply with the last Court Order, we ask that this Court simply order Defendants to immediately produce the audit trail logs and to pay for the attorney time spent litigating this issue.

We thank the Court for considering this matter.

Respectfully,

/s/

Rob Rickner