

February 4, 2022

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

Re: **In re: New York City Policing During Summer 2020 Demonstrations, 1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases**

Dear Judge Gorenstein:

I write on behalf of all Plaintiffs in the consolidated case above. I write regarding Defendants' continued failure to make progress towards getting Plaintiffs documents promised by July 31 last year. *See* ECF Nos. 354; 365. On January 25, the Court ordered "the City to immediately meet and confer as to all categories of documents, to identify for plaintiffs which documents [from their First Consolidated Requests for Documents] will and will not be produced, and to provide firm dates by which any production will be made," and invited Plaintiffs to "send a new letter" if they were "dissatisfied with the results of the meet and confer." ECF No. 365.[1] Unfortunately, that meet and confer did not result in *any* of what the Court ordered.[2] So, Plaintiffs write to provide a status update — and ask that we discuss this alongside the other, big picture issues we've requested a conference on. *See* ECF Nos. 369; 376.

The parties initially set a meet and confer for Friday, but Defendants then needed to reschedule. Upon agreement to move the meeting to February 3, Defendants explicitly committed to "provide, in writing, anything [they] have firm answers on."

Nothing in writing ever came. And the meet and confer itself was a failure. With a small exception for documents that could be searched for "in house," Defendants were unprepared to

---

[1] Defendants *also* failed to produce the audit trail logs (as directed in the same Order), inform Plaintiffs they would not be producing the audit trail logs, or seek more time. That will be the subject of a separate submission.

[2] The time wasn't a total loss. Defendants at least nominally committed to some dates over the next weeks at which point they will *then* give Plaintiffs status updates and, perhaps, "firm" dates in the future for the actual production of documents. But Defendants were ordered to be prepared to give Plaintiffs that information — and "firm dates" for the documents themselves — at *this* meet and confer, to say nothing of the fact that they were ordered to give us the same information last year (and in both cases, "immediately" (ECF Nos. 365; 2021-10-19 Tr. 22:4-8 (THE COURT: "I think an immediate conference is a better way to deal with this problem. And if at that conference they're not giving you dates that make any sense to you in terms of production dates, then you should absolutely come back to me.").

And still, the parties did not even discuss half of the categories of documents listed by name in Plaintiffs' September 10 letter before Defendants' counsel ended the call.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



commit to "firm dates" for *any* production — let alone for "all categories of documents." In fact, many categories seemed to be something Defendants were considering how to collect for the very first time — and otherwise it was abundantly clear that Defendants have simply not started searching for the vast majority of items that have been identified as missing by name since September 10, 2021. *See* ECF No. 277-4 at 5-8 (providing a chart of missing documents). So Defendants largely did not have any "updates" to speak of, because in many cases they have not even begun searching. Past there, Defendants revealed many of the representations they made after the previous meet and confer were simply untrue. For example, Defendants asserted previously that they searched for and could not find "scratch" arrest documents (e.g., handwritten documents required by the Patrol Guide) and they didn't exist, but yesterday their PD liaisons revealed that what counsel was told was that not *many* such documents exist (and even then, PD has not started collecting them). Similarly, while counsel previously asserted that all "buddy photos" were destroyed after 24 hours after a *lengthy* discussion in the meet and confer about the three different places in the process such photos were taken,[3] Defendants revealed they had never searched when Plaintiffs proved that at least the on-site photos were not destroyed (by providing examples) — and claimed there was some kind of "miscommunication" between PD and counsel.

Nor were defendants available for an appropriate amount of time. Despite Plaintiffs' request last week that Defendants block out (at least) approximately three hours for the meet and confer, Defendants cut the meeting off after an hour and a half. Had Defendants come prepared to provide firm dates or at least meaningful updates for all categories of documents, or provided such information as promised in writing prior to the meeting, that might have been enough. But, as it stands, Defendants still have provided no update on the majority of explicitly identified categories of documents.

This is, as the Court knows, not an isolated issue. Just pending *now*, there are motions and other outstanding orders that Defendants haven't followed about at least the following:

| ECF No. | Date Filed | Relief Sought | Relief Ordered |
|---|---|---|---|
| 379 | February 3, 2022 | Order to produce body-worn camera audit trail logs by a date certain. | [pending] |
| 374 | February 2, 2022 | Order to produce documents relevant to Plaintiffs' request for production numbers 79 and 94, relating to Sergeant Edward Mullins' circulation of racist video. | [pending] |
| 370 | February 1, 2022 | Order compelling Defendants to fully respond to the *Payne* plaintiffs' Second and Third Requests for Production within five days. | [pending, Defendants are in default] |

---

[3] These are photographs taken during mass arrests so that arresting officers can be linked up with the people they arrest.



Page 2 of 4



| 352 | January 31, 2022 | (1) Sanctions or other appropriate relief to address the City's failure to comply with the Court's order to produce discovery on prior protests; and (2) to reconsider and revise its order regarding pre-2002 discovery and order Defendants to produce documents relating to protests dating back to 1999, including the 2002 World Economic Forum. | [pending] |
|---|---|---|---|
| 341 | January 6, 2022 | Deadline of January 15, 2022 for prior protest documents. | A "proper letter" opposition and "meet and confer" (ECF No. 352); Documents by January 28, 2022 or a sworn explanation of why compliance was "impossible" (ECF No. 359) (still incomplete with no explanation). |
| 337 | January 3, 2022 | Order compelling production of documents responsive to Plaintiffs' Second Consolidated Requests for Production within ten business days of an order; meet and confer on responses within seven days of production. | Meet and confer by January 18, 2022 (ECF No. 347) (production still incomplete and without firm dates; Defendants have also missed agreed deadlines for documents, objections, and privilege log). |

Because Plaintiffs already have asked that we have a big picture discussion of timing and discovery in this case at a conference, we have submitted the letter the Court invited as a status letter — asking that we discuss Defendants' continued failure to respond to Plaintiffs' First Requests for Production in that bigger picture conference.

We thank the Court for its continued time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow/Hernandez/Minett Plaintiffs,
on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



cc:
All relevant parties by electronic filing.

Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com