

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**DARA L. WEISS**
*Senior Counsel*
daweiss@law.nyc.gov
Phone:  (212) 356-3517
Fax:  (212) 356-1148

**By ECF**                                                                                February 4, 2022
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re: *New York City Policing During Summer 2020 Demonstrations*,
      No. 20 Civ. 8924 (CM) (GWG)
      This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York and I am among counsel for the defense in the above-referenced matter. I write in accordance with Rule 2.A of the Court's Individual Rules in response to plaintiff's January 31, 2022 letter to the Court. (Dkt # 369).

      At the outset, counsel for the defendants apologize for the delay in production of the materials.  Since the items agreed to, most notably deposition transcripts and their accompanying exhibits were presumably in the possession of the Law Department, we did not think it would be difficult to collect and produce them.  Unfortunately, as we were trying to collect them, we encountered roadblocks.  For example, with respect to deposition transcripts from the lawsuits arising out of the Republican National Convention in 2004, we sent 37 transcripts to counsel for plaintiffs, representing all the 30(b)(6) witnesses and depositions of members of the NYPD ranked Lieutenant or higher that we could identify. Upon sending, Mx. Green replied in an email that it "looks a little light."  The undersigned will check again, but it appears as if these are the only ones in our database. If Mx. Green, or any of other plaintiffs' counsel know of others that are missing, they can tell us and we will look for them. Then, in searching for the corresponding exhibits, we learned that the database that held all the documents had been shut down, and the documents are no longer accessible.  Therefore, it appears as if defendants cannot produce the corresponding exhibits without removing the case files from off-premises archives, and looking through the cartons to attempt to find the materials.  Bases upon the size and complexity of the

RNC cases, this will likely take an enormous amount of time and untold expense. It should be pointed out, though, that a number of the attorneys litigating the instant lawsuits also were attorneys of record in the RNC cases, and may already have these documents in their files.

Additionally, the undersigned gathered and produced 57 deposition transcripts from cases arising out of Occupy Wall Street demonstrations. The defendants are in the process of gathering the relevant exhibits, but this is also an extremely time consuming and labor-intensive process, as each case is in a separate electronic file (there are more than 100 cases) and each one has to be looked through, first, to see if the exhibits were loaded and identified as deposition exhibits. If they were not, then the deposition transcript needs to be read through to identify exhibits, and then those documents need to be found. Unfortunately, not every document was scanned on to our electronic system, and any that were not would only be accessible by obtaining the paper files, which have been sent to archives.

This incredibly onerous process, on top of all of the other tasks this office and the defendants are attempting to complete for these cases, including engaging in many hours of meet-and-confers, searching for documents, preparing for depositions of high-ranking officials and 30(b)(6) witnesses, any many, many other responsibilities related to this case, has made it difficult to meet all deadlines. We will continue to use our best efforts to locate and produce as many responsive documents as possible as quickly as possible.

Despite plaintiffs' drama-filled letter, which even goes to such lengths as quoting the author of fictional spy novels, defendants do not take the Orders of this, or any other Court lightly. As Your Honor is aware, this case is on a "rocket docket," with ten cases consolidated together, several of them purported class actions, dozens of attorneys representing the plaintiffs, with seemingly unlimited time, resources and methods for bullying and attempting to intimidate defendants and their counsel. This case is robustly staffed on defendants' side, with nine full-time attorneys and two paralegals, as well as a number of other attorneys assigned to specific tasks and depositions. It is simply difficult to keep up with the volume of requests that come in on an almost daily basis. Defendants are doing all they can to respond in a timely and complete manner.

The granting of attorneys' fees is not appropriate herein. Although Rule 37 permits certain sanctions, they need not be imposed if "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ Pro 37(A)(5)(A)(ii). Based upon the foregoing, it is respectfully submitted that defendants' delay was, in fact, justified. Defendants are not willfully withholding documents, nor are they intentionally delaying. Their conduct is in no way contumacious. If this Court however, is considering plaintiffs' application, defendants respectfully request that formal briefing be permitted.

Thank you for your consideration herein.

Respectfully submitted,

*Dara L. Weiss s/*

Dara Weiss
*Senior Counsel*
Special Federal Litigation Division

cc:    ALL COUNSEL (via ECF only)