# BELDOCK LEVINE & HOFFMAN LLP
## 99 PARK AVENUE, PH/26TH FLOOR
### NEW YORK, N.Y. 10016

JONATHAN MOORE
DAVID B. RANKIN
LUNA DROUBI
MARC A. CANNAN
CYNTHIA ROLLINGS
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
KAREN L. DIPPOLD
MARJORY D. FIELDS
EMILY JANE GOODMAN
 (JUSTICE NYS SUPREME COURT, RET.)
FRANK HANDELMAN

February 8, 2022

REF: 8443.00

WRITER'S DIRECT CONTACT:
212-2775825
drankin@blhny.com

**VIA ECF ONLY**

Hon. Judge Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *In re: New York City Policing During Summer 2020 Demonstrations*
      Index No. 20-cv-8924 (CM) (GWG)

Your Honor:

The Sow Plaintiffs seek to compel production in response to their case-specific document requests (**Exhibit 1**). This is part of a pattern of the City ignoring discovery requests and their production obligations.

The Sow Plaintiffs served discovery demands on November 15, 2021. Responses to those requests were due December 15, 2021. Defendants did not serve responses, or otherwise request more time to respond. On December 24, 2021, Plaintiffs sent a follow-up email, noting the holidays, but asking (1) who the person assigned to the task was and (2) when a response would be coming. Some two weeks later, on January 5, Defendants responded, "Give me a day to look into this and I'll get back to you." On January 12, 2022, the undersigned emailed a letter complying with ECF 317 to the defendants requesting a meet and confer (**Exhibit 2**). The first availability offered by the defendants was January 21, 2022. At that meet and confer, the defendants agreed to provide responses to our discovery demands by February 4, 2022. It was agreed that if the defendants believed a request was duplicative of a response already produced or a request already objected to, a specific reference to where they believed the document was produced or where the objection was made would be included in the response.

On February 7, 2022, the undersigned reached out to the defendants about this request. The response identified two of the officers whose identities were requested in the interrogatories. They further said they did "not have other documents as of today, except what has already been provided" and that a response would be provided "as soon as possible." This response is wholly inadequate as depositions of higher-level City employees starts this week. Plaintiffs still do not have responses or objections at all.

BELDOCK LEVINE & HOFFMAN LLP

Hon. Gabriel W. Gorenstein
February 8, 2022
Page 2

Nor do we have the documents and information requested.[1]

Sow Plaintiffs ask the Court to set a date certain for production of all the requested documents and response to interrogatories given the prejudice from having to make this application on the eve of high-level depositions, and to find all objections waived. Plaintiffs seek to compel a response immediately.

We thank Your Honor for your time and attention to this matter.

                                              Respectfully submitted,

                                              David B. Rankin

---

[1] By way of example, Request 36 seeks "communications between NYPD and the CCRB regarding Kenneth Rice, including but not limited to any requests to reopen his disciplinary case." The CCRB recommended discipline for Sgt. Rice based on his conduct in ordering the arrest of legal observers. *See* Nick Pinto, *NYPD Lawyer Who Oversaw Violent Arrests Of Legal Observers Should Be Disciplined, Watchdog Says*, INTERCEPT (Oct. 15, 2021). However, NYPD officials made a statement to the press that, "It is our understanding that the CCRB case *is* being reopened based on new evidence and we expect a different outcome." *Id.* (emphasis added). What communications gave NYPD the impression it was a sure thing the case was being reopened (notwithstanding CCRB recommending the highest level of discipline it can) is vital both on an individual liability level, as well as for the bigger *Monell* and failure to discipline claim. Sgt. Rice's deposition is currently scheduled for March 28, Plaintiffs need sufficient time to review documents, challenge any objections or assertions of privilege the Court allows, and so on — as well as time to tee up such challenges with the often-delayed meet and confer process.