

| | | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | **DARA L. WEISS**<br>*Senior Counsel*<br>daweiss@law.nyc.gov<br>Phone: (212) 356-3517<br>Fax: (212) 356-1148 |

**By ECF**  February 10, 2022

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re:  *New York City Policing During Summer 2020 Demonstrations*,
              No. 20 Civ. 8924 (CM) (GWG)
              This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York and I am among counsel for the defense in the above-referenced matter. I write in accordance with Your Honor's Order directing the City to file a letter explaining why it should not be sanctioned (Dkt. 384). The failure to comply with the Court's order was in no way intentional, it was simply an oversight.

**Requests for Audit Trails**

      At the outset, the City would like to apologize for missing the deadline imposed by the Court. The four sample audit trail logs at issue were, in fact, produced to defendants on February 4, 2022, two days late, and one day after Mr. Rickner filed his letter with the Court. It is respectfully submitted that imposition of sanctions would be unjust in these circumstances because defendants have now complied with this Order albeit two days after the due date, and so plaintiffs cannot still claim that they have suffered any prejudice due to this short delay.

      With respect to the merits of plaintiffs' letter, it should be pointed out that defendants were only required to provide a small number of audit trails to be in compliance with the Court's order, and not "over 600" for the recently produced body-worn camera video. Defendants did just that, on February 4, 2022. Pursuant to the Court's Order on January 25, 2022, Defendants were to produce "the example audit trail logs identified in the plaintiffs' letter (page 6) on or before February 2, 2022." Although part of the delay was caused by the enormous amount of work required to defend this case, it was also partially caused by confusion as to exactly which videos the audit trails were being requested for, as several thousand clips have been produced. Working with the NYPD, we were able to resolve this issue and produce the required logs.

Although, as plaintiffs state, a simple "click of a button" is all that is needed to produce an audit trail, the process is still arduous. There are several thousand BWC footage produced in this case, and locating each video and producing the log, as a whole, is extremely burdensome. With respect to the "over 600" recently produced videos, some of which are new videos and some of which are re-productions, it is respectfully submitted that audit trails are unnecessary. As plaintiffs are aware, the "repeats" are nothing more than re-productions of videos that defendants produced in advance of depositions, as required by court order. Due to the time constraints involved in producing these videos before plaintiffs' depositions, they were originally produced without Bates stamps. As requested by the plaintiffs, they were simply produced a second time, this time with Bates stamps. As these are the videos that plaintiffs claim they were unsure about whether they reviewed or not, defendants can clear up plaintiffs' confusion as to what is a new video and what is a re-production, defendants, within 30 days, can provide audit trails for any "new" videos. The ones that defendants produce audit trail for, are then clearly, the new ones.

**Requests for Sanctions Should be Denied**

With respect to plaintiff's request for sanctions, Mr. Rickner's letter does not specify under which section of Rule 37 he seeks sanctions (as opposed to plaintiffs' January 18, 2022 letter, Dkt. # 369, which specifically refers to Rule 37(a) sanctions). This is significant because, under Rule 37(a), where a party's motion to compel discovery is granted, payment of the movant's attorney fees is the only available sanction against the party "whose conduct necessitated the motion." (Rule 37(a)(5)(A)). Mr. Rickner's letter discusses both the Court's Order granting plaintiffs' motion to compel the audit trail logs, among other items, as well as defendants' failure to comply with the Court-ordered deadline to produce the logs. Thus, it is unclear whether Mr. Rickner's vague mention of "sanctions" refers to: (a) attorney fees in connection with plaintiffs' Jan. 18 motion to compel; or (b) sanctions for missing the Court-ordered deadline. For purposes of this letter, defendants assume plaintiffs are all on the same page and are all seeking sanctions pursuant to Rule 37(a) for attorney fees incurred in preparing and pursuing their motions to compel.

Rule 37 provides that, where a motion "for an order compelling disclosure or discovery" is granted, "or discovery is provided after filing" … "the court must, after giving an opportunity to be heard, require the party or deponent who conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including reasonable attorney's fees…" Rule 37(a)(5)(A). However, Rule 37(a) provides three exceptions if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) *other circumstances make an award of expenses unjust*." Rule 37(a)(5)(A)(i)-(iii) (emphasis added).

Here, awarding expenses for a delay, or for failure to request an extension, would be unjust, especially in light of the enormous burden to the defendants to produce a massive amount of discovery in a short time, the seemingly endless meet-and-confers by plaintiffs, and the never-ending barrage of letters and emails being sent by plaintiffs' counsel in these 10 consolidated cases

(five of which are putative class actions), as well as several non-consolidated protest cases brought by some of these same counsel[1]. Defendants did not intentionally disregard Your Honor's order; it was simply an oversight that was promptly corrected.

For example, since the start of this year, there have been at least *eight* meet-and-confers, often lasting several hours each, and covering dozens of topics. In the same time period, a mere 27 business days, a cursory review of the undersigned's email inbox shows that this office has received no less than 45 emails demanding discovery and/or attaching draft letters to the Court concerning discovery, often more than one per day from various different attorneys, on different issues. Plaintiffs have filed at least *seven* letters with the Court in that same period. Plus, the defendants have been spending significant time on depositions (scheduling, preparing and defending), and working on clarifying and objecting to improper 30(b)(6) notices. Meanwhile, defendants are also trying to litigate these cases and defend their clients. Despite this office having this case fully staffed with a dedicated team of attorneys and paralegals, it is simply not possible to keep up with our adversaries, more than 45 attorneys from 19 different law firms. Unfortunately, this deadline was simply inadvertently missed, as defense counsel is scrambling to keep up with the onslaught. No malice was intended, and within a day after Mr. Ricker noted during a meet-and-confer on a different topic that the audit trails were late, they were produced.

Defendants' short delay in complying with this Court's order was not in bad faith or willful behavior. Defendants and their counsel are doing everything possible to keep up with the onslaught of demands by plaintiffs' counsel in these enormously complex cases and have been making attempts to communicate with them more readily on outstanding issues. It is respectfully submitted that Your Honor decline to assess sanctions.

**Conclusion**

Defendants have now complied with the Court's Order. Defendants are also willing to produce audit trails for any "new" videos recently produced. As such, defendants respectfully request that the court deny the plaintiff's request for sanctions.

Thank you for your consideration herein.

Respectfully submitted,

*Dara L. Weiss s/*

Dara Weiss
Senior Counsel
Special Federal Litigation Division

cc:    ALL COUNSEL (via ECF only)

---

[1] For example, Gideon Oliver, Esq, and Cohen and Green, P.L.L.C. counsel for the *Sow* class-action plaintiffs, have brought other protest-related cases on behalf of individual defendants in both the S.D.N.Y, the E.D.N.Y, and in state courts (many of which have been removed to federal court by this office).