**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations<br><br>This document is related to:<br><br>*All Cases* | **PROPOSED ORDER**<br>20 Civ. 8924 (CM) (GWG) |

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

**WHEREAS**, as discussed more fully on the record on February 11, 2022, with regard to the letter at ECF 369, the Court finds that Defendants have engaged in discovery conduct that warrants sanctions — to wit, Defendants have failed to follow a clear and unambiguous Court order, and have provided no acceptable justification for that failure;

**WHEREAS**, the Court has ordered and reserved decision on other sanctions, as stated on the record, and this order is not intended to disturb those other decisions;

**WHEREAS,** as stated on the record, the Court has made a factual finding that Defendants' discovery conduct in this matter has been contumacious; and

**WHEREAS**, the Court finds that prophylactic remedies are necessary to deter future similar misconduct, and that the orders herein are "other just orders" under Fed. R. Civ. P. 37(b)(2)(A);

**IT IS HEREBY ORDERED** that:

1. Going forward, if Defendants anticipate missing a deadline — whether Court-ordered or agreed between the parties — they must file on the docket an affidavit from the appropriate custodian (whether from the NYPD, Mayor's Office, or other City of New York ("City") agency) at least two days before the deadline explaining in detail why the deadline is impossible to meet. That affidavit must explain what steps have been taken, with dates, to comply

with the deadline, and explain in detail any burden, obstacle, or other difficulty claimed.

2.	"Missing a deadline" shall include both a total failure to produce, as well as a failure to produce all documents responsive to a request simultaneously with an appropriate privilege log for any documents withheld.[1]

3.	Upon receipt of such an affidavit, the Court will decide whether an extension is appropriate. Defendants should not assume the Court will grant extensions, and should be prepared to comply with any So Ordered deadlines until the Court grants an extension. This means that Defendants should consider asking for an extension earlier than is strictly required. The Court may choose to schedule a court conference, and Defendants should anticipate that the Court may require the appropriate representative to determine if an extension of the deadline is warranted.

4.	The Court will, going forward, "So Order" all of the parties' agreements about Defendants' deadlines to produce that are made at meet and confers, or otherwise agreed to. In terms of process, the parties shall adhere to the following:

> a. Plaintiffs shall send an email summarizing any commitments they believe Defendants have made, and attaching proposed language to be So-Ordered that reflects those commitments.
>
> b. If Defendants do not object to that summary as being inaccurate within one business day (that is, 24 hours, not including weekends or holidays), Plaintiffs can submit the deadlines to be So-Ordered. Any objection not made within one business day is waived, unless Defendants specifically apply for and are granted an extension. Defendants should not assume they will receive one.
>
> c. If Defendants timely object, they must identify the specific proposed order to which they disagree.
>
>> i. For the proposals Defendants do not specifically object to, Plaintiffs may submit them to the Court to be So-Ordered without further delay.

---

[1] Defendants are reminded that the Court has already ordered that privilege logs be produced at the same time as documents. *See* 2021-10-10 Tr. at 28:18-25 ("Absolutely produce the log at the time the documents are being produced. That's when it's due under the rule and that's when it should be produced unless the parties agree otherwise.").

ii. For those proposals Defendants specifically and timely object to, Defendants should (within one business day of Plaintiffs' email) propose alternative language they believe better reflects the agreements made.

iii. Plaintiffs shall make themselves available to discuss Defendants' objections within 24 hours of receiving them, and Defendants shall propose times for that discussion.

iv. Following that discussion, if any disagreement remains, the parties shall submit a joint letter setting out their positions and attaching their proposed orders. The parties shall also submit those drafts in Word format to Chambers.

5. If Defendants miss a deadline (whether Court-ordered or agreed upon) without submitting an affidavit as set out above, they shall submit a letter within one day of missing the deadline explaining why the City should not be sanctioned pursuant to Fed. R. Civ. P. 37(b) for its failure to comply with the Court's order. That letter shall be supported by at least one affidavit from someone with personal knowledge of Defendants' efforts to comply with the deadline.

6. If Defendants fail to submit a letter, the Court sets this presumed scale and structure for progressively escalating monetary sanctions, in addition to any sanctions under ¶ 4 above, for each deadline missed:

a. Once the deadline is missed without following the rules above,[2] attorneys' fees will be awarded to the attorney(s) who expended any time associated with the commitment at issue, which shall include all time related to the issue following agreement to the commitment. Plaintiffs shall make a request for any such fees to Defendants, and Defendants shall respond promptly and the parties shall make every effort to resolve such fees without Court intervention.

b. Missing the deadline will incur an immediate penalty of $500, owed by all Defendants jointly and severally. Defendants shall owe $500 each additional day they remain out of compliance.

c. Once the escalating penalties begin under this paragraph, it shall be Defendants' burden to show, on motion (to which Plaintiffs shall respond within two business days) and by clear and convincing evidence, that non-compliance has been cured, and that all documents required by any agreement or order have

---

[2] For clarity, missing a deadline after a denied request for an extension counts as missing a deadline.

been produced.

7. The penalties under ¶ 6 shall apply to any failure by Defendants to comply with agreements or orders that are caused (1) by unreasonable searching measures that fail to uncover documents Defendants reasonably should have found or (2) by any failure to disclose (whether in a privilege log or otherwise). The accrual of penalties shall not be stayed or delayed due to Plaintiffs' or the Court's lack of awareness of the deficiency or searching measures.

Dated: New York, New York
      February \_\_\_, 2022

                                                                     _____
                                                                     Hon. Gabriel W. Gorenstein
                                                                     United States Magistrate Judge