UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations | **PROPOSED ORDER** 20 Civ. 8924 (CM) (GWG) |
| This document is related to: *All Cases* | |

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

    **WHEREAS**, as discussed more fully on the record on February 11, 2022, with regard to the letter at ECF 369, the Court ~~finds~~ has imposed monetary sanctions against the City ~~that Defendants have engaged in discovery conduct that warrants sanctions~~ due to late compliance with discovery obligations; ~~to wit, Defendants have failed to follow a clear and unambiguous Court order, and have provided no acceptable justification for that failure~~;

    ~~**WHEREAS**, the Court has ordered and reserved decision on other sanctions, as stated on the record, and this order is not intended to disturb those other decisions;~~

    ~~**WHEREAS,** as stated on the record, the Court has made a factual finding that Defendants' discovery conduct in this matter has been contumacious; and~~

    ~~**WHEREAS,** the Court finds that prophylactic remedies are necessary to deter future similar misconduct, and that the orders herein are "other just orders" under Fed. R. Civ. P. 37(b)(2)(A);~~

    **IT IS HEREBY ORDERED** that:

    1.    Going forward, if Defendants anticipate missing a Court-ordered deadline ~~whether Court-ordered or agreed between the parties~~ they must file on the docket a<ins>n explanation</ins> ~~n affidavit from the appropriate custodian (whether from the NYPD, Mayor's Office, or other City of New York ("City") agency)~~ at least two days before the deadline explaining in detail why the

1

deadline cannot be met.is impossible to meet. ItThat affidavit must explain what steps have been taken, with dates, to comply with the deadline, and explain in detail any burden, obstacle, or other difficulty claimed. If defendants request an extension from plaintiffs on an agreed-upon deadline, and plaintiffs agree, no letter to the Court is necessary. Plaintiffs should reasonably grant any extensions requested.

2. "Missing a deadline" shall include both a total failure to produce, as well as a failure to produce all each responsive document in defendants' counsel's possession and control documents responsive to a request simultaneously with anand an appropriate privilege log for any documents withheld within five days after production of the documents.[1]

> **Commented [WD(1)]:** Should the Court decide to leave in this footnote, it is respectfully submitted that the Court instructed that privilege logs should be produced "nearly contemporaneously"

3. Upon receipt of such an affidavit, the Court will decide whether an extension is appropriate. Defendants should not assume the Court will grant extensions, and should be prepared to comply with any So Ordered deadlines until the Court grants an extension. This means that Defendants should consider asking for an extension earlier than is strictly required. The Court may choose to schedule a court conference, and Defendants should anticipate that the Court may require the appropriate representative to determine if an extension of the deadline is warranted.

4. The Court will, going forward, "So Order" all of the parties' agreements about Defendants' deadlines to produce that are made at meet and confers, or otherwise agreed to. In terms of process, the parties shall adhere to the following:

> **Commented [WD(2)]:** Defendants do not believe that having the Court "So-Order" all agreements made is appropriate or necessary, and this will burden the Court. Therefore they do not agree that paragraph 4 is necessary. To the extent the Court does chose to "So-Order" all agreements, defendants propose the language herein,

   a. Plaintiffs One of the parties shall send an email to the other party summarizing any commitments they believe Defendants have made, and attaching proposed language to be So-Ordered that reflects those commitmentsagreements reached.

   b. If Defendants dothe receiving party does not object to that summary as being

---

[1] Defendants are reminded that the Court has already ordered that privilege logs be produced at the same time as documents. See 2021-10-10 Tr. at 28:18-25 ("Absolutely produce the log at the time the documents are being produced. That's when it's due under the rule and that's when it should be produced unless the parties agree otherwise.").

inaccurate within one business day (that is, 24 hours, not including weekends or holidays), ~~Plaintiffs can submit the deadlines~~The agreement can be submitted to be So-Ordered. Any objection not made within one business day is waived, unless ~~Defendants~~ the objecting party specifically ~~apply for and are granted an extension.~~requests, and is granted, an extension. ~~Defendants should not assume they will receive one.~~

    c. If ~~Defendants timely~~a party timely object~~s~~, they must identify the specific part of the written summary ~~proposed order to~~with which they disagree.

        i. For the ~~proposals Defendants do~~parts of the summary not specifically object~~ed~~ to, Plaintiffs may submit them to the Court to be So-Ordered without further delay.

        ii. For those ~~proposals~~ parts of the summary ~~Defendants~~ specifically and timely object~~ed~~ to, ~~Defendants should~~the objecting party (within one business day of ~~Plaintiffs'~~ the email) propose alternative language they believe better reflects the agreements made.

        iii. ~~Plaintiffs~~ The parties shall make themselves available to discuss ~~Defendants'~~ the objections within 4824 hours of receiving them, and ~~Defendants~~ the objecting party shall propose times for that discussion.

        iv. Following that discussion, if any disagreement remains, the parties shall submit a joint letter setting out their positions and attaching their proposed orders. The parties shall also submit those drafts in Word format to Chambers.

5.    If Defendants miss a deadline (whether Court-ordered or agreed upon) without submitting an ~~affidavit~~ declaration as set out above, they shall submit a letter within one day of missing the deadline explaining why the City should not be sanctioned pursuant to Fed. R. Civ. P. 37(b) for its failure to comply with the Court's order. ~~That letter shall be supported by at least one affidavit from someone with personal knowledge of Defendants' efforts to comply with the deadline.~~

6.    If Defendants fail to submit a letter, the Court sets this presumed scale and structure for progressively escalating monetary sanctions, in addition to any sanctions under ¶ 4 above, for each deadline missed:

> **Commented [WD(3)]:** As noted in defendants' letter, they do not think these "prophylactic sanctions" are appropriate at all, and paragraph 6 should be deleted. To the extent Your Honor leaves this paragraph in, proposed edits are included.

3

a. Once the deadline is missed without following the rules above,[2] attorneys' fees will be awarded to the attorney(s) who expended any time associated with the commitment at issue, which shall include all time related to the issue following agreement to the commitment. Plaintiffs shall make a request for any such fees to Defendants, and Defendants shall respond promptly and the parties shall make every effort to resolve such fees without Court intervention.

> **Commented [WD(4)]:** This is far too broad of a definition. It needs clarity and narrowing as to "any time associated with the issue" Respectfully, it should be, at most, reasonable time spent by one attorney on resolving the issue after missing the deadline

b. ~~Missing the deadline will incur an immediate penalty of $500, owed by all Defendants jointly and severally. Defendants shall owe $500 each additional day they remain out of compliance.~~

c. ~~Once the escalating penalties begin under this paragraph, it shall be Defendants' burden to show, on motion (to which Plaintiffs shall respond within two business days) and by clear and convincing evidence, that non-compliance has been cured, and that all documents required by any agreement or order have been produced.~~

~~7.~~ The penalties under ¶ 6 shall apply to any failure by Defendants to comply with agreements or orders that are caused (1) by unreasonable searching measures that fail to uncover documents Defendants reasonably should have found or (2) by any failure to disclose (whether in a privilege log or otherwise). ~~The accrual of penalties shall not be stayed or delayed due to Plaintiffs' or the Court's lack of awareness of the deficiency or searching measures.~~

> **Commented [WD(5)]:** Once again, this phrase leaves too much open to interpretation, such as who determines what is a reasonable search? Moreover, as the Sedona Principles state, responding parties are best situated to evaluate the procedures, methodologies,
> and technologies appropriate for preserving and producing their own electronically stored information.

Dated: New York, New York
      February \_\_\_, 2022

                                        _____
                                        Hon. Gabriel W. Gorenstein
                                        United States Magistrate Judge

---

[2] For clarity, missing a deadline after a denied request for an extension counts as missing a deadline.