UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

*In Re: New York City Policing During Summer 2020 Demonstrations*

[PROPOSED] ORDER

No. 20-CV-8924 (CM) (GWG)

This Order Relates to All Cases

------------------------------------------------------X

**WHEREAS**, Plaintiffs in the above-captioned proceedings, without objection of Defendants, have applied for an order unsealing the following records pertaining to the arrests and/or prosecutions of non-parties that might otherwise be protected from disclosure by New York Criminal Procedure Law ("CPL") §§ 160.50 and/or 160.55:

(a) Records concerning all stops, arrests, and/or prosecutions arising from protest activity or alleged looting on June 1-2, 2020, in the vicinity of Fordham Road between Webster and Jerome Avenues in the Bronx, New York, including for alleged offenses such as riot, arson, burglary, criminal mischief, disorderly conduct, and other similar offenses;

(b) Records concerning the stop, arrest, and/or prosecution of two alleged "Mac Balla" associates at or around approximately 5:20 pm on June 4, 2020, in the vicinity of East 149th Street between Courtland and Morris Avenues in the Bronx, New York, during which interaction a firearm was allegedly recovered; and

(c) Records concerning the stop, arrest, and/or prosecution of three persons at or around approximately 6:30 pm on June 4, 2020, in the vicinity of East 149th Street and Brook Avenue in the Bronx, New York, during which interaction an accelerant was allegedly recovered;

**WHEREAS**, the foregoing records are material and relevant to the above-captioned civil actions currently pending the Southern District of New York, being defended by the

Corporation Counsel of the City of New York; and

**WHEREAS**, the Court has the authority to unseal these records in connection with these actions;

**IT IS HEREBY ORDERED** that any records in the possession, custody, or control of the following entities pertaining to the stops, arrests, and/or prosecutions described above that are sealed pursuant to CPL §§ 160.50 and 160.55 are hereby unsealed for use in these civil actions consistent with this Order: (1) New York City Police Department; (2) Office of the Bronx County District Attorney; (3) Supreme and Criminal Courts of Bronx County, and the State and/or City of New York; (4) Corporation Counsel of the City of New York; (5) New York City Civilian Complaint Review Board; (6) New York City Department of lnvestigation; (7) New York City Council; (8) Office of the Mayor of New York City; and (9) any other New York City agency;

**IT IS FURTHER ORDERED** that each entity listed above shall not be subject to the statutory sealing requirements of CPL §§ 160.50 and 160.55 with respect to any of the records set forth above that are in the entity's possession, related to reviewing such records for potential disclosure and disclosing such records to counsel for the parties in the course of discovery in the above-captioned proceedings;

**IT IS FURTHER ORDERED** that each entity listed above may disclose any of the records set forth above that are in the entity's possession to counsel for the parties in the course of discovery in the above-captioned proceedings for use in these proceedings consistent with this Order;

**IT IS FURTHER ORDERED** that records unsealed pursuant to this Order and produced by the entities listed above to counsel for the parties in the above-captioned proceedings shall be produced without redaction of personally identifying information related to non-parties; and

**IT IS FURTHER ORDERED** that records produced pursuant to this Order and the

information contained in them shall not be deemed Confidential Materials under the Protective Order entered and filed April 2, 2021 in these consolidated actions (Document 115) ("the Protective Order") as a result of this Order, except that personally identifying information of the non-parties (other than employees of the Defendant City of New York) contained in such records, including their names, pedigree information (including dates of birth and social security numbers), and contact information (including addresses, phone numbers, and e-mail addresses), shall be treated as Confidential Material under the Protective Order. Information regarding on-duty employees of the Defendant City of New York contained in records produced pursuant to this Order shall not be treated as Confidential Material under the Protective Order as a result of this Order.

Dated:     New York, New York
           February ___, 2022

                                                    _____
                                                    Hon. Gabriel W. Gorenstein
                                                    United States Magistrate Judge