**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In Re: New York City Policing
During Summer 2020 Demonstrations

20 Civ. 8924 (CM)(GWG)

This filing is related to:

ALL CASES

**THE PEOPLE OF THE STATE OF NEW YORK'S REPLY MEMORANDUM IN
SUPPORT OF ITS OBJECTIONS TO THE MAGISTRATE JUDGE'S JANUARY 24,
2022 ORDER GRANTING DEFENDANT CITY OF NEW YORK'S MOTION TO
DISQUALIFY**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ................................................................................................................................ 2

    I.    The Magistrate Judge Erred in Excluding Relevant Expert Testimony Without Finding Prejudice. ........................................................................................ 2

        A.    Ample Case Law Confirms That a Party Seeking to Exclude an Expert Must Establish Prejudice. ............................................................................ 2

        B.    The City Still Has Not Established Prejudice. ........................................... 4

    II.    The Magistrate Judge's Decision Is Contrary to Law in Its Failure to Consider Less-Drastic Remedies. .............................................................................. 7

CONCLUSION ............................................................................................................................. 9

i

# TABLE OF AUTHORITIES

CASES                                                                                      PAGE(S)

*Auto-Kaps, LLC v. Clorox Co.*,
No. 15-cv-1737, 2016 WL 1122037 (E.D.N.Y. Mar. 22, 2016)..................................................6

*Capitol Recs., Inc. v. MP3tunes, LLC*,
No. 07-cv-9931, 2010 WL 11590131 (S.D.N.Y. Apr. 15, 2010) .........................................5, 7

*Dyson, Inc. v. Bissell Homecare, Inc.*,
951 F. Supp. 2d 1009 (N.D. Ill. 2013) ..................................................................................6

*Eastman Kodak Co. v. Kyocera Corp.*,
No. 10-cv-6334, 2012 WL 4103811 (W.D.N.Y. Sept. 17, 2012).........................................3-4

*Gordon v. Kaleida Health*,
No. 08-cv-378, 2013 WL 2250506 (W.D.N.Y. May 21, 2013)...........................................3-4

*Gullo v. City of New York*,
No. 10-cv-8516, 2012 WL 4834182 (S.D.N.Y. Oct. 11, 2012)..............................................1

*Hewlett-Packard Co. v. EMC Corp.*,
330 F. Supp. 2d 1087 (N.D. Cal. 2004) ............................................................................3-4

*In re Ambassador Grp., Inc., Litig.*,
879 F. Supp. 237 (E.D.N.Y. 1994) ...................................................................................3-4

*In re Namenda Direct Purchaser Antitrust Litig.*,
No. 15-cv-7488, 2017 WL 3613663 (S.D.N.Y. Aug. 21, 2017)............................................6

*Liteky v. United States*,
510 U.S. 540 (1994)...............................................................................................................7

*Local 3621 v. City of New York*,
No. 18-cv-4476, 2021 WL 5362256 (S.D.N.Y. June 2, 2021) .........................................3-5, 7

*MacCartney v. O'Dell*,
No. 14-cv-3925, 2017 WL 766906 (S.D.N.Y. Feb. 27, 2017) ................................................1

*Paul ex rel. Paul v. Rawlings Sporting Goods Co.*,
123 F.R.D. 271 (S.D. Ohio 1988) ..........................................................................................3

*Rodriguez v. Pataki*,
293 F. Supp. 2d 305 (S.D.N.Y. 2003)....................................................................................2

*Somoza v. New York City Dep't of Educ.*,
538 F.3d 106 (2d Cir. 2008)...................................................................................................2

**Cases**                                                                                                                          **Page(s)**

*Verint Sys. Inc. v. Red Box Recorders Ltd.*,
    183 F. Supp. 3d 467 (S.D.N.Y. 2016)....................................................................................1

*Xiao Xing Ni v. Gonzales*,
    494 F.3d 260 (2d Cir. 2007)..........................................................................................7

*Xie v. JPMorgan Chase Short-Term Disability Plan*,
    No. 15-cv-4546, 2018 WL 501605 (S.D.N.Y. Jan. 19, 2018) ...............................2, 4

**Miscellaneous Authorities**

Kendall Coffey, *Inherent Judicial Authority and the Expert Disqualification Doctrine*,
    56 Fla. L. Rev. 195 (2004).............................................................................................3

# PRELIMINARY STATEMENT[1]

The People established in their objections that the Magistrate Judge's order disqualifying their expert, Dr. Edward R. Maguire, rests on two legal errors: first, the Magistrate Judge failed to recognize and apply the requirement that the City show it would suffer prejudice absent disqualification; and, second, the Magistrate Judge failed to consider remedies less drastic than disqualification.

The City's defense of the order rests on a basic misunderstanding: that prejudice to the City justifying disqualification must be "assumed" if Dr. Maguire previously had access to confidential information from the City. The law is clear that there is no such assumption of prejudice. To the contrary, in order to disqualify an expert witness like Dr. Maguire—who offers unique and highly relevant evidence—the City must identify specific confidential information that Dr. Maguire received that could be used prejudicially against the City in this litigation. The City has not satisfied that burden here.

Nor has the City shown that the drastic remedy of disqualification would be appropriate even if Dr. Maguire had retained any confidential information that could be used against the City in this litigation, which he has not done. Any concern regarding such information could be addressed with a less drastic remedy—for example, a targeted protective order that accounts for

---

[1] Although Federal Rule of Civil Procedure 72(a) does not explicitly contemplate opposition or reply briefs on objections to magistrate judge orders on nondispositive motions, this Court and others regularly permit such oppositions and replies. *See, e.g.*, *MacCartney v. O'Dell*, No. 14-cv-3925, 2017 WL 766906, at *3 n.3 (S.D.N.Y. Feb. 27, 2017); *Verint Sys. Inc. v. Red Box Recorders Ltd.*, 183 F. Supp. 3d 467, 469 n.7, 470 n.24 (S.D.N.Y. 2016); *Gullo v. City of New York*, No. 10-cv-8516, 2012 WL 4834182, at *1 (S.D.N.Y. Oct. 11, 2012), *aff'd*, 540 F. App'x 45 (2d Cir. 2013). This reply brief is necessary to respond to certain inaccuracies presented for the first time in the City's opposition brief. If this Court declines to consider this brief, it likewise should decline to consider the City's opposition brief.

both the City's confidentiality interest and the People's interest in presenting critical testimony from a uniquely qualified expert.

## ARGUMENT

### I.   The Magistrate Judge Erred in Excluding Relevant Expert Testimony Without Finding Prejudice.

#### A.   Ample Case Law Confirms That a Party Seeking to Exclude an Expert Must Establish Prejudice.

The Magistrate Judge erroneously failed to identify how the City would be prejudiced by the People's retaining of Dr. Maguire, having proceeded from the incorrect premise that no prejudice showing is required. The Magistrate Judge's reasoning and decision were contrary to law—as the many cases cited in the People's objections confirm (*see* ECF No. 382 ("Objs."), at 11).[2]

The City errs in asserting in its opposition (ECF No. 411 ("Opp."), at 10) that prejudice justifying disqualification "must be necessarily assumed" when the City has disclosed confidential information to the expert. To the contrary, as this Court has held, a movant's prior disclosure of confidential information to an expert does not warrant disqualification unless the movant shows that the expert "now seeks to use [the information] to [the movant's] disadvantage." *See Rodriguez v. Pataki*, 293 F. Supp. 2d 305, 312 (S.D.N.Y.), *aff'd*, 293 F. Supp. 2d 315 (S.D.N.Y. 2003). As explained in a leading disqualification case—one of a number of

---

[2] The parties agree that a magistrate judge's ruling on a nondispositive motion is "contrary to law," and thus should be set aside pursuant to Federal Rule of Civil Procedure 72(a), if "'it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *See* ECF No. 411, at 5 (quoting *Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15-cv-4546, 2018 WL 501605, at *1 (S.D.N.Y. Jan. 19, 2018)). Although the City suggests (*id.* at 5) that a magistrate judge retains discretion in ruling on a nondispositive motion, a "[c]ourt necessarily abuses its discretion when its decision rests on an error of law." *See Somoza v. New York City Dep't of Educ.*, 538 F.3d 106, 112 (2d Cir. 2008).

cases cited by the People in their objections that the City does not even attempt to distinguish (*see* Opp. at 8-9 n.3)—there is no "presumption" that confidential information a movant previously provided to an expert "would then be used to the detriment of the communicating party" so as to justify disqualification. *See Paul ex rel. Paul v. Rawlings Sporting Goods Co*., 123 F.R.D. 271, 280-81 (S.D. Ohio 1988); *see also* Kendall Coffey, *Inherent Judicial Authority and the Expert Disqualification Doctrine*, 56 Fla. L. Rev. 195, 202, 221 (2004) ("[e]ven when information has been shared which meets the standards for confidentiality or privilege, courts do not automatically disqualify," because "[t]here is no presumption concerning a disqualifying taint").

The City misunderstands the case law in contending (Opp. at 6-8) that the only two requirements the movant must prove to justify disqualification are (1) the movant's own prior confidential relationship with the expert, and (2) that the movant in fact disclosed confidential information to the expert. All the cases the People cited make clear that there is a further requirement that the confidential information disclosed include "'specific and unambiguous disclosures that if revealed would prejudice the [moving] party.'" *See Local 3621 v. City of New York*, No. 18-cv-4476, 2021 WL 5362256, at *4 (S.D.N.Y. June 2, 2021), *report and recommendation adopted*, 2021 WL 4706162 (S.D.N.Y. Oct. 7, 2021); *Gordon v. Kaleida Health*, No. 08-cv-378, 2013 WL 2250506, at *5 (W.D.N.Y. May 21, 2013); *Eastman Kodak Co. v. Kyocera Corp*., No. 10-cv-6334, 2012 WL 4103811, at *8-10 (W.D.N.Y. Sept. 17, 2012); *Hewlett-Packard Co. v. EMC Corp*., 330 F. Supp. 2d 1087, 1094 (N.D. Cal. 2004); *In re Ambassador Grp., Inc., Litig*., 879 F. Supp. 237, 243 (E.D.N.Y. 1994)*.* The City cites no case to the contrary.

3

Although the City notes (Opp. at 9-12) that some of the People's referenced cases declined to disqualify experts based on a finding that the movants may not have disclosed any confidential information to the experts, that does not undermine the cases' recognition that even if the movants had disclosed any confidential information, disqualification would not be warranted unless the disclosures would "prejudice the [moving] party." *See Local 3621*, 2021 WL 5362256, at *4, 6; *Gordon*, 2013 WL 2250506, at *5; *Kyocera Corp.*, 2012 WL 4103811, at *8-10; *Hewlett-Packard Co.*, 330 F. Supp. 2d at 1094, 1096-98; *see also In re Ambassador Grp.*, 879 F. Supp. at 243 (similar). The Magistrate Judge's ruling is contrary to law in its failure to recognize and apply this well-recognized rule.

The City also fails to reconcile the Magistrate Judge's decision with the directive in Federal Rule of Evidence 402 that relevant evidence is admissible unless the party opposing its admission establishes unfair prejudice or another basis for exclusion set forth in the Constitution, a federal statute, or a relevant rule of evidence or procedure. *See* Objs. at 12-14. The City's effort to address the point (Opp. at 12-14) makes no attempt to identify a statute or rule that could support the suppression of incontestably relevant evidence like Dr. Maguire's testimony without a showing of prejudice. Because the Magistrate Judge's order "fails to apply [and] misapplies [the] relevant . . . case law [and] rules of procedure," *Xie*, 2018 WL 501605, at *1 (quotation marks omitted), it should be set aside.

### B.  The City Still Has Not Established Prejudice.

To date, the City still has not pointed to any specific disclosures it made to Dr. Maguire that could be prejudicial if used against the City in this litigation. The City therefore has not met its burden to support the drastic remedy of disqualifying him. *See, e.g.*, *Local 3621*, 2021 WL 5362256, at *4.

4

There is no merit to the City's assertion (Opp. at 15-17) that the mere "volume" of confidential material to which Dr. Maguire was purportedly exposed requires his disqualification. First, the City cites no authority for the proposition that simply being exposed to a large volume of confidential material requires disqualification if there has been no showing that the confidential material could be prejudicial in the present litigation. Second, the City has not shown that any of the purportedly confidential information to which Dr. Maguire was exposed is the sort of confidential information that could be prejudicial in this litigation. As this Court and others have explained, the sort of confidential information that may justify disqualification includes "discussion of the retaining party's strategies in the litigation, the kinds of expert the party expected to retain, the party's views of the strengths and weaknesses of each side, the role of each of the party's witnesses to be hired, and anticipated defenses." *Capitol Recs., Inc. v. MP3tunes, LLC*, No. 07-cv-9931, 2010 WL 11590131, at *1 (S.D.N.Y. Apr. 15, 2010) (quotation and alteration marks omitted). This Court declines to disqualify experts who did not receive such litigation-related information. *See id.* And Dr. Maguire offered unrebutted testimony that he received no such litigation-related information here. *See* Decl. of Dr. Edward R. Maguire ("Maguire Decl.") ¶ 21, ECF No. 322. As the City acknowledges (Opp. at 19), its team of attorneys handling this litigation was walled off from the team that handled the report on which Dr. Maguire consulted. *See* Decl. of Gavin B. Mackie, Ex. A (Corporation Counsel Report), at 1, ECF No. 313-1.

The City likewise errs in its conclusory reliance (e.g., at 19) on Dr. Maguire's having consulted on a report that was inspired by the same protests at issue in this litigation. This Court and others have repeatedly emphasized that "'ipse dixit assertions'" cannot satisfy the movant's burden to establish "'specific and unambiguous'" evidence of prejudice. *See, e.g.*, *Local 3621*,

2021 WL 5362256, at *4 (quoting *Kyocera Corp.*, 2012 WL 4103811, at *8). "[C]onjecture and speculation as to a potential connection between [the movant's] confidential information and the opinions of [the expert] in this action" simply "are not sufficient to support barring h[im] as an expert." *See Dyson, Inc. v. Bissell Homecare, Inc.*, 951 F. Supp. 2d 1009, 1025 (N.D. Ill. 2013).

The City also incorrectly discounts (Opp. at 17-18) Dr. Maguire's unrebutted testimony that he retained and remembers no confidential information from his prior consulting engagement for the City (*see* Maguire Decl. ¶¶ 19-20). There can be no prejudice if Dr. Maguire has no confidential information to reveal. The City's only response, that Dr. Maguire may "unwittingly" use confidential information he previously received against the City, is unsupported by any showing of specific confidential information that could be prejudicial if "unwittingly" revealed in this litigation.

The two cases on which the City relies are inapposite. The movants there showed that the experts had spent years acquiring confidential information "at the very heart of the litigation" that would be highly prejudicial if used against the movants. *See Auto-Kaps, LLC v. Clorox Co.*, No. 15-cv-1737, 2016 WL 1122037, at *4 (E.D.N.Y. Mar. 22, 2016); *see also In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-cv-7488, 2017 WL 3613663, at *3-8 (S.D.N.Y. Aug. 21, 2017). In one case, the expert in question was a former senior corporate regulatory official who had spent twenty-three years accessing and contributing to confidential information about the generic drug whose regulation was at issue in the litigation. *See In re Namenda*, 2017 WL 3613663, at *4, *6. In the other case, the expert had consulted for the movant for years on the confidential development of the very technology whose patent was at issue in the litigation. *See Auto-Kaps*, 2016 WL 1122037, at *3-4. No such circumstances are presented here, where Dr.

Maguire's limited consulting engagement undisputedly lasted only a few months. (*See, e.g.*, Maguire Decl. ¶¶ 15-16.)

## II.   The Magistrate Judge's Decision Is Contrary to Law in Its Failure to Consider Less-Drastic Remedies.

In its opposition to the People's objections, the City does not dispute that total disqualification of an expert is a "drastic remedy," *Local 3621*, 2021 WL 5362256, at *4 (quotation marks omitted), that should be utilized only where there are no "alternative means of protecting the [movant's] interests," *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 270-71 (2d Cir. 2007) (quotation marks omitted). Nor does the City dispute that the Magistrate Judge failed to analyze any of the less-drastic alternative remedies the People identified here. That failure was contrary to law. *See* Objs. at 17-22.

The City erroneously maintains (Opp. at 22-23) that no remedy short of disqualification could be sufficient because incurable prejudice is "assumed" whenever the expert had access to confidential information. But, as already discussed (*see supra* at 2-3), the law permits no such assumption. If an expert like Dr. Maguire "produces a report that the [movant] believe[s] contains information derived from [the expert's] earlier consulting relationship, then [the movant] can file an appropriate *in limine* motion" to limit the expert's testimony. *See Capitol Recs., Inc.*, 2010 WL 11590131, at *1. The simple fact of a previous consulting relationship is no basis for total disqualification. *See id.* And that makes good sense because the law undisputedly recognizes individuals' ability to compartmentalize confidential or other information that should not be used or disclosed, whether those individuals are jurors, *see* Objs. at 20 (citing cases); judges, *see, e.g.*, *Liteky v. United States*, 510 U.S. 540, 550-51 (1994); or witnesses, as in this case.

The City also errs in contending (Opp. at 20-22) that the public interest weighs in favor of disqualifying Dr. Maguire *in toto*. As explained earlier, the City has not shown that allowing Dr. Maguire to testify will harm its interest in protecting its confidential information. On the other hand, disqualification will deprive the People of a uniquely qualified expert.[3] And the City does not dispute the importance of permitting the most qualified experts to testify in this case, which will define the constitutional rights of millions of New Yorkers. *See* Objs. at 18. The City cites no authority in support of its apparent position (Opp. at 21) that the People must prove that no other expert or combination of experts could substitute for Dr. Maguire. On the contrary, it is *the City's* burden to prove that the People may not offer undisputedly valuable expert evidence from Dr. Maguire—and the City has failed to satisfy that burden here.

---

[3] The City offers no evidence to rebut Dr. Maguire's testimony that he is "the preeminent expert on the intersection between protest policing, crowd psychology, and intergroup communication in the United States," and that there is no other U.S. expert "with analogous experience and expertise," including any of Dr. Maguire's co-authors. *See* Maguire Decl. ¶¶ 13-14. Nor does the City offer any evidence to rebut the People's counsel's testimony that they spent eight months searching for a viable alternative expert with the same expertise, to no avail. *See* Decl. of Lillian M. Marquez ¶¶ 2-11, ECF No. 323. The City likewise fails to rebut the People's observation in its objections (at 18) that Dr. Maguire's expertise is not interchangeable with that of a former law enforcement officer, as the Magistrate Judge erroneously assumed.

## CONCLUSION

The Magistrate Judge's order is contrary to law and should be set aside, and the City's

motion to disqualify Dr. Maguire should be denied.

Dated: February 28, 2022                        Respectfully submitted,


                                                LETITIA JAMES
                                                *Attorney General of the State of New York*

Anisha S. Dasgupta                              By: */s/ Lillian M. Marquez*
  *Deputy Solicitor General*                    Travis England, *Deputy Bureau Chief*
Philip J. Levitz                                Lillian Marquez, *Assistant Attorney General*
Cleland B. Welton II                            Swati Prakash, *Assistant Attorney General*
  *Assistant Solicitors General*                Gregory Morril, *Assistant Attorney General*
                                                Colleen Faherty, *Assistant Attorney General*
                                                Conor Duffy, *Assistant Attorney General*
                                                Gina Bull, *Assistant Attorney General*
                                                Office of the New York State Attorney General
                                                28 Liberty Street, 20th Floor
                                                New York, NY 10005
                                                (212) 416-8250
                                                Lillian.Marquez@ag.ny.gov