UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In Re: New York City Policing During Summer 2020
Demonstrations

This filing is related to:

*Charles Henry Wood, on behalf of himself and all
others similarly situated, on behalf of themselves and
all others similarly situated, v. City of New York, et
al.*, No. 20-CV-10541

**ANSWER TO SECOND
AMENDED CLASS
ACTION COMPLAINT**

20-CV-8924 (CM)(GWG)

-----------------------------------------------------------------x

Defendants City of New York ("City"), Mayor Bill de Blasio, and New York City

Police Department (NYPD) Chief of Department Terence Monahan, Julio Delgado, Thomas

Mosher, Thomas Gargiulo and Ismael Hernandez Carpio ("defendants"), by their attorney, **HON.**

**SYLVIA HINDS-RADIX**, Corporation Counsel of the City of New York, as and for their answer

to the Second Amended Class Action Complaint (hereinafter, "second amended complaint"),

respectfully allege as follows:

1.   Deny the allegations set forth in paragraph "1" of the second amended
complaint.

2.   Deny the allegations set forth in paragraph "2" of the second amended
complaint.

3.   Deny the allegations set forth in paragraph "3" of the second amended
complaint.

4.   Deny the allegations set forth in paragraph "4" of the second amended
complaint.

5.   Deny the allegations set forth in paragraph "5" of the second amended
complaint.

6.   Deny the allegations set forth in paragraph "6" of the second amended complaint except admit that Chief Monahan was present in Mott Haven on June 4, 2020.

7.   Deny the allegations set forth in paragraph "7" of the second amended complaint and respectfully refer the Court to the record of the press conference apparently relied upon by plaintiff, Transcript: Mayor de Blasio Holds Media Availability, June 5, 2020, https://www1.nyc.gov/office-of-the-mayor/news/410-20/transcript-mayor-de-blasio-holds-media-availability, for its full and accurate content and context..

8.   Deny the allegations set forth in paragraph "8" of the second amended complaint and respectfully refer the Court to the record of the press conference apparently relied upon by plaintiff, Transcript: Mayor de Blasio Holds Media Availability, June 5, 2020, https://www1.nyc.gov/office-of-the-mayor/news/410-20/transcript-mayor-de-blasio-holds-media-availability, for its full and accurate content and context..

9.   Deny the allegations set forth in paragraph "9" of the second amended complaint.

10. Deny the allegations set forth in paragraph "10" of the second amended complaint.

11. Deny the allegations set forth in paragraph "11" of the second amended complaint.

12. Deny the allegations set forth in paragraph "12" of the second amended complaint.

13. Deny the allegations set forth in paragraph "13" of the second amended complaint.

14. Deny the allegations set forth in paragraph "14" of the second amended complaint except admit that plaintiff purport to invoke the Court's jurisdiction as stated therein.

15. Deny the allegations set forth in paragraph "15" of the second amended complaint except admit that plaintiff purport to base venue as stated therein.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the second amended complaint.

17. Deny the allegations set forth in paragraph "17" of the second amended complaint, except admit that the City of New York is a municipal corporation organized under the laws of the States of New York.

18. Deny the allegations set forth in paragraph "18" of the second amended complaint, except admit that Bill de Blasio is the Mayor of the City of New York.

19. Deny the allegations set forth in paragraph "20" of the second amended complaint, except admit that at all times relevant to the second amended complaint, Terence Monahan was the Chief of Department of the NYPD.

20. Admit the allegations set forth in paragraph "21" of the second amended complaint.

21. Admit the allegations set forth in paragraph "21" of the second amended complaint.

22. Admit the allegations set forth in paragraph "22" of the second amended complaint.

23. Admit the allegations set forth in paragraph "23" of the second amended complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the second amended complaint.

25. Defendants state that the allegations set forth in paragraph "25" of the second amended complaint are not averments of fact that require a response.

26. Defendants state that the allegations set forth in paragraph "26" of the second amended complaint are not averments of fact that require a response.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the second amended complaint, except admit that plaintiff purport to proceed as stated therein.

28. Defendants state that the allegations set forth in paragraph "28" of the second amended complaint are not averments of fact that require a response.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the second amended complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the second amended complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the second amended complaint, except admit that demonstrations occurred in New York City in the summer of 2020, beginning in or around the end of May 2020.

32. Deny the allegations set forth in paragraph "32" of the second amended complaint.

33. Deny the allegations set forth in paragraph "33" of the second amended complaint except admit that theft and violence, including rioting, looting, and incidents resulting in physical injury, occurred during demonstrations in New York City in the summer of 2020.

34. Deny the allegations set forth in paragraph "34" of the second amended complaint.

35. Deny the allegations set forth in paragraph "35" of the second amended complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the second amended complaint.

37. Deny the allegations set forth in paragraph "37" of the second amended complaint.

38. Deny the allegations set forth in paragraph "38" of the second amended complaint.

39. Deny the allegations set forth in paragraph "39" of the second amended complaint.

40. Deny the allegations set forth in paragraph "40" of the second amended complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the second amended complaint.

42. Deny the allegations set forth in paragraph "42" of the second amended complaint.

43. Deny the allegations set forth in paragraph "43" of the second amended complaint.

44. Deny the allegations set forth in paragraph "44" of the second amended complaint.

45. Deny the allegations set forth in paragraph "45" of the second amended complaint.

46. Deny the allegations set forth in paragraph "46" of the second amended complaint.

47. Deny the allegations set forth in paragraph "47" of the second amended complaint.

48. Deny the allegations set forth in paragraph "48" of the second amended complaint.

49. Deny the allegations set forth in paragraph "49" of the second amended complaint.

50. Deny the allegations set forth in paragraph "50" of the second amended complaint.

51. Deny the allegations set forth in paragraph "51" of the second amended complaint.

52. Deny the allegations set forth in paragraph "52" of the second amended complaint.

53. Deny the allegations set forth in paragraph "53" of the second amended complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the second amended complaint, and state that Sen. Liu's testimony speaks for itself.

55. Deny the allegations set forth in paragraph "55" of the second amended complaint.

56. Deny the allegations set forth in paragraph "56" of the second amended complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the second amended complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the second amended complaint.

59. Deny the allegations set forth in paragraph "59" of the second amended complaint.

60. Deny the allegations set forth in paragraph "60" of the second amended complaint, and state that the reporter's words speak for themselves.

61. Deny the allegations set forth in paragraph "61" of the second amended complaint.

62. Deny the allegations set forth in paragraph "62" of the second amended complaint.

63. Deny the allegations set forth in paragraph "63" of the second amended complaint.

64. Deny the allegations set forth in paragraph "64" of the second amended complaint.

65. Deny the allegations set forth in paragraph "65" of the second amended complaint.

66. Deny the allegations set forth in paragraph "66" of the second amended complaint.

67. Deny the allegations set forth in paragraph "67" of the second amended complaint.

68. Deny the allegations set forth in paragraph "68" of the second amended complaint.

69. Deny the allegations set forth in paragraph "69" of the second amended complaint.

70. Deny the allegations set forth in paragraph "70" of the second amended complaint.

71. Deny the allegations set forth in paragraph "71" of the second amended complaint and respectfully refer the Court to the cited article, Ali Watkins, "Kettling" of Peaceful Protesters Shows Aggressive Shift by N.Y. Police, N.Y. TIMES, June 5, 2020, available at https://www.nytimes.com/2020/06/05/nyregion/police-kettling-protests-nyc.html, for its full and accurate content and context.

72. Deny the allegations set forth in paragraph "72" of the second amended complaint.

73. Deny the allegations set forth in paragraph "73" of the second amended complaint.

74. Deny the allegations set forth in paragraph "74" of the second amended complaint.

75. Deny the allegations set forth in paragraph "75" of the second amended complaint.

76. Deny the allegations set forth in paragraph "76" of the second amended complaint and respectfully refer the Court to the NYPD Patrol Guide for its full and accurate content and context.

77. Deny the allegations set forth in paragraph "77" of the second amended complaint and respectfully refer the Court to the NYPD Patrol Guide for its full and accurate content and context.

78. Deny the allegations set forth in paragraph "78" of the second amended complaint.

79. Deny the allegations set forth in paragraph "79" of the second amended complaint and respectfully refer the Court to the cited NYPD Patrol Guide Procedure No. 212-123, "Use of Body-Worn Cameras," at pages 1-2, for its full and accurate content and context.

80. Deny the allegations set forth in paragraph "80" of the second amended complaint.

81. Deny the allegations set forth in paragraph "81" of the second amended complaint and respectfully refer the Court to the cited provisions of the New York City Charter, available at https://codelibrary.amlegal.com/codes/newyorkcity/latest/NYCcharter/0-0-0-1, for their full and accurate content and context.

82. Deny the allegations set forth in paragraph "82" of the second amended complaint and respectfully refer the Court to the cited provision of the New York City Charter, Chapter 18, at Section 434, available at https://codelibrary.amlegal.com/codes/newyorkcity/latest/NYCcharter/0-0-0-1, for its full and accurate content and context.

83. Deny the allegations set forth in paragraph "83" of the second amended complaint and respectfully refer the Court to the cited provision of the New York City Charter, Chapter 18, at Section 434, available at https://codelibrary.amlegal.com/codes/newyorkcity/latest/NYCcharter/0-0-0-1, for its full and accurate content and context.

84. Deny the allegations set forth in paragraph "84" of the second amended complaint and respectfully refer the Court to Chapter 18 of the New York City Charter, available at https://codelibrary.amlegal.com/codes/newyorkcity/latest/NYCcharter/0-0-0-1, for its full and accurate content and context.

85. Deny the allegations set forth in paragraph "85" of the second amended complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the second amended complaint, as plaintiff fails to provide a source or citation for the alleged news conference and defendants have been unable to locate the same.

87. Deny the allegations set forth in paragraph "87" of the second amended complaint, except admit that the Chief of Department's duties and responsibilities are laid out in the NYPD Operational Guide.

88. Deny the allegations set forth in paragraph "88" of the second amended complaint, except admit that the Chief of Department's duties and responsibilities are laid out in the NYPD Operational Guide.

89. Deny the allegations set forth in paragraph "89" of the second amended complaint.

90. Deny the allegations set forth in paragraph "90" of the second amended complaint.

91. Deny the allegations set forth in paragraph "91" of the second amended complaint, except admit that Chief Monahan was present during certain protests.

92. Deny the allegations set forth in paragraph "92" of the second amended complaint, except admit the NYPD has a command center at One Police Plaza, and has certain video capabilities.

93. Deny the allegations set forth in paragraph "93" of the second amended complaint.

94. Deny the allegations set forth in paragraph "94" of the second amended complaint.

95. Deny the allegations set forth in paragraph "95" of the second amended complaint and respectfully refer the Court to the record of the cited press conference, Transcript: Mayor de Blasio Holds Media Availability, June 7, 2020, available at: https://www1.nyc.gov/office-of-the-mayor/news/413-20/transcript-mayor-de-blasio-holds-media-availability, for its full and accurate content and context..

96. Deny the allegations set forth in paragraph "96" of the second amended complaint and respectfully refer the Court to the record of the cited press conference, Transcript: Mayor de Blasio Holds Media Availability, June 7, 2020, available at: https://www1.nyc.gov/office-of-the-mayor/news/413-20/transcript-mayor-de-blasio-holds-media-availability, for its full and accurate content and context..

97. Deny the allegations set forth in paragraph "97" of the second amended complaint and respectfully refer the Court to the record of the cited press conference, Transcript:

Mayor de Blasio Holds Media Availability, June 7, 2020, available at: https://www1.nyc.gov/office-of-the-mayor/news/413-20/transcript-mayor-de-blasio-holds-media-availability, for its full and accurate content and context..

98. Deny the allegations set forth in paragraph "98" of the second amended complaint.

99. Deny the allegations set forth in paragraph "99" of the second amended complaint.

100.    Deny the allegations set forth in paragraph "100" of the second amended complaint and respectfully refer the Court to Debora Fougere, "NYPD Gets Tough on George Floyd Protesters Defying Curfew," NY1 (Updated: Jun. 5, 2020, 7:45 AM EST), https://www.ny1.com/nyc/all-boroughs/news/2020/06/04/protests-curfew-new-york-city-thursday, for a more complete and accurate record of the Commissioner's cited comments as well as their content and context.

101.    Deny the allegations set forth in paragraph "101" of the second amended complaint and respectfully refer the Court to Debora Fougere, "NYPD Gets Tough on George Floyd Protesters Defying Curfew," NY1 (Updated: Jun. 5, 2020, 7:45 AM EST), https://www.ny1.com/nyc/all-boroughs/news/2020/06/04/protests-curfew-new-york-city-thursday, for a more complete and accurate record of the Commissioner's cited comments as well as their content and context..

102.    Deny the allegations set forth in paragraph "102" of the second amended complaint and respectfully refer the Court to, "After Curfew, Protesters Are Again Met With Strong Police Response in New York City," N.Y. TIMES, June 4, 2020, available at: https://www.nytimes.com/2020/06/04/nyregion/nyc-protests-george-floyd.html, for a more

complete and accurate record of the Commissioner's cited comments as well as their content and context..

103.    Deny the allegations set forth in paragraph "103" of the second amended complaint and respectfully refer the Court to the following sources, both of which have documented the cited statements by the Commissioner in more complete context: (i) Debora Fougere, "NYPD Gets Tough on George Floyd Protesters Defying Curfew," NY1 (Updated: Jun. 5, 2020, 7:45 AM EST), https://www.ny1.com/nyc/all-boroughs/news/2020/06/04/protests-curfew-new-york-city-thursday; and (ii) "After Curfew, Protesters Are Again Met With Strong Police Response in New York City," N.Y. TIMES, June 4, 2020, available at: https://www.nytimes.com/2020/06/04/nyregion/nyc-protests-george-floyd.html..

104.    Deny the allegations set forth in paragraph "104" of the second amended complaint.

105.    Deny the allegations set forth in paragraph "105" of the second amended complaint and respectfully refer the Court to CBS News, Police chief says he doesn't "believe racism plays a role" in NYPD, as protesters fill streets (June 2, 2020, 11:27 A.M.), https://www.cbsnews.com/news/nypd-chief-terence-monahan-racism-new-york-protest/, for a more complete and accurate record of the Chief's cited comments as well as their content and context..

106.    Deny the allegations set forth in paragraph "106" of the second amended complaint and respectfully refer the Court to CBS News, Police chief says he doesn't "believe racism plays a role" in NYPD, as protesters fill streets (June 2, 2020, 11:27 A.M.), https://www.cbsnews.com/news/nypd-chief-terence-monahan-racism-new-york-protest/, for a

more complete and accurate record of the Chief's cited comments as well as their content and context.

107.    Deny the allegations set forth in paragraph "107" of the second amended complaint.

108.    Deny the allegations set forth in paragraph "108" of the second amended complaint and respectfully refer the Court to the Court to CBS News, Police chief says he doesn't "believe racism plays a role" in NYPD, as protesters fill streets (June 2, 2020, 11:27 A.M.), https://www.cbsnews.com/news/nypd-chief-terence-monahan-racism-new-york-protest/, for a more complete and accurate record of Deputy Chief Mullane's cited comments as well as their content and context..

109.    Deny the allegations set forth in paragraph "109" of the second amended complaint.

110.    Deny the allegations set forth in paragraph "110" of the second amended complaint.

111.    Deny the allegations set forth in paragraph "111" of the second amended complaint.

112.    Deny the allegations set forth in paragraph "112" of the second amended complaint.

113.    Deny the allegations set forth in paragraph "113" of the second amended complaint.

114.    Deny the allegations set forth in paragraph "114" of the second amended complaint and respectfully refer the Court to former District Judge Sullivan's Opinion and Order

in Dinler v. City of New York, No. 04-Civ.-7921 (RJS)(JCF),  2012 U.S. Dist. LEXIS 141851

(S.D.N.Y. Sept. 30, 2012)..

115.    Deny the allegations set forth in paragraph "115" of the second amended

complaint.

116.    Deny the allegations set forth in paragraph "116" of the second amended

complaint.

117.    Deny the allegations set forth in paragraph "117" of the second amended

complaint, but admit that Chief Monahan was promoted to Chief of Department until he left the

NYPD earlier this year.

118.    Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "118" of the second amended complaint.

119.    Deny the allegations set forth in paragraph "119" of the second amended

complaint.

120.    Deny the allegations set forth in paragraph "120" of the second amended

complaint.

121.    Deny the allegations set forth in paragraph "121" of the second amended

complaint.

122.    Deny the allegations set forth in paragraph "122" of the second amended

complaint.

123.    Deny the allegations set forth in paragraph "123" of the second amended

complaint.

124.    Deny the allegations set forth in paragraph "124" of the second amended

complaint.

125.    Deny the allegations set forth in paragraph "125" of the second amended complaint and respectfully refer the Court to the source apparently relied upon by plaintiff, Jake Offenhartz, Nick Pinto and Gwynne Hogan, WNYC, NYPD's Ambush of Peaceful Bronx Protesters was "Executed Nearly Flawlessly," City Leaders Agree, GOTHAMIST (June 5, 2020, 3:34 P.M.), https://gothamist.com/news/nypds-ambush-of-peaceful-bronx-protesters-was-executed-nearly-flawlessly-city-leaders-agree, for its full and accurate content and context.

126.    Deny the allegations set forth in paragraph "126" of the second amended complaint except admit that Chief Monahan was present in Mott Haven on June 4, 2020.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the second amended complaint.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the second amended complaint.

129.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" of the second amended complaint, as plaintiff failed to identify or provide any source or citation containing the full content and context of a statement by the Commissioner in which the two-word quote was allegedly uttered, and defendants have been unable to locate the same.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the second amended complaint.

131.    Deny and respectfully refer the Court to the Mayor's statements at, "Transcript" Mayor de Blasio Holds Media Availability," June 7, 2020, at https://www1.nyc.gov/office-of-the-mayor/news/413-20/transcript-mayor-de-blasio-holds-media-availability, for their full and accurate content and context.

132.    Deny the allegations set forth in paragraph "132" of the second amended complaint.

133.    Deny the allegations set forth in paragraph "133" of the second amended complaint, which plaintiff fail to support by citation to any source, and respectfully refer the Court to the following article, which provides content and context for the aforementioned allegations: Rocco Parascandola, NYPD trapped more than 300 George Floyd protesters in the Bronx until curfew, then arrested them all: report, N.Y. DAILY NEWS (Sept. 30, 2020, 5:23 P.M. EST), https://www.nydailynews.com/new-york/nyc-crime/ny-nypd-trapped-george-floyd-protesters-human-rights-watch-20200930-v3bww4lunvfezi5bb2efmiltma-story.html.

134.    Deny the allegations set forth in paragraph "134" of the second amended complaint, which plaintiff fail to support by citation to any source, and respectfully refer the Court to the following article, which provides content and context for the aforementioned allegations: Rocco Parascandola, NYPD trapped more than 300 George Floyd protesters in the Bronx until curfew, then arrested them all: report, N.Y. DAILY NEWS (Sept. 30, 2020, 5:23 P.M. EST), https://www.nydailynews.com/new-york/nyc-crime/ny-nypd-trapped-george-floyd-protesters-human-rights-watch-20200930-v3bww4lunvfezi5bb2efmiltma-story.html.

135.    Deny the allegations set forth in paragraph "135" of the second amended complaint, which plaintiff fail to support by citation to any source, and respectfully refer the Court to the following article, which provides content and context for the aforementioned allegations: Rocco Parascandola, NYPD trapped more than 300 George Floyd protesters in the Bronx until curfew, then arrested them all: report, N.Y. DAILY NEWS (Sept. 30, 2020, 5:23 P.M. EST), https://www.nydailynews.com/new-york/nyc-crime/ny-nypd-trapped-george-floyd-protesters-human-rights-watch-20200930-v3bww4lunvfezi5bb2efmiltma-story.html.

136.    Deny the allegations set forth in paragraph "136" of the second amended complaint.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the second amended complaint.

138.    Deny the allegations set forth in paragraph "138" of the second amended complaint.

139.    Deny the allegations set forth in paragraph "139" of the second amended complaint.

140.    Deny the allegations set forth in paragraph "140" of the second amended complaint.

141.    Deny the allegations set forth in paragraph "141" of the second amended complaint.

142.    Deny the allegations set forth in paragraph "142" of the second amended complaint.

143.    Deny the allegations set forth in paragraph "143" of the second amended complaint.

144.    Deny the allegations set forth in paragraph "144" of the second amended complaint.

145.    Deny the allegations set forth in paragraph "145" of the second amended complaint.

146.    Deny the allegations set forth in paragraph "146" of the second amended complaint.

147.     Deny the allegations set forth in paragraph "147" of the second amended complaint.

148.     Deny the allegations set forth in paragraph "148" of the second amended complaint.

149.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the second amended complaint.

150.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the second amended complaint.

151.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the second amended complaint.

152.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the second amended complaint.

153.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the second amended complaint.

154.     Deny the allegations set forth in paragraph "154" of the second amended complaint, except admit that demonstrators arrested and handcuffed in Mott Haven were placed on NYPD buses or in vans for transportation.

155.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the second amended complaint, except admit that demonstrators arrested in Mott Haven were transported to Queens Central Booking for processing of their arrests.

156.    Deny the allegations set forth in paragraph "156" of the second amended complaint, except admit that some of the demonstrators arrested in Mott Haven and transported to Queens Central Booking had to wait in line before entering the facility.

157.    Deny the allegations set forth in paragraph "157" of the second amended complaint.

158.    Deny the allegations set forth in paragraph "158" of the second amended complaint.

159.    Deny the allegations set forth in paragraph "159" of the second amended complaint.

160.    Deny the allegations set forth in paragraph "160" of the second amended complaint.

161.    Deny the allegations set forth in paragraph "161" of the second amended complaint.

162.    Deny the allegations set forth in paragraph "162" of the second amended complaint.

163.    Deny the allegations set forth in paragraph "163" of the second amended complaint, except admit that plaintiff Wood was issued a summons.

164.    admit the allegations set forth in paragraph "164" of the second amended complaint.

165.    Deny the allegations set forth in paragraph "165" of the second amended complaint.

166.     Deny the allegations set forth in paragraph "166" of the second amended complaint and state that defendant Hernandez Carpio was deposed in this matter and his testimony speaks for itself.

167.     Deny the allegations set forth in paragraph "167" of the second amended complaint and state that defendant Hernandez Carpio was deposed in this matter and his testimony speaks for itself.

168.     Deny the allegations set forth in paragraph "168" of the second amended complaint.

169.     Deny the allegations set forth in paragraph "169" of the second amended complaint.

170.     Deny the allegations set forth in paragraph "170" of the second amended complaint.

171.     Deny the allegations set forth in paragraph "171" of the second amended complaint.

172.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "172" of the second amended complaint.

173.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the second amended complaint.

174.     Admit the allegations set forth in paragraph "174" of the second amended complaint.

175.     Deny the allegations set forth in paragraph "175" of the second amended complaint.

176.    Deny the allegations set forth in paragraph "176" of the second amended complaint.

177.    Deny the allegations set forth in paragraph "177" of the second amended complaint.

178.    Deny the allegations set forth in paragraph "178" of the second amended complaint, and respectfully refer the Court to the footage of the press conference at which the Governor made the cited remarks, at https://www.c-span.org/video/?472639-1/york-governor-cuomo-holds-news-conference-protests-violence, for their full and accurate content and context.

179.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the second amended complaint.

180.    Deny the allegations set forth in paragraph "180" of the second amended complaint, except admit that Mayor de Blasio continued to hold press conferences on a regular basis during the summer of 2020 per his usual practice as Mayor of New York City, and that the Mayor, Commissioner Shea, and then-Chief Monahan responded to media inquiries regarding demonstrations in the City during that time.

181.    Deny the allegations set forth in paragraph "181" of the second amended complaint and respectfully refer the Court to the report on the referenced City Council Hearing, City Council Public Safety Committee Holds Hearing on Bill to Criminalize Chokehold and Other Police Misconduct Bills, June 9, 2020, at https://council.nyc.gov/press/2020/06/09/1980/, for its full and accurate content and context; and, further respectfully refer the Court to the records of the States Attorney General's "Virtual Public Hearings on Police and Public Interactions During Protests in the Wake of George Floyd's Death," at https://ag.ny.gov/nypd-protest-response, for their full and accurate content and context.

182.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "182" of the second amended complaint.

183.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "183" of the second amended complaint, as plaintiff fail to provide a source or citation for the Commissioner's alleged statements and defendants have been unable to locate the same.

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "184" of the second amended complaint, except deny "the NYPD charged into crowds of peaceful protestors and indiscriminately assaulted them with batons."

185.    Deny the allegations set forth in paragraph "185" of the second amended complaint and respectfully refer the Court to the source apparently relied upon by plaintiff, Sydney Pereira, "The Streets Were Out Of Control": NYPD Chief Defends Violent Police Tactics During George Floyd Protests, GOTHAMIST (June 11, 2020, 3:45 P.M. EST), https://gothamist.com/news/nypd-chief-monahan-george-floyd-protests-interview, for its full content and context.

186.    Deny the allegations set forth in paragraph "186" of the second amended complaint and respectfully refer the Court to the source apparently relied upon by plaintiff, Sydney Pereira, "The Streets Were Out Of Control": NYPD Chief Defends Violent Police Tactics During George Floyd Protests, GOTHAMIST (June 11, 2020, 3:45 P.M. EST), https://gothamist.com/news/nypd-chief-monahan-george-floyd-protests-interview, for its full content and context.

187.     Deny the allegations set forth in paragraph "187" of the second amended complaint and respectfully refer the Court to, Dana Rubinstein and Jeffrey C. Mays, De Blasio Denounced After Police Forcefully Clash With Protesters, N.Y. TIMES, June 4, 2020 (Updated June 17, 2020), available at https://www.nytimes.com/2020/06/04/nyregion/De-blasio-protests-curfew.html, for, *inter alia*, for an accurate characterization of Mr. Rosen's relationship to the Mayor as of June 2020; and further respectfully refer the Court to, Transcript: Mayor de Blasio Holds Media Availability, June 4, 2020, https://www1.nyc.gov/office-of-the-mayor/news/406-20/transcript-mayor-de-blasio-holds-media-availability, for Mayor's de Blasio's full and accurate statements regarding alleged "video footage of the NYPD assaulting peaceful protesters."

188.     Deny the allegations set forth in paragraph "188" of the second amended complaint and respectfully refer the Court to the record of the cited press briefing, Transcript: Mayor de Blasio Holds Media Availability, June 4, 2020, https://www1.nyc.gov/office-of-the-mayor/news/406-20/transcript-mayor-de-blasio-holds-media-availability, for its full and accurate content and context.

189.     Deny the allegations set forth in paragraph "189" of the second amended complaint and respectfully refer the Court to the record of the cited press briefing, Transcript: Mayor de Blasio Holds Media Availability, June 4, 2020, https://www1.nyc.gov/office-of-the-mayor/news/406-20/transcript-mayor-de-blasio-holds-media-availability, for the full and accurate content and context of the Mayor's cited statements.

190.     Deny the allegations set forth in paragraph "190" of the second amended complaint.

191.     Deny the allegations set forth in paragraph "191" of the second amended complaint.

192.    Deny the allegations set forth in paragraph "192" of the second amended complaint, except admit that plaintiff purport to proceed as stated therein.

193.    Deny the allegations set forth in paragraph "193" of the second amended complaint.

194.    Deny the allegations set forth in paragraph "194" of the second amended complaint.

195.    Deny the allegations set forth in paragraph "195" of the second amended complaint.

196.    Deny the allegations set forth in paragraph "196" of the second amended complaint.

197.    Deny the allegations set forth in paragraph "197" of the second amended complaint.

198.    Deny the allegations set forth in paragraph "198" of the second amended complaint.

199.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "199" of the second amended complaint.

200.    In response to the allegations set forth in paragraph "200" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

201.    Deny the allegations set forth in paragraph "201" of the second amended complaint.

202.    Deny the allegations set forth in paragraph "202" of the second amended complaint.

203.    Defendants state that the allegations set forth in paragraph "203" of the second amended complaint are legal conclusions to which no response is required.

204.    Deny the allegations set forth in paragraph "204" of the second amended complaint.

205.    Defendants state that the allegations set forth in paragraph "205" of the second amended complaint are legal conclusions to which no response is required.

206.    Deny the allegations set forth in paragraph "206" of the second amended complaint.

207.    Deny the allegations set forth in paragraph "207" of the second amended complaint.

208.    Defendants state that the allegations set forth in paragraph "208" of the second amended complaint are legal conclusions to which no response is required.

209.    Deny the allegations set forth in paragraph "209" of the second amended complaint.

210.    In response to the allegations set forth in paragraph "210" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

211.    Deny the allegations set forth in paragraph "211" of the second amended complaint.

212.    Deny the allegations set forth in paragraph "212" of the second amended complaint.

213.    Deny the allegations set forth in paragraph "213" of the second amended complaint.

214.    Deny the allegations set forth in paragraph "214" of the second amended complaint.

215.    Defendants state that the allegations set forth in paragraph "215" of the second amended complaint are legal conclusions to which no response is required.

216.    Deny the allegations set forth in paragraph "216" of the second amended complaint.

217.    In response to the allegations set forth in paragraph "217" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

218.    Deny the allegations set forth in paragraph "218" of the second amended complaint.

219.    Deny the allegations set forth in paragraph "219" of the second amended complaint.

220.    Defendants state that the allegations set forth in paragraph "220" of the second amended complaint are legal conclusions to which no response is required.

221.    Deny the allegations set forth in paragraph "221" of the second amended complaint.

222.    In response to the allegations set forth in paragraph "222" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

223.    Deny the allegations set forth in paragraph "223" of the second amended complaint.

224.    Deny the allegations set forth in paragraph "224" of the second amended complaint.

225.    Deny the allegations set forth in paragraph "225" of the second amended complaint.

226.    Deny the allegations set forth in paragraph "226" of the second amended complaint.

227.    Deny the allegations set forth in paragraph "227" of the second amended complaint.

228.    In response to the allegations set forth in paragraph "228" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

229.    Deny the allegations set forth in paragraph "229" of the second amended complaint.

230.    Deny the allegations set forth in paragraph "230" of the second amended complaint.

231.    Deny the allegations set forth in paragraph "231" of the second amended complaint.

232.    Deny the allegations set forth in paragraph "232" of the second amended complaint.

233.     In response to the allegations set forth in paragraph "233" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

234.     Deny the allegations set forth in paragraph "234" of the second amended complaint.

235.     Deny the allegations set forth in paragraph "235" of the second amended complaint.

236.     Defendants state that the allegations set forth in paragraph "236" of the second amended complaint are legal conclusions to which no response is required.

237.     Deny the allegations set forth in paragraph "237" of the second amended complaint.

238.     In response to the allegations set forth in paragraph "238" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

239.     Deny the allegations set forth in paragraph "239" of the second amended complaint.

240.     Deny the allegations set forth in paragraph "240" of the second amended complaint.

241.     Deny the allegations set forth in paragraph "241" of the second amended complaint.

242.     In response to the allegations set forth in paragraph "242" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

243.   Deny the allegations set forth in paragraph "243" of the second amended complaint.

244.   Deny the allegations set forth in paragraph "244" of the second amended complaint.

245.   Deny the allegations set forth in paragraph "245" of the second amended complaint.

246.   In response to the allegations set forth in paragraph "246" of the second amended complaint, defendants repeats and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

247.   Deny the allegations set forth in paragraph "247" of the second amended complaint.

248.   Deny the allegations set forth in paragraph "248" of the second amended complaint.

249.   Deny the allegations set forth in paragraph "249" of the second amended complaint.

## FIRST AFFIRMATIVE DEFENSE

250.   The second amended complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

251.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable and/or the negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

### THIRD AFFIRMATIVE DEFENSE

252.    Defendants de Blasio, Monahan, Delgado, Mosher, Gargiulo and Hernandez Carpio did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

253.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### FIFTH AFFIRMATIVE DEFENSE

254.    To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

### SIXTH AFFIRMATIVE DEFENSE

255.    Punitive damages cannot be assessed against defendant City.

### SEVENTH AFFIRMATIVE DEFENSE

256.    Plaintiff provoked any incident.

### EIGHTH AFFIRMATIVE DEFENSE

257.    Plaintiff may have failed to mitigate their alleged damages.

### NINTH AFFIRMATIVE DEFENSE

258.    Plaintiff has failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

## TENTH AFFIRMATIVE DEFENSE

259.     At all times relevant to the acts alleged in the complaint, defendants de Blasio, Monahan, Delgado, Mosher, Gargiulo and Hernandez Carpio acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on state law claims.

## ELEVENTH AFFIRMATIVE DEFENSE

260.     At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

## TWELFTH AFFIRMATIVE DEFENSE

261.     Any claims arising under New York States law may be barred, in whole or in part, by reason of plaintiff' failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

## THIRTEENTH AFFIRMATIVE DEFENSE

262.     Plaintiff's claims may be barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

**WHEREFORE,** defendants City of New York, Mayor de Blasio, Chief of Department Monahan, Julio Delgado, Thomas Mosher, Thomas Gargiulo and Ismael Hernandez Carpio respectfully request that the Second Amended Class Action Complaint be dismissed in its entirety, that the court enter judgment for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            March 2, 2022

                                **HON. SYLVIA HINDS-RADIX**
                                Corporation Counsel of the
                                 City of New York
                                *Attorney for Defendants City, de Blasio,*
                                *Monahan, Delgado, Mosher, Gargiulo and*
                                *Hernandez Carpio*
                                 100 Church Street
                                 New York, N.Y. 10007-2601
                                 212-356-3517

                  By:    *Dara L. Weiss s/*
                                   Dara L. Weiss

cc:      **BY ECF**
            Douglas E. Lieb
            Kaufman Lieb Liebowitz & Frick LLP
            *Attorney for Plaintiff*

20-cv-8924 (CM)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WOOD, et al.,

Plaintiff,

-against-

CITY OF NEW YORK, et al.,

Defendants.

### ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT

### *GEORGIA M. PESTANA*

Acting Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York  10007-2601

Of  Counsel:  Dara L. Weiss
Tel.:  212-356-3517

*Service of which is hereby acknowledged:*

.......................................... , N.Y.  Dated:  ..........................................

Signed:  ..........................................................................................

Print Name:  ....................................................................................

Attorney for:  ..................................................................................