

March 2, 2022

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

    Re:    <u>In re: New York City Policing During Summer 2020 Demonstrations,</u>
                1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases

Dear Judge Gorenstein:

    I write on behalf of all Plaintiffs to respectfully request that the conference the Court had tentatively scheduled for tomorrow, March 3, at 3:00 p.m. be kept on the calendar so that the parties can discuss ongoing deficiencies in Defendants' production in response to the consolidated discovery requests. Given the extension, Plaintiffs were only able to review the full chart by today.[1] But if the date is no longer available, Plaintiffs will make themselves available early next week or otherwise at the Court's convenience.

    At a prior discovery conference on February 18, 2022, the Court ordered Defendants to provide a chart detailing their position on producing documents responsive to all outstanding discovery requests propounded by Plaintiffs. After receiving an extension from the Court, Defendants produced a full chart on Tuesday, March 1, 2022 (attached as **Exhibit A**).

    While it is certainly gratifying to finally have Defendants' position on the dozens of discovery requests we have made over the past year, Defendants' chart muddies as much as it clarifies.

**Reversing course on prior commitments.**
    Perhaps most troubling, Defendants appear to be walking back prior commitments they made to produce a number of categories of documents. For example, Request #48[2] seeks an NYPD organization chart or charts. The parties have met and conferred on this multiple times, most recently on February 9, and Defendants have even identified responsive charts (there is apparently a new chart generated annually) — and promised to produce them. But here, Defendants fail to produce those charts and instead simply point to a public website that does not

---

[1] Plaintiffs are only raising issues here related to the requests that have already been the subject of dozens of hours of meet and confers (most Court-Ordered). For the requests on which this chart constitutes the first (or close to the first) substantive discovery responses Plaintiffs have received, we understand the Court's rules to require a prior meet and confer — and will attempt to resolve any disputes in the first instance by agreement.

[2] References here are to the numbering used in the consolidated requests.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com

4861-3125-6338v.1 0201731-000001



have an organization chart.

Similarly, Requests #54 and #55 seek documents supporting factual contentions the City made in its motion to dismiss. Despite their earlier promise to produce responsive documents, most recently on February 9, Defendants now point to an NYPD website (#54) or other public information (#55). These responses—and many others—are inconsistent with Defendants' prior commitments. So too with IAB documents (#14): Defendants have not gathered IAB documents since the AG/OIG reports. And they promised to do so. But now they are claiming that all "[r]esponsive documents [were] previously provided." That giant step backwards is particularly troubling in light of the fact that all of these meet and confers — and the commitments obtained therein — required extensive motion practice to obtain. And it suggests that the commitments Defendants made were not necessarily ones they intended to keep (since they are now walking them back without even stating as much).

**Opaque citations to prior productions.**
Another major issue in evaluating the chart is that, in response to many requests, Defendants merely assert that they have produced responsive documents already, without pointing to Bates ranges or even which production supposedly included those responsive documents. Of course, in many instances Plaintiffs have already pointed out documents that appear to be missing. Defendants' insistence that they have already provided responsive documents fails to clarify the status of the dispute.

**New objections.**
Third, Defendants appear to be raising brand new objections to certain requests. For example, in response to #37, seeking complaints alleging excessive force or use of racial epithets by NYPD officers during prior protests, Defendants object that the documents sought in this request are overly burdensome to gather. But this request was covered by the prior protest motion. *See* ECF No. 341 at 2 (listing request 37 among others). If Defendants believed that gathering the documents would take the "at least 250 hours to search for all requested documents, plus an [additional] 150 hours to review, redact, and produce them," the time to raise that objection was at the February 18 conference.

**Unclear promises.**
Finally, with respect to virtually every request, Defendants promise to produce responsive documents "by court-ordered dated," presumably March 18. But they fail to provide detail on the searches they are running to find these documents — or provide any description of what documents Plaintiffs can expect to receive. With respect to requests seeking long lists of certain NYPD paperwork generated in arrest contexts, this is particularly problematic, because it leaves open the possibility that Defendants will once again — without ever saying as much — neglect to search obvious locations for documents. Given all of that, and the shifting commitments globally, Plaintiffs think that Defendants should be directed to spell out exactly what searches they are conducting for each category of documents.

\*   \*   \*   \*

COHEN&GREEN    Page 2 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



    In addition to these document discovery issues, Plaintiffs also respectfully ask to discuss Defendants' unilateral and last-minute cancelling of depositions.  So far, Defendants have cancelled more high-level depositions than have gone forward.  For example, Chief Stephen Hughes was scheduled to be deposed as both a 30b6 and fact witness on March 3 and 4.  Without warning or explanation, Defendants informed Plaintiffs on March 1 that they were "not prepared" to go forward with *either day* of deposition.  Defendants apparently lack the staffing to prepare their witnesses — or even the staffing to *know* they haven't prepared their witnesses.

    By that time, Plaintiffs had spent significant time not only preparing for the depositions but coordinating among each other.  With Hughes canceled at the last minute, it was too late to schedule a different deponent, meaning those two days were simply lost for depositions — even as a number of witness depositions have yet to be scheduled at all, due to Defendants' insistence that there is insufficient time in the schedule.  This utter disregard for Plaintiffs' time not only is unprofessional but it also severely prejudices Plaintiffs, as it imperils our ability to complete discovery in a timely manner even with a significant extension — let alone in accordance with the current schedule (on which Defendants are, without seeking a protective order, refusing to schedule depositions that have been noticed for months).

    We look forward to discussing these issues, and we once again thank the Court for its time and attention to these cases.

Respectfully submitted,

/s/
_____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 3 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com