| | A | B | C | D | E | F | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA | AB | AC | AD | AE | AF | AG | AH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Case Name | DRI Set and Number | Description of each DRI | Documents Produced | Objections/Reasons Withheld | Burden | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 2 | People et al., v. CNY<br>21cv322<br>First Supplemental Request | DR No. 1 | Produce all documents relating to Jacqui Painter and Carlos Calzadilla-Palacio, and the incident that took place on May 29, 2020, at or near the vicinity of the 88th Precinct on Dekalb Avenue in Brooklyn, including, but not limited to, Threat, Resistance, or Injury (TRI) reports, summonses, hospital and other medical reports, body-worn camera footage, and any documents identifying Officers involved, including but not limited to the following: the police officer in a black or blue uniform and helmet in the screenshot attached as Exhibit A, taken from the body-worn camera footage produced by Defendants as Def_CCRB_00019853. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as neither individual was arrested or issued summons. Defendants cannot identify any of the officers in Exhibit A. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome.<br><br>The production of documents relating to the identity of the officers in Exhibit A is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results.<br>Without information regarding the source of the pictures in Exhibit A, defendants have no way of identifying which video the still photographs came from and thus cannot view the full video in order to determine the identity of the officers. The photographs in Exhibit A are not clear enough to allow defendants to make an identification. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 3 | | DR No. 2 | Produce all documents relating to Luke Hanna and the incident that took place on June 3, 2020, at Cadman Plaza in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage from 5:00 PM to 12:00 AM, within a two-block radius of the intersection between Tillary and Clinton Streets. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 4 | | DR No. 3 | Produce all documents relating to Huascar Benoit and the incident that took place at a protest the night of May 30, 2020, and into the early morning hours of May 31, 2020, in the vicinity of Dekalb and Flatbush Avenues in Brooklyn, including, but not limited to, identifying the Officers captured in the screenshots included in Exhibit B, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, from 5:00 PM the night of May 30, 2020, to 3:00 AM the morning of May 31, 2020, including but not limited to the following Officers:<br>a. Reynaldo Gonzalez (923898 DTS, 84th Precinct);<br>b. Oscar Palomino (942321 POM, 79th Precinct);<br>c. Pavlo Azarov (953647 POM);<br>d. Sali Cerimi (965974 POM, 83rd Precinct);<br>e. Aaron Husbands (Shield # 4274, 79th Precinct); and<br>f. Unnamed Officer with the helmet number that appears to be 13990 or a similar number). | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. Defendants cannot identify any of the officers in Exhibit B. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome.<br><br>The production of documents relating to the identity of the officers in Exhibit B is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results.<br><br>Without information regarding the source of the pictures in Exhibit B, defendants have no way of identifying which video the still photographs came from and thus cannot view the full video in order to determine the identity of the officers. The photographs in Exhibit B are not clear enough to allow defendants to make an identification. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 5 | | DR No. 4 | Produce all documents relating to Joseph Kokesh and the incident that took place on May 29, 2020, near the intersection of Bergen Street and Fifth Avenue in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and body-worn camera footage taken by the following Officers:<br>a. Joseph Giannatonio (956675 POM, 78th Precinct);<br>b. Andrey Samusev (958047 POM, 78th Precinct); and<br>c. Eduardo Silva (933356, Lieutenant, 78th Precinct). | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 6 | | DR No. 5 | Produce all documents relating to New York State Senator Zellnor Myrie and Assemblymember Diana Richardson, and the protests that took place on May 29, 2020, at Barclays Center in Brooklyn, including, but not limited to, documents identifying the Officer(s) who released Senator Myrie from custody, TRI reports, summonses, hospital and other medical reports, and any body-worn camera footage taken by the following Officers:<br>a. Eric Olfano (921639 SGT);<br>b. Joseph Taylor (924542 CPT);<br>c. John Loftus (935198 POM);<br>d. Max Bermudez (944360 POM);<br>e. Donald Weeks (946389);<br>f. Ernan Vega (948153);<br>g. Ronny Vega (951381);<br>h. Marcin Steckiewicz (955529);<br>i. Harry Kerr (962522 POM);<br>j. Giovanni Calderon;<br>k. Jessica Clinton, SRG3;<br>l. Terence Monahan;<br>m. Officer in the white shirt depicted in the image in Exhibit C and the Complaint (See para. 201); and<br>n. All other officers depicted in Exhibit C or who were present at Barclay's Center on May 29, 2020. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as neither individual was arrested or issued summons. Defendants identify the officer in the white shirt depicted in Exhibit C as Captain Joseph Taylor. Defendants cannot identify any of the other officers in Exhibit C. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome.<br><br>The production of documents relating to the identity of the officers in Exhibit C is unduly burdensome | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results.<br>Without information regarding the source of the pictures in Exhibit C, defendants have no way of identifying which video the still photographs came from and thus cannot view the full video in order to determine the identity of the officers. The photographs in Exhibit C are not clear enough to allow defendants to make an identification. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 7 | | DR No. 6 | Produce all documents identifying the Officers depicted in Exhibit D and the Complaint (See para. 169), who were present at the Mott Haven protests that took place on June 4, 2020, in Mott Haven. | Defendants identify the officer with Shield #75 in Exhibit D as Sergeant Thomas Rodriquez. Defendants cannot identify other officers in Exhibit D as the photo is not clear enough to make a positive identification. | The production of documents relating to the identity of the officers in Exhibit D is unduly burdensome | Without information regarding the source of the pictures in Exhibit D, defendants have no way of identifying which video the still photograph came from and thus cannot view the full video in order to determine the identity of the officers. The photo graphs in Exhibit D are not clear enough to allow defendants to make an identification. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 8 | | DR No. 7 | Produce all documents relating to Rayne Valentine and the incident that took place on May 30, 2020, at or near the corner of Flatbush and Church Avenues in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any video footage, including body-worn camera footage from Officers involved in or present at the incident, including, but not limited to Officer Amjad Kasaji. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 9 | | DR No. 8 | Produce all documents relating to Patricia Delfin and the incident that took place on May 29, 2020, in the Clinton Hill neighborhood in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage from Officers involved in or present at the incident. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 10 | | DR No. 9 | Produce all documents relating to Kerry Leigh Pittenger and the incident that took place on May 29, 2020, in the Bedford-Stuyvesant neighborhood in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage from Officers involved in or present at the incident. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within their Defense Counsel's by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| DR No. 10 | Produce all documents relating to Devlmey Bowser and the incident that took place on June 1, 2020, in the vicinity of West 56th Street near Broadway in Manhattan, including, but not limited to, the reports, hospital and other medical records, and any video footage relating to the alleged burglary of 1716 Broadway on June 1, 2020, and Bowser's arrest, such as body-worn camera footage from Officer Daniel Tavina and any other Officer involved in Bowser's arrest. | Defendants have already produced: DEF_00011054; DEF_00011041; DEF_00027000, DEF_00027026, DEF_00271411, and DEF_00016151. Defendants will provide a list of BWC that has already been produced and the additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. | |
| DR No. 11 | Produce all documents relating to Denrro Mohini and the incident that took place on May 31, 2020, near 12th Street and Broadway in Manhattan, including, but not limited to, documents identifying Officers involved in Mohini's arrest, TRI reports, arrest reports, hospital and other medical records, and any video footage, including, but not limited to, body-worn camera footage from Officer Chris Pani (or the Officer involved in Mohini's arrest) between 8:00 PM and 11:00 PM on May 31, 2020. | Defendants have already produced: DEF_00011059, DEF_00011057, DEF_00011051, and DEF_00016059. Defendants will provide a list of BWC that has already been produced and of any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. | |
| DR No. 12 | Produce all documents relating to Hannah Lihtmey and the protest that took place on May 28, 2020, at Union Square in Manhattan, including, but not limited to, documents identifying Officers involved in the use of force against Lihtmey, TRI reports, summaries, hospital and other medical records, and any video footage, including, but not limited to, body-worn camera footage from Officers at and within a one block radius of Union Square between 3:00 PM and 5:00 PM on May 28, 2020. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA. The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it, an endeavor that would take several hundreds of personnel hours potentially leading to negative results. |
| DR No. 13 | Produce all documents relating to Dounna Zayer and the incident that took place on May 29, 2020, on Pacific Street in Brooklyn, including, but not limited to, TRI reports, summaries, hospital and other medical records, and any video footage, including, but not limited to, body-worn camera footage from Officers in the two block radius of Pacific Street and Flatbush Avenue between 7:00 PM and 9:00 PM on May 29, 2020. | Defendants have already produced: DEF_00010400 and DEF_00020172. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. | |
| DR No. 14 | Produce all documents relating to Alexandra Crouthal and the incident that took place on November 4, 2020, at or near Irving Place and East 16th Street near Washington Square Park and Union Square in Manhattan, including, but not limited to, documents identifying Officers involved in Crouthal's arrest, TRI reports, summaries, hospital and other medical records, and any video footage, from 6:00 PM to 11:00 PM, including, but not limited to, body-worn camera footage from Officer Chris Foley (of the Officer involved in Crouthal's arrest) and all other Officers within a one-block radius of Union Square on November 4, 2020. | Defendants will produce summons #44104447. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it, an endeavor that would take several hundreds of personnel hours potentially leading to negative results. |
| DR No. 15 | Produce the complete and up-to-date Civilian Complaint Review Board (CCRB) investigation file, including, but not limited to, Investigative Action forms, investigator interview summaries or reports, recordings of officer interviews, and all other related documents, filed by or regarding: a. Huascar Benoit (CCRB complaint No. 202003801); b. Hannah Lihmey (CCRB complaint No. 202003651); c. New York state Assembly Member Diana Richardson and Senator Zellnor Myrie (CCRB complaint No. 202003695); d. Dounna Zayer (CCRB complaint No. 202003642); e. Jacqueline Panter and Carlos Cutaxllla Pelxoto (CCRB complaint No. 202003696); f. Joseph Kakani (CCRB complaint No. 202003737); g. Andrew Smith (CCRB complaint No. 202003703); h. Rayne Valentine (CCRB complaint No. 202003678); i. Cortez Polncca (CCRB complaint No. 202003771); j. Jason Donnelly (CCRB complaint No. 202003660); k. Brian Anderson (CCRB complaint No. 202003961); l. Zohatra Morales (CCRB complaint No. 202003695); m. Melanie Ryan (CCRB complaint No. 202004307); n. Jarrett Cole (CCRB complaint No. 202003632); o. Jillian Primanzo (CCRB complaint No. 202003996); p. Brendan McDermot (CCRB complaint No. 202003901); q. Robert Bunstad and Anna Sizis (CCRB complaint No. 202003804); r. Tyler Berg (CCRB complaint No. 202003731); and s. David Siffert (CCRB complaint No. 202003712). | Closed cases below have been requested and will produce prior to the court ordered date: a. Huascar Benoit (CCRB complaint No. 202003801); b. Hannah Lihmey (CCRB complaint No. 202003651); c. New York state Assembly Member Diana Richardson and Senator Zellnor Myrie (CCRB complaint No. 202003695); d. Jacqueline Panter and Carlos Cutaxllla Pelxoto (CCRB complaint No. 202003696); e. Joseph Kakani (CCRB complaint No. 202003737); f. Andrew Smith (CCRB complaint No. 202003703); g. Rayne Valentine (CCRB complaint No. 202003678); h. Cortez Polncca (CCRB complaint No. 202003771); i. Jason Donnelly (CCRB complaint No. 202003660); j. Zohatra Morales (CCRB complaint No. 202003695); k. Melanie Ryan (CCRB complaint No. 202004307); l. Jarrett Cole (CCRB complaint No. 202003632); m. Jillian Primanzo (CCRB complaint No. 202003996); n. Robert Bunstad and Anna Sizis (CCRB complaint No. 202003804); o. Tyler Berg (CCRB complaint No. 202003731); and p. David Siffert (CCRB complaint No. 202003712). Updates for open cases below have been requested and will be produced prior to the court ordered date: a. Dounna Zayer (CCRB complaint No. 202003642); b. Cortez Polncca (CCRB complaint No. 202003771); c. Jason Donnelly (CCRB complaint No. 202003660); last update requested 2/16, no update to the file d. Brendan McDermot (CCRB complaint No. 202003901); Defendants have already produced: ... | | |
| DR No. 16 | Produce the complete and up-to-date CCRB investigation file, including, but not limited to, Investigative Action forms, investigator interview summaries or reports, recordings of officer interviews, and all other related documents, for the following protests and incidents: a. The May 30 and June 4 protests in East Flatbush involving NYPD Lieutenant Michael Butler (CCRB complaint No. 202005789, 202004354, 202003961); b. The May 30, 2020, incident in Flatbush involving NYPD Captain Vitaly Zelikov (CCRB complaint No. 202004406); c. The CCRB investigations relating to the June 4 Mott Haven protest (CCRB complaint Nos. 202004306, 202004261, 202004562, 202004853); and d. The CCRB investigations relating to the May 29 Union Hill protest (CCRB complaint Nos. 202004176, 202003717). | Closed cases below have been requested and will produce prior to the court ordered date: a. The May 30 and June 4 protests in East Flatbush involving NYPD Lieutenant Michael Butler (CCRB complaint Nos. 202005789, 202004354, 202003961); b. The CCRB investigations relating to the June 4 Mott Haven protest (CCRB complaint Nos. 202004306, 202004261, 202004562, 202004853); c. The CCRB investigations relating to the May 29 Union Hill protest (CCRB complaint No. 202004176). Open cases below have been requested and will produce prior to the court ordered date: a. The May 30 and June 4 protests in East Flatbush involving NYPD Lieutenant Michael Butler (CCRB complaint No. 202003961); b. The May 30, 2020, incident in Flatbush involving NYPD Captain Vitaly Zelikov (CCRB complaint No. 202004406); c. The CCRB investigations relating to the May 29 Union Hill protest (CCRB complaint No. 202003717). | | |
| DR No. 17 | Produce the complete and up-to-date Internal Affairs Bureau (IAB) investigation file, including, but not limited to, investigator interview summaries or reports, recordings of Officer interviews, and all other related documents, related to or involving the following: a. Huascar Benoit (identified by IAB No. 20-14374); b. Hannah Lihmey (identified by IAB Nos. 20-10399, Log P-2020-0679); c. New York state Assembly Member Diana Richardson and Senator Zellnor Myrie (identified by IAB No. 20-13767); d. Dounna Zayer (identified by IAB Nos. 20-0410, 20-12708, 20-14306); e. Jacqueline Panter and Carlos Cutaxllla Pelxoto (identified by IAB Nos. 20-0410, 20-11706, and 20 14306); f. Joseph Kakani (identified by IAB Nos. FI-2020-000478, 2020-14196); g. Andrew Smith (identified by IAB No. 20-12824); h. Rayne Valentine (identified by IAB No. FI-2020-0000); i. Cortez Polncca (identified by IAB Nos. FI-2020-000442, 2020-12942, 2020-21502); j. Dennis McAllen (identified by IAB Nos. 2020-000462, 2020-12963); k. Jason Donnelly (identified by IAB No. 20-14108); l. Zohatra Morales (identified by IAB Nos. FI-2020-000415, 2020-01571); m. Lawrence Scholen (identified by IAB No. 21-20106 and 2021-0971); n. Melanie Ryan; o. Jarrett Cole; p. Jillian Primanzo; q. Brendan McDermot (identified by IAB Nos. FI-2020-000408, 2020-14473); r. Robert Bunstad and Anna Sizis (identified by IAB Nos. 2020-14909, DO-2020-007171); s. Tyler Berg; t. David Siffer; and u. Keith Boadm | Defendants will search for and produce the requested IAB files to the extent they can be located based upon NYPD's search capabilities. Defendants have already produced: a. New York state Assembly Member Diana Richardson and Senator Zellnor Myrie (identified by IAB No. 20-13767), produced file beginning at DEF_00028501; and IAB log at DEF_00283838. b. Andrew Smith (identified by IAB No. 20-12824); produced IAB log at DEF_00204418. d. Zohatra Morales (identified by IAB Nos. FI-2020-000515, 2020-15271); Produced at DEF_00028518. e. Jarrett Cole; Produced IAB log at 267_0029356. | Producing the requested documents is unduly burdensome | The search functionality of the electronic system is limited. Moreover, it is unclear if date of incident is a searchable category, making it difficult to limit the searches to a particular date of incident. It is estimated that it would take at least 250 hours to search for all requested documents, plus an additional 150 hours to review, redact, and produce them |
| DR No. 18 | Produce the complete and up-to-date Internal Affairs Bureau (IAB) investigation file, including, but not limited to, investigator interview summaries or reports, recordings of Officer interviews, and all other related documents, relating to the following protests and incidents identified in the Complaint: a. The May 30, 2020, and June 4, 2020, incidents in the Brooklyn neighborhood of Flatbush and Williamsburg, respectively, involving NYPD Lieutenant Michael Butler, including IAB Nos. 2020-17426 (F-2020-2790) and 2020-17277 (F-2020-661); b. The May 30, 2020 incidents in Flatbush involving NYPD Captain Vitaly Zelikov, including IAB No. 2020-14991; c. The June 4 Mott Haven protest; and d. The May 29 Union Hill protest. | Defendants will search for and produce the requested IAB files to the extent they can be located based upon NYPD's search capabilities. | Producing the requested documents is unduly burdensome | The search functionality of the electronic system is limited. Moreover, it is unclear if date of incident is a searchable category, making it difficult to limit the searches to a particular date of incident. It is estimated that it would take at least 250 hours to search for all requested documents, plus an additional 150 hours to review, redact, and produce them |

| | A | B | C | D | E | F | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA | AB | AC | AD | AE | AF | AG | AH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 20 | | DR No. 19 | Produce all documents, including any video footage, provided to any District Attorney's office investigating any incident at the protests for possible criminal charges, including, but not limited to, Rayne Valentine, Andrew Smith, and Dennis Mullikin. | No responsive documents. None of the individuals mentioned were arrested or issued summons. | Producing all the requested documents is unduly burdensome | Locating and producing "all documents" provided to any of the five district attorneys' offices for ANY incident at all 83 protest locations, that may or may not involve the several hundreds of summonses and arrests made by 77 commands is unduly burdensome. In addition, relevant police paperwork, in the form of arrest reports, summonses, TRI and logs, when prepared, were already produced as part of separate document requests. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 21 | | DR No. 20 | Produce all documents concerning the creation of reports, records, communications, discussions, assessments, or critiques regarding the NYPD's deployment of officers to protests, including, but not limited to, orders, directives, instructions, and communications to create protest critiques reference by NYPD Captain Vitaliy Zelikov at his deposition on August 10, 2021. | Defendants are continuing to search for documents responsive to this request and will produce them, if any exist, prior to the court ordered date. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 22 | | DR No. 21 | Produce all 50-h hearing transcripts for all witnesses identified in the Complaint. | Responsive documents have been requested and will be produced prior to the court ordered date. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 23 | | DR No. 22 | Produce all documents relating to Rob Goyanes and the incident that took place on June 4, 2020, in Mott Haven, at or near East 136th Street—between Brooke Avenue and Brown Place—including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, from 5:00 PM to 8:00 PM, including from SRG Officer Pecorella (badge number 9542), Officer Romero (badge number 6431), and Officer Blumenthal or Blumenberg (also referred to as "Blumie") (badge number 1231). | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 24 | | DR No. 23 | Produce all documents relating to Michael Blau and the incident that took place on June 3, 2020, at or near East 54th Street and Third Avenue in Manhattan, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, from 8:00 PM to 10:00 PM, and associated with summonses number 4444104948. | Defendant will produce summons no. 4444104948. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 25 | | DR No. 24 | Produce all documents relating to Aditi Bansal and the incident that took place on June 3, 2020, at or near East 54th Street and Third Avenue in Manhattan, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, from 8:00 PM to 10:00 PM, and associated with summonses number 4444110203. | Defendant will produce summons no. 4444110203. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 26 | | DR No. 25 | Produce all documents relating to Holly Gunder and the incident that took place on June 3, 2020, at or near East 54th Street and Third Avenue in Manhattan, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, from 8:00 PM to 10:00 PM, and associated with summons number 4450085468. | Defendants have already produced: DEF_000096420. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 27 | | DR No. 26 | Produce all documents relating to Katelyn Doyle and the incident that took place on June 3, 2020, at or near East 54th Street and Third Avenue in Manhattan, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, from 8:00 PM to 10:00 PM, including from an Officer with badge number 4501. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 28 | | DR No. 27 | Produce all documents relating to Tameer Peak, Benjamine Heath, Blaise Johnson, Hillary Wright, Jonathan Peck, Marissa Kaiser, Steve Mazzucchi, Vanessa Turi, and Ruvan Wijesooriya, and the incident that took place on January 18, 2021, at or near City Hall Park in Manhattan, including, but not limited to, TRI reports, summonses, arrest reports, hospital and other medical reports, and any body-worn camera and other video footage, from 8:00 PM to 10:00 PM, and associated with summons number M21601961 from arresting officer Morgante, tax ID # 958951. | Defendant will produce the following documents prior to the court ordered date:<br>Tameer Peak: M21601961 & TRI Number: 2021-001-00006<br>Blaise Johnson: 4450084301 & 4450084293<br>Jonathan Peck: 4442340417 & 4442340465<br><br>Notwithstanding objections, no responsive documents exist for Hillary Wright, Benjamine Heath, Marissa Kaiser, Steve Mazzucchi, Vanessa Turi, and Ruvan Wijesooriya as none of them were not arrested or issued a summonses.<br><br>Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 29 | | DR No. 28 | Produce all documents relating to Bryan Fiedler and the incident that took place on June 4, 2020, at or near Penn Street and Wythe Avenue in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, from 8:00 PM to 10:00 PM, and associated with summons number 4444106078 issued by arresting officer Luis Negron, tax ID # 968665. | Defendants have already produced: DEF_000090844. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 30 | | DR No. 29 | Produce all documents relating to Kayley Berezney and the incident that took place on June 4, 2020, at or near Penn Street and Wythe Avenue in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, from 8:00 PM to 10:00 PM, and associated with summons number 4444106064 issued by arresting officer Luis Negron, tax ID # 968665. | Defendants have already produced: DEF_000090842. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 31 | | DR No. 30 | Produce all documents relating to Marie Kahn and the incident that took place on June 4, 2020, at or near Penn Street and Wythe Avenue in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, from 8:00 PM to 10:00 PM, and associated with summons number 4444105938 issued by arresting officer Husbands. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. Defendants have not been able to find any record of arrest for this individual on that date and have not been able to find the summons number provided. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 32 | | DR No. 31 | Produce all documents relating to Abel Tirado and the incident that took place on November 4, 2020, at or near Seventh Avenue South and Leroy Street in Manhattan, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, from 8:00 PM to 10:00 PM, and associated with summons number M20629727 issued by arresting officer Hurchey. | Defendants will produce summons number M20629627. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 33 | | DR No. 32 | Produce all documents relating to Dr. Michael Pappas and the incident that took place on June 4, 2020, in Mott Haven, Bronx, including, but not limited to, documents identifying Officers involved in Pappas's arrest, including the Officers who observed Pappas and the arresting officers associated with summons number 4443829723, TRI reports, hospital and other medical records, and any body-worn camera and other video footage associated with summons number 4443829723, including, but not limited to, body-worn camera footage from any involved officers. | Defendants have already produced: DEF_000090620. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 34 | | DR No. 33 | Produce all documents relating to Jillian Primiano and the incident that took place on June 4, 2020, in Mott Haven, Bronx, including, but not limited to, documents identifying Officers involved in Primiano's arrest, including the Officers who observed Primiano and the arresting officers associated with summons number 4448281113, TRI reports, hospital and other medical records, and any body-worn camera and other video footage associated with summons number 4448281113, including, but not limited to, body-worn camera footage from any involved officers, including but not limited to Brian Destefano. | Defendants have already produced: DEF_000094595. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 35 | | DR No. 34 | Produce all documents relating to Marie DeLuca and the incident that took place on June 4, 2020, in Mott Haven, Bronx, including, but not limited to, documents identifying Officers involved in DeLuca's arrest resulting in summons number 4448373565, TRI reports, hospital and other medical records, and any body-worn camera and other video footage associated with summons number 4448373565, including, but not limited to, body-worn camera footage from any involved officers, including but not limited to Crystal Washington. | Defendants have already produced: DEF_000090904, DEF_000090906, and DEF_000094960. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 36 | | DR No. 35 | Produce all documents relating to Zuleyka Morales and the incident that took place on June 2, 2020, on the West Side Highway in Manhattan (Protest No. 39 in Schedule A), including, but not limited to, documents identifying Officers involved in Morales's arrest resulting in summons number 4441347880, TRI reports, hospital and other medical records, and any body-worn camera and other video footage associated with summons number 444134788, including, but not limited to, body-worn camera footage from the arresting officer, from Patrick Connolly, and from any other Officers involved in the arrest of Morales. | Defendants have already produced: DEF_000088142 and DEF_000283200.Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| | A | B | C | D | E | F | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA | AB | AC | AD | AE | AF | AG | AH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 37 | | DR No. 36 | Produce all documents relating to Keith Boykin and the incident that took place on May 30, 2020, on the West Side Highway at West 96th Street in Manhattan (Protest No. 9 in Schedule A), including, but not limited to, documents identifying Officers involved in Boykin's arrest resulting in summons numbers 4443977943 and 4443977930, TRI reports, hospital and other medical records, and any body-worn camera and other video footage associated with Boykin's arrest, including, but not limited to, body-worn camera footage from the arresting officer, and from any other Officers involved in the arrest of Boykin. | Defendants have already produced: DEF_000075618, DEF_000090674, 4443977943, DEF_000282555. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 38 | | DR No. 37 | Produce all documents relating to Jemell Cole and the incident that took place on July 15, 2020, on the Brooklyn Bridge pedestrian path resulting in the arrest of Jemell Cole (voided arrest No. M20620174; Protest No. 67 in Schedule A), including, but not limited to, documents identifying Officers involved in Cole's arrest, TRI reports, hospital and other medical reports, body-worn camera footage, ARGUS footage, and all other video footage associated with Cole's arrest. | Defendants have already produced: DEF_000046332. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 39 | | DR No. 38 | Produce all documents concerning any information known to the NYPD before or during the following protests concerning illegal conduct, or the possibility thereof, at such location, warranting the use of encirclement or kettling tactics:<br>a. June 2, 2020 – Manhattan Bridge;<br>b. June 3, 2020 – Cadman Plaza; and Midtown Manhattan, near East 54th Street and Third Avenue;<br>c. June 4, 2020 – South Williamsburg, near Penn Street and Wythe Avenue;<br>d. November 4, 2020 – Washington Square Park, in the vicinity of West 8th Street, between Fifth and Sixth Avenues; and Union Square, near East 14th Street and Fourth Avenue; and<br>e. January 18, 2021 – MLK day protest near City Hall Park in Manhattan. | Defendants have already produced all responsive documents for June 2, June 3, and June 4 in the following productions:<br><br>VOL007_Confidential<br>Range: DEF_000075580 - DEF_000077851<br><br>VOL008_Confidential<br>Range: DEF_000157572 - DEF_000164804<br><br>Defendants are continuing to search for responsive documents relating to November 4, and January 18 and will produce any documents prior to the court ordered date. | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 40 | | DR No. 39 | Produce all documents relating to Carlos Polanco and the incident that took place on May 30, 2020 on the F.D.R. Drive in Manhattan including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage from the following:<br>a. The Officer in Exhibit E holding the baton in his right hand and spraying OC spray in his left hand;<br>b. Any other officers identified in Exhibit E;<br>c. Sgt. Majer Saleh (Tax ID number 929110). | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 41 | | DR No. 40 | Produce all documents relating to Laisa Pertet and the incident that took place on the night of May 30, 2020, near the Flatbush Extension in Brooklyn including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 42 | | DR No. 41 | Produce all documents relating to Alan Williams and the incident that took place on the evening of May 29, 2020, at or near the Barclay's Center in Brooklyn, near the metal barricades separating protesters and NYPD officers, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage. | Defendants have already produced: DEF_000088996, DEF_000089016, DEF_000090008, and DEF_000090030. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 43 | | DR No. 42 | Produce all documents relating to Andrew Smith and the incident that took place in the early evening of May 30, 2020, at or near the intersection of Bedford and Tilden Avenues in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, including from, but not limited to, Officer Michael Sher. | Defendants have already produced: DEF_000061669, DEF_000104540, DEF_000138459, DEF_000284404, DEF_000284405, DEF_000286550. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 44 | | DR No. 43 | Produce all documents relating to the use of force against Lawrence Schober that took place on May 31, 2020, in the vicinity of Broadway and 11th Street in Manhattan, including, but not limited to, documents identifying Officers involved in Schober's arrest, TRI reports, hospital and other medical reports, ARGUS footage, body-worn camera footage, and all other video footage associated with the use of force by Officers against Schober. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 45 | | DR No. 44 | Produce all documents relating to the arrest of Brian Anderson (Arrest ID K20619401) and the incident that took place on May 29, 2020, in the vicinity of the 79th Precinct stationhouse, at 263 Tompkins Avenue in Brooklyn, and Herbert von King Park, (Protest No. 6 in Schedule A), including, but not limited to, documents identifying Officers involved in Anderson's arrest, TRI reports, hospital and other medical reports, ARGUS footage, body-worn camera footage, and all other video footage associated with Anderson's arrest, including from Officer Mohamed Elhanafi (TAX ID 955897). | Responsive docs: DEF_000108958, DEF_000154372, DEF_000154375, DEF_000162666, DEF_000162669, and DEF_000104743. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 46 | | DR No. 45 | Produce all documents relating to Jason ("Jae") Donnelly and the incident that took place on June 2, 2020, in the vicinity of West 53rd Street and 9th Avenue in Manhattan (Protest No. 36 in Schedule A), including, but not limited to, documents identifying Officers involved in the use of force against Donnelley, TRI reports, hospital and other medical reports, ARGUS footage, body worn camera footage, and all other video footage associated with Donnelly, including from Sgt. William Balunas. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 47 | | DR No. 46 | Produce all documents relating to the arrest of Melanie Ryan (Summons number 4449869464) and the incident that took place on June 3, 2020, in the vicinity of East 50th Street and Third Avenue in Manhattan, including, but not limited to, documents identifying Officers involved in Ryan's arrest, TRI reports, hospital and other medical reports, ARGUS footage, body-worn camera footage, and all other video footage associated with Ryan's arrest, including from Officer Jeff of SRG 3. | Defendants will produce summons no. 4449869464. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 48 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 49 | In Re: New York City Policing During Summer 2020 Demonstrations<br>20 Civ. 8924; 20 Civ. 10291; 20 Civ. 10541; 21 Civ. 322; 21 Civ. 533; 21 Civ. 1904<br>Second Amended Responses | DR No. 1 | Provide all Documents concerning policies, procedures, directives, and training materials promulgated by NYPD relating to Officers' treatment of and response to demonstrations and protests (including mass protests), crowd control, crowd management, and/or "disorder control" that were created and/or in force prior to May 28, 2020, including, but not limited to, policies concerning:<br>a) Officers' use of tactics or objects to control crowds during a demonstration or protest;<br>b) Officers' use of force during a demonstration or protest;<br>c) Use of force reporting and investigations related to uses of force during a demonstration or protest;<br>d) Officers' use of batons or other instruments during a demonstration or protest;<br>e) Officers' tactical use of other objects, such as shields and bicycles, during a demonstration or protest;<br>f) Officers' use of Oleoresin Capsicum (also known as "OC" or "pepper spray") during a demonstration or protest;<br>g) Technical Assistance Response Unit ("TARU") video and audio recording related to a demonstration or protest;<br>h) Strategic Response and Strategic Response Group ("SRG") operations;<br>i) Disorder Control Training;<br>j) Officers' use of body worn cameras during a demonstration or protest;<br>k) Officers' use of zip-ties or flex cuffs during a demonstration or protest;<br>l) Officers' use of Kettling during a demonstration or protest;<br>m) Officers' interaction with, and treatment of, Legal Observers during a demonstration or protest;<br>n) Officers' interaction with, and treatment of, journalists, reporters, photographers, and members of the press during a demonstration or protest;<br>o) Officers' enforcement of any applicable curfews in place during a demonstration or protest;<br>p) Incident command, chain of command, and command and control during a demonstration or protest; | Responsive documents previously provided | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| | A | B | C | D | E | F | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA | AB | AC | AD | AE | AF | AG | AH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 50 | | | q) Facilitation, accommodation, and escort of demonstrations or protests;<br>r) First Amendment, Fourth Amendment, and Fourteenth Amendment principles applicable to policing demonstrations or protests, including the requirements that content-neutral restrictions on speech are narrowly tailored and provide ample alternatives for expression, as well as the need to provide fair warning before making certain Arrests or engaging in certain uses of force;<br>s) The need to give dispersal orders and a meaningful opportunity to comply with them before making certain Arrests at a demonstration or protest;<br>t) Policies, procedures, or protocols relating to racial profiling;<br>u) Officers' use of race in law enforcement decisions and/or implicit bias;<br>v) Officers' use of racial slurs or epithets;<br>w) Officers' affiliation with or participation in groups or website that promote racists views;<br>x) Officers' Arrest of individuals during a demonstration or protest, including procedures for effecting and processing large-scale or mass arrests;<br>y) Probable cause to Arrest for a Protest-Related Violation or Offense;<br>z) Discretion to Arrest for a Protest-Related Violation or Offense;<br>aa) When to process an Arrest for a Protest-Related Violation or Offense for release with a summons or Desk Appearance Ticket, or for arraignment, including during a demonstration or a protest;<br>bb) Officers' transportation of people Arrested during or after a demonstration or protest;<br>cc) Officers' use of mass or large-scale arrest processing (including the use of a Mass Arrest Processing Center), including related to a demonstration or a protest;<br>dd) Officers' provision of medical aid to civilians injured during a demonstration or protest;<br>ee) Officers' wearing of face coverings when interacting with the public during or after a demonstration or protest, including during arrest processing; and<br>ff) Any other policies, procedures, directives or training associated with policing large-scale events, including protests, demonstrations, and events involving civil disobedience. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 51 | | DR No. 2 | Provide all Documents concerning policies, procedures, directives, and training materials promulgated by NYPD during or after the Protests and relating to any and all subjects described in **Request No. 1**, including but not limited to training provided during or after October 2020, including recordings of such training, and any critique, evaluation, or review of the effectiveness of such training. | Responsive documents previously provided | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 52 | | DR No. 3 | Provide all Documents concerning policies, procedures, directives, and training materials relating to any and all subjects described in **Request No. 1** promulgated during or following any protest events in the past 10 years concerning the deaths of persons in police custody or whose deaths were otherwise caused by an Officer, including, but not limited to, Ramarley Graham, Akai Gurley, Eric Garner, Delrawn Small, and Sean Bell. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court-ordered date. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 53 | | DR No. 4 | Provide all Documents concerning policies, procedures, directives, and training materials relating to any and all subjects described in **Request No. 1** promulgated during or following protests regarding the 2004 Republican National Convention or any of the lawsuits related to the policing of those protests. | Responsive documents previously provided | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 54 | | DR No. 5 | For any and all training materials, presentations, or other similar materials responsive to **Request Nos. 1-4** above, Documents sufficient to identify the dates trainings were held, all persons who attended, any statistical reports of the ranks of members of the service that attended, and any certifications issued to such attendees. | Defendants have been, and will continue to provide training information for named defendants and deponents. | Defendants object to producing information regarding "all" trainings held as irrelevant and not proportional to the needs of the case. Additionally, information regarding training reveived by officers is publicly available. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 55 | | DR No. 6 | For each Officer identified in response to **Interrogatory No. 1 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants**, provide Documents sufficient to show whether and, if so, the date(s) that the Officer received training related to the subjects described in **Request No. 1**. | Training information regarding named officers and deponents has been/will be provided prior to their depositions, as previously agreed. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 56 | | DR No. 7 | For each Protest Location listed in the **attached Schedule A**, Documents sufficient to identify the intended roles or functions, deployments, commands, and instructions provided to each and every Officer who was assigned to, or who responded to, the Protest Location, including but not limited to documents identifying:<br>a) The commanding Officer for each location;<br>b) The full name, shield number, tax identification number, assigned command, and rank of each Officer deployed;<br>c) Each Officer's assignment post, including the assignment address and borough;<br>d) Any and all Officers assigned to supervise or oversee such deployment;<br>e) Any attorneys from either the NYPD or the NYC Law Department at each location;<br>f) All Threat Response Inquiry ("TRI"), Officer Injury Reports, Complaints, or other written documentation of any kind related to such deployment;<br>g) All Unusual Incident or Occurrence Reports (PD370-152; UF-49);<br>h) All instructions or directives regardless of form regarding police equipment and uniforms (including disorder control gear, face coverings, and so-called "mourning bands") to be worn or possessed by Officers during the assignment;<br>i) Any communications relating to the decision to deploy Officers from the SRG and any instructions or directives provided to the SRG or Officers assigned to such deployments. | Responsive documents previously provided | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 57 | | DR No. 8 | For each Protest listed on the attached Schedule A, provide the following Documents:<br>a) Any and all intelligence reports, threat assessments, and information compiled and/or reviewed in advance of and during the Protests, including all Documents reflecting Officers' planning for policing the Protests, and any spreadsheets or other lists of "scheduled" and "unscheduled" events during the time period surrounding each Protest;<br>b) Any and all communications, tactical decisions, intelligence alerts, policies or other directives issued by any Officer as a result of such intelligence reports, assessments, or other information pertaining to the Protests;<br>c) News clips, social media postings, and internet links gathered by the NYPD, including but not limited to such information and records gathered or created by the Office of the Deputy Commissioner for Public Information ("DCPI"), the Intelligence Division, or otherwise, related to any Protest;<br>d) Requests for detail, Operations Unit (including Detail Section) records, "204s", "Who's Who," "Force Figures," "Detail Overview," roll calls, tactical plans, detail rosters, assignment sheets, internal communications, and other documents) concerning NYPD's deployment or assignment of Officers and resources relating to the Protests;<br>e) Command Log(s) and other records created as a result of or related to the operation any Incident Command Post utilized in connection with policing a Protest;<br>f) Records reflecting whether and, if so, by whom, when, and to what extent, dispersal orders or other warnings and opportunities to disperse or comply were given before enforcement action was taken at each Protest where force was used or detentions or Arrests were made;<br>g) All To/From Memoranda, Unusual Occurrence Reports, U.F. 49s, Mass Arrest Reports and/or any other Documents consisting of summaries, reviews, recaps, evaluations, critiques, after-action reports, or other reports following any Protest, including but not limited to Joint Operations Center reports;<br>h) All videos, including TARU videos, bodyworn camera videos, and Aviation Unit videos; | Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court-ordered date. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 58 | | | i) All audio recordings, including audio recordings of NYPD Citywide and other radio communications;<br>j) SPRINT reports related to recorded communications (and documents sufficient to decipher such SPRINT reports);<br>k) Internal NYPD communications, including, but not limited to, e-mails, text messages, records regarding telephone calls made or received;<br>l) Any and all TRI Reports, and any and all Incident Worksheets (PD370-154), and any and all TRI Incident-Investigating Supervisor's Assessment Reports (PD370-154A), any and all TRI Interaction Reports, all Unusual Incident Reports, including any and all other Documents relating to such reports and worksheets;<br>m) Command Log(s) from each arrest processing location to which a person arrested in connection with a Protest was brought, including any Mass Arrest Processing Center ("MAPC");<br>n) MAPC intake and processing records;<br>o) Documents sufficient to identify all Arrests by Officers based on alleged conduct occurring at each Protest Location, including Documents sufficient to identify the number of such Arrests voided by the NYPD;<br>p) For any Officer who was injured during any Protest, any related Line of Duty injury paperwork, including but not limited to AIDED Report(s), witness statement(s), and medical records;<br>q) For any non-Officer injured related to a Protest, all records related to such injury, including any AIDED Report, Medical Treatment of Prisoner Form, Central Booking Medical Screening Form, Ambulance Call Report, Computer Aided Dispatch, FDNY Pre-Hospital Care Report, and other documents related to such injury;<br>r) Documents concerning press inquiries received by Defendants and/or press releases or statements to the press made by individual Defendants or their agents related to any Protest, including such statements made in electronic communications such as e-mail or text messages. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| | | | | |
|---|---|---|---|---|
| | DR No. 9 | For each person identified in response to **Interrogatory No. 3 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants**, provide the following Documents:<br>a) Any and all records created by Officers related to each person Arrested, including all arrest processing paperwork;<br>b) Online Booking System ("OLBS") Report (including handwritten/scratch version);<br>c) Online Booking System Arrest Worksheet (PD244-150) (including handwritten/scratch version);<br>d) Arrest Report – Supplement (PD244-157);<br>e) Prisoner Pedigree Card (PD244-092);<br>f) Arrest processing photographs, including digital movement clips and photographs taken as part of NYPD large scale or mass arrest processing;<br>g) Mass Arrest Pedigree Label (244-090);<br>h) Complaint Report 310-153 (including handwritten/scratch version);<br>i) Complaint Report Worksheet (313-152A) and Omniform Complaint Revision (including handwritten/scratch version);<br>j) Online Prisoner Arraignment ("OLPA") Report;<br>k) Property Clerk Invoice (521-141);<br>l) Records reflecting the disposition of property recorded in each such Property Clerk Invoice;<br>m) Medical Treatment of Prisoner (244-150);<br>n) Activity Logs (112-145) and other similar logs for the hour during which the incident occurred for any and all Officers involved;<br>o) Scratch and/or memo book or activity log entries for any and all officers involved;<br>p) C-Summons;<br>q) Desk Appearance Ticket (PD 260-121);<br>r) Desk Appearance Ticket Investigation Sheets (260-091);<br>s) Records provided to any local prosecutor;<br>t) DA Datasheets;<br>u) Decline to Prosecute Forms;<br><br>v) Criminal Court Complaint; and<br>w) Body worn camera footage associated with their Arrest, including associated audit trails and activity logs | Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court ordered date. | | |
| | DR No. 10 | For each Protest Location listed in the **attached Schedule A**, provide Documents sufficient to identify all persons stopped by Officers during the Protests, including:<br>a) the date, time, and location of the encounter;<br>b) the name, rank, shield number, and command of any and all Officers involved;<br>c) the specual Order that gave the decision and/or gave the order to stop the person;<br>d) the identity of the person stopped; and<br>e) the total number of stops disaggregated by race, date the stops occurred, and the precinct of the Officers involved. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court ordered date. | | |
| | DR No. 11 | For each Protest Location listed in the **attached Schedule A**, provide Documents sufficient to identify all Arrests by Officers at such Protest Locations, including but not limited to:<br>a) the total number of Arrests;<br>b) the total number of summonses related to these Arrests issued disaggregated by race, date the summons was issued, and the command of the issuing Officers;<br>c) the total number of DATs issued stated to these Arrests disaggregated by race, date the DAT was issued, and the command of the issuing Officers;<br>d) the total number of arrests processed on-line related to these Arrests disaggregated by race, date of arrest, and the command of the arresting Officers;<br>e) the summons number, DAT number, and/or arrest number associated with each Arrest;<br>f) the full name, shield number, and tax identification number of the issuing or arresting Officer;<br>g) the identity of the person Arrested;<br>h) the location of the Arrest occurred (i.e., borough and address);<br>i) length of time of custodial detention, including date and time of stop and date and time of release;<br>j) criminal charge(s); and<br>k) disposition of any such charge(s). | Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court ordered date. | | |
| | DR No. 12 | Provide all Documents relating to polices, procedures, directives, and training materials regarding use of force reporting and investigation, including the completion of the TR Incident Worksheets (570-154) and the TR incident investigating Supervisor's Assessment Reports (570-154A), including but not limited to the Data Entry Guide for Threat, Resistance or Injury (TRI) Incident Worksheet (SP415). | Responsive documents previously provided | | |
| | DR No. 13 | For each Protest Location listed in the **attached Schedule A**, provide Documents sufficient to identify each and every use of force by an Officer, including but not limited to information sufficient to show:<br>a) the type of force used;<br>b) date/time when used;<br>c) the full name, shield number, and tax identification number of the Officer using force;<br>d) the assigned command of the Officer using force;<br>e) supervising Officer(s);<br>f) whether the Officer was on duty or off duty;<br>g) the location where the incident occurred (including borough);<br>h) the race and gender of individual against whom force was used; and<br>i) the factual circumstances surrounding the force used. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court ordered date. | | |
| | DR No. 14 | For each Protest Location listed in the **attached Schedule A**, provide all Documents concerning any incidents currently or formerly under investigation or referred for internal investigation by the NYPD (including but not limited to the Internal Affairs Bureau ("IAB"), the Chief of Department ("COD"), Department Advocate Office, Office of the Chief of the Department, Risk Management Bureau, and/or Patrol Bureau investigations) including all Documents concerning the circumstances of the incident and any complaints, including any factual allegations or interrogations of the members of service, interviews of any and all non-members of service as well as members of service, body worn camera footage and associated audit trails and activity logs, and radio transmissions; TARU recordings and any other recordings (such as Apps videos) and/or, and any other Documents collected, considered, or reviewed; and any determinations, recommendations, settlements, offers, case analysis, or other outcome recommendations made by any person within the NYPD with respect to any occurrence that happened at such Protest Location. | Responsive documents previously provided | | |
| | DR No. 15 | For each Protest Location listed in the **attached Schedule A**, provide all Documents concerning any incidents currently or formerly under investigation or referred for investigation by the Civilian Complaint Review Board ("CCRB"), including all related complaints, video (including Apps video) and audio recordings, body worn camera footage and radio transmissions, investigation notes and reports, and any other Documents collected, considered, or reviewed, or any determinations, disciplinary recommendations, or other outcome recommendations made by the NYPD or CCRB with respect to any occurrence that happened at such Protest Location. | Responsive documents previously provided | | |
| | DR No. 16 | For each Officer identified in response to **Interrogatory Nos. 4 and/or 5 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants**, all personnel-related records in the possession of the NYPD or the City of New York, including but not limited to:<br>a) Records reflecting the Officer's histories as to CCRB and IAB investigations, as well as underlying records;<br>b) The Academy Transcript and all training logs and other records reflecting the NYPD training each Officer received at the NYPD Academy and after graduation from the NYPD Academy;<br>c) Central Personnel Index ("CPI") file records or similarly defined records;<br>d) Any and all records concerning internal NYPD disciplinary action, letters in the personnel file, command discipline, or other records of discipline or misconduct;<br>e) Performance profiles, or similarly defined records;<br>f) Psychological Services Unit ("PSU") records or similarly defined records;<br>g) Risk Assessment Information Liability System ("RAILS") records;<br>h) Early warning or intervention records or similarly defined records;<br>i) Monitoring complaint reports, or command complaint history;<br>j) Any and all letters requesting sealing of disciplinary records or charges;<br>k) Any and all documents related to performance monitoring;<br>l) All digital profile and similar records providing a regular and periodic updated internal NYPD and CCRB complaints, investigations, and dispositions, including the Police Commissioner's case analysis;<br>m) Records from the Internal Affairs Bureau, Inspectional Services Division, Office of the Chief of the Department, or Department Advocate Office;<br>n) The caption, complaint, and records reflecting the disposition of any and all lawsuits against each such Officer;<br>o) To the extent not covered in the preceding sub-paragraphs, all Documents relating to any civilian or departmental complaints of police misconduct, destruction of duty, or violation of the New York State penal laws or regulations of the NYPD, including but not limited, physical brutality, verbal abuse, and violence or abuse. | Documents previously provided. Additional documents to be provided, to the extent not already provided, for named defendants and deponents. | | |
| | DR No. 17 | Provide all Documents concerning Officers reserving discipline for misconduct occurring during the Protests, or who have been recommended to receive discipline for such misconduct. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court ordered date. | | |
| | DR No. 18 | Provide all Documents concerning communications from May 25, 2020 to present between and among any and all NYPD personnel and personnel of the Office of the Mayor, including Mayor de Blasio or his designees, and the Mayor's Office of Criminal Justice, regarding NYPD's planning for and response to any protest anticipated to take place in New York City following the death of George Floyd, including but not limited to the Protests. | Responsive documents previously provided in email discovery | | |
| | DR No. 19 | Provide all Documents concerning communications about any protest anticipated to take place in New York City following the death of George Floyd, including but not limited to the Protests from May 25, 2020 to present, by Defendants Mayor de Blasio, Commissioner Shea, Chief Monahan, and all Borough Commanders, and Deputy Commissioner of Intelligence John Miller. | Responsive documents previously provided in email discovery | | |

| | | | | |
|---|---|---|---|---|
| DR No. 20 | Provide all documents received by, referenced, or reviewed by Mayor de Blasio, Commissioner Shea, and/or Chief Monahan, Borough Commanders, Deputy Commissioner of Intelligence John Miller, and Incident Commanders documenting occurrences and/or interactions between Officers and civilians at any and all Protest Locations from May 28, 2020, to present. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court ordered date. | | |
| DR No. 21 | For each Protest Location listed in the **attached Schedule A**, provide all communications between and among any Officers supervising, coordinating, or otherwise directing NYPD's response to the Protests at each Protest Location, including but not limited to communications between and among Borough Commanders, XO Command, and Deputy Commissioner of Intelligence John Miller. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court ordered date. | | |
| DR No. 22 | Provide all documents, including all non-privileged communications, in Defendants' possession, custody, or control concerning the December 30, 2020 Corporation Counsel Report Pursuant to Executive Order 58 (June 20, 2020) Directing an Analysis of Factors Impacting the George Floyd Protests in New York City, including any and all Documents received or reviewed by Corporation Counsel in preparing such report. | Responsive documents previously provided | | |
| DR No. 23 | Provide all Documents, including all non-privileged communications, in Defendants' possession custody, or control concerning the December 2020 Report by the New York City Department of Investigation ("DOI") titled: Investigation into NYPD Response to the George Floyd Protests in New York City, including any and all Documents received or reviewed by DOI in preparing such report. | Responsive documents previously provided | | |
| DR No. 24 | Provide all Documents concerning any communications between any NYPD personnel, including from the Community Affairs Bureau, and/or any other neighborhood policing liaisons and organizers of the Protests. | Responsive documents provided in email discovery | | |
| DR No. 25 | Provide all Documents concerning reports, reviews, communications, discussions, assessments, and analyses, including but not limited to after-action reviews, Sentinel Event reviews, postmortem reviews, and project debriefs, concerning the NYPD's deployment of officers to protests related to Occupy Wall Street (2011-2012) and in response to the death of Eric Garner (2014-2015). | Responsive documents previously provided | | |
| DR No. 26 | Provide all Documents concerning the decision by then-District Judge Richard Sullivan concerning defendant Winishut's actions as outlined in Zinter v. City of New York, Inc. 06-CV-7631 (RJS-FM) (SDNY), 2012 U.S. Dist. LEXIS 141855, at *27 (M.D.N.Y. Sept. 29, 2012), including but not limited to deployment of officers to protests, charges in policies, directives, orders, and/or instructions concerning group arrests. | No responsive documents that specifically reference the verdict cited exist | | |
| DR No. 27 | Provide all Documents concerning the jury's verdict against defendant Winishut in Abdell v. City of New York, No. 05 | No responsive documents that specifically reference the verdict cited exist | | |
| DR No. 28 | Provide all Documents concerning the payment of the punitive damages awarded in Abdell v. City of New York, No. 05 Civ. 8453 (RJS) (S.D.N.Y.), including but not limited to discipline of defendant Winishut. | No responsive documents that specifically reference the award cited exist | | |
| DR No. 29 | Provide all Documents concerning any disciplinary action taken regarding Deputy Inspector Edward Winski concerning his actions during Occupy Wall Street protests, which were the subject of several litigations: Vincent v. Winski. No. 14 Civ. 7744; Dinkofski v. Winski. No. 14 Civ. 7484. | No responsive documents exist | | |
| DR No. 30 | Provide all documents concerning any complaint made to, or investigation by the NYPD or CCRB, of any NYPD officer displaying a "white power" symbol during any of the Protests listed on the **attached Schedule A**. | All protest-related CCRB records provided. NYPD records provided, additional records to be provided if they exist | | |
| DR No. 31 | Provide all Documents concerning any complaint made to or investigation by the NYPD or CCRB, of any NYPD officer for making racist statements or for racial conduct, including but not limited to, racial profiling. | All protest-related CCRB records provided. NYPD records provided, additional records to be provided if they exist | | |
| DR No. 32 | Provide all Documents concerning any investigation into, or assessments of, NYPD officers' possible affiliations with racist or white supremacist organizations, including but not limited to IAB, Intelligence or Anti-terrorism unit investigations or assessments. | All protest-related CCRB records provided. NYPD records provided, additional records to be provided if they exist | | |
| DR No. 33 | Provide all Documents concerning investigations into, or assessments of, NYPD officers' possible affiliations with Proud Boys, Oath Keepers, Three Percenters, or other far-right or neo- Nazi organizations, including but not limited to IAB, Intelligence or Anti-terrorism unit investigations or assessments. | All protest-related CCRB records provided. NYPD records provided, additional records to be provided if they exist | | |
| DR No. 34 | All Documents concerning any investigation into NYPD officers' participation in online far-right/racist message boards, such as the Law Enforcement Rant Lite Deputy Inspector James Kobel posted on (see Sierra First Amended Complaint at ¶¶ 165-168). | Documents concerning Inspector Kobel's statement to be provided by Court ordered date | | |
| DR No. 35 | Provide all Documents concerning any discipline of any NYPD officer for use of racist language during the Protests. | All protest-related CCRB records provided. NYPD records provided, additional records to be provided if they exist | | |
| DR No. 36 | Provide all unusual incident reports (UF-49s), after-action reports, to/from memoranda, and Mass Arrests Reports, made or maintained at any time, concerning the following protests: a) World Economic Forum protests in 2002; b) Republican National Convention protests in 2004; c) Occupy Wall Street in 2011 and 2012; d) Black Lives Matter protests between 2013 and 2020; e) Pro-Trump car caravans and November 3, 2020. | To be provided pursuant to the Court order. | | |
| DR No. 37 | Provide all Documents concerning complaints, made at any time, alleging NYPD excessive force and use of racial epithets during policing of each protest listed in **Request No. 36.** | Defendants will provide electronically saved documents concerning complaints of excessive force during the mentioned protests from 2004 on. | Liberty burdensome and not proportional to the needs of the case | Records prior to 2012 are not in electronic format, therefore difficult to search/files are not in electronic format and paper copies are in storage in one of three places. Depending on if they were indexed clearly and retained, they may be difficult to locate. From 2012 through 2014, "outside guidelines" files are maintained, some of which are in electronic format, however, and not the entire files, are available in electronic format, but contain limited information. Moreover, the search functionality of the electronic system is limited. Complaints of excessive force are not maintained however "racial epithets" is not. Moreover, if a unclear if date of incident is a searchable category, making it difficult to limit the searches to a particular date of incident , so files that contain complaints of use of racial epithets, each complaint would have to be individually reviewed for that information. It is estimated that it would take at least 160 hours to search for all requested documents, plus an additional 150 hours to review, redact, and produce them. |
| DR No. 38 | Provide all Documents sufficient to identify all Arrests effected by Officers at each protest listed in Request No. 36, including the following information: a) the total number of Arrests; b) the total number of summonses related to these Arrests issued disaggregated by race, date the summons was issued, and the command of the issuing Officers; c) the total number of DATs issued related to these Arrests disaggregated by race, date the DAT was issued, and the command of the issuing Officers; d) the total number of arrests processed on time related to those Arrests disaggregated by race, date of arrest, and the command of the arresting Officers; e) the summons number, DAT number, and/or arrest number associated with each Arrest; f) the full name, shield number, and tax identification number of the issuing or arresting Officer; g) the identity of the person Arrested; h) location where the arrest occurred (i.e., borough and address); i) length of time of custodial detention, including date and time of stop and date and time of release; j) criminal charge(s); and k) disposition of any such charge(s). | More arrest reports to be provided, as discussed. These reports contain the requested information. | | |
| DR No. 39 | Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding who is authorized to determine when a person related to a protest or demonstration may be released with a Summons or DAT, including any relevant NYPD Patrol Guide provisions. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court ordered date. | | |
| DR No. 40 | Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding the steps involved in processing an Arrest for a Protest-Related Violation or Offense related to a protest or demonstration. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court ordered date. | | |
| DR No. 41 | Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding the steps involved in processing an Arrest for a Protest-Related Violation or Offense related to a demonstration. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court ordered date. | | |
| DR No. 42 | Provide the Academy Transcript and all training logs and other records reflecting the NYPD training each named Defendant received at the NYPD Academy and after graduating the NYPD Academy. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court ordered date. | | |
| DR No. 43 | For each and every dataset produced pursuant to these Requests or in response to any of Plaintiffs' interrogatories, provide any and all data dictionaries identifying and defining all terms and codes used in each field of the dataset. | No data dictionaries exist | | |
| DR No. 44 | Provide all documents identified or relied upon in responding to Plaintiffs' Interrogatories served in these Actions. | See all previously produced documents | | |
| In Re: New York City Policing During Summer 2020 Demonstrations 20 Civ. 8924 | | | | |
| Second Consolidated Set of Document Requests | | | | |
| DR No. 45 | Produce all the documents identified in Defendants' Initial Disclosures to the extent they have not been produced. | Responsive documents have been provided | | |
| DR No. 46 | Produce copies of all subpoenas Defendants served on any party, or any individual or entity, concerning this litigation. | No responsive documents exist | | |
| DR No. 47 | Produce all documents relevant or responsive to any subpoena served | No responsive documents exist | | |

| | A | B | C | D | E | F | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA | AB | AC | AD | AE | AF | AG | AH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 101 | | DR No. 48 | Produce any and all organizational chart(s) or other similar documents showing or explaining the organizational structure of the NYPD, including information providing identification of the leadership and the command structure of every component part or organizational unit within NYPD. | The NYPD organizational chart is avaialble on the NYPD website. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 102 | | DR No. 49 | Produce all documents concerning the City of New York's contention that, "[c]lose to 400 NYPD personnel were injured," at Protests as stated on page 1 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106). | Line-of-duty reports to be produced prior to the Court-ordered date | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 103 | | DR No. 50 | Produce all documents concerning any NYPD officer who was injured at a Protest. | Line-of-Duty reports to be produced prior to the Court-ordered date | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 104 | | DR No. 51 | Produce all HIPAA releases for all medical providers that treated any NYPD officer who was injured at a Protest, including the 4 officers whose photos are on page 5 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106). | HIPPA releases to be provided for any injured officer who agrees to provide one. | Defendants object as there is no requirement to produce HIPPA releases for non-parties. Notwithstanding, defendants are reaching out to injured NYPD officers to ascertain whether they will agree to provide HIPPA releases. | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 105 | | DR No. 52 | Produce all documents concerning the City of New York's contention that, "[p]rotestors set police cars ablaze; vandalized precinct houses; threw rocks, bricks, bottles at officers; stabbed, punched, bit officers; and hurled Molotov cocktails at officers," as stated on page 1 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106). | Aided reports, Line of Duty reports and Fleet services reports provided/to be provided | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 106 | | DR No. 53 | Produce all documents concerning any violence by participants of any Protest. | Reponsive documents provided/to be provided in email discovery, fleet services reports, Aided reports, and reports provided in Defendants' Initial Diclosures. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 107 | | DR No. 54 | Produce all documents concerning the City of New York's contention that, "The City of New York already has committed to implementing numerous changes to the NYPD, recommended in the wake of these unprecedented protests, and is also finalizing a Reform and Reinvention Plan, required by the State of New York of all localities receiving state funds," as stated on page 1 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106). | See NYPD web address previously provided | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 108 | | DR No. 55 | Produce all documents concerning the City of New York's contention that, "there is no history of unlawful policing [by the NYPD] at protests" and "there is no history of unconstitutional policing at protests by NYPD," as stated on page 2 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106). | Defendant refer plaintiffs to documents already produced, publicly available media sources, and the jury verdicts/settlements in lawsuits against the City of New York/ NYPD officers arising from Occupy Wall Street Protests, WEF Protests and Anti-War Protests. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 109 | | DR No. 56 | Produce all documents concerning the City of New York's contention that, "police seized hammers, lighter fluid, gas masks, and fireworks from protesters headed to the Mott Haven protests on June 4, 2020," as stated on page 6 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106). | As discussed, vouchers to be provided prior to the Court-ordered date | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 110 | | DR No. 57 | Produce all documents concerning the City of New York's contention that, "[i]n response to the unprecedented protests and at the Governor's directive, the City of New York is revamping policing, including policing at protests," as stated on page 6 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106). | See NYPD web address previously provided | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 111 | | DR No. 58 | Produce all drafts of any "plans for reinventing the police," as stated on page 6 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106), submitted by the Mayor, and all documents concerning those drafts. | Witholding on privlege grounds | Drafts are protected based on the deliberative process and attorney client privileges. Privilege log to be provided. | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 112 | | DR No. 59 | Produce all documents concerning the City of New York's contention that it accepted "all 30 collective recommendations from both agencies" as stated on Page 7 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106), as well as documents concerning those recommendations. | See NYPD web address previously provided | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 113 | | DR No. 60 | Produce all documents concerning the City of New York's contention that it accepted "the City has implemented (and is considering implementing) a plethora of actions, including drafting a new policy concerning First Amendment rights at protests and disorder control tactics; assessing existing training to develop new content related to protest, de-escalation, and crowd psychology," as stated on Page 7 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106), as well as documents concerning those policies and trainings. | See NYPD web address previously provided | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 114 | | DR No. 61 | Produce all documents concerning the nature and structure of each of the below-listed databases and/or information systems, including, but not limited to, documents sufficient to identify the database(s) or other location(s) in which the underlying data housed in or accessible through each NYPD front-end system are stored, and including documents concerning: the information contained in each database and system; the fields in each database and system; the manner in which changes to the database/information system are logged; how audit logs are created and stored in the database and system; documentation of what information is stored in the database and system and how it is stored; all of the ways in which the database and system can be searched and queried; how information can be exported from the database and system; and any and all documents concerning training materials used in training users of the database or system.<br>**a.** NYPD's Crime Database Warehouse (CDW) and any related database(s);<br>**b.** NYPD's Domain Awareness System (DAS) and any related database(s);<br>**c.** NYPD's Omniform System and any related database(s);<br>**d.** NYPD's Real Time Crime Center (RTCC) and any related database(s);<br>**e.** NYPD's Electronic Case Management System (ECMS) and any related database(s);<br>**f.** NYPD's Property and Evidence Tracking System (PETS) and any related database(s);<br>**g.** NYPD's Activity Log - Electronic memo book application and any related database(s);<br>**h.** NYPD's Department iPhones and iPads;<br>**i.** NYPD's Finest Online Records Management System (FORMS) and related database(s);<br>**j.** NYPD's Automated Roll Call System (ARCS) and related database(s); and<br>**k.** NYPD camera ESI storage systems and related database(s), including, but not limited to, such systems and databases related to Body Worn Cameras (BWC) footage; Technical Assistance and Response Unit (TARU) footage (including the TARU Job Tracker system); Aviation Unit footage; ARGUS closed circuit television (CCTV) systems; and NYPD facility camera footage (including Mass Arrest Processing Center (MAPC) footage). | In | | This information would take at least 15 hours each from at least 11 different people to gather and put in writing. It is not proportional to the needs of the case, as there is no claims in this lawsuit based on these databases. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 115 | | DR No. 62 | Produce all documents concerning how Body Worn Camera video is collected and stored, including all documents concerning the protocols for preserving this video, the software used to house and/or manage this video, how this video is exported from the Body Worn Camera devices, and what audit trails and metadata are available regarding the Body Worn Camera devices and the video they create. | Responses previously provided at meet and confers | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 116 | | DR No. 63 | Produce all documents concerning the applications available on, data stored on, and usage of the tablets and smartphones provided to individual members of the NYPD, including, but not limited to, training materials used in training tablet and smartphone users. | See "61" above | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 117 | | DR No. 64 | Produce all documents reflecting the deployment and use of video/photographic equipment in connection with each of the Protests that are required to be created under NYPD Patrol Guide 212-71 ("Guidelines for the Use of Video/Photographic Equipment by Operational Personnel at Demonstrations") and PG 212-72 ("Guidelines for Uniformed Members of the Service Conducting Investigations Regarding Political Activities"), including, but not limited to: the report required to be submitted to the NYPD's Legal Bureau according to ¶¶ 1-4 of PG 212-71 and all documents created as a result of or in response to it (such as Legal Bureau and Intelligence Division records reflecting compliance with the Handschu v. Special Services Division consent decree); the serially numbered log maintained by the NYPD's Technical Assistance Response Unit ("TARU") under ¶¶ 5-6 of PG 212-71 related to all TARU deployments on each date on which one of the Protests took place; TARU Job Reports from the TARU Job Tracker system, or other, similar documents, related to each use of video/photographic equipment related to one of the Protests; all records regarding requests made to obtain or review such recordings or photographs made in writing to the Deputy Commissioner, Legal Matters and whether such requests were granted; and all other documents required to be created under PG 212-71 that are in the possession of the NYPD's TARU, Legal Bureau, Chief of Department's Office, Operations Unit, and within each Bureau or Borough Command that requested the use of video or photographic equipment related to any Protest(s). | AS discussed, TARU logs to be produced prior to Court-Ordered deadlines | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 118 | | DR No. 65 | Produce all documents concerning the NYPD's use of data analytics and predictive policing as it relates to the policing of protesting, including how this technology was used to respond to the Protests. | No responsive documents exist | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 119 | | DR No. 66 | Produce all documents concerning the NYPD's Surveillance of participants of Protests online and their online activities, including all Surveillance by the NYPD's Social Media Analysis Research Team (SMART), Intelligence Division, or Counter-Terrorism Bureau. | Responsice documents provided in email discovery. Any additional documents to be provided prior to Court-ordered deadline. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 120 | | DR No. 67 | Produce all documents concerning the use of facial recognition software on any video or photographs of the Protests, including the Dataworks Plus software and any such work by the NYPD's Facial Identification Center or Intelligence Division. | No responsive documents exist | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 121 | | DR No. 68 | Produce all documents concerning any searches of cell phones obtained from participants at the Protests, including: any documents or logs that were created relating to the search; any documents identifying what happened to the data extracted from these cell phones and the location of where this data was stored; documents identifying how this data was cross-referenced with any other data in any other database. | No responsive documents exist | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 122 | | DR No. 69 | Produce all documents concerning the use of Stingray devices, or any other device that monitors cell phones, at the Protests, as well as documents concerning any information obtained using one of these devices, identifying the location of where such information is stored, and describing how it is analyzed. | No responsive documents exist | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 123 | | DR No. 70 | Produce all documents concerning the Mayor's contention that "what happened in Mott Haven . . . is something that the NYPD saw coming," including all documents concerning the Surveillance preceding the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A) and all documents concerning any decision regarding the use of force at that Protest. | Responsive documents provided in email discovery. Any additional documents to be provided prior to Court-ordered deadline. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 124 | | DR No. 71 | Produce all documents concerning the Mayor's contention that "the NYPD has acted appropriately," after video emerged showing an NYPD SUV driving into a crowd of protestors on May 30, 2020. | Responsive documents provided in email discovery. Any additional documents to be provided prior to Court-ordered deadline. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 125 | | DR No. 72 | Produce all documents concerning videos of Protests, from May 28, 2020 to June 3, 2020, that the Mayor viewed or that were shown to the Mayor on or before June 4, 2020. | Responsive documents provided in email discovery. Any additional documents to be provided prior to Court-ordered deadline. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 126 | | DR No. 73 | Produce all documents concerning videos of protests from June 4, 2020, including, but not limited to, the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A), that the Mayor viewed or that were shown to the Mayor on or after June 4, 2020. | Responsive documents provided in email discovery. Any additional documents to be provided prior to Court-ordered deadline. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 127 | | DR No. 74 | Produce all documents concerning videos of Protests on Schedule A that occurred after June 4, 2020, that the Mayor viewed or that were shown to the Mayor. | Responsive documents provided in email discovery. Any additional documents to be provided prior to Court-ordered deadline. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 128 | | DR No. 75 | Produce all documents concerning Commissioner Dermot Shea's June 5, 2020 statement that the NYPD response to the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A) was "executed nearly flawlessly," including any investigations into this statement and any discipline or recommendations of discipline that were made. | Responsive documents provided in email discovery. Any additional documents to be provided prior to Court-ordered deadline. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| | | Request | Response | | |
|---|---|---|---|---|---|
| | DR No. 76 | Produce all documents concerning potential changes to policies or practices related to protest and/or disorder policing that Defendants considered or implemented as a result of evaluations of or recommendations related to Defendants' response to the Protests, including, but not limited to, any internal NYPD evaluations or recommendations, evaluations or recommendations by Defendant de Blasio or any agency of Defendant City (such as the Office of the Inspector General, the Law Department, or the CCRB), or other evaluations, and including, but not limited to, documents concerning the work of the NYPD's Chief of Department, Operations Unit, Criminal Justice Bureau, Strategic Response Group, Disorder Control Unit, Legal Bureau, and Office of Management and Planning. | Responsive documents provided in email discovery.  Any additional documents to be provided prior to Court ordered deadline. | | |
| | DR No. 77 | Produce all documents concerning the Office of the Inspector General of the New York City Police Department ("OIG-NYPD") June 26, 2019 report entitled, "Complaints of Biased Policing in New York City: An Assessment of NYPD's Investigations, Policies, and Training," including all documents collected and reviewed in the course of investigating and then drafting the report. | Responsive documents to be provided. A privilege log will be provided for privileged documents | A number of these documents may be subject to the deliberative process and/or attorney client privilege | |
| | DR No. 78 | Produce all documents concerning the NYPD's decision to reject the three recommendations by the OIG-NYPD presented in the June 26, 2019 report, which stated (1) the "NYPD should amend its Patrol Guide policies to explicitly require NYPD officers and non-uniformed employees to report instances of biased policing upon observing or becoming aware of such conduct"; (2) the "NYPD should amend its Patrol Guide policies so that complaints alleging the use of offensive or derogatory language associated with an individual's actual or perceived protected status, such as racial slurs, are classified as biased policing if there is a discriminatory intent"; and (3) the "NYPD should amend its written investigative procedures related to biased policing so that offensive or derogatory language associated with an individual's actual or perceived protected status, such as an officer's use of racial slurs, is classified, investigated, and adjudicated as a biased policing matter." | Responsive documents to be provided. A privilege log will be provided for privileged documents | A number of these documents may be subject to the deliberative process and/or attorney client privilege | |
| | DR No. 79 | Produce all documents concerning the President of the NYPD Sergeants Benevolent Association's circulation of a racist video in August 2019, as described in paragraph 227 of the Sierra First Amended Complaint (Dkt 98), including any investigations into this action and any discipline or recommendations of discipline that were made. | Responsive documents to be provided prior to Court ordered deadline | | |
| | DR No. 80 | Produce every document that shows which officers were edited home numbers on the days on which the Protests occurred, if you are unable to conclude the answer with certainty, provide every log and other document that reflects which helmet numbers were assigned to what officers on the days of the protests. | Defendants refer plaintiffs to documents previously provided with respect to SRG officers.  For all other helmets, the number on the helmet is their shield number, unless they are of a rank that does not have a shield number, in which case they may be using a helmet that contains their previous shield number. | | |
| | DR No. 81 | Produce every document concerning Defendants' policies and practices concerning distribution of protective gear by SRG officers and SRG protective helmet numbers. | No responsive documents exist | | |
| | DR No. 82 | Produce all documents concerning the NYPD's 2021 First Amendment Policy ("Response to First Amendment Activities" available at https://www1.nyc.gov/assets/nypd/downloads/pdf/public_information/draft-1a-activities-policy.pdf), including documents concerning the NYPD's consideration of comments and other factors in developing the First Amendment Policy, and the final policy adopted. | The policy and request for comments will be produced prior to the Court ordered deadline. | Documents concerning consideration of comments and other factors is subject to the deliberative process and attorney client privileges, a privilege log will be produced | |
| | DR No. 83 | Produce documents concerning the NYPD's activities relating to any marches, protests, or demonstrations occurring on or about June 26-27, 2021, including but not limited to any such documents relating to protests organized by the Reclaim Pride Coalition. | Responsive documents to be provided prior to Court ordered deadline. | | |
| | DR No. 84 | Produce any and all documents or communications between Defendants and any borough District Attorney's Office relating to mass arrests that resulted in dispositions that include decline to prosecute. | Responsive documents for the protests on "Schedule "A"to be provided prior to Court ordered deadline | Documents concerning any prior protests are irrelevant and not proportional to the needs of the case | |
| | DR No. 85 | Produce any and all documents concerning policy or practice changes, changes in training, or FIWOT messages that were in some way a response to the judgment in Abdell v. City of New York, No. 05 Civ. 8453 (RJS) (S.A.P.) and/or Garcia v. Bloomberg, No. 15 Civ. 3758 (KBF), (Amendent in Rodriguez, Williams, Jones, et al v. City of New York, 07 Civ 03664(R.J.S), or the District Court summary judgment decision in Dinler v. City of New York 04 Civ. 7921 (S.D.S.Y.) (Dkt. No. 312 therein). | See "37" above | | |
| | DR No. 86 | Produce any and all documents concerning policy or practice changes, changes in training, or FIWOT messages that were in some way a response to the settlement of the RNC cases, including but not limited to MacNamara, et al., v. City of New York, et al. (M.V.- 6358 (RMB)(GCP)(S.D.N.Y.). | See "37" above | | |
| | DR No. 87 | Produce any and all documents concerning policy or practice changes, changes in training, or FIWOT messages that were considered or adopted in some way a response to the events and lawsuits described in ¶¶ 421-429 of the Sierra First Amended Complaint (Dkt 98). | See "37" above | | |
| | DR No. 88 | Produce all documents concerning persons at the June 4, 2020, Mott Haven Protest (Protest No. 44 on Schedule A) throwing plastic bottles containing liquids and/or Molotov cocktails (including but not limited to identifying videos depicting such acts). | Responsive documents previously provided.  Any additional response documents will be provided prior to the Court ordered date. | | |
| | DR No. 89 | Produce all documents concerning an attempt by someone at the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A) to throw a wheelbarrow onto members of the service (including but not limited to identifying videos depicting such acts). | Responsive documents previously provided.  Any additional response documents will be provided prior to the Court ordered date. | | |
| | DR No. 90 | Produce all documents concerning the alleged stabbing of an NYPD officer at the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A), including but not limited to videos depicting such an act, records concerning medical treatment for the injury, documents concerning the weapon that was used, and the identity of the perpetrator and any arrest or prosecution documents. | Responsive documents previously provided.  Any additional response documents will be provided prior to the Court ordered date. | | |
| | DR No. 91 | Produce all documents, including, but not limited to, NYPD and CCRB documents, and documents reflecting communications between the NYPD and CCRB, concerning the CCRB's "unprecedented challenges in investigating" complaints arising from the Protests, including, but not limited to, the CCRB's inability to identify "officers due to the failure of those officers to display their badges or the covering their names and shields" and "officers wearing protective equipment that did not belong to them, the lack of proper use of body worn cameras, as well as incomplete and severely delayed paperwork" (from CCRB 2020 Protest Data Snapshot – June 21, 2021). | Responsive documents will be provided prior to the Court ordered deadline | | |
| | DR No. 92 | Produce all radio transmissions concerning the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A) in complete form, i.e., not a combined set of transmissions, but the complete transmission from each source point. | ICAD's to be produced, as previously discussed | | |
| | DR No. 93 | Produce all documents concerning Arcelizir surveillance of the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A), including but not limited to orders, directives, instructions, and communications. | Flight data reports to be provided, as previously discussed | | |
| | DR No. 94 | Produce all documents concerning all NYPD investigations into the conduct of Sergeant Edward Mullins concerning his distribution of a racist video clip in August 2019, and concerning the February 2021 CCRB substantiation of three complaints against him for offensive language and abuse of authority. | Responsive documents to be provided prior to the Court ordered deadline. | | |
| | DR No. 95 | Produce all documents concerning any NYPD investigation into the display of a "white power" symbol by any NYPD officer since January 1, 2014. | Responsive documents to be provided prior to the Court ordered deadline | | |
| | DR No. 96 | Produce all documents concerning any NYPD investigation into the statements and conduct of Deputy Inspector James Kobel. | Responsive documents to be provided prior to the Court ordered deadline. | | |
| | DR No. 97 | Produce all documents concerning complaints of biased policing by NYPD officers since January 1, 2014. | See "37" above | | |
| | DR No. 98 | Produce all documents concerning oral or written statements by NYPD officers reflecting racial bias by that officer since January 1, 2014. | See "37" above | | |
| | DR No. 99 | Produce all complaints to the NYPD (whether formal or simply a report of information to the NYPD) and investigations since January 1, 2014, concerning racial statements or conduct by an NYPD officer, regardless of whether the statement or conduct took place during, or outside of, the officer's course of employment. | See "37" above | | |
| | DR No. 100 | Produce all documents created by the New York City Emergency Management (NYCEM) concerning any of the Protests, including but not limited to emails and/or claims from the NYCEM Watch Command. | Sample responsive documents have been produced, the remainder of the documents will be produced prior to the Court ordered deadline | | |
| | DR No. 101 | Produce all documents referenced in your Answers to the Complaints to the extent they have not been produced in response to other Requests. | None | Defendants object to Document Request No. 101 on the grounds that this request is vague and overbroad insofar as it does not specify the documents plaintiffs contend have not been produced | |
| In Re: New York City Policing During Summer 2020 Demonstrations, 20 Civ. 8924, 20 Civ. 10291, 20 Civ. 10541, 21 Civ. 322, 21 Civ. 533, 21 Civ. 1904 Yates/ Second Set Interrogatories and Document Requests | DR No. 1 | Produce body worn camera footage from each of the NYPD members described in Attachment A, from May 31, 2020, between 9:00 PM and 10:00 PM. | Defendants have already produced DEF_000521247 through DEF_000521264. Defendants will produce any additional BWC for the incident involving plaintiff within timeframe outlined in the incident involving plaintiff within timeframe outlined in the incident within Defendant's possession by the court ordered date. | Body worn camera footage that does not depict the incident involving the plaintiff is not relevant and will not be produced in response to Yates' requests | |
| | DR No. 2 | Produce every written note, document or statement by any of the NYPD members identified in Attachment A, regarding the night of May 31, 2020. | Defendants have previously produced responsive documents and will produce any additional responsive documents by the court ordered date or pursuant to the deposition protocol | Written notes, documents or statements that do not relate to the incident involving the plaintiff are not relevant and will not be produced in response to Yates' requests. | |
| | DR No. 3 | Provide the complete Civilian Complaint Review Board file relating to Cameron Yates' complaint of police misconduct on the night of May 31, 2020. | Defendants have already produced DEF_000521257 to DEF_000521264.  Defendants will produce any additional responsive documents for CCRB complaint no. 202005180 on or before the Court ordered date. | | |
| Yates v NYC, et al 21 Civ 1904 First DRs/ Cts. Fausto Pichardo | DR No. 1 | Every document relied on to answer the interrogatories above. | Responsive documents previously provided.  Any additional response documents will be produced prior to the Court ordered deadline | | |
| | DR No. 2 | The complete Civilian Complaint Review Board investigation relating to Plaintiff's complaint about his treatment by police on May 31, 2020 (sic). | Defendants have already produced DEF_000521257 to DEF_000521264. Defendants will produce any additional responsive documents for CCRB complaint no. 202005130 on or before the Court ordered date. | This request is unintelligible because there is no such date as May 31, 2020 | |
| Yates v NYC, et al 21 Civ 1904; 20 Civ 8924 Third Request for Documents | DR No. 1 | Provide all roll calls from the 47th Precinct from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020. | Defendants will produce any responsive documents on or before the Court ordered date. | Defendants produced Addendum dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant.  Any responsive document will be limited to 12:01 a.m. to 11:59 p.m. on May 31, 2020 | |
| | DR No. 2 | Provide the Activity Log Report for every police officer or sergeant whose name appears on the documents described in paragraph 1 for the time and dates described in paragraph 1. | Defendants will produce any responsive documents on or before the Court ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant.  Any responsive document will be limited to 12:01 a.m. to 11:59 p.m. on May 31, 2020 | |
| | DR No. 3 | Provide all photos in your possession of every police officer or sergeant whose name appears in the documents described in paragraph 1. | Defendants will produce any responsive documents on or before the Court ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant.  Any responsive document will be limited to 12:01 a.m. to 11:59 p.m. on May 31, 2020 | Locating and producing "all photos" of the officers or sergeants in Defendants' possession is unduly burdensome.  Defendants will produce photographs sufficient to identify police officers and sergeants whose name appears on the roll calls from 12:01 a.m. to 11:59 p.m. on May 31, 2020 |

9

| | DR No. | | | | |
|---|---|---|---|---|---|
| | DR No. 4 | Provide the 81th Precinct Command Log for the time and dates described in paragraph 1. | Defendants will produce any responsive documents on or before the Court ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant. Any responsive documents will be limited to 12:01 a.m. to 11:59 p.m. on May 30, 2020. | |

**Yates v NYC, et al**
21 Cv 1904
20 Cv 8924
Fourth Request for Documents

| | DR No. 1 | Provide all documents and video completed by or relating to NYPD Sergeant William Mansour, tax or shield # 953046, from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020. This includes: a. Daily Activity activity logs; b. Memo Book Entries; c. Arrest Reports, Complaint Reports, and Online Booking Sheets; d. The Sergeant's Command Log from the 83rd Precinct; e. Roll Calls from the 83rd Precinct; f. Body Cam footage from Sergeant Mansour and any other officers from the 83rd Precinct that were assigned to any protest-related activity; g. Overtime Slips or other documentation for Sergeant Mansour; h. Line of Duty Injury Reports from or relating to Sergeant Mansour; i. Any equipment related documents including for laser operability. | Defendants will produce any responsive documents on or before the Court ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant. Any responsive documents will be limited to 12:01 a.m. to 11:59 p.m. on May 30, 2020. | |

**Yates v NYC, et al**
21 Cv 1904, 20 Cv 8924
Fifth Request for Documents

| | DR No. 1 | Please provide the Daily Activity Log for May 30, 2020 through June 1, 2022 for the following police officers: a. Matthew Cento (Tax # 964329); b. Savanna Domenick (Shield #3910) c. Cecilia Wilson (Tax # 958105) | Defendants will produce any responsive documents on or before the Court ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant. Any responsive documents will be limited to 12:01 a.m. to 11:59 p.m. on May 30, 2020. | |
| | DR No. 2 | Please provide any body worn camera footage taken by the above referenced officers on the above referenced dates. | Defendants will produce any responsive documents on or before the Court ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant. Any responsive documents will be limited to 12:01 a.m. to 11:59 p.m. on May 30, 2020. | |
| | DR No. 3 | Please produce any portions of the file relating to CCRB case number 202005130, that has not been previously provided. | Defendants have already produced DEF_DEP_01700 to DEF_DEP_01725 pursuant to the deposition protocol. Defendants will produce any additional responsive documents on or before the Court ordered date. | | |
| | DR No. 4 | Please produce all documents produced by or to plaintiffs in the United States Eastern District of New York Civil Action entitled Jeffrey Perman et al v. City of New York et al, Docket 14-CV-3748, include in those documents all deposition transcripts. | Defendants will produce any responsive documents on or before the Court ordered date. | Defendants object to the extent that any responsive documents are saved by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, et seq. and an applicable 160.50 release has not been provided to defendants for the relevant litigation. Defendants further object to the extent that responsive documents are protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA") or by the law enforcement privilege, deliberative process privilege, and/or any other applicable privilege. Defendants further object to the extent that any responsive documents are subject to a confidentiality order. | Locating and producing "all documents" produced by or to plaintiffs in a lawsuit filed eight years ago is unduly burdensome. Defendants will produce documents produced by the parties in their initial disclosures and the deposition transcript of Sergeant Mansour in relation to this case. |

**Payne v NYC, et al**
20 Cv 8924
Third Supplemental Set of Document Requests

| | DR No. 1 | For every Officer identified in response to Interrogatory No. 18, produce the following: a.NYPD training transcripts; b.Body-worn camera footage from 6/3/20-6/4/20; c.TRI reports related to the Officer from 6/3/20-6/4/20; d.Activity log from 6/3/20-6/4/20; e.List of Schedule A protests the Officers attended; f.Activity logs from each of the Schedule A protests the Officers attended; g.Body-worn camera footage from each of the Schedule A protests the Officers attended; h.Arrest/DAR reports the Officers created during the relevant time period; i.Summonses the Officers created during the relevant time period; j.LMS the Officers created during the relevant time period; k.AIDED reports related to the Officers during the relevant time period; l.TRI reports related to the Officers during the relevant time period; m.Any notes memorialized in the Officers' department issued cell phones; n.Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and o.Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | |
| | DR No. 2 | For every Officer identified in response to Interrogatory No. 19, produce the following: a.NYPD training transcripts; b.Body-worn camera footage from 6/4/2020; c.TRI reports related to the Officer from 6/4/2020; d.Activity logs from 6/4/20; e.List of Schedule A protests the Officers attended; f.Activity logs from each of the Schedule A protests the Officers attended; g.Body-worn camera footage from each of the Schedule A protests the Officers attended; h.Arrest/DAR reports the Officers created during the relevant time period; i.Summonses the Officers created during the relevant time period; j.LMS the Officers created during the relevant time period; k.AIDED reports related to the Officers during the relevant time period; l.TRI reports related to the Officers during the relevant time period; m.Any notes memorialized in the Officers' department issued cell phones; n.Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and o.Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | |
| | DR No. 3 | For every Officer identified in response to Interrogatory No. 20, produce the following: a.NYPD training transcripts; b.Body-worn camera footage from 5/31/20; c.TRI reports related to the Officer from 5/31/20; d.Activity log from 5/31/20; e.List of Schedule A protests the Officers attended; f.Activity logs from each of the Schedule A protests the Officers attended; g.Body-worn camera footage from each of the Schedule A protests the Officers attended; h.Arrest/DAR reports the Officer created during the relevant time period; i.Summonses the Officer created during the relevant time period; j.LMS the Officer created during the relevant time period; k.AIDED reports related to the Officer during the relevant time period; l.TRI reports related to the Officer during the relevant time period; m.Any notes memorialized in the Officers' department issued cell phones; n.Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and o.Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | |
| | DR No. 4 | For Sergeant Thomas E. Wenning (Tax ID 900644), produce the following: a.NYPD training transcripts; b.Body-worn camera footage from 6/28/2020; c.TRI reports related to the Officer from 6/28/20; d.Activity log from 6/28/20; e.List of Schedule A protests the Officer attended; f.Activity logs from each of the Schedule A protests the Officer attended; g.Body-worn camera footage from each of the Schedule A protests the Officer attended; h.Arrest/DAR reports the Officer created during the relevant time period; i.Summonses the Officer created during the relevant time period; j.LMS the Officer created during the relevant time period; k.AIDED reports related to the Officer during the relevant time period; l.TRI reports related to the Officer during the relevant time period; m.Any notes memorialized in the Officers' department issued cell phones; n.Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and o.Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | |
| | DR No. 5 | For Police Officer Maxime Archange (68th Precinct, Shield #01412, Tax ID 960240) and Police Officer Stephanie Chen (68th Precinct, Shield #12945, Tax ID 962887), produce the following: a.NYPD training transcripts; b.Body-worn camera footage from 6/3/20-6/4/20; c.TRI reports related to the Officers from 6/3/20-6/4/20; d.Activity logs from 6/3/20-6/4/20; e.List of Schedule A protests the Officers attended; f.Activity logs from each of the Schedule A protests the Officers attended; g.Body-worn camera footage from each of the Schedule A protests the Officers attended; h.Arrest/DAR reports the Officers created during the relevant time period; i.Summonses the Officers created during the relevant time period; j.LMS the Officers created during the relevant time period; k.AIDED reports related to the Officers during the relevant time period; l.TRI reports related to the Officers during the relevant time period; m.Any notes memorialized in the Officers' department issued cell phones; n.Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and o.Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Defendants will produce any additional responsive documents if it. Maxime Archange's body-worn camera footage from 6/3/20-6/4/20 by the court ordered date pursuant to the deposition protocol. | | |

| | A | B | C | D | E | F | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA | AB | AC | AD | AE | AF | AG | AH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 180 | | DR No. 6 | For Lieutenant Douglas Kautter (Tax ID 935093), produce the following:<br>a. NYPD training transcripts;<br>b. Body-worn camera footage from 6/2/2020;<br>c. TRI reports related to the Officer from 6/2/20;<br>d. Activity log from 6/2/20;<br>e. List of Schedule A protests the Officer attended;<br>f. Activity logs from each of the Schedule A protests the Officer attended;<br>g. Body-worn camara footage from each of the Schedule A protests the Officer attended;<br>h. Arrest/OLBS reports the Officer created during the relevant time period;<br>i. Summonses the Officer created during the relevant time period;<br>j. DATs the Officer created during the relevant time period;<br>k. AIDED reports related to the Officer during the relevant time period;<br>l. TRI reports related to the Officer during the relevant time period;<br>m. Any notes memorialized in the Officers' department-issued cell phones;<br>n. Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>o. Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 181 | | DR No. 7 | For Lieutenant Mark Kosta (Tax ID 949180), Police Officer Yahaira Perez-Guitierrez (Tax ID 967647), and Police Officer Zakie Karimzada (Tax ID 960745), produce the following:<br>a. NYPD training transcripts;<br>b. Body-worn camera footage from 5/30/20-5/31/20;<br>c. TRI reports related to the Officers from 5/30/20-5/31/20;<br>d. Activity log from 5/30/20-5/31/20;<br>e. List of Schedule A protests the Officers attended;<br>f. Activity logs from each of the Schedule A protests the Officers attended;<br>g. Body-worn camara footage from each of the Schedule A protests the Officers attended;<br>h. Arrest/OLBS reports the Officers created during the relevant time period;<br>i. Summonses the Officers created during the relevant time period;<br>j. DATs the Officers created during the relevant time period;<br>k. AIDED reports related to the Officers during the relevant time period;<br>l. TRI reports related to the Officers during the relevant time period;<br>m. Any notes memorialized in the Officers' department-issued cell phones;<br>n. Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>o. Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Defendants will produce any additional responsive documents (Body-worn camera footage from P.O. Zakie Karimzada from 5/30/20-5/31/20) by the court ordered date pursuant to the deposition protocoal. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 182 | | DR No. 8 | For the Police Officer in possession of the body-worn camera associated with Axon Body 2 X81418494 on May 31, 2020, attached as Exhibit F, produce documents sufficient to identify the following:<br>a. Name;<br>b. Tax ID;<br>c. NYPD training transcripts;<br>d. Body-worn camera footage from 5/30/20-5/31/20;<br>e. TRI reports related to the Officers from 5/30/20-5/31/20;<br>f. Activity log from 5/30/20-5/31/20;<br>g. List of Schedule A protests the Officers attended;<br>h. Activity logs from each of the Schedule A protests the Officers attended;<br>i. Body-worn camara footage from each of the Schedule A protests the Officers attended;<br>j. Arrest/OLBS reports the Officers created during the relevant time period;<br>k. Summonses the Officers created during the relevant time period;<br>l. DATs the Officers created during the relevant time period;<br>m. AIDED reports related to the Officers during the relevant time period;<br>n. TRI reports related to the Officers during the relevant time period;<br>o. Any notes memorialized in the Officers' department-issued cell phones;<br>p. Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>q. Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Defendants will produce any additional responsive documents (Jeffrey Heilig's body-worn camera footoage from 5/31/20) by the court ordered date pursuant to the deposition protocol. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 183 | | DR No. 9 | For the police officer in possession of the body-worn camera associated with Axon Body 2 X81365488 on May 31, 2020, attached as Exhibit F, produce the following information:<br>a. Name;<br>b. Tax ID;<br>c. NYPD training transcripts;<br>d. Body-worn camera footage from 5/30/20-5/31/20;<br>e. TRI reports related to the Officers from 5/30/20-5/31/20;<br>f. Activity log from 5/30/20-5/31 /20;<br>g. List of Schedule A protests the Officers attended;<br>h. Activity logs from each of the Schedule A protests the Officers attended;<br>i. Body-worn camara footage from each of the Schedule A protests the Officers attended;<br>j. Arrest/OLBS reports the Officers created during the relevant time period;<br>k. Summonses the Officers created during the relevant time period;<br>l. DATs the Officers created during the relevant time period;<br>m. AIDED reports related to the Officers during the relevant time period;<br>n. TRI reports related to the Officers during the relevant time period;<br>o. Any notes memorialized in the Officers' department-issued cell phones;<br>p. Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>q. Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Defendants will produce any additional responsive documents (body-worn camera footage from Joel Ayala for 5/31/20) by the court ordered date pursuant to the deposition protocol. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 184 | | DR No. 10 | Produce the complete and up-to-date Civilian Complaint Review Board investigation filed by Plaintiffs Andie Mali and Camila Gini, identified as CCRB complaint No. 202005197, including but not limited to investigator interview summaries or reports, recordings of officer interviews, and all other related documents. | CCRB Case File #202005197 has closed, and will be produced upon receipt and review. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 185 | | DR No. 11 | Produce the complete and up-to-date Internal Affairs Bureau investigation relating to the incident involving Plaintiffs Andie Mali and Camila Gini, identified by IAB Number C21-875, including but not limited to investigator interview summaries or reports, recordings of officer interviews, and all other related documents. | Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | Defendants object to the extent that it may seek documents relating to an open case and thus subject to protection under the deliberative process privilege, that "IAB number C21-875 is vague and ambiguous insofar as it lacks officers' tax numbers. | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 186 | | DR No. 12 | Produce all body-worn camera footage for all Ninth Precinct police officers at the Union Square protest on May 31, 2020, from 9 pm until 11 pm at or near the vicinity of Broadway and 12th Street or Fourth Avenue and 12th Street. | Documents previously produced. Additional documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | Producing all the requested documents is unduly burdensome. | It would constitute an unduly heavy burden to seek, review, and produce "all" body-worn camera footage, which likely includes irrelevant footage. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 187 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 188 | Payne v. NYC, et al.<br>20 CV 8924<br>First Set of Document Requests | DR No. 1 | Provide all Documents or other media concerning Plaintiffs' arrest at the Protests and any subsequent detention, including, but limited to, memo book entries, activity logs, all scratch and other NYPD arrest and summons processing paperwork, Online Booking System ("OLBS") worksheets, mass arrest pedigree labels, property vouchers, desk appearance tickets, summonses, Threat, Resistance, Injury ("TRI") reports and related documents, Unusual Incident or Occurrence reports, medical treatment of prisoner forms, video footage including body worn camera footage and associated audit trails and activity logs, photographs, supervisory assessment reports, detail and post-event memoranda, and detail rosters in the possession, custody, or control of the NYPD. | Defendants' Initial Disclosures. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 189 | | DR No. 2 | Provide all Documents concerning the prosecution of Plaintiffs, including but not limited to, criminal complaints, criminal court records, records from the New York State Division of Criminal Justice Services arising from the arrests of Plaintiffs, documents related to any decisions to decline to prosecute, and communications between the NYPD and any prosecuting agency. | Responsive documents provided with Defendants' Initial Disclosures. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| | A | B | C | D | E | F | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA | AB | AC | AD | AE | AF | AG | AH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 190 | | DR No. 3 | Provide all Documents concerning CCRB, IAB or other investigations into reported misconduct involving any of the Plaintiffs and Defendants arising from the Protests, including but not limited to, complaint notification letters, subject notification letters, case acknowledgement forms, log entries, investigator review reports, recorded audio and/or video footage reviewed, records and/or transcripts of interviews with members of service and nonmembers of service, memoranda, case closing worksheets, investigator closing reports, recommendations, case analysis, and findings. | Responsive documents previously provided. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 191 | | DR No. 4 | Provide all Documents concerning the Notices of Claim filed by Plaintiffs against the City of New York, the NYPD and other identified and unidentified NYPD officers and personnel arising from the Protests. | | Planitffs are in possesion of thier own Notices of Claim. Notices of Claim for non-parties are not relevant. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 192 | | DR No. 5 | Provide all Documents concerning the assignments and tours of Defendants and any other NYPD Personnel present or involved with the Protests, including but not limited to all log sheets, activity log forms, log books, memo book entries, detail memoranda, post event memoranda or reports, duty rosters, roll calls, assignment sheets, and descriptions of vehicles used by them on the dates of the Protests. | Responsive documents previously provided.Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | Producing all the requested documents is unduly burdensome. | It is unduly burdensome for defendants to search for, obtain, and produce "all" the requested documents for an unknown number of individuals. Potentially thousands of officers responded to the 83 incdents at issue, and the only way to find out if an officer was there is to actually speak to each and every member of the NYPD. | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 193 | | DR No. 6 | Provide all Documents and personnel related records in the possession of the NYPD or the City of New York concerning Defendants including but not limited to.<br>a. Central Personnel Index file records or similarly defined records;<br>b. Personnel files maintained by NYPD of Department of Citywide Administrative Services ("DCAS");<br>c. CCRB member of service allegation history and investigator closing reports on all investigations of such allegations;<br>d. Records from the Internal Affairs Bureau, Inspectional Services Division, Department Advocates Office, or Office of the Chief of the Department;<br>e. Performance profiles or similarly defined records;<br>f. Psychological Services Unit ("PSU") records or other similarly defined records;<br>g. Early warning or intervention records or similarly defined records;<br>h. Supervisor complaint reports or command discipline election reports;<br>i. Any and all letters requesting sealing of disciplinary records or charges;<br>j. Any and all documents related to performance monitoring;<br>k. To the extent not covered in paragraphs a through h above, all Documents relating to any civilian or departmental generated complaints of police misconduct dereliction of duty or violation of the New York State penal laws or regulations of the NYPD, including but not limited to, false statements, excessive use of force, physical brutality, verbal abuse, and/or violence. | Responsive documents previously provided. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 194 | | DR No. 7 | Provide all Documents referred to, described, consulted, referenced, identified, or relied on in responding to Plaintiffs' First Set of Interrogatories: | Responsive documents previously provided. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 195 | | DR No. 8 | Provide all Documents identified or referenced in Defendants' Initial Disclosures pursuant to Rule 26(a)(1). | Previously provided. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 196 | | DR No. 9 | Provide all Documents sufficient to identify the officers described in the First Amended Complaint at paragraphs 109-203 as NYPD Officers John Doe 1-26, NYPD Officer Jane Doe 1, Officer Doe Esposito, and Sergeant Doe Caraballo. | John and Jane Does have been identified, to the extent possible | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 197 | | DR No. 10 | All records concerning medical and psychological treatment records for each and any of the Plaintiffs. | Provided to the extent they are in possession of the defendants | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 198 | | DR No. 11 | Provide all documents concerning the denials of allegations or affirmative defenses Defendants have asserted or intend to assert in this lawsuit. | | This request seeks documents protected from disclosure by attorney-client privilege and by the attorney work product privilege because it implicates counsel's selection and compilation of documents. Defendants will not interpose any further response to this request. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 199 | | DR No. 12 | Provide all documents not previously requested herein in the possession of Defendants or any of their agents that contain facts or information material to any issue pertaining to the Plaintiffs First Amended Complaint. | See all documents previously produced | Overbroad | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 200 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| Payne v. NYC, et al. 20-CV-8924 Second Supplemental Set of Document Requests | DR No. 1 | For each Officer identified in response to Interrogatory Nos. 16 and 17, produce the following: a.NYPD training transcripts; b.Body-worn camera footage from 6/4/20; c.TRI reports related to the Officer from 6/4/20; d.Activity log from 6/4/20; e.List of Schedule A protests the Officer attended; f.Activity logs from each of the Schedule A protests the Officer attended; g.Body-worn camera footage from each of the Schedule A protests the Officer attended; h.Arrest/OIAS reports the Officer created during the relevant time period; i.Summonses the Officer created during the relevant time period; j.UOFs the Officer created during the relevant time period; k.AIDED reports related to the Officer during the relevant time period; and l.TRI reports related to the Officer during the relevant time period. | Responsive documents will be provided to the extent that any privileged documents are withheld. | This request seeks documents created by or related to the Officer "during the relevant time period," from May 28, 2020-January 18, 2021 that are beyond the scope of this lawsuit, and therefore are not proportional to the needs of the case. Moreover, producing documents concerning the Officer's activities related to the Schedule A protests that the Officer attended. Producing all the requested documents is unduly burdensome. | The burden and expense of searching for "every" document created by or related to the Officer "during the relevant time period" from May 28, 2020-January 18, 2021) for numerous categories of documents outweighs any potential benefit to plaintiffs. |
| Gray v. NYC, et al. 20-CV-8924, 21-CV-6610 First Request for Production of Documents | DR No. 1 | All documents concerning all policies, procedures, directives, and training materials relating to Officers' treatment of and response to any member of the press or other individuals photographing, taking video of, or otherwise recording police activity, including but not limited to policies concerning: •Identifying members of the press; •Identifying visual journalists; •Officers' treatment of visual journalists; •Officers' treatment of individuals who identify themselves as journalists, members of the media, members of the press, or anything equivalent thereto; •Officers' treatment of individuals who carry NYPD-issued press credentials; •Officers' treatment of individuals who carry press credentials not issued by the NYPD; •Any curfew orders issued by Mayor Bill de Blasio and/or Governor Andrew Cuomo between June 1, 2020 and June 8, 2020, including but not limited to the categories of individuals exempt from such curfews and all individuals exempt or potentially exempt from such curfews. | Responsive documents will be provided prior to the Court-ordered deadline | | |
| | DR No. 2 | All documents concerning the retaliation of any monitor, external compliance officer, or independent inspector to review, investigate and/or oversee NYPD practices and/or policies relating to any of the subjects identified in Request No. 1. | Responsive documents will be provided prior to the Court-ordered deadline | A monitor was appointed by the Court in Floyd, et al. v. City of New York, 08-CV-1034, and the respective documents are publicly available on the docket sheet. The Office of the Inspector General for the NYPD (OIG-NYPD), is independent agency charged with investigating "NYPD practices and/or policies" pursuant to Local Law 70. Additional information about the independent inspector is publicly available at https://www1.nyc.gov/site/doi/offices/oignypd.page. Further, the "identification" as well as "the terms governing the appointment, responsibilities, and authority" of any "monitor, external compliance officer, or independent inspector being appointed to review, investigate and/or oversee NYPD practices and/or policies," unrelated to the subject matter of these litigations, and without a time frame or the basis of the relevance of this request to these litigations, is not proportional. In addition, the burden of identifying each such "monitor, external compliance officer, or independent inspector" then spending hours/days to locate the requested documents, most of which is likely not in electronic form, is unduly burdensome. |
| | DR No. 3 | All documents concerning any drafting, revision, critique, evaluation, or review of any policies, procedures, directives, or training materials described in Request No. 1. | Responsive documents will be provided prior to the Court-ordered deadline | | |
| | DR No. 4 | For any and all training materials, presentations, or other similar materials responsive to Request No. 1, documents sufficient to identify the date-trainings were held, all persons who attended, any statistical reports of the name of members of the service that attended, and any certifications issued to such attendees, as well as any evaluations of such training materials, presentations, or other similar materials completed by such attendees. | Responsive documents will be provided prior to the Court-ordered deadline | | |
| | DR No. 5 | All documents concerning Officers receiving discipline for misconduct relating to their violation of any policies, procedures, directives, or training materials described in Request No. 1. | Responsive documents will be provided prior to the Court-ordered deadline | | |
| | DR No. 6 | All documents concerning any of the Plaintiffs in the Photographers' Lawsuit, including but not limited to records concerning the incidents described in paragraphs 49-94 of the Complaint. | BWC for the incidents can be found at DEF_00012498 - DEF_00012704 (Alley February incident); DEF_00032100 - DEF_00032307 (Alley May incident); DEF_00032341 - DEF_00032516 (Gray Ebbecke incident); DEF_00032367 - DEF_00032744; DEF_00011415; DEF_0003850; DEF_00032517 - DEF_00032911(Gray); DEF_00032741; DEF_00032513; DEF_00032399; DEF_00012642; Adam Gray CORE DEF_00031907 - DEF_00031972; DEF_00031975; DEF_00032140 - DEF_00032197 (Alley February incident); DEF_00032198 - DEF_00032911 (Alley May incident); DEF_00011982; DEF_00032180; DEF_00032580; DEF_00032597; DEF_00032885 - DEF_00020680; Adam Gray, CORE/Ann Alley additional CCRR Documents DEF_00263539 - DEF_00263100; DEF_00272147 - DEF_00272915; DEF_00272975 - DEF_00203004; Ann Alley's IAB file DEF_00272636 - DEF_00202934; DEF_00203656; DEF_00202855 | |
| | DR No. 7 | All documents concerning the arrest of any member of the press engaged in newsgathering. | Responsive documents will be provided prior to the Court-ordered deadline | | |
| | DR No. 8 | All documents concerning the use of force by an Officer against any member of the press engaged in newsgathering. | Responsive documents will be provided prior to the Court-ordered deadline | | |
| | DR No. 9 | All documents concerning the confiscation or seizure of any NYPD-issued press credential or other press credential from any member of the press. | Responsive documents will be provided prior to the Court-ordered deadline | | |
| | DR No. 10 | All documents concerning Officers receiving discipline for misconduct relating to the arrest of or use of force against a member of the press, or who have been recommended to receive discipline for such misconduct, including but not limited to documents issued by the NYPD, CCRB, Office of the Inspector General, CCPC, or any other agency or entity, of the City of New York. | Responsive documents will be provided prior to the Court-ordered deadline | | |
| | DR No. 11 | All documents concerning the arrest of any person engaged in photographing or video recording any Officer. | Responsive documents will be provided prior to the Court-ordered deadline | | |
| | DR No. 12 | All documents concerning the use of force by an Officer against any person engaged in photographing or video recording any Officer. | Responsive documents will be provided prior to the Court-ordered deadline | | |
| | DR No. 13 | All documents concerning Officers receiving discipline for misconduct relating to the arrest of or use of force against any person engaged in photographing or video recording any Officer, or who have been recommended to receive discipline for such misconduct, including but not limited to documents issued by the NYPD, CCRB, Office of the Inspector General, CCPC, or any other agency or entity of the City of New York. | Responsive documents will be provided prior to the Court-ordered deadline | | |
| | DR No. 14 | To the extent not encompassed by the above, all documents concerning any person or incident described in Paragraphs 49-101 of the Complaint, including but not limited to documents reflecting the NYPD's investigation of and response to these incidents and any policy changes implemented as a result thereof. | Responsive documents will be provided prior to the Court-ordered deadline | | |
| | DR No. 15 | To the extent not encompassed by the above, all documents concerning Officers receiving discipline for misconduct relating to events involving any person named in Paragraphs 98-101 of the Complaint, or who have been considered for receipt of discipline for such misconduct. | Responsive documents will be provided prior to the Court-ordered deadline | | |
| | DR No. 16 | All NYPD directives, departmental messages, or other general communications with Officers relating to the curfew orders issued by Mayor Bill de Blasio and/or Governor Andrew Cuomo between June 1, 2020 and June 8, 2020, including exemptions thereto. | Responsive documents can be found in the following Bates Nos.: DEF_0_00000925, DEF-E_00000926,DEF-E_00002042, DEF-E_00004136, DEF-E_00002043, DEF-E_00004140, DEF-E_00002057, DEF-E_00004137, DEF-E_00004139, DEF-E_00003318, DEF-E_00002049-05.DEF-E_00004143-43, DEF-E_00004145-44, DEF-E_00002044, DEF-E_00002048, DEF-E_00002050, DEF-E_00002051, DEF-E_00059569-62, DEF-E_00002048, DEF-E_00002049, DEF-E_00002914, DEF-E_00000632, DEF-E_000002040 | |

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

DR No. 17 — All personnel-related records in the possession of the NYPD or the City of New York for each Officer identified as a Defendant in the Photographers' Lawsuit, including but not limited to: a. Records reflecting the Officer's histories as to CCRB and IAB investigations, as well as underlying records; b. The Academy Transcript and all training logs and other records reflecting the NYPD training each Officer received at the NYPD Academy and after graduating the NYPD Academy; c. Central Personnel Index ("CPI") for records on similarly defined records; d. Any and all records concerning internal NYPD disciplinary action, letters in the personnel file, command discipline, charges and specifications, transfers, and/or warnings and admonishments; e. Performance profiles, or similarly defined records; f. Psychological Service Unit ("PSU") records or similarly defined records; g. Risk Assessment Information Liability System ("RAILS") records; h. Early warning or intervention records or similarly defined records; i. Supervisor complaint reports or command discipline election reports; j. Any and all letters regarding sustained disciplinary records or charges; k. Any and all documents related to performance monitoring; l. Signix profiles and/or similar resume providing information regarding all internal NYPD and CCRB complaints, investigations, and dispositions, and any other Command/Commissioner's case analysis; m. Records from the Internal Affairs Bureau, Inspectional Services Division, Office of the Chief of the Department, or Department Advocate Office; n. The caption, complaint, and records reflecting the disposition of any and all lawsuits against each such Officer; o. To the extent not covered in the preceding sub-paragraphs, all documents relating to any civic or departmental-generated complaints of police misconduct, dereliction of duty or violation of the New York State penal laws or regulations of the NYPD, including but not limited, physical brutality, verbal abuse, and violence or abuse.

Training records for the named defendants have been provided: DEF_032579 - DEF_032901

Records prior to 2012 are not in electronic format, therefore difficult to search files are not in electronic format and paper copies are in storage in one of three places. Depending on if they were indexed clearly and properly, they may be difficult to locate. From 2012 through 2016, "outside guidelines" files are paper only, some are in storage, and the same issues as above apply. Logs however, and not the entire files, are available in electronic format, but contain limited information. It is possible that it would take at least 200 hours to search for all requested documents, plus an additional 150 hours to review, redact, and produce them.

DR No. 18 — The Academy Transcript and all training logs and other records reflecting the NYPD training each named Defendant received at the NYPD Academy and after graduating the NYPD Academy.

Training records for the named defendants have been provided: DEF_032579 - DEF_032901

DR No. 19 — A full copy of the current NYPD Patrol Guide disseminated to Officers, plus copies of each and every version of the NYPD Patrol Guide disseminated to Officers between 1999 and the present, with sufficient information to identify the changes and additions between each version.

The agreed upon sections: PG 212-49, PG 208-5, PG 203-29, Administrative Guide Procedure 304-21, will be provided prior to the Court ordered deadline.

DR No. 20 — All documents identified or relied upon in responding to any Interrogatories Plaintiffs serve in the Photographers' Lawsuit.

No interrogatories have been served in this case.

DR No. 21 — Documents sufficient to identify any instance of a monitor, external compliance officer, or independent inspector being appointed to review, investigate and/or oversee NYPD practices and/or policies by virtue of a court order or other resolution of a legal proceeding, as well as the terms governing the appointment, responsibilities, and authority of any such monitor, external compliance officer or independent inspector.

Documents will not be provided.

A monitor was appointed by the Court in Floyd, et al. v. City of New York, 08-CV-1034, and the respective documents are publicly available on the docket sheet. The Office of the Inspector General for the NYPD (OIG-NYPD) is an independent agency charged with investigating "NYPD practices and/or policies" pursuant to Local Law 70. Additional information about this independent inspector is publicly available at https://www1.nyc.gov/site/doi/offices/oig-nypd.page

Further, the "identification" as well as "the terms governing the appointment, responsibilities, and authority" of any "monitor, external compliance officer, or independent inspector being appointed to review, investigate and/or oversee NYPD practices and/or policies," unrelated to the subject matter of these litigations, and without a time frame or the basis of the relevance of this request to these litigations, is not proportional. In addition, the burden of identifying each such "monitor, external compliance officer, or independent inspector," then spending hours/days to locate the requested documents, most of which is likely not in electronic form, is unduly burdensome.

DR No. 22 — All documents concerning the October 17, 2011 letter to the Deputy Commissioner of Public Information ("DCPI") attached hereto as Exhibit A, including, but not limited to: records of the incidents referenced in that letter; communications relating to that letter; communications or draft responses to the letter; communications, notes, attendance lists, or other records concerning any investigation or review of the incidents referenced in that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any policy or practice that was changed or for which changes were considered in response to that letter or the incidents described in the letter.

Responsive documents will be provided prior to the Court ordered deadline

DR No. 23 — All documents concerning the November 21, 2011 letter to DCPI attached hereto as Exhibit B, including, but not limited to: records of the incidents referenced in that letter; records concerning any investigation or review of the incidents referenced in that letter; communications relating to that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any policy or practice that was changed or for which changes were considered in response to that letter or the incidents described in the letter.

Responsive documents will be provided prior to the Court ordered deadline

DR No. 24 — All documents concerning the November 21, 2011 letter to Mayor Michael R. Bloomberg and Commissioner Raymond Kelly attached hereto as Exhibit C, including, but not limited to: records of the incidents referenced in that letter; records concerning any investigation or review of the incidents referenced in that letter; communications relating to that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any policy or practice that was changed or for which changes were considered in response to that letter or the incidents described in the letter.

Responsive documents will be provided prior to the Court ordered deadline

DR No. 25 — All documents concerning the August 6, 2012 letter to DCPI attached hereto as Exhibit D, including, but not limited to: records of the incidents referenced in that letter; records concerning any investigation or review of the incidents referenced in that letter; communications relating to that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any policy or practice that was changed or for which changes were considered in response to that letter or the incidents described in the letter.

Responsive documents will be provided prior to the Court ordered deadline

DR No. 26 — All documents concerning the October 9, 2014 letter to Commissioner William Bratton attached hereto as Exhibit E, including, but not limited to: records of the incidents referenced in that letter; records concerning any investigation or review of the incidents referenced in that letter; communications relating to that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any policy or practice that was changed or for which changes were considered in response to that letter or the incidents described in the letter.

Responsive documents will be provided prior to the Court ordered deadline

DR No. 27 — All correspondence with any of the signatories to the letters attached hereto as Exhibits A - E concerning interactions between the NYPD and members of the press, including but not limited to any complaints or reports of incidents made to DCPI or the DCPI office.

Responsive documents will be provided prior to the Court ordered deadline

DR No. 28/29 — All documents concerning the June 5, 2020 letter to Mayor Bill de Blasio, Commissioner Dermot F. Shea, and others attached hereto as Exhibit F, including, but not limited to (and to the extent not encompassed by the above requests): records of the incident referenced in that letter; records concerning any investigation or review of the incident referenced in that letter; communications relating to that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any investigation or review of the incident referenced in that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any policy or practice that was changed or for which changes were considered in response to that letter or the incident described in the letter.

Responsive documents will be provided prior to the Court ordered deadline

DR No. 30 — All documents concerning the September 9, 2014 remarks to the New York City Counsel Committee on Public Safety attached hereto as Exhibit G, including, but not limited to: records of the incidents referenced in those remarks; records concerning any investigation or review of the incidents referenced in those remarks; communications relating to those remarks; responses or draft responses to those remarks; communications, notes, attendance lists, or other records concerning any investigation or review of the incidents referenced in those remarks; responses or draft responses to those remarks; communications, notes, attendance lists, or other records concerning any policy change relating thereto; and documents concerning any policy or practice that was changed or for which changes were considered in response to those remarks or the incidents described in those remarks.

Unable to search for documents without any names or dates provided for the referenced incidents. Occupy Wall Street documents are being reviewed for production.

The production of documents relating to the incidents in Exhibit G is unduly burdensome. Without information regarding names of individuals or dates in Exhibit G, defendants have no way of identifying or determining if relevant documents exist.

DR No. 30 (Plaintiffs' Request for Production contains two requests labeled "Request for Production No. 30.") — Documents concerning the incidents described in Appendix B to the Supersizing Primed Report, attached hereto as Exhibit H, including but not limited to documents created during any review or investigation of those incidents, as well as all training and documents concerning any policy or practice that was changed or for which changes were considered in response to those incidents.

Responsive documents will be provided prior to the Court ordered deadline

DR No. 31 — All CCRB files relating to any complaint received by the CCRB related to the 2020 Black Lives Matter protests as cited in the CCRB's "CCRB 2020 PROTEST DATA SNAPSHOT – OCTOBER 28, 2020," attached hereto as Exhibit I, where such complaint concerns interactions between an Officer and a member of the press or any person engaged in photographing or video recording any Officer.

Responsive documents will be provided prior to the Court ordered deadline

**Sienna Sierra, et. al. vs City, et al.**
20-Cv-10291
Third Set of Supplemental Discovery Requests

DR No. 1 — Produce all documents concerning the arrests described as "Max Katie Mamaei, Associate, Arrested with Firearm near 77th Precinct Zone," on DEF_001078?

Defendants already produced documents responsive to this request at D_10574-74 to 6-9_10575-77. Defendants will produce additional documents responsive to this request prior to the Court ordered date, to the extent any such documents may exist and to the extent they are not subject to privilege.

| | A | B | C | D | E | F | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA | AB | AC | AD | AE | AF | AG | AH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 236 | | DR No. 2 | Produce all documents concerning the arrests described as "Three Individuals Arrested After Bronx Car Stop and Found with Weapons; Interviewed by IB," at DEF_00157788. | Defendants already produced documents responsive to this request at D_105572-74 and D_105575-77. Defendants will produce additional documents responsive to this request prior to the Court ordered date, to the extent any such documents may exist and to the extent they are not subject to privilege. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 237 | | DR No. 3 | Produce all documents concerning "Social Media Posting Observed by IB Field Operations Personnel," at DEF_00157779, including but not limited to any investigation into the subject matter of the "social media posting." | Defendants will produce additional documents responsive to this request prior to the Court ordered date, to the extent any such documents may exist and to the extent they are not subject to privilege. | . | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 238 | | DR No. 4 | Produce records sufficient to show all calls made and received, including the phone numbers and duration of calls, by all NYPD-issued phones between 5:00 p.m. and midnight on June 4, 2020, by every officer of the rank of lieutenant or above who was present at, or otherwise involved in policing, the Mott Haven protest and/or the MAPC in Queens following the Mott Haven protest. | | Defendants object to this request on the ground that it seeks irrelevant information; that it would be unduly burdensome for defendants to locate, identify and produce the requested information; and that the request is not proprtional to the needs of the case. | It would be unduly burdensome for defendants to identify all calls made to and from every Departmental phone by every ranking officer, including all Lieutenants, Captains, Deputy Inspectors, Inspectors, Deputy Chiefs, Assistant Chiefs, Bureau Chiefs and Chief of Department; the duration of such calls; and the numbers called over a seven-hour time period. Such a massive undertaking would require hundreds of attorney and personnel hours because, first, there is no comprehensive record of all ranking officers who were present for any portion of the demonstration in Mott Haven; as plaintiffs may be aware, the detail rosters defendants have previously produced only identify members of service of the rank of Lt. and below who were present at Mott Haven on June 4, 2020 for any portion of the demonstration. Thus, it would take a large chunk of time to manually collect all records that would capture the activities of all ranking officers on June 4, 2020 from every single precinct, unit, task force, etc. that could possibly have been present in Mott Haven for any amount of time during the specified 7-hour time period. Second, countless more attorney and personnel hours would be wasted as defendants would be required to speak to every single ranking officer present for any portion of the 7-hour time frame and go through their phones for this irrelevant information - not to mention the surely labor-intensive and time-consuming process, and general waste of resources, it would take to harness this data from each and every ranking officer's' Departmental phone and produce it to plaintiffs. Locating and producing this information to plaintiffs would be not only unduly burdensome for defendants, but it is not proportional to the needs of the case, as the above-described burden and expense of identifying and obtaining information regarding every single phone call made or received from every ranking officer who was present at Mott Haven over the 7-hour time period, outweighs any likely benefit to plaintiffs. | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 239 | | DR No. 5 | Produce all video recordings depicting the June 4, 2020, Mott Haven protesters walking on the grounds of NYCHA public housing projects. | Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, defendants refer plaintiffs to the video footage produced as part of defendants' Initial Disclosures produced on March 18, 2021; to additional footage produced in response to plaintiffs' First Consolidated Set of Requests for Documents; and to subsequent productions of video footage. These productions have included: all TARU footage recorded during the Mott Haven protest on June 4, 2020; all footage recorded by the Aviation Unit of the Mott Haven demonstration; hundreds of hours' worth of body-worn camera footage, including from the Mott Haven demonstration (produced in connection with the aforementioned disclosures as well as in conjunction with plaintiffs' depositions of individually named defendants and non-party witnesses). In addition, as per agreement of the parties, all Argus footage sought by plaintiffs is in the process of being collected and will be produced forthwith. Further, defendants are working with their client to identify and produce any additional footage responsive to this request as expeditiously as possible, to the extent such may exist. | This request is duplicative of Plaintiffs' Consolidated Document Requests at No. 8(h) (see row #57 above). Defendants have previously provided responsive materials responsive in their possession, custody, or control. This request is also duplicative of Sierra Plaintiffs' First Set of Supplemental Discovery Requests at Document Request No. 1. | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 240 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 241 | Samira Sierra, et. al.<br>v. CNY, et al.,<br>20-Civ-10291<br>First Set of Supplemental Discovery Requests | DR No. 1 | Produce the following Argus video footage concerning the June 4, 2020 Mott Haven, Bronx, protest: All video depicting police preparations for the protest (e.g., placement of officers in the vicinity, placement of Mobile Command Centers, placement of prisoner transport vehicles, deployment of SRG and other police units), and activities of the protesters and police during the protest and subsequent arrests, including but not limited to<br>a. video depicting the vicinity of 149th Street and Third Avenue ("The Hub") from 6:00 p.m. to 7:30 p.m.;<br>b. video depicting the course of the march from the vicinity of The Hub to East 136th Street and Brook Avenue from 6:30 p.m. to 8:00 p.m.;<br>c. video depicting police movement and placement during the course of the march from 6:30 p.m. to 8:00 p.m.<br>d. video depicting the vicinity of East 136th Street and Brook Avenue from 7:30 p.m. to 11:00 p.m. | As per agreement of the parties, all Argus footage sought by plaintiffs is in the process of being collected and will be produced forthwith. | This request is duplicative of Plaintiffs' Consolidated Document Requests No. 8(h) (see row #57, above). | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 242 | | DR No. 2 | Produce all documents and video footage concerning rioting, arson, looting, and any protests on Fordham Road in the Bronx on June 1, 2020. | Defendants have already produced responsive documents at DEF_0324110-DEF_0324184.<br><br>Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, defendants also refer plaintiffs to the documents disclosed in connection with defendants' Initial Disclosures on March 18, 2021, and documents produced in response to Plaintiffs' First Consolidated Set of Requests for Documents.<br><br>Additionally, defendants will provide a list of BWC footage that has already been produced and will produce any additional, responsive BWC within Defense Counsel's possession by the court ordered date. | This request is duplicative of Plaintiffs' Consolidated Document Requests No. 8(h) (see row #57, above). Defendants have already produced responsive material in their possession, custody or control. | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 243 | | DR No. 3 | Produce all documents concerning any information known to the NYPD before or during the June 4, 2020 Mott Haven protest concerning illegal conduct, or the possibility thereof, at the Mott Haven protest. | Defendants have previously produced responsive documents, at DEF_0323967-DEF_0323972. Defendants will produce any additional material responsive to this request prior to the Court-ordered deadline, to the extent such may exist and to the extent the same is not subject to any privilege, including but not limited to, the law enforcement privilege. | This request is duplicative of Plaintiffs' Consolidated Document Requests Nos. 8(a)-(b) (see row #57, above). Defendants have already produced responsive material in their possession, custody or control. | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 244 | | DR No. 4 | Produce all documents concerning any investigation before 8:00 p.m. on June 4, 2020, into any person who had made statements advocating illegal conduct at the June 4, 2020 Mott Haven protest. | Defendantswill produce responsive documents prior to the Court-ordered date, to the extent any such documents may exist and to the extent they are not subject to privilege, including, but not limited to, law enforcement privilege. | This request is duplicative of Document Request No. 3 of the Sierra Plaintiffs' First Set of Supplemental Discovery Requests, at row #254, supra. Defendants have already produced responsive material in their possession, custody or control.<br><br>This request is further duplicative of Plaintiffs' Consolidated Document Requests Nos. 8(a)-(b) (see row #57, above). | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| | DR No. 5 | Produce all documents concerning communications to or from any undercover police officers or informants who participated in the Mott Haven protest on June 4, 2020. | Defendants will produce responsive documents prior to the Court-ordered date, to the extent any such documents may exist and to the extent they are not subject to privilege, including, but not limited to, law enforcement privilege. | This request is duplicative of Plaintiffs' Consolidated Document Requests Nos. 8(a)-(c) (see row #C, above). This request is also duplicative of Plaintiffs' Consolidated Document Requests No. 8(e) (see lit.). Any documents concerning communications by civilian confidential informants ("CIs") and, to a certain extent, undercover officers, participating in the Mott Haven protest, to the extent any such activities may have occurred and/or any such records may exist, may be protected from disclosure by the law enforcement privilege, for the safety and protection of these civilians as well as to maintain the necessary confidentiality of the NYPD's operations and procedures, and the confidentiality and security of its undercover officers and operations. | |
| | DR No. 6 | Produce the document that someone from NYPD Legal showed Officer Hernandez-Carpio containing the narrative that he used to fill out the "Details" section of the arrest report for Charter Wood, as described in the July 12, 2021 deposition of Officer Hernandez-Carpio at pages 114-116. | Defendants will produce responsive documents prior to the Court-ordered date, to the extent any such documents may exist and to the extent they are not subject to privilege, including, but not limited to, law enforcement privilege. | | |
| | DR No. 7 | Produce all documents concerning the planning meeting at the 40th Precinct before the June 4, 2020 Mott Haven protest attended by executive staff, Chief Monahan, Chief Wedin, and Assistant Chief Lehr as discussed in the document titled "Assistant Chief Lehr Digest," at DEF_000244215. | No such documents exist, the referenced "planning meeting" on June 4, 2020 took place on the hood of a car. No documents exist with respect to the meeting on the car hood. | This request is duplicative of Plaintiffs' Consolidated Document Requests No. 8(a) (see row #17, above). Defendants have already produced any responsive material in their possession, custody or control. | |
| | DR No. 8 | If the answer to the above Contention Interrogatory is anything other than an unqualified "Yes," produce all documents concerning any communication to the members that they should stop marching, should leave the roadway, were violating any law, were blocking vehicular or pedestrian traffic, or in any way communicated to the marchers that they should desist from marching on the sidewalk and in the roadway. | Not applicable, given this Document Request is predicated on the answer to an untimely Contention Interrogatory, to which defendants objected. | Defendants object to Interrogatory No. 8, as it is a contention interrogatory and is therefore untimely under Local Civil Rule 33.3 of the Southern District of New York, which states that contention interrogatories must be served "at the conclusion of other discovery." LCR 33.3(c). | |
| Sierra Sierra, et. al. v. CNY, et al., 20-Civ-10291 (2nd Set of Supplemental Discovery Requests) | DR No. 1 | Produce all documents concerning the arrests resulting in the Desk Appearance Tickets listed in the attached document produced by the Bronx District Attorney in this litigation, Bates-numbered BXDABOOK-8, titled "DESK APPEARANCE TICKETS (DATE) ISSUED FOR PROTEST-RELATED ARRESTS (June 2nd – June 6th)," including but not limited to: a. OmniForm Arrest Reports, b. OmniForm Complaint Reports, c. Online Prisoner Arraignment Forms ("OLPA"), d. Photographs of each person arrested (including DAT processing photographs and any photographs taken on officer phones), e. rap sheets, f. Medical Treatment of Prisoner Forms, g. Property Evidence and Tracking System ("PETS") invoices, h. Command Log entries, i. Prisoner Holding Pen Rosters, j. Mass Arrest Processing Center ("MAPC") Holding Pen Rosters, k. CCRB records, l. IAB records, m. TRI Reports, n. Aided Reports, o. 6.00.1..50h hearing transcripts. | Please see attached Schedule 1 for previously produced relevant documents. | | |
| | DR No. 2 | Produce all documents concerning the arrests resulting in the 112 Summonses listed in the attached unified document produced by the Bronx District Attorney in this litigation, Bates-numbered BXDABOOK-48, including but not limited to: a. C-summons worksheets, b. Photographs of each person arrested (including arrest processing photographs and any photographs taken on officer phones), c. Medical Treatment of Prisoner Forms, d. Command Log Entries, e. Prisoner Holding Pen Rosters, f. Mass Arrest Processing Center ("MAPC") Holding Pen Rosters, g. CCRB records, h. IAB records, i. TRI Reports, j. Aided Reports, k. 6.00.1..50h hearing transcripts. | Please see attached Schedule 1 for previously produced relevant documents. | | |
| | DR No. 3 | Produce all documents concerning timing, arrest, kettling, and any protests at or near Yondham Road in the Bronx on June 2, 2020, including but not limited to arrest information. | Please see attached Schedule 1 for previously produced relevant documents. | | |
| | DR No. 2 | Produce all documents concerning the arrests described as "Three individuals Arrested After Bronx Car Stop and Found with Weapons, Interviewed by AL" at DEF_00337788. | Duplicative of Rows 244-250. NOTE FROM BRIDGET "THESE ARE FROM DUPLICATES OF ROWS 231-239 | Duplicate of Rows 246-250 | |
| Sow, Adama et. al. v. CNY   20cv10291 Plaintiffs' First Set of Requests for Admission, Supplemental Interrogatories and Requests for Production of Documents to ALL Defendants | DR No. 1 | Produce all documents referenced in Defendants' responses to the above interrogatories. | Responsive documents previously produced. Any additional responsive documents will be provided prior to the Court-ordered date. | | |
| | DR No. 2 | Produce the following documents for each Protest listed on attached Schedule A: a. any and all intelligence reports, threat assessments, and information compiled and/or reviewed in advance of and during the Protest, including all documents reviewed and/or created by, in connection with, or otherwise pertaining to any officers reflecting Officers' planning for policing the Protest; b. any and all communications, tactical decisions, intelligence alerts, policies or other directives issued by any Officer as a result of such intelligence reports, assessments, or information in advance of or during the Protest; c. mass clips, social media postings, and internet links gathered by the NYPD, including but not limited to such information and records gathered or created by the Office of the Deputy Commissioner for Public Information ("DCPI"), the Intelligence Division, or otherwise, related to any Protest; d. requests for detail, Operations Unit (including Detail Section) records, "D96," "Who's Who," "Force Figures," "Detail Overview" roll calls, and tactical plans, detail rosters and assignment sheets, internal communications, and other documents) concerning NYPD's deployment or assignment of Officers and resources relating to the Protests; e. command Logs and other records created as a result of or related to the operation any Incident Command Post utilized in connection with policing a Protest; f. records reflecting whether and, if so, by whom, when, and to what extent, dispersal orders or other warnings and opportunities to disperse or comply were given before enforcement action was taken at each Protest where force was used or detentions or Arrests were made; g. all To/From Memoranda, Unusual Occurrence Reports, U.F. 49s, Mass Arrest Reports and/or any other Documents consisting of summaries, reviews, recaps, evaluations, critiques, after-action reports, or other reports following any Protest, including but not limited to Joint Operations Center reports; h. all videos, including TARU videos, body worn camera videos, and Aviation Unit videos; i. any and all audio and/or video recordings of NYPD Citywide and other radio communications; j. SPRINT reports and ICAD reports related to recorded communications (and documents sufficient to decipher such SPRINT and/or ICAD reports); k. internal NYPD communications, including, but not limited to, e-mails, text messages, records regarding telephone calls made or received; l. any and all TRI Reports, and any and all Incident Worksheets (PD370-154), and any and all TRI Incident investigating... | Duplicative of DR request at row 57. Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court-ordered date. | | |

| | DR No. | Request | Response | | |
|---|---|---|---|---|---|
| | DR No. 3 | Produce all DRO documents for the protests dates and locations identified in Schedule A.<br>a. City Mobilization Log;<br>b. Intelligence Packets provided by Local SRG Commanding Officer to supervisors that would appear at detail;<br>c. results of inspection;<br>d. photographic taken at MAPC;<br>e. results of inspection;<br>f. Command Log(s); and<br>g. CIRC Response ("Critical Incident Response Capacity"). | Responsive documents previously provided. Any additional responsive documents will be provided prior to the court-ordered deadline. | | |
| | DR No. 4 | Produce all DUPA (AUUPA) for all putative class members arrested from May 28, 2020 to January 18, 2021, at locations listed in Schedule A. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the court-ordered deadline. | | |
| | DR No. 5 | Produce redacted OLPA (AUUPA) for individuals arrested from May 28 to June 6, 2020, not at locations listed in Schedule A. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the court-ordered deadline. | The production of OLPA from May 28 to June 6, 2020 of arrests not on schedule A is irrelevant, overbroad and unduly burdensome, and not proportional to the needs of the case. | The burden of producing all documents regarding all people arrested in New York City during a 10 day period when many of these arrests may have nothing to do with protesters and then attempting to determine which are sealed and therefore cannot be produced is not proportional to the needs of the case, as it would take at least 200 hours of personnel time to complete this task. |
| | DR No. 6 | Produce any and all documents, including emails, text messages, or other electronic communications which referenced the implementation of the mass arrest processing centers listed in Defendants' Fifth Supplemental Responses and Objectors to Plaintiffs' First Consolidated Interrogatory No. 14. | Responsive documents previously provided. A privilege log will be provided for privileged documents. | | |
| | DR No. 7 | Produce any and all documents concerning the City's response to the COVID-19 pandemic in protest and/or arrest including, but not limited to the topics of:<br>a. social distancing;<br>b. hand sanitizing;<br>c. hand washing;<br>d. gloves and/or face masks;<br>e. opening of windows;<br>f. ventilation; and<br>g. gloves and/or other PPE used by NYPD members of service. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the court-ordered deadline. | | |
| | DR No. 8 | Produce any and all documents including electronic communications related to the preparation of mass arrest processing facilities sanitation logs, pest control logs, plans for cleaning, toilet cleaning provisions and logs, provisions of cleaning equipment and products for the same, testing and cooling of the facilities and transport vehicles where prisoners would be held during processing time. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the court-ordered date. | | |
| | DR No. 9 | Produce any and all documents, including electronic communications related to the decisions to custodially arrest protesters. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the court-ordered deadline. | There are no documents for verbal decisions to arrest protesters. | |
| | DR No. 10 | Produce any and all documents, including electronic communications related to the briefings and trainings given to the individuals city employees who were in charge of supervising mass arrest processing facilities. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the court-ordered deadline. | | |
| | DR No. 11 | Produce any and all documents, documents or communications have with any borough district attorney office relating to mass arrests that resulted in dispositions that include decline to prosecute. | | Responsive documents, if any, may be subject to the attorney-client and/or attorney work product privilege. Privilege log to be provided. | |
| | DR No. 12 | Produce any and all documents, including electronic communications related to the information collected pursuant to Local Law 68 2020, the Department's Early Intervention Program (which collects information regarding certain destinations to prosecute), as well as Law Department declinations to indemnify or represent officers in civil lawsuits brought from protest arrests alleging a constitutional violation. | | Responsive documents, if any, may be subject to the attorney-client and/or attorney work product privilege. Privilege log to be provided. | |
| | DR No. 13 | Produce any and all documents reflecting policy changes, changes in training, or fixed messages, and/or any discipline that incurred by any officer which were in some way a response to the judgment in Maleki v. City of New York, No. 05-Cv. 8843 (RJS) (S.D.N.Y.) and/or Gerdscheller v. Winski, No. 14 Civ. 7668 (S.D.N.Y.) settlement in Rodriguez v. Winski, 12 Civ. 3389 (RRB (S.D.N.Y.) and district court summary judgment decision in Dinler v. City of New York (12th Civ.7815 (S.D.N.Y.) (Dkt. No. 312 therein). | No responsive documents exist. | | |
| | DR No. 14 | Produce any and all documents reflecting policy changes, changes in training, or fixed messages which were in some way a response to the settlement of the PAC cases, including but not limited to MacNamara, et al., v. City of New York, et al., 04 Civ. 9216(AKH) (S.D.N.Y.). | No responsive documents exist. | | |
| | DR No. 15 | Produce the Joint Operations Center (JOC) logs for each day listed in Schedule A. | Responsive documents will be provided prior to the Court-ordered deadline. | | |
| | DR No. 16 | Produce the Mass Arrest Processing Center (MAPC) logs for each day listed in Schedule A. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court-ordered date. | | |
| | DR No. 17 | Produce the "Intel SITREPS" for each day listed in Schedule A. | Responsive documents will be provided prior to the Court-ordered date. | | |
| | DR No. 18 | Produce the intelligence bureau surveys for each day listed in Schedule A. | Responsive documents will be provided prior to the Court-ordered deadline. | | |
| | DR No. 19 | Produce the spreadsheet titled "Protest Related Activity May 28 through June 7" and referenced at pg. 24 of the NYC Dept. of Investigation Report. | Documents produced. | | |
| | DR No. 20 | Produce any press release, press advisories or the like issued by members of Deputy Commissioner of Public Information ("DCPI") office from May 28, 2020 to July 1, 2020. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court-ordered date. | | |
| | DR No. 21 | Produce the communications from Chief Terrence Monahan which ordered the release of the legal observers. See NYC Department of Investigation Report, Pg 44. | Email discovery previously provided | | |
| | DR No. 22 | Produce records which reflect NYPD employees' efforts to cover their badges during the protests listed at Schedule A. | Responsive documents will be provided prior to the Court-ordered deadline. | | |
| | DR No. 23 | Produce records which reflect the efforts of the NYPD, or any City agency, to investigate the prevalence of NYPD employees covering their badges. | Responsive documents will be provided prior to the Court-ordered deadline. | | |
| | DR No. 24 | Produce records which reflect the efforts of the NYPD to decrease the prevalence of NYPD employees covering their badges. | Responsive documents will be provided prior to the Court-ordered deadline. | | |
| | DR No. 25 | Produce records which would reflect Commissioner Shea's concern that the curfew would suppress first amendment activity. | Email discovery previously provided. | | |
| | DR No. 26 | Produce records of the statements made by the Mayor noting that the City will not enforce the curfew against "peaceful protesters." | Responsive documents will be provided prior to the Court-ordered deadline. | | |

| | | | | | |
|---|---|---|---|---|---|
| | DR No. 27 | Produce documents which show the basis for the statement made on May 31st by Deputy Commissioner John Miller at a press briefing where he stated that NYPD had evidence providing a high level of confidence that disorderly groups had organized bike stands, medics, and supply routes of rocks, bottles, and accelerants for the purpose of vandalism and violence. | Responsive documents previously provided. | A number of documents may be subject to the law enforcement privilege. Privilege log to be provided. | |
| | DR No. 28 | Produce documents which show the basis for the statement made on June 5 by Mayor de Blasio and Commissioner Shea pointed to intelligence to justify the mass arrest that took place the prior evening in Mott Haven. | Responsive documents will be provided prior to the Court ordered deadline | A number of documents may be subject to the law enforcement privilege. Privilege log to be provided. | |
| | DR No. 29 | Produce documents which show the basis for the statement made on June 4, Deputy Commissioner Miller provided a second press briefing where he provided data on arrests, burglaries, and the numbers of injured officers. Deputy Commissioner Miller also noted that officers had been attacked with bricks, trash cans, vehicles, and other projectiles, as well as homemade incendiary devices such as Molotov cocktails. The briefing also contained information on specific incidents, including a knife attack by a "homegrown violent extremist," a Bronx vehicle stop that resulted in the discovery of hammers and accelerants, and a gun arrest that took place in the South Bronx prior to the Mott Haven protest. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court ordered date. | A number of documents may be subject to the law enforcement privilege. Privilege log to be provided. | |
| | DR No. 30 | Produce the whole daily binders from the intelligence division for the days listed in Schedule A. | Defendant object as this request is overbroad, irrelevant, overly burdensome and not proportional to the needs of the case | The "whole daily binders" contain  irrelevant information, much of it law enforcement sensitive, that has nothing to do with the protests at issue. The 50+ hours needed to collect, review, redact and provide a privilege log is not proportional to the needs of the case, as intelligence information specific to the protests has been provided | |
| | DR No. 31 | Produce the Situation Reports prepared by the intelligence division for the days listed in Schedule A. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court ordered date. | These documents may be subject to the law enforcement privilege. Privilege log to be provided | |
| | DR No. 32 | Produce the Tactical Assessments prepared by the intelligence division for the days listed in Schedule A. | Responsive documents will be provided prior to the Court ordered deadline | | |
| | DR No. 33 | Produce the handschu investigative statements prepared by the intelligence division for the days listed in Schedule A. | Responsive documents, to the extent not privileged, will be provided prior to the Court ordered deadline.  A privilege log will be provided | | |
| | DR No. 34 | Produce the Academy curriculum including the four-hour module on disorder control training conducted by the Disorder Control Unit. | Responsive documents previously produced | | |
| | DR No. 35 | Produce the training material used to train the SRG units, specifically the five days that are dedicated to disorder control training. | Responsive documents previously produced | | |
| | DR No. 36 | Please produce any communications between NYPD and the CCRB regarding Kenneth Rice, including but not limited to any requests to reopen his disciplinary case. | Responsive documents will be provided prior to the Court ordered deadline | | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- x

SAMIRA SIERRA, AMALI SIERRA,
RICARDO NIGAGLIONI, and ALEX
GUTIERREZ, individually and on behalf
of all others similarly situated,

                    Plaintiffs,

        -against-

CITY OF NEW YORK, a municipal
entity; BILL DE BLASIO, in his
individual capacity; TERENCE A.
MONAHAN, in his individual capacity;
UMID KARIMOV, in his individual
capacity; ALFREDO JEFF, in his
individual capacity; DEBORA MATIAS,
in her individual capacity; and ANDRE
JEANPIERRE, in his individual capacity,
KENNETH C. LEHR, in his individual
capacity,

                  Defendants.

-------------------------------------------------- x

**DEFENDANTS' RESPONSES TO
PLAINTIFFS' SECOND SET OF
SUPPLEMENTAL DISCOVERY
REQUESTS**

20-Civ-10291 (CM) (GWG)

**DOCUMENT REQUEST NO. 1:**

      Produce all documents concerning the arrests resulting in the Desk Appearance

Tickets listed in the attached document produced by the Bronx District Attorney in this litigation,

Bates numbered BXDA000006-8, titled "DESK APPEARANCE TICKETS (DAT) ISSUED FOR

PROTEST-RELATED ARRESTS (June 2nd – June 5th)," including but not limited to:

      a.  Omniform Arrest Reports,

      b.  Omniform Complaint Reports,

      c.  Online Prisoner Arraignment Forms ("OLPA's"),

   d.  Photographs of each person arrested (including DAT processing photographs and any photographs taken on officer phones),

   e.  rap sheets,

   f.  Medical Treatment of Prisoner Forms,

   g.  Property Evidence and Tracking System ("PETS") invoices,

   h.  Command Log entries,

   i.  Prisoner Holding Pen Rosters,

   j.  Mass Arrest Processing Center ("MAPC") Holding Pen Rosters,

   k.  CCRB records,

   l.  IAB records,

   m.  TRI Reports,

   n.  Aided Reports,

   o.  G.M.L. 50h hearing transcripts.

**DOCUMENTS PRODUCED:**

Responsive documents have previously been produced and can be located at:

DEF_000094487 -DEF_000094488,

DEF_000094647-DEF_000094648

DEF_000094884-DEF_000094885

DEF_000094886-DEF_000094887

DEF_000096550-DEF_000096551

DEF_000096554-DEF_000096555

DEF_000096556-DEF_000096557

DEF_000096558-DEF_000096559

DEF_000096778-DEF_000096779

DEF_000075676-DEF_000075676

DEF_000106366-DEF_000106368

DEF_000106369-DEF_000106371

DEF_000106372-DEF_000106374

DEF_000106384-DEF_000106386

DEF_000106402-DEF_000106404

DEF_000106411-DEF_000106413

DEF_000106414-DEF_000106416

DEF_000106426-DEF_000106428

DEF_000106429-DEF_000106431

DEF_000106453-DEF_000106455

DEF_000106465-DEF_000106467

DEF_000106474-DEF_000106476

DEF_000106489-DEF_000106491

DEF_000106657-DEF_000106659

DEF_000106663-DEF_000106665

DEF_000106780-DEF_000106782

DEF_000106822-DEF_000106824

DEF_000106834-DEF_000106836

DEF_000106840-DEF_000106842

DEF_000106852-DEF_000106854

DEF_000106861-DEF_000106863

DEF_000106879-DEF_000106881

DEF_000106882-DEF_000106884

DEF_000107056-DEF_000107058

DEF_000107116-DEF_000107118

DEF_000107206-DEF_000107208

DEF_000158059-DEF_000158061

DEF_000107252-DEF_000107254

DEF_000158062-DEF_000158064

DEF_000107255-DEF_000107257

DEF_000107258-DEF_000107260

DEF_000158065-DEF_000158067

DEF_000107261-DEF_000107263

DEF_000107264-DEF_000107266

DEF_000107267-DEF_000107269

DEF_000107270-DEF_000107272

DEF_000158068-DEF_000158070

DEF_000158071-DEF_000158073

DEF_000158074-DEF_000158076

DEF_000107276-DEF_000107278

DEF_000158077-DEF_000158079

DEF_000107279-DEF_000107281

DEF_000158080-DEF_000158082

DEF_000107282-DEF_000107284

DEF_000107285-DEF_000107287

DEF_000158083-DEF_000158085

DEF_000107288-DEF_000107290

DEF_000158086-DEF_000158088

DEF_000158089-DEF_000158091

DEF_000107291-DEF_000107293

DEF_000107294-DEF_000107296

DEF_000158092-DEF_000158094

DEF_000107297-DEF_000107299

DEF_000107300-DEF_000107302

DEF_000158095-DEF_000158097

DEF_000107303-DEF_000107305

DEF_000107306-DEF_000107308

DEF_000107309-DEF_000107311

DEF_000158098-DEF_000158100

DEF_000158101-DEF_000158103

DEF_000107312-DEF_000107314

DEF_000107315-DEF_000107317

DEF_000158104-DEF_000158106

DEF_000107318-DEF_000107320

DEF_000107321-DEF_000107323

DEF_000107324-DEF_000107326

DEF_000107327-DEF_000107329

DEF_000107330-DEF_000107332

DEF_000107333-DEF_000107335

DEF_000158107-DEF_000158109

DEF_000107336-DEF_000107338

DEF_000107342-DEF_000107344

DEF_000158110-DEF_000158112

DEF_000107345-DEF_000107347

DEF_000158113-DEF_000158115

DEF_000158116-DEF_000158118

DEF_000158119-DEF_000158121

DEF_000107351-DEF_000107353

DEF_000158122-DEF_000158124

DEF_000107354-DEF_000107356

DEF_000158125-DEF_000158127

DEF_000158128-DEF_000158130

DEF_000158131-DEF_000158133

DEF_000158134-DEF_000158136

DEF_000158137-DEF_000158139

DEF_000158143-DEF_000158145

DEF_000165188-DEF_000165190

DEF_000108320-DEF_000108322

DEF_000110278-DEF_000110280

DEF_000110833-DEF_000110835

DEF_000113090-DEF_000113092

DEF_000119065-DEF_000119067

DEF_000125637-DEF_000125639

DEF_000125795-DEF_000125798

DEF_000126614-DEF_000126615

DEF_000126791-DEF_000126805

DEF_000126806-DEF_000126808

DEF_000126809-DEF_000126811

DEF_000127337-DEF_000127342

DEF_000128985-DEF_000128986

DEF_000128987-DEF_000128988

DEF_000128989-DEF_000128991

DEF_000129209-DEF_000129211

DEF_000130202-DEF_000130203

DEF_000131411-DEF_000131413

DEF_000131414-DEF_000131417

DEF_000131580-DEF_000131583

DEF_000133225-DEF_000133227

DEF_000133347-DEF_000133349

DEF_000133426-DEF_000133428

DEF_000133489-DEF_000133491

DEF_000134299-DEF_000134301

DEF_000162464, DEF_000162567

DEF_000229515

DEF_000226056

DEF_000162569

DEF_000226061

DEF_000226063

DEF_000226069

DEF_000226070

DEF_000162573

DEF_000173703

DEF_000173763

DEF_000164309

DEF_000323038-DEF_000323054

DEF_E_PD_00030561

DEF_E_PD_00003979

DEF_E_PD_00004015

DEF_E_PD_00006314

DEF_E_PD_00006354

DEF_E_PD_00007712-DEF_E_PD_00007797

DEF_E_PD_00007888-DEF_E_PD_00007976

DEF_E_PD_00007977-DEF_E_PD_00007979,

DEF_E_PD_00010611,

DEF_E_PD_00079683

DEF_E_PD_00046692

DEF_E_PD_00020736-DEF_E_PD_00020782

DEF_E_PD_00020941-DEF_E_PD_00020953

DEF_E_PD_00092936-DEF_E_PD_00092943

DEF_E_PD_00108262

DEF_000323117, DEF_000323119

## DOCUMENT REQUEST NO. 2:

Produce all documents concerning the arrests resulting in the 312 Summonses listed in the attached untitled document produced by the Bronx District Attorney in this litigation, Bates numbered BXDA000009-48, including but not limited to:

a.  C-Summons worksheets,

b.  Photographs of each person arrested (including arrest processing photographs and any photographs taken on officer phones),

c.  Medical Treatment of Prisoner Forms,

d.  Command Log Entries,

e.  Prisoner Holding Pen Rosters,

f.  Mass Arrest Processing Center ("MAPC") Holding Pen Rosters,

g.  CCRB records,

h.  IAB records,

i.  TRI Reports,

j.  Aided Reports,

k.  G.M.L. 50h hearing transcripts.

## DOCUMENTS PRODUCED:

Responsive documents have previously been produced and can be located at:

DEF_000046516 - DEF_000046518

DEF_000047346 - DEF_000047348

DEF_000048039 - DEF_000048041

DEF_000052432 - DEF_000052434

DEF_000052724 - DEF_000052726

DEF_000053196 - DEF_000053198

DEF_000053841 - DEF_000053843

DEF_000053989 - DEF_000053991

DEF_000054333 - DEF_000054335

DEF_000054375 - DEF_000054377

DEF_000055006 - DEF_000055008

DEF_000059659 - DEF_000059661

DEF_000059668 - DEF_000059670

DEF_000059773 - DEF_000059775

DEF_000060373 - DEF_000060373

DEF_000066890 - DEF_000066892

DEF_000066902 - DEF_000066904

DEF_000067094 - DEF_000067096

DEF_000067113 - DEF_000067115

DEF_000067926 - DEF_000067928

DEF_000068068 - DEF_000068070

DEF_000068245 - DEF_000068247

DEF_000069323 - DEF_000069325

DEF_000070154 - DEF_000070156

DEF_000070741 - DEF_000070743

DEF_000070750 - DEF_000070752

DEF_000071640 - DEF_000071642

DEF_000071818 - DEF_000071820

DEF_000071821 - DEF_000071823

DEF_000072066 - DEF_000072068

DEF_000072590 - DEF_000072592

DEF_000072593 - DEF_000072595

DEF_000073214 - DEF_000073216

DEF_000073547 - DEF_000073549

DEF_000073550 - DEF_000073552

DEF_000074180 - DEF_000074182

DEF_000088607 - DEF_000088608

DEF_000088625 - DEF_000088626

DEF_000088653 - DEF_000088654

DEF_000088671 - DEF_000088672

DEF_000088921 - DEF_000088922

DEF_000088923 - DEF_000088924

DEF_000088950 - DEF_000088951

DEF_000088986 - DEF_000088987

DEF_000088988 - DEF_000088989

DEF_000088990 - DEF_000088991

DEF_000089246 - DEF_000089247

DEF_000089312 - DEF_000089313

DEF_000089324 - DEF_000089325

DEF_000089326 - DEF_000089327

DEF_000089360 - DEF_000089361

DEF_000089958 - DEF_000089959

DEF_000075616 - DEF_000075617

DEF_000090320 - DEF_000090321

DEF_000090322 - DEF_000090323

DEF_000090324 - DEF_000090325

DEF_000090348 - DEF_000090349

DEF_000090382 - DEF_000090383

DEF_000090394 - DEF_000090395

DEF_000090458 - DEF_000090459

DEF_000090594 - DEF_000090595

DEF_000090598 - DEF_000090599

DEF_000090600 - DEF_000090601

DEF_000090604 - DEF_000090605

DEF_000090606 - DEF_000090607

DEF_000090616 - DEF_000090617

DEF_000090624 - DEF_000090625

DEF_000090626 - DEF_000090627

DEF_000090628 - DEF_000090629

DEF_000090756 - DEF_000090757

DEF_000090758 - DEF_000090759

DEF_000090856 - DEF_000090857

DEF_000090858 - DEF_000090859

DEF_000090864 - DEF_000090865

DEF_000090866 - DEF_000090867

DEF_000090868 - DEF_000090869

DEF_000090870 - DEF_000090871

DEF_000090982 - DEF_000090983

DEF_000090986 - DEF_000090987

DEF_000090990 - DEF_000090991

DEF_000091092 - DEF_000091093

DEF_000091094 - DEF_000091095

DEF_000091148 - DEF_000091149

DEF_000091180 - DEF_000091181

DEF_000091182 - DEF_000091183

DEF_000091184 - DEF_000091185

DEF_000091204 - DEF_000091205

DEF_000091206 - DEF_000091207

DEF_000091208 - DEF_000091209

DEF_000091210 - DEF_000091211

DEF_000091340 - DEF_000091341

DEF_000091422 - DEF_000091423

DEF_000092156 - DEF_000092157

DEF_000092158 - DEF_000092159

DEF_000092160 - DEF_000092161

DEF_000092564 - DEF_000092565

DEF_000092566 - DEF_000092567

DEF_000092630 - DEF_000092631

DEF_000092632 - DEF_000092633

DEF_000092654 - DEF_000092655

DEF_000075632 - DEF_000075633

DEF_000092670 - DEF_000092670

DEF_000092697 - DEF_000092698

DEF_000093029 - DEF_000093030

DEF_000093031 - DEF_000093032

DEF_000093120 - DEF_000093121

DEF_000093122 - DEF_000093123

DEF_000093300 - DEF_000093301

DEF_000093593 - DEF_000093594

DEF_000093595 - DEF_000093596

DEF_000093597 - DEF_000093598

DEF_000093617 - DEF_000093618

DEF_000093749 - DEF_000093750

DEF_000093811 - DEF_000093812

DEF_000093813 - DEF_000093814

DEF_000093823 - DEF_000093824

DEF_000093825 - DEF_000093826

DEF_000093827 - DEF_000093828

DEF_000093829 - DEF_000093830

DEF_000093831 - DEF_000093832

DEF_000093833 - DEF_000093834

DEF_000093871 - DEF_000093872

DEF_000093875 - DEF_000093876

DEF_000093877 - DEF_000093878

DEF_000093879 - DEF_000093880

DEF_000093881 - DEF_000093882

DEF_000093949 - DEF_000093950

DEF_000094411 - DEF_000094412

DEF_000094413 - DEF_000094414

DEF_000094415 - DEF_000094416

DEF_000094417 - DEF_000094418

DEF_000094419 - DEF_000094420

DEF_000094421 - DEF_000094422

DEF_000094423 - DEF_000094424

DEF_000094425 - DEF_000094426

DEF_000094427 - DEF_000094428

DEF_000094429 - DEF_000094430

DEF_000094469 - DEF_000094470

DEF_000094503 - DEF_000094504

DEF_000094511 - DEF_000094512

DEF_000094513 - DEF_000094514

DEF_000094515 - DEF_000094516

DEF_000094517 - DEF_000094518

DEF_000094523 - DEF_000094524

DEF_000094573 - DEF_000094574

DEF_000094577 - DEF_000094578

DEF_000094583 - DEF_000094584

DEF_000094587 - DEF_000094588

DEF_000094589 - DEF_000094590

DEF_000094595 - DEF_000094596

DEF_000094609 - DEF_000094610

DEF_000094647 - DEF_000094648

DEF_000094836 - DEF_000094837

DEF_000094844 - DEF_000094845

DEF_000094858 - DEF_000094859

DEF_000094916 - DEF_000094917

DEF_000094918 - DEF_000094919

DEF_000094920 - DEF_000094921

DEF_000094922 - DEF_000094923

DEF_000094924 - DEF_000094925

DEF_000094936 - DEF_000094937

DEF_000094938 - DEF_000094939

DEF_000094942 - DEF_000094943

DEF_000094944 - DEF_000094945

DEF_000094946 - DEF_000094947

DEF_000094958 - DEF_000094959

DEF_000075652 - DEF_000075653

DEF_000094962 - DEF_000094963

DEF_000094968 - DEF_000094969

DEF_000094978 - DEF_000094979

DEF_000094980 - DEF_000094981

DEF_000094982 - DEF_000094983

DEF_000094988 - DEF_000094989

DEF_000095000 - DEF_000095001

DEF_000095002 - DEF_000095003

DEF_000095004 - DEF_000095005

DEF_000095006 - DEF_000095007

DEF_000095527 - DEF_000095528

DEF_000095529 - DEF_000095530

DEF_000095531 - DEF_000095532

DEF_000095609 - DEF_000095610

DEF_000095613 - DEF_000095614

DEF_000095615 - DEF_000095616

DEF_000095617 - DEF_000095618

DEF_000095621 - DEF_000095622

DEF_000095635 - DEF_000095636

DEF_000096200 - DEF_000096201

DEF_000096202 - DEF_000096203

DEF_000096524 - DEF_000096525

DEF_000096526 - DEF_000096527

DEF_000096528 - DEF_000096529

DEF_000096530 - DEF_000096531

DEF_000096548 - DEF_000096549

DEF_000096550 - DEF_000096551

DEF_000096554 - DEF_000096555

DEF_000096556 - DEF_000096557

DEF_000096558 - DEF_000096559

DEF_000096726 - DEF_000096727

DEF_000096736 - DEF_000096737

DEF_000075666 - DEF_000075667

DEF_000096742 - DEF_000096743

DEF_000096756 - DEF_000096757

DEF_000096758 - DEF_000096759

DEF_000096764 - DEF_000096765

DEF_000096766 - DEF_000096767

DEF_000096768 - DEF_000096769

DEF_000096770 - DEF_000096771

DEF_000096943 - DEF_000096944

DEF_000096945 - DEF_000096946

DEF_000097177 - DEF_000097178

DEF_000075675 - DEF_000075675

DEF_000000499 - DEF_000000895

DEF_000000937 - DEF_000000937

DEF_000031240 - DEF_000038265

DEF_000038266 - DEF_000038308

DEF_000038309 - DEF_000038647

DEF_000038659 - DEF_000039338

DEF_000039339 - DEF_000040028

DEF_000040029 - DEF_000040755

DEF_000040756 - DEF_000041194

DEF_000041195 - DEF_000041952

DEF_000041953 - DEF_000042067

DEF_000042068 - DEF_000042171

DEF_000042172 - DEF_000042937

DEF_000042938 - DEF_000043534

DEF_000043535 - DEF_000043894

DEF_000043959 - DEF_000044136

DEF_000044137 - DEF_000044559

DEF_000044560 - DEF_000045291

DEF_000010300 - DEF_000010300

DEF_000010301 - DEF_000010301

DEF_000010302 - DEF_000010302

DEF_000075676 - DEF_000075676

DEF_000103741 - DEF_000103743

DEF_000104124 - DEF_000104126

DEF_000105452 - DEF_000105454

DEF_000105476 - DEF_000105478

DEF_000106744 - DEF_000106746

DEF_000107206 - DEF_000107208

DEF_000107221 - DEF_000107223

DEF_000158047 - DEF_000158049

DEF_000107240 - DEF_000107242

DEF_000107306 - DEF_000107308

DEF_000107321 - DEF_000107323

DEF_000107339 - DEF_000107341

DEF_000109164 - DEF_000109166

DEF_000111070 - DEF_000111072

DEF_000111148 - DEF_000111150

DEF_000111211 - DEF_000111213

DEF_000111220 - DEF_000111222

DEF_000111623 - DEF_000111625

DEF_000115272 - DEF_000115274

DEF_000118221 - DEF_000118223

DEF_000120994 - DEF_000120996

DEF_000121101 - DEF_000121103

DEF_000124108 - DEF_000124110

DEF_000126390 - DEF_000126393

DEF_000126713 - DEF_000126715

DEF_000126791 - DEF_000126805

DEF_000128003 - DEF_000128005

DEF_000128012 - DEF_000128014

DEF_000129209 - DEF_000129211

DEF_000129212 - DEF_000129214

DEF_000131105 - DEF_000131107

DEF_000131594 - DEF_000131596

DEF_000132074 - DEF_000132076

DEF_000132283 - DEF_000132285

DEF_000133946 - DEF_000133947

DEF_000134067 - DEF_000134069

DEF_000134485 - DEF_000134486

DEF_000134757 - DEF_000134758

DEF_000134968 - DEF_000134971

DEF_000135018 - DEF_000135019

DEF_000135086 - DEF_000135087

DEF_000136624 - DEF_000136626

DEF_000136634 - DEF_000136636

DEF_000140695 - DEF_000140697

DEF_000141577 - DEF_000141579

DEF_000142298 - DEF_000142300

DEF_000143724 - DEF_000143727

DEF_000145404 - DEF_000145405

DEF_000148398 - DEF_000148400

DEF_000151312 - DEF_000151314

DEF_000151321 - DEF_000151323

DEF_000153919 - DEF_000153921

DEF_000153984 - DEF_000153986

DEF_000010303 - DEF_000010303

DEF_000010304 - DEF_000010304

DEF_000010305 - DEF_000010305

DEF_000010593 - DEF_000010651

DEF_000010672 - DEF_000010763

DEF_000159213 - DEF_000160202

DEF_000166800 - DEF_000168994

DEF_000168995 - DEF_000171185

DEF_000172469 - DEF_000172649

DEF_000160301 - DEF_000161100

DEF_000161101 - DEF_000161121

DEF_000025262 - DEF_000025262

DEF_000162294 - DEF_000162298

DEF_000283800 - DEF_000283820

DEF_000162464 - DEF_000162464

DEF_000162566 - DEF_000162566

DEF_000173699 - DEF_000173699

DEF_000173700 - DEF_000173700

DEF_000162567 - DEF_000162567

DEF_000229515 - DEF_000229515

DEF_000226056 - DEF_000226056

DEF_000162569 - DEF_000162569

DEF_000226058 - DEF_000226058

DEF_000226059 - DEF_000226059

DEF_000226060 - DEF_000226060

DEF_000226061 - DEF_000226061

DEF_000226063 - DEF_000226063

DEF_000226069 - DEF_000226069

DEF_000226070 - DEF_000226070

DEF_000162573 - DEF_000162573

DEF_000162574 - DEF_000162574

DEF_000173701 - DEF_000173701

DEF_000173702 - DEF_000173702

DEF_000173703 - DEF_000173703

DEF_000173760 - DEF_000173762

DEF_000173835 - DEF_000173837

DEF_000285625 - DEF_000285638

DEF_000164046 - DEF_000164046

DEF_000164047 - DEF_000164053

DEF_000164054 - DEF_000164054

DEF_000228141 - DEF_000228154

DEF_000164101 - DEF_000164101

DEF_000174209 - DEF_000174209

DEF_000164122 - DEF_000164122

DEF_000164123 - DEF_000164123

DEF_000176647 - DEF_000176861

DEF_000164309 - DEF_000164309

DEF_000164314 - DEF_000164314

DEF_000164315 - DEF_000164315

DEF_000164374 - DEF_000164374

DEF_000164785 - DEF_000164785

DEF_000164786 - DEF_000164786

DEF_000164787 - DEF_000164787

DEF_000164788 - DEF_000164788

DEF_000261128 - DEF_000261342

DEF_000261417 - DEF_000261445

DEF_000261530 - DEF_000261539

DEF_000266306 - DEF_000266317

DEF_000266511 - DEF_000266512

DEF_000266562 - DEF_000266585

DEF_000267330 - DEF_000267335

DEF_000267414 - DEF_000267418

DEF_000269588 - DEF_000269591

DEF_000273503 - DEF_000273507

DEF_E_PD_00000007 - DEF_E_PD_00000143

DEF_E_PD_00000286 - DEF_E_PD_00000286

DEF_E_PD_00000291 - DEF_E_PD_00000428

DEF_E_PD_00101992 - DEF_E_PD_00101992

DEF_E_PD_00058921 - DEF_E_PD_00058921

DEF_E_PD_00003861 - DEF_E_PD_00003861

DEF_E_PD_00003875 - DEF_E_PD_00003875

DEF_E_PD_00030561 - DEF_E_PD_00030561

DEF_E_PD_00003979 - DEF_E_PD_00003979

DEF_E_PD_00004015 - DEF_E_PD_00004015

DEF_E_PD_00006261 - DEF_E_PD_00006261

DEF_E_PD_00006314 - DEF_E_PD_00006314

DEF_E_PD_00006319 - DEF_E_PD_00006319

DEF_E_PD_00006331 - DEF_E_PD_00006331

DEF_E_PD_00006354 - DEF_E_PD_00006354

DEF_E_PD_00071057 - DEF_E_PD_00071057

DEF_E_PD_00071059 - DEF_E_PD_00071059

DEF_E_PD_00072416 - DEF_E_PD_00072416

DEF_E_PD_00033949 - DEF_E_PD_00033949

DEF_E_PD_00078568 - DEF_E_PD_00078568

DEF_E_PD_00010577 - DEF_E_PD_00010581

DEF_E_PD_00010611 - DEF_E_PD_00010611

DEF_E_PD_00079569 - DEF_E_PD_00079569

DEF_E_PD_00079601 - DEF_E_PD_00079601

DEF_E_PD_00079602 - DEF_E_PD_00079602

DEF_E_PD_00079683 - DEF_E_PD_00079683

DEF_E_PD_00080720 - DEF_E_PD_00080720

DEF_E_PD_00104641 - DEF_E_PD_00104641

DEF_E_PD_00012139 - DEF_E_PD_00012139

DEF_E_PD_00035556 - DEF_E_PD_00035556

DEF_E_PD_00084854 - DEF_E_PD_00084854

DEF_E_PD_00084856 - DEF_E_PD_00084856

DEF_E_PD_00035827 - DEF_E_PD_00035827

DEF_E_PD_00012879 - DEF_E_PD_00012925

DEF_E_PD_00012931 - DEF_E_PD_00012964

DEF_E_PD_00013121 - DEF_E_PD_00013121

DEF_E_PD_00036858 - DEF_E_PD_00036860

DEF_E_PD_00087453 - DEF_E_PD_00087453

DEF_E_PD_00087460 - DEF_E_PD_00087460

DEF_E_PD_00087497 - DEF_E_PD_00087497

DEF_E_PD_00087523 - DEF_E_PD_00087523

DEF_E_PD_00105820 - DEF_E_PD_00105820

DEF_E_PD_00089706 - DEF_E_PD_00089715

DEF_E_PD_00105857 - DEF_E_PD_00105863

DEF_E_PD_00090991 - DEF_E_PD_00090991

DEF_E_PD_00091420 - DEF_E_PD_00091429

DEF_E_PD_00019837 - DEF_E_PD_00019837

DEF_E_PD_00019880 - DEF_E_PD_00019901

DEF_E_PD_00092833 - DEF_E_PD_00092836

DEF_E_PD_00046692 - DEF_E_PD_00046692

DEF_E_PD_00020736 - DEF_E_PD_00020782

DEF_E_PD_00020799 - DEF_E_PD_00020809

DEF_E_PD_00020816 - DEF_E_PD_00020816

DEF_E_PD_00020879 - DEF_E_PD_00020913

DEF_E_PD_00020941 - DEF_E_PD_00020953

DEF_E_PD_00093116 - DEF_E_PD_00093147

DEF_E_PD_00022003 - DEF_E_PD_00022020

DEF_E_PD_00022064 - DEF_E_PD_00022082

DEF_E_PD_00106612 - DEF_E_PD_00106613

DEF_E_PD_00094164 - DEF_E_PD_00094166

DEF_E_PD_00094733 - DEF_E_PD_00094733

DEF_E_PD_00023410 - DEF_E_PD_00023410

DEF_E_PD_00095241 - DEF_E_PD_00095319

DEF_E_PD_00095617 - DEF_E_PD_00095620

DEF_E_PD_00023842 - DEF_E_PD_00023842

DEF_E_PD_00096439 - DEF_E_PD_00096439

DEF_E_PD_00096472 - DEF_E_PD_00096472

DEF_E_PD_00097568 - DEF_E_PD_00097569

DEF_E_PD_00097932 - DEF_E_PD_00097932

DEF_E_PD_00097935 - DEF_E_PD_00097935

DEF_E_PD_00098742 - DEF_E_PD_00098807

DEF_E_PD_00025432 - DEF_E_PD_00025432

DEF_E_PD_00025447 - DEF_E_PD_00025447

DEF_E_PD_00099925 - DEF_E_PD_00099925

DEF_E_PD_00025450 - DEF_E_PD_00025450

DEF_E_PD_00054107 - DEF_E_PD_00054109

DEF_E_PD_00026037 - DEF_E_PD_00026037

DEF_E_PD_00055731 - DEF_E_PD_00055735

DEF_000323116 - DEF_000323116

DEF_000323117 - DEF_000323117

DEF_000323119 - DEF_000323119

DEF_000323942 - DEF_000323949

**DOCUMENT REQUEST NO. 3:**

Produce all documents concerning rioting, arson, looting, and any protests at or near Fordham Road in the Bronx on June 1, 2020, including but not limited to arrests information.

**DOCUMENTS PRODUCED:**

Responsive documents have previously been produced and can be located at:

DEF_000075676 - DEF_000075676

DEF_000104406 - DEF_000104408

DEF_000159213 - DEF_000160202

DEF_000224372 - DEF_000224876

DEF_000161162 - DEF_000161228

DEF_000162464 - DEF_000162464

DEF_000173703 - DEF_000173703

DEF_000285436 - DEF_000285561

DEF_000285579 - DEF_000285603

DEF_000228532 - DEF_000228532

DEF_000174210 - DEF_000174324

DEF_000164124 - DEF_000164177

DEF_000228538 - DEF_000228544

DEF_000164214 - DEF_000164215

DEF_000257428 - DEF_000258417

DEF_000229585 - DEF_000230089

DEF_000266672 - DEF_000266686

DEF_000268030 - DEF_000268032

DEF_000268331 - DEF_000268334

DEF_000268367 - DEF_000268372

DEF_000268417 - DEF_000268423

DEF_000268424 - DEF_000268429

DEF_000268430 - DEF_000268435

DEF_000268561 - DEF_000268564

DEF_000268947 - DEF_000268950

DEF_000272894 - DEF_000272899

DEF_000287090 - DEF_000287168

DEF_E_PD_00056706 - DEF_E_PD_00056708

DEF_E_PD_00057897 - DEF_E_PD_00057915

DEF_E_PD_00102325 - DEF_E_PD_00102325

DEF_E_PD_00064959 - DEF_E_PD_00064962

DEF_E_PD_00066961 - DEF_E_PD_00066964

DEF_E_PD_00066979 - DEF_E_PD_00066982

DEF_E_PD_00067014 - DEF_E_PD_00067016

DEF_E_PD_00069189 - DEF_E_PD_00069192

DEF_E_PD_00070976 - DEF_E_PD_00071005

DEF_E_PD_00071022 - DEF_E_PD_00071051

DEF_E_PD_00071093 - DEF_E_PD_00071111

DEF_E_PD_00072025 - DEF_E_PD_00072026

DEF_E_PD_00072782 - DEF_E_PD_00072786

DEF_E_PD_00073095 - DEF_E_PD_00073095

DEF_E_PD_00074971 - DEF_E_PD_00074971

DEF_E_PD_00075762 - DEF_E_PD_00075791

DEF_E_PD_00077741 - DEF_E_PD_00077741

DEF_E_PD_00084797 - DEF_E_PD_00084797

DEF_E_PD_00084914 - DEF_E_PD_00084914_0001

DEF_E_PD_00105012 - DEF_E_PD_00105013

DEF_E_PD_00087163 - DEF_E_PD_00087163

DEF_E_PD_00105927 - DEF_E_PD_00105956

DEF_E_PD_00092038 - DEF_E_PD_00092041

DEF_E_PD_00106466 - DEF_E_PD_00106479

DEF_E_PD_00093304 - DEF_E_PD_00093304

DEF_E_PD_00094641 - DEF_E_PD_00094642

DEF_E_PD_00094644 - DEF_E_PD_00094646

DEF_E_PD_00094825 - DEF_E_PD_00094826

DEF_E_PD_00094827 - DEF_E_PD_00094828

DEF_E_PD_00094846 - DEF_E_PD_00094848

DEF_E_PD_00094849 - DEF_E_PD_00094849

DEF_E_PD_00095564 - DEF_E_PD_00095566

DEF_E_PD_00095937 - DEF_E_PD_00095938

DEF_E_PD_00096719 - DEF_E_PD_00096721

DEF_0324144 - DEF_0324144


Dated:       New York, New York
             March 1, 2022


                         HON. SYLVIA HINDS-RADIX
                         Corporation Counsel of the
                          City of New York
                         *Attorney for Defendants*
                         100 Church Street, Room 3-197
                         New York, New York 10007
                         (212) 356-3545
                         sriordan@law.nyc.gov


             By:    *Shannon Riordan* /s
                    _____
                    SHANNON RIORDAN
                    *Assistant Corporation Counsel*

- 31 -