

March 3, 2022

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

  Re: **In re: New York City Policing During Summer 2020 Demonstrations,
    1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases**

Dear Judge Gorenstein:

  I write on behalf of all Plaintiffs, in response to the Court's inquiry.  We would ask to meet today at 3:00.  And if not today at 3:00, we would ask to meet in the first slot available.

  We understand that the Court has suggested the parties meet and confer about the document production, and Plaintiffs are certainly willing to do so, but we submit that this is premature.  In order for a meet and confer to be productive, Defendants need to comply with the Court's February 18, 2022 Conference Order first, which is why we believe (at least a short) conference is necessary immediately.  We acknowledge that, given Defendants' apparent lack of availability (*see* Defendants' position on page 3), setting a conference today may be difficult.  So if the Court cannot schedule a meeting for today, given that Defendants are not available to meet until fully a quarter of the time left before their March 18 deadline, the Court hold a conference Friday at either of the times proposed.[1]

  The fundamental problem with the Defendants' conduct in document discovery is that, a year after document requests were first served, Plaintiffs still don't know what they are getting, what Defendants are withholding, and why. As the Court recognized at the February 11th Conference, there have been multiple Orders requiring Defendants to produce this information:

> THE COURT:  I keep trying, I keep trying to get the City to just state what they're producing and what they're objecting to …

2/11/2022 Tr. 117:19-23.  At the next Conference, on February 18, 2022, the Court issued an Order requiring Defendants to make a chart that clearly and succinctly provided this information:

> [P]ut together a chart … It says what – and I'm going over this again, I know, but I want to make it really clear. It says [1] what you're going to produce, and if appropriate you can say [2] how you're going to produce it, you need to specify that. [3] And then say here's what we're not going to do,

---

[1] We are sure, if the Court does so, Defendants will find an attorney with availability.



and here's the burden of it, and that's why we're not going to do it.

2/18/2022 Tr. 99:2:12.

Defendants chart simply does not provide this information. And that makes more meeting and conferring useless. An example will help. Take Document Request 4. This request, in the first set of consolidated requests served a year ago, seeks essential training documents, relevant to almost all the claims, and useful to prepare for and use in numerous depositions:

> Provide all Documents concerning policies, procedures, directives, and training materials relating to any and all subjects described in Request No. 1 [a list of 16 topics] promulgated during or following protests regarding the 2004 Republican National Convention or any of the lawsuits related to the policing of those protests.

In the Court Ordered chart, Defendants simply say:

> Responsive documents previously provided.

This response is perplexing. Defendants have previously objected to producing documents on some of these topics, and at the recent Conference, successfully objected to producing documents from the 2004 Republican National Convention. *See* 2/18/2022 Tr. 89-91. Based on this cursory response, it would appear Defendants have withdrawn every single objection to this Request, because they do not say they are withholding anything. But the truth is that Defendants have not produced these materials, on all 16 topics, going back to 2004, and it is doubtful they are waiving every single objection to this Request.

Further, the Defendants continue to refuse to identify, by Bates numbers or otherwise responsive documents they claim they have previously produced. As an example, the discovery response to the Gray demands was due on December 22, 2021. In a January 7, 2022 meet and confer, the City has agreed they were at an impasse with the Gray team concerning this bate stamping identification issue related to the Gray document demands.[2] Yet, during the February 18, 2022 conference with Your Honor, the Defense agreed that providing Bates numbers may be the best solution. But the chart the Defense shared did not cure this issue. This same issue underlies many of the entries in the chart. Defendants repeatedly state that documents have been produced, but do not provide Bates numbers or even a production date. Without this information, Plaintiffs cannot accept these representations, and based on Plaintiffs own review, these assertions are inaccurate. If Defendants have been keeping careful track of their productions, it should be easy for them to pinpoint what was produced when. If they have not been keeping track, in detail, any assertions that all documents have bene produced in response to a request are based on little more

---

[2] The meet and confer was attended by Dara Weiss, Jenny Wang, and Nadine Ibraham for the City, and Robert Balin, Wylie Stecklow, Mickey Osterreicher, Abigail Everdell, Kathleen Farley, and Alicia Calzada for the Gray Plaintiffs. It lasted approximately one hour.

COHEN&GREEN                                                                                                 Page 2 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



than conjecture or assumption.  If Defendants claim documents have been produced, they should be specific and provide Bates numbers for those documents, or some other detail that will allow Plaintiffs to pinpoint these documents in the productions.

Other examples exist in the letter filed last night — but suffice to say, this is the tip of an iceberg.  And the problem is that theoretically, all of this *was* settled by Court ordered meet and confers, after extremely detailed briefing and thoughtful orders, and this chart appears to be a reset to square one.

Consequently, we believe a Conference should be held today, at 3 p.m., to give Defendants one last chance to either say exactly what they are going to produce, and what they are withholding (and why) — and commit to providing that in writing within two or three business days.  If they persist in saying, repeatedly, they have already produced documents, without disclosing what they are withholding, that is a waiver of every single objection.  And if Plaintiffs discover documents are missing, as we often have, Defendants must then produce everything, regardless of burden or any other objection.

Until we get a chart with accurate information, or an Order finding that any unasserted objections have been waived by not providing information on the chart, further meet and confers will not be productive.  The foundation of these discussions is knowing what Defendants are and are not producing, and without that foundation, it is hard to move forward.  Further, we need to know what Defendants are withholding well before the March 18, 2022 deadline to produce all documents, so Plaintiffs can address any issue before this deadline.  Plaintiffs will be unduly prejudiced if they have to start reviewing documents on March 18th and discover gaps.

Defendants' position is as follows:

> Defendants would like to reschedule the conference for some time next week.  We believe, and the Court has indicated, that it would preferable for there to be "more conferring/resolving and less for (the Court) to decide."  Defense counsel are unavailable today or tomorrow to confer with plaintiffs' counsel, and suggested scheduling a meeting for early next week.  If the parties meet on Monday or Tuesday, defendants are hopeful that there will be little for the Court to have to resolve during a conference Tuesday or Wednesday.
>
> Additionally, Mx. Green listed what appears to be only a few examples from the 101 consolidated document requests.  We don't know if that encompasses all issues all counsel have with all 300+ requests.  As such, prior to any meet and confer, defendants would request that they be provided with a full and complete list of all the issues that counsel for plaintiffs intend to discuss, so that we may be fully prepared to have a fruitful discussion.  As such, defendants request that the Court reschedule the conference to Tuesday afternoon, or any time on Wednesday, to give the parties sufficient time to attempt to resolve any issues without Court intervention.

Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Unfortunately, this response (1) suggests that Defendants did not hold the Court-Ordered conference time; and (2) misses the forest for the trees: the issue isn't that Plaintiffs have some minor nits about individual requests. It's that Defendants didn't do the basic core of the assignment — and walked back a huge number of settled commitments in the process. Getting to ground on *that* cannot wait. And beyond that, apparently Defendants simply don't have the time to meet before a conference at the beginning of the week.

It also is very necessary to immediately address Defendants' cancelation and adjournment of a large number of high-level deponents — one with the explanation that they simply were "not prepared" for the deposition, others with no explanation at all — because if Defendants cannot keep the deposition dates the Court has twice ordered them to provide (*see* ECF Nos. 330; 303), the schedule will be impossible to keep with or without an extension. This also suggests ongoing issues with the Corporation Counsel's staffing that are likely to impact document production. Further, there are ten consolidated cases, and scheduling for Plaintiffs is difficult. We have been holding open dates, and preparing, for many weeks. Sudden changes are prejudicial.

Thus, we would ask the Court to keep the timeslot for today — in light of the fact that apparently Defendants don't have anyone available to even discuss this until next week, anything else is cutting things too close to the March 18 deadline.

Respectfully submitted,

/s/
_____

J. Remy Green
 *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com