


March 4, 2022

**Via ECF**
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

> Re:   *In re: New York City Policing During Summer 2020 Demonstrations,*
> *No. 20-CV-8924*
> *This Filing is Related to All Cases*

Dear Judge Gorenstein:

We represent the Plaintiffs in *Payne* and on behalf of all Plaintiffs write respectfully to request that the Court impose sanctions on Defendants for their failure to comply with this Court's Order to produce certain documents and responses to interrogatories on or before March 3. *See* Dkt. No. 408.[1] Defendants have failed to produce any documents relating to Edward Mullins' circulation of a racist video or concerning the CCRB investigation into the same. Likewise, Defendants did not produce responses to *Payne* plaintiffs' Second and Third Interrogatories and Document Requests and did not produce any of the videos or other documents sought. Nor have Defendants sought an extension of the deadline in this order. Accordingly, pursuant to Rule 37,

---

[1] Specifically, the Court ordered the Defendants to produce:

> (1) all documents concerning Edward Mullins' circulation of a racist video in August 2019, including any investigations into this action and any discipline or recommendations of discipline that were made; and (2) all documents concerning the February 2021 CCRB substantiation of three complaints against Mullins for offensive language and abuse of authority.

With respect to the *Payne* plaintiffs Second and Third Interrogatories and Document Requests, the Court ordered as follows:

> Defendants shall answer the interrogatories and respond to Plaintiffs' Second Requests by March 3, 2022. Similarly, Defendants' objections to the Third Requests other than to privilege are overruled and Defendants shall answer Interrogatories 18, 19, and 20, and respond to Requests Nos. 1-7 and 10-11 by March 3, 2022. Additionally, Defendants shall produce all documents and videos that are responsive to Plaintiffs' Second and Third Requests by March 3, 2022.

1

we respectfully seek sanctions for this failure to comply with a Court order and further request that the Corporation Counsel show cause before this Court why the staffing of  this case is not inadequate.

Rule 37(c) of the Federal Rules of Civil Procedure  provides that "[i]If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," including the preclusion of evidence and striking of defenses.  Further, Rule 37(c)(2)(C) provides that, in addition to the orders above, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

First, plaintiffs respectfully seek an award of attorney's fees for the cost of making the motions at Dkt. Numbers 370  and 374, as well as this motion. Defendants' complete failure to participate in discovery and comply with their obligations has needlessly multiplied proceedings and prejudiced the plaintiffs.

Second, given that this Court already has ordered Defendants to pay attorney's fees for failing to comply with their discovery obligations, *see generally* 2022-02-11 Tr. 93:22-94-2, it is clear that this is not sufficient. Plaintiffs therefore request additional sanctions for their failure to produce the Mullins documents, including preclusion of any defense related to Mr. Mullins. Further, to avoid going through this process with respect to each outstanding item of discovery, Plaintiffs respectfully request that the Court order the Defendants' counsel to show cause as to why their staffing of the case is not inadequate and why a more senior member of the Office of the Corporation Counsel should not be personally involved for each response and filing. Specifically, Plaintiffs request that the Corporation Counsel appear before this Court to explain the proper of this case.

* * *

For the foregoing reasons, Plaintiffs respectfully request the imposition of sanctions and a conference for Defendants' counsel to show cause as to their non-compliance with this Court's orders.

Respectfully submitted,

NEW YORK CIVIL LIBERTIES UNION FOUNDATION

By:  *s/Molly K. Biklen*
    Molly K. Biklen
    Jessica Perry
    Daniel R. Lambright
    Robert Hodgson
    Lisa Laplace
    Christopher T. Dunn
    125 Broad Street, 19th Floor
    New York, NY 10004
    (212) 607-3300
    jperry@nyclu.org
    mbiklen@nyclu.org
    dlambright@nyclu.org
    rhodgson@nyclu.org
    llaplace@nyclu.org
    cdunn@nyclu.org

*Attorneys for the Payne Plaintiffs*

Cc: All counsel of record

THE LEGAL AID SOCIETY

By: *s/ Corey Stoughton*
    Corey Stoughton
    Jennvine Wong
    Rigodis Appling
    199 Water Street
    New York, NY 10038
    (212) 577-3367
    cstoughton@legal-aid.org
    jwong@legal-aid.org
    rappling@legal-aid.org