**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE 3/4/2022

--------------------------------------------------------------x

In Re: New York City Policing During Summer 2020
Demonstrations                                                          20-cv-8924 (CM)(GWG)

--------------------------------------------------------------x

### ORDER DENYING THE PEOPLE OF THE STATE OF NEW YORK'S OBJECTIONS AND AFFIRMING THE ORDER OF THE MAGISTRATE JUDGE GRANTING TO MOTION TO DISQUALIFY

McMahon, J.:

The plaintiffs in these consolidated cases allege that the City of New York (the "City"), the New York City Police Department (the "NYPD"), and certain individuals employed by the City violated the plaintiffs' constitutional rights during protests held beginning in May 2020. I presume familiarity with the facts of these cases, which are set forth in this court's July 9, 2021, decision and order granting in part and denying in part the defendants' motion to dismiss the Amended Complaints. *See* Dkt. No. 191.

One of the plaintiffs, the People of the State of New York, represented by the New York State Office of the Attorney General (referred to in this order as "Plaintiff"), designated Dr. Edward R. Maguire as an expert witness. On December 4, 2021, the City moved to disqualify Dr. Maguire. Dkt. No. 312. On January 24, 2022, Magistrate Judge Gorenstein entered a memorandum opinion and order granting the City's motion to disqualify Dr. Maguire as an expert witness (the "Order of the Magistrate Judge," or the "Order"). Dkt. No. 361.

Before the court are Plaintiff's Rule 72 Objections to the Order of the Magistrate Judge (the "Objections"). Dkt. No. 282. For the reasons set forth below, the Order of the Magistrate Judge is AFFIRMED.

## BACKGROUND

The City moved to disqualify Dr. Maguire as an expert on the ground that he had previously been retained by another party to this lawsuit – namely, the City, which is adverse to the Attorney General.

The City did indeed retain Dr. Maguire back in 2020 in connection with its investigation of the NYPD's handling of the June 2020 protests, *i.e.* the same policing that is the subject of the instant litigation.

On June 20, 2020, New York City Mayor Bill de Blasio issued Executive Order No. 58 pursuant to which the New York City Law Department Office of Corporation Counsel (the "OCC") – the legal department of the City – was required to conduct a review of the NYPD's response to protests in New York City following the May 25, 2020, murder of George Floyd by a Minneapolis police officer. *See* Executive Order No. 58 § 1(a). The Executive Order required that the OCC conduct "a separate analysis . . . of factors that may have impacted the events at protests." *Id.* The OCC's role was to understand the events, look at the circumstances around those events, and develop recommendations to be implemented going forward. Order at 2. The OCC's report was prepared by a special team of Assistant Corporation Counsels who were "walled off" from the OCC attorneys litigating protest-related matters. *Id.* at 3.

The special OCC team retained Dr. Maguire, an expert on policing, violence, and crowds. *Id.* Dr. Maguire signed an NDA in connection with his work on the OCC report which required that he "keep all Confidential Information strictly confidential and not disclose it to any person, except as required for [Dr. Maguire] to work on the [OCC Review] and only to individuals employed by [Dr. Maguire] who need to know the information in order to work on the [OCC Review] on behalf of [Dr. Maguire]." *Id.* at 4 (citing the NDA at 1; Maguire Decl. ¶¶ 15-17).

Dr. Maguire's role with the OCC involved assessing NYPD policies and practices; advising the review team on issues including crowd psychology, best practices in policing protests, and related behavioral science; contributing to the content of the report; and vetting and endorsing all of the recommendations in the report. Order at 5. In connection with his work on the OCC report, Dr. Maguire was privy to countless "confidential documents from the NYPD and other City agencies." *Id*. at 6.

Nonetheless, on June 16, 2021, Plaintiff informed the City of its intention to retain Dr. Maguire as an expert witness in this litigation. *See* Defendant the City's Memorandum of Law in Opposition to Plaintiff's Rule 72 Objections ("Opposition"), Dkt. No. 411 at 4. After a series of meet-and-confers during which the City registered its objections to Plaintiff's retention of Dr. Maguire in light of the conflict of interest, Plaintiff confirmed its official retention of Dr. Maguire on September 1, 2021. *Id*.

## LEGAL STANDARD

The order to which Plaintiff objects is non-dispositive in nature. Upon objection to a magistrate judge's order on a non-dispositive matter, the district court may only modify or set aside any portion of the order that it finds to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The district court does not conduct a *de novo* review of a non-dispositive order; rather, it applies a deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

An order is "clearly erroneous" when the entire evidence leaves the district court "with the definite and firm conviction that a mistake has been committed." *FDIC v. Providence Coll.*, 115 F.3d 136, 140 (2d Cir. 1997) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68

S.Ct. 525, 92 L.Ed. 746 (1948).   An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson v. Keane*, No. 95-cv-2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996). A magistrate judge's resolution of discovery disputes deserves substantial deference. *Thompson*, 1996 WL 229887, at *1.

A magistrate judge's order on a dispositive matter, however, must be reviewed by the district court *de novo* in the face of an objection.   Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

Plaintiff has not argued that the underlying order is dispositive in nature and therefore this court should give *de novo* consideration to the matter, and I agree that this is not a dispositive order within the meaning of 28 U.S.C. §636(b)(1)(A).   However, whether under a deferential or a *de novo* scope of review, this court concurs with Magistrate Judge Gorenstein's ruling on the matter. I thus affirm the Order of the Magistrate Judge disqualifying Dr. Maguire as an expert witness in these cases.

## DISCUSSION

The party moving to disqualify another party's expert witness bears the burden of demonstrating why that witness should be disqualified.   To prevail on a motion to disqualify an adversary's expert witness who has previously been retained by the moving party, the movant must demonstrate two elements: (1) that it "held an objectively reasonable belief in the existence of a confidential relationship with the challengedwo expert; and (ii) during the relationship there was a disclosure of confidential or privileged information to the expert that is relevant to the current litigation." *Junger v. Singh*, 514 F. Supp. 3d 579, 598 (W.D.N.Y. 2021) (internal quotation and punctuation omitted); *accord Auto-Kaps, LLC v. Clorox Co.*, 2016 WL 1122037, at *2 (E.D.N.Y. Mar. 22, 2016).   And as previously held by this court, courts may "also consider whether 'the

public [has] an interest in allowing or not allowing the expert to testify.'" *In re Namenda Direct Purchaser Antitrust Litig.*, 2017 WL 3613663, at *3 (S.D.N.Y. Aug. 21, 2017).

Plaintiff objects to the Order of the Magistrate Judge because of the Magistrate Judge's purported failure to (1) determine whether the moving party demonstrated potential prejudice, and (2) consider less-drastic remedies than disqualifying Dr. Maguire as a witness.

Both objections are entirely without merit.

## A. The Order of the Magistrate Judge correctly held that a separate showing of prejudice or a risk of prejudice is not required to disqualify an expert.

Plaintiff maintains that to disqualify its expert, the City was also required to demonstrate how it would be prejudiced by Dr. Maguire's continued involvement in the case as Plaintiff's expert witness. *See* Plaintiff's opposition to the City's motion to disqualify, Dkt No. 321 at 11.

Magistrate Judge Gorenstein rejected Plaintiff's argument that the City was also required to demonstrate potential prejudice, holding that once the moving party demonstrates public interest and the two *Junger* elements (set forth above), "case law imposes no additional burden that the movant prove some specific 'prejudice' that would result if the disclosed information was used against the prior employer." Order at 6. Nonetheless, Plaintiff maintains that because the City did not demonstrate "that they would be unfairly prejudiced by Dr. Maguire's testimony, correction of the Magistrate Judge's legal error requires reversal of his disqualification order." Objections at 10.

Not so.

As the learned Magistrate Judge held, disqualification based on an expert's receipt of confidential information from an adverse party does not require a specific showing of potential prejudice to the moving party. The case law in this Circuit is not to the contrary. None of the cases

cited by Plaintiff in support of its Rule 72(a) motion affords a basis to modify or set aside the Order of the Magistrate Judge.

Relying on *Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*, 2021 WL 5362256 (SLC) (S.D.N.Y. June 2, 2021), *report and recommendation adopted*, 2021 WL 4706162 (LJL) (S.D.N.Y. Oct. 7, 2021) ("*Loc. 3621*"), Plaintiff argues that at least some Second Circuit cases "expressly require[s] a party seeking to disqualify an expert to 'identify specific and unambiguous disclosures' of confidential information to the expert '*that if revealed would prejudice the party*' seeking disqualification." Objections at 11 (citing *Local 3621* at *4) (emphasis added). But the plain language of *Loc. 3621* – as quoted by Plaintiff – makes clear that there is no additional requirement that the movant demonstrate "likely prejudice" as a separate element. The *Loc. 3621* court did not create an additional element; its ruling merely emphasized that the second *Junger* element – that confidential disclosures were in fact made to the expert – is satisfied only if the moving party can point to specific and unambiguous disclosures that expert that, if revealed, would prejudice that party. When a moving party has demonstrated that it previously disclosed to the expert confidential or privileged information that is relevant to the current litigation, the court presumes that the former client would be prejudiced if the information were revealed.

Potential prejudice is of course not irrelevant to the inquiry. As Magistrate Judge Gorenstein explicitly held, "Disqualification is designed to protect the integrity of the judicial process by ensuring that experts do not use, even wittingly, confidential information that they learned from a party in the course of an earlier engagement against that party in a later lawsuit." Order at 7. Disqualification exists to eliminate the risk of prejudice to parties that would

necessarily flow from a party's former expert sharing – purposefully or not—that party's confidential information with that party's adversary in a subsequent, yet related matter.

The Magistrate Judge's holding that a separate showing of prejudice or a risk of prejudice is not required to disqualify an expert is not contrary to the law. Accordingly, Plaintiff's objection on is denied.

**B. The Magistrate Judge was not required to consider less-drastic remedies than disqualification.**

Plaintiff's second challenge to the Order is that the Magistrate Judge's failure to consider less-drastic remedies than disqualification of Dr. Maguire as an expert witness in light of the conflict is contrary to the law.

This argument can be disposed of quickly.

Plaintiff's objection relies on "the public's exceptionally vital interest" in this litigation and Dr. Maguire's purported "unique expertise" in the central issues of the consolidated cases. While there is no do doubt that this is an important litigation, that importance does not justify the use of an expert witness by one party when that expert was previously engaged by an adversary to consult on the same subject matter. I agree with the Magistrate Judge that Plaintiff's stated goal of promoting the public's interest in lawful protest policing is of course "a laudable one," but "it does not logically follow that any action taken to further that goal *ipso facto* outweighs the public interest in the integrity of the proceedings." Order at 18. A different but equally important public interest is served by actions taken by the court to "protect the integrity of the judicial process by ensuring that experts do not use, even unwittingly, confidential information that they learned from a party in the course of an earlier engagement against that party in a later lawsuit." *Id.* (quoting *Gordon v. Kaleida Health*, 2013 WL 2250506, at *5 (W.D.N.Y. May 21, 2013)).

Plaintiff argues that the important of these cases and the unique expertise of Dr. Maguire required the Magistrate Judge to consider remedies other than disqualification. Perhaps there are cases where this might be true, but this case is not one of them. In this case, one litigant plans to use the services of an expert who was specifically retained by its adversary to conduct an investigation into the *exact same* subject matter of the litigation. The Magistrate Judge properly determined that Dr. Maguire cannot realistically compartmentalize the confidential information to which he was privy in connection to his work with the OCC from information that he learns only in connection with this lawsuit. That Plaintiff disagrees with Judge Gorenstein's determination does not render the Order either clearly erroneous or contrary to the law; the fact that reasonable minds may differ on the wisdom of granting a party's motion is not sufficient to overturn a magistrate judge's decision. *Edmonds v. Seavey*, 2009 WL 2150971, at * 2 (S.D.N.Y. July 20, 2009).

Plaintiff's Rule 72 objections are denied.

## CONCLUSION

Plaintiff's Rule 72 Objections are DENIED and the order of the Magistrate Judge granting the City's motion to disqualify Dr. Maguire as an expert witness is hereby AFFIRMED.

Dated: March 4, 2022

_____
United States District Judge

BY ECF TO ALL COUNSEL