

March 9, 2022

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

Re:    **In re: New York City Policing During Summer 2020 Demonstrations,
1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases**

Dear Judge Gorenstein:

I write on behalf of the Plaintiffs in the consolidated case above.  I write regarding seeking sanctions for Defendants' repeated violation of the "48-hour rule" the Court set for various deposition documents.  Defendants' continued refusal to follow this Court's Orders clearly calls for an escalation in sanctions — and an explanation from someone higher-up at the City (either the division head, as ordered for another set of violations, or the Corporation Counsel herself) as to why this keeps happening.

The Court first set the "48-hour rule" on August 19, 2021, requiring Defendants to provide documents relating to a witness two business days in advance of that witness's deposition.  *See* 2021-08-19 Tr. 15:19-16:23.  After Defendants violated the rule in a dramatic fashion — dumping hours of body-worn camera footage the day before a deposition — the Court restated this 48-hour rule on the record at that deposition:

> "Here's my ruling. You have to follow the 48 hour rule. … If you don't, then -- I mean I don't know what to tell you. I don't know how to solve the problem or sanction you or whatever but it's your responsibility, and, frankly, I'm a little bit outraged that you couldn't do this very basic thing."

Lackos Tr. 179:11-180:1 (an excerpt of the transcript covering the call to the Court is attached as **Exhibit 1**).  The Court then imposed a sanction requiring Defendants to re-produce Sgt. Lackos for a second deposition date.

Despite this, and other *repeated* cautions about how the Court's orders must be followed, the City has continued to violate these unambiguous orders.  For the depositions[1] in recent weeks, Defendants have missed the 48-hour deadline as follows:

---

[1] This list does not include the depositions Defendants have unilaterally cancelled because, apparently,, they were not prepared to go forward, though, as discussed at the March 4th conference, this violates the Court's order to limit such cancellations to emergencies. *See* ECF No. 330.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com

4861-3125-6338v.1 0201731-000001



| Deponent | Deposition Time | Deadline | Documents Produced |
|---|---|---|---|
| Dep. Comm. Benjamin Tucker | Fri., Feb. 23, 10.00 a.m. | Wed., Feb. 21, 10.00 a.m. | Wed., Feb. 21, 6:38 p.m. |
| Sgt. Daniel Slevin | Thurs., Feb. 24, 10 a.m. | Tues. Feb. 22, 10 a.m. | Wed. Feb. 23, 1:07, 2:06, and 3:17 p.m. |
| PO Stephanie Alba | Weds., Mar. 2, 10 a.m. | Mon., Feb 28, 22, 10 a.m. | Some produced Mon. Feb. 28, 3:44 p.m.; others not produced before noticed deposition, and it had to be adjourned (with City objecting to recalling witness after production of outstanding documents) |
| William Mansour | Wed., Jan. 12, 10:00 a.m. | Mon., Jan. 10, 10:00 a.m. | Mon., Jan. 10, 3:38 p.m. |
| Dep. Ch. Gerard Dowling | Th., Feb. 10, 10:00 a.m. | Tue., Feb. 8, 10:00 a.m. | Tue., Feb. 8, 3:53 p.m. |
| Lt. Thomas Carey | Mon., Mar. 7, 10:00 a.m. | Thu., Mar. 3, 10:00 a.m.. | Thu., Mar. 3, 2:09 p.m. |
| Capt. Omar Birchwood[2] | Mon., Mar. 7, 10:00 a.m. | Thu., Mar. 3, 10:00 a.m.. | Thu., Mar. 3, 9:05 p.m.; with amendments to the list of protests sent on Sun. Mar. 6, at 4:24 p.m. |
| Lt. Keith Hockaday | Friday, Mar. 11, 10:00 a.m. | Wednesday, Mar. 9, 10:00 a.m. | Defendants stated they would only be able to produce the required body-worn camera footage "about 1-2 weeks" from March 8, forcing Plaintiffs to adjourn the deposition. |

Obviously, not a single one of these is a full two business days in advance.[3]  Some, like Slevin or Birchwood, are very close to *zero* business days.  In others, the amount of material dumped has been highly prejudicial — just like what the Court already chastised Defendants for doing in the Lackos deposition.

For example, the Alba deposition was simply adjourned because of the volume of missing material.  And for the Slevin deposition, Defendants first produced several key documents relating to the incident at issue at 1:07pm the day before the deposition.  They compounded this problem by producing 3 long audio files (each about an hour long) and a 15-minute video at 2:06 p.m., and then provided bates numbers for hours of body-worn camera footage of the relevant arrest about an hour later at 3:17p.m.  Although Plaintiffs' counsel regrouped to review the initial set of late documents, when the City dumped hours of video and audio on top of an already-tardy production, it became nearly unsustainable and it didn't even leave enough business hours to listen through the audio and watch the video in whole before the deposition.  Plaintiffs' counsel was

---

[2] Capt. Birchwood's deposition was later canceled because the City offered Judgment under Rule 68 in the *Yates* case.

[3] Given these issues, along with many others, Plaintiffs are making a separate application for a protocol that is more appropriately tailored to higher-level deponents, whose depositions require even more coordination across the eight litigation teams and therefore warrant a rule that relevant documents and information should be produced much earlier than 48 hours before the examination. .



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



forced to work deep into the night reviewing the files.  Finally, the Gray Plaintiffs were forced to postpone yet another deposition, scheduled for Friday, March 11, because on Tuesday, March 8, the City stated that it would not be able to produce the Court-Ordered body camera footage for "about 1-2 weeks."

All of that causes all kinds of delays (where it doesn't just outright prevent discovery from working).  And these delays turn preparation for depositions into a scramble to coordinate — to say nothing of the time required for Plaintiffs to send many emails reminding Defendants that documents are missing.  While the urgency of higher-level depositions has been lessened somewhat, the impact of Defendants' continued violations of the Court's orders is dramatic and needs addressing.  As the Court put it, "we can't function if [Defendants] don't read and comply with Court orders."  2022-02-11 Tr. 93:7-14 (attached as **Exhibit 2**).  And this history seems to reflect a continued failure on both fronts.

Thus, Plaintiffs respectfully suggest that Defendants be "sanctioned by awarding the attorneys' fees that [Plaintiffs] had to go through to bring this to [the Court's] attention" — as the Court set out for previous violations.[4]  2022-02-11 Tr. 93:22-94-2.  That said, this is a pattern.  *See generally,* 2022-02-11 Tr.  So, Plaintiffs would ask that the Court issue a warning that more dramatic sanctions will follow if the City continues to fail to "do this very basic thing."  Lackos Tr. 179:11-180:1.  And Plaintiffs ask that the Court — as it did on Dkt. No. 431 — direct that any opposition to this motion be signed by Patricia Miller (the Division Chief of the Special Federal Litigation unit at the Law Department), or perhaps given that the violations of orders continue, the Corporation Counsel herself.

Once again, we thank the Court for its continued time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**Cohen&Green P.L.L.C.**
*Attorneys for Sow Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

[4] This is not to suggest that framing covers anything close to the actual amount of time the teams have spent on this application or in attempting to timely obtain the Court-ordered documents— only that we are modeling the proposed sanction on what the Court ordered previously to simplify this process.

