UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x

In Re: New York City Policing During Summer 2020
Demonstrations.

Case No. 1:20-cv-10291
- - - - - - - - - - - - - - - - - - - - - - - - - x

                              Web Conference

                              December 16, 2021
                              10:06 A.M.


            DEPOSITION OF SERGEANT STEVEN LACKOS,

taken by the attorneys for Plaintiffs, pursuant to

Order, held via web conference before Andrea

Bloecker, a Notary Public within and for the State

of New York, on the above date and time.

APPEARANCES:

THE LAW OFFICE OF MICHAEL L. SPIEGEL
        Attorney for Plaintiff Sierra
        48 Wall Street, Suite 1100
        New York, New York 10005

BY:   MICHAEL L. SPIEGEL, ESQ.


LETITIA JAMES, ESQ.
        Attorney General of the State of New York
        Attorney for Plaintiff People of the
        State of New York
        28 Liberty Street
        New York, New York 10005

BY:   LILLIAN MARQUEZ, ESQ.


COHEN & GREEN, PLLC
        Attorneys for Plaintiffs Sow
        1639 Centre Street, Suite 216
        Ridgewood, New York 11385

BY:   REMY GREEN, ESQ.


GEORGIA M. PESTANA, ESQ.
        Corporation Counsel
        Attorney for Defendants --
        City of New York, et al
        100 Church Street
        New York, New York 10007

BY:   DANIEL BRAUN, ESQ.


ALSO PRESENT:

WYLIE STECKLOW, ESQ.

JENNVINE WONG, ESQ.

2                    S T I P U L A T I O N S

3

4           IT IS HEREBY STIPULATED AND AGREED by and

5      between the attorneys for the respective parties

6      herein, that the sealing and filing of the within

7      deposition be waived.

8

9           IT IS FURTHER STIPULATED AND AGREED that

10     such deposition may be signed and sworn to before

11     any officer authorized to administer an oath, with

12     the same force and effect as if signed and sworn to

13     before the officer before whom said deposition is

14     taken.

15

16          IT IS FURTHER STIPULATED AND AGREED that

17     all objections, except as to from, are reserved to

18     the time of trial.

19

20

21

22

23

24

25

1

2          THE REPORTER:  It is hereby

3      stipulated and agreed by and between

4      counsel for all parties present that this

5      deposition is being conducted remotely by

6      video conference, and that the court

7      reporter, witness and all counsel are in

8      separate remote locations and

9      participating via Zoom or any web

10      conference meeting platform under the

11      control of Bee Reporting Agency, Inc.

12          It is further stipulated that this

13      videoconference will not be recorded in

14      any manner and that any recording without

15      the express written consent of all

16      parties shall be considered unauthorized,

17      in violation of law and shall not be used

18      for any purpose in this litigation or

19      otherwise.

20          Before I swear in the witness, I

21      will ask each counsel to stipulate on the

22      record that I, the court reporter, may

23      swear in the witness even though I am not

24      physically in the presence of the witness

25      and that there is no objection to that at

```
 1
 2          this time, nor will there be an objection
 3          at a future date.
 4              MR. SPIEGEL:  So stipulated.
 5              MR. BRAUN:  Agreed.
 6              THE REPORTER:  Mr. Braun, can you
 7          represent that to the best of your
 8          knowledge and belief the witness
 9          appearing today via web conference is in
10          fact Sergeant Steven Lackos?
11              MR. BRAUN:  Yes.
12              THE REPORTER:  Mr. Braun, will you
13          be ordering a copy of the transcript?
14              MR. BRAUN:  I want to request a
15          copy of the transcript pursuant to Rule
16          30(f).
17              MR. SPIEGEL:  Remy, did you want to
18          make a statement now before we start?
19              MX. GREEN:  Yes.  Thank you.
20              I appear to be getting a little
21          echo.  Let me know if that gets bad.
22              In an August 19, 2021 conference in
23          front of the judge, the court ordered --
24          and I'm quoting here from page 16 of the
25          transcript -- Okay, so that's the ruling
```

then.  You have to provide it two days
ahead of the deposition, and I'm very
hopeful that's what's going to happen,
and if not, I'm sure I'm going to hear
about it.  That's the end of the quote.

It in that context was referring to
the documents that are required before a
deposition under a separate court
reporter.  Mike sent a reminder to
Corporation Counsel on Tuesday because we
had not received any documents 48 hours
in advance or two business days in
advance, as the court has ordered and as
the Corporation Counsel as failed to do
repeatedly in this case.

Even then, later that day, we got
some documents, but it wasn't until
yesterday morning that we got 33 videos
comprising -- this is a rough estimate --
at least five hours of video.  That's
unreasonable.  It violates a court order
and it's not okay.

Beyond that, by agreement of the
party and by Court Order, Corporation

Counsel is supposed to be sending a list

of protests that officers attended that

is generated by asking them about what

protests they remember but also by

reviewing their activity logs.

Sergeant Lackos' activity logs make

very clear that he was at certain

protests and they were not included in

the cover letter or list of protests that

Corporation Counsel sent.  Instead, there

is no list that Corporation Counsel sent.

Corporation counsel has repeatedly

and in multiple ways violated Court

Orders relative to this deposition and so

we are reserving the right to call

Sergeant Lackos back.

Sergeant Lackos, I'm sorry about

that.  If your counsel had followed court

orders, that wouldn't be happening.

MR. BRAUN:  Please note my

objection for the record.

MX. GREEN:  What objection is it?

Are you saying that you did not violate

court orders?

1

2          MR. BRAUN:  Again, please note my

3     objection for the record.

4          MX. GREEN:  So you're unwilling to

5     say you didn't violate court orders?

6          MR. BRAUN:  Again I note my

7     objection for the record.  I believe that

8     much of what was stated there was not

9     accurate.

10          MX. GREEN:  What parts?

11          MR. BRAUN:  Mx. Green, I would like

12     to move on.  I just note my objection for

13     the record, please.

14          MX. GREEN:  Okay.

15          I will note that Mr. Braun was not

16     able to identify a single thing that was

17     inaccurate.

18          Let's move on.

19          MR. BRAUN:  I object to that as

20     well.

21          MX. GREEN:  Okay.

22          What was inaccurate?

23          MR. BRAUN:  Well, you said a lot

24     there.  Amongst other things, my

25     understanding of what was sent to you in

terms of the sergeant's recollection
about the specific dates that he was at
is not entirely accurate and we object as
well to you trying to keep this
deposition open.

MX. GREEN: Okay.

Did you follow the court order to
disclose things two business days ahead
of time?

MR. BRAUN: Again note my objection
for the record and let's please move
on.

MX. GREEN: Okay.

Again I will note that you still
have not identified a single specific
thing that was inaccurate and you have
not even remotely suggested that the
Corporation Counsel has complied with the
courts orders.

MR. BRAUN: I object to your
characterization of what I said but I've
noted my objection for the record.

-oOo-

2    alarm.  You said earlier that sometimes you could

3    arrest with probable cause just for public annoyance

4    and alarm and so I'm asking you what your

5    understanding of that crime is.

6              MR. BRAUN:  Objection.

7    A      I'm relating it to disorderly conduct.

8    Q      Is it your understanding that there's no

9    difference between public annoyance and alarm and

10   disorderly conduct?

11   A      That -- that could be part of disorderly

12   conduct I'm saying.  There's a couple things under

13   disorderly conduct that you could be arrested for,

14   blocking vehicle traffic is one, causing public

15   annoyance and alarm is part of it, reasonable

16   noise.

17             MX. GREEN:  Let's pause here

18             because I think we have the judge on the

19             line.

20             MR. STECKLOW:  The judge is calling

21             in now and asked that you take everything

22             down on the record.

23             JUDGE GORENSTEIN:  Hello, it's

24             Judge Gorenstein.

25             MX. GREEN:  Good afternoon, Judge.

2              You have Remy Green and Wylie Stecklow

3              for the plaintiffs here and Daniel Braun

4              for defendants.

5                   MR. BRAUN:  Good afternoon, Your

6              Honor.

7                   JUDGE GORENSTEIN:  What's the

8              application?

9                   MX. GREEN:  Let me summarize it

10             very quickly.

11                  Defendants produced yesterday

12             morning about six hours of footage

13             consisting of 33 videos and the day

14             before at the end of the day produced 110

15             pages of memo book, along with a letter

16             saying that the witness here today could

17             not remember any Schedule A protest

18             that he was at.

19                  At the August 19 conference, the

20             court ruled on your application to get

21             these kind of things in advance of

22             depositions.  I'm quoting from the

23             transcript here, That's the ruling then.

24             You have to provide it two days ahead of

25             deposition, and I'm very hopeful that's

2          what's going to happen, and if not, I'm

3          sure I'm going to hear about it.

4               Across the balance of depositions,

5          I think the majority we have not been

6          getting it 48 hours in advance but

7          typically it hasn't been a massive dump

8          of video or massive dump of body-worn

9          camera.  However, in two of the last few

10         depositions, we've been getting multiple

11         hours within 24 hours of a deposition of

12         footage and massive document dumps also

13         under 48 hours before a deposition.

14              It makes it extraordinarily

15         difficult to, you know, at a minimum

16         schedule who needs to be there.  So I was

17         not planning to be at this deposition and

18         only found out that the witness had been

19         at a number of the protests that are

20         important to us yesterday, and the reason

21         I only found out yesterday was because

22         the list of protests they put together

23         just said he didn't remember any of the

24         Schedule A protests, even though his memo

25         book, which we got after that, showed a

1

2       number, and then based on the video

3       footage that we saw yesterday, there were

4       others that even the memo book didn't let

5       us know about.

6           What's happening is that the City

7       is objecting to us keeping the deposition

8       open or calling the witness back so that

9       we actually have the proper opportunity

10      to prepare to question on this.  I

11      believe Mr. Stecklow can give a little

12      more detail --

13          JUDGE GORENSTEIN:  Can I cut to the

14      chase on this.

15          MX. GREEN:  Yes.

16          JUDGE GORENSTEIN:  It doesn't sound

17      like my ruling is going to make any

18      difference for today, right?  You're

19      going to do whatever you do today and

20      then you can make an application to bring

21      the witness back and they'll have their

22      response.  I don't understand why we're

23      doing this now.

24          MX. GREEN:  I think part of it is

25      whether we spend four hours going through

2          video footage in a way that is not

3          prepared as opposed to calling it for the

4          day and coming back when we are

5          adequately prepared.

6                    JUDGE GORENSTEIN:  I see.  All

7          right.  Okay.

8                    Did you finish or is there more?

9                    MR. STECKLOW:  Yes, Judge, This is

10         Wylie Stecklow.  I think I had a little

11         more to add just about specifics.

12                    As Mx. Green had said, this is the

13         second time in recent weeks this has

14         occurred.  The other time this was with

15         the Stevens deposition.  On both dates,

16         it seemed like the body-worn camera that

17         was produced within really just only one

18         business day of the deposition had been

19         organized and in the City's hands a month

20         or two before or a few weeks before.

21                    As an example, in the current

22         deposition of Officer Lackos, on the Axon

23         summary doc it shows that it was

24         generated October 14, 2021 but was not

25         turned over until 8:50 A.M. yesterday.

2          As for Officer Stevens, it showed

3          that it was generated on November 29,

4          2021 but it was not turned over until

5          that Friday, December 3, at 6 P.M., when

6          the deposition was for that following

7          Monday.

8          So it just seems over and over this

9          has now happened a bunch of times, we've

10          gotten way too much documentation and

11          body-worn camera video too close in time.

12          We've handled it up until now but because

13          both Officers Stevens and Lackos have a

14          tremendous amount of body-worn camera

15          video and dates that they were at

16          protestors it was next to impossible to

17          prepare properly for their depositions.

18          So I made the same objection on the

19          record during Officer Stevens' deposition

20          and that's why we're asking the court now

21          for a ruling, so we know where we stand.

22          JUDGE GORENSTEIN:  I'll hear from

23          the City.

24          MR. BRAUN:  Thank you, Your

25          Honor.

2          Let me just begin by saying I can

3     only speak to today's deposition.  I have

4     not had any personal involvement with any

5     of the other depositions.

6          In terms of today's deposition, I

7     am told by my colleagues who were tasked

8     with producing the documents specific to

9     today's deposition that the materials

10     were produced earlier as well.  I

11     understand from Mx. Green's

12     representation that they claimed that

13     they did not get those documents, but in

14     counsel's discussions on the record

15     earlier in the deposition, Mx. Green had

16     said that they reviewed all the footage

17     that was produced specific to today's

18     deposition.

19          So, although the City objected to

20     keeping the deposition open, the City

21     also is in the position that it's not

22     really necessary to be calling the court

23     because from our perspective this may not

24     be a ripe issue.  We're about four and a

25     half hours into the record.  The sergeant

2          is here.  Counsel for plaintiff has

3          stated that they reviewed all the footage

4          and so the sergeant is here ready to

5          testify.

6               The sergeant's recollection,

7          whatever that may be, has no bearing on

8          Mx. Green's review of the footage, which

9          Mx. Green said they had already reviewed.

10              The City also expressed on the

11         record to Mx. Green that insofar as we

12         maintain our objection but there are many

13         questions that are not covered in today's

14         deposition that Mx. Green had sought to

15         ask based on materials that Mx. Green

16         reviewed that were specifically produced

17         with respect to today's deposition, then

18         Mx. Green can raise it with the City at

19         that point.

20              So the City thought that this was

21         somewhat of a --

22              JUDGE GORENSTEIN:  I'm on criminal

23         duty so you have to hold on for a second.

24         I have to do this.

25              MR. BRAUN:  Sure.

2          JUDGE GORENSTEIN:  Anything else

3     from the City?

4          MR. BRAUN:  No.  Just that the City

5     was of the view that if this becomes a

6     live issue in this deposition then the

7     parties could address the City's

8     objection at that point and see if they

9     could work it out before taking up the

10     court's time.

11          JUDGE GORENSTEIN:  Okay.

12          Here's my ruling.  You have to

13     follow the 48 hour rule, and if you don't

14     then -- I'm talking to the City, you're

15     going to put yourself in this

16     predicament.

17          I'm not going to sit and judge

18     whether they should have done this with

19     whatever they got yesterday or last

20     night.

21          You have to follow the 48 hour

22     rule.  If what that means you have to

23     postpone a deposition, then you'll

24     postpone it, and then it may create more

25     problems and different kinds of problems

1

2    but they'll be problems of the City's

3    making if they don't do it 48 hours in

4    advance.

5          MR. BRAUN:  Just to be clear, Your

6    Honor, plaintiff didn't request -- I just

7    want to specify for the record that

8    plaintiff did not request that today's

9    deposition be postponed.

10          JUDGE GORENSTEIN:  Okay.

11          Well, then that does in itself

12    create a little bit of an equity issue in

13    terms of if they thought they couldn't do

14    it I don't understand why they didn't

15    seek that.  Maybe I should get an answer

16    to that question.

17          If you didn't have enough time to

18    prepare, why didn't you seek to

19    postpone.

20          MR. STECKLOW:  Judge, I'm sorry,

21    having been to so many depositions, there

22    are eight different cases consolidated

23    here.  Each of them have different dates

24    of incident that they're concerned about.

25    So the fact that one of the eight may be

2              able to go forward because they have a

3              very narrow focus, doesn't mean that the

4              Sow litigation, which has a much broader

5              focus, doesn't mean it would also be able

6              to go forward.

7                   If the court believes that one of

8              the eight combined litigations needs to

9              adjourn that means we should adjourn the

10             deposition for anybody, we could go

11             forward with that understanding.

12                  Also, Judge, I just want to clarify

13             in your prior ruling it was 48 hours,

14             a/k/a two business days, and I want to

15             make sure that's the same ruling.

16                  JUDGE GORENSTEIN:  Yes, two

17             business days.

18                  MR. STECKLOW:  Thank you, Your

19             Honor.

20                  JUDGE GORENSTEIN:  I mean I don't

21             understand why the City puts us in this

22             position.  It seems crazy to me.

23                  Is there some explanation for why

24             you couldn't follow my order?

25                  MR. BRAUN:  Your honor, I was not

2          personally tasked with producing those

3          documents, so I'm afraid I'm not

4          personally able to address that.

5               JUDGE GORENSTEIN:  All right.

6               MR. BRAUN:  I'm just here attending

7          the deposition.

8               JUDGE GORENSTEIN:  That's fine.

9          I'm not going to blame plaintiffs for not

10          seeking to postpone.

11               Going forward, you have to do it

12          two business days in advance.  If you

13          don't, then -- I mean I don't know what

14          to tell you.  I don't know how to solve

15          the problem or sanction you or whatever

16          but it's your responsibility, and,

17          frankly, I'm a little bit outraged that

18          you couldn't do this very basic thing,

19          and if you can't do it, then you need

20          to -- if there's something that makes it

21          impossible in a particular case, then you

22          need to immediately reach out to the

23          plaintiffs' attorneys and not act like

24          well, we'll just go forward and, you

25          know it's their problem.  It's the

2          City's problem.

3               So if you don't do it two days in

4          advance you have to reach out to the

5          attorneys and see if they want to go

6          forward or not, and if they don't, then

7          you're going to have to postpone it.

8               So for today, yes, bring the

9          witness back if that's what the

10         plaintiffs think they need.

11              Anything else you need from me?

12              MX. GREEN:  No.  Thank you,

13         Judge.

14              JUDGE GORENSTEIN:  Anything from

15         the defendant?

16              MR. BRAUN:  Not at this time, Your

17         Honor.

18              JUDGE GORENSTEIN:  Okay.

19              Thank you, everyone.  Good bye.

20              MR. STECKLOW:  Thank you, Your

21         Honor.

22              Off the record.

23              (Whereupon, a discussion was held

24         off the record.)

25              (Whereupon, Mr. Stecklow left the