

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JENNY WENG**
Senior Counsel
jweng@law.nyc.gov
Phone: (212)356-2648
Fax: (212)356-1148

March 11, 2022

**VIA ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*In Re: New York City Policing During Summer 2020 Demonstrations*,
    20 Civ. 8924 (CM)(GWG)

Your Honor:

    I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and one of the attorneys assigned to the defense in this matter. Defendants write in light of the Second Circuit's decision reversing in part the district court's decision denying the motion to intervene of the Police Benevolent Association of the City of New York, Inc. ("PBA") with a proposal for the remainder of fact discovery. We respectfully propose a temporary stay on conducting additional paper discovery beyond what has already been ordered to be produced and a stay of all depositions so that the PBA can review the voluminous discovery conducted to date while the parties take this opportunity to focus on settlement of this matter. The parties conferred this afternoon about this proposal and plaintiffs are unable to provide their position on this request at this time.[1] However, the defendants did not want to delay presenting this to the Court in light of upcoming depositions and the defendants' pending application.

---

[1] Specifically, plaintiffs' position to the Court is as follows: "Defendants' general proposal to stay discovery was first provided verbally at 2 pm today (a Friday), with almost no details of what settlement discussions Defendants seek to have. Plaintiffs requested Defendants' proposal in writing, and received another general summary of Defendants' proposal by email after 4 pm. In light of the late notice of their intent to seek a stay of discovery as well as Defendants' refusal to delay this submission until early next week, Plaintiffs are unable to provide their position on this request at this time. Plaintiffs intend to file a response with the Court after they've had an opportunity to review Defendants' letter."

**Relevant Background**

On March 3, 2021, the Police Benevolent Association of the City of New York, Inc. ("PBA") and the Sergeant Benevolent Association of the City of New York, Inc. ("SBA") filed Notice of Appearances and moved to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a) in the consolidated actions in this matter, asserting interests in the litigation that it argues the parties to the action cannot adequately represent. (ECF Nos. 44-50). On March 4, 2021, the Detectives Endowment Association of the City of New York, Inc. ("DEA") also moved to intervene as of right. (ECF Nos. 51-53). On April 28, 2021, the Honorable Judge McMahon denied the three unions' motions to intervene, without prejudice to renew if the City agrees to any proposed settlement or content decree that impacts the unions' collective bargaining rights, or if the Court proposes to order injunctive relief that does so. (ECF No. 148). On May 19, 2021, the PBA appealed the district court's decision. (ECF No. 154). On March 4, 2022, the Second Circuit reversed, in part, the district court's denial of intervention with respect to the actions seeking declaratory or injunctive relief and held that the PBA has an interest in any demand for injunctive relief but not demands for monetary relief. (ECF No. 432). As a result of this ruling, it is expected that the intervening parties will need to familiarize themselves with that portion of discovery that has happened in the last year (including document productions and deposition transcripts).

**Status and Proposal in light of the Second Circuit's decision**

At the last conference before the announcement of the Second Circuit decision, the Court proposed (but have not yet ordered) that discovery be extended to June. After the announcement, Your Honor stayed depositions of Rule 30(b)(6) witnesses and high level depositions reasoning that the intervenors would be have an interest in these types of depositions to the extent they may relate to injunctive relief. However, after digesting the Second Circuit decision and the relevant procedural history of this matter, defendants respectfully propose that discovery beyond what has already been ordered to be produced, including all depositions, be temporarily stayed. This, respectfully, is for efficiency, practical and fairness reasons.

First, in less than a year, defendants alone have produced about half a million pages and hundreds of hours of video footage in discovery. This does not account for the productions made by plaintiffs. Defendants intend to produce all Relativity productions, which accounts for the vast majority of defendants' productions, to PBA by March 18, 2022. Other productions which total around three terabytes (3TB), including open and closed CCRBs and aviation footage, are time consuming to download and can be produced as soon as they are available after March 18th. The discovery material that will be produced to PBA by March 18, 2022 is significant and thus, any additional time to produce the remaining will not prejudice the PBA. It is anticipated that the PBA will need time to review this voluminous record to date before they can meaningfully participate in this litigation. As to how much time may be appropriate for the intervenors to review the productions from both parties and be ready to engage in discovery, we leave to the Court's discretion.

Second, the Court is already holding in abeyance the depositions of high level and Rule 30(b)(6) witnesses, but not line officer depositions.[2] Pursuant to the Court's order on March 4,

---

[2] The Court also ordered the PBA to file a pleading that sets out its claim or defense on or about March 18, 2022 and to serve any discovery requests of its own on or before March 25, 2022. (ECF 434).

2022, earlier today, the defendants provided dates for a list of deponents identified by plaintiffs.[3] There are other depositions that were already scheduled and certain individual plaintiffs' deposition that must still be scheduled. It is defendants' position that the intervenors could very well be interested in participating in line officer depositions. The defendants understand that the Second Circuit affirmed that portion of the Honorable Colleen McMahon's ruling concerning intervention by the PBA in matters where injunctive relief is not implicated. We also understand that, according to the Second Circuit decision, individual officers' "concerns over policing policies regarding officer safety are of discounted importance" to the broader issue of injunctive relief. (ECF 432 at p. 20). However, the defendants believe that the PBA may be interested in attending or participating in these types of depositions to better understand how such testimony could impact injunctive relief. Therefore, while Your Honor ruled that such depositions can proceed, we believe the Court should also consider the part such testimony could play toward the intervenors' stated objectives. In addition, we believe it would be unfair to ask that these officers be potentially pulled away from their duties twice if their depositions were to proceed as currently scheduled.

Third, while only PBA appealed and thus the Second Circuit addressed PBA's right to intervene, the Sergeant Benevolent Association of the City of New York, Inc. ("SBA") and the Detectives Endowment Association of the City of New York, Inc. ("DEA") had also moved to intervene in this matter. The analysis set forth in the Second Circuit decision would apply to the SBA and DEA as well. It is unclear at this time whether and how they intend to proceed and this would impact the litigation of these cases. Their participation would also impact discovery, including line officer depositions.

Finally, on January 4, 2022, Your Honor held a conference, at defendants' request, regarding movements toward settlement of these cases. Defendants received monetary demands in *Yates*, *Wood* and *Sierra*. The parties in *Yates* have been negotiating settlement and on March 8, 2022, Yates accepted an Offer of Judgement issued by the City pursuant to Rule 68. The parties in *Wood* and *Sierra* have had some preliminary discussions about settlement but negotiations have stalled. On March 3, 2022, the remaining consolidated cases provided a 23-page terms for declaratory and injunctive relief. The Court directed a couple of months ago that plaintiffs give us all demands. To date we have not received demands in the other consolidated cases, including the other purported class actions. Now might be a good time for plaintiffs to take a pause and provide reasonable demands. Defendants believe that some time should be spent on the defendants working through this laborious declaratory/injunctive demand; for plaintiffs to provide the outstanding monetary demands, and for the parties to work through some of these issues, preferably through a mediator or the Court. Of course, as a result of the Second Circuit decision, the PBA, and possibly SBA and DEA, would need an opportunity to focus on resolving this matter. Defendants submit that it might be more productive for the intervenors to become familiar with discovery and then participate in settlement, rather than continue with additional depositions and paper discovery.

---

[3] By email dated March 8, 2022, plaintiffs identified 24 individuals whose depositions had to be scheduled by today. We provided dates for 11 of those individuals. On the chart were individuals who are considered "high level official" or not "line officer", i.e. members of NYPD's Legal Bureau, whose depositions are (or should be) held in abeyance. One deponent is currently on vacation, one deponent is on maturity leave, one cannot be identified by surname only, and one was already deposed.

**Conclusion**

  For these reasons, defendants respectfully propose a temporary hold on conducting additional discovery beyond what has already been ordered to be produced and all depositions so that the PBA can review the voluminous discovery conducted to date while the parties take this opportunity to focus on settlement of this matter. Thank you for your consideration herein.

                   Respectfully submitted,

                   *Jenny Weng* /s/

                   Jenny Weng
                   *Senior Counsel*
                   Special Federal Litigation

cc:  Honorable Colleen McMahon (via ECF)
    United States District Judge

    All Counsel (via ECF)