



March 15, 2022

**Via ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York

>        Re:     *In re: New York City Policing During Summer 2020 Demonstrations,*
>                *No. 20-CV-8924*
>                *This Filing is Related to All Cases*

Dear Judge Gorenstein:

        We write on behalf of counsel for all plaintiffs in these consolidated actions in response to
Dkt. 448, the New York City defendants' ("the City's") letter request dated March 11, 2022, and
Dkt. 449, the Police Benevolent Association's ("the PBA's") letter dated March 14 joining that
request. The City has proposed[1] a sweeping and indefinite "stay on conducting additional paper
discovery beyond what has already been ordered to be produced and a stay of all depositions" in
light of the Second Circuit's decision regarding the PBA's intervention motion. Dkt. 448 at 1.
However, the Circuit granted the PBA intervenor status in only four out of the eight consolidated
cases based on its narrow interest in injunctive relief affecting officer safety. The plaintiffs oppose
the City's requested stay because it would unnecessarily frustrate the parties' and the Court's
interest in continuing to move these consolidated cases forward, and it would undermine the
progress recently made in addressing the City's repeated delays.

        The plaintiffs respectfully submit that an amended discovery schedule—rather than a
stay—would appropriately accommodate the effects of intervention.[2] The need to amend the
parties' discovery schedule to accommodate the City's continued failure to produce responsive
documents was already well-established before the PBA was granted intervention. Accordingly,
the plaintiffs propose that the following discovery deadlines ordered in Dkt. 303 (Oct. 27, 2021)
be expanded by six months, as follows, to avoid undue prejudice to the plaintiffs caused by the
City's 9+ months of delay in producing responsive written discovery and to accommodate the
PBA's intervention:

---

[1] To the extent that the City's letter request "relate[s] to discovery," the City did not comply with the Court's
individual rules.

[2] The mandate has not yet been issued and the plaintiffs reserve their rights to further review of the Second Circuit's
decision. In the interest of efficiency, however, the plaintiffs do not seek to stay any discovery pending the issuance
of the mandate.

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Depositions Completed (non-expert) | April 22, 2022 | October 21, 2022 |
| Plaintiffs' Liability Expert Reports Served | May 16 | November 16 |
| Defendants' Liability Rebuttal Reports Served | June 20 | December 20 |
| Letters to Court on Summary Judgment | June 14 | December 14 |
| Close of All Discovery/Close of Expert Depositions | July 29 | January 27, 2023 |
| Class Certification Motions | July 29 | January 27, 2023 |

***The City Has Not Justified Its Request for an Indefinite Stay***

The City's proposal to stay indefinitely "paper discovery beyond what has already been ordered to be produced" is ambiguous at best.  In support of this request, the City first relies on vague assertions regarding the interests of anticipated intervenors in having sufficient time to review the large amount of discovery produced so far in these consolidated cases. *See* Dkt. 448 at 2. The plaintiffs agree that the PBA will need time to "review discovery to date," Dkt. 449 at 1, but it does not follow that it would serve anyone's interest to halt the progress of *the City's* long-delayed production of written discovery.

Put simply, there is no connection between the City's request and the basis it articulates: the PBA can get up to speed regardless of whether the City is producing more paper discovery that it will inevitably need to produce. The fact that intervenors will be receiving and processing large amounts of previously-produced material does not suggest or support the need for a blanket stay pausing the City's document discovery obligations—which are now largely focused on ongoing discussions, disputes, clarifications, and negotiations regarding the plaintiffs' requests—and the plaintiffs are concerned that such a stay would in fact create a backlog of disputes and delays long into the future. The Court, in fact, already agreed when counsel noted that it made a lot of sense to use the necessary time the PBA is spending getting up to speed to "mak[e] sure that before all of these depositions we actually get document discovery as close to done as we can." Mar. 14 Tr. at 36:2-8. The City's proposal does the exact opposite. And given the backlog it will create, the City's proposal will also interfere with the PBA getting whatever discovery it seeks from the City.

Indeed, the Court is well aware of the City's repeated failures to meet its discovery obligations, and there has been accelerating momentum generated from the steady progress of recently-decided disputes. *See* Dkt. 410 (Feb. 18, 2022) (noting City's violation of two prior discovery orders and requiring production of documents responsive to pending requests by March 18); *but see* Dkt. 413 (Feb. 25, 2022) (interim deadline extension request regarding chart); Dkt.

445 (Mar. 11, 2022) (subsequent request for extension to April 15).[3] If the City were permitted to hit "pause" on all ongoing and related demands, follow-up requests, negotiations, and productions, that momentum would disappear. Furthermore, if the City's request were granted, the most likely result would be satellite and unnecessary litigation over what is and is not subject to the stay. The City's request simply cannot be squared with its invocation of "efficiency, practical[ity] and fairness," Dkt. 448 at 2, and it should be denied.

The City also argues that *all* depositions should be stayed indefinitely because "the intervenors could very well be interested in participating in line officer depositions." *Id.* at 3. Leaving aside the speculative nature of the City's assertion and the fact that the PBA's letter did not address it, *see* Dkt. 449, the City's request ignores the limitations of the Circuit's decision. The Second Circuit declined to permit intervention in damages-only cases, *see* Dkt. 448 at 3 (citing Dkt. 432 at 20), and identified the interest in *injunctive relief* affecting officer safety as the basis of the PBA's intervention. The plaintiffs submit that the Court already properly balanced that interest against the need to keep other matters moving forward when it temporarily held in abeyance a relatively small number of high-level depositions but explicitly permitted the continued progress of other depositions, *see* Mar. 4 Tr. at 35:9-24. And it also balanced those interests with the paper-discovery delays that are "all the City's fault," Feb. 14 Tr. at 109:8-10, in agreeing that it made sense to use this as a scheduling "blessing in disguise" to catch up, Mar. 14 Tr. at 36:2-8. Whatever interest the PBA may have in the effect of line officer depositions on injunctive and declaratory claims can be addressed by the availability of deposition transcripts. Particularly in light of the fact that the vast majority of officer depositions have already occurred, finishing out this group of deponents while there is an opportunity to do so and an open deposition calendar prior to the re-commencement of high-level depositions should remain a priority.[4]

Finally, the City inappropriately references settlement matters as a justification for an order requiring the "plaintiffs to take a pause." Dkt. 448 at 3. The plaintiffs will not further that practice by explaining on an open docket why the defendants' statements are misleading. *See, e.g.*, Dkt. 346 ("There are many problems with City's [letter — among them,] the letter improperly refers to settlement discussions"). The plaintiffs have been and continue to be committed to exploring potential resolutions to their cases, and would be happy to engage in discussions with the City, but the City's proposal to pause indefinitely many of its discovery obligations is neither necessary nor even reasonably calculated to facilitate any resolution.

---

[3] The defendants still have not provided the plaintiffs with a revised version of the chart setting forth their position on outstanding discovery (as ordered by the Court several weeks ago), despite their agreement to provide an updated chart on March 14. *See also* Dkt. No. 420 (Letter from Dara Weiss, dated Feb. 28, 2022, requesting extension of Court-ordered deadline for the defendants to produce certain audit trail logs from March 1 to March 15).

[4] The plaintiffs dispute the City's unilateral assertion that ten of the individuals whose depositions the plaintiffs believe should still be scheduled are considered "high level officials" whose depositions have been held in abeyance.

### *The Plaintiffs' Proposed Amended Schedule Properly Accommodates*
### *The Effect of Anticipated Intervention*

While the indefinite stay proposed by the City should be denied for all the reasons stated above, the plaintiffs acknowledge that the anticipated addition of one or more intervenor defendants will have a significant effect on the consolidated case calendar. Taking into account those delays that were already present when this Court considered extending the deposition deadline by several months—prior to the Second Circuit's decision, *see* March 4 Tr. at 22:11-13 (discussing extending April deadline into June)—the plaintiffs submit that their proposed amended calendar reasonably accounts for the additional effects of intervention while also ensuring steady progress towards the final resolution of these consolidated cases.

The plaintiffs have continued and will continue to work diligently to schedule and complete those depositions that can be conducted under the Court's current orders, and to continue identifying and resolving discovery disputes with the City.  That said, with initial written discovery requests from the PBA not yet served, *see* Dkt. 434 (ordering PBA to serve requests by March 25), with the City's ongoing delays in producing even those documents that have already been ordered, *see* Dkt. 445 (City extension request seeking April 15 deadline), with additional documents that the plaintiffs still await, and with difficult-to-schedule high-level depositions stayed, *see* Mar. 4 Tr. at 35:9-24, it seems plain that a discovery extension more significant that that previously contemplated by the Court will be required. By adding six months to those discovery deadlines first set in October 2021, *see* Dkt. 303, the plaintiffs propose that the Court would be setting a realistic new series of dates that will still require continuous, prompt, and efficient progress towards the completion of discovery while accommodating the addition of anticipated intervenors whose presence will necessarily require time and process to integrate.

For all these reasons, the plaintiffs respectfully ask that the Court deny the City's request for a stay and order the proposed amended discovery deadlines listed above.

Sincerely,


By: /s/ *Robert Hodgson*                        By: /s/ *Corey Stoughton*
Robert Hodgson                                  Corey Stoughton
Molly K. Biklen                                 Jennvine Wong
Jessica Perry                                   Rigodis Appling
Daniel R. Lambright                             The Legal Aid Society
Daphna Spivak                                   199 Water Street
Lisa Laplace                                    New York, N.Y. 10038
Christopher T. Dunn                             (212) 577-3367
New York Civil Liberties Union                  cstoughton@legal-aid.org
       Foundation
125 Broad Street, 19th Floor
 New York, N.Y. 10004
 (212) 607-3300
 rhodgson@nyclu.org

*Attorneys for Plaintiffs in 20 Civ. 8924*