

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | T‍HE C‍ITY OF N‍EW Y‍ORK<br>**L‍AW D‍EPARTMENT**<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | **AMY ROBINSON**<br>*Senior Counsel*<br>arobinso@law.nyc.gov<br>Phone:  (212) 356-3518<br>Fax:  (212) 356-1148 |

**By ECF**                                                                                                                                        March 15, 2022

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        In Re:  *New York City Policing During Summer 2020 Demonstrations*,
                No. 20 Civ. 8924 (CM) (GWG)
                This filing is related to all cases

Your Honor:

        I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter.  Defendants write in response to plaintiffs' letter to the Court, dated March 9, 2022, (Dkt. No. 439).

        In August 2021, the Court ordered that that certain documents and video be provided to defendants *two* business days before a defendant-witness deposition.  *See* Aug. 19, 2021, Court Tr. 15:19-16:23.  As per the Court's order, the pre-deposition production protocol includes producing:

1. The officer's Activity Logs (including everything on his department cell, including scratch summonses, arrest reports, Desk Appearance investigation sheets—everything) for each of the Schedule A List of Protest Locations that he was present for,
2. The officer's independent recollection of any of Schedule A protests (he may have an activity log that shows he was at a protest, but does not recall it, whereas he may have a specific recollection of certain the protests).  Defendants are required to produce the officer's recollections, if any,
3. The Bates-numbers of any protest-related TRI Reports, Medical Treatment of Prisoner forms, Aided cards, Arrest Reports, Summonses, Complaint Reports and Desk Appearance Tickets from Relativity that the officer has,
4. The officer's IAB Report,
5. The officer's CPI Report,
6. The officer's Training Record,
7. The officer's CCRB Report, and

8. The officer's BWC footage

At the outset, defendants apologize for the late production of BWC video pertaining to Officer Lackos, the deposition during which the Court was called. Often, the pre-deposition productions are made in two separate transmission via Kiteworks, a secure system for providing documents. One Kiteworks transmission is for documents; one for the video. With respect to the Lackos deposition, defendants mistakenly did not send the second Kiteworks transmission. Defendants recognized the error and offered to bring the officer back for a continued deposition at their expense. This deposition was referenced in plaintiffs' letter although it was not part of the chart provided. Defendants want to take the opportunity to explain the circumstances of that late transmission.

With respect to chart in plaintiffs' March 9th letter to the Court, as shown below, the protocol was followed regarding the eight depositions with minor exceptions. Plaintiffs have misstated the timing requirement set by the Court by counting minutes and hours, instead of days. As shown below, defendants have been, and are in, substantial compliance with the pre-deposition production protocol and the *two* business day rule set forth by the Court.

1. <u>Deputy Commissioner Benjamin Tucker</u>. Four pages of documents were produced thirty-eight minutes past close of business (i.e. past 6:00 p.m.) on the date which they were due. The only information contained in these pages was a paragraph regarding training and a command discipline Commissioner Tucker received in 1978.
2. <u>Sgt. Daniel Slevin</u>. Plaintiff received the pre-deposition materials within two business days of the deposition at 4:05 p.m., with the exception of an activity log (1 page), a memorandum (2 pages), and the arrest report for an arrest the Sergeant supervised at an unrelated protest (2 pages). Plaintiffs claim that other documents and video were not timely produced is not accurate. Plaintiffs requested updated underlying CCRB and IAB files, *which are not part of the pre-deposition protocol*.
3. <u>Officer Stephanie Alba</u>. Plaintiff received the pre-deposition materials within two business days of the deposition as shown on plaintiffs' chart. Plaintiffs' claim that, "Alba's deposition was simply adjourned because of the volume of missing material," is not accurate with respect to the pre-deposition protocol materials. This is in reference to their request for updated underlying CCRB files, *which are not part of the pre-deposition protocol*.
4. <u>Officer William Mansour</u>. Plaintiff received the pre-deposition protocol materials within two business days of the deposition as shown on plaintiffs' chart.
5. <u>Chief Gerard Dowling</u>. Plaintiff received the pre-deposition protocol within two business days of the deposition as shown on plaintiffs' chart.
6. <u>Lt. Thomas Carey</u>. Plaintiff received the pre-deposition protocol within two business days of the deposition as shown on plaintiffs' chart.
7. <u>Capt. Omar Birchwood</u>. Plaintiffs received the documents three hours late. This deposition is assigned to a new attorney on the protest team who did not anticipate the amount of time it would take to compile the materials, which is an extremely time-consuming task. Defendants apologize for the tardiness of this production. This deposition was cancelled by plaintiffs upon Cameron Yates' acceptance of a Rule 68 Offer of Judgment.

8. <u>Lt. Keith Hockaday</u>. Plaintiffs unilaterally cancelled this deposition on the morning of the date that materials were due on the grounds that they would not receive the BWC footage for two officers, neither of whom is Lt. Hockaday. BWC footage of officers other than the deponent is *not part of the pre-deposition protocol.*

As mentioned above, plaintiffs have frequently demanded documents within this two-day window that are not within the protocol, including IAB and CCRB files, and other officers' BWC footage, and then threaten to, or have, cancelled depositions on the basis that they did not receive these additional documents. To be clear, defendants are not intentionally delaying pre-deposition production in advance of defendant-witness depositions. However, in calculating the timing, defendants believe they have followed the Court's instructions to provide the Court-ordered material in *two* days, even though that might be less than the 48 hours which plaintiffs are suggesting should be the standard.

Defendants want to take the opportunity to raise two other matters concerning depositions. First, plaintiff have indicated in their March 9th letter that they will be making an application for a different protocol for high-level deponents. Defendants agree that when the depositions of high ranking officers and Rule 30(b)(6) witnesses are re-scheduled, a different standard should be adopted for those depositions. Defendants have proposed to plaintiffs that the protocol used in <u>Bellamy v. City of New York</u> 12-cv-1025 (AMD) (PK) (Dkt. No. 138) should be adopted in these cases. The parties have even conferred over use of this protocol. Plaintiffs have rejected this proposal without explanation. Defendants can provide a more fulsome proposal at a later date but want to raise it preliminarily in this letter concerning depositions. Second, there were two recent defendant-witness depositions that had to be cancelled for reasons other than an "emergency" but for good cause. The deposition of Captain Palaj, the Commanding Officer of SRG 5 had to be re-scheduled, because he was advised three days before his deposition that his command (and thus his appearance) was required to attend COMPSTAT. This deposition has since been re-scheduled. Chief Galati's deposition was adjourned to facilitate his attendance at the funerals of the two recently-murdered NYPD officers. Although these issues were not in plaintiffs' application, we want to bring them to the Court's attention so that defendants cannot be accused of non-compliance with the Court's orders.

In sum, defendants have demonstrated that they are in substantial compliance with the pre-deposition production protocol, and that their actions were not willful or contumacious. Thus plaintiffs request for sanctions is not warranted. Defendants therefore request that plaintiffs' application for sanctions be denied.

Thank you for your consideration herein.

Respectfully submitted,

*Amy Robinson s/*

Amy Robinson
*Senior Counsel*
Special Federal Litigation Division

cc:     ALL COUNSEL (*via* ECF)