

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | DARA L. WEISS<br>*Senior Counsel*<br>daweiss@law.nyc.gov |
|---|---|---|

March 11, 2022

**VIA ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

MEMORANDUM ENDORSED

      Re: <u>In re: New York City Policing During Summer 2020 Demonstrations,</u>
          20-CV-8924 (CM)(GWG)

Your Honor:

      I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing Defendants in the above referenced matter. Defendants writes to update the Court on its efforts to collect and produce various tranches of documents the Court has ordered it to produce by Friday, March 11th (the "March 11th Documents") as well as documents the Court has ordered Defendants to produce by Friday, March 18th (the "March 18th Documents"), and to respectfully request that the Court extend the deadline to produce both the March 11th and March 18th Documents until Friday, April 15th Plaintiffs do not consent to this request.

**Background**

      Defendants have diligently worked to identify and collect the March 11th and 18th Documents. Through the end of last week, the Law Department received over 7,000 documents from the NYPD including command logs, MAPC spreadsheets, material related to the RNC protests, press clippings, C-summonses, arrest reports, aided reports, property vouchers, CCRB files, IAB logs, training material, TARU video and additional assorted NYPD documents. On March 8, the Law Department received an additional 53 gigabytes of data.

      The Law Department has dedicated significant resources to reviewing and preparing these documents for production. Nine attorneys have been working on the review, in addition to performing other work on this matter, such as preparing and defending depositions, which are ongoing, engaging in meet-and-confers with plaintiffs' counsel, and litigating other non-consolidated protest cases in the Eastern and Southern Districts. In total, the Law Department

has devoted approximately 500 hours so far to organizing and reviewing these documents for production.

**Status of Collection, Review, and Production of March 11th Documents**

Notwithstanding the above-described efforts, Defendants will be unable to make a complete production of March 11th Documents by March 11th for several reasons.

First, the volume of March 11th Documents is quite large (more than 7,000 documents collected as of the end of last week and an additional 53 gigabytes collected so far this week) and the processing, review, and production processes are both time and labor intensive. After receiving documents from our client, there are a number of steps that the Law Department must take to prepare documents for production. After receiving collected documents, we first organize them and send them to our eDiscovery vendor to be processed into our review platform. Only after processing is completed can the case team review the documents for responsiveness, privilege, confidentiality, and redactions. Review can take a few minutes for a short document that requires no (or minimal) redactions or several hours for a lengthy document that requires close review and many targeted redactions. After the case team completes its review, the Law Department's eDiscovery Division performs a pre-production QC to ensure that the review, coding, and redaction were all done correctly. If issues are identified, the case team must do further review to resolve the issues. After passing our pre-production QC, our vendor creates the actual production, which involves generating production images with Bates stamps, confidentiality branding, and redactions. Each one of these steps can take multiple days to complete. Significantly, for a document to be produced by March 11, all review and redaction had to be completed, including the pre-production QC process, by early on March 8 at the very latest. The Law Department has submitted a production request to its vendor of ~1800 documents (approximately 7500 pages) that were fully reviewed and ready for production on March 8th. The review of the remaining March 11th Documents is ongoing.

Second, the NYPD is still searching for so called "49s" related to the protests, as well as other protest-related documents and providing these to the Law Department on a rolling basis. To date, NYPD attorneys have interviewed representatives from nine separate commands regarding 49s and any other documents related to protest activity dating back to 2002. Each of these interviews has taken anywhere from one to more than three hours.

On Tuesday afternoon, the NYPD provided us with approximately 53 gigabytes of additional material identified as a result of these interviews. The Law Department, however, is not able to process, review, and produce this material by the March 11th deadline. Given the volume of this material, the time it will take to process the documents and load into our review platform would leave us with little to no time to review the documents, let alone QC the review and generate the production. As of today, the NYPD is continuing to search for material from additional commands, some of which the NYPD may not be able to gather until after the March 11th deadline.

**Status of Collection, Review, and Production of March 18th Documents**

As described above, the NYPD attorneys and the Civil Litigation Unit team (CLU) have gathered documents for both the March 11th and March 18th productions and continue to search for additional responsive documents.

The information NYPD has located and provided to the Law Department so far with respect to the March 18th production is largely for the early dates of the summer 2020 protests, which is where they expect the majority of responsive documents to come from. NYPD and CLU will continue to look for responsive documents for all protest locations and provide them to the Law Department as soon as possible.

Since the beginning of this week, in addition to 53 gigabytes of material produced as a result of the interviews with individual commands, NYPD has provided the Law Department with additional aided reports, MTP forms, LRAD information, and MAPC documents including intake sheets. NYPD is producing this information to the Law Department for processing as they receive it, while continuing to search for documents concerning numerous protests which are located and housed in different databases, physical locations, and formats.

In a very few instances, in the course of their searches for documents, NYPD has found possible additional sources of information and is pursuing them as well. If those sources lead to additional responsive documents, NYPD will provide them to the Law Department in addition to the information they are already gathering.

In light of the Court's deadlines for production, the Law Department team has received, produced for processing, and begun the review, tagging, and redaction of these documents almost simultaneously and while preparing the March 11th production. At the same time, the Law Department has sought diligently to track all of these processes in an effort to be able to provide the plaintiffs and the Court with an accurate status of their progress.

Given the volume of documents processed this week and the additional volume that the NYPD expects to provide on a rolling basis, the Law Department expects that it will not be able to review and produce all responsive material by the March 18th deadline.

### March 11th and 18th Productions

Defendants anticipate that on Friday, March 11th they will be able to make a production of approximately 1800 documents, constituting approximately 7500 pages of material and that they will be able to produce the remaining March 11th Documents currently in the Law Department's possession by Friday, April 1st however, we anticipate that completing the production of the March 11th documents, will delay our ability to complete review and production of the March 18th Documents.

Further, Defendants are still working to collect some of the March 11th and March 18th Documents.

Defendants are hopeful that that they will be able to complete collection, review, and production of the March 11th and 18th by Friday, April 15th.

### Plaintiffs' Position

Defendants contacted counsel for plaintiffs on March 10th for their position on this request. At 8:05 p.m. on March 10th, Mx. Green sent the following statement and asked that it be included in this letter:

> Plaintiffs object to any extension of the March 11 deadline given the lateness of the request. It appears clear that Defendants either made a decision to ask for an extension well past when they should have (but cf. 2022-02-18 Tr. 120:24-121:6 ("if you're going to make an application[...,] I may not grant it. So I think you'd be crazy to wait longer than a week

3

*beforehand to ask for an extension")) or did not start the collection of documents early enough to know in advance they would need an extension (but see 2022-02-11 Tr. 109:8-20 ("Well make clear that the collection process has to start ... Start right now")).*

*Plaintiffs take no position on the balance of the request, except to note three things. First, the dramatic extension Defendants seek -- and the sheer volume of responsive documents left to produce -- emphasize just how much Plaintiffs have been missing in terms of discovery. Second, given Defendants previous representations that as to 49s, "none of these types of documents exist of the 83 protests on Schedule A" (2021-07-29 Algorithm Letter), that there are apparently so many to review calls into question many -- if not all -- of Defendants' other representations to Plaintiffs and the Court. See 2022-02-11 Tr. 7:20-8:5 (the Court observing that Defendants' failure to "comply with [] orders and ... [the Court's] individual practices ... really makes you question whether [the City is] doing everything else [its's] supposed to do in terms of dealing directly with the plaintiffs when [the Court is] not there to oversee it."). Finally, any extension will likely delay discovery further, and Plaintiffs oppose the extension to the extent the Court is not inclined to give them a corresponding extension to review the discovery and use it at depositions.*

In response to plaintiffs' statement, defendants state first, that defendants did in fact start the collection process right away, but it took significant time for the defendants to find and collect the documents. The sheer volume did not become apparent until this past Wednesday, March 9, when we realized it was simply not possible to review and produce it all. It's still not even clear if all of the documents are responsive to plaintiffs' requests. Therefore, defendants are making this request as early as possible.

## Conclusion

For these reasons, defendants respectfully request that the Court grant Defendants until Friday, April 8th to complete its production of the March 11th and March 18th Documents.  . Thank you for your consideration herein.

Respectfully submitted,

*Dara L. Weiss s/*
Dara L. Weiss
Senior Counsel

cc:   All Counsel (via ECF)

In light of the City's failure to focus on gathering these documents long ago when it should have, the Court will not keep granting extensions to produce them. The City also acted improperly by waiting until the due date to seek the extension.   An extension to April 1, 2022, is granted.  If staffing needs to be increased to meet this deadline, that would be the proper course of action for the City to take.  The Court will issue an order under Fed. R. Evid. 502(d) with respect to these documents if the City so requests and if the issuance of such an order will assist the production process.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
March 16, 2022