# THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.

| 392 Central Avenue # 7803 | 14 Wall Street, Suite 1603 | josh@moskovitzlaw.com |
| --- | --- | --- |
| Jersey City, New Jersey 07307 | New York, New York 10005 | Fax (888) 398-0032 |
| Tel. (201) 565-0961 | Tel. (212) 380-7040 | www.moskovitzlaw.com |

March 18, 2022

**BY ECF**

Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *In re: New York City Policing During Summer 2020 Demonstrations*,
              No. 20-CV-8924 (CM) (GWG)
              This Letter Relates to All Cases

Your Honor:

      I write as one of the attorneys for the *Sierra* plaintiffs, jointly with counsel for plaintiffs in the other consolidated actions, to request a 14-day extension of the part of the Court's March 4, 2022 Order (ECF No. 434) that directed the parties, "to provide to the PBA by March 18, 2022 (1) a copy of all discovery requests that party has made and (2) a copy of ***all discovery*** responses that party has provided through that date (consisting of the formal response and ***any documents produced***)" (emphasis added).  This is plaintiffs' first request for an extension of this deadline. Counsel for plaintiffs in *Sierra*, *People*, *Sow*, and *Payne* conferred with counsel for the PBA, Robert Smith and Thomas Kissane, for approximately thirty minutes yesterday.  Following that conference, the PBA advised that it would consent to this request if the plaintiffs agreed not to challenge the PBA's right to receive all discovery, which plaintiffs cannot accept at this juncture, for the following reasons.

      First, the Second Circuit has not issued its mandate in the PBA's appeal.  Therefore, jurisdiction over the PBA's intervention motion remains in the appellate court.  *See United States v. Rivera*, 844 F.2d 916, 921 (2d Cir. 1988) ("jurisdiction follows the mandate").  "The effect of the mandate is to bring the proceedings in a case on appeal . . . to a close and to remove it from the jurisdiction of [the Court of Appeals], returning it to the forum whence it came." *Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir. 1978).  "[I]ssuance of the mandate is an event of considerable institutional significance." *Rivera*, 844 F.2d at 921.  Thus, a district court does not regain jurisdiction until the mandate issues. *See id.* at 921 (concluding that Speedy Trial Act time did not accrue until the mandate issued, even though the mandate "should have been issued" earlier).

**THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.**    Hon. Gabriel W. Gorenstein
March 18, 2022

  On March 16, the Second Circuit granted motions by the City and plaintiffs to extend their time to seek rehearing until April 18.  <u>The PBA took no position on the plaintiffs' motion to extend this time</u>.  Under Fed. R. App. P. 41(b), absent an order from the Second Circuit, the mandate will be held until seven days "after the time to file a petition for rehearing expires," which means the mandate will not issue before April 25.  If a petition for rehearing is filed, the mandate will be held until that petition is resolved.

  Second, plaintiffs have serious concerns about producing non-public discovery – including sensitive documents like medical records and correspondence identifying non-parties – to an entity that is not yet a party to this lawsuit.  The PBA has said that it would abide by the Court's Confidentiality Order.  But it is unclear whether the PBA is even subject to the Court's jurisdiction given the pending nature of the Second Circuit appeal.[1]

  Finally, additional time is needed to consider the precise extent of the PBA's participation in these cases.  Even if the Second Circuit's decision is left unchanged by any forthcoming petitions for rehearing, the parameters of the PBA's role as a party is unclear.  The Second Circuit did not permit the PBA to intervene for all purposes, but instead, the court cabined the PBA's interests to claims for injunctive and declaratory relief.  *Sierra*, *Payne*, and *Sow* seek both damages and injunctive or declaratory relief.  Thus, it remains an open question whether the PBA has a limited or unbridled role in these cases.  Also, the pleading the PBA files today may impact the scope of discovery that is "relevant" under Rule 26 to the PBA's claims and defenses.  The PBA did not, as required by Rule 24, provide "a pleading that sets out the claim or defense for which intervention is sought" when it filed its motion to intervene over a year ago.  Thus, we cannot yet know the scope of relevant discovery for the PBA's claims or defenses.

  Accordingly, we ask the Court to allow plaintiffs two more weeks to consider these issues, and to confer with the City and PBA about them.  We appreciate the Court's time and attention to this matter.

                Sincerely,

                Joshua S. Moskovitz

cc: All Counsel of Record
   Robert Smith, *attorney for the PBA* (by email)
   Thomas Kissane, *attorney for the PBA* (by email)

---

[1] Also, the Detectives' Endowment Association (DEA) has contacted plaintiffs to ask if they would stipulate to intervention given the Second Circuit's decision; and we can expect the Sergeant's Benevolent Association (SBA) will follow suit.  If that comes to pass, the handling of plaintiffs' sensitive information is all the more worrisome given the troubling history of the SBA publicly disseminating confidential, and legally sealed, information.  *See* Dana Rubinstein and Jeffery C. Mays, "Police Union Discloses Arrest of de Blasio's Daughter in Privacy Breach," *N.Y. Times* (June 1, 2020).