```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In Re: New York City Policing During Summer    :       ORDER
2020 Demonstrations                                     20 Civ. 8924 (CM) (GWG)
                                                :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

The Court issues this ruling with respect to Docket ## 431 and 439.

<u>Violations of the "48-Hour Rule"</u>

Plaintiffs seek discovery sanctions for the City's alleged violations of what is termed the "48-Hour Rule," which governs the timing of disclosure of certain documents prior to officer depositions. Docket # 439. The City's response rests on the premise that the Court set a "two-business day" rule and that as long as they transmit the documents to the plaintiffs before the "close of business" two business days before the deposition, they have satisfied their obligation. Docket # 451. The plaintiffs, by contrast, expect the documents on that business day at the same time as the deposition is scheduled to begin (normally at 10:00 a.m.).

The plaintiffs are correct as to the Court's intention, though the Court accepts that there was arguably some basis for confusion since the Court used the terms "two-business day" and "48 hours" interchangeably. Docket ## 253, 439-1. The Court will now clarify: the required documents must be produced two business days before the deposition and <u>at the same time the deposition is scheduled for</u>. This allows the plaintiffs two full business days to review the materials.

It would have been better if the parties' differing interpretations of the Court's ruling had been brought to the Court's attention when the problem first arose (seemingly more than two months ago). The Court assumes the City will now comply with its obligation. If there is a rare occasion when the deadline cannot be met for extraordinary reasons, the deposition could be postponed unless the plaintiffs prefer to go forward. If there is a repeated problem, however, plaintiffs may seek relief from the Court.[1]

<u>Mullins Documents</u>

On February 18, 2022, this Court ordered the City to produce by March 3, 2022: "(1) all documents concerning Edward Mullins' circulation of a racist video in August 2019, including any investigations into this action and any discipline or recommendations of discipline that were made; and (2) all documents concerning the February 2021 CCRB substantiation of three complaints against Mullins for offensive language and abuse of authority." Docket # 408 ("February 18 Order"). If timely production was impossible, the City was required to timely request an extension and submit "a sworn statement from an individual with personal knowledge

---

[1] We decline to address the final paragraph of Docket # 451 because it fails to comply with paragraph 2.A of the Court's Individual Practices.

of all efforts made to respond to the request, including dates such efforts were begun, and describing in detail the impediments that prevented compliance with the Court's deadline." Id.

March 3 passed without any extension request. On March 4, plaintiffs filed a letter representing that the City had "failed to produce any documents relating to Edward Mullins' circulation of a racist video or concerning the CCRB investigation into the same" and seeking discovery sanctions in connection with this failure. Docket # 431. On March 8, the City produced to plaintiffs some IAB and CCRB files relating to Mullins, but represented that it had not uncovered any material relating to the racist video. Docket ## 437, 438. The City filed a letter stating that it had "inadvertently" assumed the production deadline for the Mullins documents was March 11, rather than March 3, which accounted for the delayed production. Docket # 437. On March 9, plaintiffs responded to the City's letter, taking issue with the completeness of the City's production and the City's explanation for the delay in production. Docket # 438.

The February 18 Order was unambiguous as to the production deadline and as to the process for requesting an extension. The City makes no representation that it produced any responsive material by March 3, and the docket reflects that no extension was ever requested. The City is plainly in violation of the February 18 Order. If the City "inadvertently" assumed that the deadline was March 11, it does not explain how this could have occurred in the face of an unambiguous order. The February 18 Order should have been of particular importance to the City because it resulted from the City's failure even to respond to plaintiffs' original request to compel production of the materials (Docket ## 370, 374) as required by the Court's Individual Practices.

As to the actual production that was made, the Court is not in a position to assess the City's compliance because there is now a dispute as to the adequacy of the search that was conducted for these documents. Accordingly, the parties are directed to confer regarding this matter. Obviously, the City must be completely forthcoming as to what it did to search for the documents. Any dispute about the adequacy of the search may be addressed in a new letter.

The City's statement that it "inadvertently" missed the deadline imposed by the Court's February 18 Order does not render its conduct "substantially justified." Fed. R. Civ. P. 37(b)(2)(C). Accordingly, plaintiffs are entitled to their attorney's fees for this application. If in fact the City's search was adequate, the appropriate sanction will consist of those attorney's fees. If it was not adequate, plaintiffs are free to seek additional sanctions.

Payne Plaintiffs' Second and Third Requests

Our February 18 Order also required the City to respond to the Payne plaintiffs' Second and Third Interrogatories and Requests for Production on or before March 3, 2022. Docket # 408. On March 4, plaintiffs informed the Court that no responses had been provided. Docket # 431.

The City's view of the February 16 Order with regard to the Payne plaintiffs' requests apparently is that it could sit silent, take no action by March 3, 2022, and then later point to some prior production or document as satisfying its obligation. See Docket # 438. We disagree. A

2

Court Order requiring that the City "respond" to a request by a certain date means that a new response must be served by that date.

With respect to the Second Requests, the City represents that the officers to which these particular requests relate "cannot be identified," and thus "documents concerning them cannot be produced." Docket # 437, at *1.  Obviously, the City should have stated that the officers have not been or could not be identified in a written response served on plaintiffs by March 3, or alternatively sought an extension of the deadline in the February 18 Order.  The City did neither.

As to the Third Requests, the City argues that it is in compliance with the February 18 Order by pointing to its January 14, 2022 responses to the Third Requests and noting that it continues to identify and produce additional responsive materials.  See Docket # 437, at *1-2.  But the impetus for the February 18 Order was the inadequacy of the City's January 14 responses, see Docket # 431, at 3-4, and thus it is not proper for the City to sit silent and point to that production when called to account.  But more to the point, the City concedes that it has not produced the required documents and that it expects to produce additional documents in the future.  The Court specifically gave the City the option to seek an extension by following the procedures in the February 18 Order, but the City failed to do so.  Thus, the City is in plain violation of the February 18 Order.  Finally, it appears that the City never actually supplied proper interrogatory responses as specifically required by the February 18 Order, demonstrating a separate violation of that Order.  As plaintiffs' point out, see Docket # 438, at 4, the City's responses on the court-ordered Chart fail to comply with the requirements of Fed. R. Civ. P. 33(b)(5).

The City is directed to serve proper responses and interrogatory answers by March 28, 2022.  If defendants contend that the deadline for production as to any category is impossible to meet, they shall produce all available documents on that date and must make an application to the Court by March 28, 2022, for an extension of the deadline, which shall include a sworn statement from an individual with personal knowledge of all efforts made to respond to the request, including dates such efforts were begun, and describing in detail the impediments that prevented compliance with the Court's deadline.

As a sanction under Fed. R. Civ. P. 37(b)(2)(C), the plaintiffs are awarded their attorneys' fees and expenses with respect to plaintiffs' efforts to bring this issue to the Court's attention because the City has not shown its conduct was "substantially justified."

As to the request for additional sanctions, we do not believe that the preclusive or other sanctions sought by plaintiffs are warranted at this time.  But we agree with plaintiffs that given the history of sanctions imposed on the City — the sanctions today for violations of the February 18 Order and sanctions already issued for two previous violations of clear Court Orders (Docket # 410) —the City must assure the Court (1) that this case is adequately staffed to comply with all of the City's discovery obligations and (2) that there is an adequate process in place to make sure that Court Orders are complied with.  To this end, the Chief of the Special Federal Litigation Unit is directed to file a sworn statement by March 28, 2022, stating the staffing of this case as of the date of the affidavit, indicating how many attorneys or other staff from the Corporation Counsel are assigned to this case and what percentage of their time is allocated to this case.  The statement shall also indicate, as of the date of the affidavit, whether there are any procedures in

place to ensure that Court Orders are complied with.

      SO ORDERED.

Dated: New York, New York
       March 21, 2022

                                                            */s/ Gabriel W. Gorenstein*
                                          GABRIEL W. GORENSTEIN
                                          United States Magistrate Judge