

| | THE CITY OF NEW YORK | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **DARA L. WEISS**<br>*Senior Counsel*<br>daweiss@law.nyc.gov<br>Phone: (212) 356-3517<br>Fax: (212) 356-1148 |

March 23, 2022

**By ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re:  *New York City Policing During Summer 2020 Demonstrations*,
      No. 20 Civ. 8924 (CM) (GWG)
      This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter.  I re-submit my letter from March 21, 2022, respectfully seeking an extension from April 1, 2022 to April 20, 2022 for defendants to complete the production of some of the documents currently due to the plaintiffs on April 1, 2022. This is defendants' second request for an extension of this deadline.  To date, the NYPD has been searching for and collecting documents continuously in order to meet the production deadline, but it is not possible to collect all the documents prior to the deadline.  We expect that several thousand documents will be produced by the deadline, but a number of documents will not be available for production.

      Attached hereto is the Declaration of Bridget Fitzpatrick, Managing Attorney of the NYPD's Civil Litigation Unit.  Ms. Fitzpatrick, who along with her colleagues Peter Callaghan and Heidi Grygiel, was present at the Court's February 18, 2022 conference, and at that time explained some of the difficulties in searching for and collecting the documents requested by plaintiffs.  Although the City, and the NYPD, has been searching nearly full-time for the documents, as explained in Ms. Fitzpatrick's Declaration, there are many steps involved in searching for and collecting documents, including searching several databases just to get the necessary information to search for a certain document, interviewing individuals at commands, and downloading some types of documents one-by-one.  This cannot be completed in time to provide the documents to the Law Department for production by April 1, 2022.  The attached declaration further explains the efforts of the searches being undertaken by NYPD.

Additionally, we learned yesterday that one of the members of Ms. Fitzpatrick's team integral to the search for documents is out of the office as of Friday due to COVID-19. This will slow down the collection process even more.

Plaintiffs' position on this request is as follows: *The Court has already answered Defendants' question: "In light of the City's failure to focus on gathering these documents long ago when it should have, the Court will not keep granting extensions to produce them." Dkt. No. 453. Yet, noticeably absent from Defendants' application (which is ultimately more of a motion to reconsider) is any mention of when they started taking certain actions.*

*For example, the Fitzpatrick Declaration says that some work is involved sorting out where various documents related to the Schedule A locations might be. Dkt. No. 459-1 ¶¶ 4-5. But it doesn't even say Defendants have started that work, let alone explain why that work wasn't done in March or April of 2021 (when Defendants first received Schedule A and the requests at issue). Nor does it attempt to square that failure to work on this obvious task with Defendants' representations in June last year that "[t]here's very little that [Plaintiffs a]re asking for that we're not planning on producing" 2021-06-24 Tr. 14:21-23. For that matter, Defendants offer no explanation why they did not take on the tasks in the Fitzpatrick Declaration (1) upon receiving the letter identifying the huge holes in their production (Dkt. 354-2, sent Sept. 10, 2021); (2) upon Plaintiffs moving on that failure (Dkt. 277, Sept. 29, 2021); (3) after the Court directed the parties meet and confer "as soon as possible" (2021-10-19 Tr., 19:10-11) about those gaps; (4) upon the second motion about that failure (Dkt. 354, Jan. 18, 2022); (5) after the extensive meet and confers after the Court ordered that time; (6) after the application the failure to be prepared for that meet and confer required (Dkt. 380, Feb. 4, 2022); or (7) after the subsequent round of Court-ordered meetings generated by that third application.*

As indicated above, Ms. Fitzpatrick and her team have been able to collect several thousand documents, which have already been transmitted to the Law. As the remaining documents are collected, they will be immediately provided to the Law Department production. As such, defendants respectfully seek an extension from April 1, 2022 to April 20, 2022 for defendants to complete the production of the documents currently due to the plaintiffs on April 1, 2022.

Thank you for your consideration herein.

Respectfully submitted,

*Dara L. Weiss s/*

Dara Weiss
*Senior Counsel*
Special Federal Litigation Division

Attachment

cc:   ALL COUNSEL (via ECF only)