

March 25, 2022

**Via ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York

      Re:    *In re: New York City Policing During Summer 2020 Demonstrations*,
             No. 20-CV-8924
             *This Filing is Related to All Cases*

Dear Judge Gorenstein:

      We write on behalf of all Plaintiffs to respectfully ask the Court to compel the production of documents related to an internal after-action review process the NYPD conducted in the aftermath of the George Floyd protests. Despite their obvious relevance to this litigation, Defendants failed to produce these records or a privilege log by the court-ordered deadline of July 31, 2021. Eight months later, after much chasing by Plaintiffs, Defendants finally produced, on March 4, 2022, a one-line-log "privilege log" invoking deliberative process. *See* Exhibit A. After Plaintiffs shared an earlier version of this motion letter and requested an amended privilege log, Defendants agreed but only produced materially the same log with one additional sentence admitting that there is a wide range of factual material connected to the after-action review that "has been provided, or will be provided in forthcoming productions." *Id*. This "log" does not meet even the most basic requirements of Fed. R. Civ. P. 26(b)(5) and Local Rule 26.2(a)(2) and strongly suggests that counsel for Defendants failed to conduct any search for responsive documents let alone review such documents to assess the applicability of the deliberative process privilege and, at best, are only scrambling to do so now, eight months after the deadline for production of documents passed.

      These failures warrant a finding that Defendants have waived the privilege and an order requiring the production of all documents related to the after-action review process. If the Court declines to find that the privilege is waived, Plaintiffs respectfully ask for an order requiring the immediate production of non-privileged records and a privilege log that comports with the local rules.

<u>Background on the After-Action Review and Plaintiffs' Efforts to Obtain Documents</u>

      The existence of the after-action review and of drafts of an after-action report is not in dispute. Plaintiffs' consolidated document demands (Request 8(g)) expressly sought records related to any "after-action reports" relating to the George Floyd protests at issue in this case,

1

including materials and information gathered as part of the review process, communications related to the review, and any drafts of any report. When no such documents were produced by the July 31, 2021 document deadline, Plaintiffs followed up as part of a lengthy meet and confer process that unfolded following the July 31 document production deadline. By email on August 19, 2021, Ms. Weiss informed Plaintiffs that, while there was a final draft report created as part of an internal after-action review process commissioned by NYPD leadership and executed by Assistant Chief Joseph Conforti, Defendants intended to invoke the deliberative process privilege as to any draft after-action report because "at some point it was abandoned in favor of accepting the recommendations from the DOI and Law Department investigations. The draft report was never finalized or approved." Exhibit B.

Despite this email's indication of a general intent to invoke the privilege, Defendants' first privilege log, on August 20, did not mention any draft report or any other documents relating to the after-action review. Exhibit C. Defendants did not take any steps to properly invoke the privilege until more than six months later, on March 4, 2022, when – after Plaintiffs' raised the issue once again during a meet and confer on March 1 – Defendants sent a "privilege log" consisting entirely of the following:

| Document | FROM | TO | PRIVILEGE | SUBJECT MATTER |
|---|---|---|---|---|
| Conforti Report | Thomas Conforti | NYPD Chiefs | Deliberative Process | The "after action report" referenced by Commissioner Shea in his DOI interview, and others, is a report which was called for by never finalized, accepted or approved. Chief Conforti, in the training bureau at the time, was tasked with creating the report but it was abandoned in favor of accepting the recommendations from the DOI and Law Department investigations. The draft report was never finalized or approved. |

*See* Exhibit A.

On March 8, 2022, Plaintiffs sought a meet and confer based on the fact that this "privilege log" did not meet the requirements of the local rule, did not address any responsive documents relating to the after-action review other than the final draft report (including information gathered as part of the review process and communications related to that process), and did not on its face justify withholding any factual material contained in the draft report (or any other document). In that communication, Plaintiffs took the position that Defendants have now waived the privilege. Exhibit D. On March 14, Defendants responded in an email that disputed Plaintiffs' claim that the log was inadequate but agreeing nonetheless to produce an amended log by the end of the week. Exhibit D. In the hopes of avoiding further dispute as to the content of that amended log, Plaintiffs provided Defendants an early draft of this letter motion setting out Plaintiffs' view on the deficiencies in the March 4 log. *Id.*

Despite Defendants' promise, they did not produce an amended privilege log by the end of that week. On March 23, three business days after their self-imposed deadline and more than two weeks since Plaintiffs' set out the deficiencies in the original log, Defendants produced an

amended privilege log, which made cosmetic changes to the sole entry about the draft report (still not providing an actual date of the draft or names of its recipients) and added a single sentence: "The factual material used to compile the report has been provided, or will be provided in forthcoming productions, and includes news/media reports, arrest record, MAPC records, the New York State Attorney General's Report, IAB and CCRB records, TRI reports, social media posts, Intelligence Bureau reports (some which have been withheld on privilege grounds), ICAD reports, videos form ARGUS and aviation, rosters, FINEST messages, Patrol Guide, training documents, and line of duty injury reports." Exhibit A. Following receipt of this amended log, Plaintiffs provided a draft of this motion pursuant to the Court's rule 24 hours prior to filing this motion. Exhibit D.

### Defendants Have Waived the Privilege

As an initial matter, Defendants waived the privilege by failing to produce any privilege log at all until March 4, 2022, eight months after it should have been produced. Such obviously relevant documents and/or a privilege log should have been produced by the original court-ordered deadline of July 31, 2021. Defendants have not provided – and cannot provide – any justification for failing to meet this deadline.[1]

Beyond that, the privilege logs Defendants did produce on March 4 and March 23 fail to properly invoke the privilege. To properly invoke the deliberative process privilege, Defendants were required to "describe the nature of the documents, communications, or tangible things not produced or disclosed ... in a manner that, without revealing information itself privileged or protected ... enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Local Rule 26.2(a)(2) specifically required Defendants to list the type of each document, the subject matter, the date, and the author, addressee(s) and recipient(s). Defendants' privilege log does not comply with these rules, for several reasons.

First, the privilege log lists only the "Conforti Report" – which appears from the description to be a near-final draft after-action report. The log does not list any documents created as part of the after-action review process, any prior drafts of the report, or any communications related to the report or review process. It is inconceivable that a high-ranking NYPD official produced a coherent draft report without generating any such records. The failure to list any such documents strongly suggests that counsel for the Defendants failed to search for and review responsive records related to the after-action review and instead, after confirming the existence of this review with their client and learning of the draft report and its fate, used the concept of

---

[1] Indeed, Defendants also missed several opportunities prior to July 31 to constructively address this issue by repeatedly failing to provide meaningful responses and objections to Plaintiffs' discovery demands, a failure which has been the subject of numerous court orders to date. Plaintiffs should not have had wait to see if those records turned up in the documents Defendants produced on July 31. Defendants should have identified these obviously centrally important records from the earliest stages of discovery invoked the privilege in their first responses and objections. This factor further weighs in favor of finding waiver of the privilege.

deliberative process as an excuse not to fulfill their discovery obligations.[2] This hypothesis is further supported by Defendants' acknowledgment in the March 23 log that there are non-privileged factual documents used to inform the review process that have not been produced.

Second, even as to the "Conforti Report" itself, the privilege log does not provide the date of the draft, which is needed to assess Defendants' claim that it was "abandoned in favor of" other reports concluded around the same time. Nor does it provide the names of the addressees and recipients of the report (stating only that it was "to" "NYPD Chiefs" without defining that term, and also to the Police Commissioner), which is essential to assess whether the privilege was waived and whether it was used for purposes that would contradict Defendants' claim that it was "abandoned."

Third and finally, the privilege log points to the existence of non-privileged information that Defendants failed to identify or produce. For example, to the extent that any documents or communications reflect the NYPD's final decision not to publish or adopt the conclusions of the after-action report, those are not pre-decisional and thus not subject to the deliberative process privilege. Moreover, even assuming the privilege does apply to some quantum of responsive material, Defendants must utilize redactions to segregate such material from pre-decisional, non-final opinions and recommendations and produce what it can. *See Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999) ("The privilege does not, . . . as a general matter, cover 'purely factual' material.") (quoting *Hopkins v. United States Dep't of Housing & Urban Dev.*, 929 F.2d 81, 85 (2d Cir.1991)); *E.B. v. N.Y.C. Bd. of Educ.*, 233 F.R.D. 289, 292 (E.D.N.Y. 2005) ("[F]actual findings and conclusions, as opposed to opinions and recommendations, are not protected.") (internal quotation marks and citation omitted). Thus, for example, interview transcripts and notes,[3] or other information created by Chief Conforti or others during the after-action review process, as well as any factual information presented in any drafts of or communications about the report, should have been produced and were not.

Defendants acknowledge that factual material used to compile the report is not privileged, and appear to have committed to producing some such records, but the amended March 23 privilege log constitutes an admission that Defendants failed to search for and produce this material in a timely manner, further underscoring the case for finding a complete waiver of the privilege.

---

[2] To the extent that the City will claim that the March 23 log is adequate as a "categorical" privilege log, it is not. Putting aside the factual material, which Defendants appear to concede they must produce, there is only mention of one document, no general description of other "like" documents, and the information it provides does not transmit enough information to assess the applicability of the privilege even as a broad category. Reliance on a categorical privilege log "does not . . . obviate a party's obligation to provide 'sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure." *In re Aenergy, S.A.*, 451 F. Supp. 3d 319, 325 (S.D.N.Y. 2020). Even assuming it might have been possible to satisfy Defendants' discovery obligations on this issue with some sort of "categorical" privilege log, the one they produced is not it.

[3] *Cf., Abdell v. City of New York*, No. 05 CIV. 8453 KMK JCF, 2006 WL 2664313, at *7 (S.D.N.Y. Sept. 14, 2006) (holding that witness statements in interview notes are not protected by attorney work product).

Based on these accumulated failures, Defendants have waived the deliberate process privilege. "Importantly, a party's failure to comply with the requirements of Fed. R. Civ. P. 26(b)(5) or Local Civil Rule 26.2 may result in a waiver of privilege." *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 167-68 (S.D.N.Y. 2014) (holding that plaintiff SEC waived deliberative process and other privileges where, as here, it failed to timely produce a privilege log and belatedly produced a defective privilege log); *Jessore Mgmt. SA v. Brit Syndicate 2987*, No. 20CV5849ATKNF, 2021 WL 4037849, at *14 (S.D.N.Y. Sept. 3, 2021) (finding waiver of attorney-client and work product privilege where defendants produced "an untimely and inadequate privilege log without justification to excuse its untimeliness or sufficient evidence to remedy its inadequacy"). Defendants must now produce all responsive documents related to the after-action review process, including but not limited to all drafts of the Conforti Report.

### If the Court Does Not Find Waiver of the Privilege, It Should Order the Immediate Production of Non-Privileged Documents and a Proper Privilege Log

For the reasons stated above, if the Court does not find that Defendants have waived the privilege, the Court should nonetheless order Defendants to (a) search for all responsive records related to the NYPD's after-action review; (b) immediately produce all non-privileged information, including documents memorializing the decision to abandon the Conforti Report and abort the after-action review; factual information gathered, prepared or reviewed as part of the after-action review; and portions of any documents, including the Conforti Report, that are purely factual; and (c) produce a privilege log as to each document withheld or redacted on the basis of deliberative process privilege, including all of the information required by Local Rule 26.2(a). In light of Defendants' statement in the March 23 log that certain factual materials "have been or will be produced," Plaintiffs respectfully ask the Court to order Defendants to produce such materials and provide Bates numbers or other information adequate to identify the location of any already produced responsive material by April 1 so that such material can inform the higher-level depositions that will have to begin in April to comply with the current discovery schedule.

Sincerely,

By: /s/ *Corey Stoughton*
Corey Stoughton
Jennvine Wong
Rigodis Appling
The Legal Aid Society
199 Water Street
New York, N.Y. 10038
(212) 577-3367
cstoughton@legal-aid.org

Robert Hodgson
Molly K. Biklen
Jessica Perry
Daniel R. Lambright
Daphna Spivak
Lisa Laplace
Christopher T. Dunn
New York Civil Liberties Union
    Foundation
125 Broad Street, 19th Floor
New York, N.Y. 10004
(212) 607-3300

*Attorneys for Plaintiffs in 20 Civ. 8924*
*on behalf of all plaintiffs*

cc: all counsel by ECF