

March 28, 2022

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

  **Re:**  **In re: New York City Policing During Summer 2020 Demonstrations,**
     **1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases**

Dear Judge Gorenstein:

  I write on behalf of Plaintiffs in the consolidated cases, to raise Defendants' continued failure to follow the Court's clear directions to produce a "chart" that sets forth in detail: (1) what Defendants had produced; (2) what Defendants intended to produce by forthcoming deadlines; and (3) what Defendants had withheld or intended to withhold, and the factual basis for any undue burden argument to justify such withholding.  The Court issued clear orders at several conferences relating to this issue; once again, Defendants have failed to follow these orders in a manner that suggests they have not even read them (to say nothing of the prejudicial timing).

  We ask that the Court set an immediate conference to resolve this issue with enough time for Plaintiffs to finally get the chart well in advance of Defendants' deadline to produce all remaining discovery by April 15 (Dkt No. 453; Dkt. No. 462).  We also ask for sanctions as explained below.

  In short, Defendants' latest version of the "chart" (**Exhibit 1,** with the .xls file to be sent to Chambers by email) — served in part[1] on March 18, several days after Defendants' agreed-to deadline of March 14 — still totally fails to do the basic assignment: "to just state what [the City is] producing

---

[1]  Defendants acknowledged their chart is missing the identifications of previously produced documents the Court ordered, and have now blown their self-granted extension to finish that task.

  In missing the initial agreed-to deadline, Defendants stated they would be producing a revised chart during the week of March 21.  They said that version would be generated by a vendor who would be "indexing and identifying what documents are in what volumes so [Defendants] can attempt to more precisely include this information on the chart."  Plaintiffs raised questions about Defendants' methodologies in employing the vendor's services, but, in theory that process might have addressed the concerns about Defendants' failure to identify, with specificity, what had been produced to date.  Had it been produced, Plaintiffs would have (of course) review this revised chart expeditiously and promptly raised any remaining concerns with Defendants.  Even then, though, it would not have been pointing to the prior productions that is the issue:  it is that Defendants still are not "just stat[ing] what they're producing and what they're objecting to," despite nearly a dozen Orders.

  But in any event, Defendants did not, in fact, provide that revised chart during the week of March 21 or even bother asking for more time.  So the current chart also fails to state what Defendants previously produced.



and what they're objecting to." 2/11/2022 Tr. 117:19-23.  After receiving the latest defective chart, Plaintiffs sent a letter to Defendants explaining that the chart remained deficient in a number of ways, all of which are explained below.  Plaintiffs requested Defendants to provide a compliant chart within 48 hours — and confirmation that Defendants would be updating the chart within 24 hours (**Exhibit 2**).  Defendants refused to confirm they would comply quickly, saying "we cannot possibly have a response to you by 3pm tomorrow. We will get back to you by the end of this week with our thoughts on your letter."

As explained below, despite the passage of several weeks, Defendants barely changed the chart from the initial version that was due on February 25 — and despite extensive conferring and clear instructions, appear unable or unwilling to do the assignment.  At this stage, some stronger medicine is necessary.

To recap, the Court initially ordered a "chart" to be completed by February 25, and made clear its expectations to Defendants regarding what it must include:

> [1] what you're going to produce, and if appropriate you can say [2] how you're going to produce it . . . [3] And then say here's what we're not going to do, and here's the burden of it, and that's why we're not going to do it.

2/18/2022 Tr. 99:2:12.  After the Plaintiffs brought deficiencies in the initially produced chart to the Court's attention, the Court subsequently clarified that the chart must reveal that "if [Plaintiffs] ask for a particular thing and you know you're not giving them something within that category, they shouldn't be finding that out on March 18th; *they should find that out right now*."  2022-03-04 Tr. 8:3-7 (emphasis added).  The court further explained Defendants needed to tell Plaintiffs, with a description, what documents were going to be produced, what was withheld, and what had already been produced:

> If you are agreeing to produce everything, then that's fine, *but what you need to do is to in some way indicate what your search involved*. So you should say, 'We're producing the online arrest reports, the notebook page of that date,' and so forth. You should explain what it is you're producing. Or you could say, 'We're relying on the email search, you know, the search terms. That's whatever it is, and that's what we think is all we have to do for this."
>
> *You have to express what it is that is being produced*. And if there's something you know is not being produced that's within that category, you have to say that, as well.

*Id.* 38:22-39:10 (emphasis added).

After that conference, the Parties met and agreed — as memorialized in a March 9 email (**Exhibit 3**) without any objection from Defendants — that the new version of the chart was to contain:

- For documents Defendants claim they have already produced, *there will be a general description of the documents* (e.g., something like, "closed IAB files from Date X to Date



Y, for allegations that took place protests on Schedule A"), along with something pointing at where to find it. That "something" will either be Bates numbers, or something else like a volume number -- except that Defendants won't use a volume number if they're pointing to a disproportionately large volume relative to the documents being pointed to. Similarly, videos should just get Bates IDs.[2]

- Defendants will describe both (1) the places for each request where documents may exist that they have declined to search and (2) the documents that they have withheld, across the entire life of the case for every request (that is, this will cover both documents previously withheld and that will be withheld on March 18).

- Defendants *will describe what they will be producing*. Where possible (for example, for things like requests 8 and 9) they will identify documents specifically. Where the request is more general, Defendants *will describe where they are searching and the reason for that search* (e.g., what sorts of things they expect to find in that place).

- The various requests we discussed specifically will be updated.[3]

- What the Court said about the status of objections vis-a-vis waiver is everyone's understanding (see pp. 9-10 of the transcript).[4]

Ex. 3 (emphasis added, underline emphasized in original).

    Defendants' latest iteration of the chart has little, if any, resemblance to what was ordered and agreed as to the other bullets described above. This is particularly true for many of the Defendants' responses regarding the descriptions of searches Defendants have employed, and what documents they will (and won't) be producing. For example, for Requests 8 and 9 — requests specifically identified in the parites' agreement (Ex. 3, ¶ 3) — Defendants initially list two documents then just say "etc.", and then don't even bother doing *that* for Request 9:

    "Any additional responsive documents will be provided prior to the Court-ordered date, inluding [sic] line of duty records, press inquiry records, etc." (Request 8, Ex. 1 ln. 57).

---

[2] As we understand it, had Defendants followed through on the commitment, this is all that Defendants would have been addressing in the amended chart being handled by their vendor.

[3] Defendants have failed to comply here as well. For example, despite having gone over this request no less than four times at this point, as to Request 48 to Plaintiffs' First Consolidated Requests, Defendants are (1) wrongly asserting that the NYPD website has an organizational *chart* (it does not) and (2) ignoring that as Ms. Fitzpatrick explained, there are non-public organizational charts that Defendants *have agreed to produce*. Defendants' selective failure to accurately record the results of and abide by agreements at the Parties' meet and confers is beyond troubling at this stage. This is simply the latest example of Defendants' repeated attempts to walk back their commitments with the Court.

[4] Plaintiffs assume that Defendants do not object to producing anything Plaintiffs identify as missing that is not specifically identified in this version of the chart. *See generally* 3/4/2022 Tr. 47:3-4 (THE COURT: "I don't recall telling you that you could have secret objections.")



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



"Any additional responsive documents will be provided prior to the Court-ordered date" (Request 9, Ex 1 ln. 59).

In fact, the substantively unadorned phrase "Any additional responsive documents will be provided prior to the Court-ordered date" appears no less than 25 times in the new chart. Obviously that response does not comply with the parties' agreements or the Court's orders. The same is true of virtually every response. Request 10 seeks information typically found in so-called "Stop Reports" (required by the *Floyd* consent decree), and the fact that these documents are missing has shown up in virtually every motion and letter. Yet Defendants still just say that some unknown "additional responsive documents" will be produced.

The problems do not stop with Defendants' failure to state what they will be producing. They have once again failed to reflect long-agreed commitments — and their answers do not appear to be written by someone with any knowledge of the parties' disputes. For example, despite Defendants' (acknowledged) failure to collect IAB records outside of those produced to the OIG/AG prior to this suit having been (1) crystalized several times over (*see, for example* 2022-03-04 Tr. 42:16; 50:8-51:24) and (2) the subject of half a dozen meet and confers with Defendants agreeing to collect and produce documents each time, Defendants' current answer on IAB records remains "Responsive documents previously provided." Request 14; Ex. 1 ln. 6. Given the hundreds of attorney hours that have gone into securing this and related commitments over months of Court-ordered meet and confers, this failure is particularly troubling.

But these examples are just the beginning. In short, Defendants have made no effort whatsoever to state "what [they are] going to produce, and … how [they are] going to produce it." 2/18/2022 Tr. 99:2:12. If what the Court expected was at all unclear after the February 18 conference, the Court put ambiguity to bed at the March 4 conference. Yet, Defendants still have not done the basic homework the Court assigned. And they haven't asked to be relieved of the assignment.

Defendants' failure to follow the Court's directions is especially egregious for those deficient entries which that have already been identified as inadequate in previous motions and letters. The Court was unambiguous that Defendants' responses were "insufficient" in the March 4 conference. 2022-03-04 Tr. 40:3-4; *see also, id.* 38-39; 45:22-46:2 ("the chart has to indicate what it is within a request that you're producing and that you're not producing"). And Plaintiffs' letter confirming the need for a conference (Dkt. No. 428) on Defendants' failure to do the assignment the first time identified the response to Request 4 as inadequate. Dkt. No. 428 at 2 ("In the Court Ordered chart, Defendants simply say: 'Responsive documents previously provided.'"). Yet, as amended, all Defendants say in response to Request 4 is, "Responsive documents previously provided. Bates/Volume numbers to be provided." As explained in the letter, this seems to suggest Defendants are waiving all their objections to everything about the 2004 RNC. *See also,* Ex. 2 at 1 ("What the Court said about the status of objections vis-a-vis waiver is everyone's understanding), *citing* 2022-03-4 Tr. 9:11-11:4.[5]

_____

[5] THE COURT: "So if that's blank, that means you're producing it. My point is if you're not saying that you're not going to produce something within the category, that means you're not objecting on burdensome

COHEN&GREEN                                                                                      Page 4 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



As noted above, this simply isn't what the Court ordered.  At this stage, some sanction is appropriate:  Defendants still are having issues following Court orders.  The Court has sanctioned Defendants four times in this case already — and chastised them several more times for creatively interpreting the Court's orders to evade otherwise clear requirements. Dkt. Nos. 334 ("the Court does not understand how the City ended up believing that the plaintiffs were interested in only the Mott Haven video"); 330 (similar); 457 ("plaintiffs are correct as to the Court's intention, though the Court accepts that there was **arguably** some basis for confusion") (emphasis added).  The Court has thus far limited its imposition of sanctions to those that are already required in the absence of a "substantially justified" position. *See* Fed. R. Civ. P. 37(b)(2)(C). While those fees are still appropriate, Plaintiffs submit that more is required at this juncture.

Plaintiffs therefore renew their request for the Court to enter the proposed prophylactic order at Dkt. 394.  Defendants simply do not treat their commitments to Plaintiffs as commitments at all, as this latest incident amply demonstrates.  If the commitments made in meet and confers are not meaningful, the Court's scheme of Individual Practices falls apart.  *See, e.g.,* 2022-02-11 Tr. 7:17-18:5. As the Court observed at a recent conference, "I think it's a good idea to have Court ordered deadlines where possible[,] so I'll agree with you on that."[6]  2022-02-11 Tr. 96:2-13.  If Plaintiffs had the clear parameters in the confirmatory email — along with the agreed deadline of March 14 — set in a Court order, this issue could have been raised nearly two weeks ago (even if Defendants had violated the order).  Instead, Defendants' delay in providing a chart that remains non-compliant is dragging this dispute to the threshold of the court's firm deadline to produce all remaining document discovery by April 15 — leaving Plaintiffs, and the Court, without a clear picture of what Defendants even intend *to do* by that deadline.  In other words, *something* more is warranted "given the history of sanctions imposed on the City" for naked misconduct in this case.  No party should be allowed to flout Court orders the way Defendants have — and if they do, "we can't function."  2022-02-11 Tr. 93:7-15.

Once again, we thank the Court for its continued time and attention.

Respectfully submitted,
/s/
_____

J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
  **COHEN&GREEN P.L.L.C.**

---

or any other grounds, and you're producing whatever's in the category … And Mx. Green is concerned that in fact you'll produce something less than the full category because you came up with some things that you decided were too burdensome or couldn't be done or have some objection to, and that won't be discovered until the 18th. And I'm saying that's not acceptable."

In other words, Defendants have knowingly waived any objections to producing the entirety of the documents requested in many, many categories if the chart is accurate.

[6] The Court's comment was in response to Plaintiffs stating that they "ask … if we could submit all of the commitments defendants have made in the most recent meet and confers to be so ordered, [because] that might also help us move forward."  *Id.*





*Attorneys for Sow Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

COHEN&GREEN

**Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com**