| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 1 | Case Name | DRI Set and Number | Description of each DRI | Documents Produced | Objections/Reasons Withheld | Burden | New Production |
| 2 | People et al., v. CNY 21cv322 First Supplemental Request | DR No. 1 | Produce all documents relating to Jacqui Painter and Carlos Calzadilla-Palacio, and the incident that took place on May 29, 2020, at or near the vicinity of the 88th Precinct on Dekalb Avenue in Brooklyn, including, but not limited to, Threat, Resistance, or Injury (TRI) reports, summonses, hospital and other medical reports, body-worn camera footage, and any documents identifying Officers involved, including but not limited to the following: the police officer in a black or blue uniform and helmet in the screenshot attached as Exhibit A, taken from the body-worn camera footage produced by Defendants as Def_CCRB_000198S3. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as neither individual was arrested or issued summons. Defendants cannot identify any of the officers in Exhibit A. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically.

The production of TRI reports using only a name is unduly burdensome.

The production of documents relating to the identity of the officers in Exhibit A is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personnel hours potentially leading to negative results. Without information regarding the source of the pictures in Exhibit A, defendants have no way of identifying which video the still photographs came from and thus cannot view the full video in order to determine the identity of the officers. The photographs in Exhibit A are not clear enough to allow defendants to make an identification. | |
| 3 | | DR No. 2 | Produce all documents relating to Luke Hanna and the incident that took place on June 3, 2020, at Cadman Plaza in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage from 5:00 PM to 12:00 AM, within a two-block radius of the intersection between Tillary and Clinton Streets. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically.

The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personnel hours potentially leading to negative results. | |
| 4 | | DR No. 3 | Produce all documents relating to Huascar Benoit and the incident that took place at a protest the night of May 30, 2020, and into the early morning hours of May 31, 2020, in the vicinity of Dekalb and Flatbush Avenues in Brooklyn, including, but not limited to, identifying the Officers captured in the screenshots included in Exhibit B, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, from 5:00 PM the night of May 30, 2020, to 3:00 AM the morning of May 31, 2020, including but not limited to the following Officers: a. Reynaldo Gonzalez (923898 DTS, 84th Precinct); b. Oscar Palomino (942321 POM, 79th Precinct); c. Pavlo Azarov (953647 POM); d. Sali Cerimi (965974 POM, 83rd Precinct); e. Aaron Husbands (Shield # 4274, 78th Precinct); and f. Unnamed Officer with the helmet number that appears to be 13990 or a similar number). | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. Defendants cannot identify any of the officers in Exhibit B. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically.

The production of TRI reports using only a name is unduly burdensome.

The production of documents relating to the identity of the officers in Exhibit B is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personnel hours potentially leading to negative results.

Without information regarding the source of the pictures in Exhibit B, defendants have no way of identifying which video the still photographs came from and thus cannot view the full video in order to determine the identity of the officers. The photographs in Exhibit B are not clear enough to allow defendants to make an identification. | |
| 5 | | DR No. 4 | Produce all documents relating to Joseph Kokesh and the incident that took place on May 29, 2020, near the intersection of Bergen Street and Fifth Avenue in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and body-worn camera footage taken by the following Officers: a. Joseph Giannatonio (956675 POM, 78th Precinct); b. Andrey Samusev (958047 POM, 78th Precinct); and c. Eduardo Silva (933356, Lieutenant, 78th Precinct). | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically.

The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personnel hours potentially leading to negative results. | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 6 | | DR No. 5 | Produce all documents relating to New York State Senator Zellnor Myrie and Assemblymember Diana Richardson, and the protests that took place on May 29, 2020, at Barclays Center in Brooklyn, including, but not limited to, documents identifying the Officer(s) who released Senator Myrie from custody, TRI reports, summonses, hospital and other medical reports, and any body-worn camera footage taken by the following Officers: a. Eric Olfano (921639 SGT); b. Joseph Taylor (924542 CPT); c. John Loftus (935198 POM); d. Max Bermudez (944360 POM); e. Donald Weeks (946389); f. Ernan Vega (948153); g. Ronny Vega (951381); h. Marcin Steckiewicz (955529); i. Harry Kerr (962522 POM); j. Giovanni Calderon; k. Jessica Clinton, SRG3; l. Terence Monahan; m. Officer in the white shirt depicted in the image in Exhibit C and the Complaint (See para. 201); and n. All other officers depicted in Exhibit C or who were present at Barclay's Center on May 29, 2020. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as neither individual was arrested or issued summons. Defendants identify the officer in the white shirt depicted in Exhibit C as Captain Joseph Taylor. Defendants cannot identify any of the other officers in Exhibit C. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically. The production of TRI reports using only a name is unduly burdensome. The production of documents relating to the identity of the officers in Exhibit C is unduly burdensome | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personnel hours potentially leading to negative results. Without information regarding the source of the pictures in Exhibit C, defendants have no way of identifying which video the still photographs came from and thus cannot view the full video in order to determine the identity of the officers. The photographs in Exhibit C are not clear enough to allow defendants to make an identification. | |
| 7 | | DR No. 6 | Produce all documents identifying the Officers depicted in Exhibit D and the Complaint (See para. 169), who were present at the Mott Haven protests that took place on June 4, 2020, in Mott Haven. | Defendants identify the officer with Shield #75 in Exhibit D as Sergeant Thomas Rodriquez. Defendants cannot identify other officers in Exhibit D as the photo is not clear enough to make a positive identification. | The production of documents relating to the identity of the officers in Exhibit D is unduly burdensome | Without information regarding the source of the pictures in Exhibit D, defendants have no way of identifying which video the still photograph came from and thus cannot view the full video in order to determine the identity of the officers. The photo graphs in Exhibit D are not clear enough to allow defendants to make an identification. | |
| 8 | | DR No. 7 | Produce all documents relating to Rayne Valentine and the incident that took place on May 30, 2020, at or near the corner of Flatbush and Church Avenues in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any video footage, including body-worn camera footage from Officers involved in or present at the incident, including, but not limited to Officer Amjad Kasaji. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as neither individual was arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically. The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personnel hours potentially leading to negative results. | |
| 9 | | DR No. 8 | Produce all documents relating to Patricia Delfin and the incident that took place on May 29, 2020, in the Clinton Hill neighborhood in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage from Officers involved in or present at the incident. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections,  other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically. The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personnel hours potentially leading to negative results. | |
| 10 | | DR No. 9 | Produce all documents relating to Kerry Leigh Pittenger and the incident that took place on May 29, 2020, in the Bedford-Stuyvesant neighborhood in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage from Officers involved in or present at the incident. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically. The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personnel hours potentially leading to negative results. | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 11 | | DR No. 10 | Produce all documents relating to Dorthley Beauval and the incident that took place on June 1, 2020, in the vicinity of West 56th Street and Broadway in Manhattan, including, but not limited to, TRI reports, hospital and other medical records, and any video footage relating to the alleged | Defendants have already produced: DEF_000113354, DEF_000122541, DEF_000077650, DEF_000277012, and DEF_000163151. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically. | | |
| 12 | | DR No. 11 | Produce all documents relating to Dennis Mullikin and the incident that took place on May 31, 2020, near 12th Street and Broadway in Manhattan, including, but not limited to, documents identifying Officers involved in Mullikin's arrest, TRI reports, aided reports, hospital and other | Defendants have already produced: DEF_000112259, DEF_000120317, DEF_000153592, and DEF_000226839. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically. | | |
| 13 | | DR No. 12 | Produce all documents relating to Hannah Lillevoy and the protest that took place on May 28, 2020, at Union Square in Manhattan, including, but not limited to, documents identifying Officers involved in the use of force against Lillevoy, TRI reports, summonses, hospital and other medical records, and any video footage, including, but not limited to, body-worn camera footage from Officers at and within a one-block radius of Union Square between 3:00 PM and 5:00 PM on May 28, 2020. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personel hours potentially leading to negative results. The production of TRI reports using only a name is unduly burdensome. | |
| 14 | | DR No. 13 | Produce all documents relating to Dounya Zayer and the incident that took place on May 29, 2020, on Pacific Street in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical records, and any video footage, including, but not limited to, bodyworn camera footage from Officers in the two-block radius of Pacific Street and | Defendants have already produced: DEF_000104800 and DEF_000283572. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically. | | |
| 15 | | DR No. 14 | Produce all documents relating to Alexandra Crousillat and the incident that took place on November 4, 2020, at or near Irving Place and East 14th Street—near Washington Square Park and Union Square—in Manhattan, including, but not limited to, documents identifying Officers involved in Crousillat's arrest, TRI reports, summonses, hospital and other medical records, and any video footage, from 8:00 PM to 11:00 PM, including, but not limited to, body-worn camera footage from Officer Chris Foley (of SRG-1), SRG Officer Wearing Helmet Number 644, any body-worn camera and other video footage associated with summons number 4443594647 issued by arresting officer Onabanjo, and all other Officers involved in the arrest of protesters at Union Square on November 4, 2020. | Defendants will produce summons 4443594647. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personel hours potentially leading to negative results. | |
| 16 | | DR No. 15 | Produce the complete and up-to-date Civilian Complaint Review Board (CCRB) investigation file, including, but not limited to, Investigative Action forms, investigator interview summaries or reports, recordings of officer interviews, and all other related documents, filed by or regarding:<br>a. Huascar Benoit (CCRB complaint No. 202003881);<br>b. Hannah Lillevoy (CCRB complain No. 202003632);<br>c. New York state Assembly Member Diana Richardson and Senator Zellnor Myrie (CCRB complaint No. 202003695);<br>d. Dounya Zayer (CCRB complaint No. 202003692);<br>e. Jacqueline Painter and Carlos Calzadilla-Palacio (CCRB complaint No. 202003698);<br>f. Joseph Kokesh (CCRB complaint No. 202003770);<br>g. Andrew Smith (CCRB complaint No. 202003703);<br>h. Rayne Valentine (CCRB complaint No. 202004278);<br>i. Carlos Polanco (CCRB complaint No. 202003773);<br>j. Jason Donnelly (CCRB complaint No. 202003860);<br>k. Brian Anderson (CCRB complaint No. 202003961);<br>l. Zuleyka Morales (CCRB complaint No. 202003695);<br>m. Melanie Ryan (CCRB complaint No. 202004307);<br>n. Jemell Cole (CCRB complaint No. 202008262);<br>o. Jillian Primiano (CCRB complaint No. 202005994);<br>p. Brendan McDermid (CCRB complaint No. 202003901);<br>q. Robert Bumsted and Anna Slatz (CCRB complaint No. 202003834);<br>r. Tyler Berg (CCRB complaint No. 202003731); and<br>s. David Siffert (CCRB complaint No. 202003712). | Defendants have already produced: Jemell Cole (CCRB complaint No. 202008262) at beginning at bates no. DEF_0325935.<br><br>Cases below have been produced on March 11, 2022 in production VOL035_Confidential. These were also reproduced on March 16, 2022 due to an error in production:<br>a. Jillian Primiano (CCRB complaint No. 202005994);<br>b. Brendan McDermid (CCRB complaint No. 202003901);<br><br>Cases below will be produced on March 18, 2022 in production VOL37_Confidential:<br>a. Huascar Benoit (CCRB complaint No. 202003881)<br>b. Hannah Lillevoy (CCRB complain No. 202003632);<br>c. New York state Assembly Member Diana Richardson and Senator Zellnor Myrie (CCRB complaint No. 202003695);<br>d. Jacqueline Painter and Carlos Calzadilla-Palacio (CCRB complaint No. 202003698);<br>e. Joseph Kokesh (CCRB complaint No. 202003770);<br>f. Andrew Smith (CCRB complaint No. 202003703);<br>g. Zuleyka Morales (CCRB complaint No. 202003695);<br>h. Robert Bumsted and Anna Slatz (CCRB complaint No. 202003834);<br>i. Carlos Polanco (CCRB complaint No. 202003773)<br>j. Dounya Zayer (CCRB complaint No. 202003692)<br>k. Brian Anderson (CCRB complaint No. 202003961) - Produced under duplicate file CCRB complaint No. 202003707<br><br>Cases below are being reviewed and will be produced by the court ordered date: | | | |

3

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 17 | | DR No. 16 | Produce the complete and up-to-date CCRB investigation file, including, but not limited to, Investigative Action forms, investigator interview summaries or reports, recordings of Officer interviews, and all other related documents, for the following protests and incidents: a. The May 30 and June 4 protests in East Flatbush involving NYPD Lieutenant Michael Butler (CCRB complaint Nos. 202003799, 202004204, 202003962); b. The May 30, 2020, incident in Flatbush involving NYPD Captain Vitaliy Zelikov (CCRB complaint No. 202004408); c. The CCRB investigations relating to the June 4 Mott Haven protest (CCRB complaint Nos. 202004055, 202004301, 202004402, 202004055); and d. The CCRB investigations relating to the May 29 Clinton Hill protest (CCRB Nos. 202004179, 202003717). | Cases below will be produced on March 18, 2022 in production VOL037_Confidential: a. The May 30 and June 4 protests in East Flatbush involving NYPD Lieutenant Michael Butler (CCRB complaint Nos. 202003799 and 202004204) b. d. The CCRB investigations relating to the May 29 Clinton Hill protest (CCRB complaint No. 202003717) Cases below have been produced on March 11, 2022 in production VOL035_Confidential. These were also reproduced on March 16, 2022 due to an error in production: a. The CCRB investigations relating to the June 4 Mott Haven protest (CCRB complaint Nos. 202004301 and 202004402) b. The CCRB investigations relating to the May 29 Clinton Hill protest (CCRB complaint No. 202004179) c. The May 30 and June 4 protests in East Flatbush involving NYPD Lieutenant Michael Butler (CCRB complaint 202003962) d. The May 30, 2020, incident in Flatbush involving NYPD Captain Vitaliy Zelikov (CCRB complaint No. 202004408) e. The CCRB investigations relating to the June 4 Mott Haven protest (CCRB complaint No. 202004055) Cases below have been recieved and will be produce prior to the court ordered date: a. The CCRB investigations relating to the June 4 Mott Haven protest (CCRB complaint Nos. 202006855) | | | |
| 18 | | DR No. 17 | Produce the complete and up-to-date Internal Affairs Bureau (IAB) investigation file, including, but not limited to, investigator interview summaries or reports, recordings of Officer interviews, and all other related documents, related to or involving the following: a. Huascar Benoit (Identified by IAB No. 20-14374); b. Hannah Lillevoy (Identified by IAB Nos. 20-10199, FI 2020-0479); c. New York state Assembly Member Diana Richardson and Senator Zellnor Myrie (Identified by IAB No. 20-13767); d. Dounya Zayer (Identified by IAB Nos. 20-0410, 20-13708, 20-14206); e. Jacqueline Painter and Carlos Calzadilla-Palacio (Identified by IAB Nos. 20-0410, 20-13708, and 20-14206); f. Joseph Kokesh (Identified by IAB Nos. FI-2020-000478, 2020-14196); g. Andrew Smith (Identified by IAB No. 20-13824); h. Rayne Valentine (Identified by IAB No. FI-2020-0430); i. Carlos Polanco (Identified by IAB Nos. FI-2020-000462; 2020-13963; 2020-12202); j. Dennis Mullikin (Identified by IAB Nos. 2020-000462, 2020-13963); k. Jason Donnelly (Identified by IAB No. 20-14108); l. Zuleyka Morales (Identified by IAB Nos. FI-2020-000535, 2020-15371); m. Lawrence Schober (Identified by IAB Nos. 21-10106 and 2021-09715; n. Melanie Ryan; o. Jemell Cole; p. Jillian Primiano; q. Brendan McDermid (Identified by IAB Nos. FI-2020-000489, 2020-14473); r. Robert Bumstad and Anna Slatz (Identified by IAB Nos. 2020-14809, OG-2020-007172); s. Tyler Berg; t. David Sifler; and u. Keith Boykin. | Defendants will search for and produce the requested IAB files to the extent they can be located based upon NYPD's search capabilities. Defendants have already produced: a. New York state Assembly Member Diana Richardson and Senator Zellnor Myrie (Identified by IAB No. 20-13767); produced file beginning at DEF_000285011, and IAB log at DEF_000283838. b. Dounya Zayer (Identified by IAB Nos. 20-0410, 20-13708, 20-14206); Produced beginning at DEF_000285043. c. Andrew Smith (Identified by IAB No. 20-13824); produced IAB log at DEF_000284528 d. Zuleyka Morales (Identified by IAB Nos. FI-2020-000535, 2020-15371); Produced at DEF_000283118. d. Jemell Cole;  Produced IAB log at DEF_032595 | Producing all the requested documents is unduly burdensome | The search functionality of the electronic system of the Civil Litigation Unit is limited. CLU can only search the IAB database using an individual officer's tax ID number. Moreover, it is unclear if date of incident is a searchable category, making it difficult to limit the searches to a particular date of incident.  Upon information and belief, the Internal Affairs Bureau is the only entity that may be able to search by IAB file number and/or complainant's name. Defendants have sent these requests to IAB and IAB is working on locating those files. It is estimated that it would take at least 250 hours to search for all requested documents, plus an additional  150 hours to review, redact, and produce them. | |
| 19 | | DR No. 18 | Produce the complete and up-to-date Internal Affairs Bureau (IAB) investigation file, including, but not limited to, investigator interview summaries or reports, recordings of Officer interviews, and all other related documents, relating to the following protests and incidents identified in the Complaint: a. The May 30, 2020, and June 4, 2020, incidents in the Brooklyn neighborhoods of Flatbush and Williamsburg, respectively, involving NYPD Lieutenant Michael Butler, including IAB Nos. 2020-17426 (F-2020-2794) and 2020-17377 (FI-2020-661); b. The May 30, 2020 incidents in Flatbush involving NYPD Captain Vitaliy Zelikov, including IAB No. 2020-14991; c. The June 4 Mott Haven protest; and d. The May 29 Clinton Hill protest. | Defendants will search for and produce the requested IAB files to the extent they can be located based upon NYPD's search capabilities. | Producing all the requested documents is unduly burdensome | The search functionality of the electronic system of the Civil Litigation Unit is limited. CLU can only search the IAB database using an individual officer's tax ID number. Moreover, it is unclear if date of incident is a searchable category, making it difficult to limit the searches to a particular date of incident.  Upon information and belief, the Internal Affairs Bureau is the only entity that may be able to search by IAB file number and/or complainant's name. Defendants have sent these requests to IAB and IAB is working on locating those files. It is estimated that it would take at least 250 hours to search for all requested documents, plus an additional  150 hours to review, redact, and produce them. | |
| 20 | | DR No. 19 | Produce all documents, including any video footage, provided to any District Attorney's office investigating any incident at the protests for possible criminal charges, including, but not limited to, Rayne Valentine, Andrew Smith, and Dennis Mullikin. | No responsive documents. None of the individuals mentioned were arrested or issued summons. | Producing all the requested documents is unduly burdensome | Locating and producing "all documents" provided to any of the five district attorneys' offices for ANY incident at all 83 protest locations, that may or may not involve the several hundreds of summonses and arrests made by 77 commands is unduly burdensome. In addition, relevant police paperwork, in the form of arrest reports, summonses, TRI and logs, when prepared, were already produced as part of separate document requests. | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 21 | | DR No. 20 | Produce all documents concerning the creation of reports, records, communications, discussions, assessments, or critiques regarding the NYPD's deployment of officers to protests, including, but not limited to, orders, directives, instructions, and communications to create protest critiques | Responsive documents will be produced on March 18, 2022 in VOL37_Confidential. | | | |
| 22 | | DR No. 21 | Produce all 50-h hearing transcripts for all witnesses identified in the Complaint. | Defendants have produced 50-h hearing transcripts for the following witnesses by March 18, 2022.<br>-Patricia Delfin<br>-Huascar Benoit<br>-Luke Hanna<br>-Andrew Smith<br>-Zellnor Myrie<br>-Diana Richardson<br>-Dounya Zayer<br>-Dorthley Beauval<br>-Rob Goyanas<br><br>There are no records of 50H hearing transcripts for the remaining witnesses mentioned in the complaint. | | | |
| 23 | | DR No. 22 | Produce all documents relating to Rob Goyanes and the incident that took place on June 4, 2020,<br>in Mott Haven, at or near East 136th Street—between Brooke Avenue and Brown Place—<br>including, but not limited to, TRI reports, summonses, hospital and other medical reports, and<br>any body-worn camera and other video footage, from 5:00 PM to 8:00 PM, including from SRG<br>Officer Pecorella (badge number 9542), Officer Romero (badge number 6431), and Officer<br>Blumenthal or Blumenberg (also referred to as "Blumie") (badge number 1231). | Defendants will provide any BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | |
| 24 | | DR No. 23 | Produce all documents relating to Michael Blau and the incident that took place on June 3, 2020,<br>at or near East 54th Street and Third Avenue in Manhattan, including, but not limited to, TRI<br>reports, summonses, hospital and other medical reports, and any body-worn camera and other<br>video footage, from 8:00 PM to 10:00 PM, and associated with summonses number 4444104948. | Defendants will produce responsive documents on March 18, 2022 in VOL37_Confidential. Defendants will produce a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | |
| 25 | | DR No. 24 | Produce all documents relating to Aditi Bansal and the incident that took place on June 3, 2020,<br>at or near East 54th Street and Third Avenue in Manhattan, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other<br>video footage, from 8:00 PM to 10:00 PM, and associated with summonses number 4444110203. | Defendants will produce responsive documents on March 18, 2022 in VOL37_Confidential. Defendants will produce a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | |
| 26 | | DR No. 25 | Produce all documents relating to Holly Gunder and the incident that took place on June 3, 2020,<br>at or near East 54th Street and Third Avenue in Manhattan, including, but not limited to, TRI<br>reports, summonses, hospital and other medical reports, and any body-worn camera and | Defendants have already produced: DEF_000096420. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. | | |
| 27 | | DR No. 26 | Produce all documents relating to Katelyn Doyle and the incident that took place on June 3, 2020, at or near East 54th Street and Third Avenue in Manhattan, including, but not limited to,<br>TRI reports, summonses, hospital and other medical reports, and any body-worn camera and<br>other video footage, from 8:00 PM to 10:00 PM, including from an Officer with badge number 4501. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | |
| 28 | | DR No. 27 | Produce all documents relating to Tameer Peak, Benjamine Heath, Blaise Johnson, Hillary Wright, Jonathan Peck, Marissa Kaiser, Steve Mazzucchi, Vanessa Turi, and Ruvan Wijesooriya,<br>and the incident that took place on January 18, 2021, at or near City Hall Park in Manhattan,<br>including, but not limited to, TRI reports, summonses, arrest reports, hospital and other medical<br>reports, and any body-worn camera and other video footage, from 8:00 PM to 10:00 PM,<br>and<br>associated with summons number M21601961 from arresting officer Morgante, tax ID # 958951. | Defendant will produce the following documents will produce the following responsive documents on March 18, 2022 in VOL37_Confidential.<br>Tameer Peak: M21601961 & TRI Number: 2021-001-00006<br>Blaise Johnson: 4450084301 & 4450084293<br>Jonathan Peck: 4442340417 & 4442340465<br><br>Notwithstanding objections, no responsive documents exist for Hillary Wright, Benjamine Heath, Marissa Kaiser, Steve Mazzucchi, Vanessa Turi, and Ruvan Wijesooriya as none of them were not arrested or issued a summonses.<br><br>Defendants will produce a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 29 | | DR No. 28 | Produce all documents relating to Bryan Fiedler and the incident that took place on June 4, 2020, at or near Penn Street and Wythe Avenue in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, from 8:00 PM to 10:00 PM, and associated with summons number 4444106078 issued by arresting officer Luis Negron, tax ID # 968665. | Defendants have already produced: DEF_000090844. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personnel hours potentially leading to negative results. | |
| 30 | | DR No. 29 | Produce all documents relating to Kayley Berezney and the incident that took place on June 4, 2020, at or near Penn Street and Wythe Avenue in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, from 8:00 PM to 10:00 PM, and associated with summons number 4444106064 issued by arresting officer Luis Negron, tax ID # 968665. | Defendants have already produced: DEF_000090842. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personnel hours potentially leading to negative results. | |
| 31 | | DR No. 30 | Produce all documents relating to Marie Kahn and the incident that took place on June 4, 2020, at or near Penn Street and Wythe Avenue in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, from 8:00 PM to 10:00 PM, and associated with summons number 4444105938 issued by arresting officer Husbands. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. Defendants have not been able to find any record of arrest for this individual on that date and have not been able to find the summons number provided. | "Hospital and other medical reports" are protected from disclosure under HIPPA. The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personnel hours potentially leading to negative results. | |
| 32 | | DR No. 31 | Produce all documents relating to Abel Tirado and the incident that took place on November 4, 2020, at or near Seventh Avenue South and Leroy Street in Manhattan, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, from 8:00 PM to 10:00 PM, and associated with summons number M20629727 issued by arresting officer Hurchey. | Defendants will produce responsive documents on March 18, 2022 in VOL37_Confidential. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personnel hours potentially leading to negative results. | |
| 33 | | DR No. 32 | Produce all documents relating to Dr. Michael Pappas and the incident that took place on June 4, 2020, in Mott Haven, Bronx, including, but not limited to, documents identifying Officers involved in Pappas's arrest, including the Officers who observed Pappas and the arresting officers associated with summons number 4443829723, TRI reports, hospital and other medical records, and any body-worn camera and other video footage associated with summons number 4443829723, including, but not limited to, body-worn camera footage from any involved officers. | Defendants have already produced: DEF_000090620. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personnel hours potentially leading to negative results. | |
| 34 | | DR No. 33 | Produce all documents relating to Jillian Primiano and the incident that took place on June 4, 2020, in Mott Haven, Bronx, including, but not limited to, documents identifying Officers involved in Primiano's arrest, including the Officers who observed Primiano and the arresting officers associated with summons number 4448281113, TRI reports, hospital and other medical records, and any body-worn camera and other video footage associated with summons number 4448281113, including, but not limited to, body-worn camera footage from any involved officers, including but not limited to Brian Destefano. | Defendants have already produced: DEF_000094595. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personnel hours potentially leading to negative results. | |
| 35 | | DR No. 34 | Produce all documents relating to Marie DeLuca and the incident that took place on June 4, 2020, in Mott Haven, Bronx, including, but not limited to, documents identifying Officers involved in DeLuca's arrest resulting in summons number 4448373565, TRI reports, hospital and other medical records, and any body-worn camera and other video footage associated with summons number 4448373565, including, but not limited to, body-worn camera footage from any involved officers, including but not limited to Crystal Washington. | Defendants have already produced: DEF_000090904, DEF_000090906, and DEF_000094960. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personnel hours potentially leading to negative results. | |
| 36 | | DR No. 35 | Produce all documents relating to Zuleyka Morales and the incident that took place on June 2, 2020, on the West Side Highway in Manhattan (Protest No. 39 in Schedule A), including, but not limited to, documents identifying Officers involved in Morales's arrest resulting in summons number 4441347880, TRI reports, hospital and other medical records, and any body-worn camera and other video footage associated with summons number 444134788, including, but not limited to, body-worn camera footage from the arresting officer, from Patrick Connolly, and from any other Officers involved in the arrest of Morales. | Defendants have already produced: DEF_000088142 and DEF_000083200.Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personnel hours potentially leading to negative results. | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 37 | | DR No. 36 | Produce all documents relating to Keith Boykin and the incident that took place on May 30, 2020, on the West Side Highway at West 96th Street in Manhattan (Protest No. 9 in Schedule A), including, but not limited to, documents identifying Officers involved in Boykin's arrest resulting in summons numbers 4443977943 and 4443977930, TRI reports, hospital and other medical records, and any body-worn camera and other video footage associated with Boykin's arrest, including, but not limited to, body-worn camera footage from the arresting officer, and from any other Officers involved in the arrest of Boykin. | Defendants have already produced: DEF_000075618, DEF_000090674, 4443977943, DEF_000282555. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using any name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personnel hours potentially leading to negative results. | |
| 38 | | DR No. 37 | Produce all documents relating to Jemell Cole and the incident that took place on July 15, 2020, on the Brooklyn Bridge pedestrian path resulting in the arrest of Jemell Cole (voided arrest No. M20620174; Protest No. 67 in Schedule A), including, but not limited to, documents identifying Officers involved in Cole's arrest, TRI reports, hospital and other medical reports, body-worn camera footage, ARGUS footage, and all other video footage associated with Cole's arrest. | Defendants have already produced: DEF_000046332. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using any name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personnel hours potentially leading to negative results. | |
| 39 | | DR No. 38 | Produce all documents concerning any information known to the NYPD before or during the following protests concerning illegal conduct, or the possibility thereof, at such location, warranting the use of encirclement or kettling tactics: a. June 2, 2020 – Manhattan Bridge; b. June 3, 2020 – Cadman Plaza, and Midtown Manhattan, near East 54th Street and Third Avenue; c. June 4, 2020 – South Williamsburg, near Penn Street and Wythe Avenue; d. November 4, 2020 – Washington Square Park, in the vicinity of West 8th Street, between Fifth and Sixth Avenues; and Union Square, near East 14th Street and Fourth Avenue; and e. January 18, 2021 – MLK day protest near City Hall Park in Manhattan. | Defendants have already produced all responsive documents for June 2, June 3, and June 4 in the following productions:<br><br>VOL007_Confidential<br>Range: DEF_000075580 - DEF_000077851<br><br>VOL008_Confidential<br>Range: DEF_000157572 - DEF_000164804<br><br>Defendants are continuing to search for responsive documents relating to November 4, and January 18 and will produce any documents prior to the court ordered date. | | | |
| 40 | | DR No. 39 | Produce all documents relating to Carlos Polanco and the incident that took place on May 30, 2020 on the F.D.R. Drive in Manhattan including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage from the following: a. The Officer in Exhibit E holding the baton in his right hand and spraying OC spray in his left hand; b. Any other officers identified in Exhibit E; c. Sgt. Majer Saleh (Tax ID number 929110). | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using any name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personnel hours potentially leading to negative results. | |
| 41 | | DR No. 40 | Produce all documents relating to Laisa Pertet and the incident that took place on the May 30, 2020, near the Flatbush Extension in Brooklyn including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using any name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personnel hours potentially leading to negative results. | |
| 42 | | DR No. 41 | Produce all documents relating to Alan Williams and the incident that took place on the evening of May 29, 2020, at or near the Barclay's Center in Brooklyn, near the metal barricades separating protesters and NYPD officers, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage. | Defendants have already produced: DEF_000089996, DEF_000090008, and DEF_000090030. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personnel hours potentially leading to negative results. | |
| 43 | | DR No. 42 | Produce all documents relating to Andrew Smith and the incident that took place in the early evening of May 30, 2020, at or near the intersection of Bedford and Tilden Avenues in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and | Defendants have already produced: DEF_000061669, DEF_000104540, DEF_000138459, DEF_000284404, DEF_000284405, DEF_000286550. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. | | |
| 44 | | DR No. 43 | Produce all documents relating to the use of force against Lawrence Schober that took place on May 31, 2020, in the vicinity of Broadway and 11th Street in Manhattan, including, but not limited to, documents identifying Officers involved in Schober's arrest, TRI reports, hospital and other medical reports, ARGUS footage, body-worn camera footage, and all other video footage associated with the use of force by Officers against Schober. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using any name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personnel hours potentially leading to negative results. | |
| 45 | | DR No. 44 | Produce all documents relating to the arrest of Brian Anderson (Arrest ID K20619401) and the incident that took place on May 29, 2020, in the vicinity of the 79th Precinct stationhouse, at 263 Tompkins Avenue in Brooklyn, and Herbert von King Park, (Protest No. 6 in Schedule A), including, but not limited to, documents identifying Officers involved in Anderson's arrest, TRI reports, hospital and other medical reports, ARGUS footage, body-worn | Responsive docs: DEF_000108958, DEF_000154372, DEF_000154375, DEF_000162666, DEF_000162669, and DEF_000104743. Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPPA. | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 46 | | DR No. 45 | Produce all documents relating to Jason ("Jae") Donnelly and the incident that took place on June 2, 2020, in the vicinity of West 53rd Street and 9th Avenue in Manhattan (Protest No. 36 in Schedule A), including, but not limited to, documents identifying Officers involved in the use of force against Donnelley, TRI reports, hospital and other medical reports, ARGUS footage, body worn camera footage, and all other video footage associated with Donnelly, including from Sgt. Matthew Balunas. | Defendants will provide a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPAA.

The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personnel hours potentially leading to negative results. | |
| 47 | | DR No. 46 | Produce all documents relating to the arrest of Melanie Ryan (Summons number 4449869464) and the incident that took place on June 3, 2020, in the vicinity of East 50th Street and Third Avenue in Manhattan, including, but not limited to, documents identifying Officers involved in Ryan's arrest, TRI reports, hospital and other medical reports, ARGUS footage, body-worn camera footage, and all other video footage associated with Ryan's arrest, including from Officer Jeff of SRG 3. | Defendants will produce responsive documents on March 18, 2022 in VOL37_Confidential. Defendants will produce a list of BWC that has already been produced and will produce any additional BWC within Defense Counsel's possession by the court ordered date. | "Hospital and other medical reports" are protected from disclosure under HIPAA.

The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personnel hours potentially leading to negative results. | |
| 48 | | | | | | | |
| 49 | In Re: New York City Policing During Summer 2020 Demonstrations
20 Civ. 8924; 20 Civ. 10291; 20 Civ. 10541; 21 Civ. 322; 21 Civ. 533; 21 Civ. 1904
Second Amended Responses | DR No. 1 | Provide all Documents concerning policies, procedures, directives, and training materials promulgated by NYPD relating to Officers' treatment of and response to demonstrations and protests (including mass protests), crowd control, crowd management, and/or "disorder control" that were created and/or in force prior to May 28, 2020, including, but not limited to, policies concerning:
a) Officers' use of tactics or objects to control crowds during a demonstration or protest;
b) Officers' use of force during a demonstration or protest;
c) Use of force reporting and investigations related to uses of force during a demonstration or protest;
d) Officers' use of batons or other instruments during a demonstration or protest;
e) Officers' tactical use of other objects, such as shields and bicycles, during a demonstration or protest;
f) Officers' use of Oleoresin Capsicum (also known as "OC" or "pepper spray") during a demonstration or protest;
g) Technical Assistance Response Unit ("TARU") video and audio recording related to a demonstration or protest;
h) Strategic Response and Strategic Response Group ("SRG") operations;
i) Disorder Control Training;
j) Officers' use of body worn cameras during a demonstration or protest;
k) Officers' use of zip-ties or flex cuffs during a demonstration or protest;
l) Officers' use of Kettling during a demonstration or protest;
m) Officers' interaction with, and treatment of, Legal Observers during a demonstration or protest;
n) Officers' interaction with, and treatment of, journalists, reporters, photographers, and members of the press during a demonstration or protest;
o) Officers' enforcement of any applicable curfews in place during a demonstration or protest; | Responsive documents previously provided. Bates/Volume numbers to be provided | | | |
| 50 | | | q) Facilitation, accommodation, and escort of demonstrations or protests;
r) First Amendment, Fourth Amendment, and Fourteenth Amendment principles applicable to policing demonstrations or protests, including the requirements that content-neutral restrictions on speech are narrowly tailored and provide ample alternatives for expression, as well as the need to provide fair warning before making certain Arrests or engaging in certain uses of force;
s) The need to give dispersal orders and a meaningful opportunity to comply with them before making certain Arrests at a demonstration or protest;
t) Policies, procedures, or protocols relating to racial profiling;
u) Officers' use of race in law enforcement decisions and/or implicit bias;
v) Officers' use of racial slurs or epithets;
w) Officers' affiliation with or participation in groups or website that promote racists views;
x) Officers' Arrest of individuals during a demonstration or protest, including procedures for effecting and processing large-scale or mass arrests;
y) Probable cause to Arrest for a Protest-Related Violation or Offense;
z) Discretion to Arrest for a Protest-Related Violation or Offense;
aa) When to process an Arrest for a Protest-Related Violation or Offense for release with a summons or Desk Appearance Ticket, or for arraignment, including during a demonstration or a protest;
bb) Officers' transportation of people Arrested during or after a demonstration or protest;
cc) Officers' use of mass or large-scale arrest processing (including the use of a Mass Arrest Processing Center), including related to a demonstration or a protest;
dd) Officers' provision of medical aid to civilians injured during a demonstration or protest;
ee) Officers' wearing of face coverings when interacting with the public during a demonstration or protest, including during arrest processing; and | | | | |
| 51 | | DR No. 2 | Provide all Documents concerning policies, procedures, directives, and training materials promulgated by NYPD during or after the Protests and relating to any and all subjects described in Request No. 1, including but not limited to training provided during or after October 2020, including recordings of such training, and any critique, evaluation, or review of the effectiveness of such training. | Responsive documents previously provided. Bates/Volume numbers to be provided. Any additional responsive documents will be provided prior to the Court-ordered date. | | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 52 | | DR No. 3 | Provide all Documents concerning policies, procedures, directives, and training materials relating to any and all subjects described in Request No. 1 promulgated during or following any protest events in the past 10 years concerning the deaths of persons in police | Responsive documents previously provided.  Bates/Volume numbers to be provided.  Any additional responsive documents will be provided prior to the Court-ordered date. | | | |
| 53 | | DR No. 4 | Provide all Documents concerning policies, procedures, directives, and training materials relating to any and all subjects described in Request No. 1 promulgated during or following protests regarding the 2004 Republican National Convention or any of the | Responsive documents previously provided.  Bates/Volume numbers to be provided | | | |
| 54 | | DR No. 5 | For any and all training materials, presentations, or other similar materials responsive to Request Nos. 1-4 above, Documents sufficient to identify the dates trainings were held, all persons who attended, any statistical reports of the ranks of members of the service that attended, and any certifications issued to such attendees. | Defendants have been, and will continue to provide training information for named defendants and deponents. | Defendants object to producing information regarding "all" trainings held as irrelevant and not proportional to the needs of the case. Additionally, information regarding training reveived by officers is publicly available. | | |
| 55 | | DR No. 6 | For each Officer identified in response to Interrogatory No. 1 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants, provide Documents sufficient to show whether and, if so, the date(s) that the Officer received training related to the | Training information regarding named officers and deponents has been/will be provided prior to their depositions, as previously agreed. | | | |
| 56 | | DR No. 7 | For each Protest Location listed in the attached Schedule A, Documents sufficient to identify the intended roles or functions, deployments, commands, and instructions provided to each and every Officer who was assigned to, or who responded to, the Protest Location, including but not limited to documents identifying:<br>a) The commanding Officer for each location;<br>b) The full name, shield number, tax identification number, assigned command, and rank of each Officer deployed;<br>c) Each Officer's assignment post, including the assignment address and borough;<br>d) Any and all Officers assigned to supervise or oversee such deployment;<br>e) Any attorneys from either the NYPD or the NYC Law Department at each location;<br>f) All Threat Response Inquiry ("TRI"), Officer Injury Reports, Complaints, or other written documentation of any kind related to such deployment;<br>g) All Unusual Incident or Occurrence Reports (PD370-152; UF-49);<br>h) All instructions or directives regardless of form regarding police equipment and uniforms (including disorder control gear, face coverings, and so-called "mourning bands") to be worn or possessed by Officers during the assignment;<br>i) Any communications relating to the decision to deploy Officers from the SRG and any instructions or directives provided to the SRG or Officers assigned to such deployments. | Responsive documents previously provided, including rosters and incident commander information.  TRI's, line of duty reports to be provoided. | | | |
| 57 | | DR No. 8 | For each Protest listed on the attached Schedule A, provide the following Documents:<br>a) Any and all intelligence reports, threat assessments, and information compiled and/or reviewed in advance of and during the Protests, including all Documents reflecting Officers' planning for policing the Protests, and any spreadsheets or other lists of "scheduled" and "unscheduled" events during the time period surrounding each Protest;<br>b) Any and all communications, tactical decisions, intelligence alerts, policies or other directives issued by any Officer as a result of such intelligence reports, assessments, or other information pertaining to the Protests;<br>c) News clips, social media postings, and internet links gathered by the NYPD, including but not limited to such information and records gathered or created by the Office of the Deputy Commissioner for Public Information ("DCPI"), the Intelligence Division, or otherwise, related to any Protest;<br>d) Requests for detail, Operations Unit (including Detail Section) records, "204s", "Who's Who," "Force Figures," "Detail Overview," roll calls, tactical plans, detail rosters, assignment sheets, internal communications, and other documents) concerning NYPD's deployment or assignment of Officers and resources relating to the Protests;<br>e) Command Log(s) and other records created as a result of or related to the operation any Incident Command Post utilized in connection with policing a Protest;<br>f) Records reflecting whether and, if so, by whom, when, and to what extent, dispersal orders or other warnings and opportunities to disperse or comply were given before enforcement action was taken at each Protest where force was used or detentions or Arrests were made;<br>g) All To/From Memoranda, Unusual Occurrence Reports, U.F. 49s, Mass Arrest Reports and/or any other Documents consisting of summaries, reviews, recaps, evaluations, critiques, after-action reports, or other reports following any Protest, including but not | Responsive documents previously provided, including news clips, details, command logs, SPRINTS,command logs,MAPC records.  Bates/Volume numbers to be provided.  Any additional responsive documents will be provided prior to the Court-ordered date, inluding line of duty records, press inquiry records, etc.. | | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 58 | | | i) All audio recordings, including audio recordings of NYPD Citywide and other radio communications;<br>j) SPRINT reports related to recorded communications (and documents sufficient to decipher such SPRINT reports);<br>k) Internal NYPD communications, including, but not limited to, e-mails, text messages, records regarding telephone calls made or received;<br>l) Any and all TRI Reports, and any and all Incident Worksheets (PD370-154), and any and all TRI Incident-Investigating Supervisor's Assessment Reports (PD370-154A), any and all TRI Interaction Reports, all Unusual Incident Reports, including any and all other Documents relating to such reports and worksheets;<br>m) Command Log(s) from each arrest processing location to which a person arrested in connection with a Protest was brought, including any Mass Arrest Processing Center ("MAPC");<br>n) MAPC intake and processing records;<br>o) Documents sufficient to identify all Arrests by Officers based on alleged conduct occurring at each Protest Location, including Documents sufficient to identify the number of such Arrests voided by the NYPD;<br>p) For any Officer who was injured during any Protest, any related Line of Duty injury paperwork, including but not limited to AIDED Report(s), witness statement(s), and medical records;<br>q) For any non-Officer injured related to a Protest, all records related to such injury, including any AIDED Report, Medical Treatment of Prisoner Form, Central Booking Medical Screening Form, Ambulance Call Report, Computer Aided Dispatch, FDNY Pre-Hospital Care Report, and other documents related to such injury;<br>r) Documents concerning press inquiries received by Defendants and/or press releases or statements to the press made by individual Defendants or their agents related to any | | | | |
| 59 | | DR No. 9 | For each person identified in response to Interrogatory No. 6 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants, provide the following Documents:<br>a) Any and all records created by Officers related to each person Arrested, including all arrest processing paperwork;<br>b) Online Booking System ("OLBS") Report (including handwritten/scratch version);<br>c) Online Booking System Arrest Worksheet (PD244-159) (including handwritten/scratch version);<br>d) Arrest Report – Supplement (PD244-157);<br>e) Prisoner Pedigree Card (PD244-092);<br>f) Arrest processing photographs, including digital movement slips and photographs taken as part of NYPD large-scale or mass arrest processing;<br>g) Mass Arrest Pedigree Label (244-093);<br>h) Complaint Report (313-152) (including handwritten/scratch version);<br>i) Complaint Report Worksheet (313-152A) and Omniform Complaint Revision (including handwritten/scratch versions);<br>j) Online Prisoner Arraignment ("OLPA") Report;<br>k) Property Clerk Invoice (521-141);<br>l) Records reflecting the disposition of property recorded in each such Property Clerk Invoice;<br>m) Medical Treatment of Prisoner (244-150);<br>n) Activity Logs (112-145) and other similar logs for the tour during which the incident occurred for any and all Officers involved;<br>o) Scratch and/or memo book or activity log entries for any and all officers involved;<br>p) C-Summons;<br>q) Desk Appearance Ticket (PD 260-121);<br>r) Desk Appearance Ticket Investigation Sheets (360-091);<br>s) Records provided to any local prosecutor;<br>t) DA Datasheets; | Responsive documents previously provided including arrest records, property clerk invoices, activity logs and BWC for named defendants and deponents.  Any additional responsive documents will be provided prior to the Court-ordered date. | | | |
| 60 | | | v) Criminal Court Complaint; and<br>w) Body worn camera footage associated with their Arrest, including associated audit trails and activity logs | | | | |
| 61 | | DR No. 10 | For each Protest Location listed in the attached Schedule A, provide Documents sufficient to identify all persons stopped by Officers during the Protests, including:<br>a) the date, time, and location of the encounter;<br>b) the name, rank, shield number, and command of any and all Officers involved;<br>c) the supervising Officer that made the decision and/or gave the order to stop the person;<br>d) the identity of the person stopped; and<br>e) the total number of stops disaggregated by race, date the stops occurred, and the precinct of the Officers involved. | Responsive documents previously provided with respect to all individuals for whom paperwork was generated.  Any additional responsive documents will be provided prior to the Court-ordered date. | | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 62 | | DR No. 11 | For each Protest Location listed in the attached Schedule A, provide Documents sufficient to identify all Arrests by Officers at such Protest Location, including but not limited to:<br>a) the total number of Arrests;<br>b) the total number of summonses related to those Arrests issued disaggregated by race, date the summons was issued, and the command of the issuing Officers;<br>c) the total number of DATs issued elated to those Arrests disaggregated by race, date the DAT was issued, and the command of the issuing Officers;<br>d) the total number of arrests processed on-line related to those Arrests disaggregated by race, date of arrest, and the command of the arresting Officers;<br>e) the summons number, DAT number, and/or arrest number associated with each Arrest;<br>f) the full name, shield number, and tax identification number of the issuing or arresting Officer;<br>g) the identity of the person Arrested;<br>h) location where the Arrest occurred (i.e., borough and address);<br>i) length of time of custodial detention, including date and time of stop and date and | Responsive documents previously provided.  Any additional responsive documents will be provided prior to the Court-ordered date. | | | |
| 63 | | DR No. 12 | Provide all Documents relating to policies, procedures, directives, and training materials regarding use of force reporting and investigation, including the completion of the TRI Incident Worksheets (370-154) and the TRI Incident-Investigating Supervisor's Assessment Reports (370-154A), including but not limited to the Data Entry Guide for Threat, Resistance or Injury (TRI) Incident Worksheet (SP542). | Responsive documents previously provided. Bates/Volume numbers to be provided | | | |
| 64 | | DR No. 13 | For each Protest Location listed in the attached Schedule A, provide Documents sufficient to identify each and every use of force by an Officer, including but not limited to information sufficient to show:<br>a) the type of force used;<br>b) date/time when used;<br>c) the full name, shield number, and tax identification number of the Officer using force;<br>d) the assigned command of the Officer using force;<br>e) supervising Officer(s);<br>f) whether the Officer was on-duty or off-duty;<br>g) the location where the incident occurred (including borough);<br>h) the race and gender of individual against whom force was used; and<br>i) the factual circumstances surrounding the force used. | Responsive documents previously provided.  Any additional responsive documents, including TRI's to the extent no previously provided, will be provided prior to the Court-ordered date. | | | |
| 65 | | DR No. 14 | For each Protest Location listed in the attached Schedule A, provide all Documents concerning any incidents currently or formerly under investigation or referred for internal investigation by the NYPD (including but not limited to the Internal Affairs Bureau ("IAB"), the Chief of Department ("COD"), Department Advocates Office, Office of the Chief of the Department, Risk Management Bureau, and/or Patrol Bureau Investigations) including all related complaints, log entries, record reviews, video and audio recordings, all recordings of interrogations of the members of service, interviews of any and all non-members of service as well as members of service, body-worn camera footage and associated audit trails and | Responsive documents previously provided. Bates/Volume numbers to be provided | | | |
| 66 | | | | | | | |
| 67 | | DR No. 15 | For each Protest Location listed in the attached Schedule A, provide all Documents concerning any incidents currently or formerly under investigation or referred for investigation by the Civilian Complaint Review Board ("CCRB") including all related complaints, video (including Argus video) and audio recordings, body-worn camera footage and radio transmissions. investigator notes and reports, and any other Documents collected, considered, or reviewed, an any determinations, disciplinary recommendations, or other outcome recommendations made by the NYPD or CCRB with respect to any occurrence that happened at such Protest Location. | Responsive documents previously provided | | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 68 | | DR No. 16 | For each Officer identified in response to Interrogatory Nos. 8 and/or 9 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants, all personnel-related records in the possession of the NYPD or the City of New York, including but not limited to:<br>a) Records reflecting the Officer's histories as to CCRB and IAB investigations, as well as underlying records;<br>b) The Academy Transcript and all training logs and other records reflecting the NYPD training each Officer received at the NYPD Academy and after graduating the NYPD Academy;<br>c) Central Personnel Index ("CPI") file records or similarly defined records;<br>d) Any and all records concerning internal NYPD disciplinary action, letters in the personnel file, command discipline, chares and specifications, transfers, and/or warnings and admonishments;<br>e) Performance profiles, or similarly defined records;<br>f) Psychological Services Unit ("PSU") records or similarly defined records;<br>g) Risk Assessment Information Liability System ("RAILS") records;<br>h) Early warning or intervention records or similarly defined records;<br>i) Supervisor complaint reports or command discipline election reports;<br>j) Any and all letters requesting sealing of disciplinary records or charges;<br>k) Any and all documents related to performance monitoring;<br>l) Giglio profiles and/or similar resume providing information regarding all internal NYPD and CCRB complaints, investigations, and dispositions, including the Police Commissioner's case analysis;<br>m) Records from the Internal Affairs Bureau, Inspectional Services Division, Office of the Chief of the Department, or Department Advocates Office;<br>n) The caption, complaint, and records reflecting the disposition of any and all lawsuits against each such Officer;<br>o) To the extent not covered in the preceding sub-paragraphs, all Documents relating to any civilian or departmental-generated complaints of police misconduct, dereliction of | Documents previously provided.  Additional documents to be provided, to the extent not already provided, for named defendants and deponents. | | | |
| 69 | | DR No. 17 | Provide all Documents concerning Officers receiving discipline for misconduct occurring during the Protests, or who have been recommended to receive discipline for such misconduct. | Responsive documents previously provided.  Any additional responsive documents will be provided prior to the Court-ordered date. | | | |
| 70 | | DR No. 18 | Provide all Documents concerning communications from May 25, 2020 to present between and among any and all NYPD personnel and personnel of the Office of the Mayor,<br>including Mayor de Blasio or his designees, and the Mayor's Office of Criminal Justice, regarding NYPD's planning for and response to any protest anticipated to take place in New<br>York City following the death of George Floyd, including but not limited to the Protests. | Responsive documents previously provided in email discovery. BAtes/Volumen numbers to be provided | | | |
| 71 | | DR No. 19 | Provide all Documents concerning communications about any protest anticipated to take place in New York City following the death of George Floyd, including but not limited to the Protests from May 25, 2020 to present, by Defendants Mayor de Blasio, Commissioner Shea, Chief Monahan, and all Borough Commanders, and Deputy | Responsive documents previously provided in email discovery | | | |
| 72 | | DR No. 20 | Provide all documents received by, referenced, or reviewed by Mayor de Blasio, Commissioner Shea, and/or Chief Monahan, Borough Commanders, Deputy Commissioner of Intelligence John Miller, and Incident Commanders documenting occurrences and/or interactions between Officers and civilians at any and all Protest | Responsive documents previously provided.  Any additional responsive documents will be provided prior to the Court-ordered date. | | | |
| 73 | | DR No. 21 | For each Protest Location listed in the attached Schedule A, provide all communications between and among Officers supervising, commanding, or otherwise directing NYPD's response to the Protests at each Protest Location, including but not limited to communications between and among Borough Commanders, SRG Command, and | Responsive documents previously provided.  Any additional responsive documents will be provided prior to the Court-ordered date. | | | |
| 74 | | DR No. 22 | Provide all Documents, including all non-privileged communications, in Defendants' possession, custody, or control concerning the December 30, 2020 Corporation Counsel Report Pursuant to Executive Order 58 (June 20, 2020) Directing an Analysis of Factors Impacting the George Floyd Protests in New York City, including any and all Documents received or reviewed by Corporation Counsel in preparing such report. | Responsive documents previously provided | | | |
| 75 | | DR No. 23 | Provide all Documents, including all non-privileged communications, in Defendants' possession custody, or control concerning the December 2020 Report by the New York City Department of Investigation ("DOI") titled: Investigation into NYPD Response to the George Floyd Protests, including any and all Documents received or reviewed by DOI in | Responsive documents previously provided | | | |
| 76 | | DR No. 24 | Provide all Documents concerning any communications between any NYPD personnel, including from the Community Affairs Bureau and/or any other neighborhood policing liaisons and organizers of the Protests. | Responsive documents previously provided in email discovery | | | |
| 77 | | DR No. 25 | Provide all Documents concerning reports, reviews, communications, discussions, assessments, and analyses, including but not limited to after-action reviews, Sentinel Event reviews, postmortem reviews, and project debriefs, concerning the NYPD's deployment of officers to protests related to Occupy Wall Street (2011-2012) and in response to the death of Eric Garner (2014-2015). | Responsive documents previously provided | | | |
| 78 | | DR No. 26 | Provide all Documents concerning the decision by then-District Judge Richard Sullivan concerning defendant Monahan's actions as reported in Dinler v. City of New York, No.<br>04 Civ. 7921 (RJS) (JCF), 2012 U.S. Dist. LEXIS 141851, at *27-39 (S.D.N.Y. Sept. 30, 2012), including but not limited to discipline of defendant Monahan, changes in policies, | No responsive documents exist | | | |
| 79 | | DR No. 27 | Provide all Documents concerning the jury's verdict against defendant Monahan in Abdell v. City of New York, No. 05 Civ. 8453 (RJS) (S.D.N.Y.), including but not limited to discipline of defendant Monahan. | No responsive documents  exist. | | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 80 | | DR No. 28 | Provide all Documents concerning the payment of the punitive damages awarded in Abdell v. City of New York, No. 05 Civ. 8453 (RJS) (S.D.N.Y.). | No responsive documents exist | | | |
| 81 | | DR No. 29 | Provide all Documents concerning any disciplinary action taken regarding Deputy Inspector Edward Winski concerning his actions during Occupy Wall Street protests, which were the subject of several litigations: Vincent v. Winski, No. 14 Civ. 7744; Gersbacher v. | No responsive documents exist | | | |
| 82 | | DR No. 30 | Provide all Documents concerning any complaint made to, or investigation by the NYPD or CCRB, of any NYPD officer displaying a "white power" symbol during any of the Protests listed on the attached Schedule A. | All protest-related CCRB records provided.  NYPD records provided, additional records to be provided if they exist | | | |
| 83 | | DR No. 31 | Provide all Documents concerning any complaint made to or investigation by the NYPD or CCRB, of any NYPD officer for making racist statements or for racist conduct, including but not limited to, racial profiling. | All protest-related CCRB records provided.  NYPD records provided, additional records to be provided if they exist | | | |
| 84 | | DR No. 32 | Provide all Documents concerning any investigation into, or assessments of, NYPD officers' possible affiliations with racist or white supremacist organizations, including but not limited to IAB, Intelligence or Anti-terrorism unit investigations or assessments. | All protest-related CCRB records provided.  NYPD records provided, additional records to be provided if they exist | | | |
| 85 | | DR No. 33 | Provide all Documents concerning investigations into, or assessments of, NYPD officers' possible affiliations with Proud Boys, Oath Keepers, Three Percenters, or other far-right or neo- Nazi organizations, including but not limited to IAB, Intelligence or Anti-terrorism unit investigations or assessments. | All protest-related CCRB records provided.  NYPD records provided, additional records to be provided if they exist | | | |
| 86 | | DR No. 34 | All Documents concerning any investigation into NYPD officers' participation in online far-right/racist message boards, such as the Law Enforcement Rant site Deputy Inspector James Kobel posted on (see Sierra First Amended Complaint at ¶¶ 166-168). | Documents concerning Inspector Kobel's statement to be provided by Court-ordered date. | | | |
| 87 | | DR No. 35 | Provide all Documents concerning any discipline of any NYPD officer for use of racist language during the Protests. | All protest-related CCRB records provided.  NYPD records provided, additional records to be provided if they exist | | | |
| 88 | | DR No. 36 | Provide all Unusual Incident reports (UF-49s), after-action reports, to/from memoranda, and Mass Arrests Reports, made or maintained at any time, concerning the following protests:<br>a) World Economic Forum protests in 2002;<br>b) Republican National Convention protests in 2004;<br>c) Occupy Wall Street in 2011 and 2012;<br>d) Black Lives Matter protests between 2013 and 2020; | To be provided pursuant to the Court's order. RNC document link provided | | | |
| 89 | | DR No. 37 | Provide all Documents concerning complaints, made at any time, alleging NYPD excessive force and use of racial epithets during policing of each protest listed in Request No. 36. | Defendants will provide electronically saved documents concerning complaints of excessive force, and racial epithets to the extent possible, during the mentioned protests from 2004-on. | Overly burdensome and not proportional to the needs of the case | Records prior to 2012 are not in electronic format, therefore difficult to searchfiles are not in electronic format and paper copies are in storage in one of three places.  Depending on if they were indexed clearly and properly, they may be difficult to locate. From 2012 through 2018, "outside guidelines" files are paper only, some are in storage, and the same issues as above apply.  Logs however, and not the entire files, are available in electronic format, but contain limited information.  Moreover, the search functionally of the electronic system is limited.  Excessive force complaints are a searchable category, however "racial epithets" is not.  Moreover, it is unclear if date of incident is a searchable category, making it difficult to limit the searches to a particular date of incident.  In order to find complaints of use of racial epithets, each complaint would have to be individually reviewed for that information.  It is estimated that it would take at least 250 hours to search for all requested documents, plus an additiaonl 150 hours to review, redact, and produce them. | |

13

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 90 | | DR No. 38 | Provide all Documents sufficient to identify all Arrests effected by Officers at each protest listed in Request No. 36, including the following information:<br>a) the total number of Arrests;<br>b) the total number of summonses related to those Arrests issued disaggregated by race, date the summons was issued, and the command of the issuing Officers;<br>c) the total number of DATs issued elated to those Arrests disaggregated by race, date the DAT was issued, and the command of the issuing Officers;<br>d) the total number of arrests processed on-line related to those Arrests disaggregated by race, date of arrest, and the command of the arresting Officers;<br>e) the summons number, DAT number, and/or arrest number associated with each Arrest;<br>f) the full name, shield number, and tax identification number of the issuing or arresting Officer;<br>g) the identity of the person Arrested;<br>h) location where the Arrest occurred (i.e., borough and address);<br>i) length of time of custodial detention, including date and time of stop and date and time of release; | Mass arrest reports to be provided, as discussed.  These reports contain the requested information. | | | |
| 91 | | DR No. 39 | Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding who is authorized to determine when a person related to a protest or demonstration may be released with a Summons or DAT, including any relevant NYPD | Responsive documents previously provided.  Any additional responsive documents will be provided prior to the Court-ordered date. | | | |
| 92 | | DR No. 40 | Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding the steps involved in processing an Arrest for a Protest-Related Violation or Offense outside of a protest or demonstration. | Responsive documents previously provided.  Any additional responsive documents will be provided prior to the Court-ordered date. | | | |
| 93 | | DR No. 41 | Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding the steps involved in processing an Arrest for a Protest-Related Violation or Offense related to a protest or demonstration. | Responsive documents previously provided.  Any additional responsive documents will be provided prior to the Court-ordered date. | | | |
| 94 | | DR No. 42 | Provide the Academy Transcript and all training logs and other records reflecting the NYPD training each named Defendant received at the NYPD Academy and after graduating | Responsive documents previously provided.  Any additional responsive documents will be provided prior to the Court-ordered date. | | | |
| 95 | | DR No. 43 | For each and every dataset produced pursuant to these Requests or in response to any of Plaintiffs' Interrogatories, provide any and all data dictionaries identifying and defining all terms and codes used in each field of the dataset. | No data dictionaries exist | | | |
| 96 | | DR No. 44 | Provide all documents identified or relied upon in responding to Plaintiffs' Interrogatories served in these Actions | See all previously produced documents | | | |
| 97 | | | | | | | |
| 98 | In Re: New York City Policing During Summer 2020 Demonstrations<br>20 Civ. 8924<br><br>Second Consolidated Set of Document Requests | DR No. 45 | Produce all documents identified in Defendants' Initial Disclosures to the extent they have not been produced. | Responsive documents have been provided | | | |
| 99 | | DR No. 46 | Produce copies of all subpoenas Defendants served on any party, or any individual or entity, concerning this litigation. | No responsive documents exist | | | |
| 100 | | DR No. 47 | Produce all documents received in response to any subpoena served. | No responsive documents exist | | | |
| 101 | | DR No. 48 | Produce any and all organizational chart(s) or other similar documents showing or explaining the organizational structure of the NYPD, including information providing identification of the leadership and the command structure of every component part or organizational unit within NYPD. | The NYPD organizational chart is avaialble on the NYPD website. Defendants will be providing a copy prior to April 1, 2022 | | | |
| 102 | | DR No. 49 | Produce all documents concerning the City of New York's contention that, "[c]lose to 400 NYPD personnel were injured," at Protests as stated on page 1 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106). | Line-of-duty reports, and any other reports tht refernce this information, to be produced prior to the Court-ordered date | | | |
| 103 | | DR No. 50 | Produce all documents concerning the NYPD officer who was injured at a Protest. | see "49" | | | |
| 104 | | DR No. 51 | Produce all HIPAA releases for all medical providers that treated any NYPD officer who was injured at a Protest, including the 4 officers whose photos are on page 5 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106). | HIPPA releases to be provided for any injured officer who agrees to provide one. | Defendants object as there is no requirement to produce HIPPA releases for non-parties.  Notwithstanding, defendants are reaching out to injured NYPD officers to ascertain whether they will agree to provide HIPPA | | |
| 105 | | DR No. 52 | Produce all documents concerning the City of New York's contention that, "[p]rotestors set police cars ablaze; vandalized precinct houses; threw rocks, bricks, bottles at officers; stabbed, punched, bit officers; and hurled Molotov cocktails at officers," as stated on page 1 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106). | Aided reports, Line of Duty reports and Fleet services reports provided/to be provided | | | |
| 106 | | DR No. 53 | Produce all documents concerning any violence by participants of any Protest. | Responsive documents provided/to be provided in email discovery, fleet services reports, Aided reports, and reports provided in Defendants' Initial Dislosures. | | | |
| 107 | | DR No. 54 | Produce all documents concerning the City of New York's contention that, "The City of New York already has committed to implementing numerous changes to the NYPD, recommended in the wake of these unprecedented protests, and is also finalizing a Reform and Reinvention Plan, required by the State of New York for all localities receiving state funds," as stated on page 1 of Defendants' Memorandum of Law in Support of | See NYPD web address previously provided, additiaonl documents, if any, to be provided. | | | |
| 108 | | DR No. 55 | Produce all documents concerning the City of New York's contention that, "there is no history of unlawful policing [by the NYPD] at protests" and "there is no history of unconstitutional policing at protests by NYPD," as stated on page 2 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106). | Defendant refer plaintiffs to documents already produced, publicly available media sources, and the jury verdicts/settlements in lawsuits against the City of New York/ NYPD officers arising from Occupy Wall Street Protests, WEF Protests and Anti-War Protests. | | | |
| 109 | | DR No. 56 | Produce all documents concerning the City of New York's contention that, "police seized hammers, lighter fluid, gas masks, and fireworks from protesters headed to the Mott Haven protests on June 4, 2020," as stated on page 6 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106). | As discussed, vouchers to be provided prior to the Court-ordered date | | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 110 | | DR No. 57 | Produce all documents concerning the City of New York's contention that, "[i]n response to the unprecedented protests and at the Governor's directive, the City of New York is revamping policing, including policing at protests," as stated on page 6 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106). | see "54" | | | |
| 111 | | DR No. 58 | Produce all drafts of any "plans for reinventing the police," as stated on page 6 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106), submitted by the Mayor, and all documents concerning those drafts. | Withholding on privilege grounds | Drafts are protected based on the deliberative process and attorney client privileges.  Privilege log to be provided. | | |
| 112 | | DR No. 59 | Produce all documents concerning the City of New York's contention that it accepted "all 30 collective recommendations from both agencies" as stated on Page 7 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106), as well as documents concerning those recommendations. | See "54" | | | |
| 113 | | DR No. 60 | Produce all documents concerning the City of New York's contention that it accepted "the City has implemented (and is considering implementing) a plethora of actions, including drafting a new policy concerning First Amendment rights at protests and disorder control tactics; assessing existing training to develop new content related to protest, de-escalation, and crowd psychology," as stated on Page 7 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt 106), as well as | see "54" | | | |
| 114 | | DR No. 61 | Produce all documents concerning the nature and structure of each of the below-listed databases and/or information systems, including, but not limited to, documents sufficient to identify the database(s) or other location(s) in which the underlying data housed in or accessible through each NYPD front-end system are stored, and including documents concerning: the information contained in each database and system; the fields in each database and system; the manner in which changes to the database/information system are logged; how audit logs are created and stored in the database and system; documentation of what information is stored in the database and system and how it is stored; all of the ways in which the database and system can be searched and queried; how information can be exported from the database and system; and any and all documents concerning training materials used in training users of the database or system.<br>a.NYPD's Crime Database Warehouse (CDW) and any related database(s);<br>b.NYPD's Domain Awareness System (DAS) and any related database(s);<br>c.NYPD's Omniform System and any related database(s);<br>d.NYPD's Real Time Crime Center (RTCC) and any related database(s);<br>e.NYPD's Electronic Case Management System (ECMS) and any related database(s);<br>f.NYPD's Property and Evidence Tracking System (PETS) and any related database(s);<br>g.NYPD's Activity Log - Electronic memo book application and any related database(s);<br>h.NYPD's Department iPhones and iPads;<br>i.NYPD's Finest Online Records Management System (FORMS) and related database(s);<br>j.NYPD's Automated Roll Call System (ARCS) and related database(s); and<br>k.NYPD camera ESI storage systems and related database(s), including, but not limited to, such systems and databases related to Body Worn Cameras (BWC) footage; Technical Assistance and Response Unit (TARU) footage (including the TARU Job Tracker system); Aviation Unit footage; ARGUS closed circuit television (CCTV) systems; and NYPD facility | | Overly burdensome/not proportional to the needs of the case | This information would take at least 15 hours each from at least 11 different people to gather and put in writing.  It is not proportional to the needs of the case, as there is no claims in this lawsuit based on these databases. | |
| 115 | | DR No. 62 | Produce all documents concerning how Body Camera video is collected and stored, including all documents concerning the protocols for preserving this video, the software used to house and/or manage this video, how this video is exported from the Body Worn Camera devices, and what audit trails and metadata are available regarding the Body Worn Camera devices and the video they create. | Responses previously provided at meet and confers | | | |
| 116 | | DR No. 63 | Produce all documents concerning the applications available on, data stored on, and usage of the tablets and smartphones provided to individual members of the NYPD, including, but not limited to, training materials used in training tablet and smartphone users. | Information regarding the applications and data on Department smartphones to be provided | | | |
| 117 | | DR No. 64 | Produce all documents reflecting the deployment and use of video/photographic equipment in connection with each of the Protests that are required to be created under NYPD Patrol Guide 212-71 ("Guidelines for the Use of Video/Photographic Equipment by Operational Personnel at Demonstrations") and PG 212-72 ("Guidelines for Uniformed Members of the Service Conducting Investigations Regarding Political Activities"), including, but not limited to: the report required to be submitted to the NYPD's Legal Bureau according to ¶¶ 1-4 of PG 212-71 and all documents created as a result of or in response to it (such as Legal Bureau and Intelligence Division records reflecting compliance with the Handschu v. Special Services Division consent decree); the serially numbered log maintained by the NYPD's Technical Assistance Response Unit ("TARU") under ¶¶ 5-6 of PG 212-71 related to all TARU deployments on each date on which one of the Protests took place; TARU Job Reports from the TARU Job Tracker system, or other, similar documents, related to each use of video/photographic equipment related to one of the Protests; all records regarding requests made to obtain or review such recordings or photographs made in writing to the Deputy Commissioner, Legal Matters and whether such requests were granted; and all other documents required to be created under PG 212-71 that are in the possession of the NYPD's TARU, Legal Bureau, Chief of Department's Office, Operations Unit, and within each Bureau or Borough | AS discussed, TARU logs to be produced prior to Court-Ordered deadlines | | | |
| 118 | | DR No. 65 | Produce all documents concerning the NYPD's use of data analytics and predictive policing as it relates to the policing of protesting, including how this technology was used to respond to the Protests. | No responsive documents exist | | | |
| 119 | | DR No. 66 | Produce all documents concerning the NYPD's Surveillance of participants of Protests online and their online activities, including all Surveillance by the NYPD's Social Media Analysis Research Team (SMART), Intelligence Division, or Counter-Terrorism Bureau. | Responsive documents provided in email discovery.  Any additional documents to be provided prior to Court-ordered deadline. | | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 120 | | DR No. 67 | Produce all documents concerning the use of facial recognition software on any video or photographs of the Protests, including the Dataworks Plus software and any such work by the NYPD's Facial Identification Center or Intelligence Division. | No responsive documents exist | | | |
| 121 | | DR No. 68 | Produce all documents concerning any searches of cell phones obtained from participants at the Protests, including: any documents or logs that were created relating to the search; any documents identifying what happened to the data extracted from these cell phones and the location of where this data was stored; documents identifying how this data was cross-referenced with any other data in any other database. | No responsive documents exist | | | |
| 122 | | DR No. 69 | Produce all documents concerning the use of Stingray devices, or any other device that monitors cell phones, at the Protests, as well as documents concerning any information obtained using one of these devices, identifying the location of where such information is stored, and describing how it is analyzed. | No responsive documents exist | | | |
| 123 | | DR No. 70 | Produce all documents concerning the Mayor's contention that "what happened in Mott Haven . . . is something that the NYPD saw coming," including all documents concerning the Surveillance preceding the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A) and all documents concerning any decision regarding the use of force at that | Responsive documents provided in email discovery.  Any additional documents to be provided prior to Court-ordered deadline. | | | |
| 124 | | DR No. 71 | Produce all documents concerning the Mayor's contention that "the NYPD has acted appropriately," after video emerged relating to the NYPD SUV driving into a crowd of protestors on May 30, 2020. | Responsive documents provided in email discovery.  Any additional documents to be provided prior to Court-ordered deadline. | | | |
| 125 | | DR No. 72 | Produce all documents concerning videos of Protests, from May 28, 2020 to June 3, 2020, that the Mayor viewed or that were shown to the Mayor on or before June 4, 2020. | Responsive documents provided in email discovery.  Any additional documents to be provided prior to Court-ordered deadline. | | | |
| 126 | | DR No. 73 | Produce all documents concerning videos of protests from June 4, 2020, including, but not limited to, the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A), that the Mayor viewed or that were shown to the Mayor on or after June 4, 2020. | Responsive documents provided in email discovery.  Any additional documents to be provided prior to Court-ordered deadline. | | | |
| 127 | | DR No. 74 | Produce all documents concerning videos of Protests on Schedule A that occurred after June 4, 2020, that the Mayor viewed or that were shown to the Mayor. | Responsive documents provided in email discovery.  Any additional documents to be provided prior to Court-ordered deadline. | | | |
| 128 | | DR No. 75 | Produce all documents concerning Commissioner Dermot Shea's June 5, 2020 statement that the NYPD response to the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A) was "executed nearly flawlessly," including any investigations into this statement and any discipline or recommendations of discipline that were made. | Responsive documents provided in email discovery.  Any additional documents to be provided prior to Court-ordered deadline. | | | |
| 129 | | DR No. 76 | Produce all documents concerning potential changes to policies or practices related to protest and/or disorder policing that Defendants considered or implemented as a result of evaluations of or recommendations related to Defendants' responses to the Protests, including, but not limited to, any internal NYPD evaluations or recommendations, evaluations or recommendations by Defendant de Blasio or any agency of Defendant City (such as the Office of the Inspector General, the Law Department, or the CCRB), or other evaluations, and including, but not limited to, responsive documents from the NYPD's Chief of Department, Operations Unit, Criminal Justice Bureau, Strategic Response Group, Disorder Control Unit, Legal Bureau, and Office of Management and Planning. | Responsive documents provided in email discovery.  Any additional documents to be provided prior to Court-ordered deadline. | | | |
| 130 | | DR No. 77 | Produce all documents concerning the Office of the Inspector General of the New York City Police Department's ("OIG-NYPD") June 26, 2019 report entitled, "Complaints of Biased Policing in New York City:  An Assessment of NYPD's Investigations, Policies, and Training," including all documents collected and reviewed during the course of investigating and then drafting the report. | Responsive documents to be provided. A privilege log will be provided for privileged documents | A number of these documents may be subject to the deliberative process and/or attorney client privilege | | |
| 131 | | DR No. 78 | Produce all documents concerning the NYPD's decision to reject the three recommendations by the OIG-NYPD presented in the June 26, 2019 report, which stated: (1) the "NYPD should amend its Patrol Guide policies to explicitly require NYPD officers and non-uniformed employees to report instances of biased policing upon observing or becoming aware of such conduct"; (2) the "NYPD should amend its Patrol Guide policies so that complaints alleging the use of offensive or derogatory language associated with an individual's actual or perceived protected status, such as racial slurs, are classified as biased policing if there is a discriminatory intent"; and (3) the "NYPD should amend its written investigative procedures related to biased policing so that offensive or derogatory language associated with an individual's actual or perceived protected status, such as an officer's use of racial slurs, is classified, investigated, and adjudicated as a | Responsive documents to be provided. A privilege log will be provided ofr privileged documents | A number of these documents may be subject to the deliberative process and/or attorney client privilege | | |
| 132 | | DR No. 79 | Produce all documents concerning the President of the NYPD Sergeants Benevolent Association's circulation of a racist video in August 2019, as described in paragraph 157 of the Sierra First Amended Complaint (Dkt 98), including any investigations into this action and any discipline or recommendations of discipline that were made. | Responsive documents to be provided prior to Court-ordered deadline | | | |
| 133 | | DR No. 80 | Produce every document that shows which officers wore what helmet numbers on the days on which the Protests occurred; if you are unable to conclude the answer with certainty, provide every log and other document that reflects which helmet numbers were assigned to what officers on the days of the protests. | Defendants refer plaintiffs to documents previously provided with respect to SRG officers.  For all other helmets, the number on the helmet is their shield number, unless they are of a rank that does not have a shield number, in which case they may be using a helmet that contains their previous shield number. | | | |
| 134 | | DR No. 81 | Produce every document concerning Defendants' policies and practices concerning distribution of protective gear by SRG officers and SRG protective helmet numbers. | No responsive documents exist | | | |
| 135 | | DR No. 82 | Produce all documents concerning the NYPD's 2021 First Amendment Policy ("Response to First Amendment Activities" available at https://www1.nyc.gov/assets/nypd/downloads/pdf/public_information/draft-1a-activities-forpublic- comment-2021-05-27a.pdf), its request for comment on the draft policy, the NYPD's consideration of such comments (and other factors) in developing the First Amendment Policy, and the final policy adopted." | The policy and request for comments will be produced prior to the Court-ordered deadline. | Documents concerning consideration of comments and other factors is subject to the deliberative process and attorney client privileges; a privilege log will be produced | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 136 | | DR No. 83 | Produce documents concerning the NYPD's activities relating to any marches, protests, or demonstrations occurring on or about June 26-27, 2021, including but not limited to any such documents relating to protests organized by the Reclaim Pride Coalition. | Responsive documents to be provided prior to Court-ordered deadline | | | |
| 137 | | DR No. 84 | Produce any and all documents or communications between Defendants and any borough District Attorney's Office relating to mass arrests that resulted in dispositions that include decline to prosecute. | Responsive documents for the protests on "Schedule "A"to be provided prior to Court-ordered deadline.  informations about call logs to be provided | Documents concerning any prior protests are irrelevant and not propotional to the needs of the case. | | |
| 138 | | DR No. 85 | Produce any and all documents concerning policy or practice changes, changes in training, or FINEST messages that were in some way a response to the judgment in Abdell v. City of New York, No. 05 Civ. 8453 (RJS) (S.D.N.Y.) and/or Gersbacher v. Winski, No. 14 Civ. 7600 (S.D.N.Y.); the settlement in Rodriguez, Williams, James, et al v. City of New York, 12-cv-03389 (S.D.N.Y.); or the District Court summary judgment decision in Dinler v. City of New York 1:04-cv-7921 (S.D.N.Y.) (Dkt. No. 312 therein). | See "27" above | | | |
| 139 | | DR No. 86 | Produce any and all documents concerning policy or practice changes, changes in training, or FINEST messages that were in some way a response to the settlement of the RNC cases, including but not limited to MacNamara, et al., v. City of New York, et al., 04 Civ. 9216 (KMK)(JCF) (S.D.N.Y.). | See "27" above | | | |
| 140 | | DR No. 87 | Produce any and all documents concerning policy or practice changes, changes in training, or FINEST messages that were considered or adopted in some way a response to the events and lawsuits described in ¶¶ 421-429 of the Sow First Amended Complaint (Dkt 96). | See "27" above | | | |
| 141 | | DR No. 88 | Produce all documents concerning persons at the June 4, 2020, Mott Haven Protest (Protest No. 44 on Schedule A) throwing plastic bottles containing liquids and/or Molotov cocktails (including but not limited to identifying videos depicting such acts). | Responsive documents previously provided.  Any additional responsive document will be provided prior to the Court-ordered date. | | | |
| 142 | | DR No. 89 | Produce all documents concerning an attempt by someone at the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A) to throw a wheelbarrow onto members of the service (including but not limited to identifying videos depicting such an act). | Responsive documents previously provided.  Any additional responsive document will be provided prior to the Court-ordered date. | | | |
| 143 | | DR No. 90 | Produce all documents concerning the alleged stabbing of an NYPD officer at the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A), including but not limited to videos depicting such an act, records concerning medical treatment for the injury, documents concerning the weapon that was used, and the identity of the perpetrator and any arrest or prosecution documents. | Responsive documents previously provided.  Any additional responsive document will be provided prior to the Court-ordered date. | | | |
| 144 | | DR No. 91 | Produce all documents, including, but not limited to, NYPD and CCRB documents, and documents reflecting communications between the NYPD and CCRB, concerning the CCRB's "unprecedented challenges in investigating" complaints arising from the Protests, including, but not limited to, the CCRB's inability to identify "officers due to the failure to follow proper protocols, officers covering their names and shield, officers wearing protective equipment that did not belong to them, the lack of proper use of body worn cameras, as well as incomplete and severely delayed paperwork" (from CCRB 2020 | Responsive documents will be produced prior to the Court ordered deadline | | | |
| 145 | | DR No. 92 | Produce all radio transmissions concerning the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A) in complete form, i.e., not a combined set of transmissions, but the complete transmission from each source point. | ICAD's to be produced, as previously discussed | | | |
| 146 | | DR No. 93 | Produce all documents concerning Aviation Surveillance of the June 4, 2020 Mott Haven Protest (Protest No. 44 on Schedule A), including but not limited to orders, directives, instructions, and communications. | Flight data reports to be provided, as previously discussed | | | |
| 147 | | DR No. 94 | Produce all documents concerning all NYPD investigations into the conduct of Sergeant Edward Mullins concerning his distribution of a racist video clip in August 2019, and concerning the February 2021 CCRB substantiation of three complaints against him for offensive language and abuse of authority. | Responsive documents to be provided prior to the Court-ordered deadline. | | | |
| 148 | | DR No. 95 | Produce all documents concerning any NYPD investigation into the display of a "white power" symbol by any NYPD officer since January 1, 2014. | Responsive documents to be provided prior to the Court-ordered deadline. | | | |
| 149 | | DR No. 96 | Produce all documents concerning any NYPD investigations into the statements and conduct of Deputy Inspector James Kobel. | Responsive documents to be provided prior to the Court-ordered deadline. | | | |
| 150 | | DR No. 97 | Produce all documents concerning complaints of biased policing by NYPD officers since January 1, 2014. | See "37 " above | | | |
| 151 | | DR No. 98 | Produce all documents concerning oral or written statements by NYPD officers reflecting racial bias by that officer since January 1, 2014. | See "37 " above | | | |
| 152 | | DR No. 99 | Produce all complaints to the NYPD (whether formal or simply a report of information to the NYPD) and investigations since January 1, 2014, concerning racist statements or conduct by an NYPD officer, regardless of whether the statement or conduct took place during, or outside of, the officer's course of employment. | See "37 " above | | | |
| 153 | | DR No. 100 | Produce all Documents created by the New York City Emergency Management (NYCEM) concerning any of the Protests, including but not limited to emails and/or alerts from the NYCEM Watch Command. | Sample responsive documents have been produced, the remainder of the documents will be produced prior to the Court-ordered deadline | | | |
| 154 | | DR No. 101 | Produce all documents referenced in your Answers to the Complaints to the extent they have not been produced in response to other Requests. | None | Defendants object to Document Request No. 101 on the grounds that this request is vague and overbroad insofar as it does not specify the documents plaintiffs contend  have not been produced. | | |
| 155 | | | | | | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 156 | In Re: New York City Policing During Summer 2020 Demonstrations. 20 Civ. 8924; 20 Civ. 10291; 20 Civ. 10541; 21 Civ. 322; 21 Civ. 533; 21 Civ. 1904 Yates' Second Set Interrogatories and Document Requests | DR No. 1 | Produce body worn camera footage from each of the NYPD members described in Attachment A, from May 31, 2020, between 9:00 PM and 10:00 PM. | Defendants have already produced DEF_000321247 through DEF_000321264. Defendants will produce any additional BWC for the incident involving plaintiff within Defense Counsel's possession by the court ordered date. | Body worn camera footage that does not depict the incident involving the plaintiff is not relevant and will not be produced in response to Yates' requests. | | |
| 157 | | DR No. 2 | Produce every written note, document or statement by any of the NYPD members identified in Attachment A, regarding the night of May 31, 2020. | Defendants have previously produced responsive documents and will produce any additional responsive documents by the court ordered-date or pursuant to the deposition protocol. | Written notes, documents or statements that do not relate to the incident involving the plaintiff are not relevant and will not be produced in response to Yates' requests. | | |
| 158 159 | | DR No. 3 | Provide the complete Civilian Complaint Review Board file relating to Cameron Yates' complaint of police misconduct on the night of May 31, 2020. | Defendants have already produced DEF_000321257 to DEF_000321263. Defendants will produce any additional responsive documents for CCRB complaint no. 202005120 on or before the Court-ordered date. | | | |
| 160 | Yates v NYC, et al 21 Civ 1904 First DRts Civ, Fausto Pichardo | DR No. 1 | Every document relied on to answer the interrogatories above. | Responsive documents previously provided.  Any additional responsive documents will be produced prior to the Court-ordered date. | | | |
| 161 162 | | DR No. 2 | The complete Civilian Complaint Review Board investigation relating to Plaintiff's complaint about his treatment by police on May 32, 2020 [sic]. | Defendants have already produced DEF_000321257 to DEF_000321263. Defendants will produce any additional responsive documents for CCRB complaint no. 202005120 on or before the Court-ordered date. | This request is unintelligible because there is no such date as May 32, 2020. | | |
| 163 | Yates v NYC, et al 21 Civ 1904; 20 Cv 8924 Third Request for Documents | DR No. 1 | Provide all roll calls from the 47th Precinct from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020. | Defendants will produce any responsive documents on or before the Court-ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant.  Any responsive documents will be limited to 12:01 a.m. to 11:59 p.m. on May 31, 2020. | | |
| 164 | | DR No. 2 | Provide the Activity Log Report for every police officer or sergeant whose name appears on the documents described in paragraph 1 for the time and dates described in paragraph 1. | Defendants will produce any responsive documents on or before the Court-ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant.  Any responsive documents will be limited to 12:01 a.m. to 11:59 p.m. on May 31, 2020. | | |
| 165 | | DR No. 3 | Provide all photos in your possession of every police officer or sergeant whose name appears on the documents described in paragraph 1. | Defendants will produce responsive documents on or before the Court-ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant.  Any responsive documents will be limited to 12:01 a.m. to 11:59 p.m. on May 31, 2020. | Locating and producing "all  photos" of the officers or sergeants in Defendants' possession is unduly burdensome.  Defendants will produce photographs sufficient to identify police officers and sergeants whose name appears on the roll calls from 12:01 a.m. to 11:59 p.m. on May 31, 2020. | |
| 166 167 | | DR No. 4 | Provide the 47th Precinct Command Log for the time and dates described in paragraph 1. | Defendants will produce any responsive documents on or before the Court-ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant.  Any responsive documents will be limited to 12:01 a.m. to 11:59 p.m. on May 31, 2020. | | |
| 168 169 | Yates v NYC, et al 21 Cv 1904 20 Cv 8924 Fourth Request for Documents | DR No. 1 | Provide all documents and video completed by or relating to NYPD Sergeant William Mansour, tax or shield # 953046, from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020. This includes: a. Daily Activity activity logs; b. Memo Book Entries; c. Arrest Reports, Complaint Reports, and Online Booking Sheets; d. The Sergeant's Command Log from the 83rd Precinct; e. Roll Calls from the 83rd Precinct; f. Body Cam footage from Sergeant Mansour and any other officers in the 83rd Precinct that were assigned to any protest-related activity; g. Overtime Requests or pay documentation for Sergeant Mansour; h. Line of Duty Injury Reports from or relating to Sergeant Mansour. i. Any equipment related documents including for taser operability. | Defendants have already produced DEF_DEP_01700 to DEF_DEP_01729 pursuant to the deposition protocol.  Defendants will produce any additional responsive documents on or before the Court-ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant.  Any responsive documents will be limited to 12:01 a.m. to 11:59 p.m. on May 31, 2020. | | |
| 170 | Yates v NYC, et al 21 Civ 1904; 20 Cv 8924 Fifth Request for Documents | DR No. 1 | Please provide the Daily Activity Log for May 30, 2020 through June 1, 2022 for the following police officers: a. Matthew Varela (Tax # 964329) b. Savanna Domenich (Shield #3919) c. Cecilia Wilson (Tax # 956335) | Defendants will produce any responsive documents on or before the Court-ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant.  Any responsive documents will be limited to 12:01 a.m. to 11:59 p.m. on May 31, 2020. | | |
| 171 | | DR No. 2 | Please provide any body worn camera footage taken by the above referenced officers on the above referenced dates. | Defendants will produce any responsive documents on or before the Court-ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant.  Any responsive documents will be limited to 12:01 a.m. to 11:59 p.m. on May 31, 2020. | | |
| 172 | | DR No. 3 | Please produce any portions of the file relating to CCRB case number 202005120, that has not been previously provided. | Defendants have already produced DEF_000321257 to DEF_000321263. Defendants will produce any additional responsive documents for CCRB complaint no. 202005120 on or before the Court-ordered date. | | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 173 | | DR No. 4 | Please produce all documents produced by or to plaintiffs in the United States Eastern District of New York Civil Action entitled Ashley Painson et al v. City of New York et al, Docket 14-CV-2788; include in those documents all deposition transcripts. | Defendants will produce any responsive documents on or before the Court-ordered date. | Defendants object to the extent that any responsive documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, et seq. and an applicable 160.50 release has not been provided to defendants for the relevant litigation. Defendants further object to the extent that responsive documents are protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA") or by the law enforcement privilege, deliberative process privilege, and/or any other applicable privilege.  Defendants further object to the extent that any responsive documents are subject to a confidentiality order. | Locating and producing "all documents" produced by or to plaintiffs in a lawsuit filed eight years ago is unduly burdensome.  Defendants will produce documents produced by the parties in their initial disclosures and the deposition transcript of Sergeant Mansour in relation to this case. | |
| 174 | | | | | | | |
| 175 | Payne v. NYC, et al. 20 CV 8924 Third Supplemental Set of Document Requests | DR No. 1 | For every Officer identified in response to Interrogatory No. 18, produce the following: a.NYPD training transcripts; b.Body-worn camera footage from 6/3/20-6/4/20; c.TRI reports related to the Officer from 6/3/20-6/4/20; d.Activity logs from 6/3/20-6/4/20; e.List of Schedule A protests the Officers attended; f.Activity logs from each of the Schedule A protests the Officers attended; g.Body-worn camara footage from each of the Schedule A protests the Officers attended; h.Arrest/OLBS reports the Officers created during the relevant time period; i.Summonses the Officers created during the relevant time period; j.DATs the Officers created during the relevant time period; k.AIDED reports related to the Officers during the relevant time period; l.TRI reports related to the Officers during the relevant time period; m.Any notes memorialized in the Officers' department-issued cell phones; n.Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and o.Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | |
| 176 | | DR No. 2 | For every Officer identified in response to Interrogatory No. 19, produce the following: a.NYPD training transcripts; b.Body-worn camera footage from 6/4/2020; c.TRI reports related to the Officers from 6/4/20; d.Activity logs from 6/4/20; e.List of Schedule A protests the Officers attended; f.Activity logs from each of the Schedule A protests the Officers attended; g.Body-worn camara footage from each of the Schedule A protests the Officers attended; h.Arrest/OLBS reports the Officers created during the relevant time period; i.Summonses the Officers created during the relevant time period; j.DATs the Officers created during the relevant time period; k.AIDED reports related to the Officers during the relevant time period; l.TRI reports related to the Officers during the relevant time period; m.Any notes memorialized in the Officers' department-issued cell phones; n.Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and o.Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | |
| 177 | | DR No. 3 | For every Officer identified in response to Interrogatory No. 20, produce the following: a.NYPD training transcripts; b.Body-worn camera footage from 5/31/20; c.TRI reports related to the Officers from 5/31/20; d.Activity logs from 5/31/20; e.List of Schedule A protests the Officer attended; f.Activity logs from each of the Schedule A protests the Officer attended; g.Body-worn camara footage from each of the Schedule A protests the Officer attended; h.Arrest/OLBS reports the Officer created during the relevant time period; i.Summonses the Officer created during the relevant time period; j.DATs the Officer created during the relevant time period; k.AIDED reports related to the Officer during the relevant time period; l.TRI reports related to the Officer during the relevant time period; m.Any notes memorialized in the Officers' department-issued cell phones; n.Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and o.Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 178 | | DR No. 4 | For Sergeant Thomas E. Manning (Tax ID 930644), produce the following:<br>a.NYPD training transcripts;<br>b.Body-worn camera footage from 6/28/2020;<br>c.TRI reports related to the Officer from 6/28/20;<br>d.Activity log from 6/28/20;<br>e.List of Schedule A protests the Officer attended;<br>f.Activity logs from each of the Schedule A protests the Officer attended;<br>g.Body-worn camara footage from each of the Schedule A protests the Officer attended;<br>h.Arrest/OLBS reports the Officer created during the relevant time period;<br>i.Summonses the Officer created during the relevant time period;<br>j.DATs the Officer created during the relevant time period;<br>k.AIDED reports related to the Officer during the relevant time period;<br>l.TRI reports related to the Officer during the relevant time period;<br>m.Any notes memorialized in the Officers' department-issued cell phones;<br>n.Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>o.Complete, up-to-date CCRB and IAB files related to the Officer. | Documents previously produced. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | |
| 179 | | DR No. 5 | For Police Officer Maxime Archange (60th Precinct, Shield #15412, Tax ID 960169) and Police Officer Stephanie Chen (60th Precinct, Shield #12943, Tax ID 962087), produce the following:<br>a.NYPD training transcripts;<br>b.Body-worn camera footage from 6/3/20-6/4/20;<br>c.TRI reports related to the Officers from 6/3/20-6/4/20;<br>d.Activity logs from 6/3/20-6/4/20;<br>e.List of Schedule A protests the Officers attended;<br>f.Activity logs from each of the Schedule A protests the Officers attended;<br>g.Body-worn camera footage from each of the Schedule A protests the Officers attended;<br>h.Arrest/OLBS reports the Officers created during the relevant time period;<br>i.Summonses the Officers created during the relevant time period;<br>j.DATs the Officers created during the relevant time period;<br>k.AIDED reports related to the Officers during the relevant time period;<br>l.TRI reports related to the Officers during the relevant time period;<br>m.Any notes memorialized in the Officers' department-issued cell phones;<br>n.Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>o.Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Defendants will produce any additional responsive documents (P.O. Maxime Archange's body-worn camera footage from 6/3/20-6/4/20) by the court ordered date pursuant to the deposition protocol. | | , | |
| 180 | | DR No. 6 | For Lieutenant Douglas Kautter (Tax ID 935093), produce the following:<br>a.NYPD training transcripts;<br>b.Body-worn camera footage from 6/2/2020;<br>c.TRI reports related to the Officer from 6/2/20;<br>d.Activity log from 6/2/20;<br>e.List of Schedule A protests the Officer attended;<br>f.Activity logs from each of the Schedule A protests the Officer attended;<br>g.Body-worn camara footage from each of the Schedule A protests the Officer attended;<br>h.Arrest/OLBS reports the Officer created during the relevant time period;<br>i.Summonses the Officer created during the relevant time period;<br>j.DATs the Officer created during the relevant time period;<br>k.AIDED reports related to the Officer during the relevant time period;<br>l.TRI reports related to the Officer during the relevant time period;<br>m.Any notes memorialized in the Officers' department-issued cell phones;<br>n.Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>o.Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | |
| 181 | | DR No. 7 | For Lieutenant Mark Kosta (Tax ID 949180), Police Officer Yahaira Perez-Guitierrez (Tax ID 967647), and Police Officer Zakie Karimzada (Tax ID 960745), produce the following:<br>a.NYPD training transcripts;<br>b.Body-worn camera footage from 5/30/20-5/31/20;<br>c.TRI reports related to the Officers from 5/30/20-5/31/20;<br>d.Activity log from 5/30/20-5/31/20;<br>e.List of Schedule A protests the Officers attended;<br>f.Activity logs from each of the Schedule A protests the Officers attended;<br>g.Body-worn camera footage from each of the Schedule A protests the Officers attended;<br>h.Arrest/OLBS reports the Officers created during the relevant time period;<br>i.Summonses the Officers created during the relevant time period;<br>j.DATs the Officers created during the relevant time period;<br>k.AIDED reports related to the Officers during the relevant time period;<br>l.TRI reports related to the Officers during the relevant time period;<br>m.Any notes memorialized in the Officers' department-issued cell phones;<br>n.Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>o.Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Defendants will produce any additional responsive documents (Body-worn camera footage from P.O. Zakie Karimzada from 5/30/20-5/31/20) by the court ordered date pursuant to the deposition protocool. | | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 182 | | DR No. 8 | For the Police Officer in possession of the body-worn camera associated with Axon Body 2 X81418494 on May 31, 2020, attached as Exhibit F, produce documents sufficient to identify the following:<br>a.Name;<br>b.Tax ID;<br>c.NYPD training transcripts;<br>d.Body-worn camera footage from 5/30/20-5/31/20;<br>e.TRI reports related to the Officers from 5/30/20-5/31/20;<br>f.Activity log from 5/30/20-5/31/20;<br>g.List of Schedule A protests the Officers attended;<br>h.Activity logs from each of the Schedule A protests the Officers attended;<br>i.Body-worn camara footage from each of the Schedule A protests the Officers attended;<br>j.Arrest/OLBS reports the Officers created during the relevant time period;<br>k.Summonses the Officers created during the relevant time period;<br>l.DATs the Officers created during the relevant time period;<br>m.AIDED reports related to the Officers during the relevant time period;<br>n.TRI reports related to the Officers during the relevant time period;<br>o.Any notes memorialized in the Officers' department-issued phones;<br>p.Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>q.Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Defendants will produce any additional responsive documents (Jeffrey Heilig's body-worn camera footage from 5/31/20) by the court ordered date pursuant to the deposition protocol. | | | |
| 183 | | DR No. 9 | For the police officer in possession of the body-worn camera associated with Axon Body 2 X81365488 on May 31, 2020, attached as Exhibit F, produce the following information:<br>a.Name;<br>b.Tax ID;<br>c.NYPD training transcripts;<br>d.Body-worn camera footage from 5/30/20-5/31/20;<br>e.TRI reports related to the Officers from 5/30/20-5/31/20;<br>f.Activity log from 5/30/20-5/31 /20;<br>g.List of Schedule A protests the Officers attended;<br>h.Activity logs from each of the Schedule A protests the Officers attended;<br>i.Body-worn camera footage from each of the Schedule A protests the Officers attended;<br>j.Arrest/OLBS reports the Officers created during the relevant time period;<br>k.Summonses the Officers created during the relevant time period;<br>l.DATs the Officers created during the relevant time period;<br>m.AIDED reports related to the Officers during the relevant time period;<br>n.TRI reports related to the Officers during the relevant time period;<br>o.Any notes memorialized in the Officers' department-issued cell phones;<br>p.Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>q.Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Defendants will produce any additional responsive documents (body-worn camera footage from Joel Ayala for 5/31/20) by the court ordered date pursuant to the deposition protocol. | | | |
| 184 | | DR No. 10 | Produce the complete and up-to-date Civilian Complaint Review Board investigation filed by Plaintiffs Andie Mali and Camila Gini, identified as CCRB complaint No. 202005197, including but not limited to investigator interview summaries or reports, recordings of officer interviews, and all other related documents. | CCRB Case File #202005197 has closed, and will be produced upon receipt and review. | | | |
| 185 | | DR No. 11 | Produce the complete and up-to-date Internal Affairs Bureau investigation relating to the incident involving Plaintiffs Andie Mali and Camila Gini, identified by IAB Number C21-875, including but not limited to investigator interview summaries or reports, recordings of officer interviews, and all other related documents. | Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | Defendants object to the extent that it may seek documents relating to an open case and thus subject to protection under the deliberative process privilege, that "IAB number C21-875 is vague and ambiguous insofar as it lacks officers' tax numbers. | | |
| 186 | | DR No. 12 | Produce all body-worn camera footage for all Ninth Precinct police officers at the Union Square protest on May 31, 2020, from 9 pm until 11 pm at or near the vicinity of Broadway and 12th Street or Fourth Avenue and 12th Street. | Documents previously produced. Additional documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | Producing all the requested documents is unduly burdensome. | It would constitute an unduly heavy burden to seek, review, and produce "all" body-worn camera footage, which likely includes irrelevant footage. | |
| 187 | | | | | | | |
| 188 | Payne v. NYC, et al.<br>20 CV 8924<br>First Set of Document Requests | DR No. 1 | Provide all Documents or other media concerning Plaintiffs' arrest at the Protests and any subsequent detention, including, but limited to, memo book entries, activity logs, all scratch and other NYPD arrest and summons processing paperwork, Online Booking System ("OLBS") worksheets, mass arrest pedigree labels, property vouchers, desk appearance tickets, summonses, Threat, Resistance, Injury ("TRI") reports and related documents, Unusual Incident or Occurrence reports, medical treatment of prisoner forms, video footage including body worn camera footage and associated audit trails and activity logs, photographs, supervisory assessment reports, detail and post-event memoranda, and detail rosters in the possession, custody, or control of the NYPD. | Defendants' Initial Disclosures. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 189 | | DR No. 2 | Provide all Documents concerning the prosecution of Plaintiffs, including but not limited to, criminal complaints, criminal court records, records from the New York State Division of Criminal Justice Services arising from the arrests of Plaintiffs, documents related to any decisions to decline to prosecute, and communications between the NYPD and any prosecuting agency. | Responsive documents provided with Defendants' Initial Disclosures. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | |
| 190 | | DR No. 3 | Provide all Documents concerning CCRB, IAB or other investigations into reported misconduct involving any of the Plaintiffs and Defendants arising from the Protests, including but not limited to, complaint notification letters, subject notification letters, case acknowledgement forms, log entries, investigator review reports, recorded audio and/or video footage reviewed, records and/or transcripts of interviews with members of service and nonmembers of service, memoranda, case closing worksheets, investigator closing reports, recommendations, case analysis, and findings. | Responsive documents previously provided.  Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | |
| 191 | | DR No. 4 | Provide all Documents concerning the Notices of Claim filed by Plaintiffs against the City of New York, the NYPD and other identified and unidentified NYPD officers and personnel arising from the Protests. | | Plaintiffs are in possession of thier own Notices of Claim.  Notices of Claim for non-parties are not relevant. | | |
| 192 | | DR No. 5 | Provide all Documents concerning the assignments and tours of Defendants and any other NYPD Personnel present or involved with the Protests, including but not limited to all log forms, activity log forms, log books, memo book entries, detail memoranda, post event memoranda or reports, duty rosters, roll calls, assignment sheets, and descriptions of vehicles used by them on the dates of the Protests. | Responsive documents previously provided.Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | Producing all the requested documents is unduly burdensome. | It is unduly burdensome for defendants to search for, obtain, and produce "all" the requested documents for an unknown number of individuals.  Potentially thousands of officers responded to the 83 incdents at issue, and the only way to find out if an officer was there is to actually speak to each and every member of the NYPD. | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 193 | | DR No. 6 | Provide all Documents and personnel related records in the possession of the NYPD or the City of New York concerning Defendants including but not limited to. a. Central Personnel Index file records or similarly defined records; b. Personnel files maintained by NYPD of Department of Citywide Administrative Services ("DCAS"); c. CCRB member of service allegation history and investigator closing reports on all investigations of such allegations; d. Records from the Internal Affairs Bureau, Inspectional Services Division, Department Advocates Office, or Office of the Chief of the Department; e. Performance profiles or similarly defined records; f. Psychological Services Unit ("PSU") records or other similarly defined records; g. Early warning or intervention records or similarly defined records; h. Supervisor complaint reports or command discipline election reports; i. Any and all letters requesting sealing of disciplinary records or charges; j. Any and all documents related to performance monitoring; k. To the extent not covered in paragraphs a through h above, all Documents relating to any civilian or departmental generated complaints of police misconduct dereliction of duty or violation of the New York State penal laws or regulations of the NYPD, including but not limited to, false statements, excessive use of force, physical brutality, verbal abuse, and/or violence. | Responsive documents previously provided. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | |
| 194 | | DR No. 7 | Provide all Documents referred to, described, consulted, referenced, identified, or relied on in responding to Plaintiffs' First Set of Interrogatories: | Responsive documents previously provided. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | |
| 195 | | DR No. 8 | Provide all Documents identified or referenced in Defendants' Initial Disclosures pursuant to Rule 26(a)(1). | Previously provided. | | | |
| 196 | | DR No. 9 | Provide all Documents sufficient to identify the officers described in the First Amended Complaint at paragraphs 109-203 as NYPD Officers John Doe 1-26, NYPD Officer Jane Doe 1, Officer Doe Esposito, and Sergeant Doe Caraballo. | John and Jane Does have been identified, to the extent possible | | | |
| 197 | | DR No. 10 | All records concerning medical and psychological treatment records for each and any of the Plaintiffs. | Provided to the extent they are in possession of the defendants | | | |
| 198 | | DR No. 11 | Provide all documents concerning the denials of allegations or affirmative defenses Defendants have asserted or intend to assert in this lawsuit. | | This request seeks documents protected from disclosure by attorney-client privilege and by the attorney work product privilege because it implicates counsel's selection and compilation of documents. Defendants will not interpose any further response to this request. | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 199 | | DR No. 12 | Provide all documents not previously requested herein in the possession of Defendants or any of their agents that contain facts or information material to any issue pertaining to the Plaintiffs First Amended Complaint. | See all documents previously produced | Overbroad | | |
| 200 | | | | | | | |
| 201 | Payne v. NYC, et al.<br>20 CV 8924<br>Second Supplemental Set of Document Requests | DR No. 1 | For each Officer identified in response to Interrogatory Nos. 16 and 17, produce the following:<br>a.NYPD training transcripts;<br>b.Body-worn camera footage from 6/4/20;<br>c.TRI reports related to the Officer from 6/4/20;<br>d.Activity log from 6/4/20;<br>e.List of Schedule A protests the Officer attended;<br>f.Activity logs from each of the Schedule A protests the Officer attended;<br>g.Body-worn camara footage from each of the Schedule A protests the Officer attended;<br>h.Arrest/OLBS reports the Officer created during the relevant time period;<br>i.Summonses the Officer created during the relevant time period;<br>j.DATs the Officer created during the relevant time period;<br>k.AIDED reports related to the Officer during the relevant time period; and<br>l.TRI reports related to the Officer during the relevant time period. | Responsive documents will be provided prior to the Court-ordered deadline. A privilege log will be provided to the extent that any privileged documents are withheld. | This request seeks documents created by or related to the Officer "during the relevant time period," from May 28, 2020-January 18, 2021 that are beyond the scope of this lawsuit, and therefore are not relevant. Any responsive documents will be limited to documents concerning the Officer's activities related to the Schedule A protests the Officer attended. Producing all the requested documents is unduly burdensome. | The burden and expense of searching for "every" document created by or related to the Officer "during the relevant time period" from May 28, 2020-January 18, 20201 for numerous categories of documents outweighs any potential benefit to plaintiffs. | |
| 202 | | | | | | | |
| 203 | Gray v. NYC, et al.<br>20 CV 8924; 21 CV 6610<br>First Request for Production of Documents | DR No. 1 | All documents concerning all policies, procedures, directives, and training materials relating to Officers' treatment of and response to any member of the press or other individuals photographing, taking video of, or otherwise recording police activity, including but not limited to policies concerning:<br>•Identifying members of the press;<br>•Identifying visual journalists;<br>•Officers' treatment of visual journalists;<br>•Officers' treatment of individuals who identify themselves as journalists, members of the media, members of the press, or anything equivalent thereto;<br>•Officers' treatment of individuals who carry NYPD-issued press credentials;<br>•Officers' treatment of individuals who carry press credentials not issued by the NYPD;<br>•Any curfew orders issued by Mayor Bill de Blasio and/or Governor Andrew Cuomo between June 1, 2020 and June 8, 2020, including but not limited to the categories of individuals exempt from such curfews and Officers' treatment of individuals exempt or potentially exempt from such curfews. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 204 | | DR No. 2 | All documents concerning the installation of any monitor, external compliance officer, or independent inspector to review, investigate and/or oversee NYPD practices and/or policies relating to any of the subjects identified in Request No. 1. | Responsive documents will be provided prior to the Court-ordered deadline | A monitor was appointed by the Court in Floyd, et al. v. City of New York, 08-CV-1034, and the responsive documents are publicly available on the docket sheet. The Office of the Inspector General for the NYPD (OIG-NYPD), is independent agency charged with investigating "NYPD practices and/or policies" pursuant to Local Law 70. Additional information about this independent inspector is publicly available at https://www1.nyc.gov/site/doi/offices/oignypd.page.<br><br>Further, the "identification" as well as "the terms governing the appointment, responsibilities, and authority" of any "monitor, external compliance officer, or independent inspector being appointed to review, investigate and/or oversee NYPD practices and/or policies," unrelated to the subject matter of these litigations, and without a time frame on the basis of the relevance of this request to these litigations, is not proportional. In addition, the burden of identifying each such "monitor, external compliance officer, or independent inspector" then spending hours/days to locate the requested documents, most of which is likely | | |
| 205 | | DR No. 3 | All documents concerning any drafting, revision, critique, evaluation, or review of any policies, procedures, directives, or training materials described in Request No. 1. | Responsive documents will be provided prior to the Court-ordered deadline | | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 206 | | DR No. 4 | For any and all training materials, presentations, or other similar materials responsive to Request No. 1, documents sufficient to identify the dates trainings were held, all persons who attended, any statistical reports of the ranks of members of the service that attended, and any certifications issued to such attendees, as well as any evaluations of such training materials, presentations, or other similar materials completed by such attendees. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 207 | | DR No. 5 | All documents concerning Officers receiving discipline for misconduct relating to their violation of any policies, procedures, directives, or training materials described in Request No. 1. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 208 | | DR No. 6 | All documents concerning any of the Plaintiffs in the Photographers' Lawsuit, including but not limited to records concerning the incidents described in paragraphs 49-94 of the Complaint. | BWC for the incidents can be found at:DEF_000322698 - DEF_000322706 (Alfiky February incident), DEF_000322185 - DEF_000322697 (Alfiky May incident), DEF_000321041 - DEF_000321046 (Cole), DEF_000321940 - DEF_000321997 (Gray), DEF_000321039 (Donnelly)<br><br>Amr Alfiky CCRB: DEF_000283821, DEF_000283831, DEF_000321711, DEF_000321733, DEF_000321742, DEF_000321822, DEF_000321998, DEF_0324416<br><br>Adam Gray CCRB: DEF_000321901, DEF_000321918, DEF_000321926, DEF_000321929, DEF_000321940, DEF_000321957, DEF_000321964, DEF_000321973, DEF_000321974, DEF_000321981, DEF_000321982, DEF_000321983, DEF_000321985, DEF_000321987, DEF_0325971 - DEF_0326004<br><br>Adam Gray  CCRB/Amr Alfiky additional CCRB Documents: DEF_0324539 - DEF_0325166, DEF_0325167 - DEF_0325921, DEF_0325971 - DEF_0326004<br><br>Amr Alfiky's IAB file:DEF_0325926 - DEF_0325934, DEF_0325944 - DEF_0325955 | | | Adam Gray IAB: DEF_0324561, DEF_0325148-DEF_0325162, DEF_000227251, DEF_000227263, DEF_000227264, DEF_000227266, DEF_000227267, DEF_000227268, DEF_000227277, DEF_000227278, DEF_000227279, DEF_000227280, DEF_000227281, DEF_000227282, DEF_000227283, DEF_000227284, DEF_000227292, DEF_000227295, DEF_000227318, DEF_000227323, DEF_000227329, DEF_000227330, DEF_000227350, DEF_000227352, DEF_000227353, DEF_000227354, DEF_000227355, DEF_000227356, DEF_000231705-DEF_000231715, DEF_000227251-DEF_000227444 |
| 209 | | DR No. 7 | All documents concerning the arrest of any member of the press engaged in newsgathering. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 210 | | DR No. 8 | All documents concerning the use of force by an Officer against any member of the press engaged in newsgathering. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 211 | | DR No. 9 | All documents concerning the confiscation or seizure of any NYPD-issued press credential or other press credential from any member of the press. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 212 | | DR No. 10 | All documents concerning Officers receiving discipline for misconduct relating to the arrest or use of force against a member of the press, or who have been recommended to receive discipline for such misconduct, including but not limited to documents issued by the NYPD, CCRB, Office of the Inspector General, CCPC, or any other agency or entity | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 213 | | DR No. 11 | All documents concerning the arrest of any person engaged in photographing or video recording any Officer. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 214 | | DR No. 12 | All documents concerning the use of force by an Officer against any person engaged in photographing or video recording any Officer. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 215 | | DR No. 13 | All documents concerning Officers receiving discipline for misconduct relating to the arrest or use of force against any person engaged in photographing or video recording any Officer, or who have been recommended to receive discipline for such misconduct, including but not limited to documents issued by the NYPD, CCRB, Office of the Inspector General, CCPC, or any other agency or entity of the City of New York. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 216 | | DR No. 14 | To the extent not encompassed by the above, all documents concerning any person or incident described in Paragraphs 98-101 of the Complaint, including but not limited to documents reflecting the NYPD's investigation of and response to these incidents and any policy changes implemented as a result thereof. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 217 | | DR No. 15 | To the extent not encompassed by the above, all documents concerning Officers receiving discipline for misconduct relating to events involving any person named in Paragraphs 98-101 of the Complaint, or who have been considered for receipt of | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 218 | | DR No. 16 | All NYPD directives, departmental messages, or other general communications with Officers relating to the curfew orders issued by Mayor Bill de Blasio and/or Governor Andrew Cuomo between June 1, 2020 and June 8, 2020, including exemptions thereto. | Responsive documents can be found at the following Bates Nos.: DEF-E_000039925, DEF-E_000039926,DEF-E_000032642, DEF-E_000046136, DEF-E_000039926, DEF-E_000055043, DEF-E_000039928-29, DEF-E_000039932-33, DEF-E_000039950-51, DEF-E_000046043-45, DEF-E_000032464-70, DEF-E_000032643-44, DEF-E_000046136, DEF-E_000038565-66, DEF-E_000053152-53, DEF-E_000053930-32, DEF-E_000055042, DEF-E_000039928-29, DEF-E_000029314, DEF-E_000006632, DEF-E_000032402 | | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 219 | | DR No. 17 | All personnel-related records in the possession of the NYPD or the City of New York for each Officer identified as a Defendant in the Photographers' Lawsuit, including but not limited to: a. Records reflecting the Officer's histories as to CCRB and IAB investigations, as well as underlying records; b. The Academy Transcript and all training logs and other records reflecting the NYPD training each Officer received at the NYPD Academy and after graduating the NYPD Academy; c. Central Personnel Index ("CPI") file records or similarly defined records; d. Any and all records concerning internal NYPD disciplinary action, letters in the personnel file, command discipline, charges and specifications, transfers, and/or warnings and admonishments; e. Performance profiles, or similarly defined records; f. Psychological Services Unit ("PSU") records or similarly defined records; g. Risk Assessment Information Liability System ("RAILS") records; h. Early warning or intervention records or similarly defined records; i. Supervisor complaint reports or command discipline election reports; j. Any and all letters requesting sealing of disciplinary records or charges; k. Any and all documents related to performance monitoring; l. Giglio profiles and/or similar resume providing information regarding all internal NYPD and CCRB complaints, investigations, and dispositions, including the Police Commissioner's case analysis; m. Records from the Internal Affairs Bureau, Inspectional Services Division, Office of the Chief of the Department, or Department Advocates Office; n. The caption, complaint, and records reflecting the disposition of any and all lawsuits against each such Officer; o. To the extent not covered in the preceding sub-paragraphs, all documents relating to any civilian or departmental-generated complaints of police misconduct, dereliction of | IAB files produced: DEF_0325922 - DEF_0325970 Training records for the named defendants have been provided: DEF_0325799 - DEF_0325921            CPI/IAB/CCRB Histories are being turned over 48 hours prior to the scheduled deposition. | Records prior to 2012 are not in electronic format, therefore difficult to search files are not in electronic format and paper copies are in storage in one of three places.  Depending on if they were indexed clearly and properly, they may be difficult to locate. From 2012 through 2018, "outside guidelines" files are paper only, some are in storage, and the same issues as above apply.  Logs however, and not the entire files, are available in electronic format, but contain limited information.  It is estimated that it would take at least 250 hours to search for all requested documents, plus an additional  150 hours to review, redact, and produce them. | | |
| 220 | | DR No. 18 | The Academy Transcript and all training logs and other records reflecting the NYPD training each Defendant received at the NYPD Academy and after graduating the NYPD Academy. | Training records for the named defendants have been provided: DEF_0325799 - DEF_0325921 | | | |
| 221 | | DR No. 19 | A full copy of the current NYPD Patrol Guide disseminated to Officers, plus copies of each and every version of the NYPD Patrol Guide disseminated to Officers between 1999 and the present, with sufficient information to identify the changes and additions between each version. | The agreed upon sections: PG 212-49, PG 208-3, PG 203-29, Administrative Guide Procedure 304-21, will be provided prior to the Court-ordered deadline. | | | |
| 222 | | DR No. 20 | Documents identified or relied upon in responding to any Interrogatories Plaintiffs serve in the Photographers' Lawsuit. | No interrogatories have been served in this case. | | | |
| 223 | | DR No. 21 | Documents sufficient to identify any instance of a monitor, external compliance officer, or independent inspector being appointed to review, investigate and/or oversee NYPD practices and/or policies by virtue of a court order or other resolution of a legal proceeding, as well as the terms governing the appointment, responsibilities, and authority of any such monitor, external compliance officer or independent inspector. | Documents will not be provided. | A monitor was appointed by the Court in Floyd, et al. v. City of New York, 08-CV-1034, and the responsive documents are publicly available on the docket sheet. The Office of the Inspector General for the NYPD (OIG-NYPD), is independent agency charged with investigating "NYPD practices and/or polices" pursuant to Local Law 70.  Additional information about this independent inspector is publicly available at https://www1.nyc.gov/site/doi/offices/oignypd.page.

Further, the "identification" as well as "the terms governing the appointment, responsibilities, and authority" of any "monitor, external compliance officer, or independent inspector being appointed to review, investigate and/or oversee NYPD practices and/or policies," unrelated to the subject matter of these litigations, and without a time frame or the basis of the relevance of this request to these litigations, is not proportional. In addition, the burden of identifying each such "monitor, external compliance officer, or independent inspector" then spending hours/days to locate the requested documents, most of which is likely not in electronic form, is unduly burdensome. | | |
| 224 | | DR No. 22 | All documents concerning the October 17, 2011 letter to the Deputy Commissioner of Public Information ("DCPI") attached hereto as Exhibit A, including, but not limited to: records of the incidents referenced in that letter; records concerning any investigation or review of the incidents referenced in that letter; communications relating to that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any telephonic or in-person meetings concerning the incidents described in the letter and/or any policy change relating thereto; and documents concerning any policy or practice that was changed or for which changes were considered in response to that letter or the incidents described in the letter. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 225 | | DR No. 23 | All documents concerning the November 21, 2011 letter to DCPI attached hereto as Exhibit B, including, but not limited to: records of the incidents referenced in that letter; records concerning any investigation or review of the incidents referenced in that letter; communications relating to that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any telephonic or in-person meetings concerning the incidents described in the letter and/or any policy change relating thereto; and documents concerning any policy or practice that was changed or for which changes were considered in response to that letter or the incidents described in the letter. | Responsive documents will be provided prior to the Court-ordered deadline | | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 226 | | DR No. 24 | All documents concerning the November 21, 2011 letter to Mayor Michael R. Bloomberg and Commissioner Raymond Kelly attached hereto as Exhibit C, including, but not limited to: records of the incidents referenced in that letter; records concerning any investigation or review of the incidents referenced in that letter; communications relating to that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any telephonic or in-person meetings concerning the incidents described in the letter and/or any policy change relating thereto; and documents concerning any policy or practice that was changed or for which changes were considered in response to that letter or the incidents described in the letter. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 227 | | DR No. 25 | All documents concerning the August 6, 2012 letter to DCPI attached hereto as Exhibit D, including, but not limited to: records of the incidents referenced in that letter; records concerning any investigation or review of the incidents referenced in that letter; communications relating to that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any telephonic or in-person meetings concerning the incidents described in the letter and/or any policy change relating thereto; and documents concerning any policy or practice that was changed or for which changes were considered in response to that letter or the incidents described in the letter. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 228 | | DR No. 26 | All documents concerning the October 9, 2014 letter to Commissioner William Bratton attached hereto as Exhibit E, including, but not limited to: records of the incidents referenced in that letter; records concerning any investigation or review of the incidents referenced in that letter; communications relating to that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any telephonic or in-person meetings concerning the incidents described in the letter and/or any policy change relating thereto; and documents concerning any policy or practice that was changed or for which changes were considered in response to that letter or the incidents described in the letter. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 229 | | DR No. 27 | All correspondence with any of the signatories to the letters attached hereto as Exhibits A – E concerning interactions between the NYPD and members of the press, including but not limited to any complaints or reports of incidents made to DCPI or the DCPI office. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 230 | | DR No. 2829 | All documents concerning the June 5, 2020 letter to Mayor Bill de Blasio, Commissioner Dermot F. Shea, and others attached hereto as Exhibit F, including, but not limited to (and to the extent not encompassed by the above requests): records of the incident referenced in that letter; records concerning any investigation or review of the incident referenced in that letter; communications relating to that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any telephonic or in-person meetings concerning the incidents described in the letter and/or any policy change relating thereto; and documents concerning any policy or practice that was changed or for which changes were considered in response to that letter or the incident described in the letter. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 231 | | DR No. 30 | All documents concerning the September 8, 2014 remarks to the New York City Counsel Committee on Public Safety attached hereto as Exhibit G, including, but not limited to: records of the incidents referenced in those remarks; records concerning any investigation or review of the incidents referenced in those remarks; communications relating to those remarks; responses or draft responses to those remarks; communications, notes, attendance lists, or other records concerning any telephonic or in-person meetings concerning the incidents described in those remarks and/or any policy change relating thereto; and documents concerning any policy or practice that was changed or for which changes were considered in response to those remarks or the | Unable to search for documents without any names or dates provided for the referenced incidents. Occupy Wall Street documents are being reviewed for production. | The production of documents relating to the incidents in Exhibit G is unduly burdensome. Without information regarding names of individuals or dates in Exhibit G, defendants have no way of identifying or determining if relevant documents exist. | | |
| 232 | | DR No. 30 Plaintiffs' Request for Production contains two requests labeled "Request for Production No. 30." | Documents concerning the incidents described in Appendix III to the Suppressing Protest Report, attached hereto as Exhibit N, including but not limited to documents created during any review or investigation of those incidents, as well as all training and documents concerning any policy or practice that was changed or for which changes were considered in response to those incidents. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 233 | | DR No. 31 | All CCRB files relating to any complaint received by the CCRB related to the 2020 Black Lives Matter protests as cited in the CCRB's "CCRB 2020 PROTEST DATA SNAPSHOT – OCTOBER 18, 2021," attached hereto as Exhibit I, where such complaint concerns any interaction between an Officer and a member of the press or any person engaged in photographing or video recording any Officer. | | | | Relevant documents can be located at: DEF_000346931, DEF_000347866-DEF_000352040 |
| 234 | | | | | | | |
| 235 | Samira Sierra, et. al. vs CNY, et al 20 Civ 10291 Third Set of Supplemental Discovery Requests | DR No. 1 | Produce all documents concerning the arrests described as "Mac Baila Member, Associate, Arrested with Firearm near 'FTP' Protest Zone," at DEF_00157787. | Defendants already produced documents responsive to this request at D_105572-74 and D_105575-77. | | | |
| 236 | | DR No. 2 | Produce all documents concerning the arrests described as "Three Individuals Arrested After Bronx Car Stop and Found with Weapons; Interviewed by IB," at DEF_00157788. | Defendants already produced documents responsive to this request at D_105623-25, D_105554-56, D_105563-65, D_105560-62. | | | |
| 237 | | DR No. 3 | Produce all documents concerning "Social Media Posting Observed by IB Field Operations Personnel," at DEF_00157779, including but not limited to any investigation into the subject matter of the "social media posting." | Defendants have not located additional documents regarding this social media posting. | . | | |

| A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|
| | DR No. 4 | Produce records sufficient to show all calls made and received, including the phone numbers and duration of calls, by all NYPD-issued phones between 5:00 p.m. and midnight on June 4, 2020, by every officer of the rank of lieutenant or above who was present at, or otherwise involved in policing, the Mott Haven protest and/or the MAPC in Queens following the Mott Haven protest. | Defendants object to this request on the ground that it seeks irrelevant information; that it would be unduly burdensome for defendants to locate, identify and produce the requested information; and that the request is not proportional to the needs of the case. | It would be unduly burdensome for defendants to identify all calls made to and from every Departmental phone by every ranking officer, including all Lieutenants, Captains, Deputy Inspectors, Inspectors, Deputy Chiefs, Assistant Chiefs, Bureau Chiefs and Chief of Department; the duration of such calls; and the numbers called over a seven-hour time period. Such a massive undertaking would require hundreds of attorney and personnel hours because, first, there is no comprehensive record of all ranking officers who were present for any portion of the demonstration in Mott Haven; as plaintiffs may be aware, the detail rosters defendants have previously produced only identify members of service of the rank of Lt. and below who were present at Mott Haven on June 4, 2020 for any portion of the demonstration. Thus, it would take a large chunk of time to manually collect all records that would capture the activities of all ranking officers on June 4, 2020 from every single precinct, unit, task force, etc. that could possibly have been present in Mott Haven for any amount of time during the specified 7-hour time period.

Second, countless more attorney and personnel hours would be wasted as defendants would be required to speak to every single ranking officer present for any portion of the 7-hour time frame and go through their phones for this irrelevant information - not to mention the surely labor-intensive and time-consuming process, and general waste of resources, it would take to harness this data from each and every ranking officer's Departmental phone and produce it to plaintiffs. Locating and producing this information to plaintiffs would be not only unduly burdensome for defendants, but it is not proportional to the needs of the case, as the above-described burden and expense of identifying and obtaining information regarding every single phone call made or received from every ranking officer who was present at Mott Haven over the 7-hour time period, outweighs any likely benefit to plaintiffs. | |
| | DR No. 5 | Produce all video recordings depicting the June 4, 2020, Mott Haven protesters walking on the grounds of NYCHA public housing projects. | Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, defendants refer plaintiffs to the video footage produced as part of defendants' Initial Disclosures produced on March 18, 2021, to additional footage produced in response to plaintiffs' First Consolidated Set of Requests for Documents, and to subsequent productions of video footage. These productions have included: all TARU footage recorded during the Mott Haven protest on June 4, 2020; all footage recorded by the Aviation Unit of the Mott Haven demonstration; hundreds of hours' worth of body-worn camera footage, including from the Mott Haven demonstration (produced in connection with the aforementioned disclosures as well as in conjunction with plaintiffs' depositions of individually named defendants and non-party witnesses). In addition, as per agreement of the parties, all Argus footage sought by plaintiffs is in the process of being collected and will be produced forthwith. | This request is duplicative of Plaintiffs' Consolidated Document Requests at No. 8(h) (see row #57 above).  This request is also duplicative of Sierra Plaintiffs' First Set of Supplemental Discovery Requests at Document Request No. 1. | |
| Samira Sierra, et. al. v. CNY, et al., 20-Civ-10291 First Set of Supplemental Discovery Requests | DR No. 1 | Produce the following Argus video footage concerning the June 4, 2020 Mott Haven, Bronx, protest: All video depicting police preparations for the protest (e.g., placement of officers in the vicinity, placement of Mobile Command Centers, placement of prisoner transport vehicles, deployment of SRG and other police units), and activities of the protesters and police during the protest and subsequent arrests, including but not limited to
a. video depicting the vicinity of 149th Street and Third Avenue ("The Hub") from 6:00 p.m. to 7:30 p.m.;
b. video depicting the course of the march from the vicinity of The Hub to East 136th Street and Brook Avenue from 6:30 p.m. to 8:00 p.m.;
c. video depicting police movement and deployment during the course of the march from 6:30 p.m. to 8:00 p.m.
d. video depicting the vicinity of East 136th Street and Brook Avenue from 7:30 p.m. to 11:00 p.m. | As per agreement of the parties, all Argus footage sought by plaintiffs is in the process of being collected and will be produced forthwith. | This request is duplicative of Plaintiffs' Consolidated Document Requests No. 8(h) (see row #57, above). | Samira Sierra, et. al. v. CNY, et al., 20-Civ-10291 First Set of Supplemental Discovery Requests |
| | DR No. 2 | Produce all documents and video footage concerning rioting, arson, looting, and any protests on Fordham Road in the Bronx on June 1, 2020. | Defendants have already produced responsive documents at DEF_0324110-DEF_0324184.

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, defendants also refer plaintiffs to the documents disclosed in connection with defendants' Initial Disclosures on March 18, 2021, and documents produced in response to Plaintiffs' First Consolidated Set of Requests for Documents. | This request is duplicative of Plaintiffs' Consolidated Document Requests No. 8(h) (see row #57, above). | |
| | DR No. 3 | Produce all documents concerning any information known to the NYPD before or during the June 4, 2020 Mott Haven protest concerning illegal conduct, or the possibility thereof, at the Mott Haven protest. | Defendants have previously produced responsive documents, at DEF_0323967-DEF_0323972. | This request is duplicative of Plaintiffs' Consolidated Document Requests Nos. 8(a)-(b) (see row #57, above). | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 244 | | DR No. 4 | Produce all documents concerning any investigation before 8:00 p.m. on June 4, 2020, into any person who had made statements advocating illegal conduct at the June 4, 2020, Mott Haven protest. | Defendants have previously produced responsive documents, at DEF_0323967-DEF_0323972. | This request is duplicative of Document Request No. 3 of the Sierra Plaintiffs' First Set of Supplemental Discovery Requests, at row #254, supra.<br><br>This request is further duplicative of Plaintiffs' Consolidated Document Requests Nos. 8(a)-(b) (see row #57, above). | | |
| 245 | | DR No. 5 | Produce all documents concerning communications to or from any undercover police officers or informants who participated in the Mott Haven protest on June 4, 2020. | Defendants are coordinating with NYPD to continue searching for any documents that may be responsive to this request, and will produce any such documents to the extent they exist and are not shielded from disclosure by the law enforcement privilege (if the latter, defendants will produce a privilege log). | This request is duplicative of Plaintiffs' Consolidated Document Requests Nos. 8(a)-(b) (see row #57, above).<br><br>This request is also duplicative of Plaintiffs' Consolidated Document Requests No. 8(k) (see Id.). | | |
| 246 | | DR No. 6 | Produce the document that someone from NYPD Legal showed Officer Hernandez-Carpio containing the narrative that he used to fill out the "Details" section of the arrest report for Charles Wood, as described in the July 12, 2021 deposition of Officer Hernandez-Carpio at pages 114-116. | Defendants have previously provided this document at DEF_000323140-142. | | | |
| 247 | | DR No. 7 | Produce all documents concerning the planning meeting at the 40th Precinct before the June 4, 2020 Mott Haven protest attended by executive staff, Chief Monahan, Chief Wedin, and Assistant Chief Lehr as discussed in the document titled "Assistant Chief Lehr Digest," at DEF_000164215. | No such documents exist; the referenced "planning meeting" on June 4, 2020 took place on the hood of a car. No documents exist with respect to the meeting on the car hood. | | | |
| 248 | | DR No. 8 | If the Answer to the above Contention Interrogatory is anything other than an unqualified "No," produce all documents concerning any communication to the marchers that they should stop marching, should leave the roadway, were violating any law, were blocking vehicular or pedestrian traffic, or in any way communicated to the marchers that they should desist from marching on the sidewalks in and the roadway. | Not applicable, given this Document Request is predicated on the answer to an untimely Contention Interrogatory, to which defendants objected. | Defendants object to Interrogatory No. 8, as it is a contention interrogatory and is therefore untimely under Local Civil Rule 33.3 of the Southern District of New York, which states that contention interrogatories must be served "at the conclusion of other discovery." LCR 33.3(c). | | |
| 249 | | | | | | | |
| 250 | Samira Sierra, et. al. v. CNY, et al., 20-Civ-10291 2nd Set of Supplemental Discovery Requests | DR No. 1 | Produce all documents concerning the arrests resulting in the Desk Appearance Tickets listed in the attached document produced by the Bronx District Attorney in this litigation, Bates numbered BXDA000006-B, titled "DESK APPEARANCE TICKETS (DAT) ISSUED FOR PROTEST-RELATED ARRESTS (June 2nd – June 5th)," including but not limited to: a. Omniform Arrest Reports, b. Omniform Complaint Reports, c. Online Prisoner Arraignment Forms ("OLPA's"), d. Photographs of each person arrested (including DAT processing photographs and any photographs taken on officer phones), e. rap sheets, f. Medical Treatment of Prisoner Forms, g. Property Evidence and Tracking System ("PETS") invoices, h. Command Log entries, i. Prisoner Holding Pen Rosters, j. Mass Arrest Processing Center ("MAPC") Holding Pen Rosters, k. CCRB records, l. IAB records, m. TRI Reports, n. Aided Reports, o. G.M.L. 50h hearing transcripts. | Please see attached Schedule 1 for previously produced relevant documents | | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 251 | | DR No. 2 | Produce all documents concerning the arrests resulting in the 312 Summonses listed in the attached untitled document produced by the Bronx District Attorney in this litigation, Bates numbered BXDA000009-48, including but not limited to: a. C-Summons worksheets, b. Photographs of each person arrested (including arrest processing photographs and any photographs taken on officer phones), c. Medical Treatment of Prisoner Forms, d. Command Log Entries, e. Prisoner Holding Pen Rosters, f. Mass Arrest Processing Center ("MAPC") Holding Pen Rosters, g. CCRB records, h. IAB records, i. TRI Reports, j. Aided Reports, k. G.M.L. 50h hearing transcripts. | Please see attached Schedule 1 for previously produced relevant documents | | | |
| 252 | | DR No. 3 | Produce all documents concerning rioting, arson, looting, and any protests at or near Fordham Road in the Bronx on June 1, 2020, including but not limited to arrests | Please see attached Schedule 1 for previously produced relevant documents | | | |
| 253 | | | | | | | |
| 254 | | DR No. 2 | Produce all documents concerning the arrests described as "Three Individuals Arrested After Bronx Car Stop and Found with Weapons; Interviewed by IB," at DEF_00157788. | Duplicate of Rows 246-250  NOTE FROM BRIDGET: THESE ARE NOW DUPLICATES OF ROWS 235-239 | Duplicate of Rows 246-250 | | |
| 255 | | | | | | | |
| 256 | Sow, Adama et al., v. CNY    21cv533 Plaintiffs' First Set of Requests for Admission, Supplemental Interrogatories and Requests for Production of Documents to ALL Defendants | DR No. 1 | Produce all documents referenced in Defendants' responses to the above Interrogatories. | Responsive documents previously provided.  Any additional responsive documents will be provided prior to the Court-ordered date. | | | |
| 257 | | DR No. 2 | Produce the following documents for each Protest listed on attached Schedule A: a. any and all intelligence reports, threat assessments, and information compiled and/or reviewed in advance of and during the Protests, including all Documents reflecting Officers' planning for policing the Protests, and any spreadsheets or other lists of "scheduled" and "unscheduled" events during the time period surrounding each Protest; b. any and all communications, tactical decisions, intelligence alerts, policies or other directives issued by any Officer as a result of such intelligence reports, assessments, or other information pertaining to the Protests; c. news clips, social media postings, and internet links gathered by the NYPD, including but not limited to such information and records gathered or created by the Office of the Deputy Commissioner for Public Information ("DCPI"), the Intelligence Division, or otherwise, related to any Protest; d. requests for detail, Operations Unit (including Detail Section) records, "204s", "Who's Who," "Force Figures," "Detail Overview," roll calls, tactical plans, detail rosters, assignment sheets, internal communications, and other documents) concerning NYPD's deployment or assignment of Officers and resources relating to the Protests; e. command Log(s) and other records created as a result of or related to the operation any Incident Command Post utilized in connection with policing a Protest; f. records reflecting whether and, if so, by whom, when, and to what extent, dispersal orders or other warnings and opportunities to disperse or comply were given before enforcement action was taken at each Protest where force was used or detentions or Arrests were made; g. all To/From Memoranda, Unusual Occurrence Reports, U.F. 49s, Mass Arrest Reports and/or any other Documents consisting of summaries, reviews, recaps, evaluations, critiques, or after-action reports, or other reports following any Protest, including but not limited to Joint Operations Center reports; h. all videos, including TARU videos, body worn camera videos, and Aviation Unit videos; i. all audio recordings, including audio recordings of NYPD Citywide and other radio | Duplicative of DRI request at line 57. | | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 258 | | DR No. 3 | Produce all SRG documents for the protests dates and locations identified in Schedule A: a. City Mobilization Log; b. intelligence packets distributed by Local SRG Commanding Officer to supervisors that would appear at detail; c. results of inspection; d. photographs taken at MAPC; e. Command Log(s); and f. CIRC Response ("Critical Incident Response Capacity"). | Responsive documents previously provided. Any additional responsive documents will be provided prior to the court-ordered deadline. | | | |
| 259 | | DR No. 4 | Produce all OLPA (zOLPA) for all putative class members arrested from May 28, 2020 to January 18, 2021, at locations listed in Schedule A. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the court-ordered deadline. | | | |
| 260 | | DR No. 5 | Produce redacted OLPA (zOLPA) for individuals arrested from May 28 to June 6, 2020, not at locations listed in Schedule A. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the court-ordered deadline. | The production of OLPA from May 28 to June 6, 2020 of arrests not on schedule A is irrevant, overbroad and unduly burdensome, and not proprtional to the needs of the case.. | The buren of producing all documents regarding all people arrested in New York City during a 10 day period when many of those arrests likley h | |
| 261 | | DR No. 6 | Produce any and all documents, including emails, text messages, or other electronic communications which referenced the implementation of the mass arrest processing centers listed in Defendants' Fifth Supplemental Responses and Objections to Plaintiffs' First Consolidated Interrogatory No. 14 | Responsive documents previously provided. Any additional responsive documents will be provided prior to the court-ordered deadline. A privilege log will be provided for privileged documents. | | | |
| 262 | | DR No. 7 | Produce any and all documents concerning the City's response to the COVID-19 pandemic in protest and/or arrest including, but not limited to the topics of: a. social distancing; b. hand sanitizing; c. hand washing; d. face coverings and/or face masks; e. opening of windows; f. ventilation; and g. gloves and/or other PPE used by NYPD members of service. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the court-ordered deadline. | | | |
| 263 | | DR No. 8 | Produce any and all documents including electronic communications related to the preparation of mass arrest processing facilities sanitation logs, pest control logs, plans for cleaning, toilet cleaning provisions and logs, provisions of cleaning equipment and products for the same, heating and cooling of the facilities and transport vehicles where prisoners would be held during processing time. | Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court-ordered date. | | | |
| 264 | | DR No. 9 | Produce any and all documents, including electronic communications related to the decisions to custodially arrest protesters. | Responsive documents previously provided. We are continuing to search the Omniform system for any other arrest related forms. Any additional responsive documents will be provided prior to the court-ordered deadline. | There are no documents for verbal decisions to arrest protesters. | | |
| 265 | | DR No. 10 | Produce any and all documents, including electronic communications related to the briefings and training given to the individuals city employees who were in charge of supervising mass arrest processing facilities. | Responsive documents previously provided. We are continuing to review documents from Taru and the Chief of Training's office. Any additional responsive documents will be provided prior to the court-ordered deadline. | | | |
| 266 | | DR No. 11 | Produce any and all documents, documents or communications have any with any borough district attorney office relating to mass arrests that resulted in dispositions that include decline to prosecute. | | Responsive documents, if any, may be subject to the attorney-client and/or attorney work product privileges. Privilege log to be provided. | | |
| 267 | | DR No. 12 | Produce any and all documents, including electronic communications related to the information collected pursuant to Local Law 68-2020, the Department's Early Intervention Program (which collects information regarding certain declinations to prosecute), as well as Law Department declinations to indemnify or represent officers in civil lawsuits brought from protest arrests alleging a constitutional violation. | | Responsive documents, if any, may be subject to the attorney-client and/or attorney work product privileges. Privilege log to be provided. | | |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 268 | | DR No. 13 | Produce any and all documents reflecting policy changes, changes in training, or finest messages, and/or any discipline that incurred by any officer which were in some way a response to the judgment in Abdell v. City of New York, No. 05 Civ. 8453 (RJS) (S.D.N.Y.) and/or Gersbacher v. Winski, No. 14 Civ. 7600 (S.D.N.Y.); settlement in Rodriguez v. Winski, 12 Civ. 3389 (NRB (S.D.N.Y.) and district court summary judgment decision in Dinler v. City of New York 1:04-cv-7921 (S.D.N.Y.) (Dkt. No. 312 therein). | No responsive documents exist | | | |
| 269 | | DR No. 14 | Produce any and all documents reflecting policy changes, changes in training, or finest messages which were in some way a response to the settlement of the RNC cases, including but not limited to MacNamara, et al., v. City of New York, et al., 04 Civ. 9216 (KMK)(JCF) (S.D.N.Y.). | No responsive documents exist. | | | |
| 270 | | DR No. 15 | Produce the Joint Operations Center (JOC) logs for each day listed in Schedule A. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 271 | | DR No. 16 | Produce the Mass Arrest Processing Center (MAPC) logs for each day listed in Schedule A. | Responsive documents previously provided.  Any additional responsive documents will be provided prior to the Court-ordered date. | | | |
| 272 | | DR No. 17 | Produce the "intel SITREPS" for each day listed in Schedule A. | Responsive documents previously provided.  Any additional responsive documents will be provided prior to the Court-ordered date. | | | |
| 273 | | DR No. 18 | Produce the intelligence bureau surveys for each day listed in Schedule A. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 274 | | DR No. 19 | Produce the spreadsheet titled "Protest Related Activity May 28 through June 7" and referenced at pg. 24 of the NYC Dept. of Investigation Report. | Documents produced | | | |
| 275 | | DR No. 20 | Produce any press releases, press advisories or the like issued by members of Deputy Commissioner of Public Information ("DCPI")'s office from May 28, 2020 to July 1, 2020. | Defendants produced documents responsive to this request on March 11, 2022. | | | |
| 276 | | DR No. 21 | Produce the communications from Chief Terence Monahan which ordered the release of the legal observers. See NYC Department of Investigation Report, Pg. 44. | Email discovery previously produced | | | |
| 277 | | DR No. 22 | Produce records which reflect NYPD employees' efforts to cover their badges during the protests listed at Schedule A. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 278 | | DR No. 23 | Produce records which reflect the efforts of the NYPD, or any City agency, to investigate the prevalence of NYPD employees covering their badges. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 279 | | DR No. 24 | Produce records which reflect the efforts of the NYPD to decrease the prevalence of NYPD employees covering their badges. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 280 | | DR No. 25 | Produce records which would reflect Commissioner Shea's concern that the curfew would suppress first amendment activity. | Email discovery previously produced. | | | |
| 281 | | DR No. 26 | Produce records of the statements made by the Mayor stating that the City will not enforce the curfew against "peaceful protesters." | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 282 | | DR No. 27 | Produce documents which show the basis for the statement made on May 31st by Deputy Commissioner John Miller at a press briefing where he stated that NYPD had evidence providing a high level of confidence that disorderly groups had organized bike scouts, medics, and supply routes of rocks, bottles, and accelerants for the purpose of vandalism and violence. | Responsive documents previously provided. | A number of documents may be subject to the law enforcement privilege. Privilege log to be provided. | | |

| A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|
| 283 | DR No. 28 | Produce documents which show the basis for the statement made on June 5 by Mayor de Blasio and Commissioner Shea pointed to intelligence to justify the mass arrest that took place the prior evening in Mott Haven. | Responsive documents will be provided prior to the Court-ordered deadline | A number of documents may be subject to the law enforcement privilege.Privilege log to be provided. | | |
| 284 | DR No. 29 | Produce documents which show the basis for the statement made on June 6, Deputy Commissioner Miller provided a second press briefing where he provided data on arrests, burglaries, and the numbers of injured officers. Deputy Commissioner Miller also noted that officers had been attacked with bricks, trash cans, vehicles, and other projectiles, as well as homemade incendiary devices such as Molotov cocktails. The briefing also contained information on specific incidents, including the knife-attack by a "homegrown violent extremist," a Bronx vehicle stop that resulted in the discovery of hammers and accelerants, and a gun arrest that took place in the South Bronx prior to the Mott Haven protest. | Responsive documents previously provided.  Any additional responsive documents will be provided prior to the Court-ordered date. | A number of documents may be subject to the law enforcement privilege.Privilege log to be provided. | | |
| 285 | DR No. 30 | Produce the whole daily binders from the intelligence division for the days listed in Schedule A. | | Defendants object as this request is overbroad, irrelvant, overly burdensome and not proportional to the needs of the case | The "whole daily binders" contain  irrlevant information, much of it law enforcemnt sensitive, that has nothing to do with the protests at issue.  The 50+ hours needed to collect, review, redact and provide a privilege log is not proportional to the needs of the case, as intellegence information specific to the protests has been provided | |
| 286 | DR No. 31 | Produce the Situation Reports prepared by the intelligence division for the days listed in Schedule A. | Responsive documents previously provided.  Any additional responsive documents will be provided prior to the Court-ordered date. | These documents may be subject to the law enforcement privilege. Privilege log to be provided. | | |
| 287 | DR No. 32 | Produce the Tactical Assessments prepared by the intelligence division for the days listed in Schedule A. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 288 | DR No. 33 | Produce the Handschu Investigative Statements prepared by the intelligence division for the days listed in Schedule A. | Responsive documents, to the extent not privileged, will be provided prior to the Court ordered deadline.  A privilege log will be provided | | | |
| 289 | DR No. 34 | Produce the Academy curriculum including the four-hour module on disorder control training conducted by the Disorder Control Unit. | Responsive documents previously produced | | | |
| 290 | DR No. 35 | Produce the training material used to train the SRG units, specifically the five days that are dedicated to disorder control training. | Responsive documents previously produced | | | |
| 291 | DR No. 36 | Please produce any communications between NYPD and the CCRB regarding Kenneth Rice, including but not limited to any requests to reopen his disciplinary case. | Responsive documents will be provided prior to the Court-ordered deadline | | | |
| 292 | Minett v. NYC, et al., 21cv8161 | | | | | Initial Disclosures Minett_00001-000062 |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Date Produced | | | | | | | | | | | | | | | | | | | |
| 2 | | | | | | | | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | | | | | | | | | |
| 5 | | | | | | | | | | | | | | | | | | | | |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | | | | | | | | | | | | | | | | | | | | |
| 7 | | | | | | | | | | | | | | | | | | | | |
| 8 | | | | | | | | | | | | | | | | | | | | |
| 9 | | | | | | | | | | | | | | | | | | | | |
| 10 | | | | | | | | | | | | | | | | | | | | |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | | | | | | | | | | | | | | | | | | | | |
| 12 | | | | | | | | | | | | | | | | | | | | |
| 13 | | | | | | | | | | | | | | | | | | | | |
| 14 | | | | | | | | | | | | | | | | | | | | |
| 15 | | | | | | | | | | | | | | | | | | | | |
| 16 | | | | | | | | | | | | | | | | | | | | |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | | | | | | | | | | | | | | | | | | | | |
| 18 | | | | | | | | | | | | | | | | | | | | |
| 19 | | | | | | | | | | | | | | | | | | | | |
| 20 | | | | | | | | | | | | | | | | | | | | |

|   | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|----|
| 21 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| 22 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| 23 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| 24 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| 25 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| 26 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| 27 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| 28 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 29 | | | | | | | | | | | | | | | | | | | | |
| 30 | | | | | | | | | | | | | | | | | | | | |
| 31 | | | | | | | | | | | | | | | | | | | | |
| 32 | | | | | | | | | | | | | | | | | | | | |
| 33 | | | | | | | | | | | | | | | | | | | | |
| 34 | | | | | | | | | | | | | | | | | | | | |
| 35 | | | | | | | | | | | | | | | | | | | | |
| 36 | | | | | | | | | | | | | | | | | | | | |

|  | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 52 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| 53 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| 54 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| 55 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| 56 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| 57 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 58 | | | | | | | | | | | | | | | | | | | | |
| 59 | | | | | | | | | | | | | | | | | | | | |
| 60 | | | | | | | | | | | | | | | | | | | | |
| 61 | | | | | | | | | | | | | | | | | | | | |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 62 | | | | | | | | | | | | | | | | | | | | |
| 63 | | | | | | | | | | | | | | | | | | | | |
| 64 | | | | | | | | | | | | | | | | | | | | |
| 65 | | | | | | | | | | | | | | | | | | | | |
| 66 | | | | | | | | | | | | | | | | | | | | |
| 67 | | | | | | | | | | | | | | | | | | | | |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 136 | | | | | | | | | | | | | | | | | | | | |
| 137 | | | | | | | | | | | | | | | | | | | | |
| 138 | | | | | | | | | | | | | | | | | | | | |
| 139 | | | | | | | | | | | | | | | | | | | | |
| 140 | | | | | | | | | | | | | | | | | | | | |
| 141 | | | | | | | | | | | | | | | | | | | | |
| 142 | | | | | | | | | | | | | | | | | | | | |
| 143 | | | | | | | | | | | | | | | | | | | | |
| 144 | | | | | | | | | | | | | | | | | | | | |
| 145 | | | | | | | | | | | | | | | | | | | | |
| 146 | | | | | | | | | | | | | | | | | | | | |
| 147 | | | | | | | | | | | | | | | | | | | | |
| 148 | | | | | | | | | | | | | | | | | | | | |
| 149 | | | | | | | | | | | | | | | | | | | | |
| 150 | | | | | | | | | | | | | | | | | | | | |
| 151 | | | | | | | | | | | | | | | | | | | | |
| 152 | | | | | | | | | | | | | | | | | | | | |
| 153 | | | | | | | | | | | | | | | | | | | | |
| 154 | | | | | | | | | | | | | | | | | | | | |
| 155 | | | | | | | | | | | | | | | | | | | | |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 156 | | | | | | | | | | | | | | | | | | | | |
| 157 | | | | | | | | | | | | | | | | | | | | |
| 158 | | | | | | | | | | | | | | | | | | | | |
| 159 | | | | | | | | | | | | | | | | | | | | |
| 160 | | | | | | | | | | | | | | | | | | | | |
| 161 | | | | | | | | | | | | | | | | | | | | |
| 162 | | | | | | | | | | | | | | | | | | | | |
| 163 | | | | | | | | | | | | | | | | | | | | |
| 164 | | | | | | | | | | | | | | | | | | | | |
| 165 | | | | | | | | | | | | | | | | | | | | |
| 166 | | | | | | | | | | | | | | | | | | | | |
| 167 | | | | | | | | | | | | | | | | | | | | |
| 168 | | | | | | | | | | | | | | | | | | | | |
| 169 | | | | | | | | | | | | | | | | | | | | |
| 170 | | | | | | | | | | | | | | | | | | | | |
| 171 | | | | | | | | | | | | | | | | | | | | |
| 172 | | | | | | | | | | | | | | | | | | | | |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 178 | | | | | | | | | | | | | | | | | | | | |
| 179 | | | | | | | | | | | | | | | | | | | | |
| 180 | | | | | | | | | | | | | | | | | | | | |
| 181 | | | | | | | | | | | | | | | | | | | | |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 189 | | | | | | | | | | | | | | | | | | | | |
| 190 | | | | | | | | | | | | | | | | | | | | |
| 191 | | | | | | | | | | | | | | | | | | | | |
| 192 | | | | | | | | | | | | | | | | | | | | |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 193 | | | | | | | | | | | | | | | | | | | | |
| 194 | | | | | | | | | | | | | | | | | | | | |
| 195 | | | | | | | | | | | | | | | | | | | | |
| 196 | | | | | | | | | | | | | | | | | | | | |
| 197 | | | | | | | | | | | | | | | | | | | | |
| 198 | | | | | | | | | | | | | | | | | | | | |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 206 | | | | | | | | | | | | | | | | | | | | |
| 207 | 11-Mar | | | | | | | | | | | | | | | | | | | |
| 208 | | | | | | | | | | | | | | | | | | | | |
| 209 | | | | | | | | | | | | | | | | | | | | |
| 210 | | | | | | | | | | | | | | | | | | | | |
| 211 | | | | | | | | | | | | | | | | | | | | |
| 212 | | | | | | | | | | | | | | | | | | | | |
| 213 | | | | | | | | | | | | | | | | | | | | |
| 214 | | | | | | | | | | | | | | | | | | | | |
| 215 | | | | | | | | | | | | | | | | | | | | |
| 216 | | | | | | | | | | | | | | | | | | | | |
| 217 | | | | | | | | | | | | | | | | | | | | |
| 218 | | | | | | | | | | | | | | | | | | | | |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 219 | | | | | | | | | | | | | | | | | | | | |
| 220 | | | | | | | | | | | | | | | | | | | | |
| 221 | | | | | | | | | | | | | | | | | | | | |
| 222 | | | | | | | | | | | | | | | | | | | | |
| 223 | | | | | | | | | | | | | | | | | | | | |
| 224 | | | | | | | | | | | | | | | | | | | | |
| 225 | | | | | | | | | | | | | | | | | | | | |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 226 | | | | | | | | | | | | | | | | | | | | |
| 227 | | | | | | | | | | | | | | | | | | | | |
| 228 | | | | | | | | | | | | | | | | | | | | |
| 229 | | | | | | | | | | | | | | | | | | | | |
| 230 | | | | | | | | | | | | | | | | | | | | |
| 231 | | | | | | | | | | | | | | | | | | | | |
| 232 | | | | | | | | | | | | | | | | | | | | |
| 233 | 3/11 and 3/18 | | | | | | | | | | | | | | | | | | | |
| 234 | | | | | | | | | | | | | | | | | | | | |
| 235 | | | | | | | | | | | | | | | | | | | | |
| 236 | | | | | | | | | | | | | | | | | | | | |
| 237 | | | | | | | | | | | | | | | | | | | | |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 238 | | | | | | | | | | | | | | | | | | | | |
| 239 | | | | | | | | | | | | | | | | | | | | |
| 240 | | | | | | | | | | | | | | | | | | | | |
| 241 | | | | | | | | | | | | | | | | | | | | |
| 242 | | | | | | | | | | | | | | | | | | | | |
| 243 | | | | | | | | | | | | | | | | | | | | |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 251 | | | | | | | | | | | | | | | | | | | | |
| 252 | | | | | | | | | | | | | | | | | | | | |
| 253 | | | | | | | | | | | | | | | | | | | | |
| 254 | | | | | | | | | | | | | | | | | | | | |
| 255 | | | | | | | | | | | | | | | | | | | | |
| 256 | | | | | | | | | | | | | | | | | | | | |
| 257 | | | | | | | | | | | | | | | | | | | | |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 258 | | | | | | | | | | | | | | | | | | | | |
| 259 | ave nothing to do with protestors and then attempting to determine which are sealed and therefore cannot be produced is not proportional to the needs of the case, as it would take at least 200 hours of personnel time to compete this task. | | | | | | | | | | | | | | | | | | | |
| 260 | | | | | | | | | | | | | | | | | | | | |
| 261 | | | | | | | | | | | | | | | | | | | | |
| 262 | | | | | | | | | | | | | | | | | | | | |
| 263 | | | | | | | | | | | | | | | | | | | | |
| 264 | | | | | | | | | | | | | | | | | | | | |
| 265 | | | | | | | | | | | | | | | | | | | | |
| 266 | | | | | | | | | | | | | | | | | | | | |
| 267 | | | | | | | | | | | | | | | | | | | | |

| | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 283 | | | | | | | | | | | | | | | | | | | | |
| 284 | | | | | | | | | | | | | | | | | | | | |
| 285 | | | | | | | | | | | | | | | | | | | | |
| 286 | | | | | | | | | | | | | | | | | | | | |
| 287 | | | | | | | | | | | | | | | | | | | | |
| 288 | | | | | | | | | | | | | | | | | | | | |
| 289 | | | | | | | | | | | | | | | | | | | | |
| 290 | | | | | | | | | | | | | | | | | | | | |
| 291 | | | | | | | | | | | | | | | | | | | | |
| 292 | Initial Disclosures produced 1/21/22; Iniital disclosure documents produced 3/9/22 | | | | | | | | | | | | | | | | | | | |