

March 22, 2022

Dara Weiss
Senior Counsel
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007

By Electronic Mail Only.

> Re: **In re: New York City Policing During Summer 2020 Demonstrations,**
> 1:20-CV-8924 (CM) (GWG)
> *This Letter Relates to All Cases*

Dear Ms. Weiss:

We write on behalf of counsel for all Plaintiffs in the consolidated cases, to raise Defendants' continued failure to follow the Court's clear directions related to the "chart" the Court ordered. We write in an attempt to resolve these issues without Court intervention, but are fully prepared to make a motion if we do not receive the chart the Court ordered within 48 hours. And we ask that you confirm a new chart will be forthcoming in the next 24 hours, given that the Court only offered a 90-day extension.

To recap, the Court initially ordered a "chart" to be completed by February 25, and made clear its expectations regarding what it must include:

> "[1] what you're going to produce, and if appropriate you can say [2] how you're going to produce it . . . [3] And then say here's what we're not going to do, and here's the burden of it, and that's why we're not going to do it."

2/18/2022 Tr. 99:2:12. After the Plaintiffs brought deficiencies in the initially produced chart to the Court's attention, the Court subsequently clarified that the chart must reveal that "if [Plaintiffs] ask for a particular thing and you know you're not giving them something within that category, they shouldn't be finding that out on March 18th; *they should find that out right now*." 2022-03-04 Tr. 8:3-7 (emphasis added). The court further explained Defendants needed to tell Plaintiffs, with a description, what documents were going to be produced, what was withheld, and what had already been produced:

> If you are agreeing to produce everything, then that's fine, *but what you need to do is to in some way indicate what your search involved*. So you should say, 'We're producing the online arrest reports, the notebook page of that date,' and so forth. You should explain what it is you're producing. Or you could say, 'We're relying on the email search, you know, the search terms. That's whatever it is, and that's what we think is all we have to do for this."

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385   ·   t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



> ***You have to express what it is that is being produced***. And if there's something you know is not being produced that's within that category, you have to say that, as well.
>
> Do you understand what I'm saying?

*Id.* 38:22-39:10 (emphasis added).

After that conference, the Parties met and agreed — as memorialized in my March 9 email without any objection from Defendants — that the new version of the chart was to contain:

- For documents Defendants claim they have already produced, ***there will be a general description of the documents*** (e.g., something like, "closed IAB files from Date X to Date Y, for allegations that took place protests on Schedule A"), along with something pointing at where to find it.  That "something" will either be Bates numbers, or something else like a volume number -- except that Defendants won't use a volume number if they're pointing to a disproportionately large volume relative to the documents being pointed to.  Similarly, videos should just get Bates IDs.[1]

- Defendants will describe both (1) the places for each request where documents may exist that they have declined to search and (2) the documents that they have withheld, across the entire life of the case for every request (that is, this will cover both documents previously withheld and that will be withheld on March 18).

- Defendants ***will describe what they will be producing***.  Where possible (for example, for things like requests 8 and 9) they will identify documents specifically.  Where the request is more general, Defendants ***will describe where they are searching and the reason for that search*** (e.g., what sorts of things they expect to find in that place).

- The various requests we discussed specifically will be updated.[2]

---

[1] As we understand it, this is all that Defendants will be addressing in the forthcoming amended chart being handled by your vendor.

[2] Defendants have failed to comply here as well.  For example, despite having gone over this request no less than four times at this point, Defendants still are wrongly asserting on Request 48 (1) that the NYPD website has an organizational *chart* (it does not) and (2) ignoring that as Ms. Fitzpatrick explained, there are non-public organizational charts that Defendants ***have agreed to produce***.  Defendants' failure to accurately record the results of our meet and confers is beyond troubling at this stage — and it is hard to see how this is an accident.  We expect the amended chart will accurately reflect what Defendants have repeatedly committed to do, or we will raise Defendants' repeated attempts to walk back their commitments with the Court (and raise it as a basis to revisit the prophylactic sanction we have suggested).



Page 2 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- What the Court said about the status of objections vis-a-vis waiver is everyone's understanding (see pp. 9-10 of the transcript).[3]

2022-03-09 Email (Exhibit 1) (emphasis added). The second and third bullets are the most relevant, as they clearly express things the Court directed, and Defendants seem to have ignored them entirely.

We understand that Defendants will be producing a revised chart later this week based on your employment of a vendor to assist "in indexing and identifying what documents are in what volumes so we can attempt to more precisely include this information on the chart." Plaintiffs have raised questions about Defendants' methodologies in employing the vendor's services, but, in theory that process may address the concerns raised in the first bullet above. Plaintiffs will (of course) review this revised chart expeditiously and promptly raise any remaining concerns with Defendants.

That said, we write to object to the chart you served on Friday, which has little, if any, resemblance to what was ordered and agreed as to the other bullets described above. This is particularly true for many of the Defendants' responses regarding the descriptions of searches Defendants have employed, and what documents they will (and won't) be producing. For example, for Requests 8 and 9 — requests specifically identified in our agreements — Defendants initially list two documents then just say "etc.", and then don't even bother doing *that* for Request 9:

> "Any additional responsive documents will be provided prior to the Court-ordered date, inluding [sic] line of duty records, press inquiry records, etc." (Request 8).

> Any additional responsive documents will be provided prior to the Court-ordered date (Request 9).

In fact, the unadorned phrase "Any additional responsive documents will be provided prior to the Court-ordered date" appears no less than 25 times in the new chart. Obviously that response does not comply with our agreements or the Court's orders.

Defendants' failure to follow the Court's directions is especially egregious for those deficient entries which that have already been identified as inadequate in previous motions and letters. The Court was unambiguous that Defendants' responses were "insufficient" in the March 4 conference. 2022-03-04 Tr. 40:3-4; *see also, id.* 38-39; 45:22-46:2 ("the chart has to indicate what it is within a request that you're producing and that you're not producing"). Additionally, Plaintiffs' letter confirming the need for a conference (Dkt. No. 428) on Defendants' failure to do the assignment the first time identified the response to Request 4 as inadequate. Dkt. No. 428 at 2 ("In the Court Ordered chart, Defendants simply say: 'Responsive documents previously provided.'"). Yet, as amended, all Defendants say in response to Request 4 is, "Responsive documents previously provided. Bates/Volume numbers to be provided." As explained in the letter, this seems to suggest Defendants are waiving all their objections to everything about the 2004 RNC. While we would be thrilled to

---

[3] We are now assuming, however, that there will be no objections to producing anything we identify as missing that is not specifically identified in this version of the chart. *See generally* 3/4/2022 Tr. 47:3-4 (THE COURT: "I don't recall telling you that you could have secret objections.")


Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



discover that — and believe at this point Defendants have affirmatively waived their objections (*see* note 1 above) — this genuinely suggests Defendants have not even read the letters (let alone the transcripts) around this dispute.

      As noted above, this simply isn't what the Court ordered. We will make a motion if we do not receive what the Court actually ordered in 48 hours. And if we do not get confirmation we will receive a chart that complies with what the Court ordered within 24 hours, we will make a motion then.

                                              Yours, &c.,

                                              /s/
                                          _____

J. Remy Green
      *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All counsel of record.

Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com