UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

In Re: New York City Policing During Summer 2020 Demonstrations

THIS FILING RELATES TO ALL CASES

**DECLARATION OF PATRICIA B. MILLER**

20-cv-08924 (CM)(GWG)

------------------------------------------------------------------ x

**PATRICIA B. MILLER**, Chief of the Special Federal Litigation Division of the Office of the Corporation Counsel, declares under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney duly admitted to practice in this Court, and Chief of the Special Federal Litigation Division of the Office of the Corporation Counsel. As the Court is aware, this Division represents New York City law enforcement sued in federal court for alleged Civil Rights violations. The defendants represented by this Division include members of the New York City Police Department, the New York City Department of Correction, and the various Offices of the District Attorneys. The Division handles matters almost exclusively venued in the Southern and Eastern Districts of New York. It is an honor to represent these individuals in these distinguished federal districts.

2. The following is in response to this Court's Order, dated March 21, 2022:

**<u>Special Federal Litigation Staffing for this Matter ("Consolidated Cases")</u>**

a. Three supervisors are assigned to the Consolidated Cases. One splits her time between the Consolidated Cases and another major case handled by this Division; one splits her time between the Consolidated Cases and overseeing the 79 (and counting) other protest cases (explained below); and one spends 100% of her time on the Consolidated Cases.

b. Additionally, seven staff attorneys are assigned to the Consolidated Cases. One of these attorneys spends 100% of her time on the Consolidated Cases; five of these attorneys spend 80-90% of their respective time on the Consolidated Cases, and one attorney spends 50% of his time on the Consolidated Cases.

c. Four support staff are assigned to the Consolidated Cases. Two of those support professionals spend about 80% of their respective time on the Consolidated Cases, and the remaining two spend about 40% of their respective time on the Consolidated Cases.

**<u>E-Discovery Counsel for the Consolidated Cases</u>**

d. In addition to personnel from the Special Federal Litigation Division, three staff attorneys from the Office's E-Discovery Division are assigned to the Consolidated Cases, each spending about 50% of their respective time on the Consolidated Cases. One support professional from the E-Discovery Division also spends about 50% of his time on the

Consolidated Cases. The Office also retained an outside vendor working with the E-Discovery Division to assist with document review.

**Compliance Procedures**

e.  This Office strongly believes in the general principle to comply in good faith with Court Orders. Toward that end, the Consolidated Cases Team ("Team") as a group engages in meetings twice a week; supervisors assigned to the Consolidated Cases meet with the Division Chief once a week; and the Team has a shared calendar posting all events/deadlines. Moreover, it is this Office's practice for attorneys to communicate any sanction order promptly to their supervisor who, in turn, communicates the order to their Division Chief who, in turn, notifies the Executive overseeing that Division.

**Context**

3.  I provide the following information to give fuller context for the Court. In addition to these Consolidated Cases before this Court, the Division is currently litigating 79 (and counting) "one-off" protest cases in venued in either the SDNY or EDNY - - protest cases filed separately from the Consolidated Cases. One of those other cases is a purported class action. Some of the very same lawyers in these Consolidated Cases (seeking class certification in three matters) are also the same plaintiffs' lawyers in 16 of these "one-off" cases, seeking similar discovery and will no doubt seek similar depositions. These "one-offs" are dispersed throughout the Division. Needless to say, federal judges presiding over those matters also have demands and deadlines. A good example is a recent court ruling wherein the presiding judge ordered that all discovery produced in the Consolidated Cases be reproduced in a one-off case. That case involves a single plaintiff making fewer claims and brought by one of the same counsel in the Consolidated

Cases.  Putting aside the time to comply with that demand, the impact on the attorney handling that one-off matter to become familiar with **all** that discovery (approximately over ½ million pages and thousands of hours of video footage) cannot be overstated.

4.  As this Court is aware, cases of this magnitude typically take years to complete discovery.  The Court's direction to move rapidly through discovery in this case (which involves at least 83 different locations, thousands of civilians, and hundreds of officers over an extended period of time) is of course understood and we will continue to work in good faith to comply with the discovery schedule ordered by the Court.  However, we do ask the Court to consider the incredible demands put upon the Division attorneys as well as demands from other federal judges who want just as much attention to their respective cases.

5.  Moreover, the Division currently is litigating 841 cases (and counting) pending in the EDNY or the SDNY.  These cases include ten class actions (distinct from the three purported class actions asserted in the Consolidated Cases); 15 discovery-intense reverse conviction cases; and one monitorship.  Since May 2021 (when federal trials began to pick up from the pandemic downtime) until present, this Division has conducted 18 federal jury trials and more to come as the courts return to a semblance of normalcy.  In addition, as the Court is probably aware, the Division (as is true of the entire Office) cannot pass on accepting cases. It has an obligation to properly represent the City and its' employees.  As such, we must give appropriate attention to all of our cases.

6.  Neither this Division, the Law Department in general, nor the NYPD, are immune from the "great resignation" which has impacted the entire country.  As a result, in this Division for example, close to 600 cases have been reassigned from February 2021 to present (and counting) due to departures.

7. The women and men in this Division, including those working on these Consolidated Cases, are hardworking public servants dedicated to protecting those who also serve this City, the public fisc, and the City's taxpayers. Law Department employees take their professional obligations seriously, routinely working well beyond "regular" hours, on evenings and weekends, to comply with demands of their substantial caseload. We take all our obligations to the Court, including discovery schedules, also seriously.

I thank you in advance for considering the information provided in this Declaration.

Dated: March 28, 2022

PATRICIA B. MILLER