STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

April 5, 2022

**VIA ECF**

The Honorable Colleen McMahon
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re:    New York City Policing During Summer 2020 Demonstrations
                20-CV-8924 (CM)(GWG)
                *This Letter Relates to All Cases*

Dear Judge McMahon:

      I write on behalf of all Plaintiffs in the above-captioned consolidated actions to request more time to respond to the second motions to intervene filed by the Sergeants Benevolent Association (SBA) and the Detectives' Endowment Association (DEA). Plaintiffs intend to oppose both of these motions. Because the Second Circuit's consideration of the appeal filed by the Patrolmen's Benevolent Association (PBA) has not yet fully concluded, and because the resolution of issues pending in that appeal may affect the nature and substance of Plaintiffs' opposition to these pending motions, we ask for leave to file our oppositions 14 days after the Second Circuit issues its mandate regarding the PBA's intervention. Alternatively, Plaintiffs seek leave to file their oppositions 14 days after the Court rules on the instant application, should it be denied. This is Plaintiffs' first request for an extension of these deadlines, which, if granted, will not affect any immediate deadlines. Counsel for the SBA, the DEA, and Defendants do not object to these requests.

      The Court denied the unions' first motions to intervene on April 28, 2021. ECF No. 148. Only the PBA appealed from that decision. *See* 2d Cir. Dkt. 21-1316, No. 135. Although the Second Circuit reversed the Court's decision, that decision is not yet final and the PBA remains a nonparty to this litigation. *See* ECF Nos. 454, 456. The SBA and DEA now seek intervention based on the PBA's nonfinal appeal. *See* ECF Nos. 469, 476.

      Among other potential ramifications, the final resolution of the PBA appeal may establish whether and to what extent the PBA will participate in this litigation and, consequently, whether it will "adequately protect" the interests of its fellow unions. *LaRouche v. FBI*, 677 F.2d 256,

Hon. Colleen McMahon
April 5, 2022
Page 2

257 (2d Cir. 1982); *see also Afro Am. Patrolmen's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974) (intervention properly denied when police union's interests were adequately represented by plaintiffs and officer intervenors). That issue will not become clear unless and until the PBA joins this case and files its proposed pleading, which is due promptly after the Second Circuit issues its mandate. ECF No. 456. Accordingly, Plaintiffs respectfully request an extension of the April 12 and 13 deadlines to respond to the unions' motions to intervene to 14 days after the Second Circuit issues a mandate. In the alternative, Plaintiffs seek leave to file their oppositions until 14 days after the Court rules on the instant application.

    Respectfully submitted,

    */s/ Lillian Marquez*
    Lillian Marquez, Assistant Attorney General
    Office of the New York State Attorney General
    28 Liberty Street, 20th Floor
    New York, NY 10005
    Phone: (212) 416-6401
    Lillian.Marquez@ag.ny.gov

cc:    All Counsel of Record (by ECF)