

April 5, 2022

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

**Re: In re: New York City Policing During Summer 2020 Demonstrations, 1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases**

Dear Judge Gorenstein:

I write to provide a reply to Defendants' opposition (Dkt. No. 477) related to Plaintiffs' motion on the discovery chart (Dkt. No. 464), as the Court invited. Dkt. No. 470. More than a month ago, the Court told Defendants "the time has come to essentially put up or shut up on all the document requests about what it is you're producing and what is not, what you're not." 2022-02-18 Tr. 99:16-19. But instead, Defendants say,

> "The chart is an evolving document; Defendants can't say what they will produce until they know if they possess it or not. Likewise, it is difficult to say where documents are being searched for, since as a search is conducted, often it leads to more and more places to search."

Dkt. 477 at 2. In fact, they admit, "we expect that as the searches are completed, the chart will be updated again." *Id.* It's hard to imagine missing the mark by a wider margin.

Start with the Court's latest Order. The Court clearly told Defendants what to do:

"the response must address[:]

> [1.] whether the City in fact failed to comply with the Court Orders of February 18 and March 4 requiring production of a chart giving complete information as to their responses to plaintiff's discovery requests (in the form ordered by the Court)[;] and
>
> [2.] whether any admitted failure has been completely cured as of the filing of the letter response."

Dkt. No. 470 at 2. Yet, Defendants gloss over both parts.



On (1), Defendants acknowledge that, prior to last Friday night, they had *not* "substantially complied" with the Court's order.[1] But of course, Defendants are hardly closer to compliance now. A month ago, the Court said that, in terms of what documents Plaintiffs would receive, "they should find that out right now." 2022-03-04 Tr. 8:3-7. Instead, Defendants assert that the status of their discovery responses is inherently unknowable:

> As various searches have been conducted and completed, and as various volumes of documents have been reviewed and processed, the Defendants' own understanding of the status of the searches and particularly of the universe of responsive documents has become clearer.

Dkt. No. 477 at 1-2. How that status is remotely compatible with a claim Defendants complied with the Court's order to "put up or shut up" — which Defendants never once sought to modify[2] — is not explained. But for the lack of ambiguity, that line is an admission Defendants violated the Court's clear orders.

On (2), Defendants admit their "failure has [not] been completely cured" by stating "Defendants can't say what they will produce." Dkt. 477 at 2. At issue are documents Defendants were ordered to produce by July 31 last year. Defendants even promised in open Court "[t]here's very little that [Plaintiffs a]re asking for that we're not planning on producing." 2021-06-24 Tr. 14:21-23. If nothing else, Defendants have violated the unambiguous deadline orders the Court issued last year.

Zooming out, Defendants' letter suggests a much deeper problem; a problem that "really makes you question whether [Defendants a]re doing everything else [they're] supposed to do." (2022-02-11 Tr. 7:25-8:2). And what the letter makes clear warrants a significant sanction.

**<u>Discussion</u>**

As the Court knows, it has repeatedly ordered Defendants to produce a definitive chart setting out what discovery they were producing and withholding — a sort of remedial discovery homework assignment. As the Court explained, its contents "should be in [Defendants' counsel's] mind already" because it is just "what you're supposed to do in Rule 34 anyway" — and something "[Defendants] had to do a long time ago." 2022-02-18 Tr. 99:13-19; 101:17-25. The problem, as crystalized, is that Defendants failed to take their discovery responsibilities serious until the Court ordered they produce this chart — part and parcel with their broader "failure to focus on gathering these documents long ago when it should have." Dkt. No. 453.

---

[1] "By the attached updated chart, Defendants believe they have now substantially complied with the Court's orders and will continue that compliance as discovery and production move forward." Dkt. 477 at 1.

[2] If, in fact, Defendants believed it were impossible to state what they would be producing, they should have moved for reconsideration. As the Court already had to ask once, "we have a lot of remedies, you can move for reconsideration, you can object [to Judge McMahon], but why is violating it an option?" 2022-02-11 Tr. 91:4-6.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



If Defendants had "completely cured" their failure to follow the Court's clear Orders in the charts they delivered at 7:21 p.m. on April 1, that would still merit a significant sanction. But they did not. Instead, they have read the Court's Order to permit an "evolving" response. Wrong. The Court directed a chart that, with finality, says what discovery Defendants have and have not produced. Defendants' continued foot-dragged calls to mind a caution the Court gave nearly a year ago now:

> Judge McMahon is "fully prepared to enter sanctions orders of preclusion against any party who's being recalcitrant about discovery. … [A]nd if it turns out that a particular party is being recalcitrant or slow walking discovery, she wants it known that she will entertain a preclusion motion."

2021-06-24 Tr. 6:14-25. That motion has now come.

The City has had every warning it could ask for. At this stage, there is no question: the City's continued "failure to focus on gathering these documents" (Dkt. No. 453) across the life of this case — that studied "recalitran[ce]" (2021-06-24 Tr. 6:14-25) — is a strategic choice. And that choice should — must — have consequences.

## I. Defendants Admit they Violated the Court's Orders on Prior Discovery, and Even Now, Defendants Fail to Point Meaningfully to Prior Discovery.

Defendants concede Friday night at 7:21 p.m. was the first time they complied with the Court's unambiguous order to point to prior discovery. They do not deny that they missed the parties' agreed-upon deadline of March 14. They do not deny that they missed their self-granted extension to the week of March 21. Nor do they deny that that the first time they even made an attempt to follow the Court's clear order to identify previously produced documents was Friday night. Yet, missing from the letter is any acknowledgment of this clear "fail[ure] to comply with the Court Orders of February 18 and March 4 requiring production of a chart giving complete information as to their responses to plaintiff's discovery requests (in the form ordered by the Court)."

The Friday night version also violates the Court's clear orders. Though the parties explicitly agreed that the Court's order to produce the chart meant "Defendants won't use a volume number if they're pointing to a disproportionately large volume relative to the documents being pointed to" (Dkt. No. 464 at 3, *quoting* Dkt. No. 464-3), Defendants have failed to meet this commitment.

Rather than identify particular Bates numbers, or even ranges of Bates numbers, Defendants have amended the chart to include reference to volume numbers to try to identify previously produced documents. If each of these volumes comprised only, or even mostly, documents responsive to particular requests, this would be a useable system. But many volumes produced by Defendants comprise thousands or tens of thousands of documents produced in sometimes undifferentiated masses.

For example, Defendants reference "Vol007" as holding responsive documents to at least 18 different requests. That volume comprises nearly 29,000 documents consisting of over more than 81,000 pages. And some requests — for example, Request 1 discussed below – are spread across

more than a dozen volumes. That is simply not workable — and a violation of the Court's order.[3] True, some volumes are much more modest, and for those, Plaintiffs agree Defendants have finally complied with the Court's orders. But that is a far cry from Defendants having "completely cured" their admitted non-compliance in identifying previously produced documents. And so, the City has violated the Court's Order to state whether they have "completely cured" that admitted non-compliance.

The current chart also fails to follow the parties' agreement — reflecting a clear Court order — that "there will be a general description of the documents (e.g., something like, 'closed IAB files from Date X to Date Y, for allegations that took place [at] protests on Schedule A')." Dkt. No. 464-3. Instead, Defendants just say, "Responsive documents can be found in [list of volumes]," with no specificity on what can be found and where. Take just one (especially bad) example. Document Request 1 (in the consolidated requests) seeks policy documents about a huge array of topics. Here's Defendants' entire response:

Responsive documents previously provided. Any additional responsive documents will be provided prior to the Court-ordered date. Responsive documents can be found in:VOL002_Confidential
VOL005_Confidential
VOL005_Not Confidential
VOL006_Not Confidential
VOL007_Confidential
VOL007_Not Confidential
VOL008_Confidential
VOL008_Not Confidential
VOL009_Confidential
VOL010_Confidential
VOL011_Not Confidential
VOL014_Confidential
VOL018_Confidential
VOL019_Not Confidential
VOL026_Confidential
VOL031_Confidential
VOL032_Confidential
VOL035_Confidential
VOL037_Confidential
VOL039_Confidential

That does not come close to compliance.

On this, the Court should direct the City to re-identify, by Bates number any document set where the documents pointed to consist of less than 25% of the volume — along with re-doing the entire chart to include meaningful descriptions of the kind the Court specifically directed. *See* 2022-03-04 Tr. 38:22-39:10 ("'We're producing the online arrest reports, the notebook page of that date,' and so forth"). And it should enter a significant sanction: the City admits it did not comply with the order in ***any*** way until last Friday (and seemingly tries to shift blame to a third-party vendor).

[3] If Defendants claim that the parties' written agreement does not align with the Court's order, that only points to the need at this point for something like the proposed order at Dkt. No. 394.



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



### II. Defendants *Still* Fail to Provide a Clear Picture of What They Will Be Producing.

Court expectations don't come much clearer than what the Court expressed at the March 4 conference. And if that was not enough, the parties had a meet and confer and recorded the expectations clearly. Expressed in various ways, here's what Defendants had to do:

> "Defendants will describe what they will be producing. Where possible (for example, for things like requests 8 and 9) they will identify documents specifically. Where the request is more general, Defendants will describe where they are searching and the reason for that search (e.g., what sorts of things they expect to find in that place)." Dkt. No. 464-3.
>
> "If you are agreeing to produce everything, then that's fine, but what you need to do is to in some way indicate what your search involved. So you should say, 'We're producing the online arrest reports, the notebook page of that date,' and so forth. You should explain what it is you're producing. Or you could say, 'We're relying on the email search, you know, the search terms. That's whatever it is, and that's what we think is all we have to do for this.'" 2022-03-04 Tr. 38:22-39:10
>
> "You have to express what it is that is being produced. And if there's something you know is not being produced that's within that category, you have to say that, as well." *Id.*

There is no question the March 18 chart attached to the motion failed to do this. And so there is no question "whether the City in fact failed to comply with the Court Orders of February 18 and March 4." Dkt. No. 470. Defendants' suggestion otherwise is unexplained and does not save them.

Defendants also suggest "[t]hey have not violated any Order" because they cannot state what they will and won't be producing "until they know if they possess it or not." Dkt. No. 477 at 2. Put aside that it is flabbergasting that Defendants admit they do not know what documents they do and don't possess, relative to document requests served in March last year, in a rocket docket case. And put aside that the Court ordered a complete chart — not an "evolving" document — and Defendants did not move to modify that order. And put aside that the ***entire point of this exercise*** was to have a "put up or shut up moment" on year-old discovery requests. 2022-02-18 Tr. 99:16-19. Defendants still fail to describe what searches they are conducting, what they expect to find, even allowing for their caveat that "as a search is conducted, often it leads to more and more places to search." Dkt. No. 477 at 2.

Again, consider Document Request 1. Defendants *still do not say what they are producing*. It is still just "Any additional responsive documents will be provided prior to the Court-ordered date." They do not say what ***first order*** locations they are searching that may lead to "more places to search." *Id.* They do not say what they expect to find there. There is no description whatsoever. Yet there are no documents identified as withheld. And there are no descriptions of ***any*** documents. At this stage, surely that crosses the good-faith boundary.

Or consider Request 14 — which was discussed in the motion (Dkt. 464 at 4), and Defendants have left substantively unchanged. The IAB reports that Plaintiffs already have end as of the date of

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



the investigation-related productions to the OIG/AG in Fall 2020. The ***reason*** for that, as Plaintiffs have explained to the Court — and Ms. Fitzpatrick, the NYPD's in-house attorney in charge of document collect, confirmed at a meet and confer — is that the documents produced to Plaintiffs by July 31, 2021 were largely just a reproduction of the OIG/AG documents exchanged a year earlier. *See generally,* Dkt. Nos. 277; 277-4. Yet the current chart does not state ***anything*** has been withheld, or specify what ***will*** be produced. Plaintiffs have been fighting about this problem for going on a year. And yet, this chart brings us no closer to knowing the answer.

Or even consider Request 4.[4] As pointed out in two rounds of letters so far, Defendants do not state they are withholding anything. And the Court made clear Defendants may not "have secret objections." 2022-03-04 Tr. 47:3-4; *see also, id.* at 9:11-11:4 ("So if [the burden column is] blank, that means you're producing it. My point is if you're not saying that you're not going to produce something within the category, that means you're not objecting on burdensome or any other grounds, and you're producing whatever's in the category."). If Defendants' response is to be believed, they will be producing every single document "concerning policies, procedures, directives, and training materials" — as well as related to the huge array of subjects identified in Request No. 1 — will be produced, despite Defendants' having secured an order limiting production of 2004 RNC materials. At the risk of stating Defendants position for them, it is simply unfathomable that is what they intend to do. And that the chart still does this despite this point appearing in two letters explicitly is staggering. *See* Dkt. No. 464 at 4 ("this seems to suggest Defendants are waiving all their objections to everything about the 2004 RNC"); Dkt. No. 428 at 2 ("Based on this cursory response, it would appear Defendants have withdrawn every single objection to this Request, because they do not say they are withholding anything"). Instead, it appears most likely that Defendants simply haven't read Plaintiffs' letters or the Court's orders.

Consider all of this in context. Defendants promised Plaintiffs would receive virtually everything they asked for by July 31, 2021. They assured the Court that Plaintiffs' concerns based on Defendants' total failure to comply with what Rule 34 requires in a document response were unfounded. 2021-06-24 Tr. 14:21-23. And then, when their failure to engage in basic tasks was identified for them explicitly — for example, the task of figuring out where documents related to the Schedule A protests would be located (*see* Dkt. No. 459-1 (Declaration of Bridget Fitzpatrick) ¶¶ 4-5) — they did nothing.[5]

---

[4] As Plaintiffs noted in their opening letter, they are happy to accept Defendants' waiver here. But, as we've said in the past, and as the Court has explained to Defendants, we're "concerned that in fact [Defendants wi]ll produce something less than the full category because [they] came up with some things that [they] decided were too burdensome or couldn't be done or have some objection to, and that won't be discovered until the [April 15]" — and that they will do that even though the Court has "sa[id] that's not acceptable." 2022-03-04 Tr. 9:11-11:4.

[5] As explained on another motion, some of the many opportunities to start the work Defendants apparently only started after the Court ordered this chart include: (1) upon receiving the letter identifying the huge holes in their production (Dkt. 354-2, sent Sept. 10, 2021); (2) upon Plaintiffs moving on that failure (Dkt. 277, Sept. 29, 2021); (3) after the Court directed the parties meet and confer "as soon as possible" (2021-10-19 Tr., 19:10-11) about those gaps; (4) upon the second motion about that failure (Dkt. 354, Jan. 18, 2022); (5) after

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

Once more, Defendants total failure to even address the issues or Plaintiffs' description of the history (*cf.* Dkt. No. 352) means they have not denied that they (1) failed to follow the Court's orders on time, (2) agreed to a deadline and simply blew it, (3) agreed to Plaintiffs' substantive summary of the Court's orders set out in Dkt. No. 464-3, and (4) missed even their self-granted extension after they missed the initial deadline.

**III. Defendants *Still* Are Modifying Clear Agreements.**

This issue is perhaps minor relative to the others above. But it remains shocking that Defendants are trying to use the chart to re-write unambiguous agreements secured in meet and confers the Court has had to order several times.

Take the "organizational chart" issue raised in Plaintiffs' letter. In a series of Court-ordered meet and confers, Ms. Fitzpartrick was clear that non-public "Org Charts" are circulated on an annual basis, and Defendants agreed to provide non-public, NYPD organizational charts (after Plaintiffs repeatedly explained that there are no public organizational charts available—and Defendants made clear there are non-public, unique charts). Yet, the current chart continues to point to a website with a list of high ranking NYPD members (that is, not a *chart* with their supervisory relationships mapped out), and says Defendants will print a copy of that webpage. In order, here are Defendants' responses in the March 18 and April 1 production charts:

> The NYPD organizational chart is avaialble on the NYPD website.
> Defendants will be providing a copy prior to April 1, 2022

> Defendants refer Plaintiffs to the NYPD Leadership information available at
> https://www1.nyc.gov/site/nypd/about/leadership/leadership-landing.page.
> [Defendants will be provideing a copy priot to the Court-ordered deadline

Plaintiffs raised Defendants' attempt to walk back the commitment in the moving letter. *See* Dkt. No. 464 at 3 n. 3 (in the prior chart, "Defendants [we]re (1) wrongly asserting that the NYPD website has an organizational chart (it does not) and (2) ignoring that as Ms. Fitzpatrick explained, there are non-public organizational charts that Defendants have agreed to produce"). And even now, Defendants do not deny that Ms. Fitzpatrick stated that non-public organizational charts exist. Instead, they simply have stopped referring to what they are producing as a "chart" — saying they will only produce

the extensive meet and confers after the Court ordered that time; (6) after the application the failure to be prepared for that meet and confer required (Dkt. 380, Feb. 4, 2022); or (7) after the subsequent round of Court-ordered meetings generated by that third application.



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



"a copy" of the "NYPD Leadership information available" publicly online. Yet, Defendants' response both (1) ignores that what they are pointing to online is ***not*** an organizational chart and (2) does not state Defendants are producing the non-public charts they admit exist and have explicitly committed to producing.

Compounding this problem, Defendants also do not state that they are ***withholding*** the non-public charts. Which means Defendants' production chart is apparently simply not accurate in describing what they are withholding. If this specific request has escaped Defendants' notice despite being raised half a dozen times by name, it bears asking: What other documents are being withheld without a mention?

Either way, this is yet another example of Defendants not taking seriously the Court's direction to respond and address whether the identified failures were "completely cured as of the filing of the letter response." Dkt. No. 470.

**Conclusion**

Plaintiffs regret that we are here once again. But here we are. And these deficiencies all but ensure that Plaintiffs will have to confer with Defendants yet again if and when the April 15th production reveals the absence of documents that should have been collected and produced by July 31 of last year. Defendants' refusal to meaningfully follow the Court's orders also means the current schedule (and the existing 90-day extension) are almost certainly not workable.[6]

Defendants' continued recalcitrance and seeming failure to read the Court's orders requires a significant sanction.[7] First, as set out above, the proposed prophylactic order remains of significant utility. But that only addresses issues going forward. For a meaningful sanction for the clear misconduct described above (and in the Court's four other sanctions orders), Plaintiffs suggest that, given that Defendants seem to have conceded that their initial discovery searches were very much inadequate, the Court order Defendants to pay Plaintiffs' attorneys' fees for all discovery through the date the Court first ordered the chart (February 18, 2022) — which is apparently when Defendants' systemic recalcitrance on document discovery began to lift.

Once again, we thank the Court for its continued time and attention.

---

[6] Defendants have represented to Plaintiffs that they will likely need between four and five months to schedule the currently stayed high-level depositions. But there aren't four or five months left in the schedule — let alone four or five months with a reasonable amount of time for Plaintiffs to review the obviously significant amount of discovery Defendants violated multiple Court orders in failing to produce. As far as Plaintiffs can tell, Defendants have not taken any steps to resolve this apparent conflict.

[7] If the Court is not inclined to reach these sanctions yet, Plaintiffs ask the Court to consider whether the appropriate next step is a hearing at which Defendants themselves — as well as the higher-up folks in the Law Department — can be called to account for when they started to search for documents in a systemic way, why the tasks were not done sooner, and so on.



    Respectfully submitted,

/s/

_______________

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

COHEN&GREEN

Page 9 of 9

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com