

<table>
<tr><td>HON. SYLVIA O. HINDS-RADIX<br><i>Corporation Counsel</i></td><td style="text-align:center">THE CITY OF NEW YORK<br><b>LAW DEPARTMENT</b><br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007</td><td style="text-align:right">DARA L. WIESS<br><i>Senior Counsel</i><br>daweiss@law.nyc.gov<br>Phone: (212) 356-3517</td></tr>
</table>

April 6, 2022

<u>**VIA ECF**</u>
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:   <u>New York City Policing During Summer 2020 Demonstrations,</u>
           No. 20 Civ. 8924 (CM) (GWG)
           *This filing is related to all cases*

Your Honor:

      I am a Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. I write to respectfully oppose plaintiffs' letter motion filed on March 25, 2022, seeking to compel the production of documents related to a draft report by Assistant Chief Joseph Conforti regarding "an internal after-action review process the NYPD conducted in the aftermath of the George Floyd protests" in the summer of 2020 ("Conforti Report") (Docket No. 463). Plaintiffs' motion is premised on two alleged deficiencies by defendants, the first being that the format of the two prior privilege logs produced by defendants in connection with the draft Conforti Report were inadequate. Defendants do not dispute this allegation and have taken steps to remedy these errors, as detailed herein, rendering plaintiffs' letter motion moot as to this issue. However, plaintiffs' second argument, that defendants have waived the protection of the deliberative process privilege over the draft Conforti Report and all related documents, has no support in either facts or law; accordingly, defendants respectfully request that the Court deny plaintiffs' request to order defendants to produce all privileged materials.

      Before addressing the merits of plaintiffs' application, however, defendants would like to point out for the Court that the plaintiffs are in violation of Your Honor's rules as they refused to engage in a meet-and-confer prior to filing their letter motion. Although plaintiffs first suggested one, and the undersigned was anxious to participate, they instead filed the instant letter motion prior to any meet and confer.

<u>Second Amended Privilege Log</u>

      The requisite details regarding the draft Conforti Report for defendants' Second Amended Privilege Log are as follows:

| Title | Document Type | Author | Subject Matter | Recipients | Date | Privilege Asserted |
|---|---|---|---|---|---|---|
| "Conforti Report" | Draft after-action report regarding NYPD policing of George Floyd-related protests in NYC from May 25 – June 30, 2020 | Assistant Chief Joseph Conforti | Draft after-action review of protests in NYC between May 25 – June 30, 2020, and response by NYPD, presenting the author's personal opinions as to the efficacy of existing NYPD protocols for responding to mass demonstrations and other relevant protocols, as well as draft suggestions for amending certain agency policies and procedures | Prepared at the direction of then-NYPD Commissioner Shea and distributed to various NYPD Chiefs, the entirety of whose identities are unknown as of present, but which included Deputy Commissioner for Legal Matters Ernest F. Hart | August 15-20, 2020 | Deliberative Process Privilege |

With regard to related non-privileged documents, defendants will identify all such materials previously produced to plaintiffs upon conclusion of document discovery on April 15, 2022.  As for any related materials that may be subject to privilege, defendants will also provide a formal, amended privilege log at that time, containing the information above, supplemented by details for any other relevant, privileged materials.

The deliberative process privilege clearly protects the Conforti Report from disclosure.  It is an agency document that is both: "(1) predecisional, *i.e.*, prepared in order to assist an agency decisionmaker in arriving at his decision, and (2) deliberative, *i.e.*, actually related to the process by which policies are formulated."  Brennan Ctr. For Justice at NYU Sch. Of Law v. U.S. Dep't of Justice, 697 F.3d 184, 194 (2d Cir. 2012).  The deliberative process privilege covers "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." New York Times Co. v. HHS, No. 20-cv-3063 (GWG),

2021 U.S. Dist. LEXIS 6267, at *18 (S.D.N.Y. Jan. 13, 2021) (quoting <u>Dep't of Interior v. Klamath</u> <u>Water Users Protective Ass'n</u>, 532 U.S. 1, 8 (2001)). Such documents commonly include: "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." <u>Id.</u> (quoting <u>Grand Cent. P'ship, Inc. v. Cuomo</u>, 166 F.3d 473, 482 (2d Cir. 1999)).

The Conforti Report is an unfinalized draft, composed for the sole purpose of presenting the author's personal analysis and opinions, including his suggestions for amendments to agency policies and procedures; thus, it is squarely predecisional. As set forth in the annexed Declaration of Deputy Commissioner for Legal Matters (DCLM) Ernest F. Hart, then-Commissioner Shea directed Chief Conforti to prepare the report, and Conforti provided regular updates to Shea during the two months he spent preparing the draft. Hart Declaration ¶¶ 4, 5, 8. This included sharing Conforti's suggestions and recommendations for changes to NYPD policy and procedure for policing protests, some of which were implemented immediately. <u>Id.</u> ¶ 8. Therefore, the Conforti Report is deliberative as well as predecisional. The Conforti Report and all related materials should be shielded from disclosure by the deliberative process privilege.

<u>Defendants Have Not Waived Any Privilege</u>

Legal precedent does not support plaintiffs' argument that defendants have waived their assertion of deliberative process privilege – or any other privilege – under the instant circumstances. There has been no willfulness by defendants, nor can plaintiffs demonstrate any type of harm, including prejudice, as a result of defendants' alleged untimeliness or the deficiencies in their prior privilege logs; indeed, plaintiffs have not even alleged any harm. Moreover, as defendants' document production remains ongoing with a deadline of April 15, 2022, it is premature to characterize defendants' privilege logs as to the Conforti Report as "untimely," and, at a minimum, the of waiving defendants' assertion of privilege over the Conforti Report and/or related documents is much too drastic and severe in this situation. <u>See</u>, <u>e.g.</u>, <u>Grand River Enters.</u> <u>Six Nations v. King</u>, No. 02-cv-5068 (JFK), 2009 U.S. Dist. LEXIS 2045, at *50 (S.D.N.Y. Jan. 9, 2009) ("When a party submits a privilege log that is deficient, the claim of privilege may be denied… However, only 'flagrant' deficiencies should result in a waiver of privilege.") (internal citations omitted); <u>see also</u> <u>Tiger Capital, LLC v. PHL Variable Ins. Co.</u>, No. 12-cv-2939 (CM)(JCF), 2013 U.S. Dist. LEXIS 121395, at *6-7 (S.D.N.Y Aug. 26, 2013) ("While failure to provide a privilege log in a timely manner may result in a waiver, only flagrant violations require such an outcome.") (internal citation and quotations omitted).

The Second Circuit "has not established a bright-line test for determining when privileges have been waived by delay, but district courts in the circuit have typically considered three factors. The first is 'the length of the delay' in asserting the privilege claim." <u>Imperati v. Semple</u>, No. 3:18-cv-01847 (RNC), 2020 U.S. Dist. LEXIS 125897, at *2-3 (D. Conn. July 16, 2020). Here, defendants have objected to producing the draft Conforti Report as subject to the deliberative process privilege since the very first time plaintiffs inquired about it, in August of 2021. <u>See</u> Plaintiff's Ex. B (Dkt. No. 463-2); <u>see also</u> <u>Pem-America, Inc. v. Sunham Home Fashions</u>, No. 03-cv-1377, 2007 U.S. Dist. LEXIS 80548, at *5 (S.D.N.Y. Oct. 30, 2007) (Although [defendant] was tardy in producing the privilege log, he has consistently asserted the attorney-client privilege in regard to the Agreement and has now provided an adequate privilege log…. Therefore, failure

to provide a privilege log alone does not warrant a waiver of the [privilege].").  The fact that document discovery has not yet closed further tips the weight of the duration factor in favor of defendants.  See, e.g., Sunham, 2007 U.S. Dist. LEXIS 80548, at *5 ("Sunham's tardiness in providing a privilege log is not a 'flagrant' violation, especially considering there is not a discovery deadline set at this time."); Imperati, 2020 U.S. Dist. LEXIS 125897, at *25 (the court rejected party's request to deem adversary's privilege claim "waived" when adversary delayed in providing adequate privilege log, in part because discovery was still open.)

The second factor that district courts within the Second Circuit consider when a party is alleged to have provided an "untimely" privilege log is whether any harm has accrued to other parties as a result.  Imperati, 2020 U.S. Dist. LEXIS 125897, at *2-3.  In this case, plaintiffs have not alleged and cannot demonstrate any harm, including prejudice.  "A paradigmatic example of 'harm' sufficient to support a finding of waiver is when the privilege claim is first asserted after discovery has closed."  Imperati, 2020 U.S. Dist. LEXIS 125897, at *24.  Compare Dey, L.P. v. Sepracor, Inc., No. 07-cv-2353 (JGK)(RLE), 2010 U.S. Dist. LEXIS 130330, at *6-7 (S.D.N.Y. Dec. 8, 2010) ("Discovery is now closed, and Sepracor would be prejudiced if Dey is allowed to claim privilege at this late stage of the litigation.") with Imperati, 2020 U.S. Dist. LEXIS 125897, at *25 (the court rejected party's request to deem adversary's privilege claim "waived" when after delay in providing privilege log, including because discovery was still open and the party still had time to re-depose any witness "whose testimony may be affected by the documents that the Court has ordered produced").  Where, as here, document discovery is still open, this type of harm does not apply.

Further, plaintiffs have not suffered any prejudice.  As plaintiffs' Exhibit B indicates, after plaintiffs first inquired about the after-action review in August of 2021, the undersigned promptly replied on August 19 and informed plaintiffs that a draft report had been started but never completed or finalized, and which defendants objected to producing as both non-responsive and subject to the deliberative process privilege (Docket No. 463-2).  Thus, plaintiffs cannot show any prejudice, because they've been aware of the draft Conforti Report and the circumstances of its creation since August of 2021. As a further indication of lack of prejudice, plaintiffs could have asked any of the scores of line officer defendants and witnesses they've deposed to date about the Conforti Report, but they have not, because the report is primarily – if not exclusively – relevant to the 30(b)(6) and high-level officer depositions, which have yet to take place.  Additionally, while plaintiffs' letter motion suggests that the draft Conforti Report was improperly omitted from the privilege log that defendants produced to plaintiffs on August 20, 2021, the day following defendants' email notifying plaintiffs about the Conforti Report, this claim is misleading.  Plaintiffs' Exhibit C, an email dated August 31, 2021 to former defense counsel Elissa Jacobs, indicates that defendants' August 20, 2021 privilege log was limited to documents in the custody of the DOI (Docket No. 463-3).  As document discovery was subject to various extensions, defendants subsequently produced additional privilege logs, none of which contained information about privileged documents that originated from the NYPD or any municipal agency other than the DOI, until early 2022.  Accordingly, the second factor also weighs against waiving defendants' privilege claim.

Finally, the third factor that courts within this Circuit consider in determining whether to waive privilege in the context of a delayed privilege claim is "the willfulness of the transgression."

Imperati, 2020 U.S. Dist. LEXIS 125897, at *2-3.  As in Imperati, a court may find that a party's counsel was "negligent" by delaying in providing a proper privilege log, but that action is not "willful or flagrant." Id. at *20-21.  Defendants respectfully submit that their prior production of inadequate privilege logs were not the result of any willful or wanton intent, and thus do not weigh in favor of waiving defendants' privilege claim.  Defendants do not concede plaintiffs' claim that their production of a privilege log for the Conforti Report was untimely, but to the extent the Court should accept plaintiffs' argument, defendants respectfully submit that any such deficiency was not "willful or flagrant," and likewise does not weigh in favor of waiving their privilege claim.

Conclusion

Accordingly, defendants respectfully request that the Court deny plaintiffs' motion to compel, as none of the aforementioned factors point to a "flagrant" violation of the federal or local rules by defendants, and thus no waiver of defendants' claim for deliberative process privilege is warranted.

Thank you for your consideration herein.

Respectfully submitted,

_Dara L. Weiss s/_

Dara Weiss
_Senior Counsel_
Special Federal Litigation Division

cc:     All Counsel (via ECF)

5