



April 7, 2022

**Via ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York

> Re:   *In re: New York City Policing During Summer 2020 Demonstrations,*
> *No. 20-CV-8924*
> *This Filing is Related to All Cases*

Dear Judge Gorenstein:

Plaintiffs respectfully request that the Court accept this letter in brief reply to Defendants' letter in opposition (ECF 481, as amended ECF 482) to Plaintiffs' motion to compel the production of documents related to the after-action review process led by Assistant Chief Conforti (ECF 463).

First, Plaintiffs did not violate Your Honor's rule by refusing to meet and confer. As the full record of correspondence provided as Exhibit D to Plaintiffs' motion demonstrates, Defendants offered to "speak about what you [plaintiffs] think should be in the log that is not" – a matter Plaintiffs had stated and re-stated their position on repeatedly in writing and in meet and confers for months, including by sending a draft of the pending motion on two separate occasions – while also making clear that Defendants "will not change their position on" the issues raised in the motion. ECF 463-4. In response, undersigned counsel replied:

> At the risk of being guilty of beating a dead horse, I want to clarify that the question isn't timing, it's substance: we'd also be happy to meet on Monday in lieu of today but if the purpose of the meeting is simply "to speak about what we believe should be in the log that is not," we have already said all there is to say about that and don't see any purpose to such a meeting. If you have other thoughts about how we could come to an agreement or reach a compromise, we are open to hearing it, but our positions as they currently stand present a stark disagreement on the question of whether Defendants have properly invoked the privilege or not and I'm at a loss to see a path to resolving this without the court deciding who is right.

*Id.* Defendants did not respond to Plaintiffs' offer to further confer productively, leaving the parties at an impasse on the matters raised in this motion.

Second, Defendants' letter underscores the case for finding waiver of the privilege. By asking permission to produce an amended privilege log and identify responsive records by April

15, Defendants' letter admits that they continue to stand in violation of their discovery obligations more than nine months since the close of document discovery, even after months of actively meeting and conferring on this issue and two prior attempts to get the privilege log right. Defendants' letter and the appended affirmation from DCLM Ernest Hart specifically refer to the existence of responsive documents – such as records of the apparently extensive communications between Chief Conforti and Commissioner Shea during the review process and interviews conducted as part of that process, as well as multiple prior drafts of the Conforti Report and proposed amendments to that report from various police leaders – that have never been listed in any iteration of Defendants' privilege log. These omissions strongly suggest that counsel for Defendants did not undertake to search for such records until this motion was filed, if ever, and that no attorney has reviewed them to in good faith determine whether, e.g., there is factual information contained therein that is not privileged.

For these reasons in addition to those offered in Plaintiffs' original letter, and against a background of Defendants' repeated pattern of ignoring discovery obligations and court orders, Defendants have waived the privilege. *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 167-68 (S.D.N.Y. 2014); *Jessore Mgmt. SA v. Brit Syndicate 2987*, No. 20CV5849ATKNF, 2021 WL 4037849, at *14 (S.D.N.Y. Sept. 3, 2021). Contrary to Defendants' suggestion, prejudice or "harm" is not required to find waiver under these circumstances, but even if it were, the prejudice is evident in that dozens of depositions – including some high-level and Rule 30(b)(6) depositions – have already been taken in this matter; one of the matters originally consolidated with these cases has already settled; Plaintiffs have had to spend dozens of hours chasing for these records and preparing this motion; and the records and an appropriate privilege log should have been produced on July 31 of last year, when document discovery closed, and still has not been.

As set forth in the original motion, in the alternative to finding waiver Plaintiffs respectfully request that the Court order Defendants to search for and produce all responsive documents and a proper privilege log as to any documents claimed to be privileged. Plaintiffs specifically note that DCLM Hart's affirmation does not even purport to list all factual material considered as part of the after-action review process, describing his list as a "sampling," and it seems likely Chief Conforti would have notes from his 100 interviews. It remains clear that Defendants have not actually searched for responsive records (by, e.g., searching Chief Conforti's files or asking Chief Conforti to create a comprehensive list of records consulted in preparation of the draft report).

Sincerely,

By: /s/ *Corey Stoughton*                      Robert Hodgson
Corey Stoughton                                Molly K. Biklen
Jennvine Wong                                  Jessica Perry
Rigodis Appling                                Daniel R. Lambright
The Legal Aid Society                          Daphna Spivak
199 Water Street                               Lisa Laplace
New York, N.Y. 10038                           Christopher T. Dunn
(212) 577-3367                                 New York Civil Liberties Union
cstoughton@legal-aid.org                          Foundation
                                               125 Broad Street, 19th Floor
                                                New York, N.Y. 10004
*Attorneys for Plaintiffs in 20 Civ. 8924*      (212) 607-3300
*on behalf of all plaintiffs*

cc: all counsel by ECF