

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **DARA L. WEISS**<br>*Senior Counsel*<br>daweiss@law.nyc.gov<br>Phone: (212) 356-3517<br>Fax: (212) 356-1148 |

April 11, 2022

**By ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

MEMORANDUM ENDORSED

      In Re:  *New York City Policing During Summer 2020 Demonstrations*,
      No. 20 Civ. 8924 (CM) (GWG)
      This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. I write to respectfully seek relief from that portion of Your Honor's order requiring defendants to produce documents related to NYPD disciplinary and IAB files that, in some cases, date back to 2013 and earlier, as well as certain paper-based "49's" from the NYPD's Legal Bureau, as the search for those documents is proving to be overly burdensome and not proportional to the needs of the case. Additionally, defendants seek an extension from April 15, 2022 to April 29, 2022 for defendants to produce certain documents related to the *Gray* case, currently due to the plaintiffs on April 15, 2022.

      As this Court and counsel for Plaintiffs are aware, the defendants have been working diligently over the past months to search for, collect, review and produce the tens of thousands of documents that the plaintiffs have requested. As also previously noted, a number of the responsive documents are not digitized, and only reside in archived file boxes. Bridget Fitzpatrick, Managing Attorney of the NYPD's Civil Litigation Unit, and Heidi Grygiel, e-discovery counsel at the NYPD have been searching nearly full-time for the documents, and as explained in the accompanying declaration, the burden is in fact more than they had previously anticipated, and even after putting in many hours, they are still not nearly at the point of locating the documents. These disciplinary documents, which date back more than seven years prior to the protests which are the subject matter of these lawsuits, and approximate 50 49's from previous demonstrations that occurred at least 5 years before the Summer 2020 protests, which may be in as many as 500 separate boxes. Hundreds of 49's and IAB files have already been produced, and these few remaining are proving extremely burdensome to locate and collect. Although they may have some

negligible relevance to plaintiffs' *Monell* claims in these cases, defendants maintain that the burden is disproportional to the needs of the case.

Should the Court disagree, however, defendants respectfully request a three-week extension, from April 15, 32022 to May 13, 2022, to produce these documents.

In addition, the *Gray* plaintiffs have made numerous requests for various document categories specifically related to NYPD's interactions with the media and/or the press ranging from 2002 to 2020. Searches for some of these documents have been made and are in the process, however, the NYPD is facing a unique issue of having to search for individuals arrested for newsgathering, photographing officers, and videotaping officers, as well as officers disciplined specifically for interfering with news gathering, photographing, and videotaping. While responsive arrest reports, c-summons worksheets, and disciplinary records have already been provided, there is no way simple to search these documents specifically for "press" related arrests. Therefore, additional time is required, as more fully explained in the declaration, to conduct the more tailored searches requested in *Gray*.

Based upon the foregoing, defendants respectfully request an extension of time to produce certain documents in the *Gray* case, and further request that the Court deem certain documents responsive to the consolidated requests as overly burdensome and not proportional to the needs of the case. Thank you for your consideration herein.

Respectfully submitted,

*Dara L. Weiss* s/

Dara Weiss
*Senior Counsel*
Special Federal Litigation Division

Attachment

cc:   ALL COUNSEL (via ECF only)

Application denied for failure to comply with paragraph 2.A of the Court's Individual Practices. The defendants shall immediately comply with that paragraph and make a proper application as soon as possible.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

April 12, 2022

2