UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In Re: New York City Policing During Summer 2020
Demonstrations

------------------------------------------------------------------------x

This filing is specifically related to:

| | |
|---|---|
| *Payne v. de Blasio, et al.* | Civil Action No: <br> 20 Civ. 8924 (CM) (GWG) |

------------------------------------------------------------------------x

| | |
|---|---|
| *Sierra v. City of New York, et al.* | Civil Action No.: <br> 20 Civ. 10291 (CM) (GWG) |

------------------------------------------------------------------------x

| | |
|---|---|
| *People v. City of New York, et al.* | Civil Action No.: <br> 21 Civ. 0322 (CM) (GWG) |

------------------------------------------------------------------------x

| | |
|---|---|
| *Sow v. City of New York, et al.* | Civil Action No.: <br> 21 Civ. 0533 (CM) (GWG) |

------------------------------------------------------------------------x


**MEMORANDUM OF LAW OPPOSITION TO
MOTIONS TO INTERVENE**


**HON. SYLVIA O. HINDS-RADIX**
**CORPORATION COUNSEL OF THE CITY OF NEW YORK**
*Attorney for Defendants*
100 Church Street
New York, New York 10007

By:  Dara L. Weiss
     Special Federal Litigation Division
     (212) 356-3517

# Table of Contents

PRELIMINARY STATEMENT AND FACTUAL BACKGROUND ..........................................1

STANDARD OF REVIEW ................................................................................................2

      ARGUMENT..........................................................................................................4

      POINT I: THE UNIONS' MOTIONS
      SHOULD BE DISMISSED PURSUANT TO
      THE LAW OF THE CASE DOCTRINE ...........................................................4

      POINT II: THE UNIONS HAVE FAILED
      TO ESTABLISH ENTITLEMENT TO
      INTERVENE AS A MATTER OF RIGHT
      PURSUANT TO RULE 24(a) ...............................................................................5

           A.  THE UNIONS' MOTIONS ARE UNTIMELY
           BECAUSE INTERVENTION AT THIS LATE STAGE
           WOULD PREJUDICE THE PARTIES THROUGH
           UNDUE DELAY AND REPLICATION OF EFFORTS........................5

           B. THE UNIONS CANNOT SHOW ANY DIRECT,
           SUBSTANTIAL, LEGALLY PROTECTABLE
           INTEREST IN THE LITIGATION ........................................................7

                1. THE SECOND CIRCUIT'S HOLDING AS TO THE PBA SHOULD
                NOT BE EXTENDED TO THE DEA OR SBA .........................................7

                2. THE UNIONS' ARGUMENTS REGARDING
                COLLECTIVE BARGAINING RIGHTS
                FAIL AS A MATTER OF LAW ...................................................9

           B.  DEFENDANT CITY CAN ADEQUATELY
           REPRESENT THE UNIONS' INTRESTS IN
           THIS LITIGATION...............................................................................11

      POINT III: THE UNIONS' MOTIONS
      FOR PERMISSIVE INTERVENTION
      PURSUANT TO RULE 24(b) LIKEWISE FAIL ...........................................12

CONCLUSION.........................................................................................................14

# **TABLE OF AUTHORITIES**

AT&T Corp. v. Sprint Corp., 407 F.3d 560, 561 (2d Cir. 2005) .................................................... 3

Calderon v. Clearview AI, Inc., No. 20 Civ. 1296 (CM), (S.D.N.Y. May 29, 2020 .................... 12

Choi v. Tower Research Capital LLC, 2 F.4th 10, 21 (2d Cir. 2021) (quoting Doe v. E. Lyme Bd.
  of Educ., 962 F.3d 649, 662 (2d Cir. 2020) ............................................................................. 4

CWCapital Cobalt Vr Ltd. v. U.S. Bank Nat'l Ass'n, 790 Fed. App'x. 260, 262 (2d Cir. 2019) .. 3

Fed. R. Civ. P. 24(a) ............................................................................................................... 2,3, 5

Fed. R. Civ. P. 24(a)(2) ................................................................................................................. 3

Fed. R. Civ. P. 24(b) ...................................................................................................... 2, 3, 12, 13

Fed. R. Civ. P. 24(b)(3) ................................................................................................................. 3

Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394 (1998)) ...................................................... 4

In re Holocaust Victim Assets Litig., 225 F.3d 191, 198 (2d Cir. 2000) ...................................... 5

Johnson v. Holder, 564 F.3d 95, 99 (2d Cir. 2009) ....................................................................... 4

Lynch v. City of New York, 737 F.3d 150, 163 (2d Cir. 2013) ..................................................... 11

MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 389 (2d Cir. 2006) ....................... 3

New York City Administrative Code § 12-307(b) ...................................................................... 10

NYCCBL § 12-307(b) ................................................................................................................. 10

Patrolmen's Benevolent Association (PBA") v. New York State Public Employment Relations
  Board ("PERB"), 6 N.Y.3d 563, 575-76 (2006) ..................................................................... 11

Payne v. City of N.Y.
(In re N.Y. City Policing During Summer 2020 Demonstrations) ....................................... *passim*

Pearlstein v. BlackBerry Ltd., No. 13-cv-07060 (CM)(KHP), 2019 U.S. Dist. LEXIS 130719, at
  (S.D.N.Y. Aug. 2, 2019), adopted by, 2019 U.S. Dist. LEXIS 163768 (S.D.N.Y., Sept. 20,
  2019) (McMahon, J.) ............................................................................................................ 4, 5

Person v. N.Y. State Bd. of Elec., 467 F.3d 141, 144 (2d Cir. 2006) ...................................... 7, 11

R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp., 467 F.3d 238, 240 (2d Cir. 2006).............. 3

U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191-92 (2d Cir. 1978). .......................................... 13

U.S. v. Pitney Bowes, Inc., 25 F.3d 66, 73 (2d Cir. 1994............................................................. 13

 Washington Electric Coop. v. Mass. Mun. Wholesale Elec. Co., 92, 97 (2d Cir. 1990)............... 8

## PRELIMINARY STATEMENT AND FACTUAL BACKGROUND

The Detectives Endowment Association ("DEA") and the Sergeants Benevolent Association ("SBA") (collectively, "the Unions") have filed respective Motions to Intervene in the following civil actions, which represent four out of a total of nine pending matters that have been consolidated for pre-trial purposes: Payne, Sierra, People, and Sow (collectively, "the four actions"). The defendants in these matters (collectively, "defendants") submit this memorandum of law in opposition to the renewed Motions to Intervene filed by the Unions.  The SBA and DEA previously filed motions to intervene in the consolidated litigation on March 3 and March 4, 2021, respectively (Dkt Nos. 45, 47 and 51-53), which this Court denied on April 28, 2021 (Dkt No. 148).  As an initial matter, the instant motions to intervene by both Unions should be dismissed, because neither the DEA nor the SBA appealed from this Court's denial of their 2021 motions to intervene seeking the same relief; because only the PBA appealed, only the PBA may benefit from the Second Circuit's recent decision in its favor.  With respect to the DEA and the SBA, the law of the case doctrine should bar their instant motions to intervene.

Moreover, both Unions' instant motions explicitly hinge upon the reasoning of the Second Circuit's recent decision, Payne v. City of N.Y. (In re N.Y. City Policing During Summer 2020 Demonstrations), No. 21-1316, 2022 U.S. App. LEXIS 5778 (2d Cir. Mar. 4, 2022)  ("the Circuit Decision" or "In re N.Y.C. Policing"), which, among other things, reversed and remanded the District Court's denial of intervention to the Police Benevolent Association of the City of New York ("PBA") in this consolidated litigation, "with respect to the actions seeking declaratory or injunctive relief," *i.e.*, the four actions in which the DEA and SBA now seek to intervene.[1]  At the outset, it is important to note that the Second Circuit's decision is not yet final.  Plaintiffs and defendants in the four actions have moved for rehearing *en banc*, and no mandate has been issued

---

[1] See Memorandum of Law in Support of Law in Support of Proposed Intervenor Detective Endowment Association's Motion for Intervention (Dkt No. 476) ("DEA Memo") and Memorandum of Law in Support of Motion by Sergeants Benevolent Association to Intervene Under Federal Rule of Civil Procedure 24 (Dkt No. 469) ("SBA Memo"), respectively.

1


as of yet. Also significantly, the Second Circuit's decision was intensively fact specific. Despite the Unions' insistence that the Circuit's reasoning that the PBA should be permitted to intervene in these four actions "equally applies" (DEA Memo at 1), or "applies with equal force" (SBA Memo at 1) to them, the circumstances of the PBA's members are distinguishable from those of the SBA, and even more so from the DEA; thus, this logic does not track. The Second Circuit held specifically that the PBA had "an interest … that would be affected if the policies that governed *front-line officers'* rules of engagement with demonstrators were declared unlawful or otherwise affected." In re N.Y.C. Policing, 2022 U.S. App. LEXIS 5778, at 7 (emphasis added); see also Id. at 13, 21. The Circuit's holding was, thus, much narrower than either the DEA or the SBA represent, and it cannot and should not be automatically extended to include these other entities just because they also represent law enforcement members in New York City.

The Unions' additional arguments are equally flawed and fail to establish that either the DEA or the SBA has a legally protectable interest in these consolidated actions sufficient to establish their entitlement to intervention as of right; that the outcome of these actions might negatively impact their alleged interests; or that defendant City of New York ("City") cannot adequately represent the interests of their members in the instant litigation. Significantly, permitting the Unions to join the litigation at this stage as intervenors would unduly prejudice the current parties, who have engaged in extensive litigation over the past year. Thus, the Unions have not established their right to intervene under either Rule 24(a) or 24(b) of the Federal Rules of Civil Procedure.

Accordingly, the Unions' instant motions to intervene should be denied.

## STANDARD OF REVIEW

Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention as of right, stating in relevant part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action

2

>may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp., 467 F.3d 238, 240 (2d Cir. 2006). To prevail under Rule 24(a)(2), "the putative intervenor must establish that: (1) the motion is timely; (2) [it] asserts an interest relating to the property or transaction that is the subject of the action; (3) [it] is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede [its] ability to protect its interest; and (4) [its] interest is not adequately represented by the other parties." CWCapital Cobalt Vr Ltd. v. U.S. Bank Nat'l Ass'n, 790 Fed. App'x. 260, 262 (2d Cir. 2019) (quoting MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 389 (2d Cir. 2006)). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." Farmland Dairies v. Comm'r of New York State Dep't of Agric. & Markets, 847 F.2d 1038, 1043 (2d Cir. 1988).

Rule 24(b) provides for intervention by permission, stating in relevant part: "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). District courts have "broad discretion" when "considering permissive intervention." AT&T Corp. v. Sprint Corp., 407 F.3d 560, 561 (2d Cir. 2005). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## ARGUMENT

### POINT I

### THE UNIONS' MOTIONS TO INTERVENE SHOULD BE DISMISSED PURSUANT TO THE LAW OF THE CASE DOCTRINE

As neither the DEA nor the SBA appealed this Court's prior denial of their motions to intervene filed in March of 2021 (Dkt Nos. 51-53 and 45, 47, respectively), both Unions' instant motions to intervene should be dismissed pursuant to the law of the case doctrine. This doctrine "forecloses reconsideration of issues that were decided – or that could have been decided – during prior proceedings." Choi v. Tower Research Capital LLC, 2 F.4th 10, 21 (2d Cir. 2021) (quoting Doe v. E. Lyme Bd. of Educ., 962 F.3d 649, 662 (2d Cir. 2020) (internal citation and quotation omitted)). While the rule is discretionary, a district court "generally has the obligation to adhere to its own decision at an earlier stage of the litigation," unless "cogent and compelling reasons militate otherwise." Pearlstein v. BlackBerry Ltd., No. 13-cv-07060 (CM)(KHP), 2019 U.S. Dist. LEXIS 130719, at *29 (S.D.N.Y. Aug. 2, 2019), adopted by, 2019 U.S. Dist. LEXIS 163768 (S.D.N.Y., Sept. 20, 2019) (McMahon, J.); Johnson v. Holder, 564 F.3d 95, 99 (2d Cir. 2009).

The Unions have not proffered any "[c]ogent and compelling reasons justifying a departure from the law of the case," such as "an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Johnson, 564 F.3d at 99 (quoting Quintieri, 306 F.3d at 1230). Further, the Supreme Court has held that there is no "exception to the finality of a party's failure to appeal merely because his rights are 'closely interwoven with those of another party.'" Pearlstein, 2019 U.S. Dist. LEXIS 130719, at *10 (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398, 399 n.3 (1998)). Because the DEA and SBA did not file their own, individual appeals of this Court's denial of their 2021 motions

4

to intervene in the instant litigation as the PBA did on its own behalf, neither Union is entitled to "benefit from [the PBA's] success" by bootstrapping themselves onto the Second Circuit's favorable holding as to the PBA. Id. at *26. Rather, the law of the case dictates that these motions should be dismissed.

## POINT II

### THE UNIONS HAVE FAILED TO ESTABLISH ENTITLEMENT TO INTERVENE AS OF RIGHT PURSUANT TO RULE 24(a)

The Unions are not entitled to intervene as of right in this action, as they have failed to establish the four of the criteria provided by Rule 24(a). As for the timeliness of the Unions' motions, joining the litigation at this stage, after plaintiffs and defendants have engaged in a vast amount of discovery, would subject these parties to the severe prejudice of undue delay and replication of a monumental amount of discovery effort. Additionally, neither the DEA nor the SBA has established a legally protectable interest implicated by these four actions, of which the Unions' ability to protect such interests could be impaired if they were not allowed to intervene. Finally, neither Union has shown that defendant City cannot adequately represent their members' interests in the litigation.

**A.     The Unions' Motions are Untimely Because Intervention at This Late Stage Would Prejudice the Parties Through Undue Delay and Replication of Efforts**

When determining whether a motion to intervene is timely, courts consider: "(1) how long the applicant had notice of its interest in the action before making its motion; (2) the prejudice to the existing parties resulting from this delay; (3) the prejudice to the applicant resulting from a denial of the motion; and (4) any unusual circumstances mitigating in favor of or against intervention." In re Holocaust Victim Assets Litig., 225 F.3d 191, 198 (2d Cir. 2000). Because permitting the Unions to join this litigation as intervenors at this late stage, given the prior and

5

nearly complete, exhaustive discovery efforts by all existing parties to the four actions, would unduly prejudice the existing parties by causing delay and forcing those parties to engage in replication of their monumental discovery efforts to date.

        To illustrate the enormity of the parties' discovery efforts to this point, in less than a year, defendants alone have produced about half a million pages and several hundred hours of video footage to the parties in the consolidated litigation. This does not account for the productions made by plaintiffs in these four actions, which is also ongoing in certain cases[2]. In addition, plaintiffs have already deposed scores of line officers, including many non-party witnesses in addition to individual defendants named in the four actions; these depositions remain ongoing at a rate of one or more (usually two) depositions per week. For one year now, discovery has been proceeding nonstop as rapidly as possible, given such its enormous volume. To force the parties to not only halt and incur a delay at this point, but to also force them to re-produce all of their prior discovery efforts over the past year, for each of two new parties, would necessarily impose undue prejudice upon them.

        On this point, both Unions' citation to defendants' March 11, 2022 letter application to Magistrate Judge Gorenstein seeking a temporary stay of discovery (Dkt No. 448) is misplaced and does not support their respective arguments that their motions to intervene are timely or would not prejudice the existing parties to this litigation. See DEA Memo at 5-6; see also SBA Memo at 16. First, defendants' request for a stay of discovery was denied by the magistrate judge, who instead imposed a limited extension; thus, any purported reliance on defendants' request is nonsensical. See Order of Magistrate Judge Gabriel W. Gorenstein dated 03/21/2022

---

[2] Indeed, on Monday, April 11, 2022, counsel for the plaintiffs in the Payne action emailed defendants a link to their Eighth Document Production via secure electronic means.

(Dkt No. 458). Second, defendants' statement in their letter application that, "[t]he analysis set forth in the Second Circuit decision would apply to the SBA and DEA as well," was not intended to concede that issue for purposes of the instant litigation. The statement was made in context regarding the existing parties' discovery schedule, to which the DEA and SBA were not parties, and it clearly did not treat either Unions' addition to this litigation as intervenors as a "*fait accompli*," (DEA Memo at 5-6); to the contrary, the sentence in defendants' letter application following the one that both Unions cherry-picked for citation in their memoranda of law goes on to state that: "It is unclear at this time whether and how [the SBA and DEA] intend to proceed…." (Dkt No. 448 at 3)   Finally, the SBA's argument that their intervention would not cause the existing parties any prejudice because the high-level officer depositions, and only those depositions, only have been temporarily stayed, and discovery is subject to a brief extension (SBA Memo at 16) does not take into account the vast amount of discovery previously exchanged and ongoing by all parties involved in the four actions over the course of the past year, all, of which would require enormous efforts by the existing parties to replicate for any new parties.

        Given this obvious prejudice, both Unions' motions to intervene should be denied as untimely.

**B.     The Unions Cannot Show Any Direct, Substantial, Legally Protectable Interest in the Litigation**

        **1.     The Second Circuit's holding as to the PBA should not be extended to the DEA or SBA**

        To intervene as of right, the Unions must have a "direct, substantial, and legally protectable" interest in the litigation. Person v. N.Y. State Bd. of Elec., 467 F.3d 141, 144 (2d Cir. 2006). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule."

7

Washington Electric Coop. v. Mass. Mun. Wholesale Elec. Co., 92, 97 (2d Cir. 1990). Both Unions cite the Second Circuit's decision regarding the PBA's motion to intervene with respect to the four actions as evidence that they both have a similarly "direct, substantial, legally protectable interest" (DEA Memo at 7-8) that entitles them to participate in the instant litigation – that is, the personal safety of their members as implicated by plaintiffs' challenges to NYPD policies or practices regarding uses of force involving protesters. See Id.; see also SBA Memo at 1.

      First, the Second Circuit's holding that the PBA should be permitted to intervene in the instant litigation with respect to the four actions seeking declaratory and/or injunctive relief was expressly limited and highly fact specific, thus it does not so readily extend to encompass the DEA or SBA. The precise wording of the Circuit's decision is instructive; the decision repeatedly states that the PBA should be permitted to intervene in the four actions because it had identified "an interest in maintaining officer safety that would be affected if the policies that governed *front-line officers'* rules of engagement with demonstrators were declared unlawful or otherwise altered." In re N.Y.C. Policing, 2022 U.S. App. LEXIS 5778, at *7 (emphasis added); see also Id. at 13, 21. When viewed in proper context, the reasoning of the Second Circuit in holding that the PBA, which serves as the union and "designated collective bargaining agent for the "more than 23,000 police officers employed by the NYPD" (In re N.Y.C. Policing, 2022 U.S. App. LEXIS 5778, at *7), should be permitted to intervene in the four actions turns entirely on the nature of the rank of the members of service the PBA represents, and their corresponding, specific role at protests such as in the City during the summer of 2020. Consequently, it is not sufficient for the other unions to simply argue that the Circuit's reasoning with respect to the PBA equally applies" (DEA Memo at 1), or "applies with equal force" (SBA Memo at 1) to them. The designated roles of sergeants and detectives at protests, and the circumstances confronted, are distinguishable from

those of front-line police officers; accordingly, the challenges faced by PBA members in such situations are distinct from those faced by SBA members, and even more distinct from DEA members.

As set forth in the SBA's motion papers, sergeants serve in a supervisory and management capacity at sites such as protests, and they experience their own unique challenges from those of front-line police officers. (SBA Memo at 3, 6-7, 14) Thus, even assuming the Second Circuit had used broader, more inclusive language in its decision as to the PBA's right to intervene in the instant litigation, one still could not simply interpose the same reasoning from that decision regarding the PBA onto a decision about a similar application by the SBA.

The same is true of the DEA, to an even greater degree. As the DEA's own moving papers emphasize, the detectives which comprise its membership serve a particularly unique role and under highly distinguishable circumstances from both the police officers represented by the PBA and the sergeants represented by the SBA, "when" detectives are assigned to protests. (DEA Memo at 7-8, 16-17). Not only do the same arguments above regarding the SBA all apply to the DEA as well, but the DEA's purported basis to intervene is on even shakier ground, as in fact, few detectives were assigned to police the summer 2020 protests; generally, detectives are rarely assigned to protest duty, and when they are, their duties at protests are different than those of front-line officers. For these additional reasons, the Second Circuit's rationale in its opinion regarding the PBA should not be applied to the DEA.

2. **The Unions' arguments regarding collective bargaining rights fail as a matter of law**

Both Unions have also restated their arguments from their initial motions to

intervene that they have a legally protectable interest in this action because their collective bargaining rights will be impacted by the outcome of this matter.[3] See generally, Dkt Nos. 47, 53. This argument remains unavailing as to both the DEA and the SBA, because the true gravamen of this litigation and the plain relief sought by plaintiffs implicates not mandatory subjects of collective bargaining, but rather managerial prerogatives entrusted to the City under the New York City Collective Bargaining Law.

Specifically, the New York City Administrative Code provides, in relevant part, that the City has the right to:

> determine the standards of services to be offered by its agencies; determine the standards of selection for employment; direct its employees; take disciplinary action; relieve its employees from duty because of lack of work or for other legitimate reasons; maintain the efficiency of governmental operations; determine the methods, means and personnel by which governmental operations are to be conducted; determine the content of job classifications; take all necessary actions to carry out its mission in emergencies; and exercise complete control and discretion over its organization and the technology of performing its work.

N.Y.C. Admin. Code § 12-307(b). Decisions of the City or any other public employer on those matters are not within the scope of collective bargaining, but, notwithstanding the above, questions concerning the practical impact that decisions on the above matters have on terms and conditions of employment, including, but not limited to, questions of workload, staffing and employee safety, are within the scope of collective bargaining.

Moreover, the City's authority in such matters is particularly broad in the context

---

[3] The PBA made a similar argument in its motion to intervene; however, the Second Circuit did not address the merits of this argument. In re N.Y.C. Policing, 2022 U.S. App. LEXIS 5778, at 11-12, n.3.

of police work. As the New York State Court of Appeals has observed, "[w]hile the Taylor Law policy favoring collective bargaining is a strong one, so is the policy favoring the authority of public officials over the police." Patrolmen's Benevolent Association ("PBA") v. New York State Public Employment Relations Board ("PERB"), 6 N.Y.3d 563, 575-76 (2006). Likewise, the Second Circuit has consistently recognized the important interests in the "NYPD's ability both to manage its personnel effectively and to assure the public that it is doing so." Lynch v. City of New York, 737 F.3d 150, 163 (2d Cir. 2013).

Thus, the Unions' attempts to predicate a purported "direct, substantial, and legally protectable" interest in this litigation on their collective bargaining rights also fail. Person, 467 F.3d at 144. As the Unions cannot establish a sufficient interest in the litigation, their motions to interevent should be dismissed.

### C. Defendant City Can Adequately Represent the Unions' Interests in This Litigation

The Unions also contend that the City cannot adequately represent the interests of the Unions, using circular logic to asset that only the Unions can represent their members' interests because only the Unions can represent their members. Where the Unions have attempted to actually employ valid arguments, these, too, are logically unsound and cannot stand.

While both the Unions express criticisms of the City and NYPD for failing to better prepare and protect their members during the summer 2020 protests, this does not, in itself, suffice to establish that the City is incapable of adequately representing any interests their members may have in the instant litigation. See DEA Memo at 10-11, 14-16; SBA Memo at 13-14. With respect to personal safety in particular, the City has a vested interested in protecting the personal safety of all its employees, including all members of law enforcement; the Unions have not offered any evidence to the contrary. Additionally, the DEA's arguments about roles of City officials such as

11

the Police Commissioner, or "a statutorily-created extension of the City," as it characterizes the CCRB (DEA Memo at 15), in investigating and disciplining its members for misconduct, do not logically support the DEA's purported conclusion that the City cannot adequately represent the DEA members' interests in this litigation.

Moreover, the City, through the Office of the Corporation Counsel, routinely defends the actions and conduct of the Unions' members, a fact that upends the oppositional dynamic they seek to employ here. In fact, the Office of the Corporation Counsel has had a remarkable success rate at defending Union members in federal lawsuits brought in the SDNY arising out of protests; in the last decade, with a jury verdict for the grand sum of one penny. In the last decade, no Union member that this office has represented has had to pay out of his or her pocket for any settlement in a protest case. And no protest case in the last decade has resulted in any injunctive or declaratory relief at all, let alone any that has had an affect on the contractual rights of Union members. It is absurd for the Unions to say that the Office of the Corporation Counsel is inadequate at representing Union members in cases arising out of protests.

In sum, the Unions' motions for intervention as of right should be denied.

## POINT III

### THE UNIONS' MOTIONS FOR PERMISSIVE INTERVENTION PURSUANT TO RULE 24(b) LIKEWISE FAIL

The Unions also contend that they are entitled to permissive intervention pursuant to Rule 24(b). Permitting the Unions to intervene in this action would unduly delay and/or prejudice the rights of the existing parties. "In exercising its discretion to decide a motion for permissive intervention, the court's primary consideration is whether intervention will unduly delay or prejudice the adjudication of the rights of the parties whose lawsuits are being 'invaded.'" Calderon v. Clearview AI, Inc., No. 20 Civ. 1296 (CM), 2020 U.S. Dist. LEXIS 94926, at *23

(S.D.N.Y. May 29, 2020) (citing U.S. v. Pitney Bowes, Inc., 25 F.3d 66, 73 (2d Cir. 1994)). "The principal guide in deciding whether to grant permissive intervention is whether the intervention will … prejudice the adjudication rights of the original parties." Pitney Bowes, 25 F.3d at 73 (internal citation and quotations omitted). In determining whether to permit intervention under Rule 24(b), courts consider, *inter alia*, whether the party seeking intervention "will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191-92 (2d Cir. 1978).

For substantially the same reasons as set forth above, the Unions' motions for permissive intervention should be denied. The altogether generalized interests that the Unions seek to advance, ostensibly animating their grounds for intervention, are simply not sufficient. Further, the intervention of the Unions would contribute neither to the full development of the underlying factual issues – which, as demonstrated herein, have been extensively developed through the existing parties' exhaustive efforts – nor to the just and equitable adjudication of the cases. Rather, beyond delaying determination, the Unions seek simply to parlay their intervention to bolster and benefit their collective bargaining interests, none of which are implicated in the litigation itself. And, even if their bargaining rights could be impacted by any eventually altered managerial prerogatives (which are the singular subjects of these actions), this would justify future engagement in impact or effects bargaining, and does not warrant permissive intervention. Indeed, the Unions' flat assertion that permissive intervention will enable them to "advance their members' views" has no bearing on any "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Accordingly, the Unions' motions seeking permissive intervention should be denied.

**CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court deny the Unions' motions to intervene, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 12, 2022

**Hon. Sylvia O. Hinds-Radix**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-3517

By: *Dara L. Weiss s/*
Dara L. Weiss
*Senior Counsel*
Special Federal Litigation Division