UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In Re: New York City Policing During Summer 2020
Demonstrations

----------------------------------------------------------------x
This filing is specifically related to:

*Payne v. de Blasio, et al.*
        Civil Action No.:
        20-CV-8924 (CM) (GWG)

----------------------------------------------------------------x

*Sierra v. City of New York, et al.*
        Civil Action No.:
        20-CV-10291 (CM) (GWG)
----------------------------------------------------------------x

*People v. City of New York, et al.*
        Civil Action No.:
        21-CV-0322 (CM) (GWG)
----------------------------------------------------------------x

*Sow v. City of New York, et al.*
        Civil Action No.:
        21-CV-0533 (CM) (GWG)
----------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## PROPOSED INTERVENOR DETECTIVES' ENDOWMENT
## ASSOCIATION'S MOTION FOR INTERVENTION

**PITTA LLP**
**Stephen Mc Quade, Esq.**
**Vincent F. Pitta, Esq.**
*Attorneys for Proposed Intervenor*
*Detectives' Endowment Association*
**120 Broadway, 28th Floor**
**New York, New York 11554**
**(212) 652-3885**
smcquade@pittalaw.com
vpitta@pittalaw.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................ 1

ARGUMENT ...................................................................................................................... 1

    POINT I THE DOCTRINE OF LAW OF THE CASE IS
    INAPPLICABLE IN THE INSTANT MATTER ........................................................... 1

    POINT II THE DEA HAS SATISFIED ALL CRITERIA UNDER
    INTERVENTION AS OF RIGHT IN THE INSTANT ACTION ................................. 3

    POINT III PERMISSIVE INTERVENTION OF THE DEA IS
    ALSO APPROPRIATE IN THE INSTANT MATTER .................................................. 6

    POINT IV FRCP RULE 24(C) DOES NOT BAR THE DEA'S MOTION ................... 9

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

## *Cases*

*335-7 LLC v. City of New York,*
 2020 WL 3100085 (S.D.N.Y. June 11, 2020) .................................................... 7

*Afro Am. Patrolmen's League v. Duck,*
 503 F.2d 294 (6th Cir. 1974) .................................................................... 5

*Arizona v. California,*
 460 U.S. 605 (1983) ........................................................................... 1, 2

*Barry's Cut Rate Stores Inc. v. Visa, Inc.,*
 2021 WL 2646349 (E.D.N.Y. June 28, 2021) ....................................................... 7

*Butler, Fitzgerald & Potter v. Sequa Corp.,*
 250 F.3d 171 (2d Cir. 2001) ..................................................................... 4

*Citizens Against Casino Gambling in Erie Co. v. Hogan,*
 417 Fed.Appx. 49 (2d Cir. 2011) ................................................................. 6

*Commack Self-Serv. Kosher Meats, Inc. v. Rubin,*
 170 F.R.D. 93 (E.D.N.Y. December 9, 1996) ....................................................... 7

*DiLaura v. Power Authority of State of N.Y.,*
 982 F.2d 73 (2d. Cir. 1992) ..................................................................... 2

*Floyd v. City of New York,*
 302 F.R.D. 69 (S.D.N.Y. 2014) ................................................................... 4

*H.L. Hayden Co. of New York v. Siemens Medical Sys., Inc.,*
 797 F2d 85 (2d Cir. 1986) ....................................................................... 7

*In re NYC Policing During Summer 2020 Demonstrations,*
 27 F.4th 792 (2D Cir. 2022) ................................................................... 1, 4

*Kinsman Transit Co. v. City of Buffalo,*
 388 F.2d 821 (2d Cir. 1968) ..................................................................... 2

*N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.,*
 2015 WL 777248 (E.D.N.Y. February 13, 2015) ..................................................... 9

*Perreca v. Gluck,*
 262 F.Supp.2d 269 (S.D.N.Y. 2003) ............................................................... 2

*Rezzonico v. H&R Block, Inc.,*
 182 F.3d 144 (2d Cir. 1999) ..................................................................... 2

*U.S. v. Cirami,*
 563 F.2d 26 (2d Cir. 1977) ...................................................................... 3

*U.S. v. City of Los Angeles,*
 288 F.3d 391 (9th Cir. 2002) .................................................................. 3, 8

*Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.,*
 2017 WL 9400673 (N.D.N.Y. January 6, 2017) ..................................................... 9

*Virgin Atl. Airways v. National Mediation Bd.,*
 956 F.2d 1245 (2d Cir. 1992) .................................................................... 2

### *Statutes*

N.Y.C. Collective Bargaining Law § 12-306(a)(4) ..................................................................... 8
N.Y.C. Collective Bargaining Law § 12-307(b) ......................................................................... 8

### *Rules*

FRCP Rule 24(a) ................................................................................................................... 2, 7
FRCP Rule 24(b) ................................................................................................................... 6, 7
FRCP Rule 24(c) ................................................................................................................. 9, 10

## PRELIMINARY STATEMENT

This reply memorandum of law is submitted on behalf of Proposed Intervenor, the Detectives' Endowment Association (hereinafter "DEA" or "Union"), in further support of its Motion for Intervention in the above-captioned matter, dated March 31, 2022 (hereinafter "DEA Motion"), (*see* Dkt. 474-476), and in rebuttal of the arguments raised in Plaintiffs' Consolidated Memorandum of Law in Opposition to the Motions to Intervene, dated April 12, 2022, (*see* Dkt. 487), and in Defendants' Memorandum of Law in Opposition to Motions to Intervene, dated April 12, 2022. (*See* Dkt. 488). Based upon the DEA's previous submissions, as well as the recent decision issued by the United States Court of Appeals for the Second Circuit (hereinafter "Second Circuit") in *In re NYC Policing During Summer 2020 Demonstrations*, 27 F.4th 792 (2d Cir. 2022) (hereinafter "Appellate Opinion"), the DEA Motion should be granted.

## STATEMENT OF FACTS

The facts relevant to the DEA Motion are set forth in the Declaration of Paul DiGiacomo, dated March 31, 2022. (*See* Dkt. 475-1), the Declaration of Stephen Mc Quade, dated March 31, 2022, (*see* Dkt. 475), and the exhibits annexed thereto, (*see* Dkt. 475-2).

## ARGUMENT

### POINT I

### THE DOCTRINE OF LAW OF THE CASE IS INAPPLICABLE IN THE INSTANT MATTERS

Both Plaintiffs and Defendants primarily seek to have the DEA Motion denied on the inapplicable legal principle of "the law of the case." This rule "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983); *see Perreca v. Gluck*, 262

F.Supp.2d 269, 272 (S.D.N.Y. 2003). However, the reliance upon this doctrine by Plaintiffs and Defendants herein is completely misplaced.

This doctrine "is admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *Virgin Atl. Airways v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *see also Arizona*, at 605 (finding that this doctrine "directs a court's discretion, it does not limit the tribunal's power"). Further, this doctrine is inapplicable when there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *DiLaura v. Power Authority of State of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992); *see also Kinsman Transit Co. v. City of Buffalo*, 388 F.2d 821, 825 (2d Cir. 1968) (stating that "the doctrine of law of the case permits a change of position if it appears that the court's original ruling was erroneous"). Finally, "under the law of the case, a trial court cannot reconsider on remand any issues decided by an appellate court." *Rezzonico v. H&R Block, Inc.*, 182 F.3d 144, 148 (2d Cir. 1999).

In the instant matters, this Court should not apply its discretionary authority and lend any credence to the respective attempts by Plaintiffs and Defendants to utilize this legal doctrine to deny the DEA Motion. First, there has been an intervening change of controlling law as it relates to the appropriateness of intervention for unions of the NYPD, whose members are implicated in the instant matters. The Second Circuit unequivocally stated that the direct, substantial, and legally protectable interests laid bare by the Patrolmen's Benevolent Association (hereinafter "PBA") in its appeal satisfy Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 24(a) and that neither Plaintiffs nor Defendants can adequately represent those interests. Further, the DEA Motion meticulously tracks the guidance provided in the Appellate Opinion to demonstrate that

the DEA and its members similarly possess the same personal safety and statutory interests as the PBA and Police Officers.  (*See* Dkts. 475-1 and 475-2).

Second, the rigid application of this doctrine, as desired by Plaintiffs and Defendants, ignores this Court's own decision regarding the Union's previous motion to intervene. (*See* Dkt. 144).  The Union's previous application for similar relief was denied without prejudice and, in fact, contemplated that the DEA could be granted intervention when the appropriate circumstances in the above-captioned litigation presented themselves.  Here, the Appellate Opinion constitutes just such a change.  As such, since the issuance of this Court's prior ruling regarding the DEA's intervention, the law of the case doctrine should not proscribe the Union from engaging in the instant critical matters.

Finally, the Appellate Opinion makes it abundantly clear that the DEA, based upon a timely motion, demonstrated that it possesses interests in the instant matters, which would be impaired by the outcome thereof, and that the existing parties cannot adequately represent the DEA and its membership concerning the same.  As the Second Circuit has previously held: "When an appellate court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on that issue." *U.S. v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977). Therefore, the law of the case doctrine should not constitute grounds for denying the DEA Motion.

## POINT II

### THE DEA HAS SATISFIED ALL CRITERIA UNDER
### INTERVENTION AS OF RIGHT IN THE INSTANT ACTION

Permission to intervene is liberally applied because intervention "serves both efficient resolutions of issues and broadened access to the courts." *U.S. v. City of Los Angeles*, 288 F.3d

391, 398 (9th Cir. 2002); *see generally, In re NYC Policing During Summer 2020 Demonstrations*, at *21.

Both Plaintiffs and Defendants assert that the DEA Motion fails to satisfy the inadequacy of representation prong, based upon vastly different reasons.[1] Defendants purport that it can adequately represent the direct, substantial, and legally protectable interests of Detectives and their certified collective bargaining representative. However, the Second Circuit unequivocally refuted that assertion stating: "We observed in *Floyd* that it was not evident that the City '*ever*' adequately protected the interests of NYPD officers." *In re NYC Policing During Summer 2020 Demonstrations*, at *18; *see also Floyd v. City of New York*, 770 F.3d 1051, 1059 (2d. Cir. 2014). Moreover, the Union's submissions, both now and previously, are replete with operational and administrative reasons why Defendants cannot stand as both judge/jury/executioner in the realm of police discipline and as zealous advocate in federal, civil litigation.[2]

With respect to Plaintiffs' attempt to foist the responsibility of representing Detectives and the DEA upon the PBA, they reveal their naiveté regarding the structure of the NYPD and their intentionally selective use of the NYPD Patrol Guide (hereinafter "PDPG"). Plaintiffs aver that the DEA must meet a heightened burden to gain party-access to the instant matters. However, the line of cases relied upon by Plaintiffs regarding this heightened burden explicitly state that it is not

---

[1] Given the inherent limitations of reply briefs, the Union shall dedicate its attention to the specific contentions raised by Plaintiffs and Defendants, which does not constitute a waiver and/or abandonment of any of the arguments set forth in the DEA Motion. (*See* Dkt. 476).

[2] Defendants additionally claim that the DEA Motion is untimely. However, such absurdity should not be afforded a lengthy rebuttal. The DEA Motion, as well as its original application for intervention, were made within weeks of the opportunity presenting itself. Unlike in *Floyd v. City of New York*, 302 F.R.D. 69 (S.D.N.Y. 2014) (*affd.* 770 F.3d 1051 (2d Cir. 2014), the Second Circuit stated that "we faulted the police unions for failing to move to intervene *before* the parties agreed to the remedial order that settled the litigation . . . because the full scope of these cases and the potential reform measures were readily apparent from years of extensive public filings and intense media scrutiny." *In re NYC Policing During Summer 2020 Demonstrations*, at *17 (emphasis in original). As such, the timeliness issue that plagued the PBA's previous motion to intervene in *Floyd* is not present herein.

a defined rule requiring rigid application. *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 180 (2d Cir. 2001) (stating that the court has not laid "down a hard-and-fast rule of what form of showing must be made to rebut a presumption of adequate representation when there is an identity of interest between the putative intervenor and an existing party"). Further, one of the prominent cases relied upon by Plaintiffs regarding this one point of law is from a different judicial circuit, is from almost 50 years ago, involves individual plaintiffs and not unions, and interprets a different municipal labor law. *See Afro Am. Patrolmen's League v. Duck*, 503 F.2d 294 (6th Cir. 1974). Rather, the liberal rule applied by the Second Circuit in the Appellate Opinion should govern.

Under any standard, Plaintiffs incorrectly assert that the PBA, when permitted to intervene in the above-captioned litigation pursuant to the Appellate Opinion, would be able to adequately represent the DEA and its over 5,000 active members. With the broadest brush possible, Plaintiffs dismissively lump Police Officers with Detectives and the PBA with DEA, while failing to mention that Detective is a promotional rank, that the job descriptions for these two ranks are different and governed by different provisions of the PDPG,[3] and that their respective collective bargaining agreements contain distinctive terms and conditions of employment.

Critically, one of the primary objectives of the DEA in the instant matters is to ensure the protection of Detectives, who are generally in plainclothes and are not routinely outfitted with protective, tactical gear (unlike Police Officers and Sergeants), when they are ordered to demonstrations, protests, and riots. As to safety, these are not "minutely-defined differences."

---

[3] According to the PDPG, the duties and responsibilities of Police Officers, Detectives, and Sergeants are laid out in § 202-01, *et seq.* (*See* https://www1.nyc.gov/assets/nypd/downloads/pdf/public_information/public-pguide1.pdf (last visited on April 17, 2022). Plaintiffs, in their opposition papers, included various provisions of the PDPG, (*see* Dkt. 487-1), but conveniently omitted these provisions.

Plaintiffs also fail to acknowledge that DEA members, in addition to performing rank-and-file, front-line work, can be tasked with fulfilling their duties in their specialized units, such as Emergency Service, Narcotics, Gun Violence Suppression, and Intelligence. (*See* Dkt. 475-1). Based upon this lack of operational overlap between Police Offices, Detectives, and Sergeants, as well as the respective mobilization efforts concerning these three ranks, it is factually inaccurate to contend that the personal safety/statutory interests of Police Officers, as well as Sergeants, are formerly aligned with those of Detectives. The Union is the only entity that has the knowledge and expertise in addressing the operational difficulties Detectives encounter when assigned to protests, such conducting investigative work in these hectic circumstances without the utilization of protective, tactical gear assigned to Police Officers and Sergeants. Further, any contention averring that the PBA would be able to adequately represent the DEA would be deeply flawed given that the PBA will be focused on protecting the personal safety/statutory interests of Police Officers, who perform different tasks when assigned to demonstrations.

## POINT III

### PERMISSIVE INTERVENTION OF THE DEA IS ALSO APPROPRIATE IN THE INSTANT MATTERS

As set forth in the Union's previous submission in connection with the DEA Motion, the Union is also entitled to intervention under FRCP Rule 24(b)(1)(B). The Courts must consider whether intervention will unduly delay or prejudice the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether the parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit. *See Citizens Against Casino Gambling in Erie Co. v. Hogan*, 417 Fed.Appx. 49, 50 (2d Cir. 2011). Satisfaction of this rule is not a high burden to meet, and

that the prospective intervenor need only establish a sufficient stake in the outcome of the litigation to satisfy the ordinary requirements for standing. *See H.L. Hayden Co. of New York v. Siemens Medical Sys., Inc.*, 797 F2d 85, 89 (2d Cir. 1986).

In instances when intervention under FRCP Rule 24(a) has been denied, the Courts have granted permissive intervention pursuant to FRCP Rule 24(b) when the proposed intervenor "will significantly contribute to the full development of the underlying factual issues." *Barry's Cut Rate Stores Inc. v. Visa, Inc.*, 2021 WL 2646349, at *12 (E.D.N.Y. June 28, 2021). When ascertaining whether a prospective intervenor will add to the pending litigation, the Courts will look to determine whether said party can "bring a different perspective to the case" and "will contribute relevant factual variations that may assist the court" in addressing the issues raised therein. *Commack Self-Serv. Kosher Meats, Inc. v. Rubin*, 170 F.R.D. 93, 106 (E.D.N.Y. December 9, 1996); *see also 335-7 LLC v. City of New York*, 2020 WL 3100085, at *3 (S.D.N.Y. June 11, 2020) (granting permissive intervention when the proposed intervenor was an organization who served individuals "directly impacted" by and were "intimately involved" with the law at issue therein, and who would "undoubtedly contribute to the full development of the underlying factual issues").

In the instant matters, the DEA is the legal, authorized representative of its members whose personal safety, operational requirements, and contractual/statutory rights clearly established a stake in the outcome of the above-captioned matters. No delay exists in connection with the DEA Motion because, much like its prior attempt to intervene, the Union's instant application occurred less than one month after the issuance of the Appellate Opinion, and has undertaken to meet all deadlines set by the Court. Further, no prejudice exists in the Union's intervention at this stage in the above-captioned litigation because the Union has been actively observing the proceedings,

including but not limited to discovery compliance and the recently-resolved motion to disqualify Plaintiffs' expert testimony.

The DEA will certainly contribute significantly to the full development of the underlying factual issues, as well as a just and equitable adjudication of the instant matters. The Union's members, who were present during the various protests that gave rise to Plaintiffs' claims and who suffered injuries as a result therefrom, were intimately aware of the conduct of both the protesters and the NYPD employees and would be able to provide context and insight into the departmental responses to these various events. In fact, given that DEA members are generally in plainclothes, without the added protection of tactical gear, such as helmets, shields, and batons, Detectives would be able to more acutely describe the tumult that occurred during the events that gave rise to the instant matters. Additionally, any prospective outcome that takes the form of either injunctive or declaratory relief, will unquestionably have a direct impact on the DEA members constrained to follow the new departmental directives resulting therefrom, on the DEA's ability to protect the personal safety of Detectives, and on the Union's ability to enforce the bargaining rights contained in NYCCBL §§ 12-306(a)(4) and 12-307(b).

Finally, the ongoing legal wrangling present in *Nunez v. City of New York*, 11-CV-5845 (LTS) (JCF) (hereinafter "*Nunez*") stands as real-life preview into why the DEA should be granted permissive intervention. As stated in *U.S. v. City of Los Angeles*, *supra*, intervention is appropriate in furtherance of the "efficient resolutions of issues and broadened access to the courts," *Nunez* is still subject to the Court's oversight and a federal monitor. The manner in which New York City Department of Correction (hereinafter "DOC") employees handle use of force incidents have been forever altered to the detriment of the rank-and-file DOC employees. (*See* Dkt. 52-3). In order to enforce their rights, the three unions representing uniformed DOC employees were forced to file

administrative actions against the DOC for its implementation of the new, *Nunez*-compliant use of force policy. Because those unions were not parties, *Nunez* signaled only the beginning of protracted litigation on multiple fronts, rather than a comprehensive, reasoned solution to a complex problem, which could be avoided here.

## POINT IV

## FRCP RULE 24(C) DOES NOT BAR THE DEA'S MOTION

The Courts in the Second Circuit "have held that Rule 24(c) permits a degree of flexibility with technical requirements and have dispensed with the pleading requirement when the proposed intervenor's position is clearly articulated in its motion papers." *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, 2017 WL 9400673, at *8 (N.D.N.Y. January 6, 2017); *see also N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 2015 WL 777248, at *17 (E.D.N.Y. February 13, 2015) (holding that, although FRCP Rule 24(c) requires the submission of a supplemental pleading, technical compliance with this requirement can be waived "where . . . the position of the movant is apparent from other filings and where the opposing party will not be prejudiced").

The DEA's position in the above-captioned litigation is abundantly clear from the extensive submissions filed by the Union herein. Although Plaintiffs and Defendants feign ignorance with respect to the defenses the Union will proffer, the interests it seeks to protect, and the positions it will take going forward, the DEA has been transparent regarding these issues. The Union submitted its original motion to intervene (*see* Dkts. 51-53), a reply in further support of its original motion (*see* Dkt. 101), and the DEA Motion (*see* Dkts. 474-476). Also, the DEA, in its original motion annexed a proposed pleading in connection with *People v. City of New York, et al.*, 21-CV-0322, which already details the DEA's position in a requisite pleading. (*See* Dkt. 52-

16).   Moreover, the Union has indicated that it will file/serve full responsive pleadings in connection with the above-captioned matters in whatever timeframe the Court would be so inclined.  (*See* Dkts. 456 and 475).  Accordingly, given that the DEA's position is articulated in its prior submissions and Plaintiffs and Defendants are not prejudiced by the same, the Court should exercise its flexibility and forego a wooden, counterproductive application of FRCP Rule 24(c).

## CONCLUSION

Based upon the foregoing, as well as all other previous submissions presented to the Court in connection with the issue of intervention, the DEA respectfully requests that the Motion for Intervention, dated March 31, 2022, be granted, as well as awarding the DEA such other and further relief as this Court finds just and proper.

Dated: New York, New York
      April 18, 2022

                  **PITTA LLP**

                  By: _____
                      Stephen Mc Quade, Esq.
                      Vincent F. Pitta, Esq.
                      Attorneys for Proposed Intervenor
                      *Detectives Endowment Association*
                      120 Broadway, 28th Floor
                      New York, New York 10271
                      (212) 652-3885
                      smcquade@pittalaw.com
                      vpitta@pittalaw.com

TO:    All counsel of record