

Wylie Stecklow, Esq.
Carnegie Hall Tower
152 West 57th St, 8th Floor
New York, New York 10019
Phone: (212) 566-8000
Fax: (212) 202-4952
Wylie@wylielaw.com

April 18, 2022

**VIA ECF**
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York

      Re:    *In re: New York City Policing During Summer 2020 Demonstrations*,
              No. 20-CV-8924
              *This Filing is Related to All Cases*

Dear Judge Gorenstein:

      Please remember that I am one of the co-counsel for the Plaintiffs in the *Sow v. People* and *Gray v. People* litigation. As referenced in the discovery conference of April 12, I am writing today concerning the depositions of eight witnesses for which the parties disagree whether these depositions have been stayed by this Court's order concerning higher-level / Rule 30(b)(6) depositions.

      On March 4, 2022, during a conference, this Court issued an order staying high level and Rule 30(b)(6) depositions. The stay was referenced in this Court's order of March 21, 2022, (Docket 458), where it ruled in part, *"there is already a stay of higher-level depositions. The Court does not see any realistic likelihood that low-level depositions of line officers would need to be duplicated given that they only tangentially relate to the intervenors' purported interests."*

      Subsequent to the stay order, the parties exchanged emails identifying which deponents each believed should go forward. A dispute arose concerning whether the following deponents are considered high level and included within this Court's stay order (the City position) or not included (the Plaintiffs' position).

      (1) Deputy Inspector Elias Nikas, (2) Retired Lieutenant Dan Gallagher, (3) Captain Julio Delgado, (4) Inspector Michael Cody, (5) Deputy Inspector Robert Gallitelli, (6) Captain Joseph Taylor, (7) Sergeant Kenneth Rice, (8) Katherine Obanhein (NYPD Legal). Hereinafter, collectively, "the disputed depositions."

On March 15, 2022, I informed the City that we disagreed with their designations of stayed depositions and sought a meet and confer.  Eventually, a meet and confer was schedule and took place on March 24, 2022.[1]  During the meet and confer, the Parties discussed the designations of the disputed depositions.  Counsel for Plaintiffs explained that the disputed depositions are individuals with facts and knowledge due to their feet on the ground at various protests.  Historically, in this litigation, it was the level of information, not the level of rank, that determined whether a witness was deemed high level.  As examples, the parties have already deposed fact officers with high ranks such as Deputy Chief Joseph Gulotta (Deposed December 3, 2021), Deputy Inspector Craig Edelman (December 21, 2021), Lieutenant Michael Butler (August 17, 2021).  The City indicated that they wanted to discuss internally and would get back to Plaintiffs.[2]

On March 28, we followed up, asking the City to address whether they had been able to reconsider the designations of any of the disputed depositions.  We followed up several more times.  On April 6, 2022, the City responded that they were making no changes to the disputed deposition list.

Thus, Plaintiffs seek a court conference to try to at least minimize the traffic jam of depositions that are on the horizon by determining which of the disputed depositions should proceed as the parties await the Second Circuit mandate.

Respectfully submitted,

Wylie M. Stecklow, Esq.

---

[1] In attendance for Plaintiffs were counsel Remy Green, AAG Lillian Marquez, AAG Swati Prakash, Rob Rickner, Wylie Stecklow; and for Defense was Amy Robinson.  The meet and confer began at 1130am and finished at 1210pm.

[2] At the same meet and confer, the parties discussed Defendants' position that it was obvious the discovery end date did not apply to the stayed, higher-level depositions.  We reached an impasse, but when this subject came up at the April 12 conference, the Court resolved that impasse, stating "Oh, no, of course [the end date] applies." 2022-04-18 Tr. 78:19-25.  Thus, Plaintiffs intend to try to meet with Defendants again to address when the adjusted discovery end date should be.