UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In Re: New York City Policing
During Summer 2020 Demonstrations         20 Civ. 8924 (CM)(GWG)
------------------------------------------------------------------x
This filing is related to:

Payne v. de Blasio, et al.           20 Civ. 8924 (CM)(GWG)
------------------------------------------------------------------x

Sierra v. City of New York, et al.      20 Civ. 10291 (CM)(GWG)
------------------------------------------------------------------x

People v. City of New York, et al.      21 Civ. 322 (CM)(GWG)
------------------------------------------------------------------x

Sow v. City of New York, et al.        21 Civ. 533 (CM)(GWG)
------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION
## BY SERGEANTS BENEVOLENT ASSOCIATION
## <u>TO INTERVENE UNDER FEDERAL RULE OF CIVIL PROCEDURE 24</u>

Anthony P. Coles
**DLA PIPER LLP (US)**
1251 6th Avenue
New York, NY 10020
Telephone: (212) 335-4844
Facsimile: (212) 884-8644
Email: anthony.coles@dlapiper.com

*Attorney for Proposed Intervenor*
*Sergeants Benevolent Association*

*Of Counsel*:
Andrew C. Quinn, Esq.
The Quinn Law Firm
399 Knollwood Road, Suite 220
White Plains, NY 10603
Telephone: (914) 997-0555
Facsimile: (914) 997-0550
Email: aquinn@quinnlawny.com

## <u>TABLE OF CONTENTS</u>

Page

PRELIMINARY STATEMENT ................................................................................................. 1

REPLY ARGUMENT ............................................................................................................... 3

      I.      The Second Circuit's decision in the PBA's appeal is controlling
authority, and discretionary law of the case principles cannot override it............. 3

      II.     The SBA meets every requirement for intervention under Rule 24(a) .................. 5

            A.     The motion is timely .................................................................................. 5

            B.     The SBA has exactly the interests in safety that the Second Circuit
held to justify the PBA's intervention ....................................................... 5

            C.     No other party can adequately represent the interests of the SBA ............ 7

      III.    Permissive intervention under Rule 24(b) is warranted ......................................... 8

CONCLUSION ......................................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arizona v. California*,
  460 U.S. 605 (1983)....................................................................................................3

*Ezra v. Bristol-Meyers-Squibb Co.*,
  784 F. App'x 48 (2d Cir. 2019) ..................................................................................3

*In re Holocaust Victim Assets Litig.*,
  225 F.3d 191 (2d Cir. 2000).......................................................................................5

*In re: N.Y.C. Policing During Summer 2020 Demonstrations*,
  537 F. Supp. 3d 507 (S.D.N.Y. 2021).......................................................................4

*In re: N.Y.C. Policing During Summer 2020 Demonstrations*,
  27 F.4th 792 (2d Cir. 2022) ............................................................................ *passim*

*Pearlstein v. Blackberry Ltd.*,
  No. 2:13-CV-7060, 2019 WL 4673757 (S.D.N.Y. Sept. 24, 2019) ..........................4

*Tachiona ex rel. Tachiona v. Mugabe*,
  186 F. Supp. 2d 383 (S.D.N.Y. 2002)........................................................................9

*U.S. Postal Serv. v. Brennan*,
  579 F.2d 188 (2d Cir. 1978)........................................................................................9

*United States v. Bell*,
  5 F.3d 64 (4th Cir. 1993) .............................................................................................3

*United States v. Ben Zvi*,
  242 F.3d 89 (2d Cir. 2001)...........................................................................................3

*United States v. Tenzer*,
  213 F.3d 34 (2d Cir. 2000)...........................................................................................4

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
  956 F.2d 1245 (2d Cir. 1992)...............................................................................1, 3

**Other Authorities**

Fed. Prac. & Proc. § 1914 ...............................................................................................9

Fed. Prac. & Proc. § 4478 ...............................................................................................3

Fed R. Civ. P. 24 .........................................................................................................5, 8, 9

## PRELIMINARY STATEMENT

The Sergeants Benevolent Association ("SBA") meets every requirement for intervention as established by the Second Circuit's March 4, 2022, decision in *In re: New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792 (2d Cir. 2022) (the "Second Circuit Decision"). The Second Circuit Decision is controlling authority on the SBA's motion to intervene. None of the arguments made by Plaintiffs or the City of New York (the "City") in opposing intervention has merit:

*First*, the City and Plaintiffs are wrong when they claim the SBA should not be allowed to intervene because this Court denied intervention in 2021, the SBA did not appeal that decision, and therefore "law of the case" bars the SBA's new motion. (City Opp. at 4-5; Pl. Opp. at 10-12.) This Court's 2021 decision denying SBA intervention was without prejudice to a new motion to intervene at a later time. The Second Circuit has now reversed this Court's reasoning in its 2021 decision denying intervention by a police union, based on the safety interests of the union members. The Second Circuit Decision must be followed. Law of the case is a discretionary doctrine that does not limit a court's power to reconsider its own decisions prior to final judgment. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). It is well-established that it is not appropriate to follow an earlier decision in a case when there has been "an intervening change of controlling law, . . . or the need to correct a clear error or prevent manifest injustice." *Id.* The controlling law on the right of police unions to intervene in these cases has been changed or clarified. It would be clear error and manifest injustice for this Court to adhere to its reasoning in the 2021 decision to deny SBA intervention at this time.

*Second*, the SBA's intervention is timely. The SBA filed its motion at the earliest time possible after the Second Circuit Decision clarifying a police union's right to intervene in these

cases.  The SBA can join the litigation at the same time as the Police Benevolent Association of the City of New York, Inc. ("PBA").  The PBA will be intervening as soon as the mandate issues on the Second Circuit Decision, and whatever schedule adjustments need to be made for the PBA's intervention generally should be sufficient for the SBA.  Adding the SBA will not cause material additional delay and would not prejudice any party.

*Third*, the SBA has exactly the interests in safety that the Second Circuit held to justify the PBA's intervention in these cases.  The Second Circuit focused on the safety concerns of front-line officers, but sergeants have equally significant concerns as the immediate, front-line supervisors of police officers.

*Fourth*, no other party can adequately represent the interests of the SBA.  The Second Circuit held that the City cannot adequately represent the PBA's interests, and that decision is controlling on the question of whether the City can represent the SBA's interests.  The City's interests in these consolidated cases are not always the same as the SBA's.  Nor can the PBA represent the interests of the SBA members.  The rank structure in the NYPD is fundamental to all aspects of police conduct.  NYPD sergeants have different responsibilities and duties that affect their conduct, training, and interests.  The PBA cannot represent the SBA.

*Fifth*, although the Second Circuit Decision on intervention as of right means there is no need to reach issues of permissive intervention, the SBA has also met every requirement for permissive intervention.  It would be clear error to deny the SBA intervention as of right and to deny the SBA permissive intervention.

<u>**REPLY ARGUMENT**</u>

**I.     The Second Circuit's decision in the PBA's appeal is controlling authority, and discretionary law of the case principles cannot override it.**

Plaintiffs and the City are incorrect that the law of the case doctrine bars the SBA from intervening at this time.  This Court must follow the Second Circuit Decision.

Law of the case is a discretionary doctrine that does not limit a court's power to reconsider its own decisions prior to final judgment.  *Arizona v. California*, 460 U.S. 605, 618 (1983) ("Law of the case directs a court's discretion, it does not limit the tribunal's power."); *Virgin Atl.*, 956 F.2d at 1255.  Although a district court generally has the obligation to adhere to its own decision at an earlier stage of the litigation, it is not appropriate when there has been "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Id.* (quoting Fed. Prac. & Proc. § 4478); *Ezra v. Bristol-Meyers-Squibb Co.*, 784 F. App'x 48, 49-50 (2d Cir. 2019) (summary order) ("'The law of the case doctrine has two branches. The first requires a trial court to follow an appellate court's previous ruling on an issue in the same case. . . . The second and more flexible branch is implicated when a court reconsiders its own ruling on an issue in the absence of an intervening ruling on the issue by a higher court.  It holds that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case, unless cogent and compelling reasons militate otherwise'" (citation omitted); "'Cogent and compelling' reasons generally fall into three categories: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice.").  "The mandate rule 'compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly *or impliedly* decided by the appellate court.'"  *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) (quoting *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993)).  "When an appellate

court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on that issue." *United States v. Tenzer*, 213 F.3d 34, 40 (2d Cir. 2000) (quotation omitted).

This Court's 2021 decision denying intervention was "without prejudice to renewal." *In re: N.Y.C. Policing During Summer 2020 Demonstrations*, 537 F. Supp. 3d 507, 520 (S.D.N.Y. 2021). This Court has the power to change its denial of intervention. The controlling law on the right of police unions to intervene in these cases has been changed or clarified by the Second Circuit Decision. The Second Circuit held that the PBA has "a direct, substantial, and legally protectable interest in officer safety" that "may be impaired in litigation that could result in a determination that NYPD policies governing the interaction of officers and protesters are unlawful and must be altered." *N.Y.C. Policing*, 27 F.4th at 799-800. The Second Circuit's Decision is controlling authority on a police union's right to intervene in these cases. It would be clear error to adopt the Plaintiffs' and City's argument that this Court should rely on the "law of the case" doctrine to refuse to follow the Second Circuit's reversal.

The case relied on by the City, *Pearlstein v. Blackberry Ltd.*, No. 2:13-CV-7060, 2019 WL 4673757 (S.D.N.Y. Sept. 24, 2019), provides no basis for this Court to disregard the Second Circuit. *Pearlstein* does not deal with orders made "without prejudice" on motions that can be later renewed. *Pearlstein* is about appeals after final judgments of dismissal in class actions and the role of lead plaintiffs, under what the *Pearlstein* court called the "unique" litigation procedures of the Private Securities Litigation Reform Act ("PSLRA") in the context of Federal Rule of Appellate Procedure 3(c)(3) on class action appeals. *Id.* at *3. The present case is not about appeals after a with-prejudice final judgment in a PSLRA class action. *Pearlstein* does not address

the well-established exceptions to the law of the case for changes in controlling law and cases of clear error and manifest injustice in a prior decision.

The Second Circuit Decision established controlling authority on when a police union has the right to intervene in these policing cases.  The Court is required to follow it here.

## II.     The SBA meets every requirement for intervention under Rule 24(a).

### A.     The motion is timely.

The issue of whether a police union's intervention is timely was resolved when the Second Circuit held that the PBA could enter the case.  The SBA promptly moved to intervene following the Second Circuit Decision and can be joined when the PBA joins.

The Court also must consider "prejudice to the [SBA] resulting from a denial of the motion."  *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198 (2d Cir. 2000).  Just as the Second Circuit recognized was the case for police officers, sergeants have a distinct, cognizable interest at stake in these cases based on safety concerns.  That interest can be sharply affected by decisions, negotiations, and determinations in this case on police conduct rules and training.  The SBA would be prejudiced by being excluded.  The SBA's motion to intervene is therefore timely.

### B.     The SBA has exactly the interests in safety that the Second Circuit held to justify the PBA's intervention.

The Second Circuit focused on the safety concerns of front-line officers, but sergeants have equally significant concerns as the immediate, front-line supervisors of police officers.

Plaintiffs and the City argue that the Second Circuit's conclusion that the PBA has a cognizable interest in this case has no bearing on the SBA.  Plaintiffs contend there is an "identity of interest" between sergeants and police officers because they share the same "ultimate objective" in participating in this litigation.  (Pl. Opp. at 6, 7.)  But as the City notes, the role of sergeants in protest settings is "distinguishable from [that] of front-line officers; accordingly, the challenges

5

faced by PBA members in such situations are ***distinct*** from those faced by SBA members." (City Opp. at 8-9 (emphasis added).)   The SBA's primary interest in this litigation relates to the supervisory function of sergeants in protest settings, which includes the discretionary authority to order subordinate rank officers to use certain tactics and equipment, even when those officers were previously ordered not to do so by superior officers.   (See Mot. at 11, 13-14.)   The interests of sergeants and police officers are not identical.

The City claims the Second Circuit's holding was "expressly limited" to the PBA and should not be "automatically extended" to the SBA because it turned "entirely on the nature of the rank of the members of service the PBA represents."   (City Opp. at 8.)   But there is no limiting language in the Second Circuit Decision:

> The merits question before the district court is whether certain NYPD policies are permissible.   The answer to that question may require a change in those policies.   And changing the policies that govern officer conduct may affect officer safety.   That means the litigation—at the merits phase—may impair the PBA's interest.

*N.Y.C. Policing*, 27 F.4th at 800.   As the City advised the Court after the Second Circuit decision, "[t]he analysis set forth in the Second Circuit decision would apply to the SBA and DEA as well." (Doc. 448 at 3.)

In different ways, both police officers and sergeants face the prospect of revised rules of engagement, new policies regarding use of force, and restrictions on the use of certain tactics and equipment.   "And changing the policies that govern officer conduct may affect officer safety." *N.Y.C. Policing*, 27 F.4th at 800.   Sergeants and police officers have distinct roles on the front lines of protests, and they both have a protectable interest in this litigation.   That sergeants "serve in a supervisory and management capacity at sites such as protests" and "experience their own

6

unique challenges from those of front-line police officers," City Opp. at 9, is not a reason to deny intervention.  It is a reason to grant the motion to ensure those differences are addressed.

      **C.**      **No other party can adequately represent the interests of the SBA.**

The City wrongly contends that it can stand in the shoes of sergeants in these cases.  (City Opp. at 11.)  The City claims it has "a vested interest in protecting the personal safety of all its employees, including all members of law enforcement" and points to its record of defending individual officers in protest cases, City Opp. at 11, but the Second Circuit considered and dismissed the same arguments as to the PBA.  *See N.Y.C. Policing*, 27 F.4th at 803-04.  The Second Circuit has gone so far as to say, on two occasions, that it is "not evident that the City '*ever*' adequately protected the interests of NYPD officers."  *See id.* at 803 (quoting *Floyd v. City of New York*, 770 F.3d 1051, 1059 (2d Cir. 2014)).  The City's arguments carry no more weight against sergeants than they did against police officers.

Plaintiffs wrongly contend that the PBA will adequately represent the interests of sergeants.  (Pl. Opp. at 6.)  But the SBA and the PBA have distinct stakes in the outcome of these actions, and the PBA cannot be expected to represent the interests of sergeants, their superior officers.  It is beyond the PBA's purview to represent sergeants, and the PBA's representation of its own interests necessarily must focus on the interests of its members, which are not the same as those of sergeants.  The PBA has no incentive to focus on issues that primarily affect sergeants, such as sergeants' discretionary authority to direct police officers to use certain equipment—including OC spray, batons, helmets, and shields—when circumstances warrant.  (Mot. at 13-14.)

Because neither the PBA nor the City will adequately represent the interests of sergeants in these proceedings, the SBA must be granted party status to represent itself.

### III.     Permissive intervention under Rule 24(b) is warranted.

In any case, permissive intervention is appropriate under Rule 24(b).  Plaintiffs and the City contend that the SBA's involvement would unduly delay or prejudice the existing parties, but the SBA's participation alongside the PBA is unlikely to affect the pace of the litigation.  It also is necessary to ensure any reforms do not disproportionately affect the interests of sergeants.

The SBA's motion to intervene will be briefed and ripe for disposition before the PBA has even entered the case.  The SBA has no interest in slowing these proceedings.  The Court is well-equipped to guard against "duplication of the PBA's arguments" and can easily prevent any "delays attendant with discovery."  (Pl. Opp. at 15.)  In any case, any delay in adjudication would not be "undue" because of the sergeants' manifest interest in these proceedings.

The additional arguments against permissive intervention are meritless.  First, Plaintiffs' contention that the SBA's asserted interests are "collateral to the core interests at stake in this action" (Pl. Opp. at 16) is contradicted by the Second Circuit Decision, which did not consider the PBA's interests to be collateral.  There is no basis for treating sergeants differently.  Second, the SBA is not seeking to "parlay [its] intervention to bolster and benefit [its] collective bargaining interests."  (City Opp. at 13.)  The SBA has not moved to intervene based on collective bargaining rights.  The SBA's asserted interest in this litigation reflects the Second Circuit's finding that a police union has an interest in officer safety in these cases that is "independently cognizable"— *i.e.*, separate from the collective bargaining process.  *N.Y.C. Policing*, 27 F.4th at 801.

Like police officers, sergeants have a cognizable interest in their personal safety that may be impaired by the outcome of this matter.  But the interest of sergeants is distinguishable by their position in the NYPD hierarchy as line supervisors who are responsible for their own safety as well as the safety of their subordinate rank officers.  Because the SBA "will significantly contribute

to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented," *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 192 (2d Cir. 1978) (quotation omitted), permissive intervention should be granted.

* * *

Finally, Plaintiffs are wrong in claiming the SBA's motion should be denied because it did not include a proposed pleading.  First, Plaintiffs' position cannot be squared with the Second Circuit Decision reversing this Court's denial of the PBA's motion to intervene, which did not attach a proposed pleading.  No party will be prejudiced if the SBA submits a proposed pleading on the same schedule as the PBA, which is required to file a pleading "promptly" after the Second Circuit issues its mandate in the Second Circuit Decision.  (Doc. 456.)  Second, courts in this circuit do not require technical compliance with Rule 24(c) when a proposed intervenor's filings set forth sufficient facts and allegations to give all parties notice of its position and there is no prejudice.  *See Tachiona ex rel. Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 393 (S.D.N.Y. 2002) (stating that no pleading is required where "the position of the movant is apparent from other filings and where the opposing party will not be prejudiced"); Fed. Prac. & Proc. § 1914 (2020 ed.) (rejecting a "needlessly literal reading" of Rule 24(c)).  The SBA's position on the issues in this litigation is stated in its memorandum of law and the Declaration of Vincent J. Vallelong in support of the motion.  (Docs. 469, 469-1.)  The SBA will promptly file a pleading at the time it intervenes or as ordered by the Court.

**CONCLUSION**

The SBA's motion to intervene should be granted.

9

Dated: April 18, 2022
New York, New York

Respectfully Submitted,

*/s/ Anthony P. Coles*
Anthony P. Coles
**DLA PIPER LLP (US)**
1251 6th Avenue
New York, NY 10020
Telephone: (212) 335-4844
Facsimile: (212) 884-8644
Email: anthony.coles@dlapiper.com

*Attorney for Proposed Intervenor*
*Sergeants Benevolent Association*

*Of Counsel*:
Andrew C. Quinn, Esq.
The Quinn Law Firm
399 Knollwood Road, Suite 220
White Plains, NY 10603
Telephone: (914) 997-0555
Facsimile: (914) 997-0550
Email: aquinn@quinnlawny.com

10

**<u>CERTIFICATE OF SERVICE</u>**

I, Anthony P. Coles, hereby certify that, on this 18th day of April, 2022, I caused the foregoing motion and its attachments to be served on all counsel of record in these cases by filing on the CM/ECF system.

*/s/ Anthony P. Coles*      
Anthony P. Coles
