# Rickner PLLC

Rob Rickner | rob@ricknerpllc.com

April 19, 2022

**Via ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York

      Re:    *In re: New York City Policing During Summer 2020 Demonstrations,*
              No. 20-CV-8924
              *This Filing is Related to All Cases*

Dear Judge Gorenstein:

We write on behalf of counsel for all Plaintiffs in these consolidated actions to ask that this Court hold a Conference under Rule 37.2 to discuss the appropriate sanction for the City of New York's continued failure to meet and confer regarding the documents relating to the racist rants by Ed Mullins, the former head of the Sergeant's Benevolent Association—a violation of this Court's Order from March 21, 2022, Dkt. No. 457.

    **I.**    **The City of New York violated this Court's Order to meet and confer regarding the missing Mullins documents.**

The City refused to produce documents relating to racists tweets and emails by Mullins, and the related disciplinary actions. Plaintiffs moved to compel, the City failed to oppose, and the Court Ordered a complete production of the relevant documents, except those withheld for privilege, by March 3, 2022:

> (1) all documents concerning Edward Mullins' circulation of a racist video in August 2019, including any investigations into this action and any discipline or recommendations of discipline that were made; and (2) all documents concerning the February 2021 CCRB substantiation of three complaints against Mullins for offensive language and abuse of authority.

Dkt. No. 408. When the City ignored this deadline, Plaintiffs filed a motion for sanctions. Dkt. No. 431. At a conference the same day, the Court asked the counsel present, "[A]ny idea why you violated my order?" Ex. A at 55:4. Nobody on the call could explain, so the Court gave the City until Tuesday, March 8th, to explain itself. *Id*. at 58:2-5.

On March 8th, at 6:13 p.m., the City finally produced some Internal Affairs Bureau and Civilian Complaint Review Board files, but many documents were missing. The Plaintiffs immediately warned the City that it would be false to tell the Court that everything had been produced, as it was apparent that this after-hours production was going to be used to try and argue that the City was in compliance. In a letter filed the same day, the City said what it had produced—IAB and CCRB files—but never stated what it had not produced or had not searched for. *See* Dkt. No. 437.

Rickner PLLC

It was ***obvious*** that documents were missing, and any claim otherwise was false. There were references in the records to two disciplinary trials, with transcript citations, but those transcripts had not been produced. These transcripts are cited specifically in the disciplinary orders, so we know they exist. And there are almost certainly many other documents related to the prosecution, the trials, the disciplinary recommendations, and review of those recommendations by the Chief of Police and First Deputy Commissioner. They had not even produced a copy of the racist email that was sent to thousands of NYPD sergeants (and was not made public in the media). The CCRB and IAB are only two potential sources of relevant material; documents were missing.

So the next day, Plaintiff filed a letter in reply, explaining the problems with the production. *See* Dkt. No. 438. The City did not oppose or respond. And on March 21, 2022, the Court sanctioned the City for failing to meet the March 3rd production deadline, and ordered the City to meet and confer with Plaintiffs regarding the Mullins documents:

> As to the actual production that was made, the Court is not in a position to assess the City's compliance because there is now a dispute as to the adequacy of the search that was conducted for these documents. Accordingly, the parties are directed to confer regarding this matter. Obviously, ***the City must be completely forthcoming*** as to what it did to search for the documents. Any dispute about the adequacy of the search may be addressed in a new letter.

Dkt. No. 457 (emphasis added).

Now, nearly a month has passed, and the City has not been "completely forthcoming." The City entirely failed to respond to two written follow-up requests for this meet and confer. The most recent, On April 11, 2022, specifically warned the City that the meet and confer is Court Ordered, and we will move if they do not respond within two business days. This email did not prompt any response at all, let alone a meet and confer.

## II.     **This Court should grant adverse inferences as a sanction against the City of New York for violating the Court's Order.**

A more severe sanction is necessary. This is the ***fourth*** motion relating to the Mullins documents. The City has already been sanctioned for failing to comply with this Court's Order to produce the Mullins documents. And now the City refuses to engage in a Court Ordered meet and confer regarding the searches for those documents and the adequacy of the production.

Discovery sanctions under Rule 37(b)(2) are designed to "ensure that a party will not benefit from its own failure to comply," act as "specific deterrents … to obtain compliance with the particular order issued," and to serve as "a general deterrent." *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). To craft an appropriate sanction, Courts look to, "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, No. 19-CV-4355 (VM)(GWG), 2021 WL 298708, at *2

212-300-6506 | 14 WALL STREET, SUITE 1603 NEW YORK, NY 10005 | RICKNERPLLC.COM

Rickner PLLC

(S.D.N.Y. Jan. 27, 2021) (quoting *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010).

Applying these factors, it is apparent that a meaningful sanction must go beyond attorney's fees. *First*, the City is willfully disobeying orders. On February 11, 2022, this Court warned the City not to ignore Orders: "I issue a Court order requiring you to provide an affidavit and you literally just act as if it doesn't exist. I mean we have a lot remedies, you can move for reconsideration, you can object, but why is violating it an option?" Dkt. No. 395 at 91:1-6. The City responded by claiming negligence: "[I]t was not intentionally violated. I was busy trying to get the documents and the date, the date just passed … It was, it was a complete oversight." *Id*. at 91-7-10. It was clear that the City needed to do better, and in the Order compelling a meet and confer regarding the Mullins documents, Dkt. No. 457, this Court Ordered the Chief of the Special Federal Litigation Unit to submit a sworn declaration assuring the Court that, "there is an adequate process in place to make sure that Court Orders are complied with." Negligence is no longer a defense. The City has been warned to staff the case adequately and to have a system in place to make sure the Court's Orders are followed. They have willfully chosen not to change their ways.

*Second*, lesser sanctions are not effective. The City has already been sanctioned once for failing to timely produce the Mullins documents. That sanction had no apparent effect. *Third*, the City has failed to follow this Court's Orders for nearly a year. The City initially promised to have document discovery finished by July 31, 2021. That deadline was not met, nor have numerous others. *And fourth*, the City has been warned about non-compliance repeatedly, including in the most recent Order to meet and confer regarding the Mullins documents, where this Court told the City that if their search was not adequate, "plaintiffs are free to seek additional sanctions." Dkt. No. 457.

We submit that an adverse inference is an appropriate sanction. Finding that, "matters embraced in the order or other designated facts be taken as established for purposes of the action," is the "**least harsh** sanction under Rule 37(b)(2)(A)." *Collector's Coffee Inc.*, 2021 WL 298708, at *4 ((emphasis added) quoting *Lenahan v. City of New York*, 2020 WL 7059349, at *7 (S.D.N.Y. Dec. 1, 2020)). Here, Plaintiffs sought these documents because Mullins was an influential union leader who had a pattern of making racist statements in public and to the union membership, and the City failed to take even basic corrective action, like telling NYPD officers that his statements are a violation of NYPD policy—let alone a more meaningful response, like training explaining why Mullins' racist comments about communities of color, like Mott Haven, are corrosive and anathema to community policing. Thus, we submit that the following adverse inferences are warranted:

- Union leader Ed Mullins repeatedly made racist statements to thousands of Sergeant's Benevolent Association members and the general public.

- The New York City Police Department knew that Ed Mullins was making these racist statements, and knew that these racist views would be adopted by some Sergeant's Benevolent Association members, and other officers, who heard these statements.

Rickner PLLC

- The New York City Police Department deliberately chose not to tell the Sergeant's Benevolent Association members, and other officers, that Ed Mullins' statements were racist and in violation of the NYPD's policies.

- The New York City Police Department deliberately chose not to take any other actions to correct or mitigate the effects of Ed Mullins' racist statements.

- The New York City Police Department has a *de facto* policy of tolerating racist statements by supervising officers.

The Court should also order attorney's fees for making this motion, find that privilege has been waived for any responsive documents being withheld (as there is no privilege log), order the City to meet and confer within seven days to determine what other documents are available, and require that any such documents be produced no later than seven days after that meet and confer.

We thank the Court for considering these issues.

Respectfully,

/s/

Rob Rickner