

April 20, 2022

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

Re:   In re: New York City Policing During Summer 2020 Demonstrations,
1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases

Dear Judge Gorenstein:

I write on behalf of Plaintiffs in this case, to provide a brief reply to Defendants' response addressing their admitted violation of the Court's Orders about invoking privilege.

Defendants' letter (Dkt. No. 505) — combined with the incomplete privilege log they produced (attached as **Exhibit 1**) — does not excuse Defendants' failure to follow (or even move for relief from) the Court's clear orders.  Defendants' counsel throws blame at their client, saying the reason the log is late is the "late receipt of thousands of pages" from the "NYPD last Wednesday evening."  Dkt. No. 505 at 1.  That gives the Court *every* reason to sanction the party that caused violation of the Court's Orders:  Defendants themselves.

There are three basic problems here.  First, the log is admittedly late, and Defendants have admittedly violated a Court Order (again).  Second, and discussed below, the log is insufficient and does not comply with the Local Rule.  Third, and finally, Defendants appear to have missed major categories of information they are withholding — in particular, even though the documents produced by Defendants in this litigation are rife with redactions, Defendants have not logged a single redaction in the privilege log, violating *another* Court Order in the process.  So, as explained below, their response fails to excuse their violation of another Court Order — and calls, once again, for a meaningful sanction.

In the first instance, the log is facially non-compliant with Local Civil Rule 26.2 — which is all the more striking because Defendants were *just* told that a similar attempt at a log "need[ed] to be beefed up."  2022-04-12 Tr. 85:17-23.  Local Rule 26.2 requires a log that includes "(i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other."  L.R. 26.2(a)(2)(A).  The log includes no authors, addressees, or recipients — let alone a way to discern to relationships of these people to one another.  *See generally,* Ex. 1; *see also,* Dkt. No. 463 at 3-5 (identifying virtually identical faults with another privilege log).  That makes the invocation of privilege inadequate.  Nor, in some cases, is it possible to discern other basic information.  For example, one entry listed is just called "rap mob id.doc," and the only description outside of a date



and electronic file format[1] — which Defendants use for a number of other documents — is "Dept Policy and Procedure and Training Materials – Discussions/Drafting." Ex. 1 at 4.

The content of the log also raises more questions than it answers. For example, several dozen entries state that they are "Answers to Training Quizzes that still **may** be in use." *See, e.g.*, Ex. 1 at 1 (emphasis added). But that something *may* be privileged is not a basis to invoke the privilege.[2] And this lack of definitiveness, after admittedly violating an order, is striking. Or consider the seven or so documents that are logged identically as "Memo re 2021 [or another year] Draft revision to PG section. Disclosure of draft would undermine agency decision by discouraging candid and frank discussion between officials; Communications with NYPD Legal." Ex. 1 at 6-7. Not only don't Defendants identify who the document was drafted by/sent to, but merely stating "Draft revision to PG section," without identifying the specific Patrol Guide section, leaves Plaintiffs completely in the dark about the subject matter of the memo. And as explained below (*see* note 2), given that the deliberative process privilege does not apply to decisions that are the direct subject of the litigation, the log leaves Plaintiffs unable to evaluate the merits of the claim.

Past there, there are also massive categories of information missing from the log. For example, Defendants invoked HIPAA in response to many requests — yet no HIPAA objections appear in the log. Nor do **any** redactions appear to be logged and the Friday production was replete with large redactions. Yet, the Court has already spoken on this. When it came to the Court's attention that Defendants were making "law enforcement privilege" redactions, the Court specified, "If you're redacting something and it's obvious it's someone's name or date of birth or social security number, you don't have to do a privilege log for that," but for "[a]nything else, yes," a log is necessary. 2022-02-18 Tr. 119:14-24. Defendants' productions are full of expansive redactions. For example, consider these full pages from the Friday batch:

 

---

[1] Just stating a file format is not enough to comply with the local rule. After all, a PDF could be either a "letter" or "memorandum," but the Local Rule requires a party to specify between the two.

[2] It is also not clear how an answer key for a training quiz is privileged in any sense. In fact, knowing what answers Defendants consider right and wrong in their training is core to the case — and deliberative process privilege is inapplicable "[w]hen the decision making process is itself at issue, particularly in a civil rights action" like this one. *ACORN v. County of Nassau*, No. CV 05–2301, 2008 WL 708551, at *4 (E.D.N.Y. Mar. 14, 2008). *See also Azon v. LIRR*, No. 00 CIV 6031, 2001 WL 1658219, at *3 (S.D.N.Y. Dec. 26, 2001) ("[W]hen the subject of the litigation ... is the very nature of the decision-making process, the privilege should not foreclose the production of critical information.").

COHEN&GREEN Page 2 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com

DEF_000462544; DEF_000443489-92 (all pages cited redacted in full). Yet not one redaction is logged in Exhibit 1. That violates yet another Court Order. And it is in addition to the clearly inappropriate redactions — and improper confidentiality designations making it more difficult to raise issues (and giant watermarks that make some documents impossible to read) — that appear everywhere, like in an example to be forwarded to chambers where officer *faces* are redacted.

In sum, the purported privilege log is a not even a whole-hearted effort to cure an admitted violation of the Court's clear Orders. Defendants' counsel's justification for not applying for more time on Wednesday night, when their client dumped thousands of pages on them — that it was a mere oversight, ECF No. 505 at 2 — is the same excuse Defendants offered for past violations of clear Orders. 2022-02-11 Tr. 91:11. It was insufficient then, and it's insufficient now. But that leaves out Defendants themselves. Defendants themselves knew that thousands of pages responsive to Plaintiffs' requests were being gathered well in advance of the deadline. They also knew these were documents that the Court had not only ordered produced, but repeatedly criticized their "failure focus on gathering these documents long ago when [they] should have." Dkt. No. 453. Yet they violated, yet again, the Court's orders and procedural rules that require a contemporaneous privilege log. Defendants' response only emphasizes that — unless the Court does something — the NYPD itself still intends to continue ignoring Court orders. *Cf.* Martinez v City of NY, 2018 U.S. Dist. LEXIS 13409, at *34, n 12 (E.D.N.Y. Jan. 24, 2018) ("Despite Court Orders and deadlines, *counsel for the City would produce documents when the client, the City of New York, 'produced them,'* regardless of whether they were timely or not, and counsel rarely considered seeking an extension of time to produce documents, choosing instead to ignore the Court's Orders") (emphasis added).

These failures impose significant costs on Plaintiffs and prejudice their ability to litigate these matters. The late production of an inadequate privilege log does not provide the basic information necessary to test the privilege and requires counsel repeatedly to chase down the required content.

Once again, we thank the Court for its continued time and attention.

Respectfully submitted,

/s/
_____
J. Remy Green
 *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.
Page 3 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com