

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | DARA L. WEISS<br>*Senior Counsel*<br>daweiss@law.nyc.gov<br>Phone: (212) 356-3517<br>Fax: (212) 356-1148 |
|---|---|---|

April 14, 2022

By ECF
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

MEMORANDUM ENDORSED

      In Re: *New York City Policing During Summer 2020 Demonstrations*,
      No. 20 Civ. 8924 (CM) (GWG)
      This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. I write to respectfully seek relief from that portion of Your Honor's order requiring defendants to produce documents related to NYPD disciplinary and IAB files that, in some cases, date back to 2013 and earlier, as well as certain paper-based "49's" from the NYPD's Legal Bureau, as the search for those documents is proving to be overly burdensome and not proportional to the needs of the case. Additionally, defendants additional time, as set forth more fully below, for defendants to produce certain documents related to the *Gray* case, currently due to the plaintiffs on April 15, 2022. Defendants first submitted this request to the Court on Monday, April 11, 2022, but it was denied with leave to renew after obtaining plaintiffs' position on this request. Defendants finally received the last part of plaintiffs' positions late this afternoon.

      As this Court and counsel for Plaintiffs are aware, the defendants have been working diligently over the past months to search for, collect, review and produce the tens of thousands of documents that the plaintiffs have requested. As also previously noted, a number of the responsive documents are not digitized, and only reside in archived file boxes. Bridget Fitzpatrick, Managing Attorney of the NYPD's Civil Litigation Unit, and Heidi Grygiel, e-discovery counsel at the NYPD have been searching nearly full-time for the documents, and as explained in the accompanying declaration, the burden is in fact more than they had previously anticipated, and even after putting in many hours, they are still not nearly at the point of locating the documents. They have been searching for responsive documents since well prior to March of this year. These disciplinary documents, which date back more than seven years prior to the protests which are the subject matter of these lawsuits, and approximate 50 49's from previous demonstrations that occurred at least 5 years before the Summer 2020 protests, which may be in as many as 500

separate boxes. Hundreds of 49's and IAB files have already been produced, and these few remaining are proving extremely burdensome to locate and collect. Although they may have some negligible relevance to plaintiffs' *Monell* claims in these cases, defendants maintain that the burden is disproportional to the needs of the case.

Defendants respectfully request a four-week extension, from April 15, 2022 to May 13, 2022, to produce these documents, unless the parties come to an agreement on defendants' burdensomeness assertion. Plaintiffs do not have any objection to an extension to May 13, 2022 for defendants to produce the documents outlined in the Fitzpatrick declaration, aside from the *Gray* documents (discussed below), pending a meet and confer to discuss defendants' burdensomeness objection. The parties will meet and confer regarding the burdensomeness issue, and advise the Court if an agreement has been reached.

With respect to the *Gray* documents, the *Gray* plaintiffs have made numerous requests for various document categories specifically related to NYPD's interactions with the media and/or the press ranging from 2002 to 2020. Searches for some of these documents have been made and are in the process, however, the NYPD is facing a unique issue of having to search for individuals arrested for newsgathering, photographing officers, and videotaping officers, as well as officers disciplined specifically for interfering with news gathering, photographing, and videotaping. While responsive arrest reports, c-summons worksheets, and disciplinary records have already been provided, there is no simple way to search these documents specifically for "press" related arrests. Therefore, additional time is required, as more fully explained in the declaration, to conduct the more tailored searches requested in *Gray*. A number of responsive documents have been located since the date the declaration was prepared, and will be produced shortly.

After conferring on the instant request, the parties came to the following agreement:

1. By next April 25 the City will produce up to date IAB and CCRB files (including updated files) for all 6 incidents at issue in the Gray case. To the extent the City asserts it has already produced any of these documents, by April 21 it will provide plaintiffs with bates numbers for those documents.

2. By April 29 the City will produce all documents responsive to the Gray RFPs identified in the Fitzpatrick Declaration (specifically, Gray RFPs 5, 9, 10, 13, 14-15, 22-29).

3. By the current court-ordered April 15 deadline the City will produce all other previously unproduced documents responsive to the Gray RFPs.

The defendants respectfully request that the Court endorse the foregoing agreement.

The aforementioned responses will be updated on the DRI Chart, which although defendants maintain has always been in compliance with the Court's order, as plaintiffs are requesting more information, the chart is being updated accordingly.

2

Based upon the foregoing, defendants respectfully request an extension of time to produce certain documents in the *Gray* case, and further request that the Court extend defendants' time to produce certain documents responsive to the consolidated requests by four weeks. Thank you for your our consideration herein.

Respectfully submitted,

*Dara L. Weiss s/*

Dara Weiss
*Senior Counsel*
Special Federal Litigation Division

Attachment

cc:    ALL COUNSEL (via ECF only)

The proposed schedule is approved.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

April 22, 2022

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In Re: New York City Policing During Summer 2020 Demonstrations

DECLARATION OF BRIDGET FITZPATRICK

No. 20-cv-08924(CM) (GWG)

------------------------------------------------------------------------x

BRIDGET FITZPATRICK, declares under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney admitted to practice in the State of New York, Managing Attorney of the Civil Litigation Unit ("CLU") of the New York City Police Department ("NYPD"),

2. I submit this declaration at the request of the New York City Law Department, attorneys for the Defendants herein, in support of the City's current application for an extension of time, past April 15, 2022, to produce certain documents and categories of documents to plaintiffs.

3. There are certain documents and categories of documents that the NYPD will not be able to provide to the Law Department in time for them to be produced to plaintiffs by April 15, 2022, pursuant to Your Honors' March 16, 2022 Order (Dkt. No. 453).

4. In addition, there are certain documents and categories of documents that the NYPD will not be able to provide at all, without undertaking a now-obvious burden, described in detail below.

A. **Documents That Cannot Be Produced by the April 15th Deadline**

5. Plaintiffs have requested documents related to NYPD disciplinary and IAB files that, in some cases, date back to 2013 and before. As explained in my declaration dated March 22, 2022, (Dkt. No 461-1) (the "March 2022 Declaration"), information regarding IAB

1

logs from 2013 forward is stored on the Internal Case Management System (ICMS). CLU's access to the ICMS database is restricted to three people on the team. Moreover, CLU can only search ICMS using UMOS tax number, and can only obtain *IAB resumes*, not case files. Information regarding IAB logs prior to 2013 is stored in NYPD's IAPRO database, which may be searched by UMOS tax number or shield number, but not by date of incident. The IAPRO database does not contain case files, only summaries of allegations. Case files prior to 2013 are hard copy paper files likely housed at NYPD's offsite storage facility. Once IAPRO searches identify case files for retrieval from offsite storage, CLU must request that the file be retrieved from the offsite facility and delivered to its offices for review to confirm that it is the file being sought.

6. As further explained in the March 2022 Declaration, IAB does not investigate every allegation of MOS misconduct, and cases not investigated by IAB are tracked to the Chief of Department Investigation and Review Section, and from there they may go to an Investigatory Unit or to the ICO of the command involved. Related files prior to 2018 are also hard-copy files stored offsite and can only be retrieved for review as stated above.

7. A search using identifiers or keywords other than tax number or shield number must be conducted by IAB records officers, who have greater search capability. As stated in the March 2022 Declaration, Plaintiffs have requested documents related to complaints or investigations concerning UMOS being affiliated with "racist or white supremacist organizations", making "racist statements" or engaging in "racist conduct". Because the requests were not limited to a particular officer(s) for whom tax or shield numbers could be found, CLU searched ICMS and requested case files from an IAB records officer based on information in the IAB resumes obtained. Further, CLU was unable to search IAPRO

itself and contacted an IAB records officer for assistance. The IAB records officer conducted searches using terms from the relevant requests, such as "white power sign" and "racially charged," but got no results. The IAB records officer informed CLU that a search for the broader allegation of "criminal association" would return an enormous number of summaries, electronic and hard-copy, and mostly non-responsive, that would have to be reviewed individually to determine which, if any, concerned allegations of racist or white supremacist associations. In order to provide focused search terms, CLU then conducted a targeted internet search for media and other public reports of complaints of relevant allegations and, using the names of officers identified by that search, searched IAPRO and identified summaries of six files, one of which was investigated by the Transit Bureau Investigative Unit. CLU has requested the six files from the relevant offices. Two were received and have been provided to the Law Department for review and production to Plaintiffs. CLU is waiting for the remaining files, including one that may be a hard-copy file stored offsite.

8. The documents described above were identified through searches conducted outside of the normal processes in place and available to CLU for identification and retrieval of documents. These additional searches were formulated and made in a good faith attempt to provide as much responsive information as possible to Plaintiffs. The additional steps necessary to identify, retrieve, review, and provide these additional documents are labor-intensive and time-consuming.

9. It is still the case that due to the Mayor's decision to increase police presence on City streets, on any given day at least one UMOS normally assigned to CLU is instead assigned to an enforcement detail. In addition, two members of the CLU team are in the process of

3

retirement and are using vacation days and other accrued time off, as they are entitled to do. As a result of, CLU continues to be short-staffed and expects that it will take at least an additional two weeks from April 15th to complete production of any hard copy documents located by these searches described above.

**B. Documents That Cannot Be Produced Due to Burden**

10. As explained in the March 2022 Declaration, my colleague Heidi Grygiel has been working on obtaining a variety of documents, including "49s," or "to/from" memoranda, through searches of the shared drives of nine NYPD commands designated by Plaintiffs. In the course of conducting those searches and reviewing and producing an enormous amount of electronically stored information from those drives to the Law Department, Ms. Grygiel identified several hundred potentially responsive documents from the Legal Bureau, which consists of two commands - the Deputy Chief of Legal Matters (DCLM) and the Legal Bureau itself - that may be stored as hard copies in NYPD's offsite location, in as many as 500 boxes, potentially more.

11. Individual commands may also maintain their own communications databases in which they log basic information such as sender, recipient, date, subject line, and notes to the extent that they are entered. Ms. Grygiel searched the subject line and note field of the available communications databases maintained by the individual commands designated, using a list of terms relevant to Plaintiffs' requests in order to identify potentially responsive documents.

12. Ms. Grygiel's searches of the DCLM's communications database identified several hundred potentially responsive communications that preceded 2015, when the DCLM and Legal Bureau began storing communications in electronic format on their shared drives.

4

Prior to that date, those communications were paper-based and now reside in NYPD's offsite storage facility. With the information she obtained, Ms. Grygiel reviewed the DCLM's box log – a log of documents stored offsite, by box, that includes various amounts of information about the contents of the boxes. Through her review of the DCLM's box log, Ms. Grygiel determined that the documents might be located in as many as 70 boxes.

13. Similarly, Ms. Grygiel's searches of the Legal Bureau's communications database identified another approximately 50 potentially responsive communications, whose dates preceded the 2015 creation of the database, stored as hard copies offsite. Ms. Grygiel then reviewed the Legal Bureau's box log, which contained minimal information about the contents of the boxes, and determined that the documents might be located in as many as 500 separate boxes categorized as containing communications.

14. In order to search the boxes of documents identified, once they were requested from the storage facility and received at CLU, each would have to be reviewed document by document to determine whether the hard copies are there. Given the staffing issues CLU faces at this time, described above in ¶ 9, the process would take weeks of work by several members of CLU's staff.

15. As a result, it has become apparent that the burden of locating these documents, which may or may not be responsive to Plaintiffs' requests, is not proportionate to the needs of this case. Ms. Grygiel's efforts have shown that there are, at most, a few hundred outstanding documents spread over as many as 500 or more boxes stored in NYPD's offsite storage location. This is particularly true in light of the huge amount of responsive information already produced from the shared drives of all the designated commands.

C. *Gray* **Document Requests**

16. In addition to the documents described above, the Plaintiffs in *Gray v. City of New York, et al.*, 21 Civ. 6610 (CM) (GWG), have requested a number of categories of documents specifically related to NYPD's interactions with the media or the press during protests. As described below, searches for some of the categories of documents requested are in process and have taken longer than anticipated, while other searches have made it clear that the burden of producing every responsive document is not proportional to the needs of this case.

17. The *Gray* Plaintiffs have requested documents related to specific letters addressed to the Office of the Deputy Commissioner, Public Information (DCPI), Police Commissioner William Bratton, and Mayor Bill de Blasio between 2011 and 2020, concerning allegations of misconduct by NYPD Officers interacting with members of the media or persons engaged in photographing or taking video Officers. *See* Gray Document Requests Nos. 22 through 29. To the extent that documents responsive to this request are available, they would be communications and memoranda stored on the shared drives of the nine commands designated by Plaintiffs. In particular, the recipients of the letters may have consulted with the Office of the Deputy Chief of Legal Matters (DCLM) concerning the letters, and responsive material may be located on the DCLM's shared drive. In addition, some documents responsive to *Gray* Document Requests Nos. 22 through 29 may have been produced as a result of the searches to Plaintiffs' Consolidated requests, or may be located in the boxes stored offsite as described above in paragraphs 10-15. Having completed those searches, Defendants respectfully request additional time to allow Ms.

6

Grygiel to conduct searches using information specific to the dates and subject matter of these requests.

18. The *Gray* Plaintiffs have also requested documents relating to discipline of Officers for misconduct relating to the arrest of or use of force against members of the press or persons engaged in photographing or taking video of any Officer, or for violation of NYPD policies and related to interactions with the press. *See* Gray Document Requests Nos. 5, 10, and 13. As described above in paragraphs 5-7, CLU's ability to search IAB records is limited, and the broad requests of the type that Plaintiffs have made do not provide the information that CLU can use to conduct searches of either the ICMS or IAPRO databases. Without the UMOS names, tax numbers or shield numbers, CLU requires the assistance of an IAB records officer to search the databases using specific allegations that may identify responsive documents. During the course of reviewing the IAB resumes identified by some specific searches conducted by an IAB records officer, CLU identified a couple of references to an allegation that involves recording or photographing police activity. CLU has asked an IAB records officer to conduct additional searches for the allegation and is waiting for the results of that search. Any reasonably accessible responsive documents identified will be reviewed and produced as soon as possible.

19. The *Gray* Plaintiffs have also requested documents related to NYPD's investigation of a large range of complaints concerning NYPD officers allegedly attempting to prevent members of the media or the public from documenting police conduct in public places, and any recommendations of discipline for NYPD officers as a result of the alleged misconduct. *See* Gray Document Requests Nos. 14 through 15. Using the information provided, CLU identified a list of complainants and provided the names to an IAB records officer who

conducted searches and identified a number of investigations related to the complaints. CLU has requested the related files and is waiting to receive them so they can be reviewed and produced if they are responsive to Plaintiffs' requests.

20. Finally, Plaintiffs have requested documents concerning the confiscation or seizure of press credentials from members of the press. *See* Gray Document Request No. 9. To the extent that documents responsive to this request exist, they may be included among the many property vouchers already produced in response to Plaintiffs' Consolidated Requests. However, in an effort to conduct the most thorough search possible in response to this request, I have contacted DCPI and requested any documents in their possession that are related to confiscation of press credentials. Any non-privileged, responsive documents that I receive will be provided to the Law Department for review and production.

21. The documents described above were identified through CLU's efforts to develop and conduct searches in response to document requests that were broad in scope and largely not specific with respect to the Officers or members of the media or the public involved in the incidents or conduct at issue. CLU has searched for, collected, and provided information responsive to other aspects of these requests, such as arrest reports and c-summons worksheets. The few outstanding searches were formulated and conducted in a good faith effort to produce all reasonably available documents responsive to these requests. The additional steps necessary to retrieve, review, and provide these additional documents are labor-intensive and time-consuming.

22. CLU has devoted most of its time for the last two months to conducting searches and reviewing documents responsive to the Plaintiffs' document requests. During that time, I have worked almost exclusively on, and Ms. Grygiel has devoted between 60% and 70%

of her time to, searching for, requesting, and reviewing documents. In addition, CLU's UMOS have devoted most of their tours to making requests for documents, conducting searches, identifying and collecting responsive documents and files, and providing them to the Law Department in an appropriate format for review and production.

23. The staffing issues described above in paragraph 9 with respect to the Plaintiffs' Consolidated Requests also apply to the Gray Document Requests and have impacted CLU's ability to respond to the Gray requests as well. As a result of, CLU expects that it will take at least an additional four weeks from April 15th to complete production of any hard copy documents located by these searches described above.

Dated:  April 11, 2022

                                                          __*Bridget Fitzpatrick* /s/__

                                                          BRIDGET FITZPATRICK