

April 18, 2022

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

MEMORANDUM ENDORSED

By Electronic Filing.

    Re:    **In re: New York City Policing During Summer 2020 Demonstrations,**
               **1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases**

Dear Judge Gorenstein:

    I write on behalf of Plaintiffs in the consolidated cases regarding Defendants' failure to follow (another) clear Court Order. This time, Defendants failed, despite many orders making the issue clear, to produce a privilege log at the time ordered, or to seek more time. I called and messaged Defendants' lead counsel several hours ago, asking for a call back, and did not receive one. At an unrelated, Court-directed meet and confer today, I asked the lawyers in attendance the question, but Defendants' attorneys in attendance did not have any idea about the status of the privilege log (or whether one had ever been completed). I also called the attorney Defendants on that call identified as possibly knowing something — but when she called back, all she could offer was to "follow-up" in an unknown timeframe, and did not have any idea whether a log was ever created.[1]

    Defendants made a significant production last Friday from which they appear to withhold a significant number of documents but produced no privilege log. For example, Defendants are withholding in full "all drafts of any 'plans for reinventing the police,' as [discussed in] Defendants" motion to dismiss. DR No. 56 (Chart ln. 65). They are also (again, only for example) withholding significant documents related to the NYPD's decision to "reject three recommendations by OIG-NYPD" made in a 2019 report and documents about a new First Amendment policy that Defendants assert moots some of the claims at issue. DR No. 78 (Chart ln. 87); 82 (Chart ln. 91). Moreover, many of Defendants' responses in the Chart are qualified by the phrase "non-privileged" — yet, no log shows what Defendants are withholding on this basis. *See, for example,* DR Nos. 18-21 (Chart lns. 26-29). And, in fact, the latest version of the chart promised a log "by the Court-ordered date" (*see, for example,* Chart ln. 86) — yet no log ever came.

    There have been significant issues with Defendants' invocations of privilege throughout the case. *See, e.g.*, Dkt. No. 277 (noting Defendants failure to produce a timely log for the July 31 deadline — and the inadequacy of the log produced later); 464 (motion on failure to produce an adequate privilege log for documents withheld in the July 31 production). Faced with this failure, last October, the Court gave a clear command: "Absolutely produce the log at the time the documents are being

---

[1] While Defendants said they were "looking into" whether they had created a privilege log, they could not even offer a timeframe for when they would finish that investigation.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



produced. That's when it's due under the rule and that's when it should be produced unless the parties agree otherwise." *See* 2021-10-10 Tr. at 28:18-25. Notwithstanding that Order, Defendants repeatedly invented their own standard — putting the phrase "nearly contemporaneously" in the Court's mouth without any citation. *See, e.g.,* Dkt. No. 405-1 ("it is respectfully submitted that the Court instructed that privilege logs should be produced 'nearly contemporaneously'").

The latest Order on this issue was black and white:

> "Produce [the privilege log] at the same time.
> . . .
> [I]f you know you can't do a log on that date, there's no reason you won't know at least a week in advance. So if you're going to make an application, and also I may not grant it. So I think you'd be crazy to wait longer than a week beforehand to ask for an extension."

2022-02-18 Tr. at 118:13, 120:24-121:6. The log was due with the documents — or Defendants were required to request more time. Instead, Defendants did neither. That is, they decided, once again, that "violating" a Court Order was "an option." 2022-02-11 Tr. 91:2-6.[2]

Because Defendants have violated another order, some sanction is required. And with it, Plaintiffs respectfully submit, a strong signal that continuing along this path will lead to serious consequences is in order. Thus, Plaintiffs request:

- Attorneys' fees for this application; and
- One of:
    - A finding Defendants have waived privilege; or
    - An order striking Defendants' first affirmative defense (failure to state a claim), and making clear further similar violations will lead to the Court striking more defenses.

On the first piece, the Court has previously found it appropriate to award fees when Plaintiffs have had to bring a violation of clear orders to the Court's attention.

On the second — and as to the request to find a waiver of privilege — while so far, the Court has been reluctant to find privilege waived, the Court could not have given Defendants more warning here. The order was very clear, and said Defendants would "be crazy to wait longer than a week beforehand to ask for an extension." 2022-02-18 Tr. 120:24-121:6. If they would be "crazy" to ask for an extension less than a week in advance, how much more so are they to simply ignore the order altogether? And maybe more to the point, this is privilege as to documents that should have been disclosed or identified as withheld on a log on July 31, 2021, nearly a year ago. *See S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 167-68 (S.D.N.Y. 2014) ("the SEC's unjustified failure to serve indices of privileged documents in a timely and proper manner operates as a waiver of any applicable

---

[2] Thus, as it did on February 11, the Court should reject any argument that this order was "not intentionally violated" and should therefore be excused. *See generally,* 2022-02-11 Tr. 91-94.



Page 2 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



privilege"); *Jessore Mgmt. SA v. Brit Syndicate 2987*, No. 20-cv-5849 (AT)(KNF), 2021 WL 4037849, at *14 (S.D.N.Y. Sept. 3, 2021) (similar). Thus, Plaintiffs submit, waiver is appropriate.

That said, if the Court is disinclined to go there, Plaintiffs instead request the Court strike Defendants' first affirmative defense — with a warning that future violations of clear orders will result in the Court striking the following affirmative defenses one by one. For the purposes of this motion, the defense at issue is a boilerplate recitation that the various complaints "fail[] to state a claim upon which relief can be granted." If Plaintiffs moved to strike these defenses on their merits, the Court would likely have to grant the motion anyway: this defense facially fails to meet the applicable *Twombly/Iqbal* pleading standard (*see GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92 (2d Cir. 2019)), and post-*Twombly,* Courts routinely grant similar motions.[3] *See, e.g., Figueroa v Hasaki Rest., Inc.*, 2018 US Dist. LEXIS 14838, at *6 (SDNY Jan. 29, 2018). Under Fed. R. Civ. P. 37(b)(2), the Court has a broad latitude to impose any number of sanctions when a party "fails to obey an order to provide or permit discovery," and "striking pleadings … in part" is the third listed option of seven. At this stage, Defendants do not even seem to understand that they *have* violated Court Orders — and the five sanction orders to date have not made an impact on Defendants' behavior. This stepwise escalation in consequences is therefore appropriate.

Once again, we thank the Court for its continued time and attention.

                                                    Respectfully submitted,

                                                    /s/
                                                _____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

[3] Even where Courts do not grant such motions, it is not because the defense is a real defense. Rather, Courts (often pre-*Twombly* and pre-*GEOMC*) find the defense "analogous to a general denial and" thus reason that "its inclusion, although likely redundant, does not prejudice plaintiffs." *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 432 (S.D.N.Y. 2010). In other words, Courts basically say there would be no point to granting the motion.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

While the Court recognizes the complications surrounding the production made on April 15, 2022, defendants provide no acceptable explanation for their failure to request an extension of the date to produce the privilege log.  Thus, the City has once again violated a court order.  That being said, the privilege log was produced only two business days after it was due.  Having considered the circumstances, the Court does not find that a sanction is warranted.  As for attorney's fees, in light of the absence of the lead attorney on the date information on the log was sought, and in light of the actual production of the log within two business days, we do not find that an award of expenses would be just.

Docket #506 raises issues regarding the adequacy of the log which we believe must be addressed separately from the timing issue.  To the extent Docket # 506 is seeking a ruling on the adequacy of the log, the application is denied without prejudice to a new application compliant with paragraph 2.A of the Court's Individual Practices.

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge
April 22, 2022