

**HON. SYLVIA HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**DARA L. WEISS**
*Senior Counsel*
daweiss@law.nyc.gov
Phone: (212) 356-3517
Fax: (212) 356-1148

**By ECF**

April 26, 2022

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  In Re: *New York City Policing During Summer 2020 Demonstrations*,
     No. 20 Civ. 8924 (CM) (GWG)
     This filing is related to all cases

Your Honor:

  I am a Senior Counsel in the Office of Hon. Sylvia Hinds-Radix, Corporation Counsel of the City of New York and I am among counsel for the defense in the above-referenced matter. We write in opposition to plaintiffs' letter dated April 19, 2022 (Dkt# 504).

  As an initial matter, plaintiffs failed to inform the Court that on March 24, 2022 defendants did in fact provide a meet and confer date of March 25, 2022 to plaintiffs.  It was plaintiffs who did not respond to the undersigned proposed meet and confer date.  Then, plaintiffs waited until April 11, 2022, the week of defendants' large April 15th document production date to finally respond and ask for a different meet and conferral date.  In fact, when Mr. Rickner finally responded on April 11, 2022, he sent it to only two members of the City's defense team, and we were deep in the midst of reviewing and preparing the large April 15, 2022 document production, as well as continuing to work on the DRI chart and preparing for the April 12, 2022 conference before your Honor.  While this time it was defendants who didn't respond, Mr. Rickner knew that the undersigned was communicating with him about this issue, he nonetheless waited again until the undersigned was on vacation to file the instant motion.

  Moreover, on March 8, 2022, defendants produced to all plaintiffs the results of their reasonable search for responsive documents.  As previously noted, NYPD found nothing in Sgt. Mullins' disciplinary history regarding the video plaintiffs refer to.  Similarly, there is nothing in Sgt. Mullins' CCRB history regarding this video.  Defendants produced Sgt. Mullins' CCRB and IAB histories as evidence of no investigation.  They also produced documents concerning the complaints against Mullins for offensive language and abuse of authority, as well as the Charges & Specifications, NYPD logs and the files related to three substantiated CCRB complaints.

Plaintiffs' unsupported opinion that it is *obvious* that documents were missing is not enough to make it so.

Defendants remain ready, willing and able to meet and confer on this issue, and explain to plaintiffs the steps taken to search for any documents regarding allegations of an alleged racist tweet. Ms. Fitzpatrick will explain all the places she searched, where any responsive documents would be housed, and how no further responsive documents could be found. She is available on Wednesday, April 27 between 2-5pm, and Thursday, April 28 or Friday April 29 between 10am-noon and 2pm-5pm. We can provide availability for next week as well, if none of the foregoing days/times this week are convenient for plaintiffs.

The plaintiffs have suffered no harm or prejudice that would necessitate the extreme measure of sanctions. Defendants offered a date for a meet and confer; plaintiffs did not take them up on it. Defendant are now offering additional dates.

In addition, sanctions in the form of an adverse inference is not appropriate here. An adverse inference is a generally a remedy for spoliation of evidence. That is not the case here. There has been no suggestion that any evidence has been lost or destroyed; plaintiffs simply *think* that there should be additional documents. Once the parties agree to a conferral date, plaintiffs can inquire as to the adequacy of the search. If they are not satisfied, then they can take further steps as directed in Docket No. 457 ("Any dispute about the adequacy of the search may be addressed in a new letter.")

Where a party alleges that its adversary failed to disclose documents that it was required to produce, the "moving party bears the burden of showing that its adversary failed timely to disclose information required by Rule 26." *In re Sept. 11 Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007). To satisfy this burden, the moving party must demonstrate:

> (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had "a culpable state of mind"; and (3) that the missing evidence is "relevant" to the party's claim or defense such that a reasonable trier of fact could find it would support that claim or defense.

Id. (quoting *Residential Funding*, 306 F.3d at 107). "Any sanctions imposed by a court for failure to comply with discovery obligations, however, must be just and commensurate with the failure to comply." *Biosafe-One, Inc. v. Hawks*, 639 F. Supp. 2d 358, 370 (S.D.N.Y. 2009) (citing Fed. R. Civ. P. 37(b)(2)) (additional citation omitted); see also *Rivera v. New York City Housing Auth.*, No. 94 Civ. 4366, 1998 WL 108032, at *1 (S.D.N.Y. Mar. 11, 1998) ("[A]ny sanction must be narrowly tailored to remedy[] the specific prejudice that the party seeking discovery would otherwise suffer.") Here, an adverse inference is not "just and commensurate" and not "narrowly tailored." Plaintiffs are not even claiming that they have been prejudiced, and they have not been. High-level and 30(b)(6) depositions are still on hold, so they will still have an opportunity to question relevant witnesses regarding the issue. An adverse inference such as plaintiffs suggest, which would suggest to a jury certain "facts" on this particular issue made up of whole cloth, and

by no means what the relevant documents would, or would not show, would lead to an absurd result.

Moreover, plaintiffs have made no showing that an investigation, or lack thereof, into one officer's internet posting having nothing to do with the protests that are at issue in the instant lawsuits are "relevant" to their claims. Finally, plaintiffs cannot show that defendants have "a culpable state of mind," as they have produced the responsive documents after a reasonable search, and continue to be, ready, willing and able to confer on the issue in compliance with your Honor's order.

No sanctions should be imposed here. Furthermore, an adverse inference is an "extreme sanction[s]" that "should not be given lightly." *Zubulake v. UBS Warburg LLC, 220 F.R.D*. 212, 220 (S.D.N.Y. 2003) (describing an adverse inference instruction as an "extreme sanction"). It is a wholly inappropriate sanction in this instance.

Based upon the foregoing, defendants respectfully request that the Court deny plaintiffs' application. Thank you for your consideration herein.

Respectfully submitted,

*Dara L. Weiss s/*

Dara Weiss
*Senior Counsel*
Special Federal Litigation Division

cc:     ALL COUNSEL (via ECF only)

3