

April 21, 2022

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

**MEMORANDUM ENDORSED**

By Electronic Filing.

Re:  **In re: New York City Policing During Summer 2020 Demonstrations, 1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases**

Dear Judge Gorenstein:

I write on behalf of Plaintiffs in this case, pursuant to Dkt. No. 490, to provide a proposed Order regarding the Court-Ordered directed sanction negotiation process. Per Dkt. No. 490, I am confirming that following a meet and confer on Monday, April 25, Defendants confirmed in writing, after receiving the attached order, that "the substantive content of the order is fine." The only remaining dispute is whether the Defendants were required to provide the Bates numbers specifically identifying the documents produced in response to a selection of the document requests – "what would amount to a contention interrogatory" (2022-04-12 Tr. 38:25-39:2) – as a sanction. We submit that this was a sanction and seek to clarify the Court's instruction in this proposed order and as the parties confer over what Defendants will produce with respect to the chart.

A long-standing problem in these Consolidated Cases is the Defendants' failure to provide clear and accurate information about what they are producing and what they are not producing. After giving Defendants multiple chances to fix the problem, the Defendants were Ordered to provide Plaintiffs and the Court with a chart, clearly stating what they had produced, what they were going to produce, and what they objected to. Defendants provided a chart, but it did not provide the information the Court required.

Consequently, Plaintiffs filed a motion for sanctions, and at a conference on April 12, the Court sanctioned the Defendants for failing to provide the previously ordered information in the chart. The hearing was split into two parts, and the Court repeatedly referred to "part 2 [as] whether sanctions are appropriate." (2022-04-12 Tr. 5:10-17).[1] The Defendants pleaded with the Court not to issue the full version of the sanction Plaintiffs had requested. *See id.* at 72-73. And the Court Ordered the parties to meet and confer and decide what parts of the chart should be updated as though they were a contention interrogatory. *See id.* at 75-76. Afterwards, the Court stated "that's the limit of what I'm doing on sanctions today." *See id.* at 76:11-12. On this record, we submit, Ordering the Defendants to update the chart to include the Bates numbers of specific documents was a sanction.

---

[1] *See also, id.,* at 63:8-10 (The Court, following argument in the relevant part of the hearing, asking "Anything else on part 2?").



And it is important that it be referred to as a sanction in litigation. Plaintiffs – and the Court – need reliable information in the chart. The Plaintiffs should be confident that when the Defendants identify documents produced in response to a specific document request, the answer in the chart includes every single document. Over and over, the Defendants have failed to provide reliable information in discovery, and the best way to avoid that happening in the future is to call this a sanction, as the Court Ordered. Anything less risks the Defendants once again failing to take this problem as seriously as they must.

In response, Defendants state:

Defendants object to plaintiffs' reference in the proposed order as a "sanctions proposal." The only "sanction" was for defendants to provide Bates numbers for the documents responsive to DRI No. 1 (April 12 Transcript, pp 39:22-40:9) . Plaintiffs were instructed to "think about what (the Court) just said in terms of what would be reasonable to require the defendants to do" and " (Y)ou should make a proposal to the defendants about what you think they should do."  (April 12 Transcript, pp 74:9-75:23) No reference to sanctions was made with respect to the thirty other DRIs proposed by plaintiffs defendants for them to identify the Bates numbers. Defendants are willing to confer regarding the proposed DRIs. We believe though it should not be styled as a "sanction"  because, pursuant to defendants' understanding and reading of the transcript, this is not ordered as a sanction.

(typography preserved).

Defendants' argument fails on its face. In fact, just a few lines after what Defendants quote about the "proposal," the Court explicitly said "*that's* the limit of what *I'm doing on sanctions* today." 2022-04-12 Tr. 76:11-12 (emphasis added).[2] Yet, Defendants simply gloss over both that line and the entire structure of the hearing in claiming there was "[n]o reference to sanctions." Thus, the Court should simply sign the Proposed Order: Defendants concede its substance is appropriate, and have no basis in the record for their objection.

Once again, we thank the Court for its continued time and attention.

Respectfully submitted,

/s/

_____

J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

---

[2] And Defendants' accounting of sanctions omits that the Court issued several other sanctions in Part 2.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



cc:
All relevant parties by electronic filing.

Under Docket # 490, no order may be presented to the Court if the defendants have timely made any objection to the proposed order. The Court will not adjudicate disputes about the wording of orders presented under the Docket # 490 process. Rather, the Court will enter orders pursuant to that process only if there is <u>no</u> disagreement whatsoever as to the text of the proposed order. Accordingly, the request to enter the Order in the form presented is denied. Plaintiffs are of course free to present any dispute to the Court pursuant to the procedures in paragraph 2.A of the Court's Individual Practices.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
April 27, 2022

COHEN&GREEN    Page 3 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com