

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | **AMY ROBINSON**<br>*Senior Counsel*<br>arobinso@law.nyc.gov<br>Phone: (212) 356-3518<br>Fax: (212) 356-1148 |

**By ECF**

April 28, 2022

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re: *New York City Policing During Summer 2020 Demonstrations*,
          No. 20 Civ. 8924 (CM) (GWG)
          This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York and I am among counsel for the defense in the above-referenced matter. I write (1) in response to plaintiffs' letter to the Court dated April 14, 2022 (Dkt. No. 492) and (2) to seek the Court's direction to plaintiffs to use the *Bellamy* protocol to efficiently address the issue raised in plaintiffs' letter to the Court.

      In their letter of April 14, 2022, plaintiffs seek, "as long as necessary" to depose a 30(b)(6)/fact witness, Chief Gerard Dowling. Two days was previously agreed upon by the parties for his deposition, which has already taken place. Plaintiffs do not give a specific number of days which they contend is needed but reference the three to six and a half days some witnesses were deposed for in the RNC litigation. Additionally, plaintiffs have communicated to the undersigned that they intend to seek more than two-day depositions for other high-level deponents who were present at numerous protests during the protest period. Defendants emphatically oppose extending depositions for more than two days.

      First, the parties met and conferred several times on various issues in January and February 2022, regarding the high-level depositions, including the number of days which certain 30(b)(6) witnesses, the former Police Commissioner and the former Mayor would be deposed. Plaintiffs specifically requested two-day depositions for these deponents; defendants agreed to this request. Thus, the parties reached an agreement on this matter. There was a clear agreement after the meet and confer, and this agreement should be honored. As memorialized by the Court in the

transcript of proceedings dated April 12, 2022, attached as Exhibit A to plaintiffs' April 14 letter motion at issue here, Your Honor stated that you, "take agreements seriously". Your Honor further stated, "* * * you have to comply with your agreement." Tr. 29:15-16, 23-24.  Plaintiffs agreed to two-day depositions for certain deponents, and they should be held to that agreement.

      Second, it was entirely foreseeable that deponents, including Chief Dowling, would ask to review video during their depositions to refresh their recollections with respect to the eighty-three protests that they may have been present for and that occurred nearly two years ago.  These officers attended many, many protests during the eight-month long period, which encompasses the eighty-three protests that are the subject of this litigation, and they cannot possibly be expected to recall any one particular protest without the benefit of video to refresh their recollections.  It is simply unreasonable to expect otherwise.  Chief Dowling was present for forty protests.  And, indeed, plaintiffs were aware of this as they requested, as part of the pre-deposition protocol, a list of all of the protests the officers recall being present for on their list of eighty-three protests.  So to cast aspersions on Chief Dowling for lack of memory with respect to the forty protests that he was present for nearly two years ago is blatantly unfair.  To further state that Chief Dowling impeded and delayed the deposition by asking to have his memory refreshed as to these forty protests, many of which are very similar in nature, is absurd. This is a regular request at any deposition and is not negative reflection on the deponent.

      Plaintiffs devote much of their application outlining why counsel in each of the cases should have a further opportunity to question Chief Dowling. (Pls Ltr 4-5).  An entirely expected aspect of a deposition to come prepared with documents and video to refresh the witness's recollection, and this should be planned for accordingly.  Pr3eparing for the deposition should include coordination amongst counsel for each case to narrow and focus their questioning in order to complete the deposition in two days.  Furthermore, plaintiffs request for three to six and a half days for certain depositions citing what was done during the RNC litigation is entirely unworkable in this litigation.  This is not the RNC litigation.  The instant case is on a rocket docket and is moving at a much faster pace.  Discovery in the RNC litigation took more than five years.  We do not have five years in these consolidated cases.  We have a matter of months to depose fifty 30(b)(6) and high-level deponents in these cases.  Fairness dictates that theses deponent be provided with the requisite number of days to prepare them for deposition.  As stated above, it will not only be Chief Dowling that plaintiffs will seek days of deposition for; he is not the only high-level deponent who was present at many, many protests who was making decisions and giving orders.  Plaintiffs intend to seek more than two days for several witnesses.  This will be burdensome and is not proportional to the needs of these cases.  Seeking additional days for Chief Dowling and other deponents will exponentially expand discovery.  As Your Honor has stated, "I don't know if plaintiffs have heard it. But it's not the case that every document that plaintiffs want has to be produced if it's burdensome and not proportional. So between the 100 percent of what the plaintiffs want, there may be some lesser number that is  appropriate for production and they don't get the full  hundred percent." Court transcript of proceedings, Feb. 18, 2022, at 6.  While the production of documents is not directly on point here, the spirit of what was conveyed is on point.  Plaintiffs simply cannot get everything they want in this litigation, and that should apply to three to six and a half days of deposition for a number of witnesses.

Third, defendants suggested an entirely reasonable approach to address plaintiffs' issue, which would make these depositions much more effective, efficient and reduce the number of deposition days needed, i.e.,—adoption of the *Bellamy* protocol, which plaintiffs rejected out of hand. Given the sheer breadth of these multiple cases covering over eighty-three protests, defendants suggested to plaintiffs that to adequately prepare the high-level witnesses for their depositions and get through these depositions in the time allotted efficiently and without using deposition time for witnesses to review a multitude of documents and video, use of the *Bellamy* protocol for all high-level depositions. *See Bellamy v. City of New York*, et al., 12-CV-1025 (AMD) (PK) (Dkt. No. 138). In *Bellamy*, the Honorable Peggy Kuo ordered, "plaintiff to convey to defendants before each deposition the topics to be covered, the cases to be discussed, and the documents to be used, thereby narrowing the scope of the depositions and ensuring that they are proportion to the needs of the case." *Id*. at 2.

Defendants respectfully seek herein that the Court adopt herein the spirit of Judge Kuo's directive in Bellamy for both high-level witnesses and 30(b)(6) witnesses. While the 30(b)(6) witnesses each already have a list of deposition topics, it is imperative that plaintiff provide any relevant case law and the exhibits, including video, that they intend to use by a date certain before each deposition. This does not infringe on counsels' work product as defendants are not seeking the questions to be asked. Rather, we are attempting to streamline with process and not further extend the witnesses' time away from the job of policing the City. These items should be produced no later than the two-business day rule already in place for defendants' pre-deposition protocol, which includes video among other things.

Accordingly, (1) plaintiffs request for more than two days to depose any deponents, including Chief Dowling, should be denied, and (2) the Court should order that for all high-level and 30(b)(6) witnesses, plaintiffs must produce the topics of the deposition, identification of any cases to be discussed, and the exhibits, including video, that will be used at these depositions within forty-eight hours of the deposition.

Thank you for your consideration herein.

Respectfully submitted,

*Amy Robinson s/*
Amy Robinson
*Senior Counsel*
Special Federal Litigation Division

cc: To All Plaintiffs' Counsel *via* ECF