# Rickner PLLC

Rob Rickner | rob@ricknerpllc.com

April 29, 2022

**Via ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *In re: New York City Policing During Summer 2020 Demonstrations*,
             No. 20-CV-8924
             *This Filing is Related to All Cases*

Dear Judge Gorenstein:

I represent the *Sierra* Plaintiffs in the above-captioned Consolidated Cases. I write concerning our sanctions motion (Dkt. No. 504) arising from the City's failure to comply with the Court's orders concerning the Mullins documents, including the City's recent failure to comply with the Court's March 21, 2022 Order (Dkt. No. 457). We submit this reply to clarify the multiple misrepresentations made to the Court and to plaintiffs over the last week, as acknowledged in the recent filing from Division Chief Patricia Miller (Dkt. No. 523), in response to the Court's request (Dkt. No. 521).

## Introduction

In opposing *Sierra*'s sanctions motion, Senior Assistant Corporation Counsel Dara Weiss alleged that I had misled the Court, telling the Court that she had, in fact, offered by email to meet and confer about the Mullins documents. This statement was not true. Ms. Weiss has now acknowledged to plaintiffs' counsel that she never sent any such email. But prior to that admission, Ms. Weiss spent a full day not only insisting to plaintiffs' counsel that she had sent the email, but also sending us two separate documents that purported to be the email she sent, the email she now admits she never sent.

The two documents Ms. Weiss sent us over the course of April 27 raised many questions, as detailed below. Despite multiple requests, Ms. Weiss has offered no explanation as to either the origin of the two documents, her prior (incorrect) insistence that she sent a meet-and-confer email, or her misrepresentation to the Court that she had sent such a meet-and-confer email.

Indeed, it was only after I informed Ms. Weiss that I had engaged an ESI forensic expert to examine the documents she sent that she ultimately admitted that the email had never been sent at all.

Rickner PLLC

## The Events in Detail

In opposing Dkt. No. 504, regarding the City's failure to comply with the Court's Order that the City confer with plaintiffs' counsel about production of the Mullins documents, Ms. Wiess stated: "As an initial matter, plaintiffs failed to inform the Court that on March 24, 2022 defendants did in fact provide a meet and confer date of March 25, 2022 to plaintiffs. It was plaintiffs who did not respond to the undersigned['s] proposed meet and confer date." Dkt. No. 515. Ms. Weiss has now admitted that Defendants did not offer to confer as claimed—but only after the following extraordinary events took place.

After reading Ms. Weiss' April 26 submission, I was concerned that I had been in error, and that I had somehow overlooked her email offering to meet and confer. I immediately looked at my own email accounts and confirmed that I never received any such email from Ms. Weiss. I immediately emailed her to ask for a copy of the communication she referred to in her response to the sanctions motion.

At 10:38 a.m. on April 27, Ms. Weiss responded to my request, attaching a PDF of what she said was "the email to plaintiffs." **Exhibit A**. The document, a PDF titled "Mullins m&c email," purports to be an email dated March 24, 2022, from Ms. Weiss addressed to me and to the team email addresses for other plaintiffs' counsel.

I and all plaintiffs' counsel searched our email accounts and confirmed that none of us had received this purported March 24 email. Accordingly, J. Remy Green, counsel for the *Sow* and *Hernandez* plaintiffs, emailed Ms. Weiss to request that she forward a copy of the actual email she claimed to have sent. Having received no response, I then sent Ms. Weiss an email that requested she "forward the actual email, as an attachment, so it has the metadata intact."

At 3:13 p.m. on April 27, Ms. Weiss sent plaintiffs' counsel an email that purported to forward her original March 24 email suggesting a meet and confer. **Exhibit B.** Ms. Weiss explained, "The PDF I sent earlier was in fact created today, from the below email." *Id.*

There are a number of discrepancies between the PDF sent at 10:38 a.m., and the email that was sent at 3:13 p.m. The most glaring discrepancy is that the email address for *Wood* counsel was misspelled in the PDF but was corrected in the forwarded email. There is no reasonable explanation for this discrepancy if the PDF was a printout of an original native-file email.

Accordingly, Mx. Green and I again asked Ms. Weiss to send us the actual email as an attachment, with metadata preserved, and I engaged the services of an ESI forensic expert, Wolfgang Wilke, to ask him to look into both the PDF and the forwarded email.

The morning of April 28, I emailed Ms. Weiss to say that plaintiffs' counsel had found discrepancies in the documents she sent us and that we had engaged a forensic expert. I explained again that no plaintiff's counsel had received the email she claimed to have sent and again I requested that Ms. Weiss send us the actual email, with metadata intact (our third such request).

Rickner PLLC

Ms. Weiss responded minutes later:

> While attempting to send the email to you as an attachment, I came to realize that the email was never actually sent, which explains why no counsel never received it. I apologize for this error, and am writing to the Court to advise Judge Gorenstein of my misstatement in my April 28, 2022 letter.

**Exhibit C**.

Based on these facts, and other information provided, ESI expert Wolfgang Wilke drafted the attached declaration. **Exhibit D**. The exhibits to his declaration have been turned into PDFs for filing, but the materials he reviewed were in native format where indicated, and those can be provided to the Court if requested.

In that declaration, he reached two conclusions. *First*, he found that:

> Based on the volume of the discrepancies identified above, it is highly unlikely that the PDF was printed from a native email that was then forwarded as part of The Email. …

*Id*. at ¶ 23. But to make a conclusive determination he needs more information about the Law Department's computer system, and how Ms. Weiss created the PDF. *And second*, he found that:

> If The Email was in the drafts folder, it would have been apparent that it was not actually sent.

*Id*. at ¶ 30. Phrased differently, saying the email had been sent, when it had not been, was almost certainly not an accident.

After receiving Mr. Wilke's analysis, we sent a draft of this letter motion, with all the exhibits, including the declaration, to defense counsel, to give them a chance to explain what had happened. Defense counsel did not respond, but did file two letters acknowledging the misstatements.

## Conclusion

There is no reasonable explanation for Ms. Weiss having sent us two copies of an email – two *different* copies of an email – that she never sent, claiming that these were true copies of an actual email she had sent. Nor is there any reasonable explanation for Ms. Weiss's statement to the Court that she "did in fact provide a meet and confer date," when she now admits she did not.

If plaintiffs' counsel had accepted that the PDF was the actual email sent to us, rather than scrutinizing it and hiring an ESI expert to investigate, the false statement in the Defendants' opposition to the Mullins sanctions motion may never have been discovered. And the Court's Order on this sanctions motion may have been based on this false statement.

Rickner PLLC

Accordingly, we bring these matters to the Court's attention because we believe they are relevant to the pending sanctions motion, Dkt. No. 504.

We thank the Court for considering these issues.

Respectfully,

/s/

Rob Rickner