## DECLARATION OF WOLFGANG WILKE

I, WOLFGANG WILKE, being of the age of majority, am under no disability, and if sworn to testify, would competently testify to the truth of the following facts:

1.      I have personal knowledge of the facts and incidents described herein.

2.      I have been employed with 4Discovery, LLC, as a Forensic Investigator since 2014.  In this position, my duties and responsibilities include managing all aspects of computer forensics, mobile forensics, and electronic discovery cases.  I am directly involved in computer forensics imaging, analysis, and production.  I provide both expert testimony for court cases and reports including affidavits and declarations.  I have over 19 years of experience in computer forensic and electronic discovery matters and have worked on hundreds of matters involving disputes over digital evidence and electronic data.  A copy of my CV is attached as Exhibit A.

3.      I am a Certified Information Systems Security Professional (CISSP). This certification applies to the following areas: access control systems and methodologies, computer operations security, cryptography, application, and systems development, business continuity and disaster recovery planning, telecommunications and network security, security architecture and models, physical security, and security management practices.

4.      On or about April 27, 2022, 4Discovery was retained by Attorney Robert Rickner of Rickner PLLC to review electronic documents received from Ms. Dara Weiss on the same day.

5.      Mr. Rickner provided me with several electronic documents for my review.  I received an email with the subject "RE: [EXTERNAL] Mullins Meet and Confer Motion" sent by

Ms. Weiss and received by Mr. Rickner on April 27 at 10:28:23 AM (UTC -4) that included the attachment "Mullins m&c email.pdf".  I have attached a copy of this email message as Exhibit B.

6.     I also received an email with the subject "Fw: Mullins meet and confer" sent by Ms. Weiss and received by Mr. Rickner on April 27 at 3:13:24 PM (UTC -4).  I have attached a copy of this message as Exhibit C ("The Email").  Within the body of The Email is the statement "The PDF I sent earlier was in fact created today, from the below email."

7.     I reviewed the attachment to Exhibit B, "Mullins m&c email.pdf" ("The PDF").  The PDF appears to be a copy of the message allegedly sent March 24, 2022 at 6:15:33 PM from Ms. Weiss to multiple Attorneys and Attorney groups stating "We are available to meet and confer on this issue tomorrow at 10am".

8.     In order to create The PDF, Ms. Weiss would have had to navigate within her email client to the Sent Items folder and open the original email.  Then, using some methodology, the email would have been saved or printed to PDF format and saved locally on a computer or file share.  Finally, Ms. Weiss would have to add the file as an attachment to the email.

9.     In comparing The PDF to The Email, I found multiple discrepancies between the messages that Ms. Weiss confirmed should be duplicative.

10.    When emails are sent to multiple Parties, the Parties must be separated by a semi-colon (";"). On the "To:" line of both documents, every email address and group are separated by a semi-colon except after the email address "GrayLegalTeam@dwt.com".  In my experience, the email could not have been sent without that semi-colon between these Parties and the sender would have been notified of the issue.

11.　On both documents, the final email address "paynelitigationteam@nyclu.org" ends with a single quote (" ' ").  In every other example on the "To:" line, email addresses containing special characters are enclosed at the beginning and end of the email address with this character.  As no special characters are included in the email address, the single quote would not be necessary to include. Additionally, without a secondary single quotation, an email client would identify this issue to the sender and not allow a message to be sent until the issue was resolved.

12.　The Email contains a "To:" email address of "wood@kllflaw.com".  In The PDF, the "To:" email address is listed as "wood@kllfaw.com" (missing the final letter "l" in law.com).

13.　I confirmed that the email domain "kllfaw.com" does not exist (https://mxtoolbox.com/SuperTool.aspx?action=mx%3akllfaw.com).  Any email sent to the address in The PDF would have returned a non-delivery report to the sender, informing them that delivery to that address was not successful.

14.　I reviewed the underlying HTML source code for The Email.  Generally speaking, this code contains certain HTML tags which tell the email viewer how to display the message, including font type, font size, bolding, hyperlinks, and other items.

15.　Snippets of the Email source code contain the following HTML tags to generate the message header.  I have intentionally shortened sections of the snippet for brevity sake, indicated by "...":

 a.　&lt;b style="...">From:&lt;/b>&lt;span style="…"> Weiss, Dara (Law)

 b.　&lt;b>Sent:&lt;/b> Thursday, March 24, 2022 6:15 PM

c.   &lt;b&gt;To:&lt;/b&gt; Rob Rickner

d.   &lt;b&gt;Subject:&lt;/b&gt; Mullins meet and confer

The HTML tags &lt;b&gt; and &lt;/b&gt; indicate that the text contained between the tags, namely the headings, should be displayed in **BOLD** text.

16.   The Email accurately displays the headings in bold.  The PDF does NOT display the "FROM" heading in bold, but does display the other headings in bold.

17.   Within The Email, all email addresses are displayed in blue as well as underlined, indicating the email client is displaying this text as a hyperlink, including Ms. Weiss' email address in the signature.  This is a common email client feature to allow the user to click the email address to send a new message.

18.   The PDF also displays email addresses in blue and underlined, indicating that they were recognized as an email address.  However, the email address in Ms. Weiss' signature was not.

19.   Each of the hyperlinks displayed in The Email are active.  Meaning, that an action can be performed by clicking on the link.

20.   On The PDF, only some of the hyperlinks are active.  Hyperlinks can be clicked on The PDF for email addresses "GrayLegalTeam@dwt.com", "sierrateam@moskovitzlaw.com", "wood@kllfaw.com" [sic], and "paynelitigationteam@nyclu.org"".  The remaining email addresses simply appear to be formatted in blue and underlined, looking like hyperlinks even though they are simply plain text.

21.     The Email uses the heading for the date field of "**Sent:**".  The PDF uses the heading for the date field "**Date:**".

22.     The PDF contains a small arrow icon in front of the Date heading.  It is unclear what that arrow represents or why it is included in the document, but this arrow does not appear in The Email.

23.     Based on the volume of the discrepancies identified above, it is highly unlikely that the PDF was printed from a native email that was then forwarded as part of The Email..  However, without having access to the original email purported to be sent by Ms. Weiss, an understanding of her process to create The PDF, or access to the software used to generate The PDF, I cannot conclusively determine that the discrepancies listed above are truly and solely the result of some unexpected issue with the software used to generate The PDF or other technical glitch.

24.     I also received from Mr. Rickner an email with the subject "RE: [EXTERNAL] Re: Fw: Mullins meet and confer" sent by Ms. Weiss on April 28 at 10:39 AM (UTC -4).  I have attached a copy of this message as Exhibit D ("The Followup").  The Followup includes the statement "I came to realize that the email was never actually sent".

25.     Generally speaking, email messages can be composed and saved as draft messages.  These messages are typically saved in the "Draft" folder which usually contains a visual representation of the number of draft messages in the folder.  Once the message is sent, it is removed from the "Draft" folder and stored in the "Sent Items" folder.  An single email would not reside in both locations simultaneously.

26.    Several facts can be inferred from Ms. Weiss' acknowledgment that the email was never sent.

27.    First, The Email created on April 24 would only have resided in the Drafts folder. The email client would have, at a minimum, displayed the number "1" indicating that a draft existed.

28.    Second, in order to create The PDF on April 27, Ms. Weiss could not have located the source email in her sent folder as it resided only in the drafts folder. This is a clear indication the message was not sent.

29.    Third, in both the messages sent by Ms. Weiss referencing The PDF and The Email, Ms. Weiss never states the email was SENT to the Plaintiffs. Instead, the language used is "Attached is the email to plaintiffs" or "The PDF I **sent** (emphasis added) earlier was in fact created today, from the below email".

30.    If The Email was in the drafts folder, it would have been apparent that it was not actually sent.

31.    I certify that the foregoing statements are true and understand that if any of them is willingly false I may be subject to punishment.


WOLFGANG WILKE

April 28, 2022

6

# EXHIBIT A

**4Discovery**



# Wolfgang Wilke

## Forensic Examiner

215 N Green St
Chicago, IL 60607

312.924.5761
wolf@4discovery.com
www.4discovery.com

## Summary

Wolfgang Wilke has over 18 years of experience in all aspects of computer forensics and electronic discovery cases, including: protocol creation, forensic imaging, analysis, production for litigation support environments, affidavits, and declarations.

Wolfgang has been retained as an expert in cases involving: trade secret theft, intellectual property misappropriation, corporate espionage, fraud/embezzlement, enterprise level database analysis, software piracy, and employee misconduct. His consulting and expert witness testimonies have led to the convictions and settlements in numerous cases involving disputes over digital evidence and electronic data.

In addition to Wolfgang's computer forensics and electronic discovery work, he possesses a Bachelor's of Science in Accounting from Valparaiso University of Indiana in 1993.  He obtained his certification as a CPA in 1996.

In his current capacity at 4Discovery, Wolfgang is responsible for ongoing case management from the initial project start through final fulfillment.

## Experience

**4DISCOVERY**
FORENSIC EXAMINER
2014 - PRESENT
CHICAGO, IL

Aid in the investigation of criminal and civil cases such as intellectual property theft, fraud, and employee misconduct. Create forensic images (both in the lab and on-site at client locations) using various tools while maintaining chain of custody and documentation. Perform remote collections from file servers, email collections from Microsoft Exchange, and cloud-based collections from Gmail, Dropbox, Amazon, and other third-party sources. Work with clients to develop case strategies, write electronic discovery protocols, and create solutions to technical issues that arise during examinations.

Conduct forensic analysis using X-Ways, Cellebrite, XRY, Internet Evidence Finder, Nuix, EnCase, FTK, Elcomsoft, and numerous third-party and open source tools. Examine forensic artifacts such as registry artifacts, document metadata, and log files. Provide documentation of analysis procedures and presented findings. Authored expert reports, affidavits, and declarations.

**CYBERCONTROLS, LLC**
PARTNER
2002 - 2014
BARRINGTON, IL

Consultant to litigators in matters pertaining to electronic discovery and analysis of electronic evidence as well as certain intellectual property issues. Supervise and coordinate several hundred case investigations. Conduct complex computer forensic examinations.

**ALTERIAN**
TECHNICAL SALES
CONSULTANT
2001 - 2002
CHICAGO, IL

Acted as a technical interface between the sales representative and the prospect to facilitate software sales. Performed proofs of concept to demonstrate the capabilities of the software package.  Developed new interfaces, demonstration material, and reports using a variety of software languages. Worked with existing clients to solve technical issues and increase their sales volume.

**TECSYS US**
TECHNICAL SERVICES
MANAGER
1993 - 2001
Schaumburg, IL

TECHNICAL SERVICES MANAGER – 1997 to 2001
APPLICATION CONSULTANT – 1995 to 1997
CONTROLLER – 1993 to 1995

Directed the Client Services Department responsible for providing ongoing support and services to the current client base. Sold professional software services to existing customers. Project managed several complex custom software implementations over a large time scale. Performed second and third line support and troubleshooting duties to client base for both the software and database applications.

## Certifications & Education

**Certified Information Systems Security Professional (CISSP** / (ISC)²)
2020

**EnCase Enterprise, Response, Auditing, and Discovery** /
Guidance Software
2003

**Certified Public Accountant (CPA)** / Illinois
1996

**B.S. Accounting** / Valparaiso University
1993

## Expert Testimony

**August, 2021**

JACOB HAYWARD AND CORISSA HAYWARD v. JERRY W. SHIER AND RAY CARROLL COUNTY GRAIN GROWERS, INC. (17LF-CV000879 FIFTEENTH JUDICIAL CIRCUIT COURT OF LAFAYETTE COUNTY, MISSOURI)

Judicial Officer - Dennis Allen Rolf

Retained by Plaintiff to review mobile phone artifacts.  Provided trial testimony regarding the availability of evidence that could be recovered from several devices.

**August, 2021**

BAKEMARK USA, LLC v. JAVIER NAVARRO, et al.
(21-cv-02499 US DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA)

Retained by Plaintiff to analyze custodial email accounts to locate deleted messages Defendants were known to have sent to personal email accounts.  Provided deposition regarding the deletion activity.

**February, 2021**

RYZE CLAIM SOLUTIONS LLC v. IGNACIO HIDALGO (49D01-2008-PL-026256 SUPERIOR COURT OF MARION COUNTY, INDIANA)

Retained by Plaintiff to analyze custodial activity and actions relating to proprietary documents.  Provided deposition regarding analysis and findings relating to multiple devices.

**October, 2019**

JACOB HAYWARD AND CORISSA HAYWARD v. JERRY W. SHIER AND RAY CARROLL COUNTY GRAIN GROWERS, INC. (17LF-CV000879 FIFTEENTH JUDICIAL CIRCUIT COURT OF LAFAYETTE COUNTY, MISSOURI)

Judicial Officer - Dennis Allen Rolf

Retained by Plaintiff to review mobile phone artifacts.  Provided deposition regarding the availability of evidence that could be recovered from several devices.

**September, 2019**

MAKINO INC. ET AL v. ANTON J HOETTEL, ET AL (17-06347-CBB SEVENTEENTH CIRCUIT COURT FOR THE COUNTY OF KENT, MICHIGAN)

Judicial Officer - Christpher P. Yates

Retained by Defense to analyze custodial email activity surrounding proprietary documents.  Provided expert report and deposition regarding the deletion of relevant emails.

**March, 2019**

SAMARIE JACKSON AND ANITA HENDERSON v. THINKDIRECT MARKETING GROUP, INC. (16-cv-03749 UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF GEORGIA)

Judicial Officer - Michael L. Brown

Retained by Defense to analyze systems utilized by telework employees.  Provided expert report and deposition regarding the difficulties in determining a remote employees start time in this wage/hour dispute.

**February, 2019**

ARIZA, ET. AL. v. LUXOTTICA RETAIL NORTH AMERICA, INC. D/B/A LENSCRAFTERS (1:17-cv-05216-PKC-RLM UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK)

Judicial Officer - Chief Justice Roanne L. Mann

Retained by Plaintiff to validate cost estimates and ESI protocols provided by vendors retained by Defense.

**July, 2016**

RUCHOTZKE, JOSHUA vs. ROBERTS, BRADLEY D.O. (13-L-00078 TENTH JUDICIAL CIRCUIT COURT OF PEORIA COUNTY, ILLINOIS) -

Judicial Officer - Michael P. McCuskey

Court appointed expert to analyze medical records database to determine whether or not all medical record information was produced by Defendant and whether or not any medical record information was deleted through an examination of audit log detail.  Deposed on findings.

**July, 2015**

RUCHOTZKE, JOSHUA vs. ROBERTS, BRADLEY D.O. (13-L-00078 TENTH JUDICIAL CIRCUIT COURT OF PEORIA COUNTY, ILLINOIS) -

Judicial Officer - Michael P. McCuskey

Court appointed expert to analyze medical records database to determine whether or not all medical record information was produced by Defendant and whether or not any medical record information was deleted through an examination of audit log detail.  Testifying expert.

**July, 2010**

UNITED BUSINESS SERVICES L P vs. BANKCARD PROCESSING INTERNATIONAL L L C  (200630498 152ND CIVIL COURT OF HARRIS COUNTY, TEXAS)

Judicial Officer - Robert K. Schaffer

Retained by the Plaintiff to validate whether or not certain documents were created and printed during the time frame testified to by both Plaintiff and Defense witnesses.  Was able to prove via document metadata that Defendant's testimony about the creation of documents was inaccurate as well as authenticate Plaintiff's timeframe testimony. Testifying expert.

**July, 2009**

RICHARD PEAL vs. GLENVIEW PARK DISTRICT,et al. (2006-L-008871 CIRCUIT COURT OF COOK COUNTY, ILLINOIS)

Judicial Officer - Jennifer Duncan-Brice

Retained by the Defendant to challenge the authorship of multiple incident reports created by Plaintiff.  While unable to locate reports, was able to show Plaintiff used multiple erasing software programs and other methods to destroy pertinent discoverable data.  Findings resulted in dismissal of Plaintiff's claim.  Testifying expert.

**August, 2008**

STATE OF ILLINOIS vs. ARIAN WADE  (05 CR 4334 CIRCUIT COURT OF COOK COUNTY, ILLINOIS)

Judicial Officer - Matthew Coghlan

Retained by the Defendant to challenge the validity of memos created by the Police Department to support a search warrant. Was able to prove via metadata the memos were created after the search warrant was issued and back dated.  Client was found innocent on all charges. Testifying expert.

**May, 2008**

HUDSON GLOBAL RESOURCES HOLDINGS, INC. et al vs. HILL (02:07cv132 UNITED STATES DISTRICT COURT WESTERN DISTRICT OF PENNSYLVANIA)

Judicial Officer - Terrence F. McVerry

Retained by Defendant to electronic discovery.  Assisted Defendant to prove that an external storage device containing Plaintiff's confidential information was not accessed by Client after he left Plaintiff's employ.

**March, 2007**

FREES, INC. vs. PHIL McMILLIAN, et al. (Civil Act. No. 05-1979 UNITED STATES DISTRICT COURT WESTERN DISTRICT OF LOUISIANA SHREVEPORT DIVISION)

Judicial Officer - S. Maurice Hicks, Jr.

Retained by Plaintiff. Examination of computers in unfair competition and trade secrets case to determine what electronic information had been deleted from company and personal computers. Filed Declaration of my findings. Conducted preservation and examination of Defendant's computer systems and reported findings.

**August, 2006**

EMERSON NETWORK POWER ET AL VS COSLEY, MICHAEL R (05CH000605 22ND JUDICIAL CIRCUIT COURT, MCHENRY COUNTY, ILLINOIS)

Judicial Officer - Michael T. Caldwell

Retained by the Plaintiff. Assisted in conducting electronic discovery on Plaintiff electronic evidence.  Created search and examination protocols to assure Defendant was performing adequate discovery. Also assisted Counsel in analyzing electronic documents produced by opposing party to help understand their context and meaning.

**July, 2006**

A; K vs. UNIVERSITY OF TAMPA (06-CA-004985 CIRCUIT COURT HILLSBOROUGH COUNTY, FLORIDA)

Judicial Officer - Mark Wolfe

Retained by the Plaintiff to determine if a document was ever accessible via the University's website at the time litigation was filed. Proved the document did exist and was contrary to the University's policies.  Findings resulted in injunctive relief for the client.  Testifying expert.

**March, 2005**

BOSTON POWER GROUP vs. ALSTOM POWER INC. (American Arbitration Association)

Retained by Plaintiff. Examined contents of over 50 computers used by Plaintiff to assist in the production of electronic documents.

**July, 2004**

DOMASTIC USA, INC. v. REZA PIRASTEH (3:02-cr-00327-H-2 U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS, DALLAS)

Judicial Officer - Barefoot Sanders

Retained by Defendant.  Collaborated with counsel and client to help prove Plaintiff was deficient in production of documents pertinent to Clients defense.

## Skills

| **Software** | X-Ways, Cellebrite, XRY, Internet Evidence Finder, Nuix, EnCase, FTK, Elcomsoft, and numerous third-party and open source tools.  Microsoft Operating Systems, UNIX/LINUX Operating Systems, Microsoft SQL Server, Oracle/MySQL Databases, IBM/Informix Databases, Lotus Notes, Microsoft Office |
| --- | --- |
| **Programming Languages** | Visual Basic, Java, Javascript, PHP, .NET, |

# EXHIBIT B

| | |
|---|---|
| **From:** | Weiss, Dara (Law) <daweiss@law.nyc.gov> |
| **Sent:** | Wednesday, April 27, 2022 10:28 AM |
| **To:** | Rob Rickner |
| **Cc:** | sierrateam@moskovitzlaw.com; wood@kllflaw.com; 'Sow-Legal'; Hernandez Team; 'AG-NYPDLitigation'; 'paynelitigationteam@nyclu.org'; GrayLegalTeam@dwt.com |
| **Subject:** | RE: [EXTERNAL] Mullins Meet and Confer Motion |
| **Attachments:** | Mullins m&c email.pdf |

Rob,

Although I can't remember why we were unavailable on the 25th to meet specifically on the Conforti privilege log issue, my best guess is that someone on our side who was involved was unavailable.

Both Bridget Fitzpatrick from NYPD and myself were, in fact, available on March 25th to speak about the Mullins issue. Attached is the email to plaintiffs.

Best,

Dara

-----Original Message-----
From: Rob Rickner <rob@ricknerpllc.com>
Sent: Tuesday, April 26, 2022 6:43 PM
To: Weiss, Dara (Law) <daweiss@law.nyc.gov>
Cc: sierrateam@moskovitzlaw.com; wood@kllflaw.com; 'Sow-Legal' <Sow-Legal@blhny.com>; Hernandez Team <hernandez@femmelaw.com>; 'AG-NYPDLitigation' <AG.NYPDLitigation@ag.ny.gov>; 'paynelitigationteam@nyclu.org' <paynelitigationteam@nyclu.org>; GrayLegalTeam@dwt.com
Subject: [EXTERNAL] Mullins Meet and Confer Motion

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).

Dara,

In your recent response to the Mullins motion, you stated that "plaintiffs failed to inform the Court that on March 24, 2022 defendants did in fact provide a meet and confer date of March 25, 2022 to plaintiffs."

The only communication from you or your team is the attached March 24th email where you state, with respect to meeting and conferring, "We have no availability tomorrow."

Please provide a copy of the communication you refer to in your letter immediately.

Thank you,

Rob Rickner

--
 Rob Rickner (he/him)
 rob@ricknerpllc.com
 https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.ricknerpllc.com%2F&amp;data=05%7C01%7Cdaweiss%40law.nyc.gov%7C011d7ded7bce48a53c7a08da27d627a1%7C32f56fc75f814e22a95b15da66513bef%7C0%

7C0%7C637866098733395957%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C0%7C%7C%7C&amp;sdata=IrXigTYG4V3k%2FtjSquhQ5yid94bnJrDn%2F9b4T5te%2F7E%3D&amp;reserved=0

212-300-6506

| From: | Weiss, Dara (Law) |
|---|---|
| **To:** | Rob Rickner; 'AG-NYPDLitigation'; Hernandez Team; GrayLegalTeam@dwt.com |
| | 'Sow-Legal'; sierrateam@moskovitzlaw.com; wood@kllfaw.com; paynelitigationteam@nyclu.org' |
| **Subject:** | Mullins meet and confer |
| **Date:** | Thursday, March 24, 2022 6:15:33 PM |

Counselors:

We are available to meet and confer on this issue tomorrow at 10am

Best,

Dara

_____

Dara L. Weiss
Senior Counsel
New York City Law Department
Special Federal Litigation
100 Church Street
New York, New York 10007
(212) 356-3517 (phone)
(212) 356-3509 (fax)
Daweiss@law.nyc.gov

# EXHIBIT C

| | |
|---|---|
| **From:** | Weiss, Dara (Law) <daweiss@law.nyc.gov> |
| **Sent:** | Wednesday, April 27, 2022 3:13 PM |
| **To:** | Rob Rickner; remy green |
| **Cc:** | Sierra Team; Sow-Legal@blhny.com; Payne Litigation Team; Gray Legal Team-External; Hernandez Team; AG-NYPDLitigation; wood |
| **Subject:** | Fw: Mullins meet and confer |

Rob, Remy,
The PDF I sent earlier was in fact created today, from the below email.
Best,
Dara

_____
____

**From:** Weiss, Dara (Law) <daweiss@law.nyc.gov>
**Sent:** Thursday, March 24, 2022 6:15 PM
**To:** Rob Rickner <rob@ricknerpllc.com>; 'AG-NYPDLitigation' <AG.NYPDLitigation@ag.ny.gov>; Hernandez Team <hernandez@femmelaw.com>; GrayLegalTeam@dwt.com <GrayLegalTeam@dwt.com> 'Sow-Legal' <Sow-Legal@blhny.com>; sierrateam@moskovitzlaw.com <sierrateam@moskovitzlaw.com>; wood@kllflaw.com <wood@kllflaw.com>; paynelitigationteam@nyclu.org' <paynelitigationteam@nyclu.org>
**Subject:** Mullins meet and confer

Counselors:

We are available to meet and confer on this issue tomorrow at 10am

Best,
Dara

_____
Dara L. Weiss
Senior Counsel
New York City Law Department
Special Federal Litigation
100 Church Street
New York, New York 10007
(212) 356-3517 (phone)
(212) 356-3509 (fax)
Daweiss@law.nyc.gov

# EXHIBIT D

| | |
|---|---|
| **From:** | Weiss, Dara (Law) <daweiss@law.nyc.gov> |
| **Sent:** | Thursday, April 28, 2022 10:39 AM |
| **To:** | Rob Rickner; remy green |
| **Cc:** | sierrateam@moskovitzlaw.com; 'Sow-Legal'; 'paynelitigationteam@nyclu.org'; graylegalteam@dwt.com; Hernandez Team; 'AG-NYPDLitigation'; wood@kllflaw.com |
| **Subject:** | RE: [EXTERNAL] Re: Fw: Mullins meet and confer |

Counselors,

While attempting to send the email to you as an attachment, I came to realize that the email was never actually sent, which explains why no counsel never received it.  I apologize for this error, and am writing to the Court to advise Judge Gorenstein of my misstatement in my April 28, 2022 letter.

Best,
Dara

---

**From:** Rob Rickner <rob@ricknerpllc.com>
**Sent:** Thursday, April 28, 2022 10:16 AM
**To:** Weiss, Dara (Law) <daweiss@law.nyc.gov>; remy green <remy@femmelaw.com>
**Cc:** sierrateam@moskovitzlaw.com; 'Sow-Legal' <Sow-Legal@blhny.com>; 'paynelitigationteam@nyclu.org' <paynelitigationteam@nyclu.org>; GrayLegalTeam@dwt.com; Hernandez Team <hernandez@femmelaw.com>; 'AG-NYPDLitigation' <AG.NYPDLitigation@ag.ny.gov>; wood@kllflaw.com
**Subject:** [EXTERNAL] Re: Fw: Mullins meet and confer

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).

Dara,

We have reviewed the PDF and the forwarded email relating to the Mullins meet and confer. We have also engaged an ESI forensics expert to examine those electronic documents. There are material, unexplained discrepancies between the two. And none of the attorneys the email was purportedly sent to received it. As a result, we have serious questions as to whether this email was ever sent at all.

Please send us the email, as an attachment, not a forward, with the original email header and all metadata intact. Forwarding the email, or turning it into a PDF, removes this important information. This is our third request for this email, in this format. If you do not know how to do this yourself, please have someone from your technical support staff assist you.

If we do not receive this email from you by 4pm today, we will bring the matter to the Court.

Thank you,

Rob Rickner

--
  Rob Rickner (he/him)

rob@ricknerpllc.com
www.ricknerpllc.com
212-300-6506

On Wed, Apr 27, 2022, at 3:13 PM, Weiss, Dara (Law) wrote:

Rob, Remy,
The PDF I sent earlier was in fact created today, from the below email.
Best,
Dara

_____
_____

**From:** Weiss, Dara (Law) <daweiss@law.nyc.gov>
**Sent:** Thursday, March 24, 2022 6:15 PM
**To:** Rob Rickner <rob@ricknerpllc.com>;  'AG-NYPDLitigation'
<AG.NYPDLitigation@ag.ny.gov>; Hernandez Team <hernandez@femmelaw.com>;
GrayLegalTeam@dwt.com <GrayLegalTeam@dwt.com> 'Sow-Legal' <Sow-Legal@blhny.com>;
sierrateam@moskovitzlaw.com <sierrateam@moskovitzlaw.com>; wood@kllflaw.com
<wood@kllflaw.com>; paynelitigationteam@nyclu.org' <paynelitigationteam@nyclu.org>
**Subject:** Mullins meet and confer

Counselors:

We are available to meet and confer on this issue tomorrow at 10am

Best,
Dara

_____
Dara L. Weiss
Senior Counsel
New York City Law Department
Special Federal Litigation
100 Church Street
New York, New York 10007
(212) 356-3517 (phone)
(212) 356-3509 (fax)
Daweiss@law.nyc.gov