

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **JENNY WENG**<br>*Senior Counsel*<br>jweng@law.nyc.gov<br>Phone: (212) 356-2648<br>Fax: (212) 356-1148 |

May 3, 2022

**By ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re:  *New York City Policing During Summer 2020 Demonstrations*,
            No. 20 Civ. 8924 (CM) (GWG)
            This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. Defendants write seeking clarification as to the argument in plaintiffs' April 20 Letter that this Court requires a privilege log for every redaction in defendants' productions made on the basis of privilege. *See* ECF No. 506 at 2-3. In the event that plaintiffs' interpretation of this Court's ruling is accurate, defendants respectfully request that the Court reconsider and relieve defendants of this requirement for the reasons set forth below.

      By way of background, plaintiffs filed a letter dated April 20, 2022 (Dkt # 506)("April 20 Letter") in further support of their motion for sanctions (Dkt # 501) on the grounds that defendants' privilege log in connection with their April 15, 2022 production was provided two business days late and suffered various deficiencies. On April 22, 2022, this Court denied plaintiffs' request for sanctions as to the brief delay in defendants' production of the privilege log and ordered the parties to meet and confer regarding the adequacy of the log (Dkt # 513). Pursuant to the parties' ensuing meet and confer, defendants agreed to provide a revised privilege log by May 3, 2022. That log was produced today.

      Plaintiffs' April 20 Letter cites an excerpt from the transcript of the February 18, 2022 conference, in which this Court stated that privilege logs must be provided contemporaneously with productions. (Tr. 2/18/2022 Conf. at 118:9-120:9) During the initial discussion among Your Honor and the parties, none of the speakers specifies to which type of privilege log they are referring – logs for documents withheld in full, logs for redactions made on the basis of privilege within produced documents, or both.[1] However, after the Court inquired why defendants might

---

[1] Defendants have provided privilege logs for documents withheld in full for all productions to date.

sometimes require additional time to prepare privilege logs, the topic turned to privilege logs for privilege-related redactions, prompting a segue. *See* Tr. 2/18/2022 Conf. at 119:10-13 ("There's also going to be personally identifiable information, PII, you know, there could be police officers' personal phone numbers or their families' names…"). In response, this Court stated: "…If you're redacting something and it's obvious it's someone's name or date of birth or social security number, you don't have to do a privilege log for that. All right, I'll tell you that now. Anything else, yes, but just things that are personal identifying information, minor redaction that's obvious from context what it is, you don't have to do a log." *Id.* at 119:17-24. Plaintiffs argue that by this statement, this Court requires defendants to provide a privilege log for all privilege-based redactions in their productions; however, defendants find the transcript unclear and thus respectfully seek clarification from the Court as to this issue.

Assuming this Court finds that plaintiffs' interpretation is accurate and defendants are required to provide logs for every redaction based on privilege, defendants respectfully request that the Court reconsider and relieve defendants of this requirement. As an initial matter, it is important to consider the scope of the productions at issue and, more specifically, the volume of documents containing redactions based on privilege. To date, defendants have produced a total of **6,377 documents** containing privilege redactions, amounting to an approximate total of **30,900 pages** – each of which would need to be individually reviewed by defendants to locate the relevant redactions for inclusion in any log.

Second, the Local Rules of Civil Procedure ("Local Rules") do not require defendants to log every redaction based on privilege. On the contrary, the provision of a traditional privilege log for redactions in the instant circumstances would be counter to the Local Rules' aim of promoting efficiency in discovery, *see* Local Rule 26.2(c), and would undermine the guiding principles of Federal Rule of Civil Procedure 1, namely the "just, speedy, and inexpensive determination of every action and proceeding." Committee Note to Local Rule 26.2 (citing Fed. R. Civ. P. 1). The Committee Note to Local Rule 26.2 instructs:

> With the advent of electronic discovery and the proliferation of e-mails and e-mail chains, traditional document-by-document privilege logs may be extremely expensive to prepare, and not really informative to opposing counsel and the Court. There is a growing literature in decisions, law reviews, and other publications about the need to handle privilege claims in new and more efficient ways. **The Committee wishes to encourage parties to cooperate with each other in developing efficient ways to communicate the information required by Local Civil Rule 26.2 without the need for a traditional privilege log.** Because the appropriate approach may differ depending on the size of the case, the volume of privileged documents, the use of electronic search techniques, and other factors, the purpose of Local Civil Rule 26.2(c) is to encourage the parties to explore methods appropriate to each case. The guiding principles should be cooperation and the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Local Rule 26.2, Comm. Note (emphasis added).  Thus, defendants' approach as described below is entirely consistent with Local Rule 26.2[2].

      Defendants include all necessary information about privilege-based redactions on the face of the redacted documents themselves.  The intentional use of text boxes for redaction (rather than standard black boxes) permits defendants to indicate the specific basis for each redaction within the redaction box itself (e.g., "LEP" or "ACC").  The documents provide the necessary context; from the unredacted content surrounding the redaction, the reader can glean information about the nature of the redacted material and the document as a whole.  Defendants submit that this approach provide all the required information (to the extent it ever existed) and is more convenient for the reviewer as they do not then have to compare the information on a log against the redaction on a document.  This strategy is far more efficient and more proportional, given the enormous volume of material produced in the instant litigation.  It is also more in line with the Federal and Local Rules governing discovery.

      In light of the foregoing, defendants seek clarification of the Court's prior Order.  If plaintiffs' interpretation is correct and a privilege log is required for all privilege-based redactions, then defendants respectfully request that the Court reconsider this ruling and relieve defendants of this requirement to be consistent with the Federal and Local Rules.

      Thank you for your consideration herein.

      Respectfully submitted,

*Jenny Weng /s*

Jenny Weng
*Senior Counsel*
Special Federal Litigation Division

cc:    ALL COUNSEL (via ECF only)

---

[2] Upon request, defendants can provide the Court with exemplars of documents redacted on the basis of privilege.