

**HON. SYLIVA HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**GENEVIEVE NELSON**
*Senior Counsel*
Phone: (212) 356-2645
gnelson@law.nyc.gov

**By ECF**  
Honorable Gabriel W. Gorenstein  
United States Magistrate Judge  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007  

May 4, 2022

    In Re: *New York City Policing During Summer 2020 Demonstrations*,
No. 20 Civ. 8924 (CM) (GWG)
This filing is related to all cases

Your Honor:

    I am a Senior Counsel in the Office of the Honorable Sylvia Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. Defendants write in response to Plaintiffs' letter, dated April 19, 2022, seeking sanctions (Dkt.# 504) and in compliance with the Court's Order, dated May 2, 2022 (Dkt.# 526).

**Prior Relevant History**

    By Order, dated March 21, 2022 (Dkt.# 457), the Court sanctioned Defendants for failing to meet its deadline for production of documents responsive to Plaintiffs' document requests concerning racist statements made and a video circulated by former NYPD Sgt. Edward Mullins (Consolidated Plaintiffs' Document Requests Nos. 79 and 94 or "the Mullins Requests"). The Court also ordered Defendants to meet and confer with Plaintiffs concerning the production of documents responsive to these requests.

    Prior to the Court's March 21st Order, on March 8, 2022, following a reasonable search, Defendants produced to Plaintiffs documents responsive to the Mullins Requests. Document Request No. 79 sought documents concerning any investigations and any discipline or recommendations of discipline about the "circulation of a racist video in August 2019." Document Request No. 94 sought documents concerning NYPD investigations into the distribution of the same video and also the February 2021 Civilian Complaint Review Board ("CCRB") substantiation of three complaints against Mullins for offensive language and abuse of authority.

Defendants produced the investigation files concerning the three CCRB complaints. Defendants also produced documents regarding the substantiated determinations against Mullins for use of offensive language and abuse of authority, including Charges & Specifications and NYPD logs related to those Charges. In addition, Defendants produced Mullins' CCRB history and IAB Resume as evidence that no investigation was conducted concerning the 2019 video.

**Recent Meet and Confer**

On April 28, 2022, the Court issued an Order directing the parties to meet and confer on April 29, 2022, or another mutually convenient date, concerning the Mullins Requests. (Dkt.# 520). Despite that Order being vacated the following day, the parties did, in fact, meet and confer on April 29th. The meeting primarily concerned the following issues: 1) any investigation into the 2019 video; 2) whether the investigation files were complete; and 3) whether there were other documents "related to" the CCRB complaints.

As to the first issue, Bridget Fitzpatrick, Managing Attorney of the Civil Litigation at NYPD, who also attended this meeting, reiterated that NYPD did not conduct an investigation into the circulation of a 2019 video, again noted the lack of entry on the IAB Resume regarding an investigation, and advised on the searches conducted. Defendants offered to make the requests *again* to CCRB, and Ms. Fitzpatrick stated she would confirm the searches done by NYPD. Today, CCRB again confirmed that it conducted no investigation related to a 2019 video. NYPD has also re-confirmed that it searched Mullins' disciplinary Resume and found no investigation documents concerning the 2019 video. In an abundance of caution, NYPD is checking other investigations noted on the IAB Resume to determine if they were somehow related to this 2019 video.

As to the second issue, Plaintiffs represented that from reading the CCRB files there are references that *might* indicate there may be missing information, specifically interviews not captured. Defendants asked for page references but Plaintiffs did not have those Bates numbers. There were also discussions about a "memo" that Benjamin Tucker testified at his deposition would have been prepared concerning discipline. We have asked for the applicable pages of that deposition transcript and await receipt from Plaintiffs. In any event, in an abundance of caution, Defendants have asked that CCRB re-send the file and we can re-produce them to Plaintiffs.

As to the third issue, plaintiffs requested and Defendants asked CCRB to provide transcripts and related documents from the administrative trials conducted by CCRB's Administrative Prosecution Unit ("APU") referred to in Plaintiffs' letter. To date, CCRB has searched and located the transcript and other documents related to a disciplinary trial. In addition, NYPD conducted an email search and the only communication it found was a decision by the Deputy Commissioner of Public Information ("DCPI") to not comment on a newspaper article concerning Mullins. With respect to the departmental trial conducted by NYPD, NYPD has requested materials from the Department Advocate's Office and from the Office of the Deputy Commissioner of Trials.

In response to requests made to DOI concerning any documents responsive to the Mullins Requests, which was raised for the first time at the meet and confer, DOI conducted searches of its Case Management System and NYPD Inspector General's system and to date has not found

any responsive documents. DOI has informed Defendants that it will continue its search for responsive information.

Lastly, Plaintiffs asked that Defendants advise them within seven days of the meet and confer as to when they believe they can produce any additional records located as a result of that meeting. Defendants intend to honor that request as to the documents described herein. To the extent that defendants are, or will be, withholding any documents based on privilege, we will produce a corresponding privilege log within days of the production(s).

**Denial of Request for Sanctions**

The undersigned was not present at previous meet and confers on this issue and so can only speak to the meeting on April 29th. Defendants represent that they have not "refused" to produce documents responsive to the Mullins Requests and believe that adequate and reasonable searches were conducted. Defendants were completely forthcoming as to the searches conducted prior to the production of documents on March 8th, with respect to the disciplinary investigations and the discipline determination as specified in the Mullins Requests. To date, NYPD has not located any documents reflecting an investigation by NYPD regarding the 2019 video. As mentioned at the April 29th meeting, searches would be refined and expanded, as practicable, based on the concerns Plaintiffs raised. Defendants did re-new requests and, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, will supplement the previous productions. Defendants also expanded the requests to include disciplinary trials records that are separate files and indeed are separate requests.

A party moving for sanctions for failure to disclose documents bears the burden of showing that the opposing party "failed timely to disclose information required by Rule 26," including demonstrating that the party that failed to produce evidence had a "culpable state of mind." *In re Sept. 11 Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007). However, the Court has already sanctioned Defendants for its failure to comply with the production deadline. The failure concerning the meet and confer was on the one attorney involved and not in any manner attributable to the client. Indeed, the client confirmed that they had provided a date and were ready to meet and confer on that date in accordance with the Court's Order. Any additional sanctions imposed at this time should be "just and commensurate with the failure to comply." *Biosafe-One, Inc. v. Hawks*, 639 F. Supp. 2d 358, 370 (S.D.N.Y. 2009) (citing Fed. R. Civ. P. 37(b)(2)), as well as "narrowly tailored to remedy[] the specific prejudice that the party seeking discovery would otherwise suffer." *Rivera v. New York City Housing Auth.*, No. 94 Civ. 4366, 1998 WL 108032, at *1 (S.D.N.Y. Mar. 11, 1998). Plaintiffs have not claimed, nor have they suffered, any prejudice. In addition, an adverse inference is an "extreme sanction" that "should not be given lightly." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220 (S.D.N.Y. 2003), and granting such sanction as suggested by Plaintiffs is neither just and commensurate with, nor narrowly tailored to, remedy any of Plaintiffs' complaints.

**Conclusion**

In light of the effort to rectify the previous failure to comply with the Court's Order and effort to further supplement the responses to these two document requests as described herein,

Defendants submit that neither an adverse inference, nor any other sanction, is necessary on this issue.

        Defendants thank the Court for its consideration herein.

Respectfully submitted,

*Genevieve Nelson s/*

Genevieve Nelson
*Senior Counsel*
Special Federal Litigation Division

cc:      ALL COUNSEL (via ECF only)