UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In Re: New York City Policing During Summer        :          ORDER
2020 Demonstrations                                                          20 Civ. 8924 (CM) (GWG)
                                                                              :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

With regard to the dispute raised in Docket ## 529 and 533, the Court agrees that the City need not produce a log that simply provides the categories of information listed in Local Rule 26.2 when the categories of information are discernable from the surrounding context of a redaction. Additionally, the Court rejects any argument that the log must make a "threshold" showing that a privilege attaches or must provide other information beyond what is required by Local Rule 26.2 that would justify the privilege (such as the "nature of legal advice requested" or a showing that litigation "was anticipated," Docket # 533, at 4). The case law cited for this proposition largely relates to the showing that must be made by the proponent of the privilege in the context of a motion addressed to the substance of the privilege — and thus does not address particular categories of information that must be contained in a privilege log. Significantly, Local Rule 26.2 contains no requirement that substantive elements of a privilege be contained in a privilege log.

That said, the plaintiffs' letter suggests there are instances where the categories of information required by Local Civil Rule 26.2 cannot be discerned from the context of non-redacted material in a document (for example, where there have been redactions of entire documents or large numbers of pages). The parties shall confer _immediately_ about this matter. For any redaction where the surrounding unredacted material does not provide the information required by Local Civil Rule 26.2, the City must provide such information forthwith.

The Court concludes by noting that plaintiffs' letter's focus on the "threshold" showing, while not germane to the privilege log requirement, does raise an important issue that the City must consider. The City must understand that it has a strong incentive to provide to plaintiffs, when requested, information beyond what is required in the privilege log to ward off any possible challenges to its claims of privilege. If the City fails to provide information that suggests a proper assertion of privilege, the plaintiffs might seek permission to move to compel production and, if a motion is ultimately made, the burden will be entirely on the City to justify the withholding as a substantive matter. An unnecessary motion of this kind will burden both the City and the Court. Thus, when inquiry is made, the City should be as forthcoming as possible about its basis for withholding documents as privileged.

SO ORDERED.

Dated: New York, New York
      May 9, 2022

                                                                         _____
                                                                         GABRIEL W. GORENSTEIN
                                                                         United States Magistrate Judge