UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In Re: New York City Policing During Summer        :          ORDER
2020 Demonstrations                                                         20 Civ. 8924 (CM) (GWG)
                                                                            :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      With regard to the dispute raised in Docket ## 504, 515, 524, 532, and 534, the City apparently concedes that it is conducting further searches. Those searches are directed to be completed forthwith and all responsive documents shall be produced by May 17, 2022. At the time the documents are produced, the City shall also provide a privilege log (which as described in a recent Order may be accomplished through notations on redactions if the context of the redactions provides all information that would otherwise be required by Local Civil Rule 26.2). Docket # 535. If there is any claim that the deadline is impossible to meet and an extension of the May 17, 2022 deadline is required, any such claim must be supported by a sworn statement filed with the Court on May 17, 2022, describing all efforts made to date to comply with the deadline.

      As to the sanctions request, the plaintiffs have shown that the City's search for responsive documents was unreasonable with respect to the transcripts. While the City contends that the transcripts of the disciplinary hearings represent an "expanded" request, we do not see how these transcripts did not "concern" the CCRB's substantiation of the complaints against Mullins. More to the point, the plaintiffs raised the missing transcripts with the City in early March but could not get the City to address the omission of the transcripts. Docket # 438, at 2. While not every error by the City in document production should result in sanctions, the failure here — in light of the failure to confer and the unusual efforts the plaintiffs had to make to point out the City's misrepresentations regarding the meet-and-confer process (Docket # 524) — warrants an award of attorney's fees to the plaintiffs pursuant to Fed. R. Civ. P. 37(c) for making the application in Docket # 504, including their subsequent efforts to obtain the documents through the filing of Docket # 534. The Court does not find that the plaintiffs have met their burden of showing that an adverse inference sanction would be appropriate.

      SO ORDERED.

Dated: New York, New York
       May 10, 2022

                                                          _____
                                                          GABRIEL W. GORENSTEIN
                                                          United States Magistrate Judge