UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/11/2022
```

---------------------------------------------------------------x

In re: New York City Policing During Summer
2020 Demonstrations

20 Civ. 08924 (CM)

---------------------------------------------------------------x

This filing relates to:

KAYLA ROLON, et al.,

    Plaintiff,

21 Civ. 02548 (CM)

-against-

THE CITY OF NEW YORK ET AL.,

---------------------------------------------------------------x

### ORDER DISSOLVING STAY IN ROLON CASE

McMahon, J.:

    The court has received a letter (Docket # 36 in 21 civ. 02548) from counsel for plaintiffs in the above-captioned *Rolon* action, which was accepted as related and consolidated upon filing for pre-trial purposes with a number of earlier-filed lawsuits arising out of the Summer 2020 Black Lives Matter demonstrations that erupted in response to the death of George Floyd and other events. I am advised by Magistrate Judge Gorenstein, who has been overseeing discovery, that these actions involve over 80 separate demonstrations that took place throughout the City during the early summer 2020; the court has repeatedly declined to accept as related cases filed in connection with demonstrations that took place at other times or in connection with other matters.

    Despite this court's promise that discovery would proceed expeditiously -- and Judge Gorenstein's herculean and much-appreciated efforts to carry out my promise, which has resulted in considerable discovery's taking place to date -- we are more or less on hold pending the Second Circuit's issuance of a mandate implementing its decision, dated March 4, 2022, which reversed this court's order (Docket No. 144, 148[1]) denying without prejudice the motion of the Patrolmen's Benevolent Association (PBA) for leave to intervene in the consolidated cases. *In re N.Y.C. Policing During Summer 2020 Demonstrations*, No. 21-1316, __ F.4th __, 2022 WL 627436, at *1 (2d

---

[1] All papers in all cases that have been consolidated for pretrial purposes were to be filed in both Payne (In re: New York City Policing) and in the relevant case. The letter that occasioned this order was not filed under the Payne number (20 civ. 08924); counsel should see that it is so filed. All other docket entries referenced in this order are docket entries in 20 civ. 08924.

Cir. Mar. 4, 2022). I understand the mandate has not issued, although far more than 21 days have passed since the decision was released, because a motion for reconsideration or *en banc* treatment is presently pending before the Court of Appeals. Obviously, Judge Gorenstein and I are powerless to hasten the resolution of that application or the issuance of the mandate. The parties recognize that a large portion of discovery cannot proceed until we know whether the PBA is in or out, and understandably so, since both they and Judge Gorenstein are (with my blessing) trying to avoid duplication of discovery. And this court needs to decide motions by the Sergeant's Benevolent Association and the Detectives' Endowment Association, both of which have formally applied[2] for leave to intervene in light of the March 4 Decision – motions that, in the interest of judicial economy, will not be decided until the Second Circuit finally resolves the PBA's status, though they will be decided promptly once the mandate issues.

The *Rolon* plaintiffs filed their action (as individuals, and not on behalf of any putative class) on April 29, 2021. At that time the following lawsuits had been consolidated for pre-trial purposes under the *In re: New York City Policing During Summer 2020 Demonstrations* rubric: *Payne v. DiBlasio*, 20 civ. 08924; *Wood v. DiBlasio*, 20 civ. 10541; *Sierra et al., v. City of New York*, 20 civ. 10291; *People of the State of New York v. City of New York*, 21 civ. 00332; *Sow et al., v. City of New York*, 21 civ. 00533); and *Yates v. City of New York*, 21 civ. 01904). I note that the *Rolon* plaintiffs may be members of one or more of the classes in *Sierra* and *Sow*.

The Rolon plaintiffs filed their case as related to *In Re: New York City Policing During Summer 2020 Demonstrations* and the court's Case Assignment Committee granted their application. At that time, this court was hoping that a sentinel case (most likely the *parens patriae* action brought by New York State Attorney General Leticia James) could be readied for trial with a year; so on the day *Rolon* was filed (April 29, 2021), I entered an order staying all activity in the *Rolon* case (Docket No. 150). The idea was to prevent a lot of "do over" discovery.

In the intervening year, much has happened. The court has ruled on various motions to dismiss and, as noted above, the City has produced a great deal of discovery, often following repeated resort to Judge Gorenstein by the actively litigating parties. Meanwhile, various individuals who, like the *Rolon* plaintiffs, are putative members of one or more plaintiff classes in the class actions that are among the consolidated cases (*Sow, Sierra*) are choosing to file their own lawsuits; some of those cases have been wheeled out to other judges of the court. The assigned judges in those cases have agreed to coordinate discovery with the discovery that is being overseen by Judge Gorenstein. As those plaintiffs have joined the party, they have begun participating in discovery.

Against this backdrop, the *Rolon* plaintiffs have asked that they either be "unrelated" to the consolidated actions, or that the stay of *Rolon* be lifted so that the *Rolon* plaintiffs can at least catch up to the other individual and class actions that are pending before this or other courts.

I decline to "unrelate" the *Rolon* case from the other consolidated cases at this juncture. With full knowledge of what they were doing the *Rolon* plaintiffs affirmatively sought and obtained related case status; they must live with the choice they made upon filing.

---

[2] These two unions made letter motions seeking leave to intervene a year ago; those motions were denied without prejudice. Docket #

However, insofar as the stay is concerned, I have spoken to Judge Gorenstein, who knows far more about this matter than anyone else, and who is of the opinion that the stay should be lifted in *Rolon* so that the *Rolon* plaintiffs can participate fully in whatever is going on in the consolidated case. I agree that there is no reason to treat the Rolon plaintiffs differently from anyone else. I thus grant that application and dissolve the *Rolon* stay (Docket No. 150). This puts the Rolon plaintiffs on the same footing as every other plaintiff group.

Dated: May 11, 2022

U.S.D.J.