```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In Re: New York City Policing During Summer    :         ORDER
2020 Demonstrations                                      20 Civ. 8924 (CM) (GWG)
                                               :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

With regard to the dispute raised in Docket ## 527, 539, 540, the City provides no reasonable explanation for its failure to either produce the ARGUS footage in full by April 15, 2022 (as it represented it was doing in the Discovery Chart required by the Court), or seek an extension of this deadline. The City must produce all requested ARGUS footage by May 27, 2022, and shall produce materials copied before that date to plaintiffs on a rolling basis. In addition:

> 1. The ARGUS videos shall be produced in a manner that:
>
>> (a) identifies which location in the plaintiff-provided maps of protest locations each video corresponds to, and indexes the Bates number of each video to its respective map; and
>>
>> (b) provides — in metadata or some other easily trackable, video-specific manner — the location of the camera that recorded the footage and the date and time of the footage.
>
> 2. By May 27, 2022, the City shall provide the Bates number for any responsive ARGUS videos that have already been produced through CCRB or IAB files, and identify the related protest, date, and time of the footage.
>
> 3. In the event the City produces no ARGUS footage for one or more of the plaintiff-provided maps, by June 3, 2022, the City shall provide to plaintiffs a sworn statement from an individual with personal knowledge stating whether the non-production was due to the absence of operating cameras in the identified area or to defendants' failure to preserve the video.

Finally, the City shall immediately perform a comprehensive review of the "Discovery Chart" (a version of which was submitted as Docket # 464-1) to determine whether there are any misstatements or misrepresentations on the most recent Discovery Chart provided to plaintiffs in addition to the misstatement admitted to in Docket # 539. The City shall file a letter to Court describing the results of that inquiry on or before May 24, 2022.

As to sanctions, the City's only basis for opposing the motion for sanctions is that their failures were not intentional (Docket # 539, at 3). But in this instance, that explanation does not relieve the City of its responsibility for the plaintiffs' attorney's fees that were expended in bringing this matter to the Court's attention. See Fed. R. Civ. P. 37(b)(2)(C). Accordingly, the Court awards plaintiffs their reasonable attorney's fees pursuant to Fed. R. Civ. P. 37(b) for their expenses in preparing the letter filed as Docket # 527 and in responding to Docket # 539.

      While recognizing that the City has failed repeatedly to meet its discovery obligations, the Court does not find any other sanctions are warranted at this time. However, the Court would entertain a future application to require that one or more witnesses previously deposed be made available again if: (a) the newly-produced ARGUS video strongly justifies such a re-deposition; and (b) the deposition occurred at a time when it would have been reasonable to expect the City to have produced that footage. Obviously, in order to not disrupt the future deposition schedule, plaintiffs should keep the number of any re-deposition requests to a minimum. Also, the plaintiffs must of course confer with the City before making any such request to the Court.[1]

      SO ORDERED.

Dated: New York, New York
May 16, 2022

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] The Court reminds the plaintiffs that compliance with paragraph 2.A of the Court's Individual Practices is not optional. For the dispute raised here, the only meet-and-confer cited occurred three months earlier and Docket # 527 did not comply with paragraph 2.A in other ways. While some disputes may seem unresolvable through the meet-and-confer process, a meeting is still often helpful in obtaining information and in any case is mandatory. That said, the Court has seen no need to require the meet-and-confer process with respect to the present dispute because the City has not raised the lack of a meet-and-confer as a reason to delay its adjudication.