

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**STEPHANIE M. BRESLOW**
*Senior Counsel*
sbreslow@law.nyc.gov
Phone: (212) 356-2660
Fax: (212) 356-1148

May 20, 2022

**By ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    In Re:  *New York City Policing During Summer 2020 Demonstrations*,
    No. 20 Civ. 8924 (CM) (GWG)
    This filing is related to all cases

Your Honor:

    I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter.  Defendants write to address an issue raised by plaintiffs in email correspondence claiming that defendants made a misrepresentation to this Court in their letter application filed on May 3, 2022 (Dkt #529).  Plaintiffs' counsel further alleged that this Court relied upon defendants' "misrepresentation" in its Order dated May 9, 2022, which held that defendants were not required to produce a redaction privilege log for their productions to date. (Dkt #535).  As explained below, we disagree with plaintiffs' conclusion and any suggestion of improper conduct by defendants.

    In response to plaintiffs' demand for a privilege log describing every single privilege-based redaction in defendants' production to date, defendants filed their letter application on May 3, 2022 ("May 3 Letter") requesting that the Court clarify if defendants were indeed required to produce such a log and, if so, respectfully seeking reconsideration of and relief from this requirement. (Dkt #529). Defendants' May 3 Letter included the number of documents identified with privilege redactions, the total number of pages in those documents, and a brief overview of the process believed to be required to produce a redaction privilege log.  See Defendants' May 3 Letter (Dkt #529) at 2 ("To date, defendants have produced a total of 6,377 documents containing privilege redactions, amounting to an approximate total of 30,900 pages – each of which would need to be individually reviewed by defendants to locate the relevant redactions for inclusion in any log."). Defendants then argued that the Local Rules of Civil Procedure simply do not require the type of privilege log plaintiffs sought given their aim of promoting efficiency in discovery. In their opposition on May 5, 2022, plaintiffs challenged the burden to defendants. The Court issued an

Order on May 9, 2022, holding that none of the legal precedent cited by plaintiffs, nor the Local Rules, required defendants to produce the type of redaction privilege log plaintiffs sought, and that defendants need not provide same. (Dkt #535).

On May 10, 2022, defendants replied to an email from plaintiffs' counsel which sought further details about the process defendants would need to undertake to locate, review, and log every privilege redaction in their prior productions. Defendants provided the following details: "In terms of locating privilege redactions within Relativity, we have access to a redaction navigation panel that allows a user to navigate between redactions within a particular document, but that does not change the fact that every document with a privilege redaction (and every privilege redaction within that document along with surrounding context) would need to be individually reviewed." See attached Email.

Plaintiffs replied on May 12, 2022, asserting, among other things, that "[b]ased on your misrepresentation of the actual burden of review, the Court declined to order Defendants to review their own redactions. Please immediately correct your misstatement to the Court regarding the actual burden that defendants would have faced in reviewing their own redactions...." Id. Plaintiffs claimed that the navigation tool defendants discussed in their May 10 email is evidence that defendants misrepresented their actual burden. Specifically, they stated that this tool would eliminate the need to look at each page and that the Court relied on this representation in its decision. Although we do not view the Court's decision to turn on a page-by-page review or that any rules require such a showing, in re-reviewing the May 3 letter, we understand plaintiffs' concern with the statement. While not reducing the overall burden of reviewing each privilege redaction, a redaction navigation panel could eliminate the need to look at each and every page without redactions. But to the extent that the defendants inaccurately stated their burden in the letter, it was an understatement, not an overstatement, of their actual burden.

Defendants' letter did not include the full scope of the privileged redactions, including the total number of privileged redactions, the total number of pages containing such redactions, and did not substantively describe the manner in which the redactions would be reviewed. To prepare a privilege log for all privilege redactions in defendants' productions to date, defendants would need to review each privilege redaction within each document containing at least one such redaction. Within the approximately 6,300 documents redacted for privilege, there are more than **90,000 individual privilege redactions**[1] spread across approximately 12,000 pages. Even using a redaction navigation panel, which would allow a user to navigate from redaction to redaction within a document and could in some instances eliminate the need to look at pages without redactions, a reviewer must still navigate to, and review, each privilege redaction and any surrounding content/pages as necessary to understand the context. The amount of time that a reviewer would spend reviewing each redaction, and whether the reviewer would need to look at pages without redactions, would depend on considerations such as the nature of the redaction and how much context the reviewer needed to prepare the log.

---

[1] The information concerning the approximate number of individual redactions was not provided by defendants' electronic discovery vendor in advance of the May 3 letter.

Any suggestion that defendants purposefully misled the Court as to the details of the technical process to exaggerate their "burden" is incorrect. Defense counsel had no intention of misrepresenting or misleading the Court or plaintiffs as to the actual burden of reviewing these privilege redactions. Moreover, we believe the Court properly found that the rules do not contemplate a log for privilege redactions, even absent any showing of burden.

Thank you for your consideration herein.

Respectfully submitted,

*Stephanie M. Breslow*/s

Stephanie M. Breslow
*Senior Counsel*
Special Federal Litigation Division

cc:   ALL COUNSEL (via ECF only)