| | |
|---|---|
| **From:** | Prakash, Swati |
| **To:** | Weng, Jenny (Law); Breslow, Stephanie (Law); Kaufman, Rachel (LAW); Hamill, Bridget (LAW); Nelson, Genevieve (Law); Braun, Daniel (Law); Riordan, Shannon (LAW); Robinson, Amy (LAW); Ibrahim, Nadine (LAW) |
| **Cc:** | AG-NYPDLitigation; Gray Legal Team-External; Hernandez Team; Payne Litigation Team; Sierra Team; Sow-Legal@blhny.com |
| **Subject:** | [EXTERNAL] RE: Activity in Case 1:20-cv-08924-CM IN RE: NEW YORK CITY POLICING DURING SUMMER 2020 DEMONSTRATIONS Order |
| **Date:** | Thursday, May 12, 2022 10:43:15 PM |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).

Jenny:

In claiming that it would be too burdensome for Defendants to review the redactions that they themselves placed on their produced documents, you stated to the Court in Dkt. 529 : "To date, defendants have produced a total of **6,377 documents** containing privilege redactions, amounting to an approximate total of **30,900 pages** – *each of which would need to be individually reviewed by defendants to locate the relevant redactions* for inclusion in any log." (Dkt. 529 at 2, emphasis on numbers in original, italicized emphasis added by me). The assertion that Defendants would have to review "each" of 30,900 pages is directly contradicted by your admission below that "we have access to a redaction navigation panel that allows a user to navigate between redactions within a particular document."

Based on your misrepresentation of the actual burden of review, the Court declined to order Defendants to review their own redactions. Please immediately correct your misstatement to the Court regarding the actual burden that Defendants would have faced in reviewing their own redactions, and provide Plaintiffs with an index of every page (by Bates number) that contains privilege redactions, along with an identification of the privilege type for that redaction. As the receiving party, Plaintiffs do not have access to the navigation panel you misleadingly omitted from your letter to the Court, that would allow us to jump directly to each redaction.

As for the substance of my original email below, Defendants' production metadata does not accurately identify all documents with privilege redactions. For example, we can only see 6,369 documents with Redaction Type set to "Privilege" rather than the 6,377 you referenced in your letter to the Court (Dkt. 529). Without an index of redacted documents from Defendants, we have no way of confirming whether we have isolated the same redacted documents that you have, or how many documents might be missing accurate metadata since the tags and fields appear to have been manually completed. In addition, there are numerous inaccuracies between the Redaction Privilege Types and the actual redactions in some documents; many documents with privilege redactions do not have a "Privilege" value in the Redaction Type field. *See, e.g.*, DEF_E_PD_00077138, DEF_E_PD_00080508, DEF_E_PD_00080957, DEF_000021881, DEF_000157259, DEF_000368441, DEF_000481649, DEF_000481651, DEF_000481673. These are just a few exemplars but we have no way of knowing the total magnitude of the discrepancies.

With respect to DEF_E_PD_00070829, the wholly redacted document that was annexed as Exhibit A to our response letter to the Court, your providing, in the email below, the context that Defendants

should have provided in a privilege log misses the point.  The redaction of that document in its entirety is an overreach and amounts to an evasion Defendants' undisputed obligation to log documents that you are withholding in their entirety.  This over-redaction is also widespread in Defendants' use of non-privilege redactions (that is, for PII and nonresponsiveness reasons), an issue Plaintiffs raised months ago and, as noted in my email of yesterday evening, Defendants have still failed to correct.

Please note that on the issue of privilege redactions, the Court has ordered the parties to meet and confer "immediately," and Plaintiffs remain hampered in their ability to identify the location of privilege redactions at present. We cannot realistically review every redacted document in advance of this meet and confer, nor do we think that is necessary; we now expect to raise these issues on a rolling basis in light of the Court's order placing the burden on Plaintiffs to identify where Defendants have failed to provide sufficient information to determine the validity of a privilege-based redaction. In the immediate, please identify some windows of time you are available to meet over the next week. Plaintiffs are amenable to combining a meet and confer on these issues with the conferral on the City's nonprivilege redactions that we are discussing on a separate thread. This will permit us to meet on all the issues set out in my April 1st email (before you prematurely sought the Court's intervention on the last item in that email regarding the logging of privilege redactions).

Regards,

_____

**Swati R. Prakash | Assistant Attorney General**
Civil Rights Bureau, New York State Office of the Attorney General
28 Liberty Street | New York, NY 10005
Office: (212) 416-6201 | Swati.Prakash@ag.ny.gov | www.ag.ny.gov
*Pronouns: She/her*

---

**From:** Weng, Jenny (Law) <jweng@law.nyc.gov>
**Sent:** Tuesday, May 10, 2022 6:41 PM
**To:** Prakash, Swati <Swati.Prakash@ag.ny.gov>; Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>; Kaufman, Rachel (LAW) <RKaufman@law.nyc.gov>; Hamill, Bridget (LAW) <brhamill@law.nyc.gov>; Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Braun, Daniel (Law) <dbraun@law.nyc.gov>; Riordan, Shannon (LAW) <sriordan@law.nyc.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Ibrahim, Nadine (LAW) <nibrahim@law.nyc.gov>
**Cc:** AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Gray Legal Team-External <graylegalteam@dwt.com>; Hernandez Team <hernandez@femmelaw.com>; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; Sierra Team <sierrateam@moskovitzlaw.com>; Sow-Legal@blhny.com
**Subject:** RE: Activity in Case 1:20-cv-08924-CM IN RE: NEW YORK CITY POLICING DURING SUMMER 2020 DEMONSTRATIONS Order

Swati,

We arrived at the number of documents with privilege redactions by running searches in our Relativity databases for documents produced by the City that have reviewer-applied tags indicating

the presence of privilege redactions.  When you run a search on your end using the Redaction Type field that was provided, are you seeing something different?  Please let us know and we can investigate.

In terms of locating privilege redactions within Relativity, we have access to a redaction navigation panel that allows a user to navigate between redactions within a particular document, but that does not change the fact that every document with a privilege redaction (and every privilege redaction within that document along with surrounding context) would need to be individually reviewed.  Regardless, the court has not ordered defendants to undertake this immense burden.

The court has ordered the parties to confer about specific instances of redactions where plaintiffs cannot discern the relevant information from the context of non-redacted material.  To that end, we request that plaintiffs provide the Bates numbers of any such instances so that defendants can properly investigate and prepare in advance of a meet and confer.  Please let us know when you will provide the Bates numbers so that we can determine how long we need to investigate and can provide our availability for a meet and confer.

As for the document annexed as "Exhibit A" to your 5/5/22 filing (ECF Nos. 533, 533-1), the parent email to which the document was originally attached was previously produced to you bearing Bates DEF_E_PD_00070828.  The email, dated 5/29/2020, from NYPD Deputy Commissioner of Intelligence and Counterterrorism John Miller to former Commissioner Shea and two other NYPD personnel, provides further context and ample detail regarding the attachment, aka "Exhibit A" (DEF_E_PD_00070829-70871).

---

**From:** Prakash, Swati <Swati.Prakash@ag.ny.gov>
**Sent:** Monday, May 9, 2022 10:31 PM
**To:** Weng, Jenny (Law) <jweng@law.nyc.gov>; Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>; Kaufman, Rachel (LAW) <RKaufman@law.nyc.gov>; Hamill, Bridget (LAW) <brhamill@law.nyc.gov>; Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Braun, Daniel (Law) <dbraun@law.nyc.gov>; Riordan, Shannon (LAW) <sriordan@law.nyc.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Ibrahim, Nadine (LAW) <nibrahim@law.nyc.gov>
**Cc:** AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Gray Legal Team-External <graylegalteam@dwt.com>; Hernandez Team <hernandez@femmelaw.com>; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; Sierra Team <sierrateam@moskovitzlaw.com>; Sow-Legal@blhny.com
**Subject:** [EXTERNAL] RE: Activity in Case 1:20-cv-08924-CM IN RE: NEW YORK CITY POLICING DURING SUMMER 2020 DEMONSTRATIONS Order

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).

Counsel:

Per the Court's order from earlier today (Dkt. 535, below), please identify some windows of time in the next 7 days that you are available to meet and confer about the City's privilege redactions. In advance of that meeting, can you please provide the following information:

1. How did you determine that 6,377 documents contain privilege redactions, as referenced in your May 3rd letter to the Court? Can you provide Plaintiffs with a list of those documents, as we are unable to match that number to any metadata field in Defendants' productions. Please confirm as well that the 6,377 figure includes all of the privilege redactions contained in all of Defendants' productions.
2. How did you conclude that the only way you can locate privilege redactions would be through manual review of every page of the document containing the redaction? Can you confirm that you are not able to pinpoint the location and specific privilege asserted in each redaction by using your e-discovery platform? Based on our experience with most e-discovery platforms, automated pinpointing the page location and specific type of privilege claimed should be feasible for a producing party.

Thank you,

_____

**Swati R. Prakash | Assistant Attorney General**
Civil Rights Bureau, New York State Office of the Attorney General
28 Liberty Street | New York, NY 10005
Office: (212) 416-6201 | Swati.Prakash@ag.ny.gov | www.ag.ny.gov
*Pronouns: She/her*

---

**From:** NYSD_ECF_Pool@nysd.uscourts.gov <NYSD_ECF_Pool@nysd.uscourts.gov>
**Sent:** Monday, May 9, 2022 11:13 AM
**To:** CourtMail@nysd.uscourts.gov
**Subject:** Activity in Case 1:20-cv-08924-CM IN RE: NEW YORK CITY POLICING DURING SUMMER 2020 DEMONSTRATIONS Order

[EXTERNAL]

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

U.S. District Court

Southern District of New York

**Notice of Electronic Filing**