

| | THE CITY OF NEW YORK | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **PATRICIA MILLER**<br>*Division Chief*<br>(212) 356-3500 (tel.) |

May 20, 2022

**By ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

# MEMORANDUM ENDORSED.

In Re: *New York City Policing During Summer 2020 Demonstrations*,
No. 20 Civ. 8924 (CM) (GWG)
This filing is related to all cases

Your Honor:

I am the Division Chief of the Special Federal Litigation Division in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York. In an order, dated May 2, 2022, the Court directed the undersigned:

> "[T]o consult separately with each employee of the Law Department who has worked on the consolidated cases to determine whether any such employee is aware of any other misrepresentations that have been made either to the Court or to opposing counsel in connection with the consolidated cases."

The undersigned has provided so far two status reports dated, May 9 and May 16. On May 11, just two days after the first status report, I received a letter from the Office of the Attorney General ("OAG") on "behalf of Plaintiffs in these consolidated cases" addressing "issues" (but "not [an] exhaustive" list) that "should be included in the focus of your inquiry." The letter ends with '[s]hould you fail to do so, we intend to raise issues concerning the adequacy of your investigation with the Court." (Attached as Exhibit A with redactions). In addition, in a letter to the Court, dated May 13, 2022 (Dkt. #540), the OAG again stated "Plaintiffs anticipate raising [more issues] soon, following the completion of Chief Miller's internal investigation." (Attached as Exhibit B).

1

Last, in an email dated, May 3, 2022, the OAG referred to the Court's May 2 order as an "audit." (Attached as Exhibit C, with redactions).

First, the undersigned's focus is based on the parameters set by this Court. I take my direction from this Court and take that direction quite seriously. Both status letters are in compliance with what the Court has directed. The Court has not directed an "audit," for example. Rather, the Court was quite specific and the undersigned has conducted interviews accordingly.

Second, addressing the last line of the OAG's letter to me indicating "[s]hould you fail to do so, we intend to raise issues concerning the adequacy of your investigation with the Court," I am sure the tone as it reads is not what was intended. I trust there is no attempt here to exploit a most unfortunate and sad situation by casting aspersions on a group of attorneys and staff, who by all accounts so far in the inquiry directed by the Court, did not participate in or have any knowledge of any wrongdoing. At this time it would appear that this matter is limited to the acts of a single attorney, but I have not completed my inquiry as defined by the Court.

Third, counsel has referred to a flurry of matters using the word "misrepresentation." If the OAG (on behalf of plaintiffs) has more discovery issues it would like to raise, now is the time to do so. It is unclear why counsel would want to wait until I complete what the Court has directed to then raise discovery concerns, especially where the OAG appears to believe that their discovery concerns should be addressed by the Court's directed inquiry. On Tuesday (May 17), I asked the OAG (as spokesperson) if they would be interested—in the first instance -- in providing to the defense team a complete list of the identified, and alluded to, discovery issues. I have not received a response as of yet.

Given the fact that the defense team has lost a senior person who was handling a number of discovery matters and given the fact that plaintiffs have raised some issues and have alluded to others, I respectfully request that the Court direct the OAG (as spokesperson) to provide to the defense team a complete list of legitimate discovery concerns to streamline any needed review.

Respectfully submitted,

*Patricia Miller /s/*

Patricia Miller
Division Chief
Special Federal Litigation Division

c:
ALL COUNSEL (via ECF only)

Obviously, the parties must comply with paragraph 2.A of the Court's Individual Practices with respect to any differences or disputes on any issue relating to discovery. This means the parties should promptly address issues among themselves when disputes arise and must use the meet-and-confer process before they raise such issues with the Court. The inquiry directed by the Court in Docket # 526 is not part of that process, of course. Given the lack of ambiguity in paragraph 2.A., the Court denies defendants' request to issue an order to plaintiffs on the timing or mechanism of discussing discovery disputes.
So Ordered.
May 20, 2022

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

2