UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE New York City Policing During Summer 2020 Demonstrations | 20-cv-8924 (CM)(GWG) |
| This filing is related to: | |
| ADAMA SOW, DAVID JAKLWVIC, ALEXANDRA DE MUCHA PINO, OSCAR RIOS, BARBARA ROSS, MATTHEW BREDDER, SABRINA ZURKUHLEN, MARIA SALAZAR, DARA PLUCHINO, and SAVITRI DUKREE, *on behalf of themselves and others similarly situated*,<br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CITY OF NEW YORK; MAYOR BILL DE BLASIO; NEW YORK CITY POLICE COMMISSIONER DERMOT SHEA; NEW YORK CITY POLICE DEPARTMENT CHIEF OF DEPARTMENT TERENCE MONAHAN; NYPD DETECTIVE EDWARD CARRASCO (SHIELD NO. 1567); NYPD OFFICER TALHA AHMAD (SHIELD NO. 21358); NYPD OFFICER KEVIN AGRO (SHIELD NO. 8054); and NYPD OFFICERS JOHN and JANE DOES #1-40,<br>　　　　　　　　Defendants,<br><br>POLICE BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC.,<br><br>　　　　　　　　Intervenor-Defendant. | 21-cv-0533(CM)(GWG) |

**ANSWER OF INTERVENOR-DEFENDANT THE POLICE BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC. TO THE FIRST AMENDED COMPLAINT**

Intervenor-Defendant the Police Benevolent Association of the City of New York, Inc. (the "PBA"), through its undersigned counsel, answers the First Amended Complaint in this matter, dated March 6, 2021, as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraphs 1, 14-23, 28, 35-63, 65-68, 81, 83-99, 101-106, 128-420, 423-429, 441-442, 444-445, 450, 456-457, 459, 463-470, 475, 477-481, 484-496, 498-507, 518-524, 528-530, 548-552, 561-562, and 584.

2. Denies the allegations set forth at paragraphs 2-6, 8, 25-27, 32-33, 100, 107, 421-422, 508-509, 542-547, 553, 557-558, 563-564, 566, 574-579, 581-583 and 585

3. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraphs 7, 72-80, 82, 108-123, 126-127, 443, 449, 451-455, 458, 460-461, 472-474, 476, 482-483 and 497, and respectfully refers the Court to the circumstances surrounding the alleged matters, including but not limited to, where applicable, any sources cited by the Complaint, for full content and/or context.

4. Asserts that the allegations at paragraphs at paragraphs 9-13, 34, 64, 510-517 and 525-526, 531-532, 534-536, 538-540, 555-556, 560, 570-573 are legal conclusions to which no response is required and, to the extent a response is deemed to be required, admits that plaintiffs purport to proceed under the statutes

or principles stated, denies knowledge or information sufficient to form a belief, and denies that such allegations are applicable to the facts at bar.

5. Denies the allegations set forth at paragraphs 24 and 125 except, as to paragraph 24, admits that the City of New York is a Municipal Corporation and maintains a police department and, as to paragraph 125, admits that the COVID-19 virus was active during the time of the protests.

6. In a footnote at p. 12, plaintiffs purport to incorporate by reference the complaints in other lawsuits. The PBA is not obliged to respond here to the allegations from those other lawsuits and, if it were, would deny them.

7. Denies the allegations set forth at paragraph 69 except admits/avers that there were instances of property damage and injuries to NYPD Officers during protests in and after May 2020 and, as to the asserted statements quoted, respectfully refers the Court to the circumstances or sources for full content and/or context.

8. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraphs 124, 430-440, 446-448, 462, 471, 567 and 580 and notes that the allegations at issue are not sufficiently specific to allow a more detailed response.

9. With respect to the allegations at paragraphs 527, 533, 537, 541, 554, 559, 565, 568 repeats and realleges its prior responses as if set forth in full.

10. Denies the allegations at paragraphs 29-31 and 569 except admits that the subject officers were at all relevant times acting within the scope of their employment as New York City Police Officers.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The first amended complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct/assumption of risk or the culpable and/or negligent conduct of others.

### THIRD AFFIRMATIVE DEFENSE

Defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## FIFTH AFFIRMATIVE DEFENSE

To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

## SIXTH AFFIRMATIVE DEFENSE

Punitive damages cannot be assessed against defendant City.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs provoked any incident.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to mitigate their alleged damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

## TENTH AFFIRMATIVE DEFENSE

At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on state law claims.

## ELEVENTH AFFIRMATIVE DEFENSE

At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

## TWELFTH AFFIRMATIVE DEFENSE

Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

## THIRTEENTH AFFIRMATIVE DEFENSE

The PBA may rely on other defenses if and when such defenses become known during the course of litigation and hereby reserves the right to assert such defenses.

Dated: New York, New York
May 31, 2022

**LAW OFFICES OF ROBERT S. SMITH**

By**:**   /s/ Robert S. Smith
          Robert S. Smith

7 Times Square, 28th Floor
New York, N.Y. 10036
Tel.: (917)225-4190
Email: robert.smith@rssmithlaw.com

- and -

**SCHLAM STONE & DOLAN LLP**

By:   /s/ Richard H. Dolan
      Richard H. Dolan
      Thomas A. Kissane

26 Broadway, 19th Floor
New York NY 10004
Tel.: (212) 344-5400
Fax: (212) 344-7677
Email: rdolan@schlamstone.com
Email: tkissane@schlamstone.com

*Attorneys for Intervenor-Defendant Police Benevolent Association of the City of New York, Inc.*