UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE New York City Policing During Summer 2020 Demonstrations | 20-cv-8924 (CM)(GWG) |
| This filing is related to: | |
| JARRETT PAYNE; ANDIE MALI; CAMILA GINI; VIDAL GUZMAN; VIVIAN MATTHEW KING-YARDE; CHARLIE MONLOUIS-ANDERLE; JAIME FRIED; MICAELA MARTINEZ; JULIAN PHILLIPS; NICHOLAS MULDER; and COLLEEN MCCORMACK-MAITLAND, | 20-cv-08924 (CM)(GWG) |
| Plaintiff, | |
| v. | |
| MAYOR BILL DE BLASIO; POLICE COMMISSIONER DERMOT SHEA; CHIEF OF DEPARTMENT TERENCE MONAHAN; CITY OF NEW YORK; SERGEANT GYPSY PICHARDO; SERGEANT KEITH CHENG; OFFICER MATTHEW TARANGELO; OFFICER MATTHEW L. PERRY; LIEUTENANT THOMAS R. HARDELL; DETECTIVE DAMIAN RIVERA; OFFICER JACQUELINE VARGAS; OFFICER JOSEPH DECK; LIEUTENANT MICHAEL BUTLER; OFFICER AARON HUSBANDS; SERGEANT THOMAS E. MANNING; OFFICERS JOHN DOE 1-26; OFFICER JANE DOE 1; OFFICER DOE ESPOSITO; SERGEANT DOE CARABALLO, | **ANSWER TO FIRST AMENDED COMPLAINT** |
| Defendants, | |
| POLICE BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC., | |
| Intervenor-Defendant. | |

Intervenor-Defendant the Police Benevolent Association of the City of New York, Inc. (the "PBA"), through its undersigned counsel, answers the First Amended Complaint in this matter, dated March 5, 2021, as follows:

1. Denies the allegations set forth at paragraphs 1-4, 7, 19-21, 40-43, 94, 220, 223, 230, 232-233, and 235-236.

2. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraphs 5-6, 8-18, 23-39, 52, 58-61, 63, 67, 87-91, 95, 107-217, 224-225, 231, 234 and 237.

3. Denies the allegations set forth at paragraph 22, except admits that the City of New York is a Municipal Corporation organized under the laws of the State of New York and that it maintains a police department.

4. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraphs 44-51, 53-57, 62, 64-66, 68-85, 92-93, 96-106 and 138, and respectfully refers the Court to the circumstances surrounding the alleged matters, including but not limited to, where applicable, any sources cited by the Complaint, for full content and/or context.

5. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraphs 86, 218-219 and 221-222 and notes that the allegations at issue are not sufficiently specific to allow a more detailed response. To the extent paragraph 219 seeks to incorporate allegations from another lawsuit by reference, the PBA objects that it is not obliged to answer such allegations and,

to the extent such an answer may be deemed to be required, denies them. Paragraph 226 is a demand for a jury trial and therefore no response is required.

6. Asserts that the allegations at paragraphs 227-229 are legal conclusions to which no response is required and, to the extent a response is deemed to be required, denies that such allegations are applicable to the facts at bar.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The first amended complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct/assumption of risk or the culpable and/or negligent conduct of others.

### THIRD AFFIRMATIVE DEFENSE

Defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political

subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## FIFTH AFFIRMATIVE DEFENSE

To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

## SIXTH AFFIRMATIVE DEFENSE

Punitive damages cannot be assessed against defendant City.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs provoked any incident.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to mitigate their alleged damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

## TENTH AFFIRMATIVE DEFENSE

At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on state law claims.

## ELEVENTH AFFIRMATIVE DEFENSE

At all times relevant to the acts alleged in the complaint, the duties and

functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

## TWELFTH AFFIRMATIVE DEFENSE

Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

## THIRTEENTH AFFIRMATIVE DEFENSE

The PBA may rely on other defenses if and when such defenses become known during the course of litigation and hereby reserves the right to assert such defenses.

Dated:  New York, New York
       March 31, 2022

**LAW OFFICES OF ROBERT S. SMITH**

By**:**  /s/ Robert S. Smith
     Robert S. Smith

7 Times Square, 28th Floor
New York, N.Y. 10036
Tel.: (917)225-4190
Email: robert.smith@rssmithlaw.com

- and -

**SCHLAM STONE & DOLAN LLP**

By:  /s/ Richard H. Dolan
     Richard H. Dolan
     Thomas A. Kissane

26 Broadway, 19th Floor
New York NY 10004
Tel.: (212) 344-5400
Fax: (212) 344-7677
Email: rdolan@schlamstone.com
Email: tkissane@schlamstone.com

*Attorneys for Intervenor-Defendant Police Benevolent Association of the City of New York, Inc.*