UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE New York City Policing During Summer 2020 Demonstrations | 20-cv-8924 (CM)(GWG) |
| This filing is related to: | |
| PEOPLE OF THE STATE OF NEW YORK, by Letitia James, Attorney General of the State of New York, | |
| Plaintiff, | 21-cv-322 (CM)(GWG) |
| v. | **ANSWER TO FIRST AMENDED COMPLAINT** |
| CITY OF NEW YORK MAYOR BILL DE BLASIO, POLICE COMMISIONER DERMOT F. SHEA, and CHIEF OF DEPARTMENT TERENCE A. MONOHAN, | |
| Defendants, | |
| POLICE BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC., | |
| Intervenor-Defendant. | |

Intervenor-Defendant the Police Benevolent Association of the City of New York, Inc. (the "PBA"), through its undersigned counsel, answers the First Amended Complaint in this matter, dated March 5, 2021, as follows:

1.  Denies the allegations set forth at paragraphs 1, 11-15 and 19, except admits that plaintiffs purport to proceed, or to invoke the Court's jurisdiction, authority, or venue, as stated.

2.  Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraphs 2, 34, 36, 39-40, 42-45, 51-54, 56-60, 62-71, 85-86, 88-94, 98-100, 102, 112-114, 117, 128-170, 176, 178-210, 212-213, 215-255,

266-275, 279-325, 330-348, 350-399, 402-421, 423-430, 433, 483-484, 487-488 and 490-491.

3. Denies the allegations set forth at paragraphs 3-10, 17-18, 21-24, 37-38, 41, 50, 61, 97, 108, 111, 115-116, 118-121, 125-127, 171, 175, 177, 211, 214, 256-258, 261, 327-328, 401, 422, 434-436, 438-440, 443, 445, 446, 448-450, 453, 455-456, 458-460, 462-464, 467-469, 472-476, and 479-480.

4. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 16, except admits that Letitia James is the Attorney General of the State of New York.

5. Denies the allegations set forth at paragraph 20, except admits that the City of New York is a Municipal Corporation organized under the laws of the State of New York and that it maintains a police department.

6. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraphs 25-29, 31-33, 35, 48-49, 55, 76-79, 83-84, 87, 95-96 101, 109-110, 122-124, 172-174, 262-265, 277-278, 326, 329 and 492 and respectfully refers the Court to the circumstances surrounding the alleged matters, including but not limited to, where applicable, any sources cited by the Complaint, for full content and/or context.

7. Denies the allegations set forth at paragraph 30 except admits that Monaghan was promoted to Chief of Department.

8. Denies the allegations set forth at paragraphs 46, 72 and 349 and admits/avers that there were instances of property damage and injuries to NYPD Officers during protests in and after May 2020.

9. Denies the allegations set forth at paragraph 47 except denies knowledge or information sufficient to form a belief as to existence, source or veracity of the statement allegedly made by the Kings County District Attorney.

10. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraphs 73-75, 80-82, 103-107, 259-260, 437, 444, 447, 454, 457 and 495 and notes that the allegations at issue are not sufficiently specific to allow a more detailed response.

11. Asserts that the allegations at paragraphs 276, 400, 432, 442, 452, and 493 are legal conclusions to which no response is required and, to the extent a response is deemed to be required, denies that such allegations are applicable to the facts at bar.

12. With respect to the allegations at paragraphs 431, 441, 451, 461, 466, 471, 478, 482, 486, 489, 494 repeats and realleges its prior responses as if set forth in full.

13. Denies the allegations at paragraphs 465, 470, 477, 481, 485 except admits that the subject officers were at all relevant times acting within the scope of their employment as New York City Police Officers.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The first amended complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct/assumption of risk or the culpable and/or negligent conduct of others.

### THIRD AFFIRMATIVE DEFENSE

Defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### FIFTH AFFIRMATIVE DEFENSE

To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

## SIXTH AFFIRMATIVE DEFENSE

Punitive damages cannot be assessed against defendant City.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs provoked any incident.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to mitigate their alleged damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

## TENTH AFFIRMATIVE DEFENSE

At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on state law claims.

## ELEVENTH AFFIRMATIVE DEFENSE

At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

## TWELFTH AFFIRMATIVE DEFENSE

Any claims arising under New York State law may be barred, in whole or

in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

### THIRTEENTH AFFIRMATIVE DEFENSE

The PBA may rely on other defenses if and when such defenses become known during the course of litigation and hereby reserves the right to assert such defenses.

Dated: New York, New York
         May 31, 2022

**LAW OFFICES OF ROBERT S. SMITH**

By:   /s/ Robert S. Smith
         Robert S. Smith

7 Times Square, 28th Floor
New York, N.Y. 10036
Tel.: (917)225-4190
Email: robert.smith@rssmithlaw.com

- and -

**SCHLAM STONE & DOLAN LLP**

By:   /s/ Richard H. Dolan
         Richard H. Dolan
         Thomas A. Kissane

26 Broadway, 19th Floor
New York NY 10004
Tel.: (212) 344-5400
Fax: (212) 344-7677
Email: rdolan@schlamstone.com
Email: tkissane@schlamstone.com

*Attorneys for Intervenor-Defendant Police Benevolent Association of the City of New York, Inc.*