UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE New York City Policing During Summer 2020 Demonstrations | 20-cv-8924 (CM)(GWG) |
| This filing is related to: | |
| SAMIRA SIERRA, AMALI SIERRA, RICARDO NIGAGLIONI, and ALEX GUTIERREZ, individually and on behalf of all others similarly situated, | 20-cv-10291 (CM)(GWG) |
| Plaintiff, | |
| v. | **ANSWER TO FIRST AMENDED COMPLAINT** |
| CITY OF NEW YORK, a municipal entity; BILL DE BLASIO, in his individual capacity; DERMOT F. SHEA, in his individual capacity; TERENCE A. MONAHAN, in his individual capacity; UMID KARIMOV, in his individual capacity; ALFREDO JEFF, in his individual capacity; DEBORA MATIAS, in her individual capacity; and ANDRE JEANPIERRE, in his individual capacity, KENNETH C. LEHR, in his individual capacity, | |
| Defendants, | |
| POLICE BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC., | |
| Intervenor-Defendant. | |

Intervenor-Defendant the Police Benevolent Association of the City of New York, Inc. (the "PBA"), through its undersigned counsel, answers the First Amended Complaint in this matter, dated March 5, 2021, as follows:

1. Denies the allegations set forth at paragraphs 1, 29, 39, 48, 68, 184-186, 188-190, 192-194, 196-198, 200-202, 204-208, 210-212, 218, 220-222.

2. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraphs 2-4, 7-9, 31-36, 42, 45, 125-139, 141-142, 144-160, 163, and 165-168 and respectfully refers the Court to the circumstances surrounding the alleged matters, including but not limited to, where applicable, any sources cited by the Complaint, for full content and/or context.

3. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraphs 5-6, 16-19, 27, 40-41, 43-44, 46-47, 49-67, 69-124, 140, 143, 161-162, 164, 169-180 and 214-217.

4. Denies the allegations set forth at paragraphs 10-14, except admits that plaintiffs purport to proceed, or to invoke the Court's jurisdiction, authority, or venue, as stated.

5. Paragraph 15 is a demand for a jury trial and therefore no response is required.

6. Denies the allegations set forth at paragraph 20, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York.

7. Denies the allegations set forth at paragraph 21 and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendants City and the New York City Police Department.

8. Denies the allegations set forth at paragraph 22 except admits that Bill de Blasio was the Mayor of New York City at times relevant to the first amended complaint, and that plaintiffs purport to proceed as stated therein.

9. Denies the allegations set forth at paragraph 23 except admits that Dermot F. Shea was the New York City Police Commissioner at times relevant to the first amended complaint, and that plaintiffs purport to proceed as stated therein.

10. Denies the allegations set forth at paragraph 24 except admits that Terence A. Monahan was the Chief of Department for the NYPD at times relevant to the first amended complaint, and that plaintiffs purport to proceed as stated therein.

11. Denies the allegations set forth at paragraph 25 except admit that Assistant Chief Kenneth C. Lehr was Commanding Officer of NYPD Patrol Borough Bronx at times relevant to the first amended complaint, and that plaintiffs purport to proceed as stated therein.

12. Denies the allegations set forth at paragraph 26 except admits that plaintiffs purport to proceed as stated therein.

13. Denies knowledge or information sufficient to form a belief as to the allegations at paragraph 28 except admits that the subject officers acted in the course and scope of their duties with the NYPD.

14. Denies the allegations set forth at paragraph 30 except admits that the City Officials were high-level officials of the City of New York and/or the NYPD.

15. Denies the allegations set forth at paragraphs 37 and 38 except admits that the Chief of Department is the highest-ranking uniformed officer in the NYPD.

16. Asserts that the allegations at paragraphs 181 and 182 are legal conclusions to which no response is required and, to the extent a response is deemed to be required, denies knowledge or information sufficient to form a belief as to such allegations.

17. With respect to the allegations at paragraphs 183, 187, 191, 195, 199, 203, 209, 213 and 219 repeats and realleges its prior responses as if set forth in full.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The first amended complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct/assumption of risk or the culpable and/or negligent conduct of others.

### THIRD AFFIRMATIVE DEFENSE

Defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### FIFTH AFFIRMATIVE DEFENSE

To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

### SIXTH AFFIRMATIVE DEFENSE

Punitive damages cannot be assessed against defendant City.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs provoked any incident.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to mitigate their alleged damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

## TENTH AFFIRMATIVE DEFENSE

At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on state law claims.

## ELEVENTH AFFIRMATIVE DEFENSE

At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

## TWELFTH AFFIRMATIVE DEFENSE

Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

## THIRTEENTH AFFIRMATIVE DEFENSE

The PBA may rely on other defenses if and when such defenses become known during the course of litigation and hereby reserves the right to assert such defenses.

Dated:  New York, New York
        May 31, 2022

**LAW OFFICES OF ROBERT S. SMITH**

By:   /s/ Robert S. Smith
      Robert S. Smith

7 Times Square, 28th Floor
New York, N.Y. 10036
Tel.:  (917)225-4190
Email:  robert.smith@rssmithlaw.com

- and -

**SCHLAM STONE & DOLAN LLP**

By:   /s/ Richard H. Dolan
      Richard H. Dolan
      Thomas A. Kissane

26 Broadway, 19th Floor
New York NY 10004
Tel.:  (212) 344-5400
Fax:  (212) 344-7677
Email:  rdolan@schlamstone.com
Email:  tkissane@schlamstone.com

*Attorneys for Intervenor-Defendant Police Benevolent Association of the City of New York, Inc.*