Thomas A. Kissane
Partner

212 612-1213
TKissane@schlamstone.com

**SCHLAM STONE & DOLAN LLP**

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

June 1, 2022

**BY ECF**
Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *In re: New York City Policing During Summer 2020 Demonstrations*
    No. 20-CV-8924 (CM) (GWG); This Motion Relates to *Sierra v. City of New York*, 20-CV-10291(CM)(GWG)

Dear Judge Gorenstein:

We are counsel to the Police Benevolent Association ("PBA"). We write in response to the May 30, 2022 letter sent you by Michael Spiegel as counsel to plaintiffs in *Sierra v. City of New York*. *Sierra* is one of the consolidated actions into which the PBA has intervened as a defendant pursuant to the March 4, 2022 Court of Appeals decision.

Mr. Spiegel seeks to modify your order of May 19, 2022 in order to 1) relieve the *Sierra* plaintiffs from their obligation to produce discovery materials to the PBA by June 3, 2022, and 2) to direct other defendants not to produce to the PBA materials provided to them by the *Sierra* plaintiffs.

We object to Mr. Spiegel seeking this relief from the Court without complying with the conference requirements of your individual practices.

Mr. Spiegel writes:

> "On May 20, 2022, the *Sierra* plaintiffs served on defendants a proposed stipulation to voluntarily dismiss their claim for declaratory relief. Despite repeated requests to defendant to either sign the stipulation, or make known any objections to it, defendants have not done so."

Although the PBA is a defendant, it was not copied on these communications, and first learned of Mr. Spiegel's request by receipt of his May 30 letter to the Court.

Part II(A) of your individual practices provides:

> "No application relating to discovery (that is, any dispute arising under Rules 26 through 37 or Rule 45 of the Federal Rules of Civil Procedure) shall be

Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
June 1, 2022
Page 2 of 2

> heard unless the moving party has first conferred in good faith by telephone or in person with all other relevant parties in an effort to resolve the dispute."

This provision is expressly incorporated into requests for extensions by Part I(E) of your individual practices.

Had it been consulted, the PBA might have considered consenting to the *Sierra* plaintiffs' request. However, the PBA cannot consider any such agreement without discussion and agreement among all counsel regarding, at minimum: 1) whether all plaintiffs will agree they will not rely, in seeking injunctive or declaratory relief, on any of the discovery the *Sierra* plaintiffs would otherwise have been obliged to produce to it; and 2) various logistical details that would be need to be addressed in order to implement any such agreement.

We therefore respectfully request that the application set forth in Mr. Spiegel's May 30, 2022 letter be denied in its entirely for his failure to abide by the conference obligations of the Court's individual practices, and that the Court's May 19, 2022 Order be left undisturbed.

Thomas A. Kissane

Copies to:
All counsel (via ECF).