THE LAW OFFICE OF
**MICHAEL L. SPIEGEL**
48 WALL STREET, SUITE 1100
NEW YORK, NEW YORK 10005
TEL:(212)587-8558    FAX:(888)398-0032

*Of Counsel*
HAMILTON CLARKE LLP

May 30, 2022

**BY ECF**
Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

MEMORANDUM ENDORSED

Re:   *In re: New York City Policing During Summer 2020 Demonstrations*
       No. 20-CV-8924 (CM) (GWG)
       This Motion Relates to *Sierra v. City of New York*, 20 CV 10291(CM)(GWG)

Your Honor:

I am one of the counsel for plaintiffs in the *Sierra* matter. By an Order dated May 19, 2022, Your Honor directed that "[t]he parties shall provide to the PBA by June 3, 2022: (1) a copy of all discovery requests that party has made; and (2) a copy of all discovery responses that party has provided through that date." (Dkt. 547.) We write to respectfully request that the *Sierra* plaintiffs' obligation to produce discovery requests and responses pursuant to this Order be stayed indefinitely. We also request that the City defendants be directed not to produce *Sierra* discovery to the PBA, unless permitted to do so by further order of the Court.

On May 20, 2022, the *Sierra* plaintiffs served on defendants a proposed stipulation to voluntarily dismiss their claim for declaratory relief. Despite repeated requests to defendants to either sign the stipulation, or make known any objections to it, defendants have not done so. Therefore, plaintiffs are preparing a motion to amend the complaint to delete the request for declaratory relief.

The Second Circuit decision that granted intervenor status to the PBA was grounded in the union's interest in several of the Consolidated Cases' claims for injunctive and declaratory relief. *In Re New York City Policing During Summer 2020 Demonstrations*, 21-1316 (2d Cir. March 4, 2022). Since the *Sierra* First Amended Complaint contains a claim for declaratory relief, the PBA was granted intervenor status in *Sierra*. However, if plaintiffs' request for declaratory relief is deleted from the complaint, no grounds will exist to support the PBA's intervention in the case, since at that point the *Sierra* case will be an action that seeks only damages (*id.* at p. 20, n.4).

In light of plaintiffs' intention to move to amend their complaint to delete the request for declaratory relief, and the high likelihood that it will be granted, the *Sierra* plaintiffs respectfully

request that they be relieved of their obligation to comply with the May 19, 2022 Order, and that the defendants be directed to not produce *Sierra* discovery requests or responses to the PBA.

Respectfully submitted,

s/

Michael L. Spiegel

The parties should discuss this request to see if they can reach agreement. In the meantime, the Court will stay the obligation of the Sierra plaintiffs to produce the discovery required by Docket # 547. The PBA may seek to lift this stay at any time if the parties cannot arrive at an agreement. The Court notes that any proposed motion to amend the complaint is returnable before Judge McMahon and must comply with her individual practices.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

June 1, 2022