**Kaufman Lieb Lebowitz & Frick**
attorneys at law

(212) 660-2332
18 E. 48th St., Suite 802
New York, NY 10017
www.kllf-law.com

June 2, 2022

**Via ECF**

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

MEMORANDUM ENDORSED

Re: New York City Policing During Summer 2020 Demonstrations
No. 20-CV-8924 (*this filing relates to all cases*)

Your Honor:

I write on behalf of the Plaintiffs in these consolidated cases to request that the Court order Defendants to appear at a meet-and-confer on Tuesday, June 7, after they unilaterally canceled a long-scheduled meeting today, June 1, less than an hour before the meeting was scheduled to begin. While we wish to avoid seeking constant Court intervention, we have reluctantly concluded it is the only way to ensure that this necessary meet-and-confer happens in a timely manner.

**Defendants Delay and Then Cancel a Crucial Meet-and-Confer**

On May 3, 2022, the Court issued an order granting Plaintiffs additional time to depose Deputy Chief Gerald Dowling. Dkt. No. 528. The Court further ordered the parties to "discuss what depositions remain, which of them should exceed the presumptive 7-hour limit, and to what extent." *Id*. I emailed defense counsel on May 10 to open discussions on these issues. To facilitate Plaintiffs' understanding of which deponents would require more than seven hours, I asked Defendants to provide a list of the protests each remaining deponent was involved in, their body-worn camera footage from the protests, their disciplinary history, and any records relating to injuries they sustained in the protests. I suggested we set up a meeting to further discuss the deposition schedule after defendants provided this information, which we asked for no later than May 24.

Amy Robinson responded on May 12 on behalf of Defendants to say they defendants "are gathering this information" but could not meet the May 24 deadline. She said she would provide times for a meet and confer "next week."

In the meantime, Plaintiffs spent significant time coordinating among ourselves to come up with a list of deponents we believed, with the discovery provided to date, would require more than seven hours.

Alanna Kaufman*  •  Douglas E. Lieb‡  •  David A. Lebowitz  •  Alison Frick*

Adam Strychaluk  •  Alyssa Isidoridy

*Also admitted to practice in New Jersey   ‡Also admitted to practice in California and Connecticut

Kaufman Lieb Lebowitz & Frick                                              June 2, 2022
Page 2 of 3

On May 19, Ms. Robinson promised to provide "tomorrow" times for a meet and confer "early next week." After a week without further response, I followed up on May 26 asking for defense counsel's availability. Finally, on Friday, May 27, Ms. Robinson provided times, and we agreed to meet on Wednesday, June 1 at 1pm. **Ex. A.**

Ms. Robinson had indicated she wanted to discuss both the deposition schedule and the exchange of information before each deposition (what she had been referring to as the "Bellamy protocol"). Accordingly, Plaintiffs conferred internally and put together a proposal by which all sides would exchange information and exhibits before each deposition, to facilitate coordination and efficiency.

At 10:23am on June 1, I sent Plaintiffs' proposal to defense counsel. Ex. A at 5. Defendants had not asked Plaintiffs to provide a specific proposal, but Plaintiffs thought it would assist our discussions. We did not ask Defendants to come prepared with answers on the proposal, only that they "consider" it before the meeting. Specifically, Plaintiffs proposed that Defendants identify the relevant protests each deponent was involved in immediately, so Plaintiffs could coordinate the deposition preparation; Defendants would then provide calendars, text messages, and protest-related disciplinary history within a week of each deposition. *Id.* In exchange, Plaintiffs would provide a list of general topics they expected to cover during the deposition and would endeavor to provide exhibits they would rely on, with the understanding that they could cover additional topics and use additional exhibits if necessary.

At 11:57am, one hour before the scheduled meet-and-confer, Ms. Robinson responded that the proposal we sent—sent only to help guide discussions—"is coming too close in time to the meet and confer" and asserting Defendants would not be able to meet "until next week." *Id.* at 4. She offered two one-hour slots next Tuesday, June 7. *Id.*

In another exchange of emails, I repeatedly said that Plaintiffs did not consent to adjourn the meeting, that Defendants were free to pretend Plaintiffs never sent the proposal, and that we could at the very least discuss the deposition schedule. *Id.*

At 1pm on June 1, Plaintiffs appeared at the meet-and-confer.[1] No one from the City arrived.

**Defendants Must Be Ordered to Meet with Plaintiffs**

Not only did Defendants take weeks to schedule this meeting, they then used Plaintiffs' attempt to work proactively and prepare a proposal to address Defendants' stated concern about sufficiently preparing witnesses with such a large volume of material as an excuse to cancel that meeting. Over a dozen lawyers set aside time on their calendars today—not to mention worked together in advance of today's meeting to coordinate a master deposition list, agree to a proposal, and prepare for the meeting—

---

[1] Fourteen lawyers representing the eight consolidated cases appeared: Tahanie Aboushi, Wylie Steklow, Remy Green, Lillian Marquez, Molly Biklen, Mike Spiegel, Josh Moskovitz, Bobby Hodgson, Conor Duffy, Elena Cohen, Alexandra Settelmayer, Nimra Azmi, Robert Balin, and Ali Frick.

only for defense counsel to, once again, refuse to fulfill one of the most basic lawyering obligations: discussing issues with their adversaries.

There are dozens of depositions left to take in this case. Because the schedule was stayed pending the resolution of the intervention of various police unions, the parties will need to request a new schedule. Plaintiffs have sought diligently to coordinate with Defendants on the remaining depositions and the necessary discovery extension request, but we cannot make progress if Defendants refuse to engage.[2] Further, Defendants' refusal or inability to engage in basic tasks related to scheduling depositions significantly prejudices Plaintiffs' ability to complete discovery.

Accordingly, we ask the Court to order (1) that defense counsel appear at a meet-and-confer on June 7 at 4pm and stay until it is concluded;[3] (2) that whoever appears have the authority to make decisions and come to agreements regarding the pre-deposition exchange of information;[4] and (3) that defense counsel be authorized to make decisions on a proposed deposition and discovery schedule. Further, given the City's tremendous waste of counsel's time today and its failure to comply with paragraph 2(A) of Your Honor's Individual Practices requiring parties to confer about discovery issues, we ask the Court to sanction the City in the amount of $1,000 to be awarded to the New York Lawyers Fund for Client Protection.

We thank the Court for its time on this matter.

Respectfully submitted,

Alison Frick

Enclosure: Exhibit A (email change with defense counsel)

---

The parties should meet on June 7, 2022, and both sides shall be prepared discuss the issues in full. The City shall offer availability for two possible 2-hour time slots on that date as this appears to be an area that may require more than one hour of discussion. Any other requests for relief are denied.

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge

June 2, 2022