

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | AMY ROBINSON<br>*Senior Counsel*<br>arobinso@law.nyc.gov<br>Phone: (212) 356-3518<br>Fax: (212) 356-1148 |
|---|---|---|

**By ECF**

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

June 2, 2022

MEMORANDUM ENDORSED

In Re: *New York City Policing During Summer 2020 Demonstrations*,
No. 20 Civ. 8924 (CM) (GWG)
This filing is related to all cases

Your Honor:

    I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. Defendants write to respectfully request an extension from Friday, June 3, 2022, until Thursday, June 9, 2022, to complete the comprehensive review for any misstatements pertaining to the Discovery Chart. The Court previously granted defendants two requests for brief extensions of time to respond to the Court's Order and Memorandum Endorsement at Docket Numbers 541 and 546.

    Plaintiffs position is as follows:

> Plaintiffs should have had a reliable, final statement of what the City is withholding and what the City is producing months -- if not a year -- ago. That they do not only further delays basic document discovery. Not counting the months of delays and extensions on the initial chart, this is Defendants' third extension (see Dkt. Nos. 555 and 546) of time to review their chart for misstatements. Yet, Defendants have not provided any explanation for why the other two extensions they've received (to say nothing of the time the Court initially set) were not sufficient. When Plaintiffs asked Defendants for an explanation, we received nothing but a generic statement that this task involves "very time-consuming work." Given that, and the history here, Plaintiffs made themselves available and asked to meet and confer about what, exactly, is taking so long. Defendants replied, "We are not going to m&c on the issue."

Defendants' only explanation for the delays is that there a large amount of information at issue in this large case. But of course there is. The Court has rejected this kind of excuse repeatedly. 2022-02-11 Tr. 54:23-57:19 (THE COURT: "And if the only explanation is going to be, well, we can't keep up, that's just not an acceptable explanation. What's going on here is just of the character of what might be expected in a case like this."). This project came about because Defendants admittedly included untrue information in a chart Plaintiffs should have had in February, after they admitted their lead attorney and the lead author of the chart had forged documents. It continues to appear that the City is making a deliberate choice to understaff the case to the substantial prejudice of the plaintiffs.

Plaintiffs are opposed to any blanket extension without further explanation on the record. Should the Court grant any extension, we ask that Defendants be ordered to provide their findings for the portions of the discovery chart they have reviewed.

Defendants completed the first task pertaining to Court's order to perform the review for any missed deadlines pertaining to the Discovery Chart and reported to the Court last Friday. Defendants continue their review and are actively working to complete the latter portion of the Court's Order to review the Discovery Chart for any misstatements, however, this extension is necessary as defendants require a few additional days to conclude their efforts. We want to be careful in our review in light of Court's instruction and recent allegation of misstatements. Further, defendants are not asking for a blanket extension without a date, and defendants should not have to meet and confer on an incomplete process.

Thank you for your consideration herein.

Respectfully submitted,

*Amy Robinson s/*

Amy Robinson
*Senior Counsel*

cc:   ALL COUNSEL (*via* ECF)

Granted in part and denied in part. By June 3, 2022, the City shall provide to plaintiffs a listing of which rows of the Discovery Chart they have reviewed as of that date and a listing of any misstatements contained within those rows. A letter to the Court containing a complete listing of any misstatements shall be filed on ECF by June 9, 2022

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge

June 2, 2022