

June 2, 2022

**Via ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

        Re:    *In re: New York City Policing During Summer 2020 Demonstrations,*
                *No. 20-CV-8924*
                *This Filing is Related to Payne, People, Sow*

Dear Judge Gorenstein:

      We write on behalf of counsel for the *Payne, People, and Sow* Plaintiffs in these consolidated actions to request, with the consent of Defendants the City of New York and the Police Benevolent Association of the City of New York, Inc. (PBA), a one-week extension until June 10, 2022, to produce to the PBA a copy of all documents produced in the aforementioned cases. On May 19, 2022, this Court ordered the parties in the cases in which the PBA has intervened to provide the PBA with "(1) a copy of all discovery requests that party has made; and (2) a copy of all discovery responses that party has provided through that date (consisting of the formal response and any documents produced)" by June 3, 2020. ECF 547. The request for a one-week extension until June 10 relates only to produced documents; Plaintiffs and the City will produce discovery requests and written responses by the Court's June 3 deadline. The PBA consents to this request on the condition that the Court also extend its deadline to serve discovery demands by a week, to June 17, 2022.[1]

      *Payne, People* and *Sow* Plaintiffs seek this extension to allow the parties additional time to reach agreement on the parameters of the production of confidential and sensitive records. Specifically, the parties are discussing an agreement to address Plaintiffs' concern about the

---

[1] Specifically, counsel for the PBA stated as follows: "The extension is specifically conditioned on you including in the letter that the parties consent that the PBA's deadline to serve discovery requests be likewise extended by same period and that parties will produce the document requests and written responses by **June 3**, and all other material required by the Court's May 19, 2022 Order by June 10." In a subsequent email, counsel clarified that "the agreement to produce 'all other material required by the Court's May 19, 2022 Order by June 10' means that, should the court modify the production obligation prior to the time of production on June 10, such modification would apply to the June 10 production."

production of confidential medical and other highly personal records belonging to individual plaintiffs, marked as Confidential by Plaintiffs, as well as the production of Civilian Complaint Review Board (CCRB) and Internal Affairs Bureau (IAB) investigatory files, produced by the City Defendants and marked as Confidential, which raise similar concerns to the extent they contain confidential medical and other information, and to the extent that some of those investigations remain pending against PBA members. The parties have met and conferred regarding proposed limits on discovery on multiple occasions—on May 24, counsel for Plaintiffs and the PBA and the City met and conferred in good faith for approximately 90 minutes[2], and previously on March 17, counsel for Plaintiffs and the PBA met and conferred in good faith for approximately 35 minutes.[3] After extensive negotiations on this issue, Plaintiffs respectfully request a one-week extension to allow those discussions to continue and come to any agreement, if possible, on language for a stipulation.

To resolve this outstanding issue, Plaintiffs respectfully ask that the Court approve the one-week extension to the Plaintiffs and City's deadline to produce discovery documents to the PBA and to the PBA's deadline to serve discovery requests, such that Plaintiffs and the City shall produce such documents by June 10 and the PBA shall serve discovery demands, if any, by June 17, 2022.

Respectfully submitted,

---

[2] Present at the conference for Plaintiffs were Corey Stoughton, Lillian Marquez, Remy Green, Alicia Calzada, Rob Rickner, Travis England, Mike Spiegel, Daphna Spivak, Rigodis Appling, Mike Vitroulis, Remy Green, Rob Balin, Doug Lieb, Tahanie Aboushi. Present for the City were Amy Robinson, Shannon Riordan, Jenny Weng, Bridget Hamill, Jenny Weng, Genevieve Nelson. Present for the PBA were Robert Smith and Thomas Kissane.

[3] Present at the conference for Plaintiffs were Molly Biklen, Daniel Lambright, Daphna Spivack, Joshua Moskovitz, Remy Green, Lillian Marquez, and Swati Prakash and for the PBA were Robert Smith and Thomas Kissane.

3

By: *s/Daphna Spivack*  
Daphna Spivack  
Molly K. Biklen  
Robert Hodgson  
Jessica Perry  
Daniel R. Lambright  
Lisa Laplace  
Christopher T. Dunn  
New York Civil Liberties Union  
    Foundation  
125 Broad Street, 19th Floor  
New York, N.Y. 10004  
(212) 607-3300  
dspivack@nyclu.org  

By: /s/*Corey Stoughton*  
Corey Stoughton  
Jennvine Wong  
The Legal Aid Society  
199 Water Street  
New York, N.Y. 10038  
(212) 577-3367  
cstoughton@legal-aid.org  

*Attorneys for Plaintiffs in 20 Civ. 8924*