

**THE CITY OF NEW YORK**

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**AMY ROBINSON**
Tel.: (212) 356-3518
Fax: (212) 356-3558
arobinso@law.nyc.gov

June 2, 2022

**BY ECF**
Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: <u>Kayla Rolon, et al. v. City of New York, et al.</u>,
     21-CV-02548 (CM)

Your Honor:

  I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and am among the attorneys representing defendant City of New York ("City") in this matter. Defendant City writes to respectfully request a forty-five (45) day enlargement of time until July 11, 2022, to answer or otherwise respond to the Complaint. This is defendant City's first such request and no other dates will be affected by this request. Plaintiffs' counsel consents to this request.

  By way of background, plaintiffs filed the Complaint on March 24, 2021, alleging that, on multiple dates, members of the New York City Police Department ("NYPD") used excessive force and unlawfully arrested plaintiffs. *See* Docket Entry No. 1. As such, plaintiffs assert numerous federal law based claims against the City, NYPD[1], former Mayor Bill De Blasio, former NYPD Commissioner Dermot Shea, former NYPD Chief Terence Monahan, Police Officers Wells, Lars Frantzen, Fierro, Jon Brodie, Pichardo, Eduard Lucero, Altamirano, Sgt.

---

[1] The NYPD is a non-suable entity and, therefore, any claims against it should be dismissed. *See* N.Y.C. Charter, Chapter 17, §396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law"); *see also Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (E.D.N.Y 1992) (dismissing claim against the New York City Police Department "because it is an agency of the City of New York" which may not be sued independently).

Robert Dixson, Sgt. Scott Haldeman, and "John Does" alleging, *inter alia*, excessive force, false arrest and municipal liability. On April 29, 2021, Your Honor stayed this matter except for service, pending resolution of the other related, earlier filed cases. *See* Docket Entry No. 7. On May 11, 2022, the stay was lifted. *See* Docket Entry No. 37.

There are several reasons for seeking an enlargement of time in this matter. First, in accordance with this Office's obligations under Fed. R. Civ. P. 11, and before defendant City can adequately respond to the Complaint, this office must conduct an investigation into the actual allegations set forth in the Complaint.

Second, this Office must investigate and determine whether it may assume legal representation for any of the individually named defendants before we may respond to the Complaint on their behalf. This Office, respectfully notes for the Court's attention, that according to a review of the civil docket sheet, the individually named defendants, Police Officers Wells and Fierro, have not been served with process to date. Thus, this enlargement should also give plaintiffs time to serve the named officer defendants. While it appears that the other individually named defendants have been served with process in this case, this Office has not discussed with them the manner of service, and we make no representation herein as to the adequacy of service upon them. Assuming that individually named defendants are all properly served, this enlargement may also allow this Office time to conduct an inquiry to determine whether it will represent them in this action. *See* General Municipal Law § 50(k); *Mercurio v. City of New York,* 758 F.2d 862, 864-65 (2d Cir. 1985); *Williams v. City of New York*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). Finally, as this Office has not discussed representation with the individually named defendants, this request for an extension of time is not made on their behalf. However, given the time involved in determining the representation of an employee of the New York City Police Department, and in the interest of judicial economy, we hope that the court may extend their time to respond as well, assuming they have been properly served.

For the reasons set forth herein, defendant City respectfully requests that the Court enlarge its time to answer or otherwise respond to the Complaint until July 11, 2022. Further, defendant City also hopes that the Court applies this enlargement to the individually named defendants as well.

Defendant City thanks the Court for its time and consideration herein.

Respectfully submitted,

/s/ *Amy Robinson*

Amy Robinson
*Senior Counsel*
*Special Federal Litigation Division*

cc:   All Counsel of Record (*via* ECF)