

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**AMY ROBINSON**
*Senior Counsel*
arobinso@law.nyc.gov
Phone: (212) 356-3518
Fax: (212) 356-1148

**By ECF**  June 3, 2022

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re: *New York City Policing During Summer 2020 Demonstrations*,
           No. 20 Civ. 8924 (CM) (GWG)
           This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. Defendants write to respectfully request a 60-day extension to August 2, 2022, to respond to plaintiffs' First Consolidated Requests for Admission. Plaintiffs stated via email dated June 2, 2022, in response to defendants' request to them for an extension, "[p]laintiffs maintain their position that these matters are admitted by automatic operation of Rule 36 and do not consent to vacatur of those admissions."

      On February 16, 2022, plaintiffs served their First Consolidated Requests for Admission. Plaintiffs' demand consisted of 286 requests for admission, plus an interrogatory and a document demand. Defendants did not respond to these requests, and plaintiffs have now deemed them admitted. Under Rule 36, if the party to whom the request to admit is directed does not object or answer within 30 days, the request is deemed admitted. *See* Fed. R. Civ. P. 36(a)(3). However, the Court has discretion to permit admissions to be withdrawn or amended "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Thus, the Court has the power to make exceptions to the rules when, (1) the presentation of the merits will be aided and (2) no prejudice to the party obtaining the admission will result. *See Donovan v. Carls Drug Co.*, 703 F.2d 650, 651-652 (2d Cir. 1983). As plaintiffs have deemed their Requests admitted, defendants respectfully requests that the Court withdraw the admissions and permit defendants to provide answers to those requests for admission that are proper.

      First, these cases should be decided on their merits and not on a technicality, and here, withdrawal would certainly promote the presentation of the merits of the action. If the Court were

to uphold the admissions, this could practically eliminate any presentation of the merits of a large swath of the consolidated cases. *See Hadley v. United States*, 45 F.3d 1345 (9th Cir. 1995); accord *Loc. Union No. 38 Sheet Metal Worker' Int'l Ass'n, AFL-CIO v. Tripodi*, 913 F. Supp. 290, 294 (S.D.N.Y. 1996) (allowing withdrawal of admission because the "presentation of the merits clearly would be saved . . . by permitting defendant to dispute a central issue in this case"). *See also Westmoreland v. Triumph Motorcycle Corp.*, 71 F.R.D. 192, 193 (D. Conn. 1976) ("The first half of the [Rule 36(b)] test is clearly satisfied since the effect of upholding the admissions would be to practically eliminate any presentation of the merits."); accord *Garden City Bosing Club, Inc. v. Rice*, 2005 U.S. Dist. LEXIS 4007, at *4 (S.D.N.Y. Mar. 14, 2005).

Attached hereto as Exhibit A are the Requests. A cursory review of the requests shows that many of them are improper and factually inconsistent to one another.[1] Furthermore, many of these requests ask defendants to admit that they violated specific policies or certain requirements under various laws, and others require defendants to concede certain interpretations of legal provisions. Others seek admission of statements already attributed to a speaker.[2] These and other types of requests for admissions propounded by plaintiffs constitute an improper use of Rule 36. *See, e.g. e Ross v. Shah*, No. 1:12-CV-1006 (GTS/CFH), 2015 U.S. Dist. LEXIS 102315, 2015 WL 4648002, at *11 n.34 (N.D.N.Y. Aug. 5, 2015); *Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432 (S.D.N.Y. 2012). Therefore, deeming any of these requests admitted would frustrate the purpose of Rule 36 as well as the presentation of the merits in the consolidated cases.

Second, no prejudice accrues to plaintiffs in allowing defendants to provide answers to the proper requests for admission. "The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it related to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Brook Vill. N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982) citing *Westmoreland*, 71 F.R.D. at 193. Here, plaintiffs have not relied on these admissions in any way and have and will continue to take multiple depositions of key witnesses, and have hundreds of thousands of pages of discovery, thus plaintiffs are certainly not left wanting in this regard. Simply put, permitting withdrawal of the admissions will aid in presentation of the merits in these consolidated cases, and there is no perceptible prejudice to plaintiffs.

In the alternative, defendants argue that excusable neglect exists to extend the time after the time to respond has expired. When an act may or must be done within a specified time, the Court may, for good cause, extend the time on motion made after the time has expired if the party

---

[1] For example, Request 83 asks "[a]dmit that PO Brian P. Destefano personally observed Jillian Primiano in purported violation of the Citywide Curfew," While Request 84 asks "[a]dmit that PO Brian P. Destefano did not personally observe Jillian Primiano in purported violation of the Citywide Curfew."

[2] For example, Request 5 asks to "[a]dmit that Police Commissioner Dermot F. Shea stated at a June 4, 2020 press conference 'You look at the anti-police rhetoric, it disgusts me to my core'", while Request 6 asks to "[a]dmit that Mayor de Blasio stated at a press conference on June 5, 2020, that he "had observers from City Hall" present at the rally in Mott Haven on June 4, 2020."

failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). First, as Your Honor is aware, the defense teams' leader and most senior attorney on these matters, and the person who was specifically handling the task of responding to the consolidated requests and calendaring the deadline for same, is no longer with this Office.[3] Defendants should not be penalized in this regard due to the oversight and omissions of the attorney assigned to this task.[4]

We know the Court can recognize the pragmatic realities of finite resources as well as the realities of missing a deadline, which leads to administrative oversights. These administrative errors militate against deeming requests admitted to the extent that they undermine substantive defenses and further warrant allowing defendants additional time to respond to plaintiffs requests for admission.

In light of the foregoing, defendants respectfully request that the Court *nunc pro tunc* allow defendants additional time to respond to plaintiffs' requests that are proper.

Thank you for your consideration herein.

Respectfully submitted,

*Amy Robinson s/*

Amy Robinson
*Senior Counsel*

cc:   ALL COUNSEL (*via* ECF)

---

[3] In their email response to defendants, plaintiffs point out that other attorneys for defendants were listed on the email serving these Requests. However, tasks are assigned to other attorneys regardless of whom they were sent to, and this task was for the former lead attorney.

[4] The timing of plaintiffs bringing this oversight to defendants' attention is worth noting. As a pre-emptive and corrective measure, given the fact that the former lead attorney was no longer working with this Office, defendants inquired of plaintiffs if there were any outstanding deadlines on any of the consolidated cases so that defendants could address them. Plaintiffs declined to extend that professional courtesy. Instead, plaintiffs waited June 1, 2022, after defendants advised the Court of any missed deadlines on the Document Requests Chart, to inform defendants of a missed March deadline pertaining to the requests for admission. While the Requests were not the subject of the Document Requests Chart, it would have been part of defendants' request to plaintiffs. Furthermore, while it is not plaintiffs' obligation to remind defendants of their deadlines, in the normal course of practice on these cases, a reminder would be sent to opposing counsel advising that responses were passed due and offer the opportunity to serve responses.