UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: New York City Policing
During Summer 2020 Demonstrations

---------------------------------------------------------------x

This filing is related to:

*Payne v. De Blasio, et al.*                                    20-cv-8924 (CM)(GWG)

---------------------------------------------------------------x

*Sierra v. City of New York, et al.*,
                                                                20-cv-10291 (CM)(GWG)
---------------------------------------------------------------x

*People v. City of New York, et al.*,                           21-cv-322 (CM)(GWG)

---------------------------------------------------------------x

*Sow v. City of New York, et al.*,                              21-cv-533 (CM)(GWG)

---------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/7/2022

## ORDER GRANTING THE SERGEANT BENEVOLENT ASSOCIATION'S AND THE DETECTIVES ENDOWNMENT ASSOCIATION'S RULE 24(A) MOTIONS TO INTERVENE

McMahon, J.:

The plaintiffs in these consolidated cases allege that the City of New York (the "City"), the New York City Police Department (the "NYPD"), and certain individuals employed by the City violated the plaintiffs' constitutional rights during protests held beginning in May 2020. I presume familiarity with the facts of these cases, which are set forth in this court's July 9, 2021, decision and order granting in part and denying in part the defendants' motion to dismiss the Amended Complaints. (*See* Docket No. 191).

Presently before this court are two motions to intervene in the four above-captioned cases. One is filed by the Sergeants Benevolent Association (the "SBA") (Docket No. 468), and other by

1

the Detectives' Endowment Association of New York (the "DEA") (Docket No. 474). Both of the pending motions to intervene are made pursuant to Rule 24(a) of the Federal Rules of Civil Procedure ("Rule 24(a)").

Rule 24(a) states that, "On timely motion, the court must permit anyone to intervene who (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. Rule Civ. Pro 24 (a). A party has the right to intervene under Rule 24(a) when (i) the motion to intervene is timely filed, (ii) the putative intervenor has an interest in the existing litigation, (iii) the intervenor's interest would be impaired by the outcome of the litigation, and (iv) the intervenor's interest will not be adequately represented by the existing parties. *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010).

Because the SBA and the DEA satisfy each of these elements, their Rule 24(a) motions to intervene in the four above-captioned cases are granted to the extent that the actions seek declaratory or injunctive relief with respect to the NYPD policies.

A brief procedural history is in order.

The SBA, DEA, and the Police Benevolent Association of the City of New York, Inc. (the "PBA") are all labor unions representing three large groups of officers: sergeants, detectives, and police officers.

In early 2021, the SBA, the DEA, and the PBA all filed initial motions to intervene in certain of the consolidated actions. The SBA and DEA sought leave to intervene in just one of the six consolidated cases: *People of the State of New York v. City of New York, et al.*, No. 21-cv-322,

which is the only case not brought on behalf of individual plaintiffs and the only case that does not seek any compensatory damages. The PBA sought leave to intervene in all six cases that had been brought at the time, including those seeking compensatory damages.

All three unions made essentially the same arguments: that each union had interests at stake at both the merits and remedy phases of the litigation, and that the defendants – in particular, the City of New York – would not adequately represent those interests. The motions to intervene were timely filed, but both plaintiffs and defendants opposed, contending that (i) none of the unions' asserted interests is presently cognizable, and (ii) even if they were, there is no reason why they would be impaired or would not be adequately protected by the current defendants (factors two, three, and four of the Rule 24(a) analysis).

This court denied the motions to intervene in the consolidated actions on April 28, 2021, characterizing the labor unions' interests as an interest in collective-bargaining rights, and an interest in how any future injunctions or settlements/consent decrees might impact working conditions or officer safety. *In re New York City Policing During Summer 2020 Demonstrations*, 537 F. Supp. 3d 507, 512 (S.D.N.Y. 2021). I concluded that because, "At this early stage of the litigation, the primary question ... is whether certain NYPD policies are, in fact, unconstitutional— an issue that has nothing to do with the unions' collective-bargaining rights"—the unions had no "protectable interest" that would justify intervention. *Id.* at 515. I further concluded that the "unions have not demonstrated why they have a protectable interest in preserving any allegedly unconstitutional policies that the NYPD might be employing," *id.* at 515.

This court's denial of the initial motions to intervene was entered "without prejudice to renewal if changed circumstances give rise to a legitimate impact on the unions' collective bargaining rights," *id.* at 516; in particular "if the City agrees to any proposed settlement or consent

3

decree that impacts the unions' collective-bargaining rights, or if the [district c]ourt proposes to order injunctive relief that does so," *id.* at 520.

The PBA appealed this court's decision, while the SBA and the DEA did not. In its appeal, the PBA argued that it was entitled to intervene on the basis not only of its interest in collective bargaining, but also of its related but independent interest in protecting the personal safety of its member officers.

The Second Circuit reversed this court's denial of PBA's motion to intervene as a right, but only to the extent that the actions sought declaratory or injunctive relief with respect to the NYPD policies. *See In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792 (2d Cir. 2022). The Circuit held that the "PBA has a cognizable interest in officer safety that may be impaired by the disposition of those actions and that the parties may inadequately represent," and accordingly reversed this court's judgment denying intervention under Rule 24(a) as to *Payne v. De Blasio*, No. 20-CV-8924; *People of the State of New York v. City of New York*, No. 21-CV-322; *Sow v. City of New York*, No. 21-CV-533; and *Sierra v. City of New York*, No. 20-CV-10291 (the actions seeking declaratory or injunctive relief). *Id.* The Second Circuit affirmed this court's judgment denying intervention under Rules 24(a) and (b) as to those lawsuits that seek *only* damages: *Yates v. New York City*, No. 21-CV-1904, *and Wood v. City of New York*, No. 20-CV-10541. *Id.*

The SBA and DEA have renewed their motions to intervene as of right in *People*. The SBA and the DEA now also move to intervene in *Payne, Sierra,* and *Sow* as well in light of the Second Circuit issued its decision allowing the PBA to intervene as a matter of right in actions seeking declaratory or injunctive relief. The SBA and DEA both argue that the Second Circuit's reasoning

4

with regard to the PBA applies with equal force to the other two unions, which represent other groups of police officers.

The SBA, "which serves as the collective-bargaining unit for all police sergeants" in the New York City Police Department, argues that is has an interest in ensuring the personal safety of its member officers, some of whom were seriously injured in the Summer 2020 demonstrations. (Docket No. 469 at 1). The SBA contends that the relief requested in these cases threatens the safety of every NYPD sergeant called to respond to a protest, which constitutes a compelling interest in entering this litigation. Further, the SBA asserts that no existing party to the above captioned actions – including the PBA – will adequately represent the SBA's interest, and that the SBA's direct involvement is therefore necessary.

Similarly, the DEA, "which serves as the certified collective bargaining representative for the over 5,000 employees in the rank of Detective" in the NYPD, has an interest in ensuring the personal safety of the Detectives, "some of whom were seriously injured in the protests, demonstrations, and riots." (Docket No. 474 at 1). The DEA asserts that this court's substantive rulings and ensuing relief may upheave previously-established protocols used by Detectives concerning a multitude of issues like crowd control techniques employed by Detectives. The DEA argues that it is a necessary party because the ability of its members to provide direct insight into the practical challenges of maintaining the requisite balance between peaceful protests and unlawful disorder. (*Id.* at 2-3).

The motion has been fully briefed. The plaintiffs in the *Payne*, *Sierra*, *People*, and *Sow* cases oppose the second motions to intervene filed by the SBA and the DEA. (Docket No. 4871). Those plaintiffs argue that the PBA will adequately represent the interests of the SBA and the DEA, and that the instant motions are foreclosed under the doctrine of law of the case, because of

5

the SBA's and DEA's failure to take an appeal from the court's decision denying their original motion. In the event this court grants the motions to intervene, Plaintiffs ask that the SBA and the DEA should be limited to filing their original proposed pleadings (*see* Docket No. 39-16 and 44-3), and that the scope of their participation should be limited by the court. The City of New York echoes these arguments in its opposition. (Docket No. 477).

On April 7, 2022, this court announced that it would not rule on the pending motions until the motion for reargument or for an *en banc* hearing was decided by the Court of Appeals for the Second Circuit. (Docket No. 483). Those applications were denied, and the mandate issued on May 17, 2022. (Docket No. 543).

It is now time to resolve these outstanding motions.

**The Motions Are Granted.**

The court can see no reason not to grant the motions – and has no desire to risk further delay in the swift prosecution of these lawsuits (something I promised the parties would happen) while an inevitable second round of appeals is pursued. The SBA and DEA stand in no different a position *vis a vis* the plaintiffs' requests for declaratory and injunctive relief than does the PBA; this court would never have granted the motion of one union and denied the motions of the other two. While I respectfully disagree with the decision of the Court of Appeals, I am bound by the mandate to enforce it. As far as I am concerned, if the PBA is in, then all the unions are in.

I find the arguments in opposition to the motions singularly unpersuasive.

*First*, in light of the Second Circuit's decision, I cannot say that the PBA will adequately represent the interests of the SBA or the DEA. As set forth in the unions' reply memoranda of law, police officers of different ranks play different roles and can have different interests. For example, detectives (unlike police officers and sergeants) are generally in plainclothes and are not

6

routinely outfitted with protective, tactical gear when they are ordered to respond to demonstrations, protests, and riots. That gives rise to one set of concerns. On the other hand, sergeants have discretionary authority to direct police officers to use certain equipment (including batons, helmets, and shields) when they believe circumstances warrant such use; rank and file officers have no such authority. In short, it is not correct to say that the personal safety and statutory interests as among the three ranks of officers are congruent. The respective unions – the SBA and the DEA – are the entities with the knowledge and expertise needed to address the difficulties that sergeants and detectives encounter when assigned to protests. (Docket No. 499 at 5).

*Second*, the motions to intervene are not foreclosed by the law of the case – and certainly not by the decision of this court in *In re: N.Y.C. Policing During Summer 2020 Demonstrations*, 537 F. Supp. 3d 507 (S.D.N.Y. 2021).

Law of the case is a discretionary doctrine; it does not limit a court's power to reconsider its own decision prior to a final judgment. *See Arizona v. California*, 460 U.S. 605, 618 (1983) ("Law of the case directs a court's discretion, it does not limit the tribunal's power"). A district court need not adhere to its own decision at an earlier stage of a litigation when there has been an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *United States v. Ben Zvi*, 242 F. 3d 89, 95 (2d Cir. 2001). And when an appellate court has decided an issue, the trial court is under a duty to follow the appellate court's ruling on that issue at subsequent stages of a litigation. *United States v. Tenzer*, 213 F. 3d 34, 40 (2d Cir. 2000).

Unsurprisingly, the City cites to this court's decision in *Pearlstein v. BlackBerry Ltd.* for the proposition that the district court "generally has the obligation to adhere to its own decision at

7

an earlier stage of the litigation." *Pearlstein v. BlackBerry Ltd.*, No. 13-CV-07060 (CM) (KHP), 2019 WL 6831554, at *9 (S.D.N.Y. Aug. 2, 2019), *report and recommendation adopted*, 2019 WL 4673757 (S.D.N.Y. Sept. 24, 2019), *aff'd sub nom. Cho v. Blackberry Ltd.*, 991 F.3d 155 (2d Cir. 2021). But *Pearlstein* provides no basis for this court to disregard the Second Circuit's mandate in this case.

Two plaintiffs in *Pearlstein* – Cho and Ulug – joined a securities fraud class action as "Additional Named Plaintiffs," rather than as simply unnamed members of the putative class. My late colleague Judge Griesa granted a motion to dismiss the initial complaint filed in that action, and then denied separate motions for reconsideration and for leave to amend from both the Lead Plaintiffs and the Additional Named Plaintiffs *with prejudice*. Lead Plaintiffs appealed Judge Griesa's decision to the Second Circuit, but the Additional Plaintiffs failed to file their own notices of appeal, and their names did not appear in Lead Plaintiffs' notice of appeal.

On appeal the Second Circuit (in pertinent part) overturned the "with prejudice" part of Judge Griesa's order, and directed the district court to reconsider whether leave to amend should be granted. I (having inherited the case when Judge Griesa died) granted leave to amend. Lead Plaintiffs then filed an amended complaint which Ulug and Cho joined once again as Additional Named Plaintiffs.

Defendants moved for partial judgment on the pleadings dismissing the claims brought by Cho and Ulug. They argued that the claims asserted by the Additional Plaintiffs were barred by law of the case because their independently asserted claim had been dismissed with prejudice and they had taken no appeal. Noting that Cho and Ulug had elected to assert their own claims, rather than rely on the efforts of Lead Plaintiffs and class counsel, this court granted the motion. The Circuit affirmed. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021).

Although the SBA and the DEA did not take an appeal from my decision denying them leave to intervene, the contrast between *Cho/Pearlstein* and the instant case is obvious. This court's prior decision denying the initial motions to intervene cannot possibly be "law of the case," because my order was explicitly entered "without prejudice to renewal" of the motion for leave to intervene if subsequent developments warranted the same. *In re: N.Y.C. Policing During Summer 2020 Demonstrations*, 537 F. Supp. 3d 507, 520 (S.D.N.Y. 2021). In other words, this court stated in no uncertain terms that it was amenable to reconsidering the unions' applications for leave to intervene at some future date. The Second Circuit's subsequent holding that another police union had "a direct, substantial, and legally protectable interest in officer safety" that "may be impaired in litigation that could result in a determination that NYPD policies governing the interaction of officers and protesters are unlawful and must be altered," (*N.Y.C. Policing*, 27 F.4th at 799-800), was a subsequent development that warranted reconsideration of my original ruling – reason enough for the unions to renew their motions.

In any event, the "without prejudice to renewal" aspect of my earlier decision is as much a part of the original decision as was the denial of the unions' motions to intervene. So if my decision became "law of the case" by virtue of the two unions' failure to take an appeal, then it is "law of the case" that the unions have the right to make a new motion to intervene. Which they have done.

Of course, the plaintiffs are correct that Rule 24(c) requires that a movant append a "pleading that sets out the claim or defense for which intervention is sought." Fed. Rule Civ. Pro. 24(c). Neither union filed with their renewed motions to intervene a proposed responsive pleading.

But failure to comply with Rule 24(c) may be excused if "the position of the movant is apparent from other filings," and if "the parties to the litigation will not be prejudiced." *Kleeberg v. Eber*, No. 16-CV-9517 (LAK) (KHP), 2019 WL 1416898 (S.D.N.Y. 2019) (quoting *Tachiona*

9

*ex rel. Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 393, 393 n. 8 (S.D.N.Y. 2002)). Both the SBA and the DEA annexed proposed pleadings to their original motions to intervene in connection with *People*. Both unions have set forth the interests they seek to protect in their original motions to intervene, in their reply briefs in support of the original motions, and in their papers filed in support of the instant motions to intervene pending before this court. Given that the DEA and the SBA's positions are articulated clearly in prior submissions, neither the plaintiffs nor the defendants are prejudiced by the unions' failure to re-attach a proposed pleading to the instant motions. The unions are granted leave to file the pleadings they attached to their earlier motions. Because they did not revise those pleadings for the court's consideration, they must file the pleadings exactly as they were when presented to the court; they may not amend them.

I am sensible to the fact that the entry of new parties is impacting the discovery schedule. But Magistrate Judge Gorenstein and I have been in communication about this ever since the Second Circuit's decision came down. He will ably integrate all three unions into this lawsuit; indeed, he has managed matters to date so that critically important depositions were not taken until the issue of intervention could be resolved. And I will fully endorse any order Judge Gorenstein may enter that requires the intervening unions – all of them – to bring themselves up to speed within a very short time frame.

It is still my intention that discovery be over by the end of this calendar year, and the learned Magistrate Judge has promised to do his very best to meet that deadline. The unions and their lawyers will simply have to accept that their participation in these lawsuits comes at the price of being on an expedited schedule and work diligently through the summer months to catch up.

## CONCLUSION

The motions to intervene filed by the SBA and the DEA are granted. The unions must file

10

their proposed pleadings (the ones attached to the original motion) within three business days of the entry of this decision on the docket. The parties to these consolidated cases must provide discovery materials to the unions on whatever schedule Judge Gorenstein sets.

This constitutes the decision and order of the court. It is a written opinion. The Clerk of Court is respectfully directed to terminate the motions at Docket Number 468 and Docket Number 474.

Dated: June 7, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL