

June 7, 2022

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

    Re:    <u>In re: New York City Policing During Summer 2020 Demonstrations,</u>
              1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases

Dear Judge Gorenstein:

      I write on behalf of Plaintiffs in the consolidated cases, to request a conference under Local Civil Rule 37.2, and ultimately to seek an order compelling Defendants to produce documents and information they have improperly withheld as "non-responsive." First Defendants have made redactions for "Not Responsive" (labeled as "NR") in 15,443 documents in the productions.[1] This is simply not a permissible basis to redact information. Second, Defendants have withheld about 5,000 documents on the grounds of "non-responsiveness." Most of these documents appear to be attachments to emails that were produced. But Plaintiffs' document requests specifically asked for all attachments — so attachments *are* responsive. And that is putting aside that many of these documents appear to have core relevance.

      Fixing this problem is simple: with modern technology, Defendants need only press a few buttons (and wait a day or two for their vendor to process things) to produce the previously withheld documents and to remove the category of improper redactions. It is not as if they need to re-review documents,[2] and the ediscovery platform (Relativity) all parties are using tracks redactions by type. So, since there is no legal justification for what Defendants have done, and no meaningful burden to fixing it, Defendants should be ordered — very quickly — to fix this significant overreach in keeping information away from Plaintiffs.

      Following a month and half of requests from Plaintiffs (starting on April 1) for meet and confers with Defendants on the issue of redactions and withholding of documents for non-responsiveness, on May 19, 2022, the parties met for over an hour.[3] Plaintiffs made clear we were at

---

[1] Metadata shows that 15,443 documents in the productions contain redactions for "Not Responsive." 10,530 documents only contain redactions for non-responsiveness but 4,913 documents also contain redactions for a legal privilege or personal identifying information (PII). At issue here are the "Not Responsive" redactions within the 15,443 documents, which likely number even more thousands of individual redactions and pages.
[2] When Defendants have claimed something is both "non-responsive" *and* privileged, they appear to have asserted both (at least in the slipsheets) — and those dual claims are not at issue here.
[3] In attendance were myself, Swati Prakash, Lillian Marquez, Gina Bull, Ali Frick, Corey Stoughton, Rob Rickner, Rigodis Appling, and Tahanie Aboushi for Plaintiffs; and Glenda Carasquillo, Rachel Kaufman, Jenny Weng, Anthony DiSenso, and Nadine Ibrahim for Defendants.



an impasse if Defendants did not agree to produce the documents and remove the redactions in whole.

Plaintiffs then followed up with a detailed email on May 27th, reiterating that all family members of responsive documents are responsive to Plaintiffs' document requests, that all redactions for non-responsiveness are legally improper, and that it is unreasonable to put the burden on Plaintiffs to identify specific examples that should be produced given the huge number of withholdings and redactions. Plaintiffs asked for a response (along with final production) by June 3 at 5:00 p.m. — making clear that anything short of full production was an impasse. Defendants responded late, at 5:38 p.m. on June 3, stating that they would "re-review the family members that were slipsheeted for non-responsiveness to ensure they are in fact non-responsive . . [and] will re-review the non-specific 'NR' redactions and remove or modify same if necessary [ ]."

Defendants' response failed to even commit to a deadline for this re-review of thousands of documents and failed to address Plaintiffs' core objection — that these documents should not be redacted or withheld for anything but a legal privilege, which Defendants have waived by not asserting. Plaintiff's request that any redaction or withholding of an attachment for non-responsiveness could be satisfied with the pushing of a few buttons; Defendants' proposal to re-review over 20,000 documents would likely take weeks or months in an already tight discovery schedule. Plaintiffs also asked that if Defendants had something further to share or discuss, Defendants ask to schedule a meet and confer. They did not. For Defendants to vaguely commit — with no end date — to looking at an issue Plaintiffs have been raising for two months is simply not tenable, or aimed at accomplishing anything but delay. That said, given the lack of clarity in what, exactly, Defendants were committing to do, we asked for clarification by the end of the day June 6, again reiterating the impasse and failure to commit to timing. In response, we received more non-commitments. So this motion followed.

### I. Responsiveness Redactions Are Facially Improper, and Defendants Have No Explanation for their Refusal to Remove Them Besides Burden.

Defendants have made extensive redactions claiming certain material in responsive documents is non-responsive. In many cases the redactions are extraordinarily broad—spanning 15,443 documents and an unknown number of pages—and obscure what appears to be obviously relevant information. This practice has no basis in law and as a practical matter is significantly over-inclusive.

"[R]edactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014). In fact, in a prior conference, the Court instructed parties not to make non-privilege-based redactions. *See* 2022-10-19 Tr. 29:3-7 ("[T]here certainly shouldn't be redactions except for some, you know, privilege or for some personal privacy thing. I can't see any other reason why there'd be a redaction."). Defendants have not asserted any legal privilege over these redactions. When we asked Defendants in the meet and confer how these redactions were legally justified, they refused to even answer the question — instead, they improperly tried to shift the

Page 2 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



burden to Plaintiffs to identify why we *needed* certain information.  Defendants have thus tacitly admitted the assertions are improper.

      Past there, even if redactions for non-responsiveness were permissible (they are not), many of Defendants' redactions appear to cover information that is not just responsive, but of core relevance.  Consider, for example, DEF_E_PD_00057868-879 (submitted to Chambers by email).  This is a document, ███████████████████████████████████

███████████████████████████████████████████████████████████████████████

That is, Defendants appear to redacting information that is *about the protests* as "non-responsive." That is completely beyond any possible justification.

      Similar problems exist for DEF_E_PD_0010873. ███████████████████████

███████████████████████████████████████████████████████████████████████

COHEN&GREEN                                                                                                       Page 3 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



███ And so too with DEF_E_PD_00081095, a document that ███████████████████████████████████████████████████████████. As above, these are just a few examples. So, again, even if non-privilege-based redactions were permissible (they're not), Defendants' redact-everything-and-demand-Plaintiffs-justify-*non*-redaction approach is just not workable on the schedule in this case, particularly given the scale of the improper redaction.

In short, since "non-responsive" is not a "legal privilege," and "redactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege," *John Wiley & Sons, Inc.*, 298 F.R.D. at 186, the Court should direct Defendant to remove all "non-responsive" redactions. There is no burden to doing so, since in the age of electronic discovery, these improper redactions can be removed — and the document re-produced — with several button presses. To the extent there is some review for privilege Defendants claim they must do before making that production, that is review they would have had to do in any event — and should have done in compliance with the rules the first time around.

### II. Defendants' Unilateral Withholding of Attachments as Non-Responsive Facially Incorrect — and Obviously Overinclusive and Without Justification.

According to the metadata in Defendants' productions, there are 4,777 documents that have been replaced in Defendants' productions by slip sheets that simply state, "Document Withheld for Non-Responsiveness." Defendants have not explained the exclusion of almost 5,000 documents for non-responsiveness in their privilege logs or the discovery chart the Court directed so that Defendants would "just state what [the City is] producing and what they're objecting to." 2022-02-11 Tr. 117:19-23. These documents fall into two categories. First, there are 4,382 documents Plaintiffs can identify through metadata as being "family" members — that is, attachments to emails — of other, produced documents. Second, there are 395 slip sheets that are unconnected to anything.

Defendants *only* stated objection to producing these documents is that they are not responsive to Plaintiff's requests — that is, Defendants are claiming Plaintiffs did not request these documents. The face of Plaintiffs' document requests rebuts that — leaving Defendants' position dead in the water.

But even if they were claiming some *other* privilege, Defendants' practice of withholding documents has obviously resulted in significant, undeniable mistakes — and the withholding of documents with core relevance. For example, DEF_E_PD_00056330 is ████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████.[4] So too with DEF_E_000003844, which says

---

[4] Since Defendants have designated these documents as confidential, Plaintiffs have redacted text that reflects their content, and will submit an unredacted version of this letter to chambers, and will also provide the relevant parent emails.

Page 4 of 6

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com





Similar — and perhaps far worse — are the attachments to DEF_E_PD_00058140.

In the absence of a legal privilege, "parent" and "child" emails should be produced together; to do otherwise is to "create[] an artificial distinction" between emails and their attachments, both of which are necessary to contextualize the other. *Cf. Families for Freedom v. U.S. Customs and Border Protection*, No. 10 Civ. 2705(SAS), 2011 WL 4599592, at *5 (S.D.N.Y. Sept. 30, 2011) (holding it was inappropriate for a party to have withheld parent emails while producing their attachments).

But to return to the objection as stated, Defendants are simply wrong. As written, Defendants' objections are based solely in lack of "responsiveness" to Plaintiffs' document requests. That overlooks that those document requests (Exhibit 1) include the instruction that each document "shall be provided with all of its attachments." Ex. 1 at 33; *see also, id.* at 5 ¶ 6 (directing Defendants to use the attached specifications). Neither Defendants' responses nor the chart stated they were refusing to comply with the request for these attachments. So, with no objection and a clear request, these documents should have been produced, and should be produced right away — since any other objections are waived at this point, as the Court made clear. *See, e.g.,* 2022-04-12 Tr. 45:8-14 (THE COURT: "[If you're withholding] because it was vague, then you had to say something about it. So I think that's … waived"); 2022-03-04 Tr. 47:3-4 ("I don't recall telling you that you could have secret objections. … if you're withholding something, then, yes, you have to explain what you're withholding and why").

For the remaining 395 documents that Plaintiffs are aware were withheld as non-responsive because of metadata, it is a complete mystery what is happening — and Defendants have declined to enlighten us. These are stand-alone documents that have no family member that was produced. There are no file names or source paths for these documents so Plaintiffs have no way of identifying why they were withheld from context. On this, Defendants should be directed to explain exactly what happened. In an email, the only explanation Defendants have provided was that "upon reconsideration, we believe we don't need to produce non-responsive documents." But *of course* Defendants have known the entire time they "don't need to produce non-responsive documents." What was there to reconsider? So, it is clear Defendants have withheld documents without explaining "what you're withholding and why." 2022-03-04 Tr. 47:3-4. They should explain how these documents ended up in a production set.

### III. Defendants' Positions Are Not Substantially Justified and Therefore Attorneys' Fees are Mandatory.

"[I]f a motion to compel is granted, 'or if the disclosure or requested discovery is provided after the motion was filed — the court must . . . award reasonable motion expenses incurred in



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



making the motion.'" *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (quoting Fed. R. Civ. P. 37) (emphasis added in *Underdog*).  There are narrow exceptions to that rule when the movant doesn't meet and confer (37(a)(5)(A)(i)), where the non-disclosure is "substantially justified" ((A)(ii)), or where other circumstances make a mandatory award "unjust" ((A)(iii)).  None of those exceptions apply to the positions Defendants have taken.

In the meet and confers the parties have had, Defendants have in fact *refused* to identify a legal privilege justifying their tens (if not hundreds) of thousands of "NR" redactions.  Similarly, Defendants have refused to read Plaintiffs' document requests as written.  Instead, Defendants started by saying it would be difficult for them to deal with the sheer volume of redactions and withholding at issue here — and having to do so would be unfair to them.  That is, Defendants' position was that their discovery misconduct is so broad and egregious that it is unfair to ask them to correct it.  And then the position seemed to shift to no position at all:  Defendants agreed to "re-review" documents for responsiveness, without addressing the fact that — based on the plain text of the requests — every document at issue is responsive.  None of that meets the "substantially justified" standard.  So, attorneys' fees are mandatory here.

In sum, then, the Court should direct Defendants to produce all the documents set out above, without any "NR" redactions" and award the mandatory attorneys' fees under Rule 37.  The Court should also do so in short order — Plaintiffs suggest two weeks.

Once again, we thank the Court for its continued time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 ·  Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com