

June 9, 2022

**Via ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

> Re:   In re: New York City Policing During Summer 2020 Demonstrations,
>         No. 20-CV-8924
>         *This Filing is Related to Payne, People, Sow*

Dear Judge Gorenstein:

We write on behalf of counsel for the *Payne, People, and Sow* Plaintiffs in these consolidated actions to request, with the consent of Defendants the City of New York, the Police Benevolent Association of the City of New York, Inc. ("PBA"), the Sergeant Benevolent Association ("SBA"), and the Detectives' Endowment Association, Inc. ("DEA"), an additional one-week extension until June 17, 2022, to produce to the union intervenors a copy of all documents produced in the aforementioned cases. Plaintiffs seek this extension to attempt to reach an agreement regarding the production of confidential records to the union intervenors, which requires additional negotiation given the recent grant of intervention to the SBA and DEA. The union intervenors consent to this request on the condition that the Court also extend the PBA's deadline to serve discovery demands by a week, to June 24, 2022.[1]

On May 19, 2022, this Court ordered the parties in the cases in which the PBA had intervened to provide the PBA with "(1) a copy of all discovery requests that party has made; and (2) a copy of all discovery responses that party has provided through that date (consisting of the formal response and any documents produced)" by June 3, 2020. ECF 547. On June 2, 2022, *Payne, People, and Sow* Plaintiffs, with the consent of Defendants the City of New York and the PBA, requested this Court grant a one-week extension for Plaintiffs and City Defendants to provide the PBA with copies of their produced documents. Plaintiffs sought this extension to allow the

---

[1] Specifically, counsel for the PBA stated they consent to the one week extension on the condition that "the parties consent to an extension of the PBA's deadline to serve discovery requests be likewise extended by same period; and second, that the parties will produce all material required by the May 19 Order by June 17 (with the understanding that, should the court modify the production obligation prior to the time of production on June 17, such modification would apply to the June 17 production)."

1

parties additional time to reach agreement on the parameters of the production of confidential and sensitive records. This Court granted the Plaintiffs and City an extension to produce documents to the PBA until June 10 and the PBA an extension to serve discovery demands until June 17, 2022.

On June 7, 2022, Judge Colleen McMahon granted the SBA and DEA's motions to intervene in the *Payne, People* and *Sow* cases, and subsequently on June 8, this Court ordered that the parties in the cases which the SBA and DEA have intervened provide "the new intervenors (1) a copy of all discovery requests that party has made; and (2) a copy of all discovery responses that party has provided through that date (consisting of the formal response and any documents produced)" by June 10. ECF 587.

*Payne, People* and *Sow* Plaintiffs seek a one-week extension to this Court's June 10 discovery deadline to allow the parties time to meet and confer with the new intervenors regarding the production of confidential documents. The Plaintiff parties have met and conferred with the City and PBA Defendants regarding proposed limits on confidential discovery on multiple occasions, most recently on June 7,[2] and are currently negotiating language for a stipulation. Plaintiffs now seek to involve the SBA and DEA in these negotiations to attempt to reach agreement on language for the proposed stipulation with all affected parties. Plaintiffs emailed the SBA and DEA on June 8 with the proposed stipulation language and are awaiting a response. Accordingly, Plaintiffs respectfully request a one-week extension to allow discussions regarding the stipulation to continue with the addition of the SBA and DEA and to come to any agreement, if possible.

This extension request would not affect the production of discovery requests and written responses; Plaintiffs and the City have already produced discovery requests and written responses to the PBA by the Court's June 3 deadline and will provide that same discovery to the SBA and DEA by the Court's June 10 deadline.

To resolve this outstanding issue, Plaintiffs respectfully ask that the Court approve the parties' one-week extension to the Plaintiffs and City's deadline to produce discovery documents to the union intervenors and to the PBA's deadline to serve discovery requests, such that Plaintiffs and the City shall produce such documents by June 17 and the PBA shall serve discovery demands, if any, by June 24, 2022.

Respectfully submitted,

---

[2] Present at the conference for Plaintiffs were Ali Frick, Alicia Wagner Calzada, Bobby Hodgson, Corey Stoughton, Daniel Lambright, Elena Cohen, Lillian Marquez, Marc Arena, Michael Spiegel, Molly Biklen, Tahanie Aboushi, Wylie Stecklow, Remy Green, and Robert Balin. Present for the City were Bridget Hamill, Genevieve Nelson, Amy Robinson, Nadine Ibrahim, Shannon Riordan, Jenny Weng, and Daniel Braun. Present for the PBA was Thomas Kissane. The parties met and conferred in good faith for approximately two hours.

By: *s/Daphna Spivack*  
Daphna Spivack  
Molly K. Biklen  
Robert Hodgson  
Jessica Perry  
Daniel R. Lambright  
Lisa Laplace  
Christopher T. Dunn  
New York Civil Liberties Union Foundation  
125 Broad Street, 19th Floor  
New York, N.Y. 10004  
(212) 607-3300  
dspivack@nyclu.org  

By: /s/*Corey Stoughton*  
Corey Stoughton  
Jennvine Wong  
The Legal Aid Society  
199 Water Street  
New York, N.Y. 10038  
(212) 577-3367  
cstoughton@legal-aid.org  

*Attorneys for Plaintiffs in 20 Civ. 8924*