UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In Re: New York City Policing During Summer 2020          Civil Action No.:
Demonstration                                             20-CV-8924
                                                         (CM) (GWG)

-------------------------------------------------------------------x

This filing is related to                                Civil Action No.:
                                                         21-CV-0322
*People v. City of New York, et al.*                     (CM) (GWG)

-------------------------------------------------------------------x

## PROPOSED RESPONSE OF PROPOSED INTERVENOR

Proposed Intervenor, DETECTIVES ENDOWMENT ASSOCIATION (hereinafter "DEA" or "Union"), by its attorneys, Pitta LLP, as and for the proposed response to the Complaint of PEOPLE OF THE STATE OF NEW YORK (hereinafter "Plaintiff") filed on January 14, 2021, states as follows:

## PRELIMINARY STATEMENT

1.      DEA lacks knowledge or information sufficient to form a belief as to the truth of Complaint Paragraph 1 on Plaintiff's intent and Complaint Paragraph 2, the intent of "thousands of New Yorkers".

2.      DEA denies that any of its members acted without justification as possibly alleged in Paragraph 3 or to impede rights in Paragraph 4 and lacks knowledge or information sufficient to form a belief as to the other averments of Complaint Paragraphs 3 and 4.

3.      No response is required to Complaint Paragraphs 5-8 which state argument. Alternatively, DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraphs 5-8 except avers that its members acted at all times in accordance with the orders, procedures and training given by their superiors as they are required.

## JURISDICTION AND VENUE

4.      No response is required to Complaint Paragraphs 9-12 which state legal argument and conclusions.

## PARTIES

5.      No response is due to Complaint Paragraphs 13-16 which state legal argument and conclusions.

6.      Admits the averments of Complaint Paragraphs 17-20.

## FACTUAL BACKGROUND

I.      Prior NYPD Responses to Protests

7.      DEA lacks knowledge or information sufficient to form a belief as to the truth of the factual averments of Complaint Paragraphs 21-29.

II.      2020 Protests

8.      DEA lack knowledge or information sufficient to form a belief as to the truth of the specific averments of Complaint Paragraphs 30-53, except avers that protests did occur in the third and fourth quarter of 2020, admits that "there were instances of property damage and injuries to NYPD Officers at or near" some of these protests (Paragraph 34), denies Paragraph 35 as to its members, admits that the NYPD directs and has trained DEA members in various tactics to maintain order and avers that at all times DEA members complied with the orders, procedures and training provided by their superiors.

III.      The City's Alleged Failure to Prevent or Correct

9.      DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 54-75 except avers that its members received training and orders regarding the protests and crowd control tactics from their superiors and complied as

required.

10.   In addition, with respect to Complaint Paragraph 74, DEA avers that the Union and its members share the desire "to calibrate an appropriate balance between valid public safety or officer safety interests and the rights of protesters to assemble and express their views", but both the Union and its members are limited as to their input on this goal. DEA further avers that it moves to intervene in this action precisely to participate in calibrating the most appropriate balance.

IV.   Alleged Unjustified Force at the 2020 Protests

11.   DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 76-81 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders.   DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 76-81 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

A.   Batons and Bicycles

12.   DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 82-87 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders.   DEA believes that following access and disclosures it will be better positioned to respond to the averments of

Paragraphs 82-87 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

Hannah Lillevoy

13.  DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 88-92 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders.  DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 88-92 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

Patricia Delfin

14.  DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 393-100 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders.  DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 93-100 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

Kerry Leigh Pittenger

15.  DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 101-109 except admits that batons, bicycles, Olearesin

Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders.   DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 101-109 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

Huascar Benoit

16.   DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 110-114 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders.   DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 110-114 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

Lawrence Schober

17.   DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 115-120 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders.   DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 115-120 in detail and to provide the Court and parties with relevant context and

practical insights into the alleged matters.

Brian Anderson

     18.    DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 121-123 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 121-123 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

Luke Hanna

     19.    DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 124-128 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 124-128 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

Mott Haven Baton Strikes

     20.    DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 129-130 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd

control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 129-130 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

                B. <u>Alleged Pepper Spray</u>

     21.    DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 131-136 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 131-136 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

<u>Andrew Smith</u>

     22.    DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 137-151 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 137-151 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

<u>Alan Williams</u>

23.    DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 152-154 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders.   DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 152-154 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

<u>Senator Myrie and Assembly Member Richardson</u>

24.    DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 155-160 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders.   DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 155-160 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

<u>Luisa Pertet</u>

25.    DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 161-165 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as

justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 161-165 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

On F.D.R.

26.     DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 166-168 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 166-168 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

C.   Alleged Shoving and Punching

27.     DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 169-172 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 169-172 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

<u>Dounya Zayer</u>

28.   DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 173-177 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders.   DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 173-177 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

<u>Doe 1</u>

29.   DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 178-179 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders.   DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 178-179 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

<u>J. Painter and CC-Palacio</u>

30.   DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 180-181 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as

justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 180-181 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

<u>Dorthey Beauval</u>

31.    DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 182-185 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 182-185 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

<u>Dennis Mullikin</u>

32.    DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 186-189 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 186-189 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

John Doe 2

33.    DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 190-191 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders.   DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 190-191 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

Melanie Ryan

34.    DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 192-201 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders.   DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 192-201 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

Rob Goyanes

35.    DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 202-210 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as

justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 202-210 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

Detaining and Arresting

36. DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 211-215 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 211-215 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

A.   Curfew Arrests

37. DEA respectfully refers the Court to the documents alleged in Paragraphs 220-229 of the Complaint for their full content.

Legal Observers

38. No response is required to the averments of Complaint Paragraph 230 which states legal argument and conclusions.

39. DEA respectfully refers the Court to the documents alleged in Complaint Paragraphs 231-232 for their full content.

40. DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 233-247 except admits that batons, bicycles, Olearesin

Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 233-247 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

41. DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 248-260 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 248-260 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

42. DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 261-267 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 261-267 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

<u>Zuleyka Morales</u>

43.     DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 268-273 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders.  DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 268-273 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

     B.  <u>Detentions and Arrests</u>

44.     DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 274-278 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders.  DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 274-278 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

<u>June 2, Manhattan Bridge</u>

45.     DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 279-285 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as

justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 279-285 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

June 3, Downtown Brooklyn (Cadman Plaza)

    46.    DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 286-295 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 286-295 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

June 3, Midtown Manhattan

    47.    DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 296-303 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders. DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 296-303 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

June 4, South Williamsburg

48.     DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 304-314 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders.   DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 304-314 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

June 4, South Bronx

49.     DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 315-334 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders.   DEA believes that following access and disclosures it will be better positioned to respond to the averments of Paragraphs 315-334 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

Post-Election Protest Kettling

50.     DEA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Complaint Paragraphs 335-340 except admits that batons, bicycles, Olearesin Capsicum (pepper spray), body strikes, zip ties and Tasers are tools and methods of crowd control under certain circumstances, and deny that DEA members used such means other than as justified, in accordance with NYPD training, procedures, and orders.   DEA believes that

following access and disclosures it will be better positioned to respond to the averments of Paragraphs 335-340 in detail and to provide the Court and parties with relevant context and practical insights into the alleged matters.

FIRST CLAIM FOR RELIEF
42 U.S.C § 1983 1ST AND 14TH AMENDMENTS

51.     DEA incorporates by reference the responses set forth above as if fully set forth here.

52.     No response is due to the legal argument and conclusions proferred in Complaint Paragraph 342.

53.     DEA denies that its members engaged in any improper conduct alleged in Complaint Paragraphs 343-349. Members properly complied with the training, procedures and orders given them by their superiors as required. Paragraphs 345-349 are, in addition, legal argument and conclusions to which no response is required.

SECOND CLAIM FOR RELIEF
42 U.S.C. § 1983 AND FOURTH AMENDMENT

54.     DEA incorporates by reference the responses set forth above as if fully set forth here.

55.     No response is due to the legal argument and conclusions proferred in the Complaint Paragraph 351.

56.     DEA denies that its members engaged in any improper conduct alleged in Complaint Paragraphs 352-358. Members properly complied with the training, procedures and orders given them by their superiors as required. Paragraphs 354-358 are, in addition, legal argument and conclusions to which no response is required.

THIRD CLAIM FOR RELIEF
42 U.S.C. § 1983 AND FIRST AMENDMENT

57.    DEA incorporates by reference the responses set forth above as if fully set forth here.

58.    No response is due to the legal argument and conclusions proffered in the Complaint Paragraph 351.

59.    DEA denies that its members engaged in any improper conduct alleged in Complaint Paragraphs 361-367. Members properly complied with the training, procedures and orders given them by their superiors as required. Paragraphs 361-367 are, in addition, legal argument and conclusions to which no response is required.

FOURTH CLAIM FOR RELIEF
NEW YORK STATE CONSTITUTION ARTICLES I, § 12

60.    DEA incorporates by reference the responses set forth above as if fully set forth here.

61.    DEA denies that its members engaged in any improper conduct alleged in Complaint Paragraphs 369-372. Members properly complied with the training, procedures, and orders given them by their superiors as required. Complaint Paragraphs 369-372 are, in addition, legal argument and conclusions to which no response is required.

FIFTH CLAIM FOR RELIEF
NEW YORK STATE CONSTITUTION ARTICLES I, § 12

62.    DEA incorporates by reference the responses set forth above as if fully set forth here.

63.    DEA denies that its members engaged in any improper conduct alleged in Complaint Paragraphs 374-377. Members properly complied with the training, procedures and orders given them by their superiors as required. Paragraphs 375-377 are, in addition, legal

argument and conclusions to which no response is required.

SIXTH CLAIM FOR RELIEF
NEW YORK STATE CONSTITUTION ARTICLES I, § 8

64.    DEA incorporates by reference the responses set forth above as if fully set forth here.

65.    DEA denies that its members engaged in any improper conduct alleged in Complaint Paragraphs 379-384. Members properly complied with the training, procedures and orders given them by their superiors as required. Paragraphs 379-384 are, in addition, legal argument and conclusions to which no response is required.

SEVENTH CLAIM FOR RELIEF - ASSAULT

66.    DEA incorporates by reference the responses set forth above as if fully set forth here.

67.    DEA denies that its members engaged in any improper conduct alleged in Complaint Paragraphs 386-388. Members properly complied with the training, procedures and orders given them by their superiors as required. Paragraphs 386-388 are, in addition, legal argument and conclusions to which no response is required.

EIGHTH CLAIM FOR RELIEF - BATTERY

68.    DEA incorporates by reference the responses set forth above as if fully set forth here.

69.    DEA denies that its members engaged in any improper conduct alleged in Complaint Paragraphs 390-392. Members properly complied with the training, procedures and orders given them by their superiors as required. Paragraphs 390-392 are, in addition, legal argument and conclusions to which no response is required.

<u>NINTH CLAIM FOR RELIEF - NEGLIGENCE</u>

70.    DEA incorporates by reference the responses set forth above as if fully set forth here.

71.    DEA denies that its members engaged in any improper conduct alleged in Complaint Paragraphs 394-395. Members properly complied with the training, procedures and orders given them by their superiors as required. Paragraphs 394-395 are, in addition, legal argument and conclusions to which no response is required.

<u>TENTH CLAIM FOR RELIEF - NEGLIGENCE</u>

72.    DEA incorporates by reference the responses set forth above as if fully set forth here.

73.    DEA denies that its members engaged in any improper conduct alleged in Complaint Paragraphs 397-398. Members properly complied with the training, procedures and orders given them by their superiors as required. Paragraphs 397-398 are, in addition, legal argument and conclusions to which no response is required.

74.    DEA respectfully refers the Court to the document cited for its full contents and denies that DEA members violated the legal conclusions of Complaint Paragraph 399.

75.    No response is due to the legal conclusion of Complaint Paragraph 400.

<u>ELEVENTH CLAIM – NEGLIGENT SUPERVISION</u>

76.    DEA incorporates by reference the responses set forth above as if fully set forth here.

77.    DEA denies that its members engaged in any improper conduct alleged in Complaint Paragraph 402. Members properly complied with the training, procedures and orders given them by their superiors as required. Paragraph 402 are, in addition, legal argument and

conclusions to which no response is required.

## FIRST AFFIRMATIVE DEFENSE

78.   The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

79.   Detectives acted in good faith and proper reliance.

## THIRD AFFIRMATIVE DEFENSE

80.   Detectives have qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

81.   Detectives acted in accordance with training, procedures, and orders of their superiors.

## FIFTH AFFIRMATIVE DEFENSE

82.   Detectives had probable cause to act as they did at all times.

## SIXTH AFFIRMATIVE DEFENSE

83.   Detectives used reasonable force at all times in the context of all circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

84.   Detectives acted in accordance with their duties at all times.

## EIGHTH AFFIRMATIVE DEFENSE

85.   Detectives acted with justification, reasonably, and within the law at all time.

## NINTH AFFIRMATIVE DEFENSE

86.   Protesters have no constitutional injury.

<u>TENTH AFFIRMATIVE DEFENSE</u>

87.   Protesters by their conduct were contributorily negligent.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

88.   Protesters by their conduct created the risk of a known danger.

<u>TWELTH AFFIRMATIVE DEFENSE</u>

89.   Punitive damages are not recoverable.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

90.   Any injury was caused by others, not by the DEA.

Dated: New York, New York
       March 3, 2021

Respectfully submitted,

PITTA, LLP

By: _____

Stephen McQuade, Esq.
Vincent F. Pitta, Esq.
*Attorneys for Intervenors*
Pitta LLP
120 Broadway, 28th Floor
New York, New York 10271
(212)-652-3827
smcquade@pittalaw.com
vpitta@pittalaw.com