UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In Re: New York City Policing During Summer   :   ORDER
2020 Demonstrations
                                                                         20 Civ. 8924 (CM) (GWG)
                                                                :
----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

With regard to the application made in Docket # 578, to which plaintiffs have responded (Docket # 594), it is among the most basic of responsibilities of attorneys to ensure that they comply with Court deadlines, such as deadlines to respond to applications made to the Court and deadlines to respond to discovery requests, including requests for admission. The City has already been sanctioned for its repeated failure to comply with such basic responsibilities. Another such failure has occurred here. It would have been quite easy for the City to simply request an extension of the deadline to respond to these requests. The Court shares the plaintiffs' frustration with the City's conduct but finds circumstances here counsel for granting the City the requested extension of time. First there is the sheer number of requests — 286 of them, an unusually large number in the Court's experience. Second, the requests are extraordinarily detailed and will require significant investigation by the City. Third, even if the requests were sent to the entire team defending the lawsuit, it is reasonable for team members to rely on their lead attorney for purposes of giving assignments and calendaring the responsibility for responding to requests for admissions. Here, the lead attorney has been terminated, suggesting that the failures are less likely to occur in the future. Fourth, the City's conduct obviously was not willful since any request for an extension of time would obviously have been granted given the number of requests alone. Finally, where it is possible to do so without causing prejudice to the opposing party, it is better for matters to be decided on the merits rather than based on procedural failures.

The Court believes any prejudice to plaintiffs from granting the extension can be appropriately mitigated. For these reasons, the Court extends the time to respond to the requests for admission to July 1, 2022. That being said, if the plaintiffs believe that responses to some limited number of requests will materially advance the discovery stage of this litigation and that such responses could reasonably be provided sooner than July 1, 2022, plaintiffs have leave to seek a shorter deadline for those requests. Obviously, plaintiffs should discuss the issue with the City immediately and see if agreement can be reached before seeking Court intervention.

SO ORDERED.

Dated: New York, New York
       June 10, 2022

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge