


June 16, 2022

**Via ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

MEMORANDUM ENDORSED

    Re:    *In re: New York City Policing During Summer 2020 Demonstrations*,
            No. 20-CV-8924
            *This Filing is Related to Payne, People, Sow*

Dear Judge Gorenstein:

    We write on behalf of counsel for the *Payne, People, and Sow* Plaintiffs in these consolidated actions to request, with the consent of Defendants the City of New York, the Sergeant Benevolent Association ("SBA"), and the Detectives' Endowment Association, Inc. ("DEA"), an additional two-week extension until July 1, 2022, to produce to the union intervenors a copy of all documents produced in the aforementioned cases. The parties have been engaged in ongoing discussions regarding the language of an attorneys' eyes only stipulation and need additional time for all of the parties, including the newly intervened unions, to come to agreement on the language. This is Plaintiffs' third request. The Police Benevolent Association of the City of New York, Inc. ("PBA") consents to the two-week extension on the condition that the Plaintiffs and City Defendants produce non-confidential discovery by June 24 and that the Court also extend the PBA's deadline to serve discovery demands, to July 15, 2022.[1] Given that it would be highly burdensome to produce non-confidential discovery to the unions separately, Plaintiffs and City Defendants request a two-week extension to produce discovery.

    On May 19, 2022, this Court ordered the parties in the cases in which the PBA had intervened to provide the PBA with "(1) a copy of all discovery requests that party has made; and

---

[1] Specifically, counsel for the PBA stated they consent on the condition that "first, that movant include in any application that the parties consent to an extension of the PBA's deadline to serve discovery requests to July 15; and second, that the parties will produce all material required by the May 19 Order by June 17 **[OR]** 24 (for materials not affected by the language being negotiated), and by July 1 (for materials affected by the language being negotiated), in each case with the understanding that, should the court modify the production obligation prior to the time of production, such modification would apply." Producing such a piecemeal production would require days of reimaging.

(2) a copy of all discovery responses that party has provided through that date (consisting of the formal response and any documents produced)" by June 3, 2020. ECF 547. On June 2, 2022, *Payne, People, and Sow* Plaintiffs, with the consent of Defendants the City of New York and the PBA, requested this Court grant a one-week extension to the deadline for production of documents to the PBA to allow the parties additional time to reach agreement on the production of confidential records. This Court granted the Plaintiffs and City an extension to produce documents to the PBA until June 10 and the PBA an extension to serve discovery demands until June 17, 2022.

On June 7, 2022, Judge Colleen McMahon granted the SBA and DEA's motions to intervene in the *Payne, People* and *Sow* cases, and subsequently on June 8, this Court ordered that the parties in the cases which the SBA and DEA have intervened provide "the new intervenors (1) a copy of all discovery requests that party has made; and (2) a copy of all discovery responses that party has provided through that date (consisting of the formal response and any documents produced)" by June 10. ECF 587. This Court granted a one-week extension to that discovery deadline to allow the parties time to meet and confer with the new intervenors regarding the production of confidential documents. ECF 592.

Since June 6, 2022, when Plaintiffs sent a draft stipulation to counsel for the City and the PBA, the parties have been negotiating stipulation language that would protect confidential discovery documents. On June 8, the PBA sent Plaintiffs and the City a revised stipulation and Plaintiffs sent a draft of their stipulation to counsel for the DEA and SBA. On June 10, the City Defendants advised Plaintiffs that they sent a revised stipulation to the union intervenors for their consideration and would provide it to Plaintiffs thereafter. Plaintiffs contacted Defendants on June 14 and 15 regarding the status of the stipulation and were notified that the City and union intervenors had met and conferred on multiple occasions to negotiate revisions to the stipulation, but had not yet reached agreement. On June 16, counsel for the Plaintiffs, City Defendants, PBA and DEA met and conferred for approximately one hour on several topics, including the stipulation and production of sensitive documents.[2] The City Defendants advised Plaintiffs that they were continuing to have discussions with the Defendant-Intervenors regarding the draft stipulation and did not yet have revisions to share with Plaintiffs. The parties further discussed additional edits to cover sensitive material that might be produced in non-intervened cases on which the parties would have to agree on the language. Accordingly, Plaintiffs respectfully request a two-week extension to allow discussions regarding the stipulation to continue between the Defendants, and to come to any agreement, if possible.

To resolve this outstanding issue, Plaintiffs respectfully ask that the Court approve the parties' extension to the Plaintiffs and City's deadline to produce discovery documents to the union intervenors and to the PBA's deadline to serve discovery requests, such that Plaintiffs and the City shall produce such documents by July 1, and the PBA shall serve discovery demands, if any, by July 15, 2022.

---

[2] Present at the conference on behalf of plaintiff were Molly Biklen, Elena Cohen, Mike Spiegel, Lillian Marquez, Tahanie Aboushi, Wylie Stecklow, Doug Lieb, and Rob Rickner. Present on behalf of the City Defendants were Genevieve Nelson, Amy Robinson, and Jenny Weng. Present on behalf of the PBA were Thomas Kissane and Robert Smith. Present on behalf of the DEA was Stephen McQuade.

Respectfully submitted,

By: *s/Daphna Spivack*  
Daphna Spivack  
Molly K. Biklen  
Robert Hodgson  
Jessica Perry  
Daniel R. Lambright  
Lisa Laplace  
Christopher T. Dunn  
New York Civil Liberties Union  
    Foundation  
125 Broad Street, 19th Floor  
New York, N.Y. 10004  
(212) 607-3300  
dspivack@nyclu.org

By: /s/*Corey Stoughton*  
Corey Stoughton  
Jennvine Wong  
Rigodis Appling  
The Legal Aid Society  
199 Water Street  
New York, N.Y. 10038  
(212) 577-3367  
cstoughton@legal-aid.org

*Attorneys for Plaintiffs in 20 Civ. 8924*

The request is granted in part and denied in part. Any stipulation regarding confidentiality shall be submitted to the Court by June 27, 2022. The deadline for the plaintiffs and the City to produce documents to the intervenors is extended to June 29, 2022 (or one business day after the Court's entry of the stipulation, whichever is later). The deadline for the intervenors to serve discovery demands is extended to July 7, 2022. The Court is unlikely to grant any further extension without a detailed explanation from someone with personal knowledge as to all efforts that were made to comply with these deadlines.

So Ordered.

_____  
GABRIEL W. GORENSTEIN  
United States Magistrate Judge  
June 17, 2022