**Kaufman Lieb Lebowitz & Frick**
attorneys at law

(212) 660-2332
18 E. 48th St., Suite 802
New York, NY 10017
www.kllf-law.com

June 27, 2022

**Via ECF**

Hon. Gabriel Gorenstein
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

> Re: In re: New York City Policing During Summer 2020 Demonstrations, No. 20-CV-8924
> *This filing is related to all cases*

Your Honor:

I represent Plaintiff Charles Henry Wood (20 Civ. 10541). I write on behalf of all parties in this consolidated action—Plaintiffs, Defendants, and Union Intervenors—to ask that the discovery schedule be extended.

***Factual Background***

On October 27, 2021, this Court entered an order setting a discovery schedule that contemplated the conclusion of fact depositions on April 22, 2022 and the close of all discovery on July 29, 2022. As this Court is aware, depositions were stayed in early March when the Second Circuit reversed the district court's denial of the Police Benevolent Association's motion to intervene as a defendant. Dkt. #432; *see also* Dkt. #458 (noting that high-level depositions were stayed). In the intervening months, the parties have continued to focus on paper discovery; with the Court's assistance, we have made great progress towards concluding the bulk of paper discovery.

Now that the PBA and two other unions (Detectives Endowment Association and Sergeants Benevolent Association) have entered their pleadings and joined *People*, *Payne*, and *Sow*, the parties are preparing to fully re-start depositions. Accordingly, the parties have exchanged numerous emails and conducted an extensive meet and confer to coordinate the process of taking the remaining depositions.

Plaintiffs have provided a list of depositions, both line officers and high-level fact and 30(b)(6) witnesses. The list of high-level deponents (which were noticed and mostly scheduled before the March stay) remains the same; additional line officers have been added as a result of new plaintiffs being added (the *Rolon* case was added to this consolidated action in May, Dkt. #538) and paper discovery revealing additional

relevant officers.[1] Although most line officers will take one day to depose,[2] many of the high-level deponents will require more than one day of fact testimony, something this Court foresaw in its order granting additional time to complete Chief Dowling's fact deposition, Dkt. # 528. At this point, Plaintiffs have identified 14 such deponents, including Chief Dowling (out of 54 high-level deponents, including those designated for 30(b)(6) topics). Defendants also plan on deposing approximately 22 plaintiffs from the *Rolon, Hernandez,* and *Gray* matters who they have not yet deposed. Accordingly, as of now, the parties anticipate approximately 145 deposition days, some of which can have two depositions scheduled to occur simultaneously.

While we have discussed the number of depositions remaining, the parties have also been negotiating a protocol for preparing for and taking high-level depositions. In addition, Defendants agreed on June 6 to schedule at least five depositions to take place by July 8. Defendants sent Plaintiffs their proposal for five depositions—two plaintiffs and three witnesses employed by the City on June 17 (the date agreed upon) scheduled for June 28, June 30, July 7, and two on July 8.

In the meantime, on June 10, Plaintiffs sent Defendants and Union Intervenors a proposed schedule setting the close of depositions for January 20, 2023, 32 weeks from the date of the email. This proposal carefully considered the aforementioned issues surrounding scheduling remaining depositions, as well as foreseeable challenges presented by witnesses who are unavailable due to vacations or intervening holidays.

On June 17, after careful consideration, Defendants responded to that proposal: "Upon consideration of the needed deposition preparation dates together with the deposition dates themselves, defendants have determined that an extension [of the fact deposition deadline] is needed until May 22, 2023." Counsel for Defendants further advised on June 18 that they "plan to schedule depositions in batches of 15 on a continuous rolling basis, because it is not practical for any party to schedule deposition months in advance." Defendants have provided further explanation of their position, below.

### *The Parties' Proposals for a Discovery Extension*

It is undisputed that the parties require a significant extension of the discovery schedule. The months-long stay of depositions while unions entered the case obviously affected scheduling. The stay in *Rolon* was only recently lifted and accordingly those Plaintiffs and Defendants the have not had a chance to participate in paper discovery or

---

[1] Because Defendants did not answer—and apparently intend to seek a protective order to avoid answering—Plaintiffs' Requests for Admission, Plaintiffs' position is that they will need to take additional officer depositions. Defendants object to this description and disagree with adding more depositions on this basis.

[2] Plaintiffs have identified at least a handful of officers whose depositions they believe they could complete in half a day.

take any depositions. The parties have also spent significant time attempting to complete paper discovery.

As most of the depositions are of members of the NYPD, Defendants have to schedule those depositions, an arduous and complex task. Staffing by all of the parties' attorneys and the availability of deponents will also prevent taking 4-5 depositions a week (a necessary pace to finish in 30 weeks). Defendants believe that in order to properly prepare and conduct depositions, 11 months is necessary. Plaintiffs propose a compromise deposition deadline of March 31, 2023.

Defendants propose to schedule 15 depositions at a time on a rolling basis. This is to ensure that Defendants have real-time availability for members of service so that they can continue their duties of policing the City, and in the hope that this would avoid scheduling conflicts that cannot be foreseen months in advance. Defendants also note that another practical aspect of defendants' proposal is that it will accommodate the scheduling for the attorneys on all sides as well as deponents as other obligations can arise that are unforeseen when scheduling. Defendants believe that staggering scheduling is appropriate in this circumstance and will be beneficial in keeping the pace of conducting depositions and would accommodate even plaintiffs' counsels' schedules as they too had to cancel depositions for various reasons after they were scheduled.

Plaintiffs cannot agree to Defendants' proposal to schedule only 15 depositions at a time. In the winter of 2021, there were difficulties in scheduling depositions, eventually requiring a court-ordered deadline to calendar most of the remaining depositions, and to not cancel high-level depositions except in case of emergency, Dkt. #330. Plaintiffs ask that the Court impose a reasonable deadline to have all noticed depositions calendared to ensure that the parties are proceeding at a pace necessary to complete all depositions by the deadline.

We thus jointly ask the Court to extend the remaining discovery deadlines as follows (with the two categories on which the parties disagree noted):

|  | **Proposed Deadline** |
|---|---|
| **Intervenors to Serve Discovery Demands** | July 7, 2022, or two weeks from substantial completion of productions due, whichever is later, per Dkt. #547 |
| **Intervenors to Serve Expert Designations** | September 30, 2022 |
| **Designation of Experts Rebutting Intervenors' Designated Experts** | October 31, 2022 |
| **Deadline to Schedule All Noticed Fact Depositions** | *Pls' position:* October 14, 2022<br><br>*Defs' position:* Depositions to be scheduled 15 at a time on a rolling basis. |
| **Fact Depositions completed** | *Pls' position:* March 31, 2023<br><br>*Defs' position*: May 22, 2023 |
| **Pls' Liability Expert Reports Served** | 4 weeks after depositions concluded |
| **Defs' and Intervenors' Liability Expert Reports Served** | 8 weeks after plaintiffs' liability expert reports are served |
| **Plaintiffs' Expert Rebuttal Reports Served** | 4 weeks after defendants' and intervenors expert liability reports are served |
| **Close of all Discovery** | 4 weeks after plaintiffs' expert rebuttal reports are served |
| **Class Cert Motions** | 6 weeks after close of discovery |

We thank the Court for its assistance.

Respectfully submitted,

/s/

Alison Frick