UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations<br><br>This document is related to:<br><br>*All cases* | 20 Civ. 8924 (CM)(GWG) |

## STIPULATION

**WHEREAS,** parties in the consolidated cases referenced above (the "Actions") seek to protect highly sensitive and confidential information;

**WHEREAS,** the parties, including, Plaintiffs, City Defendants, the Intervenor-Defendants Police Benevolent Association of the City of New York, Inc., Detectives Endowment Association of New York City, and Sergeants Benevolent Association, are subject to the Confidentiality Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, ECF Docket No. 115 in the Actions;

**WHEREAS,** parties in the Actions also seek to add a category of protection for confidential materials that shall be designated as Attorneys' Eyes Only;

**WHEREAS,** the parties consent to the entry of this Stipulation;

**WHEREAS**, good cause therefore exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**THE COURT HEREBY ORDERS THAT:**

1. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential or "**ATTORNEYS EYES ONLY**", and "Receiving Party" shall mean any party in the Actions who is not the "Producing Party," as defined herein, for that document or information.

2. All parties will abide by the Confidentiality Order entered at ECF Docket No. 115 in 20 Civ. 8924 (CM)(GWG) (the "Confidentiality Order").

3. All parties will abide by the Stipulation and Order Regarding Clawback Agreement entered as Docket 167 in civil action 20 Civ. 8924(CM)(GWG) in the Actions.

*Attorney Work Product*

      4.      Discovery that is produced to the interveners shall bear any existing confidentiality designations that are in place in the Actions, in addition to any further designations as set forth in this Stipulation.

      5.      Medical and mental health records and/or information previously produced by any party and marked as "Confidential Materials" shall be deemed "**ATTORNEYS' EYES ONLY**". Medical and mental health records and/or information not yet produced may be designated as "**ATTORNEYS' EYES ONLY**", provided the designating party adds a conspicuously visible header reading **"ATTORNEYS' EYES ONLY"** atop each page so designated.

      6.      Open Civilian Complaint Review Board (CCRB) and Internal Affairs Bureau (IAB) investigatory files previously produced shall be deemed "**ATTORNEYS' EYES ONLY**" until such time as the cases are closed. Open CCRB and IAB investigatory files not yet produced may be designated as "**ATTORNEYS' EYES ONLY**", provided the designating party adds a conspicuously visible header reading **"ATTORNEYS' EYES ONLY"** atop each page so designated.  Upon closure of any of the CCRB or IAB files, such closed files shall no longer be deemed "**ATTORNEYS' EYES ONLY**", but shall be deemed "Confidential Materials" subject to the terms of the Confidentiality Order, including any challenge to such designation as may be brought under paragraph 7 of the Confidentiality Order.

      7.      If medical and mental health records and/or information are used at a deposition yet to be conducted, the parties may designate those deposition exhibits and portions of deposition testimony as "**ATTORNEYS' EYES ONLY**" by arranging for the "**ATTORNEYS' EYES ONLY**" designation to appear conspicuously on any page so designated and/or notifying the Court Reporter to separately bound specific pages with that designation. For depositions that have already occurred, medical and mental health records and/or information shall be deemed **"ATTORNEYS' EYES ONLY"**.

      8.      Documents designated or deemed "**ATTORNEYS' EYES ONLY"** under this Stipulation shall only be used for the purpose of the evaluation, preparation, presentation and/or settlement of claims or defenses in the Actions, and of any appeal thereof.   Counsel for the parties shall not disclose or permit the disclosure of any documents, information or compilations or summaries thereof, designated or deemed "**ATTORNEYS' EYES ONLY,"** except to the following categories of person**:**

    a) <u>Attorneys for the Parties and Certain Agents of the City</u>. Attorneys for the parties and agents of counsel who have responsibility for the preparation and trial of these Actions.  Any agents of the City as necessary to obtain approval for any settlement.

    b) <u>Deponents.</u> Deponents at a deposition.

    c) <u>The Court</u>. The Court and its personnel.

    d) <u>Court Reporters and Recorders</u>. Court reporters and recorders attending depositions.

*Attorney Work Product*

e) <u>Consultants, Investigators and Experts</u>. Consultants, investigators, or experts employed or retained by counsel for the parties to assist in the preparation and trial of the Actions. They must also sign Exhibit A to the Confidentiality Order at Docket No. 115, indicating that they have read, understood and will comply the Confidentiality Order and with this Stipulation.

9. To the extent any Party has shared materials entitled to **"ATTORNEYS' EYES ONLY"** status hereunder beyond the **"ATTORNEYS' EYES ONLY"** group as described in paragraph 8 above, prior to entry into this Stipulation, such Party shall retract and/or "claw back" any such dissemination.

10. Nothing in this Stipulation shall be construed to limit a Producing Party's use of its own **"ATTORNEYS' EYES ONLY"** material in any manner, or to limit the use of **"ATTORNEYS' EYES ONLY"** material or their contents to the extent that they are publicly available.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
June 28, 2022