

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | **T**HE **C**ITY OF **N**EW **Y**ORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | NADINE IBRAHIM<br>*Senior Counsel*<br>*(212) 356-5037*<br>nibrahim@law.nyc.gov |
|---|---|---|

June 28, 2022

BY ECF
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

      Re: *In Re: New York City Policing During Summer 2020 Demonstrations*
          20 Civ. 8924 (CMJ)(GWG)
          This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of the Honorable Sylvia Hinds-Radix, Corporation Counsel of the City of New York, writing on behalf of City defendants in the above-referenced matter. City Defendants write pursuant to Your Honor's Individual Practices, Rule 2.A., to respectfully request a protective order pursuant to Rule 26(c) of the Federal Rule of Civil Procedure), relieving City defendants from any obligation to respond to the improper, unduly burdensome, and harassing Requests to Admit interposed by plaintiffs, plus the corresponding interrogatory and document demand to each (collectively, "RFAs"). Moreover, City Defendants respectfully request that the current deadline of July 1, 2022, be extended for two week for City defendants to respond to any proper RFAs – that is, two weeks from July 1st or two weeks from the Court's ruling, whichever is later. This is City defendants' second request for an extension of time. Plaintiffs object to City defendants' request for a protective order and "plaintiffs would not object to an extension of two weeks to respond to all the RFAs *only* if City defendants are not filing for a protective order."

**Request for Protective Order**

      By Order dated June 10, 2022 (Docket 598), Your Honor granted City defendants an extension of time until July 1st to respond to plaintiffs' RFAs reasoning that, "[f]irst there is the

sheer number of requests – 286 of them, an unusually large number in the Court's experience. Second, the requests are extraordinarily detailed and will require significant investigation by the City." As City defendants have undertaken a closer review and analysis of this atypically voluminous set of RFAs, it has become evident that a very large number of them also violate the Federal Rules, and City defendants respectfully seek a protective order to not respond to the myriad of improper RFAs. Although plaintiffs by email dated June 13, 2022 withdrew a paltry number of RFAs – 15 to be precise – there remain 271 RFAs (plus a corresponding interrogatory and documentary request that attaches to each).

City defendants advised plaintiffs by email dated June 16, 2022 that the former intended to seek a protective order, and requested a meet and confer. On June 17th, City defendants emailed plaintiffs a lengthy list of RFAs which were improper both individually and collectively with those RFAs divided into categories as City defendants found them problematic. The parties met and conferred for 1.5 hours on June 23, 2022, but plaintiffs would not agree to withdraw any RFAs beyond those 15 originally withdrawn, and hence the parties arrived at the present impasse. For the reasons set forth herein, City defendants seek a protective order on most of the RFAs served by plaintiffs. The RFAs, with the corresponding interrogatories and document requests, are annexed hereto as Exhibit A.

Requests for admission are governed by Fed. R. Civ. P. 36, and serve as a tool with the particular purpose of expediting trial by removing uncontested issues. *United States SEC v. Collector's Coffee, Inc.*, 537 F. Supp. 3d 497, 500-01 (S.D.N.Y. 2021). "The rule is not properly speaking a discovery device, rather it is a procedure for obtaining admissions for the record of facts already known by the seeker". *Dubin v. E.F. Hutton Grp. Inc.,* 125 F.R.D. 372, 375 (S.D.N.Y. 1989). In other words, RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions. *Spectrum Dynamics Med. Ltd. v. GE*, No. 18-CV-11386 (VSB) (KHP), 2021 U.S. Dist. LEXIS 35633, at *6 (S.D.N.Y. Feb. 25, 2021). Quite clearly, Rule 36 is not to be used in an effort to harass the other side, or in the hope that a party's adversary will simply concede essential elements. *Id*. Each request for admissions must be direct, simple and limited to singular relevant facts. *United States v. Consol. Edison* Co. *of N. Y.,* No. CV-88-0049 (RJD), 1988 U.S. Dist. LEXIS 14547, 1988 WL 138275, at *2 (E.D.N.Y. Dec. 15, 1988) (quoting *SEC v. Micro-Moisture Controls*, 21 F.R.D. 164, 166 (S.D.N.Y. 1957)). The requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without narratives. *Id. See also, Coty Inc v. Cosmopolitan Cosmetics, Inc.*, 2020 U.S. Dist. LEXIS 107009, at *8-9 (S.D.N.Y. June 18, 2020). Thus, a request for admissions should be phrased so that "it can be admitted or denied without explanation" and "should not state half a fact or half-truths which require the answering party to qualify responses." *Herrera v. Scully*, 143 F.R.D. 545, 549-50 (S.D.N.Y. 1992).

That said, Rule 36, by its express terms, embraces only requests for admissions of fact or of the application of law to fact, not as a means to establish facts which are obviously in dispute or to answer questions of law. *Coach, Inc. v. Horizon Trading USA Inc.,* 908 F. Supp. 2d 426, 432 (S.D.N.Y. 2012) (quoting *Williams v. Krieger*, 61 F.R.D. 142, 144 (S.D.N.Y. 1973)). To force City defendants to 'admit' legal conclusions would only frustrate the purposes for which Rule 36 was drafted. *Id*. Further, the person called upon to make the admission should not be required to go through the document and assume the responsibility of determining what are

'relevant matters of fact' and then decide what admissions he should make. *SEC v. Micro-Moisture Controls*, 21 F.R.D. 164, 166 (S.D.N.Y. 1957). Requests that require an answering party to concede the meaning of certain provisions drawn out of context are likely to generate confusion and will unjustly force the answering party to determine, at their peril, what components of the document is material to their response. *Richard v. Dignean*, 332 F.R.D. 450, 463 (W.D.N.Y. 2019). Thus, where requests for admission are not designed to identify and eliminate matters on which the parties agree, but seek information as to fundamental disagreement at the heart of the lawsuit, or are unduly burdensome, a court may excuse a party from responding to the requests. *Republic of Turk v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018).

As this Court recognized in its Order dated June 10, 2022, "it is better for matters to be decided on the merits rather than based on procedural failures" (Docket No. 598) – in other words, an implicit recognition that plaintiffs' RFAs, if deemed admitted, would indeed go to the heart of the lawsuit.

Here, plaintiffs' RFAs cover a vast expanse of fundamental and vigorously disputed facts that go to the heart of the issues in this lawsuit. Many of plaintiffs' RFAs on their face violate that key principle of Rule 36 as they seek admissions that require explanation or that rely on a vigorously disputed fact.[1] These RFAs include many that ask City defendants to admit that an officer's alleged use of force *resulted* in injuries (e.g. RFA 76), and ones that seek admission regarding vigorously disputed issues and would require explanation (e.g. RFA 24, "No protest policing related litigation, settlement, verdict, notice of claim under the General Municipal Law, or allegation between 2000 and May 27, 2020, had any effect on the City's relevant policies, practices, customs, or NYPD training").

Others seek admission about matters in these consolidated actions that plaintiffs have settled (pertaining to <u>Yates</u>) but plaintiffs still insisted must be answered.[2] Plaintiffs further improperly seek admission about facts relating to incidents being actively litigated in separate, non-consolidated cases.[3] Some RFAs are improper because they seek an admission to conclusions of law as they ask City defendants to admit that an officer's actions violated a law or policy.[4] *See Coach, Inc,* 908 F. Supp. 2d at 432.

These only begin to highlight the multitude of improprieties, and do not even touch on phraseology problems that an overwhelming number of plaintiffs' RFAs suffer from, such as vague and compound RFAs[5]. Many of the RFAs here are phrased in such a way that they cannot

---

[1] RFAs improperly seeking admission that cannot be answered without further explanation/ relies on a highly disputed fact: RFA Nos.: 21, 22, 23, 24, 29, 34, 52, 54-55, 58, 71, 76-78, 86-87, 92, 94, 100, 104, 110, 112, 124-133, 161, 163-166, 167, 168, 174-176, 181, 183, 184, 188-190, 192, 194-195, 200-204, 207-217, 220-228, 233-238, 245, 246, 247, 253-256, 258, 260-262, 266-268, 274-276, 283, 284.
[2] RFAs improperly seeking admissions relating to Yates, which was settled, depriving defendants of finality: RFA Nos. 150-158.
[3] RFAs improperly seeking admissions pertaining to facts about a plaintiff from a pending litigation in a non-consolidated case: RFA Nos. 36-42, and 64-78,
[4] RFAs improperly seeking admissions that an officer violated a certain policy: RFAs 66 and 199
[5] *E.g.* RFAs. 21, 22, 23, 24

be answered without an explanation because they contain half facts or half-truths taken out of context. For example, many RFAs ask City defendants to admit that the summons issued against an individual during a protest was dismissed without the person being found guilty.[6] However, an admission to that would be misleading as almost all of the protest related summonses were not dismissed on the merits, but were summarily dismissed by the District Attorney's Office.

Many other RFAs improperly ask City defendants to go through large documents or hours of video footage and assume the responsibility of determining what are 'relevant matters of fact' to plaintiffs and then decide what admissions to make.[7] As two examples, RFA no. 19 seeks an admission that Chief of Patrol Juanita Holmes purportedly stated "four hours of disorder training is not enough" at some point in a February 2021 City Council hearing appearing to have lasted nearly five hours, and RFA no. 69 seeks an admission about the cardinal direction that NYPD officers were moving at a particular point in a half-hour long body worn camera video. At the meet and confer, plaintiffs indicated that they are seeking these specific RFA responses so that they do not need to actually present these documents at trial and can just use City defendants' RFA responses. However, obligating City defendants with sifting through such records and having to admit or deny particular sentences and moments plucked out of context is an improper use of Rule 36. Plaintiffs further contend that if City defendants believed these statements or moments were taken out of context, that City defendants will get a chance to present the document or video to the jury to show the context. However, this is counterintuitive and frustrates the purpose of Rule 36.

Some RFAs are further improper because they related to actions or statements of officers already deposed or noticed to be deposed.[8] For the officers previously deposed, plaintiffs have already had the opportunity to ask them questions and already have their testimony under oath. Asking City defendants to admit to contested inferences that can be made from the deposition testimony is more properly left to the purview of a jury during trial, not RFA responses in discovery. Plaintiffs contend that the RFAs relating to officers not yet deposed were meant to relieve the parties of the need to take those depositions. However, it is well established that Rule 36 is not meant to replace depositions, interrogatories, or document requests. *See Spectrum Dynamics Med. Ltd.*, 2021 U.S. Dist. LEXIS 35633, at \*6. Plaintiffs further attempt to use Rule 36 as an improper discovery tool to obtain information relating to NYPD policy, trainings, and disciplinary investigations, as well as communications between high level officials.[9]

---

[6] *E.g.* RFAs 169 and 1

[7] RFAs improperly requiring defendants to go thorough documents and assume responsibility for making admission related to its contents: RFA Nos.: 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 37, 43, 45, 46, 49, 50, 51, 53, 66-70, 72, 141-144, 146, 147, 149 , 232 .

[8] RFAs used as improper tool of discovery, seeking information about officer noticed to be deposed/already deposed: RFA Nos.: 56-57, 59-63, 73-75, 80, 81, 84, 89-90, 99, 102, 107-108, 123, 162, 170-172, 178-180, 185-187, 193, 196-198, 205, 218, 230-231, 242-244, 248-251, 259, 263, 265, 269-271, 278-282

[9] RFAs used as improper tool of discovery re policy / training: RFA Nos. 1, 240, 241; RFAs used as improper tool of discovery re NYPD investigations re white supremacy RFA Nos. 25, 26, 27, 28, 30, 31, 32, 33; RFAs used as improper tool of discovery re meetings / communications related to high level

Continued…

More importantly, the majority of these RFAs are not designed to confirm information and eliminate issues for trial. Rather, they are tantamount to contention interrogatories. *Spectrum Dynamics Med. Ltd.*, 2021 U.S. Dist. LEXIS 35633, at *7 (granting defendant's motion for a protective order and finding that the RFAs were improper contention interrogatories). Plaintiffs are essentially attempting to circumvent Local Civil Rule 33.3 (c) which requires that contention interrogatories be served at the *conclusion* of discovery. Additionally, plaintiffs' RFAs attempt to circumvent Rule 33, which imposes a limit on the number of interrogatories that may be served because they are more burdensome than other discovery methods and subject to abuse. *Id.* Indeed, plaintiffs have already served several hundred interrogatories – well above what is allowed by Rule 33. And although Rule 36 does not impose numeric limitations on the requests, "requests to admit may be so voluminous and so framed" that they are unduly burdensome, nevertheless. *Id. See also*, Fed. R. Civ. P. 26 advisory committee notes to 1970 amendment.

Significantly, the RFAs at issue are not only problematic individually, they are also problematic collectively. The 271 requests for admission -- with an interrogatory and document request that attaches to each of them -- have a detrimental cumulative impact. Although the large number of RFAs is not itself a basis for a protective order, the question of whether to limit the number of RFAs lies in the discretion of the court and depends on the needs of the case. *See SEC v. Rayat,* No. 21-cv-4777 (LJL), 2022 U.S. Dist. LEXIS 90834, at *3-4 (S.D.N.Y. May 19, 2022).

As Your Honor stated in the Order dated June 10, 2022 (Docket 598), "the requests are extraordinarily detailed and will require significant investigation by the City". In other words, more than just a reasonable search – rather, a *significant investigation* – would be required. But, Rule 36 does not require a "significant investigation," as it is not meant to be the type of discovery tool as interrogatories. Rule 36 only requires a reasonable investigation as the RFAs should relate to facts not in dispute. Not surprisingly, responding to plaintiffs' RFAs is a gigantic undertaking, and a reasonable investigation will not suffice. As such, responding to *hundreds* of improper requests (and interrogatories and document demands) is unduly burdensome, and quite simply amounts to harassment. City defendants request that the Court exercise its discretion in limiting the majority of these improper requests and grant City defendants' protective order as to the RFAs listed in footnotes 1 though 8 herein.

Relatedly, and in any event, City defendants ought to be relieved from responding to plaintiffs' interrogatories insofar as they are connected to nearly 300 RFAs, which in actuality, means that the interrogatory constitutes 271 separate interrogatories, seeking the identification of any witnesses with knowledge in connection to any RFA response that is not an unqualified admission, thereby, far exceeding the limit of 25 interrogatories set out by Fed. R. Civ. P. 33 and plaintiffs have already exponentially exceeded this number with their previously served interrogatories. *See Fox v. Poole,* No. 06CV148 (CONSENT), 2007 U.S. Dist. LEXIS 64779, at *27 (W.D.N.Y. Aug. 31, 2007)(quoting *Dang v. Cross*, No. CV 00 13001 GAF(RZX), 2002 U.S. Dist. LEXIS 5878, 2002 WL 432197 (C.D. Cal. 2002)("Rule 33 does not prohibit interrogatories which reference requests for admissions; however, 'an interrogatory that asks the responding

---

officials: RFA Nos. 3, 4, 7, 136, 137, 138; and RFAs used as improper tool of discovery re SRG/Mott Haven: RFA Nos. 2, 114-122, 134-139, 219.

party to state facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests for admissions usually should be construed as containing a subpart for each request for admission contained in the set."); *See* also, *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445, 446 (C.D. Cal. 1998); accord *Wildearth Guardians v. Public Serv. Co.*, Civ. No. 09-1862-ZLW-MEH, 2010 U.S. Dist. LEXIS 138972, 2010 WL 5464313, at **3-4 (D. Colo. Dec. 29, 2010); *FDIC v. Halpern*, 271 F.R.D. 191, 199 (D. Nev. 2010); *Bourdganis v. N. Trust Bank,* Civ. No. 08-11282, 2008 U.S. Dist. LEXIS 82089, 2008 WL 4615653, at *2 & n.2 (E.D. Mich. Oct. 16, 2008).

In light of the above-referenced improprieties and undue burden, defendants respectfully request that the Court grant a protective order pursuant to Rule 26(c) relieving them of the obligation to respond to the RFAs cited *supra*.

**Request for Extension of Time**

Additionally, Your Honor stated in the June 10th Order "…any request for an extension of time would obviously have been granted given the number of requests alone" (Docket No. 598). City defendants intend on responding to those RFAs not cited herein which City defendants have deemed proper under Rule 36. However, City defendants respectfully request that the July 1st deadline to respond to plaintiffs' RFAs be held in abeyance pending the Court's decision in order to conserve resources rather than dedicate them toward significant investigations into, and preparation of, RFAs that City defendants may be relieved from answering if deemed improper. City defendants similarly request a two-week extension to respond to any proper RFAs – that is, the later of two weeks from July 1st or two weeks from the Court's ruling on the present motion.

**Conclusion**

Accordingly, City defendants respectfully request a protective order pursuant to Rule 26(c) of the Federal Rule of Civil Procedure, relieving City defendants from any obligation to respond to the improper, unduly burdensome, and harassing requests for admission plus the corresponding interrogatories and document demands (collectively, "RFAs"). In addition, City defendants respectfully request that the current deadline of July 1, 2022, be extended for two week for City defendants to respond to any proper RFAs – that is, two weeks from July 1st or two weeks from the Court's ruling, whichever is later.

Thank you for your time and consideration.

Respectfully submitted,

*Nadine Ibrahim       /s*
Nadine Ibrahim
Special Federal Litigation Division

cc:    ALL COUNSEL (*via* ECF)