**Kaufman**
**Lieb**
**Lebowitz &**
**Frick**
attorneys at law

(212) 660-2332
18 E. 48th St., Suite 802
New York, NY 10017
www.kllf-law.com

June 28, 2022

**Via ECF**

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York

Re:   In re: New York City Policing During Summer 2020 Demonstrations,
No. 20-CV-8924
*This filing is related to all cases*

Your Honor:

Plaintiffs write to request that the Court order Defendants to produce highly relevant information and documents in advance of high-level depositions scheduled to begin as soon as next week. The parties have met and conferred[1] and are at an impasse concerning each side's obligations to provide information in advance of the depositions.

## I.    Factual Background

The parties are working to re-start depositions, after they were stayed in March when the Second Circuit ordered that the Police Benevolent Association be permitted to intervene. The parties' dispute about procedures to employ with respect to depositions concerns only the high-level witnesses (including witnesses Defendants have designated to address 30(b)(6) topics), the list of which has not changed since earlier this year and most of whom had been scheduled before the stay.

**Plaintiffs' Request of Defendants.** Plaintiffs have asked that Defendants provide crucial information and documents relating to each witness well in advance of the witness's deposition, to allow Plaintiffs to coordinate and ensure an efficient deposition. Specifically, Plaintiffs ask Defendants to provide the following:

(1) <u>List of relevant protests</u>: Soon after a deposition is scheduled, Defendants will provide a list of all protests from Schedule A[2] at which the deponent was present or substantially involved in the planning or response (including investigation).

---

[1] The parties held a meet-and -confer regarding depositions on June 7, 2022. For Plaintiffs, the following counsel were present: Ali Frick, Alicia Wagner Calzada, Bobby Hodgson, Corey Stoughton, Daniel Lambright, Elena Cohen, Lillian Marquez, Marc Arena, Mike Spiegel, Molly Biklen, Remy Green, Robert Balin, Tahanie Aboushi, and Wylie Stecklow. Amy Robinson, Jenny Weng, Daniel Braun, Nadine Ibrahim, Shannon Riordan, and Genevieve Nelson appeared on behalf of Defendants. Thomas Kissane and Angela Li appeared on behalf of the PBA.

[2] Defendants have agreed to add the protests at issue in *Rolon* to the list of protests on Schedule A, found at Dkt. #354-1 at 30-33.

Alanna Kaufman\*  •  Douglas E. Lieb‡  •  David A. Lebowitz  •  Alison Frick\*

•  Alyssa Isidoridy  •

*Also admitted to practice in New Jersey ‡Also admitted to practice in California and Connecticut

We ask that the deponent consult their calendar (and not just their memory) in identifying these protests.

(2) <u>Calendars, texts, disciplinary information</u>: No less than 1 week in advance of the deposition, the City will provide (i) the deponent's calendars from May 25-July 25, plus all calendar entries reflecting involvement in any protests outside of that time range; (ii) all text messages sent by or to the deponent's NYPD-issued phone from May 25-July 25, plus dates of any other protests the deponent attended or was substantially involved in the planning or response; and (iii) all IAB and CCRB documents in which the deponent was a subject or witness, including audio of any IAB/CCRB interviews of the deponent, if not already produced.

Defendants have not objected to these requests on their own merits. Indeed, these calendar entries and text messages are responsive to Plaintiffs' written discovery demands and should have been produced a year ago, but *not a single* calendar entry[3] or text has been produced.[4] Nonetheless, Defendants have stated that they will not provide this information unless Plaintiffs meet their demands to provide an exhaustive list of information and exhibits in advance of each deposition, as outlined immediately below.

**Defendants' Request of Plaintiffs:** Defendants have demanded that Plaintiffs disclose all topics they plan to cover with the witness, *all* exhibits they plan to use, and, for any lawyer-witnesses, any case law Plaintiffs may rely on during the deposition. Defendants propose that these documents must be provided one week before each deposition, but can be supplemented no more than three business days before the deposition.

Plaintiffs offered to make reasonable efforts provide deposition topics and exhibits one week prior to each deposition, but reserved the right to question the witness on additional topics and/or exhibits as necessary and appropriate. Defendants rejected this compromise approach.

## II.   Argument

The information Plaintiffs seek—a list of the protests a witness was involved in, plus calendars, text messages, and unproduced disciplinary documents—is necessary to allow Plaintiffs' counsel to adequately prepare for each deposition. It ensures that Plaintiffs with a particular interest in specific protests can be represented at relevant depositions and facilitates coordination among the eight consolidated cases so that questioning is efficient and non-repetitive. What's more, Plaintiffs are entitled to this

---

[3] Defendants have produced activity logs, which lower-level officers use. High-level NYPD officials do not maintain activity logs. Hence Plaintiffs' request for calendar entries reflecting their activities during relevant time periods.

[4] Plaintiffs' First Consolidated Requests for Production of Documents, dated March 25, 2021, defined "Documents" to include "calendars" and "telephone text messages."

information as responsive to the interrogatories and document requests it served *over a year ago*.

Defendants have raised no objection on the merits to Plaintiffs' request. They cannot dispute that the information sought is both limited in scope and responsive to earlier requests. But still, Defendants refuse to abide by their existing discovery obligations in an effort to wrest unprecedented concessions from Plaintiffs.

Defendants' demand that Plaintiffs fully reveal every topic they plan to cover and each exhibit they plan to use in advance of the deposition is not only impractical, in a case with more than 40 Plaintiffs' lawyers, but totally unsupported by the Federal Rules or common practice. Defendants have never provided any legal support for their entitlement to such information, other than to claim that plaintiffs in the Occupy Wall Street cases provided exhibits in advance. When Plaintiffs' counsel—including those who worked on Occupy Wall Street cases—challenged Defendants' characterization of those depositions and specifically denied providing all deposition exhibits in advance of the deposition, Defendants refused to provide support for their claim.

Regardless, nothing in the Federal Rules or common practice requires parties to turn over all deposition exhibits they plan to use to the deponent and his counsel days before a deposition. Plaintiffs have already offered to make reasonable efforts to provide exhibits and topics in advance, to help ensure that depositions run efficiently and that as much time as possible is devoted to answering questions rather than examining documents. That offer goes beyond anything required by the Rules. Indeed, many of the attorneys representing Plaintiffs have *never* in their practice provided a single deposition exhibit in advance. It should satisfy Defendants.

Accordingly, we ask the Court to issue an order with respect to high-level deponents:

(1) requiring Defendants to provide, as soon as practicable after a deposition is scheduled, a list of all protests at which the deponent was present or for which the deponent was involved in its planning or response;

(2) requiring Defendants to provide, one week before the deposition, (i) the deponent's calendars from May 25-July 25, plus all calendar entries reflecting involvement in any protests outside of that time range; (ii) all text messages sent by or to the deponent's NYPD-issued phone from May 25-July 25, plus dates of any other protests the deponent attended or was substantially involved in the planning or response; and (iii) all IAB and CCRB documents in which the deponent was a subject or witness, including audio of any IAB/CCRB interviews of the deponent, if not already produced; and

(3) directing that witnesses may not refuse to answer questions on the basis that a particular topic or exhibit was not identified in advance of the deposition.

Kaufman Lieb Lebowitz & Frick                                    June 28, 2022
Page 4 of 4

Respectfully submitted,

/s/

Douglas E. Lieb
Alison Frick