Thomas A. Kissane
Partner

212 612-1213
TKissane@schlamstone.com

Schlam Stone
& Dolan LLP

26 Broadway, New York, NY 10004
Main: 212 344-5400  Fax: 212 344-7677
schlamstone.com

July 5, 2022

**BY ECF**

Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *In re: New York City Policing During Summer 2020 Demonstrations* No. 20-CV-8924 (CM) (GWG); This Motion Relates to *Gray v. City of New York,* 21-cv-6610 (CM)(GWG), *Hernandez v. City of New York*, 21-cv-07406-CM (CM)(GWG); and *Rolon v. City of New York*, 21-cv-02548 (CM) (GWG)

Dear Judge Gorenstein:

We are counsel to the Police Benevolent Association ("PBA").  We write, pursuant to Local Civil Rule 37.2 and Part II(A) of your Individual Practices, to request a conference with the Court regarding an unresolved discovery dispute in three of the Consolidated Actions: *Gray v. City of New York,* 21-cv-6610, *Hernandez v. City of New York*, 21-cv-07406, and *Rolon v. City of New York*, 21-cv-02548.

**Nature of the dispute**

The dispute in all three matters raised by this letter concerns plaintiffs' position that, because the PBA has not intervened in their specific actions, they have no obligation to produce discovery to the PBA.

As discussed below, this Court has entered multiple orders directing all parties in the Consolidated Actions to produce to the PBA (1) a copy of all discovery requests that party has made; and (2) a copy of all discovery responses that party has provided through that date (consisting of the formal response and any documents produced).

The PBA's position is that it is entitled to discovery from these plaintiffs under, *inter alia*, Judge McMahon's Order of February 22, 2021 (Dkt. 40)[1] which consolidated the Consolidated Actions for pretrial purposes, the Second Circuit's mandate dated May 17, 2022 (Dkt. 543), which granted the PBA intervention in four of the Consolidated Actions (*Payne v. DeBlasio*, 20-cv-8924; *People of the State of New York v. City of New York*, 21-cv- 322; *Sow v. City of*

---

[1] Unless otherwise indicated, all Docket references are to the lead Consolidated Action, 20-CV-8924.

Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
July 5, 2022
Page **2** of **5** Pages

*New York*, 21-cv-533; and *Sierra v. City of New York*, No. 20-cv-10291[2], and this Court's orders of May 19, 2022 (Dkt. 547), June 8, 2022 Order (Dkt. 587), and June 17, 2022 (Dkt. 608), which directed all plaintiffs to produce to the PBA (1) a copy of all discovery requests that party has made; and (2) a copy of all discovery responses that party has provided through that date (consisting of the formal response and any documents produced).

The May 19 Order directed production of all discovery to the PBA by June 3, 2022.  It was amended by Order dated June 8 which, in light of the June 7, 2022 Order granting intervention to the Sergeants' Benevolent Association ("SBA") and the Detectives' Endowment Association ("DEA") (Dkt. 585), extended the date for production to the PBA, and directed production to the other intervenors, by June 10, 2022.  By Order dated June 17, 2022, that obligation was extended to the later of June 29, 2022 or one business day after the Court's entry of a confidentiality stipulation that was being negotiated.  That confidentiality stipulation was entered June 28, 2022 (Dkt. 620), leaving the production due on June 29, 2022.

No production has been made by *Gray*, *Hernandez*, or *Rolon* to date and, as discussed below, their counsel have advised that they regard us as at an impasse regarding their obligation to produce to the PBA.

**Discharge of conference obligation**

Counsel for the PBA engaged in multiple meet-and-confer conferences with counsel for *Gray*, *Hernandez* and *Rolon*, along with other plaintiffs' counsel with whom agreement on discovery has since been reached,[3] regarding the obligation of these plaintiffs to produce discovery.  We

---

[2] *Rolon* was added to the Consolidated Actions by Dkt. 150, *Gray* by Dkt. 281, and *Hernandez* by Dkt. 20 in 21-cv-07406.  See also Dkt. 333 in 20-CV-8924 (stipulation providing that "All discovery that has been and will be conducted in the consolidated cases will be deemed part of *Hernandez*, without the need for either party to re-disclose it, respecting any confidentiality designations that are in place.")

[3] In the course of the meet-and-confer process described below, counsel in *Wood v. City of New York*, 20-cv-10541 and *Sierra v. City of New York*, 20-cv-1029 -- two of the Consolidated Actions that do not seek declaratory or injunctive relief of the kind underlying the Second Circuit's decision to allow the PBA to intervene --agreed to produce all their discovery to the PBA. This is significant because *Wood* and *Sierra* have thus agreed to produce the discovery that *Gray, Hernandez* and *Rolon* refuse to produce, despite *Gray, Hernandez* and *Rolon* seeking relief central to the PBA's interest in the Consolidated Actions. (*Sierra* originally sought declaratory or injunctive relief and was among the actions in which the PBA was allowed to intervene but has since withdrawn that request.  See Dkt. 610.)

Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
July 5, 2022
Page **3** of **5** Pages

describe these meet-and-confer consultations below, as directed by Part II(A) of your Individual Practices.

On May 19, PBA counsel engaged in an email exchange with all counsel (but for PBA and DEA, whose intervention had not yet been granted) regarding the June 3 deadline for plaintiffs to produce documents. We advised that we were available to consult in advance, as necessary, to make sure this task was accomplished in the most efficient manner possible as directed by the May 19 Order.

A meet-and-confer conference call was conducted on May 24, 2022, and lasted close to an hour.[4] Counsel for plaintiffs, speaking principally through Corey Stoughton (with Ali Frick also participating), proposed a confidentiality stipulation affording Attorneys' Eyes Only status to certain materials to be produced. Undersigned counsel for the PBA agreed to consider a confidentiality stipulation if a draft were sent, provided it treated all parties equally. Douglas Lieb, counsel for plaintiffs in *Wood*, one of the actions in which the PBA had not intervened, said that they did not believe they were obliged to produce discovery to the PBA. The PBA advised that they would not seek discovery from plaintiffs in actions in which the PBA had not intervened, **provided that** either a) the parties seeking declaratory or injunctive relief agreed they would not rely on such materials, or b) the PBA got such materials from other parties to the Consolidated Actions.

Plaintiffs' counsel followed with a proposed confidentiality stipulation and requested an extension on the deadline for production of discovery to allow time to confer regarding it. PBA agreed to that extension and to subsequent extensions described above, leaving plaintiffs' date to produce discovery to the PBA June 29, 2022.

A meet-and-confer call of approximately two hours followed on June 7, regarding deposition scheduling and other discovery matters as well as the confidentiality stipulation. It was agreed that the subject of discovery from plaintiffs in actions in which the PBA had not intervened, as to which the PBA had requested a conference on June 6, would be pursued in greater detail on a separate call. We agreed to a further two-week extension of production for negotiations regarding the confidentiality stipulation. While those negotiations consumed much of the parties' time later in June, we also arranged a June 16 meet-and-confer call regarding discovery from plaintiffs in the actions in which the PBA had not intervened.

The June 16 call lasted about an hour. It was agreed that, provided certain issues regarding the confidentiality stipulation were resolved, *Wood* and *Sierra* would likely produce all their discovery to the PBA. *Gray* and *Hernandez* did not suggest they would agree but said they

---

[4] Most of the invited counsel did not speak on the meet-and-confer calls. The email addresses of the counsel invited to each of these calls are set forth at Attachment A to this letter.

Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
July 5, 2022
Page **4** of **5** Pages

would make a separate, joint proposal.  *Rolon* advised they did not agree to produce.  I followed that call with an immediate request for a further call with counsel for *Rolon*, *Gray and Hernandez*, which was eventually set for June 22 and lasted somewhat less than an hour. As no progress was made regarding discovery from plaintiffs in actions in which the PBA had not intervened, it was agreed we would have a further call after the issues with the confidentiality stipulation had been resolved.

On June 28, I noted that the issues with the confidentiality stipulation had just been resolved and requested another call.  After counsel for *Wood* and *Sierra* advised that they would be producing all their documents under the confidentiality stipulation and saw nothing we needed to discuss, I asked counsel for the *Gray, Hernandez* and *Rolon* to confirm whether they would provide full productions.

I had a conference call with Wylie M. Stecklow (counsel to *Gray*) and Elena Louisa Cohen (counsel to *Hernandez*) on June 29 which lasted over an hour.  They proposed that  the PBA would receive their discovery only if it agreed to 1) accept certain discovery under an "Attorneys Eyes Only" designation that would not apply to any non-union parties, and 2) not seek to intervene in *Hernandez*.  These terms were not acceptable to the PBA, most notably because of the unequal treatment of PBA regarding AEO treatment and the surrender of rights as to settlement or judgment to which the PBA would be entitled as a party.  (Counsel to *Hernandez* said they might consider language allowing the PBA to "participate in" settlement talks, but that would not allow the PBA the full rights it would enjoy as a party over settlement, pr any rights with respect to a possible stand-alone judgment granting injunctive or declaratory relief in Hernandez.)

On June 30, counsel for the *Rolon* plaintiffs wrote me advising that they would not produce their discovery, and regarded us as at an impasse.  On July 1, I wrote counsel to *Gray* and *Hernandez* confirming that we were at an impasse.  On July 5, I sent emails to plaintiffs' counsel in *Gray, Hernandez and Rolon* advising that I would be requesting a conference with the Court.

On behalf of the PBA, I therefore request a conference with the Court to clarify that the production obligations of plaintiffs in *Gray, Hernandez* and *Rolon* under this Court's Orders dated May 19, June 8 and June 17, 2022 includes an obligation to produce to the PBA all discovery they have produced to date in those matters, as well as any discovery they may produce going forward, and to seek an order that such production be made forthwith.

Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
July 5, 2022
Page **5** of **5** Pages

Respectfully,

Thomas A. Kissane

Copies To:
All counsel in Consolidated Actions (via ECF).