

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | NADINE IBRAHIM<br>*Senior Counsel*<br>nibrahim@law.nyc.gov<br>Phone: (212) 356-5037<br>Fax: (212) 356-1148 |
|---|---|---|

**By ECF**  July 7, 2022
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re:  *New York City Policing During Summer 2020 Demonstrations*,
             No. 20 Civ. 8924 (CM) (GWG)
             This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. Defendants write in opposition of plaintiffs' Rule 37(a)(5) request for payment of expenses pursuant to the Court's order during the June 30, 2022 conference.

      By way of background, the parties met and conferred on May 19, 2022, regarding the issue of redactions for non-responsiveness (hereinafter "NR redactions") within certain documents produced by defendants. At the meet and confer, plaintiffs focused on 15,443 documents that contained NR redactions and asked for the reproduction of all 15,443 documents without such redactions. After the meet and confer, defendants explained in an email to plaintiffs that they identified two types of NR redactions. The first were specific NR redactions where the redaction box indicated the specific reason for the redaction, the large majority of these redactions were phone numbers that were auto-redacted. These redactions also included those related to officer disciplinary records.[1] Defendants further explained that a much smaller number of documents contained non-specific NR redactions, where the redaction box simply stated "NR" (or something similar without further detail).

      At the June 30th court conference, Your Honor ordered that the specific NR redactions for officer disciplinary histories were appropriate since the Court had already ruled on this issue back in October 2021. The Court further ordered that the issue of specific NR phone number redactions were to be considered appropriate for purposes of the re-review. Finally, the Court ordered

---

[1] A small number of these specific NR redactions related to other issues that were not addressed at the at the June 30th Conference. Defendants are re-reviewing these redactions and are removing them to the extent they are not allowed by the Court's rulings during the conference.

defendants to produce the remaining documents without redactions, except for specific reasons (i.e., privilege, PII, or certain disciplinary history). At issue now is whether defendants had already agreed to do this in advance of plaintiffs filing their motion.

As reflected in the email exchange attached as Exhibit A, this is in large part what defendants agreed to do on June 3, 2022 – four days before plaintiffs filed this motion. On June 3, 2022, defendants sent an email to plaintiffs stating that "[d]efendants will re-review the non-specific 'NR' redactions and remove or modify same if necessary and will properly assert any privilege or court allowed redactions as appropriate." (*See* Exhibit A). In response, on June 5, 2022, plaintiffs again reiterated their position that they wanted *all* NR redactions to be removed and *all* 15,433 documents reproduced immediately without such redactions. Plaintiffs made it clear that anything short of agreement with plaintiffs' position would be considered an impasse. On June 7, 2022, plaintiffs filed their letter motion to compel . (*See* Dkt. No. 586).

In their letter, plaintiffs argued for the reproduction of all 15,443 documents without any non-privilege redactions, including specific NR redactions of phone numbers and officer disciplinary histories. Plaintiffs acknowledged defendants' agreement to re-review the non-specific NR redactions, however, their letter motion failed to include the last part in the sentence in defendants' email that indicated defendants would "remove or modify same if necessary and will properly assert any privilege or court allowed redactions as appropriate." *Id.* at p. 2; *See also* Exhibit A.

Rule 37(a)(5) states, in relevant part, that a court may not order the payment of costs if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action . . . (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or . . . (iii) other circumstances make an award unjust." Here, the City has met all three of the potential reasons for denial of costs. First, the City had already substantially agreed to produce the redacted material that the court ultimately ordered produce before plaintiffs filed their motion. Second, the City was justified in not agreeing to produce certain redacted material such as disciplinary history and phone numbers, which the Court agreed did not need to be unredacted. Third, even if there was a misunderstanding between the parties as to what the City was agreeing to do, defendants acted in good faith to resolve this conflict without the need for Court intervention, and we respectfully submit that it would be unjust to award costs in this situation.

Accordingly, the City Defendants respectfully request that the Court deny plaintiffs' request for reasonable costs pursuant to Rule 37(a)(5).

Thank you for your consideration herein.

                                                Respectfully submitted,

                                                *Nadine Ibrahim*    /s

                                                Nadine Ibrahim
                                                *Senior Counsel*
                                                Special Federal Litigation Division

cc:    ALL COUNSEL (*via* ECF)