

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**AMY ROBINSON**
*Senior Counsel*
arobinso@law.nyc.gov
Phone:  (212) 356-3518
Fax:  (212) 356-1148

**By ECF**                                                                                              June 7, 2022

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

       In Re:  *New York City Policing During Summer 2020 Demonstrations*,
              No. 20 Civ. 8924 (CM) (GWG)
              This filing is related to all cases

Your Honor:

       I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter.  Defendants write in response to plaintiffs' letter to the Court dated June 28, 2022 (Dkt. No. 625), pertaining to the pre-deposition production protocol for high-ranking and 30(b)(6) deponents, an issue upon which the parties reached agreement on some points and reached an impasse on others as discussed below.

       A.  **Defendants' Proposed Pre-Deposition Protocol.**

       Just as plaintiffs seek a pre-deposition protocol for these types of depositions, defendants also seek a reciprocal protocol. Due to the time limitation on depositions, the number of depositions that need to be taken and the sheer volume of documents in these cases, defendants require plaintiffs to provide the following a high-ranking and/or 30(b)(6) witnesses:

1. <u>Topics</u>. The topics of the deposition for high-ranking officials who are not 30(b)(6) witnesses.
2. <u>Exhibits</u>.  The exhibits that plaintiffs intend to use during these depositions, including videos.
3. <u>Case Law</u>.  Any case law plaintiffs intend to question attorney-deponents on, if any.

       From their letter, it appears that plaintiff is not objecting to providing the proposed material.  Rather, they take issue with the timing.  Defendants' need for material in advance of depositions is the same as plaintiffs'—to adequately prepare for each deposition. Defendants

understand that *all* topics and exhibits are not always known a week in advance of a deposition and in fact, plaintiffs have already agreed to provide as much of the above as possible within one week of the deposition. Plaintiffs suggested at the meet and confer that most topics and exhibits would not be ready a week ahead of a deposition. In fact, defendants already advised plaintiffs that they understood that plaintiffs may have difficulty meeting the one-week deadline. Thus, defendants proposed that plaintiffs supplement their topics, exhibits and case law within three business days[1] of a deposition. If plaintiffs want to reserve the right to question these deponents on additional topics and/or exhibits not provided to defendants before the deposition, there must be some limitation. There should to be an orderly and focused approach to the depositions, and plaintiffs' supplementing their topics, exhibits and cases, within three business days of the deposition should accomplish this goal. Defendants should be provided with as much of the topics and documents (as well as the caselaw when applicable) as possible before these depositions.

Your Honor already indicated that the Court would favor a protocol similar to the one ordered in *Bellamy v. City of New York*. In a Memorandum Endorsement pertaining to the deposition of a high-ranking witness, the Court stated as follows:

> The Court will not at this time mandate the protocol ordered in Bellamy since this protocol was not raised in plaintiffs' letter and thus is not properly before the Court. The Court urges the plaintiffs to consider it however, as some version of it might well benefit plaintiffs insofar as it would allow for more focused preparation of a witness. And such focused preparation may be very valuable to them inasmuch as they will not have unlimited time to question deponents. (Dkt. No. 528).

In *Bellamy v. City of New York*, 12-cv-1025 (E.D.N.Y. 2016) (AMD) (PK) (Dtk. No. 138), the Honorable Peggy Kuo ordered as follows with respect to 30(b)(6) depositions pertaining to a Monell claim:

> The Court has instructed plaintiff to convey to defendants before each deposition the topics to be covered, the cases to be discussed, and the documents to be used, thereby narrowing the scope of the depositions and ensuring that they are proportional to the needs of this case.

Defendants' requested protocol—topics, exhibits and cases one week in advance with a supplement three days in advance—based on the *Bellamy* example is practical, not difficult to comply with and leaves room for providing last-minute added topics, exhibits or cases. Most importantly, it provides for a narrowing of the scope of deposition topics where there are so many deponents.

### B. Plaintiffs' Proposed Pre-Deposition Protocol.

Plaintiffs list in their letter to the Court (Dkt. No. 627), proposed actions for defendants to accomplish in advance of these types of depositions. First, defendants agree to provide a list of

---

[1] Defendants' notes from the meet and confer indicate that plaintiffs proposed to provide a "non-exhaustive list" of topics and exhibits 48 hours in advance of a deposition.

protests from Schedule A at which the deponent was present for or substantially involved in the planning for as soon as practicable after the scheduling of the deposition.[2]

Second, defendants agree to provide relevant, responsive, non-privileged calendars and text messages but should only be required to supply any for plaintiffs' 83 Schedule A protest locations one week in advance of a deposition with the caveat that defendants can supplement this production three days in advance of the deposition, if necessary. Third, as plaintiffs' document requests seek text messages pertaining to plaintiffs' Schedule A list of protest locations only, these are the only dates on which relevant text messages should be provided. Further, text messages of deponents who were not present at plaintiffs' 83 Schedule A list of protest locations, should not be provided in advance of a deposition.

Fourth, plaintiffs have not limited their proposal to documents relevant and responsive to these cases. They seek *all* text messages from May 25-July 25, and any other dates for protests the deponent attended; and *all* IAB and CCRB files (which in and of itself seeks to circumvent the court's prior rulings on the scope of what disciplinary investigation information that should be disclosed). Defendants object to the broad scope of these proposals. Under the federal rules, plaintiffs are only entitled to discovery that is non-privileged and relevant to their claims.

Further, to avoid unnecessary removal of a deponent's phone for text message collection, defendants should be permitted to first question deponents who were present at plaintiffs' list of protest locations in order to determine whether high-ranking officers on the scene of protests actually used the texting function, and if so whether they texted during protests. This step is crucial, because collecting text messages from department devices requires a deponent to turn in the phone for the duration of the collection process, which can take multiple days.

Finally, defendants have produced IAB and CCRB investigation files related to the underlying protests. As the parties have equal access to the deponents' IAB and CCRB files, defendants should not be required to waste valuable time re-producing these to plaintiffs. As with the line officers, defendants should only produce the deponents' IAB and CCRB histories, to the extent they are any, and not the full files in advance of a deposition.

Accordingly, defendants respectfully request an order from the Court endorsing defendants' proposed pre-deposition production protocol of topics, exhibits and case law one week in advance of the deposition with a supplement three days before the deposition. Plaintiffs' proposed protocol should be limited to (1) a list of Schedule A protest locations in which the deponent was present or had substantial involvement in planning as soon as practicable after scheduling the deposition, and (2) relevant, responsive, non-privileged calendars and text messages for plaintiffs' Schedule A list of Protest Locations and officer disciplinary histories provided one week before a deposition with a supplement three days before the deposition.

---

[2] Plaintiffs state incorrectly that defendants agreed at this late stage in discovery to add the protests at issue in *Rolon* to the list of protests on the Schedule A; defendants agreed that the *Rolon* protest locations/dates are only pertinent to the *Rolon* deponents, and any discovery sought should be limited to that case.

Thank you for your consideration of this matter.

                                                    Respectfully submitted,

*Amy Robinson s/*

Amy Robinson
*Senior Counsel*

cc:     ALL COUNSEL (*via* ECF)