THE LAW OFFICE OF
**MICHAEL L. SPIEGEL**
48 WALL STREET, SUITE 1100
NEW YORK, NEW YORK 10005
TEL:(212)587-8558       FAX:(888)398-0032

*Of Counsel*
HAMILTON CLARKE LLP

July 8, 2022

**BY ECF**
Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *In re: New York City Policing During Summer 2020 Demonstrations*
              No. 20-CV-8924 (CM) (GWG)
              This Letter Relates to *Sierra v. City*, 20 CV 10291; *Wood v. City,* 20 CV 10541;
              *Sow v. City*, 21 CV 533, and *Hernandez v. City*, 21 CV 7406.

Your Honor:

      I am a counsel for plaintiffs in the *Sierra* matter.   I write to request reinstatement of plaintiffs' motion for pre-deposition discovery (Dkt. 491).   The motion seeks an Order directing defendants to identify all bicycle-mounted officers at the Mott Haven protest, and to produce all of their June 4, 2020 body worn camera ("BWC") footage and the corresponding BWC Audit Logs.

      After the motion was filed, "defendants [] agreed to produce the documents and body worn camera video footage sought in the *Sierra-Wood-Sow-Hernandez* plaintiffs' April 14, 2022 motion for pre-deposition discovery (Dkt. 491).   The parties therefore request[ed] that the motion be terminated without prejudice to reinstatement if the materials are not produced by May 12, 2022."   (Dkt. 518).   The materials were not produced by May 12, 2022.   Nonetheless, plaintiffs continued to meet and confer with Assistant Corporation Counsel Amy Robinson to identify the bike squad officers that seized the protesters in Mott Haven, and obtain their BWC footage.

      By way of background, there were more than fifty bicycle-mounted officers at Mott Haven, based upon video evidence.   They were divided into two teams.   One team blocked the entrance to the Willis Avenue Bridge at East 135th Street, after which the marchers turned off Willis Avenue onto East 136th Street.   The second team (consisting of more than twenty-five officers, based upon video evidence) rode down East 136th Street behind the protesters, and then passed in front of them.   That team created a line of officers and bicycles across East 136th Street at Brook Avenue, thus blocking the marchers from advancing, while other officers sealed off the block behind them.   Plaintiffs have received BWC videos from <u>two</u> of the team of bike

officers that committed the initial seizure by blocking the march at Brook Avenue.   Plaintiffs still do not have the identity of most of the officers in that team.[1]

Defendants produced a set of bike squad Detail Rosters purporting to be officers in the bike squads at Mott Haven – defendants represented that the rosters were provided by a Lieutenant who was assisting the Captain in overall command of the bike officers in Mott Haven.  Plaintiffs noticed the deposition of Sergeant Durkin, whose name was on one of the Detail Rosters as a bike squad supervisor; and defendants selected him (from among the 100+ officers noticed for deposition in the Consolidated Cases) to be deposed on July 8.   On July 6, defendants produced Sgt. Durkin's Activity Log, which indicated he was in Times Square, not Mott Haven, on June 4, 2020.   I then directly asked Ms. Robinson whether he was at the Mott Haven protest, she said he was not, and I canceled the deposition.

Prior to that exchange, defendants were clearly prepared to waste everyone's time with a deposition which would have immediately revealed that Sgt. Durkin had no relevant information.  The end result has been to use up a deposition day that could have been spent taking one of the many necessary depositions in this case.   The other result is that plaintiffs have spent more than two months engaging in what they believed was a cooperative effort to obtain the obviously discoverable material, only to be informed two days before a deposition that it had been a charade.   Plaintiffs are no closer to knowing the identities of most of the officers who blocked the marchers at Brook Avenue, or in obtaining their BWC video, than they were the day they filed the motion in April.

Because the BWC evidence is direct evidence of a key fact in this litigation – the moment that 300 people were unlawfully seized – the BWC footage goes to the core of the case.  Likewise, the *absence* of BWC footage, in circumstances where the NYPD Patrol Guide clearly requires activation of the cameras, is important evidence.   Therefore, plaintiffs made two supplementary requests in their motion, and now renew those requests: (a) "[i]f defendants claim that a Detail Roster, BWC video, or Audit Log does not exist for any bicycle-mounted officer at Mott Haven, plaintiffs respectfully request that defendants be required to produce an Affidavit from a person with personal knowledge explaining why they don't exist" (Dkt. 491, p. 5); and (b) "[i]f defendants claim they cannot identify the officers by Detail Rosters or some other means, then plaintiffs respectfully request that Your Honor direct them to produce Affidavits from the supervisory Sergeants, Lieutenants, and Captain stating what efforts have been made to identify the officers under their command that day, why they have been unsuccessful, and why there is no other way to identify them" (Dkt. 491, p. 4, n.3).

Plaintiffs respectfully request that Your Honor set a date certain by which defendants will (a) identify all officers in the bike squads at Mott Haven; (b) produce all Detail Rosters of bike squads at Mott Haven; (c) produce all Mott Haven bike officer BWC footage from June 4, 2020,

---

[1] As to the other bike team that blocked the entrance to the Willis Avenue Bridge, plaintiffs believe they have identified 34 officers, Sergeants and Lieutenants, and have received 18 BWC videos from those officers.   Plaintiffs have requested an affidavit declaring that BWC footage from the other fifteen officers does not exist, but defendants have not produced one.

and corresponding Audit Logs; and (d) produce the above-described affidavits if BWC footage/Audit Logs for said bike officers do not exist, or if defendants are unable to identify the bike officers.

Plaintiffs further request that defendants be ordered to state whether or not Sgt. Duane M. Barnes was a supervisor of a bike squad that stopped the protesters at Brook Avenue, and if he was, to produce him for deposition before July 25, 2022 (Sgt. Barnes was previously noticed for deposition, based upon testimony at a deposition that he was a bike squad supervisor at Mott Haven).

                                                Respectfully submitted,

                                                s/

                                                Michael L. Spiegel