

July 11, 2022

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

<u>By Electronic Filing.</u>

  Re: <u>In re: New York City Policing During Summer 2020 Demonstrations,
    1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases</u>

Dear Judge Gorenstein:

  As the Court knows, I am counsel for the *Sow* Plaintiffs in these consolidated cases. I write, as the Court invited, to reply to Defendants' misleading claim that they offered to un-redact everything they had previously redacted as "NR." At the conference, the Court was clear: what it ordered, and "[said] was required from day one, is just producing it all." 2022-06-30 Tr. 45:3-8; *see also id.*, 8:6-10 (The Court: "So on the redactions within the document, I mean this is easy. There are to be no redactions of portions of the document, that's improper. It shouldn't have happened. I don't understand why it happened.").[1]

  Defendants never offered to do that. And their position at the conference is entirely refuted by the actual emails between the parties. Defendants' letter only relies on part of an email chain, taken out of context — and for that matter, a single sentence taken out of the context even on the face of what Defendants filed. On July 8, Plaintiffs told the Defendants that taking the single sentence out of context was misleading, and offered them a chance to correct the record. They declined beyond offering to file, without any comment, the full thread. So, Plaintiffs do so now.

  A review of the full email chain — and the full relevant paragraphs — shows that Defendants merely agreed to review the redactions to ensure they were "in fact non-responsive," rather than remove them. The body of the email Defendants attached to their letter (out of context of the email chain discussion) reads:

> Defendants agree to re-review the family members that were slipsheeted for non-responsiveness to ensure that ***they are in fact non-responsive*** and properly slipsheeted in

---

[1] Defendants raise the fact that the Court previously permitted redactions for disciplinary history over a certain age for relevance and privacy reasons. Defendants did not raise this with Plaintiffs at any meet and confer on this issue — it appeared for the first time in Defendants' opposition. Specifically, Defendants state the "redactions [at issue] also included those related to officer disciplinary records." Dkt. No. 638 at 1. Not so. In fact, as far as Plaintiffs can tell, there is not a single document in this collection where that was the reason Defendants made redactions.



accordance with the parties' negotiated specifications . . . ***Similarly***, Defendants will re-review the non-specific "NR" redactions and remove or modify same ***if necessary.***

Dkt. No. 640 at 3 (emphasis added).  To suggest that this language means Defendants agreed not to assert "NR" as a basis for any withholding information or documents is fanciful.  For slipsheets, the email makes clear Defendants intended to continue to withhold documents if they believed "they are in fact non-responsive."  They then say their approach for redactions will be "similar[]" and they will only modify their redactions "if necessary."  If Defendants really had agreed to remove all redactions for "NR," the "if necessary" and the "Similarly" make no sense.

But, to the extent there is some ambiguity, Defendants' own statements make very clear that their new claim, that the "City had already substantially agreed to produce the redacted material that the court ultimately ordered produce before plaintiffs filed their motion," is factually incorrect.  The full thread is attached as **Exhibit 1**.  It shows Defendants were continuing to assert they had a legal basis to withhold material they believed was "Non-Responsive" by redacting it.  In order, here is the parties' exchange that led to Defendants' out-of-context quote (all emphasis added):

- Plaintiffs (summing up the meet and confer): "By Monday, May 23rd, at noon, Defendants will answer … [w]hether or not Defendants are willing to re-produce all documents with redactions for non-responsiveness with those redactions removed, and if yes, a reasonable date by which you will re-produce them."

- Defendants (May 23 at 1:29 p.m.): "Defendants have pulled a random sampling of 100 documents containing these non-specific 'NR' redactions" and will review the 'NR' redactions in each one.  We will let plaintiffs know the outcome of that re-review ***and if we believe any further steps are necessary.***"

- Plaintiffs: "[W]e have an impasse on this if Defendants are not willing to remove these thousands of improper redactions.  We need a firm answer if Defendants are going to change their position that they may make thousands of meaningful redactions justified with no legal privilege, based on the sampling process you've described, by Friday, June 3rd at 5 pm.  Otherwise, here too, we have an impasse."

- Defendants (June 3 at 5:38 p.m.): "Defendants agree to re-review the family members that were slipsheeted for non-responsiveness ***to ensure that they are in fact non-responsive*** … Similarly, Defendants will re-review the non-specific "NR" redactions and remove or modify same ***if necessary***."

- Plaintiffs (June 6 at 12:30 p.m.): "Your email was ambiguous as to [] whether you are agreeing to remove all "NR" redactions … Please confirm by COB today whether you are in fact agreeing to those requests."

- Defendants (June 7 at 10:19 a.m): "[W]e are agreeing to re-review and will get back to you" (with no further clarity).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



The only logical understanding from these exchanges was that Defendants were not agreeing to remove all "NR" redactions, but instead were only agreeing to re-review such documents to ensure the redacted material was in fact non-responsive. Understanding Defendants' unwillingness to say more than they were "re-review[ing]," in light of repeated statements (especially at the meet and confer) Defendants made that they would re-review the redactions *only* "to ensure their propriety" (Dkt. No. 605 at 3), Plaintiffs took there to be an impasse — but responded by asking for Defendants to commit to *some* timing. Defendants did not do so by the deadline Plaintiffs asked for, so the motion followed.

Throughout that entire exchange, Defendants could have stated — clearly and unambiguously — that, as the Court ended up Ordering, "There are to be no redactions of portions of the document, that's improper. It shouldn't have happened." 2022-06-30 Tr. 8:6-10. They did not. Thus, particularly in light of the Court's comments that "I wish this had been raised sooner," and acknowledgement that "the City hasn't denied it took them six weeks on this one" — along with, as shown above, Defendants total refusal to keep any time commitments — rewriting this context to allow the City to fudge its position is not sensible, logical, or fair.[2]

Even after Plaintiffs filed the motion to compel these documents, Defendants *repeatedly* made clear they never had any intention to produce material they believed was "Non-Responsive":

- "Defendants described their agreement previously relayed to plaintiffs to re-review all 'NR' redactions *to ensure their propriety*." Dkt. No. 614 at 1 (alterations adopted, emphasis added).

- "[D]efendants agreed to re-review all such redactions *to ensure their propriety*; defendants will also add specificity to the redaction boxes *as necessary*." Dkt. No. 605 at 3 (emphasis added).

- "If defendants should locate any information *incorrectly* redacted as "NR," they will remove the improper redaction … In the meantime, defendants have re-reviewed the specific documents identified by plaintiffs' counsel and can confirm that all redacted material was non-responsive." Dkt. No. 605 at 3 (emphasis added).

- "In light of defendants' agreement in their letter filed with the Court on 6/15/22 (Dkt #605) to remove any *improper* 'NR' redactions…" **Exhibit 2** at 1 (emphasis added).

---

[2] As the Court has previously noted, a bigger problem is that "part of the reason, … we need so much meeting and conferring is that the City is not giving definitive positions on things." 2022-02-11 Tr. 56:12-20. So too here: If Defendants had genuinely offered to remove the NR redactions, and only leave in place redactions for privilege, we obviously would not be here. And the *time* for the City to make that clear was not in some ambiguous comment in an email. The time was at the meet and confer Plaintiffs were forced to follow up for months to get, and ultimately managed to force the City to schedule on May 19. Had Defendants agreed then, they would have had well more than the five weeks they ultimately said they needed — and could have gotten this project done well before the June 30 conference.



Page 3 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Similarly, the City's position at the meet and confer— which is arguably the position that matters most, given the Court's Practices — was absolutely unambiguous:  the City believed and asserted a right to redact material it dubbed "Non-Responsive."  And contrary to the City's new suggestion, that position *was* the position Defendants took in their opposition *and* at the conference.  *See, e.g.,* Dkt. No. 605 (complaining that "Plaintiffs reject the possibility that ***defendants may redact information for the simple reason that it is 'non-responsive'*** to their adversaries' discovery requests.") (emphasis added).

Finally, Defendants' letter does not even attempt to explain context Plaintiffs had explicitly placed in front of Defendants.  Attached as **Exhibit 3** is a relevant email thread.  At the start of the thread, Plaintiffs brought to Defendants attention — in light of the Court's caution that Defendants should "only [file this opposition] if you're sure you're right because you're just going to be charged attorney's fees for doing this if you're wrong" (2022-06-30 Tr. 47:3-13) — an email, post-motion, where Defendants made clear how they viewed the issue.  Defendants did not even attempt to address this email in their letter to the Court.  So, after Defendants sent the letter, Plaintiffs highlighted much of the above in their emails, and asked Defendants to "correct the record."  Ex. 3 at 2.  Defendants refused.

As shown at some length above, Defendants absolutely did not agree to "just producing it all" as the Court Ordered.  2022-06-30 Tr. 45:3-8.  But rather than copping to that — and incurring some incidental attorneys' fees — Defendants' counsel chose to obfuscate.  The record is very clear — and Defendants have offered nothing from anyone with personal knowledge suggesting otherwise: Defendants maintained, repeatedly, that they would only remove "improper" NR redactions.  They even did so at the conference — making clear the review they intended to do, even after the Court ordered otherwise — was a review to evaluate whether the NR redactions were proper.  2022-06-30 Tr. 27:12-29:5.[3]  So, fees are appropriate here:  Defendants have not shown, as the Court directed, that they offered to remove all NR redactions.

Once again, we thank the Court for its continued time and attention.

Respectfully submitted,

/s/
_____
J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:

---

[3] The Court:  "No, no, no, stop. … Ms. Ibrahim, Ms. Ibrahim. You're not reviewing for responsiveness. Was I not clear on this?"
Ms. Ibrahim:  "It was awkward to me, Your Honor, but I understand now."

COHEN&GREEN                                                                                      Page 4 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



All relevant parties by electronic filing.

COHEN&GREEN                                                                                           Page 5 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com