

remy green <remy@femmelaw.com>

---

## RE: In re: New York City Policing During Summer 2020 Demonstrations - Amended NYPD and OTM Privilege Logs and Earlier Production

---

**remy green** <remy@femmelaw.com>    Tue, Jun 7, 2022 at 10:38 AM
To: "Weng, Jenny (Law)" <jweng@law.nyc.gov>
Cc: "Prakash, Swati" <Swati.Prakash@ag.ny.gov>, Payne Litigation Team <PayneLitigationTeam@nyclu.org>, AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>, wood <wood@kllflaw.com>, Gray Legal Team-External <graylegalteam@dwt.com>, Hernandez Team <hernandez@femmelaw.com>, "rolonlegalteam ." <rolonlegalteam@aboushi.com>, Sierra Team <sierrateam@moskovitzlaw.com>, "Sow-Legal@blhny.com" <Sow-Legal@blhny.com>, "Nelson, Genevieve (Law)" <gnelson@law.nyc.gov>, "Riordan, Shannon (LAW)" <sriordan@law.nyc.gov>, "Ibrahim, Nadine (LAW)" <nibrahim@law.nyc.gov>, "Breslow, Stephanie (Law)" <sbreslow@law.nyc.gov>, "Robinson, Amy (LAW)" <arobinso@law.nyc.gov>, "Braun, Daniel (Law)" <dbraun@law.nyc.gov>, "Hamill, Bridget (LAW)" <brhamill@law.nyc.gov>, "Carrasquillo, Glenda" <gcarrasq@law.nyc.gov>

Hi Jenny,

Do you have any idea or ability to commit on timing?  As I said, there is an impasse if we are not at an agreement to produce -- and an agreement to review falls short of that (particularly if you are still insisting we did not ask for attachments).

So, whether we're willing to wait longer depends a lot on timing.  Please provide the date this process will be complete by 12:30 p.m.

Yours,

Remy.

---

### J. Remy Green

   *Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns:  Mx.  / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

---



---

On Tue, Jun 7, 2022 at 10:19 AM Weng, Jenny (Law) <jweng@law.nyc.gov> wrote:

> Remy,
>
> As we said, we are agreeing to re-review and will get back to you.
>
> As for the 395 stand-alone (non-family-member) documents that were slip-sheeted for non-responsiveness, upon reconsideration, we believe we don't need to produce non-responsive documents so we will re-review them to see if they are indeed non-responsive and will get back to you.
>
> **From:** remy green <remy@femmelaw.com>
> **Sent:** Monday, June 6, 2022 12:30 PM
> **To:** Weng, Jenny (Law) <jweng@law.nyc.gov>
> **Cc:** Prakash, Swati <Swati.Prakash@ag.ny.gov>; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; wood <wood@kllflaw.com>; Gray Legal Team-External <graylegalteam@dwt.com>; Hernandez Team <hernandez@femmelaw.com>; rolonlegalteam . <rolonlegalteam@aboushi.com>; Sierra Team <sierrateam@moskovitzlaw.com>; Sow-Legal@blhny.com; Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Riordan, Shannon (LAW) <sriordan@law.nyc.gov>; Ibrahim, Nadine (LAW) <nibrahim@law.nyc.gov>; Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Braun, Daniel (Law) <dbraun@law.nyc.gov>; Hamill, Bridget (LAW) <brhamill@law.nyc.gov>; Carrasquillo, Glenda <gcarrasq@law.nyc.gov>
> **Subject:** [EXTERNAL] Re: In re: New York City Policing During Summer 2020 Demonstrations - Amended NYPD and OTM Privilege Logs and Earlier Production
>
> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).
>
> Jenny-
>
> As our May 27th email indicated, we are at an impasse if you are not agreeing to re-produce all the 4,777 documents withheld for non-responsiveness and all the 15,443 documents with "NR" redactions, removing such redactions.  We understand from your email that we remain at an impasse on the issue of the withheld email attachments since you are only agreeing to re-review them and not re-produce them in whole.
>
> Your email was ambiguous as to (1) whether you are agreeing to remove all "NR" redactions (since, as we've discussed, they are not "court allowed") and (2) to re-produce the 395 stand-alone (non-family-member)

documents that were slip-sheeted for non-responsiveness or simply re-review them.  Please confirm by COB today whether you are in fact agreeing to those requests.

Yours,

Remy.

_____

**J. Remy Green**

     *Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

_____



_____


On Fri, Jun 3, 2022 at 5:38 PM Weng, Jenny (Law) <jweng@law.nyc.gov> wrote:

> Remy,
>
> We are puzzled by your statement that the production specifications do not represent a "substantive or negotiated agreement."  As reflected in the attached emails, Defendants sent proposed production specifications to Plaintiffs on March 23, 2021.  After reviewing, Plaintiffs sent back a revised version with track changes on April 1, 2021.  Significantly, Plaintiffs did **not** object to or propose a modification to the section that explicitly contemplated and allowed for slipsheeting non-responsive family members.   On April 16, 2021, Plaintiffs sent an email asking if "we have an agreement about [the revised production specifications]" and Defendants responded that "[w]e agree to your modifications to the production specs."  Plaintiffs had the opportunity to object to this portion of the production specifications and chose not to do so.  And Defendants, in reliance upon the parties' agreement, have been producing in accordance with the production specifications since then.  Nonetheless, Defendants agree to re-review the family members that were slipsheeted for non-responsiveness to ensure that they are in fact non-responsive and properly slipsheeted in accordance with the parties' negotiated specifications.  To the extent any family members are actually responsive and non-privileged, Defendants will provide a supplemental production.  In addition,

Defendants will reproduce the identified standalone documents that were previously slipsheeted for non-responsiveness.

Similarly, Defendants will re-review the non-specific "NR" redactions and remove or modify same if necessary and will properly assert any privilege or court allowed redactions as appropriate.

---

**From:** remy green <remy@femmelaw.com>
**Sent:** Friday, May 27, 2022 2:07 PM
**To:** Weng, Jenny (Law) <jweng@law.nyc.gov>
**Cc:** Prakash, Swati <Swati.Prakash@ag.ny.gov>; Carrasquillo, Glenda <gcarrasq@law.nyc.gov>; Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Riordan, Shannon (LAW) <sriordan@law.nyc.gov>; Ibrahim, Nadine (LAW) <nibrahim@law.nyc.gov>; Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>; Braun, Daniel (Law) <dbraun@law.nyc.gov>; Hamill, Bridget (LAW) <brhamill@law.nyc.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Sow-Legal@blhny.com; Sierra Team <sierrateam@moskovitzlaw.com>; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; wood <wood@kllflaw.com>; Gray Legal Team-External <graylegalteam@dwt.com>; Hernandez Team <hernandez@femmelaw.com>; rolonlegalteam . <rolonlegalteam@aboushi.com>
**Subject:** [EXTERNAL] Re: [Hernandez Team] RE: In re: New York City Policing During Summer 2020 Demonstrations - Amended NYPD and OTM Privilege Logs and Earlier Production

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).

And apologies, here's the attachment.

---

**J. Remy Green**

*Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns:  Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

---

On Fri, May 27, 2022 at 1:48 PM remy green <remy@femmelaw.com> wrote:

Hi Jenny,

While we are still evaluating your responses to items 3 through 8 below, here is our response on items 1 and 2 regarding withholdings and redactions for non-responsiveness:

**Refusal to Produce Documents Incorrectly Withheld as Non-Responsive:**
First and foremost, it is inaccurate to refer to the production specifications that the Defendants provided Plaintiffs as reflecting any substantive or negotiated agreement.  We never agreed that it was appropriate for Defendants to withhold family member documents for non-responsiveness. As we stated in the meet and confer, we view all family members of responsive documents as responsive.  Our document requests specifically state, in the production specifications we provided, that every document "shall be provided with all of its attachments."  See attached at 33, incorporated in the instructions in paragraph 6.

It's also not just "non-responsive family members" that have been withheld for non-responsiveness.  Following our last meeting, we looked again at metadata in Defendants' productions and see that of the 4,777 slip sheets produced stating "Withheld for Non-Responsiveness," 395 documents are stand-alone documents that have no family member that was produced.  We have no file names or source paths for these documents so have no way of identifying why they were withheld from context.  It is a complete mystery to us why they would at some point be withheld for non-responsiveness after presumably someone had determined they were responsive enough to be included in the production in the first place – similar to the nine documents you downgraded from privileged to non-responsive in your updated privilege log and we asked to be produced in Swati's April 1st email.

For the 4,382 documents that appear from metadata to be withheld family members, as we have explained, many appear to be not just technically responsive, but relevant and important -- and dealing with this at scale on the rocket docket is just not feasible.  In addition to the examples we've already given you, attached to DEF_E_PD_00056330 is a set of documents described by saying, "Attached are intel briefs re: anarchist's tactics, techniques, and procedures (TTPs) over the course of the [George Floyd] Protests," and yet one, DEF_E_PD_00056331, is withheld as non-responsive (it appears to be titled "OfficeKilledinAmbushAttack_SantaCruz_CA.pdf").  Obviously, that's wrong.  So too with DEF-E_000003844, which says "Boxing in now" with subject "Brooklyn protest monitoring" and has two attachments, one of which is withheld entirely, DEF-E_000003846.

If you do not agree to produce all these documents within 5 business days (by 5 pm Friday June 3rd) we have an impasse and will be moving.  Thus, we ask to schedule any meet and confer you'd like to have, if you do not think we have an impasse, within that time.

**Improper Non-Responsive Redactions:**

Defendants have made extensive redactions claiming certain material is non-responsive.  In the first instance, that's just wrong:  Plaintiffs asked for documents -- and if a document meets the description in any of our requests, it is responsive.

At the meet and confer, we asked Defendants to identify the legal privilege that these redactions are based on.  *See, e.g., John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) (Gorenstein, J.) (holding that "redactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege.").  Defendants refused -- instead, improperly trying to shift the burden to Plaintiffs to identify why we needed certain information.  That's just not workable on this schedule, particularly

given the scale of the improper use of responsiveness redaction. Since Defendants have been unable to identify any "legal privilege" for these redactions, they have tacitly admitted the assertions are improper. Rather, Defendants seem to basically be asserting it's too hard to follow the rules.

In any event, we have an impasse on this if Defendants are not willing to remove these thousands of improper redactions. We need a firm answer if Defendants are going to change their position that they may make thousands of meaningful redactions justified with no legal privilege, based on the sampling process you've described, by Friday, June 3rd at 5 pm. Otherwise, here too, we have an impasse.

Yours,

Remy.

_____

**J. Remy Green**

      *Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

_____

|_____|

_____

On Mon, May 23, 2022 at 1:29 PM 'Weng, Jenny (Law)' via Hernandez Team <hernandez@femmelaw.com> wrote:

Counsel:

Further to the parties' meet and confer last week, defendants' positions are set forth below as to all issues discussed other than the index of privilege redactions previously provided to you Friday, May 20.

**NR redactions:** Defendants' electronic discovery vendor has determined that there are several thousand redactions labeled "NR" or "Not Responsive" (or other similar non-specific "NR" labels), as opposed to other redactions for non-responsiveness that indicate the nature of/reason for the redaction, such as "NR – Phone Number." These redactions are spread across several hundred documents. Defendants have pulled a random sampling of 100 documents containing these non-specific "NR" redactions" and will review the "NR" redactions in each one. We will let plaintiffs know the outcome of that re-review and if we believe any further steps are necessary.

**Documents withheld in full as NR**: Defendants will not re-produce all documents that were slipsheeted for non-responsiveness. The parties negotiated and agreed to production specifications that explicitly contemplated and allowed for slipsheeting non-responsive family members and defendants have been properly producing in accordance with those agreed-upon specifications. If plaintiffs have questions about specific slip-sheeted documents, plaintiffs should provide the Bates numbers and defendants will review those documents.

**Names of injured MOS:** Concerning the identities of officers injured in the line of duty while policing protests, if plaintiffs provide the Bates numbers of documents containing any such redactions, defendants will review those documents and remove redactions as appropriate. However, defendants do not agree to remove redactions for the names of members of the service ("MOS") whose injuries occurred during incidents *unrelated* to protests. For example, in the document identified in plaintiffs' April 1 email, the names of injured MOS were redacted because the incident described in the document did not involve a protest; instead, officers were responding to a large fight. For cases such as this, defendants do *not* agree to unredact the names of officers injured.

**Pictures of MOS:** Defendants do not agree to produce unredacted versions of official NYPD photos of MOS. That said, as to photographs of MOS in the course of duty, such as in photographs or videos of them while policing protests, if plaintiffs provide defendants with the Bates Nos. of any examples of redactions of this nature, defendants agree to make this correction.

**MOS cell phone number redactions:** The parties are at impasse regarding the redaction of MOS cell phone numbers and do not agree to unredact all such information in the production. That said, to the extent plaintiffs identify specific documents containing redactions of this nature that they contend prevent them from understanding a particular document, defendants ask that plaintiffs provide specific Bates Nos. for these documents so that we may review them.

**Confidentiality Stamp:** Defendants do not agree to re-producing documents without the confidential watermark placed diagonally across each page. However, we will lighten the watermark and reproduce the electronic documents *from the Office of the Mayor* ("OTM") with that watermark. Defendants are also reviewing the specific examples that plaintiffs indicated they cannot read with the current watermark placement and follow up with plaintiffs on this issue. If plaintiffs identify any documents other than the examples provided or those from the OTM electronic production, in which they contend the diagonal watermark prevents them

from reading or understanding a particular document, defendants ask that plaintiffs provide specific Bates Nos. for these documents so that we may review them.

**PII redactions**:  If plaintiffs provide the Bates Nos. to any documents where a PII redaction is impeding their ability to understand the document, we will agree to review and remove the redaction if appropriate.

**Inquiry regarding NYPD officers phone numbers:**  Defendants are waiting for NYPD to get back to them on the response to this inquiry.

**From:** Prakash, Swati <Swati.Prakash@ag.ny.gov>
**Sent:** Thursday, May 19, 2022 5:39 PM
**To:** Weng, Jenny (Law) <jweng@law.nyc.gov>; Carrasquillo, Glenda <gcarrasq@law.nyc.gov>; Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Riordan, Shannon (LAW) <sriordan@law.nyc.gov>; Ibrahim, Nadine (LAW) <nibrahim@law.nyc.gov>; Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>; Braun, Daniel (Law) <dbraun@law.nyc.gov>; Hamill, Bridget (LAW) <brhamill@law.nyc.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>
**Cc:** Sow-Legal@blhny.com; Sierra Team <sierrateam@moskovitzlaw.com>; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; wood <wood@kllflaw.com>; Gray Legal Team-External <graylegalteam@dwt.com>; Hernandez Team <hernandez@femmelaw.com>; rolonlegalteam . <rolonlegalteam@aboushi.com>
**Subject:** [EXTERNAL] RE: [Hernandez Team] RE: In re: New York City Policing During Summer 2020 Demonstrations - Amended NYPD and OTM Privilege Logs and Earlier Production

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).

Counselors,

Thank you for meeting this morning regarding the non-privilege redactions. Below is a summary of the agreements we reached during our meet & confer; please let me know if we've mis-stated or overlooked anything here. Thank you.

1. By tomorrow, May 20, Defendants will provide an index of every page by Bates number that contains a redaction made based on an assertion of privilege, along with the type of privilege asserted for that redaction.

2. By Monday, May 23rd at noon, Defendants will answer in writing the following questions:

    a. **Removing "NR" redactions**: Whether or not Defendants are willing to re-produce all documents with redactions for non-responsiveness with those redactions removed, and if yes, a reasonable date by which you will re-produce them.

        i.   Note that we shared the following examples in the chat: DEF_E_PD_00057868-879: Blocks of text in the confidentially-marked document "Situation Report: Intelligence and Operational Updates on Violence and Unrest in New York City" are redacted as "NR", including a paragraph under the section "Violent Protest Incidents Outside of New York" that is redacted as "NR"; DEF_E_PD_00108731: the content of an email to Kenneth Corey—the Chief of

Training and a noticed deponent—forwarding the Finest Message about a "Mandatory Executive Disorder Control Training" is entirely redacted as "NR"; *and* DEF_E_PD_00081095: Email subject "Final Weekly Briefing Booklet" with large unexplained NR redactions.

ii. We also provided this case cite: *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) (Gorenstein, J.) (holding that "redactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege.").

b. **Producing wholly withheld "NR" documents**: Whether or not Defendants are willing to re-produce documents fully withheld for non-responsiveness, as indicated by the production of a slipsheet containing the words "DOCUMENT WITHHELD FOR NON-RESPONSIVENESS" (and, to the extent they are not logs, slipsheets that read "DOCUMENT WITHHELD FOR PRIVILEGE AND NON-RESPONSIVENESS"), including but not limited to the nine documents flagged in our April 1st email (item #1), and if yes, a reasonable date by which you will re-produce them.

i. Note that we shared an example of this in the chat: DEF-E_000053278: Email between OTM staff forwarding a letter from someone outside the office, the attachment (DEF-E_000053278) appears to be the document titled "MOCJ Statement" and is wholly withheld as NR. (Note that the body of the email is wholly redacted as ACC/DP, so we have no basis for evaluating whether the document is fairly withheld as NR.]

c. **Removing "PII" redactions**: Whether or not Defendants will reproduce documents with PII redactions with those redactions removed, and if they refuse to do so, whether they will seek a modification of the protective order to allow for such redactions.

i. Example: DEF_000442492; DEF_000352041--DEF_000352051 (string of documents showing only a white box "PII" redaction).

d. **Confirming whether business phone numbers of NYPD officers are easily identifiable, i.e. if a block of phone numbers** was purchased giving all the phone numbers with the same initial digits.

e. **Confirming whether Defendants are withholding the business cell phone numbers of NYPD officers**.

f. **Removing text-obscuring "Confidentiality" watermarks**: Whether or not Defendants will agree to replace "confidential" watermarks that unreasonably obscure the text underneath. Some examples include: DEF-E_000055369; DEF-E_000055355; DEF_E_PD_00073990; DEF_E_PD_00073946. We reviewed our notes and see that Defendants' commitment was made verbally during (and toward the end of) a meet and confer on February 3, 2022, attended by Dara Weiss, Bridget Hamill, Shannon Riordan and Nadine Ibrahim from the Law Department, and Peter Callaghan from NYPD.

3. Defendants confirmed that the names of injured officers and the faces of injured officers from non-personnel file photos should not be redacted, and agreed to remove the PII redactions of faces in the example we provided, DEF_0000442492.

a. We ask that Defendants do this by next Friday, May 27.

Best,

_____

**Swati R. Prakash | Assistant Attorney General**

Civil Rights Bureau, New York State Office of the Attorney General

28 Liberty Street | New York, NY 10005

Office: (212) 416-6201 | Swati.Prakash@ag.ny.gov | www.ag.ny.gov

*Pronouns: She/her*

---

**From:** Prakash, Swati <Swati.Prakash@ag.ny.gov>
**Sent:** Thursday, May 19, 2022 9:46 AM
**To:** Weng, Jenny (Law) <jweng@law.nyc.gov>
**Cc:** Carrasquillo, Glenda <gcarrasq@law.nyc.gov>; Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Riordan, Shannon (LAW) <sriordan@law.nyc.gov>; Ibrahim, Nadine (LAW) <nibrahim@law.nyc.gov>; Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>; Braun, Daniel (Law) <dbraun@law.nyc.gov>; Hamill, Bridget (LAW) <brhamill@law.nyc.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Sow-Legal@blhny.com; Sierra Team <sierrateam@moskovitzlaw.com>; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Andrew Stoll <astoll@stollglickman.com>; wood <wood@kllflaw.com>; Gray Legal Team-External <graylegalteam@dwt.com>; Hernandez Team <hernandez@femmelaw.com>; rolonlegalteam . <rolonlegalteam@aboushi.com>
**Subject:** RE: [Hernandez Team] RE: In re: New York City Policing During Summer 2020 Demonstrations - Amended NYPD and OTM Privilege Logs and Earlier Production

Good morning: One correction to add a missing number to one of the Bates stamps listed below, and a proposed agenda here. These all draw from Plaintiffs' email of April 1st, attached here for reference.

DEF_E_PD_0000544**2**

1. "Nonresponsive" redactions
2. "Nonresponsive" withholding of entire documents
3. PII redactions
4. Redactions of names and faces of injured officers
5. Privilege redactions

Regards,

_____

**Swati R. Prakash | Assistant Attorney General**

Civil Rights Bureau, New York State Office of the Attorney General

28 Liberty Street | New York, NY 10005

Office: (212) 416-6201 | Swati.Prakash@ag.ny.gov | www.ag.ny.gov

*Pronouns: She/her*

**From:** Prakash, Swati
**Sent:** Wednesday, May 18, 2022 4:38 PM
**To:** Weng, Jenny (Law) <jweng@law.nyc.gov>
**Cc:** Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Riordan, Shannon (LAW) <sriordan@law.nyc.gov>; Ibrahim, Nadine (LAW) <nibrahim@law.nyc.gov>; Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>; Braun, Daniel (Law) <dbraun@law.nyc.gov>; Hamill, Bridget (LAW) <brhamill@law.nyc.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Sow-Legal@blhny.com; Sierra Team <sierrateam@moskovitzlaw.com>; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Andrew Stoll <astoll@stollglickman.com>; wood <wood@kllflaw.com>; Gray Legal Team-External <graylegalteam@dwt.com>; Hernandez Team <hernandez@femmelaw.com>; rolonlegalteam . <rolonlegalteam@aboushi.com>
**Subject:** RE: [Hernandez Team] RE: In re: New York City Policing During Summer 2020 Demonstrations - Amended NYPD and OTM Privilege Logs and Earlier Production

Jenny:

We construe your refusal to answer the simple question of whether or not Defendants will provide Plaintiffs with an index showing the page location and type of all privilege redactions—information solely in Defendants' possession—as a confirmation that Defendants are refusing to provide that index. Please be prepared to discuss the reason for that refusal during our meet and confer tomorrow.

As stated numerous times by me and Mx. Green in this thread, plaintiffs are providing non-exhaustive examples of inappropriately redacted documents on a rolling basis, including in advance of tomorrow's meet and confer. By way of example, additional documents similar to those cited in Plaintiffs' response letter to the Court include: DEF_000425074; DEF-E_000053866; DEF_E_PD_00005442; DEF-E_000053717; DEF-E_000050756: DEF-E_000051193; DEF_E_PD_00084605; DEF_E_PD_00084607; DEF_E_PD_00084609; DEF_E_PD_00084611; DEF_E_PD_00084613; DEF_E_PD_00084615; DEF_E_PD_00084618; DEF_E_PD_00084620.

Plaintiffs do intend to discuss the Court's May 9th order—including Defendants' refusal to provide an index of redactions—during tomorrow's meet and confer, as we originally proposed. But we will not further delay our conferral on the previously-agreed-on subject of tomorrow's meeting—the non-privilege redaction issues—by pushing those issues down the agenda. Those items have been outstanding for nearly two months and we decline to further delay their discussion, particularly if Defendants' intent is to simply march through examples of inappropriate redactions verbally. Given that Defendants refused to provide a time to meet and confer with Plaintiffs for a full week following Judge Gorenstein's May 9th order, it is hard to understand your newfound sense of urgency.

Regards,

_____

**Swati R. Prakash | Assistant Attorney General**

Civil Rights Bureau, New York State Office of the Attorney General

28 Liberty Street | New York, NY 10005

Office: (212) 416-6201 | Swati.Prakash@ag.ny.gov | www.ag.ny.gov

*Pronouns: She/her*

**From:** Weng, Jenny (Law) <jweng@law.nyc.gov>
**Sent:** Wednesday, May 18, 2022 12:30 PM
**To:** Prakash, Swati <Swati.Prakash@ag.ny.gov>; remy <remy@femmelaw.com>
**Cc:** Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Riordan, Shannon (LAW) <sriordan@law.nyc.gov>; Ibrahim, Nadine (LAW) <nibrahim@law.nyc.gov>; Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>; Braun, Daniel (Law) <dbraun@law.nyc.gov>; Hamill, Bridget (LAW) <brhamill@law.nyc.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Sow-Legal@blhny.com; Sierra Team <sierrateam@moskovitzlaw.com>; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Andrew Stoll <astoll@stollglickman.com>; wood <wood@kllflaw.com>; Gray Legal Team-External <graylegalteam@dwt.com>; Hernandez Team <hernandez@femmelaw.com>
**Subject:** RE: [Hernandez Team] RE: In re: New York City Policing During Summer 2020 Demonstrations - Amended NYPD and OTM Privilege Logs and Earlier Production

Swati:

The May 9, 2022 Order says that "plaintiffs' letter suggests there are instances where the categories of information required by Local Civil Rule 26.2 cannot be discerned from the context of non-redacted material in a document…" We trust that plaintiffs had specific instances in mind before making the representation to the Court, so we are asking for Bates Nos of those instances in advance of the meet and confer. Moreover, seeing that the Court ordered the parties to immediately confer about that matter, we should begin tomorrow's meet and confer on that issue.

**From:** Prakash, Swati <Swati.Prakash@ag.ny.gov>
**Sent:** Tuesday, May 17, 2022 11:48 AM
**To:** remy <remy@femmelaw.com>; Weng, Jenny (Law) <jweng@law.nyc.gov>
**Cc:** Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Riordan, Shannon (LAW) <sriordan@law.nyc.gov>; Ibrahim, Nadine (LAW) <nibrahim@law.nyc.gov>; Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>; Braun, Daniel (Law) <dbraun@law.nyc.gov>; Hamill, Bridget (LAW) <brhamill@law.nyc.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Sow-Legal@blhny.com; Sierra Team <sierrateam@moskovitzlaw.com>; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Andrew Stoll <astoll@stollglickman.com>; wood <wood@kllflaw.com>; Gray Legal Team-External <graylegalteam@dwt.com>; Hernandez Team <hernandez@femmelaw.com>
**Subject:** [EXTERNAL] RE: [Hernandez Team] RE: In re: New York City Policing During Summer 2020 Demonstrations - Amended NYPD and OTM Privilege Logs and Earlier Production

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).

Jenny:

Please confirm whether Defendants are refusing to provide Plaintiffs with an index of every page (by Bates number) that contains privilege redactions, along with an identification of the privilege type for that redaction, as we requested (twice) last week. If Defendants are refusing to provide Plaintiffs with that index—information solely within their possession and easily producible through your document review platform—then we can make that refusal the subject of the meet and confer on this issue. Plaintiffs will send specific Bates numbers in advance of that meet and confer, again with the caveat that this list will not be exhaustive.

As noted in the parallel email thread on the subject of non-privileged redactions (attached here), Plaintiffs confirm 10 am on Thursday to meet and confer on that topic. We can plan to address the May 9 court order (re privilege redactions) toward the end of that conferral.

Regards,

_____

**Swati R. Prakash | Assistant Attorney General**

Civil Rights Bureau, New York State Office of the Attorney General

28 Liberty Street | New York, NY 10005

Office: (212) 416-6201 | Swati.Prakash@ag.ny.gov | www.ag.ny.gov

*Pronouns: She/her*

---

**From:** remy green <remy@femmelaw.com>
**Sent:** Monday, May 16, 2022 6:57 PM
**To:** Weng, Jenny (Law) <jweng@law.nyc.gov>
**Cc:** Prakash, Swati <Swati.Prakash@ag.ny.gov>; Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Riordan, Shannon (LAW) <sriordan@law.nyc.gov>; Ibrahim, Nadine (LAW) <nibrahim@law.nyc.gov>; Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>; Braun, Daniel (Law) <dbraun@law.nyc.gov>; Hamill, Bridget (LAW) <brhamill@law.nyc.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Sow-Legal@blhny.com; Sierra Team <sierrateam@moskovitzlaw.com>; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Andrew Stoll <astoll@stollglickman.com>; wood <wood@kllflaw.com>; Gray Legal Team-External <graylegalteam@dwt.com>; Hernandez Team <hernandez@femmelaw.com>
**Subject:** Re: [Hernandez Team] RE: In re: New York City Policing During Summer 2020 Demonstrations - Amended NYPD and OTM Privilege Logs and Earlier Production

Jenny,

We flagged systemic issues in how Defendants redacted documents. We are reviewing the redactions in whole right now, and intend to provide Bates ranges on a rolling basis, as we already explained to you.

The fact that Defendants have been utterly unwilling to take steps that would only require the push of a button to help make sure we're talking about the same documents is extremely frustrating, but there

is nothing we are *refusing* to do.  And given how late Defendants have been on everything in this case, your feigned urgency is not well taken.

Finally, your email totally fails to address the main subject we've been seeking to meet on for more than a month now:  Defendants' improper *non*-privilege redactions and their apparent refusal to discuss the topic.  Regardless of where we are in discussing privilege redactions, we need to meet on that immediately.

Yours,

Remy.

_____

**J. Remy Green**

     *Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns:  Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

_____


       | _____ |


_____

On Mon, May 16, 2022 at 5:17 PM 'Weng, Jenny (Law)' via Hernandez Team <hernandez@femmelaw.com> wrote:

> Swati:

We have been asking for the Bates Stamp Nos. that are the subject of the Court's May 9th Order for the parties to confer immediately about, please advise if plaintiffs are refusing to do so by 7pm tonight.

If you are providing them, please do so by noon tomorrow so that we can try to prepare for the meet and confer.

Of your proposed times below, we are available to confer on Thurs. May 19 at 10am.

---

**From:** Prakash, Swati <Swati.Prakash@ag.ny.gov>
**Sent:** Monday, May 16, 2022 1:26 PM
**To:** Weng, Jenny (Law) <jweng@law.nyc.gov>; Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Riordan, Shannon (LAW) <sriordan@law.nyc.gov>; Ibrahim, Nadine (LAW) <nibrahim@law.nyc.gov>; Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>; Braun, Daniel (Law) <dbraun@law.nyc.gov>; Hamill, Bridget (LAW) <brhamill@law.nyc.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>
**Cc:** 'Sow-Legal@blhny.com' <Sow-Legal@blhny.com>; 'Sierra Team' <sierrateam@moskovitzlaw.com>; 'Payne Litigation Team' <PayneLitigationTeam@nyclu.org>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Andrew Stoll <astoll@stollglickman.com>; 'wood' <wood@kllflaw.com>; 'Gray Legal Team-External' <graylegalteam@dwt.com>; 'Hernandez Team' <hernandez@femmelaw.com>
**Subject:** [EXTERNAL] RE: In re: New York City Policing During Summer 2020 Demonstrations - Amended NYPD and OTM Privilege Logs and Earlier Production

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).

Jenny:

Plaintiffs are available to meet and confer on:

- Wed. May 18 at 3:30, or
- Thu. May 19 at 10 am.

Regards,

——————————————————————————

**Swati R. Prakash | Assistant Attorney General**

Civil Rights Bureau, New York State Office of the Attorney General

28 Liberty Street | New York, NY 10005

Office: (212) 416-6201 | Swati.Prakash@ag.ny.gov | www.ag.ny.gov

*Pronouns: She/her*

---

**From:** Weng, Jenny (Law) <jweng@law.nyc.gov>
**Sent:** Thursday, May 12, 2022 6:42 PM

**To:** Prakash, Swati <Swati.Prakash@ag.ny.gov>; Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Riordan, Shannon (LAW) <sriordan@law.nyc.gov>; Ibrahim, Nadine (LAW) <nibrahim@law.nyc.gov>; Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>; Braun, Daniel (Law) <dbraun@law.nyc.gov>; Hamill, Bridget (LAW) <brhamill@law.nyc.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>
**Cc:** 'Sow-Legal@blhny.com' <Sow-Legal@blhny.com>; 'Sierra Team' <sierrateam@moskovitzlaw.com>; 'Payne Litigation Team' <PayneLitigationTeam@nyclu.org>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Andrew Stoll <astoll@stollglickman.com>; 'wood' <wood@kllflaw.com>; 'Gray Legal Team-External' <graylegalteam@dwt.com>; 'Hernandez Team' <hernandez@femmelaw.com>
**Subject:** RE: In re: New York City Policing During Summer 2020 Demonstrations - Amended NYPD and OTM Privilege Logs and Earlier Production

Swati,

We are available to meet and confer Weds May 18th after 3pm; Thurs May 19th 10am-11am, and 3:30pm-5pm.  Let us know if any of those proposed times work for you.

---

**From:** Prakash, Swati <Swati.Prakash@ag.ny.gov>
**Sent:** Wednesday, May 11, 2022 6:06 PM
**To:** Weiss, Dara (Law) <daweiss@law.nyc.gov>; Weng, Jenny (Law) <jweng@law.nyc.gov>; Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Riordan, Shannon (LAW) <sriordan@law.nyc.gov>; Ibrahim, Nadine (LAW) <nibrahim@law.nyc.gov>; Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>; Braun, Daniel (Law) <dbraun@law.nyc.gov>; Hamill, Bridget (LAW) <brhamill@law.nyc.gov>; Vecchiarelli, Giancarlo (LAW) <GVecchi@law.nyc.gov>
**Cc:** 'Sow-Legal@blhny.com' <Sow-Legal@blhny.com>; 'Sierra Team' <sierrateam@moskovitzlaw.com>; 'Payne Litigation Team' <PayneLitigationTeam@nyclu.org>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Andrew Stoll <astoll@stollglickman.com>; 'wood' <wood@kllflaw.com>; 'Gray Legal Team-External' <graylegalteam@dwt.com>; 'Hernandez Team' <hernandez@femmelaw.com>
**Subject:** [EXTERNAL] RE: In re: New York City Policing During Summer 2020 Demonstrations - Amended NYPD and OTM Privilege Logs and Earlier Production

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).

Counsel:

It has been more than one month since my email of April 1st (attached, and below) addressing—in addition to Defendants' failure to log privilege redactions—Defendants' legally groundless redaction and withholding of information on grounds other than privilege. Defendants never responded.  **I am copying items 1-4 of that email below**, with one small addendum. **Please confirm—by the end of the day tomorrow—that Defendants will unredact and re-produce each set of inappropriately redacted materials.** If Defendants will not remove these nonprivilege redactions, then please identify—also by the end of the day tomorrow-some windows of time within the next 7 days that you are able to meet and confer on these issues. Defendants have been sitting on this request for nearly six weeks and should be able to provide a prompt response by now.

Excerpt from 4/1/22 email:

1. **Inappropriate withholding for "nonresponsive"** –Following Plaintiffs' challenge to Defendants' privilege assertions, Defendants withdrew those assertion as to nine documents which relate to NYPD's "CompStat" or to Weekly Deployments, but are now claiming that those documents are not responsive and therefore will not be produced. This sequence of events is troubling given Defendants' own prior determination of relevance. Indeed, the email subject lines and file names strongly suggest that they are relevant to this litigation. These documents are identified by the following control numbers or Bates numbers in the Defendants' revised NYPD privilege log: DMNL00251_000225146, DMNL00251_000225211, DMNL00251_000253526, DEF_E_PD_00026869, DEF_E_PD_00026870, DEF_E_PD_00027259, DEF_E_PD_00027280, DEF_E_PD_00056203, DEF_E_PD_00056204.

Please confirm that Defendants will produce these documents [].

2. Relatedly, it appears (from production metadata) that Defendants have redacted material on "Relevance" or "Nonresponsive" grounds in at least 7,454 documents. There is no basis for redacting material on relevance grounds. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) (Gorenstein, J.) (holding that "redactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege."). *See also* Transcript of October 19, 2021 teleconference with Judge Gorenstein at 29:3-7 ("[T]here certainly shouldn't be redactions except for some, you know, privilege or for some personal privacy thing. I can't see any other reason why there'd be a redaction."). In many cases, Defendants' relevance redactions are grossly over-inclusive, such as in the following examples:

    a. DEF_E_PD_00108731: the content of an email to Kenneth Corey—the Chief of Training and a noticed deponent—forwarding the Finest Message about a "Mandatory Executive Disorder Control Training" is entirely redacted as "NR".

    b. DEF_E_PD_00057868-879: Blocks of text in the confidentially-marked document "Situation Report: Intelligence and Operational Updates on Violence and Unrest in New York City" are redacted as "NR", including a paragraph under the section "Violent Protest Incidents Outside of New York" that is redacted as "NR".

Please confirm that Defendants will re-produce unredacted versions of all documents that currently have relevance redactions, without those redactions [].

3. **Inappropriate withholding of names of injured officers:** Defendants have redacted the name of officers injured in the line of duty in several case, with white boxes labeled "PII" or in at least one case, "MOS Injury." *See, e.g.*, DEF_E_PD_00104299. There are no grounds for withholding the names of these officers. Please confirm that Defendants will re-produce all documents that have any redactions of the names or any other identifying information for any injured officers or any other individuals, as there is no basis for withholding this information [].

4. **Inappropriate redaction of contact information subject to the protective order**: Defendants' redactions of personal phone numbers and email addresses are inappropriate in light of the Protective Order in place in this litigation, which provides that "Confidential Materials" include "personal information" such as "non-business phone numbers, or personal e-mail addresses." Dkt. 115, ¶ 2.  The appropriate mechanism for protecting this information is the application of a confidentiality stamp to the document in question, not a white box redaction. As discussed during our meet and confer of March 1, 2022, Defendants' use of auto-redactions has resulted in over-redaction of material, such as DEF_E_PD_00057707, wherein the email address of the managing director of Freeh Group International Solutions, LLC is redacted twice with a white box stating "NR - Non Agency Email."  If Defendants do not believe the Protective Order is sufficiently protective of its

interests, they should seek a modification directly from the Court. Otherwise, <u>please confirm that Defendants will re-produce unredacted versions of all documents that contain a "PII" or "nonresponsive" redaction of phone numbers and/or email addresses[]</u>.

       a. *5/11/22 Addendum – Defendants' use of auto-redactions also results in the entire groundless redaction of other sequences of numbers, see e.g. DEF_E_PD00097903.*

_____

**Swati R. Prakash | Assistant Attorney General**

Civil Rights Bureau, New York State Office of the Attorney General

28 Liberty Street | New York, NY 10005

Office: (212) 416-6201 | Swati.Prakash@ag.ny.gov | www.ag.ny.gov

*Pronouns: She/her*

---

**From:** Weiss, Dara (Law) <daweiss@law.nyc.gov>
**Sent:** Wednesday, April 6, 2022 11:16 AM
**To:** Prakash, Swati <Swati.Prakash@ag.ny.gov>; Weng, Jenny (Law) <jweng@law.nyc.gov>; Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Riordan, Shannon (LAW) <sriordan@law.nyc.gov>; Ibrahim, Nadine (LAW) <nibrahim@law.nyc.gov>; Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>; Braun, Daniel (Law) <dbraun@law.nyc.gov>; Hamill, Bridget (LAW) <brhamill@law.nyc.gov>; Vecchiarelli, Giancarlo (LAW) <GVecchi@law.nyc.gov>
**Cc:** 'Sow-Legal@blhny.com' <Sow-Legal@blhny.com>; 'Sierra Team' <sierrateam@moskovitzlaw.com>; 'Payne Litigation Team' <PayneLitigationTeam@nyclu.org>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Andrew Stoll <astoll@stollglickman.com>; 'wood' <wood@kllflaw.com>; 'Gray Legal Team-External' <graylegalteam@dwt.com>; 'Hernandez Team' <hernandez@femmelaw.com>
**Subject:** RE: In re: New York City Policing During Summer 2020 Demonstrations - Amended NYPD and OTM Privilege Logs and Earlier Production

Hi Swati,

Jenny is out sick today, but she asked me to let you know that she and her team are still reviewing your comments below and the associated documents to determine whether they are in agreement. Someone will get back to you shortly, but it will not be by the end of the day today.

Best,

Dara

---

**From:** Prakash, Swati <Swati.Prakash@ag.ny.gov>
**Sent:** Friday, April 1, 2022 3:10 PM
**To:** Weng, Jenny (Law) <jweng@law.nyc.gov>; Weiss, Dara (Law) <daweiss@law.nyc.gov>; Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Riordan, Shannon (LAW) <sriordan@law.nyc.gov>; Ibrahim, Nadine (LAW) <nibrahim@law.nyc.gov>; Breslow, Stephanie (Law) <sbreslow@law.nyc.gov>; Braun, Daniel (Law) <dbraun@law.nyc.gov>; Hamill, Bridget (LAW) <brhamill@law.nyc.gov>; Vecchiarelli, Giancarlo (LAW) <GVecchi@law.nyc.gov>
**Cc:** '<a href="mailto:Sow-Legal@blhny.com" target="_bl