# THE ABOUSHI LAW FIRM, PLLC

**1441 Broadway Fifth Floor**
**New York, NY 10018**
**Telephone: (212) 391-8500**
**Facsimile: (212) 391-8508**
**www.Aboushi.com**

July 12, 2022

**BY ECF**

Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    In re: New York City Policing During Summer 2020 Demonstrations
              Docket No. 20- CV-8924 (CM) (GWG);

              This letter relates to:
              Rolon v. City of New York, 21-cv-02548 (CM) (GWG);
              Hernandez v. City of New York, 21-cv-07406 (CM) (GWG); and
              Gray v. City of New York, 21-cv-6610 (CM)(GWG).

Dear Judge Gorenstein,

      I represent Plaintiffs in the *Rolon* matter and write jointly with counsel for Plaintiffs in the *Gray* and *Hernandez*[1] matters pursuant to Part II(A) of your Individual Practices. We write in response the Police Benevolent Association's ("PBA") motion requesting a conference with the Court to clarify production obligations and resolve discovery disputes.

      Rule 34(a) of the Federal Rules of Civil Procedure, in relevant part, provides that a party may serve on any other party a request within the scope of Rule 26(b). Here, the PBA has not intervened in the *Gray*, *Rolon* and *Hernandez* matters and is therefore not a party within the meaning of Rule 34 and is not entitled to any discovery therefrom. "[I]ntervention is the requisite method for a nonparty to become a party to a lawsuit." *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933, 129 S.Ct. 2230, 173 L.Ed.2d 1255 (2009) (citing *Marino v. Ortiz*, 484 U.S. 301, 304, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988) (per curiam)). Therefore, the PBA's request for a conference to discuss discovery disputes should be denied as premature.

      Furthermore, during a meet-and-confer held with the PBA on May 24, 2022, Plaintiffs' counsel by way of Doug Lieb, counsel for *Wood v. City of New York et al., 20-cv-08924*, stated

---

[1] The *Hernandez* Plaintiffs received a Rule 68 offer of judgment from the Defendants in their case, and are currently considering it — and acceptance thereof would moot this motion as to them.

1

that the Court's May 19, 2022 order requiring the "parties" to produce discovery to the PBA did not apply to parties in cases in which the PBA was not a party. Counsel for the PBA agreed. Mr. Lieb reiterated the PBA's position and asked whether or not their position had changed. <u>See</u> Ex. A. That is, everyone understood that because the PBA was not a party to the non-intervened cases, the plaintiffs in those cases had no obligations to turn over anything.

The PBA does not dispute that. In fact, in an email dated June 13, 2022, Thomas Kissane stated "[PBA counsel] Judge [Robert] Smith has asked me to advise that he doesn't dispute the statement Mr. Lieb has cited below, and is not reneging on any agreement." <u>See</u> Ex. B. But Mr. Kissane then attempted to rewrite that agreement as being conditioned on the intervened-in cases not using discovery from the non-intervened-in cases that do not seek declaratory or injunctive relief. <u>Id</u>. And that if they did, then the PBA would be entitled to that specific production of discovery. <u>Id</u>. But this makes little sense (and was not agreed upon). First, the non-intervened-in parties have no authority to make promises about what evidence the intervened-in parties will or will not use in their cases. Second, the confidentiality stipulation (Dkt. No. 620), in part, sought to maintain the confidentiality of medical and mental health records produced by the non-intervened-in Plaintiff cases to the Defendant-City, which the City anticipated would be turned over to the PBA by virtue of the court's May 19th order. That issue was separate and apart from whether or not the matters the PBA had not sought intervention in were obligated to produce discovery to the PBA. As the PBA has already agreed, it is not entitled to discovery from the non-intervened-in cases.

We thank Your Honor for your time and attention to this matter.

Respectfully,

_____/s/_____
Tahanie A. Aboushi

cc: All counsel of record via ECF

2