## Re: M&C Deposition Scheduling and Protocol and related matters

| | |
|---|---|
| From: | Doug Lieb (dlieb@kllflaw.com) |
| To: | tkissane@schlamstone.com |
| Cc: | africk@kllflaw.com; arobinso@law.nyc.gov; paynelitigationteam@nyclu.org; sow-legal@blhny.com; sierrateam@moskovitzlaw.com; wood@kllflaw.com; rolonlegalteam@aboushi.com; graylegalteam@dwt.com; ag.nypdlitigation@ag.ny.gov; hernandez@femmelaw.com; gnelson@law.nyc.gov; jweng@law.nyc.gov; robert.smith@rssmithlaw.com |
| Date: | Tuesday, June 7, 2022, 11:39 AM EDT |

Thomas,

I am Plaintiff's counsel in Wood. During the meet-and-confer on May 24, I stated my view that the Court's order requiring the "parties" to produce discovery to the PBA did not apply to parties in cases in which the PBA was not a party. Robert Smith stated unambiguously that he agreed. "As far as I am concerned, you don't exist," he said to me. I responded, "I think I'll take that as a compliment." My detailed contemporaneous notes of our meeting reflect this exchange.

In light of the parties' agreement on May 24 that the Court's production order did not apply to Mr. Wood and other similarly situated plaintiffs, I am confused if not disturbed by point 3(b) in your email below. Do you intend to renege on this agreement?

Best regards,
Doug

> On Mon, Jun 6, 2022 at 8:40 PM Thomas A. Kissane <TKissane@schlamstone.com> wrote:
>
> We write further to various open issues addressed in our recent correspondence.
>
> As I'm using "reply all" to the June 2 email below from Ali Frick, I ask if she could confirm that all counsel, including counsel for *Minett*, are included in this email group.
>
> 1. **Attendance/questioning at depositions.**
>
>     a. Ali Frick's email of June 2 refers to materials required to be produced 2 days in advance of depositions. For clarity, I ask if she would confirm the docket number of that order, and the materials she understands it requires be so provided.
>
>     b. Ms. Frick has proposed that, in addition to the foregoing production, "No less than 48 hours before the deposition, Plaintiffs will provide a non-exclusive list of topics and exhibits they intend to cover/use during the deposition, with the understanding that Plaintiffs reserve the right to cover additional topics and use additional exhibits."

> We understand that these protocols are subject to discussion at the meet and confer scheduled for tomorrow. As part of those discussions and depending on the final parameters of the pre-deposition exchange, we can discuss the parameters of PBA's questioning as well as when/if it will provide notice with respect thereto.  The PBA reserves the right to attend all noticed depositions and expects to be included on all correspondence regarding depositions.

2. **Confidentiality.**

> To the extent plaintiffs want to deviate from the existing Confidentiality Order, we've told you that, while we do not believe a stipulation is necessary to bind the PBA to the Order, we would consider any draft stipulation you might send.  We will respond further after we have had time to review and consult regarding the draft stipulation we received from Corey Stoughton this evening.

3. **Cases in which PBA has not intervened.**

   a. Because *Minett v. City of New York, et al.* (1:21-cv-08161), *Hernandez et al. v. City of New York, et al.* (1:21-cv-07406), and *Gray et al. v. City of New York, et al.* (1:21-cv-06610) all seek declaratory/injunctive relief, they fall squarely within the Second Circuit's decision allowing the PBA to intervene.  We therefore plan to draft and circulate a stipulation for all counsel to those actions consenting to the PBA's intervention.  I ask that counsel in those actions confirm their agreement, or let me know if this requires discussion.

   b. The May 19 Order directs the "Parties", without limitation, to produce discovery, and discovery has been consolidated across the Consolidated Actions. Regarding production of discovery from the cases in which the PBA has not intervened, we await Corey Stoughton's response per her email of June 1.

Thomas A. Kissane

Schlam Stone & Dolan LLP

26 Broadway

New York, NY 10004

Main:  212 344-5400

Direct: 212 612-1213

Cell: 917 921-4019

tkissane@schlamstone.com

**SCHLAM STONE & DOLAN LLP**

This e-mail, including all attachments, is for the use of the intended recipients only. It may contain legally privileged or confidential information. If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

**From:** Ali Frick <africk@kllflaw.com>
**Sent:** Thursday, June 2, 2022 4:07 PM
**To:** Robinson, Amy (LAW) <arobinso@law.nyc.gov>
**Cc:** Payne Litigation Team <PayneLitigationTeam@nyclu.org>; Sow-Legal <Sow-Legal@blhny.com>; Sierra Team <SierraTeam@moskovitzlaw.com>; Wood <wood@kllflaw.com>; rolonlegalteam@aboushi.com; GrayLegalTeam@dwt.com; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Hernandez Team <hernandez@femmelaw.com>; Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Weng, Jenny (Law) <jweng@law.nyc.gov>; Thomas A. Kissane <TKissane@schlamstone.com>; robert.smith@rssmithlaw.com; Richard H. Dolan <rdolan@schlamstone.com>
**Subject:** Re: M&C Deposition Scheduling and Protocol

Amy, we can do 2-4 on Tuesday, June 7. Meeting information pasted below. I have included attorneys for the PBA on this email as well.

M&C re Remaining Depositions

Tuesday, June 7 · 2:00 – 4:00pm

Google Meet joining info

Video call link: https://meet.google.com/nao-gxic-gfr

Or dial: (US) +1 443-499-6098 PIN: 475 420 412#

More phone numbers: https://tel.meet/nao-gxic-gfr?pin=4617221001682

So that everyone is on the same page, I am re-pasting the proposal we went yesterday about the exchange of information prior to depositions, one of the two topics we will plan to discuss on Tuesday (the second being the deposition schedule).

Thanks,

Ali

---

There are two broad areas we will need to discuss during today's meet and confer on depositions: first, the exchange of information before depositions, and second, the deposition schedule. Plaintiffs wanted to send our proposal on that first topic now, in advance of the meeting, so that all parties could consider it beforehand.

**For high-level deponents (lieutenants and above)**
In addition to what is already required to be provided 2 business days prior to the deposition:

(1) Immediately upon scheduling the deposition, the City will provide a list of all protests from Schedule A at which the deponent was present *or* substantially involved in the planning or response (including investigation). We ask that the deponent consult their calendar (and not just their memory) in identifying these protests.

(2) No less than 1 week in advance of the deposition, the City will provide (i) the deponent's calendars from May 25-July 25, plus all calendar entries reflecting involvement in any protests outside of that time range; (ii) all text messages sent by or to the deponent's NYPD-issued phone from May 25-July 25, plus dates of any other protests the deponent attended or was substantially involved in the planning or response; and (iii) all IAB and CCRB documents in which the deponent was a subject or witness, including audio of any IAB/CCRB interviews of the deponent.

(3) No less than 48 hours before the deposition, Plaintiffs will provide a non-exclusive list of topics and exhibits they intend to cover/use during the deposition, with the understanding that Plaintiffs reserve the right to cover additional topics and use additional exhibits.

**For lower-level deponents (generally, below lieutenant)**
The prior court order (requiring the production of documents two business days in advance) remains in place. If a Lieutenant has BWC footage of a protest, it should also be produced at that time.

We note that, by now, all of these documents should have been produced long ago. Also, given the addition of new consolidated cases, we'll be updating Schedule A and will send that to you shortly.

Ali Frick

**Kaufman Lieb Lebowitz & Frick**
attorneys at law

*she/her*

**Please note our new address:**

18 E. 48th Street, Suite 802

New York, NY 10017

T: (212) 660-2332 Ext. 5

E: africk@kllf-law.com

www.kllf-law.com

This electronic message transmission contains information that may be confidential or privileged. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately.

--
**\*Note our new mailing address\***

**Doug Lieb** (he/him)
Kaufman Lieb Lebowitz & Frick LLP
dlieb@kllf-law.com
www.kllf-law.com
212.660.2332
18 E. 48th St., Suite 802
New York, NY 10017