M&C Deposition Scheduling and Protocol and related matters/Sierra proposed stipulation to dismiss request for declaratory relief

From: Thomas A. Kissane (tkissane@schlamstone.com)

To: dlieb@kllflaw.com; mikespieg@aol.com

Cc: africk@kllflaw.com; arobinso@law.nyc.gov; paynelitigationteam@nyclu.org; sow-legal@blhny.com; sierrateam@moskovitzlaw.com; wood@kllflaw.com; rolonlegalteam@aboushi.com; graylegalteam@dwt.com; ag.nypdlitigation@ag.ny.gov; hernandez@femmelaw.com; gnelson@law.nyc.gov; jweng@law.nyc.gov; osiddiqi@law.nyc.gov; smcquade@pittalaw.com; aquinn@quinnlawny.com; sierrateam@moskovitzlaw.com; robert.smith@rssmithlaw.com; ali@schlamstone.com; tkissane@schlamstone.com

Date: Monday, June 13, 2022, 02:31 PM EDT

I write in response Douglas Lieb's email below, which was sent shortly before the June 7 meet-and-confer, and to today's email from counsel to *Sierra* pasted in at bottom.

While Judge Smith was not able to join the June 7 meet-and-confer, I have informed him that it was agreed that the subject of the PBA's access to discovery produced by the plaintiffs in the matters, like *Wood*, where the PBA has not intervened would be addressed in a separate call.

I propose that we set up that call, amongst all counsel (including the SBA/DEA, who have recently intervened, and the *Sierra* counsel, whose matter will be in a posture similar to yours if they proceed with their announced intention of dropping their claims for injunctive/declaratory relief).

Judge Smith has asked me to advise that he doesn't dispute the statement Mr. Lieb has cited below, and is not reneging on any agreement. There were two pieces of important context to his statement. First, his request that the parties to the actions in which the PBA has intervened agree that they will not use discovery from plaintiffs in the cases that do not seek declaratory or injunctive relief (such as *Wood*) in seeking declaratory or injunctive relief. Second, our understanding that, failing such agreement, the PBA would be able to get the discovery that the *Wood* plaintiffs would be excused from producing from the parties to the actions in which the PBA has intervened, to the extent they are otherwise producible. Both of those points, which may dispose of this issue, remain unresolved. Specifically, counsel for plaintiffs in at least *Gray* (one of the matters where the PBA has not intervened), as well as counsel for the *Sierra* plaintiffs, have directed the parties in the actions where the PBA has intervened not to provide their discovery to the PBA. We do not believe the parties in the actions where the PBA has intervened can follow that direction without amendment to the 5/19 Order, and the PBA reserves all rights in that regard.

In order to determine whether we can bring these matters to resolution without court intervention, I ask that:

> 1) all counsel advise of their availability for a call to resolve the issue of whether the parties to the actions in which the PBA has intervened will produce to the PBA the discovery the *Wood* plaintiffs, and any other similarly situated, do not produce to it.
>
> PBA counsel is available anytime this week after today (6/13) except Wednesday, 6/15, or after 11 am on Thursday 6/16. Tomorrow (Tuesday, 6/14) would be best.
>
> 2) As to the 6/13 email from counsel for *Sierra*, we object to the exclusion of the PBA from prior discussions, and will consider the request regarding the stipulation sent in connection with resolution of the issue identified above at Point 1.

Thomas A. Kissane

Schlam Stone & Dolan LLP

26 Broadway

New York, NY 10004

Main:  212 344-5400

Direct: 212 612-1213

Cell: 917 921-4019

tkissane@schlamstone.com

**SCHLAM STONE & DOLAN LLP**

This e-mail, including all attachments, is for the use of the intended recipients only.  It may contain legally privileged or confidential information.  If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.


**From:** Doug Lieb <dlieb@kllflaw.com>
**Sent:** Tuesday, June 7, 2022 11:40 AM
**To:** Thomas A. Kissane <TKissane@schlamstone.com>
**Cc:** Ali Frick <africk@kllflaw.com>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; Sow-Legal <Sow-Legal@blhny.com>; Sierra Team <sierrateam@moskovitzlaw.com>; Wood <wood@kllflaw.com>; rolonlegalteam@aboushi.com; Gray Legal Team-External <GrayLegalTeam@dwt.com>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Hernandez Team <hernandez@femmelaw.com>; Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Weng, Jenny (Law) <jweng@law.nyc.gov>; Robert Smith <robert.smith@rssmithlaw.com>
**Subject:** Re: M&C Deposition Scheduling and Protocol and related matters


Thomas,


I am Plaintiff's counsel in <u>Wood</u>. During the meet-and-confer on May 24, I stated my view that the Court's order requiring the "parties" to produce discovery to the PBA did not apply to parties in cases in which the PBA was not a party. Robert Smith stated unambiguously that he agreed. "As far as I am concerned, you don't exist," he said to me. I responded, "I think I'll take that as a compliment." My detailed contemporaneous notes of our meeting reflect this exchange.


In light of the parties' agreement on May 24 that the Court's production order did not apply to Mr. Wood and other similarly situated plaintiffs, I am confused if not disturbed by point 3(b) in your email below. Do you intend to renege on this agreement?


Best regards,

Doug