

| | THE CITY OF NEW YORK | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **NADINE IBRAHIM**<br>*Senior Counsel*<br>nibrahim@law.nyc.gov<br>Phone: (212) 356-5037<br>Fax: (212) 356-1148 |

**By ECF**                                                                                              July 13, 2022
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re:  *New York City Policing During Summer 2020 Demonstrations*,
             No. 20 Civ. 8924 (CM) (GWG)
             This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. Defendants write briefly to address what continues to be a clear misunderstanding between the parties as to what Defendants agreed to do prior to the June 30, 2022 Court Conference (the "June 30th Conference").

      In Plaintiffs' July 11th Reply, they reference "Defendants' misleading claim that they offered to un-redact everything they had previously redacted as 'NR.'" (Dkt. No. 647 at 1). This statement clearly demonstrates that Plaintiffs misunderstand both what Defendants agreed to do and what the Court Ordered at the June 30th Conference. Defendants agreed to re-review generic NR redacted material and remove the redactions unless there was a court-approved reason to keep the redaction. And that is what the Court allowed Defendants to do at the Conference.

      Compounding this misunderstanding is Plaintiffs' inaccurately quoted language from Defendants' June 3rd email response agreeing to re-review both NR slipsheeted documents and generic NR redacted documents. In Plaintiffs' Reply, they quote Defendants as follows:

> Defendants agree to re-review the family members that were slipsheeted for non-responsiveness to ensure ***they are in fact non-responsive*** and properly slipsheeted in accordance with the parties' negotiated specifications . . . ***Similarly***, Defendants will re-review the non-specific "NR" redactions and remove or modify same ***if necessary***.

(Dkt. No. 647 at 1 (emphasis in original)). This selective manner of quotation is problematic for a few reasons. First, it makes it appear that Defendants were offering to conduct the same type of re-review for slipsheeted documents as they were offering to conduct for generic NR redacted documents. Second, by failing to use an ellipsis after "if necessary," Plaintiffs make it appear that is where the sentence ended, when in fact it continued and included critical details on what Defendants were agreeing to do. The complete text of Defendants' offer is below:

> Nonetheless, Defendants agree to re-review the family members that were slipsheeted for non-responsiveness to ensure that they are in fact non-responsive and properly slipsheeted in accordance with the parties' negotiated specifications. To the extent any family members are actually responsive and non-privileged, Defendants will provide a supplemental production. In addition, defendants will reproduce the identified standalone documents that were previously slipsheeted for non-responsiveness.
>
> Similarly, Defendants will re-review the non-specific "NR" redactions and remove or modify the same if necessary ***and will properly assert any privilege or court allowed redactions as appropriate***.

(Dkt. No. 647, Ex. 1 at 3-4 (emphasis added)).

Plaintiffs appear to read the "[s]imilarly" language at the beginning of the second paragraph as conveying that Defendants would conduct a *responsiveness* re-review of the generic NR redactions just like the responsiveness re-review that Defendants offered to conduct for the NR slipsheets. That is not what Defendants intended to offer for the NR redactions, it is not what we have actually been doing, nor, we submit, what the full text of Defendants' email actually conveys. The "similarly" language was only intended to convey that Defendants would also re-review the generic NR redactions, not that the criteria for re-review would be the same as what Defendants were offering for the slipsheeted documents. Rather, the remainder of the sentence describes that upon re-review, Defendants would either remove the generic NR redactions and thus turn over that material, or if the material was privileged or should otherwise be redacted for a court-approved reason, we would modify the redaction accordingly.

Further, while Plaintiffs did seek clarification from Defendants as to whether they were agreeing to "***remove all 'NR' redactions***," (*Id.* at 2 (emphasis added)), Plaintiffs were at the time taking the position that there should be no re-review at all and that the redactions should be completely removed and documents reproduced forthwith. (*Id.* At 1 ("As I said, there is an impasse if we are not at an agreement to produce – and an agreement to review falls short of that . . . .")). Viewing the request for clarification within that context, Defendants responded and reiterated that they were offering to conduct the two re-reviews outlined in Defendants' June 3rd email.

Finally, to correct the record, Defendants want to bring to the Court's attention other selectively quoted text that is also misleading. Specifically, to support their assertion that "Defendants repeatedly made clear they never had any intention to produce material they believed

was 'Non-Responsive,'" Plaintiffs misleading quote from Defendants' June 16th opposition letter as follows:

> If defendants should locate any information *incorrectly* redacted as "NR," they will remove the improper redaction … In the meantime, defendants have re-reviewed the specific documents identified by plaintiffs' counsel and can confirm that all redacted material was non-responsive. (Dkt. No. 647 at 3 (emphasis in original).

Here is how that paragraph actually reads:

> If defendants should locate any information incorrectly redacted as "NR," they will remove the improper redaction **and replace it with a correct redaction (such as for privilege or other protection, as appropriate) or re-produce the document without the redaction(s)**. In the meantime, defendants have re-reviewed the specific documents identified by plaintiffs' counsel and can confirm that all redacted material was non-responsive. (Dkt No. 605 at 3 (emphasis added)).

Plaintiffs' reliance on the last sentence in that paragraph in making their argument that Defendants never intended to remove all "NR" redactions is misplaced, as Plaintiffs omitted the preceding sentence--the most significant sentence in that paragraph. When read in conjunction with the preceding sentence, it is clear that the last sentence was only meant to assure both the Court and Plaintiffs that the information previously redacted was not significant to the litigation and that Defendants did not have a nefarious motive in redacting it.

Accordingly, as the issue appears to be a misunderstanding between the parties, Defendants respectfully request that the Court deny Plaintiffs' request for reasonable costs pursuant to Rule 37(a)(5).

Thank you for your consideration herein.

Respectfully submitted,

*Nadine Ibrahim*          /s

Nadine Ibrahim
*Senior Counsel*
Special Federal Litigation Division

cc:   ALL COUNSEL (*via* ECF)