

July 14, 2022

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

**Re: In re: New York City Policing During Summer 2020 Demonstrations, 1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases**

Dear Judge Gorenstein:

As the Court knows, I am counsel for the *Sow* Plaintiffs in these consolidated cases. I write, on behalf of all Plaintiffs, to respond to Defendants' sur-reply as the Court invited (Dkt. No. 654). In their sur-reply, Defendants claim that, prior to motion practice, they "agreed to re-review generic NR redacted material and remove the redactions unless there was a court-approved reason to keep the redaction." That does not hold up.

*First*, Defendants' initial opposition was clear: "Plaintiffs [should not] reject the possibility that defendants may redact information for the simple reason that it is 'non-responsive' to their adversaries' discovery requests." Dkt. No. 605.[1] Nor do Defendants even attempt to account for the fact that, in describing their review to the Court at the conference, they made clear they intended to be "reviewing for responsiveness." 2022-06-30 Tr. 27:15-28:22. They cannot rewrite that history.

*Second*, at the meet and confer, Defendants asserted they were allowed to redact materials as "NR" — but they ***might*** be willing to conduct a sampling of a subset of documents to make sure they're getting that "NR" call right. Some days later, the confirmed twice — "[a]s [they] said" before (Dkt. No. 647-1 at 2) — that they were only willing to review a small, "random sampling of 100 documents containing" NR redactions and then "let plaintiffs know the outcome of that re-review and if we believe any further steps are necessary." Dkt. No. 647-1 at 8. Their new position cannot be squared with the sampling approach.

*Finally*, Defendants could have, at any time, clearly stated something like, "Defendants agree NR redactions are improper and will remove them, but we must review for privilege and for privacy reasons." They did not. And they argued to the Court that Plaintiffs were wrong to "reject the possibility that defendants may redact information for the simple reason that it is 'non-responsive' to their adversaries' discovery requests." Dkt. No. 605 at 2. *But see contra, 2022*-06-30 Tr. 45:3-8; 8:6-10 ("There are to be no redactions of portions of the document, that's improper").

[1] Defendants' sur-reply does not — and cannot — account for the fact that they made this argument. And the quoted text is the first sentence of Defendants' argument.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com

Thus, fees are proper: The Court's Individual Practices are intended to force parties to take positions ***before*** motion practice. Here, Defendants' alleged position was expressed clearly for the first time ***after*** they lost the substance of the motion. Declining fees will only encourage Defendants to continue failing to take "definitive positions on things" until Plaintiffs make motions.[2] 2022-02-11 Tr. 56:17-20.

Once again, we thank the Court for its continued time and attention.

Respectfully submitted,

/s/

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

[2] In the alternative, if the Court is unwilling to award fees because of the ambiguous post-meet and confer email here, Plaintiffs ask that the Court direct Defendants must come to meet and confers in the future prepared to take positions, so the Court's Individual Practices can function.