**Kaufman  
Lieb  
Lebowitz &  
Frick**  
attorneys at law

(212) 660-2332  
18 E. 48th St., Suite 802  
New York, NY 10017  
www.kllf-law.com

July 19, 2022

**Via ECF**

Hon. Gabriel Gorenstein  
United States Magistrate Judge  
Southern District of New York

      Re:    In re: New York City Policing During Summer 2020 Demonstrations,  
              No. 20-CV-8924  
              This filing is related to all cases

Your Honor:

      I write on behalf of Plaintiffs to seek the Court's immediate assistance with scheduling depositions in this case. Without Court intervention, Defendants appear likely to successfully run out the clock on this case by refusing to schedule depositions at anywhere near the pace required to meet the Court's deadlines.

      The Court is already well aware of the various deposition-related disputes the parties have engaged in. On June 30, 2022, following a conference, the Court issued an order requiring the parties to "start scheduling depositions immediately," to have all depositions on the calendar by September 16, 2022, and to schedule all depositions to be completed by February 28, 2023. Dkt. #630.

      In the days following the Court conference and order, Plaintiffs heard nothing from Defendants about scheduling depositions, despite having provided to them, weeks earlier on June 8, a list of all previously-noticed deponents.[1] Accordingly, in an effort to spur scheduling, on July 6, Plaintiffs sent Defendants a sub-list of 30 deponents (a mix of high- and low-level officers) whom Plaintiffs would be ready to depose in the short term, and asked Defendants to prioritize scheduling those depositions. We asked Defendants to update us by July 8 as to their progress with scheduling. We did not receive any response from Defendants.

      On Monday, July 11, this Court held a conference to discuss depositions. Upon learning that *no* further depositions were currently scheduled, the Court ordered Defendants to provide Plaintiffs with a chart every Wednesday listing when Defendants first reached out to each deponent, when contact was made, and what dates the deponent was available. **Ex. A**, 7/11/22 Tr. 75:24-76:4 ("So column one is date this

---

[1] Upon further review, that spreadsheet inadvertently left off one high-level deponent. Plaintiffs updated the spreadsheet and recirculated it on July 14 to correct that error and to reflect other deponents who had been added or removed in the meantime.

person was contacted, column two is dates they're available, then you get to putting together a schedule that you share with the plaintiffs in consultation with the plaintiff[s]."). The Court further informed Plaintiffs that, if scheduling is "not happening the way it should be happening, they're absolutely welcome to come to me," adding that, "I'm not going to be giving any extensions on 2(a) letters." Ex. A at 76:22-77:2.

Unfortunately, it is now clear that deposition scheduling is not happening as it should. On Wednesday, July 13, Defendants provided Plaintiffs a spreadsheet with only one column, indicating when the City first reached out to each deponent. Although the vast majority of these depositions had been noticed months ago, the City had apparently not even *tried* to reach many deponents since the stay of depositions was lifted this Spring; fully 22 of the 61 total officers whom the City had attempted to reach were not called until July 12, the day after this Court's conference. Plaintiffs objected to the chart for failing to provide the date when there had been *actual* contact with the officer and the officer's availability for deposition. Defendants provided an updated chart on July 15 (**Ex. B**), now listing when a deponent was reached by the City. According to the chart, Defendants have successfully contacted *only 15 deponents*. Defendants do not appear to be prioritizing the names from Plaintiffs' Batch 1 list.

In addition to sending Plaintiffs the updated chart, Defendants purported to schedule five new depositions: one for "6/7/22" and the other four for dates in *September*. (Inexplicably, the chart does not list a "date contact made" for any of those five deponents. Ex. B.) There is not a single deposition noticed by Plaintiffs on the calendar between now and September 1. While Defendants scheduled four depositions of Plaintiffs for July 25-28, there is currently not one deposition scheduled for the entire month of August.

Obviously, depositions will not be completed at this pace. Plaintiffs have 122 deposition days noticed, and there are only 150 workdays between July 19 and February 28. No matter our efforts, it will simply be impossible to finish depositions if Defendants continue to slow-walk this process. We have been attempting to get Defendants to schedule depositions for months,[2] with essentially nothing to show for it. At this point, Plaintiffs can only surmise that Defendants are deliberately attempting to run out the clock on these depositions, knowing that no further discovery extensions will be granted. *See* Dkt. 630 ("[T]here will be no extension of the deadlines for the close of fact or expert discovery.").

Given the City's unwillingness or inability to follow this Court's clear orders and schedule depositions in a timely manner, we ask the Court to so-order the depositions of the deponents on Plaintiffs' Batch 1 list on Plaintiffs' chosen dates, as listed in the chart attached as **Exhibit C**.[3] This is the only way the parties stand a chance of deposing all

---

[2] Plaintiff first reached out to Defendants to discuss depositions on May 10, 2022. We asked for a meet-and-confer on May 13, and again on May 17, and again on May 26. Finally, the parties held a meet-and-confer on June 8.

[3] The chart we ask the Court to so-order includes 29 of the 30 deponents we included in our Batch 1 list to Defendants; where possible, we have listed backup dates as well.

necessary witnesses by February. We also ask that the Court order Defendants to pay the attorneys' fees Plaintiffs incurred to bring this motion.

Respectfully submitted,

_____/s/_____

Alison Frick