Thomas A. Kissane
Partner

212 612-1213
TKissane@schlamstone.com

Schlam Stone & Dolan LLP

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

July 19, 2022

**BY ECF**

Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *In re: New York City Policing During Summer 2020 Demonstrations* No. 20-CV-8924 (CM) (GWG); This Motion Relates to *Gray v. City of New York*, 21-cv-6610 (CM)(GWG), *Hernandez v. City of New York*, 21-cv-07406-CM (CM)(GWG); and *Rolon v. City of New York*, 21-cv-02548 (CM) (GWG)

Dear Judge Gorenstein:

We are counsel to the Police Benevolent Association ("PBA"). We write in response to Plaintiffs' letter dated July 19, 2022 ("Plaintiffs' Letter", Dkt. No. 668) regarding the order to be entered by the Court concerning protocols for high-level depositions.[1]

Under the proposed order submitted by Plaintiffs and the City Defendants (Dkt. No. 665), Plaintiffs are to share with the City Defendants, but not with the Union Intervenors, "a list of topics and case law they [plaintiffs] plan to cover in the deposition and certain exhibits they may use, without prejudice to amendment or supplementation at the time of deposition". Under the PBA's proposed Order (Dkt. No. 666), this information is to be shared with the PBA and the other Union Intervenors as well as with the City Defendants.

In an order earlier today on an unrelated dispute in these Consolidated Actions, the Court observed: "Judge McMahon long ago consolidated these cases for all pretrial purposes, including discovery (Docket # 40). As a matter of efficient case management, the presumption is thus that all discovery shall be shared among the various parties on the same basis absent a compelling reason not to do so." (Dkt. No. 671). See also *United States v. All Right, Title & Interest in Accounts at Morgan Guar. Trust Co.*, Index No. 95-cv-10929, 1996 U.S. Dist. LEXIS 17987, *31 (S.D.N.Y Dec. 4, 1996) ("it is well-settled that once a court approves an application for intervention, the intervenor 'becomes a full participant in the lawsuit and is treated just as if it were an original party.'") (collecting cases, internal citation omitted), *aff'd,*, 1997 U.S. Dist. LEXIS 5844 (May 1, 1997).

---

[1] An order entered by the Court earlier today (Dkt. No. 670) addresses certain aspects of the protocols for high-level depositions, but did not address this issue raised here.

Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
July 19, 2022
Page **2** of **2** Pages

Neither Plaintiffs nor the City Defendants have identified any valid ground, much less a compelling one, that would justify withholding from the PBA or the other Union Intervenors materials that Plaintiffs produce to the City Defendants.

Plaintiffs' Letter identifies efficiency as the reason for sharing the information with the City Defendants. That consideration applies equally to the Union Intervenors. This information would help the PBA assess in advance of each session whether to ask questions of any particular deponent and to formulate said questions, rather than leaving it to make these decisions in the course of each session without information provided to the City Defendants.

We respectfully ask the Court to so-order the proposed order submitted by the PBA at Dkt. No. 666.

Respectfully,

Thomas A. Kissane

Copies To:
All counsel in Consolidated Actions (via ECF).