





July 19, 2022

**Via ECF**                                                MEMORANDUM ENDORSED

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York

      Re:    *In re: New York City Policing During Summer 2020 Demonstrations*,
             No. 20-CV-8924
             *This Filing is Related to All Cases*

Dear Judge Gorenstein:

      We write on behalf of Plaintiffs to respectfully request permission to file an expedited motion seeking *in camera* review and production with appropriate redactions of certain documents relating to an after-action review process the NYPD conducted in the aftermath of the George Floyd protests (herein "Conforti Report"). This request follows from the Court's April 12, 2022 denial of Plaintiffs' prior motion seeking a declaration that Defendants had waived the privilege as to these records, wherein the Court indicated that Plaintiffs would be free to raise a motion on the merits and expressed a preference to proceed by formal motion. Tr. 87:2-7 (April 12, 2022). Because the motion raises significant legal issues relating to the scope of the deliberative process privilege and the propriety of *in camera* review, Plaintiffs agree that a formal motion is preferable. Plaintiffs and Defendants have agreed a briefing schedule as follows: motion filed by Thursday, July 21; response by Thursday, July 28; and reply by Monday, August 1, 2022. In the alternative, if it is the Court's preference, Plaintiffs are prepared to proceed by letter motion but request an opportunity to set forth their legal arguments in a subsequent letter.

      Defendants have withheld the disputed documents in their entirety based on the deliberative process privilege. The disputed documents consist primarily of the final or near-final version of an after-action report prepared by Assistant Chief Thomas Conforti reviewing the NYPD's response to protests that took place between May 26 and June 30, 2020; specific draft portions of the same that appear to contain non-privileged information that is not duplicative of the more complete draft; a PowerPoint presentation delivered by Chief Conforti on September 29, 2020, summarizing his review; Chief Conforti's notes documenting a specific incident at one of the protests allegedly involving an emotionally disturbed person; and emails relating to media inquiries from the *New York Times*, among other outlets. Defendants assert that all of these documents are pre-decisional and deliberative because the NYPD ultimately decided not to publish the Conforti Report after reviewing the December 2020 reports regarding the protest prepared by the Department of Investigation and the New York City Law Department. Plaintiffs believe that *in camera* review and production with redactions is appropriate because Defendants' privilege log

1

entries for these documents strongly suggest that they contain highly relevant, non-privileged material (primarily factual material, but also material related to the final agency decision not to adopt the final draft report prepared by Chief Conforti), Defendants have not established that privileged and non-privileged portions of these documents are inextricably intertwined, and even if the privilege applies in full, it is a qualified privilege that must cede to Plaintiffs' need for these highly relevant materials.

Following a meet and confer on May 26, 2022, the parties agreed they were at an impasse with respect to these documents. That meeting was attended by Corey Stoughton, Molly Biklen, Rigodis Appling, Remy Green, Tahanie Aboushi and Lillian Marquez for the Plaintiffs and Stephanie Breslow, Jenny Wong, Genevieve Nelson and Peter Callaghan for the Defendants, and lasted a little over one hour. Plaintiffs delayed seeking leave to file this motion hoping, for the sake of efficiency, to bring all remaining issues pertaining to the Conforti after-action review to the Court in one motion, including any disputed issues as to the scope of redactions to the separate tranche of previously withheld documents that Defendants have since pledged to produce with redactions.  However, Defendants claim they are not able to produce those documents until July 25, 2022. Defendants' failure to timely produce those documents makes further delay untenable, particularly with depositions – including Chief Conforti's deposition – looming. Thus, Plaintiffs now seek leave to file this motion, without prejudice as to raising further issues as to certain documents Defendants have belatedly added to the latest version of the privilege log (the fifth version, produced on June 25) as well as issues relating to the scope of privilege redactions that Plaintiff have yet to see.

Sincerely,

By: /s/ *DRAFT*
Robert Hodgson
Molly K. Biklen
Jessica Perry
Daniel R. Lambright
Daphna Spivak
Lisa Laplace
Christopher T. Dunn
New York Civil Liberties Union
    Foundation
125 Broad Street, 19th Floor
New York, N.Y. 10004
(212) 607-3300
rhodgson@nyclu.org

*Attorneys for Plaintiffs in 20 Civ. 8924*

By: /s/ *DRAFT*
Corey Stoughton
Jennvine Wong
Rigodis Appling
The Legal Aid Society
199 Water Street
New York, N.Y. 10038
(212) 577-3367
cstoughton@legal-aid.org

The premotion conference requirement for the proposed motion is waived.  Briefing shall be in accordance with paragraph 2.B of the Court's Individual Practices.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
July 19, 2022