

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

BRIDGET V. HAMILL
*Senior Counsel*
brhamill@law.nyc.gov
Phone: (212) 356-2662
Fax: (212) 356-1148

**By ECF**

July 20, 2022

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re: *New York City Policing During Summer 2020 Demonstrations*,
           No. 20 Civ. 8924 (CM) (GWG)

Your Honor:

      I am a Senior Counsel in the office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and one of the attorneys representing Defendants in the above referenced matter. Defendants write in response to Plaintiffs' letter dated July 19, 2022, to compel defendants to schedule depositions from the list they provide with their application (Dkt. 667).

      As an initial matter, Defendants have been making every effort to schedule depositions. Plaintiffs' letter motion suggests that deposition scheduling is not happening as it should (Dkt. 667 at p. 2), based in part on what they see on a chart provided to them *two* days after the Court ordered it.[1] Contrary to Plaintiffs' assumption, Defendants are aware of the Court's June 30, 2022 and July 11, 2022 orders concerning deposition scheduling, and of the urgency of moving the process forward, even before the orders were issued. To that end, prior to receiving Plaintiffs' June 8, 2020 list of deponents, Defendants had already contacted at least 24 deponents on the list to obtain their availability for depositions. During that time, Defendants made, and Plaintiffs accepted, a Rule 68 Offer of Judgment in one of the consolidated cases in which 13 officers had been noticed for deposition.[2] Of the 13 officers contacted, four are still scheduled to be deposed. In addition,

---

[1] The Deposition Scheduling Chart was updated two days later to include a few deponents that were inadvertently left off the list and to include a column regarding when contact was actually made with the deponents.

[2] On May 17, 2022, the City served Rule 68 Offers of Judgment upon Plaintiffs in *Minett, et al. v. City of New York, et al.*, 20 cv 8161 (SDNY). On May 31, 2022, those offers were accepted.

following the meet and confer in June, Plaintiffs asked Defendants to schedule five depositions before July 8th, which the Defendants did.[3]

Defendants have also already been working with Plaintiffs to schedule Plaintiffs' depositions, in accordance with the Court's June 30, 2022 order. In fact, although dismissed by Plaintiffs in their letter, the depositions of four Plaintiffs are scheduled *before* August, i.e., for the week of July 25th. Defendants have now made a Rule 68 Offers of Judgement in another of these consolidated cases and Plaintiffs requested that those depositions be paused in order for them to consider the offers.[4]

In addition, although Plaintiffs' letter notes that "Defendants do not appear to be prioritizing the names from Plaintiffs' [July 6th] Batch 1 list," during the July 11th conference, Plaintiffs told the Court that they are able to take the depositions of *any* noticed deponents, from the Batch 1 list or the larger list provided on June 8th and updated by Plaintiffs on July 14th. 2022-07-11 Tr. 66:15-67:24. In fact, at a meet and confer on June 7, 2022, *plaintiffs* proposed and agreed that defendants should choose the deponent and schedule the dates of the deposition *at the Defendants' convenience*. Nonetheless, on July 6, 2022, Plaintiffs sent a list of 30 deponents they wanted prioritized. This, of course, was a change in circumstances for Defendants to move from the agreement from them to choose deponents, to now focus on these 30 individuals. With the process involved in scheduling officer depositions, we could not have provided scheduled dates by July 8th. On July 11th, *two* business days later, plaintiffs raised with the court defendants were not scheduling these priority depositions. At that conference, the Court ordered that Defendants prepare a chart with columns indicating the dates when Defendants first attempted to contact a deponent and the date when we actually made contact and determined their availability. The Court instructed Defendants to produce that chart every Wednesday and the very first one was produced on July 13, 2022, two days after the conference.

Since providing that initial chart of deponents and contact dates, Defendants have contacted most the high-ranking officers, as well as 15 additional line officers. That information, as well as additional information about any dates that actual contact was made, is included in the weekly chart sent to Plaintiffs today. The updated chart is attached hereto as Exhibit A. While the chart does not include any additional dates for scheduled depositions, Defendants can commit to scheduling at least 10 new depositions during the month of August, including Plaintiffs' depositions, and will provide specific dates to Plaintiffs by Tuesday, July 26th. While Defendants will make every effort, we cannot guarantee these scheduled deponents will be from Plaintiffs' Batch 1 list. Defendants will continue to work on scheduling additional depositions for August and September as quickly as possible but in order to have flexibility to do that, we cannot be bound to Plaintiffs' Batch 1 list.

---

[3] The deponents included Plaintiffs and officers. Two of the officers scheduled had been noticed for deposition, but were not on Plaintiffs' June 8, 2022 list of deponents. Nevertheless, their depositions were scheduled and they were subsequently deposed.

[4] On July 7, 2022, the City served Rule 68 Offers of Judgment upon Plaintiffs in *Hernandez, et al. v. City of New York, et al.*, 21 cv 7406 (SDNY). Those offers expire on July 22, 2022. Defendants are ready to proceed with the *Hernandez* Plaintiffs' depositions that were scheduled for dates after the offers expire should they not be accepted.

Defendants are not deliberately avoiding scheduling the depositions and we do not understand what Plaintiffs' mean by us "running out the clock". However, many high-ranking officers' depositions cannot be scheduled immediately for a number of reasons. To begin with, the protocol for depositions of high-ranking officers and officials was not ordered until the July 11th conference as both parties reached impasses concerning their respective protocols. As a result, Defendants did not contact these deponents in earnest until after that time. As Defendants explained at the July 11th conference, it has been their intention to schedule line officer depositions before high-ranking depositions, so they did not anticipate high-ranking depositions would proceed immediately in August. Further, pursuant to orders issued by the Court during the July 11th conference, the high-ranking deponents' text messages must be produced one week prior to the scheduled deposition. That requires removing the deponents' cell phones individually, extracting the text messages for the relevant dates, including the additional dates Plaintiffs added to Supplemental Schedule A, loading them to this Office's e-discovery database for review and production to Plaintiffs. Particularly now, with the rise in crime, it is a hardship for these members of service to be without their communication devices for any period of time. As such, this must be done with some thoughtfulness.

Similarly, NYPD informs us that production of the high-ranking deponents' Outlook calendars requires that they be printed out one week at a time for the relevant weeks and additional dates ordered by the Court. As an example of the steps involved in the scheduling process that Plaintiffs are not aware of, following the July 11th conference with the Court, counsel met with NYPD to review the deposition protocol and the information that must be produced and to come up with a process. Considering that production of the text messages and the calendars are triggered by the scheduling of the deposition, and must be produced within a week of the scheduled date, a process must be in place for collection and production. That is what Defendants have been endeavoring to do in the days since the Court Conference.

As to the process for contacting and scheduling depositions, it varies depending on several factors. Considerations taken into account when scheduling officers include whether there are open CCRB investigations which may require representation at their depositions by Union counsel. Those instances require an additional layer of coordination with Union counsel. There are also other obstacles to scheduling deponents. For example, some officers are retired or resigned from the NYPD, and must be reached separately with the assistance of NYPD as this Office has no means of contacting them directly. Moreover, we must also take into account the deponents' regular days off and scheduled vacation in planning their depositions. Defendants must also be mindful of public events that officers assigned to certain commands must be available for, such as the United Nations General Assembly in September, or the U.S. Open Tennis Championships at the end of August and beginning of September. In addition, the attorneys' availability to prep the deponent and defend the deposition must be matched with the deponents' availability.

Furthermore, at the same time that Defendants have been working to schedule the noticed deponents' depositions, they are also collecting the disciplinary documents that the Court ordered to be produced to Plaintiffs no later than August 1, 2022. (2022-07-11 Tr. 52:15-22). Defendants have received the disciplinary information of many of these deponents and are preparing them for

production to the Plaintiffs by August 1, 2022. Defendants must coordinate all these efforts before we can confirm a deposition date with Plaintiffs. Therefore, providing Plaintiffs with the deponents' availability or so-ordering Plaintiffs' proposed dates without factoring in the work that must be done to comply with the court-ordered deposition protocols would be inefficient and would invite more unnecessary Court intervention.

There are other reasons why Defendants should not have to give the deponents' availability to Plaintiffs but instead just provide a date for the deposition. Indeed, the Court's final order at the June 11th conference was for Defendants to provide Plaintiffs with the dates deponents were contacted and the dates contact was actually made. (THE COURT: "[T]his spreadsheet is going to be shared with the plaintiffs, the list of names and contact date. Whether there's been an effort to contact them and when the contact was made, okay?" Tr. 76:5-8). To the extent the Court intended for Defendants to produce the deponents' availability, we respectfully request to be relieved from that portion of the Court's ruling. The only reason to provide the deponents' availability to Plaintiffs is for them to schedule depositions, which they should not be allowed to do, particularly without consulting Defendants, obtaining counsel's availability, and without Defendants' having the opportunity to complete the deposition protocol. Moreover, Plaintiffs have already agreed that Defendants would be the ones scheduling the depositions, so there would be no purpose to giving them the deponents' availability. Ordering production of this information would only lead to duplication of efforts and confusion.

As explained above, Defendants are attempting to schedule depositions and should be allowed to continue this process. We do all of the above in addition to the other tasks and deadlines in these cases, that Defendants are responsible for, including the ongoing re-review of certain previously withheld and redacted documents; the ongoing review of documents to identify Bates numbers responsive to certain agreed-upon consolidated document requests; preparing for and attending meet and confers concerning outstanding discovery issues plaintiffs raise; responding to Plaintiffs' 286 First Consolidated Requests for Admissions and subsequent request for a meet and confer; and preparing and responding to discovery deficiency letters in several of the consolidated cases. Members of the case team are also participating in a mandatory two-week training program and several others are out of the office on previously scheduled annual leave or sick leave. We do not note this work as an excuse, but to make the Court aware of Defendants' efforts concerning ongoing discovery which is not solely relegated to scheduling the depositions.

We are mindful of the timeline but believe Plaintiffs' application is premature. Defendants have acted diligently to comply with the Court's orders and to respond timely to Plaintiffs' concerns about the information provided in the chart of deponent contacts provided to them. In addition, Defendants have already begun the process of contacting and scheduling more officers, and complying with the pre-deposition protocol ordered by the Court. Given all of the above, ordering the scheduling of depositions as suggested by the Plaintiffs would upend the substantial effort already undertaken by Defendants and would only cause more issues and obstacles.

For the reasons outlined above, Defendants respectfully request that the Court deny Plaintiff's motion to compel the scheduling of deposition for the dates proposed in Plaintiffs'

exhibit, and their request for attorneys' fees incurred in bringing this premature request to the Court.

Thank you for your consideration herein.

Respectfully submitted,

*Bridget V. Hamill s/*

Bridget V. Hamill
Senior Counsel
Special Federal Litigation Division

cc:   ALL COUNSEL (via ECF only)

# EXHIBIT A

## IN RE NYC POLICING DURING SUMMER 2020 DEMONSTRATIONS
## DEPONENT CONTACT LIST

| DEPONENT NAME | DATE CONTACT ATTEMPTED | DATE CONTACT MADE | SCHEDULED DEPOSITION |
|---|---|---|---|
| Altimirano, P.O. Renato* | 4/27/2022 | 5/21/2022 | |
| Baker, Deputy Chief Michael (OMAP) | 7/18/2022 | | |
| Barnes, Sgt. Duane M. | 4/27/2022 | 5/4/2022 | |
| Benjamin, Deputy Insp. Andrew [RETIRED] | 5/18/2022; 7/20/2022 | | |
| Brathwaite, Lt. Alexander | | | |
| Brodie, John | | | |
| Camacho, Lt. Raymond | 6/28/2022 | | |
| Carrión, Marco (Office of the Mayor) | 7/18/2022 | 7/18/2022 | |
| Cattani, Robert | | | |
| Chen, P.O. Stephanie | 6/17/2022 | | Deposed 6/30/2022 |
| Chernyavsky, Asst. Deputy Commissioner Oleg (Legal Matters) | | | |
| Ciota, Sgt. Michael | | | |
| Cody, Insp. Michael (PBMN) | 7/19/2022 | | |
| Conforti, Chief Thomas [RETIRED] | 7/12/2022; 7/19/2022 | | |
| Connolly, P.O. Patrick [RESIGNED] | | | |
| Conroy, Assistant Chief Brian | | | |
| Corey, Chief of Training Kenneth E. | 7/18/2022 | 7/18/2022 | |
| Counihan, Sgt. Steven | | | |
| Czark, Lt. Christopher | 7/18/2022 | 7/18/2022 | |
| D'Adamo, Deputy Chief John | 7/12/2022 | 7/12/2022 | |
| Daitz, Elizabeth (Exec. Dir. of Strategic Initiatives) | Hold Off by Agreement of the Parties | | |
| De Blasio, Mayor Bill | | | |
| Delatorre, Chief Edward | 5/18/2022; 7/20/2022 | | |
| Delgado, Captain Julio | 7/12/2022; 7/19/2022 | | |
| DeStefano, Det. Brian | | | |
| Dixon, Sgt. Robert | | | |
| Dowling, Chief Gerard | 7/12/2022 | 7/13/2022 | |
| Durkin, Sgt. Thomas | 6/17/2022 | | |
| Dym, Lt. Eric | 6/17/2022 | | |
| Emmart, Christopher* | 4/27/2022 | 5/12/2022 | |
| Epstein, Sgt. Mitchell | 7/12/2022 | | |
| Esposito, Deputy Commissioner Richard [RETIRED] | 7/12/2022 | | |
| Fierro | | | |
| Fiorenza, P.O. Frank | 7/12/2022 | | 9/1/2022 |
| Foster, Captain Laura | 7/12/2022; 7/15/2022 | 7/12/2022; 7/15/2022 | |
| Frantzen, Lars | | | |
| Fuleihan, First Deputy Mayor Dean | | | |

| Name | | | |
|---|---|---|---|
| Galati, Thomas Chief of Intelligence Bureau | 7/12/2022; 7/18/2022 | 7/18/2022 | |
| Gallagher, Daniel | 7/20/2022 | 7/20/2022 | |
| Gallitelli, Deputy Inspector Robert M. | 7/12/2022; 7/18/2022 | 7/18/2022 | |
| Galvin, Inspector Matthew | 5/18/2022; 7/20/2022 | 6/7/2022 | |
| Giron, Leonel | | | 9/8/2022 |
| Haldeman, Sgt. Scott | | | |
| Hart, DCLM Ernest | | | |
| Hewiston, Sgt. Christopher | 7/12/2022 | | |
| Hockaday, Keith | | | |
| Hughes, Asst. Chief Stephen J. [RETIRED] | 7/12/2022; 7/18/2022 | | |
| Hyland, P.O. Charles (NYPD SRG Member) | | | |
| Jimenez, P.O. Joselyn | 7/7/2022 | | 9/14/2022 |
| Johnson, Insp. Andrew | 5/18/2022; 7/20/2022 | 5/22/2022; 7/20/2022 | |
| Jones, Asst. Chief Donna (CJB) | 7/18/2022 | 7/20/2022 | |
| Kaganis, Deputy Insp. John | | | |
| Khan, Sgt. James | 7/18/2022 | | |
| Korabel, Captain Jonathan | 5/18/2022; 7/20/2022 | 5/23/2022 | |
| Kovalik, P.O. Micheal | | | |
| Lee, P.O. James | 7/12/2022 | | 9/15/2022 |
| Lehr, Asst. Chief Kenneth (PBB) [RETIRED] | 7/19/2022 | 7/19/2022 | |
| Lucerno, Edward | | | |
| Lukach, Robert (XO of SOB) [RETIRED] | 7/19/2022 | | |
| Maddrey, Chief of Community Affairs | 7/18/2022 | 7/18/2022 | |
| Manning, Sgt. Thomas | 6/17/2022 | | |
| McCloud, P.O. Malik [POSSIBLY RESIGNED] | | | |
| McGeown, Deputy Insp. James | 5/18/2022; 7/20/2022 | 6/3/2022 | |
| Migliaccio, P.O. John | 6/17/2022 | 6/17/2022 | |
| Miller, C.O. David | 7/12/2022; 7/17/2022 | 7/17/2022 | |
| Miller, Deputy Commissioner John | | | |
| Monahan, Fmr. Chief of Dept. Terence [RETIRED] | 7/18/2022 | 7/18/2022 | |
| Mortensen, Capt. (Bronx Narcotics) | 5/18/2022; 7/20/2022 | | |
| Mosher, Sgt. Thomas | | | |
| Mullane, Chief Edward (Operations Division) [RETIRED] | 7/20/2022 | 7/20/2022 | |
| Name Unknows (Officer w Helmet No. 18033 at Mott Haven, 6/4/20) | | | |
| Name Unknown (IAB Officer involved in IAB Investigation of Jae Donnelly) | | | |
| Nikas, Elias | 7/19/2022 | | |
| Obanhein, Katherine (Agency Counsel, Legal Bureau) | | | |
| O'Hare, Robert* | 4/27/2022; 7/20/2022 | 5/10/2022; 7/20/2022 | |
| Onabanjo, P.O. Jarvis | 7/12/2022 | | |
| O'Reilly, Chief of Patrol Kathleen | 7/18/2022 | | |
| Ortiz, P.O. Luis | 7/12/2022 | | |
| Pearson, Sgt. | | | |

| Name | | | |
|---|---|---|---|
| Perez-Gutierrez, P.O. Yahaira **[RESIGNED]** | 7/12/2022 | | |
| Petrino, P.O. Joseph | 4/27/2022 | 5/1/2022 | |
| Pichardo, Former Chief of Patrol Fausto | | | |
| Potkay, Insp. John | 5/18/2022; 7/20/22 | | |
| Rabel, P.O. Harvey | 3/10/2022 | 3/10/2022 | |
| Radzinski, Christopher | | | |
| Resnick, Deputy Commissioner Joseph (IAB) | | | |
| Rice, Sgt. Kenneth | 7/12/2022 | 7/13/2022 | |
| Sanchez, Sgt. Sindy | 4/29/2022 | | |
| Saturnin, Sgt. Jason | | | |
| Schmidt, Lt. | | | |
| Shea, Commissioner Dermot F. **[RETIRED]** | 7/19/2022 | 7/19/2022 | |
| Sher, P.O. Michael | | | |
| Shortell, Asst. Chief Theresa **[RETIRED]** | 7/18/2022 [via counsel] | | |
| Soberal, Captain Isaac | 5/18/2022; 7/12/2022 | 5/18/2022 | |
| Sojo, Lt. Luis | | | |
| Spinella, Chief Raymond **[RETIRED]** | 5/18/2022; 7/19/2022 | | |
| Talansky, Carrie (Asst. Counsel, Legal Bureau) | | | |
| Talleyrand, Lt. Daniel | 6/17/2022 | | Deposed 7/7/2022 |
| Tarlecki, P.O. Jakub **[RESIGNED]** | 7/12/2022 | | |
| Taylor, Captain Joseph | 7/12/2022; 7/13/2022 | 7/13/2022 | |
| Terrett, Nicolas | | | |
| Thompson, Deputy Mayor Phil | | | |
| Tirro, P.O. Luigi | | | |
| Tuthill, Captain Shawn | 5/18/2022; 7/20/2022 | 5/24/2022 | |
| Wedin, Chief of Special Ops. Harry J. | 7/15/2022 | 7/15/2022 | |
| Wells, P.O. | | | |
| Winegardner, Josh* | 4/27/2022 | 5/6/2022 | |
| Wohl, Sgt. Stuart | 7/12/2022 | | |
| Wong, Sgt. Shuzhen | 7/12/2022 | | |
| Zedalis, Capt. Ronald | 6/17/2022; 7/19/2022 | | |
| Zinstein, Sgt. Elliot | | | |
| | | | |
| * = Depositions noticed in Minett. | | | |