# EXHIBIT 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- x

| | |
|---|---|
| SAMIRA SIERRA, AMALI SIERRA, RICARDO NIGAGLIONI, and ALEX GUTIERREZ, individually and on behalf of all others similarly situated, | **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF SUPPLEMENTAL DISCOVERY REQUESTS** |
| Plaintiffs, | 20 Civ 10291 (CM) (GWG) |
| -against- | |
| CITY OF NEW YORK, a municipal entity; BILL DE BLASIO, in his individual capacity; TERENCE A. MONAHAN, in his individual capacity; UMID KARIMOV, in his individual capacity; ALFREDO JEFF, in his individual capacity; DEBORA MATIAS, in her individual capacity; and ANDRE JEANPIERRE, in his individual capacity, KENNETH C. LEHR, in his individual capacity, | |
| Defendants. | |

-------------------------------------------------- x

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendant(s) City of New York, a municipal entity; Bill de Blasio, in his individual capacity; Terence A. Monahan, in his individual capacity; Umid Karimov, in his individual capacity; Alfredo Jeff, in his individual capacity; Debora Matias, in her individual capacity; and Andre Jeanpierre, in his individual capacity, Kenneth C. Lehr, in his individual capacity [identify the individuals you are responding for] respond(s) and object(s) to Plaintiff's Third Set of Supplemental Discovery Requests as follows:

**GENERAL STATEMENT**

1. By responding to any request, defendant(s) do not concede the materiality of the subject to which it refers. Defendant(s') responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendant(s') right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3. With respect to the request for the production of documents, defendant(s) will provide, under separate cover, a privilege index, if appropriate.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify (within the meaning of Local Civil Rule 26.3(c)(3)) the NYPD officers wearing white shirts who were positioned at the Brown Place side of the Mott Haven protesters, as depicted in the TARU video DEFVID_000000427.mp4 (from approximately 00:10 to 00:45) and the attached screenshot from that video, Exhibit A, including but not limited to the two NYPD officers wearing white shirts to the right of the officer with three stars on his collar and a PPE

mask (i.e., the officer's right, just off the left side of the video image), one of whom has a name tag "Benjamin."

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:**

Defendants identify from left to right in Exhibit A, Chief John D'Adamo, Inspector Gerard Dowling, Chief Harry Wedin, and Deputy Inspector Andrew Benjamin.

**INTERROGATORY NO. 2:**

Identify (within the meaning of Local Civil Rule 26.3(c)(3)) the NYPD Legal Bureau officers who were positioned at the Brown Place side of the Mott Haven protesters, as depicted in the TARU video DEFVID_000000427.mp4 and the attached screenshot from that video, Exhibit A, including but not limited to the NYPD Legal Bureau officer wearing helmet 26435.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants identify Sergeant Ken Rice as the officer wearing helmet number 26435.

**INTERROGATORY NO. 3:**

Identify (within the meaning of Local Civil Rule 26.3(c)(3)) the NYPD officer at the Mott Haven protest wearing a white shirt and a helmet number 577.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 on the grounds that it is vague, ambiguous and impossible to answer without more information as NYPD officers ranked Lieutenant and above in the white shirts do not have an assigned shield number and are impossible to identify only with only a helmet number. Locating this information would be unduly burdensome for defendants, as it would require defendants to speak to every single ranking officer present at the Mott Haven protest, including all Lieutenants, Captains, Deputy Inspectors, Inspectors, Deputy Chiefs, Assistant Chiefs, Bureau Chiefs and Chief of Department, and determine which helmet each officer was wearing on that day. This would expend numerous hours of attorney time is not proportional to the needs of the

case. Based on all these objections, no further response will be given without further clarification from plaintiffs.

**INTERROGATORY NO. 4:**

Identify (within the meaning of Local Civil Rule 26.3(c)(3)) the NYPD officer at the Mott Haven protest wearing a white shirt and a helmet number 14080.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

See Objections and Responses to Interrogatory No. 3.

**INTERROGATORY NO. 5:**

Identify (within the meaning of Local Civil Rule 26.3(c)(3)) the NYPD officer at the Mott Haven protest wearing a white shirt and a helmet number 12928.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

See Objections and Responses to Interrogatory No. 3.

**INTERROGATORY NO. 6:**

Identify (within the meaning of Local Civil Rule 26.3(c)(3)) the NYPD officer in possession of each phone corresponding to the phone numbers responsive to Document Request 4, above.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

See Objections and Response to Document Request No. 4.

**INTERROGATORY NO. 7:**

With respect to the officers in each bicycle squad involved in policing the June 4, 2020 Mott Haven protest, identify (within the meaning of Local Civil Rule 26.3(c)(3)) those officers' supervisors at the scene from the rank of Sergeant up to the highest-ranking SRG or DCU officer.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to Interrogatory No. 7 on the grounds that it is duplicative of Interrogatories No. 1 and No. 3 and Document Requests No. 7 and No. 8, of Plaintiffs' Consolidated Requests. That Interrogatory No. 1 previously requested the identities of every officer present at or performing official duties near every protest on Schedule A, including Mott Haven, while Interrogatory No. 3, which sought identities of all higher ranking officers present at all such protests, was itself duplicative of Interrogatory No. 1 in that same set of requests. Additionally, Document Request No. 7, at subsections (a) through (d), previously sought production of identifying information for the commanding officer, as well as all officers assigned to oversee deployment of the commanding officer, for every protest location on Schedule A. Similarly, Document Request No. 8(d) of the Plaintiffs' Consolidated Requests called for production of all NYPD records concerning details, deployments, and assignments, etc. of units and. Personnel to every protest in Schedule A, including Mott Haven.

Defendants further object that this interrogatory is duplicative of Interrogatory No. 4 of Plaintiff's First Set of Supplemental Discovery Requests, which previously requested the identity of all NYPD officers of the Rank of Lieutenant and above who were present at the Mott Haven Protests. Subject to, and without waiving or in any way limiting these objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, defendants refer plaintiffs to the documents produced on December 10, 2021 as part of defendants' DEF_E_PD_001_Confidential production.

**INTERROGATORY NO. 8:**

With respect to officers who staffed vehicles to transport persons arrested at the June 4, 2020 Mott Haven protest, identify (within the meaning of Local Civil Rule 26.3(c)(3)) those officers' supervisors from the rank of Sergeant up to those officers' highest-ranking officer at the scene, including but not limited to Bronx Narcotics Unit officers' supervisors.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

See Objections and Response to Interrogatory No. 7.

**INTERROGATORY NO. 9:**

With respect to SRG foot officers involved in policing the June 4, 2020 Mott Haven protest who approached E. 136th Street between Brown Place and Brook Ave. from the Brown Place end of the block, identify (within the meaning of Local Civil Rule 26.3(c)(3)) those officers' supervisors at the scene from the rank of Sergeant up to the highest-ranking SRG or DCU officer.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

See Objections and Response to Interrogatory No. 7.

**INTERROGATORY NO. 10:**

With respect to SRG foot officers involved in policing the June 4, 2020 Mott Haven protest who approached E. 136th Street between Brown Place and Brook Ave. from the Brook Avenue end of the block, identify (within the meaning of Local Civil Rule 26.3(c)(3)) those officers' supervisors at the scene from the rank of Sergeant up to the highest-ranking SRG or DCU officer.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

See Objections and Response to Interrogatory No. 7.

**INTERROGATORY NO. 11:**

With respect to officers involved in policing the June 4, 2020 Mott Haven protest who were assigned arrests for processing, identify (within the meaning of Local Civil Rule 26.3(c)(3)) those officers' supervisors from the rank of Sergeant up to those officers' highest-ranking officer at the scene.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

<u>See</u> Objections and Response to Interrogatory No. 7.

**INTERROGATORY NO. 12:**

Identify each body-worn camera that recorded video of any aspect of the Mott Haven protest and the policing of that protest, and for each such video, identify (within the meaning of Local Civil Rule 26.3(c)(3)) the officer wearing the body worn camera when the video was taken.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to Interrogatory No. 12 on the grounds that it is vague and ambiguous as to the meaning of "any aspect," overbroad and unduly burdensome as it is not limited in time or scope on any way. Defendants further object to the extent that it seeks information already within plaintiff's possession, custody and control, information equally available to plaintiff or information not within defendants' custody, possession or control. Subject to, and without waiving or in any way limiting these objections, Defendants will produce a list of all body-worn camera video within defendants' possession taken in or around Mott Haven on June 4, 2020. Defendants further state that they are continuing to search for information responsive to this request, and will provide further responsive materials, if any, prior to the close of discovery.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

Produce all documents concerning the arrests described as "Mac Balla Member, Associate, Arrested with Firearm near 'FTP' Protest Zone," at DEF_00157787.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendants object to Document Request No. 1 on the grounds that it is vague and ambiguous as to the meaning of "all documents concerning", and on the grounds that it is overbroad as it is not limited in time or scope in any way. Defendants further object on the grounds that this requests seeks information that is not proportional to the needs of this case considering the importance of discovery in resolving the issues and insofar as the burden and/or expense of producing "all" the documents requested outweighs any likely benefit to plaintiffs. Defendants also object it seeks information that is not relevant to any parties' claims or defenses. Defendants further object on the grounds that this requests seeks information that may be protected from disclosure by N.Y. C.P.L. §§ 160.50 and 160.55, the attorney-client privilege, the work product doctrine, and other applicable privileges.

Defendants also object to Document Request No. 1 on the grounds that any documents concerning communications by civilian confidential informants ("CI") or undercover police officers participating in the Mott Haven protest, to the extent any such thing may have occurred and/or any such records may exist, is protected from disclosure by the law enforcement privilege, for the safety and protection of those civilians and officers as well as to maintain the necessary confidentiality of the NYPD's operations and procedures. Notwithstanding and without waiving or in any way limiting these specific objections, defendants refer plaintiffs to documents previously produced in the consolidated cases.

**DOCUMENT REQUEST NO. 2:**

Produce all documents concerning the arrests described as "Three Individuals Arrested After Bronx Car Stop and Found with Weapons; Interviewed by IB," at DEF_00157788.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendants object to Document Request No. 2 on the grounds that it is vague and ambiguous as to the meaning of "all documents concerning", and on the grounds that it is overbroad as it is not limited in time or scope in any way. Defendants further object on the grounds that this requests seeks information that is not proportional to the needs of this case considering the importance of discovery in resolving the issues and insofar as the burden and/or expense of producing "all" the documents requested outweighs any likely benefit to plaintiffs. Defendants also object it seeks information that is not relevant to any parties' claims or defenses. Defendants further object on the grounds that this requests seeks information that may be protected from disclosure by N.Y. C.P.L. §§ 160.50 and 160.55, the attorney-client privilege, the work product doctrine, and other applicable privileges.

Defendants also object to Document Request No. 2 on the grounds that any documents concerning communications by civilian confidential informants ("CI") or undercover police officers participating in the Mott Haven protest, to the extent any such thing may have occurred and/or any such records may exist, is protected from disclosure by the law enforcement privilege, for the safety and protection of those civilians and officers as well as to maintain the necessary confidentiality of the NYPD's operations and procedures. Notwithstanding and without waiving or in any way limiting these specific objections, defendants refer plaintiffs to documents previously produced in the consolidated cases.

**DOCUMENT REQUEST NO. 3:**

Produce all documents concerning "Social Media Posting Observed by IB Field Operations Personnel," at DEF_00157779, including but not limited to any investigation into the subject matter of the "social media posting."

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to Document Request No. 3 on the grounds that it is vague and ambiguous as to the meaning of "all documents concerning", and on the grounds that it is overbroad as it is not limited in time or scope in any way. Defendants further object on the grounds that this requests seeks information that is not proportional to the needs of this case considering the importance of discovery in resolving the issues and insofar as the burden and/or expense of producing "all" the documents requested outweighs any likely benefit to plaintiffs. Defendants also object it seeks information that is not relevant to any parties' claims or defenses. Defendants further object on the grounds that this requests seeks information that may be protected from disclosure by N.Y. C.P.L. §§ 160.50 and 160.55, the attorney-client privilege, the work product doctrine, and other applicable privileges.

Defendants also object to Document Request No. 1 on the grounds that any documents concerning communications by civilian confidential informants ("CI") or undercover police officers participating in the Mott Haven protest, to the extent any such thing may have occurred and/or any such records may exist, is protected from disclosure by the law enforcement privilege, for the safety and protection of those civilians and officers as well as to maintain the necessary confidentiality of the NYPD's operations and procedures. Notwithstanding and without waiving or in any way limiting these specific objections, defendants refer plaintiffs to documents previously produced in the consolidated cases.

**DOCUMENT REQUEST NO. 4:**

Produce records sufficient to show all calls made and received, including the phone numbers and duration of calls, by all NYPD-issued phones between 5:00 p.m. and midnight on June 4, 2020, by every officer of the rank of lieutenant or above who was present at, or otherwise involved in policing, the Mott Haven protest and/or the MAPC in Queens following the Mott Haven protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants object to Document Request No. 4 on the grounds that it is unduly burdensome to determine all the calls made to and from every Departmental phone by every ranking officer, including all Lieutenants, Captains, Deputy Inspectors, Inspectors, Deputy Chiefs, Assistant Chiefs, Bureau Chiefs and Chief of Department, the duration of such calls and the numbers called over a seven-hour time period. Locating this information is not proportional to the needs of the case and would be unduly burdensome for defendants, as it would require defendants to speak to every single ranking officer present at the Mott Haven protest, go through their phones for this irrelevant information and expend numerous hours of attorney time. Defendants further object on the grounds that the burden and expense of identifying and obtaining this information from each and every ranking officer, to the extent identifying all such calls made and received would even be possible, outweighs any likely benefit to plaintiffs.

Defendants also object on the ground that the information sought is private and/or sensitive in nature, is unrelated to the performance of the individual defendants' duties as members of NYPD, and is protected by the law enforcement privilege. Notwithstanding and without waiving or in any way limiting these specific objections, defendants refer plaintiffs to documents previously produced in the consolidated cases.

**DOCUMENT REQUEST NO. 5:**

Produce all video recordings depicting the June 4, 2020, Mott Haven protesters walking on the grounds of NYCHA public housing projects.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendants object to Document Request No. 5 on the grounds that it is vague and ambiguous as to the meaning of "all video recordings, " and on the grounds that it is overbroad as it is not limited in time or scope in any way. Defendants also object to the extent that this request seeks information that is not within Defendants' possession, custody or control, documents which are publicly available, or seeks documents already in plaintiffs' possession, custody, or control.

Defendants object to Document Request No. 5 on the grounds that it is duplicative of Document Request No. 8(h) of Plaintiffs' Consolidated Requests, which previously sought: "**All** videos, including TARU videos, bodyworn camera videos, and Aviation Unit videos," for all protests, including Mott Haven (emphasis added). Plaintiffs' broad, prior request clearly encompassed all varieties of video available, including Argus, rendering the instant request duplicative. Defendants further object on the grounds that it is also duplicative of Document Request No. 1 of Plaintiff's First Set of Supplemental Discovery Requests, which previously sought: "Argus video footage concerning the June 4, 2020 Mott Haven Protest: **All** video depicting…. activities of the protesters and police during the protest and subsequent arrests."

Notwithstanding and without waiving or in any way limiting these specific objections, and limiting its response to non-privileged documents relating to the Incident described in the complaint, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, defendants refer plaintiffs to the documents produced as part of defendants' Initial Disclosures produced on March 18, 2021 and documents produced in response to plaintiffs' First Consolidated Set of Requests for Documents, including TARU footage, aviation unit videos, and body-worn camera footage produced to date, and

further including body-worn camera footage produced in conjunction with depositions conducted to date. Further, defendants state that they are continuing to search for information responsive to this request, and will provide further responsive materials, if any, prior to the close of discovery.

Dated:	New York, New York
	January 13, 2022

                        GEORGIA M. PESTANA
                        Corporation Counsel of the
                        City of New York
                        *Attorney for Defendants*
                        100 Church Street, Room 3-141
                        New York, New York 10007
                        (212) 356-5037

                  By:   /s/ *nadine ibrahim*
                        NADINE IBRAHIM
                        *Senior Counsel*

TO:    THE LAW OFFICE OF JOSHUA
        MOSKOVITZ, P.C.'Click Here and Type Attorney's Name'
        *Attorney for Plaintiff*
        14 Wall Street, Suite 1603
        New York, New York 10005
        josh@moskovitzlaw.com

        MICHAEL L. SPIEGEL, ESQ.
        48 Wall Street, Suite 1100
        New York, New York 10005
        mikespieg@aol.com

        RICKNER, PLLC
        ROB RICKNER, ESQ.
        14 Wall Street, Suite 1603
        New York, NY 10003
        (212) 300-6506
        rob@ricknerpllc.com

HAMILTON CLARKE, LLP
LANCE CLARKE, ESQ.
JASON CLARK, ESQ.
WILLIAM F. GUILFORD, ESQ.
48 Wall Street, Suite 1100
New York, NY 10005
lc@hamiltonclarkellp.com
jc@hamiltonclarkellp.com
wg@hamiltonclarkellp.com