**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ X

SAMIRA SIERRA, *et al.*,

                                  Plaintiffs,                 No. 20 CV 10291 (CM) (GWG)

    v.

CITY OF NEW YORK, *et al.,*

                               Defendants,

------------------------------------------------------------------ X

## DECLARATION OF MICHAEL L. SPIEGEL

      MICHAEL L. SPIEGEL declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

      1.     I am an attorney for the plaintiffs in the above-captioned matter, and I make this declaration in support of the instant motion to consolidate the *Sierra* and *Wood* cases, and to amend the complaint.

      2.     I also make this declaration to specifically address the statement in the City defendants' April 7, 2022, email opposing the filing of a proposed *Sierra* Second Amended Complaint, "Plaintiffs had the names of the individual defendants for a long time so there's no good cause for such delay."  Exhibit 16.[1]

      3.     Defendants' statement elides the nature of the determination that plaintiffs were required to make in order to propose individuals as additional defendants.  It was not merely that plaintiffs "had the names of the individual defendants," it was that plaintiffs

---

[1] All citations to exhibits refer to the exhibits attached to the Declaration of Rob Rickner, submitted with this motion.

sought to identify—from amongst the 700+ NYPD officers involved in the Mott Haven operation (*see* Exhibit 12)—those individuals responsible for the overall planning and command of the operation.  Dozens of NYPD Executives were present in Mott Haven, including ten Chiefs, and defendants have steadfastly refused to identify the chain of command.  *See* Exhibits 14 & 15.  The process of identifying the responsible individuals to name as defendants has required hundreds of hours of your affiant's time.

4.     The process of determining the details of the Mott Haven operation and the identities of the NYPD leadership who planned, commanded, and executed the operation has been a long and difficult one.  While some of the names of these individuals were produced earlier, some have never been produced, or were "produced" in document dumps where their names appear on individual documents.  The City refused to produce discovery that connected these individuals' names with their actions on June 4, 2020; the link between the newly-named defendants and their involvement with the Mott Haven operation is the result of plaintiffs' own investigations.   Plaintiffs have acted with all available diligence to pursue and ultimately obtain the discovery needed to connect the individuals now sought to be named with their conduct during the Mott Haven operation.

5.     For example, on October 8, 2021, the *Sierra* plaintiffs served their Third Set of Supplemental Discovery Requests on the City defendants.  Several interrogatories requested the identities of the supervisory chain of command of the NYPD bike squads that made the initial seizure of the plaintiffs at the Mott Have protest; the chain of command of the police units that were pre-assigned to arrest vans and Corrections buses; the chain of command of the SRG units that participated in the arrest and handcuffing of the protesters on East 136th Street; and the chain of command of the police units that were pre-deployed to take assigned arrests for processing.  Exhibit 14, Defendants' Responses and Objections to Plaintiffs' Third Set of Supplemental Discovery Requests, at Interrogatories 7 to 11.

6.      The only substantive response defendants provided to the Exhibit 14 interrogatories "refer[red] plaintiffs to the documents produced on December 10, 2021 as part of defendants' DEF_E_PD_001_Confidential Production."  Exhibit 14 at p. 5.  That production contained over 12,600 documents and brought the total produced by the City at that point to nearly 119,000.  There was no obvious organization to the documents produced and no Bates number index was provided.  This has also been true of all subsequent document productions by the City, which now total well over fifty formal productions totaling hundreds of thousands of documents.

7.      On February 23, 2022, I wrote the City defendants a discovery deficiency letter, Exhibit 15.  The letter was prepared in anticipation of production by the City of a chart showing the status of all of defendants' responses to all discovery requests by all plaintiffs in the Consolidated Cases.  The City's chart had been ordered by Magistrate Judge Gorenstein.  Dkt. # 410.  In the letter, I provided defendants with a detailed list of insufficient responses to discovery requests, and demanded that the responses identify Bates numbers for the documents being produced.  Defendants did not respond to the letter, and did not provide Bates numbers in the chart they produced.

8.      Identifying the NYPD leadership who planned and executed the Mott Haven operation required plaintiffs' counsel to expend hundreds of hours reviewing video from police BWC; videos created by the NYPD's Technical Assistance and Response Unit ("TARU"); citizen video collected by the Civilian Complaint Review Board ("CCRB"); police radio transmissions; and hundreds of thousands of documents produced by the City, plus thousands more collected by the CCRB.

9.      Depositions have been stayed since early March 2022, subsequent to the Second Circuit decision concerning the intervenors.  Consequently, plaintiffs have had to rely

upon their own investigation into the documents and videos produced, without the benefit of sworn testimony of the persons involved in the police operation in Mott Haven.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 20, 2022
New York, NY

Michael L. Spiegel

4