# Rickner PLLC

Rob Rickner | rob@ricknerpllc.com

July 22, 2022

**Via ECF**

Hon Coleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 24A
New York, New York 10007

      Re:    *Sierra, et al. v. City of New York, et al.*, 20-cv-10291 (CM)(GWG)
              *Wood v. City of New York, et al.*, 20-cv-10541 (CM)(GWG)

Dear Judge McMahon:

We represent the Plaintiffs in the *Sierra* matter and write on behalf of the Plaintiffs in the *Sierra* and *Wood* matters regarding Exhibit 13 of the recently-filed motion to amend and consolidate the *Sierra* and *Wood* cases; the exhibit has been marked confidential by defendants. References to the Exhibit in the Memorandum of Law have been redacted in the current public filing as well.

Plaintiffs are in a curious position. Under section 8 of the Confidentiality Order in *In. Re. New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924 (CM)(GWG), Dkt. No. 115, Plaintiffs are required to move to file this Exhibit under seal "in accordance with the Individual Practices of the judge before whom the filing is being made." Section 9 of the Confidentiality Order, however, incorporates Section VI of Your Honor's Individual Rules, which states that "The Court operates under a presumption that the entire record should be publicly available."

Plaintiffs agree that the record of the motion to amend and consolidate, including Exhibit 13, should be public, but Plaintiffs are also bound by the Confidentiality Order until there is a judicial determination that the Exhibit is not, in fact, confidential. This leaves Plaintiffs to file this present motion to seal the Exhibit, while simultaneously arguing that the motion should be denied and Exhibit 13 be made public. We asked Defendants to consent to withdrawing the confidentiality designation for this Exhibit, and they agreed for several other exhibits, but would not consent to this one being made public. *See* Ex. A (Email Chain).

Defendants were wrong to withhold their consent. Exhibit 13 is an audio recording of Chief Terence Monahan testifying before the Civilian Complaint Review Board ("CCRB") about the human rights violations at Mott Haven, in the Bronx, on June 4, 2020. The New York City

Rickner PLLC

Police Department's violent response to this peaceful protest has been widely condemned.[1] The widespread outrage led to multiple investigations into the NYPD and Chief Monahan's violent conduct, including several lengthy investigations by the CCRB, following dozens of civilian complaints.

Chief Monahan testified for more than two hours, making admissions that support Plaintiffs' case, and making false statements that are directly contradicted by video. A computer-generated transcript of this recording is attached as Exhibit B to this letter motion, to aid in the Court's review of the materials, and a DVD with the audio itself will be delivered to chambers. The motion to amend and consolidate is currently filed with the Exhibit 13 portions redacted.

Following Chief Monahan's testimony, along with the testimony of multiple other witnesses and the review of numerous videos and documents, the CCRB found that it would have substantiated the numerous allegations of misconduct against him. *See* Ex. C (CCRB Closing Statement).[2] But Chief Monahan retired before the investigation was closed, so they could not do so.

There is no reason to keep this document confidential, and away from the public, because it is a public document, available through the Freedom of Information Law. New York Civil Rights Law § 50-a, that once barred disclosure of these records, was repealed as part of the "Say Their Name" reform package, which accompanied amendments to the FOIL statute.

State courts have subsequently ratified the legislature's clear intent to make these records publicly available, declaring that disclosure of these records "is specifically authorized by statute," because "§ 86(6)(a) defines as presumptively disclosable any record created in furtherance of a law enforcement disciplinary proceeding, including allegations, regardless of whether they were substantiated or unsubstantiated." *Buffalo Police Benevolent Ass'n, Inc. v. Brown*, 69 Misc. 3d 998, 1004 (Sup. Ct., Erie Co. 2020); *People v. Cooper*, 71 Misc. 3d 559, 567 (Co. Ct., Erie Co. 2021) ("The legislative intent in repealing 50-a was to make law enforcement disciplinary records fully available. The definition of 'law enforcement disciplinary records' is expansive and inclusive. It does not distinguish between unfounded, exonerated, substantiated or unsubstantiated."); *People v. Porter*, 71 Misc. 3d 187, 191 (Crim. Ct., Bronx Co. 2020) ("The repeal of Civil Rights Law § 50-a eliminates barriers and obstacles that may have inhibited access to [disciplinary] records in the past."). Further, "if the legislature's intent was to shield unsubstantiated [disciplinary] records it could have specified as such." *New York Civil Liberties Union v New York City Dept. of Correction*, 2022 WL 1156208, at *2 (Sup Ct, NY County, Apr. 19, 2022).

In the Second Circuit, there is a presumption of public access to judicial documents, except for narrow exceptions that do not apply here. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). Chief Monahan's testimony is a public document from a public agency

---

[1] For example, Human Rights Watch called the response, accurately, a violation of international human rights law, and issued a detailed video and 99-page report, available at: https://www.hrw.org/news/2020/09/30/us-new-york-police-planned-assault-bronx-protesters

[2] The Closing Statement is also improperly marked confidential, and will be filed under seal. The arguments for it being made public are the same as Chief Monahan's interview.

Rickner PLLC

investigation into the NYPD's conduct at a protest that received widespread public scrutiny. There is simply no justification for keeping this audio recording confidential.

In sum, while Plaintiffs are required to make this motion to seal under the Confidentiality Order in the consolidated cases, we respectfully submit the motion should be denied and Exhibit 13 be made part of the publicly available docket.

We thank the Court for considering this matter.

Respectfully,

/s/

Rob Rickner