UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- x

In re:  New York City Policing During
Summer 2020 Demonstrations,

_____

This document is related to:

*Sow et al. v. City of New York et al.,*
21-cv-533(CM)(GWG)

-------------------------------------------------- x

**DEFENDANTS' OBJECTIONS AND
RESPONSES  TO SOW PLAINTIFFS'
FIRST SET OF REQUESTS FOR
ADMISSION, SUPPLEMENTAL
INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF
DOCUMENTS TO ALL DEFENDANTS**

20 Civ. 8924 (CM)(GWG)

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendants City of New York, Mayor Bill DeBlasio, Commissioner Dermot Shea, Chief Terrence Monahan, Detective Edward Carrasco, Officer Talha Ahmad, and Officer Kevin Argo respond and object to Sow Plaintiffs' First Set of Requests for Admission, Supplemental Interrogatories and Requests for Production of Documents to all defendants as follows:

## GENERAL STATEMENT

1.      By responding to any request, defendants do not concede the materiality of the subject to which it refers.  Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with

respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

**REQUEST FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Plaintiffs request that defendants admit that Commissioner Shea expressed concern that the curfew would suppress first amendment activity.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

In response to Request No. 1, defendants object on the grounds this request is improper as it seeks information that is not in the current knowledge, possession, or control of defendant City of New York. Further, defendants cannot respond to this Request without providing an explanation, and therefore it is improper.

**REQUEST FOR ADMISSION NO. 2:**

Plaintiffs request that defendants admit that Mayor de Blasio stated that the City will not enforce the curfew against "peaceful protesters."

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

In response to Request No. 2, defendants object on the grounds this request is improper as it seeks information that is not in the current knowledge, possession, or control of defendant City of New York. Further, defendants cannot respond to this Request without providing an explanation, and therefore it is improper.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the infractions, violations, and/or crimes which gave rise to probable cause for the detention and/or arrest of each of the Named Plaintiffs.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to Interrogatory No. 1 on the grounds that it is duplicative of plaintiffs' First Consolidated Set of Interrogatories No. 13, which already sought "every Officer who determined there was probable cause to Arrest" each plaintiff. Defendants further object on the grounds that that it seeks information already known to the plaintiffs by virtue of their criminal prosecutions and/or defendants' prior disclosures.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to defendants' Objections and Responses to plaintiffs' First Consolidated Set of Interrogatories No. 13.

**INTERROGATORY NO. 2:**

Identify each individual and/or officer who issued a dispersal order at any protest location on the date and time identified in Scheduled A, including:

    a.  the language of the order;

    b.  method used to convey the order (i.e. bullhorn, LRAD, voice only, etc.);

    c.  the number of times such order was given;

    d.  which path(s) of egress was/were provided; and

    e.  the duration of time such egress was made available.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to Interrogatory No. 2 on the grounds that it is unduly burdensome to identify every officer who issued a dispersal order for all 83 Protest Locations; it

- 3 -

is not proportional to the needs of the case because the burden and expense of identifying each and every officer who issued a dispersal order at or near all 83 Protest Locations outweighs any likely benefit to plaintiffs; and it is compound in that it seeks the language of the order, method used to convey the order, the number of times such order was given, which path(s) of egress was/were provided, and the duration of time such egress was made available at each of the 83 Protest Locations all in the same interrogatory.  Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence. Defendants further object that it is overbroad because it seeks the identity of officers who issued a dispersal order for all 83 Protest Locations but have no knowledge of the Incidents in the Complaints.  Defendants further object that it seeks information already known to the plaintiffs by virtue of their criminal prosecutions and/or defendants' prior disclosures.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to the documents produced as part of defendants' productions VOL040_Confidential and VOL041_Not Confidential.

**INTERROGATORY NO. 3:**

Identify each individual and/or officer who placed each Named Plaintiff in handcuffs and/or flex cuffs.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 on the grounds that it is duplicative of plaintiffs' First Consolidated Set of Interrogatories No. 8, which already sought "every Officer associated with or otherwise involved in the factual circumstances" of each Plaintiff and that includes the officers responsive to this interrogatory. Defendants further object on the grounds

that that it seeks information already known to the plaintiffs by virtue of their criminal prosecutions and/or defendants' prior disclosures.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to defendants' Objections and Responses to plaintiffs' First Consolidated Set of Interrogatories No. 8.

**INTERROGATORY NO. 4:**

Identify each individual who was arrested at a location listed in Schedule A.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to Interrogatory No. 4 on the grounds that it is duplicative of plaintiffs' First Consolidated Set of Interrogatories No. 6, which already sought "every person who NYPD…Arrested" for all 83 Protest Locations and that includes the individuals responsive to this interrogatory. Defendants also object to this interrogatory on the grounds that it is unduly burdensome to identify every person "arrested" for all 83 Protest Locations. Defendants further object that it is not proportional to the needs of the case insofar as the burden and expense of identifying the requested information for civilians outweighs any likely benefit to plaintiffs. Defendants further object that it seeks information already known to the plaintiffs by virtue of their criminal prosecutions and/or defendants' prior disclosures. Defendants further object insofar as the requested information about civilians is protected from disclosure pursuant to New York Criminal Procedure Law sections 160.50, *et seq.* Defendants also object that this interrogatory is in violation of Local Civil Rule 33.3 insofar as it seeks discrete incidents unrelated to plaintiffs or the incidents in the Complaints because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to defendants' Objections and Responses to plaintiffs' First Consolidated Set of Interrogatories No. 6.

**INTERROGATORY NO. 5:**

Identify each individual and/or officer who otherwise used force on each Named Plaintiff in connection with each Named Plaintiff's arrest and/or interaction with the NYPD during a protest.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Interrogatory No. 5 on the grounds that it is duplicative of plaintiffs' First Consolidated Set of Document Requests No. 13, which already sought "every use of force by an Officer" for all 83 Protest Locations and that includes the individuals responsive to this interrogatory.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to defendants' Objections and Responses to plaintiffs' First Consolidated Set of Document Requests No. 13 and the documents produced as part of defendants' productions VOL007_Confidential, VOL007_Not Confidential, VOL008_Confidential, VOL008_Not Confidential, VOL010_Confidential, VOL011_Not Confidential, VOL014_Confidential, VOL031_Confidential, VOL035_Confidential, and VOL037_Confidential.

**INTERROGATORY NO. 6:**

Identify, by name and timestamp, any video produced to Defendant City of New York in any case, or in this case depicting each Plaintiff.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to Interrogatory No. 6 on the grounds that it is duplicative of plaintiffs' First Consolidated Set of Document Requests No. 8, which already sought "All videos, including TARU videos, bodyworn camera videos, and Aviation Unit videos" for all 83 Protest Locations and that includes the individuals responsive to this interrogatory. Defendants also object as it would be unduly burdensome to identify every video produced an any case where plaintiff was depicted.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to defendant's Objections and Responses to plaintiffs' First Consolidated Set of Document Requests No. 8 as well as the thousands of hours of video footage previously produced, including Body-Worn Camera, TARU, Aviation and ARGUS footage.

**INTERROGATORY NO. 7:**

Identify, by name and timestamp, any video produced to defendant City of New York in any case, or in this case depicting each Defendant.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to Interrogatory No. 6 on the grounds that it is duplicative of plaintiffs' First Consolidated Set of Document Requests No. 8, which already sought "All videos, including TARU videos, bodyworn camera videos, and Aviation Unit videos" for all 83 Protest Locations and that includes the individuals responsive to this interrogatory. Defendants also object as it would be unduly burdensome to identify every video produced an any case where plaintiff was depicted.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to defendant's Objections

and Responses to plaintiffs' First Consolidated Set of Document Requests No. 8 as well as the thousands of hours of video footage previously produced, including Body-Worn Camera, TARU, Aviation and ARGUS footage.

**INTERROGATORY NO. 8:**

Identify, by name and timestamp, any video produced in this case or any of the related cases listed in Document Request No. 1 depicting each Defendant by name of Defendant and timestamp of footage in which that Defendant appears.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to Interrogatory No. 6 on the grounds that it is duplicative of plaintiffs' First Consolidated Set of Document Requests No. 8, which already sought "All videos, including TARU videos, bodyworn camera videos, and Aviation Unit videos" for all 83 Protest Locations and that includes the individuals responsive to this interrogatory. Defendants also object as it would be unduly burdensome to identify every video produced an any case where plaintiff was depicted.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to defendant's Objections and Responses to plaintiffs' First Consolidated Set of Document Requests No. 8 as well as the thousands of hours of video footage previously produced, including Body-Worn Camera, TARU, Aviation and ARGUS footage.

**INTERROGATORY NO. 9:**

Identify any conversations, including electronic communications, between Defendants Monahan and de Blasio concerning the protests, including, but not limited to the telephone call that was recently made public held during the Mott Haven protest/arrests. (See

https://www.thecity.nyc/2021/5/18/22442881/floyd-protest-policing-defended-by-nypd-commissioner-shea).

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to Interrogatory No. 9 on the grounds that it is duplicative of plaintiffs' First Consolidated Set of Document Requests Nos. 18-19, which already sought "all Documents concerning communications" between "all NYPD personnel and personnel of the Office of the Mayor" and that includes the communications responsive to this interrogatory.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to defendants' Objections and Responses to plaintiffs' First Consolidated Set of Document Requests Nos. 18-19 and to the documents produced as part of defendants' productions DEF-E_001, DEF-E_002, DEF-E_003, DEF-E_004, DEF-E_005.

**INTERROGATORY NO. 10:**

Identify, by Name and Tax ID, each and every officer who was disciplined for using excessive force at a protest over the last 20 years, and identify the date, location and conduct resulting in such discipline.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to Interrogatory No. 10 on the grounds that it is not limited in time or scope and not proportional to the needs of the case insofar as the burden and expense of identifying the requested information for officers from the past 20 years outweighs any likely benefit to plaintiffs. Further, IAB Records prior to 2013 are not in electronic format. Investigatory Units, also referred to as OG case files, were paper until 2018. It is therefore difficult to search files that are not in electronic format and paper copies are in storage in one of

three places. Depending on if they were indexed clearly and properly, they may be difficult to locate.

From 2012 through 2018, "outside guidelines" files are paper only, some are in storage, and the same issues as above apply. Logs however, and not the entire files, are available in electronic format, but contain limited information. Moreover, the date of incident may not be a searchable category, making it difficult to limit the searches to a particular date of incident/protest. In order to find complaints of use of excessive force at a protest over the last 20 years, each complaint would have to be individually reviewed for that information. It is estimated that it would take at least 250 hours to search for all requested documents, plus an additional 150 hours to review, redact, and produce them.

**INTERROGATORY NO. 11:**

For Officers identified in the interrogatory above (Interrogatory No. 10), identify the nature of the discipline received.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

See objections and response to Interrogatory No. 10.

**INTERROGATORY NO. 12:**

For each Protest Location listed in the attached Schedule B, Documents sufficient to identify the intended roles or functions, deployments, commands, and instructions provided to each and every Officer who was assigned to, or who responded to, the Protest Location, permits sought for such protest, instructions conveyed to officers assigned to police such protest, intelligence received regarding such protest, including but not limited to documents identifying:

      a.  the commanding Officer for each location;

      b.  the full name, shield number, tax identification number, assigned command, and rank of each Officer deployed;

c. each Officer's assignment post, including the assignment address and borough;

d. any and all Officers assigned to supervise or oversee such deployment;

e. any attorneys from either the NYPD or the NYC Law Department at each location;

f. all intelligence reports created prior to, during or after each protest;

g. any roll call or other documents identifying the assignment of officers to these protests;

h. all Threat Response Inquiry ("TRI"), Officer Injury Reports, Complaints, or other written documentation of any kind related to such deployment;

i. all Unusual Incident or Occurrence Reports (PD370-152; UF-49);

j. all instructions or directives regardless of form regarding police equipment and uniforms (including disorder control gear, face coverings, and so-called "mourning bands") to be worn or possessed by Officers during the assignment;

k. any communications relating to the decision to deploy Officers from the SRG and any instructions or directives provided to the SRG or Officers assigned to such deployments;

l. any applications for permits related to these protests, including but not limited to, permits to march in the street, permits to march on the bridge roadway, permit for sound amplification;

m. any requests for TARU to be present at any of these locations;

n. any dispersal orders that were provided to officers who would be policing these protests;

o. any documents, memos, emails, communications in possession of any defendant related to these protests; and

p. any document identifying a policy of the defendants on how to police any of the protests identified in Schedule B.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:

Defendants object to Document Request No. 8 on the grounds that it is compound

in that it seeks video, police records, emails, text messages, and other materials all in the same

request and it has 16 discrete subparts; subsection "o" is not limited in scope to any particular subject matter because it simply asks for "any document;" and it is overbroad because not every individual and officer present at the 10 Protest Locations have relevant knowledge to this litigation. Defendants also object to this document request on the grounds that it seeks documents that are already in plaintiffs' possession, custody, or control by virtue of defendants' previous disclosures. Defendants further object that this request is not proportional to the needs of the case because plaintiffs already have some of the requested documents and the burden and expense of searching for and producing "all" of the requested materials, including those that do not pertain to plaintiffs, far outweigh any likely benefit to plaintiffs. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq*. Defendants further object insofar as any of the requested documents contain information protected from disclosure by the law enforcement privilege because they contain information of confidential sources.

Defendants further object insofar as this interrogatory seeks information not within the custody, possession, or control of defendant City or the NYPD. Upon information and belief, Mario Cuomo Bridge is under the jurisdiction of the NY State Thruway Authority and the Whitestone Bridge is under the jurisdiction of the Tri-borough Bridge and Tunnel Authority. Additionally, upon information and belief, the December 2, 2020 "Protest against closing of Mac's Public House" was responded to by the Richmond County Sherriff's Office, not by NYPD. Therefore, any records or information relating to those protests is not within the knowledge or custody of the NYPD.

Subject to and without waiving any of the above objections, defendants refer plaintiffs to the documents produced in DEF_PD_002, VOL08_Not Confidential,

VOL037_Confidential, VOL041_Confidential, VOL041_Confidential. Defendants are still searching for additional documents responsive to this request and will produce any responsive documents found on or before June 24, 2022.

**INTERROGATORY NO. 13:**

Who made the decision that officers should conduct custodial arrests of protesters for violations of New York Penal Law § 240.20 and the Mayor's Executive Curfew Orders during the events listed in Schedule A and describe how this decision was made.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to Interrogatory No. 13 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that Interrogatory No. 13 is duplicative of plaintiffs' First Consolidated Set of Document Requests No. 41, which already sought "all Documents reflecting NYPD policies and practices in effect during the Protests regarding the steps involved in processing an Arrest for a Protest-Related Violation or Offense related to a protest or demonstration" and that includes the decisions responsive to this interrogatory. Defendants also object to the extent this interrogatory seeks a narrative.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to defendants' Objections and Responses to plaintiffs' First Consolidated Set of Document Requests No. 41 and to the documents produced as part of defendants' productions VOL002_Confidential, VOL005_Confidential, VOL005_Not Confidential, VOL006_Not Confidential, VOL007_Confidential, VOL007_Not Confidential, VOL008_Confidential, VOL008_Not Confidential, VOL009_Confidential, VOL010_Confidential, VOL011_Not Confidential, VOL014_Confidential, VOL018_Confidential, VOL019_Not Confidential,

VOL026_Confidential, VOL031_Confidential, VOL032_Confidential, VOL035_Confidential, VOL037_Confidential, VOL039_Confidential. As well as, NYPD Patrol Guide, available at https://www1.nyc.gov/site/ccrb/investigations/nypd-patrol-guide.page.

**INTERROGATORY NO. 14:**

Who made the decision that Emergency Executive Order 117 and Emergency Executive Order 119 establishing the city-wide curfews should be enacted and/or issued and describe how these decisions were made.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:**

Defendants object to Interrogatory No. 14 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that Interrogatory No. 14 is in violation of Local Civil Rule 33.3 because it seeks information other than the identity of witnesses with relevant knowledge and the description and location of physical evidence, insofar as it seeks individuals who have no specific knowledge about the plaintiffs or the incident in the Complaints. Defendants also object to the extent this interrogatory seeks a narrative.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to the documents produced as part of defendants' productions DEF-E_001, DEF-E_002, DEF-E_003, DEF-E_004, DEF-E_005.

**INTERROGATORY NO. 15:**

Identify any and all protests listed in Schedule A to which the SRG was deployed and whether those protests were categorized as "civil disobedience" "nonviolent/complaint crowds" and/or "violent/non-complaint crowd control arrests," and/or other categorizations used, pursuant to the SRG training manuals.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:**

Defendants object to Interrogatory No. 15 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that Interrogatory No. 15 is duplicative of plaintiffs' First Consolidated Set of Interrogatories No. 1, which already sought to "identify each and every Officer present, deployed, or otherwise involved in performing official duties at or near such Protest Location, including…assigned command" for all 83 Protest Locations and that includes the Protest Locations responsive to this interrogatory. Defendants also object to this interrogatory on the grounds that it is unduly burdensome to identify every protest in which SRG was deployed from 83 Protest Locations.  Defendants also object to Interrogatory No. 15 on the grounds that it is duplicative of plaintiffs' First Consolidated Set of Document Requests No. 7, which already sought "Documents sufficient to identify the…deployments, commands" who responded to all Protest Locations on Schedule A.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to defendants' Objections and Responses to plaintiffs' First Consolidated Set of Interrogatories No. 1, defendants' Objections and Responses to plaintiffs' First Consolidated Set of Document Requests No. 7, and to the documents produced as part of defendants' productions VOL002_Confidential, VOL003_Confidential, VOL004, VOL005_Not Confidential, VOL035_Confidential, VOL037_Confidential, VOL037_Not Confidential, VOL039_Confidential, VOL008_Confidential, VOL008_Confidential_1, VOL008_Not Confidential, VOL009_Confidential, VOL010_Confidential, VOL014_Confidential. Further, defendants' state that protests are not categorized by the classifications listed in Interrogatory No. 15, and therefore, no Protest on Schedule A was classified as any of the above.

**INTERROGATORY NO. 16:**

Identify any and all policy changes, changes in training, or FINEST messages which were in some way a response to the judgment in *Abdell v. City of New York*, No. 05 Civ. 8453 (RJS) (S.D.N.Y.) and/or *Gersbacher v. Winski*, No. 14 Civ. 7600 (S.D.N.Y.); the settlement in *Rodriguez v. Winski*, 12 Civ. 3389 (NRB) (S.D.N.Y.), and district court summary judgment decision in *Dinler v. City of New York*, 1:04-cv-7921 (S.D.N.Y.) (Dkt. No. 312 therein).

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 16:**

Defendants object to Interrogatory No. 16 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that Interrogatory No. 16 is duplicative of plaintiffs' First Consolidated Set of Document Requests No. 85, which already sought documents "concerning policy or practice changes, changes in training, or FINEST messages that were in some way a response to the judgment in *Abdell v. City of New York*, No. 05 Civ. 8453 (RJS) (S.D.N.Y.) and/or *Gersbacher v. Winski*, No. 14 Civ. 7600 (S.D.N.Y.); the settlement in *Rodriguez, Williams, James, et al v. City of New York*, 12-cv-03389 (S.D.N.Y.); or the District Court summary judgment decision in *Dinler v. City of New York* 1:04-cv-7921 (S.D.N.Y.) (Dkt. No. 312 therein)."

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, defendants refer plaintiffs to defendants' Objections and Responses to plaintiffs' First Consolidated Set of Document Requests No. 85.

**INTERROGATORY NO. 17:**

Identify any and all policy changes, changes in training, or FINEST messages concerning the settlement of the RNC cases, including but not limited to *MacNamara, et al., v. City of New York, et al.*, 04 Civ. 9216 (KMK)(JCF).

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17:**

Defendants object to Interrogatory No. 17 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that Interrogatory No. 17 is duplicative of plaintiffs' First Consolidated Set of Document Requests No. 86, which already sought documents "concerning policy or practice changes, changes in training, or FINEST messages that were in some way a response to the settlement of the RNC cases, including but not limited to *MacNamara, et al., v. City of New York, et al.*, 04 Civ. 9216 (KMK)(JCF) (S.D.N.Y.)."

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, defendants refer plaintiffs to defendants' Objections and Responses to plaintiffs' First Consolidated Set of Document Requests No. 86.

**INTERROGATORY NO. 18:**

Identify the 'senior official' who stated there were not enough police officers. Referenced at page 31 of the NYC Department of Investigation Report.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18:**

Defendants object to Interrogatory No. 18 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object to Interrogatory No. 18 on the grounds that it is confusing and impossible to answer as there is no mention of a "senior official" on page 31 of the NYC

Department of Investigation Report. Defendants cannot respond to Interrogatory No. 18 without more information, including the correct page number.

**INTERROGATORY NO. 19:**

Identify by investigation number and officer name individuals who were recommended for discipline and or charges by the CCRB listed in Exhibit 1, CCRB 2020 Protest Data Snapshot Oct 18, 2021.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 19:**

Defendants object to Interrogatory No. 19 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that Interrogatory No. 19 is duplicative of plaintiffs' First Consolidated Set of Document Requests No. 15, which already sought "all Documents concerning any incidents currently or formerly under investigation or referred for investigation by the Civilian Complaint Review Board ("CCRB") including all related complaints…and any other Documents collected, considered, or reviewed, an any determinations, disciplinary recommendations, or other outcome recommendations made by the NYPD or CCRB with respect to any occurrence that happened at such Protest Location."

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refer plaintiffs to defendants' Objections and Responses to plaintiffs' First Consolidated Set of Document Requests No. 15 and to the documents produced as part of defendants' productions Vol. 035, Vol. 037, Vol. 40_Confidential, Vol. 41_Not Confidential, and Vol. 42_Confidential.

**INTERROGATORY NO. 20:**

Identify the type of discipline and/or charges which were recommended for the officers identified in response to Interrogatory No. 19.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 20:**

See Objections and Response to Interrogatory No. 19.

**INTERROGATORY NO. 21:**

Identify John and Jane Does 1-20 who formed the line blocking Brook Avenue.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 21:**

Defendants object to Interrogatory No. 21 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object as this interrogatory is confusing and impossible to answer.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to make a reasonable inquiry without images of the referenced line or alternatively, body worn camera footage where said line is visible.

**INTERROGATORY NO. 22:**

Identify John and Jane Does 21-40 who formed the line blocking 136th Street and Brown Place.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 22:**

Defendants object to Interrogatory No. 22 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object as this interrogatory is confusing and impossible to answer.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to make a reasonable inquiry without images of the referenced line or alternatively, body worn camera footage where said line is visible.

**INTERROGATORY NO. 23:**

       Identify John and Jane Does 41-60 who formed the blockade between 136th Street and the sidewalks to the north and south of 136th Street.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 23:**

       Defendants object to Interrogatory No. 23 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object as this interrogatory is confusing and impossible to answer.

       Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to make a reasonable inquiry without images of the referenced line or alternatively, body worn camera footage where said line is visible.

**INTERROGATORY NO. 24:**

       Identify John Doe NYPD Legal Bureau Attorney, wearing Helmet No. 26435, whose helmet number does not match the assigned officer, as depicted in the still below from June 4, 2020.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 24:**

       Defendants object to Interrogatory No. 24 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1).

       Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that NYPD has identified the Legal Bureau Attorney as Sgt. Kenneth Rice, Shield No. 4867, 1 Police Plaza, New York, New York 10038.

**INTERROGATORY NO. 25:**

Identify SRG Doe Officer who can be seen in the City's production, Body Worn Camera footage 11808655_1 at timestamp 0:04-0:10, striking David Jaklevic with a bicycle, as noted in paragraph 136 of Plaintiffs' First Amended Complaint, and as depicted in the stills below.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 25:**

Defendants object to Interrogatory No. 25 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that, upon information and belief, the individual depicted in the attached stills may be defendant Kevin Argo, however, the quality of the images and the referenced video make it difficult to be confirm with certainty.

***Plaintiff:  David Jaklevic (May 30, 2020 arrest)***

**INTERROGATORY NO. 26:**

Identify Doe Officer who can be seen in the City's production, Body Worn Camera footage 11808554_1 at timestamp 1:35-1:42, violently pulling Mr. Jaklevic by his left arm while Mr. Jaklevic is restrained from behind by a white-shirt officer, before drawing Mr. Jaklevic out of frame, as noted in paragraph 137 of Plaintiffs' First Amended Complaint, and as depicted in the stills below.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 26:**

Defendants object to Interrogatory No. 26 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1).

Defendants further object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that other than the fact that this officer is assigned to SRG, defendants are unable to make a reasonable inquiry of this officer based on the quality of the images and body worn camera footage referenced.

## INTERROGATORY NO. 27:

Identify Doe Officer who can be seen in the City's production, Body Worn Camera footage 11808269_1 at timestamp 5:02-5:11 and 11808185_1 at timestamp 21:59, piling on top of Mr. Jaklevic, who pulled Mr. Jaklevic's arms forcefully back while on top of him, as noted in paragraph 139 of Plaintiffs' First Amended Complaint and as depicted in the stills below.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 27:

Defendants object to Interrogatory No. 27 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to make a reasonable inquiry of this officer based on the quality of the images and body worn camera footage referenced.

## INTERROGATORY NO. 28:

Identify white-shirt Doe Officer who can be seen in the City's production, Body Worn Camera footage 11808663_1 at timestamp 1:01-1:09 and 11808554_1 at timestamp 1:24-

1:43, violently pulling Mr. Jaklevic's arms from behind as noted in paragraph 137 of Plaintiffs' First Amended Complaint and as depicted in the stills below.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 28:**

Defendants object to Interrogatory No. 28 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that other than the fact that this officer is assigned to SRG, defendants are unable to make a reasonable inquiry of the officer based on the quality of the images and body worn camera footage referenced.

**INTERROGATORY NO. 29:**

Identify Doe Officer, Helmet No. 11026, who can be seen in the City's production, Body Worn Camera footage 11808148_1 at timestamp 20:12, visible as one of the officers who tackled Mr. Jaklevic, as noted in paragraphs 137 through 143 of Plaintiffs' First Amended Complaint and as depicted in the still below.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 29:**

Defendants object to Interrogatory No. 29 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that, Shield #11026 belonged to PO

Dylan Darnaud, Tax No. 960423, who was assigned to the 10th Precinct, 230 W 20th St, New York, NY 10011, on the date of incident.

**INTERROGATORY NO. 30:**

Identify Doe Officer, Helmet No. 20331, who can be seen in the City's production, Body Worn Camera footage 11808148_1 at timestamp 20:16, visible as one of the officers who tackled Mr. Jaklevic, as noted in paragraphs 137 through 143 of Plaintiffs' First Amended Complaint and as depicted in the still below.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 30:**

Defendants object to Interrogatory No. 30 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that Shield #20331 belonged to PO Anthony Botta, Tax No. 938097, assigned to the 112 Precinct, 68-40 Austin St, Forest Hills, NY 11375, on the date of incident.

**INTERROGATORY NO. 31:**

Identify Doe Officer, Helmet No. 15083, who can be seen in the City's production, Body Worn Camera footage 11808148_1 at timestamp 19:19, visible as one of the officers who tackled Mr. Jaklevic, as noted in paragraphs 137 through 143 of Plaintiffs' First Amended Complaint and as depicted in the still below.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 31:**

Defendants object to Interrogatory No. 31 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1).

Defendants further object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that upon information and belief the referenced image depicts a male officer wearing helmet number 16083. Shield #16083 belonged to PO Michael Castelli, Tax No. 933678, assigned to the 112 Precinct, 68-40 Austin St, Forest Hills, NY 11375, on the date of incident.

***Plaintiff:  Alexandra de Mucha Pino (May 30, 2020 arrest)***

**INTERROGATORY NO. 32:**

Identify 2 Doe Officers who shoved and handcuffed or assisted in handcuffing Ms. de Mucha Pino as noted in paragraphs 161 through 166 of Plaintiffs' First Amended Complaint and as depicted in the stills below.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 32:**

Defendants object to Interrogatory No. 32 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to make a reasonable inquiry of the officer based on the quality of the images referenced, and that more information is required such as the source of the video in which the images are taken from, as well as the Bates Stamp number if applicable.

**INTERROGATORY NO. 33:**

Identify 1 or more Doe Officers who ignored Ms. de Mucha Pino's requests to loosen her excessively tight handcuffs, as noted in paragraphs 168 through 170 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 33:**

Defendants object to Interrogatory No. 33 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify individuals based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

***Plaintiff: Oscar Rios (June 1, 2020 arrest)***

**INTERROGATORY NO. 34:**

Identify Doe Officer who tackled Mr. Oscar Rios, forced him prostrate on the ground, struck him multiple times with a baton, and punched him repeatedly, as noted in paragraph 185 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 34:**

Defendants object to Interrogatory No. 34 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to

identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 35:**

Identify Doe Officer who stepped on Mr. Rios's face, breaking his eyeglasses, and told Mr. Rios, in sum and substance, to "Shut the fuck up," after Mr. Rios expressed that he was struggling to breathe with his face pressed into the ground, as noted in paragraphs 188 through 191 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 35:**

Defendants object to Interrogatory No. 35 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 36:**

Identify 5 Doe Officers who sat or kneeled on top of Mr. Rios, continued to strike him with their fists and batons, handcuffed him with excessively tight flex-cuffs, and told him that they could not do anything about his complaints regarding the excessive tightness of the cuffs and the numbness in his hands, as noted in paragraphs 195 through 196 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 36:**

Defendants object to Interrogatory No. 36 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify individuals based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 37:**

Identify Doe Officer who threatened Mr. Rios with a baton and told him, in sum and substance, "Shut the fuck up," as noted in paragraphs 193 through 194 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 37:**

Defendants object to Interrogatory No. 37 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1).

Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 38:**

Identify Doe Officers who led Mr. Rios to a prisoner transport vehicle and loaded him or assisted in loading him inside, as noted in paragraph 197 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 38:**

Defendants object to Interrogatory No. 38 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify individuals based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 39:**

Identify Doe Officers inside the prisoner transport vehicle who denied Mr. Rios's request for a face mask, confiscated his fanny pack, and confiscated his phone, as noted in paragraphs 198 and 200 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 39:**

Defendants object to Interrogatory No. 39 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify individuals based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

***Plaintiff: Barbara Ross (June 1, 2020 incident)***

**INTERROGATORY NO. 40:**

Identify Jane Doe Officer who flung upon the door of an NYPD van and grabbed the handlebar of Ms. Barbara Ross's bicycle as she was riding past, causing Ms. Ross to be thrown off her bicycle and into the street, as noted in paragraphs 210 through 213 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 40:**

Defendants object to Interrogatory No. 40 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to

identify a Jane Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

***Plaintiff:  Matthew Bredder (June 2, 2020 arrest)***

**INTERROGATORY NO. 41:**

Identify 2 or more Doe Officers who threw Matthew Mr. Bredder to the ground and slammed his head into the street, resulting in a chipped tooth and a cut on his chin.  The same Doe Officers also pulled Mr. Bredder's arms behind his back and handcuffed him with plastic flex-cuffs, as noted in paragraphs 221 through 225 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 41:**

Defendants object to Interrogatory No. 41 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify

individuals based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

*Plaintiff:  Sabrina Zurkuhlen (June 2, 2020 arrest)*

**INTERROGATORY NO. 42:**

Identify John Doe Officer 1, who wore a blue NYPD uniform and riot helmet, and charged at Ms. Sabrina Zurkuhlen with a baton, knocked the phone out of her hands, struck her across the chest, arms, and upper body with his baton, and tackled her to the ground, as noted in paragraphs 247 and 249 through 252 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 42:**

Defendants object to Interrogatory No. 42 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 43:**

Identify Doe Officers 2-4 who descended on Ms. Zurkuhlen, beat her with batons, and kicked her, as noted in paragraph 253 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 43:**

Defendants object to Interrogatory No. 43 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify individuals based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 44:**

Identify Doe Officer who knelt on Ms. Zurkuhlen's legs while she was on the ground, preventing her from standing up, as noted in paragraphs 254 through 255 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 44:**

Defendants object to Interrogatory No. 44 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify

an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 45:**

Identify Doe Officer who sat on Ms. Zurkuhlen's back while she was on the ground, preventing her from standing up, as noted in paragraphs 254 through 255 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 45:**

Defendants object to Interrogatory No. 45 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 46:**

Identify white-shirt John Doe Officer 5 who said to other NYPD officers, in sum and substance, "Ok, that's enough guys, get her up," as noted in paragraph 258 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 46:**

Defendants object to Interrogatory No. 46 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1).

Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 47:**

Identify Doe Officer who laughed at Ms. Zurkuhlen when she requested her phone to be returned to her, and told Ms. Zurkhlen that her phone was gone, as noted in paragraph 261 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 47:**

Defendants object to Interrogatory No. 47 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 48:**

Identify Doe Officer who told other officers nearby to not turn on their Body Worn Cameras and cover their name badges, as noted in paragraph 263 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 48:**

Defendants object to Interrogatory No. 48 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 49:**

Identify Doe Officers who laughed at Ms. Zurkuhlen's requests to pull up her mask after it had fallen down or keep a safe distance between persons present, mocked her, and refused to help her, as noted in paragraphs 265 through 266 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 49:**

Defendants object to Interrogatory No. 49 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to

identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 50:**

Identify Doe Officers who loaded Ms. Zurkuhlen into the prisoner transport vehicle and held her in there for an extended period of time, as noted in paragraphs 270 through 271 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 50:**

Defendants object to Interrogatory No. 50 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify individuals based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 51:**

Identify Doe Officers who told Ms. Zurkuhlen, in sum and substance, to "Shut the fuck up," in response to her request to be able to help other arrestees who she observed to have

purple hands from excessively tight handcuffs and who she heard were complaining of numbness in the hands, as noted in paragraphs 267 through 269 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 51:**

Defendants object to Interrogatory No. 51 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify individuals based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 52:**

Identify Doe Officers inside the Brooklyn centralized arrest processing center who refused Ms. Zurkuhlen's many requests for water and instead mocked her, as noted in paragraphs 278 and 279 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 52:**

Defendants object to Interrogatory No. 52 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify

individuals based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

***Plaintiff:  Maria Salazar (June 3, 2020 arrest)***

**INTERROGATORY NO. 53:**

Identify John Doe Officer who rammed his bicycle into Ms. Salazar with such force that her mask came off her face, as noted in paragraphs 288 through 289 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 53:**

Defendants object to Interrogatory No. 53 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 54:**

Identify Jane Doe Officer who rammed her bicycle into Ms. Salazar with such force that her mask came off her face, as noted in paragraphs 288 through 289 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 54:**

Defendants object to Interrogatory No. 54 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a Jane Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 55:**

Identify blue-shirt John Doe Officer who appeared to be a young Black man and placed excessively tight handcuffs on Ms. Salazar, as noted in paragraphs 295 and 299 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 55:**

Defendants object to Interrogatory No. 55 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify

an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 56:**

Identify blue-shirt John Doe Officer who recuffed Ms. Salazar from plastic handcuffs into metal handcuffs.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 56:**

Defendants object to Interrogatory No. 56 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 57:**

Identify Doe Officers at the arrest processing center who ignored and/or refused Ms. Salazar's repeated requests for water and restroom access, as noted in paragraphs 304 through 305 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 57:**

Defendants object to Interrogatory No. 57 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to

identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

***Plaintiff: Matthew Bredder (June 4, 2020 arrest)***

**INTERROGATORY NO. 58:**

Identify Doe Officer who said to Mr. Bredder, in sum and substance, "Fuck you" or "Fuck off," and punched him on the chin, as noted in paragraph 314 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 58:**

Defendants object to Interrogatory No. 58 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 59:**

Identify John Doe Officers 83-86, who can be seen in the City's production, Body Worn Camera footage AXON_Body_2_Video_2020-06-04_2008.mp4 at timestamp 7:52, visible as appearing to all be males, 1 of whom appeared to be back and 1 of whom wore a yellow helmet, who picked Mr. Bredder up by his arms and legs approximately 3 feet off the ground, partially ripped his shirt off, and slammed and/or dropped him to the ground, as noted in paragraphs 315 through 318 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 59:**

Defendants object to Interrogatory No. 59 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to make a reasonable inquiry as to which body worn camera is referenced based on the information provided. Defendants require more information in order to respond to this interrogatory such as the recording Officer's Name, Tax ID #, date and time recorded at, and length of video.

**INTERROGATORY NO. 60:**

Identify white-shirt John Doe Officer who can be seen in the City's production, Body Worn Camera footage AXON_Body_2_Video_2020-06-04_2016-10.mp4 at timestamp

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 60:**

Defendants object to Interrogatory No. 60 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants also object that Interrogatory 60 is confusing and impossible to answer as it appears

a portion of the interrogatory is cut off and the defendants cannot possibly answer one portion of an interrogatory without seeing the missing portion.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to make a reasonable inquiry of the officer based on the quality of the images. Defendants are also unable to make a reasonable inquiry as to which body worn camera is referenced based on the information provided. Defendants require more information in order to respond to this interrogatory such as the recording Officer's Name, Tax ID #, date and time recorded at, and length of video.

**INTERROGATORY NO. 61: DOES NOT EXIST**

**INTERROGATORY NO. 62:**

Identify 2 blue-shirt Doe Officers who can be seen in the City's production, Body Worn Camera footage AXON_Body_2_Video_2020-06-04_2016-3.mp4 at timestamp 06:02, standing next to Mr. Bredder as he waits in line to get onto the transport vehicle, as depicted in the still below.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 62:**

Defendants object to Interrogatory No. 62 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1).

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to make a reasonable inquiry of the officer based on the quality of the images. Defendants are also unable to make a reasonable inquiry as to which body worn camera is referenced based on the information provided. Defendants require more information in order to respond to this interrogatory such as the recording Officer's Name, Tax ID #, date and time recorded at, and length of video.

*Plaintiff:  Dara Pluchino (June 4, 2020 arrest)*

**INTERROGATORY NO. 63:**

Identify blue-shirt Jane Doe Officer 82, appearing to be a Black woman, who grabbed Ms. Pluchino and passed her to Lieutenant/Sergeant John Doe 83, and as depicted in the stills below.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 63:**

Defendants object to Interrogatory No. 63 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1).

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to make a reasonable inquiry of the officer based on the quality of the images referenced. Defendants require more information in order to respond to this interrogatory such as  the recording Officer's Name, Tax ID #, date and time recorded at, and length of video.

**INTERROGATORY NO. 64:**

Identify blue-uniform Lieutenant/Sergeant John Doe 83, who can be seen in the City's production, Body Worn Camera footage DEFVID_000000477 at timestamp 0:38, with helmet showing number 75 and appearing to be a white male, who placed Ms. Pluchino in excessively tight handcuffs, unmasked her, and pulled on her left upper arm so hard that he left a bruise, as noted in paragraphs 335 through 337 of Plaintiffs' First Amended Complaint and as depicted in the stills below.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 64:**

Defendants object to Interrogatory No. 64 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1).

Defendants further object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that any force used was reasonably necessary to effectuate plaintiff's lawful arrest. Defendants also state that Shield #75 belonged to Sergeant Thomas Rodriguez, Tax No. 947426, of the 69 Precinct, 9720 Foster Ave, Brooklyn, NY 11236, on the date of incident.

**INTERROGATORY NO. 65:**

Identify blue-shirt John Doe Officer who can be seen in the City's production, Body Worn Camera footage AXON_Body_2_Video_2020-06-04_2021-4.mp4 at timestamp 8:12-8:25, who leads Ms. Pluchino into the intersection to sit down in the middle of the street, as noted in paragraph 338 of Plaintiffs' First Amended Complaint, and as depicted in the stills below.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 65:**

Defendants object to Interrogatory No. 65 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1).

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to make a reasonable inquiry of the officer based on the quality of the images referenced. Defendants are also unable to make a reasonable inquiry as to which body worn camera is referenced based on the information provided. Defendants require more information in order to respond to this interrogatory such as  the recording Officer's Name, Tax ID #, date and time recorded at, and length of video.

**INTERROGATORY NO. 66:**

Identify blue-shirt John Doe Officer who can be seen in the City's production, Body Worn Camera footage AXON_Body_2_Video_2020-06-04_2026.mp4 at timestamp 3:00, who walks with his arm/hand on Ms. Pluchino, as noted in paragraph 338 of Plaintiffs' First Amended Complaint, and as depicted in the stills below.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 66:

Defendants object to Interrogatory No. 66 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1).

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to make a reasonable inquiry of the officer based on the quality of the images referenced. Defendants are also unable to make a reasonable inquiry as to which body worn camera is referenced based on the information provided. Defendants require more information in order to respond to this interrogatory such as the recording Officer's Name, Tax ID #, date and time recorded at, and length of video.

## INTERROGATORY NO. 67:

Identify blue-shirt Doe Officer, who can be seen in the City's production, Body Worn Camera footage AXON_Body_2_Video_2020-06-04_2133.mp4 at timestamp 2:40, with "Luckert" and number "31654" embroidered on his shirt, standing at the back of the prisoner transport vehicle, receiving arrestees and coordinating loading them into the vehicle, as depicted in the stills below.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 67:

Defendants object to Interrogatory No. 67 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1).

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that Shield #31654 belonged to PO

Robert Luckert, Tax No. 930606, assigned to SRG 4, 137-58 Northern Blvd, Flushing, NY 11354, on the date of incident.

*Plaintiff:  Adama Sow (June 4, 2020 arrest)*

## INTERROGATORY NO. 68:

Identify John Doe Officer 82, appearing to be white and who Mr. Sow believed to be a "Chief," who gave an order to disperse when there was no physical room available for Mr. Sow to leave the area.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 68:

Defendants object to Interrogatory No. 68 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

## INTERROGATORY NO. 69:

Identify Doe Officer who sprayed pepper spray into Mr. Sow's left eye, as noted in paragraph 352 of Plaintiffs' First Amended Complaint.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 69:

Defendants object to Interrogatory No. 69 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to

identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 70:**

Identify Doe Officer who grabbed Mr. Sow from behind and pushed him against a car, as noted in paragraph 353 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 70:**

Defendants object to Interrogatory No. 70 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 71:**

Identify John Doe Officer 83 who, in response to Mr. Sow's request for his mask to be pulled up over his nose and mouth, pulled Mr. Sow's mask up over his eyes like a

blindfold, and shoved him onto the ground, as noted in paragraphs 354 through 356 of Plaintiffs'
First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 71:**

Defendants object to Interrogatory No. 71 on the grounds that the number of
interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1).
Defendants further object that it does not provide sufficient details or descriptions needed to
identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended
Complaint which are inadequate. Defendants also object that it assumes facts not established,
specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant
to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify
an individual based solely on the allegations in the complaint. Therefore, defendants have no
responsive information to provide.

**INTERROGATORY NO. 72:**

Identify Jane Doe Officer 84, appearing to be white, who responded to Mr. Sow's
requests to pull his mask over his nose and mouth by pulling his mask down around his neck.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 72:**

Defendants object to Interrogatory No. 72 on the grounds that the number of
interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1).
Defendants further object that it does not provide sufficient details or descriptions needed to
identify a Jane Doe Officer and simply just provides allegations in Plaintiffs' First Amended
Complaint which are inadequate.

Subject to and without waiving any of the above objections, defendants, pursuant
to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify

an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 73:**

Identify Doe Officers who put excessively tight handcuffs on Mr. Sow and refused to loosen them, as noted in paragraphs 358 and 362 through 366 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 73:**

Defendants object to Interrogatory No. 73 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify individuals based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 74:**

Identify Doe Officer who removed Mr. Sow's first set of excessively tight handcuffs, only to replace them with another pair of excessively tight handcuffs, as noted in paragraphs 367 through 369 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 74:**

Defendants object to Interrogatory No. 74 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1).

Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 75:**

Identify John Doe Officer 85 who said "I miss the raping days" to Officer Talha Ahmad, while Mr. Sow was waiting to be processed, as noted in paragraph 377 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 75:**

Defendants object to Interrogatory No. 75 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

*Plaintiff: Savitri Durkee (June 4, 2020 arrest)*

**INTERROGATORY NO. 76:**

Identify blue-shirt John Doe Officer, who can be seen in the City's production, Body Worn Camera footage AXON_Body_2_Video_2020-06-04_2003-2.mp4 at timestamp 19:50, AXON Body 2 Video 2020-06-04 2017 at timestamp 6:25, AXON_Body_2_Video_2020-06-04_2010.mp4 at timestamp 13:25, and AXON_Body_2_Video_2020-06-04_2001-2.mp4 at timestamp 22:17, appearing to be a white male, who can be seen standing in line with Ms. Durkee after she was handcuffed, in a group of people waiting to be walked up to the transport vehicle, as noted in paragraph 410 of Plaintiffs' First Amended Complaint, and as depicted in the stills below.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 76:**

Defendants object to Interrogatory No. 76 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1).

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to make a reasonable inquiry of the officer based on the quality of the images referenced. Defendants are also unable to make a reasonable inquiry as to which body worn camera is referenced based on the information provided. The information provided is not sufficient as BWC videos recorded on the same date can sometimes have the same title. Defendants require additional information to respond to this interrogatory, including the recording Officer's Name; Tax ID #; date; time recorded at; length of video if available.

**INTERROGATORY NO. 78:**

Identify blue-shirt Doe Officer, who can be seen in the City's production, Body Worn Camera footage AXON_Body_2_Video_2020-06-04_2007.mp4 at timestamp 0:53, visible as standing and facing Ms. Durkee, prior to her arrest, as depicted in the still below.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 78:**

Defendants object to Interrogatory No. 78 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1).

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that it is unclear from the interrogatory which officer Plaintiffs are seeking an identification of. Nevertheless, defendants are unable to make a reasonable inquiry of the officer based on the quality of the images referenced. Defendants are also unable to make a reasonable inquiry as to which body worn camera is referenced based on the information provided. The information provided is not sufficient as BWC videos recorded on the same date can sometimes have the same title. Defendants require additional information to respond to this interrogatory, including the recording Officer's Name; Tax ID #; date; time recorded at; length of video if available.

**INTERROGATORY NO. 77:**

Identify John Doe Officer who grabbed Ms. Durkee from behind, threw her to the ground on top of other protestors, told her, in sum and substance, to "Shut the fuck up," grabbed her hair, pulled her hair back, ripped her mask down, put his knee or baton into her back, and put handcuffs on her, as noted in paragraphs 402 through 406 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 77:**

Defendants object to Interrogatory No. 77 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate. Defendants also object that it assumes facts not established, specifically, that force was used upon plaintiff.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify an individual based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

**INTERROGATORY NO. 78:**

Identify Doe Officers who deployed pepper spray into the crowd of protestors, as noted in paragraph 409 of Plaintiffs' First Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 78:**

Defendants object to Interrogatory No. 78 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify individuals based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

- 55 -

**INTERROGATORY NO. 79:**

Identify Doe Officers who denied or delayed responding to Ms. Durkee's requests for medical attention and/or medication.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 79:**

Defendants object to Interrogatory No. 79 on the grounds that the number of interrogatories, including discrete subparts, exceed 25 in violation of Fed. R. Civ. P. 33(a)(1). Defendants further object that it does not provide sufficient details or descriptions needed to identify a John Doe Officer and simply just provides allegations in Plaintiffs' First Amended Complaint which are inadequate.

Subject to and without waiving any of the above objections, defendants, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that defendants are unable to identify individuals based solely on the allegations in the complaint. Therefore, defendants have no responsive information to provide.

## DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1:

Produce all documents referenced in Defendants' responses to the above Interrogatories.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:

See objections and responses to Interrogatory Nos. 1-79.

## DOCUMENT REQUEST NO. 2:

Produce the following documents for each Protest listed on attached Schedule A:

a. any and all intelligence reports, threat assessments, and information compiled and/or reviewed in advance of and during the Protests, including all Documents reflecting Officers' planning for policing the Protests, and any spreadsheets or other lists of "scheduled" and "unscheduled" events during the time period surrounding each Protest;

b. any and all communications, tactical decisions, intelligence alerts, policies or other directives issued by any Officer as a result of such intelligence reports, assessments, or other information pertaining to the Protests;

c. news clips, social media postings, and internet links gathered by the NYPD, including but not limited to such information and records gathered or created by the Office of the Deputy Commissioner for Public Information ("DCPI"), the Intelligence Division, or otherwise, related to any Protest;

d. requests for detail, Operations Unit (including Detail Section) records, "204s", "Who's Who," "Force Figures," "Detail Overview," roll calls, tactical plans, detail rosters, assignment sheets, internal communications, and other documents) concerning NYPD's deployment or assignment of Officers and resources relating to the Protests;

e. command Log(s) and other records created as a result of or related to the operation any Incident Command Post utilized in connection with policing a Protest;

f. records reflecting whether and, if so, by whom, when, and to what extent, dispersal orders or other warnings and opportunities to disperse or comply were given before enforcement action was taken at each Protest where force was used or detentions or Arrests were made;

g.  all To/From Memoranda, Unusual Occurrence Reports, U.F. 49s, Mass Arrest Reports and/or any other Documents consisting of summaries, reviews, recaps, evaluations, critiques, after-action reports, or other reports following any Protest, including but not limited to Joint Operations Center reports;

h.  all videos, including TARU videos, body worn camera videos, and Aviation Unit videos;

i.  all audio recordings, including audio recordings of NYPD Citywide and other radio communications;

j.  SPRINT reports and ITAC reports related to recorded communications (and documents sufficient to decipher such SPRINT and/or ITAC reports);

k.  internal NYPD communications, including, but not limited to, e-mails, text messages, records regarding telephone calls made or received;

l.  any and all TRI Reports, and any and all Incident Worksheets (PD370-154), and any and all TRI Incident-Investigating Supervisor's Assessment Reports (PD370-154A), any and all TRI Interaction Reports, all Unusual Incident Reports, including any and all other Documents relating to such reports and worksheets;

m.  command Log(s) from each arrest processing location to which a person arrested in connection with a Protest was brought, including any Mass Arrest Processing Center ("MAPC");

n.  MAPC intake and processing records; Documents sufficient to identify all Arrests by Officers based on alleged conduct occurring at each Protest Location, including Documents sufficient to identify the number of such Arrests voided by the NYPD;

o.  for any Officer who was injured during any Protest, any related Line of Duty injury paperwork, including but not limited to AIDED Report(s), witness statement(s), and medical records;

p.  for any non-Officer injured related to a Protest, all records related to such injury, including any AIDED Report, Medical Treatment of Prisoner Form, Central Booking Medical Screening Form, Ambulance Call Report, Computer Aided Dispatch, FDNY Pre-Hospital Care Report, and other documents related to such injury;

q.  documents concerning press inquiries received by Defendants and/or press releases or statements to the press made by individual Defendants or their agents related to any Protest, including such statements made in electronic communications such as e-mail or text messages.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendant City objects to this request on the grounds that it is duplicative of Plaintiffs' Consolidated Request No. 8.

Notwithstanding, and without waiving or in any way limiting its specific objections, Defendant City refers Plaintiffs to documents provided with Defendants' Initial Disclosures dated August 4, 2021, and to documents previously identified on the Combined DRI Chart produced to Plaintiffs on April 15, 2022, including documents produced in: VOL002_Confidential; VOL003_Confidential; VOL005_Confidential; VOL 008_Confidential; VOL008_Not Confidential; VOL009_Confidential; VOL010_Confidential; VOL011 _Confidential; VOL014_Confidential; VOL015_Not Confidential; VOL019_Not Confidential; VOL019_Confidential; VOL022_Not Confidential; VOL025_Not Confidential; VOL026_ Confidential; VOL028_Confidential; VOL029_Confidential; VOL034_Confidential_ Reproduction; VOL035_Confidential; VOL035_Not Confidential; VOL037_Confidential; VOL037_Not Confidential; and VOL039_Confidential.

Defendant also refers Plaintiffs to responsive documents produced in Defendants' production on April 15, 2022: VOL041 (including DEF_000460558; DEF_000460560; DEF_000460562; DEF_000460564; DEF_000428576; DEF_000428581; DEF_000428587; DEF_000428588; DEF_000428630; DEF_000428674; DEF_000428850; DEF_000408743; DEF_000478975; VOL 042 (including DEF_000462546; DEF_000442444; DEF_000471241); and VOL043 (including DEF_000408743).

**DOCUMENT REQUEST NO. 3:**

Produce all SRG documents for the protests dates and locations identified in Schedule A:

a. City Mobilization Log;

    b.   intelligence packets distributed by Local SRG Commanding Officer to supervisors that would appear at detail;

    c.   results of inspection;

    d.   photographs taken at MAPC;

    e.   Command Log(s); and

    f.   CIRC Response ("Critical Incident Response Capacity").

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:

Defendant City refers Plaintiffs to documents provided with Defendants; Initial Disclosures dated August 4, 2021, and to documents previously identified on the Combined DRI Chart produced to Plaintiffs on April 15, 2022, including documents produced in: VOL002_Confidential; VOL003_Confidential; VOL005_Not Confidential; VOL 008_Confidential; VOL008_Not Confidential; VOL009_Confidential; VOL010_Confidential; VOL011 _Confidential; VOL014_Confidential; VOL015_Not Confidential; VOL019_Not Confidential; VOL019_Confidential; VOL022_Not Confidential; VOL025_Not Confidential; VOL026_ Confidential; VOL028_Confidential; VOL029_Confidential; VOL034_Confidential_ Reproduction; VOL035_Confidential; VOL035_Not Confidential; VOL037_Confidential; VOL037_Not Confidential; and VOL039_Confidential.

Defendant also refers Plaintiffs to responsive documents produced in Defendants' production on April 15, 2022: VOL041 (including DEF_000428735; DEF_000428608; DEF_000429392; DEF_000429393; DEF_000428576); and VOL042 (including DEF_000462587).

## DOCUMENT REQUEST NO. 4:

Produce all OLPA (zOLPA) for all putative class members arrested from May 28, 2020 to January 18, 2021, at locations listed in Schedule A.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant City objects to this request as identifying "all" putative class members would be unduly burdensome as no class is yet defined or certified.

Defendant City refers Plaintiffs to documents provided with Defendants' Initial Disclosures dated August 4, 2021, and to documents previously identified on the Combined DRI Chart produced to Plaintiffs on April 15, 2022, including documents produced in: VOL005_Not Confidential; VOL 006_Confidential; VOL006_Not Confidential; VOL 008_Confidential; VOL008_Not Confidential; VOL009_Confidential; VOL010_Confidential; VOL011 _Confidential; VOL011_Not Confidential; VOL012_Confidential; VOL013_Confidential; VOL014_Confidential; VOL018_Not Confidential; VOL019_Not Confidential; VOL019_Confidential; VOL024_Not Confidential; VOL026_Confidential; VOL028_Confidential; VOL029_Confidential; VOL032_Confidential; VOL035_Confidential; VOL035_Not Confidential; VOL037_Confidential; and VOL037_Not Confidential.

Defendant also refers Plaintiffs to responsive document in Defendants' production on April 15, 2022: DEF_ 000406609, in VOL041.

**DOCUMENT REQUEST NO. 5:**

Produce redacted OLPA (zOLPA) for individuals arrested from May 28 to June 6, 2020, not at locations listed in Schedule A.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendant City objects to this request on the grounds that it is overbroad and seeks information which is not relevant to any party's claims or defenses, in that it seeks information pertaining to individuals who were not personally involved in and have no knowledge of the alleged incidents set forth in the Complaint. Defendant City further objects to this request on the grounds that it is unduly burdensome, as the burden of producing all

documents regarding all people arrested in New York City during a 10 day period when many of those arrests likely have nothing to do with protestors and then attempting to determine which are sealed and therefore cannot be produced is not proportional to the needs of the case, as it would take at least 200 hours of personnel time to compete this task.

Notwithstanding, and without waiving or in any way limiting its specific objections, Defendant refers Plaintiffs to responsive document in Defendants' production on April 15, 2022: DEF_ 000406609, in VOL041.

**DOCUMENT REQUEST NO. 6:**

Produce any and all documents, including emails, text messages, or other electronic communications which referenced the implementation of the mass arrest processing centers listed in Defendants' Fifth Supplemental Responses and Objections to Plaintiffs' First Consolidated Interrogatory No. 14

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant City refers Plaintiffs to MAPC documents provided with Defendants' Initial Disclosures dated August 4, 2021, and to documents previously identified on the Combined DRI Chart produced to Plaintiffs on April 15, 2022, including documents produced in: VOL002_Confidential; VOL003_Confidential; VOL005_Not Confidential; VOL006_Not Confidential; VOL007_Confidnetial; VOL007_Not Confidential; VOL 008_Confidential; VOL008_Not Confidential; VOL009_Confidential; VOL010_Confidential; VOL014_Confidential; VOL018_Confidential; VOL019_Confidential; VOL026_Confidential; VOL027_Confidential; VOL035_Confidential; VOL037_Confidential; and VOL037_Not Confidential; and VOL039_Confidential.

Defendant further states that it is continuing to search for documents responsive to this request, and will supplement this response, if appropriate, before the close of discovery.

**DOCUMENT REQUEST NO. 7:**

Produce any and all documents concerning the City's response to the COVID-19 pandemic in protest and/or arrest including, but not limited to the topics of:

    a.  social distancing;

    b.  hand sanitizing;

    c.  hand washing;

    d.  face coverings and/or face masks;

    e.  opening of windows;

    f.  ventilation; and

    g.  gloves and/or other PPE used by NYPD members of service.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant refers Plaintiffs to documents previously produced, including DEF_E_PD_00056704; DEF_E_PD_00051755, and documents previously produced in: VOL 040, (including DEF_000404676; DEF_000404676; DEF_000404670; DEF_000404664; and DEF_000404659). Defendant also refers Plaintiffs to responsive documents produced in Defendant's April 15, 2022 production, VOL 041 (including DEF_000459533; DEF_000428682; DEF_000428933; DEF_000428936; DEF_000428938; and DEF_000429497).

Defendant further states that it is continuing to search for documents responsive to this request, and will supplement this response, if appropriate, before the close of discovery.

**DOCUMENT REQUEST NO. 8:**

Produce any and all documents including electronic communications related to the preparation of mass arrest processing facilities sanitation logs, pest control logs, plans for cleaning, toilet cleaning provisions and logs, provisions of cleaning equipment and products for

the same, heating and cooling of the facilities and transport vehicles where prisoners would be held during processing time.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendant refers Plaintiffs to responsive document produced by Defendants on April 20, 2022 in: DEF_000482367, VOL045.

**DOCUMENT REQUEST NO. 9:**

Produce any and all documents, including electronic communications related to the decisions to custodially arrest protesters.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant City refers Plaintiffs to documents provided with Defendants' Initial Disclosures dated August 4, 2021, and to documents previously identified on the Combined DRI Chart produced to Plaintiffs on April 15, 2022, including documents produced in VOL005_Not Confidential; VOL006_Confidential; VOL006_Not Confidential; VOL007_Confidential; VOL007_Not Confidential; VOL 008_Confidential; VOL008_Not Confidential; VOL009_Confidential; VOL010_Confidential; VOL011 _Confidential; VOL011_Not Confidential; VOL012_Confidential; VOL013_Confidential; VOL014_Confidential; VOL018_Not Confidential; VOL019_Not Confidential; VOL019_Confidential; VOL024_Not Confidential; VOL026_Confidential; VOL028_Confidential; VOL029_Confidential; VOL032_Confidential; VOL035_Confidential; VOL035_Not Confidential; VOL037_Confidential; VOL037_Not Confidential; VOL038_Confidential; and VOL039_Confidential.

Defendant also refers Plaintiffs to responsive documents produced in Defendants' production on April 15, 2022: VOL041 (including DEF_000406558; DEF_000459547; DEF_000459560; DEF_000406585; DEF_000406587).

**DOCUMENT REQUEST NO. 10:**

Produce any and all documents, including electronic communications related to the briefings and training given to the individuals city employees who were in charge of supervising mass arrest processing facilities.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant City refers Plaintiffs to documents previously identified on the Combined DRI Chart produced to Plaintiffs on April 15, 2022, including documents produced in: VOL005_Confidential; VOL005_Not Confidential; VOL006_Not Confidential; VOL007_Confidential; VOL007_Not Confidential; VOL 008_Confidential; VOL008_Not Confidential; VOL009_Confidential; VOL010_Confidential; VOL011_Not Confidential; VOL014_Confidential; VOL018_Confidential; VOL019_Not Confidential; VOL026_ Confidential; VOL031_Confidential; VOL032_Confidential; VOL035_Confidential; VOL037_Confidential; and VOL037_Not Confidential.

Defendant also refers Plaintiffs to responsive documents produced in Defendants' production on April 15, 2022: VOL041 (including DEF_000461310); and VOL042 (including DEF_000466080; DEF_000466418; DEF_000468263; and DEF_000468639).

**DOCUMENT REQUEST NO. 11:**

Produce any and all documents, documents or communications have with any borough district attorney office relating to mass arrests that resulted in dispositions that include decline to prosecute.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendant City refers Plaintiffs to documents previously identified on the Combined DRI Chart produced to Plaintiffs on April 15, 2022, including documents produced

in: VOL005_Confidential; VOL005_Not Confidential; VOL006_Not Confidential; VOL007_Confidential; VOL007_Not Confidential; VOL 008_Confidential; VOL008_Not Confidential; VOL009_Confidential; VOL010_Confidential; VOL011_Not Confidential; VOL014_Confidential; VOL018_Confidential; VOL019_Not Confidential; VOL026_ Confidential; VOL031_Confidential; VOL032_Confidential; VOL035_Confidential; VOL037_Confidential; VOL037_Not Confidential; and VOL039_Confidential.

Defendant also refers Plaintiffs to documents previously produced in: VOL040 (including DEF_000405014; DEF_000405023; and DEF_0004056720).

## DOCUMENT REQUEST NO. 12:

Produce any and all documents, including electronic communications related to the information collected pursuant to Local Law 68-2020, the Department's Early Intervention Program (which collects information regarding certain declinations to prosecute), as well as Law Department declinations to indemnify or represent officers in civil lawsuits brought from protest arrests alleging a constitutional violation.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:

Defendant states that it has not located additional documents responsive to this request, but is continuing to search for responsive documents and will supplement this response, if appropriate, before the close of discovery.

## DOCUMENT REQUEST NO. 13:

Produce any and all documents reflecting policy changes, changes in training, or finest messages, and/or any discipline that incurred by any officer which were in some way a response to the judgment in *Abdell v. City of New York*, No. 05 Civ. 8453 (RJS) (S.D.N.Y.) and/or *Gersbacher v. Winski*, No. 14 Civ. 7600 (S.D.N.Y.); settlement in *Rodriguez v. Winski*, 12

Civ. 3389 (NRB (S.D.N.Y.) and district court summary judgment decision in *Dinler v. City of New York* 1:04-cv-7921 (S.D.N.Y.) (Dkt. No. 312 therein).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant City objects to this request on the grounds that it is duplicative of Plaintiffs' Consolidated Request No. 85.

**DOCUMENT REQUEST NO. 14:**

Produce any and all documents reflecting policy changes, changes in training, or finest messages which were in some way a response to the settlement of the RNC cases, including but not limited to *MacNamara, et al., v. City of New York, et al.*, 04 Civ. 9216 (KMK)(JCF) (S.D.N.Y.).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendant City objects to this request on the grounds that it is duplicative of Plaintiffs' Consolidated Request No. 86.

**DOCUMENT REQUEST NO. 15:**

Produce the Joint Operations Center (JOC) logs for each day listed in Schedule A.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendant City refers Plaintiffs to previously produced document DEF_E_PD_00076264; and documents previously produced in VOL008 (including DEF_000164805 and DEF_000157811); VOL009 (including DEF_000223785); and VOL037 (including DEF_000368444 and DEF_000368755). Defendant further states that it has not located additional documents responsive to this request, but is continuing to search for responsive documents and will supplement this response, if appropriate, before the close of discovery.

**DOCUMENT REQUEST NO. 16:**

Produce the Mass Arrest Processing Center (MAPC) logs for each day listed in Schedule A.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendant City refers Plaintiffs to documents previously identified on the Combined DRI Chart produced to Plaintiffs on April 15, 2022, including documents produced in: VOL002_Confidential; VOL003_Confidential; VOL005_Not Confidential; VOL006_Confidential; VOL006_Not Confidential; VOL007_Confidential; VOL007_Not Confidential; VOL 008_Confidential; VOL008_Not Confidential; VOL009_Confidential; VOL010_Confidential; VOL014_Confidential; VOL018_Confidential; VOL019_Confidential; VOL026_ Confidential; VOL027_Confidential; VOL035_Confidential; VOL037_Confidential; VOL037_Not Confidential; and VOL039_Confidential.

**DOCUMENT REQUEST NO. 17:**

Produce the "intel SITREPS" for each day listed in Schedule A.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendant City refers Plaintiffs to documents previously identified on the Combined DRI Chart produced to Plaintiffs on April 15, 2022, including documents produced in VOL035_Confidential.

**DOCUMENT REQUEST NO. 18:**

Produce the intelligence bureau surveys for each day listed in Schedule A.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendant City states that it has not located additional documents responsive to this request, but is continuing to search for responsive documents and will supplement this response, if appropriate, before the close of discovery.

**DOCUMENT REQUEST NO. 19:**

Produce the spreadsheet titled "Protest Related Activity May 28 through June 7" and referenced at pg. 24 of the NYC Dept. of Investigation Report.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendant City refers Plaintiffs to documents previously produced in VOL005 (DEF_000045294); and VOL009 (DEF_000226078).

**DOCUMENT REQUEST NO. 20:**

Produce any press releases, press advisories or the like issued by members of Deputy Commissioner of Public Information ("DCPI")'s office from May 28, 2020 to July 1, 2020.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendant City refers Plaintiffs to documents previously produced in: VOL002 (including DEF_E_PD_00087252 and DEF_E_PD_00105468) and VOL035 (including DEF_000352227; DEF_000352304; DEF_000352347; and DEF_000352386).

Defendant states that it is continuing to search for responsive documents and will supplement this response, if appropriate, before the close of discovery.

**DOCUMENT REQUEST NO. 21:**

Produce the communications from Chief Terence Monahan which ordered the release of the legal observers.  See NYC Department of Investigation Report, Pg. 44.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendant City refers Plaintiffs to email discovery previously produced.

**DOCUMENT REQUEST NO. 22:**

Produce records which reflect NYPD employees' efforts to cover their badges during the protests listed at Schedule A.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

   Defendant City refers Plaintiffs to documents previously produced in: VOL005_Confidential; VOL005_Not Confidential; VOL006_Not Confidential; VOL007_Confidential; VOL007_Not Confidential; VOL008_Confidential; VOL008_Not Confidential; VOL009_Confidential; VOL010_Confidential; VOL011_Not Confidential; VOL014_Confidential; VOL018_Confidential; VOL019_Not Confidential; VOL026_Confidential; VOL031_Confidential; VOL032_Confidential; VOL035_Confidential; VOL037_Confidential; and VOL039_Confidential.

**DOCUMENT REQUEST NO. 23:**

   Produce records which reflect the efforts of the NYPD, or any City agency, to investigate the prevalence of NYPD employees covering their badges.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

   Defendant City refers Plaintiffs to documents previously produced in: VOL002_Confidential; VOL005_Confidential; VOL005_Not Confidential; VOL006_Not Confidential; VOL007_Confidential; VOL007_Not Confidential; VOL008_Confidential; VOL008_Not Confidential; VOL009_Confidential; VOL010_Confidential; VOL011_Not Confidential; VOL014_Confidential; VOL018_Confidential; VOL019_Not Confidential; VOL026_Confidential; VOL031_Confidential; VOL032_Confidential; VOL035_Confidential; VOL037_Confidential; and VOL039_Confidential.

**DOCUMENT REQUEST NO. 24:**

   Produce records which reflect the efforts of the NYPD to decrease the prevalence of NYPD employees covering their badges.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendant City refers Plaintiffs to documents previously produced in: VOL002_Confidential; VOL005_Confidential; VOL005_Not Confidential; VOL006_Not Confidential; VOL007_Confidential; VOL007_Not Confidential; VOL008_Confidential; VOL008_Not Confidential; VOL009_Confidential; VOL010_Confidential; VOL011_Not Confidential; VOL014_Confidential; VOL018_Confidential; VOL019_Not Confidential; VOL026_Confidential; VOL031_Confidential; VOL032_Confidential; VOL035_Confidential; VOL037_Confidential; and VOL039_Confidential.

**DOCUMENT REQUEST NO. 25:**

Produce records which would reflect Commissioner Shea's concern that the curfew would suppress first amendment activity.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendant City refers Plaintiffs to email discovery previously produced.

**DOCUMENT REQUEST NO. 26:**

Produce records of the statements made by the Mayor stating that the City will not enforce the curfew against "peaceful protesters."

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendant City refers Plaintiffs to email discovery previously produced.

**DOCUMENT REQUEST NO. 27:**

Produce documents which show the basis for the statement made on May 31st by Deputy Commissioner John Miller at a press briefing where he stated that NYPD had evidence providing a high level of confidence that disorderly groups had organized bike scouts, medics, and supply routes of rocks, bottles, and accelerants for the purpose of vandalism and violence.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendant City refers Plaintiffs to email discovery previously produced.

**DOCUMENT REQUEST NO. 28:**

Produce documents which show the basis for the statement made on June 5 by Mayor de Blasio and Commissioner Shea pointed to intelligence to justify the mass arrest that took place the prior evening in Mott Haven.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendant City refers Plaintiffs to email discovery previously produced.

**DOCUMENT REQUEST NO. 29:**

Produce documents which show the basis for the statement made on June 6, Deputy Commissioner Miller provided a second press briefing where he provided data on arrests, burglaries, and the numbers of injured officers. Deputy Commissioner Miller also noted that officers had been attacked with bricks, trash cans, vehicles, and other projectiles, as well as homemade incendiary devices such as Molotov cocktails. The briefing also contained information on specific incidents, including the knife-attack by a "homegrown violent extremist," a Bronx vehicle stop that resulted in the discovery of hammers and accelerants, and a gun arrest that took place in the South Bronx prior to the Mott Haven protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendant City refers Plaintiffs to email discovery previously produced.

**DOCUMENT REQUEST NO. 30:**

Produce the whole daily binders from the intelligence division for the days listed in Schedule A.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendant City objects to this request on the grounds that it is overbroad and seeks information which is not relevant to any party's claims or defenses, in that it seeks information not related to the protests at issue.  Defendant further objects to this request on the grounds that it is unduly burdensome, as intelligence information specific to the protests has been produced, and  the burden of collecting, reviewing, and redacting additional information, and providing any necessary privilege log is not proportional to the needs of the case, as it would take at least 50 hours of personnel time to compete this task.  Defendant further objects to this request to the extent that it seeks information which may be subject to the law enforcement privilege.

Notwithstanding, and without waiving or in any way limiting its specific objections, Defendant City refers Plaintiffs to documents produced in" VOL042 (including DEF_000461752 and DEF_000159213); VOL043 (including DEF_000476790 and DEF_000476790); VOL 008 (including DEF_000159213); and VOL009 (including DEF_000224372 and DEF_000225610).

**DOCUMENT REQUEST NO. 31:**

Produce the Situation Reports prepared by the intelligence division for the days listed in Schedule A.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendant City objects to this request to the extent that it seeks information which may be subject to the law enforcement privilege.

Notwithstanding, and without waiving or in any way limiting its specific objections, Defendant City refers Plaintiffs to documents previously produced, including: DEF_E_PD_00057868; DEF_E_PD_00057940; DEF_E_PD_00015900; DEF_E_PD_00015777;

DEF_E_PD_00015715; DEF_E_PD_00015691; DEF_E_PD_00015607; DEF_E_PD_00015483;

DEF_E_PD_00058111; DEF_E_PD_00058085; DEF_E_PD_00058079; DEF_E_PD_00058057;

DEF_E_PD_00057979;        DEF_E_PD_00057978;        DEF_E_PD_00057940;        and

DEF_E_PD_00057868.

Defendant further states that it is continuing to search for responsive documents

and will supplement this response, if appropriate, before the close of discovery.

**DOCUMENT REQUEST NO. 32:**

Produce the Tactical Assessments prepared by the intelligence division for the

days listed in Schedule A.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendant City refers Plaintiffs to documents previously produced in: VOL008

(including DEF_000158266); VOL009 (DEF_000223989, DEF_000224329, DEF_000224334,

and DEF_000228158).

Defendant further states that it is continuing to search for responsive documents

and will supplement this response, if appropriate, before the close of discovery.

**DOCUMENT REQUEST NO. 33:**

Produce the Handschu Investigative Statements prepared by the intelligence

division for the days listed in Schedule A.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendant City refers Plaintiffs to documents previously produced in:

VOL002_Confidential; VOL005_Confidential; VOL005_Not Confidential; VOL006_Not

Confidential; VOL007_Confidential; VOL007_Not Confidential; VOL008_Confidential;

VOL008_Not Confidential; VOL009_Confidential; VOL010_Confidential; VOL011_Not

Confidential; VOL014_Confidential; VOL018_Confidential; VOL019_Not Confidential;

VOL026_Confidential; VOL031_Confidential; VOL032_Confidential; VOL035_Confidential; VOL037_Confidential; and VOL039_Confidential.

**DOCUMENT REQUEST NO. 34:**

Produce the Academy curriculum including the four-hour module on disorder control training conducted by the Disorder Control Unit.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendant City refers Plaintiffs to documents previously produced in: VOL002_Confidential; VOL005_Confidential; VOL005_Not Confidential; VOL006_Not Confidential; VOL007_Confidential; VOL007_Not Confidential; VOL008_Confidential; VOL008_Not Confidential; VOL009_Confidential; VOL010_Confidential; VOL011_Not Confidential; VOL014_Confidential; VOL018_Confidential; VOL019_Not Confidential; VOL026_Confidential; VOL031_Confidential; VOL032_Confidential; VOL035_Confidential; VOL037_Confidential; and VOL039_Confidential.

**DOCUMENT REQUEST NO. 35:**

Produce the training material used to train the SRG units, specifically the five days that are dedicated to disorder control training.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendant City refers Plaintiffs to documents previously produced in: VOL002_Confidential; VOL005_Confidential; VOL005_Not Confidential; VOL006_Not Confidential; VOL007_Confidential; VOL007_Not Confidential; VOL008_Confidential; VOL008_Not Confidential; VOL009_Confidential; VOL010_Confidential; VOL011_Not Confidential; VOL014_Confidential; VOL018_Confidential; VOL019_Not Confidential; VOL026_Confidential; VOL031_Confidential; VOL032_Confidential; VOL035_Confidential; VOL037_Confidential; and VOL039_Confidential.

**DOCUMENT REQUEST NO. 36:**

Please produce any communications between NYPD and the CCRB regarding Kenneth Rice, including but not limited to any requests to reopen his disciplinary case.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendant City refers Plaintiffs to documents previously produced in: VOL001; VOL002_Confidential; VOL007_Not Confidential; VOL008_Confidential; VOL008_Confidential; VOL009_Confidential; VOL008_Not Confidential; VOL010_Confidential; VOL011_Confidential; VOL011_Not Confidential; VOL012_Confidential; VOL014_Confidential; VOL018_Not Confidential; VOL022_Confidential; VOL024_Not Confidential; VOL026_Confidential; VOL028_Confidential; VOL029_Confidential; VOL030_Confidential; VOL031_Confidential; VOL032_Confidential; VOL035_Confidential; VOL035_Not Confidential; VOL037_Confidential; VOL037_Not Confidential; and VOL039_Confidential.

Defendant further refers Plaintiffs to documents produced in VOL041 (including DEF_000443397) and VOL042 (including DEF_000468064; and DEF_000473211).

Dated:      New York, New York
            May 27, 2022

                          HON. SYLVIA O. HINDS-RADIX
                          Corporation Counsel of the
                           City of New York
                          *Attorney for Defendants*
                          100 Church Street, Room 3-197
                          New York, New York 10007
                          (212) 356-3545


                  By:     *Nadine Ibrahim* /s
                          _____
                          Nadine Ibrahim
                          *Senior Counsel*

| TO: | BELDOCK LEVINE & HOFFMAN LLP | GIDEON ORION OLIVER |
|-----|------------------------------|---------------------|
|     | JONATHAN C. MOORE | 277 Broadway, Suite 1501 |
|     | DAVID B. RANKIN | New York, NY 10007 |
|     | LUNA DROUBI | (718) 783-3682 |
|     | MARC ARENA | fax: (646) 349-2914 |
|     | DEEMA AZIZI | Gideon@GideonLaw.com |
|     | REBECCA PATTIZ | |
|     | KATHERINE "Q" ADAMS | |
|     | REGINA POWERS | COHEN & GREEN P.L.L.C. |
|     | 99 Park Avenue, PH/26th Floor | ELENA L. COHEN |
|     | New York, New York 10016 | J. REMY GREEN |
|     | (212) 490-0400 | JESSICA MASSIMI |
|     | fax: (212) 277-5880 | 1639 Centre Street, Suite 216 |
|     | jmoore@blhny.com | Ridgewood (Queens), NY 11385 |
|     | drankin@blhny.com | (929) 888-9480 |
|     | ldroubi@blhny.com | fax: (929) 888-9457 |
|     | marena@blhny.com | elena@femmelaw.com |
|     | dazizi@blhny.com | remy@femmelaw.com |
|     | rpattiz@blhny.com | jessica@femmelaw.com |
|     | qadams@blhny.com | |
|     | rpowers@blhny.com | |
|     | WYLIE STECKLOW PLLC | LORD LAW GROUP PLLC |
|     | WYLIE STECKLOW | MASAI I. LORD |
|     | 231 West 96th Street | 14 Wall St., Ste 1603 |
|     | Professional Suites 2B3 | New York, NY 10005 |
|     | NYC NY 10025 | (718) 701-1002 |
|     | (212) 566 8000 | lord@nycivilrights.nyc |
|     | Ecf@wylielaw.com | |