UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations | 20 Civ. 8924 (CM)(GWG) |

This filing is related to:

| | |
|---|---|
| Rolon et al. v. City of New York et al. | 21 Civ. 2548( CM)(GWG) |
| Gray et al. v. City of New York et al. | 21 Civ. 6610( CM)(GWG) |

**MEMORANDUM OF LAW IN SUPPORT OF
POLICE BENEVOLENT ASSOCIATION'S MOTION FOR INTERVENTION
<u>UNDER FEDERAL RULE OF CIVIL PROCEDURE 24</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1
ARGUMENT .................................................................................................................................. 2
    A.    Intervention As Of Right Is Warranted .................................................................. 2
    B.    Alternatively, The PBA Should Be Granted Permissive Intervention .................... 4
CONCLUSION ............................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                     **Page(s)**

*Bridgeport Guardians, Inc. v. Delmonte*,
   602 F.3d 469 (2d Cir. 2010) ............................................................................................... 2

*City of Los Angeles*,
   288 F.3d 391 (9th Cir. 2002) ............................................................................................... 3

*Cook v. Bates*,
   92 F.R.D. 119 (S.D.N.Y. 1981) ........................................................................................... 3

*H.L. Hayden Co.* of N.Y., Inc. *v. Siemens Med. Sys., Inc.*,
   797 F.2d 85 (2d Cir. 1986) ................................................................................................... 5

*In re Holocaust Victim Assets Litig.*,
   225 F.3d 191 *(*2d Cir. 2000*)* ................................................................................................ 2

*In re N.Y.C. Policing During Summer 2020 Demonstrations*,
   27 F.4th 792 (2d Cir. 2022) ............................................................................................. 1, 2

*U.S. Postal Serv. v. Brennan*,
   579 F.2d 188 (2d Cir. 1978) ................................................................................................ 4

*United Fire Officers Association v. DeBlasio*,
   2020 U.S. Dist. LEXIS 154649 (S.D.N.Y. Aug. 25, 2020) ................................................. 4

**Rules**

Fed. R. Civ. P. 24 ....................................................................................................................... 1, 2, 4

Pursuant to Federal Rule of Civil Procedure 24, the Police Benevolent Association of the City of New York, Inc. ("PBA") respectfully submits this memorandum, together with the Declaration of Thomas A. Kissane, dated July 29, 2022 ("Kissane Decl."), in support of its motion to intervene in *Rolon v. City of New York*, No. 21-CV-2548 and *Gray. v. City of New York et al.,* No. 21-CV-6610.

**PRELIMINARY STATEMENT**

On March 4, 2022, the Second Circuit held that the PBA is entitled to intervene in certain of the actions consolidated under 20-CV-8924 (the "Consolidated Actions") that sought declaratory or injunctive relief regarding policing practices. *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 27 F.4th 792 (2d Cir. 2022).[1] Based on the Second Circuit's decision, on June 7, 2022 this Court allowed the Detectives Endowment Association of New York City and Sergeants Benevolent Association to intervene in the same cases. *See* Dkt No. 585, p. 6 ("The court can see no reason not to grant the motions . . . the SBA and DEA stand in no different a position *vis a vis* plaintiffs' requests for declaratory and injunctive relief than does the PBA").

*Rolon* and *Gray* were added to the Consolidated Actions after the PBA had filed its motion for intervention. As both seek declaratory and/or injunctive relief of the kind the Second Circuit found to support the PBA's intervention, PBA counsel approached counsel in those actions[2] shortly after a Mandate granting PBA's intervention was entered in the Consolidated Actions on

---

[1] The Circuit allowed intervention in those cases that sought declaratory or injunctive relief regarding policing practices -- *Payne v. De Blasio*, No. 20- CV-8924; *People of the State of New York v. City of New York*, No. 21-CV- 322; *Sow v. City of New York*, No. 21-CV-533; and *Sierra v. City of New York*, No. 20-CV-10291 – and denied it in those of the Consolidated Actions that sought only compensatory damages.

[2] The PBA's approach to counsel also included *Hernandez v. City of New York*, No. 21-CV-7406 and *Minett v. City of New York,* 21-cv-08161. Those matters have since settled.

May 17, 2022 (Dkt. No. 543) and asked that they stipulate to the PBA's intervention. After extensive negotiations, counsel declined. Kissane Decl. ¶¶ 6-7. This motion follows.

## ARGUMENT

### A. Intervention As Of Right Is Warranted

"On timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). To intervene as of right, an applicant must demonstrate that (1) the motion is timely, (2) the applicant has a legal interest in the subject matter of the litigation, (3) that interest may be impaired by the outcome of the litigation, and (4) the applicant's interest may not be adequately represented by the existing parties. *See, e.g.,* B*ridgeport Guardians, Inc. v. Delmonte,* 602 F.3d 469, 473 (2d Cir. 2010). Because the PBA satisfies each of these elements, its motion to intervene should be granted.

The Second Circuit's decision in *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 27 F.4th 792, and this Court's Order of June 7, 2022 confirm that the second through fourth factors are satisfied. The PBA's motion to intervene should be granted because it is also timely and without prejudice to any party.

Under Rule 24, the timeliness of the motion is determined by the totality of the circumstances. *See In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198 (2d Cir. 2000). The Court may consider "(1) how long the applicant had notice of its interest in the action before making its motion; (2) the prejudice to the existing parties resulting from this delay; (3) the prejudice to the applicant resulting from a denial of the motion; and (4) any unusual circumstance militating in favor of or against intervention." *Id.* The timeliness requirement is liberally construed.

2

*See, e.g.*, *City of Los Angeles*, 288 F.3d 391 at 398 (9th Cir. 2002); *Cook v. Bates*, 92 F.R.D. 119, 122 (S.D.N.Y. 1981) ("In the absence of prejudice to the opposing party, even significant tardiness will not foreclose intervention.").

Shortly after the Mandate granting PBA's intervention was entered, Judge Gorenstein issued an order directing that that the parties in the Consolidated Actions "shall provide to the PBA by June 3, 2022: (1) a copy of all discovery requests that party has made; and (2) a copy of all discovery responses that party has provided through that date (consisting of the formal response and any documents produced)." Dkt. No. 547. On the same day, counsel for the PBA sent an email asking counsel for a call regarding the June 3 deadline. Kissane Decl. ¶ 6. A meet-and-confer call took place on May 24 and the production deadline was subsequently extended to June 29, 2022. *Id.*

On June 6, 2022, PBA counsel emailed counsel in, *inter alia*, *Gray* and *Hernandez* requesting consent to the PBA's intervention. This was followed by an email from PBA counsel to counsel for *Gray* (and *Hernandez*) on June 14, renewing the PBA's request for their consent to intervention, and to counsel for *Rolon* on June 15, making the same request. A series of meet-and-confer conferences ensued from June 16 through June 29, where intervention was discussed with such counsel along with the related subjects of a confidentiality stipulation and discovery from those plaintiffs. On June 30, plaintiffs in *Rolon* and *Gray* (as well as *Hernandez*) confirmed that they would not agree to the PBA's intervention. Kissane Decl. ¶ 7.[3]

---

[3] Those parties also declined to provide discovery to the PBA. On July 19, 2022, Judge Gorenstein entered an order recognizing that discovery should be shared amongst all parties to the Consolidated Actions absent a compelling reason not to do so and directing plaintiffs in *Rolon* and *Gray* (as well as *Hernandez*) to produce their discovery to the PBA. Kissane Decl. ¶ 8.

Since it was allowed into the Consolidated Actions, the PBA has diligently sought consent from the *Rolon* and *Gray* plaintiffs regarding intervention. Intervention will cause no prejudice to any party, especially as Judge Gorenstein recently entered an order (Dkt. No. 630) extending the date for completion of discovery from July 29, 2022 (as it had been under the prior order, Dkt. No. 303) to March 31, 2023, and all plaintiffs in the Consolidated Actions have been ordered to produce, and many have already produced, existing discovery to the PBA. Kissane Decl. ¶ 9.

The PBA's application thus satisfies the timeliness element, and should be granted.

**B.      Alternatively, The PBA Should Be Granted Permissive Intervention**

In the alternative, the PBA meets the standard for permissive intervention under Fed. R. Civ. P. 24(b). The threshold requirement for permissive intervention is a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention must not "unduly delay or prejudice the adjudication of the original parties rights." Fed. R. Civ. P. 24(b)(3). The PBA's intervention in *Gray* and *Rolon* will not cause any such delay or prejudice as the PBA has timely moved to intervene following the Second Circuit's decision and, in the interim, has engaged in extensive meet-and-confers with plaintiffs regarding the issues of intervention and discovery, the latter of which this court has already ordered the Gray and *Rolon* plaintiffs to produce to the PBA as recently as July 19, 2022 (Dkt. No. 671).

In addition, courts may consider factors such as whether the putative intervenor will benefit from the application, the nature and extent of its interests, whether its interests are represented by the existing parties, and whether the putative intervenor will contribute to the development of the underlying factual issues. *See, e.g.,* U*.S. Postal Serv. v. Brennan,* 579 F.2d 188, 191-92 (2d Cir. 1978). In *United Fire Officers Association v. DeBlasio,* SDNY Dkt No. 20-cv-5441, 2020 U.S. Dist. LEXIS 154649, *4 (KPF) (S.D.N.Y. Aug. 25, 2020), Judge Failla granted permissive

intervention because "the Court concludes that [the intervenor's] participation moving forward would 'significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" *Citing, H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986). That reason fully applies here.

In sum, the PBA meets the standard for granting permissive intervention for all the reasons addressed above regarding intervention as of right.

## **CONCLUSION**

For all of the above reasons, the PBA respectfully requests that the Court grant its motion to intervene into *Rolon v. City of New York*, No. 21-CV-2548 and *Gray. v. City of New York et al.,* 21-CV-6610.

Dated: July 29, 2022
New York, New York

        **SCHLAM STONE & DOLAN LLP**

By: /s/ Thomas A. Kissane
Richard H. Dolan
Thomas A. Kissane
26 Broadway, 19th Floor
New York NY 10004
Tel.:   (212) 344-5400
Fax:   (212) 344-7677
Email: rdolan@schlamstone.com
Email: tkissane@schlamstone.com

*Attorneys for the Police Benevolent Association of the City of New York, Inc.*

- and -

**LAW OFFICES OF ROBERT S. SMITH**

Robert S. Smith
7 Times Square, 28th floor
New York, N.Y. 10036
Tel.:   (917) 225-4190
Email: robert.smith@rssmithlaw.com

MICHAEL T. MURRAY
Office of the General Counsel
Police Benevolent Association of the
City of New York, Inc.
125 Broad Street, 11th Floor
New York, NY 10004
Tel: (212) 298-9144
E-mail:  mmurray@nycpba.org

Gaurav I. Shah,
Associate General Counsel
E-mail:  gshah@nycpba.org

*Of Counsel*

6