UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations | 20 Civ. 8924 (CM)(GWG) |
| This filing is related to: | |
| Rolon et al. v. City of New York et al. | 21 Civ. 2548( CM)(GWG) |
| Gray et al. v. City of New York et al. | 21 Civ. 6610( CM)(GWG) |

### DECLARATION OF THOMAS A. KISSANE, ESQ. IN SUPPORT OF POLICE BENEVOLENT ASSOCIATION'S MOTION FOR INTERVENTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 24

**THOMAS A. KISSANE,** under the penalty of perjury, declares the following to be true pursuant to 28 U.S.C. §1746:

1. I am a member of Schlam Stone & Dolan LLP, counsel for the Police Benevolent Association of the City of New York, Inc. ("PBA"), an intervenor defendant in the consolidated actions of *In Re: New York City Policing During Summer 2020 Demonstrations*, 20-CV-8924 (the "Consolidated Actions").

2. I submit this declaration in support of the PBA's Motion to Intervene as a defendant in the above-captioned actions of *Rolon v. City of New York*, No. 21-CV-2548 ("Rolon Action") and *Gray et al. v. City of New York et al.,* 21-CV-6610 ("Gray Action"). I make this declaration based upon my personal knowledge and a review of my firm's files.

3. The PBA filed a motion to intervene in the Consolidated Actions on March 3, 2021. Dkt. Nos. 45-47. The motion was denied and later reversed in part on appeal. The Second Circuit's opinion granted the PBA's motion to intervene in four of the Consolidated Actions (*Payne v.*

1

*DeBlasio*, 20-cv-8924; *People of the State of New York v. City of New York*, 21-cv- 322; *Sow v. City of New York*, 21-cv-533; and *Sierra v. City of New York*, No. 20-cv-10291) was reported at 27 F.4th 792 (2d Cir. 2022) and a Mandate establishing the PBA's intervention was entered in the Consolidated Actions on May 17, 2022 (Dkt. No. 543).

4. The *Rolon* and *Gray* Actions were filed and consolidated after the PBA's motion to intervene. *See* Dkt. Nos. 150 (*Rolon*), 281 (*Gray*). As such, the PBA is not an intervenor-defendant in these two cases in the Consolidated Actions.

5. The current complaint in each of the *Rolon* and *Gray* Actions seeks declaratory and/or injunctive relief of the kind the Second Circuit found to support the PBA's intervention. See Dkt. No. 311 (First Amended Complaint in *Gray*, pp. 80-81); Dkt. No. 43 in 21-CV-02548-CM (First Amended Complaint in *Rolon*, p. 42).

6. Shortly after the Mandate granting PBA's intervention was entered, Judge Gorenstein issued an order directing that that the parties in the Consolidated Actions "shall provide to the PBA by June 3, 2022: (1) a copy of all discovery requests that party has made; and (2) a copy of all discovery responses that party has provided through that date (consisting of the formal response and any documents produced)." Dkt. No. 547.  On the same day, counsel for the PBA sent an email asking counsel for a call regarding the June 3 deadline.  A meet-and-confer call took place on May 24 and the production deadline was subsequently extended to June 29, 2022.

7. On June 6, 2022, PBA counsel emailed counsel in, *inter alia*, *Gray* and *Hernandez*[1] requesting consent to the PBA's intervention.  This was followed by an email from PBA counsel to counsel for *Gray* (and *Hernandez*) on June 14, renewing the PBA's request for their consent to

---

[1] This request included counsel in *Minett v. City of New York,* 1:21-cv-08161.  Both *Minett* and *Hernandez* have since settled.

intervention, and to counsel for *Rolon* on June 15 making the same request. A series of meet-and-confer conferences ensued from June 16 through June 29, where intervention was discussed along with the related subjects of a confidentiality stipulation and discovery from those plaintiffs. On June 30, plaintiffs in *Rolon* and *Gray* (as well as *Hernandez*) confirmed that they would not agree to the PBA's intervention.

8. Those parties also declined to provide discovery to the PBA. On July 19, 2022, Judge Gorenstein entered an order recognizing that discovery should be shared amongst all parties to the Consolidated Actions absent a compelling reason not to do so and directing plaintiffs in *Rolon* and *Gray* (as well as *Hernandez*) to produce their discovery to the PBA. Dkt. No. 671.

9. As set forth above, the PBA has diligently sought consent from the *Rolon* and *Gray* plaintiffs regarding intervention since shortly after it was allowed into the Consolidated Actions. Intervention will cause no prejudice to any party, especially as Judge Gorenstein recently entered an order (Dkt. No. 630) extending the date for completion of discovery from July 29, 2022 (as it had been under the prior order, Dkt. No. 303) to March 31, 2023, and all plaintiffs in the Consolidated Actions have been ordered to produce, and many have already produced, existing discovery to the PBA.

Dated: New York, New York
       July 29, 2022

                                                    _____
                                                    THOMAS A. KISSANE