

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

August 8, 2022

**VIA ECF**

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re:    ***In re: New York City Policing During Summer 2020 Demonstrations,***
             ***No. 20-CV-8924***
             ***This Filing is Related to All Cases***

Dear Judge Gorenstein:

      I am counsel for the People of the State of New York and write on behalf of all plaintiffs in these consolidated actions to respectfully request that the Court deem admitted, or direct Defendants to answer, Plaintiffs' First Consolidated Requests for Admission (RFAs) pursuant to Federal Rule of Civil Procedure 36(a)(6). Defendants failed to conduct the reasonable inquiries that Rule 36 requires and instead assert baseless and impermissible objections. Plaintiffs also seek to compel a response to Plaintiffs' related document request and interrogatory pursuant to Rule 37.

      Given the number of boilerplate and meritless objections at issue, Plaintiffs respectfully ask that the Court excuse this overlength letter motion. They have no objection to Defendants responding in a similar number of pages, which, by stipulation, is not due until two weeks after the stay period on Monday, October 17, 2022. ECF No. 716-1.

## BACKGROUND

      In an effort to streamline discovery and the motions and trials that will follow, Plaintiffs served Defendants with the RFAs, along with a related interrogatory and document request, on February 16, 2022. *See* ECF Nos. 578, 594, 624-1 (RFAs). The RFAs attempted to avoid unnecessary depositions and pre-trial motion practice by seeking confirmation of what documentary evidence appeared to reflect, including the genuineness of certain summonses and video Defendants had produced, the specific statements former City employees had made publicly about the protests, and that, based on Defendants' representations that no documents exist in response to certain document demands, no such documents in fact existed. But

Defendants failed to respond to these requests by the March 18, 2022, deadline and delayed until June 3 to seek an extension of time to answer. ECF No. 578. While the Court "share[d] the plaintiffs' frustration with the City's conduct," it granted Defendants until July 1, 2022, to respond to the requests, noting its awareness that the various requests were "extraordinarily detailed and [would] require significant investigation by the City." ECF No. 598.

Instead of responding to the RFAs, Defendants sought a protective order from answering most of them. Defendants asked to meet and confer with Plaintiffs regarding their anticipated motion on June 16, and, the next day, provided a list of objections to nearly all of the requests. Plaintiffs withdrew 15 RFAs due to typographical errors or new evidence by email dated June 13, 2022,[1] and met with Daniel Braun and Nadine Ibrahim, counsel for Defendants, for 1.5 hours on June 23, 2022.[2] Counsel discussed Defendants' objections as well as the contours of numerous RFAs (including Requests 5-19, 38-41, 73, 116, 118, 240-42). Citing Rule 36 and case law, Plaintiffs reiterated the need for Defendants to admit or deny even matters they contend are in dispute or statements they seemed to admit were not in dispute, like public statements made by the former mayor and police commissioner. Defendants agreed to review their objections in light of that discussion.

Despite the parties' good faith discussions five days prior, on June 28, Defendants moved for a protective order from most of the RFAs and an extension of time to answer a small subset of requests. ECF No. 624. The Court immediately denied that motion, stating "the City must follow the procedure outlined in Fed. R. Civ. P. 36, which is not in and of itself burdensome even for 286 requests. In the Court's view, Rule 36 merely requires the City to either answer or object." ECF No. 626. One week later (on July 8), Plaintiffs consented to a brief extension to July 12 for Defendants' RFA response as a courtesy. When Ms. Ibrahim wrote Plaintiffs at 7:12 PM on July 12 seeking yet another extension, Mx. Green objected to Defendants' after-hours request and Defendants served their responses and objections at 11:55 p.m. (Ex. A, Defs.' Responses & Objections to RFAs.)

Defendants fully or partially admitted or denied only 43 of 271 requests. They raised a variety of boilerplate objections to the remainder, largely recycling objections discussed at length at the parties' June 23rd meet-and-confer. On July 13, 2022, Plaintiffs requested a meet and confer about their RFA responses. Defendants failed to comply with the Court's rules to provide a date within 24 hours, but after follow-up ultimately offered to meet July 29. On July 20, the undersigned served a draft of this motion and a chart that addressed each objected-to request (Ex. B) on Defendants' counsel so that they could consider the arguments in advance of the meet and confer. ECF No. 317.

---

[1] The withdrawn RFAs, 81, 83, 85, 88, 91, 93, 95, 101, 103, 105-106, 109, 111, 113, 264, are so indicated in Defendants' responses.

[2] Specifically, present for Plaintiffs were the undersigned for *People*; Remy Green for the *Sow* plaintiffs; and Veronica Salama for the *Payne* plaintiffs.

The parties reached an impasse at their July 29 meet and confer[3] regarding Defendants' objections, except for a subset of requests that Defendants agreed to reconsider and which, for nine, Plaintiffs provided specific citations to produced documents. On August 3, Defendants supplemented or amended some of their responses. (Ex. C.) Plaintiffs, in turn, withdrew their objections to the responses for Requests 3, 4, 7, 20, 44, 47, 48, and 219, but the already-declared impasse remained as to the remainder because Defendants reasserted improper objections or failed to comply with Rule 36's procedure. Plaintiffs offered to wait until Friday, August 5 for any further amendments. Defendants did not provide any.

Plaintiffs do not seek relief with regard to Defendants' 21 complete answers or from Defendants' partial answers, except to the limited extent discussed in the attached chart of specific responses and below. The Court should, however, reject Defendants' largely baseless objections and deem the RFAs admitted or direct Defendants to answer them.

## ARGUMENT

### I. The Court Should Deem the RFAs Admitted or, at a Minimum, "Must Order" Defendants to Answer the RFAs

#### A. Rule 36

As the Court noted in its June 29 Order, Rule 36 outlines a simple procedure for responding to a request for admission. ECF No. 626. An answering party may admit or deny a request or "state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). "[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." The Rule also provides that the "answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* Alternatively, if a request is improper, an answering party may assert objections "specifically related" to each request, *Henry v. Champlain Enterps., Inc.*, 212 F.R.D. 73, 77–78 (N.D.N.Y. 2003) (emphasis added), but "must not object solely on the ground that the request presents a genuine issue for trial," Fed. R. Civ. P. 36(a)(5).

Rule 36 empowers the requesting party to challenge the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). In determining the sufficiency of responses, the Court is "'invested with substantial discretion under Rule 36.'" *Versatile Housewares v. SAS Grp.*, No. 09-CV-10182, 2010 WL 11601225, at *1 (S.D.N.Y. July 15, 2010) (quoting *Dubin v. E.F. Hutton Grp. Inc.*, 125 F.R.D. 372, 373 (S.D.N.Y. 1989)). However, "[u]nless the court finds an objection justified, it *must* order that an answer be served." Fed. R. Civ. P. 36(a)(6) (emphasis

---

[3] Present for Plaintiffs were the undersigned for *People*; Remy Green for the *Sow* plaintiffs; Wiley Stecklow for the *Gray* plaintiffs; Robert Hodgson and Veronica Salama for the *Payne* plaintiffs; Rob Rickner for the *Sierra* plaintiffs; and Tahanie Aboushi appeared the *Rolon* plaintiffs. Thomas Kissane appeared for the PBA and Nadine Ibrahim, Daniel Braun, Robert Wallace, and John Kilkenny appeared for the City defendants.

added). Or, in its discretion, "the court may order either that the matter is admitted or that an amended answer be served" when "the respondent fails to make the requested admission and none of the relevant exceptions set forth in Rule 37(c) apply; that is, where a responding party objects to a proper request for admission, makes an evasive denial (*i.e.*, one that does not specifically deny the matter), or makes a response that does not set forth *'in detail'* the reasons why the answering party cannot truthfully admit or deny the matter." *Herrera v. Scully*, 143 F.R.D. 545, 549–50 (S.D.N.Y. 1992) (citing Fed. R. Civ. R. 36(a)). "'[A] refusal to admit, without detailed reasons why the responder cannot truthfully admit or deny[,] is the equivalent of an admission.'" *Guadalupe v. City of New York*, No. 15-CIV-0220, 2016 WL 3570545, at *3 n.3 (S.D.N.Y. June 24, 2016) (quoting *Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80 (W.D.N.Y. 2000)). By objecting to proper requests for admissions, Defendants' responses are inadequate and Plaintiffs' unanswered RFAs should be deemed admitted.

### B. Defendants' Objections are Unjustified

Defendants have asserted numerous generic and sometimes frivolous and bad-faith objections in response to the RFAs. *See* Ex. A (Defs.' Objections and Responses to the RFAs). As set forth below, these objections are unjustified and fail to comply with Rule 36.[4]

*Objection: General Objections*

In their introductory paragraphs, Defendants assert boilerplate objections to *all* the RFAs, as "unduly burdensome, overbroad, and harassing" and for their "phraseology . . . to the extent that such phraseology, *inter alia*, requires answers with explanations in order to address requests for admissions containing half facts or half-truths taken out of context." Such "[g]eneral objections without any reference to a specific request to admit are meritless." *Henry*, 212 F.R.D. at 78 (citing *Diederich v. Dep't of the Army*, 132 F.R.D. 614, 616 (S.D.N.Y. 1990)).

Even if considered, Defendants' broad complaints are baseless. The number of RFAs alone would not justify an objection in any case. *See Pasternak v. Dow Kim*, No. 10 CIV. 5045, 2011 WL 4552389, at *5 (S.D.N.Y. Sept. 28, 2011) ("[T]he mere fact that Pasternak has served 230 RFAs does not, in itself, establish an undue burden or serve as a basis for a protective order."). But that is particularly so in factually-complex cases such as these. These eight consolidated actions involve over three dozen named plaintiffs (and thousands of potential class members) who were harmed at 80+ protests over an 8-month period. The number of requests is reflective of the need to narrow this wide-ranging litigation to those issues which are truly in dispute, not of an effort to harass.[5]

---

[4] Plaintiffs withdraw Request 32, which is an inadvertent duplication of a previous request, and Requests 98 and 100, which inadvertently provided the incorrect Bates stamp number.

[5] In asserting that this request is harassing, Defendants are violating yet another Court order. *See* Dkt. No. 347 ("the City's letter improperly accuses plaintiffs' counsel of acting unprofessionally (e.g., by asserting that this discovery dispute was raised solely for purposes of 'harassment') without providing any basis for the accusation. Such accusations shall not be repeated in the future."). Given that Defendants once again

Further, "[b]ecause rule 36 admission requests serve the highly desirable purpose of eliminating the need for proof of issues upon trial, there is a strong disincentive to finding an undue burden [in responding] where the responding party can make the necessary inquiries without extraordinary expense or effort . . . ." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997). Absent any particularized assertion that such a burden exists, Defendants' objection is unjustified.[6] Similarly, Defendants' complaints as to the language of the Requests—as vague or overbroad—"are meaningless if not addressed to specific language." *Diederich*, 132 F.R.D. 614, 617–18. The Court should reject Defendants' non-specific objections as empty boilerplate.

### *Objection: Improper Use of Rule 36*

Defendants vaguely assert that many requests constitute an "improper use of Rule 36." Although often made in conjunction with some other objection, this objection stands alone in response to Requests 72, 75, 162, and 199. It is not clear what is improper about these requests, which, as the Rule allows, "relat[e] to facts." Fed. R. Civ. P. 36(a)(1)(A). As reflected in the chart, Requests 72 and 75 asked to confirm a sequence of events at a protest, while helpfully providing a citation to the camera footage depicting those events. Request 162 seeks an admission as to what an officer knew about the person he arrested. Request 199 seeks to confirm that an NYPD policy prohibits certain conduct. Defendants have made no effort to explain their objections of impropriety and they are facially inapplicable.

### *Objection: Seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context*

In objecting to many of the RFAs for "seek[ing] an admission to facts in dispute," Defendants ignore the plain language of the Rule—that a party "must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5). They also ignore the committee notes to the 1970 Amendment to the Rule, which acknowledges a prior split on "whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute'" but states that the 1970 amendments resolved that split. So now, "[t]he proper response in such cases is an answer." Fed. R. Civ. P. 36 (1970 am. advisory committee notes).

In *Jacobson Warehouse Co. v. Prestige Brands, Inc.*, Judge Krause of this court recently confirmed that such objections cannot excuse a party from an answering an RFA:

> XPO claims the RFAs are improper insofar as they concern "facts [that] are central to the ultimate issues of liability and damages . . . posed by Prestige's

---

do so "without providing any basis for the accusation," the Court should find the substance of that objection waived.

[6] At the second conferral, Defendants asserted that the Court had agreed with their claim that the volume of the RFAs made them inherently overburdensome. Not so. As the Court said directly, "the procedure outlined in Fed. R. Civ. P. 36 . . . is not in and of itself burdensome even for 286 requests." Dkt. No. 626 at 7.

> counterclaim." ECF No. 82 at 2-3. This objection is unavailing. It has long been the case that "a party may not object to an RFA 'solely on the ground that the request presents a genuine issue for trial.'" . . . The party is required either to deny the matter or set forth reasons why it cannot admit or deny it. "[A]n answer, rather than an objection, is now the only proper response if a party considers that it has been asked to admit something that it disputes." *Id.* (quotation marks omitted).

No. 20-CV-4416, 2022 WL 1617711, at *7 (S.D.N.Y. May 23, 2022).

At the meet and confer, Defendants attributed their contrary reading to *Richard v. Dignean*, 332 F.R.D. 450, 463 (W.D.N.Y. 2019), and Judge Wolford's comment that many requests there were properly objected to because "many of Plaintiff's requests assume the truth of facts that are vigorously disputed by Defendants and which are critical to Plaintiff's theory of the case, such as the existence of a 'block isolation policy,'" *id.* Regardless of that court's intention, it lacked the authority to create an exception to the plain text of Rule 36 or to bind this Court. So, *Richard* does not require authorize Defendants' improper objections.

In any event, *Richard* is plainly distinguishable. Unlike here, the defendants in *Richard* "ha[d] substantively answered each request *with an express denial*." *Id.* at 462 (emphasis added). The plaintiff there challenged the veracity of those denials, but, as the Rule contemplates, Judge Wolford found that where there is a dispute, denials are appropriate. As Plaintiffs have emphasized at every turn, Defendants may satisfy Rule 36 simply by denying the Requests they object to as relying on purportedly disputed facts. They refused and so the Requests should be deemed admitted.[7]

As to the second prong of Defendants' objection regarding "statements," it is unclear when Defendants are asserting this prong as the challenged requests do not contain statements. Because this prong has no apparent application, this objection also fails.

### *Objection: Seeks concession of the meaning of the purported statements taken out of context*

There are 15 RFAs that essentially ask Defendants to admit that "[an individual] stated [quoted language] on [a specified date]."[8] Defendants claim these requests "seek[] concession of the meaning of the purported statements taken out of context." These are bad faith readings.

Indeed, in their first presentation of objections to Plaintiffs, Defendants asserted that these requests were improper for "seeking admission to statements already in writing/on

---

[7] Additionally, the language Defendants cited from *Richard* related to RFAs that assumed the truth of a separate, underlying fact. That is absent here. For example, in a request asking Defendants to admit a plaintiff "was standing on the sidewalk, on the corner of Dekalb and Flatbush in Brooklyn, at the time that NYPD officers approached and arrested him," presumably the city does not "vigorously dispute" (*id.*) that those sidewalks, the NYPD, and so on all exist. *Compare, e.g., Richard*, 11-CV-06013, Dkt. No. 84-1, ¶ 12.

[8] These include Requests 5–19 and 37.

video/publicly available," essentially asserting that those videos speak for themselves. (June 17, 2022 Email from Daniel Braun, Ex. D.) Defendants knew that these requests simply asked to confirm that a statement was made without further representation as to the meaning or veracity of those words. At the June 23 meet-and-confer, Plaintiffs explained that there is no good faith objection to these requests, and there remains none. *See Robinson v. De Niro*, No. 19-CV-9156, 2022 WL 101909, at *3 (S.D.N.Y. Jan. 11, 2022) (noting that it is impermissible to merely state, in response to a request to admit, that a document "speaks for itself"). Perhaps acknowledging this, Defendants later adapted this unfounded position to now assert that the requests ask for the statements' *meanings*. But the requests do no such thing. Thus, these requests are proper and Defendants' objections are both unjustified and asserted in bad faith.

***Objections: Cannot readily obtain the information to admit or deny this request* or *is not in Defendants' possession or control.***

Defendants also utterly fail to explain what inquiries they have performed to answer the 22 RFAs they claim to lack sufficient knowledge to answer.[9] As explained in the attached chart, Defendants may have, in large part, failed to conduct any inquiry whatsoever. If Defendants believe they cannot answer a request, they must not only state that they have performed a "reasonable inquiry" to obtain the necessary information to "enable it to admit or deny," they must also state "in detail" why it cannot truthfully admit or deny a request. Fed. R. Civ. P. 36(a)(4) (emphasis added). That involves explaining the steps taken to conduct that reasonable inquiry, which "includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, [] or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response. In this connection, relevant documents and regulations must be reviewed as well." *Diederich*, 132 F.R.D. at 619. Defendants have not done so – and at the meet-and-confer, made clear that they would reject such inquiries as imposing an undue burden.

Defendants "may not avoid committing themselves to an admission or denial . . . merely by asserting in conclusory terms – as they have done dozens of times thus far – that 'after reasonable inquiry, the information known to or readily obtainable by [the answering party] is insufficient to enable it to admit or deny this Request.' . . . '[W]hat constitutes reasonable inquir' and what material is readily obtainable is a relative matter that depends upon the facts of each case.'" *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, No. 18-CV-4044 (BCM), 2020 WL 9549505, at *7 (S.D.N.Y. Nov. 30, 2020) (quoting *T. Rowe Price Small-Cap Fund, Inc.*, 174 F.R.D. at 43). So that a requesting party and the court can assess the sufficiency of the inquiry, Defendants must "state fully those efforts." *Henry*, 212, F.R.D. at 78; *see U.S. Bank Nat'l Ass'n*, 2020 WL 9549505, at *7 (requiring answering party to amend unsupported assertions that it conducted a reasonable inquiry to specifically confirm that neither it nor its affiliates promised or pledged funds). They have not.

---

[9] *See* Requests 25, 28, 30, 33, 39, 44, 47, 48, 55, 70, 140, 145, 159, 160, 191, 201, 214, 229, 239, 255, 272, and 285.

Defendants not only fail to explain their efforts, they seem to have neglected their obligation to first perform any inquiry entirely. Defendants apparently could not confirm the content of a prerecorded warning played at a protest, even when Plaintiffs provided the Bates Stamp number and time stamps for the body-worn camera footage that captured the moment it was played. *See* Request 70. Nor would they confirm whether the NYPD or the City of New York investigated any display of white power symbols since January 2014 when they have produced no investigative files in response to a request for the same. *See* Request No. 25; ECF No. 354-1, RFP No. 30.[10] These matters are squarely within Defendants' knowledge and could have been admitted or denied with reasonable inquiry. Defendants have wasted the time they had to conduct such inquiries and should be deemed to have forfeited their opportunity to do so.

### *Objection: Compound*

Defendants' "compound" objection is frivolous as applied to a request to admit. If in asserting their "compound" objection Defendants suggest that there are various facts in a given request that would require admission or denial, Rule 36 provides that an answering party may give multiple responses to one request—for instance, a partial admission, a partial denial or a qualification. The party need only "specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Defendants know how to do this, as reflected in their partial admissions to some requests they complain are compound. *See, e.g.*, Request No. 49 (admit to the language but not to timing); Request No. 177 (admit that the summons was dismissed but not to the remainder of the request). And in the alternative, as Plaintiffs explained at the meet-and-confer, if Defendants simply deny a "compound" request, there should only be consequences if *each part* of the request turns out to be true. Thus, the Rule resolves any concern with answering a "compound" factual request and this objection is unjustified.

### *Objection: No citation or context for this request was provided.*

There is no requirement that a request to admit be supported by a reference to the record. Plaintiffs in fact subsequently supplied citations to these Requests, but Defendants continue to assert this frivolous objection to Requests 19 and 134.[11]

---

[10] Whether Defendants have taken white supremacy within the NYPD seriously is a core question in these cases. Defendants have produced no documents showing investigations of white power displays, despite a number of very public instances of such displays and a directed request for production of such investigative documents. *See, for example,* George Joseph, *NYPD Officer Who Appeared to Use White Power Gesture at BLM Protest Has Finally Been Identified*, Gothamist (Mar. 9, 2021), https://gothamist.com/news/nypd-officer-who-appeared-use-white-power-gesture-blm-protest-has-finally-been-identified. If Defendants will not admit this request, as discussed in the provided chart – and the final point below – Plaintiffs ask the Court to direct Defendants to produce all relevant investigatory files immediately.

[11] Defendants objected to Request 19 which asks to confirm that Chief Juanita Holmes made a particular statement at a City Council hearing because it was hours long. Plaintiffs provided the precise time stamp and link to the video, but Defendants did not withdraw their objection.

***Objections: Cannot respond to the request without providing a narrative & Vague and ambiguous; phraseology is improper***

Defendants repeatedly object that certain requests are framed such that they cannot answer without providing a narrative or because a particular word could have numerous meanings. Again, the Rule deals with this. "[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). "Generally, qualification is permitted if the statement, although containing some truth, . . . standing alone out of context of the whole truth . . . convey[s] unwarranted unfair references." *Diederich*, 132 F.R.D. at 619.

The bulk of Defendants' vagueness challenges come with no explanation as to what words (or phraseology) are vague—the Court should overrule these objections outright. Where Defendants do specify their concern, it does not stand up to any scrutiny. For example, Defendants often claim that the word "issued," as in "Defendants *issued* a criminal summons to an individual," is vague, but appear to understand that word sufficiently to go on to admit some of those requests. *See* Request Nos. 79, 96. Nor do they explain what other verb would apply to (at the risk of redundancy) issuing a criminal summons. And at the meet-and-confer, Defendants refused to say whether they could even identify another verb for the process of issuing a summons. Although Defendants amended their responses to Requests 159, 160, and 229 to admit that these documents are the electronic versions of criminal summonses, they refuse to admit that the person named on the summonses is a plaintiff—a reasonable inquiry should have allowed Defendants to admit or deny these requests.[12]

Still other responses suggest bad faith vagueness objections, such as arguing that "in the vicinity of" when describing the locations of an arrest is vague, *see, e.g.*, Requests 38, 43, 70, 134, 164, or that "during" is vague in Request 74: "Admit that NYPD officer James Lee (Shield 19325) did not activate his body worn camera during the arrest of Dennis Mullikin." With reasonable inquiry, Defendants could have confirmed the time, date, and location of Mr. Mullikin's arrest and that Officer Lee had no corresponding body worn camera footage. But they instead altogether refused to answer the request. Because Defendants have not conducted the required inquiry, the Court should find that they have waived the opportunity to do so and deem these requests admitted.

***Objections: Direct to a Third party***

Defendants object to some requests that relate to Officer Michael Sher, who is not represented by the Corporation Counsel. This objection misses the point of the Rule as well as the posture of this case. While Officer Sher is not a defendant to these actions, Defendants are and, as such, they are required to respond to the RFAs. Officer Sher was, at least at the time of the incident at issue, employed by the NYPD and both were the subject of NYPD disciplinary

---

[12] As plaintiffs' deposition testimony, errata sheets, and the RFAs themselves confirm, "Charlie Anderle" is plaintiff Charlie Monlouis-Anderle and "James Fried" is plaintiff James Lauren ("form[erly] known as James Fried" (ECF No. 624-1 at 19)).

proceedings for his misconduct. Defendants were well-positioned to confirm these facts and, if these facts could not be confirmed following a reasonable inquiry, could have stated as much. But Defendants' objections that direct requests to non-party counsel are unavailing.

### *Objections: Request is Duplicative and Cumulative of Deposition Testimony*

In their supplemental and amended responses, Defendants withdrew their objection to requests regarding Officer Majer Saleh on the basis that they do not represent him and now object because he has already been deposed. Rather than admit (and avoid unnecessary litigation about) the truth of certain facts Saleh admitted at his deposition—that he was present at a protest and pepper sprayed protesters—Defendants admit only that that was his testimony. But stating that a document, here the transcript, speaks for itself is not proper. *See Robinson*, 2022 WL 101909, at *4; *see also Parks v. Lebhar-Friedman, Inc.*, No. 04-CV-7133, 2008 WL 3833802, at *5 (S.D.N.Y. Aug. 11, 2008) ("[R]esponses cannot merely state that the document or testimony 'speaks for itself' but must challenge the way Defendant characterized the statement."). They must admit or deny the assertion of fact.

Further, these requests are certainly not "cumulative" of any other discovery. Whereas a request that simply restates a defendant's admission in other discovery may be improperly duplicative, *Van Wagenen v. Consol. Rail Corp.*, 170 F.R.D. 86, 87–88 (N.D.N.Y. 1997), Defendants' counsel here intimated at the meet-and-confer that they questioned the veracity of Saleh's testimony. Defendants' objections of cumulativeness are frivolous.

### *Objections: Request is a Contention Interrogatory*

In response to Requests 141 to 147 and 149 (which Defendants partially answer), Plaintiffs sought to confirm what emails produced by Defendants seem to conclusively establish: that the person in the "from" field sent the email and to confirm what is stated in the email. Defendants object to Requests 147 to 149 as contention interrogatories. They clearly are not. Contention interrogatories involve "an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(c). Such interrogatories "may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts." *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 233 (E.D.N.Y. 2007) (internal citation and marks omitted). These requests do not fit this bill; the objection is frivolous. And although Defendants withdrew their objection to Request 141, they do not simply admit or deny that the indicated sender of an email in fact sent it but rather state what the email "appears" to be (without any suggestion that Defendants conducted a reasonable inquiry (including inspecting the email or asking the sender to confirm the email's authenticity) to confirm the sender). The requests should be deemed admitted.

### *Objections: Settled Case, Seeks information related to separate matter, & Harassing*

The Court should also reject Defendants' attempt to use the fact that these cases relate to the subject matter of other cases as a basis to avoid answering the requests. As Rule 36 states, an "admission under this rule is not an admission for any other purpose and cannot be used against

the party in any other proceeding." Fed. R. Civ. P. 36(b). The fact that some of the requests seek admissions about facts *also* pertinent to another matter will not prejudice Defendants.

Further, a party can seek admissions about any *relevant* fact—regardless of whether it also relates to other settled or pending cases. "'[R]equests for admission are subject to the broad standard for relevance in discovery set by Rule 26.'" *Rubinstein v. Music Sales Corp.*, No. 19-CV-11187, 2021 WL 3374539, at *4 (S.D.N.Y. Aug. 3, 2021) (quoting R. Haig, Business and Commercial Litigation in Federal Courts § 28:6, at 1021 (4th ed. 2016)). These cases concern systemic practices throughout the summer of 2020 and beyond. What the NYPD did to any protester at the 2020 Protests is squarely within the scope of Rule 26, particularly where, as here, there are three putative class actions and a *parens* action on behalf of all New Yorkers that seek to obtain injunctive relief. As the requests relating to *Yates* and cases that have been brought elsewhere are also relevant to these actions, this objection is baseless as is the claim that seeking relevant admissions relating to the underlying events in *Yates* is "harassing." *See Rubinstein*, 2021 WL 3374539, at *4; *see also,* note 5 above.

The Court should also reject any claim that the RFAs unfairly force Defendants to relitigate claims they have paid to resolve. Although plaintiffs who have settled their claims cannot rehash them, the existing plaintiffs lack privity with those parties and thus are not precluded from pursuing their claims for which they have independent standing. *See Meyer v. Macmillan Pub. Co., Inc.,* 526 F. Supp. 213, 217 (S.D.N.Y.1981) (rejecting argument that private plaintiff is in privity with AG because "protection of the public interest may not always dictate precisely the same approach to the conduct of litigation as protection of private interests"); *New York by Schneiderman v. Utica City Sch. Dist.*, 177 F. Supp. 3d 739, 750 (N.D.N.Y. 2016) (finding NY AG's argument persuasive that NY AG and private plaintiff are "fundamentally dissimilar entities for purposes of claim preclusion" and duplicativeness); *E.E.O.C. v. Fed. Express Corp.*, 268 F. Supp. 2d 192, 201–03 (E.D.N.Y. 2003) (rejecting claim that EEOC consent decree precluded NY AG suit brought pursuant to *parens patriae* standing). Defendants' assertion that individual settlements have a class-wide preclusive effect is meritless.

### *Objection: Legal Conclusion*

Defendants' response appears to reflect a misunderstanding of Rule 36. Rule 36, by its plain text, permits a request to admit "the application of law to fact." Fed. R. Civ. P. 36(a)(1)(A). In one instance, on a set of particular facts, Plaintiffs have asked Defendants to admit there is no probable cause. Defendants object (without explanation) that this is a legal conclusion but it is a clear "application of law to fact." The Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

### C. The Court Should Exercise Its Discretion to Overrule Defendants' Objections and Deem those Requests Admitted

Defendants have squandered five months since receiving the RFAs. During this time, they ignored the RFAs and, when they could no longer ignore them, attempted to evade answering most of them through first seeking a protective order and now asserting unjustified

Hon. Gabriel W. Gorenstein
August 8, 2022
Page 12

objections. Rather than take the time to inquire into these matters, or, as it seems in some cases, to even look at the evidence cited by Plaintiffs, Defendants have hurriedly dashed together an array of objections that Rule 36 explicitly forecloses.

Defendants' responses are so devoid of any explanation as to how the asserted objections apply to each request, they are insufficient under Rule 36(a)(6). And given Defendants' months-long delay and repeated failure to comply with Rule 36, the requests for which there are challenged responses should be deemed admitted.

In the alternative, Plaintiffs respectfully request that the Court order Defendants to answer the objected-to requests in the chart within two weeks following the Court's order, and to provide a declaration with any assertion that they cannot answer a request that sets out exactly what investigatory steps – including a description of the number of hours spent discussing facts with persons with relevant knowledge at the NYPD – were taken in preparing the objections and responses to ensure compliance with the Rule's "reasonable inquiry" requirement.[13]

## II. The Court Should Compel Responses to Plaintiffs' Document Request and Interrogatory.

Defendants offer a litany of boilerplate objections to Plaintiffs' simple document request for documents concerning Requests for which there is no unqualified admission. Ex. A at 109. For example, they claim "unqualified admission" is somehow "vague and ambiguous." They also claim the document request is "compound," but they have already agreed (as they must) after months of meeting and conferring that document requests cannot be objectionably compound. *See, e.g.*, Dkt. No. 163-4 at 7 (as paginated). Without specifying which objections formed the basis for withholding — thus violating the Rules and the 2015 Amendments once again (*Fischer v. Forrest*, No. 14-CV-1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017)) — Defendants then state "defendants will provide no further response to this document request." As set out in *Fischer*, by failing to state which objections form the basis for withholding, Defendants have waived all objections but privilege, and thus must produce. *Id.*

But even on its merits, Defendants' response here is frivolous. The meaning of the requests is clear. Consider, for example, Defendants' total refusal to answer policy-related — or document-existence, discipline, and identification-related — RFAs like Request 1.[14] Each asks Defendants to admit that certain documents — or things that would necessarily be reflected in documents, like discipline — do not exist. *Cf.* Dkt. No. 577 at 3 (The Court denying a request that Defendants name the Bates ranges for certain documents, in part, because "plaintiffs are free

---

[13] Plaintiffs also respectfully submit that if Defendants cannot describe, in real detail, the time spent talking to people with personal knowledge in their opposition to this motion, the Court should assume they spent none. *Cf. Gallagher v. N.Y. State Bd. of Elections*, 477 F. Supp. 3d 19, 48 n.4 (S.D.N.Y. 2020) ("failure to respond to Plaintiff's substantial argument can be taken as a concession").

[14] *See also* Requests 2, 21, 22, 29, 78, 124, 125, 126, 127, 128, 129, ,130, 131, 132, 168, 175, 176, 183, 184, 188, 189, 192, 204, 212, 217, 228, 238, 241, 247, 268, 274.

to serve a request for admission that such documents do not exist"). To answer this document request, if Defendants are not admitting that "the NYPD Patrol Guide or the Administrative Guide" did not have any policy "specific to policing protests or First Amendment-protected expression prior to December 2020," all they have to do is produce the Patrol Guide provision. There is nothing objectionable about that request.

Similar in virtually every sense is the interrogatory. Defendants' objections are boilerplate and violate the Rules. Again, consider the policy-related RFAs. If Defendants cannot admit, for example, that "[n]either the City nor the NYPD made any changes to policing policy, practices, or trainings related to" RNC litigation (Req. 21), even after stating "No responsive documents exist" in the Chart checked several times for misstatements, the purpose and function of the interrogatory is obvious: Defendants should have to "identify any person with knowledge of the" (Int. No. 1) supposed "policy, practice, or training" that is not reflected in a single document. If Defendants did not talk to any "person with knowledge" in completing their responses (despite the Rule's requirement to do so), they are nevertheless required to do so in response to the interrogatory. It is in this context that Defendants' claim that Plaintiffs have served 271 separate interrogatories is (particularly) ill-taken. Rather than serve a 30(b)(6) notice, requiring the City to prepare a witness to identify each person who has the knowledge that forms the basis for their denials, Plaintiffs attempted to save the parties time with this single interrogatory.

### III. Mandatory Fees Under Rule 37 are Required.

As set out above, Defendants' repeated refusals to follow the simple process set out in Rule 36 are frivolous, bad faith, and not justified by any authority. Rule 37 provides, in mandatory terms that when a discovery motion is granted, "the court *must* . . . award reasonable motion expenses incurred in making the motion.'" *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (quoting Fed. R. Civ. P. 37) (emphasis added in *Underdog*). "The mandatory nature of the imposition of expenses reflects a policy choice aimed at reducing the burden on the courts by deterring parties … from resisting discovery without justification." *Jackson v Nassau Cnty.*, No. 18-CV-3007, 2022 U.S. Dist. LEXIS 83333, at *4–5 (E.D.N.Y. May 9, 2022) (cleaned up). And indeed, "[t]his standard requires only an inquiry as to 'an objective test of reasonableness' and not as to whether the party or counsel acted 'in good faith.'" *Id.* (internal citation omitted).

Defendants' positions are unreasonable. One objection conveniently sums them up: "Defendants object to Request No. 138 on the grounds that it is an improper use of Rule 36 *as it seeks admission to facts*." Ex. C at 5 (emphasis added). Just so. Defendants' real objection is that Plaintiffs have asked them to admit any facts at all. Since that is a patently improper objection– even if those facts "present[] a genuine issue for trial" (Fed. R. Civ. P. 36(a)(5) – Defendants' choice to force Plaintiffs to make this motion is one they should bear the costs of.

Hon. Gabriel W. Gorenstein
August 8, 2022
Page 14

    We thank the Court for its continued time and consideration.

                                      Respectfully submitted,

                                      /s/
                                Lillian M. Marquez, *Assistant Attorney General*
                                Civil Rights Bureau
                                Office of the New York State Attorney General
                                Tel: 212-416-6401
                                Lillian.Marquez@ag.ny.gov

CC: All counsel of record (by ECF)