# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- x

In Re: New York City Policing
During Summer 2020 Demonstrations,

_____

This filing is related to:

ALL CASES

-------------------------------------------------- x

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST CONSOLIDATED REQUESTS FOR ADMISSION TO CERTAIN DEFENDANTS AND SUPPLEMENTAL INTERROGATORY AND REQUEST FOR PRODUCTION**

20 Civ 8924 (CM)(GWG)

Pursuant to Rules 26, 33, 34, and Rule 36 of the Federal Rules of Civil Procedure, Defendants respond and object to Plaintiffs' First Consolidated Requests for Admission to Certain Defendants and Supplemental Interrogatory and Request for Production as follows:

## GENERAL STATEMENT

1.      By responding to any request, defendants do not concede the materiality of the subject to which it refers.  Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information

contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3.       With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

4.       Defendants object to the entirety of Plaintiffs' First Consolidated Requests for Admission to Certain Defendants and Supplemental Interrogatory and Request for Production, the totality of which are unduly burdensome, overbroad, and harassing.

5.       Defendants object to the phraseology in Plaintiffs' First Consolidated Requests for Admission to Certain Defendants and Supplemental Interrogatory and Request for Production, to the extent that such phraseology, *inter alia*, requires answers with explanations in order to address requests for admissions containing half facts or half-truths taken out of context.

## REQUESTS FOR ADMISSION TO THE CITY OF NEW YORK BILL DE BLASIO AND TERENCE MONAHAN

### REQUEST FOR ADMISSION NO. 1:

Admit that the New York Police Department ("NYPD") did not have a policy in the NYPD Patrol Guide or the Administrative Guide specific to policing protests or First Amendment-protected expression prior to December 2020.

### OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Defendants object to Request No. 1 on the grounds that it is an improper use of Rule 36. Defendants also object as it seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

### REQUEST FOR ADMISSION NO. 2:

Admit that after the Strategic Response Group ("SRG") was created in 2015, through May 28, 2020, non-SRG officers did not receive in-service disorder control training.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Defendants object to Request No. 2 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Bill de Blasio and Dermot F. Shea communicated with each other at least once per day between May 29 and June 5, 2020, regarding the NYPD response to the Protests.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Defendants object to Request No. 3 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.  Defendants also object as no citation or context for this request was provided.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Bill de Blasio and Terence A. Monahan communicated with each other at least once per day between May 29 and June 5, 2020, regarding the NYPD response to the Protests.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendants object to Request No. 4 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.  Defendants also object as no citation or context for this request was provided.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Police Commissioner Dermot F. Shea stated at a June 4, 2020 press conference "You look at the anti-police rhetoric, it disgusts me to my core."

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendants object to Request No. 5 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Mayor de Blasio stated at a press conference on June 5, 2020, that he "had observers from City Hall" present at the rally in Mott Haven on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Defendants object to Request No. 6 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 7:**

Admit that employees of the Office of the Mayor of New York City were present at the June 4, 2020, rally in Mott Haven, Bronx, and reported back their observations to Mayor de Blasio.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendants object to Request No. 7 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.  Defendants also  object as no citation or context for this request was provided.

**REQUEST FOR ADMISSION NO. 8:**

Admit that at a press conference on June 5, 2020, Mayor de Blasio stated regarding the Mott Haven operation:  "This is something the NYPD saw coming."

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendants object to Request No. 8 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, at a June 5, 2020, press conference with Mayor de Blasio, Commissioner Shea acknowledged that protesters at the Protests to date "overwhelmingly [] are good people coming out to voice their opinion."

a. *See* DEF_000174347.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Defendants object to Request No. 9 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Police Commissioner Dermot F. Shea stated at the same June 5, 2020 press conference, that the NYPD "had a plan which was executed nearly flawlessly" at Mott Have on June 4, 2020.

a. *See* DEF_000174347.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Defendants object to Request No. 10 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 11:**

Admit that during a June 7, 2020, news conference, Mayor de Blasio was asked: "Did you approve the tactics that we saw the NYPD using, starting on June 3rd and June 4th? That's the use of batons, more sort of pushing of protests, that sort of thing?  Did you approve those?" and Mayor de Blasio answered that "I approve the broad strategies and sometimes very specific choices."

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Defendants object to Request No. 11 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context. Defendants also object on the ground that this request is compound.

**REQUEST FOR ADMISSION NO. 12:**

Admit that during a June 7, 2020, news conference, Mayor de Blasio stated, "I constantly talk to Commissioner about everything I see in those videos."

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendants object to Request No. 12 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during an October 29, 2020 Reform & Reinvention Listening Session, NYPD Chief of Patrol Juanita Holmes stated, "With the officers, to the, just giving them the benefit of the doubt, that they reacted the way they normally react.  If they see someone doing something that they perceived to be not within the law, they arrested them, not realizing that protests are allowed-but peaceful protests are allowed."

a.   *See* NYAG-G-00001360, time stamp 1:09:00 to 1:10:20.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Defendants object to Request No. 13 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, during an October 29, 2020 Reform & Reinvention Listening Session, NYPD Chief of Patrol Juanita Holmes stated, "We had officers that did things that never should have been done; that's not in alignment with what we stand for as agency."

a.  *See* NYAG-G-00001360, time stamp 1:11:53 and 1:12:01.

## OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 14:

Defendants object to Request No. 14 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.

## REQUEST FOR ADMISSION NO. 15:

Admit that, during an October 19, 2020 Reform & Reinvention Listening Session, then Assistant Chief Matthew Pontillo, of the NYPD Office of the First Deputy Commissioner, stated:

a.  "Training is crucial to what we do, and it's a never-ending process.  So, when you think about a lot of the skills that police officers need to do their jobs, a lot of the tactical skills, those are perishable."; and

b.  "When we hire young people, they go through the police academy for six months, we give them all the basic skills they need to begin.  But then really it's the next 20, 25, 30 years of learning.  And we have to understand that there's a cost to that... but that training is absolutely essential."; and

c.  "All of our training curricula materials are also policy and must be complied with and will be the basis for either discipline or some other remedial action if not complied with."

i.  *See* NYAG-G-00001361, starting at 32:20.

## OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 15:

Defendants object to Request No. 15 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context. Defendants object to this request as it is compound.

## REQUEST FOR ADMISSION NO. 16:

Admit that, in a video message released on December 18, 2020 and posted on YouTube, Mayor de Blasio spoke regarding the New York City Department of Investigation's December 2020 report on the Protests, stating, "I read this report and I agree with it.  I agree with

its analysis and I agree with its recommendations.  Because it makes very clear that we gotta do something different and we gotta do something better."

    a. *See* NYAG-G-00001358, time stamp starting at 0:15.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Defendants object to Request No. 16 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 17:**

Admit that, in a December 18, 2020 video statement regarding the Protests, Mayor de Blasio "there were things that happened that were not about whether someone made the individual mistake, there were choices made, strategic choices, that weren't good choices it turns out; that end up causing problems.  And we have to come to grips with that.  We have to train our police force differently."

    a. *See* NYAG-G-00001358, starting at 3:45.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Defendants object to Request No. 17 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Defendant Monahan stated on May 29, 2020, that the "vast majority of people are out there to express their views," referring to individuals attending the Protests that had occurred to date.

    a. *See* NYAG-G-00001359, starting at 3:29.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Defendants object to Request No. 18 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 19:**

Admit that on February 16, 2021, during a City Council hearing by the Committee on Public Safety, Chief of Patrol Juanita Holmes stated that "four hours of disorder training is not enough."

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Defendants object to Request No. 19 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context. Defendants also object as no citation or context for this request was provided.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the time stamp that appears on NYPD body-worn camera footage is in Greenwich Mean Time, which is five hours ahead of U.S. Eastern Standard Time ("EST") and four hours ahead of Eastern Daylight Time ("EDT").

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Defendants object to Request No. 20 on the grounds that it is vague and overbroad in failing to define and specify the make, edition and model of the device(s) or outputs ("footage") and improper because it seeks expert opinion without sufficient foundation. Defendants also object as this request is improper as defendants cannot respond to this request without providing a narrative.

**NYPD's Failure to Take into Account Litigation About Misconduct**

**REQUEST FOR ADMISSION NO. 21:**

Neither the City nor the NYPD made any changes to policing policy, practices, or trainings related to or because of *MacNamara, et al., v. City of New York, et al.,* 04 Civ. 9216 (KMK)(JCF) (S.D.N.Y.), the allegations therein, or any other case related to the police response to protests at the 2004 Republican National Convention.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Defendants object to Request No. 21 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request is compound.

**REQUEST FOR ADMISSION NO. 22:**

Neither the City nor the NYPD made any changes to policing policy, practices, or trainings related to or because of the following cases, the settlement or resolution thereof, or the allegations therein: *Mandal v. City of New York.*, 02-cv-1234 (WHP)(FM) (S.D.N.Y.) and the related decisions (e.g., "Mandal I," No. 02-cv-1234 (WHP), 02-cv-1367 (WHP), 02-cv-6537 (WHP), 2006 WL 2950235, at *4-7 (S.D.N.Y. Oct. 17, 2006) and "Mandal II," No. 02-cv-l234 (WHP), 02-CV-1367 (WHP), 2007 WL 3376897, at *2 (S.D.N.Y. Nov. 13, 2007); *Burley v. City of New York*, 03-cv-2915 (WHP)(FM) 2005 WL 668789 (S.D.N.Y. March 23, 2005); *Allen v. City of New York*, 466 F. Supp. 2d 545, 546 (S.D.N.Y. 2006); *Haus v. City of New York*, 03-cv-4915 (RWS)(MHD) 2006 WL 1148680, *1 (S.D.N.Y. April 24, 2006); *Larsen v. City of New York, et al.*, 04-cv-0665 (RWS) (S.D.N.Y.); *Kunstler v. City of New York*, 04-cv-l145 (RWS)(MHD) (S.D.N.Y.); *Abdell. v. City of New York*, 05-cv8453 (RJS)(JCF) (S.D.N.Y.), *Schiller, v. City of New York*, 04- cv-7922 (RJS) (JCF) (S.D.N.Y.), *Dinler v. City of New York,* 04-cv-7921 (RJS)(JCS) (S.D.N.Y.), *Kyne v. Wolfowitz*, 06-cv-2041 (RJS)(JCF) (S.D.N.Y.); *Callaghan v. City of New York*, 07-CV-9611 (PKC)(JLC) (S.D.N.Y.); *Osterhoudt v. City of New York, et al.*, No. 10-cv-3173 (RJC)(RML), 2012 WL 4481927, at *1-2, (E.D.N.Y. Sept. 27, 2012); the cases listed in *Marisa Holmes v. City of New York, et al.*, 14-cv-5253 (LTS) (S.D.N.Y.) (Dkt. No. 13 ¶ 89); *Gerskovich v. locco*, 15-cv-7280 (S.D.N.Y. Berman, J.); *Peat v. City of New York*, No. 12-cv-08230 (S.D.N.Y.); *Packard v. City of New York*, 15-cv7130 (S.D.N.Y.) (AT); *Case v. City of New York*, 14-cv-9148 (S.D.N.Y.) (AT); *Clarke v. NYC*, 13-cv-

(RWS); *Crisp v. NYC*, 12-cv-5482(RWS); *Dedrick v. NYC*, 12-cv-7165(RWS); *Dierken v. NYC*, 12-cv-7462(RWS); *Elliot v. NYC*, 12- cv-992(RWS); and *Hanlin v. NYC*, 12-cv-5844(RWS).

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Defendants object to Request No. 22 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request is compound.

**REQUEST FOR ADMISSION NO. 23:**

The City of New York, in reviewing and revising its protest policing policies, trainings, and practices, does not review or otherwise take into account (i) decline to prosecute decisions, (ii) conviction conversion rates, or (iii) allegations and settlements in lawsuits relating to protests.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Defendants object to Request No. 23 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request is compound.

**REQUEST FOR ADMISSION NO. 24:**

No protest policing related litigation, settlement, verdict, notice of claim under the General Municipal Law, or allegation between 2000 and May 27, 2020, had any effect on the City's relevant policies, practices, customs, or NYPD training.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Defendants object to Request No. 24 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request is compound.

**NYPD's Failure to Investigate or Take Seriously White Supremacy**
**REQUEST FOR ADMISSION NO. 25:**

Neither the City nor the NYPD has conducted any investigation into any displays of white power symbols by any NYPD officers since January 1, 2014.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Defendants object to Request No. 25 on the grounds that defendants cannot readily obtain the information to admit or deny this request as the search capabilities do not allow defendants to conduct search investigations into NYPD officers based on this category.

**REQUEST FOR ADMISSION NO. 26:**

Neither the City nor the NYPD has conducted any investigation into any complaint concerning biased policing by any NYPD officers since January 1, 2014.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Deny.

**REQUEST FOR ADMISSION NO. 27:**

Neither the City nor the NYPD keeps any records of statements that reflect racial bias by NYPD officers.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Deny.

**REQUEST FOR ADMISSION NO. 28:**

Neither the City nor the NYPD has conducted any investigation into whether NYPD officers other than James Kobel post racist, misogynist, homophobic, and anti-Semitic messages on the website "Law Enforcement Rant."

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Defendants object to Request No. 28 on the grounds that defendants cannot readily obtain the information to admit or deny this request as the search capabilities do not allow defendants to conduct search investigations into NYPD officers based on this category.

**REQUEST FOR ADMISSION NO. 29:**

Neither the City nor the NYPD made any changes to policing policy or practices, or imposed any discipline outside of the firing of then Deputy Inspector James Kobel, following the hearing and related proceedings conducted by the City Council.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Defendants object to Request No. 29 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request is compound. Defendants further object as this request as it seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 30:**

Neither the City nor the NYPD, including the IAB, Intelligence, and Anti-Terrorism divisions, has conducted any investigation into, or any assessment of, NYPD officers' possible affiliations with racist or white supremacist organizations.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Defendants object to Request No. 28 on the grounds that defendants cannot readily obtain the information to admit or deny this request as the search capabilities do not allow defendants to conduct search investigations into NYPD officers based on this category.

**REQUEST FOR ADMISSION NO. 31:**

Neither the City nor the NYPD, including the IAB, Intelligence, and Anti-Terrorism divisions, has conducted any investigation into, or any assessment of, NYPD officers' possible affiliations with the Proud Boys, Oath Keepers, Three Percenters, or other far-right or neo-Nazi organizations.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Deny.

**REQUEST FOR ADMISSION NO. 32:**

Neither the City nor the NYPD, including the IAB, Intelligence, and Anti-Terrorism divisions, has conducted any investigation into, or any assessment of, NYPD officers' possible affiliations with the Proud Boys, Oath Keepers, Three Percenters, or other far-right or neo-Nazi organizations.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Defendants object to Request No. 28 on the grounds that it is duplicative of Request No. 31.

**REQUEST FOR ADMISSION NO. 33:**

Neither the City nor the NYPD, including the IAB, Intelligence, and Anti-Terrorism divisions, has conducted any investigation into, or any assessment of, NYPD officers' participation in online far-right/racist message boards, such as the Law Enforcement Rant site Deputy Inspector James Kobel posted on.

- 14 -

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Defendants object to Request No. 28 on the grounds that defendants cannot readily obtain the information to admit or deny this request as the search capabilities do not allow defendants to conduct search investigations into NYPD officers based on this category.

**REQUEST FOR ADMISSION NO. 34:**

Neither the City nor the NYPD has disciplined any officer for the use of racist language during the Protests.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Defendants object to Request No. 34 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**Keith Boykin**
**REQUEST FOR ADMISSION NO. 35:**

Admit that the video recording produced by Defendant under Bates stamp DEF_000321057 is a true and accurate copy of the body worn camera footage recorded by Sgt. Mitchell Epstein on May 30, 2020, between approximately 3:27 p.m. EDT and 3:40 p.m. EDT.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Admit.

**REQUEST FOR ADMISSION NO. 36:**

Admit that the video footage produced by Defendant under Bates stamp DEF_000321057, depicts the apprehension and arrest of Keith Boykin on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Defendants object to Request No. 36 on the grounds that it is improper, is compound and seeks information related to separate pending matter.

- 15 -

**REQUEST FOR ADMISSION NO. 37:**

Admit that in the video footage produced by Defendant under Bates stamp DEF_000321057, starting at approximately 2 minutes and 39 seconds into the video, the following statements were made. Sgt. Mitchell Epstein stated to Keith Boykin: "Let's go." Mr. Boykin stated "I'm press. CNN." Sgt. Epstein, replied, "I don't care. You can't be in the road. Get off the bike. You're under arrest. " Mr. Boykin replied, "OK."

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Defendants object to Request No. 37 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context. Defendants also object on the ground that this request is compound and as seeks discovery regarding a separate pending lawsuit.

**REQUEST FOR ADMISSION NO. 38:**

Admit that Keith Boykin was apprehended and arrested by NYPD officers on May 30, 2020, at approximately 3:39 p.m. EDT, in the vicinity of the West Side Highway and West 96th Street in Manhattan.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Defendants object to Request No. 38 on the grounds that "in the vicinity of" is vague and ambiguous and that the phraseology is improper. Defendants also object to this request as it compound and seeks discovery regarding a separate pending lawsuit. Notwithstanding, defendants admit that Keith Boykin was arrested by NYPD officers on May 30, 2020, at approximately 3:40 p.m. at the intersection of the West Side Highway and West 96th Street in Manhattan.

**REQUEST FOR ADMISSION NO. 39:**

Admit that on May 30, 2020, was issued summonses for two offenses, disorderly conduct and unauthorized use of a roadway.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Defendants object to Request No. 39 on the grounds that it seeks discovery regarding a separate pending lawsuit.  Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper. Notwithstanding, Defendants also state that after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 40:**

Admit that the documents produced by Defendant under Bates numbers DEF_000075618 and DEF_000090674 are true and accurate copies of the summonses issued to Mr. Boykin.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Defendants object to Request No. 40 on the grounds that it seeks discovery regarding a separate pending lawsuit and is compound.  Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper. Notwithstanding, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 41:**

Admit that both summonses issued against Mr. Boykin on May 30, 2020, were dismissed.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Defendants object to Request No. 41 on the grounds it seeks discovery regarding a separate pending lawsuit.  Defendants also object to this request as "issued" is vague and

ambiguous and the phraseology is improper. Notwithstanding, Defendants admit that the summonses issued to Mr. Boykin on May 30, 2020 were dismissed.

**REQUEST FOR ADMISSION NO. 42:**

Admit that the document attached hereto as Exhibit A (and which is contained within the document produced by Plaintiffs under Bates number OAG-0396824), is a true and accurate copy of an email sent by Freddi Goldstein, then Press Secretary to Mayor Bill de Blasio, on approximately May 31, 2020, at 12:55 a.m., to Keith Boykin.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Admit.

**Jemell Cole**

**REQUEST FOR ADMISSION NO. 43:**

Admit that Jemell Cole was apprehended and arrested by NYPD officers on July 15, 2020, at approximately 10:20 a.m., in the vicinity of the Brooklyn Bridge pedestrian path.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Defendants object to Request No. 43 on the grounds that "in the vicinity of" is vague and ambiguous, and the phraseology is improper and this request is compound,. Notwithstanding, defendants admit that according to a voided NYPD Arrest Report, Jemell Cole was arrested by NYPD officers on July 15, 2020, at approximately 10:20 a.m. at the southeast corner of Centre Street and Brooklyn Bridge in Manhattan.

**REQUEST FOR ADMISSION NO. 44:**

Admit that the document produced by Defendant under Bates numbers DEF_000046332-34 is a true and accurate copy of the arrest report prepared for the arrest of Jemell Cole.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Defendants object to Request No. 44 based on grounds that after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request. Defendants object to this request as it is vague, calls for conclusory interpretations requiring expert analysis without proper foundation.

**REQUEST FOR ADMISSION NO. 45:**

Admit that the NYPD "voided" the July 15, 2020 arrest of Jemell Cole.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Admit.

**REQUEST FOR ADMISSION NO. 46:**

Admit that the NYPD released Cole from NYPD custody without being charged with any offense.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Admit that NYPD voided the July 15, 2020 arrest and released Cole from NYPD custody.

**REQUEST FOR ADMISSION NO. 47:**

Admit that the document produced by Defendant under Bates number DEF_CCRB_0120887 is a true and accurate copy of the body worn camera footage of Officer Briana Carlo on July 15, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Defendants object to Request No. 47 on grounds that after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 48:**

Admit that the document produced by Defendant under Bates numbers DEF_CCRB_0120862-74 is a true and accurate copy of the Activity Log Report of Officer Briana Carlo on July 15, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Defendants object to Request No. 48 on the grounds that after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request.

**Alexandra Crousillat**

**REQUEST FOR ADMISSION NO. 49:**

Admit that on November 4, 2020, near the intersection of 14th Street and Irving Place in Manhattan and between approximately 9:23:21 p.m. and 9:25:02 p.m. EST, an NYPD officer played the following prerecorded warning through a sound amplification device: "This is the New York City Police Department.  You are unlawfully in the roadway and obstructing vehicular traffic.  You are ordered to leave the roadway and utilize the available sidewalk.  If you do so voluntarily, no charges will be placed against you.  If you remain in the roadway and refuse to utilize the sidewalk, you will be placed under arrest and charged with disorderly conduct."

a.   See DEF_000320348, DEF_000320349, DEF_000320350.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Defendants object to Request No. 49 on the grounds that this request is compound. Notwithstanding, defendants admit that the quoted language can be heard in the recording bearing the Bates stamp No. referenced in the Request.

**REQUEST FOR ADMISSION NO. 50:**

Admit that on November 4, 2020, near the intersection of 14th Street and Irving Place in Manhattan and between approximately 9:25:17 p.m. and 9:25:47 p.m. EST, an NYPD officer played the following prerecorded warning through a sound amplification device:  "Since you have refused to leave the roadway, I am ordering your arrest on the charge of disorderly conduct.  If you do not accompany the arresting officer voluntarily to the prisoner transport vehicle, or if you resist arrest, you may be charged with additional crimes."

    a.   See DEF_000320350

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Defendants admit that the following prerecorded warning can be heard in the above-referenced Bates stamped recording: "Since you have refused to leave the roadway, you will be placed under arrest on the charge of disorderly conduct. If you do not cooperate and accompany the arresting officer to the prisoner transport vehicle, or if you resist arrest, you may be charged with additional crimes."

**REQUEST FOR ADMISSION NO. 51:**

Admit that on November 4, 2020, near the intersection of 14th Street and Irving Place in Manhattan and between approximately 9:26:26 p.m. and 9:27:22 p.m. EST, an NYPD officer played the following prerecorded warning through a sound amplification device:  "This is the New York City Police Department.  You are unlawfully obstructing pedestrian traffic.  You are ordered to disperse now to permit the safe flow of pedestrian traffic.  If you do so voluntarily, no charges will be placed against you.  If you refuse to disperse, you will be placed under arrest and charged with disorderly conduct."

    a.   See DEF_000320350.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Defendants admit that the quoted language can be heard in the recording bearing the Bates stamp No. referenced in the request.

**REQUEST FOR ADMISSION NO. 52:**

Admit that NYPD officers did not provide any other amplified warning or order to disperse other than those referenced in Requests to Admit numbers 49 to 51 on November 4, 2020, between 9:00 p.m. and 9:30 p.m. EST in the vicinity of 14th Street and Irving Place in Manhattan.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Defendants object to Request No. 52 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 53:**

Admit that Alexandra Crousillat was standing on the sidewalk at the time that an NYPD officer or officers began to effect her arrest on November 4, 2020.

      a.  See DEF_000320372.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Defendants object to Request No. 53 on the grounds that it is compound and that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 54:**

Admit that Alexandra Crousillat was not ordered to disperse from the sidewalk when she was arrested by NYPD officers on November 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

   Defendants object to Request No. 54 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this Request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 55:**

   Admit that Alexandra Crousillat was recording police activity with her mobile phone when an NYPD officer or officers began to effect her arrest on November 4, 2020.

   a. See DEF_000320372.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

   Defendants object to Request No. 55 on the grounds that it seeks an admission to information that is not in the current knowledge, possession, or control of defendants and is an improper use of this process.

**REQUEST FOR ADMISSION NO. 56:**

   Admit that, on November 4, 2020, Alexandra Crousillat informed her arresting officer, Officer Jarvis Onabanjo, that her flex-cuffs were causing her to lose feeling in her fingers.

   a. *See* DEF_000320368.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

   Defendants object to Request No. 56 on the grounds that it is an improper use of Rule 36. Defendants further object as this Request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 57:**

Admit that Officer Jarvis Onabanjo did not cut or otherwise remove any of Alexandra Crousillat's flex-cuffs on November 4, 2020, until approximately 17 minutes after Ms. Crousillat first complained about their tightness.

a. *See* DEF_000320368.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Defendants object to Request No. 57 on the grounds that it is an improper use of Rule 36, is compound and is an improper use of this process.

**REQUEST FOR ADMISSION NO. 58:**

Admit that the NYPD does not issue tools to safely remove flex-cuffs to all officers who are issued flex-cuffs.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Admit.


**Andrew Smith**

**REQUEST FOR ADMISSION NO. 59:**

Admit that on May 30, 2020, near the intersection of Bedford and Tilden Avenues in Brooklyn, NYPD police officer Michael Sher pulled down Andrew Smith's face mask from his face and then sprayed him with Oleoresin Capsicum (OC).

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Defendants object to Request No. 59 on the grounds that it is as an improper use of this process, is compound and seeks information related to a separate pending matter. Defendants also object to this request as Officer Michael Sher is not represented by the Office of

the Corporation Counsel and any requests to admit regarding this officer should be directed to his counsel.

**REQUEST FOR ADMISSION NO. 60:**

Admit that Andrew Smith was participating in a protest at the time that Officer Sher sprayed Smith with OC on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Defendants object to Request No. 60 on the grounds that it is an improper use of this process, is compound and seeks information related to a separate pending matter. Defendants also object to this request as officer Michael Sher is not represented by the office of the corporation counsel and any requests to admit regarding this officer should be directed to his counsel.

**REQUEST FOR ADMISSION NO. 61:**

Admit that Officer Sher did not administer medical aid or seek medical aid for Andrew Smith after spraying him with OC on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Defendants object to Request No. 61 on the grounds that it is an improper use of Rule 36, is compound and is an improper use of this process. Defendants also object to this request as Officer Michael Sher is not represented by the Office of the Corporation Counsel and any requests to admit regarding this officer should be directed to his counsel.

**REQUEST FOR ADMISSION NO. 62:**

Admit that on May 30, 2020, near the intersection of Bedford and Tilden Avenues in Brooklyn, Officer Sher issued his OC spray against a second Black male protester.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Defendants object to Request No. 62 on the grounds that it is compound and is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as Officer Michael Sher is not represented by the Office of the Corporation Counsel and any requests to admit regarding this officer should be directed to his counsel.

**REQUEST FOR ADMISSION NO. 63:**

Admit that Officer Sher violated NYPD's policy regarding the use of OC spray when he sprayed Andrew Smith with OC spray.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Defendants object to Request No. 63 on the grounds that it is an improper under Rule 36.  Defendants also object to this request as Officer Michael Sher is not represented by the Office of the Corporation Counsel and any requests to admit regarding this officer should be directed to his counsel.


**Dennis Mullikin**

**REQUEST FOR ADMISSION NO. 64:**

Admit that the document produced by Defendant under Bates stamp DEF_000226839 is a true and accurate copy of the Medical Treatment of Prisoner Form created by NYPD on May 31, 2020, relating to Dennis Mullikin.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Defendants object to Request No. 64 on the grounds that this request is vague and seeks discovery regarding a separate pending lawsuit.

**REQUEST FOR ADMISSION NO. 65:**

Admit that that the document produced by Defendant under Bates stamp Def_CCRB-00004862 is a true and accurate copy of the Threat, Resistance, and Injury (TRI) Incident Form created by NYPD on June 1, 2020, relating to the arrest of Dennis Mullikin.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

Defendants object to Request No. 65 on the ground that this request seeks discovery regarding a separate pending lawsuit.  Notwithstanding, defendants deny this request.

**REQUEST FOR ADMISSION NO. 66:**

Admit that at approximately 10:00:13 p.m. EDT on May 31, 2020, SRG officers called for a line formation at the intersection of 12th Street and Broadway in Manhattan.

a.   *See* DEF_000321006, between 1:55 and 2:10 minutes.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

Admit.

**REQUEST FOR ADMISSION NO. 67:**

Admit that at 10:01:30 p.m. EDT on May 31, 2020, at the intersection of 12th Street and Broadway in Manhattan, SRG 2 Captain Julio Delgado told various NYPD sergeants, "Tell your cops, we are making arrests."

a.   *See* DEF_000321086, between 1:19 and 1:22 minutes.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

Defendants object to Request No. 67 on the grounds that it is an improper use of this process. Notwithstanding, defendants admit that the words, "Tell your cops, we are making arrests" can be heard in the recording bearing the Bates stamp number referenced in this request.

**REQUEST FOR ADMISSION NO. 68:**

Admit that at 10:01:33 p.m. EDT on May 31, 2020, Sergeant Brian Verkay ordered NYPD officers lined up at the intersection of 12th Street and Broadway in Manhattan to "move the crowd."

a.   *See* DEF_000321006, between 3:17 and 3:19 minutes.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

Admit.

**REQUEST FOR ADMISSION NO. 69:**

Admit that at 10:01:32 p.m. EDT on May 31, 2020, NYPD officers lined up at the intersection of 12th Street and Broadway in Manhattan began moving south towards protesters on Broadway, as recorded between 1:25 and 1:45 minutes in the recording produced as DEF_000321086.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Defendants object to Request No. 69 on the grounds that it is compound and an improper use of this process. Notwithstanding, Defendants admit that DEF_000321086, a recording of approximately 33 minutes and 1 second in duration, shows what is depicted therein.

**REQUEST FOR ADMISSION NO. 70:**

Admit that at 10:01:57 on May 31, 2020, in the vicinity of 12th Street and Broadway in Manhattan, an NYPD officer played the following prerecorded warning through a sound amplification device: "This is the NYPD.  This group has become violent and is creating a disturbance.  You are being ordered to disperse.  If you do not disperse you will be subject to arrest," as recorded between 1:45 and 2:00 minutes in the. recording produced as DEF_000321086 and between 3:34 and 3:45 minutes in the recording produced as DEF_000321006.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

Defendants object to Request No. 70 on the grounds that it is compound and an improper use of this process. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Notwithstanding, defendants state  that after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 71:**

Admit that NYPD officers did not issue an order to disperse to protesters at the intersection prior to 10:01 p.m. EDT on May 31, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

Defendants object to Request No. 71 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 72:**

Admit that at 10:01:48 p.m. EDT on May 31, 2020, Dennis Mullikin was walking southbound on Broadway between 12th and 11th Streets in Manhattan when an NYPD officer grabbed Mullikin from behind.

a. *See* DEF_000321007

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

Defendants object to Request No. 72 on the grounds that it is an improper use of this process.

**REQUEST FOR ADMISSION NO. 73:**

Admit that NYPD officers Luis Ortiz (Tax ID 956142), Brenda Olivierre (Tax ID) 950977), James Lee (Shield 19325), and Mauricio Thomas (Tax ID 945466), were involved in the apprehension of Dennis Mullikin on May 31, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

Defendants object to Request No. 73 on the grounds that  it is compound, and that "involved in the apprehension" is vague and ambiguous and the phraseology is improper. Notwithstanding, defendants Deny this request.

**REQUEST FOR ADMISSION NO. 74:**

Admit that NYPD officer James Lee (Shield 19325) did not activate his body-worn camera during the arrest of Dennis Mullikin.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

Defendants object to Request No. 74 on the grounds that "during" is vague and the phraseology is improper. Notwithstanding, defendants deny this request.

**REQUEST FOR ADMISSION NO. 75:**

Admit that Officer Luis Ortiz used force to arrest Dennis Mullikin, including striking Mullikin's body with his ASP.

a.   *See* Def_CCRB-00004862.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

Defendants object to Request No. 75 on the  grounds that it is an improper use of this process.

**REQUEST FOR ADMISSION NO. 76:**

Admit that as a result of the force used by NYPD officers in effecting his arrest, Dennis Mullikin suffered injuries, including swelling and a minor laceration to his face.

a.  *See* DEF_000226839.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

Defendants object to Request No. 76 on the  grounds that defendants it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 77:**

Admit that NYPD officer James Lee (Shield 19325) was not disciplined for failing to activate his body-worn camera during the arrest of Dennis Mullikin on May 31, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

Defendants object to Request No. 77 on the  grounds that it is improper as defendants cannot respond to this request without providing a narrative.  Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 78:**

Admit that no NYPD officer has received command or formal discipline for the injuries Dennis Mullikin sustained during his arrest on May 31, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

Defendants object to Request No. 78 on the  grounds that it is improper as defendants cannot respond to this request without providing a narrative.  Defendants further object as this request is compound.

**Jillian Primiano**
**REQUEST FOR ADMISSION NO. 79:**

Admit that the document produced by Defendant under Bates stamp DEF_000094595 is a true and accurate copy of a C-Summons issued by the NYPD on June 4, 2020, to Jillian Primiano.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

Defendants object to Request No. 79 on the grounds that "issued" is vague and ambiguous and the phraseology is improper.  Notwithstanding, defendants admit this request.

**REQUEST FOR ADMISSION NO. 80:**

Admit that PO Brian P. Destefano (Tax No. 954727) was the "summonsing officer" referenced in the section titled "Factual Allegations" on Jillian Primiano's C-Summons, at DEF_000094596.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

Defendants object to Request No. 80 on the grounds that it is an improper use of Rule 36 and is compound.

**REQUEST FOR ADMISSION NO. 81:**

Admit that PO Brian P. Destefano was not Jillian Primiano's arresting officer.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

Plaintiffs withdrew Request No. 81.

**REQUEST FOR ADMISSION NO. 82:**

Admit that the name of Jillian Primiano's arresting officer does not appear on DEF_000094595.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

Defendants object to Request No. 82 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 83:**

Admit that PO Brian P. Destefano personally observed Jillian Primiano in purported violation of the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

Plaintiffs withdrew Request No. 83.

**REQUEST FOR ADMISSION NO. 84:**

Admit that PO Brian P. Destefano did not personally observe Jillian Primiano in purported violation of the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

Defendants object to Request No. 84 on the grounds that it is improper under Rule 36 and is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 85:**

Admit that Jillian Primiano's arresting officer personally observed Jillian Primiano in purported violation of the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

Plaintiffs withdrew Request No. 85.

**REQUEST FOR ADMISSION NO. 86:**

Admit that Jillian Primiano's arresting officer did not personally observe Jillian Primiano in purported violation of the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

Defendants object to Request No. 86 on the   grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 87:**

Admit that Jillian Primiano's arresting officer was aware that Ms. Primiano was a healthcare worker prior to her arrest.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

Defendants object to Request No. 87 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 88:**

Admit that PO Brian P. Destefano was aware, prior to June 5, 2020, that healthcare workers were exempt from the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

Plaintiffs withdrew Request No. 88.

**REQUEST FOR ADMISSION NO. 89:**

Admit that PO Brian P. Destefano was not aware, at any time prior to June 5, 2020, that healthcare workers were exempt from the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

Defendants object to Request No. 89 on the grounds that it is improper under Rule 36 and is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 90:**

Admit that PO Brian P. Destefano was not aware, at any time prior to June 5, 2020, that individuals providing medical support or medical services at protests were exempt from the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

Defendants object to Request No. 90 on the grounds that it is improper under Rule 36. Defendants also object to this request as is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 91:**

Admit that PO Brian P. Destefano was aware, prior to June 5, 2020, that individuals providing medical support or medical services at protests were exempt from the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

Plaintiffs withdrew Request No. 91.

**REQUEST FOR ADMISSION NO. 92:**

Admit that Jillian Primiano's arresting officer was not aware, at any time prior to June 5, 2020, that healthcare workers were exempt from the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

Defendants object to Request No. 92 on the  grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 93:**

Admit that Jillian Primiano's arresting officer was aware, prior to June 5, 2020, that healthcare workers were exempt from the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

Plaintiffs withdrew Request No. 93.

**REQUEST FOR ADMISSION NO. 94:**

Admit that Jillian Primiano's arresting officer was not aware, at any time prior to June 5, 2020, that individuals providing medical support or medical services at protests were exempt from the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

Defendants object to Request No. 94 on the  grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 95:**

Admit that Jillian Primiano's arresting officer was aware, prior to June 5, 2020, that individuals providing medical support or medical services at protests were exempt from the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

Plaintiffs withdrew Request No. 95.

**Mike Pappas**

**REQUEST FOR ADMISSION NO. 96:**

Admit that the document produced by Defendant under Bates stamp DEF_000090620 is a true and accurate copy of a C-Summons issued by the NYPD on June 4, 2020, to Michael Gregory Pappas.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

Defendants object to Request No. 96 on the grounds that "issued" is vague and ambiguous and the phraseology is improper.  Notwithstanding, defendants admit this request.

**REQUEST FOR ADMISSION NO. 97:**

Admit that the document produced by Defendant under Bates stamp DEF_000094595 is a true and accurate copy of a C-Summons issued by the NYPD on June 4, 2020, to Michael Gregory Pappas.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

Defendants object to Request No. 79 on the grounds that "issued" is vague and ambiguous and the phraseology is improper.  Notwithstanding, defendants deny this request.

**REQUEST FOR ADMISSION NO. 98:**

Admit that PO Niazul Haque (Tax No. 943349) was the "summonsing officer" referenced in the section titled "Factual Allegations" on Michael Gregory Pappas's C-Summons, at DEF_000094596.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

Defendants object to Request No. 98 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 99:**

Admit that PO Niazul Haque was not Michael Gregory Pappas's arresting officer.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

Defendants object to Request No. 99 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 100:**

Admit that the name of Michael Gregory Pappas's arresting officer does not appear on DEF_000094595.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

Defendants object to Request No. 100 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.  Defendants further object as this Request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 101:**

Admit that PO Niazul Haque personally observed Michael Gregory Pappas in purported violation of the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

Plaintiffs withdrew Request No. 101.

**REQUEST FOR ADMISSION NO. 102:**

Admit that PO Niazul Haque did not personally observe Michael Gregory Pappas in purported violation of the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

Defendants object to Request No. 102 on the grounds that it is improper under Rule 36.  Defendants also object to this request as t is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 103:**

Admit that Michael Gregory Pappas's arresting officer personally observed Michael Gregory Pappas in purported violation of the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

Plaintiffs withdrew Request No. 103.

**REQUEST FOR ADMISSION NO. 104:**

Admit that Michael Gregory Pappas's arresting officer did not personally observe Michael Gregory Pappas in purported violation of the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

Defendants object to Request No. 104 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 105:**

Admit that Michael Gregory Pappas's arresting officer was aware that Ms. Primiano was a healthcare worker prior to her arrest.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

Plaintiffs withdrew Request No. 105.

**REQUEST FOR ADMISSION NO. 106:**

Admit that PO Niazul Haque was aware, prior to June 5, 2020, that healthcare workers were exempt from the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

Plaintiffs withdrew Request No. 106.

**REQUEST FOR ADMISSION NO. 107:**

Admit that PO Niazul Haque was not aware, at any time prior to June 5, 2020, that healthcare workers were exempt from the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

Defendants object to Request No. 107 on the grounds that it is improper under Rule 36. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 108:**

Admit that PO Niazul Haque was not aware, at any time prior to June 5, 2020, that individuals providing medical support or medical services at protests were exempt from the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

Defendants object to Request No. 108 on the grounds that it is improper under Rule 36. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 109:**

Admit that PO Niazul Haque was aware, prior to June 5, 2020, that individuals providing medical support or medical services at protests were exempt from the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 109:**

Plaintiffs withdrew Request No. 109.

**REQUEST FOR ADMISSION NO. 110:**

Admit that Michael Gregory Pappas's arresting officer was not aware, at any time prior to June 5, 2020, that healthcare workers were exempt from the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

Defendants object to Request No. 110 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 111:**

Admit that Michael Gregory Pappas's arresting officer was aware, prior to June 5, 2020, that healthcare workers were exempt from the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

Plaintiffs withdrew Request No. 111.

**REQUEST FOR ADMISSION NO. 112:**

Admit that Michael Gregory Pappas's arresting officer was not aware, at any time prior to June 5, 2020, that individuals providing medical support or medical services at protests were exempt from the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

Defendants object to Request No. 112 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 113:**

Admit that Michael Gregory Pappas's arresting officer was aware, prior to June 5, 2020, that individuals providing medical support or medical services at protests were exempt from the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 113:**

Plaintiffs withdrew Request No. 113.


**Mott Haven Protest**
**REQUEST FOR ADMISSION NO. 114:**

Admit that, on June 4, 2020, prior to 8:00 p.m., SRG officers formed a line across East 136th Street close to Brook Avenue.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 114:**

Defendants object to Request No. 114 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 115:**

Admit that, on June 4, 2020, prior to 8:00 p.m. NYPD officers and officials formed a line across East 136th Street between Brook Avenue and Brown Place.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

Defendants object to Request No. 115 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 116:**

Admit that, on June 4, 2020, there were persons on 136th Street between the lines of SRG officers and NYPD officers that formed prior to 8:00 p.m.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

Defendants object to Request No. 116 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 117:**

Admit that the persons on 136th Street between the lines of SRG officers and NYPD officers on June 4, 2020, were not free to leave once the police lines were in place.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

Defendants object to Request No. 117 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 118:**

Admit that the LRAD announcement that was played on 136th Street between Brown Place and Brook Avenue at or around 8:00 p.m. on June 4, 2020, did not tell persons there to disperse or leave the area.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

Defendants object to Request No. 118 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 119:**

Admit that the LRAD announcement that was played on 136th Street between Brown Place and Brook Avenue at or around 8:00 p.m. on June 4, 2020, did not say that persons on that street were under arrest or about to be taken into custody, or communicate that information in other words.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

Defendants object to Request No. 119 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 120:**

Admit that the LRAD announcement that was played on 136th Street between Brown Place and Brook Avenue at or around 8:00 p.m. on June 4, 2020, did not say or explain what persons there could do to avoid being arrested.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

Defendants object to Request No. 120 on the  grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 121:**

Admit that the LRAD announcement that was played on 136th Street between Brown Place and Brook Avenue at or around 8:00 p.m. on June 4, 2020, did not say that it was after 8:00 p.m.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

Defendants object to Request No. 121 on the  grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 122:**

Admit that the LRAD announcement that was played on 136th Street between Brown Place and Brook Avenue at or around 8:00 p.m. did not say that it was past the curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

Defendants object to Request No. 122 on the  grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 123:**

Admit that, on June 4, 2020, OC Spray was sprayed by SRG Sgt. Sindi Sanchez on 136th Street between Brook Avenue and Brown Place.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 123:**

Defendants object to Request No. 123 on the grounds that it is improper under Rule 36.  Defendants object to this request as it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 124:**

Admit that no "Molotov cocktails" were thrown on 136th Street between Brook Avenue and Brown Place on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

Defendants object to Request No. 124 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 125:**

Admit that no hammers or wrenches were recovered by any NYPD officer from any person on 136th Street between Brook Avenue and Brown Place on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

Defendants object to Request No. 125 on the  grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 126:**

Admit that no firearm or gun was recovered by any NYPD officer from any person on 136th Street between Brook Avenue and Brown Place on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 126:**

Defendants object to Request No. 126 on the  grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 127:**

Admit that no gasoline can was recovered by any NYPD officer from any person on 136th Street between Brook Avenue and Brown Place on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

Defendants object to Request No. 127 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 128:**

Admit that no incendiary device was recovered by any NYPD officer from any person on 136th Street between Brook Avenue and Brown Place on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 128:**

Defendants object to Request No. 128 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 129:**

Admit that no person on 136th Street between Brook Avenue and Brown Place on June 4, 2020, attempted to throw a wheelbarrow onto NYPD officers.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

Defendants object to Request No. 129 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 130:**

Admit that no NYPD officer found or saw loose cinderblocks or loose bricks in the area of the Hub in the Bronx at any time on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 130:**

Defendants object to Request No. 130 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 131:**

Admit that no NYPD officer found or saw loose cinderblocks or loose bricks in the area of 136th Street and Brook Avenue on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 131:**

Defendants object to Request No. 131 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 132:**

Admit that no person participating in the Mott Haven Protest caused any property damage during that protest.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 132:**

Defendants object to Request No. 132 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 133:**

Admit that no person participating in the Mott Haven Protest caused any injury to any other person before 8:00 p.m.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 133:**

Defendants object to Request No. 133 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 134:**

Admit that, on June 4, 2020, during the Mott Haven Protest, no amplified sound device was used by the NYPD to make any announcement to the protestors before an LRAD announcement was played at or after 8:00 p.m. in the vicinity of East 136th Street between Brook Avenue and Brown Place.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 134:**

Defendants object to Request No. 134 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants further object as no citation or context for this request was provided.

**REQUEST FOR ADMISSION NO. 135:**

Admit that, on June 4, 2020, during the Mott Haven protest, NYPD officers permitted the protesters to march from The Hub to Brook Avenue on East 136th Street.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 135:**

Defendants object to Request No. 135 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 136:**

Admit that the following officials met together on June 4, 2020 to plan the response to the Mott Haven Protest: Kenneth Lehr, Terence Monahan, Harry Wedin, John D'Adamo, Edward Delatorre, and Raymond Spinella.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 136:**

       Defendants object to Request No. 136 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.  Defendants further object as no citation or context for this request was provided.

**REQUEST FOR ADMISSION NO. 137:**

       Admit that the following officials met together on June 4, 2020 to plan the response to the Mott Haven Protest: Kenneth Lehr, Robert Gallitelli, Gerard Dowling, James McGeown, David Miller, Joseph Taylor, and Julio Delgado.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 137:**

       Defendants object to Request No. 137 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.  Defendants further object as no citation or context for this request was provided.

**REQUEST FOR ADMISSION NO. 138:**

       Admit that the following officials met on June 4, 2020 to plan the response to the Mott Haven Protest: Kenneth Lehr, Terence Monahan, Hany Wedin, John D'Adamo, Gerard Dowling, Raymond Spinella, David Miller, Robert Gallitelli, Isaac Soberal, Edward Delatorre (Chief of Transit), Kenneth Rice (Legal), Bobby Rice, and John Parker.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 138:**

Defendants object to Request No. 138 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.  Defendants further object as no citation or context for this request was provided.

**REQUEST FOR ADMISSION NO. 139:**

Admit that more than 500 NYPD officers were deployed to the Mott Haven Protest on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 139:**

Defendants object to Request No. 139 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 140:**

Admit that, on June 4, 2020, Theresa Doherty was employed with the Mayor's Community Affairs Unit ("CAU") and was present at the Mott Haven Protest.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 140:**

Defendants object to Request No. 140 on the grounds that it is compound and vague in that it fails to specify type of employment, time and manner of "present," as such  after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 141:**

Admit that Theresa Doherty sent an email at approximately 7:57 p.m. on June 4, 2020, that read, "Held up at 136 and Brook."  (See DEF-E_45453).

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 141:**

Defendants object to Request No. 141 on the grounds that it is in actuality an improper contention interrogatory and is also compound. Notwithstanding, defendants admit that the document bearing Bates stamp No. DEF-E_45453 appears to be an email sent from Theresa Doherty at approximately 7:57 p.m. on June 4, 2020 and states, in part, "Held up at 136 and Brook."

**REQUEST FOR ADMISSION NO. 142:**

Admit that the email sent by Theresa Doherty at approximately 7:57 p.m. on June 4, 2020, that read, "Held up at 136 and Brook," was sent to New York City employees America Canas, Dustin Ridener, Pinchas Ringel, Jennifer Paez, Natalie Grybauskas, Jeffrey Dupee, Harold Miller, Tahirah Moore, and Andrew Kunkesa.  (See DEF-E_45453).

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 142:**

Defendants object to Request No. 142 on the ground that it is in actuality an improper contention interrogatory and is also compound. Notwithstanding, defendants admit that the document bearing Bates stamp No. DEF-E_45453 appears to be an email sent from Theresa Doherty to America Canas, Dustin Ridener, Pinchas Ringel, Jennifer Paez, Natalie Grybauskas, Jeffrey Dupee, Harold Miller, Tahirah Moore, and Andrew Kunkes at approximately 7:57 p.m. on June 4, 2020 and states, in part, "Held up at 136 and Brook."

**REQUEST FOR ADMISSION NO. 143:**

Admit that Theresa Doherty sent an email at approximately 8:03 p.m. on June 4, 2020, that read, "We are trapped at this intersection. Closing in both directions no exit. Being penned in."  (See DEF-E_42737).

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 143:**

Defendants object to Request No. 143 on the ground that it is in actuality an improper contention interrogatory and is also compound. Notwithstanding, defendants admit that the document bearing Bates stamp No. DEF-E_42737 appears to be an email sent by Theresa Doherty at approximately 8:03 p.m. on June 4, 2020 and states, in part, "We are trapped at this intersection. Closing in both directions no exit. Being penned in."

**REQUEST FOR ADMISSION NO. 144:**

Admit that the email sent by Theresa Doherty at approximately 8:03 p.m. on June 4, 2020, that read, "We are trapped at this intersection. Closing in both directions no exit.  Being penned in," was sent to, among others.  New York City employees America Canas, Dustin Ridener, Pinchas Ringel, Jennifer Paez, Natalie Grybauskas, Jeffrey Dupee, Harold Miller, Tahirah Moore, and Andrew Kunkesa.  (See DEF-E_42737).

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 144:**

Defendants object to Request No. 144 on the ground that it is in actuality an improper contention interrogatory and is also compound. Notwithstanding, defendants admit that the document bearing Bates stamp No. DEF-E_42737 appears to be an email sent by Theresa Doherty to recipients including America Canas, Dustin Ridener, Pinchas Ringel, Jennifer Paez, Natalie Grybauskas, Jeffrey Dupee, Harold Miller, Tahirah Moore, and Andrew Kunkes at approximately 8:03 p.m. on June 4, 2020 and states, in part, "We are trapped at this intersection. Closing in both directions no exit. Being penned in."

**REQUEST FOR ADMISSION NO. 145:**

Admit that, on June 4, 2020, Surey Miranda was employed by the Office of the Mayor and was present at the Mott Haven Protest.

- 54 -

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 145:**

Defendants object to Request No. 145 on the grounds that it is compound and vague in that it fails to specify type of employment, time and manner of "present," and so after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 146:**

Admit that Surey Miranda sent an email at approximately 8:02 p.m. on June 4, 2020, that read, "Surrounded on both sides on 136th and intersection of Brook Ave. Police playing recording on curfew. Now Pd breaking group." (See DEF-E_45457).

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 146:**

Defendants object to Request No. 146 on the ground that it is in actuality an improper contention interrogatory and is also compound. Notwithstanding, defendants admit that the document bearing Bates stamp No. DEF-E_45457 appears to be an email sent by Surey Miranda at approximately 8:02 p.m. on June 4, 2020 and states, among other things, "Surrounded on both sides on 136th and intersection of Brook Ave. Police playing recording on curfew. Now Pd breaking group."

**REQUEST FOR ADMISSION NO. 147:**

Admit that the email sent by Surey Miranda at approximately 8:02 p.m. on June 4, 2020, that read, "Surrounded on both sides on 136th and intersection of Brook Ave. Police playing recording on curfew.  Now Pd breaking group," was sent to, among others, New York City employees America Canas, Dustin Ridener, Pinchas Ringel, Jennifer Paez, Natalie Grybauskas, Jeffrey Dupee, Harold Miller, Tahirah Moore, and Andrew Kunkesa.  (See DEF-E_45457).

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 147:**

Defendants object to Request No. 147 on the ground that it is in actuality an improper contention interrogatory and is also compound. Notwithstanding, defendants admit that the document bearing Bates stamp No. DEF-E_45457 appears to be an email sent by Surey Miranda at approximately 8:02 p.m. on June 4, 2020, stating among other things Surrounded on both sides on 136th and intersection of Brook Ave. Police playing recording on curfew.  Now Pd breaking group," and sent to the above-referenced recipients.

**REQUEST FOR ADMISSION NO. 148:**

Admit that, on June 4, 2020, Marco Carrion was employed as the Commissioner of the Mayor's Community Affairs Unit and was present at the Mott Haven Protest.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 148:**

Defendants object to Request No. 148 on the grounds that it is compound and vague in that it fails to specify type of employment, time and manner of "present," and so after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request. Notwithstanding, Defendants admit Marco Carrion held the office of the Commissioner of the Mayor's Community Affairs Unit.

**REQUEST FOR ADMISSION NO. 149:**

Admit that NYPD Detective Barrett reported that the Mott Haven protest was "orderly" as of 7:44 p.m., which was relayed through "indecc notify."  (See DEF_E_PD_29184).

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 149:**

Defendants object to Request No. 149 on the ground that it is in actuality an improper contention interrogatory and is also compound. Notwithstanding, defendants admit that the document bearing Bates stamp No. DEF_E_PD_29184 appears to be a message from "idecc

notify" sent at approximately 7:44 p.m. on June 4, 2020 and states, in part, "Det. Barrett reports approximately 400 orderly protesters at 141st Street & Willis Avenue, BX, NY".

**Cameron Yates**

**REQUEST FOR ADMISSION NO. 150:**

Admit that no New York City employee depicted in videos previously provided as Yates 144, 145 and 514 was wearing an activated body worn camera- ie, a camera that was recording- during the events depicted on Yates 144, 145 and 514.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 150:**

Defendants object to Request No. 150 on the ground that it is in actuality an improper contention interrogatory and is also compound. Defendants also object to this request as it improperly seeks discovery on a matter that has settled. Defendants additionally object on the grounds that this request is harassing.

**REQUEST FOR ADMISSION NO. 151:**

Admit that Sergeant William Mansour was named as a defendant in a civil case filed in the United States District Court, Eastern District of New York, Docket # 14-CV-2788.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 151:**

Defendants object to Request No. 151 on the ground that it is in actuality an improper contention interrogatory and is also compound. Defendants object to this request as improperly seeks discovery on a matter that has settled. Defendants additionally object on the grounds that this request is harassing.

**REQUEST FOR ADMISSION NO. 152:**

Admit that Ashley Painson was a Plaintiff in a case against Sergeant William Mansour in a civil case filed in the United States District Court, Eastern District of New York, Docket # 14-CV-2788.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 152:**

Defendants object to Request No. 152 on the ground that it is in actuality an improper contention interrogatory and is also compound. Defendants object to this request as improperly seeks discovery on a matter that has settled. Notwithstanding, defendants admit that Ashley Painson was named as a Plaintiff the case with the above-referenced docket number. Defendants additionally object on the grounds that this request is harassing.

**REQUEST FOR ADMISSION NO. 153:**

Admit that Ashley Painson alleged in a civil case filed in the United States District Court, Eastern District of New York, Docket # 14-CV-2788, that police officers "forcibly grabbed Painson, pulled her arms behind her back, twisting and jerking up her arms at the same time" and that "[b]ecause of the excessive force and pressure exerted against Painson by defendant officers, Painson was caused to sustain multiple fractures on her left arm."

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 153:**

Defendants object to Request No. 153 on the ground that it is in actuality an improper contention interrogatory and is also compound and harassing. Defendants object to this request as it improperly seeks discovery on a matter that has settled. Notwithstanding, defendants deny.

**REQUEST FOR ADMISSION NO. 154:**

Admit that during a deposition, Ashley Painson stated that William Mansour was the officer who forcibly grabbed Painson, pulled her arms behind her back, twisting and jerking

up her arms at the same time" and that "[b]ecause of the excessive force and pressure exerted against Painson by defendant officers, Painson was caused to sustain multiple fractures on her left arm."

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 154:**

Defendants object to Request No. 154 on the ground that it is in actuality an improper contention interrogatory and is also compound. Defendants also object to this request as it improperly seeks discovery on a matter that has settled. Defendants additionally object on the grounds that this request is harassing.

.

**REQUEST FOR ADMISSION NO. 155:**

Admit that the City of New York paid Ashley Painson $175, 000.00 in settlement of her claims in a civil case filed in the United States District Court, Eastern District of New York, Docket # 14-CV-2788.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 155:**

Defendants object to Request No. 155 on the ground that it is in actuality an improper contention interrogatory and is also compound. Defendants also object to this request as it improperly seeks discovery on a matter that has settled. Defendants additionally object on the grounds that this request is harassing.

**REQUEST FOR ADMISSION NO. 156:**

Admit that during the events described in a civil case filed in the United States District Court, Eastern District of New York, Docket # 14-CV-2788, Sergeant William Mansour was a Police Officer who had been on the force for less than a year.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 156:**

   Defendants object to Request No. 156 on the ground that it is in actuality an improper contention interrogatory and is also compound. Defendants also object to this request as it improperly seeks discovery on a matter that has settled. Defendants additionally object on the grounds that this request is harassing.

**REQUEST FOR ADMISSION NO. 157:**

   Admit that other than investigation conducted by the New York City Corporation Counsel in its defense of a civil case filed in the United States District Court, Eastern District of New York, Docket # 14-CV-2788, no investigation was conducted by the City of New York or any of its agencies into the actions of Sergeant William Mansour in the underlying matter.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 157:**

   Defendants object to Request No. 157 on the ground that it is in actuality an improper contention interrogatory and is also compound. Defendants also object to this request as it improperly seeks discovery on a matter that has settled. Defendants additionally object on the grounds that this request is harassing.

**REQUEST FOR ADMISSION NO. 158:**

   Admit that neither the City of New York nor any of its agencies initiated any training, retraining, or discipline of Sergeant William Mansour as a result of any of the events at issue in a civil case filed in the United States District Court, Eastern District of New York, Docket # 14-CV-2788.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 158:**

   Defendants object to Request No. 150 on the ground that it is in actuality an improper contention interrogatory and is also compound. Defendants also object to this request

as it improperly seeks discovery on a matter that has settled. Defendants additionally object on the grounds that this request is harassing.

## PAYNE PLAINTIFFS

**James Lauren (formally known as Jaime Fried)**

**REQUEST FOR ADMISSION NO. 159:**

Admit that the document produced by Defendant under Bates stamp DEF_000096532-33 is a true and accurate copy of a C-Summons issued by the NYPD on June 4, 2020, to James Lauren.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 159:**

Defendants object to Request No. 159 on the grounds that it appears to have misidentified the Bates number of the document, and after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request. Defendants object to this request on the grounds that "issued" is vague and ambiguous and the phraseology is improper.

**REQUEST FOR ADMISSION NO. 160:**

Admit that the document produced by Defendant under Bates stamp DEF_000096534-35 is a true and accurate copy of a C-Summons issued by the NYPD on June 4, 2020, to James Lauren.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 160:**

Defendants object to Request No. 160 on the grounds that after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request. Defendants also object this request on the grounds that "issued" is vague and ambiguous and the phraseology is improper.

**REQUEST FOR ADMISSION NO. 161:**

Admit that James Lauren's arresting officer, Damian Rivera, was aware, prior to June 4, 2020, that healthcare workers were exempt from the Emergency Executive Order No. 119, the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 161:**

Defendants object to Request No. 161 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 162:**

Admit that James Lauren's arresting officer, Damian Rivera, was aware that James Lauren was a healthcare worker prior to their arrest on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 162:**

Defendants object to Request No. 162 on the grounds that it is improper under Rule 36 and is an improper use of this process.

**REQUEST FOR ADMISSION NO. 163:**

Admit that James Lauren was present at the protest on June 4, 2020 to provide medical services.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 163:**


**REQUEST FOR ADMISSION NO. 164:**

Admit that prior to 8:00 PM on June 4, 2020, the NYPD surrounded a group of protesters in the vicinity of 136th Street and Brook Avenue in the Bronx.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 164:**

Defendants object to Request No. 164 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to

this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants also object as this Request seeks an admission to facts in dispute or seeks a concession on matters taken out of context.

**REQUEST FOR ADMISSION NO. 165:**

Admit that prior to 8:00 PM on June 4, 2020, the NYPD contained a group of protesters in the vicinity of 136th Street and Brook Avenue in the Bronx to a limited area without exit, preventing them from dispersing.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 165:**

Defendants object to Request No. 165 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession on matters taken out of context.

**REQUEST FOR ADMISSION NO. 166:**

Admit that prior to 8:00 PM on June 4, 2020, James Lauren was in the group of protesters surrounded by the NYPD in the vicinity of 136th Street and Brook Avenue in the Bronx and therefore was not able to disperse.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 166:**

Defendants object to Request No. 166 on the grounds that it is improper under Rule 36 and is compound.  Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 167:**

Admit that no NYPD member of service provided any verbal notice to James Lauren that they were under arrest prior to taking them into custody on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 167:**

Defendants object to Request No. 167 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 168:**

Admit that no NYPD officers present at the Mott Haven protest on June 4, 2020, has received command or formal discipline because of their actions at that protest.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 168:**

Defendants object to Request No. 168 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 169:**

Admit that both summonses issued against James Lauren on June 4, 2020, were dismissed without James Lauren appearing in court or being found guilty of an offense.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 169:**

Defendants object to Request No. 169 on the grounds that it is an improper use of this process and on the ground that it is compound.  Defendants further object to this request on the grounds that "issued" is vague and ambiguous and the phraseology is improper.  Defendants also object to this request as other phraseology is improper and misleading.  Notwithstanding, Defendants admit that the summonses issued to James Lauren on June 4, 2020, were dismissed.

**Julian Phillips**

**REQUEST FOR ADMISSION NO. 170:**

Admit that Detective Lee Arroyo did not personally observe Julian Phillips violate Emergency Executive Order No. 119, the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 170:**

Defendants object to Request No. 170 on the grounds that it is improper under Rule 36.  Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 171:**

Admit that Detective Lee Arroyo did not personally observe Julian Phillips violate any Penal Law offense.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 171:**

Defendants object to Request No. 171 on the grounds that it is improper under Rule 36.  Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 172:**

Admit that Detective Lee Arroyo did not personally issue dispersal orders to Julian Phillips on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 172:**

Defendants object to Request No. 172 on the grounds that it is improper under Rule 36.  Defendants also object to this request as it is improper as defendants cannot respond to

this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 173:**

Admit that Julian Phillips was arrested by NYPD officers on June 4, 2020 at approximately 8:15 P.M. in the vicinity of 136th Street and Brook Avenue in the Bronx.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 173:**

Defendants object to Request No. 173 on the grounds that "in the vicinity of" is vague and ambiguous and on the ground that this Request is compound, and that the phraseology is improper.  Notwithstanding, defendants admit that according to the issued summons Julian Phillips was arrested by NYPD officers on June 4, 2020, at approximately 8:30 p.m. at the intersection of East 136th Street and Brook Avenue in the Bronx.

**REQUEST FOR ADMISSION NO. 174:**

Admit that prior to 8:00 PM on June 4, 2020, Julian Phillips was in the group of protesters surrounded by the NYPD in the vicinity of 136th Street and Brook Avenue in the Bronx and therefore was not able to disperse.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 174:**

Defendants object to Request No. 172 on the grounds that it is improper under Rule 36 and is compound. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 175:**

Admit that Defendants are unable to identify the officers involved with placing Mr. Phillips under arrest.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 175:**

Defendants object to Request No. 175 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 176:**

Admit that Defendants cannot identify any officer who observed Julian Phillips commit any offense.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 176:**

Defendants object to Request No. 176 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 177:**

Admit that the summons issued against Mr. Julian Phillips on June 4, 2020 was dismissed without Mr. Phillips appearing in court or being found guilty of an offense.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 177:**

Defendants object to Request No. 177 on the grounds that it is an improper use of this process, and is compound.  Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper. Defendants further object to this request as other phraseology is improper and misleading.  Notwithstanding, Defendants admit that the summons issued to Julian Phillips on June 4, 2020, was dismissed.

**Jarett Payne**

## REQUEST FOR ADMISSION NO. 178:

Admit that on June 2, 2020, Office Joseph Sung did not personally observe Jarrett Payne violate Emergency Executive Order No. 119, the Citywide Curfew.

## OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 178:

Defendants object to Request No. 178 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

## REQUEST FOR ADMISSION NO. 179:

Admit that on June 2, 2020, Officer Joseph Sung did not personally observe Jarrett Payne violate any Penal Law offenses.

## OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 179:

Defendants object to Request No. 179 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

## REQUEST FOR ADMISSION NO. 180:

Admit that on June 2, 2020, Officer Joseph Sung did not personally issue dispersal orders to Jarrett Payne prior to arresting him.

## OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 180:

Defendants object to Request No. 180 on the grounds that it is improper under Rule 36. Defendants also object to this request it is improper as defendants cannot respond to this

request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 181:**

Admit that on June 2, 2020, Jarrett Payne was bleeding from lacerations on his nose and face when he was arrested by NYPD officers.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 181:**

Defendants object to Request No. 181 on the grounds that this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 182:**

Admit that Jarrett Payne was arrested by NYPD officers on June 2, 2020 in the vicinity of 79th Street and 5th Avenue at approximately 8:15pm.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 182:**

Defendants object to Request 182 on the grounds that "in the vicinity of" is vague and ambiguous and that the phraseology is improper and on the ground that this request is compound.  Notwithstanding, defendants admit that Jarrett Payne was arrested by NYPD officers on June 2, 2020, at approximately 8:30 p.m. on Fifth Avenue and 79th Street in Manhattan.

**REQUEST FOR ADMISSION NO. 183:**

Admit that Defendants are unable to identify the officers involved with placing Jarrett Payne under arrest.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 183:**

Defendants object to Request No. 183 on the grounds that defendants cannot respond to this request without providing a narrative and is an improper use of this process.

**REQUEST FOR ADMISSION NO. 184:**

Admit that no NYPD officer has received command or formal discipline for their conduct in arresting Jarrett Payne on June 2, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 184:**

Defendants object to Request No. 184 on the grounds that defendants cannot respond to this request without providing a narrative and is an improper use of this process.

**REQUEST FOR ADMISSION NO. 185:**

Admit that on January 18, 2021 (Martin Luther King, Jr. Day), in the vicinity of Chambers Street and Centre Street (City Hall), Police Officer Matthew Tarangelo pulled Jarrett Payne down to the ground with Mr. Payne's face downwards.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 185:**

Defendants object to Request No. 185 on the grounds that it is improper under Rule 36. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 186:**

Admit that Officer Tarangelo placed flex cuffs on Jarrett Payne while holding him on the ground.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 186:**

Defendants object to Request No. 186 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to

this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 187:**

Admit that Police Officer Tarangelo did not personally issue dispersal orders to Jarrett Payne prior to arresting him.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 187:**

Defendants object to Request No. 187 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative.  Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 188:**

Admit that Defendants cannot identify any officer that personally issued a dispersal order to Jarrett Payne on January 18, 2021.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 188:**

Defendants object to Request No. 188 on the grounds that defendants cannot respond to this request without providing a narrative and is an improper use of this process. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 189:**

Admit that Defendants cannot identify any officer that personally observed Jarrett Payne commit any offense on January 18, 2021.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 189:**

Defendants object to Request No. 189 on the grounds that defendants cannot respond to this request without providing a narrative and is an improper use of this process. Defendants

further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 190:**

Admit that Jarrett Payne did not receive medical treatment while in NYPD custody on January 18, 2021.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 190:**

Defendants object to Request No. 190 on the grounds that defendants cannot respond to this request without providing a narrative and is an improper use of this process. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 191:**

Admit that the summons issued against Mr. Payne on January 18, 2021 was dismissed without Jarrett Payne appearing in court or being found guilty of an offense.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 191:**

Defendants object to this Request as an improper use of this process and on the ground that it is compound. Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper. Defendants further object to this Request as other phraseology is improper and misleading. Notwithstanding, defendants state that after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 192:**

Admit that no NYPD officer has received command or formal discipline for their conduct in arresting Jarrett Payne on January 18, 2021.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 192:**

Defendants object to Request No. 192 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.  Defendants also object as this request is compound.

**Colleen Maitland-McCormack**

**REQUEST FOR ADMISSION NO. 193:**

Admit that on June 28, 2020, in Washington Square Park in Manhattan, NYPD police officer Hensley Caraballo discharged Oleoresin Capsicum (OC) into a crowd of people gathered at the Queer Liberation March.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 193:**

Defendants object to Request No. 193 on the grounds that it is improper under Rule 36.  Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 194:**

Admit that Colleen Maitland-McCormack was in the vicinity of the OC Spray discharged by Hensley Caraballo on June 28, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 194:**

Defendants object to Request No. 194 on the grounds that it is improper under Rule 36.  Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper.  Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative.  Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

- 73 -

**REQUEST FOR ADMISSION NO. 195:**

Admit that Colleen Maitland-McCormack was participating in a protest at the time that Officer Caraballo sprayed McCormack with OC on June 28, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 195:**

Defendants object to Request No. 195 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 196:**

Admit that prior to officer Hensley Caraballo's discharging of OC, NYPD officers did not give instructions to the crowd of protesters in Washington Square Park on how to disperse on June 28, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 196:**

Defendants object to Request No. 196 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 197:**

Admit that Officer Caraballo did not administer medical aid or seek medical aid for Colleen Maitland-McCormack at any time on June 28, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 197:**

Defendants object to Request No. 197 on the grounds that it is improper under Rule 36 and is compound. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 198:**

Admit that NYPD officer Hensley Caraballo did not activate his body-worn camera on June 28, 2020 during his use of force by means of OC spray.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 198:**

Defendants object to Request No. 198 on the grounds that it is improper under Rule 36. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 199:**

Admit that Officer Caraballo's discharge of OC spray on June 28, 2020 violated NYPD Patrol Guide 221-07.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 199:**

Defendants object to Request No. 199 as improper under Rule 36.


**Andie Mali**

**REQUEST FOR ADMISSION NO. 200:**

Admit that Andie Mali was standing on the sidewalk, on the corner of Dekalb and Flatbush in Brooklyn, at the time that NYPD officers approached and arrested him on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 200:**

Defendants object to Request No. 200 on the grounds that it is compound. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 201:**

Admit that Andie Mali was observing police arrest a protestor when NYPD officers began to effect his arrest on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 201:**

Defendants object to Request No. 201 on the grounds that it seeks an admission of information not within in defendants' knowledge, possession or control.  Defendants further object as this request is compound, vague, and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 202:**

Admit that Andie Mali was not warned that his actions were subject to arrest before NYPD officers began to effect his arrest on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 202:**

Defendants object to Request No. 202 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 203:**

Admit that NYPD officers were involved in the arrest of Andie Mali on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 203:**

Defendants object to Request No. 203 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 204:**

Admit that Defendants are unable to identify the officers involved with placing Andie Mali under arrest on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 204:**

Defendants object to Request No. 204 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 205:**

Admit that on May 30, 2020, Officer Yahaira Perez-Gutierrez did not personally observe Andie Mali violate any Penal Law offenses.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 205:**

Defendants object to Request No. 205 on the grounds that it is improper under Rule 36. Defendants also  object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 206:**

Admit that the summons issued against Andie Mali on May 30, 2020 was dismissed without Mr. Mali appearing in court or being found guilty of an offense.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 206:**

Defendants object to Request No. 206 on the grounds that it is an improper use of this process and on the ground that it is compound.  Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper.  Defendants also object to this

request as other phraseology is improper and misleading.  Notwithstanding, Defendants admit that the summons issued to Andie Mali on May 30, 2020, was dismissed.

**REQUEST FOR ADMISSION NO. 207:**

Admit that no NYPD officer activated their body-worn camera during the arrest of Andie Mali on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 207:**

Defendants object to Request No. 207 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 208:**

Admit that NYPD officers used force to arrest Andie Mali on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 208:**

Defendants object to Request No. 208 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 209:**

Admit that NYPD officers struck Andie Mali with batons on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 209:**

Defendants object to Request No. 209 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 210:**

Admit that as a result of the force used by NYPD officers in effecting his arrest on May 30, 2020, Andie Mali suffered injuries, including a laceration to his head and bruising on his chest, back, legs and wrists.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 210:**

Defendants object to Request No. 210 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 211:**

Admit that NYPD officers were not disciplined for failing to activate their body-worn cameras during the arrest of Andie Mali on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 211:**

Defendants object to Request No. 211 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 212:**

Admit that no NYPD officer has received command or formal discipline for their conduct in arresting Andie Mali on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 212:**

Defendants object to Request No. 212 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**Camilla Gini**
**REQUEST FOR ADMISSION NO. 213:**

Admit that Camilla Gini was standing on the sidewalk, on the comer of Dekalb and Flatbush in Brooklyn, at the time that NYPD officers approached and arrested her on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 213:**

Defendants object to Request No. 213 on the grounds that it is improper under Rule 36.  Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context**.**

**REQUEST FOR ADMISSION NO. 214:**

Admit that Camilla Gini was observing police arrest a protestor when NYPD officers began to effect her arrest on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 214:**

Defendants object to Request No. 214 on the grounds that it seeks an admission of information not within in defendants' knowledge, possession or control. Defendants also object as this request is compound, vague, and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 215:**

Admit that Camilla Gini was not warned that her actions were subject to arrest before NYPD officers began to effect her arrest on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 215:**

Defendants object to Request No. 215, on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 216:**

Admit that NYPD officers were involved in the arrest of Camilla Gini on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 216:**

Defendants object to Request No. 216 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 217:**

Admit that Defendants are unable to identify the officers involved with placing Camilla Gini under arrest on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 217:**

Defendants object to Request No. 217 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 218:**

Admit that on May 30, 2020, Officer Zakie Karimzada did not personally observe Camilla Gini violate any Penal Law offenses.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 218:**

Defendants object to Request No. 218 on the grounds that it is improper under Rule 36.  Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative.  Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 219:**

Admit that the summons issued against Camilla Gini on May 30, 2020 was dismissed without Ms. Gini appearing in court or being found guilty of an offense.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 219:**

Defendants object to Request No. 219 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.  Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper. Defendants also object to this request as other phraseology is improper and misleading.  Defendants further object as no citation or context for this request was provided.

**REQUEST FOR ADMISSION NO. 220:**

Admit that NYPD officers did not activate their body-worn camera during the arrest of Camilla Gini on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 220:**

Defendants object to Request No. 220 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 221:**

Admit that NYPD officers used force to arrest Camilla Gini on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 221:**

Defendants object to Request No. 221 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 222:**

Admit that NYPD officers struck Gini with batons on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 222:**

Defendants object to Request No. 222 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 223:**

Admit that as a result of the force used by NYPD officers in effecting her arrest on May 30, 2020, Camilla Gini suffered injuries, including a laceration to her head and bruising on her arms, legs and wrists, as well as injuries to her back and neck.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 223:**

Defendants object to Request No. 223 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 224:**

Admit that, on May 30, 2020, Camilla Gini informed NYPD officers that her handcuffs were too tight and causing her injury.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 224:**

Defendants object to Request No. 224 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 225:**

Admit that NYPD officers did not remove or adjust Camilla Gini's handcuffs on May 30, 2020, until she was at the police station.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 225:**

Defendants object to Request No. 225 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 226:**

Admit that NYPD officers conducted a public physical search of Camilla Gini, including lifting up her shirt, when she arrived at the police station on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 226:**

Defendants object to Request No. 226 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 227:**

Admit that NYPD officers were not disciplined for failing to activate their body-worn camera during the arrest of Camilla Gini on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 227:**

Defendants object to Request No. 227 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 228:**

Admit that no NYPD officer has received command or formal discipline for their conduct in arresting Camilla Gini on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 228:**

Defendants object to Request No. 228 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**Charlie Monlouis-Anderle**
**REQUEST FOR ADMISSION NO. 229:**

Admit that the document produced by Defendants under DEF_000001 is a true and correct copy of a C-Summons issued by the NYPD on June 3, 2020 to Charlie Monlouis-Anderle.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 229:**

Defendants object to Request No. 229 on the grounds after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request.  Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper.

**REQUEST FOR ADMISSION NO. 230:**

Admit that NYPD Officer Taylor Corcoran and NYPD Officer Stephanie Chen were Charlie Monlouis-Anderle's arresting officers on June 3, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 230:**

Defendants object to Request No. 230 on the grounds that it is an improper use of Rule 36 and is compound.  Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 231:**

Admit that NYPD Officer Matthew Perry did not personally observe Charlie Monlouis-Anderle commit any penal law offenses on June 3, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 231:**

Defendants object to Request No. 231 on the grounds that it is an improper use of Rule 36 and is compound.  Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 232:**

Admit that the summons for Disorderly Conduct issued against Charlie Monlouis-Anderle on June 3, 2020 was dismissed without Monlouis-Anderle appearing in court or being found guilty of an offense.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 232:**

Defendants object to Request No. 232 on the grounds that it is an improper use of this process and on the grounds that it is compound. Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper.  Defendants also object to this request as other phraseology is improper and misleading.  Defendants also object as this Request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

- 86 -

**REQUEST FOR ADMISSION NO. 233:**

Admit that Charlie Monlouis-Anderle was not verbally warned that their actions were subject to arrest prior to their arrest on June 3, 2020 at Cadman Plaza.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 233:**

Defendants object to Request No. 234 on the grounds it seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 234:**

Admit that one or more NYPD officers used force to arrest Charlie Monlouis-Anderle on June 3, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 234:**

Defendants object to Request No. 234 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 235:**

Admit that one or more NYPD officers used force to put Charlie Monlouis-Anderle in handcuffs and then flex cuffs on June 3, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 235:**

Defendants object to Request No. 234 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 236:**

Admit that, as a result of the force used by NYPD officers in effecting their arrest, Charlie Monlouis-Anderle suffered injuries, including a fractured right humerus and radial nerve injury and related injuries on June 3, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 236:**

Defendants object to Request No. 236 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 237:**

Admit that no NYPD Officer requested medical assistance for Charlie Monlouis-Anderle prior to Charlie's presence on a bus on the evening of June 3, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 237:**

Defendants object to Request No. 237 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 238:**

Admit that no NYPD officer has received command or formal discipline for their conduct in arresting Charlie Monlouis-Anderle on June 3, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 238:**

Defendants object to Request No. 234 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request as it is compound.

**Vidal Guzman**

**REQUEST FOR ADMISSION NO. 239:**

Admit that Vidal Guzman was not arrested by the NYPD on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 239:**

Defendants object to Request No. 239 on the grounds that after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 240:**

Admit that the NYPD Patrol Guide 221-01 requires an officer to advise the offender that physical force or other devices, such as pepper spray, will be used to handcuff/restrain the offender before applying such force and that pepper spray or OC spray will not be used against offenders who are passively resisting.

- 89 -

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 240:**

Defendants object to Request No. 240 on the grounds that it is an improper use of Rule 36 and is compound. Defendants also object as this request is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 241:**

Admit that the NYPD Patrol Guide 221-07 states that officers should avoid discharging pepper spray or OC spray indiscriminately over a large area for disorder control and that this policy was in effect on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 241:**

Defendants object to Request No. 241 on the grounds that it is an improper use of Rule 36 and is compound. Defendants also object as this request is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 242:**

Admit that Sergeant Majer Saleh was present on May 30, 2020 at and/or near FDR Drive in the vicinity of South Street and Gouverneur Slip E.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 242:**

Defendants object to Request No. 242 on the grounds that it is an improper use of Rule 36 and is compound.  Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of

context. Defendants also object to this request as Sgt. Majer Saleh is not represented by the Office of the Corporation Counsel and any requests to admit regarding this officer should be directed to his counsel.

**REQUEST FOR ADMISSION NO. 243:**

Admit that Sergeant Majer Saleh was carrying pepper spray or OC spray on his person on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 243:**

Defendants object to Request No. 243 on the grounds that it is an improper use of Rule 36 and is compound.  Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context. Defendants also object to this request as Sgt. Majer Saleh is not represented by the Office of the Corporation Counsel and any requests to admit regarding this officer should be directed to his counsel.

**REQUEST FOR ADMISSION NO. 244:**

Admit that Sergeant Majer Saleh discharged pepper spray or OC spray on May 30, 2020 on and/or near FDR Drive in the vicinity of South Street and Gouverneur Slip E.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 244:**

Defendants object to Request No. 244 on the grounds that it is an improper use of Rule 36 and is compound. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper.  Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.  Defendants also object to this request as Sgt. Majer Saleh is not represented by the Office of the Corporation Counsel and any requests to admit regarding this officer should be directed to his counsel.

**REQUEST FOR ADMISSION NO. 245:**

> Admit that protestors were not given an order to disperse at or near FDR Drive in the vicinity of South Street and Gouverneur Slip E prior to being arrested or physically dispersed on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 245:**

> Defendants object to Request No. 245 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants further object as this Request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 246:**

> Admit that no NYPD member of service requested EMS to respond on May 30, 2020 to provide medical services to individuals who had been pepper sprayed at/or near FDR Drive in the vicinity of South Street and Gouverneur Slip E.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 246:**

> Defendants object to Request No. 246 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper.

**Matthew King-Yarde**
**REQUEST FOR ADMISSION NO. 247:**

> Admit that Defendants are unable to identify the officers involved in placing physical restraints on Matthew King-Yarde on May 31, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 247:**

Defendants object to Request No. 247 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 248:**

Admit that NYPD Officer Bryan Rozanski did not personally observe the circumstances leading to Matthew King-Yarde's arrest on May 31, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 248:**

Defendants object to Request No. 248 on the grounds that it is an improper use of Rule 36 and is compound.  Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 249:**

Admit that NYPD Officer Bryan Rozanski did not personally observe Matthew King-Yarde commit any violations of the Penal Law offenses on May 31, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 249:**

Defendants object to Request No. 249 on the grounds that it is an improper use of Rule 36 and is compound.  Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 250:**

Admit that no other NYPD officer told Officer Bryan Rozanski of the circumstances that led to Matthew King-Yarde's arrest on May 31, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 250:**

Defendants object to Request No. 250 on the grounds that it is an improper use of Rule 36 and is compound.  Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 251:**

Admit that Officer Bryan Rozanski independently did not have probable cause to arrest Matthew King-Yarde on May 31, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 251:**

Defendants object to Request No. 251 on the grounds that it seeks an admission to a legal conclusion and is improper.

**REQUEST FOR ADMISSION NO. 252:**

Admit Matthew King-Yarde's arrest on May 31, 2020, Arrest ID: M20617134-K (Bates stamped DEF_000112289) was voided.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 252:**

Admit.

**REQUEST FOR ADMISSION NO. 253:**

Admit that the charge of "PL 240.20(6)" "DIS/CON: REUSING TO DISPERSE" that appears on Matthew King-Yarde's voided arrest form, DEF_000112289, was only entered on the form for processing purposes and not because any officer involved in the processing of Matthew King-Yarde had probable cause to believe that he violated that portion of the Penal Law.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 253:**

Defendants object to Request No. 253 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**Nicholas Mulder**
**REQUEST FOR ADMISSION NO. 254:**

Admit that Nicholas Mulder was present at the protest on June 4, 2020 in the vicinity of Penn Street and Wythe Avenue in the Williamsburg neighborhood of Brooklyn, New York.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 254:**

Defendants object to Request No. 254 on the grounds that "in the vicinity of" is vague and ambiguous, and the phraseology is improper.   Notwithstanding, defendants admit this request.

**REQUEST FOR ADMISSION NO. 255:**

Admit that Nicholas Mulder was holding a light as part of a crew filming the protest in the vicinity of Penn St. and Wythe Ave on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 255:**

Defendants object to Request No. 255 on the grounds in the vicinity of" is vague and ambiguous and the phraseology is improper.  Defendants also object to this request as it seeks an admission of information not within defendants' knowledge, possession, or control.

**REQUEST FOR ADMISSION NO. 256:**

Admit that a film crew for the purposes of newsgathering are media personnel.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 256:**

Defendants object to Request No. 256 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request is vague and ambiguous and the phraseology is improper.

**REQUEST FOR ADMISSION NO. 257:**
Admit that Nicholas Mulder was arrested by the NYPD on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 257:**

Admit.

**REQUEST FOR ADMISSION NO. 258:**

Admit that NYPD officers used force to arrest Nicholas Mulder on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 258:**

Defendants object to Request No. 258 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 259:**

Admit that, on June 4, 2020, in the vicinity of Penn St. and Wythe Ave. in Brooklyn, New York, Lieutenant Michael Butler used force to get Nicholas Mulder down to the ground.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 259:**

Defendants object to Request No. 259 on the grounds that it is an improper use of Rule 36 and is compound. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 260:**

Admit that an NYPD officer struck Nicholas Mulder with a baton on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 260:**

Defendants object to Request No. 260 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 261:**

Admit that an NYPD Officer placed flex cuffs on Nicholas Mulder.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 261:**

Defendants object to Request No. 261 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 262:**

Admit that NYPD Officers did not personally issue verbal dispersal orders to Nicholas Mulder prior to arresting him.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 262:**

Defendants object to Request No. 262 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 263:**

Admit that Lieutenant Michael Butler was aware, prior to June 4, 2020, that members of the media were exempt from Emergency Executive Order 119, the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 263:**

Defendants object to Request No. 263 on the grounds that it is an improper use of Rule 36 and is compound.  Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context..

**REQUEST FOR ADMISSION NO. 264:**

Admit that Lieutenant Michael Butler was not aware, prior to June 4, 2020, that members of the media were exempt from Emergency Executive Order 119, the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 264:**

Plaintiffs withdrew Request No. 264.

**REQUEST FOR ADMISSION NO. 265:**

Admit that Lieutenant Michael Butler was aware that Nicholas Mulder was a member of the media prior to his arrest.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 265:**

Defendants object to Request No. 265 on the grounds that it is an improper use of Rule 36 and is compound. Defendants also object as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 266:**

Admit that on June 4, 2020, Nicholas Mulder was bleeding from lacerations on his head when he was arrested by NYPD officers.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 266:**

Defendants object to Request No. 266 on the grounds that this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 267:**

Admit that as a result of the force used by NYPD officers in effecting his arrest on June 4, 2020, Nicholas Mulder suffered injuries, including a laceration to his head.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 267:**

Defendants object to Request No. 267 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 268:**

Admit that Defendants cannot identify any officer that personally issued a dispersal order to Nicholas Mulder.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 268:**

   Defendants object to Request No. 268 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 269:**

   Admit that NYPD Officer Aaron Husbands did not personally observe Nicholas Mulder violate Emergency Executive Order 119, the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 269:**

   Defendants object to Request No. 269 on the grounds that it is an improper use of Rule 36.  Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 270:**

   Admit that NYPD Officer Aaron Husbands did not personally observe Nicholas Mulder violate any Penal Law offenses.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 270:**

   Defendants object to Request No. 270 on the grounds that it is an improper use of Rule 36.  Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 271:**

   Admit that NYPD Officer Aaron Husbands did not personally issue dispersal orders to Nicholas Mulder.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 271:**

Defendants object to Request No. 271 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 272:**

Admit that the document produced under Bates stamp Payne_363 is a true and accurate copy of a C-Summons issued by the NYPD on June 4, 2020, to Nicholas Mulder.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 272:**

Defendants object to Request No. 272 on the grounds that after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request. Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper.

**REQUEST FOR ADMISSION NO. 273:**

Admit that the summons issued against Nicholas Mulder on June 4, 2020, was dismissed without Nicholas Mulder appearing in court or being found guilty of an offense.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 273:**

Defendants object to Request No. 273 on the grounds that it is an improper use of this process and on the ground that it is compound.     Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper.  Defendants also object to this request as other phraseology is improper and misleading.  Notwithstanding, Defendants admit that the summons issued to Nicholas Mulder on June 4, 2020, was dismissed.

**REQUEST FOR ADMISSION NO. 274:**

Admit that no NYPD officer has received command or formal discipline for their conduct in arresting Nicholas Mulder on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 274:**

Defendants object to Request No. 274 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**Micaela Martinez**
**REQUEST FOR ADMISSION NO. 275:**

Admit that prior to 8:00 PM on June 4, 2020, Micaela Martinez was in the group of protesters surrounded by the NYPD in the vicinity of 136th Street and Brook Avenue in the Bronx and therefore was not able to disperse.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 275:**

Defendants object to Request No. 275 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 276:**

Admit that protestors were not given an order to disperse in the vicinity of 136th Street and Brook Avenue in the Bronx prior to being placed under arrest on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 276:**

Defendants object to Request No. 276 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to

this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 277:**

      Admit that Micaela Martinez was arrested by the NYPD on June 4, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 277:**

      Admit.

**REQUEST FOR ADMISSION NO. 278:**

      Admit that Officer Joselyn Jimenez (Shield Number 14191) was present on June 4, 2020 in the vicinity of 136th Street and Brook Avenue in the Bronx.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 278:**

      Defendants object to Request No. 278 on the grounds that it is an improper use of Rule 36 and it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper.

**REQUEST FOR ADMISSION NO. 279:**

      Admit that Officer Joselyn Jimenez put flex cuffs on Micaela Martinez.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 279:**

      Defendants object to Request No. 279 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 280:**

      Admit that Officer Joselyn Jimenez did not adjust or otherwise remove the flex cuffs applied to Micaela Martinez.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 280:**

Defendants object to Request No. 280 on the grounds that it is an improper use of Rule 36, and it is improper as defendants cannot respond to this request without providing a narrative.

**REQUEST FOR ADMISSION NO. 281:**

Admit that Micaela Martinez's arresting officer, Officer Joseph Deck, was present on June 4, 2020 in the vicinity of 136th Street and Brook Avenue in the Bronx.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 281:**

Defendants object to Request No. 281 on the grounds that it is an improper use of Rule 36.  Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper.

**REQUEST FOR ADMISSION NO. 282:**

Admit that Officer Joseph Deck did not personally observe Micaela Martinez violate Emergency Executive Order No. 119, the Citywide Curfew.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 282:**

Defendants object to Request No. 282 on the grounds that it is an improper use of Rule 36 and is compound. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 283:**

Admit that, on June 4, 2020, Micaela Martinez informed NYPD officers that her flex cuffs were too tight and causing her injury.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 283:**

Defendants object to Request No. 283 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 284:**

Admit that NYPD officers did not remove or adjust Micaela Martinez's flex cuffs on June 4, 2020, until she was at the police van when they put a second set of flex cuffs on her wrists.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 284:**

Defendants object to Request No. 284 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further objects as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

**REQUEST FOR ADMISSION NO. 285:**

Admit that the document produced under Bates stamp Payne_332 is a true and accurate copy of a C-Summons issued by the NYPD on June 4, 2020, to Micaela Martinez.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 285:**

Defendants object to Request No. 285 on the grounds after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request. Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper.

**REQUEST FOR ADMISSION NO. 286:**

Admit that the summons issued against Micaela Martinez on June 4, 2020, was dismissed without Micaela Martinez appearing in court or being found guilty of an offense.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 286:**

Defendants object to this Request as an improper use of this process and on the ground that it is compound. Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper. Defendants also object to this request as other phraseology is improper and misleading. Notwithstanding, Defendants admit that the summons issued to Micaela Martinez on June 4, 2020, was dismissed.

## INTERROGATORIES

## INTERROGATORY NO. 1:

If any of the Responses to the above Requests for Admission are anything other than an unqualified admission, identify any person with knowledge of the subject of said Request(s) for Admission.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:

Defendants object to this Interrogatory on the grounds that it attaches to 271 Requests for Admission[1] and consequently this Interrogatory is construed as 271 separate interrogatories which far exceeds the limit of 25 interrogatories set out by Fed. R. Civ. P. 33, especially given that plaintiffs have already exceeded this limit with their previously served interrogatories. Defendants additionally object on the grounds that the phrases "unqualified admission" and "any person with knowledge of the subject" are vague and ambiguous. Defendants also object on the grounds that this Interrogatory which attaches to an unusually large number of extraordinarily detailed requests for admission is unduly burdensome, overbroad, and harassing. Defendants, moreover, object to this Interrogatory on the grounds that it attaches not only to hundreds of requests for admission, but also to requests for admission that are objectionable and improper as detailed *supra*, and this Interrogatory is by extension similarly objectionable and improper. Defendants additionally object to this Interrogatory to the extent that it seeks information that is duplicative of prior discovery, and insofar as it seeks information that is publicly accessible and hence equally available to plaintiffs. Defendants, moreover, object to this Interrogatory to the extent that it seeks information not in defendants' possession, custody, or control, such as requests for information pertaining to purported experiences of plaintiffs,

---

[1] By email dated June 13, 2022, plaintiffs withdrew 15 of their 286 Requests for Admission.

individuals with separate lawsuits, and individuals not represented by the Corporation Counsel of the City of New York.  Defendants also object as the burden of further response to the Requests for Admission or this Interrogatory far outweigh the benefit to plaintiffs. Furthermore, Defendants object to this interrogatory insofar as it attaches to requests for admission that are in actuality contention interrogatories which are objectionable herein because, *inter alia*, they assume facts not established.  Lastly, Defendants object to this interrogatory to the extent the Requests for Admissions seek legal conclusions or seek information already known to plaintiffs.

Based on these objections, defendants will provide no further response to this Interrogatory.

## DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1:

If any of the Responses to the above Requests for Admission are anything other than an unqualified admission, produce any documents concerning the subject of said Request(s) for Admission.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants object to this Document Request on the grounds that it attaches to 271 Requests for Admission[2] and consequently this Document Request is construed as 271 separate requests making it compound and confusing. Defendants additionally object on the grounds that the phrases "unqualified admission" and "concerning the subject" are vague and ambiguous. Defendants also object on the grounds that this request which attaches to an unusually large number of extraordinarily detailed requests for admission is unduly burdensome, overbroad, and harassing. Defendants also object as the burden of further response to the Requests for Admission or this request far outweigh the benefit to plaintiffs. Defendants, moreover, object to this request on the grounds that it attaches not only to hundreds of requests for admission, but also to requests for admission that are objectionable and improper as detailed *supra*, and this document request is by extension similarly objectionable and improper. Defendants additionally object to this document request to the extent that it seeks information that is duplicative of prior discovery, and insofar as it seeks information from documents that are publicly accessible and hence equally available to plaintiffs. Defendants, moreover, object to this document request to the extent that it seeks information not in defendants' possession, custody, or control, such as documents concerning any denials to requests for information pertaining to purported

- 109 -

experiences of plaintiffs, individuals with separate lawsuits, and individuals not represented by the Corporation Counsel of the City of New York.   Furthermore, Defendants object to this document request insofar as it attaches to requests for admission that are in actuality contention interrogatories which are objectionable herein because, *inter alia*, they assume facts not established.   Lastly, Defendants object to this interrogatory to the extent the Requests for Admissions seek legal conclusions.

Based on these objections, defendants will provide no further response to this document request.

Dated:       New York, New York
             July 12, 2022

                              HONORABLE SYLVIA O. HINDS-RADIX
                              Corporation Counsel of the
                               City of New York
                              *Attorney for Defendants*
                              100 Church Street
                              New York, New York 10007

                      By:
                              *Nadine Ibrahim /s*
                              _____
                              Nadine Ibrahim
                              *Senior Counsel*

TO:    All Counsel

- 110 -