# EXHIBIT B



## CHART OF SPECIFIC RESPONSES

Re:     In re: New York City Policing During Summer 2020 Demonstrations,
        20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases

As set out in the accompanying letter requesting a pre-motion conference, this Supplement is intended to present individualized analysis in addition to the big picture problems with Defendants' responses to Plaintiffs' consolidated requests for admission.

- Request 1:  Admit that the New York Police Department ("NYPD") did not have a policy in the NYPD Patrol Guide or the Administrative Guide specific to policing protests or First Amendment-protected expression prior to December 2020.
    - Objection:  Defendants object to Request No. 1 on the grounds that it is an improper use of Rule 36. Defendants also object as it seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - Analysis:  Defendants fail to even attempt to explain how asking them to admit an undisputed fact — and Defendants' own document responses have made clear this fact is undisputed because they have no produced any "polic[ies] in the NYPD Patrol Guide or the Administrative Guide specific to policing protests or First Amendment-protected expression prior to December 2020" — is in any way improper.  Nor is there any "purported statement" taken out of — or for that matter, *in* — context.  This response is thus not a response at all.  Thus, the obviously undisputed fact should be deemed admitted.

    Defendants' Response:

- Request 2: Admit that after the Strategic Response Group ("SRG") was created in 2015, through May 28, 2020, non-SRG officers did not receive in-service disorder control training.
    - Objection: Defendants object to Request No. 2 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - Analysis: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the



scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

Even if the fact were in dispute (it is not), requesting an admission to matters that a party regards as "in dispute" is not inherently improper. And while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).

Thus, though Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

<u>Defendants' Response:</u>

- <u>Request 3</u>: Admit that Bill de Blasio and Dermot F. Shea communicated with each other at least once per day between May 29 and June 5, 2020, regarding the NYPD response to the Protests.
  - o <u>Objection:</u> Defendants object to Request No. 3 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context. Defendants also object as no citation or context for this request was provided.
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope

COHEN&GREEN                                                                 Page 2 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

Even if the fact were in dispute (it is not), requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  And while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).

Thus, though Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Finally, there is no requirement in the Rules to provide a citation.  Rather, Rule 36 — and the Court's Order — required that Defendants make a "reasonable inquiry." Fed. R. Civ. P. 36(a)(4); *see also*, Dkt. No. 598 ("the requests are extraordinarily detailed and will require significant investigation by the City").  Instead, it appears the City has conducted no investigation at all.  So this fact should be deemed admitted.

<u>Defendants' Response:</u>


• <u>Request 4:</u> Admit that Bill de Blasio and Terence A. Monahan communicated with each other at least once per day between May 29 and June 5, 2020, regarding the NYPD response to the Protests.

COHEN&GREEN

Page 3 of 240



- o **Objection:** Defendants object to Request No. 4 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context. Defendants also object as no citation or context for this request was provided.
- o **Analysis:** Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

  Even if the fact were in dispute (it is not), requesting an admission to matters that a party regards as "in dispute" is not inherently improper. And while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).

  Thus, though Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

  Finally, there is no requirement in the Rules to provide a citation. Rather, Rule 36 — and the Court's Order — required that Defendants make a "reasonable inquiry." Fed. R. Civ. P. 36(a)(4); *see also,* Dkt. No. 598 ("the requests are extraordinarily detailed and will require significant investigation by the City"). Instead, it appears the City has conducted no investigation at all. So this fact should be deemed admitted.

**Defendants' Response:**

COHEN&GREEN                                                     Page 4 of 240

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



- <u>Request 5:</u> Admit that Police Commissioner Dermot F. Shea stated at a June 4, 2020 press conference "You look at the anti-police rhetoric, it disgusts me to my core."
  - o <u>Objection:</u> Defendants object to Request No. 5 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement. Further, Defendants are imagining things when they suggest that Plaintiffs are asking for an admission about the "meaning of" the statement. Nothing of the sort appears in the request. Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

- <u>Request 6:</u> Admit that Mayor de Blasio stated at a press conference on June 5, 2020, that he "had observers from City Hall" present at the rally in Mott Haven on June 4, 2020
  - o <u>Objection:</u> Defendants object to Request No. 6 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.
  - o <u>Analysis:</u> The context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement. Further, Defendants are imagining things when they suggest that Plaintiffs are asking for an admission about the "meaning of" the statement. Nothing of the sort appears in the request. Rather, Plaintiffs are attempting to find out whether they genuinely will

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

- <u>Request 7:</u> Admit that employees of the Office of the Mayor of New York City were present at the June 4, 2020, rally in Mott Haven, Bronx, and reported back their observations to Mayor de Blasio
    - <u>Objection:</u> Defendants object to Request No. 7 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context. Defendants also object as no citation or context for this request was provided.
    - <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

      Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

COHEN&GREEN

**Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  · t : (929) 888.9480  · f : (929) 888.9457  ·  FemmeLaw.com**



Similarly bizarre, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).

Finally, there is no requirement in the Rules to provide a citation.  Rather, Rule 36 — and the Court's Order — required that Defendants make a "reasonable inquiry."  Fed. R. Civ. P. 36(a)(4); *see also,* Dkt. No. 598 ("the requests are extraordinarily detailed and will require significant investigation by the City").  Instead, it appears the City has conducted no investigation at all.  So this fact should be deemed admitted.

<u>Defendants' Response:</u>


- <u>Request 8:</u> Admit that at a press conference on June 5, 2020, Mayor de Blasio stated regarding the Mott Haven operation: "This is something the NYPD saw coming."
  - o <u>Objection:</u> Defendants object to Request No. 8 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.
  - o <u>Analysis:</u>  Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Further, Defendants are imagining things when they suggest that Plaintiffs are asking for an admission about the "meaning of" the statement.  Nothing of the sort appears in the request.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>


- <u>Request 9:</u> Admit that, at a June 5, 2020, press conference with Mayor de Blasio, Commissioner Shea acknowledged that protesters at the Protests to date "overwhelmingly [] are good people coming out to voice their opinion."
  - ▪ *See* DEF_000174347
  - o <u>Objection:</u> Defendants object to Request No. 9 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.
  - o <u>Analysis:</u> Nothing in the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Further, Defendants are imagining things when they suggest that Plaintiffs are asking for an admission about the "meaning of" the statement.  Nothing of the sort appears in the request.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>


- <u>Request 10:</u> Admit that Police Commissioner Dermot F. Shea stated at the same June 5, 2020 press conference, that the NYPD "had a plan which was executed nearly flawlessly" at Mott Haven on June 4, 2020.
  - ▪ *See* DEF_000174347

COHEN&GREEN

Page 8 of 240



- o <u>Objection:</u> Defendants object to Request No. 10 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.
- o <u>Analysis:</u> Nothing in the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Further, Defendants are imagining things when they suggest that Plaintiffs are asking for an admission about the "meaning of" the statement.  Nothing of the sort appears in the request.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

- <u>Request 11:</u> Admit that during a June 7, 2020, news conference, Mayor de Blasio was asked: "Did you approve the tactics that we saw the NYPD using, starting on June 3rd and June 4th?  That's the use of batons, more sort of pushing of protests, that sort of thing? Did you approve those?" and Mayor de Blasio answered that "I approve the broad strategies and sometimes very specific choices."
  - o <u>Objection:</u> Defendants object to Request No. 12 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.
  - o <u>Analysis:</u> Nothing in the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Further, Defendants are imagining things when they suggest that Plaintiffs are asking for an admission about the "meaning of" the statement.  Nothing of the sort appears in the request.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

COHEN&GREEN

Page 9 of 240



- <u>Request 12:</u> Admit that during a June 7, 2020, news conference, Mayor de Blasio stated, "I constantly talk to Commissioner about everything I see in those videos."
  - o <u>Objection:</u> Defendants object to Request No. 12 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.
  - o <u>Analysis:</u> Nothing in the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Further, Defendants are imagining things when they suggest that Plaintiffs are asking for an admission about the "meaning of" the statement.  Nothing of the sort appears in the request.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

- <u>Request 13:</u> Admit that, during an October 29, 2020 Reform & Reinvention Listening Session, NYPD Chief of Patrol Juanita Holmes stated, "With the officers, to the, just giving them the benefit of the doubt, that they reacted the way they normally react. If they see someone doing something that they perceived to be not within the law, they arrested them, not realizing that protests are allowed-but peaceful protests are allowed."
    - ▪ *See* NYAG-G-00001360, time stamp 1:09:00 to 1:10:20
  - o <u>Objection:</u> Defendants object to Request No. 13 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.
  - o <u>Analysis:</u> Nothing in the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Further, Defendants are imagining things when they suggest that Plaintiffs are asking for an admission about the "meaning of" the statement.  Nothing of the sort appears in the request.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  · t : (929) 888.9480  · f : (929) 888.9457  · FemmeLaw.com



- <u>Request 14:</u> Admit that, during an October 29, 2020 Reform & Reinvention Listening Session, NYPD Chief of Patrol Juanita Holmes stated, "We had officers that did things that never should have been done; that's not in alignment with what we stand for as agency."
    - ▪ *See* NYAG-G-00001360, time stamp 1:11:53 and 1:12:01
    - o <u>Objection:</u> Defendants object to Request No. 14 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.
    - o <u>Analysis:</u> Nothing in the context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement. Further, Defendants are imagining things when they suggest that Plaintiffs are asking for an admission about the "meaning of" the statement. Nothing of the sort appears in the request. Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

    <u>Defendants' Response:</u>

- <u>Request 15:</u> Admit that, during an October 19, 2020 Reform & Reinvention Listening Session, then Assistant Chief Matthew Pontillo, of the NYPD Office of the First Deputy Commissioner, stated:
    - ▪ A: "Training is crucial to what we do, and it's a never-ending process. So, when you think about a lot of the skills that police officers need to do their jobs, a lot of the tactical skills, those are perishable."; and
    - ▪ B: "When we hire young people, they go through the police academy for six months, we give them all the basic skills they need to begin. But then really it's the next 20, 25, 30 years of learning. And we have to understand that there's a cost to that... but that training is absolutely essential."; and
    - ▪ C: "All of our training curricula materials are also policy and must be complied with and will be the basis for either discipline or some other remedial action if not complied with"
        - . *See* NYAG-G-00001361, starting at 32:20.

COHEN&GREEN                                    Page 11 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- o <u>Objection:</u> Defendants object to Request No. 15 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context. Defendants object to this request as it is compound.
- o <u>Analysis:</u> Nothing in the context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement. Further, Defendants are imagining things when they suggest that Plaintiffs are asking for an admission about the "meaning of" the statement. Nothing of the sort appears in the request. Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

  "Compound" is not a proper objection to a Request for Admission. As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it. Or, at minimum, as the Rule requires, Defendants' "answer ***must*** specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). And since this request split itself into three parts, and Defendants attempts to object to the number of Requests were soundly rejected by the Court, Defendants' invented "compound" objection runs aground because it could easily just be responded to as three different Requests.

  Thus, because Defendants failed to follow the rule, this request should be admitted by default.

<u>Defendants' Response:</u>


- <u>Request 16:</u> Admit that, in a video message released on December 18, 2020 and posted on YouTube, Mayor de Blasio spoke regarding the New York City Department of Investigation's December 2020 report on the Protests, stating, "I read this report and I agree with it. I agree with its analysis and I agree with its recommendations. Because it makes very clear that we gotta do something different and we gotta do something better."
    - ▪ *See* NYAG-G-00001358, time stamp starting at 0:15.
  - o <u>Objection:</u> Defendants object to Request No. 16 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.

COHEN&GREEN

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



- o  <u>Analysis:</u> Nothing in the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Further, Defendants are imagining things when they suggest that Plaintiffs are asking for an admission about the "meaning of" the statement.  Nothing of the sort appears in the request.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

- • <u>Request 17:</u> Admit that, in a December 18, 2020 video statement regarding the Protests, Mayor de Blasio "there were things that happened that were not about whether someone made the individual mistake, there were choices made, strategic choices, that weren't good choices it turns out; that end up causing problems. And we have to come to grips with that. We have to train our police force differently."
  - ▪  . *See* NYAG-G-00001358, starting at 3:45.
  - o  <u>Objection:</u> Defendants object to Request No. 17 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.
  - o  <u>Analysis:</u> Nothing in the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Further, Defendants are imagining things when they suggest that Plaintiffs are asking for an admission about the "meaning of" the statement.  Nothing of the sort appears in the request.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- <u>Request 18:</u> Admit that Defendant Monahan stated on May 29, 2020, that the "vast majority of people are out there to express their views," referring to individuals attending the Protests that had occurred to date.
  - *See* NYAG-G-00001359, starting at 3:29.
  - o <u>Objection:</u> Defendants object to Request No. 18 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.
  - o <u>Analysis:</u> Nothing in the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement. Further, Defendants are imagining things when they suggest that Plaintiffs are asking for an admission about the "meaning of" the statement.  Nothing of the sort appears in the request.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

- <u>Request 19:</u> Admit that on February 16, 2021, during a City Council hearing by the Committee on Public Safety, Chief of Patrol Juanita Holmes stated that "four hours of disorder training is not enough."
  - o <u>Objection:</u> Defendants object to Request No. 19 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context.  Defendants also object as no citation or context for this request was provided.
  - o <u>Analysis:</u> Nothing in the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement. Further, Defendants are imagining things when they suggest that Plaintiffs are asking for an admission about the "meaning of" the statement.  Nothing of the sort appears in the request.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Similarly, there is no requirement in the Rules to provide a citation. Rather, Rule 36 — and the Court's Order — required that Defendants make a "reasonable inquiry." Fed. R. Civ. P. 36(a)(4); *see also*, Dkt. No. 598 ("the requests are extraordinarily detailed and will require significant investigation by the City"). Instead, it appears the City has conducted no investigation at all. So this fact should be deemed admitted.

<u>Defendants' Response:</u>

- <u>Request 20:</u> Admit that the time stamp that appears on NYPD body-worn camera footage is in Greenwich Mean Time, which is five hours ahead of U.S. Eastern Standard Time ("EST") and four hours ahead of Eastern Daylight Time ("EDT").
    - o <u>Objection:</u> Defendants object to Request No. 20 on the grounds that it is vague and overbroad in failing to define and specify the make, edition and model of the device(s) or outputs ("footage") and improper because it seeks expert opinion without sufficient foundation. Defendants also object as this request is improper as defendants cannot respond to this request without providing a narrative.
    - o <u>Analysis:</u> Defendants' "expert" objection crosses the line into bad faith. There is nothing "expert" about admitting the fact here, and Defendants' assertion otherwise is sanctionably frivolous. But beyond that, experts establish relevant facts — they are not some category outside Rule 26(b)(1), and Rule 36 permits RFAs on "**any** matters within the scope of Rule 26(b)(1)." Fed. R. Civ. P. 36(a)(1). If Defendants want to insist on an expert battle here, they may — but the purpose of Rule 36 is to shift the costs of that battle if it turns out Defendants are doing so frivolously (which they are).

        Similarly, that some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit.

        Finally, nothing in this request is vague, overbroad, or lacking definition and Defendants do not explain how it is. The fact here is simple: across all the footage (of any kind) that Defendants have produced from Axon cameras, the timestamp is obviously not the correct time. Plaintiffs are seeking to find out whether Defendants will argue about the conclusion Plaintiffs have drawn: that it appears to consistently be GMT, rather than EST/EDT. It *may* be that an expert is necessary if Defendants intend to contest this fact. But the purpose of Rule 36 is to determine whether, for

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



example, parties must hire an expert to explain to a jury the highly complex reasons the sky appears to be blue — or whether the parties can just agree "the sky is blue." Defendants can either deny this fact and force that expense, or admit it — since it is not in dispute.  But they must pick one.

<u>Defendants' Response:</u>

**NYPD's Failure to Take into Account Litigation About Misconduct**

- <u>Request 21:</u> Neither the City nor the NYPD made any changes to policing policy, practices, or trainings related to or because of *MacNamara, et al., v. City of New York, et al.,* 04 Civ. 9216 (KMK)(JCF) (S.D.N.Y.), the allegations therein, or any other case related to the police response to protests at the 2004 Republican National Convention
  - <u>Objection:</u> Defendants object to Request No. 21 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request is compound.
  - <u>Analysis:</u> Defendants response here is frivolous in the extreme.  Defendants obviously have conducted no investigation and the Court should sanction them for this response. *See* Fed. R. Civ. P. 37(a)(4); 37(c)(1)(C).

    In Consolidated Document Requests 85, 86, and 87, Plaintiffs sought the following:
    1. "Any and all documents concerning policy or practice changes, changes in training, or FINEST messages that were in some way a response to the judgment in Abdell v. City of New York, No. 05 Civ. 8453 (RJS) (S.D.N.Y.) and/or Gersbacher v. Winski, No. 14 Civ. 7600 (S.D.N.Y.); the settlement in Rodriguez, Williams, James, et al v. City of New York, 12-cv-03389 (S.D.N.Y.); or the District Court summary judgment decision in Dinler v. City of New York 1:04-cv-7921 (S.D.N.Y.) (Dkt. No. 312 therein)";
    2. "any and all documents concerning policy or practice changes, changes in training, or FINEST messages that were in some way a response to the settlement of the RNC cases, including but not limited to MacNamara, et al., v. City of New York, et al., 04 Civ. 9216 (KMK)(JCF) (S.D.N.Y.)"; and
    3. "any and all documents concerning policy or practice changes, changes in training, or FINEST messages that were considered or adopted in

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



some way a response to the events and lawsuits described in ¶¶ 421-429 of the Sow First Amended Complaint (Dkt 96)"

Defendants' response to each, when finally forced by the Court to state what they were and weren't producing, was simple: "No responsive documents exist."

So too for the relevant interrogatories. The Sow Plaintiffs asked the same question, in interrogatory form — in case Defendants believed some policies existed outside of what was written down. Defendants confirmed none exist. *See, e.g.,* Dkt. No. 662-1 ¶ 12; Defendants' Objections and Responses to *Sow* Discovery, Int. Resp. 17-18 (referring Plaintiffs to the "No responsive documents exist" response).

For Defendants to now refuse to answer the relevant Request for Admission means one of two things: either (1) Defendants are engaged in frivolous conduct for refusing to admit what they said in response to Plaintiffs' interrogatories and document requests is true or (2) Defendants' answers to Plaintiffs interrogatories and document requests included information that is false. Either way, Defendants should be sanctioned.

<u>Defendants' Response:</u>

- <u>Request 22:</u> Neither the City nor the NYPD made any changes to policing policy, practices, or  trainings related to or because of the following cases, the settlement or resolution thereof, or the  allegations therein: *Mandal v. City of New York*., 02-cv-1234 (WHP)(FM) (S.D.N.Y.) and the  related decisions (e.g., "Mandal I," No. 02-cv-1234 (WHP), 02-cv-1367 (WHP), 02-cv-6537  (WHP), 2006 WL 2950235, at *4-7 (S.D.N.Y. Oct. 17, 2006) and "Mandal II," No. 02-cv-l234  (WHP), 02-CV-1367 (WHP), 2007 WL 3376897, at *2 (S.D.N.Y. Nov. 13, 2007); *Burley v. City  of New York*, 03-cv-2915 (WHP)(FM) 2005 WL 668789 (S.D.N.Y. March 23, 2005); *Allen v.  City of New York*, 466 F. Supp. 2d 545, 546 (S.D.N.Y. 2006); *Haus v. City of New York*, 03-cv 4915 (RWS)(MHD) 2006 WL 1148680, *1 (S.D.N.Y. April 24, 2006); *Larsen v. City of New York,  et al.*, 04-cv-0665 (RWS) (S.D.N.Y.); *Kunstler v. City of New York*, 04-cv-l145 (RWS)(MHD)  (S.D.N.Y.); *Abdell. v. City of New York*, 05-cv8453 (RJS)(JCF) (S.D.N.Y.), *Schiller, v. City of New York*, 04- cv-7922 (RJS) (JCF) (S.D.N.Y.), *Dinler v. City of New York,* 04-cv-7921 (RJS)(JCS) (S.D.N.Y.), *Kyne v. Wolfowitz*, 06-cv-2041 (RJS)(JCF) (S.D.N.Y.); *Callaghan v. City of New York*, 07-CV-9611 (PKC)(JLC) (S.D.N.Y.); *Osterhoudt v. City of New York, et al.*, No. 10-cv-3173 (RJC)(RML), 2012 WL 4481927, at *1-2, (E.D.N.Y.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Sept. 27, 2012); the cases listed in *Marisa Holmes v. City of New York, et al.,* 14-cv-5253 (LTS) (S.D.N.Y.) (Dkt. No. 13 ¶ 89); *Gerskovich v. locco,* 15-cv-7280 (S.D.N.Y. Berman, J.); *Peat v. City of New York,* No. 12-cv-08230 (S.D.N.Y.); *Packard v. City of New York,* 15-cv7130 (S.D.N.Y.) (AT); *Case v. City of New York,* 14-cv-9148 (S.D.N.Y.) (AT); *Clarke v. NYC,* 13-cv- (RWS); *Crisp v. NYC,* 12-cv-5482(RWS); *Dedrick v. NYC,* 12-cv-7165(RWS); *Dierken v. NYC,* 12-cv-7462(RWS); *Elliot v. NYC,* 12- cv-992(RWS); and *Hanlin v. NYC,* 12-cv-5844(RWS)

- o **Objection:** Defendants object to Request No. 22 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request is compound.
- o **Analysis:** See Request 22.

**Defendants' Response:**


- **Request 23:** The City of New York, in reviewing and revising its protest policing policies, trainings, and practices, does not review or otherwise take into account (i) decline to prosecute decisions, (ii) conviction conversion rates, or (iii) allegations and settlements in lawsuits relating to protests.
  - o **Objection:** Defendants object to Request No. 23 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request is compound.
  - o **Analysis:** This fact is undisputedly true.  It is what the City's own 30(b)(6) witness testified to in *Packard v. City of New York,* 15-cv-7130 (S.D.N.Y.) (AT).

    That the City believes some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.  The City either does or does not consider these factors in reviewing and revising its protest policing policies, trainings, and practices (it does not).

    Similarly, "compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer ***must*** specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P.

COHEN&GREEN

Page 18 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be admitted by default.

<u>Defendants' Response:</u>

- <u>Request 24:</u> No protest policing related litigation, settlement, verdict, notice of claim under the General Municipal Law, or allegation between 2000 and May 27, 2020, had any effect on the City's relevant policies, practices, customs, or NYPD training.
  - o <u>Objection:</u> Defendants object to Request No. 24 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request is compound.
  - o <u>Analysis:</u> This fact is undisputedly true.  It is what the City's own 30(b)(6) witnesses have testified to repeatedly.

    That the City believes some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.  The City either does or does not consider these factors in reviewing and revising its protest policing policies, trainings, and practices (it does not).

    Similarly, "compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be admitted by default.

<u>Defendants' Response:</u>

**NYPD's Failure to Investigate or Take Seriously White Supremacy**

- <u>Request 25:</u> Neither the City nor the NYPD has conducted any investigation into any displays of white power symbols by any NYPD officers since January 1, 2014
  - o <u>Objection:</u> Defendants object to Request No. 25 on the grounds that defendants cannot readily obtain the information to admit or deny this request as the search



capabilities do not allow defendants to conduct search investigations into NYPD
officers based on this category

o   <u>Analysis:</u> Defendants assert they have some unspecified issue determining an answer
to this question.  That fails to comply with the Rules.  If Defendants believe they
cannot answer the request with a reasonable inquiry, Rule 36 is clear:  "The answering
party may assert lack of knowledge or information as a reason for failing to admit or
deny ***only if*** the party states that it has made reasonable inquiry and that the
information it knows or can readily obtain is insufficient to enable it to admit or deny."
Fed. R. Civ. P. 36(a)(4) (emphasis added).  Defendants do not state they've made a
reasonable inquiry, presumably because they obviously have not.

Beyond that, the assertion that the City cannot figure out whether it has ***ever***
investigated "any displays of white power symbols by any NYPD officers since January
1, 2014)" is facially absurd.  The NYPD has a disciplinary system.  Human beings run
that system.  It appears the Law Department has never bothered to ask those human
beings a single question.  Or, perhaps they did and did not like that the answer was
"we have not."  But either way, that the City dislikes the answer is no basis to refuse
to answer a Request for Admission: all the City has to do is find ***one single example***
to be able to deny this.  That the City cannot says everything.

<u>Defendants' Response:</u>

• <u>Request 26:</u> Intentionally omitted as Defendants answered or partially answered.

• <u>Request 27:</u> Intentionally omitted as Defendants answered or partially answered.

• <u>Request 28:</u> Neither the City nor the NYPD has conducted any investigation into whether
NYPD officers other than James Kobel post racist, misogynist, homophobic, and anti-Semitic
messages on the website "Law Enforcement Rant."
   o   <u>Objection:</u> Defendants object to Request No. 28 on the grounds that defendants
cannot readily obtain the information to admit or deny this request as the search
capabilities do not allow defendants to conduct search investigations into NYPD
officers based on this category.
   o   <u>Analysis:</u> Defendants assert they have some unspecified issue determining an answer
to this question.  That fails to comply with the Rules.  If Defendants believe they
cannot answer the request with a reasonable inquiry, Rule 36 is clear:  "The answering
party may assert lack of knowledge or information as a reason for failing to admit or

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



deny **_only if_** the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4) (emphasis added). Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not.

Beyond that, the assertion that the City cannot figure out whether it has **_ever_** investigated "whether NYPD officers other than James Kobel post racist, misogynist, homophobic, and anti-Semitic messages on the website '"Law Enforcement Rant."' is facially absurd. The NYPD has a disciplinary system. Human beings run that system. And Inspector Kobel's disgusting messages on Law Enforcement Rant were a significant round of very bad press for the NYPD. It's not the kind of thing the brass would just forget. Yet, it appears the Law Department has never bothered to ask those human beings a single question. Or, perhaps they did and did not like that the answer was "we have not." But either way, that the City dislikes the answer is no basis to refuse to answer a Request for Admission: all the City has to do is find **_one single_** **_example_** to be able to deny this. That the City cannot says everything.

<u>Defendants' Response:</u>

- <u>Request 29:</u> Neither the City nor the NYPD made any changes to policing policy or practices, or imposed any discipline outside of the firing of then Deputy Inspector James Kobel, following the hearing and related proceedings conducted by the City Council
  - o <u>Objection:</u> Defendants object to Request No. 29 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request is compound. Defendants further object as this request as it seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> This is a simple request to admit: either the City and NYPD made policy changes and/or imposed discipline after the massive press spectacle that followed Inspector Kobel's disgusting comments becoming public, or it did not.

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. And while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).

COHEN&GREEN                                    Page 21 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Similarly, "[c]ompound" is not a proper objection to a Request for Admission. As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it. Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Thus, because Defendants failed to follow the rule, this request should be admitted by default.

<u>Defendants' Response:</u>

- <u>Request 30:</u> Neither the City nor the NYPD, including the IAB, Intelligence, and Anti-Terrorism divisions, has conducted any investigation into, or any assessment of, NYPD officers' possible affiliations with racist or white supremacist organizations
   o <u>Objection:</u> Defendants object to Request No. 28 [sic] on the grounds that defendants cannot readily obtain the information to admit or deny this request as the search capabilities do not allow defendants to conduct search investigations into NYPD officers based on this category.
   o <u>Analysis:</u> Defendants assert they have some unspecified issue determining an answer to this question. That fails to comply with the Rules. If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear: "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if** the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4) (emphasis added). Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not. And the fact that Defendants state in three different requests an identical objection, mis-citing "Request 28," thoroughly demonstrates that fact.

   Beyond that, the assertion that the City cannot figure out whether it has **ever** investigated "NYPD officers' possible affiliations with racist or white supremacist organizations" is facially absurd. The NYPD has disciplinary and investigatory systems (one might even suggest that "investigating" is a big part of the NYPD's job…). Human beings run that system. Yet, it appears the Law Department has never bothered to ask those human beings a single question. Or, perhaps they did and did not like that the answer was "we have not." But either way, that the City dislikes the answer is no basis to refuse to answer a Request for Admission: all the City has to do

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



is find **one single example** to be able to deny this.  That the City cannot says everything.

Defendants' Response:

- Request 31: Intentionally omitted as Defendants answered or partially answered.

- Request 32: Neither the City nor the NYPD, including the IAB, Intelligence, and Anti-Terrorism divisions, has conducted any investigation into, or any assessment of, NYPD officers' possible affiliations with the Proud Boys, Oath Keepers, Three Percenters, or other far-right or neo-Nazi organizations
  - o Objection: Defendants object to Request No. 28 [sic] on the grounds that it is duplicative of Request No. 31.
  - o Analysis: Plaintiffs have no objection to defendants answering only once and apologize for the typographical error.

- Request 33: Neither the City nor the NYPD, including the IAB, Intelligence, and Anti-Terrorism divisions, has conducted any investigation into, or any assessment of, NYPD officers' participation in online far-right/racist message boards, such as the Law Enforcement Rant site Deputy Inspector James Kobel posted on.
  - o Objection: Defendants object to Request No. 28 [sic] on the grounds that defendants cannot readily obtain the information to admit or deny this request as the search capabilities do not allow defendants to conduct search investigations into NYPD officers based on this category
  - o Analysis: Defendants assert they have some unspecified issue determining an answer to this question.  That fails to comply with the Rules.  If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear:  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if** the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4) (emphasis added).  Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not.  And the fact that Defendants state in three different requests an identical objection, mis-citing "Request 28," thoroughly demonstrates that fact.

COHEN&GREEN

Page 23 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Beyond that, the assertion that the City cannot figure out whether it has **ever** investigated "NYPD officers' participation in online far-right/racist message boards, such as the Law Enforcement Rant site Deputy Inspector James Kobel posted on" is facially absurd.  The NYPD has disciplinary and investigatory systems (one might even suggest that "investigating" is a big part of the NYPD's job…).  Human beings run that system.  Yet, it appears the Law Department has never bothered to ask those human beings a single question.  Or, perhaps they did and did not like that the answer was "we have not."  But either way, that the City dislikes the answer is no basis to refuse to answer a Request for Admission:  all the City has to do is find **one single example** to be able to deny this.  That the City cannot says everything.

Defendants' Response:

- Request 34: Neither the City nor the NYPD has disciplined any officer for the use of racist language during the Protests.
  - o Objection: Defendants object to Request No. 34 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative
  - o Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.  Either the City or the NYPD has imposed discipline for the use of racist language or it has not.  It's a simple question.

Defendants' Response:

**Keith Boykin**

- Request 35: Intentionally omitted as Defendants answered or partially answered.

- Request 36: Admit that the video footage produced by Defendant under Bates stamp DEF_000321057, depicts the apprehension and arrest of Keith Boykin on May 30, 2020.
  - o Objection: Defendants object to Request No. 36 on the grounds that it is improper, is compound and seeks information related to separate pending matter.
    Analysis: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper.  Rule 36 applies to any matters within the

COHEN&GREEN



scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

"Compound" is not a proper objection to a Request for Admission. As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it. Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Thus, because Defendants failed to follow the rule, this request should be admitted by default.

Defendants' "separate pending matter" objection is bad faith. As Rule 36 states, an "admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b). These cases concern systemic practices throughout the summer of 2020 and beyond. What the NYPD did to **any** protester is obviously within the scope of Rule 26. Defendants' seeming suggestion otherwise is frivolous and sanctionable. The Court should deem this example admitted, and sanction Defendants for failing to follow the rules.

Defendants' Response:

- Request 37: Admit that in the video footage produced by Defendant under Bates stamp DEF_000321057, starting at approximately 2 minutes and 39 seconds into the video, the following statements were made. Sgt. Mitchell Epstein stated to Keith Boykin: "Let's go." Mr. Boykin stated "I'm press. CNN." Sgt. Epstein, replied, "I don't care. You can't be in the road. Get off the bike. You're under arrest. "Mr. Boykin replied, "OK."
  - ○ Objection: Defendants object to Request No. 37 on the grounds that this request is improper as it seeks concession of the meaning of the purported statements taken out of context. Defendants also object on the ground that this request is compound and as seeks discovery regarding a separate pending lawsuit.
  - ○ Analysis: Nothing about the context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement. Further, Defendants are imagining things when they suggest that Plaintiffs are asking for an admission about the "meaning of" the statement. Nothing of the sort appears in the request. Rather, Plaintiffs are attempting to find out whether they genuinely will

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



need to depose — and call at trial — a witness to confirm these things were, in fact, said.

"Compound" is not a proper objection to a Request for Admission. As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it. Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Thus, because Defendants failed to follow the rule, this request should be admitted by default.

Finally, Defendants' "separate pending matter" objection is bad faith. As Rule 36 states, an "admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b). These cases concern systemic practices throughout the summer of 2020 and beyond. What the NYPD did to **any** protester is obviously within the scope of Rule 26. Defendants' seeming suggestion otherwise is frivolous and sanctionable. The Court should deem this example admitted, and sanction Defendants for failing to follow the rules.

Defendants' Response:

- Request 38: Admit that Keith Boykin was apprehended and arrested by NYPD officers on May 30, 2020, at approximately 3:39 p.m. EDT, in the vicinity of the West Side Highway and West 96th Street in Manhattan
  - Response: Defendants object to Request No. 38 on the grounds that "in the vicinity of" is vague and ambiguous and that the phraseology is improper. Defendants also object to this request as it compound and seeks discovery regarding a separate pending lawsuit. Notwithstanding, defendants admit that Keith Boykin was arrested by NYPD officers on May 30, 2020, at approximately 3:40 p.m. at the intersection of the West Side Highway and West 96th Street in Manhattan.
  - Analysis: **Although we do not challenge such partial admissions in our motion, we retained this request in the supplement to highlight the baselessness of Defendants' objection to the phrase** "in the vicinity" as vague. It is standard language in the police department, and while there may be some abstract distance at which the term become ambiguous, that is not in play here: As video cited in the surrounding requests shows, Boykin was arrested and apprehended at the 95th Street exit to the West Side Highway (which is at, as it happens, about 96th St.):

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com





<u>Defendants' Response:</u>

- <u>Request 39:</u> Admit that on May 30, 2020, [Boykin] was issued summonses for two offenses, disorderly conduct and unauthorized use of a roadway
  - o <u>Objection:</u> Defendants object to Request No. 39 on the grounds that it seeks discovery regarding a separate pending lawsuit. Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper. Notwithstanding, Defendants also state that after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request.
  - o <u>Analysis:</u> Defendants' "separate pending matter" objection is bad faith. As Rule 36 states, an "admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



These cases concern systemic practices throughout the summer of 2020 and beyond. What the NYPD did to **any** protester is obviously within the scope of Rule 26. Defendants' seeming suggestion otherwise is frivolous and sanctionable.

Similarly, nothing in this request is vague, and Defendants do not explain how it is. Officers issue summonses. That is the correct verb. And for Defendants to pretend it is not is frivolous.

Finally, Defendants assert they have some unspecified issue determining an answer to this question. That fails to comply with the Rules. If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear: "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if** the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4) (emphasis added). Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not. This is simple to answer: there is a pair of summonses issued to Boykin. Defendants can look at them, and decide whether what they were issued for is a genuine issue for trial — and Plaintiffs even provide the Bates numbers for those summonses in Request 40. In fact, here is the relevant section of each:

| VIOLATION | | |
|---|---|---|
| Law Title | In Violation of Section | Description |
| Penal Law | 240.20(5) | OBSTRUCTS VEHICULAR OR PEDESTRIAN TRAFFIC |

...roduced pursuant to unsealing order – all non-protest                 DEF_000090674

| VIOLATION | | |
|---|---|---|
| Law Title | In Violation of Section | Description |
| Other | 4-12(O)(1) | USE OF ROADWAYS, PEDESTRIANS, HORSES, BICYCLES AND LIMITED USE VEHICLES PROHIBITED |

...CONFIDENTIAL                 DEF_000075618

Defendants did not have to conduct anything beyond the most simple search. § 240.20 is disorderly conduct; section §4-10(O)(1) is unauthorized use of a roadway. Instead of simply pulling the document cited, they chose to conduct no search at all. Given the level of frivolity in this response, the Court should deem it admitted.

<u>Defendants' Response:</u>

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



- **Request 40:** Admit that the documents produced by Defendant under Bates numbers DEF_000075618 and DEF_000090674 are true and accurate copies of the summonses issued to Mr. Boykin.
  - <u>Response:</u> Defendants object to Request No. 40 on the grounds that it seeks discovery regarding a separate pending lawsuit and is compound. Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper. Notwithstanding, Defendants deny this request.
  - <u>Analysis:</u> **Although we do not challenge such partial admissions in our motion, we retained this request in the supplement to discuss why these documents, which Defendants produced, are not true and accurate copies of what they purport to be.**

- **Request 41:** Admit that both summonses issued against Mr. Boykin on May 30, 2020, were dismissed
  - <u>Objection:</u> Defendants object to Request No. 41 on the grounds it seeks discovery regarding a separate pending lawsuit. Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper. Notwithstanding, Defendants admit that the summonses issued to Mr. Boykin on May 30, 2020 were dismissed

  <u>Defendants' Response:</u>

- <u>Request 42:</u> Intentionally omitted as Defendants answered or partially answered.

**Jemell Cole**

- **Request 43:** Intentionally omitted as Defendants answered or partially answered.

- <u>Request 44:</u> Admit that the document produced by Defendant under Bates numbers DEF_000046332-34 is a true and accurate copy of the arrest report prepared for the arrest of Jemell Cole.
  - <u>Objection:</u> Defendants object to Request No. 44 based on grounds that after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request. Defendants object to this

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



request as it is vague, calls for conclusory interpretations requiring expert analysis without proper foundation

o  <u>Analysis:</u> Defendants assert they have some unspecified issue determining an answer to this question.  That fails to comply with the Rules.  If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear:  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if** the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4) (emphasis added).  Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not.  Nothing in this request is vague, and Defendants do not explain how it is.

Defendants' "expert" objection crosses the line into bad faith.  There is nothing "expert" about admitting the fact here, and Defendants' assertion otherwise is sanctionably frivolous.  But beyond that, experts establish relevant facts — they are not some category outside Rule 26(b)(1), and Rule 36 permits RFAs on "**any** matters within the scope of Rule 26(b)(1)."  Fed. R. Civ. P. 36(a)(1).  If Defendants want to insist on an expert battle here, they may — but the purpose of Rule 36 is to shift the costs of that battle if it turns out Defendants are doing so frivolously (which they are).  One of the primary purposes of requests for admission is to determine the authenticity of documents, so trials and discovery are not bogged down with the need to endlessly call and interrogate document custodians.  Put directly:  the Law Department's assertion that the City of New York needs an expert to figure out whether **a document the City itself produced** is authentic calls for serious sanctions.

<u>Defendants' Response:</u>

- <u>Request 45:</u> Intentionally omitted as Defendants answered or partially answered.

- <u>Request 46:</u> Intentionally omitted as Defendants answered or partially answered.

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- <u>Request 47:</u> Admit that the document produced by Defendant under Bates number DEF_CCRB_0120887 is a true and accurate copy of the body worn camera footage of Officer Briana Carlo on July 15, 2020
  - o <u>Objection:</u> Defendants object to Request No. 47 on grounds that after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request.
  - o <u>Analysis:</u> Defendants assert they have some unspecified issue determining an answer to this question.  That fails to comply with the Rules.  If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear:  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only if* the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4) (emphasis added).  Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not.

    Additionally, one of the primary purposes of requests for admission is to determine the authenticity of documents, so trials and discovery are not bogged down with the need to endlessly call and interrogate document custodians.  The Law Department produced the document DEF_CCRB_0120887.  If the Law Department cannot figure out whether it is a true and accurate record, it should be sanctioned:  it is either (1) refusing to respond in good faith to these Requests or (2) producing inauthentic documents.

<u>Defendants' Response:</u>

- <u>Request 48:</u> Admit that the document produced by Defendant under Bates numbers DEF_CCRB_0120862-74 is a true and accurate copy of the Activity Log Report of Officer Briana Carlo on July 15, 2020
  - o <u>Objection:</u> Defendants object to Request No. 48 on the grounds that after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request
  - o <u>Analysis:</u> Defendants assert they have some unspecified issue determining an answer to this question.  That fails to comply with the Rules.  If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear:  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only if* the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  · t : (929) 888.9480 · f : (929) 888.9457 ·  FemmeLaw.com



deny." Fed. R. Civ. P. 36(a)(4) (emphasis added). Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not.

Additionally, one of the primary purposes of requests for admission is to determine the authenticity of documents, so trials and discovery are not bogged down with the need to endlessly call and interrogate document custodians. The Law Department produced the document at DEF_CCRB_0120862-74. If the Law Department cannot figure out whether it is a true and accurate record, it should be sanctioned: it is either (1) refusing to respond in good faith to these Requests or (2) producing inauthentic documents.

<u>Defendants' Response:</u>

**Alexandra Crousillat**

- <u>Request 49:</u> Intentionally omitted as Defendants answered or partially answered.

- <u>Request 50:</u> Intentionally omitted as Defendants answered or partially answered.

- <u>Request 51:</u> Intentionally omitted as Defendants answered or partially answered.

- <u>Request 52:</u> Admit that NYPD officers did not provide any other amplified warning or order to disperse other than those referenced in Requests to Admit numbers 49 to 51 on November 4, 2020, between 9:00 p.m. and 9:30 p.m. EST in the vicinity of 14th Street and Irving Place in Manhattan
    - <u>Objection:</u> Defendants object to Request No. 52 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
    - <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Nothing in this request is vague, and Defendants do not explain how it is.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

In short, this requests calls for Defendants to state whether they believe some other orders were given.  Plaintiffs are entitled to know whether that is a fact in dispute (it is not).

Defendants' Response:

- Request 53: Admit that Alexandra Crousillat was standing on the sidewalk at the time that an NYPD officer or officers began to effect her arrest on November 4, 2020.
    - See DEF_000320372

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



- o  <u>Objection:</u> Defendants object to Request No. 53 on the grounds that it is compound and that it is improper as defendants cannot respond to this request without providing a narrative.
- o  <u>Analysis:</u> Defendants' response here is bad faith in the extreme.  Crousillat was on the sidewalk.  Video shows she was there, and that she was shoved to the unmistakable New York City sidewalk while being arrested:



<u>Defendants' Response:</u>

- •  <u>Request 54:</u> Admit that Alexandra Crousillat was not ordered to disperse from the sidewalk when she was arrested by NYPD officers on November 4, 2020
  - o  <u>Objection:</u> Defendants object to Request No. 54 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this Request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context

COHEN&GREEN                                                              Page 34 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit; Crousillat was not ordered to disperse.

<u>Defendants' Response:</u>

- <u>Request 55:</u> Admit that Alexandra Crousillat was recording police activity with her mobile phone when an NYPD officer or officers began to effect her arrest on November 4, 2020.
  - See DEF_000320372
  - o <u>Objection:</u> Defendants object to Request No. 55 on the grounds that it seeks an admission to information that is not in the current knowledge, possession, or control of defendants and is an improper use of this process
  - o <u>Analysis:</u> Defendants assert they have some unspecified issue determining an answer to this question.  That fails to comply with the Rules.  If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear:  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if** the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4) (emphasis added).  Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not. Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper.  Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents.  This request is clearly within that scope.

    As the video cited undisputedly shows, Crousillat was recording police:

COHEN&GREEN

Page 35 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com





<u>Defendants' Response:</u>

- <u>Request 56:</u> Admit that, on November 4, 2020, Alexandra Crousillat informed her arresting officer, Officer Jarvis Onabanjo, that her flex-cuffs were causing her to lose feeling in her fingers
  - ▪ *See* DEF_000320368.
  - o <u>Objection:</u> Defendants object to Request No. 56 on the grounds that it is an improper use of Rule 36. Defendants further object as this Request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact — and the video shows this is undisputed — is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others)



facts and the genuineness of any described documents. This request is clearly within that scope.

At 2:58-3:08 in the cited video, Crousillat unambiguously, audibly, and clearly says, both "Help me" and "I can't feel my fingers."  The Law Department has clearly just not watched the video cited (notwithstanding its complaints elsewhere about the lack of citations).

But even if it were in dispute, requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

COHEN&GREEN

Page 37 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- <u>Request 57:</u> Admit that Officer Jarvis Onabanjo did not cut or otherwise remove any of Alexandra Crousillat's flex-cuffs on November 4, 2020, until approximately 17 minutes after Ms. Crousillat first complained about their tightness.
  - ▪ *See* DEF_000320368.
  - o <u>Objection:</u> Defendants object to Request No. 57 on the grounds that it is an improper use of Rule 36, is compound and is an improper use of this process
  - o <u>Analysis:</u> Even though Defendants say it is "an improper use" twice, that does not make it so. Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. All 17 minutes between Crousillat's complaint and the removal of her cuffs are on video. Defendants may not *like* what the video shows, but that is not a basis to say the request is improper. Here is the moment when the officers first seem to be seriously considering removing the cuffs, stating "we don't have no cutter [sic]?"



DEF_000320368

As the time stamp shows, that is more than 17 minutes after the audible complaint. Then, another officer arrives with a cutter, and removes the cuffs:

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com





"Compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer *must* specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be admitted by default.

Defendants' Response:

- Request 58: Intentionally omitted as Defendants answered or partially answered.

**Andrew Smith**

- Request 59: Admit that on May 30, 2020, near the intersection of Bedford and Tilden Avenues in Brooklyn, NYPD police officer Michael Sher pulled down Andrew Smith's face mask from his face and then sprayed him with Oleoresin Capsicum (OC).
    o Objection: Defendants object to Request No. 59 on the grounds that it is as an improper use of this process, is compound and seeks information related to a separate pending matter. Defendants also object to this request as Officer Michael

COHEN&GREEN                                                          Page 39 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Sher is not represented by the Office of the Corporation Counsel and any requests to
admit regarding this officer should be directed to his counsel.

- o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an
undisputed fact is in any way improper.  Rule 36 applies to any matters within the
scope of 26(b)(1) relating to (among others) facts and the genuineness of any
described documents.  This request is clearly within that scope.

    "Compound" is not a proper objection to a Request for Admission.  As stated at the
    relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true,
    Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants'
    "answer **must** specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P.
    36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be
    admitted by default.

    Defendants' "separate pending matter" objection is bad faith.  As Rule 36 states, an
    "admission under this rule is not an admission for any other purpose and cannot be
    used against the party in any other proceeding."  Fed. R. Civ. P. 36(b).  These cases
    concern systemic practices throughout the summer of 2020 and beyond.  What the
    NYPD did to **any** protester is obviously within the scope of Rule 26.  Defendants'
    seeming suggestion otherwise is frivolous and sanctionable.

    Defendants' "directed to his counsel" objection reflects a bad faith refusal to read
    the rule or consider the basic issues in this litigation.  The City employed the officer
    at issue, and is liable in respondeat superior for his conduct.  Beyond that, the City
    can determine the truth of these matters with a reasonable inquiry — and the fact is
    obviously relevant for the *Monell* and class claims at issue in this case.  That the City
    does not **like** what is true is not a basis to refuse to admit the fact.

    Between these facially frivolous objections, Defendants' responses is frivolous.

<u>Defendants' Response:</u>

- <u>Request 60:</u> Admit that Andrew Smith was participating in a protest at the time that Officer
Sher sprayed Smith with OC on May 30, 2020.

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- o <u>Objection</u>: Defendants object to Request No. 60 on the grounds that it is an improper use of this process, is compound and seeks information related to a separate pending matter. Defendants also object to this request as officer Michael Sher is not represented by the office of the corporation counsel and any requests to admit regarding this officer should be directed to his counsel.
- o <u>Analysis</u>: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper.  Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents.  This request is clearly within that scope.

"Compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be admitted by default.

Defendants' "separate pending matter" objection is bad faith.  As Rule 36 states, an "admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding."  Fed. R. Civ. P. 36(b).  These cases concern systemic practices throughout the summer of 2020 and beyond.  What the NYPD did to **any** protester is obviously within the scope of Rule 26.  Defendants' seeming suggestion otherwise is frivolous and sanctionable.

Defendants' "directed to his counsel" objection reflects a bad faith refusal to read the rule or consider the basic issues in this litigation.  The City employed the officer at issue, and is liable in respondeat superior for his conduct.  Beyond that, the City can determine the truth of these matters with a reasonable inquiry — and the fact is obviously relevant for the *Monell* and class claims at issue in this case.  That the City does not **like** what is true is not a basis to refuse to admit the fact.

Between these facially frivolous objections, the Court should sanction Defendants and deem this fact admitted.

<u>Defendants' Response:</u>

**Cohen&Green P.L.L.C.**  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



- Request 61: Admit that Officer Sher did not administer medical aid or seek medical aid for Andrew Smith after spraying him with OC on May 30, 2020.
  - Objection: Defendants object to Request No. 61 on the grounds that it is an improper use of Rule 36, is compound and is an improper use of this process. Defendants also object to this request as Officer Michael Sher is not represented by the Office of the Corporation Counsel and any requests to admit regarding this officer should be directed to his counsel.
  - Analysis: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    "Compound" is not a proper objection to a Request for Admission. As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it. Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Thus, because Defendants failed to follow the rule, this request should be admitted by default.

    Defendants' "separate pending matter" objection is bad faith. As Rule 36 states, an "admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b). These cases concern systemic practices throughout the summer of 2020 and beyond. What the NYPD did to **any** protester is obviously within the scope of Rule 26. Defendants' seeming suggestion otherwise is frivolous and sanctionable.

    Defendants' "directed to his counsel" objection reflects a bad faith refusal to read the rule or consider the basic issues in this litigation. The City employed the officer at issue, and is liable in respondeat superior for his conduct. Beyond that, the City can determine the truth of these matters with a reasonable inquiry — and the fact is obviously relevant for the *Monell* and class claims at issue in this case. That the City does not **like** what is true is not a basis to refuse to admit the fact.

    Between these facially frivolous objections, the Court should sanction Defendants and deem this fact admitted.

  Defendants' Response:

COHEN&GREEN

Page 42 of 240

Cohen&Green P.L.L.C.   ·   1639 Centre Street, Suite 216 · Ridgewood, New York · 11385   ·   t : (929) 888.9480   ·   f : (929) 888.9457   ·   FemmeLaw.com



- Request 62: Admit that on May 30, 2020, near the intersection of Bedford and Tilden Avenues in Brooklyn, Officer Sher issued his OC spray against a second Black male protester
  - Objection: Defendants object to Request No. 62 on the grounds that it is compound and is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as Officer Michael Sher is not represented by the Office of the Corporation Counsel and any requests to admit regarding this officer should be directed to his counsel
  - Analysis: "Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    "Compound" is not a proper objection to a Request for Admission. As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it. Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Thus, because Defendants failed to follow the rule, this request should be admitted by default.

    Defendants' "separate pending matter" objection is bad faith. As Rule 36 states, an "admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b). These cases concern systemic practices throughout the summer of 2020 and beyond. What the NYPD did to **any** protester is obviously within the scope of Rule 26. Defendants' seeming suggestion otherwise is frivolous and sanctionable.

    Defendants' "directed to his counsel" objection reflects a bad faith refusal to read the rule or consider the basic issues in this litigation. The City employed the officer at issue, and is liable in respondeat superior for his conduct. Beyond that, the City can determine the truth of these matters with a reasonable inquiry — and the fact is obviously relevant for the *Monell* and class claims at issue in this case. That the City does not **like** what is true is not a basis to refuse to admit the fact.

    Between these facially frivolous objections, Defendants should be found to admit this and be sanctioned.

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



<u>Defendants' Response:</u>

- <u>Request 63:</u> Admit that Officer Sher violated NYPD's policy regarding the use of OC spray when he sprayed Andrew Smith with OC spray
    - ○ <u>Objection:</u> Defendants object to Request No. 63 on the grounds that it is an improper under Rule 36. Defendants also object to this request as Officer Michael Sher is not represented by the Office of the Corporation Counsel and any requests to admit regarding this officer should be directed to his counsel.
    - ○ <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper.  Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents.  This request is clearly within that scope.

        Defendants' "directed to his counsel" objection reflects a bad faith refusal to read the rule or consider the basic issues in this litigation.  The City employed the officer at issue, and is liable in respondeat superior for his conduct.  Beyond that, the City can determine the truth of these matters with a reasonable inquiry — and the fact is obviously relevant for the *Monell* and class claims at issue in this case.  That the City does not ***like*** what is true is not a basis to refuse to admit the fact.

        The City understands its own policies.  It can determine whether certain acts violate them.  Or, if it cannot, it must explain why.

<u>Defendants' Response:</u>

**Dennis Mullikin**

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 ·  FemmeLaw.com



- **Request 64:** Admit that the document produced by Defendant under Bates stamp DEF_000226839 is a true and accurate copy of the Medical Treatment of Prisoner Form created by NYPD on May 31, 2020, relating to Dennis Mullikin.
  - <u>Objection:</u> Defendants object to Request No. 64 on the grounds that this request is vague and seeks discovery regarding a separate pending lawsuit
  - <u>Analysis:</u> Nothing in this request is vague, and Defendants do not explain how it is. Given this objection, it appears Defendants did not even read the request — and certainly did not open the document.

    Defendants' "separate pending matter" objection is bad faith. As Rule 36 states, an "admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b). These cases concern systemic practices throughout the summer of 2020 and beyond. What the NYPD did to **any** protester is obviously within the scope of Rule 26. Defendants' seeming suggestion otherwise is frivolous and sanctionable.

    Finally, one of the primary purposes of requests for admission is to determine the authenticity of documents, so trials and discovery are not bogged down with the need to endlessly call and interrogate document custodians. The Law Department produced the document at DEF_000226839. If the Law Department cannot figure out whether it is a true and accurate record, it should be sanctioned: it is either (1) refusing to respond in good faith to these Requests or (2) producing inauthentic documents.

    <u>Defendants' Response:</u>

- **Request 65:** Admit that that the document produced by Defendant under Bates stamp Def_CCRB-00004862 is a true and accurate copy of the Threat, Resistance, and Injury (TRI) Incident Form created by NYPD on June 1, 2020, relating to the arrest of Dennis Mullikin.
  - <u>Objection:</u> Defendants object to Request No. 65 on the ground that this request seeks discovery regarding a separate pending lawsuit. Notwithstanding, defendants deny this request

COHEN&GREEN

Page 45 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



o <u>Analysis:</u> **Although we do not challenge such partial admissions in our motion, we retained this request in the supplement to discuss why these documents, which Defendants produced, are not true and accurate copies of what they purport to be.** Defendants' "separate pending matter" objection is bad faith.  As Rule 36 states, an "admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding."  Fed. R. Civ. P. 36(b).  These cases concern systemic practices throughout the summer of 2020 and beyond.  What the NYPD did to *any* protester is obviously within the scope of Rule 26.  Defendants' seeming suggestion otherwise is frivolous and sanctionable.

The document at Def_CCRB_00004862 is a TRI form:



It is also related to the arrest of Dennis Mullikin:

| SUBJECTS/CIVILIANS INVOLVED | |
|---|---|
| Role: Subject | |
| Last Name: MULLIKIN | First Name: DENNIS |
| Nickname/Alias/Maiden Name: | Sex: Male |
| Age Type: Exact | Date of Birth: 06/23/1993 |
| Height: 5 ft 11 in | Weight: 180 lbs |

[…]

DETAILS OF INCIDENT

(INCLUDE RESULTS OF INTERVIEWS AND VIDEO CANVASS)

AT TPO, PO ORTIZ OBSERVED DEFT STANDING IN THE ROADWAY @ ABOVE LOCATION WITH OVER 100 OTHERS. DEFT'S ACTIONS PREVENTED CARS FROM DRIVING DOWN THE ROADWAY. DEFT AND OTHERS STOOD IN THE ROADWAY BLOCKING VEHICLES FOR APPROX 5 MINUTES. DEFT AND OTHERS WERE ORDERED TO LEAVE THE ROADWAY VIA VOCAL COMMANDS AND REFUSED. WHEN PO ORTIZ ATTEMPTED TO APPREHEND DEFT FOR AFOREMENTIONED CONDUCT, DEFT FLAILED HIS ARMS, STIFFENED HIS BODY AND LEGS IN AN ATTEMPT TO AVOID BEING ARRESTED. PO ORTIZ UTILIZED HIS ASP AND STRUCK SUBJECT IN HIS LOWER BODY IN AN ATTEMPT TO GAIN CONTROL SO OFFICERS COULD HANDCUFF INDIVIDUAL.

Thus, Defendants' denial of this request suggests that Defendants are claiming the document they themselves produced is not true and accurate.  Defendants should be ordered to show cause why they should not be sanctioned for producing what they seem to be claiming is a forged document.

<u>Defendants' Response:</u>

COHEN&GREEN                                                    Page 46 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



- <u>Request 66:</u> Intentionally omitted as Defendants answered or partially answered.

- <u>Request 67:</u> Admit that at 10:01:30 p.m. EDT on May 31, 2020, at the intersection of 12th Street and Broadway in Manhattan, SRG 2 Captain Julio Delgado told various NYPD sergeants, "Tell your cops, we are making arrests."
    - *See* DEF_000321086, between 1:19 and 1:22 minutes.
    - o <u>Response:</u> Defendants object to Request No. 67 on the grounds that it is an improper use of this process. Notwithstanding, defendants admit that the words, "Tell your cops, we are making arrests" can be heard in the recording bearing the Bates stamp number referenced in this request.
    - o <u>Analysis:</u> Defendants do not provide any reason they were unable to identify that the statement at issue was made by SRG 2 Captain Julio Delgado — or made to various NYPD sergeants.  Since they neither object cognizably nor follow the procedure set out in Rule 36, the balance of this request should also be deemed admitted.

    <u>Defendants' Response:</u>

- <u>Request 68:</u> Intentionally omitted as Defendants answered or partially answered.

- <u>Request 69:</u> Admit that at 10:01:32 p.m. EDT on May 31, 2020, NYPD officers lined up at the intersection of 12th Street and Broadway in Manhattan began moving south towards protesters on Broadway, as recorded between 1:25 and 1:45 minutes in the recording produced as DEF_000321086.
    - o <u>Response:</u> Defendants object to Request No. 69 on the grounds that it is compound and an improper use of this process. Notwithstanding, Defendants admit that DEF_000321086, a recording of approximately 33 minutes and 1 second in duration, shows what is depicted therein.
    - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

COHEN&GREEN

Page 47 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



"Compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4). And, as noted in the motion, letting the evidence "speak for itself", as Defendants do with the video here, is an improper response. Thus, because Defendants failed to follow the rule, this request should be admitted by default.

<u>Defendants' Response:</u>

- <u>Request 70:</u> Admit that at 10:01:57 on May 31, 2020, in the vicinity of 12th Street and Broadway in Manhattan, an NYPD officer played the following prerecorded warning through a sound amplification device: "This is the NYPD. This group has become violent and is creating a disturbance. You are being ordered to disperse. If you do not disperse you will be subject to arrest," as recorded between 1:45 and 2:00 minutes in the. recording produced as DEF_000321086 and between 3:34 and 3:45 minutes in the recording produced as DEF_000321006
  - <u>Objection:</u> Defendants object to Request No. 70 on the grounds that it is compound and an improper use of this process. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Notwithstanding, defendants state that after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request.
    <u>Analysis:</u> "Compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be admitted by default.  Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    Nothing in this request is vague, and Defendants do not explain how it is. Finally, Defendants assert they have some unspecified issue determining an answer to this question.  That fails to comply with the Rules.  If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear:  "The

COHEN&GREEN                                                            Page 48 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if** the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4) (emphasis added). Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not. Indeed, it appears they have not even watched the video at the timestamps identified. This Request should be deemed admitted.

<u>Defendants' Response:</u>

- <u>Request 71:</u> Admit that NYPD officers did not issue an order to disperse to protesters at the intersection prior to 10:01 p.m. EDT on May 31, 2020
  - o <u>Objection:</u> Defendants object to Request No. 71 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Either orders to disperse were given at the protest at issue in this Request or they were not. Plaintiffs believe it is undisputed that no orders to disperse were given. No witness has testified to it; no document reflects it; none of Defendants interrogatory responses have identified such orders.

    Relatedly, requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the

COHEN&GREEN

Page 49 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

- <u>Request 72:</u> Admit that at 10:01:48 p.m. EDT on May 31, 2020, Dennis Mullikin was walking southbound on Broadway between 12th and 11th Streets in Manhattan when an NYPD officer grabbed Mullikin from behind
  - *See* DEF_000321007
  - o <u>Objection:</u> Defendants object to Request No. 72 on the grounds that it is an improper use of this process
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    Indeed, just saying "[this] is an improper use of this process" is not an objection at all by the terms of Rule 36.  Rule 36 requires a party making an objection to "state in detail why the answering party cannot truthfully admit or deny it."  At the risk of stating the obvious, just saying "improper use of this process" is not "in detail" — and there is no good faith argument it is. Given that, Defendants have not answered

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



or objected to this Request.  Thus, the Court should deem this fact admitted because Defendants' "answer does not comply with th[e] rule."  Fed. R. Civ. P. 36(a)(6).

<u>Defendants' Response:</u>

- <u>Request 73:</u> Intentionally omitted as Defendants answered or partially answered.

- <u>Request 74:</u> Admit that NYPD officer James Lee (Shield 19325) did not activate his body worn camera during the arrest of Dennis Mullikin
  - o <u>Objection:</u> Defendants object to Request No. 74 on the grounds that "during" is vague and the phraseology is improper. Notwithstanding, defendants deny this request
    - ▪ <u>Analysis:</u> **Although we do not challenge such partial admissions in our motion, we retained this request in the supplement to discuss why the Defendants denied this request as Defendants did not produce any BWC from James Lee and footage from the incident (DEF_000321007) shows Lee with a BWC camera off.**

      

    - ▪
<u>Defendants' Response:</u>

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- <u>Request 75:</u> Admit that Officer Luis Ortiz used force to arrest Dennis Mullikin, including striking Mullikin's body with his ASP
  - ▪ *See* Def_CCRB-00004862
  - o <u>Objection:</u> Defendants object to Request No. 75 on the grounds that it is an improper use of this process
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    Indeed, just saying "[this] is an improper use of this process" is not an objection at all by the terms of Rule 36.  Rule 36 requires a party making an objection to "state in detail why the answering party cannot truthfully admit or deny it."  At the risk of stating the obvious, just saying "improper use of this process" is not "in detail" — and there is no good faith argument it is. Given that, Defendants have not answered or objected to this Request.  Thus, the Court should deem this fact admitted because Defendants' "answer does not comply with th[e] rule."  Fed. R. Civ. P. 36(a)(6).

<u>Defendants' Response:</u>

- <u>Request 76:</u> Admit that as a result of the force used by NYPD officers in effecting his arrest, Dennis Mullikin suffered injuries, including swelling and a minor laceration to his face.
  - ▪ *See* DEF_000226839
  - o <u>Objection:</u> Defendants object to Request No. 76 on the grounds that defendants it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.

    Similarly, requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

The applicable TRI report literally says this.  If Defendants are saying Julio Delgado was lying when he filled out the form, so be it — but they should have to state that is what they mean.

<u>Defendants' Response:</u>

- <u>Request 77:</u> Admit that NYPD officer James Lee (Shield 19325) was not disciplined for failing to activate his body-worn camera during the arrest of Dennis Mullikin on May 31, 2020
  - o <u>Objection:</u> Defendants object to Request No. 77 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context

- o  <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.

  Similarly, requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

  Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

COHEN&GREEN



- <u>Request 78:</u> Admit that no NYPD officer has received command or formal discipline for the injuries Dennis Mullikin sustained during his arrest on May 31, 2020
  - <u>Objection:</u> Defendants object to Request No. 78 on the grounds that it is improper as Defendants cannot respond to this request without providing a narrative. Defendants further object as this request is compound
  - <u>Analysis:</u> Defendants' entire response is particularly frivolous and worthy of sanctions here.  It is ***uniquely*** within Defendants' knowledge whether or not discipline has been imposed for a particular incident.  And whether or not discipline has been imposed is a binary fact:  it either has or it hasn't.

    Defendants' objections, even out of context, are misguided.  That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.

    Even if this request were in any way compound (it is not), "compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer ***must*** specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).

    Thus, because Defendants failed to follow the rule, this request should be admitted by default.

    <u>Defendants' Response:</u>


**Jillian Primiano**

- <u>Request 79:</u> Intentionally omitted as Defendants answered or partially answered.
- <u>Request 80:</u> Admit that PO Brian P. Destefano (Tax No. 954727) was the "summonsing officer" referenced in the section titled "Factual Allegations" on Jillian Primiano's C-Summons, at DEF_000094596

COHEN&GREEN

Page 55 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- o <u>Objection:</u> Defendants object to Request No. 80 on the grounds that it is an improper use of Rule 36 and is compound
- o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

   "Compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer ***must*** specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be admitted by default.

   This request, based on the document, is attempting to confirm who the document appears to say is the person that wrote it.  Defendants can either confirm that, or deny it.

<u>Defendants' Response:</u>

- <u>Request 81:</u> Admit that PO Brian P. Destefano was not Jillian Primiano's arresting officer
  - o <u>Response:</u> Plaintiffs withdrew Request No. 81

- <u>Request 82:</u> Admit that the name of Jillian Primiano's arresting officer does not appear on DEF_000094595
  - o <u>Objection:</u> Defendants object to Request No. 82 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative
  - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.

    Either the name of Primiano's arresting officer appears in the Summons or it does not.  And Defendants do not claim they cannot determine the answer, so they must provide it.

COHEN&GREEN

Page 56 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 ·  f : (929) 888.9457 ·  FemmeLaw.com



Defendants' Response:

- <u>Request 83:</u> Admit that PO Brian P. Destefano personally observed Jillian Primiano in purported violation of the Citywide Curfew
  - o <u>Response:</u> Plaintiffs withdrew Request No. 83

- <u>Request 84:</u> Admit that PO Brian P. Destefano did not personally observe Jillian Primiano in purported violation of the Citywide Curfew
  - o <u>Objection:</u> Defendants object to Request No. 84 on the grounds that it is improper under Rule 36 and is improper as defendants cannot respond to this request without providing a narrative.  Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this

COHEN&GREEN                                                    Page 57 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement. Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

This is an easy fact to say yes or no to: either DeStafano saw Primiano personally or he did not. And he did not. So Defendants can admit that. It requires no further explanation (though, as noted above, if Defendants think it does, nothing is stopping them from providing that explanation).

<u>Defendants' Response:</u>

- <u>Request 85:</u> Admit that Jillian Primiano's arresting officer personally observed Jillian Primiano in purported violation of the Citywide Curfew
  - o <u>Response:</u> Plaintiffs withdrew Request No. 85

- <u>Request 86:</u> Admit that Jillian Primiano's arresting officer did not personally observe Jillian Primiano in purported violation of the Citywide Curfew
  - o <u>Objection:</u> Defendants object to Request No. 86 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
    <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

- <u>Request 87:</u> Admit that Jillian Primiano's arresting officer was aware that Ms. Primiano was a healthcare worker prior to her arrest.
  - o <u>Objection:</u> Defendants object to Request No. 87 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative
  - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is

COHEN&GREEN                                    Page 59 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:
the fact here requires no narrative at all to admit.

Either Primiano's arresting officer was or was not aware of the fact that Primiano
was a healthcare worker prior to her arrest.  And Defendants do not assert they do
not know the answer, so they must answer.

<u>Defendants' Response:</u>

- <u>Request 88:</u> Admit that PO Brian P. Destefano was aware, prior to June 5, 2020,
  that healthcare workers were exempt from the Citywide Curfew
    - o <u>Objection:</u> Plaintiffs withdrew Request No. 88.

- <u>Request 89:</u> Admit that PO Brian P. Destefano was not aware, at any time prior to June
  5, 2020, that healthcare workers were exempt from the Citywide Curfew.
    - o <u>Objection:</u> Defendants object to Request No. 89 on the grounds that it is improper
      under Rule 36 and is improper as defendants cannot respond to this request without
      providing a narrative.  Defendants also object as this request seeks an admission to
      facts in dispute or seeks a concession of purported statements taken out of context.
    - o <u>Analysis:</u>  That some "narrative" — or, to use the words in the Rule, "stat[ing] in
      detail why the answering party cannot truthfully admit or deny it" — is required is
      not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:
      the fact here requires no narrative at all to admit.  Similarly, while Defendants say
      this "seeks a concession of purported statements taken out of context," there is no
      statement here (purported or otherwise).  Defendants' response suggests they simply
      copied and pasted a response from a different request without even reading this one.

      Requesting an admission to matters that a party regards as "in dispute" is not
      inherently improper.  While Defendants might have had a proper objection in 1969,
      the 1970 amendments to the Federal Rule plainly and intentionally reject
      Defendants' position:   The Committee notes that previously, "Courts … divided on
      whether an answering party may properly object to request for admission as to
      matters which that party regards as 'in dispute,'" and the 1970 amendments were
      intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As
      the Committee put it:  "The proper response in such cases is an answer. The very

COHEN&GREEN

Page 60 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Defendants' Response:

- Request 90: Admit that PO Brian P. Destefano was not aware, at any time prior to June 5, 2020, that individuals providing medical support or medical services at protests were exempt from the Citywide Curfew.
    - Objection: Defendants object to Request No. 90 on the grounds that it is improper under Rule 36. Defendants also object to this request as is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
    - Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.  Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.



Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Defendants' Response:

    o   <u>Request 91:</u> Admit that PO Brian P. Destefano was aware, prior to June 5, 2020, that individuals providing medical support or medical services at protests were exempt from the Citywide Curfew

    o   <u>Response:</u> Plaintiffs withdrew Request No. 91.

- <u>Request 92:</u> Admit that Jillian Primiano's arresting officer was not aware, at any time prior to June 5, 2020, that healthcare workers were exempt from the Citywide Curfew.

COHEN&GREEN                                                    Page 62 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



o  <u>Objection:</u> Defendants object to Request No. 92 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context

o  <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.  Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



<u>Defendants' Response:</u>

- <u>Request 93:</u> Admit that Jillian Primiano's arresting officer was aware, prior to June 5, 2020, that healthcare workers were exempt from the Citywide Curfew
  - o <u>Response:</u> Plaintiffs withdrew request No. 93

- <u>Request 94:</u> Admit that Jillian Primiano's arresting officer was not aware, at any time prior to June 5, 2020, that individuals providing medical support or medical services at protests were exempt from the Citywide Curfew
  - o <u>Objection:</u> Defendants object to Request No. 94 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
  - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise). Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com



rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 95:</u> Admit that Jillian Primiano's arresting officer was aware, prior to June 5, 2020, that individuals providing medical support or medical services at protests were exempt from the Citywide Curfew.
  - o <u>Response:</u> Plaintiffs withdrew Request No. 95

**Mike Pappas**

- <u>Request 96:</u> Intentionally omitted as Defendants answered or partially answered.
- <u>Request 97:</u> Intentionally omitted as Defendants answered or partially answered.

- <u>Request 98:</u> Intentionally omitted due to a typographical error in Request.

- <u>Request 99:</u> Admit that PO Niazul Haque was not Michael Gregory Pappas's arresting officer
  - o <u>Objection:</u> Defendants object to Request No. 99 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.
  - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 ·  t : (929) 888.9480 ·  f : (929) 888.9457 ·  FemmeLaw.com



Defendants' Response:

- **Request 100:** Intentionally omitted due to a typographical error in Request.

- **Request 101:** Admit that PO Niazul Haque personally observed Michael Gregory Pappas in purported violation of the Citywide Curfew.
  - ○ **Response:** Plaintiffs withdrew Request No. 101

- **Request 102:** Admit that PO Niazul Haque did not personally observe Michael Gregory Pappas in purported violation of the Citywide Curfew
  - ○ **Objection:** Defendants object to Request No. 102 on the grounds that it is improper under Rule 36. Defendants also object to this request as t is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
  - ○ **Analysis:** Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.  Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.  The City must merely ask one of its employees a yes or no question.  That is simple.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit."  *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 103:</u> Admit that Michael Gregory Pappas's arresting officer personally observed Michael Gregory Pappas in purported violation of the Citywide Curfew
  - o <u>Response:</u> Plaintiffs withdrew Request No. 103.

- <u>Request 104:</u> Admit that Michael Gregory Pappas's arresting officer did not personally observe Michael Gregory Pappas in purported violation of the Citywide Curfew.
  - o <u>Objection:</u> Defendants object to Request No. 104 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



described documents. This request is clearly within that scope.  Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.

That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.  The City must merely ask one of its employees a yes or no question.  That is simple.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

COHEN&GREEN

Page 68 of 240



<u>Defendants' Response:</u>

- <u>Request 105:</u> Admit that Michael Gregory Pappas's arresting officer was aware that Ms. Primiano was a healthcare worker prior to her arrest
  - o <u>Response:</u> Plaintiffs withdrew Request No. 105

- <u>Request 106:</u> Admit that PO Niazul Haque was aware, prior to June 5, 2020, that healthcare workers were exempt from the Citywide Curfew
  - o <u>Response:</u> Plaintiffs withdrew Request No. 106

- <u>Request 107:</u> Admit that PO Niazul Haque was not aware, at any time prior to June 5, 2020, that healthcare workers were exempt from the Citywide Curfew.
  - o <u>Objection:</u> Defendants object to Request No. 107 on the grounds that it is improper under Rule 36. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.  Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.  The City must merely ask one of its employees a yes or no question.  That is simple.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were

COHEN&GREEN                                   Page 69 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit."  *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Defendants' Response:

- Request 108: Admit that PO Niazul Haque was not aware, at any time prior to June 5, 2020, that individuals providing medical support or medical services at protests were exempt from the Citywide Curfew
  - Objection: Defendants object to Request No. 108 on the grounds that it is improper under Rule 36. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
  - Analysis: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.  Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.  The City must merely ask one of its employees a yes or no question.  That is simple.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 109:</u> Admit that PO Niazul Haque was aware, prior to June 5, 2020, that individuals providing medical support or medical services at protests were exempt from the Citywide Curfew

COHEN&GREEN

Page 71 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 ·  FemmeLaw.com



- o <u>Response:</u> Plaintiffs withdrew 109

- <u>Request 110:</u> Admit that Michael Gregory Pappas's arresting officer was not aware, at any time prior to June 5, 2020, that healthcare workers were exempt from the Citywide Curfew.
  - o <u>Objection:</u> Defendants object to Request No. 110 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.  Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.  The City must merely ask one of its employees a yes or no question.  That is simple.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the

COHEN&GREEN                                                                 Page 72 of 240

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Defendants' Response:

- Request 111: Admit that Michael Gregory Pappas's arresting officer was aware, prior to June 5, 2020, that healthcare workers were exempt from the Citywide Curfew
  - Response: Plaintiffs withdrew Request No. 111

- Request 112: Admit that Michael Gregory Pappas's arresting officer was not aware, at any time prior to June 5, 2020, that individuals providing medical support or medical services at protests were exempt from the Citywide Curfew
  - Objection: Defendants object to Request No. 112 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
  - Analysis: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.  Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.

COHEN&GREEN

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.  The City must merely ask one of its employees a yes or no question.  That is simple.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Defendants' Response:

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- <u>Request 113:</u> Admit that Michael Gregory Pappas's arresting officer was aware, prior to June 5, 2020, that individuals providing medical support or medical services at protests were exempt from the Citywide Curfew
  - o <u>Objection:</u> Plaintiffs withdrew 113

- <u>Request 114:</u> Admit that, on June 4, 2020, prior to 8:00 p.m., SRG officers formed a line across East 136th Street close to Brook Avenue
  - o <u>Objection:</u> Defendants object to Request No. 114 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u>  Defendants' response here is frivolous in the extreme, and warrants a serious sanction.  For this, and the related requests that follow, it appears the attorney Defendants assigned to handle responding to the RFAs lacks a basic familiarity with the underlying facts of this case — and made no effort whatsoever to become familiar with the facts.  This has been a theme at various meet and confers, where newer attorneys lack familiarity with the basic facts of what happened at Mott Haven.  But that personal lack of familiarity is not an excuse for the City's entire team repeatedly failing to comply with "the most basic of responsibilities of attorneys."  Dkt. No 598.

    First, Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.  And countless hours of video footage show that the fact at issue is true.  Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement (purported or otherwise).  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.  Given how well established this fact is, and its importance to the core of at least five different cases in this litigation, Defendants' response here is deeply troubling — and calls into question whether they have complied with their obligations on any of these Requests for Admission.

    Moreover, even if there were some arguable dispute (there is not), requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party

COHEN&GREEN

Page 75 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit."  *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

The Court should sanction Defendants for their response to this Request.

Defendants' Response:

- Request 115: Admit that, on June 4, 2020, prior to 8:00 p.m. NYPD officers and officials formed a line across East 136th Street between Brook Avenue and Brown Place
  - ○ Objection: Defendants object to Request No. 115 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - ○ Analysis: Defendants' response here is frivolous in the extreme, and warrants a serious sanction.

    First, Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope. And countless hours of video footage show that the fact at issue is true. Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise). Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one. Given how well established this fact is, and its importance to the core of at least five different cases in this litigation, Defendants' response here is deeply troubling — and calls into question whether they have complied with their obligations on any of these Requests for Admission.

Moreover, even if there were some arguable dispute (there is not), requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

The Court should sanction Defendants for their response to this Request.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Defendants' Response:

- Request 116: Admit that, on June 4, 2020, there were persons on 136th Street between the lines of SRG officers and NYPD officers that formed prior to 8:00 p.m
    - Objection: Defendants object to Request No. 116 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - Analysis: Defendants' response here is frivolous in the extreme, and warrants a serious sanction.

        First, Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.  And countless hours of video footage show that the fact at issue is true.  Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one. Given how well established this fact is, and its importance to the core of at least five different cases in this litigation, Defendants' response here is deeply troubling — and calls into question whether they have complied with their obligations on any of these Requests for Admission.

        Moreover, even if there were some arguable dispute (there is not), requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 ·  FemmeLaw.com



costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

The Court should sanction Defendants for their response to this Request.

<u>Defendants' Response:</u>

- <u>Request 117:</u> Admit that the persons on 136th Street between the lines of SRG officers and NYPD officers on June 4, 2020, were not free to leave once the police lines were in place.
  - ○ <u>Objection:</u> Defendants object to Request No. 117 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - ○ <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope. Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise). Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.

    Moreover, even if there were some arguable dispute (there is not), requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).  .

<u>Defendants' Response:</u>

- <u>Request 118:</u> Admit that the LRAD announcement that was played on 136th Street between Brown Place and Brook Avenue at or around 8:00 p.m. on June 4, 2020, did not tell persons there to disperse or leave the area.
  - o <u>Objection:</u> Defendants object to Request No. 118 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  · t : (929) 888.9480  · f : (929) 888.9457 ·  FemmeLaw.com



Moreover, even if there were some arguable dispute (there is not), requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

Defendants' Response:

- Request 119: Admit that the LRAD announcement that was played on 136th Street between Brown Place and Brook Avenue at or around 8:00 p.m. on June 4, 2020, did not say that persons on that street were under arrest or about to be taken into custody, or communicate that information in other words.
    - Objection: Defendants object to Request No. 119 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - Analysis: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the



scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope. Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.

Moreover, even if there were some arguable dispute (there is not), requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

- <u>Request 120:</u> Admit that the LRAD announcement that was played on 136th Street between Brown Place and Brook Avenue at or around 8:00 p.m. on June 4, 2020, did not say or explain what persons there could do to avoid being arrested

COHEN&GREEN

Page 82 of 240

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



- o  <u>Objection:</u> Defendants object to Request No. 120 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
- o  <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.

Moreover, even if there were some arguable dispute (there is not), requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit."  *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- <u>Request 121:</u> Admit that the LRAD announcement that was played on 136th Street between Brown Place and Brook Avenue at or around 8:00 p.m. on June 4, 2020, did not say that it was after 8:00 p.m.
  - o <u>Objection:</u> Defendants object to Request No. 121 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.

    Moreover, even if there were some arguable dispute (there is not), requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

    Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather,

COHEN&GREEN

Page 84 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

- <u>Request 122:</u> Admit that the LRAD announcement that was played on 136th Street between Brown Place and Brook Avenue at or around 8:00 p.m. did not say that it was past the curfew
    - <u>Objection:</u> Defendants object to Request No. 122 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.

        Moreover, even if there were some arguable dispute (there is not), requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

- <u>Request 123:</u> Admit that, on June 4, 2020, OC Spray was sprayed by SRG Sgt. Sindi Sanchez on 136th Street between Brook Avenue and Brown Place
  - <u>Objection:</u> Defendants object to Request No. 123 on the grounds that it is improper under Rule 36. Defendants object to this request as it is improper as defendants cannot respond to this request without providing a narrative
  - <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.  Either SRG Sgt. Sanchez sprayed OC Spray or did not.  The fact is simple.

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.  Either SRG Sgt. Sanchez sprayed OC Spray or did not.  The fact is simple.

<u>Defendants' Response:</u>

- <u>Request 124:</u> Admit that no "Molotov cocktails" were thrown on 136th Street between Brook Avenue and Brown Place on June 4, 2020
  - <u>Objection:</u> Defendants object to Request No. 124 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context

COHEN&GREEN

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



- o  <u>Analysis:</u>  This response is frivolous:  Plaintiffs have spent months upon months attempting to get a single document that shows this happened (as opposed stating "I heard from X, who heard from Y, and other multiple-hearsay).  They have not.  Nor have Defendants been able, when asked, to identify any such documents.  Indeed, the Court itself anticipated this:  Addressing Plaintiffs concerns that they "need Bates ranges for any first-hand or video accounts specifically related to Molotov cocktails — because as far as we can tell, neither exists," the Court said "plaintiffs are free to serve a request for admission that such documents do not exist."  Dkt. No. 577 at 3; 7.  Defendants cannot fail to produce documents, then fail to answer the request for admission.

   As to the objections, that some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.  Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants response suggests they simply copied and pasted a response from a different request without even reading this one.

   Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

COHEN&GREEN

Page 87 of 240

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 125:</u> Admit that no hammers or wrenches were recovered by any NYPD officer from any person on 136th Street between Brook Avenue and Brown Place on June 4, 2020.
  - o <u>Objection:</u> Defendants object to Request No. 125 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
    <u>Analysis:</u>  Plaintiffs have all the property vouchers for that night.  None are for hammers and wrenches.  If Defendants have some good faith basis to believe that nonetheless hammers and wrenches were recovered, they may assert that. Otherwise, they must admit this.

    Thus, no narrative is required.  But even if some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit. Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants response suggests they simply copied and pasted a response from a different request without even reading this one.

    Similarly, while this is not in dispute, requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit."  *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Finally, even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 126:</u> Admit that no firearm or gun was recovered by any NYPD officer from any person on 136th Street between Brook Avenue and Brown Place on June 4, 2020
  - <u>Objection:</u> Defendants object to Request No. 126 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
    <u>Analysis:</u> Plaintiffs have all the property vouchers for that night.  None are for guns. Nor are there any gun arrests.  If Defendants have some good faith basis to believe that nonetheless guns were recovered, they may assert that — though certainly they must explain why they failed to produce documents when asked.  Otherwise, they must admit this.

Thus, no narrative is required.  But even if some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise). Defendants response suggests they simply copied and pasted a response from a different request without even reading this one.

Similarly, while this is not in dispute, requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Finally, even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>


- <u>Request 127:</u> Admit that no gasoline can was recovered by any NYPD officer from any person on 136th Street between Brook Avenue and Brown Place on June 4, 2020
  - o <u>Objection:</u> Defendants object to Request No. 127 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

COHEN&GREEN

Page 90 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context

<u>Analysis:</u> Plaintiffs have all the property vouchers for that night.  None are for a gasoline can.  If Defendants have some good faith basis to believe that nonetheless a gasoline can was recovered, they may assert that — though certainly they must explain why they failed to produce documents when asked.  Otherwise, they must admit this.

Thus, no narrative is required.  But even if some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.  Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.

Similarly, while this is not in dispute, requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Finally, even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Defendants' Response:

- Request 128: Admit that no incendiary device was recovered by any NYPD officer from any person on 136th Street between Brook Avenue and Brown Place on June 4, 2020
  - Objection: Defendants object to Request No. 128 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
    Analysis: Plaintiffs have all the property vouchers for that night.  None are for an incendiary device.  If Defendants have some good faith basis to believe that nonetheless an incendiary device was recovered, they may assert that — though certainly they must explain why they failed to produce documents when asked. Otherwise, they must admit this.

    Thus, no narrative is required.  But even if some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit. Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants response suggests they simply copied and pasted a response from a different request without even reading this one.

    Similarly, while this is not in dispute, requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Finally, even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 129:</u> Admit that no person on 136th Street between Brook Avenue and Brown Place on June 4, 2020, attempted to throw a wheelbarrow onto NYPD officers.
  - <u>Objection:</u> Defendants object to Request No. 129 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
  - <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.  Either this happened or it did not. And presumably, the fact that no one threw a wheelbarrow onto NYPD officers requires little explanation:  virtually every single day passes without someone throwing a wheelbarrow onto NYPD officers.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on

COHEN&GREEN

Page 93 of 240

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Finally, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants response suggests they simply copied and pasted a response from a different request without even reading this one.  But even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 130:</u> Admit that no NYPD officer found or saw loose cinderblocks or loose bricks in the area of the Hub in the Bronx at any time on June 4, 2020
  - <u>Objection:</u> Defendants object to Request No. 130 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
  - <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:

COHEN&GREEN

Page 94 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



the fact here requires no narrative at all to admit.  Either members of the NYPD found or saw those items around the Hub, or they did not.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Finally, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants response suggests they simply copied and pasted a response from a different request without even reading this one.  But even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Defendants' Response:

- Request 131: Admit that no NYPD officer found or saw loose cinderblocks or loose bricks in the area of 136th Street and Brook Avenue on June 4, 2020

COHEN&GREEN



- o  <u>Objection:</u> Defendants object to Request No. 131 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
- o  <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.  Either members of the NYPD found or saw those items around 136th and Brook, or they did not.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

    Finally, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants response suggests they simply copied and pasted a response from a different request without even reading this one.  But even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Defendants' Response:

- Request 132: Admit that no person participating in the Mott Haven Protest caused any property damage during that protest
    o Objection: Defendants object to Request No. 132 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
    o Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Either someone participating in the protest caused damage or they did not. And Defendants do not assert they have been unable to figure out the answer with a reasonable investigation, so they must answer.

      Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

COHEN&GREEN

Page 97 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Finally, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise). Defendants response suggests they simply copied and pasted a response from a different request without even reading this one. But even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 133:</u> Admit that no person participating in the Mott Haven Protest caused any injury to any other person before 8:00 p.m.
  - o <u>Objection:</u> Defendants object to Request No. 133 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Either someone participating in the protest caused injury to another person or they did not. And Defendants do not assert they have been unable to figure out the answer with a reasonable investigation, so they must answer.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence

COHEN&GREEN

Page 98 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Finally, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise). Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one. But even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 134:</u> Admit that, on June 4, 2020, during the Mott Haven Protest, no amplified sound device was used by the NYPD to make any announcement to the protestors before an LRAD announcement was played at or after 8:00 p.m. in the vicinity of East 136th Street between Brook Avenue and Brown Place.
    - o <u>Objection:</u> Defendants object to Request No. 134 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants further object as no citation or context for this request was provided.
    - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

COHEN&GREEN                                    Page 99 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  · t : (929) 888.9480  · f : (929) 888.9457 ·  FemmeLaw.com



Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement. Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

Nothing in this request is vague, and Defendants do not explain how it is. "In the vicinity of East 136th Street between Brook Avenue and Brown Place" might be vague as applied to some location several blocks away, but this Request is obviously referring to the kettle formed around protesters at Mott Haven — on East 136th between Brook and Brown. Defendants' pretense that they do not understand is frivolous.

Finally, there is no requirement in the Rules to provide a citation. Rather, Rule 36 — and the Court's Order — required that Defendants make a "reasonable inquiry." Fed. R. Civ. P. 36(a)(4); *see also*, Dkt. No. 598 ("the requests are extraordinarily detailed and will require significant investigation by the City"). Instead, it appears the City has conducted no investigation at all. So, given that the City appears to be

COHEN&GREEN

Page 100 of 240

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



confirming it has not conducted an investigation, this fact should be deemed admitted.

Defendants' Response:

- Request 135: Admit that, on June 4, 2020, during the Mott Haven protest, NYPD officers permitted the protesters to march from The Hub to Brook Avenue on East 136th Street.
  - Objection: Defendants object to Request No. 135 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
  - Analysis: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Finally, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise). Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one. But even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>


- <u>Request 136:</u> Admit that the following officials met together on June 4, 2020 to plan the response to the Mott Haven Protest: Kenneth Lehr, Terence Monahan, Harry Wedin, John D'Adamo, Edward Delatorre, and Raymond Spinella
  - o <u>Objection:</u> Defendants object to Request No. 136 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context. Defendants further object as no citation or context for this request was provided.
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence

COHEN&GREEN                                                    Page 102 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

While Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise). Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one. But even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't). This is a simple Request: either a meeting took place or it did not. No explanation or context of any kind is required.

Finally, there is no requirement in the Rules to provide a citation. Rather, Rule 36 — and the Court's Order — required that Defendants make a "reasonable inquiry." Fed. R. Civ. P. 36(a)(4); *see also*, Dkt. No. 598 ("the requests are extraordinarily detailed and will require significant investigation by the City"). Instead, it appears the City has conducted no investigation at all: these are top brass at the NYPD, and their calendars will show whether they attended a meeting or not. And given the significance of the Mott Haven protest, it is beyond belief that at least one of the officials named does not have a specific memory. The problem is that the Law Department appears unwilling to ask its clients a single question. So this fact should be deemed admitted.

<u>Defendants' Response:</u>

- <u>Request 137:</u> Admit that the following officials met together on June 4, 2020 to plan the response to the Mott Haven Protest: Kenneth Lehr, Robert Gallitelli, Gerard Dowling, James McGeown, David Miller, Joseph Taylor, and Julio Delgado

COHEN&GREEN                                                                 Page 103 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- o **Objection:** Defendants object to Request No. 137 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context. Defendants further object as no citation or context for this request was provided.
- o **Analysis:** Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

While Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise). Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one. But even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't). This is a simple Request: either a meeting took place or it did not. No explanation or context of any kind is required.

COHEN&GREEN

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Finally, there is no requirement in the Rules to provide a citation.  Rather, Rule 36 —
and the Court's Order — required that Defendants make a "reasonable inquiry."
Fed. R. Civ. P. 36(a)(4); *see also*, Dkt. No. 598 ("the requests are extraordinarily
detailed and will require significant investigation by the City").  Instead, it appears
the City has conducted no investigation at all:  these are top brass at the NYPD, and
their calendars will show whether they attended a meeting or not.  And given the
significance of the Mott Haven protest, it is beyond belief that at least one of the
officials named does not have a specific memory.  The problem is that the Law
Department appears unwilling to ask its clients a single question.  So this fact should
be deemed admitted.

<u>Defendants' Response:</u>


- <u>Request 138:</u> Admit that the following officials met on June 4, 2020 to plan the response to
  the Mott Haven Protest: Kenneth Lehr, Terence Monahan, Hany Wedin, John D'Adamo,
  Gerard Dowling, Raymond Spinella, David Miller, Robert Gallitelli, Isaac Soberal, Edward
  Delatorre (Chief of Transit), Kenneth Rice (Legal), Bobby Rice, and John Parker
    - o <u>Objection:</u> Defendants object to Request No. 138 on the grounds that it is an
      improper use of Rule 36 and seeks an admission to facts in dispute or seeks a
      concession of purported statements taken out of context. Defendants further object
      as no citation or context for this request was provided.
    - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an
      undisputed fact is in any way improper. Rule 36 applies to any matters within the
      scope of 26(b)(1) relating to (among others) facts and the genuineness of any
      described documents. This request is clearly within that scope.

      Requesting an admission to matters that a party regards as "in dispute" is not
      inherently improper.  While Defendants might have had a proper objection in 1969,
      the 1970 amendments to the Federal Rule plainly and intentionally reject
      Defendants' position:  The Committee notes that previously, "Courts … divided on
      whether an answering party may properly object to request for admission as to
      matters which that party regards as 'in dispute,'" and the 1970 amendments were
      intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As
      the Committee put it:  "The proper response in such cases is an answer. The very
      purpose of the request is to ascertain whether the answering party is prepared to
      admit or regards the matter as presenting a genuine issue for trial. In his answer, the
      party may deny, or he may give his reason for inability to admit or deny the existence

COHEN&GREEN                                                                Page 105 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

While Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise). Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one. But even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't). This is a simple Request: either a meeting took place or it did not. No explanation or context of any kind is required.

Finally, there is no requirement in the Rules to provide a citation. Rather, Rule 36 — and the Court's Order — required that Defendants make a "reasonable inquiry." Fed. R. Civ. P. 36(a)(4); *see also*, Dkt. No. 598 ("the requests are extraordinarily detailed and will require significant investigation by the City"). Instead, it appears the City has conducted no investigation at all: these are top brass at the NYPD, and their calendars will show whether they attended a meeting or not. And given the significance of the Mott Haven protest, it is beyond belief that at least one of the officials named does not have a specific memory. The problem is that the Law Department appears unwilling to ask its clients a single question. So this fact should be deemed admitted.

<u>Defendants' Response:</u>

- <u>Request 139:</u> Admit that more than 500 NYPD officers were deployed to the Mott Haven Protest on June 4, 2020

COHEN&GREEN

Page 106 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- o  <u>Objection:</u> Defendants object to Request No. 139 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
- o  <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit."  *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Finally, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.  But even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).  Rather, this just asks Defendants to admit something obvious from countless hours of videos:  hundreds of NYPD officers were involved in the policing action at Mott Haven.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



<u>Defendants' Response:</u>

- <u>Request 140:</u> Admit that, on June 4, 2020, Theresa Doherty was employed with the Mayor's Community Affairs Unit ("CAU") and was present at the Mott Haven Protest
    - o <u>Objection:</u> Defendants object to Request No. 140 on the grounds that it is compound and vague in that it fails to specify type of employment, time and manner of "present," as such after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request
    - o <u>Analysis</u>:  Nothing in this request is vague, and Defendants do not explain how it is.

      Defendants assert they have some unspecified issue determining an answer to this question.  That fails to comply with the Rules.  If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear:  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only if* the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4) (emphasis added).

      It is beyond belief that the City cannot figure out whether Doherty — one of its employees — was at the Mott Haven protest, particularly because, as described below, she literally sent an email saying she was there.  Defendants' response here is sanctionably similar to the improper "model for an appellate advocate" discussed in *Gonzalez-Servin v. Ford Motor Co.*, 662 F.3d 931, 934 (7th Cir. 2011).

<u>Defendants' Response:</u>

- **Request 141**: Admit that Theresa Doherty sent an email at approximately 7:57 p.m. on June 4, 2020, that read, "Held up at 136 and Brook." (See DEF-E_45453).
    - o <u>Objection:</u> Defendants object to Request No. 141 on the grounds that it is in actuality an improper contention interrogatory and is also compound. Notwithstanding, defendants admit that the document bearing Bates stamp No.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



DEF-E_45453 appears to be an email sent from Theresa Doherty at approximately 7:57 p.m. on June 4, 2020 and states, in part, "Held up at 136 and Brook."

- o  <u>Analysis:</u>  Because Defendants have not explained why they are unable to confirm whether a City employee – Doherty — in fact sent the email at issue, and do not describe any efforts to investigate (reasonable or otherwise), the balance of this Request should be deemed admitted.

<u>Defendants' Response:</u>

- **<u>Request 142:</u>** Admit that the email sent by Theresa Doherty at approximately 7:57 p.m. on June 4, 2020, that read, "Held up at 136 and Brook," was sent to New York City employees America Canas, Dustin Ridener, Pinchas Ringel, Jennifer Paez, Natalie Grybauskas, Jeffrey Dupee, Harold Miller, Tahirah Moore, and Andrew Kunkesa. (See DEF-E_45453).
  - o  <u>Objection:</u> Defendants object to Request No. 142 on the ground that it is in actuality an improper contention interrogatory and is also compound. Notwithstanding, defendants admit that the document bearing Bates stamp No. DEF-E_45453 appears to be an email sent from Theresa Doherty to America Canas, Dustin Ridener, Pinchas Ringel, Jennifer Paez, Natalie Grybauskas, Jeffrey Dupee, Harold Miller, Tahirah Moore, and Andrew Kunkes at approximately 7:57 p.m.  on June 4, 2020 and states, in part, "Held up at 136 and Brook."
  - o  <u>Analysis:</u> Because Defendants have not explained why they are unable to confirm whether City employees were recipients of the email at issue, and do not describe any efforts to investigate (reasonable or otherwise), the balance of this Request should be deemed admitted.

<u>Defendants' Response:</u>

- **<u>Request 143</u>**: Admit that Theresa Doherty sent an email at approximately 8:03 p.m. on June 4, 2020, that read, "We are trapped at this intersection. Closing in both directions no exit. Being penned in." (See DEF-E_42737).
  - o  <u>Objection:</u> Defendants object to Request No. 143 on the ground that it is in actuality an improper contention interrogatory and is also compound. Notwithstanding, defendants admit that the document bearing Bates stamp No. DEF-E_42737 appears to be an email sent by Theresa Doherty at approximately 8:03 p.m. on June 4, 2020 and states, in part, "We are trapped at this intersection. Closing in both directions no exit. Being penned in."

COHEN&GREEN                                                     Page 109 of 240

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



- o <u>Analysis:</u> Because Defendants have not explained why they are unable to confirm whether a City employee – Doherty — in fact sent the email at issue, and do not describe any efforts to investigate (reasonable or otherwise), the balance of this Request should be deemed admitted.

- **Request 144:** Admit that the email sent by Theresa Doherty at approximately 8:03 p.m. on June 4, 2020, that read, "We are trapped at this intersection. Closing in both directions no exit. Being penned in," was sent to, among others. New York City employees America Canas, Dustin Ridener, Pinchas Ringel, Jennifer Paez, Natalie Grybauskas, Jeffrey Dupee, Harold Miller, Tahirah Moore, and Andrew Kunkesa. (See DEF-E_42737).
  - o <u>Objection:</u> Defendants object to Request No. 144 on the ground that it is in actuality an improper contention interrogatory and is also compound. Notwithstanding, defendants admit that the document bearing Bates stamp No. DEF-E_42737 appears to be an email sent by Theresa Doherty to recipients including America Canas, Dustin Ridener, Pinchas Ringel, Jennifer Paez, Natalie Grybauskas, Jeffrey Dupee, Harold Miller, Tahirah Moore, and Andrew Kunkes at approximately 8:03 p.m. on June 4, 2020 and states, in part, "We are trapped at this intersection.  Closing in both directions no exit. Being penned in."
  - o <u>Analysis:</u> Because Defendants have not explained why they are unable to confirm whether City employees were recipients of the email at issue, and do not describe any efforts to investigate (reasonable or otherwise), the balance of this Request should be deemed admitted.

<u>Defendants' Response:</u>

- <u>Request 145:</u> Admit that, on June 4, 2020, Surey Miranda was employed by the Office of the Mayor and was present at the Mott Haven Protest
  - o <u>Objection:</u> Defendants object to Request No. 145 on the grounds that it is compound and vague in that it fails to specify type of employment, time and manner of "present," and so after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request
  - o <u>Analysis:</u> Nothing in this request is vague, and Defendants do not explain how it is.

    Defendants assert they have some unspecified issue determining an answer to this question.  That fails to comply with the Rules.  If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear:  "The answering party

COHEN&GREEN                                                    Page 110 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



may assert lack of knowledge or information as a reason for failing to admit or deny
**only if** the party states that it has made reasonable inquiry and that the information it
knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R.
Civ. P. 36(a)(4) (emphasis added).

It is beyond belief that the City cannot figure out whether Doherty — one of its
employees — was at the Mott Haven protest, particularly because, as described
below, she literally sent an email saying she was there. Defendants' response here is
sanctionably similar to the improper "model for an appellate advocate" discussed in
*Gonzalez-Servin v. Ford Motor Co.*, 662 F.3d 931, 934 (7th Cir. 2011).

<u>Defendants' Response:</u>

- **<u>Request 146:</u>** Admit that Surey Miranda sent an email at approximately 8:02 p.m. on June 4,
  2020, that read, "Surrounded on both sides on 136th and intersection of Brook Ave. Police
  playing recording on curfew. Now Pd breaking group." (See DEF-E_45457).
  - <u>Response:</u> Defendants object to Request No. 146 on the ground that it is in actuality
    an improper contention interrogatory and is also compound. Notwithstanding,
    defendants admit that the document bearing Bates stamp No. DEF-E_45457 appears
    to be an email sent by Surey Miranda at approximately 8:02 p.m. on June 4, 2020 and
    states, among other things, "Surrounded on both sides on 136th and intersection of
    Brook Ave. Police playing recording on curfew. Now Pd breaking group."
  - <u>Analysis:</u> Because Defendants have not explained why they are unable to confirm
    whether a City employee – Miranda — in fact sent the email at issue, and do not
    describe any efforts to investigate (reasonable or otherwise), the balance of this
    Request should be deemed admitted.

<u>Defendants' Response:</u>

- **<u>Request 147:</u>** Admit that the email sent by Surey Miranda at approximately 8:02 p.m. on June
  4, 2020, that read, "Surrounded on both sides on 136th and intersection of Brook Ave. Police
  playing recording on curfew. Now Pd breaking group," was sent to, among others, New York
  City employees America Canas, Dustin Ridener, Pinchas Ringel, Jennifer Paez, Natalie
  Grybauskas, Jeffrey Dupee, Harold Miller, Tahirah Moore, and Andrew Kunkesa. (See
  DEFE_45457).



- o  <u>Response:</u> Defendants object to Request No. 147 on the ground that it is in actuality an improper contention interrogatory and is also compound. Notwithstanding, defendants admit that the document bearing Bates stamp No. DEF-E_45457 appears to be an email sent by Surey Miranda at approximately 8:02 p.m. on June 4, 2020, stating among other things Surrounded on both sides on 136th and intersection of Brook Ave. Police playing recording on curfew. Now Pd breaking group," and sent to the above-referenced recipients
- o  <u>Analysis:</u> Because Defendants have not explained why they are unable to confirm whether City employees were recipients of the email at issue, and do not describe any efforts to investigate (reasonable or otherwise), the balance of this Request should be deemed admitted.

<u>Defendants' Response:</u>

- •  **<u>Request 148</u>:** Admit that, on June 4, 2020, Marco Carrion was employed as the Commissioner of the Mayor's Community Affairs Unit and was present at the Mott Haven Protest
  - o  <u>Objection:</u> Defendants object to Request No. 148 on the grounds that it is compound and vague in that it fails to specify type of employment, time and manner of "present," and so after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request. Notwithstanding, Defendants admit Marco Carrion held the office of the Commissioner of the Mayor's Community Affairs Unit
  - o  <u>Analysis:</u> Nothing in this request is vague, and Defendants do not explain how it is.

  Defendants assert they have some unspecified issue determining an answer to this question.  That fails to comply with the Rules.  If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear:  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny ***only if*** the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4) (emphasis added).

  It is beyond belief that the City cannot figure out whether Carrion — one of its employees — was at the Mott Haven protest.  Defendants do not describe their supposed reasonable inquiry — presumably because they conducted none:  the only inquiry necessary to confirm or deny this Request would be calling Carrion.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Defendants' Response:

- **Request 149:** Admit that NYPD Detective Barrett reported that the Mott Haven protest was "orderly" as of 7:44 p.m., which was relayed through "indecc notify." (See DEF_E_PD_29184).
    - o    Response: Defendants object to Request No. 149 on the ground that it is in actuality an improper contention interrogatory and is also compound. Notwithstanding, defendants admit that the document bearing Bates stamp No. DEF_E_PD_29184 appears to be a message from "idecc notify" sent at approximately 7:44 p.m. on June 4, 2020 and states, in part, "Det. Barrett reports approximately 400 orderly protesters at 141st Street & Willis Avenue, BX, NY
    - o    Analysis: Because Defendants have not explained why they are unable to confirm whether a City and NYPD employee – Barrett — in fact sent the "indecc notify" at issue, and do not describe any efforts to investigate (reasonable or otherwise), the balance of this Request should be deemed admitted.

Defendants' Response:

**Cameron Yates**

- Request 150: Admit that no New York City employee depicted in videos previously provided as Yates 144, 145 and 514 was wearing an activated body worn camera- ie, a camera that was recording- during the events depicted on Yates 144, 145 and 514
    - o    Objection: Defendants object to Request No. 150 on the ground that it is in actuality an improper contention interrogatory and is also compound. Defendants also object to this request as it improperly seeks discovery on a matter that has settled. Defendants additionally object on the grounds that this request is harassing.
    - o    Analysis: Given that Defendants have generally answered requests where they make the strange assertion that the requests to admit are "in actuality an improper contention interrogatory," Plaintiffs assume Defendants are not refusing to answer on this basis.

      "Compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true,

COHEN&GREEN                                                                                   Page 113 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be admitted by default.

Defendants' "settled" objection is bad faith.  As Rule 36 states, an "admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding."  Fed. R. Civ. P. 36(b).  These cases concern systemic practices throughout the summer of 2020 and beyond.  What the NYPD did to **any** protester is obviously within the scope of Rule 26.  Defendants' seeming suggestion otherwise is frivolous and sanctionable.

In asserting that this request is harassing, Defendants are violating yet another Court order.  *See* Dkt. No. 347 ("the City's letter improperly accuses plaintiffs' counsel of acting unprofessionally (e.g., by asserting that this discovery dispute was raised solely for purposes of 'harassment') without providing any basis for the accusation. Such accusations shall not be repeated in the future.").  Given that, and the fact that Defendants once again do so "without providing any basis for the accusation," Plaintiffs see no further need to respond to the harassment objection.

In light of Defendants' violation of the Court's Orders, however, the Court should deem this Request admitted.

Defendants' Response:


- Request 151: Admit that Sergeant William Mansour was named as a defendant in a civil case filed in the United States District Court, Eastern District of New York, Docket # 14-CV-2788
  - Objection: Defendants object to Request No. 151 on the ground that it is in actuality an improper contention interrogatory and is also compound. Defendants also object to this request as it improperly seeks discovery on a matter that has settled. Defendants additionally object on the grounds that this request is harassing.
  - Analysis: Given that Defendants have generally answered requests where they make the strange assertion that the requests to admit are "in actuality an improper contention interrogatory," Plaintiffs assume Defendants are not refusing to answer on this basis.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



"Compound" is not a proper objection to a Request for Admission. As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it. Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Thus, because Defendants failed to follow the rule, this request should be admitted by default.

Defendants' "settled" objection is bad faith. As Rule 36 states, an "admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b). These cases concern systemic practices throughout the summer of 2020 and beyond. What the NYPD did to **any** protester is obviously within the scope of Rule 26. Defendants' seeming suggestion otherwise is frivolous and sanctionable.

Finally, in asserting that this request is harassing, Defendants are violating yet another Court order. *See* Dkt. No. 347 ("the City's letter improperly accuses plaintiffs' counsel of acting unprofessionally (e.g., by asserting that this discovery dispute was raised solely for purposes of 'harassment') without providing any basis for the accusation. Such accusations shall not be repeated in the future."). Given that, and the fact that Defendants once again do so "without providing any basis for the accusation," Plaintiffs see no further need to respond to the harassment objection.

Defendants' Response:

- **Request 152**: Admit that Ashley Painson was a Plaintiff in a case against Sergeant William Mansour in a civil case filed in the United States District Court, Eastern District of New York, Docket # 14-CV-2788
  - Response: Defendants object to Request No. 152 on the ground that it is in actuality an improper contention interrogatory and is also compound. Defendants object to this request as improperly seeks discovery on a matter that has settled. Notwithstanding, defendants admit that Ashley Painson was named as a Plaintiff the case with the above-referenced docket number. Defendants additionally object on the grounds that this request is harassing.
  - Analysis: Given that Defendants have generally answered requests where they make the strange assertion that the requests to admit are "in actuality an improper contention interrogatory," Plaintiffs assume Defendants are not refusing to answer on this basis.

COHEN&GREEN

Page 115 of 240

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



"Compound" is not a proper objection to a Request for Admission. As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it. Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Thus, because Defendants failed to follow the rule, this request should be admitted by default.

Defendants' "settled" objection is bad faith. As Rule 36 states, an "admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b). These cases concern systemic practices throughout the summer of 2020 and beyond. What the NYPD did to **any** protester is obviously within the scope of Rule 26. Defendants' seeming suggestion otherwise is frivolous and sanctionable.

Finally, in asserting that this request is harassing, Defendants are violating yet another Court order. *See* Dkt. No. 347 ("the City's letter improperly accuses plaintiffs' counsel of acting unprofessionally (e.g., by asserting that this discovery dispute was raised solely for purposes of 'harassment') without providing any basis for the accusation. Such accusations shall not be repeated in the future."). Given that, and the fact that Defendants once again do so "without providing any basis for the accusation," Plaintiffs see no further need to respond to the harassment objection.

Defendants' Response:

- **Request 153:** Admit that Ashley Painson alleged in a civil case filed in the United States District Court, Eastern District of New York, Docket # 14-CV-2788, that police officers "forcibly grabbed Painson, pulled her arms behind her back, twisting and jerking up her arms at the same time" and that "[b]ecause of the excessive force and pressure exerted against Painson by defendant officers, Painson was caused to sustain multiple fractures on her left arm.
    o Defendants object to Request No. 153 on the ground that it is in actuality an improper contention interrogatory and is also compound and harassing. Defendants object to this request as it improperly seeks discovery on a matter that has settled. Notwithstanding, defendants deny.

COHEN&GREEN

Page 116 of 240

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



o  <u>Analysis:</u> **Although we do not challenge such partial admissions in our motion, we retained this request in the supplement to discuss why the Defendants denied this request.**

Defendants' denial is downright bizarre — and calls into question whether Defendants conducted any inquiry at all into any of these Requests.  From the applicable Complaint (*Painson v. City of New York,* 14-cv-027888 (ENV)(CLP), Dkt. No. 38:

> ¶ 20:  "Defendants Ortiz, Gaudin, Mansour, Chance, Myrthil, Delaney, Moore, Tennant, Zhang and Jane Doe #1-8 are collectively referred to herein as 'defendant officers'"
> ¶ 40:  Defendant officers forcibly grabbed Painson, pulled her arms behind her back, twisting and jerking up her arms at the same time.
> ¶ 41:  Because of the excessive force and pressure exerted upon Painson by defendant officers, Painson was caused to sustain multiple serious bodily injuries including, but not limited to, a fracture on her left arm, ligament tear(s) and injuries on her wrist, back, head and shoulders

<u>Defendants' Response:</u>

- <u>Request 154:</u> Admit that during a deposition, Ashley Painson stated that William Mansour was the officer who forcibly grabbed Painson, pulled her arms behind her back, twisting and jerking up her arms at the same time" and that "[b]ecause of the excessive force and pressure exerted against Painson by defendant officers, Painson was caused to sustain multiple fractures on her left arm."
  - o  <u>Objection:</u> Defendants object to Request No. 154 on the ground that it is in actuality an improper contention interrogatory and is also compound. Defendants also object to this request as it improperly seeks discovery on a matter that has settled. Defendants additionally object on the grounds that this request is harassing.
  - o  <u>Analysis:</u> Given that Defendants have generally answered requests where they make the strange assertion that the requests to admit are "in actuality an improper contention interrogatory," Plaintiffs assume Defendants are not refusing to answer on this basis.

    "Compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer ***must*** specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P.

COHEN&GREEN                                                                                        Page 117 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be admitted by default.

Defendants' "settled" objection is bad faith.  As Rule 36 states, an "admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding."  Fed. R. Civ. P. 36(b).  These cases concern systemic practices throughout the summer of 2020 and beyond.  What the NYPD did to **any** protester is obviously within the scope of Rule 26.  Defendants' seeming suggestion otherwise is frivolous and sanctionable.

Finally, in asserting that this request is harassing, Defendants are violating yet another Court order.  *See* Dkt. No. 347 ("the City's letter improperly accuses plaintiffs' counsel of acting unprofessionally (e.g., by asserting that this discovery dispute was raised solely for purposes of 'harassment') without providing any basis for the accusation. Such accusations shall not be repeated in the future.").  Given that, and the fact that Defendants once again do so "without providing any basis for the accusation," Plaintiffs see no further need to respond to the harassment objection.

<u>Defendants' Response:</u>


- <u>Request 155:</u> Admit that the City of New York paid Ashley Painson $175, 000.00 in settlement of her claims in a civil case filed in the United States District Court, Eastern District of New York, Docket # 14-CV-2788
    - o <u>Objection:</u> Defendants object to Request No. 155 on the ground that it is in actuality an improper contention interrogatory and is also compound. Defendants also object to this request as it improperly seeks discovery on a matter that has settled. Defendants additionally object on the grounds that this request is harassing.
    - o <u>Analysis:</u> Given that Defendants have generally answered requests where they make the strange assertion that the requests to admit are "in actuality an improper contention interrogatory," Plaintiffs assume Defendants are not refusing to answer on this basis.

        "Compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P.

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be admitted by default.

Defendants' "settled" objection is bad faith.  As Rule 36 states, an "admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding."  Fed. R. Civ. P. 36(b).  These cases concern systemic practices throughout the summer of 2020 and beyond.  What the NYPD did to **any** protester is obviously within the scope of Rule 26.  Defendants' seeming suggestion otherwise is frivolous and sanctionable.

In asserting that this request is harassing, Defendants are violating yet another Court order.  *See* Dkt. No. 347 ("the City's letter improperly accuses plaintiffs' counsel of acting unprofessionally (e.g., by asserting that this discovery dispute was raised solely for purposes of 'harassment') without providing any basis for the accusation. Such accusations shall not be repeated in the future.").  Given that, and the fact that Defendants once again do so "without providing any basis for the accusation," Plaintiffs see no further need to respond to the harassment objection.

Finally, all of this is silly:  it FOILable whether or not the City paid the sum stated.  And there is no question the case settled.  The question is whether, if they want to use this as an example of officers failing upwards, Plaintiffs must call witnesses to authenticate the number.

Defendants' Response:


- Request 156: Admit that during the events described in a civil case filed in the United States District Court, Eastern District of New York, Docket # 14-CV-2788, Sergeant William Mansour was a Police Officer who had been on the force for less than a year
    - Objection: Defendants object to Request No. 156 on the ground that it is in actuality an improper contention interrogatory and is also compound. Defendants also object to this request as it improperly seeks discovery on a matter that has settled. Defendants additionally object on the grounds that this request is harassing.
    - Analysis: Given that Defendants have generally answered requests where they make the strange assertion that the requests to admit are "in actuality an improper contention interrogatory," Plaintiffs assume Defendants are not refusing to answer on this basis.

COHEN&GREEN

Page 119 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



"Compound" is not a proper objection to a Request for Admission. As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it. Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Thus, because Defendants failed to follow the rule, this request should be admitted by default.

Defendants' "settled" objection is bad faith. As Rule 36 states, an "admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b). These cases concern systemic practices throughout the summer of 2020 and beyond. What the NYPD did to **any** protester is obviously within the scope of Rule 26. Defendants' seeming suggestion otherwise is frivolous and sanctionable.

In asserting that this request is harassing, Defendants are violating yet another Court order. *See* Dkt. No. 347 ("the City's letter improperly accuses plaintiffs' counsel of acting unprofessionally (e.g., by asserting that this discovery dispute was raised solely for purposes of 'harassment') without providing any basis for the accusation. Such accusations shall not be repeated in the future."). Given that, and the fact that Defendants once again do so "without providing any basis for the accusation," Plaintiffs see no further need to respond to the harassment objection.

Finally, admitting or denying this request involves answering an objective, simple question: how long was a particular officer on the force? Plaintiffs have offered the correct number. Defendants can admit it.

<u>Defendants' Response:</u>

- <u>Request 157:</u> Admit that other than investigation conducted by the New York City Corporation Counsel in its defense of a civil case filed in the United States District Court, Eastern District of New York, Docket # 14-CV-2788, no investigation was conducted by the City of New York or any of its agencies into the actions of Sergeant William Mansour in the underlying matter
  - o <u>Objection:</u> Defendants object to Request No. 156 on the ground that it is in actuality an improper contention interrogatory and is also compound. Defendants also object to this request as it improperly seeks discovery on a matter that has settled. Defendants additionally object on the grounds that this request is harassing.

COHEN&GREEN

Page 120 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- o Analysis: Given that Defendants have generally answered requests where they make the strange assertion that the requests to admit are "in actuality an improper contention interrogatory," Plaintiffs assume Defendants are not refusing to answer on this basis.

  "Compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be admitted by default.

  Defendants' "settled" objection is bad faith.  As Rule 36 states, an "admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding."  Fed. R. Civ. P. 36(b).  These cases concern systemic practices throughout the summer of 2020 and beyond.  What the NYPD did to **any** protester is obviously within the scope of Rule 26.  Defendants' seeming suggestion otherwise is frivolous and sanctionable.

  In asserting that this request is harassing, Defendants are violating yet another Court order.  *See* Dkt. No. 347 ("the City's letter improperly accuses plaintiffs' counsel of acting unprofessionally (e.g., by asserting that this discovery dispute was raised solely for purposes of 'harassment') without providing any basis for the accusation. Such accusations shall not be repeated in the future.").  Given that, and the fact that Defendants once again do so "without providing any basis for the accusation," Plaintiffs see no further need to respond to the harassment objection.

  The Court should deem this admitted, given the above.

  Defendants' Response:


- Request 158: Admit that neither the City of New York nor any of its agencies initiated any training, retraining, or discipline of Sergeant William Mansour as a result of any of the events at issue in a civil case filed in the United States District Court, Eastern District of New York, Docket # 14-CV-2788
  - o Objection: Defendants object to Request No. 154 on the ground that it is in actuality an improper contention interrogatory and is also compound. Defendants also object

COHEN&GREEN                                                     Page 121 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



to this request as it improperly seeks discovery on a matter that has settled. Defendants additionally object on the grounds that this request is harassing.

o   Analysis: Given that Defendants have generally answered requests where they make the strange assertion that the requests to admit are "in actuality an improper contention interrogatory," Plaintiffs assume Defendants are not refusing to answer on this basis.

"Compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be admitted by default.

Defendants' "settled" objection is bad faith.  As Rule 36 states, an "admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding."  Fed. R. Civ. P. 36(b).  These cases concern systemic practices throughout the summer of 2020 and beyond.  What the NYPD did to **any** protester is obviously within the scope of Rule 26.  Defendants' seeming suggestion otherwise is frivolous and sanctionable.

In asserting that this request is harassing, Defendants are violating yet another Court order.  *See* Dkt. No. 347 ("the City's letter improperly accuses plaintiffs' counsel of acting unprofessionally (e.g., by asserting that this discovery dispute was raised solely for purposes of 'harassment') without providing any basis for the accusation.  Such accusations shall not be repeated in the future.").  Given that, and the fact that Defendants once again do so "without providing any basis for the accusation," Plaintiffs see no further need to respond to the harassment objection.

The Court should deem this admitted, given the above.

Defendants' Response:

**PAYNE PLAINTIFFS**
**James Lauren (formally known as Jaime Fried)**

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- Request 159: Admit that the document produced by Defendant under Bates stamp
  DEF_000096532-33 is a true and accurate copy of a C-Summons issued by the NYPD on
  June 4, 2020, to James Lauren
    - Objection: Defendants object to Request No. 159 on the grounds that it appears to
      have misidentified the Bates number of the document, and after a reasonable inquiry
      the information defendants know or can readily obtain is insufficient for defendants
      to admit or deny this request.  Defendants object to this request on the grounds that
      "issued" is vague and ambiguous and the phraseology is improper
    - Analysis: The Bates Stamp is not incorrect:



**NEW YORK CITY POLICE DEPARTMENT**
Worksheet : C-Summons
Status : Approved
Report # : 4450088472
Incident Date : 06/04/2020 20:00 Thursday

| SUMMONS NO. | | | |
|---|---|---|---|
| Summons No.: 4450088472 | | | |

| DEFENDANT INFO. | | | |
|---|---|---|---|
| Type: Civilian | | | |
| Name: Jaime L Fried | | | |

[…]

| VIOLATION | | |
|---|---|---|
| Law Title | In Violation of Section | Description |
| Admin Code | 3-108 | PROHIBITS VIOLATIONS OF ANY EMERGENCY MEASURES ESTABLISHED BY THE MAYOR |

| FACTUAL ALLEGATIONS(DESCRIBE HOW THE OFFENSE WAS COMMITED, OR COMPLETE REVERSE) |
|---|

Produced pursuant to unsealing order – all non-protest
related arrest information shall be kept confidential                                    DEF_000096532

Defendants should be ordered to answer.  The objection that "issued" is vague and
to "phraseology" makes no sense.  NYPD itself uses "issued" as the verb for
summonses.

Defendants' Response:


- Request 160: Admit that the document produced by Defendant under Bates stamp
  DEF_000096534-35 is a true and accurate copy of a C-Summons issued by the NYPD on
  June 4, 2020, to James Lauren.

COHEN&GREEN

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



- o Objection: Defendants object to Request No. 160 on the grounds that after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request. Defendants also object this request on the grounds that "issued" is vague and ambiguous and the phraseology is improper.

- o Analysis: Defendants assert they have some unspecified issue determining an answer to this question. That fails to comply with the Rules. If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear: "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only if* the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4) (emphasis added). Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not. Nothing in this request is vague, and Defendants do not explain how it is. Here is the applicable C-Summons:

**NEW YORK CITY POLICE DEPARTMENT**
Worksheet : C-Summons
Status : Approved
Report # : 4450088486
Incident Date : 06/04/2020 20:00 Thursday

| SUMMONS NO. | | | |
|---|---|---|---|
| Summons No.: 4450088486 | | | |

[…]

| FACTUAL ALLEGATIONS(DESCRIBE HOW THE OFFENSE WAS COMMITED, OR COMPLETE REVERSE) |
|---|
| at t/p/o ao observed the deft in a public place in violation of mayor's executive order 119 establishing an 08:00 PM curfew. the deft was in a crowd of approximately 150 people and multiple orders were given to disperse but the deft did not comply. |

Produced pursuant to  unsealing  order – all non-protest
related arrest information shall be kept confidential                          DEF_000096534

Defendants should be ordered to answer this request.

Defendants' Response:

- • Request 161: Admit that James Lauren's arresting officer, Damian Rivera, was aware, prior to June 4, 2020, that healthcare workers were exempt from the Emergency Executive Order No. 119, the Citywide Curfew
  - o Objection: Defendants object to Request No. 161 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

COHEN&GREEN                                                    Page 124 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- o  <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.  Either Rivera had this knowledge or he did not.

  Rule 36 is clear:  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if** the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4) (emphasis added).  Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not.   Defendants should be ordered to answer this Request.

<u>Defendants' Response:</u>


- <u>Request 162:</u> Admit that James Lauren's arresting officer, Damian Rivera, was aware that James Lauren was a healthcare worker prior to their arrest on June 4, 202
  - o  <u>Objection:</u> Defendants object to Request No. 162 on the grounds that it is improper under Rule 36 and is an improper use of this process
  - o  <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper (although they do manage to say it is improper more than once).  Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents.  This request is clearly within that scope.

    Rule 36 is clear:  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if** the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4) (emphasis added).  Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not.  Since Defendants have not presented any cognizable objection — just saying "improper" over and over is not an objection — the Court should deem this Request admitted.

<u>Defendants' Response:</u>

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- **Request 163:** Admit that James Lauren was present at the protest on June 4, 2020 to provide medical services
  - **No response**
  - **Analysis:** Defendants failed to answer Request 163, and it is therefore admitted automatically by operation of law.

- **Request 164:** Admit that prior to 8:00 PM on June 4, 2020, the NYPD surrounded a group of protesters in the vicinity of 136th Street and Brook Avenue in the Bronx.
  - **Objection:** Defendants object to Request No. 164 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants also object as this Request seeks an admission to facts in dispute or seeks a concession on matters taken out of context
  - **Analysis:** Defendants' response here is frivolous in the extreme, and warrants a serious sanction.

    First, Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope. And countless hours of video footage show that the fact at issue is true. Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise). Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one. Given how well established this fact is, and its importance to the core of at least five different cases in this litigation, Defendants' response here is deeply troubling — and calls into question whether they have complied with their obligations on any of these Requests for Admission.

    Moreover, even if there were some arguable dispute (there is not), requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

"In the vicinity of East 136th Street between Brook Avenue" might be vague as applied to some location several blocks away, but this Request is obviously referring to the kettle formed around protesters at Mott Haven — on East 136th between Brook and Brown. Defendants' pretense that they do not understand is frivolous.

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

The Court should sanction Defendants for their response to this Request.

<u>Defendants' Response:</u>

- <u>Request 165:</u> Admit that prior to 8:00 PM on June 4, 2020, the NYPD contained a group of protesters in the vicinity of 136th Street and Brook Avenue in the Bronx to a limited area without exit, preventing them from dispersing
  - <u>Objection:</u> Defendants object to Request No. 164 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants also object as this Request seeks an admission to facts in dispute or seeks a concession on matters taken out of context <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the



scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope. And countless hours of video footage show that the fact at issue is true. Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise). Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one. Given how well established this fact is, and its importance to the core of at least five different cases in this litigation, Defendants' response here is deeply troubling — and calls into question whether they have complied with their obligations on any of these Requests for Admission.

Moreover, even if there were some arguable dispute (there is not), requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

"In the vicinity of East 136th Street between Brook Avenue" might be vague as applied to some location several blocks away, but this Request is obviously referring to the kettle formed around protesters at Mott Haven — on East 136th between Brook and Brown. Defendants' pretense that they do not understand is frivolous.

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Defendants' Response:

- Request 166: Admit that prior to 8:00 PM on June 4, 2020, James Lauren was in the group of protesters surrounded by the NYPD in the vicinity of 136th Street and Brook Avenue in the Bronx and therefore was not able to disperse
  - Objection: Defendants object to Request No. 166 on the grounds that it is improper under Rule 36 and is compound. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

    Analysis: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.  And countless hours of video footage show that the fact at issue is true.  Similarly, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one. Given how well established this fact is, and its importance to the core of at least five different cases in this litigation, Defendants' response here is deeply troubling — and calls into question whether they have complied with their obligations on any of these Requests for Admission.

    Moreover, even if there were some arguable dispute (there is not), requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it: "The proper

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

"In the vicinity of East 136th Street between Brook Avenue" might be vague as applied to some location several blocks away, but this Request is obviously referring to the kettle formed around protesters at Mott Haven — on East 136th between Brook and Brown. Defendants' pretense that they do not understand is frivolous.

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Defendants' Response:

- Request 167: Admit that no NYPD member of service provided any verbal notice to James Lauren that they were under arrest prior to taking them into custody on June 4, 2020.
  - o Objection: Defendants object to Request No. 167 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
  - o Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit.

COHEN&GREEN

Page 130 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement. Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

- <u>Request 168:</u> Admit that no NYPD officers present at the Mott Haven protest on June 4, 2020, has received command or formal discipline because of their actions at that protest
  - o <u>Objection:</u> Defendants object to Request No. 168 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.
  - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit.

COHEN&GREEN

Page 131 of 240

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Defendants claim they have produced all disciplinary files.  It appears from those files that no officers have received discipline for their actions at Mott Haven.  Either Defendants have failed to produce everything, or they are frivolously refusing to admit an undisputed fact.  They should be ordered to answer so Plaintiffs know which.

Defendants' Response:

- **Request 169**: Intentionally omitted as Defendants answered or partially answered.

**Julian Phillips**

- Request 170: Admit that Detective Lee Arroyo did not personally observe Julian Phillips violate Emergency Executive Order No. 119, the Citywide Curfew.
  - Objection: Defendants object to Request No. 170 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
  - Analysis: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As

COHEN&GREEN                                                          Page 132 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Finally, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise). Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one. But even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 171:</u> Admit that Detective Lee Arroyo did not personally observe Julian Phillips violate any Penal Law offense.
    - ○ <u>Objection:</u> Defendants object to Request No. 170 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
    - ○ <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

COHEN&GREEN                                              Page 133 of 240



That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Either Arroyo saw an offense or he did not.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Finally, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise). Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one. But even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- <u>Request 172:</u> Admit that Detective Lee Arroyo did not personally issue dispersal orders to Julian Phillips on June 4, 2020
    - <u>Objection:</u> Defendants object to Request No. 170 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
    - <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

      That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

      Nor does the context surrounding how any statement was made (or in this case, not made) have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the

COHEN&GREEN                                    Page 135 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



existence of a statement.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

Finally, it appears Defendants have simply not asked Det. Arroyo whether he personally issued dispersal orders (he did not).  That violates the Rule, and calls for this request to be deemed admitted.

<u>Defendants' Response:</u>

- **<u>Request 173:</u>** Intentionally omitted as Defendants answered or partially answered.

- <u>Request 174:</u> Admit that prior to 8:00 PM on June 4, 2020, Julian Phillips was in the group of protesters surrounded by the NYPD in the vicinity of 136th Street and Brook Avenue in the Bronx and therefore was not able to disperse.
  - o <u>Objection:</u> Defendants object to Request No. 172 [sic] on the grounds that it is improper under Rule 36 and is compound. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.
    Nothing in this request is vague, and Defendants do not explain how it is.  "In the vicinity" is standard language in the police department, and while there may be some abstract distance at which the term become ambiguous, that is not in play here:  "In the vicinity of 136th Street and Brook Avenue in the Bronx" might be vague as applied to some location several blocks away, but this Request is obviously referring to where the NYPD kettled protesters at Mott Haven — on East 136th and Brook. Defendants' pretense that they do not understand is frivolous.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on

COHEN&GREEN                                                                    Page 136 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Finally, even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>


- <u>Request 175:</u> Admit that Defendants are unable to identify the officers involved with placing Mr. Phillips under arrest.
    - o <u>Objection:</u> Defendants object to Request No. 175 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.
    - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.

In short, Defendants have been asked for months upon months to identify these officers.  Either they can or they cannot do so.  The Court should order Defendants to make good on their refusal to admit this fact by identifying the officers at issue in

COHEN&GREEN

Page 137 of 240

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



the next 2 business days.  If Defendants cannot, the Court should deem this admitted and further sanction Defendants for taking a frivolous position.

Defendants' Response:

- Request 176: Admit that Defendants cannot identify any officer who observed Julian Phillips commit any offense
    - Objection: Defendants object to Request No. 176 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
    - Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.

      In short, Defendants have been asked for months upon months to identify these officers.  Either they can or they cannot do so.  The Court should order Defendants to make good on their refusal to admit this fact by identifying the officers at issue in the next 2 business days.  If Defendants cannot, the Court should deem this admitted and further sanction Defendants for taking a frivolous position.

Defendants' Response:

- Request 177: Intentionally omitted as Defendants answered or partially answered.

**Jarett Payne**

- Request 178: Admit that on June 2, 2020, Office Joseph Sung did not personally observe Jarrett Payne violate Emergency Executive Order No. 119, the Citywide Curfew.
    - Objection: Defendants object to Request No. 178 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further

COHEN&GREEN

Page 138 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

o  <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Finally, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.  But even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 179:</u> Admit that on June 2, 2020, Officer Joseph Sung did not personally observe Jarrett Payne violate any Penal Law offenses.
  - o <u>Objection:</u> Defendants object to Request No. 179 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Finally, while Defendants say this "seeks a concession of purported statements taken out of context," there is no statement here (purported or otherwise).  Defendants' response suggests they simply copied and pasted a response from a different request without even reading this one.  But even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 180:</u> Admit that on June 2, 2020, Officer Joseph Sung did not personally issue dispersal orders to Jarrett Payne prior to arresting him
  - o <u>Objection:</u> Defendants object to Request No. 180 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit. Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request

COHEN&GREEN

Page 141 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Nor does the context surrounding how any statement was made (or in this case, not made) have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

Finally, it appears Defendants have simply not asked Off. Sung whether he personally issued dispersal orders (he did not).  That violates the Rule, and calls for this request to be deemed admitted.

<u>Defendants' Response:</u>


- <u>Request 181:</u> Admit that on June 2, 2020, Jarrett Payne was bleeding from lacerations on his nose and face when he was arrested by NYPD officers.
  - <u>Objection:</u> Defendants object to Request No. 181 on the grounds that this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
  - <u>Analysis:</u> Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 ·  FemmeLaw.com



whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit."  *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Finally, Defendants' refusal to admit this fact once again suggests that they have conducted no investigation at all:

[PICTURE]



COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com

Commented [rg1]: PAYNE:  Can you all add a picture of Payne bleeding here?



Defendants' Response:

- Request 182: Intentionally omitted as Defendants answered or partially answered.

- Request 183: Admit that Defendants are unable to identify the officers involved with placing
  Jarrett Payne under arrest
  - o Objection: Defendants object to Request No. 183 on the grounds that defendants
    cannot respond to this request without providing a narrative and is an improper use
    of this process.
  - o Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in
    detail why the answering party cannot truthfully admit or deny it" — is required is
    not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:
    the fact here requires no narrative at all to admit.

    In short, Defendants have been asked for months upon months to identify these
    officers.  Either they can or they cannot do so.  The Court should order Defendants
    to make good on their refusal to admit this fact by identifying the officers at issue in
    the next 2 business days.  If Defendants cannot, the Court should deem this
    admitted and further sanction Defendants for taking a frivolous position.

Defendants' Response:

- Request 184: Admit that no NYPD officer has received command or formal discipline for
  their conduct in arresting Jarrett Payne on June 2, 2020
  - o Objection: Defendants object to Request No. 184 on the grounds that defendants
    cannot respond to this request without providing a narrative and is an improper use
    of this process.
  - o Analysis: : Defendants' entire response is particularly frivolous and worthy of
    sanctions here.  It is **_uniquely_** within Defendants' knowledge whether or not
    discipline has been imposed for a particular incident.  And whether or not discipline
    has been imposed is a binary fact:  it either has or it hasn't.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Defendants' objections, even out of context, are misguided.  That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.

Even if this request were in any way compound (it is not), "compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).

Thus, because Defendants failed to follow the rule, this request should be admitted by default.

<u>Defendants' Response:</u>

- <u>Request 185:</u> Admit that on January 18, 2021 (Martin Luther King, Jr. Day), in the vicinity of Chambers Street and Centre Street (City Hall), Police Officer Matthew Tarangelo pulled Jarrett Payne down to the ground with Mr. Payne's face downwards
    - o <u>Objection:</u> Defendants object to Request No. 185 on the grounds that it is improper under Rule 36. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

      Nothing in this request is vague, and Defendants do not explain how it is.  "In the vicinity" is standard language in the police department, and while there may be some abstract distance at which the term become ambiguous, that is not in play here.

      Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969,

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 186:</u> Admit that Officer Tarangelo placed flex cuffs on Jarrett Payne while holding him on the ground.
  - o <u>Objection:</u> Defendants object to Request No. 186 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope. That some

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



"narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Defendants' Response:

- Request 187: Admit that Police Officer Tarangelo did not personally issue dispersal orders to Jarrett Payne prior to arresting him
    - Objection: Defendants object to Request No. 187 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context

- o Analysis:  Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit. Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Nor does the context surrounding how any statement was made (or in this case, not made) have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Finally, it appears Defendants have simply not asked Off. Tarangelo whether he personally issued dispersal orders (he did not).  That violates the Rule, and calls for this request to be deemed admitted.

Defendants' Response:

- Request 188: Admit that Defendants cannot identify any officer that personally issued a dispersal order to Jarrett Payne on January 18, 2021.
  - Objection: Defendants object to Request No. 188 on the grounds that defendants cannot respond to this request without providing a narrative and is an improper use of this process. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.

    In short, Defendants have been asked for months upon months to identify these officers.  Either they can or they cannot do so.  The Court should order Defendants to make good on their refusal to admit this fact by identifying the officers at issue in the next 2 business days.  If Defendants cannot, the Court should deem this admitted and further sanction Defendants for taking a frivolous position.

Defendants' Response:

- Request #189: Admit that Defendants cannot identify any officer that personally observed Jarrett Payne commit any offense on January 18, 2021
  - Objection: Defendants object to Request No. 189 on the grounds that defendants cannot respond to this request without providing a narrative and is an improper use of this process. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
  - Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



In short, Defendants have been asked for months upon months to identify these officers. Either they can or they cannot do so. The Court should order Defendants to make good on their refusal to admit this fact by identifying the officers at issue in the next 2 business days. If Defendants cannot, the Court should deem this admitted and further sanction Defendants for taking a frivolous position.

<u>Defendants' Response:</u>

- <u>Request #190:</u> Admit that Jarrett Payne did not receive medical treatment while in NYPD custody on January 18, 2021.
  - o <u>Objection:</u> Defendants object to Request No. 190 on the grounds that defendants cannot respond to this request without providing a narrative and is an improper use of this process. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in

COHEN&GREEN

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Finally, Defendants have supposedly produced all of the records of treatment provided to protesters.  No treatment appears to have been given to Mr. Payne.  Either Defendants are (1) withholding documents without stating it or (2) taking a position this fact is in dispute without a good faith basis.  The Court should issue appropriate orders to find out which.

<u>Defendants' Response:</u>

- <u>Request #191:</u> Admit that the summons issued against Mr. Payne on January 18, 2021 was dismissed without Jarrett Payne appearing in court or being found guilty of an offense.
  - o <u>Objection:</u> Defendants object to this Request as an improper use of this process and on the ground that it is compound. Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper. Defendants further object to this Request as other phraseology is improper and misleading. Notwithstanding, defendants state that after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request.
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Nothing in this request is vague, and Defendants do not explain how it is.  "Issued" is the commonly used verb for, well, *issuing* a summons.

"Compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer *must* specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).  Thus, because Defendants failed to follow the rule, the balance of the Request should be admitted by default.

<u>Defendants' Response:</u>

- <u>Request 192:</u> Admit that no NYPD officer has received command or formal discipline for their conduct in arresting Jarrett Payne on January 18, 2021.
  - o <u>Objection:</u> Defendants object to Request No. 192 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.  Defendants also object as this request is compound.
  - o <u>Analysis:</u>  Defendants' entire response is particularly frivolous and worthy of sanctions here.  It is *uniquely* within Defendants' knowledge whether or not discipline has been imposed for a particular incident.  And whether or not discipline has been imposed is a binary fact:  it either has or it hasn't.

    Defendants' objections, even out of context, are misguided.  That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.

    Even if this request were in any way compound (it is not), "compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer *must* specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).

    Thus, because Defendants failed to follow the rule, this request should be admitted by default.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



<u>Defendants' Response:</u>

**Colleen Maitland-McCormack**

- <u>Request 193:</u> Admit that on June 28, 2020, in Washington Square Park in Manhattan, NYPD police officer Hensley Caraballo discharged Oleoresin Capsicum (OC) into a crowd of people gathered at the Queer Liberation March
  - o <u>Objection:</u> Defendants object to Request No. 193 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope. Either Officer Caraballo discharged OC spray into a crowd or he didn't (he did).

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the

COHEN&GREEN
Page 153 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Finally, even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Defendants' Response:

- Request 194: Admit that Colleen Maitland-McCormack was in the vicinity of the OC Spray discharged by Hensley Caraballo on June 28, 2020
    - Objection: Defendants object to Request No. 194 on the grounds that it is improper under Rule 36. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
    - Analysis: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

        Nothing in this request is vague, and Defendants do not explain how it is. Vicinity here clearly means the range in which a person would be affected by the OC Spray.

        That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an

COHEN&GREEN

Page 154 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Finally, even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 195:</u> Admit that Colleen Maitland-McCormack was participating in a protest at the time that Officer Caraballo sprayed McCormack with OC on June 28, 2020
    - o <u>Objection:</u> Defendants object to Request No. 195 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



o   <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an
undisputed fact is in any way improper. Rule 36 applies to any matters within the
scope of 26(b)(1) relating to (among others) facts and the genuineness of any
described documents. This request is clearly within that scope.

That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why
the answering party cannot truthfully admit or deny it" — is required is not an
objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact
here requires no narrative at all to admit.

Requesting an admission to matters that a party regards as "in dispute" is not
inherently improper.  While Defendants might have had a proper objection in 1969,
the 1970 amendments to the Federal Rule plainly and intentionally reject
Defendants' position:   The Committee notes that previously, "Courts … divided on
whether an answering party may properly object to request for admission as to
matters which that party regards as 'in dispute,'" and the 1970 amendments were
intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As
the Committee put it:  "The proper response in such cases is an answer. The very
purpose of the request is to ascertain whether the answering party is prepared to
admit or regards the matter as presenting a genuine issue for trial. In his answer, the
party may deny, or he may give his reason for inability to admit or deny the existence
of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in
issue, since Rule 37(c) provides a sanction of costs only when there are no good
reasons for a failure to admit."  *Id.*  Just so.  And because Defendants objections and
refusal to answer is not "[t]he proper response" and flouts the clear meaning of the
rules, they are no answers at all.  And since that "answer does not comply with this
rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P.
36(a)(6).

Finally, even if there were a statement at issue, a lack of context surrounding how
any statement was made have any bearing on whether or not the statement was
made.  If Defendants wish to provide context they can certainly do so, and the Rule
provides a clear explanation for how.  But context is not necessary for confirming or
denying the existence of a statement (to the extent a statement is at issue — which,
again, it isn't).

<u>Defendants' Response:</u>

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- <u>Request 196:</u> Admit that prior to officer Hensley Caraballo's discharging of OC, NYPD officers did not give instructions to the crowd of protesters in Washington Square Park on how to disperse on June 28, 2020
  - <u>Objection:</u> Defendants object to Request No. 196 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
  - <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Either NYPD gave dispersal orders at this protest prior to deploying OC Spray or they did not (they did not).

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement. Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — potentially dozens of witnesses to confirm that no dispersal orders were given.

<u>Defendants' Response:</u>

- <u>Request 197:</u> Admit that Officer Caraballo did not administer medical aid or seek medical aid for Colleen Maitland-McCormack at any time on June 28, 2020
  - o <u>Objection:</u> Defendants object to Request No. 197 on the grounds that it is improper under Rule 36 and is compound. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    "Compound" is not a proper objection to a Request for Admission. As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it. Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Thus, because Defendants failed to follow the rule, this request should be admitted by default.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Finally, even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Finally, Defendants have supposedly produced all of the records of treatment provided to protesters. No treatment appears to have been given to Maitland-McCormack. Either Defendants are (1) withholding documents without stating it or (2) taking a position this fact is in dispute without a good faith basis. The Court should issue appropriate orders to find out which.

Defendants' Response:

- Request 198: Admit that NYPD officer Hensley Caraballo did not activate his body-worn camera on June 28, 2020 during his use of force by means of OC spray
  - o Objection: Defendants object to Request No. 198 on the grounds that it is improper under Rule 36. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o Analysis: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Finally, Defendants claim they have produced all video footage (they have not, but that is a separate issue). No footage from Caraballo for this protest exists. So either Defendants are (1) withholding documents without stating it or (2) taking a position this fact is in dispute without a good faith basis. The Court should issue appropriate orders to find out which.

<u>Defendants' Response:</u>

- <u>Request 199:</u> Admit that Officer Caraballo's discharge of OC spray on June 28, 2020 violated NYPD Patrol Guide 221-07
  - <u>Objection:</u> Defendants object to Request No. 199 as improper under Rule 36.

COHEN&GREEN                                                                 Page 160 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- o  <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.  Defendants know their own policies.  And they can determine whether a particular action violates them or not — or they can explain why their own policies do not permit them to make such basic inferences.

<u>Defendants' Response:</u>

**Andie Mali**

- <u>Request 200:</u> Admit that Andie Mali was standing on the sidewalk, on the corner of Dekalb and Flatbush in Brooklyn, at the time that NYPD officers approached and arrested him on May 30, 2020.
    - o  <u>Objection:</u> Defendants object to Request No. 200 on the grounds that it is compound.  Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - o  <u>Analysis:</u> "Compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer ***must*** specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be admitted by default.

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an

COHEN&GREEN

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit."  *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Defendants' Response:

- Request 201: Admit that Andie Mali was observing police arrest a protestor when NYPD officers began to effect his arrest on May 30, 2020.
  - Defendants object to Request No. 201 on the grounds that it seeks an admission of information not within in defendants' knowledge, possession or control. Defendants further object as this request is compound, vague, and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - Analysis: Defendants assert they have some unspecified issue determining an answer to this question.  That fails to comply with the Rules.  If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear:  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if** the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or

COHEN&GREEN

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



deny." Fed. R. Civ. P. 36(a)(4) (emphasis added).  Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not.

"Compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be admitted by default.  Similarly, nothing in this request is vague, and Defendants do not explain how it is — so that objection too is waived.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Finally, even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

COHEN&GREEN

Page 163 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



- **Request 202:** Admit that Andie Mali was not warned that his actions were subject to arrest before NYPD officers began to effect his arrest on May 30, 2020
    - **Objection:** Defendants object to Request No. 202 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - **Analysis:** That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Either a warning was given or it was not.

      Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

      Nor does the context surrounding how any statement was made (or in this case, not made) have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather, Plaintiffs are attempting to find out whether they

COHEN&GREEN

Page 164 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, never said.

Defendants' Response:

- Request 203: Admit that NYPD officers were involved in the arrest of Andie Mali on May 30, 2020.
  - o   Objection: Defendants object to Request No. 203 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.
  - o   Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit.

    Defendants' position here is not a position a reasonable lawyer would ever take. Either NYPD officers were involved in Mali's arrest or they were not. Nothing about that requires a narrative. *Cf.* Request 73 (Defendants denying a similar Request). And Defendants refusal to answer this question therefore warrants sanctions. It suggests they simply conducted no investigation at all.

Defendants' Response:

- Request 204: Admit that Defendants are unable to identify the officers involved with placing Andie Mali under arrest on May 30, 2020.
  - o   Objection: Defendants object to Request No. 204 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative
  - o   Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit.

    In short, Defendants have been asked for months upon months to identify these officers. Either they can or they cannot do so. The Court should order Defendants to make good on their refusal to admit this fact by identifying the officers at issue in

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



the next 2 business days.  If Defendants cannot, the Court should deem this admitted and further sanction Defendants for taking a frivolous position.

<u>Defendants' Response:</u>

- <u>Request 205:</u> Admit that on May 30, 2020, Officer Yahaira Perez-Gutierrez did not personally observe Andie Mali violate any Penal Law offenses.
  - o  <u>Objection:</u> Defendants object to Request No. 205 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
  - o  <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the



rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Finally, it appears Defendants have simply not asked Off. Perez-Gutierrez whether she personally observed anything.  That violates the Rule, and calls for this request to be deemed admitted

Defendants' Response:

- **Request 206:** Intentionally omitted as Defendants answered or partially answered.

- Request 207: Admit that no NYPD officer activated their body-worn camera during the arrest of Andie Mali on May 30, 2020.
   - Objection: Defendants object to Request No. 207 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.
   - Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.

      Defendants claim they have produced all video footage (they have not, but that is a separate issue).  No footage of Mr. Mali's arrest has been produced.  So either Defendants are (1) withholding documents without stating it or (2) taking a position this fact is in dispute without a good faith basis.  The Court should issue appropriate orders to find out which.

Defendants' Response:

COHEN&GREEN

Page 167 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- <u>Request 208:</u> Admit that NYPD officers used force to arrest Andie Mali on May 30, 2020.
  - o <u>Objection:</u> Defendants object to Request No. 208 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

    Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Defendants' Response:

- Request 209: Admit that NYPD officers struck Andie Mali with batons on May 30, 2020.
  - Objection: Defendants object to Request No. 209 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

    Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 ·  FemmeLaw.com



<u>Defendants' Response:</u>

- <u>Request 210:</u> Admit that as a result of the force used by NYPD officers in effecting his arrest on May 30, 2020, Andie Mali suffered injuries, including a laceration to his head and bruising on his chest, back, legs and wrists
    - o <u>Objection:</u> Defendants object to Request No. 210 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. This request asks Defendants to concede obviously visible injuries that many individual members of the NYPD personally observed during Mr. Mali's arrest processing.

        Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Defendants' Response:

- Request 211: Admit that NYPD officers were not disciplined for failing to activate their body worn cameras during the arrest of Andie Mali on May 30, 2020
  - Objection: Defendants object to Request No. 211 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.
  - Analysis: Defendants' entire response is particularly frivolous and worthy of sanctions here.  It is *uniquely* within Defendants' knowledge whether or not discipline has been imposed for a particular incident.  And whether or not discipline has been imposed is a binary fact:  it either has or it hasn't.

    Defendants' objections, even out of context, are misguided.  That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.

    Thus, because Defendants failed to follow the rule, this request should be admitted by default.

Defendants' Response:

- Request 212: Admit that no NYPD officer has received command or formal discipline for their conduct in arresting Andie Mali on May 30, 2020.
  - Objection: Defendants object to Request No. 212 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.
  - Analysis: Defendants' entire response is particularly frivolous and worthy of sanctions here.  It is *uniquely* within Defendants' knowledge whether or not

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



discipline has been imposed for a particular incident.  And whether or not discipline has been imposed is a binary fact:  it either has or it hasn't.

Defendants' objections, even out of context, are misguided.  That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.

Thus, because Defendants failed to follow the rule, this request should be admitted by default.

<u>Defendants' Response:</u>

- <u>Request 213:</u> Admit that Camilla Gini was standing on the sidewalk, on the corner of Dekalb and Flatbush in Brooklyn, at the time that NYPD officers approached and arrested her on May 30, 2020
  - o <u>Objection:</u> Defendants object to Request No. 213 on the grounds that it is improper under Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
    <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Defendants' Response:

- Request 214: Admit that Camilla Gini was observing police arrest a protestor when NYPD officers began to effect her arrest on May 30, 2020
  - Objection: Defendants object to Request No. 214 on the grounds that it seeks an admission of information not within in defendants' knowledge, possession or control. Defendants also object as this request is compound, vague, and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - Analysis: Defendants assert they have some unspecified issue determining an answer to this question. That fails to comply with the Rules. If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear: "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if** the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4) (emphasis added). Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not.

    "Compound" is not a proper objection to a Request for Admission. As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it. Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest." Fed. R. Civ. P.

COHEN&GREEN                                                      Page 173 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be admitted by default.  Similarly, nothing in this request is vague, and Defendants do not explain how it is — so that objection too is waived.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split.  1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit."  *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Finally, even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 215:</u> Admit that Camilla Gini was not warned that her actions were subject to arrest before NYPD officers began to effect her arrest on May 30, 2020.
    - <u>Objection:</u> Defendants object to Request No. 215, on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



<u>Analysis</u>: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.  Either someone participating in the protest caused injury to another person or they did not.  And Defendants do not assert they have been unable to figure out the answer with a reasonable investigation, so they must answer.

Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

Relatedly, requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

<u>Defendants' Response:</u>

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  · t : (929) 888.9480  · f : (929) 888.9457  ·  FemmeLaw.com



- Request 216: Admit that NYPD officers were involved in the arrest of Camilla Gini on May 30, 2020.
  - Objection: Defendants object to Request No. 216 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.
  - Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit.

    Defendants' position here is not a position a reasonable lawyer would ever take. Either NYPD officers were involved Gini's arrest or they were not. Nothing about that requires a narrative. *Cf.* Request 73 (Defendants denying a similar Request). And Defendants refusal to answer this question therefore warrants sanctions. It suggests they simply conducted no investigation at all.

Defendants' Response:


- Request 217: Admit that Defendants are unable to identify the officers involved with placing Camilla Gini under arrest on May 30, 2020.
  - Objection: Defendants object to Request No. 217 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative
  - Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit.

    In short, Defendants have been asked for months upon months to identify these officers. Either they can or they cannot do so. The Court should order Defendants to make good on their refusal to admit this fact by identifying the officers at issue in the next 2 business days. If Defendants cannot, the Court should deem this admitted and further sanction Defendants for taking a frivolous position.

Defendants' Response:

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- <u>Request 218:</u> Admit that on May 30, 2020, Officer Zakie Karimzada did not personally observe Camilla Gini violate any Penal Law offenses
  - <u>Objection:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

    Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

    This is an easy fact to say yes or no to:  either Karimzada — one of the City's employees — claims he saw Gini committing a crime or he does not.  It requires no further explanation (though, as noted above, if Defendants think it does, nothing is stopping them from providing that explanation).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



<u>Defendants' Response:</u>

- <u>Request 219:</u> Admit that the summons issued against Camilla Gini on May 30, 2020 was dismissed without Ms. Gini appearing in court or being found guilty of an offense.
  - o <u>Objection:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    Nothing in this request is vague, and Defendants do not explain how it is. "Issued" is the commonly used verb for, well, ***issuing*** a summons.

    "Compound" is not a proper objection to a Request for Admission. As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it. Or, at minimum, as the Rule requires, Defendants' "answer ***must*** specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Thus, because Defendants failed to follow the rule, the balance of the Request should be admitted by default.

<u>Defendants' Response:</u>

- <u>Request 220:</u> Admit that NYPD officers did not activate their body-worn camera during the arrest of Camilla Gini on May 30, 2020.
  - o <u>Objection:</u> Defendants object to Request No. 220 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to

COHEN&GREEN                                                                 Page 178 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Finally, Defendants claim they have produced all video footage (they have not, but that is a separate issue).  No footage depicting Gini's arrest appears in those productions.  So either Defendants are (1) withholding documents without stating it or (2) taking a position this fact is in dispute without a good faith basis.  The Court should issue appropriate orders to find out which.

<u>Defendants' Response:</u>

- <u>Request 221:</u> Admit that NYPD officers used force to arrest Camilla Gini on May 30, 2020
    - o <u>Objection:</u> Defendants object to Request No. 221 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context
    - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is

COHEN&GREEN

Page 179 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 ·  FemmeLaw.com



not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 222:</u> Admit that NYPD officers struck Gini with batons on May 30, 2020
  - o <u>Objection:</u> Defendants object to Request No. 222 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

COHEN&GREEN

Page 180 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- o  <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.  Either officers struck Gini with batons or they did not (they, in fact, did).  And Defendants do not assert they have been unable to figure out the answer with a reasonable investigation, so they must answer.

  Relatedly, requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

  Finally, even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- <u>Request 223:</u> Admit that as a result of the force used by NYPD officers in effecting her arrest on May 30, 2020, Camilla Gini suffered injuries, including a laceration to her head and bruising on her arms, legs and wrists, as well as injuries to her back and neck.
  - o <u>Objection:</u> Defendants object to Request No. 223 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. This request asks Defendants to concede obviously visible injuries that many individual members of the NYPD personally observed during Ms. Gini's arrest processing.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

    Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Defendants' Response:

- Request 224: Admit that, on May 30, 2020, Camilla Gini informed NYPD officers that her handcuffs were too tight and causing her injury.
    - Objection: Defendants object to Request No. 224 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.  Either Gini informed NYPD officers that her handcuffs were too tight or she did not  And Defendants do not assert they have been unable to figure out the answer with a reasonable investigation, so they must answer.

      Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Nor does the context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Either Defendants are denying that Ms. Gini complained about the tightness of her cuffs, or they are not.  And Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, said.

<u>Defendants' Response:</u>

- <u>Request 225:</u> Admit that NYPD officers did not remove or adjust Camilla Gini's handcuffs on May 30, 2020, until she was at the police station.
  - o <u>Objection:</u> Defendants object to Request No. 225 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit. Either officers removed or adjusted Gini's handcuffs prior to bringing her to the police station or they did not. And Defendants do not assert they have been unable to figure out the answer with a reasonable investigation, so they must answer.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 ·  FemmeLaw.com



issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Finally, even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

This is a completely objective fact that Defendants can either deny or admit: someone put handcuffs on Ms. Gini. At some point, those handcuffs were removed. Defendants either believe they were removed before Ms. Gini arrived at the station (in which case, they should deny) or they do not (in which case, they must admit). Nothing further is required or appropriate.

Defendants' Response:

- Request 226: Admit that NYPD officers conducted a public physical search of Camilla Gini, including lifting up her shirt, when she arrived at the police station on May 30, 2020.
  - Objection: Defendants object to Request No. 226 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Either NYPD officers conducted a public physical search, or they did not. And Defendants do not assert they have been unable to figure out the answer with a reasonable investigation, so they must answer.
    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969,

COHEN&GREEN

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Finally, even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 227:</u> Admit that NYPD officers were not disciplined for failing to activate their body worn camera during the arrest of Camilla Gini on May 30, 2020.
  - o <u>Objection:</u> Defendants object to Request No. 227 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.
  - o <u>Analysis:</u> Defendants' entire response is particularly frivolous and worthy of sanctions here.  It is ***uniquely*** within Defendants' knowledge whether or not discipline has been imposed for a particular incident.  And whether or not discipline has been imposed is a binary fact:  it either has or it hasn't.

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Defendants' objections, even out of context, are misguided.  That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.

Thus, because Defendants failed to follow the rule, this request should be admitted by default.

<u>Defendants' Response:</u>

- <u>Request 228:</u> Admit that no NYPD officer has received command or formal discipline for their conduct in arresting Camilla Gini on May 30, 2020
  - o <u>Objection:</u> Defendants object to Request No. 228 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.
  - o <u>Analysis:</u> Defendants' entire response is particularly frivolous and worthy of sanctions here.  It is ***uniquely*** within Defendants' knowledge whether or not discipline has been imposed for a particular incident.  And whether or not discipline has been imposed is a binary fact:  it either has or it hasn't.

    Defendants' objections, even out of context, are misguided.  That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.

    Thus, because Defendants failed to follow the rule, this request should be admitted by default.

<u>Defendants' Response:</u>

**Charlie Monlouis-Anderle**

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- <u>Request 229:</u> Admit that the document produced by Defendants under DEF_000001 is a true and correct copy of a C-Summons issued by the NYPD on June 3, 2020 to Charlie Monlouis Anderle.
  - o <u>Objection:</u> Defendants object to Request No. 229 on the grounds after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request. Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper.
    <u>Analysis:</u> Defendants assert they have some unspecified issue determining an answer to this question.  That fails to comply with the Rules.  If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear:  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if** the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4) (emphasis added).  Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not. Nothing in this request is vague, and Defendants do not explain how it is.   "Issued" is the commonly used verb for, well, **issuing** a summons.

- <u>Request 230:</u> Admit that NYPD Officer Taylor Corcoran and NYPD Officer Stephanie Chen were Charlie Monlouis-Anderle's arresting officers on June 3, 2020.
  - o <u>Objection:</u> Defendants object to Request No. 230 on the grounds that it is an improper use of Rule 36 and is compound. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    "Compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be admitted by default.

    Defendants also fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the

COHEN&GREEN                                          Page 188 of 240

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

Similarly, requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

<u>Defendants' Response:</u>


- <u>Request 231:</u> Admit that NYPD Officer Matthew Perry did not personally observe Charlie Monlouis-Anderle commit any penal law offenses on June 3, 2020.
  - o <u>Objection:</u> Defendants object to Request No. 231 on the grounds that it is an improper use of Rule 36 and is compound. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Finally, it appears Defendants have simply not asked Off. Perry whether he personally observed anything.  That violates the Rule, and calls for this request to be deemed admitted

Defendants' Response:

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- Request 232: Admit that the summons for Disorderly Conduct issued against Charlie
  Monlouis-Anderle on June 3, 2020 was dismissed without Monlouis-Anderle appearing in
  court or being found guilty of an offense.
  - Objection: Defendants object to Request No. 232 on the grounds that it is an
    improper use of this process and on the grounds that it is compound. Defendants
    also object to this request as "issued" is vague and ambiguous and the phraseology is
    improper. Defendants also object to this request as other phraseology is improper
    and misleading. Defendants also object as this Request seeks an admission to facts in
    dispute or seeks a concession of purported statements taken out of context.
  - Analysis: Defendants fail to even attempt to explain how asking them to admit an
    undisputed fact is in any way improper. Rule 36 applies to any matters within the
    scope of 26(b)(1) relating to (among others) facts and the genuineness of any
    described documents. This request is clearly within that scope.

    Nothing in this request is vague, and Defendants do not explain how it is.   "Issued"
    is the commonly used verb for, well, *issuing* a summons.

    "Compound" is not a proper objection to a Request for Admission.  As stated at the
    relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true,
    Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants'
    "answer *must* specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P.
    36(a)(4).  Thus, because Defendants failed to follow the rule, the balance of the
    Request should be admitted by default.

    Defendants' Response:


- Request 233: Admit that Charlie Monlouis-Anderle was not verbally warned that their
  actions were subject to arrest prior to their arrest on June 3, 2020 at Cadman Plaza.
  - Objection: Defendants object to Request No. 234 on the grounds it seeks an
    admission to facts in dispute or seeks a concession of purported statements taken
    out of context.
  - Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in
    detail why the answering party cannot truthfully admit or deny it" — is required is
    not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:
    the fact here requires no narrative at all to admit.  Either a warning was given or it
    was not.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Nor does the context surrounding how any statement was made (or in this case, not made) have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement. Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, never said.

Defendants' Response:

- Request 234: Admit that one or more NYPD officers used force to arrest Charlie Monlouis-Anderle on June 3, 2020.
  - o Objection: Defendants object to Request No. 234 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- o  <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.

  Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

  Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

- <u>Defendants' Response:</u>


- <u>Request 235:</u> Admit that one or more NYPD officers used force to put Charlie Monlouis-Anderle in handcuffs and then flex cuffs on June 3, 2020.
  - o  <u>Objection:</u> Defendants object to Request No. 234 [sic] on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  · t : (929) 888.9480  · f : (929) 888.9457  ·  FemmeLaw.com



Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

o   <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit."  *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

COHEN&GREEN



- <u>Request 236:</u> Admit that, as a result of the force used by NYPD officers in effecting their arrest, Charlie Monlouis-Anderle suffered injuries, including a fractured right humerus and radial nerve injury and related injuries on June 3, 2020.
    - o <u>Objection:</u> Defendants object to Request No. 236 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Either officers caused the alleged injuries or they did not.

        Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

    <u>Defendants' Response:</u>

- <u>Request 237:</u> Admit that no NYPD Officer requested medical assistance for Charlie Monlouis-Anderle prior to Charlie's presence on a bus on the evening of June 3, 2020.

COHEN&GREEN

Cohen&Green P.L.L.C.   ·   1639 Centre Street, Suite 216 · Ridgewood, New York · 11385   ·   t : (929) 888.9480   ·   f : (929) 888.9457   ·   FemmeLaw.com



- o  <u>Objection:</u> Defendants object to Request No. 237 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
- o  <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.  Either officers requested medical assistance or they did not.

  Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit."  *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

  Nor does the context surrounding how any statement was made (or in this case, not made) have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, never said.

<u>Defendants' Response:</u>

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- <u>Request 238:</u> Admit that no NYPD officer has received command or formal discipline for their conduct in arresting Charlie Monlouis-Anderle on June 3, 2020.
  - o <u>Objection:</u> Defendants object to Request No. 234 [sic] on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request as it is compound.
  - o <u>Analysis:</u> Defendants' entire response is particularly frivolous and worthy of sanctions here.  It is ***uniquely*** within Defendants' knowledge whether or not discipline has been imposed for a particular incident.  And whether or not discipline has been imposed is a binary fact:  it either has or it hasn't.

    Defendants' objections, even out of context, are misguided.  That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.

    Thus, because Defendants failed to follow the rule, this request should be admitted by default.

    <u>Defendants' Response:</u>

**Vidal Guzman**

- <u>Request 239:</u> Admit that Vidal Guzman was not arrested by the NYPD on May 30, 2020.
  - o <u>Objection:</u> Defendants object to Request No. 239 on the grounds that after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> Defendants assert they have some unspecified issue determining an answer to this question.  That fails to comply with the Rules.  If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear:  "The

COHEN&GREEN                                                    Page 197 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if** the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4) (emphasis added).  Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not.

Defendants claim that they cannot figure out **who they arrested** is uniquely bizarre, and the Court should order them to explain exactly why they think they cannot figure out who the NYPD did and did not arrest on May 30, 2020.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Finally, even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

COHEN&GREEN

Page 198 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- <u>Request 240:</u> Admit that the NYPD Patrol Guide 221-01 requires an officer to advise the offender that physical force or other devices, such as pepper spray, will be used to handcuff/restrain the offender before applying such force and that pepper spray or OC spray will not be used against offenders who are passively resisting.
    - o <u>Objection:</u> Defendants object to Request No. 240 on the grounds that it is an improper use of Rule 36 and is compound. Defendants also object as this request is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

        "Compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be admitted by default.

        Similarly, that some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.  Either the NYPD Patrol Guide 221-01 requires an officer to advise the offender that physical force or other devices, such as pepper spray, will be used to handcuff/restrain the offender before applying such force and that pepper spray or OC spray will not be used against offenders who are passively resisting or it does not.

        Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As

COHEN&GREEN                                                      Page 199 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



the Committee put it:  "The proper response in such cases is an answer. The very
purpose of the request is to ascertain whether the answering party is prepared to
admit or regards the matter as presenting a genuine issue for trial. In his answer, the
party may deny, or he may give his reason for inability to admit or deny the existence
of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in
issue, since Rule 37(c) provides a sanction of costs only when there are no good
reasons for a failure to admit."  *Id.*  Just so.  And because Defendants objections and
refusal to answer is not "[t]he proper response" and flouts the clear meaning of the
rules, they are no answers at all.  And since that "answer does not comply with this
rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P.
36(a)(6).

Even if there were a statement at issue (there is not), a lack of context surrounding
how any statement was made have any bearing on whether or not the statement was
made.  If Defendants wish to provide context they can certainly do so, and the Rule
provides a clear explanation for how.  But context is not necessary for confirming or
denying the existence of a statement (to the extent a statement is at issue — which,
again, it isn't).

Finally, all of this is absurd:  the City can admit or deny what its own policies require.
If Plaintiffs have misstated what the policies require, it is actually quite important
that the City correct it.  And if Plaintiffs have stated it correctly, understanding that
there is no dispute about the statement — and that they need not probe further on
this issue in discovery — is just as important.

<u>Defendants' Response:</u>

- <u>Request 241:</u> Admit that the NYPD Patrol Guide 221-07 states that officers should avoid
  discharging pepper spray or OC spray indiscriminately over a large area for disorder control
  and that this policy was in effect on May 30, 2020.
  - o <u>Objection:</u> Defendants object to Request No. 241 on the grounds that it is an
    improper use of Rule 36 and is compound. Defendants also object as this request is
    improper as defendants cannot respond to this request without providing a narrative.
    Defendants further object as this request seeks an admission to facts in dispute or
    seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an
    undisputed fact is in any way improper. Rule 36 applies to any matters within the

COHEN&GREEN

Page 200 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

"Compound" is not a proper objection to a Request for Admission. As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it. Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Thus, because Defendants failed to follow the rule, this request should be admitted by default.

Similarly, that some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Either the NYPD Patrol Guide 221-01 requires an officer to advise the offender that physical force or other devices, such as pepper spray, will be used to handcuff/restrain the offender before applying such force and that pepper spray or OC spray will not be used against offenders who are passively resisting or it does not.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

COHEN&GREEN

Page 201 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Finally, all of this is absurd:  the City can admit or deny what its own policies require.  If Plaintiffs have misstated what the policies require, it is actually quite important that the City correct it.  And if Plaintiffs have stated it correctly, understanding there is no dispute about the statement — and that they need not probe further on this issue in discovery — is just as important.

<u>Defendants' Response:</u>


- <u>Request 242:</u> Admit that Sergeant Majer Saleh was present on May 30, 2020 at and/or near FDR Drive in the vicinity of South Street and Gouverneur Slip E.
  - o <u>Objection:</u> Defendants object to Request No. 242 on the grounds that it is an improper use of Rule 36 and is compound. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context. Defendants also object to this request as Sgt. Majer Saleh is not represented by the Office of the Corporation Counsel and any requests to admit regarding this officer should be directed to his counsel.
  - o <u>Analysis:</u>  Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    Nothing in this request is vague, and Defendants do not explain how it is. Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  · t : (929) 888.9480  · f : (929) 888.9457  ·  FemmeLaw.com



intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As
the Committee put it:  "The proper response in such cases is an answer. The very
purpose of the request is to ascertain whether the answering party is prepared to
admit or regards the matter as presenting a genuine issue for trial. In his answer, the
party may deny, or he may give his reason for inability to admit or deny the existence
of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in
issue, since Rule 37(c) provides a sanction of costs only when there are no good
reasons for a failure to admit."  *Id.*  Just so.  And because Defendants objections and
refusal to answer is not "[t]he proper response" and flouts the clear meaning of the
rules, they are no answers at all.  And since that "answer does not comply with this
rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P.
36(a)(6).

Defendants' "directed to his counsel" objection reflects a bad faith refusal to read
the rule or consider the basic issues in this litigation.  The City employed the officer
at issue, and is liable in respondeat superior for his conduct.  Beyond that, the City
can determine the truth of these matters with a reasonable inquiry.  That the City
does not **like** what is true is not a basis to refuse to admit the fact.  But there is
nothing improper in asking the City to admit where it deployed one of its employees.

<u>Defendants' Response:</u>

- <u>Request 243:</u> Admit that Sergeant Majer Saleh was carrying pepper spray or OC spray on his
  person on May 30, 2020.
    - o <u>Objection:</u> Defendants object to Request No. 243 on the grounds that it is an
      improper use of Rule 36 and is compound. Defendants further object as this request
      seeks an admission to facts in dispute or seeks a concession of purported statements
      taken out of context. Defendants also object to this request as Sgt. Majer Saleh is not
      represented by the Office of the Corporation Counsel and any requests to admit
      regarding this officer should be directed to his counsel.
    - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an
      undisputed fact is in any way improper. Rule 36 applies to any matters within the
      scope of 26(b)(1) relating to (among others) facts and the genuineness of any
      described documents. This request is clearly within that scope.

      "Compound" is not a proper objection to a Request for Admission.  As stated at the
      relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true,

COHEN&GREEN

Page 203 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be admitted by default.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit."  *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Defendants' "directed to his counsel" objection reflects a bad faith refusal to read the rule or consider the basic issues in this litigation.  The City employed the officer at issue, and is liable in respondeat superior for his conduct.  Beyond that, the City can determine the truth of these matters with a reasonable inquiry.  That the City does not **like** what is true is not a basis to refuse to admit the fact.  But there is nothing improper in asking the City to admit how it equipped one of its employees.

<u>Defendants' Response:</u>

- <u>Request 244:</u> Admit that Sergeant Majer Saleh discharged pepper spray or OC spray on May 30, 2020 on and/or near FDR Drive in the vicinity of South Street and Gouverneur Slip E.
  - ○ <u>Objection:</u> Defendants object to Request No. 244 on the grounds that it is an improper use of Rule 36 and is compound. Defendants also object to this request as

COHEN&GREEN                                                      Page 204 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



"in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context. Defendants also object to this request as Sgt. Majer Saleh is not represented by the Office of Corporation Counsel and any requests to admit regarding this officer should be directed to his counsel.

o   <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

"Compound" is not a proper objection to a Request for Admission.  As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it.  Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).  Thus, because Defendants failed to follow the rule, this request should be admitted by default.  Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

Nothing in this request is vague, and Defendants do not explain how it is.  "In the vicinity" is standard language in the police department, and here refers clearly to the area where the NYPD was engaged in an enforcement action disrupting a particular protest.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Finally, Defendants' "directed to his counsel" objection reflects a bad faith refusal to read the rule or consider the basic issues in this litigation. The City employed the officer at issue, and is liable in respondeat superior for his conduct. Beyond that, the City can determine the truth of these matters with a reasonable inquiry. That the City does not *like* what is true is not a basis to refuse to admit the fact. But there is nothing improper in asking the City to admit what one of its employees did while discharging official duties.

Defendants' Response:

- Request 245: Admit that protestors were not given an order to disperse at or near FDR Drive in the vicinity of South Street and Gouverneur Slip E prior to being arrested or physically dispersed on May 30, 2020.
  - Objection: Defendants object to Request No. 245 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants further object as this Request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Either orders to disperse were given at the protest at issue in this Request or they were not. Plaintiffs believe it is undisputed that no orders to disperse were given. No witness has testified to it; no document reflects it; none of Defendants interrogatory responses have identified such orders.

    Nothing in this request is vague, and Defendants do not explain how it is. "In the vicinity" is standard language in the police department, and here refers clearly to the

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



area where the NYPD was engaged in an enforcement action disrupting a particular protest.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).


Nor does the context surrounding how any statement was made (or in this case, not made) have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, never said.

Defendants' Response:


- Request 246: Admit that no NYPD member of service requested EMS to respond on May 30, 2020 to provide medical services to individuals who had been pepper sprayed at/or near FDR Drive in the vicinity of South Street and Gouverneur Slip E.

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- o  <u>Objection:</u> Defendants object to Request No. 246 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper.
- o  <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.  Either orders to disperse were given at the protest at issue in this Request or they were not.  Plaintiffs believe it is undisputed that no orders to disperse were given.  No witness has testified to it; no document reflects it; none of Defendants interrogatory responses have identified such orders.

  Nothing in this request is vague, and Defendants do not explain how it is.  "In the vicinity" is standard language in the police department, and here refers clearly to the area where the NYPD was engaged in an enforcement action disrupting a particular protest.

  Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

  Nor does the context surrounding how any statement was made (or in this case, not made) have any bearing on whether or not the statement was made.  If Defendants

COHEN&GREEN

Page 208 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



wish to provide context they can certainly do so, and the Rule provides a clear
explanation for how. But context is not necessary for confirming or denying the
existence of a statement. Rather, Plaintiffs are attempting to find out whether they
genuinely will need to depose — and call at trial — a witness to confirm these things
were, in fact, never said.

Defendants' Response:

**Matthew King-Yarde**

- Request 247: Admit that Defendants are unable to identify the officers involved in placing
  physical restraints on Matthew King-Yarde on May 31, 2020.
    - Objection: Defendants object to Request No. 247 on the grounds that it is improper
      as defendants cannot respond to this request without providing a narrative.
    - Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in
      detail why the answering party cannot truthfully admit or deny it" — is required is
      not an objection. Defendants' assertion otherwise is frivolous. And also incorrect:
      the fact here requires no narrative at all to admit.

      In short, Defendants have been asked for months upon months to identify these
      officers. Either they can or they cannot do so. The Court should order Defendants
      to make good on their refusal to admit this fact by identifying the officers at issue in
      the next 2 business days. If Defendants cannot, the Court should deem this
      admitted and further sanction Defendants for taking a frivolous position.

Defendants' Response:

- Request 248: Admit that NYPD Officer Bryan Rozanski did not personally observe the
  circumstances leading to Matthew King-Yarde's arrest on May 31, 2020.
    - Objection: Defendants object to Request No. 248 on the grounds that it is an
      improper use of Rule 36 and is compound. Defendants also object as this request
      seeks an admission to facts in dispute or seeks a concession of purported statements
      taken out of context.
    - Analysis: Defendants object to Request No. 231 on the grounds that it is an
      improper use of Rule 36 and is compound. Defendants also object as this request

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

- o  <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

  That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect:  the fact here requires no narrative at all to admit.

  Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

  Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Finally, it appears Defendants have simply not asked Off. Rozanski whether he personally observed anything.  That violates the Rule, and calls for this request to be deemed admitted

Defendants' Response:

- Request 249: Admit that NYPD Officer Bryan Rozanski did not personally observe Matthew King-Yarde commit any violations of the Penal Law offenses on May 31, 2020.
    - o Objection: Defendants object to Request No. 249 on the grounds that it is an improper use of Rule 36 and is compound. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - o Analysis Defendants object to Request No. 231 on the grounds that it is an improper use of Rule 36 and is compound. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - o Analysis: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence

COHEN&GREEN                                                                                           Page 211 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Finally, it appears Defendants have simply not asked Off. Rozanski whether he personally observed anything.  That violates the Rule, and calls for this request to be deemed admitted

Defendants' Response:


- Request 250: Admit that no other NYPD officer told Officer Bryan Rozanski of the circumstances that led to Matthew King-Yarde's arrest on May 31, 2020.
  - Objection: Defendants object to Request No. 250 on the grounds that it is an improper use of Rule 36 and is compound. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - Analysis: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



matters which that party regards as 'in dispute,'" and the 1970 amendments were
intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As
the Committee put it:  "The proper response in such cases is an answer. The very
purpose of the request is to ascertain whether the answering party is prepared to
admit or regards the matter as presenting a genuine issue for trial. In his answer, the
party may deny, or he may give his reason for inability to admit or deny the existence
of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in
issue, since Rule 37(c) provides a sanction of costs only when there are no good
reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and
refusal to answer is not "[t]he proper response" and flouts the clear meaning of the
rules, they are no answers at all.  And since that "answer does not comply with this
rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P.
36(a)(6).

Finally, it appears Defendants have simply not asked Off. Rozanski whether he was
told about anything related to the arrest of King-Yarde.  That violates the Rule, and
calls for this request to be deemed admitted

Defendants' Response:

- **Request 251:** Admit that Officer Bryan Rozanski independently did not have probable cause
  to arrest Matthew King-Yarde on May 31, 2020.
    - Objection: Defendants object to Request No. 251 on the grounds that it seeks an
      admission to a legal conclusion and is improper.
      Analysis: Defendants' response appears to reflect a misunderstanding of Rule 36.
      Rule 36, by its plain text, permits a request to admit "the application of law to fact."
      Fed. R. Civ. P. 36(a)(1)(A).  The facts that this conclusion rests on are set out at
      some length above.  Essentially, the facts are that Off. Rozanski had no personal
      knowledge or even second/third-hand knowledge of what King-Yarde had done or
      not done.  On those facts, Plaintiffs have asked Defendants to admit there is no
      probable cause — a clear "application of law to fact."  Beyond claiming this is an
      unadorned legal conclusion, Defendants lodge no other objections.

      Thus, since Defendants have thus served an "answer [that] does not comply with
      this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P.
      36(a)(6).

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



<u>Defendants' Response:</u>

- <u>Request 252:</u> Intentionally omitted as Defendants answered or partially answered.

- <u>Request 253:</u> Admit that the charge of "PL 240.20(6)" "DIS/CON: REUSING TO
  DISPERSE" that appears on Matthew King-Yarde's voided arrest form, DEF_000112289,
  was only entered on the form for processing purposes and not because any officer involved
  in the processing of Matthew King-Yarde had probable cause to believe that he violated that
  portion of the Penal Law.
  o <u>Objection:</u> Defendants object to Request No. 253 on the grounds that it is improper
     as defendants cannot respond to this request without providing a narrative.
     Defendants also object as this request seeks an admission to facts in dispute or seeks
     a concession of purported statements taken out of context.
  o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in
     detail why the answering party cannot truthfully admit or deny it" — is required is
     not an objection. Defendants' assertion otherwise is frivolous. And also incorrect:
     the fact here requires no narrative at all to admit. Either the charge was entered for
     processing purposes or it was not.

     Requesting an admission to matters that a party regards as "in dispute" is not
     inherently improper. While Defendants might have had a proper objection in 1969,
     the 1970 amendments to the Federal Rule plainly and intentionally reject
     Defendants' position: The Committee notes that previously, "Courts … divided on
     whether an answering party may properly object to request for admission as to
     matters which that party regards as 'in dispute,'" and the 1970 amendments were
     intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As
     the Committee put it: "The proper response in such cases is an answer. The very
     purpose of the request is to ascertain whether the answering party is prepared to
     admit or regards the matter as presenting a genuine issue for trial. In his answer, the
     party may deny, or he may give his reason for inability to admit or deny the existence
     of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in
     issue, since Rule 37(c) provides a sanction of costs only when there are no good
     reasons for a failure to admit." *Id.* Just so. And because Defendants objections and
     refusal to answer is not "[t]he proper response" and flouts the clear meaning of the
     rules, they are no answers at all. And since that "answer does not comply with this



rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Defendants' Response:

**Nicholas Mulder**

- <u>Request 254:</u> Intentionally omitted as Defendants answered or partially answered.

- <u>Request 255:</u> Admit that Nicholas Mulder was holding a light as part of a crew filming the protest in the vicinity of Penn St. and Wythe Ave on June 4, 2020.
  - o <u>Objection:</u> Defendants object to Request No. 255 on the grounds "in the vicinity of" is vague and ambiguous and the phraseology is improper. Defendants also object to this request as it seeks an admission of information not within defendants' knowledge, possession, or control.
  - o <u>Analysis:</u> Nothing in this request is vague, and Defendants do not explain how it is. Defendants assert they have some unspecified issue determining an answer to this question. That fails to comply with the Rules. If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear: "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only if* the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4) (emphasis added). Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not. Thus, they should be ordered to answer.

Defendants' Response:

- <u>Request 256:</u> Admit that a film crew for the purposes of newsgathering are media personnel.
  - o <u>Objection:</u> Defendants object to Request No. 256 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request is vague and ambiguous and the phraseology is improper.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



o   <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Nothing in this request is vague, and Defendants do not explain how it is.

Either as a fact — or as "application of law to fact" (Fed. R. Civ. P. 36(a)(1)(A)) — Defendants can either admit or deny whether the crew filming something "for the purposes of newsgathering" are "media personnel."

<u>Defendants' Response:</u>


- <u>Request 257:</u> Admit that Nicholas Mulder was arrested by the NYPD on June 4, 2020.
  o   <u>Response:</u> Admit

- <u>Request 258:</u> Admit that NYPD officers used force to arrest Nicholas Mulder on June 4, 2020.
  o   <u>Objection:</u> Defendants object to Request No. 258 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  o   <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Either officers used force to arrest Nicholas Mulder or they did not.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to

COHEN&GREEN

Page 216 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Defendants' Response:

- Request 259: Admit that, on June 4, 2020, in the vicinity of Penn St. and Wythe Ave. in Brooklyn, New York, Lieutenant Michael Butler used force to get Nicholas Mulder down to the ground.
  - Objection: Defendants object to Request No. 259 on the grounds that it is an improper use of Rule 36 and is compound. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - Analysis: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope. Nothing in this request is vague, and Defendants do not explain how it is.

    Similarly, requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence

COHEN&GREEN                                    Page 217 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Finally, even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 260:</u> Admit that an NYPD officer struck Nicholas Mulder with a baton on June 4, 2020.
    - o <u>Objection:</u> Defendants object to Request No. 260 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Either an officer struck Nicholas Mulder with a baton or they did not.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit."  *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Defendants' Response:

- Request 261: Admit that an NYPD Officer placed flex cuffs on Nicholas Mulder.
  - o  Objection: Defendants object to Request No. 261 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.
  - o  Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.  Either an NYPD Officer placed flex cuffs on Nicholas Mulder or they did not.

Defendants' Response:

- Request 262: Admit that NYPD Officers did not personally issue verbal dispersal orders to Nicholas Mulder prior to arresting him.
  - o  Objection: Defendants object to Request No. 262 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o  Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



the fact here requires no narrative at all to admit.  Either orders to disperse were given at the protest at issue in this Request or they were not.  Plaintiffs believe it is undisputed that no orders to disperse were given.  No witness has testified to it; no document reflects it; none of Defendants interrogatory responses have identified such orders.

Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit."  *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Nor does the context surrounding how any statement was made (or in this case, not made) have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement.  Rather, Plaintiffs are attempting to find out whether they genuinely will need to depose — and call at trial — a witness to confirm these things were, in fact, never said.

<u>Defendants' Response:</u>

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



- Request 263: Admit that Lieutenant Michael Butler was aware, prior to June 4, 2020, that members of the media were exempt from Emergency Executive Order 119, the Citywide Curfew.
    - Objection: Defendants object to Request No. 263 on the grounds that it is an improper use of Rule 36 and is compound. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - Analysis: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

        "Compound" is not a proper objection to a Request for Admission. As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it. Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Thus, because Defendants failed to follow the rule, this request should be admitted by default.

        Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Finally, it appears Defendants have simply not asked Lt. Butler whether he knew that members of the media were exempt from the curfew (he did). That violates the Rule, and calls for this request to be deemed admitted.

Defendants' Response:

- Request 264: Admit that Lieutenant Michael Butler was not aware, prior to June 4, 2020, that members of the media were exempt from Emergency Executive Order 119, the Citywide Curfew.
  - o Objection: Plaintiffs withdrew Request No. 264.

- Request 265: Admit that Lieutenant Michael Butler was aware that Nicholas Mulder was a member of the media prior to his arrest.
  - o Objection: Defendants object to Request No. 265 on the grounds that it is an improper use of Rule 36 and is compound. Defendants also object as it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o Analysis: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope. "Compound" is not a proper objection to a Request for Admission. As stated at the relevant meet and confer, if any part of the fact Plaintiffs seek admission of not true, Defendants may just deny it. Or, at minimum, as the Rule requires, Defendants' "answer **must** specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Thus, because Defendants failed to follow the rule, this request should be admitted by default.

COHEN&GREEN

Page 222 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Either Lieutenant Michael Butler was aware that Nicholas Mulder was a member of the media prior to his arrest or he was not — and given that, as set out above, Mulder was carrying a light and was part of a film crew, it seems beyond cavil that Butler understood Mulder was media.

Similarly, requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Finally, it appears Defendants have simply not asked Lt. Butler whether he knew Mulder was a member of the media. That violates the Rule, and calls for this request to be deemed admitted.

Defendants' Response:


• Request 266: Admit that on June 4, 2020, Nicholas Mulder was bleeding from lacerations on his head when he was arrested by NYPD officers.

COHEN&GREEN

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



- o   <u>Objection:</u> Defendants object to Request No. 266 on the grounds that this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
- o   <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.  This request asks Defendants to concede obviously visible injuries that many individual members of the NYPD personally observed during Mulder's arrest processing.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

    Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

    <u>Defendants' Response:</u>

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- <u>Request 267:</u> Admit that as a result of the force used by NYPD officers in effecting his arrest on June 4, 2020, Nicholas Mulder suffered injuries, including a laceration to his head.
  - o <u>Objection:</u> Defendants object to Request No. 267 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

    <u>Defendants' Response:</u>

- <u>Request 268:</u> Admit that Defendants cannot identify any officer that personally issued a dispersal order to Nicholas Mulder.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- o **Objection:** Defendants object to Request No. 268 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
- o **Analysis:** That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit.

  In short, Defendants have been asked for months upon months to identify these officers. Either they can or they cannot do so. The Court should order Defendants to make good on their refusal to admit this fact by identifying the officers at issue in the next 2 business days. If Defendants cannot, the Court should deem this admitted and further sanction Defendants for taking a frivolous position.

  <u>Defendants' Response:</u>


- **Request 269:** Admit that NYPD Officer Aaron Husbands did not personally observe Nicholas Mulder violate Emergency Executive Order 119, the Citywide Curfew.
    - o **Objection:** Defendants object to Request No. 269 on the grounds that it is an improper use of Rule 36. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - o **Analysis:** Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

      That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970

COHEN&GREEN                                                                 Page 226 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit."  *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Finally, it appears Defendants have simply not asked Off. Husbands any questions. That violates the Rule, and calls for this request to be deemed admitted.

<u>Defendants' Response:</u>

- <u>Request 270:</u> Admit that NYPD Officer Aaron Husbands did not personally observe Nicholas Mulder violate any Penal Law offenses
    - o <u>Objection:</u> Defendants object to Request No. 270 on the grounds that it is an improper use of Rule 36. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - o <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit. Requesting an admission to matters that a party regards as "in dispute" is not inherently improper.  While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:  The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Finally, it appears Defendants have simply not asked Off. Husbands any questions.  That violates the Rule, and calls for this request to be deemed admitted.

<u>Defendants' Response:</u>

- <u>Request 271:</u> Admit that NYPD Officer Aaron Husbands did not personally issue dispersal orders to Nicholas Mulder.

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



o   <u>Objection:</u> Defendants object to Request No. 271 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.

o   <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect:  the fact here requires no narrative at all to admit. Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position:   The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As the Committee put it:  "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made.  If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how.  But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  · t : (929) 888.9480  · f : (929) 888.9457  ·  FemmeLaw.com



Finally, it appears Defendants have simply not asked Off. Husbands any questions. That violates the Rule, and calls for this request to be deemed admitted.

Defendants' Response:

- Request 272: Admit that the document produced under Bates stamp Payne_363 is a true and accurate copy of a C-Summons issued by the NYPD on June 4, 2020, to Nicholas Mulder.
  - o   Objection: Defendants object to Request No. 272 on the grounds that after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request. Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper.
  - o   Analysis: Defendants assert they have some unspecified issue determining an answer to this question. That fails to comply with the Rules. If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear: "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if** the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4) (emphasis added). Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not. Nothing in this request is vague, and Defendants do not explain how it is.

    Indeed, one of the stated purposes of the Rule is to allow parties to demand admissions — or at least, obtain denials and cost-shift if those denials are not justified — about "the genuineness of **any described document**." Fed. R. Civ. P. 36(a)(1)(B). It appears Defendants have simply taken no steps to seriously respond to this Request. In light of that, the Court should direct Defendants to provide a declaration setting out under oath exactly what steps were taken before Defendants refused to answer this Request — and consider appropriate sanctions if the answer is "none" or is untruthful.

Defendants' Response:

- **Request 273:** Intentionally omitted as Defendants answered or partially answered.

COHEN&GREEN

Page 230 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- Request 274: Admit that no NYPD officer has received command or formal discipline for their conduct in arresting Nicholas Mulder on June 4, 2020.
  - Objection: Defendants object to Request No. 274 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.
  - Analysis: Defendants' entire response is particularly frivolous and worthy of sanctions here. It is **_uniquely_** within Defendants' knowledge whether or not discipline has been imposed for a particular incident. And whether or not discipline has been imposed is a binary fact: it either has or it hasn't.

    Defendants' objections, even out of context, are misguided. That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit.

    Thus, because Defendants failed to follow the rule, this request should be admitted by default.

  Defendants' Response:

**Micaela Martinez**

- Request 275: Admit that prior to 8:00 PM on June 4, 2020, Micaela Martinez was in the group of protesters surrounded by the NYPD in the vicinity of 136th Street and Brook Avenue in the Bronx and therefore was not able to disperse.
  - Objection: Defendants object to Request No. 275 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect:

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



the fact here requires no narrative at all to admit.  Either Micaela Martinez was in the
group of protestors surrounded by the NYPD or she was not.
Nothing in this request is vague, and Defendants do not explain how it is.
Requesting that an admission to matters that a party regards as "in dispute" is not
inherently improper.  While Defendants might have had a proper objection in 1969,
the 1970 amendments to the Federal Rule plainly and intentionally reject
Defendants' position:  The Committee notes that previously, "Courts … divided on
whether an answering party may properly object to request for admission as to
matters which that party regards as 'in dispute,'" and the 1970 amendments were
intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a).  As
the Committee put it:  "The proper response in such cases is an answer. The very
purpose of the request is to ascertain whether the answering party is prepared to
admit or regards the matter as presenting a genuine issue for trial. In his answer, the
party may deny, or he may give his reason for inability to admit or deny the existence
of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in
issue, since Rule 37(c) provides a sanction of costs only when there are no good
reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and
refusal to answer is not "[t]he proper response" and flouts the clear meaning of the
rules, they are no answers at all.  And since that "answer does not comply with this
rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P.
36(a)(6).

<u>Defendants' Response:</u>


- <u>Request 276:</u> Admit that protestors were not given an order to disperse in the vicinity of
  136th Street and Brook Avenue in the Bronx prior to being placed under arrest on June 4,
  2020.
    - o <u>Objection:</u> Defendants object to Request No. 276 on the grounds that it is improper
      as defendants cannot respond to this request without providing a narrative.
      Defendants also object to this request as "in the vicinity of" is vague and ambiguous,
      and the phraseology is improper. Defendants also object as this request seeks an
      admission to facts in dispute or seeks a concession of purported statements taken
      out of context.
      <u>Analysis:</u> Defendants fail to even attempt to explain how asking them to admit an
      undisputed fact is in any way improper. Rule 36 applies to any matters within the
      scope of 26(b)(1) relating to (among others) facts and the genuineness of any
      described documents. This request is clearly within that scope.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Moreover, even if there were some arguable dispute, requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

"In the vicinity of East 136th Street between Brook Avenue" might be vague as applied to some location several blocks away, but this Request is obviously referring to the kettle formed around protesters at Mott Haven — on East 136th between Brook and Brown. Defendants' pretense that they do not understand is frivolous.

Even if there were a statement at issue, a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

<u>Defendants' Response:</u>

- <u>Request 277:</u> Intentionally omitted as Defendants answered or partially answered.

COHEN&GREEN                                                                    Page 233 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- Request 278: Admit that Officer Joselyn Jimenez (Shield Number 14191) was present on June 4, 2020 in the vicinity of 136th Street and Brook Avenue in the Bronx.
  - Objection: Defendants object to Request No. 278 on the grounds that it is an improper use of Rule 36 and it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper
  - Analysis: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    "In the vicinity of East 136th Street between Brook Avenue" might be vague as applied to some location several blocks away, but this Request is obviously referring to the enforcement action taken against protesters at Mott Haven in the Bronx — on East 136th between Brook and Brown.  Defendants' pretense that they do not understand is frivolous.

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect:  the fact here requires no narrative at all to admit.  Either Officer Jimenez was present on June 4, 2020 at Mott Haven or she was not. Nothing in this request is vague, and Defendants do not explain how it is.

Defendants' Response:


- Request 279: Admit that Officer Joselyn Jimenez put flex cuffs on Micaela Martinez.
  - Objection: Defendants object to Request No. 279 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative.
  - Analysis: That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection.  Defendants' assertion otherwise is frivolous.  And also incorrect: the fact here requires no narrative at all to admit.  Either Officer Joselyn Jimenez put flex cuffs on Micaela Martinez or she did not.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- **Request 280:** Admit that Officer Joselyn Jimenez did not adjust or otherwise remove the flex cuffs applied to Micaela Martinez.
  - o **Objection:** Defendants object to Request No. 280 on the grounds that it is an improper use of Rule 36, and it is improper as defendants cannot respond to this request without providing a narrative.
  - o **Analysis:** Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect:  the fact here requires no narrative at all to admit.  Either Officer Joselyn Jimenez adjusted/removed the flexcuffs on Micaela Martinez or she did not.

  <u>Defendants' Response:</u>


- **Request 281:** Admit that Micaela Martinez's arresting officer, Officer Joseph Deck, was present on June 4, 2020 in the vicinity of 136th Street and Brook Avenue in the Bronx.
  - o **Objection:** Defendants object to Request No. 281 on the grounds that it is an improper use of Rule 36. Defendants also object to this request as it is improper as defendants cannot respond to this request without providing a narrative. Defendants also object to this request as "in the vicinity of" is vague and ambiguous, and the phraseology is improper.
  - o **Analysis:** Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    "In the vicinity of East 136th Street between Brook Avenue" might be vague as applied to some location several blocks away, but this Request is obviously referring to the enforcement action taken against protesters at Mott Haven in the Bronx — on East 136th between Brook and Brown.  Defendants' pretense that they do not understand is frivolous.

COHEN&GREEN                                    Page 235 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Either Officer Deck was present on June 4, 2020 at Mott Haven or he was not. Nothing in this request is vague, and Defendants do not explain how it is.

Defendants' Response:

- Request 282: Admit that Officer Joseph Deck did not personally observe Micaela Martinez violate Emergency Executive Order No. 119, the Citywide Curfew.
  - Objection: Defendants object to Request No. 282 on the grounds that it is an improper use of Rule 36 and is compound. Defendants also object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - Analysis: Defendants fail to even attempt to explain how asking them to admit an undisputed fact is in any way improper. Rule 36 applies to any matters within the scope of 26(b)(1) relating to (among others) facts and the genuineness of any described documents. This request is clearly within that scope.

    That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because

COHEN&GREEN

Page 236 of 240

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

Even if there were a statement at issue (there is not), a lack of context surrounding how any statement was made have any bearing on whether or not the statement was made. If Defendants wish to provide context they can certainly do so, and the Rule provides a clear explanation for how. But context is not necessary for confirming or denying the existence of a statement (to the extent a statement is at issue — which, again, it isn't).

Finally, it appears Defendants have simply not asked Off. Husbands any questions. That violates the Rule, and calls for this request to be deemed admitted.

<u>Defendants' Response:</u>

- <u>Request 283:</u> Admit that, on June 4, 2020, Micaela Martinez informed NYPD officers that her flex cuffs were too tight and causing her injury.
    - o <u>Objection:</u> Defendants object to Request No. 283 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendants further object as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
    - o <u>Analysis:</u> ; That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit.

        Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to

Page 237 of 240

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.* Just so. And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all. And since that "answer does not comply with this rule," the Court should order "that the matter is admitted." *See* Fed. R. Civ. P. 36(a)(6).

<u>Defendants' Response:</u>

- <u>Request 284:</u> Admit that NYPD officers did not remove or adjust Micaela Martinez's flex cuffs on June 4, 2020, until she was at the police van when they put a second set of flex cuffs on her wrists.
  - o <u>Objection:</u> Defendants object to Request No. 284 on the grounds that it is improper as defendants cannot respond to this request without providing a narrative. Defendant further objects as this request seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context.
  - o <u>Analysis:</u> That some "narrative" — or, to use the words in the Rule, "stat[ing] in detail why the answering party cannot truthfully admit or deny it" — is required is not an objection. Defendants' assertion otherwise is frivolous. And also incorrect: the fact here requires no narrative at all to admit. Either officers removed or adjusted Micaela Martinez's flex cuffs prior to placing her in the police van or they did not.

    Requesting an admission to matters that a party regards as "in dispute" is not inherently improper. While Defendants might have had a proper objection in 1969, the 1970 amendments to the Federal Rule plainly and intentionally reject Defendants' position: The Committee notes that previously, "Courts … divided on whether an answering party may properly object to request for admission as to matters which that party regards as 'in dispute,'" and the 1970 amendments were intended to resolve that split. 1970 Advisory Comm. N., Fed. R. Civ. P. 36(a). As the Committee put it: "The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give his reason for inability to admit or deny the existence

COHEN&GREEN                                                                                   Page 238 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." *Id.*  Just so.  And because Defendants objections and refusal to answer is not "[t]he proper response" and flouts the clear meaning of the rules, they are no answers at all.  And since that "answer does not comply with this rule," the Court should order "that the matter is admitted."  *See* Fed. R. Civ. P. 36(a)(6).

Defendants' Response:

- Request 285: Admit that the document produced under Bates stamp Payne_332 is a true and accurate copy of a C-Summons issued by the NYPD on June 4, 2020, to Micaela Martinez.
  - Objection: Defendants object to Request No. 285 on the grounds after a reasonable inquiry the information defendants know or can readily obtain is insufficient for defendants to admit or deny this request. Defendants also object to this request as "issued" is vague and ambiguous and the phraseology is improper.
  - Analysis: Defendants assert they have some unspecified issue determining an answer to this question.  That fails to comply with the Rules.  If Defendants believe they cannot answer the request with a reasonable inquiry, Rule 36 is clear:  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if** the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4) (emphasis added).  Defendants do not state they've made a reasonable inquiry, presumably because they obviously have not. Nothing in this request is vague, and Defendants do not explain how it is.

    Indeed, one of the stated purposes of the Rule is to allow parties to demand admissions — or at least, obtain denials and cost-shift if those denials are not justified — about "the genuineness of **any described document**."  Fed. R. Civ. P. 36(a)(1)(B).  It appears Defendants have simply taken no steps to seriously respond to this Request.  In light of that, the Court should direct Defendants to provide a declaration setting out under oath exactly what steps were taken before Defendants refused to answer this Request — and consider appropriate sanctions if the answer is "none" or is untruthful.

Defendants' Response:

COHEN&GREEN                    Page 239 of 240

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



- **<u>Request 286:</u>** Intentionally omitted as Defendants answered or partially answered.

COHEN&GREEN

Page 240 of 240

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com