# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------- x

In Re: New York City Policing
During Summer 2020 Demonstrations,

_____

This filing is related to:

ALL CASES

---------------------------------------------------- x

**DEFENDANTS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO CERTAIN OF PLAINTIFFS' FIRST CONSOLIDATED REQUESTS FOR ADMISSION TO CERTAIN DEFENDANTS AND SUPPLEMENTAL INTERROGATORY AND REQUEST FOR PRODUCTION**

20 Civ 8924 (CM)(GWG)

Pursuant to Rules 26, 33, 34, and Rule 36 of the Federal Rules of Civil Procedure, Defendants supplement objections and responses object to Plaintiffs' First Consolidated Requests for Admission to Certain Defendants and Supplemental Interrogatory and Request for Production as follows:

**GENERAL STATEMENT**

1. By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein,

or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3. With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

4. Defendants object to the entirety of Plaintiffs' First Consolidated Requests for Admission to Certain Defendants and Supplemental Interrogatory and Request for Production, the totality of which are unduly burdensome, overbroad, and harassing.

5. Defendants object to the phraseology in Plaintiffs' First Consolidated Requests for Admission to Certain Defendants and Supplemental Interrogatory and Request for Production, to the extent that such phraseology, *inter alia*, requires answers with explanations in order to address requests for admissions containing half facts or half-truths taken out of context.

### REQUESTS FOR ADMISSION TO THE CITY OF NEW YORK BILL DE BLASIO AND TERENCE MONAHAN

**REQUEST FOR ADMISSION NO. 3:**

Admit that Bill de Blasio and Dermot F. Shea communicated with each other at least once per day between May 29 and June 5, 2020, regarding the NYPD response to the Protests.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admit.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Bill de Blasio and Terence A. Monahan communicated with each other at least once per day between May 29 and June 5, 2020, regarding the NYPD response to the Protests.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admit.

**REQUEST FOR ADMISSION NO. 7:**

Admit that employees of the Office of the Mayor of New York City were present at the June 4, 2020, rally in Mott Haven, Bronx, and reported back their observations to Mayor de Blasio.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admit.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the time stamp that appears on NYPD body-worn camera footage is in Greenwich Mean Time, which is five hours ahead of U.S. Eastern Standard Time ("EST") and four hours ahead of Eastern Daylight Time ("EDT").

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Admit.

**REQUEST FOR ADMISSION NO. 44:**

Admit that the document produced by Defendant under Bates numbers DEF_000046332-34 is a true and accurate copy of the arrest report prepared for the arrest of Jemell Cole.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Admit.

**REQUEST FOR ADMISSION NO. 47:**

Admit that the document produced by Defendant under Bates number DEF_CCRB_0120887 is a true and accurate copy of the body worn camera footage of Officer Briana Carlo on July 15, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Admit.

**REQUEST FOR ADMISSION NO. 48:**

Admit that the document produced by Defendant under Bates numbers DEF_CCRB_0120862-74 is a true and accurate copy of the Activity Log Report of Officer Briana Carlo on July 15, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Admit.

**REQUEST FOR ADMISSION NO. 136:**

Admit that the following officials met together on June 4, 2020 to plan the response to the Mott Haven Protest: Kenneth Lehr, Terence Monahan, Harry Wedin, John D'Adamo, Edward Delatorre, and Raymond Spinella.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 136:**

Defendants object to Request No. 136 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken

out of context.  Notwithstanding, defendants admit that a group of high-ranking officers met on June 4th, 2020, with respect to the activity in Mott Haven.

**REQUEST FOR ADMISSION NO. 137:**

Admit that the following officials met together on June 4, 2020 to plan the response to the Mott Haven Protest: Kenneth Lehr, Robert Gallitelli, Gerard Dowling, James McGeown, David Miller, Joseph Taylor, and Julio Delgado.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 137:**

Defendants object to Request No. 137 on the grounds that it is an improper use of Rule 36 and seeks an admission to facts in dispute or seeks a concession of purported statements taken out of context. Notwithstanding, defendants admit that a group of high-ranking officers met on June 4th, 2020, with respect to the activity in Mott Haven.

**REQUEST FOR ADMISSION NO. 138:**

Admit that the following officials met on June 4, 2020 to plan the response to the Mott Haven Protest: Kenneth Lehr, Terence Monahan, Hany Wedin, John D'Adamo, Gerard Dowling, Raymond Spinella, David Miller, Robert Gallitelli, Isaac Soberal, Edward Delatorre (Chief of Transit), Kenneth Rice (Legal), Bobby Rice, and John Parker.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 138:**

Defendants object to Request No. 138 on the grounds that it is an improper use of Rule 36 as it seeks admission to facts.  Notwithstanding, defendants admit that a group of high-ranking officers met on June 4th, 2020, with respect to the activity in Mott Haven.

**REQUEST FOR ADMISSION NO. 141:**

Admit that Theresa Doherty sent an email at approximately 7:57 p.m. on June 4, 2020, that read, "Held up at 136 and Brook."  (See DEF-E_45453).

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 141:**

Admit that the document bearing Bates stamp No. DEF-E_45453 appears to be an email sent from Theresa Doherty at approximately 7:57 p.m. on June 4, 2020 and states, in part, "Held up at 136 and Brook."

**REQUEST FOR ADMISSION NO. 159:**

Admit that the document produced by Defendant under Bates stamp DEF_000096532-33 is a true and accurate copy of a C-Summons issued by the NYPD on June 4, 2020, to James Lauren.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 159:**

Defendants object to this request as it is vague, ambiguous and confusing as to the meaning of the word "issued" because DEF_000096532 is an electronic version of a summons for a person named James Fried.

**REQUEST FOR ADMISSION NO. 160:**

Admit that the document produced by Defendant under Bates stamp DEF_000096534-35 is a true and accurate copy of a C-Summons issued by the NYPD on June 4, 2020, to James Lauren.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 160:**

Defendants object to this request as it is vague, ambiguous and confusing as to the meaning of the word "issued" because DEF_000096534 is an electronic version of a summons for a person named James Fried.

**REQUEST FOR ADMISSION NO. 219:**

Admit that the summons issued against Camilla Gini on May 30, 2020 was dismissed without Ms. Gini appearing in court or being found guilty of an offense.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 219:**

Deny, and further state Ms. Gini's summons was defected for being received by the Court after the appearance date.

**REQUEST FOR ADMISSION NO. 229:**

Admit that the document produced by Defendants under DEF_000001 is a true and correct copy of a C-Summons issued by the NYPD on June 3, 2020 to Charlie Monlouis-Anderle.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 229:**

**DEFENDANTS OBJECT TO THIS REQUEST AS IT IS VAGUE, AMBIGUOUS AND CONFUSING AS TO THE MEANING OF THE WORD "ISSUED" BECAUSE DEF_000001 IS AN ELECTRONIC VERSION OF A SUMMONS FOR A PERSON NAMED CHARLIE ANDERLE. REQUEST FOR ADMISSION NO. 242:**

Admit that Sergeant Majer Saleh was present on May 30, 2020 at and/or near FDR Drive in the vicinity of South Street and Gouverneur Slip E.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 242:**

Defendants object to this request as duplicative and cumulative as Sgt. Saleh was already deposed concerning the events of May 30, 2020. Notwithstanding, defendants admit that Sgt. Saleh testified at his deposition that he was near FDR Drive in the vicinity of South Street and Gouverneur Slip E on May 30, 2020..

**REQUEST FOR ADMISSION NO. 243:**

Admit that Sergeant Majer Saleh was carrying pepper spray or OC spray on his person on May 30, 2020.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 243:**

Defendants object to this request as duplicative and cumulative as Sgt. Saleh was already deposed concerning the events of May 30, 2020. Notwithstanding, defendants admit that Sgt. Saleh testified he was carrying OC Spray on his person on May 30, 2020..

**REQUEST FOR ADMISSION NO. 244:**

Admit that Sergeant Majer Saleh discharged pepper spray or OC spray on May 30, 2020 on and/or near FDR Drive in the vicinity of South Street and Gouverneur Slip E.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 244:**

Defendants object to this request as duplicative and cumulative as Sgt. Saleh was already deposed concerning the events of May 30, 2020. Notwithstanding, defendants admit that Sgt. Saleh testified he discharged his OC Spray on May 30, 2020 near FDR Drive in the vicinity of South Street and Gouverneur Slip E.

Dated:   New York, New York
         August 3, 2022

                             HONORABLE SYLVIA O. HINDS-RADIX
                             Corporation Counsel of the
                              City of New York
                             *Attorney for Defendants*
                             100 Church Street
                             New York, New York 10007

By:   *Nadine Ibrahim /s*
      Nadine Ibrahim
      *Senior Counsel*

TO:   All Counsel