

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**BRIDGET V. HAMILL**
*Senior Counsel*
brhamill@law.nyc.gov
Phone: (212) 356-2662
Fax: (212) 356-1148

August 24, 2022

**By ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re: *New York City Policing During Summer 2020 Demonstrations*,
           No. 20 Civ. 8924 (CM) (GWG)

Your Honor:

      I am a Senior Counsel in the office of The Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and assigned to represent Defendants in the above referenced matter. Defendants write in response to Plaintiffs' July 13, 2022 Letter Motion asking that the Court set a date by which it would deem any of Defendants' rights concerning pending sealing issues waived, and "allow Plaintiffs to complete the public record." (Dkt. 655). For the reasons set forth below, Plaintiffs' motion should be denied. Pursuant to Your Honor's Individual Rules section 2(E), Defendants make this application, citing relevant caselaw and factual justification for the proposed sealing, and respectfully request that the Court grant their application for the confidential documents discussed below to remain under seal.

      With some exceptions, discussed below, the materials at issue are—and should remain—confidential. Plaintiffs make no argument that the materials at issue are judicial documents to which the public may have a right of access. As discussed in detail below, the materials at issue were filed with, or submitted to the Court in connection with, Docket Numbers 369, 506, 549, 586, 594, and 613, but were not considered by the Court in rendering its decisions on those applications. Furthermore, some of the materials at issue, even if they could be considered judicial documents – which they cannot – they should be exempt from public disclosure because their public filing would serve improper purposes and/or risk impairing the operation of law enforcement. Given the real prejudice that would result if these materials were publicly disseminated now, Defendants respectfully request that the Court allow these documents to remain sealed or as redacted on the docket. in their form.

A.  **Defendants Have Already Consented to Withdrawing the Confidentiality Designation Related to Dkt. 369.**

After the instant motion was filed by the Plaintiffs in the consolidated cases, the Plaintiffs in the Sierra[1] and Wood[2] cases raised the issue of withdrawing the confidentiality designation of the audio recording of Chief Terence Monahan's interview on March 5, 2021 with the CCRB in a letter to the Court (Dkt. 691), in connection with their motion to amend and consolidate the Sierra and Wood cases. (Dkt. 687). By letter dated August 10, 2022, the Defendants advised the Court that the parties had reached an agreement to allow the audio recording to be filed on the public docket. (Dkt. 726). Since Defendants have consented to withdrawing the confidentiality designation of the audio recording, Plaintiffs' request with respect to this filing, which appears to be a transcript of the audio recording, is moot as to the content of the document being public.

However, Plaintiffs submitted a transcript of the audio recording to the Court in connection with Docket 369 (Dkt. 369 at p. 3 n.2), which they describe only as "prepared by counsel." As the transcript that Plaintiff seeks to file publicly does not appear to be verified, (Plaintiffs' Email to the Court on January 31, 2022 at 6:53pm), Defendants respectfully request that it remain under seal and that the Court only allow the filing of the audio recording on the public docket.

B.  **The Materials at Issue are Not Judicial Documents to Which the Public May have a Right of Access.**

Plaintiffs claim that the instant case is one of "significant public importance and interest", without claiming the documents at issue are the same. However, public interest in a case, significant or not, does not automatically confer a right to publicly disclose all documents exchanged by the parties in discovery.

The Supreme Court has indicated that there is no "unrestrained right to disseminate information that has been obtained through pretrial discovery." Times Co. v. Rhinehart, 467 U.S. 20, 31 (1984). The weight given to the presumption of public access is determined by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995). Before any such presumption can attach, however, it must first be determined that the documents at issue are, in fact, judicial documents. Lugosch v. Pyramid Co. of Onandaga, 435 F.3d 110, 119 (2d Cir. 2006). "[T]he mere filing of a paper or document with the court is *insufficient* to render that paper a judicial document subject to the right of public access." Amodeo, 44 F.3d at 145 (emphasis added). In order to be designated a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." Id. See also, Lugosch, 435 F.3d at 119. As discussed below, the materials at issue are not judicial

---

[1] Sierra, et al. v. City of New York, et al., 20-cv-10291 (CM)(GWG).

[2] Wood v. City of New York, et al., 20-cv-10541 (CM)(GWG).

documents, there is no public right of access, and they should remain confidential. Defendants respectfully request that they be placed under seal.

    a.    **Docket Nos. 586 and 613.**

On June 7, 2022 and June 24, 2022, respectively, Plaintiffs filed an application at Docket Nos. 586 and 613, seeking an order compelling the production of certain documents withheld as "non-responsive," or with information redacted as "non-responsive." Plaintiffs' filings included redacted descriptions of certain documents by way of examples. Plaintiffs also submitted the unredacted letters and the documents described in those letters, to the Court via email (Plaintiffs' Emails to the Court on June 7, 2022 at 1:57pm and on June 24, 2022 at 5:21pm). The Court held a conference on Plaintiffs' motions filed on Docket Nos. 586 and 613 on June 30, 2022. During the conference, the parties raised the possibility of discussing the contents of the attached documents, and the Court made clear that they were irrelevant to the issues at hand. Tr. 7:24-8:5 ("All right, listen, as this is a matter of substantive law, what is actually in those documents is irrelevant to anything I'm doing today. So, Mx. Green, I don't think there's any need to discuss them. If you feel there's a need at some point, let me know."); Tr. 19:4-14 ("No, no, I don't want to do examples. The examples are completely irrelevant to me. We have a principle here. . .. I don't care what any of these documents say, so I don't know why you need to talk to me about documents in order to answer the question of whether you reviewed this for privilege.").

As evident by the Court's statements at the June 30th conference in adjudicating the motions filed on Docket Nos. 586 and 613, the exhibits did not form the basis of the Court's decision on the related motion and in fact were not even considered by the Court. Consequently, the exhibits under these two filings are not judicial documents and, therefore, should be under seal.

Defendants believe that document DEF-E_000003844, filed with Docket 586, and the attached video, filed with Docket 613 and identified as DMNL00303_000014440, may have been produced to Plaintiffs as part of a larger file that was designated as confidential. However, standing alone, we do not believe that the confidentiality designation should remain and as such, will raise no objection to these documents being filed on the public docket by Plaintiffs.

    b.    **Docket No. 506**

Docket No. 506 is a reply letter filed by Plaintiffs on April 20, 2022, in connection with a letter motion seeking sanctions related to the timing of a privilege log produced by Defendants (Dkt. 501). In their reply letter filed on the docket, Plaintiffs raised additional issues about the contents of the privilege log, and included screenshots of one redacted page from two documents, along with the Bates numbers of the redacted pages in each, by way of example. Dkt. 506, p. 2-3.[3] Plaintiffs also emailed their reply letter to the Court and embedded a photo that was

---

[3] Plaintiffs referred to the documents by the Bates numbers of the redacted pages, i.e., DEF_000462544 and DEF_000443489-492. It is unclear whether the documents are at issue in the instant motion, as Plaintiffs did not file any version of the documents on the docket or provide a copy of the documents to the Court via email. Nevertheless, Defendants address the documents in connection with this motion as if they had been so filed and provided. As such, while the Defendants maintain that none of documents referenced in the Plaintiffs' letter at Docket No. 506

partially redacted (Plaintiffs' Email to the Court on April 20, 2022 at 11:29am). In denying the Plaintiffs' request for sanctions, the Court made clear that it would not consider the additional issues raised by Docket No. 506, ruling that they "must be addressed separately from the timing issue. To the extent Docket No. 506 is seeking a ruling on the adequacy of the log, the application is denied without prejudice to a new application." (Dkt. 513 at p. 4). Because the Court did not consider the issue that the documents were intended to illustrate, it could not have considered the documents themselves. Accordingly, the documents are not judicial filings and should remain confidential and under seal.

      c.      **Docket No. 549**

On May 11, 2022, the Office of the Attorney General (OAG) sent a letter to Patricia Miller, Division Chief of Special Federal Litigation, with a "[non-]exhaustive" list of certain "issues" they believed should be investigated by Ms. Miller, in connection with the Court's May 2, 2022 Order (Dkt. 550). That Order directed Ms. Miller to consult with certain Law Department employees to determine whether any were aware of misrepresentations made to the Court. (Dkt. 526). On May 20, 2022, Ms. Miller filed a letter with the Court requesting that Your Honor direct the OAG to provide Defendants with a complete list of "legitimate discovery concerns" to assist in her review. (Dkt. 549). The OAG's letter, in redacted form, was attached as Exhibit A to Ms. Miller's letter. As an initial matter, the letter from the OAG is not designated "confidential", nor was it exchanged in discovery. In addition, it was not the intention to deem the redacted OAG's letter to be under seal. Rather, the redaction was intended to be just that – a redaction in a document. Indeed, the letter was not sent to the Court unredacted and we believe Your Honor is unaware of its full content. In any event, the Court declined to issue an order "on the timing or mechanism of discussing discovery disputes" and referred the parties to its Individual Practices concerning the same, without reference the Plaintiffs' letter or the issue raised by Ms. Miller. The Court's decision concerned procedure for addressing discovery disputes and not the substance of the OAG's letter. As such, not only was it never intended to be a "judicial document" which the public has the right to access the redacted portion, but the Court should not compel disclosure of unredacted portions.

Disclosure of the redacted "issues" raised in the letter would only serve to further cast unwarranted aspersions on defense counsel. Indeed, the Supreme Court has acknowledged that public access to documents may be denied where "court files might have become a vehicle for improper purposes." Nixon v. Warner Comms., 435 U.S. 589, 598 (1978). Access has been denied to records used to "gratify spite or promote scandal and files that might 'serve as reservoirs of libelous statements for press consumption.'" United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) (citing Nixon, 435 U.S. at 598).

Ms. Miller's letter also attached an email from the OAG to the Law Department, concerning an extension of time to provide information concerning ARGUS video. The email addresses of the sender and recipients are redacted. Dkt. 549, Ex. C. As with the OAG's letter,

---

are judicial documents, they consent to withdrawing the confidentiality designation of the document referenced in Plaintiffs' reply letter as DEF_000462544.

4

the email was not intended to be a "judicial document", and there is no presumption of a public right to access this information.

### d. Docket No. 594

On June 10, 2022, Plaintiffs filed Docket No. 594 in opposition to Defendants' motion to extend the time to respond to Plaintiffs' Requests for Admission (RFAs) (Dkt. 578). Plaintiffs referred to disciplinary charges against an NYPD Officer as an example of the type of RFA to which Defendants had objected (Dkt. 594, p.5 n.6.). Plaintiff attached Exhibit A, entitled "Sealing Application to be filed by opposing party pursuant to Individual Rule 2E," and submitted documents concerning the disciplinary charges via email to Your Honor (Plaintiffs' Email to the Court on June 10, 2022 at 12:18pm). The Court granted the Defendants' motion for additional time to respond to Plaintiffs' RFAs without addressing the Defendants' objections or the exhibit. Dkt. 598. Once again, the Court did not consider the materials at issue in the motion in its decision. This document is also not a judicial document and there is no presumption that it should be made public. Defendants respectfully request that it be placed under seal.

### C.    Defendants Maintain Confidentiality of the Materials at Issue Because of the Prejudice That Would Result to Defendants If They Are Not Protected.

Even if the Court were to consider the documents described above to be judicial documents, which they are not, there are "competing considerations" that must be balanced against the presumption of access. Lugosch, 435 F.3d at 120, (citing Amodeo, 71 F.3d at 1049). Among the factors that may weigh against disclosure is "the danger of impairing law enforcement." Id. Here, many of the documents that are the subject of this application are internal police documents concerning intelligence gathering and law enforcement techniques, some of which are specifically marked "Law Enforcement Sensitive." The fact that the documents were produced to Plaintiffs as part of discovery pursuant to the Confidentiality Order in this case (Dkt. 115) does not mean that production automatically extends to the public. Times Co. v. Rhinehart, 467 U.S. 20, 31 (1984) (Finding no "unrestrained right to disseminate information that has been obtained through pretrial discovery.") The sensitive nature of the information in the documents weighs against disclosure and in favor of maintaining confidentiality. Accordingly, Defendants respectfully request that the documents discussed herein be placed under seal.

### D.    Conclusion

For the reasons stated above, Defendants respectfully request that the Court:

1. Place under seal the transcript that was prepared by Plaintiffs and submitted in connection to Docket No. 369, as Defendants consented to the public filing of the recording;

2. The OAG letter which is attached as an Exhibit to Docket No. 549 remain on the docket in its redacted form; and

3. Seal the following exhibits and content of Plaintiffs' letters describing the confidential documents under Docket Nos. 506, 586, 594, and 613. Plaintiffs' letters that were publicly filed with the confidential information redacted, should remain on the docket in that form.

Defendants thank the Court for its time and consideration of this matter.

                                              Respectfully submitted,

                                              *Bridget V. Hamill s/*
                                              Bridget V. Hamill
                                              Senior Counsel
                                              Special Federal Litigation Division

cc:    ALL COUNSEL (via ECF only)