UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations | 20 Civ. 8924 (CM)(GWG) |
| This filing is related to:<br>Gray et al. v. City of New York et al. | 21 Civ. 6610 (CM)(GWG) |

## ANSWER OF POLICE BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC. TO FIRST AMENDED COMPLAINT

Intervenor-Defendant the Police Benevolent Association of the City of New York, Inc. (the "PBA"), through its undersigned counsel, answers the First Amended Complaint in this matter, dated November 2, 2021, as follows:

1. Asserts that the allegations set forth at paragraphs 1, 2, 7, 30 and 31, are legal conclusions to which no response is required, and, to the extent a response is deemed to be required, denies knowledge or information sufficient to form a belief as to such allegations except, where applicable, admits that plaintiffs purport to proceed, or to invoke the Court's jurisdiction, authority, or venue, as stated.

2. Asserts that the allegations set forth at paragraph 3 are legal conclusions to which no response is required, and, to the extent a response is deemed to be required, denies knowledge or information sufficient to form a belief

as to such allegations and respectfully refers the Court to the authorities cited by the Complaint for full content and/or context.

3. Asserts that the allegations at paragraphs 4-6, 37, 127, 131-135, 138-139, 141, 144-148, 151-156, 162-163, 165-166, 171-173, 178-180, 186-188, 190-194, 197-201, 204-208, 210, 215-216, 218-219, 225-227, 230-234, 239-241, 246-248, 251-255, 260-262, 267-269, 272-277, 280-285, 291-293, 297-299, 304-306, 309-313, 318-320, and 325-327 are legal conclusions to which no response is required and, to the extent a response is deemed to be required, denies knowledge or information sufficient to form a belief as to such allegations and respectfully refers the Court to the circumstances surrounding the alleged matters, including but not limited to, where applicable, any sources cited by the Complaint for full content and/or context.

4. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraphs 8-12 and 16-29.

5. Denies the allegations set forth at paragraph 13, except admits that the City of New York is a Municipal Corporation organized under the laws of the State of New York and that it maintains a police department.

6. Denies the allegations set forth at paragraphs 14-15, 57, and 123-125.

7. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraphs 32-36, 38-56, 58-101, 109-111, 122, 136, 142,

159-161, 168-170, 176-177, 183-185, 212, 213-214, 221-224, 237-238, 244-245, 258-259, 265-266, 288-290, 296, 302-303, 316-317 and 323-324 and respectfully refers the Court to the circumstances surrounding the alleged matters, including but not limited to, where applicable, any sources cited by the Complaint for full content and/or context.

8. Denies the allegations of widespread unconstitutional conduct set forth at paragraphs 102-108, 112-113, 121 and 129-130, denies knowledge or information sufficient to form a belief as to the remaining allegations, and respectfully refers the Court to the circumstances surrounding the alleged matters, including but not limited to, where applicable, any sources cited by the Complaint for full content and/or context.

9. As to the allegations set forth at paragraphs 114-120, denies knowledge or information sufficient to form a belief and respectfully refers to relevant NYPD training materials and/or testimony regarding same.

10. With respect to the allegations at paragraphs 126, 137, 143, 150, 158, 167, 175, 182, 189, 196, 203, 211, 220, 229, 236, 243, 250, 257, 264, 271, 279, 287, 295, 301, 308, 315, and 322, repeats and realleges its prior responses as if set forth in full.

11. Denies the allegations set forth at paragraphs 128, 140, 149, 157, 164, 174, 181, 195, 202, 209, 217, 228, 235, 242, 249, 256, 263, 270, 278, 286, 294,

300, 307, 314, 321 and 328, except admits that the officers named in the complaint were acting at all times under color of state law and within the scope of his or her employment with the City of New York.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The first amended complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct/assumption of risk or the culpable and/or negligent conduct of others.

### THIRD AFFIRMATIVE DEFENSE

Defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

**SIXTH AFFIRMATIVE DEFENSE**

Punitive damages cannot be assessed against defendant City.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs provoked any incident.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs may have failed to mitigate their alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to state a claim under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

**TENTH AFFIRMATIVE DEFENSE**

At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.  Therefore, they are entitled to immunity on state law claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

At all times relevant to the acts alleged in the complaint, the duties and

functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

### TWELFTH AFFIRMATIVE DEFENSE

Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

### THIRTEENTH AFFIRMATIVE DEFENSE

The PBA may rely on other defenses if and when such defenses become known during the course of litigation and hereby reserves the right to assert such defenses.

Dated:  New York, New York
        August 30, 2022

**SCHLAM STONE & DOLAN LLP**

By:   /s/ Thomas A. Kissane
      Richard H. Dolan
      Thomas A. Kissane

26 Broadway, 19th Floor
New York NY 10004
Tel.:  (212) 344-5400
Fax:  (212) 344-7677
Email:  rdolan@schlamstone.com
Email:  tkissane@schlamstone.com

6

-- and --

**LAW OFFICES OF ROBERT S. SMITH**

7 Times Square, 28th Floor
New York, N.Y. 10036
Tel.: (917)225-4190
Email: robert.smith@rssmithlaw.com

*Attorneys for Intervenor-Defendant Police Benevolent Association of the City of New York, Inc.*