UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations | 20 Civ. 8924 (CM)(GWG) |
| This filing is related to:<br><br>Rolon et al. v. City of New York et al. | 21 Civ. 2548 (CM)(GWG) |

## ANSWER OF POLICE BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC. TO FIRST AMENDED COMPLAINT

Intervenor-Defendant the Police Benevolent Association of the City of New York, Inc. (the "PBA"), through its undersigned counsel, answers the First Amended Complaint in this matter, dated July 6, 2022, as follows:

1. Denies the allegations set forth at paragraphs 1, 3-4, 5-6, 18-20, 35-37, 43-45, 50, and 56-59.

2. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraphs 2, 12-17 and 21-29.

3. Asserts that the allegations set forth at paragraphs 7-10 and 32-33 are legal conclusions to which no response is required, and, to the extent a response is deemed to be required, denies the allegations except admits that plaintiffs purport to proceed, or to invoke the Court's jurisdiction, authority, or venue, as stated.

4.	Asserts that the allegations at paragraphs 11, 101-102, 139, 196-197, 201-202, 207-208, 213-217, 220, 223, 226-227, 230-235, 238-240 and 244 are legal conclusions to which no response is required and, to the extent a response is deemed to be required, denies knowledge or information sufficient to form a belief as to such allegations and respectfully refers the Court to the circumstances surrounding the alleged matters, including but not limited to, where applicable, any sources cited by the Complaint for full content and/or context.

5.	Denies the allegations set forth at paragraph 30, except admits that the City of New York is a Municipal Corporation organized under the laws of the State of New York and that it maintains a police department.

6.	Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraphs 31, 212 and 224-225, except admits that the officers were acting under color of State Law and within the scope of their employment as police officers and agents or the City of New York.

7.	Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraphs 34, 38-42, 46-49, 51-54, 61-77, 80-100, 103-138, 140-155, 157-166, 168-182, 184-193, 198-200, 205-206, 209, and 241-243 and respectfully refers the Court to the circumstances surrounding the alleged matters, including but not limited to, where applicable, any sources cited by the Complaint for full content and/or context.

8. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraphs 55, 60, and 78-79, and notes that the allegations at issue are not sufficiently specific to allow a more detailed response.

9. Asserts that the allegations at paragraphs 156, 167, 183, 194, 203, 210, 218, 228, 236 and 245 are legal conclusions to which no response is required and, to the extent a response is deemed to be required, denies knowledge or information sufficient to form a belief as to such allegations except where applicable admits that plaintiffs demand judgment as stated.

10. With respect to the allegations at paragraphs 195, 204, 211, 219, 229 and 237, repeats and realleges its prior responses as if set forth in full.

11. Denies the allegations of unconstitutional policy set forth at paragraphs 221 and 222, and further denies knowledge or information sufficient to form a belief as to the remaining allegations, and respectfully refers the Court to the circumstances surrounding the alleged matters for full content and/or context.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The first amended complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any injury alleged to have been sustained resulted from plaintiffs' own

culpable or negligent conduct/assumption of risk or the culpable and/or negligent conduct of others.

### THIRD AFFIRMATIVE DEFENSE

Defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### FIFTH AFFIRMATIVE DEFENSE

To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

### SIXTH AFFIRMATIVE DEFENSE

Punitive damages cannot be assessed against defendant City.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs provoked any incident.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to mitigate their alleged damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

## TENTH AFFIRMATIVE DEFENSE

At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.  Therefore, they are entitled to immunity on state law claims.

## ELEVENTH AFFIRMATIVE DEFENSE

At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

## TWELFTH AFFIRMATIVE DEFENSE

Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

### THIRTEENTH AFFIRMATIVE DEFENSE

The PBA may rely on other defenses if and when such defenses become known during the course of litigation and hereby reserves the right to assert such defenses.

Dated:  New York, New York
           August 30, 2022

**SCHLAM STONE & DOLAN LLP**

By:   /s/ Thomas A. Kissane
        Richard H. Dolan
        Thomas A. Kissane

26 Broadway, 19th Floor
New York NY 10004
Tel.:  (212) 344-5400
Fax:   (212) 344-7677
Email:  rdolan@schlamstone.com
Email:  tkissane@schlamstone.com

-- and --

**LAW OFFICES OF ROBERT S. SMITH**

7 Times Square, 28th Floor
New York, N.Y. 10036
Tel.:  (917)225-4190
Email:  robert.smith@rssmithlaw.com

*Attorneys for Intervenor-Defendant Police Benevolent Association of the City of New York, Inc.*