

September 1, 2022

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

> **Re:**   **In re: New York City Policing During Summer 2020 Demonstrations,
> 1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases**

Dear Judge Gorenstein:

As the Court knows, I am counsel for the *Sow* Plaintiffs in these consolidated cases.  I write on behalf of the consolidated Plaintiffs, to respond to the City's motion to seal various documents at Dkt. No. 732.

Defendants' sealing application does not carry their burden and should be denied.  The documents at issue are materially relevant judicial documents and Defendants fail to show that the public's right to access is outweighed.  To make their argument otherwise, Defendants ignore binding Circuit precedent that "expressly rejected the proposition that . . . documents might receive different weights of presumption based on *the extent to which they were relied upon*." *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019) (emphasis added) (*citing Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)); *but see contra*, Dkt. No. 732 at 3 ("the exhibits *did not form the basis* of the Court's decision on the related motion and *in fact were not even considered* by the Court. Consequently, the exhibits under these two filings are not judicial documents…") (emphasis added).

Further, Defendants appear to admit to a broader pattern of discovery abuse and the Court should either (1) direct Defendants to remove all confidentiality designations that were made merely because a document "may have been produced to Plaintiffs as part of a larger file that was designated as confidential" and comply with its prior order to segregate confidential and non-confidential material (Dkt. No. 732 at 3) or (2) enter some further order setting out how the Court would prefer to approach that big picture problem.

> **I.   Defendants' Arguments for Sealing Fail Because the Documents are Materially Relevant Judicial Documents and the Public's Right to Access is Not Outweighed by Any Competing Considerations.**

It is Defendants' burden to establish that documents should be hidden from public view for reasons beyond mere designation as "confidential" under a protective order.  Individual Practices of Magistrate Judge Gabriel W. Gorenstein § 2(E) (2021) (any party seeking such sealing shall, at the time of the filing, make a written application to the Court, citing case law and providing any factual explanation that justifies the proposed sealing).  Indeed, it is well established that there is "at



common law . . . a potent and fundamental presumptive right of public access" to "judicial documents." *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022). When a party seeks to overcome that presumption, as Defendants do here, district courts apply a three-part test. *Id.* (quoting *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020)); *see also Brown*, 929 F.3d at 48 (relying on same test). First, courts look at whether the document is in fact a "judicial document" and if the Court concludes it is, the second step is to "determine the particular weight of that presumption of access for the record at issue." *Olson*, 29 F.4th at 87 (*quoting Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Third and finally, the Court is required to "balance competing considerations against [that presumption]." *Id.* at 88.

Additionally, if the Court ultimately believes sealing is appropriate, there is a fourth step. Rather than being permitted to simply grant the motion, Circuit precedent requires the Court to "review the documents individually and produce 'specific, on-the-record findings that sealing is necessary to preserve higher values.'" *Brown*, 929 F.3d at 48 (*quoting Lugosch*, 435 F.3d at 124).

Defendants fail to establish that the documents referenced in and attached to court filings at Dkt. Nos. 369, 506, 549, 586, 594, and 613 are not entitled to presumptive public access as judicial documents because they make an argument barred by binding precedent. They further fail to address the second prong — regarding the weight of the applicable presumption — at all. But, in any event, Defendants fail to argue that any cognizable concern outweighs the public's presumptive right to access as to any particular documents, however strong that presumption. That is, Defendants do not provide the Court with any way to meet the requirement to "produce specific, on-the-record findings that sealing is necessary" as to each document they want sealed. *Brown*, 929 F.3d at 48. Thus, since Defendants have not met their burden, their motion should be denied.

A.    **The documents are judicial documents.**

Defendants fail to establish that the documents referenced in and attached to the filings at Dkt. Nos. 369, 506, 549, 586, 594, and 613 are not judicial documents presumed to be owed public access. "[F]or a court filing to be classified as a "judicial document," it "must be relevant to the performance of the judicial function and useful in the judicial process." *Olson*, 29 F.4th at 89. Defendants take this low bar and raise it substantially, requiring that the Court "*in fact* … consider[]" it. Dkt. No. 732 at 3. They cite no authority for this leap.[1] And the only reason Defendants are *able* to make this argument is because they failed to file motions at the time the Court's Practices require and are now able to cite to the Court's decisions.

Fully resolving Defendants' motion, binding authority bars that leap. Defendants' argument turns entirely on whether the Court "in fact" (Dkt. No. 732 at 3) relied on the documents. But, as noted in *Brown v. Maxwell*, the Second Circuit has "expressly rejected the proposition that … documents might receive different weights of presumption based on the extent to which they were

---

[1] Like the losing party and District Court in *Brown* (929 F.3d 41 (2d Cir. 2019)), Defendants mistakenly "rel[y] on a single sentence of dicta from [the Circuit's] decision in *United States v. Amodeo*" for their argument. *Brown*, 929 F.3d at 48. But to the extent that language from *Amodeo* was ever arguably the law (as explained in *Lugosch*, it was not), it was rejected in *Brown*.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



relied upon." 929 F.3d at 48. Indeed, the Second Circuit has even been clear that whether a court has actually relied upon a submitted document does not relate "to whether something is a judicial document to begin with." *Lugosch*, 435 F.3d at 122. It is for that reason that the parties need not wait for the Court to adjudicate the matter under submission to determine whether public access is owed. *See id.*

So, put simply, "[w]hether the materials ultimately prove necessary to decide that motion is irrelevant" to whether the public is entitled to access them. *Martinez v. City of New York*, No. 16-cv-79 (RPK)(CLP), Dkt. No. 203 at 3 (E.D.N.Y. Jun. 8, 2022).[2] It does not matter if "[t]he [C]ourt did not find the submissions to be useful and did not rely on them," because "[i]t is sufficient that the document was submitted to the Court for purposes of seeking or opposing an adjudication." *United States v. Sattar*, 471 F. Supp. 2d 380, 385 (S.D.N.Y. 2006). Indeed, given the reasoning for the strong presumption of public access, it would be hard to justify a rule otherwise: "One purpose of the presumption of public access is to permit 'the public to assess the correctness of the judge's decision.'" *Martinez* (attached as Ex. 1), Slip Op. at *3. (*quoting Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 123 (2d Cir. 2006)). And how could the public assess the correctness of the decision that a particular document was irrelevant if it cannot see the document? The short answer — that is even provided by the cases Defendants *do* cite — is that it cannot: documents "*submitted* to a court for its consideration [on the relevant motion] are — as a matter of law —- judicial documents." *Lugosch*, 435 F.3d at 121.

Thus, the documents at issue are judicial documents to which the presumption of public access attaches. Since Defendants' arguments turn entirely on that initial move (*see, e.g.,* Dkt. No. 732 at 3-5 (each section ending with reference to whether documents are judicial)), and there is no serious legal question they are wrong to make the move, the Court can stop there and deny the motion. That said, in an abundance of caution, Plaintiffs address the remaining factors even though Defendants do not (at least in any depth).

B.   **Defendants fail to establish a countervailing interest that overcomes the presumption of public access.**

The right of presumptive access to the documents at issue prevails over Defendants' vague, ill-explained, and unfounded privacy interests. Defendants baldly assert that "many of the documents that are the subject of this application are internal police documents concerning intelligence gathering and law enforcement techniques, some of which are specifically marked 'Law

---

[2] Attached for convenience as **Exhibit 1**.



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 ·  f : (929) 888.9457 ·  FemmeLaw.com



Enforcement Sensitive.'"[3]  Dkt. No. 732 at 5.  But they offer no analysis of any document.  Nor could they.[4]

For example, regarding Dkt. 369, Defendants already consented to withdrawing the confidentiality designation of the audio recording (*see* Dkt. No. 732) and otherwise offer no reason an informal transcription is somehow confidential when the recording itself is not.  Similarly:

- The document attached to Dkt. No. 506 is a picture of a protest in public with officers' faces frivolously redacted as "PII" *in addition* to a confidentiality designation;

- Aside from one document, Dkt. No. 586's attachments have basically no content at all, let alone content that implicates any confidentiality issue (and the one document with content is hardly "sensitive"); and

- Dkt. No. 594 is a document unambiguously available under FOIL.

The rest are all similar.  So, since it is Defendants' burden — and all they offer is a generic statement that some materials *might* be sensitive — they have not carried any factual burden.  Indeed, if the Court granted the motion but "failed to review the documents individually and produce specific, on-the-record findings that sealing is necessary to preserve higher values[,]" and instead simply used Defendants' "generalized statements about the record as a whole," it would be committing a well-established "legal error."  *Brown*, 929 F.3d at 48.  And the Court should not be doing Defendants work for them on this.  *See generally,* Individual Practices of the Hon. Colleen McMahon § VI (2021).

Moreover, for Dkt. Nos. 586 613, Defendants do not seem to be making any argument at all — at least until their prayer for relief.  Compare:

- "[W]e do not believe that the confidentiality designation [for the documents related to Dkt. Nos. **586 and 613**] should remain and as such, will raise no objection to these documents being filed on the public docket by Plaintiffs" (Dkt. No. 732 at 3 (emphasis added)); with

- "Defendants respectfully request that the Court … [s]eal the following exhibits and content of Plaintiffs' letters describing the confidential documents under Docket Nos. 506, **586**, 594, and **613**. Plaintiffs' letters that were publicly filed with the confidential information redacted, should remain on the docket in that form." (*Id.* at 5 (emphasis added)).

---

[3] Defendants appear to argue that the "mere fact that material has been designated as confidential" supports sealing, but this is foreclosed by the Court's — as well as Judge McMahon's — rules.  *See* Individual Practices of Magistrate Judge Gabriel W. Gorenstein § 2(E) (2021); Individual Practices of the Hon. Colleen McMahon § VI (2021).

[4] Defendants do not make any argument as to the weight of the presumption of public access that should apply here, the second prong in the applicable analysis.  Regardless of where these documents fall on the spectrum, Defendants cannot overcome that presumption.



---

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



How these statements are supposed to be consistent is not explained.  And at the end of the day, no authority provided for most of Defendants' assertions.

That (perhaps) leaves Defendants' arguments on Dkt. No. 549.  Defendants' argument on that document seems to be that they don't like the idea of their many missteps in this litigation becoming public.[5]  But, as the applicable confidentiality order says, "Nothing in this Confidentiality Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner.  Dkt. No. 115 ¶ 11.  No one has designated anything confidential here, and it is ***Plaintiffs' letter*** that Defendants have redacted.  Defendants offer no argument besides the notion that the Court's docket should not be used for improper purposes.  But it was ***Defendants*** who deemed that letter needed to be filed as relevant to the relief they sought— thus making it a judicial document as a matter of law under *Brown* and *Lugosch*.  Given that, the public is entitled to see what it was Defendants found objectionable.[6]

## II. Defendants' Arguments for Sealing Fail in Part Because Defendants Do Not Understand that the Burden — and Motion Itself — is Theirs.

As set out above, Defendants' motion has little merit and barely explains itself.  Perhaps part of the reason the City's motion fails so completely is that Defendants have styled it as an opposition to a motion Plaintiffs made (Dkt. No. 655).  That's wrong and turns the obligations in the Court's Individual Practices on their head.  As is explained in the Court's Practices, it is Defendants' burden to make a written application to the Court to justify any sealing based on their confidentiality designations.[7]  Defendants fail to meet their burden, in part, because they apparently believe it is *Plaintiffs'* burden to make such a written application to the court justifying the unsealing.  *See, e.g.,* Dkt. No. 732 at 1 ("Plaintiffs' motion should be denied…") and 2 ("Plaintiffs claim that the instant case is one of "significant public importance and interest" but "it must first be determined that the documents at issue are, in fact, judicial documents").  But Plaintiffs' motion was merely for a deadline by which Defendants must make an application to the Court to justify their proposed sealing. And the Court already granted all the relief sought in Plaintiffs' motion.  *See* Dkt. No. 677

---

[5] The implicit claim that true statements are "libelous" (Dkt. No. 732 at 4) gets defamation law wrong. *Silverman v. Clark*, 35 A.D.3d 1, 12 (App. Div. 1st Dept. 2006).  And to be clear, the statements at issue — for example, the statement the City now admits was false that no "49s" existed at all in their 2021-07-29 "Algorithm" letter — are all "misstatements" that should have been included in the City's investigative process (and their absence calls that entire process into question).

[6] And, indeed, nothing would bar Plaintiffs from filing a copy with this motion — since Defendants have placed it at issue in yet another motion.

[7] "The Court reminds the parties that the mere fact that material has been designated as confidential under a protective order will not support sealing and the party making the designation must reconsider any prior designation in light of the case law applicable to filing documents under seal.  In cases where the request to seal arises because of an opposing party's designations, ***the opposing party has the obligation to make the written application to the Court justifying the proposed sealing***." Individual Practices of Magistrate Judge Gabriel W. Gorenstein § 2(E) (2021) (emphasis added).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



(an order, per the docket, "granting 655").  The only motion before the Court now is that of Defendants.

Thus, in misunderstanding the Court's Practices and applicable law, Defendants have simply failed to make any attempt to carry the burden they must.  So their motion can and should be denied.

### III. Defendants Admit to Violating Court Orders, Which Calls for a Remedy.

Past on its face calling for denial, Defendants' motion raises serious bigger picture problems. Defendants directly admit that their approach to designating confidentiality violated the Court's orders.  By way of background, Defendants vigorously litigated what they perceived as their right to mass-designate records without even attempting to segregate confidential information.  *See, e.g.,* Dkt. No. 113 at 4-5 ("Finally, plaintiffs' proposed language requesting that ***where the confidential portions can be separated from non-confidential portions of documents, documents shall not be marked as confidential*** should not be accepted by the Court.") (emphasis added).  Over Defendants' objections, the Court affirmed Defendants' duty to segregate non-confidential information:

> "Defendants propose removing plaintiffs' proposed requirement that, '[w]here the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.' Pl. Let. at 2. The Court is at a loss to understand the objection to this language as it seems to accurately describing a producing party's obligation. Only material that meets the requirements of Rule 26(c)(1) may be designated as confidential. There is no warrant to designate as confidential material that does not meet Rule 26(c)(1)'s requirements. If this requirement imposes an extraordinary and undue burden in some particular category of documents, it should be the subject of a discussion among the parties and, if necessary, an application to the Court."

Dkt. No. 114 at 2.  The Court thus Ordered: "Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, ***only the confidential portion shall be so designated***."  Dkt. No. 115 ¶ 2 (emphasis added).  Defendants have not, in the time since then, made any application as the Court invited.

So, it comes as something of a shock to Plaintiffs for Defendants to candidly admit[8] that

---

[8] Even had Defendants not admitted to mass designating records as confidential, their practice is obvious from a review of the production.  Defendants have designated as confidential everything under the sun:  blank sheets of paper, NYPD logos, email signature images, random calendar invites, a bizarre pro-police song send in by a citizen, slipsheets, and all manner of other obviously non-confidential documents.

The only explanation for this is that Defendants did not actually conduct any individualized review — and instead, "batch-tagged" documents as confidential and applied the stamp en masse. Put directly, it appears that confidentiality designations are based not on the content of documents, but on their ***source***.  That violates the Order at Dkt. No. 115.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



they have been designating documents simply because they are *related* to other, separate documents Defendants assert are confidential.  But they do just that, admitting they do not even know why the documents were marked confidential, but speculate:

> "Defendants believe that document DEF-E_000003844, filed with Docket 586, and the attached video, filed with Docket 613 and identified as DMNL00303_000014440, *may have* been produced to Plaintiffs as *part of a larger file that was designated as confidential*."

Dkt. No. 732 at 3 (emphasis added).  It is hard to imagine a more "reasonably separable" (Dkt. No. 115 ¶ 2) portion of record than an entirely separate file.  Yet Defendants make no attempt — because they cannot — to justify the substantive choice to designate this file confidential.  Instead, they admit they have been routinely violating Dkt. No. 115.  Indeed, as explained in the footnote below, there are *hundreds, if not thousands* of blank or junk documents Defendants have marked as confidential.  That could never have happened if Defendants obeyed the Court's Orders.

The question is what to do about that.  Plaintiffs propose that, like the other instances where all indications are that Defendants have systemically been doing something wrong (*see, e.g.,* Dkt. Nos. 525, 541), the Court direct Defendants to review their confidentiality designations, and conform them to the Court's Order at Dkt. No. 115.  Any burden that imposes is a self-inflicted wound.  And this comports with Judge McMahon's view of this kind of discovery abuse:

> "It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available."

Individual Practices of the Hon. Colleen McMahon § VI (2021); *see also,* Dkt. No. 115 ¶ 9 ("this stipulation is deemed to incorporate the text included in Section VI of the Individual Practices and Procedures of Chief Judge Colleen McMahon").  That is, Defendants' actions have — contrary to the Court's plain Orders — made the Court "party to" exactly the kind of "consistent" and clear "abuse" of confidentiality stipulations that the Court has forbidden in multiple ways.  That calls for a holistic review.  In the alternative, however, Plaintiffs ask that the Court issue orders setting out its preferred mode of addressing this systemic discovery abuse.

### IV. Conclusion

As set out above, Defendants have not justified — factually or legally — any sealing whatsoever.  Indeed, their entire legal argument — that the Court did not *in fact* consider certain documents — has been expressly rejected by the Second Circuit.  Moreover, Defendants admit they have been systemically violating the Court's Orders at Dkt. Nos. 114 and 115.

So, the Court should (1) deny Defendants' motion in its entirety and (2) either enter an order directing a review of all confidentiality designations or set a conference to discuss how to address Defendants' admitted abuse and violation of the Confidentiality Order (as well as Judge McMahon's Rules).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Once again, we thank the Court for its continued time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com