UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROSIE MARTINEZ,

                        Plaintiff,                            ORDER
                                                            16-CV-79 (RPK) (CLP)

   -against-

CITY OF NEW YORK, *Police* Officer ERIC
RYAN, *Lieutenant* DAVID CAMHI, *Sergeant*
JOSEPH DIGENNARO, *Sergeant* KEITH
LALIBERTE, *Sergeant* JOSEPH PONTECORVO,
*Sergeant* ALBERT TROTTER, *and* JOHN *and*
JANE DOE 1 *through* 10 *individually and in their
official capacities (the names John and Jane Doe
being fictitious, as the true names are presently
unknown)*,

                        Defendants.
-----------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

      Defendants seek to seal two of plaintiff Rosie Martinez's exhibits filed in opposition to summary judgment and to redact plaintiff's Rule 56.1 statement and her counsel's declaration. For the reasons that follow, defendants' motion is granted in part and denied in part.

### BACKGROUND

      On January 22, 2015, the New York Police Department ("NYPD") arrested Ms. Martinez's boyfriend at her apartment for dealing drugs. Mem. & Order 2 (Dkt. #198). When Ms. Martinez arrived home, the police arrested her too. *Ibid*. At the time, she was uninjured. *Ibid*. When the officers released her five hours later, her right wrist was so severely swollen that it did not fit inside a handcuff. *Id*. at 2, 5. Ms. Martinez sued, alleging excessive force, denial of care, and a variety of other claims in connection with her arrest and detention. *See* Compl. (Dkt. #1). When defendants later moved for summary judgment, Ms. Martinez filed a number of exhibits in

1

opposition, including several produced by defendants under a protective order. Letter Mot. 1-2 (Dkt. #197); Protective Order (Dkt. #38).

Defendants now seek to seal two of these exhibits, Exhibits 32 and 33. *See* Letter Mot. 1. Exhibit 32 is a NYPD investigative report that describes a prior incident involving nonparty arrestees, nonparty police officers, and defendant Sgt. Keith Laliberte. Decl. of Gabriel P. Harvis, Ex. 32 (Dkt. #190-34) ("Exhibit 32"). Exhibit 33 is a video of part of that incident. *Id.*, Ex. 33 (Dkt. #190-35) ("Exhibit 33"). Defendants also seek to redact a sentence, a footnote, and an image from plaintiff's Rule 56.1 statement referring to the incident, as well as the name of a nonparty arrestee from the declaration of Gabriel Harvis, Ms. Martinez's counsel. Letter Mot. 1, 4 n.3; Pl.'s R. 56.1 Statement (Dkt. #190-1); Decl. of Gabriel P. Harvis 2 (Dkt. #190-2) ("Harvis Declaration").

## STANDARD OF REVIEW

A three-step inquiry governs the decision to seal a particular record. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). First, the court determines whether the record at issue is a "judicial document." *Ibid*. If it is, a presumption of access attaches, and the court proceeds to step two, where it "determine[s] the weight" to accord to "the presumption of access." *Ibid*. (quotations omitted). "[T]he role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts" governs this determination. *Ibid*. (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*")). At step three, the court balances this presumption against countervailing factors that "legitimately counsel against disclosure of the judicial document." *Ibid*.

In conducting this inquiry, a court must "review the documents individually and produce 'specific, on-the-record findings that sealing is necessary to preserve higher values.'" *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019) (quoting *Lugosch*, 435 F.3d at 124). A document may only be sealed if a court determines that doing so is necessary to preserve higher values. *Id*. at 47. Even then, any such order must be "narrowly tailored" to redact or seal no more than necessary. *Ibid.* (quoting *Lugosch*, 435 F.3d at 124).

## DISCUSSION

Defendants' motion is granted in part and denied in part. Privacy interests justify the redaction of all medical information from Exhibit 32 and the sealing of Exhibit 33. Privacy interests of nonparties also justify the redaction of all nonparty names, addresses, and other personally identifiable information from Exhibit 32, plaintiff's Rule 56.1 statement, and the Harvis Declaration, as well as blurring or otherwise obscuring of the faces of nonparties in the Rule 56.1 statement's image. However, sealing Exhibit 32 in full is not justified, since redactions will protect the privacy interests identified in this document.

**I.      A strong presumption of access attaches to the disputed materials.**

Contrary to defendants' contentions, *see* Letter Mot. 1-2, a strong presumption of access attaches to these exhibits, the Rule 56.1 statement, and the declaration.

Since items "submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents," a presumption of access attaches to these materials at step one of the sealing analysis. *Lugosch*, 435 F.3d at 121. Whether the materials ultimately prove necessary to decide that motion is irrelevant. One purpose of the presumption of public access is to permit "the public . . . to assess the correctness of the judge's decision," *id*. at 123 (quotations omitted), and the public can only perform this function if it has access to *all* of the summary-judgment materials before the judge, not just the materials the judge actually relied upon, *ibid*.

3

Moreover, the Second Circuit has "expressly rejected the proposition that . . . documents might receive different weights of presumption based on the extent to which they were relied upon in resolving a motion for summary judgment." *Brown*, 929 F.3d at 48 (quotations and brackets omitted). Accordingly, these four materials enjoy the "strong presumption of access" that attaches to all summary-judgment submissions. *Id*. at 47 (quoting *Lugosch*, 435 F.3d at 121).

II. **Nonparty privacy interests overcome the presumption of access to information contained in these materials.**

In the face of this presumption, defendants identify three reasons to seal or redact the disputed materials. First, defendants argue that the exhibits should be sealed because they were produced pursuant to a protective order. Letter Mot. 1-2. This argument does not persuade. While a movant may "call the district court's attention to any particular circumstances surrounding the production of a contested document" when moving to seal, *Lugosch*, 435 F.3d at 126, "the mere existence of a confidentiality order" without more "says nothing about whether complete reliance on the order to avoid disclosure [is] reasonable," *Moroughan v. Cnty. of Suffolk*, No. 12-CV-512 (JFB) (AKT), 2021 WL 280053, at *3 (E.D.N.Y. Jan. 24, 2021) (quoting *Lugosch*, 435 F.3d at 126). Moreover, Magistrate Judge Pollak has already explained that protective orders do *not* govern sealing, *see* Order Denying Motion to Seal at 1 (Dkt. #101) ("[T]he decision to allow documents to be filed under seal . . . is a wholly separate inquiry governed by a different standard" than that of the protective order." (quotations omitted)), and defendants offer no reason to revisit Magistrate Judge Pollak's ruling.

Next, defendants argue that these exhibits should be sealed because Exhibit 32 contains sensitive information—including medical information—"pertaining to two non-party arrestees," and Exhibit 33 shows footage of one of these arrestees *See* Letter Mot. 3. "[T]he privacy interests of innocent third parties . . . weigh heavily" in the sealing calculus. *Amodeo II*, 71 F.3d at 1050

4

(quotations omitted). To protect these interests, courts "routinely" seal medical records, *Toolasprashad v. Toolasprashad*, No. 21-CV-4672 (RPK) (JRC), 2021 WL 4949121, at *3 (E.D.N.Y. Oct. 25, 2021) (quoting *Anthony M. v. Wright*, No. 07-CV-6040 (FPG), 2018 WL 5619832, at *2 (W.D.N.Y. Oct. 30, 2018)) (collecting cases), as well as information concerning "third-parties not related to [the] action," *Dorsett v. Cnty. of Nassau*, 762 F. Supp. 2d 500, 521 (E.D.N.Y.), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011), *aff'd sub nom*. *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156 (2d Cir. 2013); *In re Search Warrant Dated Nov. 5, 2021*, No. 21-MISC-813 (AT) (SLC), 2021 WL 5830728, at *7 (S.D.N.Y. Dec. 7, 2021) (collecting cases). Exhibit 32 does contain information about nonparty arrestees, including allegations as to their conduct and medical information. *See* Ex. 32. Exhibit 33 shows the face of one arrestee, and the Harvis Declaration contains his name. Ex. 33; Harvis Decl. Finally, the Rule 56.1 statement contains an arrestee's name, an image of his face, and a brief description of the incident. Pl.'s Rule 56.1 Statement. Upon review, I determine that the nonparty arrestees' privacy interests in their medical records and allegations concerning the unrelated altercation with the NYPD is sufficient to overcome the presumption of access to this information.

Third, defendants argue that these materials should also be sealed because they contain "unsubstantiated allegations regarding non-party police officers." Letter Mot. 3. Here too, the privacy interests of third parties weigh heavily. *Amodeo II*, 71 F.3d at 1050. Individuals have "a significant interest in their disciplinary records," particularly when "the allegations of misconduct against them have not been substantiated." *Fernandez v. City of New York*, 457 F. Supp. 3d 364, 400 (S.D.N.Y. 2020); *In re Gen. Motors LLC*, No. 14-MD-2543 (JMF), 2015 WL 9480477, at *1 n.1 (S.D.N.Y. Dec. 29, 2015). This is especially true for nonparties, who lack "a fair opportunity . . . to respond to any accusations contained therein." *Amodeo II*, 71 F.3d at 1051.

5

Exhibit 32 describes the nonparty officers' alleged role in the unrelated altercation, and Exhibit 33 shows several nonparty officers. Moreover, the allegations against the nonparty officers are apparently unsubstantiated, *see* Ex. 32, at 4-6, and as nonparties, the officers cannot respond to these allegations in this action, *Amodeo II*, 71 F.3d at 1051. Upon review, I determine that the privacy interests of the nonparty officers in these unsubstantiated allegations is sufficient to overcome the presumption of access to this information as well.

### III.   Sealing Exhibit 33 and redacting the other documents is sufficient to protect these privacy interests.

Although these materials implicate the legitimate privacy interests of nonparties, I decline to seal Exhibit 32 in its entirety. Sealing orders must be "narrowly tailored." *Brown*, 929 F.3d at 47 (quoting *Lugosch*, 435 F.3d at 121). Since "specific redactions" are sufficient to protect the interests defendants have identified in this document, complete sealing is unnecessary. *Est. of Jackson by Jackson v. Cnty. of Suffolk*, No. 12-CV-1455, 2019 WL 3253063, at *8 (E.D.N.Y. July 19, 2019) (citing *Brown*, 929 F.3d at 48 n.22).

Accordingly, plaintiff is directed to redact all medical information from Exhibit 32. In addition, the names and other personally identifiable information of the nonparty arrestees and nonparty officers shall also be redacted from Exhibit 32, the Rule 56.1 statement, and the Harvis Declaration, and their faces shall be blurred or otherwise obscured in the Rule 56.1 statement. Exhibit 33 shall be filed under seal to preserve the privacy interests of the nonparties filmed therein.

### CONCLUSION

Defendants' motion to seal is granted in part and denied in part. Exhibit 33 shall be sealed. Plaintiff shall redact all medical information from Exhibit 32. In addition, the names and other personally identifiable information of the nonparty arrestees and nonparty officers shall also be

redacted from Exhibit 32, the Rule 56.1 statement, and the Harvis Declaration, and their faces shall be blurred or otherwise obscured in the Rule 56.1 statement. The redacted versions of these materials shall be refiled on the docket by July 8, 2022.

    SO ORDERED.

                         /s/ Rachel Kovner
                         RACHEL P. KOVNER
                         United States District Judge

Dated: June 8, 2022
       Brooklyn, New York