# BELDOCK LEVINE & HOFFMAN LLP
## 99 PARK AVENUE, PH/26TH FLOOR
### NEW YORK, N.Y. 10016

CYNTHIA ROLLINGS
JONATHAN MOORE
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MARC A. CANNAN
DAVID B. RANKIN
LUNA DROUBI
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

June 28, 2022

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
KAREN L. DIPPOLD
JEFFREY A. GREENBERG
MARJORY D. FIELDS
EMILY JANE GOODMAN
     (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

REF:

WRITER'S DIRECT DIAL:

**BY EMAIL ONLY: nibrahim@law.nyc.gov and nyclawprotestteam@law.nyc.gov**

Nadine Ibrahim
Senior Counsel
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007

    Re:    Sow et al. v. City of New York et al.
             21-cv-533(CM)(GWG)

Dear Counsel:

      We write on behalf of the Plaintiffs in *Sow et al. v. City of New York et al.* regarding deficiencies in Defendants' Objections and Responses to Sow Plaintiffs' First Set of Requests for Admission, Supplemental Interrogatories and Requests for Production of Documents to All Defendants dated May 27, 2022.[1]

      In addition to the deficiencies detailed below, Defendants repeatedly object citing a violation of Fed. R. Civ. P. 33(a)(1). In response to these objections, included in Interrogatory Nos. 13–79, we refer Defendants to Fed. R. Civ. P. 26(b)(1) & (2) which allows written interrogatories in excess of 25 if the discovery is relevant to the subject matter involved in the action and "'good cause' is shown." *Fountain v. City of New York*, 03 CIV. 4526 (RWS), 2004 WL 941242, at *3 (S.D.N.Y. May 3, 2004).

      Throughout their responses, Defendants also repeatedly assert that certain requests are duplicative. In a previous meet and confer, *see* Dkt. No. 386, "It was agreed that if the defendants believed a request was duplicative of a response already produced or a request already objected to, a specific reference to where they believed the document was produced or where the objection was made would be included in the response." Defendants did not include

---

[1] *Sow* Plaintiffs' First Set of Requests for Admission, Supplemental Interrogatories and Requests for Production of Documents to All Defendants are dated November 15, 2021.

Nadine Ibrahim
June 28, 2022
Page 2

any specific references when stating that Plaintiffs' requests were duplicative and therefore have not fulfilled this previously agreed upon obligation.

Please also note that in addition to our description of the outstanding issues with the responses to the Requests for Admissions and responses to the Interrogatories, we identify several priority documents still missing from Defendants' responses that must be produced immediately, also discussed in the previous meet and confer, *see* Dkt. No. 386, and by no later than July 5, 2022.

I. **Requests for Admission**

   1) **Request for Admission Nos. 1 and 2**

Defendants' response to Request for Admission Nos. 1 and 2 is insufficient because contrary to what Defendants allege, the requests do not require an explanation. Defendants should respond to these requests given that NYPD Commissioner Dermot Shea is a city policy maker and New York City Mayor Bill de Blasio was the chief executive officer of the city at the time of the demonstrations referred to in *Sow* Plaintiff's Amended Complaint. An answer to each request for admission is fully within at least one Defendant's knowledge.

II. **Interrogatories – Nos. 1 – 23**

   1) **Interrogatory No. 1**

Interrogatory No. 1 seeks to ascertain the specific infractions, violations, and/or crimes which the officers believed gave them probable cause to arrest and/or detain each of the Named Plaintiffs. Defendants' response indicated that this is duplicative of plaintiffs' First Consolidated Set of Interrogatories No. 13. However, that interrogatory simply requested the identification of the Officers "who determined there was probable cause to Arrest" each Named Plaintiff, whereas Interrogatory No. 1 seeks not the names of the Officers, but rather the actions they believed gave them probable cause to arrest and/or detain the Named Plaintiffs. Therefore, Defendants' objection that interrogatory 1 is duplicative is misplaced. Further, Defendants' response that this information is already known by Plaintiffs is not accurate, as Plaintiffs do not know all the specific violations the officers believe gave them probable cause to arrest and/or detain each of the Named Plaintiffs. Lastly, Defendants must answer the interrogatory as opposed to referring Plaintiffs to an earlier objection.

   2) **Interrogatory No. 2**

Plaintiffs are entitled to "all" relevant documents. Defendants object to Interrogatory No. 2 by stating that this request is not proportional to the needs of the case and that the burden on Defendants outweighs the benefit to Plaintiffs. This objection is "meaningless boilerplate." *Fischer v. Forrest,* 14CIV1304PAEAJP, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017). It is not for Defendants to assess what is beneficial to the Plaintiffs, unless Defendants can articulate

BELDOCK LEVINE & HOFFMAN LLP

Nadine Ibrahim
June 28, 2022
Page 3

a specific reason as to why producing the requested documents would be overly burdensome. *Fischer,* 2017 WL 2992663, at \*5. The failure to cite a burden waives the objection.

Contrary to what Defendants allege, the identities of the individuals and/or officers in this request fall in scope of Local Rule 33.3 which requires that "[interrogatories] be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action." Individuals and/or officers who issued dispersal orders were active witnesses to the protests and consequently have knowledge of information relevant to the subject matter of the action.

Furthermore, Defendants' response that Plaintiffs seek information already known is not accurate, as Plaintiffs do not know all the specific violations the officers believe gave them probable cause to arrest and/or detain each of the Named Plaintiffs. Finally, in response to the volumes referenced at the end of Defendants' response, we ask that Defendants provide a Bates range of where the requested information may be found.

3) **Interrogatory No. 3**

Interrogatory No. 3 seeks to ascertain the identity of each individual and/or officer who placed each Named Plaintiff in handcuffs and/or flex cuffs. Defendants objected on the grounds that this request is duplicative of plaintiffs' First Consolidated Set of Interrogatories No. 8, which sought every officer associated with or otherwise involved in the factual circumstances" of each Plaintiff. Defendants have not yet provided the requested information so this request by default is not duplicative.

Additionally, Defendants' response refers Plaintiffs to defendants' Objections and Responses to plaintiffs' First Consolidated Set of Interrogatories No. 8, which states that this interrogatory is in violation of Local Civil Rule 33.3 because it seeks discrete incidents unrelated to plaintiffs. Defendants' response is misplaced because it is unclear how putting Named Plaintiffs in handcuffs is a discrete incident unrelated to the plaintiffs' complaints.

Moreover, Defendants' responses are insufficient because they do not provide the documents requested. Defendants may not simply refer to voluminous folders of documents to sift through for the answers to document requests. Rather, Defendants must provide specific references to all relevant documents.

4) **Interrogatory No. 4**

Defendants' response states that Interrogatory 4 is duplicative of plaintiff's First Consolidated Set of Interrogatories No. 6. and that the information is already known to the plaintiffs; however, Defendants have not provided identification of every individual who was arrested at a location listed in Schedule A. Discovery is only duplicative if the relevant documents and testimony have already been provided. Therefore, Interrogatory 4 is neither duplicative nor known to Plaintiffs. This Interrogatory should not be unduly burdensome, as

BELDOCK LEVINE & HOFFMAN LLP

Nadine Ibrahim
June 28, 2022
Page 4

there should be record of the arrests requested. Defendants claim this information is not proportional to the needs of the case, but Plaintiffs require this information to understand the size of the class being represented, making it incredibly relevant and therefore proportional to the case. Further, Defendants' 160.50 defense is not well-placed because the issue of sealing has already been dealt with, as is evidenced in court order 20-CV-8924(CM)(GWG).

Additionally, Defendants' response stating that the interrogatory is in violation of Local Civil Rule 33.3 is unfounded, as it is unclear how the arrests of individuals at relevant locations, who will be represented in this class, are discrete incidents unrelated to plaintiffs or the incidents in the Complaints. The information Interrogatory 4 seeks to ascertain will allow plaintiffs to understand the number of the class and to identify individual witnesses with relevant knowledge. Lastly, Defendants must answer the interrogatory as opposed to referring Plaintiffs to an earlier objection.

### 5) Interrogatory No. 9

Defendants object to Interrogatory No. 9 on the grounds that it is duplicative of plaintiffs' First Consolidated Set of Document Requests Nos. 18–19. It is not. As requested, Interrogatory No. 9 narrows the inquiries listed in Document Requests Nos. 18–19 by asking for communications between Defendants Monahan and de Blasio. Additionally, Plaintiffs provide detail regarding a specific telephone call by including a news article link that references the call in question as guidance to Defendants.

Regardless, this objection would only hold if discovery had previously been provided but Defendants have not yet provided the relevant records. Because Defendants have not yet provided the requested information, this request is not duplicative. Additionally, referring to volumes and/or Bates numbers is insufficient. We ask that Defendants answer the interrogatory by providing the specific information requested.

### 6) Interrogatory No. 10

Interrogatory No. 10 seeks to ascertain the identity, by Name and Tax ID, of every officer who was disciplined for using excessive force at a protest over the last 20 years, and identify the date, location and conduct resulting in such discipline. Defendants first object to Interrogatory No. 12 by stating that it is not limited in scope and overbroad. "[I]n federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be admissible." *Morrissey v. City of New York*, 171 F.R.D. 85, 88 (S.D.N.Y. 1997). Plaintiffs are entitled to "all" relevant documents, unless Defendants can articulate a specific reason as to why producing the requested documents would be burdensome.

Defendants' response also states that the request is overly burdensome because it is difficult to search files that are not in electronic format and paper copies are in storage in one of three places. Defendants also estimate that it would take 250 hours to search for all requested

**BELDOCK LEVINE & HOFFMAN LLP**

Nadine Ibrahim
June 28, 2022
Page 5

documents. Defendants' response is insufficient because if Defendants are raising a burden objection, the objection must be accompanied by "a declaration or affidavit, under oath and penalty of perjury, from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration" *King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1988). Further, as this is a class action, it is Defendants' obligation to search through voluminous documents to satisfy discovery requests and requirements.

### 7) Interrogatory No. 11

Through interrogatory No. 11, Plaintiffs seek to ascertain the nature of the discipline received for all Officers to be identified in the interrogatory above (Interrogatory No. 10). First, Defendants' objection that Interrogatory No. 11 is neither limited in time or scope nor proportional to the needs of the case is unfounded, as this information is needed for Plaintiffs to understand the scope of Defendants' actions and to make their case for the protests in question. The benefit to Plaintiffs is not outweighed, as the information is necessary for Plaintiffs' case. Further, Defendants' response is insufficient because if Defendants are raising a burden objection, *Conde* requires that an affidavit be submitted "from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration." *Id*. (citation omitted). Should we not receive such a document we will assume no burden objection is being asserted.

### 8) Interrogatory No. 12

Defendants object to Interrogatory No. 12 by stating that it is not limited in scope and overbroad. "[I]n federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be admissible." *Morrissey v. City of New York*, 171 F.R.D. 85, 88 (S.D.N.Y. 1997). Plaintiffs are entitled to "all" relevant documents, unless Defendants can articulate a specific reason as to why producing the requested documents would be burdensome. Defendants state that "not every individual and officer present" may have relevant information. However, any Officer who was assigned or who responded to the relevant protests could become a named Defendant and/or have relevant knowledge of the protests in question.

Moreover, throughout the response to Interrogatory No. 12, Defendants again rely on boilerplate language used in previous responses. Defendants' response that Plaintiffs seek information already known is an insufficient objection. Defendants also object by alleging that some of the requested documents are sealed pursuant to New York Criminal Procedure Law §§ 160.50, *et seq*. Defendants' 160.50 defense is not well-placed because the issue of sealing has already been dealt with, as is evidenced in court order 20-CV-8924(CM)(GWG). Furthermore, Defendants may not make blanket claims of privilege. A claim of privilege requires that Defendants, in the form of a declaration or affidavit, detail and explain which documents are privileged and why. *Conde*, 121 F.R.D. at 189. If documents are privileged, please indicate this in a privilege log per Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure and Local Civil Rule 26.2.

Nadine Ibrahim
June 28, 2022
Page 6

Defendants also object to this interrogatory by stating that some of the protest locations listed in Schedule B do not fall within Defendants' jurisdiction. However, NYPD deputies were present at these events and/or stationed near the listed protests and should have corresponding records detailing if and how Defendants chose to or chose not to respond. Plaintiffs are bringing an Equal Protection and Selective Enforcement claim, as noted in paragraphs 559–564 of Plaintiffs' First Amended Complaint. Records related to the protest locations listed in Schedule B are relevant to this claim. Plaintiffs request any and all records with relevant information. We ask that Defendants answer the interrogatory by providing the specific information requested. Referring to volumes and/or Bates numbers is insufficient.

9) **Interrogatory No. 13**

Interrogatory No. 13 seeks to ascertain which individual made the decision that officers should conduct custodial arrests of protesters for violations of New York Penal Law § 240.20 and the Mayor's Executive Curfew Orders during the events listed in Schedule A. Defendants object on the grounds that this interrogatory is duplicative of plaintiffs' First Consolidated Set of Document Request No. 41. However, discovery requests are only duplicative if the information has been previously provided. Here, Defendants have yet to produce the requested records; thus, their objection is misplaced. Further, plaintiffs seek information regarding the decision-making process, not a narrative.

Additionally, in response to the volumes referenced at the end of Defendants' response, referring to volumes and/or Bates numbers is insufficient. We ask that Defendants respond by providing the specific information in each interrogatory.

10) **Interrogatory No. 14**

Defendants fail to provide a sufficient answer to Interrogatory No. 14. Defendants' response stating that the interrogatory is in violation of Local Civil Rule 33.3 is unfounded, as it is unclear how the city-wide curfew for which many Named Plaintiffs were charged and/or arrested for allegedly breaking is a discrete incident unrelated to plaintiffs or the incidents in the Complaints. The information Interrogatory No. 14 seeks to ascertain will identify individuals with relevant knowledge. Further, plaintiffs seek information regarding the decision-making process, not a narrative. Additionally, in response to the volumes referenced at the end of Defendants' response, referring to volumes and/or Bates numbers is insufficient. We ask that Defendants respond by providing the specific information in each interrogatory.

11) **Interrogatory No. 16**

As explained in previous paragraphs, discovery requests are only duplicative if the information has already been provided. Here, Defendants have yet to produce the requested records. Plaintiffs are entitled to "all" relevant documents, unless Defendants can articulate a specific reason as to why producing the requested documents would be burdensome.

Nadine Ibrahim
June 28, 2022
Page 7

    Referring to plaintiffs' First Consolidated Set of Document Requests No. 85, Defendants' response to No. 85 is insufficient. Defendants object to Document Request No. 85 because the request does not state with particularity the documents being requested and is not time limited. On the contrary, Document Request No. 85 specifically asks for documents concerning "policy or practice changes, changes in training, or FINEST messages that were in some way a response to the judgment made in response to" the listed cases. Defendants should know if or when departmental changes were made in response to the outcomes of each case and should be able to identify the relevant documents concerning these changes.

    Additionally, if Defendants are going to object because the request is not time limited, they should specify a time period for which they will agree to produce the requested documents.

    **12) Interrogatory No. 17**

    Interrogatory No. 17 seeks to identify all policy changes, changes in training, or FINEST messages concerning the settlement of RNC cases. Defendants object on the grounds that Interrogatory No. 17 is duplicative of plaintiffs' First Consolidated Set of Document Requests No. 86. However, discovery requests are only duplicative if the information has been previously provided. Defendants have yet to produce the requested records; thus, their objection is misplaced.

    Further, Defendants' response refers plaintiffs to defendants' Objections and Responses to plaintiff's First Consolidates Set of Document Requests No. 86, which states that the interrogatory seeks discrete incidents unrelated to plaintiffs and is unduly burdensome. This response is deficient because we fail to understand how seeking to identify policy changes is unrelated to the plaintiffs' complaints. Additionally, if Defendants are raising a burden objection, *Conde* requires that an affidavit be submitted "from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration." *Conde*, 121 F.R.D. at 189.

    **13) Interrogatory No. 18**

    Defendants have not provided the name of the 'senior official' who stated there were not enough police officers. Defendants claim that they "cannot respond to Interrogatory No. 18 without more information, including the correct page number. If what Defendants really mean is that they do not have record of a senior official, please so state. A discussion of senior officials and officers claiming a lack of officers can be found in the NYC Department of Investigation Report, starting on page 31 and going through page 33.

    **14) Interrogatory Nos. 21, 22, and 23**

    Defendants' responses to Interrogatory Nos. 21, 22, and 23 are insufficient. Plaintiffs have provided adequate information for a response. Defendants should identify Doe Officers as Doe Officers could become named Defendants and/or have relevant knowledge of the protest in question. If they have not done so already, Plaintiffs ask that Defendants inquire with NYPD

Nadine Ibrahim
June 28, 2022
Page 8

officers who were present at the blockades to determine the Doe Officers who took part in the activities described in these interrogatories and Plaintiffs' First Amended Complaint.

### III.     Plaintiff Specific Interrogatories – Nos. 26 - 78

We have a number of interrogatories aimed at ascertaining the identities of Doe Officers as the unidentified Doe Officers could become named Defendants and/or have relevant knowledge of the protests in question. We have provided Defendants with all relevant information in our possession and Defendants are obligated to investigate using the information provided. Defendants' responses to all interrogatories pertaining to the identities of Doe Officers are insufficient.

Interrogatory Nos. 26-28, 31, 32, 59, 60, 62, 63, 65, 66, 76, and 78.1 concern BWC video footage. Plaintiffs provided Defendants with video identification numbers and timestamps for videos where numerous Doe Officers can be seen with named plaintiffs. Defendants allege that they are "unable to make a reasonable inquiry" based on the images and information provided. These objections are premature. Defendants' objections ignore the information provided and available video footage. Plaintiffs have provided Defendants with the relevant BWC footage. Defendants are obligated to investigate by reviewing the footage to identify the officers in question. In some responses, see Interrogatory Nos. 76 and 78.1, Defendants also state that "BWC videos recorded on the same date can sometimes have the same title." This challenge is not one for Plaintiffs to resolve. Defendants should review all videos with the same title at the listed timestamps to identify the relevant officers.

Interrogatory Nos. 33-58, 68-75, 77, 79, and 78.2 concern details stated in Plaintiffs' First Amended Complaint. Defendants object to each request stating that they are unable to identify the officers "based solely on the allegations in the complaint." Each response repeats a boilerplate objection. Defendants should articulate what additional information would be required to adequately respond to each interrogatory. Defendants should also confirm or deny if they are withholding information based on these objections.

Regardless, the objections are unfounded as the complaint describes relevant, helpful facts in detail. If Defendants have not done so already, Plaintiffs ask that Defendants inquire with NYPD officers who were at the listed protests as part of their investigation into determining which Doe Officers took part in the activities described in the interrogatories and Plaintiffs' First Amended Complaint.

Throughout the interrogatories and Plaintiffs' First Amended Complaint, there are descriptions of named plaintiffs being assaulted, detained, arrested, and transported to various precincts. Defendants should possess records where officers used excessive force and/or arrested named plaintiffs. These records should indicate which officers were present at the time of these arrests and/or present during the transport of named plaintiffs. For example, Defendant Officer Talha Ahmad, see paragraphs 347 through 374 of Plaintiffs' First Amended Complaint, was present during the detainment and transport of a named plaintiff. Defendant Ahmad was in the

BELDOCK LEVINE & HOFFMAN LLP

Nadine Ibrahim
June 28, 2022
Page 9

presence of unidentified officers. Plaintiffs ask that Defendants inquire with Defendant Ahmad and other named and unnamed NYPD officers to assist in identifying the relevant Doe Officers. Defendants have an obligation to investigate.

In response to Interrogatory Nos. 26-28, 32-36, 40-45, 53-59, 69, 70, 71, 73, and 75, Defendants allege that these interrogatories "[assume] facts not established, specifically, that force was used upon plaintiff." These objections are misplaced. The requested information is based on facts in the complaint and Defendants must produce discovery relevant to the claims at issue. In some responses, Defendants again object by stating that they are unable to identify the officers "based solely on the allegations in the complaint." This response is a boilerplate objection. Defendants should articulate what additional information would be required to adequately respond to each interrogatory. Defendants should also confirm or deny if they are withholding information based on these objections.

## IV.     Document Requests

### 1) Document Request Nos. 2, 3, 4, 9, 10, and 11

Defendants object on the grounds that Document Request Nos. 2, 3, 4, 9, 10, and 11 are duplicative of Plaintiffs' Consolidated Request No. 8. However, discovery requests are only duplicative if the information has been previously provided. Defendants have yet to produce the requested records; thus, their objection is misplaced. Further, Defendants' responses are insufficient, as they do not provide the documents requested. Defendants may not simply refer to voluminous folders of documents to sift through for the answers to document requests. Rather, Defendants must provide specific references to all relevant documents.

Additionally, Defendants object to Document Request No. 4 on the grounds that identifying "all" putative class members would be unduly burdensome. Defendants' response is insufficient because if Defendants are raising a burden objection, *Conde* requires that an affidavit be submitted "from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration." *Conde*, 121 F.R.D. 180 at 189.

### 2) Document Request Nos. 6 and 7

Defendants' response is insufficient in that Defendants may not simply refer to voluminous folders of documents to sift through for the answers to document requests. Rather, Defendants must provide specific references to all relevant documents. Defendants also state that they are continuing to search for responsive documents. Defendants must respond with remaining documents by July 5, 2022.

### 3) Document Request No. 12

Defendants state that they are continuing to search for responsive documents. Defendants must respond with remaining documents by July 5, 2022.

BELDOCK LEVINE & HOFFMAN LLP

Nadine Ibrahim
June 28, 2022
Page 10

### 4) Document Request Nos. 13 and 14

As explained previously, discovery requests are only duplicative if the requested information has already been provided. If Defendants respond to Interrogatory Nos. 16 and 17, Plaintiffs will consider Document Request Nos. 13 and 14 resolved.

### 5) Document Request Nos. 15, 16, 17, 18, 19, 20, 22, 23, and 24

Referring to volumes and/or Bates numbers is insufficient. We ask that Defendants respond by providing the specific information in each request.

In response to Document Request Nos. 15, 18, and 20, Defendants also state that they are continuing to search for responsive documents. Defendants must respond with remaining documents by July 5, 2022.

### 6) Document Request Nos. 21, 25, 26, 27, 28, and 29

Defendants' responses to Document Requests 21, 26, 26, 27, 28, and 29 are insufficient, as they simply refer Plaintiffs to "email discovery previously produced." Defendants must provide a reference to the specific emails in the response. Plaintiffs ask that Defendants provide the specific information in each request.

### 7) Document Request Nos. 30, 31, and 32

Document Requests 30, 31, and 32 seek intelligence documents that Defendants should have record of. Defendants' objection to Document Request 30 stating that the requested documents are unrelated to the protests and overbroad is misplaced, as the intelligence documents are crucial to understanding the internal records from the days of the protests in question and, therefore, are completely relevant. Plaintiffs are entitled to these documents as they are needed to understand what Officers viewed and why they initiated or authorized such a response. Further, Document Request 30 is not overly burdensome, as Defendants state, because the importance of this information to Plaintiffs greatly outweighs any burden of production. Further, this information is not in Plaintiffs' possession, as Defendants claim.

Defendants state that Document Requests 30 and 31 may be subject to law enforcement privilege. Plaintiffs request that Defendants confirm or deny whether documents are being withheld under this privilege. Further, if documents are being withheld under the assertion of law enforcement privilege, please confirm that that the documents are privileged and indicate this in a privilege log per Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure and Local Civil Rule 26.2.

Defendants may not simply refer to voluminous folders of documents to sift through for the answers to document requests as is done in Document Requests 30 and 32. Rather, Defendants must provide specific references to all relevant documents. Defendants have only partially responded to these document requests. Plaintiffs ask that Defendants produce these

Nadine Ibrahim
June 28, 2022
Page 11

priority documents in full. For Document Requests 30, 31, and 32, please provide specific information regarding what the documents are.

In Document Request Nos. 31 and 32, Defendants also state that they are continuing to search for responsive documents. Defendants must respond with remaining documents by July 5, 2022.

### 8) Document Request Nos. 33, 34, 35, and 36

Again, Defendants' responses are insufficient, as they do not provide the documents requested. Defendants may not simply refer to voluminous folders of documents to sift through for the answers to document requests. Rather, Defendants must provide specific references to all relevant documents.

Best Regards,

**BELDOCK LEVINE & HOFFMAN LLP**

By: _/s/ Jonathan C. Moore_
Jonathan C. Moore
David B. Rankin
Luna Droubi
Marc Arena
Deema Azizi
Katherine "Q" Adams
Regina Powers

99 Park Avenue, PH/26th Floor
New York, New York 10016
   t: 212-490-0400
   f: 212-277-5880
   e: jmoore@blhny.com
     drankin@blhny.com
     ldroubi@blhny.com
     marena@blhny.com
     dazizi@blhny.com
     qadams@blhny.com
     rpowers@blhny.com

**GIDEON ORION OLIVER**

_/s/ Gideon Orion Oliver_
277 Broadway, Suite 1501
New York, NY 10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

**COHEN&GREEN P.L.L.C.**

By: _/s/_
Elena L. Cohen
J. Remy Green
Jessica Massimi

1639 Centre Street, Suite 216
Ridgewood (Queens), NY 11385
   t: (929) 888-9480
   f: (929) 888-9457
   e: elena@femmelaw.com
     remy@femmelaw.com
     jessica@femmelaw.com

Beldock Levine & Hoffman LLP

Nadine Ibrahim
June 28, 2022
Page 12

**WYLIE STECKLOW PLLC**

By: Wylie Stecklow
Wylie Stecklow PLLC
231 West 96th Street
Professional Suites 2B3
NYC NY 10025
t: 212 566 8000
Ecf@wylielaw.com

**LORD LAW GROUP PLLC**

Masai I. Lord
14 Wall St., Ste 1603
New York, NY 10005
P: 718-701-1002
E: lord@nycivilrights.nyc

CC: All plaintiffs' counsel for *In re: New York City Policing During Summer 2020 Demonstrations*, 1:20-cv-8924 (CM) (GWG) (by e-mail)