

September 19, 2022

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

>   Re: **In re: New York City Policing During Summer 2020 Demonstrations, 1:20-CV-8924 (CM) (GWG) — This Letter Relates to *Sow*, 21-cv-533**

Dear Judge Gorenstein:

I write on behalf of the *Sow* Plaintiffs in the consolidated case above to request a conference under Local Civil Rule 37.2 and ultimately to seek an order compelling responses to various of the *Sow* Plaintiffs' discovery requests Defendants have refused to — or otherwise failed to adequately — answer.

## BACKGROUND, CONFERRING, AND IMPASSES[1]

This motion concerns requests in the *Sow* Plaintiffs' first set of discovery requests (**Exhibit 1**; with Defendants' response as **Exhibit 2**). Those requests were served in November. After receiving no timely response, in February, Plaintiffs moved to compel. Dkt. No. 386. This was after significant follow-up and an unanswered letter under Dkt. No. 317. Defendants responded and promised "defendants will provide document responses and documents in two weeks, and that will be a court-ordered date." Dkt. No. 391.[2] In violation of that Order, Defendants did not serve responses until late May. After reviewing the responses, Plaintiffs sent a deficiency letter on June 28, 2022. *See* **Exhibit 3**. After several requests to meet, on July 12, the parties met for approximately 2 hours.[3] During that meeting,[4] the parties reached the agreements memorialized in Dkt. No. 663 and Plaintiffs declared impasse on all the issues below, except for those where Defendants promised — and the Court order production of — further information. *See generally,* Dkt. No. 663.[5]

---

[1] As noted below, the history in this motion is not intended to be exhaustive of all issues, and does not catalog impasses or positions not at issue.

[2] *See also,* 2022-02-11 Tr. at 5:17-24.

[3] Present for Plaintiffs were Wylie Stecklow, Alicia Loecker, Marc Arena, Regina Powers, and myself (as well as some summer associates observing); present for Defendants were Shannon Riordan, Nadine Ibrahim, and Bridget Hammill.

[4] As with Dkt. No. 700, Defendants continue to move through the process of production, and are even still conducting their initial searches. However, any further delay on this motion would prejudice Plaintiffs.

[5] Many of the obligations in Dkt. No. 663 remain outstanding because Defendants have been unable to commit to completing the searches the Court specifically ordered finished by April any earlier than October.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



# ARGUMENT[6]

## I. Defendants Cannot Refuse to Produce Class Discovery.

### A. The Court should compel production of OLPA/zOLPAs for all putative class members.

In Document Request No. 4, Plaintiffs sought discovery necessary to help ascertain their class: so-called "OLPA" or "zOLPA" (short for "Online Prisoner Arraignment") forms for all putative class members arrested from May 28, 2020 to January 18, 2021, at locations listed in Schedule A. Defendants objected "as identifying 'all' putative class members would be unduly burdensome as no class is yet defined or certified." Ex. 2 at 60-61.[7] In the first instance, Defendants' objections are a retread of an argument the Court already explained "makes no sense." 2022-02-11 Tr. 14-15 (THE COURT: "no one is being set up when they're being told to produce all documents on a topic, that happens every single day in every single litigation.").

As explained below in Point II, Defendants' burden objection is waived, since it does not appear in the Chart. And so that leaves Defendants' objection that the Class is not certified. The *Sow* First Amended Complaint provides a working definition for the class. *See* Dkt. No 96 ¶¶ 510-12. It is clear, workable, and not difficult to apply (at least to OLPAs) — and appropriately, Defendants have not objected on that basis. Rather, they object to putting class discovery before certification. That fails for two reasons. *First*, it gets the basic scope of discovery wrong. Information about the class is "discovery regarding any nonprivileged matter that is relevant to [a] party's claim or defense." Fed. R. Civ. P. 26 (b)(1). Moreover, class discovery must come before a certification motion, particularly where, as here, the Court has reserved deciding that motion for after the close of discovery. Put differently, there is no bifurcation of class discovery in this case, so it is meritless for Defendants to resist admittedly relevant discovery on an unambiguously live claim. *See, e.g., In re NY City Policing During Summer 2020 Demonstrations*, 548 F Supp 3d 383, 395 (SDNY 2021) (describing live class action complaints).[8] *Second,* it's doctrinally backwards. It is beyond cavil

---

[6] Working by analogy to Dkt. No. 317, given the wide variety of impasses and active issues on which the City is still collecting documents, Sow Plaintiffs emailed a draft of this motion to Defendants on September 19, 2022 at 4:55 p.m., informing them it would be filed within 24 hours. _____.

[7] In a later email, Defendants confirmed: "the defendants confirm that there is an impasse with respect to the Sow plaintiffs' Document Request No. 4, unless the Sow plaintiffs can identify specific members of the putative class for whom they seek OLPA (zOLPA) information. Furthermore, the defendants state that to the extent that OLPAs have not already been produced, Defendants continue to assert burden and are not producing any additional OLPA pursuant to that objection (except as specified above)."

[8] Indeed, it is surprising to see the City resist discovery on that basis, given that they have treated the class essentially as pre-certified in trying to wield the existence of this case to limit access of opt-out plaintiffs to the federal courts. *See, e.g., Rodriguez v. City of N.Y.*, 21-cv-10815 (PKC), Dkt. No. 15 at 3 (after discussing a variety of opt out cases, the City's attorneys stating "[t]o the extent other plaintiffs have brought a putative class action (20 CV 08924) alleging claims of false arrest and excessive force at the Mott Haven protests, the City defendants are unclear why the three individual plaintiffs' claims in this case are not being litigated in that class action").



Page 2 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



that "[p]rior to the Court's determination whether plaintiffs can maintain a class action, the Court should treat the action as a class suit."  Moore's Federal Practice § 23.50, at 23-396, 23-397 (2d ed. 1990).  *Cf. Gallagher v NY State Bd. of Elections*, 477 F Supp 3d 19, 39, n 2 (SDNY 2020).

Since Defendants offer no reason to depart from this well-settled rule — and offer no cognizable objections (particularly following the Chart process) — the Court should order the relevant discovery produced.

### B. Defendants should identify people arrested at Schedule A locations in response to Interrogatory No. 4.

Interrogatory No. 4 seeks to have Defendants identify "each individual who was arrested at a location listed in Exhibit A."  Defendants objected that the interrogatory is "duplicative," but conceded that they did not provide identification of every individual arrested at a location in Schedule A in response to Consolidated Interrogatories.  Exhibit 2 at 3–4.  Rather, Defendants position at the meet and confer on July 12 was that Defendants provided *some* of this information already, as Defendants produced all arrest reports, MAPC reports, and summonses.  However, this response runs into several problems.  First, not all protest areas are contained within the documents Defendants reference.  Second, officers used excessive force and arrested many individuals, and then let them on the street without any charging instrument.  For example, the *Hernandez* former plaintiffs were arrested in this manner.

As set out above, this is a case where there will not be a separate, post-certification class discovery phase.  So, beyond being necessary to understand the size of the class and necessary to identifying potential witnesses, this information is necessary for class notice and other post-certification purposes as well.[9]  Thus, the information is not just relevant, but essential — and Defendants' underdeveloped (*see, e.g., King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1988)) proportionality and burden objections fail.  That is, Defendants provides no information describing the supposed burden at all (Ex. 2 at 4).

To sum up, Defendants again disregard class discovery is in play, and because of that mistake, assert an inapplicable objections.  Since those are the only objections — and no burden is adequately asserted — the Court should grant the motion.

### II. Defendants Invocation of Confidentiality Orders in Response to Document Request 12 is Baffling.

In Document Request No. 12, Plaintiffs sought information about certain decisions to (1) decline to prosecute and (2) decline to indemnify and/or represent officers (Ex. 1 at 66[10]).  In the

---

[9] Notably, Defendants have never objected to the fact that the Court placed class certification post-discovery, nor have they ever moved for a protective order or bifurcation on that basis.

[10] "Produce any and all documents, including electronic communications related to the information collected pursuant to Local Law 68-2020, the Department's Early Intervention Program (which collects information
         Page 3 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



current Chart, Defendants do not state any objections are the basis for withholding other than privilege. Indeed, the Court has already sanctioned Defendants for thinking that they were allowed to treat the chart as an "evolving" document. *See, e.g.,* 2022-04-12 Tr. at 7-8. Apparently, however — perhaps because they continue to do first order searches — Defendants are seeking to amend the Chart. And in violation of the Court's orders, they still have not completed the basic search or produced a privilege log.

In an email thread (**Exhibit 4**, included because Defendants are asserting objections by email that have never appeared in the Chart or in their formal responses — the relevant issue is described as Item 2(c)) following the Order at Dkt. No. 663, Defendants invoked confidentiality orders in *other cases* as somehow barring the City from disclosing its own documents. They have also — without clarifying what it is they are withholding, or what the burden *is* — stated " as the request seeks all documents related to the information collected pursuant to Local Law 68-2020, it is overbroad and burdensome." Ex. 4 at 9.

None of that complies with the rules or the Court's Orders. The Court already Ordered Defendants to "do the exercise of going through and saying exactly what you're going to produce and what you're not, and to the extent you're not producing it, and if it's on burdensomeness grounds rather than relevance, you need to specify in detail what that burden is." 2022-04-12 Tr. at 96-97. And Defendants stated, unambiguously, "if there is no burdensome or responsiveness or other objection in the chart, we are producing the documents." 2022-04-12 Tr. 43-44. But even if they were still allowed to make *new* objections, there is similarly no question that Defendants' bare assertion here — even if it did not violate a Court Order (it does) — doesn't suffice to state a burden objection. *See, e.g., King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1988). So, whatever unspecified burden Defendants are invoking is not a live objection.

That leaves, since Defendants are alleging it would violate a Court order — and thus the objection is not necessarily waivable — to disclose certain documents. But that does not make any sense. The documents at issue are *City documents*. Nothing in any confidentiality order — and certainly nothing in the ones Defendants have cited — can prevent the City from disclosing *its own documents*. All it could prevent is documents they received from *the plaintiffs* in those cases. But those documents, at most, are incidentally covered by these requests. What Plaintiffs are seeking are the documents that show just how bad an apple must be before the City will refuse to defend their conduct. Since the City does not somehow lose the ability to control its own records just because a confidentiality order exists, their objection is frivolous and should be overruled — and production should be ordered in no more than 10 business days.

### III. Defendants Should Respond to Interrogatory Nos. 10 and 11.

Interrogatory No. 10 seeks the identity, name, and tax ID of officers who were disciplined for using excessive force at a protest over the last 20 years, and identify the date, location, and conduct resulting in discipline. Interrogatory No. 11 asks for the nature of the discipline received

---

regarding certain declinations to prosecute), as well as Law Department declinations to indemnify or represent officers in civil lawsuits brought from protest arrests alleging a constitutional violation."



Page 4 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



for officers identified in Interrogatory No. 10.

Defendants claim the information is not proportional to the case and purport to raise a burden objection. Starting with the latter, while Defendants say the request is burdensome and estimate it would take 250 hours to search for all documents, they have not offered a "declaration or affidavit, under oath and penalty of perjury, from a responsible official within the agency who has personal knowledge of the principle matters to be attested to in the affidavit or declaration." *King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1988). That does not work.

On relevance, as Judge McMahon explained, at issue here are "numerous instances of the NYPD's ignoring CCRB disciplinary recommendations following complaints of police misconduct" — including specifically "that the NYPD failed to discipline then-Deputy Chief Monahan after he directed the use of force and mass arrests without probable cause to subdue protesters at the 2004 RNC protest" and "instead, he was eventually promoted to Chief of Department, and in that capacity directed the use of the same strategies against the Mott Haven protesters on June 4, 2020." *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 548 F. Supp. 3d 383, 405 (S.D.N.Y. 2021).

In the alternative, if the Court allows Defendants to assert the burden objection, the Court should also grant inference that the City has not adequately imposed discipline following protest-related excessive force. If the City is not willing to produce discovery on that issue, they should not be allowed to use the burden of actually parsing the information as a sword and a shield. Defendants claim there is a massive amount of responsive material. But the number of officers who ultimately have faced serious discipline for protest-related misconduct is vanishingly small.[11] So either Plaintiffs should receive all information about discipline — information that, if it shows what is alleged, gives rise to liability because it shows "Defendants ratified the actions taken by the NYPD by publicly praising, failing to discipline, and, at times, even rewarding officers for their conduct (548 F. Supp. 3d at 406) — or Defendants should not be allowed to dispute what Plaintiffs claim that information would show.

Put directly, the Court already found that if Plaintiffs presented historical evidence that the NYPD has not imposed serious discipline for misconduct at protests, "a trier of fact could plausibly infer, from … the City" long history of inaction, that the City maintained a policy of deliberate indifference to Plaintiffs' constitutional rights leading up to and during the first few days of the BLM protests." 548 F. Supp. 3d at 406. And if Defendants say it is too burdensome to provide evidence on those well-pled facts, then Defendants should not be allowed to dispute them — particularly given the obvious consistency of those historical facts with the NYPD's current practice. *See* Fed. R. Civ. P. 37(c).

---

[11] Indeed, just as to the protests during the summer of 2020, notwithstanding the City's assurance that "it is only a matter of time before more officers are disciplined for their role in policing the BLM protests" (548 F.Supp.3d at 406 n.9), as of May 2022, despite recommendations for discipline against 145 officers — including recommendations of charges and specifications (the highest available penalty) for 88 officers — a scant 18 officers have faced ***any*** discipline. *See* CCRB 2020 Protest Data Snapshot (May 11, 2022). Of those, ***not a single officer*** has faced charges and specifications.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Once again, we thank the Court for its continued time and attention.

                                                   Respectfully submitted,

                                                        /s/
                                            _____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 6 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com