| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Case Name | DRI Set and Number | Description of each DRI | Documents Produced | Objections/Reasons Withheld | Burden | New Production | Date Produced |
| 2 | People et al., v. CNY<br>21cv322<br>First Supplemental Request | DR No. 1 | Produce all documents relating to Jacqui Painter and Carlos Calzadilla-Palacio, and the incident<br>that took place on May 29, 2020, at or near the vicinity of the 88th Precinct on Dekalb Avenue in<br>Brooklyn, including, but not limited to, Threat, Resistance, or Injury (TRI) reports, summonses,<br>hospital and other medical reports, body-worn camera footage, and any documents identifying<br>Officers included, including but not limited to the following: the police officer in a black or blue<br>uniform and helmet in the screenshot attached as Exhibit A, taken from the body-worn camera<br>footage produced by Defendants as Def_CCRB_00019853. | Defendants have previously produced BWC relating to these individuals within Bates Stamp range No. DEF_000321542 to No. DEF_000321628.<br><br>Notwithstanding objections, no other responsive documents exist as neither individual was arrested or issued summons. Defendants cannot identify any of the officers in Exhibit A. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically.<br><br>The production of TRI reports using only a name is unduly burdensome.<br><br>The production of documents relating to the identity of the officers in Exhibit A is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results.<br>Without information regarding the source of the pictures in Exhibit A, defendants have no way of identifying which video the still photographs came from and thus cannot view the full video in order to determine the identity of the officers. The photographs in Exhibit A are not clear enough to allow defendants to make an identification. | | |
| 3 | | DR No. 2 | Produce all documents relating to Luke Hanna and the incident that took place on June 3, 2020,<br>at Cadman Plaza in Brooklyn, including, but not limited to, TRI reports, summonses, hospital<br>and other medical reports, and any body-worn camera and other video footage from 5:00 PM to<br>12:00 AM, within a two-block radius of the intersection between Tillary and Clinton Streets. | Defendants have previously produced BWC relating to this individual within Bates Stamp range No. DEF_000321521 to No. DEF_000321176<br><br>Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 4 | | DR No. 3 | Produce all documents relating to Huascar Benoit and the incident that took place at a protest the<br>night of May 30, 2020, and into the early morning hours of May 31, 2020, in the vicinity<br>of Dekalb and Flatbush Avenues in Brooklyn, including, but not limited to, identifying<br>the Officers captured in the screenshots included in Exhibit B, TRI reports, summonses,<br>hospital and other medical reports, and any body-worn camera and other video<br>footage, from 5:00 PM the night of May 30, 2020, to 3:00 AM the morning of May 31,<br>2020, including but not limited to the following Officers:<br>a. Reynaldo Gonzalez (923898 DTS, 84th Precinct);<br>b. Oscar Palomino (942321 POM, 79th Precinct);<br>c. Pavlo Azarov (953647 POM);<br>d. Sali Cerimi (965974 POM, 83rd Precinct);<br>e. Aaron Husbands (Shield # 4274, 79th Precinct); and<br>f. Unnamed Officer with the helmet number that appears to be 13990 or a similar number). | Defendants have previously produced BWC relating to this individual at Bates Stamp Nos.:<br>DEF_000321636<br>DEF_000346027<br>DEF_000346929<br>DEF_000346930<br>DEF_000370724<br>DEF_000370725<br><br>Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. Defendants cannot identify any of the officers in Exhibit B. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically.<br><br>The production of TRI reports using only a name is unduly burdensome.<br><br>The production of documents relating to the identity of the officers in Exhibit B is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results.<br>Without information regarding the source of the pictures in Exhibit B, defendants have no way of identifying which video the still photographs came from and thus cannot view the full video in order to determine the identity of the officers. The photographs in Exhibit B are not clear enough to allow defendants to make an identification. | | |
| 5 | | DR No. 4 | Produce all documents relating to Joseph Kokesh and the incident that took place on May 29, 2020, near the intersection of Bergen Street and Fifth Avenue in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and body-worn camera footage taken by the following Officers:<br>a. Joseph Giannatonio (956675 POM, 78th Precinct);<br>b. Andrey Samusev (958047 POM, 78th Precinct); and<br>c. Eduardo Silva (933356, Lieutenant, 78th Precinct). | Defendants have located one BWC video From PO Andrey Samusev that will be produced by April 15, 2022.<br><br>Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 6 | | DR No. 5 | Produce all documents relating to New York State Senator Zellnor Myrie and Assemblymember<br>Diana Richardson, and the protests that took place on May 29, 2020, at Barclays Center<br>in Brooklyn, including, but not limited to, documents identifying the Officer(s) who<br>released Senator Myrie from custody, TRI reports, summonses, hospital and other<br>medical reports, and any body-worn camera footage taken by the following Officers:<br>a. Eric Olfano (921639 SGT);<br>b. Joseph Taylor (924542 CPT);<br>c. John Loftus (935198 POM);<br>d. Max Bermudez (944360 POM);<br>e. Donald Weeks (946389);<br>f. Ernan Vega (948153);<br>g. Ronny Vega (951381);<br>h. Marcin Steckiewicz (955529);<br>i. Harry Kerr (962522 POM);<br>j. Giovanni Calderon;<br>k. Jessica Clinton, SRG3;<br>l. Terence Monahan;<br>m. Officer in the white shirt depicted in the image in Exhibit C and the Complaint (See para. 201); and<br>n. All other officers depicted in Exhibit C who were present at Barclay's Center on May 29, 2020. | Defendants have previously produced BWC relating to these individuals at Bates Stamp Nos.:<br>DEF_000321710<br>DEF_000321722<br>DEF_000321723<br>DEF_000321724<br>DEF_000321727<br>DEF_000370726<br>DEF_000370727<br><br>Defendants have located additional BWC videos for the following officers which will be produced by April 15, 2022:<br>a. Eric Olfano (921639 SGT);<br>c. John Loftus (935198 POM);<br>d. Max Bermudez (944360 POM);<br>e. Donald Weeks (946389);<br>g. Ronny Vega (951381);<br>h. Marcin Steckiewicz (955529);<br>i. Harry Kerr (962522 POM);<br><br>Notwithstanding objections, no other responsive documents exist as neither individual was arrested or issued summons. Defendants identify the officer in the white shirt depicted in Exhibit C as Captain Joseph Taylor. Defendants cannot identify any of the other officers in Exhibit C. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically.<br><br>The production of TRI reports using only a name is unduly burdensome.<br><br>The production of documents relating to the identity of the officers in Exhibit C is unduly burdensome | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results.<br>Without information regarding the source of the pictures in Exhibit C, defendants have no way of identifying which video the still photographs came from and thus cannot view the full video in order to determine the identity of the officers. The photographs in Exhibit C are not clear enough to allow defendants to make an identification. | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 7 | | DR No. 6 | Produce all documents identifying the Officers depicted in Exhibit D and the Complaint (See para. 169), who were present at the Mott Haven protests that took place on June 4, 2020, in Mott Haven. | Defendants identify the officer with Shield #75 in Exhibit D as Sergeant Thomas Rodriquez. Defendants cannot identify other officers in Exhibit D as the photo is not clear enough to make a positive identification. | The production of documents relating to the identity of the officers in Exhibit D is unduly burdensome | Without information regarding the source of the pictures in Exhibit D, defendants have no way of identifying which video the still photograph came from and thus cannot view the full video in order to determine the identity of the officers. The photo graphs in Exhibit D are not clear enough to allow defendants to make an identification. | | |
| 8 | | DR No. 7 | Produce all documents relating to Rayne Valentine and the incident that took place on May 30, 2020, at or near the corner of Flatbush and Church Avenues in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any video footage, including body-worn camera footage from Officers involved in or present at the incident, including, but not limited to Officer Amjad Kasaji. | Defendants have previously produced BWC relating to this individual within Bates Stamp range No. DEF_000286500 to No. DEF_000286981, and No. DEF_000320251 to No. DEF_000320336<br><br>Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 9 | | DR No. 8 | Produce all documents relating to Patricia Delfin and the incident that took place on May 29, 2020, in the Clinton Hill neighborhood in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage from Officers involved in or present at the incident. | Defendants have previously produced BWC relating to this individual within Bates Stamp range No. DEF_000321542 to No. DEF_000321627 and No.  DEF_000370734 to No. DEF_000370736<br><br>Notwithstanding objections,  other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically.<br><br>The production of TRI reports using a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personel hours potentially leading to negative results. | | |
| 10 | | DR No. 9 | Produce all documents relating to Kerry Leigh Pittenger and the incident that took place on May 29, 2020, in the Bedford-Stuyvesant neighborhood in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage from Officers involved in or present at the incident. | Defendants conducted a search and were unable to find any BWC related to this individual.  Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personel hours potentially leading to negative results. | | |
| 11 | | DR No. 10 | Produce all documents relating to Dorthley Beauval and the incident that took place on June 1, 2020, in the vicinity of West 56th Street and Broadway in Manhattan, including, but not limited to, TRI reports, hospital and other medical records, and any video footage relating to the alleged burglary of 1756 Broadway on June 1, 2020, and Beauval's arrest, such as body-worn camera footage from Officer Daniel Tooma and any other Officer involved in Beauval's arrest. | Defendants have already produced: DEF_000113354, DEF_000122541, DEF_000077650, DEF_000227012, and DEF_000163151.<br><br>Defendants have previously produced BWC relating to this individual at Bates Stamp Nos. DEF_000320391, DEF_000320392, and DEF_000320393. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically. | | | |
| 12 | | DR No. 11 | Produce all documents relating to Dennis Mullikin and the incident that took place on May 31, 2020, near 12th Street and Broadway in Manhattan, including, but not limited to, documents identifying Officers involved in Mullikin's arrest, TRI reports, aided reports, hospital and other... | Defendants have already produced: DEF_000112259, DEF_000120317, DEF_000153592, and DEF_000226839.<br><br>Defendants have previously produced BWC relating to this individual within Bates Stamp range No. DEF_000230100 to No. DEF_000321009. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically. | | | |
| 13 | | DR No. 12 | Produce all documents relating to Hannah Lillevoy and the protest that took place on May 28, 2020, at Union Square in Manhattan, including, but not limited to, documents identifying Officers involved in the use of force against Lillevoy, TRI reports, summonses, hospital and other medical records, and any video footage, including, but not limited to, body-worn camera footage from Officers at and within a one-block radius of Union Square between 3:00 PM and 5:00 PM on May 28, 2020. | Defendants have previously produced BWC relating to this individual within Bates Stamp range No. DEF_000288819 to No. DEF_000321038, and at No. DEF_000321540.<br><br>Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundred of personel hours potentially leading to negative results. | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| **14** | | DR No. 13 | Produce all documents relating to Dounya Zayer and the incident that took place on May 29, 2020, on Pacific Street in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical records, and any video footage, including, but not limited to, bodyworn camera footage from Officers in the two-block radius of Pacific Street and Flatbush Avenue between 7:00 PM and 9:00 PM on May 29, 2020. | Defendants have already produced: DEF_000104800 and DEF_000283572.  Defendants have previously produced 720 BWC videos relating to this individual in Volume 18-not confidential begining at Bates Stamp No. DEF_000321576 and Volume 14-not confidential begining at Bates Stamp No. DEF_000283797. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically. | | | |
| **15** | | DR No. 14 | Produce all documents relating to Alexandra Crousillat and the incident that took place on November 4, 2020, at or near Irving Place and East 14th Street—near Washington Square Park and Union Square—in Manhattan, including, but not limited to, documents identifying Officers involved in Crousillat's arrest, TRI reports, summonses, hospital and other medical records, and any video footage, from 8:00 PM to 11:00 PM, including, but not limited to, body-worn camera footage from Officer Chris Foley (of SRG-1), SRG Officer Wearing Helmet Number 644, any body-worn camera and other video footage associated with summons number 4443594647 issued to arresting officer Onabanjo, and all other Officers involved in the arrest of protesters at Union Square on November 4, 2020. | Defendants will produce summons 4443594647. Defendants have previously produced  BWC videos relating to this individual with Bates Stamp rage No. DEF_000320348 to No. DEF_000320383 and at No. DEF_000370031. | "Hospital and other medical reports" are protected from disclosure under HIPPA and defendants will cannot obtain those records by law without a HIPPA release from each individual authorizing the release of records in this case specifically.  The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| **16** | | DR No. 15 | Produce the complete and up-to-date Civilian Complaint Review Board (CCRB) investigation file, including, but not limited to, investigative Action forms, investigator interview summaries or reports, recordings of officer interviews, and all other related documents, filed by or regarding: a. Huascar Benoit (CCRB complaint No. 202003881); b. Hannah Lillevoy (CCRB complain No. 202003632); c. New York state Assembly Member Diana Richardson and Senator Zellnor Myrie (CCRB complaint No. 202003695); d. Dounya Zayer (CCRB complaint no. 202003692); e. Jacqueline Painter and Carlos Calzadilla-Palacio (CCRB complaint No. 202003698); f. Joseph Kokesh (CCRB complaint No. 202003770); g. Andrew Smith (CCRB complaint No. 202003703); h. Rayne Valentine (CCRB complaint No. 202004278); i. Carlos Polanco (CCRB complaint No. 202003773); j. Jason Donnelly (CCRB complaint No. 202003860); k. Brian Anderson (CCRB complaint No. 202003961); l. Zuleyka Morales (CCRB complaint No. 202003695); m. Melanie Ryan (CCRB complaint No. 202004307); n. Jemell Cole (CCRB complaint No. 202008262); o. Jillian Primiano (CCRB complaint No. 202005994); p. Brendan McDermid (CCRB complaint No. 202003901); q. Robert Bumsted and Anna Slatz (CCRB complaint No. 202003834); r. Tyler Berg (CCRB complaint No. 202003731); and s. David Siffert (CCRB complaint No. 202003712). | Defendants have already produced: Jemell Cole (CCRB complaint No. 202008262) at beginning at bates no  DEF_0325935.  Cases below have been produced on March 11, 2022 in production9 VOL035_Confidential. These were also reproduced on March 16, 2022 due to an error in production: a. Jillian Primiano (CCRB complaint No. 202005994); b. Brendan McDermid (CCRB complaint No. 202003901);  Cases below will be produced on March 18, 2022 in production VOL37_Confidential: a. Huascar Benoit (CCRB complaint No. 202003881) b. Hannah Lillevoy (CCRB complain No. 202003632); c. New York state Assembly Member Diana Richardson and Senator Zellnor Myrie (CCRB complaint No. 202003695); d. Jacqueline Painter and Carlos Calzadilla-Palacio (CCRB complaint No. 202003698); e. Joseph Kokesh (CCRB complaint No. 202003770); f. Andrew Smith (CCRB complaint No. 202003703); g. Zuleyka Morales (CCRB complaint No. 202003695); h. Robert Bumsted and Anna Slatz (CCRB complaint No. 202003834); i. Carlos Polanco (CCRB complaint No. 202003773) j. Dounya Zayer (CCRB complaint No. 202003692) k. Brian Anderson (CCRB complaint No. 202003961) - Produced under duplicate file CCRB complaint No. 202003707  Cases below are being reviewed and will be produced by the court ordered date: | | | |
| **17** | | DR No. 16 | Produce the complete and up-to-date CCRB investigation file, including, but not limited to, Investigative Action forms, investigator interview summaries or reports, recordings of Officer interviews, and all other related documents, for the following protests and incidents: a. The May 30 and June 4 protests in East Flatbush involving NYPD Lieutenant Michael Butler (CCRB complaint Nos. 202003799, 202004204, 202003962); b. The May 30, 2020, incident in Flatbush involving NYPD Captain Vitaly Zelikov (CCRB complaint No. 202004408); c. The CCRB investigations relating to the June 4 Mott Haven protest (CCRB complaint Nos. 202004055, 202004301, 202004402, 202006855); and d. The CCRB investigations relating to the May 29 Clinton Hill protest (CCRB complaint Nos. 202004179, 202003717). | Cases below were produced on March 18, 2022 in production VOL037_Confidential: a. The May 30 and June 4 protests in East Flatbush involving NYPD Lieutenant Michael Butler (CCRB complaint Nos. 202003799 and 202004204) b. d. The CCRB investigations relating to the May 29 Clinton Hill protest (CCRB complaint No. 202003717)  Cases below have been produced on March 11, 2022 in production9 VOL035_Confidential. These were also reproduced on March 16, 2022 due to an error in production: a. The CCRB investigations relating to the June 4 Mott Haven protest (CCRB complaint Nos. 202004301 and 202004402) b. The CCRB investigations relating to the May 29 Clinton Hill protest (CCRB complaint No. 202004179) c. The May 30 and June 4 protests in East Flatbush involving NYPD Lieutenant Michael Butler (CCRB complaint 202003962) d. The May 30, 2020, incident in Flatbush involving NYPD Captain Vitaly Zelikov (CCRB complaint No. 202004408) e. The CCRB investigations relating to the June 4 Mott Haven protest (CCRB complaint No.  202004055)  Cases below have been recieved and will be produce prior to the court ordered date: a. The CCRB investigations relating to the June 4 Mott Haven protest (CCRB complaint No.  202006855) | | | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 18 | | DR No. 17 | Produce the complete and up-to-date Internal Affairs Bureau (IAB) investigation file, including, but not limited to, investigator interview summaries or reports, recordings of Officer interviews, and all other related documents, related to or involving the following: a. Huascar Benoit (Identified by IAB No. 20-14374); b. Hannah Lillevoy (Identified by IAB Nos. 20-10199, FI 2020-0479); c. New York state Assembly Member Diana Richardson and Senator Zellnor Myrie (Identified by IAB No. 20-13767); d. Dounya Zayer (Identified by IAB Nos. 20-0410, 20-13708, 20-14206); e. Jacqueline Painter and Carlos Calzadilla-Palacio (Identified by IAB Nos. 20-0410, 20-13708, and 20-14206); f. Joseph Kokesh (Identified by IAB Nos. FI-2020-000478, 2020-14196); g. Andrew Smith (Identified by IAB No. 20-13824); h. Rayne Valentine (Identified by IAB No. FI-2020-0430); i. Carlos Polanco (Identified by IAB Nos. FI-2020-000462; 2020-13963; 2020-22202); j. Dennis Mullikin (Identified by IAB Nos. 2020-000462, 2020-13963); k. Jason Donnelly (Identified by IAB No. 20-14108); l. Zuleyka Morales (Identified by IAB Nos. FI-2020-000535, 2020-15371); m. Lawrence Schober (Identified by IAB Nos. 21-10106 and 2021-09715; n. Melanie Ryan; o. Jemell Cole; p. Jillian Primiano; q. Brendan McDermid (Identified by IAB Nos. FI-2020-000489, 2020-14473); r. Robert Bumsted and Anna Slatz (Identified by IAB Nos. 2020-14809, OG-2020-007172); s. Tyler Berg; t. David Sifler; and | Defendants will search for and produce the requested IAB files to the extent they can be located based upon NYPD's search capabilities. Defendants have already produced: a. New York state Assembly Member Diana Richardson and Senator Zellnor Myrie (Identified by IAB No. 20-13767); produced file beginning at DEF_000285011, and IAB log at DEF_000283838. b. Dounya Zayer (Identified by IAB Nos. 20-0410, 20-13708, 20-14206;) Produced beginning at DEF_00028503. c. Andrew Smith (Identified by IAB No. 20-13824); produced IAB log at DEF_000284528 d. Zuleyka Morales (Identified by IAB Nos. FI-2020-000535, 2020-15371); Produced at DEF_000283118. d. Jemell Cole;  Produced IAB log at DEF_032595 | Producing all the requested documents is unduly burdensome | The search functionality of the electronic system of the Civil Litigation Unit is limited. CLU can only search the IAB database using an individual officer's tax ID number. Moreover, it is unclear if date of incident is a searchable category, making it difficult to limit the searches to a particular date of incident.  Upon information and belief, the Internal Affairs Bureau is the only entity that may be able to search by IAB file number and/or complainant's name. Defendants have sent these requests to IAB and IAB is working on locating those files. It is estimated that it would take at least 250 hours to search for all requested documents, plus an additional  150 hours to review, redact, and produce them. | | |
| 19 | | DR No. 18 | Produce the complete and up-to-date Internal Affairs Bureau (IAB) investigation file, including, but not limited to, investigator interview summaries or reports, recordings of Officer interviews, and all other related documents, relating to the following protests and incidents identified in the Complaint: a. The May 30, 2020, and June 4, 2020, incidents in the Brooklyn neighborhoods of Flatbush and Williamsburg, respectively, involving NYPD Lieutenant Michael Butler, including IAB Nos. 2020-17426 (F-2020-2794) and 2020-17377 (FI-2020-661); b. The May 30, 2020 incidents in Flatbush involving NYPD Captain Vitaliy Zelikov, including IAB No. 2020-14991; c. The June 4 Mott Haven protest; and | Defendants will search for and produce the requested IAB files to the extent they can be located based upon NYPD's search capabilities. | Producing all the requested documents is unduly burdensome | The search functionality of the electronic system of the Civil Litigation Unit is limited. CLU can only search the IAB database using an individual officer's tax ID number. Moreover, it is unclear if date of incident is a searchable category, making it difficult to limit the searches to a particular date of incident.  Upon information and belief, the Internal Affairs Bureau is the only entity that may be able to search by IAB file number and/or complainant's name. Defendants have sent these requests to IAB and IAB is working on locating those files. It is estimated that it would take at least 250 hours to search for all requested documents, plus an additional  150 hours to review, redact, and produce them. | | |
| 20 | | DR No. 19 | Produce all documents, including any video footage, provided to any District Attorney's office investigating any incident at the protests for possible criminal charges, including, but not limited to, Rayne Valentine, Andrew Smith, and Dennis Mullikin. | No responsive documents. None of the individuals mentioned were arrested or issued summons. | Producing all the requested documents is unduly burdensome | Locating and producing "all documents" provided to any of the five district attorneys' offices for ANY incident at all 83 protest locations, that may or may not involve the several hundreds of summonses and arrests made by 77 commands is unduly burdensome. In addition, relevant police paperwork, in the form of arrest reports, summonses, TRI and logs, when prepared, were already produced as part of separate document requests. | | |
| 21 | | DR No. 20 | Produce all documents concerning the creation of reports, records, communications, discussions, assessments, or critiques regarding the NYPD's deployment of officers to protests, including, but not limited to, orders, directives, instructions, and communications to create protest critiques | Responsive documents will be produced on March 18, 2022 in VOL37_Confidential. | | | | |
| 22 | | DR No. 21 | Produce all 50-h hearing transcripts for all witnesses identified in the Complaint. | Defendants have produced 50-h hearing trascripts for the following witnesses on March 18, 2022: •Patricia Delfin •Huascar Benoit •Luke Hanna •Andrew Smith •Zellnor Myrie •Diana Richardson •Dounya Zayer •Borthley Beauval •Rob Goyanas  There are no records of 50H hearing transcripts for the remaing witnesses mentioned in the complaint. | | | | |
| 23 | | DR No. 22 | Produce all documents relating to Rob Goyanes and the incident that took place on June 4, 2020, in Mott Haven, at or near East 136th Street—between Brooke Avenue and Brown Place— including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, from 5:00 PM to 8:00 PM, including from SRG Officer Pecorela (badge number 9542), Officer Romero (badge number 6431), and Officer Blumenthal or Blumenberg (also referred to as "Blumie") (badge number 1231). | Defendants have previously produced BWC videos relating to this individual within Bates Stamp range No. DEF_000321186 to DEF_000321192.  Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports"  are protected from disclosure under HIPPA.  The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 24 | | DR No. 23 | Produce all documents relating to Michael Blau and the incident that took place on June 3, 2020, at or near East 54th Street and Third Avenue in Manhattan, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, from 8:00 PM to 10:00 PM, and associated with summonses number 4444104948. | Defendants will produce responsive documents on March 18, 2022 in VOL37_Confidential. Defendants conducted a search and were unable to find any BWC related to this individual. | "Hospital and other medical reports"  are protected from disclosure under HIPPA.  The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 25 | | DR No. 24 | Produce all documents relating to Aditi Bansal and the incident that took place on June 3, 2020,<br>at or near East 54th Street and Third Avenue in Manhattan, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and body-worn camera and other<br>video footage, from 8:00 PM to 10:00 PM, and associated with summonses number 4444110203. | Defendants will produce responsive documents on March 18, 2022 in VOL37_Confidential. Defendants conducted a search and were unable to find any BWC related to this individual. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 26 | | DR No. 25 | Produce all documents relating to Holly Gunder and the incident that took place on June 3, 2020,<br>at or near East 54th Street and Third Avenue in Manhattan, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera | Defendants have already produced: DEF_000096420. Defendants conducted a search and were unable to find any BWC related to this individual. | "Hospital and other medical reports" are protected from disclosure under HIPPA. | | | |
| 27 | | DR No. 26 | Produce all documents relating to Katelyn Doyle and the incident that took place on June 3, 2020, at or near East 54th Street and Third Avenue in Manhattan, including, but not limited to,<br>TRI reports, summonses, hospital and other medical reports, and any body-worn camera and<br>other video footage, from 8:00 PM to 10:00 PM, including from an Officer with badge number 4501. | Defendants conducted a search and were unable to find any BWC related to this individual.<br><br>Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 28 | | DR No. 27 | Produce all documents relating to Tameer Peak, Benjamine Heath, Blaise Johnson, Hillary<br>Wright, Jonathan Peck, Marissa Kaiser, Steve Mazzucchi, Vanessa Turi, and Ruvan Wijesooriya,<br>and the incident that took place on January 18, 2021, at or near City Hall Park in Manhattan,<br>including, but not limited to, TRI reports, summonses, arrest reports, hospital and other medical<br>reports, and any body-worn camera and other video footage, from 8:00 PM to 10:00 PM, and<br>associated with summons number M21601961 from arresting officer Morgante, tax ID # 958951. | Defendant will produce the following documents will produce  the following responsive documents on March 18, 2022 in VOL37_Confidential:<br>Tameer Peak: M21601961 & TRI Number: 2021-001-00006<br>Blaise Johnson: 4450084301 & 4450084293<br>Jonathan Peck: 4442340417 & 4442340465<br><br>Notwithstanding objections, no responsive documents exist for Hillary Wright, Benjamine Heath, Marissa Kaiser, Steve Mazzucchi, Vanessa Turi, and Ruvan Wijesooriya as none of them were not arrested or issued a summonses.<br><br>Defendants have previously produced BWC videos relating to the following individuals:<br>- Hillary Wright: DEF_000320440 to DEF_000320972, and DEF_000371524 to DEF_000371538.<br>- Tameer Peak: DEF_000321220<br>Defendants conducted a search and were unable to find BWC related to the remaining individuals. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 29 | | DR No. 28 | Produce all documents relating to Bryan Fiedler and the incident that took place on June 4, 2020,<br>at or near Penn Street and Wythe Avenue in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video<br>footage, from 8:00 PM to 10:00 PM, and associated with summons number 4444106078 issued<br>by arresting officer Luis Negron, tax ID # 968665. | Defendants have already produced: DEF_000090844. Defendants conducted a search and were unable to find any BWC related to this individual. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 30 | | DR No. 29 | Produce all documents relating to Kayley Berezney and the incident that took place on June 4, 2020, at or near Penn Street and Wythe Avenue in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other<br>video footage, from 8:00 PM to 10:00 PM, and associated with summons number 4444106064 issued by arresting officer Luis Negron, tax ID # 968665. | Defendants have already produced: DEF_000090842. Defendants conducted a search and were unable to find any BWC related to this individual. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 31 | | DR No. 30 | Produce all documents relating to Marie Kahn and the incident that took place on June 4, 2020,<br>at or near Penn Street and Wythe Avenue in Brooklyn, including, but not limited to, TRI reports,<br>summonses, hospital and other medical reports, and any body-worn camera and other video<br>footage, from 8:00 PM to 10:00 PM, and associated with summons number 4444105938 issued<br>by arresting officer Husbands. | Defendants have already produced: DEF_000090842. Defendants conducted a search and were unable to find any BWC related to this individual.<br><br>Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. Defendants have not been able to find any record of arrest for this individual on that date and have not been able to find the summons number provided. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 32 | | DR No. 31 | Produce all documents relating to Abel Tirado and the incident that took place on November 4, 2020, at or near Seventh Avenue South and Leroy Street in Manhattan, including, but not limited<br>to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera<br>and other video footage, from 8:00 PM to 10:00 PM, and associated with summons number M20629727 issued by arresting officer Hurchey. | Defendants will produce additional responsive documents on March 18, 2022 in VOL37_Confidential.<br><br>Defendants have already produced: DEF_000090842.<br><br>Defendants conducted a search and were unable to find any BWC related to this individual. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 33 | | DR No. 32 | Produce all documents relating to Dr. Michael Pappas and the incident that took place on June 4, 2020, in Mott Haven, Bronx, including, but not limited to, documents identifying Officers involved in Pappas's arrest, including the Officers who observed Pappas and the arresting officers associated with summons number 4443829723, TRI reports, hospital and other medical records, and any body-worn camera and other video footage associated with summons number 4443829723, including, but not limited to, body-worn camera footage from any involved officers. | Defendants have already produced: DEF_000090620.<br><br>Defendants have previously produced BWC videos relating to the this individual at Bates Stamp Range No. DEF_000321010 to No. DEF_000321021. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 34 | | DR No. 33 | Produce all documents relating to Jillian Primiano and the incident that took place on June 4, 2020, in Mott Haven, Bronx, including, but not limited to, documents identifying Officers involved in Primiano's arrest, including the Officers who observed Primiano and the arresting officers associated with summons number 4448281113, TRI reports, hospital and other medical records, and any body-worn camera and other video footage associated with summons number 4448281113, including, but not limited to, body-worn camera footage from any involved officers, including but not limited to Brian Destefano. | Defendants have already produced: DEF_000094595.<br><br>Defendants have previously produced BWC videos relating to the this individual at Bates Stamp Range No. DEF_000321010 to No. DEF_000321019, and No. DEF_000321048 to No. DEF_000321053. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 35 | | DR No. 34 | Produce all documents relating to Marie DeLuca and the incident that took place on June 4, 2020, in Mott Haven, Bronx, including, but not limited to, documents identifying Officers involved in DeLuca's arrest resulting in summons number 4448373565, TRI reports, hospital and other medical records, and any body-worn camera and other video footage associated with summons number 4448373565, including, but not limited to, body-worn camera footage from any involved officers, including but not limited to Crystal Washington. | Defendants have already produced: DEF_000090904, DEF_000090906, and DEF_000094960.<br><br>Defendants have previously produced BWC videos relating to the this individual at Bates Stamp Range No. DEF_000321010 to DEF_000321019, No. DEF_000321048 to DEF_000321052, and No. DEF_000321177. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 36 | | DR No. 35 | Produce all documents relating to Zuleyka Morales and the incident that took place on June 2, 2020, on the West Side Highway in Manhattan (Protest No. 39 in Schedule A), including, but not limited to documents identifying Officers involved in Morales's arrest resulting in summons number 4441347880, TRI reports, hospital and other medical records, and any body-worn camera and other video footage associated with summons number 4441347880, including, but not limited to, body-worn camera footage from the arresting officer, from Patrick Connolly, and from any other Officers in the arrest of Morales. | Defendants have already produced: DEF_000088142 and DEF_000283200.<br><br>Defendants have previously produced BWC videos relating to the this individual at Bates Stamp Range No. DEF_000321643 to DEF_000321654, and at No. DEF_000286828 | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 37 | | DR No. 36 | Produce all documents relating to Keith Boykin and the incident that took place on May 30, 2020, on the West Side Highway at West 96th Street in Manhattan (Protest No. 9 in Schedule A), including, but not limited to, documents identifying Officers involved in Boykin's arrest resulting in summons number 4443977943 and 4443977930, TRI reports, hospital and other medical records, and any body-worn camera and other video footage associated with Boykin's arrest, including, but not limited to, body-worn camera footage from the arresting officer, and from any other Officers in the arrest of Boykin. | Defendants have already produced: DEF_000075618, DEF_000090674, 4443977943, DEF_000282555.<br><br>Defendants have previously produced BWC videos relating to the this individual at Bates Stamp Range No. DEF_000321056 to No. DEF_000321061. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 38 | | DR No. 37 | Produce all documents relating to Jemell Cole and the incident that took place on July 15, 2020, on the Brooklyn Bridge pedestrian path resulting in the arrest of Jemell Cole (voided arrest No. M20620174; Protest No. 67 in Schedule A), including, but not limited to documents identifying Officers involved in Cole's arrest, TRI reports, hospital and other medical reports, body-worn camera footage, ARGUS footage, and all other video footage associated with Cole's arrest. | Defendants have already produced: DEF_000046332.<br><br>Defendants have previously produced BWC videos relating to the this individual at Bates Stamp Range No. DEF_000321041 to No. DEF_000321047. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 39 | | DR No. 38 | Produce all documents concerning any information known to the NYPD before or during the following protests concerning illegal conduct, or the possibility thereof, at such location, warranting the use of encirclement or kettling tactics:<br>a. June 2, 2020 – Manhattan Bridge;<br>b. June 3, 2020 – Cadman Plaza; and Midtown Manhattan, near East 54th Street and Third Avenue;<br>c. June 4, 2020 – South Williamsburg, near Penn Street and Wythe Avenue;<br>d. June 4, 2020 – Washington Square Park, in the vicinity of West 8th Street, between Fifth and Sixth Avenues; and Union Square, near East 14th Street and Fourth Avenue; and<br>e. January 18, 2021 – MLK day protest near City Hall Park in Manhattan. | Defendants have already produced all responsive documents for June 2, June 3, and June 4 in the following productions:<br><br>VOL007_Confidential<br>Range: DEF_000075580 - DEF_000077851<br><br>VOL008_Confidential<br>Range: DEF_000157572 - DEF_000164804<br><br>Defendants are continuing to search for responsive documents relating to November 4, and January 18 and will produce any documents prior to the court ordered date. | | | | |
| 40 | | DR No. 39 | Produce all documents relating to Carlos Polanco and the incident that took place on May 30, 2020 on the F.D.R. Drive in Manhattan including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage from the following:<br>a. The Officer in Exhibit E holding the baton in his right hand and spraying OC spray in his left hand;<br>b. Any other officers identified in Exhibit E;<br>c. Sgt. Majer Saleh (Tax ID number 929110). | Defendants conducted a search and were unable to find any BWC related to this individual.<br><br>Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 41 | | DR No. 40 | Produce all documents relating to Laisa Pertet and the incident that took place on the night of May 30, 2020, near the Flatbush Extension in Brooklyn including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage. | Defendants have already produced BWC videos relating to the this individual within Bates Stamp Range No. DEF_000286975 to No. DEF_000286981, No. DEF_000302254 to No. DEF_000320298, No. DEF_000320315 to No. DEF_000320319, and No. DEF_000321636 to No. DEF_000321642.<br><br>Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 42 | | DR No. 41 | Produce all documents relating to Alan Williams and the incident that took place on the evening of May 29, 2020, at or near the Barclay's Center in Brooklyn, near the metal barricades separating protesters and NYPD officers, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage. | Defendants have already produced: DEF_000088996, DEF_000089016, and DEF_000009008, and DEF_000090030.<br><br>Defendants have previously produced 297 BWC videos relating to the this individual within Volume 18-not confidential begining at Bates Stamp No. DEF_000321576, as well as the following Bates Stamp Nos.: DEF_000283797, DEF_000283821, DEF_000283824, DEF_000283831, DEF_000230091 to No. DEF_000230094. | "Hospital and other medical reports" are protected from disclosure under HIPPA. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 43 | | DR No. 42 | Produce all documents relating to Andrew Smith and the incident that took place in the early evening of May 30, 2020, at or near the intersection of Bedford and Tilden Avenues in Brooklyn, including, but not limited to, TRI reports, summonses, hospital and other medical reports, and any body-worn camera and other video footage, including from, but not limited to, Officer Michael Sher. | Defendants have already produced: DEF_000061669, DEF_000104540, DEF_000138459, DEF_000284404, DEF_000284405, DEF_000286550.<br><br>Defendants have previously produced BWC videos relating to the this individual at the following Bates Stamp Nos.: DEF_000284432 DEF_000284482 DEF_000284492 DEF_000320387 DEF_000320388 DEF_000320389 DEF_000320390 | "Hospital and other medical reports" are protected from disclosure under HIPPA. | | | |
| 44 | | DR No. 43 | Produce all documents relating to the use of force against Lawrence Schober that took place on May 31, 2020, in the vicinity of Broadway and 11th Street in Manhattan, including, but not limited to, documents identifying Officers involved in Schober's arrest, TRI reports, hospital and other medical reports, ARGUS footage, body-worn camera footage, and all other video footage associated with the use of force by Officers against Schober. | Defendants have previously produced BWC videos relating to the this individual within Bates Stamp range No. DEF_000230096 to No. DEF_000230098, No. DEF_000230100 to No. DEF_000231008, and No. DEF_000231062 to No. DEF_000321114<br><br>Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 45 | | DR No. 44 | Produce all documents relating to the arrest of Brian Anderson (Arrest ID K20619401) and the incident that took place on May 29, 2020, in the vicinity of the 79th Precinct stationhouse, at 263 Tompkins Avenue in Brooklyn, and Herbert von King Park, (Protest No. 6 in Schedule A), including, but not limited to, documents identifying Officers involved in Anderson's arrest, TRI reports, hospital and other medical reports, ARGUS footage, body-worn | Responsive docs: DEF_000108958, DEF_000154372, DEF_000154375, DEF_000162666, DEF_000162669, and DEF_000104743.<br><br>Defendants have previously produced BWC videos relating to the this individual within Bates range No. DEF_000321599 to No. DEF_000321601, and No. DEF_000370728 to No. DEF_000370731. | "Hospital and other medical reports" are protected from disclosure under HIPPA. | | | |
| 46 | | DR No. 45 | Produce all documents relating to Jason ("Jae") Donnelly and the incident that took place on June 2, 2020, in the vicinity of West 53rd Street and 9th Avenue in Manhattan (Protest No. 36 in Schedule A), including, but not limited to, documents identifying Officers involved in the use of force against Donnelley, TRI reports, hospital and other medical reports, ARGUS footage, body-worn camera footage, and all other video footage associated with Donnelly, including from Sgt. William Balunas. | Defendants have previously produced BWC videos relating to the this individual at Bates Stamp No. DEF_000321039 and DEF_000321040.<br><br>Notwithstanding objections, no other responsive documents exist as this individual was not arrested or issued summons. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 47 | | DR No. 46 | Produce all documents relating to the arrest of Melanie Ryan (Summons number 4449869464) and the incident that took place on June 3, 2020, in the vicinity of East 50th Street and Third Avenue in Manhattan, including, but not limited to, documents identifying Officers involved in Ryan's arrest, TRI reports, hospital and other medical reports, ARGUS footage, body-worn camera footage, and all other video footage associated with Ryan's arrest, including from Officer Jeff of SRG 3. | Defendants will produce responsive documents on March 18, 2022 in VOL37_Confidential.<br><br>Defendants have previously produced BWC videos relating to the this individual within Bates range No. DEF_000283043 to No. DEF_000283066, No. DEF_000286834 to No. DEF_000286836, and No. DEF_000320150 to No. DEF_000320438. | "Hospital and other medical reports" are protected from disclosure under HIPPA.<br><br>The production of TRI reports using only a name is unduly burdensome. | TRI reports cannot be located by NYPD using a person's name. Even when a document contains a person's name, the search will yield negative results. In order to find a responsive TRI report using a specific person's name, EVERY TRI report from that precinct on the date of occurrence would need to be manually reviewed to see if a certain person's name appears in it; an endeavor that would take several hundreds of personel hours potentially leading to negative results. | | |
| 48 | | | | | | | | |
| 49 | | | | | | | | |
| 50 | | | | | | | | |
| 51 | In Re: New York City Policing During Summer 2020 Demonstrations. 20 Civ. 8924; 20 Civ. 10291; 20 Civ. 10541; 21 Civ. 322; 21 Civ. 533; 21 Civ. 1904 Yates' Second Set Interrogatories and Document Requests | DR No. 1 | Produce body worn camera footage from each of the NYPD members described in Attachment A, from May 31, 2020, between 9:00 PM and 10:00 PM. | Defendants have already produced DEF_003321247 through DEF_003321264. Defendants will produce any additional BWC for the incident involving plaintiff within Defense Counsel's possession by the court ordered date. | Body worn camera footage that does not depict the incident involving the plaintiff is not relevant and will not be produced in response to Yates' requests. | | | |
| 52 | | DR No. 2 | Produce every written note, document or statement by any of the NYPD members identified in Attachment A, regarding the night of May 31, 2020. | Defendants have previously produced responsive documents and will produce any additional responsive documents by the court ordered-date or pursuant to the deposition protocol. | Written notes, documents or statements that do not relate to the incident involving the plaintiff are not relevant and will not be produced in response to Yates' requests. | | | |
| 53 | | DR No. 3 | Provide the complete Civilian Complaint Review Board file relating to Cameron Yates' complaint of police misconduct on the night of May 31, 2020. | Defendants have already produced DEF_003321257 to DEF_003321263. Defendants will produce any additional responsive documents for CCRB complaint no. 202005120 on or before the Court-ordered date. | | | | |
| 54 | | | | | | | | |
| 55 | Yates v NYC, et al 21 Civ 1904 First DRIs City, Fausto Pichardo | DR No. 1 | Every document relied on to answer the interrogatories above. | Responsive documents previously provided. Any additional responsive documents will be produced prior to the Court-ordered date. | | | | |
| 56 | | DR No. 2 | The complete Civilian Complaint Review Board investigation relating to Plaintiff's complaint about his treatment by police on May 32, 2020 [sic]. | Defendants have already produced DEF_003321257 to DEF_003321263. Defendants will produce any additional responsive documents for CCRB complaint no. 202005120 on or before the Court-ordered date. | This request is unintelligible because there is no such date as May 32, 2020. | | | |
| 57 | | | | | | | | |
| 58 | Yates v NYC, et al 21 Cv 1904; 20 Cv 8924 Third Request for Documents | DR No. 1 | Provide all roll calls from the 47th Precinct from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020. | Defendants will produce any responsive documents on or before the Court-ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant. Any responsive documents will be limited to 12:01 a.m. to 11:59 p.m. on May 31, 2020. | | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 59 | | DR No. 2 | Provide the Activity Log Report for every police officer or sergeant whose name appears on the documents described in paragraph 1 for the time and dates described in paragraph 1. | Defendants will produce any responsive documents on or before the Court-ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant.  Any responsive documents will be limited to 12:01 a.m. to 11:59 p.m. on May 31, 2020. | | | |
| 60 | | DR No. 3 | Provide all photos in your possession of every police officer or sergeant whose name appears on the documents described in paragraph 1. | Defendants will produce responsive documents on or before the Court-ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant.  Any responsive documents will be limited to 12:01 a.m. to 11:59 p.m. on May 31, 2020. | Locating and producing "all  photos" of the officers or sergeants in Defendants' possession is unduly burdensome.  Defendants will produce photographs sufficient to identify police officers and sergeants whose name appears on the roll calls from 12:01 a.m. to 11:59 p.m. on May 31, 2020. | | |
| 61 | | DR No. 4 | Provide the 47th Precinct Command Log for the time and dates described in paragraph 1. | Defendants will produce responsive documents on or before the Court-ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant.  Any responsive documents will be limited to 12:01 a.m. to 11:59 p.m. on May 31, 2020. | | | |
| 62 | | | | | | | | |
| 63 | Yates v NYC, et al<br>21 Cv 1904<br>20 Cv  8924<br>Fourth Request for Documents | DR No. 1 | Provide all documents and video completed by or relating to NYPD Sergeant William Mansour, tax or shield # 953046, from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020. This includes:<br>a. Daily Activity activity logs;<br>b. Memo Book Entries;<br>c. Arrest Reports, Complaint Reports, and Online Booking Sheets;<br>d. The Sergeant's Command Log from the 83rd Precinct;<br>e. Roll Calls from the 83rd Precinct;<br>f. Body Cam footage from Sergeant Mansour and any other officers from the 83rd Precinct that were assigned to any protest-related activity;<br>g. Overtime Requests or pay documentation for Sergeant Mansour;<br>h. Line of Duty Injury Reports from or relating to Sergeant Mansour.<br>i. Any equipment related documents including for taser operability. | Defendants have already produced DEF_DEP_01700 to DEF_DEP_01729 pursuant to the deposition protocol.  Defendants will produce any additional responsive documents on or before the Court-ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant.  Any responsive documents will be limited to 12:01 a.m. to 11:59 p.m. on May 31, 2020. | | | |
| 64 | | | | | | | | |
| 65 | Yates v NYC, et al<br>21 Cv 1904; 20 Cv  8924<br>Fifth Request for Documents | DR No. 1 | Please provide the Daily Activity Log for May 30, 2020 through June 1, 2022 for the following police officers:<br>a. Matthew Varela (Tax # 964329)<br>b. Savanna Domenich (Shield #3919)<br>c. Cecilia Wilson (Tax # 956335) | Defendants will produce any responsive documents on or before the Court-ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant.  Any responsive documents will be limited to 12:01 a.m. to 11:59 p.m. on May 31, 2020. | | | |
| 66 | | DR No. 2 | Please provide any body worn camera footage taken by the above referenced officers on the above referenced dates. | Defendants will produce any responsive documents on or before the Court-ordered date. | This request seeks documents dated from 12:01 AM May 30, 2020 to 11:59 PM June 1, 2020 that are beyond the scope of this lawsuit, and therefore are not relevant.  Any responsive documents will be limited to 12:01 a.m. to 11:59 p.m. on May 31, 2020. | | | |
| 67 | | DR No. 3 | Please produce any portions of the file relating to CCRB case number 202005120, that has not been previously provided. | Defendants have already produced DEF_000321257 to DEF_000321263.  Defendants will produce any additional responsive documents for CCRB complaint no. 202005120 on or before the Court-ordered date. | | | | |
| 68 | | DR No. 4 | Please produce all documents produced by or to plaintiffs in the United States Eastern District of New York Civil Action entitled Ashley Painson et al v. City of New York et al, Docket 14-CV-2788; include in those documents all deposition transcripts. | Defendants will produce any responsive documents on or before the Court-ordered date. | Defendants object to the extent that any responsive documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, et seq. and an applicable 160.50 release has not been provided to defendants for the relevant litigation. Defendants further object to the extent that responsive documents are protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA") or by the law enforcement privilege, deliberative process privilege, and/or any other applicable privilege.  Defendants further object to the extent that any responsive documents are subject to a confidentiality order. | Locating and producing "all documents" produced by or to plaintiffs in an lawsuit filed eight years ago is unduly burdensome.  Defendants will produce documents produced by the parties in their initial disclosures and the deposition transcript of Sergeant Mansour in relation to this case. | | |
| 69 | | | | | | | | |
| 70 | Payne v. NYC, et al.<br>20 CV 8924<br>Third Supplemental Set of Document Requests | DR No. 1 | For every Officer identified in response to Interrogatory No. 18, produce the following:<br>a. NYPD training transcripts;<br>b. Body-worn camera footage from 6/3/20-6/4/20;<br>c. Rlll reports related to the Officer from 6/3/20-6/4/20;<br>d. Activity log from 6/3/20-6/4/20;<br>e. List of Schedule A protests the Officers attended;<br>f. Activity logs from each of the Schedule A protests the Officers attended;<br>g. Body-worn camara footage from each of the Schedule A protests the Officers attended;<br>h. Arrest/OLBS reports the Officers created during the relevant time period;<br>i. Summonses the Officers created during the relevant time period;<br>j. DATs the Officers created during the relevant time period;<br>k. AIDED reports related to the Officers during the relevant time period;<br>l. TRI reports related to the Officers during the relevant time period;<br>m. Any notes memorialized in the Officers' department-issued cell phones;<br>n. Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>o. Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 71 | | DR No. 2 | For every Officer identified in response to Interrogatory No. 19, produce the following:<br>a. NYPD training transcripts;<br>b. Body-worn camera footage from 6/4/2020;<br>c. TRI reports related to the Officers from 6/4/20;<br>d. Activity logs from 6/4/20;<br>e. List of Schedule A protests the Officers attended;<br>f. Activity logs from each of the Schedule A protests the Officers attended;<br>g. Body-worn camera footage from each of the Schedule A protests the Officers attended;<br>h. Arrest/OLBS reports the Officers created during the relevant time period;<br>i. Summonses the Officers created during the relevant time period;<br>j. DATs the Officers created during the relevant time period;<br>k. AIDED reports related to the Officers during the relevant time period;<br>l. TRI reports related to the Officers during the relevant time period;<br>m. Any notes memorialized in the Officers' department-issued cell phones;<br>n. Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>o. Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | | |
| 72 | | DR No. 3 | For every Officer identified in response to Interrogatory No. 20, produce the following:<br>a. NYPD training transcripts;<br>b. Body-worn camera footage from 5/31/20;<br>c. TRI reports related to the Officers from 5/31/20;<br>d. Activity log from 5/31/20;<br>e. List of Schedule A protests the Officer attended;<br>f. Activity logs from each of the Schedule A protests the Officer attended;<br>g. Body-worn camera footage from each of the Schedule A protests the Officer attended;<br>h. Arrest/OLBS reports the Officer created during the relevant time period;<br>i. Summonses the Officer created during the relevant time period;<br>j. DATs the Officer created during the relevant time period;<br>k. AIDED reports related to the Officer during the relevant time period;<br>l. TRI reports related to the Officer during the relevant time period;<br>m. Any notes memorialized in the Officers' department-issued cell phones;<br>n. Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>o. Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | | |
| 73 | | DR No. 4 | For Sergeant Thomas E. Manning (Tax ID 930644), produce the following:<br>a. NYPD training transcripts;<br>b. Body-worn camera footage from 6/28/2020;<br>c. TRI reports related to the Officer from 6/28/20;<br>d. Activity log from 6/28/20;<br>e. List of Schedule A protests the Officer attended;<br>f. Activity logs from each of the Schedule A protests the Officer attended;<br>g. Body-worn camera footage from each of the Schedule A protests the Officer attended;<br>h. Arrest/OLBS reports the Officer created during the relevant time period;<br>i. Summonses the Officer created during the relevant time period;<br>j. DATs the Officer created during the relevant time period;<br>k. AIDED reports related to the Officer during the relevant time period;<br>l. TRI reports related to the Officer during the relevant time period;<br>m. Any notes memorialized in the Officers' department-issued cell phones;<br>n. Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>o. Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | | |
| 74 | | DR No. 5 | For Police Officer Maxime Archange (60th Precinct, Shield #15412, Tax ID 960169) and Police Officer Stephanie Chen (60th Precinct, Shield #12943, Tax ID 962087), produce the following:<br>a. NYPD training transcripts;<br>b. Body-worn camera footage from 6/3/20-6/4/20;<br>c. TRI reports related to the Officers from 6/3/20-6/4/20;<br>d. Activity logs from 6/3/20-6/4/20;<br>e. List of Schedule A protests the Officers attended;<br>f. Activity logs from each of the Schedule A protests the Officers attended;<br>g. Body-worn camera footage from each of the Schedule A protests the Officers attended;<br>h. Arrest/OLBS reports the Officers created during the relevant time period;<br>i. Summonses the Officers created during the relevant time period;<br>j. DATs the Officers created during the relevant time period;<br>k. AIDED reports related to the Officers during the relevant time period;<br>l. TRI reports related to the Officers during the relevant time period;<br>m. Any notes memorialized in the Officers' department-issued cell phones;<br>n. Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>o. Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Defendants will produce any additional responsive documents (P.O. Maxime Archange's body-worn camera footage from 6/3/20-6/4/20) by the court ordered date pursuant to the deposition protocol. | . | | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 75 | | DR No. 6 | For Lieutenant Douglas Kautter (Tax ID 935093), produce the following:<br>a.NYPD training transcripts;<br>b.Body-worn camera footage from 6/2/2020;<br>c.TRI reports related to the Officer from 6/2/20;<br>d.Activity log from 6/2/20;<br>e.List of Schedule A protests the Officer attended;<br>f.Activity logs from each of the Schedule A protests the Officer attended;<br>g.Body-worn camera footage from each of the Schedule A protests the Officer attended;<br>h.Arrest/OLBS reports the Officer created during the relevant time period;<br>i.Summonses the Officer created during the relevant time period;<br>j.DATs the Officer created during the relevant time period;<br>k.AIDED reports related to the Officer during the relevant time period;<br>l.TRI reports related to the Officer during the relevant time period;<br>m.Any notes memorialized in the Officers' department-issued cell phones;<br>n.Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>o.Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced.  Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | | |
| 76 | | DR No. 7 | For Lieutenant Mark Kosta (Tax ID 949180), Police Officer Yahaira Perez-Guitierrez (Tax ID 967647), and Police Officer Zakie Karimzada (Tax ID 960745), produce the following:<br>a.NYPD training transcripts;<br>b.Body-worn camera footage from 5/30/20-5/31/20;<br>c.TRI reports related to the Officers from 5/30/20-5/31/20;<br>d.Activity log from 5/30/20-5/31/20;<br>e.List of Schedule A protests the Officers attended;<br>f.Activity logs from each of the Schedule A protests the Officers attended;<br>g.Body-worn camera footage from each of the Schedule A protests the Officers attended;<br>h.Arrest/OLBS reports the Officers created during the relevant time period;<br>i.Summonses the Officers created during the relevant time period;<br>j.DATs the Officers created during the relevant time period;<br>k.AIDED reports related to the Officers during the relevant time period;<br>l.TRI reports related to the Officers during the relevant time period;<br>m.Any notes memorialized in the Officers' department-issued cell phones;<br>n.Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>o.Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Defendants will produce any additional responsive documents (body-worn camera footage from P.O. Zakie Karimzada from 5/30/20-5/31/20) by the court ordered date pursuant to the deposition protocol. | | | | |
| 77 | | DR No. 8 | For the Police Officer in possession of the body-worn camera associated with Axon Body 2 X81418494 on May 31, 2020, attached as Exhibit F, produce documents sufficient to identify the following:<br>a.Name;<br>b.Tax ID;<br>c.NYPD training transcripts;<br>d.Body-worn camera footage from 5/30/20-5/31/20;<br>e.TRI reports related to the Officers from 5/30/20-5/31/20;<br>f.Activity log from 5/30/20-5/31/20;<br>g.List of Schedule A protests the Officers attended;<br>h.Activity logs from each of the Schedule A protests the Officers attended;<br>i.Body-worn camera footage from each of the Schedule A protests the Officers attended;<br>j.Arrest/OLBS reports the Officers created during the relevant time period;<br>k.Summonses the Officers created during the relevant time period;<br>l.DATs the Officers created during the relevant time period;<br>m.AIDED reports related to the Officers during the relevant time period;<br>n.TRI reports related to the Officers during the relevant time period;<br>o.Any notes memorialized in the Officers' department-issued cell phones;<br>p.Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>q.Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Defendants will produce any additional responsive documents (Jeffrey Heilig's body-worn camera footage from 5/31/20) by the court ordered date pursuant to the deposition protocol. | | | | |
| 78 | | DR No. 9 | For the police officer in possession of the body-worn camera associated with Axon Body 2 X81365488 on May 31, 2020, attached as Exhibit F, produce the following information:<br>a.Name;<br>b.Tax ID;<br>c.NYPD training transcripts;<br>d.Body-worn camera footage from 5/30/20-5/31/20;<br>e.TRI reports related to the Officers from 5/30/20-5/31/20;<br>f.Activity log from 5/30/20-5/31/20;<br>g.List of Schedule A protests the Officers attended;<br>h.Activity logs from each of the Schedule A protests the Officers attended;<br>i.Body-worn camera footage from each of the Schedule A protests the Officers attended;<br>j.Arrest/OLBS reports the Officers created during the relevant time period;<br>k.Summonses the Officers created during the relevant time period;<br>l.DATs the Officers created during the relevant time period;<br>m.AIDED reports related to the Officers during the relevant time period;<br>n.TRI reports related to the Officers during the relevant time period;<br>o.Any notes memorialized in the Officers' department-issued cell phones;<br>p.Unusual Incident or Occurrence Reports, Supervisory Assessment reports, detail memoranda, and detail rosters; and<br>q.Complete, up-to-date CCRB and IAB files related to the Officers. | Documents previously produced. Defendants will produce any additional responsive documents (body-worn camera footage from Joel Ayala for 5/31/20) by the court ordered date pursuant to the deposition protocol. | | | | |
| 79 | | DR No. 10 | Produce the complete and up-to-date Civilian Complaint Review Board investigation filed by Plaintiffs Andie Mali and Camila Gini, identified as CCRB complaint No. 202005197, including but not limited to investigator interview summaries or reports, recordings of officer interviews, and all other related documents. | CCRB Case File #202005197 has closed, and will be produced upon receipt and review. | | | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 80 | | DR No. 11 | Produce the complete and up-to-date Internal Affairs Bureau investigation relating to the incident involving Plaintiffs Andie Mali and Camila Gini, identified by IAB Number C21-875, including but not limited to investigator interview summaries or reports, recordings of officer interviews, and all other related documents. | Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | Defendants object to the extent that it may seek documents relating to an open case and thus subject to protection under the deliberative process privilege, that "IAB number C21-875 is vague and ambiguous insofar as it lacks officers' tax numbers. | | | |
| 81 | | DR No. 12 | Produce all body-worn camera footage for all Ninth Precinct police officers at the Union Square protest on May 31, 2020, from 9 pm until 11 pm at or near the vicinity of Broadway and 12th Street or Fourth Avenue and 12th Street. | Documents previously produced. Additional documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | Producing all the requested documents is unduly burdensome. | It would constitute an unduly heavy burden to seek, review, and produce "all" body-worn camera footage, which likely includes irrelevant footage. | | |
| 82 | | | | | | | | |
| 83 | Payne v. NYC, et al. 20 CV 8924 First Set of Document Requests | DR No. 1 | Provide all Documents concerning Plaintiffs' arrest at the Protests and any subsequent detention, including, but limited to, memo book entries, activity logs, all scratch and other NYPD arrest and summons processing paperwork, Online Booking System ("OLBS") worksheets, mass arrest pedigree labels, property vouchers, desk appearance tickets, summonses, Threat, Resistance, Injury ("TRI") reports and related documents, Unusual Incident or Occurrence reports, medical treatment of prisoner forms, video footage including body worn camera footage and associated audit trails and activity logs, photographs, supervisory assessment reports, detail and post-event memoranda, and detail rosters in the possession, custody, or control of the NYPD. | Defendants' Initial Disclosures. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | |
| 84 | | DR No. 2 | Provide all Documents concerning the prosecution of Plaintiffs, including but not limited to, criminal complaints, criminal court records, records from the New York State Division of Criminal Justice Services arising from the arrests of Plaintiffs, documents related to any decisions to decline to prosecute, and communications between the NYPD and any prosecuting agency. | Responsive documents provided with Defendants' Initial Disclosures. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | | |
| 85 | | DR No. 3 | Provide all Documents concerning CCRB, IAB or other investigations into reported misconduct involving any of the Plaintiffs and Defendants arising from the Protests, including but not limited to, complaint notification letters, subject notification letters, case acknowledgement forms, log entries, investigator review reports, recorded audio and/or video footage reviewed, records and/or transcripts of interviews with members of service and nonmembers of service, memoranda, case closing worksheets, investigator closing reports, recommendations, case analysis, and findings. | Responsive documents previously provided.  Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | | |
| 86 | | DR No. 4 | Provide all Documents concerning the Notices of Claim filed by Plaintiffs against the City of New York, the NYPD and other identified and unidentified NYPD officers and personnel arising from the Protests. | | Plaintiffs are in possession of their own Notices of Claim.  Notices of Claim for non-parties are not relevant. | | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 87 | | DR No. 5 | Provide all Documents concerning the assignments and tours of Defendants and any other NYPD Personnel present or involved with the Protests, including but not limited to all log sheets, activity log forms, log books, memo book entries, detail memoranda, post event memoranda or reports, duty rosters, roll calls, assignment sheets, and descriptions of vehicles used by them on the dates of the Protests. | Responsive documents previously provided. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | Producing all the requested documents is unduly burdensome. | It is unduly burdensome for defendants to search for, obtain, and produce "all" the requested documents for an unknown number of individuals. Potentially thousands of officers responded to the 83 incidents at issue, and the only way to find out if an officer was there is to actually speak to each and every member of the NYPD. | | |
| 88 | | DR No. 6 | Provide all Documents and personnel related records in the possession of the NYPD or the City of New York concerning Defendants including but not limited to. a. Central Personnel Index file records or similarly defined records; b. Personnel files maintained by NYPD of Department of Citywide Administrative Services ("DCAS"); c. CCRB member of service allegation history and investigator closing reports on all investigations of such allegations; d. Records from the Internal Affairs Bureau, Inspectional Services Division, Department Advocates Office, or Office of the Chief of the Department; e. Performance profiles or similarly defined records; f. Psychological Services Unit ("PSU") records or other similarly defined records; g. Early warning or intervention records or similarly defined records; h. Supervisor complaint reports or command discipline election reports; i. Any and all letters requesting sealing of disciplinary records or charges; j. Any and all documents related to performance monitoring; k. To the extent not covered in paragraphs a through h above, all Documents relating to any civilian or departmental generated complaints of police misconduct derelection of duty or violation of the New York State penal laws or regulations of the NYPD, including but not limited to, false statements, excessive use of force, physical brutality, verbal abuse, and/or violence. | Responsive documents previously provided. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | | |
| 89 | | DR No. 7 | Provide all Documents referred to, described, consulted, referenced, identified, or relied on in responding to Plaintiffs' First Set of Interrogatories: | Responsive documents previously provided. Additional non-privileged documents, if any, will be provided. A privilege log will be provided to the extent that any privileged documents are withheld. | | | | |
| 90 | | DR No. 8 | Provide all Documents identified or referenced in Defendants' Initial Disclosures pursuant to Rule 26(a)(1). | Previously provided. | | | | |
| 91 | | DR No. 9 | Provide all Documents sufficient to identify the officers described in the First Amended Complaint at paragraphs 109-203 as NYPD Officers John Doe 1-26, NYPD Officer Jane Doe 1, Officer Doe Esposito, and Sergeant Doe Caraballo. | John and Jane Does have been identified, to the extent possible | | | | |
| 92 | | DR No. 10 | All records concerning medical and psychological treatment records for each and any of the Plaintiffs. | Provided to the extent they are in possession of the defendants | | | | |
| 93 | | DR No. 11 | Provide all documents concerning the denials of allegations or affirmative defenses Defendants have asserted or intend to assert in this lawsuit. | | This request seeks documents protected from disclosure by attorney-client privilege and the attorney work product privilege because it implicates counsel's selection and compilation of documents. Defendants will not interpose any further response to this request. | | | |
| 94 | | DR No. 12 | Provide all documents not previously requested herein in the possession of Defendants or any of their agents that contain facts or information material to any issue pertaining to the Plaintiffs First Amended Complaint. | See all documents previously produced | Overbroad | | | |
| 95 | | | | | | | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 96 | Payne v. NYC, et al.<br>20 CV 8924<br>Second Supplemental Set of Document Requests | DR No. 1 | For each Officer identified in response to Interrogatory Nos. 16 and 17, produce the following:<br>a.NYPD training transcripts;<br>b.Body-worn camera footage from 6/4/20;<br>c.TRI reports related to the Officer from 6/4/20;<br>d.Activity log from 6/4/20;<br>e.List of Schedule A protests the Officer attended;<br>f.Activity logs from each of the Schedule A protests the Officer attended;<br>g.Body-worn camera footage from each of the Schedule A protests tte Officer attended;<br>h.Arrest/OLBS reports the Officer created during the relevant time period;<br>i.Summonses the Officer created during the relevant time period;<br>j.DATs the Officer created during the relevant time period;<br>k.AIDED reports related to the Officer during the relevant time period; and<br>l.TRI reports related to the Officer during the relevant time period. | Responsive documents will be provided prior to the Court-ordered deadline. A privilege log will be provided to the extent that any privileged documents are withheld. | This request seeks documents created by or related to the Officer "during the relevant time period," from May 28, 2020-January 18, 2021 that are beyond the scope of this lawsuit, and therefore are not relevant. Any responsive documents will be limited to documents concerning the Officer's activities related to the Schedule A protests the Officer attended. Producing all the requested documents is unduly burdensome. | The burden and expense of searching for "every" document created by or related to the Officer "during the relevant time period" from May 28, 2020-January 18, 20201 for numerous categories of documents outweighs any potential benefit to plaintiffs. | | |
| 97 | | | | | | | | |
| 98 | Gray v. NYC, et al.<br>20 CV 8924; 21 CV 6610<br>First Request for Production of Documents | DR No. 1 | All documents concerning all policies, procedures, directives, and training materials relating to Officers' treatment of any member of the press or other individuals photographing, taking video of, or otherwise recording police activity, including but not limited to policies concerning:<br>•Identifying members of the press;<br>•Identifying visual journalists;<br>•Officers' treatment of visual journalists;<br>•Officers' treatment of individuals who identify themselves as journalists, members of the media, members of the press, or anything equivalent thereto;<br>•Officers' treatment of individuals who carry NYPD-issued press credentials;<br>•Officers' treatment of individuals who carry press credentials not issued by the NYPD;<br>•Any curfew orders issued by Mayor Bill de Blasio and/or Governor Andrew Cuomo between June 1, 2020 and June 8, 2020, including but not limited to the categories of individuals exempt from such curfews and Officers' treatment of individuals exempt or potentially exempt from such curfews. | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 99 | | DR No. 2 | All documents concerning the installation of any monitor, external compliance officer, or independent inspector to review, investigate and/or oversee NYPD practices and/or policies relating to any of the subjects identified in Request No. 1. | Documents will not be provided | A monitor was appointed by the Court in Floyd, et al. v. City of New York, 08-CV-1034, and the responsive documents are publicly available on the docket sheet. The Office of the Inspector General for the NYPD (OIG-NYPD), is independent agency charged with investigating "NYPD practices and/or policies" pursuant to Local Law 70. Additional information about this independent inspector is publicly available at https://www1.nyc.gov/site/doi/offices/oignypd.page.<br><br>Further, the "identification" as well as "the terms governing the appointment, responsibilities, and authority" of any "monitor, external compliance officer, or independent inspector being appointed to review, investigate and/or oversee NYPD practices and/or policies," unrelated to the subject matter of these litigations, and without a time frame or the basis of the relevance of this request to these litigations, is not proportional. In addition, the burden of identifying each such "monitor, external compliance officer, or independent inspector" then spending hours/days to locate the requested documents, most of which is likely | | | |
| 100 | | DR No. 3 | All documents concerning any drafting, revision, critique, evaluation, or review of any policies, procedures, directives, or training materials described in Request No. 1. | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 101 | | DR No. 4 | For any and all training materials, presentations, or other similar materials responsive to Request No. 1, documents sufficient to identify the dates trainings were held, all persons who attended, any statistical reports of the ranks or members of the service that attended, and any certifications issued to such attendees, as well as any evaluations of such training materials, presentations, or other similar materials completed by such attendees. | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 102 | | DR No. 5 | All documents concerning Officers receiving discipline for misconduct relating to their violation of any policies, procedures, directives, or training materials described in Request No. 1 | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 103 | | DR No. 6 | All documents concerning any of the Plaintiffs in the Photographers' Lawsuit, including but not limited to records concerning the incidents described in paragraphs 49-94 of the Complaint. | BWC for the incidents can be found at:DEF_000322698 - DEF_000322706 (Affiky February incident), DEF_000322185 - DEF_000322697 (Affiky May incident), DEF_000321041 - DEF_000321046 (Cole), DEF_000321940 - DEF_000321997, DEF_0324597, DEF_0325088, DEF_0324562 (Gray), DEF_000321039 (Donnelly)<br><br>Amr Alfiky CCR8:  DEF_00028821, DEF_00028831, DEF_000321711, DEF_000321733, DEF_000321742, DEF_000321822, DEF_000321998, DEF_0324416<br><br>Adam Gray CCR8: DEF_000321901, DEF_000321918, DEF_000321926, DEF_000321929, DEF_000321940, DEF_000321957, DEF_000321964, DEF_000321973, DEF_000321974, DEF_000321981, DEF_000321982, DEF_000321983, DEF_000321985, DEF_000321987, DEF_0325971 - DEF_0326004<br><br>Adam Gray  CCR8/Amr Alfiky additional CCRB Documents: DEF_0324539 - DEF_0325166, DEF_0325167 - DEF_0325921, DEF_0325971 - DEF_0326004<br><br>Amr Alfiky's IA8 file:DEF_0325926, DEF_0325934, DEF_0325944 - DEF_0325955 | | | Adam Gray IA8: DEF_0324561, DEF_0325148-DEF_0325162, DEF_000347587, DEF_000347599, DEF_000347600, DEF_000347602-DEF_000347604, DEF_000347613-DEF_000347620, DEF_000347628, DEF_000347631, DEF_000347654, DEF_000347659, DEF_000347665, DEF_000347666, DEF_000347686, DEF_000347688-DEF_000347692, DEF_000352041-DEF_000352051, DEF_000347587-DEF_000347780 | 11-Mar |
| 104 | | DR No. 7 | All documents concerning the arrest of any member of the press engaged in newsgathering. | Responsive documents will be provided prior to the Court-ordered deadline | | | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 105 | | DR No. 8 | All documents concerning the use of force by an Officer against any member of the press engaged in newsgathering. | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 106 | | DR No. 9 | All documents concerning the confiscation or seizure of any NYPD-issued press credential or other press credential from any member of the press. | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 107 | | DR No. 10 | All documents concerning Officers receiving discipline for misconduct relating to the arrest of or use of force against a member of the press, or who have been recommended to receive discipline for such misconduct, including but not limited to documents issued by the NYPD, CCRB, Office of the Inspector General, CCPC, or any | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 108 | | DR No. 11 | All documents concerning the arrest of any person engaged in photographing or video recording any Officer. | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 109 | | DR No. 12 | All documents concerning the use of force by an Officer against any person engaged in photographing or video recording any Officer. | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 110 | | DR No. 13 | All documents concerning Officers receiving discipline for misconduct relating to the arrest of or use of force against any person engaged in photographing or video recording any Officer, or who have been recommended to receive discipline for such misconduct, including but not limited to documents issued by the NYPD, CCRB, Office of the Inspector General, CCPC, or any other agency or entity of the City of New York. | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 111 | | DR No. 14 | To the extent not encompassed by the above, all documents concerning any person or incident described in Paragraphs 98-101 of the Complaint, including but not limited to documents reflecting the NYPD's investigation of and response to these incidents and any policy changes implemented as a result thereof. | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 112 | | DR No. 15 | To the extent not encompassed by the above, all documents concerning Officers receiving discipline for misconduct relating to events involving any person named in Paragraphs 98-101 of the Complaint, or who have been considered for receipt of | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 113 | | DR No. 16 | All NYPD directives, departmental messages, or other general communications with Officers relating to the curfew orders issued by Mayor Bill de Blasio and/or Governor Andrew Cuomo between June 1, 2020 and June 8, 2020, including exemptions thereto. | Responsive documents can be found at the following Bates Nos.: DEF-E_00003925, DEF-E_00003926,DEF-E_00003642, DEF-E_00046136, DEF-E_00003926, DEF-E_00005043, DEF-E_00003928-29, DEF-E_00003932-33, DEF-E_00003950-51, DEF-E_00004043-45, DEF-E_00032464-70, DEF-E_00003643-44, DEF-E_00004136, DEF-E_00038565-66, DEF-E_00053152-53, DEF-E_00053930-32, DEF-E_00005042, DEF-E_00003928-29, DEF-E_00029314, DEF-E_00006632, DEF-E_00032402 | | | | |
| 114 | | DR No. 17 | All personnel-related records in the possession of the NYPD or the City of New York for each Officer identified as a Defendant in the Photographers' Lawsuit, including but not limited to:<br>a. Records reflecting the Officer's histories as to CCRB and IAB investigations, as well as underlying records;<br>b. The Academy Transcript and all training logs and other records reflecting the NYPD training each Officer received at the NYPD Academy and after graduating the NYPD Academy;<br>c. Central Personnel Index ("CPI") file records or similarly defined records;<br>d. Any and all records concerning internal NYPD disciplinary action, letters in the personnel file, command discipline, charges and specifications, transfers, and/or warnings and admonishments;<br>e. Performance profiles, or similarly defined records;<br>f. Psychological Services Unit ("PSU") records or similarly defined records;<br>g. Risk Assessment Information Liability System ("RAILS") records;<br>h. Early warning or intervention records or similarly defined records;<br>i. Supervisor complaint reports or command discipline election reports;<br>j. Any and all letters requesting sealing of disciplinary records or charges;<br>k. Any and all documents related to performance monitoring;<br>l. Giglio profiles and/or similar resume providing information regarding all  internal NYPD and CCRB complaints, investigations, and dispositions, including the Police Commissioner's case analysis;<br>m. Records from the Internal Affairs Bureau, Inspectional Services Division, Office of the Chief of the Department, or Department Advocates Office;<br>n. The caption, complaint, and records reflecting the disposition of any and all lawsuits against each such Officer;<br>o. To the extent not covered in the preceding sub-paragraphs, all documents relating to any civilian or departmental-generated complaints of police misconduct, dereliction of | IAB files produced: DEF_0325922 - DEF_0325970<br>Training records for the named defendants have been provided: DEF_0325799 - DEF_0325921                    CPI/IAB/CCRB Histories are being turned over 48 hours prior to the scheduled deposition. | Records prior to 2012 are not in electronic format, therefore difficult to search files are not in electronic format and paper copies are in storage in one of three places.  Depending on if they were indexed clearly and properly, they may be difficult to locate. From 2012 through 2018, "outside guidelines" files are paper only, some are in storage, and the same issues as above apply.  Logs however, and not the entire files, are available in electronic format, but contain limited information.  It is estimated that it would take at least 250 hours to search for all requested documents, plus an additional  150 hours to review, redact, and produce them. | | | |
| 115 | | DR No. 18 | The Academy Transcript and all training logs and other records reflecting the NYPD training each named Defendant received at the NYPD Academy and after graduating the NYPD Academy. | Training records for the named defendants have been provided: DEF_0325799 - DEF_0325921 | | | | |
| 116 | | DR No. 19 | A full copy of the current NYPD Patrol Guide disseminated to Officers, plus copies of each and every version of the NYPD Patrol Guide disseminated to Officers between 1999 and the present, with sufficient information to identify the changes and additions between each version. | The agreed upon sections: PG 212-49, PG 208-3, PG 203-29, Administrative Guide Procedure 304-21, will be provided prior to the Court ordered deadline. | | | | |
| 117 | | DR No. 20 | All documents identified or relied upon in responding to any Interrogatories Plaintiffs serve in the Photographers' Lawsuit. | No interrogatories have been served in this case. | | | | |

14

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 118 | | DR No. 21 | Documents sufficient to identify any instance of a monitor, external compliance officer, or independent inspector being appointed to review, investigate and/or oversee NYPD practices and/or policies by virtue of a court order or other resolution of a legal proceeding, as well as the terms governing the appointment, responsibilities, and authority of any such monitor, external compliance officer or independent inspector. | Documents will not be provided. | A monitor was appointed by the Court in Floyd, et al. v. City of New York, 08-CV-1034, and the responsive documents are publicly available on the docket sheet. The Office of the Inspector General for the NYPD (OIG-NYPD), is independent agency charged with investigating "NYPD practices and/or policies" pursuant to Local Law 70. Additional information about this independent inspector is publicly available at https://www1.nyc.gov/site/doi/offices/oignypd.page.

Further, the "identification" as well as "the terms governing the appointment, responsibilities, and authority" of any "monitor, external compliance officer, or independent inspector being appointed to review, investigate and/or oversee NYPD practices and/or policies," unrelated to the subject matter of these litigations, and without a time frame or the basis of the relevance of this request to these litigations, is not proportional. In addition, the burden of identifying each such "monitor, external compliance officer, or independent inspector" then spending hours/days to locate the requested documents, most of which is likely not in electronic form, is unduly burdensome. | | | |
| 119 | | DR No. 22 | All documents concerning the October 17, 2011 letter to the Deputy Commissioner of Public Information ("DCPI") attached hereto as Exhibit A, including, but not limited to: records of the incidents referenced in that letter; records concerning any investigation or review of the incidents referenced in that letter; communications relating to that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any telephonic or in-person meetings concerning the incidents described in the letter and/or any policy change relating thereto; and documents concerning any policy or practice that was changed or for which changes were considered in response to that letter or the incidents described in the letter. | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 120 | | DR No. 23 | All documents concerning the November 21, 2011 letter to DCPI attached hereto as Exhibit B, including, but not limited to: records of the incidents referenced in that letter; records concerning any investigation or review of the incidents referenced in that letter; communications relating to that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any telephonic or in-person meetings concerning the incidents described in the letter and/or any policy change relating thereto; and documents concerning any policy or practice that was changed or for which changes were considered in response to that letter or the incidents described in the letter. | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 121 | | DR No. 24 | All documents concerning the November 21, 2011 letter to Mayor Michael R. Bloomberg and Commissioner Raymond Kelly attached hereto as Exhibit C, including, but not limited to: records of the incidents referenced in that letter; records concerning any investigation or review of the incidents referenced in that letter; communications relating to that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any telephonic or in-person meetings concerning the incidents described in the letter and/or any policy change relating thereto; and documents concerning any policy or practice that was changed or for which changes were considered in response to that letter or the incidents described in the letter. | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 122 | | DR No. 25 | All documents concerning the August 6, 2012 letter to DCPI attached hereto as Exhibit D, including, but not limited to: records of the incidents referenced in that letter; records concerning any investigation or review of the incidents referenced in that letter; communications relating to that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any telephonic or in-person meetings concerning the incidents described in the letter and/or any policy change relating thereto; and documents concerning any policy or practice that was changed or for which changes were considered in response to that letter or the incidents described in the letter. | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 123 | | DR No. 26 | All documents concerning the October 9, 2014 letter to Commissioner William Bratton attached hereto as Exhibit E, including, but not limited to: records of the incidents referenced in that letter; records concerning any investigation or review of the incidents referenced in that letter; communications relating to that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any telephonic or in-person meetings concerning the incidents described in the letter and/or any policy change relating thereto; and documents concerning any policy or practice that was changed or for which changes were considered in response to that letter or the incidents described in the letter. | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 124 | | DR No. 27 | All correspondence with any of the signatories to the letters attached hereto as Exhibits A - E concerning interactions between the NYPD and members of the press, including but not limited to any complaints or reports of incidents made to DCPI or the DCPI office. | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 125 | | DR No. 2829 | All documents concerning the June 5, 2020 letter to Mayor Bill de Blasio, Commissioner Dermot F. Shea, and others attached hereto as Exhibit F, including, but not limited to (and to the extent not encompassed by the above requests): records of the incident referenced in that letter; records concerning any investigation or review of the incident referenced in that letter; communications relating to that letter; responses or draft responses to the letter; communications, notes, attendance lists, or other records concerning any telephonic or in-person meetings concerning the incidents described in the letter and/or any policy change relating thereto; and documents concerning any policy or practice that was changed or for which changes were considered in response to that letter or the incident described in the letter. | Responsive documents will be provided prior to the Court-ordered deadline | | | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 126 | | DR No. 30 | All documents concerning the September 8, 2014 remarks to the New York City Counsel Committee on Public Safety attached hereto as Exhibit G, including, but not limited to: records of the incidents referenced in those remarks; records concerning any investigation or review of the incidents referenced in those remarks; communications relating to those remarks; responses or draft responses to those remarks; communications, notes, attendance lists, or other records concerning any telephonic or in-person meetings concerning the incidents described in those remarks and/or any policy change relating thereto; and documents concerning any policy or practice that was changed or for which changes were considered in response to those remarks or the | Unable to search for documents without any names or dates provided for the referenced incidents. Occupy Wall Street documents are being reviewed for production. | The production of documents relating to the incidents in Exhibit G is unduly burdensome. Without information regarding names of individuals or dates in Exhibit G, defendants have no way of identifying or determining if relevant documents exist. | | | |
| 127 | | DR No. 30<br>Plaintiffs' Request for Production contains two requests labeled "Request for Production No. 30." | Documents concerning the incidents described in Appendix III to the Suppressing Protest Report, attached hereto as Exhibit H, including but not limited to documents created during any review or investigation of those incidents, as well as all training and documents concerning any policy or practice that was changed or for which changes were considered in response to those incidents. | Responsive documents will be provided prior to the Court-ordered deadline | | | | |
| 128 | | DR No. 31 | All CCRB files relating to any complaint received by the CCRB related to the 2020 Black Lives Matter protests as cited in the CCRB's "CCRB 2020 PROTEST DATA SNAPSHOT – OCTOBER 18, 2021," attached hereto as Exhibit I, where such complaint concerns any interaction between an Officer and a member of the press or any person engaged in photographing or video recording an Officer. | | | | Relevant documents can be located at: DEF_000346931, DEF_000347866-DEF_000352040 | 3/11 and 3/18 |
| 129 | | | | | | | | |
| 130 | Samira Sierra, et. al. vs CNY, et al<br>20 Civ 10291<br>Third Set of Supplemental Discovery Requests | DR No. 1 | Produce all documents concerning the arrests described as "Mac Balla Member, Associate, Arrested with Firearm near 'FTP' Protest Zone," at DEF_00157787. | Defendants already produced documents responsive to this request at D_105572-74 and D_105575-77. | | | | |
| 131 | | DR No. 2 | Produce all documents concerning the arrests described as "Three Individuals Arrested After Bronx Car Stop and Found with Weapons; Interviewed by IB," at DEF_00157788. | Defendants already produced documents responsive to this request at D_105623-25, D_105554-56, D_105563-65, D_105560-62. | | | | |
| 132 | | DR No. 3 | Produce all documents concerning "Social Media Posting Observed by IB Field Operations Personnel," at DEF_00157779, including but not limited to any investigation into the subject matter of the "social media posting." | Defendants have not located additional documents regarding this social media posting. | | | | |
| 133 | | DR No. 4 | Produce records sufficient to show all calls made and received, including the phone numbers and duration of calls, by all NYPD-issued phones between 5:00 p.m. and midnight on June 4, 2020, by every officer of the rank of lieutenant or above who was present at, or otherwise involved in policing, the Mott Haven protest and/or the MAPC in Queens following the Mott Haven protest. | | Defendants object to this request on the ground that it seeks irrelevant information; that it would be unduly burdensome for defendants to locate, identify and produce the requested information; and that the request is not proportional to the needs of the case. | It would be unduly burdensome for defendants to identify all calls made to and from every Departmental phone by every ranking officer,  including all Lieutenants, Captains, Deputy Inspectors, Inspectors, Deputy Chiefs, Assistant Chiefs, Bureau Chiefs and Chief of Department; the duration of such calls; and the numbers called over a seven-hour time period. Such a massive undertaking would require hundreds of attorney and personnel hours because, first, there is no comprehensive record of all ranking officers who were present for any portion of the demonstration in Mott Haven; as plaintiffs may be aware, the detail rosters defendants have previously produced only identify members of service of the rank of Lt. and below who were present at Mott Haven on June 4, 2020 for any portion of the demonstration. Thus, it would take a large chunk of time to manually collect all records that would capture the activities of all ranking officers on June 4, 2020 from every single precinct, unit, task force, etc. that could possibly have been present in Mott Haven for any amount of time during the specified 7-hour time period.<br><br>Second, countless more attorney and personnel hours would be wasted as defendants would be required to speak to every single ranking officer present for any portion of the 7-hour time frame and go through their phones for this irrelevant information - not to mention the such labor-intensive and time-consuming process, and general waste of resources, it would take to harness this data from each and every ranking officer's' Departmental phone and produce it to plaintiffs.  Locating  and producing this information to plaintiffs would be not only unduly burdensome for defendants, but it is not proportional to the needs of the case, as the above-described burden and expense of identifying and obtaining information regarding every single phone call made or received from every ranking officer who was present at Mott Haven over the 7-hour time period, outweighs any likely benefit to plaintiffs. | | |
| 134 | | DR No. 5 | Produce all video recordings depicting the June 4, 2020, Mott Haven protesters walking on the grounds of NYCHA public housing projects. | Pursuant  to Rule 33(d) of the Federal Rules of Civil Procedure, defendants refer plaintiffs to the video footage produced as part of defendants' Initial Disclosures produced on March 18, 2021, to additional footage produced in response to plaintiffs' First Consolidated Set of Requests for Documents, and to subsequent productions of video footage.  These productions have included: all TARU footage recorded during the Mott Haven protest on June 4, 2020; all footage recorded by the Aviation Unit of the Mott Haven demonstration; hundreds of hours' worth of  body-worn camera footage, including from the Mott Haven demonstration (produced in connection with the aforementioned disclosures as well as in conjunction with plaintiffs' depositions of individually named defendants and non-party witnesses).  In addition, as per agreement of the parties, all Argus footage sought by plaintiffs is in the process of being collected and will be produced forthwith. | This request is duplicative of Plaintiffs' Consolidated Document Requests at No. 8(h) (see row #57 above).  This request is also duplicative of Sierra Plaintiffs' First Set of Supplemental Discovery Requests at Document Request No. 1. | | | |
| 135 | | | | | | | | |

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| Samira Sierra, et. al.<br>v. CNY, et al.,<br>20-Civ-10291<br>First Set of Supplemental Discovery Requests | DR No. 1 | Produce the following Argus video footage concerning the June 4, 2020 Mott Haven, Bronx, protest: All video depicting police preparations for the protest (e.g., placement of officers in the vicinity, placement of Mobile Command Centers, placement of prisoner transport vehicles, deployment of SRG and other police units), and activities of the protesters and police during the protest and subsequent arrests, including but not limited to<br>a. video depicting the vicinity of 149th Street and Third Avenue ("The Hub") from 6:00 p.m. to 7:30 p.m.;<br>b. video depicting the course of the march from the vicinity of The Hub to East 136th Street and Brook Avenue from 6:30 p.m. to 8:00 p.m.;<br>c. video depicting police movement and placement during the course of the march from 6:30 p.m. to 8:00 p.m.<br>d. video depicting the vicinity of East 136th Street and Brook Avenue from 7:30 p.m. to 11:00 p.m. | As per agreement of the parties, all Argus footage sought by plaintiffs is in the process of being collected and will be produced forthwith. | This request is duplicative of Plaintiffs' Consolidated Document Requests No. 8(h) (see row #57, above). | Samira Sierra, et. al.<br>v. CNY, et al.,<br>20-Civ-10291<br>First Set of Supplemental Discovery Requests | | |
| | DR No. 2 | Produce all documents and video footage concerning rioting, arson, looting, and any protests on Fordham Road in the Bronx on June 1, 2020. | Defendants have already produced responsive documents at DEF_0324110-DEF_0324184.<br><br>Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, defendants also refer plaintiffs to the documents disclosed in connection with defendants' Initial Disclosures on March 18, 2021, and documents produced in response to Plaintiffs' First Consolidated Set of Requests for Documents. | This request is duplicative of Plaintiffs' Consolidated Document Requests No. 8(h) (see row #57, above). | | | |
| | DR No. 3 | Produce all documents concerning any information known to the NYPD before or during the June 4, 2020 Mott Haven protest concerning illegal conduct, or the possibility thereof, at the Mott Haven protest. | Defendants have previously produced responsive documents, at DEF_0323967-DEF_0323972. | This request is duplicative of Plaintiffs' Consolidated Document Requests No. 8(a)-(b) (see row #57, above). | | | |
| | DR No. 4 | Produce all documents concerning any investigation before 8:00 p.m. on June 4, 2020, into any person who had made statements advocating illegal conduct at the June 4, 2020 Mott Haven protest. | Defendants have previously produced responsive documents, at DEF_0323967-DEF_0323972. | This request is duplicative of Document Request No. 3 of the Sierra Plaintiffs' First Set of Supplemental Discovery Requests, at row #254, supra.<br><br>This request is further duplicative of Plaintiffs' Consolidated Document Requests No. 8(a)-(b) (see row #57, above). | | | |
| | DR No. 5 | Produce all documents concerning communications to or from any undercover police officers or informants who participated in the Mott Haven protest on June 4, 2020. | Defendants are coordinating with NYPD to continue searching for any documents that may be responsive to this request, and will produce any such documents to the extent they exist and are not shielded from disclosure by the law enforcement privilege (if the latter, defendants will produce a privilege log). | This request is duplicative of Plaintiffs' Consolidated Document Requests No. 8(a)-(b) (see row #57, above).<br><br>This request is also duplicative of  Plaintiffs' Consolidated Document Requests No. 8(k) (see Id.). | | | |
| | DR No. 6 | Produce the document that someone from NYPD Legal showed Officer Hernandez-Carpio containing the narrative that he used to fill out the "Details" section of the arrest report for Charles Wood, as described in the July 12, 2021 deposition of Officer Hernandez-Carpio at pages 114-116. | Defendants have previously provided this document at DEF_000323140-142. | | | | |
| | DR No. 7 | Produce all documents concerning the planning meeting at the 40th Precinct before the June 4, 2020 Mott Haven protest attended by executive staff, Chief Monahan, Chief Wedin, and Assistant Chief Lehr as discussed in the document titled "Assistant Chief Lehr Digest," at DEF_000164215. | No such documents exist; the referenced "planning meeting" on June 4, 2020 took place on the hood of a car. No documents exist with respect to the meeting on the car hood. | | | | |
| | DR No. 8 | If the Answer to the above Contention Interrogatory is anything other than an unqualified "No," produce all documents concerning any communication to the marchers that they should stop marching, should leave the roadway, were violating any law, were blocking vehicular or pedestrian traffic, or in any way communicated to the marchers that they should desist from marching on the sidewalks and in the roadway. | Not applicable, given this Document Request is predicated on the answer to an untimely Contention Interrogatory, to which defendants objected. | Defendants object to Interrogatory No. 8, as it is a contention interrogatory and is therefore untimely under Local Civil Rule 33.3 of the Southern District of New York, which states that contention interrogatories must be served "at the conclusion of other discovery." LCR 33.3(c). | | | |
| | | | | | | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 145 | Samira Sierra, et. al.<br>v. CNY, et al.,<br>20-Civ-10291<br>2nd Set of Supplemental Discovery Requests | DR No. 1 | Produce all documents concerning the arrests resulting in the Desk Appearance Tickets listed in the attached document produced by the Bronx District Attorney in this litigation, Bates numbered BXDA000006-8, titled "DESK APPEARANCE TICKETS (DAT) ISSUED FOR PROTEST-RELATED ARRESTS (June 2nd – June 5th)," including but not limited to:<br>a. Omniform Arrest Reports,<br>b. Omniform Complaint Reports,<br>c. Online Prisoner Arraignment Forms ("OLPA's"),<br>d. Photographs of each person arrested (including DAT processing photographs and any photographs taken on officer phones),<br>e. rap sheets,<br>f. Medical Treatment of Prisoner Forms,<br>g. Property Evidence and Tracking System ("PETS") invoices,<br>h. Command Log entries,<br>i. Prisoner Holding Pen Rosters,<br>j. Mass Arrest Processing Center ("MAPC") Holding Pen Rosters,<br>k. CCRB records,<br>l. IAB records,<br>m. TRI Reports,<br>n. Aided Reports,<br>o. G.M.L. 50h hearing transcripts. | Please see attached Schedule 1 for previously produced relevant documents | | | | |
| 146 | | DR No. 2 | Produce all documents concerning the arrests resulting in the 312 Summonses listed in the attached untitled document produced by the Bronx District Attorney in this litigation, Bates numbered BXDA000009-48, including but not limited to:<br>a. C-Summons worksheets,<br>b. Photographs of each person arrested (including arrest processing photographs and any photographs taken on officer phones),<br>c. Medical Treatment of Prisoner Forms,<br>d. Command Log Entries,<br>e. Prisoner Holding Pen Rosters,<br>f. Mass Arrest Processing Center ("MAPC") Holding Pen Rosters,<br>g. CCRB records,<br>h. IAB records,<br>i. TRI Reports,<br>j. Aided Reports,<br>k. G.M.L. 50h hearing transcripts. | Please see attached Schedule 1 for previously produced relevant documents | | | | |
| 147 | | DR No. 3 | Produce all documents concerning rioting, arson, looting, and any protests at or near Fordham Road in the Bronx on June 1, 2020, including but not limited to arrests | Please see attached Schedule 1 for previously produced relevant documents | | | | |
| 148 | | | | | | | | |
| 149 | | DR No. 2 | Produce all documents concerning the arrests described as "Three Individuals Arrested After Bronx Car Stop and Found with Weapons; Interviewed by IB," at DEF_00157788. | Duplicate of Rows 246-250  NOTE FROM BRIDGET: THESE ARE NOW DUPLICATES OF ROWS 235-239 | Duplicate of Rows 246-250 | | | |
| 150 | | | | | | | | |
| 151 | Sow, Adama et al., v. CNY    21cv533<br>Plaintiffs' First Set of Requests for Admission, Supplemental Interrogatories and Requests for Production of Documents to ALL Defendants | DR No. 1 | Produce all documents referenced in Defendants' responses to the above Interrogatories. | All previously produced discovery.  Any additional responsive documents if any exist will be provided prior to the Court-ordered date. | | | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 152 | | DR No. 2 | Produce the following documents for each Protest listed on attached Schedule A: a. any and all intelligence reports, threat assessments, and information compiled and/or reviewed in advance of and during the Protests, including all Documents reflecting Officers' planning for policing the Protests, and any spreadsheets or other lists of "scheduled" and "unscheduled" events during the time period surrounding each Protest; b. any and all communications, tactical decisions, intelligence alerts, policies or other directives issued by any Officer as a result of such intelligence reports, assessments, or other information pertaining to the Protests; c. news clips, social media postings, and internet links gathered by the NYPD, including but not limited to such information and records gathered or created by the Office of the Deputy Commissioner for Public Information ("DCPI"), the Intelligence Division, or otherwise, related to any Protest; d. requests for detail, Operations Unit (including Detail Section) records, "204s", "Who's Who," "Force Figures," "Detail Overview," roll calls, tactical plans, detail rosters, assignment sheets, internal communications, and other documents) concerning NYPD's deployment or assignment of Officers and resources relating to the Protests; e. command Log(s) and other records created as a result of or related to the operation any Incident Command Post utilized in connection with policing a Protest; f. records reflecting whether and, if so, by whom, when, and to what extent, dispersal orders or other warnings and opportunities to disperse or comply were given before enforcement action was taken at each Protest where force was used or detentions or Arrests were made; g. all To/From Memoranda, Unusual Occurrence Reports, U.F. 49s, Mass Arrest Reports and/or any other Documents consisting of summaries, reviews, recaps, evaluations, critiques, after-action reports, or other reports following any Protest, including but not limited to Joint Operations Center reports; h. all videos, including TARU videos, body worn camera videos, and Aviation Unit | Responsive documents previously provided in 20210804_Initial-Disclosure                                     VOL002_Confidential VOL003_Confidential VOL005_Not Confidential VOL008_Not Confidential VOL009_Confidential VOL010_Confidential VOL011_Confidential VOL014_Confidential VOL015_Not Confidential                             VOL019_Not Confidential                   VOL019_Confidential          VOL025_Not VOL022_Not Confidential                             VOL026_Confidential VOL028_Confidential                   VOL029_Confidential VOL034_Confidential_Reproduction VOL035_Confidential                                     VOL035_Not Confidential VOL037_Confidential                                     VOL037_Not Confidential VOL039_Confidential.                                     Any additional responsive documents will be provided prior to the Court-ordered date. | Responsive  documents may be subject to the attorney-client and/or attorney work product privileges. Privilege log to be provided if documents contain privilege. | | | |
| 153 | | DR No. 3 | Produce all SRG documents for the protests dates and locations identified in Schedule A: a. City Mobilization Log; b. intelligence packets distributed by Local SRG Commanding Officer to supervisors that would appear at detail; c. results of inspection; d. photographs taken at MAPC; e. Command Log(s); and f. CIRC Response ("Critical Incident Response Capacity"). | Responsive documents previously  provided in 20210804_Initial-Disclosure VOL002_Confidential VOL003_Confidential VOL005_Not Confidential VOL008_Not Confidential VOL009_Confidential VOL010_Confidential VOL011_Confidential VOL014_Confidential VOL019_Confidential VOL019_Not Confidential VOL026_Confidential VOL028_Confidential VOL029_Confidential VOL035_Confidential VOL037_Confidential VOL037_Not Confidential VOL039_Confidential. Any additional responsive documents  to the extent that they exist will be provided prior to the Court-ordered date. | | | | |
| 154 | | DR No. 4 | Produce all OLPA (zOLPA) for all putative class members arrested from May 28, 2020 to January 18, 2021, at locations listed in Schedule A. | Responsive documents previously  provided through 20210804_Initial-Disclosure VOL005_Not Confidential VOL006_Confidential VOL006_Not Confidential VOL007_Confidential VOL008_Not Confidential VOL009_Confidential VOL010_Confidential VOL011_Not Confidential VOL012_Confidential VOL013_Confidential VOL014_Confidential VOL018_Not Confidential VOL019_Confidential VOL019_Not Confidential VOL024_Confidential VOL026_Confidential VOL028_Confidential VOL029_Confidential VOL032_Confidential VOL035_Confidential VOL037_Confidential VOL037_Not Confidential VOL038_Confidential | | | | |
| 155 | | DR No. 5 | Produce redacted OLPA (zOLPA) for individuals arrested from May 28 to June 6, 2020, not at locations listed in Schedule A. | | The production of OLPA from May 28 to June 6, 2020 of arrests not on schedule A is irrevant, overbroad and unduly burdensome, and not proprtional to the needs of the case... | The buren of producing all documents regarding all people arrested in New York City during a 10 day period when many of those arrests likley have nothing to do with pr... | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 156 | | DR No. 6 | Produce any and all documents, including emails, text messages, or other electronic communications which referenced the implementation of the mass arrest processing centers listed in Defendants' Fifth Supplemental Responses and Objections to Plaintiffs' First Consolidated Interrogatory No. 14 | Responsive documents previously  provided MAPC documents through 20210804_Initial-Disclosure VOL002_Confidential VOL003_Confidential VOL005_Not Confidential VOL006_Confidential VOL006_Not Confidential VOL007_Confidential VOL007_Not Confidential VOL008_Confidential VOL008_Not Confidential VOL009_Confidential VOL010_Confidential VOL014_Confidential VOL018_Confidential VOL019_Confidential VOL026_Confidential VOL027_Confidential VOL035_Confidential VOL037_Confidential VOL037_Not Confidential VOL039_Confidential. Any additional responsive documents will be provided prior to the court-ordered deadline.  A privilege log will be provided for privileged documents. | | | | |
| 157 | | DR No. 7 | Produce any and all documents concerning the City's response to the COVID-19 pandemic in protest and/or arrest including, but not limited to the topics of: a. social distancing; b. hand sanitizing; c. hand washing; d. face coverings and/or face masks; e. opening of windows; f. ventilation; and g. gloves and/or other PPE used by NYPD members of service. | Any responsive documents  to the extent that any exist will be provided prior to the Court-ordered date. | | | | |
| 158 | | DR No. 8 | Produce any and all documents including electronic communications related to the preparation of mass arrest processing facilities sanitation logs, pest control logs, plans for cleaning, toilet cleaning provisions and logs, provisions of cleaning equipment and products for the same, heating and cooling of the facilities and transport vehicles where prisoners would be held during processing time. | Any responsive documents  to the extent that any exist will be provided prior to the Court-ordered date. | | | | |
| 159 | | DR No. 9 | Produce any and all documents, including electronic communications related to the decisions to custodially arrest protesters. | Responsive documents previously  provided in 20210804_Initial-Disclosure VOL005_Not Confidential VOL006_Confidential VOL006_Not Confidential VOL007_Confidential VOL007_Not Confidential | There are no documents for verbal decisions to arrest protesters. | | | |
| 160 | | DR No. 10 | Produce any and all documents, including electronic communications related to the briefings and training given to the individuals city employees who were in charge of supervising mass arrest processing facilities. | Responsive documents previously  provided in VOL002_Confidential VOL005_Confidential VOL005_Not Confidential VOL006_Not Confidential VOL007_Confidential VOL007_Not Confidential VOL008_Confidential | | | | |
| 161 | | DR No. 11 | Produce any and all documents, documents or communications have with any borough district attorney office relating to mass arrests that resulted in dispositions that include decline to prosecute. | Responsive documents previously  provided in VOL002_Confidential VOL005_Confidential VOL005_Not Confidential VOL006_Not Confidential VOL007_Confidential VOL007_Not Confidential VOL008_Confidential | Responsive  documents may be subject to the attorney-client and/or attorney work product privileges. Privilege log to be provided if documents contain privilege. | | | |
| 162 | | DR No. 12 | Produce any and all documents, including electronic communications related to the information collected pursuant to Local Law 68-2020, the Department's Early Intervention Program (which collects information regarding certain declinations to prosecute), as well as Law Department declinations to indemnify or represent officers in civil lawsuits brought from protest arrests alleging a constitutional violation. | | Responsive  documents, if any, may be subject to the attorney-client and/or attorney work product privileges. Privilege log to be provided if documents contain privilege.. | | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 163 | | DR No. 13 | Produce any and all documents reflecting policy changes, changes in training, or finest messages, and/or any discipline that incurred by any officer which were in some way a response to the judgment in Abdell v. City of New York, No. 05 Civ. 8453 (RJS) (S.D.N.Y.) and/or Gersbacher v. Winski, No. 14 Civ. 7600 (S.D.N.Y.); settlement in Rodriguez v. Winski, 12 Civ. 3389 (NRB (S.D.N.Y.) and district court summary judgment decision in Dinler v. City of New York 1:04-cv-7921 (S.D.N.Y.) (Dkt. No. 312 therein). | No responsive documents exist | | | | |
| 164 | | DR No. 14 | Produce any and all documents reflecting policy changes, changes in training, or finest messages which were in some way a response to the settlement of the RNC cases, including but not limited to MacNamara, et al., v. City of New York, et al., 04 Civ. 9216 (KMK)(JCF) (S.D.N.Y.). | No responsive documents exist. | | | | |
| 165 | | DR No. 15 | Produce the Joint Operations Center (JOC) logs for each day listed in Schedule A. | Any responsive documents to the extent that any exist will be provided prior to the Court-ordered date. | | | | |
| 166 | | DR No. 16 | Produce the Mass Arrest Processing Center (MAPC) logs for each day listed in Schedule A | Responsive documents previously provided in 20210804_Initial-Disclosure<br>VOL002_Confidential<br>VOL003_Confidential<br>VOL005_Not Confidential<br>VOL006_Confidential<br>VOL006_Not Confidential<br>VOL007_Confidential<br>VOL007_Not Confidential<br>VOL008_Confidential<br>VOL008_Not Confidential<br>VOL009_Confidential<br>VOL010_Confidential<br>VOL014_Confidential<br>VOL018_Confidential<br>VOL019_Confidential<br>VOL026_Confidential<br>VOL027_Confidential<br>VOL035_Confidential<br>VOL037_Confidential<br>VOL037_Not Confidential<br>VOL039_Confidential | | | | |
| 167 | | DR No. 17 | Produce the "intel SITREPS" for each day listed in Schedule A. | Responsive documents previously provided in VOL035_Confidential | | | | |
| 168 | | DR No. 18 | Produce the intelligence bureau surveys for each day listed in Schedule A. | Any responsive documents to the extent that any exist will be provided prior to the Court-ordered date. | | | | |
| 169 | | DR No. 19 | Produce the spreadsheet titled "Protest Related Activity May 28 through June 7" and referenced at pg. 24 of the NYC Dept. of Investigation Report. | Documents produced | | | | |
| 170 | | DR No. 20 | Produce any press releases, press advisories or the like issued by members of Deputy Commissioner of Public Information ("DCPI")'s office from May 28, 2020 to July 1, 2020. | Defendants produced documents responsive to this request on March 11, 2022. | | | | |
| 171 | | DR No. 21 | Produce the communications from Chief Terence Monahan which ordered the release of the legal observers. See NYC Department of Investigation Report, Pg. 44. | Email discovery previously produced | | | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 172 | | DR No. 22 | Produce records which reflect NYPD employees' efforts to cover their badges during the protests listed at Schedule A. | Responsive documents previously provided in      VOL002_Confidential<br>VOL005_Confidential<br>VOL006_Not Confidential<br>VOL007_Confidential<br>VOL007_Not Confidential<br>VOL008_Confidential<br>VOL008_Not Confidential<br>VOL009_Confidential<br>VOL010_Confidential<br>VOL011_Not Confidential<br>VOL014_Confidential<br>VOL018_Confidential<br>VOL019_Not Confidential<br>VOL026_Confidential<br>VOL031_Confidential<br>VOL032_Confidential<br>VOL035_Confidential<br>VOL037_Confidential<br>VOL039_Confidential | | | | |
| 173 | | DR No. 23 | Produce records which reflect the efforts of the NYPD, or any City agency, to investigate the prevalence of NYPD employees covering their badges. | Responsive documents previously provided in      VOL002_Confidential<br>VOL005_Confidential<br>VOL006_Not Confidential<br>VOL007_Confidential<br>VOL007_Not Confidential<br>VOL008_Confidential<br>VOL008_Not Confidential<br>VOL009_Confidential<br>VOL010_Confidential<br>VOL011_Not Confidential<br>VOL014_Confidential<br>VOL018_Confidential<br>VOL019_Not Confidential<br>VOL026_Confidential<br>VOL031_Confidential<br>VOL032_Confidential<br>VOL035_Confidential<br>VOL037_Confidential<br>VOL039_Confidential | | | | |
| 174 | | DR No. 24 | Produce records which reflect the efforts of the NYPD to decrease the prevalence of NYPD employees covering their badges. | Responsive documents previously provided in      VOL002_Confidential<br>VOL005_Confidential<br>VOL005_Not Confidential<br>VOL006_Not Confidential<br>VOL007_Confidential<br>VOL007_Not Confidential<br>VOL008_Confidential<br>VOL009_Confidential<br>VOL010_Confidential<br>VOL011_Not Confidential<br>VOL014_Confidential<br>VOL018_Confidential<br>VOL019_Not Confidential<br>VOL026_Confidential<br>VOL031_Confidential<br>VOL032_Confidential<br>VOL035_Confidential<br>VOL037_Confidential<br>VOL039_Confidential | | | | |
| 175 | | DR No. 25 | Produce records which would reflect Commissioner Shea's concern that the curfew would suppress first amendment activity. | Email discovery previously produced. | | | | |
| 176 | | DR No. 26 | Produce records of the statements made by the Mayor stating that the City will not enforce the curfew against "peaceful protesters." | Email discovery previously produced | | | | |
| 177 | | DR No. 27 | Produce documents which show the basis for the statement made on May 31st by Deputy Commissioner John Miller at a press briefing where he stated that NYPD had evidence providing a high level of confidence that disorderly groups had organized bike scouts, medics, and supply routes of rocks, bottles, and accelerants for the purpose of vandalism and violence. | Email discovery previously produced | | | | |
| 178 | | DR No. 28 | Produce documents which show the basis for the statement made on June 5 by Mayor de Blasio and Commissioner Shea pointed to intelligence to justify the mass arrest that took place the prior evening in Mott Haven. | Email discovery previously produced | | | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 179 | | DR No. 29 | Produce documents which show the basis for the statement made on June 6, Deputy Commissioner Miller provided a second press briefing where he provided data on arrests, burglaries, and the numbers of injured officers. Deputy Commissioner Miller also noted that officers had been attacked with bricks, trash cans, vehicles, and other projectiles, as well as homemade incendiary devices such as Molotov cocktails. The briefing also contained information on specific incidents, including the knife-attack by a "homegrown violent extremist," a Bronx vehicle stop that resulted in the discovery of hammers and accelerants, and a gun arrest that took place in the South Bronx prior to the Mott Haven protest. | Email discovery previously produced | | | | |
| 180 | | DR No. 30 | Produce the whole daily binders from the intelligence division for the days listed in Schedule A. | | Defendants object as this request is overbroad, irrelvant, overly burdensome and not proportional to the needs of the case | The "whole daily binders" contain  irrlevant information, much of it law enforcemnt sensitive, that has nothing to do with the protests at issue.  The 50+ hours needed to collect, review, redact and provide a privilege log is not proportional to the needs of the case, as intelligence information specific to the protests has been provided | | |
| 181 | | DR No. 31 | Produce the Situation Reports prepared by the intelligence division for the days listed in Schedule A. | Any responsive documents  to the extent that any exist will be provided prior to the Court-ordered date. | These documents may be subject to the law enforcement privilege. Privilege log to be provided if documents contain privilege. | | | |
| 182 | | DR No. 32 | Produce the Tactical Assessments prepared by the intelligence division for the days listed in Schedule A. | Any responsive documents  to the extent that any exist will be provided prior to the Court-ordered date. | | | | |
| 183 | | DR No. 33 | Produce the Handschu Investigative Statements prepared by the intelligence division for the days listed in Schedule A. | Responsive documents previously produced in VOL002_Confidential VOL005_Confidential VOL005_Not Confidential VOL006_Not Confidential VOL007_Confidential | | | | |
| 184 | | DR No. 34 | Produce the Academy curriculum including the four-hour module on disorder control training conducted by the Disorder Control Unit. | Responsive documents previously produced in VOL002_Confidential VOL005_Confidential VOL005_Not Confidential VOL006_Not Confidential VOL007_Confidential VOL007_Not Confidential VOL008_Confidential VOL008_Not Confidential VOL009_Confidential VOL010_Confidential VOL011_Not Confidential VOL014_Confidential VOL018_Confidential VOL019_Not Confidential VOL026_Confidential VOL031_Confidential VOL032_Confidential VOL035_Confidential VOL037_Confidential VOL039_Confidential | | | | |
| 185 | | DR No. 35 | Produce the training material used to train the SRG units, specifically the five days that are dedicated to disorder control training. | Responsive documents previously produced in VOL002_Confidential VOL005_Confidential VOL005_Not Confidential VOL006_Not Confidential VOL007_Confidential VOL007_Not Confidential VOL008_Confidential VOL008_Not Confidential VOL009_Confidential VOL010_Confidential VOL011_Not Confidential VOL014_Confidential VOL018_Confidential VOL019_Not Confidential VOL026_Confidential VOL031_Confidential VOL032_Confidential VOL035_Confidential VOL037_Confidential VOL039_Confidential | | | | |
| 186 | | DR No. 36 | Please produce any communications between NYPD and the CCRB regarding Kenneth Rice, including but not limited to any requests to reopen his disciplinary case. | Responsive documents previously provided in VOL001 VOL002_Confidential VOL007_Not Confidential VOL008_Confidential VOL008_Confidential                    VOL009_Confidential | | | | |
| 187 | Minett v. NYC, et al., 21cv8161 | | | | | | Initial Disclosures Minett_00001-000062 | Initial Disclosures produced |