

remy green <remy@femmelaw.com>

## [Hernandez Team] In re: New York City Policing During Summer 2020 Demonstrations, 20-CV-8924 (CM) (GWG) - Defendants' Responses to Sow Plaintiffs' Deficiency Letter

**remy green** <remy@femmelaw.com>  Wed, Sep 7, 2022 at 3:55 PM
To: "Hamill, Bridget (LAW)" <brhamill@law.nyc.gov>
Cc: Sow-Legal <Sow-Legal@blhny.com>, AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>, Gray Legal Team-External <GrayLegalTeam@dwt.com>, Hernandez Team <hernandez@femmelaw.com>, Payne Litigation Team <PayneLitigationTeam@nyclu.org>, "rolonlegalteam ." <rolonlegalteam@aboushi.com>, Sierra Team <SierraTeam@moskovitzlaw.com>, Wood <wood@kllflaw.com>, NYC Law Protest Team <NYCLawProtestTeam@law.nyc.gov>, Regina Powers <RPowers@blhny.com>, PBALitigationTeam <PBALitigtationTeam@schlamstone.com>, Andrew Quinn <aquinn@quinnlawny.com>, "anthony.coles@dlapiper.com" <anthony.coles@dlapiper.com>, Stephen Mc Quade <smcquade@pittalaw.com>

Hi Bridget,

Closing the loop on the specifically outstanding things from this request.

2a:  What is the result of speaking with NYPD?  If that is not done, when will it be done?

3:  What is the result of speaking with NYPD?  If that is not done, when will it be done?

Thanks.

---

**J. Remy Green**

     *Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns:  Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

---



---

On Wed, Aug 24, 2022 at 12:32 AM Hamill, Bridget (LAW) <brhamill@law.nyc.gov> wrote:

Counsel,

Please see Defendants' responses, below.

Bridget Hamill
Senior Counsel
**Office of the Corporation Counsel**
Special Federal Litigation Division
New York City Law Department
100 Church Street | New York, NY 10007
Tel: (212) 356-2662
brhamill@law.nyc.gov

Item No. 1:

Plaintiffs' Current Question:

Defendants already stated we are at an impasse. To the extent Defendants have withdrawn that position, Defendants are violating a clear Court order: "By Thursday, July 14, Defendants will confirm whether there is an impasse on Document Request 4, regarding producing the OLPA (zOLPA) for each putative *Sow* class member." Dkt. No. 663, Para. 2.

Defendants are also in violation of the same order in that the Order directed that Defendants needed to state "whether Defendants are withholding anything based on their burden objection" and still have not done so despite many requests.

Defendants' Response:

Defendants assert their burden objection with respect to this request, and are withholding responsive documents based on that objection.

Item No. 2a:

Plaintiffs' Current Question:

As I said before, "upon information and belief" is a statement that you do not have personal knowledge. If Defendants do not have personal knowledge of their own search process, that's a huge problem – and one we likely need to raise with the Court. Please provide a response from someone with personal knowledge about Item 2.

Defendants' Response:

Defendants did have personal knowledge of the search process, and are confirming with NYPD whether there are additional documents responsive to this request.

Item No. 2b:

Plaintiffs' Current Question:

As we said, the timing is an impasse for us. Defendants cannot just say "it's not an impasse." But we will agree to hold off on this issue if Defendants agree to clarify all of their positions definitively as set out above.

Defendants' Response:

Defendants have clarified their positions as set out above.

Item No. 2c:

Plaintiffs' Current Question:

Defendants' response here, as concerns the confidentiality orders, makes no sense. But that means we have an impasse, and we will move -- since apparently Defendants are withholding their own documents based on a confidentiality order that does not bind them.

Additionally, Defendants have not produced a privilege log. If you are asserting privilege, you must do so. Production was due long ago -- and the Court has ordered that Defendants must produce privilege logs at the time of production unless we agree otherwise. Please produce the required log by whatever ultimate deadline we agree upon (e.g., either the 23rd or September 2). Without a privilege log, obviously, we will understand the City to have waived any privilege claims.

Finally, as to burden, since Defendants have not described any burden, we believe it is waived and will move.

Defendants' Response:

Defendants disagree with your characterizations and stand by their objections. Defendants will provide a privilege log at the time of production or request additional time if needed. With respect to the assertion that Defendants have waived their burden objection, we disagree. With respect to burden, Defendants did describe the burden and to Plaintiffs' assertion that the objection is waived.

Plaintiffs are requesting information collected pursuant to the EIP as it relates to protest arrests. What is collected pursuant to the order concerns unconstitutional stops, unconstitutional trespass enforcement, and racial profiling. As such, the information collected does not contemplate protest arrests. Part of the burden concerns the request for *all* documents from a collection that was done for reasons other than protest arrests.

Item No. 3:

Plaintiffs' Current Question:

Are Defendants currently withholding any documents on the basis of that objection?

Defendants' Response:

Defendants have asked NYPD whether additional documents can be produced without substantial burden. As such, Defendants are not currently withholding documents based on any objections.

Item No. 5:

Plaintiffs' Current Questions:

A date for the "majority" of documents is not acceptable. We need a date by which production will be complete. We will assume it is September 2, absent a specific statement otherwise.

<u>Defendants' Response</u>:

The date by which production will be complete is September 23, 2022.

---

**From:** remy green <remy@femmelaw.com>
**Sent:** Monday, August 22, 2022 10:16 AM
**To:** Hamill, Bridget (LAW) <brhamill@law.nyc.gov>
**Cc:** Sow-Legal <Sow-Legal@blhny.com>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Gray Legal Team-External <GrayLegalTeam@dwt.com>; Hernandez Team <hernandez@femmelaw.com>; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; rolonlegalteam . <rolonlegalteam@aboushi.com>; Sierra Team <SierraTeam@moskovitzlaw.com>; Wood <wood@kllflaw.com>; NYC Law Protest Team <NYCLawProtestTeam@law.nyc.gov>; Regina Powers <RPowers@blhny.com>; PBALitigationTeam <PBALitigtationTeam@schlamstone.com>; Andrew Quinn <aquinn@quinnlawny.com>; anthony.coles@dlapiper.com; Stephen Mc Quade <smcquade@pittalaw.com>
**Subject:** Re: [EXTERNAL] Re: [Hernandez Team] In re: New York City Policing During Summer 2020 Demonstrations, 20-CV-8924 (CM) (GWG) - Defendants' Responses to Sow Plaintiffs' Deficiency Letter

Hi Bridget,

I've conferred with the team and here's where we are: We are willing to agree to the extension, but only on the condition that, on or before August 23, Defendants give us their *final* positions on anything related to any *Sow* request they claim we are not at an impasse on.

While we disagree with your assertions that we're not at an impasse -- and indeed, it's not reasonable to claim that the City still doesn't know its own position on requests that were served in November last year, after a meet and confer over a month ago -- this will let us at least finalize and keep things moving. It is also consistent with the Court's caution that "[i]n the future, the City should respond immediately and definitively to any attempts by plaintiffs to clarify the City's position on any discovery issue." Dkt. No. 685. Here, the City did not respond immediately, and still has not clarified its positions.

If Defendants are not willing to confirm their positions by August 23, then the only extension we are willing to agree to is to August 23. Finally,

for the sake of clarity, below are responses that clarify the issues with the City's positions.

Yours,

Remy.

Item No. 1:  Defendants already stated we are at an impasse.  To the extent Defendants have withdrawn that position, Defendants are violating a clear Court order:  "By Thursday, July 14, Defendants will confirm whether there is an impasse on Document Request 4, regarding producing the OLPA (zOLPA) for each putative *Sow* class member."  Dkt. No. 663, Para. 2.  Defendants are also in violation of the same order in that the Order directed that Defendants needed to state "whether Defendants are withholding anything based on their burden objection" and still have not done so despite many requests.

Item No. 2a: As I said before, "upon information and belief" is a statement that you do not have personal knowledge.  If Defendants do not have personal knowledge of their own search process, that's a huge problem -- and one we likely need to raise with the Court.  Please provide a response from someone with personal knowledge about Item 2.

2b:  As we said, the timing is an impasse for us.  Defendants cannot just say "it's not an impasse."  But we will agree to hold off on this issue if Defendants agree to clarify all of their positions definitively as set out above.

2c:  Defendants' response here, as concerns the confidentiality orders, makes no sense.  But that means we have an impasse, and we will move -- since apparently Defendants are withholding their own documents based on a confidentiality order that does not bind them.

Additionally, Defendants have not produced a privilege log.  If you are asserting privilege, you must do so.  Production was due long ago -- and the Court has ordered that Defendants must produce privilege logs at the time of production unless we agree otherwise.  Please produce the required log by whatever ultimate deadline we agree upon (e.g., either the 23rd or September 2).  Without a privilege log, obviously, we will understand the City to have waived any privilege claims.

Finally, as to burden, since Defendants have not described any burden, we believe it is waived and will move.

Item No. 3: Defendants still have not answered the basic question: Is the City withholding documents, and if so, what documents and on the basis of what objections?

Item No. 5:  A date for the "majority" of documents is not acceptable.  We need a date by which production will be complete.  We will assume it is September 2, absent a specific statement otherwise.

_____

**J. Remy Green**

      *Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns:  Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

_____


On Thu, Aug 18, 2022 at 9:52 PM remy green <remy@femmelaw.com> wrote:

> Hi Bridget,
>
> Obviously, we can't get a group response to you at this hour.
>
> I do want to flag something problematic:  if "upon information and belief" has the ordinary meaning, your response is inadequate.  "Information and belief" denotes something  that a party does not know first hand.  (We have previously met and conferred on use of this phrase, and defendants have agreed to stop using it)  If you do not know first hand whether there are additional searches, someone else needs to be providing responses.
>
> In these circumstances, I suppose we have to revisit the broader extension, but agreeing to a few days in the interim seems fine — and I'll let you know the broader Sow group's response shortly.

Yours,

Remy.

_____

Sent from a mobile device, please excuse any thumbling or stumbling.

_____

J. Remy Green

*Partner*

| Cohen&Green P.L.L.C. | #FemmeLaw |

| remy@femmelaw.com (e) | (929) 888.9560(direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |

| honorific / pronouns:  Mx. / they, their, them |

_____

> On Aug 18, 2022, at 9:06 PM, Hamill, Bridget (LAW) <brhamill@law.nyc.gov> wrote:
>
> Remy and Counsel,
>
> Please see Defendants' responses, below.
>
> Bridget Hamill
> Senior Counsel
> **Office of the Corporation Counsel**
> Special Federal Litigation Division
> New York City Law Department
> 100 Church Street | New York, NY 10007
> Tel: (212) 356-2662
> brhamill@law.nyc.gov
>
>
> Hi Bridget et al.,
>
> I've copied and pasted your responses below, and respond to each in turn.
>
> Item No. 1:

> Additionally, I am confirming we have an impasse on class member OLPAs, since there is no way Plaintiffs can identify specific class members: that is obviously information entirely in Defendants' control. Defendants appear to be refusing to, as we agreed, confirm whether they are withholding documents based on a burden objection for the OLPAs. We will assume, unless you state clearly otherwise, that you are.

Defendants' Response to Item No. 1: We are not yet at an impasse as Defendants are still working to confirm whether we will continue to assert the burden objection.

Item No. 2:

a. Defendants state that, upon information and belief, there are no additional documents or searches to be conducted concerning Sow Plaintiffs' Document Request No. 15.

> What does "upon information and belief" mean? Please explain.

Defendants' Response to Item No. 2a.: This does not have any meaning outside of the usual meaning of the phrase "upon information and belief."

b. Defendants state that with respect to Sow Plaintiffs' Document Request Nos. 6, 7, 18, 20, 31, and 32, outstanding documents and/or a privilege log, if any, will be produced by August 18, 2022.

> Is there a specific reason this is taking so long? Defendants committed to having this done long ago. This is not acceptable and Sow Plaintiffs consider this timing an impasse.

Defendants' Response to Item No. 2b: We are not yet at an impasse as Defendants are still working to identify and produce additional documents. The reasons are, as stated in the email, that confirming what documents have been provided and whether there are additional documents that should be produced has taken longer than we previously anticipated. I also note, among other things, two days after we sent these responses, we were ordered by the Court to schedule depositions at an aggressive pace, and we needed to prioritize our response to the Court's order.

c. With respect to Sow Plaintiffs' Document Request No. 12, Defendants object to this request on the grounds that documents sought are not relevant, subject to privilege and the confidentiality orders entered in Floyd, et al. v. City of New York, 08-CV-1034 (SDNY); Davis, et al. v. City of New York, et al., 10-CV-0699 (SDNY); and Ligon, et al. v. City of New York, et al., 12-CV-2274 (SDNY). Notwithstanding and without waiving any objections, Defendants will provide Plaintiffs with information concerning

We do not understand this response. How are the City's own documents subject to confidentiality orders? There is no basis to limit this to publicly available documents. As we understand it, the City's only stated basis at this time to withhold these documents are a set of confidentiality orders that allowed the City to designate documents produced *to other plaintiffs* confidential *for those plaintiffs*. Nothing in such a confidentiality order limits what the City can do with its own documents.

We have an impasse here and will move unless the City withdraws this position by Thursday COB.

Defendants' Response to Item No. 2c: Defendants will not withdraw their objections. Counsel in SQF who is also counsel on this case is aware of the perimeter of confidentiality and terms of the Confidentiality Order in those cases. Moreover, defendants objected not only on confidentiality but also on relevance and privilege grounds. Non-privileged information not subject to the Confidentiality Orders is available publicly and as previously stated, Defendants can produce those documents. Moreover, as the request seeks all documents related to the information collected pursuant to Local Law 68-2020, it is overbroad and burdensome.

Item No. 3:

Defendants state that with respect to Sow Plaintiffs' Document Request No. 30, outstanding documents and/or a privilege log, if any, will be produced by August 18, 2022. Defendants are taking Plaintiffs' question about whether Defendants will withdraw their burden objection on Document Request No. 30 under advisement, but currently do not withdraw the objection.
Are Defendants currently withholding any documents on the basis of that objection?

Defendants' Response to Item No. 3: Defendant asserted objections based on burden as well as privilege and overbreadth. In any event, Defendants have produced a number of responsive documents and are currently conferring with NYPD as to whether additional documents can be produced without substantial burden.

Item No. 4:

With respect to searches for the Sow plaintiffs' Interrogatory No. 12, Defendants state as follows: [omitted]

Defendants' Response to Item No. 4: Plaintiffs do not have any questions with respect to this item and Defendants previously responded to Interrogatory No. 12.

Item No. 5:

We appreciate all of Defendants' responses on this item. Can you provide a date by which all documents will be produced?

Defendants' Response to Item No. 5: Defendants believe that the majority of documents will be produced by September 2, 2022. Defendants will know before that date whether we will continue to assert a burden objection to additional productions with respect to Document Request No. 30.

**From:** remy green <remy@femmelaw.com>
**Sent:** Thursday, August 18, 2022 10:48 AM
**To:** Hamill, Bridget (LAW) <brhamill@law.nyc.gov>
**Cc:** Sow-Legal <Sow-Legal@blhny.com>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Gray Legal Team-External <GrayLegalTeam@dwt.com>; Hernandez Team <hernandez@femmelaw.com>; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; rolonlegalteam . <rolonlegalteam@aboushi.com>; Sierra Team <SierraTeam@moskovitzlaw.com>; Wood <wood@kllflaw.com>; NYC Law Protest Team <NYCLawProtestTeam@law.nyc.gov>; RPowers@blhny.com; PBALitigationTeam <PBALitigtationTeam@schlamstone.com>; Andrew Quinn <aquinn@quinnlawny.com>; anthony.coles@dlapiper.com; smcquade@pittalaw.com
**Subject:** [EXTERNAL] Re: [Hernandez Team] In re: New York City Policing During Summer 2020 Demonstrations, 20-CV-8924 (CM) (GWG) - Defendants' Responses to Sow Plaintiffs' Deficiency Letter

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).

Hi Bridget,

I saw that you asked for more time.  I think understanding the request requires at least some response to the questions below.

Yours,

Remy.

---

**J. Remy Green**

      *Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns:  Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

---

On Tue, Jul 26, 2022 at 2:22 PM remy green <remy@femmelaw.com> wrote:

> Hi Bridget et al.,
>
> I've copied and pasted your responses below, and respond to each in turn.
>
> Additionally, I am confirming we have an impasse on class member OLPAs, since there is no way Plaintiffs can identify specific class members: that is obviously information entirely in Defendants' control. Defendants appear to be refusing to, as we agreed, confirm whether they are withholding documents based on a burden objection for the OLPAs. We will assume, unless you state clearly otherwise, that you are.
>
> <u>Item No. 1</u>:
>
> - Defendants state that, upon information and belief, there are no additional documents or searches to be conducted concerning Sow Plaintiffs' Document Request No. 15.
>
> What does "upon information and belief" mean? Please explain.
>
> - Defendants state that with respect to Sow Plaintiffs' Document Request Nos. 6, 7, 18, 20, 31, and 32, outstanding documents and/or a privilege log, if any, will be produced by August 18, 2022.
>
> Is there a specific reason this is taking so long? Defendants committed to having this done long ago. This is not acceptable and Sow Plaintiffs consider this timing an impasse.

- With respect to Sow Plaintiffs' Document Request No. 12, Defendants object to this request on the grounds that documents sought are not relevant, subject to privilege and the confidentiality orders entered in <u>Floyd, et al. v. City of New York</u>, 08-CV-1034 (SDNY); <u>Davis, et al. v. City of New York, et al</u>., 10-CV-0699 (SDNY); and <u>Ligon, et al. v. City of New York, et al.</u>, 12-CV-2274 (SDNY).   Notwithstanding and without waiving any objections, Defendants will provide Plaintiffs with information concerning publicly available documents responsive to this Request by August 18, 2022.

We do not understand this response.  How are the City's own documents subject to confidentiality orders?  There is no basis to limit this to publicly available documents.  As we understand it, the City's only stated basis at this time to withhold these documents are a set of confidentiality orders that allowed the City to designate documents produced *to other plaintiffs* confidential *for those plaintiffs*. Nothing in such a confidentiality order limits what the City can do with its own documents.

We have an impasse here and will move unless the City withdraws this position by Thursday COB.

<u>Item No. 3:</u>

Defendants state that with respect to Sow Plaintiffs' Document Request No. 30, outstanding documents and/or a privilege log, if any, will be produced by August 18, 2022.  Defendants are taking Plaintiffs' question about whether Defendants will withdraw their burden objection on Document Request No. 30 under advisement, but currently do not withdraw the objection.

Are Defendants currently withholding any documents on the basis of that objection?

<u>Item No. 9</u>:

With respect to searches for the Sow plaintiffs' Interrogatory No. 12, Defendants state as follows: [omitted]

We appreciate all of Defendants' responses on this item.  Can you provide a date by which all documents will be produced?

Yours,

Remy.

_____

**J. Remy Green**

*Partner*

| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

On Tue, Jul 19, 2022 at 11:05 PM 'Hamill, Bridget (LAW)' via Hernandez Team <hernandez@femmelaw.com> wrote:

> Remy,
>
> In accordance with the Court's order of July 13, 2022 (Dkt. 657-1), the defendants state as follows.
>
> Item No. 1:
>
> - Defendants state that, upon information and belief, there are no additional documents or searches to be conducted concerning Sow Plaintiffs' Document Request No. 15.
> - Defendants state that with respect to Sow Plaintiffs' Document Request Nos. 6, 7, 18, 20, 31, and 32, outstanding documents and/or a privilege log, if any, will be produced by August 18, 2022.
> - With respect to Sow Plaintiffs' Document Request No. 12, Defendants object to this request on the grounds that documents sought are not relevant, subject to privilege and the confidentiality orders entered in Floyd, et al. v. City of New York, 08-CV-1034 (SDNY); Davis, et al. v. City of New York, et al., 10-CV-0699 (SDNY); and Ligon, et al. v. City of New York, et al., 12-CV-2274 (SDNY).   Notwithstanding and without waiving any objections, Defendants will provide Plaintiffs with information concerning publicly available documents responsive to this Request by August 18, 2022.
>
> Item No. 3:
>
> Defendants state that with respect to Sow Plaintiffs' Document Request No. 30, outstanding documents and/or a privilege log, if any, will be produced by August 18, 2022.  Defendants are taking Plaintiffs' question about whether Defendants will withdraw their burden objection on Document Request No. 30 under advisement, but currently do not withdraw the objection.
>
> Item No. 9:
>
> With respect to searches for the Sow plaintiffs' Interrogatory No. 12, Defendants state as follows:
>
> - Defendants confirm that no arrests were made at the following Schedule B protest locations:
>   - Rally to Back the Blue in Dyker Heights on July 11, 2020;

- BWC video was located and was produced on July 14, 2022.

  - Jews for Trump car parade in Marine Park on October 25, 2020;
  - Protest against Covid vaccine mandate in Times Square on September 18, 2021;
  - New York City teachers protest against vaccine mandate on the Brooklyn Bridge on October 5, 2021;
  - Protest against vaccine mandate on the Brooklyn Bridge on October 25, 2021; and
  - City workers protest against Covid vaccine mandate at Gracie Mansion on October 28, 2021.

    - BWC video was located and is being processed for production.

- Defendants confirm that arrests were made at the following Schedule B protest locations, and related documents have been produced:

  - Blue Lives Matter event in Bay Ridge on July 12, 2020;

    - Five arrests were made, and related documents were produced on June 24, 2022;
    - BWC video was located and was produced on July 14, 2022.

  - Ultraorthodox rally in Borough Park on October 7, 2020.

    - One arrest was made, and related documents were produced on June 24, 2022;
    - BWC video was located and is being processed for production.

- Defendants confirm that the following Schedule B protests were not in NYPD's jurisdiction:

  - Pro-Trump Car Caravan on the Mario Cuomo Bridge on November 1, 2020;

    - The Pro-Trump Car Caravan was under the jurisdiction of the New York State Thruway Authority.
    - Defendants searched records for NYPD precincts in the vicinity for the date and time of this event, and no related arrest records were located.

  - Closing of Mac's Pub in Staten Island on December 12, 2020;

    - This event was responded to by the Richmond County Sherriff's Office.
    - Defendants searched records for NYPD Staten Island Precincts for the date and time of this event, and no related arrest records were located.

- Defendants confirm that permits responsive to Interrogatory No. 12 have been received and are being reviewed for processing and production.

Regards,

Bridget Hamill

Senior Counsel

**Office of the Corporation Counsel**

Special Federal Litigation Division

New York City Law Department

100 Church Street | New York, NY 10007

Tel: (212) 356-2662

brhamill@law.nyc.gov