

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

BRIDGET V. HAMILL
*Senior Counsel*
brhamill@law.nyc.gov
Phone: (212) 356-2662
Fax: (212) 356-1148

October 21, 2022

**By ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re: New York City Policing During Summer 2020 Demonstrations
            No. 20 Civ. 8924 (CM) (GWG)
            (All Cases)

Your Honor:

    I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and one of the attorneys assigned to represent Defendants in the above referenced matter. Defendants write pursuant to the Court's October 14, 2022 Order and Opinion (Dkt. 755), which invited defendants to provide reasons why certain documents or portions of documents filed with Docket Nos. 586 and 613 "could properly remain sealed under Lugosch." Dkt. 755 at p. 12, fn3. For the reasons stated herein, defendants respectfully request that the documents discuss below remain under seal.

    The common law and the First Amendment accord a presumption of public access to judicial documents. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006). As the Court reasoned in its ruling, to overcome the presumption of public access over a judicial document, the court must make "specific, on the record findings" that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." Lugosch, 435 F.3d at 120 (citation omitted). "Higher values," the preservation of which might warrant sealing, include personal privacy interests. Bernsten v. O'Reilly, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (citation omitted). Moreover, some law enforcement interests are routinely accepted as "higher values" and countervailing factors, including: the protection of law enforcement techniques and procedures; the protection of the confidentiality of sources; the safety of witnesses and police officers; the privacy and reputation of those involved in an investigation, including victims, witnesses and potential targets; the protection of ongoing investigations in terms of preventing interference, flight, or other obstructionist activities; the protection of grand jury secrecy; and, the protection of national security. United States v. Strevell, No. 05-CR-477 (GLS), 2009 U.S. Dist.

LEXIS 19020, at *12-13 (N.D.N.Y. Mar. 3, 2009); see also United States v. Aref, 533 F.3d 72 (2d Cir. 2008). Defendants believe that there are "higher values" and countervailing factors, as described below, the consideration of which should keep these documents confidential and under seal.

The documents at issue here all contain information that implicates law enforcement interests.[1] First document PD_E_PD_00056331 is a document detailing intelligence gathered about the tactics, procedures and techniques used by certain groups targeting police officers, as well as tactics, procedures and techniques to aid officers in identifying and mitigating these threats. Similar to others discussed herein, this document also pertains to law enforcement intelligence, including NYPD's tactics, procedures and techniques, and it should remain under seal.

Additionally, document DEF_E_PD_0008195 contains sensitive information about NYPD intelligence on its planned response and deployment related to upcoming events. This document also includes sensitive information related to a gang member. This is not a document that should be in the public domain. It could be used at future events to attempt to foil the policing techniques of NYPD and materially impede the Department's law enforcement responsibilities and capabilities.

Similarly, document DEF_E_PD_00057868 contains sensitive law enforcement information related to law enforcement tactics and procedures, the disclosure of which would seriously impair future investigations and negatively impact the ability of officers to conduct investigations in the future using techniques which would now be publicly revealed. Dorsett v. Cty. of Nassau, 762 F. Supp. 2d 500, 521 (E.D.N.Y. 2011). Additionally, this document contains information related to third parties and individuals involved in investigations whose privacy interests would be undermined if this information was disclosed on the docket.

More importantly, document DEF_E_PD_00057868 contains information relating to incidents that could still be under active investigations or prosecutions. Disclosure of that information to the subjects—or other participants in the alleged criminal activity whose identities are unknown—creates the risk that they "could conceal or destroy other evidence, influence information and testimony given by others, and otherwise delay and obstruct the Investigation." In re Search Warrant Dated November 5, 2021, 2021 U.S. Dist. LEXIS 234234, at *17 (S.D.N.Y. Dec. 7, 2021). As courts have regularly observed in the context of ongoing investigations, the disclosure of such information may enable uncharged individuals to coordinate or tailor their testimony and interactions with police, thereby frustrating ongoing investigations and impeding apprehension of criminal suspects. See Sealed Search Warrants, 2008 U.S. Dist. LEXIS 107711, 2008 WL 5667021, at *4.

As the Court acknowledged in its October 14th Order and Opinion, these documents relate only tangentially to the discovery dispute at issue here, and therefore, the threshold needed to show countervailing considerations justifying the sealing of these documents is low. Based on the

---

[1] Based on the Court's Order, defendants have no further objections to unsealing DEF_E_PD_00108731, DEF_E_PD_00056330, and DEF_E_PD_00058140. In accordance with the Court's Order, defendants will file these documents with redactions of the email addresses of City personnel.

arguments above, defendants believe the above explanations meet the burden of showing that these documents should properly remain sealed under Lugosch.

For the reasons stated above, defendants respectfully request that the Court seal the exhibits and content of plaintiffs' letters describing the confidential documents under Docket Nos. 586 and 613. Plaintiffs' letters that were publicly filed with the confidential information from these documents redacted, should remain on the docket in that form.

Defendants thank the Court for its time and consideration of this matter.

                                                      Respectfully submitted,

                                                     *Bridget V. Hamill s/*

                                                     Bridget V. Hamill
                                                     Senior Counsel
                                                     Special Federal Litigation Division

cc:     All Counsel (via ECF only)