

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

Sergey Marts
Assistant Corporation Counsel
semarts@law.nyc.gov
Phone:  (212) 356-5051

**By ECF**  November 30, 2022

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re:  *New York City Policing During Summer 2020 Demonstrations*,
             No. 20 Civ. 8924 (CM) (GWG)
             This filing is related to all cases

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. Defendants write to respectfully request a two (2) week extension, from December 2, 2022, to December 16, 2022, to file defendants' opposition to plaintiffs' Request to Deem Certain Requests for Admission Admitted ("RFA motion") (Dkt. No. 721).

      By way of relevant background, plaintiffs served 286[1] requests for admission plus a corresponding interrogatory and document demand (collectively, "RFAs") on February 16, 2022.

      On June 28, 2022, defendants filed a request for a protective order relieving them from any obligation to respond to the improper and unduly burdensome RFAs (Dkt. No. 624). In response, the Court indicated it would not consider a request for a protective order on the merits or any burdensomeness arguments (Dkt. No. 626). Instead, the Court directed defendants to "either answer or object." The Court further instructed that defendants may object to "groups of requests for admission on grounds of burdensomeness or any other valid ground" and that "no argument need be (or should be) stated in the response." Based on the Court's instruction, defendants served their responses to the RFAs on the eve of July 12, 2022, as agreed upon by the parties and endorsed by the Court.

---

[1] Although plaintiffs by email dated June 13, 2022, withdrew a paltry number of RFAs – 15 to be precise – there remain 271 RFAs (plus a corresponding interrogatory and documentary request that attaches to each).

On July 13, 2022, plaintiffs immediately sought to meet and confer on defendants' responses to the RFAs. The parties met and conferred on July 29, 2022, regarding plaintiffs' objections to defendants' responses. On or about August 3, 2022, defendants served supplemental objections and responses to RFAs Nos.: 3, 4, 7, 20, 44, 47, 48, 136, 137, 138, 141, 159, 160, 219, 229, 242, 243, and 244 on plaintiffs.

On August 4, 2022, the parties entered into and the Court So-Ordered a stipulation staying the discovery for sixty (60) days ("stay period")(Dkt. No. 718). As part of the stipulation, the parties agreed that if plaintiffs file a motion to compel RFA responses, defendants will have two (2) weeks to file their reply after the expiration of the stay period. On August 8, 2022, plaintiffs filed their RFA motion (Dkt. No. 721). On September 30, 2022, the Court extended the stay period until November 18, 2022 (Dkt. No. 753). Defendants thus compute that the current deadline to reply to plaintiffs' motion to compel is December 2, 2022. Plaintiffs do not consent to defendants' instant request for a two-week extension until December 16, 2022. Specifically, Ms. Marquez indicated the following position:

> Plaintiffs oppose Defendants' request for two more weeks to oppose a motion Plaintiffs filed months ago. As the Court knows, Plaintiffs should have received proper responses to their requests to admit in March -- but Defendants simply failed to respond. In granting limited extensions for Defendants to answer the requests, the Court noted that any additional extension must be supported by a showing of "specific good cause." Dkt. No. 626.
>
> Defendants have had four months during the stays of discovery to complete this opposition. Getting this motion resolved immediately following the stays was part of the bargain Plaintiffs struck in agreeing to stay discovery. *See* Dkt. No. 718 Para. 4(b). In seeking to adjust that agreement, Defendants have offered no explanation for how they did not have time to prepare an opposition. Moreover, proper answers to these requests, which Plaintiffs believe will require a number of admissions, may aid the parties in narrowing upcoming depositions which have just restarted; this extension will further delay that aid. In sum, Defendants have offered no "specific good cause" for the long extension they seek.

However, in their argument, plaintiffs incorrectly rely on the Court's June 29, 2022 Order. First, the June 29th Order was issued in response to defendants' motion seeking a protective order relieving defendants from the obligation to respond to certain improper RFAs and for an extension of time to respond to any proper RFAs. (*See* Dkt. No. 626). In response to defendants' request, the Court, *inter alia*, indicated that it would not consider a request for a protective order on the merits or any burdensomeness arguments, and instead granted an extension of time for the City to respond to the RFAs to which it had no objection (Dkt. No. *626*). The Court further indicated that: "[i]f the City can show specific good cause why additional time is needed as to any particular request, it must make a new application for an extension immediately and in compliance with paragraph 1.E of the Court's Individual Practices." (Dkt. No. 626). In turn, as stated *supra*, the City answered the requests to which it had no objection. The City is not requesting herein that it be afforded additional time to answer RFAs to which it has no objection, but rather it is seeking additional two weeks to

respond to plaintiffs' motion to compel which was filed on August 8th. As such, the "specific good cause" requirement which plaintiffs cite is inapplicable to the present request.

Nevertheless, defendants did, in fact, offer a "specific reason" for an extension. First, the parties continue to engage in mediation since the expiration of the stay period. Depending on the outcome of the ongoing negotiations concerning the injunctive relief portion of these consolidated cases, the scope of defendants' responses as well as the scope of plaintiffs' requests for admission, may well change significantly and substantively, insofar as the scope of plaintiffs' RFAs would (or ought to) be narrowed to reflect only the remaining claims. This, in turn, would allow the parties to accomplish what Rule 36 was created to do – to identify and eliminate the undisputed issues in preparation for trial. *See* Fed. R. Civ. P. 36.

Indeed, extending the time for defendants to respond to the RFAs would also align with Fed. R. Civ. P. 1, insofar as it would afford the time required in order to ascertain which RFAs may become moot and streamline efforts by focusing only on the ones that are still relevant to any remaining claims. Similarly, such timing would conserve finite judicial resources because it would minimize the time that the Court would need to dedicate to adjudicating RFAs that would be irrelevant to any surviving claims.

Lastly, such an extension would not prejudice any of the parties, would not affect any other discovery deadlines, and would not prevent plaintiffs from seeking the relief they are seeking. If for some reason the parties are not able to resolve the injunctive relief portion, defendants will file a response. In the interim, plaintiffs have not provided any explanation of how receiving admissions to contested RFAs would meaningfully narrow any upcoming depositions. Indeed, a number of plaintiffs' RFAs sought admissions regarding officers who were already deposed. It is therefore hard to imagine that plaintiffs would, in fact, forgo asking certain depositions questions in lieu of an admission to a contested RFA. Moreover, as stated above, the purpose of Rule 36 is to eliminate any undisputed issues of fact for trial and not to narrow the scope of a given deposition. *See* Fed. R. Civ. P. 36. In sum, a two-week extension would not cause any undue prejudice to plaintiffs.

In light of the foregoing, defendants respectfully request that the Court grant defendants a two (2) week extension, from December 2, 2022, to December 16, 2022, for them to file their opposition to plaintiffs' Motion to Deem Certain RFAs Admitted and Compel Discovery Responses.

Thank you for your consideration herein.

                                                                Respectfully submitted,

                                                                /s/ Sergey Marts
                                                                Sergey Marts
                                                                *Assistant Corporation Counsel*
                                                                Special Federal Litigation Division

cc:     ALL COUNSEL (via ECF)