# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

In Re: New York City Policing During Summer 2020
Demonstrations

Index No. 20-cv-8924 (CM)(GWG)

---------------------------------------------------------------- x

BRIDGET FITZPATRICK, Managing Attorney of the Civil Litigation Unit ("CLU") of the New York City Police Department ("NYPD"), declares under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney admitted to practice in the State of New York.

2. I submit this declaration at the request of the New York City Law Department, attorneys for the Defendants herein, in support of Defendants production of Argus camera footage.

3. In December 2021, Plaintiffs provided Defendants with thirty-six (36) maps detailing specific dates, relevant time frames and geographical locations of selected protests that occurred primarily in late May and early June of 2020. Plaintiffs requested that Defendants produce all Argus footage associated with the highlighted areas of the aforementioned maps. Defendants produced Argus camera footage responsive to the requests to Plaintiffs by the May 27, 2022, Court-ordered deadline.

4. On May 16, 2022, the Court ordered Defendants to "provide a sworn statement . . . stating whether the non-production was due to the absence of operating cameras in the identified area or to defendants' failure to preserve the video." (Dkt. No. 541)..

5. On June 5, 2020, Defendants issued a preservation request to the Information Technology Bureau ("ITB") seeking to preserve all video from selected cameras from May 28, 2020,

until June 8, 2020. This request was undertaken *sua sponte* in anticipation of litigation potentially arising from the George Floyd protests. Argus video is normally retained for thirty (30) days, after which it is automatically overwritten. In response to this NYPD preservation request, ITB enacted a suspension of the automatic delete function in the platform used by the Lower Manhattan Security Initiative ("LMSI") to search, review and store video. The video from the requested time period was then archived to a storage location within the LMSI platform and the 30-day retention schedule was reinstated.

6. Thereafter, the Department received three preservation requests from the following: Jeffrey Rothman dated June 26, 2020, R. Green dated July 6, 2020, and the Legal Aid Society, dated July 6, 2020; the former two letters included lists of dates and general areas of protests for which footage was specifically requested. All of the protest dates on plaintiffs' preservation lists fell within the time frame of NYPD's self-initiated preservation. Furthermore, while these lists lacked either specific locations or time frames, both of which are required in order to identify footage, NYPD's preservation captured all footage on a given camera for the entire May 28 00:00 to June 8 at 23:59 time span.

7. The NYPD did receive other preservation requests for incidents and dates that occurred beyond the May 28, 2020, to June 8, 2020, period, but those later requests were dated outside the 30-day retention period during which the footage could possibly have been retrieved, meaning the footage sought had been overwritten by the time the preservation requests were received by NYPD.

8. In December 2021, NYPD received the above-mentioned 36 maps from the Attorney General's Office. Of the 36 maps, nine contained dates that were outside of the preservation date range of May 28, 2020 – June 8, 2020. Of the twenty-seven (27)

remaining maps, two that fell within the preservation date range yielded a negative result for archived footage. The first is May 30, 2020, West Side Highway which is listed as Protest 15. There were no Argus cameras in the designated area. The second is June 4, 2020, at Williamsburg which is listed as Protest 45. Although there were eight cameras in that location, none had archived footage, because that specific area was not identified during NYPD's self-initiated preservation efforts in June and July 2020, and thus no video covered by the area in the map was selected for archive.

9. We provide the above in response to that portion of the Court's Order for a sworn statement of whether non-production was due to the "absence of operating cameras in the identified area or to defendants' failure to preserve the video." Of the 36 maps provided to the Defendants by the Plaintiffs, nine were outside of the preservation date range and thus had no associated protest footage. Of the remaining 27 maps within the preservation date range, footage was produced for twenty five (25) of the twenty seven (27) maps provided by Plaintiffs.

Dated: June 9, 2022

_____
BRIDGET FITZPATRICK