```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In Re: New York City Policing During Summer    :        ORDER
2020 Demonstrations
                                               :        20 Civ. 8924 (CM)(GWG)
----------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiffs filed a letter on September 21, 2022, seeking an order directing production and compelling responses to various requests for documents and interrogatories in four categories. See Docket # 742. Defendants responded. See Docket # 750. We address each dispute next.

    Sow Document Request No. 4

The Court previously required production of these materials (Docket # 754) and thus assumes this dispute is moot.

    Sow Interrogatory No. 4

Plaintiffs request that defendants identify "each individual who was arrested at a location listed in Exhibit A" and say that defendants responded in a meet and confer by saying they already provided some of this information in other documents. Docket # 742 at 3-4. Plaintiffs say "not all protest areas are contained within the documents Defendants" referenced, but plaintiffs do not specify which areas. Id. In their response, defendants say they have provided all information they have with regard to summonses and DATs at the protests (as well as other documents that might indicate the identities of persons at the protests). Docket # 750 at 3. It appears that there are two disagreements. One is that plaintiffs contend that defendants should compile a comprehensive list of arrestees for each protest. As to this objection, we agree with defendants that this is a task that can as easily be accomplished by plaintiffs as defendants, and there is no reason to burden defendants with this task. The other disagreement appears to be that plaintiffs contend that documents have not been provided as to all protests. As to this point, the Court directs the parties to confer again inasmuch as defendants assert that they are unaware of which protests plaintiffs are referring to. If an impasse remains, plaintiffs may seek relief pursuant to paragraph 2.A of the Court's Individual Practices.

    Sow Document Request No. 12

This request seeks documents "related to the information collected pursuant to Local Law-2020, the Department's Early Intervention Program (which collects information regarding certain declinations to prosecute), as well as Law Department declinations to indemnify or represent officers in civil lawsuits brought from protest arrests alleging a constitutional violation." Docket # 742 at 4 n.11. It appears that in the "discovery chart," defendants agreed to produce such documents, except as they may be privileged. Now defendants interpose objections based on relevance and burden.

The Court agrees with plaintiffs that positions taken as reflected in the "discovery chart" should ordinarily be binding on defendants. On the other hand, there may be some few instances where the degree of irrelevance or burden may be so great or obvious that the City will be permitted to interpose such objections even if they were not listed on the "discovery chart." For this dispute, it appears to the Court that the City may have objections of this kind. It also appears that these particular objections have not been the subject of a telephonic discussion. Finally, it appears that defendants are not relying on the confidentiality order in the Floyd case in the manner plaintiffs assert. Accordingly, the parties are directed to confer again regarding this matter and to include a discussion of burden and relevance/overbreadth.

Sow Interrogatories Nos. 10 and 11

Plaintiffs' interrogatories Nos. 10 and 11 seek the identities of "each and every officer who was disciplined for using excessive force at a protest over the last 20 years," identification of the "date, location and conduct resulting in such discipline," and the "nature of the discipline received." Docket # 750 at 6 n.4. Defendants have made a compelling showing regarding the burden of this request as currently formulated, see Docket # 750-1, and we find that the burden would be disproportionate to the needs of the case. The fact that plaintiffs' complaint in this action made allegations regarding these matters, and that the allegations were found sufficient to state a claim, is germane to the issue of relevance but does not address the question of whether any particular discovery request is appropriate following the balancing required by Fed. R. Civ. P. 26(b)(1). As to the request for an adverse inference, the request is denied as unsupported by citation to any case law or rule, other than Rule 37(c). Rule 37(c) has not been triggered by this request, however, given that there has been no determination that the City has improperly failed to make a disclosure.

SO ORDERED.

Dated: December 13, 2022
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge