

**HON. SYLVIA HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

December 16, 2022

**BY ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  In Re: New York City Policing During Summer 2020 Demonstrations
            20 Civ. 8924 (CMJ)(GWG)
            (This filing is related to all cases)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia Hinds-Radix, Corporation Counsel of the City of New York and one of the attorneys assigned to the defense of the above-referenced consolidated matters. Defendants write in opposition to plaintiffs' Request to Deem RFAs Admitted and Compel Discovery Responses (Dkt. No. 721) and to renew defendants' motion for a protective order. Defendants also oppose Plaintiffs' requests that they complete a voluminous chart created by plaintiffs, and provide a declaration concerning the preparation of Defendants' responses. For the reasons set forth below, the Court should deny plaintiffs' application and grant defendants a protective order.

## Background

      On February 16, 2020, plaintiffs served 286 requests for admission with accompanying interrogatory and discovery demand (collectively "RFAs") on defendants. On June 10, 2020, the Court granted defendants an extension of time to respond to plaintiffs' RFAs. (Dkt. No. 598). On June 13, 2022, plaintiffs withdrew fifteen (15) RFAs. However, 271 RFAs still remained. On June 16, 2022, defendants advised plaintiffs via email that defendants planned on seeking a protective order from the Court to relieve them of any obligation to respond to improper and unduly burdensome RFAs and requested a meet and confer. On June 17, 2022, defendants provided plaintiffs with a list of RFAs which, in defendants' opinion, were improper on various grounds under Rule 36 of the Federal Rules of Civil Procedure. On June 23, 2022, after an hour and a half long fruitless meet and confer, plaintiffs advised defendants that they would not withdraw any

RFAs aside from the fifteen (15) RFAs plaintiffs withdrew on June 13th.[1] On June 28, 2022, defendants filed a motion for a protective order and extension of time to respond to those of plaintiffs' RFAs which defendants deemed proper under Rule 36. (Dkt. No. 624). On June 29, 2022, the Court denied defendants' motion for a protective order and directed defendants to "answer or object" to plaintiffs' RFAs. (Dkt. No. 626). The Court further provided that defendants may object to "groups of requests for admission on grounds of burdensomeness or any other valid ground," and that "no argument need be (or should be) stated in the response." *Id*. Although the Court denied defendants' request for a protective order at that juncture, the Court appeared to suggest that defendants could move at a later time as outlined in Paragraph 2.A of Your Honor's Individual Practices.

On July 12, 2022, defendants served their objections and responses to plaintiffs' RFAs. *See* Plaintiffs' Motion to Deem RFAs Admitted and Compel Discovery Responses, Exhibit A. On July 13, 2022, plaintiffs sought another meet and confer. On July 29, 2022, at that meet and confer, defendants reiterated the basis for defendants' objections as stated in defendants' motion for a protective order at Dkt. No. 624. The parties were not able to come to any agreement regarding defendants' objections and responses. Following the meet and confer, on August 3, 2020, defendants in good faith supplemented and amended their objections and responses to eighteen (18) RFAs (RFA Nos. 3, 4, 7, 20, 44, 47, 48, 136, 137, 138, 141, 159, 160, 219, 229, 242, 243, and 244). *See* Plaintiffs' Motion to Deem RFAs Admitted and Compel Discovery Responses, Exhibit C. Plaintiffs then withdrew their objections to defendants' responses to RFA Nos. 3, 4, 7, 20, 44, 47, and 219 only. (*See* Dkt. No. 721, at 3). Plaintiffs did not withdraw their objections to defendants' responses to RFA Nos. 136, 137, 138, 141, 159, 160, 229, 242, 243, and 244 because plaintiffs deemed that there was an "already-declared impasse," although defendants' in good faith amended and supplemented their responses. *Id*. On August 8, 2022, plaintiffs filed their instant motion. (Dkt. No. 721).

### Argument

**I.     The Court Should Deny Plaintiffs' Request to Deem the RFAs Admitted or to Order Defendants to Answer the RFAs**.

As an initial matter, plaintiffs have improperly used requests to admit in discovery in these cases. Requests for admission are not a discovery device but instead are aimed at expediting trials "by removing uncontested issues." *See Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966); *see also United States SEC v. Collector's Coffee, Inc.*, 537 F. Supp. 3d 497, 500-01 (S.D.N.Y. 2021). It is well settled that, unlike interrogatories, requests for documents, and depositions, requests for admissions are not a discovery tool. *See Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003); *see also T. Rowe Price SmallCap Fund, Inc. v. Oppenheimer*, 174 F.R.D. 38, 42 (S.D.N.Y.1997). In addition, "requests for admissions under Rule 36 of the Federal Rules of Civil Procedure are required to be simple and direct, and should be limited  to singular relevant facts." *See SEC v. Micro-Moisture Controls*, 21 F.R.D. 164, 166 (S.D.N.Y. 1957) (internal citations omitted); *see also United States v. Consol. Edison* Co. *of*

---

[1]  Present for defendants were Nadine Ibrahim and Daniel Braun; present for plaintiffs were Remy Green, Veronica Salama, and Lillian Marquez.

*N. Y.,* No. CV-88-0049 (RJD), 1988 U.S. Dist. LEXIS 14547, 1988 WL 138275, at *2 (E.D.N.Y. Dec. 15, 1988). As set forth below, the RFAs served by plaintiffs violate these basic fundamental rules. Meanwhile, defendants' responses, including the objections, are consistent with the Court's June 29th Order and are proper under Federal Rules and existing caselaw.

> A. *Defendants' Responses to Plaintiffs' RFAs are Consistent with the Court's June 29th Order.*

Defendants' responses to plaintiffs' RFAs were consistent with the Court's June 29th Order. In that Order, the Court provided that defendants can object to plaintiffs' RFAs or groups of RFAs on any valid grounds and that defendants did not need to state arguments in their responses. (Dkt No. 626). The Court also explicitly permitted defendants to object to plaintiffs' RFAs on grounds of "burdensomeness or any other valid ground" and further instructed that "no argument need be (or should be) stated in the response." *Id*. Indeed the Court has the authority to issue such an order under Rules 26 and 36. *See* Fed. R. Civ. P. 26; *see also Fayemi v. Hambrecht & Quist, Inc.*, 174 F.R.D. 319, 323 (S.D.N.Y. 1997)(stating that Rule 26(c) authorizes courts to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.") (internal citations omitted); *Jacobson Warehouse Co. v. Prestige Brands, Inc.*, No. 20-cv-4416 (CS) (AEK), 2022 U.S. Dist. LEXIS 92436, at *23-24 (S.D.N.Y. May 23, 2022) (citing *U.S. Bank Nat'l Ass'n*, 2020 WL 9549505, at *3 [*24] (internal citations omitted); *Versatile Housewares v. Sas Grp.*, 2010 U.S. Dist. LEXIS 156619, at *4 (S.D.N.Y. July 15, 2010) (finding that "courts are invested with substantial discretion under Rule 36 . . . to determine the propriety of plaintiff's requests" and granting a protective order) (internal citations omitted).

In accordance with the Court's instructions, defendants responded to RFAs by either objecting, admitting, denying, or stating briefly why defendants could not admit or deny them, including on burdensomeness and other valid grounds. Defendants believe this is consistent with the June 29th Order. The Court clearly has discretion to make such rulings. By arguing that defendants' objections are improper, despite the fact that they are in accordance with the Court's instructions, plaintiffs are essentially arguing that the Court's June 29th Order was incorrect. For this reason, plaintiffs' request to deem the RFAs admitted should be denied.

> B. *Defendants' Objections to Plaintiffs' RFA were Justified and Proper Under Rule 36 and Existing Caselaw.*

Aside from the fact that defendants' responses to plaintiffs' RFAs were consistent with the mandate of the Court's June 29th Order, as discussed in detail below, defendants' objections were justified and proper because plaintiffs failed to interpose proper RFAs as required under Rule 36 and existing caselaw.

"When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections." *S.C. Johnson & Son, Inc. v. Henkel Corp.*, No. 3:19CV00805(AVC), 2020 U.S. Dist. LEXIS 173511, at *11 (D. Conn. Sep. 22, 2020). Also, the courts typically scrutinize "whether the response meets the substance of the request and whether any qualifications are demanded by, and

made in, good faith." *See Optima Media Grp. Ltd. V. Bloomberg L.P.*, No. 17-CV-1898 (AJN) (JLC), 2019 U.S. Dist. LEXIS 130160, at *7 (S.D.N.Y. Aug. 2, 2019) (internal citations omitted). It is settled that the requesting party bears the burden of ensuring that their requests for admission are properly phrased so they can be denied or admitted "without an explanation." *See Neogenix Oncology, Inc. v. Gordon*, No. CV 14-4427 (JFB) (AKT), 2017 U.S. Dist. LEXIS 155429, at *8-9 (E.D.N.Y. Sep. 22, 2017); *see also Carver v. Bank of N.Y. Mellon*, No. 15-CV-10180 (JPO) (JLC), 2018 U.S. Dist. LEXIS 164400, at *4 (S.D.N.Y. Sep. 25, 2018) (quoting *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 968 (3d Cir. 1988)("Rule 36 'should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation.'"). In addition, ambiguous and vague requests which cannot be fairly answered should not be enforced. *See Booth Oil Site Admin. Group v. Safety-Kleen Corp.*, 194 F.R.D. 76, 30 Envtl. L. Rep. 20675, 2000 U.S. Dist. LEXIS 8207 (W.D.N.Y. 2000). Furthermore, a responding party is also allowed to object to improper RFAs as long as it provides reasons for its objections. *See Optima Media Grp. Ltd. v. Bloomberg L.P.,* No. 17-CV-1898 (AJN) (JLC), 2019 U.S. Dist. LEXIS 130160, at *7 (S.D.N.Y. Aug. 2, 2019) (internal citations omitted); see also *Nycomed US Inc. v. Glenmark Generics Ltd.*, No. 08-CV-5023 (CBA), 2009 U.S. Dist. LEXIS 152226, at *3 (E.D.N.Y. Aug. 7, 2009) (internal citations omitted). Objections to requests for admission may "be based on vagueness, that is, the respondent cannot answer because the meaning of the request is uncertain." *See Republic of Turkey v. Christie's, Inc.*, No. 17-CV-3086 (AJN) (SDA), 326 F.R.D. 394, 2018 U.S. Dist. LEXIS 141292, 2018 WL 3970905, at *4 (S.D.N.Y. Aug. 20, 2018) (internal citations omitted).

Plaintiffs argue in their application that the Court should deem the RFAs admitted because defendants' objections were "frivolous and bad-faith." *See* Dkt. No. 721, at 4. We, of course, disagree. Defendants' objections were justified because plaintiffs failed to phrase their RFAs in a manner consistent with Rule 36 and cited caselaw. Indeed, defendants' responses met, or were equal to, the substance of plaintiffs' requests. Although it is not practical for defendants to go through each objectionable RFA here, as it is explained using the categories below, many of plaintiffs' RFAs are compound, seek admissions of highly disputed facts, cannot be answered without an explanation and/or are based on facts taken out of context, or seek legal conclusions. Moreover, a number of plaintiffs' RFAs fall into multiple categories of impropriety under Rule 36.[2]

Many of plaintiffs' requests are compound (i.e., not simple, direct, and "limited to singular relevant facts" but instead cover multiple facts, dates and/or times).[3] One example is RFA No. 23 which asks defendants to admit the following: "[t]he City of New York, in reviewing and revising its protest policing policies, trainings, and practices, does not review or otherwise take into account (i) decline to prosecute decisions, (ii) conviction conversion rates, or (iii) allegations and settlements in lawsuits relating to protests." It is abundantly clear that RFA No. 23 combines at least three requests for admission "disguised" as one request. That is not simple and direct.[4] RFA

---

[2] *See, e.g.,* RFA Nos. 11, 21, 22, 29, 53, 70, 76.
[3] *See, e.g.,* RFA Nos. 15, 21, 22, 23, 24, 29, 36, 37, 38, 40, 53, 57, 59, 60, 61, 62, 70, 78, 80, 140, 145, 147, 148, 149, 150, 153, 154, 156, 157, 158, 166, 172, 184, 191, 197, 200, 214, 219, 232, 238, 240, 241, 253, 259.
[4] This request also cannot be answered after a "reasonable inquiry" as it would require a tremendous investigation into the thoughts and decisions about what to include in NYPD's policies, which is also protected from disclosure by the deliberative process privilege.

No. 240 provides yet another example. RFA No. 240 seeks the following admission: "[a]dmit that the NYPD Patrol Guide 221-01 requires an officer to advise the offender that physical force or other devices, such as pepper spray, will be used to handcuff/restrain the offender before applying such force and that pepper spray or OC spray will not be used against offenders who are passively resisting."[5] Plaintiffs argue that defendants' "compound" objections to some of plaintiffs' RFA are frivolous. *See* Dkt. No. 721, at 8; *see also* Plaintiffs' Motion to Deem RFAs Admitted and Compel Discovery Responses, Exhibit B. However, Rule 36 and the existing case law is quite clear that the burden is on plaintiffs to construct RFAs that are simple, direct, and limited to a single fact. *See generally SEC v. Micro-Moisture Controls*, 21 F.R.D. 164, 166 (S.D.N.Y. 1957) (internal citations omitted); *see also Sibley v. Choice Hotels Int'l,* No. CV 14-634 (JS)(AYS), 2015 U.S. Dist. LEXIS 170734, at *19 (E.D.N.Y. Dec. 22, 2015) (denying plaintiffs' motion to compel and holding that "[m]ore often than not, the requests contain compound questions and ask for admission of information that Defendants could not possibly know"). Here, just like in *Sibley*, plaintiffs' RFAs contain compound questions and plaintiffs' arguments concerning the use of that valid objection should also be overruled.[6]

Additionally, plaintiffs argue that defendants' objections that certain RFAs seek admissions of highly disputed facts at the heart of this ligation, were improper. *See* Dkt. No. 721, at 5. In support of their argument plaintiffs rely on the Honorable Andrew E. Krause's decision in *Jacobson Warehouse Co. v. Prestige Brands, Inc.*, No. 20-cv-4416 (CS) (AEK), 2022 U.S. Dist. LEXIS 92436, at *26-27 (S.D.N.Y. May 23, 2022). *Id*. Although it is true that a party cannot simply object on the basis that a given RFA "presents a genuine issue for trial," plaintiffs' argument misses the point. Defendants objected to some of plaintiffs' RFAs not only because they seek admissions of highly disputed fundamental facts but also because plaintiffs' RFAs were not properly constructed.[7] Routinely, plaintiffs RFAs require that defendants provide explanations, i.e., narratives, making it impossible for defendants to either admit or deny them. For example, RFA No. 166 asks the following: "Admit that prior to 8:00 PM on June 4, 2020, James Lauren was in the group of protesters surrounded by the NYPD in the vicinity of 136th Street and Brook Avenue in the Bronx and therefore was not able to disperse." Request No. 166 not only combines two highly disputed facts but its construction makes it impossible to answer without clarification. This is exactly what is not allowed under Rule 36. *See generally SEC v. Micro-Moisture Controls*, 21 F.R.D. 164, 166 (S.D.N.Y. 1957) (internal citations omitted), and the reason for defendants' objections.

Furthermore, a party's ability to seek admissions of disputed facts is not without a limit. Requests for admission should not be used "in the hope that a party's adversary will simply concede essential elements [of the case]." *River Light V, L.P. v. Lin & J Int'l, Inc.*, 299 F.R.D. 61, 65 (S.D.N.Y. 2014) ("plaintiffs requested so many admissions of ultimate liability in this case, despite knowing defendants had denied these requested admissions in their answers, underscores that plaintiffs' RFAs were largely made in the hope that defendants would simply concede essential elements' or would miss the 30-day deadline to respond.") (internal citations and marks omitted)). Here, plaintiffs RFAs appear to be aimed at achieving precisely what the court in *River Light V, L.P.* warned about.

---

[5] *See, e.g.*, RFA Nos. 24, 57, 236, 241, 253.
[6] *See, e.g.,* RFA Nos. 23, 38, 221.
[7] *See, e.g.*, RFA Nos. 174, 185, 193.

Yet another objection to plaintiffs' RFAs is the repeated requests to admit legal conclusions.[8] These are clearly in violation of Rule 36 as "requests which call for 'bald legal conclusions' have been ruled improper." *See Versatile Housewares v. Sas Grp.*, 2010 U.S. Dist. LEXIS 156619, at *3-4 (S.D.N.Y. July 15, 2010). Plaintiffs argue that defendants' objections to certain RFAs that seek legal conclusions were improper because Rule 36 allows such requests. *See* Dkt. No. 721, at 11. Plaintiffs are correct that Rule 36 allows RFAs that seek admissions related to "the application of law to fact." *See* Fed. R. Civ. P. 36(a)(1)(A). However, Rule 36 also prohibits RFAs seeking admissions of "pure matters of law." *Diederich v. Dep't of Army*, 132 F.R.D. 614, 617 (S.D.N.Y. 1990) (internal citations omitted); *see also Coach, Inc. v. Horizon Trading USA Inc., 908 F. Supp. 2d 426, 432 (S.D.N.Y. 2012)* ("[t]o force the defendant to admit legal conclusions would only frustrate the purposes for which Rule 36 was drafted." (internal citation and marks omitted)); *Robinson v. De Niro*, No. 19-CV-9156 (LJL) (KHP), 2022 U.S. Dist. LEXIS 5289, at *8 (S.D.N.Y. Jan. 11, 2022) (citing Ross v. Shah, 2015 U.S. Dist. LEXIS 102315, 2015 WL 4648002, at *11 (N.D.N.Y. Aug. 5, 2015) (holding that certain RFAs were unenforceable because they "improperly sought the admission of the case's fundamental legal issues.") (internal citations omitted)).

For example RFA No. 251 asks defendants to admit that "Officer Bryan Rozanski independently did not have probable cause to arrest Matthew King-Yarde on May 31, 2020."). Evidently, RFA No. 251 does not ask defendants to apply law to fact, but simply seeks an admission of a "bald legal conclusion." Indeed, the drafters of the 1970 Amendment to Rule 36 recognized the inherent danger of RFAs that request a responding party to admit legal conclusions. Specifically, a committee note to the 1970 Amendment to the Rule states that "[r]equests for admission involving the application of law to fact may create disputes between the parties which are best resolved in the presence of the judge after much or all of the other discovery has been completed." *See* Fed. R. Civ. P. 36 (1970 am. advisory committee notes). Other RFAs on their face do not appear to seek admissions of legal conclusion, but in essence would achieve the same exact result.[9] Request No. 171, for example, seeks the following:" Admit that on June 2, 2020, Officer Joseph Sung did not personally observe Jarrett Payne violate any Penal Law offenses." Although phrased differently than Request No. 251, Request No. 171 is tailored at achieving the same exact results, i.e., an admission related to probable cause – a conclusion of law.

Plaintiffs also challenge defendants' objections on the grounds that the RFAs use vague and ambiguous phraseology. *See* Dkt. No.721, at 9. For example, plaintiffs argue that defendants' objections to RFAs Nos. 38, 43, 70, 134, and 164, were improper and made in "bad faith" because defendants stated in their objections that the phrase "in the vicinity of …" as was used by plaintiffs is vague. *Id.* However, such a phrase could encompass imprecise geographical areas. Plaintiffs failed to meet their obligation to construct these RFAs directly, simply and unambiguously. *See generally SEC v. Micro-Moisture Controls*, 21 F.R.D. 164, 166 (S.D.N.Y. 1957) (internal citations omitted).

Finally, plaintiffs challenge defendants' objections by arguing that Rule 36 does not require that an RFA be supported by a reference to the record and because "subsequently" plaintiffs provided

---

[8] *See, e.g.*, RFA Nos. 199, 251.
[9] *See, e.g.,* RFA Nos. 84, 85, 86, 102, 103, 179, 180, 205, 218, 231, 248, 269, 270.

6

citations to the record to defendants. *See* Dkt. No. 721, at 8. Although plaintiffs are correct that Rule 36 does not contain such a requirement, Rule 36 clearly requires the requesting party to provide enough information to allow the request to be admitted or denied. If defendants must review a document or a video to respond, not providing the document, or a reference to it in the record, is a failing in the construction of that request.

Plaintiffs' RFAs were improperly phrased and failed to conform to the requirements of Rule 36 and existing caselaw. Therefore, plaintiffs' arguments that defendants' objections were improper are clearly misplaced and their requests should be denied.

> ### C.  *Plaintiffs' RFAs Improperly Require Defendants To Make Admissions Related to Unreasonable Inquiries and/or Related to Third Parties.*

It is well settled that a party answering a properly phrased request for admission must make a "'reasonable inquiry' of 'information known or readily obtainable by him' that allows him to fairly admit or deny the request." *See T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997)(citing Fed. R. Civ. P. 36(a) and Advisory Committee Notes to 1970 amendment). "What constitutes 'reasonable inquiry' and what material is 'readily obtainable' is a relative matter that depends upon the facts of each case and is 'committed to the sound discretion of the motion court.'" *See T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.*, at 40; *see also Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 374 (S.D.N.Y. 1989) (internal citations omitted). A "reasonable inquiry" is generally "limited to review and inquiry of those persons and documents that are within the responding party's control." *See T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.*, at 40. Furthermore, courts in this Circuit have found that "reasonable inquiry" does not generally extend to non-parties. *See Bernstein v. Principal Life Ins. Co.*, No. 09 CIV. 4925, 2010 U.S. Dist. LEXIS 127733, 2010 WL 4922093, at *4 (S.D.N.Y. Dec. 2, 2010); *see generally Diederich v. Dep't of Army*, 132 F.R.D. 614, 620 (S.D.N.Y. 1990)("[t]he requirement of 'reasonable inquiry' does not generally extend to third parties, absent sworn deposition testimony of such third party."); *Dubin v. E.F. Hutton Grp. Inc.*, 125 F.R.D. 372, 374 (S.D.N.Y. 1989) (denying motion to compel and recognizing that "plaintiffs have not brought to this Court's attention any authority demonstrating that a party's obligation to make 'reasonable inquiry' entails seeking information from a third party absent sworn deposition testimony.").

While it is beyond dispute that the "reasonable inquiry" standard may require that the defendant agency make contact with "any of officers, administrators, agents, employees . . . or other personnel, who conceivably, but *in realistic terms*, may have information which may lead to or furnish the necessary and appropriate response," *T. Rowe Price Small-Cap Fund, Inc.*, 174 F.R.D. at 43 (emphasis added), the scope of the inquiry is not so broad as to always encompass those former employees and non-parties to the action. *See Morreale v. Willcox & Gobbs DN, Inc.*, No. 89 Civ. 5531, 1991 U.S. Dist. LEXIS 7741, 1991 WL 107441, at *1 (S.D.N.Y.1991) (no obligation to interview former employees of non-party); *F.D.I.C. v. Halpern*, 271 F.R.D. 191, 194 (D. Nev. 2010) (to the extent that "information, within the exclusive knowledge of nonparties, is required in order to comply with a request, defendant need not interview that person if they are no longer employed by or otherwise connected" with the employer) (quoting *Diederich*, 132 F.R.D. at 620); *Al-Jundi v. Rockefeller*, 91 F.R.D. 590, 593 (W.D.N.Y. 1981) (court recognized limited obligation of defendant to inquire of his co-defendants, not non-parties); *Morreale v. Willcox &*

*Gibbs DN, Inc.,* 1991 U.S. Dist. LEXIS 7741, No. 89 Civ. 5531 (MJL)(NRB), 1991 WL 107441, at *1 (S.D.N.Y. 1991) (no obligation to interview former employees of non-party).

Here, some RFAs seek admissions related to third parties, including former employees and other state and city agencies.[10] For example, RFA No. 219 asks defendants to admit that a summons that was issued to Ms. Camilla Gini was dismissed without any finding of guilt and without Ms. Gini appearing in Court. Aside from the fact that this RFA is compound, defendants clearly cannot make such an admission in good faith because the decision of whether to dismiss the summons, and on what basis, was made by District Attorney's Office, a third party.

Other RFAs ask defendants to admit facts that have not been established through third-party testimony.[11] Rule 36 plainly prohibits such misuse of this tool because these responses become, in effect, sworn evidence that is binding at trial. *See* Rule 36*; see also T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 44 (S.D.N.Y. 1997); *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003). By requesting that defendants admit to these facts related to third-parties, plaintiffs essentially want defendants to "commit" to a fact when such a fact has not been established by the witness. Rule 36 is clear that it is goal is to "confirm information" already known a party. *Spectrum Dynamics Med. Ltd.*, 2021 U.S. Dist. LEXIS 35633, at *6.

Plaintiffs' request to deem such RFAs admitted should be denied because defendants objections were proper under Rule 36.

## II. Defendants Respectfully Request That The Court Grant Defendants A Protective Order.

The Court should grant defendants a protective order because of plaintiffs' misuse and abuse of Rule 36. Plaintiffs served nearly three hundred RFAs which are burdensome, ambiguous, or improper under Rule 36, and not proportional to the needs of these cases and because plaintiffs improperly used Rule 36 as a discovery tool.

### A. Plaintiffs used RFAs as a discovery tool and, therefore, the RFAs are improper under Rule 36.

"It has been recognized that Rule 36 can be misused." *See Robinson v. De Niro*, No. 19-CV-9156 (LJL) (KHP), 2022 U.S. Dist. LEXIS 5289, at *6 (S.D.N.Y. Jan. 11, 2022). Rule 36 was not designed as a discovery tool and should not be used as such. *See Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003); *see also T. Rowe Price Small—Cap Fund, Inc. v. Oppenheimer*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997); *Pasternak v. Dow Kim*, No. 10 CIV. 5045, 2011 U.S. Dist. LEXIS 113998, 2011 WL 4552389, at *5 (S.D.N.Y. Sept. 28, 2011) ("RFAs are not a discovery device at all, since [they] presuppose[ ] that the party proceeding under [Rule 36] knows the facts or has the document and merely wishes its opponent to concede their genuineness.")(internal quotations and citations omitted)(alterations in original)).

---

[10] *See, e.g.*, RFA Nos. 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 36, 191, 219, 232.
[11] Defendants are not advocating here that the way to obtain information from non-parties is to add more depositions to an already abusive and aggressive list of deponents.

Here, plaintiffs clearly use RFAs as a discovery device instead of using them to eliminate uncontested issues for trial. *See Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966). For example, RFA No. 137 requests the following:" [a]dmit that the following officials met together on June 4, 2020 to plan the response to the Mott Haven Protest: Kenneth Lehr, Robert Gallitelli, Gerard Dowling, James McGeown, David Miller, Joseph Taylor, and Julio Delgado." *See* RFA No. 137. This is one of a quite a few examples where plaintiffs attempt to use RFAs to circumvent the rules of discovery.[12] Plaintiffs are free to ask any of the above-referenced members of service to make such an admission at a deposition. In fact some of these members of services were already deposed and others are scheduled to be deposed. Plaintiffs are not intending to withdraw their depositions based on the answers given to these requests, even if they were, *arguendo*, admissions. So plaintiffs should not be allowed to use RFAs as "an extension of deposition practice." *See Pasternak*, 2011 WL 4552389, at *15 (internal citations omitted); *see also Spectrum Dynamics Med. Ltd. v. GE*, No. 18-CV-11386 (VSB) (KHP), 2021 U.S. Dist. LEXIS 35633, at *4 (S.D.N.Y. Feb. 25, 2021) ("Spectrum's RFAs run afoul of the purpose of Rule 36 as they are not designed to confirm information and eliminate issues for trial."). Here, just like in *Spectrum Dynamics Med. Ltd.*, most of plaintiffs' RFAs are not designed to remove issues for trial. Rather they are tailored to "continue discovery" and seek concessions to facts. Therefore, a protective order relieving defendants from responding to these types of RFAs and those discussed above, is warranted.

### B. The Court should Grant Defendants' Renewed Motion for a Protective Order.

Plaintiffs' argument that defendants should be ordered to answer the remaining 228 RFAs with accompanying interrogatory and discovery demand is a clear attempt to overburden and harass defendants. In fact, there are instances where just the "sheer number of requests served on [a party] warrant a protective order on the basis of oppression and undue burden." *See Galgano v. Cty. of Putnam,* No. 16-cv-3572 (KMK) (PED), 2021 U.S. Dist. LEXIS 146465, 2021 WL 3159844, at *1 (S.D.N.Y. June 30, 2021) (quotation marks omitted). Furthermore, where requests are "prolix, argumentative, confusing and embrace compound subjects, actors, events and assertions," the recipient may be excused from responding with a simple "admit or deny." *See Hill v. Payne*, No. 18-cv-6022 (EAW), 2022 U.S. Dist. LEXIS 41213, 2022 WL 875924, at *8 (W.D.N.Y. Mar. 8, 2022) (quotations and alterations omitted) (denying motion to compel further discovery responses); *see also Scott v. Keller*, No. 2:07-cv-00184-KJD-PAL, 2010 U.S. Dist. LEXIS 39311, 2010 WL 1267772, at *3-4 (E.D. Cal. Mar. 31, 2010) (granting protective order where "[m]any of the requests are compound rather than separately stated, seek a legal conclusion, assume disputed facts, request[ ] speculation, or are unintelligible."); *Jacobson Warehouse Co. v. Prestige Brands, Inc.*, No. 20-cv-4416 (CS) (AEK), 2022 U.S. Dist. LEXIS 92436, at *26-27 (S.D.N.Y. May 23, 2022).

Here, as discussed above, many RFAs improperly ask defendants to admit facts that would require the review of large numbers of documents, seek admissions of highly disputed facts, cannot be answered without an explanation and/or are based on facts taken out of context, or seek legal

---

[12] *See* RFA Nos.: 56-57, 59, 75, 80, 84, 85, 89-90, 99, 102, 107-108, 123, 162, 170-172, 178-180, 185-187, 193, 196-198, 205, 218, 230-231, 242-244, 248-251, 259, 263, 265, 269-271, 278-282.

conclusions. Other RFAs are simply compound (based on the subjects, individuals, dates and events, and assertions), vague, and are confusing.[13] Other RFAs require defendants to go through hours of video footage to admit a fact that was clearly taken out of a context.[14] These are clear indications that plaintiffs' RFAs were drafted with the purpose of overburdening defendants or to deem them admitted other than on the merits. Defendants should not be required to take on unduly burdensome tasks, particularly when they were made for an improper purpose.

Additionally, as discussed above, the majority of these RFAs are not even designed to confirm the information already known to plaintiffs and to eliminate issues for trial. Rather they are designed to admit disputed facts which clearly should be resolved on the merits. In fact, in its Order dated June 10, 2022, the Court recognized that the importance of resolving RFAs on the merits. (Dkt. No. 598). Although, at the outset, it might appear to the Court that plaintiffs' RFAs are not unduly burdensome, such a conclusion should change once the Court considers the RFAs collectively, as well as the associated interrogatory and document request. It then becomes apparent that the combined effect of all RFAs makes them onerous, argumentative, and disproportionate to the needs of these cases. Again, in its June 10th Order the Court stated that plaintiffs' RFAs "are extraordinarily detailed and will require significant investigation by the City." (Dkt. No. 598). Thus, the Court itself recognized a level of burden these RFAs would place on the City. It is indeed true that a large number of RFAs is not by itself enough of a basis for a protective order, but courts recognized that the cumulative effect of all RFAs may provide such grounds. *See Spectrum Dynamics Med. Ltd. v. GE*, No. 18-CV-11386 (VSB) (KHP), 2021 U.S. Dist. LEXIS 35633, at *4 (S.D.N.Y. Feb. 25, 2021) ("although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome, nevertheless.") (internal citations and marks omitted). In fact, the Advisory Committee on the 1970 Amendment also recognized that Rule 36 could be intentionally misused to overburden the responding party. In fact, just the task of sorting out what can be answered and what is objectionable is unduly burdensome. Specifically, the committee note states in the pertinent part that:

> [o]n the other hand, requests to admit may be so voluminous and so framed that the answering party finds the task of identifying what is in dispute and what is not unduly burdensome. If so, the responding party may obtain a protective order under Rule 26(c). Some of the decisions sustaining objections on 'disputability' grounds could have been justified by the burdensome character of the requests."

*See* Fed. R. Civ. P. 36 (1970 am. advisory committee notes).

Moreover, the burdensome and harassing nature of plaintiffs' requests can be further demonstrated by yet another creative argument plaintiffs employ in their motion. For example, plaintiffs argue that defendants improperly objected to RFA Nos. 141 – 147, and 149 as contention interrogatories. Although plaintiffs admit in their motion that defendants "partially answered" RFA No. 149, plaintiffs omitted the fact that defendants also admitted RFA No. 141 (*See* Exhibit B), and partially admitted RFA Nos. 142, 143, 144, 146, and 147. *See* Exhibit B. Plaintiffs simply ignore this fact and ask the Court to deem these admitted wholesale.

---

[13] *See, e.g.,* RFA Nos. 229
[14] *See, e.g.*, RFA Nos. 69, 70, 71.

Therefore, granting defendants a protective order to relieve them of responding to improper RFAs would be proper.

### C.  The Court Should Deny Plaintiffs' Alternate Requests.

The Court should also deny plaintiffs' requests to order defendants to answer the equally onerous and burdensome 241 page chart plaintiffs created and to provide a declaration. These are yet other attempts to carve out ways to overburden defendants. To provide such explanations would be tantamount to answering interrogatories – 271 ones, in addition to the hundreds plaintiffs already served in this case. Additionally, responding to plaintiffs' chart would essentially defeat the purpose of the Court's June 29th where the Court instructed defendants can object to plaintiffs' RFAs or groups of RFAs on any valid grounds without stating arguments. Moreover, defendants have already responded or objected to 271 plaintiffs' RFAs, which in and of itself, was a tremendous undertaking. To order defendants to provide additional explanations would be clearly unnecessary and disproportionate to the needs of the case, and would be manifestly unjust.  Therefore, the Court should deny plaintiffs' request.

Plaintiff's final request is equally onerous, i.e., asking the Court to order defendants to submit a declaration with assertions setting forth exactly what investigatory steps, including description of hours spent on preparing their objections and responses. There is nothing proportional about asking defendants to take on such a cumbersome and unnecessary task. First, Rule 36 does not have such a requirement. Second, it would be impossible for defendants to go back and recreate the number of hours it took to investigate and answer plaintiffs' RFAs. Finally, even if such an "internal review" was limited to the remaining RFAs where "reasonable inquiry" was made, this would still be hundreds of hours of work and would be unduly burdensome.

### III.     **Plaintiffs' Request for Mandatory Fees Under Rule 37 should be denied.**

Plaintiffs' request for fees under Rule 37 should be denied because defendants' responses were reasonable and proper. Rule 37 establishes a mechanism under which reasonable fees can be recovered if a motion to compel is granted. *See* Fed. R. Civ. P. 37. However, Rule 37 is also clear that a party cannot recover reasonable fees when "the nondisclosure was 'substantially justified' or 'other circumstances make an award of expenses unjust.'" *See Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011)(citing Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii)). In turn, reasonableness of party's conduct is determined by whether there was "'genuine dispute' or if 'reasonable people could differ' as to the appropriateness of the contested action." *Id. (*citing *Comprehensive Habilitation Servs. v. Commerce Funding Corp.*, 240 F.R.D. 78, 87 (S.D.N.Y. 2006) (denying sanctions motion where opposing party raised valid relevancy objections to document requests)). Here, as established above, defendants' responses and objections to plaintiffs' RFAs were indeed reasonable. Defendants met and conferred with plaintiffs more than once in good faith attempts to resolve some of these issues and instead plaintiffs declared impasses and refused to withdraw even one of the remaining RFAs, despite legal authority supporting defendants' positions. Defendants' objections and responses are consistent with the Court's June 29th order and are proper under Rule 36 and relevant caselaw in light of many improprieties in plaintiffs' RFAs. Therefore, plaintiffs' request for mandatory fees should be denied.

**Conclusion**

Defendants respectfully request that the Court:1) deny plaintiffs' requests to deem certain RFAs admitted, compel defendants to respond to all remaining RFAs, in the alternative respond to plaintiffs' chart and provide a declaration; 2) grant defendants' renewed motion for a protective order relieving them of any obligation to respond to improper RFAs as well as their potential corresponding interrogatory and document request on any of the RFAs; and 3) deny plaintiffs' request for fees under Rule 37.

In the alternative, should the Court rule that defendants must provide supplemental answers to plaintiffs' RFAs, defendants respectfully request thirty (30) days to respond from the date of the Court's ruling.

Thank you for your time and consideration.

Respectfully submitted,

/s/ Sergey Marts
Sergey Marts
Daniel Braun
Special Federal Litigation Division

cc: ALL COUNSEL (*via* ECF)