

December 27, 2022

Hon. Colleen McMahon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2550
New York, New York 10007

By Electronic Filing.

>   Re:   In re: New York City Policing During Summer 2020 Demonstrations,
>         1:20-CV-8924 (CM) (GWG) — This Letter Relates to *Sow*

Dear Judge McMahon:

As the Court may recall, I represent the *Sow* Plaintiffs in this case.

I write to request that the Court stay the time for *Sow* Plaintiffs to appeal (under Rule 72(a)) the Court's Order at Dkt. No. 780, pending (1) Plaintiffs' partial reconsideration motion and (2) the meet and confer ordered by the Court. Additionally, one of the issues we may appeal may conceivably implicate Defendants' broader discovery obligations, so we believe it would be more effective to have sufficient time for the other consolidated Plaintiffs to consider their positions. Defendants have asked Plaintiffs to include this position:

> Plaintiffs do not seem to have provided any purported basis in fact or law for their prospective appeal, and plaintiffs' plan to possibly file an appeal seems quite speculative at this juncture. Consequently, without providing additional information to defendants and more time for assessment, it is not possible for defendants to know whether plaintiffs have any colorable basis for an appeal. Additionally, since this was framed as a *Sow* motion, the appeal should not be delayed for other plaintiffs to include their objections, if any. As such, defendants take no position on plaintiffs' extension request.

By way of brief explanation, *Sow* Plaintiffs seek the extension to allow time to consider whether to appeal, pending other issues. *Sow* Plaintiffs are also going to seek a narrow, partial reconsideration of the Court's Order at Dkt. No. 780 on one issue. Plaintiffs are also evaluating appealing other aspects of the Court's Order (which connect to the Court's direction to meet and confer). So, we believe it would be more efficient to appeal everything — if indeed Plaintiffs are appealing — in one go. Plaintiffs will make that reconsideration motion today or tomorrow (tomorrow being the deadline under Loc. Civ. R. 6.3).

Additionally, the Court's order required a meet and confer, and depending on the outcome of that meeting, it may be that there is no substantive issue underlying the legal issue Plaintiffs



intend to appeal — and therefore, an appeal may become moot.[1]

As to Defendants' position, tying the merits of an appeal to a routine request for an extension of time is odd and unusual. It is not clear why Defendants are taking that approach, and indeed, though Plaintiffs asked for Defendants position on December 22, it was only at 5:46 p.m. today that Defendants seem to have decided understanding the merits of the appeal mattered. Indeed, Defendants did not at any point *ask* what the basis of the appeal was — despite promising to get a position "as soon as possible" on the 22nd, and then falling silent until Plaintiffs followed up several times today.[2]

Therefore, *Sow* Plaintiffs ask that the Court stay the ordinary time to appeal until 10 days following any order on their forthcoming reconsideration motion. We believe any appeal will be more efficient, and a better use of the Court's time and resources, if it is made following the meet and confer and reconsideration motion —and following further consideration by the other Plaintiffs.

As ever, I thank the Court for its time and consideration.

                Respectfully submitted,

                ___   /s/   _____
                J. Remy Green
                 *Honorific/Pronouns: Mx., they/their/them*
                **COHEN&GREEN P.L.L.C.**
                *Attorneys for Sow Plaintiffs*
                1639 Centre St., Suite 216
                Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

[1] The issue relates to the Court allowing Defendants to interpose brand new burden objections. *See* Dkt. No. 780 at 2. The meet and confer the Court ordered may reveal that there are no actual burdens, or indeed, the City does not have within its control any documents it is actually withholding. In that case, the appeal would be moot.

[2] Additionally, while Plaintiffs would have explained at least some of the issues at the meet and confer anticipated by Dkt. No. 780, Defendants have failed to provide any dates to meet and confer as directed by the Court, despite Plaintiffs asking repeatedly, starting as soon as the order was issued on December 13, 2022.

Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com