

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE  
CIVIL RIGHTS BUREAU

December 28, 2022

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

>   Re:   **In re: New York City Policing During Summer 2020 Demonstrations,
>   1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases**

Dear Judge Gorenstein:

I write on behalf of the non-stayed Plaintiffs in the consolidated cases above. This letter relates to Defendants' premature applications at Dkt. No. 796, and (1) provides an update about how Defendants' position has crystalized and requests that the Court summarily deny those portions of the motion for failure to comply with the Court's rules and (2) in the event the Court does not, to notify that the Court that Defendants have agreed to an extension until December 30 to file our opposition.

>   **I.   Defendants' Motion as to the Number of Depositions is Premature and Should Be Denied Summarily Without Prejudice.**

The Court in this case has consistently denied both parties' motions when they fail to fully exhaust the meet and confer process. Defendants' application here, as crystalized in a meet and confer today, seeks an undefined relief— for "a protective order limiting the number of depositions still to be taken to a reasonable number," Dkt. No. 796 at 2, somewhere between 100 and 150 depositions—that has yet to reach an impasse. Defendants have not defined what they believe is reasonable and have not exhausted the conferral process with Plaintiffs to determine if they disagree with Plaintiffs as to what is a reasonable number of depositions in these expansive consolidated cases. In the meet and confer on December 21st, Defendants never said what number they thought was reasonable — and specifically represented that they were *not* seeking an arbitrary cap on depositions. In a meet and confer today,[1] Defendants confirmed that there is

---

[1] The meet and confer lasted approximately 1.3 hours; present for Plaintiffs were myself, Marc Arena

Hon. Gabriel W. Gorenstein
Page 2

no specific number they are seeking. Indeed, Defendants' counsel said, verbatim, "If I had a number in mind, I would have included it in the motion." Instead, on Friday, December 23, at 2:30 p.m., Defendants presented Plaintiffs with objections to a specific subset of deponents and today asserted an objection to the deposition of line-level officers present at Mott Haven. Plaintiffs have asked for two weeks to consider those objections and potentially withdraw the notices for those individuals.

In short, Defendants and Plaintiffs agree that there should only be a reasonable number of depositions but have *not* reached an impasse as to what number of depositions is "reasonable." For nearly two years, the Court has invited Defendants to make a motion about the number of depositions if they would like to but they have not done so till the eve of the scheduling deadline. And even now Defendants have rushed to make this motion without first exhausting the issue with Plaintiffs. The motion is premature, and the parties should — in keeping with the Court's rules — actually discuss the substance of the request and what relief Defendants are actually seeking before the Court weighs in.[2]

## II. The Related Request Not to Bulk Schedule Depositions is Also Premature.

Beyond seeking to have the Court enter an order stating the Federal Rules' ordinary "reasonable" cap on depositions applies, Defendants ask to be relieved from the Court's order requiring them to schedule all depositions by December 30 and to instead allow them to schedule smaller batches of depositions every two weeks starting January 13, 2023. To the extent this request is based on Defendants' argument that scheduling the depositions now is "impractical, in light of the defendants' motion for protective order which, if granted, will impact many of these deponents," Dkt. No. 796 at 5, it is premature for the reasons described above.

To the extent Defendants argue that they should be relieved of this duty, a duty the Court has indicated the City cannot escape, 2022-07-11 Tr. at 67-78, Plaintiffs will respond to the substance of that argument in our opposition to be filed on December 30, 2022.

---

Mickey Osterreicher, Wylie Stecklow, Alicia Calzada, Remy Green, Travis England, and Tahanie Aboushi; present for the City were Tobias Zimmerman, Amy Robinson, and Peter Scutero. And to correct Defendants' appearance list from the December 21 meet and confer, Tahanie Aboushi was also present at that conferral.

[2] It is also notable that Defendants have not addressed the effect a limit would have on roughly dozen "coordinated" cases (at least two of which have since settled) that judges here and in the EDNY have set to import the *Monell* discovery here, based in part on the Court's note that this was intended to be "a sentinel case" designated to prevent "a lot of 'do over' discovery" (Dkt. No. 538) (*see, e.g., Rodriguez, et al., v. The City of New York, et al.*, 21 CV 10815 (PKC) (Dkt. Nos. 14 and 17)). Nor have Defendants included these coordinated cases in calculating the presumptive limit, but they ought to be included, since no *Monell* discovery will take place on those dockets, and it has (with the presumptive allocation of depositions that comes with it) been offloaded here in this sentinel case.

Hon. Gabriel W. Gorenstein
Page 3

### III. The Parties Have Agreed to an Extension to Oppose.

In the event the Court does not deny any portion of the motion without prejudice in short order, Plaintiffs are also noting that — as permitted by the Court's rule 2.B — the parties have agreed that Plaintiffs' substantive opposition is due on December 30.

In sum, we ask the Court to summarily deny Defendants' motion as premature, except as to Defendants' (foreclosed) argument relating to the burden of scheduling which Plaintiffs will respond to on December 30. Should the Court not deny the unexhausted arguments by Friday, Plaintiffs will submit a full briefing then.[3]

Once again, we thank the Court for its continued time and attention.

                                                        Respectfully Submitted,

                                                        _/s/_
                                          Lillian Marquez, Assistant Attorney General
                                        Civil Rights Bureau
                                        Office of the New York State Attorney General
                                        Tel: 212-416-6401
                                        Lillian.Marquez@ag.ny.gov

CC: All counsel of record

---

[3] Should Plaintiffs ultimately need to submit full briefing, they reserve the right to seek appropriate sanctions.