```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In Re: New York City Policing During Summer     :          ORDER
2020 Demonstrations                                        20 Civ. 8924 (CM) (GWG)
                                                :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

It is unclear what specific relief defendants in Part I of Docket # 796 are seeking to have the Court impose given that defendants propose no numerical limitation on the number of depositions. Having read plaintiffs' response (Docket # 799), it is obvious the parties should make further efforts to confer as to what number of depositions is a reasonable number to be taken. This discussion must be done in conjunction with a discussion of whose depositions should be taken. The dispute will be most productively presented to the Court if it is presented in a form so that the Court understands whose depositions would <u>not</u> be taken under the numerical limitation proposed by defendants and the subject areas of those depositions. The application may be made again as soon as the discussion between the parties is concluded pursuant to paragraph 2.A of the Court's Individual Practices.

As to Part II of Docket # 796 (relating to scheduling), it appears the parties expect the Court to rule on December 30 as to the defendants' request, given that the defendants' application relates to a task that must be completed by December 30 and the plaintiffs will not be responding until December 30. This is not realistic. We do not blame the plaintiffs for choosing to respond on December 30 given that this is a situation created by the defendants' inexplicable decision to make their application so close to the December 30 deadline. But we must deal with the situation as it has arisen, which the Court recognizes has been complicated by the fact that the July 21 Order (Docket # 679) did not assume that the final block of scheduling would have to take place in the middle of a holiday period.

What matters to the Court, however, is not whether all remaining depositions are scheduled on December 30 but that there be a system in place such that all deposition dates will be completely scheduled as far in advance as possible so that there is no possibility that any party will seek to take depositions after the cutoff date for depositions. To preserve the status quo, the parties shall by December 30 (or whatever date the parties agree to) schedule depositions sufficient to fill at least several weeks of deposition dates beginning on January 20. This will allow the Court time to consider the application in Part II on a reasonable schedule.

Finally, the Court believes that the parties should be capable of agreeing on a plan for scheduling depositions that accounts for any legitimate impediments faced by the City. Accordingly, the parties are directed to undertake further discussions to figure out a practical way of ensuring that all deposition dates are completely scheduled as far in advance as is practical --- and in a manner that allows for cancellations and substitutions as needed --- without affecting the deposition cutoff date. If this means delaying the plaintiffs' proposed response date to the defendants' letter from December 30 to a later date, that is certainly fine with the Court as long as the post-January 20 dates continue to be filled in with depositions without interruption.

SO ORDERED.

Dated: New York, New York
       December 28, 2022

                                              GABRIEL W. GORENSTEIN
                                              United States Magistrate Judge