

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | AMY ROBINSON<br>*Senior Counsel*<br>arobinso@law.nyc.gov<br>Phone:  (212) 356-3518<br>Fax:  (212) 356-1148 |
|---|---|---|

**By ECF**  

December 30, 2022

Honorable Gabriel W. Gorenstein  
United States Magistrate Judge  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007  

  In Re: *New York City Policing During Summer 2020 Demonstrations*,  
     No. 20 Civ. 8924 (CM) (GWG)  
     This filing is related to all cases

Your Honor:

  I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. I write to respectfully renew defendants' request for an extension of time to schedule depositions from December 30, 2022, to January 13, 2023, to provide deposition dates through February 3, 2023; and to January 20, 2023, to provide deposition dates through February 10, 2023. Pursuant to the Court's Order on July 21, 2022, (Dkt. No. 679) defendants will continue to provide dates for depositions thereafter every two weeks.

  A prior request for an extension of the December 30, 2022, deadline to schedule depositions was made on December 23, 2022. (Dkt. No.796).  Subsequently, the Court issued an order on December 28, 2022 stating, "[t]o preserve the status quo, the parties shall by December 30 (or whatever date the parties agree to) schedule depositions sufficient to fill at least several weeks of depositions dates beginning on January 20." (Dkt. No. 801). The proposal stated above satisfies the Court's order .  We are writing to the Court because the plaintiffs do not agree with that plan.

  As an initial matter, we wanted to clarify that defendants did not expect that the Court could rule on the entirety of their December 23rd by today.  In the short term we sought relieve of the December 30th deadline to schedule all remaining depositions.  In the longer terms we wanted to present the Court with the related request to limit the number of remaining depositions.  We apologize if there was any confusion in this regard.

  Defendants renew their request for the extension of time for several reasons.  Significantly, plaintiffs cannot meet and confer on the remaining deposition issues or as ordered by the Court on

December 28th, until mid-January. In fact, defendants will not be able to re-submit their application until after those meeting(s). This forces defendants to schedule many of the very depositions they are objecting to in their December 23rd application. As noted in the December 23 motion, the number of depositions plaintiffs seek to take will still well exceed the statutory amounts even if they agree to not take the depositions of the objectionable high-level depositions. Many of the remaining line officers would also fall into this objectionable category.

In addition, although plaintiffs represent to the Court that the parties were not at an impasse, they have made no effort to revise their list of deponents which still includes depositions of officers where cases have settled, and where there are other active cases naming those officers as defendants which will cause these officers to be deposed twice for the same incident. This is just one example of the types of deposition we believe should not proceed.

Plaintiffs rejected defendants' proposal. Their position is as follows:

> "Defendants' proposal ignores the Court's instruction to schedule "at least several weeks of depositions dates" (Dkt. No. 801), and instead attempts to stick to the unsustainable trickle of depositions every two weeks that has led to the schedule falling so far behind with only eleven depositions taking place so far this month. Two-weeks' notice has proven to provide insufficient flexibility for Defendants to schedule replacements when plaintiffs they have unilaterally scheduled are unavailable, they have scheduled witnesses who were already deposed or withdrawn, or similar issues arose.
>
> Plaintiffs have reasonably counter-offered an extension to January 6 to schedule depositions through February 10, and a further extension to January 15 for depositions through March 15. Those two blocks of depositions would allow sufficient time for the parties to meet (since the parties are not able to meet in earnest until mid-January), and leave the Court without the assumption that it will finish reviewing and rule on a motion instantaneously. Assuming Defendants have been maintaining at least some contact with deponents, it should be feasible for them to schedule depositions this relatively minimal amount in advance."

Defendants do not agree with plaintiffs' statements for the following reasons. First, defendants are not ignoring the Court's instructions to schedule depositions of several weeks after January 20. Defendants' request will provide three weeks of depositions to be taken between January 20 through February 10. Our proposal was to provide this by January 13, which is six weeks in advance. Moreover, providing deposition dates by January 6, which is a short week when attorneys, witnesses and others who assist in making the scheduling process work are on vacation, is the reason why defendants asked for the additional week to January 13.

Second, with respect to the statement that depositions are falling behind in December, plaintiffs do not mention that they themselves cancelled eight depositions in December. In the December 2nd batch alone, which covers December 27 – January 6, plaintiffs canceled half of the entire batch of those depositions. Plaintiffs' reasons for cancelling some of these referred to the ongoing settlement mediation, which has continued on separate fronts for the remaining cases.

2

Further, aside from three dates in which defendants had to cancel depositions due to illness of the defending attorneys and one because the officer had a family emergency, defendants have cancelled no other depositions and have been regularly scheduling depositions at the pace ordered by the Court since mid-November through January 20.

With respect to plaintiffs' contention that two-week's notice has proven to provide insufficient flexibility for defendants to schedule replacements, defendants cannot provide plaintiffs with a third date for an officer within that two-week timeframe. To be clear, defendants have been providing two deposition dates for each officer: a preferred date and an alternate date as ordered by the Court. Plaintiffs want to change these dates to dates the officer is not available.[1] Besides, we have made every effort to re-schedule those depositions in the next round submitted at two-week intervals. Moreover, it is not just the officer's availability that must be taken into account. There are a limited number of attorneys to defend depositions, and a limited number of days that they are available.

Plaintiffs' counteroffer is not reasonable and is an inefficient use of time and resources. It seeks depositions eight weeks in advance. Defendants are already scheduling depositions *four* weeks in advance. Regardless, in the end, defendants' proposal will still provide the same number of scheduled depositions while the parties continue to confer, and the Court considers the relief defendants seek. In other words, you do not get any more depositions by scheduling them two full months in advance. What plaintiffs propose forces defendants to schedule depositions that defendants are objecting to and which either the Court may preclude or plaintiffs, by their own admission, may withdraw regarding high level depositions following the mid-January meet and confer. Defendants' proposal schedules depositions through February 10, *and* at two-week increments thereafter. There will be no gap in scheduling. Defendants simply request that they do so at a more practical pace. Forcing defendants to schedule depositions in such a very short deadline as plaintiffs propose, especially with so many issues outstanding, achieves nothing other than to overburden the process used to schedule these depositions.

Finally, plaintiffs' statement that "[a]ssuming Defendants have been maintaining at least some contact with deponents, it should be feasible for them to schedule depositions this relatively minimal amount in advance" entirely dismisses defendants' thorough explanation as to why scheduling these depositions are complex and quite difficult. As explained in defendants' December 23rd motion (Dkt. No. 796), having gone through the exercise of scheduling these depositions we can confirm that it is quite an undertaking even where the deadline is to provide only ten witnesses at a time. In order to schedule these depositions, defendants must take into consideration, *inter alia*, the availability of the officers, the defending attorneys and even union counsel's availability in some instances constant searching and coordinating, finding retirees who are located all over, and dealing with their schedules. Determining availability for the high-ranking and 30(b)(6) deponents has become even more difficult by the massively complex retrieval process of their calendars and cell phones which was ordered by the Court and which has taken months to coordinate. Simply put, scheduling so many depositions in an even shorter timeframe will be overly burdensome, if not impossible. It is also impractical and a waste of resources to schedule depositions two months out from a meet and confer in which plaintiffs themselves will

---

[1] Officers' availability is based upon their regularly scheduled days of ("RDOs") and their vacation time.

likely agree to withdraw certain deponents and in light of the fact that the Court may rule to limit these depositions. Defendants do not offer these reasons as a way to delay depositions but to offer the realities of scheduling and why defendants' proposal, which will result in the same number of depositions, should be granted by the Court.

In light of the foregoing, defendants seek an extension to January 13, 2023, to provide a schedule of depositions through February 3, 2023; and to January 20, 2023, to provide a schedule of depositions through February 10, 2023. Defendants will then provide plaintiffs with a list of deponents, with two dates of availability, every two weeks thereafter. This will provide a schedule of depositions for several weeks as instructed by the Court. It will also give the parties time to confer further. Defendants' request will still proceed with the same number of scheduled depositions as plaintiffs' while the Court considers the relief defendants seek.

Thank you for your consideration herein.

                                  Respectfully submitted,

                                  *Amy Robinson s/*
                                  Amy Robinson
                                  *Senior Counsel*

cc:    ALL COUNSEL (*via* ECF)