

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE  
CIVIL RIGHTS BUREAU

January 3, 2023

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

    Re:    <u>In re: New York City Policing During Summer 2020 Demonstrations, 1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases</u>

Dear Judge Gorenstein:

    I write on behalf of the non-stayed Plaintiffs in the consolidated cases above in opposition to Defendants' application for another extension to schedule depositions. ECF No. 803. Since the deposition stay lifted on November 18, 2022, Defendants resumed the Court-ordered process of providing a proposed scheduled for a set of ten deponents—a process that Defendants knew would culminate with the scheduling of all remaining depositions on December 30. *See* ECF No. 679. As the Court is aware, Defendants belatedly sought to be relieved of that obligation. ECF No. 796. The Court deferred its ruling on that request but ordered that "the parties shall by December 30 (or whatever date the parties agree to) schedule depositions sufficient to fill at least several weeks of deposition dates beginning on January 20." ECF No. 801. Defendants have not only violated that order but have also failed to continue the process they asked the Court to prolong – providing schedules on a bi-weekly basis.

    Defendants last provided a list of dates on December 16, for depositions through January 20 (one of which was for an officer who had already been deposed in June), and provided *no* proposals on December 30. They did not seek an extension of that deadline until 4:01 PM *on* the Court-ordered deadline, Friday, December 30, though they had requested and received Plaintiffs' position on Thursday afternoon. Violating the deadline for the bi-weekly schedule they purportedly want, Defendants ask for yet more time to provide dates, to January 13 for dates from January 23 to February 3, and January 20, for dates from February 6 to February 10. However, this proposal provides even less notice to Plaintiffs than the two-weeks lead time

Hon. Gabriel W. Gorenstein
Page 2

Defendants have been providing,[1] and even that lead time has proven unworkable for reasons already explained in previous filings and that will be further addressed in Plaintiffs' January 20 opposition.

      We ask the Court to deny Defendants' motion and reiterate our offer to accept deposition date proposals on January 6 for depositions through February 10 and a further extension to January 15 for depositions through March 15.

Respectfully Submitted,

    /s/
Lillian Marquez, Assistant Attorney General
Civil Rights Bureau
Office of the New York State Attorney General
Tel: 212-416-6401
Lillian.Marquez@ag.ny.gov

CC: All counsel of record

---

[1] It is unclear how Defendants can assert that their proposal provides dates "six weeks in advance," ECF No. 803 at 2, as the latest possible scheduled deposition is about four weeks after the notice date and the shortest period, between January 13 and the first deposition date on the 23rd, is only five business days.