UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In Re: New York City Policing During Summer     :          ORDER
2020 Demonstrations
                                                                              20 Civ. 8924 (CM) (GWG)
                                                             :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

  While the Court is frustrated that the City's application (Docket # 803) has been made so late in the game, the Court accepts that some burdens attendant to scheduling could only have been learned through experience. It is also convinced that providing some accommodation in the short term as to scheduling will benefit the Court and the parties by providing the parties with breathing room to come to an agreement (or closer to an agreement) on the total number of depositions to be taken and the best manner in which to schedule them. To repeat: the Court's ultimate goal is that no days be wasted in the short term so that all depositions are completed by the cutoff date for depositions. See Order, dated December 28, 2022 (Docket # 801).

  In the short term, and in light of the difficulties regarding scheduling as stated by the City (and not directly rebutted at this point by plaintiffs), the Court will extend to January 13, 2023, the deadline for the City to provide a schedule of depositions through February 10, 2023, and will extend to January 20, 2023, the deadline to provide a schedule for depositions through February 17, 2023.

  The parties shall confer in the meantime to try to agree on a reasonable schedule for deposition scheduling after that date. In the absence of agreement, and until the Court can rule on any new proposals that are made, the City shall provide a schedule every week starting January 27, 2023, that tacks on at least another week of depositions to the schedule.[1]

  Again, the goal of the parties' conferral should be to put a system in place such that all deposition dates will be completely scheduled as far in advance as possible so that there is no possibility that any party will seek to take depositions after the cutoff date for depositions and that allows for cancellations and substitutions as needed. The weekly "tacking on" described in the previous paragraph is meant to be temporary because it was the Court's understanding from the City's representations that high-level deponents have full schedules and also sometimes need to cancel depositions at the last minute due to police emergencies, and thus that scheduling far in advance (and with multiple dates) is the only way to ensure that they will be made available before the deposition cutoff date.

  In sum, the application made in Docket # 803 is granted in part and denied in part.

  SO ORDERED.

---

[1] The parties may alter the deadlines in this Order by written agreement and without Court order provided there is no effect on the deposition cutoff date..

Dated: New York, New York
      January 3, 2023

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge