```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In Re: New York City Policing During Summer    :        ORDER
2020 Demonstrations                                     20 Civ. 8924 (CM) (GWG)
                                                :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      With respect to the dispute over the request for admissions ("RFAs") (Docket ## 721, 790, 793), the Court's consideration of the RFAs is heavily influenced by the stage of the case and the number of RFAs (almost 300), which necessarily demand significant resources to respond to. RFAs are most useful to eliminate the need to prove uncontested matters at trial. They are much less useful when propounded in the middle of discovery. The Court finds it unlikely that responses to a substantial number of RFAs as they exist now could be used by plaintiffs to obviate the need for discovery on substantive issues. Plaintiffs' focus at this stage must instead be on obtaining admissions — and in a more limited number — that could realistically eliminate the need for an avenue of discovery on a particular topic. At the conclusion of the discovery, the plaintiffs (as well as defendants) will have much more information about what is contested and what is admitted, and plaintiffs may at that time serve RFAs that will have the effect of obviating the need to call witnesses at trial.

      One example of an RFA that illustrates the problem is RFA 7: "Admit that employees of the Office of the Mayor of New York City were present at the June 4, 2020, rally in Mott Haven, Bronx, and reported back their observations to Mayor de Blasio." Putting aside the compound nature of the RFA, the Court assumes that whether this RFA were admitted or not, the plaintiffs would be taking depositions on the matters encompassing this topic.[1]

      In other words, given the sheer number of RFAs, and mindful of the need to achieve proportionality and eliminate undue burden, the plaintiffs at this stage must limit themselves to propounding RFAs that go to issues such as the authenticity of documents and basic factual matters for which they have a good faith belief that the RFA would not be unduly burdensome to investigate and that an admission to the RFA would in fact eliminate the need for discovery.

      The Court thus directs the plaintiffs to serve a new set of RFAs, far fewer in number, in an effort to fulfill these goals. In an effort to assist the parties, the Court will give a number of rulings herein on the existing RFAs and responses, addressing both the propriety of objections and suggestions as to reducing burden, though the plaintiffs should not take this as a ruling that any RFA that fits within a ruling is necessarily proper for re-propounding at this stage as opposed to at the end of the discovery period. To the extent an objection is ruled on herein, the City should not re-assert it in its responses to the new set of RFAs.

---

[1] Other examples of RFAs that would not seem to eliminate the need for depositions are RFAs 21, 22, 23, 24, and 29, though there are certainly many more.

1. It is certainly unnecessary to require the City to listen to tapes of press conferences and other proceedings to verify particular statements were made, unless the wording is somehow unintelligible or garbled (see e.g., RFA 5, 6, 8-19, 154).  The better course is to ask the City to admit that the tape or transcript depicts a particular speaker on a particular date, without requiring the City to go through the tape or transcript to verify that particular statements were made.

2. Any request to admit to a matter contained in a document will in some instances be better reformulated as a request to admit the authenticity of the document.  The Court notes that some RFAs are properly phrased in such a matter, but the City has improperly asserted that the characterization of the document is vague (for example, that the use of the word "issued" is vague).  See, e.g., RFA 39-42. 79, 96, 97, 159, 160, 169, 177.

3. The City may not object that an RFA seeks "an admission to facts in dispute" given that Fed. R. Civ. P. 36(a)(5) specifically permits an RFA that addresses a "genuine issue for trial."  If an RFA is disputed, all the defendants need do is deny the truth of any such RFA.

4. Any objection that an RFA seeks a "concession of purported statements taken out of context" is overruled.  See Docket # 721 at 5.  If a statement was made, then the City must respond to the RFA, even if the statement's context might cast the statement in a different light than the statement as taken in isolation.  Obviously, the City will have the opportunity to explain the context of any statement at the time the statement is put before a factfinder.

5. For similar reasons, the Court overrules any objection that responding to an RFA would require a "narrative."  If an RFA is clear and not burdensome to investigate, there is no reason that the alternatives for responding provided in Fed. R. Civ. P. 36(a)(2)(4) cannot be utilized.

6. RFA 1 appears to be a request that is easily answered by the City and might obviate the need for questioning witnesses about what portions of the Patrol Guide or the Administrative Guide are "specific to policing protests or First Amendment-protected expression."  The Court can understand ambiguity in the word "specific to" in RFA 1, or perhaps in the compound nature of RFA 1 (which refers to either policing protests or "First Amendment-protected expression"), but if that is the case, and the RFA is re-propounded in an appropriate form, the solution is to explain why the City cannot admit or deny it as is specifically permitted by Fed. R. Civ. P. 36(4).  Even when an RFA is not a quotation of a statement, an RFA need not add "context" as long as the wording of the RFA is clear.

7. As to objections in which the City states it cannot admit or deny due to its inability to conduct a search as to a particular category of information to investigate the request, the Court finds these responses to be sufficiently detailed to comply with Fed. R. Civ. 36(a)(4).  These appear to consist of RFAs 25, 28, 30, 33.  However, as to those allegations that merely state that the City cannot obtain the information after "reasonable inquiry," with no other elaboration, those objections are improper.  See, e.g., RFA 39, 44, 47, 48, 55, 70, 140, 145, 191, 229, 239, 272, 285.  Fed. R. Civ. P. 36(a)(4) requires the City to "detail" why the RFA cannot be answered.  Also, the City may not interpose such an objection where an RFA provides a citation that obviates the need for any inquiry other than an examination of the cited document.

Perhaps relatedly, the City argues that some RFAs require information that is in the hands of "third parties." Docket # 790 at 8 (citing RFA 219). But the fact that an RFA requires information from a third party to be answered does not make the RFA objectionable. If the City is alluding in some instances to whether or not RFA can be answered following a "reasonable inquiry," the City should say as much. The Court cautions, however, that the mere fact that a response requires information from a third party does not make an RFA objectionable. Some information from a third party is readily available, even if some is not.

8. The plaintiffs should avoid compound requests in the reformulated RFAs. Also, any new RFAs must provide citations to evidence being alluded to whenever such evidence is readily available to plaintiffs so as to mitigate the burden on the defendants to investigate responses.

9. The City should be very cautious in claiming that a request is "vague." For example, the response to RFA 64 asserts that the RFA is vague when this does not appear to be case at all. Use of an RFA to establish the authenticity of a document is a classic use of RFAs. While it is unusual for a party to deny that documents it has itself produced are authentic, perhaps there is some problem that the Court is unaware of. If such is the case, the City must specify which word or phrase is vague in the RFA.

Separately, the Court overrules the multiple objections to the phrase "in the vicinity of" as being vague. The City may assume that "in the vicinity of" means within 5 blocks.

10. The City cannot offer as an objection the fact that an RFA "seeks discovery regarding a separate pending lawsuit." If the RFA does not relate to a fact that is relevant to the consolidated lawsuits, then it may make a relevance objection. The mere fact that an RFA is also relevant to another lawsuit, however, does not make the RFA objectionable.

11. As to RFA 141-144, 146-147, and 149, the Court finds that the objections to these as being "improper contention" interrogatories are not well-founded. That being said, the Court notes that the City has in fact responded to some of these RFAs.

12. An objection that an RFA is "improper under Rule 36" or an "improper use of Rule 36" is insufficiently specific and is thus overruled. The same is true for an objection that the RFA contains "phraseology" that is "improper."

13. The objection to RFA 251 as calling for a "legal conclusion" raises difficult issues. See Shea v. Sieunarine, 2022 WL 2305554, at *3-4 (D. Conn. June 27, 2022) (rejecting an RFA that "asks a party to admit that it met or was subject to a particular legal standard."). RFA 251 asks for an admission regarding "probable cause" for an arrest. Given the lack of clarity regarding the application of the probable cause standard, the Court would likely sustain the objection. It is not necessary to reach this issue now as the Court does not believe this is the sort of RFA that could eliminate any need for discovery and thus does not expect that it will be re-propounded.

14. In principle, an RFA asking that defendants admit a particular set of facts may not be responded to by referring to deposition testimony about that set of facts without addressing whether the defendants admit or deny the truth of the facts (see, e.g., RFA 242-44). That being said, such an RFA may be objectionable at this stage of this case if the defendants have not

completed their investigation into those circumstances, a response now would not materially change the course of discovery, and it would be unreasonable to require the defendants to conduct an investigation prior to the end of the discovery period.

   15. As to Document Request No. 1 and Interrogatory No. 1, they are overbroad and not proportional. The plaintiffs are already conducting extensive discovery on the topics raised by RFAs. It would be duplicative for the City to have to respond to these requests in the context of every single RFA that is denied. The plaintiffs should await the responses of the newly propounded RFAs, and if necessary, the plaintiffs may propound new document or interrogatory requests that actually address documents or information that was not previously requested.

   16. Plaintiffs' request for attorney's fees is denied. While the Court finds that some of the City's objections are unfounded, its response as a whole was justified in substance, particularly given the large number of RFAs. For similar reasons, the Court will not find that the City has waived any objections.

   The Court reiterates that the fact that it has made rulings as to a specific RFA in this Order does not mean it has determined that that RFA is appropriately re-propounded at this stage of the case. The Court is hopeful that any re-propounded RFAs at this stage will be far fewer number and will not be unduly burdensome to respond to. With respect to any re-propounded RFAs, the process mandated in Docket # 626 governs.

   Any requests for relief not specifically addressed in this Order have been considered by the Court and are denied.

   SO ORDERED.

Dated: New York, New York
   January 12, 2023

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge