

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA HINDS-RADIX**
*Corporation Counsel*

**DANIEL M. BRAUN**
Senior Counsel
Phone: (212) 356-2659
Fax: (212) 788-9776
dbraun@law.nyc.gov

January 12, 2023

**BY ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY  10007

Re:  **In re: New York City Policing During Summer 2020 Demonstrations,**
1:20-CV-8924 (CM)(GWG) – This Letter Relates to Sow, 21-cv-533

Your Honor:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and one of the attorneys assigned to the defense of the above-referenced matter. Defendants write in opposition to the Sow plaintiffs' "Motion for Partial Reconsideration of Dkt. No. 780, as it relates to Sow Interrogatories 10 and 11 and the 'Sword and Shield' Rule" (Dkt. No. 798). Plaintiffs' motion fails to meet the lofty standard required for reconsideration, and instead seeks to relitigate a resolved issue by submitting to the Court a string of inapposite citations. Moreover, plaintiffs' motion violates the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York. For the reasons detailed below, plaintiffs' motion should be dismissed in its entirety.

## Procedural History

By way of brief background, the Sow plaintiffs filed a motion to compel dated September 21, 2022 seeking, *inter alia*, that the Court order defendants to identify officers who were disciplined for using excessive force at a protest over the last 20 years, as well as information about the underlying conduct, pursuant to Sow plaintiffs' interrogatory numbers 10 and 11 (Dkt. No. 742). Plaintiffs' motion to compel requested that, should the Court sustain a burden objection, then it should grant an inference against the City. Id. at 5. On September 29, 2022, defendants filed their opposition, in which they elucidated the undue burden and contended against such an adverse inference (Dkt. No. 750). By Order dated December 13, 2022, the Court ruled that defendants had made a compelling showing of the burden and denied plaintiffs' request for an adverse inference,

reasoning that the latter was unsupported by citation to any case law or rule other than Rule 37(c), and that Rule 37(c) had not been triggered given the absence of a determination that the City improperly failed to make a disclosure. Sow moved for reconsideration of this portion of the Order, via letter motion dated December 27, 2022 (Dkt. 798). Defendants now respond herein to that latest motion.

**Argument**

1. Plaintiffs Fail to Meet the Standard for Reconsideration

Plaintiffs plainly fail to meet the high threshold for reconsideration. In stating that, "[n]either party briefed in depth, and the Court's decision did not analyze, the cases applying the sword and shield doctrine to burden and relevance assertions" (Dkt. No. 798 at 3), plaintiffs simultaneously concede that their original arguments were inadequate, while appearing to place at least some blame on the Court for allegedly overlooking the legal authority that plaintiffs neglected to include in their moving papers. Then, after glossing over the legal standard for reconsideration in a cursory fashion, plaintiffs still fail to point the Court to any "controlling decisions" that were overlooked, claiming instead that the sword/shield doctrine at the heart of their motion "is well-supported in at least persuasive authority." Id. In other words, even in plaintiffs' improper attempt to use reconsideration as a means of relitigating an issue, the best plaintiffs can do is cite to non-controlling cases. Apart from those previously uncited cases being unpersuasive here, plaintiffs' motion is not based upon any controlling decisions the Court overlooked, nor any intervening change of law. In actuality, plaintiffs simply fail to meet the standard for reconsideration.

"The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'" Justice of New York, 13 CV 4016 (MKB), 2015 U.S. Dist. LEXIS 97657, at *2, 2015 WL 4523154 (E.D.N.Y. July 27, 2015) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)); see also Local Rule 6.3 (the moving party must set forth concisely "the matters or controlling decisions which counsel believes the Court has overlooked." "It is thus 'well settled' that a motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Justice supra, at *2 (quoting Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012)) (internal citations omitted). "In other words, 'reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources.'" Justice, supra, at *2 (quoting Hidalgo v. New York, 11 CV 5074 (JS), at *1, 2012 WL 3598878 (E.D.N.Y. Aug. 20, 2012)).

In order for plaintiffs to prevail on a motion for reconsideration, they "must demonstrate that the Court overlooked controlling decisions or factual matters *that were put before the Court on the underlying motion*." Grabin v. Marymount Manhattan Coll., 2014 U.S. Dist. LEXIS 100338, at *5 [S.D.N.Y. July 22, 2014] (emphasis in original) (citing, Henderson v. City of New York, 05 CV 2588 (FB)(CLP), 2011 U.S. Dist. LEXIS 130350, at *2, 2011 WL 5513228 (E.D.N.Y. Nov. 10, 2011). "In order to have 'overlooked,' the decisions or data must have been put before [the

court] on the underlying motion… and which, had they been considered, might have reasonably altered the result before the Court.")

By contrast, the Sow plaintiffs now attempt to cite to decisions that they concede are neither controlling nor put before the Court on their underlying motion. Moreover, the Sow plaintiffs offered no reason for their own failure to originally address any of the cases that they now cite in their motion for reconsideration. This reason alone warrants denying plaintiffs' motion. Grabin, supra citing Richard Feiner & Co., Inc. v. BMG Music Spain, No. 01 Civ. 0937 (JSR), 2003 U.S. Dist. LEXIS 10975, 2003 WL 21496812, at *1 (S.D.N.Y. June 27, 2003) ("[P]laintiff is advancing new arguments without excuse as to why these arguments were not raised previously, and these arguments are therefore not cognizable on a motion for reconsideration.")

Plaintiffs' reconsideration papers answer their own question: did the Court overlook anything in plaintiffs' moving papers? Plaintiffs essentially admit that the Court did not,[1] and as such, plaintiffs fall far short of meeting the standard for reconsideration. Plaintiffs' motion for reconsideration is nothing more than an improper effort to coopt the Court's Opinion as a jumping-off point to advance new arguments and cite new case law. This should not be allowed. See Grabin, supra (citing Church of Scientology Int'l v. Time Warner, Inc., No. 92 Civ. 3024 (PKL), 1997 U.S. Dist. LEXIS 12839, 1997 WL 538912, at *2 ("Indeed, a party's requesting [reconsideration] 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule [6.3] to advance new facts and theories in response to the court's rulings.'") On the contrary, the restrictive application of Local Rule 6.3 helps prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion. Grabin, supra, citing Hunt v. Enzo Biochem, Inc., No. 06 Civ. 0170 (SAS, 2007 U.S. Dist. LEXIS 34715, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007). Indeed, Sow plaintiffs' motion for reconsideration fails, for as the Court in Grabin supra stated, it merely advances new arguments and cites case law that it failed to advance or cite previously. Id. (citing Weisner v. 321 W. 16th St. Assocs., No. 00 Civ. 1423 (RWS), 2000 U.S. Dist. LEXIS 15592, 2000 WL 1585680, at *4 (S.D.N.Y. Oct. 25, 2000). All of those decisions -- which are, in any event, inapplicable -- existed prior to September 21, 2022 when plaintiffs filed their original motion (Dkt. No. 742), and as such, plaintiffs' motion at Dkt. No. 798 should be denied.

Finally, it is worth noting that plaintiffs' motion for partial reconsideration violates Local Civil Rule 6.3, which requires a movant to file a notice of motion, and a memorandum setting forth the movant's grounds for reconsideration. Instead, the Sow plaintiffs styled their motion as a letter, and failed to include the requisite notice. Plaintiffs acknowledged this and offered to recast their motion in a more formal briefing (Dkt. No. 798 at 1), but they failed to even satisfy the requirements of a letter motion, insofar as plaintiffs neglected to meet and confer with defendants

---

[1] As noted supra, plaintiffs state, "[n]either party briefed in depth, and the Court's decision did not analyze, the cases applying the sword and shield doctrine to burden and relevance assertions." (Dkt. No. 798 at 3). However, plaintiffs at no point state that the Court in fact "overlooked" anything. See id. generally.

prior to filing their letter requesting reconsideration.[2] Defendants respectfully submit that this reason alone ought to mandate denying plaintiffs' motion.[3]

## 2. Plaintiffs' Motion Also Fails on the Merits

Plaintiffs' arguments also fail on the merits because the Court simply did not "overlook" the significance of the relevant case law. Indeed, the Court's discussion of the issue is itself evidence of that fact. Dkt. No. 780 at 2.

### a) Undue Burden

To begin, the Court considered the parties' respective original arguments and expressly weighed in on the question of undue burden. Whereas plaintiffs in their original moving papers merely claimed that defendants did not adequately demonstrate undue burden because they allegedly did not offer a declaration or affidavit from an appropriate person attesting to the burden (Dkt. No. 742 at 5), defendants successfully overcame plaintiffs' assertions, including by citing to previously provided declarations as well as submitting an additional one with their opposing papers (see Dkt. No. 750 at 6, and Dkt. No. 750-1). Plaintiffs now seek, on reconsideration, to advance an entirely new argument that defendants' burden is not undue, but rather that defendants' record-keeping system conceals rather than discloses relevant records. (Dkt. No. 798 at 4)  In support of this new argument, plaintiffs attempt to rely upon a number of cases – all of which were decided prior to the date that plaintiffs filed their original motion – that plaintiffs neglected to include earlier or declined to previously put before the Court.[4] Thus, these cases do not signal a change in the law. For the reasons detailed *supra*, the well-established case law requires that a reconsideration motion based on new arguments and predicated upon cases plaintiffs failed to previously cite, ought to be denied.

In any event, plaintiffs are wrong to suggest that the Court failed to *sua sponte* contemplate this new argument or the propositions of those newly cited cases. The Court expressly addressed the question of burden. Although plaintiffs now perfunctorily claim that defendants' computer systems cannot run searches which plaintiffs improperly characterize and trivialize as "routine" (Dkt. 798 at 5), the Court evidently considered defendants' submissions in the detailed declaration that they submitted at Dkt. No. 750-1. Indeed, the Court held that, "Defendants have made a compelling showing regarding the burden of this request as currently formulated, see Docket # 750-1, and we find that the burden would be disproportionate to the needs of the case." (Dkt. 780

---

[2] Given defendants' review of plaintiffs' motion for consideration and defendants' view that the motion is entirely meritless, it is inconceivable to defendants that a meet and confer would have changed defendants' position. However, that does not relieve plaintiffs of their obligation to attempt to meet and confer prior to filing a letter motion, and defendants would hope that such a meet and confer could have been fruitful insofar as such a discussion might have dissuaded plaintiffs from filing a frivolous and vexatious motion, thereby saving time and expense as well as preserving judicial resources.

[3] Defendants' instant opposition is in the form of a letter, in order to mirror plaintiffs' opening papers. Like plaintiffs, defendants will re-style this Opposition as a formal brief if the Court wishes.

[4] See Dkt. No. 798 at 4, where plaintiffs cite to Fagan v. District of Columbia from 1991, Wesley v. Muhammad from 2008, Black Love Resists in the Rust v. City of Buffalo from 2019, and Kozlowski v. Sears, Roebuck 7 Co. from 1976.

at 2)  Moreover, the Court acted well within its authority to reach such a finding, as Fed. R. Civ. P. 26(c) affords courts the discretion to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." See Fayemi v. Hambrecht & Quist, Inc., 174 F.R.D. 319, 323 (S.D.N.Y. 1997). And to be sure, plaintiffs are not directly claiming that the Court exceeded or acted outside of its authority. In other words, the Court here neither erred, nor abused its discretion, nor overlooked anything in determining that defendants' burden was undue. This Court is certainly familiar with the nuances and contours of an undue burden analysis, and based on the particular facts, issues, and needs of the instant case, the Court rightly found an undue burden. Plaintiffs' new arguments and new citations to cases decided prior to the date that plaintiffs filed their original motion, half of which are not from New York or even this circuit, do nothing to disturb the Court's ruling.

     *b)  Plaintiffs' Faulty Sword and Shield Argument*

     As detailed *supra*, a movant needs to point to *controlling decisions* that were overlooked in order to prevail on a motion for reconsideration. Plaintiffs here rely upon unpersuasive, faulty analogies. Plaintiffs' motion for reconsideration points the Court to a number of previous rulings[5] – all for the propositions that *relevancy* and *privilege* objections should not, in certain circumstances, be used as a sword and shield. Dkt. 798 at 3-4. Indeed, plaintiffs even resorted to dicta from a Tennessee case to reach their conclusion (see Dkt. 798 at 3). Yet, plaintiffs still miss the point because defendants are not relying here on either relevance or privilege – defendants are relying upon the categorically different objection of undue burden.

     Plaintiffs largely relegate their most compelling (yet equally unpersuasive) citation to a footnote, presumably because the case they cite is from the Western District of Wisconsin, and thus is not controlling in this court as required by Local Rule 6.3. Namely, plaintiffs cite, for the first time, Epic Sys. Corp v. Tata Consultancy Servs., 2016 US Dist LEXIS 7903, at *2 (WD Wis Jan. 22, 2016), which states that, "the additional detail sought… is woefully overbroad, unduly burdensome and likely to lead to the unnecessary invasion of sensitive, proprietary information. Of course, in upholding Epic's right to refuse this information, it will also be barred from using the same information as a shield or sword in this lawsuit.") Plaintiffs failed to previously cite this case in their original motion and thus should be barred from relying upon it now. However, plaintiffs' theoretical reliance on this case is misplaced. First, the Court in Epic Sys. Corp did not sanction the non-movant with an adverse inference as plaintiffs seek herein.

     Second, plaintiffs appear to misunderstand the "sword and shield" concept. At the outset, plaintiffs misconceive the way in which a "shield" operates, as evidenced by plaintiffs' new citation to Terramar Retail Ctrs., LLC v. Marion, 2018 Del. Ch. LEXIS 552, at *27 (Ch Dec. 4, 2018, No. 12875-VCL). In addition to the inappropriate use of this case as discussed above,

---

[5] Plaintiffs inappropriately and inefficaciously cite to Granite Partners, L.P. v. Bear, Stearns & Co., 184 FRD 49, 54 (S.D.N.Y. 1999), Medtronic Sofamor Danek, Inc. v. Michelson 2003 U.S. Dist LEXIS 25156, at *25 (WD Tenn Dec. 2, 2003), Snyder v. Honeywell, Inc., 2022 US Dist LEXIS 184483, at *4 (ND Ohio Aug. 12, 2022), Brazil v. Dole Packaged Foods, LLC, 2014 US Dist LEXIS 74234, at *63 (ND Cal May 30, 2014), SEC v. Honig, 2021 US Dist LEXIS 229931, at *24 (SDNY Nov. 30, 2021), Florida v. Abbott Labs., 2009 US Dist LEXIS 55298, at *5 (D Del June 23, 2009), and Strong v. GEICO Gen. Ins. Co., 2017 US Dist LEXIS 36674, at *9-13 (MD Fla Mar. 15, 2017). Plaintiffs rely on all these newly cited cases, many of which are not from New York, for the sword and shield argument in the off point context of relevance and privilege.

Terramar is easily distinguishable from the instant case. In Terramar, the court sanctioned the defendant following discovery misconduct, in which the latter originally refused to provide more than a limited number of documents by the deadline for substantial completion of discovery, and then dumped onto plaintiff twenty-two times the amount of documents just ten days prior to the discovery cutoff while promising more to come. Further, the Terramar defendant's document avalanche was just after plaintiff completed the key Rule 30(b)(6) deposition, preventing the use of those documents in that critical deposition. That situation is entirely different from the case at bar. Whereas the Terramar defendant attempted to leverage delay tactics to shield itself from its adversary using certain discovery, and then use a late production as a sword, defendants in the instant case have made a compelling showing that the task plaintiffs have demanded would place an undue burden upon defendants. An undue burden is not in and of itself a shield, and it is certainly not functioning as a shield here, but rather as an inherent limit on the scope and reasonableness of discovery pursuant to the Federal Rules of Civil Procedure.

Additionally, it is categorically different, on the one hand, to bar a party from actively using withheld information, versus barring a party, on the other hand, from potentially arguing that the admissible evidence fails to establish a claim. Especially in the present case, the latter would severely prejudice defendants. In this case, if defendants were prohibited from possibly arguing that plaintiffs failed to establish their claim based on the discoverable and admissible evidence, then the Court would, in effect, be ruling at this juncture that the Sow plaintiffs have proven their claim. Put differently, Sow plaintiffs are attempting to use this motion for reconsideration on a discovery issue, to create an unequitable dilemma for defendants: either force defendants to incur an undue burden, or preclude defendants from ever arguing that the discoverable and admissible evidence fails to prove plaintiffs' "fail upward" theory of liability. This dilemma would unduly prejudice defendants, because the former option would require defendants to suffer undue burden, and the latter option would essentially amount to a finding of municipal liability. Plaintiffs fail to cite to any legal authority that would support such an extreme and inequitable request, and their motion should be denied.

Third, far from overlooking the sword and shield argument, the Court contemplated and properly addressed it in its Order (Dkt. No. 780 at 2). The Court stated that plaintiffs did "not address the question of whether any particular discovery request is appropriate following the balancing required by Fed. R. Civ. P. 26(b)(1)" and that plaintiffs' request for an adverse inference was denied as unsupported by citation to any case law or rule other than Rule 37(c) (Dkt. No. 780 at 2) – two critical deficiencies that plaintiffs failed to cure in their motion for reconsideration. In other words, plaintiffs' allusions to relevance were incomplete and unavailing analyses that did not speak to other key considerations required by the Federal Rules. Plaintiffs' arguments continue to fall short because they still fail to address the balancing required by Rule 26(b)(1). At best, plaintiffs' request for reconsideration now raises an argument that defendants' record-keeping conceals records. This argument is not only improper because it is new, but it is meritless because it does nothing to address Rule 26's balancing requirement or the fact that this Court both found a compelling showing of undue burden and noted the absence of a determination that the City improperly failed to make a disclosure. Dkt. No. 780 at 2.[6] Relatedly, and as

---

[6] The Court herein ruled that, "Rule 37(c) has not been triggered by this request, however, given that there has been no determination that the City has improperly failed to make a disclosure." (Dkt. No. 780 at 2). Plaintiffs do not dispute that there has been no such determination, and the Court clearly and properly considered this issue.

mentioned earlier, plaintiffs' motion for reconsideration does not at any point claim that the Court's exercise of discretion pursuant to Rule 26 was arbitrary and capricious or outside of the Court's authority.

Moreover, plaintiffs acknowledge that they only sought Rule 37(c) in passing (see Dkt. No. 798 at 2) and attempt to rationalize that their argument was common-sense and based on common law (both of which are incorrect).  However, they continue to fail to support their Rule 37(c) request with any case law relevant to the specific appeal that they make here. Despite plaintiffs' attempts to plug the gaps of their previous unsuccessful motion, plaintiffs' reconsideration papers do not allege that the Court erred in how it performed the balancing required by Fed. R. Civ. P. 26(b)(1). They merely attempt to relitigate the shield and sword issue, and in so doing, plaintiffs profess to fall on their own sword by conceding the ineffectiveness of their original papers, while still seeming to accuse the Court of failing to independently analyze arguments that plaintiffs missed. Nonetheless, the latter is not an error of the Court, and regardless, the Court did in fact analyze the relevant issues and controlling law in its Order at Dkt. No. 780. As such, plaintiffs' motion to disturb this Order should be denied.

   *c)   The Law Should Not be Suspended for Plaintiffs*

Finally, plaintiffs essentially admit that their motion for reconsideration is without merit when they imply, not-too-subtly, that the Court should waive the Federal and Local rules and allow plaintiffs to make new arguments on their motion for reconsideration. Plaintiffs state, "[p]articularly in light of the many opportunities that the Court has offered the City to clarify its arguments or claims – or even make an argument for the first time – after a motion was fully briefed… Plaintiffs respectfully request that the Court reconsider its decision as set out below." Dkt. No. 798 at 2. Here, plaintiffs cite to docket entries 779, 755, 263, 598, and 513. Apart from plaintiffs' characterization of the Court's rulings on those issues which are unrelated to the ones herein, none of those applications involved a motion for reconsideration. And, in any event, a motion for reconsideration is a categorically different legal device with its own set of legal requirements, which is understandable particularly in light of its extraordinary nature. Consequently, plaintiffs' point is of no moment here, and plaintiffs should not, as they rather brazenly seem to suggest, be permitted to make new arguments on their motion for reconsideration.

**<u>Conclusion</u>**

For the reasons stated herein, defendants respectfully request that the court deny plaintiffs' motion for reconsideration in its entirety.

Thank you for your consideration in this matter.

Very truly yours,

/s/ *Daniel Braun*

Daniel M. Braun
Senior Counsel

- 7 -