

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE  
CIVIL RIGHTS BUREAU

January 13, 2023

**By Electronic Filing**

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

      Re:    *In re: New York City Policing During Summer 2020 Demonstrations,*
              *No. 20-CV-8924*
              This Letter is Related to All Cases

Dear Judge Gorenstein:

     I am counsel for the People of the State of New York and write on behalf of all plaintiffs in these consolidated actions to respectfully request that the Court schedule a conference under Local Rule 37.2 regarding Plaintiffs' intention to seek an order compelling Defendants to produce certain long-overdue disciplinary proceeding records by February 3.

## BACKGROUND

     On March 25, 2021, Plaintiffs served their First Consolidated Sets of Requests for Documents, seeking, in relevant part, certain disciplinary records relating to officers identified as having attended the racial justice protests of 2020-2021 ("Protests") and incidents arising from those protests, including "[a]ny and all records concerning internal NYPD disciplinary action" [r]ecords from the Internal Affairs Bureau [and] Department Advocates Office," "Documents collected, considered, or reviewed, and any determinations, disciplinary recommendations, or other outcome recommendations made by the NYPD or CCRB with respect to" such incidents, as well as "all Documents concerning Officers receiving discipline for misconduct occurring during the Protests, or who have been recommended to receive discipline for such misconduct." *See* Requests No. 15, 16, 17 of Pls.' First Consolidated Requests for Documents, ECF No. 103-1.

     When documents regarding witnesses identified in the People's Amended Complaint were not forthcoming, the People propounded additional requests that again asked for disciplinary records, but specified the pertinent incidents involving those witnesses, on December 22, 2021. However, Defendants stated that they could not search disciplinary records unless they first had the name of the subject officer, the victim, or a specific address and refused to interpret the requests as seeking *all* disciplinary records stemming from those specific protests

Hon. Gabriel W. Gorenstein
Page 2

so that the People's counsel might search the records themselves. To do so, Defendants' counsel insisted on new requests.[1]

So, the People sent yet another demand on August 19, 2022. *See* Ex. A (People's Third Supplemental Requests for Production ("Requests")). This set requested, *inter alia*, all disciplinary records stemming from the Protests, including those held by the CCRB and its trial division known as the Administrative Prosecution Unit ("APU"), by the IAB and its trial division known as the Department Advocate's Office ("DAO"), as well as any related documents pertaining to the final determinations of discipline. *See id*, Requests Nos. 1–3. With respect to the DAO files, the People provided examples of the documents expected to be included in such files, including: the complete investigative file; Command Discipline Election Reports; DAO case analysis and recommendation memoranda; the trial folder, including exhibits and trial transcripts; settlement offers, agreements, and endorsements; Trial Commissioner's findings, decision and proposed penalty and all subsequent endorsements and final disciplinary decisions by the NYPD. *Id.* at 7.

Defendants initially refused to answer the Requests but later met and conferred with Plaintiffs on September 13, 2022.[2] At that conferral, and as confirmed by later correspondence, Defendants committed to providing closed CCRB case files by October 14, 2022, closed IAB and DAO files by November 4, and closed APU files on a rolling basis, and to inquire about closed APU cases every two weeks. The extension of time to produce these documents was based on the representation of Defendants' counsel, Nadine Ibrahim, that the DAO had a "substantial amount of information to gather" and produce. Defendants later provided formal responses to the Request, which incorporated these agreements into Defendants' responses, subject to their objections to the Requests as duplicative of Consolidated Document Requests 15 and 17, as calling for some records that "have no bearing on the claims at issue," and as unduly burdensome. Ex. B (Defs.' Resps. & Obj. to the Requests).

The only DAO-held records Defendants provided by November 4 was a 57-page document containing memoranda that the NYPD Police Commissioner created when deviating from a penalty recommended by the CCRB. Plaintiffs inquired about the "substantial amount of information" they were promised by November 4 and counsel simply responded that they produced what the DAO gave the Law Department. Hours after providing that response, counsel withdrew from this case.

---

[1] Defendants did not do so despite the fact that the discovery chart does not disclose any withholding – and indeed, affirmatively claimed, among other things, "Defendants have previously produced **all** CCRB file documents responsive to this request." Chart ln. 23 (emphasis added) (Request 15). Given Defendants' supposed audit of the chart for misstatements, it is hard to see how this affirmative misrepresentation survived.

[2] Present at the meet and confer for Plaintiffs were the undersigned, Remy Green, Elena Cohen, JP Perry, Michelle Gonzalez, Tahanie Aboushi, Rigodis Appling, Lisa Laplace, and Jennvine Wong, and for the Defendants were Nadine Ibrahim and Sergey Marts.

Hon. Gabriel W. Gorenstein
Page 3

In light of the withdrawal and deficient production, the undersigned requested a meet and confer on November 14.[3] At the conferral two weeks later, Defendants' counsel, Joseph Hiraoka, Jr., could not provide any substantive information, but promised to provide an update by December 2 as to what closed DAO and APU files existed and when they would be produced. Mr. Hiraoka did not confirm the number of closed DAO and APU files, 82 and 14 respectively, until December 13, and refused to answer the undersigned's inquiry as to when those files had closed. Counsel did not provide a projected production date, instead promising one by December 28.

In light of the upcoming depositions to which these files would pertain, the undersigned objected to the delay in production of these files and offered a deadline of January 13—or a mutually agreeable date—to produce the closed disciplinary files with a rolling production of closed DAO/APU files every two weeks thereafter, else Plaintiffs would consider the parties to be at an impasse. In a December 19 email, Mr. Hiraoka said that January 13 was not possible and would provide an alternative date. When he did not do so by January 4, 2023, the undersigned declared an impasse by email to Defendants unless they agreed to produce the files by January 31. Mr. Hiraoka requested the week of January 16 to provide an update but did not provide one and so the undersigned confirmed the impasse by email today, prior to this filing.

**ARGUMENT**

Plaintiffs' request is simple and reasonable: we need a date certain to get the 96[4] closed disciplinary records and a schedule for producing the promised remaining case files as they close. Plaintiffs believe that some of the 82 DAO cases were closed before November 4 but were not produced as promised by Defendants and they have since failed to make reasonable efforts to even obtain a date for production, let alone produce any of those documents.

These documents should have been produced pursuant to Plaintiffs' original requests (as Defendants seem to acknowledge by objecting to the Requests as duplicative of those original demands). Plaintiffs are entitled to the documents reflecting Defendants' discipline—or lack thereof—in time to prepare for upcoming depositions both of line-level officers to whom these records may pertain and high-level and 30(b)(6) depositions that will address investigations and disciplinary proceedings related to the Protests.  Defendants' failure to treat the fact that significant, important documents were missing from the *final* production the Court ordered as important or even worthy of their attention is concerning.

For these reasons, the Court should order Defendants to produce all closed DAO and APU files, which should include the documents in Requests 1 and 2 not already produced, by

---

[3] Present at the November 29 meet and confer for Plaintiffs were the undersigned, Marc Arena, Nimra Azmi, Remy Green, and for the Defendants were Joseph Hiraoka, Jr., Amy Robinson and Daniel Braun.
[4] Defendants previously produced two APU files but counsel did not clarify whether these were incorporated in the tally of 14 closed APU files. It is still unclear as to how many IAB investigation files have not been produced as Defendants have represented that they are still auditing the completeness of their production without confirming a projected completion date of that audit.

Hon. Gabriel W. Gorenstein
Page 4

February 3, 2023, and to thereafter produce disciplinary files that have closed on a biweekly basis.

    Plaintiffs thank the Court for its time and consideration of this request.

Respectfully submitted,

*s/ Lillian Marquez*

Lillian Marquez, Assistant Attorney General
Civil Rights Bureau
Office of the New York State Attorney General
Tel: 212-416-6401
Lillian.Marquez@ag.ny.gov

CC: All counsel of record