# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- x

PEOPLE OF THE STATE OF NEW YORK, by Letitia James, Attorney General of the State of New York,

                           Plaintiff,

-against-

CITY OF NEW YORK, MAYOR BILL DE BLASIO, POLICE COMMISSIONER DERMOT F. SHEA, and CHIEF OF DEPARTMENT TERENCE A. MONAHAN,

                           Defendants.

------------------------------------------------- x

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SUPPLEMENTAL SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS**

21-cv-322 (CM)(GWG)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendants City of New York, Mayor Bill DeBlasio, Commissioner Dermot Shea, and Chief of Department Terence Monahan respond and object to plaintiff's Third Supplemental Set of Requests for Production of Documents to all defendants as follows:

## GENERAL STATEMENT

1. By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not

constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3.   With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

## REQUESTS FOR DOCUMENTS[1]

### DOCUMENT REQUEST NO. 1:

Provide all Documents concerning the investigation, prosecution and/or resulting discipline of misconduct alleged to have occurred at any of the 2020 Racial Justice Protests that was investigated by the Civilian Complaint Review Board ("CCRB"), including those referenced in the CCRB's May 2022 Protest Snapshot (Exhibit A) and/or involving any NYPD Officer listed in the chart at Exhibit B. These Documents shall include, but not be limited to:

    a.   Complaint Reports;

    b.   The entire CCRB investigative file, including but not limited to:

        i.    Investigative Actions and all other investigator notes;

        ii.   photographs, video and audio recordings, body-worn camera footage, telephone records, and text messages;

        iii.  UF-49s;

        iv.   requests made to the NYPD and responses from the NYPD; and

---

[1] The People's Third Supplemental Requests for Production served herein seeks documents previously requested by the consolidated plaintiffs in their First Consolidated Requests for Production and by the People in their First Supplemental Requests for Production. However, as defendants continue to narrowly read those requests, plaintiffs provide more detailed requests herein without waiver to seeking to compel production in response to their prior requests.

- 3 -

      v. CCRB Investigative Recommendations by the investigating member of the CCRB and all supervisory and CCRB board member modifications thereto;

c. Requests by the NYPD Police Commissioner to refrain from prosecution pursuant to the CCRB and NYPD Memorandum of Understanding and related communications;

d. Requests by the Department Advocate's Office (DAO) to reconsider a CCRB disciplinary recommendation and related communications;

e. Charges and Specifications (Form PD 468-121) and any related memoranda;

f. CCRB requests for assistance from the Department Advocacy Office ("DAO") and DAO responses to such requests;

g. Status reports prepared by the CCRB on the administrative prosecution of individual officers;

h. The trial folder of the Administrative Prosecution Unit ("APU"), including exhibits and trial transcripts;

i. Department Trial filings and transcripts;

j. Settlement offers, agreements, and endorsements;

k. Documents concerning the NYPD's acceptance, rejection, or modification of CCRB and APU recommendations or proposed penalty;

l. Trial Commissioner's findings, decision, and proposed penalty and related comments by the parties;

    m. Documents concerning the Police Commissioner's review of the Trial Commissioner's report and final disciplinary decision, including but not limited to memoranda justifying the discipline imposed and any deviation from the presumptive penalty.

    n. Requests by the Police Commissioner to further investigate and develop case records;

    o. "Fogel" letters;

    p. Disposition of Charges (Form PD 468-142); and

    q. Notifications of final disciplinary results.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendants object to the Third Supplemental Document Request No. 1 as it is duplicative of Consolidated Document Request No. 15, which already requested "all Documents concerning any incidents currently or formerly under investigation or referred for investigation by the Civilian Complaint Review Board ("CCRB")" for all Schedule A dates, and Consolidated Document Request No. 17, which already requested "all Documents concerning Officers receiving discipline for misconduct occurring during the Protests." Defendants also object on the grounds that it is not limited in scope and overbroad because it seeks "all Documents concerning the investigation, prosecution and/or resulting discipline of misconduct alleged to have occurred at any of the 2020 Racial Justice Protests that was investigated by the Civilian Complaint Review Board ("CCRB"), including those referenced in the CCRB's May 2022 Protest Snapshot (Exhibit A) and/or involving any NYPD Officer listed in the chart at Exhibit B", which may include incidents that have no bearing on the claims at issue; it is unduly burdensome to search for, obtain, and produce "all Documents concerning the investigation, prosecution and/or resulting discipline of misconduct alleged to have occurred at any of the 2020 Racial Justice

Protests that was investigated by the Civilian Complaint Review Board ("CCRB"), including those referenced in the CCRB's May 2022 Protest Snapshot (Exhibit A) and/or involving any NYPD Officer listed in the chart at Exhibit B." Defendants further object that this request is not proportional to the needs of the case because the burden and expense of obtaining and producing all of the requested materials (including those requested in the 17 subparts), which may include investigation outside the scope of this litigation, far outweighs any likely benefit to plaintiffs. Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein in the Consolidated Protest Cases. Defendants object to the extent included amongst these documents are medical records of non-parties that are protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA"). Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. *See Simms v. City of New York*, 480 F. App'x 627 (2d Cir. 2012). Defendants also object to this Request as responsive documents were already produced to the plaintiffs and defendants have no better knowledge or expertise to identify them than the plaintiffs. Defendants object to the extent that documents being request are not prepared by CCRB in the ordinary course of business and/or not in CCRB's possession or control.

Subject to and without waiving any of the above specific objections, and limiting their response to closed CCRB investigation files, Charges and Specifications, and closed APU files regarding the Summer 2020 Protests pursuant to the parties' agreement at the meet and confer regarding this request on September 13, 2022, defendants will produce these responsive documents by October 14, 2022, except for APU files which will be produced on a rolling basis

once the files are closed. In addition, defendants refer plaintiffs to CCRB investigation files previously produced in response to Consolidated Requests Nos. 15 and 17.

**DOCUMENT REQUEST NO. 2:**

For each instance of misconduct alleged to have occurred at any of the 2020 Racial Justice Protests and investigated by the NYPD (including the Internal Affairs Bureau ("IAB"), the Chief of Department ("COD"), Department Advocate's Office, Office of the Chief of the Department, Risk Management Bureau, Patrol Bureau Investigations, Force Investigation Division, and/or any other NYPD command), including allegations involving any of the NYPD Officers listed in the chart at Exhibit B, provide all Documents concerning the investigation, prosecution and/or resulting discipline of those incidents, including but not limited to:

    a. The complete investigative file, including but not limited to:

        i. All Documents describing the allegations of misconduct;

        ii. Case referral forms;

        iii. Internal Case Management System Worksheets and documents referenced therein;

        iv. Photographs and video and audio recordings;

        v. Witness statements;

        vi. UF-49s;

        vii. Investigating Officer's Reports (Form PD 313-153) and other investigator notes; and

        viii. Case Closing Disposition/Penalty Reports and all other Documents concerning factual findings, case disposition, and recommendations for discipline;

    b. Command Discipline Election Reports;

    c.   DAO case analysis and recommendation memoranda;

    d.   The DAO trial folder, including exhibits and trial transcripts;

    e.   Settlement offers, agreements, and endorsements;

    f.   Department Trial filings and transcripts;

    g.   Trial Commissioner's findings, decision, and proposed penalty and related comments by the parties;

    h.   Endorsements regarding disciplinary cases and the approvals or disapprovals of such endorsements; and

    i.   Documents concerning the Police Commissioner's review of the Trial Commissioner's report and final disciplinary decision, including but not limited to memoranda justifying the discipline imposed and any deviation from the presumptive penalty.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendants object to the Third Supplemental Document Request No. 2 as it is duplicative of Consolidated Document Requests No. 14, which already requested "all Documents concerning any incidents currently or formerly under investigation or referred for internal investigation by NYPD" for all Schedule A dates, and Document Request No. 17, which already requested "all Documents concerning Officers receiving discipline for misconduct occurring during the Protests." Defendants also object to this Request as compound because it seeks multiple types of documents from multiple sources in one request. Defendants also object to this request on the grounds that it is not limited in scope and overbroad because it seeks "all Documents concerning the investigation, prosecution and/or resulting discipline" for "each instance of misconduct alleged to have occurred at any of the 2020 Racial Justice Protests and investigated by the NYPD… including allegations involving any of the NYPD Officers listed in

the chart at Exhibit B," which may include incidents that have no bearing on the claims at issue; it is unduly burdensome to search for, obtain, and produce "all Documents concerning the investigation, prosecution and/or resulting discipline" for "each instance of misconduct alleged to have occurred at any of the 2020 Racial Justice Protests and investigated by the NYPD…" Defendants further object on the grounds that the term "2020 Racial Justice Protests" is vague and ambiguous, not a term used by NYPD and that it is not a searchable category for NYPD disciplinary investigations. Defendants further object to this request on the grounds that it is unduly burdensome as NYPD does not categorize its files using terms such as "protests" in the normal course of business. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of obtaining and producing all of the requested materials, which may include investigation outside the scope of this litigation, far outweighs any likely benefit to plaintiffs. Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein. Defendants further object to this request insofar as any documents for "case analysis" were prepared by an attorney on the grounds that such documents are protected from disclosure by the attorney-work product privilege and/or other applicable privileges. Defendants further object insofar as any of these investigations remain open and are therefore protected from disclosure by the law enforcement privilege, deliberative process privilege, and/or other applicable privileges. Defendants further object to the extent that included amongst these documents are medical records of non-parties that are protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA"). Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of

unconstitutional customs and policies and thus cannot support a claim against the City. *See Simms v. City of New York*, 480 F. App'x 627 (2d Cir. 2012). Defendants also object to this request as responsive documents were already produced to the plaintiffs and defendants have no better knowledge or expertise to identify them than the plaintiffs. Defendants object to the extent plaintiffs assume facts not established, i.e. that the NYPD departments listed in their request conduct investigations and prepare the types of documents being requested.

Subject to and without waiving any of the above specific objections, and limiting their response to closed IAB investigation files, and DAO files regarding the Summer 2020 Protests pursuant to the parties' agreement at the meet and confer regarding this request on September 13, 2022, defendants will produce these responsive documents by November 4, 2022. In addition, defendants refer plaintiffs to the IAB investigation files already produced in response to Consolidated Request Nos 14 and 17.

**DOCUMENT REQUEST NO. 3:**

Provide all Documents concerning NYPD and CCRB investigations and administrative prosecutions of allegations of misconduct arising from the 2020 Racial Justice Protests for not yet known or named NYPD officers involved in incidents with the following civilians on the stated dates and at the stated locations:

      a.      Luke Hanna on June 3, 2020, at Cadman Plaza;

      b.      Hannah Lillevoy on May 28, 2020, near Union Square, Manhattan;

      c.      Huascar Benoit on May 30, 2020, to May 31, 2022 in Brooklyn;

      d.      Joseph Kokesh on May 29, 2020, in Brooklyn;

      e.      Senator Zellnor Myrie on May 29, 2020, near Barclay's Center in Brooklyn;

f.  Assemblywoman Diana Richardson on May 29, 2020, near Barclay's Center in Brooklyn;

g.  Rayne Valentine on May 30, 2020, in Brooklyn;

h.  Patricia Delfin on May 29, 2020, in Clinton Hill, Brooklyn;

i.  John Doe I on May 30, 2020, at Bedford and Tilden Avenues in Brooklyn;[2]

j.  Kerry Leigh Pittenger on May 29, 2020, in Brooklyn;

k.  Dorthley Beauval on June 1, 2020, near West 56th Street and Broadway in Manhattan;

l.  Dounya Zayer on May 29, 2020, in Brooklyn;

m.  Dennis Mullikin on May 31, 2020, in Manhattan;

n.  Rob Goyanes on June 4, 2020, in Mott Haven, Bronx;

o.  Dr. Mike Pappas on June 4, 2020, in Mott Haven, Bronx;

p.  Tameer Peak on January 18, 2021, near City Hall Park in Manhattan;

q.  Benjamine Heath on January 18, 2021, near City Hall Park in Manhattan;

r.  Blaise Johnson on January 18, 2021, near City Hall Park in Manhattan;

s.  Hillary Wright on January 18, 2021, near City Hall Park in Manhattan;

t.  Jonathan Peck on January 18, 2021, near City Hall Park in Manhattan;

u.  Marissa Kaiser on January 18, 2021, near City Hall Park in Manhattan;

v.  Steve Mazzucchi on January 18, 2021, near City Hall Park in Manhattan;

---

[2] As described in the People's Amended Complaint, ¶¶ 235-236.

w. Vanessa Turi on January 18, 2021, near City Hall Park in Manhattan;

x. Ruvan Wijesooriya on January 18, 2021, near City Hall Park in Manhattan;

y. Bryan Fielder on June 4, 2020, in Brooklyn;

z. Kayley Berezney on June 4, 2020, in Brooklyn;

aa. Marie Kahn on June 4, 2020, in Brooklyn;

bb. Abel Tirado on November 4, 2020, in Manhattan;

cc. Jillian Primiano on June 4, 2020, in Mott Haven, Bronx;

dd. Dr. Marie DeLuca on June 4, 2020, in Mott Haven, Bronx;

ee. Zuleyka Morales on June 2, 2020, on the West Side Highway in Manhattan;

ff. Keith Boykin on May 30, 2020;

gg. Jemell Cole on July 15, 2020, near Brooklyn Bridge;

hh. Laisa Pertet on May 30, 2020, in Brooklyn

ii. Alan Williams on May 29, 2020, ear Barclay's Center in Brooklyn;

jj. Andrew Smith on May 30, 2020, in Brooklyn;

kk. Lawrence Schober on May 31, 2020, in Manhattan;

ll. Brian Anderson on May 29, 2020, in Brooklyn;

mm. Jason "Jae" Donnelly on June 2, 2020, in Manhattan; and

nn. Melanie Ryan on June 3, 2020, in Manhattan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

  Defendants refer plaintiffs to their Objections and Response to the Supplemental Third Document Request Nos. 1-2.

Dated:  New York, New York
     October 4, 2022

              HON. SYLVIA O. HINDS-RADIX
              Corporation Counsel of the
               City of New York
              *Attorney for Defendants*
              100 Church Street, Room 3-196
              New York, New York 10007
              (212) 356-5037
              nibrahim@law.nyc.gov


         By:  *Nadine Ibrahim* /s
              Nadine Ibrahim
              *Senior Counsel*


TO:  All Parties