

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

Peter Scutero
Special Associate Counsel

January 13, 2023

<u>By ECF</u>
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   In Re: *New York City Policing During Summer 2020 Demonstrations*,
   No. 20 Civ. 8924 (CM) (GWG)
   This filing is related to all cases

Your Honor:

  I am a Special Associate Counsel in the Special Federal Litigation Division of the New York City Law Department, and one of the attorneys assigned to the defense of the above-referenced matter. Pursuant to the Court's Order, dated December 9, 2022 (Docket # 779) (the "Dec. 9th Order"), I write to submit the Declaration of Thomas Conforti, sworn to on January 13, 2023, attached hereto as Exhibit C (the "Conforti Declaration" or "Conforti Decl."), and respond to Plaintiffs' arguments that the Defendants failed to properly invoke the deliberative process privilege.

  As an initial matter, we note that Conforti submitted two other declarations/affidavits to the Court, both of which are annexed to Plaintiffs' application. The Dec. 9th Order noted Plaintiffs' arguments that Defendants' invocation of the deliberative process privilege over documents prepared in connection with Thomas Conforti's after action review (the "Policing Recommendations") fails to comply with requirements set forth in case law as to who may invoke the privilege and as to the required substance of any statement from such an individual. <u>See</u> the Dec. 9th Order. The Court also granted Defendants leave to supplement. <u>Id</u>. Defendants do not agree with Plaintiffs' arguments, but in any event, submit the attached Conforti Declaration in further opposition to Plaintiffs' motion.

  "The deliberative process privilege shields from disclosure documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." <u>NRDC v. United States EPA</u>, 19 F.4th 177, 184 (2d Cir. 2021)(quoting <u>U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.</u>, 141 S.Ct. 777, 785 (2021)(internal quotation marks and brackets omitted). "The privilege encourages candor, which improves agency

decision[sic] making, by blunting the chilling effect that accompanies the prospect of disclosure." NRDC, 19 F.4th at 184 (internal quotation marks omitted); quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975).  The Deliberative Process Privilege only applies to documents that are pre-decisional and deliberative.   NRDC, 19 F.4th at 184.   "Generally, documents are predecisional[sic] if they were generated before the agency's final decision on a matter, and they are deliberative if they were prepared to help the agency formulate its position." NRDC, 19 F.4th at 184 (internal quotation marks and brackets omitted); quoting Sierra Club, Inc., 141 S.Ct. at 786).

"It is well-settled that draft documents, by their very nature, are typically predecisional[sic] and deliberative.  They reflect only the tentative view of their authors; views that might be altered or rejected upon further deliberation either by their authors or by superiors." Macnamara v. City of N.Y., 249 F.R.D. 70, 78 (S.D.N.Y. 2008)(internal quotation marks omitted); quoting, Exxon Corp. v. Dep't of Energy, 585 F.Supp. 690, 698 (D.D.C. 1983).  "A document is deliberative when it is actually related to the process by which policies are formulated." Davis v. City of New York, 2011 U.S. Dist. LEXIS 48395 *7 (S.D.N.Y. 2011).

The privilege must be invoked by the head of the governmental agency or by a subordinate of high authority.  City of N.Y. v. FedEx Ground Package Sys., 2017 U.S. Dist. LEXIS 151797 at * 15 – 17 (S.D.N.Y. 2017).  In addition, the person asserting the privilege must have personally reviewed the privileged matter and provided reasons for the assertion of the privilege.  Id.

Here, Conforti states in the attached declaration that he served as an Assistant Chief and Commanding Officer of the Operations Bureau for the New York City Police Department ("NYPD").  See Conforti Decl. at ¶ 1.  To be clear, at the time when Conforti was assigned the after action review, he held positions of high authority within the NYPD that were subordinate to the Commissioner.  Id. Not only was he the author of some of these documents but Conforti further confirms that he personally reviewed the Policing Recommendations and determined that they are protected by the deliberative process privilege.  Id. at ¶ 4.  Given these facts, Defendants have satisfied the requirements that an official of high authority invoked the deliberative process privilege over the Policing Recommendations.  See FedEx at * 15 - 18; see  also Davis at * 10 – 11.

Additionally, Conforti describes the Policing Recommendations as drafts, emails, and notes that receive, or constitute, revisions and comments to the draft after action review, a document consisting of recommendations, suggestions, and opinions that formulated policies for policing large demonstrations and mass protests.  Thus, they are pre-decisional and deliberative in nature.  Id. at ¶¶ 5, 6, and 7.  Moreover, Conforti affirms his knowledge of the deliberative process privilege as well as the danger and harm that would result should the Policing Recommendations be disclosed.   Id. at ¶¶  3 and 8.   Indeed, Conforti states that disclosing the Policing Recommendations would chill officials involved in formulating policy by inhibiting their candor as well as presenting a danger to NYPD's policy-making process.  Id. at ¶ 8.  The Policing Recommendations are pre-decisional and deliberative in nature, the disclosure of which would negatively impact the decision-making process of the NYPD with great significance by inhibiting the candor government officials need when formulating effective policies.

Concerning Plaintiffs' argument that the Defendants have waived the privilege, Defendants note that the case Plaintiffs cite in support is inapposite.  Instead, the court there permitted additional submissions and time for invocation of the privilege.  <u>See</u> <u>In re Methyl Tertiary Butyl Ether (MBTE) Prod. Liab. Litig.</u>, 643 F. Supp. 2d 439, 443 - 444 (S.D.N.Y. 2009).  In fact, another court found waiver to be an extreme remedy in instances when submissions were late or deficient. <u>See e.g.</u>, <u>City of N.Y. v. FedEx Ground Package Sys.</u>, 2017 U.S. Dist. LEXIS 151797 at * 17 – 18 (S.D.N.Y. 2017)("requiring production of arguably privileged documents because of the late filing of an affidavit is too severe a sanction.").

Accordingly, Defendants respectfully request that the Court deny Plaintiffs' motion to compel the documents relating to the after action review.

Thank you for your time and attention to this matter.

Respectfully submitted,

*Peter Scutero*

Peter Scutero
*Special Associate Counsel*
Special Federal Litigation Division

cc:     ALL COUNSEL (via ECF)

# **EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In Re: New York City Policing During                     Index No. 20-CV-8924 (CM)(GWG)
Summer 2020 Demonstrations

---------------------------------------------------------------x        **DECLARATION OF**
                                                                        **THOMAS CONFORTI**

      **THOMAS CONFORTI**, declares under penalty of perjury and pursuant to 28 U.S.C. §

1746, that the following is true and correct:

      1.      I was an Assistant Chief and Commanding Officer with the New York City Police

Department's ("NYPD") Operations Bureau at the time of my retirement on April 23, 2022.  These

positions are subordinate to the Commissioner of the NYPD, but have a high-level of authority.  I

also served as the Executive Officer of NYPD's Training Bureau, among many other positions

throughout my career.

      2.      The New York City Law Department, attorneys for the Defendant City of New

York, informed me that the Honorable Magistrate Judge Gabriel W. Gorenstein provided the

Defendants leave to address Plaintiffs' arguments concerning the proper individual to invoke the

deliberative process privilege over the documents identified in Plaintiffs' motion, as well as the

required substance from that individual regarding invocation of the privilege.  I submit this

declaration to address those arguments and in further opposition to Plaintiffs' motion to compel.

Additionally, I incorporate by reference the facts and arguments in my previous affidavits

submitted as Exhibits A and B in opposition to Plaintiffs' motion to compel at Docket No. 702.

3.      I am familiar with the deliberative process privilege and understand it to protect from disclosure advisory opinions, recommendations, and deliberations that are part of the process in formulating governmental policy.  I understand the reason for protecting such documents is to encourage candor among government officials during the decision-making process.   As a contributor to decisions of numerous NYPD policies, including those relating to the policing of large-group demonstrations and mass protests, I can confirm the importance of candor and trust in the decision-making process and the chilling effect that would result from any diminishment of these factors.  They are imperative to the proper functioning of the NYPD.

4.      In late June 2020, Police Commissioner Dermot Shea delegated me to conduct an after action review of the Summer 2020 demonstrations.  Plaintiffs have moved to compel some of the documents relating to the after action review.  I reviewed the documents Plaintiffs moved to compel (the "Policing Recommendations"), and determined that they are protected by the deliberative process privilege.

5.      Among the Policing Recommendations that Plaintiffs have challenged are a draft of the after-action report that I prepared (the " Draft Report"); emails from other police officials providing comments to the Draft Report; notes I used in preparation of the Draft Report, and other materials that were used for the composition of the Draft Report.  For the sake of brevity, I refer the Court to the Defendants' Privilege Log attached to Plaintiffs' Motion as Exhibit 2 for a complete and accurate recitation of the list and description of the Policing Recommendations. Contained in the Draft Report are a number of suggestions, recommendations, and opinions that were intended to advise decision makers in the formulation of NYPD policy with respect to policing large-group demonstrations and mass protests.

6.      These documents all preceded decisions on policies that related to the Draft Report and that were subsequently made by the NYPD.  As I have described in past affidavits, my work on the Draft Report resulted in the adoption of new policies and practices, like the placing of "Cold Fire" fire extinguishers directly into patrol cars so that officers can more effectively address dangerous conditions.  Some of my other suggestions, however, were not adopted by the NYPD, but that does not make the Policing Recommendations any less privileged, as they were still a part of the decision-making process.  Indeed, emails from higher-ranking NYPD officials containing comments on the policy suggestions in the Draft Report are included in the Policing Recommendations.  These emails are deliberative in nature and also demonstrate the deliberative nature of these documents.

7.      The Policing Recommendations are also deliberative because they were prepared with the intention of being used to formulate new NYPD policies and practices for policing large-group demonstrations and mass protests.  This is evident from the policies and practices that are suggested, recommended, and advocated for in the Draft Report.  The notes, comments, emails, and other component drafts that makeup the rest of the Policing Recommendations either informed or were incorporated into the Draft Report and its recommendations.  As such, the Policing Recommendations are pre-decisional and deliberative in nature.

8.      Policy-making is a quintessential function for local government agencies like NYPD.  For that function to work properly candor must be protected for those participating in the process.   The disclosure of the Policing Recommendations—which are highly sensitive, confidential, and not intended for disclosure—would inhibit the candor of NYPD officials in the formulation of policies.  These are not matters where the public would be best served by timid, fearful, or reticent policy-makers who have been chilled by the possibility of having their

suggestions, recommendations, and opinions open for public consumption.  Disclosures of the Policing Recommendations presents a danger to NYPD's policy-making process.

9.      Accordingly, the Court should deny Plaintiffs' motion to compel the production of the Policing Recommendations.

Dated:  New York, New York
        January 13, 2023

_____
THOMAS CONFORTI