UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In Re: New York City Policing During Summer      :          ORDER
2020 Demonstrations                                                          20 Civ. 8924 (CM) (GWG)
                                                                         :
-------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

With regard to the dispute raised in Docket ## 773, 791, and 795, the Court is mindful of the principle that where "a party seeks discovery on discovery, that party must provide an adequate factual basis to justify the discovery, and the Court must closely scrutinize the request in light of the danger of extending the already costly and time-consuming discovery process ad infinitum." Kaye v. N.Y. City Health & Hosps. Comm'n, 2020 WL 283702, at *1 (S.D.N.Y. Jan. 21, 2020) (citation and punctuation omitted).

We address two issues that this dispute raises.

First, we consider whether there is justification for obtaining discovery as to video sources beyond the sources already drawn on by the City of New York (the "City"). The defendants have proceeded on the assumption that certain types of footage — essentially, ARGUS, Aviation, TARU, and body-worn cameras — were the only types of video required for production in relation to the protests. We need not address the question of whether the defendants reasonably believed that plaintiffs were not seeking video from other sources. Assuming arguendo that defendants should have recognized that plaintiffs were seeking other types of video, the mere existence of other types of cameras controlled by City agencies does not provide a basis for allowing unfettered discovery into the existence of such cameras regardless of burden. The Court accepts the City's assertion that gathering information on all possible video sources in the control of the City would be unduly burdensome. Instead the issue should be governed by what is normally done by the City when faced with a similar question of importance. In this case, the New York City Police Department ("NYPD") is the primary investigative agency of the City, and thus the City would be justified to respond to requests for video of outdoor activity by looking to video normally accessed by the NYPD in conducting its own investigations of criminal activity occurring outdoors (or in analyzing its own outdoor operations). The current record suggests that the video normally accessed by the NYPD for this purpose consists of the very sources of video that were produced in this case, with the possible exception of video available from the Department of Transportation cameras. See Docket # 795 at 3.

Given these circumstances, it would not be proportional to the needs of this case to require the City to educate and produce a witness as to the video sources available to all City agencies. Instead, it will be enough for plaintiffs to have the following question answered: what video within the control of any City department (including, of course, the NYPD) is normally sought by the NYPD in conducting investigations of incidents occurring outdoors? The response shall be provided within 7 days either through a sworn statement or by producing a Rule 30(b)(6)

witness, at the City's option.[1]

If the response indicates video sources other than what have been produced to date, the plaintiffs are entitled to basic information (of a kind that would not be burdensome to gather) regarding the nature of this video — for example, the location of cameras in relation to the protests (if not already available to the plaintiffs via a website) and how long video is stored for — and what efforts, if any, were made to preserve any relevant footage for this litigation.[2]

The second issue is what further information plaintiffs are seeking as to preservation/loss of ARGUS and Aviation footage.  It appears that the defendants have already provided some information regarding preservation efforts and lost footage as to ARGUS.  The plaintiffs' initial letter was not clear as to what further information they seek as to ARUGS footage and the City's letter thus did not respond.  While the plaintiffs' reply letter is clearer as to what they are looking for, it is unclear if the City is still objecting to the information being sought as to ARGUS.  As to Aviation footage, it appears that the City is not objecting to providing additional information as to this footage, and the City's letter suggests there has not been sufficient conferral on the question (see Docket # 791 at 3).

Accordingly, the parties are directed to confer specifically as to what additional information is being sought as to ARGUS and Aviation footage.  If a resolution cannot be reached, a new application may be made that identifies specifically what information plaintiffs seek as to each source.  If it helps, it appears to the Court that questions 1 and 2 in the plaintiffs' reply letter (Docket # 795 at 2, 3) would be information to which plaintiffs are entitled, although the Court has not had the benefit of seeing the City's response to the plaintiffs' request regarding those questions.

As to the method of obtaining information, it is the Court's view that a deposition on written questions is the least practical method of doing so.  The presumption should be either that a Rule 30(b)(6) witness will provide the information or that the City will offer a sworn statement on the topic.  Or, if it is a matter within the knowledge of City attorneys, a letter from an attorney (that would bind the City as to any facts stated) may be appropriate.

SO ORDERED.

Dated: New York, New York
January 23, 2023

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] The parties may agree to change this deadline without Court order.

[2] Of course, the fact that the City may have to provide information should not be construed as suggesting that plaintiffs have a basis for a spoliation motion.

2