USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/26/2023

# COHEN&GREEN

January 25, 2023

Hon. Colleen McMahon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2550
New York, New York 10007

By Electronic Filing.

Re: **In re: New York City Policing During Summer 2020 Demonstrations,**
1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases

Dear Judge McMahon:

**MEMO ENDORSED**

As the Court may recall, I represent the *Sow* Plaintiffs in this case. I write on behalf of the non-stayed Plaintiffs in these consolidated cases. I write to request that the Court extend the time under Rule 72(a) for Plaintiffs to appeal Judge Gorenstein's Order at Dkt. No. 811 for two weeks, until February 9, 2023. That order concerns Plaintiffs' requests for admission. While the appeal is currently due January 26, 2023 — Plaintiffs have been attempting to make this application on consent by offering concessions to the Defendants in exchanges for their consent since Monday. Plaintiffs are still discussing whether to appeal the Order, and would appreciate more time both to decide as a common interest unit whether to appeal, as well as to properly draft an appropriate and well-drafted appeal. The City has refused to consent, and we have included its position below.

The motion concerns a set of requests for admission served almost a year ago, on February 16, 2022. Defendants initially failed to respond to the requests at all. Some months later, Defendants sought leave of Court to interpose objections, notwithstanding that Plaintiffs had relied on these facts being admitted. In a June Order, noting its "frustration" with the City's attorneys' repeated "failure to comply with" the "most basic responsibilities of attorneys" — and the fact that "[t]he City has already been sanctioned for its repeated failure to comply with such basic responsibilities" in this case — the Court allowed the City to vacate its admissions. Dkt. No. 598. The City then sought an eleventh hour protective order, which the Court denied, explaining that "the procedure outlined in Fed. R. Civ. P. 36 ... is not in and of itself burdensome even for 286 requests." Dkt. No. 626 at 7.

Following that, the City objected to — rather than admitting or denying — almost every single RFA. Plaintiff moved to either compel answers or deem the RFAs admitted where the City interposed objections rather than admitting or denying. The Court's order rejected most of Defendants' objections on the merits and noted that, "to the extent an objection is ruled on herein, Defendants should not re-assert it in its responses to the new set of RFAs." However, the Court also cautioned Plaintiffs the fact that it has made rulings as to specific RFAs does not mean that it has determined that any RFA is "necessarily proper for re-propounding at this stage as opposed to at the end of the discovery period." Rather, the Order directed Plaintiffs, "at this stage [of

*Handwritten annotation:* 1/26/2023 — You may have two extra weeks. I assure you I will rule on any appeal expeditiously — and if I conclude that the City has behaved unreasonably, be open to imposing sanctions.



discovery]," to "serve a new set of RFAs, far fewer in number," that "could realistically eliminate the need for an avenue of discovery on a particular topic." Dkt. No. 811 at 1. That was, among other things, based on the Court seeming to credit Defendants' claim that they "have not completed their investigation" into the underlying facts of this case. Dkt. No. 811 ¶ 14.

Defendants' position on Plaintiffs' extension request is:

> Defendants consent to plaintiffs' request provided that (1) defendants are granted the same two-week extension, until March 9th, to respond to plaintiffs' appeal, and (2) defendants have 30 days from the Court's decision on plaintiffs' appeal to respond to plaintiffs' anticipated re-propounded RFAs.

Defendants' attempt to link a routine extension to a substantive concession — seemingly asking Plaintiffs to extend Defendants' time to answer any RFA, on any issue, until 30 days after the resolution of any appeal— is misplaced. As directed by the Court's Order, Plaintiffs intend to re-propound a limited set of RFAs in the short term that will "go to issues such as the authenticity of documents and basic factual matters for which they have a good faith belief that the RFA would not be unduly burdensome to investigate and that an admission to the RFA would in fact eliminate the need for discovery. Dkt. No. 811. Delaying admissions on those matters — which have already been delayed for *nearly a year* — serves no purpose besides delay, and undermines the entire rationale for the order Defendants would presumably defend on appeal.[1]

Indeed, Defendants' position seems to fail to take account of the schedule at all — the parties are simply not in a place where leisurely responses to discovery are possible. The City's objection appears to basically be to doing two things at once. Buta t this stage, after years of Court Orders saying as much, the City must staff the case such that it can walk and chew gum.

Thus, we respectfully request that the Court grant a two week extension of the time to appeal Dkt. No. 811 under Rule 72 — and if Plaintiffs ultimately elect to file the appeal, they have no objection to providing Defendants several weeks to prepare a response.

As ever, we thank the Court for its time and consideration.

---

[1] In fact, Defendants themselves objected to linking this issue with the resolution of the appeal when the shoe was on the other foot. Plaintiffs initially asked Defendants to stipulate to an extension of time to appeal linked to the resolution of the re-propounding process — and Defendants made clear they viewed (at least when it benefited them) the processes as entirely separate and not likely to interact with any appeal. It was only when Plaintiffs attempted to accommodate that view that Defendants wanted to link the processes.

Nonetheless, if the Court believes the processes are appropriately linked, given the rocket docket pace of this case and the need to keep discovery moving, Plaintiffs ask instead that the Court allow the process Judge Gorenstein dictated to go forward first, and stay the time to appeal until 14 days after resolution of the re-propounding process if it results in motion practice.



Page 2 of 3



            Respectfully submitted,

            /s/

            J. Remy Green
              *Honorific/Pronouns: Mx., they/their/them*
            **COHEN&GREEN P.L.L.C.**
            *Attorneys for Sow Plaintiffs*
            1639 Centre St., Suite 216
            Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

COHEN&GREEN             Page 3 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com