UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In Re: New York City Policing During Summer    :    ORDER
2020 Demonstrations
                                                                                   20 Civ. 8924 (CM) (GWG)
                                                                   :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

  With regard to the application for reconsideration in Docket # 798, the Court's Order (Docket # 780) did not find, as plaintiffs suggest, that "the request could not be narrowed appropriately" (Docket # 798 at 1). To the contrary, the Court found that the interrogatories numbered 10 and 11 were unduly burdensome "as currently formulated." (Docket # 780). The Court assumed that following issuance of its Order the parties would then confer to determine if there was a request seeking a subset of the information that was not unduly burdensome. If the plaintiffs do not think that a conferral with the City can result in an agreed-upon narrowing of the request, the Court is prepared to hold a conference (at which Ms. Fitzpatrick would be available) so the Court could determine for itself whether there might be an appropriate narrowing and, if so, what form it could take.

  To aid the parties, the Court notes that it might not be burdensome for defendants to produce information about discipline involving a limited number of police personnel with supervisory control --- an area of concern that has been specifically expressed and alleged by plaintiffs. See Docket # 742 at 5; Amended Complaint (Docket # 51 in 21 Civ. 0322), ¶¶ 28-30 ("Am. Compl."). By contrast, a request to provide information that expands upon and verifies allegations for which plaintiffs already seem to have data, see Am. Compl. ¶¶ 34-36, and that would require an unduly burdensome effort, is likely disproportionate.

  As an additional aid to the parties, the Court notes that it will not preclude the plaintiffs from making their "sword/shield" argument in the future merely on the ground that the argument was not fully set forth in Docket # 742. The Court views the issue as more appropriately decided on the merits rather than based on a procedural failing   In other words, the Court would review any such argument in the future de novo rather than based on a reconsideration standard. This Order, however, should not be read as suggesting that the Court will or will not find that the argument has merit.

  Plaintiffs should consult with the City promptly on the issue of narrowing and then report as to whether an agreement can be reached or whether the Court should schedule a conference.

  SO ORDERED.

Dated: January 30, 2023
   New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge