UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In Re: New York City Policing During Summer   :        ORDER
2020 Demonstrations                             20 Civ. 8924 (CM) (GWG)
                                                     :
-------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Plaintiffs have moved to compel defendants (the "City") to produce documents relating to an "after-action review" of the New York City Police Department ("N.Y.P.D.") response to the summer 2020 demonstrations.[1]  Defendants have opposed the motion, arguing that the deliberative process privilege protects these documents and that the plaintiffs have not articulated sufficient reasons to overcome the privilege.  See Opp. at 2-6.

In their initial opposition to the plaintiffs' motion, and to support the assertion of privilege, defendants provided two affirmations from Thomas Conforti.[2]  In the first of these affirmations, Conforti identified himself as an "Assistant Chief" in the NYPD and the "Commanding Officer of the Operations Bureau."  See Apr. 19, 2022 Conforti Aff.  He described the work he undertook in creating the draft of the after-action review report and stated that he had provided his work materials to the NYPD Legal Bureau.  See id.  In a second affirmation, Conforti stated he had retired from the police department two months earlier (four days after the first affirmation was signed) and confirmed that an exhibit to his affirmation listed the records referred to in the first affirmation.  See June 28, 2022 Conforti Aff.

In their reply brief, plaintiffs argued, among other things, that the City had not properly invoked the privilege because they had not "filed an affidavit from the head of the NYPD or a high-level delegate formally invoking the privilege."  See Reply at 2.  The plaintiffs cited case law holding that "[i]t is well-established that the claim of deliberative-process privilege must be lodged by the head of the agency after personal consideration of the allegedly privileged material or by a subordinate with high authority pursuant to guidelines on the use of the privilege issued by the head of the agency."  Id. (citing United States v. Wey, 252 F. Supp. 3d 237, 250 (S.D.N.Y. 2017)).

---

[1]  See Motion to Compel, filed July 21, 2022 (Docket # 680); Memorandum of Law in Support, filed July 21, 2022 (Docket # 681) ("Pl. Mem."); Declaration of Corey Stoughton, filed July 21, 2022 (Docket # 682) ("Stoughton Decl."); Defendants' Memorandum of Law in Opposition, filed July 28, 2022 (Docket # 702) ("Opp."); Declaration of Shannon Riordan, filed July 28, 2022 (Docket # 702-1) ("Riordan Decl."); Reply Memorandum, filed Aug. 1, 2022 (Docket # 708) ("Reply"); Letter, filed Jan. 13, 2023 (Docket # 815) ("Def. Ltr."); Letter, filed Jan. 20, 2023 (Docket # 819) ("Pl. Ltr.").

[2]  See Affidavit of New York City Police Department Assistant Chief Thomas Conforti, annexed as Exhibit A to Riordan Decl. (Docket # 702-1) ("Apr. 19, 2022 Conforti Aff."); Supplemental Affidavit of Retired New York City Police Department Assistant Chief Thomas Conforti, annexed as Exhibit B to Riordan Decl. (Docket # 702-1) ("June 28, 2022 Conforti Aff.").

The undersigned issued an Order that gave the City leave to respond to this argument and to provide a supplemental affidavit to invoke the privilege if it so chose.  See Order, filed Dec. 9, 2022 (Docket # 779).  The City filed a letter response accompanied by a third affirmation from Conforti.  See Def. Ltr; Declaration of Thomas Conforti, annexed as Exhibit C to Def. Ltr (Docket # 815) ("Jan. 13, 2023 Conforti Aff.").  Conforti repeated that that he had retired more than eight months earlier (on April 23, 2022) and stated that he retired from a position "subordinate to the Commissioner of the NYPD," describing the position as one of a "high-level of authority."  See Jan. 13, 2023 Conforti Aff. ¶ 1.  Conforti stated that he "reviewed the documents Plaintiffs moved to compel . . . and determined that they are protected by the deliberative process privilege."  Id. ¶ 4.  He said nothing about any delegation of authority to invoke the privilege, referring once again only to the fact that the former Commissioner had "delegated" him to conduct the after-action review itself.  Id. ¶ 4.

"[D]eliberative process covers 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'"  Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001) (quoting N.L.R.B. v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975)).  As we stated previously, "[a] document may properly be withheld pursuant to the deliberative process privilege if it is: '(1) predecisional, i.e., prepared in order to assist an agency decisionmaker in arriving at his decision, and (2) deliberative, i.e., actually . . . related to the process by which policies are formulated.'"  In re New York City Policing During Summer 2020 Demonstrations, 563 F. Supp. 3d 84, 87 (S.D.N.Y. 2021) (quoting ACLU v. Nat'l Sec. Agency, 925 F.3d 576, 592 (2d Cir. 2019)).

Case law provides that because "[t]he assertion of the deliberative process privilege reflects a deviation from the norm of full transparency in litigation[,] . . . it should only be exercised by the head of an agency or through tightly controlled delegation."  In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig., 643 F. Supp. 2d 439, 443 (S.D.N.Y. 2009); see also Resol. Tr. Corp. v. Diamond, 137 F.R.D. 634 (S.D.N.Y. 1991) ("The claim of deliberative-process privilege must be lodged by the head of the agency after personal consideration of the allegedly privileged material.  Although this power may be delegated to a subordinate with high authority, this may be done only if the head of the agency issues guidelines on the use of the privilege.") (citation omitted).

Here, the City's original affirmations were plainly insufficient.  The first affirmation consisted of an official merely describing documents and work that went into their collection and/or creation.  See Apr. 19, 2022 Conforti Aff.  This affirmation does not contain an invocation of the deliberative process privilege, nor does it contain any averment as to what authority or delegated authority under which Conforti may have invoked the deliberative process privilege.  The second affirmation contains no such information either.  See June 28, 2022 Conforti Aff.  Moreover, Conforti reveals that he is retired, see id. ¶ 1, and thus with no obvious source of authority to invoke the privilege on behalf of the City.

The third affirmation confirms Conforti's status as private citizen, see Jan. 13, 2023 Conforti Aff. ¶ 1.  While it states that former Commissioner Dermot Shea "delegated" the production of the report to Conforti, see id. ¶ 4, there is no showing that either the former or

current Commissioner delegated to Conforti the role of exercising the N.Y.P.D.'s prerogative to invoke the privilege.  The affirmation is simply silent on this issue.

As case law reflects, the requirement that the deliberative process privilege be invoked by an appropriate actor is not a mere formality.

> This power to claim the privilege may be delegated by the head of the agency, but only to a subordinate with high authority.  Nevertheless, before this properly may be done, the head of the agency must issue guidelines on the use of the privilege.  These requirements are designed to guarantee both that the delegatee official has sufficient expertise in the agency's operations and functions, and will be able to render decisions on privileged information after reasoned judgment.

Mobil Oil Corp. v. Dep't of Energy, 520 F. Supp. 414, 416 (N.D.N.Y. 1981).

The submissions from the City suffer from the separate defect that the person invoking the privilege was not even a government employee at the time the invocation was made.  As one case notes: "The government is the holder of the privilege for official information.  This means that the privilege belongs to the government, not the persons who happen to fill bureaucratic posts at the time."  Lawrence v. Suffolk Cnty., 2022 WL 855380, at *10 (E.D.N.Y. Mar. 23, 2022) (quoting 26A Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure § 5684 (1st ed.)).  To fulfill the purpose of the doctrine regarding invocation of the deliberative process privilege, an agency head must delegate the invocation to another high-level official who is acting in that capacity at the time the invocation is made.

The City's sole citation to case law on this issue, see Def. Ltr. at 2, is City of New York v. FedEx Ground Package Sys., Inc., 2017 WL 4155410, at *5-6 (S.D.N.Y. Sept. 19, 2017).  But this case concerns only the timing of the review reflected in the affidavit of the official invoking the privilege and does not alter any case law requirements as stated above.  Thus, the City has not properly invoked the deliberative process privilege.

The Court is loath to grant the plaintiffs' motion to compel simply on this basis, however, because the Court's statements when this issue was first raised (at a conference held on April 12, 2022), may have given the impression that the Court was specifically looking for a declaration from Conforti.  See Docket # 508 at 85.  Additionally, this is an issue that is more appropriately decided on the merits rather than based on a procedural failing.  Accordingly, the Court will give the City one final opportunity to produce a proper declaration.  The declaration shall be filed by February 6, 2023.  The plaintiffs should inform the Court the next day if they plan to file anything further as to the declaration (and if so, on what date they plan to make the filing).  If the filing is made and properly invokes the privilege, the Court will proceed to decide the remaining issues raised in plaintiffs' motion.

SO ORDERED.

Dated: January 30, 2023
       New York, New York


_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge