

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | Peter Scutero<br>Special Associate Counsel<br>(212) 356-2332 |

February 6, 2023

**By ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re: *New York City Policing During Summer 2020 Demonstrations*,
           No. 20 Civ. 8924 (CM) (GWG)
           This filing is related to all cases

Your Honor:

      I am a Special Associate Counsel in the Special Federal Litigation Division of the New York City Law Department, and one of the attorneys assigned to the defense of the above-referenced matter. Pursuant to the Court's Order, dated January 30, 2023 (Docket # 835) (the "Jan. 30th Order"), defendants write to submit both the Declaration of Carrie Talansky, sworn to on February 6, 2023, attached hereto as Exhibit D (the "Talansky Declaration" or "Talansky Decl."); and the Designation of Carrie Talansky with the authority to invoke the deliberative process privilege on behalf of the New York City Police Department ("NYPD") attached to the Talansky Declaration (the "Talansky Designation").

      As an initial matter, Plaintiffs' last reply (Docket # 819) included arguments that were beyond the scope of Defendants' letter response (Docket # 815), third affirmation (Docket # 815), and the Court's December 9, 2022 Order (Docket # 779). These arguments concerned the underlying substance of the Defendants' invocation of the deliberative process privilege and not solely the procedural requirements for invocation that were contemplated by the Court. Defendants respectfully request the Court disregard these arguments, as well as any arguments Plaintiffs propound in reply to the instant submission that go beyond the procedural requirements the Court asked Defendants to address.

      The Court provided the Defendants an opportunity to produce another declaration in support of their invocation of the deliberative process privilege over documents relating to an "after-action review" by the NYPD. See the Jan. 30th Order at 3. Within the Jan. 30th Order, the Court noted that the Defendants did not properly invoke the deliberative process privilege because

there was no showing that their declarant was delegated the authority to invoke the privilege.  Id. at 2 – 3.

The deliberative process privilege "must be invoked by the head of the governmental agency which has control over the information to be protected after personal review of the documents in question or by a subordinate designee of high authority."  Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J., 2014 U.S. Dist. LEXIS 77040 * 12 (S.D.N.Y. 2014)(emphasis added); citing, Reino de Espana v. Am. Bureau of Shipping, 2005 U.S. Dist. LEXIS 15685, at * 36-37 (S.D.N.Y. 2005); also citing, In re Grand Jury Subpoena dated August 9, 2000, 218 F. Supp. 2d 544, 552 (S.D.N.Y. 2002).  "[T]here is no categorical prohibition on individuals who are attorneys as well as qualified designees of high authority from providing the required affidavit." City of N.Y. v. FedEx Ground Package Sys., 2017 U.S. Dist. LEXIS 151797 at *19 (S.D.N.Y. 2017).

The Talansky Declaration, submitted in opposition to Plaintiffs' motion, avers the facts that Deputy Commissioner Carrie Talansky is a subordinate, of high authority, to the Police Commissioner and was designated with the authority to invoke the deliberative process privilege on behalf of the NYPD.  See Talansky Decl. at ¶¶ 1 and 3.  Deputy Commissioner Talansky's position consists of a dual role; she serves as attorney as well as a significant policy advisor, developing public policy and contributing to numerous policy decisions for the NYPD, including those relating to policing demonstrations and protests.  Id. at ¶¶ 1 and 5.  By Deputy Commissioner Talansky's dual capacity she satisfies the procedural requirements for declarants of the deliberative process privilege.  See e.g. FedEx at * 18 - 19.

Moreover, Deputy Commissioner Talansky found the Policing Recommendations to be protected documents after reviewing both them and the Police Commissioner's guidelines.  Id. at ¶¶ 4 and 6.  The Commissioner's guidelines provides instructions and limitations for invoking the deliberative process privilege.  See Talansky Designation.  The Defendants believe they have properly invoked the privilege and met the procedural requirements under relevant case law.  See Auto Club at * 12.

Accordingly, Defendants respectfully request that the Court deny Plaintiffs' motion to compel the documents relating to the after-action review.

Thank you for your time and attention to this matter.

Respectfully submitted,

*Peter Scutero*

Peter Scutero
*Special Associate Counsel*
Special Federal Litigation Division

Encl.
cc:     All Counsel (via ECF)

# **EXHIBIT D**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

In Re: New York City Policing During　　　　　Index No. 20-CV-8924 (CM)(GWG)
Summer 2020 Demonstrations

----------------------------------------------------------x　　**DECLARATION OF**
　　　　　　　　　　　　　　　　　　　　　　　　　**CARRIE B. TALANSKY**

**CARRIE B. TALANSKY**, declares under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.　I am the Acting Deputy Commissioner of Legal Matters with the New York City Police Department ("NYPD"). This position is subordinate to the Commissioner of the NYPD, but has a high-level of authority and plays a role in the development of public policy. I am currently the highest-ranking attorney in the NYPD. I also served as the Assistant Commissioner of Criminal Matters from February 2020 until my promotion to the current role in 2022.

2.　The New York City Law Department, attorneys for the Defendant City of New York, informed me that the Honorable Magistrate Judge Gabriel W. Gorenstein provided the Defendants leave to address Plaintiffs' arguments concerning the proper individual to invoke the deliberative process privilege over the documents identified in Plaintiffs' motion, as well as the required substance from that individual regarding invocation of the privilege. I submit this declaration to address those arguments and in further opposition to Plaintiffs' motion to compel.

3.　On February 6, 2023, Police Commissioner Keechant L. Sewell designated authority to me, a high-ranking official, to assert the deliberative process privilege on behalf of the NYPD. See a copy of the Police Commissioner's designation attached as Exhibit "A". In addition, the Police Commissioner has issued guidelines on the use of the deliberative process privilege.

See Exhibit "A". These guidelines were designed to provide the Commissioner's official designee with the capability to render decisions on the privileged nature of information and documents.

4.     I am familiar with the deliberative process privilege and understand it to protect from disclosure advisory opinions, recommendations, and deliberations that are part of the process in formulating governmental policy. I understand the reason for protecting such documents is to encourage candor among government officials during the decision-making process. I have reviewed Commissioner Sewell's guidelines for invoking the deliberative process privilege.

5.     As a contributor to decisions of numerous NYPD policies, including those relating to the policing of large-group demonstrations and mass protests, I can confirm the importance of candor and trust in the decision-making process and the chilling effect that would result from any diminishment of these factors. They are imperative to the proper functioning of the NYPD.

6.     In late June 2020, former Police Commissioner Dermot Shea delegated Chief Thomas Conforti to conduct an after action review of the Summer 2020 demonstrations. Plaintiffs have moved to compel some of the documents relating to the after action review. I reviewed the documents Plaintiffs moved to compel (the "Policing Recommendations"), and determined, pursuant to Commissioner Sewell's guidelines, that the Policing Recommendations are protected by the deliberative process privilege.

7.     Among the Policing Recommendations that Plaintiffs have challenged are a draft of the after-action report that Chief Conforti prepared (the " Draft Report"); emails from other police officials providing comments to the Draft Report; notes he used in preparation of the Draft Report, and other materials that were used for the composition of the Draft Report. For the sake of brevity, I refer the Court to the Defendants' Privilege Log attached to Plaintiffs' Motion as Exhibit 2 for a complete and accurate recitation of the list and descriptions of the Policing

Recommendations. I incorporate the list and descriptions of the Policing Recommendations contained in the Defendants' Privilege Log by reference. Contained in the Draft Report are a number of suggestions, recommendations, and opinions that were intended to advise decision makers in the formulation of NYPD policy with respect to policing large-group demonstrations and mass protests.

8. These documents all preceded decisions on policies that related to the Draft Report and that were subsequently made by the NYPD. Upon information and belief, Chief Conforti's work on the Draft Report resulted in the adoption of new policies and practices, like the placing of "Cold Fire" fire extinguishers directly into patrol cars so that officers can more effectively address dangerous conditions. Some of his other suggestions, however, were not adopted by the NYPD, but that does not make the Policing Recommendations any less privileged, as they were still a part of the decision-making process. Indeed, emails from higher-ranking NYPD officials containing comments on the policy suggestions in the Draft Report are included in the Policing Recommendations. These emails are deliberative in nature and also demonstrate the deliberative nature of these documents.

9. The Policing Recommendations are also deliberative because they were prepared with the intention of being used to formulate new NYPD policies and practices for policing large-group demonstrations and mass protests. This is evident from the policies and practices that are suggested, recommended, and advocated for in the Draft Report. The notes, comments, emails, and other component drafts that makeup the rest of the Policing Recommendations either informed or were incorporated into the Draft Report and its recommendations. As such, the Policing Recommendations are pre-decisional and deliberative in nature.

10. Policy-making is a quintessential function for local government agencies like NYPD. For that function to work properly candor must be protected for those participating in the process. The disclosure of the Policing Recommendations—which are highly sensitive, confidential, and not intended for disclosure—would inhibit the candor of NYPD officials in the formulation of policies. These are not matters where the public would be best served by timid, fearful, or reticent policy-makers who have been chilled by the possibility of having their suggestions, recommendations, and opinions open for public consumption. Disclosures of the Policing Recommendations presents a danger to NYPD's policy-making process.

11. Accordingly, the Court should deny Plaintiffs' motion to compel the production of the Policing Recommendations.

Dated: New York, New York
February 6, 2023

_____
CARRIE B. TALANSKY

# **EXHIBIT A**

DCLM # __/2023

**Keechant L. Sewell,** as the Police Commissioner of the City of New York, acting pursuant to Section 1101 of the New York City Charter, hereby designates Carrie B. Talansky, Acting Deputy Commissioner, Legal Matters to act on my behalf for the purposes of invoking the deliberative process privilege.

It is my direction that this privilege may be invoked in accordance with the following instructions and limitations:

a. The deliberative process privilege protects against the disclosure of documents that are part of the process by which government decisions are made and policies are formulated.

b. The Department may invoke the privilege over documents that have been personally reviewed, and that are both (1) "pre-decisional," meaning they were prepared to assist an agency decision-maker in arriving at his/her decision; and (2) "deliberative," meaning they are related to the process by which decisions and policies are formulated and positions are reached.

c. The Department does not invoke the privilege over purely factual statements, but a document may be withheld in its entirety where factual statements and deliberative content are so intertwined as to make redaction unworkable or when the disclosure of documents would reveal the Department's decision-making process.

This designation shall be effective commencing February 6, 2023, and shall expire on the earlier of (a) the expiration of my term in office as Police Commissioner, or (b) the expiration of the tenure of the above named persons in their present positions, or (c) my revocation or modification of this designation. All acts performed by the above named persons within the scope of this designation, on or after February 6, 2023, to date are hereby affirmed and ratified.

Dated: February 6, 2023

_____
Keechant L. Sewell
POLICE COMMISSIONER