


February 8, 2023

**Via ECF**
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> *Re: In re: New York City Policing During Summer 2020 Demonstrations, No. 20-CV-8924*
> *This Filing is Related to All Cases*

Dear Judge Gorenstein:

      We write on behalf of the non-stayed Plaintiffs in response to Defendants' February 6, 2023 letter ("Defendants' Letter") (Dkt. No. 837) and attached declaration (Dkt. No. 837, Exhibit D) ("Talansky Declaration"), which were submitted at the Court's invitation in further opposition to Plaintiffs' pending motion to compel the production of documents relating to the NYPD's after-action review of the summer 2020 protests. As with Defendants' prior efforts to justify invocation of the privilege, *see* Dkt. No. 815, the letter and declaration fail to provide any foundation for rebutting Plaintiffs' arguments that Plaintiffs' need for the documents overcomes the deliberative process interest articulated by Defendants and that production of the documents with appropriate redactions would protect the concerns Defendants articulate while allowing Plaintiffs access to non-privileged, factual information contained in the disputed documents. *See* Dkt. Nos. 708, 819. On the latter point, the Talansky Declaration fails altogether to address one of the factors in Commissioner Sewell's own guidelines for invoking the deliberative process privilege to entirely withhold a document: whether "factual statements and deliberative content are so intertwined as to make redaction unworkable." Dkt. No. 837, Exhibit A.

      Moreover, Defendants' suggestion that arguments about the substance of the declaration are "beyond the scope" of the court's order, Defendants' Letter 1, is without merit. The purpose of Defendants' declaration is to lay a foundation for the invocation of the privilege. *See Fox News Network, LLC v. U.S. Dep't of Treasury*, 911 F. Supp. 2d 261, 270 (S.D.N.Y. 2012) (declarations invoking a privilege must give "reasonably detailed explanations why any withheld documents fall within an exemption."); *Resol. Tr. Corp. v. Diamond*, 773 F. Supp. 597, 604 (S.D.N.Y. 1991) (rejecting a declaration asserting the deliberative process privilege because it was "merely a paraphrase of the rationale for the deliberative-process privilege described in the case law."). In the instant response, as well as in Plaintiffs' prior response, Plaintiffs simply provide context for assessing the value of Defendants' declaration, as they would have done had Defendants followed the proper procedure to invoke the privilege in the first place. This

1

conforms to the Court's invitation for further briefing "as to the required substance of any statement" to invoke the privilege. Dkt. No. 779.

Accordingly, Plaintiffs request that the Court grant Plaintiffs' motion to compel the at-issue documents. Alternatively, Plaintiffs request that the Court proceed with in-camera review and order Defendants to produce the documents with privileged material redacted.

Respectfully submitted,

By: /s/ *Daniel Lambright*
Daniel R. Lambright
Molly K. Biklen
Jessica Perry
Robert H. Hodgson
Veronica Salama
Lisa Laplace
Christopher T. Dunn
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
dlambright@nyclu.org

By: /s/ *Corey Stoughton*
Corey Stoughton
Jennvine Wong
Rigodis Appling
The Legal Aid Society
199 Water Street
New York, NY 10038
(212) 577-3367
cstoughton@legal-aid.org