

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | Peter Scutero<br>Special Associate Counsel<br>pscutero@law.nyc.gov<br>Phone:  (212) 356-2332 |

February 15, 2023

**By ECF**
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re:  *New York City Policing During Summer 2020 Demonstrations*,
              No. 20 Civ. 8924 (CM) (GWG)
              This filing is related to all cases

Your Honor:

      I am a Special Associate Counsel in the Special Federal Litigation Division of the New York City Law Department, and one of the attorneys assigned to the defense of the above-referenced matter.  Defendants write to advise the Court of an article that was published by the New York Daily News on Monday, February 13, 2023 at 5:19 p.m. entitled: *Never-released internal NYPD report cites 'shortcomings and missteps' in response to 2020 George Floyd protests*.

      The subject "NYPD report" of this article purports to be the draft after-action review that was prepared by Chief Thomas Conforti with respect to the protests that took place in late May and June of 2020 (the "After-action Review").  Defendants have maintained that the After-action Review is privileged pursuant to the deliberative process privilege.  Indeed, during months of litigation over this document, and as recent as Monday, February 13th during a lengthy Court conference, the defendants again asserted privilege over the After-action Review, which underscores the events that followed shortly thereafter.

      By way of timeline, the conference on Monday, February 13th concluded shortly after 1 p.m. when the Court adjourned and reserved its decision on whether plaintiffs are entitled to the After-action Review.  A few hours later—at 5:19 p.m.—the Daily News article was published on its official website.  On Tuesday, February 14, 2023, plaintiffs requested that the defendants withdraw their assertion of privilege in an email, stating that "[t]he disclosure to the Daily News could only have come from an authorized source within the City, because only such individuals

had access to the report." Defendants responded to plaintiffs today that their assertion of the privilege will not be withdrawn.

As the Court is aware, the City maintains the authority to invoke or waive the deliberative process privilege, and "no waiver will be found unless that disclosure was [both] 'authorized' by the governmental agency and 'voluntary'. <u>Dipace v. Goord</u>, 218 F.R.D. 399, 406 – 407 (S.D.N.Y. 2003) (where this Court found no waiver of a publicly unauthorized disclosed document and granted the New York State Attorney General's motion for a protective order). The City did not authorize disclosure of the After-action Review and is unaware of any occasion in which the After-action Review was shared by anyone at the City with anyone outside the City who has such authority. <u>See</u> <u>e.g.</u> <u>Dipace</u> at 406. Even the truncated timeline above strongly suggests that the City has not withdrawn the privilege or voluntarily authorized the disclosure of the After-action Review and related documents. In light of the fact the Court is currently considering the issue of privilege of the After-action Review, defendants wanted to bring this matter to the Court's attention.

Thank you for your time and attention.

Respectfully submitted,

*Peter Scutero* /s

Peter Scutero
*Special Associate Counsel*
Special Federal Litigation Division

cc:   ALL COUNSEL (via ECF)