# EXHIBIT B

| | |
|---|---|
| **From:** | Robinson, Amy (LAW) |
| **To:** | Prakash, Swati; Weiss, Dara (Law); Nelson, Genevieve (Law); Weng, Jenny (Law); Breslow, Stephanie (Law) |
| **Cc:** | Payne Litigation Team; Sow-Legal; Andrew Stoll; Wood; AG-NYPDLitigation; Hernandez Team; GrayLegalTeam@dwt.com; sierrateam@moskovitzlaw.com |
| **Subject:** | Re: Deposition Schedule |
| **Date:** | Thursday, February 3, 2022 1:47:54 PM |

In an effort to streamline the meet and confer, please see our responses in blue.

1. Given the sheer breadth of these multiple cases covering over eighty-three incidents involving a myriad of practices and policies, defendants are entitled to adequately prepare the deponents, who in turn are entitled to know what they will be testifying about. So, in the spirit of getting through these depositions in the times allotted efficiently and without using deposition time for witnesses to read documents, defendants require use of the *Bellamy* protocol for all of the fact and cross-designated deponents. *Bellamy v. City of New York, et al.*, 12-cV-1025 (AMD) (PK) (Dkt. No. 138). Accordingly, for all fact witnesses, defendants require the topics of the deposition, identification of the incidents (or cases) in question and the exhibits that will be used within 48 hours of the deposition. For all 30(b)(6) depositions, defendants require the incidents (or cases) in question and the exhibits within 48 hours of the deposition. Defendants are in accord with plaintiffs' agreement to bifurcate fact and 30(b0(6) portions of the depositions and notification of the order of questioning within forty-eight hours of each deposition.

<span style="color:red">With respect to 30b6 witnesses, we are not sure what you mean by identifying "the incidents (or cases) in question." Plaintiffs served a consolidated set of deposition topics; accordingly the testimony provided on all of these topics are relevant to all cases. With respect to fact and cross-designated witnesses, Plaintiffs are amenable to identifying the incidents and cases of which Plaintiffs are aware of the witness's involvement, but again do so without limitation. In light of the extraordinarily belated and still-ongoing productions being made by Defendants, any such identification will be made without limiting our rights to question the deponents about any relevant topics; Defendants may not use our cooperation in this respect against us by seeking to bar questions or otherwise limit any witness's testimony. Plaintiffs believe that the identification of such incidents or cases will also satisfy Defendants' request for identification of "topics of deposition" – given that these are fact witnesses, the topics of all depositions are of course that witness's personal involvement in matters related to the protests at issue in this litigation. Plaintiffs do not agree to provide exhibits in advance of any witness. If Defendants have authority for their position that they are "entitled" to receiving exhibits 48 hours in advance of depositions, please provide us with that.</span> <span style="color:deepskyblue">Identifying incidents means identifying the dates of incident that you plan to question a fact deponent on. Identifying cases means identifying cases that you plan to question the Legal Bureau members on. Obviously, we do not expect you to identify incidents in discovery which you have not received, but we do expect to know the incidents that you will be questioning fact witnesses and cross-designated witnesses on. We appear to be at an impasse on these issues. We believe that Bellamy provides us with the authority upon which we rely.</span>

2. As stated in plaintiffs' counsels' email of January 18, 2022, there will be one primary

questioner. Defendants do not agree to plaintiffs' change to their "one primary questioner" agreement; thus defendants do not accept separate questioners for each topic.

As stated in defendants' counsels' email January 13, Plaintiffs never agreed to "one questioner per witness," or "one questioner per day if there are multiple days." Plaintiffs did agree and as stated in plaintiffs' counsels' email, to designate a primary questioner and ensure that subsequent questioners do not duplicate questions asked by the primary questioner. At the time we had this discussion, Plaintiffs anticipated a far larger number of 30b6 designees, given that the City had designated 15 witnesses for just 9 topics, and those designees appeared to align with each witness's fact knowledge or personal involvement. However, during our meet and confer of January 13, the City abruptly rescinded its prior designations and made several entirely new ones, significantly streamlining the total number of designees. Those changing circumstances required Plaintiffs to also change our approach.

There are a total of 8 cases consolidated in this action, and Plaintiffs cannot agree that only one questioner will be responsible for the entirety of the deposition of each of the 12 30b6 witnesses now designated by the City. Defendants' demand is particularly untenable given that they are still producing the documents that were due last July, and that they appear to still be continuing to designate 30b6 witnesses, such as for training. Plaintiffs' counsel are diligently coordinating to plan for these depositions and have no desire to waste the time of any witness or ourselves. Our good faith efforts to ensure efficient depositions of these higher-level witnesses should in no way be construed as a limitation on of our right and ethical obligation to adequately represent our clients in the conduct of these depositions. Accordingly for fact witnesses, our agreement to designate a primary questioner does not waive the right of each set of plaintiffs to ask non-duplicative questions of any fact witness.

In your email dated 1/27, you stated, "Plaintiffs will have a primary questioner for each of the specific 30b6 topics or subtopics, and will endeavor to advise the City of the division of topics at least 48 hours in advance of those depositions." I took that to mean that you would be using different questioners for each topic and subtopic. Obviously, we do not agree with this course of action. However, if that is not what was meant, I misunderstood. Defendants do not expect that there will be only one questioner however at a deposition. Just that there be one primary 30(b)(6) questioner.

Defendants continue to agree to put off the depositions of Schlanger, Kehoe, Hagestad, McGinn, Daitz and Cappelmann, and when the factual record in the case is better developed, to re-examine the need for deposing these witnesses as agreed to in plaintiffs' counsels' e-mail dated January 18, 2022.
The parties are in agreement on this point.

3. As defendants agreed to plaintiffs' request for 2-day depositions of fourteen deponents, thereby adding a further fourteen days to the schedule not including extra preparation days, the parties need to file a joint motion to extend the deposition discovery deadline

beyond April 22, 2022. It is clear from the schedule that, due to defendants' agreement of 2-day depositions, all dates up to April 22nd have been exhausted, and that is not even including the additional thirteen deponents in Gray. No further deposition dates can be given until the deadline is extended.

Plaintiffs are willing to meet and confer to discuss an extension of the fact deposition discovery deadline beyond April 22.

4. The deposition of Lt. Czark does not need to exceed 7 hours as his 30(b)(6) topic is limited to, "use of mass or large-scale arrest processing," set forth in 8(x).

Lt. Czark was noticed as a fact witness on August 16; as cross-designated witness, Plaintiffs are entitled to more than 7 hours to take his testimony. Furthermore, the City appears to have designated him for multiple topics. Although he was previously identified as a designee for Topic 14, we understand from your email of January 28 that you are also designating him for Topic 8(x) ("Officers' Arrest of individuals during a demonstration or protest, including procedures for effecting and processing large-scale or mass arrests and use of mass or large-scale"). Given Czark's multiple 30b6 topics and his cross-designation as a fact witness, Plaintiff expect to have a second day for his deposition.

There is a small bit in Topic 14 regarding who determines when a MAPC is activated. Czark can speak to this, but his main role is to testify as to Topic 8(x), "use of mass or large scale arrest processing." MAPC is a limited topic, which does not require even a full day of questioning. If we possible reach the end of 7 hours, and plaintiffs find themselves needing more time, then we can cross that bridge when we come to it.

5. Defendants agree to put Chief Mullane in the 2-day deposition category and will adjust the schedule accordingly. Defendants will not agree to a 2-day deposition for Carrie Talanksy until we can confirm her involvement, if any, during or after the protests. We will be able to obtain that information after the funerals for Officers Rivera and Mora have taken place. Ernest Hart is on the list of deponents. We will add Julio Delgado. We additionally will be adding Dan Gallagher. Chiefs Shortell and Conroy are no longer with the NYPD, and are not cooperating with the Law Department.

You previously provided a date, April 13, 2022, for Chief Teresa Shortell. Are you withdrawing that date? With respect to Carrie Talansky, Plaintiffs note that she was noticed as a fact witness on August 16th and should be produced for two days. With respect to Ernest Hart, we did not see his name on the "Deposition Schedule" you sent on the 21st, but based on your email we understand that you do intend to produce him - can you confirm that you are currently securing specific dates for him?

Yes, we are withdrawing Chief Shortell's date as she is no longer cooperating. Ernest Hart is on my list, DCLM Ernest Hart, but perhaps I added him at a later date. We do intend to produce him, but without an extension, we cannot provide dates. I am trying to confirm whether Carrie Talanksy was involved with the protests. With the funeral arrangements, we have been unable to reach out to PD on this, but I should have an answer by our meet and confer.

6. Defendants will provide 30(b)(6) topics for witnesses who are covering more than one

deposition topic. There may be an additional witness designated as to training. Again, we cannot confirm this at this time due to the Officers' funerals. We will be able to confirm after the funerals for Officers Rivera and Mora have taken place.

<span style="color:red">Assuming this point is in response to my request for identification of which designee is covering which subtopic, for topics with several designees (Topics 8, 9, 10, 13, 14, 15), the City's failure to identify this division is severely compromising Plaintiffs' ability to prepare for these depositions. Two 30b6 designees are scheduled imminently: Czark and Dowling, and the City has still not identified which subtopics they will be testifying on. We requested, and the City failed to provide, the final identification of their topics by the end of last week. Accordingly, as requested in my earlier email, please be prepared to discuss appropriate ways to limit or bifurcate next week's depositions. Please also confirm that you will provide this detail for the remaining 30b6 witnesses by no later than February 4.</span>

<span style="color:blue">I have given you Czark topics twice now. I will provide Dowling's shortly.</span>

7. Defendants agree to produce prior depositions of deponents on a rolling basis to the extent that these depositions are not already in the possession of plaintiffs' counsels who took the depositions.

<span style="color:red">The City's production of prior deposition transcripts and exhibits is already subject to a Court Order (Dkt. 359), which Defendants are currently in violation of. Among those documents that remain to be produced are depositions and exhibits that are necessary to prepare for the upcoming 30(b)(6) and fact witnesses. Plaintiffs cannot agree to the production of those records on a "rolling basis." In addition, we cannot accept your proposal to limit your production "to the extent that these depositions are not already in the possession of plaintiffs' counsels who took the depositions." It is not reasonable, or correct, to assume that plaintiffs' counsel in these cases have access to whichever transcripts and exhibits you might be thinking of. Accordingly, Plaintiffs expect the production of all prior depositions transcripts and exhibits. In addition, as noted in my email of 1/27 and from this morning, Plaintiffs' expectation was that the prior deposition testimony I identified would have been timely produced on Friday, 1/28. We expect to discuss the impact of this delayed and still-outstanding production during our meet and confer on Friday.</span>
<span style="color:blue">I believe that Dara is sending out past depositions as expeditiously as possible.</span>

Amy Robinson
Senior Counsel
New York City Law Department
**Special Federal Litigation Division**
100 Church Street
New York, NY 10007
(212) 356-3518
arobinso@law.nyc.gov

**From:** Prakash, Swati <Swati.Prakash@ag.ny.gov>
**Sent:** Wednesday, February 2, 2022 3:27 PM
**To:** Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Ryan, Erin (LAW) <Eryan@law.nyc.gov>; Weiss, Dara (Law) <daweiss@law.nyc.gov>; Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Weng, Jenny (Law) <jweng@law.nyc.gov>
**Cc:** Payne Litigation Team <PayneLitigationTeam@nyclu.org>; Sow-Legal <Sow-Legal@blhny.com>; Andrew Stoll <astoll@stollglickman.com>; Wood <wood@kllflaw.com>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Hernandez Team <hernandez@femmelaw.com>; GrayLegalTeam@dwt.com <GrayLegalTeam@dwt.com>; sierrateam@moskovitzlaw.com <sierrateam@moskovitzlaw.com>
**Subject:** [EXTERNAL] RE: Deposition Schedule

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).

Amy:

To follow up on my email from earlier today confirming 1:30 on Friday to meet and confer, please see Plaintiffs' responses to the points raised in your email of last Friday, 1/28. Our responses are in red.

1. Given the sheer breadth of these multiple cases covering over eighty-three incidents involving a myriad of practices and policies, defendants are entitled to adequately prepare the deponents, who in turn are entitled to know what they will be testifying about. So, in the spirit of getting through these depositions in the times allotted efficiently and without using deposition time for witnesses to read documents, defendants require use of the *Bellamy* protocol for all of the fact and cross-designated deponents. *Bellamy v. City of New York, et al.*, 12-cV-1025 (AMD) (PK) (Dkt. No. 138). Accordingly, for all fact witnesses, defendants require the topics of the deposition, identification of the incidents (or cases) in question and the exhibits that will be used within 48 hours of the deposition. For all 30(b)(6) depositions, defendants require the incidents (or cases) in question and the exhibits within 48 hours of the deposition. Defendants are in accord with plaintiffs' agreement to bifurcate fact and 30(b0(6) portions of the depositions and notification of the order of questioning within forty-eight hours of each deposition.

<span style="color:red">With respect to 30b6 witnesses, we are not sure what you mean by identifying "the incidents (or cases) in question." Plaintiffs served a consolidated set of deposition topics; accordingly the testimony provided on all of these topics are relevant to all cases. With respect to fact and cross-designated witnesses, Plaintiffs are amenable to identifying the incidents and cases of which Plaintiffs are aware of the witness's involvement, but again do so without limitation. In light of the extraordinarily belated and still-ongoing productions being made by Defendants, any such identification will be made without limiting our rights to question the deponents about any relevant topics; Defendants may not use our cooperation in this respect against us by seeking to bar questions or otherwise limit any witness's testimony. Plaintiffs believe that the identification of such</span>

incidents or cases will also satisfy Defendants' request for identification of "topics of deposition" – given that these are fact witnesses, the topics of all depositions are of course that witness's personal involvement in matters related to the protests at issue in this litigation. Plaintiffs do not agree to provide exhibits in advance of any witness. If Defendants have authority for their position that they are "entitled" to receiving exhibits 48 hours in advance of depositions, please provide us with that.

8. As stated in plaintiffs' counsels' email of January 18, 2022, there will be one primary questioner. Defendants do not agree to plaintiffs' change to their "one primary questioner" agreement; thus defendants do not accept separate questioners for each topic.

As stated in defendants' counsels' email January 13, Plaintiffs never agreed to "one questioner per witness," or "one questioner per day if there are multiple days." Plaintiffs did agree and as stated in plaintiffs' counsels' email, to designate a primary questioner and ensure that subsequent questioners do not duplicate questions asked by the primary questioner. At the time we had this discussion, Plaintiffs anticipated a far larger number of 30b6 designees, given that the City had designated 15 witnesses for just 9 topics, and those designees appeared to align with each witness's fact knowledge or personal involvement. However, during our meet and confer of January 13, the City abruptly rescinded its prior designations and made several entirely new ones, significantly streamlining the total number of designees. Those changing circumstances required Plaintiffs to also change our approach.

There are a total of 8 cases consolidated in this action, and Plaintiffs cannot agree that only one questioner will be responsible for the entirety of the deposition of each of the 12 30b6 witnesses now designated by the City. Defendants' demand is particularly untenable given that they are still producing the documents that were due last July, and that they appear to still be continuing to designate 30b6 witnesses, such as for training. Plaintiffs' counsel are diligently coordinating to plan for these depositions and have no desire to waste the time of any witness or ourselves. Our good faith efforts to ensure efficient depositions of these higher-level witnesses should in no way be construed as a limitation on of our right and ethical obligation to adequately represent our clients in the conduct of these depositions. Accordingly for fact witnesses, our agreement to designate a primary questioner does not waive the right of each set of plaintiffs to ask non-duplicative questions of any fact witness.

9. Defendants continue to agree to put off the depositions of Schlanger, Kehoe, Hagestad, McGinn, Daitz and Cappelmann, and when the factual record in the case is better developed, to re-examine the need for deposing these witnesses as agreed to in plaintiffs' counsels' e-mail dated January 18, 2022.

The parties are in agreement on this point.

10. As defendants agreed to plaintiffs' request for 2-day depositions of fourteen deponents, thereby adding a further fourteen days to the schedule not including extra preparation days, the parties need to file a joint motion to extend the deposition discovery deadline beyond April 22, 2022. It is clear from the schedule that, due to defendants' agreement of 2-day depositions, all dates up to April 22nd have been exhausted, and that is not even

including the additional thirteen deponents in Gray. No further deposition dates can be given until the deadline is extended.

Plaintiffs are willing to meet and confer to discuss an extension of the fact deposition discovery deadline beyond April 22.

11. The deposition of Lt. Czark does not need to exceed 7 hours as his 30(b)(6) topic is limited to, "use of mass or large-scale arrest processing," set forth in 8(x).

Lt. Czark was noticed as a fact witness on August 16; as cross-designated witness, Plaintiffs are entitled to more than 7 hours to take his testimony. Furthermore, the City appears to have designated him for multiple topics. Although he was previously identified as a designee for Topic 14, we understand from your email of January 28 that you are also designating him for Topic 8(x) ("Officers' Arrest of individuals during a demonstration or protest, including procedures for effecting and processing large-scale or mass arrests and use of mass or large-scale"). Given Czark's multiple 30b6 topics and his cross-designation as a fact witness, Plaintiff expect to have a second day for his deposition.

12. Defendants agree to put Chief Mullane in the 2-day deposition category and will adjust the schedule accordingly. Defendants will not agree to a 2-day deposition for Carrie Talanksy until we can confirm her involvement, if any, during or after the protests. We will be able to obtain that information after the funerals for Officers Rivera and Mora have taken place. Ernest Hart is on the list of deponents. We will add Julio Delgado. We additionally will be adding Dan Gallagher. Chiefs Shortell and Conroy are no longer with the NYPD, and are not cooperating with the Law Department.

You previously provided a date, April 13, 2022, for Chief Teresa Shortell. Are you withdrawing that date? With respect to Carrie Talansky, Plaintiffs note that she was noticed as a fact witness on August 16th and should be produced for two days. With respect to Ernest Hart, we did not see his name on the "Deposition Schedule" you sent on the 21st, but based on your email we understand that you do intend to produce him - can you confirm that you are currently securing specific dates for him?

13. Defendants will provide 30(b)(6) topics for witnesses who are covering more than one deposition topic. There may be an additional witness designated as to training. Again, we cannot confirm this at this time due to the Officers' funerals. We will be able to confirm after the funerals for Officers Rivera and Mora have taken place.

Assuming this point is in response to my request for identification of which designee is covering which subtopic, for topics with several designees (Topics 8, 9, 10, 13, 14, 15), the City's failure to identify this division is severely compromising Plaintiffs' ability to prepare for these depositions. Two 30b6 designees are scheduled imminently: Czark and Dowling, and the City has still not identified which subtopics they will be testifying on. We requested, and the City failed to provide, the final identification of their topics by the end of last week. Accordingly, as requested in my earlier email, please be prepared to discuss appropriate ways to limit or bifurcate next week's depositions. Please also confirm that you will provide this detail for the remaining 30b6 witnesses by no later than

February 4.

14. Defendants agree to produce prior depositions of deponents on a rolling basis to the extent that these depositions are not already in the possession of plaintiffs' counsels who took the depositions.

The City's production of prior deposition transcripts and exhibits is already subject to a Court Order (Dkt. 359), which Defendants are currently in violation of. Among those documents that remain to be produced are depositions and exhibits that are necessary to prepare for the upcoming 30(b)(6) and fact witnesses. Plaintiffs cannot agree to the production of those records on a "rolling basis." In addition, we cannot accept your proposal to limit your production "to the extent that these depositions are not already in the possession of plaintiffs' counsels who took the depositions." It is not reasonable, or correct, to assume that plaintiffs' counsel in these cases have access to whichever transcripts and exhibits you might be thinking of. Accordingly, Plaintiffs expect the production of all prior depositions transcripts and exhibits. In addition, as noted in my email of 1/27 and from this morning, Plaintiffs' expectation was that the prior deposition testimony I identified would have been timely produced on Friday, 1/28. We expect to discuss the impact of this delayed and still-outstanding production during our meet and confer on Friday.

15. Defendants will attempt to move the scheduled depositions of John Miller and Dermot Shea outside of their stated availability.

Thank you for your cooperation with scheduling these individuals.
Best,

_____

**Swati R. Prakash | Assistant Attorney General**
Civil Rights Bureau, New York State Office of the Attorney General
28 Liberty Street, 16th Floor | New York, NY 10005
Office: (212) 416-6201 | Swati.Prakash@ag.ny.gov | www.ag.ny.gov
*Pronouns: She/her*

**From:** Robinson, Amy (LAW) <arobinso@law.nyc.gov>
**Sent:** Friday, January 28, 2022 3:19 PM
**To:** Prakash, Swati <Swati.Prakash@ag.ny.gov>; Ryan, Erin (LAW) <Eryan@law.nyc.gov>; Weiss, Dara (Law) <daweiss@law.nyc.gov>; Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Weng, Jenny (Law) <jweng@law.nyc.gov>
**Cc:** Payne Litigation Team <PayneLitigationTeam@nyclu.org>; Sow-Legal <Sow-Legal@blhny.com>; Andrew Stoll <astoll@stollglickman.com>; Wood <wood@kllflaw.com>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Hernandez Team <hernandez@femmelaw.com>; GrayLegalTeam@dwt.com; sierrateam@moskovitzlaw.com
**Subject:** RE: Deposition Schedule

Counsel,

In response to your email of January 27th, we have a few outstanding issues to reolve.

1. Given the sheer breadth of these multiple cases covering over eighty-three incidents involving a myriad of practices and policies, defendants are entitled to adequately prepare the deponents, who in turn are entitled to know what they will be testifying

about. So, in the spirit of getting through these depositions in the times allotted efficiently and without using deposition time for witnesses to read documents, defendants require use of the *Bellamy* protocol for all of the fact and cross-designated deponents. *Bellamy v. City of New York, et al.*, 12-cV-1025 (AMD) (PK) (Dkt. No. 138). Accordingly, for all fact witnesses, defendants require the topics of the deposition, identification of the incidents (or cases) in question and the exhibits that will be used within 48 hours of the deposition. For all 30(b)(6) depositions, defendants require the incidents (or cases) in question and the exhibits within 48 hours of the deposition. Defendants are in accord with plaintiffs' agreement to bifurcate fact and 30(b0(6) portions of the depositions and notification of the order of questioning within forty-eight hours of each deposition.

2. As stated in plaintiffs' counsels' email of January 18, 2022, there will be one primary questioner. Defendants do not agree to plaintiffs' change to their "one primary questioner" agreement; thus defendants do not accept separate questioners for each topic.

3. Defendants continue to agree to put off the depositions of Schlanger, Kehoe, Hagestad, McGinn, Daitz and Cappelmann, and when the factual record in the case is better developed, to re-examine the need for deposing these witnesses as agreed to in plaintiffs' counsels' e-mail dated January 18, 2022.

4. As defendants agreed to plaintiffs' request for 2-day depositions of fourteen deponents, thereby adding a further fourteen days to the schedule not including extra preparation days, the parties need to file a joint motion to extend the deposition discovery deadline beyond April 22, 2022. It is clear from the schedule that, due to defendants' agreement of 2-day depositions, all dates up to April 22nd have been exhausted, and that is not even including the additional thirteen deponents in Gray. No further deposition dates can be given until the deadline is extended.

5. The deposition of Lt. Czark does not need to exceed 7 hours as his 30(b)(6) topic is limited to, "use of mass or large-scale arrest processing," set forth in 8(x).

6. Defendants agree to put Chief Mullane in the 2-day deposition category and will adjust the schedule accordingly. Defendants will not agree to a 2-day deposition for Carrie Talanksy until we can confirm her involvement, if any, during or after the protests. We will be able to obtain that information after the funerals for Officers Rivera and Mora have taken place. Ernest Hart is on the list of deponents. We will add Julio Delgado. We additionally will be adding Dan Gallagher. Chiefs Shortell and Conroy are no longer with the NYPD, and are not cooperating with the Law Department.

7. Defendants will provide 30(b)(6) topics for witnesses who are covering more than one deposition topic. There may be an additional witness designated as to training. Again, we cannot confirm this at this time due to the Officers' funerals. We will be able to confirm after the funerals for Officers Rivera and Mora have taken place.

8. Defendants agree to produce prior depositions of deponents on a rolling basis to the extent that these depositions are not already in the possession of plaintiffs' counsels who took the depositions.

9. Defendants will attempt to move the scheduled depositions of John Miller and Dermot Shea outside of their stated availability.

Regards,
Amy

Amy Robinson
Senior Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-3518
arobinso@law.nyc.gov

---

**From:** Prakash, Swati <Swati.Prakash@ag.ny.gov>
**Sent:** Thursday, January 27, 2022 5:00 PM
**To:** Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Ryan, Erin (LAW) <Eryan@law.nyc.gov>; Weiss, Dara (Law) <daweiss@law.nyc.gov>; Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Weng, Jenny (Law) <jweng@law.nyc.gov>
**Cc:** Payne Litigation Team <PayneLitigationTeam@nyclu.org>; Sow-Legal <Sow-Legal@blhny.com>; Andrew Stoll <astoll@stollglickman.com>; Wood <wood@kllflaw.com>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Hernandez Team <hernandez@femmelaw.com>; GrayLegalTeam@dwt.com; sierrateam@moskovitzlaw.com
**Subject:** [EXTERNAL] RE: Deposition Schedule

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).

Amy [and adding Erin Ryan and the *Sierra* team to this thread]:

Thank you for confirming these dates and 30(b)(6) witnesses. Please see a few outstanding issues that remain to be resolved in advance of the first depositions of higher-level witnesses, and that follow up on our January 13 meet and confer.

***30(b)(6) witnesses and scheduling***

1. Based on our meet and confer on January 13, Plaintiffs understanding that Defendants will make witnesses who are cross designated as 30b6 and fact witnesses, available for a total of 14 hours (2 days) of depositions. Thank you for identifying two dates for Galati, Dowling, Hughes, and David Miller. We note that the following witnesses, who were noticed by Plaintiffs and later designated as 30b6 witnesses by Defendants, are currently scheduled for only one day; please confirm that you will provide a second day of availability for these witnesses:
    a. Christopher Czark;
    b. Carrie Talansky;

    c. Edward Mullane.
1. For the following 30b6 topics, which have multiple witnesses designated, please confirm which sub-topic (including, where relevant, precisely which of the Relevant Policies and Procedures as set forth in the redlined deposition notice reflecting the agreed definitions) each witness will testify to:
   a. Topic 8
   b. Topic 9
   c. Topic 10
   d. Topic 13
   e. Topic 14
   f. Topic 15

   Please provide these specific designations for Lt. Christopher Czark and Chief Gerard Dowling, who are scheduled for early February 8, by no later than COB tomorrow, January 28. For the other designees, please provide specific designations by no later than February 4.

   While Erin Ryan's notes following our January 13th meet and confer reflected the possibility that the City might have additional designees for some of the 30b6 topics (e.g. Topic 12), we understand the list sent by Amy last Friday to represent the City's final list of designees for these topics. If this is not the case please inform us by COB tomorrow.

1. With respect to individuals who are cross-designated 30b6 and fact witnesses (Galati, Czark, Dolwing, Hughes, David Miller, Talansky, and Mullane), Plaintiffs propose to distinguish the deposition of each witness in their capacity as 30b6 designees of the City of New York, from their capacity as fact witnesses. In other words, depending on the witness, Plaintiffs will either begin with 30b6 topics and then proceed to fact questions, or vice versa. Plaintiffs will endeavor to inform Defendants at least 48 hours in advance of those depositions as to the proposed order of questioning.

   Relatedly, Defendants' recent redesignation of 30b6 witnesses—which narrows the total number of 30b6 designees and consolidates several topics to just one or two individuals—requires a minor modification of the approach we previously discussed for 30b6 and cross-designated individuals. In lieu of providing a primary questioner for each of these witnesses, Plaintiffs will have a primary questioner for each of the specific 30b6 topics or subtopics, and will endeavor to advise the City of the division of topics at least 48 hours in advance of those depositions. Please note that, for individuals who are solely fact witnesses, Plaintiffs' still intend to designate a primary questioner, with subsequent questioners who would not duplicate previously-asked questions.

1. Based on Judge Gorenstein's order of January 24 (Dkt. 359), Plaintiffs anticipate that the City will produce, tomorrow, all documents related to testimony in prior protest litigation, dating back to 2003, including but not limited to:
   a. All prior fact testimony and exhibits, for each 30b6 designee;
   b. All prior 30b6 testimony and exhibits from the depositions of those individuals in prior protest litigation;
   c. All prior 30b6 testimony and exhibits from the depositions of any other 30b6 witnesses for the City of New York and/or the NYPD in prior protest litigation;
   d. All prior fact testimony and exhibits from the depositions of any high-level witnesses from prior protest litigation.

   These documents are essential to proceed with 30b6 depositions; if Defendants anticipate

missing this deadline for any relevant witness, topic, or testimony, please advise immediately so that the parties can meet and confer about the potential impact on the 30b6 deposition schedule.

***Missing fact witnesses***
1. The following fact witnesses did not appear in the schedule circulated by Amy last Friday:
   a. Ernest Hart
   b. Julio Delgado
   c. Brian Conroy
   d. Fausto Pichardo

   Please provide dates for these individuals by no later than February 4. For witnesses who are listed in the schedule that Amy circulated, but without dates, please confirm that Defendants are continuing to confirm available dates for these witnesses.

***Scheduling***
1. Thank you for accommodating Plaintiffs' request to move the depositions of certain early-scheduled witnesses, and to avoid double tracking of certain overlapping witnesses. Two witnesses are still scheduled in February, despite Plaintiffs' requests—in Corey Stoughton's email of December 27—that they be moved either to March or no earlier than February 25th. These are:
   a. Deputy Commissioner John Miller, who is now scheduled for February 16 despite our request that he be moved back to March or later; and
   b. Commissioner Dermot Shea, who is now scheduled for February 17 and 18 despite our request that he be scheduled for no earlier than February 25.

   Please confirm by February 4, that these two individuals can be rescheduled to later dates.

***Other items***
2. To follow up on an open item from our meet and confer, as noted in Corey Stoughton's January 18 email, Plaintiffs have considered Defendants' request to provide exhibits at least 48 hours in advance of each deposition, and cannot agree to this arrangement.

If Defendants are not in agreement with the requests set forth here, or would like to meet and confer on these and any other deposition-related matters, please provide your availability to meet either tomorrow (Friday 1/28) or early next week. Thank you.

_____

**Swati R. Prakash | Assistant Attorney General**
Civil Rights Bureau, New York State Office of the Attorney General

28 Liberty Street, 16th Floor | New York, NY 10005
Office: (212) 416-6201 | Swati.Prakash@ag.ny.gov | www.ag.ny.gov
*Pronouns: She/her*

**From:** Robinson, Amy (LAW) <arobinso@law.nyc.gov>
**Sent:** Friday, January 21, 2022 6:53 PM
**To:** Payne Litigation Team <PayneLitigationTeam@nyclu.org>; Sow-Legal <Sow-Legal@blhny.com>; Andrew Stoll <astoll@stollglickman.com>; Wood <wood@kllflaw.com>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Hernandez Team <hernandez@femmelaw.com>; GrayLegalTeam@dwt.com
**Cc:** Weiss, Dara (Law) <daweiss@law.nyc.gov>; Nelson, Genevieve (Law) <gnelson@law.nyc.gov>; Weng, Jenny (Law) <jweng@law.nyc.gov>
**Subject:** Deposition Schedule

Counsel,

Please see attached deposition schedule and chart of witnesses per topic.

First, given the 2-day requirement for many witnesses, we cannot fit into the schedule all of the witnesses before the April 22nd deadline without double and triple tracking, which we know plaintiffs want to avoid. Both sides need an extension of the deadline.

Second, we are seeking to designate one of the fact witnesses as a 30(b)(6) witness, but this witness is retired, and we were not able to confirm their consent to be so designated by today. We expect to have that confirmation shortly.

Regards,

Amy Robinson
Senior Counsel
New York City Law Department
**Special Federal Litigation Division**
100 Church Street
New York, NY 10007
(212) 356-3518
arobinso@law.nyc.gov

---

**From:** Amy Robinson <arobinson58@nyc.rr.com>
**Sent:** Friday, January 21, 2022 6:43 PM
**To:** Robinson, Amy (LAW) <arobinso@law.nyc.gov>
**Subject:** [EXTERNAL] Emailing: Depostion Schedule_1-21-22, Depostion Topic List_1-21-22

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).


Your message is ready to be sent with the following file or link
attachments:

Depostion Schedule_1-21-22
Depostion Topic List_1-21-22


Note: To protect against computer viruses, e-mail programs may prevent
sending or receiving certain types of file attachments. Check your e-mail
security settings to determine how attachments are handled.

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.