

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA HINDS-RADIX**
*Corporation Counsel*

DANIEL M. BRAUN
Senior Counsel
Phone: (212) 356-2659
Fax: (212) 788-9776
dbraun@law.nyc.gov

February 21, 2023

**BY ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY  10007

Re:  **In re: New York City Policing During Summer 2020 Demonstrations,**
1:20-CV-8924 (CM)(GWG) – This Letter Relates to <u>Sow</u>, 21-cv-533

Your Honor:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and one of the attorneys assigned to the defense of the above-referenced matter. Defendants write to respectfully request a brief extension of time from February 23, 2023 to February 28, 2023 to hold another telephone call with the <u>Sow</u> plaintiffs regarding their interrogatories numbered 10 and 11, and a short three-day corresponding extension until March 3, 2023 to write to the Court in the event that the meet and confer is unsuccessful.

By way of background, the Court conveyed via email dated February 16, 2023 that, with regard to <u>Dkt</u>. No. 856, the parties are to hold another telephone call with each other, and that although the Court was not ordering anything via that email, the City should respond to <u>Dkt</u>. No. 856 by February 23, 2023 if the meeting cannot be accomplished, or at least put on track, to both sides' satisfaction. To be sure, <u>Dkt</u>. No. 856 relates to <u>Dkt</u>. 834, in which the Court's Order held, *inter alia*, that if the plaintiffs do not think that a conferral with the City can result in an agreed-upon narrowing of the request [of <u>Sow</u> interrogatories numbered 10 and 11], the Court is prepared to hold a conference (at which Ms. Fitzpatrick would be available)…"

Since the undersigned was out of the office on February 17, 2023 and Ms. Fitzpatrick is out this week, defendants proposed meeting and conferring next week on February 28, 2023, and a corresponding extension of the February 23, 2023 deadline until three days following the parties' meet and confer until March 3, 2023, in order to accommodate Ms. Fitzpatrick's availability and

to enable defendants reasonable time to respond to Dkt. No. 856 in the event that the parties' meet and confer is not successful.

Plaintiffs stated to defendants that they will agree to the extension if defendants are willing to confirm they will not assert privilege and the like to shut down inquiries into technical capacity and that they will bring the right person to the meet and confer. If defendants could not commit to plaintiffs' conditions, then plaintiffs would take the following position:

> Plaintiffs cannot consent to further delay this already much delayed meeting.  In seeking to extend the time past the "next few days" the Court directed, Defendants refused to confirm (1) that the person they would bring to the meeting was personally knowledgeable about the relevant systems and (2) that the City would not refuse to refuse [sic] to provide answers to technical capacity questions (which was the refusal that prompted the motion at Dkt. No 856).  Defendants have refused to confirm even those basic parameters for a meeting.  We have already had to meet on this once unproductively, and had the City wait weeks to ultimately refuse to even answer the most basic questions (we made clear that if there were reasons the person attending did not know specific answers, that was not the issue we were getting at -- rather, we sought to confirm that the ***attorneys*** were not going to tell the City representative not to answer questions).

Aside from plaintiffs' above characterization of the procedural history (which defendants dispute), defendants responded to plaintiffs' above possible positions, in which defendants stated that they saw some lack of clarity in plaintiffs' questions – which could hopefully be resolved when the parties talk – and defendants would not prospectively waive privileges. That said, defendants also stated that they do not at this juncture anticipate asserting privileges. Defendants additionally responded by noting to plaintiffs that they believe Ms. Fitzpatrick is the right person to speak to the issues at the parties' meet and confer.

Although defendants do not assume that plaintiffs were asking them to prospectively waive privileges as a condition for them to consent to a modest extension to accommodate Ms. Fitzpatrick's schedule, defendants sought to confirm if plaintiffs indeed consented. Plaintiffs simply reiterated that as long as defendants are not going to assert privilege or otherwise refuse to answer questions about technical capabilities of various systems, then the parties are in agreement.

While defendants would like to understand plaintiffs' response to mean consent given that defendants, as noted, do not presently anticipate asserting privileges, defendants cannot and ought not be required to prospectively waive privileges with respect to questions that may not be entirely clear to them until the parties have the opportunity to meet and confer. Certainly, defendants will make best efforts, and the Court recognized in its February 16, 2023 email that, "If the person can't answer some questions, that can be explained during the meeting." Defendants will proceed along these lines laid out by the Court, but to the extent that doing so is objectionable to plaintiffs, defendants respectfully request that their brief extension request be granted.

Thank you for your consideration in this matter.

Very truly yours,

/s/ *Daniel Braun*

Daniel M. Braun
Senior Counsel