Case 1:20-cv-08924-CM   Document 860   Filed 02/22/23   Page 1 of 3




February 21, 2023
**Via ECF**
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

MEMORANDUM ENDORSED

Re: *In re: New York City Policing During Summer 2020 Demonstrations*, No. 20-CV-8924
*This Filing is Related to All Cases*

Dear Judge Gorenstein:

We represent the *Payne* plaintiffs and write on behalf of all non-stayed Plaintiffs to follow up from the February 13, 2023 teleconference (Dkt. 850) regarding Plaintiffs' letter motion to compel the production of documents withheld by Defendants on law enforcement investigative privilege grounds (Dkt. 774). During that conference, Your Honor granted leave to Plaintiffs to "have the Court conduct an in camera review of any further documents withheld on law enforcement privilege grounds," by "provid[ing] a listing of such documents by February 21, 2023." Dkt. 850. Pursuant to the Court's leave, of the 188 documents wholly withheld by Defendants on law enforcement privilege grounds that the Court has not reviewed in camera, Plaintiffs identify the following four documents for additional in camera review by the Court:

1. **DMNL00251_000159162**

This is an email dated June 3, 2020, from the Chief of the Intelligence Bureau Thomas Galati to Chief of Department Terence Monahan and Chief of Patrol Bureau Fausto Pichardo, with the subject "Fwd: Metal Object." Given the Defendants' reliance on a defense that the use of force at protests was proportionate to perceived threats to officer or public safety, Plaintiffs are entitled to test the credibility of the NYPD's intelligence regarding the possible presence of dangerous objects at or near protest locations. Defendants should not be permitted to disclose only the documents favorable to them—i.e., the most credible intel—while withholding unfavorable documents—i.e. the less credible intel—on the ground that they do not intend to rely on those documents to make their case. Should the Court find that the law enforcement privilege validly applies to this document and is not overcome by the needs of this case, Plaintiffs respectfully request that the Court preclude the City from relying on the claim that it had credible evidence of the presence of dangerous objects at or near protest locations.

2. **DMNL00251_000177794**

This is an email dated June 4, 2020, 2:19 pm, from Andrew Natiw, an NYPD Deputy Inspector, to various officers in the 49th precinct in the Bronx, regarding a "social media post."

This email was sent the afternoon of the Mott Haven protest in the Bronx. Defendants have generally relied on intel gathered from social media posts regarding planned violence or threats to officer or public safety at racial justice protests, to justify the force used at protests. Plaintiffs are entitled to test the credibility of the intel gathered, and Because Plaintiffs do not know the content of this email, Plaintiffs respectfully ask that, should the Court find that the law enforcement privilege validly applies to this document and is not overcome by the needs of this case, it hold that Defendants are precluded from relying on intel gathered from social media posts about potential threats at racial justice protests.

### 3. DMNL00251_000186239

This is an email dated June 7, 2020, from "pbbnwheel@nypd.org" with the subject line "FW: 94th Pct March," presumably referring to a protest taking place in the 94th precinct in North Brooklyn. A protest that took place in that precinct on June 4, 2020, is at issue in this litigation. Should this email relate to that protest, Plaintiffs respectfully request that the Court find that Plaintiffs' need overcomes any possible valid assertions of the law enforcement privilege with respect to this communication.

### 4. DMNL00251_000197116

This is an email dated June 5, 2020—the day after the Mott Haven protest in the Bronx—with the subject line "Fwd: Threat to SRG2, 44 and 46 RMPs," a reference to police vehicles. Should this email relate to the June 4, 2020 protest at Mott Haven, Plaintiffs request the opportunity to evaluate the credibility of the evidence of threats posed by or at that protest. In the alternative Plaintiffs request that Defendants be precluded from relying on the content of this communication specifically as well as on any intel regarding threats to police vehicles gathered more generally in connection with the Mott Haven protest of June 4, 2020.

Sincerely,

By: /Daniel Lambright
Daniel R. Lambright
Molly K. Biklen
Jessica Perry
Robert H. Hodgson
Veronica Salama
Lisa Laplace
Christopher T. Dunn
New York Civil Liberties Union
    Foundation
125 Broad Street, 19th Floor
New York, N.Y. 10004
(212) 607-3300
dlambright@nyclu.org

By: Corey Stoughton
Corey Stoughton
Jennvine Wong
Rigodis Appling
The Legal Aid Society
199 Water Street
New York, N.Y. 10038
(212) 577-3367
cstoughton@legal-aid.org

*Attorneys for Plaintiffs in 20 Civ. 8924*

With respect to the requests for preclusion in this letter, the requests are unsupported by case law or argument. The defendants need not respond to these requests at this time. That being said, the plaintiffs are free to raise the preclusion issue in a letter that fully describes their argument or that seeks a briefing schedule on the issue. Also, plaintiffs have leave to defer raising the issue until the beginning of the expert discovery period as it does not appear to be necessary to obtain an immediate ruling. As to the remaining arguments in this letter, the defendants shall file their response by February 28, 2023, and shall transmit the documents to the Court for in camera review on or before that date.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

February 22, 2023