

| | **T**HE **C**ITY OF **N**EW **Y**ORK | |
|---|:---:|---:|
| **HON. SYLVIA HINDS-RADIX**<br>*Corporation Counsel* | **L**AW **D**EPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Sergey Marts**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-5051<br>sermarts@law.nyc.gov |

February 22, 2023

**BY ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

           Re:   <u>In Re: New York City Policing During Summer 2020 Demonstrations</u>
                  20 Civ. 8924 (CMJ)(GWG)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia Hinds-Radix, Corporation Counsel of the City of New York and one of the attorneys assigned to the defense of the above-referenced consolidated matters. Defendants write to request that the Court seal certain documents which were submitted as part of the *Sow* plaintiffs' motion to compel and for a Rule 37.2 conference. *See* Dkt. No. 848. For the reasons set forth below, we respectfully request the Court to grant defendants' motion in its entirety.

## Background

      On February 10, 2023, the *Sow* plaintiffs filed via ECF a letter motion requesting the Court to order defendants to take a position regarding the relevance of certain previously withheld documents and for a Rule 37.2 conference. *See* Dkt. No. 848. Subsequently, counsel for the *Sow* plaintiffs provided to the Court, via email, an unredacted copy of the letter motion along with four documents (the "documents") for in camera review. Specifically, the following were provided to the Court: 1) ███████████████████ (DEF_E_PD_000122202); 2) ███████████ ███████ (DEF_000517799); 3) ███████████████████ (DEF_000501191); and 4) ███████████████████████ (DEF_E_PD_00012205).[1] On

---

[1] As clarified in Mx. Green's email dated February 22, 2023, document DEF_E_PD_00012205 is not confidential.

February 22, 2023, *Sow's* counsel emailed the Court and advised that, due to an inadvertent mistake, one document was not submitted to the Court on February 10, 2023.

## Argument

The documents submitted by the *Sow* plaintiffs in support of their motion should be sealed because the countervailing considerations outweigh the presumption of public access.

### A. Legal Standard.

It is well settled that there is a strong presumption in favor of providing the general public with access to judicial documents. *See In re Demetriades*, 58 F.4th 37 (2d Cir. 2023); *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022) (citing *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020)). However, the presumption of access is not "absolute." *See Doe v. Trump Corp.*, No. 18 Civ. 9936, 2020 U.S. Dist. LEXIS 63391, at *2 (S.D.N.Y. Apr. 9, 2020) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). "A party may overcome the presumption of access by demonstrating that sealing will further other substantial interests." *See Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017) (citing *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008)). When considering whether sealing is warranted, courts must (1) determine whether the document is a judicial document; (2) determine the weight of the presumption attached to the document; and (3) balance the competing considerations against the presumption of public access. *Lugosch,* 435 F.3d 119-20.

To be considered a "judicial document," a document "must be relevant to the performance of the judicial function and useful in the judicial process" *Id*. Typically, "[d]ocuments submitted for the Court's consideration in relation to a motion to compel discovery are judicial documents." *See Signify Holding B.V. v. TP-Link Rsch. Am. Corp.*, No. 21-CV-9472 (JGK) (KHP), 2022 U.S. Dist. LEXIS 154240, at *2 (S.D.N.Y. Aug. 26, 2022) (internal citations omitted).

The weight to be accorded to the presumption is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *See United States v. Amodeo,* 71 F.3d 1049, 1050 (2d Cir.1995) The courts typically accord the "highest weight" to the documents submitted in support of or opposition to dispositive motions. *See In re N.Y.C. Policing During Summer 2020 Demonstrations*, 2022 U.S. Dist. LEXIS 188214, at *14 (S.D.N.Y. Oct. 14, 2022) (internal citations omitted). Likewise, the courts generally agree that lower weight should be accorded to the documents submitted as part of discovery motions. *See In re N.Y.C. Policing During Summer 2020 Demonstrations*, 2022 U.S. Dist. LEXIS 188214 at *15; *see also Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-04394 (AJN) (BCM), 2016 U.S. Dist. LEXIS 173940, at *5 (S.D.N.Y. Dec. 7, 2016) ("the presumption of access is entitled only to modest weight, because the documents at issue were submitted in connection with a motion to compel discovery, rather than a dispositive motion"); *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 U.S. Dist. LEXIS 122732, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014).

Upon determining the weight of the presumption, the courts then "balance the competing considerations" against the presumption of public access. *See Lugosch*, 435 F.3d at 120 (internal

citations omitted). These competing considerations include, but are not limited to, "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosures." *Lugosch*, 435 F.3d at 120 (internal citations omitted); *Amodeo*, 71 F.3d 1044 at 1050 ("We have previously held that 'tthe (sic) privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'") (quoting *Gardner v. Newsday, Inc.*, 895 F.2d 110, 116 (2d Cir. 1987)). Similarly, "sealing 'may be justified only with specific, on-the-record findings that [it] is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.'" *Synthel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 U.S. Dist. LEXIS 75676, at*7 (S.D.N.Y. Apr. 20, 2021) (quoting *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019)).

### B. The Court Should Accord The Documents "Low Weight" Because They Were Submitted In Support Of A Discovery Motion.

As stated above, the courts of this Circuit are generally in agreement that documents submitted as part of discovery motions carry "lower" weight than documents submitted in support of dispositive motions.

For example, in *Alexander Interactive, Inc.*, the court held that the weight of the presumption attached to the documents at issue was "not particularly great" since the documents were submitted in support of a discovery motion. *See Alexander Interactive, Inc.*, 2014 U.S. Dist. LEXIS 122732 at *4. Similarly, in *Stern*, the court reasoned that "the weight of the presumption of public access to a deposition transcript filed for purposes of a motion to compel "would be low." *See Stern*, 529 F. Supp. 2d 417, 422.

Here, all three documents were submitted by the *Sow* plaintiffs in support of their motion to compel. The issues raised by the *Sow* plaintiffs are purely discovery related and do not require the Court "to analyze the merits of the partie[s]' claims or defenses." *Royal Park Invs. SA/NV*, 2016 U.S. Dist. LEXIS 173940 at *5. Just like in *Alexander Interactive, Inc.* and *Stern*, the *Sow* plaintiffs submitted the documents in support of their discovery motion and, therefore, "lower weight" should be accorded to these documents. More importantly, such determination would be consistent with the position that the Court took in identical circumstances. *See* Dkt. No. 760. In its Opinion dated November 14, 2022, the Court accorded the documents at issue only the "weak" presumption because the documents were filed as part of a discovery motion and because the "documents had only "tangential relevance even to the discovery disputes before the Court." *Id*.

Therefore, the Court should accord only the "weak presumption" to the documents at issue.

### C. The Balancing Of The Weight Of The Presumption Of Access Against The Competing Interests Favors Sealing.

The balancing of the weight of the presumption of access against the competing law enforcement interests of the documents at issue favors sealing.

It is well settled that the presumption in favor of public access can be overcome if the "sealing will further other substantial interests" including, but not limited to, privacy interests,

3

public safety, and law enforcement interest. *See Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017) (internal citations omitted). In the law enforcement context, such "substantial interests" include "the danger of impairing law enforcement or judicial efficiency;" "the public's safety;" "the protection of law enforcement techniques and procedures;" "the protection of the confidentiality of sources;" "the safety of witnesses and police officers;" and "the privacy and reputation interests of those involved in an investigation." *See Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *see also Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *see United States v. Dwyer*, No. 15-cr-385 (AJN), 2016 U.S. Dist. LEXIS 65732, at *2-3 (S.D.N.Y. May 18, 2016).

Without a question, the three submitted documents were created by NYPD for internal use because, upon information and belief, none of the three documents are publicly available. Additionally, all three documents contain sensitive and confidential information related to staffing decisions, intelligence, police procedures, tactics, and training.

Document DEF_E_PD_000122202 contains several dozen internal NYPD email addresses (with full names) as well as multiple email addresses of other city, state, and federal employees. Although some of those email addresses may be publicly available, a compilation of those email addresses in one document, such as this email, is unavailable to the general public. Disclosure of this email to the public could lead to various security issues. This could be especially troublesome during situations when a rapid response is required. Additionally, if disclosed, this email would not only provide an insight into how the NYPD and sister agencies operate, coordinate, and respond to various emergency situations, but also who (and from which agencies) are involved in such decision making. This is exactly what the court in *Lugosch* was concerned about. *Lugosch*, 435 F.3d at 120. Therefore, this document should be sealed.

Document DEF_000517799 is a forty-seven-page document which contains various modules from the  including but not limited to chapters on (1) ; (2) ; (3) ; (4) ; and (5) . Needless to say, this document contains confidential and sensitive information related to law enforcement procedures, tactics, and techniques taught to police officers, as well as training approaches, goals, and evaluation criteria. Disclosure of this information to the general public could have significant negative effects on police officers' welfare and safety. Moreover, it could also allow the individuals involved in unlawful conduct to craft effective ways to counteract police activities. Therefore, this document should be sealed.

Document DEF_000501191 is an Excel spreadsheet which contains three separate tabs. The first tab titled "" contains last names (with initials), shield numbers, as well as officer's gender and command of assignment. The second tab titled "" contains an example of a completed detail roster. The last tab is titled "" and contains instructions to lieutenants and sergeants related to various police procedures they are required to follow. The document contains sensitive information related to names and shield numbers of police officers that were assigned to a particular protest. Making this information public could subject the officers listed in the document to unnecessary attention, intrusion of their privacy, and could pose safety threats. Furthermore, as discussed above, the

4

document also contains information related to law enforcement protocols.[2] Therefore, the entire document should be sealed.

Here, the balancing of the "competing interests" against the weight of the presumption favors sealing. The documents at issue contain highly sensitive and confidential information related to various law enforcement techniques and procedures public disclosure of which could be detrimental to NYPD's law enforcement activities. In its Opinion and Order dated October 14, 2022, this Court pointed out that when the documents at issue "relate only tangentially" to the relief sought by a party, only a "low threshold is needed to show countervailing considerations justifying sealing of documents relating to a discovery dispute." *See* Dkt. No. 755, n. 3. Here, the documents at issue similarly relate "only tangentially" to the issues raised by the *Sow* plaintiffs. However, the nature of the law enforcement interests that are implicated, as well as the extent of potential harmful consequences the public disclosure may bring, are very significant. Therefore, the Court should order the documents at issue to be sealed.

### Conclusion

Defendants respectfully request that the Court grant defendants' motion in its entirety to seal the three documents, DEF_E_PD_000122202, DEF_000517799, and DEF_000501191, which were submitted as part of the *Sow* plaintiffs' motion to compel and for a Rule 37.2 conference.

Thank you for your time and consideration.

Respectfully submitted,

*Sergey Marts* /s/
Sergey Marts
*Assistant Corporation Counsel*

cc: ALL COUNSEL (*via* ECF)

---

[2] *See, e.g.,* sections No. 3 and No. 5 of this document.