EXHIBIT D

| | |
|---|---|
| **From:** | Weng, Jenny (Law) |
| **To:** | "remy green"; DiSenso, Anthony (Law) |
| **Cc:** | NYC Law Protest Team; AG-NYPDLitigation; Gray Legal Team-External; Payne Litigation Team; Wood; Sierra Team; Sow-Legal; rolonlegalteam_; Protester Cases |
| **Subject:** | RE: [EXTERNAL] Following Up on Meet and Confer re: Sampling and NR |
| **Date:** | Thursday, December 22, 2022 4:01:52 PM |

Hi Remy,

In connection with the previously agreed upon sample sets ("Sample Documents"), the parties discussed the following conditions for the production.  Please confirm that plaintiffs agree to these conditions.

1.  The City may review the Sample Documents prior to production for privilege and redactions.  The documents may be redacted for privilege, PII (including victim/complaining witness information), and for 160.50 purposes.  Any documents withheld in full for privilege shall be reflected on a privilege log.
2.  The Sample Documents are produced only for the purpose of evaluating the sufficiency of the Defendants' review and shall not be considered part of the discovery record for these or any other action.  The parties agree to deem the Sample Documents as Confidential/Attorneys' Eyes Only.
3.  Plaintiffs shall have until February 9, 2023 to identify any Sample Documents they assert are responsive.  Any responsive documents will be reproduced in accordance with the standard production practices in these actions, unless objected to by the Defendants.  To the extent the parties disagree that a document should be reproduced, they shall meet and confer in an effort to resolve the issue before raising it with the Court.
4.  Within 30 days after either (a) the parties reach agreement on any necessary re-review, or (b) an order is issued by the court related to plaintiffs' review of the samples, plaintiffs will permanently destroy the Sample Documents and certify their destruction in writing to the City.

During the meet and confer, the parties also discussed plaintiffs' recent demand that in addition to reviewing and producing statistically valid random samples from four agreed upon sets of documents, which the parties agreed to months ago, the City should also be required to provide information about the review and coding of approximately 30 other documents that plaintiffs identified by Bates number.

The City can confirm that it will not provide this information and does not agree that any conclusion about the City's review can or should be based on information about 30 non-randomly selected documents that plaintiffs cherry picked.  As we stated during the meet and confer, the City is concerned that providing this information confuses the issue the parties, and potentially the Court, need to consider.  That issue is whether or not responsive material remains in the City's unproduced universe of documents and whether it makes sense to perform some targeted re-review to address any such material.  Providing answers to plaintiffs' questions do not bear on that analysis. The statistically valid random samples of documents drawn from the unproduced population should conclusively determine whether

or not any such material remains in the unproduced population and the City's position is that the parties' evaluation of its review should be focused on that population.  If plaintiffs had wanted something other than the four sample sets, it should have been articulated many months ago – before the parties spent considerable time discussing the process and timeline by which the City will review and produce the Sample Documents.

---

**From:** remy green <remy@femmelaw.com>
**Sent:** Monday, December 19, 2022 3:43 PM
**To:** DiSenso, Anthony (Law) <adisenso@law.nyc.gov>
**Cc:** NYC Law Protest Team <NYCLawProtestTeam@law.nyc.gov>; AG-NYPDLitigation <AG.NYPDLitigation@ag.ny.gov>; Gray Legal Team-External <GrayLegalTeam@dwt.com>; Payne Litigation Team <PayneLitigationTeam@nyclu.org>; Wood <wood@kllflaw.com>; Sierra Team <SierraTeam@moskovitzlaw.com>; Sow-Legal <Sow-Legal@blhny.com>; rolonlegalteam . <rolonlegalteam@aboushi.com>; Protester Cases <Protests@femmelaw.com>
**Subject:** [EXTERNAL] Following Up on Meet and Confer re: Sampling and NR

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).

Hi Anthony,

I wanted to write to follow up and make sure we were on the same page on next steps here.

First, I had forgotten during our meeting that Daniel was sick -- I hope he's feeling better.  And I wanted to flag that I totally understand that if he's not yet better, obviously the response you had said you would get us Friday is not happening until he gets better.  So, I would just ask that you let us know when you know what timing is looking like on that.

The open ask for that is, as I understand it:  Defendants will let us know whether they are going to oppose, notwithstanding any earlier agreements, giving us (1) a statement of whether they maintain their position the documents in the list we sent are not relevant/responsive and (2) any explanation available as to how

the documents were marked non-responsive (including whether they were QC'd, one line-level reviewer is disproportionately represented in the set, or anything similar to that).

Second, I just wanted to confirm we are open to a confidentiality/attorneys' eyes arrangement, subject to it including a provision that ensures we can get quick answers on whether Defendants will object to us filing documents from the samples in any motion related to this issue.  It sounded like we had some broad points of agreement, and my understanding is that you will send a draft order/agreement that addresses your concerns this week.

Third, at your request, I went and looked, and I believe I have attached both 160.50 orders on the docket.  The first, by its terms, does not apply I think.  However, the second (Dkt 418) seems to, as I read it, since it unseals all "records ... that are otherwise unduly burdensome to separate from responsive records."  That said, if you want another unsealing order, we're happy to look at a draft and believe agreement should be easy.

Finally, just wanted to confirm we agreed you'd give us a heads up on which samples you were making a rolling production of when you made the production -- which I very much appreciate!

Yours,

Remy.

---

**J. Remy Green**

  *Partner*

| Cohen&Green P.L.L.C. | #FemmeLaw |

| remy@femmelaw.com (e) | (929) 888.9560 (direct) |

| (929) 888.9480 (p) | (929) 888.9457 (f) |

| honorific / pronouns: Mx. / they, their, them |

| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

---



---