

February 24, 2023

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

Re:  In re: New York City Policing During Summer 2020 Demonstrations, 1:20-CV-8924 (CM) (GWG) — This Letter Relates to *Sow*, 21-cv-533

Dear Judge Gorenstein:

I write on behalf of the *Sow* Plaintiffs in the consolidated case above, in opposition to Defendants' motion at Dkt. No. 870. Much like the previous motion to seal, Defendants' initial foray here fails to meet their burden. *See generally*, Dkt. No. 755.

## DISCUSSION

Defendants' motion addresses three documents: (1) DEF_E_PD_000122202, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; (2) DEF_000517799, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; and (3) DEF_000501191, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

As the Court explained in more detail in Dkt. No. 755, that presumption of public access that attaches to documents on discovery motions is described as weak in contrast to the "the strongest presumption of access" that documents that bear on issues "potentially dispositive of the case" get. Dkt. No. 755 at 4. That is to say, even to seal documents on a discovery motion, the Court "must still articulate specific and substantial reasons for sealing such material." Dkt. No. 755 at 5, *quoting Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). Hence some courts describing that "weak" presumption as "modest" instead. *Id.* at 11, *quoting Royal Park Investments SA/NV v. Deutsche Bank Natl. Tr. Co.*, 2016 WL 7188795, at *2 (S.D.N.Y. Dec. 7, 2016). Indeed, the discovery issues in this case have, in fact, merited and earned quite a bit of public attention — and rightly so. *See, e.g.*, Benjamin Weiser, *N.Y.C. Lawyer Fired Over Handling of George Floyd Protesters' Lawsuits*, N.Y. TIMES (May 3, 2022); Ali Winston, *The NYPD Brutalized Protesters in 2020. Will It Face a Reckoning?*, N.Y. MAGAZINE (Oct. 7, 2022) (discussing in detail the discovery history in this case).

So, as the Court has already explained, bare statements like "many of the documents that are the subject of this application are internal police documents concerning intelligence gathering and law enforcement techniques" that provide "no elaboration and makes no effort to specify which documents or which considerations the Court should take with respect to any particular material," fail to "specify where in plaintiffs' letters or the multi-page attachments 'intelligence gathering and law enforcement techniques are revealed,'" and that make "no explanation whatsoever of the harm



that might ensue from public revelation of these matters," do not cut it. Dkt. No, 755 at 11. That is true even if the presumption is, relatively speaking, "weak."

Just as in the first round of sealing on Dkt. No. 755, with Defendants' submission, it is hard to "understand how the City could expect the Court to make the findings required by case law to justify the sealing." *Id.* Given that the Court has already spelled all of that in the first round of motion practice, the Court should again "view[] the presumption as essentially unopposed on the third step and den[y] the request to seal." *Id.* But this time, given the previous order — and the relative implausibility that any showing might be made — the Court should simply direct the documents (with appropriate redactions of PII) be filed.

For the sake of completeness, Plaintiffs address the specific arguments, such as they are, below.

Additionally, it is worth pausing one bigger picture issue:  Regardless of the presumption of access *now*, Defendants claim that the information in these documents meets the standard under the confidentiality order is problematic.  Indeed, Defendants *entire* argument for the Spreadsheet Email appears to be that it contains NYPD email addresses.  But that's literally every email.  In the last Order, the Court directed that "with respect to the City's alleged improper designation of documents as confidential generally," Plaintiffs should follow the meet and confer process on that specific issue.  However, Defendants stonewalled that meet and confer, refusing to discuss any aspect whatsoever of their confidentiality process.  The broader Plaintiff group has been trying to figure out how to frame a motion about the City's confidentiality designation process (which inexplicably includes stand-alone documents like the ones attached as **Exhibits 1-5**[1]), with only the ability to make inferences from what we see.

Now it appears that perhaps one direction to reviewers ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ may have been that any sufficiently large collection of email recipients should get confidential treatment.  But Defendants have refused to disclose any information whatsoever about what criteria were used to designate documents confidential.  If the Court could offer any guidance about what Defendants ought to disclose in advance of a motion, if it believes something must be disclosed and discussed to impasse (as opposed to reaching an impasse about Defendants refusal to say anything, as has happened), we would appreciate that guidance.

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.  Defendants' only claim ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

---

[1] While these documents have confidentiality stamps, after more than 70 days from a request to de-designate them under Dkt. No. 115, and after a meet and confer in the middle of that process where Defendants were inexplicably unable to agree that the documents were not confidential, Defendants withdrew the designation. If it takes months for Defendants to de-designate documents entirely without substance, it is hard to imagine receiving a response in a timely way for substantive documents.



Page 2 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com





But all of that is beside the point anyway. ███ can simply be redacted if Defendants care. ███

███ *see also,* Dkt. No. 114 at 2 ("Defendants propose removing plaintiffs' proposed requirement that, '[w]here the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.' Pl. Let. at 2. The Court is at a loss to understand the objection to this language as it seems to accurately describing a producing party's obligation.").



---

2 ███

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



███████████████████████████████████████████████████████████

Thus, the Court should not to seal this document at all — but if not, at a minimum, the Court should ask the City to explain what it actually thinks is sensitive in the document, and whether any portion of it is, as required by the Confidentiality Order, easy to segregate ██████████ ████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ In short, Defendants' explanation here does not really connect any dots. And without those dots connected, the Court cannot make the findings required by binding precedent.

## CONCLUSION

As a final point, Defendants say the documents relate only tangentially to the dispute raised. That is simply not so. The fact is that Defendants are — frivolously — refusing to justify or even explain whether they maintain their claim that these *obviously* relevant documents are not relevant. They are stonewalling in all meet and confers. Indeed, as Plaintiffs explained in the substantive motion, Plaintiffs make this motion now "in part because th[e] trend [where the City is refusing to provide basic information] has been escalating, and the attorneys the City sends to meet and confers are repeatedly refusing to answer questions about what makes a request burdensome, to follow up with actual NYPD personnel about information, or to answer basic questions about the Law Department's process when there are significant indications something merits inquiry" — not some nefarious other purpose. Dkt. No. 848 at 5. More substantively, in their opposition, Defendants seem to be suggesting no one should be concerned that reviewers affirmatively tagged these documents as responsive — and in turn, Defendants' machine learning algorithm used those judgments to withhold *other* documents.[4] That makes no sense.

---

[3] ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

[4] That Defendants' substantive opposition (Dkt. No. 873) fails to make this obvious connection appears to be an issue caused by the fact that Defendants' team has no lead attorneys, and the composition of the team itself is constantly changing. For example, Defendants' latest attorneys appear unaware that the sanction the Court imposed on the City in Dkt. No. 490 for their constant refusal to honor agreements does not permit

COHEN&GREEN                                                                                                           Page 4 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Defendants, on the face of the thing, have not met their burden here, because even if the Court simply copied and pasted the City's papers, nothing in the papers would amount to "specific, on-the-record findings" that justify sealing, no matter the strength of the presumption. *Brown*, 929 F.3d at 48.  So the motion should be denied — and as to the documents besides the Instructor Guide, Plaintiffs ask the Court to simply direct them filed outside of seal. ████████████████, Plaintiffs have no objection if Defendants want to submit a further application that explains what specifically within the document is sensitive.

Once again, we thank the Court for its continued time and attention.

Respectfully submitted,

/s/
_____
J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

Plaintiffs to insist on inclusion of terms in those orders that Defendants object to. *See* Dkt. No. 516 ("Under Docket # 490, no order may be presented to the Court if the defendants have timely made any objection to the proposed order. The Court will not adjudicate disputes about the wording of orders presented under the Docket # 490 process."); *but see* Dkt. No. 873 at 1-2.

COHEN&GREEN                                                                 Page 5 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com