

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | Peter Scutero<br>Special Associate Counsel<br>pscutero@law.nyc.gov<br>Phone: (212) 356-2332 |

February 28, 2023

**By ECF**
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re: *New York City Policing During Summer 2020 Demonstrations*,
             No. 20 Civ. 8924 (CM) (GWG)
             This filing is related to all cases

Your Honor:

      I am a Special Associate Counsel in the Special Federal Litigation Division of the New York City Law Department, and one of the attorneys assigned to the defense of the above-referenced matter. Defendants write to provide four documents to the Court for *in camera* review pursuant to the February 13, 2023 Court Conference (Docket No. 850) as well as to respond to Plaintiffs' February 21, 2023 letter (Docket No. 866).

      Pursuant to the Court's direction, Defendants have provided an Accellion link, sent under separate cover to the Court, containing the documents Plaintiffs requested for *in camera* review.[1] Should the Court have any difficulty accessing the documents, please notify us and we will, as an alternative, provide the documents on a zip drive.

      **I.    The Law Enforcement Privilege Should be Upheld Over the Four Documents.**

      Plaintiffs have requested that the Court review, *in camera*, four documents, all consisting of email chains that Defendants withheld by invoking the law enforcement privilege, and order their production. Plaintiffs' requests are premised on the bases of either credibility or relatability to a specific protest, depending on the respective challenged document. These bases, however, fail to overcome the Defendants' interest in protecting the privileged nature of these documents as

---

[1] The following documents were provided to the Court through an Accellion link: DMNL00251_000159162, DMNL00251_000177794, DMNL00251_000186239, and DMNL00251_000197116.

they either provide little evidence to test the credibility of Defendants' defenses or relate negligibly, if at all, to the specific protests Plaintiffs seek information about. Defendants have addressed each document and the reasons for upholding the privilege in turn below.

### a. DMNL00251_000159162 and DMNL00251_000177794

With respect to DMNL00251_000159162, Plaintiffs argue that they "are entitled to test the credibility of the NYPD's intelligence regarding the possible presence of dangerous objects at or near protest locations." Docket No. 866 at 1. In support, Plaintiffs further argue that the "Defendants should not be permitted to disclose only the documents favorable to them…while withholding unfavorable documents." Id. As an initial matter, Defendants do not assess privilege by that standard. In fact, Plaintiffs can rest assured that—in the case of this particular email chain—Defendants are withholding a document that reinforces the proposition that dangerous objects were present during protests. Indeed, this document provides virtually no probative value to Plaintiffs' claims and—with unequivocal certainty—does not place credibility of any of Defendants' defenses in question. Rather, it would bolster Defendants' defense if this document were disclosed. Regardless, the documents' disclosure would compromise an undercover officer as information within the email chain could lead to revealing the officer's identity. Moreover, disclosure of this document could impair an investigation as well as reveal the identity of a person of interest since the email chain also contains embedded photographs of a particular individual. Under these circumstances, Plaintiffs have failed to tilt the balance in favor of disclosure, let alone rebut the strong presumption against it.

Concerning DMNL00251_000177794, Plaintiffs argue that they "are entitled to test the credibility of intel gathered" in connection with the protest that occurred on June 4, 2020 in the Mott Haven neighborhood of the Bronx. Id. at 2. This document relates to a protest that was scheduled to take place in the Bronx on June 8, 2020, whether it did or did not is unclear, but this event is not included on the Amended Schedule A list of protest dates and locations that are the subject to this litigation. For Defendants, disclosure of this document would reveal investigative tactics and techniques NYPD uses during the course of an investigation as well as the personal information of an individual subject of an investigation. As such, Plaintiffs fail to overcome the strong presumption against disclosure since they have failed to show a compelling need for this document.

Accordingly, the law enforcement privilege should be upheld for these two documents as Plaintiffs have failed to rebut the strong presumption against disclosure and have no compelling need for these documents.

### b. DMNL00251_000186239 and DMNL00251_000197116

As for DMNL00251_000186239, Plaintiffs argue that if this document "relate[s]" to a protest taking place in the 94th Precinct in North Brooklyn on June 4, 2020, their "need overcomes any possible valid assertions of the law enforcement privilege…." Id. (emphasis added). However, this document does not relate to the protest on June 4, 2020, but an event taking place after June 7, 2020, the date of the email. By Plaintiffs' own invented standard the document should not be disclosed. Under the Court's recognized standard of the law enforcement privilege, Plaintiffs have not rebutted the strong presumption against disclosure nor shown a compelling need

that tilts the balance against the deleterious effect disclosure would have on NYPD—and its mission—if the law enforcement investigative techniques as well as personal information of a subject of an investigation found in this document were revealed.

Regarding DMNL00251_000197116, Plaintiffs argue that this document should be disclosed to permit them "to evaluate the credibility of the evidence of threats posed by or at [Mott Haven]." Id. The disclosure of this document could reveal the identity of a confidential informant, NYPD's intelligence techniques and processes, and details of an investigation. Revealing these factors would seriously impair the core function of NYPD—protecting and serving the people of New York. Furthermore, this document provides little probative value to Plaintiffs, if any at all, since it was received and evaluated a day after the Mott Haven protest. Plaintiffs have no need compelling enough to rebut the strong presumption that this document is privileged.

Accordingly, Defendants respectfully request that the Court uphold the law enforcement privilege with respect to these four documents since Plaintiffs have failed to show that they meet the standard for disclosure of privileged information.

Thank you for your time and attention to this matter.

Respectfully submitted,

*Peter Scutero*   /s

Peter Scutero
*Special Associate Counsel*
Special Federal Litigation Division

cc:   ALL COUNSEL (via ECF)