UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
SAMIRA SIERRA, AMALI SIERRA, RICARDO
NIGAGLIONI, ALEX GUTIERREZ, and CHARLES
HENRY WOOD, on behalf of themselves and all others
similarly situated,

                         Plaintiffs,

   v.

CITY OF NEW YORK, a municipal entity; and
Mayor BILL DE BLASIO,
Chief of Department TERENCE A. MONAHAN,
Assistant Chief KENNETH C. LEHR,
Inspector ROBERT GALLITELLI,
Bureau Chief HARRY WEDIN,
Deputy Chief JOHN D'ADAMO,
Deputy Chief GERARD DOWLING,
Captain JULIO DELGADO,
Sergeant KENNETH RICE,
Sergeant THOMAS GARGUILO,
Police Officer JOHN MIGLIACCIO,
and Police Officer THOMAS MOSHER,
in their individual capacities,

                         Defendants.

20-cv-10291 (CM)(GWG)
20-cv-10541 (CM)(GWG)

------------------------------------------------------------------------- X

## DECLARATION OF MICHAEL L. SPIEGEL IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

    MICHAEL L. SPIEGEL declares under penalty of perjury, and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

    1.    I am an attorney admitted to practice before the courts of the State of New York and this District.   I submit this declaration in support of Plaintiffs' Motion for Class Certification.

    2.    I have represented the plaintiffs in this action since its inception.   *See, Sierra v.*

1

*City of New York*, 20-cv-10291, Dkt. 1.   Consequently, I am fully familiar with the facts and circumstances concerning the prosecution of this action.

## ATTORNEY BACKGROUND AND EXPERIENCE

3. I am a solo practitioner with offices at 48 Wall Street, Suite 1100, New York, New York.

4. I attended Harvard College and City University of New York as an undergraduate. I received my Juris Doctor degree from New York University School of Law, where I was a Root Tilden Scholar, and I clerked for the Honorable Whitman Knapp during law school.

5. I am a member of the New York and California state bars; I am also a member of the bar of the United States District Courts for the Southern and Eastern Districts of New York, and the Northern and Eastern Districts of California, the United States Courts of Appeals for the Second and Ninth Circuits, and the United States Supreme Court.

6. I was an associate attorney at the firm of Kostelanetz, Ritholz, Tigue, & Fink upon graduation from law school in 1984.   In 1986, I joined the Legal Aid Society Criminal Defense Division, where I remained until 1994.   I tried dozens of cases, including homicides, to verdict.

7. In 1991, I and co-counsel tried a test case of New York's Penal Law § 220.45, Criminal possession of a hypodermic instrument, in which the defendants had publicly distributed clean needles to drug users to prevent the spread of HIV.   Their acquittal based upon the "necessity defense" started a wave of de-criminalization of needle possession across the country.   People v. Bordowitz, 155 Misc. 2d 128 (N.Y. Crim. Ct. 1991).   In 1992, I took a

leave of absence from the Legal Aid Society to become the founding director of a federally-funded HIV Legal Assistance Clinic in New York City.

8. In 1994, I moved to California and entered private practice. I was appointed to represent two death row clients in federal *habeas corpus* proceedings in the Northern and Eastern Districts of California: Danielson v. Calderon in 1995, and Crittenden v. Chappell in 1996. Petitioner Danielson took his own life on death row. I represented petitioner Crittenden for nineteen years, until the petition was granted by the Ninth Circuit Court of Appeals in Crittenden v. Chappell, 804 F.3d 998 (9th Cir. 2015) (verdict overturned on Batson violation grounds).

9. In 1995, I returned to New York City and opened a solo practice focusing on police misconduct, First Amendment, and death penalty litigation.

10. I was qualified to represent defendants facing the death penalty under the 1995 New York State capital punishment statute, and in 2003 I and co-counsel tried a capital case to a penalty phase verdict sparing the life of the defendant, People v. Alvarez, Indictment No. 1352/00, Westchester County.

11. Since 2000, the overwhelming majority of my cases have involved constitutional claims of false arrest, malicious prosecution and/or excessive force by police officers. I have litigated hundreds of civil rights cases in the Southern and Eastern Districts of New York. I have settled police misconduct cases for amounts as high as $2,750,000, and obtained jury verdicts as high as $2,500,000.

12. I was an attorney for approximately 250 people arrested during the 2004 Republican National Convention ("RNC"), and litigated those cases over ten years, including a successful motion for plaintiffs' summary judgment at one of the mass arrest locations, Abdell v.

The City of New York, No. 05 Civ. 8453 (RJS) (S.D.N.Y.), *sub nom* Dinler v. The City of New York, No. 04 Civ. 7921, 2012 U.S. Dist. LEXIS 141851, at *23-39 (S.D.N.Y. Sept. 30, 2012). I was lead trial counsel for four plaintiffs at that mass arrest location, obtaining a verdict that included punitive damages against then-Deputy Chief Terence Monahan (later promoted to NYPD Chief of Department, and a named defendant in this case) for his unconstitutional kettling of the RNC plaintiffs.   Abdell v. City of New York, No. 05 Civ. 8453 (RJS) (S.D.N.Y.), Judgment at Dkt. 432.

13. I am counsel in a putative class action arising from the NYPD's policies and practices regarding arrest processing of persons with mobility disabilities in violation of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the New York City Human Rights Law, and the Fourth and Fourteenth Amendments and Section 1983.   Plaintiffs' motion for class certification in that action is pending.   Walker, *et al.* v. City of New York, No. 17-CV-03234 (DG)(TAM) (E.D.N.Y.), Dkt. 171.

14. As a result of my experience and reputation, I am regularly consulted by practitioners in New York and other states for advice on how to handle section 1983 cases.

15. I served on the Civil Rights Committee of the Association of the Bar of the City of New York for three years.

16. I have lectured at many Continuing Legal Education programs on Section 1983 law and litigation.   For example, I have been a faculty member at the American Association for Justice Annual Convention Education Program; I delivered a presentation on Section 1983 litigation at a Federal Bar Council program attended by the district and appellate law clerks in the Second Circuit; and I was a member of the faculty of the annual Intensive Trial Advocacy

Program at Cardozo Law School for twenty years.

Dated: New York, New York
February 24, 2023

                                                            Respectfully submitted,

                                                            _____s/_____
                                                            Michael L. Spiegel