Re: Motion for leave to file a motion to intervene in *In Re New York City Policing During Summer 2020,* 20-cv-08924 (CM)(GWG) (S.D.N.Y.)

U.S. District Judge Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007

March 3, 2023

Dear Judge McMahon,

      Pursuant to pretextual and baseless demands by Judge Caproni in her 9/21/21 order shown after this declaration that she issued in *Butler v. City of New York*, No. 15-cv-3783 (VEC)(S.D.N.Y.), I, Towaki Komatsu, declare under the penalty of perjury on 3/3/23 that I seek leave to file a motion to intervene in this case as an interested party for the following reasons:

1.     I'm piggybacking about the 3/2/23 filing (Dkt. 888) in this case to urge you to immediately and severely sanction the personnel for the City New York who essentially lied about you and/or Judge Gorenstein by fraudulently claiming that a gag order that 1 of you issued in this case barred NYPD personnel from having testified on 3/1/23 to the New York City Council ("Council") before most of that Council's mob boycotted the public's testimony during that sham of a public hearing. I have often testified truthfully and in detail to that Council partly against the NYPD's mafia and you need to be as aware as I am that that Council is comprised of useless personnel who largely boycott my testimony too. That proves that those who work for the Council are unfit for their jobs and need to be fired. This isn't different from my view of you, Judge Gorenstein, and every other federal judge who have engaged in fraud on the court and obstruction of justice and negligence in relation to litigation of mine and matters that I previously brought to your attention, Judge Gorenstein's, and others partly about criminals who infiltrated that rancid ranks of federal court security officers, i.e. Ralph Morales who criminally assaulted me on 8/8/18 inside of the Daniel Patrick Moynihan courthouse before lying about that. Promptly hold a public hearing in courtroom 9C like how Judge Pauley did on 9/26/18 in *USA v. New York City Housing Authority*, No. 18-cv-5213 (WHP) (S.D.N.Y. Mar. 15, 2019) when I testified to that jerk to let the public question you about why you and other judges routinely let the NYPD's mafia off the hook with wrist slaps and lip-service largely by Judge Gorenstein.

s_/Towaki Komatsu          9119 Pembroke Ct.          Tel: 347-316-6180
                           Fort Mill, SC  29707        E-mail: Towaki_Komatsu@yahoo.com

*Plaintiff, Pro Se*

# **<u>Exhibit A</u>**

# **Exhibit B**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA BUTLER; RICKY GIBSON; O'BRIEN
MORRIS; RICHARD EMMETT; ROSELLE DIAZ;
KEVIN FAISON; SHANIQUA JACKSON;
CENTER FOR INDEPENDENCE OF THE
DISABLED, NEW YORK; AND COALITION FOR
THE HOMELESS, *for themselves and on behalf of
all others similarly situated*,

Plaintiffs,

-against-

CITY OF NEW YORK; THE NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES;
STEVEN BANKS, *as Commissioner of the New
York City Department of Homeless Services*,

Defendants.

15-CV-3783 (VEC)

ORDER IMPOSING FILING
RESTRICTIONS PURSUANT TO
28 U.S.C. §1651

VALERIE CAPRONI, United States District Judge:

WHEREAS on August 10, 2021, the Court denied Mr. Komatsu's request to intervene in
this matter, Endorsement, Dkt. 125;

WHEREAS a review of court dockets shows that since 2020, Mr. Komatsu has filed
similar meritless, non-party requests — usually motions to intervene under Federal Rule of Civil
Procedure 24 — in at least thirteen cases, and various judges of this court have denied his
motions, *see, e.g.*, *Nat'l Coal. on Black Civic Participation v. Wohl*, 20-CV-8668, ECF No. 115
(S.D.N.Y. May 28, 2021); *People of the State of New York v. City of New York*, 21-CV-322, ECF
No. 88 (S.D.N.Y. Apr. 28, 2021); *Chinese Am. Citizens Alliance Greater New York v. New York
City Dep't of Educ.*, 20-CV-8964, ECF No. 25 (S.D.N.Y. Feb. 22. 2021); *Women for Am. First v.
De Blasio*, 20-CV-5746, ECF No. 12 (S.D.N.Y. Aug. 18, 2020); *Unif. Fire Officers Ass'n v.
DeBlasio*, 20-CV-5441, ECF No. 108 (S.D.N.Y. Aug. 13, 2020);

WHEREAS Mr. Komatsu's meritless non-party requests burden judges, court personnel, and the parties to those cases, who may understandably be confused as to how or whether to respond to the requests;

WHEREAS it is well settled that "courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities," *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993);

WHEREAS a court's power to restrict the litigation of abusive and vexatious litigants is an "ancient one" that is now codified at 28 U.S.C. § 1651(a), the All Writs Act, *see Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982));

WHEREAS the Second Circuit has noted that "[s]ome courts have responded to vexatious litigants by completely foreclosing the filing of designated categories of cases" and that others "have adopted the less drastic remedy of subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings," *see In re Martin-Trigona*, 9 F.3d at 228;

WHEREAS "[t]he unequivocal rule in this circuit is that [a] district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard," *see Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998); *see also Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) ("Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions" (cleaned up));

WHEREAS on August 16, 2021, given Mr. Komatsu's history of filing meritless requests in cases to which he is not a party, the Court entered an order requiring Mr. Komatsu to show

cause why he should not be enjoined from filing any further documents in cases to which he is not a party unless he complies with certain conditions, Order Dkt. 134;

WHEREAS the Court required Mr. Komatsu to show cause by no later than Monday, August 30, 2021, *see id.*;

WHEREAS the Court informed Mr. Komatsu that if he failed to submit a declaration within the time directed, or if his declaration did not set forth good cause, Mr. Komatsu would be enjoined from filing documents in cases to which is not a party unless he complied with certain conditions, *see id.*; and

WHEREAS Mr. Komatsu did not submit a declaration by the August 30, 2021 deadline or any time thereafter;

IT IS HEREBY ORDERED that Mr. Komatsu is enjoined from filing any documents in cases to which he is not a party unless he complies the following conditions: Any document that Mr. Komatsu seeks to file in a case to which he is not a party must include (1) a copy of this order; and (2) a one-page, double-spaced declaration (the page must have margins of at least 1 inch on both sides and at the top and bottom), submitted under penalty of perjury, stating his legal interest in the matter and why he should be permitted to move to intervene.  The one-page document must be titled: "Motion for Leave to File a Motion to Intervene."

IT IS FURTHER ORDERED that the Clerk's Office is directed not to docket any document that Mr. Komatsu submits that does not comply with the above conditions and not to return to Mr. Komatsu any document that does not comply with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Towaki Komatsu, 802 Fairmount Pl., Apt. 4B, Bronx, NY 10460, and to note the mailing on the docket.

**SO ORDERED.**

**Date:  September 2, 2021**
        **New York, NY**

**VALERIE CAPRONI**
**United States District Judge**