UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In Re: New York City Policing During Summer    :          ORDER
2020 Demonstrations                                                        20 Civ. 8924 (CM) (GWG)
                                                                           :
-------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

　　This Order addresses two applications that follow from the Court's rulings in the applications made on Docket # 774 regarding law enforcement and deliberative process privilege, which were set forth at a discovery conference held on February 13, 2023 (Docket # 859).

Law Enforcement Privilege

　　As was permitted at the February 13, 2023, conference, the plaintiffs have identified four additional documents for in camera review (Docket # 866). The defendants have filed a letter in response (Docket # 878). We make the following findings after undertaking this review.

　　**DMNL00251_000159162**: This document is an email chain with attachments containing what appears to be information from an undercover source, and thus it concerns "information that would undermine the confidentiality of sources" and "information that would seriously impair the ability of a law enforcement agency to conduct future investigations." In re The City of New York, 607 F.3d 923, 948 (2d Cir. 2010) (citations omitted). As such, the law enforcement privilege applies. The document would not serve the purpose that plaintiffs argued it might, see Docket # 866 at 1, and we find no need shown that overcomes the law enforcement privilege.

　　**DMNL00251_000177794**: This document is an email chain that, as the City conceded at Docket # 878 at 2, reflects a discussion around a social media post and an anticipated protest on June 8, 2020. It contains "information that would undermine the privacy of individuals involved in an investigation." See In re The City of New York, 607 F.3d at 948. Therefore, the law enforcement privilege applies. In light of the dates in the emails, this document does not concern the Mott Haven protest of June 4, 2020, that plaintiffs referred to, see Docket # 866 at 1-2, and although it might theoretically otherwise be relevant to the plaintiffs' case, we do not find that plaintiffs have shown a "compelling need" for it such that the privilege is overcome. In re The City of New York, 607 F.3d at 950.

　　**DMNL00251_000186239**: This document is an email chain concerning a social media post and a protest, which the City identifies as taking place on June 7, 2020, and not the June 4, 2020 protest that plaintiffs suggested it might concern. See Docket # 878 at 2-3. As with the above, it contains "information that would undermine the privacy of individuals involved in an investigation." See In re The City of New York, 607 F.3d at 948. Therefore, the law enforcement privilege applies. Plaintiffs' only argument to overcome the privilege turned on whether document concerned a June 4, 2020 protest. See Docket # 866 at 2. As it does not, the privilege is not overcome.

**DMNL00251_000197116**: This is an email concerning information apparently obtained by a confidential informant.  We find that it concerns "information that would undermine the confidentiality of sources" and "information that would seriously impair the ability of a law enforcement agency to conduct future investigations."  In re The City of New York, 607 F.3d at 948 (citations omitted).  The law enforcement privilege thus applies.  This type of information reflects the very "purpose of the privilege," which aims "to preserve the confidentiality of sources" and to "safeguard the privacy of individuals involved in an investigation."  See id. at 940-41 (citations omitted).  Moreover, the email notes that the information addresses what occurred at a protest held the day before the email and thus would have little or no value to plaintiffs "to evaluate the credibility of the evidence of threats posed by or at that protest."  See Docket # 866 at 2.  As such, the privilege is not overcome.

As to the preclusion issue raised, the Court previously suggested that such a motion could await the beginning of the expert discovery period (Docket # 869).  The Court has reconsidered and now advances the deadline for any such motion to March 28, 2023. Briefing thereafter shall be in accordance with paragraph 2.B of the Court's Individual Practices.

Deliberative Process

The City has represented that following the February 13, 2023 conference, it produced all documents it had withheld on the basis of deliberative process privilege with the exception of two that it redacted and one that it fully withheld.  (Docket # 870).  The City has submitted these three documents to the Court for in camera review.

**DMNL00303_000186826 / DEF-E_000058487**: The redacted portion of this document has been withheld on the basis of deliberative process privilege.  The portion redacted evinces discussions regarding the creation of a policy such that the deliberative process privilege applies.  See Am. Civ. Liberties Union v. Nat'l Sec. Agency, 925 F.3d 576, 592 (2d Cir. 2019).  There is no severable factual information.

**DMNL00303_000252160 / DEF-E_000058498**: The privilege log at Docket # 774-1 at *9 reflects that the City has invoked only the deliberative process privilege with respect to this document.  The redacted portion of this document does not "implicate[] the policymaking process," nor does it appear to be tied to a particular agency/governing decision.  New York Times Co. v. Dep't of Health & Hum. Servs., 513 F. Supp. 3d 337, 352 (S.D.N.Y.), aff'd sub nom. New York Times Co. v. United States Dep't of Health & Hum. Servs., 15 F.4th 216 (2d Cir. 2021).  Rather, the redacted portion of this document seeks discussion in preparation for a discrete moment in time and is thus akin to "routine operating decisions rather than policy oriented judgments." MacNamara v. City of New York, 249 F.R.D. 70, 85 (S.D.N.Y. 2008) (punctuation omitted).  As such, the deliberative process privilege does not apply, and the document must be produced without redaction.

**DMNL00303_000257370 / DEF-E_000058500**: The City states that it has fully withheld this document on the basis of both deliberative process and law enforcement privilege.  See

Docket # 870 at 1-2.[1] While it is not clear how the law enforcement privilege might apply, the document is predecisional and deliberative in that it reflects "recommendations, . . . . proposals, [and] suggestions, . . . which reflect the personal opinions of the writer rather than the policy of the agency." Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 482 (2d Cir. 1999) (quotation marks and citations omitted).

In sum, defendants are ordered to produce on or before March 13, 2023, the document identified as DMNL00303_000252160 / DEF-E_000058498 without redaction.

SO ORDERED.

Dated: March 6, 2023
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] We are unable to find a reference to this document on the privilege logs attached to Docket # 774.