

remy green <remy@femmelaw.com>

# IN RE: NEW YORK CITY POLICING DURING SUMMER 2020 DEMONSTRATIONS - Sow DR 12

**Braun, Daniel (Law)** <dbraun@law.nyc.gov>     Thu, Mar 2, 2023 at 3:19 PM
To: remy green <remy@femmelaw.com>
Cc: "Stoughton, Corey" <CStoughton@legal-aid.org>, NYC Law Protest Team <NYCLawProtestTeam@law.nyc.gov>, "Prakash, Swati" <AG.NYPDLitigation@ag.ny.gov>, Gray Legal Team-External <GrayLegalTeam@dwt.com>, Molly Biklen <PayneLitigationTeam@nyclu.org>, Hernandez Team <hernandez@femmelaw.com>, Sow-Legal <Sow-Legal@blhny.com>, "rolonlegalteam ." <rolonlegalteam@aboushi.com>

Remy,

Thank you for your follow-up. I'll be out tomorrow for a medical procedure and defendants will respond to you next week.

Yours,

Daniel M. Braun

Senior Counsel

Special Federal Litigation Division

Office of the Corporation Counsel

100 Church Street

New York, NY  10007

dbraun@law.nyc.gov

212-356-2659

*This message and any attached documents contain information from the Office of the Corporation Counsel that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** remy green <remy@femmelaw.com>
**Sent:** Wednesday, March 1, 2023 1:09 PM
**To:** Braun, Daniel (Law) <dbraun@law.nyc.gov>
**Cc:** Stoughton, Corey <CStoughton@legal-aid.org>; NYC Law Protest Team <NYCLawProtestTeam@law.nyc.gov>; Prakash, Swati <AG.NYPDLitigation@ag.ny.gov>; Gray Legal Team-External <GrayLegalTeam@dwt.com>; Molly Biklen <PayneLitigationTeam@nyclu.org>; Hernandez Team <hernandez@femmelaw.com>; Sow-Legal <Sow-Legal@blhny.com>; rolonlegalteam . <rolonlegalteam@aboushi.com>
**Subject:** Re: [EXTERNAL] Re: IN RE: NEW YORK CITY POLICING DURING SUMMER 2020 DEMONSTRATIONS - Sow DR 12

Hi Daniel,

We've been on a Court order to meaningfully confer about the City's asserted burden -- which obviously includes technical capacity -- since mid-December. It remains our understanding that these records are text searchable, and we're looking at, at most, a few hundred files.

That said, we've asked a number of questions we still don't have answers to. And as you saw in our meeting yesterday, sometimes the real answers to these questions (after follow up questions) reflect a much smaller burden than where we start. If Defendants cannot respond with meaningful information to our questions, including the issues Corey raised, by [I think a week?], we're at an impasse and will move the Court.

We also believe a meet and confer with the appropriate person from the NYPD responsible for these systems would be helpful -- and frankly, is what the Court will likely order if we make a motion anyway. So, if Defendants' answer is anything other than agreeing to produce the documents, please provide a date when we can have that meeting, or confirm you're objecting to it.

Yours,

Remy

_____

**J. Remy Green**

      *Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |

| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

_____



_____

On Tue, Feb 14, 2023 at 4:51 PM Braun, Daniel (Law) <dbraun@law.nyc.gov> wrote:

> Corey,
>
> As you know, the team has been actively fielding a number of issues, and I personally have been managing some medical issues, but this issue remains on our radar and we will respond shortly.
>
> Best,
>
> Daniel M. Braun
>
> Senior Counsel
>
> Special Federal Litigation Division
>
> Office of the Corporation Counsel
>
> 100 Church Street
>
> New York, NY  10007
>
> dbraun@law.nyc.gov
>
> 212-356-2659
>
> *This message and any attached documents contain information from the Office of the Corporation Counsel that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*
>
> ---
>
> **From:** Braun, Daniel (Law)
> **Sent:** Friday, February 3, 2023 4:00 PM
> **To:** 'Corey Stoughton' <CStoughton@legal-aid.org>; 'remy green' <remy@femmelaw.com>
> **Cc:** NYC Law Protest Team <NYCLawProtestTeam@law.nyc.gov>; Prakash, Swati <AG.NYPDLitigation@ag.ny.gov>; Gray Legal Team-External <GrayLegalTeam@dwt.com>; Molly Biklen <PayneLitigationTeam@nyclu.org>; Hernandez Team <hernandez@femmelaw.com>; Sow-Legal <Sow-Legal@blhny.com>; rolonlegalteam . <rolonlegalteam@aboushi.com>

**Subject:** RE: [EXTERNAL] Re: IN RE: NEW YORK CITY POLICING DURING SUMMER 2020 DEMONSTRATIONS - Sow DR 12

Corey,

Since receiving your email, I have been tied up with a summary judgment motion that I needed to serve today before leaving for Shabbat, as well as other matters unrelated to this litigation, but we are conferring further internally to see if there may be any other way to troubleshoot and figure out an amicable way forward. I will be back in touch with you next week to let you know.

Best,

Daniel M. Braun

Senior Counsel

Special Federal Litigation Division

Office of the Corporation Counsel

100 Church Street

New York, NY  10007

dbraun@law.nyc.gov

212-356-2659

*This message and any attached documents contain information from the Office of the Corporation Counsel that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

---

**From:** Corey Stoughton <CStoughton@legal-aid.org>
**Sent:** Wednesday, February 1, 2023 11:44 AM
**To:** Braun, Daniel (Law) <dbraun@law.nyc.gov>; 'remy green' <remy@femmelaw.com>
**Cc:** NYC Law Protest Team <NYCLawProtestTeam@law.nyc.gov>; Prakash, Swati <AG.NYPDLitigation@ag.ny.gov>; Gray Legal Team-External <GrayLegalTeam@dwt.com>; Molly Biklen <PayneLitigationTeam@nyclu.org>; Hernandez Team <hernandez@femmelaw.com>; Sow-Legal <Sow-Legal@blhny.com>; rolonlegalteam . <rolonlegalteam@aboushi.com>
**Subject:** [EXTERNAL] Re: IN RE: NEW YORK CITY POLICING DURING SUMMER 2020 DEMONSTRATIONS - Sow DR 12

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).

Daniel,

We had previously agreed that Defendants would get back to Plaintiffs with a position on whether you could share how the records transmitted to the Early Intervention Committee are stored such that we can better understand why you believe they would have to be reviewed manually to determine if they may be related to a protest. I understand your email to be a refusal to provide this information. If we are wrong about that, please let me know.

Even if it is accurate that there is no way to text-search electronically stored files to narrow down to those that are, or are likely to be, protest-related, we do not believe that the information you provided suggests that manual review for this purpose is an undue burden. As an initial matter, we do not understand the basis for suggesting such a review involves "well over 1000 officers." According to the City's public reporting, even taking the time frame for a search for all referrals from the inception of the program in 2020 through the first quarter of 2022, there are only 453 referrals, and not every referral is a unique officer. It should be fairly simple to pull the RMB-prepared overview sheet for each of those referrals and quickly determine whether the referral was related to misconduct at a protest or a protest-related arrest, and only produce the relevant documents related to those referrals.

We also do not accept that there is a burden in needing to obtain any of these documents from entities not of the City, because once a referral is made those materials are gathered and given to NYPD's Early Intervention Committee such that all the relevant records are in the NYPD's custody and control.

If Defendants remain unwilling to explain why the records aren't text searchable and unwilling to review what appear to be fewer than 500 relevant documents to see if they reference a Schedule A protest and then produce those related records, then the parties are at an impasse and we will seek relief from the Court. Early intervention is a critical element of the NYPD's contemporary internal accountability system (indeed, one court-ordered as a remedy for other unrelated systemic patterns of misconduct) and assessing the use of these systems is a critical aspect of this case. Please let us know by the end of the week if there is any chance of avoiding this impasse.

Corey

---

**From:** Braun, Daniel (Law) <dbraun@law.nyc.gov>
**Sent:** Tuesday, January 31, 2023 7:58 PM
**To:** 'remy green' <remy@femmelaw.com>
**Cc:** NYC Law Protest Team <NYCLawProtestTeam@law.nyc.gov>; Prakash, Swati <AG.NYPDLitigation@ag.ny.gov>; Gray Legal Team-External <GrayLegalTeam@dwt.com>; Molly Biklen <PayneLitigationTeam@nyclu.org>; Hernandez Team <hernandez@femmelaw.com>; Sow-Legal <Sow-Legal@blhny.com>; rolonlegalteam . <rolonlegalteam@aboushi.com>
**Subject:** IN RE: NEW YORK CITY POLICING DURING SUMMER 2020 DEMONSTRATIONS - Sow DR 12

Remy:

As discussed, Plaintiffs' document request, purportedly aimed at seeking via EIP "documents that show just how bad an apple must be before the City will refuse to defend their conduct" – in the context of protest arrests – is unduly burdensome. Generally speaking, the NYPD receives essentially aggregate data from the OCA, USAO for EDNY and SDNY, NYC Law Dept., and certain declinations of prosecutions from the DA Offices, all as outlined in the Order dated

6/2/20 from *Floyd, et al. v. NYC, et al.*, 08cv1034 ("6/2/20 Order"). Notably, a number of those are not City agencies. Since the EIP was not designed to identify protest arrests in particular, there is no practicable way to search for information pertaining to that specific topic. Obtaining such information would essentially require reviewing not just an officer's CCRB resume, IAB resume, CPI, or the materials related to NYC Law Dept.'s declination to represent or refusal to indemnify. Instead, it would also require obtaining the officer's underlying CCRB or IAB files, or underlying civil complaint, or files from the DA Office's investigation into the underlying incident, or documents from the OCA, or possibly even reviewing BWC, to determine if an officer crossed the EIP referral threshold because of a protest. And importantly, the need to obtain and review such underlying materials for well over 1,000 officers, would be unduly burdensome.

In terms of statistics on declining to represent and / or indemnify officers, we believe that much of the information you are seeking is publicly available at: https://www.nyc.gov/site/law/public-resources/nyc-administrative-code-7-114.page. We note though that the same problem as above exists here, insofar as the publicly available spreadsheets do not state whether the declination was in the context of a protest. However, plaintiffs would be equally able to use the docket number listed in a neighboring column to pull each corresponding civil pleading to determine if the case involved a protest.

Yours,

Daniel M. Braun

Senior Counsel

Special Federal Litigation Division

Office of the Corporation Counsel

100 Church Street

New York, NY  10007

dbraun@law.nyc.gov

212-356-2659

*This message and any attached documents contain information from the Office of the Corporation Counsel that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*