

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK
LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**AMY ROBINSON**
*Senior Counsel*
arobinso@law.nyc.gov
Phone: (212) 356-3518
Fax: (212) 356-1148

**By ECF**

March 31, 2023

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> In Re:  *New York City Policing During Summer 2020 Demonstrations*,
> No. 20 Civ. 8924 (CM) (GWG)
> This filing is related to all cases

Your Honor:

I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. Defendants write to respectfully request that the Court not endorse plaintiffs' proposed Court Order dated March 30, 2023 (Dkt. No. 918) and respectfully submit that should one be required, that it should be more balanced and include defendants' input.

Plaintiffs now seek an order addressing three deposition scheduling issues. Defendants object to the issuance of the proposed order. We also respectfully submit that, should the Court be inclined to grant such any order, it should also include instructions to address plaintiffs' own conduct concerning depositions scheduling.

First, plaintiffs seek an order that "[d]efendants shall not cancel a high-level deponent, including a 30(b)(6) witness, unless in case of an emergent situation." To be accurate, it is unusual that a deposition has to be cancelled for other than emergency reasons. For example, when plaintiffs rejected both dates offered for Chief Terence Monahan's deposition, defendants immediately rescheduled him. However, defendants incorrectly input his dates of availability on a chart used to schedule witnesses and need to reschedule his deposition. Further, if a deponent has open an CCRB or IAB investigation, the deponent's union counsel must represent the deponent at any deposition with respect to the incident that is the subject of the investigation. If union counsel becomes unavailable, the deposition has been rescheduled. However, this is also rare. The other occasions have been due to unforeseen circumstances, including illness or another emergency of the deponent or the defending attorney. Defendants have also rescheduled depositions due to issues with the deponent's phone. Plaintiffs have indicated that they wish to

proceed with depositions regardless of the status of witness text messages, so defendants will not longer allow the inability to obtain text messages as a reason for rescheduling a deposition.

As another matter, the statement in the third whereas clause is not correct.  Defendants have not, "cancelled and not rescheduled numerous depositions."  When a deposition has been cancelled, defendants have made every effort to reschedule that deposition in the next batch of depositions or the following batch to the extent possible.

Second, plaintiffs seek an order that "[d]efendants will provide their reasons for any future cancellations at the time of cancellation."  As a general matter, defendants do explain the reasons for cancellations.  For example, when there was a death in the family of one of the defending attorneys, plaintiffs we informed of that reason.  Additionally, plaintiffs have been informed of cancellations due to illness/medical treatment.  Defendants are well aware that cancellations can be disruptive and make every attempt to not make them happen. On the other hand, as discussed below, plaintiffs have failed to accept either offered date for depositions on many occasions and have provided an explanation on only one occasion. Generally, the only explanation that has been provided by plaintiffs is that plaintiffs have a lot going on and cannot take the deposition on the dates provided.

As the Court is aware, defendants are required to provide two dates for each deponents in the weekly schedule – which defendants have done.  Plaintiffs' proposed order does not take into account the fact that plaintiffs have chosen on numerous occasions to simply reject both the proposed date and alternate date provided by defendants.  In fact, plaintiffs rejected three out of five depositions in one week.  Defendants are providing two dates for each deponent four weeks out, and plaintiffs should be required to accept either date, as contemplated by the Court's Order. Plaintiffs refuse to address this issue and fail to acknowledge their obligation to accept one of the two offered dates.  As such, any proposed order should include plaintiffs' obligation to choose one of the two offered dates.

Third, Plaintiffs seek an order that "[d]efendants will attempt to reschedule cancelled deponents on an alternative proposed date proposed by Plaintiffs."  As an initial matter, defendants note that we have been provided deposition dates according to the timetable set by the Court. Sometimes we provide additional deponents than are required by that timetable to make up for depositions that are cancelled by either party.  As we have explained to the Court and to plaintiffs on numerous occasions, it is not possible to reschedule the cancelled deponent for the same week as was proposed by plaintiffs due to various regularly scheduled days off and vacation dates of officers.  To be clear though, those witnesses are eventually rescheduled for a later date.

In sum, defendants respectfully request that the Court not endorse plaintiffs' proposed Court Order at Docket No. 918.  While defendants do not disagree with the general principles, this order is one-sided and does not address some of the complications caused by plaintiffs' own conduct.  Should be Court be inclined to execute an order, the parties can submit one that is more even-handed.

Thank you for your consideration herein.

Respectfully submitted,

*Amy Robinson s/*
Amy Robinson
*Senior Counsel*

cc:    ALL COUNSEL (*via* ECF)