

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE  
CIVIL RIGHTS BUREAU

April 6, 2023

**By Electronic Filing**

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

      Re:    *In re: New York City Policing During Summer 2020 Demonstrations,*
             *No. 20-CV-8924*
             This Letter is Related to All Cases

Dear Judge Gorenstein:

      I am counsel for the People of the State of New York and write on behalf of all non-stayed plaintiffs in these consolidated actions to respectfully request that the Court schedule a conference under Local Rule 37.2 regarding Plaintiffs' intention to seek an order compelling Defendants to produce certain long-overdue investigative and disciplinary records by a date certain, to take steps to ensure no further documents are missing, and for sanctions.

## BACKGROUND

      The extensive factual background regarding Plaintiffs' requests for the disciplinary records is detailed in Plaintiffs' January 13 letter and summarized more generally here. ECF No. 814. On March 25, 2021, Plaintiffs served their First Consolidated Sets of Requests for Documents, seeking, in relevant part, documents relating to the NYPD's internal investigations incidents arising from the racial justice protests of 2020-2021 ("Protests"), including "[r]ecords from the Internal Affairs Bureau." *See* Requests No. 14, 15, 16, 17 of Pls.' First Consolidated Requests for Documents, ECF No. 193-1.

      When documents regarding witnesses identified in the People's Amended Complaint were not forthcoming, the People propounded additional requests that again asked for IAB records, but specified the pertinent incidents involving those witnesses, on December 22, 2021. Ex. A, Request Nos. 17, 18 (People's First Supplemental Requests for Production ("Supplemental Requests")). The Court later ordered Defendants to complete their production for outstanding document requests by March 18, 2022; that deadline was then extended to April 15. ECF Nos. 410, 453, 462. Defendants represented that responsive IAB files they could locate would be produced by the deadline in its discovery chart. ECF Nos. 557-2 at 5, 595-2 at 4. They

also specifically represented in open Court, when Plaintiffs raised concerns about the IAB files in particular that there would be nothing missing or withheld:

> Once again, if there is no burdensome or responsiveness or other objection in the chart, we are producing the documents. We were already, there's already been talk in this case a long time ago about producing open investigations, and we were ordered to do so. So we will be doing so here.

4/12/2022 Tr. at 43:24-44:6.

Notwithstanding that commitment, following a conferral regarding the First Supplemental Requests, Defendants insisted on new requests to search for disciplinary records of incidents where the victim's or officer's names were not known. To ensure Defendants had adequately searched for relevant disciplinary records as to specific witnesses and officers, the People sent yet another demand on August 19, 2022. *See* ECF No. 814-1 (People's Third Supplemental Requests for Production ("Third Supplemental Requests")). This set requested, *inter alia*, all disciplinary records stemming from the Protests, including incidents involving particular individuals listed in Exhibits A and B. *See id*, Requests Nos. 1–3. The parties met and conferred with Plaintiffs on September 13, 2022.[1] At that conferral, and in a September 16, 2022 email, Defendants' counsel unequivocally confirmed that all "[a]ll the protest related CCRB and IAB files for the officers listed in exhibits A and B have already been produced," and committed to providing all other closed IAB and DAO files by November 4. Ex. B. Ms. Ibrahim also confirmed Defendants' agreement to perform a final search of disciplinary records relating to locations designated in ARGUS maps produced by Plaintiffs and to produce an affidavit following that search confirming that "the sum total of the IAB/NYPD investigations concerning the protests that could be located" had been produced. *Id.* Defendants also confirmed that they would produce these IAB files by November 4 in their formal written responses to the Requests. ECF No. 814-2 (Defs.' Resps. & Obj. to the Requests).

Defendants then attempted to renege on their agreements. Despite being presented with Ms. Ibrahim's written confirmations as to the parties' agreements, Defendants delayed their production of disciplinary files following Ms. Ibrahim's withdrawal from the case, forcing Plaintiffs to seek Court intervention to obtain a production schedule for closed APU and DAO disciplinary files. ECF No. 814.

Although Defendants had committed to do their Argus map search and produce an affidavit by mid-October 2022, Defendants also delayed in performing that search and refused to provide a confirmation of the completeness of their IAB/NYPD disciplinary record search in their affidavit. The parties met and conferred November 29, 2022,[2] and, in an effort to avoid further motion practice, agreed to narrow the affidavit to confirming Defendants' search for

---

[1] Present at the meet and confer for Plaintiffs were the undersigned, Remy Green, Elena Cohen, JP Perry, Michelle Gonzalez, Tahanie Aboushi, Rigodis Appling, Lisa Laplace, and Jennvine Wong, and for the Defendants were Nadine Ibrahim and Sergey Marts.

[2] The parties were represented by the undersigned, Remy Green, Nimra Azmi, Daniel Braun, and Marc Arena for Plaintiffs and Joseph Hiraoka and Amy Robinson for Defendants.

Argus-map related IAB files. The Court so-ordered that agreement that Defendants would, by February 17, 2023, "search for NYPD investigations, including those conducted by [IAB], concerning protests that occurred at locations highlighted in the Argus maps Plaintiffs previously provided to Defendants" and provide an affidavit regarding the search. ECF No. 839.

It soon became clear, however, that Defendants had not produced all responsive IAB files. Prior to the depositions of Lt. Eric Dym and Officer Frank Fiorenza, officers identified in both Exhibits A and B of the Third Supplemental Requests, Defendants produced a pre-deposition packet containing personnel profiles indicating that IAB investigations into misconduct allegations against them had closed in 2020 and 2021 but were not produced in full. Defendants had previously produced only one video file from one of Lt. Dym's IAB files and a log but no underlying evidence for a second file. A log for Officer Fiorenza's IAB file had been produced but had indicated that the IAB's investigation was still open. On February 27 and March 11, Plaintiffs requested the full files, citing the Court's order at ECF No. 839. Defendants responded that the Order did not require them to produce the files and that "Defendants will not be producing the two files Plaintiffs' requested [] for today's deposition" of Lt. Dym but provided some, though not all, of the documents from Officer Fiorenza's IAB file.[3]

By email dated March 14, Plaintiffs objected to Defendants' withholding of responsive IAB files as it "suggests a violation of a number of Court orders." Plaintiffs attached Argus maps that pertained to the June 3 and June 4, 2020 incidents underlying the withheld IAB logs, citing ECF No. 839 as the basis for the production of those files, but also cited Ms. Ibrahim's confirmation that Lt. Dym and Officer Fiorenza's IAB files had been produced prior to September 2022, as well as the Court's order that Defendants produce IAB files and other outstanding discovery production by April 15, 2022. Plaintiffs noted that "[i]t seems you are denying that you ever had such obligations to or completed such searches and production" and requested "a meet and confer regarding this issue."

The parties met on March 22, 2023.[4] Defendants were unprepared to speak to anything but the production of Lt. Dym's IAB file and refused to discuss any other matters, including Officer Fiorenza's file and the general concern that Defendants have violated a "number of Court orders" by "denying that [they] ever had such obligations to [produce] or completed … searches and production" of IAB files, as stated in the undersigned's March 14 email. Defendants also stated that they had read the Court's Order at ECF No. 839 as pertaining only to post-June 19 Argus maps.[5] Plaintiffs objected to Defendants' unreasonably narrow reading of the request to meet and confer, but nevertheless provided Defendants more time, to March 24, to determine

---

[3] The logs indicated that there was evidence collected as part of those investigations, including text messages, command logs, prisoner roster, an audio file, and other various documents.
[4] The parties (represented by the undersigned, Remy Green, and Gina Bull for Plaintiffs and Joseph Hiraoka, Sergey Marts, and Michael Olney for Defendants) conferred for 35 minutes.
[5] Upon further review, the Court's order did not so limit the Defendants' search obligation, referring instead to all Plaintiff-provided Argus maps. However, there was a mention in correspondence to Ms. Ibrahim about post-June 19 maps. To avoid confusion, Plaintiffs focus now on Defendants' refusal to comply with the other Court orders and Defendants' misrepresentations, which were also the subject of the March 22 and later March 31 meet and confer.

whether they would agree to producing the Dym and Fiorenza files by April 5 and to finalizing their production of IAB files by April 19.

On March 24, Defendants agreed to produce the Dym and Fiorenza files by April 14 but refused to even respond to Plaintiffs' request for a production deadline for all responsive IAB files. When Plaintiffs requested Defendants' position for an anticipated motion to compel those files, Defendants again refused to provide an answer but stated an intention to meet and confer further. In a March 29 email, Plaintiffs objected to Defendants' bad-faith attempts to abuse the Court's conferral process but agreed to meet and confer (yet again) on March 31, 2023.

At the meet and confer itself, it became clear that Defendants' demand for another meet and confer was made not to afford time to conduct an investigation of the issue but for the apparent purpose of delay because Defendants refused to do anything affirmatively to address Plaintiffs concerns and indicated they had done nothing to understand their failure to timely produce IAB files. At the March 31 conferral,[6] Defendants refused to audit their production of IAB files to date and, instead, their counsel, Mr. Joseph Hiraoka, stood by Ms. Ibrahim's provably inaccurate representation that "[a]ll the protest related … IAB files for the officers listed in exhibits A and B have already been produced."

When pressed as to whether he investigated the accuracy of Ms. Ibrahim's statement, Mr. Hiraoka indicated he had not taken any steps to verify it and was willing only to confirm that everything responsive *in the Law Department's* possession had been produced. But, as Plaintiffs reminded him, Ms. Ibrahim's confirmation went to the responsive documents in *Defendants'* possession, and that it is and was Defendants' obligation to produce responsive documents in their possession, custody or control, not simply what they choose to disclose to their attorneys. Mr. Hiraoka insisted that Defendants would only agree to produce additional files if Plaintiffs could figure out and tell Defendants which were missing. Though, when Plaintiffs' counsel identified additional IAB files that may be incomplete,[7] counsel refused to make any inquiries unless the request was made formally in writing and indicated that the mere suspicion that the files were incomplete may be insufficient to warrant a further search. Defendants also disagreed that they had misrepresented the status of their productions or should be sanctioned. So, impasse was declared as to both producing outstanding IAB files and sanctions against Defendants.

Finally, as another piece of context, the misrepresentations Defendants made in the chart about the status of IAB productions, and subsequently, are particularly concerning because the Court has already ordered an "a comprehensive review" of the chart when the City "admitted" – in the same way it has here – it had made at least one major "misstatement" in that chart. ECF No. 541 at 1. The Court sanctioned Defendants for the fees it took "bringing" the misrepresentation (among other things) "to the Court's attention." *Id.* And despite being granted extensions to conduct this "comprehensive review" (*id.*), *see* ECF Nos. 573, 546, 593, it appears

---

[6] Present were the undersigned, Remy Green, Tahanie Aboushi, Lois Saldaña for the Plaintiffs and for Joseph Hiraoka and Peter Scutero for the Defendants. The conferral lasted for 34 minutes.

[7] The deficiencies Plaintiffs have been able to identify are summarized in Exhibit C.

they failed to catch and/or correct the (mis)representation that responsive IAB files would have been produced by the Court-ordered deadline.

## ARGUMENT

### I. Defendants Should Be Ordered to Audit IAB Production and Produce All Missing IAB Files.

Defendants' obligation to produce IAB files relevant to the Protests is plain. The Court ordered full production of discovery responsive to Plaintiffs' then-pending document requests, including for IAB files, by April 15, 2022. ECF Nos. 410, 453, 462. Defendants acknowledged that Plaintiffs' Third Supplemental Requests overlapped with these previous requests for disciplinary files, ECF No. 814-2, and represented that "[a]ll the protest related CCRB and IAB files for the officers listed in exhibits A and B have already been produced" and committed, pursuant to Rule 34, to produce all other closed IAB and DAO files by November 4. Plaintiffs have presented Defendants with evidence that they violated both the Court's Order and Rule 34. Specifically, IAB files for Lt. Dym and Officer Fiorenza that were closed in 2020 and one file that was closed March 2021, were not produced in full to Plaintiffs by the Court-imposed April 15 deadline. Defendants also failed to identify and cure this deficiency when producing all closed IAB files to Plaintiffs by the November 4 deadline set per Rule 34. And Defendants have not disputed that these files could have, and should have, been produced by either deadline.

As the Court has already explained, there are two possibilities in this situation: "it's possible you did a reasonable search in which case it's justified, but it's also possible you didn't do a reasonable search and the only reason you came up with the other stuff was because the plaintiffs happened to know that it existed." 2022-02-11 Tr. at 14:25-15:24. Yet Defendants have refused to explain how their search missed the Dym and Fiorenza files. Counsel also refuses to take the basic step of confirming with their client that everything in Defendants' possession, custody or control has been produced, insisting, instead, on shifting the onus to Plaintiffs to somehow determine what is missing from Defendants' production and alert Defendants to each individual file. Not only do Defendants fail to justify their violation of the Court's Order and Rule 34, but their proposed remedy is unworkable and prejudicial. And their abuse of the Court's meet and confer process only makes things worse.

Defendants are in the best, and perhaps only, position to determine what IAB files are missing and any further delay to auditing their production for those files will prejudice Plaintiffs' ability to adequately prepare for upcoming depositions, which themselves can no longer be delayed. Plaintiffs have been able to learn of the closing of Lt. Dym's and Officer Fiorenza's files only because Defendants' mandated pre-deposition production revealed that information and the related deficiencies mere days before their depositions. There was no other way Plaintiffs could know that the IAB had closed those files – only the NYPD has access to that information. Though it is likely future pre-deposition productions will reveal further deficiencies, Plaintiffs should not be required to rely on last-minute requests for full production prior to a deposition only to have Defendants, as they have here, produce a partial file on the eve of that testimony or outright refuse to produce the complete file and force Plaintiffs to seek to recall the witness.

Further, Plaintiffs have requested, and are entitled to, more than just the IAB files for noticed deponents. To limit Defendants' production to those witnesses would unfairly limit the scope of Plaintiffs' document requests. Plaintiffs lack the time in the remaining discovery schedule and ability to identify the missing IAB files; it is necessary that Defendants conduct an audit, specifically with the aid of the NYPD and starting with upcoming deponents, produce any missing records by a date certain, and provide a declaration confirming that all IAB records that could be located have been produced.[8]

The persistent deficiencies despite Plaintiffs' best and good-faith efforts to obtain missing files now warrants an audit. Plaintiffs have given ample information and opportunities to Defendants to complete their search. In addition to propounding their requests for protest-related IAB files three times in order to provide as much fodder for Defendants' searches, Plaintiffs have now conferred on the production of IAB files no fewer than four times following the Court's order to complete production (in addition to prior conferrals about production that culminated in that Order), and the Court has imposed multiple orders to ensure the timely completion of production, (ECF Nos. 354, 410, 453, 462, 537, 577, 836). Indeed, Defendants have in some cases located responsive IAB files with that information but, for some reason, produced only portions of the files that were then available to the NYPD. Paper discovery must be finalized. Defendants should therefore be compelled to audit its production, produce all outstanding, responsive IAB files to discovery requests made in this consolidated litigation—including those for Lt. Dym and Officer Fiorenza[9]—by April 19, 2023, and a declaration by Defendants that this has been completed and detailing the steps taken to audit the production by April 26, 2023.

## II. The Court Should Sanction Defendants.

Defendants should be sanctioned for their failure to abide by the Court's clear order to complete production by April 15 and for misrepresenting the status of their production thereafter. It is well within this Court's discretion to impose appropriate sanctions for such discovery violations as long as those sanctions are "just" and "relate to the particular claim to which the discovery order was addressed." *Shcherbakovskiy v. Seitz,* No. 03 Civ. 1220(RPP), 2010 WL 3155169, at *8 (S.D.N.Y. July 30, 2010) (quoting *Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1366 (2d Cir.1991). A sanction of at least "reasonable expenses, including attorney's fees" caused by the failure to comply with a discovery order is mandatory unless the court finds that the movant did not make good-faith attempts to obtain the disclosures, the failure was "substantially justified," or that "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also Aristidou v. Aviation Port Servs., LLC*, No. 2020 WL 10317398, at *15–16 (E.D.N.Y. Feb. 21, 2020) (striking answer, entering default judgment, and ordering payment of attorney's fees for attending conferences and motion practice relating to defendants'

---

[8] This is distinct from Defendants' continuing obligation to produce DAO and APU records per the Court's Order at ECF No. 814 as those disciplinary proceedings close.

[9] Plaintiffs declared an impasse as to the production date for these files but, given delays caused by Defendants' request for a second conferral and associated in briefing these issues, Plaintiffs will agree to one date for all outstanding IAB file production. Should the Court allot additional time for full production, Plaintiffs respectfully requests that the Dym and Fiorenza files be produced first, within two weeks, to determine whether additional motion practice is needed to recall those witnesses.

failure to timely produce documents); *John v. City of New York*, No. 11-CV-5610 (RPP), 2012 WL 2719154, at *7 (S.D.N.Y. July 9, 2012) (sanctioning the City of New York and Dara Weiss individually for evasive conduct in discovery, for failing to timely produce relevant documents, and for failing to provide accurate information to the court); *see also* 2/11/22 Tr. at 93:22–94:7 (sanctioning the City in this matter by awarding attorneys' fees for violating the Court's "extremely clear order" to produce documents (ECF No. 359)); 4/12/2022 Tr. at 71:3-14, 73:17–21 (ordering attorney's fees for bringing motion to compel discovery chart previously ordered).

Here, Defendants do not deny that the full 2020 and 2021 records involving Lt. Dym and Officer Fiorenza should have been, but were not, produced by April 15. When presented with these most recent failings, Defendants reasserted false statements: that Defendants have produced all IAB records due at the time in April 15, 2022, in accordance with its discovery charts, and that all IAB records pertaining to Exhibits A and B to the Third Supplemental Requests had been produced by September 16, 2022. Defendants have apparently undertaken no inquiry into why these files were not originally produced, either in anticipation of the March 22nd or March 31st meet and confer, despite that being the topic of the conferrals. And prior to doing so, they refused to discuss the issue at the first meet and confer scheduled about the issue and delayed the filing of this letter only to inform Plaintiffs that they had nothing to say at the second.

Plaintiffs have made good-faith efforts to obtain the specific Dym and Fiorenza files by emails before and after their depositions and Defendants refused to produce them in their entirety until after conferring multiple times. And despite those conferrals and Plaintiffs' good-faith efforts, Defendants will not correct their misrepresentation that their prior IAB file production was complete or determine what other IAB files are missing unless the Court intervenes. Further, Defendants have violated the Court's clear Order and Rule 34 and presented no justification for such failures and no justification for their misrepresentation as to the completeness of their production. Defendants should therefore be ordered to pay the reasonable expenses, including attorney's fees, associated with conducting multiple conferrals, filing this letter, and attending any associated conferences as necessary to correcting those violations and misrepresentation. Fed. R. Civ. P. 37(b)(2)(C).

## CONCLUSION

For these reasons, the Court should order Defendants to conduct an audit of its IAB production to date to identify missing files; produce all responsive IAB files by April 19, 2023; and produce a declaration confirming the completion of that production and nature of the audit by April 26, 2023. In addition, Defendants should be ordered to pay reasonable attorneys' fees, which the parties can attempt to negotiate with Defendants in the first instance and, absent agreement, present an application to the Court at a later date.

Plaintiffs thank the Court for its time and consideration of this request.

Respectfully submitted,

 s/ Lillian M. Marquez

Hon. Gabriel W. Gorenstein
Page 8

                                      Lillian Marquez, Assistant Attorney General
                                      Civil Rights Bureau
                                      Office of the New York State Attorney General
                                      Tel: 212-416-6401
                                      Lillian.Marquez@ag.ny.gov

CC: All counsel of record