

April 7, 2023

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

Re: **In re: New York City Policing During Summer 2020 Demonstrations, 1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases**

Dear Judge Gorenstein:

I write on behalf of the non-stayed Plaintiffs in the case above, relating to the NYPD Legal Bureau attorneys who have been noticed for depositions. This letter does not contain any substantive arguments because, as set out below, we had understood Defendants would not be making a motion. Given that, this letter has been drafted in the time since Defendants filed their letter in order to avoid missing the deadline the Court set for an opening letter, and I ask that the Court excuse any typographical errors.

Before reaching the substance, however, I do want to apologize — Plaintiffs overlooked the portion of the Court's direction that asked us to spell out in more depth the topics on which we wanted to depose Professor Hart and Mr. Chernyavsky, and did not serve those topics on Defendants, although we provided fairly extensive descriptions at prior meet and confers. While it does not excuse a failure to serve topics, we should also note that Defendants at no point followed up with us for those topics either — and had they done so, we would have immediately provided them.

More substantively, Defendants' letter today came as a surprise to us. We had, essentially, understood that Defendants were no longer going to pursue this motion. This was for a few reasons.

*First*, Defendants made a series of choices that meant Sgt. Rice's deposition would not be finished. That is, what Defendants leave out of their letter when they say "the deposition of Sergeant Rice was commenced on March 29th but is held over by Plaintiffs to a later date after approximately 3.5 hours of questioning" is that the *reason* we needed hold the deposition open was that Defendants served nearly 300 pages of text messages, videos, and other documents the night before the deposition. Two of those videos were impossible to open, and even *now*, Plaintiffs still do not have working copies of those videos as far as I know.

During the deposition, while Defendants initially refused to agree to hold the deposition over, once the parties called the Court on that dispute, Defendants' position changed to be that they agreed we could hold the deposition open — but that they opposed categorically our taking more



than 7 hours (even if that meant we got through more of the material at issue in this motion).  When we called the Court, I raised the issue that this could interfere with this motion — and, to the best of my recollection absent the transcript, Defendants did not contest that, or even really address the issue.  To explain a little further, because the texts and videos would make us rethink how we wanted to use our time, we would not really get into communications during the first part of the deposition.  What I expressed (or at least tried to express) during the call with the Court was that we thought it made sense — given the deadline for this motion — that Defendants would want us to get as deep into the issues relating to communications between Hart, Chernyavsky, and Rice as we could, but that we were reluctant to do so if doing so would prejudice us time-wise, and we could not plan for it based on the eve-of-deposition dump of hundreds of pages of texts.  And again, Defendants took the position — in response to that — that they would rather force us to adjourn.  It was only today that Defendants proposed finishing Sgt. Rice's deposition — and they do not propose doing so until *June 17*.[1]

As explained by Defendants, their claim of duplication depends largely on the claim that Plaintiffs are seeking to depose Chernyavsky "on the basis that he provided [all relevant] information to Sergeant Rice" (Plaintiffs disagree with that characterization).  2023-03-06 Tr. 30:6-12.  But the texts that were produced — among 300 pages the night before a deposition, in violation of a written order — involved communications with and about both Professor Hart and Mr. Chernyavsky, as included in the appendix to this letter.[2],[3]  Thus, given that the reason Sgt. Rice's deposition needed to happen before the motion —  that Defendants were claiming Sgt. Rice would provide *all* the information Plaintiffs were seeking from Prof. Hart and Mr. Chernyavsky — we took Defendants' failure to meet their obligations before that deposition, and then concession once we called the Court that they would re-produce Sgt. Rice (while simultaneously insisting we needed to plan each minute of our deposition time carefully) as their essentially saying they were no longer going to be seeking to preclude the additional depositions as duplicative.

*Second*, Defendants say they "have yet to receive the transcripts for either Lt. Gallagher or Sgt. Rice depositions."  Dkt. No. 926.  But what they leave out is that they declined to order transcripts.  While for a deposition where a deponent is only reviewing and signing, that approach makes sense, given that Defendants chose not to schedule Sgt. Rice until March 29th — and standard turn around time for a transcript is *at least* a week — we again took these practical facts to mean Defendants no longer intended to make a motion.  Had Defendants still intended to make the

---

[1] Defendants only proposed a single date in rescheduling him.  They also counted him as one of only five deponents — despite a substantial backlog — for this week's scheduling, rather than following the direction that a rescheduled deposition "should not 'count' toward the numerical goal for the future week to which it is rescheduled."  Dkt. No. 829.  This week's list of depositions falls short in other ways that Plaintiffs reserve the right to raise separately.

[2] Defendants "ha[ve] the obligation to make the written application to the Court justifying the proposed sealing" of that appendix, which has been redacted, with an unredacted copy of this letter submitted to Chambers by email.  *See* Individual Practices of Magistrate Judge Gabriel W. Gorenstein § 2(E).

[3] While, as seen in the appendix, they ultimately did not prove to be absolutely core to the issues, Plaintiffs did not know that *during* the deposition — since the did not have time to review those hundreds of pages of texts.  And of course, the absence of text messages relating to what Defendants claim Sgt. Rice communicated with Prof. Hart and Mr. Chernyavsky about is curious in and of itself.

COHEN&GREEN                                                                                                          Page 2 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



motion, on the limited transcript that existed, they could have ordered a copy so that they had it before the motion was due. They did not.

Finally, we note that Defendants in fact schedule Professor Hart's deposition — in a group of only five depositions — in their proposed schedule last Friday, May 31. Again, this gave us the impression that these depositions were no longer disputed, particularly because without Professor Hart, that schedule would fall short under Dkt. No. 829. *See also*, note 1 above.

Given all of this, we believe it is simply no longer tenable timing-wise for Defendants to make a duplicativeness-based motion on these two depositions — particularly given that the authority Defendants cited to preclude them is not at all on point. *See, e.g., Rekor Sys., Inc. v. Loughlin*, No. 19-cv-7767, 2022 WL 671908, at *2 (S.D.N.Y Mar. 7, 2022) (distinguishing Friedman where the attorney sought to be deposed is not affiliated with counsel for the other party in the pending litigation); *see generally*, Dkt. No. 855 at 6-7.

That said, given our own failure to send topics, in the alternative, we would ask the Court to re-set the collection of dates — a new date for topics, for Defendants to schedule and complete Sgt. Rice's deposition, and finally for two rounds of letters.

Once again, we apologize for Plaintiffs' oversight, and we thank the Court for its continued time and attention.

> Respectfully submitted,
>
> /s/
> _____
> J. Remy Green
>    *Honorific/Pronouns: Mx., they/their/them*
> **COHEN&GREEN P.L.L.C.**
> *Attorneys for Sow Plaintiffs*
> 1639 Centre St., Suite 216
> Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.



Page 3 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



## APPENDIX



Page 4 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com





Page 5 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com