

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

April 27, 2023

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

<u>By Electronic Filing.</u>

    Re:    <u>In re: New York City Policing During Summer 2020 Demonstrations,
1:20-CV-8924 (CM) (GWG)</u> — This Letter Relates to All Cases

Dear Judge Gorenstein,

    I am counsel for the People of the State of New York and write on behalf of all non-stayed plaintiffs in these consolidated actions to, as invited by the Court, supplement their letter at ECF No. 955. Since meeting and conferring with Plaintiffs on April 25, Defendants revised their position and have offered to both re-produce Mr. Kanganis *and* pay the court reporter fees for his subsequent deposition. However, Defendants made this revised offer after business hours last night and, in addition to raising a litany of new objections not raised at the meet and confer, Defendants' email was too detailed, and too late, to be considered or responded to by Plaintiffs on such short notice. Plaintiffs are amenable to accepting Defendants' offer and believe that acceptance resolves Plaintiffs' letter to the extent that it seeks a designated witness and sanctions.

    We write further, however, to reiterate Plaintiffs' concerns that Defendants are reading the Topics unreasonably narrowly and to reserve the right to return to the Court should their conduct repeat at future 30(b)(6) depositions.

    As an initial matter, Defendants have waived any objections to the wording of the Topics because they both agreed to them and failed to object to them in writing to the Court by the Court-imposed deadline of February 8, 2023. 2023-01-27 Tr. at 41:4-7. Thus, Defendants' arguments that there might be overlap in the Topics, that "Plaintiffs' drafting of the 30(b)(6) Topics should not be held against Defendants," or that the any of the Topics are "vague, overbroad, or lacked particularity," ECF No. 962 at 4, are waived.

    Further, Defendants do not acknowledge their concession at the April 25 meet and confer that the lines of questioning listed in Plaintiffs' letter at ECF No. 955 were properly within the

Hon. Gabriel W. Gorenstein
Page 2

scope of Topics 20 and 21. Nor do they provide the context for the specific questions they list and object to in their opposition (but did not raise at the meet and confer), most of which related to how the City of New York either coordinated with DA's offices in their prosecution of individuals arrested at the protests (Topic 20) or how they responded when DAs declined to prosecute protesters due sometimes to the lack of probable cause (Topic 21)—an inquiry aimed at understanding whether these findings changed how Defendants policed the Protests. These questions pertained specifically to documents produced by Defendants involving dismissal of prosecutions or referencing discussions with DA's offices about the lack of probable cause for arrests during the protests, though Mr. Kanganis claimed there were no such conversations. ECF No. 964-1 at 59–60. The other questions that Defendants list as outside the scope related to the NYPD's coordination and production of records to the Department of Investigation's (DOI) investigation (Topic 20), which were relevant to understanding why the DOI report found discrepancies in data regarding officer and civilian injuries maintained by different parts of the NYPD.

Similarly, the City's responses to the CCRB's investigations of its officers is within the scope of Topic 20 and overlaps only peripherally with Topic 17. Specifically, Plaintiffs wished to inquire about the City's formal responses to accusations that it slow-walked its review of CCRB recommendations and production of body-worn camera (BWC) footage in the Protest investigations. Although Defendants identified a witness to speak to the conduct of IAB investigations under Topic 17, that witness was unprepared to testify to anything that happened outside of IAB, *i.e.* higher-level responses to CCRB investigations, including NYPD's review of CCRB recommendations or the delays in that review or the production of footage. Notably, she was also unprepared to speak to how long it took for IAB to produce documents like BWC footage to the CCRB for its investigations, the current status or outcomes of the IAB investigations Plaintiffs inquired about, or really anything regarding DA investigations other than general practices regarding the IAB's provision of documents.[1] And though Defendants (recently) designated a different witness to speak specifically to CCRB investigations, CCRB Executive Director Jonathan Darche, that witness is designated to testify, in part, to what the *CCRB* did to investigate and prosecute misconduct at the Protests, what happened at the conclusion of those investigations, and the propriety of the NYPD's deviations under the rules governing discipline and departures which the CCRB also applies. Defendants have ***not*** identified a separate witness regarding DA's investigations under Topic 17. Accordingly, Defendants must limit any scope objections to questions that *completely* fall outside of Topics 20 and 21 and Plaintiffs reserve the right to return to the Court if they do not.

While Plaintiffs remain concerned as to how Defendants have prepared, or failed to prepare, their 30(b)(6) witnesses and belatedly raise frivolous objections to the scope of the

---

[1] For instance, regarding a high-profile prosecution of Officer Vincent D'Andraia for pushing a protester who later suffered a seizure as a result of the attack—a file identified a week prior as one that would be asked about—Capt. Foster did not know the outcome of that case, though it was tied to a parallel IAB investigation. When asked about the status of the parallel IAB investigations, she testified, "I don't know. I am not in IAB." Upon being reminded that she was testifying as a witness for the City of New York and not in her personal capacity, she further testified, "I wasn't presented with this case to review."

Hon. Gabriel W. Gorenstein
Page 3

Topics long ago decided, Plaintiffs are hopeful that further motion practice on this issue will not be necessary. Plaintiffs remain available to discuss these issues regarding Defendants' belated and unreasonable quarrels with the Topics' language at tomorrow's conference, should the Court prefer to preempt scope disputes at the rescheduled deposition, but in lieu of that withdraw their letter based on Defendants' representations that they will: (1) re-produce Mr. Kanganis on Topics 20 and 21; (2) will properly prepare Mr. Kanganis and not object to scope to questions within those Topics; and (3) will produce prepared witnesses for Topic 17.

      We thank the Court for its time and attention.

                          Respectfully Submitted,

                          */s/ Lillian M. Marquez*
                        Lillian M. Marquez, Assistant Attorney General
                        Civil Rights Bureau
                        Gina Bull, Assistant Attorney General
                        Executive Division
                        Office of the New York State Attorney General
                        Tel: 212-416-6401
                        Lillian.Marquez@ag.ny.gov

CC: All counsel of record