

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | **AMY ROBINSON**<br>*Senior Counsel*<br>arobinso@law.nyc.gov<br>Phone: (212) 356-3518<br>Fax: (212) 356-1148 |

**By ECF**                                                                                April 27, 2023

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re:  *New York City Policing During Summer 2020 Demonstrations*,
              No. 20 Civ. 8924 (CM) (GWG)
              This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. Defendants write to respectfully 1) request an extension of time to submit supplemental letters and replies with respect to excluding the depositions of Sgt. Stuart Wohl and Deputy Commissioner John Miller on the grounds of unnecessary duplication from April 28 and May 5 to May 26 and June 2; and 2) request on consent an extension of time to submit supplemental letters and replies with respect to excluding the depositions of former Mayor de Blasio and former NYPD Commissioner Shea on the grounds of unnecessary duplication from April 28 and May 5 to June 12 and June 15. This is the first request to extend the deadlines to submit supplemental letters and replies with respect to excluding depositions. Plaintiffs do not consent to the extension request as it pertains to Wohl and Miller but have consented to the new briefing schedule as it pertains to de Blasio and Shea.

      <u>Sergeant Stuart Wohl</u>. Sgt. Wohl's deposition may be excluded on the grounds of unnecessary duplication following the deposition of Rule 30(b)(6) witness, Sgt. Jason Saturnin who, as per the Court's ruling during the March 6 conference, was required to be deposed by April 14. In the March 10 deposition schedule submitted to plaintiffs, defendants proposed two dates before April 14 for Sgt. Saturnin's deposition. Plaintiffs rejected both dates and failed to provide any alternate dates therefore making it impossible for defendants to meet the April 14 deadline. Defendants therefore respectfully request that the deadlines to submit supplemental letters and replies with respect to the deposition of Sgt. Wohl be extended to May 26 and June 2.

      <u>Commissioner John Miller</u>. Commissioner Miller's deposition may be excluded on the grounds of unnecessary duplication following the deposition of Rule 30(b)(6) witness, Chief

Thomas Galati who, as per the Court's ruling during the March 6 conference, was required to be deposed by April 21. Defendants were unable to schedule Chief Galati's deposition due to conflicting witness and defending attorney availabilities. Chief Galati's deposition has been confirmed for May 23 and May 25. Accordingly, defendants likewise respectfully request that the deadlines for submitting supplemental letters and replies with respect to Deputy Commissioner Miller be extended to May 26 and June 2.

Plaintiffs' position with respect to the extension request as it pertains to Sgt. Wohl and Deputy Commissioner John Miller is as follows:

Plaintiffs oppose Defendants' attempt to continue to drag out the issue of what depositions will go forward regarding purportedly duplicative depositions. The Court spoke to what happens if the City does not schedule predicate depositions before the deadline the Court set at the March 6 conference: "[I]f it's the City's fault that they're not doing it by the 14th or 21st, I'm just going to allow the deposition, so I think the City has every incentive." 3/6/23 Tr. at 54:5–8. As detailed in Plaintiffs' letter, ECF No. 855, Defendants has had *over one year* to challenge noticed depositions but waited to the eleventh hour to do so. They have had control over the order that they propose dates for depositions for this entire case—and certainly since March 6 conference, yet chose to delay in scheduling the predicate depositions to close in time to the briefing dates or altogether schedule them *after* the briefing deadlines and now seek to use they conscious delay as a basis for getting yet more time to seek a protective order. Specifically, Defendants only proposed dates for Galati for far after tomorrow's briefing deadline, initially proposing May 23 or 25. Sgt. Saturnin was scheduled to be deposed this week, until Defendants, for the first time, provided specific 30(b)(6) designations for that witness after business hours on the Friday before the Wednesday deposition thus necessitating it to be adjourned. Accordingly, Plaintiffs oppose the request to further delay final briefing on the duplicativeness issue past April 28.

In response, defendants note that, first, it is clear that the failure to schedule Sgt. Saturnin's deposition by April 14 was in fact due to plaintiffs' refusal to confirm either of the two dates proposed which defendants provided four days after the conference on March 10 which covered depositions for April 10 – 14. Defendants only had one deposition schedule within which Sgt. Saturnin's deposition could be scheduled, and plaintiffs opted not to choose either of the proposed dates within that schedule or to propose alternate dates before April 14. Second, defendants had only two deposition schedules within which to schedule Chief Galati's deposition by April 21. The availability of the witness and defending counsel could not be reconciled before April 21. Thus, defendants did not choose to delay scheduling either of these predicate depositions.

Based upon the foregoing, defendants respectfully request that the deadlines for supplemental letters and replies pertaining to excluding the depositions of Sgt. Stuart Wohl and Deputy Commissioner John Miller on the grounds of unnecessary duplication be extended to May 26 and June 2; and respectfully request on consent that the deadlines for supplemental letters and replies pertaining to excluding the depositions of former Mayor de Blasio and former Commissioner Shea be extended to June 12 and June 15.

Thank you for your consideration of this matter.

                                        Respectfully submitted,

                                        *Amy Robinson s/*
                                        Amy Robinson
                                        *Senior Counsel*

cc:    ALL COUNSEL (*via* ECF)