SYLVIA O. HINDS-RADIX
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

JOSEPH M. HIRAOKA, JR.
*Senior Counsel*
jhiraoka@law.nyc.gov
Phone: (212) 356-2413
Fax:  (212) 356-1148

April 27, 2023

**BY Electronic Case Filing**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re: *New York City Policing During Summer 2020 Demonstrations*
      No. 20 Civ. 8924 (CM) (GWG)
      <u>This filing is related to all cases</u>

Your Honor:

      I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter.  Defendants write to respectfully request an extension of time to comply with this Court's Order at Dkt. No. 943.

      By Court Order dated April 19, 2023,  plaintiffs were to provide a listing of 10 IAB log numbers to defendants, and defendants were to determine whether all documents had been produced as to those log numbers, and if not, provide a full production within five business days of the date defendants were given the log numbers. (Docket No. 943) On the same date, defendants must provide a sworn statement to plaintiffs as to how long it takes to make that determination and produce the missing material (if any).

      Plaintiffs submitted the list of 10 IAB log numbers to defendants on April 20, 2023 at 6:13 p.m.  On that same evening, defendants forwarded the list of 10 IAB log numbers to NYPD to

compile the full files. As an initial matter, since defendants did not receive the log numbers until after close of business on April 20, and therefore work retrieving the files could not start until the next day, we respectfully submit that the five business days should start running on April 21 and end on April 28, 2023.

As set forth in the accompanying declaration from NYPD's Director of the Police Action Litigation Section ("PALS"), despite having limited staffing, PALS ordered two officers and two attorneys within PALS to cease their current duties to prioritize obtaining the subject investigatory files in order to comply with the Court's Order. (See Declaration of Laura Mulle, dated April 27, 2023, annexed hereto as Exhibit A).

Multiple steps were required just to compile the full files related to the 10 IAB log numbers plaintiffs provided. First, the 10 IAB log numbers had to be pulled from the IAB's Internal Case Management System ("ICMS"). After pulling the 10 IAB log numbers, each log number had to be reviewed individually to determine whether an investigation occurred, and if so, what investigative body conducted the investigation.

Review of the 10 IAB logs showed that they were investigated by IAB, four different Borough Investigations Units, and the Chief of Department. Thereafter, requests were made to that investigative body to obtain a copy of the full files.

The files investigated by IAB were provided to PALS on April 26, the files investigated by the Borough Investigation Units were provided to PALS on April 25 and April 26, and the file investigated by the Chief of Department was provided to PALS on April 26. The files were then provided from PALS to the Law Department on a rolling basis on April 25 and April 26. We note that even with additional staff dedicated to this task, because of the procedural and administrative steps to be taken, it took most of the allotted 5 business days for NYPD to provide the 10 files to the Law Department.

Defendants also note that plaintiffs' letter did not simply include 10 log numbers. They also wanted a search to be conducted for 7 "associated" case numbers. NYPD prioritized the 10 log numbers and although not required to do so under the Order, NYPD is in the process of completing its search to obtain the files for the "associated" case numbers.

Several steps must now be taken before the newly collected files can be compared to previously produced files. The newly collected files must be transferred from the Law Department to its electronic discovery vendor, Epiq, which must then process them. For even relatively small volumes of data, processing can take up to 24 hours.

Once processing by Epiq is completed, the Law Department can attempt to determine if the hash values of any newly collected files are duplicative of previously produced files. If the hash values are not duplicative, then the next step is more manual (running searches within its electronic database, Relativity, based on other information such as file names, file paths, and content/text searches and comparing the search results to the newly collected files). This process is all being done on a rolling basis. However, each step takes time to complete, especially the manual search and comparison.

Due to this complex and involved process in obtaining and reviewing the subject files, defendants have not yet been able to determine whether all documents had been previously produced as to the 10 log numbers plaintiffs provided. However, defendants are continuing to expeditiously work on this issue. Defendants respectfully request that the time to determine whether all documents had been previously produced as to the 10 log numbers plaintiffs provided and to provide a full production (if necessary), and defendants' time to provide a sworn statement to plaintiffs as to how long it took to make that determination and produce the missing material (if any) be extended to May 8, 2023.[1]

Plaintiffs' position is as follows:

"Plaintiffs cannot agree to Defendants' belated request for an extension without additional information. The request, first made on Wednesday at 3:30 p.m. with a requested response by 5:00 p.m. that day and then reiterated at 7:32 p.m., was unaccompanied by an affidavit that the Court said would be necessary for such an extension request. 4/19/23 Tr. at 89:25-90:3 ("THE COURT: I'll give you five [business days]. If you need – if you need more, I want someone to really lay this out on an affidavit for me, so --- MR. HIRAOKA: All right."). Absent that affidavit, counsel could not understand why, for instance, a manual review of the files would be necessary as opposed to a comparison of electronic file names as discussed at the conference or other more efficient means of review that the Court requested. Despite conveying the need for an affidavit setting forth the technical need for more time to compare the log files against what has been produced, Defendants did not provide that affidavit or explain its absence upon renewing their request. Accordingly, Plaintiffs oppose Defendants' request for additional time and insist that an affidavit explaining why, at a minimum, a more efficient electronic review is not possible must be submitted to justify any extension."

In response, defendants note that the "affidavit" to be sent to the Court explaining the need for the extension was not ready last night, and is being submitted to the Court with this application. In addition, as described above, the process is much more complicated and burdensome than simply comparing file names.

Defendants also note that they have complied with that portion of the Court Order for a meeting to occur between plaintiffs' counsel and an individual with personal knowledge and experience in using (including searching) databases to search for IAB records. This meeting took place on Wednesday, April 26.

As such, and for the reasons set forth in this application as well as the accompanying declaration, defendants respectfully request an extension of time to May 8, 2023, to complete the tasks set forth in the Court's Order at Dkt. No. 943.

---

[1] Defendants initially sought plaintiffs' consent for May 5, 2023. However, upon further review and discussions with NYPD of the work still to be done, we request herein the extension until May 8, 2023.

Thank you for your time and consideration.

Respectfully submitted,

*Joseph M. Hiraoka, Jr.* s/

Joseph M. Hiraoka, Jr.
*Senior Counsel*
Special Federal Litigation Division

cc:    ALL COUNSEL (*via* ECF)

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

                                         **DECLARATION OF**
                                         **LAURA M. MULLE**

In Re: New York City Policing During
Summer 2020 Demonstrations                    **20-CV-8924 (CM) (GWG)**

-----------------------------------------------------------------------X

      **Laura M. Mulle, Esq.**, declares pursuant to 28 U.S.C. § 1746, under penalty of perjury,

that the following is true and correct:

      1.      I am an attorney and a civilian employee of the New York City Police Department

( "NYPD"). I serve as the Director of the Police Action Litigation Section ("PALS"), which is

part of the NYPD Legal Bureau and am responsible for, among other things, the preservation and

production of evidence in civil litigation. The Civil Litigation Unit ("CLU") is a sub-unit of PALS,

and provides litigation support to the New York City Law Department. CLU is responsible for

the production of all NYPD documents, including files related to NYPD's internal disciplinary

process. I am personally familiar with the matters set forth herein.

      2.      I submit this declaration at the request of the New York City Law Department,

attorneys for the Defendants herein, to outline the efforts NYPD has taken, to the best of my

knowledge and under my supervision and direction, to obtain and produce the documents

associated with the 10 Internal Affairs Bureau ("IAB") log numbers plaintiffs have identified,

pursuant to the Court's Order dated April 19, 2023. IAB logs are generated immediately upon

someone, civilian or a member of service, contacting IAB. IAB logs contain varying degrees of

information. Each log and the information contained therein is reviewed to identify allegation(s)

of misconduct, if any.  If allegations are identified, an investigative entity is then assigned to conduct an investigation.

3.       On the evening of Thursday, April 20, 2023, plaintiffs emailed the Law Department their letter which identified the ten log numbers and associated case numbers.  Later that evening, plaintiffs' letter was forwarded to NYPD.

4.       On April 21, 2023, I asked a police officer assigned to PALS to immediately pull and save the 10 logs identified by plaintiffs that are maintained in the Internal Case Management System ("ICMS"), a case management system used and maintained by IAB.

5.       Thereafter, the 10 logs were reviewed individually to determine whether an investigation occurred as a result of the preliminary allegations contained within the log, and if so, which investigatory body conducted the investigation.  Depending on the allegations, the log may have been referred to the Civilian Complaint Review Board, IAB, a Bureau or Borough Investigations Unit (within NYPD), or to the Integrity Control Officer assigned to cover the command of the subject officer.  The receiving investigative body would have then created a file and conducted an investigation.  The case file will be maintained in either ICMS, used by IAB, or in the Internal Case Management and Tracking System ("ICMT"), used by the Bureau or Borough Investigations Unit as well as the command Integrity Control Officer.  This information is necessary as a preliminary matter in order to locate the requested files.

6.       In order to determine who investigated a particular IAB log, it is necessary to read through the full log, which varies in length.  Reviewing the log, will identify the investigative body, sometimes by the actual name or the command code of the investigative body.

7.     Upon review of all 10 IAB log numbers, we identified the following case numbers associated with those log numbers, and the investigative body assigned to conduct the investigation as follows:

| Log Number | Case File | Investigative Body |
|---|---|---|
| 2020-15371 | FI20-0535 | Patrol Borough Bronx Investigation Unit |
| 2020-14196 | FI20-0478 | Patrol Borough Brooklyn South Investigation Unit |
| 2020-17377 | FI20-0661 | Chief of Department |
| 2020-14431 | M20-898 | IAB Group 12 |
| 2020-15436 | FI20-0526 | Patrol Borough Brooklyn South Investigation Unit |
| 2020-17379 | FI20-0599 | Patrol Borough Queens South Investigation Unit |
| 2020-17329 | FI20-0606 | Patrol Borough Brooklyn North Investigation Unit |
| 2020-14374 | FI20-0488 | IAB Group 54 |
| 2020-13985 | FI20-0413 | IAB Group 32 |
| 2020-13798 | FI20-0430 | IAB Group 54 |

8.     With regard to the four cases investigated by an IAB Group, a request was drafted to the Chief of Internal Affairs. This request was forwarded to IAB on Friday, April 21, 2023, and we asked that this production be expedited. IAB has a Records Unit that is responsible for producing all IAB records requested for a variety of reasons, which includes for purposes of this declaration, civil discovery.

9.     PALS received the IAB files on Wednesday, April 26, 2023, and thereafter began the process of reviewing them for completeness and transferring the case files to the Law Department.

10.    With regard to the five cases investigated by a Borough Investigations Unit, PALS requested the assistance of CLU who has access to ICMT. The files were provided in two batches, between Tuesday, April 25 and Wednesday, April 26. Each day, PALS sent its personnel to meet

with CLU to obtain the files. On Wednesday, PALS was able to begin the process of transferring these case files to the Law Department.

11.     With regard to the case investigated by the Chief of Department, a request was drafted seeking production of that case file immediately. On Wednesday afternoon, April 26, PALS was notified that the file was ready and sent a police officer to retrieve the file. On the evening of Wednesday, April 26, an officer provided the file to the Law Department.

12.     In order to get the investigative case files associated with the 10 logs identified by plaintiffs within the timeframe directed by the Court, I ordered two officers and two attorneys within PALS to cease their current duties, responsibilities and obligations, most of which is to ensure timely compliance with civil discovery on other litigation matters, to prioritize obtaining the files as described above. Like many administrative commands within NYPD, PALS is operating with limited staffing. In prioritizing this Order, PALS, CLU, IAB, and Chief of Department had to set aside other important and time sensitive matters to ensure compliance. Furthermore, although the Court's Order only required defendants to determine whether all documents have been provided for the 10 IAB log numbers, PALS is in the process of completing its search to obtain the files for the "associated case numbers" set forth in plaintiffs' letter.

13.     Nevertheless, I have already directed attorneys within PALS to prioritize review of the productions we received as a result of this Order and to compare it to what plaintiffs have represented are missing from the files. We hope to complete this review within the additional time being requested by the Law Department.

14.     Once the Law Department has finalized its comparison, PALS will work towards producing any documents that were not previously provided, if any.

_____

**Laura M. Mulle**

Dated:  New York, New York
        April 27, 2023