

**SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK , NEW YORK 10007

Amy Robinson
*Senior Counsel*
arobinson@law.nyc.gov
Phone: (212) 356-3518
Fax:   (212) 356-1148

April 28, 2023

**By ECF**
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
To All Counsel of Record

    In Re: *New York City Policing During Summer 2020 Demonstrations*
        20 Civ. 8924 (CM)(GWG)
        This filing is related to all cases

Your Honor:

    I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. Defendants write pursuant to the Court's ruling during the March 6, 2023, conference with respect to the parties' submission of supplemental letters on April 28, 2023, pertaining to defendants' application to preclude the deposition of Sergeant Shuzhen Wong.[1]

---

[1] During the March 6 conference, the Court directed the parties to submit supplemental letters and replies with respect to the exclusion of several noticed depositions. In a letter filed with the Court on April 27, 2023, defendants requested, on consent, an extension to submit supplemental letters and replies with respect to excluding the depositions of former Mayor Bill de Blasio and former NYPD Commissioner Dermot Shea. *See* Dkt No. 966. Defendants further requested an extension to submit supplemental letters and replies with respect to the depositions of Sgt. Stuart Wohl and Deputy Commissioner John Miller for reasons set forth in the April 27, 2023, letter. Additionally, as Inspector Gallitelli's deposition took place prior to April 14, 2023, as per the Court's ruling, Inspector Soberal's deposition was cancelled. *See* March 6, 2023, Court Conf. Trans., 59:1-9, where the Court specifically states that if Inspector Gallitelli's deposition is taken before April 14, 2023, then, "you don't have to do Soberal." Inspector Gallitelli's deposition was taken on March 30, 2023. Further, because of the timing of depositions, defendants are withdrawing their objection to Chief Harry Wedin's deposition.

By way of background, defendants sought the preclusion of several witness depositions. *See* Docket No. 841. At that time, defendants argued that Sgt. Wong should be precluded because she did not plan any Schedule A protests, she was not present at any Schedule A protests, and she did not review any Schedule A protests. Further, her deposition would be duplicative of the Rule 30(b)(6) witness, Captain Lauren Foster. *Id*. at 10. Plaintiffs opposed the application arguing that they seek to depose Sgt. Wong concerning her role in the investigation of plaintiff Jason Donnelly's complaint alleging injury caused by an officer later determined to be Sgt. Christopher Hewitson, a defendant in the *Gray* matter. *See* Docket No. 855 at 9. In support, plaintiffs argued that Sgt. Wong has "unique and personal knowledge" of the decision to close the investigation. *Id*. Plaintiffs also argue that Sgt. Wong's testimony would be relevant to the *Gray* plaintiffs' failure-to-discipline claims. *See* Docket No. 970 at 5.

First, defendants' motion to exclude on the grounds of duplicate testimony is severely compromised due to plaintiffs' deliberate failure to fully question the predicate witness on Sgt. Wong's investigation. Plaintiffs failed to question the established predicate witness for excluding Sgt. Wong's deposition, Captain Lauren Foster, on issues that they knew they wanted to answers to with respect to Sgt. Wong's investigation. This results in fundamental unfairness to defendants. Plaintiffs had the opportunity to depose Captain Foster about Sgt. Wong's investigation but chose not to question Captain Foster about the investigation with any depth or particularity. It certainly does not justify a deposition of Sgt. Wong, especially when plaintiffs could have asked Captain Foster questions about the investigation but deliberately elected to limit their inquiry. Defendants (and Sgt. Wong) should not bear the burden for plaintiffs' failure to fully depose the established predicate witness.[2]

Second, plaintiffs' arguments are unpersuasive, because Sgt. Wong's determinations with respect to the investigation are moot as the matter involving plaintiff Donnelly and Sgt. Hewitson has been referred to the NYPD's Deputy Commissioner of Trials, and Sgt. Hewitson is awaiting an administrative trial pertaining to the incident. Indeed, plaintiffs' argument that Sgt. Wong's testimony would be relevant to their failure-to-discipline claims is controverted by the fact a final determination on Sgt. Hewitson's actions has not yet been made. Plaintiffs appear to be conflating investigations with disciplinary determinations. Any testimony that Sgt. Wong could provide would have little benefit to the *Gray* plaintiffs' failure-to-discipline claims because the matter involving Sgt. Hewitson pertaining to plaintiff Donnelly has been referred to NYPD's Deputy Commissioner of Trials. As such, any little relevance of Sgt. Wong's purported decision to close the investigation is outweighed by the burden and disproportionality of deposing a witness who would provide duplicative testimony. Indeed, the reasons behind Sgt. Wong's determination are laid out in the investigation file, which plaintiffs failed to fully question Captain Foster about.

Based on the foregoing, defendants respectfully submit that Sgt. Wong's deposition should be precluded on the grounds that 1) plaintiffs failed to properly question the predicate witness regarding the investigation pertaining to plaintiff Donnelly; and 2) any determinations made by Sgt. Wong pertaining to the investigation are moot as the incident involving plaintiff Donnelly and Sgt. Hewitson has been referred to NYPD Deputy Commissioner of Trials.

---

[2] Recollection of Captain Foster's testimony is derived from notes taken and memory as defendants do not have the benefit of getting the transcript of her deposition from plaintiffs.

Thank you for your time and attention to this matter.

Respectfully submitted,

*Amy Robinson* /s

Amy Robinson
*Senior Counsel*
Special Federal Litigation Division

cc:   ALL COUNSEL (via ECF)