```
                 UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF NEW YORK

In re:                           :
                                         Docket #20cv8924

 IN RE NEW YORK CITY POLICING    :
 DURING SUMMER 2020 DEMONSTRATIONS

                                 : New York, New York
                                   February 27, 2023
------------------------------------ :


                      PROCEEDINGS BEFORE
             THE HONORABLE GABRIEL W. GORENSTEIN,
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff People    NEW YORK STATE OFFICE OF
of the State of New     THE ATTORNEY GENERAL
York:                   BY:  LILLIAN MARQUEZ, Esq.
                        28 Liberty Street
                        New York, New York 10005


For Payne Plaintiffs:   NEW YORK CIVIL LIBERTIES UNION
                        BY:  VERONICA SALAMA, ESQ.
                        125 Broad Street, 19th Floor
                        New York, New York 10004


For Roland Plaintiffs:  THE ABOUSHI LAW FIRM
                        BY:  TAHANIE ABOUSHI, ESQ.
                        1441 Broadway, Suite 5036
                        New York, New York 10018


For Sow Plaintiffs:     COHEN & GREEN PLLC
                        BY:  REMY GREEN, ESQ.
                        1639 Centre Street, Suite 216
                        Ridgewood, New York 11207



Transcription Service: Carole Ludwig, Transcription Services
                       155 East Fourth Street #3C
                       New York, New York 10009
                       Phone:  (212) 420-0771
                       Email:  Transcription420@aol.com


Proceedings conducted telephonically and recorded by
electronic sound recording;
Transcript produced by transcription service.
```

2

APPEARANCES (CONTINUED):

For Gray Plaintiffs:     DAVIS WRIGHT TREMAINE LLP
                         BY:  KATHLEEN FARLEY, ESQ.
                         1251 Avenue of the Americas
                         New York, New York 10020

For Defendants:          NEW YORK CITY LAW DEPARTMENT
                         BY:  PETER SCUTERO, ESQ.
                              GENEVIEVE NELSON, ESQ.
                         100 Church Street
                         New York, New York 10007

3

## INDEX

## E X A M I N A T I O N S

| Witness | Direct | Cross | Re-Direct | Re-Cross | Court |
|---------|--------|-------|-----------|----------|-------|
| None |  |  |  |  |  |

## E X H I B I T S

| Exhibit Number | Description | ID | In | Voir Dire |
|----------------|-------------|-----|-----|-----------|
| None |  |  |  |  |

1

```
 1                         PROCEEDINGS              4

 2            THE CLERK:  -- In Re New York City Policing

 3   During Summer 2020 Demonstrations, case number 20cv8924.

 4   Starting with plaintiff's counsel, please state your

 5   appearance for the record.

 6            MS. LILLIAN MARQUEZ:  Good afternoon, Your

 7   Honor, this is Lillian Marquez on behalf of People of

 8   the State of New York.

 9            (pause in proceeding)

10            MR. PETER SCUTERO:  Good afternoon, Judge, this

11   is Peter Scutero with the New York City Law Department

12   on behalf of the defendants.

13            MS. GENEVIEVE NELSON:  Good afternoon, Your

14   Honor, Genevieve Nelson also on behalf of the

15   defendants.

16            THE COURT:  Okay, I gather no one else is --

17            MX. REMY GREEN:  No, Your Honor, a couple more

18   people are on.  I think we just – somebody in the order

19   we preset did not speak up.  So why don't we skip to

20   Payne.

21            MS. VERONICA SALAMA:  Hi, this is Veronica

22   Salama from the New York Civil Liberties Union on behalf

23   of the Payne plaintiffs.

24            MS. TAHANIE ABOUSHI:  Good afternoon, Your

25   Honor, Tahanie Aboushi appearing on behalf of the Roland
```

```
1                          PROCEEDINGS                    5
```

2    plaintiffs.

3           MX. GREEN:  Good afternoon, this is Remy Green

4    on behalf of the Sow plaintiffs, and for the record I

5    should appear on the transcript as Mx. Green spelled M-

6    X-period rather than Mr. or Ms.  And I think we have

7    somebody from Payne on the line, but I cannot, it sounds

8    like they cannot speak.

9           MS. KATHLEEN FARLEY:  This is Kathleen Farley

10   on behalf of the Gray plaintiffs.

11          THE COURT:  Okay.  Mr. Scutero, I gather there

12   is an application.

13          MR. SCUTERO:  Yes, Judge, good afternoon.

14   Thank you for hearing us today.  We are making an

15   application to adjourn the conference this afternoon due

16   to the fact that the attorney in our office who's

17   handling the matters before the Court this afternoon has

18   fallen ill and will not appear for the conference today.

19   For that reason we ask that the Court adjourn the

20   conference, and we also request that the Court give us

21   an opportunity to report back tomorrow with another

22   potential date as to when the attorney handling the

23   matter will be back to appear for the conference or when

24   another attorney in our office will be, will have the

25   opportunity to be updated and knowledgeable with the

```
 1                        PROCEEDINGS              6
 2   facts before the Court this afternoon.
 3            THE COURT:  So I mean I don't want – I assume
 4   we're talking about Ms. Robinson here, right?
 5            MR. SCUTERO:  That's correct, Judge.
 6            THE COURT:  Okay.  You know, I don't want to
 7   unduly intrude on her privacy, but is this a
 8   circumstance that happened in the last hour or when did
 9   this occur?  I'm just wondering why we're getting this
10   application, such a late email – for the record I got an
11   email about, you know, an hour or so ago telling me this
12   application is being made.
13            MR. SCUTERO:  Yes, Judge.  And we do apologize
14   to the Court for the notice that was provided just a
15   little while ago as well as we apologize to plaintiffs'
16   counsel, and we did meet and confer with them as the
17   Court ordered prior to the conference and prior to
18   making this application on the record.
19            We did learn earlier that Ms. Robinson had, was
20   ill but there was a hope that because she's the only one
21   in the office who was handling this matter, there was a
22   hope that she would be well enough to appear at the
23   conference this afternoon.  We did learn not too long
24   ago that she did, she's under a physician's care and
25   should has been medicated, and, therefore, it would be
```

```
 1                       PROCEEDINGS              7
```

impossible for her to appear this afternoon on the Court

record.  And for that reason, that's why we,

unfortunately, had to make such a late application to

adjourn this matter.

       THE COURT:  And it sounds like you have no

information as to when she would be likely to be well

enough to proceed.  It sounds like it's not tomorrow.

       MR. SCUTERO:  That's correct, Judge, we ask

that we report back tomorrow because we're hopeful that

we will find out some more information in the interim

and be able to provide that information, provide

information to the Court as to when we would be ready to

proceed with this conference.

       THE COURT:  Ms. Marquez.

       MS. MARQUEZ:  Good afternoon, Your Honor, I'm

sorry, I didn't hear your calling on me, but just to

respond to what Mr. Scutero was just saying, it is also

our understanding that defendants knew that Ms. Robinson

was unwell as of at least this morning, and we do hope

her a speedy recovery.  We were also to some extent

notified to that in the extent that Ms. Robinson

cancelled a deposition we believe she was taking this

Thursday, and so had, you know, we would have expected

at that point, if they felt Ms. Robinson was unwell to

1
2   do the conference today and that she was the only person
3   in the Law Department who could speak to these issues,
4   that they would have immediately moved to adjourn given
5   the late hour and, of course, (indiscernible) scheduling
6   in mind and the prejudice that plaintiffs would be
7   experiencing every day that we delay decision on, among
8   other things, (indiscernible) that defendants seek.  We
9   are not in a position at this moment to consent to
10  adjournments.
11          We also have questions as to why it is that Ms.
12  Robinson, even in light of her unfortunate illness
13  that's keeping her from us today, would still be the
14  only person that the defendants are looking to rely upon
15  to speak to these issues.  And it seems to date that Ms.
16  Robinson has borne the burden almost alone, except with
17  other, maybe one other paralegal helping her schedule
18  all these depositions and dealing with the motion
19  practice on this, we would hope that there'd be somebody
20  like a supervisor or another attorney who could jump in
21  to answer any questions the Court was going to ask today
22  so that we can move this case forward as it is
23  (indiscernible) on a rocket docket.
24          THE COURT:  All right.  I think that we can
25  live with a few days given the unusual circumstances.

```
 1                        PROCEEDINGS              9
 2  So the problem I'm running into is I'm handling criminal
 3  matters starting next week on Monday.  So I think we
 4  really need to think about doing this on Friday.  And if
 5  they need to, you know, train a new person by Friday to
 6  do this, I think that's the way we're going to have to
 7  proceed.  So let's look at my calendar.
 8              (pause in proceeding)
 9              THE COURT:  Yeah, Friday morning.  I think we'd
10  be talking 10:30.  So I'll adjourn – Friday's sort of
11  the earliest because I'm busy, I'm doing criminal
12  matters also on Thursday.  So Friday at 10:30.  Before
13  anyone hangs up, I have something that may help in terms
14  of preparation that I can at least alert you to even if
15  I'm not hearing argument on anything.
16              So anyway, Friday at 10:30.  You know, if there
17  was some absolute guarantee that, you know, Ms. Robinson
18  was going to be better by Monday and I could try
19  squeezing it in Monday morning, but that's only if you
20  know we're going to have Ms. Robinson on Monday.  If
21  we're going to have to educate someone anyway, then
22  let's just do it Friday.  Friday morning, 10:30.
23              All right, now let me just – sorry, someone was
24  speaking?
25              MS. MARQUEZ:  Yes, sorry, Your Honor, if I may
```

```
 1                        PROCEEDINGS              10
 2  interject with a quick request given the adjournment.
 3              THE COURT:  Go ahead.
 4              MS. MARQUEZ:  Just because we have two line
 5  officers scheduled in the intervening period, you know,
 6  and there's obviously a pending request for a numerical
 7  cut, we were hoping to have clarity about that today.
 8  But given the adjournment --
 9              THE COURT:  Some things I can give clarity on.
10  I assumed that the disputed depositions were
11  sufficiently out in the future, that this wasn't going
12  to matter.  Tell me what it's going to matter as to.
13              MS. MARQUEZ:  Just as to the, so there's just a
14  general request to cap as to an arbitrary number.  We
15  would just ask that the --
16              THE COURT:  No, no, no, I know about the caps.
17  My question is this, if something is scheduled for
18  tomorrow, Thursday, or Friday that would affect, be
19  affected by my ruling, I'd like to make the ruling.
20  It's hard to believe the numerical cap is going to
21  affect anything you do between now and Friday.  Maybe
22  I'm wrong on that.  I assume it was more likely there'd
23  be a specific person scheduled between now and Friday or
24  maybe, I mean, do you see what I'm getting at, Ms.
25  Marquez?
```

```
 1                      PROCEEDINGS              11
 2           MS. MARQUEZ:  Yes, Your Honor, I understand,
 3  and so I guess in theory if the Court were to cap the
 4  fact witnesses and this would be something we're not
 5  anticipating, but to whatever has gone forward plus
 6  five, we may reconsider going forward with the ones that
 7  are between now and Friday, if that makes sense.
 8           THE COURT:  I see, I see.  Yes.  No, no, that
 9  makes complete sense.
10           MS. MARQUEZ:  Okay, and so we just hope that
11  those, there's two scheduled, those don't be counted
12  against any numerical cap, but if it is, or if the
13  Court's considering that, you know, that's one piece of
14  the prejudice I was referring to earlier.
15           THE COURT:  Okay, I'll keep that in mind
16  without binding myself.  I believe the way I'm going to
17  approach this is in relation to the names that have bee
18  presented so far, although I wanted to ask some
19  questions about that.  Is this from the plaintiffs'
20  point of view, barring some unusual problems, some late
21  identification of a witness, is this the complete list
22  as far as you know who you want?
23           MS. MARQUEZ:  I believe that is correct.  The
24  only thing, as I believe you're referring to the John
25  and Jane Does who have yet to be identified, yes, that
```

```
 1                          PROCEEDINGS              12
 2  would be the category of people who have, who might be
 3  joining the noticed list.
 4          THE COURT:  How many John and Jane Does are
 5  there?
 6          MS. MARQUEZ:  So there's a --
 7          (interposing)
 8          THE COURT:  -- let me put it this way.  Ones
 9  that could realistically be expected --
10          MS. MARQUEZ:  That's what I was --
11          THE COURT:  -- deposed.
12          MS. MARQUEZ:  That was what I was about to get
13  because I believe there are dozens of John and Jane Does
14  between I believe Roland and Gray teams and potentially
15  the Sow team as well.  But in realistic terms, I think
16  it's only a handful, and I'm hoping that my, the other
17  plaintiffs' counsel will chime in (indiscernible) and
18  accurate.  But we are still receiving document
19  production.  In some places, you know, for instance, IAB
20  files that sometimes reveal office identification that
21  was not previously known to us.  And so I think, you
22  know, so just to give the Court an idea, Roland has 35
23  unnamed defendants, but, again, I think in all
24  likelihood it would only be a handful of those
25  unidentified who will realistically be identified in the
```

1                          PROCEEDINGS                    13

2   near future.

3              THE COURT:  All right.  I mean the way, and

4   without binding myself, the way I'm probably going to be

5   dealing with this is to look at this in relation to the

6   disputed people and say either you don't get certain

7   disputed people or you get them all or say among this X

8   number of disputed people – actually I want to talk to

9   you about that – you know, your number X, 15 or

10  whatever, some number or you get them all or statement.

11  In other words, I don't think I'm going to be sitting

12  and counting up how many you did and so forth.  I think

13  I'm going to do it in relation to the disputed ones.

14             So, in other words, it's not going, it should

15  not affect what you do tomorrow or the next day I don't

16  think.  I mean is it the case that there are people on

17  the disputed list that are more important to you than

18  the ones you'd be doing today or tomorrow, I'm sorry,

19  tomorrow or the next day?

20             MS. MARQUEZ:  So if we're talking about a cap,

21  we have, as I was mentioned, some line level officers,

22  and, generally speaking, these higher level deponents,

23  of course, and we've said this before, are very

24  important to our Monel claims.  And so if we were

25  presented with sort of the dilemma of choosing between

```
 1                    PROCEEDINGS              14
```

 2  those two, I would say the higher levels are more

 3  important than a line level office, but, of course, if

 4  that's not the dilemma we're facing, we want to go

 5  forward with the two we have scheduled.

 6          THE COURT:  Well, there's no reason not to go

 7  forward with the two that are scheduled because I'm not

 8  going to count those two as it were or three, whatever

 9  it is that's happening between now and Friday.  I'm not

10  --

11          MS. MARQUEZ:  Thank you.

12          THE COURT:  I won't count them against you, so

13  let's not worry about that right now.  While I have you,

14  maybe you'll know the answer to this question.  I'm

15  trying to figure out how many are on the disputed list.

16  So I had a few problems.  One was, and I assume this is

17  some typographical error.  Maybe the plaintiffs

18  (indiscernible).  Joseph Resnick, number 16, and Michael

19  Sher, number 42, were on, were listed in docket 841

20  which was the defendant's letter about who they don't

21  want to be deposed, and yet there isn't an X next to

22  their name disputed.  Do you think that's a typo?

23          MS. MARQUEZ:  Yes and no.  So just - this is

24  Lillian again, Ms. Marquez.  So for Officer Sher, we did

25  offer to withdraw him as a witness provided two things.

```
 1                      PROCEEDINGS              15
```

 2  One that defendants provide the deposition transcript

 3  that they alerted to us recently was created in another

 4  case and that they formally state in writing that they

 5  would not object to our use of that transcript here.

 6  They've not done those two things.  And so it's still

 7  lingering as an offer.  It seems that Ms. Robinson

 8  assumes it was withdrawn without those two things being

 9  accomplished, and so perhaps took that out of contention

10  in her chart that she filed with the Court, and I think

11  it probably is just a typographical error as to the, as

12  to Resnick.

13          THE COURT:  So Resnick you think probably

14  should have an X?.

15          MS. MARQUEZ:  Correct.

16          THE COURT:  Okay.  All right, and then my next

17  question was there, and you probably have no idea, but

18  you've been so helpful so far, maybe you will.  There

19  are three people on here that are not specifically named

20  in the defendant's letter, 18, O'Hare and two others,

21  yes, 41, Kovalik, and 43, Fiero.  Any idea why they're

22  not named in defendant's letter?

23          MS. MARQUEZ:  Is Your Honor referring to the

24  chart that Ms. Robinson filed very recently?

25          THE COURT:  Yes, yes, I'm referring - yes,

```
 1                           PROCEEDINGS                    16

 2   exactly.

 3            MS. MARQUEZ:  I'm sorry, I'm just trying to

 4   pull that up so I can see what you're saying with regard

 5   to Fiera.

 6            THE COURT:  Well, I'm just looking at her chart

 7   from yesterday, and she has as disputed 18, 41, and 43.

 8   And with respect to everyone else disputed, they're all

 9   named and discussed in her original letter, you know,

10   docket 841, and those three names are not there.

11            MS. MARQUEZ:  I see.

12            THE COURT:  I have a theory on two of them --

13            MS. MARQUEZ:  Okay, so I --

14            (interposing)

15            MS. MARQUEZ:  So, okay, I'll give you the brief

16   history.  So Michael Kovalik is a defendant in another

17   case, and so I think there's been an overarching

18   objection to the People's case.  The plaintiff obviously

19   is People of the State of New York.  We've used witness

20   incidents as opposed to plaintiff's incidence.  And so

21   one of those involve Officer Kovalik.  He's been deposed

22   already, and so it's a moot point I would say.  But they

23   did, you know, have him ostensibly under this general

24   objection of he's a defendant in another case but never

25   pursued that and produced him.  I think it's a nonissue.
```

| 1 | PROCEEDINGS                          17 |

2  But you're correct, Your Honor, he did not appear in the

3  original letter motion.

4          THE COURT:  In your theory he shouldn't be on

5  this chart because he's not, to use the title of this

6  chart, depositions to be taken.  But you're seeking to

7  have taken.

8          MS. MARQUEZ:  Right, because this was filed the

9  27th, that's the day of his deposition.  So perhaps there

10 was some, you know, timing issues and --

11         THE COURT:  I see, okay.  So I'll take that --

12         MS. MARQUEZ:  It's just a little outdated.  And

13 so then the D.I. O'Hare, the objection there, again,

14 something similar, but he was initially noticed by a

15 Minette (phonetic).  That was Rule, if I'm saying it

16 correctly, 54, but because it relates to the false

17 arrest of a legal observer which is one of the People's

18 claims, we've maintained that deposition.  And so

19 there's a general objection, but, again, defendants

20 never raised that with specificity.

21         D.I. O'Hare is also one of the witnesses for

22 whom the People offered RFA's that if, you know,

23 essentially trying to lay out a few facts we needed to

24 confirm with defendants, and they've refused to admit

25 those, and so we're going forward with that deposition.

```
 1                        PROCEEDINGS              18
```

2  And so to the extent Ms. Robinson was trying to convey

3  that sort of objection, I think that's why she marked

4  it, but it was not laid out in the motion as I recall

5  it.

6          THE COURT:  Okay, so you don't – I'm not sure I

7  followed all of that.  There was a little bit more

8  inside baseball than I think you realized.

9          MS. MARQUEZ:  Okay.

10         THE COURT:  Do you think --

11         MS. MARQUEZ:  In other words --

12         THE COURT:  This is a deposition that you want

13  and that you think she's objecting to, and it wasn't in

14  the letter.

15         MS. MARQUEZ:  That's right.

16         THE COURT:  Okay.  And how about the last one

17  which is Fiero, 43.

18         MS. MARQUEZ:  Fiero, I actually do not know the

19  objection to that one.  I will note that that's one of

20  the defendants that, excuse me, one of the witnesses and

21  I believe a named defendant that defendants have

22  repeatedly cancelled.  And that has become an issue that

23  I won't bring up in detail right now, but three times

24  they've cancelled Fiero.  I'm not aware of any objection

25  to his deposition however.

```
 1                      PROCEEDINGS                  19

 2              THE COURT:  Okay.  All right, well, that was

 3     helpful to the degree I thought it might be since you're

 4     not the one who wrote this letter.  I assume, Mr.

 5     Scutero, you have nothing else to offer on those

 6     questions  just asked.

 7              MR. SCUTERO:  Yeah, I apologize, Judge, I

 8     don't.

 9              THE COURT:  Okay.

10              MR. SCUTERO:  I just don't know enough about

11     the issues to --

12              THE COURT:  No, that's fine, that's fine.  All

13     right --

14              MS. MARQUEZ:  And, Your Honor, if I may offer,

15     just looking cursorily at this, there are a few more

16     here that are slated to be taken but they have been

17     already taken, so it's not, you know, I know this is a

18     moving target.  But, for instance, number 24, Hawkaday,

19     was already taken.

20              THE COURT:  Right, okay.  If they've been taken

21     and they're not disputed, then I don't have that much

22     interest.

23              MS. MARQUEZ:  Okay.

24              THE COURT:  Let me look at what else we have

25     here.  Have the plaintiffs - this is not related to the
```

PROCEEDINGS                    20

1
2    issue before me, but I'm just curious because it relates
3    to timing I suppose.  Or not to timing but to
4    doubletracking.  Are there plaintiffs remaining to be
5    deposed, I mean I'm sure - you may not know their minds,
6    but I assume they've told you which plaintiffs they want
7    to depose.  And have they - I mean I don't know if
8    there's any witnesses that you've identified they want
9    to have deposed, but I assume that whatever it is,
10   they've done it by now.  And has all of that been
11   accomplished and if not how many remain?
12           MS. MARQUEZ:  On this point defendants may know
13   the best.  I am aware of one plaintiff, Jason Donnelly,
14   who defendants recently cancelled last minute to do an
15   issue on their end, as I understand it.  But I believe
16   everybody else has been completed.
17           THE COURT:  Okay.  Did they ask to depose
18   witnesses or just plaintiffs?
19           MS. MARQUEZ:  Just plaintiffs.
20           (pause in proceeding)
21           THE COURT:  Okay.  I think there's nothing else
22   we can really do today.  My plan is to probably go
23   through each of the identified people in part 4 of
24   docket 841 and get a better sense of whether they're
25   duplicative or not.  I also am going to want to talk

1                         PROCEEDINGS              21

2   about a process for raising what essentially amounts to

3   a protective order with respect to I guess six people,

4   but the two mayors, the two police commissioners, and

5   the two legal chairs people, and whether people want to

6   rely on what's here, whether we should be doing it based

7   on the record now, whether we should be waiting until

8   some other depositions happen and, if so, which ones.

9   So that's more of a process issue.  I would want to go

10  through to some degree the people listed in Section 4.

11          I guess I don't foresee doing some numerical

12  calculation under 30(a)(2)(A).  I think I'm going to be

13  more focused on, you know, 26(b)(2)(C) in terms of

14  figuring out what's unduly burdensome and appropriate

15  and nonduplicative and so forth.  And probably in

16  relation to the people (indiscernible) more than

17  anything else.  But I mean this is certainly keeping in

18  mind the fact that there's been a number of depositions.

19          I think that's all we can do today.  We're

20  going to adjourn – go ahead.

21          MS. MARQUEZ:  Apologies, Your Honor, this is

22  Ms. Marquez again.  Just with regard to Section 4 which

23  goes into the witnesses you were referring to for

24  Friday's conference, if the Court would allow – I'll be

25  speaking of it again, but some of those witnesses there

```
 1                      PROCEEDINGS              22
 2   might be a bit of a factual depth that I can't get into.
 3   If at the time I need to call upon a colleague from one
 4   of the other teams to speak, I was wondering if the
 5   Court would allow that indulgence.
 6            THE COURT:  Yes, that's fine as long as we keep
 7   it narrowed in that manner.
 8            MS. MARQUEZ:  Yes, thank you.
 9            THE COURT:  Okay, so Friday 10:30 unless
10   there's some thought that we can pull this off on Monday
11   because Ms. Robinson wouldn't be available Friday but
12   would be available Monday.  And I think that's it from
13   my end.  Anything else from the defendant's point of
14   view?
15            MR. SCUTERO:  No, that's it, Judge, thank you.
16            THE COURT:  Anything from plaintiffs?
17            MS. MARQUEZ:  No, Your Honor, just --
18            (interposing)
19            THE COURT:  Finish, Ms. Marquez, then we'll
20   hear from whoever.
21            MS. MARQUEZ:  I think Mx. Green was about to
22   interject about scheduling issues we've been dealing
23   with.  I did want to correct this chart that I filed
24   because soon after I filed it, the defendants cancelled
25   four depositions, all of which, three of which were
```

1                           PROCEEDINGS            23

2   30(b)(6) and the only 30(b)(6) to be scheduled to date.

3   And just because it's not been exhausted, I won't bring

4   it to the Court's attention in detail, but just to flag

5   that the scheduling issues we've been experiencing we

6   will be trying to work out first, but I just wanted to

7   correct that filing.

8            THE COURT:  Mx. Green.

9            MX. GREEN:  Yes, Your Honor, it's kind of a

10  narrow thing, but as Ms. Marquez said, Ms. Robinson has

11  kind of been dealing solo with scheduling.  I think

12  we're do another batch of depositions on Friday, and

13  obviously if Ms. Robinson is out of the office and not

14  available, I don't know how we're going to get those,

15  and I just wanted to raise that as a potential big issue

16  I suppose in terms of keeping things moving.

17           THE COURT:  All right, well, Mr. Scutero, you

18  know, I have a separate order about what you have to do

19  every Friday, and I don't think, you know, an illness

20  with one person could possibly justify not scheduling

21  depositions.  So if that helps you make plans for what

22  you have to do on Friday, take that as a hint.

23           MR. SCUTERO:  That's understood, Judge --

24           THE COURT:  Do you understand what I'm saying?

25           MR. SCUTERO:  Yes, Judge, things are to go as

```
 1                        PROCEEDINGS            24

 2   they have been planned by the Court, and we have every -

 3   -

 4           (interposing)

 5           THE COURT:  I have an order that says on Friday

 6   you have to, I don't have it in front of me, that you

 7   have to schedule a certain number of depositions.  It's

 8   usually either five or ten.  So that's going to have to

 9   happen on Friday, notwithstanding the illness of one

10   person.

11           MR. SCUTERO:  And that's understood on our end,

12   Judge, and although scheduling depositions is not under

13   my purview, it's my understanding that we have been

14   meeting that requirement and then some, and that we have

15   been actually scheduling --

16           THE COURT:  I don't want to get into what

17   you've been doing, and I'm not saying it's under your

18   purview.  You're the only person speaking for the City.

19   If you need to tell the Corporation Counsel, feel free

20   to tell the Corporation Counsel because I don't care who

21   you tell.  Even if it's not your responsibility, someone

22   has to be told.

23           MR. SCUTERO:  Yes, and, Judge, we'll meet the

24   requirements set by the Court.

25           THE COURT:  Okay.  That's it from my end.
```

```
 1                    PROCEEDINGS                25
 2  Anything else from defendants?
 3          MS. NELSON:  No, Your Honor.
 4          THE COURT:  Ms. Marquez, anything?
 5          MS. MARQUEZ:  No, thank you, Your Honor.
 6          THE COURT:  Okay, thank you, everyone, good
 7  bye.
 8          (Whereupon the matter is adjourned.)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

26

## C E R T I F I C A T E

     I, Carole Ludwig, certify that the foregoing transcript of proceedings in the United States District Court, Southern District of New York, In Re: New York Policing During Summer 2020 Demonstrations, docket #20cv8924, was prepared using PC-based transcription software and is a true and accurate record of the proceedings.

Signature _____

             CAROLE LUDWIG

Date:  April 29, 2023