SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

JOSEPH M. HIRAOKA, JR.
*Senior Counsel*
jhiraoka@law.nyc.gov
Phone: (212) 356-2413
Fax: (212) 356-1148

# MEMORANDUM ENDORSED

April 27, 2023

**BY Electronic Case Filing**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> In Re: *New York City Policing During Summer 2020 Demonstrations*
> No. 20 Civ. 8924 (CM) (GWG)
> This filing is related to all cases

Your Honor:

I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. Defendants write to respectfully request an extension of time to comply with this Court's Order at Dkt. No. 943.

By Court Order dated April 19, 2023, plaintiffs were to provide a listing of 10 IAB log numbers to defendants, and defendants were to determine whether all documents had been produced as to those log numbers, and if not, provide a full production within five business days of the date defendants were given the log numbers. (Docket No. 943) On the same date, defendants must provide a sworn statement to plaintiffs as to how long it takes to make that determination and produce the missing material (if any).

Plaintiffs submitted the list of 10 IAB log numbers to defendants on April 20, 2023 at 6:13 p.m. On that same evening, defendants forwarded the list of 10 IAB log numbers to NYPD to

compile the full files. As an initial matter, since defendants did not receive the log numbers until after close of business on April 20, and therefore work retrieving the files could not start until the next day, we respectfully submit that the five business days should start running on April 21 and end on April 28, 2023.

As set forth in the accompanying declaration from NYPD's Director of the Police Action Litigation Section ("PALS"), despite having limited staffing, PALS ordered two officers and two attorneys within PALS to cease their current duties to prioritize obtaining the subject investigatory files in order to comply with the Court's Order. (See Declaration of Laura Mulle, dated April 27, 2023, annexed hereto as Exhibit A).

Multiple steps were required just to compile the full files related to the 10 IAB log numbers plaintiffs provided. First, the 10 IAB log numbers had to be pulled from the IAB's Internal Case Management System ("ICMS"). After pulling the 10 IAB log numbers, each log number had to be reviewed individually to determine whether an investigation occurred, and if so, what investigative body conducted the investigation.

Review of the 10 IAB logs showed that they were investigated by IAB, four different Borough Investigations Units, and the Chief of Department. Thereafter, requests were made to that investigative body to obtain a copy of the full files.

The files investigated by IAB were provided to PALS on April 26, the files investigated by the Borough Investigation Units were provided to PALS on April 25 and April 26, and the file investigated by the Chief of Department was provided to PALS on April 26. The files were then provided from PALS to the Law Department on a rolling basis on April 25 and April 26. We note that even with additional staff dedicated to this task, because of the procedural and administrative steps to be taken, it took most of the allotted 5 business days for NYPD to provide the 10 files to the Law Department.

Defendants also note that plaintiffs' letter did not simply include 10 log numbers. They also wanted a search to be conducted for 7 "associated" case numbers. NYPD prioritized the 10 log numbers and although not required to do so under the Order, NYPD is in the process of completing its search to obtain the files for the "associated" case numbers.

Several steps must now be taken before the newly collected files can be compared to previously produced files. The newly collected files must be transferred from the Law Department to its electronic discovery vendor, Epiq, which must then process them. For even relatively small volumes of data, processing can take up to 24 hours.

Once processing by Epiq is completed, the Law Department can attempt to determine if the hash values of any newly collected files are duplicative of previously produced files. If the hash values are not duplicative, then the next step is more manual (running searches within its electronic database, Relativity, based on other information such as file names, file paths, and content/text searches and comparing the search results to the newly collected files). This process is all being done on a rolling basis. However, each step takes time to complete, especially the manual search and comparison.

2

Due to this complex and involved process in obtaining and reviewing the subject files, defendants have not yet been able to determine whether all documents had been previously produced as to the 10 log numbers plaintiffs provided. However, defendants are continuing to expeditiously work on this issue. Defendants respectfully request that the time to determine whether all documents had been previously produced as to the 10 log numbers plaintiffs provided and to provide a full production (if necessary), and defendants' time to provide a sworn statement to plaintiffs as to how long it took to make that determination and produce the missing material (if any) be extended to May 8, 2023.[1]

Plaintiffs' position is as follows:

"Plaintiffs cannot agree to Defendants' belated request for an extension without additional information. The request, first made on Wednesday at 3:30 p.m. with a requested response by 5:00 p.m. that day and then reiterated at 7:32 p.m., was unaccompanied by an affidavit that the Court said would be necessary for such an extension request. 4/19/23 Tr. at 89:25-90:3 ("THE COURT: I'll give you five [business days]. If you need – if you need more, I want someone to really lay this out on an affidavit for me, so --- MR. HIRAOKA: All right."). Absent that affidavit, counsel could not understand why, for instance, a manual review of the files would be necessary as opposed to a comparison of electronic file names as discussed at the conference or other more efficient means of review that the Court requested. Despite conveying the need for an affidavit setting forth the technical need for more time to compare the log files against what has been produced, Defendants did not provide that affidavit or explain its absence upon renewing their request. Accordingly, Plaintiffs oppose Defendants' request for additional time and insist that an affidavit explaining why, at a minimum, a more efficient electronic review is not possible must be submitted to justify any extension."

In response, defendants note that the "affidavit" to be sent to the Court explaining the need for the extension was not ready last night, and is being submitted to the Court with this application. In addition, as described above, the process is much more complicated and burdensome than simply comparing file names.

Defendants also note that they have complied with that portion of the Court Order for a meeting to occur between plaintiffs' counsel and an individual with personal knowledge and experience in using (including searching) databases to search for IAB records. This meeting took place on Wednesday, April 26.

As such, and for the reasons set forth in this application as well as the accompanying declaration, defendants respectfully request an extension of time to May 8, 2023, to complete the tasks set forth in the Court's Order at Dkt. No. 943.

---

[1] Defendants initially sought plaintiffs' consent for May 5, 2023. However, upon further review and discussions with NYPD of the work still to be done, we request herein the extension until May 8, 2023.

Thank you for your time and consideration.

Respectfully submitted,

*Joseph M. Hiraoka, Jr.* s/

Joseph M. Hiraoka, Jr.
*Senior Counsel*
Special Federal Litigation Division

cc: ALL COUNSEL (*via* ECF)

Extension to May 8, 2023, granted. In case this comes up again, the parties at some point should discuss the purported more efficient system proposed by plaintiffs in their responsive letter (Docket # 968).

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge
May 2, 2023