STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

May 3, 2023

**BY ECF**

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United Stated District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

    Re:   *In re: New York City Policing During Summer 2020 Demonstrations,*
            No. 20-CV-8924 (CM) (GWG)
            *This Letter Relates to All Cases*

Dear Judge Gorenstein:

    We write on behalf of the non-stayed Plaintiffs in these consolidated cases in reply to Defendants' letter at ECF No. 972, as provided for by the Court at the March 6 conference. As the Defendants withdrew their objection to Chief Wedin, *id.*, and the Court has extended the time for briefing regarding witnesses Miller and Wohl, ECF No. 977, the only remaining witnesses to address in this filing are Sgt. Wong and Deputy Inspector Soberal.

    Regarding Sgt. Wong, the City's claim that Plaintiffs failed to "fully question [Capt. Lauren Foster] on Sgt. Wong's investigation" is inaccurate and inconsistent with the events in the deposition and also not relevant once Foster identified that Wong was not an IAB investigator but a unit investigator working under a different department than IAB. During the deposition, Foster was questioned on the investigation, questioned on the investigational "closing report", as well as the CCRB investigative actions list. *See* Ex. A, Foster Deposition Tr. p. 238–55. Sergeant Wong was the investigator assigned to Plaintiff Jason Donnelly's investigation. While the CCRB accurately narrowed down the pool of Sergeants - who could have been the perpetrator that assaulted Mr. Donnelly - to three, Sgt. Wong, who ran the internal NYPD investigation, claimed she could not reduce the number below 300.

    At Captain Foster's deposition, when questioned about Jason Donnelly's case, Captain Foster testified that "Sergeant Wong is not an IAB investigator," but rather she is a Unit Investigator who is under the control of Chief of Department investigative unit. *See id.* at 249–52. When questioned about the extent IAB oversight had over investigative units, Foster testified "they (IAB) did not sign off on their (Chief of Department Investigative) cases." Although Capt. Foster was presented with statements by the NYPD to the contrary—that the IAB did in fact

Honorable Gabriel W. Gorenstein
Page 2

maintain oversight over these investigation units—Capt. Foster maintained that IAB had no substantive oversight and she could not testify to Sgt. Wong's actions or communications. *See id.* at 87–89, 254. When Foster was asked for further details about the level of control IAB has over borough/bureau investigative units, the City's attorney repeatedly objected that the questions were outside the scope and continued to object to further questions about the IAB's oversight of investigative units. When asked about the level of interface with CCRB and investigators, the City objected as outside the scope of the deposition and Capt. Foster stated in part that she was "not sure."

Plaintiffs have not gotten the information they need as to why Sgt. Wong dropped the investigation. Further, as a 30(b)(6) witness, Foster was not personally involved in the exchanges between Sgt. Wong and the CCRB investigator; Sgt. Wong would better be able to testify to her own communications, particularly if they were not memorialized in writing. Also, as Captain Foster was a 30(b)(6) witness on IAB investigations and believed—whether correctly or not—that Sgt. Wong was not within the purview of the IAB, Captain Foster was not the best witness to answer questions about Sgt. Wong's failed investigation into the misconduct perpetrated by Sgt. Hewitson against Plaintiff Jason Donnelly. As Sgt. Hewitson was identified by the CCRB, and interviewed in their investigation, resulting in numerous substantiated charges, it is appropriate for Mr. Donelly's counsel to question Sgt. Wong directly on the NYPD investigation that completely failed to identify the now self-admitted perpetrator of this assault.[1]

Finally, regarding the City's statements in their letter that the "reasons behind Sgt. Wong's determination are laid out in the investigative file," the closing report statements that the allegation "as unsubstantiated" doesn't explain why Sgt. Wong failed to find the same evidence that the CCRB investigator found or why she was unable to narrow it down to less than 300 subjects.

Regarding DI Soberal, Defendants failed to argue that his testimony would be duplicative of Inspector Gallitelli. *See* ECF No. 972 at 1, n.1. Instead, Defendants took what appeared to be a stray comment by the Court from the March 6th conference out of context and took the illogical position that the Court "cancelled" DI Soberal's deposition simply because the predicate witness—Inspector Gallitelli—proceeded by April 14th. Contrary to Defendants' position, a fair reading of the full transcript of the March 6th teleconference is that the Court would only consider a renewed application for a protective order as to DI Soberal if the predicate witness was scheduled by the 14th, as there is no other reason the Court would have referenced April 14th with respect to the Soberal-Gallitelli depositions. *See* 3/6/23 Conf. Tr. at 54:3–8 ("[I]f it's the City's fault that they're not doing it by the 14th or 21st, I'm just going to allow the deposition."); *see also id.* at 50:22–51:17; 52:14–53:7. Accordingly, the Court should find that Defendants have waived their objection to DI Soberal by failing to renew their application. In the alternative, Plaintiffs rest on their opening letter explaining the significant areas of Soberal's unique knowledge and testimony still needed, and further note the prejudice sustained by Plaintiffs by Defendants' violation of the

---

[1] Sgt Hewitson was deposed on April 20, 2023 and he admitted under oath that he was the individual that knocked Plaintiff Donnelly to the ground. He further admitted that he had told CCRB he could not recall the incident or identify himself from the video, but that he now does recall the incident and does recognize himself in the video.

Honorable Gabriel W. Gorenstein
Page 3

Court's order to "include [him] in the schedule" until the Court ruled on Defendant's motion for protective order following this simultaneous letter briefing. *See* Tr. at 53:3–5 ("So you should include them in the schedule, and then I'll hear from the City as to why they're unnecessary.").

    We therefore respectfully request that the Court order the depositions of Sgt. Shuzhen Wong and Deputy Inspector Isaac Soberal to proceed.

Respectfully submitted,

*s/ Lillian M. Marquez*
Lillian Marquez, Assistant Attorney General
Civil Rights Bureau
Office of the New York State Attorney General
Tel: 212-416-6401
Lillian.Marquez@ag.ny.gov

CC: All counsel of record