**SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

JOSEPH M. HIRAOKA, JR.
*Senior Counsel*
jhiraoka@law.nyc.gov
Phone: (212) 356-2413
Fax: (212) 356-1148

May 5, 2023

**BY Electronic Case Filing**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> In Re: *New York City Policing During Summer 2020 Demonstrations*
> No. 20 Civ. 8924 (CM) (GWG)
> This filing is related to all cases

Your Honor:

I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter. Defendants write to respectfully request a further extension of time to comply with this Court's Order at Docket No. 943.

By Court Order dated April 19, 2023, plaintiffs were to provide a listing of 10 IAB log numbers to defendants, and defendants were to determine whether all documents had been produced as to those log numbers, and if not, provide a full production within five business days of the date defendants were given the log numbers. (Docket No. 943) On the same date, defendants must provide a sworn statement to plaintiffs as to how long it takes to make that determination and produce the missing material (if any).

Defendants filed a letter and a declaration from NYPD on April 27, 2023, summarizing the efforts that were necessary just to obtain the subject 10 IAB files from the NYPD in order to begin the process of determining whether all documents had been produced. Defendants also advised

what further steps needed to be taken so the newly collected files could be compared to previously produced files. In addition, defendants requested an extension of time to May 8, 2023, to advise whether all documents had been produced. (Docket No. 967) The Court granted defendants' request on May 2, 2023 to extend the time to May 8, 2023 for the defendants to comply with the Order. (Docket No. 978)

Since April 27, 2023, when defendants requested an extension of time, defendants have been working diligently and have taken the following steps to attempt to determine whether all documents had been produced.

First, this Office sent the newly received IAB files to defendants' electronic discovery vendor for processing into defendants' review platform. This process included comparing all of the documents in the new files to existing documents in the workspace using MD5 hash values. Any documents in the newly provided files that could be readily located in the workspace were identified. Next, any documents in the newly received IAB files that did not have MD5 hash duplicates were also identified.[1]

Finally, defendants used the log number and the associated "case number" in the main investigative files that were provided to run text-based searches in an attempt to locate non-MD5 hash duplicates of the main investigative files for each of the 10 log numbers provided by plaintiffs. However, we did not find any exact file matches for any of the main investigative files through either the MD5 hash comparison or text-based searches.

Defendants are now in the process of determining whether there are any other steps that should be taken to compare the files and also prepare any new documents for production.

Due to the initial time needed to receive the new files from NYPD, the technological complexity involved in reviewing the subject files, and the time needed to prepare newly received files for production, defendants are not able to fully comply with the Court's Order by May 8, 2023. However, defendants are continuing to expeditiously work on this issue and respectfully request that they be granted until May 15, 2023 to comply with the Court's Order.

Plaintiffs' position is as follows:

"It appears from Defendants' review using the method suggested by Plaintiffs (an

---

[1] When the Court granted defendants' initial extension, the Court stated the parties should discuss the purported more efficient system regarding the use of MD5 hash values proposed by plaintiffs in their responsive letter. However, defendants determined that it may not be reliable and in many instances IAB files are not stored as "static" files. Rather, they are housed in databases and when production to the Law Department is required, they are exported. When this happens, our understanding is that certain of the documents contained in an investigatory file, including the main worksheets, are essentially generated anew, and thus will have different hash values from any already existing in the City's (or Plaintiffs') Relativity environment. Thus, the MD5 hash value comparison cannot be used in all respects to eliminate all the documents that were previously produced.

MD5 hash value analysis) that there are discrepancies between what exists in the IAB files and what has been produced in this litigation. And it is clear that Defendants' counsel now have these documents in hand. Defendants should therefore produce everything that has been collected so far and continue to do so on a rolling basis. Plaintiffs would be glad to work out which documents in the production are duplicative and which Defendants had failed to produce in the first instance. Any further delay in this production will inevitably lead to severe prejudice given the deposition schedule, and further delay resolution of this dispute involving the broader question of the adequacy of Defendants' search for and production of IAB documents."

In response, defendants note that they would be amenable to producing the records anew for these 10 IAB files on a rolling basis in lieu of continuing the comparison review. We want to note though that this would not be a concession that the files were not produced (some in whole and some in part) or that such new productions should lead to an audit of the IAB productions as this would still create an undue burden to defendants and NYPD. Should the Court determine that new productions of these 10 IAB files would be the most practical course, defendants would ask to be relieved of its continued efforts to comply with the initial obligations under Docket No. 943.

For the reasons set forth in this application, defendants respectfully request an extension of time to May 15, 2023, to complete the tasks set forth in the Court's Order at Docket No. 943; or in the alternative, to produce again the 10 IAB files to plaintiffs on a rolling basis starting on May 15, 2023 and ending on May 31, 2023.

Thank you for your time and consideration.

Respectfully submitted,

*Joseph M. Hiraoka, Jr.* s/

Joseph M. Hiraoka, Jr.
*Senior Counsel*
Special Federal Litigation Division

cc:   ALL COUNSEL (*via* ECF)