STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE  
CIVIL RIGHTS BUREAU

May 8, 2023

**BY ECF**

MEMORANDUM ENDORSED

Honorable Gabriel W. Gorenstein  
United States Magistrate Judge  
United Stated District Court, Southern District of New York  
Daniel Patrick Moynihan Courthouse, 500 Pearl Street  
New York, New York 10007

    Re:   *In re: New York City Policing During Summer 2020 Demonstrations*,  
           No. 20-CV-8924 (CM) (GWG)  
           *This Letter Relates to All Cases*

Dear Judge Gorenstein:

       We write on behalf of the non-stayed Plaintiffs in these consolidated cases to provide a brief response to Defendants' request for second extension of time to produce 10 IAB log files and a related declaration. ECF No. 983. As much of the information provided in that letter was not conveyed to Plaintiffs before that filing,[1] we wish to respond to the City's new assertions and their offer to produce all IAB files related to the ten logs identified by Plaintiffs.

       First, Defendants' offer to forego their deduplication review and produce the *full* ten IAB log files is acceptable to Plaintiffs only if the production is ordered to occur on a shorter timeline. Defendants have already collected and processed the files through their e-discovery vendor yet, without justification, seek over three more weeks to complete that production. That request is particularly unreasonable given that just a week ago, Defendants represented to the Court that they could complete both the deduplication process *and* production by today. As the deduplication process would effectively be outsourced to Plaintiffs, and Plaintiffs would need time to perform that process, we cannot accept this offer unless full production can begin immediately and be completed by May 12, 2023, and Defendants can provide a declaration regarding their production by May 17.

---

[1] Defendants' counsel advised Plaintiffs of their anticipated extension request at 2:00 PM on Friday, May 5, and requested Plaintiffs' position by 4:00 PM the same day. Although Defendants characterize it as all plaintiffs' position, only counsel for the People of the State of New York was able to provide a position on their behalf alone. Plaintiffs continue to object to Defendants' last-minute extension requests on the eve of Court-ordered deadlines that make their default inevitabilities and deprive Plaintiffs of sufficient time to confer and respond to such requests.

Honorable Gabriel W. Gorenstein
Page 2

Second, as an alternative to the above, Defendants asked for an additional week to perform the review they represented could be completed by today. As stated previously, we believe that their planned deduplication review is unnecessarily inefficient. Without the benefit of conferral, Defendants have unilaterally concluded in their letter that Plaintiffs' proposal, that they compare MD5 hash values to dedupe, is insufficient. ECF No. 983 at 2 n.1. However, they fail to offer other efficient means of comparing prior production and the newly collected documents. Taking Defendants at their word, uploading IAB files to Relativity has produced new MD5 hash values, *i.e.* identifiers assigned by the Relativity system itself. However, Defendants do not seem to acknowledge that each of these files was extracted from a database that should *also* assign unique identifiers that were compiled in the first instance, rendering a majority of the files susceptible to quick deduplication review. For instance, one IAB database, ICMS, should assign each document a unique identifier. These native database identifiers should have remained associated with each document after being imported to Relativity. Relativity is able to compare old and new productions' database identifiers to identify what has not yet been produced. For documents that are regularly updated, like an investigator worksheet, but whose database identifier does not change, Defendants can simply compare the date these documents were last updated and produce those worksheets that were updated *after* the last production. In other words, a manual comparison of the documents should not be necessary. In any event, it is apparent that there are discrepancies between what exists and what was produced with respect to these files and therefore Plaintiffs object to any further delay.

Third, discovery is rapidly closing and Defendants must produce these plainly relevant documents. Each delay in the production of these ten logs and related declaration has a knock-on effect of delaying Plaintiffs' request for broader relief, an audit, to ensure that all responsive investigative files have been produced. The delay of those files has prejudiced the efficient conduct of depositions and Plaintiffs' ability to complete discovery in this matter.

Should the Court consider a second extension, Plaintiffs reiterate their request that the declaration Defendants are to provide explain certain inefficiencies in their production and deduplication process, including: (1) why Defendants divided their requests for the ten files by investigating unit instead of relying on an IAB officer with full access to ICMS to pull these records; (2) whether and, if not, why not, the production does not include associated "case" files; and (3) why the MD5 hash value comparison, or comparisons by database identifier or last update date as described in this letter, are inadequate means to perform an audit.

We thank the Court for its continued attention to this matter.

The City shall have someone on the telephone conference tomorrow who can answer from personal knowledge the issues raised in this letter, including the questions in the last paragraph of this letter.

So Ordered

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

May 8, 2023

Respectfully submitted,

  *s/ Lillian M. Marquez*_____
Lillian Marquez, Assistant Attorney General
Civil Rights Bureau
Office of the New York State Attorney General
Tel: 212-416-6401
Lillian.Marquez@ag.ny.gov