

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Robert Balin**
212-603-6440 tel
212-379-5240 fax

RobBalin@dwt.com

May 8, 2023

By Electronic Filing
Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

> Re: **In re: New York City Policing During Summer 2020 Demonstrations, 1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Non-Stayed Cases**

Dear Judge Gorenstein,

    We represent the Plaintiffs in *Gray v. City of New York,* and write on behalf of all non-stayed plaintiffs in these consolidated actions to respectfully request that the Court compel Defendants to produce Sgt. Jason Saturnin for a 10.5 hour deposition—one half day for a fact deposition and another full day for a 30(b)(6) deposition. Pursuant to the Court's rules, the parties have met and conferred and are at an impasse. On June 8, 2022, the *Gray* plaintiffs noticed Sgt. Saturnin as a fact witness. At the time, Sgt. Saturnin was not designated as a witness for any 30(b)(6) topics, and Gerard Dowling, David Miller, and Carrie Talansky were designated as the witnesses for 30(b)(6) Topic 9. Defendants did not alert Plaintiffs of their intention to designate Sgt. Saturnin as a 30(b)(6) witness, however, until they sought to confer on a protective order in December 2022. Even then, and in their related filing, (Dkt. No. 841 at 10), Defendants indicated that they would designate Sgt. Saturnin to testify regarding only "CPACE Training" but not regarding any particular topic.

    Plaintiffs then made at least half a dozen separate requests that Defendants specify Sgt. Saturnin's 30(b)(6) topic and sub-topic designations, explaining that this would affect the calculation as to the total time needed for the fact and 30(b)(6) depositions. The Plaintiffs also repeatedly asked the City to agree to make Saturnin available for more than just one day so that we could have enough time to question him on the designated 30(b)(6) topics in addition to the fact deposition and the City repeatedly refused.

    On March 14, Plaintiffs requested that Defendants promptly let Plaintiffs know—by specific topic numbers—what 30(b)(6) topics Sgt. Saturnin would testify about and requested

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

4858-0118-9474v.2 0201731-000001

that Defendants produce Sgt. Saturnin for two deposition dates, consistent with the parties' practice with other 30(b)(6) witnesses who had also been noticed for fact depositions. On March 17, Defendants offered to make Sgt. Saturnin available for one deposition day in mid-April but failed to provide the requested 30(b)(6) designations. Plaintiffs agreed to take Sgt. Saturnin's deposition on April 26, but again followed up on March 21 to request the list of 30(b)(6) topics for which the City wanted to designate him for.  The City finally responded on March 31, generally designating Sgt. Saturnin and two other deponents for Topic 9, but did not specify which of the more than 30 subtopics Sgt. Saturnin (or the other two designated deponents) would speak to and refused to produce Sgt. Saturnin for an additional deposition day, without providing a basis but stating that "plaintiffs will need to seek leave of the Court."

Plaintiffs responded on April 11, stating that they disagreed but would consider the possibility of completing the deposition in one day if Defendants could provide more information about the sub-topics Sgt. Saturnin would speak to since the list they had provided previously had "lump[ed] together Sgt. Saturnin, Captain David Miller, and Executive Agency Counsel James Conroy as the witnesses who would testify as to Topic 9, without specifying which particular portions of Topic 9 each witness will cover."  Defendants did not respond, so Plaintiffs again followed up on the request the following week to determine whether they would need more than a day to depose Sgt. Saturnin.

Defendants did not clarify the broad scope of Sgt. Saturnin's 30(b)(6) designations until the Friday night before his Wednesday deposition, writing:  "The designations pertaining to Sgt. Saturnin, who will be testifying as to Academy training for Topic 9, include definition number 8 subtopics: (c), (i)--training on traffic safety, (j), (m)--with respect to 'observers,' (n), (r), (s), (x), (y), (z), (aa), (bb) and (dd)."  In other words, the designated topics included not only the Academy training but also policies and procedures related to over a dozen topics, as defined in the Consolidated Notice of Deposition.  (Attached herein as Ex. A.)

Because of the short notice of the large number of 30(b)(6) sub-topics, Plaintiffs were forced to adjourn Sgt. Saturnin's deposition, which had been scheduled for April 26, and requested a meet-and-confer regarding the length of the deposition with the City on April 23. Defendants initially refused to meet and confer, writing on April 24 that it was unnecessary to do so, but finally agreed to participate in a meet-and-confer on May 1. The meet-and-confer lasted approximately thirty minutes and was attended by Amy Robinson for the Law Department and Kathleen Farley, Alicia Calzada, Veronica Salama, and Tahanie Aboushi for the consolidated plaintiffs. At the meet-and-confer, the City refused to produce Sgt. Saturnin for two full days , so the parties declared they were at an impasse. However, the plaintiffs, in an attempt to compromise, said they would be willing to conduct both Sgt. Saturnin's fact deposition and 30(b)(6) deposition in 1.5 days if the City would agree no later than Wednesday, May 3. The City failed to respond on May 3, and after Plaintiffs followed up by email, they stated on May 5 they would not agree to produce Sgt. Saturnin for more than one day.

Federal Rule of Civil Procedure 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." However, this rule also provides that "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if

needed to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1). In seeking a court order, the party wishing to extend the examination must "show good cause to justify such an order." Fed. R. Civ. P. 30 Committee Notes – 2000 Amendment. The inquiry into whether good cause exists is fact specific. *Carmody v. Vill. of Rockville Ctr.*, No. CV-05-4907 (SJF)(ETB), 2007 WL 2177064, at *2 (E.D.N.Y. July 27, 2007). The Committee Notes provide that the court "might consider a variety of factors," including "[i]n multi-party cases, the need for each party to examine the witness."

Here, Sgt. Saturnin is a fact witness to the development of the department-wide training instituted in response to the 2020 George Floyd Protests. Defendants have opposed the deposition of Sgt. Wohl on the grounds that his testimony would be duplicative of Sgt. Saturnin's. Consequently, Plaintiffs need adequate time to establish whether Sgt. Saturnin cannot testify to the same facts as Sgt. Wohl in order to inform the Courts' deferred ruling on whether Wohl is duplicative.

Defendants' eleventh-hour designation of Saturnin as a 30(b)(6) witness on a dozen subtopics and refusal to produce him separately for questioning on those topics prejudices Plaintiffs as it essentially acts as a barrier to the 7-hours of fact deposition that Plaintiffs are entitled to (and were entitled to until the late designation was made). Defendants have identified Sgt. Saturnin on a number of 30(b)(6) deposition sub-topics, all of which could reasonably take a full day. It is unreasonable to expect the plaintiffs to conduct Sgt. Saturnin's 30(b)(6) deposition in less than one day given the number of subtopics for which the City designated him.

Defendants' position, however, is that all consolidated Plaintiffs must share seven hours to complete Sgt. Saturnin's deposition, on not only the 12 distinct sub-topics identified in the consolidated 30(b)(6) notice, but also on his own factual knowledge *and* all topics any Plaintiffs would pose to Sgt. Stuart Wohl, a separately-noticed fact witness.

Because of the Defendants' late designation of Sgt. Saturnin on a dozen 30(b)(6) subtopics, and because of the need to have sufficient time to conduct both the fact and 30(b)(6) deposition of Sgt. Saturnin, Plaintiffs respectfully request the Court order Defendants to make Sgt. Saturnin available for one and a half days for a deposition, so that he may be fully questioned in both his fact and 30(b)(6) capacities.

We thank the Court for its continued time and attention.

Respectfully Submitted,

  */s/* Robert D. Balin
Robert D. Balin

CC: All counsel of record

4858-0118-9474v.2 0201731-000001