UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JARRETT PAYNE; ANDIE MALI; CAMILA
GINI; VIDAL GUZMAN; VIVIAN MATTHEW
KING-YARDE;      CHARLIE      MONLOUIS-
ANDERLE;   JAIME   LAUREN;   MICAELA
MARTINEZ;  JULIAN  PHILLIPS;  NICHOLAS
MULDER;   and   COLLEEN   MCCORMACK-
MAITLAND,

                                              Plaintiffs,

                        -against-

MAYOR  BILL  DE  BLASIO;  ;  CHIEF  OF
DEPARTMENT TERENCE MONAHAN; CITY OF
NEW  YORK;  COMMANDING  OFFICER  OF
PATROL BOROUGH BRONX, CHIEF KENNETH
LEHR;  SERGEANT  MAJER  SALEH;  OFFICER
BRYAN  S.  ROZANSKI;  OFFICER  JAKUB
TARLECKI;    SERGEANT   KEITH   CHENG;
OFFICER MATTHEW TARANGELO; OFFICER
STEPHANIE   CHEN;   OFFICER   TAYLOR
CORCORAN; OFFICER MATTHEW L. PERRY;
DETECTIVE   DAMIAN   RIVERA;   OFFICER
BRYAN  PIZZIMENTI;  OFFICER JOSEPH DECK;
LIEUTENANT  MICHAEL  BUTLER;  OFFICER
AARON HUSBANDS; SERGEANT THOMAS E.
MANNING;   OFFICERS   JOHN   DOE   1-26;
OFFICER   JANE   DOE   1;   OFFICER   DOE
ESPOSITO;   and      OFFICER   HENSLEY
CARABALLO,

                                              Defendants.

------------------------------------------------------------------------x

**ANSWER TO
CORRECTED
SECOND AMENDED
COMPLAINT**

No. 20-cv-08924(CM) (GWG)

       Defendants  Sergeant Keith Cheng, Officer Matthew Tarangelo, Officer Matthew

L. Perry,  Detective Damian Rivera[1],  Officer Joseph Deck, Lieutenant Michael Butler, Officer

Aaron Husbands, and Sergeant Thomas E. Manning ("defendants") by their attorney, **SYLVIA**

---

[1] Detective Rivera is retired as of Oct 2020

**O. HINDS-RADIX**, Corporation Counsel of the City of New York, as and for their answer to the Corrected Second Amended Complaint, respectfully allege as follows:

1.      Deny the allegations set forth in paragraph "1" of the Corrected Second Amended Complaint.

2.      Deny the allegations set forth in paragraph "2" of the Corrected Second Amended Complaint.

3.      Deny the allegations set forth in paragraph "3" of the Corrected Second Amended Complaint.

4.      Deny the allegations set forth in paragraph "4" of the Corrected Second Amended Complaint.

5.      Deny the allegations set forth in paragraph "5" of the Corrected Second Amended Complaint.

6.      Deny the allegations set forth in paragraph "6" of the Corrected Second Amended Complaint except admit that the plaintiffs in this action who were arrested were lawfully arrested while attending protests.

7.      Deny the allegations set forth in paragraph "7" of the Corrected Second Amended Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Corrected Second Amended Complaint, except deny that plaintiff was falsely arrested and subjected to excessive force and excessive detention.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Corrected Second Amended Complaint, except admit that plaintiff Andie Mali was arrested on May 30, 2020.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Corrected Second Amended Complaint, except admit that plaintiff Camila Gini was arrested on May 30, 2020.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Corrected Second Amended Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Corrected Second Amended Complaint, except admit that plaintiff King-Yarde was arrested on May 31, 2020.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Corrected Second Amended Complaint, except admit that plaintiff Monlouis-Anderle was arrested on June 3, 2020.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Corrected Second Amended Complaint, except admit that plaintiff Lauren was arrested on June 4, 2020.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Corrected Second Amended Complaint, except admit that plaintiff Martinez was arrested on June 4, 2020.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Corrected Second Amended Complaint, except admit that plaintiff Phillips was arrested on June 4, 2020.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Corrected Second Amended Complaint, except admit that plaintiff Mulder was arrested on June 4, 2020.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Corrected Second Amended Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Corrected Second Amended Complaint except admit that defendant de Blasio is the Mayor of New York City and is responsible for appointing the New York City Police Commissioner.

20.     Deny the allegations set forth in paragraph "20" of the Corrected Second Amended Complaint except admit that defendant Monahan was the Chief of Department of the NYPD at all times relevant to the complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Corrected Second Amended Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Corrected Second Amended Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and that it maintains a police department.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Corrected Second Amended Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Corrected Second Amended Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Corrected Second Amended Complaint.

26.    Deny the allegations set forth in paragraph "26" of the Corrected Second Amended Complaint  except admit that defendant Cheng is or was a police officer employed by the NYPD at all times relevant to the Corrected Second Amended Complaint.

27.    Deny the allegations set forth in paragraph "27" of the Corrected Second Amended Complaint  except admit that defendant Tarangelo is or was a police officer employed by the NYPD at all times relevant to the Corrected Second Amended Complaint.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Corrected Second Amended Complaint.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Corrected Second Amended Complaint.

30.    Deny the allegations set forth in paragraph "30" of the Corrected Second Amended Complaint  except admit that defendant Perry is or was a police officer employed by the NYPD at all times relevant to the Corrected Second Amended Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Corrected Second Amended Complaint  except admit that defendant Rivera is or was a police officer employed by the NYPD at the time alleged in paragraphs 173-176  of the Corrected Second Amended Complaint.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Corrected Second Amended Complaint.

33.    Deny the allegations set forth in paragraph "33" of the Corrected Second Amended Complaint  except admit that defendant Deck is or was a police officer employed by the NYPD at all times relevant to the Corrected Second Amended Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Corrected Second Amended Complaint  except admit that defendant Butler is or was a police officer employed by the NYPD at all times relevant to the Corrected Second Amended Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Corrected Second Amended Complaint  except admit that defendant Husbands is or was a police officer employed by the NYPD at all times relevant to the Corrected Second Amended Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Corrected Second Amended Complaint  except admit that defendant Manning is or was a police officer employed by the NYPD at all times relevant to the Corrected Second Amended Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Corrected Second Amended Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Corrected Second Amended Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Corrected Second Amended Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Corrected Second Amended Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Corrected Second Amended Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Corrected Second Amended Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Corrected Second Amended Complaint.

44.    Deny the allegations set forth in paragraph "44" of the Corrected Second Amended Complaint.

45.    Deny the allegations set forth in paragraph "45" of the Corrected Second Amended Complaint and respectfully refer the Court to the August 12, 2013 Opinion and Order of the Honorable Shira A. Scheindlin in the civil action captioned Floyd v. City of New York, No. 08-Civ.-1034 (SAS) (S.D.N.Y.), for its content and context.

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Corrected Second Amended Complaint and respectfully refer the Court to the cited articles for their content and context.

47.    Deny the allegations set forth in paragraph "47" of the Corrected Second Amended Complaint except admit that a demonstration took place in Manhattan on May 28, 2020 and respectfully refer the Court to the cited Attorney General's report for its content and context.

48.    Deny the allegations set forth in paragraph "48" of the Corrected Second Amended Complaint except admit that on May 29. 2020 there were demonstrations in Manhattan and Brooklyn, and a number of participants were arrested and respectfully refer the Court to the cited article for its content and context.

49.    Deny the allegations set forth in paragraph "49" of the Corrected Second Amended Complaint except admit that defendant Shea commented publicly on the protest activity, and respectfully refer the Court to the cited article for its content and context.

50.    Deny the allegations set forth in paragraph "50" of the Corrected Second Amended Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Corrected Second Amended Complaint  and respectfully refer the Court to the citations in the Corrected Second Amended Complaint  for their content and context.

52.     Deny the allegations set forth in paragraph "52" of the Corrected Second Amended Complaint  except admit that defendant Shea sent a Twitter message to the members of the NYPD and respectfully refer the Court to defendant Shea's cited Twitter account for the content and context of the cited Twitter message.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Corrected Second Amended Complaint except admit that a demonstration took place on May 31, 2020 in lower Manhattan and respectfully refer the Court to the cited articles and media reports for their content and context.

54.     Deny the allegations set forth in paragraph "54" of the Corrected Second Amended Complaint  and state that any Emergency Executive Orders issued speak for themselves.

55.     Deny the allegations set forth in paragraph "55" of the Corrected Second Amended Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Corrected Second Amended Complaint  and respectfully refer the Court to the cited articles for their content and context.

57.     Deny the allegations set forth in paragraph "57" of the Corrected Second Amended Complaint  and respectfully refer the Court to the cited articles for their content and context.

58.     Deny the allegations set forth in paragraph "58" of the Corrected Second Amended Complaint  and respectfully refer the Court to the cited article for its content and context.

59.     Deny the allegations set forth in paragraph "59" of the Corrected Second Amended Complaint  except admit that Mayor De Blasio spoke at a press conference on June 4, 2020 and respectfully refer the Court to the articles cited for their full content and context.

60.     Deny the allegations set forth in paragraph "60" of the Corrected Second Amended Complaint except admit that defendant Commissioner Shea spoke at a press conference on June 4, 2020.

61.     Deny the allegations set forth in paragraph "61" of the Corrected Second Amended Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Corrected Second Amended Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Corrected Second Amended Complaint.

64.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Corrected Second Amended Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Corrected Second Amended Complaint.

66.     Deny the allegations set forth in paragraph "66" of the Corrected Second Amended Complaint  and respectfully refer the Court to the cited article for its content and context.

67.    Deny the allegations set forth in paragraph "67" of the Corrected Second Amended Complaint.

68.    Deny the allegations set forth in paragraph "68" of the Corrected Second Amended Complaint.

69.    Deny the allegations set forth in paragraph "69" of the Corrected Second Amended Complaint  except admit that officials from the NYPD Legal Bureau were present near the scene of the demonstration activity in Mott Haven, Bronx on June 4, 2020 and respectfully refer the Court to the cited articles and videos for their content and context.

70.    Deny the allegations set forth in paragraph "70" of the Corrected Second Amended Complaint  and respectfully refer the Court to the cited articles for their content and context.

71.    Deny the allegations set forth in paragraph "71" of the Corrected Second Amended Complaint .

72.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Corrected Second Amended Complaint.

73.    Deny the allegations set forth in paragraph "73" of the Corrected Second Amended Complaint  except admit that defendants Mayor deBlasio and Commissioner Shea spoke at a press conference on June 5, 2020 and respectfully refer the Court to the cited articles for their content and context.

74.    Deny the allegations set forth in paragraph "74" of the Corrected Second Amended Complaint  except admit that defendants Mayor de Blasio and Commissioner Shea spoke at a press conference on June 5, 2020 and respectfully refer the Court to the cited articles for their content and context.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Corrected Second Amended Complaint , and respectfully refer the Court to the cited article for its content and context.

76.     Deny the allegations set forth in paragraph "76" of the Corrected Second Amended Complaint.

77.     Deny the allegations set forth in paragraph "77" of the Corrected Second Amended Complaint  except admit that defendant Mayor de Blasio spoke at a news conference on June 7, 2020 and respectfully refer the Court to the cited articles for their content and context.

78.     Deny the allegations set forth in paragraph "78" of the Corrected Second Amended Complaint  except admit that protests took place during June 2020 and respectfully refer the Court to the cited articles for their content and context.

79.     Deny the allegations set forth in paragraph "79" of the Corrected Second Amended Complaint.

80.     Deny the allegations set forth in paragraph "80" of the Corrected Second Amended Complaint.

81.     Deny the allegations set forth in paragraph "81" of the Corrected Second Amended Complaint.

82.     Deny the allegations set forth in paragraph "82" of the Corrected Second Amended Complaint.

83.     Deny the allegations set forth in paragraph "83" of the Corrected Second Amended Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Corrected Second Amended Complaint  except admit that on January 18, 2021, Martin Luther King, Jr. Day, a

group of protesters marched over the Brooklyn Bridge into Manhattan and respectfully refer to the cited article for its content and context.

85.     Deny the allegations set forth in paragraph "85" of the Corrected Second Amended Complaint.

86.     Deny the allegations set forth in paragraph "86" of the Corrected Second Amended Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Corrected Second Amended Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Corrected Second Amended Complaint.

89.     Deny the allegations set forth in paragraph "89" of the Corrected Second Amended Complaint except admit that during a City Council hearing on February 16, 2021, Chief of Patrol Juanita Holmes made statements regarding the NYPD's internal review undertaken in July 2020 and respectfully refer the Court to the minutes of the City Council hearing for the content and context of Chief Holmes's statements.

90.     Deny the allegations set forth in paragraph "90" of the Corrected Second Amended Complaint.

91.     Deny the allegations set forth in paragraph "91" of the Corrected Second Amended Complaint.

92.     Deny the allegations set forth in paragraph "92" of the Corrected Second Amended Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Corrected Second Amended Complaint.

94.     Deny the allegations set forth in paragraph "94" of the Corrected Second Amended Complaint , except admit that Chief Monahan communicated with members of Mayor deBlasio and Commissioner Shea's offices.

95.     Deny the allegations set forth in paragraph "95" of the Corrected Second Amended Complaint.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the Corrected Second Amended Complaint.

97.     Deny the allegations set forth in paragraph "97" of the Corrected Second Amended Complaint but admit a document entitled "Floyd Demo Quick Reference" was created, the contents and context of which speak for itself.

98.     Deny the allegations set forth in paragraph "98" of the Corrected Second Amended Complaint.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the Corrected Second Amended Complaint , but admit that Attorney General James instituted an investigation into the NYPD's practices during protests in the summer of 2020.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the Corrected Second Amended Complaint, and respectfully refer the Court to the cited report for its content and context.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the Corrected Second Amended Complaint, and respectfully refer the Court to the cited report for its content and context.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the Corrected Second Amended Complaint, and respectfully refer the Court to the cited report for its content and context.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the Corrected Second Amended Complaint, and respectfully refer the Court to the cited report for its content and context.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the Corrected Second Amended Complaint, and respectfully refer the Court to the cited report for its content and context.

105.    Deny the allegations set forth in paragraph "105" of the Corrected Second Amended Complaint  and respectfully refer the Court to the cited report for its content and context.

106.    Deny the allegations set forth in paragraph "106" of the Corrected Second Amended Complaint  and respectfully refer the Court to the cited report for its content and context.

107.    Deny the allegations set forth in paragraph "107" of the Corrected Second Amended Complaint  except admit that the DOI Report makes a statement similar to the altered and truncated quotation set forth in paragraph number "107" of the Corrected Second Amended Complaint  and respectfully refer the Court to the cited report at page 30 (as opposed to page 29, which is incorrectly cited by plaintiffs in footnote number 56 of the Corrected Second Amended Complaint ), for the full and correct content and context of the referenced statement.

108.    Deny the allegations set forth in paragraph "108" of the Corrected Second Amended Complaint  except admit that the DOI Report engages in an analysis similar to the

broad oversimplification set forth in paragraph "108" of the Corrected Second Amended Complaint and respectfully refer the Court to the cited DOI Report at page 33, for the full and correct content and context of the excerpted quotations.

109.   Deny the allegations set forth in paragraph "109" of the Corrected Second Amended Complaint except admit that the DOI Report sets forth similar observations which reveal the excerpts set forth in paragraph "109" of the Corrected Second Amended Complaint as oversimplified and incomplete and respectfully refer the Court to pages 34-35 of the DOI Report for the full and accurate content and context of the excerpted statements.

110.   Deny the allegations set forth in paragraph "110" of the Corrected Second Amended Complaint and respectfully refer the Court to the Section of the DOI Report from which plaintiffs have removed from context and mischaracterized the quotation set forth in paragraph "110" of the Corrected Second Amended Complaint, i.e., the DOI Report Section titled, "Finding 4: NYPD Deployed Officers Who Lacked Sufficient Recent Training on Policing Protests" (pp. 56-63) -- in particular the following statement at p. 62: "Although DOI did not identify specific links between a lack of training and improper police conduct, inadequate training raises concerns that officers lack the tools to make the necessary discretionary or tactical judgments during protests, particularly those as complex as the Floyd protests."

111.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the Corrected Second Amended Complaint.

112.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the Corrected Second Amended Complaint.

113.   Deny the allegations set forth in paragraph "113" of the Corrected Second Amended Complaint.

114.    Deny the allegations set forth in paragraph "114" of the Corrected Second Amended Complaint.

115.    Deny the allegations set forth in paragraph "115" of the Corrected Second Amended Complaint.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the Corrected Second Amended Complaint.

117.    Deny the allegations set forth in paragraph "117" of the Corrected Second Amended Complaint  except admit that plaintiffs Mali and Gini both received summonses on May 31, 2020.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the Corrected Second Amended Complaint, except deny any alleged injuries sustained were caused by defendants.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the Corrected Second Amended Complaint, except deny plaintiffs were "brutalized" by defendants.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Corrected Second Amended Complaint.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the Corrected Second Amended Complaint.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the Corrected Second Amended Complaint.

123.    Deny the allegations set forth in paragraph "123" of the Corrected Second Amended Complaint.

124.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the Corrected Second Amended Complaint, including anything plaintiff Guzman may have experienced on May 30, 2020.

125.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the Corrected Second Amended Complaint.

126.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the Corrected Second Amended Complaint.

127.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the Corrected Second Amended Complaint, except deny any injuries allegedly sustained were caused by defendants.

128.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the Corrected Second Amended Complaint.

129.     Deny the allegations set forth in paragraph "129" of the Corrected Second Amended Complaint.

130.     Deny the allegations set forth in paragraph "130" of the Corrected Second Amended Complaint.

131.     Deny the allegations set forth in paragraph "131" of the Corrected Second Amended Complaint.

132.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the Corrected Second Amended Complaint.

133.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the Corrected Second Amended Complaint, except deny and injuries allegedly sustained were caused by defendants.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the Corrected Second Amended Complaint.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the Corrected Second Amended Complaint, except deny plaintiff was subjected to violence by defendants.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the Corrected Second Amended Complaint.

137.    Deny the allegations set forth in paragraph "137" of the Corrected Second Amended Complaint.

138.    Deny the allegations set forth in paragraph "138" of the Corrected Second Amended Complaint.

139.    Deny the allegations set forth in paragraph "139" of the Corrected Second Amended Complaint.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "140" of the Corrected Second Amended Complaint.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the Corrected Second Amended Complaint except admit that plaintiff Payne received summonses on June 2, 2020.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the Corrected Second Amended Complaint, except deny plaintiff was subjected to brutality by defendants.

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the Corrected Second Amended Complaint,

except deny that defendant Cheng "forcefully and repeatedly shoved [plaintiff Payne] in his chest.

144.    Deny the allegations set forth in paragraph "144" of the Corrected Second Amended Complaint  except admit that defendant Tarangelo arrested plaintiff Payne on January 18, 2021.

145.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the Corrected Second Amended Complaint except admit that plaintiff Payne was arrested on January 18, 2021, and deny that plaintiff was "violently arrested."

146.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the Corrected Second Amended Complaint, except deny plaintiff's alleged injuries were caused by defendants.

147.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "147" of the Corrected Second Amended Complaint.

148.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the Corrected Second Amended Complaint.

149.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the Corrected Second Amended Complaint.

150.    Deny the allegations set forth in paragraph "150" of the Corrected Second Amended Complaint.

151.    Deny the allegations set forth in paragraph "151" of the Corrected Second Amended Complaint.

152.    Deny the allegations set forth in paragraph "152" of the Corrected Second Amended Complaint.

153.    Deny the allegations set forth in paragraph "153" of the Corrected Second Amended Complaint.

154.    Deny the allegations set forth in paragraph "154" of the Corrected Second Amended Complaint.

155.    Deny the allegations set forth in paragraph "155" of the Corrected Second Amended Complaint.

156.    Deny the allegations set forth in paragraph "156" of the Corrected Second Amended Complaint.

157.    Deny the allegations set forth in paragraph "157" of the Corrected Second Amended Complaint.

158.    Deny the allegations set forth in paragraph "158" of the Corrected Second Amended Complaint.

159.    Deny the allegations set forth in paragraph "159" of the Corrected Second Amended Complaint.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "160" of the Corrected Second Amended Complaint.

161.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the Corrected Second Amended Complaint.

162.    Deny the allegations set forth in paragraph "162" of the Corrected Second Amended Complaint   except admit that defendant Perry was present at the New York Presbyterian Brooklyn Methodist Hospital.

163.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "163" of the Corrected Second Amended Complaint.

164.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the Corrected Second Amended Complaint , but admit that defendant Perry wrote plaintiff Monlouis-Anderle a summons and then exited the hospital while plaintiff Monlouis-Anderle was still there.

165.     Deny the allegations set forth in paragraph "165" of the Corrected Second Amended Complaint.

166.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the Corrected Second Amended Complaint , except deny plaintiff was a victim of police violence.

167.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the Corrected Second Amended Complaint.

168.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the Corrected Second Amended Complaint.

169.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the Corrected Second Amended Complaint.

170.     Deny the allegations set forth in paragraph "170" of the Corrected Second Amended Complaint.

171.     Deny the allegations set forth in paragraph "171" of the Corrected Second Amended Complaint.

172.     Deny the allegations set forth in paragraph "172" of the Corrected Second Amended Complaint.

173.    Deny the allegations set forth in paragraph "173" of the Corrected Second Amended Complaint.

174.    Deny the allegations set forth in paragraph "174" of the Corrected Second Amended Complaint.

175.    Deny the allegations set forth in paragraph "175" of the Corrected Second Amended Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what plaintiff Lauren alleges to have observed.

176.    Deny the allegations set forth in paragraph "176" of the Corrected Second Amended Complaint  except admit that plaintiff Lauren was loaded onto a van for transport to another location for arrest processing, at which time their personal possessions were vouchered for safe-keeping.

177.    Deny the allegations set forth in paragraph "177" of the Corrected Second Amended Complaint.

178.    Deny the truth of what plaintiff Lauren claims to have observed, but admit that plaintiff Lauren so alleges.

179.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the Corrected Second Amended Complaint except admit that plaintiff Lauren was issued summonses on June 4, 2020.

180.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "180" of the Corrected Second Amended Complaint.

181.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "181" of the Corrected Second Amended Complaint.

182.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "182" of the Corrected Second Amended Complaint.

183.   Deny the allegations set forth in paragraph "183" of the Corrected Second Amended Complaint.

184.   Deny the allegations set forth in paragraph "184" of the Corrected Second Amended Complaint.

185.   Deny the allegations set forth in paragraph "185" of the Corrected Second Amended Complaint.

186.   Deny the allegations set forth in paragraph "186" of the first Corrected Second Amended Complaint.

187.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "187" of the Corrected Second Amended Complaint, except deny plaintiff was a victim of police violence.

188.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "188" of the Corrected Second Amended Complaint.

189.   Deny the allegations set forth in paragraph "189" of the Corrected Second Amended Complaint.

190.   Deny the allegations set forth in paragraph "190" of the Corrected Second Amended Complaint.

191.   Deny the allegations set forth in paragraph "191" of the Corrected Second Amended Complaint.

192.   Deny the allegations set forth in paragraph "192" of the Corrected Second Amended Complaint.

193.    Deny the allegations set forth in paragraph "193" of the Corrected Second Amended Complaint except admit that plaintiff was handcuffed using plastic flexcuffs.

194.    Deny the allegations set forth in paragraph "194" of the Corrected Second Amended Complaint except admit that defendant Deck approached plaintiff Martinez where she had been waiting, previously handcuffed by another officer, and that defendant Deck acknowledged plaintiff Martinez complained that her flexcuffs were too tight.

195.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "195" of the Corrected Second Amended Complaint, except admit that defendant Deck walked plaintiff Martinez to a NYPD bus, where defendant Deck stood with Martinez as she waited in the line to board the bus, during which time defendant Deck removed Martinez's flexcuffs and replaced them with another set of looser flexcuffs.

196.    Deny the allegations set forth in paragraph "196" of the Corrected Second Amended Complaint.

197.    Deny the allegations set forth in paragraph "197" of the Corrected Second Amended Complaint.

198.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "198" of the Corrected Second Amended Complaint, except admit that plaintiff Martinez received a summons for her conduct on June 4, 2020.

199.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "199" of the Corrected Second Amended Complaint, except deny plaintiff was subjected to wrongful conduct by defendants at Mott Haven.

200.    Deny the allegations set forth in paragraph "200" of the Corrected Second Amended Complaint.

201.    Deny the allegations set forth in paragraph "201" of the Corrected Second Amended Complaint.

202.    Deny the allegations set forth in paragraph "202" of the Corrected Second Amended Complaint.

203.    Deny the allegations set forth in paragraph "203" of the Corrected Second Amended Complaint.

204.    Deny the allegations set forth in paragraph "204" of the Corrected Second Amended Complaint.

205.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "205" of the Corrected Second Amended Complaint , except admit plaintiff Phillips received a summons.

206.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "206" of the Corrected Second Amended Complaint, except deny any alleged injuries were caused by defendants.

207.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "207" of the Corrected Second Amended Complaint, except deny plaintiff was subjected to any wrongful conduct by defendants at Mott Haven.

208.    Deny the allegations set forth in paragraph "208" of the Corrected Second Amended Complaint.

209.    Deny the allegations set forth in paragraph "209" of the Corrected Second Amended Complaint.

210.    Deny the allegations set forth in paragraph "210" of the Corrected Second Amended Complaint.

211.    Deny the allegations set forth in paragraph "211" of the Corrected Second Amended Complaint  except admit that plaintiff Mulder was transported on an NYPD to Central Booking in Brooklyn for processing by his assigned arresting officer, defendant Husbands..

212.    Deny the allegations set forth in paragraph "212" of the Corrected Second Amended Complaint except admit that plaintiff Mulder received a criminal summons for violating the City-wide curfew.

213.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "213" of the Corrected Second Amended Complaint.

214.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "214" of the Corrected Second Amended Complaint, except deny plaintiff was assaulted by defendants.

215.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "215" of the Corrected Second Amended Complaint.

216.    Deny the allegations set forth in paragraph "216" of the Corrected Second Amended Complaint.

217.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "217" of the Corrected Second Amended Complaint, except deny plaintiff was trapped or pepper sprayed by NYPD officers.

218.    Deny the allegations set forth in paragraph "218" of the Corrected Second Amended Complaint.

219.    Deny the allegations set forth in paragraph "219" of the Corrected Second Amended Complaint.

220.    Deny the allegations set forth in paragraph "220" of the Corrected Second Amended Complaint.

221.    Deny the allegations set forth in paragraph "221" of the Corrected Second Amended Complaint.

222.    Deny the allegations set forth in paragraph "222" of the Corrected Second Amended Complaint.

223.    Deny the allegations set forth in paragraph "223" of the Corrected Second Amended Complaint.

224.    Deny the allegations set forth in paragraph "224" of the Corrected Second Amended Complaint.

225.    Deny the allegations set forth in paragraph "225" of the Corrected Second Amended Complaint.

226.    Deny the allegations set forth in paragraph "226" of the Corrected Second Amended Complaint.

227.    Deny the allegations set forth in paragraph "227" of the Corrected Second Amended Complaint.

228.    Deny the allegations set forth in paragraph "228" of the Corrected Second Amended Complaint.

229.    Deny the allegations set forth in paragraph "229" of the Corrected Second Amended Complaint.

230.    Deny the allegations set forth in paragraph "230" of the Corrected Second Amended Complaint.

231.    Deny the allegations set forth in paragraph "231" of the Corrected Second Amended Complaint.

232.    Paragraph "232" is a demand for a jury trial and therefore no response is required.

233.    Deny the allegations set forth in paragraph "233" of the Corrected Second Amended Complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

234.    Deny the allegations set forth in paragraph "234" of the Corrected Second Amended Complaint, except admit that plaintiffs purport to base venue as stated therein.

235.    Deny the allegations set forth in paragraph "235" of the Corrected Second Amended Complaint.

236.    Deny the allegations set forth in paragraph "236" of the Corrected Second Amended Complaint.

237.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "237" of the Corrected Second Amended Complaint.

238.    Deny the allegations set forth in paragraph "238" of the Corrected Second Amended Complaint.

239.    Deny the allegations set forth in paragraph "239" of the Corrected Second Amended Complaint.

240.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "240" of the Corrected Second Amended Complaint.

241.    Deny the allegations set forth in paragraph "241" of the Corrected Second Amended Complaint.

242.    Deny the allegations set forth in paragraph "242" of the Corrected Second Amended Complaint.

243.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "243" of the Corrected Second Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

244.    The Corrected Second Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

245.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable and/or the negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

**THIRD AFFIRMATIVE DEFENSE:**

246.    Defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE:**

247.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## FIFTH AFFIRMATIVE DEFENSE:

248.    To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

## SIXTH AFFIRMATIVE DEFENSE:

249.    Punitive damages cannot be assessed against defendant City.

## SEVENTH AFFIRMATIVE DEFENSE:

250.    Plaintiffs provoked any incident.

## EIGHTH AFFIRMATIVE DEFENSE:

251.    Plaintiffs may have failed to mitigate their alleged damages.

## NINTH AFFIRMATIVE DEFENSE:

252.    Plaintiffs have failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

## TENTH AFFIRMATIVE DEFENSE:

253.    At all times relevant to the acts alleged in the Corrected Second Amended Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on state law claims.

## ELEVENTH AFFIRMATIVE DEFENSE:

254.    At all times relevant to the acts alleged in the Corrected Second Amended Complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

**TWELFTH AFFIRMATIVE DEFENSE:**

255.    Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

**THIRTEENTH AFFIRMATIVE DEFENSE:**

256.    Plaintiffs' claims may be barred, in whole or in part, by their own contributory and comparative negligence and by assumption of risk.

**FOURTEENTH AFFIRMATIVE DEFENSE:**

257.    There was probable cause for plaintiffs' arrest and detention.

**WHEREFORE,** Defendants  Sergeant Keith Cheng, Officer Matthew Tarangelo, Officer Matthew L. Perry,  Detective Damian Rivera,  Officer Joseph Deck, Lieutenant Michael Butler, Officer Aaron Husbands and Sergeant Manning request judgment dismissing the Corrected Second Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            May 9, 2023

                                SYLVIA O. HINDS-RADIX
                                Corporation Counsel of the City of New York
                                *Attorney for Defendants  Cheng, Tarangelo, Perry,*
                                *Rivera,  Deck, Butler, Husbands and Manning*
                                100 Church Street,
                                New York, New York 10007
                                (212) 356-2413
                                jhiraoka@law.nyc.gov

                        By:    *Joseph M. Hiraoka, Jr. s/*
                                Joseph M. Hiraoka, Jr.
                                Senior Counsel
                                Special Federal Litigation Division

cc:    **<u>BY ECF</u>**
       All Counsel

No. 20-cv-08924 (CM)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAYNE, et al.,

Plaintiffs,

-against-

DE BLASIO, et al.,

Defendants.

**ANSWER TO CORRECTED SECOND AMENDED COMPLAINT**

*SYLVIA O. HINDS-RADIX*
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York  10007-2601

Of  Counsel:  Joseph M. Hiraoka, Jr.
Tel.:  212-356-2413

*Service of which is hereby acknowledged:*

........................................., N.Y.  Dated:  .........................................

Signed:  ...................................................................................

Print Name: ...............................................................................

Attorney for: ..............................................................................