UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In Re: New York City Policing During　　　　Index No. 20-CV-8924 (CM)(GWG)
Summer 2020 Demonstrations

---------------------------------------------------------------x

This filing is related to:

ALL CASES

---------------------------------------------------------------x

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO PRECLUDE DEFENDANTS' RELIANCE ON MATERIAL WITHHELD ON LAW ENFORCEMENT PRIVILEGE GROUNDS

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007
*Counsel for City Defendants*

# **TABLE OF CONTENTS**

INTRODUCTION………………………………………………………………….. 1

ARGUMENT……………………………………………………………….....…… 2

    POINT 1
    THE COURT SHOULD DENY
    PLAINTIFFS' MOTION BECAUSE
    THIS ISSUE SHOULD NOT BE DECIDED
    IN DISCOVERY AND IS PREMATURE……………………………………… 2

      i. The motion is premature because deciding ultimate issues of the case is beyond the province of the Order of Reference and should be left to the ultimate trier of fact……………………………………………………………. 3

      ii. The issue is premature since Defendants have not yet relied on LEP documents in the trial of their case in chief……………………………………. 4

    POINT II
    THE COURT SHOULD DENY
    PLAINTIFFS' MOTION BECAUSE
    PLAINTIFFS HAVE FAILED TO
    SHOW UNFAIRNESS………………………………………………………….. 6

      i. Even if Defendants used the LEP documents, it would not be unfair to Plaintiffs because the LEP documents do not contradict witness testimony…... 7

CONCLUSION………………………………………………………………….. 9

**INTRODUCTION**

Defendants respectfully submit this memorandum of law in opposition to Plaintiffs' motion to preclude Defendants' reliance on material withheld on law enforcement privilege ("LEP") grounds.

These § 1983 cases arise from Plaintiffs' claims that they, and other individuals, were victims of false arrest, excessive force, and suppression of their First Amendment rights as a result of the Defendants' response to the—largely unsanctioned—demonstrations that took place during the Summer (and Fall) of 2020. From the outset, Defendants have defended their actions on a number of grounds, including that they acted upon probable cause and that their actions were reasonable. These defenses were affirmatively asserted when Defendants answered the complaints, and would extinguish Plaintiffs' false arrest, excessive force, and First Amendment claims should the burden of proof fall in their favor—in effect—the resolution of these defenses involves ultimate issues in these cases. They have been supported by witness testimony indicating that credible threats of harm to the safety of police officers, the public, and property were received by the New York City Police Department ("NYPD").

During the course of discovery, Defendants invoked the law enforcement privilege (by withholding or redactions) over a number of documents that, if disclosed, would reveal law enforcement techniques and procedures, the identity of undercover officers and confidential informants, among other things (the "LEP documents"). The privilege was upheld by the Court after Plaintiffs moved to compel their production, arguing that they were entitled to examine the credibility of threats to police, the public, and private property that impacted the NYPD's response to the demonstrations that took place during the Summer of 2020.

Subsequent to the Court's upholding of Defendants' right to protect highly sensitive documents subject to privilege, Plaintiffs now move, on a the basis of purported fairness, for the preclusion of Defendants' defenses as well as any reliance, reference, or citation to the LEP documents or any information contained in the LEP documents withheld in full or redacted to withhold such information.  The broad relief Plaintiffs seek carries significant consequences for Defendants as it involves the adjudication of their defenses prior to dispositive motions or trial. Make no mistake Plaintiffs' motion takes the bold approach of not only seeking to preclude the LEP documents and what is contained within them, but also the testimony and prior public statements of NYPD officials who cited to credible intelligence.  The Court should see the Plaintiffs' motion for what it is—an end-run attempt to limit more than just the LEP documents, but also any evidence that supports Defendants' defenses of probable cause and reasonableness.

The Court should deny Plaintiffs' motion because this issue should not be decided in discovery and is premature as well as Plaintiffs failed to show unfairness.

## ARGUMENT

### POINT I

**THE COURT SHOULD DENY PLAINTIFFS' MOTION BECAUSE THIS ISSUE SHOULD NOT BE DECIDED IN DISCOVERY AND IS PREMATURE**

Plaintiffs filed the instant motion on April 11, 2023, prior to the end date for discovery, the filing of any dispositive motion, and the trial of these matters, and have taken the position that the motion is not premature because this Court ordered Plaintiffs to move for the relief being sought therein.  Plaintiffs' position is flawed because it relies on factors that violate well-settled principles of law that establish the timing for seeking intervention from the Court as well as the authority for adjudicating ultimate issues.

2

**i.     The Motion Is Premature Because Deciding Ultimate Issues Of The Case Is Beyond The Province Of The Order Of Reference And Should Be Left To The Ultimate Trier Of Fact.**

At the outset, Plaintiffs motion should be denied because the Order of Reference only grants this Court authority to supervise pre-trial discovery.  It does not authorize this Court to make determinations on the merits of ultimate issues of these cases.  As it happens, the relief Plaintiffs seek requires the Court to make a determination on the merits of Defendants' probable cause and reasonableness defenses a determination that should be made by the trial court or the trier of fact.

In summary, Plaintiffs seek an order that:

> should extend to preclude the Court, at the summary judgement stage, and the fact-finder, at trial, from considering (1) argument that cites to or relies on facts that are redacted or documented only in withheld documents; (2) testimony by any witness that cites or referenced redacted or withheld documents, or that cites or references facts that exist only within those redactions or documents; and (3) the redacted information or withheld documents itself [sic].

Docket No. 932 at 19.

The Order of Reference issued in these cases limits the jurisdiction of the Magistrate Judge. "The Case is referred to The Hon. Gabriel W. Gorenstein for all pre-trial supervision other than the motions to dismiss and for leave to intervene." Docket No. 39 at 3.  Referring only to pre-trial supervision, the Order of Reference infers that the Magistrate Judge has no jurisdiction over matters reserved for trial and summary judgement.  Indeed, it reserved for the district judge, *inter alia*,  the authority to dismiss claims in these cases.  However, granting Plaintiffs' motion would require the Magistrate Judge to make a determination on the virtue of the reasonableness of both the arrest and force taken by NYPD, which would also require a determination on probable cause and would be dispositive.

3

Plaintiffs' motion heavily relies on the notion of fairness, arguing that it would be unfair for LEP documents to be withheld while Defendants rely on a defense that their actions were reasonable, purportedly because of the credible threats of harm to police officers, the public, and property. However, the logic of their argument is flawed as it would require the Court to make determinations on ultimate issues, like Defendants' defenses of probable cause and reasonableness, in deciding whether the LEP documents should be precluded as evidence favorable or unfavorable to Defendants' defenses for purposes of fairness.

For example, to evaluate whether it is unfair to the Plaintiffs, the Court would have to make a determination as to whether the arrests were reasonable because the LEP documents, as purported by the Plaintiffs, serve as the basis for Defendants' defense of probable cause to false arrest. Extrapolating the analysis further only digs a deeper hole of ultimate issues for the Court because examining the LEP documents would cause the Court to evaluate the credibility of intelligence that Defendants' purportedly rely upon, not solely, as probable cause and the reasonableness to act upon that intelligence. These are issues for the trier of fact.

Accordingly, Plaintiffs' motion is premature and should be denied because deciding ultimate issues of the case is beyond the province of the Order of Reference and should be left to the ultimate trier of fact.

    **ii.    The Issue Is Premature Since Defendants Have Not Yet Relied On LEP Documents In The Trial Of Their Case In Chief.**

Plaintiffs argue that Defendants "attempt" to use the LEP documents as a sword and a shield. Docket No. 932 at 10. In support, they cite to a number of <u>public</u> statements and testimony from several high-ranking officials and executives of NYPD before investigative agencies and hearings about "credible intelligence that justified the NYPD's aggressive response to the 2020-2021 social justice protests." <u>Id</u>. at 10 – 13. Plaintiffs also cite to Defendants' representations

disclaiming "reliance on certain information contained in LEP-withheld documents" in support of this argument. Id. at 11.

At its core, however, this argument is flawed as the very facts Plaintiffs cite to in support bely their plea of unfairness. For one, these cases continue in discovery and have not yet progressed to dispositive motions or trial, obviating Defendants from using the LEP documents in a "significant way" while putting in question the "vital" nature of the documents to Plaintiffs' case. See e.g., Jones v. McMahon, 2007 U.S. Dist. LEXIS 50145, at * 4 – 6 (N.D.N.Y. July 11, 2007). A second fact—highlighted by Plaintiffs—and telling of an unripe motion, consists of Defendants' repeated representations that the un-disclosed LEP documents will not be used in Defendants' case-in-chief. Id. As for a third fact, Plaintiffs' access to the testimony and public statements places their argument of unfairness in doubt. Although each of these facts on their own indicate that Plaintiffs' motion is unripe, taken together, there can be no doubt that precluding the LEP documents—especially as broadly sought by Plaintiffs' motion—is premature. The Jones case, which shares several similarities to the instant motion, provides useful guidance.

In Jones, the New York State Attorney General's Office opposed a motion in defense of a § 1983 case involving claims of false arrest, among others, against New York State Troopers that sought to preclude defendants from relying on information provided by confidential sources for the remainder of the lawsuit. Id. at * 1 – 2. There, the Court found that "[t]he main problem with Plaintiffs' request…is that, because Defendants have not yet attempted to adduce any evidence in support of either a pending dispositive motion or the assertion of an affirmative defense at trial, it is far from clear that such evidence will include the privileged information in question, or that the privileged information will play a *sufficiently prominent* role in that defense…." Id. at * 4 – 6. Further, the Jones Court found that "in light of the possibility that Defendants will not attempt to

use the privileged information in that significant way, it appears to me to be premature, unnecessary and contrary to the rationale for the privilege to either (1) overcome the privilege, or treat it as waived, at this time, or (2) preclude Defendants from in any way relying on the information provided by Investigator Blythe's confidential sources for the remainder of this lawsuit." Id. at * 6 (the Court denied the plaintiffs' motion to preclude).

Here, as in Jones, Defendants have not yet attempted to adduce evidence of LEP documents or information in support of either a pending dispositive motion or the assertion of an affirmative defense at trial. Indeed, the same deficiencies in Plaintiffs' request in these cases mirror the deficiencies highlighted in Jones.

Accordingly, the Court should deny Plaintiffs' motion to preclude the use of LEP documents on the grounds that it is not within this Court's current jurisdiction and is premature.

## POINT II

### THE COURT SHOULD DENY PLAINTIFFS' MOTION BECAUSE PLAINTIFFS HAVE FAILED TO SHOW UNFAIRNESS

Plaintiffs argue that the "sword and shield principle is rooted in considerations of fairness to the party's adversary", and imply that it is unfair to them for Defendants to invoke privilege over documents while asserting defenses as of right. Docket No. 932 at 10. There is a gulf here between notions of fairness and the facts at issue. Defendants do not deny that this principle is based on fairness, only whether Plaintiffs have been treated unfairly with respect to the LEP documents. No matter how Plaintiffs spin the facts and attempt to make far-fetched connections they cannot escape the fact that Defendants have not yet used the LEP documents in these cases and have represented that they will not use documents or information withheld on law enforcement privilege in these cases.

6

Furthermore, it appears that it is Plaintiffs' motion that is rooted in unfairness—not Defendants' treatment of privilege and assertion of defenses. Indeed, Plaintiffs in one instance, apparently conceded the limitations of the relief they purportedly are entitled to, by stating that they are not seeking to preclude defenses at this time, and then in another instance—while invoking the principle of fairness—change their request to an extraordinary broad demand of relief that, in essence, seeks to preclude the Defendants from asserting an affirmative defense: "given the close nexus between the subject matter of certain withheld materials and of Defendants' claims that the use of force at protests was justified, combined with the apparent lack of concrete intelligence supporting those claims, in the interest of fairness, the Court should preclude Defendants from claiming that it had evidence of threats posed at or by protests or protestors, to the extent any of that evidence is contained within LEP-withheld or redacted documents." Id. at 15. Such double-talk is the antithesis of fairness.

    i.    **Even If Defendants Used The LEP Documents, It Would Not Be Unfair To Plaintiffs Because The LEP Documents Do Not Contradict Witness Testimony.**

Much of Plaintiffs' argument with respect to unfairness concerns the evidence that supports Defendants' defenses. Id. at 11 – 12. Plaintiffs argue that "Defendants have offered only statements made by witnesses during depositions—the credibility of which is yet to be tested—as support for the NYPD's claims that it had reliable intel suggesting that protests posed a threat to public or officer safety." Id. at 11. This argument misses the point by attempting to connect Defendants' evidence with unfairness rather than the LEP documents.

First, the argument advances a position on the quality and quantity of the evidence Defendants have in support of their defenses. Such an argument—although inconsistent with the actual evidence—belongs in a dispositive motion or at trial, not in a discovery motion to preclude.

7

Second, Plaintiffs' misapply In re The City of New York, 607 F.3d 923 (2d Cir. 2010) in support of their argument for precluding Defendants from citing, as a defense against any of Plaintiffs' claims in this litigation, otherwise-unavailable facts or information contained in withheld material." Docket No. 932 at 11. The Second Circuit, there, does not contemplate an order of preclusion upon the party invoking privilege. City of New York at 947. Rather, the City of New York Court concluded that using the law enforcement privilege as a sword would not be unfair to protect documents when those documents do not contradict or undermine information that has already been disclosed. Id. The withholding of privileged documents was deemed not to result in unfairness where a review of them was not unfavorable to the requesting party's position. See also e.g., Obeid v. La Mack, 2015 U.S. Dist. LEXIS 127327, at *29 (S.D.N.Y. Sep. 16, 2015).

Here, the LEP documents do not contradict or undermine information that has already been disclosed. They either are consistent with, irrelevant to or impartial to the statements and testimony cited by Plaintiffs in their motion. As noted by Plaintiffs, Defendants in response to Plaintiffs request to compel production of four specific LEP documents stated that "this document provides virtually no probative value to Plaintiffs' claims and—with unequivocal certainty—does not place credibility of any of Defendants' defenses in question." Docket No. 932 at 9. If anything, "it would bolster Defendants' defense if this document were disclosed." Id. Moreover, as in City of New York, Defendants have expressly disavowed relying on the privileged information. Id.

Similarly, Plaintiffs misapply In re Buspirone Antitrust Litig., 208 F.R.D. 516, 522 (S.D.N.Y. 2002) in support of their motion. The Court there did not preclude the reliance on documents nor did it preclude defenses. Plaintiffs' reliance on Cary Oil Co. v. MG Ref. & Mktg., Inc., 257 F. Supp. 2d 751 (S.D.N.Y. 2003), United States v. Bilzerian, 926 F.2d 1285 (2d Cir. 1991), and Arista Recs. LLC v. Lime Grp. LLC, 2011 WL 1642434 (S.D.N.Y. 2011) are likewise

misguided as those cases concern the attorney-client privilege in the context of securities and financial fraud cases and copywrite infringement where the special and particular good-faith advice of counsel defense was asserted and motions *in limine* were filed at trial.

It is clear that Plaintiffs' invocation of the sword and shield argument and unfairness with respect to the LEP documents should not apply here. As such, the Court should deny their motion on these grounds as well.

## CONCLUSION

For the preceding reasons, Defendants respectfully request the Court deny Plaintiffs' motion to preclude Defendants' reliance on material withheld on Law Enforcement Privilege grounds.

Dated: May 9, 2023
      New York, New York

                    HON. SYLVIA O. HINDS-RADIX
                    Corporation Counsel of the City of New York

                    /s/ Peter Scutero
                    100 Church Street
                    New York, New York 10007
                    (212) 356-2410
                    pscutero@law.nyc.gov
                    *Counsel for City Defendants*