

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**AMY ROBINSON**
*Senior Counsel*
arobinso@law.nyc.gov
Phone:  (212) 356-3518
Fax:  (212) 356-1148

**By ECF**

May 12, 2023

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re:  *New York City Policing During Summer 2020 Demonstrations*,
             No. 20 Civ. 8924 (CM) (GWG)
             This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter.  Defendants write in response to plaintiffs' letter to the Court dated May 8, 2023, seeking to compel defendants to produce Sergeant Jason Saturnin for a 10.5-hour deposition. (Dkt. No. 987).

      Plaintiffs' motion to compel raises for the first time that they seek additional time to depose Sgt. Saturnin, an NYPD Police Academy trainer, by an additional, "one half day for a fact deposition." Pls Mo at pg. 1.  At the meet and confer among the parties held on May 1, 2023, plaintiffs stated that the reason they needed additional time to depose Sgt. Saturnin was due to the number of Rule 30(b)(6) subtopics which Sgt. Saturnin is designated to testify to.[1]  Nevertheless, defendants address both of plaintiffs' purported reasons for needing additional time to depose Sgt. Saturnin.

      First, it must be noted that Sgt. Saturnin is designated to testify to a limited number of Rule 30(b)(6) subtopics—some of which are cross-designated with other Rule 30(b)(6) training witnesses.  To better understand plaintiffs' stated need for additional time to depose Sgt. Saturnin, defendants requested that plaintiffs provide their list of subtopics for Sgt. Saturnin.  Plaintiffs refused to provide the list or elaborate on the need for more time to depose Sgt. Saturnin, thus defendants were unable to evaluate the need for additional time for this Rule 30(b)(6) deposition.  As Sgt. Saturnin is testifying to various training subtopics which other Rule 30(b)(6) witnesses outside of the Police Academy are also testifying to, and plaintiffs refused to provide any real basis

---

[1] Contrary to plaintiffs' statement in their motion to compel, defendants never refused to meet and confer on the issue of Sgt. Saturnin's deposition.

for needing more time, their motion to compel Sgt. Saturnin to testify for an additional three and a half hours as a Rule 30(b)(6) witness should be denied.

      Second, plaintiffs raised for the first time in their motion to compel, that they need Sgt. Saturnin to testify for an additional three and a half hours for his fact deposition—an issue which was not presented at the meet and confer among the parties. As an initial matter, Sgt. Saturnin did not participate in planning any Schedule A protest, he was not present at any Schedule A protest, and he did not review any Schedule A protest. Thus, there are no facts about the Schedule A protests to which he can testify. Sgt. Saturnin can only testify as to the training that is provided at the Police Academy with respect to the various subtopics that he is designated for as a 30(b)(6) witness. To the extent that there are facts which he may testify to as a trainer, a seven-hour deposition is more than sufficient for Sgt. Saturnin as it was sufficient for Lt. Christopher Czark, a combined fact and Rule 30(b)(6) witness, who had more than three times the number of topics that Saturnin has and who actually participated in many Schedule A protests.

      Accordingly, as plaintiffs did not raise the issue of needing additional time to depose Sgt. Saturnin as a fact witness at the meet and confer, and as there is no basis to question Sgt. Saturnin on anything other than training given at the Police Academy, because he had no involvement with the protests, plaintiffs' have failed to show good cause under Fed. R. Civ. P. 30(d)(1) to justify extending Sgt. Saturnin's deposition by an additional three and a half hours. Thus, plaintiffs' motion to compel should be denied.

      Thank you for your consideration herein.

Respectfully submitted,

*Amy Robinson s/*

Amy Robinson
*Senior Counsel*
Special Federal Litigation Division

cc:    ALL COUNSEL (*via* ECF)