UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations | 20 Civ. 8924 (CM)(GWG) |
| This filing is related to:<br><br>ALL CASES | |

**PLAINTIFFS' CONSOLIDATED REPLY IN FURTHER SUPPORT OF THEIR MOTION TO PRECLUDE DEFENDANTS' RELIANCE ON MATERIAL WITHHELD ON LAW ENFORCEMENT INVESTIGATIVE PRIVILEGE GROUNDS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION .............................................................................................................. 1

ARGUMENT ..................................................................................................................... 1

   I.   DEFENDANTS DO NOT DIRECTLY OPPOSE PLAINTIFFS' CENTRAL REQUEST FOR RELIEF OR SEEK TO PRESENT THE COURT OR FACT-FINDER WITH WITHHELD FACTS. ............................................................................................. 1

   II.   PLAINTIFFS' MOTION IS TIMELY ................................................................... 3

      A.   Evaluating Plaintiffs' request for relief does not require assessing the merits of any claims or defenses. ............................................................................................. 3

      B.   Granting relief now would clarify the scope of remaining discovery by requiring Defendants to elect now what facts they will rely on in support of their defenses ................. 4

CONCLUSION .................................................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alexander v. Priv. Protective Servs., Inc.*,
   No. 19-CV-10004JPOSDA, 2023 WL 2596913 (S.D.N.Y. Mar. 22, 2023) ..............................3

*In re The City of New York*,
   607 F.3d 923 (2d Cir. 2010)....................................................................................................2

*In re Terrorist Attacks on Sept. 11, 2001*,
   No. 03-MD-01570GBDSN, 2023 WL 2366854 (S.D.N.Y. Mar. 6, 2023)...............................3

*Jones v. McMahon*,
   No. 98-CV-0374, 2007 WL 2027910 (N.D.N.Y. July 11, 2007) .............................................4

**INTRODUCTION**

In their opposition memorandum of law, Defendants do not directly oppose Plaintiffs' central request for relief—that Defendants should not present withheld facts or information to the Court or a fact-finder. Rather, Defendants' primary arguments are that this motion is premature and beyond the jurisdiction of the Magistrate Judge, and that Plaintiffs are seeking broader relief than is requested on the face of the motion. In light of numerous representations that Defendants already intend to do precisely what Plaintiffs request—to refrain from "us[ing] documents or information withheld on law enforcement privilege in these cases"—granting this relief now would be timely and proportional.

**ARGUMENT**

I. **DEFENDANTS DO NOT DIRECTLY OPPOSE PLAINTIFFS' CENTRAL REQUEST FOR RELIEF OR SEEK TO PRESENT THE COURT OR FACT-FINDER WITH WITHHELD FACTS.**

In their opposition, Defendants state—for the fourth time—that they "will not use documents or information withheld on law enforcement privilege in these cases." Opp. at 6; *see also id.* at 8 ("Defendants have expressly disavowed relying on the privileged information."). Indeed, Defendants appear to agree with Plaintiffs that any unfairness arising from permitting Defendants to withhold material relevant to their defenses can be neutralized *provided that* Defendants do not rely on the withheld material to support their defenses. Defendants' argument that there is no unfairness is premised entirely on the assumption that they will not rely on the withheld information. Contrary to Defendants' suggestion, the only relief that Plaintiffs seek through this motion is a court order codifying that assumption, and precluding Defendants from

1

using the withheld material as a "sword," in light of the fact that the withheld material is shielded from disclosure by the assertion of the law enforcement investigative privilege ("LEP").[1]

Instead of arguing that Defendants should be able to present withheld material to the Court or a fact-finder, Defendants take issue with an argument that Plaintiffs have not made. Plaintiffs do not seek—directly or "in essence"—to preclude Defendants' affirmative defenses. *See* Opp. at 2, 7; *compare* Pl. Mem. Of Law, Dkt. 932 at 10 ("At this time, Plaintiffs do not seek preclusion of Defendants' affirmative defense or their argument that use of force was justified based on the intel known to them . . ."). Rather, Plaintiffs request only to preclude Defendants from—in support of or in opposition to a motion for summary judgment, or as evidence or argument in trial—offering, citing, or referencing (1) LEP-withheld material or any factual information that exists only within LEP-withheld material, and (2) testimony from any witnesses describing, citing, referencing, summarizing or relying on LEP-withheld material. This modest remedy simply codifies, in a Court order, the representations that Defendants have already made to the Court and in numerous public filings. Indeed, Plaintiffs reached out to Defendants following the filing of Plaintiffs' motion to inquire whether Defendants would agree to stipulate to their prior representations in order to avoid continued motion practice. Defendants declined, underscoring Plaintiffs' concern that Defendants may reverse their position in the future and seek to present the Court or fact-finder with the withheld material. With this reply, Plaintiffs submit a proposed order detailing the modest scope of preclusion sought through this motion.

---

[1] It is the fact that the City "expressly disavowed reliance on" withheld information that convinced the Second Circuit that the City "does not intend to use the Field Reports as a 'sword.'" *In re The City of New York*, 607 F.3d 923, 947 (2d Cir. 2010). Although the question of preclusion was not before the Second Circuit, the principle recognized by the Court—that the unfairness that may arise when relevant material is withheld on privilege grounds is neutralized if the withholding party does not rely on the material—is nonetheless instructive here. As noted below, an order confirming that commitment is warranted to provide clarity as to the scope of discovery and particularly in light of Defendants' refusal to stipulate to their commitment.

2

## II. PLAINTIFFS' MOTION IS TIMELY

Defendants' argument that the relief sought by Plaintiffs should not be decided during discovery is premised on two faulty assumptions: that deciding the motion requires an assessment of the merits of Defendants' defenses, and that this motion is unripe because Defendants have represented that they are already providing the relief Plaintiffs seek—refraining from relying on the LEP-withheld material.

### A. Evaluating Plaintiffs' request for relief does not require assessing the merits of any claims or defenses.

Defendants argue that this Court cannot decide whether Defendants should be precluded from relying on or citing withheld material without "mak[ing] a determination on the virtue of the reasonableness of both the arrest and force taken by NYPD, which would also require a determination on probable cause and would be dispositive." Opp. at 3.[2] This argument conflates the threshold analysis that this Court has already conducted to evaluate whether Defendants' qualified law enforcement privilege (LEP) should yield to Plaintiffs' need for the documents, with the very consideration of the merits of Defendants' defenses from which Plaintiffs seek to exclude the withheld material. This Court has already determined that the withheld materials—at least as represented by the documents reviewed *in camera* to date—do not sufficiently relate to or undermine Defendants' defenses that withholding it would be unfair to Plaintiffs. *See* 2/13/23 Tr. at, *e.g.*, 18:16-22; 24:7-13. Defendants have also repeatedly represented that withheld material does not contradict or undermine their defenses. *See, e.g.*, Opp. at 7. Accordingly,

---

[2] Contrary to Defendants' assertion, this preclusion motion is well within the appropriate scope of the broad order of reference in this litigation, which refers all pretrial matters (other than the motion to dismiss and intervention motions) to the magistrate judge. *See* Dkt. 40 ¶ 8; *see*, *e.g.*, *Alexander v. Priv. Protective Servs., Inc.*, No. 19-CV-10004JPOSDA, 2023 WL 2596913, at *3 (S.D.N.Y. Mar. 22, 2023) (Aaron, M.J.); *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MD-01570GBDSN, 2023 WL 2366854, at *7 (S.D.N.Y. Mar. 6, 2023) (Netburn, M.J.) (precluding evidence pursuant to Rule 37). In any event, should Your Honor determine that it is appropriate for the Judge McMahon to decide this motion in the first instance, Plaintiffs would not object.

3

Plaintiffs do not ask for—nor does a decision on this motion require—any further review by the Court of the withheld material.

Based on the understanding that Defendants are not withholding, on LEP grounds, any facts or information that would *undermine* their defenses, Plaintiffs ask the Court to preclude Defendants from later citing to or relying on any facts or information that would *bolster* their defenses. This ruling is particularly needed given Defendants' characterization of some of the withheld material in precisely these terms. *See* Opp. at 8; Dkt. 878 at 2 (explaining that "it would bolster Defendants' defense if this [LEP-withheld] document were disclosed").

Significantly, Defendants concede that the credibility of the intelligence they relied on to justify using significant force and detaining and arresting protestors "are issues for the trier of fact." Opp. at 4. On this point, Plaintiffs agree. But a trier of fact should not evaluate the credibility of any evidence that is not first put through an adversarial discovery process. For that reason, the Court should put Defendants on notice now that any material being withheld from discovery on LEP grounds will not be permitted to be considered as evidence in evaluating dispositive motions or at trial.

### B. Granting relief now would clarify the scope of remaining discovery by requiring Defendants to elect now what facts they will rely on in support of their defenses.

Plaintiffs' primary reason for bringing this motion now is that the Court provided Plaintiffs with the March 28 deadline for doing so. *See* Dkt. 897 at 2. While Plaintiffs would not oppose a deferred ruling on the motion, or opportunity to file a renewed motion upon the completion of discovery,[3] Defendants should not be permitted to change their position at that

---

[3] This is the relief granted by the Court in *Jones v. McMahon*, cited by Defendants to argue that Plaintiffs' motion is premature. *See* Opp. at 5; *Jones v. McMahon*, No. 98-CV-0374, 2007 WL 2027910, at *4 (N.D.N.Y. July 11, 2007), *report and recommendation adopted sub nom. Jones v. Parmley*, 2016 WL 11608865 (N.D.N.Y. Jan. 20, 2016).

4

point to disclose the withheld material in order to cite it in their arguments at summary judgment or trial. If the Court does defer ruling and Defendants are later permitted to disclose the withheld material, Plaintiffs should be provided the opportunity for narrow additional discovery—re-deposing witnesses or deposing new witnesses if necessary—to neutralize the prejudice caused by the belated disclosure.

Precluding Defendants now from relying on the withheld material should also prompt them to evaluate all the withheld material and make a decision as to whether redactions and withholdings have been over-inclusive. If Defendants intend to reverse their position with respect to the assertion of full or partial privilege over any withheld materials, they must do so in the coming weeks, to avoid prejudicing Plaintiffs' by limiting their ability to ask witnesses about the material while discovery is still proceeding. In light of the facts laid out in Plaintiffs' opening memorandum of law—that the record is sparse with respect to some of Defendants' public statements that they were aware of specific threats of violence posed by certain protests—Defendants should be ordered to make their election now as to whether to disclose additional supportive facts that may be presently withheld.

## CONCLUSION

For the reasons set forth in Plaintiffs' opening Memorandum of Law and herein, the Court should enter the attached Proposed Order precluding Defendants from offering, citing, or referencing, in support of or in opposition to a motion for summary judgment, or as evidence or argument in trial, the following: (1) LEP-withheld material or any factual information that exists only within LEP-withheld material, and (2) testimony from any witnesses describing, citing, referencing, summarizing or relying on LEP-withheld material or any factual information that exists only within LEP-Withheld Material.

Dated: May 16, 2023
       New York, New York        Respectfully submitted,

                                          LETITIA JAMES
                                          *Attorney General of the State of New York*

                                          By: /s/ Swati Prakash
                                          Swat Prakash, *Assistant Attorney General*
                                          Office of the New York State Attorney General
                                          28 Liberty Street, 20th Floor
                                          New York, NY 10005
                                          (212) 416-6201
                                          Swati.Prakash@ag.ny.gov

*Counsel for Plaintiff in People of the State of New York v. City of New York, No. 21-cv-322*

NEW YORK CIVIL LIBERTIES UNION FOUNDATION
*s/ Daniel Lambright*
Molly K. Biklen
Daniel R. Lambright
Jessica Perry
Robert H. Hodgson
Veronica Salama
Lisa Laplace
Christopher T. Dunn
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, N.Y. 10004
(212) 607-3300
dlambright@nyclu.org

THE LEGAL AID SOCIETY

*s/ Corey Stoughton*
Corey Stoughton
Jennvine Wong
Rigodis Appling
Paula Garcia-Salazar
The Legal Aid Society
199 Water Street
New York, N.Y. 10038
(212) 577-3367
cstoughton@legal-aid.org

*Co-Counsel for Plaintiffs in Payne v. De Blasio, No. 20-cv-8924*

DAVIS WRIGHT TREMAINE LLP

By: *s/ Robert D. Balin*
Robert D. Balin
Nimra H. Azmi
Abigail Everdell
Kathleen Farley
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Phone: (212) 489-8230
Fax: (212) 489-8340
robbalin@dwt.comabigaileverdell@dwt.com
kathleenfarley@dwt.com

Wylie Stecklow
WYLIE STECKLOW PLLC
Carnegie Hill Tower
152 W. 57th Street, 8th FLoor
NY NY10019
(t) 212 566 8000
ecf@WylieLAW.com

Mickey H. Osterreicher
General Counsel
NATIONAL PRESS PHOTOGRAPHERS ASSOCIATION
70 Niagara Street
Buffalo, New York 14202
Tel: (716) 983-7800
Fax: (716) 608-1509
lawyer@nppa.org

Alicia Calzada (*pro hac vice*)
ALICIA WAGNER CALZADA, PLLC
Deputy General Counsel
National Press Photographers Association
12023 Radium , Suite B1
San Antonio, TX 78216
210-825-1449
Alicia@calzadalegal.com

*Counsel for Plaintiffs in Gray, et al v. City of New York, et al*, No. 21-cv-06610


The Aboushi Law Firm PLLC

_____
Tahanie A. Aboushi, Esq.
Aymen A. Aboushi, Esq.
The Aboushi Law Firm
1441 Broadway, 5th Floor
New York, NY 10018
Tel: (212) 391-8500
Fax: (212) 391-8508
Aymen@Aboushi.com
Tahanie@Aboushi.com

*Counsel for Plaintiffs in Rolon, et al v. City of New York, et al, No. 21-cv-2548*

7