

|  | THE CITY OF NEW YORK |  |
|---|---|---|
| **HON. SYLVIA HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Sergey Marts**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-5051<br>sermarts@law.nyc.gov |

May 18, 2023

**BY ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:  <u>In Re: New York City Policing During Summer 2020 Demonstrations</u>
             20 Civ. 8924 (CMJ)(GWG)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia Hinds-Radix, Corporation Counsel of the City of New York and one of the attorneys assigned to the defense of the above-referenced consolidated matters. Defendants write in furtherance of the joint-letter ("Joint Letter"), which was filed by plaintiffs yesterday. *See* Dkt. 998.

    At the outset, defendants would like to note that plaintiffs filed the Joint Letter before close of business and without waiting for defendants' input. As such, defendants were unable to include in the Joint Letter that, in addition to their positions on responsiveness, defendants also included their positions on relevance as defendants believe that both responsiveness and relevance are key in framing the scope of any potential re-review defendants may agree to conduct.

    Furthermore, as indicated in the Joint Letter, this dispute concerns the parties' disagreement over certain sub-sets of documents which were either affirmatively reviewed and determined to be non-responsive ("NR Sets"), or documents that were left behind and not reviewed by a human as part of the continuous active learning (CAL) workflow ("Null Sets"). Earlier this year, defendants produced statistically valid samples of each of the NR Set and Null Set of documents to plaintiffs. Upon reviewing the samples, plaintiffs advised defendants that they identified multiple documents responsive to plaintiffs' discovery requests. Defendants disagreed with plaintiffs on the majority of the documents plaintiffs identified.

    In a good faith attempt to resolve the parties' disagreement, the parties agreed that plaintiffs would provide to defendants a list of documents plaintiffs deemed responsive, that the parties

would then explain their positions with respect to each document identified by plaintiffs, and submit that list for the Court's review.

Upon receiving a list of documents from plaintiffs, defendants, in turn, advised plaintiffs that defendants will be providing a list of documents to include in the appendix for the Court's review in order to provide the Court with a better understanding of the universe of documents plaintiffs claim as responsive. The parties then exchanged their positions with respect to the documents each party identified and, as plaintiffs indicated in the appendix to the Joint Letter, plaintiffs agreed that the majority of documents defendants identified were indeed "not responsive." As stated above, defendants believe that inclusion of the documents for which plaintiffs acknowledge are "not responsive" is necessary to provide the Court with a better overview of the universe of documents in dispute.

Thank you for your time and consideration.

                                                           Respectfully submitted,

                                                           *Sergey Marts* s/

                                                           Sergey Marts
                                                           *Assistant Corporation Counsel*

cc: ALL COUNSEL (*via* ECF)