**APPENDIX: Guidepost Document Disputes Raised by Plaintiffs**

| Bates Identifier[1] | Document Summary | Plaintiffs' Position | Defendants' Position |
|---|---|---|---|
| OTM_Null_Sample_000000627 | Agenda from the First Deputy Mayor Dean Fuleihan to the Mayor's Chief of Staff Emma Wolfe, dated June 21, 2020. | This document is about use of force policies and is not only responsive, but critical. It is responsive to, among others, Document Requests ("DR") 1, 2, 3, 18, 37, 54-60, and 70. Among other things, Document Request 76 seeks all documents concerning "potential changes to policies or practices related to protest and/or disorder policing that Defendants considered or implemented," and likewise Requests 54-60 seek documents concerning changes to policies after the Protests, in particular tied to Defendants' arguments that certain changes mooted Plaintiffs claims. These request all specifically address use of force policies. | This document is not responsive to any of the requests in Plaintiffs' First or Second Consolidated Sets of Requests for Production of Documents to All Defendants.<br><br>Additionally, this document is not relevant and has no probative value as it is not related to any of the parties' claims or defenses, as it relates to a different subject matter. Specifically, the document contains information related to various goals/topics set by First Deputy Mayor including, but not limited to a few notes stating that the former Mayor needs to make decisions on police reform reviews and notes on goals for the week related to review of NYPD functions ("[h]omeless, School Safety, School Crossing Guards, Traffic Enforcement Agents, various 311 responses), MTA Operating Budget, Future of the NYC Property Tax Commission, and other non-protest related matters. |
| NYPD_NR_Sample_00001419 | Calendar invitation about "Senate[']s police reform proposal," dated June 18, 2020, attaching a document and linking | This document is about police reform bills the NY State Assembly advanced in the wake of the Protests, and the NYPD's direct attempts to | This document is not responsive to any of the requests in Plaintiffs' First or Second Consolidated Sets of Requests for |

---

[1] Bates identifiers only identify the first page; many of these documents are multiple pages.

| Bates Identifier[1] | Document Summary | Plaintiffs' Position | Defendants' Position |
|---|---|---|---|
| | the then-current version of a pending reform bill, with instructions to "Click 'Nay' on the right side and fill in captions to oppose this bill" | stop those reforms. It is responsive to, among others, DRs 54-60 (concerning changes to policies made after the protests and mootness) and 2 (concerning NYPD's policies after October 2020). The bill at issue forms a part of the package of reforms the City is relying on in asserting mootness in this case. *See generally*, Dkt. No. 106 at 2, 6-7, 10-13. | Production of Documents to All Defendants.<br><br>Additionally, this document is not relevant and has no probative value. Plaintiffs incorrectly describe this document as a "calendar invitation," although, this is an email dated June 18, 2020, which was sent to certain NYPD employees titled "FW: Senates police reform proposal" and attaching a pdf version of the then-current version of the bill and contains a link to the proposed bill itself. Whether or not certain NYPD employees chose to support or oppose the proposed bill is not relevant to the claims or defenses in this action. |
| OTM_Null_Sample_000000609 | June 5, 2020 email from the First Deputy Mayor's Office attaching an "updated chart" about the "City['s] Policies re Curfew." | This document is about the City's Curfew Policies, something directly at issue in these cases. It is responsive to, among others, DRs 1-2, 18, and 39-41. Those requests seek information about, among other things, "enforcement of any applicable curfews in place during a demonstration or protest." DR 1(o). | This document is not responsive to any of the requests in Plaintiffs' First or Second Consolidated Sets of Requests for Production of Documents to All Defendants.<br><br>Additionally, this document is not relevant and has no probative value as it is not related to any of the parties' claims or defenses, as it relates to a different subject matter, i.e. curfew policies in other US cities. Specifically, the chart attached to the email contains information related to the curfew policies in other major US cities such as Miami, FL; Philadelphia, PA; Chicago, IL; Atlanta, GA; etc. The chart does not |

| Bates Identifier[1] | Document Summary | Plaintiffs' Position | Defendants' Position |
|---|---|---|---|
| | | | contain any information related to curfew policies in NYC. |
| NYPD_NR_Sample_00000482 | July 17, 2020 email about "3RD QUARTER [Body Worn Camera] SELF INSPECTION," and attaching the template for such inspection. | This document is responsive to, among others, DRs 62-64, which concern body-worn camera storage, preservation, and management. | This document is not responsive to any of the requests in Plaintiffs' First or Second Consolidated Sets of Requests for Production of Documents to All Defendants.<br><br>Additionally, this document is not relevant and has no probative value as it is not related to any of the parties' claims or defenses, as it relates to a different subject matter, i.e. reminder about a quarterly body-worn camera self-inspection. Specifically, the email contains instructions on how to access the report and by when it needs to be completed. The email and the attachment do not contain substantive information related to the Summer 2020 Protests. As pointed out by Plaintiffs' description, the attachment is blank template and contains no information. Additionally, whether or not NYPD officers completed quarterly body-worn camera self-inspection is not relevant to the claims or defenses in this action. |
| NYPD_Null_Sample_00000755 | NYPD "Interim Order" about an organizational change, and attaching an organizational chart. | This document is responsive to DR 48, which seeks "any and all organizational chart(s) or other | This document is not responsive to any of the requests in Plaintiffs' First or Second Consolidated Sets of Requests for |

| Bates Identifier[1] | Document Summary | Plaintiffs' Position | Defendants' Position |
|---|---|---|---|
| | | similar documents showing or explaining the organizational structure of the NYPD, including information providing identification of the leadership and the command structure of every component part or organizational unit within NYPD." It is particularly important because Defendants previously asserted the chart at the end of this document did not exist. | Production of Documents to All Defendants.<br><br>Additionally, this document is not relevant and has no probative value as it is not related to any of the parties' claims or defenses, as it relates to a different subject matter, i.e. reorganization of the NYPD's Personnel Bureau. Specifically, the Interim Order dated June 1, 2020, contains information related to an internal reorganization of the NYPD's Personnel Bureau including information related to creation of additional units within the Bureau. The Interim Order does not contain information related to the Summer 2020 Protests. Additionally, whether or not NYPD Personnel bureau was reorganized is not relevant to the claims or defenses in this action. |
| NYPD_Null_Sample_00000753 | June 1, 2020 email between NYPD personnel providing the "PROTEST OT CODE." | This document concerning staffing and overtime use to police the Protests. It is responsive because it concerns "NYPD's deployment or assignment of Officers and resources relating to the Protests" DR 8(d), among other things. *See also*, DRs 7, 13, 18-21. | This document is not responsive to any of the requests in Plaintiffs' First or Second Consolidated Sets of Requests for Production of Documents to All Defendants.<br><br>Additionally, this document is not relevant and has no probative value as it is not related to any of the parties' claims or defenses, as it merely contains the overtime code and nothing substantively related to the Summer 2020 Protests. Additionally, whether or not officers had |

| Bates Identifier[1] | Document Summary | Plaintiffs' Position | Defendants' Position |
|---|---|---|---|
| | | | to do overtime during the Summer 2020 Protests is not relevant to the claims or defenses in this action. |
| OTM_NR_Sample_000000004 | May 30, 2020 email among Mayor's office personnel, discussing various public statements about George Floyd and "incidents like Minneapolis." | This is a thread discussing public statements by many organizations condemning "the murder of George Floyd." It involves specific discussion of potentially doing further "implicit bias training" — and looking into working with organizations condemning the murder. It is responsive to, among others, DRs 3, 18 ("documents concerning communications … planning for and response to any protest anticipated to take place in New York City following the death of George Floyd"), and 19-20. | This document is not responsive to any of the requests in Plaintiffs' First or Second Consolidated Sets of Requests for Production of Documents to All Defendants.<br><br>Additionally, this document is not relevant and has no probative value as it is not related to any of the parties' claims or defenses, as it relates to a different subject matter, i.e. discussion pertaining to a statement made by the Asian American Federations condemning the murder of George Floyd. The email dated May 30, 2020, with a subject line "Solidarity statements from AAF and CPC" contains a link to the statement and a screenshot of the statement. The email does not contain any information related to the Summer 2020 Protests in New York City. |
| OTM_Null_Sample_000000619 | June 18, 2020 email thread among Mayor's office personnel discussing "State Executive Order to Reform Municipal Policing." | This is an email thread discussing a State Executive Order on police reform. Defendants *specifically* discussed that order as part of their mootness argument (Dkt. No. 106 at 6) — and even attached a copy to their motion to dismiss papers. Dkt. No. 107-7. Among others, DRs 54- | This document is not responsive to any of the requests in Plaintiffs' First or Second Consolidated Sets of Requests for Production of Documents to All Defendants.<br><br>Plaintiffs incorrectly describe the contents of this document as the "email |

5

| Bates Identifier[1] | Document Summary | Plaintiffs' Position | Defendants' Position |
|---|---|---|---|
| | | 60 sought documents about those contentions. And those DRs specifically demanded documents about the "Governor's directive" and how in response to it "the City of New York is [supposedly] revamping policing, including policing at protests." DR 57. | thread among Mayor's office personnel discussing 'State Executive Order to Reform Municipal Policing.'" Contrary to Plaintiffs' description of this email, it does not contain any "discussions" of the State Executive Order to Reform Municipal Policing."<br><br>Additionally, this document is not relevant and has no probative value as it is not related to any of the parties' claims or defenses, as it relates to a different subject matter, i.e. a conference call with state executives scheduled for July 12, 2020 to discuss the State Executive Order to Reform Municipal Policing and not the Executive Order itself. Specifically, the email does not contain any discussions pertaining to the substance of the State Executive Order, as it only contains information related to the individuals attending the conference call as well as dial-in number and participant code. |
| OTM_Null_Sample_000000411 | June 3, 2020 email thread among Mayor's office personnel — with extensive redactions for deliberation over the policies — about a "pledge" and "sample policies" regarding "police use of force policies" to be reformed in the wake of the "killings of George Floyd, Breonna Taylor, Ahmaud Arbery, and the loss of | This is a document about efforts to reform use of force policies — with redactions that supposedly reflect a deliberative discussion of those very | This document is not responsive to any of the requests in Plaintiffs' First or Second Consolidated Sets of Requests for Production of Documents to All Defendants.<br><br>Additionally, this document is not relevant and has no probative value as it is not related to any of the parties' claims or defenses, as it relates to a town hall |

6

| Bates Identifier[1] | Document Summary | Plaintiffs' Position | Defendants' Position |
|---|---|---|---|
| | far too many Black lives to list." | same efforts and proposals.[2] It is responsive to, among others, DR 1 (policies in place during the protests); DR 2 (policies implemented after, including especially "any critique"); DR 3 (policies in reaction to deaths in policy custody); DR 37 (force at protests) DRs 54-60 and 76 (concerning changes to policy in the wake of the Protests). | meeting "called for" by former president Obama. Specifically, the email contains information related to a town hall meeting where former president Obama called for the US cities to review their use of force policies with input from communities. The email does not contain any information related to the Summer 2020 protests in NYC or any information related to the polices or procedures related to the Summer 2020 Protests. |

---

[2] Because the process anticipated by this motion is aimed exclusively at responsiveness — that is, evaluating both the substantive criteria the City's reviewers were applying and the efficacy of the AI used to evaluate the 50,000-some-odd documents withheld purely based on that AI's ranking of their likelihood to be responsive — what is under these redactions is also relevant to the inquiry, since both reviewer and AI alike would have evaluated that content in ranking a document. This specific document was in the "Null" set (e.g., the set of documents never reviewed by humans, and that fell below the point at which Defendants cut off their review) and the AI ranked it as a "0" out of 100 in terms of likelihood to be responsive, which is concerning on its own. *Accord, e.g., In re Diisocyanates Antitrust Litig.*, 2022 US Dist. LEXIS 228604, at *51 (W.D. Pa. Oct. 19, 2022) (Frances, J., ret., as special master) (ordering a party to restart review after using TAR and cutting off review prematurely, noting "it is not appropriate to consider costs such as retraining a review team, since these defendants could have avoided those costs had they not aborted the review process too soon").

**APPENDIX: Guidepost Document Disputes Raised by Defendants (Revised)**

| Bates Identifier | Document Summary/Information | Plaintiffs' Position | Defendants' Position |
|---|---|---|---|
| **OTM_NR Sample_000000271** | An email between the employees of the former Mayor's office and the former Mayor with a subject line "SOCIAL FOR AWARENESS: BLM Mural." The email contains a twitter post from the former Mayor related to the mural painting on 5th Avenue. | This email and the related July 9, 2020 Twitter post about a Black Lives Matter mural are "documents concerning communications … planning for and response to any protest anticipated to take place in New York City following the death of George Floyd." DR 18. Painting "Black Lives Matter" on a major street — in front of Trump Tower, no less — was part of the City's method of responding to the Protests. It obviously would not have happened without the Protests. And doing so was part of an attempt to send the message that the Protests had been heard.<br><br>Thus, this document is responsive to, among other things, DRs 2 (policies implemented after, including especially "any critique"), 3, 18, 19-20. | This document is not responsive to any of the requests in Plaintiffs' First or Second Consolidated Sets of Requests for Production of Documents to All Defendants.<br><br>Additionally, this document is not relevant and has no probative value as it is not related to any of the parties' claims or defenses, as it relates to a Twitter post from the former Mayor regarding a mural painting on 5th Avenue. Specifically, the document contains a screenshot of a Twitter post stating:" Our City isn't just painting the words on Fifth Avenue. We're committed to the meaning of the message." |

| Bates Identifier | Document Summary/Information | Plaintiffs' Position | Defendants' Position |
|---|---|---|---|
| **OTM_NR Sample_000000404** | An email between employees of the former Mayor's office with an embedded letter/announcement by the United States Conference of Mayors' Working Group on Police Reform and Racial Justice on police reform and justice dated June 10, 2020 - Washington, DC. | This document concerns legislative efforts to reform police, driven by the force of the Protests (among other protests across the country). It is sent among the highest level of the former-Mayor's office, saying, "See imbedded letter by Mayors re fed[eral] [Criminal Justice] leg[islation]." Doc. at 1.<br><br>It is therefore responsive to, among others, DR 1 (policies in place during the protests); DR 2 (policies implemented after, including especially "any critique"); DR 3 (policies in reaction to deaths in police custody); DR 37; DRs 54-60 and 76 (concerning changes to policy in the wake of the Protests). | This document is not responsive to any of the requests in Plaintiffs' First or Second Consolidated Sets of Requests for Production of Documents to All Defendants.<br><br>Additionally, this document is not relevant and has no probative value as it is not related to any of the parties' claims or defenses, as it relates to a letter from the United States Conference of Mayors dated June 9, 2020 addressed to Speaker Pelosi, Leader McConnell, etc. Specifically, the document contains information related to a meeting held by the United States Conference of Mayors dated June 9, 2020, to discuss the recommendations to be submitted to the Executive Committee of the Conference of Mayors for adoption. The document provides information related to a letter that was sent to the House of Representative and Senate stating their support for the Justice in Policing Act of 2020. Additionally, neither the embedded letter nor the email were prepared by the Mayor's Office. |