

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE  
CIVIL RIGHTS BUREAU

May 22, 2023

**BY ECF**

Honorable Gabriel W. Gorenstein  
United States Magistrate Judge  
United Stated District Court, Southern District of New York  
Daniel Patrick Moynihan Courthouse, 500 Pearl Street  
New York, New York 10007

Re: *In re: New York City Policing During Summer 2020 Demonstrations,*  
No. 20-CV-8924 (CM) (GWG)  
*This Letter Relates to All Cases*

Dear Judge Gorenstein:

We write on behalf of the non-stayed Plaintiffs in these consolidated cases to oppose the belated request to extend the deadline to produce the entire Administrative Guide (the "Guide"). ECF No. 1003. Following a number of conferrals, the Court so-ordered the parties' agreement that Defendants would produce the entire Guide by a reasonable date they identified. Defendants determined on April 28 that they would complete production of the Guide by May 19.[1] Defendants should be held to their commitment, and the Court's order, and ordered to produce the entire Guide immediately, particularly in light of an upcoming 30(b)(6) deposition on NYPD policymaking. Further delay will continue to prejudice Plaintiffs' deposition preparation and further embolden the Defendants to willfully disobey Court-orders without fear of being held accountable.

**I.   Background**

The Guide is a policy document that should have long ago been produced. It composes one half of the NYPD's official written policy document known as the Department Manual.[2] According to Defendants and the NYPD's website, policies have, over time, been moved to and from the Patrol and Administrative Guides and amendments to both are tracked in an official Timeline, published on the NYPD website.[3] Ex. A (Email Exchange with Defs.' Counsel) at 9

---

[1] Plaintiffs had negotiated at the conferrals that the date chosen would need to be before May 10, ECF No. 958, but Plaintiffs allowed Defendants the additional week for production. Notably, Defendants did not claim any unasserted objection to producing the Guide by the deadline of April 24. ECF No. 961.  
[2] *See* NYPD, *Department Manual*, https://www.nyc.gov/site/nypd/about/about-nypd/manual.page.  
[3] NYPD, *Department Manual Timeline*,  
https://www.nyc.gov/assets/nypd/downloads/pdf/public_information/Update1.pdf.

Honorable Gabriel W. Gorenstein
Page 2

(linking Timeline, which "document[s] the changes to the Admin Guide"). The NYPD publishes the entire Patrol Guide and has committed to publishing the current Administrative Guide, but has yet to do so.[4] The portions of the current Guide that have been published include procedures that relate to discipline and performance monitoring of NYPD officers.[5]

The Department Manual includes the type of policy documents Plaintiffs first requested on March 25, 2021, Plaintiffs asked for "all Documents concerning policies, procedures, directives, and training materials promulgated by NYPD relating to Officers' treatment of and response to demonstrations and protests (including mass protests), crowd control, crowd management, and/or 'disorder control' that were created and/or in force prior to May 28, 2020." ECF No. 163-1 at 7–9. Although Defendants have repeatedly and without objection produced one half of that Manual, the Patrol Guide, including its various amendments, they have not produced the Guide except one 3-page procedure. They have, to date, provided no explanation for that complete failure after the lengthy Chart exercise – to say nothing of Judge McMahon's initial (with sanction warnings) June 2021 deadline, or the Court's later final deadlines in mid-2022, for that matter.

Plaintiffs notified Defendants of their failure to produce the Guide in a February 21, 2023 email, stating Plaintiffs' immediate need of these policy documents for deposition preparation and:

> Most urgent, from our perspective, is the version of the Admin Guide in effect during the Protests. The Admin Guide is responsive to (among other things) D[ocument] R[equest] 1 in the consolidated requests, and the Chart (attached) does not state it was being withheld (meaning there are no possible live objections to producing it). . . . We're happy to get a current version of the Admin Guide in something more like 2 weeks.

Ex. A at 12–13. The email asked to meet and confer should Defendants disagree about its obligation to produce the Guide. In violation of the Court's Individual Rules, Defendants failed to provide a response to that request until a week later, when Defendants referred Plaintiffs to a partial web version of the current Administrative Guide, claiming (incorrectly) it was the complete Guide. *Id.* at 9. On March 30, the undersigned reiterated Plaintiffs' request for the "*full* versions of the former and current versions of the Admin Guide," which was not published, and providing examples. *Id.* at 8. Defendants promised to look into it but provided no substantive response. So, on April 11, Plaintiffs again requested a meet and confer unless Defendants could commit to providing the full Guide by the end of April. *Id.* at 4. Again, Defendants did not respond within a business day and even when they did, they provided no date when they could confer. *Id.* at 2–3. It was not until April 18 that Defendants committed to meeting on the issue.

On April 21, the parties met for approximately 40 minutes,[6] and agreed to Plaintiffs putting in a proposed Order for Defendants to produce the entire Guide except to the extent privilege was

---

[4] *Supra* n.2.

[5] *See* Section 318, https://www.nyc.gov/assets/nypd/downloads/pdf/public_information/public-adminguide1.pdf; Procedure Nos. 329-25–329-28, https://www.nyc.gov/assets/nypd/downloads/pdf/public_information/public-adminguide2.pdf.

[6] The conferral was attended by Daniel Braun and Peter Scutero for the Defendants and the undersigned, Remy Green and Marc Arena for Plaintiffs.

claimed, given that parsing out the various procedures would unduly delay the production further, and that if Defendants wanted to object to the Order, they would do so in a business day, or they could lodge any specific discovery objections by April 28. Pursuant to ECF No. 490, Plaintiffs drafted and emailed to Defendants a proposed order memorializing the parties' agreement on April 21, noting again that there would be impasse if Defendants chose a production date after March 10. ECF No. 958. Receiving no objection, Plaintiffs filed the proposed order. ECF No. 958. As Defendants did not file any objection with the Court, the Court so-ordered that stipulation. ECF No. 961. Per the Order, Defendants identified May 19 as the deadline to produce.

Long after the deadline to lodge objections, in a May 8 email, Defendants asked Plaintiffs to "select the Guide Sections from the Guide Table of Contents" to, in part "lessen the burden on the Defendants," but left unexplained what was burdensome about producing one document. ECF No. 1003-1 at 6. The next day, Plaintiffs rejected Defendants' request to narrow Defendants' obligation given the compromise of such a late production was made following long-delayed conferrals and was based on a production date chosen by Defendants. *Id.* at 5. Plaintiffs had also compromised in asking solely for the Guide that existed at the time of the Protests, including any amendments made during that period, though conferrals to date clearly discussed the production of both the Guide as it existed during the Protests and currently. *See id.*; Ex. A at 11–12.

Defendants said nothing more until 8 PM two days before their May 19 deadline, claiming that "the nature and amendment process of the Guide make it extraordinarily burdensome for Defendants to produce in the manner in which Plaintiffs wish Defendants to produce it." Plaintiffs conferred with Defendants the earliest they could, at midday on Friday, May 19. At that conferral, Defendants offered to start producing the Guide immediately, *but only if* Plaintiffs agreed to relieve Defendants of their obligation to produce the entire Guide. This inexplicable attempt to relitigate matters that have been resolved by the Court demonstrates Defendant's bad faith during the conferral process. Their position begs the question of why they could not have produced a single procedure to date. Nevertheless, Plaintiffs asked questions to better understand Defendants' purported burden, and Defendants could not answer them. For instance:

- Defendants claimed that there were too many amendments to the Guide during the Protests (May 28, 2020, to February 12, 2021) to easily collect, but could not say how many sections had been amended in that time period, nor could they plausibly explain why NYPD's published Department Manual Timeline—which Defendants' counsel Daniel Braun confirmed tracked Guide amendments (Ex. A at 9)—reflected that no amendments had occurred during that time period.
- Defendants claimed that it was too difficult to determine what parts of the Guide were effective during the Protests, but, as Plaintiffs pointed out, each procedure states on their face their date of effectiveness.
- Defendants claimed that the Guide was too large to produce, but could not say how many pages, documents, or procedures comprised it.
- Defendants claimed it would be too burdensome to produce the Guide but could not explain what efforts, if any, the City made for the last two years to produce the Guide—even on a rolling basis.

Honorable Gabriel W. Gorenstein
Page 4

Due to the utter lack of any basis for further delay, Plaintiffs declined consent to an extension and, after the deadline passed, Defendants filed their extension request and submitted a declaration that had not been previously shared with Plaintiffs. ECF No. 1003.

## II. Defendants' Request Should Be Denied as Untimely

Defendants' extension request should be denied outright for failure to follow the Court's instruction to timely seek extensions so that they can obtain a ruling before deadlines pass. ECF No. 788. On December 16, 2022, the Court warned Defendants that it "expects this will be the last time the defendants seek an extension on the date a filing is due." ECF No. 788.[7] Yet Defendants here did not file their request for an extension until 11:41 P.M., long after business hours, on the deadline. It is therefore untimely.

There appears to be no justifiable reason for Defendants' delay. Defendants had the opportunity to object to the Order at 961 before and after Plaintiffs filed it in April and anytime in the intervening month, or to file its motion before the deadline. It is clear that Defendants had not conducted a serious (if any) effort to produce *any* part of the Guide. This is further supported by Defendants' suggestion that they could quickly produce sections of the Guide starting the week of May 22 *only if* Plaintiffs would blindly limit their request (and potentially prejudice themselves) to some unknown parts of the Guide.

Defendants' months'-long delay in conferring, month-long delay in objecting to the Order they agreed to, and years'-long delay in producing responsive documents should not be rewarded or tolerated. The request should be denied as untimely and Defendants ordered to immediately produce the Guide to Plaintiffs, as it existed during the Protest time period, no later than by 9:00 a.m. Tuesday, May 23, and to formally produce through its vendor by Monday, May 29, 2023.

## II. The Administrative Guide Should be Ordered Produced Immediately to Avoid Further Prejudice to Plaintiffs and Preserve the Integrity of the Conferral Process

There is no justification for Defendants' continued delays in producing the Guide. Defendants have readily, repeatedly, and without objection produced the Patrol Guide, including versions that were effective before and after the Protests. There is no basis for believing that the Administrative Guide, its counterpart, would be any more difficult to produce nor should Defendants be permitted to continue prejudicing Plaintiffs' preparation of *Monell* depositions by withholding it.

The declaration offered by Defendants to substantiate their burden claim is frankly nonsensical. ECF No. 1003-2. That the Guide is electronically maintained should *expedite* production; how long it takes to print the document is irrelevant. Equally puzzling is Defendants' assertion that the Guide is somehow a "living document," ECF No. 1003 at 2, amendments to which cannot be tracked easily and which, according to Mr. Scutero, can happen daily. It is unbelievable but also belied by other documents that the NYPD does not know precisely what its

---

[7] This marks the sixth time Defendants have filed their extension request on or one business day before the due date since the Court's admonition. *See* ECF Nos. 816, 830, 844, 967, 983.

written policy was or is at any given point in time. Specifically, Mr. Braun, Defendants' former counsel, confirmed that the NYPD's published Department Manual Timeline "document[s] the changes to the Admin Guide" and that Timeline reflects no changes to the any Administrative Guide section (which begin at number 300) during the Protests. Ex. A at 9. Still more, each provision of the Guide has a section at the top that states clearly when the procedure was issued, the date it became effective, and its revision number, *i.e.* whether it is an amendment or original provision, as reflected in the sole Guide procedure produced by Defendants. Ex. B. Plaintiffs have not asked for any documents outside the Administrative Guide that might reflect revisions to it; just the Guide provisions themselves. Defendants' assertion now that they cannot possibly figure out which Guide version existed at the time of the Protests without extreme burden is preposterous. Furthermore, the declaration fails to delineate what efforts, if any, the City made to produce any parts of the Guide while only complaining about what it would take to abide by the Court's order if they actually attempted compliance.

The Court should also outright reject Defendants' attempt to produce anything less than the entire Guide. Rather than doing the work of specifying the procedures they believe are responsive versus non-responsive, they want Plaintiffs to guess what procedures in the Guide are responsive based on vague descriptions from a Table of Contents, with such unhelpful titles as "Duties and Responsibilities" or "Complaints," and "Evidence." Ex. C. They have not even submitted with their request the subsections they claim would be more helpful to Plaintiffs. Regardless, as the Patrol Guide has shown, the titles of the sections and even of the procedures themselves do not clearly reflect their content. Further still, Plaintiffs have run out of time in the discovery schedule to litigate the adequacy of any partial productions of the Guide. Defendants' unworkable proposals seem to stem not from any legitimate concern but instead appear calculated to delay production of the Guide until after depositions are nearly complete.

More to the point, there is no time to indulge Defendants' requested delay as its 30(b)(6) witness on topics related to amendments made to applicable NYPD policies is scheduled to be deposed on Wednesday, May 24.[8] Plaintiffs made clear in February that they need the Guide in short order to properly prepare for depositions. Three months later, Defendants have produced zero pages of the Guide despite agreeing to produce it in its entirety. The Court so-ordered that obligation which, unless honored, will prejudice Plaintiffs and may warrant keeping deposition open to recall witnesses once the Guide is received. We respectfully request that the Court order Defendants to immediately produce the Guide procedures that were in effect at the time of the Protests by email to Plaintiffs, no later than 9:00 a.m. Tuesday, May 23, and formally produce it as soon as possible thereafter, no later than May 29.

We thank the Court for its continued attention to this matter.

                                                        Respectfully submitted,

                                                        *s/ Lillian M. Marquez*
                                                     Lillian M. Marquez, Assistant Attorney General

---

[8] Defendants have sought an adjournment of that deposition because they claim they have not had enough time to prepare the witness. But as they have not obtained Plaintiffs' consent or a Court order to allow the adjournment under ECF No. 961, it will go forward on that date.

                 Civil Rights Bureau
                 Office of the New York State Attorney General
                 Tel: 212-416-6401
                 Lillian.Marquez@ag.ny.gov

CC: All counsel of record