

| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | Peter Scutero<br>Senior Counsel<br>pscutero@law.nyc.gov<br>Phone: (212) 356-2410 |
|---|---|---|

May 23, 2023

**By ECF**
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re: *New York City Policing During Summer 2020 Demonstrations*,
           No. 20 Civ. 8924 (CM) (GWG)
           This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and one of the attorneys assigned to the defense of the above-referenced matter. Defendants write to respectfully request the Court allow them to schedule the deposition of Deputy Chief Michael Baker, a 30(b)(6) witness, within the last two weeks of June.

      To be clear, Defendants' need for a protective order is not for the purposes of canceling or preventing a deposition of Deputy Chief Baker. Rather, Defendants seek a protective order to reschedule Baker's deposition to another date. A rescheduling of his deposition is needed in order to avoid another scenario, like that which occurred in the Kanganis deposition, where the witness would not have enough information necessary to provide sufficient answers to Plaintiffs' questions. That circumstance would be counterproductive and a waste of the parties' time and resources. As such, Defendants propose, and have proposed to Plaintiffs, rescheduling Deputy Chief Baker's deposition to a date during the last two weeks of June.

      At this time, Deputy Chief Baker would not have enough information for sufficient answers because Topic No. 1, a topic which he has been designated to testify about, encompasses a vast amount of information, the extent of which, Defendants were unaware of until earlier this month, when Plaintiffs provided Topic No. 1's relevant time period. Topic No. 1 states:

> The process of drafting, developing, modifying or revising, reviewing and approving each of the Relevant Policies and Procedures (as agreed at the meet and confer), including the identities of the individuals that developed, drafted, modified or

> revised and/or approved each Relevant Policy and Procedure and the identities of those who had authority over final approval of each Relevant Policy and Procedure.

See Exhibit A.

The Relevant Policies and Procedures referred to in Topic No. 1 is a defined term that consists of thirty-two separate policies and procedures. Id. Not included within Topic No. 1, or the Plaintiffs' 30(b)(6) Notice, is a relevant time period for when the process of drafting, developing, modifying or revising, reviewing and approving the Relevant Policies and Procedures was to take place. Up until May 8, 2023, the date when Plaintiffs provided a time period, it was unclear which policies and procedures, and from what time period, Deputy Chief Baker would be expected to testify about at his deposition, making the amount of information that Baker would need to be prepared for exhaustive and unduly burdensome.

To be clear, Defendants began prepping Deputy Chief Baker for his deposition; however, during the course of those preparations it became clear that the topic was unwieldy. On May 8th, Defendants informed Plaintiffs of the burdensome nature of preparing Deputy Chief Baker because of the absence of a time period for Topic No. 1. See Exhibit B. Plaintiffs later informed Defendants that the time period for each relevant policy and procedure depends upon when they were in effect at any time during the Amended Schedule A. Id. However, Defendants did not have enough time to obtain all documents to prepare Baker, or for him to talk to the necessary people, or enough time to prepare him even if he had the voluminous amount of documents, because of the fact that Defendants did not obtain the relevant time period from Plaintiffs until two weeks before Baker's deposition. To be clear, the narrowing of the relevant time period permitted Defendants to conduct additional searches for more relevant information.

On May 15, 2023, Defendants informed Plaintiffs of the need to reschedule Baker's deposition. See Exhibit C. On May 17, 2023, the parties met and conferred about Defendants' request to reschedule Baker's deposition.[1] At the May 17th meet and confer, Defendants again informed Plaintiffs of the need for Deputy Chief Baker's deposition to be rescheduled, as well as that Baker will not be appearing for the deposition scheduled on May 24th.[2] Defendants also informed Plaintiffs of the reasons for the rescheduling of Baker's deposition, including that the witness would need time to fully prepare for Topic No. 1 after learning the relevant time period for that topic on May 8th.[3] In addition, Defendants reminded Plaintiffs that Defendants had previously extended a courtesy to Plaintiffs, by agreeing to their proposed deposition date for the deposition of Executive Director Eugene Whyte, when they sought to reschedule Whyte's

---

[1] The meet and confer was attended by the undersigned, Amy Robinson, and Michael Olney for the Defendants, and Gina Bull, Molly Biklen, Bobby Hodgson, Lillian Marquez, and Tahanie Aboushi for Plaintiffs.

[2] Incidentally, Plaintiffs believed the Baker's deposition was scheduled for May 22nd and it was not until Defendants brought Plaintiffs' scheduling error to their attention at the May 17th meet and confer that Plaintiffs learned the deposition was scheduled for May 24th.

[3] Defendants also informed Plaintiffs that the attorney previously assigned to defend Baker's deposition is no longer an employee of the Law Department and had withdrawn as counsel.

deposition to June 22, after the Court's June 16th cut-off date to accommodate Plaintiffs.  See Docket No. 971.

Additionally, at the meet and confer Defendants attempted to reason with Plaintiffs as we believed it would be beneficial for all parties that a prepared witness would avoid the situation where a witness would have to be brought back for a continued deposition simply because of a needless miscommunication between the parties about the scope of a 30(b)(6) topic.  In connection with that attempt, Defendants provided two available dates to Plaintiffs for the purpose of rescheduling Baker's deposition.  See Exhibit C.  Plaintiffs declined those dates.  Id.  Defendants also requested Plaintiffs provide, as the Court has strongly suggested, a list of documents that would be used during the deposition or, at least, a list of subtopics that Defendants could refer to in preparing Deputy Chief Baker.  Plaintiffs declined to provide Defendants with both.

Following the Court conference earlier today, where the Court expressed a desire for the parties to resolve the scheduling of Baker's deposition without Court intervention, Defendants provided Plaintiffs with nine[4] available dates for the deposition's rescheduling.  Id.  Once again, Plaintiffs declined all of Defendants' proposed dates.  Instead, Plaintiffs offered one alternative date on a day when the witness was not available.  Plaintiffs never mentioned if they were unavailable on Defendants' proposed dates as a reason for declining Defendants' proposal.  In fact, Plaintiffs' only reason for not agreeing to Defendants' proposed dates was that the dates fall beyond the June 16th deadline.

However, Plaintiffs' assertion that they could not agree to dates which fall after the Court-set deadline is inconsistent with their prior practice.  See Docket No. 971 where Plaintiffs wrote to the Court informing that the parties have agreed to schedule the deposition of Eugene Whyte after the June 16th deadline and requesting the Court to allow the parties to take the Whyte deposition on June 22, which the Court granted.  While we are not trying to flaunt the Court's deadlines, Defendants were willing to extend the courtesy to Plaintiffs so that they could seek the Court's permission with their adversaries' consent when they needed it for Whyte's deposition, which Plaintiffs are now refusing to reciprocate.  This is all that Defendants were asking of Plaintiffs.

Defendants have attempted to reasonably resolve the issue of rescheduling Baker's deposition with Plaintiffs to no avail and are prepared to produce him for a deposition in the last two weeks of June.  Again, we note that Plaintiffs have not mentioned that they are unavailable to depose Baker on the dates proposed by Defendants.  Accordingly, Defendants request that the Court grant their motion to extend the period when Deputy Chief Baker may appear for a deposition to June 30th.

Thank you for your time and attention to this matter.

---

[4] Defendants proposed June 20th – June 23rd and June 26th – June 30th.

Respectfully submitted,

*Peter Scutero*

Peter Scutero
*Special Associate Counsel*
Special Federal Litigation Division

cc:    ALL COUNSEL (via ECF)