STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

May 25, 2023

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

  Re: **In re: New York City Policing During Summer 2020 Demonstrations, 1:20-CV-8924 (CM) (GWG) — This Letter Relates to All Cases**

Dear Judge Gorenstein:

  I write on behalf of the non-stayed Plaintiffs in the consolidated cases to respectfully request that the Court deny Defendant's letter request, ECF 1007, for a protective order to reschedule the deposition of Defendant's 30(b)(6) designee, Chief Michael Baker, past the Court-ordered deadline of June 16. Defendants have failed to establish good cause under the Federal Rules of Civil Procedure, or an emergent situation under ECF No. 921, to justify rescheduling Chief Baker's deposition. As this Court is aware, the Defendants have had nearly complete control over the order and scheduling of depositions and Plaintiffs have repeatedly met and conferred with Defendants and sought relief from the Court over Defendants' failure to schedule high level and 30(b)(6) depositions before so close to the deposition deadline in these cases. Defendants chose to place the majority of important depositions during these final weeks of the deposition calendar. The challenge of now preparing these witnesses is a problem of Defendants' own making.

  Defendants' willful neglect in preparing their designated witness and refusal to seek a protective order until 10:36 PM the night before the deposition reflects Defendants' disregard for Court orders and guaranteed that counsel would be forced to expend hours in preparation that must now be wastefully duplicated when Chief Baker is ultimately produced. Rather than a blank check for Defendants to reschedule Chief Baker to a week that is already crammed with other depositions in these consolidated actions, the People of the State of New York request an order to compel the Defendants to produce Chief Michael Baker for examination at the second deposition date chosen by Plaintiffs and, pursuant to Federal Rule of Civil Procedure 37, for costs and fees associated with their knowing failure to appear.

## Background

On March 2, 2021, this Court ordered that "Depositions shall be scheduled as soon as practicable." *See* ECF No. 43 ¶ 3. At a Court conference the next year, the Court instructed Defendants to ensure that high-level deponents were being scheduled with back-up dates and to *not* cancel those dates unless it is "something that is of an emergent, emergency nature." 3/4/22 Tel. Conf. Tr. at 27:11–12. Despite these admonishments, Defendants have repeatedly utilized bad faith tactics to frustrate the discovery process and unnecessarily delay depositions.[1]

On February 2, 2022, Plaintiffs provided Defendants with Consolidated Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6). The consolidated 30(b)(6) notice reflected the parties' agreements as to the final topics and was the product of extensive conferrals with Defendants and multiple Court conferences. The Notice sufficiently informed Defendants of the topics that would be covered during depositions and included the clearly articulated scope of Topic 1.[2] In any event, the deadline to challenge any topic, for scope or otherwise, came and went on February 8 without any motion or objection by Defendants. *See* 1/27/2023 Tr. at 40:5-41:8 (setting February 8 as the deadline for 30(b)(6)-related objections).

On January 21, 2022, Defendants identified Deputy Chief Michael Baker as the individual responsible for handling 30(b)(6) topics 1, 19, and 22. On July 20, 2022, Defendants represented to the Court that they "have been making every effort to schedule depositions" and have made their first attempts to contact Chief Baker to schedule his deposition. Ultimately, the parties agreed to depose Chief Michael Baker on March 30, 2023. Inexplicably, just ten days before Chief Baker's deposition, Defendants cancelled[3] it and promised they would reschedule as soon as possible. As this cancellation was illustrative of a spate of other depositions Defendants cancelled without explanation and without immediately providing a replacement date, the parties conferred and obtained a Court order, issued March 31, that prohibited Defendants from cancelling any high-level deponent, including a Rule 30(b)(6) witness, deposition unless there is an "emergent situation." ECF No. 921.

---

[1] *See generally* ECF Nos. 163, 256, 324, 386, 463, 569, 667, 680, 987.

[2] Topic No. 1 is "The process of drafting, developing, modifying or revising, reviewing and approving each of the Relevant Policies and Procedures (as agreed at the meet and confer), including the identities of the individuals that developed, drafted, modified or revised and/or approved each Relevant Policy and Procedure and the identities of those who had authority over final approval of each Relevant Policy and Procedure."

[3] In their March 20 email, Defendants simply stated, "Defendants need to reschedule Chief D'Adamo's and Chief Baker's depositions and will reschedule as soon as possible." They did not provide any explanation, let alone describe an emergency as required by the Court, nor ask Plaintiffs for what date they might agree to adjourn those depositions to. Defendants insist that this kind of unilateral adjournment does not constitute a cancellation under ECF No. 921, ECF No. 1007 at 1, but whether it is called a refusal to produce the witness on the confirmed date, a unilateral adjournment, or a cancellation, the effect is the same: Plaintiffs cannot conduct the deposition as scheduled and are forced to spend more time to confirm, and keep, future dates.

Hon. Gabriel W. Gorenstein
Page 3

      Defendants later offered to produce Chief Baker on May 24, 2023, and Plaintiffs confirmed that date and a 9:30 A.M. start time on April 18. On May 8, Defendants' counsel, Peter Scutero, requested by email that Plaintiffs provide a "reasonable timeframe" applicable to Topic 1 because, Defendants claimed, it lacked a "relevant timeframe, creating an immense universe of information that is unmanageable for the witness to be expected to know for a deposition." ECF No. 1007-2. Molly Biklen, counsel for *Payne* plaintiffs, responded the same day, explaining that "[t]he wording of topic one was formulated jointly and agreed to by the parties after an extensive meet and confer process" and that the relevant time period "will depend on when the particular Relevant Policy and Procedure in effect at any time during the amended Schedule A protests was adopted, developed, drafted, modified and/or revised." *Id.* Defendants did not further respond.

      On May 15, Defendants abruptly informed Plaintiffs that, "we need to reschedule Chief Baker," without providing any proposed alternate dates or providing their reasons for cancellation. Plaintiffs promptly responded that in the absence of any justification for cancellation, we would be proceeding as scheduled with Chief Baker's deposition. Following their attempt to cancel, Plaintiffs participated in a meet and confer with Defendants about five other uncalendared depositions. Defendants raised Chief Baker's deposition, noting that he would not be sufficiently prepared to testify on May 24, but did not come prepared to identify an alternative deposition date. Indeed, Mr. Scutero had to confirm with his fellow counsel, Amy Robinson, whether it was he who was responsible for preparing Chief Baker. Mr. Scutero further noted that Chief Baker had potentially had preparation sessions with Michael Braun before Mr. Braun withdrew from the case on April 21, ECF No. 950, but suggested no further preparation had occurred since. Plaintiffs offered Defendants until May 19 to proffer an alternative deposition date. Plaintiffs also noted at the conferral that Defendants' attempt to schedule so many depositions after the June 16 deadline would prejudice Plaintiffs' timely preparation of their expert report and would not allow sufficient time for anticipated issues, including witnesses that needed to be recalled (due to the consistently late production of text messages or lack of preparedness of a 30(b)(6) witness) or unforeseen scheduling conflicts.

      On May 19, Defendants declared simply that "Chief Baker will not be appearing on May 24th. He can appear for a deposition on June 27th or 28th." ECF No. 1007-3 at 4. Although Plaintiffs had previously agreed to adjourn another 30(b)(6) witness, Captain David Miller, that Defendants admitted they did not adequately prepare on time, Plaintiffs did so because he could be produced prior to June 16. Plaintiffs did not consent to an adjournment of Chief Baker so far after the June 16 deadline and reminded Defendants that they would need a Court order to be excused from appearing at the May 24 deposition. *Id.* Then, at 3:06 PM on May 23, the day before the deposition, Mr. Scutero again asked for an adjournment, offering additional dates to reschedule the deposition, in the end of June. However, earlier that day, as a last-ditch effort to avoid involving the Court and to accommodate Defendants' counsel, who claimed they could not schedule five other uncalendared depositions—for deponents Kanganis, Lehr, Nikas, Hughes, and Hart–before the June 16th deadline, Plaintiffs tentatively withdrew the notices of two depositions and offered dates throughout June—including the end of June.

Because there was frankly no room left in the calendar at the end of June,[4] and the undersigned, who has fully prepared to depose Chief Baker, was not available on those dates, Plaintiffs offered May 30 as an alternative date for Chief Baker as yet another attempt to accommodate Defendants. At 4:54 PM, after the deadline by which Plaintiffs could cancel their court reporter, Defendants declined Plaintiffs' offer and, less than twelve hours before the scheduled start of the deposition, filed their letter seeking a protective order with the Court, now claiming that "Deputy Chief Baker would not have enough information for sufficient answers" because Topic 1 "encompasses a vast amount of information, the extent of which, Defendants were unaware of until earlier this month." ECF No. 1007 at 1. As no Court order had issued relieving Defendants of their duty to produce Chief Baker, Plaintiffs opened the deposition room on May 24 at 9:20 a.m. but nobody appeared on behalf of Defendants.

## I. The Court Should Deny Defendants' Request and Compel Chief Baker's Production on June 6 or 14.

Defendants have failed to meet their burden of establishing good cause to be excused from ECF No. 921 and again dictate the dates to take Captain Baker's deposition past the date set by the Court in ECF No. 829. The Order at 921 requires an emergent situation to cancel a deposition, but Defendants' failure to undertake the necessary preparation of its witness is not an emergency, having had at least a year of notice that Chief Baker would be testifying and at least a month of notice as to the specific date he would go forward (though he was also previously scheduled to be deposed March 30). The Court required Defendants to schedule depositions prior to June 16, ECF No. 829, but Defendants are attempting to work around that Order, as well. Whether seeking an amendment of that latter scheduling order or relief from the discovery order at 921, good cause is required. Fed. R. Civ. P. 16, 26. Willful delay in preparing a 30(b)(6) witness is not good cause and therefore requires denial of Defendants' request.

Unfortunately, the timing of Defendants' request has denied the Court the opportunity to force the witness to appear on May 24—warranting sanctions, as detailed below. Plaintiffs are now forced to choose another date but that date should not be left to Defendants' discretion. The undersigned, who prepared the deposition, had offered to take the deposition on May 30 but Defendants stated, without detail, that the witness was not available then and offered only dates in late June when counsel is unavailable and the calendar is nearly full. The undersigned can take the deposition on June 6 or otherwise must coordinate with another attorney to take the deposition on June 14 or June 21. This Court should order the Defendants to produce Chief Baker on either June 6 or 14, at 9:30 a.m., for 30(b)(6) testimony on Topics 1, 19, and 22, with the date to be confirmed by Defendants by May 30. If Defendants represent to the Court that it is impossible for the witness to attend a deposition on those dates, the Court should order his appearance on June 21 at 9:30 a.m.

---

[4] There is at least one deposition scheduled every day: Chief Hughes (6/20), Professor Hart and Whyte (6/22), Inspector Nikas (6/23), Commissioner Shea (June 26-27), Mayor de Blasio (June 29). And now Defendants are claiming that two remaining depositions cannot even be taken in June at all: Kenneth Lehr and the Inspector Kanganis, a 30(b)(6) witness who was recalled due to lack of preparation.

## II. Defendant's Non-Compliance with this Court's Orders at 829 and 921 are Willful and Sanctionable under Fed. R. Civ. P. 37(b) and (d)

Under Federal Rule of Civil Procedure 30(b)(6), Defendants have "an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf" and to the extent any person is not knowledgeable, "make a conscientious and good faith endeavor . . . to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed as to the relevant subject matters." *Bush v. Element Fin. Corp.*, No. 16-cv-1007 (RJS), 2016 WL 8814347, at *2 (S.D.N.Y. Dec. 13, 2016) (internal citation omitted). Defendants are well aware of this requirement as Plaintiffs have already brought their non-compliance to the attention of Defendants and the Court. *See* ECF No. 955. Failing to produce a witness whatsoever for a deposition is clearly sanctionable as is non-compliance with Court orders. *See* Fed. R. Civ. P. 37(b), (d) ("The court where the action is pending may, on motion, order sanctions if (i) a . . . person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition"); *Martinez v. E&C Painting, Inc.*, No. 06 Civ. 05321 (RJH), 2008 WL 482869, at *3–6 (S.D.N.Y. Feb. 21, 2008) (dismissing claims due to failure to appear for depositions). In addition to granting other appropriate relief, "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C), (d)(3); *Lemus v Pezzementi*, No. 15-CV-5592 (NSR)(LMS), 2017 WL 9534744, at *4 (S.D.N.Y. Aug. 11, 2017) (ordering disobedient party to pay costs and attorneys' fees incurred as a result of failure to appear at depositions).

The simple fact is that Defendants did not produce the witness on the noticed date and they *must*, per Rule 37, be sanctioned by paying expenses, including reasonable attorney's fees, caused by that failure unless they can establish their failure was substantially justified or the award is unjust. Fed. R. Civ. P. 37(d)(3). It is also clear that they violated the Court's Orders and entitled to sanctions under Rule 37(b) as there is nothing "emergent" about the need to prepare a 30(b)(6) witness. *See* ECF No. 921. That a 30(b)(6) topic requires extensive preparation should not have come as a surprise to Defendants, particularly where Defendants agreed to the topics over a year ago after extensive litigation and negotiation. Counsel's purported discovery that Topic 1 "encompasses a vast amount of information" a month in advance of Chief Baker's scheduled deposition is not a basis for canceling a deposition and dedicating the intervening time to trying to be excused from the consequences of cancelling it rather than preparing the witness. Despite the withdrawal of prior counsel on April 21, three weeks was certainly enough time to prepare the witness. Defendants' failure to prepare the witness was not an emergency justifying the cancellation under ECF No. 921 and Defendants' cancellation violated that Order.[5]

---

[5] Defendants claim that they were not "cancelling" the deposition within the meaning of ECF No. 921 but merely seeking consent to "reschedule" him so that the witness would be prepared. But by filing a protective order with the Court, Defendants concede that they could not adjourn the deposition without a Court order or Plaintiffs' consent and still, having neither, did not produce Chief Baker. Regardless of the words used to describe it, Defendants prevented Plaintiffs from deposing Chief Baker on May 24.

An award of costs and fees is also an appropriate sanction as Defendants' conduct was not substantially justified. To rebut any claim of substantial justification, "it is sufficient [to show that the witness] improperly refused to appear for his deposition and caused plaintiffs to incur unnecessary expenses." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 149 (S.D.N.Y. 2014). Plaintiffs need not show that the failure to appear was in bad faith, only that the witness "knowingly" did not appear for the noticed deposition. *Id.* (citing *Dragon Yu Bag Mfg. Co. Ltd. V. Brand Sci., LLC*, 282 F.R.D. 343, 344 (S.D.N.Y. 2012)).

That standard is plainly met here, given counsel's repeated statements that they would not produce the witness. Plaintiffs were not obligated to agree to an adjournment, particularly when Defendants could have used the time once advised of Plaintiffs' position to actually prepare the witness and Plaintiffs had accommodated Defendants' schedules to the point that the late-June calendar is nearly full. Defendants' belief that they should not produce a witness they neglected to prepare—even if considered a good faith belief that they need not appear—is not a substantial justification for not appearing. *John Wiley & Sons, Inc.*, 298 F.R.D. at 149. And "objections made in an untimely motion," meaning Defendants' motion for a protective order filed mere hours before the deposition, "cannot serve as an acceptable excuse for the defendants' failure to appear for their depositions." *Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, 274 F.R.D. 115, 118 (S.D.N.Y. 2011). Defendants cannot rely on Plaintiff's willingness to schedule these limited depositions after June 16 to fail to adequately prepare witnesses or appear at previously-scheduled depositions. As Chief Baker knowingly failed to appear on May 24, an award of costs, including reasonable attorney's fees, is mandated by Rule 37. Due to the limited time to respond to Defendants' letter, Plaintiffs ask that we be allowed to first attempt to negotiate a fees and costs award and, if that attempt fails, to submit our application for the same within one week thereafter.

An order compelling Chief Baker's deposition on June 6 or 14 is also appropriate. Pursuant to Rule 37 the Court has "broad discretion in fashioning an appropriate sanction" for discovery violations. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002). When considering sanctions, the Court may consider several factors, including: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009). Intentional behavior, actions taken in bad faith, or grossly negligent behavior justify severe disciplinary measures. *See Communispond, Inc. v. Kelley*, 1998 WL 473951 (S.D.N.Y. Aug. 11, 1998) (granting default judgment against defendants for disregarding discovery orders and misrepresentations regarding the failure to produce responsive discovery). Defendants' failure to appear for Chief Baker's deposition a second time has prejudiced Plaintiffs and the risk of further delay requires a clear order stating the date and time that Chief Baker must be produced. This is certainly one of the least burdensome sanctions envisioned by Rule 37 (as compared to preclusion of evidence of dismissal of claims) and is warranted by Defendants' demonstrated willfulness in squandering its time to prepare Chief Baker by badgering Plaintiffs to accept an adjournment and filing a late request for a protective order. Given the repeated cancellations and the blatant disregard for this

Hon. Gabriel W. Gorenstein
Page 7

Court's orders, Defendants should be ordered to produce Chief Baker on June 6 or 14 (with the alternative date of June 21 available only upon a showing that the other two dates are impossible).

## Conclusion

Based on the foregoing, Plaintiffs respectfully request that the Court issue an order: (1) denying Defendants' requested relief; (2) ordering that Defendants produce Chief Baker to testify as a Rule 30(b)(6) witness for the City of New York on Topics 1, 19, and 22 on June 6 or 14 at 9:30 a.m., unless Defendants affirm to the Court that the witness cannot possibly appear then and, upon such showing, ordering a deposition date of June 21 at 9:30 a.m.; and (3) pursuant to Rule 37 of the Federal Rules of Civil Procedure, to sanction Defendants for their defiance of the Court's Orders at ECF Nos. 829 and 921, by directing the Defendants to reimburse Plaintiffs for the costs of the Court reporter who appeared for Chief Baker's deposition and for the reasonable attorneys' fees associated with Lillian Marquez's preparation for Chief Baker's deposition and the preparation of this letter.

Respectfully Submitted,
LETITIA JAMES
*Attorney General of the State of New York*

By: /s/ *Lillian M. Marquez*
Lillian Marquez, *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street, 20th Floor
New York, NY 10005
(212) 416-8250
Lillian.Marquez@ag.ny.gov

CC: All counsel of record