

May 25, 2023

**Via ECF**
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

*Re:* *In re: New York City Policing During Summer 2020 Demonstrations, No. 20-CV-8924*
*This Filing is Related to All Cases*

Dear Judge Gorenstein:

We represent the Plaintiffs in *Payne* and write respectfully on behalf of all non-stayed cases to request that the Court schedule a conference to compel Defendants to schedule the deposition of Chief Kenneth Lehr between June 6 and June 14. Pursuant to the Court's Order at Docket 829, requiring Defendants to schedule depositions to take place prior to June 16, the parties originally scheduled Chief Lehr's deposition for Friday, April 28. But Plaintiffs discovered that Defendants had not produced texts as is required by ECF 670 and the Court's order discussed at the January 27 discovery conference. ECF No. 670; 1/27/23 Court Teleconference Tr. 22:2-24:6. Since that time, the parties have not been able to come to agreement on a date to reschedule. Counsel has conferred in good faith on this issue by telephone and email, including at a meet-and-confer on May 18.[1] During that meet-and-confer, Defendants explained that Chief Lehr had a scheduled medical procedure on June 15 but that their own attorney's schedule would not permit scheduling the deposition at any time during the two weeks prior to that date. Although Plaintiffs have proposed several ways to rearrange the schedule to accommodate Chief Lehr's deposition prior to his procedure or in the week after, Defendants have refused to provide a date for Chief Lehr's deposition between June 6-14 or the week of June 19, so the parties are at an impasse.

1. **The Plaintiffs' Attempt to Depose Chief Lehr**

[1] Present at the meet-and-confer were Amy Robinson and Peter Scutero for Defendants; Gina Bull, Lillian Marquez, and Lois Saldana for the *People;* Molly Biklen and Bobby Hodgson for the *Payne* Plaintiffs*;* and Tahanie Aboushi for the *Rolon* Plaintiffs. The meeting lasted approximately 50 minutes.

Chief Lehr's deposition was originally scheduled for Friday, April 28. One week before the deposition, Defendants sent a pre-deposition packet stating that "Chief Lehr has no responsive texts." After Plaintiffs alerted Defendants on Saturday, April 22 to numerous sworn statements Chief Lehr has made regarding text messages during key periods of the Mott Haven protest, on Tuesday April 25, Defendants emailed stating that they "just discovered" that they had searched the wrong phone, and that the correct phone would not be searched or processed before that Friday's deposition. Plaintiffs' counsel Bobby Hodgson gave Defendants the option to either agree to hold the deposition open beyond a total of seven hours if needed *or* to adjourn the deposition until the text messages had been produced, with proposed dates of June 6, 7, 8, or 9. Defendants chose to adjourn the deposition and did not indicate in any way that they could not reschedule on any of the four dates proposed. *See* Ex. A (emails among counsel regarding Chief Lehr's text messages). In light of the testimony that Chief Lehr texted extensively with other executives to decide protest response, Plaintiffs would have been prejudiced in proceeding with his deposition without prior production of his text messages or an agreement that it would be held open for their production.

To date, Defendants have not produced any texts from Chief Lehr's phone and have not given a date certain to do so. On May 11, Chief Lehr was included in a larger email sent by Plaintiffs to Defendants regarding remaining outstanding deposition dates. Defendants responded on May 15 offering May 30 or 31 for Chief Lehr's deposition. We promptly informed Defendants on May 16 that the attorney deposing Chief Lehr would be out of the country on those dates and asked to meet and confer, offering any date between June 6-16 for Chief Lehr's deposition.

At the May 18 meet-and-confer, Defendants stated that Chief Lehr had a medical procedure scheduled for Thursday, June 15. At the meet-and-confer and in subsequent emails, Plaintiffs have attempted to accommodate this scheduling in several ways. Plaintiffs proposed any day between June 5-14, including substituting it for the deposition of Officer Athanasi Ternas which was originally scheduled for June 9 before Plaintiffs agreed to withdraw that deposition in an effort to accommodate other high-level depositions that still needed to be scheduled. Defendants contend that they cannot fit in the deposition due to the defending attorney's own schedule. Plaintiffs therefore suggested substituting another defending attorney since Defendants claimed Chief Lehr already was prepared for the deposition, but Defendants would not agree. *See* Ex B. (emails among counsel regarding scheduling).

Further, while the parties have agreed to schedule a very limited number of depositions immediately after the June 16 deadline for completion of most depositions because of unresolvable conflicts, Defendants are not even able to provide a date certain the week after June 16 due to Chief Lehr's anticipated recovery and medical appointments. This means that Chief Lehr's deposition would likely be pushed until July, at which point Plaintiffs will be severely prejudiced due to how essential his testimony is for Plaintiffs' claims.

**2. Chief Lehr is a Key Witness**

Defendant Chief Kenneth Lehr was the Commanding Officer of Patrol Borough Bronx in the applicable period relevant to these cases and played a significant role in the policing of

numerous protests, most notably the protest on June 4, 2020, in the Mott Haven section of the Bronx. As set forth in *Payne* plaintiffs' Corrected Second Amended Complaint, Chief Lehr decided to use an aggressive strategy against the protestors in Mott Haven. *See* ECF No. 957 ¶ 62. Chief Lehr ordered lines of officers to assemble in Mott Haven so that as the protesters marched through the neighborhood, they would be surrounded by police officers in riot gear on all sides. Shortly before the curfew began, Chief Lehr ordered the police to make arrests and officers began to attack the kettled protesters with baton strikes and pepper spray and arrested over 200 individuals. *Id.* ¶ 63. Chief Lehr's personal knowledge of the decisions he made and orders he gave is of central importance to the consolidated cases and Plaintiffs will face severe prejudice if his deposition is not scheduled until July. Expert reports are due on August 4, and Chief Lehr's testimony will be critical to preparing such reports.

Plaintiffs understand that each party faces scheduling constraints and personal medical issues that must be accommodated. For this reason, they have sought to accommodate these concerns in a variety of ways, including by cancelling a deposition to make space and offering numerous alternative dates. But Plaintiff should not be further prejudiced by Defendants' failure to locate and produce Chief Lehr's responsive text messages in advance of his previously schedule deposition, which they chose to cancel instead of agreeing to hold the deposition open pending the production of the missing text messages. Defendants' inability to schedule Chief Lehr for any day between June 6-14 prior to Chief Lehr's scheduled surgery will prejudice Plaintiffs' ability to complete fact discovery on time in advance of expert reports. Accordingly, Plaintiffs seek an order compelling Defendants to produce Chief Lehr for his deposition on any day between June 6 and June 14.

* * *

For the foregoing reasons, Plaintiffs respectfully request a discovery conference as soon as practicable to compel Defendants to schedule Chief Lehr for a date between June 6 and June 14.

Respectfully submitted,

NEW YORK CIVIL LIBERTIES UNION FOUNDATION

By: s/Molly K. Biklen
Molly K. Biklen
Jessica Perry
Daniel R. Lambright
Robert Hodgson
Veronica Salama
Lisa Laplace
Christopher T. Dunn
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
mbiklen@nyclu.org

THE LEGAL AID SOCIETY

By: s/ Corey Stoughton
Corey Stoughton
Jennvine Wong
Rigodis Appling
Paula Garcia-Salazar
199 Water Street
New York, NY 10038
(212) 577-3367
cstoughton@legal-aid.org

*Attorneys for the Payne Plaintiffs*

Cc: All counsel of record by ECF