

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**AMY ROBINSON**
*Senior Counsel*
arobinso@law.nyc.gov
Phone: (212) 356-3518
Fax: (212) 356-1148

May 26, 2023

**By ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re:  *New York City Policing During Summer 2020 Demonstrations*,
             No. 20 Civ. 8924 (CM) (GWG)
             This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter.  In furtherance of defendants' motion for Protective Order dated February 2, 2023 (Dkt. No. 841), defendants supplement their motion to preclude the deposition of former NYPD Firearms and Tactics trainer Sergeant Stuart Wohl.

      By way of background, defendants moved to preclude the deposition of several deponents, including former Sergeant Stuart Wohl, by letter to the Court dated February 8, 2023 (Dkt. No. 841).  Plaintiffs filed an opposition to the original moving papers on February 15, 2023 (Dkt. No. 855).  Defendants filed a reply dated February 22, 2023 (Dkt. No. 872).  Defendants sought an extension to file the supplemental letters and replies with respect to DC John Miller[1] and Sgt. Stuart Wohl, which was granted by the Court on May 2, 2023. *See* Docket No. 977.

      Sgt. Stuart Wohl's deposition should be excluded because it will be duplicative of Captain David Miller's depositions. Captain David Miller is the Commanding Officer of the Crowd

---

[1] In their letter filed this evening, plaintiffs have withdrawn their notice of the deposition of former Deputy Commissioner of Intelligence and Counterterrorism John Miller on the basis of the deposition of Chief of Intelligence Thomas Galati, which has already taken place  (*See* Dkt No. 1119).  As such Defendants will not interpose any arguments in support of precluding that witness.

Management Unit, formerly the Disorder Control Unit, and is also a Rule 30(b)(6) and 30(b)(1) witness who is testifying over two days.  Captain David Miller trained and oversaw all training of all members of the Strategic Response Group ("SRG") who are specially trained for policing large crowds and demonstrations during a weeks-long specialized training in addition to continuous monthly trainings. Captain David Miller was in this role as Commanding Officer of the Disorder Control Unit for many years before the Summer 2020 Protests and is still in this role today as Commanding Officer of the Crowd Management Unit.  Sgt. Wohl, under the supervision of Captain David Miller, assisted in training some officers in his capacity as a trainer in the Disorder Control Unit, until he left that Unit in 2018—two years before the Summer 2020 Protests. Accordingly, Sgt. Stuart Wohl's deposition would not only be duplicative of Captain David Miller's fourteen-hour deposition, but it would also fall far short of providing testimony relevant to the claims in this case as he departed the Disorder Control Unit two years before the Summer 2020 Protests.

Further, Sgt. Stuart Wohl's deposition should be excluded because it will be duplicative of Sgt. Jason Saturnin's Rule 30(b)(6) and 30(b)(1) deposition testimony scheduled to take place on May 30 and 31.  Even though plaintiffs now appear to claim that Sgt. Wohl's testimony is necessary due to his training of officers pertaining to large crowds and protests as a member of the Disorder Control Unit, plaintiffs only representation previously that their need to depose Sgt. Wohl is to learn about the Constitutional Policing at Community Events ("CPACE") training program. Sgt. Saturnin who will be testifying for 10 ½ hours on this subject both in the capacity of a Rule 30(b)(6) and Rule 30(b)(1) witness, will provide testimony about CPACE as well as the various training officers receive regarding policing mass protests.

As such, Sgt. Wohl's deposition would be duplicative of Captain David Miller's  and Sgt. Saturnin's depositions—and entirely outdated with respect to training performed by the Disorder Control Unit for the two-year period leading up to the Summer 2020 Protests. Thus, Sgt. Wohl's deposition should be excluded.

Based on the foregoing, defendants maintain that there is no good cause to allow plaintiffs an opportunity to depose former Firearms and Tactics trainer Stuart Wohl concerning training leading up to the Summer 2020 Protests as his testimony would be duplicative of Captain David Miller's and Sgt. Jason Saturnin's testimony if not entirely of date.

Accordingly, defendants' respectfully request that the Court grant their motion for a protective order to preclude the deposition of former Firearms and Tactic trainer  Sergeant Stuart Wohl.

Thank you for Your Honor's consideration herein.

Respectfully submitted,

*Amy Robinson s/*

Amy Robinson
*Senior Counsel*

cc:    ALL COUNSEL (*via* ECF)