

<table>
<tr><td></td><td align="center">MEMORANDUM ENDORSED</td></tr>
</table>

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  　　　　　　　　　　　　　　　　　　　　　　　　DIVISION OF SOCIAL JUSTICE
ATTORNEY GENERAL  　　　　　　　　　　　　　　　　　　　　　　　　CIVIL RIGHTS BUREAU

May 30, 2023

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

<u>By Electronic Filing.</u>

   Re: <u>In re: New York City Policing During Summer 2020 Demonstrations,
      1:20-CV-8924 (CM) (GWG)</u> — This Letter Relates to All Cases

Dear Judge Gorenstein:

  I write on behalf of the non-stayed Plaintiffs in the consolidated cases to respectfully request that the Court schedule a conference concerning Plaintiffs' request to compel Defendants to schedule the continued 30(b)(6) deposition for Topics 20 and 21 as they informed the Court they would one month ago. After many attempts to come to a mutually agreeable resolution, Defendants have refused to schedule the deposition of DI Kanganis before July 11—three days before the deadline for fact discovery and 25 days after the end of the deposition period previously set by the court, ECF No. 829—and have yet to name a second witness who they say will be designated to testify on some portion of the Topics.

  I. **Plaintiffs' Efforts to Schedule DI Kanganis' Continued Deposition**

  Plaintiffs have engaged in exhaustive attempts to secure Defendants' cooperation in scheduling the depositions sought herein, to no avail. By way of background, Plaintiffs sought the Court's intervention on April 24, 2023, due to Defendants' failure to prepare the March 30 30(b)(6) deposition of former DI Kanganis on Topics 20 and 21.[1] ECF No. 955. In Defendants' Opposition to that motion on April 27, 2023, Defendants stated that they agreed to bring back DI Kanganis for another day of deposition and to cover the court reporting costs for the additional day. ECF No. 962. On the basis of that representation, Plaintiffs agreed to withdraw their letter

---

[1] Topics 20 and 21 encompass, in summary, the City of New York and NYPD's cooperation, coordination and communication with investigations by the CCRB, District Attorney's offices, the Department of Investigation, Attorney General and Corporation Counsel, and the NYPD and City's response to decisions by DA's offices to decline or dismiss prosecutions related to the protests. ECF 955-2.

Hon. Gabriel W. Gorenstein
Page 2

seeking to compel the production of a properly prepared 30(b)(6) witness on Topics 20 and 21 and for sanctions, ECF No. 965, an agreement which was reiterated during the April 28 court conference.

Plaintiffs understood Defendants' April representation that they would re-produce DI Kanganis for another deposition day to mean that that date would actually be scheduled and be scheduled before the Court-ordered deadline of June 16. ECF No. 829. On May 2, Plaintiffs proposed two dates in May for DI Kanganis's continued deposition. Defendants responded that the dates did not work for them. The undersigned then asked if Defendants could offer two dates the weeks of May 15 and May 22. On May 8, Defendants responded that there are "quite a few 30(b)(6) and high-ranking depositions scheduled for the last two weeks of May," and that Defendants required additional information regarding the subtopics Plaintiffs planned to cover on the second deposition date before they could prepare the witness. While Plaintiffs pointed Defendants to the deposition transcript from DI Kanganis' first deposition that set forth precise questions Plaintiffs would likely ask once again, nonetheless on May 9 Plaintiffs sent a list of subtopics and reiterated the position that there was no reason to delay scheduling DI Kanganis' deposition. Defendants never responded to that email.

On May 11, Plaintiffs sent another email to Defendants proposing dates for six depositions that Defendants had still neglected to schedule, including DI Kanganis—offering three dates in May and June—and requested a response by May 15. Defendants responded stating in relevant part that "We are working with NYPD to obtain new dates for the continued deposition pertaining to Topics 20 and 21." After further follow-up, Defendants finally agreed to a meet-and-confer to discuss all remaining unscheduled depositions, which took place on May 18.[2] During the meet-and-confer, Defendants for the first time disclosed that they were likely to designate another witness for a portion of Topics 20 and 21 in addition to DI Kanganis, though declined to answer any questions about which portion of the topics or whom they would designate. Defendants provided no dates of availability for either Kanganis or the undisclosed replacement witness. Plaintiffs gave Defendants additional time, to May 19, to provide that information.

On May 19, Defendants sent another email stating that DI Kanganis' continued deposition could not be scheduled prior to June 16 "due to the witness's work commitments prior to that date," but made no mention of a second witness for Topics 20 and 21. Yet again, Plaintiffs attempted to find a solution, requesting a response by response by Friday, May 26 at 5pm regarding proposed dates 6/5, 6/6, any day the week of 6/12, 6/20, 6/21, 6/23 or 6/28 and asked again for the identity of and subtopics for the Topic 20/21 witnesses.[3] Defendants

---

[2] Present at the meet-and-confer were Amy Robinson and Peter Scutero for Defendants; Gina Bull, Lillian Marquez, and Lois Saldaña for the *People;* Molly Biklen, Bobby Hodgson, JP Perry, and Margaret Hadley for the *Payne* Plaintiffs*;* and Tahanie Aboushi for the *Rolon* Plaintiffs. The meeting lasted approximately 50 minutes.

[3] In the spirit of cooperation, Plaintiffs also withdrew notices of two depositions that had been scheduled in early June and acquiesced to Defendants' requests to schedule three other witnesses during the last two weeks of June.

responded on May 25 saying that DI Kanganis "is not available until July due to a planned vacation," proposing July 11 or 12. As to the second undisclosed witness, they explained that "NYPD is still going through proper channels to identify and designate" a witness to testify about "the DOI tracker and related implementation questions." Plaintiffs responded that we could not agree to the proposed dates because they were too close to the discovery deadline of July 14. We again gave Defendants until the end of the week to provide more information on the second witness' identity and availability but received no response.

II. **Defendants Should be Ordered to Schedule the Depositions for Topics 20 and 21**

While Plaintiffs have made every effort to accommodate Defendants' counsel and witness' schedules, continued delay in scheduling these depositions will seriously prejudice our ability to complete fact discovery and our expert liability report by the Court's deadlines of July 14 and August 4. Defendants' belated revelation that they would designate a new witness for part of Topic 20 is particularly important because it covers the steps that the City of New York has taken to implement the recommendations of the Department of Investigations Report to present, information that Plaintiffs would have preferred to be able to use in other high-level depositions but certainly need to provide our expert with enough time to review for inclusion in his report. Accordingly, we respectfully request a discovery conference as soon as practicable concerning a request to compel Defendants to schedule the depositions for Topic 20 and 21 on a date before June 16.

        Respectfully Submitted,

        */s/ Gina Bull*
        Gina Bull, Assistant Attorney General
        Executive Division
        Office of the New York State Attorney General
        Tel: (646) 574-2180
        Gina.Bull@ag.ny.gov

CC: All counsel of record

The City shall file a response to this letter by 2pm tomorrow. The City's response shall include a chart providing every date of purported unavailability for DI Kanganis between June 6, 2023, and June 30, 2023, and the specific reason for such purported unavailability. The Court notes that there should be no assumption by the parties that depositions will occur after June 16, 2023 (let alone after June 30, 2023), and that the Court may require witnesses to appear regardless of purported unavailability. In the case of a Rule 30(b0(6) witness or topics, the Court may set a deposition date without regard to the availability of a particular witness on the ground the even if the City's preferred witness is unavailable, the City should be required to educate another individual.

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge
May 30, 2023