

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | Peter Scutero<br>Senior Counsel<br>pscutero@law.nyc.gov<br>Phone:  (212) 356-2410 |

June 2, 2023

**By ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> In Re:  *New York City Policing During Summer 2020 Demonstrations*,
> No. 20 Civ. 8924 (CM) (GWG)
> This filing is related to all cases

Your Honor:

  I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and one of the attorneys assigned to the above-referenced matter.  In furtherance of defendants' Motion for a Protective Order dated February 2, 2023 (Dkt. No. 841), defendants respectfully submit this letter in support of their motion to preclude the deposition of former NYPD Sergeant Stuart Wohl and in reply to plaintiffs' letter dated May 26, 2023 (Dkt. No. 1019).

  Defendants' motion should be granted because permitting plaintiffs to depose Sgt. Wohl about his involvement in trainings related to policing mass protests and large crowds would be unreasonably duplicative of Captain David Miller's and Sgt. Jason Saturnin's testimony.

  Captain Miller provided one day of Rule 30(b)(6) testimony about the training of the Strategic Response Group ("SRG") in policing large crowds and demonstrations, including, but not limited to, training on various bicycle formations, use of flexcuffs, de-escalation tactics, use of force, and other tactics and equipment used by SRG.  Captain Miller also testified that he was assigned as the SRG Training Coordinator in February of 2016—less than one year from the creation of SRG in May of 2015—and became Commanding Officer of SRG in February 2018, a position that he currently holds.  In connection with his work with SRG, Miller testified that he modified SRG training in 2016 upon recommendations provided by FEMA's Center for Domestic Preparedness (CDP).  He also testified to directing changes to SRG training in 2018 based on procedures adopted by the City of Seattle.  Essentially, Miller has been responsible for the training of SRG, including in policing large crowds and demonstrations, since 2016.

Captain Miller also provided 30(b)(1) testimony on these topics, as well as similar topics relating to the training of SRG, at a subsequent deposition that lasted one day. For example, Captain Miller testified about the Disorder Control Unit's (a unit within SRG) training on the use of the MK9 (OC Spray or pepper spray) when plaintiffs inquired about certain emails that were used as exhibits at the deposition. Miller also described the scenario based training on the policing of large crowds and demonstrations that is provided to officers at the Police Academy. He also testified about the training of NYPD's executives as to these matters.

Additionally, Sgt. Saturnin provided a day and a half of Rules 30(b)(6) and 30(b)(1) testimony regarding the training provided to police officers. His deposition included testimony relating to the Constitutional Policing at Community Events ("CPACE"), a training program developed during the 2020 protests and provided to officers at the Academy in two days of instruction. Saturnin testified that he along with members of his unit developed CPACE and testified that Wohl was not involved in designing nor developing the program.[1] He also could not identify Wohl nor confirm Wohl's involvement in the delivery of instruction of CPACE when asked by plaintiffs. Sgt. Saturnin did testify about how other training that police officers receive at the Academy can be applied to different scenarios in the field, including those involving large crowds, mass protests, and demonstrations.

In their opposition letter dated May 26, plaintiffs asserted several factual arguments for not precluding Sgt. Wohl's deposition. These arguments are uncompelling as they rely on facts of limited significance (if any at all) as well as facts that further establish the unreasonable duplication that would occur in the event Sgt. Wohl was allowed to be deposed.

First, in their opposition, plaintiffs neglected to mention that Sgt. Wohl has not been involved in training since 2016 when they argued that Wohl trained all SRG members. *See* Dkt No. 1019 at 2. It is our understanding that Wohl was not responsible for any training curriculum for SRG since Captain Miller was assigned as Training Coordinator in 2016—including the writing, review, or development of curriculum. In fact, Captain Miller, is one of the officers who develop and provide training on the policing of large crowds, mass protests, and demonstrations to SRG, and he was already deposed for two days.

Second, in their opposition, plaintiffs also neglected to mention whether the SRG trainings Sgt. Wohl purportedly was involved in, for which they seek his testimony, actually concerned large crowds, mass protests, and demonstrations. As a specialized unit, SRG receives training in a wide range of law enforcement topics, some not relevant to protests and demonstrations. The training plaintiffs claim Sgt. Wohl was involved in, for which they seek his testimony, could have been in an unrelated area of law enforcement. It would be unreasonable for plaintiffs to depose Sgt. Wohl about topical areas of his training when Captain Miller has already testified to the training regimen SRG participates in, especially where such testimony could be unrelated and not relevant to the claims in these cases.

---

[1] Defendants have not been provided with a copy of Sgt. Saturnin's deposition transcript, but this is our best recollection of his testimony.

Plaintiffs further rely upon the unremarkable fact that Sgt. Wohl "currently teaches a variety of classes related to civil disorder and policing protests." *Id*. This argument fails to mention who attends these classes, where they are taught, or what exactly is taught in the classes. Rather, plaintiffs only make a vague reference to the classes relating to civil disorder and the policing of protests. It is our understanding that these classes, to the extent they exist, are neither provided, offered by, nor affiliated with NYPD.

In any event, former Sgt. Wohl's purported courses do not dispel the fact that both Captain Miller and Sgt. Saturnin already provided testimony as to the training police officers receive when it comes to civil disorder and policing protests. Indeed, two weeks ago, Captain Miller testified to the specialized training of SRG officers, which included responses to civil disorder and tactics for policing protests, as well as refresher courses for executive officers and retraining of patrol officers. Earlier this week, Sgt. Saturnin testified to the content of several chapters of the Police Student Guide that directly cover civil disorder and information for officers to use when policing mass protests. Plaintiffs questioned Sgt. Saturnin on the chapters contained in the Police Student Guide entitled Civil Disorder Offenses, Maintaining Public Order, Use of Force, and Custodial Offenses as well as about the two-day specialized CPACE training program.

Without providing support or examples, plaintiffs also argue that Sgt. Wohl "has uniquely broad and relevant knowledge of NYPD's trainings and tactics relevant to situations involving large crowds, and how that training has evolved over time" *as it relates to SRG*. *Id*. However, to argue that Sgt. Wohl has uniquely broad knowledge is a stretch; the argument is belied by the fact Captain Miller testified to the specialized training SRG receives, his direct involvement in that training dating back to a year from SRG's inception, and the changes to SRG that he spearheaded since 2016. Although SRG's training is highly specialized, knowledge of that training and how it has evolved over time is not unique to one particular person, except perhaps Captain Miller.

Even if Sgt. Wohl were capable of providing relevant testimony (this point is arguable), it does not change the fact that his deposition would be unreasonably cumulative and unduly burdensome to defendants. Indeed, plaintiffs offer nothing concrete in support of their argument that Wohl could testify about how SRG training evolved over time, or why that information could not have come from Captain Miller, as well as any examples of "specific, personal knowledge of relevant facts" that would make his testimony "critical" to plaintiffs' *Monell* claims. *Id*. A simple explanation for plaintiffs' omission is that Sgt. Wohl would offer nothing critical to plaintiffs' claims that could not have been obtained through the depositions of Captain Miller and Sgt. Saturnin.

Accordingly, defendants respectfully request that the Court grant defendants' motion to preclude the deposition of Sergeant Stuart Wohl.

Thank you for your time and consideration of this matter.

Respectfully submitted,

*Peter Scutero*      /s
Peter Scutero
*Senior Counsel*
Special Federal Litigation Division

cc:   ALL COUNSEL (via ECF)

4