

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE  
CIVIL RIGHTS BUREAU

June 5, 2023

**BY ECF**

Honorable Gabriel W. Gorenstein  
United States Magistrate Judge  
United Stated District Court, Southern District of New York  
Daniel Patrick Moynihan Courthouse, 500 Pearl Street  
New York, New York 10007

      Re:    *In re: New York City Policing During Summer 2020 Demonstrations,*  
            *No. 20-CV-8924 (CM) (GWG)*  
            *This Letter Relates to All Cases*

Dear Judge Gorenstein:

      We write on behalf of the non-stayed Plaintiffs in these consolidated cases in reply to Defendants' supplemental letter in support of their renewed motion for a protective order as to the depositions of Professor Ernest Hart and Oleg Chernyavsky. ECF Nos. 841 (Mot.), 1011 (Defs.' Ltr.). In vague terms, Defendants' letter focuses on what *could* have been covered by past or future depositions but does not address the testimony from Legal Bureau attorneys Rice and Gallagher that they played no role in, and had no knowledge of, the actual drafting of, or creation of the content of, the directives that the Legal Bureau crafted and were distributed to members of the service with respect to enforcement of laws. That is insufficient basis to quash the notices of Professor Hart and Mr. Chernyavsky's depositions.

      Defendants do not dispute that the depositions of Sgt. Rice and Lt. Gallagher[1] have not answered the factual inquiries that will be the focus of the Hart and Chernyavsky depositions. Defs.' Ltr. at 2. Rather, they complain that Plaintiffs *could have* covered those topics "[t]o a large extent" with these witnesses instead of focusing on their personal involvement in arrests at the Protests—the latter being the reason they were called as witnesses. Defendants do not bother further explaining which specific topics Sgt. Rice or Lt. Gallagher could have answered, and do not address, as Plaintiffs have, ECF No. 1012, Sgt. Rice's affirmatively-stated *lack* of knowledge as to higher-level decisions in the Legal Bureau, including those pertaining to the curfew orders. And as Defendants concede, Defs.' Ltr. at 2, Plaintiffs are entitled to focus their limited deposition time on what they deem most relevant. These two deponents were involved in various arrests

---

[1] Defendants' letter is the first time they raise the depositions of Lt. Gallagher or John Conroy as being a basis for precluding testimony from Professor Hart and Mr. Chernyavsky.

Honorable Gabriel W. Gorenstein
Page 2

during the 2020 summer protests, including specific arrests and arrest decisions that were caught on videotape. Plaintiffs focused on the facts of these arrests, reviews of these videos and also on the information that the line-level Legal Bureau attorneys knew, *i.e.* how they publicly directed members of service to arrest individual protesters for, and have reserved for Professor Hart and Mr. Chernyavsky the questions Lt. Gallagher and Sgt. Rice could not answer regarding high-level conversations and decision-making in the Legal Bureau. Time and again during these two depositions, these individuals admitted that they lacked sufficient knowledge to answer questions. Plaintiffs verily believe that the individuals with the requisite knowledge to answer these questions are Professor Hart and Mr. Chernyavsky.

Just as those line-level officers' depositions cannot replace Hart and Chernyavsky's, Plaintiffs have outstanding questions about Professor Hart's involvement that were not answered during the the 30(b)(6) deposition of James Conroy, which just took place on June 1.[2] Defendants designated James Conroy as the 30(b)(6) deponent covering 24 subtopics, including Topic 14 which covers the Legal Bureau. *See* Ex. A and B. While Mr. Conroy was able to answer questions about the role of the Legal Bureau as a general matter, he could not answer questions about what knowledge and involvement Professor Hart had in decision-making during the Protests. For example, Mr. Conroy testified that he did not know what Hart's understanding was or what conversations took place between the Mayor's Office and the NYPD regarding the Executive Orders establishing the curfews, though he was aware of emails that suggested Professor Hart had been in contact with the Mayor's Office about their representation that people performing legal, jail and medical support were considered exempt from the curfew. Conroy also testified that he did not know whether the NYPD had any policy for enforcement of the curfew because he was not privy to those conversations, even though he was designated to testify on exactly that subject (Topic 8(o)). *See* Ex. A and B.

Finally, Defendants rest on the specter that privileged matters may be covered by the topics Plaintiffs have identified for the challenged depositions. As Plaintiffs have explained, ECF No. 1012, privilege has already been waived regarding critical decisions around the curfew orders. In any event, Defendants can object and direct the witness not to answer questions that would reveal privileged communications. Until then, Defendants have failed to show that the depositions would cover purely privileged matters and thus merit a protective order.

Accordingly, Professor Hart and Mr. Chernyavsky's depositions should not be precluded.

Respectfully submitted,

*s/ Lillian M. Marquez*
Lillian Marquez, Assistant Attorney General
Civil Rights Bureau
Office of the New York State Attorney General
Tel: 212-416-6401
Lillian.Marquez@ag.ny.gov

CC: All counsel of record

---

[2] Because the deposition just took place, Plaintiffs have not yet received a copy of the transcript.