

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | **AMY ROBINSON**<br>*Senior Counsel*<br>arobinso@law.nyc.gov<br>Phone:  (212) 356-3518<br>Fax:  (212) 356-1148 |

**By ECF**                                                                                                                June 5, 2023

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

       In Re:  *New York City Policing During Summer 2020 Demonstrations*,
                No. 20 Civ. 8924 (CM) (GWG)
                This filing is related to all cases

Your Honor:

       I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter.  Pursuant to the Court's ruling during the Court Conference held on March 6, 2023 (Trans. pp 64-66) and the Court's May 2, 2023, Order (Dkt. No. 977), Defendants further move to preclude the depositions of former Mayor Bill de Blasio and former Police Commissioner Dermot Shea.  As the Court may recall, Defendants moved to preclude these depositions by letter to the Court dated February 8, 2023 (Dkt. No. 841).  Plaintiffs filed an opposition dated February 15, 2023 (Dkt. No. 855) Defendants filed a reply dated February 22, 2023 (Dkt. No. 872).

       On March 6, 2023, the Court ordered the parties to submit supplemental arguments pertaining to Defendants' motion to preclude the depositions of high-ranking ranking officials, former Mayor de Blasio and former Commissioner Shea.  (*See* March 6 Tr. at 64:04-65:04).  The Court deferred ruling on Defendants' previous motion to give the Plaintiffs time to conduct other depositions that would have bearing on their claimed-need to depose former Mayor de Blasio and former Commissioner Shea.  Many of those depositions—including personnel from the former Mayor's Office—have already occurred, and one additional deposition is scheduled for later this week.  Defendants believe that Plaintiffs have had ample opportunity to educe any relevant evidence that they might seek from the former mayor and former police commissioner, and that there is no need to permit the depositions of those former high-ranking officials.

       The legal standard applicable to high-ranking depositions is well-established and not in dispute.  See generally ECF No. 841 at 4–5 (quoting Marisol A. v. Giuliani, No. 95 Civ. 10533 (RJW), 1998 U.S. Dist. LEXIS 3719 (S.D.N.Y.)); see also ECF No. 855 at 4–5 (agreeing that such depositions "are given special scrutiny").  "As a general proposition, high-ranking government

officials [such as the former mayor and former commissioner] are not subject to depositions." Marisol A., 1998 U.S. Dist. LEXIS, at *7.  Plaintiffs have failed to overcome their burden to show the necessity of these depositions.

With respect to former Mayor Bill de Blasio, Plaintiffs have taken the depositions of two senior officials from the former Mayor's Office: former First Deputy Mayor Edward Fuleihan and former Commissioner of the Mayor's Community Affairs Unit (CAU) Marco Carrion.  Each of these individuals reported directly to Mayor de Blasio, and each was intimately involved in the City's response to the Summer 2020 Demonstrations.  In fact, former First Deputy Fuleihan was designated to testify under Fed. R. Civ. P. 30(b)(6) on:

> The policies, procedures, and practices followed by the Mayor, the Mayor's Office, and the New York City Department of Investigation for overseeing, reviewing, and/or monitoring the NYPD's policing of demonstrations or protests, including, but not limited to, the Summer 2020 Protests, and the enforcement of the Curfew Orders at the Summer 2020 Protests.

Plaintiffs' Consolidated 30(b)(6) Deposition Notice, Topic 7.  In addition, former Commissioner Carrion explained that the Mayor's Community Affairs Unit, which he directed, was the principal means by which Mayor de Blasio was kept informed on issues relating to the Summer 2020 Demonstrations.  Thus, there is absolutely no reason to believe that former Mayor de Blasio has any unique knowledge that was not available to the Plaintiffs through the depositions of Fuleihan and Carrion.

Plaintiffs also cannot demonstrate any reason to depose former Police Commissioner Dermot Shea.  In addition to the numerous depositions that they have already taken of senior members of NYPD at the time of the protests, including extensive testimony under Rule 30(b)(6), Plaintiffs are scheduled to depose former Chief of Department—the highest-ranking uniformed member of service—Terrance Monahan later this week for a period of two days.  It is fully expected that any possible information that has not already been gleaned in the depositions already taken will be filled in by Chief Monahan.  Defendants fully expect to be able to inform the Court that this was the case when they file their supplemental reply on this matter.

Thank you for Your Honor's consideration herein.

Respectfully submitted,

*Amy Robinson s/*

Amy Robinson
*Senior Counsel*

cc:     ALL COUNSEL (*via* ECF)