

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

June 6, 2023

**VIA ECF**

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

MEMORANDUM ENDORSED

> *Re:   In re: New York City Policing During Summer 2020 Demonstrations,*
> *No. 20-CV-8924*
> *This Filing is Related to All Non-Stayed Cases*

Dear Judge Gorenstein:

We write on behalf of all Plaintiffs in the non-stayed consolidated cases to respectfully request a discovery conference or, in lieu thereof, an order compelling Defendants to re-produce Chief Jeffrey Maddrey and pay associated costs due to Defendants' improper directions to the witness not to answer a series of questions regarding the Chief's disciplinary history or, in the alternative, to produce the closed disciplinary records at issue and answer relevant interrogatories under oath, by June 23.

I.    **Defendants' Counsel Prevented Chief Maddrey from Providing Relevant, Non-Privileged Testimony.**

Chief Jeffrey Maddrey was deposed for approximately 5.5 hours as a fact witness on May 26, 2023. Within the first hour of the examination, the undersigned began questioning the witness about a closed NYPD investigation into allegations that Chief Maddrey, *inter alia*, wrongfully engaged in a physical altercation with another member of service and impeded an NYPD investigation by lying under oath. Before the witness could respond, Defendants' counsel, Joseph Hiraoka, requested that the questions be suspended and recontinued in the afternoon when Chief Maddrey's personal attorney, Lambros Lambrou, could attend the remotely-conducted deposition, noting that he would "not allow [the witness] to answer questions while his attorney is not present." Ex. A (Maddrey Dep. Tr.) at 10:25–12:13, 16:14–20. The undersigned corrected counsel that the investigation had closed with a plea deal, a fact that the witness confirmed. *Id.* at 12:15–12:21. Although Defendants had not previously raised any concern about ensuring the presence of Chief Maddrey's personal attorney, the undersigned

Hon. Gabriel W. Gorenstein
June 6, 2023
Page 2

agreed as a courtesy to hold off on questioning Chief Maddrey about his disciplinary history until after 2:30 PM, when Mr. Hiraoka represented Mr. Lambrou could join the deposition. *Id.* at 12:19–13:15.

However, Mr. Lambrou did not join the deposition at that time, and it was only when the undersigned reached the subject of disciplinary history—at around 4:30 PM, that Mr. Hiraoka informed counsel that Mr. Lambrou would not attend the deposition because he had closed his office early due to the upcoming Memorial Day weekend. *Id.* at 236:23–238:7. Mr. Hiraoka confirmed that he knew that Mr. Lambrou would not be attending as of 45 minutes earlier but had not then informed counsel. *Id.* at 242:14–18.

In a colloquy off the record, the undersigned objected to the witness not answering questions due to anything but privilege or a court order and asked Mr. Hiraoka to confirm whether Defendants would produce the witness again at their expense to answer those questions. Upon reconvening thirty minutes later, Mr. Hiraoka stated:

> Given the fact that Chief Maddrey does have an open CCRB case and he does have an open civil lawsuit related to a closed IAB investigation. Since his Counsel is not here for those two cases, I will not allow him to answer any questions regarding the open CCRB case and closed IAB lawsuit. With respect to the IAB lawsuit, like I said I have no problem with you asking general things, like the general allegations and the outcome and any penalty, but because his private attorney is not here, I will not allow him to answer questions regarding the underlying facts until his personal attorney is here.

*Id.* at 238:7–238:24. Although the City agreed to produce Chief Maddrey again, on an unspecified date because they did not have Mr. Lambrou's availability, Defendants refused to pay for the costs associated with bringing back a court reporter. *Id.* at 238:24–239:6. The undersigned objected to Defendants' stated intention to block questioning based on Mr. Lambrou's willful failure to appear at the deposition and Defendants' withholding of said information until past business hours when the Court could be contacted. *Id.* at 239:7–240:14.

To make clear what questions Defendants objected to, Plaintiff's counsel continued her questioning regarding the open and closed NYPD investigations of Chief Maddrey's alleged misconduct and noted that she would seek a Court ruling where counsel refused to allow the witness to answer. *See id.* at 262:9–284:3. Mr. Hiraoka directed Chief Maddrey not to answer factual, non-privileged questions regarding the second member of service involved in his closed disciplinary case, including: "And did Ms. Foster actually brandish a weapon?; *id.* at 264:10–13; "Was Tabatha Foster ever subject to investigation with respect to that same investigation?," *id.* at 267:24–268:5; and "Is Tabatha Foster currently a member of service?," *id.* at 268:12–15. Mr. Hiraoka allowed Chief Maddrey to explain that he had already been deposed in the civil litigation by Ms. Foster for defamation and assault, which was awaiting a ruling on summary judgment, but prevented him from answering any questions regarding an open investigation into allegations that he abused his authority by voiding an arrest of a retired NYPD officer. *See id.* at 273:15–281:6.

Hon. Gabriel W. Gorenstein
June 6, 2023
Page 3

Three days later, on Tuesday, May 30, Mr. Hiraoka requested dates the undersigned was available to depose Chief Maddrey "about his open cases with his private counsel present." The undersigned asked Mr. Hiraoka to clarify whether the City had changed its position of paying for the reporter fees associated with the Chief's re-production. When Mr. Hiraoka did not respond by the next day, the undersigned offered "in the alternative to recalling the Chief, Plaintiffs are willing to instead accept (1) production of the full IAB/DAO file for the charges and plea arising from the incident involving Ms. Tabatha Foster that was discussed on the record by June 16; and (2) Chief Maddrey answering the questions posed but which counsel directed him not to answer by answering them as written interrogatories under oath and submitting those sworn answers to Plaintiffs by June 23." Plaintiffs requested a response by Thursday, June 1 at noon as to whether the City would accept this alternative or produce Chief Maddrey at their expense or the parties would be at an impasse.

The next day, Mr. Hiraoka asked for more time to confer with Mr. Lambrou and Plaintiffs granted an extension to 6 pm on Thursday, noting that this issue needed to raised soon in order to resolve it with the Court and schedule the deposition prior to the 16th (amidst an already full deposition schedule). At 5:49 PM on June 1, Mr. Hiraoka stated that he still was considering the options Plaintiffs presented without saying whether he had been able to contact Mr. Lambrou in nearly a week since Chief Maddrey's deposition or had any proposed rescheduling dates.[1] As Defendants failed to accept either option, Plaintiffs considered the parties at an impasse.

## II.   Defendants Should Be Ordered to Produce Chief Maddrey at Their Expense for Improperly Interfering in His Deposition.

Defendants improperly withheld relevant, non-privileged testimony during Chief Maddrey's deposition. Federal Rule of Civil Procedure 30(c) strictly limits when counsel can direct their client not to answer. "A person may instruct a deponent not to answer *only* when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c) (emphasis added). For all other objections, the examination must proceed and "the testimony is taken subject to [those] objection." *Id.*

Here, there is no court-ordered limitation and counsel claimed no privilege. The willful absence of a private attorney at a deposition where the parties' attorneys are present is not a basis recognized by the Rules for preventing testimony. And there would be no apparent basis for an invocation of privilege as the testimony solicited but blocked including questions aimed at understanding the factual circumstances underlying the disciplinary charges Chief Maddrey pled to and was facing. The Court has repeatedly allowed questioning into both open and closed NYPD investigations of witnesses in this case where, as here, they pertain to relevant charges of dishonesty and abuse of authority. Indeed, the parties had this issue earlier in this case when counsel directed Captain Vitaliy Zelikov not to answer questions about a closed investigation

---

[1] Defendants have still not provided any proposed dates for Chief Maddrey's re-production or changed their position as to whether they would accept Plaintiffs' alternative offer to produce the investigatory files and interrogatory files.

Hon. Gabriel W. Gorenstein
June 6, 2023
Page 4

into a domestic violence incident. There, Plaintiffs were also forced to seek to compel the witness's re-production and the Court found that no privilege protected the testimony and directed the parties to consider what records could establish "what the police department knew when they meted out this discipline. Or more precisely, what they knew when they then went on to promote this individual." 8/19/21 Tr. at 41:17–20. Here, as in the case of Captain Zelikov, Chief Maddrey's testimony is relevant to establishing that the police department promoted Chief Maddrey despite knowing about his physical altercation, dishonesty, and abuse of authority, and no basis recognized in the Rules allowed counsel to preclude that testimony.

Defendants should be made to pay the costs of improperly precluding testimony, by producing Chief Maddrey at the City's expense for an hour of testimony and paying reasonable attorneys' fees associated with making this request. Rule 37 provides that where a "deponent fails to answer a question asked under Rule 30 or 31," the court may issue an order "compelling an answer" and, if granted, "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" except in limited circumstances where the conduct was substantially justified or otherwise would be unjust. Fed. R. Civ. P 37(a). Although Defendants have offered to re-produce Chief Maddrey, it should be at their expense, as provided for by the Rule, and the dates must be set soon. Plaintiffs propose that Defendants be ordered to provide dates Chief Maddrey can be recalled prior to June 21.

In the alternative, as was previously offered to Defendants, Plaintiffs request a Court order that Defendants (1) produce the full disciplinary file (both investigative and prosecution file) for the charges and plea arising from the incident involving Ms. Tabatha Foster that was discussed on the record by June 16;[2] and (2) produce sworn written responses from Chief Maddrey to the questions which counsel directed him not to answer as if they were written interrogatories by June 23.

We thank the Court for its continued attention and time to these matters.

Respectfully submitted,

*/s/ Lillian M. Marquez*
Lillian Marquez, *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street, 20th Floor
New York, NY 10005
Tel.: (212) 416-8250

*Counsel for Plaintiff People of the State of New York*

---

[2] The associated numbers for these files are unknown but may include a file with the number DADS #2017-17358.

Hon. Gabriel W. Gorenstein
June 6, 2023
Page 5

cc:     All Counsel of Record (by ECF)

It appears this issue is resolved, except for the request for Rule 37 sanctions. As to this request, the circumstances here – including the involvement of private counsel, the tangential relevance of the testimony sought, and the minimal burden to which plaintiffs were put --- would make an award of fees unjust.

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge
June 9, 2023