

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | **AMY ROBINSON**<br>*Senior Counsel*<br>arobinso@law.nyc.gov<br>Phone: (212) 356-3518<br>Fax: (212) 356-1148 |

**By ECF**  June 12, 2023

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      In Re:  *New York City Policing During Summer 2020 Demonstrations*,
              No. 20 Civ. 8924 (CM) (GWG)
              This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am among counsel for the defense in the above-referenced matter.  Defendants write in reply to Plaintiffs' latest letter concerning the depositions of former Mayor Bill de Blasio and former Commissioner Dermot Shea.  *See* ECF No. 1039.

      As an initial matter, the parties are working on an agreement which would dispense with the need to take former Commissioner Shea's deposition and to put a stipulation to that effect on the record in the next few days.  The only remaining issue in dispute for this letter, therefore, is plaintiffs' demand to depose Bill de Blasio.  As set forth below, Plaintiffs have not articulated any "exceptional circumstances" that call for that deposition, because the information they purport to seek is cumulative or irrelevant.

      Plaintiffs raise two arguments to support their demand to depose former Mayor de Blasio.  First, Plaintiffs argue that, because they are asserting a *Monell* claim, and because former Mayor Bill de Blasio was the most senior policymaker in the City, they should therefore be allowed to depose him.  (*See* ECF No. 1039 at 2–3).  Of course, this argument, standing alone, does not establish that former Mayor de Blasio had any unique, first-hand personal knowledge which can only be obtained from him regarding the policies at issue.  Plaintiffs have presented no evidence that former Mayor de Blasio *personally* dictated policy to any of his subordinates, or that those polices were directly implemented by officers on the ground.  In fact, the only "evidence" which Plaintiffs cite to purportedly in support of this argument is their own Complaints.  *See id.* at 3.  As Plaintiffs themselves concede, they have asserted "textbook *Monell* claims."  *Id.*  Given that their claims are "textbook," they do not present the sort of "exceptional circumstances" necessary to

warrant this high-ranking official deposition. *See Lederman v. N.Y.C. Dep't of Parks & Rec.*, 731 F.3d 199, 203 (2d Cir. 2013).

Second, Plaintiffs allege that a handful of terse communications between the former Mayor and various subordinates—including former Commissioner Shea—as well as various documented public statements, establish "unique" knowledge that only former Mayor de Blasio possesses. *See* ECF No. 1039 at 3–5. But, again, Plaintiffs' arguments fail to establish any "exceptional circumstances" warranting the requested deposition. Plaintiffs do not allege, much less adduce evidence, that former Mayor de Blasio was responsible for personally implementing policies regarding the response of NYPD to the violent demonstrations occurring in the streets. If anything, the communications cited by Plaintiffs demonstrate that the former Mayor's involvement was strictly through a hierarchy of command that led through former Commissioner Shea and down through the NYPD's chain of command. Because former Mayor de Blasio was not personally involved in responding to any of the protests, and any decisions or commands he issued would have been carried out by others, it is manifest that "other means" exist for Plaintiffs to obtain the information they seek.

As Plaintiffs acknowledge in their letter, the deposition of former Chief of Department Terrance Monahan occurred last week. *See* ECF No. 1039 at 1. Although the transcript of that deposition has not yet been made available to Defendants, the City contends that Chief Monahan adequately covered all topics involving the flow of information from City Hall down to the rank and file officers on the street. Plaintiffs have a second sitting with this witness on Friday, and it is expected that their examination of him will include similar areas of examination. Plaintiffs have also had the opportunity to depose former First Deputy Mayor Dean Fuleihan and former Commissioner of the Mayor's Community Affairs Unit Marco Carrion. They were senior officials in the Office of Mayor de Blasio, reported directly to the Mayor, were involved in the City's response to the Summer 2020 Protests, and they testified to policies, procedures, and practices as they related to the Summer 2020 Protests. Thus, it is incumbent on Plaintiffs to demonstrate any remaining gaps in the record and the reason why they believe that the former Mayor has "unique" knowledge regarding those topics. Without having seen either a transcript or Plaintiffs' own reply letter, Defendants cannot provide specific examples, but they contend that Plaintiffs cannot meet their burden, and the requested deposition of the former Mayor should not be permitted.

For the reasons set forth herein, in Defendants' moving application (ECF No. 841 at 4-7; ECF No. 872 at 3-4) and in the supplemental letter filed on June 5, 2023 (ECF No. 1038), Defendants respectfully submit that Plaintiffs have not overcome the burden under *Marisol A. v. Giuliani*, No. 95 Civ. 10533 (RJW), 1998 U.S. Dist. LEXIS 3719 (S.D.N.Y.) in order to be allowed to take this deposition. As such, Defendants respectfully request that former Mayor de Blasio's deposition should be precluded in its entirety. However, if the Court is inclined to allow former Mayor de Blasio's deposition, it should be limited strictly to the topics identified in Plaintiffs' letter and should last no longer than four hours.

Thank you for Your Honor's consideration herein.

Respectfully submitted,

*Amy Robinson s/*

Amy Robinson
*Senior Counsel*

cc:   ALL COUNSEL (*via* ECF)