UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations | 20 Civ. 8924 (CM)(GWG) (L) |
| This filing is related to: ALL CASES | |

**PLAINTIFFS' SECOND SET OF CONSOLIDATED REQUESTS FOR ADMISSION TO CERTAIN DEFENDANTS**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, plaintiffs in these non-stayed consolidated actions[1] ("Plaintiffs") request that defendants the City of New York, Bill de Blasio, Terence Monahan, and Dermot F. Shea (together, "Defendants") answer the following requests for admissions ("Requests") under oath and fully in writing within thirty (30) days of service hereof, or such shorter time as the Court orders or the parties stipulate.

**DEFINITIONS**

1. "Arrest" means an Officer's seizure, detention, or arrest of a person, including but not limited to for the purpose of issuing them a C-Summons ("summons") or Desk Appearance Ticket ("DAT") or fully processing them for arraignment.

---

[1] These include consolidated actions *Payne, et al, v. Mayor Bill De Blasio*, No. 20 Civ. 8924; *People of the State of New York v City of New York*, No. 21 Civ. 322; *Gray v. City of New York*, 21 Civ. 6610; *Rolon v. City of New York*, 21 Civ. 2548.  Plaintiffs in these consolidated actions hereby serve their Second Set of Requests for Admissions (RFAs) to Defendants in the consolidated actions without prejudice to plaintiffs in any given action supplementing these consolidated RFAs with additional case-specific RFAs. The requests are sequentially numbered, following the 286 RFAs in the First Set.

2. "City" and "NYPD" are to be construed to include each other, such that a request for the names of certain New York City Police Department ("NYPD") employees, *e.g.*, should be construed to include employees of any agency of the City of New York.

3. "Complaints" means the Complaint, or any superseding amended Complaint, filed in each of these consolidated actions: *Payne, et al, v. Mayor Bill De Blasio*, No. 20 Civ. 8924; *People of the State of New York v. City of New York*, No. 21 Civ. 322; *Gray v. City of New York*, 21 Civ. 6610; and *Rolon v. City of New York*, 21 Civ. 2548 (together, the "Actions").

4. "Date" means the exact day and time, month, and year if ascertainable, or if not, the best approximation (including relationship to other events).

5. "Defendants," "You," and "Yours" shall mean the defendants answering these requests for admission.

6. "Officer" means a member of service of the NYPD, regardless of rank, including but not limited to any and all officers, detectives, sergeants, lieutenants, captains, chiefs, and/or deputy commissioners.

7. "Person" means any natural person, association, business, group, organization, legal entity, government entity, or other entity.

8. "Protests" means any and all protests, demonstrations, or gatherings on the dates and at the Protest Locations identified on the attached Amended Schedule A and/or referenced in any of the Complaints.

## INSTRUCTIONS

1. The answers to these requests for admissions shall specifically admit or deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

2. A denial shall fairly respond to the substance of the requested admission.

3. When good faith requires that a party qualify an answer or deny only a part of the matter to which an admission is requested, the party shall specify the portion that is true and qualify or deny the remainder. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only* if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

4. The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial, nor may they object upon bases overruled by the Court on January 12, 2023, ECF No. 811.

5. Identify each Person who assisted or participated in preparing and/or supplying any of the information given in a response to or relied upon in preparing the answers to these requests for admissions.

6. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The word "including" shall be construed to mean without limitation. The words "any" and "all" shall be construed so as to make the request inclusive rather than exclusive.

7. The singular shall include the plural, and vice versa.

8. Defendants are under a continuing duty to supplement their responses to these discovery requests without further request from Plaintiffs.

9. All Requests are directed to the Defendants.

### REQUESTS FOR ADMISSION TO THE CITY OF NEW YORK, BILL DE BLASIO, TERENCE MONAHAN, AND DERMOT F. SHEA

286. Admit that on May 31, 2020, Police Commissioner Dermot F. Shea stated, "To the members of the NYPD: What you've endured these last couple of days and nights—like

much of 2020, so far was unprecedented. In no small way, I want you to know that I'm extremely proud of the way you've comported yourselves in the face of such persistent danger, disrespect, and denigration."
      a. *See* https://www.wtkr.com/news/national/watch-new-york-officer-pulls-mask-off-man-pepper-sprays-him-in-the-face (citing https://twitter.com/NYPDPC/status/1267074838436425729)

287.    Admit that Police Commissioner Dermot F. Shea stated at a June 4, 2020 press conference, "You look at the anti-police rhetoric, it disgusts me to my core."

288.    Admit that Mayor de Blasio stated at a press conference on June 5, 2020, that he "had observers from City Hall" present at the rally in Mott Haven on June 4, 2020.

289.    Admit that at a press conference on June 5, 2020, Mayor de Blasio stated regarding the Mott Haven operation: "This is something the NYPD saw coming."

290.    Admit that, at a June 5, 2020, press conference with Mayor de Blasio, Police Commissioner Dermot F. Shea acknowledged that protesters at the Protests to date "overwhelmingly [] are good people coming out to voice their opinion."
      a. *See* DEF_000174347.

291.    Admit that Police Commissioner Dermot F. Shea stated at the same June 5, 2020 press conference, that the NYPD "had a plan which was executed nearly flawlessly" at Mott Have on June 4, 2020.
      a. *See* DEF_000174347.

292.    Admit that, during a July 20, 2020 interview on Spectrum News New York 1, in a response to a question from Annika Pergament about whether disorder control training for the entire NYPD would be reinstituted, Police Commissioner Dermot F. Shea stated: "Yeah, already underway, Annika. We're, we're . . . I've directed a complete review of, uh, you know, everything that we saw, really. From training, from equipment, to how we move resources around, to what the other side does, quite frankly, too, and the training of the protesters, because there's protesters and then there are people out to do harm, and that are looking to sabotage the right to protest. And anarchists. So, looking at that entire body of work of what can we do differently. The short answer to your question is, Yeah. We absolutely can do better and look in the mirror, as well. Reinstitute some training and that's already underway."
      a. *See* Video starting at 4:55, at https://www.ny1.com/nyc/all-boroughs/mornings-on-1/2020/07/20/top-cop--nypd-disorder-control-training-being-reinstated-amid-protests.

293.    Admit that during a June 7, 2020, news conference, Mayor de Blasio was asked: "Did you approve the tactics that we saw the NYPD using, starting on June 3rd and June 4th? That's the use of batons, more sort of pushing of protests, that sort of thing? Did you approve those?" and Mayor de Blasio answered that "I approve the broad strategies and sometimes very specific choices."

294.     Admit that during a June 7, 2020, news conference, Mayor de Blasio stated, "I constantly talk to Commissioner about everything I see in those videos."

295.     Admit that at a June 22, 2020 hearing before the New York State Attorney General, Dermot F. Shea stated, "Most importantly, what I want the men and women of the NYPD to hear from me is that I am thankful for their service during this challenging time and I am proud of their performance and policing these protests, ending the riots and upholding the rule of law."
   a.   *See* DEF_000229579 and OAG-0000795 at 11:25-11:40.

296.     Admit that, in a video message released on December 18, 2020 and posted on YouTube, Mayor de Blasio spoke regarding the New York City Department of Investigation's December 2020 report on the Protests, stating, "I read this report and I agree with it. I agree with its analysis and I agree with its recommendations. Because it makes very clear that we gotta do something different and we gotta do something better."
   a.   *See* NYAG-G-00001358, time stamp starting at 0:15.

297.     Admit that, in a December 18, 2020 video statement regarding the Protests, Mayor de Blasio "there were things that happened that were not about whether someone made the individual mistake, there were choices made, strategic choices, that weren't good choices it turns out; that end up causing problems. And we have to come to grips with that. We have to train our police force differently."
   a.   *See* NYAG-G-00001358, starting at 3:45.

298.     Admit that Defendant Monahan stated on May 29, 2020, that the "vast majority of people are out there to express their views," referring to individuals attending the Protests that had occurred to date.
   a.   *See* NYAG-G-00001359, starting at 3:29.

Dated: May 22, 2023

*/s/ Lillian Marquez*
Travis England, *Acting Bureau Chief*
Lillian Marquez, *Assistant Attorney General*
Swati Prakash, *Assistant Attorney General*
Lois Saldana, *Assistant Attorney General*
Nancy Trasande, *Assistant Attorney General*
Gregory Morril, *Assistant Attorney General*
Colleen Faherty *Assistant Attorney General*
Gina Bull, *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street, 20th Floor
New York, NY 10005
Phone: (212) 416-6401
Lillian.Marquez@ag.ny.gov

*Counsel for Plaintiff in People of the State of New York v. City of New York et al, No. 21 Civ. 322*

/s/ Molly K. Biklen
Molly K. Biklen
Jessica Perry
Daniel R. Lambright
Lisa Laplace
Christopher T. Dunn
NEW YORK CIVIL LIBERTIES UNION
  FOUNDATION
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
mbiklen@nyclu.org
jperry@nyclu.org
dlambright@nyclu.org
llaplace@nyclu.org
cdunn@nyclu.org

/s/ Corey Stoughton
Corey Stoughton
Jennvine Wong
Rigodis Appling
Paula Garcia-Salazar
THE LEGAL AID SOCIETY
199 Water Street
New York, NY 10038
(212) 577-3367
cstoughton@legal-aid.org
jwong@legal-aid.org
rtappling@legal-aid.org

*Co-Counsel for Plaintiffs in Payne v. de Blasio, 20 Civ. 8924*


DAVIS WRIGHT TREMAINE LLP

By: /s/ Robert D. Balin
    Robert D. Balin
    Abigail B. Everdell
    Kathleen Farley
    Nimra Azmi
1251 Avenue of the Americas, 21st Floor
New York, NY  10020
Phone: (212) 489-8230

Fax: (212) 489-8340
robbalin@dwt.com

Mickey H. Osterreicher
General Counsel
National Press Photographers Association
70 Niagara Street
Buffalo, NY 14202
Phone: (716) 983-7800
lawyer@nppa.org

Alicia Calzada (*pro hac vice*)
ALICIA WAGNER CALZADA, PLLC
Deputy General Counsel
National Press Photographers Association
12023 Radium , Suite B1
San Antonio, TX 78216
Phone: 210-825-1449
Alicia@calzadalegal.com

Wylie Stecklow
WYLIE STECKLOW PLLC
Carnegie Hill Tower
152 W. 57th Street, 8th FLoor
NY NY10019
(t) 212 566 8000
ecf@WylieLAW.com
 *Attorneys for the Gray Plaintiffs*

The Aboushi Law Firm PLLC

*[signature]*

Tahanie A. Aboushi, Esq.
Aymen A. Aboushi, Esq.
The Aboushi Law Firm
1441 Broadway, 5th Floor
New York, NY 10018
Tel: (212) 391-8500
Fax: (212) 391-8508
Aymen@Aboushi.com
Tahanie@Aboushi.com

*Counsel for Plaintiffs in Rolon, et al v. City of New York, et al, No. 21-cv-2548*