

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

June 21, 2023

**By Electronic Filing**

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

   Re: *In re: New York City Policing During Summer 2020 Demonstrations,*
     *No. 20-CV-8924*
     This Letter is Related to All Cases

Dear Judge Gorenstein:

  I am counsel for the People of the State of New York and write on behalf of the non-stayed plaintiffs in these consolidated actions to respectfully request that the Court schedule a conference under Local Rule 37.2 regarding Plaintiffs' intention to seek an order compelling Defendants to identify and produce 30(b)(6) witnesses to testify regarding Defendants' efforts and capabilities to preserve protest video footage.[1] When Defendants previously refused to comply with a Rule 30(b)(6) notice for witnesses who could speak to Defendants' preservation efforts, Plaintiffs sought intervention by the Court, which ordered Defendants to produce certain information and the parties to confer regarding preservation-related questions about video footage collected by the NYPD. ECF No. 823. The parties exchanged that information and agreed to conduct Rule 31 depositions, but Defendants—less than one month from the end of discovery—now refuse to honor that agreement. Defendants should be compelled to comply with the issued Rule 31 notices.

## BACKGROUND

  The extensive background regarding Plaintiffs' efforts to obtain video footage from cameras operated by the NYPD—including Argus and Aviation (or helicopter-mounted) cameras—are detailed in numerous filings. *See, e.g.*, ECF No. 773 (2022 Letter). As explained in those filings, Plaintiffs learned in discovery that Defendants had issued orders to preserve certain video footage, including "all video from selected [Argus] cameras from May 28, 2020, until June 8, 2020," but otherwise allowed the remainder to be overwritten, including footage capturing

---

[1] Given the complexity and extensive factual background of this motion, Plaintiffs ask the Court to excuse this overlong letter.

protests that occurred in the period between June 9 and February 12, 2021. ECF No. 773-1 ¶¶ 5, 7, 8 ("Bridget Fitzpatrick Decl."). Defendants refused to disclose which cameras were "selected" for preservation or to address Plaintiffs' queries at meet-and-confers as to why Defendants did not preserve additional video in compliance with preservation requests the City of New York received from private attorneys. *See* 2022 Letter. Those preservation requests notified the City that, *inter alia*, "Audio and video related to the protests must be preserved," including "NYPD Argus cameras; Body Worn Cameras; dashboard or other cameras attached to police vehicles; [and] surveillance footage collected from any other source." ECF No. 773-2 (Preservation Letters). The letters defined "protests" to mean "any gathering and demonstration, of any kind, *starting* May 25, 2020, *and going forward*, related to the Black Lives Matter movement, the murders of George Floyd and Breonna Taylor, and violence and discriminatory policing by the NYPD." *Id.* (emphasis added). Later, Defendants produced documents related to its Aviation footage that indicated footage was recorded of protests relating to the consolidated actions for nearly a dozen different dates and locations that were not produced to Plaintiffs, and that no Protest-related Aviation footage was preserved past June 8, 2020. *See* 2022 Letter.

Concerned that Defendants did not properly preserve and/or search for all responsive video footage, Plaintiffs served notice on Defendants of the 30(b)(6) Topics 23 to 28 ("Topics") on July 7, 2022, seeking testimony relating to Defendants' efforts to preserve video footage. ECF No. 773-4 (Second Consolidated Notice of 30(b)(6) Deposition (the "Notice")). Following numerous conferrals, and Defendants' refusal to produce any witness on those Topics, Plaintiffs sought to compel their production. 2022 Letter. On January 23, 2023, the Court denied the motion, but ordered Defendants to:

> (1) answer the question: "[W]hat video within the control of any City department (including, of course, the NYPD) is normally sought by the NYPD in conducting investigations of incidents occurring outdoors?";
>
> (2) "If the response indicates video sources other than what have been produced to date, the plaintiffs are entitled to basic information (of a kind that would not be burdensome to gather) regarding the nature of this video — for example, the location of cameras in relation to the protests (if not already available to the plaintiffs via a website) and how long video is stored for — and what efforts, if any, were made to preserve any relevant footage for this litigation."; and
>
> (3) to confer with Plaintiffs "specifically as to what additional information is being sought as to ARGUS and Aviation footage. If a resolution cannot be reached, a new application may be made that identifies specifically what information plaintiffs seek as to each source."

ECF No. 823.

Defendants supplied Plaintiffs with a declaration from Lt. Detective Commander John Schneider to answer the first question. Lt. Schneider indicated that NYPD investigators normally seek myriad video footage, but could not state definitively all the footage that might be normally

collected for an investigation, stating, "there is no single, uniform and static approach to investigating crimes." Ex. A (Schneider Decl.) ¶ 2. Nevertheless, "[a]s a general rule, detectives begin the video canvass and collection process by identifying potential sources of video as well as the possible geographic parameters of the incident in question." *Id.* ¶ 3. In that search, "[i]nvestigators may search for possible fixed cameras . . . including ARGUS, certain DOT and MTA cameras as well as NYCHA CCTV feeds" all of which are "available to the Department." *Id.* ¶ 4. "[D]etectives must also identify all video systems or platforms containing potentially relevant video not previously identified, such as security cameras in private business or the homes of private citizens, and cameras belonging to public agencies." *Id.* ¶ 5. Accordingly, the NYPD normally collects video footage from cameras available to the Department, for which Lt. Schneider did not provide an exhaustive list but included ARGUS, DOT, MTA, and NYCHA CCTV cameras, and any identified footage from private and commercial cameras.

Also in accordance with the Court's Order, the parties conferred on what further information was needed on March 23, 2023.[2] Defendants opened the conferral by proposing that Plaintiffs conduct a deposition by written question pursuant to Federal Rule of Civil Procedure ("Rule") 31. Plaintiffs responded that this was the procedure the Court specifically found would be the *least* efficient and sought, instead live testimony.[3] After further conferral, and Defendants' representations that they would abide by the Rule's process, Plaintiffs agreed to consider the Rule 31 proposal. In a follow-up email from Defendants' counsel, Tobias Zimmerman, Defendants clarified that:

> [S]ince none of us were well-versed in Rule 31 at the time we spoke, I have since gone back and re-examined it and want to make clear that Rule 31 requires that the questions be served on the answering party in advance of the deposition. FRCP 31(a)(3). This is in direct contrast to Rule 30(c)(3), which requires that written questions interposed during an oral deposition must be delivered to the court reporter in a "sealed envelope".
>
> As we discussed, both sides need to examine this issue further, but we believe that the proposed method—deposition on written questions that we can review and use to prepare the witness(es)—offers an efficient means of resolving outstanding disputes in this area of discovery.

Ex. B.

Ultimately, Plaintiffs decided to accept Defendants' proposal and served Defendants with a Rule 31 notice and questions on June 1, 2023. Ex. C (Rule 31 Notice and Questions). Defendants acknowledged receipt of the questions and asked for an informal conferral to discuss concerns. On June 5, Mr. Zimmermann (for Defendants) and Lillian Marquez and John Marsella (for Plaintiff People of the State of New York) met for approximately 36 minutes and discussed

---

[2] Present for Plaintiffs were Lillian Marquez, Remy Green, Alicia Calzada, and Michael Vitoroulis and present for Defendants were Tobias Zimmerman and Michael Olney. The parties met for 24 minutes.

[3] *See* ECF No. 823 at 2 ("[I]t is the Court's view that a deposition on written questions is the least practical method of doing so. The presumption should be either that a Rule 30(b)(6) witness will provide the information or that the City will offer a sworn statement on the topic.").

Defendants' concerns regarding identifying witnesses to answer the questions and suggested that they would try to counterpropose an alternative means of answering them, including interrogatories, by the following day. Plaintiffs' counsel objected, noting that this was the means that Defendants proposed—and which Plaintiffs expended considerable time to draft—and that interrogatories would not allow Plaintiffs to identify the source of the information nor would they be suitable for the information sought. Nevertheless, Plaintiffs remained open to hearing the proposal and stated that, in the meantime, they would not be withdrawing the Rule 31 notice.

No counterproposal was forthcoming. On June 12, Plaintiffs asked Defendants to identify what Rule 31 deponents would be designated and to provide times to meet and confer if Defendants refused to do so. By email dated June 15, the date by which Defendants were due to provide any cross questions under Rule 31, Defendants' counsel Amy Robinson stated, "NYPD is still working through these questions, and more time is needed." Construing this as a request for an extension for an unspecified amount of time to provide those cross questions, Plaintiffs responded that they would not consent to such an extension but agreed to extend the time to provide times for a conferral. Ultimately, the parties met and conferred on June 16,[4] at which Defendants' counsel flat out refused to comply with the Rule 31 notice, disputed that it was Defendants who first proposed the process, and claiming that it was now unworkable because they cannot identify individuals who can answer these questions – leaving the Court's direction that Defendants answer questions entirely unaddressed. Plaintiffs noted that further conferrals were not possible, given the fast-approaching discovery deadline, and noted Plaintiffs' original objections to answering the necessary questions by interrogatories, since such a process would also be inadequate.[5] Accordingly, Plaintiffs declared an impasse.

## ARGUMENT

Defendants should be compelled to identify 30(b)(6) witnesses regarding their efforts and capabilities to preserve Protest video footage. As ordered by the Court, the Rule 31 deposition questions review the information needed regarding Aviation and Argus footage, but also the video footage that the NYPD, by Lt. Schneider, newly identified as typically collected, including DOT, MTA, NYCHA CCTV, private and commercial video footage. Defendants were the ones to propose the Rule 31 process and only after Plaintiffs spent the time crafting the questions, and waiting out the two-week period to submit cross-questions, have they reneged on their own proposal. Plaintiffs have offered, and are still willing, to allow Defendants to identify multiple witnesses and have those witnesses identify and answer only those questions they are prepared to answer (so long as all questions are responded to). But per the Court's Order, ECF No. 823, and for the reasons set forth in Plaintiffs' original application, ECF Nos. 773, 795, and incorporated by reference herein, Plaintiffs are entitled to this information and Defendants' refusal at this late hour to submit to a properly issued Rule 31 notice should be met with an order compelling their attendance.

---

[4] Present at this meet and confer were Tobias Zimmermann for Defendants and Lillian Marquez and John Marsella for Plaintiffs. The conferral lasted approximately thirty minutes.

[5] Indeed, the process the parties discussed always included the possibility of follow-up rounds of questions.

Hon. Gabriel W. Gorenstein
Page 5

However, in light of the time remaining in discovery, the fact that the Court already ordered this information produced, and the fact that Defendants are once again frivolously walking back commitments commemorated in writing (the same conduct that led to the sanction at ECF No. 490), a different approach under Rule 37 may be appropriate.  Since the Court has repeatedly warned that it is "fully prepared to enter sanctions orders of preclusion against any party who's being recalcitrant about discovery" (June 24, 2021 Tr. 6:14-25), the City's recalcitrance here may warrant a sterner remedy:  taking as established certain answers to the open questions.  Fed. R. Civ. P. 37(b)(ii)(A)(1).  And in either event, the City's refusal to provide *any* answer to the remaining questions over the last few months is not substantially justified, and therefore warrants a grant of costs and fees.

Plaintiffs thank the Court for its time and consideration.

Sincerely,

　　　　/s/ Lois T. Saldana
Lois T. Saldana, Assistant Attorney General
Lillian Marquez, Assistant Attorney General
Civil Rights Bureau
Office of the New York State Attorney General
Tel: 212-416-8860
Lillian.Marquez@ag.ny.gov
Lois.Saldana@ag.ny.gov
*Counsel for the People of the State of New York*

CC: All counsel of record