

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

June 23, 2023

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing

Re: **Administrative Guide Production Dispute**
**In re: New York City Policing During Summer 2020 Demonstrations,**
**1:20-CV-8924 (CM) (GWG)** — This Letter Relates to All Non-Stayed Cases

Dear Judge Gorenstein,

I am counsel for the People of the State of New York and write on behalf of all non-stayed plaintiffs in these consolidated actions to respectfully request that the Court compel Defendants to produce portions of the Administrative Guide that Plaintiffs identified to Defendants and believe were amended since the Protests, as directed by the Court.

As detailed in Plaintiffs' opposition at ECF No. 1004, Defendants failed to produce any part of the Administrative Guide by April 2022, the Court-ordered deadline for document production. They also failed to produce it in its entirety by May 19, though they entered a Court-ordered stipulation to do so. Defendants moved the Court *on the deadline of* May 19 to be relieved of that duty, claiming undue burden of producing the Administrative Guide and that not all provisions that were in place at the time of the Protests were relevant. At a Court conference on the issue, the Court directed Defendants to produce the entire Administrative Guide as it currently exists within a day (which they were able to do) and for Plaintiffs to follow up with a request for a "reasonable number" the versions of Guide provisions that existed at the time of the Protests but later changed. *See* 5/23/23 Court Teleconference Tr. at 24:7–25:20.

Plaintiffs combed through the 914 pages of the Guide, which contain 385 separate provisions. On June 7, 2023, Plaintiff identified 70 provisions—each about 1 to 2 pages —from 8 sections of the Guide that appeared to have been amended since the Protests and are most relevant to our claims. They include, for example, policies on how NYPD members are evaluated and disciplined (pertinent to our failure to discipline claims); policies regarding unusual disorder plans like those used at protests (relevant to how the NYPD was supposed to

Hon. Gabriel W. Gorenstein
Page 2

police the Protests); policies regarding how NYPD communicates policies and directives (like through Finest Messages) to rank-and-file members; and policies regarding arrests and training. Ex. A. The letter identifying these provisions stated, "Please produce all the versions of the Procedures requested above and the answers requested by **June 16, 2023**. If you object to that deadline, within one business day of receipt of this letter, please provide dates and times at which you can meet and confer on the issue."

Defendants did not object to that deadline or provide times to confer, though Plaintiffs reminded them by email dated June 14 of the deadline. On June 16, Defendants objected both to the June 16 deadline and to the requests as seeking more than a "reasonable" number, though the requested number represents less than 20% of the overall guide provisions. Defendants committed to providing the requested provisions from 2 sections – on Arrests and Discipline – but provided no commitment as to when those would be produced. Accordingly, pursuant to ECF No. 317, Plaintiffs emailed a prior draft of this letter. Defendants on June 20, 2023, requested a meet and confer with respect to our motion to compel the sections of the Administrative Guide.

On June 21, 2023, the parties met for approximately one hour to discuss the outstanding dispute.[1] Following the meet and confer Plaintiffs proposed that the City grant access to the Management Orders and Directive Section shared drive so we can manually search, copy, and download the applicable procedures and eliminate any burden on the defendants. We also withdrew our requests for three administrative guide provisions, and asked Defendants to confirm a proposed timeline for the production of the remaining guide provisions. Since then, Defendants have indicated that they will not provide us with access to the shared drive, and again provided no commitment as to what will be produced or when any provision will be produced.

Accordingly, we now seek a production of the 67 provisions by a date certain—by June 30. In the alternative, if the Court deems a smaller number of provisions appropriate, Plaintiffs request the opportunity to identify a requested set of provisions of that number. We thank the Court for its continued time and attention.

Very truly yours,

/s/ Gina Bull
Gina Bull, Assistant Attorney General
John Marsella, Assistant Attorney General
Executive Division
Office of the New York State Attorney General
Tel: (646) 574-2180
Gina.Bull@ag.ny.gov

cc: All Counsel of Record

---

[1] John Marsella from the NYS Office of the Attorney General appeared on behalf of Plaintiffs and Peter Scutero of the New York City Law Department appeared on behalf of Defendants, Also on the video call were Robert Hodgson (on behalf of the *Payne* plaintiffs) and Nancy Trasande from the Office of the Attorney General.