UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In Re: New York City Policing During Summer  :  ORDER
2020 Demonstrations                                                        20 Civ. 8924 (CM) (GWG)
                                                                                :
----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      The Court is in receipt of an application by plaintiffs for an order compelling defendants (the "City") to produce Rule 30(b)(6) witnesses to testify regarding the City's efforts to preserve protest video footage and/or for sanctions including taking as established certain answers to "open questions" on this issue and for costs and fees. See Docket # 1067. The City has opposed the application in all its aspects and provided further information about the City's preservation efforts and capabilities. See Docket # 1074.

      Early on in this case, this Court issued an order requiring as follows:

> Discovery motions – that is, any application pursuant to Rules 26 through 37 or 45 – not only must comply with ¶ 2.A of the Court's Individual Practices but also must be made promptly after the cause for such a motion arises. In addition, absent extraordinary circumstances, no such application will be considered if made later than 30 days prior to the close of discovery. Untimely applications will be denied.

Order dated March 2, 2021 (Docket # 43).

      When the Court issued its Order on January 23, 2023, see Docket # 823, giving instructions on how to resolve the request for discovery into the loss of video, it certainly did not expect to receive a letter after the deposition deadline had already concluded and less than 30 days prior to the close of all fact discovery (which is July 14, 2023), reflecting that plaintiffs were seeking to take a lengthy deposition after the deposition cutoff date (which was June 16, 2023) — a deposition that could easily result in follow-up requests by plaintiffs to have the Court adjudicate the satisfactoriness of any responses. As reflected in the plaintiffs' letter, there was no follow-up meeting as contemplated by the January 23, 2023 Order until two months later, on March 23, 2023. See Docket # 1067 at 3; Docket # 1074 at 2. Then, the plaintiffs waited more than two months — until June 1, 2023 — to serve defendants with a notice to take a deposition on written questions under Rule 31, see Docket # 1067-3 at 3; Docket # 1074 at 2. While the plaintiffs understandably waited for the defendants' response, the fact remains that the letter application to the Court on this issue was not filed until nearly three weeks later, on June 21, 2023. See Docket # 1067.

      Large portions of the delays here have not been justified. The application is untimely under the March 2, 2021 Order, in light of the fact that it was made after the June 14, 2023, deadline for discovery applications. It is also untimely in that the plaintiffs did not act with reasonable speed after the cause for the application was known to plaintiffs. It also seeks to have a deposition take place after the deposition cutoff. The application is infirm for these reasons alone.

Rather than denying the application in its entirety, however, we are prepared to require some limited production of information on the video issue by means of interrogatories — but not a deposition with hundreds of questions, some of which are quite broad. As the Court previously noted, where "a party seeks discovery on discovery, that party must provide an adequate factual basis to justify the discovery, and the Court must closely scrutinize the request in light of the danger of extending the already costly and time-consuming discovery process ad infinitum." Kaye v. N.Y. City Health & Hosps. Comm'n, 2020 WL 283702, at *1 (S.D.N.Y. Jan. 21, 2020) (citation and punctuation omitted).

The plaintiffs have already been provided with information regarding the failure to preserve certain types of video. The City's letter (Docket # 1074) provides copious information in itself. Thus, plaintiffs may already have a good portion of the information they need to make a spoliation motion in the future.

In any event, any request for information at this point must be severely limited in light of the stage of the case and on principles of proportionality. Rather than have the Court make choices as to how to drastically pare down the information sought by the proposed deposition questions, the Court will permit plaintiffs to propose to defendants 15 clearly defined interrogatories (or questions that can be answered by defendants and that will be binding) – a number that includes any subparts --- that seek information most critical to plaintiffs. Plaintiffs should provide a copy of their proposal to the defendants by Thursday and then discuss on Friday whether an agreement can be worked out. If not, the parties can present next week a jointly-composed letter containing their views — and text of proposed interrogatories from each side — as to what interrogatories the City should be required to answer. If ordered or agreed to, the deadline for any responses will be 14 days.

SO ORDERED.

Dated: June 27, 2023
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge