

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

Peter Scutero
Senior Counsel
pscutero@law.nyc.gov
Phone: (212) 356-2410

June 27, 2023

**By ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    In Re: *New York City Policing During Summer 2020 Demonstrations*,
           No. 20 Civ. 8924 (CM) (GWG)
           This filing is related to all cases

Your Honor:

    I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and one of the attorneys assigned to the defense of the above-referenced matter. Defendants write in opposition to Plaintiffs' letter motion to compel dated June 23, 2023. *See* ECF No. 1073.

    While Defendants have remained open to producing relevant information from the Administrative Guide, Plaintiffs' requests for Administrative Guide procedures from May 28, 2020 to February 12, 2021 (the "Protest Period") and clarifications of the current Administrative Guide are far more than the Court contemplated or directed during the May 23rd Conference. *See* ECF No. 1073-1.

    Plaintiffs' representation that "Defendants failed to produce any part of the Administrative Guide by April 2022" is not accurate. Defendants produced a number of Administrative Guide provisions to Plaintiffs in 2021 and 2022.[1] Moreover, the timing of the instant application is

---

[1] Although Plaintiffs had made this misstatement in the past, Defendants elected to focus instead on resolving this dispute. However, for purposes of correcting the record, Defendants' prior productions (all except one were produced before April 2022) of Administrative Guide procedures can be found at DEF_000500226, DEF_000045297, DEF_000460064, DEF_000348529, DEF_000155686, DEF_000350890, DEF_000045301, and DEF_000348835.

entirely a result of Plaintiffs' delay in identifying Administrative Guide procedures for production and failure to limit their requests to a "reasonable number" as directed by the Court.

During the May 23rd Court Conference, the Court wrestled with finding a reasonable solution to pinpointing relevant Administrative Guide procedures from the Protest Period. With respect to Plaintiffs' request for the Administrative Guide, the Court noted that "there's going to be probably 90 percent of this stuff is irrelevant, maybe more, probably more than 90 percent." *See* Ex. 1, Transcript of Court Conference held on May 23, 2023 ("Tr.") at 9:2 – 4. The Court further stated that "[y]ou only care about things that have to do with things that might relate to, you know, arrests, discipline, whatever else it might be." *Tr*. at 10:25 – 11:4.

As described by the Managing Attorney of the NYPD's Civil Litigation Unit, Bridget Fitzpatrick, the collection and production of Guide procedures from the Protest Period presented a burden to Defendants. (ECF No. 1003-2). By contrast, the limited importance of these documents to Plaintiffs' claims is best illustrated by the fact they waited until February 2023 to follow-up on Defendants' prior 2021 and 2022 productions of Administrative Guide procedures. *See* ECF No. 1004 at 2. The Court recognized Plaintiffs' delay, stating that it "was not sure why [Plaintiffs] waited this long, since the 19th". *Tr*. at 7:21 – 22. The limited importance is further demonstrated by the facts Plaintiffs have not sought to bring back a witness for a lack of Guide procedures; have not notified the Court during or immediately after a deposition that their deposition has been prejudiced by the absence of Guide procedures, as suggested by the Court; and have asked very few questions about Guide procedures at the multitude of depositions they have taken in these cases.

At the May 23rd Conference, the Court entertained a number of different solutions, including Defendants providing Plaintiffs with an expanded table of contents from the Protest Period that Plaintiffs could use to identify relevant procedures for production. *Tr*. at 14:10 – 18. However, that proposal was not viable as Defendants were unaware of an expanded table of contents to the Administrative Guide that exists from the Protest Period.[2] As a result, the Court landed on Defendants producing the current copy of the Administrative Guide to Plaintiffs by the following day. *Tr*. at 30:9 – 13. The Court outlined how Plaintiffs could use the current Administrative Guide for purposes of identifying a "reasonable number" of procedures:

> There's only going to be *five* or *ten* that have, or some *reasonable number*, that have any relevance to what's going on here. Okay? You're going to take those, you can look on this list and see if there are procedures that got changed and what the dates are. You can look it up by number. You'll see on the thing itself what date it thinks it was in effect. And there's going to be some *reasonable number*. They can then get you the ones from 2019 or whatever it was.

Tr. at 24:10 – 18 (emphasis added).

---

[2] Despite learning that an expanded table of contents was not an option, at the May 23rd Conference, Plaintiffs requested the production of this document and declined to withdraw this request after Defendants reiterated this at a subsequent meet and confer.

To comply with the Court's directive, Defendants worked in earnest and produced the current Administrative Guide to Plaintiffs at 1:50 a.m. on the morning of May 24th. Having understood the Court's Order, Defendants expected to receive a request for a reasonable number of Guide procedures (approximately 10 to 20) from Plaintiffs shortly after the production of the Administrative Guide. .

Instead, on June 7, 2023, Plaintiffs sent a letter dated June 6, 2023, containing a new set of document requests. *See* ECF No. 1073-1. The letter contained seven requests with respect to the Administrative Guide. *Id*. Of these seven requests, two requested Guide procedures, amounting to 70 procedures in total. *Id*. at 4. One requested a copy of the expanded table of contents from the Protest Period. *Id.* at 2. Others requested additional information about the Administrative Guide that was not contemplated by the Court during the May 23rd Conference and would require Defendants to expend significant time and resources to provide a response. *Id*. at 2 – 4. Deciphering them was also a burden.

On June 16, 2023, Defendants informed Plaintiffs that the volume and composition of their requests were confusing, in some cases indiscernible, and caused Defendants' evaluation of them to take longer than anticipated. *See* Ex. 2. Defendants also informed Plaintiffs that they objected on the grounds of reasonableness, relevance, vagueness, proportionality, and burden. *Id*. With an eye towards resolving this discovery dispute, Defendants further informed Plaintiffs that, without waiving their objections, they began collecting Guide procedures that were relevant to the two topics at issue (i.e. arrest and discipline) for production. *Id*.

Plaintiffs responded by sending Defendants a draft letter pursuant to ECF. 317. Defendants, in turn and in accordance with ECF 317, requested a meet and confer. On June 21, 2023, the parties met for approximately one hour.[3] During the meet and confer, Defendants informed Plaintiffs that they began collecting 25 procedures that relate to arrest and discipline and would be in position to provide Plaintiffs with a production date for 10 of those procedures on June 23, 2023. Defendants also suggested producing Guide procedures on a rolling basis so that production can be made as quickly and efficiently as possible and with less burden to Defendants. Rather than accept these proposals, Plaintiffs requested access to the shared drive that is maintained by NYPD's Management Orders and Directive Section. Defendants declined that proposal. Plaintiffs did, however, withdraw their requests for 3 of the 70 procedures after realizing that these procedures were not in existence during the Protest Period. Following the meet and confer, the parties reduced their proposals and positions to writing. *See* Ex. 3.

---

[3] Peter Scutero and Michael Olney represented the Defendants at the meet and confer and John Marsella, Bobby Higginson, and Nancy Trasande represented the Plaintiffs.

Defendants will be producing documents later this week in response to 10[4] of the 70 Guide procedures that Plaintiffs identified in their June 6th Letter. NYPD is also collecting 15 additional Administrative Guide procedures relating to arrest and discipline for production to Plaintiffs.[5]

Plaintiffs' motion should be denied because Plaintiffs' requests for <u>70</u> procedures and additional clarifications of the Administrative Guide do not constitute a reasonable number of Guide procedures as directed by the Court at the May 23rd Conference. Many of the procedures contained in Plaintiffs' request are not even relevant to Plaintiffs' cases. For example, Administrative Guide Procedure 315-02, "Evidence Discrepancy – Controlled Substances/Narcotics (Outside Law Enforcement Agency Involved)" bears no relevance to Plaintiffs' claims. The same can be said for AG Procedure 318-10, "Removal of Firearms from Intoxicated Uniformed Member of the Service", as well as AG Procedures 304-18, 315-01, 316-01, and 331-02 to name a few others. Plaintiffs' requests contain many more irrelevant Guide procedures.

The irrelevance, along with the sheer volume—70 procedures, tilts away from proportionality and Plaintiffs' argument of an alleged need for these documents and towards the burdens imposed upon Defendants. *See* ECF No. 1003-2. Collecting the necessary information and procedures to respond to all 7 of Plaintiffs' requests will not be a trivial task and will require extensive efforts by NYPD. As such, Defendants' effort to locate, collect, and produce the excessive number of Guide procedures and respond to clarifications requested by Plaintiffs, would not be consistent with Rules 1 and 26 of the FRCP. Plaintiffs' requests are simply inconsistent with the Court's Order and patently unreasonable.

In light of the foregoing, Defendants respectfully request that the Court deny Plaintiffs' application. Should the Court order the production of all the Guide provisions requested by Plaintiffs and responses to the clarifications, Defendants respectfully request a reasonable amount of time to produce those documents and responses given the burdens in collecting this vast amount of information.

Thank you for your time and attention to this matter.

Respectfully submitted,

*Peter Scutero    /s*

Peter Scutero
*Senior Counsel*
Special Federal Litigation Division

cc:   ALL COUNSEL (via ECF)

---

[4] Defendants will be producing the following Guide procedures in response to Plaintiffs' request: 304-06, 304-17, 304-21, 304-33, 304-47, 318-01, 318-02, 318-03, 318-05, 318-06.

[5] NYPD is collecting the following Guide procedures for production to Plaintiffs: 318-04, 318-05, 318-07, 318-08, 318-11, 318-12, 318-14, 318-17, 318-18, 318-19, 318-20, 318-21, 318-23, 318-27, and 318-28.