UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JARRETT PAYNE; ANDIE MALI; CAMILA GINI;
VIDAL GUZMAN; VIVIAN MATTHEW KING-YARDE;
CHARLIE MONLOUIS-ANDERLE; JAMES LAUREN;
MICAELA MARTINEZ; JULIAN PHILLIPS;
NICHOLAS MULDER; and COLLEEN
MCCORMACK-MAITLAND,

                     Plaintiffs,

**ANSWER TO
CORRECTED SECOND
AMENDED COMPLAINT
AND DEMAND FOR
JURY TRIAL**

           -against-

MAYOR BILL DE BLASIO; CHIEF OF
DEPARTMENT TERENCE MONAHAN; CITY OF
NEW YORK; COMMANDING OFFICER OF
PATROL BOROUGH BRONX, CHIEF KENNETH
LEHR; SERGEANT MAJER SALEH; OFFICER
BRYAN S. ROZANSKI; OFFICER JAKUB TARLECKI;
SERGEANT KEITH CHENG; OFFICER MATTHEW
TARANGELO; OFFICER STEPHANIE CHEN;
OFFICER TAYLOR CORCORAN; OFFICER
MATTHEW L. PERRY; DETECTIVE DAMIAN
RIVERA; OFFICER BRYAN PIZZIMENTI; OFFICER
JOSEPH DECK; LIEUTENANT MICHAEL BUTLER;
OFFICER AARON HUSBANDS; SERGEANT THOMAS
E. MANNING; OFFICERS JOHN DOE 1-26; OFFICER
JANE DOE 1; OFFICER DOE ESPOSITO; and
OFFICER HENSLEY CARABALLO,

1:20-CV-08924 (CM)(GG)

                  Defendants.
------------------------------------------------------------------------X

          Defendant Sergeant Majer Saleh (hereinafter, "Defendant Sergeant Majer Saleh"),

by his attorney Marykate Acquisto, Esq. of the Quinn Law Firm, for their answer to plaintiffs'

corrected second Corrected Second Amended Complaint (the "Corrected Second Amended

Complaint"), respectfully allege, upon information and belief, as follows:

1

## PRELIMINARY STATEMENT

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Corrected Second Amended Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Corrected Second Amended Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Corrected Second Amended Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Corrected Second Amended Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

## PARTIES

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Corrected Second Amended Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Corrected Second Amended Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Corrected Second Amended Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Corrected Second Amended Complaint, except denies the allegation that Plaintiff Guzman was subjected to excessive force to the extent that it pertains to Defendant Sergeant Majer Saleh.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Corrected Second Amended Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Corrected Second Amended Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Corrected Second Amended Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Corrected Second Amended Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Corrected Second Amended Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Corrected Second Amended Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Corrected Second Amended Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Corrected Second Amended Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Corrected Second Amended Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Corrected Second Amended Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Corrected Second Amended Complaint.

23.     Denies the Plaintiffs' allegations set forth in paragraph "23" of the Corrected Second Amended Complaint, except admits that Defendant Sergeant Majer Saleh was employed by the New York Police Department.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Corrected Second Amended Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Corrected Second Amended Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Corrected Second Amended Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Corrected Second Amended Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Corrected Second Amended Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Corrected Second Amended Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Corrected Second Amended Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Corrected Second Amended Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Corrected Second Amended Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Corrected Second Amended Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Corrected Second Amended Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Corrected Second Amended Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Corrected Second Amended Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Corrected Second Amended Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Corrected Second Amended Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Corrected Second Amended Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Corrected Second Amended Complaint.

## FACTS

**The Murder of George Floyd, the Long History of NYPD Harassment and Abuse Targeting Black and Latinx New Yorkers, and the Eruption of Protest in New York City.**

41.     Paragraph "41" of the Corrected Second Amended Complaint does not contain factual allegations and therefore does not require a response

42.     Paragraph "42" of the Corrected Second Amended Complaint does not contain factual allegations and therefore does not require a response.

43.     Paragraph "43" of the Corrected Second Amended Complaint does not contain factual allegations and therefore does not require a response.

44.     Paragraph "44" of the Corrected Second Amended Complaint does not contain factual allegations and therefore does not require a response.

45.     Paragraph "45" of the Corrected Second Amended Complaint does not contain factual allegations and therefore does not require a response.

46.     Paragraph "46" of the Corrected Second Amended Complaint does not contain factual allegations and therefore does not require a response.

**The City Deliberately Hostile, Violent Response to Protests in New York and the Mayor and Police Leadership's Explicit Endorsement of that Response**

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Corrected Second Amended Complaint and refer to the Attorney General Report for its contents.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Corrected Second Amended Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Corrected Second Amended Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Corrected Second Amended Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Corrected Second Amended Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Corrected Second Amended Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Corrected Second Amended Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Corrected Second Amended Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Corrected Second Amended Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Corrected Second Amended Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Corrected Second Amended Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Corrected Second Amended Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Corrected Second Amended Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Corrected Second Amended Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the Corrected Second Amended Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Corrected Second Amended Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Corrected Second Amended Complaint.

89.     Denies the allegations set forth in paragraph "89" of the Corrected Second Amended Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Corrected Second Amended Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the Corrected Second Amended Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the Corrected Second Amended Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the Corrected Second Amended Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Corrected Second Amended Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the Corrected Second Amended Complaint.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the Corrected Second Amended Complaint.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the Corrected Second Amended Complaint.

98.     Paragraph "98" of the Corrected Second Amended Complaint does not contain factual allegations and therefore does not require a response.

**Investigations and Reports on the NYPD's Protest Activities**

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the Corrected Second Amended Complaint.

100.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the Corrected Second Amended Complaint.

101.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the Corrected Second Amended Complaint.

102.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

103.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

104.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set for the in paragraph "104" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

105.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the Corrected Second Amended Complaint.

106.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the Corrected Seconded Amended Complaint.

107.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the Corrected Second Amended Complaint.

108.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the Corrected Second Amended Complaint.

109.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Corrected Second Amended Complaint.

110.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the Corrected Second Amended Complaint.

**Plaintiffs' Experience of Police Abuse at New York City Protests**

*Plaintiffs Andie Mali and Camila Gini*

111.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the Corrected Second Amended Complaint.

112.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the Corrected Second Amended Complaint.

113.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

114.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

115.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

116.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

117.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

118.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the Corrected Second Amended Complaint.

119.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the Corrected Second Amended Complaint.

*Plaintiff Vidal Guzman*

120.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

121.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the Corrected Second Amended Complaint.

122.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the Corrected Second Amended Complaint.

123.    Denies the allegations set forth in paragraph "123" of the Corrected Second Amended Complaint.

124.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the Corrected Second Amended Complaint.

125.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the Corrected Second Amended Complaint.

126.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" if the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

127.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the Corrected Second Amended Complaint.

128.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the Corrected Second Amended Complaint.

*Plaintiff Vivian Matthew King-Yarde*

129.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

130.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

131.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

132.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the Corrected Second Amended Complaint.

133.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the Corrected Second Amended Complaint.

134.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the Corrected Second Amended Complaint.

135.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the Corrected Second Amended Complaint.

*Plaintiff Jarrett Payne*

136.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the Corrected Second Amended Complaint.

137.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

138.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

139.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

140.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "140" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

141.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141' of the Corrected Second Amended Complaint.

142.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the Corrected Second Amended Complaint.

143.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

144.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the Corrected Second Amended Complaint.

145.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the Corrected Second Amended Complaint.

146.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the Corrected Second Amended Complaint.

147.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "147" of the Corrected Second Amended Complaint.

*Plaintiff Charlie Monlouis-Anderle*

148.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

149.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

150.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

151.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

152.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

153.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

154.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "154" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

155.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the Corrected Second Amended Complaint.

156.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the Corrected Second Amended Complaint.

157.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the Corrected Second Amended Complaint.

158.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the Corrected Second Amended Complaint.

159.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

160.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "160" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

161.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the Corrected Second Amended Complaint.

162.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the Corrected Second Amended Complaint.

163.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "163" of the Corrected Second Amended Complaint.

164.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the Corrected Second Amended Complaint.

165.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the Corrected Second Amended Complaint.

166.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the Corrected Second Amended Complaint.

*Plaintiff James Lauren*

167.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the Corrected Second Amended Complaint.

168.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the Corrected Second Amended Complaint.

169.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the Corrected Second Amended Complaint.

170.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "170" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

171.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "171" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

172.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "172" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

173.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

174.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

175.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "175" of the Corrected Second Amended Complaint.

176.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "176" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

177.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "177" of the Corrected Second Amended Complaint.

178.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the Corrected Second Amended Complaint.

179.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the Corrected Second Amended Complaint.

180.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "180" of the Corrected Second Amended Complaint.

181.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "181" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

182.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "182" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

183.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "183" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

184.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "184" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

185.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "185" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

186.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "186" of the Corrected Second Amended Complaint.

187.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "187" of the Corrected Second Amended Complaint.

*Plaintiff Micaela Martinez*

188.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "188" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

189.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "189" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

190.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "190" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

191.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "191" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

192.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "192" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

193.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "193" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

194.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "194" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

195.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "195" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

196.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "196" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

197.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "197" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

198.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "198" of the Corrected Second Amended Complaint.

199.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "199" of the Corrected Second Amended Complaint.

*Plaintiff Julian Phillips*

200.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "200" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

201.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "201" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

202.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "202" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

203.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "203" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

204.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "204" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

205.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "205" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

206.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "206" of the Corrected Second Amended Complaint.

207.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "207" of the Corrected Second Amended Complaint.

*Plaintiff Nicolas Mulder*

208.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "208" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

209.    Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "209" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

210.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "210" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

211.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "211" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

212.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "212" of the Corrected Second Amended Complaint.

213.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "213" of the Corrected Second Amended Complaint.

214.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "214" of the Corrected Second Amended Complaint.

*Plaintiff Colleen McCormack-Maitland*

215.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "215" if the Corrected Second Amended Complaint.

216.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "216" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

217.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "217" of the Corrected Second Amended Complaint.

**The Plaintiffs' Injuries Were Caused by NYPD Policy, Custom and Practice**

218.    Denies the allegations set forth in paragraph "218" of the Corrected Second Amended Complaint.

219.    Denies the allegations set forth in paragraph "219" of the Corrected Second Amended Complaint.

220.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "220" of the Corrected Second Amended Complaint.

221.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "221" of the Corrected Second Amended Complaint.

222.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "222" of the Corrected Second Amended Complaint.

223.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "223" of the Corrected Second Amended Complaint.

224.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "224" of the Corrected Second Amended Complaint.

225.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "225" of the Corrected Second Amended Complaint.

226.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "226" of the Corrected Second Amended Complaint.

227.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "227" of the Corrected Second Amended Complaint.

228.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "228" of the Corrected Second Amended Complaint.

229.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "229" of the Corrected Second Amended Complaint.

230.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "230" of the Corrected Second Amended Complaint, except denies the allegations to the extent that they pertain to Defendant Sergeant Majer Saleh.

231.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "231" of the Correct Second Amended Complaint.

232.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "232" of the Corrected Second Amended Complaint.

**JURISDICTION AND VENUE**

233.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "233" of the Corrected Second Amended Complaint, and respectfully refers all questions of law to the Court.

234.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "234" of the Corrected Second Amended Complaint, and respectfully refers all questions of law to the Court.

**FIRST CAUSE OF ACTION**

235.    Denies the allegations set forth in paragraph "235" of the Corrected Second Amended Complaint.

**SECOND CAUSE OF ACTION**

236.    Denies the allegations set forth in paragraph "236" of the Corrected Second Amended Complaint.

237.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "237" of the Corrected Second Amended Complaint.

**THIRD CAUSE OF ACTION**

238.    Denies the allegations set forth in paragraph "238" of the Corrected Second Amended Complaint.

**FOURTH CAUSE OF ACTION**

239.    Denies the allegations set forth in paragraph "239" of the Corrected Second Amended Complaint.

240.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "240" of the Corrected Second Amended Complaint.

### FIFTH CAUSE OF ACTION

241.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "241" of the Corrected Second Amended Complaint.

### SIXTH CAUSE OF ACTION

242.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "242" of the Corrected Second Amended Complaint.

243.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "243" of the Corrected Second Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

244.    The Corrected Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

245.    Defendant Sergeant Majer Saleh has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

246.    Any claims arising under New York State law may be barred, in whole or in part, because of Plaintiff's failure to comply with New York General Municipal Law §§ 50(e), *et seq*.

### FOURTH AFFIRMATIVE DEFENSE

247.    Defendant Sergeant Majer Saleh, to the extent he is sued in his individual capacity, is entitled to qualified immunity since at all times he acted in good faith in the discharge of his job duties and his conduct did not violate any clearly established constitutional or statutory rights which a reasonable person would have known.

29

## FIFTH AFFIRMATIVE DEFENSE

248.   At all times relevant hereto, Defendant Sergeant Majer Saleh acted reasonably in the proper and lawful exercise of his discretion, and is therefore entitled to qualified immunity on the state law claims.

## SIXTH AFFIRMATIVE DEFENSE

249.   This answering Defendant at all relevant times acted in accordance with all laws, rules, and regulations and pursuant to his statutory authority.

## SEVENTH AFFIRMATIVE DEFENSE

250.   Plaintiff failed to mitigate his alleged damages.

## NINTH AFFIRMATIVE DEFENSE

251.   Plaintiffs' culpable conduct caused or contributed, in whole or in part, to their injuries and or damages.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST
## DEFENDANT CITY OF NEW YORK

252.   Defendant Sergeant Majer Saleh repeats, reiterates and realleges paragraphs "1" through "180" herein as if fully restated at length.

253.   The actions of Defendant Sergeant Majer Saleh at the time and date in issue were performed within the performance of his duty, and he was acting within the scope of his office as a New York City police officer, and the expense of his legal defense must be assumed by the City of New York, pursuant to General Municipal Law section 50-k.

254.   By reason of the foregoing, Defendant Sergeant Majer Saleh will be damaged in an uncalculated amount and he demands the payment of all reasonable attorneys' fees and other disbursements and costs incurred in the defense of this action from the City of New York.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST
## DEFENDANT, CITY OF NEW YORK

255.    Defendant Sergeant Majer Saleh repeats, reiterates and realleges paragraphs "1"

through "183" herein as if fully restated at length.

256.    If the plaintiff was caused damages as alleged in the complaint due to any

culpable conduct of other than plaintiff's own, then such damages were due to the culpable

conduct, negligent acts or omissions of the City of New York.

257.    The actions of Defendant Sergeant Majer Saleh at the time and date in issue were

performed within the performance of his duty, and he was acting within the scope of his

employment and office as a New York City police sergeant, and any resulting liability to plaintiff

must be assumed by Defendant Sergeant Majer Saleh's employer The City of New York

pursuant to the principle of *respondeat superior.*

258.    Based on the principle of *respondeat superior*, if plaintiff recovers any judgment

against Defendant Sergeant Majer Saleh, then he is entitled to recover the amount of such

judgment from Defendant City of New York.

**WHEREFORE,** Defendant Sergeant Majer Saleh demands judgment:

I.    Dismissing the complaint in its entirety;

II.    Granting indemnification by the City of New York;

IV.    Granting Defendant Sergeant Majer Saleh the costs, disbursements, expenses and
reasonable attorneys' fees and such other relief as this Court may deem just and proper.

Dated: White Plains, New York
       July 10, 2023

                                    Respectfully submitted,

                                    THE QUINN LAW FIRM

                            By:     _Andrew Quinn_
                                    Andrew Quinn, Esq.
                                    399 Knollwood Road, Suite 220
                                    White Plains, New York 10603
                                    Tel: (914) 997-0555
                                    Fax: (914) 997-0550
                                    aquinn@quinnlawny.com


To:    All counsel of record via ECF