Re:     Motion for leave to file a motion to intervene in *In Re: New York City Policing During Summer 2020 Demonstrations*, No. 20-cv-8924 (GWG)(CM)(S.D.N.Y.)

To:     U.S. District Judge Colleen McMahon

August 10, 2023

Judge McMahon,

      Pursuant to the pretextual 9/21/21 order that **a)** was issued by Judge Caproni in *Butler v. City of New York*, No. 15-cv-3783 (VEC)(S.D.N.Y.) and **b)** is shown as the first exhibit within the annexed **Exhibit A**, I, Towaki Komatsu, declare under the penalty of perjury that I seek leave to file this motion to intervene in this case as an interested party for the following reasons:

      1.   Prior to filing this motion for leave to file a motion to intervene in this case, I filed a letter on 8/31/23 in the consolidated case of *Komatsu v.  City of New York*, No. 20-cv-7046 (ER)(GWG)(S.D.N.Y. Jun. 6, 2023) that is hereinafter referred to as "K1" in which I clearly informed him that New York City Mayor Eric Adams and NYPD personnel proved by their actions on 8/16/23 and 8/31/23 partly by the park located in Foley Square that they don't give a damn for the First Amendment as they instead flagrantly violated it. That filing included links to relevant video recordings that proved this point. As you're aware, that park is a traditional public forum and NYPD goons illegally pushed a photographer in that park on 8/31/23 and also illegally coerced a leading man named David Rem to move away from where he lawfully stood as he expressed views against what Mr. Adams was expressing then nearby. That push and the coercion against Mr. Rem clearly violated both the First Amendment and criminal statutes.

      2.   Concerning what is stated in today's filing in this case that corresponds to docket number 1099-2 about how the NYPD may possibly reform how it operates in relation to First Amendment activity, it would be extraordinarily imbecilic and negligent instead of naive for this Court to believe that the NYPD's mob actually will fully or substantially comply with the reforms that are discussed in that filing. For this reason, firm enforcement mechanisms need to be added that would promptly impose substantial monetary fines and impose injunctive remedies against the City of New York and NYPD personnel for every single since violation of the proposed reforms. In connection with any First Amendment activity in New York City. Such injunctive relief would need to cause automatic and prompt firings and criminal prosecutions of NYPD personnel for violations of First Amendment rights.

      3.   To remedy the cancer that has infested the NYPD's mob to its core, drastic and non-negotiable changes need imposed by you against the NYPD's mob that is renown for repeatedly violating applicable laws and making empty commitments. Such a remedy requires the establishment of a task force that would be comparable to a federal monitor and not include anyone with political ties. The CCRB is useless and the same is true about the New York State Attorney General's Office, the New York City Department of Investigations, the District Attorneys in New York City, and the U.S. Attorney's Office for causing proper oversight to be in effect for the NYPD's mob in regards to First Amendment violations. I have dealt with those entities about that to no avail.

s_/Towaki Komatsu        300 Skillman Ave.    Tel: 305-784-7450
                         Brooklyn, NY 11211   E-mail: Towaki_Komatsu@yahoo.com

# Exhibit A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SANDRA BUTLER; RICKY GIBSON; O'BRIEN
MORRIS; RICHARD EMMETT; ROSELLE DIAZ;
KEVIN FAISON; SHANIQUA JACKSON;
CENTER FOR INDEPENDENCE OF THE
DISABLED, NEW YORK; AND COALITION FOR
THE HOMELESS, *for themselves and on behalf of
all others similarly situated*,

             Plaintiffs,

        -against-

CITY OF NEW YORK; THE NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES;
STEVEN BANKS, *as Commissioner of the New
York City Department of Homeless Services*,

             Defendants.

---

15-CV-3783 (VEC)

ORDER IMPOSING FILING
RESTRICTIONS PURSUANT TO
28 U.S.C. §1651

VALERIE CAPRONI, United States District Judge:

WHEREAS on August 10, 2021, the Court denied Mr. Komatsu's request to intervene in

this matter, Endorsement, Dkt. 125;

WHEREAS a review of court dockets shows that since 2020, Mr. Komatsu has filed

similar meritless, non-party requests — usually motions to intervene under Federal Rule of Civil

Procedure 24 — in at least thirteen cases, and various judges of this court have denied his

motions, *see, e.g.*, *Nat'l Coal. on Black Civic Participation v. Wohl*, 20-CV-8668, ECF No. 115

(S.D.N.Y. May 28, 2021); *People of the State of New York v. City of New York*, 21-CV-322, ECF

No. 88 (S.D.N.Y. Apr. 28, 2021); *Chinese Am. Citizens Alliance Greater New York v. New York

City Dep't of Educ.*, 20-CV-8964, ECF No. 25 (S.D.N.Y. Feb. 22. 2021); *Women for Am. First v.

De Blasio*, 20-CV-5746, ECF No. 12 (S.D.N.Y. Aug. 18, 2020); *Unif. Fire Officers Ass'n v.

DeBlasio*, 20-CV-5441, ECF No. 108 (S.D.N.Y. Aug. 13, 2020);

WHEREAS Mr. Komatsu's meritless non-party requests burden judges, court personnel, and the parties to those cases, who may understandably be confused as to how or whether to respond to the requests;

WHEREAS it is well settled that "courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities," *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993);

WHEREAS a court's power to restrict the litigation of abusive and vexatious litigants is an "ancient one" that is now codified at 28 U.S.C. § 1651(a), the All Writs Act, *see Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982));

WHEREAS the Second Circuit has noted that "[s]ome courts have responded to vexatious litigants by completely foreclosing the filing of designated categories of cases" and that others "have adopted the less drastic remedy of subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings," *see In re Martin-Trigona*, 9 F.3d at 228;

WHEREAS "[t]he unequivocal rule in this circuit is that [a] district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard," *see Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998); *see also Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) ("Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions" (cleaned up));

WHEREAS on August 16, 2021, given Mr. Komatsu's history of filing meritless requests in cases to which he is not a party, the Court entered an order requiring Mr. Komatsu to show

cause why he should not be enjoined from filing any further documents in cases to which he is not a party unless he complies with certain conditions, Order Dkt. 134;

WHEREAS the Court required Mr. Komatsu to show cause by no later than Monday, August 30, 2021, *see id.*;

WHEREAS the Court informed Mr. Komatsu that if he failed to submit a declaration within the time directed, or if his declaration did not set forth good cause, Mr. Komatsu would be enjoined from filing documents in cases to which is not a party unless he complied with certain conditions, *see id.*; and

WHEREAS Mr. Komatsu did not submit a declaration by the August 30, 2021 deadline or any time thereafter;

IT IS HEREBY ORDERED that Mr. Komatsu is enjoined from filing any documents in cases to which he is not a party unless he complies the following conditions: Any document that Mr. Komatsu seeks to file in a case to which he is not a party must include (1) a copy of this order; and (2) a one-page, double-spaced declaration (the page must have margins of at least 1 inch on both sides and at the top and bottom), submitted under penalty of perjury, stating his legal interest in the matter and why he should be permitted to move to intervene. The one-page document must be titled: "Motion for Leave to File a Motion to Intervene."

IT IS FURTHER ORDERED that the Clerk's Office is directed not to docket any document that Mr. Komatsu submits that does not comply with the above conditions and not to return to Mr. Komatsu any document that does not comply with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Towaki Komatsu, 802

Fairmount Pl., Apt. 4B, Bronx, NY 10460, and to note the mailing on the docket.

**SO ORDERED.**

Date:  **September 2, 2021**
       **New York, NY**

_____
       **VALERIE CAPRONI**
       **United States District Judge**