


September 9, 2023

**Via ECF**
The Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

>  Re:   In re: New York City Policing During Summer 2020 Demonstrations, No. 20-CV-8924
>
>  *This Filing is Related to: Payne v. de Blasio*, 20 Civ. 8924; *People of the State of New York v. City of New York*, No. 21-cv-322; *Gray, et al v. City of New York, et al*, No. 21-cv-06610; *Rolon, et al v. City of New York*, et al, No. 21-cv-2548.

Dear Judge McMahon:

      We represent the Plaintiffs in *Payne v. de Blasio* and write respectfully on behalf of Plaintiffs in the consolidated cases to oppose Intervenor-Defendant Police Benevolent Association's (PBA) letter motion for reconsideration of the Court's entry of the stipulation of dismissal pursuant to Rule 41(a)(2) of the injunctive claims, ECF No. 1103, and leave to file an opposition thereto. *See* ECF No. 1104. Any opposition would be futile as the PBA does not have standing as a non-settling defendant to object to the partial settlement.

      The Second Circuit has made clear that "a non-settling defendant generally lacks standing to object to a court order approving a partial settlement because a non-settling defendant is ordinarily not affected by such a settlement."[1] *Bhatia v. Piedrahita*, 756 F.3d 211, 218 (2d Cir. 2014) (citing *Zupnick v. Fogel,* 989 F.2d 93, 98 (2d Cir.1993)). Rather, a non-settling defendant must "demonstrate that it will sustain some formal legal prejudice as a result of the settlement." *Id.* Such prejudice exists in "rare circumstances" such as where it strips a non-settling party of a legal claim or cause of action. *Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 514, 517 (S.D.N.Y. 2016). "This rule advances the policy of encouraging the voluntary settlement of lawsuits." *Zupnick*, 989 F.2d at 98 (quotation marks and citation omitted).

---

[1] Although the Second Circuit concluded that the PBA and other intervenor unions had standing to intervene to defend against the Plaintiffs' claims, *In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792 (2d Cir. 2022), such an interest in the litigation does not create standing to object to a voluntary settlement pursuant to 41(a)(2) without a showing of legal prejudice.

Here, the PBA did not assert any cross or counterclaims in its answers, *see* ECF Nos. 563, 564, 734, 735, or at any time during the subsequent year as an intervenor-defendant in the case. Thus, the PBA will not sustain any formal legal prejudice.[2] Moreover, the PBA is not a party to the Settlement Agreement, and it does not impose any obligations or duties on the union. ECF No. 1099-2 ¶ 140[3]; *Cohen v. DHB Indus., Inc.*, 658 F. App'x 593, 595 (2d Cir. 2016)(denying an intervenor's appeal of a 41(a)(2) voluntary dismissal order because the intervenor was not a party to the underlying settlement agreement and thus could not show legal prejudice); *cf. Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529–30 (1986) (denying objection to consent decree where the agreement "does not bind Local 93 to do or not to do anything").

Accordingly, any objection to the Settlement Agreement by the PBA is futile and thus its motion for reconsideration of the approval of the dismissal pursuant to Rule 41(a)(2) should be denied. If the Court does invite briefing, Plaintiffs submit that the PBA's request for 30 days is too long and propose a more expedited timeline of two weeks each for the opening brief and opposition, and five days for reply.

Thank you for your time and consideration of this matter.

Respectfully submitted,

---

[2] Nor can the PBA establish any prejudice from the process, as it has been a party to the mediation and had the opportunity to share its views to the City Defendants and the parties. Its mere disagreement with the ultimate compromise resulting from that process does not create legal prejudice.

[3] Paragraph 140 provides:

> Nothing contained in this Stipulation shall abridge, limit, infringe, and/or otherwise restrict the statutory rights of uniformed members of service and/or the recognized employee organizations that represent the respective uniformed members of service, as codified in NYCCBL Section 12-307(a) and (b), as well as the respective collective bargaining agreements by and between the City and the respective recognized employee organizations. Implementations and/or enforcements of this provision that may run afoul of said rights shall be subject to adjudication through either actions under NYCCBL or grievance/arbitration procedures contained in the respective collective bargaining agreements by and between the City and the respective recognized employee organizations.

| | |
|---|---|
| NEW YORK CIVIL LIBERTIES UNION FOUNDATION | THE LEGAL AID SOCIETY |
| By: *s/Molly K. Biklen* <br> Molly K. Biklen <br> Jessica Perry <br> Daniel R. Lambright <br> Robert Hodgson <br> Veronica Salama <br> Perry Grossman <br> Lisa Laplace <br> Christopher T. Dunn <br> 125 Broad Street, 19th Floor <br> New York, NY 10004 <br> (212) 607-3300 <br> jperry@nyclu.org <br> mbiklen@nyclu.org <br> dlambright@nyclu.org <br> rhodgson@nyclu.org <br> llaplace@nyclu.org <br> cdunn@nyclu.org | By: *s/ Corey Stoughton* <br> Corey Stoughton <br> Jennvine Wong <br> Rigodis Appling <br> Paula Garcia-Salazar <br> 199 Water Street <br> New York, NY 10038 <br> (212) 577-3367 <br> cstoughton@legal-aid.org <br> jwong@legal-aid.org <br> rappling@legal-aid.org |

*Attorneys for the Payne Plaintiffs*

Cc: All counsel of record by ECF