# LAW OFFICES OF ROBERT S. SMITH

50 Riverside Drive, New York, NY 10024 TEL. 917-225-4190

**HON. ROBERT S. SMITH (RET.)**
robert.smith@rssmithlaw.com

September 8, 2023

Hon. Colleen McMahon
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

<u>In re New York City Policing During Summer 2020 Demonstrations</u>,
1:20-cv-08924-CM

Dear Judge McMahon:

The letter to you dated today from counsel for the *Payne* plaintiffs is an attempt to deprive the PBA of the most elementary due process.

Having made a motion for approval of a settlement without disclosing the existence of a non-settling party, and thereby misled the Court into granting the motion as though it were unopposed, the *Payne* plaintiffs now say that is no problem, because the non-settling party lacks standing to oppose the settlement. That is incorrect, but even if it were correct that would not justify what the *Payne* plaintiffs are asking the court to do here – to grant their motion *ex parte*, without permitting the opponent of the motion to brief the standing issue or any other.

FRCP 41(a)(1) permits dismissal of an action only by notice of dismissal before answer, or by a stipulation signed by *all* parties. Rule 41(a)(2) requires a Court order in all other circumstances. The parties other than the PBA have made a motion for such an order. Under Local Civil Rule 6.1(b), when a motion is made, opposing papers may be filed within fourteen days. There is no provision in any rule that permits *ex parte* determination of a motion based on a claim, which the opponent has had no opportunity to challenge, that the opponent lacks standing.

      While the standing issue, as well as the merits of the settlement, should be dealt with by briefing in the normal way, I will say here that the *Payne* plaintiffs' view of standing would effectively nullify the decision of the Second Circuit granting the PBA's motion to intervene in these cases. In *In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2d Cir. 2022), the Second Circuit held that "the PBA identified a direct, substantial and legally protectable interest in officer safety that may be impaired by the disposition" of these actions. The Circuit explained that "changing the policies that govern officer conduct may affect officer safety" and added that because the "nature and scope of any injunctive relief and accommodations could turn on political calculations with respect to which the individual officer defendants would not be influential and to which they may not even be privy. . . the PBA has identified an interest that may be impaired by the disposition of the consolidated actions." *Id.* at 804.  Finally, the Second Circuit held that "the PBA has met its burden to demonstrate that the City's representation may be inadequate." *Id.* at 803.

      For this Court to approve a disposition of this action – one that "change[s[ the policies that govern officer conduct" and thus "may affect officer safety" – without even considering whether that disposition impairs the interest of the PBA would turn the Second Circuit decision into a pointless exercise. This Court would be holding, in effect, that parties who, as the Second Circuit determined, do not adequately represent the PBA's interest in officer safety may nevertheless impair that interest at will.

      I respectfully reiterate my request that the Court vacate its order granting the motion for approval of the settlement, and permit briefing and argument on the motion.

                                                               Respectfully yours,

                                                               Robert S. Smith