```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In Re New York City Policing During
Summer 2020 Demonstrations                                          20 cv 8924 (CM)(GWG)

----------------------------------------------------------------x

THIS FILING PERTAINS TO ALL CASES

----------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/2023

ORDER RESCHEDULING CONFERENCE

McMahon, J.:

    Long ago, we scheduled a status conference in these cases for this Thursday, September 13. In light of last week's developments, I want to postpone that conference until the briefing on the PBA's motion is complete. I am rescheduling it for Monday, November 6, 2023 at 2 PM. If that date does not work, please let me know and we will find another.

    I have spent a good deal of time this weekend thinking about the PBA's opposition to the settlement to which all other parties seem to have agreed. The complaints in the recently-settled actions are not class action complaints, so there is no mechanism of which I am aware that allows the court to "approve" or "disapprove" the settlement. I am well aware that the Second Circuit has spoken disapprovingly of efforts by a judge to impose an approval process on a case that is not a class action. The briefing on the PBA's motion should thus address whether the Second Circuit's grant of intervention gave this court the power to do anything other than sign off on the Stipulation of Voluntary Dismissal as to some parties in a non-class action, which is what I can do (and what I did do last week) in the ordinary course.

    Right now, I can think of the following questions I would like answered: Was the PBA involved in settlement negotiations and to what extent? Does the grant of intervention mean that the PBA can veto any settlement in the cases seeking injunctive relief that it does not like? If so, does that mean that an intervening party like the PBA can force the rest of the litigants to try those cases on the merits? How about force them to try them as to remedy only? If intervention does not give the PBA the power to veto a settlement among the rest of the parties to the settling lawsuits, do we handle this in the usual way, which is to enter the settlement among the agreeing parties and take the four cases to trial against the PBA alone? If so, wouldn't that scuttle the settlement, since the results in any trial among fewer than all parties could impact the remedy to which the settling parties agreed? Is the PBA's disagreement with a settlement agreed to by the City and the other unions a labor relations issue, rather than a litigation issue?

    I want the parties to focus on these questions, and any similar questions that might have occurred to you – which, for all I know, are questions of first impression. It will not help me to

hear about cases that do not involve intervening parties who will necessarily be impacted by the terms of a settlement that imposes an injunction. I expect a deep dive into these thorny issues.

I do not think it necessary for counsel in the settling class action cases to attend the November conference. We have our class action settlement approval schedule in place; and as the Second Circuit affirmed my decision denying the unions the right to intervene in the damages actions, I cannot think of a reason why the PBA's opposition to the settlement of the Attorney General's case and the *Payne, Grey* and *Rolon* cases should impact that schedule. Again, if I am missing something you should let me know immediately.

I apologize for the last minute cancellation of Thursday's conference, but it simply makes no sense to hold it now.

Dated: September 11, 2023

_____
U.S.D.J.

BY ECF TO ALL COUNSEL
BY EMAIL TO MAGISTRATE JUDGE GORENSTEIN