

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE  
CIVIL RIGHTS BUREAU

February 23, 2024

**By Electronic Filing**

Hon. Colleen McMahon, U.S.D.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

      **Re:** *In re: New York City Policing During Summer 2020 Demonstrations,*
            *No. 20-CV-8924*
            This Letter is Related to All Cases

Dear Judge McMahon:

      I write on behalf of the Plaintiffs and City Defendants regarding the Court's February 7, 2024 Decision & Order (ECF No. 1147) granting the Settling Parties' Joint Motion requesting entry of a stipulated order of dismissal and that the court retain jurisdiction to enforce the terms of an injunctive settlement (the "Injunctive Stipulation") pursuant to Federal Rule 41(a)(2) (ECF Nos. 1099, 1099-1, 1099-2). In that Order, the Court indicated that it would "execut[e] the stipulations presented to the Court by the Settling Parties," which were previously filed, *id.*, and further invited the parties to file stipulations as to the non-injunctive claims that remain. *See* ECF No. 1147 at 41, n. 11.

      The Parties have a difference of opinion as to the effect of the Court's February 7 Order on the Injunctive Stipulation and respectfully request a status conference regarding the issues raised herein.

      Plaintiffs' position is that the terms of the Agreement are currently in effect as approved on February 7 and that the Court will effectuate its dismissal of the injunctive claims by endorsing the Injunctive Stipulation currently docketed at ECF Nos. 1099-1 & 1099-2, which the Court has already indicated it will do. *See* ECF No. 1147 at 41. Plaintiffs with damages claims will then submit stipulations dismissing the remaining claims in those cases. To the extent Defendants will seek a stay of the Agreement, there would be no basis to do so.

      Defendants have been informed by counsel for the PBA that it intends to appeal the Court's February 7, 2024 Decision and Order denying its motion. It is defendants' position that the terms of the Settlement Agreement, therefore, could not possibly go into effect if there is any chance, however remote, that the Second Circuit would reverse the Court's February 7, 2024

Hon. Colleen McMahon
Page 2

Decision and Order.[1] This procedural posture significantly impacts defendants' ability to implement agreed-upon terms in the Agreement, including but not limited to, carrying out the Phase I training and paying attorneys' fees. Therefore, defendants will, by separate motion, seek that the Court stay the terms of the Agreement (to the extent it views them as currently in effect), as well as the requirement to file any other stipulations of dismissal, until such time as PBA files notice of appeal- which defendants believe is on or before March 8, 2024. Furthermore, if the PBA does in fact appeal, defendants would seek that the terms of the Settlement Agreement be stayed until the outcome of the appeal.

   We therefore respectfully request the Court's guidance regarding the status of the 41(a)(2) order at a court conference and thank the Court for its consideration.

               Sincerely,

               */s/ Travis W. England*
               Travis England, Deputy Bureau Chief
               Civil Rights Bureau
               Office of the New York State Attorney General
               Tel: 212-416-6233
               Travis.England@ag.ny.gov

CC: All counsel of record (via ECF)

---

[1] Defendants' concern is exacerbated by the Second Circuit's ruling that allowed the PBA to have the role of a Defendant-Intervenor in this matter.