STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

February 28, 2024

**By Electronic Filing**

Hon. Colleen McMahon, U.S.D.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

Re: *In re: New York City Policing During Summer 2020 Demonstrations, No. 20-CV-8924*
This Letter is Related to All Cases

Dear Judge McMahon:

I write on behalf of the consolidated Plaintiffs to oppose City Defendants' letter request for a stay. (ECF No. 1152.) Defendants must begin to comply with the Settlement Agreement, which is in effect, because they fail to establish a basis for suspending that obligation.

Defendants cite no standard from statute or case law that, if satisfied, would merit the relief they seek. *Id.* Nor do they specify what "costly and irreversible consequences" they will suffer absent a stay of the Court's February 7 Order. *Id.* at 1. As Defendants acknowledge, Phase I of the Agreement merely "allows the NYPD to develop training and policy consistent with the terms of the Settlement Agreement." (ECF No. 1130 at 6.) Nothing about the ordinary work of training and policy making suggests that Defendants would be irreversibly prejudiced by continuing to comply with the Agreement over the next week.

The possibility of the PBA obtaining a stay pending appeal, as unlikely as it is, cannot serve to justify the stay Defendants seek, either. Whether to stay the Order pending appeal would initially be subject to this Court's discretion (not the Court of Appeals) after considering these factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (footnote omitted); *see* Fed. R. App. P. 8(a)(1) (providing that "[a] party must ordinarily move first in the district court" for "a stay of the judgment or order of a district court pending appeal"). If the PBA does make that motion to this Court, we would oppose it at that time. We note, however, that Defendants' assumption that a stay pending appeal would be

Hon. Colleen McMahon
Page 2

granted is baseless, given that an appeal would likely fail on the merits and the PBA could not prove any prejudice would result if the Agreement remained in effect. (ECF No. 1152 at 1.)

    Accordingly, Plaintiffs respectfully request that the Court deny the stay motion and retain jurisdiction to enforce the terms of an injunctive settlement by endorsing the Injunctive Stipulation (ECF Nos. 1099-1, 1099-2), pursuant to Federal Rule 41(a)(2).

    Sincerely,

    *s/Lillian Marquez*
    Lillian Marquez, Deputy Bureau Chief
    Law Enforcement Misconduct Investigative Office
    Office of the New York State Attorney General
    Tel: 212-416-6401
    Lillian.Marquez@ag.ny.gov

CC: All counsel of record (via ECF)