**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/9/24

In Re: New York City Policing During Summer 2020
Demonstrations

20-cv-8924 (CM)(GWG)

------------------------------------------------------------x

## DECISION AND ORDER DENYING THE POLICE BENEVOLENT ASSOCIATION'S MOTION TO STAY PENDING APPEAL

McMahon, J.:

The Court generally assumes the parties' familiarity with the underlying facts, the procedural history, and the legal issues, to which I refer only as necessary to explain this decision. The relevant context is set forth in the Court's prior opinion and order, *In re New York City Policing During Summer 2020 Demonstrations,* No. 20-CV-8924 (CM)(GWG), 2024 WL 476367 (S.D.N.Y. Feb. 7, 2024) ("*In re NYC Policing*"), which is the subject of the present motion.

Intervenor-Union Police Benevolent Association of the City of New York, Inc. (the "PBA"), requests a stay pending appeal of the Court's decision and order approving the settlement (the "Settlement") in *In re NYC Policing*. (Dkt. No. 1157 ("Mot.")). Plaintiffs oppose the motion. (Dkt. No. 1160).

The PBA's motion is denied.

In ruling on a motion for a stay pending appeal, the Court must consider four factors: "(1) whether the stay applicant has made a *strong* showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public

1

interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (citation omitted). "A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* at 433 (brackets, quotation marks, and citation omitted; emphasis added). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34. "The first two factors ... are the most critical." *Id.* at 434. "It is not enough that the chance of success on the merits be better than negligible." *Id.* "[M]ore than mere possibility of relief is required." *Id.* "By the same token, simply showing some possibility of irreparable injury fails to satisfy the second factor." *Id.* at 434-35. It is only "[o]nce an applicant satisfies the first two factors" that "the ... stay inquiry calls for assessing the harm to the opposing party and weighing the public interest." *Id.* at 435.

As to the first stay factor, the PBA argues that it is "likely to succeed on appeal." Mot. at 1. I respectfully disagree.

To support its assertion of likelihood of success, the PBA simply reiterates the same arguments made in its motions preceding *In re NYC Policing* – arguments that were extensively analyzed and rejected by the court – and disagrees with my interpretation of the case law cited in that decision. *See* Mot. at 1-3. For the reasons already stated in *In re NYC Policing,* I conclude that this showing is inadequate to satisfy the first and most important factor for a stay pending appeals. The PBA has not identified anything that the court overlooked in reaching its decision, nor has it located new case law that would tend to undermine this Court's opinions. It disagrees with the Court's conclusions, but suggests no new or convincing reason why those conclusions are incorrect. Thus, the PBA has not demonstrated that it is likely to succeed on the merits of their appeal, let alone made the "strong showing" required in order to obtain a stay pending appeals.

As to the second stay factor, the PBA has not shown that it will be "irreparably injured absent a stay." *Nken*, 556 U.S. at 434. The PBA argues that the Settlement jeopardizes officer safety. Mot. at 3. Again, this was an argument considered and rejected by the Court in *In re NYC Policing*. Nothing in the PBA's motion suggests that the Court was in error when it concluded, "on the basis of the record before me, that [this] settlement incorporating a current understanding of best policing practices is inconsistent with officer safety." *In re NYC Policing*, 2024 WL 476367, at *21.

The PBA also argues that the risk of harm will grow "with each successive phase of the oversight plan." Mot. at 3. The PBA worries that officers may be obliged to implement new policing policies and undergo the training contemplated by the Settlement while the Second Circuit is considering this appeal. But the PBA does not explain how this would harm it or its members, let alone irreparably so. It simply speculates that here in New York, a settlement similar to settlements that have been successfully implemented at police departments in other cities will somehow prove inadequate. It offers no evidence in support of this suggestion and the Court sees no reason to think that the same result will not occur here. Thus, the Court does not find that the PBA will be irreparably harmed in the absence of a stay.

Because the PBA has not established either of the two "most critical" factors of the test for a stay pending appeal, the Court need go no further. *Nken*, 556 U.S. at 434-35. But even if the Court were to consider the remaining two factors, they either favor denial of the stay or are neutral. I suppose the City might suffer some harm in the form of sunk cost if it implements the first steps of a settlement that may be overturned on appeal. However, the City has not yet sought a stay pending appeal (though it has threatened to do so), and since it is not an aggrieved party – it did, after all, agree to the Settlement – I doubt very much whether it could satisfy any of the factors

3

required for a stay pending appeal. The Settling Parties have agreed that the Settlement terms are needed to protect the public from potentially ongoing unlawful policing practices at issue in this case. To the extent the City requires a quick decision on the merits of the PBA's appeals, an expedited appeal to the Second Circuit is the answer. It is also the answer to the PBA's unsupported conjecture that implementing the settlement will injure its members in some unspecified way. However, expediting the appeal is not within my gift.

Finally, "the public interest lies" in implementing the terms of the Settlement, which was signed off on by the various plaintiffs, including the New York State Attorney General, as well as the City of New York, all individually named defendants (which including current and former employees of the City and NYPD) and two of the three unions representing police officers, the Sergeants Benevolent Association and the Detectives' Endowment Association. It is the PBA that is the outlier here. As I previously explained in *In re NYC Policing*, the public interest is clearly served by the effectuation of this Settlement. *See id.* at *18-21.

Accordingly, the PBA's motion to stay the Settlement pending appeal is denied. The Court will endorse the stipulations of dismissal when they are provided by the Settling Parties.

## CONCLUSION

This constitutes the decision and order of the Court. It is a written decision.

Dated: April 9, 2024

_____
U.S.D.J.

BY ECF TO ALL COUNSEL