UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations | 20 Civ. 8924 (CM)(GWG) |
| | [~~PROPOSED~~] ORDER |
| This filing is related to:<br><br>*Payne v. de Blasio*, 20 Civ. 8924;<br><br>*People of the State of New York v. City of New York*, No. 21-cv-322;<br><br>*Gray, et al v. City of New York, et al*, No. 21-cv-06610;<br><br>*Rolon, et al v. City of New York*, et al, No. 21-cv-2548. |  USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 4/17/2024 |

Consistent with the Court's February 7, 2024 Decision and Order (ECF No. 1147) granting the Parties' Joint Motion to Dismiss Injunctive Claims with Prejudice and Retain Jurisdiction (ECF No. 1099), the Court hereby enters this Stipulation of Dismissal, retaining jurisdiction to enforce the attached Stipulated Order Pursuant to Fed. R. Civ. P. 41(a)(2) (the "Agreement") in accordance with its terms for the duration of the Agreement, and incorporates into this Order the terms of the Agreement, which is annexed hereto as Exhibit A. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (recognizing that a federal district court may retain jurisdiction to enforce a "dismissal-producing settlement agreement" in its order); *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015); *see, e.g.*, So-Ordered Stipulation of Voluntary Dismissal With Prejudice, *Dannhauser v. TSG Reporting, Inc.*, No. 16

Civ. 747 (S.D.N.Y. Dec. 20, 2017), ECF No. 93.[1]  Subject to the terms of this Order, the Court dismisses the remaining injunctive claims in the consolidated cases in the above-captioned action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

SO ORDERED this 17 day of April, 2024.

_____
Hon. Colleen McMahon
United States District Judge

---

[1] *See also* Memo Endorsement Order, *Dannhauser v. TSG Reporting, Inc.*, No. 16 Civ. 747, (S.D.N.Y. July 9, 2019), ECF. No. 109 at 1, 13 (Court's endorsement of magistrate judge's report and recommendation finding the Court did have ancillary jurisdiction to decide dispute.)