UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations<br><br>This filing is related to:<br>*People, Payne, Gray,* and *Rolon* | CIVIL ACTION NO. 20 Civ. 8924 (CM)<br><br>**PROPOSED CONFIDENTIALITY STIPULATION AND ORDER GOVERNING THE EQUITABLE SETTLEMENT AGREEMENT** |

**WHEREAS**, the parties in *People, Payne, Gray,* and *Rolon* have entered into a Settlement Agreement regarding equitable relief sought in the above-referenced Action on September 5, 2023 (hereinafter referred to as "the Agreement"); and

**WHEREAS,** the Court endorsed that Agreement on February 7, 2024, ECF No. 1147 and accordingly dismissed those claims with prejudice on April 17, 2024, ECF No. 1167; and

**WHEREAS,** pursuant to the terms of the Agreement, the Court will continue to retain jurisdiction over this Agreement; and

**WHEREAS,** the parties have agreed to the formation of a Collaborative Committee to review the NYPD's implementation of the terms of the Agreement; and

**WHEREAS,** as part of that Agreement, the City Defendants have agreed to produce documents to the New York City Department of Investigation ("DOI"), as well as certain documents to the Plaintiffs; and

**WHEREAS,** as part of that Agreement, DOI may share certain documents it receives as part of the Agreement with the parties thereto and other members of the Collaborative Committee; and

1

**WHEREAS,** the parties share a desire for the Collaborative Committee to work productively and candidly; and

**WHEREAS,** the City Defendants have an interest in preventing the inappropriate use of information learned or documents obtained by parties to the Agreement, including an attorney of record for that party and any member of staff of that attorney's office, or experts and consultants specifically retained by them to assist in the oversight phase, and members of the Collaborative Committee; and

**WHEREAS,** the term "Consolidated Cases" is defined below; and

**WHEREAS**, the parties seek to ensure that the confidentiality of these documents and information remain protected from inappropriate disclosure; and

**WHEREAS**, good cause therefore exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

**THE COURT HEREBY ORDERS THAT:**

1. As used herein, "Consolidated Cases" shall mean the following related cases pending before this Court:

    a. *Payne, et al. v. Mayor Bill de Blasio et al.*, No. 20-cv-8924;

    b. *People of the State of New York v. City of New York et al.*, No. 21-cv-322;

    c. *Gray et al. v. City of New York, et al.*, 21-cv-6610; and

    d. *Rolon et al. v. City of New York, et al.*, 21-cv-2548.

2. "Plaintiffs" refers to any plaintiffs in any of the Consolidated Cases.

3. Pursuant to Paragraph 104 of the Settlement Agreement, and all definitions therein, the Collaborative Committee shall be comprised of:

    a. The Commissioner of the Department of Investigation;

    b. The FAA Senior Executive;

      c.    A representative of the Office of Corporation Counsel;

      d.    A representative from an Intervenor Union[1];

      e.    A representative from the Office of the Attorney General; and

      f.    Two attorneys from the Plaintiffs' attorneys in the Consolidated Cases as defined above.

4.    "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party to the Consolidated Cases or member of the Collaborative Committee who is not the "Producing Party," as defined herein for that document or information.

5.    "Confidential Information" shall mean information, documents, or media shared by any party to the Consolidated Cases with a Receiving Party or any member of the Collaborative Committee or their agent or employee or expert or consultant (hereinafter referred to as "Committee Member") except as follows:

      a.    Any information that has been obtained through a New York Freedom of Information Law (FOIL) request, or information that is otherwise publicly available or has been publicly disclosed, such as general information regarding FAAs and enforcement at FAAs;[2]

      b.    Information obtained independently of Producing Party even if such material was also provided by the Producing Party;

---

[1] Intervenor Unions are defined as parties to the Agreement, meaning the SBA and the DEA.

[2] As set forth in the Agreement, "FAAs" or "First Amendment Activity," shall refer to any protest or demonstration at which individuals are expressing their rights under the First Amendment to the United States Constitution and Article I, Section 8 of the New York State Constitution. A protest and a counter-protest in the same general location shall be considered a single FAA for purposes of the Agreement.

  c. Any information shared by any party or member of the Collaborative Committee if the Producing Party agrees that the information should not be confidential;

  d. Any information the Office of the Attorney General ("OAG") determines in good faith that such disclosure is required by law, judicial order, decree or ruling, such as any disclosure required by Sections 84 through 90 of the New York Public Officers Law and 13 N.Y.C.R.R. Section 120. The OAG shall provide as much advance notice to the Members of the Collaborative Committee as is reasonably possible under the circumstances before disclosure of such information.

6. Any communications, recommendations, or discussions made exclusively for or during the Collaborative Committee meetings shall be confidential except as provided in paragraph 5 of this Confidentiality Stipulation and Order, relevant portions of paragraphs 119 and 121 of the Agreement, or as agreed to by all members of the Collaborative Committee.

7. No Receiving Party may share Confidential Information in any way outside the scope of their duties and involvement in the Oversight process. Attorneys for a Receiving Party shall not disclose the Confidential Information to any person other than to a party, an attorney of record for that party or any member of the staff of that attorney's office, or experts and consultants specifically retained by them to assist in the Oversight phase, provided that all such individuals sign appendix A to this Confidentiality Stipulation and Order agreeing that they will not disclose such material or use it for any purpose other than to engage in the Collaborative Process and Oversight phase as set forth herein and the Agreement.

8. In the event that any party makes a motion pursuant to the terms of this Agreement, to the extent that it wishes to attach or reference Confidential Information in such a motion, it shall give five (5) days' notice to the Producing Party of its intention to use Confidential Information

4

and its justification therefore. If the Producing Party wishes to have the identified Confidential Information submitted under seal, it shall have ten (10) days to seek permission to file papers under seal in accordance with the Court's individual practices and shall indicate whether any party objects to that request. This Court will review any Confidential Information *in camera*.

9. The Agreement directs DOI to file two reports (at Month 30 and Month 36) with the Court. The DOI may use Confidential Information in its reports filed with the Court, but such information shall be altered or redacted to avoid revealing privileged information or the identity of any NYPD employee. Once DOI discloses Confidential Information in these reports, it is no longer confidential.

10. Any party to this Confidentiality Stipulation and Order shall have the right to petition this Court to enforce its terms.

11. Every Committee Member must be a signatory to this Confidentiality Stipulation and Order to participate in the Collaborative Committee in any way.

12. This Confidentiality Stipulation and Order enhances but does not in any other way revoke, supersede, or modify any prior Confidentiality Stipulations and/or Orders from this Court or written agreements among the parties.

13. During the Agreement and thereafter, this Court shall retain jurisdiction over all persons subject to this Confidentiality Stipulation and Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

14. Willful violation of the terms of this Confidentiality Stipulation and Order may result in appropriate sanctions to be determined and imposed by the Court.

15. The Producing Parties shall designate documents Confidential Information by watermarking and/or by designating such Confidential Information in a writing as "CONFIDENTIAL ONLY FOR USE BY COLLABORATIVE COMMITTEE, 20-CV-8924."

16. The disclosure of documents or information without designating it as Confidential

Information shall not constitute a waiver of the right to do so post-production. The Producing Party reserves the right to designate any material as confidential pursuant to this Confidentiality Stipulation and Order if necessary, after production of such documents. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Confidentiality Stipulation and Order. Individuals who reviewed the non-designated material prior to notice of their new confidential designation shall abide by the provision of this Confidentiality Stipulation and Protective Order with respect to all future use and disclosure of said material.

17. This Confidentiality Stipulation and Order will survive the termination of the Agreement and this Court's jurisdiction in the above-captioned actions and will continue to be binding upon all persons with Confidential Information. All documents or information that have been designated Confidential Information pursuant to this Confidentiality Stipulation and Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Agreement has terminated, the Confidential Information, including all conforming or non-conforming copies thereof, shall not be used by Plaintiffs, or anyone receiving the Confidential Information for any purpose.

18. This Confidentiality Stipulation and Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Confidentiality Stipulation and Order, which shall be binding upon and effective as to all Parties. The signed counterpart shall be deemed the "original" for the purpose of signing this Confidentiality Stipulation and Order pursuant to Rule 5 of the Federal Rules of Civil Procedure.

19. Within 30 days after the termination of this Agreement, including any appeals, the Confidential Information, including all copies (other than the Court's copies of such Confidential Information), shall be returned to the Producing Party or, upon the Producing Party's consent,

destroyed; except that the Receiving Party(s) may retain one copy of the Confidential Information, and any Confidential Information containing plaintiff attorney work product (including but not limited to, notes, and other materials containing or referring to the contents of Confidential Information), to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect the Receiving Party's own information of similar nature) are imposed to prevent the use of the Confidential Information for any other purpose. Confidential Information which was uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Information and shall also be safeguarded by the Receiving Party in the same manner as described in this paragraph.

**SO ORDERED:**

                                                                                      _____
                                                                                      Hon. Colleen McMahon
                                                                                      United States District Judge

Dated: _____
       New York, New York

THE LEGAL AID SOCIETY

*/s/ Jennvine Wong*
Jennvine Wong
Paula Garcia-Salazar
Rigodis Appling
Philip Desgranges
49 Thomas Street
New York, NY 10013
(212) 577-3367
jwong@legal-aid.org

NEW YORK CIVIL LIBERTIES UNION FOUNDATION

*/s/ Molly. K. Biklen*
Molly K. Biklen
Jessica Perry
Daniel R. Lambright
Robert Hodgson
Veronica Salama
Lisa Laplace
Perry Grossman
Christopher T. Dunn
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
mbiklen@nyclu.org

SELENDY GAY PLLC

*/s/ Corey Stoughton*
Corey Stoughton, Special Counsel
1290 Avenue of the Americas
New York, NY 10104

*Counsel for Plaintiffs in Payne v. De Blasio, 20 Civ. 8924*

LETITIA JAMES
*Attorney General of the State of New York*

By: /s/  *Travis England*
Sandra Park, Chief, *Civil Rights Bureau*
Travis England, *Deputy Chief, Civil Rights Bureau*
Lois Saldana, *Assistant Attorney General*
Zoe Ridolfi-Starr, *Assistant Attorney General*
Lillian Marquez, *Deputy Chief, LEMIO*
Office of the New York State Attorney General
28 Liberty Street, 20th Floor
New York, NY 10005
(212) 416-6233
Travis.England@ag.ny.gov

*Counsel for People of the State of New York v. City of New York, 21 Civ. 322*

**MURIEL GOODE-TRUFANT**
Acting Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, 3rd Floor
New York, New York 10007

By: */s/ Omar J. Siddiqi*
Omar Siddiqi
Senior Counsel

*Counsel for Defendants*

8

*/s/ Robert D. Balin*
Robert D. Balin
Nimra H. Azmi
Abigail Everdell
Kathleen Farley
Alexandra Settelmayer
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Phone: (212) 489-8230
Fax: (212) 489-8340
robbalin@dwt.com
abigaileverdell@dwt.com
kathleenfarley@dwt.com

Wylie Stecklow
WYLIE STECKLOW PLLC
Carnegie Hill Tower
152 W. 57th Street, 8th Floor
NY NY10019
(t) 212 566 8000
ecf@WylieLAW.com

Mickey H. Osterreicher
General Counsel
NATIONAL PRESS PHOTOGRAPHERS
ASSOCIATION
70 Niagara Street
Buffalo, New York 14202
Tel: (716) 983-7800
Fax: (716) 608-1509
lawyer@nppa.org

Alicia Calzada (pro hac vice)
ALICIA WAGNER CALZADA, PLLC
Deputy General Counsel
National Press Photographers Association
926 Chulie Drive, suite 16
San Antonio, TX 78216
210-825-1449
Alicia@calzadalegal.com

*Co-Counsel for Plaintiffs in Gray v. City of New York et al, 21 Civ. 6610*

The Aboushi Law Firm PLLC

*/s/ Tahanie A. Aboushi*
Tahanie A. Aboushi, Esq.
Aymen A. Aboushi, Esq.
The Aboushi Law Firm
1441 Broadway, 5th Floor
New York, NY 10018

COHEN&GREEN P.L.L.C.

By: *Elena L. Cohen*
Elena L. Cohen
J. Remy Green
Jessica Massimi

1639 Centre Street, Suite 216
Ridgewood (Queens), NY 11385
 t: (929) 888-9480
 f: (929) 888-9457
 e: elena@femmelaw.com
    remy@femmelaw.com
    jessica@femmelaw.com

GIDEON ORION OLIVER

*/s/ Gideon Orion Oliver*
277 Broadway, Suite 1501
New York, NY 10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

*Counsel for Plaintiffs in Rolon, et al v. City of New York, et al, No. 21-cv-2548*

9

PITTA LLP

*/s/Stephen Mc Quade*
Stephen Mc Quade, Esq.
120 Broadway, 28th Floor
New York, New York 10271
*Telephone:* (212) 652-3885
smcquade@pittalaw.com

*Counsel for the Detectives' Endowment Association*


*/s/ Andrew Quinn*
_____

Andrew C. Quinn, Esq.
The Quinn Law Firm, PLLC
399 Knollwood Road, Suite 220
White Plains, New York 10603
Tel: (914) 997-0555
Fax: (914) 997-0550
Aquinn@quinnlawny.com

*Counsel for the Sergeants Benevolent Association*

## APPENDIX A

The undersigned hereby acknowledges that they have read the Confidentiality Stipulation and Order Governing the Equitable Settlement Agreement issued in the following specific actions:

a. *Payne, et al. v. Mayor Bill de Blasio et al.*, No. 20-cv-8924;

b. *People of the State of New York v. City of New York et al.*, No. 21-cv-322;

c. *Gray et al. v. City of New York, et al.*, 21-cv-6610; and

d. *Rolon et al. v. City of New York, et al.*, 21-cv-2548.

The undersigned understands the terms of said Confidentiality Stipulation and Order and agrees to abide by those terms, including but not limited to the duty to not use the Confidential Information defined therein for any purpose other than as permitted by the Confidentiality Stipulation and Order, and will not further disclose the Confidential Information except as provided therein.

Date: _____          Signature: _____

                                 Print Name:_____