

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: New York City Policing During Summer 2020 Demonstrations

CIVIL ACTION NO. 20 Civ. 8924 (CM)

This filing is related to:
*People, Payne, Gray,* and *Rolon*

~~PROPOSED~~ UNSEALING ORDER

**UPON THE APPLICATION OF PLAINTIFFS IN THE ABOVE CAPTIONED MATTER, WITH DEFENDANTS' CONSENT,** for the unsealing of records pertaining to the stops and/or arrests and/or prosecutions of non-party individuals who were involved in or witnesses to the protests subject to review by the Collaborative Review Committee, *see* ECF No. 1099-2 ¶ 104, (the "non-parties") that might otherwise be protected from disclosure by New York Criminal Procedure Law ("CPL") §§ 160.50 and/or 160.55;

**WHEREAS** such records are material and relevant to the enforcement of the Settlement Agreement in this case, ECF No. 1099-2, approved by the Court on February 7, 2024, ECF No. 1147 ("Settlement Agreement"); and

**WHEREAS** the Court has the authority to unseal these records in connection with the Settlement Agreement in these actions;

**IT IS HEREBY ORDERED** that the records in the possession, custody or control of the following entities pertaining to the stops and/or arrests and/or prosecutions of the putative class members and non-parties during the protests at issue in the above-captioned matters that are sealed pursuant to CPL §§ 160.50 and 160.55 are hereby unsealed for use by the Collaborative Review

Committee to carry out obligations under the Settlement Agreement consistent with this Order: (1) New York City Police Department; (2) New York County District Attorney's Office; (3) Bronx County District Attorney's Office; (4) Queens County District Attorney's Office; (5) Kings County District Attorney's Office; (6) Richmond County District Attorney's Office; (7) Supreme, Criminal, and/or Family Courts of New York County, State and/or City of New York; (8) Corporation Counsel of the City of New York; (9) New York City Civilian Complaint Review Board; (10) New York City Department of Investigation; (11) New York City Council; (12) Office of the Mayor of New York City; and (12) any other New York City agency;

**IT IS FURTHER ORDERED** that each entity listed above shall not be subject to the statutory sealing requirements of CPL §§ 160.50 and 160.55 as to sealed records regarding stops and/or arrests and/or prosecutions of the non-parties that are in the entity's possession, related to reviewing such records for potential disclosure and disclosing such records to the Department of Investigation and counsel for the parties in the course of implementing the Settlement Agreement;

**IT IS FURTHER ORDERED** that each entity listed above may disclose sealed records of stops and/or arrests and/or prosecutions of the non-parties that are in the entity's possession to counsel for the parties for use by the Collaborative Review Committee to carry out obligations under the Settlement Agreement consistent with this Order; and

**IT IS FURTHER ORDERED** that records unsealed pursuant to this Order and produced by the entities listed above to counsel for the parties for use by the Collaborative Review Committee to carry out obligations under the Settlement Agreement shall be produced without redaction of personally identifying information related to non-parties.

**SO ORDERED:**

_[signature]_

Hon. Colleen McMahon
United States District Judge

Dated: _May 6, 2025_
New York, New York