# EXHIBIT D

**NYPDU: Right to Observe and the Rights of the Press– Master Script**

| Title Slide | Narrative |
|---|---|
| Slide 1-4 | Training Objectives:<br><br>As an employee of the New York City Police Department, it is important for you to be aware of how to interact with members of the public and members of the media and/or press.<br><br>Upon the completion of this training, members of the service will know the differences between the public's right to observe/record and the rights of members of the media/press in the field. Members will act accordingly with all current laws and Department procedures.<br><br>Members of the service will be aware and trained on the following Department procedures:<br><br>• Administrative Procedure 304-21, When a Member of Service Encounters an Individual Observing, Photographing, and/or Recording Police Activity; and<br>• Patrol Guide Procedure 212-49, Incidents Involving Members of the Press. |
| Slide 5 | Why is this training important?<br><br>In 2020, New York enacted New York State Civil Rights Law Section 79-P and New York City Administrative Code section 25-189 to promote police accountability and transparency. These legislative bills known as the Right to Monitor Act and the Right to Lawfully Observe and/or Record, give the public the right to lawfully observe and record police activity. Members of the public can now record detentions, searches, arrest and the use of force in public areas and in certain situations in private areas. Uniformed member of service cannot interfere with those rights unless the individual recording causes actual interference with police action.<br><br>As general members of the public are granted these rights under New York State and New York City law, members of the press are granted more rights under the First Amendment's freedom of the press. Certain members of the press may be granted more access depending on their press credentials, this training will differentiate the different credentials officers may encounter in the field.<br><br>Overwhelmingly, for a member of the service in the New York City Police Department, the goal is to better serve the interest of the community and promote accountability and transparency. Members need to be aware of the different rights to record and we must serve to protect those rights while enforcing the law and Department procedures. |
| Slide 6 | For the purposes of this training, it is crucial to understand the following definitions in regards to domains and statuses:<br><br>A public area refers to spaces that are open to the public such as streets, sidewalks and parks, and is not exclusively used or owned by private entities.<br><br>Private areas are spaces owned, managed, and controlled by private entities, such as buildings, lobbies, workplaces and an individual's own property. |

NYPDU: Right to Observe and the Rights of the Press– Master Script

|  |  |
|---|---|
|  | Members of the service must be cognizant of the space they are entering and where the individual observing or recording is located. If a member of the public is recording in a private area, where the individual does not have permission or authority to enter or remain, officers may arrest the individual upon probable cause for criminal trespass even if they are recording. |
| Slide 7 | A general member of the public under the Right to Lawfully Observe and/or Record, is defined as "an individual who gathers content for private or public use and is not under arrest or in the custody of law enforcement."<br><br>Member of the press are individuals who gather, report or licenses news or content for the purpose of publishing, broadcasting, or cablecasting articles, commentaries, books, photographs, video, films, or audio by electronic print,, or digital media such as radio, television, newspaper, magazine, wire book, and the internet. These members of the press include but are not limited to an employee of a newsgathering organization, independent contractor, freelancer, or self-employed person |
| Slide 8 | Indicia of Being Members of the Press:<br><br>Members of the press may wear visible identification such as distinctive clothing, network labeling, insignias or logos, and/or carry professional equipment such as cameras, lights, microphones or audio recorders. These individuals may hold media or press credentials issued by the City of New York or from other jurisdictions or government entitles. The listed indicia or signs is not exclusive and an individual does not need to exhibit every one of the identified list to be considered a journalist or a member of the press. |
| Slide 9 | Members of the Department will respect the right to observe and allow members of the public and press to record in public spaces, including sidewalks, parks, locations of First Amendment Activities, and any other areas where people otherwise have a legal right to be present.<br><br>The right to observe and/or record police activity in public spaces will be subjected only to constitutional permissible reasonable time, place and manner restrictions. |
| Slide 10 | Members of the Department are reminded, they will not intentionally:<br>• Prevent or attempt to prevent an individual from recording police activities;<br>• Make threats, intimidate, or discourage the recording;<br>• Command or order the individual from recording when it is authorized under the law;<br>• Stop, seize, search, summons, or arrest an individual solely because the individual is recording police activity;<br>• Seize property or instruments used for recording;<br>• Delete or seize recorded images unless authorized by law; and/or<br>• Make copies of recordings without consent of that individual. |
| Slide 11 | Members of the Department will not make any arrest based solely on when an individual is exercising their Right to Observe and/or Record, such as in the insistence when an individual is:<br>• Taking photographs, videotaping, or making a digital recording;<br>• Requesting or making note of officer's shield numbers or names; |

**NYPDU: Right to Observe and the Rights of the Press– Master Script**

|  | |
|---|---|
|  | <ul><li>Criticizing the police or objecting to police activity;</li><li>Refusing to leave the area; and/or</li><li>Using cruse words or vulgar speech.</li></ul> |
| Slide 12 | Who is Authorized to do What?<br><br>A member of the general public retains the Rights to Observe and/or Record in accordance to New York State and New York City laws. These individuals may record police activity but cannot cross established frozen zones or established police perimeters for the purposes of observing or recording. Private citizens cannot enter and remain on private property without permission of the property owner or their representative for the purposes of recording police activity. |
| 13-14 | While out in the field, members of the service may encounter two category of media and press credentials. The first category are general members of the press.<br><br>General members of the press will be given access as close to activity as possible, with a clear line of sight and within hearing range of an incident, unaided by electronic devices. Members of the press may record police activity but cannot cross established frozen zones or police tapes for the purposes of observation or recording. Members of the Press can have press access to demonstrations on private property and will not be arrested for criminal trespass unless an owner or representative expressly indicates the press is not permitted to enter or remain on that property.<br><br>Officers are reminded, members of the press shall have access to any location where the public is permitted access. Officers may not put up "Police Line Do Not Cross" or "Crime Scene Do Not Cross" barrier tape or establish frozen zones for the purpose of preventing members of the press from viewing or recording the scene from a public place.<br><br>The following are examples of different press credentials. |
| Slide 15 | Who is Authorized to do What?<br><br>The second category of media and press credentials are holders of the Mayor's Office of Media and Entertainment press credentials otherwise known as MOME press credentials. These credentials are issued by the City of New York.<br><br>MOME press members retains the same rights as general members of the press and have additional privileges. MOME press card holders are allowed to cross police and fire lines but are not entitled to access the interior crime scenes or frozen areas for security reasons. MOME press holders are not required to leave the areas of concern but may be required to move upon police orders to a safe location. MOME press pass holders will not be subject to arrest for the solely documenting police activity or for not leaving the general area. All other press credentials will be required to leave area of concern upon lawful police orders. |
| Slide 16-18 | The City of New York may issue one of the following press cards:<br><br>A **Standard Press Card**, which will include the holder's picture, name, employment and an expiration date. |

**NYPDU: Right to Observe and the Rights of the Press– Master Script**

|  | |
|---|---|
|  | A **Reserve Press Card,** which will include the employment and an expiration date. These cards will not include a picture of the card holder.<br><br>A **Single Event Press Card,** which will include the holder's picture, name, employment, expiration date and the name of that particular event. These press cards are only valid for the duration of the identified event. |
| Slide 19-21 | How to verify press credentials?<br><br>Members of the media and press will carry valid credentials. These credentials may or may not contain a photo identification of the holder on the actual card but should contain the name of the holder and an expiration date.<br><br>Members of service may request members of the press for another form of photo identification to validate the press credentials on scene. Department members may also ask the credential holder which city or agency issued the credential, details about the associated media outlet or independent network.<br><br>If the individual has a MOME press card, members of the service may check the validity of the card at https://mome.my.site.com/CNYPressCard/s/<br><br>If members of the service have any additional inquiries, please contact the office of the Deputy Commissioner of Public Information (DCPI). |
| Slide 22-23 | Obstruction of Governmental Administration (OGA)<br><br>If a general member of the public or member of the press intentionally obstruct, impairs, or prevent a member of the service from performing an official function, by means of intimidation, physical force or interference the individual may be arrested for Obstruction of Governmental Administration or OGA, a New York State class A misdemeanor.<br><br>To establish probable cause, actual interference with police activity is required. Examples of actual interference include but are not limited to:<br><br>• Actual physical force  such as touching/ physically interfering with officer or suspect, by means of using a camera to obstruct officer's views;<br>• Intruding into the physical space necessary to perform officer functions and refusing to obey an order to move back;<br>• Purposefully engaging in passive behavior that prevents an officer from taking enforcement action such as blocking a prisoner van. |
| Slide 24 | Requirement When Any Member of the Press is Arrested<br><br>Members of the service are required by Administrative Code 14-189 to document instances in which an individual who was recording police activity is arrested or summonsed by indicating "RTR" for "Right to Record" on the summons |
| Slide 25-26 | If a Member of the Press is Arrested |

**NYPDU: Right to Observe and the Rights of the Press– Master Script**

|  | |
|---|---|
|  | If a member of the press is arrested during a First Amendment Activity for a Red Light Offense and presents a MOME pass credential or other government issued press credential, the arrest must be approved by either the Incident Commander or a ranking member from DCPI.<br><br>Red Light Offenses are: riot, incite to riot, non-violent obstruction of governmental administration, violation of emergency orders, disorderly conduct, trespass, criminal mischief 3 or 4, New York State Vehicle and Traffic Law 1156(a), and unlawful assembly.<br><br>If the arrestee is eligible for a Criminal Court summons, the presumption is that the summons will be issued on scene. The arrestee may be transported to an arrest processing facility or otherwise transported to another location only where the Incident Commander determines that the issuing process on scene would create a health and/or safety risk.<br><br>If the arrestee is brought to a police precinct for processing, members of the service will not seize press credentials under any circumstances regardless of which jurisdiction issued the press credentials. Officers will either return the press credentials to the individual once the Criminal Court Summons is written or voucher the press credential for safekeeping of the arrestee is proceed for an online arrest.<br><br>Members of service may also contact MOME at pressviolations@media.nyc.gov to provide a detail narrative as to why the individual's press card should be revoked. |
| Slide 27-28 | Conclusion<br><br>Thank you for your strict compliance.<br><br>For any question concerning press credentials and incident involving the press, please contact the Office of Deputy Commissioner of Public Information (DCPI) at 646-610-6700.<br><br>For any legal questions or concerns, please contact the Legal Bureau at (646) 610-5400.<br><br>Thank you, and as always, stay safe. |