# PITTA LLP
### Attorneys at Law



120 Broadway, 28th Floor
New York, New York 10271
Tel: (212) 652-3890
Facsimile: (212) 652-3891

**Stephen Mc Quade**
Partner
Direct Dial: (212) 652-3885
smcquade@pittalaw.com

June 27, 2025

**MEMO ENDORSED**

**VIA ECF**

Honorable Colleen McMahon, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 24A
New York, New York 10007

    Re:    **In re: New York City Policing During Summer 2020 Demonstrations**
            20-CV-8924 (CM)
            **Request for Judicial Clarification**

Dear Judge McMahon:

    My name is Stephen Mc Quade, Esq., and I am Partner with the law firm of Pitta LLP, attorneys for the Detectives' Endowment Association ("DEA"), which has been styled in the above-referenced matter as a Union-Intervenor and which is a signatory to the Stipulated Order of Settlement.

    In conformance with Section I(A) of Your Honor's Individual Practices and Procedures, the undersigned writes to the Court, on behalf of the DEA and the Sergeants Benevolent Association ("SBA"), which is the other Union-Intervenor that is a signatory to the Stipulated Order of Settlement, seeking clarification concerning the decision and order ("Press Training Order") issued by the Court with respect to the implementation of ¶ 89(h) of the Stipulated Order of Settlement, (*see* Dkt. 1207); specifically, the reference in the Press Training Order to Section XIII of the Stipulated Order of Settlement.

    As Your Honor is keenly aware, the Stipulated Order of Settlement was the product of countless telephonic, virtual, and in-person meetings amongst all parties, as well as the Court's Mediation/ADR Office, over the course of approximately two years. (*See* Dkts. 1166-1 and 1167). In the final version of this order that was approved by the Court, Section XIII contains two paragraphs (¶¶ 140 and 141) that specifically addressed the concerns that served as the Union-Intervenors' basis for their respective intervention. However, in the Press Training Order where it summarizes the contents of the Stipulated Order of Settlement, it states on page four: "Section XIII is entitled 'Other Provisions.' There aren't any." (Dkt. 1207).

Although the DEA and SBA are cognizant that the Press Training Order does not touch upon the mutually-agreed upon covenants contained in ¶¶ 140 and 141 of the Stipulated Order of Settlement, the DEA seeks clarification regarding the above-quoted language from the Press Training Order, given that it, more likely than not, inadvertently failed to acknowledge the existence of the two paragraphs in the Stipulated Order of Settlement that most directly affect the judicially-recognized rights for the respective memberships of the DEA and SBA.

In the event that the above-quoted language from the Press Training Order was the result of either scrivener's error or a review of an incomplete version of the Stipulated Order of Settlement, the undersigned is attaching hereto a complete and accurate copy of the same.

Finally, the undersigned thanks the Court for its anticipated attention to the issue raised herein.

Respectfully submitted,

Stephen Mc Quade

SM/

cc: All Counsel (*via ECF*)

**MEMO ENDORSED**

Nothing in Paragraphs 140 and 141 relates to the Press Training Order. The Press Training Order should have said, "There aren't any that are relevant to the instant application." I am not sure when that disappeared, but please consider the Press Training Order (Docket #1207) amended to include the rest of the sentence. Nothing in the Press Training Order did or was intended to address any issue OTHER than Press Training, and nothing in that order purported to eliminate any provision of the Stipulated Agreement. It did nothing more than interpret Paragraph 89 of that Agreement."

7/9/2025