UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

NEW YORK CITY POLICING DURING SUMMER 2020 DEMONSTRATIONS

SECOND INTERIM STIPULATION OF SETTLEMENT AND ORDER FOR ATTORNEYS' FEES, COSTS, AND EXPENSES TO PLAINTIFFS' COUNSEL FOR CERTAIN TIME AND EXPENSES INCURRED PURSUANT TO PARAGRAPH 138 OF THE EQUITABLE SETTLEMENT AGREEMENT DURING PHASE I OF THE EQUITABLE SETTLEMENT PROCESS AND INTEREST ACCRUED ON PRIOR PAYMENT

No. 20 Civ. 8924(CM)(GWG)

**WHEREAS**, beginning in late May 2020, and continuing into 2021, numerous protests, demonstrations, rallies, and other large public gatherings (hereinafter "First Amendment Activities" or "FAAs") occurred in New York City, regarding police accountability and Black Lives Matter, prompting widescale response by the New York City Police Department ("NYPD"); and

**WHEREAS**, numerous lawsuits were filed against the City of New York in the United States District Court for the Southern District of New York alleging that NYPD engaged in unconstitutional policing, using excessive force and arresting protestors, journalists, and legal observers without probable cause and in retaliation for their speech, at the aforementioned FAAs; and

**WHEREAS**, certain of those cases were consolidated by the Court into the above captioned matter; and

**WHEREAS**, the City of New York denied the allegations in the Consolidated Cases that it had violated Plaintiffs' constitutional or statutory rights; and

**WHEREAS**, Plaintiffs in the Consolidated Cases (defined below), the City of New York, and certain Union Intervenors (hereinafter "Parties"), negotiated and entered into a Stipulated

1

Order Pursuant to Fed. R. Civ. P. 41(a)(2) (ECF. No. 1166-1) settling Plaintiffs' claims for injunctive relief against the City (hereinafter "the Equitable Settlement Agreement") without further proceedings and without admitting any fault or liability; and

WHEREAS, by orders dated February 7, 2024 (ECF No. 1147) and April 17, 2024 (ECF No. 1167), the Court granted the Parties' Joint Motion to Dismiss Injunctive Claims with Prejudice and Retain Jurisdiction, approved the Equitable Settlement Agreement as a consent decree, and retained jurisdiction to enforce that agreement; and

WHEREAS, the Equitable Settlement Agreement established a three-phase process whereby the Parties would work collaboratively to create and implement new and revised training and policies related to NYPD's policing of FAAs (Phase I), and then monitor the efficacy of those changes and reforms (Phases II & III); and

WHEREAS, Section XII of the Equitable Settlement Agreement required the City to reimburse the Plaintiffs' reasonable fees and costs accrued in connection with any motion on which Plaintiffs prevail resolving a dispute over the terms of the Equitable Settlement Agreement; and

WHEREAS, on May 9, 2025, Plaintiffs filed a motion to enforce certain provisions of the Equitable Settlement Agreement; and

WHEREAS, on June 18, 2025, the Court issued an Order resolving the aforementioned motion in Plaintiffs' favor; and

WHEREAS, Plaintiffs' Counsel have submitted a request for reimbursement of fees and costs accrued in connection with the aforementioned motion; and

WHEREAS, on June 5, 2025, the Court endorsed the First Interim Fee Stipulation between the parties, which required the City to make certain payments to Plaintiffs on or before September 5, 2025; and

WHEREAS, the City did not issue payment for the amounts required by the First Interim Fee Stipulation until on or about October 8, 2025, and therefore, by the terms of the First Interim Fee Stipulation, said payment accrued interest as provided by the Federal Rules of Civil Procedure; and

WHEREAS, the Parties agree that the reimbursement of fees and costs accrued in connection with the aforementioned motion and the payment of interest is issued pursuant to paragraph 138 of the Equitable Settlement Agreement; and

WHEREAS, the City agrees that it owes interest on the payment made pursuant to the First Interim Fee Stipulation, although the Parties do not agree as to the precise method of calculating said interest, nor the total interest accrued; and

WHEREAS, negotiations have resulted in this Second Interim Fee Stipulation which, subject to Court Approval, settles the attorneys' fees, costs, and expenses in this action, in the manner and upon the terms set forth below, for both the time and expenses incurred in this matter in connection with the aforementioned motion and as interest accrued on the payment set forth in the First Interim Fee Stipulation

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

### DEFINITIONS

1. "City" shall mean the City of New York.

2. "Consolidated Cases" shall refer to the cases bearing the captions *Payne, et al. v. Mayor Bill de Blasio et al.*, No. 20-cv-8924; *People of the State of New York v. City of New York et al.*, No. 21-cv-322; *Gray et al. v. City of New York, et al.*, 21-cv-6610; and *Rolon et al. v. City of New York, et al.*, 21-cv-2548.

3. "Defendants" shall mean the City of New York and its relevant agencies and employees.

4. "Second Interim Fee Stipulation" shall mean this Second Interim Stipulation Of Settlement And Order For Attorneys' Fees, Costs, And Expenses To Plaintiffs' Counsel For Certain Time And Expenses Incurred Pursuant to Paragraph 138 During Phase I of the Equitable Settlement Process and for Interest Accrued on Prior Payment, executed by the Parties in the above-captioned action in accordance with Section XII of the Equitable Settlement Agreement.

5. "Final Approval Date" shall mean the date on which this Court endorses this Second Interim Fee Stipulation and following any court proceedings and/or rulings, if applicable, in connection with the approval of this Fee Stipulation.

6. "Equitable Settlement Agreement" shall mean the Stipulated Order Pursuant to Fed. R. Civ. P. 41(a)(2) filed on the docket at ECF No. 1099-2 and approved by the Court's Orders of February 7 and April 17, 2024, as described above.

7. "Plaintiffs" shall mean the Plaintiffs in the Consolidated Cases.

8. "Plaintiffs' Counsel" shall mean Plaintiffs' attorneys of record in the Consolidated Cases during the First Interim Fee Period.

9. "Parties" shall mean Plaintiffs, the City of New York, and the Union Intervenors who joined the Equitable Settlement Agreement.

## INTRODUCTION

10. The Plaintiffs and the City enter into this Second Interim Fee Stipulation after arm's length good faith negotiations for the purpose of avoiding the burdens of further litigation over the payment of attorneys' fees, costs, and expenses to Plaintiffs' Counsel for time and expenses incurred pursuant to Paragraph 138 of the Equitable Settlement Agreement and interest on payment due under the First Interim Fee Stipulation.

11. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391.

### CERTAIN ATTORNEYS' FEES, COSTS, AND EXPENSES ARISING FROM, OR IN CONNECTION WITH THE MOTION FILED DURING PHASE I OF THE EQUITABLE SETTLEMENT PROCESS AND FOR INTEREST ACCRUED ON LATE PAYMENT UNDER THE FIRST INTERIM FEE STIPULATION

12. Plaintiffs' Counsel represent that they are authorized to receive payment on behalf of the Plaintiffs in full satisfaction of all claims for attorneys' fees, costs, and expenses in, arising from, or in connection with the motion filed during Phase I of the Equitable Settlement Process and for interest accrued on late payment under the First Interim Fee Stipulation.

13. The City agrees to pay attorneys' fees, costs, and expenses, plus accrued interest on prior payment, totaling Eighty Thousand Dollars and no cents ($80,000.00) to Plaintiffs' Counsel for time and expenses incurred in connection with the motion filed during Phase I of the Equitable Settlement Process and for interest accrued on late payment under the First Interim Fee Stipulation. Plaintiffs hereby agree that payment shall be made by check or electronic fund transfer for Eighty Thousand Dollars and no cents ($80,000) to Wylie Steklow PLLC.

14. Plaintiffs' Counsel represent and warrant that the payee listed in paragraph 13 above has negotiated an agreement with all Plaintiffs' Counsel to receive and distribute the funds paid under this Second Interim Fee Stipulation, and that the City shall be indemnified and held harmless by the recipient of those funds against any disagreements or disputes arising amongst Plaintiffs or Plaintiffs' Counsel relating to the distribution of said funds.

15. The payment specified in paragraph 13 above shall be made within sixty (60) days from the Final Approval Date of this Stipulation and Order. No interest shall accrue if payment is issued within 60 days from the Final Approval Date of this Stipulation and Order. Any payment

received beyond the 60 day period shall accrue interest beginning from the sixty-first day following the Final Approval Date and as otherwise provided by the Federal Rules of Civil Procedure.

16. This Second Interim Fee Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

### RELEASE

17. This Second Interim Fee Stipulation resolves all claims for attorneys' fees, costs, and expenses to Plaintiffs' Counsel incurred in connection with the motion filed during Phase I of the Equitable Settlement Process and for interest accrued on payment under the First Interim Fee Stipulation.

18. Plaintiffs' Counsel, having been assigned the rights to attorneys' fees, costs, interest, and expenses by Plaintiffs, hereby agree and represent that no other claims for attorneys' fees, expenses, interest, or costs arising out of this action, for time and expenses incurred by Plaintiffs' Counsel in this matter in connection with the motion filed during Phase I of the Equitable Settlement Process shall be made by or on behalf of Plaintiffs' Counsel or Plaintiffs in any application for attorneys' fees, expenses, or costs at any time.

19. This Second Interim Fee Stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations outside of the above-captioned action, except to enforce the terms of this agreement.

20. This Second Interim Fee Stipulation contains all the terms and conditions agreed upon by counsel for Defendants and Plaintiffs hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Second Interim Fee Stipulation regarding the subject matter of attorneys' fees, expenses, interest, or costs to Plaintiffs' Counsel for time and expenses incurred in connection with the motion filed during Phase I of the

Equitable Settlement Process shall be deemed to exist, or to bind the Plaintiffs or the City hereto, or to vary the terms and conditions contained herein, except that this Second Interim Fee Stipulation shall be interpreted in a manner consistent with the Equitable Settlement Agreement.

21. Plaintiffs, Plaintiffs' Counsel, and the City stipulate that this Second Interim Fee Stipulation does not implicate or otherwise affect any rights, duties, or obligations of the Union Intervenors, and that the Union Intervenors are not necessary parties to this SecondInterim Fee Stipulation.

### NULLIFICATION

22. In the event the Court does not approve this Second Interim Fee Stipulation, the Plaintiffs and the City shall meet and confer in good faith to determine whether to agree upon a modified Second Interim Fee Stipulation. If they are unable to do so, this Second Interim Fee Stipulation shall become null and void.

Dated: New York, New York
October 28, 2025

*/s/ Wylie M. Stecklow*

WYLIE STECKLOW PLLC
By: Wylie M. Stecklow
Carnegie Hill Tower
152 West 57th Street, 8th Floor
New York, New York 10019
Tel. (212) 566-8000
*Attorneys for Plaintiffs*

*Molly Biklen*

NEW YORK CIVIL LIBERTIES UNION FOUNDATION
By: Molly K. Biklen
125 Broad Street, 19th Floor
New York, New York 10004
*Attorneys for Plaintiffs*

*/s/ Tobias E. Zimmerman*

NEW YORK CITY LAW DEPARTMENT
OFFICE OF MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York
By: Tobias E. Zimmerman
100 Church Street
New York, NY 10007
*Attorneys for Defendant City of New York*

*Lillian Marquez*

LETITIA JAMES, ATTORNEY GENERAL
OF THE STATE OF NEW YORK
By: Lillian Marquez
28 Liberty Street, 20th Floor
New York, New York 10005
*Attorney for Plaintiff People of the State of New York*

*Jennvine Wong*

THE LEGAL AID SOCIETY
By: Jennvine Wong
49 Thomas Street
New York, New York 10013
*Attorneys for Plaintiffs*

*Mickey H. Osterreicher*

NATIONAL PRESS PHOTOGRAPHERS ASSOCIATION
By: Mickey H. Osterreicher, General Counsel
70 Niagara Street
Buffalo, New York 14202
*Attorneys for Plaintiffs*

*Tahanie A. Aboushi*

THE ABOUSHI LAW FIRM PLLC
By: Tahanie A. Aboushi
1441 Broadway, 5th Floor
New York, New York 10018
*Attorneys for Plaintiffs*

*Gideon Orion Oliver*

GIDEON ORION OLIVER
277 Broadway, Suite 1501
New York, New York 10017
*Attorneys for Plaintiffs*

*Robert Balin*

DAVIS WRIGHT TREMAINE LLP
By: Robert Balin
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
*Attorneys for Plaintiffs*

*Alicia Calzada*

ALICIA WAGNER CALZADA, PLLC
By: Alicia Calzada (pro hac vice)
    Deputy General Counsel
    National Press Photographers
    Association
926 Chulie Drive, Suite 16
San Antonio, Texas 78216
*Attorneys for Plaintiffs*

*Elena Cohen*

COHEN & GREEN P.L.L.C.
By: Elena Cohen
1639 Centre Street, Suite 216
Ridgewood (Queens), New York 11385
*Attorneys for Plaintiffs*

*Corey Stoughton*

COREY STOUGHTON
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104
*Attorney for Plaintiffs*

Dated: New York, New York
       30 October, 2025

SO ORDERED:

_____
HONORABLE COLLEEN MCMAHON
United States District Judge

8