UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>NEW YORK CITY POLICING DURING SUMMER 2020 DEMONSTRATIONS | **THIRD INTERIM STIPULATION OF SETTLEMENT AND ORDER FOR ATTORNEYS' FEES, COSTS, AND EXPENSES TO PLAINTIFFS' COUNSEL FOR TIME AND EXPENSES INCURRED DURING PHASE I AND PHASE II OF THE EQUITABLE SETTLEMENT PROCESS THROUGH MARCH 19, 2026**<br><br>No. 20 Civ. 8924(CM)(GWG) |

**WHEREAS**, beginning in late May 2020, and continuing into 2021, numerous protests, demonstrations, rallies, and other large public gatherings (hereinafter "First Amendment Activities" or "FAAs") occurred in New York City, regarding police accountability and Black Lives Matter, prompting widescale response by the New York City Police Department ("NYPD"); and

**WHEREAS**, numerous lawsuits were filed against the City of New York in the United States District Court for the Southern District of New York alleging that NYPD engaged in unconstitutional policing—using excessive force and arresting protestors, journalists, and legal observers without probable cause and in retaliation for their speech—at the aforementioned FAAs; and

**WHEREAS**, certain of those cases were consolidated by the Court into the above captioned matter; and

**WHEREAS**, the City of New York denied the allegations in the Consolidated Cases that it had violated Plaintiffs' constitutional or statutory rights; and

**WHEREAS**, Plaintiffs in the Consolidated Cases (defined below), the City of New York, and certain Union Intervenors (hereinafter "Parties"), negotiated and entered into a Stipulated Order Pursuant to Fed. R. Civ. P. 41(a)(2) (ECF. No. 1166-1) settling Plaintiffs' claims for injunctive

1


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/2/2026

relief against the City (hereinafter "the Equitable Settlement Agreement") without further proceedings and without admitting any fault or liability; and

**WHEREAS**, by orders dated February 7, 2024 (ECF No. 1147) and April 17, 2024 (ECF No. 1167), the Court granted the Parties' Joint Motion to Dismiss Injunctive Claims with Prejudice and Retain Jurisdiction, approved the Equitable Settlement Agreement as a consent decree, and retained jurisdiction to enforce that agreement; and

**WHEREAS**, the Equitable Settlement Agreement established a three-phase process whereby the Parties would work collaboratively to create and implement new and revised training and policies related to NYPD's policing of FAAs (Phase I), and then monitor the efficacy of those changes and reforms (Phases II & III); and

**WHEREAS**, Section XII of the Equitable Settlement Agreement required the City to establish a fund of $1,450,000 for reasonable attorneys' fees and costs accrued by Plaintiffs' Counsel during Phase I and Phase II ("the Settlement Fund"); and

**WHEREAS**, pursuant to the Equitable Settlement Agreement, the City is not obligated to pay to Plaintiffs' Counsel a sum greater than the Settlement Fund related to the collaborative work on the three phases except in limited circumstances defined in the Equitable Settlement Agreement; and

**WHEREAS**, the Equitable Settlement Agreement set forth procedures for Plaintiffs' Counsel to periodically submit requests for attorneys' fees and costs to be paid out of the Settlement Fund, and for the City to reimburse reasonable work and costs incurred by Plaintiffs' Counsel during Phase I and Phase II; and

**WHEREAS**, on June 5, 2025, the Court endorsed the First Interim Stipulation of Settlement and Order for Attorneys' Fees, Costs, and Expenses to Plaintiffs' Counsel for Time and

Expenses Incurred During Phase I of the Equitable Settlement Process, which provided for the payment of Two Hundred and Forty-Two Thousand, Three Hundred and Eighty-Two Dollars and no cents ($242,382.00) to Plaintiffs' Counsel for time and expenses incurred during the First Interim Fee Period of February 7, 2024 to March 12, 2025; and

**WHEREAS**, Phase II of the settlement process began on October 3, 2025; and

**WHEREAS**, on October 30, 2025, the Court endorsed the Second Interim Stipulation of Settlement and Order for Attorneys' Fees, Costs, and Expenses Incurred Pursuant to Paragraph 138 of the Equitable Settlement Agreement During Phase I of the Equitable Settlement Process And Interest Accrued on Prior Payment (the "Second Interim Fee Stipulation"), which provided for the payment of Eighty Thousand Dollars and no cents ($80,000.00) to Plaintiffs' Counsel for time and expenses incurred in connection with motion practice, which were separate and apart from the Settlement Fund; and

**WHEREAS**, Plaintiffs' Counsel have submitted a request for reimbursement of fees and costs incurred in the period beginning March 13, 2025 to and including March 19, 2026 (the "Second Interim Fee Period"), as set forth below; and

**WHEREAS**, the City and Plaintiffs' Counsel agree that Plaintiffs are entitled to further reimbursement from the Settlement Fund for reasonable attorneys' fees and costs incurred during Phase I and Phase II of the Equitable Settlement Agreement, and

**WHEREAS**, negotiations have resulted in this Third Interim Fee Stipulation which, subject to Court Approval, settles the attorneys' fees, costs, and expenses in this action, in the manner and upon the terms set forth below, for time and expenses incurred in this matter during the Second Interim Fee Period.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and be-tween the undersigned, as follows:

## DEFINITIONS

1.      "City" shall mean the City of New York.

2.      "Consolidated Cases" shall refer to the cases bearing the captions *Payne, et al. v. Mayor Bill de Blasio et al.*, No. 20-cv-8924; *People of the State of New York v. City of New York et al.*, No. 21-cv-322; *Gray et al. v. City of New York, et al.*, 21-cv-6610; and *Rolon et al. v. City of New York, et al.*, 21-cv-2548.

3.      "Defendants" shall mean the City of New York and its relevant agencies and em-ployees.

4.      "Equitable Settlement Agreement" shall mean the Stipulated Order Pursuant to Fed. R. Civ. P. 41(a)(2) filed on the docket at ECF No. 1099-2 and approved by the Court's Orders of February 7 and April 17, 2024, as described above.

5.      "Second Interim Fee Period" shall mean the period of time beginning March 13, 2025 and continuing through March 19, 2026.

6.      "Third Interim Fee Stipulation" shall mean this Third Interim Stipulation Of Set-tlement And Order For Attorneys' Fees, Costs, And Expenses To Plaintiffs' Counsel For Time And Expenses Incurred During Phase I and Phase II of the Equitable Settlement Process through March 19, 2026, executed by the Parties in the above-captioned action in accordance with Section XII of the Equitable Settlement Agreement.

7.      "Final Approval Date" shall mean the date on which this Court endorses this Third Interim Fee Stipulation and following any court proceedings and/or rulings, if applicable, in con-nection with the approval of this Fee Stipulation.

4

8.    "Plaintiffs" shall mean the Plaintiffs in the Consolidated Cases.

9.    "Plaintiffs' Counsel" shall mean Plaintiffs' attorneys of record in the Consolidated Cases during the Second Interim Fee Period.

10.    "Parties" shall mean Plaintiffs, the City of New York, and the Union Intervenors who joined the Equitable Settlement Agreement.

## INTRODUCTION

11.    The Plaintiffs and the City enter into this Third Interim Fee Stipulation after arm's length good faith negotiations for the purpose of avoiding the burdens of further litigation over the payment of attorneys' fees, costs, and expenses to Plaintiffs' Counsel for time and expenses incurred in this action during the Second Interim Fee Period.

12.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391.

## ATTORNEYS' FEES, COSTS, AND EXPENSES
## DURING THE FIRST INTERIM FEE PERIOD

13.    Plaintiffs' Counsel represent that they are authorized to receive payment on behalf of the Plaintiffs in full satisfaction of all claims for attorneys' fees, costs, and expenses in, arising from, or in connection with this action during the First Interim Fee Period.

14.    The City agrees to pay attorneys' fees, costs, and expenses, totaling Four Hundred and Ninety-Six Thousand Dollars and no cents ($496,000.00) to Plaintiffs' Counsel for time and expenses incurred in this matter during the Second Interim Fee Period. Plaintiffs hereby agree that payment shall be made by two checks or electronic fund transfers as follows:

- Two Hundred and Sixty Thousand Dollars and no cents ($260,000.00) to Wylie Stecklow PLLC; and

5

- Two Hundred and Thirty-Six Thousand Dollars and no cents ($236,000.00) to New York Civil Liberties Union Foundation.

Except for the potential use of these hours as described in paragraph 21, Plaintiffs accept said payments in full satisfaction of all claims for attorneys' fees, costs, and expenses in, arising from, or in connection with this action, during the Second Interim Fee Period.

15.     Plaintiffs' Counsel represent that Letitia James, Attorney General of the State of New York, and Alicia Wagner Calzada, PLLC have not sought any attorneys' fees, costs or expenses in, arising from, or in connection with this action during the Second Interim Fee Period.

16.     Plaintiffs' Counsel represent and warrant that the two payees listed in paragraph 14 above have negotiated an agreement with all Plaintiffs' Counsel to receive and distribute the funds paid under this Third Interim Fee Stipulation, and that the City shall be indemnified and held harmless by the recipients of those funds against any disagreements or disputes arising amongst Plaintiffs or Plaintiffs' Counsel relating to the distribution of said funds.

17.     The two (2) payments specified in paragraph 14 above shall be made within sixty (60) days from the Final Approval Date of this Stipulation and Order.  No interest shall accrue if payment is issued within 60 days from the Final Approval Date of this Stipulation and Order.  Any payment received beyond the 60 day period shall accrue interest as provided by the Federal Rules of Civil Procedure.

18.     This Third Interim Fee Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

## **RELEASE**

19.     Except for the application for attorneys' fees, expenses, or costs at any time except as specified in paragraph 21 below, this Third Interim Fee Stipulation resolves all claims for

6

attorneys' fees, costs, and expenses to Plaintiffs' Counsel incurred in this matter during the Second Interim Fee Period, in accordance with the provisions of the Equitable Settlement Agreement, as set forth in Section XII therein.

20.    Plaintiffs' Counsel, having been assigned the rights to attorneys' fees, costs, and expenses by Plaintiffs, hereby agree and represent that no other claims for attorneys' fees, expenses, or costs arising out of this action, for time and expenses incurred by Plaintiffs' Counsel in this matter during the Third Interim Fee Period shall be made by or on behalf of Plaintiffs' Counsel or Plaintiffs in any application for attorneys' fees, expenses, or costs at any time except as specified in paragraph 21 below.

21.    The Plaintiffs and the City agree that, should there be any amount remaining in the Settlement Fund, Plaintiffs or Plaintiffs' Counsel may submit further requests for reimbursement of attorneys' fees, costs, and expenses, including any incurred during Phase I and Phase II that were not paid as part of the First or Third Interim Fee Stipulations, from the remainder of the Settlement Fund. However, under no circumstances shall the City be obligated to pay to Plaintiffs or Plaintiffs' Counsel a sum greater than the Settlement Fund except in the limited circumstances set forth in the Equitable Settlement Agreement.

22.    This Third Interim Fee Stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations outside of the above-captioned action, except to enforce the terms of this agreement.

23.    This Third Interim Fee Stipulation contains all the terms and conditions agreed upon by counsel for Defendants and Plaintiffs hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Third Interim Fee Stipulation regarding the subject matter of attorneys' fees, expenses, or costs to Plaintiffs' Counsel for

time and expenses incurred in this matter during the Third Interim Fee Period shall be deemed to exist, or to bind the Plaintiffs or the City hereto, or to vary the terms and conditions contained herein, except that this Third Interim Fee Stipulation shall be interpreted in a manner consistent with the Equitable Settlement Agreement.

24.     Plaintiffs, Plaintiffs' Counsel, and the City stipulate that this Third Interim Fee Stipulation does not implicate or otherwise affect any rights, duties, or obligations of the Union Intervenors, and that the Union Intervenors are not necessary parties to this Third Interim Fee Stipulation.

## NULLIFICATION

25.     In the event the Court does not approve this Third Interim Fee Stipulation, the Plaintiffs and the City shall meet and confer in good faith to determine whether to agree upon a modified Third Interim Fee Stipulation. If they are unable to do so, this Third Interim Fee Stipulation shall become null and void.

Dated:    New York, New York
          April 1, 2026

WYLIE STECKLOW PLLC
By: Wylie M. Stecklow
Carnegie Hill Tower
152 West 57th Street, 8th Floor
New York, New York 10019
Tel. (212) 566-8000
*Attorneys for Plaintiffs*

NEW YORK CITY LAW DEPARTMENT
OFFICE OF STEVEN BANKS
Corporation Counsel of the City of New York
By: Tobias E. Zimmerman
100 Church Street
New York, NY 10007
*Attorneys for Defendant City of New York*

*Molly Biklen*

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
By: Molly K. Biklen
125 Broad Street, 19th Floor
New York, New York 10004
*Attorneys for Plaintiffs*

*Rigodis Appling*

THE LEGAL AID SOCIETY
By: Rigodis Appling
49 Thomas Street
New York, New York 10013
*Attorneys for Plaintiffs*

8

*Mickey Osterreicher*

NATIONAL PRESS PHOTOGRAPHERS
ASSOCIATION
By: Mickey H. Osterreicher, General Counsel
70 Niagara Street
Buffalo, New York 14202
*Attorneys for Plaintiffs*

*Tahanie Aboushi*

THE ABOUSHI LAW FIRM PLLC
By: Tahanie A. Aboushi
1441 Broadway, 5th Floor
New York, New York 10018
*Attorneys for Plaintiffs*

*Giden Oliver*

GIDEON ORION OLIVER
277 Broadway, Suite 1501
New York, New York 10017
*Attorneys for Plaintiffs*

*Robert Balin*

DAVIS WRIGHT TREMAINE LLP
By: Robert Balin
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
*Attorneys for Plaintiffs*

*Elena Cohen*

COHEN & GREEN P.L.L.C.
By: Elena Cohen
1639 Centre Street, Suite 216
Ridgewood (Queens), New York 11385
*Attorneys for Plaintiffs*

Dated:   New York, New York
         April __2__, 2026

SO ORDERED:

_____
HONORABLE COLLEEN MCMAHON
United States District Judge

9